**MARK BRNOVICH**
**ATTORNEY GENERAL**
Joseph A. Kanefield (No. 15838)
  *Chief Deputy & Chief of Staff*
Brunn ("Beau") W. Roysden III (No. 28698)
  *Division Chief*
Drew C. Ensign (No. 25463)
  *Deputy Solicitor General*
Jennifer J. Wright (No. 27145)
Robert J. Makar (No. 33579)
  *Assistant Attorneys General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for Proposed Intervenor-
Defendant State of Arizona*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Democratic Party, et al., <br><br>    Plaintiffs, <br><br> vs. <br><br> Katie Hobbs, et al., <br><br>    Defendants, <br><br>    and <br><br> State of Arizona, <br><br>    Proposed Intervenor-Defendant. | Case No: 2:20-cv-01143-DLR <br><br> **STATE'S MOTION TO INTERVENE** |

The State of Arizona ("State") respectfully moves under Rule 24 to intervene in this matter, both of right and permissively, to defend the laws and policies challenged in this action. Plaintiffs oppose this motion. The County Recorders of Coconino, Maricopa, Mohave, Navajo, Pima, Pinal, and Yavapai Counties have all indicated that they do not object to the State's motion. The Gila County Recorder takes no position on this motion pre-filing. Arizona Secretary of State Katie Hobbs (the "Secretary") takes no position on this motion.

## INTRODUCTION

The State seeks to intervene in this challenge to several of its statutory and administrative provisions that collectively require that voters using absentee ballots sign the affidavit attached to their ballot and permit only pre-election curing of unsigned ballots (the "Acts"). Doc. 1 at 16. All of the requirements for intervention as of right are readily satisfied here. *First*, this motion is timely—filed only a week after Plaintiffs' challenge. *Second*, the State has protectable interests in defending and enforcing its laws, which would be impaired by the relief sought. *Third*, the "minimal burden" of demonstrating the inadequacy of existing parties is demonstrated by the fact that (1) the lead Defendant, the Secretary, has repeatedly refused to defend Arizona law against legal challenges or abandoned defense of Arizona law on appeal despite prevailing below and (2) it is unclear whether remaining Defendants have the resources necessary to mount a vigorous defense in this case concerning an impending election.

Alternatively, this Court should grant permissive intervention. The State seeks to raise common arguments of law and fact in defense of the Acts and its participation will aid this Court in resolving this matter. In particular, the State's participation may facilitate coordination among Defendants and streamline the number of submissions.[1]

---

[1] Given the fast-moving timing of this suit, the State respectfully seeks leave from the requirement of Rule 24(c) to attach a responsive pleading. The Ninth Circuit has made plain that such an omission without seeking leave "is a purely technical defect which does not result in the disregard of any substantial right." *Westchester Fire Ins. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (quotation marks omitted). "Courts . . . have approved intervention motions without a pleading where the court was otherwise

1

**LEGAL STANDARD**

Rule 24 provides for intervention both permissively and as-of right. A party may intervene as of right under Rule 24(a). In *Wilderness Society v. U.S. Forest Service*, the Ninth Circuit set forth its four-part test for analyzing a motion to intervene of right under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (citation omitted).

This analysis is "guided primarily by practical considerations, not technical distinctions." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (quotation marks and citation omitted); *see also Wilderness Soc'y*, 630 F.3d at 1179 (reiterating importance of "practical and equitable considerations" as part of judicial policy favoring intervention) (quotation marks and citation omitted). "[A] district court is required to accept as true the non-conclusory allegations made in support of an intervention motion." *Berg*, 268 F.3d at 819.

In addition, Rule 24(b)(1)(B) provides that "the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Along with timeliness, "all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002) (quoting 24(b)(1)(B)).[2]

---

apprised of the grounds for the motion." *Beckman Indus. Inc., v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). The State intends to file a motion to dismiss or answer at an appropriate time but wishes to avoid any delay in presenting this motion to this Court. Nor would a responsive pleading—which would overwhelmingly consist of *pro forma* denials—serve any meaningful purpose at this time.

[2] *Kootenai Tribe* also has language regarding intervention as of right that was overruled in *Wilderness Society*. *Wilderness Society* does not undermine *Kootenai Tribe*'s holding regarding permissive intervention, however.

2

The Attorney General is empowered by Arizona law to seek intervention in federal court on behalf of the State. *See* A.R.S. § 41-193(A)(3) (empowering Department of Law to represent the State in federal courts); *see also* A.R.S. § 41-192(A) (vesting Attorney General with direction and control of Department of Law).

## ARGUMENT

### I. THE STATE IS ENTITLED TO INTERVENE AS OF RIGHT

Each of the four requirements for intervention as of right are satisfied here: (1) the State's motion is timely, (2-3) the State has protectable interests in defending and enforcing its laws, which would plainly be impaired by the requested relief, and (4) the existing parties do not adequately represent the State's interests.

### A. The State's Motion To Intervene Is Timely

The State's motion is plainly timely. This suit was filed last Wednesday, exactly a week ago. The Ninth Circuit has found timely considerably greater intervals. *See, e.g.*, *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (motion was timely when motion filed "four months after [plaintiff] filed the action" and "before any hearings or rulings on substantive matters."); *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (holding intervention was clearly timely where it was filed "before the EPA had even filed its answer").

### B. The State Has A Significant Protectable Interest In The Subject Matter Of This Action, Which Would Be Affected By Any Adverse Ruling

"There is 'no doubt' that a state has standing to defend the constitutionality of its statutes." *Arizonans for Fair Elections v. Hobbs (hereinafter, "Fair Elections")*, No. CV-20-00658, __ F. Supp. 3d __, 2020 WL 1808667, at *2 (D. Ariz. Apr. 9, 2020) (quoting *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019)); *see also* Fed. R. Civ. P. 5.1(c) (permitting intervention by state attorney general when constitutionality of state's statutes is questioned). Similarly, "a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined." *Coalition for Economic Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997); *accord*

*Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (same). And "because the Article III standing requirements are more stringent than those for intervention under rule 24(a)," where a State has standing to defend a law, that "standing under Article III compels the conclusion that they have an adequate interest under" Rule 24. *Yniguez v. State of Arizona*, 939 F.2d 727, 735 (9th Cir. 1991).

The State also has a compelling interest in structuring its elections. *See Burdick v. Takushi*, 504 U.S. 428, 433 (1992); *John Doe No. 1 v. Reed*, 561 U.S. 186, 197 (2010) ("The State's interest in preserving the integrity of the electoral process is undoubtedly important."). Invalidation of any state election procedure undoubtedly has an effect on the State sufficient to support intervention. And because that is precisely the relief that Plaintiffs seek, the potential-impairment requirement is plainly satisfied here.

### C. Existing Parties Do Not Adequately Represent The State's Interests

The "burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Courts consider several factors, including

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009) (citation omitted).

The Secretary, on *four* previous occasions in *just the last five months*, has demonstrated that she will not defend Arizona law fully. In those instances, the Secretary has variously (1) declined to defend state election laws from constitutional challenge, (2) affirmatively supported the relief sought by plaintiffs, (3) abandoned defense of Arizona law on appeal despite prevailing in this Court, and/or (4)

4

brief

affirmatively undermined the State's or Attorney General's efforts to defend Arizona law. Far from being able to rely upon the Secretary to "make all of [the State's] arguments," the State cannot even rely upon the Secretary to refrain from active impairment of the defense of Arizona laws.[3] The Secretary is certainly within her rights to advance any position that she wishes in litigation. But this history means that the State is also within its rights to intervene in actions such as these to ensure robust defense of its interests.

For example, in *DNC v. Hobbs*, 948 F.3d 989 (9th Cir. 2020), the Secretary initially declined to defend Arizona's general prohibition on ballot harvesting but did defend its out-of-precinct rule. Makar Decl. Ex. A. But following the Ninth Circuit's en banc decision, she not only announced her decision to "not appeal [that] case to the United States Supreme Court" but she (1) abruptly reversed course and announced that "her predecessors' OOP [out-of-precinct] Policy needlessly disenfranchised Arizona citizens and therefore should be abandoned," Makar Decl. Ex. B, and actively opposed intervention by the State, *id.*, which sought to avoid any standing/vehicle issues with seeking Supreme Court review on the out-of-precinct issue. Makar Decl. Ex. C. That active undermining of the State's efforts to seek Supreme Court review to vindicate its laws was unsuccessful, with the Ninth Circuit voting to grant intervention to the State by a 10-1 vote. Makar Decl. Ex. E. The Secretary has further announced that she intends "to file a brief in opposition" to the petitions for certiorari filed by the State and its Attorney General. *See* Makar Decl. Ex. F.

The Secretary is of course within her rights as a party to oppose the State's and the Attorney General's petitions for certiorari. But those petitions seek to vindicate

---

[3] It is also unclear whether the County Defendants would be able to mount a vigorous defense of the laws at issue here given this suit concerns the impending November election. Nor is it clear that they intend to make all of the arguments that the State intends to. But the State, through its Attorney General/Department of Law, has extensive experience with electoral challenges. The potential that this expertise may be material in this highly expedited suit further supports the State's position. This Court recently granted intervention in similar circumstances even where all 15 county recorders were named. *See Fair Elections*, 2020 WL 1808667, at *4.

Arizona law against constitutional challenges and the Secretary's actions seek affirmatively to undermine those efforts despite taking an oath to support and defend the laws of the State. *See* A.R.S. § 38-231. That is not even conceivably "adequate" *defense* of the State's interests. Indeed, it is active and affirmative *offense* against them. Given those circumstances, there is ample reason to doubt the adequacy of the Secretary's defense of Arizona law.

The inadequacy of the Secretary's representation is similarly apparent from *Miracle v. Hobbs*, __ F. App'x __, No. 19-17513, 2020 WL 2097280 (9th Cir. May 1, 2020). Although the Secretary had prevailed below, *id.* at *1, she became a "nominal defendant only" during the pendency of the appeal. *Id.* at *1 n.1. As a result, the State moved to intervene to defend the Secretary's victory in light of her changed position on appeal. That motion too was successful, and granted a mere five days after filing. *See* Makar Decl. Ex. G.

The Secretary again demonstrated her unwillingness to defend Arizona law—or even refrain from actively impairing the defense of Arizona law—in a pair of recent cases. *See Fair Elections*, 2020 WL 1808667, at *4; *Arizonans for Second Chances v. Hobbs*, No. CV-20-0098-SA (Ariz. S. Ct. May 13, 2020).[4] In both cases, plaintiffs sought relief contrary to a bedrock, 108-year-old provision of the Arizona Constitution that required in-person execution of signatures on initiative petitions. The Secretary, however, announced that she would not "oppose the request being made by these organizations"[5]—*i.e.*, *affirmatively* supported invalidation of Arizona law rather than seeking to defend it. And she notably filed briefs in support of that relief in this Court, the Ninth Circuit, and the Arizona Supreme Court.

Given these circumstances, the State's motion satisfies the minimal burden of demonstrating inadequacy of representation.

---

[4] *Available at* https://www.azag.gov/sites/default/files/docs/press-releases/2020/rulings/Arizonans_for_Second_Chances_Order_5_13_2020.pdf

[5] *See* Secretary of State, *Press Release* (Apr. 6, 2020) *available at* https://azsos.gov/about-office/media-center/press-releases/1158; Makar Decl. Ex. D.

### D. This Court And The Ninth Circuit Have Repeatedly Granted Intervention In Analogous Circumstances

The question of whether the State can intervene in election matters does not come to this Court on a blank slate this election cycle. Far from it. This Court and the Ninth Circuit have both repeatedly concluded that the State has the right to do so. This case should be no different.

As discussed above, in *DNC v. Hobbs* the Ninth Circuit had little difficulty in concluding that the State should be permitted to intervene by an extremely lopsided 10-1 vote. Makar Decl. Ex. E. Similarly, the Ninth Circuit unanimously concluded that the State should be granted intervention following the Secretary's decision to become a nominal party in *Miracle*.

This Court similarly granted intervention in *Fair Elections*. As this Court explained, "Basic principles of federalism should permit the State the opportunity to defend its laws before they are declared unconstitutional." *Fair Elections*, 2020 WL 1808667, at *4. And the Arizona Supreme Court granted the Attorney General intervention in *Arizonans for Second Chances* without dissent.

The same result should obtain here.

## II. ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION

Even if the Court declines to grant the State's timely motion to intervene as of right, this is precisely the type of case where permissive intervention is warranted. Federal courts may permit intervention by litigants who have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Where a litigant "timely presents such an interest in intervention," the Court should consider

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined,

7

> whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (citation omitted).

As explained more fully above, the State has a compelling interest in the outcome of this action and has standing to defend the constitutionality of its laws. *See also* A.R.S. § 41-193(A)(3) (granting authority to the Attorney General to defend the State in federal court). It further seeks to advance "defense[s] that share[] with the main action … common question[s] of law or fact," Fed. R. Civ. P. 24(b)(1)(B)—*i.e.*, arguments that the State's Acts are constitutional. Because "the State has standing to defend the constitutionality of its election statutes, which are at the core of the State's duties as well as at the core of the merits of this case." *Fair Elections*, 2020 WL 1808667, at *5.

Furthermore, the State's motion is timely as discussed above. And the State's participation will not unnecessarily prolong, prejudice, or unduly delay the litigation. Indeed, the State's participation will "significantly contribute to … the just and equitable adjudication of the legal questions presented." *Schwarzenegger*, 630 F.3d at 905 (citation omitted).

Permissive intervention is also warranted because the State can serve a useful role in coordinating defensive efforts on behalf of the County Defendants. Absent such coordination, this Court's consideration of the issues presented could easily be frustrated by a proliferation of filings. But if the State is granted intervention, it commits to coordinating defensive efforts to the greatest extent possible consistent with its duties to defend its laws.

Notably, this Court concluded that permissive intervention was also "more than warranted" in similar circumstances in *Fair Elections*. 2020 WL 1808667, at *5. It is also "more than warranted" here.

## CONCLUSION

For the reasons stated above, the State requests that the Court grant its motion to intervene, either as of right or permissively.

Respectfully submitted this 17th day of June, 2020.

          MARK BRNOVICH
          ATTORNEY GENERAL

          <u>By: s/ Drew C. Ensign</u>
          Joseph A. Kanefield (No. 15838)
            *Chief Deputy & Chief of Staff*
          Brunn ("Beau") W. Roysden III (No. 28698)
            *Division Chief*
          Drew C. Ensign (No. 25463)
            *Deputy Solicitor General*
          Jennifer J. Wright (No. 27145)
          Robert J. Makar (No. 33579)
            *Assistant Attorneys General*
          2005 N. Central Avenue
          Phoenix, Arizona 85004
          Telephone: (602) 542-5200
          Drew.Ensign@azag.gov

          *Attorneys for Proposed Intervenor-*
          *Defendant State of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alexis E. Danneman
Joshua L. Boehm
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
ADanneman@perkinscoie.com
JBoehm@perkinscoie.com


 s/ Drew C. Ensign
Drew C. Ensign

*Attorneys for Proposed Intervenor-Defendant State of Arizona*