1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

3

4

5

6

7

8

9

10

11

Arizona Democratic Party, et al.,

               Plaintiffs,

vs.

Katie Hobbs, et al.,

               Defendants,

               and

State of Arizona,

               Proposed Intervenor-
               Defendant.

Case No: 2:20-cv-01143-DLR

12

**DECLARATION OF ROBERT J. MAKAR**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Robert J. Makar, declare as follows:

1.      I am an attorney licensed to practice law in Arizona.  I am an Assistant Attorney General with the Arizona Office of the Attorney General, and counsel for the State of Arizona.

2.      Attached hereto as Exhibit A are excerpts of "Plaintiffs-Appellants' Response in Opposition to the State of Arizona's Motion to Intervene" in *DNC v. Hobbs*, No. 18-15845 (9th Cir.), Doc. 132 filed March 13, 2020.

3.      Attached hereto as Exhibit B are excerpts of "Arizona Secretary of State Katie Hobbs's Opposition to the State of Arizona's Motion to Intervene" in *DNC v. Hobbs*, No. 18-15845 (9th Cir.), Doc. 133 filed March 13, 2020.

4.      Attached hereto as Exhibit C are excerpts of "State of Arizona's Reply in Support of its Motion to Intervene" in *DNC v. Hobbs*, No. 18-15845 (9th Cir.), Doc. 134 filed March 19, 2020.

5.      Attached hereto as Exhibit D is a copy of Arizona Secretary of State Katie Hobbs's April 6, 2020 press release concerning her participation in the cases *Arizonans*

*for Fair Elections v. Hobbs*, No. CV-20-00658, __ F. Supp. 3d __, 2020 WL 1808667 (D. Ariz. Apr. 9, 2020) and *Arizonans for Second Chances v. Hobbs*, No. CV-20-0098-SA (Ariz. S. Ct. May 13, 2020).

6.   Attached hereto as Exhibit E is a copy of the order granting the State of Arizona's motion for intervention in *DNC v. Hobbs*, No. 18-15845 (9th Cir.), Doc. 137 filed April 9, 2020.

7.   Attached hereto as Exhibit F is a copy of the May 20, 2020 letter from Arizona Secretary of State Katie Hobbs's counsel to the Clerk of the United States Supreme Court concerning the petitions for writ of certiorari following *DNC v. Hobbs*.

8.   Attached hereto as Exhibit G is a copy of the order granting the State of Arizona's motion for intervention in *Miracle v. Hobbs*, No. 19-17513 (9th Cir.), Doc. 45 filed February 25, 2020.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, and that this declaration was issued on June 17, 2020, in Phoenix, Arizona.

s/ Robert J. Makar
Robert J. Makar

# Exhibit A

No. 18-15845

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

DEMOCRATIC NATIONAL COMMITTEE, *et al.*,

*Plaintiffs/Appellants*,

v.

KATIE HOBBS, *et al*.,

*Defendants/Appellees*,

and

ARIZONA REPUBLICAN PARTY, *et al.*,

*Intervenors-Defendants/Appellees*.
_____

On Appeal from the United States District Court
for the District of Arizona
No. CV-16-01065-PHX-DLR
Hon. Douglas Rayes

_____

## PLAINTIFFS-APPELLANTS' RESPONSE IN OPPOSITION TO THE
## STATE OF ARIZONA'S MOTION TO INTERVENE

_____

typically disfavored. *See, e.g.*, *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997). And given the ample time prior to judgment in which the State could have intervened, there is no reason to allow it to do so at this late hour.

Appellee-Defendant Secretary Hobbs' (the "Secretary" or "Secretary Hobbs") recent decision not to defend Arizona's OOP Policy does not change this. In particular, on February 4, 2018, over a year ago, Secretary Hobbs announced that she would not defend H.B. 2023 in front of the en banc court. Doc. 82. That announcement is no different than Secretary Hobbs' recent announcement that she will not defend the OOP Policy, which the State now claims as its basis for intervention. Nevertheless, at that time, the State did not seek to intervene. Indeed, it allowed the Attorney General as well as the Republican Intervenors-Defendants to proceed with their defenses of the H.B. 2023 claims, just as it claims the Attorney General will continue to do for both H.B. 2023 and the OOP Policy. Mot. at 8. If the Secretary's earlier decision not to defend one of the laws at issue in this suit did not give rise to a need for intervention, the Secretary's decision not to defend the other law at issue also fails to do so, and particularly so considering the length of time this case has been pending. At an absolute minimum, the State's failure to intervene after Secretary Hobbs' denouncement of H.B. 2023 demonstrates that the State is untimely in intervening with respect to H.B. 2023, which the Secretary has not

# Exhibit B

No. 18-15845

IN THE

# United States Court of Appeals

FOR THE NINTH CIRCUIT

————

DEMOCRATIC NATIONAL COMMITTEE ET AL.,

*Plaintiffs-Appellants,*

v.

KATIE HOBBS, in her official capacity as Arizona Secretary of State;
MARK BRNOVICH, in his official capacity as Arizona Attorney General,

*Defendants-Appellees,*

ARIZONA REPUBLICAN PARTY ET AL.,

*Intervenors-Defendants-Appellees.*

————

On Appeal from the United States District Court for the
District of Arizona, No. 2:16-CV-01065 (Rayes, J.)

————

## ARIZONA SECRETARY OF STATE KATIE HOBBS'S
## OPPOSITION TO THE STATE OF ARIZONA'S
## MOTION TO INTERVENE

————

Jessica Ring Amunson
Sam Hirsch
Noah B. Bokat-Lindell
JENNER & BLOCK LLP
1099 New York Ave. NW, Suite 900
Washington, DC 20001
Tel. 202-639-6000
Fax: 202-639-6066
jamunson@jenner.com

Pursuant to Federal Rule of Appellate Procedure 27, Defendant Secretary of State Katie Hobbs (the "Secretary") files this response to the State of Arizona's motion to intervene ("Mot."), ECF No. 128.

## INTRODUCTION

The State seeks to intervene in this action, after years of litigation in both the District Court and this Court, to protect interests that are either illusory or already represented by another party. The Secretary recently announced that she will accept this Court's *en banc* ruling and will not appeal this case to the United States Supreme Court. The State claims that it must intervene to protect its interest in regulating its elections. Mot. at 1, 5-7. But the State has no protectable interest in continuing to defend the out-of-precinct policy (the "OOP Policy"). The Constitution and laws of Arizona authorize the Secretary—not the State *qua* state—to prescribe rules for counting ballots in Arizona. Exercising her discretion under those laws, the Secretary, who was elected and assumed office after this case was fully briefed, determined that her predecessors' OOP Policy needlessly disenfranchised Arizona citizens and therefore should be abandoned. Because the Secretary is the State's chief elections officer, the State has no independent interest in continuing that discretionary policy. Indeed, for the Arizona Attorney General to appeal the OOP Policy against the Secretary's wishes—or to do so by intervening on the State's

amended the voter-identification statute "to codify" a previously discretionary procedure established by the Secretary).

Because the OOP Policy is committed to the Secretary's discretion and the Secretary has chosen not to appeal this Court's holding that the Policy violates the Voting Rights Act, the Attorney General may not claim that the State has an interest in this appeal. Federal courts look to state law to determine who can represent the State and its officials in federal court. *See Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951-52 (2019). Here, the Arizona Supreme Court has held that the Attorney General is ***prohibited*** from attempting to appeal on behalf of another officer who does not wish to appeal. *See Santa Rita Mining Co. v. Dep't of Prop. Valuation*, 530 P.2d 360, 363 (Ariz. 1975) ("In the instant case the Attorney General did not have the power to appeal against the wishes of his client."). In *Santa Rita Mining*, the Arizona Supreme Court held that the Attorney General could not appeal a tax suit in state court when the Director of Property Valuation did not wish to appeal. The court reasoned that "the Attorney General is not the proper person to decide the course of action which should be pursued by another public officer, nor should he be allowed to maintain a lawsuit at his own instigation under the cloak and in the guise that the action is by the State of Arizona in order to accomplish the same result." *Id.* at 362 (citation omitted).

# Exhibit C

No. 18-15845

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

DEMOCRATIC NATIONAL COMMITTEE, ET AL.,

*Plaintiffs-Appellants,*

V.

KATIE HOBBS, in her official capacity as Arizona Secretary of State; MARK BRNOVICH, in his official capacity as Arizona Attorney General,

*Defendants-Appellees,*

and

ARIZONA REPUBLICAN PARTY, ET AL.,

*Intervenors-Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the District of Arizona, No. 2:16-CV-01065 (Rayes, J.)

_____

## STATE OF ARIZONA'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE

_____

Mark Brnovich
*Attorney General*

Joseph A. Kanefield
*Chief Deputy and Chief of Staff*

Brunn W. Roysden III
*Division Chief*

Oramel H. (O.H.) Skinner
*Solicitor General*
*Counsel of Record*

Kate B. Sawyer
*Assistant Solicitor General*
Jennifer J. Wright
Katlyn J. Divis
*Assistant Attorneys General*
OFFICE OF THE ARIZONA
  ATTORNEY GENERAL
2005 N. Central Ave.
Phoenix, AZ 85004
(602) 542-5025
o.h.skinner@azag.gov

*Counsel for Proposed-Intervenor*
*State of Arizona*

March 19, 2020

Existing parties also do not adequately represent the State's interest. DNC tellingly does not forswear raising standing or vehicle arguments in opposition to certiorari if the State is not granted intervention. *See* Dkt. 132 at 5. The State's burden here is concededly "minimal," and is easily met where there are potential obstacles to the Attorney General ("AG") seeking Supreme Court review that unquestionably do not exist if the State is joined as a party.

If DNC is confident of victory, it has little to fear from intervention—the only "prejudice" from which is that it may be required to defend its OOP victory on the merits in the Supreme Court. And DNC's palpable fear of that outcome is no basis for denying intervention.

## ARGUMENT

## I. THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT ARE MET HERE

DNC and the Secretary collectively appear to raise three objections to the State's proposed intervention as of right: (1) timeliness, (2) the State possessing a protectable interest, and (3) the adequacy of representation by existing parties. All of these arguments fail.

### A. The State's Motion Is Timely

The State's motion to intervene is timely under *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977)—which is binding precedent that *both* DNC and the Secretary ignore. In that case, a member of a putative class (Liane McDonald) learned that class

F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).  DNC expressly acknowledges (Dkt. 132 at 3) as much.

The AG's standing to enforce the ballot harvesting prohibition is clear.  A.R.S. § 16-1005(H) (providing for class 6 felony); § 16-1021 ("[T]he attorney general may enforce the provisions of this title through civil and criminal actions.").  But the AG does not have a specific role in enforcing Arizona's in-precinct requirement.  Given this lack of a specific role, the State anticipates that DNC may raise standing or poor-vehicle arguments if the AG seeks certiorari without the State of Arizona as a party.  DNC tellingly does not disavow that intent, and states only that "the State asserts that the AG does have standing"—not that DNC agrees that it does.[5]

Notably, this Court has previously—and recently—granted intervention to the State of the Arizona when the Secretary assumed nominal status in defense of Arizona law.  In *Miracle v. Hobbs*, No. 19-17513, which involved A.R.S. §19-118(E), the Secretary became a nominal party.  *See Miracle* Dkt. 40.  The State sought intervention to defend its statute, which this Court quickly granted.  *Id.* Dkt. 45.  *Miracle* thus demonstrates that the requirements of intervention are satisfied here.

## II.    PERMISSIVE INTERVENTION IS WARRANTED HERE

Even if this Court denies intervention as of right, it still should grant permissive intervention.  This Court has expressed its clear "preference for decisions

---

[5]  For similar reasons, the presence of existing intervenors does not impact the adequacy of representation factor here, since they have no obvious basis for standing that the AG lacks.

# Exhibit D

 AZCensus2020    Visit OpenBooks    Ombudsman-Citizens Aide    Get the facts on COVID-19



**KATIE HOBBS**
SECRETARY OF STATE

**STATE OF ARIZONA**

ELECTIONS    BUSINESS    SERVICES    RULES    ABOUT THE OFFICE

Home » Secretary Hobbs supports authorization for ballot initiative campaigns to collect electronic signatures for the November Election

### Secretary Hobbs supports authorization for ballot initiative campaigns to collect electronic signatures for the November Election

Press Relea

Events

**PRESS RELEASE**



Contact for n

Sophia Solis
Public Informat
Phone: (480) 4

For Immediate Release

**KATIE HOBBS**
SECRETARY OF STATE

OTHER PR

*Monday, April 6, 2020*

Arizona State L

-- : 2020 Jun 1:

**PHOENIX** – Secretary of State Katie Hobbs made the following statement after six ballot initiative campaigns filed lawsuits seeking authorization to use the E-Qual system to collect electronic signatures to qualify to appear on the ballot for the November election.

"I won't oppose the request being made by these organizations. I plan to let the court know that my office can implement the necessary changes, should that be the court's order. Given the challenges to in-person signature collection caused by the COVID-19 pandemic, allowing initiative campaigns to use the E-Qual system, as some candidates already do, is a reasonable option for protecting public health and supporting continuity in our democratic processes.

"Arizonans are responding to this public health emergency. There has been direct action taken in health care, housing, restaurants, veterinary services, and more to respond to the circumstances on the ground. Such adjustments protect everyday Arizonans, and those on the frontlines working to keep us safe. This moment has shown just how interconnected we all are.

"We can and should make reasonable accommodations in light of the global pandemic, and I'm concerned that the attorney general's request delays action. I hope that the court will recognize the need for workable solutions."

-30-

Make a connec
Monument Vall

-- : 2020 Jun 4

Arizona State L

-- : 2020 May 2

Paper once rur
Representative

-- : 2020 May 2

Rare Diné lang
Memory Projec

-- : 2020 May 2

State Library av

-- : 2020 May 2

Arizona Memor
running Tucson

-- : 2020 May 2

State of Arizon:
mining town ne

-- : 2020 May 1

Secretary of St
nonprofits to pr

-- : 2020 May 1

Once official ne
the Arizona Me

-- : 2020 May 7





Contact Us

**Arizona Secretary of State**

# Exhibit E

FILED

UNITED STATES COURT OF APPEALS

APR 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE DEMOCRATIC NATIONAL COMMITTEE; et al., | No. 18-15845 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-01065-DLR District of Arizona, Phoenix |
| v. | |
| KATIE HOBBS, in her official capacity as Secretary of State of Arizona; MARK BRNOVICH, Attorney General, in his official capacity as Arizona Attorney General, | ORDER |
| Defendants-Appellees, | |
| THE ARIZONA REPUBLICAN PARTY; et al., | |
| Intervenor-Defendants-Appellees, | |
| STATE OF ARIZONA, | |
| Intervenor-Pending. | |

Before: THOMAS, Chief Judge, and O'SCANNLAIN, W. FLETCHER, BERZON, RAWLINSON, CLIFTON, BYBEE, CALLAHAN, MURGUIA, WATFORD and OWENS, Circuit Judges.

The State of Arizona's motion to intervene [D.E. 128] is GRANTED.

Judge Owens dissents from this order.

# Exhibit F

1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412

# JENNER&BLOCK LLP

Jessica Ring Amunson
Tel  +1 202 639 6023
JAmunson@jenner.com

May 20, 2020

## VIA EMAIL

Clerk of the Court
Supreme Court of the United States
One First Street, NE
Washington, DC  20543

Re:   *Brnovich, et al. v. Democratic National Committee, et al.*, No. 19-1257
      *Arizona Republican Party, et al. v. Democratic National Committee, et al.*, No. 19-1258

To the Clerk of the Court:

We represent Respondent Arizona Secretary of State Katie Hobbs in the above-referenced cases. Petitioners Mark Brnovich, et al. and Petitioners Arizona Republican Party, et al. filed their respective petitions for a writ of certiorari on April 27, 2020, and both matters were placed on the docket on May 1, 2020.  Respondent's brief in opposition to the petitions is due on June 1, 2010. Pursuant to Supreme Court Rule 30.4, we write to request a thirty (30) day extension of time to file a brief in opposition in both of the above-referenced cases.

At this point, we have received (and granted) requests for consent to file amici briefs from nine sets of individuals or groups:  (1) the State of Ohio (possibly to be joined by other States); (2) the Arizona Governor, Senate President, and House Speaker; (3) the Republican State Leadership Committee; (4) the Pacific Legal Foundation; (5) the Honest Elections Project; (6) the American Constitutional Rights Union; (7) the Public Interest Legal Foundation; (8) Judicial Watch; and (9) the Arizona Free Enterprise Club.  Because these amici briefs will not be filed until June 1, 2020, an extension of time is necessary to afford Respondent the opportunity to review and respond to any assertions or argument made in the amici briefs.

This requested extension of time will not affect the schedule for conferencing the petitions. Pursuant to Rule 15.5 and under the Court's Case Distribution Schedule, the petitions would not have been distributed for consideration before the end of this Term unless petitioners expressly waived their 14-day waiting periods.  Accordingly, this requested extension does not change the date on which the petitions are scheduled to be conferenced, which remains September 29, 2020.

Finally, this requested extension of time is necessary to allow the undersigned counsel to review the extensive record in this case.  We were recently retained to represent Respondent Hobbs in the Supreme Court in light of the fact that she is opposing the petition brought by the state official who would ordinarily be charged under state law with representing her, the Arizona Attorney General.

Clerk of the Court
Supreme Court of the United States
May 20, 2020
Page 2


Counsel for Petitioners Brnovich, et al., counsel for Petitioners Arizona Republican Party, et al., and counsel for Respondent Democratic National Committee, et al. all have stated that they consent to this request.

For these reasons, we respectfully request a thirty (30) day extension of time, until July 1, 2020, to file a brief in opposition to both petitions.

Sincerely,

Jessica Ring Amunson

cc:  All counsel of record (via email)

# Exhibit G

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA MIRACLE; et al., | No. 19-17513 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-04694-SRB<br>District of Arizona,<br>Phoenix |
| v. | |
| KATIE HOBBS, in her official capacity as<br>Arizona Secretary of State, | ORDER |
| Defendant-Appellee, | |
| STATE OF ARIZONA, | |
| Intervenor-Pending. | |

The State of Arizona's Motion to Intervene [Doc. #37] is GRANTED, and the

State's Answering Brief submitted on February 20, 2020, is deemed filed.

Previous motions to extend time to file the answering brief [Docs. #33 and

#35] filed by Appellee Katie Hobbs are DENIED as moot.

Appellant's Reply Brief, if any, shall be filed on or before March 12, 2020.


FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT


By: Allison Fung
Deputy Clerk
Ninth Circuit Rule 27-7