SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV 12-00601-PHX-NVW (MEA) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Fourteen inmates confined in the Arizona Department of Corrections (ADC) and the Arizona Center for Disability Law (ACDL) have filed a "Class Action Complaint for Injunctive and Declaratory Relief" (Complaint) pursuant to 42 U.S.C. § 1983 and paid the filing fee. The Court will require a response to the Complaint.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

**TERMPSREF**

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Complaint

As noted above, this action was commenced by fourteen inmates confined by the ADC. They are: (1) Victor Antonio Parsons; (2) Shawn Jenson; (3) Stephen Swartz; (4) Justin Brislan; (5) Sonia Rodriguez; (6) Christina Verduzco; (7) Jackie Thomas; (8) Jeremy Smith; (9) Robert Gamez; (10) Maryanne Chisholm; (11) Desiree Licci; (12) Joseph Hefner; (13) Joshua Polson; and (14) Charlotte Wells. Parsons, Swartz, and Hefner are confined in the Lewis Complex in Buckeye; Jenson is confined in the Tucson Complex; Brislan, Thomas, Smith, Gamez, and Polan are confined in the Eyman Complex in Florence; and Rodriguez, Verduzco, Chisholm, Licci, and Wells are confined in the Perryville Complex.

ACDL is also a Plaintiff and states that it is "Arizona's authorized protection and advocacy agency under the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI), 42 U.S.C. § 10801, et seq."[1] (Doc. 1 at ¶ 20.) ACDL states that it has the statutory

---

[1] Section 10801(a)(4) provides that, "State systems for monitoring compliance with respect to the rights of individuals with mental illness vary widely and are frequently inadequate." 42 U.S.C. § 10801(a)(4). PAIMI's purposes are:
(1) to ensure that the rights of individuals with mental illness are protected;

authority to pursue legal, administrative, and other remedies to ensure the protection of individuals with mental illness who are or will receive care and treatment in Arizona.

Plaintiffs sue ADC Director Charles L. Ryan and ADC Interim Division Director, Division of Health Services, Richard Pratt, in their official capacities. Plaintiffs seek injunctive and declaratory relief.

Plaintiffs allege that Defendants have policies and practices that result in the denial of constitutionally adequate health care, conditions of confinement, and threats to safety. Plaintiffs allege that Defendants are "well aware of severe system-wide deficiencies that have caused and continue to cause significant harm to the prisoners in their custody, yet have failed to take reasonable measures to abate the impermissible risk of harm" and have ignored repeated warnings of the inadequacies of the health care system and of the dangerous conditions in their isolation units from inmates, outside groups, and their own staff. (Doc. 1 at ¶ 23.)

The prisoner Plaintiffs bring the action on behalf of themselves and a class of all prisoners who are now, or will in the future will be, subjected to the medical, mental health, and dental care policies and practices of the ADC (Plaintiff Class). They further bring the action on behalf of four subclasses. Plaintiffs Jenson, Swartz, Chisholm, Licci, Hefner, Polson, and Wells bring the action on behalf of themselves and a subclass of all prisoners who are now or will in the future be subjected to medical care policies and practices of the

---

and
(2) to assist States to establish and operate a protection and advocacy system for individuals with mental illness which will–
    (A) protect and advocate the rights of such individuals through activities to ensure the enforcement of the Constitution and Federal and State statutes; and
    (B) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred.
42 U.S.C. § 10801(b). "The term 'abuse' means any act or failure to act by an employee of a facility rendering care or treatment which was performed, or which was failed to be performed, knowingly, recklessly, or intentionally, and which caused, or may have caused, injury or death to an individual with mental illness . . . ." 42 U.S.C. § 10802(1).

ADC, including care related vision and hearing (Medical Subclass).  Plaintiffs Parsons, Swartz, Chisholm, and Wells bring this action on behalf of themselves and a subclass of all prisoners who are now, or will in the future be, subjected to the dental care policies and practices of the ADC (Dental Subclass).  Plaintiffs Parsons, Swartz, Brislan, Rodriguez, Verduzco, Smith, Gamez, Chisholm, and Polson bring this action on behalf of themselves and a subclass of all prisoners who are now, or will in the future be, subjected to the mental health policies and practices of the ADC (Mental Health Subclass).  Plaintiffs Swartz, Brislan, Rodriguez, Verduzco, Thomas, Smith, Gamez, and Polson bring this action on behalf of themselves and a subclass of all prisoners who are now, or will in the future be, subject to isolation defined as confinement in a cell for 22 hours or more per day in Eyman - SMU 1, Eyman - Browning Unit, Florence - Central Unit, or Perryville - Lumley Special Management Area (Isolation Subclass).

As to the Class and each subclass, Plaintiffs allege that the requirements of numerosity, commonality, typicality, and adequacy for a class action are met.  The decision whether to certify a class will be determined after briefing.

### III.    A Response to Complaint Will Be Required

Plaintiffs allege that the Defendants' policies and practices with respect to the provision of medical, dental, and mental health care constitutes deliberate indifference to the serious medical, dental, and mental health needs of members of the Class and subclasses. Plaintiffs further allege that Defendants' policies and practices with respect to the conditions of confinement of inmates held in long-term isolation constitutes deliberate indifference to a substantial risk of harm to those inmates.  Defendants will be required to respond to the Complaint.

**IT IS ORDERED**:

(1)    Defendants Ryan and Pratt must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(2) If Plaintiffs do not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(3) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

DATED this 27th day of March, 2012.

_____
Neil V. Wake
United States District Judge