Roopali H. Desai (024295)
D. Andrew Gaona (028414)
Kristen Yost (034052)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 381-5478
F: (602) 224-6020
rdesai@cblawyers.com
agaona@cblawyers.com
kyost@cblawyers.com

*Attorneys for Defendant Arizona Secretary of State*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| The Arizona Democratic Party; The Democratic National Committee; DSCC,<br><br>Plaintiffs,<br><br>v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State; Edison Wauneka, in his official capacity as Apache County Recorder; David Stevens, in his official capacity as Cochise County Recorder; Patty Hansen, in her official capacity as Coconino County Recorder; Sadie Jo Bingham, in her official capacity as Gila County Recorder; Wendy John, in her official capacity as Graham County Recorder; Shari Milheiro, in her official capacity as Greenlee County Recorder; Richard Garcia, in his official capacity as La Paz County Recorder; Adrian Fontes, in his official capacity as Maricopa County Recorder; Kristi Blair, in her official capacity as Mohave County Recorder; Michael Sample, in his official capacity as Navajo County Recorder; F. Ann Rodriguez, in her official capacity as Pima County Recorder; Virginia Ross, in her official capacity as Pinal County Recorder; Suzanne Sainz, in her official capacity as | No. CV-20-01143-PHX-DLR<br><br>**DEFENDANT ARIZONA SECRETARY OF STATE'S RESPONSE TO MOTION TO INTERVENE** |

{00501699.1 }

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Santa Cruz County Recorder; Leslie )<br>Hoffman, in her official capacity as )<br>Yavapai County Recorder; and Robyn )<br>Stallworth Pouquette, in her official )<br>capacity as Yuma County Recorder, )<br>                                    )<br>              Defendants. )<br>                                    ) |

Defendant Katie Hobbs, in her official capacity as Arizona Secretary of State ("Secretary") submits the following response to the State's Motion to Intervene ("Motion") [Dkt. 16], filed by the Arizona Attorney General ("AG").

Immediately after this action was filed and prior to any discussion about the lawsuit, the merits of the claims, or the relief sought, the AG informed the Secretary that he would not be representing the Secretary in this matter. Within days, the AG informed the Secretary of his intent to intervene in this matter and sought her position. The AG did not share the basis for his desire to intervene, nor did he indicate in any way that his motion to intervene would be based on his displeasure with the Secretary's prior positions in litigation where she, and not he, was the properly named defendant. Based on the narrow question presented to her, the Secretary informed the AG that she takes no position on his motion to intervene. That remains her position as to the limited question of whether the AG, purportedly on behalf of the State of Arizona, should be permitted to intervene as a Defendant in this matter.

However, in light of the shamelessly inflammatory motion filed by the AG, she wishes to be heard on the issue. Notably, the Secretary does not agree that intervention by the AG is either necessary or warranted based on his inaccurate and unfounded claims that the Secretary—his client in a variety of other matters—(1) "has repeatedly refused to defend Arizona law against legal challenges" [Dkt. 16 at 2], (2) "undermined the State's or Attorney General's efforts to defend Arizona law" [*id.* at 5], and worse yet, (3) somehow failed to satisfy her "oath to support and defend the laws of the State" [*id.* at 6].

The Secretary will not mince words in response to the AG's baseless allegations; she has defended Arizona law when appropriate in her role as Arizona's chief elections

officer, and will continue to do so. She has not yet answered or responded to Plaintiffs' request for a preliminary injunction, but will fulfill her oath of office at that time as she has from the moment she took office. The AG's mere desire to stand in the shoes of two elected offices—the Secretary's and his own—simply because he prefers that the Secretary (who has her own legal positions, priorities, and objectives) discharge the duties of her office in his way instead of her way, does not justify intervention in this case. On the other hand, the Secretary takes no position on the legal question of whether the State of Arizona should separately be permitted to intervene as a Defendant in this matter.

Respectfully submitted this 19th day of June, 2020.

**COPPERSMITH BROCKELMAN PLC**

By  s/ Roopali H. Desai
Roopali H. Desai
D. Andrew Gaona
Kristen Yost

*Attorneys for Defendant,
 Arizona Secretary of State*