Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-NVW **AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| Plaintiffs, | |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

Defendants, for their Amended Answer to Plaintiffs' Class Action Complaint for Injunctive and Declaratory Relief ("Complaint"), admit, deny and allege as follows.

## NATURE OF THE ACTION

1. In answering Paragraph 1 of Plaintiffs' Complaint, Defendants admit Plaintiffs are housed in Arizona Department of Corrections ("ADOC") state prisons. Defendants deny that Plaintiffs have standing to seek declaratory and/or injunctive relief. Defendants further deny they provided grossly inadequate health care to Plaintiffs, fell short of constitutional requirements, or failed to meet prisoners' basic health needs. Defendants further deny they were deliberately indifferent to a substantial risk of pain and suffering to Plaintiffs. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 1 of Plaintiffs' Complaint and, therefore, deny same.

2. Defendants deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Defendants deny that Plaintiffs have standing to seek injunctive relief or that Plaintiffs have been denied constitutionally adequate health care or have subjected to unconstitutional conditions of confinement.

## JURISDICTION

4. In answering paragraph 4 of Plaintiffs' Complaint, Defendants deny Plaintiffs have standing to seek injunctive or declaratory relief. Defendants admit the remaining allegations in paragraph 4.

## VENUE

5. Defendants admit the allegations in paragraph 5 of Plaintiffs' Complaint.

## PARTIES

### Plaintiffs

6. In answering paragraph 6 of Plaintiffs' Complaint, Defendants admit Plaintiff Victor Parsons is a prisoner in ADOC's Lewis complex. Defendants deny Plaintiff Victor Parsons received inadequate mental health or inadequate dental care.

Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 6 of Plaintiffs' Complaint and, therefore, deny same.

7. In answering paragraph 7 of Plaintiffs' Complaint, Defendants admit Plaintiff Shawn Jensen is a prisoner in ADC's Tucson complex. Defendants deny they failed to provide him with adequate and timely medical care or caused him harm and permanent injury. Defendants further deny they provided incompetent medical care or performed procedures for which they were not qualified. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 7 of Plaintiffs' Complaint and, therefore, deny same.

8. In answering paragraph 8 of Plaintiffs' Complaint, Defendants admit Plaintiff Stephen Swartz is a prisoner in ADOC's Lewis complex. Defendants deny that they failed to provide Plaintiff Stephen Swartz with adequate medical, mental health or dental care. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 8 of Plaintiffs' Complaint and, therefore deny same.

9. In answering paragraph 9 of Plaintiffs' Complaint, Defendants admit Plaintiff Dustin Brislan is a prisoner in ADOC custody. Defendants deny they failed to provide Plaintiff Dustin Brislan with adequate mental health care. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 9 of Plaintiffs' Complaint and, therefore, deny same.

10. In answering paragraph 10 of Plaintiffs' Complaint, Defendants admit Plaintiff Sonia Rodriguez is a prisoner in ADOC custody. Defendants deny they failed to provide her with adequate mental health care, that the conditions of the SMU were unconstitutional or that the conditions of the SMU worsened her conditions. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 10 of Plaintiffs' Complaint and, therefore, deny same.

11. In answering paragraph 11 of Plaintiffs' Complaint, Defendants admit Plaintiff Christina Verduzco is a prisoner in ADOC's Perryville complex. Defendants

deny they failed to provide her with adequate medical or mental health care. Defendants deny that the conditions of confinement are unconstitutional. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 11 of Plaintiffs' Complaint and, therefore, deny same.

12. In answering paragraph 12 of Plaintiffs' Complaint, Defendants admit Plaintiff Jackie Thomas is a prisoner in ADOC's Eyman complex. To the extent paragraph 12 alleges Defendants failed to provide Plaintiff Jackie Thomas with adequate medical or mental health care, Defendants deny said allegation. Defendants further deny that the conditions of confinement are unconstitutional. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 12 of Plaintiffs' Complaint and, therefore, deny same.

13. In answering paragraph 13 of Plaintiffs' Complaint, Defendants are unable to identify Plaintiff Jeremy Smith as more than one inmate by that name is incarcerated in the Arizona Department of Corrections prisons. To the extent paragraph 13 alleges Defendants failed to provide Plaintiff Jeremy Smith with proper mental health care, Defendants deny said allegation. Defendants further deny that the conditions of confinement are unconstitutional. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 13 and, therefore, deny same.

14. In answering paragraph 14 of Plaintiffs' Complaint, Defendants admit Plaintiff Robert Gamez is a prisoner in ADOC's Eyman complex. To the extent paragraph 14 alleges Defendants failed to provide Plaintiff Robert Gamez with adequate medical or mental health treatment, Defendants deny said allegation. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 14 and, therefore, deny same.

15. In answering paragraph 15 of Plaintiffs' Complaint, Defendants admit Plaintiff Maryanne Chisholm is a prisoner in ADOC's Perryville complex. To the extent paragraph 15 alleges Defendants failed to provide Plaintiff Maryanne Chisholm with

4

adequate medical or mental health or dental care, Defendants deny said allegation. Defendants further deny they harassed Plaintiff Maryanne Chisholm or subjected her to unconstitutional conditions of confinement. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 15 and, therefore, deny same.

16.     In answering paragraph 16 of Plaintiffs' Complaint, Defendants admit Plaintiff Desiree Licci is an inmate in ADOC's Perryville complex.  To the extent paragraph 16 alleges Defendants failed to provide Plaintiff Desiree Licci with adequate medical care, Defendants deny said allegation.  Defendants deny the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint. .

17.     In answering paragraph 17 of Plaintiffs' Complaint, Defendants admit Plaintiff Joseph Hefner is a prisoner in ADOC's Lewis complex.  To the extent paragraph 17 alleges Defendants are responsible for Joseph Hefner's vision deterioration or that Defendants failed to provide Joseph Hefner with adequate medical care, Defendants deny said allegations.   Defendants deny the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.     In answering paragraph 18 of Plaintiffs' Complaint, Defendants admit Plaintiff Joshua Polson is a prisoner in ADOC custody.  Defendants deny they failed to provide him with minimally adequate mental health care.  To the extent paragraph 18 alleges Defendants failed to provide Joshua Polson with adequate medical or dental care, Defendants further deny said allegations.  Defendants further deny that Plaintiff Joshua Polson was subjected to unconstitutional conditions of confinement.  Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 18 and, therefore, deny same.

19.     In answering paragraph 19 of Plaintiffs' Complaint, Defendants admit Plaintiff Charlotte Wells is a prisoner in ADOC's Perryville complex.  To the extent paragraph 19 alleges Defendants failed to provide Charlotte Wells with adequate medical

5

or dental care, Defendants deny said allegations. Defendants deny the remaining allegations contained in paragraph 19 of Plaintiffs' Complaint..

20. In answering paragraph 20 of Plaintiffs' Complaint, Defendants state that the statutes discussed in paragraph 20 of Plaintiffs' Complaint speak for themselves. Further, paragraph 20 makes no allegations against Defendants. To the extent any allegation is asserted, Defendants deny said allegations.

**Defendants**

21. In answering paragraph 21 of Plaintiffs' Complaint, Defendants admit Charles Ryan is the Director of the ADOC and was acting in his official capacity. Defendants further admit that his duties and responsibilities are governed by Arizona law. Defendants state that the statutes discussed in paragraph 20 of Plaintiffs' Complaint speak for themselves. Further, paragraph 21 makes no allegations against Defendants. To the extent any allegation is asserted, Defendants deny said allegations.

22. In answering paragraph 22 of Plaintiffs' Complaint, Defendants admit Richard Pratt is the Interim Division Director of the Health Services Division of the ADOC and was acting in his official capacity. Further, paragraph 22 makes no allegations against Defendants. To the extent any allegation is asserted, Defendants deny said allegations. Defendants deny the allegations contained in Plaintiffs' footnote to paragraph 22, and also state said footnote violates Fed. R. Civ. P. 8(a).

**FACTUAL ALLEGATIONS**

23. In answering paragraph 23 of Plaintiffs' Complaint, Defendants deny their standards fall below the community standard of health care. Defendants deny they failed to provide Plaintiffs with adequate medical, mental health or dental care. Defendants further deny they put inmates' lives and/or health at risk. Defendants further deny they were deliberately indifferent to Plaintiffs' serious medical needs. Defendants further deny they ignored warnings regarding inadequacies of the health care system. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 23 and, therefore, deny same.

24.     In answering paragraph 24 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 24 and, therefore, deny same.

25.     In answering paragraph 25 of Plaintiffs' Complaint, to the extent paragraph 25 alleges Defendants maintained inadequate policies and practices, Defendants deny said allegations.  Defendants admit a demand letter was sent to Defendant Ryan and that said letter listed numerous allegations concerning the delivery of health care to prisoners in ADOC.   Defendants  deny the remaining allegations contained in paragraph 25.

**I.     Defendants Deprive Plaintiffs of Constitutionally Adequate Health Care in Violation of the Eighth Amendment**

26.     Defendants deny the allegations in paragraph 26 of Plaintiffs' Complaint.

**A.     Prisoners Face Lengthy and Dangerous Delays in Receiving and Outright Denials of Health Care**

27.     In answering paragraph 27 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of failing to provide timely access to medical, mental health or dental care or that they are deliberately indifferent to the risk of harm and injury to prisoners.   Defendants deny the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     In answering paragraph 28 of Plaintiffs' Complaint, Defendants deny that Plaintiffs have a constitutional right to receive assistance in completing requests for health care or to assist fellow inmates in completing requests for health care.  Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 28 and, therefore, deny same.

29.     In answering paragraph 29 of Plaintiffs' Complaint, Defendants deny they failed to process requests in a timely manner or restricted the ability of prisoners to request health care.  Defendants further deny they are deliberately indifferent to Plaintiffs' serious medical needs. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 29 and, therefore, deny same.

30. Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 30 and, therefore, deny same.

31. Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 31 and, therefore, deny same.

32. In answering paragraph 32 of Plaintiffs' Complaint, Defendants deny they failed to provide necessary health care or that there was a system-wide norm of lengthy delays in responding to HNRs. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 32 and, therefore, deny same.

33. In answering paragraph 33 of Plaintiffs' Complaint, Defendants deny they failed to create an effective tracking and scheduling system for health care appointments or of prisoners' medical records. Defendants further deny that staff is inadequately trained. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 33 and, therefore, deny same.

34. In answering paragraph 34 of Plaintiffs' Complaint, to the extent paragraph 34 of Plaintiffs' Complaint alleges Defendants failed to adhere to the minimum standards of medical care, Defendants deny said allegations. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 34 and, therefore, deny same.

35. In answering paragraph 35 of Plaintiffs' Complaint, to the extent paragraph 35 of Plaintiffs' Complaint alleges that Defendants failed to provide adequate medical or mental healthcare, Defendants deny said allegations. Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 35 and, therefore, deny same.

36. In answering paragraph 36 of Plaintiffs' Complaint, Defendants deny they relied on unqualified personnel to perform medical procedures. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 36 and, therefore, deny same.

**B.** **Defendants Do Not Provide Prisoners With Timely Emergency Treatment**

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     In answering paragraph 38 of Plaintiffs' Complaint, Defendants deny there is not an adequate number of on-duty health care staff to respond to possible emergencies. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 38 and, therefore, deny same.

39.     In answering paragraph 39 of Plaintiffs' Complaint, Defendants deny they fail to provide adequately trained security and health care staff. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 39 and, therefore, deny same.

40.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 40 and, therefore, deny same.

41.     In answering paragraph 41 of Plaintiffs' Complaint, Defendants deny any staff member lacked necessary training in responding to emergency situations. Defendants further deny they did not comport with the appropriate standard of care. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 41 and, therefore, deny same.

42.     In answering paragraph 42 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 42 and, therefore, deny same.

43.     In answering paragraph 43 of Plaintiffs' Complaint, Defendants deny they failed to provide timely emergency assistance. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 43 and, therefore, deny same.

1      **C.**    **Defendants Fail to Provide Necessary Medication and Medical Devices to Prisoners**

2

3      44.    In answering paragraph 44 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of failing to prescribe, provide, or properly manage medication or of only providing incorrect, interrupted, or incomplete dosages of medication. Defendants further deny they have a policy or practice of failing to provide necessary medical devices or supplies.  Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 44 and, therefore, deny same.

4

5

6

7

8

9      45.    In answering paragraph 45 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of not providing prisoners' medication as prescribed or in a timely fashion, or of inappropriately starting and stopping medications. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 45 and, therefore, deny same.

10

11

12

13

14      46.    In answering paragraph 46 of Plaintiffs' Complaint, Defendants deny they failed to deliver required psychotropic medications to prisoners who required them. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 46 and, therefore, deny same.

15

16

17

18      47.    In answering paragraph 47 of Plaintiffs' Complaint, Defendants deny they gave prisoners expired medication or incorrect dosages. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 47 and, therefore, deny same.

19

20

21

22      48.    Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 48 of Plaintiffs' Complaint and, therefore, deny same.

23

24

25      49.    Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 49 of Plaintiffs' Complaint and, therefore, deny same.

26

27

28

50.    In answering paragraph 50 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of not providing medically necessary devices or that they denied prisoners of basic sanitation.  Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 50 and, therefore, deny same.

### D.    Defendants Employ Insufficient Health Care Staff

51.    Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.    Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 52 of Plaintiffs' Complaint and, therefore, deny same.

53.    Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.    Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 54 of Plaintiffs' Complaint and, therefore, deny same

55.    Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 55 of Plaintiffs' Complaint and, therefore, deny same.

56.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 56 of Plaintiffs' Complaint and, therefore, deny same.

57.    Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

**II.** **Even If Prisoners See Health Care Providers, They Do Not Receive Adequate Medical, Dental, or Mental Health Care**

    **A.** **Substandard Medical Care**

    58.    Defendants deny the allegations contained in paragraph 58 of Plaintiffs' Complaint.

    **1.** **Defendants Fail to Provide Prisoners With Care for Chronic Diseases and Protection From Infectious Disease**

    59.    In answering paragraph 59 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of failing to provide prisoners with medically necessary care to address ongoing medical needs or diseases. Defendants further deny they were deliberately indifferent to prisoners' medical conditions or that they failed to properly treat or manage prisoners' medical needs. Defendants further deny the existence of a systematic failure within the Arizona Department of Corrections prisons. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 59 of Plaintiffs' Complaint and, therefore, deny same.

    60.    In answering paragraph 60 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of not providing medical diets ordered by clinicians for prisoners with chronic conditions. Defendants further deny they provide prisoners nutritionally inadequate diets. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 60 of Plaintiffs' Complaint and, therefore, deny same.

    61.    In answering paragraph 61 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of failing to effectively enforce state law prohibiting smoking inside buildings. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 61 of Plaintiffs' Complaint and, therefore, deny same.

    62.    In answering paragraph 62 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of failing to mitigate the risk of infectious and communicable diseases. Defendants further deny they fail to maintain basic sanitation standards.

Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 62 of Plaintiffs' Complaint and, therefore, deny same.

### 2. Defendants Fail to Provide Timely Access to Medically Necessary Specialty Care

63.	In answering paragraph 63 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of failing to provide prisoners with specialty care or that there were unreasonable delays in providing specialty care. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 63 of Plaintiffs' Complaint and, therefore, deny same.

64.	In answering paragraph 64 of Plaintiffs' Complaint, Defendants deny they are deliberately indifferent to the needs of prisoners or that they caused harm to prisoners by delays in the referral system. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 64 of Plaintiffs' Complaint and, therefore, deny same.

65.	In answering paragraph 65 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of systematically failing to provide timely access to outside specialists or that this causes prisoners unnecessary harm. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 65 of Plaintiffs' Complaint and, therefore, deny same.

66.	Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 66 of Plaintiffs' Complaint and, therefore, deny same.

67.	In answering paragraph 67 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of failing to order or approve outside diagnostic testing or that they are deliberately indifferent to any harm caused to prisoners. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 67 of Plaintiffs' Complaint and, therefore, deny same.

68.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 68 of Plaintiffs' Complaint and, therefore, deny same.

69.     In answering paragraph 69 of Plaintiffs' Complaint, Defendants deny they fail to monitor prisoners' symptoms or provide follow-up treatment in accordance with the appropriate medical standard of care.  Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 69 of Plaintiffs' Complaint and, therefore, deny same.

**B.      Substandard Dental Care**

70.     Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 71 of Plaintiffs' Complaint and, therefore, deny same.

72.     In answering paragraph 72 of Plaintiffs' Complaint, to the extent paragraph 72 alleges Defendants failed to provide proper dental care, Defendants deny said allegations.  Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 72 and, therefore, deny same.

73.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 73 of Plaintiffs' Complaint and, therefore, deny same.

**C.      Substandard Mental Health Care**

74.     Defendants deny the allegations contained in paragraph 74 of Plaintiffs' Complaint.

1

2

      **1.    Defendants Deny Mentally Ill Prisoners Medically Necessary Mental Health Treatment, Including the Proper Management and Administration of Psychotropic Medication, Therapy, and Inpatient Treatment**

3

4

      75.    In answering paragraph 75, Defendants deny they have a policy or practice

5

of denying treatment or providing inadequate treatment to prisoners with serious mental

6

health needs.  Defendants further deny that mentally ill prisoners have insufficient

7

interactions with psychiatrists or that their clinicians cannot make informed decisions

8

about care of prisoners.  Defendants lack sufficient knowledge or information to form a

9

belief regarding the remaining allegations contained in paragraph 75 and, therefore, deny

same.

10

      76.    To the extent paragraph 76 of Plaintiffs' Complaint alleges Defendants

11

provide inadequate medical, dental or mental health care, Defendants deny said

12

allegations.  Defendants lack sufficient knowledge or information to form a belief

13

regarding the remaining allegations contained in paragraph 76 and, therefore, deny same.

14

      77.    In answering paragraph 77 of Plaintiffs' Complaint, Defendants deny there

15

is a systematic failure of mental health treatment at ADOC.  Defendants further deny they

16

have a policy or practice of failing to monitor or provide follow-up treatment after

17

prescribing psychotropic medications.  Defendants lack sufficient knowledge or

18

information to form a belief regarding the remaining allegations contained in paragraph 76

19

and, therefore, deny same.

20

      78.    Defendants lack sufficient knowledge or information to form a belief

21

regarding the allegations contained in paragraph 78 of Plaintiffs' Complaint and, therefore

22

deny, same.

23

      79.    Defendants lack sufficient knowledge or information to form a belief

24

regarding the allegations contained in paragraph 79 of Plaintiffs' Complaint and,

25

therefore, deny same.

26

      80.    In answering paragraph 80 of Plaintiffs' Complaint, to the extent Plaintiffs'

27

Complaint alleges inadequate mental health care, Defendants deny said allegations.

28

Defendants lack sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 80 of Plaintiffs' Complaint and, therefore, deny same.

81. In answering paragraph 81 of Plaintiffs' Complaint, Defendants deny they failed to reliably provide inpatient mental health care to those prisoners who require it. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 81 and, therefore, deny same.

### 2. Defendants Deprive Suicidal and Self-Harming Prisoners of Basic Mental Health Care

82. In answering paragraph 82 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of housing prisoners with serious mental health needs in unsafe conditions that heighten their risk of suicide. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 82 and, therefore, deny same.

83. In answering paragraph 83 of Plaintiffs' Complaint, Defendants deny they have a practice or policy of maintaining suicide watch facilities that offer no meaningful treatment or that they are responsible for a "high suicide rate." Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 83 and, therefore, deny same.

84. In answering paragraph 84 of Plaintiffs' Complaint, Defendants deny they have a practice or policy of holding suicidal and mentally ill prisoners in conditions that violate minimally adequate mental health care and basic human dignity, or that they are not compatible with civilized standards of humanity and decency. Defendants further deny that mental health staff show a lack of professionalism and little compassion for prisoners. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 84 and, therefore, deny same.

85. In answering paragraph 85 of Plaintiffs' Complaint, Defendants deny that suicide watch cells are kept at an unreasonable or unconstitutional temperature.

16

Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 85 and, therefore, deny same.

86.     In answering paragraph 86 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of exposing prisoners on suicide watch to gratuitously harsh, degrading or damaging conditions of confinement. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 86 and, therefore, deny same.

87.     In answering paragraph 87 of Plaintiffs' Complaint, Defendants deny correctional staff interferes with the provision of adequate and constitutionally appropriate mental health care. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 87 and, therefore, deny same.

88.     In answering paragraph 88 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of holding suicidal prisoners in excessively harsh conditions or that the conditions suicidal prisoners are housed in promotes self-injurious behavior. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 88 and, therefore, deny same.

89.     In answering paragraph 89 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of improperly using the suicide watch cells to punish prisoners. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 89 and, therefore, deny same.

**III.    Defendants Subject Prisoners in Isolation to Unconstitutional Conditions**

90.     In answering paragraph 90 of Plaintiffs' Complaint, Defendants deny they are deliberately indifferent to a substantial risk of serious physical or psychiatric harm to prisoners. Defendants affirmatively allege that any such placement is for a short period of time, except for STG-validated inmates who can leave administrative detention at any time by debriefing and renouncing their STG involvement. Defendants are without

sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 90 and, therefore, deny same.

91.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 91 and, therefore, deny same.

92.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 92 and, therefore, deny same.

93.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 93 and, therefore, deny same.

94.     Defendants  deny the allegations set forth in paragraph 94 of Plaintiff's Complaint.

95.     In answering paragraph 95 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of denying prisoners adequate nutrition.  Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 95 and, therefore, deny same.

96.     In answering paragraph 96 of Plaintiffs' Complaint, Defendants deny prisoners are subjected to unconstitutional conditions of confinement.  Defendants are without sufficient information to form a belief regarding the remaining allegations in paragraph 96 and, therefore deny same.

97.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 97 and, therefore, deny same.

98.     In answering paragraph 98 of Plaintiffs' Complaint, Defendants deny they have a policy or practice of failing to provide adequate mental health care staffing or treatment.  Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 98 and, therefore, deny same.

99.     Defendants are without sufficient knowledge or information to form a belief regarding the allegations in paragraph 99 and, therefore, deny same.

100.     In answering paragraph 100, Defendants deny they house prisoners in unconstitutional conditions of confinement  Defendants are without sufficient knowledge

or information to form a belief regarding the remaining allegations in paragraph 100 and, therefore, deny same.

## CLASS ACTION ALLEGATIONS

### Plaintiff Class

101.  In answering paragraph 101 of Plaintiffs' Complaint, Defendants admit that paragraph 101 of Plaintiffs' Complaint contains Plaintiffs' allegations. Defendants deny that this matter is suitable for class certification. Defendants affirmatively allege that Plaintiffs do not have standing to assert their claims on behalf of other individuals, and that Plaintiffs are not proper class representatives.

### Numerosity: Fed.R.Civ.P. 23(a)(1)

102.  In answering paragraph 102 of Plaintiffs' Complaint, Defendants deny that this matter is suitable for class certification or that the proposed class is so numerous that joinder of all members is impracticable. Defendants affirmatively allege that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 102 and, therefore, deny same

103.  In answering paragraph 103, Defendants admit only that they maintain records for prisoners housed at ADOC facilities. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals, and that Plaintiffs are not proper class representatives.

### Commonality: Fed.R.Civ.P. 23(a)(2)

104.  In answering paragraph 104 of Plaintiffs' Complaint, Defendants deny there are questions of law and fact common to the members of the class. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

19

> (a)    In answering the allegations of paragraph 104(a) of Plaintiffs' Complaint, Defendants admit only that paragraph 104(a) contains Plaintiffs' allegations.
>
> (b)    In answering the allegations of paragraph 104(b) of Plaintiffs' Complaint, Defendants admit only that paragraph 104(b) contains Plaintiffs' allegations.

## Typicality: Fed.R.Civ.P. 23(a)(3)

105.    In answering paragraph 105 of Plaintiffs' Complaint, Defendants deny the claims of the Plaintiffs are typical of those of the Plaintiff class.   Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

## Adequacy: Fed.R.Civ.P. 23(a)(4)

106.    In answering paragraph 106, Defendants deny Plaintiffs are capable of fairly and adequately protecting the interests of the Plaintiff class.  Defendants further deny they have committed any unlawful acts or omissions. Defendants lack sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 106 and, therefore, deny same.  Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

## Fed.R.Civ.P. 23(b)(1)(A) and (B)

107.    Defendants deny the allegations contained in paragraph 107 of Plaintiffs' Complaint.   Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

## Fed.R.Civ.P. 23(b)(2)

108.    Defendants deny this action is maintainable as a class action pursuant to any federal rule. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 108 and, therefore deny same. Defendants affirmatively assert that this matter is not suitable for class certification, that

Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

**Medical Subclass**

109.    In answering paragraph 109, Defendants admit that paragraph 109 contains Plaintiffs' allegations.  Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Numerosity:  Fed.R.Civ.P. 23(a)(1)

110.    In answering paragraph 110 of Plaintiffs' Complaint, Defendants deny that the Medical Subclass is so numerous that joinder of all members is impracticable. Defendants lack sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 110 and, therefore, deny same.    Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

111.    In answering paragraph 111, Defendants admit only that they maintain records for prisoners housed at ADOC facilities.  Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Commonality:  Fed.R.Civ.P. 23(a)(2)

112.    In answering paragraph 112 of Plaintiffs' Complaint, Defendants deny there are questions of law and fact common to the members of the medical subclass. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

(a)    In answering the allegations of paragraph 112(a) of Plaintiffs' Complaint, Defendants admit that paragraph 112(a) contains Plaintiffs' allegations.

21

(b)     In answering the allegations of paragraph 112(b) of Plaintiffs' Complaint, Defendants admit that paragraph 112(b) contains Plaintiffs' allegations.

Typicality: Fed.R.Civ.P. 23(a)(3)

113.    In answering paragraph 113 of Plaintiffs' Complaint, Defendants deny the claims of Plaintiffs are typical of those of the Medical Subclass. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Adequacy: Fed.R.Civ.P. 23(a)(4)

114.    In answering paragraph 114 of Plaintiffs' Complaint, Defendants deny Plaintiffs are capable of fairly and adequately protecting the interests of the Medical Subclass. Defendants further deny they have committed any unlawful acts or omissions. Defendants lack sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 114 and, therefore, deny same. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Fed.R.Civ.P. 23(b)(1)(A) and (B)

115.    Defendants deny the allegations contained in paragraph 115 of Plaintiffs' Complaint. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

116.    Defendants deny the allegations contained in paragraph 116 of Plaintiffs' Complaint. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Fed.R.Civ.P. 23(b)(2)

117.　In answering paragraph 117 of Plaintiffs' Complaint, Defendants admit paragraph 117 contains Plaintiffs' allegations.　Defendants deny the claims of the Medical Subclass are common to and apply generally to all members of the subclass.　Defendants deny that Plaintiffs are entitled to any relief.　Defendants lack sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 117 of Plaintiffs' Complaint and, therefore, deny same.　Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

**Dental Subclass**

118.　In answering paragraph 118 of Plaintiffs' Complaint, Defendants admit paragraph 118 contains Plaintiffs' allegations. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Numerosity:　Fed.R.Civ.P. 23(a)(1)

119.　In answering paragraph 119 of Plaintiffs Complaint, Defendants deny the Dental Subclass is so numerous that joinder of all members is impracticable.　Defendants deny prisoners receive inadequate dental care while in ADOC prisons.　Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 119 and, therefore, deny same. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals or that Plaintiffs are proper class representatives.

120.　In answering paragraph 120 of Plaintiffs Complaint, Defendants admit only that they maintain records for prisoners housed in ADOC facilities.　Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do

not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Commonality: Fed.R.Civ.P. 23(a)(2)

121. In answering paragraph 121 of Plaintiffs' Complaint, Defendants deny there are questions of law and fact common to the members of the Dental Subclass. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

    (a)    In answering paragraph 121(a) of Plaintiffs' Complaint, Defendants admit paragraph 121(a) contains Plaintiffs' allegations.

    (b)    In answering paragraph 121(b) of Plaintiffs' Complaint, Defendants admit paragraph 121(b) contains Plaintiffs' allegations.

Typicality: Fed.R.Civ.P. 23(a)(3)

122. Defendants deny the allegations contained in paragraph 122 of Plaintiffs' Complaint. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Adequacy: Fed.R.Civ.P. 23(a)(4)

123. In answering paragraph 123 of Plaintiffs' Complaint, Defendants deny Plaintiffs are capable of fairly and adequately protecting the interest of the Dental Subclass. Defendants further deny they engaged in any unlawful acts or omissions. Defendants are without sufficient knowledge information to form a belief regarding the remaining allegations in paragraph 123 and, therefore, deny same. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Fed.R.Civ.P. 23(b)(1)(A) and (B)

124. Defendants deny the allegations contained in paragraph 124 of Plaintiffs' Complaint. Defendants affirmatively assert that this matter is not suitable for class

24

certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Fed.R.Civ.P. 23(b)(2)

125. In answering paragraph 125 of Plaintiffs' Complaint, Defendants admit paragraph 125 contains Plaintiffs' allegations. Defendants deny that the claims of the Dental Subclass are common to and apply generally to all members of the subclass. Defendants further deny Plaintiffs are entitled to any relief. Defendants lack sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 125 and, therefore, deny same. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

**Mental Health Subclass**

126. In answering paragraph 126, Defendants admit paragraph 126 contains Plaintiffs allegations. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Numerosity: Fed.R.Civ.P. 23(a)(1)

127. In answering paragraph 127 of Plaintiffs' Complaint, Defendants deny the Mental Health Subclass is so numerous that joinder of all members is impracticable. Defendants further deny prisoners are at risk of receiving inadequate mental health care while in ADOC prisons. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 127 and, therefore, deny same. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

25

Commonality:  Fed.R.Civ.P. 23(a)(2)

128.   In answering paragraph 128 of Plaintiffs' Complaint, Defendants deny there are questions of law and fact common to the members of the Mental Health Subclass. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

        (a)    In answering paragraph 128(a) of Plaintiffs' Complaint, Defendants admit paragraph 128(a) contains Plaintiffs' allegations.

        (b)    In answering paragraph 128(b) of Plaintiffs' Complaint, Defendants admit paragraph 128(b) contains Plaintiffs' allegations.

Typicality:  Fed.R.Civ.P. 23(a)(3)

129.   Defendants deny the allegations contained in paragraph 129 of Plaintiffs' Complaint.   Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Adequacy:  Fed.R.Civ.P. 23(a)(4)

130.   In answering paragraph 130 of Plaintiffs' Complaint, Defendants deny Plaintiffs are capable of fairly and adequately protecting the interests of the Mental Health Subclass.   Defendants further deny they engaged in any unlawful acts or omissions. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 130 and, therefore, deny same.   Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Fed.R.Civ.P. 23(b)(1)(A) and (B)

131.   Defendants deny the allegations contained in paragraph 131 of Plaintiffs' Complaint.   Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Fed.R.Civ.P. 23(b)(2)

132.   In answering paragraph 132 of Plaintiffs' Complaint, Defendants admit paragraph 132 contains Plaintiffs allegations.  Defendants deny the claims of the Mental Health Subclass are common to and apply generally to all members of the subclass. Defendants further deny Plaintiffs are entitled to any relief.  Defendants lack sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 132 and, therefore, deny same.  Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

**Isolation Subclass**

133.   In answering paragraph 133 of Plaintiffs' Complaint, Defendants admit paragraph 133 contains Plaintiffs allegations.  Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Numerosity:  Fed.R.Civ.P. 23(a)(1)

134.   In answering paragraph 134 of Plaintiffs' Complaint, Defendants deny the Isolation Subclass is so numerous that joinder of all members is impracticable. Defendants admit only that they maintain records of prisoners housed at ADOC facilities. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 134 of Plaintiffs' Complaint and, therefore, deny same. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Commonality:  Fed.R.Civ.P. 23(a)(2)

135.   In answering paragraph 135, Defendants deny there are questions of law and fact common to the members of the Isolation Subclass. Defendants affirmatively assert

that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives

      (a)    In answering paragraph 135(a) of Plaintiffs' Complaint, Defendants admit paragraph 135(a) contains Plaintiffs' allegations.

      (b)    In answering paragraph 135(b) of Plaintiffs' Complaint, Defendants admit paragraph 135(b) contains Plaintiffs' allegations.

Typicality:  Fed.R.Civ.P. 23(a)(3)

136.   Defendants deny the allegations contained in paragraph 136 of Plaintiffs' Complaint.   Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Adequacy:  Fed.R.Civ.P. 23(a)(4)

137.   In answering paragraph 137 of Plaintiffs' Complaint, Defendants deny Plaintiffs are capable of fully and adequately protecting the interest of the Isolation Subclass.   Defendants further deny they engaged in any unlawful acts or omissions. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations contained in paragraph 137 and, therefore, deny same.   Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Fed.R.Civ.P. 23(b)(1)(A) and (B)

138.   Defendants deny the allegations contained in paragraph 138 of Plaintiffs' Complaint.   Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

Fed.R.Civ.P. 23(b)(2)

139.   In answering paragraph 139 of Plaintiffs' Complaint Defendants deny the claims of the isolation subclass are common to and apply generally to all member of the

subclass. Defendants further deny Plaintiffs are entitled to any relief. Defendants are without sufficient knowledge or information to form a belief regarding the remaining allegations in paragraph 139 and, therefore, deny same. Defendants affirmatively assert that this matter is not suitable for class certification, that Plaintiffs do not have standing to assert their claims on behalf of other individuals and that Plaintiffs are not proper class representatives.

## CLAIMS FOR RELIEF

### First Cause of Action
(All Prisoner Plaintiffs and the Plaintiff Class v. Defendants Ryan and Pratt)
(42 U.S.C. § 1983; Eighth Amendment)

140. Defendants deny the allegations contained in paragraph 140 of Plaintiffs' Complaint.

141. Defendants deny the allegations contained in paragraph 141 of Plaintiffs' Complaint.

### Second Cause of Action
(Plaintiffs Jensen, Swartz, Chisholm, Licci, Hefner, Polson, and Wells; and Medical Subclass v. Defendants Ryan and Pratt)
(42 U.S.C. § 1983; Eighth Amendment)

142. Defendants deny the allegations contained in paragraph 142 of Plaintiffs' Complaint.

143. Defendants deny the allegations contained in paragraph 143 of Plaintiffs' Complaint.

### Third Cause of Action
(Plaintiffs Swartz, Parsons, Chisholm, Polson, and Wells; and Dental Subclass v. Defendants Ryan and Pratt)
(42 U.S.C. § 1983; Eighth Amendment)

144. Defendants deny the allegations contained in paragraph 144 of Plaintiffs' Complaint.

145. Defendants deny the allegations contained in paragraph 145 of Plaintiffs' Complaint.

**Fourth Cause of Action**
(Plaintiffs Gamez, Swartz, Brislan, Rodriguez, Verduzco, Thomas, Smith, Parsons, Chisholm, and Polson; Plaintiff Arizona Center for Disability Law; and Mental Health Subclass v. Defendants Ryan and Pratt)
(42 U.S.C. § 1983; Eighth Amendment)

146. Defendants deny the allegations contained in paragraph 146 of Plaintiffs' Complaint.

147. Defendants deny the allegations contained in paragraph 147 of Plaintiffs' Complaint.

**Fifth Cause of Action**
(Plaintiffs Gamez, Swartz, Brislan, Rodriguez, Verduzco, Thomas, Smith, and Polson; and Plaintiff Arizona Center for Disability Law; and Isolation Subclass v. Defendants Ryan and Pratt)
(42 U.S.C. § 1983; Eighth Amendment)

148. Defendants deny the allegations contained in paragraph 148 of Plaintiffs' Complaint.

149. Defendants deny the allegations contained in paragraph 149 of Plaintiffs' Complaint.

**PRAYER FOR RELIEF**

150. Defendants deny the allegations contained in paragraph 150 of Plaintiffs' Complaint.

151. Defendants deny Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

1. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs have failed to join a necessary party or parties under Fed. R. Civ. P. 19.

2. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs fail to state a claim upon which relief may be granted.

3. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs' action is not certifiable as a class action pursuant to Fed. R. Civ. P. 23 et. seq.

4.    As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs lack standing to maintain this action as a class action.

5.    As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs failed to exhaust administrative remedies prior to filing suit in accordance with the Prison Litigation Reform Act, thereby precluding all claims asserted under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a).

6.    As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs failed to exhaust administrative remedies prior to filing suit in accordance with applicable state law or state regulations, thereby precluding all claims asserted by Plaintiff.

7.    As a separate defense, and in the alternative, these answering Defendants allege that some or all of the named Plaintiffs' and putative class members' claims are barred by the statute of limitations.

8.    As a separate defense, and in the alternative, these answering Defendants allege that Defendants were acting under legal process, with good, sufficient and probable cause to be so acting, and that the actions of Defendants were in good faith and without malice.

9.    As a separate defense, and in the alternative, these answering Defendants allege that the actions of Defendants were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

10.    As a separate defense, and in the alternative, these answering Defendants allege that the Plaintiffs' injuries, losses and damages were the result of the assumption of risk by Plaintiffs.

11.    As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs were responsible and/or negligent, which would diminish or eliminate Plaintiffs' right to recover under certain or all claims for relief.

12.    As a separate defense, and in the alternative, these answering Defendants allege Defendants were acting in good faith at all times, without malice, and without the

requisite state of mind necessary for Plaintiff to establish a constitutional violation claim. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970,1979 (1994).

13. As a separate defense, and in the alternative, these answering Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiffs.

14. As a separate defense, and in the alternative, these answering Defendants allege that Defendants did not act with deliberate indifference to Plaintiffs' serious medical, dental or mental health needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

15. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs' Complaint fails, as a matter of law, to allege sufficient affirmative involvement of the Defendants.

16. As a separate defense, and in the alternative, these answering Defendants allege that Defendants did not know of and disregard a serious risk of harm to Plaintiff's' medical, dental or mental health needs.

17. As a separate defense, and in the alternative, these answering Defendants allege that Defendants did not engage in any conduct that caused Plaintiffs to suffer a serious medical, dental or mental health condition or aggravate/worsen an existing serious medical, dental or mental health condition.

18. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs' refusal to submit to appropriate medical, dental or mental health testing precludes Plaintiffs' claims for recovery against Defendants.

19. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs' own deliberate conduct was the cause of any medical, dental or mental health injury alleged by Plaintiffs.

20. As a separate defense, and in the alternative, these answering Defendants allege that a mere delay in the provision of medical, dental or mental health care does not establish a violation of an inmate's constitutional rights under either the United States or Arizona Constitutions. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

21. As a separate defense, and in the alternative, these answering Defendants allege that a mere difference in opinion regarding the appropriate provision of medical, dental, or mental health care to inmates does not establish a violation of an inmate's constitutional rights under either the United States or Arizona Constitutions. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981).

22. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs are improperly projecting isolated problems in a very large health care system to the entire system to improperly conclude that there are systematic problems.

23. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs' claims of unconstitutional custom, policy and practice cannot be predicated upon isolated or sporadic instances of conduct.

24. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs cannot use isolated incidents of conduct to establish system-wide relief.

25. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs have failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

26. As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs have failed to set forth a grave deprivation in regard to their allegations that a Constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

27. As a separate defense, and in the alternative, these answering Defendants allege that they have not fallen below the applicable standard of care in the provision of medical, dental or mental health treatment to Plaintiffs.

28.     As a separate defense, and in the alternative, these answering Defendants allege that they have not engaged in any conspiracy to cause harm to Plaintiffs or deny them appropriate medical, dental or mental health care.

29.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs are unable to establish that a custom, policy or practice by Defendants was the moving force behind the constitutional wrongs alleged by Plaintiffs.

30.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs have suffered no actual injury.

31.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs have no protected right as a prisoner to be treated by the medical, dental, or mental health provider of their choice, free of charge.

32.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs have no protected right as a prisoner to receive care as directed by their private physician.

33.     As a separate defense, and in the alternative, these answering Defendants allege that Defendants provided medical, dental and mental health care to Plaintiffs in accordance with community standards and acted as reasonable health care providers would act under similar conditions or circumstances.

34.     As a separate defense, and in the alternative, these answering Defendants allege Defendants' conduct has not fallen below any applicable standard of care.

35.     As a separate defense, and in the alternative, these answering Defendants allege that the actions or inactions alleged on the part Defendants were not the proximate cause of any injuries, losses and damages to Plaintiffs.

36.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs failed to mitigate damages.

37.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs cannot recover for emotional damages if Plaintiffs cannot first establish physical injury.

38.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs have not suffered any emotional harm.

39.     As a separate defense, and in the alternative, these answering Defendants allege that any infringement on Plaintiffs' constitutional rights is permissible because it is reasonably related to legitimate penological interests pursuant to *Turner v. Safley*, 482 U.S. 78, 89 (1987).

40.     As a separate defense, and in the alternative, these answering Defendants allege that Plaintiffs claims are moot because they cannot establish that the alleged harm suffered is reasonably expected to recur as Defendants are no longer in control of health care services provided in the Arizona Department of Corrections facilities.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693 (2000); *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373 (1983).   As of June 1, 2012, Wexford Health took over all health care responsibilities at ADOC.  As a result, the claims against Defendants have been remedied.

41.     As a separate defense, and in the alternative, these answering Defendants allege that the deliberative process privilege is available to Defendants.  *FTC v. Warner Communications,* 742 F.2d 1156, 1161 (9th Cir.1984).

42.     As a separate defense, and in the alternative, these answering Defendants allege that the claims involving "isolation" have been litigated numerous times in this District and are barred or limited, in whole or in part, by res judicata or collateral estoppel.

43.     As a separate defense, and in the alternative, these answering Defendants allege that some or all of the named Plaintiffs, and putative class members, have or are in the process of litigating issues raised in the Complaint and such claims are barred or limited, in whole or in part, by res judicata, law-of-the-case, or collateral estoppel.

44.     Although these answering Defendants do not presently have specific facts in support of its remaining defenses, Defendants wish to put Plaintiffs on notice that Defendants will raise the following affirmative defenses, as set forth in Rule 8, Fed. R. Civ. P., should subsequent discovery disclose facts that support those defenses, including but not limited to: fraud; illegality; payment; release; res judicata; and waiver.

# DEMAND FOR JURY TRIAL

Answering Defendants demand a trial by jury on all such claims or issues so triable to the extent permitted by law.

WHEREFORE, having fully answered the Complaint, Defendants request that the Complaint be dismissed at Plaintiffs' costs, that Defendants' be dismissed from this action, awarded reasonable attorneys' fees and costs and any other such award and further relief as the Court deems just and proper.

DATED this 4th day of June, 2012

STRUCK WIENEKE, & LOVE, P.L.C.


By /s/ Timothy J. Bojanowski
Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

2651888.1

36

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:          ahardy@prisonlaw.com

Amy Fettig:            afettig@npp-aclu.org

Caroline N. Mitchell:  cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:    ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:   DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda: dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org; mtartaglia@npp-aclu.org

Donald Specter:        dspecter@prisonlaw.com

Sara Norman:           snorman@prisonlaw.com

Ilham A. Hosseini:     ihosseini@jonesday.com; areyes@jonesday.com

James Anthony Ahlers:  jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com

James Duff Lyall:      jlyall@acluaz.org; gtorres@acluaz.org

Jennifer Ann Alewelt:  jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org

Jill Louise Ripke:     jripke@perkinscoie.com; jgable@perkinscoie.com

John Howard Gray:      jhgray@perkinscoie.com; slawson@perkinscoie.com

Kelly Joyce Flood:     kflood@acluaz.org; gtorres@acluaz.org

Kirstin T. Eidenbach:  keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com

Matthew Benjamin de Mee:mdumee@perkinscoie.com; cwendt@perkinscoie.com

Michael Evan Gottfried: Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov

Ruth Angela Szanto:    RSzanto@azdisabilitylaw.org; RuthSzanto@gmail.com

Sara Norman:           snorman@prisonlaw.com

Sophia Calderon:       scalderon@jonesday.com

Thomas Dean Ryerson: tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

                                        /s/ Timothy J. Bojanowski