AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

Victor Parsons, et al.
*Plaintiff*
v.
Charles Ryan and Richard Pratt
*Defendant*

Civil Action No. CV 12-00601-PHX-NVW (MEA)

(If the action is pending in another district, state where: )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Arizona Department of Corrections
1601 W. Jefferson Phoenix, AZ 85007

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A for 30(b)(6) topics on which ADC shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf.

| Place: The law offices of Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoenix, Arizona, 85012-2788 | Date and Time: 08/07/2012 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and real time transcription

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment B for document requests.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/3/2012

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Victor Parsons and the other named prisoner plaintiffs, who issues or requests this subpoena, are:

John H. Gray, Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoenix, Arizona 85012, jhgray@perkinscoie.com, 602-351-8092

Civil Action No. CV 12-00601-PHX-NVW (MEA)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A**

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the Arizona Department of Corrections shall designate one or more officers, directors, or managing agents, or other person who consent to testify on its behalf, to testify on the topics identified below.

**DEFINITIONS**

For purposes of this deposition notice, the following definitions shall apply:

1. "ADC" means the Arizona Department of Corrections, including all its current and former subdivisions, agents, employees, contractors, and attorneys, including specifically Charles Ryan, Richard Pratt, Michael Adu-Tutu, and Wexford Health Sources Incorporated.

2. "DESCRIBE" and "DESCRIPTION" means to provide all available INFORMATION.

3. "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and DESCRIPTION and every tangible thing that is or has been in the possession, custody, or control of the ADC, to which they have access, or of which they have knowledge, including, but not limited to, e-mail, instant messages, voice mail, correspondence, letters, contracts, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, news articles, magazine articles, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, files, voice recordings, maps, reports, surveys, MINUTES, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, electronically stored information, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device). "DOCUMENT" and "DOCUMENTS" includes, but is not

limited to, all DOCUMENTS generated by or maintained in the Director's Project Tracking System, official ADC papers, and the ADC's intranet.

4.      "IDENTIFY" and "IDENTIFICATION" with respect to (a) a person means to state the person's full name and specify whether or not the person is or has been an ADC employee, and if so, to state the employee's position title, facility location, work schedule, responsibilities, date ADC employment began, date ADC employment terminated, dates of any changes in position titles or responsibilities, DESCRIPTIONS of any changes in position titles or responsibilities and, if the person is not currently employed by ADC, the person's last known address and telephone number; and (b) a third-party contractor or entity means to state the name of the contractor or entity, the type of entity (*e.g.*, corporation, partnership, etc.); its address and telephone number; and any persons you are aware of who acted on behalf of that contractor or entity with respect to the events at issue in the discovery request; (c) IDENTIFY in any other context means to provide as much INFORMATION REGARDING the thing to be identified as is in the possession of the ADC.

5.      "INFORMATION" means any knowledge you have, any evidence of any type, any facts of which you are aware and any inferences or speculation of which you are aware, all regardless of the source.  When INFORMATION you provide is based solely on inference or speculation, specifically so state in your response.  When providing INFORMATION, provide the names of involved individuals, actions relevant to the requested INFORMATION, dates and times when known, locations, and any other knowledge you have about the subject of the discovery request.  When asked to provide INFORMATION about one or more individuals, IDENTIFY the individual or individuals and provide any other INFORMATION you have about such person or persons.

6.      "MINUTES" means notes or any other recording reflecting the content of a meeting, whether written contemporaneously with or subsequent to the meeting.

7.      "POLICIES AND PROCEDURES" means policies, procedures, criteria, or practices, whether written, oral or established through custom or use, including, but not

limited to, policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders, and any other DOCUMENTS designed to direct the actions of ADC personnel, ADC contractors, and/or PRISONERS.

8. "PRISONER" means a person incarcerated by the ADC.

9. "REGARDING" or "REGARDED" to any given subject matter means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

## TOPICS

1. The identity of all ADC employees and contractors during the period of January 1, 2011 to the present who are or were responsible for managing, servicing, and/or maintaining the ADC's electronically stored information, computer systems, DOCUMENT retention systems, and technology infrastructure, including but not limited to servers, computers, hardware, software, e-mail systems, personal digital assistants, telephones, and other similar electronic devices.

2. The ADC's current and prior system(s) and software used to create, transmit, store, retrieve, and delete e-mail and instant messages, including but not limited to name and version, time period when each was used, location of servers, location of users' mail files, system configurations, whether an auto-delete agent is or was active and when deactivated, and whether any size restrictions are or were imposed.

3. The file size and number of e-mails in the e-mail accounts of Charles Ryan, Richard Pratt, Jeff Hood, Michael Adu-Tutu, Hector F. Garcia, Erne Carson McWilliams, Ernest Trujillo, and Richard Rowe.

4. The types of computers, hardware, desktop operating systems, networks, and communications hardware and software used by the ADC.

5. Locations where the ADC can save DOCUMENTS and/or where relevant DOCUMENTS may be stored, including but not limited to local hard drives on workstations, laptops or mobile devices, e-mail and file servers, network drives, share drives, home/personal drives, document management systems (Sharepoint, Interwoven, etc.), FTP servers, portable storage media such as USB drives, cloud storage services such as Dropbox, and online workspaces such as WebEx.

6. The manner in and duration for which electronic DOCUMENTS are maintained, archived, indexed, and foldered, including DESCRIPTIONS of the hardware and software used, and where the hardware is physically located.

7. Backup and/or archival systems and procedures for electronically stored information (including those provided by third-parties), including without limitation the hardware and software used, the identity of what is being backed up or archived (e-mails, instant messages, voice mails, file servers, etc.), configurations (*e.g.*, incremental daily backups, full weekly backups, etc.), and rotation and retention schedules (*e.g.*, daily backups rotated every 14 days, weekly backups rotated every 35 days, etc.).

8. The manner in and duration for which paper DOCUMENTS are indexed, stored, located (including onsite and/or offsite storage), and maintained.

9. POLICIES AND PROCEDURES REGARDING the retention or destruction of DOCUMENTS, including DOCUMENTS in the possession, custody or control of an ADC employee or contractor, a departing ADC employee or contractor, or an ADC employee or contractor who has already departed.

10. POLICIES AND PROCEDURES REGARDING data destruction from January 1, 2011 to the present and DESCRIPTION of all hardware or software used to facilitate the deletion of data subject to any data destruction POLICIES AND PROCEDURES.

11. DESCRIPTION of DOCUMENTS relevant to the allegations, claims or potential defenses in this action that were deleted, destroyed, corrupted, damaged, lost, or overwritten.

12. Any hardware or software failure, crashes, catastrophic events or upgrades that have caused DOCUMENTS relevant to this action not to be preserved that otherwise would have been.

13. The transfer of DOCUMENTS to Wexford Health Sources Incorporated's possession, custody or control.

14. The ADC's retention, preservation, efforts to collect, and collection of DOCUMENTS before October 12, 2011 in anticipation of this or similar litigation.

15. ADC's retention, preservation, efforts to collect, and collection of DOCUMENTS on or after October 12, 2011 either in anticipation of this or similar litigation, or on or after its commencement and relevant to the allegations or claims in the complaint and any potential defenses.

**ATTACHMENT B**

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Plaintiff Victor Antonio Parsons hereby requests that the ADC produces the following documents for inspection and copying at Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoenix, Arizona 85012.

**DEFINITIONS**

For purposes of these requests, the following definitions shall apply:

1. "ADC" means the Arizona Department of Corrections, including all its current and former subdivisions, agents, employees, contractors, and attorneys, including specifically Charles Ryan, Richard Pratt, Michael Adu-Tutu, and Wexford Health Sources Incorporated.

2. "DESCRIBE" and "DESCRIPTION" means to provide all available INFORMATION.

3. "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and DESCRIPTION and every tangible thing that is or has been in the possession, custody, or control of the ADC, to which they have access, or of which they have knowledge, including, but not limited to, e-mail, instant messages, voice mail, correspondence, letters, contracts, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, news articles, magazine articles, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, MINUTES, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, electronically stored information, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device). "DOCUMENT" and "DOCUMENTS" includes, but is not

limited to, all DOCUMENTS generated by or maintained in the Director's Project Tracking System, official ADC papers, and the ADC's intranet.

4. "IDENTIFY" and "IDENTIFICATION" with respect to (a) a person means to state the person's full name and specify whether or not the person is or has been an ADC employee, and if so, to state the employee's position title, facility location, work schedule, responsibilities, date ADC employment began, date ADC employment terminated, dates of any changes in position titles or responsibilities, DESCRIPTIONS of any changes in position titles or responsibilities and, if the person is not currently employed by ADC, the person's last known address and telephone number; and (b) a third-party contractor or entity means to state the name of the contractor or entity, the type of entity (*e.g.*, corporation, partnership, etc.); its address and telephone number; and any persons you are aware of who acted on behalf of that contractor or entity with respect to the events at issue in the discovery request; (c) IDENTIFY in any other context means to provide as much INFORMATION REGARDING the thing to be identified as is in the possession of the ADC.

5. "INFORMATION" means any knowledge you have, any evidence of any type, any facts of which you are aware and any inferences or speculation of which you are aware, all regardless of the source. When INFORMATION you provide is based solely on inference or speculation, specifically so state in your response. When providing INFORMATION, provide the names of involved individuals, actions relevant to the requested INFORMATION, dates and times when known, locations, and any other knowledge you have about the subject of the discovery request. When asked to provide INFORMATION about one or more individuals, IDENTIFY the individual or individuals and provide any other INFORMATION you have about such person or persons.

6. "MINUTES" means notes or any other recording reflecting the content of a meeting, whether written contemporaneously with or subsequent to the meeting.

7. "POLICIES AND PROCEDURES" means policies, procedures, criteria, or practices, whether written, oral or established through custom or use, including but not

limited to policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders, and any other DOCUMENTS designed to direct the actions of ADC personnel, ADC contractors, and/or PRISONERS.

8. "PRISONER" means a person incarcerated by the ADC.

9. "REGARDING" or "REGARDED" to any given subject matter means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

10. "RESPONSE DATE" means date upon which you respond to these discovery requests, or, if you amend or supplement your response, the date of your amendment or supplement.

**INSTRUCTIONS**

1. You are required to furnish all DOCUMENTS in your possession, custody, or control, including those DOCUMENTS that are in the possession, custody or control of your (1) employees; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on your behalf or at your direction, whether doing so directly or at the direction of your subordinates. Possession, custody, or control includes DOCUMENTS stored in electronic form by third party service providers but accessible to the ADC, including but not limited to e-mail accounts, FTP servers, portable storage media such as USB drives, cloud storage services such as Dropbox or SharePoint , and online workspaces such as WebEx.

2. All non-identical copies of every DOCUMENT whose production is sought shall be separately produced.

3. Each request herein constitutes a request for DOCUMENTS in their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation. DOCUMENTS attached to each other, including but not limited to, by

staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated, although any page on which a Post-It note covers or obscures text on the DOCUMENT should be produced both with and without the Post-It note. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the DOCUMENTS.

4. You shall produce any and all drafts and copies of each DOCUMENT that are responsive to any request, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations. The author(s) of all hand-written notes should be identified.

5. You shall produce all responsive DOCUMENTS as they have been kept in the ordinary course of business.

6. Responsive DOCUMENTS that exist only in paper form shall be organized as they have been kept in the ordinary course of business and shall be produced according to the following protocol:

a. Paper DOCUMENTS shall be scanned and produced in TIFF image form at a resolution sufficient to enable the generation of searchable text using Optical Character Recognition ("OCR").

7. Responsive DOCUMENTS that exist in electronic form, even if such DOCUMENTS also exist in paper form, shall be produced in electronic form according to the following protocol:

a. Electronic DOCUMENTS shall be produced electronically as single page, uniquely and sequentially numbered Group IV TIFF image files of not less than 300 dots per inch resolution, together with DOCUMENT level load files wherein the full text was extracted directly from the native file where possible.

b. For files produced in TIFF image form, each page of a produced DOCUMENT shall have a legible, unique production number electronically "burned" onto the TIFF image in such a manner that

information from the source DOCUMENT is not obliterated, concealed, or interfered with, preferably in the lower right corner of the DOCUMENT. The production number shall contain at least six digits. There shall be no other legend or stamp placed on the DOCUMENT image, unless a DOCUMENT qualifies for confidential treatment pursuant to the terms of any protective order in this matter, or if the DOCUMENT requires redaction. In the case of confidential materials as defined by any protective order in this matter, any applicable designation may be "burned" onto the DOCUMENT's image at a location that does not obliterate or obscure any information from the source DOCUMENT, preferably in the lower left corner.

c. Each DOCUMENT image file shall be named with the unique production number of the page of the DOCUMENT in question, followed by the extension ".tif". File names should not be more than 20 characters long or contain spaces.

d. For files produced in TIFF image format, each page of a DOCUMENT shall be electronically saved as an image file. If a DOCUMENT is more than one page, the unitization of the DOCUMENT and any attachments and/or affixed notes shall be maintained as they existed in the original DOCUMENT.

e. TIFF images shall be accompanied by a standard load file containing the metadata and other fields identified in Paragraph 7(j) of these Instructions, below. The load file shall be produced in one of the following industry-standard formats: (1) Concordance delimited file (".dat"); (2) comma-separated value file (".csv"); or (3) TAB delimited file. TIFF images shall also be accompanied by either an Opticon delimited cross-reference file (".opt") or IPRO View LFP

comma-delimited file showing DOCUMENT breaks and appropriate DOCUMENT unitization.

f. In addition to TIFF images, each production of electronic DOCUMENTS shall include searchable text files corresponding to the TIFF images for each DOCUMENT. The full text of each native electronic DOCUMENT, excluding redacted DOCUMENTS, shall be extracted directly from the native file and produced in a DOCUMENT-level related text file (the "Extracted Text"). The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with the unique production number of the first page of the corresponding TIFF DOCUMENT followed by the extension ".txt". You shall also perform OCR on certain types of non-text based static image electronically stored information, such as native PDF image files, and produce the corresponding DOCUMENT-level related text files. Searchable text files shall be generated from Extracted Text where available.

g. DOCUMENTS shall be produced on optical media (CD or DVD) or external hard drives or similar, readily accessible electronic media (the "Production Media"). Each piece of Production Media shall IDENTIFY a production number corresponding to the party and production with which the DOCUMENTS on the Production Media are associated (*e.g.*, "RYAN 001"), as well as the volume of the material in that production (*e.g.*, "- 001", "-002"). For example, if the first production wave by you comprises DOCUMENT images on three hard drives, you shall label each hard drive in the following manner: "RYAN 001-001", "RYAN 001-002", and "RYAN 001-003." The face of each piece of Production Media shall also

IDENTIFY: (1) the production date; and (2) the production number range of the materials contained on the Production Media.

h. Presentation DOCUMENTS (such as Microsoft PowerPoint DOCUMENTS) shall be produced with one slide per page together with any "Speaker's Notes" or similar pages appended to, or otherwise associated with, each slide. Presentation DOCUMENTS shall also be produced according to all other applicable Instructions set forth in this set of requests.

i. Unless redaction is required, spreadsheet DOCUMENTS (such as Microsoft Excel DOCUMENTS) shall be produced in native format, together with a single page TIFF placeholder bearing the legend "Native File Produced" and load files containing the agreed upon metadata, extracted text, production numbers and any applicable confidentiality labels as described above. If redaction is required, then spreadsheets shall be produced in TIFF image format as set forth above.

j. For all DOCUMENTS for which metadata exists, the load files described above shall be produced including the following fields:

| **Fields for all DOCUMENTS** | **Description** |
|---|---|
| BegProd | Beginning production number assigned to each DOCUMENT |
| EndProd | Ending production number assigned to each DOCUMENT |
| BegAttach | Beginning production number assigned to the group of DOCUMENTS to which the parent DOCUMENT and any attachment DOCUMENTS are associated |
| EndAttach | Ending production number assigned to the group of DOCUMENTS to which the parent DOCUMENT and any attachment DOCUMENTS are associated |

| **Fields for all DOCUMENTS** | **Description** |
|---|---|
| Custodian | The name of the person or source from which the DOCUMENT was obtained |
| FileName | Original file name |
| FilePath | Original file path |
| DocExt | DOCUMENT type as identified by metadata associated with the native DOCUMENT indicating the extension of the application that created the native DOCUMENT (*e.g.*, .doc, .ppt, etc.) |
| HashValue | The unique identifying value assigned to a DOCUMENT based on hash coding algorithms |
| Author | The person or source that originated the DOCUMENT |
| DateCreated | Date that the DOCUMENT was created (as reflected by metadata) |
| LastModifiedDate | Date that the file was last modified (as reflected by metadata) |
| FullText | The path or link to the searchable Extracted or OCR text for a DOCUMENT |
| NativeFile | The path or link to a processed and produced native file, to the extent the production contains native files |
| Confidentiality | The confidentiality designation for the DOCUMENT, as defined by any protective order in this matter |
| **Additional Fields for E-mail** | **Description** |
| To | All information contained in the "To" field of an e-mail |
| From | All information contained in the "From" field of an e-mail |
| CC | All information contained in the "CC" field of an e-mail |
| BCC | All information contained in the "BCC" field of an e-mail |
| DateSent | Date the e-mail was sent, including month, day and year |
| TimeSent | Time the e-mail was sent, including hour, minute, second and time zone. To the extent this information is already included in the DateSent field in the metadata, you need not parse TimeSent |

| Fields for all DOCUMENTS | Description |
|---|---|
| | as a separate field. |
| DateReceived | Date the e-mail was received, including the month, day and year |
| TimeReceived | Time the e-mail was received, including hour, minute, second and time zone. To the extent this information is already included in the DateReceived field in the metadata, you need not parse TimeReceived as a separate field. |
| Subject | Subject or "Re:" line, as stated in the e-mail |

8. If with respect to any request there are no responsive DOCUMENTS, so state in writing.

9. The following rules of construction shall be applied herein: (a) the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of their scope ; (b) the use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural; (c) the words "any," "all," "each" and "every" all include any, all, each, and every and shall be understood in either their most or least inclusive sense as necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of their scope; and (d) the use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of the DOCUMENT requests all responses that might otherwise be construed to be outside of their scope.

10. If you object to a portion or an aspect of a request, state the grounds for your objection with specificity and respond to the remainder of the DOCUMENT request. If any DOCUMENTS, or portion thereof, are withheld because you claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, you are required to provide a privilege log setting forth the

specific basis for the claim of privilege or protection and for each DOCUMENT provide the following:

      a.    the subject matter of the DOCUMENT;

      b.    the title, heading or caption of the DOCUMENT, if any;

      c.    the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

      d.    the type of the DOCUMENT (*e.g.*, whether it is a letter, memorandum, MINUTES of meeting, etc.) and the number of pages of which it consists;

      e.    the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

      f.    the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

      g.    the identity of each person who has custody of a copy of each such DOCUMENT.

11. If you claim that a portion of a DOCUMENT is protected from disclosure for any reason, produce such DOCUMENT with redaction of only the portion claimed to be protected. When such redactions for privilege or protection are made, you shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced. All redactions shall also be included on the privilege log described in Instruction #10.

12. If you object that a request is vague or ambiguous, IDENTIFY the objectionable aspect of the request.

13. If a request cannot be responded to in full, you shall respond to the extent possible, specify the reason for your inability to respond to the remainder, and state whatever information or knowledge you have REGARDING the portion to which you have not responded.

14. If any DOCUMENT called for by these requests has been destroyed, lost, discarded, or is otherwise no longer in your possession, custody, or control, IDENTIFY such DOCUMENT as completely as possible, and specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the DOCUMENT.

15. These requests are sequentially numbered and each numbered paragraph constitutes a single request. Defined terms may be capitalized for the convenience of the parties; the definitions herein apply whether or not the term is capitalized.

16. Except where expressly stated, these requests are not limited in any way by geography.

17. These requests shall be deemed continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Supplemental responses are required if additional responsive information is acquired or discovered between the time of responding to this request and the time of trial.

18. Unless otherwise specified, the relevant time period, and the period for which you are required to provide responsive DOCUMENTS, is from and including January 1, 2011 up to and including the RESPONSE DATE.

**DOCUMENTS REQUESTED**

1. All DOCUMENTS that the deponent used or may need to refresh his or her recollection as to any of the topics of the Rule 30(b)(6) deposition.

2. All DOCUMENTS that the deponent will consult or rely upon in preparation for the Rule 30(b)(6) deposition.

3. All DOCUMENTS that refer or relate to the topics of the Rule 30(b)(6) deposition.

4. DOCUMENTS sufficient to IDENTIFY (i) individuals who act as custodians of records; (ii) individuals responsible for management, organization, retention, preservation, and destruction of electronically stored information or paper DOCUMENTS; (iii) individuals responsible for information services or information

technology; and (iv) individuals responsible for creating and maintaining backups for archiving DOCUMENTS.

5. DOCUMENTS sufficient to show ADC's current and prior system(s) and software used to create, transmit, store, retrieve, and delete e-mail and instant messages, including but not limited to name and version of systems, time period when each was used, location of servers, location of users' mail files, system configurations, whether an auto-delete agent is or was active and when deactivated, and whether any size restrictions are or were imposed.

6. DOCUMENTS that reflect or DESCRIBE your POLICIES AND PROCEDURES for use, retention or destruction of e-mail, instant messages or other forms of electronic communications.

7. DOCUMENTS sufficient to show network architecture or system and technology infrastructure.

8. DOCUMENTS that reflect or DESCRIBE the backup and/or archival systems and procedures for electronically stored information (including those provided by third-parties), including without limitation the hardware and software used, the identity of what is being backed up or archived (e-mails, instant messages, voice mails, file servers, etc.), configurations (*e.g.*, incremental daily backups; full weekly backups, etc.), and rotation and retention schedules (*e.g.*, daily backups rotated every 14 days; weekly backups rotated every 35 days, etc.).

9. DOCUMENTS that reflect or DESCRIBE DOCUMENT retention and/or destruction POLICIES AND PROCEDURES.

10. DOCUMENTS REGARDING the concealment, destruction or spoliation of any DOCUMENTS relevant to the allegations, claims or potential defenses in this action.

11. DOCUMENTS REGARDING the transfer of DOCUMENTS to Wexford Health Sources Incorporated's possession, custody or control.