**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VICTOR ANTONIO PARSONS, et al., | ) |
| | ) No. 2:12-CV-00601-NVW |
| Plaintiffs, | ) |
| | ) **(PROPOSED) PROTECTIVE** |
| v. | ) **ORDER** |
| | ) |
| CHARLES RYAN, et al., | ) |
| | ) |
| Defendants. | ) Hon. Neil V. Wake |
| | ) |

Upon Motion and pursuant to the stipulation of the parties, and based on its independent review, the Court hereby orders that to preserve the confidentiality of certain documents, testimony, and information produced in this litigation, the following provisions shall apply:

1.  All protected health information and security information obtained in this action shall be regarded as confidential information and subject to this Protective Order.  For the purpose of this Protective Order, the term "confidential information" shall refer to documents, or portions thereof, discovery responses, testimony, and copies, notes, extracts, summaries or descriptions of such material.  "Protected health information" (hereinafter "PHI") is defined by the Health Insurance Portability and Accountability

Act, 45 CFR §160.103.  The term "security information" refers to all documents that would threaten prison safety and security if disclosed without protective conditions.

2.  Any party, including a third party, that produces documents containing PHI, shall mark the document, or portions thereof containing PHI as "Confidential Protected Health Information – Subject to Protective Order." A party producing PHI that belongs to another party or third party is obligated to mark it consistent with this Protective Order.

3.  The designation of material as confidential shall be made by placing or fixing on the first page of the material, in a manner that will not interfere with the material's legibility, the words "Confidential Information – Subject to Protective Order."

4.  Any confidential information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement:  "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order."  Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel.  Upon failure of the filing party to file confidential information under seal, any party may request that the Court place the document under seal.  The procedures of Local Rule 5.6 shall be followed.

5.  Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action.  Confidential personal or security information respecting one prisoner or parolee shall not be disclosed to or discussed with any other present or former prisoner or parolee.  All confidential information shall be stored in a secure location.  Access to confidential information shall be limited to those persons designated as "qualified persons" in paragraph 6 below.

6. Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):

    a. Counsel of record for the parties, and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

    b. The Court and court personnel;

    c. Stenographic reporters engaged in such proceedings;

    d. All experts and consultants retained by the parties;

    e. Witnesses to whom confidential information may be disclosed during a deposition taken in the matter or otherwise during the preparation for trial. Such witnesses may not leave the deposition with copies of any confidential information unless it is their own confidential information; and,

    f. Any person expressly named and agreed to in writing by Counsel for the parties.

7. Before being given access to confidential information received from an opposing party or a third party, each qualified person listed in Paragraph 6 (other than counsel of record, the Court, and Court personnel) shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree on the record in deposition or in open Court or in writing to be bound by the Agreement by signing a document substantially similar to Exhibit A hereto.  Unless such an agreement is made on the record, the person making the disclosure shall retain the original executed agreement until termination of this litigation, or until otherwise ordered by the Court.  Counsel of record shall maintain a list of all qualified persons to whom they or their client have provided any confidential information, and that list shall be available for inspection by the Court and opposing Counsel by order of the Court.

8. Except to the extent otherwise permitted by this Protective Order, every qualified person provided copies of or access to confidential information pursuant to this Order

shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of such material as confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such confidential information, except as permitted by this Order.

9. If any Counsel of record distributes copies of material containing confidential information to one or more qualified persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that Counsel of record at the completion of a qualified person's consultation or representation in this case. That Counsel of record shall, upon request by opposing Counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of Counsel's knowledge, been returned as required.

10. After the termination of this action by entry of a final judgment or order of dismissal, and any appeal, the provisions of this Protective Order shall continue to be binding. The terms of this Order constitute and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by Rules of Professional Conduct in this jurisdiction).  The terms of this Protective Order may be enforced by specific performance in any court of competent jurisdiction.  Within 90 calendar days of the final conclusion of this litigation (including all time for appeals, or the expiration or dissolution by the Court of any consent decree, order or judgment, whichever is later), each party shall destroy all documents or parts thereof designated as confidential information, and all copies thereof in its possession, including documents in the possession of all persons hired or retained by plaintiff to assist in connection with this litigation.

11. Nothing in this order is intended to prevent Defendants or their employees or agents from having access to confidential personal or security information to which they have access in the normal course of their official duties.  Nothing in this order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.  The designation of documents provided by the Defendants as confidential information shall not be construed to restrict the their right of the Defendants to utilize such information in the ordinary course of operation of the correctional institutions of the State, and in the provision of care and custody to prisoners confined in such institutions.

12. If a party inadvertently produces confidential information without the required label, the producing party shall inform the receiving party in writing and the specific material at issue immediately upon discovering the inadvertent omission.  Likewise, if a receiving party contends that confidential information was produced without the required label, the receiving party shall inform the producing party in writing and the specific material at issue upon discovering the failure to label the information.  Upon receipt of notice, all parties shall treat the material identified in the notice as confidential unless and until this Court enters an order stating that the document shall not be treated as confidential information.

13. If a receiving party contends that any document has been erroneously or improperly designated confidential, it shall treat the document as confidential unless and until this Court enters an order stating that the document shall not be treated as confidential information.

14. The following procedures and limitations shall apply with respect to security information:

   a.  Defendants shall notify Counsel for Plaintiffs of documents, or categories of documents, that contain security information;

   b.  If, in the view of the Defendants, there are documents that contain security

information that should not be disclosed under a protective order because to do so may endanger the safety and security of an institution or person (including any present or former prisoner or staff member), Defendants may redact such information prior to providing copies of the documents to Plaintiffs' counsel, and shall notify Plaintiffs' counsel of the nature of the redacted information.

c.  If, in the judgment of Plaintiffs' counsel, such information is necessary for the conduct of this litigation, the documents containing such information will be expeditiously presented to the Court for an *in camera* review to determine whether and to what extent such information must be disclosed under a protective order.

d.  Defendants shall not be permitted to use any security information at trial in this case which should have been provided to Counsel for Plaintiffs in accordance with discovery requests, applicable disclosure rules, and Court orders.

15. The substance of an individual's written or oral testimony, or the fact that an individual has testified to or provided information during the discovery process, may not be used against the person for disciplinary purposes or to otherwise intimidate or retaliate against the individual.  This applies to all persons, including but not limited to current and former ADC staff and contractors, and prisoners and parolees.

16. This Protective Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, and other persons or organizations over whom or which the parties have control.

17. By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes to the admissibility at trial of any such document or of any information contained in any such document.

18. The provisions of this order are without prejudice to the right of any party:  a) to apply to the Court for a modification of this order or further protective orders relating to discovery in this litigation; b) to apply to the Court for an order removing the

confidential information designation from any document; c) to object to a discovery request; or d) to apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

19. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney client privilege or other applicable privilege, the work product doctrine, relevance, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

20. This order does not govern trial or other public proceedings. The parties shall address the court at a later date on appropriate procedures for trial and other public proceedings.

21. The provisions of this order shall remain in full force and effect until further order of this Court.


IT IS SO ORDERED.


DATED: