Jennifer A. Alewelt  (Bar No.  027366)
Asim Varma (Bar No. 027927)
ARIZONA CENTER FOR DISABILITY LAW
5025 East Washington Street, Suite 202
Phoenix, Arizona  85034
(602) 274-6287
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
*Attorneys for Plaintiff*
*Arizona Center for Disability Law*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| VICTOR ANTONIO PARSONS, et al., | ) |
| Plaintiffs, | ) No. 2:12-CV-00601-NVW |
| v. | ) **DECLARATION OF JENNIFER A. ALEWELT IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |
| CHARLES RYAN, et al., | ) |
| Defendants. | ) Hon. Neil V. Wake |

I, Jennifer Alewelt declare:

1.      I am an attorney with the Arizona Center for Disability Law and I represent Plaintiff Arizona Center for Disability Law in the above captioned matter.

2.      On Friday, June 15, 2012, I e-mailed counsel for Defendants on behalf of Plaintiff Arizona Center for Disability Law and Named Plaintiffs (collectively "Plaintiff Group") regarding the need for a Protective Order to ensure the confidentiality of Protected Health Information of prisoners during discovery.  I also enclosed a Proposed Protective Order prepared by Plaintiff Group and asked Defendants to coordinate a joint

Proposed Protective Order to file with the Court.  A true and correct copy of my e-mail and the Proposed Protective Order is attached herein as Exhibit 1.

3.     On Wednesday, June 27, 2012, Courtney Cloman, counsel of record for Defendants, e-mailed me and counsel for Named Plaintiffs confirming that Defendants were in receipt of Plaintiff Group's Proposed Protective Order and agreed that a Protective Order was necessary in this case.  Ms. Cloman indicated that Defendants would provide a draft of a Protective Order to Plaintiff Group in attempt to address the concerns of all parties.  A true and correct copy of Ms. Cloman's e-mail is attached herein as Exhibit 2.

4.     As of Thursday, July 5, 2012, I had not yet received any further correspondence from Defendants regarding the Proposed Protective Order.  I e-mailed counsel for Defendants requesting that any revisions to the Proposed Protective Order be provided to counsel for Plaintiff Group by July 8, 2012, to allow for resolution of any disputes before any initial discovery responses were served.  A true and correct copy of my e-mail is attached herein as Exhibit 3.

5.     On Friday, July 6, 2012, Ms. Cloman responded via e-mail indicating that Defendants hoped to provide feedback the Proposed Protective Order by "the early part of next week if not by Monday."  A true and correct copy of Ms. Cloman's e-mail is attached herein as Exhibit 4.

6.     As of Wednesday, July 11, 2012, Defendants had not provided any feedback relating to the Proposed Protected Order.  I attempted to contact Ms. Cloman by telephone to inquire as to the status of Defendants' comments on the Proposed

Protective Order.  I reached Ms. Cloman's voicemail and left a message regarding the same on her voicemail.

7.     Later in the day of July 11, 2012, Ms. Cloman left me a voice message indicating that the Defendants were still in possession of the Proposed Protective Order, but that she hoped to have the draft back by the following day.  Ms Cloman also indicated she would be in contact with me if she expected that a draft would not be ready for circulation by Friday, July 13, 2012.

8.     As of Monday, July 16, 2012, I had not yet heard anything from Counsel for Defendants regarding the Proposed Protective Order.  I called Ms. Cloman to inquire as to the status of Defendants' comments on the Proposed Protective Order and left a voicemail regarding the same on Ms. Cloman's voicemail.

9.     On Tuesday, July 17, 2012, Ms. Cloman e-mailed Defendants' first draft of their Protective Order to Plaintiff Group for review.  A true and correct copy of Ms. Cloman's e-mail and Defendant's Proposed Protective Order is attached herein as Exhibit 5.

10.     Later on July 17, 2012, I wrote Ms. Cloman via e-mail, and included a Second Proposed Protective Order, again asking Defendants to provide feedback. The new Proposed Order was designed to encompass Defendants' security concerns that were raised in their proposed draft.  The Plaintiff Group's Second Proposed Protective Order was based off Plaintiff Group's original working draft from June 15, 2012 and included redlined text showing the proposed revisions.  A true and correct copy of my e-mail and Plaintiffs' Second Proposed Protective Order is attached herein as Exhibit 6.

11.  On July 18, 2012, Ms. Cloman responded to Plaintiff Group via e-mail and stated that Defendants believed that the Proposed Protective Order sent to Plaintiff Group on July 18, 2012, was "reasonable and narrowly tailored."  Ms. Cloman indicated that if "we cannot agree to the language in Defendants' Proposed Protective Order," then the parties should each submit their respective orders and "allow the Court to determine the correct path."  A true and correct copy of Ms. Cloman's July 18 e-mail is attached herein as Exhibit 7.

12.  Later on July 18, 2012, I attempted to contact Ms. Cloman by telephone in attempt to identify any areas of agreement or commonalities between the parties' proposals before proceeding with Ms. Cloman's proposal for each party to submit its own draft of a Protective Order.  She again was unavailable, and I left her a voicemail regarding the same.

13.  As of the date of this filing, I have not received a response from Ms. Cloman to my July 18, 2012 voicemail.


I declare under penalty of perjury the foregoing is true and correct .

Executed this _19th_ day of July, 2012.


_Jennifer A. Alewelt_
Jennifer A. Alewelt

# EXHIBIT "1"

## Jennifer Alewelt

| | |
|---|---|
| **From:** | Jennifer Alewelt |
| **Sent:** | Friday, June 15, 2012 4:06 PM |
| **To:** | 'tbojanowski@swlfirm.com'; 'KShadoan@swlfirm.com' |
| **Cc:** | 'Fathi, David'; 'Don Specter'; Mavis Lauritzen |
| **Subject:** | Parsons, et al. v. ADOC; Case No. 12-cv-00601 |
| **Attachments:** | Ltr to T. Bojanowski RE Protective Order 6.15.12.pdf |

Greetings,

Please see the attached correspondence regarding the above referenced matter.  Original will follow by first class mail.

Thanks,

Jennifer

Jennifer Alewelt, Esq.
Staff Attorney
Arizona Center for Disability Law
5025 E. Washington Suite 202
Phoenix, AZ  85034
Phone (602) 274-6287 ext. 214
Fax (602) 274-6779

www.azdisabilitylaw.org
**Facebook:** http://www.facebook.com/pages/Arizona-Center-for-Disability-Law/134193483284046?ref=search#
**Twitter:** www.twitter.com/azdisabilitylaw
**Ning:** www.acdlaw.ning.com

This communication is confidential and is intended only for the use of the individual or entity named above.  If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone at 1 (800) 927-2260.



June 15, 2012

**VIA FIRST CLASS AND ELECTRONIC MAIL**

Timothy J. Bojanowski
Struck Wieneke & Love
3100 W. Ray Rd., Ste. 300
Chandler, AZ 85226

   Re: *Parsons, et. al. v. ADOC*
     U.S. District Court of Arizona; 2:12-cv-00601

Dear Mr. Bojanowski:

   The Arizona Center for Disability Law ("ACDL") is designated as Arizona's protection and advocacy organization for persons with disabilities. ACDL advocates for the legal rights of persons with disabilities to be free from abuse, neglect, and discrimination and to gain access to services, maximize independence, and achieve equality. Among other responsibilities, ACDL is vested with authority to pursue "legal and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the State . . . ." 42 U.S.C. §10805(a)(1)(B). This includes the authority to bring suit on behalf of ACDL constituents, including persons with mental illness. *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1110 (9th Cir. 2003); *Doe v. Stincer*, 175 F.3d 879, 886 (11th Cir.1999). As a party to this suit, ACDL is entitled to conduct its own discovery. Fed. R. Civ. Pro. 26(a)(1)(A), (b)(1). Pursuant to Rule 26(b), this letter shall serve as an attempt to meet and confer regarding the course and plan for discovery in this case.

   The information ACDL requires to effectively represent is constituents may include protected health information ("PHI"), such as names of prisoners with mental illness, psychiatric records, records of medication, and other related mental health information. 45 C.F.R. § 164.105(a)(2)(C), 164.502(a). ACDL recognizes the sensitive and private nature of PHI and, as such, suggests a protective order to ensure the PHI of prisoners is protected for the duration of the litigation. Fed. R. Civ. Pro. 5.2(e)(2). Counsel for named Plaintiffs has agreed that a protective order is necessary to safeguard the PHI of prisoners and have reviewed and approved the proposed order. The enclosed proposed protective order was drafted to ensure confidentiality and avoid improper disclosure of highly sensitive information. If counsel for Defendants would like to coordinate filing a joint protective order, we are

5025 E. Washington Street, Suite 202      100 N. Stone Avenue, Suite 305
Phoenix, Arizona 85034-2005       Tucson, Arizona 85701
(602) 274-6287 (Voice/TTY) – (602) 274-6779 (Fax)  (520) 327-9547 (Voice) – (520) 884-0992 (Fax)
www.azdisabilitylaw.org          (877) 327-7754 (TTY)

willing to discuss possible modifications such that joint filing is possible.  In order to ensure that a protective order is in place at the time initial discovery is propounded, we will file a motion along with our proposed protective order by June 29, 2012, if there are no comments regarding the language prior to that date.

Please feel free to contact us with any questions.

Sincerely,

Jennifer Alewelt

Jennifer Alewelt

Enclosure:  Proposed Protective Order

C:          Don Specter
            David Fathi

Daniel J. Pochoda (SBA 021979)
Kelly Flood (SBA 019772)
James Duff Lyall (SBA 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 N. 7th Street, Suite 235
Phoenix, AZ  85013
Telephone: (602) 650-1854
dpochoda@acluaz.org
kflood@acluaz.org
jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
*Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
*Christina Verduzco, Jackie Thomas, Jeremy Smith,*
*Robert Gamez, Maryanne Chisholm, Desiree Licci,*
*Joseph Hefner, Joshua Polson, and Charlotte Wells,*
*on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Jennifer Alewelt (SBA 027366)
Ruth Szanto (SBA 029073)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington St. Suite 202
Phoenix, AZ  85034
Telephone (602) 274-6287
jalewelt@azdisabilitylaw.org
rszanto@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-NVW (MEA)<br><br>**[PROPOSED]**<br>**PROTECTIVE ORDER** |

Upon Motion and pursuant to the stipulation of the parties, and based on its independent review, the Court hereby orders that to preserve the confidentiality of certain documents, testimony, and information produced in this litigation, the following provisions shall apply:

1. All protected health information obtained in this action shall be regarded as confidential information and subject to this Protective Order. For the purpose of this Protective Order, the term "confidential information" shall refer to documents, or portions thereof, discovery responses, testimony, and copies, notes, extracts, summaries or descriptions of such material. "Protected health information" (hereinafter "PHI") is defined by the Health Insurance Portability and Accountability Act, 45 CFR §160.103.

2. Any party, including a third party, that produces documents containing PHI, shall mark the document, or portions thereof containing PHI as "Confidential Protected Health Information – Subject to Protective Order." A party producing PHI that belongs to another party or third party is obligated to mark it consistent with this Protective Order.

3. The designation of material as confidential shall be made by placing or fixing on the first page of the material, in a manner that will not interfere with the material's legibility, the words "Confidential Protected Health Information – Subject to Protective Order."

4. Any confidential information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement: "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to file confidential information under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 5.6 shall be followed.

1   jurisdiction.  Within 90 calendar days of the final conclusion of this litigation

2   (including all time for appeals, or the expiration or dissolution by the Court of any

3   consent decree, order or judgment, whichever is later), each party shall destroy all

4   documents or parts thereof designated as confidential information, and all copies

5   thereof in its possession, including documents in the possession of all persons hired

6   or retained by plaintiff to assist in connection with this litigation.

7   11. Nothing in this order is intended to prevent Defendants or their employees or agents

8   from having access to confidential information to which they have access in the

9   normal course of their official duties.

10  12. If a party inadvertently produces confidential information without the required label,

11  the producing party shall inform the receiving party in writing and the specific

12  material at issue immediately upon discovering the inadvertent omission.  Likewise,

13  if a receiving party contends that confidential information was produced without the

14  required label, the receiving party shall inform the producing party in writing and the

15  specific material at issue upon discovering the failure to label the information.  Upon

16  receipt of notice, all parties shall treat the material identified in the notice as

17  confidential unless and until this Court enters an order stating that the document

18  shall not be treated as confidential information.

19  13. If a receiving party contends that any document has been erroneously or improperly

20  designated confidential, it shall treat the document as confidential unless and until

21  this Court enters an order stating that the document shall not be treated as

22  confidential information.

23  14. The substance of an individual's written or oral testimony, or the fact that an

24  individual has testified to or provided information during the discovery process, may

25  not be used against the person for disciplinary purposes or to otherwise intimidate or

26  retaliate against the individual.  This applies to all persons, including but not limited

27  to current and former ADC staff and contractors, and prisoners and parolees.

28

15. This Protective Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, and other persons or organizations over whom or which the parties have control.

16. By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes to the admissibility at trial of any such document or of any information contained in any such document.

17. The provisions of this order are without prejudice to the right of any party: a) to apply to the Court for a modification of this order or further protective orders relating to discovery in this litigation; b) to apply to the Court for an order removing the confidential information designation from any document; c) to object to a discovery request; or d) to apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

18. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney client privilege or other applicable privilege, the work product doctrine, relevance, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

19. This order does not govern trial or other public proceedings. The parties shall address the court at a later date on appropriate procedures for trial and other public proceedings.

20. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

5

[PROPOSED] PROTECTIVE ORDER
2:12-cv-00601-NVW-MEA

**EXHIBIT A**

I, _____, have read the Protective Order in *Parsons v. Ryan,* Docket No. CV 12-00601-PHX-NVW (MEA).  I understand and agree to be bound by and abide by its terms.  I agree that all information provided to me in this matter is to be treated as confidential, and all copies of any kind, whether paper, electronic, or in other media, are to be provided to Plaintiffs' counsel immediately upon completion of any work performed by me.  I further consent to be subject to the jurisdiction of the United States District Court for the District of Arizona for the purposes of any proceeding relating to the enforcement of this Order, including, without limitation, any proceeding for contempt.

Date:

_____
Signature

_____
Printed Name

9

# EXHIBIT "2"

**Jennifer Alewelt**

| | |
|---|---|
| **From:** | Courtney Cloman [CCloman@swlfirm.com] |
| **Sent:** | Wednesday, June 27, 2012 2:49 PM |
| **To:** | Jennifer Alewelt; Tim Bojanowski; Kimberly Shadoan |
| **Cc:** | Fathi, David; Don Specter; Mavis Lauritzen |
| **Subject:** | RE: Parsons, et al. v. ADOC; Case No. 12-cv-00601 |

Jennifer,

We are in receipt of your proposed Protective Order.  We agree that a Protective Order is necessary; however, we believe a more comprehensive order is required.  We are working on a proposed order that encompasses both ACDL's concerns in your order and Defendants' concerns.  We hope to have a draft to you shortly.

Thank you,

Courtney R. Cloman

---

**From:** Jennifer Alewelt [mailto:jalewelt@azdisabilitylaw.org]
**Sent:** Friday, June 15, 2012 4:06 PM
**To:** Tim Bojanowski; Kimberly Shadoan
**Cc:** Fathi, David; Don Specter; Mavis Lauritzen
**Subject:** Parsons, et al. v. ADOC; Case No. 12-cv-00601

Greetings,

Please see the attached correspondence regarding the above referenced matter.  Original will follow by first class mail.

Thanks,

Jennifer

Jennifer Alewelt, Esq.
Staff Attorney
Arizona Center for Disability Law
5025 E. Washington Suite 202
Phoenix, AZ  85034
Phone (602) 274-6287 ext. 214
Fax (602) 274-6779


www.azdisabilitylaw.org
Facebook:  http://www.facebook.com/pages/Arizona-Center-for-Disability-Law/134193483284046?ref=search#
Twitter: www.twitter.com/azdisabilitylaw
Ning: www.acdlaw.ning.com


This communication is confidential and is intended only for the use of the individual or entity named above.  If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone at 1 (800) 927-2260.

If this email is spam, report it to www.OnlyMyEmail.com
This electronic mail transmission contains information from the law firm Struck Wieneke &
Love, P.L.C. that may be confidential or privileged. Such information is solely for the
intended recipient, and use by any other party is not authorized. If you are not the
intended recipient, be aware that any disclosure, copying, distribution or use of this
message, its contents or any attachments is prohibited. Any wrongful interception of this
message is punishable as a Federal Crime. Although this e-mail and any attachments are
believed to be free of any virus or other defect that might affect any computer system
into which it is received and opened, it is the responsibility of the recipient to ensure
that it is virus free and no responsibility is accepted by the sender for any loss or
damage arising in any way from its use. If you have received this message in error,
please notify the sender immediately by telephone (480) 420-1600. Thank you.


Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under
Circular 230, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments), unless otherwise specifically stated, was not
intended or written to be used, and cannot be used, for the purpose of (1) avoiding
penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to
another party any matters addressed herein.

# EXHIBIT "3"

## Jennifer Alewelt

| | |
|---|---|
| **From:** | Jennifer Alewelt |
| **Sent:** | Thursday, July 05, 2012 1:35 PM |
| **To:** | Jennifer Alewelt; Courtney Cloman; Tim Bojanowski; Kimberly Shadoan |
| **Cc:** | Fathi, David; Don Specter; Mavis Lauritzen; Caroline N Mitchell |
| **Subject:** | RE: Parsons, et al. v. ADOC; Case No. 12-cv-00601 |

Greetings Courtney,

If you have any revisions to the Protective Order, can you please get those to us by Monday of next week so that we can resolve any disputes before initial discovery responses are served?

Thanks in advance,

Jennifer

Jennifer Alewelt, Esq.
Staff Attorney
Arizona Center for Disability Law
5025 E. Washington Suite 202
Phoenix, AZ  85034
Phone (602) 274-6287 ext. 214
Fax (602) 274-6779


www.azdisabilitylaw.org
**Facebook:** http://www.facebook.com/pages/Arizona-Center-for-Disability-Law/134193483284046?ref=search#
**Twitter:** www.twitter.com/azdisabilitylaw
**Ning:** www.acdlaw.ning.com


This communication is confidential and is intended only for the use of the individual or entity named above.  If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone at 1 (800) 927-2260.

**From:** Jennifer Alewelt
**Sent:** Wednesday, June 27, 2012 4:12 PM
**To:** 'Courtney Cloman'; Tim Bojanowski; Kimberly Shadoan
**Cc:** Fathi, David; Don Specter; Mavis Lauritzen
**Subject:** RE: Parsons, et al. v. ADOC; Case No. 12-cv-00601

Hi Courtney,

Thanks for the update.  We look forward to your input.

Jennifer

Jennifer Alewelt, Esq.
Staff Attorney
Arizona Center for Disability Law
5025 E. Washington Suite 202

# EXHIBIT "4"

**Jennifer Alewelt**

| | |
|---|---|
| **From:** | Courtney Cloman [CCloman@swlfirm.com] |
| **Sent:** | Friday, July 06, 2012 2:12 PM |
| **To:** | Jennifer Alewelt; Tim Bojanowski; Kimberly Shadoan |
| **Cc:** | Fathi, David; Don Specter; Mavis Lauritzen; Caroline N Mitchell |
| **Subject:** | RE: Parsons, et al. v. ADOC; Case No. 12-cv-00601 |

Good afternoon, Jennifer –

I am working on a proposed protective order for the parties to review. We hope to get it to you by Monday but we are discussing it with our client to insure the relevant safety concerns have been addressed properly.  We will have it to you the early part of next week if not by Monday.

Thank you,

Courtney

**From:** Jennifer Alewelt [mailto:jalewelt@azdisabilitylaw.org]
**Sent:** Thursday, July 05, 2012 1:35 PM
**To:** Jennifer Alewelt; Courtney Cloman; Tim Bojanowski; Kimberly Shadoan
**Cc:** Fathi, David; Don Specter; Mavis Lauritzen; Caroline N Mitchell
**Subject:** RE: Parsons, et al. v. ADOC; Case No. 12-cv-00601

Greetings Courtney,

If you have any revisions to the Protective Order, can you please get those to us by Monday of next week so that we can resolve any disputes before initial discovery responses are served?

Thanks in advance,

Jennifer

Jennifer Alewelt, Esq.
Staff Attorney
Arizona Center for Disability Law
5025 E. Washington Suite 202
Phoenix, AZ 85034
Phone (602) 274-6287 ext. 214
Fax (602) 274-6779

www.azdisabilitylaw.org
**Facebook:** http://www.facebook.com/pages/Arizona-Center-for-Disability-Law/134193483284046?ref=search#
**Twitter:** www.twitter.com/azdisabilitylaw
**Ning:** www.acdlaw.ning.com

This communication is confidential and is intended only for the use of the individual or entity named above.  If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone at 1 (800) 927-2260.

# EXHIBIT "5"

**Jennifer Alewelt**

| | |
|---|---|
| **From:** | Courtney Cloman [CCloman@swlfirm.com] |
| **Sent:** | Tuesday, July 17, 2012 1:59 PM |
| **To:** | Don Specter (dspecter@prisonlaw.com); Fathi, David (dfathi@npp-aclu.org); afettig@npp-aclu.org; Caroline N Mitchell (cnmitchell@JonesDay.com); Jennifer Alewelt; dbarr@perkinscoie.com |
| **Cc:** | Dan Struck; Tim Bojanowski; Kathy Wieneke; Michelle Arnesen; Therese Mayo; Anne Orcutt; Elizabeth Espiritu; Kimberly Shadoan |
| **Subject:** | Parsons v. Ryan, et al. |
| **Attachments:** | Proposed Protective Order1.DOCX |

Counsel –

Attached is a Proposed Protective Order for your review.  We believe it encompasses all of the confidential medical records concerns and any relevant security concerns that may arise in the exchange of documents throughout this litigation.  Please review it and let us know if you have any suggested revisions.  We're happy to discuss this with you.

Thank you,

Courtney

 **STRUCK WIENEKE & LOVE**
3100 West Ray Road, Suite 300  Chandler, Arizona 85226

**Courtney R. Cloman**
**Attorney**
Direct: (480) 420-1608
ccloman@swlfirm.com
www.swlfirm.com

---

If this email is spam, report it to www.OnlyMyEmail.com
This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Assistant Attorney General
3   1275 W. Washington Street
    Phoenix, Arizona 85007-2926
4   Telephone: (602) 542-4951
    Fax: (602) 542-7670
5   Michael.Gottfried@azag.gov

6   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
7   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
8   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
9   STRUCK WIENEKE, & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
10  Chandler, Arizona  85226
    Telephone:  (480) 420-1600
11  Fax:  (480) 420-1696
    dstruck@swlfirm.com
12  kwieneke@swlfirm.com
    tbojanowski@swlfirm.com
13  nacedo@swlfirm.com
    ccloman@swlfirm.com
14  afletcher@swlfirm.com

15  *Attorneys for Defendants*

16              **UNITED STATES DISTRICT COURT**

17                  **DISTRICT OF ARIZONA**

18  Victor Parsons; Shawn Jensen; Stephen          NO. 2:12-cv-00601-NVW
    Swartz; Dustin Brislan; Sonia Rodriguez;
19  Christina Verduzco; Jackie Thomas; Jeremy      **PROPOSED PROTECTIVE**
    Smith; Robert Gamez; Maryanne Chisholm;                 **ORDER**
20  Desiree Licci; Joseph Hefner; Joshua Polson;
    and Charlotte Wells, on behalf of themselves
21  and all others similarly situated; and Arizona
    Center for Disability Law,
22
                                    Plaintiffs,
23
                    v.
24
    Charles Ryan, Director, Arizona Department
25  of Corrections; and Richard Pratt, Interim
    Division Director, Division of Health Services,
26  Arizona Department of Corrections, in their
    official capacities,
27
                                    Defendants.
28

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1.     For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording or transcript of oral testimony whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26) or confidential personal information, including, but not limited to the named Plaintiffs' and inmates' health care, dental care and/or mental health information, the institutional file and/or documents, disciplinary- related documents, criminal-history-related documents, security threat group or gang intelligence-related documents, presentence investigations; documents containing financial, pricing, or contractual information, including but not limited to the correctional services agreement between Arizona Department of Corrections ("ADOC") and Wexford, policies, procedures, training materials, ADOC's document retention policy, grievance logs, diagrams, maps, video, as well as confidential information relating to the security of an ADOC facility, and personal information relating to current or former ADOC employees, or relating to or identifying current or former inmates (other than Plaintiffs' decedent), the disclosure of which might invade those employees' or inmates' privacy or which may constitute a threat to the safety of an institution or employee of ADOC. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies, or summarizes matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for resolution.

2.     By way of example, the term "documents" includes but is not limited to operations records, institutional records, medical records, mental health records, dental records, policy manuals, training materials, correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

3.     It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as "CONFIDENTIAL" will be subject to this Protective Agreement and the Court's Protective Order. Documents subject to this Order will be used by non-producing counsel only in this lawsuit, subject to requests made pursuant to Paragraph 10.  CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Order.

4.     Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

    (a)    The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

    (b)    The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.**

3

(c)   All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 7 and 9.

(d)   Any party may designate a deposition as CONFIDENTIAL INFORMATION and subject to the Protective Order during or at a reasonable time after the deposition.

5.   If a party intends to designate portions of a deposition as "CONFIDENTIAL" that party shall have the right to limit attendance at the relevant portion of the deposition to the persons set forth in Paragraph 7 of this Order.

6.   All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form. An un-redacted version will be filed under seal with the clerk of the court. Pleadings containing CONFIDENTIAL INFORMATION will be filed in a sealed envelope prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS**

**DISPLAYED, COPIED, OR REVEALED, EXCEPT BY COURT ORDER**

7.   Unless otherwise provided in this Order, and subject to the provisions of Paragraphs 8, 9 and 10, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, and to the following counsel and experts: attorneys in this action and their support staff, including paralegals, legal interns and legal assistants; testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure; or where production is ordered by the Court. No disclosure of CONFIDENTIAL INFORMATION shall be made to any person not specifically identified in this Order to receive CONFIDENTIAL INFORMATION. Any attorney, the attorney's support staff or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

8.   CONFIDENTIAL INFORMATION regarding the 14 individually named

4

Plaintiffs may be produced to all counsel of record for the parties, and their support staff, including paralegals, legal interns and legal assistants;

9.      Mental Health records pertaining to any unnamed plaintiffs shall be disclosed only to Plaintiff Arizona Center for Disability Law absent the appropriate medical records release provided by the patient.  Once a release is obtained and provided, Defendants and Plaintiff Arizona Center for Disability Law may provide the Mental Health records along with the applicable release to the individuals listed in Paragraph 7, including the remaining parties.  Those individuals will be governed by the requirements consistent with this Protective Order.

10.     CONFIDENTIAL INFORMATION will not be disclosed to any current or former inmates, including Plaintiffs.   The only exception to this limitation is that CONFIDENTIAL INFORMATION may be shown to and reviewed by an inmate who is a Plaintiff in this matter if:

      a.      The CONFIDENTIAL INFORMATION is material contained in the respective Plaintiff's medical records and is written by the respective Plaintiff, or written by a non-inmate and does not contain any written or verbal statements made by or concerning any other inmate; or

      b.      The inmate Plaintiff is the originator of the CONFIDENTIAL INFORMATION (i.e., a written statement by that inmate).

Where this exception applies, the CONFIDENTIAL INFORMATION may be discussed with and/or shown to the inmate Plaintiff, but Counsel must retain the original CONFIDENTIAL INFORMATION and no copies or written summaries may be provided to the inmate Plaintiff.

In creating this limitation, it is the intent of the parties to protect the safety and security of all inmates by prohibiting dissemination of inmate or informant information to other inmates, including other Plaintiffs, and in circumstances where Plaintiffs to this action include verified members of different and opposing security threat groups.

11.     Documents containing addresses, identifying information, dependent information, or contact information concerning former or current ADOC employees may be redacted before production and   not be disclosed to Plaintiffs , Plaintiff's counsel , Plaintiff's experts any present or former inmate, member of the general public, or the press. Documents containing non-Plaintiff inmate names and ADC numbers may be redacted before production and not disclosed to Plaintiffs , Plaintiff's counsel, Plaintiff's experts, any present or former inmate, member of the general public, or the press. CONFIDENTIAL INFORMATION containing policies, protocols, practices, or directives related to security procedures utilized by any ADOC employee, or security sensitive information at any ADOC facility or any ADOC administrative office, will not be disclosed to Plaintiffs, any other present or former inmate, member of the general public, or the press.     Defendants will produce the information with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY."  Confidential information so labeled shall not be disclosed to Plaintiffs, any present or former inmate, the general public, or the press and will be handled accordingly at all times barring a written agreement by Defendants to modify or remove the designation or a court order.

12.     If Plaintiffs' counsel or experts are required by law or court order to disclose Defendants' CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph 7 or any person or entity excluded by Paragraph 8, the name of that person or entity will be furnished to counsel for Charles Ryan and Richard Pratt as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants may object and seek further protection as necessary.  Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by court order.   Any person not listed in Paragraph 7 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

13.     Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, counsel and their experts shall return to the producing party any confidential document and all reproductions of confidential documents in their possession,

1    Ilham A. Hosseini:      ihosseini@jonesday.com; areyes@jonesday.com

2    James Anthony Ahlers: jahlers@perkinscoie.com; docketphx@perkinscoie.com;
                            jroe@perkinscoie.com
3
     James Duff Lyall:       jlyall@acluaz.org; gtorres@acluaz.org
4
     Jennifer Ann Alewelt: jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org;
5                          mlauritzen@azdisabilitylaw.org

6    Jill Louise Ripke:      jripke@perkinscoie.com; jgable@perkinscoie.com

7    John Howard Gray:       jhgray@perkinscoie.com; slawson@perkinscoie.com

8    Kelly Joyce Flood:      kflood@acluaz.org; gtorres@acluaz.org

9    Kirstin T. Eidenbach: keidenbach@perkinscoie.com; dfreouf@perkinscoie.com;
                           docketphx@perkinscoie.com
10
11   Matthew Benjamin de Mee:mdumee@perkinscoie.com; cwendt@perkinscoie.com

     Michael Evan Gottfried: Michael.gottfried@azag.gov; colleen.jordan@azag.gov;
12                           lucy.rand@azag.gov

13   Ruth Angela Szanto:   RSzanto@azdisabilitylaw.org; RuthSzanto@gmail.com

14   Sara Norman:            snorman@prisonlaw.com

15   Sophia Calderon:        scalderson@jonesday.com

16   Thomas Dean Ryerson: tryerson@perkinscoie.com; docketphx@perkinscoie.com;
                          rboen@perkinscoie.com
17

18        I hereby certify that on this same date, I served the attached document by U.S.

19   Mail, postage prepaid, on the following, who is not a registered participant of the

20   CM/ECF System:

21        N/A

22                                     /s/
                                           2659696.1
23

24

25

26

27

28
                                         9

# EXHIBIT "6"

**Jennifer Alewelt**

| | |
|---|---|
| **From:** | Jennifer Alewelt |
| **Sent:** | Tuesday, July 17, 2012 4:04 PM |
| **To:** | 'Courtney Cloman'; Don Specter (dspecter@prisonlaw.com); Fathi, David (dfathi@npp-aclu.org); afettig@npp-aclu.org; Caroline N Mitchell (cnmitchell@JonesDay.com); dbarr@perkinscoie.com |
| **Cc:** | Dan Struck; Tim Bojanowski; Kathy Wieneke; Michelle Arnesen; Therese Mayo; Anne Orcutt; Elizabeth Espiritu; Kimberly Shadoan; Asim Varma |
| **Subject:** | RE: Parsons v. Ryan, et al. |
| **Attachments:** | 12 07 17 Plfs' Proposed Parsons v Ryan Protective Order w Revisions Dfs.docx |

Hi Courtney,

Although we disagree with the breadth of the order, we understand the security issues and as such have incorporated additional provisions in the attached draft to address those concerns.  If you have additional comments, please get them to us as swiftly as possible. Our plan is to file the attached proposed protective order tomorrow.

Thanks,

Jennifer

Jennifer Alewelt, Esq.
Staff Attorney
Arizona Center for Disability Law
5025 E. Washington Suite 202
Phoenix, AZ  85034
Phone (602) 274-6287 ext. 214
Fax (602) 274-6779


www.azdisabilitylaw.org
**Facebook:** http://www.facebook.com/pages/Arizona-Center-for-Disability-Law/134193483284046?ref=search#
**Twitter:** www.twitter.com/azdisabilitylaw
**Ning:** www.acdlaw.ning.com


This communication is confidential and is intended only for the use of the individual or entity named above.  If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone at 1 (800) 927-2260.

**From:** Courtney Cloman [mailto:CCloman@swlfirm.com]
**Sent:** Tuesday, July 17, 2012 1:59 PM
**To:** Don Specter (dspecter@prisonlaw.com); Fathi, David (dfathi@npp-aclu.org); afettig@npp-aclu.org; Caroline N Mitchell (cnmitchell@JonesDay.com); Jennifer Alewelt; dbarr@perkinscoie.com
**Cc:** Dan Struck; Tim Bojanowski; Kathy Wieneke; Michelle Arnesen; Therese Mayo; Anne Orcutt; Elizabeth Espiritu; Kimberly Shadoan
**Subject:** Parsons v. Ryan, et al.

Counsel –

Attached is a Proposed Protective Order for your review.  We believe it encompasses all of the confidential medical records concerns and any relevant security concerns that may arise in the exchange of documents throughout this litigation.  Please review it and let us know if you have any suggested revisions.  We're happy to discuss this with you.

1

Thank you,

Courtney

 **STRUCK WIENEKE & LOVE**
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Courtney R. Cloman**
**Attorney**
Direct: (480) 420-1608
ccloman@swlfirm.com
www.swlfirm.com

---

If this email is spam, report it to www.OnlyMyEmail.com

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

Daniel J. Pochoda (SBA 021979)
Kelly Flood (SBA 019772)
James Duff Lyall (SBA 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 N. 7th Street, Suite 235
Phoenix, AZ  85013
Telephone: (602) 650-1854
dpochoda@acluaz.org
kflood@acluaz.org
jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
Stephen Swartz, Dustin Brislan, Sonia Rodriguez,
Christina Verduzco, Jackie Thomas, Jeremy Smith,
Robert Gamez, Maryanne Chisholm, Desiree Licci,
Joseph Hefner, Joshua Polson, and Charlotte Wells,
on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Jennifer Alewelt (SBA 027366)
Ruth Szanto (SBA 029073)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington St. Suite 202
Phoenix, AZ  85034
Telephone (602) 274-6287
jalewelt@azdisabilitylaw.org
rszanto@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
| Plaintiffs, | **[PROPOSED]**<br>**PROTECTIVE ORDER** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

1      Upon Motion and pursuant to the stipulation of the parties, and based on its

2  independent review, the Court hereby orders that to preserve the confidentiality of

3  certain documents, testimony, and information produced in this litigation, the following

4  provisions shall apply:

5  1.  All protected health information <u>and security information</u> obtained in this action

6      shall be regarded as confidential information and subject to this Protective Order.

7      For the purpose of this Protective Order, the term "confidential information" shall

8      refer to documents, or portions thereof, discovery responses, testimony, and copies,

9      notes, extracts, summaries or descriptions of such material. "Protected health

10     information" (hereinafter "PHI") is defined by the Health Insurance Portability and

11     Accountability Act, 45 CFR §160.103. <u>The term "security information" refers to all</u>

12     <u>documents that would threaten prison safety and security if disclosed without</u>

13     <u>protective conditions.</u>

14  2.  Any party, including a third party, that produces documents containing PHI, shall

15     mark the document, or portions thereof containing PHI as "Confidential Protected

16     Health Information — Subject to Protective Order." A party producing PHI that

17     belongs to another party or third party is obligated to mark it consistent with this

18     Protective Order.

19  3.  The designation of material as confidential shall be made by placing or fixing on the

20     first page of the material, in a manner that will not interfere with the material's

21     legibility, the words "Confidential Information – Subject to Protective Order."

22  4.  Any confidential information filed with the Court shall be filed under seal, labeled

23     with a cover sheet bearing the case name and number along with the following

24     statement:  "This document is subject to a protective order issued by the Court and

25     shall not be copied or examined except in compliance with that order."  Documents

26     so labeled shall be kept by the Clerk of the Court under seal and shall be made

27     available only to the Court or counsel.  Upon failure of the filing party to file

28

> **Deleted:** Protected Health

confidential information under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 5.6 shall be followed.

5. Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action. <u>Confidential personal or security information respecting one prisoner or parolee shall not be disclosed to or discussed with any other present or former prisoner or parolee.</u> All confidential information shall be stored in a secure location. Access to confidential information shall be limited to those persons designated as "qualified persons" in paragraph 6 below.

6. Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):

a. Counsel of record for the parties, and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

b. The Court and court personnel;

c. Stenographic reporters engaged in such proceedings;

d. All experts and consultants retained by the parties;

e. Witnesses to whom confidential information may be disclosed during a deposition taken in the matter or otherwise during the preparation for trial. Such witnesses may not leave the deposition with copies of any confidential information unless it is their own confidential information; and,

f. Any person expressly named and agreed to in writing by Counsel for the parties.

7. Before being given access to confidential information received from an opposing party or a third party, each qualified person listed in Paragraph 6 (other than counsel of record, the Court, and Court personnel) shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree on

2

1  the record in deposition or in open Court or in writing to be bound by the Agreement
2  by signing a document substantially similar to Exhibit A hereto.  Unless such an
3  agreement is made on the record, the person making the disclosure shall retain the
4  original executed agreement until termination of this litigation, or until otherwise
5  ordered by the Court.  Counsel of record shall maintain a list of all qualified persons
6  to whom they or their client have provided any confidential information, and that list
7  shall be available for inspection by the Court and opposing Counsel by order of the
8  Court.
9  8. Except to the extent otherwise permitted by this Protective Order, every qualified
10  person provided copies of or access to confidential information pursuant to this
11  Order shall keep all such materials and information, and any copies, notes, extracts,
12  summaries, or descriptions of such material, within their exclusive possession and
13  control, shall treat all such copies, notes, extracts, summaries, or descriptions of such
14  material as confidential, shall take all necessary and prudent measures to maintain
15  the confidentiality of all such materials or information, and shall not disseminate
16  such confidential information, except as permitted by this Order.
17  9. If any Counsel of record distributes copies of material containing confidential
18  information to one or more qualified persons, all such materials, and all copies,
19  notes, extracts, summaries, or descriptions of such material, shall be returned to that
20  Counsel of record at the completion of a qualified person's consultation or
21  representation in this case. That Counsel of record shall, upon request by opposing
22  Counsel or the Court, provide written confirmation that all materials containing
23  confidential information, and all copies, notes, extracts, summaries, or descriptions
24  of any such material have, to the best of Counsel's knowledge, been returned as
25  required.
26  10. After the termination of this action by entry of a final judgment or order of dismissal,
27  and any appeal, the provisions of this Protective Order shall continue to be binding.
28

3

1   The terms of this Order constitute and shall be deemed to be an enforceable

2   agreement between the parties (and their agents and attorneys, to the extent

3   permitted by Rules of Professional Conduct in this jurisdiction).  The terms of this

4   Protective Order may be enforced by specific performance in any court of competent

5   jurisdiction.  Within 90 calendar days of the final conclusion of this litigation

6   (including all time for appeals, or the expiration or dissolution by the Court of any

7   consent decree, order or judgment, whichever is later), each party shall destroy all

8   documents or parts thereof designated as confidential information, and all copies

9   thereof in its possession, including documents in the possession of all persons hired

10  or retained by plaintiff to assist in connection with this litigation.

11  11. Nothing in this order is intended to prevent Defendants or their employees or agents

12  from having access to confidential personal or security information to which they

13  have access in the normal course of their official duties.  Nothing in this order shall

14  limit any party's right to disclose to any person, or use for any purpose, its own

15  information and documents.  The designation of documents provided by the

16  defendants Defendants as confidential information shall not be construed to restrict

17  the their right of the Defendants to utilize such information in the ordinary course of

18  operation of the correctional institutions of the State, and in the provision of care and

19  custody to prisoners confined in such institutions.

20  12. If a party inadvertently produces confidential information without the required label,

21  the producing party shall inform the receiving party in writing and the specific

22  material at issue immediately upon discovering the inadvertent omission.  Likewise,

23  if a receiving party contends that confidential information was produced without the

24  required label, the receiving party shall inform the producing party in writing and the

25  specific material at issue upon discovering the failure to label the information.  Upon

26  receipt of notice, all parties shall treat the material identified in the notice as

27

28

4

1   confidential unless and until this Court enters an order stating that the document

2   shall not be treated as confidential information.

3   13. If a receiving party contends that any document has been erroneously or improperly

4   designated confidential, it shall treat the document as confidential unless and until

5   this Court enters an order stating that the document shall not be treated as

6   confidential information.

7   14. The following procedures and limitations shall apply with respect to security

8   information:

9   a. Defendants shall notify Counsel for Plaintiffs of documents, or categories of

10   documents, that contain security information;

11   b. If, in the view of the Defendants, there are documents that contain security

12   information that should not be disclosed under a protective order because to do so

13   may endanger the safety and security of an institution or person (including any

14   present or former prisoner or staff member), Defendants may redact such

15   information prior to providing copies of the documents to Plaintiffs' counsel, and

16   shall notify Plaintiffs' counsel of the nature of the redacted information.

17   c. If, in the judgment of Plaintiffs' counsel, such information is necessary for the

18   conduct of this litigation, the documents containing such information will be

19   expeditiously presented to the Court for an *in camera* review to determine whether

20   and to what extent such information must be disclosed under a protective order.

21   d. Defendants shall not be permitted to use any security information at trial in this

22   case which should have been provided to Counsel for Plaintiffs in accordance with

23   discovery requests, applicable disclosure rules, and Court orders.

24   15. The substance of an individual's written or oral testimony, or the fact that an

25   individual has testified to or provided information during the discovery process, may

26   not be used against the person for disciplinary purposes or to otherwise intimidate or

27

28

1    retaliate against the individual.  This applies to all persons, including but not limited

2    to current and former ADC staff and contractors, and prisoners and parolees.

3   16. This Protective Order shall be binding on the parties, their attorneys, and the parties'

4    and their attorneys' successors, executors, personal representatives, administrators,

5    heirs, legal representatives, and other persons or organizations over whom or which

6    the parties have control.

7   17. By producing documents for review and inspection, the parties do not waive any

8    objections to relevance for summary judgment or other purposes to the admissibility

9    at trial of any such document or of any information contained in any such document.

10   18. The provisions of this order are without prejudice to the right of any party:  a) to

11    apply to the Court for a modification of this order or further protective orders

12    relating to discovery in this litigation; b) to apply to the Court for an order removing

13    the confidential information designation from any document; c) to object to a

14    discovery request; or d) to apply to the Court for an order compelling production of

15    documents or compelling an answer to a discovery request.

16   19. By stipulating to this Protective Order, no party waives any right it may have to

17    withhold or redact information protected from disclosure by the attorney client

18    privilege or other applicable privilege, the work product doctrine, relevance, or any

19    other protection, law, or regulation, or to seek appropriate protective orders

20    respecting documents asserted to be subject to any such privilege, doctrine,

21    protection, law, or regulation.

22   20. This order does not govern trial or other public proceedings. The parties shall

23    address the court at a later date on appropriate procedures for trial and other public

24    proceedings.

25   21. The provisions of this order shall remain in full force and effect until further order of

26    this Court.

27

28
                                          6

1   IT IS SO ORDERED.

2

3   DATED:              _____

4                                   THE HONORABLE NEIL V. WAKE
                                    United States District Court
5

6   APPROVED AS TO FORM:

7                                   PRISON LAW OFFICE

8

9   Dated: _____   By: _____

10                               DONALD SPECTER
                                 Attorney for Plaintiffs Victor Parsons, Shawn
11                               Jensen, Stephen Swartz, Dustin Brislan, Sonia
                                 Rodriguez, Christina Verduzco, Jackie
12                               Thomas, Jeremy Smith, Robert Gamez,
                                 Maryanne Chisholm, Desiree Licci, Joseph
13                               Hefner, Joshua Polson, and Charlotte Wells,
                                 on behalf of themselves and all others
14                               similarly situated.

15

16                              ARIZONA CENTER FOR
                                DISABILITY LAW
17

18

19  Dated: _____   By: _____
                                 JENNIFER ALEWELT
20                               Attorney for Plaintiff Arizona Center for
                                 Disability Law
21

22

23                              OFFICE OF THE ATTORNEY GENERAL
                                of the STATE OF ARIZONA
24

25  Dated: _____   By: _____

26                               MICHAEL GOTTFRIED
                                 Assistant Attorney General
27

28                                      7

                            [PROPOSED] PROTECTIVE ORDER
                               2:12-cv-00601-NVW-MEA

Attorney for Defendants

DATED: June ____, 2012      **ACLU FOUNDATION OF ARIZONA**

By: ___/s/ Daniel J. Pochoda___
Daniel J. Pochoda
Kelly Flood
James Duff Lyall

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, CA  94710
Telephone: (510) 280-2621
dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com

* *Pro hac vice*

David C. Fathi (Wash. 24893)**
Amy Fettig (D.C. 484883)*
**ACLU NATIONAL PRISON
PROJECT**
915 15th St. N.W., 7th Floor
Washington, D.C.  20005
Telephone:  (202) 548-6603
dfathi@npp-aclu.org
afettig@npp-aclu.org

* *Pro hac vice*
** *Pro hac vice.  Not admitted in DC;
practice limited to federal courts*

8

Daniel C. Barr (SBA 010149)
Jill L. Ripke (SBA 024837)
James A. Ahlers (SBA 026660)
Kirstin T. Eidenbach (SBA 027341)
John H. Gray (SBA 028107)
Thomas D. Ryerson (SBA 028073)
Matthew B. Du Mée (SBA 028468)
**PERKINS COIE LLP**
2901 N. Central Ave., Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
dbarr@perkinscoie.com
jripke@perkinscoie.com
jahlers@perkinscoie.com
keidenbach@perkinscoie.com
jhgray@perkinscoie.com
tryerson@perkinscoie.com
mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
Ilham Hosseini (Cal. 256724)*
Sophia Calderon (Cal. 278135)*
**JONES DAY**
555 California St., 26th Floor
San Francisco, CA 94104
Telephone: (415) 875-5712
cnmitchell@jonesday.com
ihosseini@jonesday.com
scalderon@jonesday.com

*Pro hac vice*

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: /s/ Jennifer Alewelt
Jennifer Alewelt (SBA 027366)
Ruth Szanto (SBA 029073)
5025 East Washington St. Suite 202
Phoenix, AZ 85034
Telephone (602) 274-6287
jalewelt@azdisabilitylaw.org
rszanto@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

9

**EXHIBIT A**

1

2

I, _____, have read the Protective Order in *Parsons v. Ryan,* Docket

3

No. CV 12-00601-PHX-NVW (MEA).  I understand and agree to be bound by and abide

4

by its terms.  I agree that all information provided to me in this matter is to be treated as

5

confidential, and all copies of any kind, whether paper, electronic, or in other media, are

6

to be provided to Plaintiffs' counsel immediately upon completion of any work

7

performed by me.  I further consent to be subject to the jurisdiction of the United States

8

District Court for the District of Arizona for the purposes of any proceeding relating to

9

the enforcement of this Order, including, without limitation, any proceeding for

10

contempt.

11

12

13    Date:

14                                                Signature

15

16                                                Printed Name

17

18

19

20

21

22

23

24

25

26

27

28

**10**

[PROPOSED] PROTECTIVE ORDER
2:12-cv-00601-NVW-MEA

# EXHIBIT "7"

## Jennifer Alewelt

| | |
|---|---|
| **From:** | Courtney Cloman [CCloman@swlfirm.com] |
| **Sent:** | Wednesday, July 18, 2012 10:15 AM |
| **To:** | Jennifer Alewelt; dspecter@prisonlaw.com; dfathi@npp-aclu.org; afettig@npp-aclu.org; cnmitchell@JonesDay.com; dbarr@perkinscoie.com |
| **Cc:** | Dan Struck; Tim Bojanowski; Kathy Wieneke; Michelle Arnesen; Therese Mayo; Anne Orcutt; Elizabeth Espiritu; Kimberly Shadoan; Asim Varma |
| **Subject:** | RE: Parsons v. Ryan, et al. |

Hi Jennifer,

I appreciate the efforts to incorporate the security concerns into your protective order. However, we have concerns above and beyond just the security issues. Primarily, paragraphs 8-10 of Defendants' Proposed Protective Order are of particular importance. This is not yet certified as a class action; therefore, the records pertaining to any inmates other than the named 14 Plaintiffs are not subject to dissemination to any other parties absent releases. While ACDL may be entitled to mental health records without releases, other Plaintiffs' counsel are not. We believe our proposed protective order is reasonable and narrowly tailored to protect the confidential information that is at the heart of this case. If we cannot agree to the language in Defendants' Proposed Protective Order, we recommend that the parties submit their own respective motion for a protective order and allow the Court to determine the correct path.

Thank you,

Courtney

**From:** Jennifer Alewelt [mailto:jalewelt@azdisabilitylaw.org]
**Sent:** Tuesday, July 17, 2012 4:04 PM
**To:** Courtney Cloman; dspecter@prisonlaw.com; dfathi@npp-aclu.org; afettig@npp-aclu.org; cnmitchell@JonesDay.com; dbarr@perkinscoie.com
**Cc:** Dan Struck; Tim Bojanowski; Kathy Wieneke; Michelle Arnesen; Therese Mayo; Anne Orcutt; Elizabeth Espiritu; Kimberly Shadoan; Asim Varma
**Subject:** RE: Parsons v. Ryan, et al.

Hi Courtney,

Although we disagree with the breadth of the order, we understand the security issues and as such have incorporated additional provisions in the attached draft to address those concerns. If you have additional comments, please get them to us as swiftly as possible. Our plan is to file the attached proposed protective order tomorrow.

Thanks,

Jennifer

Jennifer Alewelt, Esq.
Staff Attorney
Arizona Center for Disability Law
5025 E. Washington Suite 202
Phoenix, AZ 85034
Phone (602) 274-6287 ext. 214
Fax (602) 274-6779

1

www.azdisabilitylaw.org
**Facebook:** http://www.facebook.com/pages/Arizona-Center-for-Disability-Law/134193483284046?ref=search#
**Twitter:** www.twitter.com/azdisabilitylaw
**Ning:** www.acdlaw.ning.com

This communication is confidential and is intended only for the use of the individual or entity named above.  If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone at 1 (800) 927-2260.

---

**From:** Courtney Cloman [mailto:CCloman@swlfirm.com]
**Sent:** Tuesday, July 17, 2012 1:59 PM
**To:** Don Specter (dspecter@prisonlaw.com); Fathi, David (dfathi@npp-aclu.org); afettig@npp-aclu.org; Caroline N Mitchell (cnmitchell@JonesDay.com); Jennifer Alewelt; dbarr@perkinscoie.com
**Cc:** Dan Struck; Tim Bojanowski; Kathy Wieneke; Michelle Arnesen; Therese Mayo; Anne Orcutt; Elizabeth Espiritu; Kimberly Shadoan
**Subject:** Parsons v. Ryan, et al.

Counsel –

Attached is a Proposed Protective Order for your review.  We believe it encompasses all of the confidential medical records concerns and any relevant security concerns that may arise in the exchange of documents throughout this litigation.  Please review it and let us know if you have any suggested revisions.  We're happy to discuss this with you.

Thank you,

Courtney



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Courtney R. Cloman**
**Attorney**
Direct: (480) 420-1608
ccloman@swlfirm.com
www.swlfirm.com

---

If this email is spam, report it to www.OnlyMyEmail.com
This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

If this email is spam, report it to www.OnlyMyEmail.com
This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.