**EXHIBIT A**

1  Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
2  Michael E. Gottfried, Bar No. 010623
   Assistant Attorney General
3  1275 W. Washington Street
   Phoenix, Arizona 85007-2926
4  Telephone: (602) 542-4951
   Fax: (602) 542-7670
5  Michael.Gottfried@azag.gov

6  Daniel P. Struck, Bar No. 012377
   Kathleen L. Wieneke, Bar No. 011139
7  Timothy J. Bojanowski, Bar No. 22126
   Nicholas D. Acedo, Bar No. 021644
8  Courtney R. Cloman, Bar No. 023155
   Ashlee B. Fletcher, Bar No. 028874
9  STRUCK WIENEKE, & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
10 Chandler, Arizona  85226
   Telephone:  (480) 420-1600
11 Fax:  (480) 420-1696
   dstruck@swlfirm.com
12 kwieneke@swlfirm.com
   tbojanowski@swlfirm.com
13 nacedo@swlfirm.com
   ccloman@swlfirm.com
14 afletcher@swlfirm.com

15 *Attorneys for Defendants*

16        **UNITED STATES DISTRICT COURT**

17           **DISTRICT OF ARIZONA**

18 Victor Parsons; Shawn Jensen; Stephen      NO. 2:12-cv-00601-NVW
   Swartz; Dustin Brislan; Sonia Rodriguez;
19 Christina Verduzco; Jackie Thomas; Jeremy  **DECLARATION OF JULIET**
   Smith; Robert Gamez; Maryanne Chisholm;    **RESPICIO-MORIARTY**
20 Desiree Licci; Joseph Hefner; Joshua Polson;
   and Charlotte Wells, on behalf of themselves
21 and all others similarly situated; and Arizona
   Center for Disability Law,
22
                             Plaintiffs,
23
         v.
24
   Charles Ryan, Director, Arizona Department
25 of Corrections; and Richard Pratt, Interim
   Division Director, Division of Health Services,
26 Arizona Department of Corrections, in their
   official capacities,
27
                             Defendants.
28

I, **JULIET RESPICIO-MORIARTY**, declare under penalty of perjury that the following information is true to the best of my information, knowledge, and belief:

1.     I am over 18 years of age and am competent to testify to the matters contained herein. I make this Declaration based upon my personal knowledge, experience and expertise, as well as my review of the Complaint in this lawsuit and any relevant records maintained in the ordinary course of business by the Arizona Department of Corrections ("ADC"), including those pertaining to ADC inmates-Plaintiffs Victor Parsons, Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells.

2.     I am currently employed by ADC as a Medical Grievance Appeals Investigator at ADC's Central Office, and I have maintained that position (formerly titled Medical Services Administrator) since 2005.

3.     I am familiar with ADC's grievance procedure, and, in particular, that procedure with respect to medical grievances. My duties include, among other things, investigating medical grievance appeals that are submitted to the ADC's Director.

4.     At all times relevant times to Plaintiffs' claims that are the basis for this lawsuit, Plaintiffs were housed at an Arizona State Prison Complex ("ASPC") facility, to which the following grievance procedure would apply.

5.     The ADC's Department Order #802 ("DO 802"), Inmate Grievance System, governs ADC inmate grievances and sets forth the procedures that inmates must follow to complete the prison administrative grievance process. DO 802 – effective as of July 13, 2009 – applies to all inmate grievances submitted after July 13, 2009 through the present. (DO 802, attached as Attachment 1.)

6.     Any ADC inmate, regardless of disciplinary status, housing location, or classification, may use the Inmate Grievance System. (Id., at § 802.01, Subsection 1.6.) This includes inmates in a complex detention unit, segregation unit, or suicide watch cell. Appropriate provisions have been made to ensure that all inmates have access to the

Inmate Grievance System. (Id.) Staff are required to ensure that there are no barriers for inmate access to grievance forms and that inmates have the ability to file grievances and appeals in a timely and confidential manner. (Id., at § 802.01, Subsection 1.7.)

7. The ADC educates inmates about the Inmate Grievance System by providing both written and oral explanations of the Inmate Grievance Procedure at reception centers and again as part of the orientation process each time an inmate is transferred to another facility. (Id., at § 802.09, Subsection 1.2.) A copy of the Inmate Grievance System policy is kept at each prison facility's inmate resource library and is available for inmates to use.

8. Inmates may use the Inmate Grievance System to grieve issues related to any aspect of institutional life or condition of confinement that directly and personally affects the inmate grievant. (Id., at § 802.01, Subsection 1.1.)

9. The ADC Inmate Grievance System provides a separate review process for medical-related grievances, including medical, dental, and mental health grievances/issues ("Medical Grievance Process"). The Medical Grievance Process is a three-step review process for inmates seeking resolution of medical issues encountered while incarcerated.

a. The first step is the Informal Complaint Resolution. An inmate must attempt to informally resolve a medical complaint by submitting an Inmate Letter (Form 916-1) ("Informal Complaint" or "Informal Resolution") to the inmate's counselor/assigned CO III within ten (10) work days from the date of the action that caused the inmate's complaint. An inmate's failure to submit an Informal Resolution within the requisite time period results in the inmate's forfeiture of the opportunity to pursue the next step, a "Formal Grievance," and results in the inmate's failure to exhaust the Inmate Grievance System. The CO III contacts the appropriate medical staff for a response and has fifteen (15) work days from receipt of the inmate's Informal Resolution to investigate and attempt to resolve the issue and to provide a response to the Informal Resolution ("Informal Resolution Response") to the inmate. (DO 802, at § 802.02 et seq.)

3

The Informal Resolution Response includes instructions as to how to appeal the CO III's response.

b. The second step is the Formal Grievance to the Facility Health Administrator ("FHA"). If an inmate is unsatisfied with the CO III's Informal Resolution Response, the inmate may initiate a "Formal Grievance" by submitting to the CO IV/Grievance Coordinator an Inmate Grievance (Form 802-1) within five (5) work days from receipt of the CO III's Informal Resolution Response. The Grievance Coordinator logs in (the Formal Grievance, assigns it a number, and then forwards it to the FHA for review, investigation, and response. Within fifteen (15) work days of receipt of the Formal Grievance, the FHA issues a response to the Formal Grievance ("Formal Grievance Response"), which is provided to the inmate through the unit's Grievance Coordinator. (Id., at § 802.03 et seq.)

c. The third and final step is the Appeal to the Director of the ADC. If an inmate is unsatisfied with the FHA's Formal Grievance Response, the inmate may initiate a "Director's-Level Appeal" to the Director of the ADC by submitting to the Unit Grievance Coordinator an Inmate Grievance Appeal (Form 802-3) within five (5) work days from receipt of the Formal Grievance Response. The Grievance Coordinator logs in the Director's-Level Appeal and within five (5) work days of receipt of the Director's Appeal from the inmate, forwards it to me, the Grievance Appeals Investigator. Within thirty (30) calendar days of receipt of the Director's-Level Appeal, I review it in consultation with ADC physicians as necessary and prepare a draft response for the Health Services Director's review, who then forwards to the Director for his signature, either affirming, partially affirming or reversing the FHA's decision. The Director may delegate signature authority for any and all Director's Decisions.

10. The Director's Decision is final, and constitutes exhaustion of all remedies for medical grievances within the ADC's Inmate Grievance System. Under ADC policy, an inmate must appeal to the Director to exhaust the medical grievance procedure. Failure to properly appeal through to the Director's Decision constitutes a

failure to exhaust available administrative remedies. DO 802 requires that "[p]ursuant to the Prison Litigation Reform Act of 1996 (PLRA), inmates shall completely exhaust the [ADC's] internal grievance and administrative processes prior to filing any complaint with any State Board or Federal Court." (Id., at § 802.01, Subsection 1.5.)

11. Specific time frames apply during the inmate grievance process, but at any time during the process, unless notified of an extension of a time frame for a response, the inmate shall be entitled to move to the next step in the process – except where stated otherwise in the policy – if a response is not timely given. (Id., at § 802.01, Subsection 1.11.)

12. A computerized Inmate Medical Grievance Appeal Log of appeals to the Director ("Medical Appeal Log") is electronically maintained at the ADC's Central Office. That Medical Appeal Log records and tracks any Director's-Level Appeals that are submitted. Hard copies of older Director's-Level Appeals are kept at the Central Office in its medical records room.

13. At the request of the Arizona Attorney General's Office, I have reviewed the Medical Appeal Log and searched the medical records room for any Director's-Level Appeals filed by the Plaintiffs at any housing location that involve the same medical claims that they have raised in their Complaint, and that were initiated (by Informal Letter) within two years of the filing of the Complaint (March 22, 2012) and which concluded (a Director's Decision was issued) before the filing of the Complaint. That review revealed the following:

(a) Inmate **Victor Parsons** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims he raises in the Complaint:

- Abrupt stopping and starting of mental-health medication in June 2010; inappropriate psychotropic medication; delays in mental health follow-up appointments; delays in dental care in 2009; replaced temporary fillings four times before receiving permanent filling after five months. (¶ 6)

- Psychiatric medications abruptly discontinued without any explanation and then not seen by psychiatrist for two weeks. (¶ 45)

5

- Given potent antipsychotic medication for hyperactivity, a condition for which the drug is not normally prescribed, and had other non-formulary medications discontinued. (¶ 48)

- Repeatedly given temporary fillings in 2008 and 2009 instead of permanent filling. (¶ 73)

- Did not have blood regularly drawn to test for medication side effects. (¶ 79)

(b)   Inmate **Shawn Jensen** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims he raises in the Complaint:

- Did not receive biopsy (for prostate cancer) recommended by prison doctor in January 2007 until October 2009, and did not have surgery until July 2010; did not receive chemotherapy medication prescribed by outside specialist for two months; staff performed medical procedures that they were not qualified to perform. (¶ 7)

- Nurse's assistant improperly irrigated catheter in July 2010 following prostate surgery and he was not seen for three days. (¶ 36)

- Given insufficient number of catheters forcing him to re-use old ones. (¶ 50)

- Waited more than two years to have biopsy of mass on prostate because contracts with outside specialists were cancelled. (¶ 67)

(c)   Inmate **Stephen Swartz** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims he raises in the Complaint:

- Waited months to receive neuropathic pain medication; received inadequate mental health care while on suicide watch; denied a filling for two years to fix a cracked molar (only offered extraction). (¶ 8)

- Told to "be patient" in response to HNRs. (¶ 30 )

- In September 2011, he swallowed metal spring and wire and staff joked, used a metal detector, and told him he would need to let it "pass"; x-ray the next day revealed metal in his stomach and prison doctor told him the same thing and did not refer him for an endoscopy. (¶ 41)

- In December 2011 after transfer from Phoenix to Lewis, he had to file multiple HNRs and waited several weeks before receiving his psychotropic medications. (¶ 44)

6

- Not given interim formulary medication for facial injuries for six weeks pending approval of physician's prescription of Tramadol. (¶ 49)

- In position of deciding between tooth extraction or saving tooth and enduring pain. (¶ 72)

- Only saw lower level mental health staff at his cell front and did not see a psychiatrist for over a year despite changes in medication. (¶ 80)

- Did not receive psychotherapy for more than two months in summer 2011 while on suicide watch; after swallowing glass and taken to hospital, not removed to inpatient unit for three months after hospital recommendation. (¶ 83)

- Complained about "unhygienic conditions" in suicide watch cell; mental health notes reflect he was "bitching about cleanliness – germs and disease." (¶ 84)

- Able to acquire and use large staples, plastic wrap, piece of glass, concrete nail, spork, pens, paper clips, metal spring, steel bolt, and copper wires to hurt himself in suicide watch cell. (¶ 88)

- Psychotropic prescriptions renewed without any contact with a psychiatrist. (¶ 99)

- Attempted to commit suicide in isolation cell. (¶ 100)

(d)   Inmate **Stephen Swartz** did submit a Director's-Level Appeal in Grievance # L03-010-010 (attached as Attachment 2), which arguably includes the following claims in the Complaint:

- Did not receive medical care from plastic surgeon or ophthalmologist for facial fractures received in February 2010 until January 2011, despite several referrals from prison doctors for specialty care. (¶ 8)

- Referrals for ophthalmologist after suffering eye injury were not approved. (¶ 65)

(e)   Inmate **Dustin Brislan** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims he raises in the Complaint:

- Received improper psychotropic medication and experienced delays and changes in that medication. (¶ 9)

- Psychotropic medications discontinued because it was not listed on formulary. (¶ 48)

7

- Rarely evaluated by psychiatrist to determine if psychotropic medication adjustments were necessary; psychotropic prescriptions renewed without evaluation. (¶ 79)

- Psychotropic prescriptions renewed without any contact with a psychiatrist. (¶ 99)

- Attempted to commit suicide in isolation cell. (¶ 100)

(f)   Inmate **Dustin Brislan** did submit a Director's-Level Appeal in Grievance # A30-361-011 (attached as Attachment 3), which arguably includes the following claims in the Complaint:

- Not monitored regularly by a psychiatrist or received therapeutic treatment; placed on suicide watch for excessive lengths of time without treatment. (¶ 9)

- Did not see a psychiatrist for stretches of five to seven months while in suicide watch. (¶ 75)

- Have not received inpatient mental health care. (¶¶ 81, 99)

(g)   Inmate **Sonia Rodriguez** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims she raises in the Complaint:

- Medication abruptly discontinued or changed and dosage adjusted without explanation or monitoring; lack of therapeutic treatment. (¶ 10)

- Medications switched multiple times from Risperdal to Haldol to treat psychosis but with no explanation for changes. (¶ 46)

- Prescribed high doses of Haldol without any documentation for basis of decision. (¶ 79)

- Have not received inpatient mental health care. (¶ 81)

(h)   Inmate **Christina Verduzco** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims she raises in the Complaint:

- After submitting HNR, told by staff she would be "put on the waiting list." (¶ 30)

- Went months without seeing psychiatrist despite symptoms of severe psychological distress. (¶ 80)

8

- Have not received inpatient mental health care. (¶¶ 81, 99)

(i)   Inmate **Jackie Thomas** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims he raises in the Complaint:

- Improper cessation and initiation of, failure to administer, and use of ineffective psychotropic medications while on suicide watch; delays in follow up and psychiatric evaluation; no medical attention for November 2011 overdose. (¶ 12)
- Second-hand cigarette smoke has triggered asthma attacks. (¶ 61)
- Did not see a psychiatrist for almost a year despite being moved to suicide watch several times. (¶ 76)
- Did not see a psychiatrist for eleven months despite being placed on suicide watch. (¶ 83)
- Mental and physical state deteriorated after being put in isolation cell. (¶ 96)

(j)   Inmate **Jeremy Smith** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims he raises in the Complaint:

- Psychotropic medications abruptly discontinued and restarted at inappropriate times after lengthy delays and without proper evaluation by a psychologist; prescribed medication in April 2008 without explanation. (¶ 13)
- Prescribed Celexa in June 2008, but did not receive it for nearly a year; prescribed Lithium, but not seen by a doctor for three months to monitor; renewed after six months without seeing a doctor; submitted HNR in November 2009 reporting vomiting from Lithium, and was given tums; symptoms persisted and after submitting another HNR in January 2010 he was not seen by a doctor until March 2010. (¶ 80)
- Reported mental health problems on January 5, 2010 while housed in isolation, but was not seen because of shortage in staff. (¶ 96)

(k)   Inmate **Jeremy Smith** did submit a Director's-Level Appeal in Grievance # A21-053-012 (attached as Attachment 4), which arguably includes the following claim in the Complaint:

9

- Staff have refused to assist him in filling out HNRs despite hand injury that makes it difficult for him to write. (¶ 28)

(l) Inmate **Robert Gamez** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims he raises in the Complaint:

- Delays in responses to HNRs; delays in receiving and abruptions in medication; inadequate monitoring, services and follow up visits for mental health; in August 2009, he submitted multiple HNRs for paranoia, anxiety, panic, and requested to be taken off of medications and out of isolation, but not seen for 5 months, not seen by a psychiatrist from 2007 to 2011 despite referrals from staff and multiple HNRs, and care managed by a nurse practitioner. (¶ 14.)

- Told to "be patient" in response to HNRs. (¶ 30)

- Psychotropic medications abruptly started, stopped, and restarted. (¶ 46)

- Prescribed antipsychotic and anti-epileptic medications for off-label treatment of mood disorder even though other drugs were more effective. (¶ 48)

- Second-hand cigarette smoke has triggered asthma attacks. (¶ 61)

- Did not see a psychiatrist from 2007 to 2011 despite deteriorating mental health condition; instead a nurse practitioner prescribed medication. (¶¶ 75, 99)

- Did not see a psychiatrist while in SMU for two years. (¶ 76)

- Did not have blood regularly drawn to test for medication side effects. (¶ 79)

(m) Inmate **Robert Gamez** did submit a Director's-Level Appeal in Grievance # A01-153-009 (attached as Attachment 5), which requested additional mental health rehabilitation programs for inmates in super-maximum custody. This grievance does not raise any claim that Gamez was being denied access to a psychiatrist for long periods of time. It also does not raise issues with his psychotropic medication in each step of the grievance process. Gamez initiated this grievance (by Inmate Letter) on September 6, 2009, more than two years before the Complaint in this lawsuit was filed.

(n)   Inmate **Robert Gamez** did submit a Director's-Level Appeal in Grievance # A04-046-011   (attached as Attachment 6), which arguably includes the following claim in the Complaint:

- No follow-up tests conducted on positive initial screening for frontal lobe dysfunction. (¶ 14)

(o) Inmate **Maryanne Chisholm** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims she raises in the Complaint:

- Not referred to a cardiologist for eight months despite being diagnosed with hypertension and experiencing chest pains and shortness of breath; delays and interruptions in psychotropic medication; in April 2011, she reported experiencing a nervous breakdown and requested an adjustment of her medications, but did not see psychiatrist for a month and did not receive a follow up appointment; only offered tooth extraction for broken tooth and another tooth with a missing crown. (¶ 15)

(p)   Inmate **Desiree Licci** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims she raises in the Complaint:

- Despite multiple masses growing on her breasts, mouth, and arms and discomfort in cervix in 2010, requesting testing in December 2010, and a prison doctor referring her to an oncologist in April 2011, she was not sent for a CT scan until September 2011 or MRI until December 2011, nor was she ever seen by an oncologist; nothing in file indicates whether port-a-cath implanted in chest was properly flushed out in November 2011. (¶ 16)

- Told by FHA that she was "hindering her own care" by filing grievances and HNRs regarding outside specialists. (¶ 30)

- Did not receive CT scan until September 2011 and MRI in December 2011 for masses in breasts, mouth, and arms, and discomfort in cervix, despite complaining and a prison doctor referral in December 2010. (¶ 67)

(q)   Inmate **Joseph Hefner** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims he raises in the Complaint:

- In 2006 and 2008, he did not timely receive prescribed eye medication following eye surgery; requests for medical diet for gastroesophageal reflux disease denied. (¶ 17)

- Request for medical diet (gastroesophageal reflux) denied. (¶ 67)

(r)    Inmate **Joseph Hefner** did submit a Director's-Level Appeal in Grievances # S01-012-007, S01-003-08, 08-C35-G002, D08-010-009, and L25-52-011 (attached as Attachment 7).   The first three grievances arguably included the following claims in the Complaint:

- In 2006, vision deteriorated after nurse gave him expired eye drops; did not see ophthalmologist for over three years despite submitting numerous HNRs and being referred twice by optometrist; . (¶ 17)
- Given expired medication for eye injury. (¶ 47)

These grievances, however, were initiated (by Inmate Letter) more than two years before the Complaint in this lawsuit was filed, on January 17, 2007, December 24, 2007, and May 5, 2008, respectively.

The fourth grievance arguably included the following claim in the Complaint:

- Submitted seven HNRs for eye pain between August 2009 and October 2011, but not reviewed by physician, only staff who put him on a waiting list. (¶ 35)

But Hefner did not submit either an Inmate Letter or a Formal Grievance prior to submitting this Appeal. In other words, he only filed an Appeal, which was rejected for failure to comply with the grievance procedure. The Appeal was also submitted on December 4, 2009, more than two years before the Complaint in this lawsuit was filed.

The last grievance arguably included the following claim in the Complaint:

- Told to "be patient" in response to HNRs. (¶ 30)

This specific issue, however, was only raised in the Appeal, and was not raised in either the Inmate Letter or the Formal Grievance, in violation of the grievance procedure.

(s)    Inmate **Joseph Hefner** did submit a Director's-Level Appeal in Grievance # L25-052-011 (attached as Attachment 8), which arguably includes the following claims in the Complaint:

12

- Following an assault in March 2011, his medical records were not requested by prison physician for three months, only after submitting multiple HNRs requesting treatment, and a CT scan was not done until October 2011. (¶ 17)

- Submitted multiple HNRs in spring of 2011 for pain in ribs and torso, but was not seen by a doctor for three months. (¶ 32)

- Physician request for CT scan of ribs submitted in March 2011 not given until October 2011. (¶ 68)

(t) Inmate **Joshua Polson** did <u>not</u> submit a Director's-Level Appeal with respect to the following claims he raises in the Complaint:

- Waited three years to receive partial dentures for missing teeth; waited five months to see a dentist for broken front tooth and it was not extracted until a year after it had broken. (¶ 18.)

- Must file multiple HNRs and wait three to six weeks for antibiotics for ear infections. (¶ 32).

- Not fitted for dentures for broken teeth until April 2011 despite qualifying in April 2008. (¶ 71)

- Did not have blood regularly drawn to test for medication side effects. (¶ 79)

(u)    Inmate **Joshua Polson** did submit a Director's-Level Appeal in Grievance # A30-231-009 (attached as Attachment 9), which arguably includes the following claims in his Complaint:

- Submitted multiple HNRs for pain in left ear but not evaluated for over a month. (¶ 18)

- Only seen by LPN or medical assistant who would consult with doctor by phone for ear infections; they told him it was just a scratch. (¶ 34)

This grievance, however, was initiated (by Inmate Letter) more than two years before the Complaint in this lawsuit was filed, on December 1, 2009.  In addition the second issue listed above was only arguably raised in the Formal Grievance; it was not also raised in the Informal Letter or Appeal, in violation of the grievance procedure.

13

(v)   Inmate **Joshua Polson** did submit a Director's-Level Appeal in Grievance # A30-239-011 (attached as Attachment 10), which raised a similar issue to the following claim in the Complaint:

- Gaps and sporadic monitoring of psychotropic medication. (¶ 18)

That Appeal stated: "This facility's abilities to deal with mental health inmates extends to over medicating inmates and locking them down while ignoring their mental health needs." Polson, however, did not raise this issue in his Formal Grievance, in violation of the grievance procedure.

(w)   Inmate **Joshua Polson** did submit a Director's-Level Appeal in Grievance # A30-201-010 (attached as Attachment 11), which arguably includes the following claim in the Complaint:

- Delay in receiving outside specialist referrals for chronic ear infections and hearing loss in right ear. (¶ 18)

(x)   Inmate **Charlotte Wells** did not submit a Director's-Level Appeal with respect to the following claims she raises in the Complaint:

- Not evaluated by cardiologist for chronic chest pains, dizziness, and high blood pressure for four months; no follow-up appointment with cardiologist after receiving stent and reporting continued chest pains after returning from hospital; gynecologist evaluated her chest symptoms; in 2010, fillings in two teeth were broken and not repaired for months; dentist cracked adjacent tooth in November 2011 when those fillings were replaced and it has not been repaired. (¶ 19)

- Refused tooth extraction and endured pain for several months before her filling were replaced; but in the process, another tooth was cracked and she has not received treatment/repair. (¶ 72)

14.   Based on my review, the only medical-related claims raised in the Complaint and alleged by a specific Plaintiff that were properly exhausted by that Plaintiff (i.e., the issue was raised in all three-steps of the medical-grievance process and also

initiated within two years of the filing of the Complaint and completed before the date the Complaint was filed) are those listed in paragraphs **13 (d), (f), (k), (n), (s),** and **(w)**.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 19th day of July, 2012.

Juliet Respicio-Moriarty

2669099.1

15

**ATTACHMENT 1**



| ARIZONA DEPARTMENT OF CORRECTIONS | CHAPTER: 800<br>INMATE MANAGEMENT | OPR:<br><br>OPS |
|---|---|---|
| DEPARTMENT ORDER MANUAL | DEPARTMENT ORDER: 802<br>*INMATE GRIEVANCE PROCEDURE* | SUPERSEDES:<br>DO 802 (3/3/2000) |
| | | EFFECTIVE DATE:<br>JULY 13, 2009 |

# TABLE OF CONTENTS

PURPOSE

RESPONSIBILITY

PROCEDURES                                                                              PAGE

802.01    GENERAL INFORMATION ....................................................................1

802.02    INFORMAL COMPLAINT RESOLUTION........................................................3

802.03    FORMAL GRIEVANCE PROCESS.................................................................3

802.04    FIRST LEVEL APPEAL TO THE WARDEN ......................................................5

802.05    APPEALS TO THE DIRECTOR ...................................................................5

802.06    INTERSTATE COMPACT AND CONTRACT BED GRIEVANCES .........................6

802.07    INMATE ABUSE OF GRIEVANCE PROCEDURE .............................................7

802.08    PROTECTION AGAINST REPRISAL...........................................................7

802.09    ORIENTATION AND TRAINING ...............................................................8

802.10    REPORTING AND RECORDS REQUIREMENTS .............................................8

          DEFINITIONS ....................................................................................8

          AUTHORITY ......................................................................................9

          ATTACHMENTS

# PURPOSE

The Department provides inmates with access to an Inmate Grievance Procedure to provide opportunity for informal resolution and a formal review of an issue impacting conditions of confinement or institutional life that personally affect the inmate grievant. This Department Order provides timely, administrative remedies to inmate complaints which might otherwise unnecessarily burden the courts.

# RESPONSIBILITY

All Department staff are responsible for promoting meaningful dialogue and timely written communication with inmates to resolve inmate complaints and disputes at the lowest possible level in the organization and at the earliest possible opportunity.

The Division Director for Offender Operations is responsible for the overall operation of the Inmate Grievance Procedure. Under the direction of the General Counsel, the Central Office Appeals Unit Administrator and Appeals Officers are responsible for monitoring the effectiveness of the procedure and ensuring that all appeals are presented to the Director for review. Wardens are responsible for ensuring that they serve as the first level of appeal in the grievance process, and Department staff follow all procedures outlined in this Department Order.

# PROCEDURES

**802.01        GENERAL INFORMATION**

1.1     The Inmate Grievance Procedure is designed to address inmate complaints related to any aspect of institutional life or condition of confinement that directly and personally affects the inmate grievant including Department Orders, Director's Instructions, Institution and Post Order, Technical Manuals and written instructions, procedures and the actions of staff.

1.2     The following are not grievable under the Inmate Grievance Procedure:

1.2.1     Actions of the Governor or State Legislature.

1.2.2     Decisions of the Board of Executive Clemency.

1.2.3     Judicial proceedings or decisions of the Courts.

1.3     The Inmate Grievance Procedure does not serve as a duplicate appeal process or substitute appeal process for the following, which have independent appeal processes:

1.3.1     Disciplinary Hearing Process outlined in Department Order #803, Inmate Discipline Procedures.

1.3.2     Publication Screening and Review outlined in Department Order #914, Inmate Mail.

1.3.3     Protective Segregation outlined in the written instruction for Protective Segregation.

1.3.4   Security Threat Group Validation outlined in Department Order #806, Security Threat Groups (STGs).

1.3.5   Classification action outlined in Department Order #801, Inmate Classification.

1.4   Inmates who attempt to file grievances and appeals for actions outlined in 1.3 of this section will be instructed to follow the appeal process outlined in that specific Department Order or written instruction. Appeals to the Central Office Appeals Unit on these actions may be considered only if the primary issue is outside the scope of the established appeals process.

1.5   Pursuant to the Prison Litigation Reform Act of 1996 (PLRA), inmates shall completely exhaust the Department's internal grievance and administrative processes prior to filing any complaint with any State Board or Federal Court.

1.6   Inmates may utilize the Inmate Grievance Procedure regardless of any disciplinary status, housing location or classification. Appropriate provisions shall be made to ensure that inmates who are not fluent in English, persons with disabilities, those with low literacy levels, the elderly and the mentally ill have access to the Inmate Grievance Procedure.

1.7   Wardens shall ensure that there are no barriers for inmate access to Inmate Grievance forms and that inmates have the ability to file grievances and appeals in a timely and confidential manner.

1.8   Inmates may use the Inmate Grievance Procedure to file "Emergency Grievances".

1.8.1   An inmate may file an emergency grievance when a condition exists that, if processed through the normal grievance time frames, would subject the inmate to substantial risk of medical harm, personal injury or cause other serious and irreparable harm.

1.8.2   Sections 802.02 and 802.03 of this Department Order refer to the grievance procedure as a written procedure. As such, it may not be conducive to resolving true emergencies. Inmates should utilize other available means such as letters and verbal notifications to notify staff of an emergency. The Facility Health Administrator has the final authority in determining whether a grievance will be processed as an Emergency Grievance.

1.8.3   Any Informal Complaint or Formal Grievance received by staff marked as an "emergency" shall be immediately evaluated through the chain of command to determine whether it is an emergency as defined in this Department Order and requires immediate response outside of Grievance Procedure time frames.

1.9   A staff person receiving an Informal Complaint or Formal Grievance at any level that describes activity that may be in violation of the Sexual Assault Procedure shall immediately initiate PREA procedures and notify the shift commander who shall notify the unit Deputy Warden or institution Warden.

CHAPTER: 800 - INMATE MANAGEMENT
DEPARTMENT ORDER: 802 - INMATE GRIEVANCE PROCEDURE

1.10   Inmates may file grievances and appeals directly to the Warden when the content of the grievance is of a nature that would pose a threat to the safety of the inmate, staff, or other inmates if the grievance were filed through established procedures.

1.11   Unless notified of an extension of time frames, expiration of any time limit for a response at any stage in the process shall entitle the inmate grievant to move to the next step in the process. Extensions at any step in the grievance process shall not exceed 15 working days.

## 802.02   INFORMAL COMPLAINT RESOLUTION

1.1   Inmates shall attempt to resolve their complaints through informal means including, but not limited to, discussion with staff in the area most responsible for the complaint or the submission of Inmate Letters.

1.2   In the event that an inmate is unable to resolve their complaint through informal means, he/she may submit an Informal Complaint on an Inmate Letter, Form 916-1, to the Correctional Officer (CO) III in their respective unit. The Informal Complaint must be submitted within 10 workdays from the date of the action that caused the complaint. The inmate shall attach copies of all documentation to support his/her complaint

1.3   The CO III shall:

1.3.1   Investigate and attempt to resolve the complaint informally.

1.3.2   Provide a response to the inmate within 15 work days using the Inmate Letter Response, Form 916-2.

1.3.3   For Medical Grievances, contact the appropriate medical staff to attempt to resolve the complaint.

1.4   The inmate may file a Formal Grievance if he/she is dissatisfied with the Informal Complaint resolution response from the CO III. In the event that the CO III has not attempted to resolve the problem for the inmate, the grievance shall be returned to the CO III for further action.

## 802.03   FORMAL GRIEVANCE PROCESS

1.1   An inmate may file a Formal Grievance should he/she be unable to resolve their complaint informally. The inmate has five work days from receipt of the response from the CO III to submit a Formal Grievance to the Grievance Coordinator using the Inmate Grievance, Form 802-1.

1.2   The inmate shall place a single complaint with related issues on a single Inmate Grievance form. If the inmate includes multiple unrelated issues on a single form, the submission of the grievance shall be rejected and returned as unprocessed.

1.3   The inmate shall submit the Inmate Grievance form to the unit CO IV unit Grievance Coordinator. The CO IV shall log and assign a number to each Inmate Grievance using the Unit Coordinator Grievance Log, Form 802-9.

CHAPTER: 800 - INMATE MANAGEMENT
DEPARTMENT ORDER: 802 - INMATE GRIEVANCE PROCEDURE

1.4     The CO IV may request that an additional investigation be conducted, and may assign any unit staff member to the investigation to aid in the resolution of the grievance. The inmate shall be notified in writing of any extensions as outlined in 802.01, 1.11 of this Department Order.

1.5     Within 15 working days following receipt of the Formal Grievance, the Deputy Warden shall issue a written response to the inmate.

   1.5.1   The written response to the inmate shall include:

      1.5.1.1   A summarization of the inmate's complaint.

      1.5.1.2   A description of what action was taken to investigate the complaint.

      1.5.1.3   A summary of the findings.

      1.5.1.4   The decision and supporting rationale in reaching that decision.

   1.5.2   The decision from the unit level shall either be "Resolved" or "Not Resolved".

   1.5.3   Should the response indicate that the grievance is "Not Resolved" due to a Department or institution written instruction, the specific Department Order, Director's Instruction, Institution or Post Order or other written instruction or directive shall be noted in the response.

   1.5.4   The Deputy Warden shall sign the written response to the inmate. Any attachments shall remain with the original grievance form.

1.6     Upon receipt of any Medical Grievance, the CO IV shall immediately forward the form to the Facility Health Administrator (FHA). Within 15 work days of receipt, the FHA shall:

   1.6.1   Investigate the complaint.

   1.6.2   Personally meet with the inmate submitting the Formal Grievance prior to preparing a written response. An attempt shall be made during the meeting to mutually resolve the grievance issue consistent with the essential medical needs of the inmate and the provision of medical services established by existing standards of required care and the system of written instructions.

   1.6.3   Provide the inmate with a written response specifying the reason(s) for the decision, and the date and content of the personal meeting conducted as outlined in 1.6.2.

   1.6.4   Return the documentation to the inmate through the unit CO IV Grievance Coordinator.

CHAPTER: 800 - INMATE MANAGEMENT
DEPARTMENT ORDER: 802 - INMATE GRIEVANCE PROCEDURE

**802.04**　　**FIRST LEVEL APPEAL TO THE WARDEN/HEALTH SERVICES REGIONAL OPERATIONS DIRECTOR**

1.1　　Within five work days of receiving the Formal Grievance response for the Deputy Warden, the inmate may elect to Appeal the decision by submitting a Inmate Grievance Appeal, Form 802-3 to the Warden.

1.2　　The Warden shall review the inmate's Formal Grievance and Informal Complaint resolution, the investigation and the response signed by the Deputy Warden. The Warden may return the Inmate Grievance to the Deputy Warden or CO IV for an additional investigation.

1.3　　Within 20 work days, the Warden or designee shall issue a written response to the inmate that either affirms or reverses the decision of the Deputy Warden. Should the Warden reverse the decision of the Deputy Warden, the Warden shall provide the inmate with written notification of what corrective action is being taken.

1.4　　The Warden's office shall ensure that appropriate remedies for valid grievances are provided, which may include, but not limited to, changes in unit and institution procedures, recommendations for changes to Department Orders or Director's Instructions and corrective action taken on the inmate's specific issue, such as correction to the inmate's account, location of lost property, etc.

1.5　　Each institution has the authority to adjust grievance claims for inmate property loss that have an adjusted value up to and including $450 per occurrence. The inmate must initiate the claim by filing an Inmate Grievance. Resolution shall be in accordance with the established Risk Management Procedures.

1.6　　Medical Grievances may not be appealed to the Warden. The FHA shall immediately forward any Medial Grievance Appeal to the Health Services Regional Operations (HSROD) Director for investigation and response.

**802.05**　　**APPEALS TO THE DIRECTOR**

1.1　　Within five work days from the date that the inmate received the decision of the Warden or HSROD, the inmate may elect to appeal the decision of the Warden/ HSROD to the Director. Inmates may not file an appeal to the Director until the Grievance Procedure within their assigned unit and institution has been exhausted.

1.2　　The inmate shall submit the Inmate Grievance Appeal form to the CO IV who shall log, process and forward all documents to the Central Office Appeals Officer within five workdays of receiving the appeal from the inmate.

1.3　　The Appeals Officer may return any Grievance Appeal to the unit for further investigation or which does not meet the requirements of this Department Order.

1.4　　Within 30 calendar days of receiving the Inmate Grievance Appeal, the Central Office Appeals Officer shall prepare a response and submit it to the Director for signature.

1.5　　The Health Services Bureau Administrator shall:

1.5.1　　Review all Medial Grievances in consultation with Department physicians and contracted physicians as necessary.

    1.5.2    Prepare a response and submit it to the Director for signature.

1.6    Rationale used to reach decisions pertaining to Inmate Grievance Appeals shall be included in the response sent to the inmate, with a copy to the Warden, and shall specify whether the decision of the Wardens is:

    1.6.1    Affirmed.

    1.6.2    Partially affirmed.

    1.6.3    Reversed.

1.7    The Director may delegate signature authority for any and all Grievance Appeal responses.

1.8    The decision of the Director is final and constitutes exhaustion of all remedies within the Department.

## 802.06    INTERSTATE COMPACT AND CONTRACT BED GRIEVANCES

1.1    Inmates housed out-of-state through Interstate Compact Agreements or assigned to a contract bed facilities in-state or out-of-state shall be provided an opportunity to file Inmate Grievances and Appeals.

1.2    Inmate shall first attempt to resolve issues using the Informal and Formal Grievance Procedures made available to them at the institution and/or State in which they are housed. Complaints related to issues of basic daily living, such as food, clothing and property, shall first be addressed to the facility or jurisdiction where the inmate is being housed. Only issues specifically related to an action by the Arizona Department of Corrections may be elevated to a Formal Grievance.

1.3    Interstate Compact Inmates - For inmates transferred through Interstate Compact, the Interstate Compact Supervisor shall act in the capacity of the Deputy Warden and shall complete all steps outlined in section 802.03 of this Department Order. The Central Office Security Operations Administrator or designee shall act in the capacity of the Warden for the first level of the Inmate Grievance Appeals as outlined in section 802.04 of this Department Order.

1.4    Contract Bed Inmates - For inmates housed in contract bed facilities, whether in state or out-of-state, the Department Contract Monitor shall ensure that the contracted facility has a meaningful grievance procedure that affords inmates the opportunity to resolve issues at the local level.

    1.4.1    The Contract Monitor shall act in the capacity of the Deputy Warden as outlined in section 802.03 of this Department Order.

    1.4.2    The Contract Beds Administrator or designee shall act in the capacity of the Warden for first level Inmate Grievance Appeals as outlined in section 802.04 of this Department Order.

    1.4.3    The contracted prison Health Administrator shall process the Inmate Grievance as the Complex FHA.

1.5    Consideration shall be given to inmates being housed out-of-state, and the time frames for filing of Inmate Grievances and Appeals may be waived accordingly.

## 802.07    INMATE ABUSE OF GRIEVANCE PROCEDURE

1.1    An inmate abuses the Inmate Grievance Procedure when he/she does any of the following during the Informal Complaint, Grievance, or Appeal process:

1.1.1    Threatens serious bodily harm to staff, inmates or the general public.

1.1.2    Files multiple grievances on the same issue(s) at the same time or without waiting for a response.

1.1.3    Files in excess of five grievances in any one month that are determined to be frivolous by the CO IV and the Central Office Appeals Officer. A grievance is frivolous if clearly on its face it is devoid of merit and is a detriment to the orderly operation of the Grievance Procedure.

1.1.4    Includes false allegations that are determined to have been malicious.

1.2    Should an inmate demonstrate abuse of the grievance process, the Warden or FHA may recommend to the Central Office Appeals Officer or the Health Services Bureau Administrator that action be taken to restrict the inmate's access to the grievance process.

1.2.1    These restrictions may include, but are not limited to:

1.2.1.1    Limiting the inmate's access to the Inmate Grievance form.

1.2.1.2    Returning the grievances and appeals to the inmate.

1.2.2    Restrictions shall be temporary in nature and subject to review.

1.2.3    The Central Office Appeals Officer shall:

1.2.3.1    Provide the inmate with a written notice that details the restrictions, the reasons for the decision and the duration of the restrictions.

1.2.3.2    Maintain a current list of inmates and their restrictions and forward a copy to the Wardens weekly.

1.3    The Deputy Warden, in consultation with the Warden and the Central Office Appeals Officer may recommend that an inmate receive disciplinary action for abusing the Inmate Grievance process as outlined in Department Order #803, Inmate Disciplinary System.

## 802.08    PROTECTION AGAINST REPRISAL

1.1    Retaliation or threat of retaliation for use of the Inmate Grievance Procedure is strictly prohibited. The inmate may pursue any alleged or threatened retaliation through the Inmate Grievance Procedure. Employees found to be in violation of this section shall receive disciplinary action as outlined in Department Order #601, Administrative Investigations and Employee Discipline.

CHAPTER: 800 - INMATE MANAGEMENT
DEPARTMENT ORDER: 802 - INMATE GRIEVANCE PROCEDURE

    1.2      Failure of an inmate to substantiate his/her grievance allegations shall not, by itself, be used as grounds to initiate disciplinary action against the inmate. If it is found that the inmate has intentionally falsified information in the Informal Complaint, Grievance or Appeal, the CO IV may recommend disciplinary action after consultation with the Central Office Appeals Administrator.

    1.3      Staff responses to inmate Informal Complaints, Grievances and Appeals shall be professional and shall not include any demeaning or degrading language or inappropriate remarks.

    1.4      All documents relating to the Inmate Grievance Procedure are confidential and shall not be shared with any other inmate or staff member outside of the investigative and appeal process.

## 802.09    ORIENTATION AND TRAINING

    1.1      A written explanation and instructions for the use of the Inmate Grievance Procedure shall be made available to all staff. Both an oral and written explanation of the Inmate Grievance process shall be made available to all new staff at Employee Orientations and shall be included in the COTA curriculum.

    1.2      Inmates shall receive a written and oral explanation of the Inmate Grievance Procedure in reception centers and as part of the orientation process in any subsequent facility.

## 802.10    REPORTING AND RECORDS REQUIREMENTS

    1.1      The Warden shall designate staff at their institution and ensure that Deputy Wardens designate a staff member at their unit to record and enter information regarding Inmate Grievances into the Monthly Statistical Report, Form 802-10.

    1.2      The Central Office Appeals Administrator shall collect and review Monthly Statistical Report data and evaluate the effectiveness of the grievance process.

    1.3      The Central Office Appeals Administrator shall conduct an annual assessment of the Inmate Grievance Procedure. Comments shall be solicited from staff and inmates and shall be summarized in the assessment report. This report shall be due on or before June 30 of each year and shall reflect information for the preceding fiscal year.

    1.4      The Grievance Coordinator and Appeals Offers at each unit and Central Office shall maintain all grievance records in a confidential and secure storage area. Inmate Grievances and Appeals are confidential and shall not be included in the Inmate Master File or any institutional file.

    1.5      Inmate Grievance records shall be maintained for five years following the date of the last appeal response.

# DEFINITIONS

**GRIEVANCE-** A complaint filed by an inmate related to any aspect of institutional life or conditions of confinement that personally affects the inmate grievant

**INFORMAL RESOLUTION -** Any attempt to resolve a complaint prior to attempting to resolve the issue through a formal process.

**MEDICAL GRIEVANCE** - A complaint related to health care issues including but not limited to medical, dental, psychological, psychiatric services, and related medical staff.

**UNPROCESSED -** A condition which results from the paper work addressing a particular issue being returned to an inmate without being assigned a case number or being processed in any manner.

{Original Signature on File}

_____
CHARLES L. RYAN
DIRECTOR

**ATTACHMENTS**
Attachment A - Standard Grievance Process
Attachment B - Emergency Grievance Process
Attachment C - Medical Grievance Process
Attachment D - Staff Grievance Process
Attachment E - Department Written Instructions Grievance Process

**FORMS LIST**
802-1, Inmate Grievance
802-2S, Inmate Grievance (Spanish)
802-3, Inmate Grievance Appeal
802-4S, Inmate Grievance Appeal (Spanish)
802-5, Inmate Grievance/Investigation Report
802-6S, Inmate Grievance/Investigation Report (Spanish)
802-7, Supplement
802-8S, Supplement (Spanish)
802-9, Unit Coordinator Grievance Log

# AUTHORITY

28 CFR Part 40, Order 957-81, Standards for Inmate Grievance Procedures.

**ATTACHMENT 2**



# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: Swartz, Stephen      ADC No.: 102486      Case No.: L03-010-010
Institution: ASPC-Lewis Stiner      Date Received: 11/15/10

I have reviewed your grievance appeal regarding your medical care. Specifically, you state in your appeal that: (i) the Facility Health Administrator (FHA) did not issue a response to your 7/14/10 medical grievance; (ii) you received improper medical care, and now suffer from post-operative nerve damage to your face and left eye; (iii) the care you received during your 3/4/10 medical specialist consultation placed you at unnecessary medical risk of injury; (iv) you have yet to see a medical specialist to address your eye condition; (v) you are seeking monetary compensation for your injuries.

Your grievance appeal has been investigated, and is denied. The reasons for this decision are:

1. Your 7/14/10 medical grievance was received by the FHA's office in August, 2010. Records show that your grievance was returned to your unit by a member of the FHA's staff, as it lacked the necessary supporting documentation. However, the appeal was not received by the Grievance Coordinator on your unit, and no follow-up was completed by the FHA's office to ensure that the returned grievance was received. Your original 7/14/10 medical grievance could not be located. The FHA has been informed of this error and has subsequently implemented a new process which will prevent these kinds of deficiencies from occurring in the future.
2. There is no evidence to substantiate your claims that you received improper care during your 3/4/10 medical procedure. The documentation from this medical appointment reveals no evidence of any medical complications during your surgical care that would have adversely affected your post-operative recovery. In addition, there is no documentation from this appointment to suggest that you were exposed to unnecessary medical risk as the result of the care you received on 3/4/10.
3. You currently have an approved medical consultation to see an Ophthalmologist. At the present time this consultation is being scheduled, and you will be notified when to report for this appointment. Your patience is appreciated during this scheduling process.
4. Per Department Order 802, only claims for compensation involving property loss and/or damage may be addressed within the appeals process. Your claim for financial compensation does not meet this criterion, and will therefore not be addressed within this response.
5. Please submit a Health Needs Request form if you require medical assistance.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

_____                    11·29·10
Charles L. Ryan, Director                                    Date

cc:    FHA, Lewis
        C.O. Inmate File

ARIZONA DEPARTMENT OF CORR~~ECTIONS~~ TIONS

**Inmate Grievance Appeal**

DeD 11/6/10

The Inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

(To be completed by staff member initially receiving appeal)

Received by: _Shultis_
Title: _Sgt._
Badge #: _____
Date: _8-5-10_

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| SWARTZ, STEPHEN O | 102486 | 8/8/2010 |

| Institution | Case Number |
|---|---|
| LEWIS · S.D.U. B·3 | L03-010-010? |

TO:

HEALTH SERVICES REGIONAL OPERATIONS DIRECTOR

I am appealing the decision of _I/M Grievance Not Responded To_ for the following reasons:

Grievance Not Responded To, time limits to respond have expired,
Grievant Requests the proposed Resolution as detailed on the
Grievance Form.

THANK YOU!!

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Stephen O. Swartz | 8/8/2010 | COUDell. | 7-15-10 / 4-26-10 |

Response To Inmate By: | Location

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL:   White & Canary - Grievance Coordinator
           Pink - Inmate
FINAL:     White - Inmate
           Canary - Grievance File

802-3P
2/14/00

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance

| | Received By |
|---|---|
| | A. DIAZ |
| | Title |
| | CO II |
| | Badge Number 3899 | Date 7-14-10 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3P, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First, M.I.) | ADC Number | Date |
|---|---|---|
| SWARTZ, STEPHEN O. | 102486 | 7/14/2010 |
| Institution/Facility | Case Number | |
| LEWES - B.D.U. | L03-010-010 | |

TO: Grievance Coordinator

Description of Grievance (To be completed by the inmate)  ON 3/3/2010 Grievant Was Taken off site to Doctor L. THORPE who performed intensive Facial Surgery - Reconstructive Surgery, on Grievant for over three (3) hours in the back of his office in EAST MESA.

As a result of this Surgery Grievant Now suffers from Permanent Nerve damage in the left Eye, the left side of my face, Permanent Nerve Pain for witch Medication is Necessary and Permanent disfigurement. In addition Dr. Thorpe overdosed me on Anesthesia to the Point that Grievant actually died at Complex Medical, when returned to Prison and was revived with NARCON by Nurse Berns and Put in West Valley Hospital.

The things that were done to Grievant by Dr. Thorpe AND happened to Grievant as a result extremely shocked the two (2) Escort officers that TRANSPORTED ME.

Proposed Resolution ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)  Informal Resolution Submitted to COII Diaz on 6/19/2010, Response NEVER RECEIVED.

① To Resolve this problem or Mitigate it Grievant requests to be Seen by a Specialist to See if any of the physical Damage can be corrected. ② Grievant ask that this DR. THORPE No Longer be Permitted to contract with DOC. ③ In addition Grievant requests adequate "reparation" for the Physical, Mental AND Emotional Damage that He suffered will continue to suffer and for the Inadequate Medical Care, In a fair AMT.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Stephen O. Swartz | 7/14/2010 | COIII Lee | 7-15-10 |

Action taken by _____   Documentation of Resolution or Attempts at Resolution.

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| A. DIAZ | | |

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File

802-1P
2/14/00.

**ATTACHMENT 3**

# Arizona Department of Corrections





1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov

JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: BRISLAN, DUSTIN        ADC No.: 164993        Case No.: A30-361-011

Institution: ASPC-EYMAN/SMU I                    Date Received: January 26, 2012

I have reviewed your Grievance Appeal regarding your medical care.   You state: 1) when you were taken to medical, you were not counseled by the doctor; 2) in a period of 15 months, you were only seen once by a doctor for a true counseling session; therefore, 3) you were deprived of a meaningful opportunity to receive proper counseling as patient with a serious mental illness (SMI).

Your Grievance Appeal has been investigated including a review of your medical records, your Inmate Letter of November 22, 2011, the response to this letter, your Grievance of December 12, 2011 and the response to this grievance. The decision of the Facility Health Administrator (Matt Musson) is affirmed and your appeal is denied.  The reasons for this decision are:

1. Review of your medical records indicates, between August 5, 2011 and January 25, 2012 you were evaluated and counseled multiple times by mental health staff: 2 times by a psychiatrist, 33 times by a psychologist and 7 times by a psychiatry nurse.

2. Some of these visits occurred when you were on mental health watches for your episodes of self harm. You were appropriately and regularly monitored, counseled and provided medications for your mental health issues.

3. During your consultations with a psychiatrist August 24, 2011 and January 25, 2012, your mental health issues were evaluated, counseled and your medications were reviewed for appropriateness. Follow-up with mental health staff was ordered.

4. Your physical injuries as a result of multiple attempts of self harm were also examined by medical staff. You were provided prompt treatment of your injuries.

5. You have been provided appropriate medical and mental health care and you are continuing to be clinically monitored.

6. Please submit a Health Needs Request (HNR) if you have additional medical concerns or needs.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.


_____
Charles L. Ryan, Director

3/16/12
Date

cc:    FHA, ASPC-Eyman
       C.O. Inmate File

**ARIZONA DEPARTMENT OF CORRECTIONS**
Inmate Grievance Appeal

(To be completed by staff member initially receiving appeal)

| The Inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | RECEIVED AZ DEPT. OF CORRECTIONS | Received by: A. ZERAVICA |
|---|---|---|
| | | Title: CO II |
| | | Badge #: 9756 |
| 12 JAN 26 PM 1:23 | Date: 1/15/12 |
| INMATE HEALTH SERVICES | |

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Brislan Dustin L. | 164993 | |

| Institution | Case Number |
|---|---|
| Eyman /SMU I/ 1-A-26 | A30-361-011 |

TO: Psychologist III Eyman Complex Administration

I am appealing the decision of FHA Mathew A Musson _____ for the following reasons:

Because of the intentional delay to give me the FHA Responce, I am filing it today, the day I received it. Attached to this appeal are the following: Informal resolution, C.O. III responce, grievance, FHA responce. The C.O. signing signs as witness that they're taped to this appeal. If they're not, then they were intentionally removed. When I was taken to Medical I was not counseld by any doctor. I was merely asked by collins if I was OTS/OTD. And even if I were (which I wasn't) why would it be done in an area where a non-psychologist can hear everything said violating my Doctor patient to Privicy rights? I was only pulled out once, in 15 months by Doctor Tennearions for a true counseling session and since then have been deprived my meaningful opportinity to receive proper counseling as I an SMI patient, would be receiving anyways.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date 1-17-12 |
|---|---|---|---|

| Response To Inmate By: | Location |
|---|---|
| | |

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL:    White & Canary - Grievance Coordinator
                 Pink - Inmate
FINAL:       White - Inmate
                 Canary - Grievance File

802-3
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE RESPONSE

| | |
|---|---|
| **Inmate Name (Last, First M.I.):**<br><br>Brislan, D. | **ADC #:  164993**<br><br>**Grievance #: A30-361-011** |

| **Institution/ Unit / Housing:**<br><br>ASPC-EYMAN SMU-I |
|---|

| **From:**<br><br>Matthew A. Musson, Facility Health Administrator (FHA) | **Location / Unit:**<br><br>ASPC-Eyman / INMATE HEALTH SERVICES |
|---|---|

Your Inmate Grievance dated 12/12/11 was received by the Eyman Health Service office on 12/21/11.  You state in your grievance that you have yet to be seen by the Psychologist. Investigation into the issue you have raised included a review of your medical records.

You were seen on 12/13/11 by the Psychologist in the Health Unit. Your issue is resolved.

Submit a Health Needs Request form if you require additional medical care.

**YOU MAY APPEAL THIS DECISION TO THE DIRECTOR BY REQUESTING APPEAL FORM GF-2.**

| **Staff Signature:** | **Date:** |
|---|---|
| | 12/22/11 |

Distribution:   Original - Inmate
Copy:  Institutional File
Copy:  Grievance Coordinator                916-2PF                        4/15/04

ARIZONA DEPARTMENT OF CORRECTIONS
Inmate Grievance

| Received By | McFarland |
|---|---|
| Title | COII |
| Badge Number | Date |
| 8452 | 12/12/11 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) | ADC Number | Date |
|---|---|---|
| Brislan Dustin L. | 164993 | 12-12-11 |

| Institution/Facility | Case Number |
|---|---|
| SMU-1-A-26-Eyman complex | A30-361-011 |

To: FHA Mathew Musson (Medical Grievance)

**Description of Grievance** (To be completed by the inmate)

On many excassions I've requested to be pulled out of my cell to speak to the Psychologist for 1 on 1 counseling but have been denied my right to counseling treatment. Instead they come briefly to my cell front where the entire pod "7" other people can hear our conversation violating my Doctor patient confidential rights and Doctor patient privacy rights. Because I've been unable to receive proper counseling I've ended up on suicide watch at least 6 times. This no-one elses business is what the Doctor and I speak about. I need to speak to the Psychologist! I need 1 on 1 counseling. I dont care which Psychologist it is as long as I can speak to 1. Attached to this grievance is the Informal Resolution and C.O. III response. The Officer signs, signing as witness that they both are there.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

I've asked verbally to speak to the psychologist and Dr collins was asked to come speak to me but unable to pull me out because of staff. Shes witness that I've requested to speak 1 on 1. I wrote an informal "which is attached to this grievance" and got a C.o. III response." which is attached to this grievance."

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 12-12-11 | 1732 | 12-13-11 |

**Action taken by** _____  Documentation of Resolution or Attempts at Resolution.

Seen 12/13 In the Health unit (Not Cellfront)
12/12 Hurz to NH Answered 12/14 Seen 12/13 No other Hurds
Issue Resolved

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

802-1
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS** 

**Inmate Letter Response**

| For distribution: Copy of corresponding inmate Letter must be attached to this response. |
| --- |

| Inmate Name *(Last, First M.I.)* | ADC Number |
| --- | --- |
| Brislan | 164993 |

| Institution/Unit |
| --- |
| ASPC-Eyman/SMUI |

| From | Location |
| --- | --- |
| COIII Cersosimo | Wing 1 A/D |

In response to your informal resolution dated 11/22/2011 regarding your claims that you have requested to speak with psychologist for counseling but each time, you are turned down because there is not enough staff. You do not state how you requested (verbal or HNR) or who you requested from.

I spoke with Psychological Associate II Ms. Williams who informed me that Dr. Collins completed an inmate interview with you on 12/08/2011. I am closing this informal resolution. If you have difficulties with this in the future, let me know. If it is urgent and you need psychological assistance immediately, do not wait for a response, inform security staff immediately so they can get you the assistance you need.

| Staff Signature | Date |
| --- | --- |
| | 12/09/2011 |

Computer Electronic Version

Distribution: Original - Central Office Master File
    Copy - Inmate
    Copy - Institutional File

916-2
4/15/04

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

Requests are limited to one page and one issue, NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Bristan Dustin L | 164993 | SMU/BA-26 | 11-22-11 |

| To: C.O. III Cersosimo | Location SMU/BA-D |
|---|---|

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

This is an informal resolution to solve the following issue: I've requested many times to speak to the Psychologist for counseling. But each and every time am turned down for claims that there's not enough staff! Don't I have the right to speak to the Psychologist? I've only had 1 counseling session in 13 months. Im being denied my access to psychological help. My proposed resolution is to be pulled out to speak to the psychologist and once every 3 months after, for the rest of my time here.

| Inmate Signature | Date 11-22-11 |
|---|---|

Have You Discussed This With Institution Staff?  ☐ Yes  ☐ No

If yes, give the staff member's name:

916-1
5/13/10

**ATTACHMENT 4**

# Arizona Department of Corrections



1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: SMITH, JEREMY        ADC No.: 129438        Case No.: A21-053-012

Institution: ASPC-EYMAN/ BROWNING        Date Received: May 9, 2012

I have reviewed your Grievance Appeal in which you state it is extremely painful for you to write and request permission to purchase a typewriter or recorder for this purpose.

Your Grievance Appeal has been investigated including a review of your medical records along with your Inmate Letter of February 23, 2012, the response to this letter, your Grievance of March 11, 2012, and the response to this grievance. Based on our findings, the decision of the Facility Health Administrator (Matthew Musson) is affirmed and your appeal is denied. The reasons for this decision are:

1.  Your medical records show that you have been evaluated several times by medical staff for your complaint of wrist pain and you are continuing to be medically monitored.

2.  When you were examined by a medical provider on January 12, 2012, it was noted that except for a slight tenderness on lateral flexion, your wrist had full range of motion. You were provided Naproxen for your pain symptoms and encouraged to follow a healthy lifestyle. On January 31, 2012, you were provided an ace wrap for your wrist.

3.  You were again seen on February 13, 2012 at which time your right hand was noted to have a slight tenderness on the lateral border but full range of motion was not impaired. Tylenol and Nortriptyline were prescribed for your pain symptoms and you were advised about the pain management ladder.

4.  In response to your Health Needs Request (HNR), your medical records were evaluated on March 13, 2012 by a medical provider after which your Nortriptyline dosage was increased. On March 26, 2012, after reviewing your multiple HNRs, the medical provider gave a diagnosis of neuropathy and again explained the pain management ladder. Acetaminophen was discontinued and you were placed on Ibuprofen.

5.  There is no evidence to support the medical necessity of providing you or allowing your to purchase a typewriter or a recorder at this time.

1

Inmate Name: <u>SMITH, JEREMY</u>          ADC No.: <u>129438</u>          Case No.: <u>A21-053-012</u>

6.    Please submit a Health Needs Request (HNR) if you have additional medical concerns or needs.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

Charles L. Ryan, Director                                      Date

cc:    FHA, ASPC-Eyman
       C.O. Inmate File

2

ARIZONA DEPARTMENT OF CORRE~~CTI~~ONS

**Inmate Grievance Appeal**

(To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's
decision to the Director by requesting the appeal on this form.

AZ DEPT. OF CORRECTIONS

10 MAY -9 PM 5: 13

INMATE HEALTH SERVICES

| Received by: | Cordora |
|---|---|
| Title: | CO II |
| Badge #: | 2569 |
| Date: | 05-02-12 |

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| SMITH  JEREMY  S. | 129438 | 5.2.12 |

| Institution | Case Number |
|---|---|
| EYMAN / BROWNING / 1839 | A21-053-012 |

TO:   ADC   DIRECTOR  RYAN

I am appealing the decision of _Facility Health Administrator_ for the following reasons:

The FHA says that "there is no clinical indication that the condition with my wrist ~~does not~~ requires a typewriter." The FHA is at this point just guessing. He cannot possibly know that with just X-rays. Medical has not done any "nerve tests" or "range of motion" tests. And I have put in HNRs about it. It's extremely painful for me to write and sometime I can't write at all. Resolution is letting me purchase typewriter or recorder.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 5.2.12 | | 5/31/12 |

| Response To Inmate By: | Location |
|---|---|
| | |

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL:   White & Canary - Grievance Coordinator
           Pink - Inmate
FINAL:     White - Inmate
           Canary - Grievance File

802-3
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS

## INMATE GRIEVANCE RESPONSE

| Inmate Name (Last, First M.I.): | ADC #: 129438 |
|---|---|
| Smith, J. | Grievance #: A21-053-012 |

| Institution/ Unit / Housing: |
|---|
| ASPC-EYMAN BROWNING |

| From: | Location / Unit: |
|---|---|
| Matthew A. Musson, Facility Health Administrator (FHA) | ASPC-Eyman / INMATE HEALTH SERVICES |

Your Inmate Grievance dated 3/11/12 was received in the Eyman Inmate Health Services office on 4/17/12. You state in your grievance that you suffer from a wrist injury and require the use of a type writer, or similar device.

Records indicate that were seen by the Medical Provider for your wrist injury in February of this year. During that appointment your condition was assessed, and you were provided with the clinically indicated level of medical care for your condition. There is no clinical indication that your condition requires a typewriter at this time. Further, there are no HNRs in your medical file requesting the use of a typewriter.

If you would like to pursue medical authorization for the use of a typewriter, you may submit an HNR to have this request evaluated by the Medical Provider.

**YOU MAY APPEAL THIS DECISION TO THE DIRECTOR BY REQUESTING APPEAL FORM GF-2.**

| Staff Signature: | MATTHEW A. MUSSON, MBA, MC FACILITY HEALTH ADMINISTRATOR | Date: 4/24/12 |
|---|---|---|

Distribution:   Original - Inmate
                Copy: Institutional File
                Copy: Grievance Coordinator                    916-2PF                              4/15/04

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

*attachment 7*

| Received By | Whona |
| Title | CO II |
| Badge Number 2914 | Date 3/11/12 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) | Smith Jeremy | ADC Number | 129438 | Date 3-11-12 |
| Institution/Facility | Eyman Browning | Case Number | A21-053-012 |

To: Grievance Coordinator

**Description of Grievance** (To be completed by the inmate)

I am suffering from a wrist injury that cause excruciating pain when I attempt to write, making it virtually impossible to write. I am unable to fill out Doc. paperwork, including health needs requests. This grievance is being dictated to another inmate. CO's and nurses refuse to fill out paperwork for me and its not the responsibility of other inmates to do it for me. I have a right to access Doc programs and correspond with the world outside of prison.

**Proposed Resolution** ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

I should be allowed to access or purchase a typewriter or recording device.

| Inmate's Signature | Date 3/11/12 | Grievance Coordinator's Signature | Date 3/15/12 |

| Action taken by _____ | Documentation of Resolution or Attempts at Resolution. |

| Staff Member's Signature | Badge Number | Date |

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

802-1
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter Response

| Inmate Name (Last, First M.I.): | ADC Number: |
|---|---|
| Smith, Jeremy S. | 129438 |

| Institution/ Unit: |
|---|
| ASPC –Eyman/SMUI |

| From: | Location: |
|---|---|
| COIII I Van Winkle | Wing 1 B/C |

This is in response to your informal resolution letter dated 02/23/2012; purchase of typewriter or recording device.

Please be advised of the following; you are not authorized to purchase a typewriter or a recording device.  Your COIII can assist you with HNR's if necessary, but will not assist you with correspondences or other non essential writing tasks.  End of response.

| Staff Signature: | Date: |
|---|---|
| COIII Van Winkle | 03/05/2012 |

Distribution:    White - Central Office Master File
                 Yellow - Inmate
                 Pink -  Institutional File

916-2PF
4/15/04

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate L

*1-B-39*

Requests limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Smith, Jeremy | 129438 | SMU-1/1C-4 | 2/23/12 |

| To: | Location |
|---|---|
| CO3  Van Winkle | CO3  Van Winkle |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am attempting to Informally Resolve the following issue. I am suffer-
ing from a debilitating wrist injury that makes it impossible for me
to write. I am unable to fill out DOC paperwork, including Health Needs
Requests, and this Informal Resolution, which is being dictated to another
inmate. NO DOC personnel will help me fill out paperwork, or personal
correspondance. I have asked for help from numerous Correctional Offficers
nurses, and CO3's. Only CO3 Van Winkle has been willing to help me out,
and only in a very limited way. With the exception of CO3 Van Winkle,
all of the other DOC personnel have instructed me to have the inmates
in the cells next to me do my writing for me! I could NEVER trust other
inmates with my personal correspondance, or addressing medical issues,
or even the simplest DOC related issues. It is unconstitutional for
the DOC to force me to rely on other inmates for these issues. Given
my disability, I should be allowed to purchase a typewriter, or a recording
device to conduct my correspondance with. I have a Constitutional right
to access DOC programs which require written documentation, which I
obviously can't do with this injury to my wrist (which the SMU-1 medical
staff is refusing to treat). I also have a Constitutional right to
correspond with the world outside of these prison walls, which I am
also being denied the ability to do. If the DOC is not going to allow
its employees to write documents for me (the CO's have cited an unspecified
"policy"), then the alternative is for the DOC to allow me access to
typewriters and recording devices with which to correspond and fill
out DOC paperwork.

| Inmate Signature | Date |
|---|---|

Have You Discussed This With Institution Staff?  ☑ Yes  ☐ No

If yes, give the staff member's name:

Distribution: White - Master Record File    Canary - Inmate

**ATTACHMENT 5**

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 100 | Gamez | 131401 | A01-153-009 | Florence | Central |

In your grievance filed at Central Unit on 09/15/09, you claim that you have been incarcerated in solitary confinement for 7 years now and pills are the only thing being used to treat your mental illness. You want to be afforded other opportunities to address your mental health issues.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. Your housing assignment is based on your past and present behavior.

Group sessions are not available at Central Unit. However, one-on-one counseling sessions are available and you may request to meet with the mental health staff at any time.

Your mental health needs are important. Therefore, staff will continue to monitor you on a regular basis.

cc: Warden, Florence Complex
    Deputy Warden, Central Unit

cd

**Appeals Officer**

**Charles L. Ryan, Director**

2·25·10
_____
**Date**

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

*100*

*(To be completed by staff member initially receiving appeal)*

Received by: Topper
Title: Cot
Badge #: 2724
Date: 1-27-10

The Inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Gamez, Robert C | 131401 | 1·24 10 |

| Institution | Case Number |
|---|---|
| A·S·P·C Florence | A01-153-009 |

TO:

I am appealing the decision of **Warden** for the following reasons:

Stated in All prior Litigations (Informal, Grievance, Appeal etc.) to further include all stipulations and Resolutions. Thank You for Your diligent work & time.

| Inmate's Signature | Date 1·24·10 | Grievance Coordinator's Signature | Date 2·5·2010 |
|---|---|---|---|

Response To Inmate By: | Location

RECEIVED
FEB 18 2010
A D C
GRIEVANCE APPEALS

| Staff Signature | Date |
|---|---|

DISTRIBUTION:
INITIAL:   White & Canary - Grievance Coordinator
           Pink - Inmate
FINAL:     White - Inmate
           Canary - Grievance File

802-3P
2/14/00

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

Kasson 2-0-14

| Inmate Name *(Last, First M.I.)*<br>Gamez, Robert C. | ADC Number<br>131401 | Institution/Facility<br>ASPC-Florence, Central | Case Number<br>A01-153-009 |
|---|---|---|---|

I have reviewed your grievance appeal received on 12-22-2009 concerning ADC Department Orders regarding the housing of Maximum Custody Inmates, specifically how it relates to inmates with mental health disorders.

You claim ADC policies are responsible for the deterioration of your mental health status due to isolation. A review of your classification status indicates you are housed appropriately based on your behavior. Although you claim the isolation created by maximum custody housing contributes to the negative behavior that results in disciplinary violations, you were housed in a lower custody in 2007 and continued the negative behavior. The negative behavior resulted in the return to maximum custody.

You are requesting to receive two hours of out of cell treatment or programming daily in addition to one hour of recreation; to have disciplinary sanctions reviewed and modified for all inmates with serious mental health issues, the creation of intermediate care program beds for MH inmates who can't tolerate general population, to have sentences reviewed for possible modification and several other issues. This level does not have the ability to change policy to change the issues you want addressed.

Mental Health professionals have reviewed your specific mental health needs and will continue to monitor it. If you feel you need additional services, you will need to submit a Health Needs Request form. Group sessions are not currently available for inmates at Central Unit, but Mental Health Services are available on a one-on-one basis.

In my opinion, this grievance is resolved. If you are not satisfied with this response, you may submit an appeal to the Director within five (5) work days of receipt of my response.

End of response.

| Signature | Date<br>1-21-10 |
|---|---|

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

1-OF-3

# ARIZONA DEPARTMENT OF CORRECTIONS

### Inmate Grievance Appeal

The Inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

(To be completed by staff member initially receiving appeal)
Received by: Sgt. Quigg 81
Title: O.Sgt.
Badge #: 7582
Date: 12-6-09

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Gamez, Robert C | 131401 | 12.7.09 |

| Institution | Case Number |
|---|---|
| A.S.P.C- Florence | A01-153-009 |

TO: ~~Director~~ or   Complex Warden

I am appealing the decision of G. Fizer  A.S.P.C-F/Central Unit (Deputy)   for the following reasons:

I am Grieving the Department written Instructions, Institutional prac, department orders, etc. implemented by the Arizona Department of Corrections, in light of Long-term isolation without Adequate Mental health services. These techniques to deprive Maximum Custody prisoners with mental health needs is detrimental to one's comprehensive health and with time is inevitably deteriorative to one's ability to function (Humanely). A.D.O.C. utilizes a detrimental stature which it abuses to maintain order. Prisoners who suffer from serious mental health disorders find it difficult to function socially, in return this causes a prisoner to act out & keep getting discipline increasing his SHU, or keep lock stay, this is a pattern that has Repeated itself for Generations and by no means is it productive as a rehabiliative strategy. Inevitably the mental disease surrounding this

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 12.7.09 | Paul Tennyson CO IV | 12-18-2009 |

| Response To Inmate By: | Location |
|---|---|
| | |

ASPC-Florence

DEC 2 9 2009

Deputy Warden Operations

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL:   White & Canary - Grievance Coordinator
           Pink - Inmate
FINAL:     White - Inmate
           Canary - Grievance File

2-of-3

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Gamez Robert C | 131401 | A.S.P.C Florence | A01-153-009 |

establishment tends to consume the vulnerable-minded completely and surely have its effects on those stronger and competent minds. No amount of love, nor money can ever replace ones lost time or sanity caused by the written Department orders that neglect their responsibility to provide Adequate Mental health services; Sadly, I witness people deteriorate on a daily basis while incarcerated which is seldom seen due to our isolated environment, most prisoners try to stay write-up free. But most are simply incapable of functioning normally after years & years of maximum isolation without adequate mental health programs, these structures are vary restrictive, inhumane, no human contact with family member is ever provide. How is one really expected to not become desensitize, demoralized and function in any society without adequate mental health services in maximum custody, Please do enlighten me? One of many tactics misused by A.D.O.C is to be placed in the tortous shadows of the severely mentally ill, which is to simply broke a persons spirit, if A.D.O.C is not aware, I shall advise you that my being placed amongst the severely mentally ill is contiguous, and is structured to neutralize those who A.D.O.C views as disruptive, and destroys one ability to entol life. This is unconstitutional but furthermore it is a crime against humanity, with these tactics A.D.O.C utilizes to maintain control in there written order. The majority of inmates house in isolation have some form of mental illness, Banging on cell doors becomes insomic, cell flooding is regular, raw sewage, most times never gets cleaned up, some prisoners become extremly delusional & schizophrenic. These types of delusions commonly progress & evenully their pressures become to overwelming to contain, coercing these (us) prisoners to act out creating longer stays in isolation without adequate mental health programs, prisoners lost there minds and often times beggin muliating themself to ease ones mental pain (Distress) The main instigators are often the ones who are employed to implement corrections, and you can't tell me different, I've witnessed it for (8) long years and I still live it, my resolution to this problem is to enclude all prior request and also to enclude.

1. To provide universal and improved mental health screening for all prisoners when they are first admitted to prison; 2. To provide prisoners with serious mental illness confined to Max a minimum of 2 hours per day of out of cell treatment and/or programming, in addition to an hour of recreation. 3. To review the disciplinary sentences of all prisoners with serious mental illness for the purpose of removing these prisoners from SHU & keeplock 4. To add additional intermediate care program beds for prisoners with mental illness who cannot tolerate general population units; 5. to create a

| Signature | Date |
|---|---|
| | 12·7·09 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7P
2/14/00

3 OF 3

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance - GF Supplement

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Gamez, Robert C | 131401 | ASPC Florence | A01.163.009 |

Bed Residential Mental Health Unit, which will provide (4) hours per day of out of cell programming and/or treatment for prisoners with serious mental illness who would otherwise be in SHU. (6: To provide mental health and suicide prevention assessments upon admission to SHU) 7: to limit the use of observation cells, where prisoners in psychiatric crisis are deprived of most possessions & clothing & to improve treatment & conditions for prisoners in such cells. (8): to limit the punishment of prisoners with mental illness who hurt themselves because of their illness 9: To limit the use of "Restricted diet" a bread type loaf served with raw cabbage as a punishment for misconduct by prisoners with mental illness. 10: To eliminate isolated confinement of prisoners with serious mental illness in cells that have solid steel doors that severely isolate & restrict communication; and 11: To increase mental health services to prisoners in keeplock confinement. 12: A one time Review of all previously imposed SHU time: In order to address the historical accumulation of Large SHU sentences, and meet the goal of reducing the time prisoners with mental illness are housed in restrictive environments, this resolution requires that all prisoners with serious mental illness have their SHU sentences reviewed by central office staff, Mental Health (FHA), and A.D.O.C's personnel appointed by the commissioners) for diversion from SHU and for SHU time cuts. This review must be completed within one year. 13: Automatic review of new SHU sentences: All disciplinary determinations in which mental health was at issue in the disciplinary hearing will from this point forward, be automatically reviewed by the superintendent and Arizona's mental health if a prisoner receives a SHU sanction of greater than 60 days or an accumulation of 120 days or longer of SHU or keeplock confinement 14: Time Cuts: At least once every three months prisoners on the mental health caseload will have their SHU time reviewed for possible time cuts by a case management committee composed of A.D.O.C's and Mental Health staff 15. Out-of-Cell therapy sessions five day per week. 16: Reviews of SHU confinement: prisoners with serious MH that are in SHU will have their housing reviewed at least every 90 days to determine if confinement in SHU is consistent with both mental health treatment and safety and security requirements. This resolution commits A.D.O.C & M-H to moving these prisoners from more restrictive to less restrictive environments & significantly reducting the time that prisoners w/ serious mental illness are housed in restrictive environments when safety & security permit.

All original documents. Informal Resolution 9.6.09, Informal Response 9.18.09, Grievance 9.15.09, Grievance Resp. 12.7.09, Appeal 12.7.09 (3) pages

| Signature | Date |
|---|---|
| K [signature] | 12.7.09 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7P
2/14/00

## ARIZONA DEPARTMENT OF CORRECTIONS
## ASPC-FLORENCE/CENTRAL UNIT

### Grievance ~~onse~~

| Inmate Name | ADC # | ~~C~~ase # | Location |
|---|---|---|---|
| Gamez, Robert C. | 131401 | A01-153-009 | Kasson 1-B-12 |

In your grievance received on 09/17/2009, you claim that being isolated in a maximum custody unit without adequate mental health treatment is detrimental to your health and deteriorates your ability to function. Your proposed resolution is for the Department of Corrections to amend their policies and procedures for long-term isolated mental health inmates.

Upon investigation of your complaint, and consultation with the Mental Health Psychologist, Dr. Holly, the following has been determined:

Doctor Holly states you are receiving an appropriate level of mental health service as determined by the Central Unit Treatment Team. Your mental health score is accurately reflective of that level of service availability. Dr. Holly also states there are no mental health groups available at Central Unit but you can request to be seen individually by mental health staff. Dr. Holly recommends that you submit a Health Needs Request to mental health to address your reported side effect of excessive sleeping due to the medication you are taking.

Your placement in maximum custody is the result of your behavior not your mental illness.

In my opinion, this grievance is resolved. If you are not satisfied with my response, you may submit an appeal to the Warden within 5 workdays.

_____
G. Fizer, Deputy Warden, ASPC-F/Central Unit

12/2/09
Date

Central -CB6 -1B12      4840

**STATE OF ARIZONA**
**DEPARTMENT OF CORRECTIONS**

**INMATE GRIEVANCE**

| | |
|---|---|
| Rec'd By: | COIII FERNANDEZ |
| Title: | COIII |
| Badge #: | 2550 |
| Date: | 09/15/09 |

NAME: Robert C. Gomez     ADC #: 131401   DATE: 9-15-09

INSTITUTION: A.S.P.C Florence Central Unit (MAX)   CASE NO: A01-153-009

TO:   GRIEVANCE COORDINATOR

A. Description of Grievance (To be completed by inmate): I AM GRieving the policies And Procedy
Laid-Out by A.D.O.C in Regards to Long-term Isolation without Adequate Mental health Recourse
It is my ANALysis through first-hand experience that Long-term Isolation without Adequate Recourse
For Mental health treatment is detrimental to ones comprehensive health And in due time, Deteriorate
ones ability to Function (HUMANLY) A.D.O.C. utilizes A detrimental structure which it Abuses to
maintain order. Rather than to Address Rehabilitation/Recidivim concerns For Prisoners who suffer
From chronic Mental illness Long-term Isolation without Adequate and effective Recourse Increas
the Risk For prisoners to develope Extensive mental disorders etc. This Also recruits Additional (MH)
cases For those Prisoners Isolated Amongst the serverely mentally ill population For Long periods
of time. A.D.O.C has neglected to provide Adequate (MH) services in their maximum custody facilitie
What these indifferences do to the envirenment is builts A breeding Ground For psychosis. A.D.O.C has
neglected to conform its system to Reduce Recidivim And has in Fact demonstrated through

B. Proposed Resolution: (What action would resolve the problem? What have you done to
resolve the problem? their Actions A crime against humanity by conforming prisoners into (MH) patience,
consciously capitalizing on Prison Enterprise by neglecting to provide Adequate Recourse for their Maximum
Facilities, Making Prisoner's noose off Then when they initially ARRived. This is A fact and it's inhumane.
It's no wonder, one has a strong inability to function in lower custody levels, without the Adequate Learning
tools. It's going to contiue to create INSANITY. MY RESOLUTION to this problem: A.D.O.C shall Amend their
policies And Procedures FoR Long-term Isolated Mental health Prisoner's And shall provide Adequate
Recourse For those who have A chronic inability to adjust. I would also have A.D.O.C pay A compensa
Fee, Damage fees, for Neglecting to provide Adequate Recourse For all Prisoners (Including myself) who
have suffered physical and mental Abuse while Isolated in Maximum and in A.D.O.C prisons.
IN constant struggles.   (Attached: Informal Dated 9-6-09 And Informal Response COIII)

_____   9-15-09   9-17-2009   Jack R Tamplin CoIII
Inmate's Signature        Date       Date       Grievance Coordinator's Signature

C. Action Taken by _____ Documentation of Resolution or Attempts

at Resolution: _____

RECEIVED

NOV 04 2009

ASPC-EYMAN
INMATE HEALTH SERVICES
4840

_____     /     /
Staff Signature            Badge #    Date

**NOTE:** You may appeal the Grievance Coordinator's decision to the Unit Warden/Deputy Warden/
Administrator by filing a form GF-2 (40000047), within 10 calendar days of receipt
of this notice.

INITAL DISTRIBUTION: WHITE AND YELLOW - Grievance Coordinator   PINK - Inmate
FINAL DISTRIBUTION:  WHITE - Inmate   YELLOW - Grievance File

Form: 40000046
Rev. 11/19/92

ADC GF-1 Inmate Grievance

RECEIVED "OTPRISONER
9 [illegible] 09
16

## ARIZONA DEPARTMENT OF CORRECTIONS

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

### Inmate Letter Response

| Inmate Name *(Last, First M.I.)*<br>Garnez, Robert    F-14 | ADC Number<br>131401 |
|---|---|

| Institution/Unit<br>ASPC FLORENCE CENTRAL UNIT | |
|---|---|

| From<br>COIII PITTARIO | Location<br>PROGRAMS |
|---|---|

This is in response to your Informal Resolution Inmate Letter dated 09/06/2009 that I received 09/09/2009: In regards to your issue on mental health care. Your Mental Health score is currently 3R. This score indicates that there exists a routine level of need for Mental Health treatment or supervision. The reason why you are in Max Custody is a result of your assaultive and disruptive behavior. Your CU/IR score is 107/71, due in part to 2 major and 1 minor disciplinary violations, that include an A major violation, Assault with Intent to Riot and B major violations Threatening or Intimidating, and Disrespect to Staff during June 2009. You have demonstrated a chronic inability to adjust to a lower custody level due to your disruptive behavior.

| Staff Signature    CO3.PITTARI8 | Date<br>09/18/2009 |
|---|---|

Computer Electronic Version

Distribution:  Original - Central Office Master File
              Copy - Inmate
              Copy - Institutional File

916-2
4/15/04

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Gamez, Robert C | 131401 | A-S.P.C florence | 9-6-09 |

| To: C.B.7 CO III | Location resorce | F-14 |
|---|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am Attempting to informally resolve the following problem. I've been incarcerated in A·D·O·C for (7)YRS in solitary confinement without any opportunities to address & rehabilitate my mental health illness. It appears that the method A·D·O·C has to address ones mental health problems are through pills, which also has an long-term effect on my physical health. The Ramifications of being in solitary confinement without proper methods of rehabilitation only leads A person to more servere mental health illness. I noticed I'm not getting any better with the mental health medication I've been receiving At times I'm still parinoiaed & deludal, plus my depression, sometimes makes me feel really hopeless, I'm unable to do the classes (G.E.D) on T·V because I'm a slow learning & cant comprehand the teachings, so if I cant complete programs I cant lower my score to get to a low custody unit where I can properly get the help I need. I've been in V.C.U unit in 2002 (smu-F) And I can honestly say these type of envoiments have caused permenent Damage to me. my resolution to this problem is to receive proper rehabilitation programing And A recourse other than medication/solitery confinement to help address my mental health state. These type of structures are defremental to a person with a chronic mental health record. & I also request a compensation fee

| Inmate Signature for the permenent damage that A·D·O·C has caused me for neglecting their Responsibility to the mentl health inmates. | Date 9-6-09 |
|---|---|

Have You Discussed This With Institution Staff? ☐ Yes  ☑ No

If yes, give the staff member's name:

**ATTACHMENT 6**

# Arizona Department of Corrections



1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: <u>Gamez, Robert</u>    ADC No.: <u>131401</u>    Case No.: <u>A04-046-011</u>
Institution: ASPC-Florence/Central                              Date Received: <u>7/11/11</u>

I have reviewed your grievance appeal regarding your medical care. Specifically, you state that: i) your mental and physical health care needs are not being addressed; and ii) you require evaluation by a "certified Neurologist".

Your grievance appeal has been investigated. The decision of the Facility Health Administrator (Dennis Kendall) is affirmed and your appeal is denied. The reasons for this decision are:

1.  Review of your medical records indicates that you were last seen by a medical practitioner on 6/27/11. Your clinical needs were evaluated during this appointment. The documentation for this visit indicates that a neurology evaluation was not clinically indicated for your condition at that time. However, you were referred to the unit psychologist for additional care regarding your anxiety.

2.  You were advised via response to your 7/12/11 Health Needs Request that your mental health needs were referred to the unit Psychology Associate for counseling services. You will be notified when to report for this appointment.

3.  Please submit a Health Needs Request if you require further medical attention.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

_____         7-26-11
Charles L. Ryan, Director              Date

cc:    FHA, ASPC-Florence
       C.O. Inmate File

ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Grievance Appeal**

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received by: _Mull_
Title: _CoⅢ_
Badge #: _9298_
Date: _6-6-__

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Gomez, Robert C | 13140 | 6-4-2011 |

| Institution | Case Number |
|---|---|
| ASPC Florence | A01-046-011 |

TO: Director   Attach Forms Informal Mar. 6.11; Repl 3.14.11; Griv. 4.3.11. Griv. Repl 7

I am appealing the decision of Dr. Dennis Kendall, Facility Health Administrator for the following reasons:
ADC has deemed me with a Chronic inability to function in a lower custody facility and the affects of long-term solitary confinement has inevitably caused a adverse affect to my physical, emotional + mental health. I've requested to be examinated by a certified neuropsychologist and/or a certified psychologist because as a child I was introduced to a imbalanceness which still makes it extremely difficult to process my thoughts, cognitive and memories. Further, I also suffer from bronchial asthma, allergies, severe panic attacks, irritation (enter alia) The enclosures and cell structures substantially hinder my ability to breathe and think straight. If ADC is unwilling to use it's resources to perform these studies my conditions could result in permanent damage, if not already so. Because of the condition I've described in countless HN.R.'s I suffer a lot of pain and need help. to Avoid these General principles deprives me adequate Medical services

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| RCG | 6-4-2011 | DEB Musgrove | June 13, 2011 |

| Response To Inmate By: | Location |
|---|---|

Staff Signature                                    Date

INMATE HEALTH SERVICES

11 JUL -6 PM 3: 27

AZ DEPT. OF CORRECTIONS
RECEIVED

DISTRIBUTION:
INITIAL:   White & Canary - Grievance Coordinator
           Pink - Inmate
FINAL:     White - Inmate
           Canary - Grievance File

802-3P
2/14/00

# ARIZONA DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE RESPONSE

| Inmate Name (*Last, First M.I.*): | ADC #:   131401 |
|---|---|
| GAMEZ, ROBERT | Grievance #:  A01-046-011 |

| Institution/ Unit / Housing: | |
|---|---|
| ASPC-FLORENCE/CENTRAL | *Hasson 2-B-2* |

| From: | Location / Unit: |
|---|---|
| Dr. Dennis Kendall, Facility Health Administrator (FHA) | ASPC-FLORENCE / INMATE HEALTH SERVICES |

This is a response to your Inmate Grievance dated April 3, 2011, which was received in the Florence Inmate Health Services office on May 3, 2011.  Your primary concern is in regards to requesting a neuropsychological exam.

Investigation into this issue you have raised included a review of your medical records.

There is no recommendation for neuropsychological exam noted in your medical chart. You were instructed to place an HNR to be evaluated by Psych. NP for medication.  No HNR is noted in your medical chart.  You are scheduled to be seen by the Psychologist, please discuss your concerns at that time.


**YOU MAY APPEAL THIS DECISION TO THE DIRECTOR BY REQUESTING APPEAL FORM  GF-2.**

| Staff Signature: | Date: 5/12/11 |
|---|---|

**ARIZONA DEPARTMENT OF CORRE____IONS**

**RECEIVED**

MAY 0 3 2011

ASPC-FLORENCE
HEALTH SERVICES

Received By _Pittireio_
Title _Co III_
Badge Number _2246_
Date _Apr 5/11_

**Inmate Grievance**

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3P, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First, M.I) | ADC Number | Date |
|---|---|---|
| Gamez, Robert | 131401 | |
| Institution/Facility | Case Number | |
| A.S.P.C Florence | A01-046-011 | |

TO: Grievance Coordinator

**Description of Grievance** (To be completed by the inmate)  I would like to request A Neuropsychological exam I am experiencing trouble remembering simili things, panic Attacks, trouble breathing because I can't get any Air to my Brain, I keep falling Hitting my head, I fear the Blows to my head will woesen the damage to my head I would like to be seen by a Neuropsychologist so that I could receive the help I need.

**Proposed Resolution** ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)  I am indigent so therefore, I can't pay to have these test done as suggested by D. Crist, Psycho log. But I'm sure ADOC can provide the treatment or services that are entitlements under the humane U.S. Constitution. Informal Attach   Informal Reply Attach

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 4-3-2011 | DeBohuspency | Apr 28 2011 |

| Action taken by | Documentation of Resolution or Attempts at Resolution. |
|---|---|

See attached

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| DeBohuspency | 1643 | June 2, 2011 |

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File

802-1P
2/14/00

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter Response**

| For distribution: Copy of corresponding Inmate Letter must be attached to this response. |
| --- |

| Inmate Name *(Last, First M.I.)* Gamez, Robert | ADC Number 131401 |
| --- | --- |
| Institution/Unit ASPC FLORENCE CENTRAL UNIT | |

| From COIII PITTARIO | Location PROGRAMS |
| --- | --- |

This is in response to your Inmate Letter dated 03/05/2011.   In regards to your issue with Mental Health care. I forwarded your informal complaint inmate letter to Psych. Associate Crist. I have attached a copy of her response to your informal complaint..

| Staff Signature C03.PITTARIO | Date 03/14/2011 |
| --- | --- |

Computer Electronic Version

Distribution:  Original - Central Office Master File
　　　　　　　Copy - Inmate
　　　　　　　Copy - Institutional File

916-2
4/15/04

ARIZONA DEPARTMENT OF CORRECTIONS

# Inmate Letter Response

For distribution: Copy of corresponding te Letter must be attached to this response.

| Inmate Name (Last, First M.I.) | | ADC Number |
|---|---|---|
| Gamez, Robert C. | (7-H-20) | 131401 |

| Institution/Unit |
|---|
| ASPC-Florence-Central unit |

| From | Location |
|---|---|
| L. Crist, Psychology Associate II | Florence |

Inmate Gamez,

This letter is in response to your letter to CO III Pittario regarding your request for a neuropsychological exam. ADOC does not have a staff Neuropsychologist to conduct the exam you are requesting. You could request an outside neuropsychologist to conduct an evaluation for you, but it would be at your expense. If you are experiencing panic and anxiety issues, as per your letter, you can request an evaluation for medication with our psychiatric nurse practitioner. Feel free to submit an HNR if you need to meet with our psychiatric prescriber.

| Staff Signature | Date |
|---|---|
| | 03/08/2011 |

Distribution: Original - Central Office Master File
Copy - Inmate
Copy - Institutional File

916-2
5/13/10

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

*Emergency* Irreparable Harm

Requested limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Gamez, Robert C | 13401 | ASPC Florence | 5 MAR 2011 |

To: C.O.III Pattario   Informal Resolution   Location: Resource Center

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am attempting to informally resolve the following problem. On 14 Feb 2010, & 25 Feb 2011 I have also requested in the past verbally to be evaluated by mental health professionals regarding my Declining Mental health state. I've requested help because I suffer from a Mental Disorder Defined in D.O 1103 (1.3), ADOC have deemed myself with a cronic inability to function in a lower custody facility and the affects of long-term solitary Confinement have inevitably caused a adverse health affect to my physical, emotional and mental health. I've requested to be examine by a certified neuropsychologist and/or a certified psychologist because as a child I suffered from alot of falls, due to unbalanceness perhaps from a birth defect or simply from frontal lobe brain Damage which makes it extremely difficult to process my thoughts, cognitive and memory. When I first entered ADOC I was not properly screened by staff at Alhambra, therefore I would request a comprehend evaluation be completed to determine the extend of my conditions to the frontal lobe of my brain. I have a scar directly on top of my head, that I sustain from a fall. These conditions have severely impaired my daily living, causing exacerbated behavior, panic, anxiety and a whole bunch of other disorders that have been well documented in my medical visits with the doctor. My resolution to this problem is to be examined by a certified doctor using the Dilis-Kaplan Exicutive Function system (D-Kefs) as well as other comprehensive neuropscholgical assessment. If ADOC (FHA) is unwilling to use its resources to perform these studies. I've request a Intuction Relief from the courts, with any other relief the court deems Appropinte in Order to Provide to a serious medical need described under Estelle v. Gamble 429 U.S. 97, 104 (1976) because of the conditions I've described about I suffer alot of pain mentally & Need Help, the failure to treat my condition has resulted in a significant injury & wanton infliction of pain every day & to avoid these issues could result in more serious, cervere, problems if not treated thank you

Inmate Signature

Date: 5 MARCH 2011

Have You Discussed This With Institution Staff?   ☐ Yes   ☐ No

If yes, give the staff member's name:

# ARIZONA DEPARTMENT OF CORRECTIONS
## GF SUPPLEMENT - GRIEVANCES

INMATE NAME: Hefner, Joseph          ADC NO.: 203653     CASE NO.: #S01-012-007

INSTITUTION: ASPC-SAFFORD-GRAHAM

## ☐ COMMITTEE RECOMMENDATION          ☐ GF SUPPLEMENT

We are in receipt of Grievance Appeal S01-012-007 that was received in my office on February 26, 2007. You are grieving the treatment you received for your right eye. Your proposed solution includes returning your vision to what it was when you came to ADC.

J.A. Brand, PA-C, has reviewed relevant portions of your medical records, and has provided information for this response.

You saw your local Health Care Provider on September 12th, 2006 and told him that "something got in my right eye yesterday". After examining your eye he started you on an appropriate antibiotic ointment. You had an allergic reaction to this medication. The medication was immediately stopped and you were sent to an ophthalmologist with thirty-six hours of first being seen. You were diagnosed with iritis and acute angle glaucoma and you were immediately started on medication to treat these conditions. The specific type of glaucoma has since been refined to papillary block glaucoma and glaucoma associated with intraocular inflammation. It has also been noted that you have an early cataract in your right eye. Although you are correct that you received an injection of antibiotics on September 18th, 2006, there is no indication that an infection was affecting your eye. Additionally, this antibiotic injection did not hurt your eye. Since that time you have undergone laser surgeries to aid in controlling your glaucoma and are being continued on several ophthalmologic medications. At present, you are continuing to be followed-up by the ophthalmologist. You care has been appropriate and everything is being done in attempt to restore/maintain your vision.

DBS/JAB/s

cc:   FHA, ASPC -- Safford

C. O. Inmate File

SIGNED: _____ Dora B. Schriro, Director DATE: 3-28-07

Dep. Dir. for:

INITIAL DIST.:
FINAL DIST.:
INITIAL DIST.:
FINAL DIST.:

COMM. RECOMMENDATION:
WHITE & PINK - Inmate
GF SUPPLEMENT:
WHITE - Inmate

All Copies to Griev. Advisory Comm.
YELLOW - Grievance File
WHITE & YELLOW - Griev. Coord. PINK- Inmate
YELLOW - Grievance File

ADC GF-4 Supplement - Grievance          Form 40000075          (Rev. 1/25/89)

STATE OF ARIZONA
DEPARTMENT OF CORRECTIONS

INMATE GRIEVANCE APPEAL

| Rec'd By: | COIII T. |
| Title: | CSIII |
| Badge #: | 506 |
| Date: | 2-21-07 |

NAME: HEFNER, JOSEPH T.   ADC #: 203653 DATE: 02·24·07

INSTITUTION: A.S.P.C. Safford/Graham   CASE NO: S01012007

TO: Director Schriro

I am appealing the decision of Acel K. Thacker, Facility Health Administrator for the following reasons:

On September 12, 2006 I saw medical at Fort Grant Unit with my right eye swollen, irritated and in pain. I was given Neomycin cream to put in my eye every 4 hours. On September 14, 2006 I woke not being able to see but a blur. I was sent to Southwest Eye Center in Safford. The Doctor at Southwest looked at my right eye and told me there was nothing in my eye. I was having an allergic reaction to the Neomycin. On that day the pressure in my right eye was very high. I was to be given eye drops to help with this. On September 18, 2006 I had severe swelling, redness, inflamation and

_____   02·24·07   02/24/07   _____
Inmate's Signature        Date        Date       Grievance Coordinator's Signature

Response To Inmate By: _____

_____

_____

_____

_____

_____

_____ / _____ / _____
Staff Signature        Badge #        Date

NOTE: You may appeal this decision, if appropriate, to the next level, within 10 calendar days.

INITIAL DISTRIBUTION:  White & Yellow Grievance Coordinator   Pink - Inmate
FINAL DISTRIBUTION:    White - Inmate    Yellow - Grievance File

ADC GF-2 Inmate Grievance Appeal

Form: 40000047
Rev.  11/19/92

**ARIZONA DEPARTMENT OF CORRECTIONS**
**GF SUPPLEMENT - GRIEVANCES**

INMATE NAME HEFNER, JOSEPH T.   ADC NO. 203653   CASE NO. S010120OT

INSTITUTION A.S.P.C. Safford/Graham

☐ COMMITTEE RECOMMENDATION   ☐ GF SUPPLEMENT

pain. I was given 2 shots of Penicillen, 1 shot of Sulfa Antibiotic and 1 shot for pain. On November 26, 2006 the swelling, redness, inflamation and pain returned. I was taken to St. Mary's Hospital Emergency and had emergency surgery to my right eye because the pressure was very high 56, and the infection had return because of not being properly treated back in September of 2006. The blindness/blurriness, light headedness, pain from reading to much, black lines and spots have remaind and not gotten any better.

According to the Doctor at Southwest Eye they can only guess at what the black lines and spots are. Blood in the back of the eye, because they cannot get my eye to dilate to see into it. Since the Allergic reaction to the expired Neomycin back in September of 2006 the Doctor who did my surgery said my pupil is smashed in as if it were a ball low on air and you pushed on it. The only way to get fluid to go accross my pupil is by putting holes in my eye with a lazer. This just gives fluid across the pupil it does not help fix what is wrong with my eye. This lazer surgery must be done every so often to keep fluid flowing. This does not fix my eye in the least bit. I had no problems with my vision before I came to D.O.C. This expired Neomycin that I had an allergic reaction to did the damage to my right eye. I want my vision returned to what it was before this incident on September 12, 2006. Keeping the holes open to get fluid accross the pupil is a partial remedy at best. My vision needs to be repaired to what it was before the reaction to the expired Neomyci

SIGNED _[signature]_   DATE 02·21·07

INITIAL DIST.:   COMMITTEE RECOMMENDATION: - All Copies to Grievance Advisory Committee
FINAL DIST.:   WHITE & PINK - Inmate   YELLOW - Grievance File
INITIAL DIST.:   GF SUPPLEMENT:   WHITE & YELLOW - Grievance Coordinator   PINK - Inmate
FINAL DIST.:   WHITE - Inmate   YELLOW - Grievance File

ADC GF-4  GF SUPPLEMENT - GRIEVANCES

FORM 40000075
Rev. 1/25/89

Inmate Name: Hefner, Joseph T.   Inmate Number: # 203653

Institution/Unit: Safford/Graham          Case NO. S01 012 007

Your grievance of 02/02/07 is based upon your complaint that: On
September 12, 2006, you saw medical at Ft. Grant Unit with your right eye
swollen, irritated and in pain. You state that you were given Neomycin
cream to put in your eye every four (4) hours, but on September 14, 2006,
you awoke not being able to see but a blur our of your right eye, so you were
sent to Southwest Eye Center in Safford, where the doctor as Southwest Eye
looked at your eye and told you that nothing was in your eye and you were
having an allergic reaction to the Neomycin. You claim that on that day, the
pressure in your eye was very high. You state that on September 18, 2006,
you had severe swelling, redness, inflammation, and pain; and on November
26, 2006, the swelling, redness, inflammation and pain returned, so you were
taken to St. Mary's Hospital Emergency and had emergency surgery because
the pressure was very high (56). You state that the blurriness has remained
along with black spots and lines. You contend that your eye was fine before
you came to DOC and you don't feel enough is being done to correct your
vision in your right eye. You state that you have trouble even now trying to
read or write and at night you have problems simply walking around and you
trip over curbs, manhole covers, steps and rocks because you cannot see
them. You state that you also walk into people because you cannot see them
out of your right eye. You claim you have talked with medical to see if
more can be done, but to no avail. You want whatever can be done to get
your vision back to where it was when you came into DOC.

You first raised this issue in your Inmate Letter to CO II Tillman on
01/17/07 stating that not enough was being done to correct your vision. On
1/29/07, you received a response from CO II Tillman, who indicated that
you have had constant care and have been seen by an Optometrist and will
continue to receive care for your injury. CO II Tillman did not see this as a
grievable issue and instructed you to file a grievance if you were not
satisfied with his findings.

Investigation into the issue you raised including a review of our medical
records show the following:
You have been seen by your medical provider, Dr. Coons, on numerous
occasions and you have been referred to Southwest Eye, where surgeries
have been performed to attempt to resolve your vision problems. After your
last surgery, it was determined that additional procedures and surgeries

would be necessary in order to make sure that everything was being done to correct your vision problems.  Dr. Coons has been in contact with Southwest Eye and as far as he can tell, they are doing appropriate care.  Your case has been submitted to the Medical Review Committee (MRC) for you to have the next laser procedure and that was approved.  On 2/12/07 you were seen by A. Thacker, Facility Health Administrator, at 0815 hours to respond to your grievance.  As a result of the interview with FHA Thacker, you requested that you be given full explanations of what is being done and what the next treatment and procedures will be.  Mr. Thacker assured you that he would contact Southwest Eye and request that you be afforded the necessary information and explanations that you require.

Acel K. Thacker, Facility Health Administrator                    2/12/07

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

RECEIVED

FEB 06 2007

ASPC-S HEALTH SVCS

| Received By | |
|---|---|
| *T. Tillman* | |
| Title | |
| *COSII* | |
| Badge Number | Date |
| *506* | *2-3-07* |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3P, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First, M.I.) | ADC Number | Date |
|---|---|---|
| Hefner, Joseph T. | 203653 | 01.31.07 |
| Institution/Facility | Case Number | |
| Safford / Graham Unit | 501-012-007 | |

TO: Grievance Coordinator

Description of Grievance (To be completed by the inmate) On September 12, 2006 I saw medical at Fort Grant Unit with my right eye swollen, irritated and in pain. I was given Neomysin cream to put in my eye every 4 hours. On September 14, 2006 I woke not being able to see but a blur out of my right eye. I was sent to Southwest Eye Center in Safford. The Doctor at Southwest Eye looked at my eye and told me nothing was in my eye. I was having an allergic reaction to the Neomycin. On that day the presure in my eye was very high. On September 18, 2006 I had severe swelling redness, inflabation and pain. On November 26, 2006 the swelling, redness, inflamation and pain returned. I was taken to St. Mary's Hospital Emergency and had emergency surgery because the presure was very high, 56. The bluriness has remained along with black spots and lines. My eye was fine when I came into D.O.C. I don't feel enough is being done to correct my vision in my right eye. I have trouble even now trying to read or write. At night, I have problems simply walking around. I trip over curbs, manhole covers, steps and rocks because I cannot see them. I walk into people because I cannot see them out of my right eye.

Proposed Resolution ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?) I have talked with medical to see if more could be done to no avail. I have put in an informal grievance with COSII Tillman. What would resolve this problem is to do whatever can be done to get my vision back to where it was when I came to D.O.C.

Thank you

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| *[signature]* | 01.30.07 | *Judy Fowler* | 02/02/07 |
| Action taken by *[signature] FHA* | | Documentation of Resolution or Attempts at Resolution. | |
| | | See Attached | |

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| *Adel K Thacker FHA* | | 02/12/07 |

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File

802-1P
2/14/00

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter Response

| For distribution:  Copy of corresponding Inmate Letter must be attached to this response. |

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Hefner, Joseph | 203653 |

| Institution/Unit |
|---|
| ASPC/SAFFORD/GRAHAM |

| From | Location |
|---|---|
| COIII TILLMAN | GRAHAM UNIT |

In response to your informal resolution, I have spoke with Tonto Medical and your file shows that since your allergic reaction to your eye medication you have had constant care and have been seen be a optometrist and will continue to recieve care for your injury. At this time I do not see this as a grievable issue. If you are not satisfied with my findings you have 10 working days to file a formal grievance with COIII Pavlacky.

| Staff Signature | Date |
|---|---|
|  | 1-29-07 |

Computer Electronic Version
Distribution:  Original - Central Office Master File
　　　　　Copy - Inmate
　　　　　Copy - Institutional File

916-2
4/15/04

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Hefner, Joseph T. | 203653 | Safford/Graham | 01.17.07 |

| To: COIII Tillman | Location: Safford/Graham |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am informally trying to resolve this problem. On September 2, 2006 I saw medical at Fort Grant Unit with my right eye swollen, irritated and in pain. I was given Neomysin cream to put in my eye every 4 hours. On September 14, 2006 I woke not being able to see but a blur out of my right eye. I was sent to Southwest Eye Center in Safford. The Doctor at Southwest Eye Center looked at my eye and told me nothing was in my eye, I was having an allergic reaction to the Neomycin. On that day, September 14, 2006, the pressure on my right eye was very high. On September 18, 2006 I had severe swelling, redness, inflamation and pain. I was given a shot of Sulfa antibiotic, 2 shots of penicylin and 1 shot for pain. The inflamation and pain went away. On November 26, 2006 the swelling, redness, inflamation and pain returned. I was taken to St. Marys Hospital Emergency and had emergency surgery because the pressure was very high. The pain has since gone. The blurryness has however not subsided. My eye was fine when I came into D.O.C. I don't feel enough is being done to correct the problem since I was given the Neomycin and had the allergic reaction to cause this problem. I don't know what can be done to correct my vision. But I feel that more needs to be done so I can get my vision back to what it was before I was given the Neomycin and had the allergic reaction. I have trouble even now trying to read or write whereas I didn't before this allergic reaction.

Thank you

| Inmate Signature | Date |
|---|---|
| Joseph Hefner | 01.17.07 |

Have You Discussed This With Institution Staff?  ☒ Yes  ☐ No

If yes, give the staff member's name: COIII Tillman & Medical

916-1
4/15/04



# Arizona Department of Corrections



1601 West Jefferson
Phoenix, Arizona 85007
(602) 542-5497

JANET NAPOLITANO
GOVERNOR

DORA B. SCHRIRO
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: Hefner, Joseph___   ADC No.: 203653__   Case No.: S01-003-08_____

Institution: ASPC-SAFFORD-GRAHAM_____   Date Received: February 1, 2008_____

I have reviewed your grievance appeal regarding the treatment you have received for your right eye.

Your grievance appeal has been investigated and is denied. The reasons for this decision are:

1. Your condition has been properly evaluated by medical staff and you are continuing to be medically monitored by a specialist.
2. You are currently receiving the recommended medication to treat your condition.
3. You have undergone multiple recommended surgeries to treat your condition.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

_Dora Marie Markley_ for _____     _March 19, 2008_
Dora B. Schriro, Director                          Date

cc:   FHA, ASPC-Safford
      C.O. Inmate File

2/10/08

**STATE OF ARIZONA**
**DEPARTMENT OF CORRECTIONS**

**INMATE GRIEVANCE APPEAL**

Rec'd By: _MA 25_
Title: _COM_
Badge #: _3580_
Date: _1-22-2008_

AZ DEPT OF CORRECTIONS
RECEIVED
FEB - 1 2009
Health Services

NAME: HEFNER, JOSEPH    ADC #: 203653    DATE: 01-22-08

~~ARIZONA DEPARTMENT OF CORRECTIONS~~
~~Health Services~~

INSTITUTION: Safford / Graham    ~~1601 W. Jefferson, MC 940~~ NO.: 601 003 08
~~Phoenix, AZ 85007~~

TO: Director Shriro

I am appealing the decision of Acel Thacker, Health Administrator for the following reasons:

I FILED A GRIVANCE OF 01-09-08 IS BASED UPON MY COMPLAINT THAT: MEDICAL PROVIDER DR. COONES GAVE ME SOME EXPIRED MEDICATION AS FOLLOWS: NDC-0168-0027-38 BC 3 0168-0027-38 8 E. FOUGERA & CO. / A DIVISION OF ALTONA INC/ MELVILLE, NEW YORK 11747 (SEE CRIMP OF TUBE FOR CONTROL NO. & EXP. DATE J166 * 0606. IN NOVEMBER 2006 I WAS RUSHED TO ST. MARY'S HOSPITAL FOR EMERGENCY EYE LASER PROCEDURE AND THE EYE SPECIALIST IN TUCSON, HE SUGGESTED ONE PROCEDURE TO FIX THE RIGHT EYE, BUT THAT HAS NOT HAPPENED. I WAS SENT TO SOUTHWEST EYE

Inmate's Signature _____ Date 01-22-08 / 1-22-2008 Date _____ Grievance Coordinator's Signature

Response To Inmate By: _____

_____

_____

_____

_____

_____

_____

_____ / _____ / _____
Staff Signature                    Badge #         Date

**NOTE:** You may appeal this decision, if appropriate, to the next level, within 10 calendar days.

INITIAL DISTRIBUTION:  White & Yellow Grievance Coordinator    Pink - Inmate
FINAL DISTRIBUTION:    White - Inmate    Yellow - Grievance File

ADC GF-2 Inmate Grievance Appeal

1/30/08 Tucson, Catalina

Form: 40000047
Rev.  11/19/92

**ARIZONA DEPARTMENT OF CORRECTIONS**
**GF SUPPLEMENT - GRIEVANCES**

INMATE NAME HEFNER, JOSEPH T.   ADC NO. 203653   CASE NO. 301 003 08

INSTITUTION Safford / Graham

[ ]   COMMITTEE RECOMMENDATION      [X]   GF SUPPLEMENT

CENTER IN SAFFORD FOR MORE PROCEDURES. I CLAIM ALL THIS IS A DELAY IN PROCEDURE FOR WHAT THE DOCTOR SAID IN TUCSON. I CLAIM THAT DR. COONS IS NOT AN EYE SPECIALIST, NOR IS SOUTHWEST EYE CENTER IN SAFFORD. THE ORIGINAL EYE SPECIALIST IN TUCSON HAS THE PROCEDURE TO FOLLOW, SOUTHWEST EYE CENTER IN SAFFORD, DR. COONS, HAVE A DIFFERENT PROCEDURE. HERE AGAIN I WOULD HAVE TO PROVE A SUBJECTIVE DELIBERATE INDIFFERANCE ON THE PART OF THE PRISON OFFICAL WHO HAD VOLUNTARILY EXPOSED THE INMATE TO AN UNREASONABLE RISK TO HIS HEALTH IN VIOLATION WHILE INCARCERATED WITHIN THEIR PRISON. THE INMATE CLAIMED THAT (1) HE HAD STATED A VALID CAUSE OF ACTION IN HIS GRIEVANCE. (2) HE HAD A CONSTITUTIONAL RIGHT TO GO BACK TO EYE SPECIALIST IN TUCSON. HE TOLD THE INMATE HEFNER, THE PROCEDURE TO FIX THE RIGHT EYE. (3) I HELD THAT THE ALLEGATIONS THAT THE PRISON OFFICALS HAD, WITH DELIBERATE INDIFFERANCE, INMATES APPOINTMENT IS WAY OVERDUE EXPOSED INMATE TO LEVELS OF PAIN & SUFFERING, REDNESS IN RIGHT EYE, VISION HAS GOTTEN ALOT WORSE; THAT POSED AN UNREASONABLE RISK OF MORE SERIOU DAMAGE TO THE INMATE'S FUTURE HEALTH. THE STAFF OFFICALS ALSO HELD IN THIER REPLY THAT THE INMATE WOULD BE REQUIRED TO PROVE BOTH SUBJECTIVE AND OBJECTIVE ELEMENTS NECESSARY TO PROVE A GRIEVANCE VIOLATION OF THE SUBJECTIVE FACTOR DELIBERATE INDIFFERANCE HAD TO BE DETERMINED IN LIGHT OF THE PRISON OFFICALS CURRENT ATTITUDES AND CONDUCT DEMONSTRATING THAT THE PRISON OFFICALS WERE IGNORING THE POSSIBLE DANGERS TO THE INMATE RIGHT EYE INJURY, IF THE EYE LOOKS BAD ON THE OUTSIDE, WHO KNOWS WHAT'S GOING ON INSIDE IGNORING THE POSSIBLE EX- POSURE THAT THE RIGHT EYE IS NOT HEALING RIGHT OR IS CRUEL AND UNUSUAL PUNISHMENT CONDITION IF CONFINEMENT, THIS INJURY HAPPENED IN 2006 AND KEEPS GETTING WORSE. INMATE COMPLAINING

SIGNED  _Joseph Hefner_                          DATE 01/22/08

INITIAL DIST.:   COMMITTEE RECOMMENDATION: - All Copies to Grievance Advisory Committee
FINAL DIST.:   WHITE & PINK - Inmate   YELLOW - Grievance File
INITIAL DIST.:   GF SUPPLEMENT: WHITE & YELLOW - Grievance Coordinator   PINK - Inmate
FINAL DIST.:   WHITE - Inmate   YELLOW - Grievance File

ADC GF-4  GF SUPPLEMENT - GRIEVANCES

FORM 40000075
Rev. 1/25/89

**ARIZONA DEPARTMENT OF CORRECTIONS**
**GF SUPPLEMENT - GRIEVANCES**

INMATE NAME HEFNER, JOSEPH T. ADC NO. 203653 CASE NO. S0100308

INSTITUTION SAFFORD / GRAHAM

[ ] COMMITTEE RECOMMENDATION  [X] GF SUPPLEMENT

PLAINLY, GRAVE, DELIBERATE INDIFFERENCE AND SUFFERING IN HIS CONDITIONS OF CONFINEMENT. PRISON OFFICIALS CURRENT ATTITUDE CANNOT YET COMPLETELY AGREE "ON THE RESOLUTION OF THESE ISSUES". ON THE ISSUE OF DELIBERATE INDIFFERENCE TO MY IMMEDIATE MEDICAL SYMPTOMS ALLEGED THAT THE LIKELY HARM WOULD OCCUR IMMEDIATELY AND EVEN THOUGH THE POSSIBLE INFECTION THAT CAUSES THE REDNESS & PAIN & SUFFERING IN HIS RIGHT EYE, ON THE GROUNDS THAT THE COMPLAINING INMATE SHOWS SERIOUS CURRENT SYMPTOMS. THAT THE GRIEVANCE PROTECTS AGAINST FUTURE HARM TO INMATE IS NOT A NOVEL PROPOSITION. THE GRIEVANCE, AS WE HAVE SAID, REQUIRES THAT THIS INMATE BE FURNISHED WITH BASIC HUMAN NEEDS, ONE OF WHICH IS "REASONABLE SAFETY". INMATE HEFNER HAS PLAINLY RECOGNIZED THAT A REMEDY TO SEE THE DOCTOR IN TUCSON EYE SPECIALIST THAT HAD DONE THE ORIGINAL SURGERY BECAUSE THE SYMPTOMS WHICH A REASONABLE PERSON CAN SEE ON THE OUTSIDE THAT THERE IS DAMAGE TO THE RIGHT EYE. GRIEVANCE PROCEDURES PROTECT AGAINST SUFFICIENTLY IMMINENT DANGERS AS WELL AS CURRENT UNNECESSARY AND WANTON INFLICTION OF PAIN AND SUFFERING ARE LEGION. WE THUS REJECT PRISON OFFICIALS CENTRAL THESIS THAT ONLY DELIBERATE INDIFFERENCE TO CURRENT SERIOUS HEALTH PROBLEMS OF INMATE HEFNER IS ACTIONABLE UNDER THE GRIEVANCE PROCEDURE BECAUSE THE INJURY OCCURED IN 2006 BY EXPIRED MEDICATION. IN ADDITION, THE DIRECTOR OBSERVED, TEACHER A MUCH. THE DIRECTOR RECOGNIZES THAT THERE MAY BE SITUATIONS IN WHICH EXPOSURE TO TOXIC OR SIMILAR SUBSTANCES WOULD "PREVENT A RISK OF SUFFICIENT LIKELIHOOD OR MAGNITUDE— AND IN WHICH THERE IS SUFFICIENT BROAD CONSENSUS THAT EXPOSURE OF ANYONE TO THE SUBSTANCE SHOULD THEREFORE BE PREVENTED — THAT "THE AMENDMENTS PROTECTION WOULD BE AVAILABLE EVEN THOUGH THE EFFECTS OF EYE EXPOSURE MIGHT NOT BE MANIFESTED FOR SOME TIME. GRIEVANCE SUBMITS THAT HARM AND CARE TO THIS PARTICULAR INDIVIDUAL, HIS RIGHT EYE DAMAGE IS

SIGNED Joseph Hefner    DATE 01/22/08

INITIAL DIST.: COMMITTEE RECOMMENDATION: - All Copies to Grievance Advisory Committee
FINAL DIST.: WHITE & PINK - Inmate, YELLOW - Grievance File
INITIAL DIST.: GF SUPPLEMENT: WHITE & YELLOW - Grievance Coordinator PINK - Inmate
FINAL DIST.: WHITE - Inmate YELLOW - Grievance File

ADC GF-4 GF SUPPLEMENT - GRIEVANCES

FORM 40000075
Rev. 1/25/89

④

## ARIZONA DEPARTMENT OF CORRECTIONS
## GF SUPPLEMENT - GRIEVANCES

INMATE NAME _Hefner, Joseph T._   ADC NO. _203653_   CASE NO. _S01 003 08_

INSTITUTION _Safford/Graham_

☐ COMMITTEE RECOMMENDATION      ☒ GF SUPPLEMENT

SUFFICIENTLY GRAVE TO IMPLICATE A "SERIOUS MEDICAL NEED." IN THE COURSE OF SUCH PROOF, THE EYE SPECIALIST IN TUCSON SUGGESTED THE PROCEDURE TO REPAIR Mr. HEFNER'S EYE INJURY, BUT NOT YET COMPLETED, AND THE LENGTH OF TIME, 2006 TO 2008, THUS FAR, AND THE PROCEDURE HAS NOT YET BEEN COMPLETED. HE MUST ALSO ESTABLISH THAT IT IS CONTRARY TO CURRENT STANDARDS OF DECENCY FOR ANYONE TO BE EXPOSED TO UNFINISHED EYE SURGERY AGAINST HIS WILL AND THAT PRISON OFFICALS ARE DELIBERATELY INDIFFERENT TO Mr. HEFNER'S PLIGHT. INSTEAD OF PROPER PROCEDURE BY AN EYE SPECIALIST ON SEPTEMBER 18, 2006 WHEN MR HEFNER'S PRESURE WAS CRITICALLY HIGH, 55, Dr. COONES GAVE HEFNER ANTIBIOTICS AND PENICILLEN INSTEAD OF GETTING MR. HEFNER TO A TRAINED EYE SPECIALIST FURTHERING THE AMOUNT OF DAMAGE, PAIN & SUFFERING AND LOSS OF SIGHT. THUS EXPOSING MR. HEFNER TO DELIBERATE INDIFFERENCE AND SUFFERING IN HIS CONDITION OF CONFINEMENT. BY THEIR OWN ADMISSION PRISON OFFICIALS HAVE SAID THAT MR. HEFNER WAS SEEN ON 09/28/07 WITH INSTRUCTIONS TO BE SEEN BY SOUTHWEST EYE CENTER. WHEN ON 01/15/08 PRISON OFFICIALS THEN CONTRADICT THEMSELVES AS TO WHAT THEY ACTUALLY DO NOT KNOW.

SIGNED _Joseph Hefner_                                    DATE _01/22/08_

INITIAL DIST.:   COMMITTEE RECOMMENDATION: - All Copies to Grievance Advisory Committee
FINAL DIST.:    WHITE & PINK - Inmate  YELLOW - Grievance File
INITIAL DIST.:   GF SUPPLEMENT:  WHITE & YELLOW - Grievance Coordinator  PINK - Inmate
FINAL DIST.:    WHITE - Inmate  YELLOW - Grievance File

ADC GF-4  GF SUPPLEMENT - GRIEVANCES

FORM 40000075
Rev. 1/25/89

Inmate Name: Hefner, Joseph T.   Inmate Number: # 203653

Institution/Unit: <u>Safford/Graham</u>        Case NO._S01 003 08_

Your grievance of 01/09/08 is based upon your complaint that:  Since
September 14, 2006, you have been under doctor's care for an eye injury to
your right eye due to expired medication.  You state that in November, 2006,
you were rushed to St. Mary's Hospital for emergency eye laser procedure
and the doctor in Tucson told you he would suggest one procedure to fix
your right eye, but this has not happened.  You claim you were told by
Southwest Eye Center in Safford that a different procedure (replacement of
the right eye lens), was going to take place to correct your vision, but to date
nothing has happened.  You state that two different doctors have put forth
two separate procedures to correct your vision from the effects of the
expired medication, but with no outcome.  You state that the problems with
your right eye are subsequently getting worse.  You contend that prison
officials are violating the constitution when they show deliberate
indifference to a prisoner's serious medical needs by inappropriate or
incompetent or choose a less effective course of treatment because it is
easier rather than for medical reasons.  You again state that you have been
told by two separate eye specialists on two separate occasions that two
separate procedures could correct your vision in your right eye.  You claim
that repeated attempts to get medical to provide proper medical care to repair
your right eye to what it was before you were given the expired medication.

You first raised this issue in your Inmate Letter to CO III St. Hillaire on
12/24/07 stating that you would like your vision repaired to what it was prior
to when you were given the expired medication and all these problems
started.  On 1/03/08, you received a response from CO III St. Hillaire, who
indicated that you have been seen at least twice by SW Eye since your last
letter on 6/13/07 and you were seen by the provider on 12/31/07.  Medical
has requested the consultation report from SW Eye for your 9/28/07 visit
and you are being treated for the iritis by SW Eye.  There is no mention of
any additional medical procedures to correct your vision.  SW Eye
recommended a refill of your medication for your headaches and a return to
SW Eye was requested in two months.  Dr. Coons has requested for you to
return to SW Eye as soon as possible.  It appears that everything is being
done that can be done.  CO III St. Hillaire instructed you to file an appeal if
you were not satisfied with these findings.

Investigation into the issue you raised including a review of our medical

records show the following:

You have been seen by your medical provider, Dr. Coons, on numerous occasions and you have been referred to Southwest Eye, where follow-ups have been done to evaluate your vision problems. A review of the follow-up examinations show that on 4/12/07, the consultants indicated your Iritis was improved; on 4/19/07, the consultants again indicated improvement; on 4/15/07, the consultants indicated improvement; and on 5/14/07, the consultants indicated the iritis was nearly resolved. On 6/14/07, the consultants recommended continuing with Pred Forte medication; on 7/6/07, the consultants indicated no change and requested lab work; on 8/10/07, the consultants added Prednisone to current medications and suggested an evaluation for cataract OD; on 9/28/07, the consultants indicated that the course of Prednisone was completed and requested a return to the clinic in 3-3 months. You were seen by SW Eye on 1/9/08 and the recommendation was that you could benefit from cataract surgery on your right eye. Dr. Coons reviewed this report on 1/14/08 and issued a referral to the Medical Review Committee (MRC) for referral to SW Eye for cataract surgery. The MRC has approved the referral and your case has been sent to Central Office for authorization. On 1/15/08 you were seen by A. Thacker, Facility Health Administrator, at 0800 hours to respond to your grievance. As a result of the interview with FHA Thacker, it was determined that Dr. Coons would contact SW Eye and see if there are any other procedures that need to be done in addition to the cataract surgery. You indicated that you were in agreement with this course of action. You were advised that you may appeal all administrative decisions, including the one included in this response. The appeal may be made within 10 calendar days up to the level of the Director.


Acel K. Thacker, Facility Health Administrator                    1/15/08

RECEIVED
**ARIZONA DEPARTMENT OF CORRECTIONS**

JAN 1 4 2008

**Inmate Grievance**

ASPC - HEALTH SVCS

| Received By | *St Helaire* |
|---|---|
| Title | *CO3* |
| Badge Number 3503 | Date 1-7-08 |

*Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3P, within 10 calendar days of receipt of this notice.*

| Inmate Name (Last, First, M.I.) | ADC Number | Date |
|---|---|---|
| HEFNER, JOSEPH T. | 203653 | 01.05.08 |
| Institution/Facility | Case Number | |
| ASPC/SAFFORD/GRAHAM | 501-003-08 | |

TO: Grievance Coordinator

**Description of Grievance** *(To be completed by the Inmate)* SINCE SEPTEMBER 14, 2006 I HAVE BEEN UNDER DOCTORS CARE FOR AN EYE INJURY TO MY RIGHT EYE DUE TO EXPIRED MEDICATION. IN NOVEMBER, 2006 I WAS RUSHED TO ST. MARY'S HOSPITAL FOR EMERGENCY EYE LAZER PROCEDURE. THE DOCTOR IN TUCSON TOLD ME HE WOULD SUGEST ONE PROCEDURE TO FIX MY RIGHT EYE. THIS HAS NOT HAPPENED. I WAS TOLD BY SOUTHWEST EYE CENTER IN SAFFORD THAT A DIFFERENT PROCEDURE, REPLACEMENT OF THE RIGHT EYE LENSE, WAS GOING TO TAKE PLACE TO CORRECT MY VISION. TO DATE NOTHING HAS HAPPENED. TWO SEPERATE DOCTORS HAVE PUT FORTH TWO SEPERATE PROCEDURES TO CORRECT MY VISION FROM THE EFFECTS OF THE EXPIRED MEDICATION WITH NO OUTCOME. THE PROBLEMS WITH MY RIGHT ARE SUBSEQUENTLY GETTING WORSE. PRISON OFFICIALS VIOLATE THE CONSTITUTION WHEN THEY SHOW DELIBERATE INDIFFERANCE TO A PRISONER'S SERIOUS MEDICAL NEEDS BY INAPPROPRIATE OR INCOMPETENT OR CHOOSING A LESS EFFECTIVE COURSE OF TREATMENT BECAUSE IT IS EASIER RATHER THAN FOR MEDICAL REASONS. I HAVE BEEN TOLD BY TWO SEPERATE EYE SPECIALISTS ON TWO SEPERATE OCCASIONS THAT TWO SEPERATE PROCEDURES COULD CORRECT MY VISION IN MY RIGHT EYE.

**Proposed Resolution** ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?) REPEATED ATTEMPTS TO GET MEDICAL TO PROPER MEDICAL CARE. TO REPAIR MY RIGHT EYE TO WHAT IT WAS BEFORE I WAS GIVEN THE EXPIRED MEDICATION.

| Inmate's Signature *Joseph Hefner* | Date 01-05-08 | Grievance Coordinator's Signature CO M. Barry | Date 1-9-08 |
|---|---|---|---|

Documentation of Resolution or Attempts at Resolution.

Action taken by

SEE ATTACHED V

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File.

802-1I
2/14/0