# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Arizona

| | | |
|---|---|---|
| Victor Parsons, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:12-cv-00601-NVW |
| Charles Ryan and Richard Pratt | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Robert Ortega, Senior Reporter, Arizona Republic
      200 E. Van Buren Street, Phoenix, AZ 85004

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment "A"

| Place: Struck Wieneke & Love, PLC<br>1300 West Ray Road, Suite 300<br>Chandler, AZ 85226 | Date and Time:<br><br>08/13/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   08/02/2012

        CLERK OF COURT
                                                OR      /s/ [signature]
_____                    _____
   *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Charles Ryan and Richard Pratt   , who issues or requests this subpoena, are:
Timothy J. Bojanowski, Esq., Struck Wieneke & Love, PLC, 1300 West Ray Road, Suite 300, Chandler, AZ 85226
tbojanowski@swlfirm.com, 480-420-1600

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:12-cv-00601-NVW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 2:12-cv-00601-ROS   Document 63-1   Filed 08/02/12   Page 4 of 8

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information;
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Attachment A

## Definitions and Instructions

1. The term "Document(s)" as used herein is defined to include any written record of information (e.g., letter, typewritten memoranda or contract, handwritten notes of meeting or telephone calls, diaries, checks, deposit slips, computer printouts, transcripts, drawings, design plans, etc.) or non-written record of information (e.g. video tapes, DVD, Blu-Ray disks, cassette tapes, DAT tapes, CD-ROMs, photographs, graphs, maps, films, etc.), specifically including but not limited to electronically stored information (e.g. computer files, diskettes, e-mail and instant messages, etc., and as broadly defined by FED. R. EVID. 1001), of every type and description, however produced or reproduced in any form, whether draft, final, master, original, duplicate, copy, signed or unsigned, that is in the witness' possession, custody or control (including but not limited to items to which the witness has or may obtain access), regardless of where located.  Any document bearing notations, markings, highlighting or writings of any kind different from the original shall be treated as an original Document.

2. Electronically stored information may be provided in either commonly accessible forms under the Windows XP or Windows 7 operating systems (.pdf, .bmp, .jpg, .mpg, .wmv formats) or a different native format.

3. If electronically stored information is produced in a different native format than listed in Instruction No. 2, for each such item of electronically stored information produced, please identify 1) the operating system used to access the information; 2) the name of the program used to access the information; 3) the publisher or vendor of the program used to access the information; and, 4) if the information is protected, secured or encrypted, identify or provide the access codes, passwords, user keys, and/or codec necessary for the requesting party to access the information.

4. The words "Person" or "Persons" means all individuals or entities of every type and description including all natural persons, associations, companies, partnerships, joint

ventures, corporations, trusts, estates, and federal, state and municipal or local governmental agencies and entities in their subdivisions, bureaus, departments and boards.

      5.      The word "Department" means the complete governmental agency or entity, to whom this subpoena is directed, including all subordinate agencies, divisions, departments, offices, facilities, branches, task-forces and bureaus.

      6.      "Pertaining to" means consisting of, relating to, or referring to, reflecting or having any logical or factual connection with, the subject matter dealt with or alluded to in the Request.

      7.      References to "You" or "Your" as used in these Requests shall be deemed to include the party to whom these Requests are directed as denominated in the pleadings (or a person acting on behalf of, or under the supervision of the party), the party's agents, representatives, and/or employees, or, if a corporation or other entity, all of its current and former agents, employees and others who have acted, or may now be acting, for or on its behalf, or any subsidiary or affiliated entities.

      8.      The words "and" and "or" shall be construed conjunctively or disconjunctively as is necessary to make each Request inclusive, rather than exclusive.

## Documents to be Produced

The witness shall produce all of the following Documents in any way pertaining to the above captioned litigation:

1. Copies of all documents in your possession related to Arizona Department of Corrections' health care and conditions of confinement in isolation.

2. Copies of all documents in your possession related to any topic you may testify about in relation to your disclosure by Plaintiffs as a witness having direct knowledge concerning Arizona Department of Corrections' health care and conditions of confinement in isolation.

3. Copies of all documents in your possession related to Victor Parsons, Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells.

4. If you contend that any of the documents requested in items 1-3, above, is not within your possession, control or custody, such that you are not able to produce them, please produce those documents identifying the true legal entity you believe to possess authority to respond to a subpoena and produce those documents.

5. If you contend that any of the items requested in items 1-3, above at one time existed, but have since been destroyed or lost, please produce all records pertaining to the destruction or loss of those responsive documents, including, but not limited to all documents reflecting your policies, procedures, and practices regarding the retention of the responsive documents which you contend are no longer available.

6. Complete, execute and notarize the attached Affidavit of Custodian of Records for all documents produced by you or your department in response to this subpoena.

7. All telephone bills, records, logs, notes or other documents which involve contact with any listed Plaintiff or their counsel in *Victor Parsons, et al. v. Charles Ryan, et al.*, U.S. District Court of Arizona, Case No.2:12-cv-00601.

## AFFIDAVIT OF CUSTODIAN OF RECORDS

I hereby declare under penalty of perjury that the following statements are true to the best of my knowledge and belief. I am over the age of 18 and duly authorized custodian of records for:

    Robert Ortega, Senior Reporter
    ARIZONA REPUBLIC
    200 E. Van Buren Street
    Phoenix, AZ 85004

and have the authority to certify that the following _____ pages of records made available to STRUCK WIENEKE & LOVE, P.L.C. are all of the records under my custody and control, described and called for in the Subpoena Duces Tecum served with this declaration in the matter relating to the subject litigation.

Said records were prepared by the personnel of the business in the ordinary course of business at or near the time of the act, condition, or event. I have delivered all of the records/items requested with the following exception(s):

_____     _____

_____     _____


I DECLARE UNDER PENALTY OF PERJURY & UNDER THE LAWS OF NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.

_____     _____
CUSTODIAN NAME (PLEASE PRINT)      DEPARTMENT

_____     _____
SIGNATURE OF CUSTODIAN             DATE


SUBSCRIBED AND SWORN to before me on this _____ day of _____, 2012.


_____     _____
My Commission Expires              NOTARY PUBLIC

2645888.1                          4