Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-NVW <br><br> **DEFENDANTS RYAN AND PRATT'S RESPONSE TO PLAINTIFF ARIZONA CENTER FOR DISABILITY LAW'S MOTION FOR PROTECTIVE ORDER** |

Defendants Charles Ryan and Richard Pratt ("Defendants") through counsel respond to Plaintiff Arizona Center for Disability Law's ("ACDL") Motion for Protective Order. Defendants agree that a protective order is necessary to govern the post-production dissemination of documents. However, ACDL's proposed protective order is ineffective as written. This Response is supported by the accompanying Memorandum of Points and Authorities and the record herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs consist of 14 individually named inmates and ACDL. ACDL filed its' Motion for Protective Order on July 19, 2012. (Doc. # 49). Inmate Plaintiffs, represented by separate counsel, did not file a Motion for Protective Order nor have they joined in the ACDL's Motion. ACDL and Defendants attempted to come to an agreement on a proposed protective order but that attempt was unsuccessful. Defendants agree that a protective order is appropriate and necessary; however, ACDL's Proposed Protective Order is ineffective in governing the dissemination of *all* documents anticipated to be produced throughout this litigation.

**II.   ARGUMENT**

**A.    This Court has Broad Discretion to Enter a Protective Order to Protect Inmates' and Defendants' Confidential, Security Sensitive, and Proprietary Information, as set forth in Rule 26(c)(1)(G).**

The parties agree that a protective order is necessary. A protective order is necessary to prevent "oppression" and "undue burden" related to release of proprietary and security sensitive information. *See* Fed.R.Civ.Pro. 26(c). The law gives district courts broad latitude to grant protective orders to prevent public disclosure of ". . . many types of information, including, but not limited to trade secrets or other confidential research, development, or commercial information." *See Phillips v. General Motors Corporation*, 307 F.3d 1206 (2002); *Fed.R.Civ.Pro*. 26(c)(1)(G); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984) ("broad discretion on the trial court to

2

1  decide when a protective order is appropriate and what degree of protection is required"). 2  Both security sensitive information and medical information pertaining to inmates would 3  fall into the category of the information a protective order is intended to govern.

4      Here, inmates' medical, mental health and dental health care are at issue.  This 5  requires production of sensitive medical records regarding the care the inmates received. 6  Plaintiffs allegations also call into question various aspects of administration of the 7  Arizona Department of Corrections and its' numerous facilities.  These allegations may 8  require that documents containing sensitive information related to the administration of 9  the prisons to be produced.  ACDL seeks a protective order that addresses only records it 10  believes are relevant to it while Defendant's seek a protective order to govern the post-11  production dissemination of documents for the entire case, not just those records and/or 12  claims relevant to ACDL.  ACDL's proposed protective order is ineffective to provide the 13  needed protection of confidential information.

14      ACDL alleges that Defendants' Proposed Protective Order is overbroad and would 15  bar access to documents and information essential to the litigation. Yet ACDL 16  misunderstands the purpose of a protective order.  A protective order is intended to 17  prevent individuals or entities from receiving documents *already produced* in the 18  litigation unless those individuals or entities are authorized to receive such documents. 19  Defendants do not seek a bar to the production of documents in their proposed protective 20  order.  Rather, Defendants seek a protective order that comports with applicable law and 21  will control how documents are handled once produced in the litigation.  Further, any 22  proposed protective order governing this litigation will provide the parties with a 23  procedure for contesting the designation of materials as confidential.

24/25      **B.    ACDL'S Proposed Protective Order is Simultaneously Overbroad and Overly Narrow.**

26  ACDL's proposed protective order is contrary to the law and does not govern 27  documents related to the entire litigation.  ACDL's proposed protective order is overly 28  broad in that it assumes that production of documents to all parties is permissible.

1    However, such a position is contrary to existing law on the disclosure of the kinds of
2    confidential information at issue here.  First, for ACDL to produce confidential health
3    care information to any other individuals after disclosed to it, including counsel for Inmate
4    Plaintiffs, ACDL will be forced to comply with the requirements of 42 U.S.C. § 10805.
5    Section 10805 requires that ACDL obtain a medical release from the inmate patient to
6    distribute the records they receive or ACDL must establish that the patient inmate is
7    unable to give consent to distribute his or her medical records.  Second, Defendants' and
8    subsequently ACDL are bound by requirements of Arizona's disclosure statutes.  *See*
9    Arizona Revised Statutes §§12-2292; 12-2294; 31-221; 36-509; 39-121, et seq.  As such,
10   Defendants cannot agree to a protective order that ignores these essential rules and
11   regulations pertaining to the disclosure of confidential information.

12          ACDL's proposed protective order is overly narrow in that it fails to consider that
13   there are two sets of Plaintiffs with their own respective counsel presenting the issue that
14   the records produced for each set may be different and that existing law prevents
15   wholesale production under the auspices of pending litigation.  For instance, ACDL is
16   representing those inmates with mental illness.  The records it may be entitled to will
17   pertain to only mental illness.  However, due to the allegations in this litigation, medical
18   health records, dental health records and records pertaining to prison administration will
19   be produced.  Any protective order must address all aspects of this and comport with
20   existing law in an effort to reduce confusion and ensure that only those individuals or
21   entities permitted to receive the records by law are the only ones to receive them.
22   ACDL's proposed protective fails to take the complexities of disclosure of sensitive
23   information into account.  As such, ACDL's proposed protective order should not be
24   adopted.

25   **III.    CONCLUSION**

26          For the above-stated reasons, Defendants ask that ACDL'S proposed protective
27   order be denied and that the Court enter a protective order that covers the scope of all
28   confidential documents to be produced during the pendency of the litigation.  Defendants

4

respectfully request that the Court adopt the proposed protective order attached to their separate Motion for Protective Order.

DATED this 6th day of August, 2012

STRUCK WIENEKE, & LOVE, P.L.C.


By /s/ *Courtney R. Cloman*
   Daniel P. Struck
   Kathleen L. Wieneke
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Courtney R. Cloman
   Ashlee B. Fletcher
   STRUCK WIENEKE, & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

   Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
   Michael E. Gottfried
   Assistant Attorney General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

   *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy: ahardy@prisonlaw.com

Amy Fettig: afettig@npp-aclu.org

Caroline N. Mitchell: cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick: ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr: DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda: dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi: dfathi@npp-aclu.org; astamm@aclu.org; mtartaglia@npp-aclu.org

Donald Specter: dspecter@prisonlaw.com

Ilham A. Hosseini: ihosseini@jonesday.com; areyes@jonesday.com

James Anthony Ahlers: jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com

James Duff Lyall: jlyall@acluaz.org; gtorres@acluaz.org

Jennifer Ann Alewelt: jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org

Jill Louise Ripke: jripke@perkinscoie.com; jgable@perkinscoie.com

John Howard Gray: jhgray@perkinscoie.com; slawson@perkinscoie.com

Kelly Joyce Flood: kflood@acluaz.org; gtorres@acluaz.org

Kirstin T. Eidenbach: keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com

Matthew Benjamin de Mee: mdumee@perkinscoie.com; cwendt@perkinscoie.com

Michael Evan Gottfried: Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov

Sara Norman: snorman@prisonlaw.com

| | |
|---|---|
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org |
| Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ *Elizabeth Espiritu*