Jennifer A. Alewelt  (Bar No.  027366)
Asim Varma (Bar No. 027927)
ARIZONA CENTER FOR DISABILITY LAW
5025 East Washington Street, Suite 202
Phoenix, Arizona  85034
(602) 274-6287
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
*Attorneys for Plaintiff*
*Arizona Center for Disability Law*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VICTOR ANTONIO PARSONS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES RYAN, et al., <br><br> Defendants. | No. 2:12-CV-00601-NVW <br><br> **ACDL'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND JOINDER TO NAMED PRISONER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, AS TO PARTS A, C AND D** <br><br> Hon. Neil V. Wake |

Plaintiff Arizona Center for Disability Law ("ACDL"), by and through counsel undersigned, hereby responds with its Opposition to Defendants' Motion to Dismiss, in addition to the argument set forth below, Plaintiff ACDL joins and incorporates herein sections A, C, and D of the Prisoner Plaintiffs' Opposition to Defendants' Motion to Dismiss.

**Introduction and Background**

Plaintiff ACDL is a non-profit law firm designated as the State of Arizona's Protection and Advocacy agency.  Plaintiff ACDL is charged with advocating for persons

with mental illness pursuant to the Protection and Advocacy for Persons with Mental Illness Act ("PAIMI").  42 U.S.C. § 10801, *et. seq*.

Plaintiff ACDL complains that prisoners with mental illness housed in the Arizona Department of Corrections ("ADC") are subjected to a substantial risk of serious harm and injury resulting from Defendants' provision of inadequate mental health care. Complaint, Count IV.  Plaintiff ACDL also complains that prisoners with mental illness are subjected to a substantial risk of harm and injury resulting from Defendants' policy and practice of confining prisoners in isolation in unconstitutional conditions. Complaint, Count V.

Defendants argue that the complaint should be dismissed because:  1) the named Plaintiffs failed to state a claim because named Plaintiffs did not have standing to assert claims on behalf of other prisoners, 2) the claims are barred by the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), and 3) the health care claims are moot.  In the alternative to a finding that the health care claims are moot, Defendants have asked for a stay of proceedings for six to nine months.  These arguments do not affect the viability of Plaintiff ACDL's claims.[1]

////

---

[1] Indeed, it is not entirely clear that Defendants intend to challenge ACDL's claims; the sole mention of ACDL in Defendants' Motion to Dismiss occurs in a single footnote. *See* Dkt. 50, at 2n.1.

**Argument**

Plaintiffs' complaint has pled sufficient facts to provide Defendants with "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs need only provide "a short and plain statement of the claim showing" that Plaintiff "is entitled to relief." *Martinez v. Maricopa County*, 2006 WL 2850332 (D. Ariz. 2006).

**A. Plaintiff ACDL Provided Defendants with Sufficient Notice of its Claims**

Defendants' position is that, because the Complaint supposedly includes allegations asserted on behalf of prisoners who are not named plaintiff, all such claims should be dismissed for lack of standing. Defendants do not allege that Plaintiff ACDL lacks standing, nor could they do so. Congress, recognizing that "individuals with mental illness are vulnerable to abuse and serious injury," enacted PAIMI to "ensure that the rights of individuals with mental illness are protected" and to "protect and advocate for the rights of such individuals through activities to ensure the enforcement of the Constitution and Federal and State statutes . . . ." 42 U.S.C. §10801(a)(1), (b)(1), (2)(A). Plaintiff ACDL has been entrusted with the authority to "pursue . . . legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the State." 42 U.S.C. § 10805(a)(1)(B). *See Ore. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1110 (9th Cir. 2002).

/ / / /

**B. Plaintiff ACDL is Not Required to Exhaust Administrative Remedies**

Defendants assert that dismissal of certain claims is proper because they were not exhausted under the requirements of the Prison Litigation Reform Act (PLRA). Dkt. 50, pp. 7-11. However, the PLRA requires only that *prisoners* exhaust administrative remedies. 42 U.S.C. § 1997e(a). Plaintiff ACDL, which is not a prisoner, is not required to exhaust administrative remedies under the PLRA. *See Ala. Disabilities Advocacy Program v. Wood*, 584 F.Supp.2d 1314, 1316 (M.D. Ala. 2008) (finding that Alabama's Protection and Advocacy agency was "clearly not a 'prisoner'" under the PLRA and that as such, "prisoner-litigation sections of the PLRA do not apply").

## Conclusion and Request for Leave to Amend

For the foregoing reasons Plaintiff ACDL requests this Court deny Defendants' Motion to Dismiss. The Complaint alleges facts sufficient to satisfy Fed. R. Civ. P. 8(a), and the issues are not moot. Defendants may not assert the defense of failure to exhaust administrative remedies against Plaintiff ACDL, and a stay of the litigation is not warranted. Therefore, Defendants' Motion to Dismiss should be denied in its entirety. However, if the Court grants Defendants' Motion in whole or in part, Plaintiff ACDL respectfully requests leave to amend its Complaint to address any deficiencies identified by the Court. *See* Fed. R. Civ. P. 15.

/ / / /

Respectfully submitted this 6th day of August, 2012.

ARIZONA CENTER FOR DISABILITY LAW

s/ Jennifer A. Alewelt
Jennifer A. Alewelt
Asim Varma
*Attorneys for Plaintiff Arizona Center for Disability Law*

**CERTIFICATE OF FILING AND SERVICE**

I certify that on this 6th day of August, 2012, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants in this action:

Arizona Attorney General Thomas Horne
Office of the Attorney General
Michael Gottfried:   Michael.Gottfried@azag.gov

and

Tim Bojanowski :         TBojanowski@swlfirm.com
Dan Struck:              DStruck@swlfirm.com
Kathy Wieneke:           KWieneke@swlfirm.com
Nicholas Daniel Acedo:   NAcedo@swlfirm.com
Courtney Rachel Cloman:  ccloman@swlfirm.com
Ashlee B. Fletcher:      afletcher@swlfirm.com
Anne M. Orcutt           aorcutt@swlfirm.com
STRUCK WEINEKE & LOVE, P.L.C.
*Attorneys for Defendants*

Caroline N. Mitchell:    cnmitchell@jonesday.com
Sophia Calderon:         scalderon@jonesday.com
Ilham A. Hosseini:       ihosseini@jonesday.com
Sarah Rauh:              srauh@jonesday.com
David C. Kiernan:        dkiernan@jonesday.com
R. Scott Medsker         rsmedsker@jonesday.com
JONES DAY

```
 1  Daniel Joseph Pochoda:      dpochoda@acluaz.org
    James Duff Lyall:           jlyall@acluaz.org
 2  Kelly Joyce Flood:          kflood@acluaz.org
    ACLU FOUNDATION OF ARIZONA
 3
    Alison Hardy:               ahardy@prisonlaw.com
 4  Corene T. Kendrick:         ckendrick@prisonlaw.com
    Donald Specter:             dspecter@prisonlaw.com
 5  Sarah Norman:               snorman@prisonlaw.com
    PRISON LAW OFFICE
 6
 7  Amy Fettig:                 afettig@npp-aclu.org
    David Cyrus Fathi:          dfathi@npp-aclu.org
 8  ACLU NATIONAL PRISON PROJECT
 9
    Daniel Clayton Barr:        DBarr@perkinscoie.com
10  James Anthony Ahlers:       jahlers@perkinscoie.com
    Jill Louise Ripke:          jripke@perkinscoie.com
11  John Howard Gray:           jhgray@perkinscoie.com
    Kirstin T. Eidenbach:       keidenbach@perkinscoie.com
12  Matthew Benjamin du Mee     mdumee@perkinscoie.com
13  Thomas Dean Ryerson:        tryerson@perkinscoie.com
    PERKINS COIE LLP
14
15  s/Patricia S. Werner
```