Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br>                          Defendants. | NO. 2:12-cv-00601-NVW<br><br>**DEFENDANTS RYAN AND PRATT'S  MOTION FOR PROTECTIVE ORDER** |

Defendants Charles Ryan and Richard Pratt ("Defendants") move for a protective order to govern how documents are handled after production throughout the pendency of this litigation. This protective order is intended to govern only the handling of records post-production, not a party's authority to obtain records.[1] Defendants expect to produce documents and other items during the course of this litigation that will contain confidential personal information as well as documents that contain information that the general release of which would threaten the security and safety of inmates and staff within the Arizona Department of Corrections' facilities. Defendants contend that in the regular course of discovery, it may be necessary to disclose such information to the lawyers, expert and other witnesses, and/or the Court. Defendants want to ensure that this information remains confidential and that no party to this action makes this information public to individuals or entities that are not involved in this action or are otherwise not permitted to have the confidential information. In order to avoid unnecessary confusion and repetition, Defendants request that the Court issue one protective order governing all sensitive and/or confidential information to be produced in this litigation.

### I. Factual Background

Plaintiffs filed a Complaint naming 14 individual inmates and the Arizona Center for Disability Law ("ACDL") as Plaintiffs. Plaintiffs also purported to represent the inmate class; however, to date, this action has not been certified as a class action.[2] Plaintiffs' allegations focus primarily on the provision of medical, mental and dental health care as well as conditions of confinement in isolation.

### II. Law and Argument

**A. A Protective Order is Necessary to Protect Inmate's Confidential and Sensitive Information and Defendants' Proprietary, Confidential and Security Sensitive Information.**

---

[1] Defendants retain the right to raise issues regarding the authority and ability of any parties' access to records.

[2] Plaintiffs have until November 2, 2012 to move for class certification. *See* Minute Entry dated July 20, 2012. (Doc. # 51).

Defendants' Motion for a Protective Order must be granted because: (1) it ensures that confidential information will remain confidential and will be disseminated to only those individuals permitted by law and as agreed[3]; (2) it requires the parties to work together to protect confidential information and does not needlessly involve the Court; (3) the public and inmates do not have a right to know about Defendants' financial information, contractual information, trade secrets or security information or the medical records of other inmates; and (4) mental health records obtained by Plaintiff ACDL that do not pertain to the 14 individually named Plaintiffs may not be shared with anyone absent the requisite signed releases. Federal Rule of Civil Procedure 26(c) provides that a protective order is designed to prevent "oppression" and "undue burden" and "embarrassment" related to the release of the information at the heart of this litigation.

Here, Plaintiff ACDL opposes Defendants' Proposed Protective Order because of its "breadth".[4] However, the Proposed Protective Order encompasses Defendants' concerns regarding dissemination of *all* confidential information likely to be produced in this litigation – – not simply those ACDL believes are relevant to it. Defendants' Proposed Protective Order addresses ACDL's previously communicated concerns regarding mental health records but it also addresses concerns related to other confidential records such as medical and dental health records, which are relevant to the individually named Plaintiffs (represented by other counsel) and confidential records pertaining to the administration of the Arizona Department of Corrections ("ADC") facilities. Defendants' Proposed Protective Order also comports with relevant federal and state disclosure rules pertaining to the disclosure of the very confidential information that is at issue here. Should Plaintiffs' counsel object to the designation of a document as confidential, the Protective Order provides for the ability of any party to challenge such a designation.

---

[3] See 42 U.S.C. 10805, et seq.; Arizona Revised Statutes §§12-2292; 12-2294; 31-221; 36-509; 39-121, et seq.

[4] Counsel for the 14 individually named inmate Plaintiffs did not respond to Defendants' counsel's correspondence regarding Defendants' Proposed Protective Order.

Defendants maintain their Proposed Protective Order is absolutely necessary because a general release of security sensitive information, without a protective order, threatens the safety and security of inmates who are incarcerated in ADC's facilities. Security sensitive policies and procedures/training materials are kept from being disseminated to inmates and the public for a reason- to keep the offenders who are housed within those facilities safe. Dissemination of security sensitive policies would allow the public access to critical information about the operation of a prison, which could lead to rioting within a facility, inmate upon inmate attacks, escapes, and facilitation of movement of contraband into and throughout the facility.

Additionally, Defendants are also obligated to protect the privacy of the inmates housed in their facilities and whose identities and confidential health care information may be found in the documents likely to be produced throughout this litigation. Defendants are also obligated to protect the privacy of inmates who are not parties to this litigation but whose identities may be found in incident reports or other facility management documents. Defendants are also obligated to protect the safety of its correctional officers. Releasing security sensitive training materials, policies, procedures that detail how correctional officers do their jobs, conduct security rounds, conduct searches, etc., places those officers in danger while they perform those tasks.

Defendants' Proposed Protective Order seeks to keep certain information confidential by ensuring that the confidential information is only produced to individuals who are entitled by law or by agreement to obtain them. Defendants' Proposed Protective Order is appropriate as it addresses the dissemination of medical, mental and dental health records for 14 individually named Plaintiff inmates who are not represented by ACDL. It addresses how the records of those individuals not represented by ACDL must be handled. It also addresses how the records obtained by ACDL for those inmates it represents are to be produced throughout the litigation. It further addresses all concerns regarding security sensitive information likely to be produced by ADC.

It is appropriate for one protective order to govern the dissemination of all records

in this case. Multiple protective orders that ultimately reach the same goal are confusing, repetitive and invite mistake in producing sensitive information to those not entitled to receive it.

Counsel for Plaintiffs and Defendants conferred regarding the language of a proposed protective order; however, the parties could not agree on specific language.

### III. Conclusion

For the above-stated reasons, Defendants request that the Court grant their Motion for Protective Order and issue their Proposed Protective Order filed with this Motion.

DATED this 13th day of August, 2012

STRUCK WIENEKE, & LOVE, P.L.C.


By */s/ Courtney R. Cloman*
Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on August 13. 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:          ahardy@prisonlaw.com

5

| | |
|---|---|
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Ilham A. Hosseini: | ihosseini@jonesday.com; areyes@jonesday.com |
| James Anthony Ahlers: | jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org |
| Jill Louise Ripke: | jripke@perkinscoie.com; jgable@perkinscoie.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org |
| Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |

1   David C. Kiernan:   dkiernan@jonesday.com; lwong@jonesday.com

2   R Scott Medsker:   rsmedsker@JonesDay.com

3   I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

6   N/A

                                        /s/  *Elizabeth Espiritu*