# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br> Defendants. | NO. 2:12-cv-00601-NVW <br><br> **PROPOSED PROTECTIVE ORDER** |

Upon motion of Defendants for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1. For purposes of this Order, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording or transcript of oral testimony whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26) or confidential personal information, including, but not limited to the named Plaintiffs' and inmates'

health care, dental care and/or mental health information, the institutional file and/or documents, disciplinary- related documents, criminal-history-related documents, security threat group or gang intelligence-related documents, presentence investigations; documents containing financial, pricing, or contractual information, including but not limited to Arizona Department of Corrections' ("ADC") policies, procedures, training materials, diagrams, maps, video, as well as confidential information relating to the security of an ADC facility, and personal information relating to current or former ADC employees, or relating to or identifying current or former inmates (other than Plaintiffs' decedent), the disclosure of which might invade those employees' or inmates' privacy or which may constitute a threat to the safety of an institution or employee of ADC. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies, or summarizes matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for resolution.

2. By way of example, the term "documents" includes but is not limited to operations records, institutional records, medical records, mental health records, dental records, policy manuals, training materials, correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

3. It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as "CONFIDENTIAL" will be subject to this Protective Order and the Court's Protective Order. Documents subject to this Order will be used by non-producing counsel only in this lawsuit, subject to requests made pursuant to Paragraph 10. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Order.

4. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

(a) The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

(b) The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**.

(c) All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 7 and 9.

(d) Any party may designate a deposition as CONFIDENTIAL INFORMATION and subject to the Protective Order during or at a reasonable time after the deposition.

5. If a party intends to designate portions of a deposition as "CONFIDENTIAL" that party shall have the right to limit attendance at the relevant portion of the deposition to the persons set forth in Paragraph 7 of this Order.

6. All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form. An un-redacted version will be filed under seal with the clerk of the court. Pleadings containing CONFIDENTIAL INFORMATION will be filed in a sealed envelope prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS**

**DISPLAYED, COPIED, OR REVEALED, EXCEPT BY COURT ORDER**

7. Unless otherwise provided in this Order, and subject to the provisions of Paragraphs 8, 9 and 10, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, and to the following counsel and experts: attorneys in this action and their support staff, including paralegals, legal interns and legal assistants; testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure; or where production is ordered by the Court. No disclosure of CONFIDENTIAL INFORMATION shall be made to any person not specifically identified in this Order to receive CONFIDENTIAL INFORMATION. Any attorney, the attorney's support staff or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

8. CONFIDENTIAL INFORMATION regarding the 14 individually named Plaintiffs may be produced to all counsel of record for the parties, and their support staff, including paralegals, legal interns and legal assistants;

9. Mental Health records pertaining to any unnamed plaintiffs shall be disclosed only to Plaintiff Arizona Center for Disability Law absent the appropriate medical records release provided by the patient. Once a release is obtained and provided,

4

1  Defendants and Plaintiff Arizona Center for Disability Law may provide the Mental
2  Health records along with the applicable release to the individuals listed in Paragraph 7,
3  including the remaining parties. However, inmates may receive only those mental health
4  records relating to their own individualized care. No inmate may review or receive
5  mental health records pertaining to any other inmate. Those individuals will be governed
6  by the requirements consistent with this Protective Order.

7       10.    CONFIDENTIAL INFORMATION will not be disclosed to any current or
8  former inmates, including Plaintiffs. Pursuant to Arizona Revised Statute § 31-221, ADC
9  will produce those portions of its master files on Plaintiff inmates except for information
10 revealing the identity of a confidential informant, information that endangers the life or
11 physical safety of a person or information that jeopardizes an ongoing criminal
12 investigation. Inmates may not receive or review their individual master files; however,
13 inmates may review but not possess their individualized Public Aims Report produced by
14 ADC. The only exception to this limitation is that CONFIDENTIAL INFORMATION
15 may be shown to and reviewed by an inmate who is a Plaintiff in this matter if:

16         a.    The CONFIDENTIAL INFORMATION is material contained in the
17             respective Plaintiff's medical records and is written by the respective
18             Plaintiff, or written by a non-inmate and does not contain any written
19             or verbal statements made by or concerning any other inmate; or
20         b.    The inmate Plaintiff is the originator of the CONFIDENTIAL
21             INFORMATION (i.e., a written statement by that inmate).

22     Where this exception applies, the CONFIDENTIAL INFORMATION may be
23 discussed with and/or shown to the inmate Plaintiff to the extent allowed by law. Counsel
24 must retain the original CONFIDENTIAL INFORMATION and no copies or written
25 summaries may be provided to the inmate Plaintiff.

26     In creating this limitation, it is the intent of the parties to protect the safety and
27 security of all inmates by prohibiting dissemination of inmate or informant information to
28

5

1  other inmates, including other Plaintiffs, and in circumstances where Plaintiffs to this
2  action include verified members of different and opposing security threat groups.

3　　　　11.　Documents containing addresses, identifying information, dependent
4  information, or contact information concerning former or current ADC employees may be
5  redacted before production and not be disclosed to Plaintiffs, Plaintiff's counsel,
6  Plaintiff's experts any present or former inmate, member of the general public, or the
7  press. Documents containing non-Plaintiff inmate names and ADC numbers may be
8  redacted before production and not disclosed to Plaintiffs, Plaintiff's counsel, Plaintiff's
9  experts, any present or former inmate, member of the general public, or the press.
10 CONFIDENTIAL INFORMATION containing policies, protocols, practices, or directives
11 related to security procedures utilized by any ADC employee, or security sensitive
12 information at any ADC facility or any ADC administrative office, will not be disclosed
13 to Plaintiffs, any other present or former inmate, member of the general public, or the
14 press. Defendants will produce the information with the label: "CONFIDENTIAL/
15 ATTORNEYS' EYES ONLY." Confidential information so labeled shall not be
16 disclosed to Plaintiffs, any present or former inmate, the general public, or the press and
17 will be handled accordingly at all times barring a written agreement by Defendants to
18 modify or remove the designation or a court order.

19　　　　12.　If Plaintiffs' counsel or experts are required by law or court order to disclose
20 Defendants' CONFIDENTIAL INFORMATION to any person or entity not identified in
21 Paragraph 7 or any person or entity excluded by Paragraph 8, the name of that person or
22 entity will be furnished to counsel for Charles Ryan and Richard Pratt as far in advance of
23 disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants
24 may object and seek further protection as necessary. Once an objection has been made,
25 there will be no disclosure until the matter is resolved, unless disclosure is required by
26 court order. Any person not listed in Paragraph 7 who is then entitled to receive
27 CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective
28 Order.

13. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, counsel and their experts shall return to the producing party any confidential document and all reproductions of confidential documents in their possession, custody, and control except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal.

14. Counsel for various parties retain the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION.  The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

15. Nothing in this Protective Order precludes Plaintiffs or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order.

16. Nothing in this Protective Order precludes Defendants from objecting to any discovery propounded by Plaintiffs pursuant to the Federal Rules of Civil Procedure, including but not limited to the grounds of relevance, undue burden, and overly broad.

17. Each person designated in Paragraph 7, by receiving and reading a copy of the Protective Order entered by the Court as part of this Order, is ordered to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order is breached.

2669098.1