Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: jalewelt@azdisabilitylaw.org
         avarma@azdisabilitylaw.org
*Attorneys for Plaintiff Arizona Center for Disability Law*

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org
         kflood@acluaz.org
         jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **PLAINTIFF ARIZONA CENTER FOR DISABILITY LAW AND PRISONER PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF GROUP'S MOTION FOR PROTECTIVE ORDER AND RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

78204-0001/LEGAL24440238.1

Through their respective counsel, Plaintiff Arizona Center for Disability Law ("ACDL") and Prisoner Plaintiffs (collectively "Plaintiff Group") reply to Defendants' Response to Plaintiff Group's Motion for Protective Order (Doc. 70) and respond to Defendants' Motion for Protective Order (Doc. 79).

## I. INTRODUCTION

All parties agree that a Protective Order is necessary to restrict the dissemination of confidential protected health information ("PHI") and security information that will be disclosed in this litigation. Plaintiff Group's proposed Protective Order plainly achieves those goals. Yet in Defendants' Response to Plaintiff Group's Motion for Protective Order and in their just-filed Motion requesting their own Protective Order, Defendants repeatedly ignore the plain terms of Plaintiff Group's proposed Protective Order and insist, without authority, that this Court issue a Protective Order that prohibits counsel for some parties in this litigation from obtaining access to relevant discovery produced to other parties.

Contrary to Defendants' assertion that the proposed Protective Order neglected to cover discovery that would be produced to Prisoner Plaintiffs, Plaintiff ACDL *and* the Prisoner Plaintiffs *jointly* filed their proposed Protective Order and requested this Court to approve it to govern all discovery produced or received by any party in this litigation. [Doc. 49] As explained in more detail in Plaintiff Group's Motion and the Declaration of Jennifer Alewelt in Support of the Motion for a Protective Order ("Alewelt Dec."), Plaintiff Group first proposed a Protective Order to Defendants, sought Defendants' input, and carefully revised the Plaintiff Group's drafted Protective Order to address Defendants' concerns related to security information. Doc. 49, Ex. 2, Alewelt Dec., ¶ 10. During the parties' negotiations, Defendants did not identify the provisions of the Plaintiff Group's proposed Protective Order they contend are insufficient to cover all protectable information, and Defendants again fail to do so both in their Response to Plaintiffs' Motion and in their own Motion for a Protective Order. *Id*. ¶¶ 10-12. Despite the Plaintiff Group's best efforts, Defendants did not timely cooperate on developing

78204-0001/LEGAL24440238.1

mutually-agreed language for a proposed Protective Order. *Id.* ¶¶ 11-13. To prevent the lack of a Protective Order from further delaying discovery, especially in light of the deadline set by this Court for filing a motion for class certification, Plaintiff Group moved for the entry of a Protective Order.

Defendants complain that Plaintiff Group's proposed Protective Order does not prohibit Prisoner Plaintiffs' counsel from receiving discovery information ACDL requests. But Defendants cite no authority, because there is none, for their assertion that parties must be ordered to withhold produced documents from other parties' counsel in order to maintain the confidentiality of health or security-related information, when all parties are parties to the *same Protective Order in the same litigation*. In practice, Defendants' proposed Protective Order would not increase protection of confidential information, but rather would complicate and frustrate the discovery process. To allow discovery to progress quickly and efficiently as this Court has ordered, the Court should enter Plaintiff Group's proposed Protective Order.

## II. ARGUMENT

### A. Plaintiff Group's proposed Protective Order effectively covers all confidential health and security-related information.

Defendants first contend that Plaintiff Group's proposed Protective Order does not cover all categories of confidential information to be produced in this action. Defendants identify only two categories of confidential information: (1) documents regarding prison administration, the release of which could endanger security, and (2) protected health information.[1] Defendants' Response to Plaintiffs' Motion for Protective Order, ("Defs'

---

[1] Defendants include additional categories of information they claim require protection for the first time in their Motion for Protective Order, such as "trade secrets." The mere fact that a party broadly asserts the need to protect confidential, financial, or trade secret information is alone not a basis to include it in a protective order, particularly where, as here, it is unclear, for example, what specific "trade secrets" Defendants would have. *See Moulay v. Ragingwire Enterprise Solutions, Inc.*, No. 2:09-cv-03213 GEB KJN, 2010 WL 4628076, at *3 (E.D. Cal. Nov. 4, 2010) ("the party seeking the protective order has the burden to show good cause by demonstrating harm or prejudice will result from the discovery").

78204-0001/LEGAL24440238.1            -2-

1  Resp.) at 3. Plaintiff Group's Proposed Protective Order clearly protects this type of
2  information, stating at the outset that "[a]ll protected health information and security
3  information obtained in this action shall be regarded as confidential information and
4  subject to this Protective Order." Doc. 49, Ex. 1, ¶ 1. Plaintiff Group's proposed
5  Protective Order defines security information as "all documents that would threaten prison
6  safety and security if disclosed without protective conditions." *Id*. Plaintiff Group's
7  Protective Order also allows only Plaintiffs' *counsel*, not their prisoner clients, to view
8  confidential security information, neutralizing Defendants' fears that prisoners could take
9  advantage of the confidential information. *Id*. ¶ 5.

10  Defendants' blanket assertion that Plaintiff Group's proposed Protective Order is
11  ineffective is unconvincing because Defendants fail to point to any specific language in
12  Plaintiffs' proposed Protective Order that exposes Defendants to risk. Defendants likewise
13  fail to show what language in their proposed Protective Order, if any, is necessary to
14  broaden the categories of protection. Protective Orders similar to the one proposed by
15  Plaintiff Group have been entered by other federal courts in similar prison cases, and this
16  Court should do the same.[2] Defendants' contention that Plaintiff Group's proposed
17  Protective Order does not cover security issues is merely a tactic to delay discovery.

**B.  Plaintiff Group's proposed Protective Order correctly contemplates that all parties to this action will have access to all information produced in discovery.**

20  Defendants' fundamental dispute with Plaintiff Group's Proposed Protective Order
21  is that it "assumes that production of information to all of the parties in this action is
22  permissible." According to Defendants, "there are two sets of Plaintiffs" and "the records
23  produced for each set may be different." Defs' Resp. at 4. Yet Defendants provide no
24  authority for the proposition that documents obtained in discovery by one party in an
25  action can be shielded from other parties in the same action. In fact, Federal Rule of Civil

---

[2] *See, e.g.*, Declaration of Donald Specter, Ex. A (protective order in *Armstrong v. Wilson*, No. C–94–2307 CW (N.D. Cal. 1996)), Ex. B (protective order in *Clark v. State of California*, No. C96–1486 FMS (N.D. Cal. 2010)).

1  Procedure 26(b)(1) unequivocally provides that "[p]arties may obtain discovery regarding
2  any nonprivileged matter that is relevant to *any* party's claim or defense." Fed. R. Civ.
3  P. 26(b)(1) (emphasis added); *see also Kent v. Cummings*, No. CV-09-1616-PHX-JWS
4  (LOA), 2010 WL 2643538, at *5 (D. Ariz. June 29, 2010) (allowing discovery of health
5  records). As parties to this litigation, both ACDL and the Prisoner Plaintiffs are entitled
6  to discover any information that is relevant to any party's claims.

7  In addition to its direct conflict with the Federal Rules of Civil Procedure,
8  Defendants' position would undermine judicial economy. See Fed. R. Civ. P. 1. ACDL
9  and the Prisoner Plaintiffs' mental health subclass are asserting an *identical* claim against
10 Defendants. The claims of ACDL and the Prisoner Plaintiffs' isolation subclass also
11 overlap significantly. Much of the discovery relevant to ACDL's claims, therefore, also
12 will be relevant to the Prisoner Plaintiffs' claims. If discovery is conducted as Defendants
13 suggest, all Plaintiffs would submit nearly identical requests, requiring Defendants to
14 produce duplicative information to multiple parties, thus bifurcating and delaying
15 discovery. If the court were to adopt Defendants' position, one civil action would
16 essentially become two. Defendants' position also would make depositions impractical
17 because the parties could not use any confidential document as an exhibit unless all
18 Plaintiffs had specifically requested it, even though all counsel ordinarily would be
19 entitled to examine any proposed exhibit during the deposition. These discovery
20 complications are unnecessary and entirely avoidable.

21 Instead of citing authority supporting their position that discovery can be shielded
22 from another party in the same litigation and under a common Protective Order,
23 Defendants rely on inapplicable federal and state statutes relating to redisclosure.
24 Defendants argue that ACDL must comply with the disclosure provisions of 42 U.S.C.
25 § 10805, which they claim require ACDL to obtain medical releases. Specifically,
26 Defendants assert that ACDL must obtain medical releases from prisoner patients before
27 sharing records it obtains in discovery with the counsel for Prisoner Plaintiffs. Defs'
28 Resp. at 4. But the redisclosure provisions of 42 U.S.C. § 10805 are not relevant to

1  discovery requested in this litigation. ACDL has not asserted its authority in this litigation
2  to obtain "access to all records" of "any individual who is a client of the system" pursuant
3  to 42 U.S.C. § 10805(a)(4).  As such, the obligations Defendants refer to in 42 U.S.C.
4  § 10805 do not apply.  As a party in this action, suing on behalf of persons with mental
5  illness pursuant to 42 U.S.C. §10805(a)(1)(C), ACDL is entitled, like any litigant, to
6  conduct discovery relevant to any party's claim or defense pursuant to the Federal Rules
7  of Civil Procedure 26(b)(1).  As discovery has commenced, ACDL has used the discovery
8  process to make requests for information relevant to its claims pursuant to Federal Rules
9  of Civil Procedure 26, 33 and 34.

10  Defendants also list various Arizona statutes they claim preclude ACDL from
11  sharing any documents disclosed to it with Prisoner Plaintiffs, but provide no explanation
12  why these statutes are relevant to the proposed Protective Order.  For example, A.R.S.
13  § 12-2294 provides, in relevant part, "[a] health care provider shall disclose medical
14  records . . . without the patient's written authorization . . . when ordered by a court or
15  tribunal of competent jurisdiction."  Likewise, A.R.S. § 36-509 provides that health
16  "[r]ecords and information contained in records may. . . be disclosed to . . .[p]ersons
17  authorized by a court order."

18  In any event, Defendants' reliance on state law is unavailing as it ignores the fact
19  that federal law, not state law, governs questions of privilege in this case. *See Babasa v.*
20  *LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007); *Breed v. U.S. Dist. Ct. for Northern*
21  *Dist. of Cal.*, 542 F.2d 1114, 1115 (9th Cir. 1976) (State law is not controlling regarding
22  privileged information in a case pertaining to "a question of federal law."). Federal law
23  specifically allows for the disclosure of PHI in the course of litigation pursuant to a
24  protective order in situations such as these.  The Health Insurance Portability and
25  Accountability Act ("HIPAA") includes exceptions that allow PHI to be disclosed in the
26  course of litigation without a patient's consent.  It allows a health care provider to disclose
27  PHI "in the course of any judicial or administrative proceeding in response to an order of
28

1  a court or administrative tribunal." 45 C.F.R. § 164.512(e)(1)(i).[3] A qualified protective order is one that "prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and requires the return . . . or destruction of the protected health information . . . at the end of the litigation or proceeding." 45 C.F.R. § 164.512(e)(1)(v). Plaintiff Group's Proposed Protective Order meets both of these requirements, permitting disclosure of PHI of prisoner patients, without their consent, pursuant to Plaintiff Group's Proposed Protective Order.

### III. CONCLUSION.

Plaintiff Group has proposed a Protective Order that covers all the legitimate concerns of the parties in this litigation. Plaintiff Group respectfully requests that this Court enter its proposed Protective Order, and deny Defendants' Motion for Protective Order.

Dated: August 16, 2012

**ARIZONA CENTER FOR DISABILITY LAW**

By: /s/ Jennifer Alewelt
Jennifer Alewelt
Asim Varma
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

---

[3] A health care provider may disclose PHI even absent a court order if the party requesting PHI provides satisfactory assurance to the healthcare provider "that reasonable efforts have been made by such party to secure a qualified protective order." 45 C.F.R. § 164.512(e)(1)(ii)(B).

| | |
|---|---|
| 1 | **PRISON LAW OFFICE** |
| 2 | |
| 3 | By:  /s/ Donald Specter |
|   | Donald Specter (Cal. 83925)* |
|   | Alison Hardy (Cal. 135966)* |
| 4 | Sara Norman (Cal. 189536)* |
|   | Corene Kendrick (Cal. 226642)* |
| 5 | 1917 Fifth Street |
|   | Berkeley, California 94710 |
| 6 | Telephone:  (510) 280-2621 |
|   | Email:   dspecter@prisonlaw.com |
| 7 |            ahardy@prisonlaw.com |
|   |            snorman@prisonlaw.com |
| 8 |            ckendrick@prisonlaw.com |
| 9 | *Admitted *pro hac vice* |
| 10 | Daniel J. Pochoda |
|    | Kelly J. Flood |
| 11 | James Duff Lyall |
|    | **ACLU FOUNDATION OF** |
| 12 | **ARIZONA** |
|    | 3707 North 7th Street, Suite 235 |
| 13 | Phoenix, Arizona 85013 |
|    | Telephone:  (602) 650-1854 |
| 14 | Email: dpochoda@acluaz.org |
|    |          kflood@acluaz.org |
| 15 |          jlyall@acluaz.org |
| 16 | *Admitted pursuant to Ariz. Sup. Ct. R. 38(f) |
| 17 | |
| 18 | David C. Fathi (Wash. 24893)* |
|    | Amy Fettig (D.C. 484883)** |
|    | **ACLU NATIONAL PRISON** |
| 19 | **PROJECT** |
|    | 915 15th Street N.W., 7th Floor |
| 20 | Washington, D.C. 20005 |
|    | Telephone:  (202) 548-6603 |
| 21 | Email:   dfathi@npp-aclu.org |
|    |            afettig@npp-aclu.org |
| 22 | |
|    | *Admitted *pro hac vice*.  Not admitted |
| 23 |  in DC; practice limited to federal |
|    |  courts. |
| 24 | **Admitted *pro hac vice* |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

|   |   |
|---|---|
| 1 | Daniel C. Barr (Bar No. 010149) |
|   | Jill L. Ripke (Bar No. 024837) |
| 2 | James A. Ahlers (Bar No. 026660) |
|   | Kirstin T. Eidenbach (Bar No. 027341) |
| 3 | John H. Gray (Bar No. 028107) |
|   | Thomas D. Ryerson (Bar No. 028073) |
| 4 | Matthew B. du Mée (Bar No. 028468) |

**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:  dbarr@perkinscoie.com
  rjipke@perkinscoie.com
  jahlers@perkinscoie.com
  keidenbach@perkinscoie.com
  jhgray@perkinscoie.com
  tryerson@perkinscoie.com
  mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Ilham Hosseini (Cal. 256274)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:  cnmitchell@jonesday.com
  dkiernan@jonesday.com
  ihosseini@jonesday.com
  scalderon@jonesday.com
  srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone: (202) 879-3837
Email:  rsmedsker@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2012, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Assistant Arizona Attorney General
Michael.Gottfried@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

  /s/ Patricia S. Werner

78204-0001/LEGAL24440238.1