Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: jalewelt@azdisabilitylaw.org
        avarma@azdisabilitylaw.org
*Attorneys for Plaintiff Arizona Center for Disability Law*

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org
        kflood@acluaz.org
        jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
Stephen Swartz, Dustin Brislan, Sonia Rodriguez,
Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert
Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner,
Joshua Polson, and Charlotte Wells, on behalf of
themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **DECLARATION OF DONALD SPECTER** |

1    I, DONALD SPECTER, am competent to testify and hereby declare:

2    1.    I am counsel of record in the above-captioned matter and was counsel of

3    record in *Armstrong v. Wilson*, No. C–94–2307 CW (N.D. Cal. 1996) and *Clark v. State of*

4    *California*, No. C96–1486 FMS (N.D. Cal. 2010).

5    2.    Attached as Exhibit A is a true and correct copy of the protective order

6    entered in *Armstrong v. Wilson*, which is substantially similar to Plaintiff Group's

7    proposed Protective Order in this matter.

8    3.    Attached as Exhibit B is a true and correct copy of the protective order

9    entered in *Clark v. State of California*, which is substantially similar to Plaintiff Group's

10   proposed Protective Order in this matter.

11

12                                    /s/ Donald Specter_____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
              ahardy@prisonlaw.com
              snorman@prisonlaw.com
              ckendrick@prisonlaw.com

*Admitted *pro hac vice*.

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@npp-aclu.org
              afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
  in DC; practice limited to federal
  courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
              rjipke@perkinscoie.com
              jahlers@perkinscoie.com
              keidenbach@perkinscoie.com
              jhgray@perkinscoie.com
              tryerson@perkinscoie.com
              mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Ilham Hosseini (Cal. 256274)*
Sophia Calderón (Cal. 278315)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
           dkiernan@jonesday.com
           ihosseini@jonesday.com
           scalderon@jonesday.com
           srauh@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;*
*Shawn Jensen; Stephen Swartz; Dustin*
*Brislan; Sonia Rodriquez; Christina*
*Verduzco; Jackie Thomas; Jeremy Smith;*
*Robert Gamez; Maryanne Chisholm;*
*Desiree Licci; Joseph Hefner; Joshua*
*Polson; and Charlotte Wells, on behalf of*
*themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

Jennifer Alewelt
Asim Varma
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email:    jalewelt@azdisabilitylaw.org
          avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**PRISON LAW OFFICE**

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com

*Admitted *pro hac vice*

Daniel J. Pochoda
Kelly J. Flood
James Duff Lyall
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
          kflood@acluaz.org
          jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
           afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           rjipke@perkinscoie.com
           jahlers@perkinscoie.com
           keidenbach@perkinscoie.com
           jhgray@perkinscoie.com
           tryerson@perkinscoie.com
           mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Ilham Hosseini (Cal. 256274)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
           dkiernan@jonesday.com
           ihosseini@jonesday.com
           scalderon@jonesday.com
           srauh@jonesday.com

*Admitted *pro hac vice*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:    rsmedsker@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

# EXHIBIT "A"

RECEIVED

MAR 3 0 1995

ROSEN, BIEN & ASARO

FILED

MAR 2 3 1995

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN ARMSTRONG, et al.,          )    No. C-94-2307 CW
                                 )
              Plaintiffs,        )
                                 )    [PROPOSED] PROTECTIVE ORDER
        v.                       )
                                 )
PETE WILSON, et al.,             )
                                 )
              Defendants.        )
_____)

    The parties through their counsel hereby agree, and the
Court hereby orders, that the following provisions shall apply to
all records of the Department of Corrections (the "CDC") that
identify any inmate or parolee (hereinafter referred to as
"personal information") or that would threaten prison safety and
security if disclosed without protective conditions (hereinafter
referred to as "security information") and which are obtained
from the CDC in this action:

    1.  All personal or security information obtained in
this action shall be regarded as confidential and subject to this
protective order.

    2.  Personal or security information may be disclosed

1.

only to the following persons:

        a.  Counsel of record;

        b.  Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record;

        c.  Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

        d.  Any outside expert or consultant retained by the parties; and

        e.  Witnesses to whom personal or security information may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and during trial, provided that the witness may not leave the deposition with copies of any personal or security information, and shall be informed of and shall agree to be bound by the terms of this order.

        3.  Each person to whom disclosure of personal or security information is made shall, prior to the time of disclosure, be provided a copy of this order and shall agree on the record or in writing that they have read this order, understand and agree to be bound by its provisions, and consent to be subject to the jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding relating to the enforcement of this order, including, without limitation, any proceeding for contempt.  Unless such agreement is made on the record, such as in court or during a deposition, the person making the disclosure shall retain the original executed agreement until termination of this litigation,

1  or until otherwise ordered by the Court.  A copy of each such

2  agreement will be furnished to defendants' counsel upon order of

3  the Court.

4       4.  At the conclusion of this litigation, all personal

5  or security information, including copies, will be destroyed or

6  returned to the CDC as directed by defendants' counsel.

7       5.  All personal or security information shall be used

8  solely in connection with this litigation and not for any other

9  purpose, including other litigation.

10       6.  Any personal or security information filed with the

11  Court shall be filed under seal, labeled with a cover sheet

12  bearing the case name and number along with the following

13  statement:  "This document is subject to a protective order

14  issued by the Court and shall not be copied or examined except in

15  compliance with that order."  Documents so labeled shall be kept

16  by the Clerk of the Court under seal and shall be made available

17  only to the court or counsel.  Upon failure of the filing party

18  to file personal or security information under seal, any party

19  may request that the Court place the document under seal.

20       7.  The following procedures and limitations shall

21  apply with respect to central, medical, psychiatric and field

22  files:

23            a.  Central, medical, psychiatric and field files shall

24            be made available for review by plaintiffs' counsel in

25            a complete and unredacted form, except that documents

26            contained in the confidential portions of central and

27            field files shall not be disclosed or made available.

28            b.  Plaintiffs' counsel may, through defendants'

counsel or through a representative of the institution

or parole office with notice to defendants' counsel,

contact an institution or parole office and arrange

informal production of central, medical, psychiatric or

field files.  In the event the institution or parole

office cannot agree to an informal arrangement or deems

any such arrangement unworkable, plaintiffs' counsel

shall provide to defendants' counsel a list of inmates

or parolees located at a particular institution or

parole office whose files they wish to review.  The

time, date, location and manner of review will be

scheduled as soon as reasonably practical, but not

later than 30 days and will be conducted in a mutually

agreeable manner.

c.  Plaintiffs' counsel shall be permitted to copy

documents from the inmates' central, medical,

psychiatric or field files of inmates or parolees at

the time they are reviewed through a copy service

arranged by plaintiffs' counsel.

8.  The following procedures and limitations shall

apply with respect to security information:

a.  Defendants shall notify plaintiffs of documents, or

categories of documents, that contain security

information.

b.  If, in the view of the defendants, there are

documents that contain security information that should

not be disclosed under a protective order because to do

so may endanger the safety and security of an

1  institution or person (including any present or former

2  inmate or staff member), defendants may redact such

3  information prior to providing copies of the documents

4  to plaintiffs' counsel and shall notify plaintiffs'

5  counsel of the nature of the redacted information.   If,

6  in the judgment of plaintiffs' counsel, such

7  information is necessary for the conduct of this

8  litigation, the documents containing such information

9  will be expeditiously presented to the Court for an *in*

10 *camera* review to determine whether and to what extent

11 such information must be disclosed under a protective

12 order.

13 9.   Plaintiffs' counsel and their legal assistants and

14 consultants shall not make copies of personal or security

15 information except as necessary for purposes of this litigation.

16 All personal or security information shall be stored in a secure

17 location.   Plaintiffs' counsel shall maintain a record of all

18 persons to whom they have afforded access to personal or security

19 information.   Defendants may inspect the record upon order of the

20 Court.

21 10.   Defendants shall not be permitted to use any

22 security information at trial in this case which should have been

23 provided to plaintiffs in accordance with discovery requests,

24 applicable disclosure rules and Court orders.

25 11.   No person who has been afforded access to personal

26 or security information shall disclose or discuss the personal

27 information, including without limitation the identification,

28 location or health status of an inmate, to or with any person

1   except in accordance with this order.

2   　　　12.  Personal or security information respecting one

3   inmate or parolee shall not be disclosed to or discussed with any

4   other present or former inmate or parolee.

5   　　　13.  Nothing in this order is intended to prevent

6   officials or employees of the State of California or other

7   authorized government officials from having access to personal or

8   security information to which they have access in the normal

9   course of their official duties.

10   　　　14.  The provisions of this order are without prejudice

11   to the right of any party to 1) apply to the Court for a further

12   protective order relating to any personal or security information

13   or relating to discovery in this litigation; 2) to apply to the

14   Court for an order removing the personal or security information

15   designation from any documents; 3) to object to a discovery

16   request; or 4) to apply to the Court for an order compelling

17   production of documents or modification of this order or for any

18   order permitting disclosure of personal or security information

19   beyond the terms of this order.

20   　　　15.  The provisions of this order shall remain in full

21   force and effect until further order of this Court.

22

23   　　DATED:　　　__MAR 2 3 1995_____

24

25                               _____

26                               HONORABLE CLAUDIA WILKEN
                                 UNITED STATES DISTRICT JUDGE

27   PROPOSED BY:

28   _____
     COUNSEL FOR PLAINTIFFS

     [PROPOSED] PROTECTIVE ORDER                6.



COPY

1   McCUTCHEN, DOYLE, BROWN & ENERSEN, LLP
    KAREN L. KENNARD (SBN 141925)
2   MICHAEL I. BEGERT (SBN 141969)
    LAURA J. ZUCKERMAN (SBN 161896)   **RECEIVED**
3   JENNIFER L. JONAK (SBN 191323)
    STEPHANIE L. GATENS (SBN 197257)        MAY 1 8 1999
4   Three Embarcadero Center
    San Francisco, California  94111-4067      RICHARD W. WIEKING
5   Telephone:  (415) 393-2000           CLERK, U.S. DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA
                                                OAKLAND
6   ROSEN, BIEN & ASARO              PRISON LAW OFFICE
    MICHAEL W. BIEN (SBN 96892)      DONALD SPECTER (SBN 83925)
7   155 Montgomery Street            General Delivery
    San Francisco, California  94104  San Quentin, California  94964
8   Telephone:  (415) 433-6830       Telephone:  (415) 457-9144

9   STEPHEN J. PERRELLO, JR. (SBN 56288)    ALEX LANDON (SBN 50957)
    P.O. Box 880738                  2442 Fourth Avenue
10  San Diego, California  92168     San Diego, California  92101
    Telephone: (619) 277-5900        Telephone:  (619) 232-6022

11
    Attorneys for Plaintiffs-Intervenors
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15  JOHN ARMSTRONG, et al.,          No. C-94-2307 CW

16          Plaintiffs,              [PROPOSED] ORDER MODIFYING
17                                   PROTECTIVE ORDER

18      v.

19  GRAY DAVIS, et al.,

20          Defendants.

21

22                                   **RECEIVED**

23                                      MAY 2 6 1999

24
                                     ROSEN BIEN & ASARO
25

26

27
                [PROPOSED] ORDER MODIFYING PROTECTIVE ORDER
28                     (Case No. C-2-2307 CW)

AB991270.067/96900-039

1    The plaintiffs and defendants in *Valdivia v. Davis*, Case No. S-94-0671

2   LKK/GGH have stipulated, and the Honorable Gregory H. Hollows has ordered, that the

3   *Valdivia* Plaintiffs may review the information produced in the above-captioned litigation. *See*

4   Joint Stipulation And Order Regarding Information Produced in *Armstrong v. Davis*, attached as

5   Exhibit A. The *Armstrong* Plaintiffs have raised no objection to a modification of the protective

6   order entered in this case on March 23, 1995 (the "Protective Order"), and the *Armstrong*

7   Defendants have withdrawn their objection per the attached stipulation. Therefore, good cause

8   appearing, the Protective Order shall be modified to permit the *Valdivia* Plaintiffs immediately to

9   review the information produced in this action.

10         IT IS HEREBY ORDERED THAT:

11         1.    The Protective Order is hereby modified in the following manner:

12               a)    Paragraph 2 shall be modified to add the following subparagraph:

13         "f.    Individuals as described in subparts (a) through (e), above, in *Valdivia v.*

14   *Davis* (No. Civ. S-94-0671 LKK/GGH), currently pending in the United States District Court for

15   the Eastern District of California, who agree to be bound by the terms of this Order."

16               b)    Paragraph 5 shall be modified to read as follows:

17         "5.    All personal and security information shall be used solely in connection

18   with this litigation or in connection with *Valdivia v. Davis* (No. Civ. S-94-0671 LKK/GGH),

19   currently pending in the United States District Court for the Eastern District of California, and

20   not for any other purpose, including other litigation.

21   IT IS SO ORDERED.

22

23   DATED: MAY 21 1999 _____.

24

25                                          CLAUDIA WILKEN

26                                   _____

27                                        The Honorable Claudia Wilken
                                          United States District Court

28         [PROPOSED] ORDER MODIFYING PROTECTIVE ORDER
                        (Case No. C-94-2307 CW)
                                    1

# EXHIBIT "B"

1  PRISON LAW OFFICE
   DONALD SPECTER #83925
2  HEATHER MACKAY #161434
   General Delivery
3  San Quentin, CA  94964
   Telephone:  (415) 457-9144
4
   CHAVEZ & GERTLER
5  MARK A. CHAVEZ #90858
   One Market Plaza
6  Steuart Street Tower, Suite 1475
   San Francisco, CA  94105
7  Telephone:  (415) 777-5515

8  PILLSBURY MADISON & SUTRO LLP
   SHAWN HANSON  #109321
9  CAROLINE N. MITCHELL  #143124
   225 Bush Street
10 Post Office Box 7880
   San Francisco, CA 94120-7880
11 Telephone:  (415) 983-1000

12      Attorneys for Plaintiffs

13 DANIEL E. LUNGREN, Attorney General
   of the State of California
14 PETER J. SIGGINS, Senior Assistant
   Attorney General
15 JAMES M. HUMES, Supervising
   Deputy Attorney General
16 WILLIAM JENKINS #143616
   Deputy Attorney General
17 50 Fremont Street, Suite 300
   San Francisco, CA  94105-2239
18 Telephone:  (415) 356-6044

19 Attorneys for Defendants

20          UNITED STATES DISTRICT COURT

21         NORTHERN DISTRICT OF CALIFORNIA

22 _____

23 DERRICK CLARK, et al.              )    No. C96-1486 FMS
                                      )
24                    Plaintiffs,     )    STIPULATED PROTECTIVE ORDER
                                      )
25     vs.                            )
                                      )
26 STATE OF CALIFORNIA, et al.        )
                                      )
27                    Defendants.     )
   _____   )

28

12252440

                                      -1-        STIP. PROT. ORDER

RECEIVED

AUG 2 3 1996

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    IT IS ORDERED that the following provisions shall apply

2    to all Department of Corrections' ("CDC") records that

3    identify any inmate or parolee ("personal information") or

4    that is designated by defendants as threatening prison

5    safety and/or security if disclosed without protective

6    conditions ("security information"), and which are produced

7    by defendants in discovery in this litigation or in <u>Madrid</u>

8    <u>v. Gomez</u> (C90-3094 TEH), <u>Coleman v. Wilson</u> (CIV S 90-0520

9    LKK-JFM), and <u>Armstrong v. Wilson</u> (C94-2307 CW):

10       1.   All such personal or security information produced

11   by defendants in discovery in this action or in the three

12   actions listed above shall be regarded as confidential and

13   subject to this Protective Order.  Such material is

14   hereinafter referred to as "confidential material."

15       2.   The confidential material may be disclosed only to

16   the following persons:

17            a.   Counsel of record in this action;

18            b.   Paralegal, clerical and other personnel

19       regularly employed by counsel of record;

20            c.   Court personnel and stenographic reporters

21       engaged in such proceedings as are incidental to

22       preparation for trial in this action;

23            d.   Any outside expert or consultant retained by

24       the parties for purposes of this action;

25            e.   Witnesses to whom the confidential material

26       may be disclosed during a deposition taken in this

27       matter or otherwise during the preparation for trial

28       and during trial, provided that the witnesses may not

12252440

-2-          STIP. PROT. ORDER

1    leave any deposition with any copies of any of the

2    confidential material, and shall be informed of and

3    agree to be bound by the terms of this Order.

4        3.   Each person described in paragraph 2(d) and (e),

5    above, to whom disclosure of confidential material is made

6    shall, prior to the time of disclosure, be provided by the

7    person furnishing such confidential material a copy of this

8    Order, and shall agree on the record or in writing that they

9    have read the Order, understand it, and agree to be bound by

10   its provisions.  Such persons must also consent to be

11   subject to the jurisdiction of the United States District

12   Court for the Northern District of California with respect

13   to any proceeding relating to the enforcement of this Order,

14   including, without limitation, any proceeding for contempt.

15   Unless such agreement is made on the record, as in court or

16   during a deposition, the person making the disclosure shall

17   retain the original executed agreement until this litigation

18   is terminated or until otherwise ordered by the Court.   A

19   copy of such agreement shall be furnished to defendants'

20   counsel upon order of the Court.

21       4.   At the conclusion of this litigation, all

22   confidential material, including all copies, will be

23   destroyed or returned to the defendants as directed by

24   defendants' counsel.

25       5.   All confidential material shall be used solely in

26   connection with the above-captioned litigation and not for

27   any other purpose, including other litigation, without

28   agreement between the parties and order of this Court.

12252440

6.   Any confidential material filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case caption and title of the document being filed and the following statement:   "This document is subject to a Protective Order issued by the Court and shall not be copied or examined except in compliance with that Order."   Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel.   Upon failure of the filing party to file personal or security information under seal, any party may request that the Court place the document under seal.

7.   The following procedures and limitations shall apply with respect to central, medical, psychiatric and field files:

a.   Central, medical, psychiatric and field files shall be made available for review by plaintiffs' counsel in a complete and unredacted form, except that documents contained in the confidential portions of central and field files shall not be disclosed or made available.

b.   Plaintiffs' counsel may, through defendants' counsel or through a representative of the institution or parole office with notice to defendants' counsel, contact an institution or parole office and arrange informal production of central, medical, psychiatric or field files.   In the event the institution or parole office cannot agree to an informal arrangement or deems any such arrangement unworkable, plaintiffs' counsel

12252440

-4-          STIP. PROT. ORDER

1    shall provide to defendants' counsel a list of inmates
2    or parolees located at a particular institution or
3    parole office whose files they wish to review.   The
4    time, date, location and manner of review will be
5    scheduled as soon as reasonably practical, but not
6    later than 30 days and will be conducted in a mutually
7    agreeable manner.

8         c.   Plaintiffs' counsel shall be permitted to
9    copy documents from the central, medical, psychiatric
10   or field files at the time they are reviewed through a
11   copy service arranged for by plaintiffs' counsel.

12   8.   The following procedures shall apply with respect
13  to security information:

14        a.   Defendants shall notify plaintiffs of
15   documents, or categories of documents, that contain
16   security information.

17        b.   If, in view of the defendants, there are
18   documents that contain security information that should
19   not be disclosed under the Protective Order because to
20   do so might endanger the safety and security of an
21   institution or person (including any present or former
22   inmate or staff member), defendants may redact such
23   information prior to providing copies of the documents
24   to plaintiffs' counsel and shall notify plaintiffs'
25   counsel of the nature of the redacted information.   If
26   in the judgment of plaintiffs' counsel, such
27   information is necessary for the conduct of this
28   litigation, the documents containing such information

12252440

1   will be presented expeditiously to the Court for an _in_

2   _camera_ review to determine whether and to what extent

3   such information must be disclosed under this

4   Protective Order.

5      9.   Plaintiffs' counsel, and their staff, experts and

6   consultants shall not make copies of confidential material

7   except as necessary for purposes of this litigation.

8   Plaintiffs' counsel shall maintain a record of all persons

9   to whom they have afforded access to confidential material.

10  Defendants may inspect the record upon order of the court.

11  All confidential material shall be stored in a secure

12  location.

13     10.  Defendants shall not be permitted to use any

14  information withheld from plaintiffs that should have been

15  provided to plaintiffs in accordance with discovery

16  requests, applicable disclosure rules, and Court orders.

17     11.  No person who has been afforded access to

18  confidential material shall disclose or discuss the

19  material, including without limitation the identification,

20  location or health status of an inmate, to or with any

21  person except in connection with their work on the above-

22  captioned litigation.

23     12.  Confidential material regarding one inmate or

24  parolee shall not be disclosed to or discussed with any

25  other present or former inmate or parolee.

26     13.  Nothing in this Order is intended to prevent

27  officials or employees of the State of California or other

28  authorized government officials from having access to

12252440

1  personal or security information to which they have access

2  in the normal course of their official duties.

3      14.   The provisions of this Order are without prejudice

4  to the right of any party to (1) apply to the Court for a

5  further protective order relating to any confidential

6  material or discovery in this litigation; (2) to apply to

7  the Court for an order removing the confidential material

8  designation from any documents; (3) to object to a discovery

9  request; or (4) to apply to the Court for an order

10  compelling production of documents or modifications of this

11  Order or for any order permitting disclosure of confidential

12  material beyond the terms of this Order.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12252440

STIP. PROT. ORDER

1   15. The provisions of this Order shall remain in full

2 force and effect until this Court orders otherwise.

3

4 AGREED TO BY THE PARTIES:

5

6 Aug. 2C, 1996           
                William Jenkins

7                Deputy Attorney General
                Counsel for Defendants

8

9 Aug. 22, 1996

10              Donald Specter
               Counsel for Plaintiffs

11

12 IT IS SO ORDERED.

13

14 Date: _____   _____

               Honorable Fern M. Smith

15              United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

12252440