Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-NVW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO EXCEED PAGE LIMIT RE: REPLY IN SUPPORT OF MOTION TO DISMISS** |

Plaintiffs' Opposition to Defendants' Motion to Exceed Page Limit has nothing to do with an objection to the 4 ¾ page extension that Defendants requested. By any measure of professionalism, that would be an unreasonable position to take.[1] Defendants' Motion should be granted. Plaintiffs' Opposition is really an unauthorized (albeit disguised) motion to strike arguments in Defendants' Reply in Support of Motion to Dismiss, *see* LRCiv 7.2(m), which hypocritically makes improper substantive arguments itself. Nonetheless, since Plaintiffs have improperly raised the issue now, Defendants will refute it.

**Prisoner Plaintiffs' Contention**. The Prisoner Plaintiffs ("Plaintiffs") contend that Defendants' discussion in their Reply regarding the Tolling Agreement is a "new" argument that should not be considered because they were aware of the Agreement before they filed their Motion to Dismiss and chose not to raise it at that time. But Defendants did not "raise" that issue because (1) it was not a basis for *dismissing* the Complaint, and (2) for the reasons stated in the Reply, it did not preclude Defendants from raising an exhaustion defense. In other words, in Defendants' estimation, there was no reason to discuss it. And Defendants are not prescient. They cannot predict every conceivable argument Plaintiffs plan to make, nor are they responsible for teeing up counter-arguments to defeat their own Motion. Defendants raised exhaustion as a ground for dismissal. Plaintiffs responded with their argument that the Tolling Agreement precluded Defendants from raising an exhaustion defense. Defendants appropriately replied to Plaintiffs' Tolling Agreement argument in their Reply. Those arguments are not "new" arguments; they are counter-arguments to those raised by Plaintiffs in their Response.

---

[1] The Local Rules allow 17 pages for motions and 11 pages for replies. LRCiv 7.2(e). Defendants' Motion was 12 ½ pages (Dkt. # 50) and their Reply was 15 ¾ pages (Dkt. # 87), for a total of 28 ¼ pages. Collectively, this is only ¼ page more than what the Local Rules allow for (28 pages combined). Plaintiffs complain that there are 20 pages of exhibits, but the page limitation is "exclusive of attachments." LRCiv 7.2(e)(2). Plaintiffs' Opposition has *nothing* to do with the page limit.

1    Plaintiffs' contention that they have been "sandbagged" is nonsense. *They*
2 are the ones who raised this issue in response to Defendants' Motion to Dismiss. Under
3 the Local Rules of Civil Procedure, the moving party is allowed to file a reply; they get
4 the last word. *See* LRCiv 7.2(a)–(d). This is not a loop hole. It is basic motion practice.
5 Apparently, Plaintiffs believed Defendants would simply concede the Tolling Agreement
6 argument in their Reply. That the party whom they have sued (Defendants) has taken a
7 contrary position should not be surprising, and it is certainly not grounds to allow
8 Plaintiffs a second bite at the apple in a sur-reply.[2] Plaintiffs could have filed a
9 dispositive motion (in which case they would have had the last word) but they chose not
10 to.[3] That was a strategic blunder on their part. Now, if they want to provide additional
11 legal arguments, they can do it at oral argument on the Motion to Dismiss.

12    Plaintiffs also cannot complain about the Exhibits attached in support of the
13 Reply. Despite raising the Tolling Agreement argument in their Response, Plaintiffs did
14 not provide this Court with all of the facts. They barely provided anything (only the
15 Tolling Agreement, their October 12, 2011 Letter and Karyn Klausner's October 31, 2011
16 Letter). (Dkt. # 74–1.) Defendants' Exhibits simply completed the picture, and included
17 additional correspondence regarding the Tolling Agreement. (Dkt. # 87–1.) Defendants
18 would not have had to attach anything had Plaintiffs provided these in the first instance.[4]
19 Nonetheless, Defendants do not object if this Court believes that allowing Plaintiffs a
20 chance to respond to the additional *evidence*, i.e., Exhibit 1 and Attachments 1-3, would
21 be helpful to resolving the Tolling Agreement issue. *See Provenz v. Miller*, 102 F.3d

---

[2] The morning after Defendants filed their Motion to Dismiss, at the July 20, 2012 Scheduling Conference, Plaintiffs informed the Court that it would be raising the Tolling Agreement in response to the Motion. Defendants' counsel informed the Court *and* Plaintiffs' counsel that the exhaustion waiver only applied during the tolling period. Thus, Plaintiffs were aware of Defendants position as of that time.

[3] Defendants raised exhaustion as an affirmative defense in their Answer. If Plaintiffs believed that the Tolling Agreement waived that defense, they could have moved to dismiss it.

[4] Plaintiffs' counsel obviously did not attach this additional correspondence because it exposes just how much of a sham the Tolling Agreement really was.

1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond."). But, for the reasons listed above, Plaintiffs should not be permitted to provide additional *legal arguments* with respect to that *or* any other issue.[5]

**ACDL's Contention**. The ACDL contends that the Reply includes "brand new arguments" that should be waived. In the ¾ of a page devoted to the ACDL Section of the Reply, Defendants argued that: (1) the ACDL does not have standing because the Complaint does not sufficiently allege that the ADC inmates they represent are "individuals with mental illness," as that term is defined under the PAIMI; and (2) the ACDL did not exhaust their administrative remedies under the PAIMI. (Dkt. # 87.) Initially, Defendants withdraw the latter argument (the ACDL's failure to exhaust under the PAIMI) from their Reply and any suggestion in their Motion.

With respect to the first argument (standing), Defendants further concede that this argument was not specifically raised in their Motion. However, it is one that should not be overlooked or considered waived. "[A] district court has the discretion to consider an argument first raised in a reply brief." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008); *see also Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001) ("The district court had discretion to consider the § 47(c) issue even if it was raised in a reply [in support of motion for summary judgment]."). This is particularly so if the new argument "goes to the initial viability of the claim." *Anderson v. Bank of Am.*, 2010 WL 3185777, at *2 n.2 (S.D. Cal. 2010). Standing is one of those issues that cannot be waived. A district court has "both the power and the duty to raise the adequacy

---

[5] Plaintiffs do not argue that the Reply contains any other "new" arguments or evidence. Defendants further note that Plaintiffs conceded in their Response that they did not properly exhaust their administrative remedies and provided no evidence or argument for their bald assertion that administrative remedies were not "available." Just as any sur-reply should not be used to provide additional legal arguments on the Tolling Agreement issue, it should not be used to back door legal arguments or evidence in support of their exhaustion, mootness, and stay counter-arguments.

1  of" a plaintiff's standing *sua sponte*. *Bernhardt v. County of Los Angeles*, 279 F.3d 862,
2  868 (9th Cir. 2002); *see also B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th
3  Cir. 1999) ("[F]ederal courts are required sua sponte to examine jurisdictional issues such
4  as standing.").

Whether the ACDL has standing to proceed is a straightforward issue and one that requires only a cursory review of the Complaint. Defendants do not believe that additional argument is necessary, but do not object to allowing the ACDL to file a sur-reply on this very narrow issue if the Court believes it will be helpful to resolving the standing issue.

## **CONCLUSION**

For these reasons, Defendants' Motion to Exceed Page Limit should be granted. If this Court allows either the Prisoner Plaintiffs or the ACDL to file any type of sur-reply, Defendants request leave to file a Supplemental Reply. They should have the last word.

DATED this 20th day of August, 2012

STRUCK WIENEKE, & LOVE, P.L.C.


By /s/ Nicholas D. Acedo
    Daniel P. Struck
    Kathleen L. Wieneke
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    STRUCK WIENEKE, & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Assistant Attorney General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August20, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Ilham A. Hosseini: | ihosseini@jonesday.com; areyes@jonesday.com |
| James Anthony Ahlers: | jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org |
| Jill Louise Ripke: | jripke@perkinscoie.com; jgable@perkinscoie.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |

| | |
|---|---|
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org |
| Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| R Scott Medsker: | rsmedsker@JonesDay.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Nicholas D. Acedo

2680118.1