# EXHIBIT B

Daniel J. Pochoda (SBA 021979)
Kelly Flood (SBA 019772)
James Duff Lyall (SBA 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 N. 7th Street, Suite 235
Phoenix, AZ  85013
Telephone: (602) 650-1854
dpochoda@acluaz.org
kflood@acluaz.org
jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
*Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
*Christina Verduzco, Jackie Thomas, Jeremy Smith,*
*Robert Gamez, Maryanne Chisholm, Desiree Licci,*
*Joseph Hefner, Joshua Polson, and Charlotte Wells,*
*on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Jennifer Alewelt (SBA 027366)
Ruth Szanto (SBA 029073)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington St. Suite 202
Phoenix, AZ  85034
Telephone (602) 274-6287
jalewelt@azdisabilitylaw.org
rszanto@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
| Plaintiffs, | **[PROPOSED]** |
| v. | **PROTECTIVE ORDER** |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

Upon Motion and pursuant to the stipulation of the parties, and based on its independent review, the Court hereby orders that to preserve the confidentiality of certain documents, testimony, and information produced in this litigation, the following provisions shall apply:

1. All protected health information and security information produced in discovery in this action shall be regarded as confidential information and subject to this Protective Order.  For the purpose of this Protective Order, the term "confidential information" shall refer to documents, or portions thereof, discovery responses, testimony, and copies, notes, extracts, written summaries or written descriptions of such material. "Protected health information" (hereinafter "PHI") is defined by the Health Insurance Portability and Accountability Act, 45 CFR §160.103 and includes information covered by A.R.S. 12-2294.  The term "security information" refers to all documents that would threaten the safety and security of a person or institution if disclosed without protective conditions, which shall be identified pursuant to Paragraph 14.

2. The term "litigation" shall mean this action, any appeals of this action, and any action related to the enforcement or monitoring of any injunction or other relief obtained in this litigation.

3. Any party or third party may designate material as confidential information.  The designation of material as confidential shall be made by placing or fixing on the first page of the material, in a manner that will not interfere with the material's legibility, the words "Confidential Information – Subject to Protective Order."

4. Any confidential information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement:  "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order."  Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel.  Upon failure of the filing party to file

confidential information under seal, any party may request that the Court place the document under seal.  The procedures of Local Rule 5.6 shall be followed.

5. Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action.  Confidential information respecting one prisoner or parolee shall not be disclosed to or discussed with any other present or former prisoner or parolee.[1]  All confidential information shall be stored in a secure location.  Access to confidential information shall be limited to those persons designated as "qualified persons" in paragraph 6 below.

6. Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):

   a. Counsel of record for the parties, and employees and agents of such counsel[2] who are assisting such counsel in the preparation or trial of this action;

   b. The Court and court personnel;

   c. Stenographic and videographic reporters engaged in such proceedings;

   d. All experts and consultants retained by the parties;

   e. Witnesses to whom confidential information may be disclosed during a deposition taken in the matter or otherwise during the preparation for trial. Such witnesses may not leave the deposition with copies of any confidential information unless it is their own confidential information;[3]

   f. When an inmate consents to the disclosure of his confidential information, Plaintiffs' counsel can do so in accordance with that consent;[4]

---

[1] Dispute 1
[2] Dispute 3
[3] Dispute 1
[4] Dispute 2

2

g.  Any person who had pre-litigation access to information now deemed Confidential pursuant to the Protective Order shall not be prohibited from viewing, reading, accessing or discussing that information as a result of the Protective Order;[5]

h.  Any person expressly named and agreed to in writing by Counsel for the parties;[6]

7.  Before being given access to confidential information received from an opposing party or a third party, each qualified person listed in Paragraph 6 (other than counsel of record, the Court, and Court personnel) shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree on the record in deposition or in open Court or in writing to be bound by the Agreement by signing a document substantially similar to Exhibit A hereto.  Unless such an agreement is made on the record, the person making the disclosure shall retain the original executed agreement until termination of this litigation, or until otherwise ordered by the Court.  Counsel of record shall maintain a list of all qualified persons to whom they or their client have provided any confidential information, and that list shall be available for inspection by the Court and opposing Counsel by order of the Court.

8.  Except to the extent otherwise permitted by this Protective Order, every qualified person provided copies of or access to confidential information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of such material as confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such confidential information, except as permitted by this Order.  That Counsel of record shall, upon request by opposing Counsel or the Court, provide written

---

[5] Dispute 4

[6] Dispute 1

3

confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of Counsel's knowledge, been returned as required.

9. If any Counsel of record distributes copies of material containing confidential information to one or more qualified persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that Counsel of record at the completion of a qualified person's consultation or representation in this case. That Counsel of record shall, upon request by opposing Counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of Counsel's knowledge, been returned as required.  For court filings and work product, this Protective Order will continue to govern such material.

10. After the termination of this litigation by entry of a final judgment or order of dismissal, and any appeal, the provisions of this Protective Order shall continue to be binding. The terms of this Order constitute and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by Rules of Professional Conduct in this jurisdiction).  The terms of this Protective Order may be enforced by specific performance in any court of competent jurisdiction.  Within 90 calendar days of the final conclusion of this litigation (including all time for appeals, or the expiration or dissolution by the Court of any consent decree, order or judgment, whichever is later), each party shall destroy all documents or parts thereof designated as confidential information, and all copies thereof in its possession, including documents in the possession of all persons hired or retained by plaintiff to assist in connection with this litigation.  This Paragraph does not require the destruction of any court filings or any work product, even if such documents include confidential information.  That Counsel of record shall, upon request by opposing Counsel or the Court, provide written confirmation that all

4

1    materials containing confidential information, and all copies, notes, extracts,

2    summaries, or descriptions of any such material have, to the best of Counsel's

3    knowledge, been destroyed as required.

4   11. Nothing in this order is intended to prevent Defendants or their employees or agents

5    from having access to confidential information to which they have access in the

6    normal course of their official duties.  Nothing in this order shall limit any party's

7    right to disclose to any person, or use for any purpose, its own information and

8    documents.[7]  The designation of documents provided by the Defendants as

9    confidential information shall not be construed to restrict the right of Defendants to

10    utilize such information in the ordinary course of operation of the correctional

11    institutions of the State, and in the provision of care and custody to prisoners

12    confined in such institutions.

13   12. If a party inadvertently produces confidential information without the required label,

14    the producing party shall inform the receiving party in writing and shall identify the

15    specific material at issue immediately upon discovering the inadvertent omission.

16    Likewise, if a receiving party contends that confidential information was produced

17    without the required label, the receiving party shall inform the producing party in

18    writing and the specific material at issue upon discovering the failure to label the

19    information.  Upon receipt of notice, all parties shall treat the material identified in

20    the notice as confidential unless and until the designating party withdraws the

21    designation or unless this Court enters an order stating that the document shall not be

22    treated as confidential information.

23   13. If a receiving party contends that any document has been erroneously or improperly

24    designated confidential, it shall treat the document as confidential unless and until

25    the designating party withdraws the designation or unless this Court enters an order

26    stating that the document shall not be treated as confidential information.

27

28    _____
   [7] Dispute 1

14. The following procedures and limitations shall apply with respect to security information:

   a.  Defendants shall notify Counsel for Plaintiffs of documents, or categories of documents, that contain security information which Defendants have declined to produce or have redacted.

   b.  If, in the view of the Defendants, there are documents that contain security information that should not be disclosed under a protective order because to do so may endanger the safety and security of an institution or person (including any present or former prisoner or staff member), Defendants may redact such information prior to providing copies of the documents to Plaintiffs' counsel, and shall notify Plaintiffs' counsel of the nature of the redacted information.

   c.  If, in the judgment of Plaintiffs' counsel, any redacted material or any material which Defendants declined to produce is necessary for the conduct of this litigation, the documents containing such information will be expeditiously presented to the Court for an *in camera* review to determine whether and to what extent such information must be disclosed under a protective order.

   d.  Defendants shall not be permitted to use any security information at trial in this case which should have been provided to Counsel for Plaintiffs in accordance with discovery requests, applicable disclosure rules, and Court orders.

15. Defendants shall not to retaliate against inmates for their participation in this litigation.

16. Defendants shall produce to Plaintiffs' counsel inmates' master files, where relevant, and all parties agree to comply with A.R.S. § 31-221, unless a court orders otherwise.[8]

17. This Protective Order shall be binding on the parties, any third parties that agree to be bound by this Protective Order, attorneys of any party or third party to this

---

[8] Dispute 5

78204-0001/LEGAL24591699.3

Protective Order, and the parties', third parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, and other persons or organizations over whom or which the parties have control.

18. Nothing in this Protective Order waives any objection related to any material.

19. The provisions of this order are without prejudice to the right of any party: a) to apply to the Court for a modification of this order or further protective orders relating to discovery in this litigation; b) to apply to the Court for an order removing the confidential information designation from any document; c) to object to a discovery request; or d) to apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

20. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney client privilege or other applicable privilege, the work product doctrine, relevance, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

21. This order does not govern trial or other legal proceedings. The parties shall address the court at a later date on appropriate procedures for trial and other legal proceedings.

22. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED: _____                    _____
                                       THE HONORABLE NEIL V. WAKE
                                       United States District Court

78204-0001/LEGAL24591699.3

APPROVED AS TO FORM:

**STRUCK WIENEKE, & LOVE, P.L.C.**   **ACLU FOUNDATION OF ARIZONA**

By:_____      By:_____
     Daniel P. Strunk                  Daniel J. Pochoda
     Kathleen L. Wieneke               Kelly J. Flood
     Timothy J. Bojanowski             James Duff Lyall
     Nicholas D. Acedo
     Courtney R. Cloman
     Ashlee B. Fletcher
     Anne Orcutt
     3100 West Ray Road, Suite 300
     Chandler, Arizona 85226

Arizona Attorney General Thomas C. Home
Office of the Attorney General
     Michael E. Gottfried
     Assistant Attorney General
     1275 W. Washington Street
     Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

**ARIZONA CENTER FOR**              Donald Specter (Cal. 83925)*
**DISABILITY LAW**                  Alison Hardy (Cal. 135966)*
                                    Sara Norman (Cal. 189536)*
                                    Corene Kendrick (Cal. 226642)*
By:_____      **PRISON LAW OFFICE**
     Jennifer Alewelt                 1917 Fifth Street
     Asim Varma                       Berkeley, California 94710
     5025 East Washington Street, Suite   Telephone:  (510) 280-2621
     202                              Email:    dspecter@prisonlaw.com
     Phoenix, Arizona 85034                     ahardy@prisonlaw.com
     Telephone:  (602) 274-6287                 snorman@prisonlaw.com
     Email:                                     ckendrick@prisonlaw.com
          jalewelt@azdisabilitylaw.org
               avarma@azdisabilitylaw.org   *Admitted *pro hac vice*

*Attorneys for Plaintiff Arizona Center for Disability Law*

8

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:    dfathi@npp-aclu.org
          afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*
Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:    dbarr@perkinscoie.com
          rjipke@perkinscoie.com
          jahlers@perkinscoie.com
          keidenbach@perkinscoie.com
          jhgray@perkinscoie.com
          tryerson@perkinscoie.com
          mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:    cnmitchell@jonesday.com
          dkiernan@jonesday.com
          scalderon@jonesday.com
          srauh@jonesday.com

*Admitted *pro hac vice*

9

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:    rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

10

**EXHIBIT A**

I, _____, have read the Protective Order in *Parsons v. Ryan,* Docket No. CV 12-00601-PHX-NVW (MEA).  I understand and agree to be bound by and abide by its terms.  I agree that all information provided to me in this matter is to be treated as confidential, and all copies of any kind, whether paper, electronic, or in other media, are to be provided to Plaintiffs' counsel immediately upon completion of any work performed by me.  I further consent to be subject to the jurisdiction of the United States District Court for the District of Arizona for the purposes of any proceeding relating to the enforcement of this Order, including, without limitation, any proceeding for contempt.

Date:                                                    _____
                                                          Signature


                                                          _____
                                                          Printed Name

11

78204-0001/LEGAL24591699.3