# EXHIBIT C

## Parsons v. Ryan, et al: Joint Statement of Dispute regarding Provisions of the Draft Protective Order

The following document summarizes the provisions of the proposed protective order that remain in dispute. The disputed language is italicized. These summaries are meant to be brief descriptions of the dispute and the parties' positions. All parties are willing to provide further briefing on any issue.

## Dispute 1

Issue in dispute: Whether inmates and their families can be shown another inmate's confidential information when that information contains facts relevant to Plaintiffs' case.

Plaintiffs' Position: Plaintiffs assert that inmate plaintiffs, putative class members or deponents and their family members may, when appropriate and relevant, be shown confidential information regarding another inmate.[1] Without this ability, Plaintiffs' counsel cannot adequately represent their clients. There may be percipient documents that Plaintiffs' counsel needs to show a witness to determine if the documents are consistent with a witness' recollection, and Plaintiffs' counsel's ability to use evidence should not be dependent on whether the witness is or has been in Defendants' custody. Under the rules of discovery, Plaintiffs' counsel would be permitted to use any document produced during discovery as they see fit. Examples of circumstances that might warrant the type of disclosure discussed above include:

- If an inmate receives or dies from inadequate medical care, and the only witness to this event is another inmate, Plaintiffs' counsel may need to share documents relating to that event with the observing inmate in order to fully explore and memorialize the details of the event.
- If there is a dispute about what a guard said during a relevant event, Plaintiffs' counsel may need to show inmate witnesses differing accounts of what the guard said in order to fully explore those witnesses' memories of the incident. Some of those accounts may be contained in inmate medical records, or may be deemed by Defendants to be Confidential.
- If an inmate wrote a report about an incident that happened to another inmate, and that document was added to the victim inmate's medical record, Plaintiffs' counsel should be able to show the drafting inmate the report he or she authored.

Plaintiffs' Proposed Language:

Defendants raised specific objections to general language contained in Plaintiffs' Protective Order that they argue could be interpreted to permit the type of disclosures addressed above. Defendants objected to and Plaintiffs' position affects paragraphs 5, 6(e), 6(h) and 11 in the Protective Order. Based on Plaintiff's position, Plaintiffs propose that these paragraphs read as follows:

---

[1] Plaintiffs' counsel is no in way trying to create security risks. To the extent that there is information about informants, gang affiliations, or the like, Plaintiffs' counsel is not asking for the right to, and does not plan to, disclose this type of information to other inmates.

LEGAL24584453.3

Paragraph 5:  Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action.  *Confidential information respecting one prisoner or parolee shall not be disclosed to or discussed with any other present or former prisoner or parolee except where necessary and relevant.*  All confidential information shall be stored in a secure location.  Access to confidential information shall be limited to those persons designated as "qualified persons" in paragraph 6 below.

Paragraph 6: Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"): . . .
      (e):  *Witnesses to whom confidential information may be disclosed during a deposition taken in the matter or otherwise during the preparation for trial. Such witnesses may not leave the deposition with copies of any confidential information unless it is their own confidential information*;  . . .
      (h):  *Any person expressly named and agreed to in writing by Counsel for the parties.*

Paragraph 11:  Nothing in this order is intended to prevent Defendants or their employees or agents from having access to confidential information to which they have access in the normal course of their official duties.  *Nothing in this order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.*    The designation of documents provided by the Defendants as confidential information shall not be construed to restrict the right of Defendants to utilize such information in the ordinary course of operation of the correctional institutions of the State, and in the provision of care and custody to prisoners confined in such institutions.

Defendants' Position: Defendants assert that inmates, including Plaintiffs, putative class members, and other inmate witnesses, may not be shown confidential information regarding another inmate.  A.R.S. § 31-221 does not permit an inmate to view any records of another inmate at any time.  Other individuals, such as an inmate's family, may view information regarding another inmate only to the extent that information would be provided pursuant to a public records request.

Plaintiffs' concerns as raised in their hypothetical scenarios may be addressed through inquiring of a witness as to that witness's recollection of an event.  In Plaintiffs' first hypothetical, an inmate who witnesses the death of another inmate may be asked during deposition or at trial to describe what occurred.  In exploring the details of the event leading to the inmate's death, there is no legitimate reason for Plaintiffs to show the inmate witness the medical records or institutional file of the deceased inmate.  In Plaintiffs' second and third hypotheticals, any questioning about the contents of an inmate's master record file can be done without reference to and without showing the actual master record file to the inmate.

Defendants' Proposed Language:

Confidential information regarding the 14 named Plaintiffs may be produced to all counsel of record for the parties, and their support staff, including paralegals, legal interns and legal assistants.

Confidential information will not be disclosed to any current or former inmates, including Plaintiffs.  The only exception to this limitation is that Confidential Information may be shown to and reviewed by an inmate who is a Plaintiff in this matter if:

     a.     The Confidential Information is material contained in the respective Plaintiff's medical records and is written by the respective Plaintiff, or written by a non-inmate and does not contain any written or verbal statements made by or concerning any other inmate; or

     b.     The inmate Plaintiff is originator of the Confidential Information (i.e., a written statement by that inmate).

Where this exception applies, the Confidential Information may be discussed with and/or shown to inmate Plaintiff, but Counsel must retain the original Confidential Information and no copies or written summaries may be provided to the inmate Plaintiff.

In creating this limitation, it is the intent of the parties to protect the safety and security of all inmates by prohibiting dissemination of inmate or informant information to other inmates, including other Plaintiffs, and in circumstances where Plaintiffs to this action include verified members of different and opposing security threat groups.

## Dispute 2

<u>Issue in dispute</u>:  Whether when an inmate consents to the disclosure of his or her confidential information, Plaintiffs' counsel can act in accordance with that consent.

<u>Plaintiffs' Position</u>:  Plaintiffs contend that where an inmate consents to his/her confidential information being shared with another inmate, Plaintiffs' counsel can do so.

<u>Plaintiffs' Proposed Language</u>:

Paragraph 6: Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"): . . .
     (f):  *When an inmate consents to the disclosure of his confidential information, Plaintiffs' counsel can do so in accordance with that consent.*

<u>Defendants' Position</u>:  An inmate's consent to share his or her information with another inmate does not relieve Defendants and Plaintiffs from complying with A.R.S. § 31-221, which does not permit an inmate to view the records of another inmate at any time.  An inmate may consent to share his or her confidential information with non-inmate individuals, such testifying or consulting experts.

<u>Defendants' Proposed Language</u>:

Paragraph 6: Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"): . . .
     (f):  *With an inmate's consent, Plaintiffs' counsel may disclose the inmate's confidential information to non-inmates.  However, Plaintiffs' counsel may not disclose any portion of an inmate's records or confidential information to any other inmate.*

## Dispute 3

<u>Issue in dispute</u>:  Whether counsel for Prisoner Plaintiffs have the right to see and have access to all discovery produced by Defendants to the Arizona Center for Disability Law ("ACDL") pursuant to ACDL's discovery requests.

<u>Plaintiffs' Position</u>:  The ACDL has requested documents pursuant to the Federal Rules of Civil Procedure as a party to the litigation, and not under the authority granted to it by 42 U.S.C. § 10805(a)(4) to request records.  Given that ACDL propounded discovery as a party, all parties to the action should receive all the discovery Defendants produce in response.  Were the court to bifurcate discovery in this way, the practical consequences would have severe consequences on the economy and consistency of this case.  Plaintiffs maintain that all counsel of record should be included in the definition of "qualified persons."  This position would affect paragraph 6(a).

<u>Plaintiffs' Proposed Language</u>:

Paragraph 6:  Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):
	*(a):  Counsel of record for the parties, and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;*

<u>Defendants' Position</u>:  The ACDL sued pursuant to the authority granted to it by 42 U.S.C. § 10801 *et seq*. ("PAMII").  PAMII requires ACDL to maintain the confidentiality of any records it obtains to the same extent as the provider of the records.  ACDL's assertion that because it did not expressly exert its authority under the statute in requesting documents, ACDL is not bound by the constraints of PAMII and may share any records it obtains with any other party, carves out an exception to PAMII that is unsupported by the statutory text.  ACDL has not cited any other authority, nor are Defendants aware of any, for the proposition that a protection and advocacy system such as ACDL may choose to ignore provisions of PAMII during litigation brought pursuant to its authority.

<u>Defendants' Proposed Language</u>:

Mental Health records pertaining to any unnamed plaintiffs shall be disclosed only to Plaintiff Arizona Center for Disability Law absent the appropriate medical records release provided by the patient.  Once a release is obtained and provided, Defendants and Plaintiff Arizona Center for Disability Law may provide the Mental Health Records along with the applicable release to counsel of record for the parties, and their support staff, including paralegals, legal interns, and legal assistants, and to testifying or consulting experts.  Those individuals will be governed by the requirements consistent with this Protective Order.

## Dispute 4

<u>Issue in dispute</u>:  Whether parties or non-qualified persons who had pre-litigation access to information covered by the protective order should now be denied access to that information pursuant to the Protective Order.

Plaintiffs' Position:  Where parties had pre-litigation access to information that falls within the ambit of the Protective Order, Plaintiffs assert that those parties should not now be denied access to that information because it is covered under the Protective Order.  Because these individuals have already seen and processed the protected information, the Protective Order no longer serves its purpose.  This position would affect Paragraph 6(g).

Plaintiffs Proposed Language:

Paragraph 6: Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"): . . .
        (g): *Any person who had pre-litigation access to information now deemed Confidential pursuant to the Protective Order shall not be prohibited from viewing, reading, accessing or discussing that information as a result of the Protective Order.*

Defendants' Position:  Parties who had pre-litigation access to information that falls within the ambit of the Protective Order should not be permitted to further use, disseminate, or disclose that information.  While these individuals have already seen the protected information, permitting them to make further use of the information would frustrate the purpose of the Protective Order.

Defendants' Proposed Language:

Paragraph 6: Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"): . . .
        (g): *Any person who had pre-litigation access to information now deemed Confidential pursuant to the Protective Order shall be bound by the terms and conditions of this Protective Order.*

## Dispute 5

Issue in dispute:  What access Plaintiffs' counsel will have to inmates' master files and what reference can be made to those files to inmates.

Plaintiffs' position:  Plaintiffs agree to comply with A.R.S. § 31-221 subject to a court order otherwise.

Paragraph 16: Defendants agree to produce inmates' master files, where relevant, and both parties agree to comply with A.R.S.  § 31-221, unless a court orders otherwise.

Defendants' Position:  Defendants will produce inmates' master record files only to the extent permitted by A.R.S. § 31-221 and may not disclose any records or portions of records that would reveal the identity of a confidential informant, endanger the life or safety of a person, or jeopardize an ongoing criminal investigation. Plaintiffs' counsel are likewise required to comply with the provisions and intent behind A.R.S. § 31-221 regarding the individuals permitted to obtain and/or view particular items in an inmate's master file.

Defendants' Proposed Language:

Paragraph 16: Defendants agree to produce inmates' master record files to Plaintiffs' counsel, where relevant, to the extent permitted by A.R.S. § 31-221(C). In accordance with A.R.S. § 31-221(E), neither Defendants nor Plaintiffs may permit an inmate to view or possess any portion of *any* inmate's master record file. An inmate may view, but not possess, a copy of the inmate's own automated summary record file as permitted by A.R.S. § 31-221(E) – (G), commonly referred to as a Public AIMS Report.

## **Dispute 6**

Issue in dispute: Whether a party producing confidential information that belongs to another party or third party is obligated to mark the material consistent with this Protective Order.

Plaintiffs' position: Plaintiffs believe this obligation itself, and certainly the practical application of Defendants' proposed language, is onerous and overly burdensome on the parties.

Plaintiffs' Proposed Language: Plaintiffs request that language imposing this obligation on the parties not be included in the Protective Order.

Defendants' Position: Any party producing confidential information, regardless of the source of the information, should mark the material as confidential consistent with the Protective Order.

Defendants' Proposed Language:

A party producing confidential information that belongs to another party or third party is obligated to mark the material consistent with this Protective Order.