# EXHIBIT
# 1

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Arizona

| | |
|---|---|
| Victor Parsons, et. al., | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   CV 12-00601-PHX-NVW (MEA) |
| Charles Ryan, et al., | ) |
| | )    (If the action is pending in another district, state where: |
| *Defendant* | )                             ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Tracy Crews, M.D.,
      c/o Arizona State Hospital, 501 N. 24th Street (Guard Gate), Phoenix, Arizona 85008

   ☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Perkins Coie LLP, 2901 North Central Avenue, Suite 2000, Phoenix, Arizona 85012 | Date and Time: <br> 10/03/2012 1:00 pm |
|---|---|

      The deposition will be recorded by this method:   stenographic and real time transcription

   ☑ *Production:*  You, or your representatives, must also produce at the time, date and place set forth below, the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A attached hereto for documents requested by Monday, October 1, 2012, at 9:00 a.m. at the offices of Perkins Coie LLP, 2901 North Central Avenue, Suite 2000, Phoenix, Arizona 85012

      The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/27/2012

          *CLERK OF COURT*
                                       OR     *[signature]*

              *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Victor Parsons and the other named prisoner plaintiffs and Arizona Center for Disability Law    , who issues or requests this subpoena, are:
Kirstin T. Eidenbach, Perkins Coie LLP, 2901 North Central Avenue, Phoenix, AZ 85012, 602-351-8000; Jennifer Alewelt, Arizona Center for Disability Law, 5025 East Washington Street, Suite 202, Phoenix, AZ 85034, 602-274-6287

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  CV 12-00601-PHX-NVW (MEA)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Tracy Crews, M.D. _____

was received by me on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1          **ATTACHMENT A**

2    **TO:   Tracy Crews, M.D.**
           **Arizona Department of Health Services**
3          **150 North 18th Avenue**
           **Phoenix, AZ 85007**
4

5          PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

6    Procedure, Plaintiffs command Tracy Crews, M.D. to appear and testify at deposition in

7    this civil action at 1:00 p.m. on October 3, 2012, at the law offices of Perkins Coie LLP,

8    2901 N. Central Avenue, Suite 2000, Phoenix, Arizona 85012-2788.  Plaintiffs intend to

9    record the testimony stenographically using instantaneous (or "real time") transcription,

10   which provides visual display of the testimony.

11         PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rules of Civil

12   Procedure 45, Tracy Crews, M.D. is required to produce the following documents for

13   inspection and copying at Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000,

14   Phoenix, Arizona 84012 on or before October 1, 2012 at 9:00 a.m.

15         **DEFINITIONS**

16         For the purposes of this request for documents the following definitions shall

17   apply:

18         1.     "ADC" means the Arizona Department of Corrections, including all its

19   subdivisions, agents, employees, contractors, and attorneys.

20         2.     "COMMUNICATIONS" means any transmittal of information from one

21   person or entity to another by any means, including letters, correspondence, notes,

22   memoranda, records,  reports, papers, facsimiles, electronic mail (whether to, from, copied

23   or blind copied), electronic mail generated from a hand held personal device including a

24   Blackberry or iPhone, instant messaging, electronic mail generated from business or

25   personal email accounts, internet relay chat, news group, group or collaboration servers,

26   electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings,

27   audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes,

28   teleconference, collaboration servers (including  share  point  servers),  web-based  or

78204-0001/LEGAL24781098.1

1  software virtual meetings including Web-X and any other meeting software and share

2  point servers, and oral contact such as face-to-face discussions or meetings, telephone

3  conversations, and voice mail messages.

4       3.    "DOCUMENT" and "DOCUMENTS" have the same scope used in

5  Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing

6  or record of every type and every tangible thing that is or has been in YOUR possession,

7  custody, or control, to which YOU have access, or of which YOU have knowledge,

8  including, but not limited to, COMMUNICATIONS, newspaper articles, magazine

9  articles, news articles, correspondence, letters, contracts, files, electronic mail,

10  memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books,

11  pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations,

12  point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices,

13  pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings,

14  maps, reports, surveys, MINUTES, data compilations, and statistical compilations,

15  regardless of whether a particular DOCUMENT is privileged or confidential, and

16  regardless of the form of storage (including, but not limited to, paper, microfiche,

17  magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or

18  electronic storage device). "DOCUMENT" and "DOCUMENTS" includes, but is not

19  limited to, all DOCUMENTS generated by or maintained in the Director's Project

20  Tracking System, official ADC papers, and the ADC's intranet.

21       4.    "HEALTH CARE" means the provision of care, including adequate diet, to

22  address the mental health, medical, or dental needs of a PRISONER, whether those needs

23  arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic

24  or preventive purposes.

25       5.    "MINUTES" means notes or any other recording reflecting the content of a

26  meeting, whether written contemporaneously with or subsequent to the meeting.

27       6.    "PRISONER" means a person incarcerated by the ADC.

28

1         7.     "YOU," "YOUR," and "YOURSELF" means Tracy Crews, M.D., her

2   agents, representatives, contractors, and employees.

3   **INSTRUCTIONS**

4         1.     YOU are required to furnish all DOCUMENTS in YOUR possession,

5   custody, or control, including those DOCUMENTS that are in YOUR possession,

6   custody, or control in the normal course of YOUR employment obligations, and those in

7   the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys;

8   (4) representatives; (5) agents; or (6) any other person acting or purporting to act on

9   YOUR behalf or at YOUR direction, whether doing so directly or at the direction of

10  YOUR subordinates.  Possession, custody, or control includes DOCUMENTS stored in

11  electronic form by third party service providers but accessible to YOU, including but not

12  limited to email accounts, FTP servers, portable storage media such as USB drives, cloud

13  storage services such as Dropbox or SharePoint, and online workspaces such as WebEx.

14        2.     Each request herein constitutes a request for DOCUMENTS in their

15  entirety, with all enclosures and attachments, and without abbreviation, redaction, or

16  expurgation.

17        3.     YOU shall produce any and all drafts and copies of each DOCUMENT that

18  are responsive to any request, including but not limited to copies containing handwritten

19  notes, markings, stamps, or interlineations.

20        4.     YOU shall produce all responsive DOCUMENTS as they have been kept in

21  the ordinary course of business.

22        5.     Responsive DOCUMENTS should be produced in a form consistent with

23  the Federal Rules of Civil Procedure, including producing the documents in a form or

24  forms in which they are ordinarily maintained or in a reasonably usable form or forms.

25        6.     If YOU object to a portion or an aspect of a request, state the grounds for

26  your objection with specificity and respond to the remainder of the DOCUMENT request.

27  If any DOCUMENTS, or portion thereof, are withheld because YOU claim that such

28  information is protected under the attorney-client privilege, work product doctrine, or

1    other privilege or doctrine,  YOU are required to provide a privilege log setting forth the

2    specific basis for the claim of privilege or protection and for each DOCUMENT provide

3    the following:

4               a.      the subject matter of the DOCUMENT;

5               b.      the title, heading or caption of the DOCUMENT, if any;

6               c.      the date appearing on the DOCUMENT or, if no date appears

7                       thereon, the date or approximate date on which the DOCUMENT

8                       was prepared;

9               d.      the type of DOCUMENT (e.g., whether it is a letter, memorandum,

10                      MINUTES of meeting, etc.) and the number of pages of which it

11                      consists;

12              e.      the identity of the person who signed the DOCUMENT or, if it was

13                      not signed, the person who prepared it;

14              f.      the identity of each person to whom the DOCUMENT was addressed

15                      and the identity of each person to whom a copy thereof was sent; and

16              g.      the identity of each person who has custody of a copy of each such

17                      DOCUMENT.

18          7.      If YOU claim that a portion of a DOCUMENT is protected from disclosure

19   for any reason, produce such DOCUMENT with redaction of only the portion claimed to

20   be protected.  When such redactions for privilege or protection are made, YOU shall place

21   a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT

22   produced.   All redactions shall also be included on the privilege log described in

23   Instruction No. 6.

24          8.      If any DOCUMENT called for by these requests has been destroyed, lost,

25   discarded, or is otherwise no longer in your possession, custody, or control, identify such

26   DOCUMENT as completely as possible, and specify the date of disposal of the

27   DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing

28   disposal, and the person disposing of the DOCUMENT.

1

## **DOCUMENTS REQUESTED**

2     1.     All DOCUMENTS relating to the HEALTH CARE at the ADC.

3     2.     All COMMUNICATIONS relating to the HEALTH CARE at the ADC.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28