# Exhibit A

| | |
|---|---|
| **From:** | Eidenbach, Kirstin (Perkins Coie) |
| **To:** | Eidenbach, Kirstin (Perkins Coie) |
| **Subject:** | FW: Parsons v. Ryan, et al |
| **Date:** | Wednesday, September 26, 2012 3:08:45 PM |

**Kirstin Eidenbach** | **Perkins Coie LLP**

☎ : 602.351.8034

✉ : KEidenbach@perkinscoie.com

 **Please consider the environment before printing this email. Thank you.**

**From:** Eidenbach, Kirstin (Perkins Coie)
**Sent:** Wednesday, September 05, 2012 6:11 PM
**To:** Tim Bojanowski; Dan Struck; Kathy Wieneke; ccloman@swlfirm.com
**Cc:** 'Therese Mayo'; cnmitchell@jonesday.com; Kimberly Shadoan; Jennifer Alewelt (jalewelt@azdisabilitylaw.org); Michelle Arnesen
**Subject:** RE: Parsons v. Ryan, et al

Counsel:

Thank you for providing us with the below information.  We confirm that the dates listed below are correct, and we will make arrangements accordingly. However, this response is insufficient to address the concerns highlighted in my email sent earlier today.

Because it is impractical for us to change the date of the deposition noticed in Doc. 76 given that it is less than 10 days away, we plan to take that deposition on all noticed topics (1-6) on September 13, 2012 as set forth in the notice, with the depositions on each topic being continuous from day to day.  The time for Defendants to propose alternative dates has passed.  We noticed the deposition more than a month in advance and feel we gave Defendants ample time to identify and handle any scheduling conflicts with their selected deponents, and where necessary to propose alternative dates.  Defendants elected not to do so.  Given this, we simply cannot agree to change the date or do the depositions in any way other than continuously from day to day.  We take note that Karen Ingram will be the first deponent under Doc. 76, addressing Topic 2 at the time and on the date identified below.  However, it is our expectation that representatives able to address the remaining 5 topics will appear continuously, from day to day, from the conclusion of Ms. Ingram's deposition forward.

Your email fails to address the 30(b)(6) deposition noticed in Doc. 78, currently scheduled for September 19, 2012.  Our deadline with regard to proposing alternative dates for that deposition was 4:00 p.m. today.  Because you did not contact us or propose alternative dates by 4:00 p.m. today, we will proceed on September 19, with all topics listed in Doc. 78, and expect that the deponents for each topic will appear continuously day to day.

Going forward, we must insist that you to meet and confer with us more than 14 days in advance of the noticed date of deposition in order for us to be flexible with the dates and continuity of depositions.  Where this fails to happen, we will consider the depositions confirmed as set forth in our notices.  We feel this process is fair to both parties because it gives Defendants time to coordinate with selected deponents and propose alternative dates while also giving Plaintiff adequate time to make travel arrangements, schedule the court reporter and make all other necessary arrangements.

We look forward to working with you on these issues.  As always, please feel free to contact myself or Caroline Mitchell with any questions.

Regards,

Kirstin

**Kirstin Eidenbach** | **Perkins Coie LLP**

☎ : 602.351.8034

✉ : KEidenbach@perkinscoie.com

🌲 **Please consider the environment before printing this email. Thank you.**

---

**From:** Therese Mayo [mailto:TMayo@swlfirm.com]
**Sent:** Wednesday, September 05, 2012 2:25 PM
**To:** Gray, John H. (Perkins Coie); Eidenbach, Kirstin (Perkins Coie)
**Cc:** cnmitchell@jonesday.com; Tim Bojanowski; Kimberly Shadoan; R. Scott Medsker; Sophie H Calderon; Dan Struck; Kathy Wieneke; Michelle Arnesen
**Subject:** RE: Parsons v. Ryan, et al

Counsel,

Please confirm the following deposition schedule for those individuals whom we have identified as responsive to 30b6 Notices:

Karen Ingram:  9- 13 at 10 am - Notice of 30b6 Deposition Doc. No. 76, Topic No. 2
Joseph Nicoletti:  9-21 at 9 am – Notice of 30b6 Deposition Doc. No. 44, Topic No. 7
Carol Pearson:  9-21 at 1 pm – Notice of 30b6 Deposition Doc. No. 44, Topics No. 8, 10, 13

We are currently attempting to obtain the identity and availability of additional individuals responsive to your 30b6 Notices, and will notify you as soon as we have additional information. Thank you.



**Therese Mayo**
**Paralegal**
Direct: (480) 420-1637
tmayo@swlfirm.com
www.swlfirm.com

---

**From:** Therese Mayo
**Sent:** Tuesday, September 04, 2012 8:41 AM
**To:** 'Gray, John H. (Perkins Coie)'
**Cc:** cnmitchell@jonesday.com; Tim Bojanowski; Kimberly Shadoan; R. Scott Medsker; Sophie H

Calderon
**Subject:** RE: Parsons v. Ryan, et al

Carol is available on September 21.  Let us know if this schedule works:

Joseph Nicoletti:          9-21 at 9 am
Carol Pearson:              9-21 at 1 pm

Thanks.



**Therese Mayo**
**Paralegal**
Direct: (480) 420-1637
tmayo@swlfirm.com
www.swlfirm.com

**From:** Gray, John H. (Perkins Coie) [mailto:JHGray@perkinscoie.com]
**Sent:** Saturday, September 01, 2012 12:47 AM
**To:** Therese Mayo
**Cc:** cnmitchell@jonesday.com; Tim Bojanowski; Kimberly Shadoan; R. Scott Medsker; Sophie H
Calderon
**Subject:** RE: Parsons v. Ryan, et al

Thank you.  Just so it doesn't get lost in the shuffle, could you please let us know if Carol Pearson is
available on September 20 or 21? Thanks.

John

**From:** Therese Mayo [mailto:TMayo@swlfirm.com]
**Sent:** Friday, August 31, 2012 3:26 PM
**To:** Gray, John H. (Perkins Coie)
**Cc:** cnmitchell@jonesday.com; Tim Bojanowski; Kimberly Shadoan; R. Scott Medsker; Sophie H
Calderon
**Subject:** RE: Parsons v. Ryan, et al

John,

This email is to confirm that Karen Ingram of ADC is available on September 13 at 10 am for
deposition regarding Plaintiffs' Notice of 30b6 Deposition Doc. No. 76, Topic No. 2.  We are working
on obtaining identities and availability of additional responsive representatives for this Notice.



**Therese Mayo**
**Paralegal**

Direct: (480) 420-1637

tmayo@swlfirm.com

www.swlfirm.com

---

**From:** Gray, John H. (Perkins Coie) [mailto:JHGray@perkinscoie.com]
**Sent:** Thursday, August 30, 2012 9:20 AM
**To:** Therese Mayo
**Cc:** cnmitchell@jonesday.com; Tim Bojanowski; Kimberly Shadoan; R. Scott Medsker; Sophie H Calderon
**Subject:** RE: Parsons v. Ryan, et al

Thank you, Therese.  We will check internally to see if the 21st works.  Is Carol Pearson available on the 20th or 21st too?

---

**From:** Therese Mayo [mailto:TMayo@swlfirm.com]
**Sent:** Thursday, August 30, 2012 7:44 AM
**To:** Gray, John H. (Perkins Coie)
**Cc:** cnmitchell@jonesday.com; Tim Bojanowski; Kimberly Shadoan
**Subject:** Parsons v. Ryan, et al

Joseph Nicoletti is available for deposition on September 21.



**Therese Mayo**
**Paralegal**

Direct: (480) 420-1637

tmayo@swlfirm.com

www.swlfirm.com

This electronic mail transmission contains information from the law firm
Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such
information is solely for the intended recipient, and use by any other party
is not authorized. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of this message, its contents or
any attachments is prohibited. Any wrongful interception of this message is
punishable as a Federal Crime. Although this e-mail and any attachments are
believed to be free of any virus or other defect that might affect any
computer system into which it is received and opened, it is the
responsibility of the recipient to ensure that it is virus free and no
responsibility is accepted by the sender for any loss or damage arising in
any way from its use. If you have received this message in error, please
notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the
IRS under Circular 230, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments), unless otherwise
specifically stated, was not intended or written to be used, and cannot be
used, for the purpose of (1) avoiding penalties under the Internal Revenue
Code or (2) promoting, marketing or recommending to another party any
matters addressed herein.

---

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS
regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained
in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be
used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be
imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein (or any attachments).


* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have
received it in error, please advise the sender by reply email and immediately delete the message and
any attachments without copying or disclosing the contents. Thank you.

This electronic mail transmission contains information from the law firm
Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such
information is solely for the intended recipient, and use by any other party
is not authorized. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of this message, its contents or
any attachments is prohibited. Any wrongful interception of this message is
punishable as a Federal Crime. Although this e-mail and any attachments are
believed to be free of any virus or other defect that might affect any
computer system into which it is received and opened, it is the
responsibility of the recipient to ensure that it is virus free and no
responsibility is accepted by the sender for any loss or damage arising in
any way from its use. If you have received this message in error, please
notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the
IRS under Circular 230, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments), unless otherwise
specifically stated, was not intended or written to be used, and cannot be
used, for the purpose of (1) avoiding penalties under the Internal Revenue
Code or (2) promoting, marketing or recommending to another party any
matters addressed herein.

This electronic mail transmission contains information from the law firm
Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such
information is solely for the intended recipient, and use by any other party
is not authorized. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of this message, its contents or
any attachments is prohibited. Any wrongful interception of this message is
punishable as a Federal Crime. Although this e-mail and any attachments are
believed to be free of any virus or other defect that might affect any
computer system into which it is received and opened, it is the

responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# Exhibit B



PRISON LAW OFFICE

General Delivery, San Quentin CA. 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Penny Godbold
Megan Hagler
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

September 20, 2012

VIA EMAIL ONLY

Mr. Timothy Bojanowski, Esq.
Struck Wieneke & Love
3100 W. Ray Rd., Ste. 300
Chandler AZ 85226

Re:    *Parsons, et al. v. Ryan, et al*.; 30(b)(6) notices and scheduling

Dear Tim,

I am writing in response to an email received today from Therese Mayo, stating that "Dr. Ben Shaw is available for deposition on September 27 at 9 am regarding Notice of 30(b)(6) Deposition Docket No. 80, Topic 7, Docket No. 81, Topics 10, 12, and 15, and Docket No. 82, Topics 1, 2, 3, 5 through 24."  A second email today from Ms. Mayo adds that "Jacob Gable is available for deposition on October 5 at 9 am regarding Notice of 30(b)(6) Deposition Docket No. 80, Topic 2."

Plaintiffs filed five 30(b)(6) notices on August 9-15, 2012 (Dkt. Nos. 76, 78, 80, 81, 82) and a sixth notice on August 24, 2012 (Dkt. No. 98) for depositions on September 13, 19, and 27, and October 1, 2 and 3.  Plaintiffs have made multiple, direct requests verbally and by email to Defendants requesting you confirm noticed dates and topics, and request any change of date, at least 14 days prior to the scheduled deposition, to allow out-of-state counsel to minimize travel expenses.  *See, e.g.,* Email from Kirstin Eidenbach to Tim Bojanowski, Kathy Wieneke, and Daniel Struck, Sept. 5, 2012 ("[g]oing forward, we must insist that you to [sic] **meet and confer with us more than 14 days in advance** of the noticed date of deposition in order for us to be flexible with the dates and continuity of depositions.  **Where this fails to happen, we will consider the depositions confirmed as set forth in our notices**.") (emphasis supplied).

Defendants failed to give 14 days' notice of their desire to reschedule the depositions noticed for September 27 and October 1, 2 and 3.  In reliance upon Defendants' failure to timely object, we have considered these dates confirmed, and out-of-state counsel have purchased non-refundable airline tickets to get the lowest possible fares.  In addition, one of the counsel taking the October 2 and 3 depositions is on a prison monitoring trip in Nevada and is simply not available on September 27.  We have

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Felecia Gaston • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

already shown accommodation by agreeing to reschedule portions of depositions to October 4 and 11 to accommodate the schedules of the individuals identified as the persons most knowledgeable on specific topics, but your unilateral rescheduling of 30(b)(6) depositions cannot continue.

A month is a more than reasonable period of time to notice a 30(b)(6) deposition to give you time to identify the persons most knowledgeable on the topics, and allow them to check their schedules. *Charm Floral v. Wald Imports, Ltd.* 2012 WL 424581 (W.D. Wash., Feb. 9, 2012, C10-1550-RSM) (finding notice of 8 days to be reasonable). Defendants have failed to file motions for a protective order pursuant to Rule 26(c), in which you would have the "heavy burden" of demonstrating why you lacked sufficient notice and the depositions needed to be postponed. *Blankenship v. Hearst Corp.* 519 F.3d 418, 429 (9th Cir. 1975). Even if you had filed motions for a protective order, this would not excuse you from producing the witnesses on the noticed dates, unless you had obtained a stay or order prior to the deposition. Fed. R. Civ. Proc. 30(d)(2); *see Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir.1964); *Koninklike Philips Elec. N.V. v. KXD Tech., Inc.,* 2007 WL 3101248, at *18 (D. Nev. 2007), *appeal dismissed,* 539 F.3d 1039 (9th Cir. 2008) ("Absent a protective order or an order staying the deposition, the party, including its officers or Rule 30(b)(6) deponents, is required to appear for a properly noticed deposition.").

As you know, any failure to appear or respond to a deposition notice is sanctionable by the court. *Hilao v. Estate of Marcos*, 103 F.3d 762, 764-765 (9th Cir. 1996). We also are entitled to seek reimbursement of expenses associated with the deposition, including attorneys' fees, if you fail to designate or provide a witness with knowledge of the matters specified in the notice. Fed. R. Civ. Proc. 37(d)(1)(A)(i).

Defendants in this case have adopted a consistent practice of failing to timely object to properly noticed depositions, and then unilaterally rescheduling them at the last minute, or producing designees who have done nothing to prepare. This needs to stop. We insist that these four Rule 30(b)(6) depositions properly noticed more than a month ago for September 27 and October 1, 2 and 3 go forward on those dates. We will abide by our agreement to depose Mr. Pratt and Dr. Kendall on October 4 and 11 on the specifically identified topics. If you will not agree to that request, please provide times on September 21 and 24 when you are available to meet and confer on this issue so that we can promptly present it to the Court, if it is not resolved.

Please also confirm that all responsive documents requested in these deposition notices will be produced by September 25 (Dkt. Nos. 80 and 82), September 26 (Dkt. No. 81), and September 27 (Dkt. No. 98).

Mr. Timothy Bojanowski, Esq.
RE: *Parsons v. Ryan*
September 20, 2012
Page 3

Thank you very much.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick, Staff Attorney

# Exhibit C

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Carol Pearson, Vol I - 8/21/2012

```
                UNITED STATES DISTRICT COURT
                     DISTRICT OF ARIZONA

Victor Parsons; Shawn        )   No.:
Jensen; Stephen Swartz;      )   CV12-00601-PHX-NVW
Dustin Brislan; Sonia        )   (MEA)
Rodriguez; Christina         )
Verduzco; Jackie Thomas;     )
Jeremy Smith; Robert Gamez;  )
Maryanne Chisholm; Desiree   )
Licci; Joseph Hefner; Joshua )
Polson; and Charlotte Wells, )
on behalf of themselves and  )
all others similarly         )
situated; and Arizona Center )
for Disability Law,          )
              Plaintiffs,    )
     v.                      )
Charles Ryan, Director,      )
Arizona Department of        )
Corrections; and Richard     )
Pratt, Interim Division      )
Director, Division of Health )
Services, Arizona Department )
of Corrections, in their     )
official capacities,         )
              Defendants.    )
                             )
```

```
        30(b)(6) ARIZONA DEPARTMENT OF CORRECTIONS
           (CAROL PEARSON, VOL. I, pages 1-31)

           E-DISCOVERY - TOPIC NOS. 8, 10, 13

                    August 21, 2012
                      10:24 a.m.
                   Phoenix, Arizona

                         Prepared by:
                         Marcella Daughtry, RPR
                         Arizona Certified
                         Reporter No. 50623

                         Prepared for:

                         (Copy)
```

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) -  Carol Pearson, Vol I - 8/21/2012

Page 12

```
 1      A    I spoke with attorney, Mr. --
 2              MR. BOJANOWSKI:  All right.  You spoke
 3   to me?
 4              THE WITNESS:  Yes.
 5              MR. BOJANOWSKI:  All right.
 6      Q   BY MR. MEDSKER:  Okay.  That's fine.  I don't
 7   want to know anything you talked to him about.
 8              Did you speak to anybody else about
 9   topic number 8 specifically?
10      A    No.
11      Q    Okay.  Did you review any documents to prepare
12   for testifying about topic number 8?
13      A    No.
14      Q    Okay.  Other than speaking to your attorney,
15   did you do anything to prepare to testify about topic
16   number 8?
17      A    No.
18      Q    Okay.  Are there any other individuals who
19   would be qualified to testify about topic number 8 with
20   regards to medical records?
21              MR. BOJANOWSKI:  Form.
22              Go ahead and answer.
23              THE WITNESS:  Legal services possibly.
24      Q   BY MR. MEDSKER:  Okay.  Anybody else?
25              MR. BOJANOWSKI:  Same objection.
```

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) -  Carol Pearson, Vol I - 8/21/2012

Page 13

1              Go ahead.

2              THE WITNESS:  That's all I know.

3       Q    BY MR. MEDSKER:  Okay.  Do you have any

4   personal knowledge about the manner and duration for

5   which the Arizona Department of Corrections indexes,

6   stores, locates or maintains nonmedical record paper

7   documents?

8       A    I know that the nonmedical documents are

9   retained for a longer period of time.

10      Q    Okay.  How do you know that?

11      A    Just talking to vendor services staff.

12      Q    When did you talk to vendor services?

13      A    Years ago.

14      Q    Do you feel like you are qualified to testify

15  about the manner in which ADC indexes, stores, locates

16  and maintains nonmedical record paper documents?

17      A    No.

18      Q    Okay.  If you would, take a look at topic

19  number 10, please, as well.  It's policies and

20  procedures regarding data destruction from January 1,

21  2011 to the present and a description of all the

22  hardware and software used to facilitate the deletion

23  of data subject to any data destructions, policies and

24  procedures.

25              Do you know anything about that topic?

Page 14

1       A    No, I do not.

2       Q    Was it your understanding that you were

3    designated to testify about that topic today?

4       A    No.

5       Q    Okay.  I assume you haven't done anything to

6    prepare for that topic?

7       A    No.

8       Q    Okay.  And then the last topic that I

9    understand you've been designated to testify about is

10   topic number 13.  It's the transfer of documents to

11   Wexford Health Sources, Incorporated possession,

12   custody and control.

13              Do you understand that you were

14   designated to testify about that topic?

15      A    Yes.

16      Q    Okay.  Why were you selected to testify about

17   that topic?

18      A    I was the medical record manager.

19      Q    Okay.

20      A    Medical record program manager.

21      Q    And was that -- were you employed by Arizona

22   Department of Corrections?

23      A    Yes.

24      Q    Are you still employed by Arizona Department

25   of Corrections?

# Exhibit D

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Ronda Lee - 8/21/2012

```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF ARIZONA

Victor Parsons; Shawn         )   No.:
Jensen; Stephen Swartz;       )   CV12-00601-PHX-NVW
Dustin Brislan; Sonia         )    (MEA)
Rodriguez; Christina          )
Verduzco; Jackie Thomas;      )
Jeremy Smith; Robert Gamez;   )
Maryanne Chisholm; Desiree    )
Licci; Joseph Hefner; Joshua  )
Polson; and Charlotte Wells,  )
on behalf of themselves and   )
all others similarly          )
situated; and Arizona Center  )
for Disability Law,           )
             Plaintiffs,       )
     v.                       )
Charles Ryan, Director,       )
Arizona Department of         )
Corrections; and Richard      )
Pratt, Interim Division       )
Director, Division of Health  )
Services, Arizona Department  )
of Corrections, in their      )
official capacities,          )
             Defendants.      )
                              )
```

```
        30(b)(6) ARIZONA DEPARTMENT OF CORRECTIONS
                      (RONDA LEE)
              E-DISCOVERY - TOPIC NO. 9

                   August 21, 2012
                      9:07 a.m.
                   Phoenix, Arizona

                           Prepared by:
                           Marcella Daughtry, RPR
                           Arizona Certified
                           Reporter No. 50623

                           Prepared for:

                           (Copy)
```

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Ronda Lee - 8/21/2012

Page 9

1   electronic documents?

2       A    I do.

3       Q    Okay.  And you understand that you have been

4   designated today to testify about the Department's

5   policies and procedures regarding electronic documents,

6   as well?

7       A    I do not get involved in the electronic

8   documents.  I write policy.

9       Q    Okay.  Did you speak with anybody regarding

10  what the Department of Corrections procedures might be

11  for retention or deletion of electronic documents?

12      A    No, I have not.

13      Q    Okay.  Did you do any independent

14  investigation about what the Department of Corrections

15  policies or procedures regarding electronic documents

16  might be?

17      A    No, I have not.

18      Q    Did you speak with anybody in preparation for

19  this deposition today?

20      A    No.

21      Q    So you're testifying solely on your own

22  knowledge?

23      A    Correct.

24      Q    Do you believe that you are the most qualified

25  individual to speak on this topic for the Arizona

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Ronda Lee - 8/21/2012

Page 10

 1   Department of Corrections?

 2       A     In general terms.

 3       Q     Okay.  What do you mean by in general terms?

 4       A     We maintain policies.  So the question is,

 5   policy and procedures regarding retention, we do have a

 6   policy that mentions records retention.  I do the -- I

 7   have in the past -- we are kind of involved in the

 8   records retention liaison -- or of the record

 9   retention, and I'm the liaison between the Department

10   of Corrections and the library and archives.  But I

11   don't get involved in specific documents.

12       Q     Okay.  So Word document one versus Word

13   document two, you don't get involved in that?

14       A     No.

15       Q     But you are responsible for the overarching

16   policies.  Correct?

17       A     Just the policies.  We have 122 policies.

18       Q     Okay.  Do you believe there are any other

19   individuals who would be qualified to testify on topic

20   number 9?

21                 MR. BOJANOWSKI:  Form.

22                 Go ahead and answer.

23                 THE WITNESS:  Probably the information

24   technology persons would be able to answer anything

25   that has to do with electronic documents.

1    Q    BY MR. MEDSKER:  Do you think you are

2   qualified to give testimony today here about electronic

3   documents?

4    A    No.

5    Q    Have you met with counsel prior to today?

6    A    I have.

7    Q    When?

8    A    Last week.

9         MR. BOJANOWSKI:  And this morning.

10        THE WITNESS:  Yes, and this morning.

11    Q    BY MR. MEDSKER:  Was anyone else present for

12   those conversations?

13    A    No.

14    Q    Ms. Pearson wasn't present this morning when

15   you met with --

16    A    No, she was not.

17    Q    Okay.  And I think we asked this, did you meet

18   or speak with anyone else at all other than counsel

19   about preparation for your deposition today?

20    A    No.

21    Q    Did you review any deposition transcripts?

22    A    No.

23    Q    Did you review any specific documents in

24   preparation for your deposition today?

25    A    Just the policies, the 103 and -- just

# Exhibit E

Parsons v. Ryan
30(b)(6) AZ Dept of Corrections -  Curt Czarsty - 8/17/2012

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF ARIZONA

Victor Parsons; Shawn          )   No.:
Jensen; Stephen Swartz;        )   CV12-00601-PHX-NVW
Dustin Brislan; Sonia          )   (MEA)
Rodriguez; Christina           )
Verduzco; Jackie Thomas;       )
Jeremy Smith; Robert Gamez;    )
Maryanne Chisholm; Desiree     )
Licci; Joseph Hefner; Joshua   )
Polson; and Charlotte Wells,   )
on behalf of themselves and    )
all others similarly           )
situated; and Arizona Center   )
for Disability Law,            )
              Plaintiffs,       )
     v.                        )
Charles Ryan, Director,        )
Arizona Department of          )
Corrections; and Richard       )
Pratt, Interim Division        )
Director, Division of Health   )
Services, Arizona Department   )
of Corrections, in their       )
official capacities,           )
              Defendants.      )
                               )


       30(b)(6) ARIZONA DEPARTMENT OF CORRECTIONS
                  (CURT CZARSTY)
    E-DISCOVERY - TOPIC NOS. 1-6, 10, 11, 12, 14, 15


                  August 20, 2012
                    9:03 a.m.
                 Phoenix, Arizona


                     Prepared by:
                     Marcella Daughtry, RPR
                     Arizona Certified
                     Reporter No. 50623

                     Prepared for:

                     (Copy)
```

GLENNIE REPORTING SERVICES
(602) 266-6535  www.glennie-reporting.com

Parsons v. Ryan
30(b)(6) AZ Dept of Corrections -  Curt Czarsty - 8/17/2012

Page 12

1    informational, you know, this is how a deposition

2    works.  We met roughly a week ago just to talk a little

3    bit about some of these subjects, topics.

4         Q    So the first time you met, was that prior to a

5    week ago?

6         A    Yes.

7         Q    Was anyone else present for either of those

8    meetings?

9         A    Tim's assistant, Therese.

10                   What do we call Therese, is she --

11                   MR. BOJANOWSKI:  Paralegal.

12                   THE WITNESS:  Paralegal.  Excuse me.

13        Q    BY MR. MEDSKER:  Did you meet or speak with

14   anyone else to prepare for your deposition today?

15        A    No.

16        Q    Did you -- you didn't have any kind of

17   conversations with anybody else at the ADC about the

18   topics that you're here to testify on?

19        A    Some -- some general type discussions, but

20   nothing specifically dealing with this case, no.

21        Q    Who were those general discussions with?

22        A    My boss, John Ryan, and even in more general

23   terms Stephen Welsh, the CIO.

24        Q    What was the nature of those conversations?

25        A    Just the fact that I would be deposed and

Parsons v. Ryan
30(b)(6) AZ Dept of Corrections - Curt Czarsty - 8/17/2012

Page 13

1    here's a letter that, you know, I have received.

2        Q    Did you do any kind of fact-finding regarding

3    the topics that you have been asked to testify on

4    today?

5        A    Yes.  And I've provided some materials that

6    you've asked for, yes.

7        Q    Beyond the documents that your counsel

8    provided us earlier this morning, did you review any

9    other documents in preparation for your deposition?

10       A    That's hard to answer because I'm -- you know,

11   I'm constantly going through different materials.

12   Specifically in preparation for this, I would say no.

13       Q    Okay.  The materials that you're constantly

14   going through, are those things you work with on a

15   day-to-day basis?

16       A    Yes.

17       Q    Is that part of your background knowledge on

18   the network team?

19       A    Yes.

20       Q    Are there documents that you think are

21   relevant to the topics you are going to testify to

22   today, other than those that your counsel provided us

23   this morning?

24       A    Other than the materials provided?  No, I do

25   not believe so.

# Exhibit F

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Richard M. Rowe, M.D. - 9/19/2012

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Victor Parsons; Shawn | ) | No.: |
| Jensen; Stephen Swartz; | ) | CV12-00601-PHX-NVW |
| Dustin Brislan; Sonia | ) | (MEA) |
| Rodriguez; Christina | ) | |
| Verduzco; Jackie Thomas; | ) | |
| Jeremy Smith; Robert Gamez; | ) | |
| Maryanne Chisholm; Desiree | ) | |
| Licci; Joseph Hefner; Joshua | ) | |
| Polson; and Charlotte Wells, | ) | |
| on behalf of themselves and | ) | |
| all others similarly | ) | |
| situated; and Arizona Center | ) | |
| for Disability Law, | ) | |
|          Plaintiffs, | ) | |
|      v. | ) | |
| Charles Ryan, Director, | ) | |
| Arizona Department of | ) | |
| Corrections; and Richard | ) | |
| Pratt, Interim Division | ) | |
| Director, Division of Health | ) | |
| Services, Arizona Department | ) | |
| of Corrections, in their | ) | |
| official capacities, | ) | |
|          Defendants. | ) | |
| | ) | |

30(b)(6) ARIZONA DEPARTMENT OF CORRECTIONS
(RICHARD H. ROWE, M.D.)
TOPIC NOS. 1, 2, 5, 6, 7, 8, 9, 10, 12, 13, 15, 17

September 19, 2012
9:49 a.m.
Phoenix, Arizona

Prepared by:
Marcella Daughtry, RPR
Arizona Certified
Reporter No. 50623

Prepared for:

(Copy)

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Richard M. Rowe, M.D. - 9/19/2012

Page 17

1      Q     Okay.  I will withdraw it.  It's not worth it.
2            You understand that there is a lawsuit?
3      A     I understand that, correct.
4      Q     Right.  And the lawsuit involves prisoners
5   suing about health care and other claims?
6      A     I understand that.
7      Q     Okay.  And that's why you are here today.  You
8   understand that?
9      A     I understand that.
10     Q     Okay.  And so were you provided with the
11  deposition notice about today's deposition, a written
12  document?
13     A     I was through my attorney.
14     Q     Okay.  And when was that?
15     A     I believe it was Monday.
16     Q     Monday of this week?
17     A     This Monday, correct.
18     Q     And that notice had a list of topics in it.
19  Did you review those, that list of topics?
20     A     I have reviewed a list of topics.
21     Q     Okay.  And do you understand that you've been
22  designated by the defendants in this case as the person
23  who is most knowledgeable in the Department about those
24  topics?
25     A     I am aware of that.

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Richard M. Rowe, M.D. - 9/19/2012

Page 19

1   these topics?

2      A   As it relates to the topic to the best of my

3   knowledge, I believe I can.

4      Q   Okay.  Did you do -- besides your conversation

5   with Ms. Wieneke --

6                 MR. SPECTER:  Am I pronouncing that

7   right, Kathy?

8                 MS. WIENEKE:  No.

9                 MR. SPECTER:  I'm sorry.

10                 MS. WIENEKE:  That's all right.  It's

11   Wieneke.

12                 MR. SPECTER:  Wieneke, I'm sorry.

13      Q   BY MR. SPECTER:  Besides your conversations

14   with Ms. Wieneke or any other attorney, did you speak

15   to anybody else about obtaining information in

16   preparation for the deposition today?

17      A   Just with my attorney.

18      Q   And how long did that conversation last?

19                 MS. WIENEKE:  You can tell him how long

20   but not what we talked about.

21                 THE WITNESS:  Approximately three to

22   four hours or so.

23      Q   BY MR. SPECTER:  Okay.  And when did that

24   conversation occur?

25      A   The conversation was yesterday.

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Richard M. Rowe, M.D. - 9/19/2012

Page 20

1      Q     Okay.  And you didn't speak to anybody else?

2      A     No, I have not.

3      Q     Did you review any documents in order to

4   prepare for this deposition?

5      A     I reviewed the Health Services Technical

6   Manual, and I reviewed the pertinent department orders.

7      Q     What department orders did you review?

8      A     1101.

9      Q     And what does that have to do with?

10     A     It has to do with a number of things, but

11   primarily access to health care.

12     Q     And did you review any other orders?

13     A     No.

14     Q     This Health Services Technical Manual, did

15   Ms. Wieneke provide that to you?

16     A     She did.

17     Q     Okay.  And did you do anything else to prepare

18   for the deposition today?

19     A     Just meeting with my attorney.

20     Q     Okay.  Do you understand that in this type of

21   a deposition, what we call a 30(b)(6) deposition, which

22   is the rule under which we can take these kind of

23   depositions, that your testimony is on behalf of the

24   entire Department of Corrections?

25     A     That is my understanding from my attorney.