1    Arizona Attorney General Thomas C. Horne
     Office of the Attorney General
2    Michael E. Gottfried, Bar No. 010623
     Assistant Attorney General
3    1275 W. Washington Street
     Phoenix, Arizona 85007-2926
4    Telephone: (602) 542-4951
     Fax: (602) 542-7670
5    Michael.Gottfried@azag.gov

6    Daniel P. Struck, Bar No. 012377
     Kathleen L. Wieneke, Bar No. 011139
7    Rachel Love, Bar No. 019881
     Timothy J. Bojanowski, Bar No. 22126
8    Nicholas D. Acedo, Bar No. 021644
     Courtney R. Cloman, Bar No. 023155
9    Ashlee B. Fletcher, Bar No. 028874
     Anne M. Orcutt, Bar No. 029387
10   STRUCK WIENEKE & LOVE, P.L.C.
     3100 West Ray Road, Suite 300
11   Chandler, Arizona  85226
     Telephone:  (480) 420-1600
12   Fax:  (480) 420-1696
     dstruck@swlfirm.com
13   kwieneke@swlfirm.com
     rlove@swlfirm.com
14   tbojanowski@swlfirm.com
     nacedo@swlfirm.com
15   ccloman@swlfirm.com
     afletcher@swlfirm.com
16   aorcutt@swlfirm.com
     *Attorneys for Defendants*

17              **UNITED STATES DISTRICT COURT**

18                  **DISTRICT OF ARIZONA**

19   Victor Parsons; Shawn Jensen; Stephen          NO. 2:12-cv-00601-NVW
     Swartz; Dustin Brislan; Sonia Rodriguez;
20   Christina Verduzco; Jackie Thomas; Jeremy
     Smith; Robert Gamez; Maryanne Chisholm;
21   Desiree Licci; Joseph Hefner; Joshua Polson;   **JOINT NOTICE OF DISCOVERY**
     and Charlotte Wells, on behalf of themselves   **DISPUTE (RULE 30(b)(6)**
22   and all others similarly situated; and Arizona **NOTICES GENERALLY)**
     Center for Disability Law,
23
                                    Plaintiffs,
24
                     v.
25
     Charles Ryan, Director, Arizona Department
26   of Corrections; and Richard Pratt, Interim
     Division Director, Division of Health Services,
27   Arizona Department of Corrections, in their
     official capacities,
28                                  Defendants.

1        Pursuant to the process you outlined at the Case Management Conference, the
2   parties submit this disputed matter for further instruction from the Court.  Further, despite
3   requests from Defendants to limit their position to ½ of a page in order to comply with
4   this Court's Order specifically stating that "the parties shall jointly file (1) a brief written
5   summary of the dispute, not to exceed one page", Plaintiffs insisted on submitting a
6   position which length exceeds the requirements of the Court's Order.  *See* Doc. 52.

7        **Disputed Issue**:

8        Plaintiffs' Seven 30(b)(6) Notices of Deposition covering over 100 Topics and 47
9   Document Requests.  (*See* Docs. 44,76,78,80,81,82 94).

10       **Plaintiffs' Position:**

11       Plaintiffs have noticed seven 30(b)(6) depositions and taken several such
12  depositions on topics typical to complex litigation: data and document storage (Dkt 44),
13  contract implementation and quality assurance measures (Dkt 76), budget and staffing
14  practices, (Dkt 80), and policies and procedures alleged in the Complaint to be deficient
15  (Dkts 78 [medical care], 81 [isolation], 82 [mental health care], 98 [dental care]).
16  Defendants filed boilerplate objections but refused to suggest how to narrow the topics.

17       Defendants object to the number of topics. This case involves more than thirty
18  thousand prisoners, an entire State agency, and multiple complex factual issues.  Such a
19  broad range of material cannot be covered in a few topics.  The more complex the case,
20  the greater the number of topics to be explored and the greater number of witnesses that
21  may need to be produced.  Defendants' only legal support is a single-plaintiff employment
22  case.  *Doubt v. NCR Corp*, No. C09-5917 SBA, 2011 WL 5914284 (N.D. Cal. Nov. 29,
23  2011).

24       Defendants object that the topics are not sufficiently specific. They are wrong. The
25  topics are precise in scope and carefully track the allegations in the Complaint, such as
26  "grievance procedures for medical issues" (Topic 3, Dkt 78), "tracking and scheduling
27  system for health care appointments" (Topic 4, Dkt 78) and  "policies and procedures for

28

2

dental screening and intake when prisoners are initially received into ADC custody" (Topic 1, Dkt 98).

Defendants' concern over duplicative topics has no merit, since they are designating the same witness to cover perceived overlapping topics at a single deposition.

Defendants erroneously claim that Plaintiffs require them to produce witnesses to speak on behalf of Wexford Health, their contractor.  Defendants refuse to produce witnesses to testify about current conditions and practices in the prisons, claiming that Plaintiffs must depose Wexford to obtain that information.  Plaintiffs' position is that the ADC has a non-delegable duty to provide constitutionally adequate medical, mental health and dental care to prisoners.  Therefore, the Department must provide testimony (and be bound by that testimony) about whatever information is reasonably available to it about current conditions, whether through witnesses it employs or those of its contractor, Wexford.

Defendants are wrong that multiple 30(b)(6) depositions are not allowed: "there is no aspect of the Rules which . . .  restrict[s] a party to a single 30(b)(6) deposition…." *Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002); *see also In re Outsidewall Tire Litigation*, 267 F.R.D. 466, 472 (E.D. Va. 2010) ("unlike an individual defendant, a corporate defendant is subject to multiple depositions pursuant to Rules 30(a)(1) and 30(b)(6)"). Even if leave of Court is required, it should be granted, since "had Plaintiffs simply included all inquiry topics in the same deposition notice and referred to it as one deposition, the deposition would have unquestionably counted as one." *Loops LLC v. Phoenix Trading, Inc.*, No. C08-1064 RSM, 2010 WL 786030 at *2 (W.D. Wa. Mar. 4, 2010).

**Defendants' Position:**  Plaintiffs' seven 30(b)(6) Notices which encompass over 100 Topics and make up over 48 pages. A 38 page 30(b)(6) Notice encompassing 56 topics was deemed the "single most abusive 30(b)(6) Notice [the Court] ha[d] ever seen" in *Doubt v. NCR Corp.*, C 09-5917 SBA, 2011 WL 5914284, at *1 (N.D. Cal. Nov. 28, 2011. Many of the Topics are duplicative, and fail to adhere to the requirement they be

1    drafted with "painstaking specificity." *See McBride v. Medicalodges, Inc.*, 250 F.R.D.
2    581, 584 (D. Kan. 2008).  Indeed, Plaintiffs' Topics are general in nature, and require
3    Defendants to guess as to what Plaintiffs intend to ask the deponents.  For example, ADC
4    designated Dr. Rowe in response to Doc. 78, but because he did not have specific
5    knowledge regarding whether nurses at each individual facility were picking up health
6    needs requests within 4 hours, Plaintiffs were critical. Also, Plaintiffs expect ADC to
7    produce knowledgeable witnesses who can speak on behalf of Wexford, the private
8    medical contractor, since the takeover on July 1, 2012. Plaintiffs are not entitled to
9    multiple 30(b)(6) depositions without leave of court. Rule 30(a)(2)(A)(ii), Fed.R.Civ.P.;
10   *Tingley Sys., Inc. v. Healthlink, Inc.*, No. 8:05-CV-1936-T-27MAP, 2007 WL
11   1365341(M.D.Fla. May 9, 2007).  Plaintiffs' topic areas are so general and so numerous it
12   is burdensome for Defendants to produce the numerous witnesses necessary to cover these
13   topics, or conversely, have one witness who can be educated to testify about all of these
14   areas.  Defendants requested Plaintiffs revise the 30(b)(6) Notices to a reasonable topic
15   and document request number, but they refused.  Defendants request the Court require
16   Plaintiffs to revise their requests to create a more reasonable burden on Defendants so that
17   they may produce a proper and appropriate witness for relevant topics.  Defendants
18   request all remaining 30(b)(6) depositions be stayed, a protective order be issued, and the
19   Court expedite disposition of this issue.

20   **CERTIFICATION OF ATTEMPT TO RESOLVE THE DISCOVERY DISPUTE**

21        The parties certify that they have made sincere efforts as required by
22   L.R.Civ. 7.2(j) to personally consult and resolve the disputed matter described herein.
23   The parties have reached an impasse.

24
25
26
27
28

4

1    DATED this 2nd day of October 2012.

2                                    STRUCK WIENEKE & LOVE, P.L.C.

3

4                            By /s/ Courtney R. Cloman
                                 Daniel P. Struck
5                                Kathleen L. Wieneke
                                 Rachel Love
6                                Timothy J. Bojanowski
                                 Nicholas D. Acedo
7                                Courtney R. Cloman
                                 Ashlee B. Fletcher
8                                Anne M. Orcutt
                                 STRUCK WIENEKE & LOVE, P.L.C.
9                                3100 West Ray Road, Suite 300
                                 Chandler, Arizona  85226
10
                                 Arizona Attorney General Thomas C. Horne
11                               Office of the Attorney General
                                 Michael E. Gottfried
12                               Assistant Attorney General
                                 1275 W. Washington Street
13                               Phoenix, Arizona 85007-2926

14                               *Attorneys for Defendants*
                                 PRISON LAW OFFICE
15

16

17                           By /s/ Courtney R. Cloman (with authority)
                                 Donald Specter (Cal. 83925)*
18                               Alison Hardy (Cal. 135966)*
                                 Sara Norman (Cal. 189536)*
19                               Corene Kendrick (Cal. 226642)*
                                 PRISON LAW OFFICE
20                               1917 Fifth Street
                                 Berkeley, California 94710
21                               Telephone: (510) 280-2621
                                 dspecter@prisonlaw.com
22                               ahardy@prisonlaw.com
                                 snorman@prisonlaw.com
23                               ckendrick@prisonlaw.com

24                               *Admitted pro hac vice*

25   2694699.1                   *Attorneys for Plaintiffs*

26

27

28
                                       5

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Anthony Ahlers: | jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Jill Louise Ripke: | jripke@perkinscoie.com; jgable@perkinscoie.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |

| | | |
|--|--|--|
| 1 | Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| 2 | | |
| 3 | Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| 4 | Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| 5 | David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| 6 | R. Scott Medsker: | rsmedsker@JonesDay.com |
| 7 | John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| 8 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 9 | Jennifer K Messina: | jkmessina@jonesday.com |
| 10 | Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Courtney R. Cloman

7