1

2

3

4

5

6       **IN THE UNITED STATES DISTRICT COURT**

7       **FOR THE DISTRICT OF ARIZONA**

8

9    Victor Parsons; Shawn Jensen; Stephen          No. CV-12-00601-PHX-NVW
     Swartz; Dustin Brislan; Sonia Rodriguez;
10   Christina Verduzco; Jackie Thomas; Jeremy
     Smith; Robert Gamez; Maryanne Chisholm;
11   Desiree Licci; Joseph Hefner; Joshua Polson;   **ORDER ADOPTING**
     and Charlotte Wells, on behalf of themselves   **CLAWBACK AGREEMENT**
12   and all others similarly situated; and Arizona
     Center for Disability Law,
13
                                    Plaintiffs,
14
15        v.

16   Charles Ryan, Director, Arizona Department
     of Corrections; and Richard Pratt, Interim
17   Division Director, Division of Health Services,
     Arizona Department of Corrections, in their
18   official capacities,

19                                   Defendants.

20        IT IS HEREBY ORDERED that the Court accepts and adopts the following

21   agreement between the parties:

22                        **CLAWBACK AGREEMENT**

23
     i.     For the purposes of this Agreement, an Inadvertently Disclosed Document is a
24
25          document, material, or information (including but not limited to electronic data)

26          that could have been withheld, in whole or in part, based on a legitimate claim of

27          attorney-client privilege, work-product protection, or other applicable privilege.

28

ii.   A party does not waive any claim of privilege as to any Inadvertently Disclosed Document.

iii.  If a party receives or discovers documents, material, or information that the party knows or has any reason to believe constitute an Inadvertently Disclosed Document, the receiving party shall: (1) promptly notify the producing party and immediately refrain from reading the item; (2) promptly and permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed.

iv.   If a party discovers that it has produced an Inadvertently Disclosed Document, the producing party may notify any other party within 10 days of its claim of privilege pertaining to the Inadvertently Disclosed Document.  On receiving this notice, the other party shall: (1) immediately refrain from reading the item; (2) permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed.  If an Inadvertently Produced Document is part of a filing with the Court, the party invoking this paragraph will raise the issue with the filing party, and the filing party will either withdraw the document or the parties will agree to brief the issue for the Court, but the filing party shall have no obligation to withdraw the document from the record until the Court resolves the dispute.  In no event is a party required to destroy filings with the Court.  If an Inadvertently Produced Document is used as an exhibit in a deposition, and the

assertion of privilege is not made at the deposition, a party may still assert privilege for 60 days following receipt of the transcript.  If a party does so, the opposing party may either agree to withdrawal of the exhibit and striking of related testimony or notify the requesting party that it disagrees, in which case the parties will meet and confer and raise the issue with the Court.  If a party does not agree to destruction, there will be no obligation to destroy the deposition or exhibits until the issue is resolved either through the meet and confer or by order of the Court.

v.    Within 20 days of the date the producing party becomes aware of the disclosure of an Inadvertently Produced Document, the producing party shall serve a privilege log on the other parties covering the clawed-back documents, material, or information.

vi.    Subject to the foregoing, if a dispute develops as to whether a privilege exists, all parties shall not disclose, offer, or otherwise use the disputed material in any way, including in these proceedings (other than as necessary to raise the dispute over the document with the court) until the issue is resolved by the parties or the Court.

Dated this 24th day of October, 2012.

_____
Neil V. Wake
United States District Judge

3