Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-NVW <br><br> **MOTION TO COMPEL DONNA HAMM AND MIDDLE GROUND PRISON REFORM TO COMPLY WITH DEFENDANTS' SUBPOENA DUCES TECUM** |

Defendants Ryan and Pratt, through counsel, request an Order to Compel Donna Hamm and Middle Ground Prison Reform to produce documents pursuant to a Subpoena Duces Tecum issued by this Court and served by Defendants on August 2, 2012. *See* Doc. 64-1 (Notice of Intent to Serve Subpoena and Subpoena Duces Tecum). Defendants' Motion should be granted because the information sought is relevant, Defendants have substantial need for the documents in Hamm's possession, and Hamm has not justified noncompliance with the properly issued subpoena.

This Motion is supported by the following Memorandum of Points and Authorities, attached exhibits, the Court's record, and Defendants' 7.2 Certification.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL BACKGROUND

On June 29, 2012, Plaintiffs served Defendants with their Initial Disclosure Statement. *See* Doc. 43. In that disclosure, Plaintiffs listed numerous individuals likely to have discoverable information. One of the individuals listed was Donna Hamm, Executive Director of Middle Ground Prison Reform.[1] Plaintiffs listed Hamm as a witness having "direct knowledge concerning ADC health care or conditions of confinement in isolation."

As a result of Plaintiffs' disclosure, Defendants served Hamm and Middle Ground with a Subpoena Duces Tecum for documents related to ADC health care or conditions of confinement in isolation.[2] *See* Doc. 64-1. In the Subpoena, Defendants expressly stated Hamm was to comply with the Subpoena by producing the outlined documents by August 13, 2012. *Id.* She has yet to do so.

---

[1] Middle Ground Prison Reform is a prisoner rights advocacy group who has proclaimed themselves as a "clearinghouse for relevant information affecting the incarcerated and their supporters." *See* http://www.middlegroundprisonreform.org/main.

[2] Specifically, Defendants requested "Copies of all documents in your possession related to the Arizona Department of Corrections' health care and conditions of confinement in isolation"; "Copies of all documents in your possession related to any topic you may testify about in relation to your disclosure by Plaintiffs as a witness having direct knowledge concerning Arizona Department of Corrections' health care and conditions of confinement in isolation"; and "Copies of all documents in your possession related to [Plaintiffs]. *See* Doc. 64-1.

Over the last few months, Defendants have continuously attempted to work with Hamm in an effort to obtain documents responsive to their Subpoena without Court intervention.  Again and again Hamm has refused to comply with Defendants' Subpoena, providing a host of ever-changing reasons and rationale for her non-compliance.  At points, Hamm has agreed to comply and then withdrawn her agreement.  As such, Defendants respectfully request this Court issue an Order to Compel Hamm to produce such documents.

Hamm first objected to compliance with the Subpoena on August 8, 2012. *See* Ex. 1 (August 8, 2012 objection letter from Hamm).  In that letter, she opined that due to privacy and confidentiality reasons, she would not be able to produce responsive documents.  *Id.*  She also reasoned she would not comply because she would need to pay someone $20.00 an hour to search records in order to locate responsive documents.  *Id.* Further, it was her mistaken understanding that she was not listed as a witness by Plaintiffs and thus would not be required to respond to the Subpoena.  *Id.*  Although Hamm admitted that the names of Sonia Rodriguez and Stephen Swartz "sounded familiar," she neglected to provide Defendants with confirmation that she had records related to them or any other Plaintiff.  *Id.*

To provide clarification to Hamm that she was in fact listed as a witness, Defendants responded on August 21, 2012.  *See* Ex. 2 (August 21, 2012 letter from Timothy Bojanowski).  Defendants also informed Hamm that any document in her possession which pertained to medical, dental and mental health issues was assumedly obtained by her with a release and thus she likely did not have a basis to object on that ground.  *Id.*  Additionally, Defendants requested she provide a definitive answer as to whether she had documents in her possession responsive to the Subpoena.  *Id.*

On August 30, 2012, Hamm responded to Defendants' letter and reiterated her position that she would not provide documents responsive to the Subpoena without releases.  *See* Ex. 3 (August 30, 2012 letter from Donna Hamm).  She again failed to confirm whether she had responsive documents in her possession.  *Id.*  On September 13,

2012, Defendants sent Hamm a letter informing her that her acknowledgement that she would not testify as a witness was sufficient.  *See* Ex. 4 (September 13, 2012 letter from Timothy Bojanowski).  In the meantime, Defendants attempted to obtain confirmation from Plaintiffs that they, in fact, would not be using Hamm as a witness.  *See* Ex. 5 (October 3, 2012 letter to Plaintiffs' counsel from Ashlee Fletcher).   Specifically, Defendants requested Plaintiffs remove Hamm from their Initial Disclosure Statement as a person having "direct knowledge concerning ADC health care or conditions of confinement in isolation." *Id.*  Plaintiffs did not respond.

Subsequent to the correspondence discussed above, Plaintiffs used a document containing Middle Ground's stamp as an exhibit during a deposition.  *See* Ex. 6 (Middle Ground document used as exhibit).  This document was used by Plaintiffs in the deposition without any prior disclosure to Defendants and despite the outstanding subpoena to Middle Ground.   Although Hamm previously was unwilling to confirm whether she had documents responsive to the Subpoena, use of Middle Ground documents by Plaintiffs in depositions confirmed that Hamm and Middle Ground were in possession of documents directly relevant to this litigation.  As such, Defendants again attempted to obtain responsive documents from Donna Hamm.

Defendants reached out to Hamm on October 11, 2012 and informed her of Plaintiffs' failure to remove her as a witness.  *See* Ex. 7 (October 11, 2012 letter from Ashlee Fletcher, without attachments).  Defendants attached the Middle Ground document used as an exhibit by Plaintiffs. *Id.*  Further, Defendants advised Hamm of the protective order in place for this litigation and asked her to reconsider her previous objection based on privacy concerns.   Furthermore, Defendants reminded Hamm that many of the documents responsive to the Subpoena are not medical records and do not require disclosure of medical information.  Additionally, in an attempt to work with Hamm and avoid any undue burden, as well as Court intervention, Defendants offered to come to the warehouse to pick up and sort through documents.

4

1         Hamm responded on October 15, 2012, in addition to accusing defense

2   counsel of being "ethically questionable" and sending her "schizophrenic

3   communications," she requested a date range for the requested documents.  *See* Ex. 8

4   (October 15, 2012 email from Hamm).  Defendants immediately provided her with a

5   definitive date range (January 1, 2011 to the present), continuing their attempts to

6   reasonably work with Hamm and obtain documents responsive to their Subpoena.  *See*

7   Ex. 9 (October 15, 2012 letter from Ashlee Fletcher).[3]

8         On October 16, 2012, Hamm informed Plaintiffs she would comply with the

9   Subpoena and requested she have until November 15, 2012 to produce responsive

10  documents, as she was in the process of relocating the Middle Ground office.  *See* Ex. 10

11  (October 16, 2012 email from Hamm).  In their October 18, 2012 letter, Defendants

12  confirmed Hamm's proposed compliance date, agreed to it, and provided Hamm with a

13  pickup time and location.  *See* Ex. 11 (October 18, 2012 letter from Ashlee Fletcher).

14  Accompanying Defendants' October 18, 2012 letter was a preservation notice, advising

15  Hamm to refrain from destruction of documents in light of Middle Ground's upcoming

16  move.  *See* Ex. 12 (Preservation Notice).

17        On October 17, 2012, in an obvious move to avoid compliance with the

18  Subpoena, Plaintiffs removed Hamm as a witness through the filing of an Amended

19  Disclosure Statement.[4]  *See* Ex. 13 (Amended Disclosure Statement).  The next day,

20  Hamm informed Defendants that as a result of Plaintiffs removing her as a witness, she

21  saw "absolutely no reason whatsoever to comply with a subpoena for records from Middle

22  Ground Prison Reform."  *See* Ex. 14 (October 18, 2012 email from Hamm).  She went on

23  to say, "We will not comply with any subpoena for such records, and you are free to

---

[3] Due to a clerical error, the letter contained a date of January 11, 2012 instead of January 11, 2011.  Defense counsel communicated this error to Hamm and both parties were operating under the understanding that documents would be produced from January 11, 2011 to the present.

[4] By then, of course, it was known that Hamm and Plaintiffs were exchanging information and documents as evidenced by the use of the documents at depositions.

pursue whatever remedies you feel might potentially be available to you."  Hamm additionally objected to compliance with the Subpoena because "the requested records contain private information about the medical conditions or records of individuals for whom we advocated from January 1, 2011 to the present."  *Id.*

Hamm's latest position is confusing, given her previous agreement to comply with the Subpoena.  In fact, and as discussed above, after Defendants advised Hamm of the valid protective order; she agreed to comply with the Subpoena despite previous objections.  Her resurrection of this objection simply because she was removed from an initial disclosure statement is perplexing.  Defendants asked for authority to support her position that being removed from an initial disclosure statement somehow absolved a third party from compliance with a subpoena.  *See* Ex. 15 (October 19, 2012 letter from Ashlee Fletcher, without attachment).  Hamm failed to respond to Defendants' letter.  Thus, Defendants have reached an impasse and have no choice but to request this Court compel Hamm and Middle Ground to produce documents responsive to Defendants' Subpoena Duces Tecum.  The Court should grant Defendants' Motion given the efforts Defendants have made to retrieve documents responsive to their Subpoena Duces Tecum, as discussed above, and for the reasons set forth below.

## II.   ARGUMENT

### A.   Defendants Are Entitled to Discovery of Hamm's Middle Ground Records

Defendants are entitled to discover non-privileged information that is relevant to any party's claim or defense including documents or other tangible things.  *See* Rule 26(b)(1).  Rule 34 provides that "a person not a party to the action may be compelled to produce document and things or to submit to an inspection as provided in Rule 45."  Fed.R.Civ.P. 34(c).   A person issued a subpoena may be compelled to produce all documents which they possess, have custody of, or control.  *See In re Citric Acid Litigation*, 191 F.3d 1090, 1106-07 (9th Cir. 1999).  The primary method for requesting that a non-party produce documents is by subpoena under Federal Rule of Civil Procedure

45.  *See* Fed.R.Civ.P. 34(c) and Fed.R.Civ.P. 45.  Rule 45 subpoenas allow a party to command a non-party to produce books, documents, or tangible items in its possession, custody, or control. Fed.R.Civ.P. 45(a)(1)(C).  If a non-party objects, the party serving the subpoena may move to compel compliance with the subpoena.  *See* Fed.R.Civ.P. 45(c)(2)(B).  On the other hand, a court may order that the non-party produce the documents if the party serving the subpoena shows a substantial need for the material that cannot otherwise be met without undue hardship.  Fed.R.Civ.P. 45(c)(3)(B)(iii).  Federal Rule of Civil Procedure 45 provides that "failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  *See* Fed.R.Civ.P. 45(e).

### B.    Hamm Failed to Provide an Adequate Excuse for Her Failure to Comply with Defendants' Subpoena Duces Tecum Pursuant to Rule 45.

Hamm provided a multitude of excuses for her refusal to comply – none of which hold any weight.  Her excuses are far-reaching; ranging from privacy concerns and undue burden, to weather conditions.  Regardless of the inadequacy, Defendants have eliminated the concerns behind each of Hamm's objections.  Particularly, by providing Hamm with a valid protective order (alleviating her concerns regarding HIPAA [5] violations), offering to assist in sorting through documents (eliminating her alleged need to pay a person "20.00 per hour" to sift through records), and asking she comply with the Subpoena in the fall months so that she would not be required to gather documents "in a non-air-conditioned storage unit in Tempe, Arizona during the peak of the summer."

Specifically, with regard to Hamm's objection based on a need for releases in order to produce records, it seems logical that Hamm previously obtained releases if she was in possession of Plaintiffs' medical records.  If any of the Plaintiffs provided Hamm their medical records without a release, they waived any privilege and no longer have an expectation of privacy in the records.  Further, Defendants' requests were not limited to medical records, as Defendants asked for *documents* regarding Plaintiffs.  These

---

[5] Health Insurance Portability Accountability Act.

documents would encompass items such as letters and emails from Plaintiffs' family members – items that have no HIPAA ramifications whatsoever.

Hamm's most recent objection, that she does not have to comply with the Subpoena because she will no longer be called as a witness, is completely unfounded and unsupported; however, Defendants still gave Hamm the opportunity to provide authority supportive of her position – she failed to do so.

Lastly, because Hamm previously agreed to comply with the Subpoena Duces Tecum, it cannot now be said that it is unduly burdensome for her to do so. Defendants provided Hamm with a reasonable date range for responsive documents and she agreed to produce such documents, despite her previous objection that the request was unduly burdensome. Hamm has thus waived her previous objection that the request was unduly burdensome. As such, Hamm should be compelled to produce documents responsive to Defendants' Subpoena Duces Tecum – as she previously agreed.

**C.** **Defendants Have a Substantial Need for the Requested Documents That Cannot Otherwise Be Met.**

Defendants have a substantial need for documents from Middle Ground responsive to their Subpoena Duces Tecum because Plaintiffs are not producing documents obtained from Middle Ground, and instead are blindsiding Defendants by revealing these documents for the first time in depositions, without prior disclosure. Additionally, as a prisoner rights advocacy organization, Middle Ground most likely has documents in its possession from inmates at all Arizona Department of Corrections facilities. One of Middle Ground's functions is to solicit inquiries from friends and families of inmates.[6] Given the purpose and goal of Middle Ground, Defendants will most likely obtain a candid view of facility conditions from responsive documents in Hamm's possession.

Many of the inmates who have written Middle Ground could well be individuals whom Plaintiffs seek to include as members of the class. Further, the type of

---

[6] *See http://www.middlegroundprisonreform.org/main/.*

8

information contained in documents from inmates to Middle Ground is anticipated to be relevant to the claims Plaintiffs assert in this litigation and claims Plaintiffs seek to have certified as a class action lawsuit.  Correspondence from inmates to Middle Ground likely contain thoughts regarding conditions of confinement and adequacy of health care. Middle Ground's self-proclamation as a "clearing house for relevant information affecting the incarcerated and their supporters" only further supports Defendants' need for this documentation.[7]  Information of this sort cannot be obtained from ADC or through the inmates themselves.  Furthermore, given that Middle Ground documents have come to light throughout this case, and the fact that Plaintiffs are using documents from Middle Ground to support their claims, it is clear the parties are working together – making compliance by Hamm to Defendants' Subpoena Duces Tecum even more important.

Hamm and Middle Ground possess documents directly relevant to this litigation given Plaintiffs' use of documents affixed with the Middle Ground Logo Stamp in depositions.  Defendants have a good faith basis to believe Hamm and Middle Ground possess documents responsive to Defendants' Subpoena Duces Tecum.  While true that Defendants would most likely not have subpoenaed Hamm but for Plaintiffs listing her in their Initial Disclosure Statement, they now have their own purpose and reason to seek documents from Hamm and Middle Ground.  That Hamm was removed by Plaintiffs as a witness to now avoid compliance with the Subpoena does not change the fact that Defendants may call her as a witness or that she still may possess potentially relevant and discoverable information, and she should be compelled to produce documents responsive to Defendants' Subpoena Duces Tecum.

## III.   <u>CONCLUSION</u>

For these reasons, Defendants request this Court compel Hamm and Middle Ground Prison Reform to produce documents responsive to Defendants' Subpoena Duces Tecum from January 1, 2011 to the present.

---

[7] *Id.*

1

**Certification of Counsel**

2        Pursuant to LRCiv 7.2(j), I certify that after personal consultation and sincere

3  efforts to do so, counsel has been unable to satisfactorily resolve the matter.

4        DATED this 26th day of October, 2012

5                         STRUCK WIENEKE, & LOVE, P.L.C.

6

7                By    /s/ Ashlee B. Fletcher
                                 Daniel P. Struck

8                             Kathleen L. Wieneke
                             Timothy J. Bojanowski

9                             Nicholas D. Acedo
                             Courtney R. Cloman

10                           Ashlee B. Fletcher
                           Anne M. Orcutt

11                       STRUCK WIENEKE, & LOVE, P.L.C.
                       3100 West Ray Road, Suite 300

12                       Chandler, Arizona  85226

13                       Arizona Attorney General Thomas C. Horne
                       Office of the Attorney General

14                       Michael E. Gottfried
                       Assistant Attorney General

15                       1275 W. Washington Street
                       Phoenix, Arizona 85007-2926

16

17                       *Attorneys for Defendants*
  2680720.1

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

      I hereby certify that on October 26, 2012, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |

6

| | |
|---|---|
| Amy Fettig: | afettig@npp-aclu.org |

7

8

| | |
|---|---|
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |

9

| | |
|---|---|
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |

10

| | |
|---|---|
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |

11

12

| | |
|---|---|
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |

13

| | |
|---|---|
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |

14

| | |
|---|---|
| Donald Specter: | dspecter@prisonlaw.com |

15

16

| | |
|---|---|
| James Anthony Ahlers: | jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |

17

| | |
|---|---|
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |

18

| | |
|---|---|
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |

19

20

| | |
|---|---|
| Jill Louise Ripke: | jripke@perkinscoie.com; jgable@perkinscoie.com |

| | |
|---|---|
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |

21

| | |
|---|---|
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |

22

23

| | |
|---|---|
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |

24

| | |
|---|---|
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |

25

| | |
|---|---|
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |

26

| | |
|---|---|
| Sara Norman: | snorman@prisonlaw.com |

27

| | |
|---|---|
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |

28

11

| | |
|---|---|
| Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| R. Scott Medsker: | rsmedsker@JonesDay.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Kamilla Mamedova: | kmamedova@jonesday.com |
| Jennifer K Messina: | jkmessina@jonesday.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| Eun Ae Suh: | ksuh@jonesday.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

Donna Leone Hamm
Middle Ground Prison Reform
139 E. Encanto Drive
Tempe, AZ 85281


/s/ Ashlee B. Fletcher