Donna Leone Hamm
Middle Ground Prison Reform
139 East Encanto Drive
Tempe, Arizona 85281
Tel.: (480) 966-8116
email: middlegroundprisonreform@msn.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>  Defendants. | CV-12-00601-NVW<br><br>**THIRD PARTY RESPONDENTS DONNA LEONE HAMM AND MIDDLE GROUND PRISON REFORM'S MOTION FOR PROTECTIVE ORDER** and **THEIR RESPONSE TO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH** *SUBPOENA DUCES TECUM* |

**COMES NOW** third party respondents Donna Leone Hamm and Middle Ground Prison Reform,[1] in which respondents **(1)** seek a protective Order pursuant to **FRCP 26(c)(1)** with regard to Defendants' Motion to Compel compliance with a (now defunct) *subpoena duces tecum;* **(2)** and respond to the Motion to Compel pursuant to **FRCP 45(c)(3)(A)(iv)** (undue burden on recipient) and pursuant to **FRCP 45(c)(3)(C)(i)** (challenging Defendant's assertion of substantial need for material and challenging Defendant's assertion that material cannot be obtained without undue hardship). Donna Leone Hamm and Middle Ground Prison Reform (hereinafter, "**DLH/MGPR**") **(1)** request this Honorable Court issue a protective Order, **(2)** request this Court require timely service by Defendants of a subpoena

---

[1] Donna Leone Hamm is the volunteer Executive Director of Middle Ground Prison Reform.

1

that properly identifies a specific time frame for documents sought prior to any attempt on the part of Defendants to seek an Order compelling compliance, **(3)** request this Court quash the subpoena previously served on the ground that the subpoena became defunct as a result of action taken by Defendants prior to their seeking an Order to Compel, **(3)** request this Court direct Defendants to cease the use of pejorative conspiracy innuendo in future communication with DLH/MGPR, and **(4)** request this Court direct Defendants to demonstrate <u>both</u> **(a)** that Defendants have substantial need for any documents from DLH/MGPR and **(b)** that Defendants are unable to obtain such documents from other sources without undue hardship.

**RESPECTFULLY SUBMITTED** this 5 day of November, 2012.

*/s/ Donna Leone Hamm*
Donna Leone Hamm, for herself and as Executive Director of Middle Ground Prison Reform,
Third Party Respondents to Motion to Compel

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  RELATIONSHIP BETWEEN THE CURRENTLY PENDING MOTION TO COMPEL AND THE DEFUNCT *SUBPOENA DUCES TECUM* PREVIOUSLY SERVED ON AUGUST 2, 2012**

<u>**Defendants' Misleading Implication**</u>. Defendants' **10/26/2012 Motion to Compel (Doc.205)** asserts that it is related to a subpoena served on August 2, 2012, which requested production of documents by August 13, 2012. *See* **Doc.205**, at page 2 of 12, lines 3-4. This assertion is technically correct (that is, the Motion is related to that subpoena), but the subpoena served on that date subsequently became defunct, thus invalidating Defendants' attempt to seek an Order to Compel. By relating the Motion to Compel to the defunct subpoena, Defendants mislead this Court by implying that Respondents DLH/MGPR have refused to comply since August 13, 2012. This is patently incorrect.

<u>**Defendants' Subsequent Action Rendered the August 2, 2012 Subpoena**</u>

2

**No Longer Functional.** On September 9, 2012, Mr. Tim Bojanowski, an attorney representing Defendants, sent DLH/MGPR a letter indicating that the **08/02/2012 Subpoena** was no longer functional and that there would be no further effort to obtain documents pursuant to that subpoena. *See* **Doc.205-1,** at page 13 of 51 (*i.e.,* Defendants' **Exhibit 4**) (that letter stated as follows: *"We are in receipt of your letter dated August 30, 2012 in which you indicate that you have been expressly informed by Plaintiffs' counsel that they do not intend to call you as a witness at trial.* ***Your acknowledgement [sic] that you will not testify as a witness in this case is sufficient.****"*) (bold print added).

**DLH/MGPR's Initial Objection to Defendant's Subpoena.** Because the Defendants failed to limit the scope of the subpoena to any specific time frame, the original (now defunct) subpoena was vastly too great in scope to comply with. The organization of which Donna Leone Hamm is the Executive Director was formed in 1983 as an all-volunteer organization and has been operating as such ever since. Hamm's work since 1983 has been on a voluntary basis and all workers for MGPR are volunteers. The Defendants failed to indicate in any way that the actual scope of documents for which they desire production was 2011-12, until Defendants attempted to reinvigorate the defunct subpoena previously served on August 2, 2012. This important detail is brought to the Court's attention because Defendants' Motion to Compel attempts to cast DLH/MGPR's position as unreasonably obstructive from the beginning, a matter which is wholly inaccurate.

**DLH/MGPR's Good Faith Assertion.** The 09/09/2012 letter from Defendants rendering the **08/02/2012 Subpoena** defunct was based upon DLH/MGPR's good faith assertion that Plaintiffs expressly informed her that they would not be calling her as a witness at trial. This good faith assertion was presented to Defendants in a letter dated August 30, 2012, from MGPR and signed

by DLH ("...*we have been expressly informed by the attorneys for Plaintiff that they do not intend to call us to testify.*"). See **Doc.205-1,** at page 11 of 51 (*i.e.*, Defendants' **Exhibit 3**), at second and third lines of first full paragraph.

**Defendants' Communication with Plaintiffs Regarding the DLH/MGPR Subpoena.** On October 3, 2012, Defendants sent a letter to Plaintiffs stating:

> As a result of your disclosure [Plaintiffs Initial Disclosure Statement], Defendants subpoenaed both Hamm and [Bob ]Ortega[, reporter for the Arizona Republic newspaper]. Both individuals failed to comply with the subpoena and informed Defendants that Plaintiffs' counsel expressly instructed each of them that they would not be called as a witness at trial.
>
> If it is in fact true that neither of these individuals will be called as a witness at trial, please provide Defendants with a supplemental disclosure statement that does not include either of their names as persons likely to have discoverable information.

**Doc.205-1,** at page 15 of 51 (*i.e.*, Defendants' **Exhibit 13**), at second and third full paragraphs. As is immediately evident from the letter, the Defendants provided no specific time frame within which Plaintiffs would be expected to provide an amended disclosure statement removing DLH/MGPR from the witness list.

**Plaintiffs' Subsequent Formal Notice that DLH/MGPR Would Not Be Called as Witness at Trial.** On October 18, 2012, approximately two weeks from receipt of Defendant's letter regarding a supplemental disclosure statement, Plaintiffs served upon Defendants a formal notice that DLH/MGPR (and Bob Ortega) would not be called as a witness at trial. *See* **Individual Named Plaintiffs' First Supplemental Disclosure Statement,** a copy of which is found at **Doc.205-1,** at page 43 of 51. (*i.e.*, Defendants' **Exhibit 13**), at page 2. DLH/MGPR and Bob Ortega of the Arizona Republic were both removed from Plaintiffs' witness list.

**Defendants' Communication with DLH/MGPR in an Attempt to Reinvigorate the Defunct Subpoena of August 2, 2012.** On October 11, 2012,

Defendants served upon DLH/MGPR a letter which attempted to reinvigorate the defunct subpoena previously served on August 2, 2012, asserting that Plaintiffs had not filed a supplemental disclosure statement removing DLH/MGPR from their witness list. See **Doc.205-1,** at pages 25-26 of 51 (*i.e.*, Defendants' **Exhibit 7**). Defendants' letter to DLH/MGPR did not reference Defendants' October 3, 2012 letter to Plaintiffs, nor did it disclose that Defendants had not provided a specific time frame for Defendants to file an amended disclosure statement removing DLH/MGPR from the witness list. Instead, the date of October 11, 2012 was an arbitrary date unilaterally selected by Defendants. The letter seems to indicate that, because DLH/MGPR had not been removed as a potential trial witness by Defendants, the previously defunct subpoena was automatically reinvigorated by the failure of Plaintiffs to comply with an arbitrary time period secretly determined by Defendants, a deadline of which Plaintiffs had not been informed.

**Fundamentally Misleading Conduct By Defendants.** If Defendants wish to serve a new subpoena on DLH/MGPR, seeking documents, they are free to do so; <u>what they are not free to do is to deliberately mislead this Court</u> into believing that Defendants have "***continuously*** *attempted…to obtain documents responsive to the subpoena…,*" as asserted in the Motion to Compel. See **Doc.205,** at page 3 of 12, lines 1-2. It is highly improper for attorney Ashlee Fletcher to inform this Court that Defendants' attempt to obtain documents from DLH/MGPR has been **continuous** when Defendants' own **Exhibit 4** puts the lie to that statement.

**Respondent Donna Leone Hamm / Middle Ground Prison Reform's Position Regarding FRCP 45 and Service of a Subpoena for Documents.** To be precise, Respondent DLH/MGPR formally adopts the position that a subpoena that has been disavowed by the party serving the subpoena may not unilaterally be reinvigorated by means of an informal letter which fails to acknowledge the former

1 | disavowal (*"Your objection to the subpoena based on your personal allegation that you were informed that you would not testify is insignificant. That you may not be called as a witness is not a valid objection to not responding to a subpoena for documents."* see **Doc.205-1,** page 25 0f 51, third sentence of second full paragraph of Defendants' 10/11/2012 letter to Donna Leone Hamm).

**Internally Contradictory Positions Simultaneously Expressed by Defendants' Communication.** Defendants' position, as stated immediately above, not only fails to acknowledge the prior 09/09/2012 letter freeing DLH/MGPR from obligation under the subpoena (Defendant's **Exhibit 4**), but adopts a position precisely opposite to that stated in the letter (*"Your acknowledgement [sic] that you will not testify as a witness in this case is sufficient."*). This schizophrenic adoption of directly opposing views and their communication to the person to whom the subpoena was directed cannot be accepted. Internal communications between attorneys for Defendants is not the responsibility of a respondent. Hamm took attorney Bojanowski's letter as valid and the subsequent communications have not withdrawn it. Instead, on October 15, 2012, Defendants' attorneys sent a communication which both affirmed and denied the prior communication simultaneously (schizophrenically?):

> Mr. Bojanowski sent you a letter on October 11, 2012, which informed you that if you were not going to be called as a witness, we would withdraw the subpoena.
>
> ****
>
> Defendants have never informed you that you or Middle Ground were released from obligations under the subpoena duces tecum....
>
> ****
>
> Despite your contentions, Mr. Bojanowski's letter never informed you that Defendants were no longer attempting to obtain documents from Middle Ground or from you. Also, despite your allegations to the contrary, Defendants never terminated the subpoena nor was there ever an "official termination of any attempt to obtain documents."

1 | **Doc.205-1,** Defendants' **Exhibit 7,** pages 31-32 of 51, at page 31.

**Defendants' Self-Serving Reinterpretation of Mr. Bojanowski's Statements.** As can be seen from Defendants' material, Mr. Bojanowski's letter clearly did NOT *"inform[ ] [Respondent] that if [Respondent] w[as] not going to be called as a witness, we would withdraw the subpoena."* That is a self-serving interpretation of Mr. Bojanowski's statement that puts words in his mouth that he did not say and that do not constitute a necessary inference arising from his actual words. This is an example of converting *res ipsa loquitur* to *is opes quisquam volo is volo* (that is, converting *"it speaks for itself"* to *"it means anything I want it to mean"*).

**Formal Service of New Subpoena Required.** Accordingly, if Defendants wish to subpoena documents, then they need to follow the strictures of FRCP 45 and serve a subpoena for such documents. DLH/MGPR suggests that, in contrast to the prior, now-defunct, subpoena, the subsequent one should provide a time frame for documents sought, because documents dating back to 1983 are clearly not relevant to the current litigation. Further, it is suggested that a reasonable period of time be allowed for, since the four-day period designated on 10/11/2012 (*see* **Exhibit 7, Doc.205-1,** at page 26 of 51, last sentence of final paragraph) is patently unreasonable. If Respondents have any objections to such a properly served subpoena, those objections will be promptly identified in a timely manner.

II. **DEFENDANTS' SANCTIONABLE CONDUCT**

**Defendants Submitted to this Court A False Allegation, that Plaintiffs Consciously Engaged in Collusion with DLH/ MGPR for the Specific Purpose of Avoiding Compliance with Defendants' Subpoena.** In the Motion to Compel, Defendants baldly state to this Court that *"...[I]n an obvious move to avoid compliance with the Subpoena, Plaintiffs removed Hamm as a witness through the*

*filing of an Amended Disclosure Statement."* See Defendants' **10/26/2012 Motion to Compel (Doc.205)**, at page 5, lines 17-19. This outrageous conduct on the part of Defendants' attorney Ashlee Fletcher —*i.e.*, knowingly asserting a groundless claim of improper conduct against Plaintiffs and intentionally implicating DLH/MGPR in the deliberately deceptive allegation, should be subject to severe sanction by this Court. Defendants expressly informed Plaintiffs in writing that DLH/MGPR had stated that Plaintiffs informed DLH that they were not going to call her as a witness at trial, and expressly invited Plaintiffs to submit an amended disclosure statement removing DLH/MGPR from Plaintiffs' witness list, *see* Defendants' **Exhibit 13, (Doc.205-1,** at page 15 of 51); and then, when Plaintiffs confirmed DLH's statement by formally submitting a First Supplemental Disclosure Statement, Defendants claimed that compliance with their request constituted collusive behavior intended for the purpose of avoiding compliance with a subpoena. If this conduct is allowed to stand, then Defendants' attorneys will not be able to be taken at their word for any statements they may make during the representation of Defendants in this action.

### III. DEFENDANTS' STATED BASIS OF SUBSTANTIAL NEED FOR DOCUMENTS FROM DLH/MGPR IS LUDICROUS

<u>Unexplained Difference In Defendant's Treatment of Actual Source of Document and Treatment of DLH/MGPR.</u> When Defendants were notified by Plaintiffs that Arizona Republic reporter Bob Ortega was not going to be a witness, Defendants immediately ceased all efforts to obtain documents from him. This reveals the spurious nature of Defendants' claim of substantial need for documents from DLH/MGPR, because the very document which allegedly caused Defendants to attempt to reinvigorate the defunct subpoena for DLH/MGPR was a document distributed by Defendants to the news media which DLH/MGPR subsequently

received from Andrew Patterson, a reporter for KPHO TV-5 and which was further subsequently used by Plaintiffs in a deposition. The document — Defendants' **Exhibit 6** (*i.e.*, **Doc.205-1**, at pages 17-23 of 51) —is a letter on the subject of inmate health care, dated September 21, 2012, and authored by Joe Profiri, Contract Beds Operations Director for the Arizona Department of Corrections — *i.e.*, the Defendants themselves.

**How the MGPR Stamp Came To Be Placed On the Document Authored by Defendant Arizona Department of Corrections.** Prior to the deposition, Plaintiffs saw an image of the document on a report on the local CBS television station, Channel 5 KPHO, and called Donna Leone Hamm, who had been interviewed by Mr. Patterson on September 29, 2012, as part of that television report, to learn if she had a copy of that document. Hamm informed Plaintiffs that the KPHO reporter had provided her with a copy of the document to prepare for the interview. In response to Plaintiffs' request, Hamm placed the MGPR stamp on the copy of the document and faxed the copy to Plaintiffs.

**Defendants' Failure to Disclose Document to Plaintiffs While Distributing the Document to the News Media.** According to Defendants' Motion to Compel, Plaintiffs used the document during a deposition:

> ...Plaintiffs used a document containing Middle Ground's stamp as an exhibit during a deposition. *See* Ex. 6 (Middle Ground document used as exhibit). This document was used by Plaintiffs in the deposition without any prior disclosure to Defendants and despite the outstanding subpoena to Middle Ground. Although Hamm previously was unwilling to confirm whether she had documents responsive to the Subpoena, use of Middle Ground documents by Plaintiffs in depositions confirmed that Hamm and Middle Ground were in possession of documents directly relevant to this litigation. As such, Defendants again attempted to obtain responsive documents from Donna Hamm.

**Defendants' Motion to Compel, Doc.205,** at page 4, lines 9-17. Apparently,

Defendants failed to voluntarily disclose that document to Plaintiffs prior to the deposition, but did distribute the document to the news media. What is important, however, is that the document is not a *"Middle Ground document;"* it is a Department of Corrections document, authored by the Defendants, not disclosed by Defendants prior to the deposition, and obtained from a television reporter who broadcast a report on inmate health care in which DLH/MGPR was interviewed. In other words, what the document shows is that reporters have documents relevant to the litigation, and yet Defendants have ceased all efforts to obtain documents from reporter Bob Ortega while attempting to reinvigorate a defunct subpoena for DLH/MGPR, on the basis of a document authored by their own clients and obtained from a reporter.

**The Actual Source of the Document Was Known to Defendants Prior to Preparation of Their Motion to Compel.** The gist of this information was known to attorneys for Defendants prior to the filing of the Motion to Compel, because it was discussed in an email from DLH/MGPR to Defendants' attorneys Sherri Wolford and Ashlee Fletcher on October 15, 2012:

> The documents which were attached to the email sent to me on October 11th -- and the only document relevant to Middle Ground -- revolves around a letter sent by your client to Wexford Healthsources which was apparently distributed to the media by the ADOC and which I recall was emailed to me by news media wishing to interview me about my opinions on the content of the letter. I downloaded a copy of the letter and faxed it to James Lyall at the ACLU. Since the letter was emailed by me to another party, I added a rubber stamp marked "COPY" and added Middle Ground's name as the source of the fax to ACLU. It is important for you to note that the date of the letter to Wexford from the DOC is September 21, 2012 -- eight days after Mr. Bojanowski's letter to me terminating the Subpoena duces tecum previously served.

**Exhibit 8** of **Doc.205-1,** pages 28-29 of 51, at last paragraph of page 28.

**The Document Cited By Defendants As Demonstrating Need for**

**Documents From DLH/MGPR Belies Defendants' Claim.** The only document which Defendants have disclosed as a *"Middle Ground document,"* and thus calling for reinvigoration of a defunct subpoena is a document distributed by Defendants to the news media, a copy of which passed through Middle Ground's hands on its way to the Arizona Civil Liberties Union. **This utterly fails to demonstrate substantial need for documents from DLH/MGPR.** Further, the fact that Defendants immediately ceased all efforts to obtain documents from Bob Ortega, a newspaper reporter, while harassing DLH/MGPR on the basis of a document distributed by Defendants to the news media is quite telling. Somehow the news media —the actual source of the document under discussion —became irrelevant to Defendants' alleged need for documents responsive to subpoena, while a person through whose hands the document incidentally passed during an interview became essential.

**Evidence of Defendants' Ulterior Motives, Specious Claims, and Outrageous Conduct.** This course of conduct constitutes additional evidence of ulterior motive, masked by specious claims and outrageous allegations of collusion, and supported by a laughable statement of need ("...*use of Middle Ground documents* [*i.e.*, one document, not disclosed to Plaintiffs by Defendants, distributed by Defendants themselves to the news media, and passing through MGPR's hands during a television interview] *by Plaintiffs in depositions confirmed that Hamm and Middle Ground were in possession of documents directly relevant to this litigation,"* **Doc.205,** at page 4, lines 14-16). Actually, what it proves is that Defendants continue to author documents that are directly relevant to the litigation, not that MGPR possesses documents directly relevant to the litigation.

IV. **DEFENDANTS' ASSERTION THAT THEY MAY CALL DLH/MGPR AS A WITNESS AT TRIAL IS DISINGENUOUS AND INSINCERE, AND EVIDENCES A LACK OF CANDOR TOWARD THE COURT**

**Defendants' Misleading Use of Language In An Attempt to Obtain This Court's Support for Their Motion to Compel.** Defendants made the absurd statement that they may call DLH/MGPR as a witness at trial. If the word *"may"* is interpreted to mean that they have the power and the right to do so under the law, then the statement is correct; if the word *"may"* is interpreted to mean that they might actually do so, it is insincere, false, and bespeaks an utter lack of candor toward the Court. Defendants will not call Hamm as a witness, and made the statement about calling her as a witness while knowing that they will not do so. The statement was made only for the purpose of attempting to demonstrate some basis for a subpoena for documents directed to DLH/MGPR, and for no other reason or purpose whatsoever. Inasmuch as the other basis for a subpoena relates exclusively to the document that was produced by Defendants, not timely disclosed to Plaintiffs, and distributed by Defendants to the news media, it is clear that Defendants have no compunction whatsoever about asserting specious claims in order to further their own interests, and in order to use the power of this Honorable Court toward that inappropriate end.

## V. DEFENDANTS HAVE NO NEED FOR A SUBPOENA DIRECTED TOWARD DONNA LEONE HAMM OR MIDDLE GROUND PRISON REFORM

**Defendants Have Been the Recipients of Documents From DLH/MGPR.** Defendants already possess the documents that they seek, because each time that DLH/MGPR advocates for a prisoner, she communicates with Defendants, usually by email, and thus the documents are already available to Defendants' attorneys without any necessity for burdening Donna Leone Hamm, the volunteer director of Middle Ground Prison Reform, with the task of determining which documents might reasonably be responsive to a subpoena.

## CONCLUSION

**WHEREFORE,** based upon the foregoing, respondent Donna Leone Hamm respectfully requests the Court issue a protective order and deny Defendants' Motion to Compel Compliance with Defendants' previously served and subsequently defunct *Subpoena Duces Tecum*.

**RESPECTFULLY SUBMITTED** this 5 day of November, 2012.

*/s/ Donna Leone Hamm*
Donna Leone Hamm, for herself and as Executive
Director of Middle Ground Prison Reform,
Third Party Respondents to Motion to Compel

## STATEMENT OF FILING AND SERVICE

I hereby certify that an Original and/or Copies of the foregoing document were Filed / Served as noted below this 5th day of November, 2012:

Original Filed by hand delivery to: Richard Weare, Clerk, U.S. District Court, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003;

One Copy of the foregoing sent by First Class Mail addressed to: The Honorable Neil V. Wake, United States District Court, Sandra Day O'Connor U.S. Courthouse, Suite 524, 401 West Washington Street, SPC 52, Phoenix, AZ 85003;

One Copy of the foregoing sent by First Class Mail addressed to: Arizona Attorney General Thomas C. Horne, Office of the Attorney General, Michael E. Gottfried, State Bar No. 010623, Assistant Attorney General, 1275 West Washington Street, Phoenix, Arizona 85007 (Attorneys for Defendants); and

One Copy of the foregoing sent by First Class Mail addressed to: Ashlee B. Fletcher, State Bar No. 028874, Struck Wieneke, & Love, P.L.C., 3100 West Ray Road, Suite 300, Chandler, Arizona 85226 (Attorneys for Defendants); and

One digital copy of the foregoing sent by email to the persons / addresses listed on the following page.

By */s/ Donna Leone Hamm*
Donna Leone Hamm

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | Dbarr@oerkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi(@,npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Anthony Ahlers: | jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | Jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabililtylaw.org |
| Jill Louise Ripke: | jripke@perkinscoie.com; jgable@perkinscoie.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@Perkinscoie.com |
| Mathew Benjamen de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| Asim Varma: | avarrna@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmm@azdisabilitylaw.org |
| Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| David C. Kiernan: | dkieman@jonesday.com; lwong@jonesday.com |
| R. Scott Medsker: | rsmedsker@JonesDay.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com; dkkerr@jonesday.com |
| Kamilla Mamedova | krnamedova@jonesday.corn |
| Jennifer K Messina: | jkrnessina@jonesday.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org |
| Eun Ae Suh: | ksuh@jonesday.com |
| Anne M. Orcutt: | aorcutt@swlfirm.com |
| Ashlee B. Fletcher: | afletcvher@swlfirm.com; swolford@swlfirm.com |
| Courtney R. Cloman: | ccloman@swlfirm.com |
| Daniel P. Struck: | dstruck@swlfirm.com |
| Kathleen L. Wieneke: | kwieneke@swlfirm.com |
| Nicholas D. Acedo: | nacedo@swlfirm.com |
| Rachel Love: | rlove@swlfirm.com; cwebb@swlfirm.com |
| Timothy J. Bojanowski: | tbojanowski@swlfirm.com |