Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org
         kflood@acluaz.org
         jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
Stephen Swartz, Dustin Brislan, Sonia Rodriguez,
Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert
Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner,
Joshua Polson, and Charlotte Wells, on behalf of
themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON
 SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **PRISONER PLAINTIFFS' MOTION TO SEAL ITEMS ASSOCIATED WITH MOTION FOR CLASS CERTIFICATION** <br><br> **-AND-** <br><br> **NOTICE OF LODGING UNDER SEAL** |

1

**Motion**

2       Pursuant to LRCiv 5.6, Prisoner Plaintiffs move for an order directing the clerk to

3   file the following documents under seal because these documents, or designated portions

4   thereof, contain information confidential to Prisoner Plaintiffs: Prisoner Plaintiffs' Motion

5   for Class Certification; and Exhibits D, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, V, VVV,

6   WWW, XXX, YYY, and ZZZ to the Declaration of David Fathi.

7       Pursuant to LRCiv 5.6(d) and the Protective Order [Doc. 140], Prisoner Plaintiffs

8   have lodged under seal the following documents, or portions thereof, because they may

9   contain information Defendants consider confidential: Prisoner Plaintiffs' Motion for

10  Class Certification; Declaration of David Fathi; and Exhibits B, C, D, U, FF, GG, II, MM,

11  NN, OO, PP, QQ, TT, UU, VV, WW, XX, YY, ZZ, AAA, BBB, CCC, DDD, EEE, FFF,

12  GGG, JJJ, KKK, RRR, SSS, TTT, and UUU to the Declaration of David Fathi. Prisoner

13  Plaintiffs take no stance the sealing of these documents.

14      Some of the above documents are proposed to be fully sealed because they are

15  documents Defendants designated under the Protective Order: Exhibits FF – GG; Ex. II;

16  Exhibits MM – QQ; Exhibits TT – ZZ; Exhibits AAA – GGG; Exhibits JJJ – KKK, and

17  Exhibits RRR – UUU.

18      Other documents above are deposition transcripts and declarations, only portions of

19  which contain information confidential to either party: Exhibits B – D; Exhibits F – S;

20  Exhibits U – V, and Exhibits VVV – ZZZ. Accordingly, Prisoner Plaintiffs have filed

21  public versions of those documents, carefully redacting information confidential to

22  Plaintiffs, as well as taking reasonable efforts to redact information Defendants may deem

23  confidential.

24                  **Memorandum of Points and Authorities**

25      **A.    Description of the Documents**

26      Prisoner Plaintiffs' claims arise out of systemic inadequacies in the health care and

27  conditions of confinement provided by Defendants to inmates in ADC facilities. Thus,

28  Plaintiffs' Motion for Class Certification and the accompanying exhibits include inmates'

1   confidential medical, dental, and mental health care information, conditions of
2   confinement in ADC facilities, and ADC policies and practices.

3        In particular, Prisoner Plaintiffs have moved to seal the following documents, or
4   designated portions thereof, because they contain prisoners' confidential health care
5   information:

6   • Prisoner Plaintiffs' Motion for Class Certification, p. 7:12;

7   • Ex. D (Declaration of Jay D. Shulman) ¶¶ 34-36, 53-54, 62-63, 68;

8   • Exs. F – S (Declarations of 14 Named Prisoner Plaintiffs), various portions
9     thereof and exhibits attached thereto;

10  • Ex. V (Deposition Transcript of Tracy Crews, M.D.) pp. 136, 138;

11  • Exs. VVV – ZZZ (Excerpts of health records of Maryanne Chisholm, Victor
12    Parsons, Joshua Polson, Stephen Swartz, and Charlotte Wells).

13       Prisoner Plaintiffs also have lodged under seal certain exhibits, or have redacted
14  designated portions thereof, because Defendants have marked the documents as subject to
15  the Protective Order and have not agreed to lift that designation, or because the document
16  references such confidential documents:

17  • Prisoner Plaintiffs' Motion for Class Certification, pp. 4:17-24, 5:24-25, 6:14-24
18    7:2-5, 11:20-24;

19  • Declaration of David Fathi, p. 6:15-21;

20  • Ex. B (Declaration of Pablo Stewart, M.D.) ¶¶ 25-27, 33;

21  • Ex. C (Declaration of Robert L. Cohen) ¶¶ 7-9, 13, 15, 17, 22-30, 36-38, 42-44;

22  • Ex. D (Declaration of Jay D. Shulman) ¶¶ 30-31;

23  • Ex. U (Deposition Transcript of Richard Pratt) pp. 27, 36, 52, 55, 57;

24  • Ex. FF (Letter from Karen Mullenix to Joe Profiri, Oct. 1, 2012 (ADC027941 –
25    43));

26  • Ex. GG (Letter from Deputy Warden McCarville to [redacted] Alcaraz, Apr. 27,
27    2011 (ADC025768 - 70));

28

- Ex. II (Email from Sumi Erno to Karen Mullenix and Linda Maschner, Sept. 5, 2012, subject: "LPN Nwaohia" (ADC027911));

- Ex. MM (Memo from Terry L. Allred to Joe Profiri, Aug. 13, 2012 (ADC028112 -14));

- Ex. NN (Memo from Helena Valenzuela to Joe Profiri, Aug. 13, 2012 (ADC028140 - 42));

- Ex. OO (Memo from O. Valencia to Warden Hetmer, Mar. 26, 2012 (ADC026930-45));

- Ex. PP (Memo from Karyn Christie to Joe Profiri, Aug. 13, 2012 (ADC028148 – 49));

- Ex. QQ (Memo from John Mitchell to Joe Profiri, Aug. 17, 2012 (ADC028171 – 72));

- Ex. TT (Memo from Dennis Chenail to Joe Profiri, Aug. 13, 2012 (ADC028167));

- Ex. UU (Memo from Dennis Kendall to Joe Profiri, Aug. 13, 2012 (ADC028123 – 26));

- Ex. VV (Memo from Kathy Campbell to Joe Profiri, Aug. 20, 2012 (ADC028159 –61));

- Ex. WW (Memo from Kathy Campbell to Joe Profiri, Aug. 20, 2012 (ADC028128 - 29));

- Ex. XX (Memo from Kathy Campbell to Joe Profiri, Aug. 13, 2012 (ADC028143));

- Ex. YY (Memo from Vanessa Headstream to Joe Profiri, Aug. 17, 2012 (ADC028144 – 46));

- Ex. ZZ (Memo from Vanessa Headstream to Joe Profiri, Aug. 17, 2012 (ADC028168 - 70));

- Ex. AAA (Memo from Karen Mullenix to Joe Profiri, Jeff Hood, and Dan Conn, Sept. 17, 2012 (ADC027890 - 96));

- Ex. BBB (Death Investigation of [Inmate] (ADC025110 - 38));

- Ex. CCC (Death Investigation of [Inmate] (ADC024171 - 221));

- Ex. DDD (Death Investigation of [Inmate] (ADC024949 - 82));

- Ex. EEE (Death Investigation of [Inmate] (ADC025140 - 71));

- Ex. FFF (Death Investigation of [Inmate] (ADC026957 - 7022));

- Ex. GGG (ADC Internal Investigation Report, Apr. 26, 2012 (ADC026964 - 93));

- Ex. JJJ (Weekly Non-Compliance Report, ASPC-Perryville, Aug. 13, 2012 (ADC028131 – 33));

- Ex. KKK (Wexford Health Sources Inmate Wait Times, Aug. 2012 (ADC028020 - 22));

- Ex. RRR (Memo from Dennis G. Chenail to Joe Profiri, Aug. 20, 2012 (ADC028173));

- Ex. SSS (Memo from Dennis Kendall to Joe Profiri, Aug. 17, 2012 (ADC028107 - 10));

- Ex. TTT (Excerpts of Contract Monitoring Bureau Report, Aug. 8-13, 2012);

- Ex. UUU (Wexford Vacancies Report, July 31, 2012 (ADC028188));

   **B.    Plaintiffs Have Demonstrated Good Cause To Seal Documents Including or Referencing Prisoners' Health Care Information.**

On September 21, 2012, this Court entered a Protective Order governing this matter, which requires that information designated under the protective order "shall be filed under seal" with the Court. [Doc. 140 ¶ 4] Plaintiffs have moved to seal exhibits that either are designated under the protective order or discuss information designated under the protective order.

Because a protective order alone does not warrant sealing, Prisoner Plaintiffs also have set forth below good cause for sealing exhibits containing Plaintiffs' medical information. LRCiv 5.6(b); s*ee also D'Agnese v. Novartis Pharmaceuticals Corp.*, CV 12-0749-PHX-JAT, 2012 WL 3744717, at *1-2 (D. Ariz. Aug. 27, 2012) ("the Ninth Circuit .

1   . . has been clear that, even if a document has previously been allowed to be filed under

2   seal or protective order, the [Ninth Circuit sealing] standard must be satisfied each time

3   the party seeks to seal a document") (citing *Kamakana v. City & County of Honolulu*, 447

4   F.3d 1172, 1179 (9th Cir. 2006) (emphasis omitted)).

5        Documents associated with a non-dispositive motion should be sealed if there is

6   "good cause" to do so. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009).

7   In particular, good cause exists to seal a prisoner plaintiff's confidential medical

8   information. *See Bell v. Perry*, 3:11-CV-00745-RCJ-WGC, 2012 WL 3779057, at *4 (D.

9   Nev. Aug. 30, 2012) (where prisoner plaintiff alleged deliberate indifference to serious

10  medical needs, finding good cause to seal plaintiff's medical records); *Seals v. Mitchell*,

11  CV 04-3764 NJV, 2011 WL 1233650, at *5 (N.D. Cal. Mar. 30, 2011) (sealing documents

12  revealing information about prisoner plaintiff's medical records). Other cases sealing

13  medical and other personal information are legion.[1]

14       Various exhibits attached to the Motion for Class Certification contain prisoners'

15  confidential medical information. The filing of each of these exhibits was necessary to

16  demonstrate Defendants' policies and practices of providing inadequate health care.

17       • Prisoner Plaintiffs' Motion for Class Certification, at page 7, contains details

18          about an inmate's confidential medical information and citations to exhibits that

19          Plaintiffs have moved to seal.

20

21       [1] *Lombardi v. TriWest Healthcare Alliance Corp.*, CV-08-02381-PHX-FJM, 2009
    WL 1212170, at *1 (D. Ariz. May 4, 2009) (sealing exhibits containing "sensitive
22  personal and medical information"); *Apostol v. Castro Valley Unified Sch. Dist.*, C 09-
    02676 JSW, 2011 WL 5104361, at *1 n.1 (N.D. Cal. Oct. 27, 2011) (sealing plaintiff's
23  medical records where plaintiff had alleged ADA and FMLA claims); *G. v. Hawai'i*, CIV.
    08-00551 ACK-BMK, 2010 WL 2607483, at *1 (D. Haw. June 25, 2010) (where the court
24  had entered a protective order covering "Protected Health Information" in an ADA case,
    holding that the "need to protect medical privacy qualifies as a 'compelling reason'" to
25  seal); *United States ex rel. Lockyer v. Hawaii Pac. Health*, CIV. 04-00596 ACK-LEK,
    2007 WL 128853, at *1 (D. Haw. Jan. 10, 2007) (sealing patient medical records that
26  "reveal confidential and private health information relating to details of treatment,
    diagnoses, prescriptions, and other sensitive information"); *Abbey v. Hawaii Employers*
27  *Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010), on reconsideration
    in part (Feb. 7, 2011) ("The need to protect medical privacy qualifies as a 'compelling
28  reason' that overcomes the presumption of public access to judicial records.").

- Exhibit D is the Declaration of Jay D. Shulman. Paragraphs 34-36, 53-54, 62-63, and 68 contain specific discussion of inmates' dental needs and dental care, as well as related discussion of inmates' medical needs and medical care. The filed, public version of this exhibit also contains redactions at Paragraphs 30 and 31 because they may contain information confidential to Defendants.

- Exhibits F through S are declarations of the 14 named Prisoner Plaintiffs. Each declaration includes extensive details about the Prisoner Plaintiffs' medical, dental, and mental health needs and treatment. These declarations explain both injuries and conditions suffered by prisoners, as well as the treatment, or lack thereof, provided by ADC. Additionally, Prisoner Plaintiffs have moved to seal medical records attached to Exhibits F, G, H, J, and N because those records detail inmates' injuries and symptoms, requests for treatment, and the treatment provided.

- Exhibit V is the deposition transcript of Tracy Crews, M.D., in which Dr. Crews provides detailed testimony about the health care provided to a particular inmate.

- Exhibits VVV through ZZZ are excerpts of health records of Plaintiffs Chisholm, Parsons, Polson, Swartz, and Wells. Each of these documents contains actual medical records, which detail injuries and symptoms, requests for treatment, and the treatment provided.

In an effort to ensure public access to court documents, Prisoner Plaintiffs have taken care to redact only those portions of the exhibits that contain confidential information.

**C.    Pursuant to LRCiv 5.6(d), Prisoner Plaintiffs have taken reasonable efforts to protect from public dissemination information Defendants may deem confidential.**

As required by Local Rule 5.6(d), the parties have conferred in good faith. Plaintiffs agreed to lift the protective order designation from several documents (Exs. EE, RR, and SS) but the parties were otherwise unable to reach a stipulation to jointly request that the remaining documents be sealed. Defendants' position is that the documents they

designated should remain confidential and that Paragraph 4 of the Protective Order, combined with Local Rule 5.6, obligates Prisoner Plaintiffs to file under seal all documents Defendants designated under the Protective Order. [*See* Doc. 140 ¶ 4 (Protective Order) (designated materials "shall be filed under seal"). Plaintiffs, however, believe that additional information beyond the language in the Protective Order must be provided to the Court to satisfy Local Rule 5.6 and the Ninth Circuit standard. Defendants have stated that, as allowed by LRCiv 5.6(d), they will file a motion to seal their confidential information within 14 days.

Plaintiffs, therefore, have lodged under seal exhibits that Defendants have designated under the Protective Order (Exhibits FF – GG; Ex. II; Exhibits MM – QQ; Exhibits TT – ZZ; Exhibits AAA – GGG; Exhibits JJJ – KKK; and Exhibits RRR – UUU). Several other exhibits (Exhibits B, C, D, U, and V), including Plaintiffs' expert declarations and some deposition testimony, refer to or describe the contents of those documents. Defendants, of course, could not have designated declarations prepared by Plaintiffs' experts under the Protective Order. Defendants also have not designated any of the deposition transcripts under the Protective Order. In a good faith effort to protect Defendants' information, Plaintiffs have redacted portions of Exhibits B, C, D, U, and V that appear to discuss or describe documents designated under the Protective Order.

Along the same lines, Plaintiffs have redacted portions of the Declaration of David Fathi and the Motion for Class Certification that contain information designated confidential under the Protective Order.

### Conclusion

For the foregoing reasons, this Court should grant Prisoner Plaintiffs' motion to seal and should permit Defendants 14 days to file a motion to seal if they desire. Once all sealing motions have been decided, Plaintiffs are prepared to file and/or to consult with Defendants to file revised public versions of all documents reflecting the Court's sealing orders.

| | |
|---|---|
| 1 | Dated:  November 9, 2012 |

**PERKINS COIE LLP**

By:  s/Daniel C. Barr
      Daniel C. Barr (Bar No. 010149)
      Jill L. Ripke (Bar No. 024837)
      James A. Ahlers (Bar No. 026660)
      Kirstin T. Eidenbach (Bar No. 027341)
      John H. Gray (Bar No. 028107)
      Thomas D. Ryerson (Bar No. 028073)
      Matthew B. du Mée (Bar No. 028468)
      2901 N. Central Avenue, Suite 2000
      Phoenix, Arizona 85012
      Telephone:  (602) 351-8000
      Email:    dbarr@perkinscoie.com
              rjipke@perkinscoie.com
              jahlers@perkinscoie.com
              keidenbach@perkinscoie.com
              jhgray@perkinscoie.com
              tryerson@perkinscoie.com
              mdumee@perkinscoie.com

Daniel J. Pochoda
Kelly J. Flood
James Duff Lyall
**ACLU FOUNDATION OF
ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
        kflood@acluaz.org
        jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R.
38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
        ahardy@prisonlaw.com
        snorman@prisonlaw.com
        ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
                afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
  in DC; practice limited to federal
  courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
                dkiernan@jonesday.com
                scalderon@jonesday.com
                srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:     rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com
                ksuh@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:     kmamedova@jonesday.com
              jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2012, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Assistant Arizona Attorney General
Michael.Gottfried@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

Jennifer Alewelt
Asim Varma
Sarah Kader
ARIZONA CENTER FOR DISABILITY LAW
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

I hereby certify that on November 9, 2012, I served the attached document by first class mail on Judge Neil V. Wake, United States District Court of Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2118.

s/ S. Neilson