Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Katherine E. Watanabe, Bar No. 027458
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-NVW |
| Plaintiffs, | **JOINT NOTICE OF DISCOVERY DISPUTE (PLAINTIFFS' PRIVILEGE LOG)** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their | |

2708913.1

1 | official capacities,

2 |                                      Defendants.

3           Pursuant to the process you outlined at the Case Management Conference, the parties

4 submit this disputed matter for further instruction from the Court.

5           **Disputed Issue:**

6           The sufficiency of Prisoner Plaintiffs' Nov. 7, 2012 privilege log (Ex. A)

7           <u>**Plaintiffs' Position:**</u>

8           The focus of this dispute is the level of detail that Plaintiffs' counsel must provide on the

9 privilege log relating to counsel's communications with putative class Plaintiffs, third party

10 organizations with whom counsel has worked in bringing this litigation, and family members of

11 prisoners. Communications with named prisoner Plaintiffs are not at issue, as Defendants have

12 agreed that they do not need to be logged. Each of these categories represents work product and

13 Plaintiffs' position is that we should not even have to categorically log those that occurred after

14 the litigation began. *See Ryan Investment Corporation v. Pedregal de Cabo San Lucas*, 2009 WL

15 5114077, at *3 (N.D. Cal. Dec. 18, 2009) ("counsel's communications with the client and work

16 product developed once litigation commences are presumptively privileged and need not be

17 included on any privilege log"); *Glynn v. Edo Corporation*, 2010 WL 3294347, at *7 (D. Md.

18 Aug. 20, 2010) ("The general practice in this Court is . . . to not require logging post-litigation

19 documents over which the attorney-client privilege or work-product doctrine has been asserted");

20 *United States v. Bouchard Transp.*, 2010 WL 1529248, at *2 (E.D.N.Y. Apr. 14, 2010)

21 ("[P]rivilege logs are commonly limited to documents created before the date litigation was

22 initiated."). Nevertheless, Plaintiffs did provide privilege logs. To date, however, Defendants

23 have not provided privilege logs at all.

2

Defendants have now requested document-by-document logs, rather than the categorical log Plaintiffs' counsel provided on these topics.  In short, logging the information related to Defendants' broad requests would include a high volume of attorney/client communications and work product that is not subject to discovery and contains very little, if any, relevance to Defendants' claims or defenses.  Such a log would impose a substantial burden on Plaintiffs' counsel with no meaningful benefit to Defendants.  There are 14 named Plaintiffs and tens of thousands of putative class Plaintiffs.  They are represented by five organizations and at least 24 lawyers and legal assistants have communicated with Plaintiffs and their family members, and on Plaintiffs' behalf.  Such correspondence is daily, spans over 18 months since the initial investigation in anticipation of the present litigation, and results in thousands of responsive yet protected documents in the possession of the five organizations representing the putative class.  [Ex. B., Decl. of James Duff Lyall, Nov. 13, 2012; Ex. C., Decl. of Corene Kendrick, Nov. 13, 2012; Ex. D., Decl. of Caroline Mitchell, Nov. 13, 2012]  Further, Plaintiffs' counsel has directly worked with third-party organizations in anticipation and in furtherance of the claims in this case, and with the expectation that such communications would remain confidential.  This information is also protected, and would be burdensome to log.  [Ex. B.; Ex. D.]

Courts permit categorical privilege logs in cases like the present, where the burden of logging each and every privileged communication greatly outweighs the value more detailed logging would provide to the opposing party in assessing the privilege claims.  *See, e.g., In re Imperial Corp. of America v. Shields*, 174 F.R.D. 475, 477 (S.D. Cal. 1997); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008).  There is no requirement that each document be logged separately on the privilege log.  *See Shields*, 174 F.R.D. at 479 ("nowhere in Fed.R.Civ.Pro. 26(b)(5) is it mandated that a document-by-document privilege log is required.").  And, this point was specifically addressed by the rules advisory committee.  *See*

Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment (noting that a document-by-document log may be "appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.").

Because of the high volume of responsive correspondence, the burden of logging each communication, and the similarity in correspondence type and content, Plaintiffs provided Defendants with a categorical log.  With the exception of prisoners and their family members, Plaintiffs specifically identified each of the corresponding individuals and the organizations to which they belong.  Plaintiffs further provided a description of each category of correspondence so that Defendants could assess the sufficiency of Plaintiffs' privilege claims.  A more detailed log would be unduly burdensome for Plaintiffs and would provide no material benefit to Defendants.  Accordingly, Plaintiffs request that the Court deny Defendants' motion to compel. Alternatively, Plaintiffs request that the Court allow for further briefing on this issue.

**Defendants' Position:**

The focus of this dispute is the level of detail that Plaintiffs' counsel must provide on their privilege log relating to counsel's communications with third parties.  Plaintiffs produced a privilege log of emails and correspondence with third parties that groups communications by category and fails to identify the author, the recipient, the date, and the privilege claimed as to each communication.  For example, item no. 1 is described as "E-mail chains prepared in anticipation of litigation regarding planning for and implementation of litigation and reflecting mental impressions of Plaintiffs' counsel regarding press releases, newspaper articles, ADC prisoners, research, and surveys" between Plaintiffs' counsel and the American Friends Service Committee, without any indication as to who authored each email.  As Defendants have explained in correspondence dated October 29, November 2, and November 9 (Ex. E) and during a meet-

4

and-confer on November 6, Plaintiffs' privilege log does not provide sufficient information for Defendants to assess Plaintiffs' privilege claims. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also Mitchell v. City of Flagstaff*, 2012 WL 4052482, at *3 (D. Ariz. Sept. 14, 2012) (noting that a privilege log must contain at a minimum the author and recipient of each document and granting motion to compel after party did not supply sufficient detail in privilege log to support a finding that the challenged documents were privileged); *U.S. v. Union Pac. R.R. Co.*, 2007 WL 1500551, at *3 (E.D. Cal. May 23, 2007) (privilege log must contain "description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof").

The case law Plaintiffs cite in support of their contention that they need not log communications after the start of litigation relates to communications between counsel and their *clients*, not to communications with *third parties*. Moreover, Plaintiffs' declarations focus on the burden associated with logging the volume of communications counsel has received from inmates regarding requests for legal advice, not on the volume of communications with third parties. Plaintiffs' case law and declarations are not relevant to this dispute, because Defendants have not asked that counsel for Plaintiffs produce a document-by-document log for communications with Plaintiffs or putative class members.

Defendants request that the Court compel Plaintiffs to provide a document-by-document privilege log that identifies the author, recipient(s), date, and specific privilege claimed as to each communication with third parties so that Defendants may assess the sufficiency of Plaintiffs' privilege claims. Alternatively, Defendants request that the Court compel Plaintiffs to produce all documents for which the privilege log does not contain sufficient detail to support a finding of privilege.

**CERTIFICATION OF ATTEMPT TO RESOLVE THE DISCOVERY DISPUTE**

The parties certify that we have made sincere efforts as required by L.R.Civ. 7.2(j) to personally consult and resolve the disputed matter described herein.  The parties have reached an impasse.

DATED this __14th__ day of November 2012.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Anne M. Orcutt
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    Anne M. Orcutt
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Katherine E. Watanabe
    Assistant Attorney General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

    *Attorneys for Defendants*

JONES DAY


By /s/ Anne M. Orcutt (with authority)
    Caroline N. Mitchell
    JONES DAY
    555 California Street, 26th Floor
    San Francisco, CA 94104

    *Attorneys for Plaintiffs*

6

1

**CERTIFICATE OF SERVICE**

2

3

4

I hereby certify that on November 14, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Anthony Ahlers: | jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Jill Louise Ripke: | jripke@perkinscoie.com; jgable@perkinscoie.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

| | | |
|---|---|---|
| 1 | Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| 2 3 | Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| 4 | Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| 5 | David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| 6 | R. Scott Medsker: | rsmedsker@JonesDay.com |
| 7 | John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| 8 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 9 | Jennifer K Messina: | jkmessina@jonesday.com |
| 10 | Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| 11 | Eun Ae Suh: | ksuh@jonesday.com |
| 12 | Katherine Emiko Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ *Anne M. Orcutt*

8