**EXHIBIT A**

*Parsons v. Ryan*

Privilege Log, produced November 7, 2012

| No. | Author(s)/Recipient(s)<br>Recipient(s)/Author(s) | Date Range | Privilege Type | Privilege Description |
|---|---|---|---|---|
| 1 | American Friends Service Committee:<br>Isaacs, Caroline<br>Lowen, Matthew<br>-------<br>Plaintiffs' counsel:<br>Fathi, David Esq.<br>Pochoda, Daniel Esq.<br>Hill, Darrell Esq.<br>Soler-Meetze, Alessandra (Exec. Director, ACLU)<br>Ahlers, James Esq.<br>Mitchell, Caroline Esq.<br>Specter, Donald Esq.<br>Norman, Sara Esq.<br>Kendrick, Corene Esq.<br>Fama, Steve Esq.<br>Katon, Glenn Esq. | June 15, 2011 to September 30, 2011 | WP | E-mail chains prepared in anticipation of litigation and for trial regarding planning for and implementation of litigation and reflecting mental impressions of Plaintiffs' counsel regarding press releases, newspaper articles, ADC prisoners, research and surveys. |
| 2 | Non-named plaintiffs<br>-------<br>Jones Day Law Firm:<br>Mitchell, Caroline Esq.<br>Breen, Nobuyo (Paralegal) | April 1, 2011 to present | WP; ACP | Letters prepared in anticipation of litigation and relating to requests for legal advice regarding ADC health care and conditions of confinement. |

| | | | | |
|---|---|---|---|---|
| 3 | Non-named plaintiffs' family members<br><br>Jones Day Law Firm:<br>Mitchell, Caroline Esq.<br>Hosseini, Ilham Esq.<br>Roberts, Douglas Esq.<br>Calderon, Sophia Esq.<br>Breen, Nobuyo (Paralegal) | April 1, 2011 to present | WP and/or ACP | Letters prepared in anticipation of litigation reflecting mental impressions of Plaintiffs' counsel and/or relating to requests for legal advice regarding ADC health care and conditions of confinement. |
| 4 | Faith Lutheran Church, Outreach Team,<br>Prison Ministry:<br>Nau, Lynn<br><br>Prison Law Office:<br>Kendrick, Corene Esq. | November 1, 2011 to September 10, 2012 | WP | Correspondence prepared in anticipation of litigation regarding investigation of ADC health care and conditions of confinement in isolation units, and reflecting mental impressions of Plaintiffs' counsel regarding the conditions of confinement and the adequacy of health care provided to prisoners. |
| 5 | David's Hope:<br>Brncik, Mary Lou<br><br>Prison Law Office:<br>Kendrick, Corene Esq. | July 9, 2012 | WP | Correspondence prepared in anticipation of litigation regarding investigation of ADC health care and conditions of confinement in isolation units, and reflecting mental impressions of Plaintiffs' counsel regarding the conditions of confinement and the adequacy of health care provided to prisoners. |
| 6 | Named plaintiffs' family members<br><br>Prison Law Office:<br>Specter, Donald Esq.<br>Kendrick, Corene Esq. | April 1, 2011 to present | WP and/or ACP | Letters prepared in anticipation of litigation reflecting mental impressions of Plaintiffs' counsel and/or relating to requests for legal advice regarding ADC health care and conditions of confinement. |
| 7 | Non-named plaintiffs<br><br>Prison Law Office:<br>Specter, Donald Esq.<br>Norman, Sara Esq.<br>Hardy, Alison Esq.<br>Kendrick, Corene Esq.<br>Godbold, Penny Esq.<br>Bailey, Madeline (Legal Asst.)<br>Iglesias, Brandy (Admin. Asst.) | April 1, 2011 to present | WP; ACP | Letters prepared in anticipation of litigation and relating to requests for legal advice regarding ADC health care and conditions of confinement. |

| | | | | |
|---|---|---|---|---|
| 8 | Non-named plaintiffs' family members<br><br>Prison Law Office:<br>Specter, Donald Esq.<br>Norman, Sara Esq.<br>Kendrick, Corene Esq.<br>Bailey, Madeline (Legal Asst.)<br>Iglesias, Brandy (Admin. Asst.) | April 1, 2011 to present | WP and/or ACP | Letters prepared in anticipation of litigation reflecting mental impressions of Plaintiffs' counsel and/or relating to requests for legal advice regarding ADC health care and conditions of confinement. |
| 9 | Amnesty International:<br>Murphy, Tessa<br>Goa, Fabien<br><br>ACLU National Prison Project:<br>Fettig, Amy Esq. | July 11, 2012 to present | WP | Correspondence prepared in anticipation of litigation and for trial regarding delivery of report on conditions of confinement in ADC isolation units to Defendant Charles Ryan. |
| 10 | Amnesty International:<br>Wright, Angela<br>Murphy, Tessa<br>Goa, Fabien<br><br>ACLU National Prison Project:<br>Fettig, Amy Esq.<br>Fathi, David Esq. | May 12, 2011 to present | WP | Correspondence prepared in anticipation of litigation and for trial regarding investigation of conditions of confinement in ADC isolation units, and reflecting mental impressions, legal theories, and conclusions of Plaintiffs' counsel. |
| 11 | American Friends Service Committee:<br>Isaacs, Caroline<br>Lowen, Matthew<br><br>ACLU National Prison Project:<br>Fathi, David Esq. | April 18, 2011 to present | WP | Correspondence prepared in anticipation of litigation and for trial regarding investigation of conditions of confinement in ADC isolation units, and reflecting mental impressions, legal theories, and conclusions of Plaintiffs' counsel. |
| 12 | Arizona Prison Watch:<br>Plews, Margaret Jean<br><br>ACLU National Prison Project:<br>Fathi, David Esq. | February 29, 2012 to present | WP | Correspondence prepared in anticipation of litigation and for trial regarding investigation of ADC health care and conditions of confinement in isolation units, and reflecting mental impressions, legal theories, and conclusions of Plaintiffs' counsel. |

| | | | | |
|---|---|---|---|---|
| 13 | Named plaintiffs' family members<br><br>ACLU National Prison Project Fathi, David Esq. | April 1, 2011 to present | WP and/or ACP | Letters prepared in anticipation of litigation reflecting mental impressions of Plaintiffs' counsel and/or relating to requests for legal advice regarding ADC health care and conditions of confinement in isolation units. |
| 14 | Non-named plaintiffs<br><br>ACLU National Prison Project: Fathi, David Esq. | April 1, 2011 to present | WP; and/or ACP | Letters prepared in anticipation of litigation and relating to requests for legal advice regarding investigation of ADC health care and conditions of confinement in isolation units. |
| 15 | Non-named plaintiffs' family members<br><br>ACLU National Prison Project: Fathi, David Esq. | April 1, 2011 to present | WP and/or ACP | Correspondence prepared in anticipation of litigation reflecting mental impressions of Plaintiffs' counsel and/or relating to requests for legal advice regarding investigation of ADC health care and conditions of confinement in isolation units. |
| 16 | Faith Lutheran Church, Outreach Team, Prison Ministry: Nau, Lynn<br><br>Perkins Coie Law Firm: Eidenbach, Kirstin Esq. | Nov. 9, 2011 to Sept. 10, 2012 | WP | Correspondence prepared in anticipation of litigation regarding investigation of ADC health care and conditions of confinement in isolation units, and reflecting mental impressions of Plaintiffs' counsel regarding the conditions of confinement and the adequacy of health care provided to prisoners. |
| 17 | Named plaintiffs' family members<br><br>Perkins Coie Law Firm: Eidenbach, Kirstin Esq.; Gray, John Esq.; Gerlicher, Amelia Esq.; Podsiadlik, Nicholaus Esq.; Ryerson, Thomas Esq.; Ahlers, James Esq.; du Mee, Matthew Esq. | April 1, 2011 to present | WP and/or ACP | Letters prepared in anticipation of litigation reflecting mental impressions of Plaintiffs' counsel and/or relating to requests for legal advice regarding ADC health care and conditions of confinement. |

| 18 | Non-named Plaintiffs<br><br>Perkins Coie Law Firm:<br>Eidenbach, Kirstin Esq.<br>Gray, John Esq.<br>Gerlicher, Amelia Esq.<br>Podsiadlik, Nicholaus Esq.<br>Ryerson, Thomas Esq.<br>Ahlers, James Esq.<br>du Mee, Matthew Esq. | April 1, 2011 to present | WP; ACP | Letters prepared in anticipation of litigation and relating to requests for legal advice regarding ADC health care and conditions of confinement. |
| 19 | Non-named plaintiffs' family members<br><br>Perkins Coie Law Firm:<br>Eidenbach, Kirstin Esq.<br>Gray, John Esq.<br>Gerlicher, Amelia Esq.<br>Podsiadlik, Nicholaus Esq.<br>Ryerson, Thomas Esq.<br>Ahlers, James Esq.<br>du Mee, Matthew Esq. | April 1, 2011 to present | WP and/or ACP | Letters prepared in anticipation of litigation reflecting mental impressions of Plaintiffs' counsel and/or relating to requests for legal advice regarding ADC health care and conditions of confinement. |
| 20 | Middleground Prison Reform:<br>Hamm, Donna<br><br>ACLU of Arizona:<br>Pochoda, Daniel Esq.<br>Lyall, James Esq.<br>Hill, Darrell Esq. | April 1, 2011 to present | WP | E-mail chains prepared in anticipation of litigation and for trial regarding planning for and implementation of litigation and reflecting mental impressions of Plaintiffs' counsel regarding health status of prisoners, prison conditions, ACLU research, and ACLU surveys. |
| 21 | Arizona Prison Watch:<br>Plews, Margaret Jean<br><br>ACLU of Arizona:<br>Pochoda, Daniel Esq.<br>Lyall, James Esq.<br>Hill, Darrell Esq. | April 1, 2011 to present | WP | E-mail chains prepared in anticipation of litigation and for trial regarding planning for and implementation of litigation and reflecting mental impressions of Plaintiffs' counsel regarding health status of prisoners, prison conditions, ACLU research, and ACLU surveys. |

| | | | | |
|---|---|---|---|---|
| 22 | Amnesty International: Murphy, Tessa<br><br>ACLU of Arizona: Pochoda, Daniel Esq. Lyall, James Esq. Hill, Darrell Esq. | June 20, 2011 to April 23, 2012 | WP | E-mail chains prepared in anticipation of litigation and for trial regarding planning for and implementation of litigation and reflecting mental impressions of Plaintiffs' counsel regarding press releases, newspaper articles, ADC prisoners, research and surveys. |
| 23 | American Friends Service Committee: Isaacs, Caroline<br><br>ACLU of Arizona: Pochoda, Daniel Esq. Lyall, James Esq. Hill, Darrell Esq. | April 1, 2011 to present | WP | E-mail chains prepared in anticipation of litigation and for trial regarding planning for and implementation of litigation and reflecting mental impressions of Plaintiffs' counsel regarding press releases, newspaper articles, ADC prisoners, research and surveys. |
| 24 | Toersbijns, Carl<br><br>ACLU of Arizona: Pochoda, Daniel Esq. Lyall, James Esq. Hill, Darrell Esq. | April 1, 2011 to September 24, 2012 | WP | E-mail chains prepared in anticipation of litigation and for trial regarding planning for and implementation of litigation and reflecting mental impressions of Plaintiffs' counsel regarding health status of prisoners, prison conditions, ACLU research, and ACLU surveys. |
| 25 | Faith Lutheran Church, Outreach Team, Prison Ministry: Nau, Lynn<br><br>ACLU of Arizona: Pochoda, Daniel Esq. Lyall, James Esq. Hill, Darrell Esq. | November 9, 2011 to September 10, 2012 | WP | Correspondence prepared in anticipation of litigation regarding investigation of ADC health care and conditions of confinement in isolation units, and reflecting mental impressions of Plaintiffs' counsel regarding the conditions of confinement and the adequacy of health care provided to prisoners. |
| 26 | David's Hope: Mary Lou Brncik<br><br>ACLU of Arizona: Pochoda, Daniel Esq. Lyall, James Esq. Hill, Darrell Esq. | April 1, 2011 to September 16, 2012 | WP | Correspondence prepared in anticipation of litigation regarding investigation of ADC health care and conditions of confinement in isolation units, and reflecting mental impressions of Plaintiffs' counsel regarding the conditions of confinement and the adequacy of health care provided to prisoners. |

| | | | | |
|---|---|---|---|---|
| 27 | Gina's Team:<br>Sue Ellen Allen<br>————————<br>ACLU of Arizona:<br>Pochoda, Daniel Esq.<br>Lyall, James Esq.<br>Hill, Darrell Esq. | April 1, 2011 to<br>May 13, 2012 | WP | E-mail chains prepared in anticipation of litigation and for trial regarding planning for and implementation of litigation and reflecting mental impressions of Plaintiffs' counsel regarding health status of prisoners, prison conditions, ACLU research, and ACLU surveys. |
| 28 | Named plaintiffs' family members<br>————————<br>ACLU of Arizona:<br>Pochoda, Daniel Esq.<br>Lyall, James Esq.<br>Hill, Darrell Esq. | April 1, 2011 to<br>present | WP<br>and/or<br>ACP | Letters prepared in anticipation of litigation reflecting mental impressions of Plaintiffs' counsel and/or relating to requests for legal advice regarding ADC health care and conditions of confinement. |
| 29 | Non-named plaintiffs<br>————————<br>ACLU of Arizona:<br>Pochoda, Daniel Esq.<br>Lyall, James Esq.<br>Hill, Darrell Esq. | April 1, 2011 to<br>present | WP;<br>ACP | Letters prepared in anticipation of litigation and relating to requests for legal advice regarding ADC health care and conditions of confinement. |
| 30 | Non-named plaintiffs' family members<br>————————<br>ACLU of Arizona:<br>Pochoda, Daniel Esq.<br>Lyall, James Esq.<br>Hill, Darrell Esq. | April 1, 2011 to<br>present | WP<br>and/or<br>ACP | Letters prepared in anticipation of litigation reflecting mental impressions of Plaintiffs' counsel and/or relating to requests for legal advice regarding ADC health care and conditions of confinement. |

**EXHIBIT B**

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone:  (602) 650-1854
    Email: dpochoda@acluaz.org
5          kflood@acluaz.org
           jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
    *Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8   *Christina Verduzco, Jackie Thomas, Jeremy Smith,*
    *Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
    *behalf of themselves and all others similarly situated*

10  **[ADDITIONAL COUNSEL LISTED BELOW]**

11

12                UNITED STATES DISTRICT COURT

13                    DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;          No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina             (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on         **DECLARATION OF JAMES**
    behalf of themselves and all others similarly          **DUFF LYALL**
17  situated; and Arizona Center for Disability Law,

18                Plaintiffs,

19        v.

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23                Defendants.

24

25

26

27

28

1      I, James Duff Lyall, declare:

2          1.      I am a Staff Attorney at the ACLU of Arizona (ACLU), which is an

3      organization representing the named prisoner Plaintiffs in this case.  I am over 18 years

4      old.  I make this declaration based on personal knowledge and, if called upon to do so,

5      could testify competently thereto.

6          2.      The ACLU receives hundreds of legal inquiries and requests for legal

7      assistance monthly.  The majority of those inquiries and requests are from Arizona

8      prisoners and their family members, amounting to a daily stream of correspondence.

9          3.      In the time since the ACLU began investigating conditions in the

10     Arizona Department of Corrections (ADC) in April 2011, the ACLU estimates it has

11     received complaints and requests for legal advice from over 500 Arizona prisoners and

12     their family members.  Many of those individuals have contacted the ACLU multiple

13     times; some have contacted the ACLU dozens of times, resulting in thousands of

14     individual pieces of correspondence.  We respond to every letter or request for assistance,

15     which multiplies the volume of correspondence.

16         4.      The vast majority of the "intake" the ACLU receives is via U.S. Mail,

17     in paper letters, and not electronic mail.  The ACLU attempts to scan and upload all of its

18     intake to a central database; however, given the volume of intake, many letters are filed in

19     paper form.   The ACLU attempts to scan and upload copies of all outgoing

20     correspondence; but again, given the volume of mail, copies of many letters are kept only

21     in a paper format.

22         5.      Much but not all of the intake received from Arizona prisoners and

23     their families addresses health care and conditions in isolation units.  To log each intake

24     that addresses or mentions those specific issues, the ACLU would have to review and sort

25     thousands of individual pieces of correspondence, an extremely time-consuming process.

26         6.      For example, intake that is uploaded to the ACLU database is

27     categorized by the "primary complaint" identified by the sender; because some

28     individuals mention health care or isolation conditions in the context of other issues (i.e.,

1    requesting assistance with a criminal appeal), not all intake in the database is classified or

2    immediately identifiable as related to those issues.  Thus, to identify intake raising ADC

3    health care or isolation conditions would require a full search of all prisoner intake in the

4    ACLU database.

5              7.      The process would be further complicated by the fact that a

6    significant portion of the intake received from prisoners is voluminous, barely legible or

7    difficult to read; almost none of it is typewritten.  Deciphering some of these letters would

8    further increase the time required to fully account for ACLU's prison intake.

9              8.      Moreover, as with all individuals who contact the ACLU requesting

10   assistance, Arizona prisoners write to the ACLU with the expectation their identity and

11   the content of their complaints will remain confidential.  Some have tried already to work

12   through the system ADC provides and have been rebuffed.  Others explicitly describe

13   their fear retaliation for speaking out to us or against ADC.   This fear is not unfounded:

14   one inmate lost his visitation rights because he spoke to a reporter about his medical

15   treatment, an action which violated ADC's own policy.

16             9.      The ACLU regularly corresponds with third-party organizations in

17   anticipation and furtherance of the claims in this case, with the expectation that such

18   communications will remain confidential.

19             10.     To individually log correspondence from persons seeking ACLU

20   assistance could have a profound chilling effect and significantly hamper individuals'

21   ability to obtain legal and other assistance in the future.   Similarly, third-party

22   organizations would be reluctant to provide information or work with the ACLU if

23   communications they believe to be confidential were disclosed.  It would also require a

24   massive and time-consuming effort to sort through thousands upon thousands of pages of

25   documents for even minor details having little bearing upon the present litigation.

26

27

28

1    I declare, under penalty of perjury, that the foregoing is true and correct.

2    Executed on November 13, 2012 in Phoenix, Arizona.

3

4

5    _/s/ James Duff Lyall_____
     James Duff Lyall

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ADDITIONAL COUNSEL:**

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
           afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           jripke@perkinscoie.com
           jahlers@perkinscoie.com
           keidenbach@perkinscoie.com
           jhgray@perkinscoie.com
           tryerson@perkinscoie.com
           mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:    cnmitchell@jonesday.com
          dkiernan@jonesday.com
          scalderon@jonesday.com
          srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone: (202) 879-3837
Email:    rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:    jlwilkes@jonesday.com
          ksuh@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

-5-

1    LEGAL25155864.1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT C**

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone: (602) 650-1854
    Email: dpochoda@acluaz.org
5            kflood@acluaz.org
             jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
    *Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8   *Christina Verduzco, Jackie Thomas, Jeremy Smith,*
    *Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
    *behalf of themselves and all others similarly situated*
10
    **[ADDITIONAL COUNSEL LISTED BELOW]**
11

12                  UNITED STATES DISTRICT COURT

13                       DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;          No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina             (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on         **DECLARATION OF**
    behalf of themselves and all others similarly          **CORENE KENDRICK**
17  situated; and Arizona Center for Disability Law,

18                  Plaintiffs,

19       v.

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23                  Defendants.

24

25

26

27

28

I, Corene Kendrick, declare:

1.      I am an attorney at law admitted to practice in the State of California and in this court *pro hac vice*. I am one of the counsel of record for prisoner Plaintiffs in this matter, and am a Staff Attorney at the Prison Law Office (PLO). If called as a witness, I would and could competently testify to the facts stated herein, all of which are within my personal knowledge.

2.      In the time since PLO began investigating conditions in the Arizona Department of Corrections (ADC) for possible litigation in April 2011, our office has received a great deal of mail from Arizona prisoners and their families that request legal assistance or describe problems with health care and conditions in ADC prisons. I review every letter that our office receives, and any given week we receive between 10 to 25 letters. Inevitably this number goes up for several weeks every time the *Parsons* case or ADC health care is in the Arizona media. Oftentimes these letters include numerous attachments and other documents for our review.

3.      I estimate that in the 19 months since our investigation started, we have received correspondence from close to 400 separate individuals – primarily prisoners, but also their loved ones. Many of these individuals have written our office multiple times, which results in thousands of pages of correspondence. We write back to every letter we receive, either via a form letter or a personalized letter requesting additional information, thus increasing the volume of correspondence.

4.      Almost all of the correspondence PLO receives is via U.S. Mail, in paper letters, as prisoners do not have access to the Internet or email. Our office does not have sufficient staff to scan and upload copies of all letters and attachments to a centralized depository; and so we file the original letters in their paper form in alphabetical order by the prisoner's last name, after returning to the letter writer all attachments he or she included in the letter to us. We also do not have sufficient staff to scan and upload copies of all letters that we have sent to prisoners, we have at most a draft of the outgoing letter, saved by the prisoner's last name in our office's shared computer

1   network.

2       5.      Given the volume of mail we receive, we log mail in a central index

3   only the first time we are contacted by a prisoner, and do not log all subsequent

4   correspondence from him or her.  The index is categorized by the type of complaints or

5   allegations in the letter; but in the index we only describe the chief complaint or

6   allegation.  Therefore to the extent an individual raises multiple issues, we would not be

7   able to identify all mail responsive to that issue without going back and re-reading every

8   single letter we have received in the past 19 months.

9       6.      The process of re-reading every single letter we have received would

10  be further delayed due to the difficulty in reading prisoners' letters due to legibility.  Some

11  of the prisoners who write us are functionally illiterate and it is difficult to decipher what

12  they are saying.  We also receive mail written in Spanish from monolingual Spanish

13  speaking prisoners and family members; I and a PLO paralegal are the only employees

14  who are fluent enough in Spanish to understand these letters and respond to them.

15  Deciphering and translating the volume of mail that we have received would further

16  increase the time required to fully account for and log each piece of mail.  To go back and

17  re-read and log each separate piece of mail our office has received would require a

18  massively time-consuming effort that I estimate would take at least a week of one to two

19  staff working full-time re-reading and logging each letter.

20      7.      Finally, and most importantly, as with all prisoners from across the

21  country who write our office daily, ADC prisoners have written PLO with the expectation

22  that the content of their letters, and their requests for legal assistance or advice will remain

23  confidential.  ADC prisoners – including the named plaintiffs – have described retaliation

24  they have experienced as a result of communicating with our office and for seeking our

25  assistance.  If we were to break this presumption of privileged communication and

26  individually log and identify by name each person who has sought legal assistance from

27  us and the substance of his or her letter, it would have a profound chilling effect upon our

28  ability to advocate on prisoners' behalf, and would inhibit prisoners' ability to obtain legal

1    assistance in the future.

2        I declare, under penalty of perjury, that the foregoing is true and correct.

3        Executed on November 13, 2012 in Berkeley, California.

4

5                                                */s/ Corene Kendrick*

6                                            Corene Kendrick

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ADDITIONAL COUNSEL:**

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
             ahardy@prisonlaw.com
             snorman@prisonlaw.com
             ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@npp-aclu.org
             afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
  in DC; practice limited to federal
  courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
             jripke@perkinscoie.com
             jahlers@perkinscoie.com
             keidenbach@perkinscoie.com
             jhgray@perkinscoie.com
             tryerson@perkinscoie.com
             mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:    cnmitchell@jonesday.com
          dkiernan@jonesday.com
          scalderon@jonesday.com
          srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone: (202) 879-3837
Email:    rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:    jlwilkes@jonesday.com
          ksuh@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1    LEGAL25155983.1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org
         kflood@acluaz.org
         jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
Stephen Swartz, Dustin Brislan, Sonia Rodriguez,
Christina Verduzco, Jackie Thomas, Jeremy Smith,
Robert Gamez, Maryanne Chisholm, Desiree Licci,
Joseph Hefner, Joshua Polson, and Charlotte Wells, on
behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
| Plaintiffs, | **DECLARATION OF CAROLINE N. MITCHELL** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

I, Caroline N. Mitchell, declare:

1.     I am a Partner at Jones Day, which is an organization representing the named prisoner Plaintiffs in this case.  I am over 18 years old.  I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

2.     Jones Day receives dozens of inquiries and requests for legal advice from Arizona prisoners and their family members per month, amounting to a daily stream of correspondence.

3.     In the time since Jones Day began investigating conditions in the Arizona Department of Corrections (ADC) in April 2011, Jones Day estimates it has received complaints and requests for legal advice from over 150 Arizona prisoners and their family members.  Many of those individuals have contacted Jones Day multiple times; some have contacted Jones Day dozens of times, resulting in hundreds of individual pieces of correspondence.  We respond to every letter or request for assistance, which multiplies the volume of correspondence.

4.     A significant portion of the correspondence received from prisoners is voluminous, barely legible or difficult to read; almost none of it is typewritten. Deciphering some of these letters would further increase the time required to fully account for Jones Day's prison correspondence.

5.     Moreover, Arizona prisoners write to Jones Day with the expectation their identity and the content of their complaints will remain confidential.

6.     Jones Day regularly corresponds with third-party organizations in anticipation and furtherance of the claims in this case, with the expectation that such communications will remain confidential.

7.     To individually log correspondence from persons seeking Jones Day's assistance could have a profound chilling effect and significantly hamper individuals' ability to obtain legal and other assistance in the future.  Similarly, third-party organizations would be reluctant to provide information or work with Jones Day if

1   communications they believe to be confidential were disclosed.  It would also require a

2   massive and time-consuming effort to sort through hundreds upon hundreds of pages of

3   documents.

4          I declare, under penalty of perjury, that the foregoing is true and correct.

5          Executed on November 13, 2012 in San Francisco, California.

7                                        _____*/s/ Caroline N. Mitchell*_____

8                                        Caroline N. Mitchell

1    **ADDITIONAL COUNSEL:**

2    Donald Specter (Cal. 83925)*
     Alison Hardy (Cal. 135966)*
3    Sara Norman (Cal. 189536)*
     Corene Kendrick (Cal. 226642)*
     **PRISON LAW OFFICE**
4    1917 Fifth Street
     Berkeley, California 94710
5    Telephone: (510) 280-2621
     Email:   dspecter@prisonlaw.com
6              ahardy@prisonlaw.com
               snorman@prisonlaw.com
7              ckendrick@prisonlaw.com

8    *Admitted *pro hac vice*

9    David C. Fathi (Wash. 24893)*
     Amy Fettig (D.C. 484883)**
10   **ACLU NATIONAL PRISON
     PROJECT**
11   915 15th Street N.W., 7th Floor
     Washington, D.C. 20005
12   Telephone: (202) 548-6603
     Email:   dfathi@npp-aclu.org
13              afettig@npp-aclu.org

14   *Admitted *pro hac vice*.  Not admitted
      in DC; practice limited to federal
15     courts.
     **Admitted *pro hac vice*

16
     Daniel C. Barr (Bar No. 010149)
17   Jill L. Ripke (Bar No. 024837)
     James A. Ahlers (Bar No. 026660)
18   Kirstin T. Eidenbach (Bar No. 027341)
     John H. Gray (Bar No. 028107)
19   Thomas D. Ryerson (Bar No. 028073)
     Matthew B. du Mée (Bar No. 028468)
20   **PERKINS COIE LLP**
     2901 N. Central Avenue, Suite 2000
21   Phoenix, Arizona 85012
     Telephone: (602) 351-8000
22   Email:   dbarr@perkinscoie.com
               jripke@perkinscoie.com
23              jahlers@perkinscoie.com
               keidenbach@perkinscoie.com
24              jhgray@perkinscoie.com
               tryerson@perkinscoie.com
25              mdumee@perkinscoie.com

26

27

28

-3-

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:    cnmitchell@jonesday.com
          dkiernan@jonesday.com
          scalderon@jonesday.com
          srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone: (202) 879-3837
Email:    rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:    jlwilkes@jonesday.com
          ksuh@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

-4-

1   LEGAL25156036.1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT E**



STRUCK WIENEKE & LOVE

[ 3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com ]

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Holsman Tetreault
OF COUNSEL

Daniel C. Lewis
OF COUNSEL

October 29, 2012

**VIA EMAIL ONLY**

Jennifer Alewelt:   jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:   cnmitchell@jonesday.com
Donald Specter:   dspecter@prisonlaw.com
David C. Fathi:   dfathi@npp-aclu.org

> Re:   Parsons, et al. v. Ryan and Pratt
>       U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

We are in receipt of the Plaintiffs' privilege log, as well as Sophie Calderon's October 25, 2012 letter.

While listing each document you contend is privileged may result in a lengthy privilege log, it remains your burden to establish all elements of the claimed privilege as to each document, or your claim will be rejected.  *See Mitchell v. City of Flagstaff*, No. CV 11-08140, 2012 WL 4052482, at *3 (D. Ariz. Sept. 14, 2012) (granting motion to compel after party did not supply sufficient detail in privilege log to support a finding that the challenged documents were privileged).

Your privilege log, which groups communications by category and fails to clearly identify the author and the recipient of each, does not provide sufficient information for Defendants to assess your privilege claims.  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also U.S. v. Union Pac. R.R. Co.*, No. CIV06-1740, 2007 WL 1500551, at *3 (E.D. Cal. May 23, 2007) (privilege log must contain "description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof").

For example, item no. 1 on your privilege log is described as "E-mail chains prepared in anticipation of litigation regarding press releases, newspaper articles, ADC prisoners, and surveys" between Plaintiffs' counsel and the American Friends Service Committee.  *See In re Universal Service Fund Telephone Billing Practices Litigation*, 232 F.R.D. 669, 672-74 (D. Kan. 2005) (requiring listing of individual emails rather than an email strand as a single document on privilege log).  We cannot tell from your privilege log whether all the e-mails you are withholding were sent by Plaintiffs' counsel.  While e-mails drafted by Plaintiffs' counsel *could* potentially be work product, we do not believe

Counsel of Record
October 29, 2012
Page 2

e-mails drafted by third parties, such as the American Friends Service Committee, are work product. Moreover, it is unclear from your description that all of the e-mails contain information that could be considered privileged. At a minimum, we question whether e-mails concerning press releases and newspaper articles constitute work product, which includes only the mental impressions of attorneys and not the underlying facts. *See, e.g., Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011).

Similarly, item no. 3 on your privilege log does not provide sufficient information for us to assess your assertion of attorney-client privilege as to correspondence with the family members of inmates who are not Plaintiffs in this matter. We are unable to discern from your privilege log whether the correspondence you include was authored by Plaintiffs' counsel or by third parties unrelated to the litigation. *See Mitchell*, 2012 WL 4052482, at *2 (noting that a privilege log must contain at a minimum the author and recipient of each document).

In addition, the date ranges you provide for documents are far too broad. For example, item no. 3 includes correspondence with family members of inmates who are not Plaintiffs in this matter from April 1, 2011 to the present, with no indication of how many letters were exchanged or when. We ask that you individually identify each document for which you assert a privilege so that we may assess your privilege claims.

Please provide a revised privilege log by October 31, 2012, listing each individual document you contend is subject to privilege by bates number, including the date each document was created, and clearly indicating the sender and recipient of each such document.

Sincerely,

*Anne M. Orcutt*

Anne M. Orcutt
For the Firm

AMO/slw
2702534.1

cc:   Michael E. Gottfried
      Dawn Northup
      Katherine Watanabe
      Kelly Dudley



STRUCK WIENEKE & LOVE          [ 3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com ]

Donald R. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

James D. Chapman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Hoseman Tetheroht
OF COUNSEL

Daniel C. Lewis
OF COUNSEL

November 2, 2012

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

Re:     Parsons, et al. v. Ryan and Pratt
        U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

        We write in response to Sophie Calderon's November 1, 2012 email regarding Plaintiffs' privilege log.

        The present litigation is a far cry from the cases you cite for the proposition that a document-by-document privilege log may be unduly burdensome.  For example, *In re Imperial Corp. of America v. Shields*, 174 F.R.D. 475, 477 (S.D. Cal. 1997), involved twenty law firms and millions of documents.  *Orbit One Communications, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S. D. N.Y. 2008), involved a large number of potentially privileged communications between plaintiffs and their counsel, not third parties.  In *Orbit*, the court concluded that plaintiffs' counsel could produce a categorical privilege log, but cautioned that counsel "must justify its assertion of privilege with regard to each category, and the description of each category must provide sufficient information for [defendants] to assess any potential objections to the assertions of attorney-client privilege." *Id.*

        We disagree that this litigation involves an extremely large quantity of privileged communications or that it would be unduly burdensome for Plaintiffs to identify the sender of the communications with third parties included in your privilege log.  Moreover, your failure to clearly identify the sender and recipient of each communication with a third party prevents Defendants from assessing potential objections to your assertion of privilege.

        The case law you cite for the proposition that a privilege log is not required after the commencement of litigation applies to communications between counsel and their clients.  However, Plaintiffs' privilege log contains communications between counsel for Plaintiffs and unrepresented third parties.

[          Anne M. Orcutt | aorcutt@swlfirm.com | Direct: 480.420.1635 | swlfirm.com          ]

Counsel of Record
November 2, 2012
Page 2


        In addition, we note that your citation to *Hickman v. Taylor*, 329 U.S. 495
(1947), does not support your contention that emails drafted by third parties
constitute work product.

        As explained in our previous correspondence, and in accordance with
Rule 26(b)(5)(A)(ii), we are seeking sufficient information to assess the legitimacy
of your privilege claims for communications with third parties.  We again ask that
you supplement your privilege log to clearly indicate the sender, recipient, and
date of each communication with a third party that you claim is subject to
attorney-client privilege or work product protection.  If you do not, please be
prepared to discuss this issue at the next meet-and-confer.

                                Sincerely,

                                *Anne M. Orcutt*

                                Anne M. Orcutt
                                For the Firm


AMO/ab
2704302v1

cc:    Sophie Calderon
       Michael E. Gottfried
       Dawn Northup
       Katherine Watanabe
       Kelly Dudley

 STRUCK WIENEKE & LOVE  [ 3100 West Ray Road, Suite 300  Chandler, Arizona 85226   480.420.1600  swlfirm.com ]

November 9, 2012

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Hesman
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Ruspean Tafreshi
OF COUNSEL

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

Re:    Parsons, et al. v. Ryan and Pratt
       U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

    We write regarding Plaintiffs' privilege log dated November 7, 2012.  Your updated privilege log does not address any of the concerns we identified in our correspondence dated October 29 and November 2, discussed during the meet-and-confer on November 6, or outlined in our discovery dispute one-pager.

    In accordance with Caroline Mitchell's November 7 email requesting an extension of time to respond, please provide Plaintiffs' position statement for the discovery dispute one-pager by noon on November 13 so that we may file it with the Court.  Thank you.

Sincerely,

Anne M. Orcutt

Anne M. Orcutt
For the Firm

AMO/ab
2706607.1

cc:    Michael E. Gottfried
       Dawn Northup
       Katherine Watanabe
       Kelly Dudley