Dear Judge Wake:

Pursuant to the process you outlined at the Case Management Conference, the parties submit this disputed matter for further instruction from the Court.

**Disputed Issue:**  The sufficiency of Plaintiffs' privilege log (Ex. A)

**Plaintiffs' Position:**


**Defendants' Position:**

Plaintiffs produced a privilege log of emails and correspondence with third parties that groups communications by category and fails to identify the author, the recipient, the date, and the privilege claimed as to each communication.  For example, item no. 1 is described as "E-mail chains prepared in anticipation of litigation regarding press releases, newspaper articles, ADC prisoners, and surveys" between Plaintiffs' counsel and the American Friends Service Committee, without any indication as to who authored each email.  As Defendants have explained in correspondence dated October 29 and November 2 (Ex. B) and during a meet-and-confer on November 6, Plaintiffs' privilege log does not provide sufficient information for Defendants to assess Plaintiffs' privilege claims.  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also Mitchell v. City of Flagstaff*, 2012 WL 4052482, at *3 (D. Ariz. Sept. 14, 2012) (noting that a privilege log must contain at a minimum the author and recipient of each document and granting motion to compel after party did not supply sufficient detail in privilege log to support a finding that the challenged documents were privileged); *U.S. v. Union Pac. R.R. Co.*, 2007 WL 1500551, at *3 (E.D. Cal. May 23, 2007) (privilege log must contain "description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof").

Defendants request that the Court compel Plaintiffs to provide a document-by-document privilege log that identifies the author, recipient(s), date, and specific privilege claimed as to each document so that Defendants may assess the sufficiency of Plaintiffs' privilege claims.  Alternatively, Defendants request that the Court compel Plaintiffs to produce all documents for which the privilege log does not contain sufficient detail to support a finding of privilege.

CERTIFICATION OF ATTEMPT TO RESOLVE THE DISCOVERY DISPUTE

  The parties certify that we have made sincere efforts as required by L.R.Civ. 7.2(j) to personally consult and resolve the disputed matter described herein.  The parties have reached an impasse.

                _____/s/_____
                Attorney
                Attorney for Prisoner Plaintiffs

                _____/s/ Anne M. Orcutt_____
                Anne M. Orcutt
                Attorney for Defendants