**EXHIBIT A**

Dear Judge Wake:

Pursuant to the process you outlined at the Case Management Conference, the parties submit this disputed matter for further instruction from the Court.

**Disputed Issue:** The sufficiency of Prisoner Plaintiffs' Nov. 7, 2012 privilege log (Ex. A)

**Plaintiffs' Position:**

The focus of this dispute is the level of detail that Plaintiffs' counsel must provide on the privilege log relating to counsel's communications with putative class Plaintiffs, third party organizations with whom counsel has worked in bringing this litigation, and family members of prisoners. Communications with named prisoner Plaintiffs are not at issue, as Defendants have agreed that they do not need to be logged. Each of these categories represents work product and Plaintiffs' position is that we should not even have to categorically log those that occurred after the litigation began. *See Ryan Investment Corporation v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009) ("counsel's communications with the client and work product developed once litigation commences are presumptively privileged and need not be included on any privilege log"); *Glynn v. Edo Corporation*, 2010 WL 3294347, at *7 (D. Md. Aug. 20, 2010) ("The general practice in this Court is . . . to not require logging post-litigation documents over which the attorney-client privilege or work-product doctrine has been asserted"); *United States v. Bouchard Transp.*, 2010 WL 1529248, at *2 (E.D.N.Y. Apr. 14, 2010) ("[P]rivilege logs are commonly limited to documents created before the date litigation was initiated."). Nevertheless, Plaintiffs did provide privilege logs. To date, however, Defendants have not provided privilege logs at all.

Defendants have now requested document-by-document logs, rather than the categorical log Plaintiffs' counsel provided on these topics. In short, logging the information related to Defendants' broad requests would include a high volume of attorney/client communications and work product that is not subject to discovery and contains very little, if any, relevance to Defendants' claims or defenses. Such a log would impose a substantial burden on Plaintiffs' counsel with no meaningful benefit to Defendants. There are 14 named Plaintiffs and tens of thousands of putative class Plaintiffs. They are represented by five organizations and at least 24 lawyers and legal assistants have communicated with Plaintiffs and their family members, and on Plaintiffs' behalf. Such correspondence is daily, spans over 18 months since the initial investigation in anticipation of the present litigation, and results in thousands of responsive yet protected documents in the possession of the five organizations representing the putative class. [Ex. B., Decl. of James Duff Lyall, Nov. 13, 2012; Ex. C., Decl. of Corene Kendrick, Nov. 13, 2012; Ex. D., Decl. of Caroline Mitchell, Nov. 13, 2012] Further, Plaintiffs' counsel has directly worked with third-party organizations in anticipation and in furtherance of the claims in this case, and with the expectation that such communications would remain confidential. This information is also protected, and would be burdensome to log. [Ex. B.; Ex. D.]

Courts permit categorical privilege logs in cases like the present, where the burden of logging each and every privileged communication greatly outweighs the value more detailed

logging would provide to the opposing party in assessing the privilege claims. *See, e.g., In re Imperial Corp. of America v. Shields*, 174 F.R.D. 475, 477 (S.D. Cal. 1997); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008). There is no requirement that each document be logged separately on the privilege log. *See Shields*, 174 F.R.D. at 479 ("nowhere in Fed.R.Civ.Pro. 26(b)(5) is it mandated that a document-by-document privilege log is required."). And, this point was specifically addressed by the rules advisory committee. *See* Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment (noting that a document-by-document log may be "appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.").

Because of the high volume of responsive correspondence, the burden of logging each communication, and the similarity in correspondence type and content, Plaintiffs provided Defendants with a categorical log. With the exception of prisoners and their family members, Plaintiffs specifically identified each of the corresponding individuals and the organizations to which they belong. Plaintiffs further provided a description of each category of correspondence so that Defendants could assess the sufficiency of Plaintiffs' privilege claims. A more detailed log would be unduly burdensome for Plaintiffs and would provide no material benefit to Defendants. Accordingly, Plaintiffs request that the Court deny Defendants' motion to compel. Alternatively, Plaintiffs request that the Court allow for further briefing on this issue.

## Defendants' Position:

The focus of this dispute is the level of detail that Plaintiffs' counsel must provide on their privilege log relating to counsel's communications with third parties. Plaintiffs produced a privilege log of emails and correspondence with third parties that groups communications by category and fails to identify the author, the recipient, the date, and the privilege claimed as to each communication. For example, item no. 1 is described as "E-mail chains prepared in anticipation of litigation regarding planning for and implementation of litigation and reflecting mental impressions of Plaintiffs' counsel regarding press releases, newspaper articles, ADC prisoners, research, and surveys" between Plaintiffs' counsel and the American Friends Service Committee, without any indication as to who authored each email. As Defendants have explained in correspondence dated October 29 and November 2, and November 9 (Ex. ~~BE~~) and during a meet-and-confer on November 6, Plaintiffs' privilege log does not provide sufficient information for Defendants to assess Plaintiffs' privilege claims. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also Mitchell v. City of Flagstaff*, 2012 WL 4052482, at *3 (D. Ariz. Sept. 14, 2012) (noting that a privilege log must contain at a minimum the author and recipient of each document and granting motion to compel after party did not supply sufficient detail in privilege log to support a finding that the challenged documents were privileged); *U.S. v. Union Pac. R.R. Co.*, 2007 WL 1500551, at *3 (E.D. Cal. May 23, 2007) (privilege log must contain "description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof").

The case law Plaintiffs cite in support of their contention that they need not log communications after the start of litigation relates to communications between counsel and their *clients*, not to communications with *third parties*. Moreover, Plaintiffs' declarations focus on the burden associated with logging the volume of communications counsel has received from inmates regarding requests for legal advice, not on the volume of communications with third parties. Plaintiffs' case law and declarations are not relevant to this dispute, because Defendants have not asked that counsel for Plaintiffs produce a document-by-document log for communications with Plaintiffs or putative class members.

Defendants request that the Court compel Plaintiffs to provide a document-by-document privilege log that identifies the author, recipient(s), date, and specific privilege claimed as to each ~~document~~ communication with third parties so that Defendants may assess the sufficiency of Plaintiffs' privilege claims. Alternatively, Defendants request that the Court compel Plaintiffs to produce all documents for which the privilege log does not contain sufficient detail to support a finding of privilege.

CERTIFICATION OF ATTEMPT TO RESOLVE THE DISCOVERY DISPUTE

The parties certify that we have made sincere efforts as required by L.R.Civ. 7.2(j) to personally consult and resolve the disputed matter described herein.  The parties have reached an impasse.

        _/s/ Caroline N. Mitchell_
Caroline N. Mitchell
Attorney for Prisoner Plaintiffs

        _/s/ Anne M. Orcutt_
Anne M. Orcutt
Attorney for Defendants

SFI-775109v1

**EXHIBIT B**

**Amy Bender**

| | |
|---|---|
| **From:** | Anne Orcutt |
| **Sent:** | Wednesday, November 14, 2012 3:38 PM |
| **To:** | Sophie H Calderon |
| **Cc:** | Parsons Team |
| **Subject:** | RE: Parsons, et al. v. Ryan, et al. - Correspondence |

Dear Sophie,

The addition that was included was something that we have sent you in previous correspondence; so it should not come as any surprise. If you feel you need to add more to your section of the position statement (which is already in violation of the court's "one page" limit), it makes more sense for you to simply file a supplement, so long as you make no representation as to our position or statements.

Thank you,



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Anne M. Orcutt**
**Attorney**
Direct: (480) 420-1635
aorcutt@swlfirm.com

**From:** Sophie H Calderon [mailto:scalderon@jonesday.com]
**Sent:** Wednesday, November 14, 2012 3:08 PM
**To:** Anne Orcutt
**Cc:** Parsons Team
**Subject:** Re: Parsons, et al. v. Ryan, et al. - Correspondence

Dear Anne,

We were surprised to see that you changed Defendants' portion of the joint dispute submitted today without showing it to Plaintiffs. We request that you immediately withdraw it so that we can amend our portion to match the argument you are currently making and so that it does not address arguments you have withdrawn. Because the Court rules promptly on these matters, if you do not withdraw it by 4 p.m. PST today, we are going to file with the Court and explain that we had not seen the final document, that we requested that you withdraw it, and that you refused and we will request the right for further briefing.

Thank you,

Sophie

1



**Sophie Calderón • Associate**

555 California Street, 26th Floor • San Francisco, CA 94104
**DIRECT** 415.875.5874 • **FAX** 415.875.5700 • scalderon@JONESDAY.COM

**From:** Amy Bender [mailto:ABender@swlfirm.com]
**Sent:** Wednesday, November 07, 2012 3:54 PM
**To:** jalewelt@azdisabilitylaw.org; cnmitchell@jonesday.com; dspecter@prisonlaw.com; Fathi, David
**Cc:** Michael.gottfried@azag.gov; NORTHUP, DAWN; DUDLEY, KELLY; Parsons Team; Watanabe, Katherine
(Katherine.Watanabe@azag.gov); Zuerlein, Ashley (Ashley.Zuerlein@azag.gov); lucy.rand@azag.gov
**Subject:** Parsons, et al. v. Ryan, et al. - Correspondence

Counsel,

Please see the attached letter and enclosures from Anne Orcutt.

Sincerely,
Amy Bender



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Amy Bender**
Legal Assistant to Jamie D. Guzman
and Anne M. Orcutt
Direct: (480) 420-1638
abender@swlfirm.com
www.swlfirm.com

This electronic mail transmission contains information from the law firm Struck Wieneke &
Love, P.L.C. that may be confidential or privileged. Such information is solely for the
intended recipient, and use by any other party is not authorized. If you are not the
intended recipient, be aware that any disclosure, copying, distribution or use of this
message, its contents or any attachments is prohibited. Any wrongful interception of this
message is punishable as a Federal Crime. Although this e-mail and any attachments are
believed to be free of any virus or other defect that might affect any computer system
into which it is received and opened, it is the responsibility of the recipient to ensure
that it is virus free and no responsibility is accepted by the sender for any loss or
damage arising in any way from its use. If you have received this message in error,
please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under
Circular 230, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments), unless otherwise specifically stated, was not
intended or written to be used, and cannot be used, for the purpose of (1) avoiding
penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to