Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
kflood@acluaz.org
jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,

Plaintiffs,

v.

Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,

Defendants.

No. CV 12-00601-PHX-NVW (MEA)

**PLAINTIFFS' REVISED POSITION TO JOINT NOTICE OF DISCOVERY DISPUTE (PLAINTIFFS' PRIVILEGE LOG)**

**Disputed Issue:** The sufficiency of Prisoner Plaintiffs' Nov. 7, 2012 privilege log (Ex. A)

**Plaintiffs' Revised Position:**

The focus of this dispute is the level of detail that Plaintiffs' counsel must provide on the privilege log relating to counsel's communications with Plaintiffs' family members and third party organizations with whom counsel has worked in bringing this litigation. Both of these categories represent work product; communications with family members relating to requests for legal advice are also protected by the attorney-client privilege. *See Gerheiser v. Stephens*, 712 So. 2d 1252, 1254 (Fla. Dist. Ct. App. 1998) (mother's conversation with attorney regarding son in jail is protected by attorney-client privilege). Plaintiffs' position is that we should not even have to categorically log those that occurred after the litigation began. *See Ryan Investment Corporation v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009) ("counsel's communications with the client and work product developed once litigation commences are presumptively privileged and need not be included on any privilege log"); *Glynn v. Edo Corporation*, 2010 WL 3294347, at *7 (D. Md. Aug. 20, 2010) ("The general practice in this Court is . . . to not require logging post-litigation documents over which the attorney-client privilege or work-product doctrine has been asserted"); *United States v. Bouchard Transp.*, 2010 WL 1529248, at *2 (E.D.N.Y. Apr. 14, 2010) ("[P]rivilege logs are commonly limited to documents created before the date litigation was initiated."). Nevertheless, Plaintiffs did provide privilege logs. To date, however, Defendants have not provided privilege logs at all.

Defendants have now requested document-by-document logs, rather than the categorical log Plaintiffs' counsel provided on these topics. In short, logging the information related to Defendants' broad requests would include a high volume of attorney/client communications and work product that is not subject to discovery. Such a log would impose a substantial burden on Plaintiffs' counsel with no meaningful benefit to Defendants. Five organizations represent the tens of thousands of putative class Plaintiffs in this case, and at least 24 lawyers and legal assistants have communicated with

Plaintiffs and their family members, and on Plaintiffs' behalf. While correspondence from prisoners outnumbers that from their family members, all correspondence relating to prisoners is indexed by prisoner and identifying what was written by family members necessarily requires reviewing that written by prisoners. Such correspondence is daily, spans over 18 months since the initial investigation in anticipation of the present litigation, and results in thousands of responsive yet protected documents in the possession of the five organizations representing the putative class. [Ex. B., Decl. of James Duff Lyall, Nov. 15, 2012; Ex. C., Decl. of Corene Kendrick, Nov. 15, 2012; Ex. D., Decl. of Caroline Mitchell, Nov. 15, 2012]

Courts permit categorical privilege logs in cases like the present, where the burden of logging each and every privileged communication greatly outweighs the value more detailed logging would provide to the opposing party in assessing the privilege claims. *See, e.g., In re Imperial Corp. of America v. Shields*, 174 F.R.D. 475, 477 (S.D. Cal. 1997); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008). There is no requirement that each document be logged separately on the privilege log. *See Shields*, 174 F.R.D. at 479 ("nowhere in Fed.R.Civ.Pro. 26(b)(5) is it mandated that a document-by-document privilege log is required."). And, this point was specifically addressed by the rules advisory committee. *See* Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment (noting that a document-by-document log may be "appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.").

Because of the high volume of responsive correspondence, the burden of logging each communication, and the similarity in correspondence type and content, Plaintiffs provided Defendants with a categorical log. A more detailed log would be unduly burdensome for Plaintiffs and would provide no material benefit to Defendants. Accordingly, Plaintiffs request that the Court deny Defendants' motion to compel. Alternatively, Plaintiffs request that the Court allow for further briefing on this issue.

Dated: November 15, 2012

By: /s/ Sophia Calderón

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com
dkiernan@jonesday.com
scalderon@jonesday.com
srauh@jonesday.com

*Admitted *pro hac vice*

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
kflood@acluaz.org
jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@npp-aclu.org
afettig@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
jripke@perkinscoie.com
jahlers@perkinscoie.com
keidenbach@perkinscoie.com
jhgray@perkinscoie.com
tryerson@perkinscoie.com
mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com
dkiernan@jonesday.com
scalderon@jonesday.com
srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone: (202) 879-3837
Email: rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email: jlwilkes@jonesday.com
ksuh@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email: kmamedova@jonesday.com
jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2012, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
Sarah Kader (Bar No. 027147)
ARIZONA CENTER FOR DISABILITY LAW
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

s/ Lillian Wong