# EXHIBIT C

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone: (602) 650-1854
   Email: dpochoda@acluaz.org
5          kflood@acluaz.org
           jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
   Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8  *Christina Verduzco, Jackie Thomas, Jeremy Smith,
   Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on
   behalf of themselves and all others similarly situated*

10 **[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
|---|---|
| Plaintiffs, | **DECLARATION OF CORENE KENDRICK** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

I, Corene Kendrick, declare:

1. I am an attorney at law admitted to practice in the State of California and in this court *pro hac vice*. I am one of the counsel of record for prisoner Plaintiffs in this matter, and am a Staff Attorney at the Prison Law Office (PLO). If called as a witness, I would and could competently testify to the facts stated herein, all of which are within my personal knowledge.

2. In the time since PLO began investigating conditions in the Arizona Department of Corrections (ADC) for possible litigation in April 2011, our office has received a great deal of mail from Arizona prisoners and their families that request legal assistance or describe problems with health care and conditions in ADC prisons. Often, if prisoners find it difficult to contact us directly, they use their family as a proxy. While correspondence from prisoners outnumbers that from their family members, all correspondence relating to prisoners is indexed by prisoner. Therefore, identifying what was written by family members necessarily requires reviewing that written by prisoners.

3. I review every letter that our office receives, and any given week we receive between 10 to 25 letters. Inevitably this number goes up for several weeks every time the *Parsons* case or ADC health care is in the Arizona media. Oftentimes these letters include numerous attachments and other documents for our review.

4. I estimate that in the 19 months since our investigation started, we have received correspondence from close to 400 separate individuals. Many of these individuals have written our office multiple times, which results in thousands of pages of correspondence. We write back to every letter we receive, either via a form letter or a personalized letter requesting additional information, thus increasing the volume of correspondence.

5. Almost all of the correspondence PLO receives is via U.S. Mail, in paper letters, as prisoners do not have access to the Internet or email. Our office does not have sufficient staff to scan and upload copies of all letters and attachments to a centralized depository; and so we file the original letters in their paper form in

alphabetical order by the prisoner's last name, after returning to the letter writer all attachments he or she included in the letter to us.  Because we also do not have sufficient staff to scan and upload copies of all letters that we have sent to prisoners and their family, we have at most a draft of the outgoing letter, saved by the prisoner's last name in our office's shared computer network.

   6. Given the volume of mail we receive, we log mail in a central index only the first time we are contacted by a prisoner or family member, and do not log all subsequent correspondence regarding the prisoner.  The index is categorized by the type of complaints or allegations in the letter; but in the index we only describe the chief complaint or allegation.  Therefore to the extent an individual raises multiple issues, we would not be able to identify all mail responsive to that issue without going back and reviewing every single letter we have received in the past 19 months.

   7. The process of reviewing every single letter we have received would be further delayed due to the difficulty in reading these letters due to legibility.  Some of the prisoners who write us are functionally illiterate and it is difficult to decipher what they are saying.  We also receive mail written in Spanish from monolingual Spanish speaking prisoners and family members; I and a PLO paralegal are the only employees who are fluent enough in Spanish to understand these letters and respond to them. Deciphering and translating the volume of mail that we have received would further increase the time required to fully account for and log each piece of mail from family members.  To go back and review each separate piece of mail our office has received, and identify and log those from family members, would require a massively time-consuming effort that I estimate would take at least a week of one to two staff working full-time.

   8. Finally, and most importantly, the family members of ADC prisoners have written PLO with the expectation that the content of their letters, and their requests for legal assistance or advice will remain confidential.  Family members have described retaliation, such as the loss of visitation privileges, they have experienced as a result of communicating with our office and for seeking our assistance.  If we were to break this

presumption of privileged communication and individually log and identify by name each family member who has sought legal assistance from us on behalf of a loved one in prison, and the substance of his or her letter, it would have a profound chilling effect upon our ability to advocate on prisoners' behalf, and would inhibit prisoners' ability to obtain legal assistance in the future.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on November 15, 2012 in Berkeley, California.

                                                            */s/ Corene Kendrick*
                                                           Corene Kendrick

**ADDITIONAL COUNSEL:**

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
 ahardy@prisonlaw.com
 snorman@prisonlaw.com
 ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@npp-aclu.org
 afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
 jripke@perkinscoie.com
 jahlers@perkinscoie.com
 keidenbach@perkinscoie.com
 jhgray@perkinscoie.com
 tryerson@perkinscoie.com
 mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
           dkiernan@jonesday.com
           scalderon@jonesday.com
           srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:     rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com
           ksuh@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:     kmamedova@jonesday.com
           jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*