Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Katherine E. Watanabe, Bar No. 027458
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-NVW<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL DONNA HAMM AND MIDDLE GROUND PRISON REFORM TO COMPLY WITH DEFENDANTS' SUBPOENA DUCES TECUM**<br><br>**AND**<br><br>**RESPONSE TO THIRD PARTY RESPONDENTS HAMM AND MIDDLE GROUND PRISON REFORM'S MOTION FOR PROTECTIVE ORDER** |

Defendants Ryan and Pratt, through counsel, reply in support of their Motion to Compel ("Motion") and respond in opposition to Hamm's Counter-Motion for Protective Order ("Counter-Motion").  The Motion should be granted because Defendants have established a need for the documents in Hamm's possession and cannot obtain them from any other source.  Further, the Counter-Motion should be denied because Hamm has presented no argument to refute Defendants' contention, and Hamm submits no argument to support her request for a protective order.

This Motion is supported by the following Memorandum of Points and Authorities, and the Court's record. [1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Hamm's Removal as a Witness is Irrelevant to Her Obligation to Comply with Defendants' Subpoena.

Instead of addressing the issues raised in Defendants' Motion to Compel, Hamm focuses the majority of her Response on the fact she was removed as a witness from Plaintiffs' Initial Disclosure Statement.  *See* Doc. 214 at 4.  Like the additional assertions in Hamm's Response, she fails to provide any legal authority which supports an allegation that being removed from an initial disclosure statement somehow absolves her of the obligation to comply with Defendants' Subpoena Duces Tecum.  Defendants advised the Court of Hamm's lack of authority on this issue in their Motion to Compel – Hamm offered no counter-argument.

### B.    Defendants Never Withdrew Their Subpoena and Hamm Agreed to Comply.

In her Response, Hamm states Defendants' Subpoena "became defunct" after she interpreted one of defense counsel's letters to mean she no longer had to comply with their Subpoena.  *See* Doc. 214.  She further alleges Defendants' "attempt to seek an Order to Compel is "invalid[]," but she provides no authority to support this contention.

---

[1] Hamm's repeated ad hominem attacks on Defense Counsel throughout her Response and Counter-Motion are baseless and do not warrant a response.

1    Hamm uses her Response as a forum to reiterate her previously asserted
2    allegations – without setting forth legal authority of any kind.  *See* Doc. 214.  Instead,
3    Hamm relies on her own interpretation of the law, stating "[Hamm] formally adopts the
4    position that a subpoena that has been disavowed by the party serving the subpoena may
5    not unilaterally be reinvigorated by means of an informal letter."  *See* Doc. 214 at 5.
6    Hamm's "position" is not law and, without any authority to support her position, is not
7    controlling.  Regardless, the fact remains that Defendants never informed Hamm she no
8    longer had to comply with the Subpoena, that the Subpoena was withdrawn, or that the
9    Subpoena was no longer effective.  Further, Hamm misleads this Court by stating that
10   Mr. Bojanowski's September 13, 2012 letter informed her that the "Subpoena was no
11   longer functional and that there would be no further effort to obtain documents pursuant to
12   that subpoena."  *See* Doc. 214 at 3.  A review of that letter clearly shows it does not state
13   the Subpoena was no longer functional or that Defendants would take no further effort to
14   obtain documents.  *See* Doc. 205-1 at 13.  Defendants admit that their letter may have
15   been confusing to Hamm, however, Defendants clarified any confusion she may have had
16   when they gave her notice of their continued attempt to obtain documents.  *See* Doc. 205-
17   1 at 25.  More importantly, Hamm never sought clarification of the September 13, 2012
18   letter, rather, operated under her own assumption that she no longer had to produce
19   documents.  Moreover, her subsequent agreement to comply is evidence Hamm knew that
20   the Subpoena was not withdrawn.  In fact, Defendants never withdrew the Subpoena and
21   Hamm presents no evidence, other than her own interpretation, that they did.  Even if the
22   Subpoena had been revoked, which it had not, Hamm reinstated it by agreeing to comply
23   and produce documents responsive.  *See* Doc. 205-34.[2]

24   Regardless, the Subpoena was not withdrawn and Hamm provides no
25   authority for why she should not be compelled to comply with Defendants' Subpoena.
26   Hamm should be compelled to comply.

27
28   [2] Hamm agreed on October 16, 2012 to *comply* with the Subpoena thereby negating her claim that the Subpoena was no longer valid.  *See* Doc. 205-1 at 34.

**C.**     **Compliance with Defendants' Subpoena is Not Unduly Burdensome.**

In ruling on a Motion to Compel, the Court will protect non-parties "from significant expense resulting from the inspection and copying commanded." *Pac. Gas & Elec. Co. v. Lynch,* C-01-3023 VRW, 2002 WL 32812098, at *2 (N.D. Cal. Aug. 19, 2002).  Rule 45, Fed. R. Civ. P., does not require that all costs of production incurred by non-parties be charged against the requesting party.  Cost shifting is necessary only to protect non-parties against significant costs.  *Kwong Mei Lan Mirana v. Battery Tai-Shing Corp.,* C 08-80142MISC.JFRS, 2009 WL 290459 (N.D. Cal. Feb. 5, 2009) (requiring cost shifting sufficient to render the non-party's expenses "non-significant") (citing *Linder v. Calero–Portocarrero,* 251 F.3d 178, 182 (D.C. Cir. 2001)).  Thus, a non-party may be required to bear some or all of its costs, depending upon the circumstances.  *Id; See, e.g., Crandall v. City & County of Denver,* No. 05–cv–00242–MSK–MEH, 2007 WL 162743, at *1 (D. Colo. Jan.17, 2007) (shifting half of the non-parties' costs to plaintiff).  Under Rule 45(3)(a), Fed. R. Civ. P., a court may modify or quash a subpoena even for relevant information if it finds that there is an undue burden on the non-party.  Undue burden to the non-party is evaluated under both Rule 26 and Rule 45.  *See Exxon Shipping Co. v. U.S. Dept. of Interior.,* 34 F.3d 774, 779 (9th Cir. 1994).

A party moving to quash on the grounds of undue burden pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iv) bears the burden of proof.  *See In re Yassai,* 225 B.R. 478, 483-84 (Bankr. C.D. Cal. 1998) (citing *Linder v. Department of Defense,* 133 F.3d 17, 24 (D.C.Cir.1998)) (*Linder* holding that [t]he "burden of proving that a subpoena is oppressive is on the party moving to quash[ ]") (other citations omitted); *see also Vitale v. McAtee,* 170 F.R.D. 404, 407 (E.D.Pa.1997); *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48 (S.D.N.Y.1996) (holding that " 'the burden of persuasion in a motion to quash a subpoena ... is borne by the movant'") (citations omitted).  The burden is a heavy one.  *See Yassai, 225* B.R. at 484 (citations omitted).  Movant must meet the burden "of establishing that compliance with the subpoena would be 'unreasonable and oppressive. *Id.*  Common examples of undue burden include: "untimely service, inability to appear,

inability to produce requested documents or things, failure to identify items requested, or excessive costs." *Id.*

Hamm presents no evidence that compliance with the Subpoena would cause her undue burden and she reached an agreement with Defendants regarding a date range, time frame, and cost reimbursement. *See* Doc. 205-1 at 37. Indeed, her apparent willingness to fully comply with the Subpoena if only it were re-issued anew, without any changes, demonstrates an undue burden does not exist. *See* Doc. 214 at 7.

Defendants attempted to accommodate Hamm's concerns in complying with the Subpoena before filing this Motion. They offered to: restrict the date range of documents responsive to the Subpoena; assist in reviewing the documents in her storage facility; coordinate the date of compliance around the time of her office move; pay for copying charges; and come to her home to pick up responsive documents. *See* Doc. 205-1 at 37. Despite these considerable accommodations, Hamm still objects to compliance and offers the Court no reason why she cannot comply or how she will be unduly burdened. She has not met her burden of proof. As such, Hamm should be compelled to comply.

**D.    Defendants Have a Need for Documents Responsive to Their Subpoena.**

Courts are cautioned not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to defend and prepare the case. *See Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing Advisory Committee Notes to 1983 amendments to Rule 26). If Defendants did not have a substantial need for documents prior to the submittal of this Motion, they do now. Throughout Hamm's response she continuously refers to communications with Plaintiffs and/or their attorneys. *See* Doc. 214 at 8-11. Additionally, and unknown to Defendants prior to the filing of Hamm's Response, she discusses a news segment she did on "inmate health care" which directly references the ADC document containing Middle Ground indicia. *Id.* at 9-10. It is readily apparent Middle Ground is working in conjunction with Plaintiffs, and Defendants have a justified need to seek documents from an entity knowledgeable on the precise claims of this lawsuit. Further, Hamm and Middle Ground are likely to have

5

documents unobtainable from any other source – such as letters between family members, prisoners, and Plaintiffs regarding the conditions of confinement and adequacy of health care at ADC prisons.  Because Middle Ground acts as an advocacy group to prisoners, the types of documents in their possession are unique in that they will likely present a candid interpretation of everyday life in ADC prisons – information essential to Defendants' defense.

In her Response, Hamm reasons Defendants have no need for a subpoena stating, ". . . each time [Hamm] advocates for a prisoner, [Hamm] communicates with Defendants." *See* Doc. 214 at 12.  Hamm concludes that, as a result, "the documents are already available to Defendants' attorneys." *Id.*  Hamm further concludes, and for the first time makes this assertion, "Defendants already possess the documents they seek." *Id.* These assertions are false.  Hamm fails to address that correspondence between Hamm and prisoners, Hamm and prisoners' families, and Hamm and Plaintiffs' counsel have nothing to do with Defendants and Defendants have no access to such documents.  Hamm cannot allege that any and all communications Middle Ground has somehow pass through Defendants' hands.  This is exactly why Defendants seek these documents.  They are unable to obtain them from a source other than Middle Ground and Donna Hamm.

Moreover, Hamm's own Response supports Defendants' need for documents responsive to their Subpoena.  For example, and as discussed above, Hamm admits she was interviewed as part of a television report regarding "inmate health care." *See* Doc. 214 at 9-11.  Further, she admits she has been in contact with Plaintiffs and/or their attorneys. *Id.*  For the reasons discussed in Defendants' Motion and the reasons set forth above, the Court should grant Defendants' Motion and compel Hamm to comply.

**E.** **Hamm is Not Entitled to a Protective Order Because She Fails to Provide Any Authority, Argument, or Evidence She is Entitled to One.**[3]

Federal Rule of Civil Procedure 26(c) governs the granting of a protective order.  A protective order should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Fed.R.Civ.P. 26(c).  The Rule confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Industries*, 966 F.2d at 476 (internal quotations marks omitted); *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385-86 (C.D. Cal. 2002)

Hamm submits a 14-page Response and Counter-Motion.  *See* Doc. 214.  Within 14 pages, the words "protective order" are mentioned twice – once in the introduction to the document, and once in the conclusion.  *Id.* at 1, 13.  Hamm provides no authority, argument, or facts in support of her bald assertion she is entitled to a protective order.  As outlined above, it is Hamm's burden to show good cause exists before a court will entertain a motion for protective order.  Because she has provided absolutely no factual basis or authority, the Court should deny her Counter-Motion on that basis.  Further, Hamm makes no claim that compliance with the Subpoena would be unduly burdensome.  Even if she had, the fact Hamm previously agreed to comply with the Subpoena would belie an assertion to the contrary.  *See* Doc. 205-1 at 34.  Moreover,

[3] Hamm never filed a Motion to Quash, and her Response to Defendants' Motion to Compel is the first time she has brought her objection to Defendants' Subpoena Duces Tecum before this Court.

1    Defendants volunteered to assist in both the cost and gathering of documents – thereby
2    eliminating any alleged burden on Hamm.  *See* Docs. 205-1 at 26, 37.

3            Lastly, a majority of Hamm's Response focuses on irrelevant assertions,
4    facts, and allegations.  For example, Hamm discusses Defendants' Subpoena to Robert
5    Ortega – an individual unrelated to Hamm; the source of the document containing Middle
6    Ground indicia and how it came into Hamm's possession; Defendants' ability to call
7    Hamm as a witness; and various other extraneous points.  Because these contentions are
8    unrelated to the issues currently before this Court, Defendants do not address them.

9            The facts are simple.  Hamm has documents Defendants are in need of and
10   are entitled to have.  Hamm has failed to provide authority to support her noncompliance.
11   Hamm now seeks a protective order without providing a basis for one.  Defendants are
12   unopposed to issuing a new subpoena with identical terms and conditions; however, they
13   do not believe it to be efficient when one already exists.

### CONCLUSION

15       For these reasons, Defendants request this Court compel Hamm and Middle
16   Ground Prison Reform to produce documents responsive to Defendants' Subpoena Duces
17   Tecum from January 1, 2011 to the present.

1    DATED this 16th day of November 2012.

2                                    STRUCK WIENEKE & LOVE, P.L.C.

3

4                            By /s/ Ashlee B. Fletcher
                                Daniel P. Struck
5                               Kathleen L. Wieneke
                                Rachel Love
6                               Timothy J. Bojanowski
                                Nicholas D. Acedo
7                               Courtney R. Cloman
                                Ashlee B. Fletcher
8                               Anne M. Orcutt
                                STRUCK WIENEKE & LOVE, P.L.C.
9                               3100 West Ray Road, Suite 300
                                Chandler, Arizona  85226
10
                                Arizona Attorney General Thomas C. Horne
11                              Office of the Attorney General
                                Michael E. Gottfried
12                              Katherine E. Watanabe
                                Assistant Attorney General
13                              1275 W. Washington Street
                                Phoenix, Arizona 85007-2926
14
                                *Attorneys for Defendants*
15

16   2708556.1

17

18

19

20

21

22

23

24

25

26

27

28

9

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:                          ahardy@prisonlaw.com

Amy Fettig:                            afettig@npp-aclu.org

Caroline N. Mitchell:                  cnmitchell@jonesday.com; mlandsborough@jonesday.com;
                                       nbreen@jonesday.com

Corene T. Kendrick:                    ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:                   DBarr@perkinscoie.com; docketphx@perkinscoie.com;
                                       sneilson@perkinscoie.com

Daniel Joseph Pochoda:                 dpochoda@acluaz.org; danpoc@cox.net;
                                       gtorres@acluaz.org

David Cyrus Fathi:                     dfathi@npp-aclu.org; astamm@aclu.org;
                                       hkrase@npp-aclu.org

Donald Specter:                        dspecter@prisonlaw.com

James Anthony Ahlers:                  jahlers@perkinscoie.com; docketphx@perkinscoie.com;
                                       jroe@perkinscoie.com

James Duff Lyall:                      jlyall@acluaz.org; gtorres@acluaz.org

Jennifer Ann Alewelt:                  jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org;
                                       phxadmin@azdisabilitylaw.org

Jill Louise Ripke:                     jripke@perkinscoie.com; jgable@perkinscoie.com

John Howard Gray:                      jhgray@perkinscoie.com; slawson@perkinscoie.com

Kelly Joyce Flood:                     kflood@acluaz.org; gtorres@acluaz.org

Kirstin T. Eidenbach:                  keidenbach@perkinscoie.com; dfreouf@perkinscoie.com;
                                       docketphx@perkinscoie.com

Matthew Benjamin de Mee:               mdumee@perkinscoie.com; cwendt@perkinscoie.com

Michael Evan Gottfried:                Michael.gottfried@azag.gov; colleen.jordan@azag.gov;
                                       lucy.rand@azag.gov

Sara Norman:                           snorman@prisonlaw.com

Sophia Calderon:                       scalderon@jonesday.com; lwong@jonesday.com

10

| | | |
|---|---|---|
| 1 | Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| 2 | | |
| 3 | Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| 4 | Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| 5 | David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| 6 | R. Scott Medsker: | rsmedsker@JonesDay.com |
| 7 | John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| 8 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 9 | Jennifer K Messina: | jkmessina@jonesday.com |
| 10 | Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| 11 | Eun Ae Suh: | ksuh@jonesday.com |
| 12 | Katherine Emiko Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

Donna Leone Hamm
Middle Ground Prison Reform
139 E. Encanto Drive
Tempe, AZ 85281

/s/ Ashlee B. Fletcher