Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
       kflood@acluaz.org
       jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

[ADDITIONAL COUNSEL LISTED ON
 SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **PRISONER PLAINTIFFS' DISCOVERY STATUS CONFERENCE REPORT** <br><br> Discovery Conference: November 30, 2012, 2 pm |

SFI-785737v1

The Court has ordered the parties to appear November 30, 2012 at 2:00 pm for a Discovery Status Conference. [Doc. 268].

Defendants have served a punishing amount of discovery in this case, including 61 separate sets of discovery to the various Plaintiffs and more than 1200 individual requests, far exceeding the amount of discovery served by Plaintiffs, as reflected in this chart:

| Written Discovery Statistics | | | | | | |
|---|---|---|---|---|---|---|
| | Plaintiffs | | | Defendants | | |
| Category | Prisoners | ACDL | TOTAL | To Prisoners | To ACDL | TOTAL |
| RFAs Served (Sets of Discovery) | 0 | 0 | 0 | 2 | 0 | 2 |
| RFAs & Rogs Served (Sets of Discovery) | 1 | 0 | 1 | 12 | 2 | 14 |
| RPDs Served (Sets of Discovery) | 2 | 1 | 3 | 16 | 2 | 18 |
| Rogs Served (Sets of Discovery) | 3 | 1 | 4 | 25 | 2 | 27 |
| 30(b)(6) Doc Requests Served (Sets of Discovery) | 7 | 0 | 7 | 0 | 0 | 0 |
| **Total Sets of Discovery Served:** | 13 | 2 | 15 | 55 | 6 | 61 |
| RFAs Served (Total Requests) | 78 | 0 | 78 | 547* | 70 | 617 |
| RPDs Served (Total Requests) | 77 | 12 | 89 | 296 | 13 | 309 |
| Rogs Served (Total Questions) | 36 | 10 | 46 | 264 | 25 | 289 |
| 30(b)(6) Doc Requests Served (Total Requests) | 47 | 0 | 47 | 0 | 0 | 0 |
| **Total Requests/Questions Served:** | 238 | 22 | 260 | 1107* | 108 | 1215 |

\* Does not include 63 withdrawn RFAs Defendants plan to reword and resubmit or 24 additional RFAs Defendants will only withdraw following Plaintiff stipulation

| Other Discovery Statistics | | |
|---|---|---|
| Category | Plaintiffs | Defendants |
| Pages of Documents Produced | 13,676 | 40,692 |
| Depositions Taken | 13 | 0 |
| Third-Party Doc Requests Served (Sets of Discovery) | 8 | 36 |
| Third-Party Doc Requests Served (Total Requests) | 26 | 206 |

| Total Discovery Served on Others | | |
|---|---|---|
| Category | Plaintiffs | Defendants |
| Sets of Discovery | 23 | 97 |
| Total Requests | 286 | 1421 |

Examples of Defendants' excessive and burdensome discovery include:

- A request for all demonstrative exhibits to be used at trial (Parsons RFP No. 39);

- An interrogatory purporting to require prisoner Chisholm to identify "all impeachment evidence you may utilize at trial" including "each exhibit you intend to introduce at trial as impeachment evidence" and "all witnesses who will testify at trial to provide impeachment evidence and state with specificity the expected testimony of each impeachment witness" (Chisholm Interrog. No. 6);

- Overbroad contention interrogatories, such as Wells Interrog. No. 9, which requires Plaintiffs to "identify and set forth with specificity each and every act or omission that you contend violated the Eighth Amendment; identify the person(s) violating this Amendment; describe how such violation proximately caused or contributed to your injury and the injury each

SFI-785737v1

witness [sic] you have disclosed or may call for trial; and state all facts upon which you rely to support this contention."

- All documents obtained from Middle Ground, non-named prisoner Plaintiffs, and family members of any inmate (Parsons RFP No. 41, Chisholm RFP No. 37);

- Dozens of interrogatories that ask a particular Plaintiff about a particular allegation, such as being put on a waiting list for treatment (Hefner Interrog. No. 7) and end with the phrase if this "does not relate to YOU, provide the name and inmate number of every individual it applies to and your source, including bates number, for contending such."

- A pair of interrogatories purporting to require Plaintiffs to identify all written standards and guidelines from any source, including but not limited to the American Psychiatric Association, the American Medical Association and the NCCHC that Plaintiffs contend apply to the delivery of mental health care and psychotropic medications in ADC facilities; and for each and every single standard identified, the identity of all correctional facilities, jails and prisons currently adhering to it (apparently anywhere in the country or the world) (Brislan Nos. 1 and 2); and

- Defendants initially propounded dozens of RFAs asking various Plaintiffs to admit that documents state what they state. (E.g., Thomas RFAs Nos. 13-17) Defendants have withdrawn these RFAs, but have said "We will, however, be reworking and resubmitting these in a similar fashion as requests for admission to plaintiffs Smith and Verduzco are worded, which inquire into whether the plaintiff received or refused treatment noted in the document." In other words, they are rewriting them, not really withdrawing them.

Although the parties have attempted to meet-and-confer on the scope of Defendants' requests, the parties have not made substantial progress on narrowing their disagreement on the breadth and reasonableness of the discovery.[1]  Accordingly, at the Status Conference Plaintiffs will request permission to file a motion for a protective order relating to this discovery and also will request that Plaintiffs' obligation to respond to the

---

[1] In addition to the RFAs Defendants withdrew to rewrite, they also agreed to withdraw 24 RFAs if Plaintiffs stipulate to the authenticity of the medical records and that the records are true and accurate copies of medical records maintained by ADC in the normal course of business.

SFI-785737v1                             -2-

discovery be stayed until the Court rules.

In contrast to Defendants, since the Court's order expressing displeasure with the scope of Plaintiffs' 30(b)(6) deposition notices [Doc. 171], Plaintiffs withdrew two depositions of persons who had been noticed in their individual capacities, and have only filed one additional set of 16 discovery requests (Plaintiff Parsons' Second Set of Requests for Production, served on October 12, 2012). Plaintiffs also agreed to a three week extension until December 7, 2012, for Defendants to respond to that RFP. With respect to pending document requests, Plaintiffs have withdrawn some, narrowed others, and offered to meet-and-confer with Defendants to narrow requests that impose a burden.

There do, however, remain documents that Plaintiffs need that Defendants have not produced. For example, despite entry of a qualified protective order, Defendants have steadfastly refused to produce documents relating to prisoners other than named plaintiffs, unless Plaintiffs provide signed releases from each such prisoner. In support of their position Defendants point to the Health Insurance Portability and Accountability Act ("HIPAA"). *See* 42 U.S.C. §201 *et. seq*. But HIPAA is not a barrier to Counsel for Plaintiffs receiving these documents. Under HIPAA, disclosure is permitted without a release, *inter alia*, pursuant to a court order, subpoena, or discovery request when the healthcare provider "receives satisfactory assurance from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order." 45 C.F.R. § 164.512(e)(ii)(B). *See also Turnbow v. Life Partners, Inc.*, No. 3:12-CV-00290-HDM, 2012 WL 3599212 at *4 (D. Nev. Aug. 20, 2012); *Delaney v. Tilton*, No. 1:07-CV-1219-LJO-DLBPC, 2008 WL 4298179 at *3 (E.D. Cal. Sept. 18, 2008); *Schultz v. Olympic Med'l Ctr*, No. C07-5377-FDB, 2008 WL 3977523 at *3 (W.D. Wash. Aug. 22, 2008); *Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974 at *5 (E.D. Cal. Dec. 6, 2007); *Allen v. Woodford*, No. CV-F-05-1104-OWW-LJO, 2007 WL 309485 at *5 (E.D. Cal. Jan. 30, 2007).

Here, the Court has already issued a Protective Order [Doc. 140]. Under HIPAA a protective order is "qualified" if it prohibits "using or disclosing the protected health

information for any purpose other than the litigation," and "[r]equire[s] the return to the [health care provider] or destruction of the protected health information ... at the end of the litigation or proceeding." 45 C.F.R. § 164.512(e)(v). The Court Order here meets the HIPAA requirements because it clearly sets forth limitations on the use of confidential information to the litigation itself and sets forth a detailed and limited list of individuals who the information may be disclosed to pursuant to the litigation. *See* Order at ¶¶ 5, 6; *see also* Defendants' Notice Regarding First Joint Notice of Discovery Dispute (Doc. 176), at 2, lines 6-8 ("Defendants have analyzed the Protective Order issued by this Court (Doc. #140) and determined that the Order is a "qualified protective order" as contemplated by the Health Insurance Portability and Accountability Act."). The Order also clearly requires that any qualified person given copies of confidential information for the purposes of the litigation must return such information and that Counsel of record must certify in writing, upon request by opposing counsel or the Court, that such information has been returned as required. See Order at ¶¶ 8, 9. As such, Defendants' objection to production of Plaintiffs' requested discovery under HIPAA is without merit.

Additionally, the Court issued an Order on October 4, 2012 (Doc. 166), regarding the parties' Sixth Joint Notice of Discovery Dispute (Doc. 164), as to whether Defendants' designee Dr. Adu-Tutu could be deposed in his individual capacity. Prior to the issuance of Doc. 166, Plaintiffs had deposed several of Defendants' 30(b)(6) designees solely on the relevant topics, in reliance upon the existing caselaw that holds that a notice of deposition for a specific individual is not a successive deposition of the same person, if he or she had previously been deposed as a Rule 30(b)(6) designee. *Pecover v. Electronic Arts, Inc.*, Nos. 12-mc-80064 CS (NC) and 08-cv-02820 CW (NC), 2012 WL 951255 at *3 (N.D. Cal. Mar. 20, 2012). *See also Linville v. Xanodyne Pharmaceuticals, Inc.*, No. CIV-11-1082-D, 2012 WL 876769 at *1 (W.D. Okla. Mar. 14, 2012); *E.E.O.C. v. Winn-Dixie, Inc.*, No. CA-09-0643-C, 2010 WL 2202520 at *3 (S.D. Ala. May 28, 2010). Rule 30(b)(6) itself is clear that it "does not preclude a deposition by any other procedure allowed by these rules." The person designated to testify at a 30(b)(6) deposition speaks

for the entity, not him or herself. *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996) (a Rule 30(b)(6) designee "does not give his personal opinions," but instead "presents the corporation's 'position' on the topic"). Plaintiffs asked Defendants to agree to the depositions of three prison officials central to the administration of the prison health care system (Defendant Pratt, Dr. Richard Rowe and Dr. Ben Shaw) in their individual capacity. All three were designated and deposed under Rule 30(b)(6) before the Court issued its October 4 Order. Defendants refuse, and at the Status Conference Plaintiffs will request the Court's assistance in resolving this issue, or in the alternative, request that the Court order the parties to fully brief the issue.

Finally, Plaintiffs will request at the Status Conference that the Court formalize a process for setting up meet-and-confer conferences and require that Defendants agree to schedule one within a reasonable time, not to exceed 7 business days, of a request from Plaintiffs. Plaintiffs ask for this relief because Defendants have resisted requests for meet-and-confer conferences previously and then Plaintiffs have to spend unnecessary effort justifying the need for a meet and confer. Alternatively, Plaintiffs would be amenable to setting up a recurring date for a meet and confer once or twice a month that could be readily cancelled if no party foresaw a reason to proceed. Plaintiffs believe that if a more regular system were in place for the parties to meet, the Court would not be confronted with so many disputes.[2]

Respectfully submitted,

---

[2] There are other discovery matters for which Plaintiff may request the assistance of the court, for example, determining ground rules for Plaintiffs' experts' inspections of Defendants' institutions to occur in the coming months in order to comply with the Court's scheduling order.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 29, 2012 | **JONES DAY** |
| 3 | | |
| 4 | | By: <u>  /s/ Caroline Mitchell  </u><br>Caroline Mitchell (Cal. 143124)* |
| 5 | | David C. Kiernan (Cal. 215335)*<br>Sophia Calderón (Cal. 278315)* |
| 6 | | Sarah Rauh (Cal. 283742)*<br>555 California Street, 26th Floor |
| 7 | | San Francisco, California 94104<br>Telephone:  (415) 875-5712 |
| 8 | | Email:    cnmitchell@jonesday.com<br>              dkiernan@jonesday.com |
| 9 | |              scalderon@jonesday.com<br>              srauh@jonesday.com |
| 10 | | *Admitted *pro hac vice* |
| 11 | | Daniel C. Barr (Bar No. 010149) |
| 12 | | Jill L. Ripke (Bar No. 024837)<br>James A. Ahlers (Bar No. 026660) |
| 13 | | Kirstin T. Eidenbach (Bar No. 027341)<br>John H. Gray (Bar No. 028107) |
| 14 | | Thomas D. Ryerson (Bar No. 028073)<br>Matthew B. du Mée (Bar No. 028468) |
| 15 | | **PERKINS COIE LLP**<br>2901 N. Central Avenue, Suite 2000 |
| 16 | | Phoenix, Arizona 85012<br>Telephone:  (602) 351-8000 |
| 17 | | Email:    dbarr@perkinscoie.com<br>              jripke@perkinscoie.com |
| 18 | |              jahlers@perkinscoie.com<br>              keidenbach@perkinscoie.com |
| 19 | |              jhgray@perkinscoie.com<br>              tryerson@perkinscoie.com |
| 20 | |              mdumee@perkinscoie.com |
| 21 | | Daniel Pochoda (Bar No. 021979)<br>Kelly J. Flood (Bar No. 019772) |
| 22 | | James Duff Lyall (Bar No. 330045)*<br>**ACLU FOUNDATION OF** |
| 23 | | **ARIZONA**<br>3707 North 7th Street, Suite 235 |
| 24 | | Phoenix, Arizona 85013<br>Telephone:  (602) 650-1854 |
| 25 | | Email:    dpochoda@acluaz.org<br>              kflood@acluaz.org |
| 26 | |              jlyall@acluaz.org |
| 27 | | *Admitted pursuant to Ariz. Sup. Ct. R. 38(f) |
| 28 | | |

SFI-785737v1                                            -6-

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
           afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:     rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com
           ksuh@jonesday.com

*Admitted *pro hac vice*

1
2    Kamilla Mamedova (N.Y. 4661104)*
     Jennifer K. Messina (N.Y. 4912440)*
3    **JONES DAY**
     222 East 41 Street
4    New York, New York 10017
     Telephone:  (212) 326-3498
5    Email:    kmamedova@jonesday.com
               jkmessina@jonesday.com
6
     *Admitted *pro hac vice*
7
     *Attorneys for Plaintiffs Victor Parsons;*
8    *Shawn Jensen; Stephen Swartz; Dustin*
     *Brislan; Sonia Rodriguez; Christina*
9    *Verduzco; Jackie Thomas; Jeremy Smith;*
     *Robert Gamez; Maryanne Chisholm;*
10   *Desiree Licci; Joseph Hefner; Joshua*
     *Polson; and Charlotte Wells, on behalf of*
11   *themselves and all others similarly situated*
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SFI-785737v1                    -8-

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2012, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

I hereby certify that on this same date, I served the attached document by U.S. mail, postage prepaid on the following, who is not a registered participant of the CM/ECF system.

Donna Leone Hamm
Middle Ground Prison Reform
139 E. Encanto Drive
Tempe, AZ  85281


*s/ Caroline Mitchell*