Exhibits to Declaration of Corene Kendrick

Exhibit 1: Plaintiffs' Memorandum in Support of Motion for Class Certification in *Kress, et al. v. CCA of Tennessee, LLC, et al.*, 1:08-CV-0431-DFH-WTL (S.D. Ind. June 12, 2008

Exhibit 2: Wexford Health Sources Vacancy Report – Budget v. Actual, as of 11/30/12, ADC 049067-49077, produced by Defendants on December 11, 2012, as Defendants' Seventh Supplemental Response to Plaintiff Parsons First Request for Production of Documents

Exhibit 3: Excerpts of November 2012 ASPC Monitoring Reports, produced by Defendants on December 21, 2012, as Defendants' Fourth Supplemental Response to 30(b)(6) Notice (Dkt. 76), ADC052219 – 53285, attached as Exhibit 3. (PO)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN KRESS, BILLY FORD, ERIC STAGGS, TIMOTHY-PATRICK TREACY, RANDY CARR, on their own behalf and on behalf of a class of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CCA OF TENNESSEE, LLC d/b/a CORRECTIONS CORPORATION OF AMERICA, WARDEN JEFF CONWAY, NEIL PROBST, TIMOTHY LITTLE, VIRGINIA LEE, and MARION COUNTY SHERIFF FRANK ANDERSON, <br><br> Defendants. | Cause No. 1:08-CV-0431-DFH-WTL |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION**

**I. INTRODUCTION**

This action is brought by inmates confined to the Marion County Jail #2 whose complaints against Defendant CCA, and its employees named as Defendants in this action, include the failure to provide proper and adequate medical treatment of inmates, the existence of dangerous and inhumane conditions of the Jail #2 facility, the violation of the medical privacy provisions of HIPAA, and the failure to make available a process for inmates to file grievances under the Prison Litigation Reform Act. Plaintiffs allege these constitute violations of the United States Constitution and federal and state law.

In addition, the named Plaintiffs' complaint allege that Defendant Sheriff Anderson's failed to monitor the contract the Sheriff has with CCA and failed to ensure CCA complies with

the law and contractual obligations, including the contractual requirement that CCA fully staff the facility.

The Plaintiffs, Alan Kress, Billy Ford, Eric Staggs, Timothy-Patrick Treacy, and Randy Carr, request that this case be certified as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class is defined as:

> any and all persons currently, or who will be in the future, confined in the Jail #2 facility.

Inasmuch as all the requirements of Fed. R. Civ. Pro. 23(a) and 23(b)(2) are met, the class should be certified.

Fed. R. Civ. Pro. 23 is to be liberally interpreted and construed in such a way as to favor maintenance of class actions. King v. Kansas City Southern Industries, Inc, 519 F. 2d 20, 25-26 (7th Cir. 1975). There needs not be a preliminary showing that the class is likely to succeed on the merits before a class action may be maintained. Koos v. First National Bank of Peoria, 496 F.2d 1162, 1165 (7th Cir. 1974).

## II. THE CLASS IS SO NUMEROUS THAT JOINDER OF ALL MEMBERS IS IMPRACTICABLE

The first requirement for certification of a class action is that the class must be so numerous that joinder of all members is impractical. Fed. R. Civ. Pro. 23(a)(1). This does not impose an absolute numerical requirement for class certification. Rather, courts must consider each case on its facts to determine the practicality of joining all class members. Swanson v. American Consumer Industries, Inc., 415 F. 2d 1326 (7th Cir. 1969). However, it has been held that as few as 25-30 class members should raise a presumption that joinder would be impractical and thus the class should be certified. 1 Newberg, Class Actions Section 1105(b) at 174 (1977);

Equal Employment Opportunity Commission v. Printing Industry, 92 F.R.D. 51, 53 (D.D.C. 1981).

There are factors other than the number of class members to be considered on the issue of practicality of joinder:

> Among the factors to be considered along with the number of class members are geographic diversity, judicial economy, and the ability of the individual class members to institute individual lawsuits.

Tenants Associated for a Better Spaulding v. United States Department of Housing and Urban Development, 97 F.R.D. 726, 729 (N.D Ill. 1983) (citations omitted).

Additionally, the Court may consider the number of future class members and draw an inference that joinder is impracticable. Lewis v. Gross, 663 F. Supp. 1164, 1169 (E.D. N.Y. 1986). In Andre H. v. Ambach, 104 F.R.D. 606, 611 (S.D. N.Y. 1985), the court held that the fact that a detention center population is constantly revolving establishes sufficient numerosity to make joinder of the class members impracticable.")

In this case, the Jail #2 facility holds over 1000 inmates at a given time. Like in Andre H., the Jail #2 facility is constantly revolving. Because of the large number of inmates and the fact that the population of Jail #2 is constantly revolving, joinder of class members is impractical, and the first prong is established.

### III. THERE ARE QUESTIONS OF LAW OR FACT COMMON TO THE CLASS

Rule 23(a)(2) requires that there be questions of law or fact common to the class in order for a class action to be certified. Several federal courts have held that the existence of a common scheme applied to all members of a class fulfills this requirement. In Like v. Carter, 448 F.2d 798 (8th Cir. 1971), the Court ruled that a state policy affecting all welfare recipients presented

3

common questions of law, even though each member of the class presented minor differences of fact.

Distinctions in the facts of individual class members' claims do not preclude a finding that the commonality requirement is met. Patterson v. General Motors Corp., 631 F.2d 4786, 481 (7th Cir. 1980), cert denied, 451 U.S. 914 (1981). Rather, "[a] common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." Rosario v. Livaditis, 963 F. 2d 1013, 1018 (7th Cir. 1992), cert denied, 506 U.S. 1051 (1993). A common nucleus of fact is typically found where defendants have engaged in standardized conduct toward members of the proposed class. Keele v. Wexler, 149 F. 3d 589, 594 (7th Cir. 1998).

In this class, all class members are in the same position, subject to the conditions at the Jail #2 facility, including whether the failure to provide proper and adequate medical care of inmates, the conditions of the Jail #2 facility, the violation of the medical privacy provisions of HIPAA, and CCA's failure to make available a process for inmates to file grievances violate the United States Constitution and federal and state law. In addition, Defendant Sheriff Anderson's failure to monitor the contract the Sheriff has with CCA and the failure to ensure CCA complies with the law in providing jail services and contractual obligations such as the requirement that CCA fully staff the facility, are likewise questions of law and/or fact common to the class.

### IV. CLAIMS OF THE PLAINTIFFS ARE TYPICAL OF THE CLAIMS OF THE PLAINTIFFS' CLASS

Rule 23(a)(3) requires that the claims of the representative parties be typical of those of the class. The standard for determining typicality is not that there need be identity of interest between the named Plaintiffs and the class, but rather that there be a "sufficient homogeneity of interest." Jones v. Blinziner, 536 F. Supp. 1181, 1190 (N.D. Ind. 1982) (quoting Sosna v. Iowa, 419 U.S. 393, 403 n. 13 (1975)). As the court held in De La Fuente v. Stokely-Van Camp, Inc.,

713 Fd. 225, 232 (7th Cir. 1983), "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory." The fundamental inquiry is whether all members of the class would benefit in some way from a judgment favorable to the Plaintiffs. Ellis v. Naval Air Rework Facility, 404 F. Supp. 391, 396 (N.D. Cal. 1975).

Plaintiffs meet this requirement. They seek to declare that the substandard medical care, conditions of the facility and other problems with CCA's operation of the Jail #2 facility are applicable to all class members. All members of the class would benefit in some way from a judgment favorable to the Plaintiffs and the Plaintiffs present no unique problems in pursuing their claims. Therefore, they are typical of the class that they seek to represent. See Cortigiano v. Oceanview Manor Home for Adults, 227 F.R.D. 194, 206 (E.D.N.Y. 2005); Lawson v. Metropolitan Sanitary Dist. of Greater Chicago, 102 F.R.D. 783, 792 (C.D. Ill. 1983).

### V. PLAINTIFFS WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS

Rule 23(a)(4) requires that the class representative's interests and his counsel be such that they can and will vigorously pursue the class' interests as well as the Plaintiffs. Hohmann v Packard Instrument Co., 399 F. 2d 711 (7th Cir. 1968). The Plaintiffs and the putative class are represented by counsel who are experienced in this type of litigation and in particular the issues relating to CCA's operation of the Jail #2 facility. Plaintiffs' counsel, in fact, currently have several cases before this court involving similar issues with the Defendants CCA, CCA's warden at Jail #2, members of CCA medical staff at the facility, as well as the Sheriff of Marion County, Frank Anderson. Further, since the relief Plaintiffs seek is "identical to the relief sought for the entire class, it is not inconsistent in any way with the interests of the members of the class." Jones, 536 F.Supp. at 1190. Likewise, the Plaintiffs have a stake in the proceedings that will

"insure diligent and thorough prosecution of the litigation." Rodriguez v. Swank, 318 F. Supp. 289, 294 (N.D. Ill. 1970), aff'd 403 U.S. 901 (1971). Plaintiffs therefore are adequate class representatives.

### VI. FURTHER REQUIREMENTS OF RULE 23(B)(2) ARE MET

The final requirement for class certification is stated in Rule 23(b)(2). In order to meet the requirement of Rule 23(b)(2), the party who opposes the class must not have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole." The Defendants have acted alike toward all members of the class.

As stated in a leading treatise:

> Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits. Most class actions in the constitutional and civil rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria.

A. Conte & H. Newberg, Newberg on Class Actions, Section 25.20 (4th Ed. 2002).

Defendants have acted or refused to act on grounds generally applicable to the class and the requirement of Rule 23(b)(2) are met.

### IV. Conclusion

For the above reasons, the Plaintiffs' Motion for Class Certification should be granted.

Respectfully submitted,

ROBERTS & BISHOP

/s/ Adam Lenkowsky
Adam Lenkowsky
Attorney #24277-49
Attorney for Plaintiff

6

# CERTIFICATE OF SERVICE

The undersigned affirms that on June 12, 2008, this document was served on:

>Michael R. Rosiello
>BARNES & THORNBURG, LLP
>mrosiello@btlaw.com
>
>William A. Hahn
>BARNES & THORNBURGH, LLP
>whahn@btlaw.com
>
>Jonathan L. Mayes
>Chief Litigation Counsel
>OFFICE OF CORPORATION COUNSEL
>jmayes@indygov.org

using the CM/ECF system which sent notification of the filing and a link to an electronic copy of the document to all parties that participate in the CM/ECF system. There are no parties that do not participate in the CM/ECF system and thus no mailing is required.

>/s/Adam Lenkowsky
>Adam Lenkowsky

Adam Lenkowsky
ROBERTS & BISHOP
118 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 631-0172
Facsimile: (317) 631-0178
alenkowsky@roberts-bishop.com