Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org
        kflood@acluaz.org
        jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
*Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
*Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert*
*Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner,*
*Joshua Polson, and Charlotte Wells, on behalf of*
*themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON**
 **SIGNATURE PAGE]**

Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
Sarah Kader (Bar No. 027147)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: jalewelt@azdisabilitylaw.org
        avarma@azdisabilitylaw.org
        skader@azdisabilitylaw.org
*Attorneys for Plaintiff Arizona Center for Disability Law*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
| Plaintiffs, | **PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND TIME FOR THE COMPLETION OF FACT AND EXPERT DISCOVERY** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

1    Named Plaintiffs and Plaintiff Arizona Center for Disability Law ("Plaintiffs")

2    hereby respectfully move this Court to modify the Scheduling Order (Doc. 52) to extend

3    the deadline for the completion of fact discovery and expert disclosure by six months

4    pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure.[1]  Plaintiffs have

5    diligently pursued discovery but will be unable to obtain complete responses prior to the

6    Court's deadline of May 31, 2013 for fact discovery and June 28, 2013 for plaintiffs'

7    expert disclosure, due primarily to unforeseen and unusual circumstances outside

8    Plaintiffs' control, namely:  Defendants' second change in the entity providing health care

9    to prisoners, the latest switch being effective March 4, 2013; and Defendants' ongoing

10   refusal to provide responsive discovery or commit to expert inspections until the Court

11   issues a decision on Plaintiffs' motion for class certification.  Defendants also recognize

12   the need for additional time, but have refused to stipulate to an extension until after class

13   certification.  Therefore, there is good cause for the modification to the Scheduling Order,

14   and Plaintiffs' request to modify the Order is timely.  *Johnson v. Mammoth Recreations,*

15   *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

16                          **PROCEDURAL AND FACTUAL BACKGROUND**

17   This case alleges systemic failures by Defendants Ryan and Pratt to provide

18   minimally adequate health care and constitutional conditions of confinement in isolation

19   to prisoners in the Arizona Department of Corrections ("ADC").  When Plaintiffs filed

20   this putative class action in March 2012, Defendants' employees were providing health

21   care services to Named Plaintiffs and other prisoners.  On April 4, 2012, Defendants

22   announced that Wexford Health Services, Inc. ("Wexford") had been awarded a multi-

23   year contract to provide health care services to prisoners in ADC facilities starting on July

24   1, 2012.  This Court subsequently held that even though Defendants had hired a private

25

26   _____

27   [1] The specific deadlines in the Scheduling Order that plaintiffs seek to extend by
     six months are the deadline for completing fact discovery, from May 31, 2013 to
     November 27, 2013; and the deadline for Plaintiffs' expert disclosures from June 28, 2013

28   to December 31, 2013.

1   vendor to provide health care services, Defendants remained constitutionally responsible

2   for care.  Order Denying Motion to Dismiss, Doc. 175 at 10.

3         On January 30, 2013, seven months into Wexford's provision of health care

4   services, Defendants abruptly informed Plaintiffs and the Court that they had terminated

5   their contract with Wexford and that a new corporation, Corizon, would be providing all

6   health care services beginning on March 4, 2013.  Doc. 344.

7         At the July 20, 2012 scheduling conference, this Court ruled that discovery would

8   not be bifurcated.  Transcript of July 20, 2012 Scheduling Conference, 11:18-12:2.

9   Despite the Court's statement that discovery was not bifurcated (and the Scheduling Order

10  does not bifurcate discovery), Defendants nonetheless have objected to many of Plaintiffs'

11  discovery requests and requests for inspection on the grounds that the class has not yet

12  been certified.  *See, e.g*. Declaration of David Fathi ("Fathi Dec."), ¶ 2, Defendants'

13  Twelfth Supplemental Response, Feb. 22, 2013, Responses Nos. 32, 36, 38, 39, 41, 49,

14  and 54-56 ("until class certification is obtained, the Defendants object to any request that

15  seeks information relating to inmates other than the fourteen named prisoner-plaintiffs, as

16  overbroad and unduly burdensome"); ¶ 6, Defendants' Objection to Plaintiffs' Request to

17  Enter Defendants' Property, Jan. 25, 2013, at 2 ("This case is not a class action…

18  Plaintiffs' request to inspect specific ADC facilities is premature…").[2]

19        The week following Defendants' announcement that they were changing health

20  care providers, Plaintiffs proposed to Defendants that the parties stipulate to an extension

21  to the deadlines for discovery.  Plaintiffs made this proposal in light of (1) the fact that

22  when the current deadline for fact discovery expires, Corizon will have recently assumed

23  control and will have been providing health care services for less than three months; (2)

24  the likelihood that Defendants will assert as a defense that Corizon will need time to come

25  up to speed in providing health care services to prisoners; and (3) the time it will take for

26  Defendants to compile and provide evidence related to ADC's monitoring of Corizon's

27

28  [2] Defendants' class certification objection applies to 18 document requests and 10
    interrogatories.  *See* Fathi Dec. ¶¶ 2-5.

1   performance.  Fathi Dec. ¶ 8.  Defendants' position remains that class-wide discovery and

2   expert tours (which will take several weeks) must wait until after class certification.

3   *Id.* ¶¶ 10, 12, Exhs. 3, 5.  Because significant questions remain regarding the scope or

4   method of fact and expert discovery after class certification, particularly from Corizon and

5   its employees, Plaintiffs anticipate that they will likely be unable to complete fact and

6   expert discovery in the remaining three months, even if the Court were to issue a class

7   certification decision today.

8                                          **ARGUMENT**

9        A Rule 16 case management schedule "may be modified only for good cause and

10  with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "A district judge is given broad

11  discretion in supervising the pre-trial phase of litigation..." *Campbell Indus. v. M/V*

12  *Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (citation and quotation marks omitted).  Good

13  cause for modifying deadlines in a case management order is assessed primarily by

14  considering the diligence of the party seeking the extension of time.  "The district court

15  may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of

16  the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed.R.Civ.P. 16

17  advisory committee's notes (1983 am.)).

18      To demonstrate diligence under Rule 16's "good cause" standard, district courts

19  must determine if the movant has shown: "(1) that he was diligent in assisting the court in

20  creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline

21  occurred or will occur, notwithstanding his diligent efforts to comply, because of the

22  development of matters which could not have been reasonably foreseen or anticipated at

23  the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking

24  amendment of the Rule 16 order, once it became apparent that he could not comply with

25  the order." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz.

26  2012), *reconsideration denied*, 2012 WL 2368478 (D. Ariz. June 21, 2012) (quoting

27  *Grant v. United States,* 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *adopted,*

28  2012 WL 218959, at *1 (E.D. Cal. Jan. 23, 2012)) (internal ellipses omitted).  Courts also

should consider whether amending the scheduling order will create "meaningful case management issues" or "infringe on the effective adjudication of the litigation[.]"  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert denied*, 132 S.Ct. 1566 (2012) (internal citations omitted).

## A.   Plaintiffs Were Diligent in Assisting the Court in Creating a Workable Rule 16 Order

Plaintiffs worked cooperatively with the Court prior to and during the initial case management conference of July 20, 2012 in developing the timeframes set out in the Court's Scheduling Order.  Fathi Dec. ¶ 13.  Based on the understanding at the time that discovery would not be bifurcated, Plaintiffs believed that the ten-month period for fact discovery, with class certification briefing completed roughly five months into discovery, would be sufficient.  *Id.*  Plaintiffs issued their first written discovery in June 2012, even before the case management conference, and the bulk of Plaintiffs' requests were served by late October.  Plaintiffs also began noticing depositions in July and August 2012. *Id.* ¶ 14.  As described above, however, discovery has in practice been much more limited than anticipated in the period before class certification.

## B.   Plaintiffs Could Not Have Reasonably Foreseen Defendants Would Change Health Care Providers on March 4, 2013 and Would Refuse to Produce Responsive Fact and Expert Discovery

Defendants' abrupt decision to terminate their contract with Wexford and enter into an agreement with Corizon to provide health care services effective March 4, 2013 was not reasonably foreseeable to Plaintiffs.  The change certainly was not foreseeable at the July 20, 2012 initial case management conference, or at the November 30, 2012 discovery management conference with the Court.  ADC and Wexford parted ways after several months of private negotiation that followed a cure letter issued by ADC on September 21, 2012.  The timing and status of those discussions were not disclosed to Plaintiffs.  Fathi Dec. ¶ 15.  Plaintiffs learned of the change on January 30, 2013, when Defendants notified the Court and all parties through the filing of their Notice.  *Id.*

1    Notwithstanding the change in provider, Plaintiffs thought that Defendants would

2    at least begin planning for class-wide discovery to proceed during the spring, particularly

3    the expert tours of ADC complexes.  Fathi Dec. ¶ 7.  Plaintiffs noticed these inspections

4    on January 4, and again on February 21, 2013, but Defendants have continued to resist

5    committing to the tours (which require extensive expert and attorney travel and planning)

6    pending class certification.  Doc. 317; Doc. 358; Fathi Dec. ¶¶ 7, 10, 12; Exhs. 3-5.

7    Turnover related to the Corizon transition is likely to lengthen that process.  Moreover,

8    even if the tours proceed as currently proposed, they will not be completed until late May,

9    preventing Plaintiffs from conducting any follow-up written or deposition discovery.  It

10   has thus become increasingly clear that Plaintiffs will face significant challenges in

11   gathering the evidence needed for trial in the remaining 90 days before the current May 31

12   deadline.

13   **C.      Plaintiffs Are Diligent in Seeking This Modification to the Scheduling Order**

14          Since Defendants announced on January 30, 2013 that they were changing health

15   care providers, Plaintiffs have promptly and diligently sought this modification of the case

16   management order.  Counsel for Plaintiffs first contacted Defense counsel on February 8,

17   2013 regarding the possibility of a stipulated extension to the discovery deadlines. Fathi

18   Dec. ¶ 7.  On February 21, 2013, Counsel for Defendants informed Counsel for Plaintiffs

19   that they "would agree to join in a motion to extend discovery in this case" if the Court

20   grants class certification.  Fathi Dec. ¶ 20, Exh. 3.

21          While Plaintiffs appreciate Defendants' willingness to agree to a joint motion to

22   modify the scheduling order at some point in the future, diligence requires that Plaintiffs

23   promptly bring to the Court's attention the fact that they anticipate that the discovery

24   deadlines in the scheduling order cannot be reasonably met in light of the changed

25   circumstances of a new health care provider and Defendants' refusal to provide responsive

26   discovery until a class certification order is issued.  *Contra, Zivkovic v. S. Cal. Edison Co.*,

27   302 F.3d 1080, 1087-88 (9th Cir. 2002) (party's delay of four months to seek relief to

28

1   allow more time for discovery did not show diligence in assisting the court and bringing
2   inability to meet deadlines to court's attention).
3        THEREFORE, Plaintiffs respectfully request that the Court modify its Scheduling
4   Order to extend the discovery deadlines by six months, in light of Defendants' change
5   from Wexford to Corizon to provide health care services and their refusal to produce
6   responsive evidence or even discuss the extension of deadlines until the Court issues its
7   decision on class certification.

8   Dated: March 1, 2013                    **PRISON LAW OFFICE**

9

10                                  By:   */s/ Corene Kendrick*
                                        Donald Specter (Cal. 83925)*
11                                      Alison Hardy (Cal. 135966)*
                                        Sara Norman (Cal. 189536)*
12                                      Corene Kendrick (Cal. 226642)*
                                        **PRISON LAW OFFICE**
13                                      1917 Fifth Street
                                        Berkeley, California 94710
14                                      Telephone:  (510) 280-2621
                                        Email:    dspecter@prisonlaw.com
15                                                ahardy@prisonlaw.com
                                                  snorman@prisonlaw.com
16                                                ckendrick@prisonlaw.com

17                                      *Admitted *pro hac vice*

18                                      Daniel C. Barr (Bar No. 010149)
                                        Amelia M. Gerlicher (Bar No. 023966)
19                                      Kirstin T. Eidenbach (Bar No. 027341)
                                        John H. Gray (Bar No. 028107)
20                                      Matthew B. du Mée (Bar No. 028468)
                                        **PERKINS COIE LLP**
21                                      2901 N. Central Avenue, Suite 2000
                                        Phoenix, Arizona 85012
22                                      Telephone:  (602) 351-8000
                                        Email:    dbarr@perkinscoie.com
23                                                agerlicher@perkinscoie.com
                                                  keidenbach@perkinscoie.com
24                                                jhgray@perkinscoie.com
                                                  mdumee@perkinscoie.com
25

26

27

28

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     dpochoda@acluaz.org
               kflood@acluaz.org
               jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
               afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
               dkiernan@jonesday.com
               scalderon@jonesday.com
               srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:     rsmedsker@jonesday.com

*Admitted *pro hac vice*

1    John Laurens Wilkes (Tex. 24053548)*
     **JONES DAY**
2    717 Texas Street
     Houston, Texas 77002
3    Telephone:  (832) 239-3939
     Email:     jlwilkes@jonesday.com
4
     *Admitted *pro hac vice*
5
     Kamilla Mamedova (N.Y. 4661104)*
6    Jennifer K. Messina (N.Y. 4912440)*
     **JONES DAY**
7    222 East 41 Street
     New York, New York 10017
8    Telephone:  (212) 326-3498
     Email:     kmamedova@jonesday.com
9               jkmessina@jonesday.com

10   *Admitted *pro hac vice*

11   *Attorneys for Plaintiffs Victor Parsons;
     Shawn Jensen; Stephen Swartz; Dustin
12   Brislan; Sonia Rodriguez; Christina
     Verduzco; Jackie Thomas; Jeremy Smith;
13   Robert Gamez; Maryanne Chisholm;
     Desiree Licci; Joseph Hefner; Joshua
14   Polson; and Charlotte Wells, on behalf of
     themselves and all others similarly situated*

15
     **ARIZONA CENTER FOR DISABILITY
16   LAW**

17
     By:   /s/ Jennifer Alewelt
18       Jennifer Alewelt (Bar No. 027366)
         Asim Varma (Bar No. 027927)
19       Sarah Kader (Bar No. 027147)
         5025 East Washington Street, Suite 202
20       Phoenix, Arizona 85034
         Telephone:  (602) 274-6287
21       Email:     jalewelt@azdisabilitylaw.org
                    avarma@azdisabilitylaw.org
22                  skader@azdisabilitylaw.org

23   *Attorneys for Arizona Center for Disability
     Law*
24

25

26

27

28

-8-

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2013, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Ashley B. Zuerlein
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov
Ashley.Zuerlein@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

*/s/ Stephanie Lawson*