Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Katherine E. Watanabe, Bar No. 027458
Lucy M. Rand, Bar No. 026919
Ashley B. Zuerlein, Bar No. 029541
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov
Ashley.Zuerlein@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                                                      Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                                                      Defendants. | NO. 2:12-cv-00601-NVW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE DEPOSITIONS OF STATE INMATES** |

Defendants Charles Ryan and Richard Pratt ("Defendants"), through counsel, hereby oppose Plaintiffs' Motion, for the reasons set forth below.

Notwithstanding Defendants' repeated assurances that neither Inmate Trethewey nor Sheppard are in any danger of imminent death, Plaintiffs' Counsel filed this Motion. Without any documentation or legal support, Plaintiffs demand Defendants facilitate and coordinate accommodations so that two, non-parties, may be deposed. This request is unnecessary, premature, and would present an undue burden on Defendants with respect to the costs of preparing for and attending these depositions. More importantly, Plaintiffs' Motion for Class Certification is currently pending before this Court. As such, testimony from these non-parties is not relevant to the claims asserted by the fourteen named Plaintiffs – the only claims by the only Plaintiffs in this lawsuit. If Plaintiffs' assertions that these two inmates were in danger of imminent death were accurate, Defendants would not be objecting to this motion.

Based on the foregoing, and the reasons set out in detail below, Plaintiffs' Motion should be denied as premature and irrelevant to the claims in this case.

## I. **FACTUAL BACKGROUND**

In their motion, Plaintiffs set forth assertions of the alleged and unsupported grave conditions of two prisoners confined at ADC's Tucson facility. *See* Doc. 356. Despite numerous correspondence and reassurances by Defendants that these individuals are not on their death beds, Plaintiffs insisted on filing this Motion with the Court. Defendants offered to obtain the medical records of Mr. Sheppard and Mr. Trethewey, so that Plaintiffs would be afforded the opportunity to properly analyze the conditions of these inmates. Defendants summoned a physician to examine and review medical records of these individuals, and reported back to Plaintiffs that these inmates were in good health and not in danger of imminent death.

On February 12, 2013, Ms. Morrow, Plaintiffs' Counsel, contacted Defense Counsel asking if Defendants would stipulate to the video depositions of Trethewey and Sheppard within the next three to five weeks. *See* Ex. 1 (February 12, 2013

Correspondence from Morrow to Struck). Prior to this correspondence, defense counsel had never heard of these inmates or their medical conditions and Plaintiffs' Counsel provided no detail other than generic allegations they were in "very poor health" and that they "are concerned that they may not survive until trial." *Id.* Plaintiffs' Counsel gave no indication or description of either of their conditions or medical history.

During this time, Plaintiffs' Counsel requested a meet-and-confer on a variety of other topics unrelated to the allegations in Plaintiffs' Complaint. On February 13, 2013, before Defense Counsel had responded to Plaintiffs' Counsel's initial correspondence regarding the Sheppard and Trethewey depositions, Plaintiffs added the issue of the Sheppard and Trethewey depositions to the list of topics to be discussed at the meet-and-confer. *See* Ex. 2 (February 13, 2013 Correspondence to Zuerlein from Lyall).

On February 14, 2013, the parties met and conferred. Defense Counsel informed Plaintiffs' Counsel that they had consulted with ADC medical personnel and that these inmates were in stable condition. Additionally, Defendants stated they needed to review the inmates' medical records before stipulating to depositions that are not relevant to Plaintiffs' current claims. Defendants agreed to obtain and produce these records to Plaintiffs upon receipt.

Later that afternoon, Plaintiffs' Counsel stated that they could not wait to review the inmates' medical records and that the inmates' "conditions are the reason for our urgency" and they "believe the risk in waiting is too great." *See* Ex. 3 (February 14, 2013 Correspondence from Morrow to Struck). In that correspondence, Plaintiffs' Counsel stated "we have no choice but to protect our clients and preserve the record by filing our request with the court early next week." *Id.* Further, Plaintiffs apparently had no evidence of the inmates' medical conditions other than what they had been told by the inmates themselves.

On February 20, 2013, Plaintiffs' Counsel informed Defense Counsel they would file a motion for leave to take the inmate depositions. *See* Ex. 4 (February 20, 2013 Correspondence from Morrow to Struck). That same day, Defense Counsel again

informed Plaintiffs' Counsel that according to ADC medical personnel, neither of the inmates was in danger of imminent death. *See* Ex. 5 (February 20, 2013 Correspondence from Struck to Morrow). Defense Counsel advised Plaintiffs' Counsel that they were still in the process of obtaining the medical records and would provide them to Plaintiffs' Counsel upon receipt. *Id.* Defense Counsel stated Dr. Robertson reviewed the inmates' charts and determined neither inmate is in any danger of imminent death. *Id.*

Plaintiffs' Counsel responded that counsel for both parties "disagreed regarding the threshold required to take these depositions." *See* Ex. 6 (February 20, 2013 Correspondence from Morrow to Struck).

*Id.* Defense Counsel responded and conveyed his opposition to the motion, but agreed to Plaintiffs' Counsel's request for an expedited briefing schedule. *See* Ex. 7 (February 20, 2013 Correspondence from Struck to Morrow).

*Id.* He explained that such information could alter Defendants' position regarding the request for expedited depositions. *Id.* To date, Defendants have received no response or supporting evidence.

Moreover, despite Defense Counsel's repeated assurances regarding the health of the inmates' – supported by reliable medical sources – Plaintiffs' Counsel filed this unsupported motion.

Despite Plaintiffs' Counsel's earlier contention that the parties "disagree regarding the threshold to take these depositions", Plaintiffs do not establish a threshold. In fact, Plaintiffs do not cite to *any* authority in their motion. Rather, they move pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure and request the court grant

2732740.1
4

leave for Plaintiffs to take depositions of two inmates who are not parties to this lawsuit. While Rule 30(a)(2)(B) requires Plaintiffs to seek leave of an incarcerated individual, it does not permit Plaintiffs to depose any inmate – simply as a result of their incarcerated status – and surely does not outline a "threshold" or provide Plaintiffs with the authority to do so. What Plaintiffs fail to address, is the cardinal rule of discovery – evidence must be *relevant.* The testimony Plaintiffs seek to elicit is not relevant and their motion should be denied.

## II. DEPOSITIONS OF TRETHEWEY AND SHEPPARD ARE IRRELEVANT AND PLACE AN UNDUE BURDEN ON DEFENDANTS

The scope of discovery in civil cases is limited to matters "relevant to any party's claim or defense." *See* Fed.R.Civ.P. 26(b)(1). Discovery may be limited further by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit...." *See* Fed.R.Civ.P. 26(b)(2)(C).

Plaintiffs must seek leave of court to take depositions of members of a putative class, other than the named class members – after first showing that the discovery is necessary. *See Baldwin & Flynn v. Nat'l Safety Associates*, 149 F.R.D. 598, 600 (N.D. Cal. 1993) (citing *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340–341 (7th Cir.1974).). Additionally, the court should consider the need for efficiency and economy before ordering discovery. *Klein v. King,* 132 F.R.D. 525 (N.D.Cal.1990).

Many courts hold that discovery from putative or absent class members may be allowed only in special circumstances. *See Withers v. eHarmony, Inc.,* 267 F.R.D. 316, 320 (C.D.Cal.2010) (quoting *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341 (7th Cir.1974) (quotation marks omitted) *see also On the House Syndication, Inc. v. Fed. Express Corp.,* 203 F.R.D. 452, 455-56 (S.D.Cal.2001) ("discovery of absent class members is ordinarily not permitted in class actions."), *rev'd on other grounds,* 79 Fed.

Appx. 247 (9th Cir.2003).

Plaintiffs fail to specify why the depositions of these non-party prisoners are necessary, how the information sought relates to issues in this case, or why it cannot be obtained by less burdensome means. The relevancy of the testimony from these two witnesses is not obvious from the record and Plaintiffs provide no explanation of how it is relevant. Moreover, Plaintiffs have not demonstrated that the discovery they seek from these nonparties is not obtainable by less burdensome means. Plaintiffs' request is overbroad because it has no boundaries and is not reasonably calculated to lead to the discovery of admissible evidence as Sheppard and Trethewey are not parties to this action and this case has not been certified as a class action. Plaintiffs have not made a substantial showing, or any showing, that the depositions will likely result in the discovery of relevant probative evidence with respect to the claims of the fourteen named Plaintiffs. *See Himmelberger v. Vasques*, C 98-20929 RMW (PR), 2009 WL 1011733, at *2 (N.D. Cal. Apr. 15, 2009) (Denying Plaintiff's motion to depose non-party prisoners as irrelevant); *See Davis v. Kissinger,* CIV S-04-0878GEBDADP, 2008 WL 618802, *2 (E.D. Cal. Mar. 3, 2008) (same).

In their motion, Plaintiffs fail to comment on the potential use of these inmates' testimony. They present no facts or argument as to how the inmates' testimony will be relevant to this lawsuit or the fourteen named Plaintiffs' allegations. Until, and if, this case is certified, the only relevant claims are those of the named Plaintiffs. Although Plaintiffs claim Sheppard and Trethewey possess relevant information regarding the medical care provided by Defendants, they fail to specify what that information is or how it is relevant to the claims asserted by the fourteen named Plaintiffs.

2732740.1                                          6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2732740.1                               7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV. CONCLUSION

Defendants have confirmed and informed Plaintiffs that Sheppard and Trethewey are not in "danger of imminent death." Plaintiffs, on the other hand, produce no evidence, documentation, case law, or legal authority of any kind, to support their unfounded conclusion that these inmates are dying. Defendants respectfully request the Court deny Plaintiff's Motion to Depose State Inmates.

DATED this 1st day of March 2013.

        STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Ashlee B. Fletcher
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    Anne M. Orcutt
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Katherine E. Watanabe
    Lucy M. Rand
    Ashley B. Zuerlein
    Assistant Attorney General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |

2732740.1

12

| | | |
|---|---|---|
| 1 | R. Scott Medsker: | rsmedsker@JonesDay.com |
| 2 | John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| 3 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 4 | Jennifer K. Messina: | jkmessina@jonesday.com |
| 5 | Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| 6 | Katherine E. Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |
| 7 | Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com |
| 8 | Lucy Marie Rand: | Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 9 | Ashley Brook Zuerlein: | Ashley.Zuerlein@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 10 | Ajmel Quereshi: | aquereshi@npp-aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ *Ashlee B. Fletcher*

2732740.1                13