**ATTACHMENT**

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYNNE WANG; YU FANG INES KAI; HUI JUNG PAO, on behalf of themselves and all others similarly situated; LIEN YI JUNG; YU FANG KAI; CHANG CHINGFANG; JEFFREY SUN; SHIEH-SHENG WEI; YUN MIN PAO; HUI JUNG LEE; CHENGYANG YAN; SHIANG HUANG; CHIH-MING SHEU; MINH VI-HUYNH; JENNY LIU HUNG, *Plaintiffs-Appellees*, v. CHINESE DAILY NEWS, INC., *Defendant-Appellant.* | No. 08-55483 D.C. No. 2:04-cv-01498-CBM-JWJ OPINION |

LYNNE WANG; YU FANG INES KAI;
HUI JUNG PAO, on behalf of
themselves and all others similarly
situated,

*Plaintiffs-Appellees*,

v.

CHINESE DAILY NEWS, INC.,
*Defendant-Appellant*,

and

LIEN YI JUNG; YU FANG KAI;
CHINGFANG CHANG; SHIEH-SHENG
WEI; YUN MIN PAO; HUI JUNG LEE;
CHENYANG YAN; SHIANG L. HUANG;
CHIH-MING SHEU; MINH VI-HUYNH;
JENNY LIU HUNG; JEFFREY SUN,
*Plaintiffs*.

No. 08-56740

D.C. No.
2:04-cv-01498-
CBM-JWJ

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted
July 31, 2012—San Francisco, California

Filed March 4, 2013

Before: Stephen S. Trott and William A. Fletcher,
Circuit Judges, and Charles R. Breyer, District Judge.[*]

Opinion by Judge W. Fletcher

## SUMMARY[**]

### Labor Law / Class Certification

On remand from the United States Supreme Court, the panel reversed the district court's certification of a plaintiff class in an action brought by newspaper employees under the Fair Labor Standards Act, California's Unfair Business Practices Law, and the California Labor Code.

In light of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), the panel reversed the district court's certification of the state-law claims as a class action under Fed. R. Civ. P. 23(b)(2). The panel vacated the district court's finding of commonality under Rule 23(a)(2) and remanded for reconsideration in light of *Wal-Mart*. The panel concluded that, as conceded by the plaintiffs, class certification for their monetary claims under Rule 23(b)(2) could not stand under *Wal-Mart*. The panel remanded the case to the district court for reconsideration of the propriety of class certification under Rule 23(b)(3) on the basis that

---

[*] The Honorable Charles R. Breyer, District Judge for the U.S. District Court for Northern California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

common questions of fact or law predominate over questions affecting only individual class members.

## COUNSEL

Della Barnett, Berkeley, California; Cordelia Dai and Randy Renick, Hadsell Stormer Richardson & Renick, LLP, Pasadena, California, for Appellees.

Michael M. Berger, Benjamin G. Shatz, Yi-Chin Ho, and Andrew L. Satenberg, Manatt, Phelps & Phillips, Los Angeles, California, for Appellant.

## OPINION

W. FLETCHER, Circuit Judge:

Named plaintiffs filed a class action suit against defendant-appellant Chinese Daily News, Inc. ("CDN"), alleging violations of the federal Fair Labor Standards Act ("FLSA"), of California's Unfair Business Practices Law, and of the California Labor Code. The district court certified the FLSA claim as a collective action and certified the state-law claims as a class action. After a sixteen-day jury trial and a three-day bench trial, the district court entered judgment in favor of plaintiffs. On September 27, 2010, we affirmed the district court. On October 3, 2011, the United States Supreme Court vacated and remanded for reconsideration in light of its decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). We now reverse the district court's certification of the plaintiff class under Federal Rule of Civil

Procedure 23(b)(2), and we remand for the district court to reconsider its analysis under Rules 23(a) and 23(b)(3).

## I. Background

On March 5, 2004, Lynne Wang, Yu Fang Ines Kai, and Hui Jung Pao filed suit against CDN on behalf of current, former, and future CDN employees based in CDN's San Francisco and Monterey Park (Los Angeles) locations, claiming violations of the FLSA, 29 U.S.C. § 206 et seq., California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and California's Labor Code. Plaintiffs alleged that CDN employees were made to work more than eight hours per day and more than forty hours per week. They further alleged that they were wrongfully denied overtime compensation, meal and rest breaks, accurate and itemized wage statements, and penalties for wages due but not promptly paid at termination. They sought damages, restitution, attorneys' fees, and injunctive relief.

After plaintiffs narrowed the class definition to include only non-exempt employees at the Monterey Park facility, the district court certified the FLSA claim as a collective action. The district court certified the state-law claims as a class action under Rule 23(b)(2). *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 611 (C.D. Cal. 2005). In the alternative, the district court held that the class could be certified under Rule 23(b)(3). *Id.* at 614.

The post-certification litigation proceeded in three stages. First, both sides sought summary judgment on the question whether CDN's reporters were eligible for overtime under the FLSA. The court granted summary judgment to plaintiffs, holding that CDN's reporters did not fall within the "creative

professional exemption" and were thus eligible for overtime. *Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1055 (C.D. Cal. 2006); *see* 29 C.F.R. § 541.302(d). Second, the district court held a sixteen-day jury trial. The jury returned a special verdict awarding the plaintiff class over $2.5 million in damages. Third, the court held a bench trial on the remaining issues of injunctive relief, penalties, prejudgment interest, and restitution. It held that plaintiffs' injuries could be remedied by damages and denied plaintiffs' request for an injunction.

We affirmed. *Wang v. Chinese Daily News*, 623 F.3d 743 (9th Cir. 2010). The Supreme Court granted certiorari, vacated our opinion, and remanded for reconsideration in light of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). The parties submitted post-remand supplemental briefing, and we held oral argument.

## II. Discussion

A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b). The district court held that Rule 23(a) had been satisfied and certified the class under Rule 23(b)(2). In the alternative, it held that the class could be certified under Rule 23(b)(3). *Wang*, 231 F.R.D. at 614. We reverse the district court's certification under Rule 23(b)(2) in light of *Wal-Mart*. We remand for the district court to reconsider its analysis under Rules 23(a) and 23(b)(3).

## A. Rule 23(a)

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart*, 131 S. Ct. at 2550. The rule requires a party seeking class certification to satisfy four requirements: numerosity, commonality, typicality, and adequacy of representation. *Id.* The rule provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Class certification is proper only if the trial court has concluded, after a "rigorous analysis," that Rule 23(a) has been satisfied. *Wal-Mart*, 131 S. Ct. at 2551 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982)). CDN challenges the district court's finding that the commonality requirement of Rule

23(a)(2) was satisfied.  CDN does not challenge other Rule 23(a) findings of the district court.

Plaintiffs argue that CDN has waived its right to challenge the district court's commonality finding because its opening brief, filed before the Supreme Court's decision in *Wal-Mart*, discussed the existence of common questions only in arguing against Rule 23(b)(3) certification.  CDN did not argue the issue of commonality in its discussion of Rule 23(a).  "Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief." *United States v. Brooks*, 610 F.3d 1186, 1202 (9th Cir. 2010) (internal quotation marks omitted).  However, we may consider new arguments on appeal if the issue arises because of an intervening change in law.  *See Randle v. Crawford*, 604 F.3d 1047, 1056 (9th Cir. 2010).  We conclude that the Court's decision in *Wal-Mart* presents a sufficiently significant legal development to excuse any failure of CDN to discuss the commonality requirement of Rule 23(a)(2) in its opening brief.  Further, any potential prejudice to plaintiffs is cured by the fact that both parties were able to address the commonality issue under Rule 23(a)(2) in their supplemental briefs submitted after the Supreme Court's remand.

The district court held that the commonality requirement was satisfied because of numerous common questions of law and fact arising from CDN's "alleged pattern of violating state labor standards." 231 F.R.D. at 607.  However, as the Supreme Court noted in *Wal-Mart*, "any competently crafted class complaint literally raises common questions." *Wang*, 131 S. Ct. at 2551 (alteration and internal quotation marks omitted).  "What matters to class certification is not the raising of common questions — even in droves — but, rather the capacity of a classwide proceeding to generate common

*answers* apt to drive the resolution of the litigation." *Id.* (alteration and internal quotation marks omitted). Dissimilarities within the proposed class may "impede the generation of common answers." *Id.* "If there is no evidence that the entire class was subject to the same allegedly discriminatory practice, there is no question common to the class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011).

*Wal-Mart* was "one of the most expansive class actions ever." *Wal-Mart*, 131 S. Ct. at 2547.  The class was a nationwide class of approximately 1.5 million current and former female Wal-Mart employees alleging "that the discretion exercised by their local supervisors over pay and promotion matters violate[d] Title VII by discriminating against women." *Id.*  The Supreme Court noted that the plaintiffs in *Wal-Mart* "wish[ed] to sue about literally millions of employment decisions at once." *Id.* at 2552.  In order to show that examination of the class claims would "produce a common answer to the crucial question" of why each employee was disfavored, the plaintiffs needed to present "significant proof" that Wal-Mart "operated under a general policy of discrimination." *Id.* at 2552-53 (internal quotation marks omitted).  Wal-Mart's publicly announced policy forbade discrimination.  In the view of the Court, the only countervailing evidence of a general policy of discrimination offered by plaintiffs was "worlds away from significant proof." *Id.* at 2554 (internal quotation marks omitted).

*Wal-Mart* reiterated that the "rigorous analysis" under Rule 23(a) "sometimes [requires] the court to probe behind the pleadings before coming to rest on the certification question." *Id.* at 2551 (quoting *Falcon*, 457 U.S. at 160,

10          WANG V. CHINESE DAILY NEWS

161).  As we explained in *Ellis*, 657 F.3d at 981, "the merits of the class members' substantive claims are often highly relevant when determining whether to certify a class," and "a district court *must* consider the merits" if they overlap with Rule 23(a)'s requirements.  "[T]he district court was required to resolve any factual disputes necessary to determine whether there was a common pattern and practice that could affect the class *as a whole*."  *Id.* at 983.

*Wal-Mart* is factually distinguishable from our case. Most important, the class here is much smaller.    It encompasses only about 200 employees, all of whom work or worked at the same CDN office.  Plaintiffs' claims do not depend upon establishing commonalities among 1.5 million employees and millions of discretionary employment decisions.    Nonetheless, there are potentially significant differences among the class members.

We vacate the district court's Rule 23(a)(2) commonality finding and remand for reconsideration in light of *Wal-Mart*. On remand, the district court must determine whether the claims of the proposed class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart*, 131 S. Ct. at 2551.  Plaintiffs must show "significant proof that [CDN] operated under a general policy of [violating California labor laws]."  *Ellis*, 657 F.3d at 983 (quoting *Wal-Mart*, 131 S. Ct. at 2553 (alteration omitted)).  However, plaintiffs need not show that every question in the case, or even a preponderance of questions, is capable of classwide resolution.  So long as there is "even a single common question," a would-be class can satisfy the commonality requirement of Rule 23(a)(2).

*Wal-Mart*, 131 S. Ct. at 2556 (alteration and internal quotation marks omitted).

## B. Rule 23(b)(2)

In our earlier opinion, we affirmed the district court's certification under Rule 23(b)(2). Relying upon our en banc decision in *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (en banc), we held that the class certification under Rule 23(b)(2) was proper because the class's claims for monetary relief did not predominate over its claims for injunctive relief. *Wang*, 623 F.3d at 755. After we issued our decision in this case, however, the Supreme Court reversed our en banc decision. In reversing, the Court made clear that "individualized monetary claims belong in Rule 23(b)(3)" rather than Rule 23(b)(2). *Wal-Mart*, 131 S. Ct. at 2558. The Court left open the possibility that "incidental" monetary claims could be brought in a Rule 23(b)(2) class action, but it declined to decide that question. *Id.* at 2560–61.

Plaintiffs concede that class certification for their monetary claims under Rule 23(b)(2) cannot stand in light of *Wal-Mart*. *See Wal-Mart*, 131 S. Ct. at 2559–60. Further, it appears that none of the named plaintiffs has standing to pursue injunctive relief on behalf of the class, as none of them is a current CDN employee. *See Wang*, 623 F.3d at 756. We therefore reverse the district court's class certification under Rule 23(b)(2).

## C. Rule 23(b)(3)

In our earlier opinion, we declined to consider whether the district court's alternative ruling certifying the class under

12          WANG V. CHINESE DAILY NEWS

Rule 23(b)(3) was proper.  Rule 23(b)(3) provides that class certification is permissible if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  The predominance analysis under Rule 23(b)(3) focuses on "the relationship between the common and individual issues" in the case and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citation and internal quotation marks omitted).

For two reasons, we remand to the district court for reconsideration of the propriety of class certification under Rule 23(b)(3). First, the district court's conclusion that common questions predominate in this case rested on the fact, considered largely in isolation, that plaintiffs are challenging CDN's uniform policy of classifying all reporters and account executives as exempt employees. *See Wang*, 231 F.R.D. at 612–13. In two recent decisions, we criticized the nature of the district court's Rule 23(b)(3) predominance inquiry in this case. *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 958–59 (9th Cir. 2009); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944–48 & n.14 (9th Cir. 2009). We observed that the district court in this case "essentially create[d] a presumption that class certification is proper when an employer's internal exemption policies are applied uniformly to the employees." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d at 958. We wrote that such a presumption "disregards the existence of other potential individual issues that may make class treatment difficult if not impossible." *Id.* The main concern of the predominance inquiry under Rule 23(b)(3) is "the balance between individual and common issues." *Id.* at 959. "[A] district court abuses its discretion in relying on an internal uniform exemption policy to the near exclusion of other factors relevant to the predominance inquiry." *Vinole*, 571 F.3d at 946.

Second, the California Supreme Court has recently clarified California law concerning an employer's duty to provide meal breaks. In *Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 535 (Cal. 2012), the court held that an employer is obligated to "relieve its employee of all duty for an uninterrupted 30-minute period" in order to satisfy its meal-break obligations, but that the employer need not

actually ensure that its employees take meal breaks. If an
employee works through a meal break, the employer is liable
only for straight pay, and then only when it "knew or
reasonably should have known that the worker was working
through the authorized meal period." *Id.* at 536 n.19 (internal
quotation marks omitted).

> On the other hand, an employer may not
> undermine a formal policy of providing meal
> breaks by pressuring employees to perform
> their duties in ways that omit breaks. . . . The
> wage orders and governing statute do not
> countenance an employer's exerting coercion
> against the taking of, creating incentives to
> forego, or otherwise encouraging the skipping
> of legally protected breaks.

*Id.* at 536.

We vacate the district court's Rule 23(b)(3) certification
and remand to permit the court to reconsider its analysis in
light of *Wal-Mart*, in light of *Wells Fargo* and *Vinole*, and in
light of *Brinker*. Rule 23 provides district courts with broad
authority at various stages in the litigation to revisit class
certification determinations and to redefine or decertify
classes as appropriate. *Armstrong v. Davis*, 275 F.3d 849,
871 n.28 (9th Cir. 2001), *abrogated on other grounds by
Johnson v. California*, 543 U.S. 499, 504-05 (2005). The
district court should consult the entire record of this case in
the exercise of that authority.

## D. Damages

In *Wal-Mart*, the Supreme Court disapproved what it called "Trial by Formula," wherein damages are determined for a sample set of class members and then applied by extrapolation to the rest of the class "without further individualized proceedings." *Wal-Mart*, 131 S. Ct. at 2561. Employers are "entitled to individualized determinations of each employee's eligibility" for monetary relief. *Id.* at 2560. Employers are also entitled to litigate any individual affirmative defenses they may have to class members' claims. *Id.* at 2561. If the district court again certifies a class under Rule 23(b)(3), it should calculate damages in light of the Supreme Court's admonitions in *Wal-Mart*.

## CONCLUSION

We reverse the district court's certification of a class under Rule 23(b)(2). We vacate the district court's findings of commonality under Rule 23(a) and predominance under Rule 23(b)(3) and remand for reconsideration.

**REVERSED in part, VACATED in part, and REMANDED**.