1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone:  (602) 650-1854
   Email: dpochoda@acluaz.org
5         kflood@acluaz.org
          jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
   Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8  *Christina Verduzco, Jackie Thomas, Jeremy Smith,
   Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on
   behalf of themselves and all others similarly situated*

10 **[ADDITIONAL COUNSEL LISTED ON**
11  **SIGNATURE PAGE]**

12            UNITED STATES DISTRICT COURT

13              DISTRICT OF ARIZONA

14 Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-NVW
   Dustin Brislan; Sonia Rodriguez; Christina           (MEA)
15 Verduzco; Jackie Thomas; Jeremy Smith; Robert
   Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16 Hefner; Joshua Polson; and Charlotte Wells, on      **REPLY IN SUPPORT OF**
   behalf of themselves and all others similarly       **MOTION FOR LEAVE TO**
17 situated; and Arizona Center for Disability Law,    **TAKE DEPOSITIONS OF**
                                                       **STATE INMATES**
18                Plaintiffs,

19          v.

20 Charles Ryan, Director, Arizona Department of
   Corrections; and Richard Pratt, Interim Division
21 Director, Division of Health Services, Arizona
   Department of Corrections, in their official
22 capacities,

23                Defendants.

24

25

26

27

28

**INTRODUCTION**

The Court has granted Prisoner Plaintiffs' motion for class certification, which only heightens the reasons set forth below to allow preservation depositions of inmates Jonathan Trethewey and Alfred Sheppard ("Inmates").    Defendants have taken considerable time and effort to oppose Prisoner Plaintiffs' request to take inmate depositions.  Perhaps fear of allowing these men to tell their stories of care by the Arizona Department of Corrections motivates their efforts, but they are unwarranted under the law. Rule 30 imposes no great hoops on the moving party.  Rather, the Court must grant leave to take inmate depositions subject only to the limitations of Rule 26(b)(2)(C)—in other words, so long as they are not duplicative or burdensome.

Defendants' opposition (the "Response") makes no such showing.    Rather, Defendants rest their objection to Prisoner Plaintiffs' Motion for Leave to Take Inmate Depositions ("Motion") on their theory that the experiences of the Inmates are not relevant, and their claims that the men are now in good health.  Neither is reason to deny the Motion.   First, Defendants' opposition does not assume that the class has been certified.  But even putting class certification aside, in a suit for injunctive relief from an ongoing risk of serious harm (as opposed to an action for damages for past conduct), class prisoners' experiences with Defendants' health care system are plainly directly relevant to the named Plaintiffs' risk of future harm from that system.  Second, the health of the Inmates does not determine whether the depositions should (or should not) be taken. Rather, the Inmates' health is the reason that Prisoner Plaintiffs have brought the issue to the Court at this time, and why Prisoner Plaintiffs request to videotape the depositions.

To put it another way, Prisoner Plaintiffs request leave of the Court to take the Inmates' depositions because they are relevant to the issues raised by Prisoner Plaintiffs' complaint, especially now that the class is certified.  In addition, because of the uncertain status of the Inmates' health, Plaintiffs request that the Court rule on an expedited basis and that permission be granted to videotape the depositions.

1   **I.     THE INMATES' TESTIMONY IS RELEVANT**

2          As stated in the Motion, as well as in correspondence with Defendants, the Inmates

3   possess information regarding the healthcare provided to them by the Arizona Department

4   of Corrections ("ADC").  This action seeks injunctive relief against ongoing violations of

5   the Eighth Amendment.  In such a case, the ultimate question is whether defendants,

6   acting with deliberate indifference, are exposing plaintiffs to a "substantial risk of serious

7   harm."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Helling v. McKinney*, 509

8   U.S. 25, 33 (1993).  The experiences of class prisoners with ADC's health care system are

9   plainly relevant to the class claims, including to the question of whether ADC's system

10  poses a risk of future harm to the named Plaintiffs (or to any other class member).

11

12

13              These types of complaints directly parallel those asserted by the

14  named Plaintiffs in the Complaint.[1]  Such evidence is directly relevant to the named

15  Plaintiffs' allegations that ADC's deficiencies pervade the entire prison health care system

16  and pose an ongoing risk of harm to them, and is therefore clearly within the bounds of

17  permissible discovery.  *See* Fed. R. Civ. P. 26(b)(1) (scope of discovery includes anything

18  "reasonably calculated to lead to the discovery of admissible evidence"); 30(a)(2) ("the

19  court *must* grant leave [to depose a person confined in prison] to the extent consistent with

20  Rule 26(b)(2)).

21          The central premise of Defendants' opposition—that their treatment of members of

22  the putative class is irrelevant to the claims of the named Plaintiffs—has been rejected by

23  the Ninth Circuit in a similar prison conditions case:

24              Class membership may also be relevant to show an immediate
                likelihood of future injury.  Where a named plaintiff is a
25              member of a plaintiff class, and "members of the class have

26  ─────────────────
    [1]

27

28

repeatedly suffered personal injuries in the past that can fairly be traced to the [defendants'] standard ... practices," the defendant's treatment of the class as a whole must be considered to determine whether the individual plaintiff "ha[s] been and will continue to be aggrieved by the defendants' [illegal] pattern of conduct."

*Armstrong v. Davis*, 275 F.3d 849, 864 (9th Cir. 2001) (quoting *LaDuke v. Nelson*, 762 F.2d 1318, 1326 (9th Cir. 1985)).[2]

Defendants claim that discovery from absent class members is disfavored, but their authority arises under entirely different circumstances and is motivated by concerns not present here. First, the cited cases largely address defendants' attempts to issue discovery to absent plaintiff class members. The discovery sought specific facts affecting individual class members' cases against the defendants. *See, e.g.*, *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598 (N.D. Cal. 1993) (discovery regarding individual plaintiffs' reliance on defendants' misrepresentations); *On the House Syndication, Inc. v. Fed. Express Corp.*, 203 F.R.D. 452, 455-56 (S.D. Cal. 2001) (discovery regarding set-off claims). This is not the situation here.

Moreover, the overwhelming concern in those cases is ensuring that defendants not use discovery to harass non-named plaintiffs. *See, e.g.*, *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340-41 (7th Cir. 1974). Requiring that non-named plaintiffs, who typically did not choose to be part of the class, answer technical interrogatories or hire a lawyer to appear at a deposition would be an insidiously effective way to reduce the size of a class. It would also remove much of the efficiency benefit of a class action over a massive joinder. *See On the House*, 203 F.R.D. at 456. There is good cause for restricting such measures, but those concerns are not present here. These Inmates want to testify and they

---

[2] Defendants claim that Plaintiffs fail to demonstrate that the depositions are relevant and necessary. However, the cases they cite are pro se prisoner civil rights claims for damages. The requests to take evidence from other inmates were denied because the "relevancy [was] not obvious from the record," as it is here. *See Himmelberger v. Vasques*, C 98-20929 RMW (PR), 2009 WL 1011733, at *2 (N.D. Cal. Apr. 15, 2009); *see also Davis v. Kissinger*, CIV S-04-0878 GEB DAD P, 2008 WL 618802, *2 (E.D. Cal. Mar. 3, 2008) (motion to take depositions regarding racial animus denied in retaliation and excessive force case when no explanation of relevance provided).

1   have pro bono counsel.  Allowing their testimony would enhance, rather than diminish,

2   the efficiency of the class action.

3        Defendants make several references to the burden these depositions place on them,

4   but they fail to describe any extraordinary burden.  Plaintiffs are requesting administrative

5   coordination and a few hours' time from Defendants.  The Inmates will bear the most

6   significant burden, and they have consented to the depositions.  Moreover, Defendants

7   have never suggested any alternative method, let alone an allegedly less burdensome one,

8   to preserve the Inmates' testimony for trial.  *See, e.g., Charles v. Wade*, 665 F.2d 661, 664

9   (5th Cir. 1982) (error to deny request to depose inmates that would be used in lieu of the

10  deponent's live testimony at trial); *Williams v. Greenlee,* 210 F.R.D. 577, 578-79 (N.D.

11  Tex. 2002) (noting that the burden is on the party objecting to the deposition to

12  demonstrate that  the burden would outweigh its benefit or otherwise violate other

13  provisions of Rule 26(b)(2)(C)).

14  **II.      THE INMATES' HEALTH MERITS SPECIAL CONSIDERATION**

15       Defendants' Response implicitly recognizes that the depositions should be

16  permitted now if they are relevant, which they plainly are.  As already shown, the scope of

17  Rule 26 and Rule 30 do not depend on the health status of inmates with discoverable

18  information.  Despite that, Defendants dedicate significant portions of their Response to

19  the Inmates' medical conditions.  Their accounts are both incomplete and beside the point.

20       Defendants go to great lengths to demonstrate that the Inmates are not currently on

21  their deathbeds, but Prisoner Plaintiffs never claimed that they were.  Rather, based on

22  information previously obtained from the Inmates, their health is precarious and could

23  deteriorate sharply at any time, while trial is likely a year away.  Prisoner Plaintiffs have

24  had numerous experiences over the past two years where other prisoners have quickly

25  sickened and died under ADC's care.  *See* Exhibit A, attached hereto.  It is to protect

26

27

28

against that risk that Prisoner Plaintiffs request that the Inmates be deposed now, while their health is relatively stable, and that the depositions be videotaped.[3]

Prisoner Plaintiffs appreciate that Defendants did in fact expedite production of Inmates' medical records, which were produced at the time they filed their Response.

However, ADC's own opinion on the care that is at issue in this lawsuit is hardly disinterested.[4]  Moreover, Dr. Robertson's rosy accounts are missing key pieces of conflicting information.

---

[3] Defendants complain that Prisoner Plaintiffs proceeded with the Motion despite their offer to acquire and review the Inmates' medical records. Resp. at 1-3.  However, Defendants also made clear that they opposed the depositions regardless of the Inmates' condition.  *See* Resp. at 3 (describing Defendants' February 14 position that depositions are "not relevant to Plaintiffs' current claims").  Waiting until Defendants produce and review the Inmates' medical records (a process that has in the past taken months) only to restart discussions at an impasse would have accomplished little while increasing the risk that the Inmates' testimony would be lost forever.  Moving without further delay maintains as much flexibility as possible in the process of scheduling these depositions before discovery closes in less than 90 days.

[4]

[5] Defendants persistently claim confusion regarding Prisoner Plaintiffs' concerns, and claim in their Response, at 4, that they have received no response to their request for more information regarding the Inmates' conditions.  However, the attorney who visited the Inmates described their complaints during the February 14 meet and confer referenced by Defendants, and, in response to Defendants' request, written details were provided on February 21, 2013 directly to Mr. Struck and Mr. Bojanowski.  *See* Exhibit D, attached hereto (Gerlicher email to Struck and Bojanowski).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[6] Defendants are correct that, before March 1, 2013, Prisoner Plaintiffs have had to rely on the Inmates' accounts of their conditions because recent medical records had not yet been produced. The medical records produced with the Response are voluminous, but appear to comport with the Inmates' accounts.

1

2

3

4

5

6

7

8

9

10

11

12

**III.     MR. TRETHEWEY'S MEDICAL RECORDS ARE NO LONGER
         REQUIRED**

Defendants produced medical records for both Inmates on March 1, 2013. However, the medical records for Mr. Sheppard cover only his current incarceration (beginning March 7, 2012).

, Prisoner Plaintiffs reiterate the request that all of Mr. Sheppard's medical records be provided at least 14 days before his deposition.  Prisoner Plaintiffs withdraw the request for additional production of Mr. Trethewey's records.

**Conclusion**

Prisoner Plaintiffs respectfully request the Court enter an Order allowing deposition of Jonathan Trethewey and Alfred Sheppard and further allowing adequate attorney visitation for preparation.  Because this matter is time-sensitive, Prisoner Plaintiffs respectfully request that the Court rule on this matter on an expedited basis.

. . .

. . .

. . .

. . .

. . .

1   Dated:  March 6, 2013                  **PERKINS COIE LLP**

2

3                               By:   s/ Kirstin T. Eidenbach
                                  Daniel C. Barr (Bar No. 010149)

4                                  Amelia M. Gerlicher (Bar No. 023966)
                                  Kirstin T. Eidenbach (Bar No. 027341)

5                                  John H. Gray (Bar No. 028107)
                                  Matthew B. du Mée (Bar No. 028468)

6                                  2901 N. Central Avenue, Suite 2000
                                  Phoenix, Arizona 85012

7                                  Telephone:  (602) 351-8000
                                  Email:    dbarr@perkinscoie.com

8                                            agerlicher@perkinscoie.com
                                            keidenbach@perkinscoie.com

9                                            jhgray@perkinscoie.com
                                            mdumee@perkinscoie.com

10                                 Daniel Pochoda (Bar No. 021979)
                                  Kelly J. Flood (Bar No. 019772)

11                                 James Duff Lyall (Bar No. 330045)*
                                  **ACLU FOUNDATION OF**

12                                 **ARIZONA**
                                  3707 North 7th Street, Suite 235

13                                 Phoenix, Arizona 85013
                                  Telephone:  (602) 650-1854

14                                   Email:    dpochoda@acluaz.org
                                            kflood@acluaz.org

15                                              jlyall@acluaz.org

16                                 *Admitted pursuant to Ariz. Sup. Ct.
                                 R. 38(f)

17

18                                 Donald Specter (Cal. 83925)*
                                  Alison Hardy (Cal. 135966)*

19                                   Sara Norman (Cal. 189536)*
                                  Corene Kendrick (Cal. 226642)*

20                                 **PRISON LAW OFFICE**
                                  1917 Fifth Street

21                                 Berkeley, California 94710
                                  Telephone:  (510) 280-2621

22                                 Email:    dspecter@prisonlaw.com
                                            ahardy@prisonlaw.com

23                                            snorman@prisonlaw.com
                                            ckendrick@prisonlaw.com

24                                 *Admitted *pro hac vice*

25

26

27

28

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
               afettig@npp-aclu.org
               aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
               dkiernan@jonesday.com
               scalderon@jonesday.com
               srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:     rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:     kmamedova@jonesday.com
               jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2013, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Ashley B. Zuerlein
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov
Ashley.Zuerlein@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

Jennifer Alewelt
Asim Varma
Sarah Kader
ARIZONA CENTER FOR DISABILITY LAW
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

s/ Delana Freouf
_____

78204-0001/LEGAL25987649.4                    -11-