1  Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
2  Michael E. Gottfried, Bar No. 010623
   Katherine E. Watanabe, Bar No. 027458
3  Lucy M. Rand, Bar No. 026919
   Ashley B. Zuerlein, Bar No. 029541
4  Assistant Attorney General
   1275 W. Washington Street
5  Phoenix, Arizona 85007-2926
   Telephone: (602) 542-4951
6  Fax: (602) 542-7670
   Michael.Gottfried@azag.gov
7  Katherine.Watanabe@azag.gov
   Lucy.Rand@azag.gov
8  Ashley.Zuerlein@azag.gov

9  Daniel P. Struck, Bar No. 012377
   Kathleen L. Wieneke, Bar No. 011139
10 Rachel Love, Bar No. 019881
   Timothy J. Bojanowski, Bar No. 22126
11 Nicholas D. Acedo, Bar No. 021644
   Courtney R. Cloman, Bar No. 023155
12 Ashlee B. Fletcher, Bar No. 028874
   Anne M. Orcutt, Bar No. 029387
13 STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
14 Chandler, Arizona  85226
   Telephone:  (480) 420-1600
15 Fax:  (480) 420-1696
   dstruck@swlfirm.com
16 kwieneke@swlfirm.com
   rlove@swlfirm.com
17 tbojanowski@swlfirm.com
   nacedo@swlfirm.com
18 ccloman@swlfirm.com
   afletcher@swlfirm.com
19 aorcutt@swlfirm.com
   *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-NVW<br><br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION RE: ORDER GRANTING CLASS CERTIFICATION** |

Defendants Charles Ryan and Richard Pratt move this Court to reconsider its Order granting class certification (Dkt. # 372). A motion for reconsideration requires "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ. 7.2(g). Defendants respectfully request this Court to reconsider the following.

**1.  The Court's finding that there was "significant proof" of systemic issues in the provision of health care is based on an erroneous assumption.**

This Court concluded that the information contained in the September 21, 2012 Cure Notification Letter ("Cure Letter") "tips the balance in favor of concluding that the problems identified in the provision of health care are not merely isolated instances but, rather, examples of systemic deficiencies that expose all inmates to a substantial risk of serious harm." (Dkt. # 372 at 14.) This was because the twenty listed deficiencies "existed at all ten ADC complexes." (Id. at 7:6-7, 14:17-18.) According to the Court, "[t]his evidence is what sets this case apart from Defendants' citations to other cases where class certification was denied" and constitutes the requisite "significant proof" for commonality under Rule 23. (Id. at 14:18-20, 15:11-12.)

The problem, however, is that the Cure Letter does not state that all twenty deficiencies existed at all ten facilities. It merely lists the deficiencies and notes that they "require corrective action." (Dkt. # 240–3 at 52–53.) It appears that the Court relied on the Weekly Cure Report attached to the Cure Letter to support its conclusion that all twenty deficiencies existed at all ten facilities. (Dkt. # 372 at 7:6-7, citing ADC027863-ADC027869; Dkt. # 240–3 at 57–63.) If that is the case, the Court was mistaken. The twenty deficiencies listed in the Cure Letter were not identified by ADC as occurring at every ADC facility, and the Cure Letter did not intend to convey that all twenty deficiencies existed at each of the ten ADC facilities. (Ex. 1, ¶ 4.) Some deficiencies were identified at some facility units, and other deficiencies were found at other facility units. (Id.) Collectively, twenty deficiencies were identified. (Id.)

2

The Weekly Cure Report attached to the Cure Letter was designed for the contract monitor for each of the ten ADC facilities to complete a summary of his or her observations regarding each of the twenty cure items for that week and to assign a color-coded rating of Wexford's compliance with that item. (Ex. 1, ¶ 5.) A green rating would have indicated compliance, amber would have indicated non-compliance, and red would have indicated significant non-compliance. (Id.) Although the twenty identified deficiencies were not present at all ten ADC facilities, they were included in the Weekly Cure Report for each facility so that they could be monitored. (Id.) It was anticipated that most of the contract monitors would have reported green ratings on a number of the measures since not all deficiencies existed on a facility-wide basis. (Id.)

Although a court will not generally consider evidence submitted in conjunction with a motion for reconsideration that "could reasonably have been raised earlier," *Curreri v. Babeu*, 2012 WL 5361007, at *1 (D. Ariz. 2012) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)), evidence explaining that the twenty deficiencies identified in the Cure Letter did not exist at all ten facilities did not become necessary until this Court made that finding in its Order. Plaintiffs did not argue in their Motion for Class Certification that all twenty deficiencies were present at all ten facilities. It was undisputed between the parties that the Cure Letter did not support that conclusion. Had Plaintiffs made that contention, Defendants would have provided Mr. Profiri's Declaration with their Response. But it was never an issue and did not become an issue until this Court's Order. Defendants respectfully request this Court to consider it now, since it could not reasonably have been raised earlier.

Because that incorrect fact is what "tip[ped] the balance" in favor of concluding that the alleged health care issues were system-wide, it follows that its removal from the Court's calculus should swing the pendulum back in favor of a finding that the issues are "merely isolated instances" not sufficient to find commonality. Without that evidence, there is nothing but the Plaintiffs' declarations alleging sporadic and varying incidents and their experts' declarations, which are based on those

3

declarations and/or memorandums documenting isolated instances at a handful of facilities. This is not "significant proof" of a system-wide practice or policy.[1]

### 2. The Court certified alleged health care practices that were not identified in the Cure Letter

Even if we were to assume that all twenty deficiencies existed at each of the ten facilities, the Court's certification of several alleged health care practices still cannot stand. Given the Court's statement that the Cure Letter was the deciding factor for certification of the health care claims, one can only extrapolate that claims not included in the list of twenty deficiencies are not supported by sufficient evidence to render them system-wide practices; in other words, they remain in the "isolated incident" column. Many of the alleged health care practices that this Court ultimately certified were not identified in the Cure Letter, including:

(ii) Failure to provide timely emergency treatment;[2]

(iii) Failure to provide medical devices;

(v) Failure to provide care for chronic diseases and protection from infectious diseases;[3]

(vii) Failure to provide timely access to basic dental treatment;

---

[1] The court also relied on the assertion in Wexford's October 1, 2012 response to the Cure Letter that "the majority of the problems Wexford now faces are long-standing issues, embedded into ADC health care policy and philosophy, and which existed well before Wexford Health assumed responsibility for the program." (Dkt. # 243, Ex. FF at ADC027941–42.) But nothing in that response suggests that Wexford was referring to the twenty listed deficiencies in the Cure Letter, nor did the response suggest that they existed at all ten facilities. The subsequent paragraphs in the letter make clear that this general assertion referred to staffing concerns during the transition period. It is also clear that Wexford was posturing in light of the allegations in the Cure Letter.

[2] The Cure Letter only identified, "Lack of responsiveness and/or *lack of awareness* of incident *urgency* and reporting requirements." (Dkt. # 240–3 at 53, no. 14, emphasis added.) There was no noted deficiency in the provision of timely *emergency treatment*.

[3] The Cure Letter only identified, "Inability to *readily identify* specific groups of inmates or *chronic conditions based upon medications prescribed* (e.g., diabetics)." (Dkt. # 240–3 at 53, no. 12.) It did not list the failure to "provide care" for chronic diseases, nor did it say anything about "protection from infectious diseases."

(viii) Practice of extracting teeth that could be saved by less intrusive means;

(ix) Failure to provide mentally ill prisoners medically necessary therapy;[4]

(x) Failure to provide suicidal/self-harming prisoners basic mental health care.

(Dkt. # 372 at 22.) These alleged practices are based only on a handful of Plaintiffs' declarations describing varying incidents: (ii) – Jensen, Hefner, Wells; (iii) – Jensen; (v) – Chisholm, Licci, Jensen, Wells, Polson;[5] (vii) – Chisholm, Swartz, Wells, Polson; (viii) – Chisholm, Swartz, Wells; (ix) – Brislan, Gamez, Chisholm, Rodriquez, Swartz, Thomas, Polson, Verduzco; and (x) – Brislan, Swartz, Thomas, Verduzco. (Dkt. # 372 at 16–17.) Given the decisive weight this Court placed on the Cure Letter, the certification of these alleged practices – which were not included in the Cure Letter but based only on Plaintiffs' declarations – was error.

Defendants give notice that they have simultaneously filed with this Motion a Petition for Permission to Appeal in the Court of Appeals, pursuant to Rule 23(f), Fed. R. Civ. P. and Rule 5, Fed. R. App. P., challenging the Order granting class certification. The mere filing of that Petition does not divest this Court of jurisdiction to rule on this Motion. *Sconiers v. Whitmore*, 2009 WL 1034460, at *3 (E.D. Cal. 2009). A district court "retains jurisdiction over an interlocutory order – and thus may reconsider, rescind, or modify such an order – until a court of appeals grants a party permission to appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). Defendants will promptly notify this Court if the Court of Appeals grants that Petition. If it does before this Court has ruled on the Motion, Defendants will request leave to revest jurisdiction back to this Court for a ruling.[6]

---

[4] The Cure Letter identifies issues with "medication" and staffing for "In-Patient" coverage, which could include psychotropic medications and mental health inpatient treatment, but says nothing regarding mental health "therapy." (Dkt. # 240–3 at 52–53.)

[5] None of the Plaintiffs alleged failure to protect from an infectious disease.

[6] Defendants contemplated waiting to file their Petition until after this Court ruled on this Motion, but were concerned about whether the Petition would be considered timely filed. Although several circuit courts have held that a timely motion for reconsideration tolls the time to file a Rule 23(f) petition for permission to appeal, the

## **CONCLUSION**

For these reasons, Defendants respectfully request this Court to reconsider its Order granting class certification and decertify all of the alleged health care practices.

DATED this 20th day of March 2013.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Nicholas D. Acedo
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    Anne M. Orcutt
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Katherine E. Watanabe
    Lucy M. Rand
    Ashley B. Zuerlein
    Assistant Attorney General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

2738733.1

---

Ninth Circuit has never addressed the issue. *See Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192 (3rd Cir. 2008); *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005); *Shin v. Cobb County Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 837 (7th Cir. 1999). Out of an abundance of caution, Defendants timely filed both this Motion and their Petition simultaneously. Defendants informed the Court of Appeals in their Petition that this Motion is pending.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |

| | | |
|---|---|---|
| 1 | R. Scott Medsker: | rsmedsker@JonesDay.com |
| 2 | John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| 3 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 4 | Jennifer K. Messina: | jkmessina@jonesday.com |
| 5 | Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| 6 | Katherine E. Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |
| 7 | Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com |
| 8 | Lucy Marie Rand: | Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 9 | Ashley Brook Zuerlein: | Ashley.Zuerlein@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 10 | Ajmel Quereshi: | aquereshi@npp-aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Nicholas D. Acedo