IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Defendants. | No. CV-12-00601-PHX-NVW<br><br>**ORDER** |

　　　Before the Court is Defendants' Motion for Reconsideration (Doc. 394). For the following reasons, the motion is denied.

　　　Defendants contend that the Court erred when it stated that information contained in ADC's September 21, 2012 Cure Notification "tip[ped] the balance in favor of concluding that the problems identified in the provision of health care are not merely isolated instances but, rather, examples of systemic deficiencies that expose all inmates to a substantial risk of serious harm." Defendants take the quoted sentence out of context and ignore that on page 7 of the Court's Order, the Court explained that the Cure Notification itself relied on much of the same evidence Plaintiffs submitted in support of their motion for class certification, which vitiated the need to repeat it. The abundant evidence underlying the Cure Notification, Plaintiff's declarations, and the experts' declarations soundly support the conclusion that commonality exists among the Class and Subclass members. Further, this determination was not conditioned on an explicit finding that all twenty failures existed at all ten complexes and remains the same in view of

Defendants' clarification that the failures existed at several complexes. In short, the Court found that the evidence in its totality constituted "significant proof" that ADC inmates face a substantial risk of serious harm stemming from inadequate health care and finds no basis to reconsider that ruling.

Defendants' second contention is that the Court's reliance on the Cure Notification could not support its certification of practices not identified in that document. But the Court's decision to allow challenges to specific practices stemmed from the Court's determination that the common question of whether Defendants are deliberately indifferent is much too broad and not from the Cure Notification. Moreover, the fact that other evidence supported the existence of practices not identified in the Cure Notification only underscores the point that the Court relied on much more than a single document in its Order.

In short, nothing in Defendants' motion changes the fundamental reality that class certification in this case provides Plaintiffs with an opportunity to "establish entitlement to injunctive relief with respect to the class as a whole in a single unitary trial." 2 H. Newberg & A. Conte, Newberg on Class Actions § 4.34, p. 125 (5th ed. 2012). Because "the class members' interests are so inherently intertwined that final injunctive relief for some would necessarily be final injunctive relief for all," *id.* at § 4.33, class certification is appropriate and there is no basis for reconsideration.

**IT IS THEREFORE ORDERED**:

(1) Defendants' Motion for Reconsideration (Doc. 394) is **denied**.

Dated this 22nd day of March, 2013.

_____
Neil V. Wake
United States District Judge