1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF ARIZONA

8    Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-NVW
     Dustin Brislan; Sonia Rodriguez; Christina           (MEA)
9    Verduzco; Jackie Thomas; Jeremy Smith; Robert
     Gamez; Maryanne Chisholm; Desiree Licci; Joseph
10   Hefner; Joshua Polson; and Charlotte Wells, on       **AMENDED PROTECTIVE**
     behalf of themselves and all others similarly        **ORDER**
11   situated; and Arizona Center for Disability Law,

12                          Plaintiffs,

13            v.

14   Charles Ryan, Director, Arizona Department of
     Corrections; and Richard Pratt, Interim Division
15   Director, Division of Health Services, Arizona
     Department of Corrections, in their official
16   capacities,

17                          Defendants.

18

19          Upon Motion and pursuant to the stipulation of the parties in part and the Court's

20   resolution of terms not agreed to by the parties, and to preserve the confidentiality of

21   certain documents, testimony, and information produced in this litigation:

22          IT IS ORDERED AS FOLLOWS:

23   1.     All protected health information and security information produced in discovery in

24          this action shall be regarded as confidential information and subject to this

25          Protective Order.  For the purpose of this Protective Order, the term "confidential

26          information" shall refer to documents, or portions thereof, discovery responses,

27          testimony, and copies, notes, extracts, written summaries or written descriptions of

28          such material.  "Protected health information" (hereinafter "PHI") is defined by the

Health Insurance Portability and Accountability Act, 45 CFR §160.103 and includes information covered by A.R.S. 12-2294.  The term "security information" refers to all documents that would threaten the safety and security of a person or institution if disclosed without protective conditions, which shall be identified pursuant to Provision 14.

2.    The term "litigation" shall mean this action, any appeals of this action, and any action related to the enforcement or monitoring of any injunction or other relief obtained in this litigation.

3.    Any party or third party may designate material as confidential information.  The designation of material as confidential shall be made by placing or fixing on the first page of the material, in a manner that will not interfere with the material's legibility, the words "Confidential Information – Subject to Protective Order."

4.    Any confidential information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement:  "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order."  Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel.  Upon failure of the filing party to file confidential information under seal, any party may request that the Court place the document under seal.  The procedures of Local Rule 5.6 shall be followed.

5.        a.    Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action and as otherwise limited by this Order.

           b.    Except as authorized in the following sub-paragraphs c. and d., confidential information respecting one prisoner or parolee shall not be disclosed to or discussed with any present or former prisoner or parolee except after order of the

Court, consent of opposing counsel, or failure of opposing counsel to object in writing after ten days notice of intent to make specific disclosure.

c.      Confidential information regarding the 14 named Plaintiffs and any future named Plaintiff may be produced to all counsel of record for the parties, and their support staff, including paralegals, legal interns and legal assistants.

d.      Confidential information may be shown to and reviewed by an inmate who is a Plaintiff in this matter if:

i.      The Confidential Information is material contained in the respective Plaintiff's medical records and is written by the respective Plaintiff, or written by a non-inmate and does not contain any written or verbal statements made by or concerning any other inmate; or

ii.     The inmate Plaintiff is originator of the Confidential Information (i.e., a written statement by that inmate).

In creating this limitation, it is the intent of the Court to protect the safety and security of all inmates by prohibiting dissemination of inmate or informant information to other inmates, including other Plaintiffs, and in circumstances where Plaintiffs to this action include verified members of different and opposing security threat groups.

6.      Confidential information received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):

a.      Counsel of record for the parties, and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

b.      The Court and court personnel;

c.      Stenographic and videographic reporters engaged in such proceedings;

d.      All experts and consultants retained by the parties;

1    e.    Witnesses to whom confidential information may otherwise be

2    disclosed during a deposition taken in the matter or otherwise during the

3    preparation for trial.  Such witnesses may not leave the deposition with copies of

4    any confidential information unless it is their own confidential information;

5    f.    When an inmate consents to the disclosure of his confidential

6    information, Plaintiffs' counsel can do so in accordance with that consent;

7    g.    Any person who is a former agent of a party and whose role as a

8    party's agent is relevant to this litigation;

9    h.    Any person who had pre-litigation access to information now deemed

10   Confidential pursuant to the Protective Order shall be bound by the terms and

11   conditions of this Protective Order.

12   i.    Any person expressly named and agreed to in writing by Counsel for

13   the parties.

14   7.   Before being given access to confidential information received from an opposing

15   party or a third party, each qualified person listed in Provision 6 (other than

16   counsel of record, the Court, and Court personnel) shall be advised of the terms of

17   this Protective Order, shall be given a copy of this Protective Order, and shall agree

18   on the record in deposition or in open Court or in writing to be bound by the

19   Agreement by signing a document substantially similar to Exhibit A hereto.

20   Unless such an agreement is made on the record, the person making the disclosure

21   shall retain the original executed agreement until termination of this litigation, or

22   until otherwise ordered by the Court.  Counsel of record shall maintain a list of all

23   qualified persons to whom they or their client have provided any confidential

24   information, and that list shall be available for inspection by the Court and

25   opposing Counsel by order of the Court.

26   8.   Except to the extent otherwise permitted by this Protective Order, every qualified

27   person provided copies of or access to confidential information pursuant to this

28   Order shall keep all such materials and information, and any copies, notes, extracts,

summaries, or descriptions of such material, within their possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of such material as confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such confidential information, except as permitted by this Order.  That Counsel of record shall, upon request by opposing Counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of Counsel's knowledge, been returned as required.

9.   If any Counsel of record distributes copies of material containing confidential information to one or more qualified persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that Counsel of record at the completion of a qualified person's consultation or representation in this case.  That Counsel of record shall, upon request by opposing Counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of Counsel's knowledge, been returned as required.  For court filings and work product, this Protective Order will continue to govern such material.

10.   After the termination of this litigation by entry of a final judgment or order of dismissal, and any appeal, the provisions of this Protective Order shall continue to be binding.  The terms of this Order constitute and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by Rules of Professional Conduct in this jurisdiction).  The terms of this Protective Order may be enforced by specific performance in any court of competent jurisdiction.  Within 90 calendar days of the final conclusion of this litigation (including all time for appeals, or the expiration or dissolution by the Court of any consent decree, order or judgment, whichever is later), each party

shall destroy all documents or parts thereof designated as confidential information, and all copies thereof in its possession, including documents in the possession of all persons hired or retained by plaintiff to assist in connection with this litigation. This Provision does not require the destruction of any court filings or any work product, even if such documents include confidential information.  That Counsel of record shall, upon request by opposing Counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of Counsel's knowledge, been destroyed as required.

11.   Nothing in this order is intended to prevent Defendants or their employees or agents from having access to confidential information to which they have access in the normal course of their official duties.  Nothing in this order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.  The designation of documents provided by the Defendants as confidential information shall not be construed to restrict the right of Defendants to utilize such information in the ordinary course of operation of the correctional institutions of the State, and in the provision of care and custody to prisoners confined in such institutions.

12.   If a party inadvertently produces confidential information without the required label, the producing party shall inform the receiving party in writing and shall identify the specific material at issue immediately upon discovering the inadvertent omission.  Likewise, if a receiving party contends that confidential information was produced without the required label, the receiving party shall inform the producing party in writing and the specific material at issue upon discovering the failure to label the information.  Upon receipt of notice, all parties shall treat the material identified in the notice as confidential unless and until the designating party withdraws the designation or unless this Court enters an order stating that the document shall not be treated as confidential information.

13.   If a receiving party contends that any document has been erroneously or improperly designated confidential, it shall treat the document as confidential unless and until the designating party withdraws the designation or unless this Court enters an order stating that the document shall not be treated as confidential information.

14.   The following procedures and limitations shall apply with respect to security information:

   a.   Defendants shall notify Counsel for Plaintiffs of documents, or categories of documents, that contain security information which Defendants have declined to produce or have redacted.

   b.   If, in the view of the Defendants, there are documents that contain security information that should not be disclosed under a protective order because to do so may endanger the safety and security of an institution or person (including any present or former prisoner or staff member), Defendants may redact such information prior to providing copies of the documents to Plaintiffs' counsel, and shall notify Plaintiffs' counsel of the nature of the redacted information.

   c.   If, in the judgment of Plaintiffs' counsel, any redacted material or any material which Defendants declined to produce is necessary for the conduct of this litigation, the documents containing such information will be expeditiously presented to the Court for an in camera review to determine whether and to what extent such information must be disclosed under a protective order.

   d.   Defendants shall not be permitted to use any security information at trial in this case which should have been provided to Counsel for Plaintiffs in accordance with discovery requests, applicable disclosure rules, and Court orders.

15.   Defendants shall not to retaliate against inmates for their participation in this litigation.

16.   Defendants agree to produce inmates' master record files to Plaintiffs' counsel, where relevant, to the extent permitted by A.R.S. § 31-221(C). In accordance with

A.R.S. § 31-221(E), neither Defendants nor Plaintiffs may permit an inmate to view or possess any portion of any inmate's master record file.  An inmate may view, but not possess, a copy of the inmate's own automated summary record file as permitted by A.R.S. § 31-221(E)–(G), commonly referred to as a Public AIMS Report.

17.  A party producing confidential information that belongs to another party or third party is obligated to mark the material consistent with this Protective Order.

18.  This Protective Order shall be binding on the parties, any third parties that agree to be bound by this Protective Order, attorneys of any party or third party to this Protective Order, and the parties', third parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, and other persons or organizations over whom or which the parties have control.

19.  Nothing in this Protective Order waives any objection related to any material.

20.  The provisions of this order are without prejudice to the right of any party:  a) to apply to the Court for a modification of this order or further protective orders relating to discovery in this litigation; b) to apply to the Court for an order removing the confidential information designation from any document; c) to object to a discovery request; or d) to apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

21.  By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney client privilege or other applicable privilege, the work product doctrine, relevance, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

22.  This order does not govern trial or other legal proceedings.  The parties shall address the court at a later date on appropriate procedures for trial and other legal proceedings.

23.     The provisions of this order shall remain in full force and effect until further order of this Court.

**EXHIBIT A**

I, _____, have read the Amended Protective Order in *Parsons v. Ryan*, Docket No. CV 12-00601-PHX-NVW (MEA).  I understand and agree to be bound by and abide by its terms.  I agree that all information provided to me in this matter is to be treated as confidential, and all copies of any kind, whether paper, electronic, or in other media, are to be provided to Plaintiffs' counsel immediately upon completion of any work performed by me.  I further consent to be subject to the jurisdiction of the United States District Court for the District of Arizona for the purposes of any proceeding relating to the enforcement of this Order, including, without limitation, any proceeding for contempt.

Date:                                    _____
                                         Signature

                                         _____
                                         Printed Name