Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
       kflood@acluaz.org
       jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
Sarah Kader (Bar No. 027147)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: jalewelt@azdisabilitylaw.org
       avarma@azdisabilitylaw.org
       skader@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **SEVENTH JOINT NOTICE OF DISCOVERY DISPUTE** |

78204-0001/LEGAL26286031.1

**Disputed Issue:** When and how Defendants need to produce email in response to discovery propounded in June 2012.

**Plaintiffs' Position:**

It is undisputed that Defendants have failed to produce the emails they promised to provide. Plaintiffs sought production of emails from Defendants in June 2012. In October 2012, Defendants agreed to search the email accounts of the named Defendants, the Wexford contract monitors, and the deposed ADC employees, using agreed upon search terms. [*See* Ex. 1]  To streamline the production, on November 30, Plaintiffs identified the emails of 14 custodians to prioritize, and further prioritized within that list of custodians in December. [*See* Ex. 2, Ex. 3]  Defendants agreed and repeatedly represented that they would provide Plaintiffs with initial production and weekly supplementations of these emails. [*See* Ex. 4, Ex. 5]  Defendants have defaulted on producing any of these emails, admit they have not even completed the preliminary step of extracting the data, and are now stalling the production because they assert it involves too many documents. In an effort to jump-start the production, Plaintiffs proposed that Defendants start by producing documents from 10 custodians for a 3-month period. Plaintiffs will review this "seed set" and identify types of email that can be eliminated from the balance of the production, thus narrowing any burden on Defendants.[1]  [*See* Ex. 6]. Defendants, however, rejected this proposal. [*See* Ex. 7]  Defendants now claim they may not be able to complete email production by the discovery cut-off of September 27, 2013. [*See* Ex. 8]

Consistent with other cases in which one party has elected an expensive discovery tool to delay discovery of email, Plaintiffs proposed that Defendants rely on the existing claw-back and undertake a simplified, expedited email production, with the right to claw back any truly privileged documents. *See Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 290 (S.D.N.Y. 2003) ("Indeed, many parties to document-intensive litigation enter

---

[1] Plaintiffs have also agreed to allow de-duping of email to dramatically reduce the size of the production.

into so-called 'claw-back' agreements that allow the parties to forego privilege review altogether in favor of an agreement to return inadvertently produced privileged documents."); *Fleischer v. Phoenix Life Ins. Co.*, No. 1:11-cv-08405-CM-JCF, 2012 WL 6732905, at *4 (S.D.N.Y. Dec. 27, 2012) ("Although [Defendant] is, of course, free to engage in as exacting a privilege review as it wishes, entry of a [claw-back] order will protect against waiver if it opts to conduct a more economical analysis.") [attached as Ex. 9]. But Defendants have also rejected this approach. [*See* Ex. 8] Defendants' strategy of inflating the burden of production and using that as an excuse to stonewall or severely curtail their production should not be allowed to succeed. Accordingly, Plaintiffs request that (1) Defendants be ordered to elect between the "seed set" approach or full production with reliance on a claw-back for return of privileged documents; (2) production begin in 30 days; and (3) production be completed in 90 days. Alternatively, Plaintiffs request that the Court allow more complete briefing on this issue.

**Defendants' Position:**

Prior to February 27, 2013, Plaintiffs prioritized their discovery requests, seeking the immediate production of numerous records and reports. Emails were discussed, but were not the primary focus. Defendants are willing to prioritize email production, but it is impossible to produce all emails in 90 days.

Contrary to Plaintiffs' assertion, the parties did not have a finalized email request until December 2012. [Ex. A] Defendants agreed to the production of emails for Ryan, Pratt, and Adu-Tutu, which include approximately 13.7 GB of data and 66,913 emails.[2] Plaintiffs, however, seek the production of 44 additional ADC employee email accounts, some of which are unlikely to lead to relevant information (47.8 GB of data, 309,223 emails after initial deduplication).[3] [Exs. B, C, F] On December 18, 2012, Defendants agreed to produce emails for these additional employees absent an undue burden. [Ex. A]

---

[2] This does not include data from approximately the end of November 2012 to date.

[3] Data collected does not include one custodian's email account. The custodian's email has been preserved, but has not been transferred into the EnCase database.

78204-0001/LEGAL26286031.1                -2-

1 There is an undue burden. Since December, Defendants have been seeking an efficient and cost effective method of producing emails to Plaintiffs. ADC has already expended approximately $27,800 in costs associated with ESI discovery production. Defendants must expend an additional $31,800 in programming fees associated with the extraction of email data from its EnCase system. [Ex. D] Once extracted, the data must be converted into a form that can be Bates stamped and redacted. This cannot be done in-house. Conversion services are estimated at $625 per gigabyte of data. [Ex. E.] Plaintiffs' full request is estimated to cost $38,438 (61.5 GB). Conversion of the 14 "priority" custodians is estimated at $17,813 (28.5 GB). When limited to Ryan, Pratt, and Adu-tutu costs are estimated at $8,556 (13.69 GB).

In light of the considerable burden, Defendants have repeatedly asked Plaintiffs to refine their request to eliminate excessively broad search terms and irrelevant email accounts. [Exs. A, B, C, F] Plaintiffs have refused, insisting upon incompatible alternatives. A "seed set" effectively imposes thousands of dollars in additional programming fees. [Exs. D, F] Further, Plaintiffs' insistence that Defendants produce all confidential security related documents without review or revision is unfathomable. The claw-back provision only addresses waiver of privileges, not the unique prison security concerns. The voluminous emails *and attachments* requested involve highly confidential security matters. Production of these documents without review or redaction violates ADC's statutory duty to provide for the safe and orderly operation of state prisons.

Due to the extraordinary expense imposed by Plaintiffs' expansive discovery, Plaintiffs should be ordered to share the cost of production. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). Should Plaintiffs share the costs, Defendants estimate that the conversion process will take approximately three weeks. Production is anticipated to take approximately 6 months after conversion is completed. Given the current quantity of data requested, manual conversion of data into a producible format, is unlikely to be completed prior to the close of discovery.

| | | |
|---|---|---|
| 1 | Dated: April 5, 2013 | **JONES DAY** |
| 2 | | |
| 3 | | By:   s/ Caroline Mitchell |
| | | Caroline Mitchell (Cal. 143124)* |
| 4 | | David C. Kiernan (Cal. 215335)* |
| | | Sophia Calderón (Cal. 278315)* |
| 5 | | Sarah Rauh (Cal. 283742)* |
| | | 555 California Street, 26th Floor |
| 6 | | San Francisco, California 94104 |
| | | Telephone:  (415) 875-5712 |
| 7 | | Email:   cnmitchell@jonesday.com |
| | | dkiernan@jonesday.com |
| 8 | | scalderon@jonesday.com |
| | | srauh@jonesday.com |
| 9 | | *Admitted *pro hac vice* |
| 10 | | R. Scott Medsker (D.C. 976405)* |
| | | **JONES DAY** |
| 11 | | 51 Louisiana Avenue, NW |
| | | Washington, D.C. 20001-2113 |
| 12 | | Telephone:  (202) 879-3837 |
| | | Email:   rsmedsker@jonesday.com |
| 13 | | |
| | | *Admitted *pro hac vice* |
| 14 | | |
| | | John Laurens Wilkes (Tex. 24053548)* |
| 15 | | **JONES DAY** |
| | | 717 Texas Street |
| 16 | | Houston, Texas 77002 |
| | | Telephone:  (832) 239-3939 |
| 17 | | Email:   jlwilkes@jonesday.com |
| 18 | | *Admitted *pro hac vice* |
| 19 | | Kamilla Mamedova (N.Y. 4661104)* |
| | | Jennifer K. Messina (N.Y. 4912440)* |
| 20 | | **JONES DAY** |
| | | 222 East 41 Street |
| 21 | | New York, New York 10017 |
| | | Telephone:  (212) 326-3498 |
| 22 | | Email:   kmamedova@jonesday.com |
| | | jkmessina@jonesday.com |
| 23 | | |
| | | *Admitted *pro hac vice* |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | Daniel C. Barr (Bar No. 010149) |
| 2 | Amelia M. Gerlicher (Bar No. 023966) |
|   | Kirstin T. Eidenbach (Bar No. 027341) |
| 3 | John H. Gray (Bar No. 028107) |
|   | Matthew B. du Mée (Bar No. 028468) |
| 4 | **PERKINS COIE LLP** |
|   | 2901 N. Central Avenue, Suite 2000 |
| 5 | Phoenix, Arizona 85012 |
|   | Telephone: (602) 351-8000 |
| 6 | Email:  dbarr@perkinscoie.com |
|   |        agerlicher@perkinscoie.com |
| 7 |        keidenbach@perkinscoie.com |
|   |        jhgray@perkinscoie.com |
| 8 |        mdumee@perkinscoie.com |
| 9 | Daniel Pochoda (Bar No. 021979) |
|   | Kelly J. Flood (Bar No. 019772) |
| 10 | James Duff Lyall (Bar No. 330045)* |
|   | **ACLU FOUNDATION OF ARIZONA** |
| 11 | 3707 North 7th Street, Suite 235 |
|   | Phoenix, Arizona 85013 |
| 12 | Telephone: (602) 650-1854 |
|   | Email:  dpochoda@acluaz.org |
| 13 |        kflood@acluaz.org |
|   |        jlyall@acluaz.org |
| 14 | |
| 15 | *Admitted pursuant to Ariz. Sup. Ct. R. 38(f) |
| 16 | Donald Specter (Cal. 83925)* |
|   | Alison Hardy (Cal. 135966)* |
| 17 | Sara Norman (Cal. 189536)* |
|   | Corene Kendrick (Cal. 226642)* |
| 18 | **PRISON LAW OFFICE** |
|   | 1917 Fifth Street |
| 19 | Berkeley, California 94710 |
|   | Telephone: (510) 280-2621 |
| 20 | Email:  dspecter@prisonlaw.com |
|   |        ahardy@prisonlaw.com |
| 21 |        snorman@prisonlaw.com |
|   |        ckendrick@prisonlaw.com |
| 22 | |
|   | *Admitted *pro hac vice* |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@npp-aclu.org
afettig@npp-aclu.org
aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Jennifer Alewelt
Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
Sarah Kader (Bar No. 027147)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATION OF ATTEMPT TO RESOLVE THE DISCOVERY DISPUTE**

**Plaintiffs' Position:**

Plaintiffs certify that we have made sincere efforts as required by L. R. Civ. 7.2(j) to personally consult and resolve the disputed matter described herein. The parties have discussed the issue numerous times by email and written correspondence. Additionally, the parties met and conferred on this issue by telephone on March 4, 2013, and again by telephone on March 20. The parties have reached an impasse.

**Defendants' Position:**

*s/ J. Laurens Wilkes*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2013, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Ashley B. Zuerlein
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov
Ashley.Zuerlein@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

                                        s/ Delana Freouf