Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Katherine E. Watanabe, Bar No. 027458
Lucy M. Rand, Bar No. 026919
Ashley B. Zuerlein, Bar No. 029541
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov
Ashley.Zuerlein@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-NVW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO RELEASE CONFIDENTIAL RECORDS AND FOR SEALING OF CONFIDENTIAL RECORDS** |

Defendants file this Reply in Support of their Motion to Release Confidential Records and for Sealing of Confidential Records and renew their request for an order, pursuant to A.R.S. § § 8-807(J) and 41-1959(A), allowing the release of complete and unredacted confidential files, records and information from Child Protective Services ("CPS") for Plaintiff Sonia Rodriguez.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Due to Plaintiffs' delay and failure to timely respond to relevant discovery requests, obtaining information regarding Plaintiffs' pre-incarceration providers has been near impossible. Despite over nine months of requests, Plaintiffs did not provide Defendants with any information regarding Rodriguez's pre-incarceration providers until March 3, 2013. Defendants attempted to consult with Plaintiffs prior to requesting these records, but Plaintiffs refused to engage in discussions. Because the records sought through Defendants' motion are highly relevant to the isolation and mental health claims brought by Rodriguez, and because A.R.S. § 8-807 requires a court order to request these records, Defendants' motion was substantially justified and the Court should grant the motion.

**II.  LEGAL ARGUMENT**

**A.  Rodriguez's Mental Health Condition Prior to Incarceration is Highly Relevant to Her Mental Health and "Isolation" Claims.**

Plaintiffs misconstrue Defendants' motion. Nowhere in Defendants' motion is there reference to Rodriguez's children or records pertaining to her family members. Instead, Defendants' motion clearly requests, "documentation of [Rodriguez's] previous

---

[1] Plaintiffs' assertion that this Court does not have jurisdiction to hear Defendants' motion, defies common sense. The case is pending before this Court. This Court is most familiar with the factual and procedural issues surrounding this case. Therefore, this Court is most appropriate to decide whether the records Defendants seek are relevant and necessary. In fact, this Court has previously issued orders pursuant to § 8-807 and 41-1959. *See* Ex. 1 (Order from Arizona District Court).

2748155.1                                         2

diagnosis, symptoms, and overall mental health history." *See* Doc. 397 at 2. Plaintiffs' argument that "any records pertaining to Ms. Rodriguez as an adult would relate to minor children, and perhaps others, in her family, all of whom have confidentiality interests that weigh strongly against disclosing the records" is unsupported and without merit. *See* Doc. 402. Defendants are not interested in information regarding Rodriguez's family members. Defendants are interested, and entitled to, information regarding the pre-incarceration care and mental condition of Rodriguez. To the extent CPS has adolescent and/or adult records related to the care and mental condition of Rodriguez, Defendants request the ability to review such records, even if the Court determines such review should be conducted in camera.

Rodriguez is a member of both the isolation and mental health sub-classes in a class action lawsuit regarding alleged deficient health care and inadequate conditions of confinement. As such, the care and treatment she received, and her mental state, prior to being incarcerated at ADC is crucial to Defendants' in that her pre-incarceration condition will impact the level and appropriateness of the care provided by the Defendants. Further, Plaintiffs specifically allege that her placement in "isolation" deteriorated and/or caused this Plaintiff to suffer from various mental health conditions. As a result, Rodriguez's mental health condition prior to incarceration is highly relevant to set a baseline for future treatment after her incarceration and whether her placement in isolation exacerbated that condition as alleged by Plaintiffs. Records maintained by CPS could reveal that her mental health condition was worse prior to her incarceration, thereby calling into question Plaintiffs' assertion that "isolation" deteriorated Rodriguez's mental health condition. Because Rodriguez was only seen by Value Options through CPS, only CPS records will provide such information.[2]

---

[2] Defendants have also attempted to obtain records directly from Value Options, but have been informed Rodriguez's records can no longer be located. Value Options informed Defendants, however, that Value Options records are maintained and archived by CPS.

**B.     The Majority of Rodriguez's Pre-Incarceration Health Care Treatment was Provided by or at the Direction of CPS.**

Plaintiffs' contention that any records from Rodriguez's childhood are "far too remote in time to be relevant to this lawsuit" is incorrect.  The treatment Rodriguez received prior to incarceration is crucial to her allegations.  Specifically, the mental health treatment Rodriguez received prior to incarceration will reveal her mental health condition before she began to receive treatment through ADC.  Whether her condition worsened or improved after incarceration is crucial to Defendants' defenses and could disprove the allegations contained in Plaintiffs' Complaint.



This information is highly relevant and Defendants are entitled to this information.

### C. Plaintiffs Have Consistently Refused to Provide Defendants with Information Regarding Plaintiffs' Pre-Incarceration Providers.

Since July 2012, Defendants have consistently requested, through both discovery requests and correspondence, that Plaintiffs provide the names of pre-incarceration providers. Also since July 2012, Defendants have requested that Plaintiffs execute signed releases so that Defendants may obtain records from Plaintiffs' pre-incarceration providers. Since the initial request, Defendants have sent over fourteen letters, twenty-six formal discovery requests and held multiple meet-and-confers on this issue. *See* Ex. 5 (Documentation of Defendants' Correspondence). Plaintiffs initially refused to provide Defendants with releases for the named Plaintiffs, asserting Defendants could obtain the records by subpoena and that releases were unnecessary. Only after receiving multiple rejection letters from providers, due to the lack of a release, did Plaintiffs eventually begin to provide Defendants with releases. To date, Defendants are still waiting on signed releases and lists of pre-incarceration providers for several of the named Plaintiffs.

#### 1. Rodriguez's Release and Pre-Incarceration Providers

Despite repeatedly requesting this information since July 2012, Plaintiffs did not provide Defendants with an executed release from Rodriguez until February 13, 2013 – nine months after Defendants' initial request. Plaintiffs did not provide the names of Rodriguez's pre-incarceration providers until March 3, 2013.

After waiting many months to receive the information and tools necessary to retrieve this information, the only source provided to Defendants was a vague reference to Value Options. Due to the repeated references to CPS in Rodriguez's Arizona Department of Corrections ("ADC") medical records, her own admissions that she received pre-incarceration care at both Value Options and CPS, and due to Value Options' close relationship with CPS, Defendants were substantially justified in filing the motion to obtain Rodriguez's records. Moreover, as discussed above, these records are crucial and may provide the only insight into Rodriguez's care and condition prior to her incarceration at ADC. As such, Defendants' motion should be granted.

## D. A.R.S. § 8-807 Requires Defendants to Obtain A Court Order Prior to Releasing Records

Defendants did not file a motion to compel, they filed a Motion for Release of Confidential Records – a requirement under the statute, after they requested cooperation from the Plaintiffs to join in the motion. Even if Plaintiffs agreed to join in Defendants' motion, Defendants still would be obligated, pursuant to A.R.S. §8-807, to file a motion and seek a court order because regardless of the parties' agreement, only the Court has the authority to allow a release of the records). Defendants are not compelling production from Plaintiffs, rather they seek permission from the Court to do so from CPS. Additionally, Defendants request the records be sealed. Moreover, the records are subject to the protective order in this case – thereby eliminating Plaintiffs' concern regarding confidentiality.

## E. Plaintiffs Failed to Provide A Basis For Their Unsupported Refusal to Join in the Motion.

Defendants contacted Plaintiffs and requested they join in the motion to release confidential records. Without providing any reason, Plaintiffs refused. Defendants again reached out to Plaintiffs' and inquired as to the basis for their position. Plaintiffs refused to respond. Had Plaintiffs responded, the parties could have engaged in productive discussions regarding the breadth and purpose of Defendants' request. Plaintiffs could have provided input regarding the request, and advised Defendants of their concerns regarding release of confidential records pertaining to Rodriguez's family members and the court's ability to enter an order. Defendants would have assured Plaintiffs they were only seeking records pertaining to Rodriguez herself – and not her children or family. Plaintiffs failed to provide justification for their refusal, therefore it was impossible to meet and confer, forcing Defendants to unilaterally file the instant motion, without Plaintiffs' approval and without an understanding of why Plaintiffs' refused to join. Additionally, Plaintiff's refusal to provide the basis for their position goes against the procedure this Court outlined for resolving discovery disputes *before* seeking court

2748155.1                                              6

intervention. Although Defendants would still have had to seek a court order, Defendants could have addressed Plaintiffs' concerns in a less formal way and avoided unnecessary briefing on the issue.

### III. CONCLUSION

Based on the foregoing, Defendants have substantial justification for filing their motion. Defendants have virtually no information regarding Rodriguez's, or any other Plaintiffs', pre-incarceration mental, medical, or dental treatment. Despite endless good-faith attempts to obtain this information, Defendants are consistently met with delay and resistance from Plaintiffs. By granting this motion, Defendants will, for the first time, be able to assess the care received by Rodriguez prior to incarceration. This information is extremely relevant and useful to Defendants.

As such, fees should not be imposed pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) and Defendants' Motion to Release Confidential Records should be granted.

DATED this 12th day of April 2013.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Ashlee B. Fletcher
   Daniel P. Struck
   Kathleen L. Wieneke
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Courtney R. Cloman
   Ashlee B. Fletcher
   Anne M. Orcutt
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
   Michael E. Gottfried
   Katherine E. Watanabe
   Lucy M. Rand
   Ashley B. Zuerlein
   Assistant Attorney General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

   *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |

| | | |
|---|---|---|
| 1 | R. Scott Medsker: | rsmedsker@JonesDay.com |
| 2 | John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| 3 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 4 | Jennifer K. Messina: | jkmessina@jonesday.com |
| 5 | Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| 6 | Katherine E. Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |
| 7 | Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com |
| 8 | Lucy Marie Rand: | Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 9 | Ashley Brook Zuerlein: | Ashley.Zuerlein@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 10 | Ajmel Quereshi: | aquereshi@npp-aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ *Ashlee B. Fletcher*

2748155.1                                    10