# Exhibit B

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone: (602) 650-1854
   Email: dpochoda@acluaz.org
5         kflood@acluaz.org
          jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
   Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8  *Christina Verduzco, Jackie Thomas, Jeremy Smith,
   Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on
   behalf of themselves and all others similarly situated*
10
   **[ADDITIONAL COUNSEL LISTED BELOW]**
11

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **PLAINTIFF SHAWN JENSEN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Propounding Parties:     Shawn Jensen

Responding Party:        Defendants

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff <u>Shawn Jensen</u>, by and through undersigned counsel, requests that Defendants respond, within 30 days and produce the following documents for inspection and copying at PERKINS COIE, LLP; 2901 N. Central Avenue, Suite 2000; Phoenix, Arizona 85012.

DEFINITIONS

1. "ADC" means the Arizona Department of Corrections, including all its subdivisions, agents, employees, contractors, and attorneys.

2. "COMMUNICATIONS" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including a Blackberry or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Web-X and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voice mail messages.

3. "CORIZON" means Corizon, Inc.

4. "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and DESCRIPTION and every tangible thing that is or has been in the possession, custody, or control of DEFENDANTS and the ADC, to which they have access, or of which they have knowledge, including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, files, electronic mail,

memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, MINUTES, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device). "DOCUMENT" and "DOCUMENTS" includes, but is not limited to, all DOCUMENTS generated by or maintained in the Director's Project Tracking System, official ADC papers, and the ADC's intranet.

5. "HEALTH CARE" means the provision of care, including adequate diet, to address the mental health, medical, or dental needs of a PRISONER, whether those needs arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic or preventive purposes.

6. "HEALTH CARE STAFF" means all staff employed, paid, contracted, or subcontracted by ADC, WEXFORD, or CORIZON who are responsible for providing HEALTH CARE to ADC PRISONERS.

7. "HEALTH CARE STAFFING" means the provision of HEALTH CARE STAFF to provide HEALTH CARE.

8. "IDENTIFY" and "IDENTIFICATION" with respect to (a) a PRISONER or former PRISONER, means to state the PRISONER'S full name, ADC number, date of birth, current or most recent mental health score (MH-1 through MH-5), medical score (M-1 through M-5), public risk score, institutional risk score, and current housing location (if still in ADC custody) or last known address and telephone number (if no longer in ADC custody); (b) a person other than a PRISONER or former PRISONER, means to state the person's full name and specify whether or not the person is or has been an ADC STAFF member, and if so, to state the staff member's position title, facility location, work

schedule, responsibilities, date ADC employment began, date ADC employment terminated, dates of any changes in position titles or responsibilities, DESCRIPTIONS of any changes in position titles or responsibilities and, if the person is not currently employed by ADC, the person's last known address and telephone number; and (c) a third-party contractor or entity means to state the name of the contractor or entity, the type of entity (*e.g.*, corporation, partnership, etc.); its address and telephone number; and any persons YOU are aware of who acted on behalf of that contractor or entity with respect to the events at issue in the discovery request; (d) IDENTIFY in any other context means to provide as much INFORMATION REGARDING the thing to be identified as is in the possession of DEFENDANTS or the ADC.

9. "INFORMATION" means any knowledge YOU have, any evidence of any type, any facts of which YOU are aware and any inferences or speculation of which YOU are aware, all regardless of the source. When INFORMATION YOU provide is based solely on inference or speculation, specifically so state in YOUR response. When providing INFORMATION, provide the names of involved individuals, actions relevant to the requested INFORMATION, dates and times when known, locations, and any other knowledge YOU have about the subject of the discovery request. When asked to provide INFORMATION about one or more individuals, IDENTIFY the individual or individuals and provide any other INFORMATION YOU have about such person or persons.

10. "MINUTES" means notes or any other recording reflecting the content of a meeting, whether written contemporaneously with or subsequent to the meeting.

11. "POLICIES AND PROCEDURES" means policies, procedures, criteria, or practices, whether written or established through custom or use, including but not limited to policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders, and any other DOCUMENTS designed to direct the actions of ADC personnel, ADC contractors, and/or PRISONERS.

12. "PRISONER" means a person incarcerated by the ADC.

13. "REGARDING" or "REGARDED" to any given subject matter means,

without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

14. "RESPONSE DATE" means date upon which YOU respond to these discovery requests, or, if YOU amend or supplement YOUR response, the date of YOUR amendment or supplement.

15. "SPECIALTY CARE" means any health care services that are not provided within ADC prisons.

16. "SPECIALTY CONTRACTOR" means any entity or person who has contracted with ADC, WEXFORD, or CORIZON to provide SPECIALTY CARE to PRISONERS.

17. "SUFFICIENT TO SHOW" means demonstrating or evidencing complete INFORMATION on the requested topic, without the need to produce every DOCUMENT REGARDING the topic.

18. "WEXFORD" means Wexford Health Sources, Inc.

19. "YOU," "YOUR," "YOURSELF," and "DEFENDANTS" means defendants Charles Ryan and Richard Pratt, and their predecessors, successors, employees, subordinates, contractors, agents, and attorneys.

INSTRUCTIONS

1. YOU are required to furnish all DOCUMENTS in YOUR possession, custody, or control, including those DOCUMENTS that are in YOUR possession, custody, or control in the normal course of YOUR employment obligations, and those in the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction, whether doing so directly or at the direction of YOUR subordinates. Possession, custody, or control includes DOCUMENTS stored in

1  electronic form by third party service providers but accessible to the Defendant, including
2  but not limited to email accounts, FTP servers, portable storage media such as USB
3  drives, cloud storage services such as Dropbox or SharePoint , and online workspaces
4  such as WebEx.
5        2.   All non-identical copies of every DOCUMENT whose production is sought
6  shall be separately produced.
7        3.   Each request herein constitutes a request for DOCUMENTS in their entirety,
8  with all enclosures and attachments, and without abbreviation, redaction, or expurgation.
9  DOCUMENTS attached to each other, including but not limited to, by staple, clip, tape,
10 email attachment, or "Post-It" note, should not be separated, although any page on which
11 a Post-It note covers or obscures text on the DOCUMENT should be produced both with
12 and without the Post-It note.  The production must also include, where applicable, any
13 index tabs, file dividers, designations, binder spine labels, or other similar information as
14 to the source and/or location of the DOCUMENTS.
15       4.   DEFENDANTS shall produce any and all drafts and copies of each
16 DOCUMENT that are responsive to any request, including but not limited to copies
17 containing handwritten notes, markings, stamps, or interlineations.  The author(s) of all
18 hand-written notes should be identified.
19       5.   YOU shall produce all responsive DOCUMENTS as they have been kept in the
20 ordinary course of business.
21       6.   Responsive DOCUMENTS that exist only in paper form shall be organized as
22 they have been kept in the ordinary course of business and shall be produced according to
23 the following protocol:
24       a.   Paper DOCUMENTS shall be scanned and produced in TIFF image form at
25 a resolution sufficient to enable the generation of searchable text using Optical Character
26 Recognition ("OCR").
27       7.   Responsive DOCUMENTS that exist in electronic form, even if such
28 DOCUMENTS also exist in paper form, shall be produced in electronic form according to

1  the following protocol:

2         a.     Electronic DOCUMENTS shall be produced electronically as single page,
3  uniquely and sequentially numbered Group IV TIFF image files of not less than 300 dots
4  per inch resolution, together with DOCUMENT level load files wherein the full text was
5  extracted directly from the native file where possible.

6         b.     For files produced in TIFF image form, each page of a produced
7  DOCUMENT shall have a legible, unique production number electronically "burned"
8  onto the TIFF image in such a manner that information from the source DOCUMENT is
9  not obliterated, concealed, or interfered with, preferably in the lower right corner of the
10 DOCUMENT.  The production number shall contain at least six digits.  There shall be no
11 other legend or stamp placed on the DOCUMENT image, unless a DOCUMENT qualifies
12 for confidential treatment pursuant to the terms of any protective order in this matter, or if
13 the DOCUMENT requires redaction.  In the case of confidential materials as defined by
14 any protective order in this matter, any applicable designation may be "burned" onto the
15 DOCUMENT's image at a location that does not obliterate or obscure any information
16 from the source DOCUMENT, preferably in the lower left corner.

17        c.     Each DOCUMENT image file shall be named with the unique production
18 number of the page of the DOCUMENT in question, followed by the extension ".tif".
19 File names should not be more than 20 characters long or contain spaces.

20        d.     For files produced in TIFF image format, each page of a DOCUMENT shall
21 be electronically saved as an image file.  If a DOCUMENT is more than one page, the
22 unitization of the DOCUMENT and any attachments and/or affixed notes shall be
23 maintained as they existed in the original DOCUMENT.

24        e.     TIFF images shall be accompanied by a standard load file containing the
25 metadata and other fields identified in Paragraph 7(j) of these Instructions, below.  The
26 load file shall be produced in one of the following industry-standard formats:  (1)
27 Concordance delimited file (".dat"); (2) comma-separated value file (".csv"); or (3) TAB
28 delimited file.  TIFF images shall also be accompanied by either an Opticon delimited

1  cross-reference file (".opt") or IPRO View LFP comma-delimited file showing
2  DOCUMENT breaks and appropriate DOCUMENT unitization.

3    f. In addition to TIFF images, each production of electronic DOCUMENTS
4  shall include searchable text files corresponding to the TIFF images for each
5  DOCUMENT.  The full text of each native electronic DOCUMENT, excluding redacted
6  DOCUMENTS, shall be extracted directly from the native file and produced in a
7  DOCUMENT-level related text file (the "Extracted Text"). The Extracted Text shall be
8  provided in searchable ASCII text format (or Unicode text format if the text is in a foreign
9  language) and shall be named with the unique production number of the first page of the
10  corresponding TIFF DOCUMENT followed by the extension ".txt".  YOU shall also
11  perform OCR on certain types of non-text based static image ESI, such as native PDF
12  image files, and produce the corresponding DOCUMENT-level related text files.
13  Searchable text files shall be generated from Extracted Text where available.

14    g. DOCUMENTS shall be produced on optical media (CD or DVD) or
15  external hard drives or similar, readily accessible electronic media (the "Production
16  Media").  Each piece of Production Media shall IDENTIFY a production number
17  corresponding to the party and production with which the DOCUMENTS on the
18  Production Media are associated (e.g., "RYAN 001"), as well as the volume of the
19  material in that production (e.g., "- 001", "-002").  For example, if the first production
20  wave by YOU comprises DOCUMENT images on three hard drives, YOU shall label
21  each hard drive in the following manner: "RYAN 001-001", "RYAN 001-002", and
22  "RYAN 001-003."  The face of each piece of Production Media shall also IDENTIFY:
23  (1) the production date; and (2) the production number range of the materials contained on
24  the Production Media.

25    h. Presentation DOCUMENTS (such as Microsoft PowerPoint
26  DOCUMENTS) shall be produced with one slide per page together with any "Speaker's
27  Notes" or similar pages appended to, or otherwise associated with, each slide.
28  Presentation DOCUMENTS shall also be produced according to all other applicable

1  Instructions set forth in this set of requests.
2       i.   Unless redaction is required, spreadsheet DOCUMENTS (such as Microsoft
3  Excel DOCUMENTS) shall be produced in native format, together with a single page
4  TIFF placeholder bearing the legend "Native File Produced" and load files containing the
5  agreed upon metadata, extracted text, production numbers and any applicable
6  confidentiality labels as described above.  If redaction is required, then spreadsheets shall
7  be produced in TIFF image format as set forth above.
8       j.   For all DOCUMENTS for which metadata exists, the load files described
9  above shall be produced including the following fields:

| Fields for all DOCUMENTS | Description |
|---|---|
| BegProd | Beginning production number assigned to each DOCUMENT |
| EndProd | Ending production number assigned to each DOCUMENT |
| BegAttach | Beginning production number assigned to the group of DOCUMENTS to which the parent DOCUMENT and any attachment DOCUMENTS are associated |
| EndAttach | Ending production number assigned to the group of DOCUMENTS to which the parent DOCUMENT and any attachment DOCUMENTS are associated |
| Custodian | The name of the person or source from which the DOCUMENT was obtained |
| FileName | Original file name |
| FilePath | Original file path |
| DocExt | DOCUMENT type as identified by metadata associated with the native DOCUMENT indicating the extension of the application that created the native DOCUMENT (e.g., .doc, .ppt, etc.) |
| HashValue | The unique identifying value assigned to a DOCUMENT based on hash coding algorithms |
| Author | The person or source that originated the DOCUMENT |
| DateCreated | Date that the DOCUMENT was created (as reflected by metadata) |
| LastModifiedDate | Date that the file was last modified (as |

-8-

|  |  | reflected by metadata) |
|---|---|---|
|  | FullText | The path or link to the searchable Extracted or OCR text for a DOCUMENT |
|  | NativeFile | The path or link to a processed and produced native file, to the extent the production contains native files |
|  | Confidentiality | The confidentiality designation for the DOCUMENT, as defined by any protective order in this matter |
|  | **Additional Fields for Email** | **Description** |
|  | To | All information contained in the "To" field of an email |
|  | From | All information contained in the "From" field of an email |
|  | CC | All information contained in the "CC" field of an email |
|  | BCC | All information contained in the "BCC" field of an email |
|  | DateSent | Date the email was sent, including month, day and year |
|  | TimeSent | Time the email was sent, including hour, minute, second and time zone. To the extent this information is already included in the DateSent field in the metadata, YOU need not parse TimeSent as a separate field. |
|  | DateReceived | Date the email was received, including the month, day and year |
|  | TimeReceived | Time the email was received, including hour, minute, second and time zone. To the extent this information is already included in the DateReceived field in the metadata, YOU need not parse TimeReceived as a separate field. |
|  | Subject | Subject or "Re:" line, as stated in the email |

8. If with respect to any request there are no responsive DOCUMENTS, so state in writing.

9. The following rules of construction shall be applied herein: (a) the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of their scope ; (b) the use of the singular form of any word shall be taken to mean the plural as

1    well as the singular, and the use of the plural form of any word shall be taken to mean the
2    singular as well as the plural; (c) the words "any," "all," "each" and "every" all include
3    any, all, each, and every and shall be understood in either their most or least inclusive
4    sense as necessary to bring within the scope of the requests all responses that might
5    otherwise be construed to be outside of their scope; and (d) the use of a verb in any tense,
6    mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as
7    necessary to bring within the scope of the DOCUMENT requests all responses that might
8    otherwise be construed to be outside of their scope.

9        10. If YOU object to a portion or an aspect of a request, state the grounds for your
10   objection with specificity and respond to the remainder of the DOCUMENT request.  If
11   any DOCUMENTS, or portion thereof, are withheld because YOU claim that such
12   information is protected under the attorney-client privilege, work product doctrine, or
13   other privilege or doctrine,  YOU are required to provide a privilege log setting forth the
14   specific basis for the claim of privilege or protection and for each DOCUMENT provide
15   the following:

16       a.    the subject matter of the DOCUMENT;
17       b.    the title, heading or caption of the DOCUMENT, if any;
18       c.    the date appearing on the DOCUMENT or, if no date appears thereon, the
19   date or approximate date on which the DOCUMENT was prepared;
20       d.    the type of the DOCUMENT (e.g., whether it is a letter, memorandum,
21   MINUTES of meeting, etc.) and the number of pages of which it consists;
22       e.    the identity of the person who signed the DOCUMENT or, if it was not
23   signed, the person who prepared it;
24       f.    the identity of each person to whom the DOCUMENT was addressed and
25   the identity of each person to whom a copy thereof was sent; and
26       g.    the identity of each person who has custody of a copy of each such
27   DOCUMENT.
28       11. If YOU claim that a portion of a DOCUMENT is protected from disclosure for

any reason, produce such DOCUMENT with redaction of only the portion claimed to be protected. When such redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced. All redactions shall also be included on the privilege log described in Instruction #10.

12. If you object that a request is vague or ambiguous, IDENTIFY the objectionable aspect of the request.

13. If a request cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, and state whatever information or knowledge YOU have REGARDING the portion to which YOU have not responded.

14. If any DOCUMENT called for by these requests has been destroyed, lost, discarded, or is otherwise no longer in your possession, custody, or control, IDENTIFY such DOCUMENT as completely as possible, and specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the DOCUMENT.

15. These requests are sequentially numbered and each numbered paragraph constitutes a single request. Defined terms may be capitalized for the convenience of the parties; the definitions herein apply whether or not the term is capitalized.

16. Except where expressly stated, these requests are not limited in any way by geography.

17. These requests shall be deemed continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Supplemental responses are required if additional responsive information is acquired or discovered between the time of responding to this request and the time of trial.

18. Unless otherwise specified, the relevant time period, and the period for which YOU are required to provide responsive DOCUMENTS, is from and including January 1, 2011 up to and including the RESPONSE DATE.

**DOCUMENTS REQUESTED**

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS REGARDING the agreement between WEXFORD and ADC to terminate their contract to provide HEALTH CARE to PRISONERS, including but not limited to internal and external COMMUNICATIONS regarding the possibility of terminating the contract and the decision to terminate the contract; any and all MINUTES from internal and external meetings regarding the contract; any and all draft and final versions of ADC's press release announcing the termination, including all internal and external COMMUNICATIONS regarding the press release; any and all draft and final settlement agreements, including all internal and external COMMUNICATIONS regarding the draft or final agreement; and any and all draft and final contracts including those containing confidentiality agreements, and including all internal and external COMMUNICATIONS regarding the confidentiality agreements.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS REGARDING ADC's selection of CORIZON to be responsible for the provision of HEALTH CARE to PRISONERS, including but not limited to internal and external COMMUNICATIONS regarding the possibility of entering the contract and the decision to enter into the contract, any and all MINUTES from internal and external meetings regarding the contract with CORIZON, any and all Requests for Proposal issued by ADC or the State of Arizona, any and all proposals submitted to ADC, and any and all draft and final contracts between ADC and CORIZON.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS REGARDING the process or plan by which ADC, WEXFORD, and CORIZON will transition from WEXFORD to CORIZON in the provision of HEALTH CARE to PRISONERS.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS REGARDING the process or plan by which CORIZON will employ HEALTH CARE STAFF to provide HEALTH CARE to PRISONERS, including

HEALTH CARE STAFF currently employed or contracted with WEXFORD.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS REGARDING the process or plan by which CORIZON will contract with SPECIALTY CONTRACTORS to provide SPECIALTY CARE.

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS REGARDING the process or plan by which ADC will monitor CORIZON's compliance with their contract to provide HEALTH CARE to PRISONERS.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS REGARDING CORIZON's past compliance and performance in the provision of HEALTH CARE in other jurisdictions.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS evaluating or REGARDING whether CORIZON is meeting performance measures and outcomes and other requirements in providing HEALTH CARE to PRISONERS in ADC custody.

**REQUEST FOR PRODUCTION NO. 9**

All draft or final POLICIES AND PROCEDURES of CORIZON REGARDING the provision of HEALTH CARE to PRISONERS.

DATED: January 31, 2013

By:  */s/ Corene Kendrick*
Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@npp-aclu.org
       afettig@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
       agerlicher@perkinscoie.com
       keidenbach@perkinscoie.com
       jhgray@perkinscoie.com
       mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com
       dkiernan@jonesday.com
       scalderon@jonesday.com
       srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone: (202) 879-3837
Email: rsmedsker@jonesday.com

*Admitted *pro hac vice*

| | |
|---|---|
| 1 | John Laurens Wilkes (Tex. 24053548)* |
|  | **JONES DAY** |
| 2 | 717 Texas Street |
|  | Houston, Texas 77002 |
| 3 | Telephone:  (832) 239-3939 |
|  | Email:    jlwilkes@jonesday.com |
| 4 |              ksuh@jonesday.com |
| 5 | *Admitted *pro hac vice* |
| 6 | Kamilla Mamedova (N.Y. 4661104)* |
|  | Jennifer K. Messina (N.Y. 4912440)* |
| 7 | **JONES DAY** |
|  | 222 East 41 Street |
| 8 | New York, New York 10017 |
|  | Telephone:  (212) 326-3498 |
| 9 | Email:    kmamedova@jonesday.com |
|  |              jkmessina@jonesday.com |
| 10 | |
| 11 | *Admitted *pro hac vice* |
| 12 | *Attorneys for Plaintiffs Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated* |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2013, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Ashley B. Zuerlein
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov
Ashley.Zuerlein@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

Jennifer Alewelt
Asim Varma
Sarah Kader
ARIZONA CENTER FOR DISABILITY LAW
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

*s/Corene Kendrick*