# Exhibit G



PRISON LAW OFFICE

General Delivery, San Quentin CA. 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Penny Godbold
Megan Hagler
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

**VIA EMAIL ONLY**

December 21, 2012

Ms. Katherine Watanabe
Assistant Attorney General
Office of the Attorney General
1275 W. Washington
Phoenix, AZ 85007
Katherine.Watanabe@azag.gov

     RE:  *Parsons, et al. v. Ryan, et al.*

Dear Katherine,

I write to memorialize the phone call that you had yesterday with me, David Fathi, and Caroline Mitchell regarding withdrawing or narrowing prisoner Plaintiff Victor Parsons' Requests for Production, dated June 22, 2012. We thank you for taking the time to speak with us, and we thought it was a very productive conversation. If any of the below does not comport with your notes or understanding, please let us know immediately.

I.    <u>RFPs Seeking Policies and Procedures</u>

You indicated that you believed that as of last week's supplemental production (Seventh Supplemental Production) that Defendants had produced all policies and department orders, including all updated versions and those that were updated as of December 19. You also indicated that there are still complex-specific post orders that have not yet been produced because sections of them are being redacted for security purposes, but that the table of contents and section headings will be left visible so that we have an idea of what was redacted. You anticipate these post orders will be produced today or next week after Christmas. You also said that you will provide us with some sort of index to all institutions' post orders.

We agreed that once the post orders are provided, Defendants will have provided responsive policies and procedures to RFP Nos. 1-14 and 30, and that they will be supplemented as needed: We also agreed that responsive emails on the topics covered in those RFPs still need to be produced.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Felecia Gaston • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

With regard to RFP No. 6 (Quality Assurance of Health Care), you stated that all policies and procedures have been produced, but we agreed that meeting minutes, audits, monitoring reports, etc. will continue to be produced on an ongoing basis as responsive to Plaintiffs' 30(b)(6) Deposition Duces Tecum (Docket 76), Requests 4 and 5.

We discussed that it is unclear whether Defendants have produced the most current version of the Mental Health Technical Manual, in light of the testimony of Dr. Shaw and what is on the ADC website. You said that rather than produce updated portions piecemeal, you will produce a complete set of the current version of the manual.

II.   <u>Non-Policy and Procedure Requests</u>

Plaintiffs reiterated that with these requests, unless otherwise indicated, the timeframe sought is from January 1, 2011 to the present. With regard to all of these requests, if there are documents or information that are no longer maintained by ADC as a result of Wexford providing health care services, you will ask if this information is available to ADC's Contract Monitoring Bureau pursuant to the terms of the ADC-Wexford contract.

<u>RFP No. 15</u> (All documents regarding health care directives).
We do not expect Defendants to go into each individual prisoner's health care file to look for a health care directive. We are trying to get big picture information, for example, to learn about the process for obtaining health care directives from prisoners, what was the reasoning by ADC management for obtaining them, and any data you have on when they were collected and how many are in effect. You said that you will find out if there is any centralized tracking information such as how many directives are in effect, when they were put into effect, and if this information is broken down by prison complex or unit.

<u>RFP No. 16</u> (All minutes from health care staff meetings, or meetings at which health care was discussed).
You said there is no centralized repository for these minutes, and you are in the process of obtaining them from each prison complex, and redacting the minutes you have received. This request contemplates the production of any similar documents from Wexford.

<u>RFP No. 17</u> (One copy of each standardized document used by ADC regarding the provision of health care).
Defendants provided all forms used by ADC as Bates Numbers ADC048640-48842. You will find out if Wexford is using its own forms instead of ADC's.

<u>RFP No. 18</u> (Health care statistics).
You stated that you believe Defendants have produced all statistics/reports and data tracked by ADC related to medical care and conditions. You will check to see if there are

any statistics or data maintained regarding mental health and dental care and conditions that need to be produced as responsive.  You also said you will compile a master list of all statistics tracked and maintained by ADC.  We noted that ADC049041-49043, which was produced last week, is not readable, and you will produce a cleaner copy of it.  This request contemplates the production of any similar documents from Wexford.

RFP Nos. 19, 20 and 62 (Health care staffing levels, schedules, hours of operation, shortages).

Defendants produced all responsive information maintained at the central office level, and the institution-specific post orders also describe the planned staffing levels.  Plaintiffs offered to narrow the request for the actual staffing schedules and hours of operation to a representative sample and you would let us know how long it would take to get that information. Plaintiffs propose narrowing that request to: the first Wednesday and the first Sunday of every month from July 1, 2011 to June 30, 2012. This request contemplates the production of any similar documents from Wexford, but you stated that the ADC Human Resources department does not have this information, and you will see if the Contract Monitoring Bureau has this information from Wexford.  We noted that ADC049078-49370 is very difficult to read, you said it is a printout of an Excel spreadsheet which was separately produced and you will get us a version of the spreadsheet that notes the Bates numbers.

RFP No. 21 (Health care staffing plans including job descriptions).
In addition to the post orders already produced by Defendants, the annual budget request includes the staffing plans.  Plaintiffs noted that Wexford had a staffing plan and job descriptions in its proposal, and you will find out whether those are the ones in effect.

RFP Nos. 22-23 (Discipline of health care and correctional staff related to health care services).
Defendants produced some disciplinary letters as Bates Nos. ADC049377-49480, and more will be produced after your office redacts personal identifying information such as home addresses and EINs.  You said the letters are the only centrally maintained documents that Defendants can produce without having to go into each employee's individual personnel files.  This request contemplates the production of any similar documents from Wexford.

RFP No. 24 (Complaints regarding health care staffing levels).
You said most of this will be in email form, and should come up when the agreement is finalized on the scope of the email searches.  Plaintiffs noted that there may be paper letters or logs of telephone calls maintained by ADC's Constituent Services/ Inmate Families and Friends Liaison.  You will check with that office to determine if they have any documents responsive to this request.  Plaintiffs also told you that according to ADC's website, any family/friends complaints about health care should now be directed to a special

Ms. Katherine Watanabe
RE: *Parsons v. Ryan*
December 21, 2012
Page 4

number and email maintained by Wexford, and we consider any complaints directed to them
to be responsive to this request.

RFP No. 25-26 (Training documents)
Ms. Mitchell's Nov. 29 letter said that these can be produced on a sufficient to show
basis. You will confirm that Defendants have produced all responsive ADC documents, and
communicate with Wexford regarding their training materials.

RFP No. 27-31 (Contractors, reimbursement rates)
You said that you believe Defendants have produced everything that is responsive to
these requests. With regard to Request No. 29, you will investigate whether Wexford is
bound by the same AHCCCS rate limits that applied to ADC. We agreed that Defendants
will supplement at a reasonable interval if there is new information

RFP No. 32 (Complaints regarding health care directives)
You said any responsive documents would be in the form of emails. Plaintiffs asked
about prisoner grievances at the directors' level. You agreed to ascertain approximately how
many grievances are appealed to the Director's level, so that we may determine whether a
search of those exhausted grievances is feasible.

RFP No. 33 (Monetary settlements to prisoners or their estates regarding health care
services)
You said ADC and the Attorney General's Office do not track this, and the Arizona
Department of Administration would not be able to extract this information electronically.

RFP Nos. 34 and 37 (Complaints from health care and correctional staff regarding
health care)
Again, you said that any responsive documents would be in the form of emails.

RFP No. 35 (Processing and approval of requests for referrals).
Defendants produced all responsive documents in their possession. You will ask if the
Contract Monitoring Bureau has responsive documents from Wexford.

RFP Nos. 36, 38 and 41 (Documents regarding referrals for treatment and reviews of
referred and hospitalized prisoners)
Plaintiffs offered to limit this request to a representative sample. You indicated that
Defendants will not produce documents until a class has been certified because of the burden
involved. We asked whether you would continue to object based on burden if we requested
such documents for 10-15 identified prisoners; you said you were unable to answer without
seeing the specific request.

RFP No. 39 (Delay/denial of transportation for outside appointments).
You said that you do not think there are any reports made regarding delays or denials of transportation, and that while there is the report that indicates the wait times for specialty care and referrals, that it doesn't track the reason for the wait. You will investigate whether the Contract Monitoring Bureau has responsive documents from Wexford.

RFP No. 40 (All documents regarding death records)
You said that you think there are only one or two more medical records to produce, and that Defendants will have produced all records responsive to our prior communications listing specific prisoners' names.  Plaintiffs will compare our lists of names with what has been produced and let you know if there are any outstanding requests.  There are still approximately 20 more investigative reports coming in, and you will produce them as they are reviewed and redacted.  Defendants will supplement as necessary.

RFP No. 42 (Documents sufficient to show population in each unit since 2009)
Defendants produced all responsive documents, and will supplement as necessary.

RFP No. 43 (Documents regarding conditions at Tempe St. Lukes)
You said the only responsive document is the post order produced last week.

RFP Nos. 44-48 (Documents regarding health care cost containment, budget, etc.)
Defendants have produced all responsive ADC budget documents, any additional documents would be in the form of emails that will be produced when an agreement is reached on the scope of the search.  You will ask the Contract Monitoring Bureau about any Wexford documents beyond what was in their proposal.

RFP No. 49 (Documents regarding criticisms/critiques of conditions in isolation)
You will produce the criticisms themselves, as well as documents containing any ADC response to or comment on the criticisms.

RFP No. 50 (Complaints regarding isolation made by current or former ADC personnel)
Most of these will be found in emails, but you will produce such complaints in other forms that defendants are aware of (e.g., statements by former deputy warden Carl Toersbijns).

RFP No. 51 and 52 (Documents regarding investigations regarding conditions in isolation)
This request includes investigations by governmental bodies (e.g., Department of Corrections, Department of Health) as well as non-governmental organizations (e.g. Amnesty International, American Friends Service Committee, National Commission on

Ms. Katherine Watanabe
RE: *Parsons v. Ryan*
December 21, 2012
Page 6

Correctional Health Care), as well as documents responding to or commenting on such investigations.

RFP No. 53 (Documents showing duration of confinement in isolation)
You believe that ADC does not track mean or median duration of confinement in isolation; you agreed to confirm this. You also agreed to investigate whether any partially responsive documents, such as a single-day snapshot of prisoners in isolation showing the duration of their confinement in isolation, exist or could be created.

RFP No. 54 (Exercise in isolation)
You agreed to provide post orders or other documents setting forth the schedules for exercise; plans of the exercise areas; and documents showing exercise equipment provided (if any). We will agree on a method for sampling logs or other documents showing exercise actually provided.

RFP No. 55, 56 (grievances regarding conditions in isolation)
You believe that ADC does not track grievances by subject matter; you agreed to confirm this. You also agreed to ascertain approximately how many grievances are appealed to the Director's level, so that we may determine whether a search of those grievances is feasible.

RFP No. 57 (food in isolation)
You agreed to provide post orders or other documents setting forth the schedules on which food is delivered; menus (we will agree on a sampling method if they are numerous); and any nutritional analysis of the diet provided to prisoners in isolation. We will agree on a sampling method for logs or other documents showing food actually provided.

RFP No. 58-60 (Documents to/from Ryan, Pratt, and Adu-Tutu)
This is part of the separate discussion regarding email searches.

RFP No. 61 (Documents sufficient to show organizational structure)
Defendants have produced all responsive ADC documents, and will supplement as necessary. You will determine what are the responsive Wexford documents, and produce.

RFP No. 63 (Folder structure images for email).
You stated that this would be very difficult to produce and involve creating something. Plaintiffs will take this request off the table for now.

Other Document Requests
You will get back to us regarding the subpoenas associated with the deposition duces tecum and our proposed narrowing/withdrawal of many of the requests, as detailed in Ms.

Ms. Katherine Watanabe
RE: *Parsons v. Ryan*
December 21, 2012
Page 7

Mitchell's Nov. 29 letter.  With regard to the monitoring reports, emails, and other documents responsive to Docket 76, Requests 4 and 5, you said the November monitoring reports will be produced today in a PDF format, and unlike the October reports they will be organized by performance measure rather than grouped by findings. This production will include the "green" findings as well.  You will re-produce the October MGAR reports in this same format and organization.

With regard to prisoner Plaintiff Victor Parsons' Second Set of RFPs, you said that you have some more incident reports regarding the use of pepper spray and force on some of the named plaintiffs, and these will be provided soon.  You also indicated that Counsel for Plaintiffs should contact you to coordinate the logistics of viewing the videos that were responsive to this set of requests.

Thank you again for taking the time to talk with us about Plaintiffs' requests.  We hope you found the discussion as productive as we did. While Plaintiffs have limited the requests as detailed above, you agreed on the call that Defendants are still obligated to produce any and all documents that they intend to rely on at trial, and that Plaintiffs' agreement to limit these requests does not waive the right to receive documents that will be relied upon at trial.  If you have any questions or concerns, please let me know.  Happy holidays.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick, Staff Attorney

cc:     Counsel of Record