1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Katherine E. Watanabe, Bar No. 027458
3   Lucy M. Rand, Bar No. 026919
    Ashley B. Zuerlein, Bar No. 029541
4   Assistant Attorney General
    1275 W. Washington Street
5   Phoenix, Arizona 85007-2926
    Telephone: (602) 542-4951
6   Fax: (602) 542-7670
    Michael.Gottfried@azag.gov
7   Katherine.Watanabe@azag.gov
    Lucy.Rand@azag.gov
8   Ashley.Zuerlein@azag.gov

9   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
10  Rachel Love, Bar No. 019881
    Timothy J. Bojanowski, Bar No. 22126
11  Nicholas D. Acedo, Bar No. 021644
    Courtney R. Cloman, Bar No. 023155
12  Ashlee B. Fletcher, Bar No. 028874
    Anne M. Orcutt, Bar No. 029387
13  STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
14  Chandler, Arizona  85226
    Telephone:  (480) 420-1600
15  Fax:  (480) 420-1696
    dstruck@swlfirm.com
16  kwieneke@swlfirm.com
    rlove@swlfirm.com
17  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
18  ccloman@swlfirm.com
    afletcher@swlfirm.com
19  aorcutt@swlfirm.com
    *Attorneys for Defendants*

20
                    **UNITED STATES DISTRICT COURT**
21                    **DISTRICT OF ARIZONA**

22  Victor Parsons, *et al.*, on behalf of themselves       NO. 2:12-cv-00601-NVW
    and all others similarly situated; and Arizona
23  Center for Disability Law,
                                        Plaintiffs,     **DEFENDANTS' RESPONSE TO**
24          v.                                          **PLAINTIFFS' MOTION TO**
                                                        **MODIFY PROTECTIVE ORDER**
25  Charles Ryan, Director, Arizona Department
    of Corrections; and Richard Pratt, Interim
26  Division Director, Division of Health Services,
    Arizona Department of Corrections, in their
27  official capacities,
                                        Defendants.

28

1    Defendants Charles Ryan and Richard Pratt hereby file this Response to

2  Plaintiffs' Motion to Modify Protective Order (Doc. 399).  In their Motion, Plaintiffs seek

3  the deletion of one provision of the Protective Order ("Provision 6(a)") and the insertion

4  of an additional provision ("Provision 6(g)").  For the reasons below, Defendants do not

5  oppose the deletion of Provision 6(a), but request that the Court deny the portion of

6  Plaintiffs' Motion seeking the addition of Provision 6(g).

7  **I.    PROVISION 6(A)**

8    While Plaintiffs consulted with Defendants regarding their intention to

9  request that the Court delete the provision relating to disclosure of mental health records

10  of non-named Plaintiffs, Plaintiffs did not specifically inform Defendants of their intent to

11  file the instant Motion, nor did they circulate the text of their Motion or proposed redline

12  changes to Defendants prior to filing.[1]  Defendants do not oppose the deletion of this

13  provision and would have joined in Plaintiff's Motion to modify this provision had they

14  been given the opportunity to do so.  Accordingly, Defendants do not oppose the Court

15  granting the portion of Plaintiffs' Motion relating to Provision 6(a).

16  **II.    PLAINTIFFS' PROPOSED PROVISION 6(G)**

17    Plaintiffs additionally seek the insertion of a provision permitting the

18  disclosure of confidential information to "Any person who is a former agent of a party and

19  whose role as a party's agent is relevant to this litigation."  *See* Ex. 1 to Pls.' Motion at 3.

20  Plaintiffs claim that "it is necessary to add a subparagraph to Paragraph 6 allowing

21  disclosure of confidential information to former agents of ADC, so that Plaintiffs can

22  show Wexford documents to Wexford in deposition."  *See* Pls.' Motion at 3.  Defendants

23  disagree and oppose the addition of this provision for the following reasons.

24

25

---

26  [1]  Plaintiffs requested Defendants' position regarding Provision 6(a) in an email
dated March 12, 2013 and during a meet-and-confer on March 13, 2013.  Defendants
27  indicated that they would need to review the Protective Order and would apprise Plaintiffs
of their position on the issue.  Without waiting for Defendants' response, Plaintiffs filed
28  their Motion on April 1.

2746057.1                                           2

1
2

### A.   Plaintiffs' Motion violates LRCiv 7.2(j) and the Court's Scheduling Order.

3

4

5

6

7

8

9

10

11

12

13

14

Prior to filing this Motion, Plaintiffs did not consult with Defendants or otherwise notify them regarding their request to amend the Protective Order to add proposed Provision 6(G).  Thus, Defendants do not believe that this issue is ripe for the Court's consideration.  Moreover, Plaintiffs' Motion violates section 6(a) of the Court's Scheduling Order (Doc. 52), which requires that the parties attempt to resolve any discovery disputes through personal consultation and seek leave of Court prior to filing a discovery motion.  Additionally, as the Court reminded the parties in its August 21, 2012 Order regarding the parties' proposed Protective Orders (Doc. 95), LRCiv 7.2(j) provides that "Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions." Accordingly, the Court should deny Plaintiffs' Motion and award Defendants their attorney's fees incurred in responding to Plaintiffs' Motion.

15

### B.   Plaintiffs have not shown good cause to modify the Protective Order.

16

17

18

19

20

21

22

23

24

25

A court may only modify a protective order upon a finding of good cause. *Tumbling v. Merced Irrigation Dist.*, No. 1:08cv1801, 2010 WL 144833, at *2 (E.D. Cal. Jan. 11, 2010).  The burden is on the party seeking modification to demonstrate good cause.  *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006).  "In considering whether the party seeking to [modify] the protective order has established good cause, the court must weigh that party's need for modification against the other party's need for protection, and ought to factor in the availability of alternatives to better achieve both sides' goals."  *Id.* at 180 (citations omitted).  Good cause may exist where the challenged provision prejudices the moving party.  *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

26

27

There is no need for the Court to include Plaintiffs' requested language in the Protective Order, as the current Protective Order already provides a method for

28

1    Plaintiffs to request permission to disclose confidential information to Wexford.  *See*

2    *Murata*, 234 F.R.D. at 184-85.  Section 6(h) of the Protective Order provides that

3    confidential information may be disclosed to "Any person expressly named and agreed to

4    in writing by Counsel for the parties."  Instead of filing their Motion, Plaintiffs could have

5    requested that Defendants agree to the disclosure of certain records to specified Wexford

6    employees for using during the depositions of those individuals pursuant to Section 6(h)

7    of the Protective Order.  That Plaintiffs chose not to pursue this available alternative does

8    not create the prejudice necessary for modification of the current Protective Order.  *See*

9    *Brown Bag*, 960 F.2d at 1470 (rejecting request for modification because the movant

10   failed to show that the protective order prevented it from prosecuting its claims); *Murata*,

11   234 F.R.D. at 184-85 (denying motion to modify where an alternative to achieve both

12   sides' goals was available).  Accordingly, Plaintiffs have not shown good cause to modify

13   the Protective Order to include their proposed Provision 6(g).

14        **C.    <u>Plaintiffs' proposed modification is overbroad and would result in the</u>**

15        **<u>disclosure of protected information to third parties.</u>**

16        Plaintiffs' proposed Provision 6(g) is overbroad in that it is not limited to

17   Wexford, is not limited by type of confidential information, and is not limited to any

18   particular timeframe.  Plaintiffs' proposed provision, which permits the disclosure of

19   confidential information to a "person who is a former agent of a party" does not

20   specifically pertain to Wexford.  Defendants have maintained throughout the course of

21   this litigation that Wexford was its contractor, not its agent.  Moreover, this provision

22   would permit the disclosure of confidential information to any third parties who may have

23   been agents of ADC at any time.

24        In addition, Plaintiffs' proposed provision does not specify a timeframe for

25   which confidential information may be disclosed.  As the Court is aware, Wexford

26   provided health care to ADC inmates from July 1, 2012 to March 4, 2013.  If the Court

27   considers Wexford to be a former agent of ADC, this provision as drafted would permit

28   Plaintiffs to disclose medical records of ADC inmates from prior to July 1, 2012 and after

1    March 4, 2013 to Wexford.  While Wexford was in physical possession of the medical

2    records of ADC inmates during the period between July 1, 2012 and March 4, 2013, these

3    records are no longer in the possession of Wexford and remain the property of ADC.

4    Furthermore, Wexford has never been in possession of any medical records of ADC

5    inmates authored after March 4, 2013.

6             Confidential information as defined in the Protective Order includes both

7    protected health information and security information.  Plaintiffs' proposed provision

8    would permit the disclosure of security information, including ADC internal documents

9    and inmate institutional files, to Wexford.   ADC internal documents and inmate

10   institutional files were never in Wexford's possession, custody, or control, nor would

11   Wexford have been authorized to view them during the course of its provision of health

12   care to ADC inmates.

13            If the Court is inclined to add additional language to the Protective Order

14   expressly permitting the disclosure of confidential information to Wexford – which is

15   unnecessary and unwarranted for the reasons noted above – Defendants request that the

16   Court adopt a far more narrowly tailored provision than the one proposed by Plaintiffs.

17   Defendants propose the following: "Documents authored by Wexford personnel from July

18   1, 2012 to March 3, 2013 relating to the provision of health care to ADC inmates may be

19   shown to Wexford personnel during their depositions if relevant to this litigation."  This

20   proposal is more appropriate and protective of the parties' rights.

21   **III.    CONCLUSION**

22            Defendants do not oppose the portion of Plaintiffs' Motion to Modify the

23   Protective Order seeking the deletion of Provision 6(a).  But because Plaintiffs failed to

24   confer with Defendants regarding their proposed Provision 6(g) prior to filing their

25   Motion in violation of the Court's Scheduling Order and LRCiv 7.2(j), that portion of

26   Plaintiffs' Motion should be denied.  Additionally, because Plaintiffs have not shown

27   good cause to modify the Protective Order to add their proposed Provision 6(g) and

28   because their proposed language would permit the disclosure of protected information,

2746057.1                                    5

including security information, to third parties, Defendants request that the Court deny that portion of Plaintiffs' Motion.

DATED this __16th__ day of April 2013.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Daniel P. Struck
   Daniel P. Struck
   Kathleen L. Wieneke
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Courtney R. Cloman
   Ashlee B. Fletcher
   Anne M. Orcutt
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
   Michael E. Gottfried
   Katherine E. Watanabe
   Lucy M. Rand
   Ashley B. Zuerlein
   Assistant Attorney General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:              ahardy@prisonlaw.com

Amy Fettig:                afettig@npp-aclu.org

Caroline N. Mitchell:      cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:        ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:       DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda:     dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi:         dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:            dspecter@prisonlaw.com

James Duff Lyall:          jlyall@acluaz.org; gtorres@acluaz.org

Jennifer Ann Alewelt:      jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

John Howard Gray:          jhgray@perkinscoie.com; slawson@perkinscoie.com

Kelly Joyce Flood:         kflood@acluaz.org; gtorres@acluaz.org

Kirstin T. Eidenbach:      keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com

Matthew Benjamin de Mee: mdumee@perkinscoie.com; cwendt@perkinscoie.com

Michael Evan Gottfried:Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov

Sara Norman:               snorman@prisonlaw.com

Sophia Calderon:           scalderon@jonesday.com; lwong@jonesday.com

Asim Varma:                avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Sarah Rauh:                srauh@jonesday.com; treyes@jonesday.com

David C. Kiernan:          dkiernan@jonesday.com; lwong@jonesday.com

2746057.1

| | | |
|---|---|---|
| 1 | R. Scott Medsker: | rsmedsker@JonesDay.com |
| 2 | John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| 3 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 4 | Jennifer K. Messina: | jkmessina@jonesday.com |
| 5 | Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| 6 | Katherine E. Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |
| 7 | Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com |
| 8 9 | Lucy Marie Rand: | Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 10 | Ashley Brook Zuerlein: | Ashley.Zuerlein@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 11 | Ajmel Quereshi: | aquereshi@npp-aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck