Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org
        kflood@acluaz.org
        jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
*Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
*Jackie Thomas, Jeremy Smith, Robert Gamez,*
*Maryanne Chisholm, Desiree Licci, Joseph Hefner,*
*Joshua Polson, and Charlotte Wells, on behalf of*
*themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON**
  **SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>               Plaintiffs,<br><br>        v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>               Defendants. | No. CV 12-00601-PHX-NVW (MEA)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER** |

1

2

**I.      PLAINTIFFS' UNOPPOSED REQUEST TO MODIFY PROVISION 6(A) OF THE PROTECTIVE ORDER SHOULD BE GRANTED.**

3      Defendants do not oppose Plaintiffs' request to modify Provision 6(a) of the

4  Protective Order.  *See* Doc. 416 at 2.  Accordingly, and for all the reasons set forth in

5  Plaintiffs' motion (*see* Doc. 399), that portion of Plaintiffs' motion should be granted.

6

7

**II.     THE COURT SHOULD MODIFY THE PROTECTIVE ORDER TO ALLOW CONFIDENTIAL DOCUMENTS TO BE SHOWN TO WEXFORD EMPLOYEES DURING DEPOSITIONS.**

8      The Arizona Department of Corrections ("ADC") entered into a contract with

9  Wexford Health Sources ("Wexford") to provide health care services to ADC prisoners.

10  The contract term began on July 1, 2012 and was to last three years; in fact, its

11  termination was announced after little more than six months, and Wexford ceased

12  providing health care services to ADC prisoners on March 3, 2013.

13      In a September 26, 2012 email to Defendant Ryan, Wexford's President and

14  Executive Vice President stated that serious deficiencies in ADC health care existed long

15  before Wexford's arrival.  *See* Declaration of David C. Fathi ("Fathi Decl."), filed

16  herewith, Ex. 2, at ADC048247 (prior to Wexford's arrival, "the health care system in

17  ADC was extremely poor"); ADC048248 ("the system that was in place less than 90 days

18  ago was extremely weak"); ADC048249 ("It is simply not reasonable to expect that

19  Wexford can cure in 3 months an inherited sub-standard system.").  They further stated

20  that ADC employees had interfered with Wexford's attempts to provide health care.  *Id.* at

21  ADC048248 (ADC contract monitors "have interfered with Wexford's efforts to provide

22  appropriate health care services to inmates").[1]

23      To the extent that there exist structural problems in the Arizona Department of

24  Corrections that interfered with Wexford's ability to provide health care services, they are

25

---

26      [1] As discussed at the April 26, 2013 hearing on the Seventh Joint Notice of Discovery Dispute, Defendants have produced a handful of emails in hard copy since this case was filed in March 2012, but to Plaintiffs' understanding, have not reviewed and

27  made production of emails collected electronically, which appear from the numbers Defendants have cited to include a significant volume of email that hits on terms such as

28  "Wexford."

1   highly relevant to this litigation, notwithstanding Wexford's departure and replacement by

2   a different private contractor.  Accordingly, Plaintiffs have noticed the depositions of

3   Wexford personnel for May 20 and 21, 2013.

4        For these depositions to be meaningful, it is essential that Plaintiffs be able to show

5   the deponents documents pertaining to Wexford's tenure at ADC.  However, Defendants

6   have designated virtually all such documents as "Confidential Information – Subject to

7   Protective Order."  *See, e.g.,* Fathi Decl., Ex. 2; Declaration of Caroline N. Mitchell

8   ("Mitchell Decl."), filed herewith, Ex. 2.  Plaintiffs have therefore moved the Court for an

9   order modifying the Protective Order to allow the disclosure of confidential information to

10  "'Any person who is a former agent of a party and whose role as a party's agent is

11  relevant to this litigation.'"  *See* Doc. 399 at 10-11.

12       Since the filing of Defendants' response, the parties have negotiated and have

13  succeeded in narrowing the issues in dispute.  After Defendants objected to the language

14  proposed in Plaintiffs' motion, Plaintiffs proposed to Defendants that the Protective Order

15  instead be modified to allow Plaintiffs to show Wexford "'Documents that discuss, were

16  authored by, maintained by, or sent to Wexford that pre-date March 3, 2013.'"  *See*

17  Mitchell Decl., ¶ 3.  Defendants oppose modification of the Protective Order, but

18  proposed a side agreement under which they would agree that "'[w]ithout waiving any

19  applicable objections or privileges, confidential documents authored by, maintained by, or

20  sent to Wexford prior to March 3, 2013 relating to the provision of health care to ADC

21  inmates may be shown to Wexford personnel during their depositions.'"  *See* Mitchell

22  Decl., Ex. 1.  While this represents progress, two areas of dispute remain.

23       First, Defendants' proposal does not cover ADC documents that discuss Wexford

24  but were not sent to it.  To cite just one example, a September 25, 2012 email from ADC

25  Deputy Director Jeff Hood to Defendant Ryan details two meetings between ADC

26  leadership, including Defendant Ryan, and Wexford personnel.  *See* Mitchell Decl.,

27

28

1    Ex. 2.[2]  Plaintiffs need to be able to show this document to Wexford personnel when

2    questioning them about this meeting, both to refresh their recollections of the meeting,

3    which took place several months ago, and to ask if it is a complete and accurate account of

4    what transpired.

5        Second, Defendants continue to oppose modification of the Protective Order,

6    urging that, for documents not covered by their proposal, Plaintiffs instead seek

7    Defendants' agreement to disclose specified documents to Wexford deponents on a case-

8    by-case basis.  The inefficiency of this proposal, which would require negotiation over

9    each document, is obvious.  But this method is also impracticable because Defendants'

10   production of documents is not yet complete.  It is therefore impossible for Plaintiffs to

11   produce at this time a list of documents they wish to use with the Wexford deponents,

12   because there may well be such documents that have not yet been produced to Plaintiffs.

13   *See* Mitchell Decl., ¶ 5.  The efficiency and certainty of a targeted modification of the

14   Protective Order is far superior to the *ad hoc* approach proposed by Defendants.

15       "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in

16   pending litigation." *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 475 (9th

17   Cir. 1992).  Accordingly, a protective order "must be narrowly tailored and cannot be

18   overbroad". *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005).  In

19   accordance with these principles, and because the Court's truth-seeking function will be

20   served, the Court should grant Plaintiffs' requested modification to the Protective Order.

21

22

23      [2]  Two of Plaintiffs' exhibits had previously been designated as confidential under
     the protective order by Defendants.  Fathi Decl., Ex. 2; Mitchell Decl., Ex. 2.  Per
24   L.R. 5.4, before filing, Plaintiffs reached out to Defendants to ascertain what parts of the
     documents Defendants contended were covered by the protective order and would need to
25   be filed under seal.  In response several hours later, Defendants said that they had
     erroneously identified both of these documents as confidential, noting that both are public
26   records.  As a result, the parties agreed that neither document needed to be filed under seal
     or redacted.  This situation illustrates the burden associated with Defendants' over-
27   designation of documents, and the piecemeal approach that necessarily results from the
     current protective order and the Defendants' suggestion, *supra* at 3, that the parties review
28   and discuss each document individually in lieu of modifying the protective order.

## III.   PLAINTIFFS MADE REPEATED ATTEMPTS TO ASCERTAIN DEFENDANTS' POSITION ON THIS MOTION

The Protective Order states that its provisions are "without prejudice to the right of any party . . . to apply to the Court for a modification of this order."  Doc. 140 at 8.  It does not set forth any requirement to meet and confer, to certify that counsel have attempted to obtain consent to a proposed modification, or to seek leave of Court before filing a motion to modify.[3]

Nevertheless, Plaintiffs made repeated efforts to ascertain Defendants' position on this motion, without success.  Defendants' statement that "Plaintiffs did not specifically inform Defendants of their intent to file the instant Motion," Doc. 416 at 2, is simply false.  Plaintiffs so informed Defendants, in writing, on March 8, 2013, and asked that Defendants state their position on such a motion.   *See* Fathi Decl., ¶ 2 and Ex. 1.  Plaintiffs' repeated requests, over a three-week period, that Defendants state their position on this motion went unanswered.  *See id.*, ¶¶ 2-5.

It is true that Plaintiffs did not specifically raise with Defendants that portion of the motion seeking a modification to allow the use of confidential documents in depositions of Wexford personnel.  Plaintiffs believed this to be a minor and uncontroversial part of the motion, but as soon as Plaintiffs learned of Defendants' objections, Plaintiffs' counsel immediately contacted Defendants' counsel and engaged in sustained negotiations in an attempt to resolve this issue.  *See* Mitchell Decl., ¶ 3 and Ex. 1.  While those negotiations narrowed the issues, they did not succeed in completely resolving the dispute.  *See id.*, ¶¶ 4-5.

---

[3] Defendants assert that Plaintiffs' motion is subject to the provisions of the Scheduling Order and LRCiv. 7.2(j) governing "discovery motions."  Doc. 416 at 3.  In light of the specific provisions of the Protective Order regarding modification of that Order, Plaintiffs do not believe that their motion is a "discovery motion" subject to these provisions, but apologize to the Court if that understanding is incorrect.  In any event, as set forth herein, Plaintiffs made extensive efforts to ascertain Defendants' position on this motion, without success.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For all the reasons set forth herein and in Plaintiffs' opening brief (Doc. 399), Plaintiffs' motion to modify the Protective Order should be granted. Defendants' request for attorney fees should be denied.

Dated: April 30, 2013

**ACLU NATIONAL PRISON PROJECT**

By: ___s/ David C. Fathi___
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)*
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:    dfathi@npp-aclu.org
             afettig@npp-aclu.org
             aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
in DC; practice limited to federal
courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:    dbarr@perkinscoie.com
             agerlicher@perkinscoie.com
             keidenbach@perkinscoie.com
             jhgray@perkinscoie.com
             mdumee@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     dpochoda@acluaz.org
           kflood@acluaz.org
           jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com

*Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
           dkiernan@jonesday.com
           scalderon@jonesday.com
           srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:     rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:     kmamedova@jonesday.com
              jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Dustin Brislan; Sonia
Rodriguez; Christina Verduzco; Jackie
Thomas; Jeremy Smith; Robert Gamez;
Maryanne Chisholm; Desiree Licci; Joseph
Hefner; Joshua Polson; and Charlotte
Wells, on behalf of themselves and all others
similarly situated*

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on April 30, 2013, I electronically transmitted the above

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand

7

Ashley B. Zuerlein
Assistant Arizona Attorneys General

8

Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov

9

Lucy.Rand@azag.gov
Ashley.Zuerlein@azag.gov

10

11

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski

12

Rachel Love
Nicholas D. Acedo

13

Courtney R. Cloman
Ashlee B. Fletcher

14

Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.

15

dstruck@swlfirm.com
kwieneke@swlfirm.com

16

tbojanowski@swlfirm.com
rlove@swlfirm.com

17

nacedo@swlfirm.com
ccloman@swlfirm.com

18

afletcher@swlfirm.com
aorcutt@swlfirm.com

19

20

*Attorneys for Defendants*

21

22

Jennifer Alewelt
Asim Varma
Sarah Kader

23

ARIZONA CENTER FOR DISABILITY LAW
jalewelt@azdisabilitylaw.org

24

avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

25

26

*Attorneys for Arizona Center for Disability Law*

27

s/ Delana Freouf

28