# EXHIBIT 1

# Fathi, David

| | |
|---|---|
| From: | Fathi, David |
| Sent: | Friday, March 08, 2013 5:08 PM |
| To: | dstruck@swlfirm.com |
| Cc: | 'kwieneke@swlfirm.com'; 'rlove@swlfirm.com'; 'tbojanowski@swlfirm.com'; 'nacedo@swlfirm.com'; 'ccloman@swlfirm.com'; 'Ashlee Fletcher (AFletcher@swlfirm.com)'; "Gottfried, Michael' (Michael.Gottfried@azag.gov)'; "NORTHUP, DAWN' (DNORTHUP@azcorrections.gov)'; 'Watanabe, Katherine'; 'Zuerlein, Ashley (Ashley.Zuerlein@azag.gov)'; 'lucy.rand@azag.gov'; aorcutt@swlfirm.com; Fathi, David; dspecter@prisonlaw.com |
| Subject: | Post-class certification issues |

Dear Counsel:

In light of the Court's order of March 6 certifying the plaintiff class, we'd like to know your position on the following issues:

1. Defendants have declined to respond to numerous discovery requests on the ground that no class had been certified, and the responses would not be relevant to the claims of the 14 named plaintiffs. *See generally* Plaintiffs' Motion to Modify the Scheduling Order to Extend Time for the Completion of Fact and Expert Discovery, Doc. No. 364, at 2. Now that the class has been certified, do defendants intend to respond to these discovery requests?

2. As you know, the Protective Order in this case provides that "Mental Health records pertaining to any unnamed plaintiffs shall be disclosed only to Plaintiff Arizona Center for Disability Law absent the appropriate medical records release provided by the patient." Doc. No. 140 at 3-4. Now that the class has been certified and class counsel represent all class members, both class counsel and ACDL intend to move the Court for an order deleting this provision from the Protective Order. What is defendants' position on such a motion?

Please let us know your position on these matters as soon as possible. Thanks very much.

David

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts*

# EXHIBIT 2

| | |
|---|---|
| **From:** | Dan Conn |
| **To:** | "RYAN, CHARLES"; Jeff Hood |
| **Cc:** | Mark Hale; Dan Conn |
| **Subject:** | RE: Follow-up to our meeting on September 24, 2012 |
| **Date:** | Wednesday, September 26, 2012 3:23:30 PM |

Director Ryan:

We were surprised by your e-mail last evening as we thought we clearly told you in our Monday meeting that Wexford could not respond substantively to a press inquiry regarding the two "notice" letters until we in fact responded to those letters. We explained that any Wexford response to press inquiries until then would be along the lines of: "Wexford is reviewing the letters from the ADC and will respond to all of the issues raised in those letters. Wexford's response will be provided at that time."

As we discussed in our meeting on Monday we too want to collaborate to ensure success of Arizona's inmate health care program. We are attempting to help reform a system after stepping into the contract only a few months ago after several decades of problems. We would have thought that the ADC's expressed desire to collaborate towards this goal would have caused the Department to address the issues raised in the letters in a different manner; it sent the letters without any collaboration. Wexford understands we are obligated to provide the ADC with a complete response to each of the issues raised in the letters and fully explain Wexford's assessment of those issues. We are a company rooted in ethical behavior and the improvement to health care. So that we may have the opportunity to do this in a collaborative manner and with the benefit of additional input from the ADC, as explained more fully below, Wexford requests a three week extension to respond to the letters so that our response is due on October 22, 2012.

Regarding a response to a press inquiry, as noted above, our current thinking would be to state that we are still in the process of reviewing the letters and preparing a response. We would also state at a minimum that our initial reaction to the letters is as follows:

Regarding the Notice of Referral to Take Action letter: Wexford is in the process of reviewing the letter and preparing a response. We understand and appreciate that a terrible mistake was made by a temporary agency nurse. Wexford's goal is to limit the use of temporary agency nurses. This is a daunting task as prior to July 1, agency nurses were used extensively by ADC. While Wexford may not have reported the incident to some people's satisfaction, in no way did Wexford attempt to conceal the matter in any way. Instead we worked to identify the extent of the problem and to ensure that appropriate action was taken to test and then treat any patients who may have been impacted. The investigation into the matter was hampered in many ways. In no way did any of Wexford's actions constitute an act of indifference. With regard to the sanction included in the letter, we are reviewing our contract with the ADC to determine whether any sanction is appropriate under all of the circumstances and our contract. Our goal is to reduce the number of such incidents that have long-plagued this system.

Regarding the Written Cure Notification letter: Wexford is in the process of reviewing the letter and preparing a response. Wexford acknowledges that there are many problems with the system of delivering health care in the ADC. In fact Wexford has discussed with ADC that in our assessment, understanding that we provide correctional health care in various states throughout the country, the health care system in ADC was extremely poor. Most of these problems existed prior to Wexford taking over the program less than 90 days ago and were not known to Wexford during the procurement process. Wexford inherited most of the problems identified in the letter and was brought in by the state to act as a change agent and to provide the appropriate level of health care services. Resolving the problems Wexford inherited will take time and cooperation between Wexford and the ADC. Both the ADC and Wexford have stated that we will cooperate in bringing the health care system into compliance with appropriate levels of care.

To assist us both in dealing with media matters we have retained the services of Rose, Moser,

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER                    ADC048247

Allyn Public Relations firm, with Jason Rose as our point of contact. He will work in conjunction with Larry Pike.

With regard to other points raised in your e-mail we provide the following information. Wexford reiterates its desire to be successful in providing constitutionally-mandated Inmate Health Care in accordance with our contract. We understand and believe in the fact that the ADC has an obligation to hold us accountable. In holding Wexford accountable, the ADC must recognize that the system that was in place less than 90 days ago was extremely weak. In addition, the ADC's decision (not disclosed to Wexford when it bid on the contract), to hire 34 monitors, many of whom were the first and second level of management personnel at each facility, has created a void in both leadership and institutional knowledge that Wexford is working hard to fill. The fact that these monitors are the people that allowed the system to get to its current state and now these same people are monitoring the performance at these sites and pointing out deficiencies to which they contributed is problematic at best. In addition these monitors are still learning their roles and have interfered with Wexford's efforts to provide appropriate health care services to inmates.

As we've discussed with ADC the decision to issue these letters, as well as the most recent disturbances in your facilities will make retention and recruitment much more difficult. Another important point to note is that we have inherited a culture of complacency with many staff possessing a negative attitude and lack of dedication towards their job. We have discussed this concern with ADC and plan to correct it however, it takes time.

We raise these issues to reiterate the challenge we both have in improving the delivery of health care in the ADC. The type of cooperation you have stated the ADC will provide is an absolute necessity if the state's privatization effort is going to succeed.

As a reminder, Wexford, in conjunction with the ADC, has made great strides toward accomplishing the following tasks.

- Assessing existing staffing complements at the prison complexes, adding multiple new clinical positions where appropriate, to enhance the breadth of services we can make available to ADC inmates
- Moving all prison health care staff from a manual paper timekeeping system to a state-of-the-art electronic biometric system, to ensure that scheduling, hours worked, and payroll are monitored and reported accurately

Wexford is no stranger to Arizona. For the past decade, the company has provided services to the Yavapai County jail facilities. Its programs there include utilization of an electronic medical record and implementation of the award winning 'Restoration to Competency' program, which has now been adopted by more than half of the counties in Arizona. These programs have been proven to save county taxpayers money. Wexford is excited to now expand its scope of services in Arizona to bring the same responsiveness and creativity to the state, its prison population, and its taxpayers.

ADC was aware prior to sending the two letters that Wexford was working on a plan to address all of the issues raised in the letters. Wexford had intended to implement our plan even before we received the ADC letters, The issues raised in the letters will take some time to resolve. We told you in our meeting on Monday that many of the time frames outlined in the letters are not reasonable, and at your invitation, we intend to work with your staff to develop reasonable time frames. In order for this process to be meaningful, our respective personnel should work together to identify what needs to be done and the time required for implementation.

Wexford would like to meet with the Department on this point as soon as possible to discuss the details of each of the issues identified in the letter and to determine the work and time required to fully address the "cure" issues. We think this dialogue and resolution process may take at least two weeks to identify and then document the appropriate steps that Wexford will take to address and

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER                                    ADC048248

implement solutions to issues cited in the Cure Letter. Suggested reforms are occurring on other fronts simultaneously.

In addition to addressing these issues, and consistent with your statement that the Department wants to partner with Wexford, Wexford would also like to explore with you a mechanism to address and resolve a number of concerns that directly affect the issues raised in the two letters. These concerns include, among other things, (1) the appropriate role of the Department's monitors and the manner in which they interface with Wexford staff, and (2) the condition of the State's inmate health services program as of the date Wexford assumed responsibility for the program, given that Wexford inherited many of the issues identified in the Cure Letter. Wexford prefers to partner with the Department and work through and resolve these issues and those raised by the Department. As such, Wexford requests a meeting to discuss these issues and how they interface with the issues raised in the two letters. The brief extension requested will enable Wexford and the Department to work together to begin to resolve these concerns as well.

Wexford very much wants to succeed on its contract with Arizona and to satisfy the Department's concerns, and can best do that if the actions of the Department do not frustrate or interfere with Wexford's work under the contract. It is simply not reasonable to expect that Wexford can cure in 3 months an inherited sub-standard system. We would be happy to discuss the request for a brief extension with you so please let us know if you have any questions about our request. We are early in this contract and the points raised in the Cure Letter deserve a full and frank discussion to facilitate the prompt resolution of all of these matters.

In light of the short time remaining before our response is due, please let us know the Department's position at your earliest opportunity.

Mark W. Hale
President & CEO
mhale@wexfordhealth.com

Daniel L. Conn
Executive Vice President, COO
dconn@wexfordhealth.com

---

**From:** RYAN, CHARLES [mailto:CRYAN@azcorrections.gov]
**Sent:** Tuesday, September 25, 2012 7:53 PM
**To:** Mark Hale; Dan Conn
**Subject:** Follow-up to our meeting on September 24, 2012
**Importance:** High

Mr. Hale and Mr. Conn:

As we did not hear from you today, I wanted to take the opportunity to follow up to our conversation of yesterday afternoon.

As we have clearly communicated, the Legislature and the Governor, as a public policy decision, have mandated the privatization of Inmate Health Care, and the Arizona Department of Corrections is fully committed to the success of this privatization venture.

As the vendor selected for award of this contract, we reiterate our support and desire for Wexford Health Sources to be successful in providing constitutionally-mandated Inmate

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER          ADC048249