Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
      kflood@acluaz.org
      jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,
Dustin Brislan, Sonia Rodriguez, Christina Verduzco,
Jackie Thomas, Jeremy Smith, Robert Gamez,
Maryanne Chisholm, Desiree Licci, Joseph Hefner,
Joshua Polson, and Charlotte Wells, on behalf of
themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **DECLARATION OF CAROLINE N. MITCHELL** |

78204-0001/LEGAL26564290.1

1    I, Caroline N. Mitchell, declare as follows:

2        1.    I am an attorney at Jones Day and counsel for the class of prisoner plaintiffs

3    in this matter.   I have personal knowledge of the matters set forth below and am

4    competent to testify to them if called upon to do so.

5        2.    When the Arizona Department of Corrections agreed to terminate its

6    contract with Wexford Health Sources, Wexford's change in status meant that without an

7    alteration to the language in the protective order, Plaintiffs arguably could not show

8    Wexford employees in deposition documents to, from, or about Wexford or documents

9    such as medical files maintained by Wexford.   Accordingly, in their motion to modify,

10   Plaintiffs proposed an adjustment to the language in the protective order to insert

11   paragraph 6(G), designed to allow Plaintiffs to show such documents to Wexford.

12       3.    Plaintiffs did not realize this was a controversial change.   As soon as we saw

13   Defendants' objections to this language, I immediately reached out to Defendants to try to

14   resolve it.   *See* Exhibit 1 (initial email in the chain).   Although Plaintiffs' counsel believe

15   that the language proposed in Plaintiffs' motion would include Wexford (*see* Doc. 399 at

16   10-11), rather than engage in a protracted debate about whether Wexford was an agent of

17   Defendants, Plaintiffs proposed that an exception be added to the protective order

18   allowing Plaintiffs to show Wexford "Documents that discuss, were authored by,

19   maintained by, or sent to Wexford that pre-date March 3, 2013." *See* Exhibit 1.

20       4.    Defendants would not agree to this language and proposed that instead of

21   altering the protective order, the parties reach a side agreement.   Defendants ultimately

22   proposed the following language:   "Without waiving any applicable objections or

23   privileges, confidential documents authored by, maintained by, or sent to Wexford prior to

24   March 3, 2013 relating to the provision of health care to ADC inmates may be shown to

25   Wexford personnel during their depositions."   Exhibit 1 (A. Orcutt e-mail link dated

26   April 29, 2013).

27       5.    The parties met and conferred and succeeded in narrowing the issues, but

28   could not ultimately reach agreement.   *See* email attached as Exhibit 1.   The continuing

1   areas of dispute are (1) Defendants will not agree to language allowing Plaintiffs to show

2   Wexford documents referencing Wexford, but not sent to Wexford.  This would include,

3   for example, internal ADC minutes of meetings with Wexford relating to the Cure Notice

4   that Plaintiffs might want to show to Wexford witnesses to ask if they concur in ADC's

5   account of what transpired.  *See* Exhibit 2.  (2) Defendants are insistent that the use of

6   Wexford documents be handled using a revocable side agreement, rather than a

7   modification of the protective order.  This requires a document-by-document negotiation

8   as to any document referencing Wexford but not sent to Wexford.  This is impractical

9   because Defendants' document production is incomplete; it is therefore impossible for

10  Plaintiffs to individually enumerate now all the documents they may wish to show

11  Wexford employees in depositions, and then negotiate with Defendants regarding each

12  document.  In addition, it requires Plaintiffs to pre-clear documents with Defendants that

13  Plaintiffs may not realize in advance pertain to a witness's testimony until Plaintiffs get

14  part way through the deposition.  Defendants face no similar burden in questioning

15  Wexford because the documents are theirs and they can use them as they wish.  Plaintiffs

16  believe that an amendment to the protective order would be more efficient and provide

17  greater clarity and certainty to the parties.

18      6.   Exhibit 1 is a true and correct copy of email between Plaintiffs and

19  Defendants.

20      7.   Exhibit 2 is a true and correct copy of documents produced in this litigation.

21      I declare under penalty of perjury that the foregoing is true and correct.  Executed

22  this 30th day of April, 2013 at Redwood City, California.

23                           s/ Caroline N. Mitchell
24                          Caroline N. Mitchell

25

26

27

28

**ADDITIONAL COUNSEL:**

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:    dfathi@npp-aclu.org
          afettig@npp-aclu.org
          aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:    dbarr@perkinscoie.com
          agerlicher@perkinscoie.com
          keidenbach@perkinscoie.com
          jhgray@perkinscoie.com
          mdumee@perkinscoie.com

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com

*Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com
              dkiernan@jonesday.com
              scalderon@jonesday.com
              srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:    rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:    kmamedova@jonesday.com
              jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Dustin Brislan; Sonia
Rodriguez; Christina Verduzco; Jackie
Thomas; Jeremy Smith; Robert Gamez;
Maryanne Chisholm; Desiree Licci; Joseph
Hefner; Joshua Polson; and Charlotte
Wells, on behalf of themselves and all others
similarly situated*

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on April 30, 2013, I electronically transmitted the above

3 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4 Notice of Electronic Filing to the following CM/ECF registrants:

5

6                    Michael E. Gottfried
                    Katherine E. Watanabe
7                    Lucy M. Rand
                    Ashley B. Zuerlein
8            Assistant Arizona Attorneys General
                    Michael.Gottfried@azag.gov
9            Katherine.Watanabe@azag.gov
                    Lucy.Rand@azag.gov
10                   Ashley.Zuerlein@azag.gov

11                   Daniel P. Struck
                    Kathleen L. Wieneke
12                   Timothy J. Bojanowski
                    Rachel Love
13                   Nicholas D. Acedo
                    Courtney R. Cloman
14                   Ashlee B. Fletcher
                    Anne M. Orcutt
15            STRUCK WIENEKE, & LOVE, P.L.C.
                    dstruck@swlfirm.com
16                   kwieneke@swlfirm.com
                    tbojanowski@swlfirm.com
17                   rlove@swlfirm.com
                    nacedo@swlfirm.com
18                   ccloman@swlfirm.com
                    afletcher@swlfirm.com
19                   aorcutt@swlfirm.com

20                 *Attorneys for Defendants*

21                   Jennifer Alewelt
22                   Asim Varma
                    Sarah Kader
23            ARIZONA CENTER FOR DISABILITY LAW
                    jalewelt@azdisabilitylaw.org
24                   avarma@azdisabilitylaw.org
                    skader@azdisabilitylaw.org
25
            *Attorneys for Arizona Center for Disability Law*
26

27                              s/ Delana Freouf
                    _____

28