# EXHIBIT 1

**Subject:**   **RE: Protective Order** 📄

From:   Caroline N Mitchell                                04/30/2013 03:43 PM
        Extension:   415-875-5712

To:     Anne Orcutt

Cc:     Ashley Zuerlein, "Fathi, David", Lucy Rand, "Michael E. Gottfried", Parsons Team

Hi Anne,

Thank you for your response.  We disagree about the appropriate scope of a protective order and do not think it can be used to limit the use of documents in deposition the way your proposal would. We also continue  to disagree about which party bears the burden with respect to the use of such documents. Protective orders are supposed to be narrowly tailored to address a need for confidentiality, not to block cross-examination of a witness about relevant information.  We appreciate your willingness to narrow the dispute as to the other issues.

Caroline

Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail: cnmitchell@jonesday.com

| Anne Orcutt | Caroline, | 04/30/2013 12:52:23 PM |
|---|---|---|

From:    Anne Orcutt <AOrcutt@swlfirm.com>
To:      Caroline N Mitchell <cnmitchell@JonesDay.com>
Cc:      Ashley Zuerlein <Ashley.Zuerlein@azag.gov>, Lucy Rand <Lucy.Rand@azag.gov>, "Michael E.
         Gottfried" <Michael.Gottfried@azag.gov>, Parsons Team <ParsonsTeam@swlfirm.com>, "Fathi,
         David" <dfathi@npp-aclu.org>
Date:    04/30/2013 12:52 PM
Subject: RE: Protective Order

Caroline,

Our position remains that Wexford should only be shown confidential documents that it was privy to as ADC's contracted health provider. We do not agree that Wexford should be shown confidential documents that it did not author, maintain, or view during the contract period.  We stand by that position.

We are not sure why you believe you need to show Wexford personnel confidential documents that Wexford was not privy to.  You can question Wexford personnel about facts contained in confidential documents without showing them the documents in much the same way that you can ask an inmate about facts contained in his or her institutional file without showing the inmate the document.  You are asking Defendants to justify why confidential documents should not be shown to Wexford, but we believe the burden is on Plaintiffs to justify why Wexford should be shown confidential documents that they did not previously author, view, or have in their possession.  We believe that this is especially true in light of the fact that Wexford is not a party to this litigation and provided health care to ADC inmates for a mere eight months.

You have attached 156 pages of emails, and it is not reasonable for you to ask us review all of them by the time you file your response this afternoon.  If you had extended us the courtesy of sending them earlier, we could have reviewed them and provided a response.  At first glance, however, a number of these emails were sent to Wexford personnel and would therefore be covered under our proposed agreement pursuant to provision 6(h) of the protective order.  It also appears that some of these emails do not contain confidential information as defined by the protective order and could be shown to Wexford.

We remain willing to work with Plaintiffs on this issue, but unless you can articulate why Wexford should be shown confidential documents it was not privy to during the contract period, we stand by our proposal.

Thanks,
Anne



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Anne M. Orcutt**
**Attorney**
Direct: (480) 420-1635
aorcutt@swlfirm.com

**From:** Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]
**Sent:** Tuesday, April 30, 2013 9:03 AM
**To:** Anne Orcutt
**Cc:** Ashley Zuerlein; Lucy Rand; Michael E. Gottfried; Parsons Team; Fathi, David
**Subject:** RE: Protective Order

Anne,

Thank you for this response.  Aside from the dispute about whether to resolve this by side agreement or modification to the protective order, the outstanding issue this leaves is whether we can show Wexford documents that reference Wexford but were not sent to Wexford.   I am attaching examples of such documents that we believe we should have the right to show to Wexford.  We do not think we should have to clear each such document with you on a document-by-document basis.  If you have produced documents that reference Wexford that you have marked confidential and have a reason that it would not be appropriate to show such documents to Wexford in discovery, please provide the Bates numbers and the reason.  We will be filing our reply this afternoon, please let us know if you think there is any further room for compromise.  I will be flying, so please copy David Fathi.

Thank you,

Caroline


Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail: cnmitchell@jonesday.com


From: Anne Orcutt <AOrcutt@swlfirm.com>

To:     Caroline N Mitchell <cnmitchell@JonesDay.com>
Cc:     Parsons Team <ParsonsTeam@swlfirm.com>, "Michael E. Gottfried" <Michael.Gottfried@azag.gov>, Ashley Zuerlein <
        Ashley.Zuerlein@azag.gov>, Lucy Rand <Lucy.Rand@azag.gov>
Date: 04/29/2013 01:43 PM
Subje RE: Protective Order
ct:


Caroline,

We are willing to enter into an agreement pursuant to provision 6(h) that states, "Without waiving any applicable
objections or privileges, confidential documents authored by, maintained by, or sent to Wexford prior to March 3,
2013 relating to the provision of health care to ADC inmates may be shown to Wexford personnel during their
depositions."  We are not willing to agree, however, to an agreement that Wexford personnel may be shown
confidential documents that Wexford was not privy to.

If you continue to have concerns regarding any other specific documents, you need to tell us what they are, or we
cannot address them.  Expecting us to guess what documents Plaintiffs want to use is unreasonable.

Please let us know if you are willing to enter into the above agreement.

Thank you,
Anne



**Anne M. Orcutt**

**Attorney**
Direct: (480) 420-1635
aorcutt@swlfirm.com


**From:** Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]
**Sent:** Thursday, April 25, 2013 6:45 PM
**To:** Anne Orcutt
**Cc:** Ashley Zuerlein; Lucy Rand; Michael E. Gottfried; Parsons Team
**Subject:** RE: Protective Order

Hi Anne,

Our request is not speculative.  Rather, there are so many documents given Wexford's role in the ADC that asking for us to specify the documents is unreasonable.  By way of example, the monitoring reports repeatedly mention Wexford and are marked confidential.  We may well elect to show Wexford those types of documents in deposition and do not believe it is unreasonable to modify the protective order to allow us to do so.  Unfortunately, we do not seem to be making much headway in this meet and confer, so we'll address the issue in our reply next week, unless you change your mind and are willing to stipulate to our Wexford proposal.

Thank you,

Caroline

Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail: cnmitchell@jonesday.com

From: Anne Orcutt <AOrcutt@swlfirm.com>

To:     Caroline N Mitchell <cnmitchell@JonesDay.com>
Cc:     Ashley Zuerlein <Ashley.Zuerlein@azag.gov>, Lucy Rand <Lucy.Rand@azag.gov>, "Michael E. Gottfried" <
        Michael.Gottfried@azag.gov>, Parsons Team <ParsonsTeam@swlfirm.com>
Date: 04/25/2013 05:01 PM
Subje RE: Protective Order
ct:

Caroline,

We have not requested that you identify "all of the potentially implicated documents." It appears to us that you are making this issue, which should be straightforward, into something highly theoretical by dwelling on "all of the potentially implicated documents" and speculating that Defendants might at some point desire to alter an agreement made pursuant to a procedure suggested by Plaintiffs.

We are unable to resolve this issue unless you tell us what documents you are concerned about. We disagree with your suggestion that Defendants should review the discovery produced in this litigation to determine what documents are implicated, when it is Plaintiffs who desire to use documents in depositions of Wexford personnel and keep insisting that there are documents not covered by Defendants' proposed agreement. Moreover, we are not aware of any documents that would fall within the scope of the protective order (which covers only protected health information and/or security information) that would not also be covered by our proposed agreement pursuant to provision 6(h). But we presume that you must have specific documents in mind, otherwise there would be no legitimate reason for you to keep raising this issue.

We would like to resolve this issue without court involvement, but we cannot do that unless you are candid about what documents you are concerned about.

Thanks,
Anne

Anne M. Orcutt
Attorney
Direct: (480) 420-1635
aorcutt@swlfirm.com


-----Original Message-----
From: Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]
Sent: Thursday, April 25, 2013 3:35 PM
To: Anne Orcutt
Cc: Ashley Zuerlein; Lucy Rand; Michael E. Gottfried; Parsons Team
Subject: RE: Protective Order


Anne,

Thank you for your email. If you think that identifying all of the potentially implicated documents is the only path forward, we have reached an impasse. The issue is broader than what has been produced to date because your production is incomplete, as is Wexford's. Further, our request is a simple, straightforward one. If you insist that we comb through the production to identify each potentially affected document, that is unreasonable (and something you can do as easily as we). If you identify any way short of review of all or most of the affected documents which would advance the discussion, please let me know and I am happy to discuss further.

Thank you,

Caroline
-------- Original Message --------

From :      Anne Orcutt <AOrcutt@swlfirm.com>
To :                                  Caroline N Mitchell <
cnmitchell@JonesDay.com>
Cc :        Ashley Zuerlein <Ashley.Zuerlein@azag.gov>, Lucy Rand
<Lucy.Rand@azag.gov>, "Michael E. Gottfried" <Michael.Gottfried@azag.gov>,
Parsons Team <ParsonsTeam@swlfirm.com> Sent on : 04/25 01:17:22 PM EDT Subject
: RE: Protective Order


Caroline,


We remain willing to work with Plaintiffs to resolve this issue, but we are
unable to do so unless we know what documents you are referring to.  What
specific documents that fall within the scope of the protective order but are
not covered by our proposed agreement pursuant to provision 6(h) do you intend
to use in depositions of Wexford personnel?


Thanks,

Anne


(Embedded image moved to file: pic26154.jpg)

Anne M. Orcutt

Attorney

Direct: (480) 420-1635


aorcutt@swlfirm.com




From: Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]
Sent: Wednesday, April 24, 2013 10:07 PM
To: Anne Orcutt
Cc: Ashley Zuerlein; Lucy Rand; Michael E. Gottfried; Parsons Team
Subject: RE: Protective Order


Hi Anne,

Thank you for your response.  As I read it, your proposed language still does
not include documents sent to or referencing Wexford and we would therefore be
precluded from showing those to a Wexford witness absent a
document-by-document negotiation with you.  That doesn't seem practical to us
and we will ask the Court to resolve that issue by modifying the protective
order.  As to the first point,  if you are willing to agree not to mark as
confidential any documents to, from, or referencing Wexford that pre-dated

7/1/12, then that will address my concern.  If you intend to assert
confidentiality over any such documents, then they should be subject to an
exception that allows them to be shown to Wexford.

Thank you,

Caroline


Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail:  cnmitchell@jonesday.com

| | |
|-----------------|-----------------------------------------|
| From: | Anne Orcutt <AOrcutt@swlfirm.com> |
| To: | Caroline N Mitchell < cnmitchell@JonesDay.com> |
| Cc: | Parsons Team <ParsonsTeam@swlfirm.com>, "Michael E. Gottfried" < Michael.Gottfried@azag.gov>, Ashley Zuerlein <Ashley.Zuerlein@azag.gov>, Lucy Rand <Lucy.Rand@azag.gov> |
| Date: | 04/24/2013 05:45 PM |
| Subject: | RE: Protective Order |




Caroline,

Thank you for providing examples of the types of documents you are concerned
about.  Upon reviewing these two examples, it appears that the batch of
documents related to the procurement process was erroneously marked as
"confidential information - subject to protective order."  We will remove the
confidential designation from that production.  We agree that if similar

documents are produced in the future, they will not be designated as confidential pursuant to the protective order.  Please let us know if that resolves your concerns.

Provision 6(h) - as proposed by Plaintiffs and agreed to by Defendants - covers the very situation we have encountered here, and we remain willing to with Plaintiffs to reach an agreement pursuant to that provision.  There is simply no need to modify the protective order to address Plaintiffs' vague and unwarranted speculation that Defendants might at some point desire to alter an agreement with Plaintiffs through a procedure that Plaintiffs suggested.  Additionally, we disagree that Wexford is central enough to this litigation to warrant a modification of the protective order, when Wexford is not a party and provided health care to ADC inmates for a mere eight months during this litigation.  All concerns related to Wexford can be covered by provision 6(h).

We are not using the protective order to "pass judgment" on the relevancy of the documents.  The protective order governs who may be shown documents that are produced in this litigation, not whether documents may be produced in the first instance.  In the spirit of compromise, we are willing to delete the relevancy language from our proposed agreement.

Please let us know whether you are willing to enter into our proposed agreement pursuant to provision 6(h).  That agreement would read as follows: "Without waiving any applicable objections or privileges, confidential documents authored or maintained by Wexford from July 1, 2012 to March 3, 2013 relating to the provision of health care to ADC inmates may be shown to Wexford personnel during their depositions."

Thanks,
Anne


(Embedded image moved to file: pic29510.jpg) Anne M. Orcutt Attorney
Direct: (480) 420-1635
aorcutt@swlfirm.com


From: Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]
Sent: Wednesday, April 24, 2013 2:49 PM
To: Anne Orcutt
Cc: parsonsdiscovery@prisonlaw.com; Parsons Team
Subject: RE: Protective Order

Hi Anne,

Thank you for your response.

1.  On the first and second points, as you request, I attach examples.  One way to address this would be for you to agree to withdraw the confidentiality designation for all documents that pre-date July 1, 2012 that are to, from or mention Wexford (and agree not to designate such documents confidential in the future).  If you aren't willing to do that, then we need a mechanism to provide for showing such documents to Wexford.
Please let me know your preference.

2.  The purpose of a protective order is not to force us to pre-clear the
relevancy of documents we want to question a witness about with opposing
counsel.  Relevancy is not even an appropriate objection in a deposition.
I would rather advance the request with the Court to alter the protective
order than agree to have you pass judgment on the relevancy of each document
we intend to question a witness about before we do so.

3.  Plaintiffs need clarity and certainty regarding the documents we can show
to Wexford without running afoul of the protective order.  If you retain the
ability to withdraw your agreement at any point, that puts us at jeopardy that
we are not in if the Protective Order is reasonably modified to accommodate
showing Wexford representatives documents pertaining to Wexford.  Wexford is a
central enough figure in the litigation that it is not unreasonable to modify
the protective order to address this issue.

Please let me know if you are willing to agree to our proposal.

Thank you,

Caroline


Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail: cnmitchell@jonesday.com

| | |
|----|---------------------------------------------------------------------|
| From: | Anne Orcutt <AOrcutt@swlfirm.com> |
| To: | Caroline N Mitchell <cnmitchell@JonesDay.com> |
| Cc: | Parsons Team <ParsonsTeam@swlfirm.com>, "parsonsdiscovery@prisonlaw.com" <parsonsdiscovery@prisonlaw.com> |
| Date: | 04/23/2013 12:26 PM |
| Subject: | RE: Protective Order |

Caroline,

So that we understand your first and second concerns, can you give any
examples of specific documents you believe are confidential as defined in the
Protective Order that would not fit within our proposed language of "authored
or maintained by Wexford?"  Likewise, are there any specific documents that
discuss or were sent to Wexford prior to July 1, 2012 that you contend are
confidential as defined in the Protective Order?

As to your third concern, if you believe there may be issues regarding the
relevancy of a particular document, you could certainly raise those with us
prior to the deposition.

Regarding your fourth concern, provision 6(h) of the Protective Order was
proposed by Plaintiffs in your proposed protective order.  We are confused as
to why you now question the feasibility of such an agreement.
Nonetheless, if for some reason either party later desires to revoke or modify
the agreement, there is nothing preventing the other party from proposing a
new agreement or requesting a modification from the Court.
However, we do not believe that the mere possibility that one party may later
desire to alter the agreement renders provision 6(h) meaningless or requires
modification of the Protective Order.

We remain willing to work with Plaintiffs in reaching an agreement, but we
need to know which specific documents you have concerns about so that we may
evaluate whether any additional language is necessary.

Thanks,
Anne

(Embedded image moved to file: pic04745.jpg) Anne M. Orcutt Attorney
Direct: (480) 420-1635
aorcutt@swlfirm.com


From: Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]
Sent: Tuesday, April 23, 2013 9:03 AM
To: Anne Orcutt
Cc: Parsons Team; parsonsdiscovery@prisonlaw.com
Subject: RE: Protective Order

Anne,

Thank you for your response.  We cannot agree to your proposed language for
four reasons:  (1) we believe there are relevant documents that pre-date July
1, 2012;  (2) your proposed language is too narrow, because it does not
include documents that discuss or were sent to Wexford; (3) the requirement
that the documents be "relevant" puts us at risk if there is a disagreement
about a document's relevance and we use it at a deposition; and (4) if done by

agreement, you have the ability to revoke or modify the agreement unilaterally
and that could put our ability to take discovery at risk.  Please let me know
if Defendants are willing to reconsider.

Thank you,

Caroline


Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail:  cnmitchell@jonesday.com

| | |
|-----------|-------------------------------------------------------------|
| From: | Anne Orcutt <AOrcutt@swlfirm.com> |
| | |
|-----------|-------------------------------------------------------------|
| To: | Caroline N Mitchell <cnmitchell@JonesDay.com> |
| | |
|-----------|-------------------------------------------------------------|
| Cc: | Parsons Team <ParsonsTeam@swlfirm.com> |
| | |
|-----------|-------------------------------------------------------------|
| Date: | 04/22/2013 03:51 PM |
| | |
|-----------|-------------------------------------------------------------|
| Subject: | RE: Protective Order |
| | |

Caroline,

Upon further review, we continue to believe that it is not necessary to modify
the protective order, as provision 6(h) already permits the disclosure of
confidential information to "Any person expressly named and agreed to in
writing by Counsel for the parties."  We are willing to enter into an
agreement pursuant to provision 6(h) covering Wexford.  We propose the

following language: "Without waiving any applicable objections or privileges, confidential documents authored or maintained by Wexford from July 1, 2012 to March 3, 2013 relating to the provision of health care to ADC inmates may be shown to Wexford personnel during their depositions if relevant to this litigation."  Please let us know if you are willing to enter into such an agreement.

Thanks,
Anne

(Embedded image moved to file: pic20649.jpg) Anne M. Orcutt Attorney
Direct: (480) 420-1635
aorcutt@swlfirm.com


From: Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]
Sent: Monday, April 22, 2013 2:26 PM
To: Anne Orcutt
Cc: Parsons Team
Subject: RE: Protective Order

Hi Anne,

Have you heard anything from your client yet?

Thank you,

Caroline

Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail:  cnmitchell@jonesday.com




Caroline,

Thanks for your email regarding the protective order.  We will discuss your proposed language with our clients and will respond as soon as possible.

Thanks,
Anne


(Embedded image moved to file: pic13186.jpg) Anne M. Orcutt Attorney
Direct: (480) 420-1635
aorcutt@swlfirm.com


From: Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]
Sent: Tuesday, April 16, 2013 2:23 PM
To: Dan Struck
Cc: Parsons Team
Subject: Protective Order

Hi Dan,

We saw your response regarding the protective order paragraph 6(G).  We'd be
happy to work out language that is agreeable to both parties.  Your language
"Documents authored by Wexford personnel from July 1, 2012 to March 3, 2013"
is too narrow because it would foreclose examining Wexford witnesses about
medical files that contained some notations authored by Wexford personnel and
others that weren't.  It would also preclude us from showing Wexford documents
that Wexford had received from ADC but not authored.   To facilitate
agreement, however, we are willing to alter the proposed addition to limit it
to Wexford.  Accordingly, we propose the following language "Documents that
discuss, were authored by, maintained by, or sent to Wexford that pre-date
March 3, 2013."  If this is acceptable to you or if you have alternate
language to propose that addresses the concerns I have articulated above,
please let me know.  If you think a call would be productive, please let me
know a time tomorrow or Thursday that works for you.


Thank you,

Caroline

Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail: cnmitchell@jonesday.com

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can
be corrected.
==========

This electronic mail transmission contains information from the law firm
Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such
information is solely for the intended recipient, and use by any other party
is not authorized. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of this message, its contents or any
attachments is prohibited. Any wrongful interception of this message is

punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such

information is solely for the intended recipient, and use by any other party
is not authorized. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of this message, its contents or any
attachments is prohibited. Any wrongful interception of this message is
punishable as a Federal Crime. Although this e-mail and any attachments are
believed to be free of any virus or other defect that might affect any
computer system into which it is received and opened, it is the responsibility
of the recipient to ensure that it is virus free and no responsibility is
accepted by the sender for any loss or damage arising in any way from its use.
If you have received this message in error, please notify the sender
immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the
IRS under Circular 230, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments), unless otherwise
specifically stated, was not intended or written to be used, and cannot be
used, for the purpose of (1) avoiding penalties under the Internal Revenue
Code or (2) promoting, marketing or recommending to another party any matters
addressed herein.


==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can
be corrected.
==========

This electronic mail transmission contains information from the law firm
Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such
information is solely for the intended recipient, and use by any other party
is not authorized. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of this message, its contents or any
attachments is prohibited. Any wrongful interception of this message is
punishable as a Federal Crime. Although this e-mail and any attachments are
believed to be free of any virus or other defect that might affect any
computer system into which it is received and opened, it is the responsibility
of the recipient to ensure that it is virus free and no responsibility is
accepted by the sender for any loss or damage arising in any way from its use.
If you have received this message in error, please notify the sender
immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the
IRS under Circular 230, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments), unless otherwise
specifically stated, was not intended or written to be used, and cannot be
used, for the purpose of (1) avoiding penalties under the Internal Revenue
Code or (2) promoting, marketing or recommending to another party any matters
addressed herein.


==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can
be corrected.

==========

This electronic mail transmission contains information from the law firm
Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such
information is solely for the intended recipient, and use by any other party
is not authorized. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of this message, its contents or any
attachments is prohibited. Any wrongful interception of this message is
punishable as a Federal Crime. Although this e-mail and any attachments are
believed to be free of any virus or other defect that might affect any
computer system into which it is received and opened, it is the responsibility
of the recipient to ensure that it is virus free and no responsibility is
accepted by the sender for any loss or damage arising in any way from its use.
If you have received this message in error, please notify the sender
immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the
IRS under Circular 230, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments), unless otherwise
specifically stated, was not intended or written to be used, and cannot be
used, for the purpose of (1) avoiding penalties under the Internal Revenue
Code or (2) promoting, marketing or recommending to another party any matters
addressed herein.




==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

This electronic mail transmission contains information from the
law firm Struck Wieneke & Love, P.L.C. that may be confidential
or privileged. Such information is solely for the intended
recipient, and use by any other party is not authorized. If you
are not the intended recipient, be aware that any disclosure,
copying, distribution or use of this message, its contents or any
attachments is prohibited. Any wrongful interception of this
message is punishable as a Federal Crime. Although this e-mail
and any attachments are believed to be free of any virus or other
defect that might affect any computer system into which it is
received and opened, it is the responsibility of the recipient to
ensure that it is virus free and no responsibility is accepted by
the sender for any loss or damage arising in any way from its
use. If you have received this message in error, please notify
the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements
imposed by the IRS under Circular 230, we inform you that any
U.S. federal tax advice contained in this communication
(including any attachments), unless otherwise specifically

stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# EXHIBIT 2

| | |
|---|---|
| **From:** | HOOD, JEFF |
| **To:** | RYAN, CHARLES |
| **Subject:** | DRAFT Meeting Notes |
| **Date:** | Tuesday, September 25, 2012 6:34:19 PM |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

ADC's intent to serve a Notice of Referral to Take Action (sanction letter) and a Cure Notice to Wexford Health Sources was first provided telephonically to Wexford Executive Vice President and Chief Operating Officer Dan Conn at approximately 1:50 pm local time on Friday, September 21, 2012. This notification was provided by ADC Director Charles Ryan with Deputy Director Jeff Hood in attendance. Also conveyed during this notification was a desire to collaborate with Wexford on any subsequent release of information to the public and media. Mr. Conn was non-committal about this offer at the time, indicating that he would first need to read the documents being served.

A meeting was held at 2:00 pm local time on Friday, September 21, 2012, with the following persons in attendance:

Karen Mullenix, Arizona Director of Operations, Wexford Health Sources
Dr. Neil Fisher, MD, Wexford Corporate Director, Utilization Management
Charles Ryan, Director, ADC
Jeff Hood, Deputy Director, ADC
Richard Pratt, Interim Assistant Director, ADC Health Services Monitoring Bureau
Joe Profiri, ADC Contract Beds Operations Director

The Notice of Referral to Take Action, Cure Notification and associated attachments were presented in person to Ms. Mullenix, with a copy to Dr. Fisher. (Following the meeting, the letter was also delivered electronically, including copies to Mr. Conn, Wexford President and CEO Mark Hale, and John Froehlich, Wexford Vice President of Finance.) Ms. Mullenix briefly scanned the document, then inquired as to how ADC "established the baseline" for the information included in the document. Discussion ensued, with Wexford being advised that there was no "grace period" considered for which Wexford was not accountable for their performance. Further, Ms. Mullenix was advised that once she had the opportunity to read the letter, she would understand that all of the issues and incidents referenced in the document were already well known to both ADC and Wexford. Dr. Fisher, having taken the opportunity during this discussion to glance through the document more thoroughly, asked a question about how compliance would be monitored and measured, as each monitor assigned to the various prison sites may view compliance or non-compliance differently. ADC responded that efforts would be made to ensure consistency within the ADC monitoring team.

Director Ryan reaffirmed the expectation of compliance/accountability and further affirmed his and the Department's commitment to Wexford's success. He expressed that he, too, is accountable to his superiors and the 90 members of Arizona's Legislature, and being accountable entails ensuring the success in privatization of ADC's Inmate Health Care while also ensuring Wexford is providing the required level of care and service in accordance with their contract.

Discussion with regard to collaborative external and internal messaging occurred amongst the attendees at this meeting during which Director Ryan stated that such a message would be inclusive of his support of Wexford and the success of privatized health care within ADC, despite the identified deficiencies. It was made clear by Director Ryan that the letters were not intended to send a message of non-support or a lack of confidence in Wexford's ability to be successful but were indicative of Wexford's need to better their level of performance. Director Ryan affirmed his commitment by offering to establish a meeting between ADC's Public Information Office staff and Wexford's Public Information Officials to begin discussion of external messaging which garnered no commitment from either Ms. Mullenix or Dr. Fisher.

The message that ADC is supportive of Wexford Health and will collaborate to ensure their success has been consistently delivered, to both ADC and Wexford staff, dating back to the award of the contract on April 2, 2012. Notably, this support was publicly shared with Wexford leadership, to include Mr. Hale, Mr. Conn, Ms. Mullenix, and their Regional and Site Managers, during a meeting at Wexford's local offices on August 21, 2012, and during a follow up meeting with Mr. Hale and Mr. Conn at ADC Headquarters at 1:00 pm that same afternoon.

On Saturday, September 22, 2012, during a series of e-mail exchanges between Wexford's Dan Conn and Deputy Director Hood, Mr. Conn conveyed Wexford's desire to travel from Pittsburgh, PA to Phoenix in order to meet in person with ADC leadership. A meeting was scheduled for 1:00 pm on Monday, September 24, 2012.

Wexford's Mark Hale and Dan Conn met with Director Ryan and Deputy Director Hood. Mr. Hale opened the meeting by expressing Wexford's concern that ADC's perception is that their company is "less than fully competent", and by assuring that this was not the case. He further expressed that Wexford simply could not meet the timeframes included in the Cure Notification, and that he was disappointed Wexford was not offered an opportunity to discuss a 'draft' version of the documents. Brief discussion ensued, with ADC representatives explaining that a) short-term items included in the Cure Notification were largely behavioral in nature (for example, providing direction to local Wexford Management and staff that prompt and effective response to critical incidents or issues was to be expected), and b) that timeframes could be adjusted for good cause.

At this juncture, Mr. Conn expressed his view that the problems identified in the Cure Notification were due to the state of medical care as assumed by Wexford from the State when they took responsibility for Inmate Health Care on July 1st; that the Cure Notification provided a "roadmap" for pending litigation; that several people (unspecified) had reviewed the document and opined that it was a "case study in how to get privatization to fail", and that anyone who understands healthcare would know that these problems did not arise overnight and would take a long time to correct.

Mr. Conn went on to question Director Ryan's commitment to privatization, (referring to a document that he did not share but presumably written by Ms. Mullenix and/or Dr. Fisher), claiming that Director Ryan made reference during his meeting on Friday that ADC privatized healthcare because of the decision of 90 Legislators in a manner that indicated that he was not

supportive of that policy. Director Ryan stated "that is simply not true", before being interrupted by Mr. Conn with a demand to "answer the question – do you support privatization or not"? Director Ryan stated that he does, and that he resents the implication that he does not, to which Conn responded "I'm not going to sit here and call you a liar". This portion of the exchange concluded by emphasizing that public policy was clear in that Inmate Health Care would be provided by a private vendor, be that Wexford or another entity, and that ADC is invested in having Wexford correct the deficiencies and comply with the contract.

Additional exchanges occurred, including Mr. Hale's stated concerns that issuance of the letters will make it difficult to attract and retain appropriate professional staff, that the letters contain "inflammatory language", and that the requirements to monitor corrective action on some of the lesser items included would distract local staff from more important matters. Further, discussion occurred about Wexford's failed leadership response to the Hepatitis C exposure at the Lewis prison, to which Mr. Conn acknowledged that Wexford is not completely without fault, and "could do better".

Prior to the conclusion of the meeting, it was emphasized that ADC would be willing to engage Wexford staff in a discussion about any of the specific items included in the letter to answer questions, provide additional examples or otherwise clarify the underlying issues. This offer was made while also emphasizing that any disputed items would need to be addressed specifically in Wexford's formal response. Further, Director Ryan again reintroduced the offer to collaborate on a public message, to which Mr. Hale responded that Wexford was "not prepared to do that at this time".

In conclusion, Wexford's position at this time appears to be that a) their problems are largely, if not almost exclusively, due to the condition of inmate health care services as they assumed responsibility for them, and b) that ADC is not supportive of privatization, despite repeated demonstrations and assurances to the contrary.

Wexford leadership has not contacted ADC staff for purposes of furthering this discussion today (September 25, 2012), or to accept the offer to discuss the contents of the letters in additional detail.

An e-mail was transmitted by Director Ryan and Deputy Director Hood shortly before 5:00 pm local time today, once again emphasizing ADC's desire to collaborate in Wexford's success, while also holding them accountable to provide acceptable health care and comply with the contract, and for the need to collaborate on public messaging. No response has yet been received.

Jeff Hood
Deputy Director
602.542.5225
jhood@azcorrections.gov

The information contained in this e-mail message and any attachment is privileged and confidential, intended only for the use of specific individuals and/or entities to which it is addressed.  If you are not one of the intended recipients, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you received this communication in error, please immediately notify the sender by return e-mail.

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER