IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV12-0601-PHX-NVW<br><br>**ORDER** |

    Before the Court is Plaintiff's Motion to Modify Protective Order (Doc. 399, ref. Doc. 140). Since the motion was filed, the parties have narrowed the scope of their dispute to the issues discussed herein. For the reasons discussed below, the Court will grant Plaintiff's motion.

    The parties agree to a modification of Provision 6(a) striking the language at Doc. 140, page 3 lines 27-28 through page 4 lines 1-7. The Court will adopt this stipulation.

    The parties disagree, however, regarding the mechanism to allow Plaintiffs to show confidential documents to Wexford during depositions of its personnel. Defendants disagree that modification of the Protective Order is necessary, arguing that Provision 6(h) allows confidential information to be disclosed if allowed in writing by Counsel for the parties. Defendants therefore propose that they enter a separate agreement authorizing that "'documents authored by, maintained by, or sent to Wexford prior to March 3, 2013 relating to the provision of health care to ADC inmates may be shown to Wexford personnel during their depositions.'" Plaintiffs argue that this language

excludes ADC documents that discuss Wexford but were not sent to it. Plaintiffs introduce emails that discuss meetings where Wexford personnel were present but the emails were neither drafted by nor sent to Wexford personnel, so they would be excluded under Defendants' proposed language. The Court finds that Defendants' proposed language excludes documents that would be of obvious relevance during a deposition and would contain information of which Wexford personnel would have personal knowledge.

Also in dispute is whether the Protective Order should be modified or if this agreement should be separate. The Court finds that for efficiency, a targeted modification of the Protective Order is appropriate. The parties must come together and submit a proposed modification as discussed in this Order within 7 days.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Modification of the Protective Order (Doc. 399) is granted. Doc. 140, page 3 lines 27-28 through page 4 lines 1-7 is stricken from the Protective Order. The parties are further directed to submit a proposed modification to the Protective Order as discussed herein within 7 days.

Dated this 8th day of May, 2013.

_____
Neil V. Wake
United States District Judge