IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>Defendants. | No. CV-12-0601-PHX-NVW<br><br>**ORDER** |

Before the Court is a motion to seal the parties' eighth notice of discovery dispute and exhibit 16 and a motion to exceed the page limit for the same (Docs. 481, 484). The Court will deny the motion to seal because of the absence of any substantive justification supporting the request. The Court will likewise deny the motion to exceed the page limit as the length of the discovery dispute is unnecessary.

It is transparent that Plaintiffs abandoned the negotiation process surrounding their experts' inspections of Defendants' facilities. Plaintiffs now seek a Court order authorizing their experts to "tour the institutions without unreasonable restrictions" (Doc. 482 at 2:18-19). But the joint notice makes clear that Plaintiffs seek permission to, essentially, play the inspections by ear depending on what they find. Simply because Plaintiffs' experts have experience conducting prison inspections does not obviate the need for significant preplanning and cooperation. If the parties cannot agree as to a particular term, or if Plaintiffs believe a proposed restriction on their access is

unreasonable, they may seek Court intervention. But the Court will not sanction a scopeless tour of Defendants' facilities.

Plaintiffs also allege that Defendants have failed to produce any of the previously-requested documents that its experts need to prepare for their inspections (Doc. 486, Ex. 2). Defendants aver that they have already agreed to produce the requested documents to the extent they exist (Doc. 482 at 11:19-20). The Court expects that Defendants will produce the documents they have promised to produce. If they fail to do so, Plaintiffs may file an appropriate motion to compel.

Plaintiffs' last request is that their counsel be permitted to accompany Defendants' experts on their own inspections. There is no basis for this request. The cases Plaintiffs cite were in a materially different procedural posture, having already determined that constitutional violations existed at the subject facilities. Thus, the issue to be resolved in those cases was the scope and manner of remedial measures, which necessitated the presence of both sides' counsel. This case is not in that posture.

Finally, the Court notes that the joint notice of discovery dispute is not a vehicle for an omnibus motion to compel.

**IT IS THEREFORE ORDERED:**

(1) Plaintiffs' Motion to Seal (Doc. 481) is **denied**.

(2) Plaintiffs' Motion to Exceed the Page Limit (Doc. 484) is **denied**.

(3) The Court finds that nothing in the parties' eighth notice of discovery dispute requires Court intervention for the reasons stated herein. If the parties find themselves at an impasse with a particular issue they may seek Court assistance.

Dated this 11th day of June, 2013.

_____
Neil V. Wake
United States District Judge