Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-NVW <br><br> **EMERGENCY MOTION TO STAY PROCEEDINGS PENDING RULE 23(f) APPEAL** <br><br> **[Expedited Ruling Requested]** |

Yesterday, the Ninth Circuit Court of Appeals granted Defendants' Petition for Permission to Appeal this Court's Order granting class certification. (Ex. 1.) In light of this significant development, Defendants request an immediate stay of proceedings in the district court, including, but not limited to, a stay of the class certification order and all discovery, until the Rule 23(f) appeal is finally exhausted. *See* Fed.R.Civ.P. 23(f); Fed.R.App.P. 8(a)(1). Plaintiffs oppose the stay request. This Motion is supported by the following.

**MEMORANDUM OF POINTS AND AUTHORITIES**

To prevail on a motion to stay proceedings pending a Rule 23(f) appeal, a defendant must show that "(1) it is likely to succeed on the merits of the appeal; (2) it will be irreparably injured in the absence of a stay; (3) issuance of a stay will not substantially injure Plaintiff; and (4) the stay is in the public interest." *Brown v. Wal-Mart Stores, Inc.*, 5:09-CV-03339-EJD, 2012 WL 5818300, at *1 (N.D. Cal. Nov. 15, 2012) (citing *Leiva–Perez v. Holder,* 640 F.3d 962, 964–70 (9th Cir. 2011)). These factors must be examined on a "flexible 'continuum,'" so that "a stronger showing of one element may offset a weaker showing of another." *Id*. at *2 (citing *Leiva-Perez*, 640 F.3d at 964). Under any formulation, these factors favor a stay.

**A.** **Likelihood Of Success**

"To satisfy the likelihood of success factor, Defendants need not demonstrate that it is more likely than not that they will succeed on the merits." *Gray v. Golden Gate Nat. Recreational Area*, C 08-00722 EDL, 2011 WL 6934433, at *1 (N.D. Cal. Dec. 29, 2011) (citing *Leiva–Perez,* 640 F.3d at 966). Instead, a showing of a "fair prospect," "a substantial case on the merits," *or* that "serious legal questions are raised" is enough. *Gray*, 2011 WL 6934433, at *1 (citing *Leiva-Perez*, 640 F.3d at 967–68). "A Rule 23(f) petition that presents an unsettled question of law constitutes a 'serious legal question' sufficient to satisfy this first prong of the stay analysis" and "weighs in favor of a stay." *Brown*, 2012 WL 5818300, at *2; *see also Gray*, 2011 WL 6934433, at *2 (noting that matters of first impression satisfy likelihood of success requirement).

2

Defendants' Petition for Permission to Appeal presented unsettled questions of law in this Circuit, particularly the proper application of Rule 23's elements to an Eighth Amendment claim alleging inadequate health care and unconstitutional conditions of confinement. (Ex. 2.) As Defendants pointed out in their Petition, the Ninth Circuit has *never* addressed the propriety of certifying an Eighth Amendment claim, leaving district courts to rely on cases applying Rule 23's elements in the context of other legally distinct claims, which have little, if any, import because Eighth Amendment claims, and particularly claims of inadequate health care and unconstitutional conditions of confinement, are inherently case specific. This case also presents an opportunity for the Ninth Circuit to apply the holdings in *Wal-Mart* (pertaining to commonality and the level of proof) to an Eighth Amendment claim, which is also an issue of first impression. *See Brown*, 2012 WL 5818300, at *3 ("Because the Ninth Circuit has not considered the propriety of certifying a class under California's suitable seating laws, and because the district courts have varied in their application of *Dukes,* the court finds that Defendant has presented a 'serious legal question' in its Rule 23(f) petition and the first factor thus weighs in favor of a stay.").

These are not merely hypothetical or hopeful arguments; the Ninth Circuit apparently agrees (either with the novelty of the issues or Defendants' arguments that the class certification order is erroneous) because it has *granted* the Petition and decided to resolve the issues now. *See Gray*, 2011 WL 6934433, at *2 (district court should consider not only likelihood that the Ninth Circuit will agree with defendants on the substantive merits, but also the likelihood that the Ninth Circuit will grant the Rule 23(f) petition). This in itself satisfies the first prong and weighs strongly in favor of a stay. *Brown*, 2012 WL 5818300, at *2.

**B.     Defendants Will Be Irreparably Harmed Without A Stay**

Since the Court certified this lawsuit as a class action on March 6, 2013 – comprised of more than 33,000 class members – the parties have engaged in costly and burdensome discovery on the class allegations. Defendants have borne the brunt of that

3

burden. If the class is decertified on appeal, however, the scope of this lawsuit will be significantly narrowed, limited only to the individual claims of 13 inmates. Without a stay pending the Ninth Circuit's determination, the parties, and particularly Defendants, will continue to expend an extraordinary amount of time, resources, and fees for discovery and trial preparation on the class claims. The irreparable harm in not granting a stay under these circumstances is obvious:

> The certified class in this case is estimated to encompass over 22,000 individuals. The sheer size of the class makes it likely that Defendant will incur significant discovery and other litigation expenses while its appeal to the Ninth Circuit is pending. Moreover, the Ninth Circuit may alter or overturn this court's class certification, which would render some or all of the discovery previously conducted irrelevant. <u>Forcing Defendant to incur potentially substantial fees and engage in discovery that may ultimately be unnecessary constitutes at least some harm to Defendant</u>.

*Brown*, 2012 WL 5818300, at *4 (emphasis added); *see also Gray*, 2011 WL 6934433, at *3 ("Defendants have shown that they would suffer substantial harm if this action is not stayed pending appeal and the Court is later reversed on the issue of class certification, resulting in substantial time and resources being spent on the litigation, particularly expert discovery, dispositive motions and trial preparation on class claims.").

The Ninth Circuit granted Defendants' Petition yesterday (July 10, 2013). (Ex. 1.) The opening brief is due on August 21, 2013; the answering brief is due on September 11, 2013; and the reply brief is due within seven days of service of the answering brief (presumably September 18, 2013). (Id.) It is unknown when the court will issue a decision. The discovery deadline in this case is September 27, 2013. (Dkt. # 389.) In the approximately 2 months between now and that deadline, the parties will engage in the following discovery, all of which – to some extent, if not entirely – is permitted only because of the case's class certification status.

**Expert Tours**. Once the class was certified, Defendants agreed to allow Plaintiffs' experts to conduct tours of ADC's facilities. This was *only* because of class certification. <u>Fifty-three (53) tours</u> have been scheduled to allow Plaintiffs' seven experts

4

1   to conduct tours at the ten ADC facilities.  These tours started on July 8, 2013, and are
2   scheduled on every single business day (except August 9) until August 16, 2013.  Tours
3   are also scheduled for September 3, 2013 through September 6, 2013, for a total of
4   thirty three (33) days.  Each tour is nine (9) hours, and requires an entourage of people:  at
5   least one Plaintiffs' attorney (counsel for ACDL will also attend those tours with
6   Plaintiffs' mental health experts and likely their conditions-of-confinement experts); one
7   of Defendants' attorneys; one attorney for Corizon, the facility's Warden, two-to-five
8   designated health care staff members, and security detail.  The fees incurred in conducting
9   these tours are astronomical, and they pile up every day.

10          Arranging for these tours also imposes an incredible burden for ADC staff.
11  Not only do they pull the Warden, critical health care staff, and corrections officers from
12  their daily responsibilities, but it also poses a risk to the safety and security of the facility.
13  During their tours, experts ask to conduct both cell-front and out-of-cell interviews with
14  inmates.  The out-of-cell interviews must be arranged ahead of time to plan availability
15  and logistics for moving an inmate out of his or her cell and into a private room.
16  Plaintiffs' counsel have advised that they wish to privately interview up to 20 inmates per
17  unit, in addition to a handful of random private interviews.  This poses a constant strain on
18  staff who are trying to ensure that staff, inmates, and those on the tour are safe.  Experts
19  also request staff to pull inmate records for their review.  This too disrupts the pressing
20  responsibilities of health care staff.

21          There is a tour happening as we speak at ADC's Yuma facility in San Luis,
22  Arizona.  Another tour is scheduled at that facility tomorrow. There are tours every day
23  next week, including two on Monday and two on Tuesday.  The tours will directly impact
24  the substance of Plaintiffs' experts' reports and deposition testimony, which will affect the
25  reports and testimony of Defendants' experts.  Without a stay, Defendants' experts will
26  also have to schedule costly tours.  These tours are only taking place because of class
27  certification, which is now at issue in the Ninth Circuit.
28

**Depositions**. Plaintiffs have noticed 27 depositions (of ADC staff) to take place between July 31, 2013 and September 19, 2013. They have also recently informed Defendants that they will be noticing 6 additional depositions of dentists.[1] The scope of these depositions (both questions and objections) depends largely on whether this case remains certified as a class action. Some depositions may not even be necessary if the class is decertified.

**Discovery Responses**. Thus far, Defendants have responded to 596 discovery requests from Plaintiffs (interrogatories, requests for admissions, and requests for production). Many of their discovery requests require on-going supplementation. This supplementation is extremely burdensome, will continue over the next few months, and is relevant only to the class claims. For example:

> Polson's ROGs: All ten of Polson's interrogatories require ongoing supplementation. Our latest supplemental response to Polson's ROGs included over 1,100 pages of lists and reports, which required ADC and Corizon staff to engage in extremely time-consuming gathering of information from multiple sources. For example, Polson's ROG no. 2 asks Defendants to "IDENTIFY all PRISONERS prescribed psychotropic medications as of January 1, 2011, and as of the first day of each third month thereafter, including for each PRISONER his/her mental health diagnoses, the medication(s) prescribed, and the dosage and duration of each medication, and the location of the PRISONER as of the response date." To answer this ROG requires running a separate report from the pharmacy database for each psychotropic medication, reviewing the individual mental health charts of each inmate on the reports generated by the pharmacy database to determine each inmate's mental health diagnoses, and searching the AIMS database to determine the location of each inmate as of the response date. If this was not a class action, the information requested by this interrogatory would not be relevant other than for the 13 named Plaintiffs. The other nine interrogatories in this set are equally burdensome to respond to, and require information covering all 33,000 ADC inmates.
>
> Wells' ROGs: Ten of Wells' interrogatories require ongoing supplementation. Our initial response to Wells' ROGs included nearly 2,000 pages of lists and reports, which again required ADC and Corizon staff to engage in extremely time-consuming gathering of information from multiple sources. For example, Wells' interrogatory no. 8 asks Defendants to "IDENTIFY all PRISONERS on the mental health caseload as of the

---

[1] The parties dispute the number of depositions permitted for each side. Defendants maintain that 25 depositions is the limit. Plaintiffs believe they are entitled to 75 depositions; Defendants obviously object to that number. (Dkt. # 46 at 10–11.) Plaintiffs have already taken 18 depositions.

RESPONSE DATE in the ISOLATION units." Gathering the information required to answer this ROG and two related ROGs took ADC psychologist Dr. Taylor two full business days.

Polson's RFPs: 14 of Polson's RFPs require ongoing supplementation. To date, we have produced 7,366 pages of documents in response to Polson's RFPs.

**Electronic Discovery**. At the April 26, 2013 hearing on the parties' discovery dispute pertaining to electronic discovery, the Court believed that Plaintiffs' request for all emails (between April 2, 2012 and March 3, 2013) from three ADC custodians relating to Wexford was "burdensome and overbroad." Since that hearing, Plaintiffs have increased their electronic discovery request to include *four* ADC custodians and searches relating not only to Wexford, but also Corizon. While Defendants have not agreed to this production, it is a dispute that may ultimately require this burdensome e-discovery before the close of discovery.

### C. A Stay Will Not Irreparably Harm Plaintiffs

Plaintiffs will likely argue that they will be injured by a stay because it will delay a resolution on the merits of their claims. But if the class certification order is reversed on appeal, the scope of the claims will be significantly reduced. Furthermore, it was Plaintiffs' decision to certify this case as a class action. With that decision comes additional litigation. Finally, the Ninth Circuit has expedited resolution of this appeal. (Ex. 1 at 2.) Thus, any delay should be minimal. This factor favors a stay.

### D. Public Policy Favors Granting A Stay

The public has an "interest in the efficient use of judicial resources." *Brown*, 2012 WL 5818300, at *5. A stay in this case "will help to ensure the proper resolution of the important issues raised in this case by preventing potentially wasteful work on the part of the court and the parties while the Ninth Circuit considers the serious legal question raised by Defendant's Rule 23(f) petition." *Id.*; *see also Gray*, 2011 WL 6934433, at *3 ("The public interest lies in proper resolution of the important issues raised in this case, and issuance of a stay would avoid wasting resources on a class action litigation which might be changed in scope on appeal."). This factor favors a stay.

7

# CONCLUSION

For these reasons, Defendants respectfully request an immediate stay of all proceedings pending the resolution of their Rule 23(f) appeal.

DATED this 11th day of July 2013.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Nicholas D. Acedo
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    Anne M. Orcutt
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorney General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

2780499.1

# CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Cathleen M. Dooley: | cdooley@azdisabilitylaw.org |
| J.J. Rico: | jrico@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |

| | | |
|---|---|---|
| 1 | Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| 2 | David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| 3 | R. Scott Medsker: | rsmedsker@JonesDay.com |
| 4 | John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| 5 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 6 | Jennifer K. Messina: | jkmessina@jonesday.com |
| 7 | Taylor Freeman: | tfreeman@jonesday.com |
| 8 | Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| 9 | Katherine E. Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |
| 10 | Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com |
| 11 | Lucy Marie Rand: | Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 12 | Ajmel Quereshi: | aquereshi@npp-aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ *Nicholas D. Acedo*