# EXHIBIT 1

# EXHIBIT 1

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2013

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR ANTONIO PARSONS; et al., | No. 13-80078 |
| Plaintiffs - Respondents, | D.C. No. 2:12-cv-00601-NVW |
| | District of Arizona, |
| v. | Phoenix |
| CHARLES L. RYAN and RICHARD PRATT, | ORDER |
| Defendants - Petitioners. | |

Before: KOZINSKI, Chief Judge, CANBY and TALLMAN, Circuit Judges.

The court, in its discretion, grants the petition for permission to appeal the district court's March 6, 2013 order granting class action certification and March 22, 2013 order denying petitioners' motion for reconsideration of the March 6, 2013 order. *See* Fed. R. Civ. P. 23(f); *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005) (per curiam). Within 14 days after the date of this order, petitioners shall perfect the appeal in accordance with Federal Rule of Appellate Procedure 5(d).

If petitioners timely perfect the appeal pursuant to Federal Rule of Appellate Procedure 5(d), the resulting appeal shall be expedited.

jp/MOATT

Petitioners shall designate the reporter's transcript for the appeal by July 17,
2013.  The transcript is due August 7, 2013.  The opening brief and excerpts of
record are due August 21, 2013; the answering brief is due September 11, 2013;
and the optional reply brief is due within 7 days after service of the answering
brief.

Following the completion of briefing, the appeal shall be placed on the first
available oral argument calendar.

**EXHIBIT 2**

**EXHIBIT 2**

No. _____

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR PARSONS, et al.,<br><br>    Plaintiffs/Respondents,<br><br>vs.<br><br>CHARLES RYAN, et al.,<br><br>    Defendants/Petitioners. | District Court<br>No. 2:12-cv-00601-NVW |

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

## PETITION FOR PERMISSION TO APPEAL FROM ORDER
## GRANTING CLASS CERTIFICATION

Attorney General Thomas C. Horne
OFFICE OF THE ATTORNEY GENERAL
Michael E. Gottfried
1275 W. Washington Street
Phoenix, Arizona 85007-2926
(602) 542-4951

Daniel P. Struck
Nicholas D. Acedo
STRUCK, WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
(480) 420-1600

*Attorneys for Defendants/Petitioners Charles Ryan and Richard Pratt*

# TABLE OF CONTENTS

**Page**

RELIEF SOUGHT....................................................................................1

INTRODUCTION ...................................................................................1

FACTUAL BACKGROUND....................................................................3

QUESTION PRESENTED FOR REVIEW ...........................................5

REASONS THE APPEAL SHOULD BE ALLOWED ........................5

     A.    The Court has Never Addressed Class Certification of an
               Eighth Amendment Claim..................................................6

     B.    The District Court's Order is Manifestly Erroneous......................9

           1.    Commonality ...........................................................9
           2.    Typicality ...............................................................16
           3.    Rule 23(b)(2)............................................................17
           4.    System-wide practices .............................................19

CONCLUSION......................................................................................20

CERTIFICATE OF SERVICE ...........................................................22

ATTACHMENT 1:  Order Granting Class Certification [Doc. #372], filed March 6, 2013.

ATTACHMENT 2:  Defendants' Motion for Reconsideration Re: Order Granting Class Certification [Doc. #394], filed March 20, 2013.

# TABLE OF AUTHORITIES

**Page**

## CASES

*Am. Pipe & Const. Co. v. Utah*
414 U.S. 538 (1974)..................................................................8

*Amarir v. Hill*
243 F.App'x 353 (9th Cir. 2007) ..................................................13

*Armstrong v. Davis*
275 F.3d 849 (9th Cir. 2001) ......................................................6

*Blair v. Equifax Check Services, Inc.*
181 F.3d 832 (7th Cir. 1999) .....................................................20

*Branham v. Meachum*
77 F.3d 626 (2nd Cir. 1996)......................................................16

*Chamberlan v. Ford Motor Co.*
402 F.3d 952, (9th Cir. 2005) ..................................................5, 6

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*
254 F.3d 882 (9th Cir. 2001) .....................................................20

*DeSpain v. Uphoff*
264 F.3d 965 (10th Cir. 2001) .....................................................7

*Doe v. Unified Sch. Dist. 259*
240 F.R.D. 673 (D. Kan. 2007) ...................................................18

*Ellis v. Costco Wholesale Corp.*
657 F.3d 970 (9th Cir. 2011) ......................................................6

*Farmer v. Brennan*
511 U.S. 825 (1994).................................................................12

*Gutierrez v. Johnson & Johnson*
523 F.3d 187 (3rd Cir. 2008) .....................................................20

# TABLE OF AUTHORITIES
## (continued)

Page

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) .......................................................................16

*Hunt v. Dental Dep't*
   865 F.2d 198 (9th Cir. 1989) .........................................................................13

*Jett v. Penner*
   439 F.3d 1091 (9th Cir. 2006) .......................................................................12

*Johnson v. Lewis*
   217 F.3d 726 (9th Cir. 2000) .........................................................................15

*Kress v. CCA of Tennessee*
   694 F.3d 890 (7th Cir. 2012) ...........................................................................6

*Lopez v. Smith*
   203 F.3d 1122 (9th Cir. 2000) .......................................................................16

*Martinez v. Brown*
   2011 WL 1130458 (S.D. Cal. 2011) ..............................................................17

*May v. Baldwin*
   109 F.3d 557 (9th Cir. 1997) .........................................................................16

*Mayfield v. Craven*
   433 F.2d 873 (9th Cir. 1970) .........................................................................13

*Mazza v. Am. Honda Motor Co., Inc.*
   666 F.3d 581 (9th Cir. 2012) ...........................................................................6

*McGuckin v. Smith*
   974 F.2d 1050 (9th Cir. 1992) ................................................................. 12, 13

*Milonas v. Williams*
   691 F.2d 931 (10th Cir. 1982) .......................................................................11

## TABLE OF AUTHORITIES
### (continued)

Page

*Prado-Steiman ex rel. Prado v. Bush*
  221 F.3d 1266 (11th Cir. 2000) ........................................................................9

*Shapley v. Nevada Bd. of State Prison Com'rs*
  766 F.2d 404 (9th Cir. 1985) .........................................................................13

*Shook v. Bd. of County Commissioners of County of El Paso*
  543 F.3d 597 (10th Cir. 2008) .................................................................. 17, 18

*Vallario v. Vandehey*
  554 F.3d 1259 (10th Cir. 2009) ....................................................................18

*Vinole v. Countrywide Home Loans, Inc.*
  571 F.3d 935 (9th Cir. 2009) ..........................................................................6

*Walsh v. Ford Motor Co.*
  130 F.R.D. 260 (D.D.C. 1990) ........................................................................11

*Wang v. Chinese Daily News, Inc.*
  2013 WL 781715 (9th Cir. Mar. 4, 2013) ......................................................7

*Wood v. Housewright*
  900 F.2d 1332 (9th Cir. 1990) .................................................................. 12, 13

## STATUTES

18 U.S.C. § 3626 ................................................................................................5

18 U.S.C. § 3626(a)(1) .....................................................................................19

## RULES

Rule 23(a)(3), Fed. R. Civ. P. ..........................................................................16

Rule 23(b)(2), Fed. R. Civ. P. ................................................................... passim

Rule 23(f), Fed. R. Civ. P. .................................................................................1

Rule 5, Fed. R. App. P. ......................................................................................1

**RELIEF SOUGHT**

Pursuant to Rule 23(f), Fed. R. Civ. P., and Rule 5, Fed. R. App. P., Defendants-Petitioners Charles Ryan and Richard Pratt petition this Court for permission to appeal the district court's March 6, 2013 Order granting class certification. If allowed to proceed, Petitioners request this Court to reverse the Order granting class certification.

**INTRODUCTION**

The breadth of this class-action lawsuit is extraordinary. It is a challenge to both the provision of health care *and* to the conditions of confinement within the Arizona Department of Corrections ("ADC"). The class consists of nearly 34,000 inmates across ten ADC facilities. The district court certified ten (10) alleged health care practices, encompassing medical care, dental care, and mental health care, and seven (7) alleged conditions of confinement, which Plaintiffs contend violate their Eighth Amendment rights. (Att. 1.)

In certifying the class, the district court brushed aside the heightened standard articulated in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), and found that commonality was satisfied simply because the class members' claims were based on a "common legal theory" (the Eighth Amendment): "whether Defendants' practices are deliberately indifferent to inmates' health and safety in violation of the Eighth Amendment and subjection to

unconstitutional conditions of confinement in isolation units."  It also ignored the many fact-specific inquiries that are inherent in Eighth Amendment claims, calling them "distractions," despite *Wal-Mart's* admonition that dissimilarities between class members must be considered in determining commonality.

The district court then found that the class representatives' claims were typical of the class because, as ADC inmates, they are all exposed to "a" substantial risk of harm, even though the *type* of harm they are allegedly exposed to *differs* from class member to class member (if it exists at all).  And then it concluded that the final injunctive relief requested by Plaintiffs – "sufficient" health care and "basic" sanitary conditions – was the type of relief that can be afforded under Rule 23(b)(2), Fed. R. Civ. P.  These errors are compounded by the court's underlying and incorrect finding that there existed "significant proof" that the alleged practices at issue are "system-wide" deficiencies, because the claims are based on isolated and varying allegations.

This case presents this Court the opportunity to apply Rule 23's (newly-minted) class-action requirements to an Eighth Amendment claim — something it has never done before — and to correct the district court's manifest errors.  In doing so, it will provide valuable guidance to all district courts within this Circuit that currently do not have any direction on how to deal with these trending prisoner class action lawsuits.

## FACTUAL BACKGROUND

Plaintiffs are thirteen inmates in ADC custody and confined in an Arizona State Prison Complex ("ASPC").[1]  Their Complaint lists five general claims: inadequate health care, inadequate medical care, inadequate dental care, inadequate mental health care, and cruel and unusual conditions of confinement.  The conditions-of-confinement claim is specific to conditions in "maximum custody cells."[2]  Plaintiffs seek only declaratory and injunctive relief.

Plaintiffs moved to certify one Class (health care) and one Subclass (conditions of confinement) of claims.  The district court certified both pursuant to Rule 23(b)(2):  a Class comprised of "[a]ll prisoners who are now, or will in the future be, subjected to the medical, mental health, and dental care policies and practices of the ADC"; and a Subclass comprised of "[a]ll prisoners who are now, or will in the future be, subjected by the ADC to isolation, defined as confinement in a cell for 22 hours or more each day."

---

[1]  Also named as a Plaintiff is the Arizona Center for Disability Law. Plaintiff Victor Parsons has been dismissed from this lawsuit.

[2]  Inmates – specifically those that are classified as maximum custody or who are on detention status – in maximum custody cells are required to remain in their cells for 22 hours per day. Plaintiffs inaccurately refer to these cells as "isolation cells," which implies that an inmate has no ability to communicate, interact, or socialize with others, and that is simply not true of any inmate in the ADC system.

With respect to the <u>Class</u>, the district court certified the following alleged health care practices:

    i.      Failure to provide timely access to health care;
    ii.     Failure to provide timely emergency treatment;
    iii.    Failure to provide necessary medication and medical devices;
    iv.    Insufficient health care staffing;
    v.     Failure to provide care for chronic diseases and protection from infectious disease;
    vi.    Failure to provide timely access to medically necessary specialty care;
    vii.   Failure to provide timely access to basic dental treatment;
    viii.  Practice of extracting teeth that could be saved by less intrusive means;
    ix.    Failure to provide mentally ill prisoners medically necessary mental health treatment (i.e., psychotropic medication, therapy, and inpatient treatment); and
    x.     Failure to provide suicidal and self-harming prisoners basic mental health care.

With respect to the <u>Subclass</u>, the district court certified the following alleged conditions of confinement:

    i.      Inadequate psychiatric monitoring because of chronic understaffing;
    ii.     Use of chemical agents against inmates on psychotropic medications;
    iii.    Lack of recreation;
    iv.    Extreme social isolation;
    v.     Constant cell illumination;
    vi.    Limited property; and
    vii.   Insufficient nutrition.

The Class and Subclass are represented by twenty two (22) lawyers from the American Civil Liberties Union, the Prison Law Office, and the law firms of Perkins Coie LLP and Jones Day.

**QUESTION PRESENTED FOR REVIEW**

Did the district court abuse its discretion in certifying this class action lawsuit, when: (1) it ignored *Wal-Mart's* heightened commonality standard and certified based only on the fact that all class members alleged an Eighth Amendment violation, despite the varying factual allegations surrounding each class members' claim; (2) it found typicality solely on the basis that every class member was an ADC inmate and therefore exposed to "a" risk of harm; (3) the requested injunction would violate Rule 23(b)(2) and 18 U.S.C. § 3626; and (4) Plaintiffs did not provide "significant proof" that the alleged practices at issue were system-wide?

**REASONS THE APPEAL SHOULD BE ALLOWED**

Rule 23(f) confers "unfettered" discretion to permit an appeal from an order granting class certification. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 957 (9th Cir. 2005). Review of class certification decisions are "most appropriate" when: "(2) the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; or (3) the district court's class certification decision is manifestly erroneous." *Id.* at 959. These categories are merely guidelines, and do not constitute an exhaustive list of factors, nor are they intended to circumscribe this Court's

discretion in granting a petition.  *Id.* at 960.  Permission to appeal may be granted "on the basis of any consideration that the court of appeals finds persuasive." Advisory Comm. Note to Rule 23(f), Fed. R. Civ. P.

## A.    This Court has Never Addressed Class Certification of an Eighth Amendment Claim

Petitioners have been unable to find a single case issued by this Court in which it addressed the propriety of certifying an Eighth Amendment claim. Indeed, Plaintiffs did not cite any and the district court did not rely on one. This is a tremendous gap in jurisprudence.  District courts in this Circuit have no guidance in this area of the law, and are left to rely on cases applying Rule 23's elements in the context of other legally distinct claims.[3]  Those cases have limited, if any, import because Eighth Amendment claims, and particularly claims of inadequate health care and unconstitutional conditions of confinement, are inherently case specific.[4]  Part of the problem is that states

---

[3] *See, e.g.*, *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 587 (9th Cir. 2012) (California's Unfair Competition and False Advertising Laws); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 977 (9th Cir. 2011) (Title VII discrimination); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 938 (9th Cir. 2009) (Fair Labor Standards Act); *Armstrong v. Davis*, 275 F.3d 849, 854 (9th Cir. 2001) (Americans with Disabilities Act and Rehabilitation Act).

[4] *See Kress v. CCA of Tennessee*, 694 F.3d 890, 893 (7th Cir. 2012) ("[C]laims of inadequate medical care by their nature require individual determinations, as the level of medical care required to comport with constitutional and statutory standards will vary depending on each inmate's circumstances, such as preexisting medical conditions."); *DeSpain v. Uphoff*,

either unsuspectingly stipulate to class certification or are forced to settle a lawsuit shortly after an adverse ruling on class certification because the cost of defending the case on the merits becomes cost preclusive.   Thus, the issue evades review after a final judgment, and the uncertainty continues.

That cycle and ambiguity can end here.  This is an Eighth Amendment case involving claims for both inadequate health care (medical, dental, and mental health) and conditions of confinement (a garden variety).   There are challenges to commonality, typicality, Rule 23(b)(2), *and* the "proof" submitted to establish a "system-wide" practice.  This is an ideal case to review because of the number and type of issues raised.  The timing of the petition also lends itself to review.   On the heels of *Wal-Mart*, district courts are scrambling to find some common ground.  Here, the district court had the benefit of *Wal-Mart*, but grossly misapplied it. *Cf. Wang v. Chinese Daily News, Inc.*, No. 08-55483, 2013 WL 781715, at *4 (9th Cir. Mar. 4, 2013) (remanding for reconsideration in light of *Wal-Mart*). This Court has a complete record with fully developed *Wal-Mart* arguments.  The issues are ripe for review.

Finally, the Court should consider the emerging trend in prisoner class action lawsuits and the financial and operational burden they have become.

---

264 F.3d 965, 974 (10th Cir. 2001) ("An inquiry into conditions of confinement by necessity relies on the particular facts of each situation.").

Organizations like the ACLU-National Prison Project and the Prison Law Office – both counsel for Plaintiffs in this case – dedicate their resources (and their existence) to prisoner litigation and targeting state prisons. See http://www.aclu.org/ prisoners-rights; http://prisonlaw.com/.   A recent report compiled by the Associated Press stated that California taxpayers have spent more than $200 million on inmate lawsuits over the past 15 years, $182 million of which paid for inmates' attorneys and court-appointed authorities. See http://bigstory.ap.org/article/ap-exclusive-inmate-lawsuits-cost-calif-200m. The Governor of California highlighted the financial drain these lawsuits have caused the State, and noted that there are "hundreds of lawyers wandering around the prisons looking for problems." *Id.* Two of these cases – *Coleman v. Brown*, No. 2:90-cv-00520, and *Plata v. Brown*, No. 3:01-cv-01351– are class action lawsuits brought by the Prison Law Office, challenging the provision of medical and mental health care in the California prison system. *Coleman* was filed in 1990 and certified as a class in 1991 (Dkt. ## 1, 103); *Plata* was filed in 2001 and certified as a class in 2002 (Dkt. ## 1, 69.) Both cases are still being litigated today.

Twenty-three years of class action litigation defeats the "principal purpose" of a Rule 23 class action:  to foster efficient and economical litigation. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974). *Wal-Mart* was a

watershed moment in many ways because its heightened standard recognizes the potential for abuse of class certification. It should be applied with full force to Eighth Amendment claims, which are just as susceptible to abuse (if not more). Accepting review of this case now could prevent Arizona and other states from becoming the next *Coleman/Plata*. Before we go down that costly path, this Court should weigh in on the propriety of class certification in Eighth Amendment cases like this one. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1275 (11th Cir. 2000) ("The fact that the lawsuit involves a governmental entity, or has a strong public interest component" supports reviewing class certification order).

## B. The District Court's Order is Manifestly Erroneous

### 1. Commonality

*Wal-Mart* is very clear. Although "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury," it is no longer sufficient to allege "merely that they have all suffered a violation of the same provision of law." 131 S. Ct. at 2551. Thus, in *Wal-Mart*, "the mere claim by employees of the same company that they have suffered a Title VII injury" was not sufficient to establish commonality. *Id.* It is also insufficient to recite questions like, "Is that an unlawful [] practice?" *Id.* The district court ignored these express admonitions, and found that commonality was satisfied

simply because the class members' claims were based on a "common legal theory." (Att. 1 at 13.) The common question?  "[W]hether Defendants' practices are deliberately indifferent to inmates' health and safety in violation of the Eighth Amendment and subjection to unconstitutional conditions of confinement in isolation units." (Id. at 11.)  This contravenes *Wal-Mart*.

This purported common question also violates what is perhaps the biggest takeaway from *Wal-Mart*:  commonality does not turn on the mere existence of common questions, "even in droves." *Id*.  Rather, what matters is "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id*.  Thus, the common question must be capable of producing a common answer "in one stroke." *Id*. at 2552. Furthermore, in determining whether a common question will generate a common answer, a court *must* consider any dissimilarities between class members. *Id*. at 2551, 2556.  This is because dissimilarities within the proposed class can "impede the generation of common answers." *Id*.

The district court's "Governing Standard" discussion ignores these principles entirely.  (Att. 1 at 3–4.) Not only did it rely on a single, impermissible common "question" to certify 17 alleged practices, but it refused to consider the dissimilarities that exist between each class members' claim, calling them "distractions." (Id. at 12–14.)  In fact, the district court stated that

10

"assessing commonality does not require a fact-specific inquiry into each Plaintiff's allegations," a blatant disregard for *Wal-Mart's* holding.  (Id. at 13.) In defense of its approach, the district court tried to limit the reach of *Wal-Mart's* holding, stating that "*Wal-Mart's* analysis on commonality arose in a legally and factually inapposite context."  It also relied on *Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 268 (D.D.C. 1990) – a 1990 district court case out of the District for the District of Columbia that involved an automobile warranty claim – for the general proposition that commonality may be met where "the claims of every class member are based on a common legal theory, even though the factual circumstances differ for each member."  Notably, that proposition in *Walsh* was supported by a citation to a Tenth Circuit case, *Milonas v. Williams*, which held that "factual differences in the claims of the class members should not result in a denial of class certification."  691 F.2d 931, 938 (10th Cir. 1982). The propositions in *Walsh* and *Milonas* are no longer valid because they hold the *exact opposite* of what *Wal-Mart* now instructs. *See* 131 S. Ct. at 2551 ("Commonality … does not mean merely that [class members] have suffered a violation of the same provision of law.… Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.").  The district court applied the pre-*Wal-Mart* standard.

The district court's proposed common question does not survive *Wal-Mart's* test because the answer to that question cannot be answered in "one stroke." The question – whether Defendants' alleged health care practices and conditions of confinement violate the Eighth Amendment – cannot be answered with a yes or no answer. The answer is: it depends – on the particular facts and circumstances of each class members' claim. To prove an Eighth Amendment claim for denial of adequate health care, an inmate must demonstrate a "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal quotations omitted). A prison official is deliberately indifferent if he or she knows of and disregards a serious medical condition, or when an official is aware of facts from which the inference could be drawn that a substantial risk of harm exists, and actually draws such an inference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). In determining deliberate indifference, a court must "scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect." *Wood v. Housewright*, 900 F.2d

1332, 1334 (9th Cir. 1990).  If a claim alleges a delay in treatment, the prisoner must also show that the delay caused "substantial harm."  *Id.* at 1335.

Thus, for each inmate's health care claim, the court must decide: (1) whether the inmate's alleged medical need was "serious"; (2) whether medical staff was aware of the inmate's medical need; (3) whether and to what extent the inmate received treatment; and (4) the extent of any harm or injury sustained.  For those claims that involve delayed treatment (which is the majority of Plaintiffs' claims), the court must also decide (5) whether the delay in treatment caused the inmate "substantial harm."  The facts and circumstances of each inmate's claim will dictate whether there was a constitutional violation.[5]

The permutations are endless.  For example, in this case, the allegations include different types of health care:  medical care, dental care, and mental

---

[5] *Compare McGuckin,* 974 F.2d at 1062 (7-month delay in providing inmate medical care for medical condition that forced him to endure "unnecessary pain" sufficient to present colorable § 1983 claim); *Hunt v. Dental Dep't,* 865 F.2d 198, 201 (9th Cir. 1989) (finding a three-month delay of inmate's treatment for broken teeth and bleeding and infected gums to be deliberately indifferent); *Shapley v. Nevada Bd. of State Prison Com'rs,* 766 F.2d 404, 407 (9th Cir. 1985) (one-year delay in providing knee surgery to inmate, resulting in serious aggravation of injury and permanent impairment, may be actionable); *with Amarir v. Hill*, 243 F.App'x 353, 354 (9th Cir. 2007) (no Eighth Amendment violation where inmate received treatment for dental needs on nine separate occasions over a thirteen month span); *Wood,* 900 F.2d at 1335 (11–day delay in treatment for broken orthopedic pin in inmate's shoulder did not cause sufficient harm); *Mayfield v. Craven,* 433 F.2d 873, 874 (9th Cir. 1970) (11–day delay in treating inmate's "serious facial bone fractures" did not violate Eighth Amendment).

health care.   And within each category, there are multiple sub-categories of claims: medical care (timely access, timely emergency treatment, adequate medication); dental care (timely access, intrusive procedures); mental health care (treatment, medication, therapy).   Within each sub-category, the claims are so markedly different in substance that a determination of whether there was a constitutional violation depends on a close evaluation of the specific facts of each one. For example, under timely access to medical care, one Plaintiff alleges that he was not seen for "days or weeks" by a physician for an ear infection; another alleges she was not seen for four months by a physician for chronic chest pains; and still another alleges he did not receive a CT Scan until seven months after an attack in which he suffered "pain from the injuries." Under mental health treatment, one Plaintiff alleges delays ranging from one to thirteen days to see mental health staff; another Plaintiff claims he has "gone for months" without being seen by a psychiatrist or physician; and yet another claims that he was not treated for nearly a year to address the side effects from his medication.   Whether any of these allegations amounted to a constitutional violation cannot be answered in one stroke.   The majority of courts that have addressed commonality in Eighth Amendment health care cases agree with this analysis and have held that commonality cannot be satisfied.[6]

_____

[6]*See, e.g., Mathis v. GEO Group, Inc.,* 2012 WL 600865, at ** 3, 6

Plaintiffs' conditions-of-confinement claims are similarly not suitable for class resolution. Each claim must be addressed individually in light of the facts and circumstances surrounding the prisoner's exposure to the condition, including its duration. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) ("The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred."). Inmates in maximum custody cells are not exposed to the exact same conditions, nor are they exposed to the same conditions for the same amount of time. It is the actual exposure and duration that will determine whether a class member endured unconstitutional conditions. For example, one Plaintiff claims that exercise is "often canceled"; another Plaintiff claims that he gets "no meaningful" exercise; and another claims that he was "unable to go to rec except for maybe once a week" and that "sometimes" his recreation was "cut." Whether a constitutional violation has occurred can be resolved only by assessing each individual class member's exposure to the alleged conditions,

---

(E.D.N.C. 2012); *Schilling v. Kenton County, Ky.*, 2011 WL 293759, at **1, 9 (E.D. Ky. Jan. 27, 2011); *Smith v. Sheriff of Cook County*, 2008 WL 1995059, at **1–2 (N.D. Ill. 2008); *Stevens v. Harper*, 213 F.R.D. 358, 381–82 (E.D. Cal. 2002); *see also Snead v. Mohr*, 2012 WL 5988774, at **1–2 (S.D. Ohio 2012).

and then determining whether those conditions violated that individual's constitutional rights. This cannot be done on a class-wide basis.[7]

## 2. Typicality

The district court's finding of typicality is perfunctory given the magnitude of this case. It finds typicality based on the fact that all of the class members are ADC inmates and therefore subject to the same ADC practices; thus they are exposed to "a" substantial risk of serious harm. (Att. 1 at 18–19.) Although the class members' injuries need not be "identical" to one another, they must be "reasonably coextensive." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The district court's conclusion is far too broad to satisfy this standard. That every ADC inmate is exposed to some form of risk does not make Plaintiffs' claims in this lawsuit typical of one another. If that were the standard, every prisoner class action lawsuit would satisfy typicality under Rule 23(a)(3).

---

[7] *Compare Foster v. Runnels*, 554 F.3d 807, 812–13 (9th Cir. 2009) (denial of 16 meals in 23 days was sufficiently serious deprivation); *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (deprivation of outdoor exercise for 45 days constituted cruel and unusual punishment); *with May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (no Eighth Amendment claim for 3-week deprivation of outdoor exercise where prisoner able to exercise in cell and leave cell for shower); *Branham v. Meachum*, 77 F.3d 626, 630–31 (2nd Cir. 1996) (keeping inmate on lockdown and "full restraint" status without outdoor exercise for a period of approximately 22 days did not violate Eighth Amendment).

The district court's finding ignores the fact that the 17 underlying alleged practices expose inmates to *different* harms.  Not all inmates are mentally ill; not all inmates have serious medical issues; not all inmates need a tooth extracted.  Indeed, not all of the Plaintiffs raise medical, dental, and mental health claims.  And of those that do raise these claims, many of them do not allege a resulting harm or injury at all.  When they do allege a specific harm, they are different.  These variations destroy typicality, and the majority of courts that have addressed this issue agree.[8]

### 3.    Rule 23(b)(2)

Plaintiffs' request for relief is an injunction requiring, for example, "sufficient" staffing levels, "timely" access to care, and prohibition of conditions that put inmates at "substantial risk of serious physical and mental harm."  (Dkt. # 1 at 73–74.)  Injunctions at such a "stratospheric level of abstraction," *Shook v. Bd. of County Commissioners of County of El Paso*, 543 F.3d 597, 606 (10th Cir. 2008), violate Rule 23(b)(2).[9]  Citing *Shook*, the district

---

[8] *See Schilling*, 2011 WL 293759, at *10; *Kress v. CCA of Tennessee, LLC*, 272 F.R.D. 222, 229 (S.D. Ind. 2010), *aff'd by*, 694 F.3d 890 (7th Cir. 2012); *Bogle v. Raines*, 2010 WL 3890863, at *3 (W.D. Mich. 2010); *Smith*, 2008 WL 1995059, at **1–2.

[9] *See Martinez v. Brown*, 2011 WL 1130458, at *15 (S.D. Cal. 2011) (a proposed injunction that "attempts to build flexibility into its terms" violates Rule 65(d)'s specificity requirement; "Individual wardens at CDCR facilities would ostensibly be placed under the contempt power of the Court and exposed

court ruled that Plaintiffs were not required to come forward with an injunction with "exacting precision" at the class certification stage.   While *Shook* does state that, it goes on to state that a motion for class certification must at least be "sufficient to allow the district court to see how it might satisfy Rule 65(d)'s constraints and thus conform with Rule 23(b)(2)'s requirement."   543 F.3d at 606 n.4.   The district court did not allude to how this could be done, and other courts, including *Shook*, have concluded that it cannot be done because any injunction would have to be specifically tailored to each class member given the individualized nature of the Eighth Amendment claims.[10]   The district court's

---

to sanctions for violating an Injunction whose terms, at worst, are unfixed and, at best, vary according to the institution. The Court would be required to determine, for each facility (or subdivision therein), what constitutes a 'reasonable' restriction in light of the needs of an inmate group. Where the relief sought by a putative class needs to be tailored to unenumerated subgroups, a class action is not appropriate."); *Doe v. Unified Sch. Dist. 259*, 240 F.R.D. 673, 681–82 (D. Kan. 2007).

[10] *See, e.g., Vallario v. Vandehey*, 554 F.3d 1259, 1268 (10th Cir. 2009) (in lawsuit by inmates challenging mental health care, class-wide injunctive relief did not satisfy Rule 23(b)(2) where inmates sought "to enjoin a 'wide range of behavior' against the 'broad class framed in the complaint'" but "eschew[ed] any effort to give content" to the relief requested, and could not demonstrate that "'injunctive relief-relative to the class-is conceivable and manageable without embroiling' the district court 'in disputes over individualized situations and constantly shifting class contours'"); *Shook*, 543 F.3d at 600, 605, 608 (affirming denial of motion to certify class of mentally ill inmates challenge to mental health care under Rule 23(b)(2), because proposed injunction ordered a "wide range of behavior conformed to an essentially contentless standard, bounded only by reference to ambiguous terms like "reasonable" behavior or "adequate" treatment).

answer to this quandary was that it could avoid specific tailoring by simply ordering a blanket injunction setting a higher standard of care that benefitted all class members.  But doing this would violate the Prison Litigation Reform Act. *See* 18 U.S.C. § 3626(a)(1) (prospective relief relating to prison conditions must be "narrowly drawn" and "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs").  The district court has committed itself to doing something that will inevitably violate either Rule 23(b)(2) or 18 U.S.C. § 3626(a)(1).

### 4.      System-wide practices

A challenge to a system-wide policy or practice requires "significant proof" that the alleged policy or practice is in fact system-wide.  *Wal-Mart Stores*, 131 S. Ct. at 2553.  The district court concluded that a letter from ADC to its private health care provider Wexford Health Services, which identified twenty deficiencies in the provision of health care, "tip[ped] the balance in favor of concluding that the problems identified in the provision of health care are not merely isolated instances but, rather, examples of systemic deficiencies that expose all inmates to a substantial risk of serious harm."  This conclusion was based on the court's erroneous assumption that the twenty listed deficiencies existed at all ten ADC facilities.  Those listed deficiencies, however, did not exist at all ten facilities.  And even assuming that they did, the

district court certified alleged practices falling outside that list of twenty, which were based only on the allegations of a few Plaintiffs.[11] The remaining evidence Plaintiffs provided was based either on general, non-specific assertions or isolated occurrences involving a handful of inmates or reports from a few facilities during a short period of time. Plaintiffs provided no statistical evidence. This is well short of the requisite "significant proof" needed.

## CONCLUSION

For these reasons, Petitioners respectfully request this Court to grant them permission to appeal the district court's Order granting class certification.

---

[11] Petitioners have simultaneously moved for reconsideration on these issues (Att. 2), and that motion is still pending. Petitioners contemplated waiting to file this Petition until after the district court ruled on the motion for reconsideration, but were concerned about whether it would be considered timely filed. Although several circuit courts have held that a timely motion for reconsideration tolls the time to file a Rule 23(f) petition for permission to appeal, this Court has never addressed the issue. *See Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192 (3rd Cir. 2008) (collecting cases). Out of an abundance of caution, Petitioners timely filed both their motion for reconsideration and this Petition. Petitioners are hopeful that the district court will rule on the motion for reconsideration before this Court issues an order granting or denying this Petition. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("A district court therefore retains jurisdiction over an interlocutory order-and thus may reconsider, rescind, or modify such an order-until a court of appeals grants a party permission to appeal."). If it does, Petitioners will request leave to file an Amended Petition informing this Court of the result and supplementing its arguments. If this Court grants the Petition before the district court has ruled on the motion for reconsideration, Petitioners will request this Court to revest jurisdiction back to the district court to allow it to rule on the motion.

DATED this 20th day of March, 2013.

STRUCK WIENEKE & LOVE, P.L.C.


By ___/s/ Nicholas D. Acedo_____
     Daniel P. Struck, AZ Bar #012377
     Nicholas D. Acedo, AZ Bar #021644
     3100 West Ray Road, Suite 300
     Chandler, Arizona 85226

     Arizona Attorney General Thomas C. Horne
     Office of the Attorney General
     Michael E. Gottfried, AZ Bar #010623
     Assistant Attorney General
     1275 W. Washington Street
     Phoenix, Arizona 85007-2926

     *Attorneys for Defendants/Petitioners*
     *Charles Ryan and Richard Pratt*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed ONE copy of the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Daniel Joseph Pochoda
Kelly Joyce Flood
James Duff Lyall
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, AZ 85014-5077

*Attorneys for Plaintiffs, except ACDL*

Caroline N. Mitchell
David C. Kiernan
Sarah Rauh
Sophia Helena Calderón
**JONES DAY** – San Francisco, CA
555 California Street, 26th Floor
San Francisco, CA 94104-1500

*Attorneys for Plaintiffs, except ACDL*

David Cyrus Fathi
Amy Fettig
Ajmel Quereshi
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, DC 20005-2313

*Attorneys for Plaintiffs, except ACDL*

Jennifer K. Messina
Kamilla Mamedova
**JONES DAY** – New York, NY
222 East 41st Street, 2nd Floor
New York, NY 10017-6727

*Attorneys for Plaintiffs, except ACDL*

22

Donald Specter
Alison Hardy
Sara Norman
Corene T. Kendrick
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, CA 94710-1916

*Attorneys for Plaintiffs, except ACDL*

Daniel Clayton Barr,
Amelia Morrow Gerlicher
Kirstin T. Eidenbach
John Howard Gray
Matthew Benjamin du Mée
**PERKINS COIE LLP**
2901 N. Central Ave., Ste. 2000
Phoenix, AZ 85012-2740

*Attorneys for Plaintiffs, except ACDL*

Jennifer Ann Alewelt
Asim Varma
Sarah Eve Kader
**ARIZONA CENTER FOR
DISABILITY LAW**
5025 East Washington Street, #202
Phoenix, AZ 85034-7439

*Attorneys for Plaintiff ACDL*

R. Scott Medsker
**JONES DAY** – Washington, DC
51 Louisiana Avenue NW
Washington, DC 20001-2105

*Attorneys for Plaintiffs, except ACDL*

John Lauren Wilkes
**JONES DAY** – Houston, TX
717 Texas Street, Suite 3300
Houston, TX 77002-2745

*Attorneys for Plaintiffs, except ACDL*

/s/ Nicholas D. Acedo
Nicholas D. Acedo

2737168.1

23