IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>Defendants. | No. CV12-0601-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' Emergency Motion to Stay this action pending the Ninth Circuit's adjudication of their appeal of the Court's grant of class certification (Doc. 532). The Court heard oral argument on the motion on August 7, 2013. For the reasons that follow, the Court declines to stay this action pending appeal but will set firm parameters for the completion of discovery.

I.  **Governing Standard**

To prevail on a motion to stay proceedings pending a Rule 23(f) appeal, a defendant must show that "(1) it is likely to succeed on the merits of the appeal; (2) it will be irreparably injured in the absence of a stay; (3) issuance of a stay will not substantially injure Plaintiff; and (4) the stay is in the public interest." *Brown v. Wal-Mart Stores, Inc.*, 5:09-CV-03339-EJD, 2012 WL 5818300, at *1 (N.D. Cal. Nov. 15, 2012) (citing *Leiva–Perez v. Holder,* 640 F.3d 962, 964–70 (9th Cir. 2011)). These factors must be examined on a "flexible 'continuum,'" so that "a stronger showing of one element may offset a weaker showing of another." *Id*. at *2 (citing *Leiva-Perez*, 640 F.3d at 964).

This case presents important legal issues of great practical import. It also comes at a time of change in the legal landscape surrounding class action litigation, at least in money damage cases under FRCP 23(c). It is difficult to divine whether Defendants have a likelihood of success on the merits of their Rule 23(f) appeal, but the balance of this discussion will assume that factor is not a barrier to Defendants' stay motion. *Gray v. Golden Gate Nat. Recreational Area*, C 08-00722 EDL, 2011 WL 6934433, at *1 (N.D. Cal. Dec. 29, 2011) (citing *Leiva–Perez,* 640 F.3d at 966).

The remaining factors involve more concrete questions that require a balancing of the hardships between the parties. Defendants strenuously maintain that the arduous amount of discovery concerning the class allegations constitutes an irreparable harm. This is particularly true, Defendants posit, because if the class is decertified the scope and nature of discovery will be drastically changed. But *Brown*, 2012 WL 5818300, at *4, which held that forcing Wal-Mart to incur substantial fees and engage in potentially unnecessary discovery constituted "some harm," and which Defendants rely on to establish harm, is not analogous to this case for two reasons. The most important distinction is that discovery had not yet begun in *Brown*, when, here, discovery is almost concluded. And because the Court will narrow the remainder of discovery, the burden to Defendants is mitigated.

Similarly, the Court rejects Defendants' assertion that the discovery already accomplished could be supplemented at the conclusion of the appeal process and would not have to be repeated. The Court does not believe that staffing and conditions at the various prison facilities will be substantially the same at the conclusion of the appeal process, which, Defendants concede, could take years (Doc. 566, Aug. 7, 2013 Hrg. Tr. at 13:21:22 ("It could be months. It could be years. That's just the first level [of appeal]")). In the event that the class is not decertified, and the Court eventually determined that systemic injunctive relief would be appropriate, it would not issue an injunction based on years-old data. Thus, if the data becomes obsolete, then the discovery process would

have to continue anew, which would squander the large amount of work already completed---work that Defendants lament (Doc. 532 at 3-7). In the end, granting the stay and risking repetition of discovery could well result in greater costs to the parties and the Court, which precludes a finding of irreparable harm absent a stay.

Defendants also overstate the change in the lawsuit in the event the class is decertified. While certain aspects of the lawsuit would certainly be narrowed, the case would not transform into a simple inquiry into the health care of the thirteen named Plaintiffs. Rather, it would still involve systemic issues of staffing at the facilities where the thirteen inmates are housed, which involves much of the same discovery that has already occurred. This case is not just about particular instances of deficient or adequate health care. Plaintiffs ground their individual claims and their class claims on unconstitutional inadequacy of heath care generally. This case will rise or fall based on gross data concerning staffing levels and how care is administered on a large level. It was on this premise that the Court certified the class in the first instance, because relief for the named Plaintiffs would necessarily result in relief affecting the unnamed class members.

The foregoing is contrasted with the potential harm to Plaintiffs if a stay is granted. Plaintiffs maintain that if the Court grants a stay, the unconstitutional provision of health care will continue unabated and poses a substantial risk of harm to all inmates. At this point, the Court cannot assess Plaintiffs' chance of success on the merits of their claims. But in their response to the motion for stay, Plaintiffs detail a sampling of evidence concerning health care that is troubling (Doc. 542 at 7-8). Defendants attempt to dilute the potency of the evidence by contending that it is cherry-picked and stale, but they do not dispute the accuracy of the assertions.[1] Because of the nature of the

---

[1] Defendants object to Plaintiffs' use of data from March or April 2013 to support their assertion that a stay would harm the class but, at oral argument, contended conversely that data from 2013 would be sufficiently fresh to use at trial after the Rule 23(f) appeal. *Compare* Doc. 543 at 11 *with* Doc. 566, Aug. 7, 2013 Hrg. Tr. at 21:25-

- 3 -

allegations, and the potential risk to Plaintiffs should a stay be issued, this factor favors Plaintiffs.

Finally, the Court must consider the public's interest. Defendants acknowledge that the public has an interest in preventing constitutional violations but contend that because no finding has been made, the public's interest lies in conserving judicial resources. *Brown*, 2012 WL 5818300, at *5. But for the reasons already described, concluding discovery now will be the most efficient use of resources for both parties. Defendants' motion for a stay must be denied.

## II. Direction on Completion of Discovery

The backdrop against this entire discussion is the amount of discovery that has taken place, which well exceeded what the Court contemplated, and some of which may have been inefficient or unnecessary. That said, to avoid forfeiting the value of the discovery that has taken place, and to minimize Defendants' burden, the Court will set the following parameters to bring discovery to its conclusion.

The Court will limit the remaining expert tours to Dr. Williams' three one-day tours, scheduled to occur on August 14-16, 2013.[2] The ADC contract monitors' depositions will also be limited to three, which the Court will take as representative of all eleven unless Defendants object and offer all eleven for deposition.

Finally, with respect to the narrowed request for electronic mail discovery, the Court provided direction at the August 7, 2013 hearing and instructed the parties to confer about ways to perform an economical review of the electronic mail for privilege and security concerns. The Court is satisfied that the privilege concerns are extinguished by filtering the electronic mail to exclude those addressed to or received by attorneys,

---

22:1 ("[T]he discovery that we have already taken, that's not going to be wasted. Things aren't going to change.").

[2] Dr. Shulman's remaining tours have already occurred on August 7 and 8, 2013.

- 4 -

subject to a clawback agreement to address any privileged documents that evade the filter. The parties must confer to identify a method to review the mail for security concerns. After the parties agree on the approaches for both issues, the parties must submit proposed language to the Court documenting the same, and the limited electronic mail must be produced.

**IT IS THEREFORE ORDERED:**

(1) Defendants' Emergency Motion to Stay (Doc. 532) is **denied**.

(2) Plaintiffs' request for a 90-day extension of fact discovery (Doc. 559 at 8) is **denied**.

(3) The only remaining expert tours will be conducted by Dr. Bree Williams, which are scheduled to occur on August 14-16, 2013.

(4) The depositions of contract monitors are limited to three.

(5) The parties are directed to confer regarding the means by which the parties can review the electronic mail discovery to be disclosed for privilege and security concerns and must submit proposed language to the Court documenting the same.

Dated this 9th day of August, 2013.

_____
Neil V. Wake
United States District Judge