Index of Exhibits to Declaration of Donald Specter in Support
of Plaintiffs' Motion for Clarification


Exhibit 1:          Order [Docket No. 20] in *Parsons, et al. v. Ryan*, et al., No. 13-16396,
                    (9th Cir. Aug. 15, 2013).

Exhibit 2:          Defendants' Ninth Supplemental Disclosure Statement produced to
                    Plaintiffs on Monday, August 12, 2013.

Exhibit 3:          Email exchange dated August 14, 2013 between Donald Specter and Dan
                    Struck

Exhibit 4:          Excerpts from Defendants' Request for Proposal for the Privatization of
                    Health Care and Amendments

Exhibit 5:          Declaration of Robert Cohen, M.D. in Support of Prisoner
                    Plaintiffs/Appellees' Response to Defendants/Appellants' Motion to Stay
                    District Court Proceedings Pending Rule 23(f) Appeal **(Filed Under Seal)**
                    in *Parsons, et al. v. Ryan*, et. al. (9th Cir. Aug. 15, 2013)

# Exhibit 1

FILED

UNITED STATES COURT OF APPEALS

AUG 15 2013

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTOR ANTONIO PARSONS;
SHAWN JENSEN; STEVE SWARTZ;
DUSTIN BRISLAN; SONIA
RODRIGUEZ; CHRISTINA
VERDUZCO; JACKIE THOMAS;
JEREMY SMITH; ROBERT CARRASCO
GAMEZ, Jr.; MARYANNE CHISHOLM;
DESIREE LICCI; JOSEPH HEFNER;
JOSHUA POLSON; CHARLOTTE
WELLS; ARIZONA CENTER FOR
DISABILITY LAW,

         Plaintiffs - Appellees,

  v.

CHARLES L. RYAN; RICHARD
PRATT,

         Defendants - Appellants.

No. 13-16396

D.C. No. 2:12-cv-00601-NVW
District of Arizona,
Phoenix

ORDER

Appellants' Emergency Motion to Stay District Court Proceedings is

DENIED.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Kwok Wong
Deputy Clerk

# Exhibit 2

1  Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
2  Michael E. Gottfried, Bar No. 010623
   Lucy M. Rand, Bar No. 026919
3  Assistant Attorneys General
   1275 W. Washington Street
4  Phoenix, Arizona 85007-2926
   Telephone: (602) 542-4951
5  Fax: (602) 542-7670
   Michael.Gottfried@azag.gov
6  Lucy.Rand@azag.gov

7  Daniel P. Struck, Bar No. 012377
   Kathleen L. Wieneke, Bar No. 011139
8  Rachel Love, Bar No. 019881
   Timothy J. Bojanowski, Bar No. 22126
9  Nicholas D. Acedo, Bar No. 021644
   Courtney R. Cloman, Bar No. 023155
10 Ashlee B. Fletcher, Bar No. 028874
   Anne M. Orcutt, Bar No. 029387
11 STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
12 Chandler, Arizona  85226
   Telephone:  (480) 420-1600
13 Fax:  (480) 420-1696
   dstruck@swlfirm.com
14 kwieneke@swlfirm.com
   rlove@swlfirm.com
15 tbojanowski@swlfirm.com
   nacedo@swlfirm.com
16 ccloman@swlfirm.com
   afletcher@swlfirm.com
17 aorcutt@swlfirm.com
   *Attorneys for Defendants*

18

19                 **UNITED STATES DISTRICT COURT**

20                      **DISTRICT OF ARIZONA**

21 Victor Parsons, *et al.*, on behalf of themselves      NO. CV12-0601-PHX-NVW
   and all others similarly situated; *et al.*, and
   Arizona Center for Disability Law,                     **DEFENDANTS' *NINTH***
22                                                        **SUPPLEMENTAL DISCLOSURE**
                                          Plaintiffs,     **STATEMENT**
23
24                  v.
25 Charles Ryan, Director; *et al.*,
26                                        Defendants.
27
          Defendants, through counsel and pursuant to Federal Rule of Civil
28
   Procedure 26(a)(1), submit their ***Ninth*** Supplemental Disclosure Statement.  Defendants

will supplement and/or amend this disclosure statement as information is discovered. *Supplemental and/or revised text is shown in bolded and italicized font*.

## I.   NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

### A. *INDIVIDUALS WHO WILL BE CALLED TO TESTIFY*

1.    Charles Ryan, ADC Director, Defendant
c/o Struck Wieneke & Love, P.L.C.[1]
3100 West Ray Road, Suite 300
Chandler, AZ 85226
(480) 420-1600
  and
Office of the Attorney General, State of Arizona
1275 West Washington Street
Phoenix, AZ 85007-2926
(602) 542-1610

Charles Ryan is the Director of the ADC. *Director Ryan will testify regarding his training and experience in corrections and his role in the development of policies, procedures, training programs, and ADC's strategic vision. Director Ryan has more than 35 years of experience in the field of corrections. He has served as Director of the Arizona Department of Corrections since 2009, and prior to that as Deputy Director of Prison Operations, as a prison warden and as a prison administrator. He possesses in-depth, hands-on institutional knowledge. Director Ryan has extensive experience in the development of correctional institution policy including the formulation of the inmate classification system, the staffing, operation and activities of various prison complexes and the development of budgetary requirements. Director* Ryan will testify regarding the centralization of health and mental health care for certain inmate populations. He  is likely to testify with regard to the maintenance and administration of ADC institutions and programs; ADC policies, procedures, and

---

[1]  All parties listed as care of Struck Wieneke & Love, P.L.C. shall also be in care of the Attorney General's Office, State of Arizona, regardless of whether it is explicitly stated. Further, Struck Wieneke and Love's and the Attorney General's Office's contact information for all parties shall be the same as listed for Director Ryan, unless specifically stated otherwise.

practices, including those related to medical, dental and mental health care as well as the provision of adequate care to ADC inmates in compliance with constitutional requirements; the improvements in the delivery of health care to the ADC inmate population; the privatization of the entire health care delivery system, specifically, the taking over of the health care system by Wexford Health Sources ("Wexford") from July 1, 2012 through March 3, 2013, and by Corizon Health on March 4, 2013; ADC facilities' compliance with the National Commission on Correctional Health Care Standards ("NCCHC"), Wexford's compliance during its tenure, and Corizon's compliance after it took over on March 4, 2013; various budgetary issues surrounding the ADC and the overall operation of ADC; his recommendation of policies and programs to the Governor and Legislature for improving corrections programs including health care services; his establishment of employment qualifications for key personnel as well as relevant staffing policies, procedures, levels, and issues with regard to dental, medical, and mental health personnel as well as to any communications with said personnel; financial issues relative to the administration of specialty care to inmates at ADC as well as isolation and conditions of confinement issues in various ADC facilities; *exhaustion of the grievance appeal process*.  He will also discuss why changes in policies and procedures were made, and will rebut the suggestion that changes were made because of the filing of Plaintiffs' lawsuit.

> 2. Richard Pratt, ADC Quality/Clinical Program Evaluation Administrator and former Interim Director, Health Services ("HS") Division, Defendant
> c/o Struck Wieneke & Love, P.L.C.

Richard Pratt is the Quality/Clinical Program Evaluation Administrator and the former Interim Division Director of Health Services at ADC.  *Please see Exhibit Bates Numbered ADC123458-123461 for Mr. Pratt's credentials and qualifications. Mr. Pratt was previously deposed and Defendants will rely on his deposition testimony.* In addition to his deposition testimony, Mr. Pratt is likely to testify with regard to policies, procedures, and practices, including those related to medical, dental, mental

health care; his knowledge of Plaintiffs' medical, dental and mental health needs requests and Plaintiffs' institutional history as reflected in grievance appeals files; the privatization of the entire health care delivery system, specifically, the taking over of the entire health care system by Wexford; ADC policies and procedures including those related to medical, dental and mental health care as well as the provision of adequate care to ADC inmates in compliance with constitutional requirements; relevant staffing policies, procedures, levels; ADC facilities' compliance with the NCCHC standards; Wexford's compliance during its tenure; compliance with contract requirements by Corizon; and Corizon's  compliance after it took over on March 4, 2013; policies and procedures including those related to medical, dental and mental health care, statistics, reports and historical data relating to mental, medical and dental care,  as well as the provision of adequate care to ADC inmates in compliance with constitutional requirements.

3.      Carson McWilliams, ADC Northern Region Operations Director (NROD)
c/o Struck Wieneke & Love, P.L.C.

Carson McWilliams is the Northern Region Operations Director of ADC. *Please see Exhibit Bates Numbered ADC123449-123451 for his credentials and qualifications.* Mr. McWilliams is likely to testify with regard to policies and procedures including those related to medical, dental and mental health care, classification, housing, security,  and operations of ADC Complexes in the Northern Region; a description of the complexes, pods, units and security classifications of each facility; fundraising opportunities and activities at Complexes; *implementation of structural changes and programming in ADC facilities; education opportunities and availability to ADC populations; CCTV programing;  implementation of mental health programming at ADC facilities, recreation, employment, and education activities provided to ADC inmates, and the conditions of confinement at ADC facilities, including all matters raised in the court's certification of the class and sub classes as it relates to conditions of confinement, which may include, lighting, food service, recreational activities, mail, food, watch, reading materials and the like; statistics, reports and historical data*

4

1   *relating to mental, medical and dental care; and his knowledge of security operations*

2   *and conditions in maximum custody.*

3         4.     Richard Rowe, M.D., *former* ADC Quality/Clinical, Medical Program

4                 Administrator, HS Division
c/o Struck Wieneke & Love, P.L.C.

5         Dr. Richard Rowe is the HS Division, Quality/Clinical Medical Program

6   Administrator. ***Please see Exhibit Bates Numbered ADC123462-123463 for his***

7   ***credentials and qualifications. Dr. Rowe was previously deposed and Defendants will***

8   ***rely on his deposition testimony.*** In addition to his deposition testimony, ***Dr. Rowe*** is

9   likely to testify with regard to recommendations made to him by doctors at various ADC

10   facilities and the procedure by which recommendations are made to him; policies,

11   practices, procedures, and processes of the administration of all health care services to

12   inmates housed at ADC; relevant staffing policies ***and*** procedures; ***implementation of***

13   ***structural and programming improvements in ADC facilities;*** policies and procedures

14   including those related to medical, dental and mental health care as well as the provision

15   of adequate care to ADC inmates in compliance with constitutional requirements***; his role***

16   ***in authoring inmate mortality reviews; his involvement in working with outside***

17   ***providers as a result of the ACCHS legislation and privatization legislation***.

18         5.     Ben Shaw, M.D. (former ADC HS Division, Quality/Clinical, Mental

19                 Health Monitor (Health Services Coordinator)) ***, current Mental Health***
***Director at Corizon***
c/o Corizon Health

20

21         ***Ben Shaw, M.D., is the former HS Division, Quality/Clinical, Mental***

22   ***Health Monitor (Health Services Coordinator) at ADC, and the current Mental Health***

23   ***Director at Corizon. Dr. Shaw was previously deposed and Defendants will rely on his***

24   ***deposition testimony. In addition to his deposition testimony, Dr. Shaw will testify with***

25   ***regard to policies and procedures at the time of his employment with ADC, including***

26   ***those related to mental health needs; the privatization of the entire health care delivery***

27   ***system, specifically, the transition of the entire health care system to Wexford; the***

28   ***transition of the entire health care system to Corizon; the provision of adequate care to***

1   *ADC inmates in compliance with constitutional requirements, statistics, reports and*

2   *historical data relating to mental, medical and dental care,   and his current job*

3   *activities.  Dr. Shaw may also testify regarding his knowledge of the care and treatment*

4   *of the named Plaintiffs, as well as class members whose care he is familiar with. Dr.*

5   *Shaw has knowledge of the mental health group programing, the CCTV programing,*

6   *the activities of the psych associates and other mental health staff, how the telemed*

7   *program works,  medication distribution, the mental health phases at maximum security*

8   *facilities, the incentive programs, and the loaner tv and radio programs.*

9         6.     Carol Pearson, ADC HS ~~Division~~ **Contract Monitoring Bureau**, Medical Records Monitor

10               c/o Struck Wieneke & Love, P.L.C

11   Carol Pearson is the current HS Contract Monitor Bureau Medical Records

12   Monitor and former ADC Medical Records Program Manager at ADC.  *Ms. Pearson was*

13   *previously deposed and Defendants will rely on her deposition testimony.  Ms. Pearson*

14   *is likely to testify regarding her information with regard to ADC Polices, practices, and*

15   *procedures, including those related to the organization, storage, maintenance,*

16   *archiving, and eventual destruction of inmate medical records; and the privatization of*

17   *the healthcare delivery system and its impact on medical records management.*

18         7.     Juliet Respicio-Moriarty, ADC HS Contract Monitoring Bureau, Inmate Grievance Appeals Investigator

19               c/o Struck Wieneke & Love, P.L.C.

20        *Juliet Respicio-Moriarty is the current Inmate Grievance Appeals*

21   *Investigator for ADC. Please see Exhibit Bates Numbered ADC123429-123433 for her*

22   *credentials and qualifications. Ms. Respicio-Moriarty will testify regarding policies,*

23   *practices, and procedures for provision of health care to ADC's inmate population;*

24   *delivery of medication to inmates; delivery of mental health care and dental care; her*

25   *activities in evaluation of mental health services provided by Corizon, reporting on*

26   *those services with the monitoring MGAR reports; and monitoring and reviewing those*

27   *services for patterns; compilation and analysis of statistical data; ensuring compliance*

28   *with federal and state laws; clinical reviews for inmate grievance appeal responses and*

1  *investigations; and her knowledge of Corizon's performance under the Contract with*
2  *ADC.*

3        8.     Kathleen Campbell, ADC HS Contract Monitoring Bureau, Nursing
            Contract Monitor
4              c/o Struck Wieneke & Love, P.L.C.

5          *Kathleen Campbell is the current Nursing Contract Monitor for ADC.*
6  *Please see Exhibit Bates Numbered ADC123435-123438 for her credentials and*
7  *qualifications. Ms. Campbell will testify regarding policies, practices, and procedures*
8  *for provision of health care to ADC's inmate population; delivery of medication to*
9  *inmates; delivery of mental health care and dental care; her activities in evaluation of*
10  *mental health services provided by Corizon, reporting on those services with the*
11  *monitoring MGAR reports; and monitoring and reviewing those services for patterns;*
12  *compilation and analysis of statistical data; ensuring compliance with federal and state*
13  *laws; clinical reviews for inmate grievance appeal responses and investigations; and*
14  *her knowledge of Corizon's performance under the Contract with ADC.*

15        9.     Sam Tardibuono, ADC HS Contract Monitoring Bureau, Contract Monitor,
            ASPC-Douglas
16              c/o Struck Wieneke & Love, P.L.C.

17          *Sam Tardibuono is the current Contract Monitor at ASPC-Douglas.*
18  *Please see Exhibit Bates Numbered ADC123464-123467 for his credentials and*
19  *qualifications. Mr. Tardibuono will testify regarding policies, practices, and procedures*
20  *for provision of health care to ADC's inmate population; delivery of medication to*
21  *inmates; delivery of mental health care and dental care; her activities in evaluation of*
22  *mental health services provided by Corizon, reporting on those services with the*
23  *monitoring MGAR reports; and monitoring and reviewing those services for patterns;*
24  *compilation and analysis of statistical data; ensuring compliance with federal and state*
25  *laws; clinical reviews for inmate grievance appeal responses and investigations; and*
26  *her knowledge of Corizon's performance under the Contract with ADC.*

27

28

10. David Robertson, D.O., ADC HS ~~Division~~ **Contract Monitoring Bureau**, Quality/Clinical, Medical Program Administrator~~/Monitor~~
c/o Struck Wieneke & Love, P.L.C.

*Dr. David Robertson is the current HS Contract Monitoring Bureau, Quality/Clinical, Medical Program Administrator. Please see Exhibit Bates Numbered ADC123413-123418 for his credentials and qualifications. Dr. Robertson will testify regarding ADC policies, practices, and procedures including those related to medical care, review and investigation of medical grievances, inmate death investigations and mortality reviews, implementation by Corizon of electronic medical records, Corizon's telemedicine system; his knowledge of Plaintiffs' medical health needs and the continuous improvements in the delivery of health care to the ADC inmate population.*

11. Nicole Taylor, Ph.D., ADC HS ~~Division~~ **Contract Monitoring Bureau**, Quality/Clinical, **Health Services Coordinator** (Mental Health Monitor) ~~(Health Services Coordinator)~~ and former Psychologist III and FHA at ASPC-Florence
c/o Struck Wieneke & Love, P.L.C.

*Nicole Taylor, Ph.D. is the current HS Contract Monitoring Bureau, Quality/Clinical, Health Services Coordinator (Mental Health Monitor). Please see Exhibit Bates Numbered ADC123454-123457 for her credentials and qualifications. Dr. Taylor will testify regarding ADC policies, practices, and procedures including those related to mental health care and conditions of confinement; her knowledge of Plaintiffs' mental health care needs; the privatization of the entire health care system by Wexford; and the subsequent transition to Corizon; the provision of adequate care to ADC inmates in compliance with constitutional requirements; relevant staffing policies, procedures, levels and issues with regard to mental health personnel.*

12. Ron Credio, Warden, ASPC-Eyman
c/o Struck Wieneke & Love, P.L.C.

*Ron Credio is the Warden at ASPC-Eyman. He has been employed with the ADC for over 18 years, starting as a Correctional Officer at ASPC-Eyman/Rynning Unit. He was promoted to the position of Sergeant at ASPC-Florence/Central Unit, Lieutenant at ASPC-Eyman/Meadows Unit, Captain at ASPC-Florence/Picacho and*

8

*North Unit, Associate Deputy Warden at ASPC-Florence/South Unit, Deputy Warden as ASPC-Phoenix/Globe and Alhambra, and Deputy Warden of Operations at ASPC-Florence.  Warden Credio has a Bachelor of Science in Public Safety Administration, Associates Degree in Corrections, and Associates Degree in Management. He is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Eyman, its cell blocks, the inmates housed at ASPC-Eyman, recreation and therapy and behavioral programming at ASPC-Eyman, access to healthcare and the delivery of healthcare to inmates.  Warden Credio is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues, conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Credio will also provide foundational testimony for institutional records.*

        13.    Gerald Thompson, DW, ASPC-EYMAN-SMU I
                c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Gerald Thompson is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Eyman, its cell blocks, the*

9

*inmates housed at SMU-I, and recreation, therapy and behavioral programming at SMU-I, and access to healthcare and delivery of healthcare to the inmates. Deputy Warden Thompson is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues, conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Deputy Warden Thompson will also provide foundational testimony for institutional records.*

      14.    Assistant Deputy Warden Munoz, ASPC-Eyman

*Assistant Deputy Warden Munoz is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Eyman, its cell blocks, the inmates housed at ASPC-Eyman, recreation and therapy and behavioral programming at ASPC-Eyman, and access to healthcare and delivery of healthcare to the inmates. Assistant Deputy Warden Munoz is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates*

10

*with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues,  conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Assistant Deputy Warden Munoz will also provide foundational testimony for institutional records.*

15.    Stephen Morris, DW, ASPC-Eyman-Browning Unit (and former DW, ASPC-Florence-East)
c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Stephen Morris is assigned to the Browning Unit at ASPC-Eyman, and is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Eyman, its cell blocks, the inmates housed in Browning Unit, recreation at Browning Unit, therapy and behavioral programming at Browning Unit, and access to healthcare and delivery of healthcare to the inmates. Deputy Warden Morris is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing,*

11

*programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; food service, including nutrition requirements, lighting issues, alleged sanitation and extermination issues at their respective facilities; conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Deputy Warden Munoz will also provide foundational testimony for institutional records.*

16. Lance Hetmer, Warden, ASPC-Florence
c/o Struck Wieneke & Love, P.L.C.

*Lance Hetmer is the Warden at ASPC-Florence. He is responsible for the oversight of a multi-custody facility of approximately 4,270 inmates and approximately 1,055 full time staff. Warden Hetmer began his career with the ADC over 25 year ago as a Correctional Officer at the ASPC-Douglas facility. He was promoted through the ranks, holding the positions of sergeant, lieutenant and captain. With each promotion, he gained knowledge and experience in working with all custody levels at ASPC-Safford, Perryville, and Tucson. For the last 13 years he has held management positions of Associate Deputy Warden, Deputy Warden, and Deputy Warden of Operations. Warden Hetmer is likely to testify regarding his knowledge of ADC's historical and contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Florence, its cell blocks, the inmates housed in each cell block, recreation for all security levels, therapy and behavioral programming for all security levels, and access to healthcare and delivery of healthcare to the inmates. Warden Hetmer is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any*

12

*Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues and extermination issues at their respective facilities; food service, including nutrition requirements, lighting issues, conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Deputy Warden Hetmer will also provide foundational testimony for institutional records.*

17.    Amy Barnes, ADW, ASPC-Florence-Kasson Unit
        c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Amy Barnes is assigned to the Kasson Unit at ASPC-Florence, and is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Florence, its cell blocks, the inmates housed in Kasson Unit, recreation at Kasson Unit, therapy and behavioral programming at Kasson Unit, and access to healthcare and delivery of healthcare to the inmates. Deputy Warden Barnes is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and*

13

*management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Deputy Warden Barnes will also provide foundational testimony for institutional records.*

18.     R. Allen Bock, Warden, ASPC-Lewis (and former Warden of ASPC-Yuma)
        c/o Struck Wieneke & Love, P.L.C.

*Warden Allen Bock is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Lewis, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Bock is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Bock will also provide foundational testimony for institutional records.*

19.     Alfred Ramos, Warden, ASPC-Phoenix
        c/o Struck Wieneke & Love, P.L.C.

*Warden Alfred Ramos is the Warden at ASPC-Phoenix. He began his career in corrections as a group worker at the Yakima County Juvenile Hall in Yakima, Washington.  He ultimately served as a Superintendent in the Washington Correctional*

1   *system until his retirement in 2003.  In March 2004, Warden Ramos was hired by the*

2   *ADC and assigned as an Associate Deputy Warden at ASPC-Lewis.  He was promoted*

3   *in 2011 as Warden at ASPC-Phoenix.  He is likely to testify regarding his knowledge of*

4   *ADC's contemporary practices and procedures in relation to security operations,*

5   *including general information regarding ASPC-Phoenix, its cell blocks, the inmates*

6   *housed in each Unit, recreation at each Unit, therapy and behavioral programming at*

7   *each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden*

8   *Ramos is additionally likely to have discoverable information with regard to Plaintiffs'*

9   *institutional history and ADC's policies and procedures, and conditions of confinement*

10  *with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and*

11  *behavior issues; practices and policies regarding inmates with gang affiliations as well*

12  *as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or*

13  *classification status at any point during their incarceration at ADC as well as the*

14  *policies and procedures regarding the classification, housing, programming, recreation,*

15  *morale and welfare programs, and fundraisers; the management of health care at each*

16  *respective facility, the physical layout of each of their respective facilities; alleged*

17  *sanitation issues at their respective facilities; food service, including nutrition*

18  *requirements, lighting issues ; conditions of confinement and management of*

19  *maximum custody units; inmates' access to programming, visitation, and recreation*

20  *time; and educational programming available to inmates.  Warden Ramos will also*

21  *provide foundational testimony for institutional records.*

22       20.   Berry Larson, Warden, ASPC-Winslow
             c/o Struck Wieneke & Love, P.L.C.

23

24            *Warden Berry Larson is the Warden at ASPC-Winslow. Warden Larson*

25  *manages three correctional facilities with a population of 1,943 inmates and 514 staff, 1*

26  *close/medium custody unit, 2 minimum custody units, and 50 contract jail beds. She has*

27  *been in the corrections field for 24 years, holding the positions of Correctional Officer*

28  *I, Correctional Programs Officer I and II, Correctional Programs Supervisor, Associate*

15

*Deputy Warden, and Deputy Warden.  She was the Deputy Warden of Programs at the Hutchinson Correctional Facility for the Kansas Department of Corrections for 3 years. In the field of corrections, Warden Larson has worked with male and female inmates, and juvenile offenders.  Additionally, she worked in correctional and probationary boot camps for adults and juveniles. She is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Winslow, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Larson is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues ; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Larson will also provide foundational testimony for institutional records.*

       21.    Yolanda Elliott, Warden, ASPC-Douglas (and former DWOP of ASPC-Douglas)
c/o Struck Wieneke & Love, P.L.C.

*       Warden Yolanda Elliott is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Douglas, its cell blocks, the inmates*

16

*housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Elliott is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Elliott will also provide foundational testimony for institutional records.*

22. Judy Frigo, Warden, ASPC-Perryville
c/o Struck Wieneke & Love, P.L.C.

*Warden Judy Frigo is the Warden at ASPC-Perryville.  Please see Exhibit Bates Numbered ADC123426-123428 for her credentials and experience. Warden Frigo is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Perryville, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Frigo is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang*

17

*affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues;  conditions of confinement and management of maximum units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Frigo will also provide foundational testimony for institutional records.*

23.     Lyle Broadhead, Warden, ASPC-Safford
c/o Struck Wieneke & Love, P.L.C.

*Warden Lyle Broadhead is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Safford, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to inmates. Warden Broadhead is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming*

1  *available to inmates. Warden Broadhead will also provide foundational testimony for*

2  *institutional records.*

3      24.    Therese Schroeder, Warden, ASPC-Tucson
              c/o Struck Wieneke & Love, P.L.C.

4      *Warden Therese Schroeder is the Warden at ASPC-Tucson.  She is*

5  *responsible for approximately 1,300 staff and an inmate population of approximately*

6  *5,000 inmates.  Warden Schroeder began her corrections career in October 1988.  Her*

7  *first assignment as a Correctional Officer was at the Echo Unit at ASPC-Tucson.  In*

8  *1996 she was promoted to Correctional Officer III, promoted to Correctional Officer IV*

9  *in 1998, and promoted to Associate Deputy Warden at Tucson/Rincon in 2001.  Warden*

10 *Schroeder was also the Deputy Warden of the Cimarron Unit and Deputy Warden of*

11 *Operations at ASPC-Tucson.  In April 2006 she was appointed as the Warden of ASPC-*

12 *Safford.  In 2008 she was appointed as the Warden at ASPC-Perryville.  She became*

13 *the Warden of ASPC-Tucson in 2011.  Warden Schroeder has an Associate's Degree in*

14 *Business Management and has earned ACA's Certified Corrections Executive*

15 *Certificate.  She is likely to testify regarding her knowledge of ADC's contemporary*

16 *practices and procedures in relation to security operations, including general*

17 *information regarding ASPC-Tucson, its cell blocks, the inmates housed in each Unit,*

18 *recreation at each Unit, therapy and behavioral programming at each Unit, and access*

19 *to healthcare and delivery of healthcare to the inmates. Warden Schroeder is*

20 *additionally likely to have discoverable information with regard to Plaintiffs'*

21 *institutional history and ADC's policies and procedures, and conditions of confinement*

22 *with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and*

23 *behavior issues; practices and policies regarding inmates with gang affiliations as well*

24 *as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or*

25 *classification status at any point during their incarceration at ADC as well as the*

26 *policies and procedures regarding the classification, housing, programming, recreation,*

27 *morale and welfare programs, and fundraisers; the management of health care at each*

28

*respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues;   conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Schroeder will also provide foundational testimony for institutional records.*

25.    Laura Escapule, Warden, ASPC-Yuma (and former Warden of ASPC-Winslow)
c/o Struck Wieneke & Love, P.L.C.

*Warden Laura Escapule is the Warden at ASPC-Yuma.  She began her career with the ADC in 1996 as a Correctional Officer I at ASPC-Douglas.  In 1998 she was promoted to Correctional Officer III at ASPC-Yuma, followed by a promotion to Correctional Officer IV. In 2005 she was promoted to Deputy Warden at ASPC-Tucson, followed by a promotion to Deputy Warden of Operations in 2007 at ASPC-Yuma. Her current appointment entails supervision and management of a prison complex which employs 1,100 administrative, security and support staff, encompassing 2 minimum custody units, 2 medium custody units and 1 close custody unit.  Warden Escapule is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Florence, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Escapule is additionally likely to have discoverable information with regard to ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities;*

*conditions of confinement and management of maximum custody units; inmates'*
*access to programming, visitation, and recreation time; and educational programming*
*available to inmates.   Moreover, Warden Escapule will testify regarding the work*
*incentive pay plan ("WIPP") at Yuma which allows inmates to utilize experience,*
*training, and expertise in meaningful employment while support their needs. Warden*
*Escapule will also provide foundational testimony for institutional records.*

26.    Gretchen Williams, FHA at ASPC-Perryville
c/o Corizon Health

*Gretchen Williams is the current Facility Health Administrator at ASPC-*
*Perryville, and is likely to testify regarding her knowledge of ADC's policies and*
*procedures regarding delivery of health care to ADC's inmate population at ASPC-*
*Perryville; and the day-to-day operation of health services at Yuma including delivery*
*of medication delivery of mental health care and dental care; her knowledge of the*
*relationship between the operational staff at ADC and health care staff at Corizon, and*
*the overall delivery of healthcare to the inmates.*

27.    Robert Parkinson, FHA at ASPC-*Florence*
c/o Corizon Health

*Robert Parkinson is the former Facility Health Administrator for ASPC-*
*Eyman, and current Facility Health Administrator for ASPC-Florence, and is likely to*
*testify regarding his knowledge of ADC's policies and procedures for delivery of health*
*care to ADC's inmate population; and the day-to-day operation of health services at*
*Yuma including delivery of medications and delivery of mental health care and dental*
*care, and the overall delivery of healthcare to the inmates.*

28.    Ann Mullen, FHA at ASPC-Safford
c/o Corizon Health

1         ***Ann Mullen is the Facility Health Administrator for ASPC-Safford, and is***

2 ***likely to testify regarding her knowledge of ADC's policies and procedures for delivery***

3 ***of health care to ADC's inmate population; and the day-to-day operation of health***

4 ***services at Yuma including delivery of medications and delivery of mental health care***

5 ***and dental car,. and the overall delivery of healthcare to the inmates.***

6       29.     Masood Sirjani, Dental Director at ASPC-Phoenix
                 c/o Corizon Health

7

8         ***Masood Sirjani is the Dental Director for ASPC-Phoenix and will testify***

9 ***regarding his knowledge of ADC's policies and procedures for delivery of dental care to***

10 ***ADC's inmate population, the dental intake process for all male ADC inmates at ASPC-***

11 ***Phoenix, triage of dental HNRs, wait times for routine and urgent dental care at ASPC-***

12 ***Phoenix, and the review and resolution of grievances related to dental care, and the***

13 ***overall delivery of healthcare to the inmates.***

14       30.     Cyndy Hale, FHA at ASPC-Yuma
                 c/o Corizon Health

15

16         ***Cyndy Hale is the Facility Health Administrator for ASPC-Yuma, and is***

17 ***likely to testify regarding her knowledge of ADC's policies and procedures for delivery***

18 ***of health care to ADC's inmate population; including delivery of medications, delivery***

19 ***of mental health care and dental care, and the day-to-day operation of health services at***

20 ***Yuma. Ms. Hale is also expected to testify regarding the scheduling of health care***

21 ***appointments and Yuma's recent implementation of the Care Log system which***

22 ***electronically tracks and schedules follow up appointments for inmates with chronic***

23 ***care conditions, and the overall delivery of healthcare to the inmates.***

24       31.     Deborah Kinder, FHA at ASPC-Douglas
                 c/o Corizon Health

25

26

27

28

1       ***Deborah Kinder** is the Facility Health Administrator for ASPC-Florence,*
2  *and is likely to testify regarding her knowledge of ADC's policies and procedures for*
3  *delivery of health care to ADC's inmate population; and the day-to-day operation of*
4  *health services at Yuma including delivery of medications and delivery of mental health*
5  *care and dental care, and the overall delivery of healthcare to the inmates.*

6          32.     Von Marschik, FHA at ASPC-Eyman
                   c/o Corizon Health
7

8          ***Von Marschik** is the Facility Health Administrator for ASPC-Eyman, and*
9  *is likely to testify regarding his knowledge of ADC's policies and procedures for*
10 *delivery of health care to ADC's inmate population; and the day-to-day operation of*
11 *health services at Yuma including delivery of medications and delivery of mental health*
12 *care and dental care. Mr. Marschik has a lengthy tenure with Corizon Health Services*
13 *and is also expected to testify regarding his experience and expertise in privatizing*
14 *health care in correctional settings, and the overall delivery of healthcare to the*
15 *inmates.*

16         33.     Cameron Lewis, FHA at ASPC-Lewis
                   c/o Corizon Health
17

18         ***Cameron Lewis** is the Facility Health Administrator for ASPC-Lewis, and*
19 *is likely to testify regarding his knowledge of ADC's policies and procedures for*
20 *delivery of health care to ADC's inmate population; and the day-to-day operation of*
21 *health services at Yuma including delivery of medications and delivery of mental health*
22 *care and dental care, and the overall delivery of healthcare to the inmates.*

23         34.     Holly Massey, FHA at ASPC-Phoenix
                   c/o Corizon Health
24
25
26
27
28
                                          23

*Holly Massey is the Facility Health Administrator for ASPC-Phoenix, and is likely to testify regarding her knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; and the day-to-day operation of health services at Yuma including delivery of medications and delivery of mental health care and dental care, and the overall delivery of healthcare to the inmates.*

35.   Patrick Harvey, FHA at ASPC-Tucson
       c/o Corizon Health

*Patrick Harvey is the Facility Health Administrator for ASPC-Tucson, and is likely to testify regarding his knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; and the day-to-day operation of health services at Yuma including delivery of medications and delivery of mental health care and dental care, and the overall delivery of healthcare to the inmates.*

36.   Elsie Stowell, FHA at ASPC-Winslow
       c/o Corizon Health

*Elsie Stowell is the Facility Health Administrator for ASPC-Winslow, and is likely to testify regarding her knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; and the day-to-day operation of health services at Yuma including delivery of medications and delivery of mental health care and dental care, and the overall delivery of healthcare to the inmates.*

37.   ***Angelo Daniels, Deputy Warden of Security Operations***
       ***c/o Struck Wieneke & Love P.L.C.***

*Angelo Daniels is the Deputy Warden of Security Operations at ADC, and is likely to testify regarding his knowledge of ADC's policies and procedures for oversight of inmate meal preparation and delivery, including accommodation of the religious standards in place for the various faiths to which inmates in ADC custody belong, and provisions of adequate nutritional needs for special diets.*

38.   Vickie Bybee, Vice President of Operations
       Corizon Health

24

*Vickie Bybee is the Vice President of Operations for Corizon Health, and is expected to testify regarding Corizon's obligations under the Contract with ADC, Corizon's staffing, recruiting, policies, and the provision of medical, mental health and dental health care to ADC's inmate population.*

39.    *Any and all foundational witnesses, including custodians of records necessary to lay foundation for the admissibility of evidence at trial.*

**B.    INDIVIDUALS WHO MAY BE CALLED TO TESTIFY**

40.    Jeff Hood, ADC Deputy Director
c/o Struck Wieneke & Love, P.L.C.

Jeff Hood is the Deputy Director of ADC.  Mr. Hood **will testify regarding his training and experience in corrections, and with** regard to ADC policies and procedures and conditions of confinement; the maintenance and administration of ADC institutions and programs; isolation and conditions of confinement issues in various ADC facilities as well as to ADC's compliance with constitutional requirements for the delivery of healthcare;

41.    Ernest Trujillo, ADC Southern Regions Operations Director (SROD)
c/o Struck Wieneke & Love, P.L.C.

Ernest Trujillo is the Southern Region Operations Director of ADC.  **Please see Exhibit Bates Numbered ADC123472-123477 for his credentials and experience.** Mr. Trujillo is likely to testify with regard to the delivery of medical, dental and mental health care to the inmates; **his activities in ensuring compliance with all Department Orders, Procedural Manuals, Post Orders, and Standard of Operations as they apply to security and operational practices, staff safety, the welfare of the inmate population; his supervision of ADC facilities, including policy and program development and implementation statewide with regard to security operations, inmate programming, and standardization of staffing; ensuring the implementation of the Department's Strategic Plan and other agency initiatives, and standardization of processes and procedures in all facilities.**

25

42.     James Taylor *(former ADC HS Division, Contract Compliance Program Evaluation Administrator)* ***Regional Vice President for Corizon***
c/o Corizon Health[2]
105 Westpark Drive, Suite 200
Brentwood, Tennessee 37027

***James Taylor is the former HS Division, Contract Compliance Program Evaluation Administrator for ADC, and the current Regional Vice President at Corizon. Mr. Taylor  is likely to have discoverable information with regard to ADC policies, practices, and procedures at the time of his employment with ADC, including those related to medical, dental and mental health needs; the privatization of the entire health care delivery system, specifically, the transition of the entire health care system to Wexford; the transition of the entire health care system to Corizon; and the provision of adequate care to ADC inmates in compliance with constitutional requirements.***

43.     Arthur Gross, ADC HS Contract Monitoring Bureau, Assistant Director
c/o Struck Wieneke & Love, P.L.C.

***Arthur Gross is the current HS Contract Monitoring Bureau Assistant Director.  Please see Exhibit Bates Numbered ADC123408-123412 for Mr. Gross's credentials and qualifications. Mr. Gross is likely to have discoverable information with regard to ADC policies and procedures at the time of his employment with ADC, including those related to medical, dental and mental health needs; the privatization of the entire health care delivery system, specifically, the transition of the entire health care system to Wexford; the transition of the entire health care system to Corizon; the provision of adequate care to ADC inmates in compliance with constitutional and contract requirements; and his activities in reporting to the Director of the ADC, provision of oversight and direction to the monitoring team members responsible for ensuring that Corizon provides required health services to ADC's inmate population.***

---

[2]   The contact information for all parties listed as in care of Corizon Health shall be the same as that listed for James Taylor, unless specifically stated otherwise.

44.     ***Martin Winland***, ADC HS ~~Division~~ ***Contract Monitoring Bureau***,
        Quality/Clinical, Pharmacy Monitor *(**Pharmacist**)*
        c/o Struck Wieneke & Love, P.L.C.

*Martin Winland is the current Contract Monitoring Bureau Pharmacy Monitor, taking the place of Paulette Boothby as of May 31, 2013.  He is likely to have discoverable information regarding his knowledge of the PharmaCorr prescription and delivery system and his knowledge of Corizon and PharmaCorr's performance under the Contract with ADC.*

45.     Karen Chu, ADC HS ~~Division~~ ***Contract Monitoring Bureau***,
        Quality/Clinical, Dental Program ***Manager*** ~~Monitor~~ ~~(Dental Program Manager)~~
        c/o Struck Wieneke & Love, P.L.C.

*Karen Chu is the current HS Contract Monitoring Bureau, Quality/Clinical, Dental Program Manager.  Please see Exhibit Bates Numbered ADC123434 for her credentials and qualifications.  Dr. Chu was previously deposed and Defendants will ~~rely will~~ on her deposition testimony.  Dr. Chu is likely to have discoverable information regarding ADC's policies and procedures related to provision of dental care to the ADC inmate population; her knowledge of Plaintiffs' dental health needs;; as well as the provision of adequate care to ADC inmates in compliance with constitutional requirements; her activities in the review and analysis of dental services provided to ADC's inmate population, review and analysis of inmate charts, and response to inquiries from monitoring staff regarding appropriateness of dental services, practices and protocols .*

46.     Julie Jackson, DW, ASPC-Florence
        c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Julie Jackson is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Florence, its cell blocks, the inmates*

*housed at ASPC-Florence, and recreation, therapy and behavioral programming at ASPC-Florence.  Deputy Warden Jackson is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

47. Chris Moody, DWOP, ASPC-Lewis
c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Chris Moody is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Lewis, its cell blocks, the inmates housed at ASPC-Lewis, and recreation, therapy and behavioral programming at ASPC-Lewis.  Deputy Warden Moody is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and*

*fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

48.  Sandra Lawrence, DW, ASPC-Lewis-Stiner Unit (and former DW of ASPC-Lewis-Bachman)
     c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Sandra Lawrence is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Lewis/Stiner Unit, its cell blocks, the inmates housed at Stiner Unit, and recreation, therapy and behavioral programming at ASPC-Lewis. Deputy Warden Lawrence is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

49.  Madeleine Perkins, DW, ASPC-Phoenix-Alhambra and Flamenco Units (and former DW of ASPC-Lewis-Stiner)
     c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Madeleine Perkins is likely to testify regarding her*

*knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Phoenix/Alhambra and Flamenco Unit, its cell blocks, the inmates housed at Alhambra and Flamenco Unit, and recreation, therapy and behavioral programming at ASPC-Alhambra and Flamenco.   Deputy Warden Perkins is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

50.     Travis Scott, ADW, ASPC-Phoenix-Alhambra and Flamenco Units
        c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Travis Scott is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Phoenix/Alhambra and Flamenco Unit, its cell blocks, the inmates housed at Alhambra and Flamenco Unit, and recreation, therapy and behavioral programming at ASPC-Alhambra and Flamenco. Deputy Warden Scott is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary,*

30

*managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement within the maximum custody and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

51.   James O'Neil, DWOP, ASPC-Perryville
c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden James O'Neil is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Phoenix/Alhambra and Flamenco Unit, its cell blocks, the inmates housed at ASPC-Perryville, and recreation, therapy and behavioral programming at ASPC-Perryville.   Deputy Warden O'Neil is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation,*

*and recreation time; and educational programming available to inmates.*

    52.    Betty Barnes, DW, ASPC-Perryville-San Pedro
            c/o Struck Wieneke & Love, P.L.C

*Deputy Warden Betty Barnes is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Perryville/San Pedro Unit, its cell blocks, the inmates housed at San Pedro Unit, and recreation, therapy and behavioral programming at ASPC-San Pedro. Deputy Warden Barnes is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

    53.    Anthony Coleman, DW, ASPC-Perryville-Santa Cruz
            c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Anthony Coleman is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Perryville/Santa Cruz Unit, its cell blocks, the inmates housed at Santa Cruz Unit, and recreation, therapy and*

*behavioral programming at ASPC-Santa Cruz Unit. Deputy Warden Coleman is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

      54.    Lacy Scott, DW, ASPC-Perryville-Lumley
              c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Lacy Scott is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Perryville/Lumley Unit, its cell blocks, the inmates housed at Lumley Unit, and recreation, therapy and behavioral programming at ASPC-Lumley Unit. Deputy Warden Scott is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and*

33

*fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

55.　Panann Days, ADW, ASPC-Tucson-Cimarron Unit
　　　c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Panann Days is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Tucson/Cimarron Unit, its cell blocks, the inmates housed at Cimarron Unit, and recreation, therapy and behavioral programming at ASPC-Tucson/Cimarron Unit.  Deputy Warden Days is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

56.　Angela Basurto, DWOP, ASPC-Yuma
　　　c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden of Operations Angela Basurto is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security*

*operations, including general information regarding ASPC-Yuma, its cell blocks, the inmates housed at ASPC-Yuma, and recreation, therapy and behavioral programming at ASPC-Yuma. DWOP Basurto is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

57. ***Jeri Pepelnjak, CO III at ASPC-Perryville***
***c/o Struck Wieneke & Love, P.L.C.***

*CO III Pepelnjak is likely to testify regarding her knowledge of Plaintiff Charlotte Wells, including Wells' institutional history and conduct while in incarceration.*

58. Dr. Tracy L. Crews, M.D., Former Psychiatrist at ASPC-Perryville
444 N. 44th Street, Suite 400
Phoenix, AX 85008

*Dr. Crews is the former Psychiatrist Supervisor at ASPC-Perryville. Dr. Crews was previously deposed in this case and, if unavailable at the time of trial, Defendants will rely upon her deposition testimony. Dr. Crews is likely to testify with regard to her knowledge of the mental health needs and treatment of ADC's inmate population, the contemporary mental health services policies and procedures implemented during her tenure at ADC; mental health classifications for ADC inmates;*

35

*the prescription and delivery of psychiatric medication to ADC inmates; private and group therapy sessions provided to ADC inmates at ASPC-Perryville.*

59.     Ingebor Popin, Dental Assistant at ASPC-Perryville
        c/o Corizon Health

*Ingebor Popin is currently a Dental Assistant at ASPC-Perryville and is likely to testify regarding ADC's policies and procedures related to dental care provided to the ADC inmate population at ASPC-Perryville, including the dental HNR process, triaging of dental HNRs, informed consents for dental surgery, routine dental services provided to ADC's inmate population, and wait times for dental patients.*

60.     Martha Ortega, Dental Assistant II at ASPC-Phoenix
        c/o Corizon Health

*Martha Ortega is a Dental Assistant II at ASPC-Phoenix, and is likely to testify regarding her knowledge of ADC's policies and procedures for delivery of dental care to ADC's inmate population; the dental intake process for all male ADC inmates at ASPC-Phoenix; triage of dental HNRs; and dental treatment provided to ADC inmates, including pain evaluations, cleanings, fillings, and extractions.*

61.     Stephanie Leonard, Psy.D., at ASPC-Perryville/WTU
        c/o Corizon Health

*Stephanie Leonard, Psy.D. is a Clinical Psychologist currently at ASPC-Perryville/Women's Treatment Unit, and is likely to testify regarding her knowledge of ADC's policies and procedures relating to delivery of mental health care to ADC's inmate population; including prescription and delivery of psychiatric medications to inmates, psychiatric treatment plan implementation and follow-up, and policies and procedures for placement of inmates on mental health and/or suicide watch.*

62.     Tom A. Fulks, Clinical Psychologist, at ASPC-Lewis
        c/o Corizon Health

*Tom Fulks is a Clinical Psychologist currently at ASPC-Phoenix, and formerly at ASPC-Lewis, and is likely to testify regarding his knowledge of ADC's policies and procedures relating to delivery of mental health care to ADC's inmate*

*population; including prescription and delivery of psychiatric medications to inmates, psychiatric treatment plan implementation and follow-up, and policies and procedures for placement of inmates on mental health and/or suicide watch.*

63.    Natalie Morales, Nurse Supervisor, at ASPC-Perryville
c/o Corizon Health

*Natalie Morales is currently a Nurse Supervisor at ASPC-Perryville, and is likely to testify regarding her knowledge of the ADC's policies and procedures related to HNR processing and triage, scheduling of inmates on the nurse's and provider's lines, and response to medical emergencies.*

64.    David Cresap, Director of Nursing at ASPC-Lewis
c/o Corizon Health

*David Cresap is the current Director of Nursing at ASPC-Lewis, and is likely to testify regarding his knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; including delivery of medication, triaging and scheduling inmates for medical appointments, and the methods of delivery of health care to populations with differing custody levels.*

65.    Carl Bynum, Associate Medical Director
Corizon Health

*Carl Bynum is the Associate Medical Director for Corizon Health, and is expected to testify regarding Corizon's obligations under the Contract with ADC, Corizon's staffing, recruiting, policies, and the provision of medical health care to ADC's inmate population.*

66.    Winfred Williams, Chief Medical Officer
Corizon Health

*Winfred Williams is Corizon's current Chief Medical Officer, and likely to testify regarding his knowledge of ADC's policies and procedures related to the delivery of medical care to ADC's inmate population; and the implementation and use of the Care Log software at Yuma. Dr. Williams has a lengthy tenure with Corizon Health Services and will also testify regarding his experience and expertise in privatization of health care in correctional settings.*

67.   Barry Allen, Pharmacy Director
      Corizon Health

*Barry Allen is the Pharmacy Director for Corizon Health, and is expected to testify regarding Corizon's obligations under the Contract with ADC, PharmaCorr's services under its contract with Corizon, and the provision of medical and psychiatric medication to ADC's inmate population.*

68.   Anthony Medel, ADC HS Contract Monitoring Bureau, Contract Monitor II
      at ASPC-Yuma_____
      c/o Struck Wieneke & Love, P.L.C.

*Anthony Medel is the current Contract Monitor for ASPC-Yuma. Please see Exhibit Bates Numbered ADC123403-123407 for his credentials and qualifications. Mr. Medel may testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; his activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; his knowledge of Corizon's performance under the Contract with ADC, and information contained within MGAR Reports.*

69.   Jessica Raak, ADC HS Contract Monitoring Bureau, Quality/Clinical,
      Program Comp Auditor III (Mental Health Auditor)
      c/o Struck Wieneke & Love, P.L.C.

*Jessica Raak is the current Program Compliance Auditor III (mental*

38

*health auditor) for ADC. Please see Exhibit Bates Numbered ADC123424-123425 for her credentials and qualifications. Ms. Raak will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; and her knowledge of Corizon's performance under the Contract with ADC.*

70.    Jen Mielke-Fontaine, ADC HS Contract Monitoring Bureau, Audit Nurse Contract Monitor, ASPC Eyman and Florence
c/o Struck Wieneke & Love, P.L.C.

*Jen Mielke-Fontaine is the current Audit Nurse Contract Monitor, ASPC Eyman and Florence, for ADC. Please see Exhibit Bates Numbered ADC123452-123453 for her credentials and qualifications. Ms. Mielke-Fontaine will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; and her knowledge of Corizon's performance under the Contract with ADC.*

71.    Helena Valenzuela, ADC HS Contract Monitoring Bureau, Contract Monitor at ASPC Phoenix
c/o Struck Wieneke & Love, P.L.C.

*Helena Valenzuela is the current Contract Monitor at ASPC Phoenix. Please see Exhibit Bates Numbered ADC123452-123453 for her credentials and qualifications. Ms. Valenzuela will testify regarding policies and procedures for*

1   *provision of health care to ADC's inmate population; delivery of medication to inmates;*

2   *delivery of mental health care and dental care; her activities in evaluation of mental*

3   *health services provided by Corizon, reporting on those services with the monitoring*

4   *MGAR reports; and monitoring and reviewing those services for patterns; compilation*

5   *and analysis of statistical data; ensuring compliance with federal and state laws;*

6   *clinical reviews for inmate grievance appeal responses and investigations; and her*

7   *knowledge of Corizon's performance under the Contract with ADC.*

8       72.     Matthew Musson, ADC HS Contract Monitoring Bureau, Contract Monitor
                - ASPC-Eyman
9               c/o Struck Wieneke & Love, P.L.C.

10          ***Matthew Musson is the current Contractor Monitor at ASPC-Eyman for***

11   *ADC. Please see Exhibit Bates Numbered ADC123447-123448 for his credentials and*

12   *qualifications. Mr. Musson will testify regarding policies and procedures for provision*

13   *of health care to ADC's inmate population; delivery of medication to inmates; delivery*

14   *of mental health care and dental care; his activities in evaluation of mental health*

15   *services provided by Corizon, reporting on those services with the monitoring MGAR*

16   *reports; and monitoring and reviewing those services for patterns; compilation and*

17   *analysis of statistical data; ensuring compliance with federal and state laws; clinical*

18   *reviews for inmate grievance appeal responses and investigations; his knowledge of*

19   *Corizon's performance under the Contract with ADC, and information contained*

20   *within the MGAR Reports.*

21      73.     Terry Allred, ADC HS Contract Monitoring Bureau, Quality/Clinical,
                Contract Monitor – ASPC Lewis
22               c/o Struck Wieneke & Love, P.L.C.

23          ***Terry Allred is the current Contract Monitor at ASPC-Lewis. Please see***

24   *Exhibit Bates Numbered ADC123470-123471 for his credentials and qualifications. Mr.*

25   *Allred will testify regarding policies and procedures for provision of health care to*

26   *ADC's inmate population; delivery of medication to inmates; delivery of mental health*

27   *care and dental care; his activities in evaluation of mental health services provided by*

28   *Corizon, reporting on those services with the monitoring MGAR reports; and*

*monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; his knowledge of Corizon's performance under the Contract with ADC, and information contained within MGAR Reports .*

74.    Mark Haldane, ADC HS Contract Monitoring Bureau, Contract Monitor, ASPC-Perryville
c/o Struck Wieneke & Love, P.L.C.

*Mark Haldane is the current Contract Monitor at ASPC-Perryville. Please see Exhibit Bates Numbered ADC123419-123421 for his credentials and qualifications. Mr. Haldane will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; his activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; his knowledge of Corizon's performance under the Contract with ADC, and information contained within the MGAR Reports.*

75.    Marlena Bedoya, ADC HS Contract Monitoring Bureau, Contract Monitor
c/o Struck Wieneke & Love, P.L.C.

*Marlena Bedoya is the current Contract Monitor for ADC. Please see Exhibit Bates Numbered ADC123443-123446 for her credentials and qualifications. Ms. Bedoya will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for*

*inmate grievance appeal responses and investigations; her knowledge of Corizon's performance under the Contract with ADC, and information contained within the MGAR Reports.*

76. ***Vanessa Headstream,*** ~~Kathy Campbell,~~ ADC HS ~~Division~~ ***Contract Monitoring Bureau***, Quality/Clinical, ***Health Services Coordinator (***Nursing Monitor*)* ~~(Health Services Coordinator)~~
c/o Struck Wieneke & Love, P.L.C.

*Vanessa Headstream is the current Health Services Coordinator (Nursing Monitor) for ADC. Please see Exhibit Bates Numbered ADC123478-123480 for her credentials and experience. Ms. Headstream will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; and her knowledge of Corizon's performance under the Contract with ADC.*

77. Patricia Arroyo, ADC HS ~~Division~~ ***Contract Monitoring Bureau***, Quality/Clinical*,* ~~Audit Nurse~~ (Program Evaluation Specialist) *(**Audit Nurse**)*
c/o Struck Wieneke & Love, P.L.C.

*Patricia Arroyo is the current Program Compliance Auditor III (mental health auditor) for ADC. Ms. Arroyo will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; and her knowledge of Corizon's performance under the Contract with ADC.*

42

78.    ***Yvonne Maese*** ~~Vanessa Headstream~~, ADC HS ~~Division~~ ***Contract Monitoring Bureau***, Quality/Clinical, ~~Audit Nurse~~ (~~Program Evaluation Specialist~~) ***(Audit Nurse)***
c/o Struck Wieneke & Love, P.L.C.

*Yvonne Maese is the current Program Evaluation Specialist (audit nurse) for ADC. Please see Exhibit Bates Numbered ADC123481-123483 for her credentials and qualifications. Ms. Maese will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data;, random chart and medication monitoring, and ensuring performance guidelines are met in the clinical setting; and her knowledge of Corizon's performance under the Contract with ADC.*

C.    *INDIVIDUALS WHO MAY HAVE KNOWLEDGE*

79.    Victor Parsons, former Arizona Department of Corrections ("ADC") Inmate #123589, Plaintiff
c/o ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona  85013
(603) 650-1854

Victor Parsons is a ***former*** Plaintiff in this matter.  Mr. Parsons is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

80.    Shawn Jensen, ADC #032465, Plaintiff
Arizona State Prison Complex ("ASPC")-Tucson-Manzanita Unit
10000 South Wilmot
P.O. Box 24401
Tucson, Arizona  85734-4401
(520) 574-0024

43

Shawn Jensen is a Plaintiff in this matter.  Mr. Jensen is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

> 81.   Stephen Swartz, ADC #102486, Plaintiff
> ASPC-Lewis-Rast Unit
> 26700 South Highway 85
> P.O. Box 3600
> Buckeye, Arizona  85326-3600
> (623) 386-6160

Stephen Swartz is a Plaintiff in this matter.  Mr. Swartz is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

> 82.   Dustin Brislan, ADC #164993, Plaintiff
> ASPC-Eyman-SMU I
> 4374 East Butte Avenue
> P.O. Box 4000
> Florence, Arizona  85132-4000
> (520) 868-0201

Dustin Brislan is a Plaintiff in this matter.  Mr. Brislan is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

> 83.   Sonia Rodriguez, ADC #103830, Plaintiff
> ASPC-Perryville-Lumley Unit
> 2105 North Citrus Road
> P.O. Box 3300
> Goodyear, Arizona  85395-0904
> (623) 853-0304

Sonia Rodriguez is a Plaintiff in this matter. Ms. Rodriguez is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

> 84.   Christina Verduzco, ADC #205576, Plaintiff
> ASPC-Perryville-Lumley SMA
> 2105 North Citrus Road
> P.O. Box 3300

44

Goodyear, Arizona  85395-0904
(623) 853-0304

Christina Verduzco is a Plaintiff in this matter.  Ms. Verduzco is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

85.   Jackie Thomas, ADC #211267, Plaintiff
ASPC-Eyman-SMU I
4374 East Butte Avenue
P.O. Box 4000
Florence, Arizona  85132-4000
(520) 868-0201

Jackie Thomas is a Plaintiff in this matter.  Mr. Thomas is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

86.   Jeremy Smith, ADC #129438, Plaintiff
ASPC-Lewis-Buckley Unit
26700 South Highway 85
P.O. Box 3400
Buckeye, Arizona 85326-3400
(623) 386-6160

Jeremy Smith is a Plaintiff in this matter.  Mr. Smith is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

87.   Robert Gamez, ADC #131401, Plaintiff
ASPC-Eyman-Browning Unit
4374 East Butte Avenue
P.O. Box 3400
Florence, Arizona  85132-3400
(520) 868-0201

Robert Gamez is a Plaintiff in this matter.  Mr. Gamez is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

88.     Maryanne Chisholm, ADC #200825, Plaintiff
ASPC-Perryville-Santa Cruz Unit
2105 North Citrus Road
P.O. Box 3200
Goodyear, Arizona  85395-0903
(623) 853-0304

Maryanne Chisholm is a Plaintiff in this matter.  Ms. Chisholm is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

89.     Desiree Licci, ADC #150051, Plaintiff
ASPC-Perryville-San Carlos Unit
2105 North Citrus Road
P.O. Box 3700
Goodyear, AZ 85395-0909
(623) 853-0304

Desiree Licci is a Plaintiff in this matter.  Ms. Licci is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

90.     Joseph Hefner, ADC #203653, Plaintiff
ASPC-Lewis-Barchey Unit
26700 South Highway 85
P.O. Box 3200
Buckeye, Arizona 85326-3200
(623) 386-6160

Joseph Hefner is a Plaintiff in this matter.  Mr. Hefner is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

91.     Joshua Polson, ADC #187716, Plaintiff
ASPC-Lewis-Rast Unit
26700 South Highway 85
P.O. Box 3600
Buckeye, Arizona 85326-3600
(623) 386-6160

46

Joshua Polson is a Plaintiff in this matter.  Mr. Polson is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

92.    Charlotte Wells, ADC #247188, Plaintiff
       ASPC-Perryville-Santa Rosa Unit
       2105 North Citrus Road
       P.O. Box 3500
       Goodyear, AZ 85395-0907
       (623) 853-0304

Charlotte Wells is a Plaintiff in this matter.  Ms. Wells is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

93.    Michael Adu-Tutu, M.D., Former ADC Interim Director, HS
       Division,
       c/o Struck Wieneke & Love, P.L.C.

Dr. Michael Adu-Tutu is a former ADC employee and was the Interim Division Director of Health Services at ADC prior to Mr. Pratt. *Dr. Adu-Tutu was deposed in this matter and, if unavailable for trial, Defendants will rely on his deposition testimony.* Dr. Michael Adu-Tutu is likely to have discoverable information with regard to all *materials authored by him, including the  Dental Services Technical Manual and educational programs regarding dental care*

94.    Laurie Berg, ADC HS Division, Executive Staff Assistant
       c/o Struck Wieneke & Love, P.L.C.

*Laurie Berg is the current HS Division Executive Staff Assistant and is likely to have discoverable information regarding the maintenance and storage of inmate records while kept at ADC Central Offices.*

95.    Thomas Higginson, ADW, ASPC-Eyman-*Meadows*
       ~~Browning~~ Unit *(and former ADW for ASPC-Eyman-Browning)*
       c/o Struck Wieneke & Love, P.L.C.

47

96. Ralph Cluff, DW, ASPC-Eyman-Rynning Unit
c/o Struck Wieneke & Love, P.L.C.

97. Geralynn Woods, ADW, ASPC-Eyman-Rynning Unit (and
former ADW, ASPC-Florence-Central)
c/o Struck Wieneke & Love, P.L.C.

98. Jeffrey Freeland, DW, ASPC-Eyman-Cook Unit
c/o Struck Wieneke & Love, P.L.C.

99. Randy Ibarra, ADW, ASPC-Eyman-Cook Unit
c/o Struck Wieneke & Love, P.L.C.

100. Ed Lao, DW, ASPC-Eyman-Meadows Unit
c/o Struck Wieneke & Love, P.L.C.

101. Teresa Hetmer, ADW, ASPC-Eyman-Meadows Unit (and
former ADW of ASPC-Douglas-Mohave)
c/o Struck Wieneke & Love, P.L.C.

102. Kevin Curran, DWOP, ASPC-Florence
c/o Struck Wieneke & Love, P.L.C.

103. Greg Fizer, DW, ASPC-Florence-Central Unit
c/o Struck Wieneke & Love, P.L.C.

104. Jeff Van Winkle, DW, ASPC-Florence-South Unit
c/o Struck Wieneke & Love, P.L.C.

105. Annemarie Smith-Whitson, ADW, ASPC-Florence-South
Unit
c/o Struck Wieneke & Love, P.L.C.

106. Ron Lee, DW, ASPC-Florence-North Unit
c/o Struck Wieneke & Love, P.L.C.

107. William Dodds, ADW, ASPC-Florence-North Unit
c/o Struck Wieneke & Love, P.L.C.

108. Thomas Kane, DW, ASPC-Florence-East Unit
c/o Struck Wieneke & Love, P.L.C.

109. April Robinson, DW, ASPC-Florence-Globe Unit
c/o Struck Wieneke & Love, P.L.C.

110. David Summers, ADW, ASPC-Lewis-Stiner Unit
c/o Struck Wieneke & Love, P.L.C.

48

111. Doug Schuster, DW, ASPC-Lewis-Morey Unit
c/o Struck Wieneke & Love, P.L.C.

112. Brenda Burgess, ADW, ASPC-Lewis-Morey Unit
c/o Struck Wieneke & Love, P.L.C.

113. Kimberly Currier, DW, ASPC-Lewis-Barchey Unit
c/o Struck Wieneke & Love, P.L.C.

114. Brenda Burgess, DW, ASPC-Lewis-Bachman Unit
c/o Struck Wieneke & Love, P.L.C.

115. Terry Hibbard, ADW, ASPC-Lewis-Bachman Unit
c/o Struck Wieneke & Love, P.L.C.

116. Hugh Matson, DW, ASPC-Lewis-Sunrise and Eagle Point
Units
c/o Struck Wieneke & Love, P.L.C.

117. Regina Dorsey, DW, ASPC-Lewis-Buckley Unit
c/o Struck Wieneke & Love, P.L.C.

118. John Weiss, ADW, ASPC-Lewis-Buckley Unit
c/o Struck Wieneke & Love, P.L.C.

119. Michael McCarville, DW, ASPC-Lewis-Rast Unit
c/o Struck Wieneke & Love, P.L.C.

120. Norm Twyford, DW Compliance, ASPC-Phoenix
c/o Struck Wieneke & Love, P.L.C.

121. Kelly Pierce, DW, ASPC-Phoenix-Aspen Unit
c/o Struck Wieneke & Love, P.L.C.

122. Wayne Mooney, DW Compliance, ASPC-Winslow (and
former ADW of ASPC-Eyman-Cook)
c/o Struck Wieneke & Love, P.L.C.

123. Heather Pruett, DW, ASPC-Winslow-Kaibab Unit
c/o Struck Wieneke & Love, P.L.C.

124. Rick Morales, ADW, ASPC-Winslow-Kaibab Unit
c/o Struck Wieneke & Love, P.L.C.

125. Ed White, DW, ASPC-Winslow-Coronado Unit
c/o Struck Wieneke & Love, P.L.C.

49

126.  Vivian Baltierra, DW, ASPC-Winslow-Apache Unit
      c/o Struck Wieneke & Love, P.L.C.

127.  Wayne Wilson, DWOP, ASPC-Douglas (and former DW of
      ASPC-Douglas-Mohave)
      c/o Struck Wieneke & Love, P.L.C.

128.  Bruce Cattell, DW, ASPC-Douglas-Gila Unit
      c/o Struck Wieneke & Love, P.L.C.

129.  ***Render Gregory***[⎯⎯⎯⎯⎯], ADW, ASPC-Douglas-Gila
      Unit
      c/o Struck Wieneke & Love, P.L.C.

130.  Marvin Shatto, DW, ASPC-Douglas-Mohave Unit
      c/o Struck Wieneke & Love, P.L.C.

131.  Mark Jacobson, ADW, ASPC-Douglas-Mohave Unit
      c/o Struck Wieneke & Love, P.L.C.

132.  Robert Langham, DW, ASPC-Douglas-Eggers Unit (and
      former DW of ASPC-Safford-Tonto)
      c/o Struck Wieneke & Love, P.L.C.

133.  Tom Paplawsky, DW, ASPC-Douglas-Papago Unit (and
      former ADW of ASPC-Douglas-Gila)
      c/o Struck Wieneke & Love, P.L.C.

134.  Carol Ortiz, ADW, ASPC-Perryville-Lumley
      c/o Struck Wieneke & Love, P.L.C.

135.  Cindy Neese, DW, ASPC-Perryville-Piestewa Unit
      c/o Struck Wieneke & Love, P.L.C.

136.  Josie James, DW, ASPC-Perryville-Santa Rosa Unit
      c/o Struck Wieneke & Love, P.L.C.

137.  William White, DW, ASPC-Perryville-Santa Maria Unit
      c/o Struck Wieneke & Love, P.L.C.

138.  Andrew Jackson, DW, ASPC-Perryville-San Carlos Unit
      c/o Struck Wieneke & Love, P.L.C.

139.  Jeffrey Hughes, ADW, ASPC-Perryville-San Carlos Unit
      c/o Struck Wieneke & Love, P.L.C.

140. Meegan Muse, DWOP, ASPC-Safford (and former DW of ASPC-Phoenix-Alhambra and Flamenco)
c/o Struck Wieneke & Love, P.L.C.

141. Richard Haggard, DW, ASPC-Safford-Tonto Unit (and former ADW of ASPC-Safford-Fort Grant)
c/o Struck Wieneke & Love, P.L.C.

142. Roxanne Hill, DW, ASPC-Safford-Graham Unit
c/o Struck Wieneke & Love, P.L.C.

143. Kim Daniel, DW, ASPC-Safford-Fort Grant Unit
c/o Struck Wieneke & Love, P.L.C.

144. Dave Mueller, DWOP, ASPC-Tucson
c/o Struck Wieneke & Love, P.L.C.

145. Anna Jacobs, DW, ASPC-Tucson-Rincon and Minors Units
c/o Struck Wieneke & Love, P.L.C.

146. Glenn Pacheco, ADW, ASPC-Tucson-Rincon and Minors Units
c/o Struck Wieneke & Love, P.L.C.

147. Staci Fay, DW, ASPC-Tucson-Santa Rita Unit (and former ADW of ASPC-Eyman-Cook)
c/o Struck Wieneke & Love, P.L.C.

148. Linda Forester, DW, ASPC-Tucson-Cimarron Unit
c/o Struck Wieneke & Love, P.L.C.

149. Danial Lundberg, DW, ASPC-Tucson-Manzanita Unit
c/o Struck Wieneke & Love, P.L.C.

150. Chris Lang, DW, ASPC-Tucson-Winchester Unit
c/o Struck Wieneke & Love, P.L.C.

151. Linda Vega, DW, ASPC-Tucson-Catalina Unit
c/o Struck Wieneke & Love, P.L.C.

152. Daniella Stemple, DW, ASPC-Tucson-Whetstone Unit
c/o Struck Wieneke & Love, P.L.C.

153. Jo Mountain, DW, ASPC-Tucson-SACRC (Southern Arizona Correctional Release Center)
c/o Struck Wieneke & Love, P.L.C.

51

154.   Teru Osorio, DW Compliance, ASPC-Yuma (and former
        ADW of ASPC-Yuma-Dakota)
        c/o Struck Wieneke & Love, P.L.C.

155.   Gerardo Zaragoza, DW, ASPC-Yuma-Cocopah Unit (and
        former ADW of ASPC-Yuma-La Paz)
        c/o Struck Wieneke & Love, P.L.C.

156.   Carla Hacker-Agnew, DW, ASPC-Yuma-Cheyenne Unit (and
        former DW of ASPC-Yuma-La Paz)
        c/o Struck Wieneke & Love, P.L.C.

157.   Rose Sanders, DW, ASPC-Yuma-Dakota Unit
        c/o Struck Wieneke & Love, P.L.C.

158.   Robert Bayles, ADW, ASPC-Yuma-Dakota Unit (and former
        DW of ASPC-Yuma-Cibola)
        c/o Struck Wieneke & Love, P.L.C.

159.   Tomas Ayala, DW, ASPC-Yuma-La Paz Unit (and former
        DW of Compliance at ASPC-Yuma)
        c/o Struck Wieneke & Love, P.L.C.

160.   *Felipe Solis*[_____], ADW, ASPC-Yuma-La Paz Unit
        c/o Struck Wieneke & Love, P.L.C.

161.   Edwin Jensen, DW, ASPC-Yuma-Cibola Unit (and former
        DW of ASPC-Yuma-Cocopah)
        c/o Struck Wieneke & Love, P.L.C.

162.   Melissa Wallace, ADW, ASPC-Yuma-Cibola Unit
        c/o Struck Wieneke & Love, P.L.C.

163.   ~~Justin F. Weiss, M.D.~~
        ~~c/o Corizon Health~~

164.   Jordana Katz, Psy.D. Psych. Assistant II, at ASPC-Perryville
        c/o Corizon Health

165.   Jeffrey A. Brand, P.A., at ASPC-Perryville
        c/o Corizon Health

166.   Timothy R. Johnson, M.S., PA-C, at ASPC-Perryville
        c/o Corizon Health

167.   Rumalso Rodriguez, at ASPC-Perryville
        c/o Corizon Health

168. Mary Gillespie, D.A. II, at ASPC-Perryville
c/o Corizon Health

169. Brian Hanstad, D.M.D., at ASPC-Perryville
c/o Corizon Health

170. Vicente O. Enciso, M.D., at ASPC-Perryville
c/o Corizon Health

171. Nisha George, NP-C, at ASPC-Perryville
c/o Corizon Health

172. Tracy Tolentino, CL.P.N. II, at ASPC-Florence
c/o Corizon Health

173. Ralph Mertens, Psych Assoc. II, at ASPC-Eyman
c/o Corizon Health

174. Patricia Stapler, M.D., at ASPC-Eyman-SMU I
c/o Corizon Health

175. Mike King, Psych Ass. II, at ASPC-Florence
c/o Corizon Health

176. Jessica A. Harrison, M.D. PhD, at ASPC-Tucson
c/o Corizon Health

177. Phillip E. Lucas, D.D.S., Dental Director, at ASPC-Safford
c/o Corizon Health

178. Karolyn K. George, DDS, at ASPC-Florence
c/o Corizon Health

179. Quoc V. Luc, LAC–Psych Associate II, at ASPC-Tucson
c/o Corizon Health

180. Peter Bishop, D.O., at ASPC-Eyman
c/o Corizon Health

181. Humberto Sirvent, PN II, Director of Nursing, at ASPC-
Phoenix Baker Ward
c/o Corizon Health

182. Thomas Bell, D.O., Medical Director, at ASPC-Lewis
c/o Corizon Health

183. Troy Garey, D.M.D., at ASPC-Douglas
c/o Corizon Health

184. Jason Newell, Psychologist II, Mental Health Director, at
ASPC-Phoenix
c/o Corizon Health

185. Kay Mansfield-Blair, PHD, Psychologist II, at ASPC-Perryville
c/o Corizon Health

186. Jordana Katz, Psy.D. Psych. Assistant II, at ASPC-Perryville
c/o Corizon Health

187. C. Rosa, Psychiatric Associate, at ASPC-Perryville
c/o Corizon Health

188. John St. Clair, Ph.D., Psychologist III, at ASPC-Perryville
c/o Corizon Health

189. Dale Lee Palmer, D.O., at ASPC-Perryville
c/o Corizon Health

190. Sandra Ekeinde, Ph.D. Psychologist II, at ASPC-Phoenix
c/o Corizon Health

191. Tamara Lee Porter, C.R.N., Assistant Director of Nursing, at ASPC-Tucson
c/o Corizon Health

192. Jacqueline Worsley, Psy.D. Psychologist II, at ASPC-Phoenix
c/o Corizon Health

193. Michael F. Cleary, M.S., Physiatrist, at ASPC-Phoenix
c/o Corizon Health

194. Daniel James, Psych Associate, ASPC-Lewis
c/o Corizon Health

195. Jose De Los Santos, D.D.S., at ASPC-Perryville
c/o Corizon Health

196. Dr. Jesse R, Coons, D.O., Medical Director at ASPC-Safford
c/o Corizon Health

197. Irma Poulley, D.D.S., Dental Director at ASPC-Tucson
c/o Corizon Health

198. Annette Jasinsky, C.R.N.S. I, Director of Nursing at ASPC-Perryville
c/o Corizon Health

199. Sherri Cluff, C.R.N., RN Supervisor at ASPC-Safford
c/o Corizon Health

200. Jack Fredrickson, D.D.S., Dental Director at ASPC-Douglas
c/o Corizon Health

201. Andrea Irving, D.O., Medical Director at ASPC-Perryville
c/o Corizon Health

202. Suzanne Eymore, Nurse at ASPC-Florence
c/o Corizon Health

203. Joel Turner, Dental Director at ASPC-Douglas
c/o Corizon Health

204. David Hill, Dentist at ASPC-Eyman
c/o Corizon Health

205. Sean Ziaei, Dentist at ASPC-Eyman
c/o Corizon Health

206. Wallace Rumsey, Physician at ASPC-Eyman
c/o Corizon Health

207. Sarah Foxley, Psychologist at ASPC-Eyman
c/o Corizon Health

208. Jamie Kenney, Psychologist at ASPC-Eyman
c/o Corizon Health

209. Charles Moore, Regional Director at ASPC-Eyman
c/o Corizon Health

210. Nicole Bradfield, RN Supervisor at ASPC-Eyman
c/o Corizon Health

211. Donna Lee Thies, Clinical Coordinator at ASPC-Florence
c/o Corizon Health

212. Carlos Weekly, Dental Director at ASPC-Florence
c/o Corizon Health

213. John Jang, Dentist at ASPC-Florence
c/o Corizon Health

214. Joanne Curry, Dentist at ASPC-Florence
c/o Corizon Health

215. Phillip Hendrix, Dentist at ASPC-Florence
c/o Corizon Health

216. Shantell Artley, Director of Nursing atASPC-Florence
c/o Corizon Health

217. Zoran Vukcevic, Medical Director at ASPC-Florence
c/o Corizon Health

218. Dragica Lekic, Psychiatrist at ASPC-Florence
c/o Corizon Health

219. Syed Asad Raza, Psychiatrist at ASPC-Florence
c/o Corizon Health

55

220. Christine Pereira, Psychologist at ASPC-Florence
c/o Corizon Health

221. Elizabeth McCrehin, RN Supervisor at ASPC-Florence
c/o Corizon Health

222. Karen Hudson, Clinical Coordinator at ASPC-Perryville
c/o Corizon Health

223. Kendrick Gray, Dentist at ASPC-Perryville
c/o Corizon Health

224. Liliana Garcia, Dentist at ASPC-Perryville
c/o Corizon Health

225. Jeffrey Sharp, M.D., at ASPC-Perryville
c/o Corizon Health

226. Ronald Schwartz, Psychiatrist at ASPC-Perryville
c/o Corizon Health

227. Salem Gebre, Clinical Coordinator at ASPC-Phoenix
c/o Corizon Health

228. Robert Kearney, Psychiatric RN Supervisor at ASPC-Phoenix
c/o Corizon Health

229. Richard Christiansen, Psychiatric RN Supervisor at ASPC-Phoenix
c/o Corizon Health

230. Laura Sherman, Psychiatric Director at ASPC-Phoenix
c/o Corizon Health

231. Ruth Tenrreiro, Psychologist at ASPC-Phoenix
c/o Corizon Health

232. Pamela Stein, RN Supervisor at ASPC-Phoenix
c/o Corizon Health

233. Erica Johnson, Clinical Coordinator at ASPC-Lewis
c/o Corizon Health

234. Laura Hale, Dental Director at ASPC-Lewis
c/o Corizon Health

235. Hugh Conway, Dentist at ASPC-Lewis
c/o Corizon Health

236. Sundeep Gill, Dentist at ASPC-Lewis
c/o Corizon Health

237. Kenneth Merchant, Physician at ASPC-Lewis
c/o Corizon Health

56

238. Christine Sparacino, Psychologist at ASPC-Lewis
c/o Corizon Health

239. Charmarie Frantz, Director of Nursing at ASPC-Safford
c/o Corizon Health

240. Carolyn Rihanek, Dentist at ASPC-Tucson
c/o Corizon Health

241. Hector Vega, Dentist at ASPC-Tucson
c/o Corizon Health

242. Lisa Allard, Director of Nursing at ASPC-Tucson
c/o Corizon Health

243. Kevin Lewis, Medical Director at ASPC-Tucson
c/o Corizon Health

244. Robert Winsky, Jr. Psychiatrist at ASPC-Tucson
c/o Corizon Health

245. Susan Santa Cruz, Psychologist at ASPC-Tucson
c/o Corizon Health

246. William Brautigam, Psychologist at ASPC-Tucson
c/o Corizon Health

247. Cristobal Eblen, Psychologist at ASPC-Tucson
c/o Corizon Health

248. Elsie Stowell, Facility Health Administrator at ASPC-Winslow
c/o Corizon Health

249. Amy Shumway, Clinical Coordinator at ASPC-Winslow
c/o Corizon Health

250. Kenneth Rice, Dental Director at ASPC-Winslow
c/o Corizon Health

251. Robin Boyd, Dentist at ASPC-Winslow
c/o Corizon Health

252. Julie Lucek, Director of Nursing at ASPC-Winslow
c/o Corizon Health

253. Robert Balda, RN Supervisor at ASPC-Winslow
c/o Corizon Health

254. Emily Elmer, RN Supervisor at ASPC-Winslow
c/o Corizon Health

255. Daniela Munoz, Clinical Coordinator at ASPC-Yuma
c/o Corizon Health

256. Rick Jones, Dental Director at ASPC-Yuma
c/o Corizon Health

257. Deborah Williams, Dentist at ASPC-Yuma
c/o Corizon Health

258. James Browning, Dentist at ASPC-Yuma
c/o Corizon Health

259. Karen Robles, Director of Nursing at ASPC-Yuma
c/o Corizon Health

260. Ed Gogek, Psychiatrist at ASPC-Yuma
c/o Corizon Health

The above listed witnesses (95-260) are likely to have discoverable information regarding the PROVISION OF DENTAL, MEDICAL AND/OR MENTAL HEALTH CARE PROVIDED TO PLAINTIFFS WHILE INCARCERATED AT ADC FACILITIES; knowledge they may have of Plaintiffs' prior dental, medical, and mental health history as well as the symptoms they complained of or presented while in ADC custody; their experiences with Plaintiffs, as to whether Plaintiffs participated in their own care, missed or refused appointments, were a less than cooperative patient care and whether Plaintiffs were a poor historian with respect to self-reports of dental, medical, and mental history they provided; ADC policies and procedures applicable to the provision of dental, medical, and mental health care to inmates; any and all records they authored or reviewed; the level of care received by ADC inmates; the allegations set forth in Plaintiffs' Complaint.

261. Dennis P. Eddy, ADC #053476
ASPC-Eyman-SMU I
P.O. Box 4000
Florence, AZ 85132-4000

Dennis Eddy is an inmate incarcerated under the care and custody of the ADC.  Mr. Eddy is likely to have discoverable information with regard to Plaintiff Dustin Brislan's aggressive behavior while incarcerated.

262. Robert Patton, ADC Division Director of Offender Operations
c/o Struck, Wieneke & Love, PLC

58

Mr. Patton has knowledge and information regarding the ADC's operations and security.

263.   Sgt. Whiting, ADC Sergeant at ASPC-Lewis-Rast Unit
c/o Struck Wieneke & Love PLLC

Sgt. Whiting has knowledge and information regarding Joshua Polson's refusal to receive legal mail from Donald Specter of the PLO on March 13, 2013.

264.   CO II Perry, Correctional Officer at ASPC-Lewis-Rast Unit
c/o Struck Wieneke & Love PLLC

CO II Perry has knowledge and information regarding Plaintiff Joshua Polson's refusal of legal mail from Donald Specter of the PLO on March 13, 2013, and from Perkins Coie on March 15, 2013.

265.   Archuleta, #4284, ADC CO II at ASPC-Lewis-Complex
Mailroom
c/o Struck, Wieneke & Love, PLC

CO II Archuleta has knowledge and information regarding Plaintiff Joshua Polson's refusal to receive legal mail from Donald Specter of the PLO on March 13, 2013, and from Perkins Coie on March 15, 2013.

266.   Harp, ADC CO II at ASPC-Lewis-Complex Mailroom
c/o Struck, Wieneke & Love, PLC

CO II Harp has knowledge and information regarding Plaintiff Joshua Polson's refusal to receive legal mail from Donald Specter of the PLO on March 5, 2013.

267.   Franco, ADC CO II at ASPC-Lewis-Complex Mailroom
c/o Struck, Wieneke & Love, PLC

CO II Franco has knowledge and information regarding Joshua Polson's refusal to receive legal mail from Donald Specter of the PLO on March 5, 2013 *and other interactions with Polson.*

268.   Brian Radford, CO III at ASPC-Eyman/SMU I
c/o Struck, Wieneke & Love, PLC

*CO III Brian Radford has knowledge and information regarding ADC's policies and procedures relating to ADC inmates receiving mental health care and conditions of confinement of inmates receiving mental health care at ASPC-Eyman/SMU I.*

59

269.   All non-objectionable witnesses listed by Plaintiff, even if later withdrawn.

270.   Without waiving objections, all witnesses listed in responses to interrogatories or other discovery.

271.   All persons who are deposed in this action.

272.   Defendant anticipates that unlisted individuals who may have relevant information will be identified as discovery progresses, and will supplement at that time.

273.   Defendants reserve the right to supplement this list of potential witnesses as discovery proceeds in this matter.

## II.   A COPY OF OR A DESCRIPTION BY CATEGORY AND LOCATION OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT DEFENDANTS MAY USE TO SUPPORT THEIR CLAIMS OR DEFENSES

1.      All Medical Records of Maryanne Chisholm, ADC #200825, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC000001-ADC000286.

2.      All Medical Records of Robert Gamez, ADC #131401, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC000287-ADC001255.

3.      All Medical Records of Stephen Swartz, ADC #102486, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC001256-ADC002288.

4.      All Medical Records of Christina Verduzco, ADC #205576, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC002289-ADC004373.

5.      All Medical Records of Shawn Jensen, ADC #032465, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC004374-ADC005069.

6.     All Medical Records of Joseph Hefner, ADC #203653, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC005070-ADC005374.

7.     All Medical Records of Desiree Licci, ADC #150051 in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC005375-ADC005958.

8.     All Medical Records of Joshua Polson, ADC #187716, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC005959-ADC006564.

9.     All Medical Records of Charlotte Wells, ADC #247188, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC006565-ADC007144.

10.     All Medical Records of Jeremy Smith, ADC #129438, in the possession of the ADC, which are also in possession of Plaintiffs, Bates Numbers ADC007145-ADC007439.

11.     All Medical Records of Jackie Thomas, ADC #211267, in the possession of the ADC, which are also in possession of Plaintiffs, Bates Numbers ADC007440-ADC008295.

12.     All Medical Records of Dustin Brislan, ADC #164993, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC008296-ADC008537.

13.     All Medical Records of Sonia Rodriguez, ADC #103830, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC008538-ADC010121.

14.     All Medical Records of Victor Parsons, ADC #123589, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC010122-ADC010553.

15.     ADC's Dental Services Technical Manual, Bates Numbers ADC010554-ADC010647, produced with Defendants' Joint First Supplemental Response to Victor Parsons' First Request for Production ("Parsons' 1st RFP").

16.     ADC's Health Services Technical Manual, Bates Numbers ADC010648-ADC011231, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

17.     ADC's Mental Health Technical Manual, Bates Numbers ADC011232-ADC011332, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP, and bates numbers ADC031959-032044, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

18.     ADC's Director's Instruction #307, Bates Numbers ADC011450-ADC011456, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; and (Section II) Paragraph #36.28, below.

19.     ADC's Department Orders, Bates Numbers ADC011457-ADC013405, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; Bates Numbers ADC048480-ADC048639, produced with Defendants' Seventh Supplemental Response to Parsons' 1st RFP; and (Section II) Paragraphs ##30-31 and 36.27, below.

20.     ADC's Contracted Provider List for Inpatient/Outpatient Specialty Services for 2011 through 2012, Bates Numbers ADC013406-ADC013475, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

21.     ADC's Corrections At A Glance publications from January 2010 through June 2012, Bates Numbers ADC013703-ADC013760, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; and from January through December 2009, Bates Numbers ADC050809-ADC050832, produced with Defendants' Seventh Supplemental Response to Parsons' First RFP.

22.    ADC's Healthcare Services by Providers Paid through ADC for 2008 through 2011, Bates Numbers ADC013761-ADC013776, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

23.    ADC's Pharmacy Expense Reporting Chart for 2007 through 2011, Bates Numbers ADC013777-ADC013779, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

24.    ADC's Health Care Operating Expenditure Summary for 2009 through 2011, Bates Numbers ADC013780-ADC013818, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

25.    ADC's Health Services Drugs & Medicine Expenditures for 2007 through 2011, Bates Numbers ADC013819-ADC013826, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

26.    ADC's Mental Health Drugs & Medicine Expenditures for 2007 through 2011, Bates Numbers ADC013827-ADC013836, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

27.    ADC's Department Orders 801 through 809, Bates Numbers ADC013837-ADC014004, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

28.    ADC's Department Order 1105, Bates Numbers ADC014005-ADC014010, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

29.    ADC's Scope of Practice/Principles of Delegation for Nursing Staff, Bates Numbers ADC014011-ADC014033, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

30.    ADC's Organizational Chart dated June 2012, Bates Numbers ADC014034-ADC014051, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; and dated October 1, 2012, Bates Number ADC050860, produced with Defendants' Seventh Supplemental Response to Parsons' 1st RFP.

31.     ADC's Capacity Report for 2010, Bates Numbers ADC014052-ADC014053, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

32.     ADC's Report of Operating Cost for 2010, Bates Numbers ADC014054-ADC014102, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

33.     ADC's Contract with Wexford Health Sources, Inc., Bates Numbers ADC014103-ADC016042, produced at the deposition of Karen Ingram on September 13, 2012.   See also Privatization of All Correctional Health Services Procurement File 120075DC, Paragraph 79, below.

36.     The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Douglas, Arizona dated June 26, 2009, Bates Numbers ADC016043-ADC016060, produced herewith on the attached CD.

37.     The National Commission on Correctional Health Care's Accreditation Update Report of the Health Care Services at Arizona State Prison Complex Florence, Arizona dated November 18, 2011, Bates Numbers ADC016061-ADC016066, produced herewith on the attached CD.

38.     The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Lewis, Buckeye, Arizona dated November 12, 2010, Bates Numbers ADC016067-ADC016070, produced herewith on the attached CD.

39.     The National Commission on Correctional Health Care's Continuing Accreditation of the Health Care Services at Arizona State Prison Complex Lewis, Buckeye, Arizona dated November 17, 2010, Bates Numbers ADC016071-ADC016080, produced herewith on the attached CD.

40.     The National Commission on Correctional Health Care's Certificate of Accreditation of the Health Care Services at Arizona State Prison Complex Yuma, San

Luis, Arizona dated November 2010, Bates Numbers ADC016081-ADC016081, produced herewith on the attached CD.

41.    The National Commission on Correctional Health Care's Continuing Accreditation of the Health Care Services at Arizona State Prison Complex Perryville, Goodyear, Arizona dated July 2, 2009, Bates Numbers ADC016082-ADC016089, produced herewith on the attached CD.

42.    The National Commission on Correctional Health Care's Continuing Accreditation of the Health Care Services at Arizona State Prison Complex Phoenix, Arizona dated July 2, 2009, Bates Numbers ADC016090-ADC016096, produced herewith on the attached CD.

43.    The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Tucson, Arizona dated June 26, 2009, Bates Numbers ADC016097-ADC016106, produced herewith on the attached CD.

44.    The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Winslow, Arizona dated February 27, 2009, Bates Numbers ADC016107-ADC016135, produced herewith on the attached CD.

45.    The National Commission on Correctional Health Care's Continuing Accreditation of the Health Care Services at Arizona State Prison Complex Winslow, Arizona dated July 2, 2009, Bates Numbers ADC016136-ADC016138, produced herewith on the attached CD.

46.    The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Yuma, San Luis, Arizona dated November 12, 2010, Bates Numbers ADC016139-ADC016147, produced herewith on the attached CD.

47.     ADC's Fiscal Year 2012 Training Plan, Bates Numbers ADC016187-ADC016216, produced with Defendants' First Supplemental Response to Plaintiffs' Notice of 30(b)(6) Deposition Docket 80.

48.     ADC's Medical Grievance documents regarding Dustin Brislan, Bates Numbers ADC016217-ADC016222 and ADC018105-ADC018141, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

49.     ADC's Medical Grievance documents regarding Jeremy Smith, Bates Numbers ADC016449, and ADC017984-ADC018006, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

50.     ADC's Medical Grievance documents regarding Stephen Swartz, Bates Numbers ADC016500-ADC016674 and ADC018072-ADC018104, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

51.     ADC's Medical Grievance documents regarding Victor Parsons, Bates Numbers ADC016675-ADC016873, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

52.     ADC's Medical Grievance documents regarding Joseph Hefner, Bates Numbers ADC016874-ADC017217 and ADC018046-ADC018071, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

53.     ADC's Medical Grievance documents regarding Joshua Polson, Bates Numbers ADC017217-ADC017485 and ADC017954-ADC017983, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

54.     ADC's Medical Grievance documents regarding Robert Gamez, Bates Numbers ADC017486-ADC017879 and ADC018007-ADC018045, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

55.     ADC's Medical Grievance documents regarding Desiree Licci, Bates Numbers ADC017880-ADC017904 and ADC018142-ADC018164, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

56.     ADC's   Medical   Grievance   documents   regarding   Maryanne Chisholm, Bates Numbers ADC017905-ADC017906, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

57.     ADC's Medical Grievance documents regarding Christina Verduzco, Bates Number ADC017907, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

58.     ADC's   Medical   Grievance   documents   regarding   Shawn   Jensen, Bates Numbers ADC017908, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

59.     ADC's Medical Grievance documents regarding Charlotte Wells, Bates   Numbers   ADC017909-ADC017915,   produced   with   Defendants'   Second Supplemental Response to Parsons' 1st RFP.

60.     ADC's Medical Grievance documents regarding Sonia Rodriguez, Bates   Numbers   ADC017916-ADC017917,   produced   with   Defendants'   Second Supplemental Response to Parsons' 1st RFP.

61.     ADC's Medical Grievance documents regarding Jackie Thomas, Bates Number ADC017918, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

62.     ADC Department Order #802, Inmate Grievance System, Bates Numbers ADC017919-17949, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

63.     ADC Director's Instruction #287, Modification of Department Order 802: Inmate Grievance System, Bates Numbers ADC017950-ADC017953, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

64.     ADC Inmate Alhambra Reception Orientation Handout regarding access   to   health   care,   Bates   Numbers   ADC018165-ADC018166,   produced   with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

67

65.     ADC Master Store List, Bates Numbers ADC018203-ADC018255, produced with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

66.     ADC Inmate Video "Using your Security Toothbrush", Bates Number ADC018322, produced with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

67.     ADC Inmate Video "Cepillo de dientis de seguridad", Bates Numbers ADC018323, produced with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

68.     ADC Inmate Video "Emergency Care for Inmates with Wired Jaws", Bates Numbers ADC018324, produced with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

69.     ADC's Master file regarding Shawn Jensen, Bates Numbers ADC018259-ADC018791, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

70.     ADC's Master file regarding Sonia Rodriguez, Bates Numbers ADC018792-ADC019563, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

71.     ADC's Master file regarding Christina Verduzco, Bates Numbers ADC019564-ADC020121, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

72.     ADC's Master file regarding Victor Parsons, Bates Numbers ADC020122-ADC020694, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

73.     ADC's Master file regarding Robert Gamez, Bates Numbers ADC020695-ADC021192, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

74.     ADC's Master file regarding Stephen Swartz, Bates Numbers ADC021193-ADC021816, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

75.     ADC's Master file regarding Charlotte Wells, Bates Numbers ADC021817-ADC021872, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

76.     ADC's Master file regarding Joshua Polson, Bates Numbers ADC021873-ADC022144 and ADC023380-ADC023511, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

77.     ADC's Master file regarding Jackie Thomas, Bates Numbers ADC022145-ADC022355, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

78.     ADC's Master file regarding Jeremy Smith, Bates Numbers ADC022356-ADC022504 and ADC023102-ADC023379, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

79.     ADC's Master file regarding Joseph Hefner, Bates Numbers ADC022505-ADC022561, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

80.     ADC's Master file regarding Maryanne Chisholm, Bates Numbers ADC022562-ADC022703, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

81.     ADC's Master file regarding Dustin Brislan, Bates Numbers ADC022704-ADC023101, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

82.     ADC's Master file regarding Desiree Licci, Bates Numbers ADC023512-ADC023556, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

83. ADC's Non-Medical Grievance documents regarding Stephen Swartz, Bates Numbers ADC023557-ADC023646 and ADC023762-ADC023773, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

84. ADC's Non-Medical Grievance documents regarding Joseph Hefner, Bates Numbers ADC023647-ADC023658, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

85. ADC's Non-Medical Grievance documents regarding Dustin Brislan, Bates Numbers ADC023659-ADC023761, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

86. ADC's Non-Medical Grievance documents regarding Joshua Polson, Bates Numbers ADC023774-ADC023836, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

87. ADC's Non-Medical Grievance documents regarding Jackie Thomas, Bates Numbers ADC023837-ADC023841, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

88. ADC's Non-Medical Grievance documents regarding Jeremy Smith, Bates Numbers ADC023842-ADC023845, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

89. ADC's Non-Medical Grievance documents regarding Sonia Rodriguez, Bates Numbers ADC023846 and ADC023862, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

90. ADC's Non-Medical Grievance documents regarding Maryanne Chisholm, Bates Numbers ADC023847, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

91. ADC's Non-Medical Grievance documents regarding Charlotte Wells, Bates Numbers ADC023848-ADC023853, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

92.     ADC's Non-Medical Grievance documents regarding Victor Parsons, Bates Numbers ADC023854-ADC023861, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

93.     ADC's Non-Medical Grievance documents regarding Robert Gamez, Bates Numbers ADC023871-ADC024169, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

94.     Letter dated March 18, 2011 authored by Dr. Benjamin Shaw, Bates Numbers ADC027717-ADC027726, produced with Defendants' Second Supplemental Response to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 82.

95.     ADC Power Point Presentation regarding Mental/Behavioral Health Programs at ASPC-Florence, Bates Numbers ADC027727-ADC027758, produced with Defendants' Second Supplemental Response to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 82.

96.     ADC's Post Orders for ASPC-Phoenix, Bates Numbers ADC028255-ADC028440, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

97.     ADC's Post Orders for ASPC-Tucson, Bates Numbers ADC028441-ADC028736, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

98.     ADC's Post Orders for ASPC-Eyman, Bates Numbers ADC028737-ADC028888, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

99.     ADC's Post Orders for ASPC-Florence, Bates Numbers ADC028889-ADC028979, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP; and Bates Numbers ADC048470-ADC048476, produced with Defendants' Joint Seventh Supplemental Response to Parsons' 1st RFP.

100. ADC's Post Orders for ASPC-Perryville, Bates Numbers ADC029121-ADC029260, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

101. ADC's Post Orders for ASPC-Safford, Bates Numbers ADC029261-ADC029490, produced with Defendants' Joint Fourth Supplemental Response to Parsons's 1st RFP.

102. ADC's Post Orders for ASPC-Winslow, Bates Numbers ADC029491-ADC029566, produced with Defendants' Joint Fourth Supplemental Response to Parsons's 1st RFP.

103. ADC's Post Orders for ASPC-Yuma, Bates Numbers ADC029567-ADC029649, produced with Defendants' Joint Fourth Supplemental Response to Parsons's 1st RFP.

104. ADC's Mental Health Technical Manual, revised August 15, 2011, Bates Numbers ADC031959-ADC032044, produced with Defendants' Joint Fourth Supplemental Response to Parsons's 1st RFP.

105. ADC's Health Services Technical Manual, revised January 1, 2010, Bates Numbers ADC010648-ADC011231, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; and Ch. 8, Section 3.0, revised February 9, 2012, Bates Numbers ADC048477-ADC048479, produced with Defendants Joint Seventh Supplemental Response to Parsons' 1st RFP.

106. ADC's Food Service Technical Manual, revised July 2, 2010, Bates Numbers ADC040550-ADC040573.

107. ADC's Diet Reference Manual, revised July 2, 2010, Bates Numbers ADC040574-ADC040609.

108. ADC's Classification Technical Manual, revised October 28, 2010, Bates Numbers ADC040610-ADC040691.

109. Replacement Page for ADC's Classification Technical Manual, dated April 13, 2012, Bates Numbers ADC040692.

72

110.  Medical records for Plaintiffs Joseph Hefner (ADC050881-ADC051012), Shawn Jensen (ADC051013-ADC051256), Desiree Licci (ADC051257-ADC051269), and Charlotte Wells (ADC051270-ADC051294).

111.  Recordings of phone calls made by Plaintiff Victor Parsons:

      a.    July 25, 2012 call attached as Bates number ADC052216

      b.    July 25, 2012 call attached as Bates number ADC052217

      c.    July 26, 2012 call attached as Bates number ADC052218

112.  Documents produced pursuant to Subpoena Duces Tecum to Plaintiffs' expert Jay D. Shulman, JDS000001-000033, previously produced by Plaintiffs, for impeachment only.

113.  Privatization of All Correctional Health Services Procurement File 120075DC, attached hereto as bates numbers ADCPROC000001-010932, including Amendment 23 (bates numbers ADCPROC010744-010747, ADCPROC010751-010754), Amendment 3 (bates numbers ADCPROC010456-010464), and the Corizon Proposal (bates numbers ADCPROC005487-006688).  Bates numbered pages ADCPROC003367-005486, ADCPROC006690-006901, ADCPROC008237-008365, and ADCPROC008718-008787, are not provided because they pertain only to Centurion.4

114.  Preincarceration medical records for Sonia Rodriguez, Stephen Swartz, Robert Gamez, Joseph Hefner, Shawn Jensen, Desiree Licci, Joshua Polson, Jeremy Smith, Christina Verduzco, and Charlotte Wells, bates numbers ADC074410-ADC076323 and ADC082335-082696.

115.  Supplemental medical records of inmate Jonathan Tretheway, ADC #137818, attached hereto as bates numbers ADC082315-082333.

116.  Inmate Letter from Alfred Sheppard, ADC #147672, dated September 8, 2012, attached hereto as bates number ADC082334.

---

3  Amendment 2 supersedes Amendment 1, as Amendment 1 was not signed.

4  On February 14, 2013, Plaintiffs advised Defendants not to produce these documents.

117.   Monitoring and/or recording notification signs posted at inmate telephones for ASPC-Eyman, Florence, Lewis, Perryville, Phoenix, and Tucson, attached hereto as bates numbers ADC082697-082718 (PDF), and ADC082719-082737 (native).

118.   Medical Records of Maryanne Chisholm from Central Arizona Detention Center, attached hereto as bates numbers ADC084454-084700.

119.   Medical Records of Shawn Jensen from University Medical Center, attached hereto as bates numbers ADC084701-084878.

120.   ADC Inmate Legal Mail and Regular Mail Logs dated March 5, 2013, March 13, 2013, and March 15, 2013, attached hereto as bates numbers ADC084879-084880 and ADC084884-084885.

121.   IR #13-L32-00425 dated March 14, 2013, and IR #13-L32-00457 dated March 15, 2013, attached hereto as bates numbers ADC084881-084883.

122.   ASPC-Florence-Central and Kasson Units*, **ASPC-Phoenix, ASPC-Eyman, and ASPC-Phoenix** Mental Health Programs, attached hereto as bates numbers ADC084886-084920, previously produced by Defendants as bates numbers ADC027727-027758 (and previously produced by Plaintiffs).

123.   ASPC-Eyman-Browning Unit Mental Health Program Pamphlet, attached hereto as bates numbers ADC084921-084928.

124.   ASPC-Florence-Central Unit Mental Health Programs Report dated February 6, 2013, by Amy Barnes, attached hereto as bates numbers ADC084929-084940.

125.   ASPC-Florence's The CB-1 C.U.R.E., attached hereto as bates numbers ADC084941-084942.

126.   ASPC-Florence's The Kassonian Times Newsletter, attached hereto as bates numbers ADC084943-084944.

127.   United States Department of Justice, Bureau of Justice Statistics, Mortality in Local Jails and State Prisons, 2000-2010 – Statistical Tables, NCJ 239911, dated December 2012, attached hereto as bates numbers ADC084945-084972.

128.    ADC Medical Records, Prescription Log, of Jonathan Trethewey, ADC #137818, attached hereto as bates numbers ADC084981-084984.

129.    Employee Recognition Ceremony dated December 13, 2012, attached hereto as bates numbers ADC08684-088724.

130.    Memorandum from Robert Patton and Richard Pratt to Director Charles Ryan dated April 30, 2012, regarding Increase of Mental Health for Max Custody, previously produced as bates numbers ADC050861-050867.

131.    Supplemental ADC Medical Records of Alfred Sheppard, ADC #147672, attached hereto as bates numbers ADC089611-091463.

132.    Preincarceration medical records for Plaintiff Rodriguez from Magellan, attached hereto as bates numbers ADC091464-091471.

133.    Preincarceration medical records for Plaintiff Smith from St. Mary's Hospital, attached hereto as bates numbers ADC091472-091489.

134.    Preincarceration medical records for Plaintiff Wells from Maryvale Hospital, attached hereto as bates numbers ADC091490-091591, and West Valley Hospital, attached hereto as bates numbers ADC091592-091666.

135.    ***Resume of Anthony Medel, attached hereto as bates numbers ADC123403-123407.***

136.    ***Resume of Arthur Gross, attached hereto as bates numbers ADC123408-123412.***

137.    ***Resume of David Robertson, attached hereto as bates numbers ADC123413-123418.***

138.    ***Resume of Mark Haldane, attached hereto as bates numbers ADC123419-123421.***

139.    ***Resume of Helena Velanzuela, attached hereto as bates numbers ADC123422-123423.***

140.    ***Resume of Jessica Raak, attached hereto as bates numbers ADC123424-123425.***

1        141.   *Resume of Warden Judy Frigo, attached hereto as bates numbers*

2 *ADC123426-123428.*

3        142.   *Resume of Juliet Respicio-Moriarty, attached hereto as bates*

4 *numbers ADC123429-123433.*

5        143.   *Resume of Karen Chu, attached hereto as bates numbers*

6 *ADC123434.*

7        144.   *Resume of Kathy Campbell, attached hereto as bates numbers*

8 *ADC123435-123438.*

9        145.   *Resume of Kristan Sears, attached hereto as bates numbers*

10 *ADC123439-123442.*

11        146.   *Resume of Marlena Bedoya, attached hereto as bates numbers*

12 *ADC123443-123446.*

13        147.   *Resume of Matthew Musson, attached hereto as bates numbers*

14 *ADC123447-123448.*

15        148.   *Resume of Carson McWilliams, attached hereto as bates numbers*

16 *ADC123449-123451.*

17        149.   *Resume of Jen Mielke-Fontaine, attached hereto as bates numbers*

18 *ADC123452-123453.*

19        150.   *Resume of Nicole Taylor, attached hereto as bates numbers*

20 *ADC123454-123457.*

21        151.   *Resume of Richard Pratt, attached hereto as bates numbers*

22 *ADC123458-123461.*

23        152.   *Resume of Richard Rowe, attached hereto as bates numbers*

24 *ADC123462-123463.*

25        153.   *Resume of Sam Tardibuouno, attached hereto as bates numbers*

26 *ADC123464-123467.*

27        154.   *Resume of Steven Bender, attached hereto as bates numbers*

28 *ADC123468-123469.*

155. *Resume of Terry Allred, attached hereto as bates numbers ADC123470-123471.*

156. *Resume of Ernie Trujillo, attached hereto as bates numbers ADC123472-123477.*

157. *Resume of Vanessa Headstream, attached hereto as bates numbers ADC123478-123480.*

158. *Resume of Yvonne Maese, attached hereto as bates numbers ADC123481-123483.*

159. Plaintiffs' institutional files, including grievance files, as maintained by any and all correctional institutions in which Plaintiff has been detained.

160. Any and all relevant ADC budgetary documentation in possession of ADC.

161. All deposition transcripts from testimony provided in this matter.

162. Any and all non-objectionable exhibits listed by Plaintiffs, even if later withdrawn.

163. Without waiving objections, any reports prepared by an expert in this case.

164. Plaintiffs' *non-objectionable* responses to Requests for Production.

165. Plaintiffs' responses to Interrogatories.

166. Plaintiffs' responses to Requests for Admissions.

167. Any and all non-objectionable exhibits offered by any other party, even if later withdrawn.

168. *Any and all reports, documents, charts, data, and policies listed on the ADC website, available for viewing and download at http://www.azcorrections.gov/adc/reports/reports1.aspx.*

Defendants anticipate that additional documents and/or tangible evidence will be identified as discovery continues and will supplement this list at that time.

1

**III.    COMPUTATION OF DAMAGES**

2        Defendants are not making any claim for damages.  Defendants will seek any and

3  all recoverable costs and fees should Defendants prevail in this matter.

4

**IV.    INSURANCE AGREEMENTS**

5        There are no relevant insurance agreements under Fed. R. Civ. P. 26(a)(1)(A)(iv).

6

7        DATED this  12th  day of August 2013.

8                                        STRUCK WIENEKE & LOVE, P.L.C.

9

10                                      By /s/ Anne M. Orcutt
                                           Daniel P. Struck
11                                         Kathleen L. Wieneke
                                           Rachel Love
12                                         Timothy J. Bojanowski
                                           Nicholas D. Acedo
13                                         Courtney R. Cloman
                                           Ashlee B. Fletcher
14                                         Anne M. Orcutt
                                           STRUCK WIENEKE & LOVE, P.L.C.
15                                         3100 West Ray Road, Suite 300
                                           Chandler, Arizona  85226
16
                                           Arizona Attorney General Thomas C. Horne
17                                         Office of the Attorney General
                                           Michael E. Gottfried
18                                         Katherine E. Watanabe
                                           Lucy M. Rand
19                                         Assistant Attorneys General
                                           1275 W. Washington Street
20                                         Phoenix, Arizona 85007-2926

21                                         *Attorneys for Defendants*

22

23

24

25

26

27

28

78

1   COPIES of the foregoing e-mailed this
    _12ᵗʰ_ day of August, 2013 to:

2

3   Caroline N. Mitchell
    cnmitchell@jonesday.com

4   Jennifer Alewelt
    jalewelt@azdisabilitylaw.org

5

6   David Cyrus Fathi
    dfathi@npp-aclu.org

7   Donald Specter
    dspecter@prisonlaw.com

8

9   By:____/s/ Amy Bender_____

10  2791530.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

79

Exhibit 3

## Corene Kendrick

**From:** Dan Struck
**Sent:** Wednesday, August 14, 2013 10:22 AM
**To:** 'Don Specter'; Parsons Team
**Cc:** dfathi@npp-aclu.org; Corene Kendrick (ckendrick@prisonlaw.com); DBarr@perkinscoie.com; Caroline N Mitchell (cnmitchell@jonesday.com); Michael E. Gottfried; Lucy Rand
**Subject:** RE: Tours and Depositions

Dear Don,

Thank you for your email.   We are not reading the order or the transcript from the hearing in the same manner as you.   We maintain that  you are only entitled to ten depositions pursuant to the scheduling order and Rule 30 absent stipulation.  We have stipulated that you may take 25 depositions.   You have taken 17 depositions. (Not counting Mr. Trethaway, which we concede was taken as a trial deposition to preserve his testimony).   Therefore, you have 8  depositions left, without having to seek leave of court.   Although there are things we may stipulate to in order to reduce the necessity of putting on proof at trial, we are unable to stipulate that the testimony of one contract monitor, or three, would be representative of all.

You may choose to use the remaining depositions to depose 8 contract monitors or none.   It is not up to us to decide how you want to use the depositions that you have left.   You have been on notice since the inception of this litigation that Defendants would stipulate to no more than 25 depositions.   If you want to exceed that number, you must ask leave of court to do so.   There are depositions scheduled by plaintiffs that go well beyond these 8.   We will not be producing any witnesses after deposition number 8, unless Judge Wake orders us to do so,  so we suggest that you wisely choose which depositions you would like to take.   We would also like more advance notice with respect to cancellations, as defendants are incurring needless fees, and the witnesses unnecessary disruption by your last minute cancellations.

With respect to the expert tours, Judge Wake was quite clear that he believed the plaintiffs have gone well beyond what they should have with these tours.   As a result, he cancelled all remaining tours other than Dr. Williams.   There was neither a requirement nor a directive from the court to stipulate that the "conditions found" by your experts are representative of health care found at all of the ADC facilities.

Please feel free to contact me if you have any questions.

Dan Struck



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Monday, August 12, 2013 2:27 PM
**To:** Parsons Team
**Cc:** Parsons Discovery Comittee
**Subject:** Tours and Depositions

Dear Dan & Nick,

The Court's latest order provides that Plaintiffs may take 11 depositions of contract monitors (which includes 9 facility monitors, plus one each for mental health and nursing), unless Defendants stipulate that three such depositions will be representative of the other 8.  Please let us know by the close of business tomorrow whether you will so stipulate.

Similarly, Plaintiffs have proposed that Defendants stipulate that the conditions found by our experts on the tours they have completed so far are representative of the health care provided at the institutions that our experts have not toured.  If Defendants so stipulate Plaintiffs will not conduct any tours, except those of Dr. Williams.  We have not received a response to that proposal.  Please also let us know by the close of business tomorrow whether Defendants will so stipulate.   Otherwise, we will ask the Court for clarification on this issue.

Thank you.

Don

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

Exhibit 4

## SOLICITATION AMENDMENT

ARIZONA
DEPARTMENT OF CORRECTIONS
1601 W. JEFFERSON, MAIL CODE 55302
PROCUREMENT SERVICES
PHOENIX, ARIZONA 85007

SOLICITATION NO. ADOC12-00001105   AMENDMENT NO. 4   Contract Officer:  Karen D. Ingram

SOLICITATION DUE DATE:  December 21, 2011

SIGNED COPY OF THIS AMENDMENT MUST BE RETURNED WITH YOUR BID SOLICITATION.
This Solicitation is amended as follows:

For 2010, see the following, which was included in the _Data and Reports_ provided for the May 27, 2011 Correctional Health Services Request for Information:

Arizona Department of Corrections Medical (M) and Mental Health (MH) Score Inmate Distribution by Complex as of 6/30/10

| Medical Score Distribution M-Score | Eyman | Florence | Lewis | Perryville | Phoenix | Tucson | Douglas | Safford | Winslow | Yuma | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| M-1 | 3,258 | 2,261 | 2,848 | 2,056 | 230 | 1,905 | 1,642 | 1,297 | 1,311 | 1,849 | 18,656 |
| M-2 | 1,722 | 1,396 | 1,726 | 1,052 | 191 | 1,264 | 917 | 587 | 543 | 800 | 10,197 |
| M-3 | 343 | 503 | 461 | 307 | 71 | 909 | 103 | 40 | 37 | 46 | 2,820 |
| M-4 | 202 | 321 | 210 | 37 | 46 | 487 | 1 | 10 | 5 | - | 1,319 |
| M-5 | 5 | 14 | 12 | 3 | 1 | 43 | - | - | - | - | 78 |
| Total | 5,630 | 4,495 | 5,256 | 3,454 | 539 | 4,608 | 2,663 | 1,934 | 1,896 | 2,695 | 33,070 |

Arizona Department of Corrections Medical (M) and Mental Health (MH) Score Inmate Distribution by Complex as of 6/30/10

| Mental Health Score Distribution MH-Score | Eyman | Florence | Lewis | Perryville | Phoenix | Tucson | Douglas | Safford | Winslow | Yuma | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MH-1 | 2,470 | 2,381 | 2,506 | 1,127 | 161 | 1,230 | 2,181 | 1,584 | 1,542 | 2,178 | 17,360 |
| MH-2 | 1,562 | 991 | 1,013 | 1,053 | 29 | 816 | 479 | 335 | 352 | 507 | 7,137 |
| MH-3 | 1,484 | 1,112 | 1,710 | 1,273 | 319 | 2,315 | 3 | 15 | 2 | 10 | 8,243 |
| MH-4 | 14 | 11 | 27 | 1 | 25 | 247 | - | - | - | - | 325 |
| MH-5 | - | - | - | - | 5 | - | - | - | - | - | 5 |
| Total | 5,630 | 4,495 | 5,256 | 3,454 | 539 | 4,608 | 2,663 | 1,934 | 1,896 | 2,695 | 33,070 |

## Questions submitted on November 10, 2011 and November 14, 2011

**Question 1:** RFP Page - Attachments - Off-Site Encounter Data Fiscal Year 2011 - Please provide the number of Factor patients and related costs as identified on the Hematology referrals as reported within the Off-Site Encounter report.

**Answer:** Please refer to the _FY2011 TPA Claims by Diagnosis Reports_ posted under _Data and Reports_ at
http://www.azcorrections.gov/adc/divisions/adminservices/data_report_list_092111.aspx

Page 2 of 19

ADC014312

<table>
<tr><td>

**SOLICITATION AMENDMENT**

</td><td>

ARIZONA
DEPARTMENT OF CORRECTIONS
1601 W. JEFFERSON, MAIL CODE 55302
PROCUREMENT SERVICES
PHOENIX, ARIZONA 85007

</td></tr>
</table>

SOLICITATION NO. ADOC12-00001105   AMENDMENT NO. 4   Contract Officer: Karen D. Ingram

**SOLICITATION DUE DATE: December 21, 2011**

SIGNED COPY OF THIS AMENDMENT MUST BE RETURNED WITH YOUR BID SOLICITATION.
This Solicitation is amended as follows:

**Answer:** ADC will make all final determinations regarding the transfer of inmates between private and state-run prison facilities in compliance with the terms of each INTERSTATE CORRECTIONS COMPACT, which generally state that "Upon the request of the receiving state, the sending state shall retake any inmate(s) within thirty (30) days after receipt of the request to retake".

**Question 3:** Risk Technical Manual - Subsection 2.2.10 refers to the Objective Classification — Custody and Internal Risk Technical Manual. a. Please provide access to this manual. b. Has it been updated since April 2, 2010?

**Answer:** A link to the Arizona Department of Corrections Objective Classification: Custody and Internal Risk Technical Manual dated October 28, 2010" can be found under *Critical Reference Material* at
http://www.azcorrections.gov/HealthServicesRFP_2.html

**Question 4:** Inpatient Components - Subsection 2.2.40 defines the inpatient components (IPCs).

a. Please confirm that IPCs are located at ASPC-Florence, ASPC-Lewis and ASPC-Tucson but not at other facilities.

**Answer:** IPCs are located at ASPC-Florence, ASPC-Lewis, ASPC-Tucson and ASPC-Perryville.

b. Please provide the bed capacities for each IPC.

**Answer:** ASPC-Florence has 15 beds; ASPC-Lewis has 13 beds; ASPC-Tucson has 48 beds and ASPC-Perryville has 7 beds.

c. For each IPC, please provide the monthly admission and discharge rates for the last year.

**Answer:** This information is not tracked and is therefore not available.

d. For each IPC, please provide the average length of stay each month for the last year.

**Answer:** This information is not tracked and is therefore not available.

e. For each IPC, please provide the average size of the waiting list each month for the last year.

**Answer:** This information is not tracked and is therefore not available.

ADC014319

| SOLICITATION AMENDMENT | ARIZONA<br>DEPARTMENT OF CORRECTIONS<br>1601 W. JEFFERSON, MAIL CODE 55302<br>PROCUREMENT SERVICES<br>PHOENIX, ARIZONA 85007 |
|---|---|
| SOLICITATION NO. ADOC12-00001105    AMENDMENT NO. 6    Contract Officer: Karen D. Ingram | |
| SOLICITATION DUE DATE: December 21, 2011 | |

SIGNED COPY OF THIS AMENDMENT MUST BE RETURNED WITH YOUR BID SOLICITATION.
THIS SOLICITATION IS AMENDED AS FOLLOWS:

**Question 10:** Dialysis Services - How are dialysis services currently provided at those ASPCs without permanent radiology equipment: (a) onsite, by a mobile radiology vendor (PLEASE IDENTIFY VENDOR); or (b) offsite?

**Answer:** Inmates requiring Dialysis are housed at either the Tucson or Florence facility where ADC has established dialysis centers and on-site radiology equipment. Currently, no female inmates require dialysis. If a female inmate were to require dialysis, this service would need to be contracted to be provided at a local dialysis center.

**Question 11:** Laboratory Provider - Please identify the current sub-contracted provider(s) of laboratory services.

**Answer:** The current sub-contracted provider of laboratory services is Laboratory Corporation of America.

**Question 12:** Facilitiy Information - For each ASPC, please provide the following information. a. Mission of the facility b. Number of special medical housing, observation, and/or infirmary beds c. Average occupancy rate for these medical beds d. If the unit qualifies as an Infirmary as per NCCHC definitions, i.e., do the staffing levels, monitoring methodology, rounding frequency, etc., comply with NCCHC infirmary standards.

**Answer:** All ADC IPCs meet NCCHC definitions and standards.

Florence (Central Unit) In-Patient Component (IPC): 15
Florence (Central Unit) Housing Unit 8, Medical Step Down: 22 beds
Tucson (Rincon HU 9, D run) IPC 15
Tucson (Rincon HU 9, B run) 15 beds
Tucson (Rincon HU 9, C run) 20 beds
    Note: Tucson B and D runs are for IPC step down, e.g. incontinent inmates.
Tucson (Manzanita Unit) Special Needs Unit (SNU) self-care, rehab style: 25 beds
Perryville IPC: (Complex Medical): 7 beds
Lewis Assisted Living Area (Medical HUB): 13 beds

The IPCs at Tucson and Florence are normally at 100% occupancy. Perryville census is consistently 5 to 6 patients.

**Question 13:** Statistical Information - Please provide monthly statistical data for each of the following categories.

a. Number of ER referrals resulting in hospitalization

**Answer:** ADC does not track ER that results in hospitalization. Please refer to the following, which have been posted under *Data and Reports* at
    http://www.azcorrections.gov/adc/divisions/adminservices/data_report_list_092111.aspx

*Hospital Admission Summary Report Fiscal Year 2007 through 2011*

ADC014348

Exhibit 5

# FILED UNDER SEAL