Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
kflood@acluaz.org
jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
Sarah Kader (Bar No. 027147)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,

Plaintiffs,

v.

Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,

Defendants.

No. CV 12-00601-PHX-NVW (MEA)

**PLAINTIFFS' MOTION TO DE-DESIGNATE TWO DOCUMENTS AS CONFIDENTIAL (REDACTED)**

Plaintiffs respectfully move the Court for an order removing confidentiality designations made by third-party Wexford Health Sources, Inc. (hereinafter "Wexford") to the Documents marked as Exhibits 1 and 2 hereto.[1]

Plaintiffs make this motion pursuant to § 20(b) of the Protective Order entered by this Court on September 21, 2012, on the ground that the Documents do not qualify for confidentiality under the terms of the Protective Order,[2] and do not meet the standards of confidentiality set forth in Fed. R. Civ. P. 26(c). (Protective Order, filed Sept. 21, 2012 ("Doc. 140"))[3]

## I. INTRODUCTION

[redacted]

[1] Plaintiffs are serving Wexford with this Motion by postal and electronic mail.

[2] As a precondition to production of any documents, Wexford's counsel insisted that Plaintiffs agree that the documents would be subject to the Protective Order. [Declaration of David Fathi ("Fathi Decl.") ¶ 3] There was no agreement that the documents would not be subject to the de-designation provisions of the Protective Order if they did not contain qualifying confidential information. [Fathi Decl. ¶ 4]

[3] The Court subsequently entered an Amended Protective Order, but the provisions relevant to this Motion are unchanged from the original Protective Order. (*See* Amended Protective, filed May 20, 2013 (Doc. 454))



[redacted]

As Plaintiffs show below, the Documents do not qualify for protection under the terms of the stipulated Protective Order because they are not "protected health information" or "security information." (Doc. 140) Even if the Documents could qualify under the Protective Order, they do not satisfy the "good cause" requirements of Fed. R Civ. P. 26(c). Finally, even if Wexford or Defendants could demonstrate good cause, the public interest in access to the Documents significantly outweighs Wexford's or Defendants' private interest in confidentiality. For these reasons, Plaintiffs respectfully request the de-designation of the Documents as confidential.

## II. THE DOCUMENTS DO NOT QUALIFY UNDER THE PROTECTIVE ORDER

The Documents do not qualify for protection under the stipulated Protective Order because they do not contain protected health information or security information. The Protective Order provides, "All protected health information and security information produced in discovery in this action shall be regarded as confidential information." (Doc. 140 at 1) The term "protected health information" is defined by the Health Insurance Portability and Accountability Act as "individually identifiable health information." 45 C.F.R. §160.103. "Health information" is any information that "[r]elates to past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." *Id*. The Protective Order provides that "security information" includes "documents that would threaten the safety and security of a person or institution if disclosed without protective conditions." (*Id.* at 2)

These Documents do not qualify as "protected health information" or "security information." [redacted] However, the Documents do not provide information on health conditions or provision of care to any identified individual, nor do they provide information related to prison safety or security. Accordingly, the Documents are not entitled to confidentiality under the Protective Order.

## III. THE DOCUMENTS DO NOT QUALIFY UNDER RULE 26(C)

### A. Good Cause Does Not Exist

Wexford cannot demonstrate that good cause exists under Fed. R. Civ. P. 26(c) because the Documents do not contain information protected by Fed. R. Civ.

P. 26(c)(1)(G), and their disclosure would not result in specific harm or prejudice. The Ninth Circuit recognizes a "strong presumption in favor of access" to public records, which is "justified by the interest of citizens in keeping a watchful eye on the workings of public agencies." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation & quotation omitted). Thus, even if a protective order is stipulated, the designating party must overcome the presumption of public access by showing good cause under Rule 26(c). *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002).

To demonstrate good cause, the designating party has the burden to show that the Documents contain a "trade secret or other confidential research, development, or commercial information" protected by Fed. R. Civ. P. 26(c)(1)(G), and that disclosure would result in specific harm or prejudice. *Foltz*, 331 F.3d at 1130-31; Fed. R. Civ. P. 26(c)(1)(G). Broad, conclusory allegations of harm will not suffice; harm must be substantiated by specific examples and the court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Foltz*, 331 F.3d at 1135; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Furthermore, mere "embarrassment, incrimination, or exposure to litigation will not, without more, compel the court" to maintain confidentiality. *Kamakana*, 447 F.3d at 1179; *see also Foltz*, 331 F.3d at 1136 (reasoning "a litigant who might be embarrassed, incriminated, or exposed to litigation . . . is not, without more, entitled to the court's protection"); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 312 (N.D. Cal. 2005) (reasoning that although the document "may be adverse to defendants' litigation position, it does not contain confidential, proprietary, or otherwise protectable information under Rule 26(c)"); *Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, 2009 WL 8590869, at *1 (S.D.

Cal. Aug. 13, 2009) (finding good cause not substantiated through general allegations of "speculation or confusion on the part of the public.").

The Documents do not contain information protected by 26(c)(1)(G) and no specific harm or prejudice will result from disclosure. [REDACTED] Furthermore, the Documents do not contain any information about prisoners or ADC officials.[4] While disclosure of the Documents may be embarrassing or adverse to Defendants' litigation position, this alone does not demonstrate particularized harm or prejudice. Thus, Wexford and Defendants will not be able to show good cause.

**B. The Public Interest Weighs In Favor of Disclosure**

Even if Wexford could establish good cause, the public interest in access to information about government operations outweighs any private interest in confidentiality. If the court finds good cause, then the court must balance the public interest in access against the designating party's private interest in confidentiality. *Phillips*, 307 F.3d at 1212. Information produced in pretrial discovery is presumptively public and this presumption can "be overcome only by showing sufficiently important countervailing interests." *Id.* (internal citation omitted); *see also Roman Catholic*, 661 F.3d at 428

---

[4] [REDACTED] This information is available on the Internet through sources such as LinkedIn and the Wexford website, as demonstrated in Exhibits 3-15 attached hereto; thus, this information does not warrant protection. Furthermore, the mere presence of personal information, not protectable under any provision of Rule 26(c), does not warrant protection of documents that do not meet good cause requirements. However, the Ninth Circuit has instructed lower courts to consider redacting personal information, to the extent that it is not otherwise available, before disclosure of documents. *Foltz*, 331 F.3d at 1137.

(finding that despite good cause, public interest in safety outweighed priest's private interest in confidentiality in child abuse action); *Nelson v. Matrixx Initiatives, Inc.*, 2012 WL 1380259, at *3 (N.D. Cal. Apr. 20, 2012) (finding that public interest in access to pharmaceutical safety information outweighed private confidentiality interest). Furthermore, the public has a "necessary right" to access information concerning government misconduct and rights violations. *Welsh v. City & Cnty. of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995) (finding disclosure proper because "[t]he public has a strong interest in assessing the truthfulness of allegations of official misconduct" and "[m]isconduct by individual officers, incompetent internal investigations, or questionable supervisory practices must be exposed."); *Soto v. City of Concord*, 162 F.R.D. 603, 621 (N.D. Cal. 1995) (finding disclosure proper because of a "strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system").

The Documents pertain to a matter of great public interest.[5] [redacted] This is a matter about which the public has a "necessary right" to know. Additionally, Plaintiffs have a private interest in disclosure in order to properly conduct discovery in this case. Former employees of Wexford and others in a position to assist Plaintiffs by commenting on the contents of the Documents are currently unable to do so without fear of violating the Protective Order.

While Defendants may prefer to keep the Documents confidential to avoid embarrassment, Wexford, a third party, has no private interest in confidentiality because

---

[5] *See, e.g.*, Mary K. Reinhart, *Campbell calls for Arizona prison chief to resign*, Arizona Republic, July 23, 2013, http://www.azcentral.com/news/politics/articles/20130723campbell-calls-arizona-prison-chief-resign.html

the Documents are not critical of Wexford's own practices, Wexford is not a party to this litigation, and it does not have an ongoing commercial relationship with the ADC. Furthermore, the public right to knowledge about the operations of a public agency significantly outweighs any private interest.

## IV. CONCLUSION

Thus, for the reasons stated herein, Plaintiffs request the Documents be de-designated as confidential.

Dated: August 23, 2013

**JONES DAY**

By: s/ Caroline Mitchell

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com
dkiernan@jonesday.com
scalderon@jonesday.com
srauh@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email: jlwilkes@jonesday.com
tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email: kmamedova@jonesday.com
jkmessina@jonesday.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
agerlicher@perkinscoie.com
keidenbach@perkinscoie.com
jhgray@perkinscoie.com
mdumee@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
kflood@acluaz.org
jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@npp-aclu.org
afettig@npp-aclu.org
aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Jennifer Alewelt
Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
Sarah Kader (Bar No. 027147)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

J.J. Rico (Bar No. 021292)
Cathleen M. Dooley (Bar No. 022420)
**ARIZONA CENTER FOR DISABILITY LAW**
100 N. Stone Avenue, Suite 305
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email: jrico@azdisabilitylaw.org
cdooley@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**STATEMENT PURSUANT TO LOCAL RULE 7.2(J)**

I certify that after personal consultation and sincere efforts to do so, Plaintiffs' counsel have been unable to satisfactorily resolve the matter set forth in this Motion.

s/ David C. Fathi

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2013, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

I hereby certify that on August 23, 2013, I served the attached document by first class mail on the Honorable Neil Wake, United States District Court, Sandra Day O'Connor U.S. Courthouse, Suite 524, 401 West Washington Street, SPC 52, Phoenix, Arizona 85003.

I hereby certify that on August 23, 2013, I served the attached document by first claim mail and email on the following who is not a participant of the CM/ECF system in this matter:

James M. Jellison
**JELLISON LAW OFFICES, PLLC**
3101 N. Central Avenue, Suite 1090
Phoenix, Arizona 85012
Phone: 602-277-6009
Fax: 602-230-92-50
jim@jellisonlaw.com

s/ Delana Freouf