**EXHIBIT 4**

**EXHIBIT 4**

No. 13-16396

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

VICTOR PARSONS, et al.,

*Plaintiffs/Appellees,*

v.

CHARLES RYAN, et al.,

*Defendants/Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
NO. CV 12-00601-NVW-PHX

**PRISONER PLAINTIFFS/APPELLEES' RESPONSE TO
DEFENDANTS/APPELLANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING RULE 23(f) APPEAL (FILED UNDER SEAL)**

| | |
|---|---|
| Daniel C. Barr<br>Amelia M. Gerlicher<br>Kirstin T. Eidenbach<br>**PERKINS COIE LLP**<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012<br>(602) 351-8000 | Daniel Pochoda<br>**ACLU FOUNDATION OF ARIZONA**<br>3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85013<br>(602) 650-1854 |
| Donald Specter<br>Corene Kendrick<br>**PRISON LAW OFFICE**<br>1917 Fifth Street<br>Berkeley, California 94710<br>(510) 280-2621 | Caroline Mitchell<br>**JONES DAY**<br>555 California Street, 26th Floor<br>San Francisco, California 94104<br>cnmitchell@jonesday.com<br>(415) 875-5712 |

SFI-834834v1

the court correctly concluded, "In the event that the class is not decertified, and the Court eventually determined that systemic injunctive relief would be appropriate, it would not issue an injunction based on years-old data. Thus, if the data becomes obsolete, then the discovery process would have to continue anew, which would squander the large amount of work already completed—work that Defendants lament." Stay Order at 2-3 (citation omitted).

Defendants exaggerate the burdens of the remaining discovery. Discovery closes in September, so any burden is categorically different than if discovery had just opened. The district court limited Plaintiffs' discovery and continues to supervise the process. Stay Order at 4-5. Defendants highlight the burden of deposing named plaintiffs, but they would do that regardless of the outcome of the appeal.

Defendants fail to mention that only one prison tour remains, or that they have refused to allow more than eight additional depositions. Exhibit 9. Nor do they show that any of these depositions would be unnecessary were the class de-certified. Similarly, Defendants point to no authority that supplementing discovery constitutes irreparable harm, and in any event, a stay would not meaningfully reduce that burden. To the contrary, more supplementation would be required because any delay means production would be required for a longer period.

Finally, with respect to electronic discovery, *i.e.*, email, Plaintiffs have