**EXHIBIT 6**

**EXHIBIT 6**

# Amy Bender

**From:** Dan Struck
**Sent:** Tuesday, June 25, 2013 4:10 PM
**To:** 'Fathi, David'
**Cc:** Don Specter (dspecter@prisonlaw.com); Caroline N Mitchell (cnmitchell@jonesday.com)
**Subject:** RE: Depositions

David

As we have stated for over a year, 25 depositions per side are adequate in this case. Nothing has changed to alter that opinion.

As to Richard Pratt's deposition, your rendition of what occurred during his deposition is not accurate, based upon a review of the transcript. As a result, we will not agree to a continued 30b6 deposition of him. We will, however, agree to allow plaintiffs to depose him individually with respect to things which have occurred since his last deposition. We will agree to a deposition which is no more than two hours in duration, and we will not allow any testimony regarding questions relating to facts or situations which occurred pre deposition.

We are still looking into your request to take Dr. Shaw's deposition again, but must say that defendants are not inclined to agree to it in light of the fact that you have already spent over 7 hours deposing him.

On another note, we will do our best to provide you by tomorrow with the response to the one pager that plaintiffs sent to us yesterday afternoon.

Please feel free to contact us if you have any questions.

Dan Struck



STRUCK WIENEKE & LOVE

**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Tuesday, June 25, 2013 8:48 AM
**To:** Dan Struck
**Cc:** Michael E. Gottfried; parsonsdiscovery@prisonlaw.com
**Subject:** Depositions

Dan,

To try to reach resolution on the deposition issue, Plaintiffs have reviewed the number of witnesses we intended to depose and are prepared to reduce the number of overall depositions we intend to take of fact witnesses from

1

more than 70 to 50. This number is reasonable given that there are 10 institutions, 33,000 class members, and 17 issues on which the Court has granted class certification. The case covers four areas (medical care, mental health care, isolation and dental) and you have replaced your system-wide health care provider mid-case. We do not believe that your proposal of 25 total depositions is reasonable, given the scope of the case and the way the factual issues have developed. Please let me know if you agree and if not, we need to schedule a meet-and-confer to discuss.

With respect to particular depositions, Plaintiffs do propose to resume the Richard Pratt 30(b)(6) deposition that took place on October 4, 2012. In the alternative, Plaintiffs intend to notice a deposition of Mr. Pratt in his individual capacity. During his deposition in October, Mr. Pratt followed Defendants' counsel's instructions to not answer any questions outside of the scope of the 30(b)(6) notice. Such instructions were improper. *See Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000) ("If Defendants have objections to either questions outside the scope of the 30(b)(6) designation or a question whether certain conduct falls inside or outside Departmental policy, counsel shall state the objection on the record and the witness shall answer the question, to the best of the witness's ability."). Furthermore, Mr. Pratt's testimony made it clear that he was not adequately prepared to answer many questions within the scope of the notice, as required by the Federal Rules. *See Pioneer Drive v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 559 (D. Mont. 2009) ("Defendant's designee was not knowledgeable about the noticed matters nor was he prepared to give complete and binding answers on behalf of the organization. The Defendant failed its obligation to produce a witness under 30(b)(6). While a physical body was present, no person who satisfied the legal requirements of Rule 30(b)(6) was produced."). Finally, the termination of the Wexford contract and the implementation of the Corizon contract both occurred after Mr. Pratt's previous deposition, necessitating that he be deposed again so as to cover these developments. *See* Wright & Miller, Federal Practice and Procedure § 2103 ("The fact that a Rule 30(b)(6) notice must specify limited topics for examination implies that additional inquiry into other relevant topics should not be precluded by the fact that inquiry has first been made on the topics designated for the first Rule 30(b)(6) deposition. Moreover, it might be inappropriate to insist that all topics be explored in a single deposition because various topics are suitable for inquiry at different times in the case.").

Further, we understand that Dr. Shaw is now affiliated with Corizon and responsible for mental health. In light of his new position and for the same reasons discussed above with respect to Mr. Pratt, Plaintiffs intend to take Dr. Shaw's deposition based on events that transpired since his last deposition. Please let me know if you intend to oppose that request.

Thanks very much,

David

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

**EXHIBIT 7**

**EXHIBIT 7**



STRUCK WIENEKE & LOVE

October 3, 2012

**VIA EMAIL ONLY**

Jennifer Alewelt: jalewelt@azdisabilitylaw.org
Caroline N. Mitchell: cnmitchell@jonesday.com
Donald Specter: dspecter@prisonlaw.com
David C. Fathi: dfathi@npp-aclu.org

    Re: Parsons, et al. v. Ryan and Pratt
       U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

  Defense counsel will appear for the October 3 and October 4 30(b)(6) depositions due to Plaintiffs' counsel traveling out of state to attend. We must postpone, however, all remaining 30(b)(6) depositions until the Court has ruled on the issue. At the previous two meet-and-confers, you refused to re-write the 30(b)(6) notices after numerous requests from Defendants to do so. Additionally, you have repeatedly informed Defendants that if we do not have a person responsive to a Topic, to "just say so." When we do that, you accuse us of not adequately preparing our witnesses. As set forth in our one-pager to the Court, the 30(b)(6) depositions cannot proceed without a Court Order establishing a reasonable limit and appropriate scope to the 30(b)(6) depositions in this matter.

                Sincerely,

                Ashlee B. Fletcher
                For the Firm

ABF/slw
2694986.1
cc: Michael E. Gottfried
   Dawn Northup
   Kelly Dudley

Ashlee B. Fletcher | afletcher@swlfirm.com | Direct: 480.420.1631 | swlfirm.com



STRUCK WIENEKE & LOVE

October 11, 2012

**VIA EMAIL ONLY**

Jennifer Alewelt: jalewelt@azdisabilitylaw.org
Caroline N. Mitchell: cnmitchell@jonesday.com
Donald Specter: dspecter@prisonlaw.com
David C. Fathi: dfathi@npp-aclu.org

    Re: Parsons, et al. v. Ryan and Pratt
       U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

  This letter responds to David Fathi's October 9, 2012 letter regarding Plaintiffs' 30(b)(6) deposition proposal.

  As noted by Judge Wake in his October 4, 2012 Order, Plaintiffs' 30(b)(6) Notices are "extreme." See Doc. 17. Judge Wake also advised Plaintiffs that "sweeping discovery from a large organization is usually better and far more economically obtained by written discovery, with Rule 30(b)(6) depositions to supplement." Id. ( emphasis added).

  As the Court has acknowledged, Plaintiffs' 30(b)(6) Notices are problematic, and Defendants agree. As such, the document requests attached to Plaintiffs' 30(b)(6) notices are also problematic because they encompass the same overbroad and vague Topics presented in the Notice itself. Defendants therefore decline your proposal regarding the remaining 30(b)(6) notices and remain firm in their position that all 30(b)(6) depositions will be postponed until the Court issues an order regarding Defendants' one-pager on 30(b)(6) Notices. See Doc. 158.

  My September 27, 2012 letter confirming the deposition on October 18 was sent prior to my letter which postponed all 30(b)(6) depositions. Because the October 18 deposition is a 30(b)(6) deposition, it will not go forward. As explicitly stated in my October 3 letter, all 30(b)(6) depositions after October 4 will be postponed pending a court Order.

  Defendants, however, have no objection to proceeding with all remaining non-30(b)(6) depositions. Therefore, the deposition of Eric Cavanaugh will go forward as scheduled. Additionally, as Defendants have informed Plaintiffs on many occasions, the issue of whether Plaintiffs' 30(b)(6) Notices are proper is already before the Court. Therefore, Defendants will not be participating in your proposal to submit another one-pager to the Court regarding the same issue.

Ashlee B. Fletcher | afletcher@swlfirm.com | Direct: 480.420.1631 | swlfirm.com

Counsel of Record
October 11, 2012
Page 2

                              Sincerely,

                              *Ashlee B. Fletcher*

                              Ashlee B. Fletcher
                              For the Firm

ABF/slw
2697177.1

cc:    Michael E. Gottfried
        Dawn Northup
        Kelly Dudley