INDEX TO EXHIBITS

Exhibit A:      Excerpt of Transcript of Proceedings from August 7, 2013 in *Parsons v. Ryan*

Exhibit B:      Defendant's Ninth Supplemental Disclosure Statement

Exhibit C:      Email exchange dated August 14, 2013 between Don Specter and Daniel Struck

Exhibit D:      Email exchange dated June 18, 2013 between Caroline Mitchell and Daniel Struck

Exhibit E:      Letter dated July 25, 2013 from Caroline Mitchell to Daniel Struck

Exhibit F:      Email dated August 19, 2013 from Caroline Mitchell to Lucy Rand

Exhibit G:      Email from Denise Starvia at ADOC to Karen Ingram and others regarding article entitled *Arizona prisons in health--care quandary*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| **Victor Parsons**, et al., on behalf of themselves and all others similarly situated; and **Arizona Center for Disability Law**, | ) ) ) ) ) ) | No.  **CV 12-00601-PHX-NVW** |
| Plaintiffs, | ) ) | **Phoenix, Arizona** **August 7, 2013** |
| vs. | ) ) | **10:00 a.m.** |
| **Charles Ryan**, Director, Arizona Department of Corrections; and **Richard Pratt,** Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

BEFORE:  **THE HONORABLE NEIL V. WAKE, JUDGE**

(**_Motion Hearing_**)

Official Court Reporter:
Laurie A. Adams, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 43
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

─────August 7, 2013 - Motion Hearing─────

 1   that facility.

 2          THE COURT:  What is he producing in terms of the paper

 3   product?

 4          MS. GERLICHER:  What is he producing, Dr. Shulman?  He

 5   will produce a report.                              10:43:49

 6          THE COURT:  I mean, is he bringing this down to data

 7   or just reading a bunch of stuff and going to give a subjective

 8   assessment?

 9          MS. GERLICHER:  He'll have data to back up his report.

10   We have been unable to get, for the most part, any gross data   10:44:03

11   regarding dental with the exception of some reports that we

12   don't understand how they are created yet.  And so he is

13   basically creating his own gross data.

14          But Your Honor was concerned if this is perhaps, you

15   know, much more burdensome, but if you imagine that they had to   10:44:23

16   produce something like 200 medical records, that -- through

17   written discovery -- that would be much more lengthy and much

18   more work than him just getting it done in 10 days or 12 days

19   that he's touring.

20          And that's the case throughout these tours.  We have   10:44:38

21   learned a tremendous amount from these tours, to actually being

22   in the facility, real time, to see how these people live, to

23   ask them, numerous people, numerous inmates generally during

24   the course of a day how treatment works and then to go into the

25   medical facilities.                                 10:44:56

—August 7, 2013 - Motion Hearing—

1        THE COURT:  And you are willing to limit those to,

2    what, three more?

3        MS. GERLICHER:  If the defendants, sounds like they

4    might be open to this, are willing to stipulate that the

5    medical facilities at the five remaining complexes are the same    10:45:05

6    as the ones that have been done, then we would be willing not

7    to do those tours.  We have asked them to do that in the past

8    and they have refused.  And the remaining three-day tours are

9    for an expert who has not yet toured.  She is looking at the

10   physical effects of isolation confinement.    10:45:22

11       Regarding written discovery, Your Honor, and the

12   parties have done a lot of it, you are right.  The plaintiffs

13   actually, despite -- or the defendants, despite the fact that

14   they have most of the documents and do not have the burden of

15   proof, have issued even more requests to us than we have issued    10:45:39

16   to them.  And you are right, some of our requests are broad for

17   the reasons we have discussed previously.  We just don't know

18   how they keep the records, so it's been kind of an ongoing

19   negotiating process.

20       But that process has been ongoing.  We have talked to    10:45:53

21   defendants about various request and we have formulated them

22   and agreed to take lists that are slightly different than what

23   we asked for.  And that's been an important part of the ongoing

24   production over the last 60 days in particular.

25       And, in fact, some of the requests will probably be    10:46:09

—August 7, 2013 - Motion Hearing—

1    either withdrawn or put on hold now that the expert tours have

2    taken place.  For example, in the stay moving papers,

3    defendants mentioned the list of all patients on the mental

4    health caseload.  Well, it's important that we know who the

5    patients are in the mental caseload so the mental health expert    10:46:25

6    knows who to talk to and pick records from.  But now that he's

7    toured, assuming that there's no material changes on how health

8    care is done and we don't delay things significantly for a

9    stay, then we don't need that to be ongoing, supplemented on an

10   ongoing basis at the rate we requested originally.  So similar    10:46:43

11   requests like that do not need to continue.

12           THE COURT:  Now, Mr. Acedo says that if I grant this

13   stay, it will have a significant reduction of the short term

14   discovery that otherwise would take place to bring this to

15   completion.  Is that right?                                        10:47:11

16           MS. GERLICHER:  I didn't quite understand.

17           THE COURT:  He's saying that if I grant the stay that

18   he requests, that it will forestall a large amount of discovery

19   that otherwise would be taking -- have to take place to bring

20   this to completion.                                                10:47:28

21           MS. GERLICHER:  Well, I think by definition a stay is

22   going to forestall discovery.

23           THE COURT:  Another way of saying, what's left to be

24   done?

25           MS. GERLICHER:  What's left to be done.  There are a       10:47:36

# EXHIBIT B

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; *et al.*, and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director; *et al.*,<br><br>Defendants. | NO. CV12-0601-PHX-NVW<br><br>**DEFENDANTS' *NINTH* SUPPLEMENTAL DISCLOSURE STATEMENT** |

Defendants, through counsel and pursuant to Federal Rule of Civil Procedure 26(a)(1), submit their ***Ninth*** Supplemental Disclosure Statement.  Defendants

2791530.1

will supplement and/or amend this disclosure statement as information is discovered. *Supplemental and/or revised text is shown in bolded and italicized font*.

## I. NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

### A. INDIVIDUALS WHO WILL BE CALLED TO TESTIFY

1.   Charles Ryan, ADC Director, Defendant
     c/o Struck Wieneke & Love, P.L.C.[1]
     3100 West Ray Road, Suite 300
     Chandler, AZ 85226
     (480) 420-1600
        and
     Office of the Attorney General, State of Arizona
     1275 West Washington Street
     Phoenix, AZ 85007-2926
     (602) 542-1610

Charles Ryan is the Director of the ADC. *Director Ryan will testify regarding his training and experience in corrections and his role in the development of policies, procedures, training programs, and ADC's strategic vision. Director Ryan has more than 35 years of experience in the field of corrections. He has served as Director of the Arizona Department of Corrections since 2009, and prior to that as Deputy Director of Prison Operations, as a prison warden and as a prison administrator. He possesses in-depth, hands-on institutional knowledge. Director Ryan has extensive experience in the development of correctional institution policy including the formulation of the inmate classification system, the staffing, operation and activities of various prison complexes and the development of budgetary requirements. Director* Ryan will testify regarding the centralization of health and mental health care for certain inmate populations. He  is likely to testify with regard to the maintenance and administration of ADC institutions and programs; ADC policies, procedures, and

---

[1]   All parties listed as care of Struck Wieneke & Love, P.L.C. shall also be in care of the Attorney General's Office, State of Arizona, regardless of whether it is explicitly stated. Further, Struck Wieneke and Love's and the Attorney General's Office's contact information for all parties shall be the same as listed for Director Ryan, unless specifically stated otherwise.

practices, including those related to medical, dental and mental health care as well as the provision of adequate care to ADC inmates in compliance with constitutional requirements; the improvements in the delivery of health care to the ADC inmate population; the privatization of the entire health care delivery system, specifically, the taking over of the health care system by Wexford Health Sources ("Wexford") from July 1, 2012 through March 3, 2013, and by Corizon Health on March 4, 2013; ADC facilities' compliance with the National Commission on Correctional Health Care Standards ("NCCHC"), Wexford's compliance during its tenure, and Corizon's compliance after it took over on March 4, 2013; various budgetary issues surrounding the ADC and the overall operation of ADC; his recommendation of policies and programs to the Governor and Legislature for improving corrections programs including health care services; his establishment of employment qualifications for key personnel as well as relevant staffing policies, procedures, levels, and issues with regard to dental, medical, and mental health personnel as well as to any communications with said personnel; financial issues relative to the administration of specialty care to inmates at ADC as well as isolation and conditions of confinement issues in various ADC facilities; *exhaustion of the grievance appeal process*.  He will also discuss why changes in policies and procedures were made, and will rebut the suggestion that changes were made because of the filing of Plaintiffs' lawsuit.

    2.    Richard Pratt, ADC Quality/Clinical Program Evaluation Administrator and former Interim Director, Health Services ("HS") Division, Defendant
c/o Struck Wieneke & Love, P.L.C.

Richard Pratt is the Quality/Clinical Program Evaluation Administrator and the former Interim Division Director of Health Services at ADC.  *Please see Exhibit Bates Numbered ADC123458-123461 for Mr. Pratt's credentials and qualifications. Mr. Pratt was previously deposed and Defendants will rely on his deposition testimony.* In addition to his deposition testimony, Mr. Pratt is likely to testify with regard to policies, procedures, and practices, including those related to medical, dental, mental

3

health care; his knowledge of Plaintiffs' medical, dental and mental health needs requests and Plaintiffs' institutional history as reflected in grievance appeals files; the privatization of the entire health care delivery system, specifically, the taking over of the entire health care system by Wexford; ADC policies and procedures including those related to medical, dental and mental health care as well as the provision of adequate care to ADC inmates in compliance with constitutional requirements; relevant staffing policies, procedures, levels; ADC facilities' compliance with the NCCHC standards; Wexford's compliance during its tenure; compliance with contract requirements by Corizon; and Corizon's  compliance after it took over on March 4, 2013; policies and procedures including those related to medical, dental and mental health care, statistics, reports and historical data relating to mental, medical and dental care,  as well as the provision of adequate care to ADC inmates in compliance with constitutional requirements.

      3.     Carson McWilliams, ADC Northern Region Operations Director (NROD) c/o Struck Wieneke & Love, P.L.C.

Carson McWilliams is the Northern Region Operations Director of ADC. *Please see Exhibit Bates Numbered ADC123449-123451 for his credentials and qualifications.* Mr. McWilliams is likely to testify with regard to policies and procedures including those related to medical, dental and mental health care, classification, housing, security,  and operations of ADC Complexes in the Northern Region; a description of the complexes, pods, units and security classifications of each facility; fundraising opportunities and activities at Complexes; *implementation of structural changes and programming in ADC facilities; education opportunities and availability to ADC populations; CCTV programing;  implementation of mental health programming at ADC facilities, recreation, employment, and education activities provided to ADC inmates, and the conditions of confinement at ADC facilities, including all matters raised in the court's certification of the class and sub classes as it relates to conditions of confinement, which may include, lighting, food service, recreational activities, mail, food, watch, reading materials and the like; statistics, reports and historical data*

1  *relating to mental, medical and dental care;  and his knowledge of security operations*

2  *and conditions in maximum custody.*

3       4.       Richard Rowe, M.D., *former* ADC Quality/Clinical, Medical Program
               Administrator, HS Division

4               c/o Struck Wieneke & Love, P.L.C.

5              Dr. Richard Rowe is the HS Division, Quality/Clinical Medical Program

6  Administrator. ***Please see Exhibit Bates Numbered ADC123462-123463 for his***

7  ***credentials and qualifications.  Dr. Rowe was previously deposed and Defendants will***

8  ***rely on his deposition testimony.*** In addition to his deposition testimony, ***Dr. Rowe*** is

9  likely to testify with regard to recommendations made to him by doctors at various ADC

10  facilities and the procedure by which recommendations are made to him; policies,

11  practices, procedures, and processes of the administration of all health care services to

12  inmates housed at ADC; relevant staffing policies ***and*** procedures; ***implementation of***

13  ***structural and programming improvements in ADC facilities;*** policies and procedures

14  including those related to medical, dental and mental health care as well as the provision

15  of adequate care to ADC inmates in compliance with constitutional requirements***; his role***

16  ***in authoring inmate mortality reviews; his involvement in working with outside***

17  ***providers as a result of the ACCHS legislation and privatization legislation***.

18       5.       Ben Shaw, M.D. (former ADC HS Division, Quality/Clinical, Mental
               Health Monitor (Health Services Coordinator)) ***, current Mental Health***

19               ***Director at Corizon***
               c/o Corizon Health

20

21              ***Ben Shaw, M.D., is the former HS Division, Quality/Clinical, Mental***

22  ***Health Monitor (Health Services Coordinator) at ADC, and the current Mental Health***

23  ***Director at Corizon. Dr. Shaw was previously deposed and Defendants will rely on his***

24  ***deposition testimony.  In addition to his deposition testimony, Dr. Shaw will testify with***

25  ***regard to policies and procedures at the time of his employment with ADC, including***

26  ***those related to  mental health needs; the privatization of the entire health care delivery***

27  ***system, specifically, the transition of the entire health care system to Wexford; the***

28  ***transition of the entire health care system to Corizon; the provision of adequate care to***

5

*ADC inmates in compliance with constitutional requirements, statistics, reports and historical data relating to mental, medical and dental care,  and his current job activities.  Dr. Shaw may also testify regarding his knowledge of the care and treatment of the named Plaintiffs, as well as class members whose care he is familiar with. Dr. Shaw has knowledge of the mental health group programing, the CCTV programing, the activities of the psych associates and other mental health staff, how the telemed program works,  medication distribution, the mental health phases at maximum security facilities, the incentive programs, and the loaner tv and radio programs.*

6.      Carol Pearson, ADC HS ~~Division~~ **Contract Monitoring Bureau**, Medical Records Monitor
c/o Struck Wieneke & Love, P.L.C

Carol Pearson is the current HS Contract Monitor Bureau Medical Records Monitor and former ADC Medical Records Program Manager at ADC.  *Ms. Pearson was previously deposed and Defendants will rely on her deposition testimony.  Ms. Pearson is likely to testify regarding her information with regard to ADC Polices, practices, and procedures, including those related to the organization, storage, maintenance, archiving, and eventual destruction of inmate medical records; and the privatization of the healthcare delivery system and its impact on medical records management.*

7.      Juliet Respicio-Moriarty, ADC HS Contract Monitoring Bureau, Inmate Grievance Appeals Investigator
c/o Struck Wieneke & Love, P.L.C.

*Juliet Respicio-Moriarty is the current Inmate Grievance Appeals Investigator for ADC. Please see Exhibit Bates Numbered ADC123429-123433 for her credentials and qualifications. Ms. Respicio-Moriarty will testify regarding policies, practices, and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and*

1   *investigations; and her knowledge of Corizon's performance under the Contract with*
2   *ADC.*

3          8.      Kathleen Campbell, ADC HS Contract Monitoring Bureau, Nursing
                   Contract Monitor
4                  c/o Struck Wieneke & Love, P.L.C.

5                  *Kathleen Campbell is the current Nursing Contract Monitor for ADC.*
6   *Please see Exhibit Bates Numbered ADC123435-123438 for her credentials and*
7   *qualifications. Ms. Campbell will testify regarding policies, practices, and procedures*
8   *for provision of health care to ADC's inmate population; delivery of medication to*
9   *inmates; delivery of mental health care and dental care; her activities in evaluation of*
10  *mental health services provided by Corizon, reporting on those services with the*
11  *monitoring MGAR reports; and monitoring and reviewing those services for patterns;*
12  *compilation and analysis of statistical data; ensuring compliance with federal and state*
13  *laws; clinical reviews for inmate grievance appeal responses and investigations; and*
14  *her knowledge of Corizon's performance under the Contract with ADC.*

15         9.      Sam Tardibuono, ADC HS Contract Monitoring Bureau, Contract Monitor,
                   ASPC-Douglas
16                 c/o Struck Wieneke & Love, P.L.C.

17                 *Sam Tardibuono is the current Contract Monitor at ASPC-Douglas.*
18  *Please see Exhibit Bates Numbered ADC123464-123467 for his credentials and*
19  *qualifications. Mr. Tardibuono will testify regarding policies, practices, and procedures*
20  *for provision of health care to ADC's inmate population; delivery of medication to*
21  *inmates; delivery of mental health care and dental care; her activities in evaluation of*
22  *mental health services provided by Corizon, reporting on those services with the*
23  *monitoring MGAR reports; and monitoring and reviewing those services for patterns;*
24  *compilation and analysis of statistical data; ensuring compliance with federal and state*
25  *laws; clinical reviews for inmate grievance appeal responses and investigations; and*
26  *her knowledge of Corizon's performance under the Contract with ADC.*

27

28

10. David Robertson, D.O., ADC HS ~~Division~~ **Contract Monitoring Bureau**, Quality/Clinical, Medical Program Administrator~~/Monitor~~
c/o Struck Wieneke & Love, P.L.C.

*Dr. David Robertson is the current HS Contract Monitoring Bureau, Quality/Clinical, Medical Program Administrator. Please see Exhibit Bates Numbered ADC123413-123418 for his credentials and qualifications. Dr. Robertson will testify regarding ADC policies, practices, and procedures including those related to medical care, review and investigation of medical grievances, inmate death investigations and mortality reviews, implementation by Corizon of electronic medical records, Corizon's telemedicine system; his knowledge of Plaintiffs' medical health needs and the continuous improvements in the delivery of health care to the ADC inmate population.*

11. Nicole Taylor, Ph.D., ADC HS ~~Division~~ **Contract Monitoring Bureau**, Quality/Clinical, **Health Services Coordinator** (Mental Health Monitor) ~~(Health Services Coordinator)~~ and former Psychologist III and FHA at ASPC-Florence
c/o Struck Wieneke & Love, P.L.C.

*Nicole Taylor, Ph.D. is the current HS Contract Monitoring Bureau, Quality/Clinical, Health Services Coordinator (Mental Health Monitor). Please see Exhibit Bates Numbered ADC123454-123457 for her credentials and qualifications. Dr. Taylor will testify regarding ADC policies, practices, and procedures including those related to mental health care and conditions of confinement; her knowledge of Plaintiffs' mental health care needs; the privatization of the entire health care system by Wexford; and the subsequent transition to Corizon; the provision of adequate care to ADC inmates in compliance with constitutional requirements; relevant staffing policies, procedures, levels and issues with regard to mental health personnel.*

12. Ron Credio, Warden, ASPC-Eyman
c/o Struck Wieneke & Love, P.L.C.

*Ron Credio is the Warden at ASPC-Eyman. He has been employed with the ADC for over 18 years, starting as a Correctional Officer at ASPC-Eyman/Rynning Unit. He was promoted to the position of Sergeant at ASPC-Florence/Central Unit, Lieutenant at ASPC-Eyman/Meadows Unit, Captain at ASPC-Florence/Picacho and*

*North Unit, Associate Deputy Warden at ASPC-Florence/South Unit, Deputy Warden as ASPC-Phoenix/Globe and Alhambra, and Deputy Warden of Operations at ASPC-Florence.  Warden Credio has a Bachelor of Science in Public Safety Administration, Associates Degree in Corrections, and Associates Degree in Management. He is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Eyman, its cell blocks, the inmates housed at ASPC-Eyman, recreation and therapy and behavioral programming at ASPC-Eyman, access to healthcare and the delivery of healthcare to inmates.  Warden Credio is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues, conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Credio will also provide foundational testimony for institutional records.*

       13.    Gerald Thompson, DW, ASPC-EYMAN-SMU I
               c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Gerald Thompson is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Eyman, its cell blocks, the*

*inmates housed at SMU-I, and recreation, therapy and behavioral programming at SMU-I, and access to healthcare and delivery of healthcare to the inmates. Deputy Warden Thompson is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues, conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Deputy Warden Thompson will also provide foundational testimony for institutional records.*

      14.   Assistant Deputy Warden Munoz, ASPC-Eyman

*Assistant Deputy Warden Munoz is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Eyman, its cell blocks, the inmates housed at ASPC-Eyman, recreation and therapy and behavioral programming at ASPC-Eyman, and access to healthcare and delivery of healthcare to the inmates. Assistant Deputy Warden Munoz is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates*

*with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues,  conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Assistant Deputy Warden Munoz will also provide foundational testimony for institutional records.*

15.     Stephen Morris, DW, ASPC-Eyman-Browning Unit (and former DW, ASPC-Florence-East)
c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Stephen Morris is assigned to the Browning Unit at ASPC-Eyman, and is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Eyman, its cell blocks, the inmates housed in Browning Unit, recreation at Browning Unit, therapy and behavioral programming at Browning Unit, and access to healthcare and delivery of healthcare to the inmates. Deputy Warden Morris is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing,*

11

*programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; food service, including nutrition requirements, lighting issues, alleged sanitation and extermination  issues at their respective facilities; conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Deputy Warden Munoz will also provide foundational testimony for institutional records.*

16.     Lance Hetmer, Warden, ASPC-Florence
c/o Struck Wieneke & Love, P.L.C.

*Lance Hetmer is the Warden at ASPC-Florence.  He is responsible for the oversight of a multi-custody facility of approximately 4,270 inmates and approximately 1,055 full time staff.  Warden Hetmer began his career with the ADC over 25 year ago as a Correctional Officer at the ASPC-Douglas facility.  He was promoted through the ranks, holding the positions of sergeant, lieutenant and captain.  With each promotion, he gained knowledge and experience in working with all custody levels at ASPC-Safford, Perryville, and Tucson.  For the last 13 years he has held management positions of Associate Deputy Warden, Deputy Warden, and Deputy Warden of Operations. Warden Hetmer is likely to testify regarding his knowledge of ADC's historical and contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Florence, its cell blocks, the inmates housed in each cell block, recreation for all security levels, therapy and behavioral programming for all security levels, and access to healthcare and delivery of healthcare to the inmates. Warden Hetmer is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any*

*Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues and extermination issues at their respective facilities; food service, including nutrition requirements, lighting issues, conditions of confinement and management of SMU units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Deputy Warden Hetmer will also provide foundational testimony for institutional records.*

    17.    Amy Barnes, ADW, ASPC-Florence-Kasson Unit
           c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Amy Barnes is assigned to the Kasson Unit at ASPC-Florence, and is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Florence, its cell blocks, the inmates housed in Kasson Unit, recreation at Kasson Unit, therapy and behavioral programming at Kasson Unit, and access to healthcare and delivery of healthcare to the inmates. Deputy Warden Barnes is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and*

*management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Deputy Warden Barnes will also provide foundational testimony for institutional records.*

18.    R. Allen Bock, Warden, ASPC-Lewis (and former Warden of ASPC-Yuma)
c/o Struck Wieneke & Love, P.L.C.

*Warden Allen Bock is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Lewis, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Bock is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Bock will also provide foundational testimony for institutional records.*

19.    Alfred Ramos, Warden, ASPC-Phoenix
c/o Struck Wieneke & Love, P.L.C.

*Warden Alfred Ramos is the Warden at ASPC-Phoenix. He began his career in corrections as a group worker at the Yakima County Juvenile Hall in Yakima, Washington.  He ultimately served as a Superintendent in the Washington Correctional*

14

*system until his retirement in 2003.  In March 2004, Warden Ramos was hired by the ADC and assigned as an Associate Deputy Warden at ASPC-Lewis.  He was promoted in 2011 as Warden at ASPC-Phoenix.  He is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Phoenix, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Ramos is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues ; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.  Warden Ramos will also provide foundational testimony for institutional records.*

    20.    Berry Larson, Warden, ASPC-Winslow
             c/o Struck Wieneke & Love, P.L.C.

*Warden Berry Larson is the Warden at ASPC-Winslow. Warden Larson manages three correctional facilities with a population of 1,943 inmates and 514 staff, 1 close/medium custody unit, 2 minimum custody units, and 50 contract jail beds. She has been in the corrections field for 24 years, holding the positions of Correctional Officer I, Correctional Programs Officer I and II, Correctional Programs Supervisor, Associate*

1   *Deputy Warden, and Deputy Warden. She was the Deputy Warden of Programs at the*
2   *Hutchinson Correctional Facility for the Kansas Department of Corrections for 3 years.*
3   *In the field of corrections, Warden Larson has worked with male and female inmates,*
4   *and juvenile offenders. Additionally, she worked in correctional and probationary boot*
5   *camps for adults and juveniles. She is likely to testify regarding her knowledge of*
6   *ADC's contemporary practices and procedures in relation to security operations,*
7   *including general information regarding ASPC-Winslow, its cell blocks, the inmates*
8   *housed in each Unit, recreation at each Unit, therapy and behavioral programming at*
9   *each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden*
10  *Larson is additionally likely to have discoverable information with regard to Plaintiffs'*
11  *institutional history and ADC's policies and procedures, and conditions of confinement*
12  *with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and*
13  *behavior issues; practices and policies regarding inmates with gang affiliations as well*
14  *as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or*
15  *classification status at any point during their incarceration at ADC as well as the*
16  *policies and procedures regarding the classification, housing, programming, recreation,*
17  *morale and welfare programs, and fundraisers; the management of health care at each*
18  *respective facility, the physical layout of each of their respective facilities; alleged*
19  *sanitation issues at their respective facilities; food service, including nutrition*
20  *requirements, lighting issues ; conditions of confinement and management of*
21  *maximum custody units; inmates' access to programming, visitation, and recreation*
22  *time; and educational programming available to inmates. Warden Larson will also*
23  *provide foundational testimony for institutional records.*

24      21.    Yolanda Elliott, Warden, ASPC-Douglas (and former DWOP of ASPC-
             Douglas)
25             c/o Struck Wieneke & Love, P.L.C.

26      *Warden Yolanda Elliott is likely to testify regarding her knowledge of*
27  *ADC's contemporary practices and procedures in relation to security operations,*
28  *including general information regarding ASPC-Douglas, its cell blocks, the inmates*

16

*housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Elliott is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Elliott will also provide foundational testimony for institutional records.*

        22.    Judy Frigo, Warden, ASPC-Perryville
                c/o Struck Wieneke & Love, P.L.C.

*Warden Judy Frigo is the Warden at ASPC-Perryville. Please see Exhibit Bates Numbered ADC123426-123428 for her credentials and experience. Warden Frigo is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Perryville, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Frigo is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang*

17

*affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues;  conditions of confinement and management of maximum units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Frigo will also provide foundational testimony for institutional records.*

23.    Lyle Broadhead, Warden, ASPC-Safford
c/o Struck Wieneke & Love, P.L.C.

*Warden Lyle Broadhead is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Safford, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to inmates. Warden Broadhead is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming*

18

*available to inmates. Warden Broadhead will also provide foundational testimony for institutional records.*

24.  Therese Schroeder, Warden, ASPC-Tucson
     c/o Struck Wieneke & Love, P.L.C.

*Warden Therese Schroeder is the Warden at ASPC-Tucson.  She is responsible for approximately 1,300 staff and an inmate population of approximately 5,000 inmates.  Warden Schroeder began her corrections career in October 1988.  Her first assignment as a Correctional Officer was at the Echo Unit at ASPC-Tucson.  In 1996 she was promoted to Correctional Officer III, promoted to Correctional Officer IV in 1998, and promoted to Associate Deputy Warden at Tucson/Rincon in 2001.  Warden Schroeder was also the Deputy Warden of the Cimarron Unit and Deputy Warden of Operations at ASPC-Tucson.  In April 2006 she was appointed as the Warden of ASPC-Safford.  In 2008 she was appointed as the Warden at ASPC-Perryville.  She became the Warden of ASPC-Tucson in 2011.  Warden Schroeder has an Associate's Degree in Business Management and has earned ACA's Certified Corrections Executive Certificate.  She is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Tucson, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Schroeder is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each*

*respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; food service, including nutrition requirements, lighting issues;   conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Warden Schroeder will also provide foundational testimony for institutional records.*

25.    Laura Escapule, Warden, ASPC-Yuma (and former Warden of ASPC-Winslow)
c/o Struck Wieneke & Love, P.L.C.

*Warden Laura Escapule is the Warden at ASPC-Yuma.  She began her career with the ADC in 1996 as a Correctional Officer I at ASPC-Douglas.  In 1998 she was promoted to Correctional Officer III at ASPC-Yuma, followed by a promotion to Correctional Officer IV. In 2005 she was promoted to Deputy Warden at ASPC-Tucson, followed by a promotion to Deputy Warden of Operations in 2007 at ASPC-Yuma. Her current appointment entails supervision and management of a prison complex which employs 1,100 administrative, security and support staff, encompassing 2 minimum custody units, 2 medium custody units and 1 close custody unit.  Warden Escapule is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Florence, its cell blocks, the inmates housed in each Unit, recreation at each Unit, therapy and behavioral programming at each Unit, and access to healthcare and delivery of healthcare to the inmates. Warden Escapule is additionally likely to have discoverable information with regard to ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities;*

20

*conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates. Moreover, Warden Escapule will testify regarding the work incentive pay plan ("WIPP") at Yuma which allows inmates to utilize experience, training, and expertise in meaningful employment while support their needs. Warden Escapule will also provide foundational testimony for institutional records.*

26.     Gretchen Williams, FHA at ASPC-Perryville
c/o Corizon Health

*Gretchen Williams is the current Facility Health Administrator at ASPC-Perryville, and is likely to testify regarding her knowledge of ADC's policies and procedures regarding delivery of health care to ADC's inmate population at ASPC-Perryville; and the day-to-day operation of health services at Yuma including delivery of medication delivery of mental health care and dental care; her knowledge of the relationship between the operational staff at ADC and health care staff at Corizon, and the overall delivery of healthcare to the inmates.*

27.     Robert Parkinson, FHA at ASPC-*Florence*
c/o Corizon Health

*Robert Parkinson is the former Facility Health Administrator for ASPC-Eyman, and current Facility Health Administrator for ASPC-Florence, and is likely to testify regarding his knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; and the day-to-day operation of health services at Yuma including delivery of medications and delivery of mental health care and dental care, and the overall delivery of healthcare to the inmates.*

28.     Ann Mullen, FHA at ASPC-Safford
c/o Corizon Health

*Ann Mullen is the Facility Health Administrator for ASPC-Safford, and is likely to testify regarding her knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; and the day-to-day operation of health services at Yuma including delivery of medications and delivery of mental health care and dental car,. and the overall delivery of healthcare to the inmates.*

29.  Masood Sirjani, Dental Director at ASPC-Phoenix
c/o Corizon Health

*Masood Sirjani is the Dental Director for ASPC-Phoenix and will testify regarding his knowledge of ADC's policies and procedures for delivery of dental care to ADC's inmate population, the dental intake process for all male ADC inmates at ASPC-Phoenix, triage of dental HNRs, wait times for routine and urgent dental care at ASPC-Phoenix, and the review and resolution of grievances related to dental care, and the overall delivery of healthcare to the inmates.*

30.  Cyndy Hale, FHA at ASPC-Yuma
c/o Corizon Health

*Cyndy Hale is the Facility Health Administrator for ASPC-Yuma, and is likely to testify regarding her knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; including delivery of medications, delivery of mental health care and dental care, and the day-to-day operation of health services at Yuma.  Ms. Hale is also expected to testify regarding the scheduling of health care appointments and Yuma's recent implementation of the Care Log system which electronically tracks and schedules follow up appointments for inmates with chronic care conditions, and the overall delivery of healthcare to the inmates.*

31.  Deborah Kinder, FHA at ASPC-Douglas
c/o Corizon Health

1    ***Deborah Kinder* is the Facility Health Administrator for ASPC-Florence,**
2    **and is likely to testify regarding her knowledge of ADC's policies and procedures for**
3    **delivery of health care to ADC's inmate population; and the day-to-day operation of**
4    **health services at Yuma including delivery of medications and delivery of mental health**
5    **care and dental care, and the overall delivery of healthcare to the inmates.**

6    32.    Von Marschik, FHA at ASPC-Eyman
            c/o Corizon Health
7

8    ***Von Marschik* is the Facility Health Administrator for ASPC-Eyman, and**
9    **is likely to testify regarding his knowledge of ADC's policies and procedures for**
10   **delivery of health care to ADC's inmate population; and the day-to-day operation of**
11   **health services at Yuma including delivery of medications and delivery of mental health**
12   **care and dental care. Mr. Marschik has a lengthy tenure with Corizon Health Services**
13   **and is also expected to testify regarding his experience and expertise in privatizing**
14   **health care in correctional settings, and the overall delivery of healthcare to the**
15   **inmates.**

16   33.    Cameron Lewis, FHA at ASPC-Lewis
            c/o Corizon Health
17

18   ***Cameron Lewis* is the Facility Health Administrator for ASPC-Lewis, and**
19   **is likely to testify regarding his knowledge of ADC's policies and procedures for**
20   **delivery of health care to ADC's inmate population; and the day-to-day operation of**
21   **health services at Yuma including delivery of medications and delivery of mental health**
22   **care and dental care, and the overall delivery of healthcare to the inmates.**

23   34.    Holly Massey, FHA at ASPC-Phoenix
            c/o Corizon Health
24

25

26

27

28

23

*Holly Massey is the Facility Health Administrator for ASPC-Phoenix, and is likely to testify regarding her knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; and the day-to-day operation of health services at Yuma including delivery of medications and delivery of mental health care and dental care, and the overall delivery of healthcare to the inmates.*

    35.    Patrick Harvey, FHA at ASPC-Tucson
               c/o Corizon Health

*Patrick Harvey is the Facility Health Administrator for ASPC-Tucson, and is likely to testify regarding his knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; and the day-to-day operation of health services at Yuma including delivery of medications and delivery of mental health care and dental care, and the overall delivery of healthcare to the inmates.*

    36.    Elsie Stowell, FHA at ASPC-Winslow
               c/o Corizon Health

*Elsie Stowell is the Facility Health Administrator for ASPC-Winslow, and is likely to testify regarding her knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; and the day-to-day operation of health services at Yuma including delivery of medications and delivery of mental health care and dental care, and the overall delivery of healthcare to the inmates.*

    37.    ***Angelo Daniels, Deputy Warden of Security Operations***
               ***c/o Struck Wieneke & Love P.L.C.***

*Angelo Daniels is the Deputy Warden of Security Operations at ADC, and is likely to testify regarding his knowledge of ADC's policies and procedures for oversight of inmate meal preparation and delivery, including accommodation of the religious standards in place for the various faiths to which inmates in ADC custody belong, and provisions of adequate nutritional needs for special diets.*

    38.    Vickie Bybee, Vice President of Operations
               Corizon Health

*Vickie Bybee is the Vice President of Operations for Corizon Health, and is expected to testify regarding Corizon's obligations under the Contract with ADC, Corizon's staffing, recruiting, policies, and the provision of medical, mental health and dental health care to ADC's inmate population.*

39.     *Any and all foundational witnesses, including custodians of records necessary to lay foundation for the admissibility of evidence at trial.*

**B.     INDIVIDUALS WHO MAY BE CALLED TO TESTIFY**

40.     Jeff Hood, ADC Deputy Director
c/o Struck Wieneke & Love, P.L.C.

Jeff Hood is the Deputy Director of ADC.  Mr. Hood **will testify regarding his training and experience in corrections, and with** regard to ADC policies and procedures and conditions of confinement; the maintenance and administration of ADC institutions and programs; isolation and conditions of confinement issues in various ADC facilities as well as to ADC's compliance with constitutional requirements for the delivery of healthcare;

41.     Ernest Trujillo, ADC Southern Regions Operations Director (SROD)
c/o Struck Wieneke & Love, P.L.C.

Ernest Trujillo is the Southern Region Operations Director of ADC.  **Please see Exhibit Bates Numbered ADC123472-123477 for his credentials and experience.** Mr. Trujillo is likely to testify with regard to the delivery of medical, dental and mental health care to the inmates; **his activities in ensuring compliance with all Department Orders, Procedural Manuals, Post Orders, and Standard of Operations as they apply to security and operational practices, staff safety, the welfare of the inmate population; his supervision of ADC facilities, including policy and program development and implementation statewide with regard to security operations, inmate programming, and standardization of staffing; ensuring the implementation of the Department's Strategic Plan and other agency initiatives, and standardization of processes and procedures in all facilities.**

25

42.     James Taylor *(former ADC HS Division, Contract Compliance Program Evaluation Administrator) **Regional Vice President for Corizon***
c/o Corizon Health[2]
105 Westpark Drive, Suite 200
Brentwood, Tennessee 37027

*James Taylor is the former HS Division, Contract Compliance Program Evaluation Administrator for ADC, and the current Regional Vice President at Corizon. Mr. Taylor  is likely to have discoverable information with regard to ADC policies, practices, and procedures at the time of his employment with ADC, including those related to medical, dental and mental health needs; the privatization of the entire health care delivery system, specifically, the transition of the entire health care system to Wexford; the transition of the entire health care system to Corizon; and the provision of adequate care to ADC inmates in compliance with constitutional requirements.*

43.     Arthur Gross, ADC HS Contract Monitoring Bureau, Assistant Director
c/o Struck Wieneke & Love, P.L.C.

*Arthur Gross is the current HS Contract Monitoring Bureau Assistant Director.  Please see Exhibit Bates Numbered ADC123408-123412 for Mr. Gross's credentials and qualifications. Mr. Gross is likely to have discoverable information with regard to ADC policies and procedures at the time of his employment with ADC, including those related to medical, dental and mental health needs; the privatization of the entire health care delivery system, specifically, the transition of the entire health care system to Wexford; the transition of the entire health care system to Corizon; the provision of adequate care to ADC inmates in compliance with constitutional and contract requirements; and his activities in reporting to the Director of the ADC, provision of oversight and direction to the monitoring team members responsible for ensuring that Corizon provides required health services to ADC's inmate population.*

---

[2]   The contact information for all parties listed as in care of Corizon Health shall be the same as that listed for James Taylor, unless specifically stated otherwise.

44.     ***Martin Winland***, ADC HS ~~Division~~ ***Contract Monitoring Bureau***,
        Quality/Clinical, Pharmacy Monitor *(**Pharmacist**)*
        c/o Struck Wieneke & Love, P.L.C.

*Martin Winland is the current Contract Monitoring Bureau Pharmacy Monitor, taking the place of Paulette Boothby as of May 31, 2013.  He is likely to have discoverable information regarding his knowledge of the PharmaCorr prescription and delivery system and his knowledge of Corizon and PharmaCorr's performance under the Contract with ADC.*

45.     Karen Chu, ADC HS ~~Division~~ ***Contract Monitoring Bureau***,
        Quality/Clinical, Dental Program ***Manager*** ~~Monitor~~ ~~(Dental Program~~
        ~~Manager)~~
        c/o Struck Wieneke & Love, P.L.C.

*Karen Chu is the current HS Contract Monitoring Bureau, Quality/Clinical, Dental Program Manager.  Please see Exhibit Bates Numbered ADC123434 for her credentials and qualifications.  Dr. Chu was previously deposed and Defendants will rely will on her deposition testimony.  Dr. Chu is likely to have discoverable information regarding ADC's policies and procedures related to provision of dental care to the ADC inmate population; her knowledge of Plaintiffs' dental health needs;; as well as the provision of adequate care to ADC inmates in compliance with constitutional requirements; her activities in the review and analysis of dental services provided to ADC's inmate population, review and analysis of inmate charts, and response to inquiries from monitoring staff regarding appropriateness of dental services, practices and protocols .*

46.     Julie Jackson, DW, ASPC-Florence
        c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Julie Jackson is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Florence, its cell blocks, the inmates*

27

1   *housed at ASPC-Florence, and recreation, therapy and behavioral programming at*
2   *ASPC-Florence.  Deputy Warden Jackson is additionally likely to have discoverable*
3   *information with regard to Plaintiffs' institutional history and ADC's policies and*
4   *procedures, and conditions of confinement with respect to their respective facilities;*
5   *Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies*
6   *regarding inmates with gang affiliations as well as ADC's management of gang*
7   *affiliated inmates; any Plaintiff's protective custody or classification status at any point*
8   *during their incarceration at ADC as well as the policies and procedures regarding the*
9   *classification, housing, programming, recreation, morale and welfare programs, and*
10  *fundraisers; the management of health care at each respective facility, the physical*
11  *layout of each of their respective facilities; alleged sanitation issues at their respective*
12  *facilities; conditions of confinement and management of maximum custody units;*
13  *inmates' access to programming, visitation, and recreation time; and educational*
14  *programming available to inmates.*

15          47.   Chris Moody, DWOP, ASPC-Lewis
               c/o Struck Wieneke & Love, P.L.C.
16

17          *Deputy Warden Chris Moody is likely to testify regarding his knowledge of*
18  *ADC's contemporary practices and procedures in relation to security operations,*
    *including general information regarding ASPC-Lewis, its cell blocks, the inmates*
19
    *housed at ASPC-Lewis, and recreation, therapy and behavioral programming at ASPC-*
20
    *Lewis.  Deputy Warden Moody is additionally likely to have discoverable information*
21
    *with regard to Plaintiffs' institutional history and ADC's policies and procedures, and*
22
    *conditions of confinement with respect to their respective facilities; Plaintiffs'*
23
    *disciplinary, managerial, and behavior issues; practices and policies regarding inmates*
24
    *with gang affiliations as well as ADC's management of gang affiliated inmates; any*
25
    *Plaintiff's protective custody or classification status at any point during their*
26
    *incarceration at ADC as well as the policies and procedures regarding the*
27
    *classification, housing, programming, recreation, morale and welfare programs, and*
28

*fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

48.    Sandra Lawrence, DW, ASPC-Lewis-Stiner Unit (and former DW of ASPC-Lewis-Bachman)
c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Sandra Lawrence is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Lewis/Stiner Unit, its cell blocks, the inmates housed at Stiner Unit, and recreation, therapy and behavioral programming at ASPC-Lewis. Deputy Warden Lawrence is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

49.    Madeleine Perkins, DW, ASPC-Phoenix-Alhambra and Flamenco Units (and former DW of ASPC-Lewis-Stiner)
c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Madeleine Perkins is likely to testify regarding her*

29

*knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Phoenix/Alhambra and Flamenco Unit, its cell blocks, the inmates housed at Alhambra and Flamenco Unit, and recreation, therapy and behavioral programming at ASPC-Alhambra and Flamenco.   Deputy Warden Perkins is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

      50.    Travis Scott, ADW, ASPC-Phoenix-Alhambra and Flamenco Units
            c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Travis Scott is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Phoenix/Alhambra and Flamenco Unit, its cell blocks, the inmates housed at Alhambra and Flamenco Unit, and recreation, therapy and behavioral programming at ASPC-Alhambra and Flamenco. Deputy Warden Scott is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary,*

*managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement within the maximum custody and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

      51.    James O'Neil, DWOP, ASPC-Perryville
                c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden James O'Neil is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Phoenix/Alhambra and Flamenco Unit, its cell blocks, the inmates housed at ASPC-Perryville, and recreation, therapy and behavioral programming at ASPC-Perryville. Deputy Warden O'Neil is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation,*

*and recreation time; and educational programming available to inmates.*

52.   Betty Barnes, DW, ASPC-Perryville-San Pedro
        c/o Struck Wieneke & Love, P.L.C

*Deputy Warden Betty Barnes is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Perryville/San Pedro Unit, its cell blocks, the inmates housed at San Pedro Unit, and recreation, therapy and behavioral programming at ASPC-San Pedro. Deputy Warden Barnes is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

53.   Anthony Coleman, DW, ASPC-Perryville-Santa Cruz
        c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Anthony Coleman is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Perryville/Santa Cruz Unit, its cell blocks, the inmates housed at Santa Cruz Unit, and recreation, therapy and*

*behavioral programming at ASPC-Santa Cruz Unit. Deputy Warden Coleman is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

54.    Lacy Scott, DW, ASPC-Perryville-Lumley
       c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Lacy Scott is likely to testify regarding his knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Perryville/Lumley Unit, its cell blocks, the inmates housed at Lumley Unit, and recreation, therapy and behavioral programming at ASPC-Lumley Unit. Deputy Warden Scott is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and*

33

*fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

55. Panann Days, ADW, ASPC-Tucson-Cimarron Unit
c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden Panann Days is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security operations, including general information regarding ASPC-Tucson/Cimarron Unit, its cell blocks, the inmates housed at Cimarron Unit, and recreation, therapy and behavioral programming at ASPC-Tucson/Cimarron Unit. Deputy Warden Days is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

56. Angela Basurto, DWOP, ASPC-Yuma
c/o Struck Wieneke & Love, P.L.C.

*Deputy Warden of Operations Angela Basurto is likely to testify regarding her knowledge of ADC's contemporary practices and procedures in relation to security*

34

*operations, including general information regarding ASPC-Yuma, its cell blocks, the inmates housed at ASPC-Yuma, and recreation, therapy and behavioral programming at ASPC-Yuma. DWOP Basurto is additionally likely to have discoverable information with regard to Plaintiffs' institutional history and ADC's policies and procedures, and conditions of confinement with respect to their respective facilities; Plaintiffs' disciplinary, managerial, and behavior issues; practices and policies regarding inmates with gang affiliations as well as ADC's management of gang affiliated inmates; any Plaintiff's protective custody or classification status at any point during their incarceration at ADC as well as the policies and procedures regarding the classification, housing, programming, recreation, morale and welfare programs, and fundraisers; the management of health care at each respective facility, the physical layout of each of their respective facilities; alleged sanitation issues at their respective facilities; conditions of confinement and management of maximum custody units; inmates' access to programming, visitation, and recreation time; and educational programming available to inmates.*

57. ***Jeri Pepelnjak, CO III at ASPC-Perryville***
***c/o Struck Wieneke & Love, P.L.C.***

*CO III Pepelnjak is likely to testify regarding her knowledge of Plaintiff Charlotte Wells, including Wells' institutional history and conduct while in incarceration.*

58. Dr. Tracy L. Crews, M.D., Former Psychiatrist at ASPC-Perryville
444 N. 44th Street, Suite 400
Phoenix, AX 85008

*Dr. Crews is the former Psychiatrist Supervisor at ASPC-Perryville. Dr. Crews was previously deposed in this case and, if unavailable at the time of trial, Defendants will rely upon her deposition testimony. Dr. Crews is likely to testify with regard to her knowledge of the mental health needs and treatment of ADC's inmate population, the contemporary mental health services policies and procedures implemented during her tenure at ADC; mental health classifications for ADC inmates;*

35

*the prescription and delivery of psychiatric medication to ADC inmates; private and group therapy sessions provided to ADC inmates at ASPC-Perryville.*

59.   Ingebor Popin, Dental Assistant at ASPC-Perryville
c/o Corizon Health

*Ingebor Popin is currently a Dental Assistant at ASPC-Perryville and is likely to testify regarding ADC's policies and procedures related to dental care provided to the ADC inmate population at ASPC-Perryville, including the dental HNR process, triaging of dental HNRs, informed consents for dental surgery, routine dental services provided to ADC's inmate population, and wait times for dental patients.*

60.   Martha Ortega, Dental Assistant II at ASPC-Phoenix
c/o Corizon Health

*Martha Ortega is a Dental Assistant II at ASPC-Phoenix, and is likely to testify regarding her knowledge of ADC's policies and procedures for delivery of dental care to ADC's inmate population; the dental intake process for all male ADC inmates at ASPC-Phoenix; triage of dental HNRs; and dental treatment provided to ADC inmates, including pain evaluations, cleanings, fillings, and extractions.*

61.   Stephanie Leonard, Psy.D., at ASPC-Perryville/WTU
c/o Corizon Health

*Stephanie Leonard, Psy.D. is a Clinical Psychologist currently at ASPC-Perryville/Women's Treatment Unit, and is likely to testify regarding her knowledge of ADC's policies and procedures relating to delivery of mental health care to ADC's inmate population; including prescription and delivery of psychiatric medications to inmates, psychiatric treatment plan implementation and follow-up, and policies and procedures for placement of inmates on mental health and/or suicide watch.*

62.   Tom A. Fulks, Clinical Psychologist, at ASPC-Lewis
c/o Corizon Health

*Tom Fulks is a Clinical Psychologist currently at ASPC-Phoenix, and formerly at ASPC-Lewis, and is likely to testify regarding his knowledge of ADC's policies and procedures relating to delivery of mental health care to ADC's inmate*

36

*population; including prescription and delivery of psychiatric medications to inmates, psychiatric treatment plan implementation and follow-up, and policies and procedures for placement of inmates on mental health and/or suicide watch.*

63.     Natalie Morales, Nurse Supervisor, at ASPC-Perryville
c/o Corizon Health

*Natalie Morales is currently a Nurse Supervisor at ASPC-Perryville, and is likely to testify regarding her knowledge of the ADC's policies and procedures related to HNR processing and triage, scheduling of inmates on the nurse's and provider's lines, and response to medical emergencies.*

64.     David Cresap, Director of Nursing at ASPC-Lewis
c/o Corizon Health

*David Cresap is the current Director of Nursing at ASPC-Lewis, and is likely to testify regarding his knowledge of ADC's policies and procedures for delivery of health care to ADC's inmate population; including delivery of medication, triaging and scheduling inmates for medical appointments, and the methods of delivery of health care to populations with differing custody levels.*

65.     Carl Bynum, Associate Medical Director
Corizon Health

*Carl Bynum is the Associate Medical Director for Corizon Health, and is expected to testify regarding Corizon's obligations under the Contract with ADC, Corizon's staffing, recruiting, policies, and the provision of medical health care to ADC's inmate population.*

66.     Winfred Williams, Chief Medical Officer
Corizon Health

37

*Winfred Williams is Corizon's current Chief Medical Officer, and likely to testify regarding his knowledge of ADC's policies and procedures related to the delivery of medical care to ADC's inmate population; and the implementation and use of the Care Log software at Yuma. Dr. Williams has a lengthy tenure with Corizon Health Services and will also testify regarding his experience and expertise in privatization of health care in correctional settings.*

67.   Barry Allen, Pharmacy Director
      Corizon Health

*Barry Allen is the Pharmacy Director for Corizon Health, and is expected to testify regarding Corizon's obligations under the Contract with ADC, PharmaCorr's services under its contract with Corizon, and the provision of medical and psychiatric medication to ADC's inmate population.*

68.   Anthony Medel, ADC HS Contract Monitoring Bureau, Contract Monitor II
      at ASPC-Yuma_____
      c/o Struck Wieneke & Love, P.L.C.

*Anthony Medel is the current Contract Monitor for ASPC-Yuma. Please see Exhibit Bates Numbered ADC123403-123407 for his credentials and qualifications. Mr. Medel may testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; his activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; his knowledge of Corizon's performance under the Contract with ADC, and information contained within MGAR Reports.*

69.   Jessica Raak, ADC HS Contract Monitoring Bureau, Quality/Clinical,
      Program Comp Auditor III (Mental Health Auditor)
      c/o Struck Wieneke & Love, P.L.C.

*Jessica Raak is the current Program Compliance Auditor III (mental*

*health auditor) for ADC. Please see Exhibit Bates Numbered ADC123424-123425 for her credentials and qualifications. Ms. Raak will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; and her knowledge of Corizon's performance under the Contract with ADC.*

70.   Jen Mielke-Fontaine, ADC HS Contract Monitoring Bureau, Audit Nurse Contract Monitor, ASPC Eyman and Florence
c/o Struck Wieneke & Love, P.L.C.

*Jen Mielke-Fontaine is the current Audit Nurse Contract Monitor, ASPC Eyman and Florence, for ADC. Please see Exhibit Bates Numbered ADC123452-123453 for her credentials and qualifications. Ms. Mielke-Fontaine will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; and her knowledge of Corizon's performance under the Contract with ADC.*

71.   Helena Valenzuela, ADC HS Contract Monitoring Bureau, Contract Monitor at ASPC Phoenix
c/o Struck Wieneke & Love, P.L.C.

*Helena Valenzuela is the current Contract Monitor at ASPC Phoenix. Please see Exhibit Bates Numbered ADC123452-123453 for her credentials and qualifications. Ms. Valenzuela will testify regarding policies and procedures for*

39

1  *provision of health care to ADC's inmate population; delivery of medication to inmates;*

2  *delivery of mental health care and dental care; her activities in evaluation of mental*

3  *health services provided by Corizon, reporting on those services with the monitoring*

4  *MGAR reports; and monitoring and reviewing those services for patterns; compilation*

5  *and analysis of statistical data; ensuring compliance with federal and state laws;*

6  *clinical reviews for inmate grievance appeal responses and investigations; and her*

7  *knowledge of Corizon's performance under the Contract with ADC.*

8        72.    Matthew Musson, ADC HS Contract Monitoring Bureau, Contract Monitor
 - ASPC-Eyman

9             c/o Struck Wieneke & Love, P.L.C.

10        *Matthew Musson is the current Contractor Monitor at ASPC-Eyman for*

11  *ADC. Please see Exhibit Bates Numbered ADC123447-123448 for his credentials and*

12  *qualifications. Mr. Musson will testify regarding policies and procedures for provision*

13  *of health care to ADC's inmate population; delivery of medication to inmates; delivery*

14  *of mental health care and dental care; his activities in evaluation of mental health*

15  *services provided by Corizon, reporting on those services with the monitoring MGAR*

16  *reports; and monitoring and reviewing those services for patterns; compilation and*

17  *analysis of statistical data; ensuring compliance with federal and state laws; clinical*

18  *reviews for inmate grievance appeal responses and investigations; his knowledge of*

19  *Corizon's performance under the Contract with ADC, and information contained*

20  *within the MGAR Reports.*

21        73.    Terry Allred, ADC HS Contract Monitoring Bureau, Quality/Clinical,
 Contract Monitor – ASPC Lewis

22             c/o Struck Wieneke & Love, P.L.C.

23        *Terry Allred is the current Contract Monitor at ASPC-Lewis. Please see*

24  *Exhibit Bates Numbered ADC123470-123471 for his credentials and qualifications. Mr.*

25  *Allred will testify regarding policies and procedures for provision of health care to*

26  *ADC's inmate population; delivery of medication to inmates; delivery of mental health*

27  *care and dental care; his activities in evaluation of mental health services provided by*

28  *Corizon, reporting on those services with the monitoring MGAR reports; and*

40

*monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; his knowledge of Corizon's performance under the Contract with ADC, and information contained within MGAR Reports .*

74. Mark Haldane, ADC HS Contract Monitoring Bureau, Contract Monitor, ASPC-Perryville
c/o Struck Wieneke & Love, P.L.C.

*Mark Haldane is the current Contract Monitor at ASPC-Perryville. Please see Exhibit Bates Numbered ADC123419-123421 for his credentials and qualifications. Mr. Haldane will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; his activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for inmate grievance appeal responses and investigations; his knowledge of Corizon's performance under the Contract with ADC, and information contained within the MGAR Reports.*

75. Marlena Bedoya, ADC HS Contract Monitoring Bureau, Contract Monitor
c/o Struck Wieneke & Love, P.L.C.

*Marlena Bedoya is the current Contract Monitor for ADC. Please see Exhibit Bates Numbered ADC123443-123446 for her credentials and qualifications. Ms. Bedoya will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; ensuring compliance with federal and state laws; clinical reviews for*

41

*inmate grievance appeal responses and investigations; her knowledge of Corizon's performance under the Contract with ADC, and information contained within the MGAR Reports.*

76.     ***Vanessa Headstream,*** ~~Kathy Campbell,~~ ADC HS ~~Division~~ ***Contract Monitoring Bureau***, Quality/Clinical, ***Health Services Coordinator*** *(*Nursing Monitor*)* ~~(Health Services Coordinator)~~
c/o Struck Wieneke & Love, P.L.C.

*Vanessa Headstream is the current Health Services Coordinator (Nursing Monitor) for ADC. Please see Exhibit Bates Numbered ADC123478-123480 for her credentials and experience. Ms. Headstream will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; and her knowledge of Corizon's performance under the Contract with ADC.*

77.     Patricia Arroyo, ADC HS ~~Division~~ ***Contract Monitoring Bureau***, Quality/Clinical*,* ~~Audit Nurse~~ (Program Evaluation Specialist) *(**Audit Nurse)***
c/o Struck Wieneke & Love, P.L.C.

*Patricia Arroyo is the current Program Compliance Auditor III (mental health auditor) for ADC. Ms. Arroyo will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data; and her knowledge of Corizon's performance under the Contract with ADC.*

42

78. ***Yvonne Maese*** ~~Vanessa Headstream~~, ADC HS ~~Division~~ ***Contract Monitoring Bureau***, Quality/Clinical*,* ~~Audit Nurse~~ (~~Program Evaluation Specialist~~) ***(Audit Nurse)***
c/o Struck Wieneke & Love, P.L.C.

***Yvonne Maese is the current Program Evaluation Specialist (audit nurse) for ADC. Please see Exhibit Bates Numbered ADC123481-123483 for her credentials and qualifications. Ms. Maese will testify regarding policies and procedures for provision of health care to ADC's inmate population; delivery of medication to inmates; delivery of mental health care and dental care; her activities in evaluation of mental health services provided by Corizon, reporting on those services with the monitoring MGAR reports; and monitoring and reviewing those services for patterns; compilation and analysis of statistical data;, random chart and medication monitoring, and ensuring performance guidelines are met in the clinical setting; and her knowledge of Corizon's performance under the Contract with ADC.***

## C.   *INDIVIDUALS WHO MAY HAVE KNOWLEDGE*

79.   Victor Parsons, former Arizona Department of Corrections ("ADC") Inmate #123589, Plaintiff
c/o ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona  85013
(603) 650-1854

Victor Parsons is a ***former*** Plaintiff in this matter.  Mr. Parsons is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

80.   Shawn Jensen, ADC #032465, Plaintiff
Arizona State Prison Complex ("ASPC")-Tucson-Manzanita Unit
10000 South Wilmot
P.O. Box 24401
Tucson, Arizona  85734-4401
(520) 574-0024

43

Shawn Jensen is a Plaintiff in this matter.  Mr. Jensen is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

81.   Stephen Swartz, ADC #102486, Plaintiff
ASPC-Lewis-Rast Unit
26700 South Highway 85
P.O. Box 3600
Buckeye, Arizona  85326-3600
(623) 386-6160

Stephen Swartz is a Plaintiff in this matter.  Mr. Swartz is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

82.   Dustin Brislan, ADC #164993, Plaintiff
ASPC-Eyman-SMU I
4374 East Butte Avenue
P.O. Box 4000
Florence, Arizona  85132-4000
(520) 868-0201

Dustin Brislan is a Plaintiff in this matter.  Mr. Brislan is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

83.   Sonia Rodriguez, ADC #103830, Plaintiff
ASPC-Perryville-Lumley Unit
2105 North Citrus Road
P.O. Box 3300
Goodyear, Arizona  85395-0904
(623) 853-0304

Sonia Rodriguez is a Plaintiff in this matter. Ms. Rodriguez is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

84.   Christina Verduzco, ADC #205576, Plaintiff
ASPC-Perryville-Lumley SMA
2105 North Citrus Road
P.O. Box 3300

44

Goodyear, Arizona  85395-0904
(623) 853-0304

Christina Verduzco is a Plaintiff in this matter.  Ms. Verduzco is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

85.  Jackie Thomas, ADC #211267, Plaintiff
ASPC-Eyman-SMU I
4374 East Butte Avenue
P.O. Box 4000
Florence, Arizona  85132-4000
(520) 868-0201

Jackie Thomas is a Plaintiff in this matter.  Mr. Thomas is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

86.  Jeremy Smith, ADC #129438, Plaintiff
ASPC-Lewis-Buckley Unit
26700 South Highway 85
P.O. Box 3400
Buckeye, Arizona 85326-3400
(623) 386-6160

Jeremy Smith is a Plaintiff in this matter.  Mr. Smith is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

87.  Robert Gamez, ADC #131401, Plaintiff
ASPC-Eyman-Browning Unit
4374 East Butte Avenue
P.O. Box 3400
Florence, Arizona  85132-3400
(520) 868-0201

Robert Gamez is a Plaintiff in this matter.  Mr. Gamez is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

45

88. Maryanne Chisholm, ADC #200825, Plaintiff
ASPC-Perryville-Santa Cruz Unit
2105 North Citrus Road
P.O. Box 3200
Goodyear, Arizona  85395-0903
(623) 853-0304

Maryanne Chisholm is a Plaintiff in this matter.  Ms. Chisholm is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

89. Desiree Licci, ADC #150051, Plaintiff
ASPC-Perryville-San Carlos Unit
2105 North Citrus Road
P.O. Box 3700
Goodyear, AZ 85395-0909
(623) 853-0304

Desiree Licci is a Plaintiff in this matter.  Ms. Licci is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

90. Joseph Hefner, ADC #203653, Plaintiff
ASPC-Lewis-Barchey Unit
26700 South Highway 85
P.O. Box 3200
Buckeye, Arizona 85326-3200
(623) 386-6160

Joseph Hefner is a Plaintiff in this matter.  Mr. Hefner is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

91. Joshua Polson, ADC #187716, Plaintiff
ASPC-Lewis-Rast Unit
26700 South Highway 85
P.O. Box 3600
Buckeye, Arizona 85326-3600
(623) 386-6160

46

Joshua Polson is a Plaintiff in this matter.  Mr. Polson is likely to have discoverable information with regard to the allegations in the Complaint and his medical, dental, mental health, social, educational, criminal and institutional history.

92.   Charlotte Wells, ADC #247188, Plaintiff
ASPC-Perryville-Santa Rosa Unit
2105 North Citrus Road
P.O. Box 3500
Goodyear, AZ 85395-0907
(623) 853-0304

Charlotte Wells is a Plaintiff in this matter.  Ms. Wells is likely to have discoverable information with regard to the allegations in the Complaint and her medical, dental, mental health, social, educational, criminal and institutional history.

93.   Michael Adu-Tutu, M.D., Former ADC Interim Director, HS Division,
c/o Struck Wieneke & Love, P.L.C.

Dr. Michael Adu-Tutu is a former ADC employee and was the Interim Division Director of Health Services at ADC prior to Mr. Pratt. ***Dr. Adu-Tutu was deposed in this matter and, if unavailable for trial, Defendants will rely on his deposition testimony.*** Dr. Michael Adu-Tutu is likely to have discoverable information with regard to all ***materials authored by him, including the  Dental Services Technical Manual and educational programs regarding dental care***

94.   Laurie Berg, ADC HS Division, Executive Staff Assistant
c/o Struck Wieneke & Love, P.L.C.

***Laurie Berg is the current HS Division Executive Staff Assistant and is likely to have discoverable information regarding the maintenance and storage of inmate records while kept at ADC Central Offices.***

95.   Thomas Higginson, ADW, ASPC-Eyman-***Meadows*** ~~Browning~~ Unit ***(and former ADW for ASPC-Eyman-Browning)***
c/o Struck Wieneke & Love, P.L.C.

47

96. Ralph Cluff, DW, ASPC-Eyman-Rynning Unit
c/o Struck Wieneke & Love, P.L.C.

97. Geralynn Woods, ADW, ASPC-Eyman-Rynning Unit (and former ADW, ASPC-Florence-Central)
c/o Struck Wieneke & Love, P.L.C.

98. Jeffrey Freeland, DW, ASPC-Eyman-Cook Unit
c/o Struck Wieneke & Love, P.L.C.

99. Randy Ibarra, ADW, ASPC-Eyman-Cook Unit
c/o Struck Wieneke & Love, P.L.C.

100. Ed Lao, DW, ASPC-Eyman-Meadows Unit
c/o Struck Wieneke & Love, P.L.C.

101. Teresa Hetmer, ADW, ASPC-Eyman-Meadows Unit (and former ADW of ASPC-Douglas-Mohave)
c/o Struck Wieneke & Love, P.L.C.

102. Kevin Curran, DWOP, ASPC-Florence
c/o Struck Wieneke & Love, P.L.C.

103. Greg Fizer, DW, ASPC-Florence-Central Unit
c/o Struck Wieneke & Love, P.L.C.

104. Jeff Van Winkle, DW, ASPC-Florence-South Unit
c/o Struck Wieneke & Love, P.L.C.

105. Annemarie Smith-Whitson, ADW, ASPC-Florence-South Unit
c/o Struck Wieneke & Love, P.L.C.

106. Ron Lee, DW, ASPC-Florence-North Unit
c/o Struck Wieneke & Love, P.L.C.

107. William Dodds, ADW, ASPC-Florence-North Unit
c/o Struck Wieneke & Love, P.L.C.

108. Thomas Kane, DW, ASPC-Florence-East Unit
c/o Struck Wieneke & Love, P.L.C.

109. April Robinson, DW, ASPC-Florence-Globe Unit
c/o Struck Wieneke & Love, P.L.C.

110. David Summers, ADW, ASPC-Lewis-Stiner Unit
c/o Struck Wieneke & Love, P.L.C.

48

111.   Doug Schuster, DW, ASPC-Lewis-Morey Unit
       c/o Struck Wieneke & Love, P.L.C.

112.   Brenda Burgess, ADW, ASPC-Lewis-Morey Unit
       c/o Struck Wieneke & Love, P.L.C.

113.   Kimberly Currier, DW, ASPC-Lewis-Barchey Unit
       c/o Struck Wieneke & Love, P.L.C.

114.   Brenda Burgess, DW, ASPC-Lewis-Bachman Unit
       c/o Struck Wieneke & Love, P.L.C.

115.   Terry Hibbard, ADW, ASPC-Lewis-Bachman Unit
       c/o Struck Wieneke & Love, P.L.C.

116.   Hugh Matson, DW, ASPC-Lewis-Sunrise and Eagle Point
       Units
       c/o Struck Wieneke & Love, P.L.C.

117.   Regina Dorsey, DW, ASPC-Lewis-Buckley Unit
       c/o Struck Wieneke & Love, P.L.C.

118.   John Weiss, ADW, ASPC-Lewis-Buckley Unit
       c/o Struck Wieneke & Love, P.L.C.

119.   Michael McCarville, DW, ASPC-Lewis-Rast Unit
       c/o Struck Wieneke & Love, P.L.C.

120.   Norm Twyford, DW Compliance, ASPC-Phoenix
       c/o Struck Wieneke & Love, P.L.C.

121.   Kelly Pierce, DW, ASPC-Phoenix-Aspen Unit
       c/o Struck Wieneke & Love, P.L.C.

122.   Wayne Mooney, DW Compliance, ASPC-Winslow (and
       former ADW of ASPC-Eyman-Cook)
       c/o Struck Wieneke & Love, P.L.C.

123.   Heather Pruett, DW, ASPC-Winslow-Kaibab Unit
       c/o Struck Wieneke & Love, P.L.C.

124.   Rick Morales, ADW, ASPC-Winslow-Kaibab Unit
       c/o Struck Wieneke & Love, P.L.C.

125.   Ed White, DW, ASPC-Winslow-Coronado Unit
       c/o Struck Wieneke & Love, P.L.C.

126.   Vivian Baltierra, DW, ASPC-Winslow-Apache Unit
       c/o Struck Wieneke & Love, P.L.C.

127.   Wayne Wilson, DWOP, ASPC-Douglas (and former DW of
       ASPC-Douglas-Mohave)
       c/o Struck Wieneke & Love, P.L.C.

128.   Bruce Cattell, DW, ASPC-Douglas-Gila Unit
       c/o Struck Wieneke & Love, P.L.C.

129.   ***Render Gregory***[⎯⎯⎯⎯], ADW, ASPC-Douglas-Gila
       Unit
       c/o Struck Wieneke & Love, P.L.C.

130.   Marvin Shatto, DW, ASPC-Douglas-Mohave Unit
       c/o Struck Wieneke & Love, P.L.C.

131.   Mark Jacobson, ADW, ASPC-Douglas-Mohave Unit
       c/o Struck Wieneke & Love, P.L.C.

132.   Robert Langham, DW, ASPC-Douglas-Eggers Unit (and
       former DW of ASPC-Safford-Tonto)
       c/o Struck Wieneke & Love, P.L.C.

133.   Tom Paplawsky, DW, ASPC-Douglas-Papago Unit (and
       former ADW of ASPC-Douglas-Gila)
       c/o Struck Wieneke & Love, P.L.C.

134.   Carol Ortiz, ADW, ASPC-Perryville-Lumley
       c/o Struck Wieneke & Love, P.L.C.

135.   Cindy Neese, DW, ASPC-Perryville-Piestewa Unit
       c/o Struck Wieneke & Love, P.L.C.

136.   Josie James, DW, ASPC-Perryville-Santa Rosa Unit
       c/o Struck Wieneke & Love, P.L.C.

137.   William White, DW, ASPC-Perryville-Santa Maria Unit
       c/o Struck Wieneke & Love, P.L.C.

138.   Andrew Jackson, DW, ASPC-Perryville-San Carlos Unit
       c/o Struck Wieneke & Love, P.L.C.

139.   Jeffrey Hughes, ADW, ASPC-Perryville-San Carlos Unit
       c/o Struck Wieneke & Love, P.L.C.

140. Meegan Muse, DWOP, ASPC-Safford (and former DW of ASPC-Phoenix-Alhambra and Flamenco)
c/o Struck Wieneke & Love, P.L.C.

141. Richard Haggard, DW, ASPC-Safford-Tonto Unit (and former ADW of ASPC-Safford-Fort Grant)
c/o Struck Wieneke & Love, P.L.C.

142. Roxanne Hill, DW, ASPC-Safford-Graham Unit
c/o Struck Wieneke & Love, P.L.C.

143. Kim Daniel, DW, ASPC-Safford-Fort Grant Unit
c/o Struck Wieneke & Love, P.L.C.

144. Dave Mueller, DWOP, ASPC-Tucson
c/o Struck Wieneke & Love, P.L.C.

145. Anna Jacobs, DW, ASPC-Tucson-Rincon and Minors Units
c/o Struck Wieneke & Love, P.L.C.

146. Glenn Pacheco, ADW, ASPC-Tucson-Rincon and Minors Units
c/o Struck Wieneke & Love, P.L.C.

147. Staci Fay, DW, ASPC-Tucson-Santa Rita Unit (and former ADW of ASPC-Eyman-Cook)
c/o Struck Wieneke & Love, P.L.C.

148. Linda Forester, DW, ASPC-Tucson-Cimarron Unit
c/o Struck Wieneke & Love, P.L.C.

149. Danial Lundberg, DW, ASPC-Tucson-Manzanita Unit
c/o Struck Wieneke & Love, P.L.C.

150. Chris Lang, DW, ASPC-Tucson-Winchester Unit
c/o Struck Wieneke & Love, P.L.C.

151. Linda Vega, DW, ASPC-Tucson-Catalina Unit
c/o Struck Wieneke & Love, P.L.C.

152. Daniella Stemple, DW, ASPC-Tucson-Whetstone Unit
c/o Struck Wieneke & Love, P.L.C.

153. Jo Mountain, DW, ASPC-Tucson-SACRC (Southern Arizona Correctional Release Center)
c/o Struck Wieneke & Love, P.L.C.

154. Teru Osorio, DW Compliance, ASPC-Yuma (and former
ADW of ASPC-Yuma-Dakota)
c/o Struck Wieneke & Love, P.L.C.

155. Gerardo Zaragoza, DW, ASPC-Yuma-Cocopah Unit (and
former ADW of ASPC-Yuma-La Paz)
c/o Struck Wieneke & Love, P.L.C.

156. Carla Hacker-Agnew, DW, ASPC-Yuma-Cheyenne Unit (and
former DW of ASPC-Yuma-La Paz)
c/o Struck Wieneke & Love, P.L.C.

157. Rose Sanders, DW, ASPC-Yuma-Dakota Unit
c/o Struck Wieneke & Love, P.L.C.

158. Robert Bayles, ADW, ASPC-Yuma-Dakota Unit (and former
DW of ASPC-Yuma-Cibola)
c/o Struck Wieneke & Love, P.L.C.

159. Tomas Ayala, DW, ASPC-Yuma-La Paz Unit (and former
DW of Compliance at ASPC-Yuma)
c/o Struck Wieneke & Love, P.L.C.

160. *Felipe Solis*[＿＿＿＿＿＿], ADW, ASPC-Yuma-La Paz Unit
c/o Struck Wieneke & Love, P.L.C.

161. Edwin Jensen, DW, ASPC-Yuma-Cibola Unit (and former
DW of ASPC-Yuma-Cocopah)
c/o Struck Wieneke & Love, P.L.C.

162. Melissa Wallace, ADW, ASPC-Yuma-Cibola Unit
c/o Struck Wieneke & Love, P.L.C.

163. ~~Justin F. Weiss, M.D.~~
~~c/o Corizon Health~~

164. Jordana Katz, Psy.D. Psych. Assistant II, at ASPC-Perryville
c/o Corizon Health

165. Jeffrey A. Brand, P.A., at ASPC-Perryville
c/o Corizon Health

166. Timothy R. Johnson, M.S., PA-C, at ASPC-Perryville
c/o Corizon Health

167. Rumalso Rodriguez, at ASPC-Perryville
c/o Corizon Health

168. Mary Gillespie, D.A. II, at ASPC-Perryville
c/o Corizon Health

169. Brian Hanstad, D.M.D., at ASPC-Perryville
c/o Corizon Health

170. Vicente O. Enciso, M.D., at ASPC-Perryville
c/o Corizon Health

171. Nisha George, NP-C, at ASPC-Perryville
c/o Corizon Health

172. Tracy Tolentino, CL.P.N. II, at ASPC-Florence
c/o Corizon Health

173. Ralph Mertens, Psych Assoc. II, at ASPC-Eyman
c/o Corizon Health

174. Patricia Stapler, M.D., at ASPC-Eyman-SMU I
c/o Corizon Health

175. Mike King, Psych Ass. II, at ASPC-Florence
c/o Corizon Health

176. Jessica A. Harrison, M.D. PhD, at ASPC-Tucson
c/o Corizon Health

177. Phillip E. Lucas, D.D.S., Dental Director, at ASPC-Safford
c/o Corizon Health

178. Karolyn K. George, DDS, at ASPC-Florence
c/o Corizon Health

179. Quoc V. Luc, LAC–Psych Associate II, at ASPC-Tucson
c/o Corizon Health

180. Peter Bishop, D.O., at ASPC-Eyman
c/o Corizon Health

181. Humberto Sirvent, PN II, Director of Nursing, at ASPC-
Phoenix Baker Ward
c/o Corizon Health

182. Thomas Bell, D.O., Medical Director, at ASPC-Lewis
c/o Corizon Health

183. Troy Garey, D.M.D., at ASPC-Douglas
c/o Corizon Health

184. Jason Newell, Psychologist II, Mental Health Director, at
ASPC-Phoenix
c/o Corizon Health

185. Kay Mansfield-Blair, PHD, Psychologist II, at ASPC-Perryville
c/o Corizon Health

186. Jordana Katz, Psy.D. Psych. Assistant II, at ASPC-Perryville
c/o Corizon Health

187. C. Rosa, Psychiatric Associate, at ASPC-Perryville
c/o Corizon Health

188. John St. Clair, Ph.D., Psychologist III, at ASPC-Perryville
c/o Corizon Health

189. Dale Lee Palmer, D.O., at ASPC-Perryville
c/o Corizon Health

190. Sandra Ekeinde, Ph.D. Psychologist II, at ASPC-Phoenix
c/o Corizon Health

191. Tamara Lee Porter, C.R.N., Assistant Director of Nursing, at ASPC-Tucson
c/o Corizon Health

192. Jacqueline Worsley, Psy.D. Psychologist II, at ASPC-Phoenix
c/o Corizon Health

193. Michael F. Cleary, M.S., Physiatrist, at ASPC-Phoenix
c/o Corizon Health

194. Daniel James, Psych Associate, ASPC-Lewis
c/o Corizon Health

195. Jose De Los Santos, D.D.S., at ASPC-Perryville
c/o Corizon Health

196. Dr. Jesse R, Coons, D.O., Medical Director at ASPC-Safford
c/o Corizon Health

197. Irma Poulley, D.D.S., Dental Director at ASPC-Tucson
c/o Corizon Health

198. Annette Jasinsky, C.R.N.S. I, Director of Nursing at ASPC-Perryville
c/o Corizon Health

199. Sherri Cluff, C.R.N., RN Supervisor at ASPC-Safford
c/o Corizon Health

200. Jack Fredrickson, D.D.S., Dental Director at ASPC-Douglas
c/o Corizon Health

201. Andrea Irving, D.O., Medical Director at ASPC-Perryville
c/o Corizon Health

54

202. Suzanne Eymore, Nurse at ASPC-Florence
c/o Corizon Health

203.  Joel Turner, Dental Director at ASPC-Douglas
c/o Corizon Health

204. David Hill, Dentist at ASPC-Eyman
c/o Corizon Health

205. Sean Ziaei, Dentist at ASPC-Eyman
c/o Corizon Health

206. Wallace Rumsey, Physician at ASPC-Eyman
c/o Corizon Health

207. Sarah Foxley, Psychologist at ASPC-Eyman
c/o Corizon Health

208. Jamie Kenney, Psychologist at ASPC-Eyman
c/o Corizon Health

209. Charles Moore, Regional Director at ASPC-Eyman
c/o Corizon Health

210. Nicole Bradfield, RN Supervisor at ASPC-Eyman
c/o Corizon Health

211. Donna Lee Thies, Clinical Coordinator at ASPC-Florence
c/o Corizon Health

212. Carlos Weekly, Dental Director at ASPC-Florence
c/o Corizon Health

213. John Jang, Dentist at ASPC-Florence
c/o Corizon Health

214. Joanne Curry, Dentist at ASPC-Florence
c/o Corizon Health

215. Phillip Hendrix, Dentist at ASPC-Florence
c/o Corizon Health

216. Shantell Artley, Director of Nursing atASPC-Florence
c/o Corizon Health

217. Zoran Vukcevic, Medical Director at ASPC-Florence
c/o Corizon Health

218. Dragica Lekic, Psychiatrist at ASPC-Florence
c/o Corizon Health

219. Syed Asad Raza, Psychiatrist at ASPC-Florence
c/o Corizon Health

220. Christine Pereira, Psychologist at ASPC-Florence
c/o Corizon Health

221. Elizabeth McCrehin, RN Supervisor at ASPC-Florence
c/o Corizon Health

222. Karen Hudson, Clinical Coordinator at ASPC-Perryville
c/o Corizon Health

223. Kendrick Gray, Dentist at ASPC-Perryville
c/o Corizon Health

224. Liliana Garcia, Dentist at ASPC-Perryville
c/o Corizon Health

225. Jeffrey Sharp, M.D., at ASPC-Perryville
c/o Corizon Health

226. Ronald Schwartz, Psychiatrist at ASPC-Perryville
c/o Corizon Health

227. Salem Gebre, Clinical Coordinator at ASPC-Phoenix
c/o Corizon Health

228. Robert Kearney, Psychiatric RN Supervisor at ASPC-Phoenix
c/o Corizon Health

229. Richard Christiansen, Psychiatric RN Supervisor at ASPC-Phoenix
c/o Corizon Health

230. Laura Sherman, Psychiatric Director at ASPC-Phoenix
c/o Corizon Health

231. Ruth Tenrreiro, Psychologist at ASPC-Phoenix
c/o Corizon Health

232. Pamela Stein, RN Supervisor at ASPC-Phoenix
c/o Corizon Health

233. Erica Johnson, Clinical Coordinator at ASPC-Lewis
c/o Corizon Health

234. Laura Hale, Dental Director at ASPC-Lewis
c/o Corizon Health

235. Hugh Conway, Dentist at ASPC-Lewis
c/o Corizon Health

236. Sundeep Gill, Dentist at ASPC-Lewis
c/o Corizon Health

237. Kenneth Merchant, Physician at ASPC-Lewis
c/o Corizon Health

56

238. Christine Sparacino, Psychologist at ASPC-Lewis
c/o Corizon Health

239. Charmarie Frantz, Director of Nursing at ASPC-Safford
c/o Corizon Health

240. Carolyn Rihanek, Dentist at ASPC-Tucson
c/o Corizon Health

241. Hector Vega, Dentist at ASPC-Tucson
c/o Corizon Health

242. Lisa Allard, Director of Nursing at ASPC-Tucson
c/o Corizon Health

243. Kevin Lewis, Medical Director at ASPC-Tucson
c/o Corizon Health

244. Robert Winsky, Jr. Psychiatrist at ASPC-Tucson
c/o Corizon Health

245. Susan Santa Cruz, Psychologist at ASPC-Tucson
c/o Corizon Health

246. William Brautigam, Psychologist at ASPC-Tucson
c/o Corizon Health

247. Cristobal Eblen, Psychologist at ASPC-Tucson
c/o Corizon Health

248. Elsie Stowell, Facility Health Administrator at ASPC-Winslow
c/o Corizon Health

249. Amy Shumway, Clinical Coordinator at ASPC-Winslow
c/o Corizon Health

250. Kenneth Rice, Dental Director at ASPC-Winslow
c/o Corizon Health

251. Robin Boyd, Dentist at ASPC-Winslow
c/o Corizon Health

252. Julie Lucek, Director of Nursing at ASPC-Winslow
c/o Corizon Health

253. Robert Balda, RN Supervisor at ASPC-Winslow
c/o Corizon Health

254. Emily Elmer, RN Supervisor at ASPC-Winslow
c/o Corizon Health

255. Daniela Munoz, Clinical Coordinator at ASPC-Yuma
c/o Corizon Health

57

256. Rick Jones, Dental Director at ASPC-Yuma
c/o Corizon Health

257. Deborah Williams, Dentist at ASPC-Yuma
c/o Corizon Health

258. James Browning, Dentist at ASPC-Yuma
c/o Corizon Health

259. Karen Robles, Director of Nursing at ASPC-Yuma
c/o Corizon Health

260. Ed Gogek, Psychiatrist at ASPC-Yuma
c/o Corizon Health

The above listed witnesses (95-260) are likely to have discoverable information regarding the PROVISION OF DENTAL, MEDICAL AND/OR MENTAL HEALTH CARE PROVIDED TO PLAINTIFFS WHILE INCARCERATED AT ADC FACILITIES; knowledge they may have of Plaintiffs' prior dental, medical, and mental health history as well as the symptoms they complained of or presented while in ADC custody; their experiences with Plaintiffs, as to whether Plaintiffs participated in their own care, missed or refused appointments, were a less than cooperative patient care and whether Plaintiffs were a poor historian with respect to self-reports of dental, medical, and mental history they provided; ADC policies and procedures applicable to the provision of dental, medical, and mental health care to inmates; any and all records they authored or reviewed; the level of care received by ADC inmates; the allegations set forth in Plaintiffs' Complaint.

261. Dennis P. Eddy, ADC #053476
ASPC-Eyman-SMU I
P.O. Box 4000
Florence, AZ 85132-4000

Dennis Eddy is an inmate incarcerated under the care and custody of the ADC.  Mr. Eddy is likely to have discoverable information with regard to Plaintiff Dustin Brislan's aggressive behavior while incarcerated.

262. Robert Patton, ADC Division Director of Offender Operations
c/o Struck, Wieneke & Love, PLC

58

Mr. Patton has knowledge and information regarding the ADC's operations and security.

263.   Sgt. Whiting, ADC Sergeant at ASPC-Lewis-Rast Unit
c/o Struck Wieneke & Love PLLC

Sgt. Whiting has knowledge and information regarding Joshua Polson's refusal to receive legal mail from Donald Specter of the PLO on March 13, 2013.

264.   CO II Perry, Correctional Officer at ASPC-Lewis-Rast Unit
c/o Struck Wieneke & Love PLLC

CO II Perry has knowledge and information regarding Plaintiff Joshua Polson's refusal of legal mail from Donald Specter of the PLO on March 13, 2013, and from Perkins Coie on March 15, 2013.

265.   Archuleta, #4284, ADC CO II at ASPC-Lewis-Complex Mailroom
c/o Struck, Wieneke & Love, PLC

CO II Archuleta has knowledge and information regarding Plaintiff Joshua Polson's refusal to receive legal mail from Donald Specter of the PLO on March 13, 2013, and from Perkins Coie on March 15, 2013.

266.   Harp, ADC CO II at ASPC-Lewis-Complex Mailroom
c/o Struck, Wieneke & Love, PLC

CO II Harp has knowledge and information regarding Plaintiff Joshua Polson's refusal to receive legal mail from Donald Specter of the PLO on March 5, 2013.

267.   Franco, ADC CO II at ASPC-Lewis-Complex Mailroom
c/o Struck, Wieneke & Love, PLC

CO II Franco has knowledge and information regarding Joshua Polson's refusal to receive legal mail from Donald Specter of the PLO on March 5, 2013 **and other interactions with Polson.**

268.   Brian Radford, CO III at ASPC-Eyman/SMU I
c/o Struck, Wieneke & Love, PLC

*CO III Brian Radford has knowledge and information regarding ADC's policies and procedures relating to ADC inmates receiving mental health care and conditions of confinement of inmates receiving mental health care at ASPC-Eyman/SMU I.*

59

269. All non-objectionable witnesses listed by Plaintiff, even if later withdrawn.

270. Without waiving objections, all witnesses listed in responses to interrogatories or other discovery.

271. All persons who are deposed in this action.

272. Defendant anticipates that unlisted individuals who may have relevant information will be identified as discovery progresses, and will supplement at that time.

273. Defendants reserve the right to supplement this list of potential witnesses as discovery proceeds in this matter.

II. **A COPY OF OR A DESCRIPTION BY CATEGORY AND LOCATION OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT DEFENDANTS MAY USE TO SUPPORT THEIR CLAIMS OR DEFENSES**

1. All Medical Records of Maryanne Chisholm, ADC #200825, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC000001-ADC000286.

2. All Medical Records of Robert Gamez, ADC #131401, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC000287-ADC001255.

3. All Medical Records of Stephen Swartz, ADC #102486, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC001256-ADC002288.

4. All Medical Records of Christina Verduzco, ADC #205576, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC002289-ADC004373.

5. All Medical Records of Shawn Jensen, ADC #032465, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC004374-ADC005069.

6.     All Medical Records of Joseph Hefner, ADC #203653, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC005070-ADC005374.

7.     All Medical Records of Desiree Licci, ADC #150051 in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC005375-ADC005958.

8.     All Medical Records of Joshua Polson, ADC #187716, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC005959-ADC006564.

9.     All Medical Records of Charlotte Wells, ADC #247188, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC006565-ADC007144.

10.    All Medical Records of Jeremy Smith, ADC #129438, in the possession of the ADC, which are also in possession of Plaintiffs, Bates Numbers ADC007145-ADC007439.

11.    All Medical Records of Jackie Thomas, ADC #211267, in the possession of the ADC, which are also in possession of Plaintiffs, Bates Numbers ADC007440-ADC008295.

12.    All Medical Records of Dustin Brislan, ADC #164993, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC008296-ADC008537.

13.    All Medical Records of Sonia Rodriguez, ADC #103830, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC008538-ADC010121.

14.    All Medical Records of Victor Parsons, ADC #123589, in the possession of the ADC, which are also in the possession of Plaintiffs, Bates Numbers ADC010122-ADC010553.

15. ADC's Dental Services Technical Manual, Bates Numbers ADC010554-ADC010647, produced with Defendants' Joint First Supplemental Response to Victor Parsons' First Request for Production ("Parsons' 1st RFP").

16. ADC's Health Services Technical Manual, Bates Numbers ADC010648-ADC011231, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

17. ADC's Mental Health Technical Manual, Bates Numbers ADC011232-ADC011332, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP, and bates numbers ADC031959-032044, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

18. ADC's Director's Instruction #307, Bates Numbers ADC011450-ADC011456, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; and (Section II) Paragraph #36.28, below.

19. ADC's Department Orders, Bates Numbers ADC011457-ADC013405, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; Bates Numbers ADC048480-ADC048639, produced with Defendants' Seventh Supplemental Response to Parsons' 1st RFP; and (Section II) Paragraphs ##30-31 and 36.27, below.

20. ADC's Contracted Provider List for Inpatient/Outpatient Specialty Services for 2011 through 2012, Bates Numbers ADC013406-ADC013475, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

21. ADC's Corrections At A Glance publications from January 2010 through June 2012, Bates Numbers ADC013703-ADC013760, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; and from January through December 2009, Bates Numbers ADC050809-ADC050832, produced with Defendants' Seventh Supplemental Response to Parsons' First RFP.

22.     ADC's Healthcare Services by Providers Paid through ADC for 2008 through 2011, Bates Numbers ADC013761-ADC013776, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

23.     ADC's Pharmacy Expense Reporting Chart for 2007 through 2011, Bates Numbers ADC013777-ADC013779, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

24.     ADC's Health Care Operating Expenditure Summary for 2009 through 2011, Bates Numbers ADC013780-ADC013818, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

25.     ADC's Health Services Drugs & Medicine Expenditures for 2007 through 2011, Bates Numbers ADC013819-ADC013826, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

26.     ADC's Mental Health Drugs & Medicine Expenditures for 2007 through 2011, Bates Numbers ADC013827-ADC013836, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

27.     ADC's Department Orders 801 through 809, Bates Numbers ADC013837-ADC014004, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

28.     ADC's Department Order 1105, Bates Numbers ADC014005-ADC014010, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

29.     ADC's Scope of Practice/Principles of Delegation for Nursing Staff, Bates Numbers ADC014011-ADC014033, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

30.     ADC's Organizational Chart dated June 2012, Bates Numbers ADC014034-ADC014051, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; and dated October 1, 2012, Bates Number ADC050860, produced with Defendants' Seventh Supplemental Response to Parsons' 1st RFP.

31.     ADC's Capacity Report for 2010, Bates Numbers ADC014052-ADC014053, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

32.     ADC's Report of Operating Cost for 2010, Bates Numbers ADC014054-ADC014102, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP.

33.     ADC's Contract with Wexford Health Sources, Inc., Bates Numbers ADC014103-ADC016042, produced at the deposition of Karen Ingram on September 13, 2012.   See also Privatization of All Correctional Health Services Procurement File 120075DC, Paragraph 79, below.

36.     The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Douglas, Arizona dated June 26, 2009, Bates Numbers ADC016043-ADC016060, produced herewith on the attached CD.

37.     The National Commission on Correctional Health Care's Accreditation Update Report of the Health Care Services at Arizona State Prison Complex Florence, Arizona dated November 18, 2011, Bates Numbers ADC016061-ADC016066, produced herewith on the attached CD.

38.     The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Lewis, Buckeye, Arizona dated November 12, 2010, Bates Numbers ADC016067-ADC016070, produced herewith on the attached CD.

39.     The National Commission on Correctional Health Care's Continuing Accreditation of the Health Care Services at Arizona State Prison Complex Lewis, Buckeye, Arizona dated November 17, 2010, Bates Numbers ADC016071-ADC016080, produced herewith on the attached CD.

40.     The National Commission on Correctional Health Care's Certificate of Accreditation of the Health Care Services at Arizona State Prison Complex Yuma, San

64

Luis, Arizona dated November 2010, Bates Numbers ADC016081-ADC016081, produced herewith on the attached CD.

41. The National Commission on Correctional Health Care's Continuing Accreditation of the Health Care Services at Arizona State Prison Complex Perryville, Goodyear, Arizona dated July 2, 2009, Bates Numbers ADC016082-ADC016089, produced herewith on the attached CD.

42. The National Commission on Correctional Health Care's Continuing Accreditation of the Health Care Services at Arizona State Prison Complex Phoenix, Arizona dated July 2, 2009, Bates Numbers ADC016090-ADC016096, produced herewith on the attached CD.

43. The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Tucson, Arizona dated June 26, 2009, Bates Numbers ADC016097-ADC016106, produced herewith on the attached CD.

44. The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Winslow, Arizona dated February 27, 2009, Bates Numbers ADC016107-ADC016135, produced herewith on the attached CD.

45. The National Commission on Correctional Health Care's Continuing Accreditation of the Health Care Services at Arizona State Prison Complex Winslow, Arizona dated July 2, 2009, Bates Numbers ADC016136-ADC016138, produced herewith on the attached CD.

46. The National Commission on Correctional Health Care's Accreditation Report of the Health Care Services at Arizona State Prison Complex Yuma, San Luis, Arizona dated November 12, 2010, Bates Numbers ADC016139-ADC016147, produced herewith on the attached CD.

47.     ADC's Fiscal Year 2012 Training Plan, Bates Numbers ADC016187-ADC016216, produced with Defendants' First Supplemental Response to Plaintiffs' Notice of 30(b)(6) Deposition Docket 80.

48.     ADC's Medical Grievance documents regarding Dustin Brislan, Bates Numbers ADC016217-ADC016222 and ADC018105-ADC018141, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

49.     ADC's Medical Grievance documents regarding Jeremy Smith, Bates Numbers ADC016449, and ADC017984-ADC018006, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

50.     ADC's Medical Grievance documents regarding Stephen Swartz, Bates Numbers ADC016500-ADC016674 and ADC018072-ADC018104, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

51.     ADC's Medical Grievance documents regarding Victor Parsons, Bates Numbers ADC016675-ADC016873, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

52.     ADC's Medical Grievance documents regarding Joseph Hefner, Bates Numbers ADC016874-ADC017217 and ADC018046-ADC018071, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

53.     ADC's Medical Grievance documents regarding Joshua Polson, Bates Numbers ADC017217-ADC017485 and ADC017954-ADC017983, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

54.     ADC's Medical Grievance documents regarding Robert Gamez, Bates Numbers ADC017486-ADC017879 and ADC018007-ADC018045, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

55.     ADC's Medical Grievance documents regarding Desiree Licci, Bates Numbers ADC017880-ADC017904 and ADC018142-ADC018164, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

56.     ADC's   Medical   Grievance   documents   regarding   Maryanne Chisholm, Bates Numbers ADC017905-ADC017906, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

57.     ADC's Medical Grievance documents regarding Christina Verduzco, Bates Number ADC017907, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

58.     ADC's   Medical   Grievance   documents   regarding   Shawn   Jensen, Bates Numbers ADC017908, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

59.     ADC's Medical Grievance documents regarding Charlotte Wells, Bates   Numbers   ADC017909-ADC017915,   produced   with   Defendants'   Second Supplemental Response to Parsons' 1st RFP.

60.     ADC's Medical Grievance documents regarding Sonia Rodriguez, Bates   Numbers   ADC017916-ADC017917,   produced   with   Defendants'   Second Supplemental Response to Parsons' 1st RFP.

61.     ADC's Medical Grievance documents regarding Jackie Thomas, Bates Number ADC017918, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

62.     ADC Department Order #802, <u>Inmate Grievance System</u>, Bates Numbers ADC017919-17949, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

63.     ADC Director's Instruction #287, <u>Modification of Department Order 802: Inmate Grievance System</u>, Bates Numbers ADC017950-ADC017953, produced with Defendants' Second Supplemental Response to Parsons' 1st RFP.

64.     ADC Inmate Alhambra Reception Orientation Handout regarding access   to   health   care,   Bates   Numbers   ADC018165-ADC018166,   produced   with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

65. ADC Master Store List, Bates Numbers ADC018203-ADC018255, produced with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

66. ADC Inmate Video "Using your Security Toothbrush", Bates Number ADC018322, produced with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

67. ADC Inmate Video "Cepillo de dientis de seguridad", Bates Numbers ADC018323, produced with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

68. ADC Inmate Video "Emergency Care for Inmates with Wired Jaws", Bates Numbers ADC018324, produced with Defendants' First Supplemental Response and Objections to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 98.

69. ADC's Master file regarding Shawn Jensen, Bates Numbers ADC018259-ADC018791, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

70. ADC's Master file regarding Sonia Rodriguez, Bates Numbers ADC018792-ADC019563, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

71. ADC's Master file regarding Christina Verduzco, Bates Numbers ADC019564-ADC020121, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

72. ADC's Master file regarding Victor Parsons, Bates Numbers ADC020122-ADC020694, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

73. ADC's Master file regarding Robert Gamez, Bates Numbers ADC020695-ADC021192, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

74.     ADC's Master file regarding Stephen Swartz, Bates Numbers ADC021193-ADC021816, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

75.     ADC's Master file regarding Charlotte Wells, Bates Numbers ADC021817-ADC021872, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

76.     ADC's Master file regarding Joshua Polson, Bates Numbers ADC021873-ADC022144 and ADC023380-ADC023511, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

77.     ADC's Master file regarding Jackie Thomas, Bates Numbers ADC022145-ADC022355, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

78.     ADC's Master file regarding Jeremy Smith, Bates Numbers ADC022356-ADC022504 and ADC023102-ADC023379, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

79.     ADC's Master file regarding Joseph Hefner, Bates Numbers ADC022505-ADC022561, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

80.     ADC's Master file regarding Maryanne Chisholm, Bates Numbers ADC022562-ADC022703, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

81.     ADC's Master file regarding Dustin Brislan, Bates Numbers ADC022704-ADC023101, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

82.     ADC's Master file regarding Desiree Licci, Bates Numbers ADC023512-ADC023556, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

83.     ADC's Non-Medical Grievance documents regarding Stephen Swartz, Bates Numbers ADC023557-ADC023646 and ADC023762-ADC023773, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

84.     ADC's Non-Medical Grievance documents regarding Joseph Hefner, Bates Numbers ADC023647-ADC023658, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

85.     ADC's Non-Medical Grievance documents regarding Dustin Brislan, Bates Numbers ADC023659-ADC023761, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

86.     ADC's Non-Medical Grievance documents regarding Joshua Polson, Bates Numbers ADC023774-ADC023836, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

87.     ADC's Non-Medical Grievance documents regarding Jackie Thomas, Bates Numbers ADC023837-ADC023841, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

88.     ADC's Non-Medical Grievance documents regarding Jeremy Smith, Bates Numbers ADC023842-ADC023845, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

89.     ADC's Non-Medical Grievance documents regarding Sonia Rodriguez, Bates Numbers ADC023846 and ADC023862, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

90.     ADC's Non-Medical Grievance documents regarding Maryanne Chisholm, Bates Numbers ADC023847, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

91.     ADC's Non-Medical Grievance documents regarding Charlotte Wells, Bates Numbers ADC023848-ADC023853, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

92.     ADC's Non-Medical Grievance documents regarding Victor Parsons, Bates Numbers ADC023854-ADC023861, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

93.     ADC's Non-Medical Grievance documents regarding Robert Gamez, Bates Numbers ADC023871-ADC024169, produced with Defendants' Third Supplemental Response to Parsons' 1st RFP.

94.     Letter dated March 18, 2011 authored by Dr. Benjamin Shaw, Bates Numbers ADC027717-ADC027726, produced with Defendants' Second Supplemental Response to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 82.

95.     ADC Power Point Presentation regarding Mental/Behavioral Health Programs at ASPC-Florence, Bates Numbers ADC027727-ADC027758, produced with Defendants' Second Supplemental Response to Plaintiffs' Notice of 30(b)(6) Deposition Docket No. 82.

96.     ADC's Post Orders for ASPC-Phoenix, Bates Numbers ADC028255-ADC028440, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

97.     ADC's Post Orders for ASPC-Tucson, Bates Numbers ADC028441-ADC028736, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

98.     ADC's Post Orders for ASPC-Eyman, Bates Numbers ADC028737-ADC028888, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

99.     ADC's Post Orders for ASPC-Florence, Bates Numbers ADC028889-ADC028979, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP; and Bates Numbers ADC048470-ADC048476, produced with Defendants' Joint Seventh Supplemental Response to Parsons' 1st RFP.

100.   ADC's Post Orders for ASPC-Perryville, Bates Numbers ADC029121-ADC029260, produced with Defendants' Joint Fourth Supplemental Response to Parsons' 1st RFP.

101.   ADC's Post Orders for ASPC-Safford, Bates Numbers ADC029261-ADC029490, produced with Defendants' Joint Fourth Supplemental Response to Parsons's 1st RFP.

102.   ADC's Post Orders for ASPC-Winslow, Bates Numbers ADC029491-ADC029566, produced with Defendants' Joint Fourth Supplemental Response to Parsons's 1st RFP.

103.   ADC's Post Orders for ASPC-Yuma, Bates Numbers ADC029567-ADC029649, produced with Defendants' Joint Fourth Supplemental Response to Parsons's 1st RFP.

104.   ADC's Mental Health Technical Manual, revised August 15, 2011, Bates Numbers ADC031959-ADC032044, produced with Defendants' Joint Fourth Supplemental Response to Parsons's 1st RFP.

105.   ADC's Health Services Technical Manual, revised January 1, 2010, Bates Numbers ADC010648-ADC011231, produced with Defendants' Joint First Supplemental Response to Parsons' 1st RFP; and Ch. 8, Section 3.0, revised February 9, 2012, Bates Numbers ADC048477-ADC048479, produced with Defendants Joint Seventh Supplemental Response to Parsons' 1st RFP.

106.   ADC's Food Service Technical Manual, revised July 2, 2010, Bates Numbers ADC040550-ADC040573.

107.   ADC's Diet Reference Manual, revised July 2, 2010, Bates Numbers ADC040574-ADC040609.

108.   ADC's Classification Technical Manual, revised October 28, 2010, Bates Numbers ADC040610-ADC040691.

109.   Replacement Page for ADC's Classification Technical Manual, dated April 13, 2012, Bates Numbers ADC040692.

110.     Medical records for Plaintiffs Joseph Hefner (ADC050881-ADC051012), Shawn Jensen (ADC051013-ADC051256), Desiree Licci (ADC051257-ADC051269), and Charlotte Wells (ADC051270-ADC051294).

111.     Recordings of phone calls made by Plaintiff Victor Parsons:

a.     July 25, 2012 call attached as Bates number ADC052216

b.     July 25, 2012 call attached as Bates number ADC052217

c.     July 26, 2012 call attached as Bates number ADC052218

112.     Documents produced pursuant to Subpoena Duces Tecum to Plaintiffs' expert Jay D. Shulman, JDS000001-000033, previously produced by Plaintiffs, for impeachment only.

113.     Privatization of All Correctional Health Services Procurement File 120075DC, attached hereto as bates numbers ADCPROC000001-010932, including Amendment 23 (bates numbers ADCPROC010744-010747, ADCPROC010751-010754), Amendment 3 (bates numbers ADCPROC010456-010464), and the Corizon Proposal (bates numbers ADCPROC005487-006688).  Bates numbered pages ADCPROC003367-005486,        ADCPROC006690-006901,        ADCPROC008237-008365,        and ADCPROC008718-008787, are not provided because they pertain only to Centurion.[4]

114.     Preincarceration medical records for Sonia Rodriguez, Stephen Swartz, Robert Gamez, Joseph Hefner, Shawn Jensen, Desiree Licci, Joshua Polson, Jeremy Smith, Christina Verduzco, and Charlotte Wells, bates numbers ADC074410-ADC076323 and ADC082335-082696.

115.     Supplemental medical records of inmate Jonathan Tretheway, ADC #137818, attached hereto as bates numbers ADC082315-082333.

116.     Inmate Letter from Alfred Sheppard, ADC #147672, dated September 8, 2012, attached hereto as bates number ADC082334.

---

[3]   Amendment 2 supersedes Amendment 1, as Amendment 1 was not signed.

[4]   On February 14, 2013, Plaintiffs advised Defendants not to produce these documents.

117.    Monitoring and/or recording notification signs posted at inmate telephones for ASPC-Eyman, Florence, Lewis, Perryville, Phoenix, and Tucson, attached hereto as bates numbers ADC082697-082718 (PDF), and ADC082719-082737 (native).

118.    Medical Records of Maryanne Chisholm from Central Arizona Detention Center, attached hereto as bates numbers ADC084454-084700.

119.    Medical Records of Shawn Jensen from University Medical Center, attached hereto as bates numbers ADC084701-084878.

120.    ADC Inmate Legal Mail and Regular Mail Logs dated March 5, 2013, March 13, 2013, and March 15, 2013, attached hereto as bates numbers ADC084879-084880 and ADC084884-084885.

121.    IR #13-L32-00425 dated March 14, 2013, and IR #13-L32-00457 dated March 15, 2013, attached hereto as bates numbers ADC084881-084883.

122.    ASPC-Florence-Central and Kasson Units*, ASPC-Phoenix, ASPC-Eyman, and ASPC-Phoenix* Mental Health Programs, attached hereto as bates numbers ADC084886-084920, previously produced by Defendants as bates numbers ADC027727-027758 (and previously produced by Plaintiffs).

123.    ASPC-Eyman-Browning Unit Mental Health Program Pamphlet, attached hereto as bates numbers ADC084921-084928.

124.    ASPC-Florence-Central Unit Mental Health Programs Report dated February 6, 2013, by Amy Barnes, attached hereto as bates numbers ADC084929-084940.

125.    ASPC-Florence's The CB-1 C.U.R.E., attached hereto as bates numbers ADC084941-084942.

126.    ASPC-Florence's The Kassonian Times Newsletter, attached hereto as bates numbers ADC084943-084944.

127.    United States Department of Justice, Bureau of Justice Statistics, Mortality in Local Jails and State Prisons, 2000-2010 – Statistical Tables, NCJ 239911, dated December 2012, attached hereto as bates numbers ADC084945-084972.

128. ADC Medical Records, Prescription Log, of Jonathan Trethewey, ADC #137818, attached hereto as bates numbers ADC084981-084984.

129. Employee Recognition Ceremony dated December 13, 2012, attached hereto as bates numbers ADC08684-088724.

130. Memorandum from Robert Patton and Richard Pratt to Director Charles Ryan dated April 30, 2012, regarding Increase of Mental Health for Max Custody, previously produced as bates numbers ADC050861-050867.

131. Supplemental ADC Medical Records of Alfred Sheppard, ADC #147672, attached hereto as bates numbers ADC089611-091463.

132. Preincarceration medical records for Plaintiff Rodriguez from Magellan, attached hereto as bates numbers ADC091464-091471.

133. Preincarceration medical records for Plaintiff Smith from St. Mary's Hospital, attached hereto as bates numbers ADC091472-091489.

134. Preincarceration medical records for Plaintiff Wells from Maryvale Hospital, attached hereto as bates numbers ADC091490-091591, and West Valley Hospital, attached hereto as bates numbers ADC091592-091666.

135. ***Resume of Anthony Medel, attached hereto as bates numbers ADC123403-123407.***

136. ***Resume of Arthur Gross, attached hereto as bates numbers ADC123408-123412.***

137. ***Resume of David Robertson, attached hereto as bates numbers ADC123413-123418.***

138. ***Resume of Mark Haldane, attached hereto as bates numbers ADC123419-123421.***

139. ***Resume of Helena Velanzuela, attached hereto as bates numbers ADC123422-123423.***

140. ***Resume of Jessica Raak, attached hereto as bates numbers ADC123424-123425.***

1        141.    *Resume of Warden Judy Frigo, attached hereto as bates numbers*
2   *ADC123426-123428.*

3        142.    *Resume of Juliet Respicio-Moriarty, attached hereto as bates*
4   *numbers ADC123429-123433.*

5        143.    *Resume of Karen Chu, attached hereto as bates numbers*
6   *ADC123434.*

7        144.    *Resume of Kathy Campbell, attached hereto as bates numbers*
8   *ADC123435-123438.*

9        145.    *Resume of Kristan Sears, attached hereto as bates numbers*
10  *ADC123439-123442.*

11       146.    *Resume of Marlena Bedoya, attached hereto as bates numbers*
12  *ADC123443-123446.*

13       147.    *Resume of Matthew Musson, attached hereto as bates numbers*
14  *ADC123447-123448.*

15       148.    *Resume of Carson McWilliams, attached hereto as bates numbers*
16  *ADC123449-123451.*

17       149.    *Resume of Jen Mielke-Fontaine, attached hereto as bates numbers*
18  *ADC123452-123453.*

19       150.    *Resume of Nicole Taylor, attached hereto as bates numbers*
20  *ADC123454-123457.*

21       151.    *Resume of Richard Pratt, attached hereto as bates numbers*
22  *ADC123458-123461.*

23       152.    *Resume of Richard Rowe, attached hereto as bates numbers*
24  *ADC123462-123463.*

25       153.    *Resume of Sam Tardibuouno, attached hereto as bates numbers*
26  *ADC123464-123467.*

27       154.    *Resume of Steven Bender, attached hereto as bates numbers*
28  *ADC123468-123469.*

155. ***Resume of Terry Allred, attached hereto as bates numbers ADC123470-123471.***

156. ***Resume of Ernie Trujillo, attached hereto as bates numbers ADC123472-123477.***

157. ***Resume of Vanessa Headstream, attached hereto as bates numbers ADC123478-123480.***

158. ***Resume of Yvonne Maese, attached hereto as bates numbers ADC123481-123483.***

159. Plaintiffs' institutional files, including grievance files, as maintained by any and all correctional institutions in which Plaintiff has been detained.

160. Any and all relevant ADC budgetary documentation in possession of ADC.

161. All deposition transcripts from testimony provided in this matter.

162. Any and all non-objectionable exhibits listed by Plaintiffs, even if later withdrawn.

163. Without waiving objections, any reports prepared by an expert in this case.

164. Plaintiffs' ***non-objectionable*** responses to Requests for Production.

165. Plaintiffs' responses to Interrogatories.

166. Plaintiffs' responses to Requests for Admissions.

167. Any and all non-objectionable exhibits offered by any other party, even if later withdrawn.

168. ***Any and all reports, documents, charts, data, and policies listed on the ADC website, available for viewing and download at http://www.azcorrections.gov/adc/reports/reports1.aspx.***

Defendants anticipate that additional documents and/or tangible evidence will be identified as discovery continues and will supplement this list at that time.

III.   **COMPUTATION OF DAMAGES**

Defendants are not making any claim for damages.  Defendants will seek any and all recoverable costs and fees should Defendants prevail in this matter.

IV.   **INSURANCE AGREEMENTS**

There are no relevant insurance agreements under Fed. R. Civ. P. 26(a)(1)(A)(iv).

DATED this __12th__ day of August 2013.

STRUCK WIENEKE & LOVE, P.L.C.

By /s/ Anne M. Orcutt
Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

COPIES of the foregoing e-mailed this
 12th day of August, 2013 to:

Caroline N. Mitchell
cnmitchell@jonesday.com

Jennifer Alewelt
jalewelt@azdisabilitylaw.org

David Cyrus Fathi
dfathi@npp-aclu.org

Donald Specter
dspecter@prisonlaw.com

By:    /s/ Amy Bender

2791530.1

# EXHIBIT C

From:        Don Specter <dspecter@prisonlaw.com>
To:          Parsons Discovery Comittee <Parsonsdiscovery@prisonlaw.com>,
Date:        08/14/2013 10:22 AM
Subject:     FW: Tours and Depositions
Sent by:     parsonsdiscovery@prisonlaw.com

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Wednesday, August 14, 2013 10:22 AM
**To:** 'Don Specter'; Parsons Team
**Cc:** dfathi@npp-aclu.org; Corene Kendrick (ckendrick@prisonlaw.com); DBarr@perkinscoie.com; Caroline
N Mitchell (cnmitchell@jonesday.com); Michael E. Gottfried; Lucy Rand
**Subject:** RE: Tours and Depositions

Dear Don,

Thank you for your email.  We are not reading the order or the transcript from the hearing in the same
manner as you.  We maintain that  you are only entitled to ten depositions pursuant to the scheduling
order and Rule 30 absent stipulation.  We have stipulated that you may take 25 depositions.   You have
taken 17 depositions. (Not counting Mr. Trethaway, which we concede was taken as a trial deposition
to preserve his testimony).  Therefore, you have 8  depositions left, without having to seek leave of
court.  Although there are things we may stipulate to in order to reduce the necessity of putting on
proof at trial, we are unable to stipulate that the testimony of one contract monitor, or three, would be
representative of all.

You may choose to use the remaining depositions to depose 8 contract monitors or none.   It is not up
to us to decide how you want to use the depositions that you have left.  You have been on notice since
the inception of this litigation that Defendants would stipulate to no more than 25 depositions.   If you
want to exceed that number, you must ask leave of court to do so.  There are depositions scheduled by
plaintiffs that go well beyond these 8.  We will not be producing any witnesses after deposition number
8, unless Judge Wake orders us to do so,  so we suggest that you wisely choose which depositions you
would like to take.  We would also like more advance notice with respect to cancellations, as
defendants are incurring needless fees, and the witnesses unnecessary disruption by your last minute
cancellations.

With respect to the expert tours, Judge Wake was quite clear that he believed the plaintiffs have gone
well beyond what they should have with these tours.  As a result, he cancelled all remaining tours other
than Dr. Williams.  There was neither a requirement nor a directive from the court to stipulate that the
"conditions found" by your experts are representative of health care found at all of the ADC facilities.

Please feel free to contact me if you have any questions.

Dan Struck



**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Monday, August 12, 2013 2:27 PM
**To:** Parsons Team
**Cc:** Parsons Discovery Comittee
**Subject:** Tours and Depositions

Dear Dan & Nick,

The Court's latest order provides that Plaintiffs may take 11 depositions of contract monitors (which includes 9 facility monitors, plus one each for mental health and nursing), unless Defendants stipulate that three such depositions will be representative of the other 8.  Please let us know by the close of business tomorrow whether you will so stipulate.

Similarly, Plaintiffs have proposed that Defendants stipulate that the conditions found by our experts on the tours they have completed so far are representative of the health care provided at the institutions that our experts have not toured.  If Defendants so stipulate Plaintiffs will not conduct any tours, except those of Dr. Williams.  We have not received a response to that proposal.  Please also let us know by the close of business tomorrow whether Defendants will so stipulate.   Otherwise, we will ask the Court for clarification on this issue.

Thank you.

Don

This electronic mail transmission contains information from the law firm
Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such
information is solely for the intended recipient, and use by any other party
is not authorized. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of this message, its contents or any
attachments is prohibited. Any wrongful interception of this message is

punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT D

| From: | Caroline N Mitchell/JonesDay |
| To: | Dan Struck <DStruck@swlfirm.com>, |
| Cc: | Anne Orcutt <AOrcutt@swlfirm.com>, "lucy.rand@" <azag.gov_lucy.rand@azag.gov>, Jennifer Alewelt <jalewelt@azdisabilitylaw.org>, Kathy Wieneke <KWieneke@swlfirm.com>, "Michael E. Gottfried" <Michael.Gottfried@azag.gov>, Tim Bojanowski <TBojanowski@swlfirm.com> |
| Date: | 06/18/2013 10:53 AM |
| Subject: | RE: Discovery |

Dan,

I understand, I just wanted to be clear that resolution of this issue impacts the deposition issue.  If there is any aspect of this you want to discuss to assist in your internal discussion, we are happy to do that today or whenever is convenient.

Thank you,

Caroline

Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail: cnmitchell@jonesday.com

| Dan Struck | Caroline, We need some time to discuss this pro... | 06/18/2013 10:03:58 AM |

| From: | Dan Struck <DStruck@swlfirm.com> |
| To: | 'Caroline N Mitchell' <cnmitchell@JonesDay.com> |
| Cc: | Anne Orcutt <AOrcutt@swlfirm.com>, "lucy.rand@" <azag.gov_lucy.rand@azag.gov>, Jennifer Alewelt <jalewelt@azdisabilitylaw.org>, Kathy Wieneke <KWieneke@swlfirm.com>, "Michael E. Gottfried" <Michael.Gottfried@azag.gov>, Tim Bojanowski <TBojanowski@swlfirm.com> |
| Date: | 06/18/2013 10:03 AM |
| Subject: | RE: Discovery |

Caroline,

We need some time to discuss this proposal, so it will not be in issue discussed in the 2pm phone call this afternoon.

Dan



**Daniel P. Struck**

Direct: (480) 420-1620

dstruck@swlfirm.com

www.swlfirm.com

**From:** Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]
**Sent:** Tuesday, June 18, 2013 9:07 AM
**To:** Dan Struck
**Cc:** Anne Orcutt; lucy.rand@; Jennifer Alewelt; Kathy Wieneke; Michael E. Gottfried; Tim Bojanowski
**Subject:** RE: Discovery

Dan,

Given the length of the initial disclosures, the number of potential witnesses each side could call, and the aim of the Federal Rules to avoid trial by ambush, we think reaching some orderly way of identifying and deposing witnesses who will testify at trial is essential.  Courts have found that when initial disclosures identify an overwhelming number of individuals, failing to provide the opposing party with a narrower list of the witnesses who may be called at trial is "contrary to the purpose and goal of early disclosure and the common sense requirements of Fed.R.Civ.P. 26."  *In re Fedex Ground Package Sys., Inc., Employment Practices Litigation* , 2007 BL 82536, at *4 (N.D. Ind. July 23, 2007) (witness declarations stricken where Defendants waited until after the close of discovery before informing Plaintiffs which of the thousands of individuals listed in the initial disclosures Defendants intended to use at trial); *see also Sender v. Mann* , F.R.D. 645, 655 (D. Colo. 2004) (disclosures inadequate where opposing party was left "with the choice of either requesting a substantial number of additional depositions, with all of the attendant costs, or hoping that they correctly guessed which of the approximately 300 [individuals] ultimately would testify at trial."). Similarly, courts have limited trial witnesses to those individuals whom the opposing party has already deposed.  *See, e.g.* , *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.* , 2007 BL 241925, at *3 (S.D. Cal. Mar. 7, 2007) ("any witness who Plaintiffs propose [to call at trial], who has not already been disclosed to and deposed by Defendants, may not be called to testify at trial").

To address this issue in an orderly fashion, Plaintiffs propose that the parties agree to exchange pretrial witness lists by July 26, 2013.  Each party will then provide good faith supplementations to their list on the date set by the Court for pretrial witness disclosures, and will allow the opposing party to take the deposition of those witnesses not previously identified in the lists exchanged on July 26.  Thereafter, any party who had a good faith reason to add a trial witness to their list could seek leave to do so, providing the party agreed to allow the witness to be deposed before testifying and agreed to promptly produce relevant documents.  The other party would still be free to argue prejudice.  This proposal will provide both parties with the opportunity to depose those witnesses who are ultimately called at trial, as well as to review documents relevant to those witnesses.  Furthermore, it will allow both parties to prioritize that discovery that will ultimately be used at trial, so we can avoid needlessly deposing initial disclosure witnesses who will not be called at trial, thus saving everyone time and resources.  Scheduling the exchange of witness lists prior to the close of discovery is not uncommon.  *See, e.g.* , *Pendlebury v. Starbucks Coffee Co*. , 518 F. Supp. 2d 1345 (S.D. Fla. 2007); *Brown v. Peterson* , 2007 BL 119274 (D. Alaska Oct. 4, 2007); *Paulsen v. State Farm Ins. Co.* , 2008 BL 305224 (E.D. La. Feb. 14, 2008).

The above proposal should be part of the parties' meet and confer when we discuss the number of

depositions that Plaintiffs have recently noticed.

Thank you,

Caroline


Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail: cnmitchell@jonesday.com


From: Dan Struck <DStruck@swlfirm.com>

To: 'Caroline N Mitchell' <cnmitchell@JonesDay.com>, Anne Orcutt <AOrcutt@swlfirm.com>, "lucy.rand@" <azag.gov lucy.rand@azag.gov>

Cc: Jennifer Alewelt <jalewelt@azdisabilitylaw.org>. "Michael E. Gottfried" <Michael.Gottfried@azag.gov>, Kathy Wieneke < KWieneke@swlfirm.com>, Tim Bojanowski <TBojanowski@swlfirm.com>

Date: 06/10/2013 11:43 AM

Subject: RE: Discovery


Caroline,

I don't see how this would be possible.   We may not know who we are going to call in some instances until after you put on your case in chief.




STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

# Daniel P. Struck

Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

**From:** Caroline N Mitchell [mailto:cnmitchell@JonesDay.com]

**Sent:** Monday, June 10, 2013 11:26 AM
**To:** Dan Struck; Anne Orcutt; lucy.rand@
**Cc:** Jennifer Alewelt
**Subject:** Discovery

Dan,

Plaintiffs (both the prisoner class and the ADLC) propose that the parties agree that no party will call a witness at trial without allowing the opposing party an opportunity to depose that witness.  Please let me know if Defendants will agree.  If you do, I am happy to prepare a stipulation.

Thank you,

Caroline

Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail: cnmitchell@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the

Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# EXHIBIT E

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number:  (415) 875-5712
cnmitchell@JonesDay.com

JP005615                              July 25, 2013

<u>VIA EMAIL AND MAIL</u>
Daniel P. Struck, Esq.
Struck Wieneke & Love, P.L.C.
3100 West Ray Road
Suite 300
Chandler, Arizona 85226-2473

Re:    <u>Parsons v. Ryan</u>

Dear Dan:

       In light of recent developments in the litigation and the ongoing disputes between the
parties regarding depositions, I am writing to propose the following adjustments to upcoming
discovery:

       1.  We propose a 90-day extension of the discovery cut-off.  This will allow you, if you
choose, to postpone the named Plaintiffs' depositions without prejudice.  We are prepared to
move forward and defend those depositions on the dates currently scheduled, but if that is going
to happen, then we need Defendants to comply with the agreement to supplement the production
of prisoners' medical records prior to the deposition.

       2.  Subject to the 90-day extension, we propose that each party disclose on an agreed
upon date, August 15, a detailed description of the testimony that each of its expected witnesses
will give at trial, subject to exclusion at trial of material topics not included in the statement but
now known to the party.  Each party would be permitted to supplement this list of expected
witnesses or the topics with a good faith, timely disclosure of additional witnesses/witness
statements through the time of trial.  Subject to this agreement, we will withdraw our pending
deposition notices and evaluate the information obtained through the disclosures.  We will then
re-notice some depositions at a later day based on outstanding information we believe we still
need based on an overall assessment of the evidence produced to date.  This would likely be a
combination of individual witnesses and 30(b)(6) depositions.  If a party supplements the witness
list, the opposing party may also modify the depositions to account for the addition or subtraction
of witnesses.  This proposal would also allow more time for document production to complete,
including email production, so we can narrow the scope of depositions we need.  Experts would
not be subject to this paragraph and no party would be required to disclose a witness statement
for an adverse witness (e.g., Defendants  would not need to disclose expected testimony from

SFI-832797v1

JONES DAY

Dan Struck, Esq.
July 25, 2013
Page 2

Plaintiffs and Plaintiffs would not need to disclose expected testimony from Defendants or others responsible for providing the challenged care).  This agreement would not alter the parties' obligations to update their initial disclosures on a timely basis.

3.  If your request for a stay is granted, this agreement would remain in effect but would be continued for the duration of the stay.

The Arizona Center for Disability Law has agreed to these proposals.

Very truly yours,

*C. Mitchell*

Caroline N. Mitchell

# EXHIBIT F

| From: | Caroline N Mitchell/JonesDay |
|---|---|
| To: | "lucy.rand@azag.gov" <lucy.rand@azag.gov>, |
| Date: | 08/19/2013 11:15 AM |
| Subject: | Email |

Lucy,

Following up on our conversation Thursday regarding Defendants' production of emails, Prisoner Plaintiffs are willing to limit our requests for the production of emails to the four custodians and limited time frames previously discussed.  Specifically, that limited production is as follows:

Custodians:                          Charles Ryan, Richard Pratt, Joe Profiri, and Tara Diaz

Search Terms / Time Periods:    "Wexford" - April 2, 2012 to March 3, 2013
                                 "Corizon" - January 17, 2013 to July 18, 2013

If Defendants will agree to produce the above, Plaintiffs agree that no further email production will be sought at this time, subject to a few caveats:  (1) this pertains only to fact discovery and does not affect our ability to seek expert discovery; (2) if Defendants review additional emails of witnesses that will testify at trial, we want those emails timely  produced because otherwise, we are in a position of being sandbagged with you using evidence for trial preparation that we haven't had access to.   Please let me know if Defendants agree to the proposal above.  As we discussed Thursday, if you de-dupe the email, provide the minimal number of string necessary for us to see all of the transmitted email (rather than each iteration), and exclude the privilege email, the burden of reviewing these email should not be too burdensome.  If you unexpectedly find it has not narrowed substantially, we will still be willing to discuss whether there are other strategies to make the review more manageable.

Regards,

Caroline

Caroline Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500

Telephone:  (415) 875-5712
Fax: (415) 875-5700
e-mail: cnmitchell@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# EXHIBIT G

# FILED UNDER SEAL