# EXHIBIT A

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR ANTONIO PARSONS; et al., <br><br> Plaintiffs/Appellees, <br><br> vs. <br><br> CHARLES L. RYAN and RICHARD PRATT, <br><br> Defendants/Appellants. | No. 13-16396 <br><br> District Court <br> No. 2:12-cv-00601-NVW |

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

---

### APPELLANTS' OPENING BRIEF

### (FILED UNDER SEAL)

---

Attorney General Thomas C. Horne
Arizona Attorney General
Michael E. Gottfried
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov

Daniel P. Struck
Nicholas D. Acedo
STRUCK, WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1699
dstruck@swlfirm.com
nacedo@swlfirm.com

*Attorneys for Defendants/Appellants*

takeover, which identify isolated issues involving a handful of inmates or reports from a few facilities reflecting a one-week period of time; (3) a September 21, 2012 Letter from ADC to Wexford reporting issues in health care (the "Cure Letter"); and (4) deposition testimony from ADC employees mostly regarding the state of health care immediately after the Wexford transition. (ER 435–610.) None of the experts had conducted any facility tours or spoken directly to any ADC inmates. (*Id.*) Plaintiffs' dental care expert admitted that he had not reviewed dental x-rays, ADC's written policies, or "a large number of records" before reaching his opinions. (ER 522–523, ¶¶ 72–74.)

Plaintiffs argued that this smorgasbord of allegations was sufficient to certify their class and subclass. (ER 396–423.) To satisfy commonality under Rule 23(a)(2), Plaintiffs asserted that the question common to the class/subclass was: "whether the deliberate indifference of the Defendants and the system-wide policies and practices regarding the provision of healthcare and the conditions of confinement in isolation units have placed them at serious risk of harm." (ER 413–414.) Plaintiffs maintained that "[d]ifferences among class members with respect to the specific incidents of inadequate health care or the adverse effects of isolation do not undermine commonality." (ER 413.) As for typicality under Rule 23(a)(3), Plaintiffs argued that because the named