Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-NVW<br><br>**JOINT NOTICE OF DISCOVERY DISPUTE** |

**<u>Disputed Issue</u>:**

Whether and when Plaintiffs should be required to supplement and correct severely deficient discovery responses that Defendants have sought repeatedly since August 2012.

**<u>Plaintiffs' Position</u>:**

Plaintiffs are not prepared to respond to Defendants' position at this time because Defendants served their three-page position statement at 4:27 p.m. yesterday afternoon and notified Plaintiffs that they would file this pleading with or without Plaintiffs' position at 9:00 a.m. this morning.  (Exh. A).  This is patently unreasonable.

In addition, this dispute is not ripe.  The parties have scheduled a meet-and-confer this afternoon at 2:30 p.m. to discuss discovery issues, but Defendants apparently refuse to discuss this particular matter at that time.  See footnote 1.  This was the earliest date on which the Plaintiffs' counsel could be prepared to discuss the issues and were available to meet with Defendants.  Defendants' claim that "Plaintiffs canceled a scheduled meet and confer set for August 27," is untrue.

Unless the Court orders otherwise, Plaintiffs will meet and confer this afternoon and if unresolved discovery issues remain, will file their position statement next week.

**<u>Defendants' Position</u>:**

Plaintiffs have failed to provide Defendants with substantive responses to discovery since the inception of this case.  Despite Defendants' numerous requests that Plaintiffs supplement and correct their discovery responses, Plaintiffs refuse to provide basic responses required by the Federal Rules of Civil Procedure and those which this Court has already stated Defendants are entitled to receive.

Defendants have met with Plaintiffs' counsel regarding these deficient responses before.  Those meetings resulted in false assurances by Plaintiffs that they would amend their responses.  Plaintiffs have failed to do so.  In light of the fact that the close of discovery is looming, and the Court is considering discovery issues now with respect to Plaintiffs' demands for additional expert tours, numerous depositions, and document production, Defendants believe it is imperative to get this issue before the Court as soon

as possible.  Plaintiffs canceled a scheduled meet and confer set for August 27, stating they did not have any attorneys available to discuss these issues until August 30.  (Ex. 4.)[1] That is implausible given the army of attorneys Plaintiffs have representing them in this case.[2]  Defendants believe Plaintiffs' counsel's insistence on not adhering to the 48-hour meet-and-confer rule (which was implemented at their request) is a delay tactic to avoid making the Court aware of the significant problems with their discovery responses while it is considering their discovery demands.  In light of the numerous attempts Defendants have made to secure appropriate and adequate responses.  (Ex. 1.)  Defendants have no faith that Plaintiffs will ever correct them unless the Court intervenes, and issues an order directing them to do so by a specific date and with sanctions as a consequence for failing to do so.

Defendants have propounded contention interrogatories, as directed by this Court, and interrogatories requesting Plaintiffs' witnesses' anticipated testimony beginning in September 14, 2012.   Plaintiffs have responded with general objections, boilerplate objections, and blanket references to pleadings or voluminous records without citation to specific documents.  Plaintiffs' tactics have left Defendants unable to identify what their witnesses will testify to and the factual bases for Plaintiffs' allegations.   For example, Defendant Ryan's First Set of Interrogatories to Plaintiff Brislan, Interrogatory No. 4 requests that he

> [i]dentify each and every specific instance where you received "improper medication," as referenced in Plaintiffs' Class Action Complaint, as to yourself and each witness you have disclosed or may call for trial.  For each instance of "improper medication" describe with specificity the medication alleged to have been required, the medication actually provided and the injury sustained as a result of the

---

[1] The meet and confer that is scheduled today at 2:30 p.m. pertains to a separate discovery issue, one raised by Plaintiffs. It does not concern the issue raised in this Discovery Dispute, as Plaintiffs contend. (Ex. 4.)

[2] For example, at the August 22, 2013 meet-and-confer regarding *Plaintiffs'* discovery issues, Plaintiffs had six attorneys present (three physically and three by telephone). But when Defendants requested a meet-and-confer on August 27, 2013 regarding pressing issues *Defendants* had, Plaintiffs were conveniently unavailable.

1       "improper medication.

2    Plaintiffs' response and supplemental responses include objections regarding privilege

3    logs, expert opinions and that the interrogatory prematurely seeks information.  He merely

4    points to generalized statements and other documents despite the fact that Defendant

5    Ryan's interrogatory requested specific information regarding Brislan's allegations of

6    improper medication.    These responses do not provide Defendants with adequate

7    information necessary to defend against his claims.

8       Further, in response to Defendant Pratt's Second Set of Interrogatories to Plaintiff

9    Chisholm, Interrogatory No. 14 requests:

10          For each witness identified in your disclosure statement,
            please provide the substance of their anticipated testimony as
11          if deposed or a summary of the facts they possess that are
            relevant to this matter.
12
     Plaintiffs' response was replete with objections including prematurity, privilege logs,
13
     overly burdensome and, surprisingly, that the information is in the possession and control
14
     of Defendants and is more readily available to them than to Plaintiffs.  Plaintiffs then state
15
     that, "Chisholm will disclose witness testimony and relevant facts possessed by
16
     those witnesses pursuant to the Court's scheduling orders and/or upon agreement by
17
     the parties relating to the disclosure of trial information."  These are just two of the many
18
     deficient discovery responses Plaintiffs have provided in response to basic contention
19
     interrogatories and requests related to witness testimony.   Defendants have attached all of
20
     them for this Court's review.  (Ex. 2)
21
        Plaintiffs are hiding the ball and providing bogus excuses.  Yet, in the recently filed
22
     Joint Report Regarding Discovery Disputes (Dkt. # 600), Plaintiffs accuse *Defendants* of
23
     "sandbagging" Plaintiffs with respect to trial witness testimony. To the contrary,
24
     Defendants have taken great care to set forth the subject matter and substance of the
25
     expected testimony of their listed witnesses. (Dkt. # 600–1 at 8–50.)  Plaintiffs, however,
26
     are refusing to do so.   Plaintiffs' refusal to respond to these interrogatories severely
27
     prejudices Defendants' ability to defend this case.  Defendants advised the Court last
28

2801031.1                                         4

1    November about Plaintiffs' unwillingness to provide the factual basis for their claims, and
2    the Court ordered Plaintiffs to do so.  (Ex. 3.)   But they have failed to comply, hiding
3    behind boilerplate objections and suggesting that Defendants' requests are "premature."
4    Defendants respectfully request that the Court order Plaintiffs to answer this discovery so
5    that Defendants have notice of the evidence that Plaintiffs plan to present at trial.

6
7                       DATED this  30th  day of August 2013.

8                                              STRUCK WIENEKE & LOVE, P.L.C.

9

10                                             By /s/ Ashlee B. Fletcher
                                                   Daniel P. Struck
11                                                 Kathleen L. Wieneke
                                                   Rachel Love
12                                                 Timothy J. Bojanowski
                                                   Nicholas D. Acedo
13                                                 Courtney R. Cloman
                                                   Ashlee B. Fletcher
14                                                 Anne M. Orcutt
                                                   STRUCK WIENEKE & LOVE, P.L.C.
15                                                 3100 West Ray Road, Suite 300
                                                   Chandler, Arizona  85226
16
                                                   Arizona Attorney General Thomas C. Horne
17                                                 Office of the Attorney General
                                                   Michael E. Gottfried
18                                                 Lucy M. Rand
                                                   Assistant Attorneys General
19                                                 1275 W. Washington Street
                                                   Phoenix, Arizona 85007-2926
20
                                                   *Attorneys for Defendants*
21

22

23

24

25

26

27

28

2801031.1                                        5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Cathleen M. Dooley: | cdooley@azdisabilitylaw.org |
| J.J. Rico: | jrico@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |

| | | |
|---|---|---|
| 1 | Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| 2 | David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| 3 | John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| 4 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 5 | Jennifer K. Messina: | jkmessina@jonesday.com |
| 6 | Taylor Freeman: | tfreeman@jonesday.com |
| 7 | Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| 8 | Katherine E. Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |
| 9 | Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com |
| 10 | Lucy Marie Rand: | Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| 11 | Ajmel Quereshi: | aquereshi@npp-aclu.org |

        I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

        N/A

                                    /s/  Ashlee B. Fletcher