# EXHIBIT 1

# EXHIBIT 1



**STRUCK WIENEKE & LOVE**   3100 West Ray Road, Suite 300  Chandler, Arizona 85226  **480.420.1600** swlfirm.com

August 26, 2013

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

David C. Lewis
OF COUNSEL

**<u>VIA EMAIL ONLY</u>**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

Re:     Parsons, et al. v. Ryan and Pratt
U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

We write regarding Plaintiffs' continuous failure to provide sufficient responses to Defendants' discovery requests.  Discovery will close in just over one month on September 27, 2013.  We have requested that Plaintiffs supplement their responses to Defendants' discovery requests on numerous occasions.  In fact, we have sent at least seventeen (17) letters regarding deficient responses.  (See attached correspondence dated September 26, 2012; again on September 26, 2012; October 3, 2012; October 22, 2012; October 26, 2012; October 29, 2012; November 7, 2012; February 20, 2013; March 4, 2013; April 10, 2013; again on April 10, 2013; July 8, 2013; and August 6, 2013).  Yet, Plaintiffs' responses and supplemental responses do not cure the deficiencies.

Plaintiffs' responses continue to contain general and boilerplate objections and references to other documents without identifying specific documents or information.  In addition, Plaintiffs continue to object to requests as "premature" and refuse to provide meaningful responses to contention interrogatories.  Rather, Defendants are referred to Bate Stamped documents that do not apply to the issues in the request.  Plaintiffs even refuse to provide answers to some requests.  (See as an example Plaintiff Brislan's First Supplemental Response to Defendant Ryan's First Set of Request for Production No. 2, 4, 16, and 18 dated June 12, 2013).   Plaintiffs continue to refuse to provide substantive answers to Interrogatories where Defendants have asked for the anticipated testimony of Plaintiffs' witnesses despite the fact that Judge Wake has advised Defendants to send this very request and that Defendants have answered for Plaintiffs.

Counsel of Record
August 26, 2013
Page 2

        In all of named Plaintiffs' First Supplemental Responses to Defendant Ryan's First Set of Requests for Production, Plaintiffs point to the responses of Maryanne Chisholm as their response.  For instance, Plaintiff Charlotte Wells' First Supplemental Responses to Defendant Ryan's First Requests for Production Nos. 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14 and 15, Defendants are directed to responses to discovery requests of Plaintiff Maryanne Chisholm.  This is very problematic and inappropriate.  First, such reference to other responses is improper.  *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2005 WL 318811 (N.D. Cal. Jan. 5, 2005).   Second, the requests posed to Plaintiff Wells are specific to Plaintiff Wells. How Plaintiff Chisholm responded is neither relevant nor appropriate.  This is evidenced by Interrogatory No. 6 where Plaintiff Wells was asked for her records for treatment and related documents for the last ten (10) years.  Third, in at least one instance, the documents actually provided in Plaintiff Chisholm's responses to which Defendants were directed as responsive for Plaintiff Wells pertain to Plaintiffs Swartz and Jensen and list an order from another lawsuit.  This is merely an example of the type of problems in all of named Plaintiffs' First Supplemental Responses to Defendant Ryan's First Set of Requests for Production, all of which were supplied on June 12, 2013. Defendants are directed in each of these responses to the responses for Plaintiff Chisholm without regard to whether the cited documents actually pertain to the Plaintiff the request is directed to.  These kinds of blanket responses that clearly contain error are improper and must be rectified.

        Additionally, Plaintiffs' responses are replete with references to the Complaint or documents in the possession of or produced by Defendants.  This is also inappropriate.  Referring Defendants to entire bodies of documents without specifying which particular documents are responsive to the requests places an onus on Defendants that is not contemplated by the Federal Rules of Civil Procedure.  Plaintiffs have an obligation to fully respond to Defendants' requests, identifying what documents, or portions of documents, are responsive to the requests.  Plaintiffs have failed to do this at every turn.

        Plaintiffs' continued refusal to provide substantive and complete answers to contention interrogatories is also inappropriate and requires immediate supplementation.  For example, Defendant Ryan's First Set of Interrogatories to Plaintiff Brislan, Interrogatory No. 4 requests that he "[i]dentify each and every specific instance where you received "improper medication," as referenced in Plaintiffs' Class Action Complaint, as to yourself and each witness you have disclosed or may call for trial.  For each instance of "improper medication" describe with specificity the medication alleged to have been required, the medication actually provided and the injury sustained as a result of the "improper

Counsel of Record
August 26, 2013
Page 3

medication."  Plaintiff Brislan's response and supplemental responses include objections regarding privilege logs, expert opinions and that the interrogatory prematurely seeks information.  In providing what is intended to be substantive responses, Plaintiff Brislan merely points to generalized statements and other documents despite the fact that Defendant Ryan's interrogatory requested specific information regarding Plaintiff Brislan's allegations of improper medication.  The information provided is not responsive to provide Defendants with each and every specific instance where Plaintiff Brislan received improper medication.

Similarly, Defendant Ryan's First Set of Interrogatories, Interrogatory No. 7 to Plaintiff Verduzco requests that she "[i]dentify each and every specific instance where Defendant failed to provide you with "adequate mental health care," as referenced in Plaintiffs' Complaint, as to yourself and each witness you have disclosed or may call for trial. For each instance where Defendant failed to provide you with "adequate mental health care," describe with specificity the mental health care alleged to have been provided, the mental health  care  alleged to have been required, and the injury sustained as a result of Defendant's failure to provide "adequate mental health care."  Plaintiff Verduzco objected to the request as overly broad and unduly burdensome, as premature, and the same general objections contained in Plaintiff Brislan's response.  What is purported to be substantive response provides references to documents, without specific citations and to one instance of being on suicide watch.  Further bolstering the fact that this response is not fully responsive, Plaintiff Verduzco's response includes the statement, "ADC's treatment of Verduzco on suicide watch has worsened Verduzco's mental health and **is one example** of Defendants' systematic failure to provide adequate mental health care."  Defendant Ryan's request did not ask for examples but rather for the specific instances that form the factual basis for Plaintiff Verduzco's allegations.

Also, Plaintiffs continually refuse to provide Defendants with their trial witnesses' anticipated testimony despite requests for that information.  For instance, in response to Defendant Pratt's Second Set of Interrogatories to Plaintiff Chisholm, Interrogatory No. 14 requests, "For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter."  Plaintiff Chisholm's response, and that of every named Plaintiff that responded to this request, was full of objections regarding prematurity, privilege logs, overly burdensome and surprisingly, that this information is in the possession and control of Defendants and is more readily available to them than to Chisholm.  Plaintiff Chisholm then goes on to state that, "Chisholm will disclose witness testimony and relevant facts possessed by those witnesses pursuant to  the  Court's scheduling orders and/or upon agreement by the parties relating

Counsel of Record
August 26, 2013
Page 4

to the disclosure of trial information."   There is only one month until the discovery deadline.  The time for these objections has passed and it is incumbent upon Plaintiffs to provide Defendants with expected testimony.  As Judge Wake indicated during the oral argument on November 20, 2012, "The defendants are entitled to know what they are being sued for.   And they are entitled to not just the minimal pleadings but the disclosures required by Rule 26 and appropriate contention interrogatories to -- they are entitled to that.   They don't have to take depositions to find out that.   With proper requests, the plaintiffs have to tell them before they take the depositions."  Defendants' requests are proper and require immediate supplemental response to address Plaintiffs' refusals to provide this information.

Highlighting the issues Defendants continue to have with Plaintiffs' evasive and incomplete responses, during last Friday's deposition of Plaintiff Joshua Polson, Mr. Polson mentioned an inmate letter that he sent to his CO III, which contained allegations regarding his medication administration record.  He indicated that he had another CO who witnessed the event and signed the letter.  Further, Mr. Polson indicated that he provided a copy of the letter to his attorneys.  Yet, this letter was not produced in response to the Request for Production propounded to Plaintiff Polson.  When Ms. Wieneke asked Mr. du Mee to produce it, he repeated the objections that were contained in the responses, including that it was unduly burdensome.  Even when a named plaintiff indicates that he provided a specific document to his attorneys, Plaintiffs' counsel continues to allege it is unduly burdensome to produce a specific document that is responsive to the requests already propounded.  It is this kind of gamesmanship that is contrary to the Rules of Civil Procedure and to Judge Wake's instructions.

As you are no doubt aware, parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Stevens v. Federated Mut. Ins. Co.*, 2006 WL 2079503 (N.D.W.Va.2006) (citing Rule 33(b)(1) (a party must answer each interrogatory "fully."). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" Id. Rule 33(b)(3), Fed.R.Civ.P., also requires that a party upon whom interrogatories are served "shall serve a copy of the answers, and objections, if any, within 30 days after the service of the interrogatories." Rule 33(b)(4) specifies a sanction for failure to make objections in a timely manner: "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Rule 33(b)(5) provides that "[t]he party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer

Counsel of Record
August 26, 2013
Page 5

an interrogatory. An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Rule 37(a)(3), Fed.R.Civ.P. Objections to interrogatories must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D.Md.2005).

Further, a party responding to an interrogatory "must furnish information that is available to it and that can be given without undue labor and expense." 8B Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2174 (3d ed. 2012); id. § 2177 ("Though there are limits on the extent to which a party can be required to hunt out information in order to answer interrogatories, it will be required to provide facts available to it without undue labor and expense."). Generally, the "party objecting to discovery as vague or ambiguous has the burden of showing such vagueness or ambiguity." *Deakins v. Pack*, No. 1:10–1396, 2012 WL 242859, at *12 (S.D.W.Va. Jan. 25, 2012) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D.Kan.2000)).

We have been asking Plaintiffs to supplement their responses with appropriate answers and documents for nearly a year. As indicated above, we are nearing the end of discovery, and Plaintiffs are required to provide accurate and complete information. Please let us know when you are available for a meet and confer on these issues so that we may draft our discovery dispute should we not be able to come to a resolution. We are available on Tuesday August 27 at 3:00 p.m. Please let us know by 5:00 today whether you are available at that time. We understand that you have requested a meet-and-confer regarding Defendants' responses to Plaintiff Sonia Rodriguez's First Set of Interrogatories. We will be prepared to discuss all of these issues at the meet-and-confer.

Sincerely,

*Courtney R. Cloman*

Courtney R. Cloman
For the Firm

CRC/cc
Enclosures:    As stated

cc:    Michael E. Gottfried
       Dawn Northup
       Kelly Dudley
       Lucy Rand

2797657.1

 STRUCK WIENEKE & LOVE   [ 3100 West Ray Road, Suite 300  Chandler, Arizona 85226  480.420.1600  swlfirm.com ]

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Holsman Tetreault
OF COUNSEL

David C. Lewis
OF COUNSEL

September 26, 2012

**_VIA EMAIL ONLY_**

Scott Medsker                     Corene T. Kendrick
Caroline Mitchell                 Don Specter
JONES DAY                         PRISON LAW OFFICE
555 California Street, 26th Floor 1917 Fifth Street
San Francisco, CA 94104          Berkeley, CA 94710


David C. Fathi                    James Duff Lyall
ACLU NATIONAL PRISON              ACLU OF ARIZONA
PROJECT                           P.O. Box 17148
915 15th St. N.W., 7th Floor      Phoenix, AZ 85011
Washington, D.C. 20005

>       _Re:_    _Parsons, et al. v. Ryan and Pratt_
>                _U.S. District Court of Arizona; 2:12-cv-00601_

Dear Counsel:

    We have reviewed Plaintiff Gamez' Responses to Defendant Ryan's First Requests for Admission and Interrogatories, and this letter outlines our issues with the deficiencies in your responses.

    We presume that you no longer intend to rest on your objection that Plaintiff Chisholm will not produce confidential information in the absence of a protective order now that one has been issued in this litigation.  To the extent that your answer to any of these Requests was a denial or an inability to admit or deny on the basis of this objection, we ask that you supplement your response immediately and no later than by Monday, October 1, 2012.

    Your objections that the information in these Requests for Admission is available from other sources, including Defendants, and that discovery is ongoing, are not well taken.  Your Initial Disclosure Statement states that counsel for Plaintiffs have copies of the health care records of all the named Plaintiffs except Plaintiff Verduzco.  Counsel for Plaintiffs confirmed during the meet-and-confer that you are in possession of medical records of Plaintiffs.   Plaintiff Gamez' medical records contain sufficient information to admit these Requests.

    Moreover, answering that Plaintiff Gamez is unable to admit or deny most of these requests is not a sufficient response.  Federal Rule of Civil Procedure 36 states that an "answering party may assert lack of familiarity or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is

Jennifer Alewelt
September 26, 2012
Page 2

insufficient to enable it to admit or deny."; *see also A Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 257 (C.D. Cal. 2006) (requiring defendants to attach declaration to their supplemental responses setting forth in detail the nature of the "reasonable inquiry" they made). What inquiry have you undertaken, and how is the information available to you insufficient to answer this request? Please supplement your responses by October 1 to provide either an admission or a denial or a statement regarding what reasonable inquiry you have undertaken.

You object to some of these requests as requiring expert testimony. Rule 36 permits a party to request that another party admit "the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to facts, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Please explain why you believe these requests, which inquire into facts regarding Gamez' medical treatment, go beyond the scope of Rule 36.

Your response to Interrogatory No. 1 is wholly insufficient. This interrogatory asks for each denial of a request for admission that you provide the facts upon which your denial of that interrogatory is based, the source of those facts, and the identity of each person having knowledge of those facts. Referring Defendants to your Complaint is not even minimally responsive to this interrogatory, nor are any of your responses to the requests for admission. Please supplement your response to this interrogatory by October 1.

We appreciate your professional courtesy and ongoing cooperation in resolving these discovery issues. If we do not receive revised responses by Monday, October 1, we would like a meet-and-confer that day following the deposition of Dr. Adu Tutu.

Thank you for your anticipated cooperation.

Sincerely,

*Courtney R. Cloman*

Courtney R. Cloman
For the Firm

CRC/AO
cc:    Dawn Northup, Esq
       Michael Gottfried, Esq.
       Kellly Dudley
       2692240



STRUCK WIENEKE & LOVE          3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie O. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Holsman Tetreault
OF COUNSEL

David C. Lewis
OF COUNSEL

September 26, 2012

***VIA EMAIL ONLY***

Scott Medsker                         Corene T. Kendrick
Caroline Mitchell                     Don Specter
JONES DAY                             PRISON LAW OFFICE
555 California Street, 26th Floor      1917 Fifth Street
San Francisco, CA 94104               Berkeley, CA 94710


David C. Fathi                        James Duff Lyall
ACLU NATIONAL PRISON                  ACLU OF ARIZONA
PROJECT                               P.O. Box 17148
915 15th St. N.W., 7th Floor          Phoenix, AZ 85011
Washington, D.C. 20005

> **Re:**  ***Parsons, et al v. ADC***
> **U.S. District Court of Arizona, District of Arizona**
> **Case Number 2:12-cv-00601**

Dear Counsel:

        We received Plaintiff Maryanne Chisholm's responses dated September 4, 2012 to Defendant Ryan's Requests for Admission, Requests for Production, and Interrogatories.  We have now had time to review the responses and are writing to request supplementation of the deficient responses set forth below.

**General Objections**

        While couched as "Objections to Defendant's Instructions," in actuality your introductory sections to each set of responses state a number of General Objections.  *See Noble v. Gonzales*, 2011 WL 2118746 at *5 (E.D. Cal. 2011) ("general objections to interrogatories are improper").  Despite previously stating that Defendants should refrain from using General Objections, you also state General Objections throughout your responses.  Please at least be consistent in your position.  It is not allowed for either or good for both, but not just good for Plaintiffs.  To the extent that you are withholding responsive information based on your "Objections to Defendant's Instructions and Objections Referenced in Plaintiff's Responses," please clarify what that information is.

**Plaintiff Chisholm's Responses to Defendant Ryan's 1st RFA**

        We are confused by your statement in your General Objections that any "response to the Requests for Admissions should not be deemed an admission

Scott Medsker
Caroline Mitchell
Corene T. Kendrick
Don Specter
David C. Fathi
James Duff Lyall
September 26, 2012
Page 2

by Chisholm that Chisholm possesses any information called for in the Requests for Admissions."  Please clarify what you mean by that statement.

You state that Chisholm's responses shall not be deemed to constitute an admission that any requested information is relevant and is not a waiver of any right to object to the relevance of any information or documents disclosed in response.  If you object to the relevance of a particular request, you should specifically state so in your answer.  A General Objection in your introductory section is not sufficient to preserve such an objection.

RFA 2, 3, 4, 5, & 6: You state that "Chisholm is not in a position to admit the remainder of this request."  This response is not sufficient.  Rule 36 states that an "answering party may assert lack of familiarity or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  What inquiry have you undertaken, and how is the information available to you insufficient to answer this request?  In addition, you state that "If Chisholm did not take Tegretol . . . this was because Tegretol caused side effects that made taking Tegretol medically undesirable."  Rule 36 states that "[a] denial must fairly respond to the substance of the matter."  These requests seek an admission merely as to whether Chisholm refused to take Tegretol on specific dates; why Chisholm may have chosen not to take the medicine is beyond the scope of these requests.  Moreover, your statement that something is "medically undesirable" is more properly the subject of an expert opinion.

RFA 7, 8, 10: You state that "Chisholm was prescribed Amitriptyline on that date" and then deny the remainder of the request.  We are confused as to which part of the request you are denying.  Also, as in many of your responses, you state that an ADC document states that Chisholm was prescribed Amitriptyline.  Do you have some basis for believing that Chisholm's medical records are inaccurate as to the fact that Chisholm was prescribed that drug on that date?  Otherwise you should admit the request as written.

RFA 8: You admit that an ADC document contends Chisholm made the requested statement and deny the remainder of the request.  We are confused as to which part of the request you are denying.  Also, do you have some basis for believing that Chisholm's medical records are inaccurate as to the fact that Chisholm stated she was taking her prescription?  Otherwise you should admit the request as written.

RFA 9: You object to this request as asking Chisholm to opine on the results of a medical examination.  Rule 36 permits a party to request that another

Scott Medsker
Caroline Mitchell
Corene T. Kendrick
Don Specter
David C. Fathi
James Duff Lyall
September 26, 2012
Page 3

party admit "the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to facts, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A).  Please explain why you believe this request, which inquires into a fact regarding Chisholm's medical treatment, goes beyond the scope of Rule 36.

RFA 10: You admit that an ADC document states that a Duty/Special Needs Order was issued on that date and deny the remainder of the request. We are confused as to which part of the request you are denying.  Also, do you have some basis for believing that Chisholm's records are inaccurate as to the fact that the Order was issued?  Otherwise you should admit the request as written.

RFA 12: You admit that an ADC document states Chisholm was prescribed Prozac on that date and deny the remainder of the request.  We are confused as to which part of the request you are denying.  Also, do you have some basis for believing that Chisholm's medical records are inaccurate as to the fact that Chisholm was prescribed Prozac?  Otherwise you should admit the request as written.

RFA 13: You object to this request, which seeks an admission as to whether Chisholm requested a delay of her testing, as seeking a medical opinion more properly the subject of expert testimony.  What is the basis for your belief that this seeks a medical opinion?  You admit that an ADC document contends Chisholm requested the testing delay and deny the remainder of the request. We are confused as to which part of the request you are denying.  Also, do you have some basis for believing that Chisholm's medical records are inaccurate as to the fact that Chisholm requested a delay?  Otherwise you should admit the request as written.

RFA 14: Your response that Chisholm does not recall having an appointment is not sufficient.  Rule 36 states that an "answering party may assert lack of familiarity or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4); see also A Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 257 (C.D. Cal. 2006) (requiring defendants to attach declaration to their supplemental responses setting forth in detail the nature of the "reasonable inquiry" they made).  What inquiry have you undertaken, and how is the information available to you insufficient to answer this request?

RFA 15: You admit that an ADC document states Chisholm made the statement and deny the remainder of the request.  We are confused as to which part of the request you are denying.  Also, do you have some basis for believing

Scott Medsker
Caroline Mitchell
Corene T. Kendrick
Don Specter
David C. Fathi
James Duff Lyall
September 26, 2012
Page 4

that Chisholm's medical records are inaccurate as to the fact that Chisholm made the statement?  Otherwise you should admit the request as written.

RFA 16: You state that Chisholm is not in a position to opine on the results of a medical examination, but this request does not seek an admission as to the results of an examination.  This request merely asks for an admission of the fact that Chisholm refused dental surgery.  Your response that Chisholm is not in a position to admit this request is not sufficient under Rule 36.  What inquiry have you undertaken, and how is the information available to you insufficient to answer this request?

RFA 17: This request seeks an admission as to the fact that Chisholm's cardiac tests were negative, which is permissible under Rule 36.  However, your response that Chisholm is not in a position to admit this request is not sufficient under Rule 36.  What inquiry have you undertaken, and how is the information available to you insufficient to answer this request?

RFA 18: Your response that Chisholm is unable to confirm or deny the remainder of this request is insufficient.  What inquiry have you undertaken prior to answering this request, and how is the information available to you insufficient to answer this request?

RFA 19: We are confused by your objection that this request seeks a medical opinion more properly the subject of expert testimony.  This request merely seeks an admission as to the fact that ADC ordered a pulmonary consultation for Chisholm.  In addition, your response is insufficient under Rule 36.  Before stating that you are not in a position to admit this request, what inquiry have you undertaken, and how is the information available to you insufficient to answer this request?

RFA 20 & 21: Again, your answers are insufficient.  Before stating that you are not in a position to admit this request, what inquiry have you undertaken, and how is the information available to you insufficient to answer this request?

RFA 22: Your statement that "many of the appointments scheduled were 'sham' appointments" is not a proper objection.

RFA 23: Your statement that "the scheduled mental health 'evaluation[s] and/or follow up[s]' did not result in the provision of any effective care" is not a proper objection.  You admit that an ADC document states Chisholm received an evaluation and/or follow up but then deny the remainder of the request.  We are confused as to which part of the request you are denying.  Also, do you have some basis for believing that Chisholm's medical records are inaccurate as to the

Scott Medsker
Caroline Mitchell
Corene T. Kendrick
Don Specter
David C. Fathi
James Duff Lyall
September 26, 2012
Page 5

fact that she received an evaluation and/or follow up?  Otherwise you should admit the request as written.

ROG 24: Your answer to this interrogatory is wholly insufficient.  This interrogatory asks for each denial of a request for admission that you provide the facts upon which your denial of that interrogatory is based, the source of those facts, and the identity of each person having knowledge of those facts.  Referring Defendants to your Complaint is not even minimally responsive to this interrogatory, nor are any of your responses to the requests for admission.

ROG 25: On what do you base your objection that this interrogatory seeks information protected by the attorney-client privilege, work product doctrine, or other privilege?  Apart from your conclusory statement that Chisholm reasonably investigated the facts and information within her possession or control, what inquiry have you undertaken?  See Fed. R. Civ. P. 36(a)(4); *see also A Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 257 (C.D. Cal. 2006) (requiring defendants to attach declaration to their supplemental responses setting forth in detail the nature of the "reasonable inquiry" they made).

**Plaintiff Chisholm's Responses to Defendant Ryan's 1st ROG**

Defendant's Instruction K: Federal Rule of Civil Procedure 26(b)(5)(A)(ii) requires a party who withholds information by claiming that the information is privileged or subject to protection as trial preparation material to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in manner . . . that will enable other parties to assess the claim." Defendant's Instruction K was designed to elicit sufficient information to assess any claim that information sought is subject to privilege or work-product protection.  Plaintiff's objections and responses to Defendant's interrogatories asserting claims of privilege and/or work product protection do not provide sufficient information to comply with Plaintiff's obligations under Rule 26.

ROG 1: Your response does not address whether any witness you have disclosed or may call at trial has been the subject of any court action.  Please supplement your response to include this information.

ROG 2 & 3: Directing us to your Complaint is not an adequate response to these interrogatories, which seek every specific instance where Plaintiff or any witness Plaintiff has disclosed or may call for trial experienced "significant delays and interruptions in medication delivery" and "psychiatric care and follow-up." Your Complaint alleges that Plaintiff has experienced "significant delays and interruptions in medical delivery and psychiatric care and follow-up."  You must have had a good faith basis for making this assertion, and Defendants may seek

Scott Medsker
Caroline Mitchell
Corene T. Kendrick
Don Specter
David C. Fathi
James Duff Lyall
September 26, 2012
Page 6

information regarding the specific incidents you relied upon in making this determination. It is therefore not an adequate response to state that requesting such information is premature or that discovery is ongoing. Simply referring to Plaintiffs' Complaint, Defendants' own records, and other publicly available sources of information is not responsive to our request that Plaintiff identify every specific instance of the alleged conduct and describe with specificity the injuries sustained as a result of that conduct. *See Am. Rockwool, Inc. v. Owens-Corning Fiberglass Corp.*, 109 F.R.D. 263, 266 (E.D.N.C. 1985) (referring to a mass of undifferentiated documents is not a suitable response to a legitimate discovery request).

ROG 4: Simply restating the facts alleged in your Complaint is not a sufficient response to this interrogatory, which asks you to describe with specificity the mental health condition alleged to have been impacted by Defendants' conduct and the injury sustained as a result.

ROG 5: Contention interrogatories are permissible under Rule 33(c) and consistent with Rule 11's requirement that Plaintiffs have a factual basis for the allegations in their Complaint. As noted above, referring to Plaintiffs' Complaint, Defendants' own records, and other publicly available sources of information is not responsive to our request that you identify every specific instance of conduct you allege violated the Eighth Amendment and describe how these violations caused Plaintiffs' injuries. *See Am. Rockwool, Inc. v. Owens-Corning Fiberglass Corp.*, 109 F.R.D. 263, 266 (E.D.N.C. 1985) (referring to a mass of undifferentiated documents is not a suitable response to a legitimate discovery request).

ROG 8: Directing Defendants to your Complaint and publicly available sources of information is not responsive to our request that you identify all providers with whom Plaintiff, any witnesses you intend to call at trial, or potential class members have treated. Moreover, as noted above, referring to Defendants' own records is not sufficient. *See Am. Rockwool, Inc. v. Owens-Corning Fiberglass Corp.*, 109 F.R.D. 263, 266 (E.D.N.C. 1985) (referring to a mass of undifferentiated documents is not a suitable response to a legitimate discovery request).

ROG 9-12: Referring to your response to interrogatory number 4 is insufficient. These interrogatories seek details regarding the "aggressive room searches" you claim adversely impacted your health. Please supplement your response with dates, a description of the searches, and any witnesses to the searches.

Scott Medsker
Caroline Mitchell
Corene T. Kendrick
Don Specter
David C. Fathi
James Duff Lyall
September 26, 2012
Page 7

### Plaintiff Chisholm's Responses to Defendant Ryan's 1st RFP

Defendants' Instructions:    "Incident" as used in these requests for production should be interpreted to mean any alleged violation of the Plaintiffs' Constitutional rights.

RFP 4: You state that Chisholm will produce responsive, non-privileged documents in her possession, but you have not provided any.    Please supplement.  To the extent that you are withholding documents on the basis that they are privileged or subject to protection as trial-preparation material, pursuant to Rule 26(b)(5)(A)(ii) please provide a description of the nature of those documents in manner that will enable us to assess the claim.

RFP 5: You state that you will not produce documents until there is a protective order that limits their disclosure.    Please provide responsive documents within 14 days of a signed Protective Order.  To the extent that you are withholding documents on the basis that they are privileged or subject to protection as trial-preparation material, pursuant to Rule 26(b)(5)(A)(ii) please provide a description of the nature of those documents in manner that will enable us to assess the claim.

RFP 6-7: To the extent that you are withholding documents on the basis that they are privileged or subject to protection as trial-preparation material, pursuant to Rule 26(b)(5)(A)(ii) please provide a description of the nature of those documents in manner that will enable us to assess the claim.

RFP 8: To the extent you have withheld documents responsive to this request until a Protective Order is in place, please provide responsive documents within 14 days of a signed Protective Order.

RFP 9: Please inform us as to how you believe this request is garbled or difficult to follow, and we will be happy to clarify it for you.  Directing us to your response to Request no. 5 is not a sufficient response to this request, which seeks records from medical providers with whom Plaintiffs treated prior to incarceration.  Please supplement your response within 14 days of this letter.  To the extent you withhold responsive documents on the basis that a Protective Order is not in place, please provide those documents within 14 days of a signed Protective Order.

RFP 10: As noted above, the term "incident" is intended to mean any alleged violation of the Plaintiffs' Constitutional rights.  Your response appears to pertain only to documents drafted by Plaintiffs' attorneys, but this Request also seeks documents drafted by Plaintiffs.  Please supplement your response to

Scott Medsker
Caroline Mitchell
Corene T. Kendrick
Don Specter
David C. Fathi
James Duff Lyall
September 26, 2012
Page 8

provide responsive documents drafted by Plaintiffs.  For any documents you are withholding awaiting a Protective Order, we ask that you provide those documents within 14 days of a Protective Order being in place.  To the extent that you are withholding any documents on the basis that they are privileged or subject to protection as trial-preparation material, pursuant to Rule 26(b)(5)(A)(ii) please provide a description of the nature of those documents in manner that will enable us to assess the claim.

RFP 11: Directing Defendants to your responses to Requests nos. 5, 6, and 10 is not a sufficient response to this Request.  This Request seeks documents Plaintiffs received from ADC or any State of Arizona employee; Request no. 10 seeks documents drafted by Plaintiffs.  This Request is more broad than Request nos. 5 and 6.  We ask that you supplement your response.

RFP 13: To the extent you have withheld documents responsive to this request until there is a Protective Order in place, please provide responsive documents within 14 days of a signed Protective Order.

RFP 14: To the extent that you are withholding documents on the basis that they are privileged or subject to protection as trial-preparation material, pursuant to Rule 26(b)(5)(A)(ii) please provide a description of the nature of those documents in manner that will enable us to assess the claim.

RFP 20: You filed a class action Complaint asserting that the named Plaintiffs' claims relating to conditions of confinement are common, typical, and representative of the conditions of confinement experienced by any other plaintiff. You must have had a good faith basis for making this assertion, and Defendants may seek information and documents regarding the specific incidents you relied upon in making this determination.  It is therefore not an adequate response to state that requesting such information is premature or that discovery is ongoing.

RFP 21-23: You filed a class action Complaint asserting that the provision of medical, dental, and mental health care experienced by the named Plaintiffs is common, typical, or representative of the care experienced by any other plaintiff. You must have had a good faith basis for making this assertion, and Defendants may seek information and documents regarding the specific incidents you relied upon in making this determination.  It is therefore not an adequate response to state that requesting such information is premature or that discovery is ongoing.

RFP 24: Your Complaint alleges that ADC employed an insufficient number of staff to provide medical, dental, and mental health services to inmates. You must have had a good faith basis for making this assertion, and Defendants may seek information regarding the specific incidents you relied upon in making

Scott Medsker
Caroline Mitchell
Corene T. Kendrick
Don Specter
David C. Fathi
James Duff Lyall
September 26, 2012
Page 9

this determination.  It is therefore not an adequate response to state that requesting such information is premature or that discovery is ongoing.

RFP 25: Your Complaint alleges that ADC failed to provide medication and medical devices to inmates.  You must have had a good faith basis for making this assertion, and Defendants may seek information regarding the specific incidents you relied upon in making this determination.  It is therefore not an adequate response to state that requesting such information is premature or that discovery is ongoing.

Please supplement these responses by Monday, October 1, 2012.  If we do not receive them by noon, we will like to schedule a meet-and-confer following the deposition of Dr. Adu Tutu on October 1, 2012.

Sincerely,

Courtney R. Cloman
For the Firm

TBJ/AO/CRC
2692351
cc:    Dawn Northup, Esq.
       Michael Gottfried, Esq.
       Kelly Dudley



STRUCK WIENEKE & LOVE    [ 3100 West Ray Road, Suite 300  Chandler, Arizona 85226  480.420.1600  swlfirm.com ]

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Halsman Tetreault
OF COUNSEL

David C. Lewis
OF COUNSEL

October 3, 2012

**VIA EMAIL ONLY**

To: All Counsel of Record

        Re:     Parsons, et al. v. Ryan and Pratt
                  U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

On September 14, 2012, Defendants sent you a letter regarding the deficiencies in Plaintiff Parsons' Responses to Defendant Charles Ryan's First Request for Production of Documents.  In that letter, we requested you provide supplemental documents.  You have failed to do so.

On September 26, 2012, Defendants sent you a letter regarding the deficiencies in Plaintiff Gamez's Responses to Defendant Ryan's First Requests for Admission and Interrogatories.  In that letter, we requested you provide amended responses by October 1, 2012.  You have failed to do so.

On September 26, 2012, Defendants sent you a letter regarding the deficiencies in Maryanne Chisholm's responses to Defendant Ryan's Requests for Admission, Requests for Production and Interrogatories.  In that letter we requested you provide amended responses to all of these deficient discovery responses by October 1, 2012.  You have failed to do so.

More specifically, you have failed to provide releases for medical records of Plaintiffs from providers other that ADC.  If you continue to fail to do so, you will need to obtain the records yourselves.  As we have informed you repeatedly, we cannot obtain medical records from outside providers without a release.  *See* September 5, 2012 letter from Tim Bojanowski to Caroline Mitchell.

Defendants therefore request a meet and confer be held after any deposition which is set for this week.  Due to your complete disregard of each of the above letters, Defendants anticipate that a meet and confer will be merely procedural.  In preparation, Defendants have attached for your review our portion of the one pager to be submitted to the Court after the parties have met and conferred on the issue.

All Counsel of Record
October 3, 2012
Page 2

Sincerely,

*Ashlee B. Fletcher*

Ashlee B. Fletcher
For the Firm

ABF/slw
2694897.1
cc:     Dawn Northup, Esq.
        Kelly Dudley

All Counsel of Record
October 3, 2012
Page 3


**Counsel of Record:**

**PERKINS COIE, LLP**
Daniel Clayton Barr:             DBarr@perkinscoie.com
James Anthony Ahlers:            jahlers@perkinscoie.com
Jill Louise Ripke:               jripke@perkinscoie.com
John Howard Gray:                jhgray@perkinscoie.com
Kirstin T. Eidenbach:            keidenbach@perkinscoie.com
Matthew Benjamin du Mee:         mdumee@perkinscoie.com
Thomas Dean Ryerson:            tryerson@perkinscoie.com

**JONES DAY**
Caroline N. Mitchell:            cnmitchell@jonesday.com
Sophia Calderon:                 scalderon@jonesday.com
Sarah Rauh:                      srauh@jonesday.com
David C. Kiernan:                dkiernan@jonesday.com
R. Scott Medsker:                rsmedsker@JonesDay.com
John Laurens Wilkes:             jlwilkes@JonesDay.com
Kamilla Mamedova:                kmamedova@jonesday.com
Jennifer K. Messina:             jkmessina@jonesday.com

**Prison Law Office**
Donald Specter:                  dspecter@prisonlaw.com
Alison Hardy:                    ahardy@prisonlaw.com
Corene Kendrick:                 ckendrick@prisonlaw.com
Sara Norman:                     snorman@prisonlaw.com

**ACLU National Prison Project**
David C. Fathi:                  dfathi@npp-aclu.org
Amy Fettig:                      afettig@npp-aclu.org

**ACLU Foundation of Arizona**
Daniel J. Pochoda:               dpochoda@acluaz.org
Kelly J. Flood:                  kflood@acluaz.org
James Duff Lyall:                jlyall@acluaz.org

**ACDL**
Jennifer Alewelt:                jalewelt@azdisabilitylaw.org
Asim Varma:                      avarma@azdisabilitylaw.org
Sarah Kader:                     skader@azdisabilitylaw.org

**Office of the Attorney General**
Michael E. Gottfried:            Michael.gottfried@azag.gov

**Disputed Issue:**

Whether Plaintiffs have complied with their discovery obligations.

**Plaintiffs' Position:**


**Defendants' Position:**

On September 14, 2012, Defendants sent Plaintiffs a detailed letter outlining the deficiencies of Plaintiff Parsons' Responses to Defendant Charles Ryan's First Request for Production of Documents and requesting the production of responsive documents. Plaintiffs did not respond to the letter or provide additional documents. On September 26, 2012, Defendants sent Plaintiffs a letter regarding the deficiencies in Plaintiff Gamez's Responses to Defendant Ryan's First Requests for Admission and Interrogatories and requested that Plaintiffs provide revised responses by October 1, 2012. Again, Plaintiffs failed to respond to the letter or provide a supplemented response. On that same day, Defendants sent Plaintiffs a detailed letter outlining the deficiencies in Maryanne Chisholm's responses to Defendant Ryan's Requests for Admission, Requests for Production, and Interrogatories and requested revised responses to all of these deficient discovery requests by October 1, 2012. Plaintiffs did not revise their responses. On September 25 and 26, Defendants sent Plaintiff ACDL letters outlining the deficiencies in ACDL's Responses to Defendant Ryan's First and Second Requests for Production of Documents and requesting supplementation. ACDL did not respond to the letters or provide supplemented responses. To this date, ACDL has not produced a single document to Defendant Ryan's Second Request for Production of Documents. Defendants respectfully ask this Court to compel Plaintiffs to comply with their discovery obligations.

CERTIFICATION OF ATTEMPT TO RESOLVE THE DISCOVERY DISPUTE

The parties certify that we have made sincere efforts as required by L.R.Civ. 7.2(j) to personally consult and resolve the disputed matter described herein.  The parties have reached an impasse.


_____/s/_____

Donald Specter
Attorney for Prisoner Plaintiffs


_____/s/_____

Jennifer Alewelt

Attorney for Plaintiff Arizona Center for Disability Law


_____/s/ Courtney R. Cloman_____

Courtney R. Cloman
Attorney for Defendants

 STRUCK WIENEKE & LOVE    3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com

October 22, 2012

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie O. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Halaman Tetreault
OF COUNSEL

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

       Re:     Parsons, et al. v. Ryan and Pratt
               U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

      During the meet-and-confer on October 5, 2012, you promised to review your supplemental discovery responses and to provide further supplementation by October 15, 2012. Specifically, we asked you to answer contention interrogatories with more than mere references to your Complaint, unspecified records you assert are in Defendants' possession, and publicly available sources of information. Apparently in answering Defendant Charles Ryan's Requests for Admission to Plaintiff Gamez, you believed that you were not in possession of updated medical records. We clarified that you were in possession of all Plaintiffs' medical records through April 2012 and stated that your failure to admit Requests for Admission regarding Plaintiff Gamez's medical treatment when the medical records Defendants produced to you include the facts necessary to make unqualified admissions was improper. In addition, we reiterated our request that you produce a privilege log.

      To date, we have not received supplemental responses addressing these concerns or a privilege log. We have already met and conferred on this issue and believe that it is ripe for the Court's consideration. Please provide your position for the attached discovery dispute statement by close of business on Wednesday, October 24, 2012.

      Sincerely,

      *Anne M. Orcutt*

      Anne M. Orcutt
      For the Firm

AMO/slw
2700798.1



STRUCK WIENEKE & LOVE    3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com

October 26, 2012

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Holsman Tetreault
OF COUNSEL

Daniel C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

        Re:     Parsons, et al. v. Ryan and Pratt
               U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

      We are in receipt of Plaintiff Gamez's first and second supplemental responses to Defendant Charles Ryan's Requests for Admission and Interrogatories, as well as James Lyall's October 4, 2012 letter regarding Plaintiff Gamez's first supplemental responses.

      We appreciate that you have supplemented Plaintiff Gamez's discovery responses; however, your responses have not addressed all of our concerns.

      In response to Request No. 11, Plaintiff Gamez objects to the request as incomplete and one-sided.  However, the request was taken from a Continuous Progress Record wherein Gamez reported no current mental health issues.  *See* ADC000607.

      In response to Request No. 20, Plaintiff Gamez states that he never requested to discontinue depression medication.  However, on January 31, 2004, Gamez submitted an HNR to "discontinue my depression pills."  *See* ADC000579.

      In response to Request No. 157, Plaintiff Gamez denies mimicking wheezing sounds during a lung assessment, but a Continuous Progress Record dated June 26, 2011 states that the provider observed that Gamez was trying to mimic a wheezing sound when examined.  *See* ADC001098.

      In response to Request No. 168, Plaintiff Gamez denies that he admitted he was in the mental health unit to "get what he wanted" on November 8, 2011. However, a Continuous Progress Rrecord dated November 8, 2011 shows that Gamez stated, "if this is how I gotta get what I want."  *See* ADC001082.

      In response to Request No. 186, Plaintiff Gamez denies being prescribed Paxil, Cogentin, and Risperdal on February 3, 2012, but a Continuous Progress

Counsel of Record
October 26, 2012
Page 2

Record dated February 3, 2012 shows a prescription for these meds.   *See*
ADC001225.

We ask that for each of the above requests you admit the request on the
basis of the relevant medical record.  If you do not admit the above requests, it is
your obligation in responding to Interrogatory No. 1 to state "every fact,
contention, or opinion" upon which your continued denial or qualification is
based.

Please provide an additional supplement correcting these deficiencies by
October 29, 2012, or provide Plaintiffs' position statement for the discovery
dispute one-pager regarding Plaintiffs' deficient discovery responses so that we
may submit the issue to the Court for resolution.

Sincerely,

Anne M. Orcutt
For the Firm


AMO/slw
2695655.1

cc:    Michael E. Gottfried
       Dawn Northup
       Katherine Watanabe
       Kelly Dudley



STRUCK WIENEKE & LOVE    3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600  swlfirm.com

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie O. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Halsman Tereault
OF COUNSEL

David C. Lewis
OF COUNSEL

October 29, 2012

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

Re:    Parsons, et al. v. Ryan and Pratt
          U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

We write regarding Plaintiff Chisholm's supplemental responses to Defendant Ryan's First Set of Interrogatories dated October 4, 2012. We appreciate that you have supplemented Plaintiff Chisholm's discovery responses; however, your responses have not addressed all of our concerns. We discussed this issue at our meet-and-confer on October 5, 2012, and you promised to provide an additional supplemental response by October 15, 2012, but you have not done so.

Plaintiff Chisholm's responses to Defendant Ryan's Interrogatories 2, 3, 4, and 5 remain insufficient. In response to these contention interrogatories, you direct us to your Complaint, Defendants' own records, and other publicly-available sources of information. As we explained in previous correspondence, contention interrogatories are permissible under Rule 33(c) and consistent with Rule 11's requirement that Plaintiffs have a factual basis for the allegations in their Complaint. You must have had a good faith basis for making the assertions contained in your Complaint, and Defendants may seek information regarding the specific incidents you relied upon in making this determination. It is therefore not an adequate response to state that requesting such information is premature or that discovery is ongoing.

For example, referring to Plaintiffs' Complaint, Defendants' own records, and other publicly available sources of information is not responsive to our request in Interrogatory No. 5 that you identify every specific instance of conduct you allege violated the Eighth Amendment and describe how these violations caused your injuries. *See Am. Rockwool, Inc. v. Owens-Corning Fiberglass Corp.*, 109 F.R.D. 263, 266 (E.D.N.C. 1985) (referring to a mass of undifferentiated documents is not a suitable response to a legitimate discovery request). And while your response to Interrogatory No. 4 appears at first glance to contain additional facts, in actuality it is merely a restatement of the facts contained in your Complaint.

Counsel of Record
October 29, 2012
Page 2

Please provide Plaintiffs' position statement for the attached discovery dispute one-pager regarding Plaintiffs' deficient discovery responses by October 31, 2012 so that we may submit the issue to the Court for resolution.

Sincerely,

Anne M. Orcutt
For the Firm

AMO/slw
Attachment
2695672.1

cc:   Michael E. Gottfried
      Dawn Northup
      Katherine Watanabe
      Kelly Dudley



STRUCK WIENEKE & LOVE   [ 3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com ]

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Holsman Tetreault
OF COUNSEL

Daniel C. Lewis
OF COUNSEL

November 7, 2012

**<u>VIA EMAIL ONLY</u>**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

        Re:    Parsons, et al. v. Ryan and Pratt
                   U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

        This letter is a follow-up to our discussion during yesterday's meet-and-confer regarding Defendants' contention interrogatories.

        As we explained during the meet-and-confer and in correspondence dated November 1, your Complaint contains many anecdotal contentions regarding the provision of health care and conditions of confinement in ADC facilities that are not linked to any specific inmate, alleged against any specific ADC staff, or attributed to any specific dates.  The Complaint also contains a number of quotes that are not attributed to a specific individual.

        For example, in paragraph 52 of the Complaint, you include a number of quotations from "an ADC doctor at the Florence prison" without identifying the doctor.  In paragraph 59, you refer to an inmate who "was found dead after 'vomiting up his insides,' according to witnesses," but you do not identify the inmate, the date, or the witnesses.  In that same paragraph, you include a quote from a doctor who allegedly joked, "I wouldn't go to Vegas with you," without identifying the doctor.  In paragraph 89, you allege that an unidentified inmate was told by an unidentified mental health provider that "If you weren't on this hunger strike, you wouldn't have to live in the feces cell."

        We propounded contention interrogatories seeking the factual basis of these types of allegations so that we may adequately prepare our defense.  At a minimum, we seek the identity of any inmates and ADC staff referred to in the Complaint, the source of the quotes in the Complaint, the dates of the incidents alleged in the Complaint, the identity of any known witnesses to incidents alleged in the Complaint, any known injuries or harm resulting from incidents alleged in the Complaint, any documents relating to incidents alleged in the Complaint and the factual basis of the allegations in the Complaint.  Providing such information should not be burdensome to Plaintiffs because you presumably must have had this information when drafting these allegations.

Counsel of Record
November 7, 2012
Page 2


        During the meet-and-confer, you indicated that you expected to
supplement your responses to Defendants' interrogatories by November 9, 2012.
Please confirm that it remains your intention to do so.


                                Sincerely,

                                Anne M. Orcutt
                                For the Firm


AMO/ab
2076194.1

cc:    Michael E. Gottfried
       Dawn Northup
       Katherine Watanabe
       Kelly Dudley



## STRUCK WIENEKE & LOVE

3100 West Ray Road, Suite 300   Chandler, Arizona 85226   **480.420.1600**   swlfirm.com

February 20, 2013

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

        Re:    Parsons, et al. v. Ryan and Pratt
                U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

We write seeking supplementation of Plaintiff Chisholm's supplemental responses to Defendants' First Request for Production of Documents and Things.

In response to Request no. 6, which asks for documents supporting the allegations in your Complaint, you list medical records of 220 inmates who are not parties to this litigation. However, you do not specify which medical records of these inmates you contend support your allegations. These records amount to many thousands, if not hundreds of thousands, of pages. Judge Wake was clear at the discovery management conference that it is Plaintiffs' burden to provide information and documents supporting your factual allegations. We therefore ask that you supplement your response to identify with specificity - and produce - the portions of these records you contend support the allegations in your Complaint.

In response to Request no. 8, you refer Defendants to "documents obtained from ADC through Public Records Act requests which should already be in the possession, custody or control of Defendants or their attorneys." In light of the enormous volume of Public Records Act requests Defendants receive each year, maintaining records and copies of all the information produced is simply not feasible. We ask that you identify any documents you have not previously produced to Defendants through discovery that are responsive to this request.

In response to Request nos. 16, 17, and 18, which seek documents relating to your allegations that Plaintiffs received substandard medical, mental health, or dental care, you direct Defendants to your responses to Request nos. 5, 6, and 10. However, as noted above, your response to Request no. 6 directs us to a mass of undifferentiated records pertaining to hundreds of non-Plaintiffs. Your response to Request no. 10 references correspondence listing inmates with general medical complaints but providing no specifics as to the care alleged to

Addressee
February 20, 2013
Page 2


have been substandard.   Your response to Request no. 5 references a
hodgepodge of various correspondence regarding non-Plaintiffs, death
investigations, and miscellaneous hospital records.  We ask that you supplement
your responses to these requests to identify which specific documents and
medical records you contend support your claims that Plaintiffs received
substandard medical, dental, or mental health care.

        We ask that you provide supplemental responses addressing these
concerns no later than March 1.

                                        Sincerely,

                                        Anne M. Orcutt
                                        For the Firm


        AMO/ab
        2730856.1

        cc:    Michael E. Gottfried
               Dawn Northup
               Ashley Zuerlein
               Kelly Dudley



STRUCK WIENEKE & LOVE                    3100 West Ray Road, Suite 300  Chandler, Arizona 85226   480.420.1600  swlfirm.com

March 4, 2013

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

        Re:      Parsons, et al. v. Ryan and Pratt
                 U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

      This letter responds to J. Laurens Wilkes' March 1 letter regarding Plaintiff Chisholm's supplemental responses to Defendants' First Request for Production of Documents and Things.

      Contrary to your suggestion that Plaintiffs "undertook the extreme burden of organizing, labeling, and identifying" documents, in response to Request no. 6, you merely list the medical records of 220 inmates as supporting the allegations in the Complaint without identifying or producing any particular portions of those records.

      You reference Kirsten Eidenbach's November 13, 2012 letter as having separately identified the documents referenced in Plaintiff's Complaint.  That letter states that, "we have identified all unnamed prisoners or medical staff who we quote or refer to in the complaint, and we are providing all non-privileged documents in our possession that support these allegations."  Please confirm that the documents listed in Kirsten's letter are the only documents in your possession supporting the allegations of unnamed Plaintiffs.  That letter further states that Plaintiffs "consider this letter going paragraph by paragraph through the complaint as completely responsive to the Interrogatories requesting Plaintiffs to identify 'each and every' incident, harm, deprivation, etc."  Please confirm that Kirsten's letter outlines every incident, harm, or deprivation alleged by Plaintiffs.

      As we have previously noted, simply referring to "documents obtained from ADC through Public Records Act requests," without identifying which specific documents you believe are responsive, is not a sufficient response. Please supplement your response to identify the specific documents on which you rely to support your allegations.  Once we know which documents are at issue, we will be able to determine whether we need to inspect and/or copy them.

Counsel of Record
March 4, 2013
Page 2

As Judge Wake told you at the November 30 hearing, Plaintiffs are required to advise Defendants not only what your claims are, but what specific documents support those claims.   Simply pointing us to the haystacks of documents that Defendants have produced and asking us to find the needle is not sufficient.

We look forward to your prompt response.

Sincerely,

Anne M. Orcutt
For the Firm

AMO/slw
2735452.1

cc:     J. Laurens Wilkes
        Michael E. Gottfried
        Dawn Northup
        Katherine Watanabe
        Kelly Dudley



STRUCK WIENEKE & LOVE    3100 West Ray Road, Suite 300  Chandler, Arizona 85226  **480.420.1600**  swlfirm.com

April 10, 2013

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

> Re:   Parsons, et al. v. Ryan and Pratt
>       U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

We have reviewed Plaintiff Gamez's Amended First Supplemental Response to Defendant Charles Ryan's First Set of Interrogatories. We are puzzled by your response to Interrogatory no. 4 that "¶ 14 of the Complaint contains allegations regarding Plaintiff Victor Parsons." That paragraph refers solely to Plaintiff Gamez and contains no allegations relating to Victor Parsons.

In addition, your responses to many of these interrogatories direct Defendants to the medical records of Plaintiff Gamez, without any indication as to which records you consider to be responsive to a particular request. Defendants are entitled to know which specific records you contend support your claims and not required to search through masses of documents to guess which portions you intend to rely upon.

Moreover, Plaintiffs' medical records and other documents produced by Defendants are not responsive to interrogatories such as Interrogatory no. 4, which asks Plaintiff Gamez to identify the care or response he alleges was required in response to each allegation in paragraph 14 of Plaintiffs' Complaint.

Please supplement your response to remove the reference to Victor Parsons, indicate which specific portions of the many thousands of pages of medical records and other documents produced by Defendants that you contend are responsive to each request, and provide substantive answers to the

All Counsel of Record
April 10, 2013
Page 2

interrogatories seeking information regarding what care or response Plaintiff
Gamez alleges he should have received.

Sincerely,

Anne M. Orcutt
For the Firm

AO/ab
2745545.1

cc:   Michael E. Gottfried
      Dawn Northup
      Katherine Watanabe
      Kelly Dudley



STRUCK WIENEKE & LOVE

3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600  swlfirm.com

April 10, 2013

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

David C. Lewis
OF COUNSEL

**<u>VIA EMAIL ONLY</u>**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

     Re:   Parsons, et al. v. Ryan and Pratt
         U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

   We write regarding a number of discovery responses for which you have not provided responsive information.

   In your responses to the twelve sets of Requests for Production propounded by Defendants on October 11, 2012 containing 244 requests for production, Plaintiffs have not produced a single document.  Your failure to produce responsive documents seriously prejudices Defendants' ability to defend this case.

   For example, many of these requests for production seek documents related to specific allegations contained in Plaintiffs' Complaint.  RFP No. 1 to Plaintiff Hefner asks for "documents supporting or relating to your claim that you should have been provided a special medical diet, but your requests for a special diet have been denied."  RFP No. 21 to Plaintiff Brislan requests "documents which support your contention that 'Conditions of isolation are designed to minimize human contact and environmental stimulation' as referenced at ¶ 93 of the Complaint."  RFP No. 12 to Plaintiff Polson seeks "all documents supporting or relating to your claim as alleged in your Complaint that ADC failed to adequately manage the prescription and/or delivery of your medications."

All Counsel of Record
April 10, 2013
Page 2

Other requests for production seek documents supporting Plaintiffs'
contention that they personally have suffered injury or harm as a result of their
housing environment or other conditions of confinement. (RFP No. 14 to Plaintiff
Verduzco, RFP No. 17 to Plaintiff Brislan, RFP No. 18 to Plaintiff Polson, RFP
No. 12 to Plaintiff Thomas, RFP No. 17 to Plaintiff Swartz, RFP No. 19 to
Plaintiff Gamez, RFP No. 15 to Plaintiff Smith, and RFP No. 14 to Plaintiff
Rodriguez). Similarly, RFPs seek documents regarding Plaintiffs' claims that
they have received inadequate physical exercise (RFP No. 2 to Plaintiff Gamez
and No. 1 to Plaintiff Verduzco) and inadequate nutrition (RFP No. 2 to Plaintiff
Smith).

Request no. 8 to Plaintiff Jensen requests "any and all documents and
communications, including but not limited to emails and letters, you have had
with any entity, organization, Middle Ground, person, including attorneys
(excluding counsel for this matter), media, family members, friends, other
inmates, or any other person regarding the allegations in the Complaint, this case,
or its underlying facts." In response, Plaintiff Jensen states that "he will produce
responsive documents to the extent they have not already been produced in this
litigation." While Plaintiffs have produced some documents from Middle Ground
and emails from Rhonda Jensen to ADC in response to Defendants' Request for
Production no. 4 to Chisholm, there are a number of other responsive documents
that have not been produced in response to either RFP. At a minimum, we expect
Plaintiffs to produce the letters and memoranda Plaintiff Jensen sent to and
received from his wife.

In addition to the above noted deficiencies, Request no. 14 to Victor
Parsons seeks all medical records of "Plaintiffs, Class Representative – and all
current or former inmates you have disclosed pursuant to Fed. R. Civ. P. 26 or
may seek to call at trial - since January 1, 2010." This request covers Victor
Parsons' post-release medical and mental health records. Please produce such
records if any exist or confirm that Victor Parsons has not sought medical or
mental health treatment since his release from ADC.

Moreover, we note that Plaintiffs have not supplemented their responses
and objections to Defendants' First Requests for Production to Parsons and
Chisholm since before the Court's Order granting class certification. Throughout
your responses to these two sets of discovery, you rely on the "Absent Class
Member Objection" and refuse to produce responsive information regarding
putative class members. Now that a class has been certified, we ask that you
supplement your responses to produce responsive information and documents
regarding class members you have disclosed or may rely on to support Plaintiffs'
claims.

All Counsel of Record
April 10, 2013
Page 3


        Judge Wake made it clear during the discovery management conference that Defendants are entitled to documents and information supporting Plaintiffs' claims.   Accordingly, please provide supplemental responses <u>and</u> responsive documents no later than **April 17, 2013**.


        Sincerely,

        Anne M. Orcutt
        For the Firm


AMO/ab
2743433.1

cc:    Michael E. Gottfried
       Dawn Northup
       Ashley Zuerlein
       Lucy Rand
       Kelly Dudley



STRUCK WIENEKE & LOVE

3100 West Ray Road, Suite 300  Chandler, Arizona 85226  480.420.1600  swlfirm.com

July 8, 2013

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

Re:     Parsons, et al. v. Ryan and Pratt
        U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

        We write regarding your failure to provide substantive responses to Defendants' Interrogatories seeking information regarding witnesses identified in Plaintiffs' Disclosure Statement.

        Specifically, we asked, "For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter." *See* Defendants' Interrogatory no. 19 to Plaintiff Brislan; Defendants' Interrogatory no. 14 to Plaintiff Chisholm; Defendants' Interrogatory no. 11 to Plaintiff Jensen; Defendants' Interrogatory no. 4 to Plaintiff Rodriguez; Defendants' Interrogatory no. 4 to Plaintiff Swartz; Defendants' Interrogatory no. 4 to Plaintiff Thomas; Defendants' Interrogatory no. 4 to Plaintiff Verduzco; Defendants' Interrogatory no. 4 to Plaintiff Wells.

        Plaintiffs responded by asserting the "Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection."   Plaintiffs also objected to this request as "premature and overly burdensome."   These objections are unfounded.  Plaintiffs have a duty – not just a "right" as asserted by Plaintiffs in their responses - to timely supplement their Disclosure Statement and discovery responses, but have failed to do so.   The "Absent Class Member Objection" is not appropriate because Defendants seek information regarding all of Plaintiffs' witnesses, not merely absent class members.  Defendants are confused as to how the "Privilege Log Objection" applies to this Interrogatory, as the substance of a witness's anticipated testimony is not privileged, nor are the facts they possess that are relevant to this matter. While Plaintiffs are not required to produce their experts' 26(a)(2)(B) reports until

Counsel of Record
July 8, 2013
Page 2

the deadline imposed by the Court's scheduling order, Defendants' interrogatories do not seek the production of expert reports. Moreover, Plaintiffs' experts represent only a small fraction of the witnesses Plaintiffs have indicated that they may call at trial. Defendants are entitled to discover the substance of the anticipated testimony of Plaintiffs' witnesses and the facts they possess that are relevant to this matter. This request is not premature, as fact discovery is nearly complete.

Please let us know by **July 12, 2013** whether you intend to provide substantive responses to the interrogatories listed above. If you do not intend to supplement with substantive responses, we request a meet-and-confer so that we may raise this issue with the Court for resolution.

Sincerely,

Anne M. Orcutt
For the Firm

AMO/ab
2775832.1

cc:    Michael E. Gottfried
        Dawn Northup
        Kelly Dudley
        Lucy Rand



STRUCK WIENEKE & LOVE    [ 3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com ]

August 6, 2013

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org
Amelia Gerlicher:  agerlicher@perkinscoie.com

    Re: Parsons, et al. v. Ryan and Pratt
      U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

  We write regarding Plaintiffs' deficient responses to Defendants' interrogatories.  Discovery is nearly complete in this case, yet Plaintiffs continue to object to the majority of Defendants' interrogatories as being premature and have failed to timely supplement their responses with substantive information obtained through discovery.  In many instances, Plaintiffs continue to direct Defendants' to their Complaint and to Defendants' own records.  When Plaintiffs do provide any details in response to Defendants' interrogatories, Plaintiffs generally only give a single example, despite being asked to identify all facts or incidents.  Plaintiffs' failure to provide substantive responses to Defendants' interrogatories prejudices Defendants' ability to prepare their defense.

**Defendant Ryan's Interrogatories to Plaintiff Chisholm:**

  Plaintiffs have failed to produce substantive responses to Defendant Ryan's Interrogatories nos. 6-8, 13-14, 20, and 22 to Plaintiff Chisholm.  In addition, Plaintiffs have provided deficient responses to Interrogatory nos. 5, 18, and 19.  For example, in response to Interrogatory no. 5, which seeks information regarding all acts or omissions by Defendants that Plaintiffs contend violate the Eighth Amendment, who committed the violations, and how those violations proximately caused Plaintiffs' injuries, Plaintiffs point Defendants to their Complaint, a few pages of medical records, and a few articles and reports written by non-parties in 2007, 2011, and 2012.

Counsel of Record
August 6, 2013
Page 2

### Defendant Pratt's Interrogatories to Plaintiff Chisholm:

Plaintiffs have failed to produce substantive responses to Defendant Pratt's Interrogatories nos. 13-14 to Plaintiff Chisholm. In addition, Plaintiffs have provided deficient responses to Interrogatory no. 16, which seeks identification of each policy and procedure that Plaintiffs contend places inmates, including Plaintiff Chisholm, at an unreasonable risk of harm.

### Defendant Ryan's Interrogatories to Plaintiff Swartz:

Plaintiffs have failed to produce substantive responses to Defendant Ryan's Interrogatories nos. 1-4, 6, 13, and 19 to Plaintiff Swartz. For example, in response to Interrogatory no. 13, which seeks identification of the standard of care Plaintiffs contend required Plaintiff Swartz to be referred for an endoscopy after he swallowed pieces of metal, Plaintiffs objected and stated, "Plaintiff Swartz will not respond to Interrogatory no. 13." In addition, Plaintiffs' responses to Interrogatory nos. 5, 11, 12, and 18 are deficient.

### Defendant Ryan's Interrogatories to Plaintiff Brislan:

Plaintiffs have failed to produce substantive responses to Defendant Ryan's Interrogatories nos. 1, 15, 16, 17, 18, and 19 to Plaintiff Brislan. In addition, Plaintiffs have provided deficient responses to Interrogatory nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 23, and 25.

### Defendant Pratt's Interrogatories to Plaintiff Brislan:

Plaintiffs have failed to produce substantive responses to Defendant Pratt's Interrogatories nos. 1, 2, and 7 to Plaintiff Brislan. For example, in response to Interrogatory no. 7, which seeks identification of all documents or exhibits not already disclosed or produced that Plaintiffs may or will use during depositions, Plaintiffs object on the basis of the work product doctrine. Interrogatory nos. 1 and 2 ask Plaintiffs to identify all written standards and guidelines that Plaintiffs contend apply to the delivery of mental health care and psychotropic medications in ADC facilities and to identify all correctional facilities, jails, and prisons that adhere to all of these standards. In addition, Plaintiffs have provided deficient responses to Interrogatories nos. 3, 4, 5 and 6. For example, Interrogatories nos. 5 and 6 ask Plaintiffs to describe the injunctive relief that Plaintiffs believe would provide ADC inmates with constitutionally adequate health care and would provide the subclass with protection from "unconstitutional conditions of confinement in ADC's isolation units" as alleged in Plaintiffs' Complaint and Motion for Class Certification.

Counsel of Record
August 6, 2013
Page 3

### Defendant Ryan's Interrogatories to Plaintiff Wells:

Plaintiffs have failed to produce substantive responses to Defendant Ryan's Interrogatories nos. 1, 2, 3, 4, and 5 to Plaintiff Wells.  In addition, Plaintiffs have provided deficient responses to Interrogatory nos. 9, 10, 13, and 14.

### Defendant Ryan's Interrogatories to Plaintiff Jensen:

Plaintiffs have failed to produce substantive responses to Defendant Ryan's Interrogatories nos. 1, 7, 8, 10, 11, and 17 to Plaintiff Jensen.  In addition, Plaintiffs have provided deficient responses to Interrogatory no. 6.

### Defendant Ryan's Interrogatories to Plaintiff Rodriguez:

Plaintiffs have failed to produce substantive responses to Defendant Ryan's Interrogatories nos. 1, 2, 3, 4, 15, 16 to Plaintiff Rodriguez.  For example, Interrogatory no. 16 seeks identification of any correctional standards that Plaintiffs contend prohibit 24-hour lighting; Plaintiff Rodriguez's response is non-responsive.   In addition, Plaintiffs have provided deficient responses to Interrogatory nos. 5, 8, 9, 10, 11, 12, 13, 17, and 18.

### Defendant Ryan's Interrogatories to Plaintiff Thomas:

Plaintiffs have failed to produce substantive responses to Defendant Ryan's Interrogatories nos. 1, 2, 3, and 4 to Plaintiff Thomas.  In addition, Plaintiffs have provided deficient responses to Interrogatory nos. 5, 8, 9, 10, and 11, 15, 16, 17, 18, and 19.  For example, in response to Interrogatory no. 18, which asks Plaintiffs to identify all facts supporting their contention in ¶ 89 of their Complaint that Defendants have a policy and practice of improperly placing inmates on suicide watch as punishment for disciplinary violations, Plaintiff Thomas merely states that "he has been placed on suicide watch and subjected to 24-hour lighting, debilitating cold without blankets, and reduced meals."

### Defendant Ryan's Interrogatories to Plaintiff Verduzco:

Plaintiffs have failed to produce substantive responses to Defendant Ryan's Interrogatories nos. 1, 2, 3, and 4 to Plaintiff Verduzco.  In addition, Plaintiffs have provided deficient responses to Interrogatory nos. 5, 7, 9, and 10. For example, Interrogatory no. 9 asks Plaintiffs to describe for each instance where Plaintiffs contend they received inadequate nutrition or inadequate physical exercise, what nutrition or exercise was provided, what nutrition or exercise is alleged to have been required, and all injuries suffered as a result of inadequate

Counsel of Record
August 6, 2013
Page 4

nutrition or exercise.   Plaintiff Verduzco directs Defendants to Plaintiffs' Complaint, Defendants' own records, and a deposition transcript (without specifying which portions are alleged to be responsive), and then states, "When Verduzco is on suicide watch, she cannot go outside for any recreation and often receives only two meals a day."

#### Defendant Ryan's Interrogatories to Plaintiff Gamez:

Plaintiffs have failed to produce substantive responses to Defendant Ryan's Interrogatories no. 9 to Plaintiff Gamez.  In response to Interrogatory 9, which asks Plaintiffs to identify any and all national correctional standards that Plaintiffs contend prohibit holding mentally ill inmates in cells for more than 22 hours a day, Plaintiffs state, "Gamez will not answer Interrogatory 9."   In addition, Plaintiffs have provided deficient responses to Interrogatory nos. 8, 10, 11, 13, 14, and 15.

#### Defendant Ryan's Interrogatories to Plaintiff Hefner:

Plaintiffs have provided deficient responses to Defendant Ryan's Interrogatories nos. 5, 7, 8, 11, 12, and 13.

#### Defendant Ryan's Interrogatories to Plaintiff Licci:

Plaintiffs have failed to provide substantive responses to Defendant Ryan's Interrogatories nos. 4, 5, 12, and 14 to Plaintiff Licci.  In addition, Plaintiffs have provided deficient responses to Interrogatories nos. 3, 7, and 9.

#### Defendant Ryan's Interrogatories to Plaintiff Polson:

Plaintiffs have failed to provide a substantive response to Defendant Ryan's Interrogatory no. 11 to Plaintiff Polson.  In addition, Plaintiffs have provided deficient responses to Interrogatories nos. 2, 3, 4, 5, 6, 7, and 8.

#### Defendant Ryan's Interrogatories to Plaintiff Smith:

Plaintiffs have provided deficient responses to Interrogatories nos. 10, 11, 14, 15, and 16 to Plaintiff Smith.

#### Defendant Ryan's Interrogatories to Plaintiff ACDL:

Plaintiff ACDL has provided deficient responses to Defendant Ryan's Interrogatories nos. 8, 9, 10, and 11.

Counsel of Record
August 6, 2013
Page 5

### **Defendant Pratt's Interrogatories to Plaintiff ACDL:**

Plaintiff ACDL has provided deficient responses to Defendant Pratt's Interrogatories nos. 1 and 12.

Discovery is nearly complete in this case, and Plaintiffs have an obligation to supplement their responses to provide substantive answers.  Please let us know by **August 9, 2013** which of the deficient responses above you do not intend to supplement so that we may raise this to the Court for resolution.

Sincerely,

*Anne M. Orcutt*

Anne M. Orcutt
For the Firm


AMO/ab
2775841.1

cc:    Michael E. Gottfried
       Dawn Northup
       Kelly Dudley
       Lucy Rand