1 | Daniel Pochoda (Bar No. 021979)
2 | Kelly J. Flood (Bar No. 019772)
  | James Duff Lyall (Bar No. 330045)*
3 | **ACLU FOUNDATION OF ARIZONA**
  | 3707 North 7th Street, Suite 235
4 | Phoenix, Arizona 85013
  | Telephone:  (602) 650-1854
5 | Email: dpochoda@acluaz.org
  |        kflood@acluaz.org
6 |        jlyall@acluaz.org
  | *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)
7
  | *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
8 | *Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
  | *Christina Thomas, Jackie Thomas, Jeremy Smith, Robert*
9 | *Gamez, Maryanne Chisholm, Desiree Licci, Joseph*
  | *Hefner, Joshua Polson, and Charlotte Wells, on behalf of*
10 | *themselves and all others similarly situated*
11 | **[ADDITIONAL COUNSEL LISTED ON**
   | **SIGNATURE PAGE]**
12 |              UNITED STATES DISTRICT COURT
13 |                  DISTRICT OF ARIZONA

14 | Victor Parsons; Shawn Jensen; Stephen Swartz; | No. CV 12-00601-PHX-NVW
   | Dustin Brislan; Sonia Rodriguez; Christina Thomas;
15 | Jackie Thomas; Jeremy Smith; Robert Gamez;
   | Maryanne Chisholm; Desiree Licci; Joseph Hefner; | **PLAINTIFF JACKIE**
16 | Joshua Polson; and Charlotte Wells, on behalf of | **THOMAS' FIRST**
   | themselves and all others similarly situated; and | **SUPPLEMENTAL**
17 | Arizona Center for Disability Law, | **RESPONSES TO**
   | | **DEFENDANT CHARLES**
18 |                    Plaintiffs, | **RYAN'S FIRST SET OF**
   | | **INTERROGATORIES**
19 |         v.
20 | Charles Ryan, Director, Arizona Department of
   | Corrections; and Richard Pratt, Interim Division
21 | Director, Division of Health Services, Arizona
   | Department of Corrections, in their official
22 | capacities,
23 |                    Defendants.
24
25
26
27
28

PROPOUNDING PARTY:        Charles Ryan

RESPONDING PARTY:         Jackie Thomas

SET NO:                   One

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Jackie Thomas ("Thomas") hereby responds to Defendant Charles Ryan's First Set of Interrogatories **with the following supplemental responses (in bold or stricken out)**.

<u>**OBJECTIONS TO INSTRUCTIONS AND**</u>

<u>**OBJECTIONS FOR SPECIFIC RESPONSES**</u>

1.      Thomas objects to the "Definitions" accompanying Defendant's Requests to the extent that they purport to impose any discovery obligation on Thomas beyond the obligations imposed on Thomas by the Federal Rules of Civil Procedure, the Local Rules of the District of Arizona ("Local Rules"), or the Court's Scheduling Order.  Thomas objects to the Interrogatories to the extent they seek to circumvent any dates that will be established by the Court's Scheduling Order, other Court order, rule, statute, or agreement of the parties.  To the extent that Defendant's Interrogatories conflict with a Court order or rule, Thomas will follow the dates set by the Court.  Thomas has not completed his investigation of the facts relating to this case, has not completed his discovery in this action, and has not completed his preparation for trial, so he reserves the right to supplement.  Collectively, this objection will be referred to as the "Right to Supplement Objection."

2.      Thomas objects to Interrogatories below as requesting information more appropriately the subject of expert testimony, including medical information and information relating to Defendants' policies and procedures.  As explained above, Plaintiff Thomas will disclose expert opinions as required by the Court's scheduling orders.  This objection will be referred to as the "Expert Opinion Objection."  Additionally, Thomas objects to Interrogatories that call for a legal conclusion.

3.      To the extent that Thomas's response to the Interrogatories uses a term defined by Defendant, Thomas does not adopt or agree with Defendant's definition or

waive any objection, but merely uses such defined terms by way of identification.  Any lack of objection or response to the Interrogatories should not be deemed an admission by Thomas that Thomas possesses any information called for in the Interrogatories.

4.     Thomas's response to the Interrogatories shall not be deemed to constitute an admission that any requested information, document, or category of information or documents is relevant, and is not a waiver of any right to object to the materiality, relevance, or admissibility of any information or documents disclosed in response.

5.     Thomas objects to the Interrogatories below that call for confidential information, the disclosure of which will cause irreparable harm.  Thomas does not waive any privilege or protection for such private information.  Thomas will not produce confidential information until an appropriate protective order is entered by the Court in this matter.

6.     Thomas objects to the Interrogatories below that request information from absent class members.  Such absent class members are not subject to written discovery.  *See, e.g., On the House Syndication, Inc. v. Federal Exp. Corp.,* 203 F.R.D. 452, 455-56 (S.D. Cal. 2001) (quoting *Fischer v. Wolfinbarger,* 55 F.R.D. 129, 132 (W.D. Ky. 1971) ("It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for [Rule 23] would fail.")).  However, to the extent that Thomas has in his possession, custody, or control documents relating to absent class members who were disclosed in Plaintiffs' Initial Disclosures, he will provide such information.  Plaintiff Thomas will refer to this objection below as the "Absent Class Member Objection."

7.     Thomas also objects to Defendant's Instructions to the extent they purport to require information on a privilege log beyond what is required by Federal Rule of Civil Procedure 26(b)(5).  Plaintiff Thomas will provide the information necessary to satisfy Rule 26(b)(5).  Thomas further objects to any requirement to log materials generated by trial counsel in the course of this litigation as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and will not log such

communications absent a court order, nor will Plaintiff Thomas require Defendants to log such materials.  *See, e.g., iSmart Int'l Ltd. v. I-DocSecure, LLC*, 2006 WL 2263910, at *3 (N.D. Cal. Aug. 8, 2006) (correspondence generated involving counsel after the action was filed or "in direct connection with preparation for the litigation" did not have to be logged).

8.     To the extent any Request or any portion thereof is not expressly admitted, it is denied.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify any statements or admissions you intend to introduce or use at trial under Federal Rule of Evidence 801(d)(2), by any ADC employee or former employee, including the name of the person who made the statement, the date/time of the statement, and all persons present when the statement was made.

**RESPONSE TO INTERROGATORY NO. 1:  Thomas objects to this interrogatory to the extent that it seeks discovery regarding anyone other than Plaintiff Thomas. Thomas objects to this interrogatory as overbroad and unduly burdensome.**  Thomas objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.  Thomas also asserts the Right to Supplement Objection, Expert Opinion Objection, and Absent Class Member Objection.  Thomas also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Thomas.

Subject to and without waiving any objection, Thomas will disclose depositions, trial testimony, statements, and interviews of any person, potential witness, or expert pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to the disclosure of trial information.

**INTERROGATORY NO. 2:**  Identify all impeachment evidence Plaintiffs and/or their attorneys possess, whether or not they intend to use it at trial, including the name, address, and a description of any and all testimony to be provided by impeachment witnesses at

trial, and a list of all impeachment exhibits, including prior deposition transcripts of witnesses.

**RESPONSE TO INTERROGATORY NO. 2:  Thomas objects to this interrogatory to the extent that it seeks discovery regarding anyone other than Plaintiff Thomas. Thomas objects to this interrogatory as overbroad and unduly burdensome.**  Thomas objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.  Thomas also asserts the Right to Supplement Objection, Expert Opinion Objection, and Absent Class Member Objection.  Thomas also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Thomas.

Subject to and without waiving any objection, Thomas will disclose depositions, trial testimony, statements, and interviews of any person, potential witness, or expert pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to the disclosure of trial information.

**INTERROGATORY NO. 3:**   Identify all depositions, trial testimony, statements, interviews of any person potential witness or expert you have or may use to cross examine any witness or expert witness in this case.

**RESPONSE TO INTERROGATORY NO. 3:  Thomas objects to this interrogatory to the extent that it seeks discovery regarding anyone other than Plaintiff Thomas. Thomas objects to this interrogatory as overbroad and unduly burdensome.**  Thomas objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.  Thomas also asserts the Right to Supplement Objection, Expert Opinion Objection, and Absent Class Member Objection.  Thomas also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Thomas.

1    Subject to and without waiving any objection, Thomas will disclose depositions,

2    trial testimony, statements, and interviews of any person, potential witness, or expert

3    pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

4    the disclosure of trial information.

5

6    **INTERROGATORY NO. 4:**  For each witness identified in your disclosure statement,

7    please provide the substance of their anticipated testimony as if deposed or a summary of

8    the facts they possess that are relevant to this matter.

9    **RESPONSE TO INTERROGATORY NO. 4:  Thomas objects to this interrogatory**

10   **to the extent that it seeks discovery regarding anyone other than Plaintiff Thomas.**

11   **Thomas objects to this interrogatory as overbroad and unduly burdensome.**  Thomas

12   objects to this interrogatory as prematurely seeking information while discovery and

13   investigation are ongoing.  Thomas also asserts the Right to Supplement Objection, Expert

14   Opinion Objection, and Absent Class Member Objection.  Thomas objects to this Request

15   as premature and overly burdensome.  Thomas also objects to this Request to the extent it

16   requests information which is in the possession and control of Defendants and more

17   readily available to them than to Thomas.

18   Subject to and without waiving any objection, Thomas will disclose witness

19   testimony and relevant facts possessed by those witnesses pursuant to the Court's

20   scheduling orders and/or upon agreement by the parties relating to the disclosure of trial

21   information.

22

23   **INTERROGATORY NO. 5:**  Identify and set forth with specificity each and every act or

24   omission that you contend violated the Eighth Amendment; identify the person(s)

25   violating this Amendment; describe how such violation proximately caused or contributed

26   to your injuries and that of each witness you have disclosed or may call for trial; and state

27   all facts upon which you rely to support this contention.

28

**RESPONSE TO INTERROGATORY NO. 5**:  **Thomas objects to this interrogatory as improper to the extent it calls for a narrative.   Thomas objects to this interrogatory as overly broad and unduly burdensome.   Thomas objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Thomas.  Plaintiff Thomas' claim does not arise in isolation but it part of a broader failure by the ADC to provide adequate health care systemwide, a topic on which Plaintiffs are currently taking discovery from Defendants, which at this point is incomplete.**  Thomas objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.   Thomas also asserts the Right to Supplement Objection, Expert Opinion Objection, and Absent Class Member Objection.

Subject to and without waiving any objection, Thomas directs Defendants to Plaintiffs' Complaint, including at ¶¶ 12, 61, 74-76, 83-87, 90-96, to Defendants' own records and other publicly-available sources of information, **including but not limited to human rights reports (e.g., "Cruel Isolation: Amnesty International's Concerns About Conditions in Arizona Maximum Security Prisons," *Amnesty International*, April 2012; Caroline Isaacs and Matthew Lowen, "Buried Alive: Solitary Confinement in Arizona's Prisons and Jails," *American Friends Service Committee*, May 2007) and media sources (e.g., M. Alex Johnson, "Did officers' inaction, lack of training contribute to inmate's death?" MSNBC.com, Nov. 15, 2011; Bob Ortega, "Prison Inmates in Arizona Crying Foul Over Medical Care: State to Investigate Medical Allegations," *Arizona Republic*, December 5, 2011), and** to the documents produced by Defendants **with the Bates numbers ADC022156-22355 and 23837-23841**.

Because investigation and discovery are ongoing, Thomas reserves the right to supplement this response.

**INTERROGATORY NO. 6**:  Identify any and all medical and mental health providers, including but not limited to any medical provider, hospital, physician, doctor, nurse, nurse practitioner, specialist, physician's assistant, therapist, chiropractor, physical therapist,

occupational therapist, psychiatrist, psychologist, counselor, mental health care provider and/or counselor with whom you or any former or current detainee or inmate you may call at trial who have treated, been examined, or who have had tests performed upon them from January 1, 2010 to the present.

**RESPONSE TO INTERROGATORY NO. 6:** Thomas objects to this interrogatory as unclear, in that the sentence "Identify any and all . . . providers . . . with whom you or any former or current detainee or inmate you may call at trial who have treated, been examined, or who have had tests performed upon them from January 1, 2010" is unclear. Thomas also notes that he has been in ADC's custody since prior to January 1, 2010, and directs Defendants to Defendants' own medical records.

**INTERROGATORY NO. 7:** Identify each and every specific instance where Defendant provided "improper cessation and initiation of psychotropic medications," as referenced in Plaintiffs' Complaint, as to yourself and each witness you have disclosed or may call for trial. For each instance where Defendant provided you with "improper cessation and initiation of psychotropic medications," describe with specificity the cessation and initiation alleged to have been provided, the cessation and initiation alleged to have been required, and the injury you suffered as a result of Defendant providing you with "improper cessation and initiation of psychotropic medications."

**RESPONSE TO INTERROGATORY NO. 7: Thomas objects to this interrogatory as improper to the extent it calls for a narrative. Thomas objects to this interrogatory as overly broad and unduly burdensome. Thomas objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Thomas. Plaintiff Thomas' claim does not arise in isolation but it part of a broader failure by the ADC to provide adequate health care systemwide, a topic on which Plaintiffs are currently taking discovery from Defendants, which at this point is incomplete.** Thomas objects to this interrogatory as prematurely seeking information

1   while discovery and investigation are ongoing. Thomas also asserts the Right to

2   Supplement Objection, Expert Opinion Objection, and Absent Class Member Objection.

3      Subject to and without waiving any objection, Thomas directs Defendants to

4   Plaintiffs' Complaint, including at ¶¶ 12, 61, 74-76, 83-87, 90-96, to Defendants' own

5   records, and to the documents produced by Defendants **with the Bates numbers**

6   **ADC022156-22355 and 23837-23841**.

7      **Mr. Thomas has experienced numerous and repeated problems with his**

8   **medications, continuing to the present and including improper cessation and**

9   **initiation of psychotropic medications, failure to administer prescribed medication,**

10  **repeated use of ineffective medications and medications with severe side effects, lack**

11  **of informed consent, and long delays in follow up and psychiatric evaluation.**

12     **For example, when Thomas arrived to ADC custody from the county jail in**

13  **November 2006, ADC mental health staff abruptly discontinued his Seroquel**

14  **prescription, which he had been taking in jail. Thomas was started on Tegretol, even**

15  **though he raised concerns with ADC health care staff about the side effects he**

16  **experienced on Tegretol in the past. Similarly, Thomas was prescribed Haldol after**

17  **notifying staff of the bad side effects it causes him, and has been prescribed Prozac**

18  **and Zoloft, even after informing health care staff that those medications have not**

19  **been effective for his condition.**

20     Because investigation and discovery are ongoing, Thomas reserves the right to

21  supplement this response.

22

23  **INTERROGATORY NO. 8:**   Identify each and every instance where Defendants

24  "fail[ed] to administer prescribed medication," as referenced in Plaintiffs' Complaint, as

25  to yourself and each witness you have disclosed or may call for trial. For each instance

26  where Defendants "fail[ed] to administer prescribed medication, describe with specificity

27  the prescribed mediation alleged to have been required, and the injury you suffered as a

28  result of Defendants "fail[ing] to administer prescribed medication.

**RESPONSE TO INTERROGATORY NO. 8:  Thomas objects to this interrogatory as improper to the extent it calls for a narrative.  Thomas objects to this interrogatory as overly broad and unduly burdensome.  Thomas objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Thomas.  Plaintiff Thomas' claim does not arise in isolation but it part of a broader failure by the ADC to provide adequate health care systemwide, a topic on which Plaintiffs are currently taking discovery from Defendants, which at this point is incomplete.**  Thomas objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.   Thomas also asserts the Right to Supplement Objection, Expert Opinion Objection, and Absent Class Member Objection.

Subject to and without waiving any objection, Thomas directs Defendants to Plaintiffs' Complaint, including at ¶¶ 12, 61, 74-76, 83-87, 90-96, to Defendants' own records, **and** to the documents produced by Defendants **with the Bates numbers ADC)22156-22355 and 23837-23841**.

**Mr. Thomas has experienced numerous and repeated problems with his medications, continuing to the present and including improper cessation and initiation of psychotropic medications, failure to administer prescribed medication, repeated use of ineffective medications and medications with severe side effects, lack of informed consent, and long delays in follow up and psychiatric evaluation.**

Because investigation and discovery are ongoing, Thomas reserves the right to supplement this response.

**INTERROGATORY NO. 9:**  Identify each and every specific instance where Defendant failed to provide you with "adequate mental health care," as referenced in Plaintiffs' Complaint, as to yourself and each witness you have disclosed or may call for trial. For each instance where Defendant failed to provide you with "adequate mental health care," describe with specificity the mental health care alleged to have been provided, the mental

1  health care alleged to have been required, and the injury sustained as a result of

2  Defendant's failure to provide "adequate mental health care."

3  **RESPONSE TO INTERROGATORY NO. 9:  Thomas objects to this interrogatory**

4  **as improper to the extent it calls for a narrative.   Thomas objects to this**

5  **interrogatory as overly broad and unduly burdensome.   Thomas objects to this**

6  **interrogatory to the extent it seeks discovery relating to any individual other than**

7  **Plaintiff Thomas.  Plaintiff Thomas' claim does not arise in isolation but it part of a**

8  **broader failure by the ADC to provide adequate health care systemwide, a topic on**

9  **which Plaintiffs are currently taking discovery from Defendants, which at this point**

10  **is incomplete.**  Thomas objects to this interrogatory as prematurely seeking information

11  while discovery and investigation are ongoing.   Thomas also asserts the Right to

12  Supplement Objection, Expert Opinion Objection, and Absent Class Member Objection.

13  Subject to and without waiving any objection, Thomas directs Defendants to

14  Plaintiffs' Complaint, including at ¶¶ 12, 61, 74-76, 83-87, 90-96, to Defendants' own

15  records**, and to the documents produced by Defendants with the Bates numbers**

16  **ADC022156-22355 and 23837-23841**.

17  **Thomas has experienced numerous and repeated problems with his mental**

18  **health care, continuing to the present and including improper cessation and**

19  **initiation of psychotropic medications, failure to administer prescribed medication,**

20  **repeated use of ineffective medications and medications with severe side effects, lack**

21  **of informed consent, and long delays in follow up and psychiatric evaluation.**

22  **For example, when Thomas submits an HNR for a mental health issue, it**

23  **sometimes takes many days, weeks or even months before he is seen.  Thomas has**

24  **often gone many months without seeing the psychiatrist, and generally only sees**

25  **mental health staff infrequently, when they walk past his cell.  On those occasions,**

26  **mental health staff speak briefly with Thomas while standing outside his cell, where**

27  **other prisoners can hear, but do not generally provide any further treatment or**

28  **counseling.**

1   **Thomas' mental health has also been impacted by his isolation.  In SMU-I,**
2   **Thomas experiences anxiety, hyperactivity, and hallucinations.  He has reported**
3   **difficulty sleeping and requested a sleep aid but has not received any.  In isolation,**
4   **Thomas' suicidal thoughts have increased, and he has attempted suicide and**
5   **committed repeated acts of self-harm.  When Thomas has tried to harm himself, he**
6   **has been placed on suicide watch where he has been pepper sprayed by guards, who**
7   **have sprayed Thomas and his cell, including the toilet, bedding and food.  While on**
8   **suicide watch, mental health staff have not provided treatment or counseling, but**
9   **generally ask only whether Thomas is hurting himself, then quickly walk away.  In**
10  **November 2011, Thomas overdosed on Diclofenac, but did not receive any medical**
11  **care for this, even after reporting nausea and other symptoms to health care staff.**

12  **Because investigation and discovery are ongoing, Thomas reserves the right to**
13  **supplement this response.**

14

15  **INTERROGATORY NO. 10:**  Identify each and every instance or time frame where you
16  were subjected to "unconstitutional conditions," as referenced in Plaintiffs' Complaint, as
17  to yourself and each witness you intend to call for trial. For each instance or time frame
18  where Defendant subjected you to "unconstitutional conditions," describe with specificity
19  the conditions alleged to have been provided, the conditions alleged to have been
20  required, and the injury you sustained as a result of being subjected to "unconstitutional
21  conditions."

22  **RESPONSE TO INTERROGATORY NO. 10:  Thomas objects to this interrogatory**
23  **as improper to the extent it calls for a narrative.  Thomas objects to this**
24  **interrogatory as overly broad and unduly burdensome.  Thomas objects to this**
25  **interrogatory to the extent it seeks discovery relating to any individual other than**
26  **Plaintiff Thomas.  Plaintiff Thomas' claim does not arise in isolation but it part of a**
27  **broader failure by the ADC to provide adequate health care systemwide, a topic on**
28  **which Plaintiffs are currently taking discovery from Defendants, which at this point**

**is incomplete.**  Thomas objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.  Thomas also asserts the Right to Supplement Objection, Expert Opinion Objection, and Absent Class Member Objection.

Subject to and without waiving any objection, Thomas directs Defendants to Plaintiffs' Complaint, including at ¶¶ 12, 61, 74-76, 83-87, 90-96, to Defendants' own records and other publicly-available sources of information, **including but not limited to human rights reports (e.g., "Cruel Isolation: Amnesty International's Concerns About Conditions in Arizona Maximum Security Prisons,"** *Amnesty International***, April 2012; Caroline Isaacs and Matthew Lowen, "Buried Alive: Solitary Confinement in Arizona's Prisons and Jails,"** *American Friends Service Committee***, May 2007) and media sources (e.g., M. Alex Johnson, "Did officers' inaction, lack of training contribute to inmate's death?" MSNBC.com, Nov. 15, 2011; Bob Ortega, "Prison Inmates in Arizona Crying Foul Over Medical Care: State to Investigate Medical Allegations,"** *Arizona Republic***, December 5, 2011),** and to the documents produced by Defendants **with the Bates numbers ADC022156-22355 and 23837-23841**.

Because investigation and discovery are ongoing, Thomas reserves the right to supplement this response.

**INTERROGATORY NO. 11**:  Identify each and every instance or time frame where you received "inadequate physical exercise" and/or "inadequate nutrition," as referenced in Plaintiffs' Complaint, as to yourself and each witness you intend to call for trial. For each instance or time frame where Defendant provided you "inadequate physical exercise" and/or "inadequate nutrition," describe with specificity the exercise and/or nutrition alleged to be required, the exercise and/or nutrition provided, and the injury you sustained as a result of being subjected to "inadequate physical exercise," and/or "inadequate nutrition."

**RESPONSE TO INTERROGATORY NO. 11**:  **Thomas objects to this interrogatory as improper to the extent it calls for a narrative.   Thomas objects to this**

**interrogatory as overly broad and unduly burdensome.  Thomas objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Thomas.  Plaintiff Thomas' claim does not arise in isolation but it part of a broader failure by the ADC to provide adequate health care systemwide, a topic on which Plaintiffs are currently taking discovery from Defendants, which at this point is incomplete.**  Thomas objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.   Thomas also asserts the Right to Supplement Objection, Expert Opinion Objection, and Absent Class Member Objection.

Subject to and without waiving any objection, Thomas directs Defendants to Plaintiffs' Complaint, including without limitation ¶¶ 12, 92 -95, 148, to Defendants' own records and **to the documents produced by Defendants with the Bates numbers ADC022156-22355 and 23837-23841**.  Because investigation and discovery are ongoing, Thomas reserves the right to supplement this response.

**Thomas has experienced numerous and repeated problems with inadequate physical exercise and inadequate nutrition, continuing to the present.  For example, in SMU I, Thomas is locked alone in his cell for at least 22 hours a day with no meaningful contact or exercise, and access to things like showers are allowed only once per week; if there is a lockdown, Thomas cannot leave his cell at all.  Thomas receives only 2 meals per day.  Thomas has lost approximately 30 pounds in SMU I.**

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1    Dated:  November 13, 2012                **PERKINS COIE LLP**

2

3                                            By:  s/ Kirstin T. Eidenbach
                                                  Daniel C. Barr (Bar No. 010149)
4                                                 Jill L. Ripke (Bar No. 024837)
                                                  James A. Ahlers (Bar No. 026660)
5                                                 Kirstin T. Eidenbach (Bar No. 027341)
                                                  John H. Gray (Bar No. 028107)
6                                                 Thomas D. Ryerson (Bar No. 028073)
                                                  Matthew B. du Mée (Bar No. 028468)
7                                                 2901 N. Central Avenue, Suite 2000
                                                  Phoenix, Arizona 85012
8                                                 Telephone:  (602) 351-8000
                                                  Email:    dbarr@perkinscoie.com
9                                                           jripke@perkinscoie.com
                                                            jahlers@perkinscoie.com
10                                                          keidenbach@perkinscoie.com
                                                            jhgray@perkinscoie.com
11                                                          tryerson@perkinscoie.com
                                                            mdumee@perkinscoie.com

12                                                Daniel Pochoda (Bar No. 021979)
                                                  Kelly J. Flood (Bar No. 019772)
13                                                James Duff Lyall (Bar No. 330045)*
                                                  **ACLU FOUNDATION OF**
14                                                **ARIZONA**
                                                  3707 North 7th Street, Suite 235
15                                                Phoenix, Arizona 85013
                                                  Telephone:  (602) 650-1854
16                                                Email:    dpochoda@acluaz.org
                                                            kflood@acluaz.org
17                                                          jlyall@acluaz.org

18                                                *Admitted pursuant to Ariz. Sup. Ct.
                                                  R. 38(f)
19
                                                  Donald Specter (Cal. 83925)*
20                                                Alison Hardy (Cal. 135966)*
                                                  Sara Norman (Cal. 189536)*
21                                                Corene Kendrick (Cal. 226642)*
                                                  **PRISON LAW OFFICE**
22                                                1917 Fifth Street
                                                  Berkeley, California 94710
23                                                Telephone:  (510) 280-2621
                                                  Email:    dspecter@prisonlaw.com
24                                                          ahardy@prisonlaw.com
                                                            snorman@prisonlaw.com
25                                                          ckendrick@prisonlaw.com

26                                                *Admitted *pro hac vice*

27

28

78204-0001/LEGAL25146441.1                -14-

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
               afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
               dkiernan@jonesday.com
               scalderon@jonesday.com
               srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:     rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com
               ksuh@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1    **<u>CERTIFICATE OF SERVICE</u>**

2        I hereby certify that on November 13, 2012, I e-mailed a copy of the attached

3    document to the following parties:

4                       Michael E. Gottfried
                 Katherine E. Watanabe

5        Assistant Arizona Attorneys General
       Michael.Gottfried@azag.gov

6        Katherine.Watanabe@azag.gov

7                      Daniel P. Struck
                Kathleen L. Wieneke

8              Timothy J. Bojanowski
                   Rachel Love

9               Nicholas D. Acedo
           Courtney R. Cloman

10               Ashlee B. Fletcher
              Anne M. Orcutt

11   STRUCK WIENEKE, & LOVE, P.L.C.
             dstruck@swlfirm.com

12             kwieneke@swlfirm.com
        tbojanowski@swlfirm.com

13               rlove@swlfirm.com
          nacedo@swlfirm.com

14             ccloman@swlfirm.com
         afletcher@swlfirm.com

15             aorcutt@swlfirm.com

16             *Attorneys for Defendants*

17

18                Jennifer Alewelt
                Asim Varma

19                Sarah Kader
ARIZONA CENTER FOR DISABILITY LAW

20        jalewelt@azdisabilitylaw.org
      avarma@azdisabilitylaw.org

21        skader@azdisabilitylaw.org

22     *Attorneys for Arizona Center for Disability Law*

23

24                     s/ Delana Freouf

25

26

27

28

**Verification**

I, Jackie Thomas, declare as follows:

I have read the foregoing Responses and Objections to Defendant Ryan's First Set of Interrogatories to Plaintiff Jackie Thomas, and state that the facts therein are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States and the State of Arizona that the foregoing is true and correct.

Executed on this 8th day of November, 2012, in Florence, Arizona.

Jackie Thomas

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone:  (602) 650-1854
   Email: dpochoda@acluaz.org
5        kflood@acluaz.org
         jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
   *Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8  *Christina Verduzco, Jackie Thomas, Jeremy Smith,*
   *Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*
10
   **[ADDITIONAL COUNSEL LISTED ON**
11   **SIGNATURE PAGE]**

12              UNITED STATES DISTRICT COURT

13                  DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina          (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on      **PLAINTIFF STEPHEN**
    behalf of themselves and all others similarly       **SWARTZ'S RESPONSES TO**
17  situated; and Arizona Center for Disability Law,    **DEFENDANT CHARLES**
                                                        **RYAN'S SECOND SET OF**
18                  Plaintiffs,                         **INTERROGATORIES**

19          v.

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23                  Defendants.

24

25

26

27

28

LEGAL25288181.1

1  PROPOUNDING PARTY:       Defendant, Charles Ryan

2  RESPONDING PARTY:        Plaintiff Steven Swartz

3  SET NO:                  Second

4  INTERROGATORY NOS.       13-19

5  Pursuant to Federal Rule of Civil Procedure 33, Stephen Swartz ("Swartz") hereby

6  responds to Defendant Charles Ryan's Second Set of Interrogatories.

7  ## OBJECTIONS TO INSTRUCTIONS AND

8  ## OBJECTIONS FOR SPECIFIC RESPONSES

9      1.    Swartz objects to the "Definitions" accompanying Defendant's Requests to

10 the extent that they purport to impose any discovery obligation on Swartz beyond the

11 obligations imposed on Swartz by the Federal Rules of Civil Procedure, the Local Rules

12 of the District of Arizona ("Local Rules"), or the Court's Scheduling Order.  Swartz

13 objects to the Interrogatories to the extent they seek to circumvent any dates that will be

14 established by the Court's Scheduling Order, other Court order, rule, statute, or agreement

15 of the parties.  To the extent that Defendant's Interrogatories conflict with a Court order or

16 rule, Swartz will follow the dates set by the Court.  Swartz has not completed his

17 investigation of the facts relating to this case, has not completed his discovery in this

18 action, and has not completed his preparation for trial, so he reserves the right to

19 supplement.  Collectively, this objection will be referred to as the "Right to Supplement

20 Objection."

21     2.    Swartz objects to Interrogatories below as requesting information more

22 appropriately the subject of expert testimony, including medical information and

23 information relating to Defendants' policies and procedures.  As explained above,

24 Plaintiff Swartz will disclose expert opinions as required by the Court's scheduling orders.

25 This objection will be referred to as the "Expert Opinion Objection."

26     3.    To the extent that Swartz's response to the Interrogatories uses a term

27 defined by Defendant, Swartz does not adopt or agree with Defendant's definition or

28 waive any objection, but merely uses such defined terms by way of identification.  Any

1    lack of objection or response to the Interrogatories should not be deemed an admission by

2    Swartz that Swartz possesses any information called for in the Interrogatories.

3         4.     Swartz's response to the Interrogatories shall not be deemed to constitute an

4    admission that any requested information, document, or category of information or

5    documents is relevant, and is not a waiver of any right to object to the materiality,

6    relevance, or admissibility of any information or documents disclosed in response.

7         5.     Swartz objects to the Interrogatories below that request information from

8    absent class members.  Such absent class members are not subject to written discovery.

9    *See, e.g., On the House Syndication, Inc. v. Federal Exp. Corp.,* 203 F.R.D. 452, 455-56

10   (S.D. Cal. 2001) (quoting *Fischer v. Wolfinbarger,* 55 F.R.D. 129, 132 (W.D. Ky. 1971)

11   ("It is not intended that members of the class should be treated as if they were parties

12   plaintiff, subject to the normal discovery procedures, because if that were permitted, then

13   the reason for [Rule 23] would fail.")).  However, to the extent that Swartz has in his

14   possession, custody, or control documents relating to absent class members who were

15   disclosed in Plaintiffs' Initial Disclosures, he will provide such information.  Plaintiff

16   Swartz will refer to this objection below as the "Absent Class Member Objection."

17        6.     Swartz also objects to Defendant's Instructions to the extent they purport to

18   require information on a privilege log beyond what is required by Federal Rule of Civil

19   Procedure 26(b)(5).  Plaintiff Swartz will provide the information necessary to satisfy

20   Rule 26(b)(5).  Swartz further objects to any requirement to log materials generated by

21   trial counsel in the course of this litigation as unduly burdensome and not reasonably

22   calculated to lead to the discovery of admissible evidence and will not log such

23   communications absent a court order, nor will Plaintiff Swartz require Defendants to log

24   such materials.  *See, e.g., iSmart Int'l Ltd. v. I-DocSecure, LLC*, 2006 WL 2263910, at *3

25   (N.D. Cal. Aug. 8, 2006) (correspondence generated involving counsel after the action

26   was filed or "in direct connection with preparation for the litigation" did not have to be

27   logged).  Plaintiffs will refer to this objection below as the "Privilege Log Objection."

28

**INTERROGATORIES**

**INTERROGATORY NO. 13:**   Identify the applicable standard of care you contend required Plaintiff Swartz to be referred for an endoscopy after Plaintiff Swartz swallowed pieces of metal.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory to the extent that it seeks information more appropriately the subject of expert testimony. Plaintiff further objects to this request as being premature because discovery is ongoing, and Plaintiff reserves the right to supplement this response.

Based on the foregoing objections and without waiving any other objections, Swartz will not respond to Interrogatory No. 13.

**INTERROGATORY NO 14:**  Identify each and every injury YOU allegedly suffered as a result of having "no means of telling the time" while housed at ADC, as referenced in Plaintiffs' Complaint at ¶ 93. If this provision in Plaintiffs' Complaint does not relate to YOU, provide the names and inmate number of every individual it applies to and your source, including bates number, for contending such.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory as improper to the extent it calls for a narrative response.  Plaintiff further objects to this interrogatory as overly broad and unduly burdensome. Plaintiff objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Swartz. Plaintiff asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection. Plaintiff further objects to this request as being premature because discovery is ongoing. Because discovery and investigation are ongoing, Swartz reserves the right to supplement this response.

Subject to and without waiving any objection, Plaintiff Swartz responds that he has experienced psychological deterioration and subsequent suicide attempts while in

1   isolation cells, in part because of the inability to tell time, and directs Defendants to the

2   documents produced by Defendants, including Bates numbers ADC001259-2288,

3   016500-674, 018072-104, 021194-816, 023557-646, and 023762-73.

4

5   **INTERROGATORY NO 15:**  For each person identified above, describe with specificity

6   all acts committed by that individual for which you contend ADC is liable.

7   **RESPONSE TO INTERROGATORY NO. 15:**

8       Plaintiff objects to this interrogatory as unclear and vague as to "each person

9   identified above," as none of the above interrogatories call for the identification of anyone

10  acting on ADC's behalf.  Plaintiff objects to this interrogatory as improper to the extent it

11  calls for a narrative response.  Plaintiff further objects to this interrogatory as overly broad

12  and unduly burdensome. Plaintiff objects to this interrogatory to the extent it seeks

13  discovery relating to any individual other than Plaintiff Swartz. Plaintiff asserts the Right

14  to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent

15  Class Member Objection. Plaintiff further objects to this request as being premature

16  because discovery is ongoing. Because discovery and investigation are ongoing, Swartz

17  reserves the right to supplement this response.

18      Subject to and without waiving any objection, Plaintiff Swartz responds that no

19  individuals are identified above. For individuals involved in Plaintiff Swartz' treatment,

20  Plaintiff directs Defendants to the documents produced by Defendants, including Bates

21  numbers ADC001259-2288, 016500-674, 018072-104, 021194-816, 023557-646, and

22  023762-73.

23

24  **INTERROGATORY NO 16:**

25  Describe how you accessed and/or obtained medical, mental health, and dental care prior

26  to being in custody at ADC.

27  **RESPONSE TO INTERROGATORY NO. 16:**

28      Plaintiff objects to this interrogatory as improper to the extent it calls for a

narrative response.  Plaintiff further objects to this interrogatory as overly broad and unduly burdensome. Plaintiff objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Swartz. Plaintiff asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection. Plaintiff further objects to this request as being premature because discovery is ongoing. Because discovery and investigation are ongoing, Swartz reserves the right to supplement this response.

Subject to and without waiving any objection, Swartz responds that he obtained medical care before he was in ADC custody through the Pima County jail.  Before August 30, 2008, while not incarcerated, he obtained medical care from private providers (including Keno Hospital in Tucson and Quincy Medical Center in Quincy, Illinois) when he had a medical issue.  He did not see a primary physician regularly, nor did he see dental or mental health providers.  Between 2000 and 2007, he was in the custody of the Illinois Department of Corrections, the ADC, and Pima County Jail.

**INTERROGATORY NO 17:**   Describe with specificity each and every time YOU personally had a "serious injury that required immediate action" and were not seen in a "timely manner" as referenced in Plaintiffs' Complaint at ¶¶ 29-30. If this provision in Plaintiffs' Complaint does not relate to YOU, provide the names and inmate number of every individual it applies to and your source, including bates number, for contending such.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this interrogatory as improper to the extent it calls for a narrative response.  Plaintiff further objects to this interrogatory as overly broad and unduly burdensome. Plaintiff objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Swartz. Plaintiff asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection. Furthermore, Plaintiff objects to this interrogatory as seeking

information more appropriately the subject of expert testimony.  Plaintiff further objects to this request as being premature because discovery is ongoing. Because discovery and investigation are ongoing, Swartz reserves the right to supplement this response.

Subject to and without waiving any objection, Plaintiff Swartz directs Defendants to the Declaration of Stephen Swartz (Ex. L to Prisoner Plaintiffs' Motion & Memorandum of Points and Authorities in Support of Class Certification) and to the documents produced by Defendants, including Bates numbers ADC001259-2288, 016500-674, 018072-104, 021194-816, 023557-646, and 023762-73.

Swartz has had several experiences with serious injuries that required immediate action but were not addressed in a timely manner. For example, he was assaulted on February 26, 2010 (in an incident which is described in his declaration, which is incorporated herein by reference) and, while he was promptly taken to the hospital and evaluated, he never received the recommended follow-up with either a plastic surgeon or an opthamalogist within one week, and was not otherwise treated except with Tylenol with codeine until an oral surgeon operated on March 4. Other examples detailed in his declaration include the times he swallowed metal or glass. On one of these occasions in September 2011, Swartz swallowed, among other objects, a sharpened paper clip. Although an x-ray showed foreign bodies in the GI tract, he was not referred for an endoscopy, nor did he see a physician or get another x-ray for 13 days.  He was forced to pass all the metal through his rectum and anus. In the beginning of 2011, he had a groin hernia and ADC was made aware there was a problem, but he was  not treated until Nov. 2011.

**INTERROGATORY NO 18:**  Describe with specificity each and every instance in which YOU claim it was necessary or required to be physically examined and the treatment YOU received did not include a physical examination, as referenced in Plaintiffs' Complaint, and provide each and every injury YOU sustained as a result of not receiving a physical examination with your treatment as referenced in Plaintiffs' Complaint at ¶ 34

1  and describe how YOU contend a physical exam would have alleviated or prevented your

2  injury and describe with specificity your basis for contending such. If this provision in

3  Plaintiffs' Complaint does not relate to YOU, provide the names and inmate number of

4  every individual it applies to and your source, including bates number, for contending

5  such.

6  **RESPONSE TO INTERROGATORY NO. 18:**

7      Plaintiff objects to this interrogatory as improper to the extent it calls for a

8  narrative response.  Plaintiff further objects to this interrogatory as overly broad and

9  unduly burdensome. Plaintiff objects to this interrogatory to the extent it seeks discovery

10  relating to any individual other than Plaintiff Swartz. Plaintiff asserts the Right to

11  Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent

12  Class Member Objection. Furthermore, Plaintiff objects to this interrogatory as seeking

13  information more appropriately the subject of expert testimony.  Plaintiff further objects

14  to this request as being premature because discovery is ongoing. Because discovery and

15  investigation are ongoing, Swartz reserves the right to supplement this response.

16      Subject to and without waiving any objection, Plaintiff Swartz directs Defendants

17  to the Declaration of Stephen Swartz (Ex. L to Prisoner Plaintiffs' Motion &

18  Memorandum of Points and Authorities in Support of Class Certification) and to the

19  documents produced by Defendants, including Bates numbers ADC001259-2288,

20  016500-674, 018072-104, 021194-816, 023557-646, and 023762-73.  Swartz also directs

21  Defendants to his response to Interrogatory No. 17, which is incorporated herein by

22  reference.

23

24  **INTERROGATORY NO 19:**  Identify any person and or entities you contend are an agent

25  of ADC, including the legal basis for your claim, when that person or entity became an

26  agent and what acts or conduct created the agency relationship.

27  **RESPONSE TO INTERROGATORY NO. 19:**

28      Plaintiff objects to this interrogatory as improper to the extent it calls for a

narrative response.  Plaintiff further objects to this interrogatory as overly broad and unduly burdensome. Plaintiff objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Swartz. Plaintiff further objects to this request as calling for a legal conclusion.  Plaintiff asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection. Plaintiff further objects to this request as being premature because discovery is ongoing. Because discovery and investigation are ongoing, Swartz reserves the right to supplement this response.

Subject to and without waiving any objection, Plaintiff Swartz directs Defendants to Defendants' own records.

Dated:  December 10, 2012               **PERKINS COIE LLP**

By: __s/ Kirsten T. Eidenbach__
     Daniel C. Barr (Bar No. 010149)
     Jill L. Ripke (Bar No. 024837)
     James A. Ahlers (Bar No. 026660)
     Kirstin T. Eidenbach (Bar No. 027341)
     John H. Gray (Bar No. 028107)
     Thomas D. Ryerson (Bar No. 028073)
     Matthew B. du Mée (Bar No. 028468)
     2901 N. Central Avenue, Suite 2000
     Phoenix, Arizona 85012
     Telephone:  (602) 351-8000
     Email:    dbarr@perkinscoie.com
               jripke@perkinscoie.com
               jahlers@perkinscoie.com
               keidenbach@perkinscoie.com
               jhgray@perkinscoie.com
               tryerson@perkinscoie.com
               mdumee@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     dpochoda@acluaz.org
           kflood@acluaz.org
           jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
           afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:    cnmitchell@jonesday.com
          dkiernan@jonesday.com
          scalderon@jonesday.com
          srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone: (202) 879-3837
Email:    rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:    jlwilkes@jonesday.com
          ksuh@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on December 10, 2012, I emailed a copy of the foregoing to

3  the following parties:

4

5      Michael E. Gottfried
       Katherine E. Watanabe
6      Assistant Arizona Attorneys General
       Michael.Gottfried@azag.gov
       Katherine.Watanabe@azag.gov
7

8      Daniel P. Struck
       Kathleen L. Wieneke
9      Timothy J. Bojanowski
       Rachel Love
10     Nicholas D. Acedo
       Courtney R. Cloman
11     Ashlee B. Fletcher
       Anne M. Orcutt
12     STRUCK WIENEKE, & LOVE, P.L.C.
       dstruck@swlfirm.com
13     kwieneke@swlfirm.com
       tbojanowski@swlfirm.com
14     rlove@swlfirm.com
       nacedo@swlfirm.com
15     ccloman@swlfirm.com
       afletcher@swlfirm.com
16     aorcutt@swlfirm.com

17     *Attorneys for Defendants*

18

19     Jennifer Alewelt
       Asim Varma
20     Sarah Kader
       ARIZONA CENTER FOR DISABILITY
       jalewelt@azdisabilitylaw.org
21     avarma@azdisabilitylaw.org
       skader@azdisabilitylaw.org

22

23                                      Delana Freouf
                                        _____
24

25

26

27

28

## VERIFICATION

I, Stephen Swartz, declare as follows:

I have read the foregoing Plaintiff Steve Swartz's Responses to Defendant Charles Ryan's ~~First~~ Second of Interrogatories and state that the facts therein are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America and the State of Arizona that the foregoing is true and correct.

Executed this 7th day of December, 2012.

Stephen Swartz

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone: (602) 650-1854
    Email: dpochoda@acluaz.org
5          kflood@acluaz.org
           jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
    *Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8   *Christina Verduzco, Jackie Thomas, Jeremy Smith,*
    *Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
    *behalf of themselves and all others similarly situated*
10
    **[ADDITIONAL COUNSEL LISTED ON**
11   **SIGNATURE PAGE]**

12              UNITED STATES DISTRICT COURT

13                  DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;       No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina            (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on      **PLAINTIFF ROBERT**
    behalf of themselves and all others similarly        **GAMEZ'S FIRST**
17  situated; and Arizona Center for Disability Law,     **SUPPLEMENTAL**
                                                         **RESPONSE TO DEFENDANT**
18                 Plaintiffs,                           **CHARLES RYAN'S FIRST**
                                                         **SET OF**
19          v.                                           **INTERROGATORIES**

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23                 Defendants.

24

25

26

27

28

78204-0001/LEGAL25932612.1

PROPOUNDING PARTY:      Charles Ryan

RESPONDING PARTY:      Robert Gamez

SET NO:      One

INTERROGATORY NOS.:      4-15

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Robert Gamez ("Gamez") hereby responds to Defendant Charles Ryan's First Set of Interrogatories.  **Supplements are in bold.**

## OBJECTIONS TO INSTRUCTIONS AND
## OBJECTIONS FOR SPECIFIC RESPONSES

1.      Gamez objects to the "Definitions" accompanying Defendant's Requests to the extent that they purport to impose any discovery obligation on Gamez beyond the obligations imposed on Gamez by the Federal Rules of Civil Procedure, the Local Rules of the District of Arizona ("Local Rules"), or the Court's Scheduling Order.  Gamez objects to the Interrogatories to the extent they seek to circumvent any dates that will be established by the Court's Scheduling Order, other Court order, rule, statute, or agreement of the parties.  To the extent that Defendant's Interrogatories conflict with a Court order or rule, Gamez will follow the dates set by the Court.  Gamez has not completed his investigation of the facts relating to this case, has not completed his discovery in this action, and has not completed his preparation for trial, so he reserves the right to supplement.  Collectively, this objection will be referred to as the "Right to Supplement Objection."

2.      Gamez objects to Interrogatories below as requesting information more appropriately the subject of expert testimony, including medical information and information relating to Defendants' policies and procedures.  As explained above, Plaintiff Gamez will disclose expert opinions as required by the Court's scheduling orders.  This objection will be referred to as the "Expert Opinion Objection."

3.      To the extent that Gamez's response to the Interrogatories uses a term defined by Defendant, Gamez does not adopt or agree with Defendant's definition or

waive any objection, but merely uses such defined terms by way of identification.  Any lack of objection or response to the Interrogatories should not be deemed an admission by Gamez that Gamez possesses any information called for in the Interrogatories.

4.    Gamez's response to the Interrogatories shall not be deemed to constitute an admission that any requested information, document, or category of information or documents is relevant, and is not a waiver of any right to object to the materiality, relevance, or admissibility of any information or documents disclosed in response.

5.    Gamez objects to the Interrogatories below that request information from absent class members.  Such absent class members are not subject to written discovery. See, e.g., On the House Syndication, Inc. v. Federal Exp. Corp., 203 F.R.D. 452, 455-56 (S.D. Cal. 2001) (quoting Fischer v. Wolfinbarger, 55 F.R.D. 129, 132 (W.D. Ky. 1971) ("It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for [Rule 23] would fail.")).  However, to the extent that Gamez has in his possession, custody, or control documents relating to absent class members who were disclosed in Plaintiffs' Initial Disclosures, he will provide such information.  Plaintiff Gamez will refer to this objection below as the "Absent Class Member Objection."

6.    Gamez also objects to Defendant's Instructions to the extent they purport to require information on a privilege log beyond what is required by Federal Rule of Civil Procedure 26(b)(5).  Plaintiff Gamez will provide the information necessary to satisfy Rule 26(b)(5).  Gamez further objects to any requirement to log materials generated by trial counsel in the course of this litigation as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and will not log such communications absent a court order, nor will Plaintiff Gamez require Defendants to log such materials.  See, e.g., iSmart Int'l Ltd. v. I-DocSecure, LLC, 2006 WL 2263910, at *3 (N.D. Cal. Aug. 8, 2006) (correspondence generated involving counsel after the action was filed or "in direct connection with preparation for the litigation" did not have to be logged).  Plaintiffs will refer to this objection below as the "Privilege Log Objection."

1

## INTERROGATORIES

2    **INTERROGATORY NO. 4:**  For each allegation made in ¶14 of the complaint, identify

3 each specific instance, including the care or response alleged to have been required, the

4 amount of time taken to receive the care or services, and any injury YOU sustained as a

5 result.  If these provisions in Plaintiffs' complaint do not relate to you, provide the name

6 and inmate number of every individual it applies to and your source, including Bates

7 number, for contending such.

8    **RESPONSE TO INTERROGATORY NO. 4:**

9         Plaintiff objects to this interrogatory to the extent it calls for a narrative response.

10 Plaintiff further objects to this interrogatory as overly broad and unduly burdensome.

11 Plaintiff objects to "instance" as vague and ambiguous.   Plaintiff objects to this

12 interrogatory to the extent that it seeks discovery relating to any individual other than

13 Plaintiff Gamez.  Plaintiff asserts the Right to Supplement Objection, Expert Opinion

14 Objection, Privilege Log Objection, and Absent Class Member Objection.   Plaintiff

15 further objects to this request as premature because discovery is ongoing.  Plaintiff also

16 objects to this request to the extent it requests information which is in the possession and

17 control of Defendants and more readily available to them than to Plaintiff Gamez.

18         Subject to and without waiving any objection, **Gamez responds that ¶ 14 of the**

19 **Complaint contains allegations regarding Plaintiff Victor Parsons.   Furthermore,**

20 Plaintiff Gamez directs Defendants to the Declaration of Robert Gamez (Ex. G Prisoner

21 Plaintiffs' Motion & Memorandum of Points and Authorities in Support of Class

22 Certification), and to the documents produced by Defendants, including Bates numbers

23 ADC000287-1255, **016918-017029, 016532-36, 016709-52, 017229-30,** 017494-879,

24 018007-45, 02695-21192, **018184-5,** and 023870-24152.  Defendants possess Gamez's

25 ADC medical file, which contains information regarding his care history.   Because

26 discovery and investigation are ongoing, Gamez reserves the right to supplement this

27 response.

28

1    **INTERROGATORY NO. 5:**  With regard to your allegations in your complaint that

2    Plaintiff Gamez suffered a childhood head injury and was diagnosed with borderline IQ,

3    possible Post-Traumatic Stress Disorder, and possible frontal lobe dysfunction, please

4    describe each alleged diagnosis or injury, when it occurred or was diagnosed, each

5    symptom to be experienced which YOU attribute to each injury or diagnosis, and each

6    instance of treatment he has received for each injury or diagnosis.

7    **RESPONSE TO INTERROGATORY NO. 5:**

8         Plaintiff objects to this interrogatory as improper to the extent it calls for a

9    narrative response.  Plaintiff further objects to this interrogatory as overly broad and

10   unduly burdensome. Plaintiff asserts the Right to Supplement Objection, Expert Opinion

11   Objection, Privilege Log Objection, and Absent Class Member Objection.  Plaintiff

12   further objects to this request as being premature because discovery is ongoing.  Gamez

13   objects to this interrogatory as requesting information which is in the possession and

14   control of Defendants and more readily available to them than to Plaintiff Gamez.

15   Because discovery and investigation are ongoing, Gamez reserves the right to supplement

16   this response.

17        Subject to and without waiving any objection, **Gamez responds that at least since**

18   **2003 he has had borderline IQ and may have impaired frontal lobe function.  In light**

19   **of the above symptoms, Gamez repeatedly requested appropriate testing from ADC**

20   **staff.**

21        **Furthermore,** Plaintiff Gamez directs Defendants to the description of his injuries

22   in **Declaration of Robert Gamez (Ex. G to Prisoner Plaintiffs' Motion &**

23   **Memorandum of Points and Authorities in Support of Class Certification) and in** the

24   documents produced by Defendants, including Bates numbers ADC 000287-1255,

25   **017312-7,** 017494-879, 018007-45, 020695-21192, and 023870-24152.   Defendants

26   possess Gamez's ADC medical file, which contains information regarding his diagnoses

27   and mental health history.

28

1   **INTERROGATORY NO. 6:**   Identify each incident when you have been denied
2   recreation for not being clean-shaven, but were deprived of shaving supplies, as alleged in
3   Plaintiffs' Complaint at ¶ 92; including the date of each incident, the officer(s) involved,
4   any witnesses to the incident, and any documents, including Bates numbers,
5   memorializing the incident.

6   **RESPONSE TO INTERROGATORY NO. 6:**

7        Plaintiff objects to this interrogatory as improper to the extent it calls for a
8   narrative response. Plaintiff further objects to this interrogatory as overly broad and
9   unduly burdensome.  Plaintiff asserts the Right to Supplement Objection, Expert Opinion
10  Objection, Privilege Log Objection, and Absent Class Member Objection.   Plaintiff
11  further objects to this request as being premature because discovery is ongoing.  Plaintiff
12  also objects to this request to the extent it requests information which is in the possession
13  and control of Defendants and more readily available to them than to Plaintiff Gamez.
14  Because discovery and investigation are ongoing, Gamez reserves the right to supplement
15  this response.

16       Subject to and without waiving any objection, Plaintiff Gamez has been denied
17  access to recreation on the grounds that he must be clean shaven while simultaneously
18  being denied access to shaving supplies.  Gamez cannot recall the precise date or details
19  of each incident, but this happened often in Central Unit.

20

21  **INTERROGATORY NO. 7:**  Identify any serious injury or harm you personally claim to
22  have suffered as a result of your contention that you have received inadequate physical
23  exercise at ADC.

24  **RESPONSE TO INTERROGATORY NO. 7:**

25       Plaintiff objects to this interrogatory as improper to the extent it calls for a
26  narrative response.  Plaintiff further objects to this interrogatory as overly broad and
27  unduly burdensome.  Plaintiff asserts the Right to Supplement Objection, Expert Opinion
28  Objection, Privilege Log Objection, and Absent Class Member Objection.   Plaintiff

1   further objects to this request as being premature because discovery is ongoing.  Plaintiff

2   also objects to this request to the extent it requests information which is in the possession

3   and control of Defendants and more readily available to them than to Plaintiff Gamez.

4   Because discovery and investigation are ongoing, Gamez reserves the right to supplement

5   this response.

6        Subject to and without waiving any objection, Gamez responds that his knees and

7   back hurt, with pain reaching his entire body from a lack of movement.  Gamez's mental

8   health is also adversely affected by a lack of recreation.  **As discussed in response to**

9   **Interrogatory No. 8, b**ecause of the department's staff shortage, on some days Gamez is

10  not asked if he wants recreation.  As of November 29, 2012, he had not been out for

11  recreation in two weeks.  He is repeatedly told that he would be put on a makeup list, but

12  that seems to never happen.

13

14  **INTERROGATORY NO. 8:** Identify any serious injury or harm you personally claim to

15  have suffered as a result of your housing environment or other conditions of confinement

16  at ADC; as alleged in Plaintiff's Complaint at ¶148.

17  **RESPONSE TO INTERROGATORY NO. 8:**

18       Plaintiff objects to this interrogatory as duplicative of Interrogatory No. 11.

19  Plaintiff objects to this interrogatory as improper to the extent it calls for a narrative

20  response.  Plaintiff further objects to this interrogatory as overly broad and unduly

21  burdensome.  Plaintiff asserts the Right to Supplement Objection, Expert Opinion

22  Objection, Privilege Log Objection, Absent Class Member Objection.  Plaintiff further

23  objects to this request as being premature because discovery is ongoing.  Because

24  discovery and investigation are ongoing, Gamez reserves the right to supplement this

25  response.

26       Subject to and without waiving any objection, Plaintiff Gamez responds that his

27  physical and mental health has deteriorated due to the conditions of confinement in the

28  ADC, including during his time in isolation.  While in isolation, Gamez developed weight

1    loss and symptoms of psychosis and anxiety and, despite being told otherwise, was
2    repeatedly denied treatment.  Gamez further directs Defendants to the Declaration of
3    Robert Gamez (Ex. G to Prisoner Plaintiffs' Motion & Memorandum of Points and
4    Authorities in Support of Class Certification) and to the documents produced by
5    Defendants, including Bates numbers ADC000287-1255, 017494-879, **018010-018067,**
6    018707-45, 020695-21192, and 023870-24152.  **Defendants possess Gamez's ADC**
7    **medical file, which contains information regarding his diagnoses and mental health**
8    **history.**

9         **Additionally, as noted in Plaintiffs' response to Interrogatory No. 4, ADC**
10   **consistently failed to provide Gamez adequate mental health treatment.  Nonetheless,**
11   **Gamez continued to seek help.  When ADC responded, they either failed to address**
12   **his complaints, focusing instead on his disciplinary record, or instead stated, without**
13   **explanation, that they found his treatment to be adequate.**

14

15   **INTERROGATORY NO. 9:**  Identify any and all national correctional standards that
16   Plaintiffs contend prohibit holding mentally ill inmates in cells for 22 hours or more per
17   day.

18   **RESPONSE TO INTERROGATORY NO. 9:**

19        Plaintiff objects to this interrogatory as improper to the extent it calls for a
20   narrative response.  Plaintiff further objects to this interrogatory as overly broad and
21   unduly burdensome.  Plaintiff objects to this interrogatory to the extent that it seeks
22   discovery regarding anyone other than Plaintiff Gamez.  Plaintiff asserts the Right to
23   Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent
24   Class Member Objection.  Plaintiff further objects to this request as being premature
25   because discovery is ongoing.  Because discovery and investigation are ongoing, Gamez
26   reserves the right to supplement this response.

27        Based on the foregoing objections, Gamez will not respond to Interrogatory No. 9.

28

1  **INTERROGATORY NO. 10:**   Identify each and every time YOU were harassed,

2  insulted or taunted by correctional staff while on suicide watch as referenced in Plaintiffs'

3  Complaint at ¶ 87.   If this provision in Plaintiffs' Complaint does not relate to YOU,

4  provide the names and inmate number of every individual it applies to and your source,

5  including bates number, for contending such.

6  **RESPONSE TO INTERROGATORY NO. 10:**

7        Plaintiff objects to this interrogatory as improper to the extent it calls for a

8  narrative response.  Plaintiff further objects to this interrogatory as overly broad and

9  unduly burdensome.  Plaintiff objects to this interrogatory to the extent it seeks discovery

10  relating to any individual other than Plaintiff Gamez.   Plaintiff asserts the Right to

11  Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent

12  Class Member Objection.  Plaintiff further objects to this request as being premature

13  because discovery is ongoing.  Plaintiff also objects to this request to the extent it requests

14  information which is in the possession and control of Defendants and more readily

15  available to them than to Plaintiff Gamez.   Because discovery and investigation are

16  ongoing, Gamez reserves the right to supplement this response.

17        Subject to and without waiving any objection, Gamez responds that he has been

18  subjected to repeated acts of custodial harassment and verbal abuse while on suicide

19  watch.  It is common knowledge that inmates receive harsher treatment when they are on

20  suicide watch, such that inmates are reluctant to ask for help when they are feeling

21  suicidal.

22        ADC staff have ridiculed Gamez about his mental illness, and for pursuing legal

23  action, on numerous occasions.  As a recent example, on October 25, 2012, Gamez was

24  placed on suicide watch without explanation, pepper-sprayed four times, and left naked

25  and covered in pepper spray in a cold room.

26

27

28

1    **INTERROGATORY NO. 11:**   Identify any specific injury or harm YOU personally

2    suffered as a result of your housing environment or conditions of confinement during your

3    incarceration at ADC.

4    **RESPONSE TO INTERROGATORY NO. 11:**

5         Plaintiff object to this interrogatory as duplicative of Interrogatory No. 8.  Plaintiff

6    objects to this interrogatory as improper to the extent it calls for a narrative response.

7    Plaintiff further objects to this interrogatory as overly broad and unduly burdensome.

8    Plaintiff asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege

9    Log Objection, and Absent Class Member Objection.  Plaintiff further objects to this

10   request as being premature because discovery is ongoing.  Plaintiff also objects to this

11   request to the extent it requests information which is in the possession and control of

12   Defendants and more readily available to them than to Plaintiff Gamez.   Because

13   discovery and investigation are ongoing, Gamez reserves the right to supplement this

14   response.

15        Subject to and without waiving any objection, Plaintiff Gamez directs Defendants

16   to Plaintiff Gamez's response to Interrogatory No. 8, which is incorporated by reference.

17

18   **INTERROGATORY NO. 12:**   Do YOU contend YOU have any physical or mental

19   impairment, including but not limited to illiteracy or permanent disabilities, which prevent

20   or limit your ability to complete an HNR form?  If so, provide each and every time YOU

21   were prevented from doing so because of your disability and describe with specificity

22   whether or not you were able to have someone else complete the form for you and/or if

23   you were actual seen by health care personnel as a result.

24   **RESPONSE TO INTERROGATORY NO. 12:**

25        Plaintiff objects to this interrogatory as improper to the extent it calls for a

26   narrative response.  Plaintiff further objects to this interrogatory as overly broad and

27   unduly burdensome.  Plaintiff asserts the Right to Supplement Objection, Expert Opinion

28   Objection, Privilege Log Objection, and Absent Class Member Objection.   Plaintiff

1  further objects to this request as being premature because discovery is ongoing.  Because

2  discovery and investigation are ongoing, Gamez reserves the right to supplement this

3  response.

4      Subject to and without waiving any objection, Plaintiff Gamez does not contend at

5  this time that he has any physical or mental impairment which prevents or limits his

6  ability to complete an HNR form.

7

8  **INTERROGATORY NO. 13:**  Identify each and every instance where YOU personally

9  were seen by an ADC clinician who did not examine you, rather, made a decision

10 regarding your health care needs based on "brief notes or descriptions from lower-level

11 medical assistants and even correctional officers who have no medical training," as

12 referenced at ¶ 34 of the Complaint and provide your basis for such contention.  If this

13 provision in Plaintiffs' Complaint does not relate to YOU, provide the names and inmate

14 number of every individual it applies to and your source, including bates number, for

15 contending such.

16 **RESPONSE TO INTERROGATORY NO. 13:**

17     Plaintiff objects to this interrogatory as improper to the extent it calls for a

18 narrative response.  Plaintiff further objects to this interrogatory as overly broad and

19 unduly burdensome.  Plaintiff objects to this interrogatory to the extent it seeks discovery

20 relating to any individual other than Plaintiff Gamez.  Plaintiff asserts the Right to

21 Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent

22 Class Member Objection.  Plaintiff further objects to this request as being premature

23 because discovery is ongoing.  Plaintiff also objects to this request to the extent it requests

24 information which is in the possession and control of Defendants and more readily

25 available to them than to Plaintiff Gamez.  Because discovery and investigation are

26 ongoing, Gamez reserves the right to supplement this response.

27     Subject to and without waiving any objection, Plaintiff Gamez responds that he has

28 had repeated difficulty accessing clinicians and getting proper care.  For details regarding

his past medical visits, Gamez directs Defendants to the documents produced by Defendants, including Bates numbers ADC000287-1255, 017494-879, 018007-45, 020695-21192, and 023870-24152, as well as the Declaration of Robert Gamez (Ex. G to Prisoner Plaintiffs' Motion & Memorandum of Points and Authorities in Support of Class Certification).

**INTERROGATORY NO. 14:** Identify each and every "ADC Clinician" who only relied on "brief notes or descriptions" when making "treatment decisions" for YOU personally, as referenced in Plaintiffs' Complaint at ¶ 34 and provide your basis for such contention. If this provision in Plaintiffs' Complaint does not relate to YOU, provide the names and inmate number of every individual it applies to and your source, including bates number, for contending such.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory as improper to the extent it calls for a narrative response. Plaintiff further objects to this interrogatory as overly broad and unduly burdensome. Plaintiff objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Gamez. Plaintiff asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection. Plaintiff further objects to this request as being premature because discovery is ongoing. Plaintiff also objects to this request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Plaintiff Gamez. Because discovery and investigation are ongoing, Gamez reserves the right to supplement this response.

Subject to and without waiving any objection, Plaintiff Gamez directs Defendants to Plaintiff Gamez's response to Interrogatory No. 13, which is incorporated by reference.

**INTERROGATORY NO. 15:** Identify each and every time YOU were given "expired medication," as referenced in Plaintiffs' Complaint at ¶ 47, and describe with specificity

1  how you discovered the medication was expired and any and all injuries you allegedly

2  sustained as a result of being given expired medication.  If this provision in Plaintiffs'

3  Complaint does not relate to YOU, provide the names and inmate number of every

4  individual it applies to and your source, including bates number, for contending such.

5  **RESPONSE TO INTERROGATORY NO. 15:**

6      Plaintiff objects to this interrogatory as improper to the extent it calls for a

7  narrative response.  Plaintiff further objects to this interrogatory as overly broad and

8  unduly burdensome.  Plaintiff objects to this interrogatory to the extent it seeks discovery

9  relating to any individual other than Plaintiff Gamez.  Plaintiff asserts the Right to

10  Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent

11  Class Member Objection.  Plaintiff further objects to this request as being premature

12  because discovery is ongoing.  Plaintiff also objects to this request to the extent it requests

13  information which is in the possession and control of Defendants and more readily

14  available to them than to Plaintiff Gamez.

15      Subject to and without waiving any objection, Plaintiff Gamez does not know

16  whether or when he has been given expired medication.  For details of his prescriptions,

17  Gamez directs Defendants to the documents produced by Defendants, including Bates

18  numbers ADC000287-1255, 017494-879, 018007-45, 020695-21192, and 023870-24152.

19  Because discovery and investigation are ongoing, Gamez reserves the right to supplement

20  this response.

21

22

23

24

25

26

27

28

1    Dated:  February 27, 2013        **ACLU NATIONAL PRISON PROJECT**

2

3                            By:    s/ Ajmel Qureshi
David C. Fathi (Wash. 24893)*

4                                 Amy Fettig (D.C. 484883)**
Ajmel Qureshi (Md. 28882)*

5                                 915 15th Street N.W., 7th Floor
Washington, D.C. 20005

6                                 Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org

7                                             afettig@npp-aclu.org
aquereshi@npp-aclu.org

8                                 *Admitted pro hac vice.  Not admitted
in DC; practice limited to federal

9                                 courts.
**Admitted pro hac vice

10

11                                 Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)

12                                 James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF**

13                                 **ARIZONA**
3707 North 7th Street, Suite 235

14                                 Phoenix, Arizona 85013
Telephone:  (602) 650-1854

15                                 Email:     dpochoda@acluaz.org
kflood@acluaz.org

16                                             jlyall@acluaz.org

17                                 *Admitted pursuant to Ariz. Sup. Ct.
R. 38(f)

18                                 Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*

19                                 Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*

20                                 **PRISON LAW OFFICE**
1917 Fifth Street

21                                 Berkeley, California 94710
Telephone:  (510) 280-2621

22                                 Email:     dspecter@prisonlaw.com
ahardy@prisonlaw.com

23                                             snorman@prisonlaw.com
ckendrick@prisonlaw.com

24

25                                 *Admitted *pro hac vice*

26

27

28

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
              agerlicher@perkinscoie.com
              keidenbach@perkinscoie.com
              jhgray@perkinscoie.com
              mdumee@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:      cnmitchell@jonesday.com
              dkiernan@jonesday.com
              scalderon@jonesday.com
              srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:     rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com

*Admitted *pro hac vice*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:    kmamedova@jonesday.com
            jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2013, I e-mailed a copy of the attached document to the following parties:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Ashley B. Zuerlein
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov
Ashley.Zuerlein@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

Jennifer Alewelt
Asim Varma
Sarah Kader
ARIZONA CENTER FOR DISABILITY
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

s/ Delana Freouf

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
        kflood@acluaz.org
        jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
Stephen Swartz, Dustin Brislan, Sonia Rodriguez,
Christina Verduzco, Jackie Thomas, Jeremy Smith,
Robert Gamez, Maryanne Chisholm, Desiree Licci,
Joseph Hefner, Joshua Polson, and Charlotte Wells, on
behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON
 SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-NVW (MEA)<br><br><br>**PLAINTIFF DUSTIN BRISLAN'S RESPONSES TO DEFENDANT CHARLES RYAN'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:          Charles Ryan

RESPONDING PARTY:           Dustin Brislan

SET NO:                     One

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Dustin Brislan ("Brislan") hereby responds to Defendant Charles Ryan's First Set of Interrogatories.

## OBJECTIONS TO INSTRUCTIONS AND
## OBJECTIONS FOR SPECIFIC RESPONSES

1.     Brislan objects to the "Definitions" and "General Instructions" accompanying Defendants' Requests to the extent that they purport to impose any discovery obligation on Brislan beyond the obligations imposed on Brislan by the Federal Rules of Civil Procedure, the Local Rules of the District of Arizona ("Local Rules"), or the Court's Scheduling Order. Brislan objects to the Interrogatories to the extent they seek to circumvent any dates that will be established by the Court's Scheduling Order, other Court order, rule, statute, or agreement of the parties. To the extent that Defendants' Interrogatories conflict with a Court order or rule, Brislan will follow the dates set by the Court. Brislan has not completed his investigation of the facts relating to this case, has not completed his discovery in this action, and has not completed his preparation for trial, so he reserves the right to supplement. Collectively, this objection will be referred to as the "Right to Supplement Objection."

2.     Brislan objects to Interrogatories below as requesting information more appropriately the subject of expert testimony, including medical information and information relating to Defendants' policies and procedures. As explained above, Plaintiff Brislan will disclose expert opinions as required by the Court's scheduling orders. This objection will be referred to as the "Expert Opinion Objection."

3.     To the extent that Brislan's response to the Interrogatories uses a term defined by Defendants, Brislan does not adopt or agree with Defendants' definition or waive any objection, but merely uses such defined terms by way of identification. Any

1    lack of objection or response to the Interrogatories should not be deemed an admission by

2    Brislan that Brislan possesses any information called for in the Interrogatories.

3            4.      Brislan's response to the Interrogatories shall not be deemed to constitute an

4    admission that any requested information, document, or category of information or

5    documents is relevant, and is not a waiver of any right to object to the materiality,

6    relevance, or admissibility of any information or documents disclosed in response.

7            5.      Brislan objects to the Interrogatories below that request information from

8    absent class members. Such absent class members are not subject to written discovery.

9    *See, e.g., On the House Syndication, Inc. v. Federal Exp. Corp.*, 203 F.R.D. 452, 455-56

10   (S.D. Cal. 2001) (quoting *Fischer v. Wolfinbarger,* 55 F.R.D. 129, 132 (W.D. Ky. 1971)

11   ("It is not intended that members of the class should be treated as if they were parties

12   plaintiff, subject to the normal discovery procedures, because if that were permitted, then

13   the reason for [Rule 23] would fail.")). However, to the extent that Brislan has in his

14   possession, custody, or control documents relating to absent class members who were

15   disclosed in Plaintiffs' Initial Disclosures, he will provide such information. Plaintiff

16   Brislan will refer to this objection below as the "Absent Class Member Objection."

17           6.      Brislan also objects to Defendant's Instructions to the extent they purport to

18   require information on a privilege log beyond what is required by Federal Rule of Civil

19   Procedure 26(b)(5). Plaintiff Brislan will provide the information necessary to satisfy

20   Rule 26(b)(5). Brislan further objects to any requirement to log materials generated by

21   trial counsel in the course of this litigation as unduly burdensome and not reasonably

22   calculated to lead to the discovery of admissible evidence and will not log such

23   communications absent a court order, nor will Plaintiff Brislan require Defendants to log

24   such materials. *See, e.g., iSmart Int'l Ltd. v. I-DocSecure, LLC,* 2006 WL 2263910, at *3

25   (N.D. Cal. Aug. 8, 2006) (correspondence generated involving counsel after the action

26   was filed or "in direct connection with preparation for the litigation" did not have to be

27   logged). Plaintiffs will refer to this objection below as the "Privilege Log Objection."

28

7.      To the extent any Request or any portion thereof is not expressly admitted, it is denied.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  List any and all instances that you, and each witness you have disclosed or may call for trial, were arrested or detained, either for a criminal or civil charge, whether convicted of the underlying arrest charge or not, and specify what the arrest was for, the time and date of the arrest, the name of the arresting agency, the city, state or province and country where the arrest took place, the facility where you, and each witness you have disclosed or may call for trial were held, the length of detention, and the disposition of the arrest charges.

**RESPONSE TO INTERROGATORY NO. 1:**  Brislan objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.  Brislan asserts the Right to Supplement Objection, the Privilege Log Objection, and the Absent Class Member Objection.  Brislan also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Brislan.  Brislan has information in his central file and/or health care file available to him, but it would be unduly wasteful to require him to request that information from Defendants or otherwise to produce to Defendants information that they recently produced to him.  Similarly, to the extent Brislan could request other public information responsive to this interrogatory, that information is available to Defendants from sources less burdensome to Defendants than they would be to Brislan.

Subject to and based on these objections, Brislan directs Defendants to their own records and to other publicly-available sources of information.  Brislan offers to meet and confer with Defendants on this issue.

**INTERROGATORY NO. 2:**  Have you or any witness you have disclosed or may call for trial, ever been the subject of any court action, including criminal and civil matters, restraining orders (whether temporary or permanent), divorce action, separation, disability

1    action, paternity action, custody action, immigration proceeding or mental health

2    commitment?  If so, please identify each and every action, including the jurisdiction,

3    dates, case number, parties, and results of each action.

4    **RESPONSE TO INTERROGATORY NO. 2:**  Brislan objects to this interrogatory as

5    prematurely seeking information while discovery and investigation are ongoing.  Brislan

6    asserts the Right to Supplement Objection, the Privilege Log Objection, and the Absent

7    Class Member Objection.  Brislan objects to this Request as burdensome, to the extent

8    that it seeks information and documents available to Defendant through public sources or

9    records.  Brislan also objects to this Request to the extent it requests information which is

10   in the possession and control of Defendants and more readily available to them than to

11   Brislan.  Brislan has information in his central file and/or health care file available to him,

12   but it would be unduly wasteful to require him to request that information from

13   Defendants or otherwise to produce to Defendants information that they recently produced

14   to him.  Similarly, to the extent Brislan could request other public information responsive

15   to this interrogatory, that information is available to Defendants from sources less

16   burdensome to Defendants than they would be to Brislan.

17        Subject to and based on these objections, Brislan directs Defendants to their own

18   records and to other publicly-available sources of information.

19        Brislan also directs Defendants to:

20        1.    PACER results dated October 10, 2012, attached hereto as Exhibit A with

21   the Bates number PLTF-PARSONS-004360.

22

23   **INTERROGATORY NO. 3:**  Identify each and every specific instance where Defendant

24   failed to provide you with "minimally adequate mental health care," as referenced in

25   Plaintiffs' Class Action Complaint, as to yourself and each witness you have disclosed or

26   may call for trial.  For each instance of Defendant's failure to provide you with

27   "minimally adequate mental health care" describe with specificity the mental health care

28   alleged to have been required, the mental health care actually provided and the injury

1    sustained as a result of the Defendant's failure to provide you with "minimally adequate

2    mental health care."

3    **RESPONSE TO INTERROGATORY NO. 3:**   Brislan objects to this interrogatory as

4    prematurely seeking information while discovery and investigation are ongoing.  Brislan

5    also asserts the Right to Supplement Objection, the Privilege Log Objection, the Expert

6    Opinion Objection, and the Absent Class Member Objection.  Brislan also objects to this

7    Request to the extent it requests information which is in the possession and control of

8    Defendants and more readily available to them than to Brislan.

9            Subject to and without waiving any objection, Brislan directs Defendants to

10   Plaintiffs' Complaint, including without limitation ¶¶ 9, 37-57, and 75-89, as well as to

11   Defendants' own records and other publicly-available sources of information, and to the

12   documents produced by Defendants with the Bates numbers ADC027769- ADC027809.

13   Because investigation and discovery are ongoing, Brislan reserves the right to supplement

14   this response.

15

16   **INTERROGATORY NO. 4:**   Identify each and every specific instance where you

17   received "improper medication," as referenced in Plaintiffs' Class Action Complaint, as to

18   yourself and each witness you have disclosed or may call for trial. For each instance of

19   "improper medication" describe with specificity the medication alleged to have been

20   required, the medication actually provided and the injury sustained as a result of the

21   "improper medication."

22   **RESPONSE TO INTERROGATORY NO. 4:**   Brislan objects to this interrogatory as

23   prematurely seeking information while discovery and investigation are ongoing.  Brislan

24   also asserts the Right to Supplement Objection, the Privilege Log Objection, the Expert

25   Opinion Objection, and the Absent Class Member Objection.  Brislan also objects to this

26   Request to the extent it requests information which is in the possession and control of

27   Defendants and more readily available to them than to Brislan.

28

Subject to and without waiving any objection, Brislan has experienced numerous problems with his medication, including repeated delays and gaps in delivery of his medication and has experienced severe side effects from his medication. Brislan directs Defendants to Plaintiffs' Complaint, as well as to Defendants' own records and other publicly-available sources of information, and to the documents produced by Defendants with the Bates numbers ADC027769- ADC027809. Because investigation and discovery are ongoing, Brislan reserves the right to supplement this response.

**INTERROGATORY NO. 5:** Identify each and every specific instance where you experienced "delays in receiving medication," as referenced in Plaintiffs' Class Action Complaint, as to yourself and each witness you have disclosed or may call for trial. For each instance of "delays in receiving medication" describe with specificity the medication alleged to have been required, the amount of time taken to receive the medication and the injury sustained as a result of the "delays in receiving medication."

**RESPONSE TO INTERROGATORY NO. 5:** Brislan objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing. Brislan also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert Opinion Objection, and Absent Class Member Objection. Brislan also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Brislan.

Subject to and without waiving any objection, Brislan has experienced numerous problems with his medication, including repeated delays and gaps in delivery of his medication and has experienced severe side effects from his medication. Brislan directs Defendants to Plaintiffs' Complaint, as well as to Defendants' own records and other publicly-available sources of information, and to the documents produced by Defendants with the Bates numbers ADC027769- ADC027809. Because investigation and discovery are ongoing, Brislan reserves the right to supplement this response.

1    **INTERROGATORY NO. 6:** Identify each and every specific instance where you did

2    not "receive therapeutic treatment," as referenced in Plaintiffs' Class Action Complaint,

3    as to yourself and each witness you have disclosed or may call for trial. For each instance

4    that you did not "receive therapeutic treatment" describe with specificity the therapeutic

5    treatment alleged to have been required, the condition for which the therapeutic treatment

6    was required and the injury sustained because you did not "receive therapeutic treatment."

7    **RESPONSE TO INTERROGATORY NO. 6:** Brislan objects to this interrogatory as

8    prematurely seeking information while discovery and investigation are ongoing. Brislan

9    also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert

10   Opinion Objection, and Absent Class Member Objection. Brislan also objects to this

11   Request to the extent it requests information which is in the possession and control of

12   Defendants and more readily available to them than to Brislan.

13        Brislan further objects to this interrogatory as unclear. As stated in Plaintiffs'

14   Complaint at ¶ 9, Mr. Brislan "has not been monitored regularly by a psychiatrist, or

15   received therapeutic treatment to address his extreme self-harming behavior." It is not

16   clear what further information Defendants seek.

17        Subject to and without waiving any objection, Brislan directs Defendants to

18   Plaintiffs' Complaint, as well as to Defendants' own records and other publicly-available

19   sources of information. Because investigation and discovery are ongoing, Brislan

20   reserves the right to supplement this response.

21

22   **INTERROGATORY NO. 7:** Identify each and every specific instance where you were

23   "placed on suicide watch for excessive lengths of time," as referenced in Plaintiffs' Class

24   Action Complaint, as to yourself and each witness you have disclosed or may call for trial.

25   For each instance that you were "placed on suicide watch for excessive lengths of time"

26   describe with specificity the reason you were placed on suicide watch, the amount of time

27   you spent on suicide watch, and the injury sustained as a result of being "placed on

28   suicide watch for excessive lengths of time."

-7-

1    **RESPONSE TO INTERROGATORY NO. 7:**  Brislan objects to this interrogatory as

2    prematurely seeking information while discovery and investigation are ongoing.  Brislan

3    also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert

4    Opinion Objection, and Absent Class Member Objection.  Brislan also objects to this

5    Request to the extent it requests information which is in the possession and control of

6    Defendants and more readily available to them than to Brislan.

7         Subject to and without waiving any objection, Brislan was placed in suicide watch

8    on multiple occasions for weeks at a time.  Brislan further directs Defendants to Plaintiffs'

9    Complaint, as well as to Defendants' own records and other publicly-available sources of

10   information.  Because investigation and discovery are ongoing, Brislan reserves the right

11   to supplement this response.

12

13   **INTERROGATORY NO. 8:**  Identify each and every specific instance where you were

14   "provided only formulary or approved medication," as referenced in Plaintiffs' Class

15   Action Complaint, as to yourself and each witness you have disclosed or may call for trial.

16   For each instance where you were "provided only formulary or approved medication"

17   describe with specificity the medication alleged to have been required, the medication

18   actually provided and the injury sustained as a result of being "provided only formulary or

19   approved medication."

20   **RESPONSE TO INTERROGATORY NO. 8:**  Brislan objects to this interrogatory as

21   prematurely seeking information while discovery and investigation are ongoing.  Brislan

22   also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert

23   Opinion Objection, and Absent Class Member Objection.  Brislan also objects to this

24   Request to the extent it requests information which is in the possession and control of

25   Defendants and more readily available to them than to Brislan.

26        Subject to and without waiving any objection, Brislan has experienced numerous

27   problems with his medication, including repeated delays and gaps in delivery of his

28   medication and has experienced severe side effects from his medication.  Brislan directs

Defendants to Plaintiffs' Complaint, as well as to Defendants' own records and other publicly-available sources of information, and to the documents produced by Defendants with the Bates numbers ADC027769- ADC027809. Because investigation and discovery are ongoing, Brislan reserves the right to supplement this response.

**INTERROGATORY NO. 9:** Identify each and every specific instance where you received "insufficient interaction and evaluation," as referenced in Plaintiffs' Class Action Complaint, as to yourself and each witness you have disclosed or may call for trial. For each instance where you received "insufficient interaction and evaluation" describe with specificity the interaction and evaluation required, the failure to interact and evaluate, and the injury sustained as a result.

**RESPONSE TO INTERROGATORY NO. 9:** Brislan objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing. Brislan also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert Opinion Objection, and Absent Class Member Objection. Brislan also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Brislan.

Subject to and without waiving any objection, Brislan directs Defendants to Plaintiffs' Complaint, including and without limitation ¶ 9, which states that "On two separate occasions when Plaintiff Brislan was placed in suicide watch for weeks for engaging in self-harming behavior and suffering severe side effects from a variety of psychotropic medications, he did not see a psychiatrist for stretches of five and seven months." Brislan further directs Defendants to their own records and other publicly-available sources of information, and to the documents produced by Defendants with the Bates numbers ADC027769- ADC027809. Because investigation and discovery are ongoing, Brislan reserves the right to supplement this response.

1   **INTERROGATORY NO. 10:**   Identify each and every specific instance where
2   Defendant did not "sufficiently manage psychotropic medication," as referenced in
3   Plaintiffs' Class Action Complaint, as to yourself and each witness you have disclosed or
4   may call for trial.   For each instance where Defendant did not "sufficiently manage
5   psychotropic medication" describe with specificity the management of psychotropic
6   medication required, the failure to sufficiently manage psychotropic medication, and the
7   injury sustained as a result.

8   **RESPONSE TO INTERROGATORY NO. 10:**   Brislan objects to this interrogatory as
9   prematurely seeking information while discovery and investigation are ongoing.   Brislan
10  also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert
11  Opinion Objection, and Absent Class Member Objection.   Brislan also objects to this
12  Request to the extent it requests information which is in the possession and control of
13  Defendants and more readily available to them than to Brislan.

14       Subject to and without waiving any objection, Brislan has experienced numerous
15  problems with his medication, including repeated delays and gaps in delivery of his
16  medication and has experienced severe side effects from his medication.   Brislan directs
17  Defendants to Plaintiffs' Complaint, as well as to Defendants' own records and other
18  publicly-available sources of information, and to the documents produced by Defendants
19  with the Bates numbers ADC027769- ADC027809.   Because investigation and discovery
20  are ongoing, Brislan reserves the right to supplement this response.

21

22  **INTERROGATORY NO. 11:**   Identify each and every specific instance where
23  Defendant did not "provide sufficient inpatient care to severely mentally ill prisoners," as
24  referenced in Plaintiffs' Class Action Complaint, as to yourself and each witness you have
25  disclosed or may call for trial.   For each instance where Defendant did not "provide
26  sufficient inpatient care to severely mentally ill prisoners" describe with specificity the
27  inpatient care required, the failure to provide sufficient inpatient care, and the injury
28  sustained as a result.

**RESPONSE TO INTERROGATORY NO. 11:** Brislan objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing. Brislan also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert Opinion Objection, and Absent Class Member Objection. Brislan also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Brislan.

Subject to and without waiving any objection, Brislan has experienced numerous problems with his medication, including repeated delays and gaps in delivery of his medication and has experienced severe side effects from his medication. Brislan directs Defendants to Plaintiffs' Complaint, as well as to Defendants' own records and other publicly-available sources of information, and to the documents produced by Defendants with the Bates numbers ADC027769- ADC027809. Because investigation and discovery are ongoing, Brislan reserves the right to supplement this response.

**INTERROGATORY NO. 12:** Identify each and every specific instance where you experienced "unconstitutional conditions of confinement" in suicide watch cells as referenced in Plaintiffs' Class Action Complaint, as to yourself and each witness you have disclosed or may call for trial. For each instance where you experienced "unconstitutional conditions of confinement" in suicide watch cells, describe with specificity how the conditions of confinement in suicide watch cells is unconstitutional, when you were confined to a suicide watch cell and for what period of time, and the injury sustained as a result.

**RESPONSE TO INTERROGATORY NO. 12:** Brislan objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing. Brislan also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert Opinion Objection, and Absent Class Member Objection. Brislan also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Brislan.

1    Subject to and without waiving any objection, Brislan directs Defendants to

2  Plaintiffs' Complaint, including without limitation ¶¶ 9 and 82-89, as well as to

3  Defendants' own records and other publicly-available sources of information.  Because

4  investigation and discovery are ongoing, Brislan reserves the right to supplement this

5  response.

6

7  **INTERROGATORY NO. 13:**   Identify each and every specific instance where you

8  experienced "unconstitutional conditions of confinement" in isolation cells as referenced

9  in Plaintiffs' Class Action Complaint, as to yourself and each witness you have disclosed

10  or may call for trial.   For each instance where you experienced "unconstitutional

11  conditions of confinement" in isolation cells, describe with specificity how the conditions

12  of confinement in isolation cells is unconstitutional, when you were confined to an

13  isolation cell and for what period of time, and the injury sustained as a result.

14  **RESPONSE TO INTERROGATORY NO. 13:**   Brislan objects to this interrogatory as

15  prematurely seeking information while discovery and investigation are ongoing.   Brislan

16  also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert

17  Opinion Objection, and Absent Class Member Objection.   Brislan also objects to this

18  Request to the extent it requests information which is in the possession and control of

19  Defendants and more readily available to them than to Brislan.

20    Subject to and without waiving any objection, Brislan directs Defendants to

21  Plaintiffs' Complaint, including without limitation ¶¶ 9, 90-100, as well as to Defendants'

22  own records and other publicly-available sources of information.   Because investigation

23  and discovery are ongoing, Brislan reserves the right to supplement this response.

24

25  **INTERROGATORY NO. 14:**   Identify and set forth with specificity each and every act

26  or omission that you contend violated the Eighth Amendment; identify the person(s)

27  violating this Amendment; describe how such violation proximately caused or contributed

28

1  to yours and each witness you have disclosed or may call for trial's injuries; and state all

2  facts upon which you rely to support this contention.

3  **RESPONSE TO INTERROGATORY NO. 14:** Brislan objects to this interrogatory as

4  prematurely seeking information while discovery and investigation are ongoing. Brislan

5  also asserts the Right to Supplement Objection, the Privilege Log Objection, Expert

6  Opinion Objection, and Absent Class Member Objection. Brislan also objects to this

7  Request to the extent it requests information which is in the possession and control of

8  Defendants and more readily available to them than to Brislan.

9      Subject to and without waiving any objection, Brislan directs Defendants to

10  Plaintiffs' Complaint as well as to Defendants' own records and other publicly-available

11  sources of information, and to the documents produced by Defendants with the Bates

12  numbers ADC027769- ADC027809. Because investigation and discovery are ongoing,

13  Brislan reserves the right to supplement this response.

14

15  **INTERROGATORY NO. 15:** Identify all impeachment evidence you may utilize at

16  trial. Identify each exhibit you intend to introduce at trial as impeachment evidence and

17  identify all witnesses who will testify at trial to provide impeachment evidence and state

18  with specificity, the expected testimony of each impeachment witness.

19  **RESPONSE TO INTERROGATORY NO. 15:** Brislan objects to this contention

20  interrogatory as prematurely seeking information while discovery and investigation are

21  ongoing. Brislan also asserts the Right to Supplement Objection, the Privilege Log

22  Objection, and the Expert Opinion Objection. Brislan also objects to this Request to the

23  extent it requests information which is in the possession and control of Defendants and

24  more readily available to them than to Brislan.

25      Subject to and without waiving any objection, Brislan will disclose impeachment

26  evidence pursuant to the Court's scheduling orders and/or upon agreement by the parties

27  relating to the disclosure of trial information.

28

1   **INTERROGATORY NO. 16:**   Identify any statements or admissions you intend to

2   introduce or use at trial under Fed. R. Evid. 801(d)(2), by any ADC employee, former

3   ADC employee, employee of the State of Arizona, and/or former employee of the State of

4   Arizona including the name of the person who made the statement, the date/time of the

5   statement, and all persons present when the statement was made.

6   **RESPONSE TO INTERROGATORY NO. 16:**   Brislan objects to this contention

7   interrogatory as prematurely seeking information while discovery and investigation are

8   ongoing.   Brislan also asserts the Privilege Log Objection, the Absent Class Member

9   Objection, and the Right to Supplement Objection.  Brislan also objects to this Request to

10  the extent it requests information which is in the possession and control of Defendants and

11  more readily available to them than to Brislan.

12         Subject to and without waiving any objection, Brislan will disclose responsive

13  information pursuant to the Court's scheduling orders and/or upon agreement by the

14  parties relating to the disclosure of trial information.

15

16  **INTERROGATORY NO. 17:**  Identify any and all medical and mental health providers,

17  including but not limited to any medical provider, hospital, physician, doctor, nurse, nurse

18  practitioner, specialist, physician's assistant, therapist, chiropractor, physical therapist,

19  occupational therapist, psychiatrist, psychologist, counselor, mental health care provider

20  and/or counselor with whom you or any former or current detainee or inmate you may call

21  at trial have been treated, examined, or performed tests upon from 2004 to the present.

22  **RESPONSE TO INTERROGATORY NO. 17:**  Brislan objects to this interrogatory as

23  prematurely seeking information while discovery and investigation are ongoing.  Brislan

24  also asserts the Right to Supplement Objection and Absent Class Member Objection.

25  Brislan also objects to this Request to the extent it requests information which is in the

26  possession and control of Defendants and more readily available to them than to Brislan.

27

28

1  Subject to and without waiving any objection, Brislan directs Defendants to

2  Plaintiffs' Complaint, as well as to Defendants' own records and other publicly-available

3  sources of information.

4

5  **INTERROGATORY NO. 18:**  Identify all depositions, trial testimony, statements, or

6  interviews of any person, potential witness, or expert you have or may use to cross

7  examine any witness or expert witness in this case.

8  **RESPONSE TO INTERROGATORY NO. 18:**  Brislan objects to this interrogatory as

9  prematurely seeking information while discovery and investigation are ongoing.  Brislan

10  also asserts the Right to Supplement Objection.  Brislan also objects to this Request to the

11  extent it requests information which is in the possession and control of Defendants and

12  more readily available to them than to Brislan.

13  Subject to and without waiving any objection, Brislan will disclose responsive

14  information pursuant to the Court's scheduling orders and/or upon agreement by the

15  parties relating to the disclosure of trial information.

16

17  **INTERROGATORY NO. 19:**  For each witness identified in your disclosure statement,

18  please provide the substance of their anticipated testimony as if deposed or a summary of

19  the facts they possess that are relevant to this matter.

20  **RESPONSE TO INTERROGATORY NO. 19:**  Brislan objects to this interrogatory as

21  prematurely seeking information while discovery and investigation are ongoing.  Brislan

22  also asserts the Right to Supplement Objection and Privilege Log Objection.  Brislan also

23  objects to this Request to the extent it requests information which is in the possession and

24  control of Defendants and more readily available to them than to Brislan.

25  Subject to and without waiving any objection, Brislan will disclose responsive

26  information pursuant to the Court's scheduling orders and/or upon agreement by the

27  parties relating to the disclosure of trial information.

28

Dated:  October 18, 2012

**PERKINS COIE LLP**

By:   John H. Gray
Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
Matthew B. du Mée (Bar No. 028468)
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
             rjipke@perkinscoie.com
             jahlers@perkinscoie.com
             keidenbach@perkinscoie.com
             jhgray@perkinscoie.com
             tryerson@perkinscoie.com
             mdumee@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF
ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
             kflood@acluaz.org
             jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct.
R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
             ahardy@prisonlaw.com
             snorman@prisonlaw.com
             ckendrick@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@npp-aclu.org
           afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com
           dkiernan@jonesday.com
           scalderon@jonesday.com
           srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone: (202) 879-3837
Email:   rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com
           ksuh@jonesday.com

*Admitted *pro hac vice*

-17-

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:   kmamedova@jonesday.com
         jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on October 18, 2012, I e-mailed a copy of the attached

3   document to the following parties:

4                          Michael E. Gottfried
                        Assistant Arizona Attorney General
5                       Michael.Gottfried@azag.gov

6                          Daniel P. Struck
                           Kathleen L. Wieneke
7                        Timothy J. Bojanowski
                           Rachel Love
8                        Nicholas D. Acedo
                           Courtney R. Cloman
9                        Ashlee B. Fletcher
                           Anne M. Orcutt
10         STRUCK WIENEKE, & LOVE, P.L.C.
                         dstruck@swlfirm.com
11                      kwieneke@swlfirm.com
                        tbojanowski@swlfirm.com
12                       rlove@swlfirm.com
                         nacedo@swlfirm.com
13                      ccloman@swlfirm.com
                        afletcher@swlfirm.com
14                       aorcutt@swlfirm.com

15                    *Attorneys for Defendants*

16

17                        Jennifer Alewelt
                           Asim Varma
                           Sarah Kader
18        ARIZONA CENTER FOR DISABILITY LAW
                        jalewelt@azdisabilitylaw.org
19                      avarma@azdisabilitylaw.org
                        skader@azdisabilitylaw.org
20

21         *Attorneys for Arizona Center for Disability Law*

22

23                                     Kaye Leach

24   78204-0001/LEGAL24719806.1

25

26

27

28

*Exhibit A*



**All Court Types Party Search**

Wed Oct 10 11:38:58 2012

7 records found

**User:** bb0049 P
**Client:** 78204-0001
**Search:** All Court Types Party Search Name brislan, dustin All Courts Page: 1

**Civil Results**

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 1 Brislan, Dustin (pla) | azdce | 2:2003-cv-02240 | 555 | 11/14/2003 | 04/19/2004 |
| 2 Brislan, Dustin (pla) | azdce | 2:2003-cv-02241 | 555 | 11/14/2003 | 09/16/2005 |
| 3 Brislan, Dustin (pla) | azdce | 2:2003-cv-02346 | 555 | 11/26/2003 | 07/06/2004 |
| 4 Brislan, Dustin (pla) | azdce | 2:2003-cv-02598 | 555 | 12/29/2003 | 07/06/2004 |
| 5 Brislan, Dustin (pla) | azdce | 2:2004-cv-00150 | 555 | 01/22/2004 | 07/06/2004 |
| 6 Brislan, Dustin (pla) | azdce | 2:2010-cv-02070 | 555 | 09/27/2010 | 03/21/2012 |
| 7 Brislan, Dustin (pla) | azdce | 2:2012-cv-00601 | 555 | 03/22/2012 | |

> **Receipt** 10/10/2012 11:38:59 32987315
>
> **User** bb0049 P
> **Client** 78204-0001
> **Description** All Court Types Party Search
> Name brislan, dustin All Courts Page: 1
> **Pages** 1 ($0.10)

PLTF-PARSONS-004360

**Verification**

I, Dustin Brislan, declare as follows:

I have read the foregoing Responses and Objections to Defendant Ryan's First Set of Interrogatories to Plaintiff Dustin Brislan, and state that the facts therein are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States and the State of Arizona that the foregoing is true and correct.

Executed on this __11__ day of __October__, 2012, in ____State____, Arizona.

_____

Dustin Brislan

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone:  (602) 650-1854
   Email: dpochoda@acluaz.org
5          kflood@acluaz.org
           jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
   *Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8  *Christina Verduzco, Jackie Thomas, Jeremy Smith,*
   *Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*
10
   **[ADDITIONAL COUNSEL LISTED ON**
11  **SIGNATURE PAGE]**

12              UNITED STATES DISTRICT COURT

13                   DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina             (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on       **PLAINTIFF MARYANNE**
    behalf of themselves and all others similarly        **CHISHOLM'S RESPONSES**
17  situated; and Arizona Center for Disability Law,     **TO DEFENDANT RICHARD**
                                                         **PRATT'S SECOND SET OF**
18              Plaintiffs,                              **INTERROGATORIES**

19      v.

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23              Defendants.

24

25

26

27

28

1  PROPOUNDING PARTY:          Richard Pratt

2  RESPONDING PARTY:           Maryanne Chisholm

3  SET NO:                     Two

4      Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Maryanne Chisholm

5  ("Chisholm") hereby responds to Defendant Richard Pratt's Second Set of Interrogatories.

6                    **OBJECTIONS TO INSTRUCTIONS AND**

7                    **OBJECTIONS FOR SPECIFIC RESPONSES**

8      1.     Chisholm objects to the "Definitions" accompanying Defendant's Requests

9  to the extent that they purport to impose any discovery obligation on Chisholm beyond the

10 obligations imposed on Chisholm by the Federal Rules of Civil Procedure, the Local

11 Rules of the District of Arizona ("Local Rules"), or the Court's Scheduling Order.

12 Chisholm objects to the Interrogatories to the extent they seek to circumvent any dates

13 that will be established by the Court's Scheduling Order, other Court order, rule, statute,

14 or agreement of the parties.  To the extent that Defendant's Interrogatories conflict with a

15 Court order or rule, Chisholm will follow the dates set by the Court.  Chisholm has not

16 completed her investigation of the facts relating to this case, has not completed her

17 discovery in this action, and has not completed her preparation for trial, so she reserves

18 the right to supplement.  Collectively, this objection will be referred to as the "Right to

19 Supplement Objection."

20     2.     Chisholm objects to Interrogatories below as requesting information more

21 appropriately the subject of expert testimony, including medical information and

22 information relating to Defendants' policies and procedures.  As explained above,

23 Plaintiff Chisholm will disclose expert opinions as required by the Court's scheduling

24 orders.  This objection will be referred to as the "Expert Opinion Objection."

25     3.     To the extent that Chisholm's response to the Interrogatories uses a term

26 defined by Defendant, Chisholm does not adopt or agree with Defendant's definition or

27 waive any objection, but merely uses such defined terms by way of identification.  Any

28

1   lack of objection or response to the Interrogatories should not be deemed an admission by

2   Chisholm that Chisholm possesses any information called for in the Interrogatories.

3        4.     Chisholm's response to the Interrogatories shall not be deemed to constitute

4   an admission that any requested information, document, or category of information or

5   documents is relevant, and is not a waiver of any right to object to the materiality,

6   relevance, or admissibility of any information or documents disclosed in response.

7        5.     Chisholm objects to the Interrogatories below that request information from

8   absent class members.  Such absent class members are not subject to written discovery.

9   *See, e.g., On the House Syndication, Inc. v. Federal Exp. Corp.,* 203 F.R.D. 452, 455-56

10  (S.D. Cal. 2001) (quoting *Fischer v. Wolfinbarger,* 55 F.R.D. 129, 132 (W.D. Ky. 1971)

11  ("It is not intended that members of the class should be treated as if they were parties

12  plaintiff, subject to the normal discovery procedures, because if that were permitted, then

13  the reason for [Rule 23] would fail.")).  However, to the extent that Chisholm has in her

14  possession, custody, or control documents relating to absent class members who were

15  disclosed in Plaintiffs' Initial Disclosures, she will provide such information.  Plaintiff

16  Chisholm will refer to this objection below as the "Absent Class Member Objection."

17       6.     Chisholm also objects to Defendant's Instructions to the extent they purport

18  to require information on a privilege log beyond what is required by Federal Rule of Civil

19  Procedure 26(b)(5).  Plaintiff Chisholm will provide the information necessary to satisfy

20  Rule 26(b)(5).  Chisholm further objects to any requirement to log materials generated by

21  trial counsel in the course of this litigation as unduly burdensome and not reasonably

22  calculated to lead to the discovery of admissible evidence and will not log such

23  communications absent a court order, nor will Plaintiff Chisholm require Defendants to

24  log such materials.  *See, e.g., iSmart Int'l Ltd. v. I-DocSecure, LLC*, 2006 WL 2263910, at

25  *3 (N.D. Cal. Aug. 8, 2006) (correspondence generated involving counsel after the action

26  was filed or "in direct connection with preparation for the litigation" did not have to be

27  logged). This will be referred to below as the "Privilege Log Objection."

28

7.     To the extent any Request or any portion thereof is not expressly admitted, it is denied.

## INTERROGATORIES

**INTERROGATORY NO. 13:**  Identify all depositions, trial testimony, statements, and interviews of any person, potential witness, or expert you may use to cross examine any witness or expert witness in this case.

**RESPONSE TO INTERROGATORY NO. 13:**  Chisholm objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing. Chisholm also asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection.  Chisholm also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Chisholm.

Subject to and without waiving any objection, Chisholm will disclose depositions, trial testimony, statements, and interviews of any person, potential witness, or expert pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to the disclosure of trial information.


**INTERROGATORY NO. 14:**  For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter.

**RESPONSE TO INTERROGATORY NO. 14:**  Chisholm objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing. Chisholm also asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection.  Chisholm objects to this Request as premature and overly burdensome.  Chisholm also objects to this Request to the extent it requests information which is in the possession and control of Defendants and more readily available to them than to Chisholm.

1    Subject to and without waiving any objection, Chisholm will disclose witness
2    testimony and relevant facts possessed by those witnesses pursuant to the Court's
3    scheduling orders and/or upon agreement by the parties relating to the disclosure of trial
4    information.

5

6    **INTERROGATORY NO. 15:**   In your responses to Defendant Richard Pratt's First
7    Requests for Admission nos. 5-12, you contend that "Defendants' policies and procedures
8    at all times placed all inmates, including Plaintiff Chisholm, at an unreasonable risk of
9    harm."  Please explain how.

10   **RESPONSE TO INTERROGATORY NO. 15:**  Chisholm objects to this interrogatory
11   as prematurely seeking information while discovery and investigation are ongoing.
12   Chisholm also asserts the Right to Supplement Objection, Expert Opinion Objection, and
13   Absent Class Member Objection.  Chisholm also objects to this Request to the extent it
14   requests information which is in the possession and control of Defendants and more
15   readily available to them than to Chisholm.

16   Subject to and without waiving any objection, Chisholm directs Defendants to
17   Plaintiffs' Complaint, to Defendants' own records, other publicly-available documents
18   disclosed and/or used in this litigation, and the documents produced by Defendants with
19   the Bates numbers ADC027769- ADC027809.  The evidence shows that Defendants have
20   a systemic policy and practice of providing a constitutionally-inadequate health care to
21   inmates in ADC and of providing constitutionally-inadequate conditions of confinement.
22   Those systemic deficiencies place all ADC inmates, including Plaintiff Chisholm, at an
23   unreasonable risk of harm. ADC's systemic deficiencies are evidenced by numerous
24   examples of constitutionally inadequate conditions of confinement, which include, but are
25   not limited to, the following:

26   • Inadequate staffing to provide health care

27   • Inadequate medication management (delays, interruption, medication errors,
28   etc.)

1     •   Inadequate follow-up care after outside surgery/treatment

2     •   Inadequate care for chronic conditions/special diets

3     •   Unreasonable risk of communicable disease

4     •   Delay in receiving specialist/outside care

5     •   Delays in seeing appropriately qualified health care providers

6     •   Care provided by unqualified staff

7     •   Non-functional system to make health care needs known (HNR)

8     •   Inadequate staff training for emergencies

9     •   Failure to provide medical devices/supplies

10    •   Inadequate medication management (delays, interruption, medication errors,

11       etc.)

12    •   Non-functional system to make health care needs known (HNR)

13    •   Delays in seeing appropriately qualified health care providers

14    •   Care provided by unqualified staff

15    •   Dangerous/degrading conditions of suicide watch

16    •   Use of pepper spray on prisoners with mental illness

17    •   Lack of appropriate monitoring of psychotropic medications

18    •   Rare or nonexistent treatment by psychiatrists; reliance on lower-level staff

19    •   Lack of mental health care other than medication

20    •   Inadequate staff training for emergencies

21    •   Failure to take precautions for heat sensitivity

22    •   Lack of inpatient care

23    •   Extraction as the only dental care offered

24    •   Delays in receiving dental care

25    •   22-24 hour lockdown

26    •   No exclusion of the seriously mentally ill

27    •   No/inadequate outdoor exercise

28    •   24 hour illumination

1        • Limited property/environmental stimulation

2        • Inadequate nutrition/2 meals a day

3        Because investigation and discovery are ongoing, Chisholm reserves the right to

4    supplement this response.

5

6    **INTERROGATORY NO. 16:**  Identify each policy and procedure you contend placed

7    all inmates, including Plaintiff Chisholm, at an unreasonable risk of harm.

8    **RESPONSE TO INTERROGATORY NO. 16:**  Chisholm objects to this interrogatory

9    as prematurely seeking information while discovery and investigation are ongoing.

10   Chisholm also asserts the Right to Supplement Objection, Expert Opinion Objection, and

11   Absent Class Member Objection.  Chisholm also objects to this Request to the extent it

12   requests information which is in the possession and control of Defendants and more

13   readily available to them than to Chisholm.

14       Subject to and without waiving any objection, Chisholm directs Defendants to

15   Plaintiffs' Complaint, to Defendants' own records, other publicly-available documents

16   disclosed and/or used in this litigation.  Chisholm also directs Defendants to her response

17   to Interrogatory No. 15, which includes descriptions and examples of Defendants' policies

18   and procedures.  Because investigation and discovery are ongoing, Chisholm reserves the

19   right to supplement this response.

20

21

22

23

24

25

26

27

28

Dated:  October 22, 2012

**PERKINS COIE LLP**

By:   s/ John H. Gray
Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
Matthew B. du Mée (Bar No. 028468)
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:   dbarr@perkinscoie.com
         rjipke@perkinscoie.com
         jahlers@perkinscoie.com
         keidenbach@perkinscoie.com
         jhgray@perkinscoie.com
         tryerson@perkinscoie.com
         mdumee@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:   dpochoda@acluaz.org
         kflood@acluaz.org
         jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com

*Admitted *pro hac vice*

-7-

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@npp-aclu.org
              afettig@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com
              dkiernan@jonesday.com
              scalderon@jonesday.com
              srauh@jonesday.com

*Admitted *pro hac vice*

R. Scott Medsker (D.C. 976405)*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone:  (202) 879-3837
Email:    rsmedsker@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Kate A. Suh (Tex. 24075132)
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com
              ksuh@jonesday.com
*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:    kmamedova@jonesday.com
             jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Victor Parsons;
Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 22, 2012, I e-mailed a copy of the attached document to the following parties:

Michael E. Gottfried
Assistant Arizona Attorney General
Michael.Gottfried@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*


Jennifer Alewelt
Asim Varma
Sarah Kader
ARIZONA CENTER FOR DISABILITY LAW
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*


S. Neilson

78204-0001/LEGAL24769282.1

-10-

**Verification**

I, Maryanne Chisholm, declare as follows:

I have read the foregoing Responses and Objections to Defendant Richard Pratt's Second Set of Interrogatories to Plaintiff Maryanne Chisholm, and state that the facts therein are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States and the State of Arizona that the foregoing is true and correct.

Executed on this 9th day of ~~August~~ October (me), 2012, in Perryville, Goodyear, Arizona.

Maryanne Chisholm