INDEX TO EXHIBITS

Exhibit 1:     September 5, 2013 email from Don Specter to Dan Struck

Exhibit 2:     Health Services Contract Monitoring Bureau chart

Exhibit 3:     Declaration of Kathleen Campbell

Exhibit 4:     Excerpts of August 7, 2013 hearing transcript (Motion Hearing)

Exhibit 5:     Excerpts from Defendants' Eighth Supplemental Disclosure Statement

Exhibit 6:     Excerpts of November 30, 2012 hearing transcript (Scheduling Conference)

Exhibit 7:     August 30, 2013 email from Corene Kendrick to Dan Struck, et al.

# Exhibit 1

**Corene Kendrick**

---

| | |
|---|---|
| **From:** | Don Specter |
| **Sent:** | Thursday, September 05, 2013 2:41 PM |
| **To:** | Dan Struck |
| **Cc:** | Corene Kendrick; Kathy Wieneke; Rachel Love; Tim Bojanowski; Nick Acedo; Courtney Cloman; Ashlee Fletcher; Anne Orcutt; Michael E. Gottfried; Katherine Watanabe; Lucy Rand; Parsons Team; David Fathi; Caroline Mitchell; Kirstin Eidenbach; kflood@acluaz.org; jalewelt@azdisabilitylaw.org; Alison Hardy |
| **Subject:** | RE: Parsons v. Ryan, expert tours |

I guess we should wait to finalize this until we get clarification from the court, since if the Court agrees with your interpretation there will not be a second day and we will just go the usual hours on the first and only day.  I do understand from your email, however, that those dates are acceptable and I will tell Dr. Wilcox to reserve them.

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, September 05, 2013 1:53 PM
**To:** 'Don Specter'
**Cc:** Corene Kendrick; Kathy Wieneke; Rachel Love; Tim Bojanowski; Nick Acedo; Courtney Cloman; Ashlee Fletcher; Anne Orcutt; Michael E. Gottfried; Katherine Watanabe; Lucy Rand; Parsons Team; David Fathi; Caroline Mitchell; Kirstin Eidenbach; kflood@acluaz.org; jalewelt@azdisabilitylaw.org; Alison Hardy
**Subject:** RE: Parsons v. Ryan, expert tours

Don,

As you are probably aware, we will be jointly asking the court to clarify whether he meant  the tour was one day or two days at each facility.   With respect to the dates,   the earlier October dates (15,16th) work for the Florence facility, and the later (24,25th) will work as long as Dr. Wilcox is touring the Tucson facility.

Dan Struck



**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

---

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Wednesday, September 04, 2013 12:03 PM
**To:** Dan Struck
**Cc:** Corene Kendrick; Kathy Wieneke; Rachel Love; Tim Bojanowski; Nick Acedo; Courtney Cloman; Ashlee Fletcher; Anne Orcutt; Michael E. Gottfried; Katherine Watanabe; Lucy Rand; Parsons Team; David Fathi; Caroline Mitchell; Kirstin Eidenbach; kflood@acluaz.org; jalewelt@azdisabilitylaw.org; Alison Hardy
**Subject:** RE: Parsons v. Ryan, expert tours

Dan,

Dr. Wilcox is available to tour on October 15-16[th], and 24-25.  On the 16th and 25th he has to leave by 2:00 because of other commitments.  We'd like to start the tour on the 16th and 25th at 7:00 instead of the usual 8:00.

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Tuesday, September 03, 2013 4:31 PM
**To:** 'Don Specter'
**Cc:** Corene Kendrick; Kathy Wieneke; Rachel Love; Tim Bojanowski; Nick Acedo; Courtney Cloman; Ashlee Fletcher; Anne Orcutt; Michael E. Gottfried; Katherine Watanabe; Lucy Rand; Parsons Team; David Fathi; Caroline Mitchell; Kirstin Eidenbach; kflood@acluaz.org; jalewelt@azdisabilitylaw.org; Alison Hardy
**Subject:** RE: Parsons v. Ryan, expert tours

Don,

Sorry for the delay in getting back to you, but I just got back from an out of town pre-trial conference.

The October 14th date does not work as it is a holiday.    Do any other dates work for Dr. Wilcox?



**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

---

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Tuesday, September 03, 2013 3:19 PM
**To:** Dan Struck
**Cc:** Corene Kendrick; Kathy Wieneke; Rachel Love; Tim Bojanowski; Nick Acedo; Courtney Cloman; Ashlee Fletcher; Anne Orcutt; Michael E. Gottfried; Katherine Watanabe; Lucy Rand; Parsons Team; David Fathi; Caroline Mitchell; Kirstin Eidenbach; kflood@acluaz.org; jalewelt@azdisabilitylaw.org; Alison Hardy
**Subject:** RE: Parsons v. Ryan, expert tours

Dan,

Have you been able to confirm the tours listed immediately below?

Don

---

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Saturday, August 31, 2013 12:46 PM
**To:** 'Dan Struck'
**Cc:** Corene Kendrick; 'Kathy Wieneke'; 'Rachel Love'; 'Tim Bojanowski'; 'Nick Acedo'; 'Courtney Cloman'; 'Ashlee Fletcher'; 'Anne Orcutt'; 'Michael E. Gottfried'; 'Katherine Watanabe'; 'Lucy Rand'; 'Parsons Team'; 'David Fathi'; 'Caroline Mitchell'; 'Kirstin Eidenbach'; 'kflood@acluaz.org'; 'jalewelt@azdisabilitylaw.org'; Alison Hardy
**Subject:** RE: Parsons v. Ryan, expert tours

Exhibit 2



## Health Services Contract Monitoring Bureau

**Arthur Gross**
Assistant Director
Health Services Bureau
SDC000010869 Gr 01
AUN06806

**Laurie Berg**
Exec Staff Assist
SDC000010870 Gr 20
AUN02542

Total Positions: 34 ( 32.5 fillable)
Revised 7-29-13

**Jason Reese**
Executive Consultant II (IT)
SDC000010871 Gr 22
AUN05814

**Amy Landry**
DC Ops Business Office Mgr
SDC000010872 Gr 23
AUN06532

**Juliet Respicio-Moriarty**
ASO 5
I/M Grievance Appeals Investigator
SDC000010873 Gr 24
AUN05947

**Carol Pearson**
ASO 2
Medical Records Monitor
SDC000010874 - Gr 21
AUN09023

**Kathleen Campbell**
Program Evaluation Admr
(Contract Compliance)
SDC000010890 Gr 26
AUN09077

**Sharon Bohm**
Exec Staff Asst
SDC000010891 Gr 20
AUN02542

**Sharon Malcolm**
Exec Staff Asst
SDC000010876 Gr 20
AUN02542

**Richard Pratt**
Program Evaluation Admr
(Quality/Clinical)
SDC000010875 Gr 26
AUN09077

**Anthony Medel**
ASPC-Yuma
Compliance Monitor 2
SDC000010896 Gr 25
AUN07605

**Jen Mielke-Fontaine**
ASPC-Florence
Compliance Monitor 2
SDC000010897 Gr 25
AUN07605

**VACANT**
Prog Evaluation Spct – F/E
(Audit Nurse)
SDC000010880 Gr 23
AUN09025

**Vanessa Headstream**
Health Services Coordinator
(Nursing Monitor)
SDC000010877 Gr 24
AUN04409

**David Robertson**
Medical Program Admr
SDC000010883 Gr 01
AUN01867

**Troy Evans**
ASPC-Safford/Ft. Grant
Compliance Monitor 1
SDC000010892 Gr 24
AUN07604

**Matthew Musson**
ASPC-Eyman
Compliance Monitor 2
SDC000010898 Gr 25
AUN07605

**Brenda McMullen**
Prog Evaluation Spct
(Audit Nurse)
SDC000010878 Gr 23
AUN09025

**Nicole Taylor**
Health Services Coordinator
(MH Monitor)
SDC000010886 Gr 24
AUN04409

**Helena Valenzuela**
ASPC-Phoenix
Compliance Monitor 1
SDC000010893 Gr 24
AUN07604

**Terry Allred**
ASPC-Lewis
Compliance Monitor 2
SDC000010899 Gr 25
AUN07605

**Erin Barlund**
Prog Evaluation Spct – L/PV
(Audit Nurse)
SDC000010881 Gr 23
AUN09025

**Yvonne Mease**
Prog Evaluation Spct
(Audit Nurse)
SDC000010879 Gr 23
AUN09025

**Jessica Raak**
Prog Comp Auditor 3
(MH Auditor)
SDC000010887 Gr 20
AUN04759

**Sam Tardibuono**
ASPC-Douglas
Compliance Monitor 1
SDC000010894 Gr 24
AUN07604

**Mark Haldane**
ASPC-Perryville
Compliance Monitor 2
SDC000010900 Gr 25
AUN07605

**John Mitchell**
ASPC-Winslow
Compliance Monitor 1
SDC000010895 Gr 24
AUN07604

**Marlena Bedoya**
ASPC-Tucson
Compliance Monitor 2
SDC000010901 Gr 25
AUN07605

**Trudy Dumkrieger**
Prog Evaluation Spct – Tucson
(Audit Nurse)
SDC000010882 Gr 23
AUN09025

**Martin Winland**
Pharmacy Monitor
(Pharmacist)
SDC000010883 Gr 01
AUN04000

**VACANT**
Psychiatrist Senior
SDC000010888 Gr 01
AUN03380
(Fill with .25 employee)

**Kristan Sears**
Compliance Monitor 1
(Contract Beds)
SDC000010902 Gr 24
AUN07604

**Terri Ignacio - FMLA**
Compliance Monitor 1
(Contract Beds)
SDC000010903 Gr 24
AUN07604

**Steven Bender - COPY**
Compliance Monitor 1
(Contract Beds)
SDC000011550 Gr 24
AUN07604

**Karen Chu**
Dental Prog Mgr
SDC000010889 Gr 01
AUN03401
(Fill with .25 employee)

# Exhibit 3

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>　　　　　　　　　　　　Defendants. | NO. 2:12-cv-00601-NVW<br><br>**DECLARATION OF KATHLEEN CAMPBELL** |

I, **KATHLEEN CAMPBELL**, make the following Declaration:

1.      I am over the age of 18 years and am competent to testify to, and have personal knowledge of, the matters set forth in this Declaration.

2.      I am an Arizona Department of Corrections ("ADC") employee, and currently the Program Evaluation Administrator (Contract Compliance) in the Health Services Contract Monitoring Bureau.

3.      There are approximately 34 ADC employees that work in the Health Services Contract Monitoring Bureau. The Bureau oversees many things, including grievance appeals, medical records, contract compliance, and quality/clinical care.  The contract compliance component is responsible for ensuring that private vendors are fulfilling their contractual obligations with ADC. Each facility has a contract monitor that is responsible for ensuring Corizon's compliance with its duties relating to health care under the ADC-Corizon contract.

4.      Those contract-compliance monitors are: Anthony Medel (ASPC-Yuma); Jen Mielke-Fontaine (ASPC-Florence); Troy Evans (ASPC-Safford); Matthew Musson (ASPC-Eyman); Helena Valenzuela (ASPC-Phoenix);      Terry Allred (ASPC-Lewis); Sam Tardibuono (ASPC-Douglas); Mark Haldane (ASPC-Perryville); John Mitchell (ASPC-Winslow); and Marlena Bedoya (ASPC-Tucson).

5.      My responsibilities include supervising these 10 contract-compliance monitors.

6.      The quality/clinical care component of the Bureau is primarily responsible for overseeing the quality of care that is provided to ADC inmates, including medical care, dental care, and mental health care, and ensuring that certain standards are met.  These employees focus on the clinical aspect of the care provided.  With two exceptions, clinical monitors are not assigned to a specific facility, but instead monitor care statewide.  Erin Barlund (ASPC-Lewis/Perryville) and Trudy Dumkrieger (ASPC-Tucson) monitor care at specific facilities because of their size and the number of inmates.

7.      Karen Chu, D.M.D. (Dental Program Manager), David Robertson, D.O. (Medical Program Administrator), Vanessa Headstream, R.N. (Health Services

2

Coordinator – Nursing Monitor), Nicole Taylor, Ph.D. (Health Services Coordinator – Mental Health Monitor), and Martin Windland, R.Ph. (Pharmacy Monitor) are not "contract" monitors responsible for monitoring compliance with the ADC-Corizon contract at a specific facility.  They fall under the quality/care component of the Bureau, and are clinicians who primarily monitor the quality of care statewide.

8.     Steven Bender (Private Prison Contract Monitor) is primarily responsible for monitoring private prison contracts involving facilities operated by Management and Training Corporation and GEO Group, which are not at issue in this litigation.

9.     Defendants' Exhibit 2 to the Joint Motion for Clarification is a true and correct copy of the most recent organizational chart for the Health Services Contract Monitoring Bureau.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____September     6_____, 2013.


_____Kathleen Campbell_____
Kathleen Campbell

2804720.1

3

Exhibit 4

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

—————————————

| | | |
|---|---|---|
| **Victor Parsons**, et al., on behalf of themselves and all others similarly situated; and **Arizona Center for Disability Law**, | ) ) ) ) ) ) | No.  **CV 12-00601-PHX-NVW** |
| | ) | **Phoenix, Arizona** |
| Plaintiffs, | ) | **August 7, 2013** |
| vs. | ) | **10:00 a.m.** |
| | ) | |
| **Charles Ryan**, Director, Arizona Department of Corrections; and **Richard Pratt**, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

—————————————————————————

BEFORE:  **THE HONORABLE NEIL V. WAKE, JUDGE**

(*Motion Hearing*)

Official Court Reporter:
Laurie A. Adams, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 43
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

─────────────August 7, 2013 - Motion Hearing─────────────

1    closure and we can proceed on the named plaintiffs.

2            MR. ACEDO:  Well, Your Honor --

3            THE COURT:  Go ahead.

4            MR. ACEDO:  We don't think that this discovery would

5    go to waste.  I mean, the facilities aren't changing.  They          10:26:07

6    don't need to take additional tours.  The facilities are

7    staying the same.  The depositions, not that many depositions

8    have been taken so far.  Would they need to retake those

9    depositions?  Well, let's assume that they did.  And we're not

10   agreeing to that, but let's assume that they did.  They would       10:26:26

11   be very limited.  What has happened since the case was stayed?

12   These wouldn't be seven-hour depositions.  These would be one-

13   or two-hour depositions.  And some of them wouldn't even need

14   to be taken again.  Contract monitors, for example, individuals

15   that don't have any relevant information with respect to the        10:26:44

16   individual plaintiffs' claims.  A lot of these depositions were

17   just were more broad, systemic that went towards the class

18   claims.

19           So there weren't that many that have been taken.

20   There's far more that are yet to be taken that we can stop.  I      10:27:00

21   don't think --

22           THE COURT:  Tell me the character of these untaken

23   depositions.

24           MR. ACEDO:  I believe --

25           THE COURT:  I mean, if this is a matter of the              10:27:11

─────────── August 7, 2013 - Motion Hearing ───────────

1   character of what I'm seeing reading this, of asking a whole

2   bunch of people on the retail level of the prison health care

3   services depositions, I don't see that as appropriate and

4   justified.  That's interviewing people at the bus stations to

5   find out how many people ride on a bus system.                    10:27:34

6           MR. ACEDO:  Of the 22 depositions that they have

7   noticed that are going to be happening in the next 30 days, 11

8   of them are contract monitors from the different facilities.

9           THE COURT:  And what are they, again, their

10  depositions, what do you think they are about?                    10:27:49

11          MR. ACEDO:  Well, I think they are going to be

12  relatively duplicative.  I mean, these contract monitors are in

13  there to make sure ADC is complying with -- Corizon is

14  complying with the contract with ADC.  And we don't understand

15  how it's going to be different from one facility to another.      10:28:07

16  So for them to parade eight or nine contract monitors just from

17  different facilities, we think that that's not useful.  But

18  that's 11 of the upcoming 22.

19          THE COURT:  Are those one-hour depositions each or

20  what?                                                             10:28:24

21          MR. ACEDO:  They have all been slated for seven hours,

22  I believe.

23          THE COURT:  Seven hours each?

24          MS. GERLICHER:  They have been noticed to start at 9

25  a.m., Your Honor.  Some of them are half day.                     10:28:33


UNITED STATES DISTRICT COURT

——————August 7, 2013 - Motion Hearing——————

1  again, I read the *Chamberlan* opinion again last night.  If you

2  read it closely, it contemplates that things should stop

3  because of the uncertainty, because if they reverse that order

4  it drastically changes the face of the lawsuit.

5      THE COURT:  But does it drastically change it?                10:31:43

6      MR. ACEDO:  We think it does.  We think it does.  And

7  we know that's a hard concept to grapple with.  But a perfect

8  example are these contract monitors from multiple facilities

9  that they want to depose.  Why would they need to depose all

10 those contract monitors if it were just one plaintiff's claim?   10:32:02

11 Why would they tour a facility where none of the plaintiffs are

12 housed?  Those are concrete examples.

13      Why would we have to answer interrogatories that ask,

14 provide us the list of names of all prisoners who have this

15 chronic condition?  Well, it's unnecessary.                      10:32:19

16      THE COURT:  Well, yeah.  Well, I need to hear from the

17 other side.  But it does appear to me that the scope of the

18 discovery that's been sought greatly exceeded what I had

19 contemplated.

20      MR. ACEDO:  And what's set up now, if there is no           10:32:43

21 stay, that will continue for the next three or four months.

22      Thank you.

23      THE COURT:  All right.  Ms. Gerlicher.

24      MS. GERLICHER:  Yes, Your Honor.

25      THE COURT:  Ms. Gerlicher, are you with -- what firm        10:33:12

UNITED STATES DISTRICT COURT

─────── August 7, 2013 - Motion Hearing ───────

1  very small number of written requests based on what we learned

2  or did not get at the expert tours; the issue of e-mail; the

3  expert tours that remain to be conducted that we discussed; and

4  depositions.

5      THE COURT:  About how many depositions?                    10:47:52

6      MS. GERLICHER:  Well, if we have to go forward under

7  the current deadline and the information we need know today

8  then we need the ones we have noticed plus the one from Corizon

9  and Smallwood employees.  If we could get an extension, which

10 we don't think we would extend any other deadlines, just        10:48:07

11 extension of fact discovery, then we believe we can lower that

12 list.

13     THE COURT:  But he says there's -- you want to

14 interview 11 of the monitors and what other depositions do you

15 need?                                                           10:48:23

16     MS. GERLICHER:  Well, the current depositions that

17 have been noticed were for all ADC employees.  That was the

18 first wave of them.  So they do include the ADC monitors and

19 the system-wide people who work for ADC.

20     THE COURT:  Why do you have to depose 11 of them?           10:48:35

21     MS. GERLICHER:  Because we assume that at least some

22 of them will be trial witnesses, and we haven't been told

23 otherwise.  These are people who have been inside each facility

24 on a regular basis, so we think they are one of the best

25 sources for information about practices as opposed to written   10:48:50


UNITED STATES DISTRICT COURT

─────────────── August 7, 2013 - Motion Hearing ───────────────

1   policies.  And defendants have refused to stipulate that one --

2   that care is the same at one facility as the other, and we

3   anticipate that they will hold us to our burden of proof to

4   show system-wide issues.  And we have attempted 30(b)(6)

5   depositions in the Fall, but we generally were given what they          10:49:08

6   knew based on the job description and had not been prepared to

7   speak on the full scope of the topics we issued.

8          But it is also true that if we had a chance to look at

9   more documents, and that we were able to evaluate what we

10  learned by actually visiting these facilities, and/or we had           10:49:27

11  additional information on defendants, trial witnesses, that we

12  could reduce that list.

13         THE COURT:  All right.  And what about your answers to

14  their discovery requests?  They say you have not responded to

15  their discovery requests.                                              10:49:55

16         MS. GERLICHER:  There are requests on both sides that

17  have been objected to.  The requests that they say we haven't

18  responded to, I think they are referring to a letter they sent

19  us yesterday morning that lists a lot of interrogatories.  I

20  didn't have time to look at that in detail, but I did look at          10:50:08

21  the first set for Chisholm, for example, and this was the

22  difficulty kind of going through this entire process, Your

23  Honor.

24         They would -- some of those requests were for things

25  like all impeachment evidence that we plan to use at trial; all        10:50:26

```
                    August 7, 2013 - Motion Hearing
```

 1   terms of the other side's responses.

 2           So it seems like the data, the gross data that would

 3   go to a lot of this should be in the command of the -- in the

 4   control of the defendants and they could -- they ought to have

 5   it.  It would be amazing if they don't have -- this is basic          10:53:34

 6   management data.

 7           MS. GERLICHER:  I agree, Your Honor.

 8           THE COURT:  If they don't have the management data

 9   that itself would be probative of management failure.

10           MS. GERLICHER:  I agree, Your Honor.                          10:53:43

11           THE COURT:  If they do have the management data it

12   should be not burdensome to produce it.

13           MS. GERLICHER:  I agree.  But as I said, we have asked

14   repeatedly for the information that our experts need and it has

15   been denied.  And so we have looked for other ways in order to       10:53:59

16   get the information that we need to prove our case.

17           THE COURT:  All right.

18           Mr. Acedo, why can't you all agree to representative

19   discovery instead of deposing 11 people at a number of

20   facilities?  I mean, to some extent is this a self-inflicted          10:54:40

21   wound of making them do discovery if you won't agree that the

22   discovery is representative?

23           MR. ACEDO:  I believe so, if I understand your

24   question correctly.  They haven't reached out to us to narrow

25   -- they served us with notices and we presented it to the            10:55:05

──────────── August 7, 2013 - Motion Hearing ────────────

1       I just want to end by switching back to the stay,

2   because, I mean, that's why we're here initially.  And I think

3   the Court raised some legitimate concerns about, well, to what

4   extent will this discovery be wasted.  We don't think it will

5   be.  If anything, at most, we can supplement.  We can do that     10:59:59

6   efficiently.  By ordering a stay, we can stop these 22 plus six

7   depositions of six different dentists.

8       THE COURT:  Well, let's go back.  22 depositions of --

9   11 depositions of monitors because you won't agree that a few

10  depositions are representative of different facilities?           11:00:22

11      MR. ACEDO:  I don't recall a proposal of that -- the

12  only proposal I have seen, which I saw last night for the first

13  time in their discovery proposal, was we'll agree to not tour

14  the remaining facilities if you agree that the conditions at

15  those facilities are identical.  I read that yesterday morning   11:00:39

16  for the first time.  I don't know about any proposals to say,

17  well, look, one contract monitor's testimony will be

18  representative of the rest of them.

19      THE COURT:  And maybe that just came recently so you

20  haven't had a chance to consider it.                             11:00:56

21      MR. ACEDO:  But we can stop the 12 remaining tours.

22  We can stop the depositions.  We can wait and come back and

23  reconvene after the appeal is final.

24      THE COURT:  But you, yourself, told me I have got to

25  wait for en banc, certiorari, and the whole bit.  We're talking  11:01:11

Exhibit 5

Thomas C. Horne
Arizona Attorney General
OFFICE OF THE ATTORNEY GENERAL
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Katherine E. Watanabe, Bar No. 027458
*Assistant Attorneys General*
1275 West Washington Street
Phoenix, Arizona  85007-2926
Telephone: (602) 542-1610
Fax:         (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov
Katherine.Watanabe@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; *et al.*, and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director; *et al.*,<br><br>Defendants. | NO. CV12-0601-PHX-NVW<br><br>**DEFENDANTS' *EIGHTH* SUPPLEMENTAL DISCLOSURE STATEMENT** |

#3386773

Dr. Richard Rowe is the HS Division, Quality/Clinical Medical Program Administrator and is likely to have discoverable information with regard to recommendations made to him by doctors at various ADC facilities and the procedure to by which recommendations are made to him; policies, procedures, and processes of the administration of all health care services to inmates housed at ADC; relevant staffing policies, procedures, and issues with regard to dental, medical, and mental health personnel as well as an alleged insufficiency in the number of medical staff and an alleged delay in the provision of care; ADC policies and procedures including those related to medical, dental and mental health care as well as the provision of adequate care to ADC inmates in compliance with constitutional requirements; the allegations contained in Plaintiffs' Complaint.

23.   James Taylor, Former ADC HS Division, Contract Compliance Program Evaluation Administrator
c/o Corizon Health[2]
105 Westpark Drive, Suite 200
Brentwood, Tennessee 37027

24.   Matthew Musson, ADC HS Division, Contract Compliance Monitor II for ASPC-Eyman
c/o Struck Wieneke & Love, P.L.C.

25.   *[_____]*, ADC HS Division, Contract Compliance Monitor II for ASPC-Florence
c/o Struck Wieneke & Love, P.L.C.

26.   Terry Allred, ADC HS Division, Contract Compliance Monitor II for ASPC-Lewis
c/o Struck Wieneke & Love, P.L.C.

27.   Sam Tardibuono, ADC HS Division, Contract Compliance Monitor I for ASPC-Douglas
c/o Struck Wieneke & Love, P.L.C.

---

[2]   The contact information for all parties listed as in care of Corizon Health shall be the same as that listed for James Taylor, unless specifically stated otherwise.

28. Helena Valenzuela, ADC HS Division, Contract Compliance Monitor I for ASPC-Phoenix
c/o Struck Wieneke & Love, P.L.C.

29. *[_____]*, ADC HS Division, Contract Compliance Monitor II for ASPC-Yuma
c/o Struck Wieneke & Love, P.L.C.

30. David Robertson, D.O., ADC HS Division, Quality/Clinical Medical Program Administrator/Monitor
c/o Struck Wieneke & Love, P.L.C.

31. Paulette Boothby, ADC HS Division, Quality/Clinical Pharmacy Monitor
c/o Struck Wieneke & Love, P.L.C.

32. Vanessa Headstream, ADC HS Division, Quality/Clinical Audit Nurse (Program Evaluation Specialist)
c/o Struck Wieneke & Love, P.L.C.

33. Patricia Arroyo, ADC HS Division, Quality/Clinical Audit Nurse (Program Evaluation Specialist)
c/o Struck Wieneke & Love, P.L.C.

34. Kathy Campbell, ADC HS Division, Quality/Clinical Nursing Monitor (Health Services Coordinator)
c/o Struck Wieneke & Love, P.L.C.

35. Jenny Mielke-Fontaine, ADC HS Division, Contract Compliance Audit Nurse (Program Evaluation Specialist) for ASPC-Eyman and Florence
c/o Struck Wieneke & Love, P.L.C.

36. Ben Shaw, M.D., Former ADC HS Division, Quality/Clinical Mental Health Monitor (Health Services Coordinator)
c/o Corizon Health

37. ***Nicole Taylor, Ph.D., ADC HS Division, Quality/Clinical Mental Health Monitor (Health Services Coordinator) and former Psychologist III and FHA at ASPC-Florence***
***c/o Struck Wieneke & Love, P.L.C.***

38. Carol Pearson, ADC HS Division, Medical Records Monitor
c/o Struck Wieneke & Love, P.L.C.

39. Donna Mendoza, ADC HS Division, Contract Compliance Audit Nurse (Program Evaluation Specialist) for ASPC-Lewis and Perryville
c/o Struck Wieneke & Love, P.L.C.

40. Trudy Dumkrieger, ADC HS Division, Contract Compliance Audit Nurse (Program Evaluation Specialist) for ASPC-Tucson
c/o Struck Wieneke & Love, P.L.C.

41. Mark Haldane, ADC HS Division, Contract Compliance Monitor II for ASPC-Perryville
c/o Struck Wieneke & Love, P.L.C.

42. John Mitchell, ADC HS Division, Contract Compliance Monitor II for ASPC-Winslow
c/o Struck Wieneke & Love, P.L.C.

43. Karyn Christie, ADC HS Division, Contract Compliance Monitor I for ASPC-Safford ~~&~~ *and* Ft. Grant
c/o Struck Wieneke & Love, P.L.C.

44. Steven Bender, ADC HS Division, Quality/Clinical Mental Health Auditor (Program Compliance Auditor III)
c/o Struck Wieneke & Love, P.L.C.

45. Karen Chu, ADC HS Division, Quality/Clinical Dental Program Monitor (Dental Program Manager)
c/o Struck Wieneke & Love, P.L.C.

46. Marlena Bedoya, ADC HS Division, Contract Compliance Monitor (Compliance Monitor II) for ASPC-Tucson
c/o Struck Wieneke & Love, P.L.C.

47. ~~Kristan Sears, ADC HS Division, Contract Compliance Monitor (Compliance Monitor I) for Contract Beds~~
~~c/o Struck Wieneke & Love, P.L.C.~~

48. ~~Terri Ignacio, ADC HS Division, Contract Compliance Monitor (Compliance Monitor I) for Contract Beds~~
~~c/o Struck Wieneke & Love, P.L.C.~~

The above listed witnesses ~~(23-47)~~ *(23-48)* are ADC contract monitors of the former Wexford and current Corizon contracts. They are likely to have discoverable information with regard to the implementation of health care to inmates housed at ADC facilities as well as the management of health care within each respective facility; an alleged shortage in staff and an alleged delay in the provision of care; the required training and staffing of health service employees as well as the continued training received by such

employees throughout the time they are employed by ADC; the distribution of staff at each of their respective facilities and alleged inadequacy of staffing levels; alleged delays in providing access to health care and alleged untimeliness in providing emergency treatment; their managerial obligations over health services staff within their respective facilities; the chain of command with regard to medical care within each of their respective facilities as well as the ADC in general; committee meetings involving doctors from each of their facilities as well as to the content discussed at such meetings; the allegations contained in Plaintiffs' Complaint.

49.  Jason Frizzell, Ph.D., former ADC HS Division, Psychologist III and
     Facility Health Administrator ("FHA") at ASPC-Eyman
     c/o Struck Wieneke & Love, P.L.C.

50.  ~~Nicole Taylor, Ph.D., former ADC HS Division, Psychologist III and FHA~~
     ~~at ASPC-Florence~~
     ~~c/o Struck Wieneke & Love, P.L.C.~~

The above-listed former mental health FHAs ~~(48-49)~~ *(49-50)* are likely to have discoverable information with regard to the provision of mental health care provided to Plaintiffs while incarcerated at ADC facilities; knowledge they may have of Plaintiffs' prior mental health history as well as the symptoms complained of or presented while in ADC custody; their experiences with Plaintiffs, as to whether Plaintiffs participated in their own care, missed or refused appointments, were a less than cooperative patient and whether Plaintiffs were a poor historian with respect to self-reports of mental health history they provided; ADC policies, procedures, planning and direction of mental health care to inmates as well as to the adequate number of staff employed to provide mental health care and an alleged delay in the provision of care; the specific provision of mental health care to inmates housed in SMU/isolated housing units where applicable; the admission of medication to mental health patients housed at ADC facilities and any alleged delay in received medication; the policies and practices with regard to suicidal inmates housed at ADC facilities; all medical records they authored or reviewed;

DATED this 24th day of May, 2013

Thomas C. Horne
Attorney General

*s/ Lucy M. Rand*
Lucy M. Rand
Michael E. Gottfried
Katherine E. Watanabe
*Assistant Attorneys General*

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne Orcutt
STRUCK WIENEKE & LOVE, P.L.C.

*Attorneys for Defendants*

A COPY of the foregoing was
mailed (with attachments)
this 24th day of May, 2013, to:

John Laurens Wilkes, Esq.
**JONES DAY**
717 Texas Street, Suite 3300
Houston, TX 77002
*Attorneys for Plaintiffs*

Jennifer A. Alewelt, Esq.
**ARIZONA CENTER FOR DISABILITY LAW**
5025 E. Washington Street, Suite 202
Phoenix, AZ 85034
*Attorneys for Plaintiffs*

Kirstin T. Eidenbach, Esq.
**PERKINS COIE LLP**
2901 N. Central Ave., Suite 2000
Phoenix, AZ 85012
*Attorneys for Plaintiffs*

A COPY of the foregoing was
e-mailed (without attachments)
this 24th day of May, 2013, to:

Donald Specter:            dspecter@prisonlaw.com
Alison Hardy:              ahardy@prisonlaw.com
Sara Norman:               snorman@prisonlaw.com
Corene T. Kendrick:        ckendrick@prisonlaw.com
**PRISON LAW OFFICE**
*Attorneys for Plaintiffs*

Daniel Joseph Pochoda:     dpochoda@acluaz.org
Kelly Joyce Flood:         kflood@acluaz.org
James Duff Lyall:          jlyall@acluaz.org
**ACLU**
*Attorneys for Plaintiffs*

David Cyrus Fathi:         dfathi@npp-aclu.org
Amy Fettig:                afettig@npp-aclu.org
**ACLU NATIONAL PRISON PROJECT**
*Attorneys for Plaintiffs*

Daniel Clayton Barr:       dbarr@perkinscoie.com
Jill Louise Ripke:         jripke@perkinscoie.com
James Anthony Ahlers:      jahlers@perkinscoie.com
Kirstin T. Eidenbach:      keidenbach@perkinscoie.com
John Howard Gray:          jhgray@perkinscoie.com
Matthew Benjamin de Mée    mdumee@perkinscoie.com
Amelia Morrow Gerlicher:   agerlicher@perkinscoie.com
**PERKINS COIE, LLP**
*Attorneys for Plaintiffs*

Caroline N. Mitchell:      cnmitchell@jonesday.com
David C. Kiernan:          dkiernan@jonesday.com
Sophia Calderón:           scalderon@jonesday.com
Sarah Rauh:                srauh@jonesday.com
R. Scott Medsker:          rsmedsker@jonesday.com
John Laurens Wilkes:       jlwilkes@jonesday.com
Kamilla Mamedova:          kmamedova@jonesday.com
Jennifer K Messina:        jkmessina@jonesday.com
**JONES DAY**
*Attorneys for Plaintiffs*

Jennifer Ann Alewelt:      jalewelt@azdisabilitylaw.org
Asim Varma:                avarma@azdisabilitylaw.org
Sarah Eve Kader:           skader@azdisabilitylaw.org
**ACDL**
*Attorneys for Plaintiffs*

By: s/  Lucy M. Rand
        Lucy M. Rand

Exhibit 6

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

————————————————

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.  **CV 12-00601-PHX-NVW**<br><br>**Phoenix, Arizona**<br>**November 30, 2012**<br>**2:00 p.m.** |
|         Plaintiffs, )<br>vs. ) | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, ) ) ) ) ) ) ) ) ) | |
|         Defendants. ) | |

————————————————

BEFORE:  **THE HONORABLE NEIL V. WAKE**
UNITED STATES DISTRICT JUDGE

(*Scheduling Conference*)

Official Court Reporter:
Laurie A. Adams, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 43
Phoenix, Arizona 85003-2151
(602) 322-7256
Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
       November 30, 2012 - Discovery Management Conference
```

 1   on that day.

 2            THE COURTROOM DEPUTY:  We can do Friday the 25th in

 3   the afternoon.

 4            THE COURT:  Friday the 25th.  How about 2:00 on

 5   Friday, January 25th?

 6            MR. STRUCK:  Fine for defendants, Your Honor.

 7            MR. SPECTER:  Yes, Your Honor.  That works.

 8            THE COURT:  Very well.  It is ordered setting oral

 9   argument on plaintiffs' motion for class certification for

10   January 25th at 2:00.

11            All right.  Is there anything else, counsel?

12            MR. STRUCK:  No, Your Honor.

13            THE COURT:  Actually, was there more on your list of

14   things right now?

15            MR. SPECTER:  There was one more thing, Your Honor,

16   which I hope is a simple legal issue.

17            As you know, or as you may remember, we deposed

18   various people under Rule 30(b)(6) and you ruled that we could

19   only depose them once.  The three people, three of the people

20   that we deposed before your ruling are central to the

21   administration of the health care system at ADC.  And we have

22   asked the defendants for permission to depose them in their

23   individual capacity.

24            THE COURT:  What is the difference?  What's their role

25   in that case?  They are not -- they are here as public

─────────── November 30, 2012 - Discovery Management Conference ───────────

1    officials, right?

2            MR. SPECTER:  They are here as -- of course they are

3    public officials.

4            THE COURT:  Anything that they can do wrong that gives

5    your client a lawsuit is in their capacity as public officials.

6            MR. SPECTER:  Yes, Your Honor.  We deposed them as

7    30(b)(6) deponents because of their -- they were representing

8    the entity.  So we asked them different questions than about

9    what we would do if they were --

10           THE COURT:  But how is their knowledge and their

11   brains different whether they are a public official or just a

12   guy?

13           MR. SPECTER:  Well, the topics are different, Your

14   Honor, that we discussed, and timing is different.  We didn't

15   want to depose them as individuals that far away from the close

16   of discovery in the case as well.

17           THE COURT:  Well, in general, I am not disposed to let

18   you depose people twice.  And I don't see any practical sense

19   to the idea.  And if the other judges have done it, then that's

20   their responsibility.  But I don't see any practical sense to

21   the idea that what you know in your head and you testify to is

22   different in your capacity as a public official and your

23   capacity as a human being.

24           So --

25           MR. SPECTER:  I understand that, Your Honor, but the

UNITED STATES DISTRICT COURT

1    timing is different than in an injunctive relief case.  And

2    things have changed, so we wanted to get a more accurate

3    picture of what was going on before the close of discovery.

4         THE COURT:  Well, I don't have briefing on this.  You

5    have presented the issue briefly.  In general, one must show

6    justification for deposing a witness a second time.  Sometimes

7    it happens.  And I guess I'm disposed to view this the same way

8    so that I'm not disposed to accept your idea that you have this

9    right to depose them twice.  But if circumstances happen in

10   this case as they might happen in any case where there's

11   justification for deposing witness again because of later

12   events you can always seek that.

13        MR. SPECTER:  Thank you, Your Honor.

14        THE COURT:  And, of course, I would expect the other

15   side to agree to that.

16        MR. STRUCK:  Your Honor, actually, that's exactly what

17   I wrote in an e-mail to Mr. Specter two days ago, that if, for

18   example, Dr. Rowe refused to testify with respect to some of

19   the death records, we're allowing them to re-depose Dr. Rowe

20   with respect to those records because they were entitled to ask

21   him that.  We did advise them prior to all these depositions

22   this was a one-shot deal.  In fact, if you read the depositions

23   they asked the questions that they would ask them as an

24   individual or in an official capacity.

25        What we also said was if you can show good cause we

UNITED STATES DISTRICT COURT

49

```
─────── November 30, 2012 - Discovery Management Conference ───────
```

1   will consider allowing a limited re-deposition of these

2   individuals.

3           THE COURT:  Well, that's the criterion I am

4   articulating.  And, of course, I expect you to apply it so if

5   they do have good cause, I expect you to agree to it.  If not,

6   I think that would be down the road a bit but you can present

7   it to me and I will resolve it.

8           I'm a little bit late for the next matter, so I'm

9   going to take a five-minute recess before the next matter.

10           (Proceeding concluded at 3:40 p.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT

Exhibit 7

| | |
|---|---|
| **From:** | Corene Kendrick <ckendrick@prisonlaw.com> |
| **Sent:** | Friday, August 30, 2013 5:04 PM |
| **To:** | Dan Struck; Kathy Wieneke; Rachel Love; Tim Bojanowski; Nick Acedo; Courtney Cloman; Ashlee Fletcher; Anne Orcutt; Michael E. Gottfried; Katherine Watanabe; Lucy Rand; Parsons Team |
| **Cc:** | Don Specter; David Fathi; Caroline Mitchell; Kirstin Eidenbach; kflood@acluaz.org; jalewelt@azdisabilitylaw.org |
| **Subject:** | RE: Parsons v. Ryan, expert tours |
| **Attachments:** | 13.08.13 Exhibit A Medical Files List.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

The attachment which was Exhibit A to Plaintiff Licci's First Request for Production of Documents filed on
August 13, 2013, lists in Part I, the Florence and Tucson prisoners whose files the doctors want to review.

## EXHIBIT A

## LIST OF HEALTH CARE RECORDS REQUESTED (RFP No. 4)

I.   **Request for Inspection of Most Recent Volume:**

    A.   **Prisoners at ASPC-Florence (previously listed on expert tour set up letter)**
        Addis, Gary, #246793
        Akridge, Rodney, #84478
        Alvarado-Montez, George, #241621
        Aranda, Guadalupe, #113047
        Betterton, Trenton, #277788
        Chavez, Marco, #187239
        Cheser, Joseph, #158106
        Chumbler, Jason, #213303
        Cordova, Gilbert, #173352
        Coronado, Pete, #33329
        Cruz, Hipolito, #175323
        Dehe, Manfred, #269783
        Delgado, Phillip, #74329
        Dose, Anthony, #197106
        Everley, Chris, #203114
        Faulkner, Donald, #252682
        Feltner, Richard, #91975
        Gutierrez, Manuelito, #139928
        Haley, James, #75188
        Hampton, Darryl, #225275
        Harris, John, #177765
        Harrison, Charles, #82360
        Hernandez, Ricardo, #35326
        Hildenbrand, Richard, #140990
        Hitchcock, James, #177921
        Homer, Kevin, #180025
        Jenkins, Christopher, #118514
        Johnson, Richard, #81442
        Jordan, Walter, #78789
        Koehler, William, #165210
        Korte, Damon, #213356
        Leon, Miguel, #201494
        Lopez, Bruno, #31390
        Martin, David, #217317
        Martinez, Salvador, #208833
        Maxwell, Christopher, #158586
        Montoya, Joshua, #208217
        Mushatt, Dythanyl, #186772
        Nava, Conrad, #192735

Nez, Frankie, # 257870
Pearson, Matthew, #199279
Pemberton, Joseph, #83807
Perkins, Michael, #269919
Porter, Christopher, #128972
Puckett, Ricky, #129580
Ree, John, #172999
Rios, Federico, #199480
Robinson, Elvia, #52352
Sanchez-Perez, Jorge, #235024
Shelley, William, #259371
Skaggs, Gary, #216765
Smith, Gary, #267300
Southworth, Shawn, #257109
Steah, Kee, #200537
Stewart, Ramon, #208756
Stoeckel, Loren, #261727
Terry, Jamie, #268085
Williams, Berry, #267365

**B.**   **Prisoners at ASPC-Winslow (previously listed on expert tour set up letter)**
Anyan, Raymond, #144998
Arrieta, Daniel, #213487
Calhoun, John, #50600
Catalan-Herrera, Jesus, #228670
Corona, Hipolito, #175323
Curley, Herman, #46938
Dorman, Jeff, #275874
Estillore, Shane, #169466
Felix-Pinzon, Efren, #242738
Garcia, Arnold, #273715
Gastelum, Jeff, #85013
Goad, Robert, #67001
Jewitt, Jack, #106380
Khoury, Monier, #236429
Lucero, Luis, #169986
Mason, Justin, #205452
Medina-Moreno, Jesus, #212283
Ortega, David, #139367
Perondi, Angelo, #140844
Ramirez, Juan, #171942
Roby, Elmo, #278727
Ruiz, Jimmy, #246829
Shepherd, Demitiri, #271352
Stonecipher, Curtis, #128431
Vasquez-Remigio, Ivan, #254787

C.    **Prisoners at ASPC-Tucson:**
Aguilar-Hernandez, Ricky, #156468
Allan, Gary, #267802
Alvarado, Jesse, #59906
Anderson, Rusty, #222342
Apolinar, George, #274761
Armbruster, Royce, #48573
Avila, Pedro, #47094
Bernal, Carlos, #258629
Brewster, Jay, #266712
Brilz, Joseph, #204759
Burns, Jeffrey, #231300
Caballero, Alfred, #212756
Charlie, Jimmie, #49134
Clements, Rodney, #156175
Cook, Michael, #71546
Corral, William, #81620
Cosen, Leon, #280937
Day, Richard, #202495
Edwards, Orlando, #207300
Elkanick, Luke, #207211
Fierros, George , #58206
Flagg, Andrew, #270412
Frankeny, Robert, #94785
Frieses, Allen, #280257
Gilbert, Monancco, #278595
Gossett, David, #81630
Graciano, Fernando, #255968
Grooms, Daniel, #243708
Guevara, Raymond, #118362
Guida, Orlando, #256355
Hamilton, Timothy, #257423
Harvey, Thomas, #227207
Hernandez, Dennis, #138137
Hernandez, Ruben, #217451
Herrada, Brian , #277907
Hillard, Shawn, #112970
Hoard, October, #82764
Howard, Jeffrey, #49806
Hubbard, Jerry, #140843
Jackson, Roger, #90740
Jessup, Terrence, #90373
Johnson, Eric, #272454
Johnson, Steven, #235714
Judd, Thomas, #280424

Justice, Ronald, #156637
Katona, Joe, #263092
Kennedy, Josef, #113924
Krick, James, #210691
Lapada, Gildardo, #76778
Larsgard, John, #271552
Lemar, Timothy, #279507
Lewis, Antron, #150014
Lobo, Mark, #269511
MacCool, Finn, #71383
Machir, Daniel, #190972
Marcum, Kenneth, #266043
Mayo, Esteban, #173466
McCallum, Derrick, #186822
McKenzie, Andrew, #251666
Mendiola, Enoc, #253193
Miller, Jesse, #278113
Morales, Christopher, #275737
Pena, Miguel, #234944
Peterson, Terry, #33546
Pierce, Dean, #275891
Plasa, Robert, #268330
Powell, Edward, #89254
Racicot, Robert, #254502
Ramirez, Juan, #192673
Rinninger, Cary, #255275
Roberts, Donovan, #276756
Roberts, Michael, #79600
Rodriguez, George, #163888
Rodriguez, Inez, #276756
Ruben, Danior, #251201
Salazar, Luis, #239752
Salmon, Troy, #1874376
Sanchez, Able, #253543
Shields, Johnny, #103270
Steed, Kenneth, #29145
Sullivan, Joseph, #57766
Sundiata, Adiya, #130798
Swanson, John, #135973
Thompson, Shawn, #134533
Thran, Adam, #257951
Torres, Martin, #158092
Twigg, Daniel, #143625
Ventura, Miguel, #219103
Vigil, Larry, #237346
Virgil, Christopher, #239377

Yeager, James, #191146
Youngkin, Adam, #270150
Zamora, Adrian, #226075

**D.**     **Prisoners at ASPC-Douglas**
Ahern, Daniel, #275908
Armijo, Santino, #205724
Bell, Richard , #107357
Benjamin, Jordan, #264098
Bosquez, Robert, #253862
Brooks, Robert, #74440
Burleson, Christopher, #269189
Dossett, Gregory, #56282
Durazo, Alberto, #151337
Flores, Jesus, #79529
Gilbreath, James, #271790
Gonzalez, Gerald, #187763
Graves, Thomas, #236947
Gregg, Keith, #267625
Guebara, Manuel, #189248
Hale, Michael, #271242
Hanze, Jason, #254319
Hayes, James, #184856
Herrera, Thomas, #78507
Hodges, William, #235345
Kuczynski, Richard, #120366
Lopez, Manuel, #114556
Lujan, Filemon, #191965
McDermott, Robert, #201659
Mendez, Angel, #169515
Mendoza-Soto, Neftali, #255612
Paroli, Michael, #253162
Patin, Kenneth, #102090
Rincon, Refugio, #230431
Rodgers, Charlie, #264166
Sanchez, Johnny, #55826
Saucedo, Gabriel, #243304
Smith, Steven, #269226
Solano, Domingo, #252150
Tabor, Scott, #114707
Tepeyac, Milton, #252208
Thomas, Steven, #102003
Valenzuela, Efrain, #194176
Williams, Sandran, #165732
Woodhead, Alex, #273347
Zarate, Xavier, #275894

E.   **Prisoners at ASPC-Safford**
Altamirano, Gilbert, #158831
Balderaz, Johnn, #78322
Baldwin, Brandon, #273482
Bluntschly, Robert, #132654
Brown, Kyle, #280781
Bruce, David, #261126
Caballero, Jose, #224643
Corona, Johnny, #69014
Correa, Danny, #66471
Dockum, Jason, #181945
Estrada, Samuel, #178235
Galindo, Conrad, #53806
Hernandez, Julio, #208823
Johnson, Marc, #126590
Juarez-Ruiz, Felix, #269235
Lewis, Richard, #115135
Londo, Toommy, #152070
Lopez-Velasquez, Daniel, #274784
Loya, Ismael, #275327
Martinez-Escobedo, Miguel, #265123
Menendez, Justin, #111590
Meza, Victor, #251800
Miranda, Arthur, #92248
Morales, Ricardo, #119831
Nevarez, Daniel, #202812
Quarrels, Leonard, #197011
Ray, Douglas, #77215
Rojelio, Alberto, #272836
Swapp, Darrell, #180667
Voong, Hung, #136016
Wallace, Wesley, #87365
Weeks, Damien, #222215

II.   **<u>Requesting Production of Copies of Most Recent Volume (In Addition to Pages Flagged During Tours)</u>**

A.   **Perryville Prisoners**
Regan Clarine, 276836
Chene Manley, 144981
Kathryn Miller, 277505
Danette Porter, 255037
Delma Troy, 226501
Virginia Anderson, #265961
Sandra Banks, #276868