1    Daniel Pochoda (Bar No. 021979)
     Kelly J. Flood (Bar No. 019772)
2    James Duff Lyall (Bar No. 330045)*
     **ACLU FOUNDATION OF ARIZONA**
3    3707 North 7th Street, Suite 235
     Phoenix, Arizona 85013
4    Telephone:  (602) 650-1854
     Email: dpochoda@acluaz.org
5          kflood@acluaz.org
         jlyall@acluaz.org
6    *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7    *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin
     Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
8    *Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
     *Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of*
9    *themselves and all others similarly situated*

     **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
10

11   Jennifer Alewelt (Bar No. 027366)
     Asim Varma (Bar No. 027927)
     Sarah Kader (Bar No. 027147)
12   **ARIZONA CENTER FOR DISABILITY LAW**
     5025 East Washington Street, Suite 202
13   Phoenix, Arizona 85034
     Telephone:  (602) 274-6287
14   Email: jalewelt@azdisabilitylaw.org
         avarma@azdisabilitylaw.org
15          skader@azdisabilitylaw.org

16   *Attorneys for Plaintiff Arizona Center for Disability Law*

     **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
17

18               UNITED STATES DISTRICT COURT

                 DISTRICT OF ARIZONA
19

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
| Plaintiffs, | **JOINT NOTICE OF DISCOVERY DISPUTE REGARDING ELECTRONIC MAIL** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

1    Pursuant to Court Orders (Doc. 567 and 611), the parties submit the following joint

2    report:

3              **PLAINTIFFS' PROPOSED LANGUAGE RE: EMAIL PRODUCTION**

4    Pursuant to this Court's orders on August 7, 9, and 30, 2013, Plaintiffs request that

5    the Court adopt the following language:  (1)  Defendants shall produce by October 10

6    non-privileged electronic mail files from Charles Ryan, Richard Pratt, Joe Profiri, and

7    Tara Diaz, for the time period from April 2, 2012 to March 3, 2013 that contain the term

8    "Wexford" and for the time period from January 17, 2013 to July 18, 2013 that contain the

9    term "Corizon;"excluding emails subject the attorney-client privilege and with reasonable

10   security review and redactions and (2) to the extent Defendants review e-mail, otherwise

11   responsive to Plaintiffs' discovery request, from witnesses Defendants propose to call at

12   trial, they must produce those e-mail to Plaintiffs within a reasonable time of reviewing

13   them and before trial.

14   Plaintiffs' request for email has been narrowed to four custodians for a 14-month

15   time period, two of whom are Defendants, even though Defendants have identified more

16   than 70 potential trial witnesses, more than half of whom Plaintiffs are not allowed to

17   depose.  Since the Court's August orders, Plaintiffs have tried to meet-and-confer with

18   Defendants on the production of email, agreeing to de-duplication and production of only

19   the most complete e-mail chains, without all of the interim iterations, and including

20   exclusion of privileged e-mail.   When Plaintiffs submitted their joint statement on

21   discovery disputes on August 26, Defendants had yet to even respond to Plaintiffs' August

22   19 proposal and claimed they needed more time to meet and confer.  In that subsequent

23   meet-and-confer, Plaintiffs asked for a date certain for production of the four custodians'

24   e-mail because the process has dragged on so long.  But, as of the meet-and-confer on

25   September 5 at 10 a.m. in preparation for this submission, Defendants still had not even

26   sent those e-mails to their vendor for de-duplication and exclusion of privileged e-mail.

27   Defendants' forecast that the de-duplication will not be done until September 13,

28   one week before the last day to commence depositions in this case (although here they

1   seek 10 days to do it, which would delay it even further).[1]  They have not committed to a

2   date by which they will make the production.  The continual delay in the production of

3   any electronically stored e-mail is prejudicing Plaintiffs.  Because those e-mail have been

4   withheld they largely cannot be used in discovery.  Nor have Defendants supported their

5   claim of burden.  They say there will be 16,000 email and that will be too burdensome,

6   but that is rank speculation because they have not even begun to do the de-duplication to

7   see if that is a real number.  Moreover, if the email are on average one to two pages long

8   (with some shorter and some longer), 16,000 email are the equivalent of approximately 10

9   bankers boxes, assuming a box holds approximately 3000 pages.  See, e.g., Crews v.

10  Willows Unified School District, 217 Cal. App. 4th 1368, 1376 (Cal. App. 2013) (court

11  received banker's box with 3200 pages); United States v. Faulkner, 2011 WL 3962513 at

12  *1 (N.D. Tex. September 8, 2011) (a banker's box contained approximately 3,500 pages).

13  That is not a burdensome review in a case of this magnitude where the claim is that people

14  are dying because Defendants are not providing adequate health care and the emails at

15  issue relate specifically to the contractors providing such care.

16      Defendants attempt to exaggerate the burden by urging that they will have to

17  review hundreds of pages of attachments, such as executive summaries and morning

18  reports.  But those types of documents have been produced, so Plaintiffs are not asking

19  Defendants to re-produce them.  Instead, if we have a question about which report was

20  attached to which email, we will ask.  Plaintiffs are more than happy to address those

21  types of burden issues in a reasonable way, if Defendants ask, but they should not further

22  delay production.  Additionally, at 4:04  p.m. today, Defendants inserted a section into

23  their brief about an "informal" effort to de-dupe the Corizon e-mail, something they had

24  never mentioned prior to that and Plaintiffs have had no opportunity to discuss it with

25

26      [1] Defendants have required, based on availability, that Mr. Ryan's deposition take
    place in October and have agreed to defer Messrs. Pratt and Profiri until then, based on the
27  email issue.  Plaintiffs have still been foreclosed, however, from using the email in any of
    the other depositions and face the risk that they will not be able to use them in the Ryan,
28  Pratt, and Profiri depositions if the email are not produced in October.

1    them or to determine whether their methodology has any validity.  Plaintiffs also have not

2    had time to assess whether those results are predictive of the larger set or what it means in

3    terms of the real volume of material to be reviewed.

4           Obviously, Plaintiffs cannot recite what the email will show, because we have not

5    seen them.  But for example, the Corizon file happened to include a single email noting

6    the need for further due diligence on the companies bidding to provide health care (Bates

7    No. ADCPROC-008906-ADCPROC-008909, lodged under seal as Exhibit G in Docket

8    No. 598, but we have no other email in the chain and cannot ascertain whether this issue

9    was elevated to the Director.  Email on these and other questions relating to the provision

10   of care by Wexford and Corizon are highly relevant and discoverable.  Unless the Court

11   orders production by a date certain, it is unlikely the e-mail will be produced in time to be

12   considered by Plaintiffs' experts when preparing their reports, which are due on

13   November 8.  Again, this prejudices Plaintiffs.

14          Plaintiffs requested production of electronically stored e-mail as part of their very

15   first Request for Production of Documents, propounded in June 2012.  Plaintiffs have

16   made repeated requests for production of such e-mail, including following the April

17   hearing where the Court first directed the parties to work to resolution of this issue.  Ex. 1

18   (detailing meet-and-confer from May 10, 2013 to July 18, 2013).  Defendants' claim that

19   that their delay in production is somehow Plaintiffs' fault holds no water when they have

20   yet to meaningfully de-duplicate, review or produce any electronically stored e-mail.

21   Moreover, Defendants have been asking for this set of email for months, as a review of

22   Ex. 1 will show.  Ordering a date certain for the production of e-mail from the four

23   custodians is the only way to ensure it will actually be produced in time for Plaintiffs to

24   use it in the balance of the case.

25          On the second issue, Plaintiffs simply seek an order requiring Defendants to

26   produce the e-mail of any of Defendants' designated trial witnesses where Defendants

27   themselves have located and reviewed that e-mail.  Plaintiffs have been severely limited in

28   the scope of e-mail discovery.  To avoid ambush at trial, Plaintiffs seek access to the same

1   e-mail that Defendants are reviewing for their trial witnesses.  If there are no such e-mail,

2   Plaintiffs will not be entitled to anything.  But if Defendants do review the e-mail of a

3   witness who will be testifying at trial, the burden of producing from those e-mail any

4   responsive, non-privileged e-mail is minimal compared to the prejudice to Plaintiffs of not

5   producing the documents of a testifying witness and allowing Defendants to cherry-pick

6   the evidence they use at trial.

7   **DEFENDANTS' PROPOSED LANGUAGE FOR PROCESSING E-MAIL**

8   Pursuant to this Court's instructions in open court on August 7, 2013, and Orders

9   (Dkts. ##567 and 611), Defendants request that the Court adopt the following language:

10   1.   Defendants shall process electronic mail files that resulted from the

11   following data collections performed by the ADC:

12   (a)   "Wexford Search": e-mail accounts of custodians Charles Ryan,

13   Richard Pratt, Joe Profiri, and Tara Diaz, for the time period from April 2, 2012 to March

14   3, 2013, that contain the term "Wexford", which resulted in 16,345 e-mails or 2.473 GB

15   of data.

16   (b)   "Corizon Search": e-mail accounts of custodians Charles Ryan,

17   Richard Pratt, Joe Profiri, and Tara Diaz, for the time period from January 17, 2013 to

18   July 18, 2013, that contain the term "Corizon", which resulted in 6,168 e-mails or 1.071

19   GB of data.

20   2.   Defendants shall exclude duplicate or non-unique e-mails and attachments

21   from the data collection.  Defendant shall also exclude e-mails and attachments that are

22   subject to the attorney-client privilege from the data collection.  This processing should

23   take approximately one week (or less).

24   3.   Upon receipt of the resultant data collection (after de-duplication and

25   filtering for attorney-client privileged material), Defendants will review the resulting e

26   mails and determine if manual review and redaction for security sensitive information will

27   be unduly burdensome because of the amount of documents that potentially have security-

28   sensitive information and the number of hours and resources it will take to review those

-4-

1    documents.[2]

2

3        [2] This Court told Plaintiffs that it does not believe that review of e mails is valuable
     and, in fact, believes that the number of e-mails is unduly burdensome.  At the April 24
4    and August 7, 2013, hearings, the Court did not see the value of the requested e mails
     despite Plaintiffs' assertion that the e mails were "gold mines".  (Oral Argument Hearing
5    Transcript at 11:25, 12:1 (Apr. 26, 2013), hereinafter referred to as "Argument Transcript
     at __"; Motion Hearing Transcript at 65:14-15, 66:3 (Aug. 7, 2013), hereinafter referred to
6    as "Motion Transcript at __".)  Further, the Court stated that 16,000 e-mails were unduly
     burdensome.  (Motion Transcript at 61:7 8.)
7
         Currently, Plaintiffs want Defendants to process 22,513 e mails.  Typically, de
8    duplication of e mail data results in a 20% to 50% de duplication rate (Wave Software at
     http://www.discoverthewave.com/products/107, last visited on Sep. 5, 2013); however, a
9    40 to 50% reduction is not very likely.  Defendants performed a preliminary and informal
     (not verified) processing of the "Corizon Search" data collection—the smaller of the
10   "Wexford Search" and "Corizon Search" data collections.  (Within two days of receipt of
     final (and verified) figures from the vendor, Defendants will file a supplement to this
11   statement advising the Court of the actual figures.  Defendants expect to receive these
     figures on or about September 11 or 12, 2013.)  Processing of the "Corizon Search" data
12   collection determined that there are 6,186 e mails and 1,432 attachments, or a total of
     7,618 documents.  Of the 7,618 documents, only 600 documents were duplicates, which is
13   an 8% de duplication rate—a significantly low de duplication rate.  (These figures do not
     include filtering for attorney-client privilege documents.)  The "Corizon Search" data
14   collection, which was originally thought to have 6,186 e mails, ultimately had 7,018
     documents—an increase of 12%.
15
         Of greater significance is that the total number of documents does not accurately
16   forecast the number of pages or the work load involved in reviewing and redacting the
     documents for security sensitive information.  Although an e mail may consist of only a
17   few pages, an attachment may consist of hundreds of pages.  In addition, an e mail may
     have more than one attachment.  A very conservative estimate using 3 pages per
18   document as the average page count, the "Corizon Search" data collection could yield
     21,000 pages.  The "Wexford Search" data collection is more than double the size of the
19   "Corizon Search" data collection.  Extrapolating the "Corizon Search" results to the
     "Wexford Search" data collection, the "Wexford Search" could conservatively yield
20   42,000+ pages.  Both data collections together result in the need to review and redact
     more than 63,000 pages for security sensitive information.  This is truly unduly
21   burdensome.

22       Defendants must perform a manual "eyes on" review of each and every page due to
     the importance of the security concerns being reviewed for redaction.  For example,
23   morning/executive reports show security issues and/or information at all ten prison
     complexes, such as prison gang intelligence; inmate on inmate assaults; details of prison
24   searches, locations searched, when the searches occurred, and who performed the
     searches; contraband found, location found, and how the contraband was brought into the
25   prison; inmate housing issues, including do not house with (DNHW) conflicts; and
     protective segregation/custody information.  Further, the disclosure of the identification of
26   individuals who participate or perform ancillary functions in an execution of an inmate is
     prohibited by law.  (A.R.S. § 13-757.)  These pages must be thoroughly scoured to
27   prevent disclosure of security sensitive information that could jeopardize the safe and
     secure operation of the prison.
28

1    4.    If it is determined that this review will not take an inordinate amount of

2    time, Defendants will manually review and redact security-sensitive information.  At this

3    time, Defendants are unable to determine how long this process may take.[3]  Production

4    _____

5    [3] Plaintiffs complain that this process is going to extend beyond the discovery cut-
off date.  Plaintiffs brought this problem upon themselves.  This dispute was brought in
6    front of the Court on April 26, 2013, and was discussed for months before; however, after
the April hearing, Plaintiffs took little action to resolve this dispute.  On May 10, 2013,
7    Defendants sent Plaintiffs a letter addressing the Court's April hearing search instructions
(i.e., search for e-mails of Ryan, Pratt, and Profiri from April 2, 2012, to March 3, 2013,
8    that contain the term "Wexford"), provided Plaintiffs the search results, and asked
Plaintiffs to make suggestions for narrowing this search.  (Exhibit A.)  On May 10, 2013
9    via e mail, Plaintiffs asked Defendants about de duplication, and Defendants responded
back.  (Id.)  On May 13, 2013 via e mail, Plaintiffs asked Defendants about the gigabyte
10   size of the search results, and Defendants responded back.  (Id.)  On May 14, 2013,
Plaintiffs wrote Defendants an e mail offering suggestions for alternative processing
11   vendors.  (Id.)  Defendants responded back and asked whether Plaintiffs' lack of
suggestions for narrowing the search criteria meant Plaintiffs' April approved the search criteria
12   as defined by the Court.  (Id.)  On May 22, 2013, Plaintiffs had not yet responded and
Defendants sent Plaintiffs a reminder e-mail.  (Id.)  On May 23, 2013, Plaintiffs responded
13   that they wished to expand the search criteria and would contact Defendants the next week
to discuss the same. (Id.)
14
More than a month and a half passed before Plaintiffs attempted to contact
15   Defendants again.  On July 10, 2013 via e mail, Plaintiffs advised Defendants that they
wanted to expand the e mail search to include the search term "Corizon", to expand the
16   search date range, and to add Tara Diaz as a custodian.  (Id.)  On July 18, 2013, the ADC
began running the expanded searches.  On July 31, 2013, Defendants advised Plaintiffs
17   that they did not agree to the expanded search criteria, but also informed Plaintiffs that
Defendants performed the expanded searches and provided Plaintiffs the results.  (Id.)  On
18   August 5, 2013 via e mail, Plaintiffs contacted Defendants and requested that Defendants
begin production of the e mails.  Defendants addressed Plaintiffs' request to produce at
19   the oral argument hearing on August 7, 2013.

20   On or about August 19, 2013, Plaintiffs and Defendants telephonically conferred
about e mail production and Plaintiffs followed-up with an e mail.  (Id.)  Plaintiffs again
21   sought to change the terms of the e mail production, adding "caveats."  After being out of
the office for a deposition (8/20), sickness (8/23, 8/26, 8/30), and a car problem (8/29), on
22   September 3, 2013, Defense counsel, Lucy Rand, responded back to Plaintiffs' e mail.
The same day Plaintiffs requested a meet and confer, and on September 5, 2013, the
23   parties held a meet and confer.  (Id.)  The e mail production has not moved forward
because of Plaintiffs inability to decide on a final set of search criteria and terms of
24   production, not due to a single delayed e mail response by Defendants.

25   Defendants, through the discovery process, have provided Plaintiffs numerous
printed e mails, as well as over one hundred electronic e mails.  Plaintiffs complain that
26   they need more e mails; however, the Court has advised Plaintiffs that it is doubtful that
this case will be decided by a smoking gun e mail.  (Argument Transcript 33:16-18.)
27   Further, in some cases, the e mails Plaintiffs claim they need are not even related to this
lawsuit.  (ADC048231-ADC048234: e-mails re: private prisons not included in this
28   lawsuit.)  Nevertheless, Defendants do not intend to review any witnesses' electronic e

1   will be on a rolling basis.

2   September 6, 2013

3   **JONES DAY**

4

5   By:  _s/ Caroline Mitchell_
        Caroline Mitchell (Cal. 143124)*
6       David C. Kiernan (Cal. 215335)*
        Sophia Calderón (Cal. 278315)*
7       Sarah Rauh (Cal. 283742)*
        555 California Street, 26th Floor
8       San Francisco, California 94104
        Telephone:  (415) 875-5712
9       Email:    cnmitchell@jonesday.com
                  dkiernan@jonesday.com
10                scalderon@jonesday.com
                  srauh@jonesday.com

11      *Admitted *pro hac vice*

12      Daniel Pochoda (Bar No. 021979)
        Kelly J. Flood (Bar No. 019772)
13      James Duff Lyall (Bar No. 330045)*
        **ACLU FOUNDATION OF ARIZONA**
14      3707 North 7th Street, Suite 235
        Phoenix, Arizona 85013
15      Telephone:  (602) 650-1854
        Email:    dpochoda@acluaz.org
16                kflood@acluaz.org
                  jlyall@acluaz.org
17
        *Admitted pursuant to Ariz. Sup. Ct.
18      R. 38(f)

19

20

21

22

23

24

25

26

**OFFICE OF THE ATTORNEY GENERAL**

By: *s/ Lucy M. Rand (with permission to plaintiffs)*
    Arizona Attorney General Thomas C. Horne
    Michael E. Gottfried
    Katherine E. Watanabe
    Lucy M. Rand
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

    Daniel P. Struck
    Kathleen L. Wieneke
    Timothy J. Bojanowski
    Rachel Love
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    Anne Orcutt
    **STRUCK WIENEKE, & LOVE, P.L.C**
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

*Attorneys for Defendants*

27   mail accounts in preparation for trial.  Any e mails used at trial will have been printed and
28   provided by witnesses and disclosed to Plaintiffs, if not already disclosed.

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
           afettig@npp-aclu.org
           aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           keidenbach@perkinscoie.com
           jhgray@perkinscoie.com
           mdumee@perkinscoie.com

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com
          tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone:  (949) 851-3939
Email:    kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen
Swartz; Dustin Brislan; Sonia Rodriguez;
Christina Verduzco; Jackie Thomas; Jeremy
Smith; Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua Polson;
and Charlotte Wells, on behalf of themselves
and all others similarly situated*

1  **ARIZONA CENTER FOR DISABILITY**
   **LAW**

2

3  By:    *s/ Jennifer Alewelt*
   Jennifer Alewelt (Bar No. 027366)
4  Asim Varma (Bar No. 027927)
   Sarah Kader (Bar No. 027147)
5  5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
6  Telephone:  (602) 274-6287
   Email:    jalewelt@azdisabilitylaw.org
7             avarma@azdisabilitylaw.org
              skader@azdisabilitylaw.org
8
   J.J. Rico (Bar No. 021292)
9  Cathleen M. Dooley (Bar No. 022420)
   **ARIZONA CENTER FOR**
10 **DISABILITY LAW**
   100 N. Stone Avenue, Suite 305
11 Tucson, Arizona 85701
   Telephone:  (520) 327-9547
12 Email:    jrico@azdisabilitylaw.org
              cdooley@azdisabilitylaw.org
13
   *Attorneys for Arizona Center for Disability Law*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on September 6, 2013, I electronically transmitted the above

3

document to the Clerk's Office using the CM/ECF System for filing.

4

5

6

s/ S. Lawson

78204-0001/LEGAL27779410.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28