IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Defendants. | No. CV-12-00601-PHX-NVW<br><br>**ORDER** |

　　　　The Court has reviewed the parties' Joint Notice of Discovery Dispute (Doc. 619). In the Court's August 9 and August 30, 2013 Orders (Docs. 567, 611), the parties were directed to jointly generate and submit proposed language to the Court outlining the means by which the previously-ordered electronic mail discovery would be reviewed for security concerns. The proposed language provided by each party does not address this narrow issue in a meaningful way. In an attempt to diminish the burden to Defendants to perform this security review, while providing the discovery to Plaintiffs in a way that allows them to utilize it, the Court will adopt the following language.

///

///

**IT IS THEREFORE ORDERED that:**

1. Defendants must **process** and **produce** electronic mail files that resulted from the following data collections performed by the ADC:

    (a) "Wexford Search": e-mail accounts of custodians Charles Ryan, Richard Pratt, Joe Profiri, and Tara Diaz, for the time period from April 2, 2012 to March 3, 2013, that contain the term "Wexford", which resulted in 16,345 e-mails or 2.473 GB of data.

    (b) "Corizon Search": e-mail accounts of custodians Charles Ryan, Richard Pratt, Joe Profiri, and Tara Diaz, for the time period from January 17, 2013 to July 18, 2013, that contain the term "Corizon", which resulted in 6,168 e-mails or 1.071 GB of data.

2. Defendants must **exclude** duplicate or non-unique e-mails and attachments from the data collection. Defendants must also **exclude** e-mails and attachments that are subject to the attorney-client privilege from the data collection.

3. Upon receipt of the resultant data collection (after de-duplication and filtering for attorney-client privileged material), Defendants **will review** the resulting e-mails for security sensitive information and **will redact** security-sensitive information.

4. The Morning/Executive Reports detailed at Doc. 619 at 6 n.2 are **excluded** from disclosure.

5. Defendants **must disclose** the non-privileged redacted e-mail no later than October 25, 2013.

6. The deadline to take the depositions of Ryan, Pratt, and Profiri is **extended** to November 8, 2013.

7. The Court takes no action on Plaintiff's second request to receive e-mail from trial witnesses because that is beyond the scope of the Court's prior rulings and Defendants have already indicated that they will disclose any e-mail that will be used at trial.

Dated this 9th day of September, 2013.

_____
Neil V. Wake
United States District Judge

- 3 -