Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,

Plaintiffs,

v.

Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,

Defendants.

NO. 2:12-cv-00601-NVW

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DE-DESIGNATE TWO DOCUMENTS AS CONFIDENTIAL**

Defendants, through counsel, respond to Plaintiffs' Motion to De-Designate Two Documents as Confidential (Doc. 590). This Response is supported by the following Memorandum of Points and Authorities, the attached exhibit, and the Court's record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On August 23, 2013, Plaintiffs filed a "Motion to De-Designate Two Documents as Confidential." *See* Doc. 590. In that Motion, Plaintiffs request the Court for an order that removes the confidentiality designation from specific documents produced by third-party Wexford Health Sources ("Wexford"). In support of their Motion, Plaintiffs assert the documents do not qualify for a confidentiality designation under the terms of the Protective Order (Doc. 454)[1] in this case.

The documents Plaintiffs seek to de-designate were produced in response to a March 8, 2013 Subpoena Duces Tecum Plaintiffs served on Wexford. Although Wexford originally objected to the Subpoena because it was overly broad, vague, and unduly burdensome, Wexford agreed to produce the documents in exchange for an agreement that the documents would remain confidential, be subject to the Protective Order in this case, and be filed under seal if necessary. This agreement was filed with the Court on May 8, 2013. *See* Doc. 448.

Plaintiffs approached counsel for Defendants and Wexford prior to filing this Motion. Counsel for both Defendants and Wexford informed Plaintiffs that the documents were to remain confidential and reminded Plaintiffs of their prior agreement to maintain confidentiality of the documents. Plaintiffs insisted on filing their motion.

The documents at issue pertain to a November 8, 2012 presentation Wexford officials gave to ADC. Specifically, Plaintiffs seek to de-designate the itinerary and Power Point presentation slides from that meeting. These documents contain the opinions of Wexford and outline problems allegedly encountered throughout the course of Wexford

[1] The Protective Order was amended on May 17, 2013, and therefore the Amended Protective Order is the operative Order. *See* Doc. 454.

and ADC's relationship.[2] As this Court is aware, in January 2013, ADC and Wexford mutually agreed to terminate their contract, and ADC subsequently contracted with Corizon for the provision of health care to ADC inmates. *See* Doc. 344.

The documents must remain confidential for the reasons set forth below and the Court should deny Plaintiffs' Motion.

## II. THE PARTIES ENTERED INTO AN AGREEMENT WITH WEXFORD TO KEEP THE DOCUMENTS CONFIDENTIAL.

As noted above, on March 8, 2013, Plaintiffs served a Subpoena Duces Tecum on Wexford. *See* Doc. 381. On March 19, 2013, Wexford formally objected to the Subpoena, noting it was unduly burdensome and overly broad. *See* Ex. 1, ¶ 4.

On May 7, 2013, Plaintiffs' Counsel, David Fathi, contacted Wexford's counsel and requested production of the Power Point slides from the November 8, 2012 Wexford presentation. *Id.*, ¶ 5. Brandi Blair, Wexford's counsel, advised Mr. Fathi she would produce documents as responsive to Plaintiffs' deficient Subpoena, if Plaintiffs agreed to designate the documents as confidential and subject them to the Protective Order. *Id.*, ¶ 6. Ms. Blair conditioned her production of documents on an executed agreement with both parties that the documents would remain confidential. *Id.*, ¶¶ 6–12, 17. This was because the documents, if made public, could encourage litigation between ADC and Wexford, invite inmate lawsuits against Wexford, and be used against Wexford in future litigation. *Id.*, ¶ 8. Mr. Fathi agreed to these terms. *Id.*, ¶¶ 9–12. After Ms. Blair exchanged correspondence with both Plaintiffs and Defendants regarding proposed language, an agreement was filed with the Court on May 8, 2013. *Id.*, ¶¶ 11–12; *See* Doc. 448. Ms. Blair began production of documents responsive to Plaintiffs' Subpoena that same day. *Id.*

---

[2] ADC vehemently disputes the accuracy of the allegations and conclusions contained in the Power Point. Wexford only showed ADC approximately half of the presentation and ADC was never provided with a copy of the Power Point.

Since the filing of the agreement, Plaintiffs have attempted to circumvent the agreement by requesting Ms. Blair's permission to file excerpts of the documents "unsealed." For example, on May 29, 2013, Mr. Fathi contacted Ms. Blair advising of his intent to file excerpts from the Power Point and requesting that Ms. Blair permit him to file the documents "unsealed." *See* Ex. 1,¶ 13. Ms. Blair maintained her position that the documents were to remain confidential and that they must be filed under seal. *Id.*, ¶ 14. Mr. Fathi agreed to file the document under seal. *Id.*, ¶ 15.

Then, on August 23, 2013, against both Wexford and Defendants' objections, Plaintiffs filed the instant motion requesting that both the itinerary and Power Point slides be de-designated as confidential. Plaintiffs' argue the documents do not qualify for protection under the terms of the Protective Order because they are not "protective health information" or "security information." In addition, Plaintiffs assert the documents are public records and Defendants are confused by Plaintiffs' Motion. They fail to mention that they specifically agreed to keep the documents confidential, and that they would not otherwise have them but for that agreement.

First, the agreement reached by the parties and Wexford specifically states that *in addition* to the protections provided under the protective order, "the Parties agree that documents and testimony obtained from Wexford Health Sources shall not be used or shown, disseminated, copies, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action and as otherwise limited by this Order." *See* Doc. 448; Ex. 1, ¶ 10. Therefore, regardless of what the Protective Order or Rule 26 provides, Plaintiffs entered into a separate agreement with Wexford to keep the documents confidential. *See* Ex. 1, ¶ 17. This was done in exchange for Wexford withdrawing their objections to Plaintiffs' Subpoena. *Id.* Plaintiffs now want to renege on that agreement.

Second, the protective order was in place prior to Plaintiffs' agreement that the documents would be kept confidential. It is therefore perplexing why Plaintiffs would

previously agree to keep these documents confidential, and subject to the protective order, if they did not believe the documents qualified for protection under the protective order. At no time did Plaintiffs bring this to Wexford or Defendants' attention when the parties were negotiating the agreement and discussing proposed language. Indeed, the Power Point slides were the very documents that prompted the parties to enter into the agreement. *See* Ex. 1, ¶¶ 5–6. If Plaintiffs did not want to subject these documents to the protections of the protective order, they should not have signed the agreement. Indeed, nothing has changed since the execution of the agreement to justify de-designating the documents as confidential.

Finally, Plaintiffs provide no support for the need or urgency for these documents to be de-designated. Although they cite the Protective Order and Rule 26 to argue the documents do not *qualify* for a confidential designation, it is confusing why only now, after signing an agreement to the contrary, Plaintiffs assert the documents do not qualify. The agreement itself specifically indicates the documents will qualify. *See* Doc. 448. Nothing has changed since Plaintiffs originally agreed to keep the documents confidential so it is unclear why Plaintiffs request to do so now.[3] Moreover, the cases they rely on to support their assertion that there is a "strong presumption in favor of access" to public records are inapposite. *See* Doc. 590. For example, in both *Foltz and Kamakana*, the documents at issue were *sealed court records*. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (emphasis added). Indeed, the Court in both cases agreed the public had a right to the public documents, but the same facts are not present here. The Power Point presentation is not a "public document" and was never filed with the Court. It was a private document authored by Wexford containing its opinions. But for Plaintiffs' agreement to keep the document confidential, they never would have received

[3] It is not lost on Defendants that Plaintiffs brought their motion just months after the ACLU made an appearance in a similar lawsuit against Wexford and the Illinois Department of Corrections in the Northern District of Illinois. *See Lippert v. Ghosh*, 1:10-cv-04603 (N.D. Ill.).

it from Wexford. *See* Ex. 1, ¶¶ 17, 19.

## III. CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court deny Plaintiffs' Motion and Order their continued adherence to the agreement entered on May 8, 2013.

DATED this 9th day of September 2013.

STRUCK WIENEKE & LOVE, P.L.C.

By /s/ Ashlee B. Fletcher

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried
Lucy M. Rand
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy: ahardy@prisonlaw.com

Amy Fettig: afettig@npp-aclu.org

Caroline N. Mitchell: cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick: ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr: DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda: dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi: dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter: dspecter@prisonlaw.com

James Duff Lyall: jlyall@acluaz.org; gtorres@acluaz.org

Jennifer Ann Alewelt: jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Cathleen M. Dooley: cdooley@azdisabilitylaw.org

J.J. Rico: jrico@azdisabilitylaw.org

John Howard Gray: jhgray@perkinscoie.com; slawson@perkinscoie.com

Kelly Joyce Flood: kflood@acluaz.org; gtorres@acluaz.org

Kirstin T. Eidenbach: keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com

Matthew Benjamin de Mee: mdumee@perkinscoie.com; cwendt@perkinscoie.com

Michael Evan Gottfried: Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov

Sara Norman: snorman@prisonlaw.com

Sophia Calderon: scalderon@jonesday.com; lwong@jonesday.com

Asim Varma: avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Sarah Rauh: srauh@jonesday.com; treyes@jonesday.com
David C. Kiernan: dkiernan@jonesday.com; lwong@jonesday.com
John Laurens Wilkes: jlwilkes@jonesday.com, dkkerr@jonesday.com
Kamilla Mamedova: kmamedova@jonesday.com
Jennifer K. Messina: jkmessina@jonesday.com
Taylor Freeman: tfreeman@jonesday.com
Sarah Eve Kader: skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org
Katherine E. Watanabe: Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov
Amelia M. Gerlicher: agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com
Lucy Marie Rand: Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov
Ajmel Quereshi: aquereshi@npp-aclu.org

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ *Ashlee B. Fletcher*