# EXHIBIT 1

1    Arizona Attorney General Thomas C. Horne
     Office of the Attorney General
2    Michael E. Gottfried, Bar No. 010623
     Lucy M. Rand, Bar No. 026919
3    Assistant Attorneys General
     1275 W. Washington Street
4    Phoenix, Arizona 85007-2926
     Telephone: (602) 542-4951
5    Fax: (602) 542-7670
     Michael.Gottfried@azag.gov
6    Lucy.Rand@azag.gov

7    Daniel P. Struck, Bar No. 012377
     Kathleen L. Wieneke, Bar No. 011139
8    Rachel Love, Bar No. 019881
     Timothy J. Bojanowski, Bar No. 22126
9    Nicholas D. Acedo, Bar No. 021644
     Courtney R. Cloman, Bar No. 023155
10   Ashlee B. Fletcher, Bar No. 028874
     Anne M. Orcutt, Bar No. 029387
11   STRUCK WIENEKE & LOVE, P.L.C.
     3100 West Ray Road, Suite 300
12   Chandler, Arizona  85226
     Telephone:  (480) 420-1600
13   Fax:  (480) 420-1696
     dstruck@swlfirm.com
14   kwieneke@swlfirm.com
     rlove@swlfirm.com
15   tbojanowski@swlfirm.com
     nacedo@swlfirm.com
16   ccloman@swlfirm.com
     afletcher@swlfirm.com
17   aorcutt@swlfirm.com
     *Attorneys for Defendants*

18                    UNITED STATES DISTRICT COURT

19                        DISTRICT OF ARIZONA

20   Victor Parsons, *et al.*, on behalf of themselves      NO. 2:12-cv-00601-NVW
     and all others similarly situated; and Arizona
21   Center for Disability Law,
                                        Plaintiffs,         **DECLARATION OF BRANDI**
22                  v.                                      **BLAIR**

23   Charles Ryan, Director, Arizona Department
     of Corrections; and Richard Pratt, Interim
24   Division Director, Division of Health Services,
     Arizona Department of Corrections, in their
25   official capacities,
                                        Defendants.

26

27

28

1       I, **BRANDI BLAIR**, make the following Declaration:

2       1.      I am an attorney licensed to practice law in the state of Arizona.

3       2.      I am Counsel of record for Wexford Health Services and previously

4   represented Wexford in the *Parsons v. Ryan* litigation.[1]

5       3.      On March 8, 2013, Plaintiffs served a 30(b)(6) Deposition Duces Tecum on

6   Wexford Health Sources, Inc.  *See* Doc. 381.

7       4.      Wexford originally objected to the Subpoena as unduly burdensome and

8   overly broad.   *See* Ex. 7 (Formal Objection Letter from Blair to Fathi).

9       5.      On May 7, 2013, Plaintiffs' Counsel David Fathi requested I forward him a

10  Wexford Power Point presentation that Wexford presented to ADC on November 8, 2012.

11  *See* Ex. 1 (May 7, 2013 Correspondence between Fathi and Blair).

12      6.      In exchange for agreeing to keep all documents responsive to the Subpoena

13  confidential, subject to the Protective Order, and filed under seal if necessary, Wexford

14  agreed to produce documents in response to Plaintiffs' Subpoena.

15      7.      Between May 7 and May 8, 2013, Mr. Fathi and I exchanged several e-mails

16  regarding the need for Wexford to be covered under the protective order before I could

17  produce the power point or any other Wexford document. *See* Ex. 2 (May 7-May8, 2013

18  email string between Fathi and Blair).

19      8.      On May 8, 2013, I informed Mr. Fathi that many of the Wexford documents

20  I would be producing, including the power point, would need to be disclosed as

21  confidential.  I advised Mr. Fathi that the reason was because of the potential for litigation

22  between ADC and Wexford and the steady flow of lawsuits from inmates. Additionally, I

23  informed him that the documents needed to be kept confidential to avoid being used in

24  other litigation or by the media.  *See* Ex. 3 (May 8, 2013 email from Blair to Fathi

25  advising of the need for documents to be kept confidential).

26

27  ────────────────

[1] James Jellison is current counsel of record for Wexford Health Sources in the

28  *Parsons v. Ryan* litigation.

2

9.      We exchanged several, additional emails regarding our intent to file a Joint Notice with the Court outlining our agreement to keep Wexford documents confidential and the proposed language of the agreement. *See* Ex. 2.

10.     The purpose of filing a joint notice with the Court, rather than simply joining the protective order, was to include language broadening the scope of the protective order to include all Wexford documents and information, and to ensure that the documents and information disclosed by Wexford remain protected. Mr. Fathi's characterization that the agreement left open the possibility that the Plaintiffs' could seek de-designation of those documents in the future is contrary to our agreement as is evidenced by the correspondence referenced in this affidavit, as well as the plain language of the joint notice filed with this Court.

11.     On May 8, 2013, I wrote Mr. Fathi and advised that I intended to begin production of the documents upon finalization of the Joint Notice to the Court. *See* Ex. 4 (May 8, 2013 email from Blair to Fathi regarding production).

12.     That same day, Wexford and the Parties filed a Joint Notice to the Court advising that the existing protective order (and all subsequent amendments) would apply to documents and testimony obtained from, or on behalf of, Wexford Health Services. The Notice also advised the Court that the parties agreed that documents and testimony obtained from Wexford Health Services shall not be used or shown, disseminated, copied or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action and as otherwise limited by this Order. *See* Doc. 448.

13.     On May 29, 2013, Mr. Fathi contacted me advising of his intent to file excerpts from the Wexford power point presentation and Plaintiffs' preference to file the excerpts unsealed. He gave no reason for this preference, but stated clearly that my client is "entitled under the protective order to require that [plaintiffs] file it under seal." *See* Ex. 5 (May 29, 2013 email from Fathi to Blair).

3

14. I responded the same day and informed Mr. Fathi that Wexford preferred that the power point be filed under seal. Indeed, this was the entire reason I required an agreement regarding confidentiality of these documents and the reason that Wexford and the parties filed the Joint Notice with the Court. I explained to Mr. Fathi that filing under seal would avoid making the Arizona issues a concern for other contracts Wexford may enter into in the future.

15. Mr. Fathi agreed to file the document under seal. *See* Ex. 6 (May 29, 2013 correspondence between Fathi and Blair).

16. On August 23, 2013, Plaintiff filed a Motion to De-Designate the Wexford power point as confidential. *See* Doc. 590

17. Wexford and Plaintiffs entered into an agreement that all documents produced in the *Parsons v. Ryan* litigation were to be sealed and remain confidential in exchange for Wexford's agreement to produce documents and withdraw Wexford's original objection to Plaintiffs' Subpoena.

18. Because Wexford is a non-party, Wexford requested that Defendants prepare an opposition to Plaintiff's Motion to De-Designate so that Wexford could join and advise the Court of its position.

19. Wexford opposes de-designating the documents as confidential for the reasons outlined above. Wexford had an agreement with the parties that the documents would be kept confidential and it expects Plaintiffs' Counsel to adhere to the agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 9th, 2013.


_____
Brandi Blair

4

1  STATE OF ARIZONA        )
                           )  ss.
2  County of Maricopa      )

3       On this, the _9th_ day of _September_, 2013, before me, the

4  undersigned Notary Public, appeared Brandi C. Blair, to me known (or satisfactorily

5  proven) to be the person who executed the foregoing instrument and acknowledged that

6  she executed the same as and for her free act and deed for the purposes therein contained.

7       WITNESS my hand and official seal.

8

9                                           _Jennifer Bernardo_
                                                 Notary Public
10

11  My commission expires:

12  _August 1, 2016_

13                                    JENNIFER BERNARDO
                                      Notary Public—Arizona
14                                    Maricopa County
                                      Expires 08/01/2016
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5

# EXHIBIT 1

# EXHIBIT 1

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Tuesday, May 07, 2013 3:19 PM
**To:** BRANDI BLAIR
**Subject:** RE: Wexford documents

Thank you, Brandi.  I do need to run this by ACDL, since they're separately represented.  I can approve on behalf of the prisoner plaintiffs, but I can't sign for other counsel without their specific approval – would you be comfortable with only my signature on behalf of the prisoner plaintiffs?

I need to leave the office shortly, so I probably won't be able to get back to you with final approval today.  I will shoot for first thing tomorrow your time, and then hopefully you can get this filed and email the documents.

Thanks very much,

David

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@npp-aclu.org

1

*Not admitted in DC; practice limited to federal courts*

---

**From:** BRANDI BLAIR [mailto:BBlair@Jshfirm.com]
**Sent:** Tuesday, May 07, 2013 6:07 PM
**To:** Fathi, David
**Subject:** RE: Wexford documents
**Importance:** High

How does this look, David? If you are good with it (and I assume can approve on behalf of everyone on your side of the "v"), I'll send it over to SWL for Dan's approval. As soon as I get it on file, I'll email you the first disclosure.


Brandi Blair
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
(602) 263-1786 (Direct)
(602) 200-7808 (Facsimile)

---

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Tuesday, May 07, 2013 1:56 PM
**To:** BRANDI BLAIR
**Subject:** RE: Wexford documents

Hi Brandi,

I was actually thinking the same thing.  Your proposal is fine with me.  I suggest we say "the existing protective order, as it may hereafter be amended or modified," since there is now pending before Judge Wake a motion to modify the PO in two respects:

1.   Deleting the language beginning with "except that" (p. 3, line 27) and continuing through the end of 6.a. (p. 4, line 7)
2.   Allowing plaintiffs to show Wexford deponents ADC documents that pertain to Wexford's tenure at ADC.

I assume you'd still be willing to be governed by the existing protective order with these modifications, since neither of them affects Wexford documents, but please let me know if I'm wrong about that.

Thanks very much,

David

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor

Washington, DC 20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts*

---

**From:** BRANDI BLAIR [mailto:BBlair@Jshfirm.com]
**Sent:** Tuesday, May 07, 2013 4:45 PM
**To:** Fathi, David
**Subject:** RE: Wexford documents

Dave- I was just looking at the protective order already on file with the Court. I am thinking that a second protective order may be unnecessary. Perhaps we can just file a joint notice with the court that we agree the existing protective order will govern disclosures made by Wexford and that Plaintiffs agree not to disseminate or use Wexford's disclosures for any purpose outside of the Parsons litigation? Would you be agreeable to that approach? I'm just trying to simplify this process.

Brandi Blair
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
(602) 263-1786 (Direct)
(602) 200-7808 (Facsimile)

---

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Tuesday, May 07, 2013 11:33 AM
**To:** BRANDI BLAIR
**Subject:** Wexford documents

Hi Brandi,

Thanks for your call. Could you please have the disks dropped off at Perkins Coie, at the reception desk on the 20th floor? They'll take care of getting them to me. As we discussed, I'd appreciate it if you could email me the powerpoint.

Thanks very much,

David

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@npp-aclu.org

**EXHIBIT 2**

**EXHIBIT 2**

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Wednesday, May 08, 2013 8:38 AM
**To:** BRANDI BLAIR
**Subject:** RE: Joint Statement re_ Protective Order.DOC

Hi Brandi,

Thanks for the clarification.  With regard to the second sentence, I'm okay with keeping it in substance, but I suggest a rewrite – as written, it essentially requires the parties to this case to guarantee that nobody in the world will ever use these documents, which we are of course not in a position to do.  So I propose the following as a new second sentence, tracking the language of the existing Protective Order but broadening it to include all Wexford documents:

"Additionally, the Parties agree that documents and testimony obtained from Wexford Health Sources shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action and as otherwise limited by this Order."

As for the "or on behalf of" language, I'm fine with keeping it in the first sentence.  We cannot agree to including it in the second sentence, as that could significantly complicate our efforts to depose and obtain documents from current ADC health staff (or more precisely, Corizon health staff) who were formerly employed by Wexford.  It would, for example, create two different standards for the testimony of a single

witness, depending whether she was testifying about her time employed by Wexford, Corizon, or ADC. Of course such disclosures would be protected by the existing Protective Order by virtue of the first sentence.

Please let me know if this is acceptable.

Thanks very much,

David

---

**From:** BRANDI BLAIR [mailto:BBlair@Jshfirm.com]
**Sent:** Wednesday, May 08, 2013 10:53 AM
**To:** Fathi, David
**Cc:** Jennifer Bernardo; Teresa Romero
**Subject:** RE: Joint Statement re_ Protective Order.DOC

Good morning, David.

I saw that clause, but I'd prefer to leave the second sentence in as it could create an argument as to what was intended by "confidential documents." You (or the ADC) may not view the bulk of the documents I intend to disclose as confidential. There is still a potential for litigation between the ADC and Wexford. There is always litigation regarding prisoners. As we discussed on the phone last month, my intention is to avoid having all of these documents attached or used in other litigation, or by the media, to the extent possible. The second sentence is intended to include everything Wexford discloses. I assumed that wouldn't be a problem, as it does not limit your use of those documents in the instant litigation beyond what is contemplated in the current protective order.

My intention with "on behalf of" would include the potential for you subpoenaing documents or testimony from former employees (now that Wexford no longer works with the ADC, virtually none of the AZ staff is employed by Wexford) regarding the work they did for Wexford. It is probably over kill. I'm just trying to be as careful as possible.

Please let me know if those two clauses are an issue for you. Otherwise, I'll send the version with the corrected signature block on the SWL this morning, so I can get these documents out to you. I expect another set to be prepared today.

BB

---

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Wednesday, May 08, 2013 7:14 AM
**To:** BRANDI BLAIR
**Subject:** RE: Joint Statement re_ Protective Order.DOC

Hi Brandi,

Thanks—just a few comments/questions:

1. I don't think we need the second sentence, since the existing Protective Order already provides that "Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the

representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action and as otherwise limited by this Order." (P. 2, para. 5.a.)
2. What are you intending to include by the clause "or on behalf of"?
3. I've added the document number of the Protective Order, and made some corrections to the signature block, in the attached.

Best,

David

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

---

**From:** BRANDI BLAIR [mailto:BBlair@Jshfirm.com]
**Sent:** Tuesday, May 07, 2013 6:58 PM
**To:** Fathi, David
**Subject:** FW: Joint Statement re_ Protective Order.DOC

Here it is with the amended signature blocks. Look good? If so, I'll send it off to SWL for their approval.

Brandi Blair
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
(602) 263-1786 (Direct)
(602) 200-7808 (Facsimile)

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for

**EXHIBIT 3**

**EXHIBIT 3**

**From:** BRANDI BLAIR [mailto:BBlair@Jshfirm.com]
**Sent:** Wednesday, May 08, 2013 10:53 AM
**To:** Fathi, David
**Cc:** Jennifer Bernardo; Teresa Romero
**Subject:** RE: Joint Statement re_ Protective Order.DOC

Good morning, David.

I saw that clause, but I'd prefer to leave the second sentence in as it could create an argument as to what was intended by "confidential documents." You (or the ADC) may not view the bulk of the documents I intend to disclose as confidential. There is still a potential for litigation between the ADC and Wexford. There is always litigation regarding prisoners. As we discussed on the phone last month, my intention is to avoid having all of these documents attached or used in other litigation, or by the media, to the extent possible. The second sentence is intended to include everything Wexford discloses. I assumed that wouldn't be a problem, as it does not limit your use of those documents in the instant litigation beyond what is contemplated in the current protective order.

My intention with "on behalf of" would include the potential for you subpoenaing documents or testimony from former employees (now that Wexford no longer works with the ADC, virtually none of the AZ staff is employed by Wexford) regarding the work they did for Wexford. It is probably over kill. I'm just trying to be as careful as possible.

Please let me know if those two clauses are an issue for you. Otherwise, I'll send the version with the corrected signature block on the SWL this morning, so I can get these documents out to you. I expect another set to be prepared today.

BB

_____

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Wednesday, May 08, 2013 7:14 AM
**To:** BRANDI BLAIR
**Subject:** RE: Joint Statement re_ Protective Order.DOC

Hi Brandi,

Thanks—just a few comments/questions:

1. I don't think we need the second sentence, since the existing Protective Order already provides that "Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the

3

representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action and as otherwise limited by this Order."  (P. 2, para. 5.a.)

2.   What are you intending to include by the clause "or on behalf of"?

3.   I've added the document number of the Protective Order, and made some corrections to the signature block, in the attached.

Best,

David

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

**EXHIBIT 4**

**EXHIBIT 4**

**From:** BRANDI BLAIR [mailto:BBlair@jshfirm.com]
**Sent:** Wednesday, May 08, 2013 9:56 AM
**To:** Fathi, David; Dan Struck; Tim Bojanowski; Ashlee Fletcher; jalewelt@azdisabilitylaw.org

**Cc:** Jennifer Bernardo; Teresa Romero
**Subject:** Parsons joint statement re: protective order
**Importance:** High


Counsel,

I intend to begin producing documents this morning, pursuant to Plaintiffs' subpoena. In advance, I'd like to get the attached notice on file with the Court. My intention is to apply the existing protective order to Wexford's disclosures. I believe David has already approved. I would appreciate it if counsel for the Defendants and the ACDL would likewise approve. As soon as everyone agrees, I will file it, and email the first set of documents.

If you have any questions, please do not hesitate to contact me.

Sincerely,


Brandi Blair
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
(602) 263-1786 (Direct)
(602) 200-7808 (Facsimile)

**EXHIBIT 5**

**EXHIBIT 5**

**Ashlee Fletcher**
_____

| | |
|---|---|
| **From:** | Fathi, David <dfathi@npp-aclu.org> |
| **Sent:** | Wednesday, May 29, 2013 11:51 AM |
| **To:** | BRANDI BLAIR |
| **Subject:** | RE: Wexford powerpoint |

Okay, will do.  Thanks!

**From:** BRANDI BLAIR [mailto:BBlair@Jshfirm.com]
**Sent:** Wednesday, May 29, 2013 2:49 PM
**To:** Fathi, David
**Subject:** RE: Wexford powerpoint

I'm sorry, David. I know it's a pain, but we would prefer it be filed under seal. Wexford would like to avoid making the Arizona issues a concern for other contracts, to the extent possible.

Brandi Blair
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
(602) 263-1786 (Direct)
(602) 200-7808 (Facsimile)

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Wednesday, May 29, 2013 11:41 AM
**To:** BRANDI BLAIR
**Subject:** Wexford powerpoint

Hi Brandi,

It was nice meeting you in Pittsburgh.  I hope you had an uneventful trip home (aside from your shredding mishap, anyway).

In connection with a discovery motion in Parsons, we are preparing to file excerpts from the powerpoint (Wexford 001-131).  We would prefer to file this unsealed, but of course you are entitled under the protective order to require that we file it under seal.  Please let me know how to proceed.

Thanks very much,

David

David C. Fathi*
Director, ACLU National Prison Project

**EXHIBIT 6**

**EXHIBIT 6**

**Ashlee Fletcher**

| | |
|---|---|
| **From:** | Fathi, David <dfathi@npp-aclu.org> |
| **Sent:** | Wednesday, May 29, 2013 11:51 AM |
| **To:** | BRANDI BLAIR |
| **Subject:** | RE: Wexford powerpoint |

Okay, will do.  Thanks!

---

**From:** BRANDI BLAIR [mailto:BBlair@Jshfirm.com]
**Sent:** Wednesday, May 29, 2013 2:49 PM
**To:** Fathi, David
**Subject:** RE: Wexford powerpoint

I'm sorry, David. I know it's a pain, but we would prefer it be filed under seal. Wexford would like to avoid making the Arizona issues a concern for other contracts, to the extent possible.

Brandi Blair
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
(602) 263-1786 (Direct)
(602) 200-7808 (Facsimile)

---

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Wednesday, May 29, 2013 11:41 AM
**To:** BRANDI BLAIR
**Subject:** Wexford powerpoint

Hi Brandi,

It was nice meeting you in Pittsburgh.  I hope you had an uneventful trip home (aside from your shredding mishap, anyway).

In connection with a discovery motion in Parsons, we are preparing to file excerpts from the powerpoint (Wexford 001-131).  We would prefer to file this unsealed, but of course you are entitled under the protective order to require that we file it under seal.  Please let me know how to proceed.

Thanks very much,

David

David C. Fathi*
Director, ACLU National Prison Project

1

**EXHIBIT 7**

**EXHIBIT 7**

EDWARD G. HOCHULI
TELEPHONE: (602) 263-1719
FAX: (602) 200-7812
E-MAIL: EHOCHULI@JSHFIRM.COM

RUSSELL R. YURK
TELEPHONE: (602) 263-1709
FAX: (602) 200-7834
E-MAIL: RYURK@JSHFIRM.COM

BRANDI C. BLAIR
TELEPHONE: (602) 263-1786
FAX: (602) 200-7808
E-MAIL: BBLAIR@JSHFIRM.COM



JONES,
SKELTON &
HOCHULI, P.L.C.

2901 NORTH CENTRAL AVENUE
SUITE 800
PHOENIX, ARIZONA 85012
PHONE: (602) 263-1700
FAX: (602) 651-7599
WWW.JSHFIRM.COM

March 19, 2013

David C. Fathi
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005

Re:   Parsons v. ADC

Dear Mr. Faithi:

This correspondence will serve as our formal objection to the subpoenas that were recently served on Wexford and Daniel Conn.  I am hopeful that we can get this matter settled, without court involvement.  Again, Wexford is not a party to this suit and, as you know, no longer provides inmate care within the ADC system.

## I.   TIME FRAME

First, as we've previously discussed, the time frame in which the subpoenas require production and testimony is not workable.  I was hopeful that we could prepare a response by mid April.  In consultation with my client, however, that time frame is impossible. The responsive documents will number in the tens of thousands.  For example, a quick review of email correspondence from ONE account yielded 40,000 emails that are potentially responsive to your requests.  It will take a minimum of several weeks, to a month, to compile and review these documents for disclosure.  You have indicated that you would like to receive responses to the document requests a minimum of seven days prior to deposing Mr. Conn and Wexford 30(b)(6) designees.  Under those circumstances, the earliest we could schedule those depositions would be the first two weeks of May.  The shorter time frame is simply insufficient to prepare appropriate responses, given the sheer volume of information and documents that we will have to sift through.

3139500.1

# JONES, SKELTON & HOCHULI, P.L.C.

Page 2

## II.    PRODUCTION COSTS

Second, and in addition to the more specific objections below, Wexford has already prepared, and produced, more than ten thousand documents in this case.  Those documents are in addition to the witnesses that have been prepared, and produced, pursuant to subpoenas on behalf of the Parsons Plaintiffs.  Again, Wexford is not a party to this suit. Irrespective of that fact, Wexford has expended extensive resources in the process of responding to Parsons' subpoenas.

Wexford objected to the last set of document requests on the grounds that responding has become increasingly expensive and burdensome.  During that process, counsel agreed to pay the statutory costs associated with that production.  Wexford did not seek costs associated with previous productions, and did not seek the statutorily allowable costs associated with preparing those documents for production.  Instead, Wexford billed only $699, associated with the 6,990 copies made in response to that round of requests.

To date, we have not received payment for those copies.  Given the tremendous amount of resources that Wexford, a non party to this suit, is expending in connection with document requests and depositions, we will seek a protective order pertaining to any document requests until appropriate arrangements are made for the past due costs, as well as for any copy costs associated with the current production.  In the alternative, we can make the responsive documents available for inspection, at my office.  Under those circumstances, copies will be made only on a pre-paid basis.

## III.    DEPOSITIONS

### A.    Daniel Conn

A subpoena for the deposition of Daniel Conn was served on March 8, 2013. That subpoena refers to topics contained in "Attachment A" of the subpoena.  No attachment was included in the documents served, including the amended notice served on March 18, 2013. Wexford, therefore, reserves its right to object to specific issues that may be contained in that Attachment, in addition to those laid out below.

As you are aware, Mr. Conn is a high ranking executive at Wexford Health Sources.  The case at hand pertains to alleged systemic failures on the part of the Arizona Department of Corrections, to provide constitutionally appropriate healthcare to inmates housed in the ADC system.

As you are aware, the federal courts have consistently held that a party must first establish that a high ranking company executive has unique personal knowledge of the matter at issue in the underlying litigation.  The federal courts, in particular, have concentrated on whether a party desiring to depose such an individual has first exhausted less intrusive discovery

3139500.1

# JONES, SKELTON & HOCHULI, P.L.C.

Page 3

methods. This is particularly true where, as here, no attempt has been made to depose lower level employees, prior to noticing the deposition of an executive.

Mr. Conn is a high ranking executive of a company that is <u>not</u> a party to this suit. The Plaintiffs to this suit have not demonstrated that Mr. Conn has any unique knowledge that pertains to the allegations contained in this suit. Moreover, there has been no attempt to obtain whatever discovery it is that Plaintiffs are seeking, through less intrusive means. A 30(b)(6) notice is a more appropriate vehicle for deposing a corporate entity, than a notice to one of its high ranking officers. Those issues, coupled with the high cost and burden associated with a deposition of Mr. Conn in Pittsburgh, PA, make this subpoena inappropriate, and untimely. In the event that Plaintiffs refuse to rescind the subpoena of Mr. Conn, Wexford will file an appropriate motion with the court.

   **B.**   **30(b)(6)**

A subpoena for 30(b)(6) deposition was served on March 8, 2013. (An amended version was served on March 18, 2013, which contained the same topics.) The notice included ten topics of testimony. Similar to the requests for production, and the deposition notice for Mr. Conn, we were hopeful that we could identify responsive witnesses and prepare them for this deposition by mid-April. Counsel kindly agreed to re-notice depositions consistent with that schedule.

Unfortunately, on closer analysis, the topics and production required in three subpoenas served on Wexford, including the subpoena of Mr. Conn, make it impossible to respond in such a short time frame. Moreover, the nature of the topics listed in the 30(b)(6) will require several deponents, in both Arizona and Pennsylvania to be identified, and to prepare for deposition.

Additionally, Wexford will object to the scope and length of the proposed deposition testimony. Wexford will insist on a strict reading of the federal rules which allow a total deposition length of seven hours, which will be timed cumulatively for the entirety of the topics responsive to this 30(b)(6) deposition. Similarly, no responsive deponent will testify as to any matters outside of those contained in the notice, and no responsive deponent will render expert testimony.

Wexford will also object to the individual topics contemplated. The objections are largely the same as the objections presented below pertaining to the requests for production because the RFPs and topics are largely identical. For your convenience, I will reference those objections, as follows:

   1.   Topic No. 1: See objection to RFP No. 1;

   2.   Topic No. 2: See objection to RFP No. 1;

   3.   Topic No. 3: See objection to RFP No. 2;

# JONES, SKELTON & HOCHULI, P.L.C.

Page 4

    4.     Topic No. 4: See objection to RFP No. 3; Additionally, the terms of the contract between Wexford and the ADC are a matter of public record;

    5.     Topic No. 5: The terms of the contract between the ADC and Wexford are a matter of public record. No additional confidentiality agreements between Wexford and the ADC exist;

    6.     Topic No. 6: See objection to RFP No. 4;

    7.     Topic No. 7: See objection to RFP No. 5; Additionally, Wexford no longer maintains prisoner health records and, therefore, no Wexford deponent can properly prepare to render testimony on this topic;

    8.     Topic No. 8: See objection to RFP No. 7; Additionally, Wexford no longer maintains prisoner health records and, therefore, no Wexford deponent can properly prepare to render testimony on this topic;

    9.     Topic No. 9: See objection to RFP No. 6; Additionally, Wexford no longer maintains prisoner health records and, therefore, no Wexford deponent can properly prepare to render testimony on this topic;

    10.    Topic No. 10: See objection to RFP No. 8; Additionally, upon information and belief, Wexford has not had any direct communication with the ADC on the topic of the Parsons suit.

## IV.   DOCUMENT PRODUCTION

### A.   Timing

As discussed above, Plaintiffs served Wexford with a subpoena for document production on March 8, 2013. That subpoena commanded Wexford to produce documents that will likely number in the tens of thousands within approximately 13 days, including weekends, of the date of the subpoena service. The subpoena, therefore, fails to allow a reasonable time to comply. Moreover, compliance would be unduly burdensome and costly for non party Wexford Health Sources.

### B.   Cost

Again, as discussed above, the document production that Plaintiffs are requesting will carry significant expenses with respect to copy costs, attorney time, and time associated with the search and identification of documents responsive to the subpoena. The issues pertaining to this objection are more full discussed above.

# JONES, SKELTON & HOCHULI, P.L.C.

Page 5

### C.    Specific Requests

1.    **Request for production no. 1:**

RFP No. 1 is vague and ambiguous. The request asks for all documents regarding "every concern […]" "Concern" is not defined, or described. T he request would require review, identification, and production of tens of thousands of documents that relate to every "concern" related to its contract, which could include everything from paint and vehicle insurance, to compensation and issues pertaining directly to inmates. The bulk of the documents that are responsive to this request are not relevant to Wexford's understanding of the case at hand. It is doubtful that those are the documents that Plaintiffs are seeking. As such, it is impossible for Wexford to identify responsive documents, as written.

Additionally, a large portion of the documents that would be responsive to RFP No. 1 are covered by work product and attorney client privileges. Documents that include Wexford's counsel, or that were prepared in preparation for litigation, whether tort based, or contract based, are privileged and Wexford has not waived any such privilege.

Finally, documents that may be responsive to RFP No. 1 are protected by various state and federal privacy laws. Specifically, any document pertaining to the health care of a particular prisoner, or which contains protected health information, requires a signed release.

2.    **Request for production no. 2:**

Again, the bulk of documents responsive to RFP No. 2 are covered by work product and attorney client privileges. Documents that include Wexford's counsel, or that were prepared in preparation for litigation, whether tort based, or contract based, are privileged and Wexford has not waived any such privilege.

Moreover, documents pertaining to any contract dispute and/or contract termination between Wexford and the ADC are not relevant to the allegations contained in the Parsons et. al. Complaint. Not a single allegation contained in the Complaint pertains to those contract negotiations. Similarly, Plaintiffs have not provided a basis to demand the same.

Further, the documents responsive to RFP No. 2 are protected trade secrets. Publically divulging such documents and communications could have a chilling effect on non party Wexford's contracts and negotiations with entities and municipalities that are not subject to this suit. As such, this production is unduly burdensome and costly.

Finally, the bulk of the documents requested in RFP No. 2 are in the possession of Defendant ADC. Documents pertaining to the correspondence and communication involving ADC, as well as any documents drafted by, or in conjunction with the ADC, and any agreements entered into by the ADC are all documents that ADC should, or does, possess. Production of those documents, and the expense and burden associated with the same, should properly be directed to the ADC because it is a party to this suit, whereas, Wexford is not.

# JONES, SKELTON & HOCHULI, P.L.C.

Page 6

3.    **Request for production no. 3:**

RFP No. 3 is overbroad and burdensome.  First, it is not limited to Wexford's roughly nine month tenure with the ADC.  Second, there are tens of thousands of documents that could be responsive to this RFP as written including basic accounting or electronic correspondence pertaining to items like stationary and cotton swabs.  Counsel assumes that these are not the type of documents that Plaintiffs are seeking, but production would be required, as written.  Under those circumstances, production would be extremely costly and burdensome for non party Wexford Health Sources.

Additionally, some documents response to RFP No. 3, such as those that may have been created in preparation to bid the Arizona contract, are protected trade secrets.  To the extent the documents were prepared for purposes of litigation, or potential litigation, to include any potential contract dispute with the ADC, those documents are protected by attorney client and work product privileges.

Again, as stated above, to the extent any of these documents pertain to communications, agreements, drafts, etc., between the ADC and Wexford, those documents are in the possession of the Defendant.  Wexford is not a party to this suit.  Documents that are available as public records, or documents that may be obtained by discovery propounded on a Party, should be obtained through means other than a subpoena on non party Wexford.  Production, and its associated costs, should be directed to the ADC through normal discovery mechanisms.

4.    **Request for production no. 4:**

RFP No. 4 is unduly burdensome in that the documents sought can be obtained from Defendant ADC through normal discovery mechanisms.  Further, Wexford objects to the extent that the documents sought are protected by trade secret, attorney client privilege, or are protected work product.

5.    **Request for production no. 5:**

RFP No. 5 does not appear to be limited to the roughly nine month tenure, during which Wexford was contracted to provide health care to ADC prisoners.  Wexford has no information pertaining to these subjects outside of that time period.  Further, documents responsive to this request would include documents that are protected by various state and federal privacy laws and disclosure of the same requires signed medical releases.  Moreover, Wexford no longer maintains prisoner health records and, therefore, this request is more properly directed to the ADC or Corizon.

Finally, documents related to inmate deaths within the ADC system are maintained by the ADC.  The ADC is a Defendant in this suit.  The information and documents

# JONES, SKELTON & HOCHULI, P.L.C.

Page 7

requested in RFP No. 5 should be sought by means of discovery requests served on Defendant ADC.

### 6.    Request for production no. 6

See objections to RFP No. 5.

### 7.    Request for production no. 7

See objections to RFP No. 5. Additionally, this RFP appears to request information of a hypothetical nature, or information pertaining to potential occurrences in the future, which renders this request incomprehensible as written.

### 8.    Request for production no. 8

The information responsive to RFP No. 8 is in the possession of Defendant ADC, to the extent that it exists. Again, the burden of producing documents that are available to the Parties should be born by Parties of the suit, rather than by non party Wexford.

Sincerely,

Edward G. Hochuli
Russell R. Yurk
Brandi C. Blair
For the Firm

EGH/BCB/jmb

3139500.1