**JELLISON LAW OFFICES, PLLC**
3101 North Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-6009
Facsimile: (602) 230-9250
E-mail: jim@jellisonlaw.com

JAMES M. JELLISON, ESQ. #012763
Attorney for Non-party
Wexford Health Sources, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charolotte Wells on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections in their official capacities,<br><br>Defendants. | Case No.: CV2012-00601-NVW-MEA<br><br>**JOINDER IN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RE-DESIGNATION** |

Wexford Health Sources, Inc., by and through undersigned counsel, hereby joins in the arguments made in Defendants' Response to Motion to De-Designate Two Documents As Confidential.

Wexford agrees, as a fundamental proposition, that the plain language of the Joinder that was filed by the Plaintiffs and Wexford provides that, whatever provision may exist in

1

the Protective Order, there was an agreement that went beyond the Protective Order under which the documents provided by Wexford would remain confidential.  This Agreement is supported, not only by the plain language of the Joinder, but by the Affidavit of Wexford's counsel, Ms. Blair.  Accordingly, Plaintiffs obtained documents in this case under the express agreement that, regardless of what the Protective Order or Rule 26 provides, the Plaintiffs would keep the Wexford documents confidential, and to use them for no purpose other than for the litigation itself.

Having made this arrangement with a non-party to the litigation, and having done so to avoid a dispute with the Court over production, the Plaintiffs should be held to their agreement.   Holding Plaintiffs to their agreement works no prejudice to them, as the documents can be freely used for litigation purposes.  On the other hand, freeing Plaintiffs from their agreement would tend to have a negative impact on the efficient administration of justice, which encourages Parties to a lawsuit, and third parties who are tangentially drawn into those controversies, to resolve discovery disputes among themselves with the expectation that their resolutions will later be honored by the Court.

DATED this 9th day of September, 2013.

JELLISON LAW OFFICES, PLLC

By s/James M. Jellison
Jellison Law Offices, PLLC
3101 North Central Avenue
Suite 1090
Phoenix, AZ 85012
*Attorney for Non-party Wexford Health Sources*

2

| | |
|---|---|
| 1 | |
| 2 | Certificate of Service:<br>I hereby certify that on September 9, 2013, I electronically |
| 3 | Transmitted the attached document<br>To the Clerk's Office using the |
| 4 | CM/ECF System for filing. |
| 5 | Certificate of Mailing:<br>I hereby certify that on September 9, 2013, I electronically |
| 6 | Filed the attached document |
| 7 | which will send Notification of<br>such filing to all Counsel of record. |
| 8 | |
| 9 | |
| 10 | s/Kasey M. Rivera\_\_\_\_   \_   \_ |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |