Index of Exhibits to the Parties Second Joint Request for Clarification

**Plaintiff's Exhibits**

Exhibit 1 – Email from John Gray to Defendants' Counsel dated September 10, 2013

Exhibit 2 – Email from Daniel Struck to Plaintiffs' Counsel dated September 10, 2013

Exhibit 3 – Declaration of Alison Hardy

Exhibit 4 – Email from David Fathi to Daniel Struck dated October 4, 2012

Exhibit 5 – Transcript coversheet from the Deposition of Richard H. Rowe dated September 19, 2012

Exhibit 6 – Excerpt from Deposition of Jacob Gable dated October 5, 2012 (non appearance)

Exhibit 7 – Excerpt from Deposition of Ben Shaw PhD dated October 3, 2012

**Defendant's Exhibits**

Exhibit 8  – Letter from Dan Struck to David Fathi dated October 9, 2012

Exhibit 9  – Letter from Ashlee Fletcher to Plaintiffs' Counsel dated October 11, 2012

Exhibit 10 – Defendants' Response and Objections to 30(b)(6) Deposition Duces Tecum (Docs. #78, 80, and 81)

Exhibit 11 – John Gray Email to Defendants' Counsel dated September 4, 2013

Exhibit 12 – John Gray Email to Defendants' Counsel dated September 11, 2013

Exhibit 13 – Amelia Gerlicher Letter to Jeffrey Mervis dated September 9, 2013 and Subpoena

Exhibit 14 – Declaration of Courtney Cloman

# EXHIBIT 1

**Corene Kendrick**

| | |
|---|---|
| **From:** | Gray, John H. (Perkins Coie) |
| **Sent:** | Tuesday, September 10, 2013 11:58 AM |
| **To:** | Parsons Team |
| **Cc:** | Fathi, David; Fettig, Amy (afettig@npp-aclu.org); Caroline N Mitchell (cnmitchell@JonesDay.com); Don Specter (dspecter@prisonlaw.com); Corene Kendrick; Gerlicher, Amelia Morrow (Perkins Coie); Eidenbach, Kirstin (Perkins Coie); Kelly  Flood (kflood@acluaz.org); Jennifer Alewelt (jalewelt@azdisabilitylaw.org) |
| **Subject:** | Parsons v. Ryan Depositions |

Counsel,

I write to inform you of the depositions Plaintiffs intend to take in this case. Plaintiffs will depose the following monitors counting toward the total of 11:

- Kathy Campbell (9/11)
- The appropriate monitor for each of the following facilities:
    - Douglas
    - Eyman
    - Florence
    - Lewis
    - Perryville
    - Safford
    - Winslow
    - Yuma

We will provide you with deposition notices later today. To facilitate the scheduling process, **please provide us with the names of the monitor witnesses, as well as proposed dates for the depositions**.

In addition to the monitor depositions, Plaintiffs intend to take the following depositions:

- Richard Pratt (before November 8, 2013)
- Charles Ryan (before November 8, 2013)
- Martin Winland (noticed for 9/18)
- Corizon Rule 30(b)(6) deposition on medical topics, which will be provided to you later today (propose 9/20)
- Corizon Rule 30(b)(6) deposition on mental health topics, which will be provided to you later today

Further, in light of the Court's order that each Rule 30(b)(6) notice counts as one deposition, and the Court's earlier instruction to the parties to defer Rule 30(b)(6) depositions until the end of discovery, Plaintiffs intend to continue the Rule 30(b)(6) depositions of ADC on topics for which Defendants failed to provide a witness. Those topics include at least the following:

- Doc. 78 notice, Topics 3, 4, 11, 14, 16, and 18.  ADC had designated Dennis Kendall for those topics, but then refused to produce him before the deposition.
- Doc. 80 notice, Topic 2.  Jacob Gable was to be the ADC designee, but he failed to attend the deposition.
- Doc. 81 notice, Topics 1-9, 11, 13, 14, and 16.  ADC never provided a witness for these topics, but instead provided Dr. Shaw only for topics 10, 12, and 15 of this notice.

Please note that the fact that further testimony is needed to complete these prior Rule 30(b)(6) depositions does not push Plaintiffs over their 25-deposition limit. Rather, ADC already has an obligation to produce witnesses for these existing notices. **Please provide a list of designees and proposed dates to complete these existing Rule 30(b)(6) depositions.**

Finally, as we previously informed you, Plaintiffs will continue the Rule 30(b)(6) deposition of Wexford. Wexford has designated Dr. Neil Fisher, who is available on September 26. Plaintiffs also plan to continue the deposition of Smallwood Prison Dental Services because the corporate designee, Dr. Smallwood, was unprepared on numerous topics. We will keep you updated on the schedule. As with the ADC Rule 30(b)(6) depositions, the need to continue the depositions of Wexford and Smallwood Prison Dental Services does not affect the count of 25 depositions.

**Other than the depositions mentioned in this email, please consider all other noticed depositions currently off the calendar, without prejudice to Plaintiffs' ability to change their list of deponents as discovery progresses**. For all parties' convenience, we are happy to hold all depositions in Phoenix.

Very truly yours,

John


**John Gray** | **Perkins Coie** LLP
2901 North Central Avenue
Suite 2000
Phoenix, AZ  85012-2788
PHONE:  602.351.8092
FAX:  602.648.7054
E-MAIL:  JHGray@perkinscoie.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT

# 2

**Corene Kendrick**

| | |
|---|---|
| **From:** | Dan Struck |
| **Sent:** | Wednesday, September 11, 2013 8:48 AM |
| **To:** | 'Gray, John H. (Perkins Coie)'; Parsons Team |
| **Cc:** | Fathi, David; Fettig, Amy (afettig@npp-aclu.org); Caroline N Mitchell (cnmitchell@JonesDay.com); Don Specter (dspecter@prisonlaw.com); Corene Kendrick; Gerlicher, Amelia Morrow (Perkins Coie); Eidenbach, Kirstin (Perkins Coie); Kelly Flood (kflood@acluaz.org); Jennifer Alewelt (jalewelt@azdisabilitylaw.org); ahardy@prisonlaw.com |
| **Subject:** | RE: Parsons v. Ryan Depositions |

John,

We certainly dispute plaintiffs ability to "continue" the 30b6 depositions from last fall, (mentioned for the first time in your email yesterday afternoon) in light of the court's prior order on the 30b6 depositions and the fact that plaintiffs never even mentioned their desire to "continue" these depositions in all of the recent pleadings regarding the depositions plaintiffs wanted to take before the close of discovery.   Notwithstanding the fact that the judge shut these depositions down last fall due to the abusive and expansive nature of the notices, any alleged obligation by ADC to produce additional witnesses has most certainly been waived by plaintiffs.

With respect to the contract monitor depositions, plaintiffs can't seriously take the position that these depositions allow them to ask questions beyond the scope of the monitors current duties.   That is the only reason that the judge is allowing plaintiffs to go beyond 25 depositions.   If plaintiffs are going to treat these as standard depositions in which they can "seek discovery regarding any matter", then plaintiffs have chosen to convert these depositions into one of the 25 general depositions allowed by the court.   It is certainly your prerogative to do so.   If you do, though, we are taking the position that it counts toward your 25.

Dan Struck



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

**From:** Gray, John H. (Perkins Coie) [mailto:JHGray@perkinscoie.com]
**Sent:** Wednesday, September 11, 2013 8:11 AM
**To:** Dan Struck; Parsons Team
**Cc:** Fathi, David; Fettig, Amy (afettig@npp-aclu.org); Caroline N Mitchell (cnmitchell@JonesDay.com); Don Specter (dspecter@prisonlaw.com); Corene Kendrick; Gerlicher, Amelia Morrow (Perkins Coie); Eidenbach, Kirstin (Perkins Coie); Kelly Flood (kflood@acluaz.org); Jennifer Alewelt (jalewelt@azdisabilitylaw.org); ahardy@prisonlaw.com
**Subject:** RE: Parsons v. Ryan Depositions

Dan,

I write to clarify several issues relating to depositions. First, with respect to Rule 30(b)(6) depositions, we note that your email below does not dispute that ADC failed to produce witnesses for numerous topics. As you know, an entity served with a Rule 30(b)(6) notice is required to produce knowledgeable witnesses for each topic. Defendants cannot avoid this duty simply by characterizing Plaintiffs' position as "new." Plaintiffs have always had the position that Defendants were required to produce knowledgeable witnesses, yet failed to do so on the topics listed in my first email. If you have evidence or authority to the contrary, we are happy to look at it. In any event, please get back to us regarding the Rule 30(b)(6) depositions of ADC as soon as possible.

With respect to the continuing Rule 30(b)(6) depositions of Smallwood and Wexford, that is a discussion to be had between Plaintiffs and each third party. If Wexford and Smallwood believe they have fulfilled their Rule 30(b)(6) obligations, then either may seek an appropriate court order. To keep you updated, however, Dr. Smallwood as the designee for Smallwood Prison Dental Services repeatedly was unable to answer questions and instead deferred to other employees within his organization as the most knowledgeable people on various issues. Wexford, meanwhile, voluntarily has agreed to produce Dr. Neil Fisher on September 26. We will keep you apprised of the schedule so that Defendants' counsel can choose to attend, or not attend, each deposition. Please let us know if you have further questions on this matter.

Finally, thank you for putting us on notice of Defendants' stance on the monitor depositions. We object, however, to Defendants' unilateral attempt to ignore the Court's order allowing Plaintiffs to depose the contract monitors. The Court's latest order authorizes Plaintiffs "to depose the 11 contract monitors related to each facility's monitor and the supervisor." [Doc. 623] Nowhere does the Court limit the scope of the deposition or rule that the counting of depositions is contingent on the questions asked. The depositions of the contract monitors are not Rule 30(b)(6) depositions for which an objection to the scope of the testimony might be appropriate. Rather, as with any deposition, Plaintiffs are allowed to seek discovery regarding any matter that might lead to the discovery of admissible evidence. If ADC would prefer to convert future depositions of the contract monitors to Rule 30(b)(6) depositions for which the witnesses would be obligated to meaningfully prepare and to speak on behalf of ADC, please let us know immediately so we may decide whether that is a viable option.

In the meantime, if counsel instructs monitor witnesses not to answer questions or otherwise uses impermissible "scope" objections to disrupt the depositions, we will not hesitate to seek the Court's immediate guidance. Finally, we respectfully remind you that numerous deponents have been subpoenaed to attend their depositions and thus are obligated to attend. If a witness, whether upon instruction by ADC or otherwise, fails to attend a deposition without a prior Court order quashing the subpoena, Plaintiffs reserve the right to seek any and all relief authorized under the Federal Rules of Civil Procedure.

Very truly yours,

John

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Tuesday, September 10, 2013 5:54 PM
**To:** Gray, John H. (Perkins Coie); Parsons Team
**Cc:** Fathi, David; Fettig, Amy (afettig@npp-aclu.org); Caroline N Mitchell (cnmitchell@JonesDay.com); Don Specter (dspecter@prisonlaw.com); Corene Kendrick; Gerlicher, Amelia Morrow (Perkins Coie); Eidenbach, Kirstin (Perkins Coie); Kelly Flood (kflood@acluaz.org); Jennifer Alewelt (jalewelt@azdisabilitylaw.org)
**Subject:** RE: Parsons v. Ryan Depositions

John,

We are going to get back to plaintiffs with respect to your new position pertaining to "continuing" the 30b6 depositions from last fall, as well as the additional Smallwood and Wexford depositions.   We did want to put plaintiffs on notice, though, that the depositions of the contract monitors, including  Program Evaluation Administrator Kathleen Campbell, will be limited to their duties as to monitoring the Corizon contract.   (And Wexford contract if they were in that position during Wexford's tenure).   If plaintiffs insist on asking questions beyond the scope of these duties,  Defendants will count the deposition as one of the 25 non contract monitor depositions.   For example, if you ask Kathleen Campbell questions beyond the scope of her current position as the Program Evaluation Administrator, which you of course may choose to do, it will count as deposition number 21.

Please feel free to contact me if you have any questions.

Dan Struck

 STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

---

**From:** Gray, John H. (Perkins Coie) [mailto:JHGray@perkinscoie.com]
**Sent:** Tuesday, September 10, 2013 11:58 AM
**To:** Parsons Team
**Cc:** Fathi, David; Fettig, Amy (afettig@npp-aclu.org); Caroline N Mitchell (cnmitchell@JonesDay.com); Don Specter (dspecter@prisonlaw.com); Corene Kendrick; Gerlicher, Amelia Morrow (Perkins Coie); Eidenbach, Kirstin (Perkins Coie); Kelly Flood (kflood@acluaz.org); Jennifer Alewelt (jalewelt@azdisabilitylaw.org)
**Subject:** Parsons v. Ryan Depositions

Counsel,

I write to inform you of the depositions Plaintiffs intend to take in this case. Plaintiffs will depose the following monitors counting toward the total of 11:

- Kathy Campbell (9/11)
- The appropriate monitor for each of the following facilities:
  - Douglas
  - Eyman
  - Florence
  - Lewis
  - Perryville
  - Safford
  - Winslow
  - Yuma

We will provide you with deposition notices later today. To facilitate the scheduling process, **please provide us with the names of the monitor witnesses, as well as proposed dates for the depositions**.

In addition to the monitor depositions, Plaintiffs intend to take the following depositions:

- Richard Pratt (before November 8, 2013)
- Charles Ryan (before November 8, 2013)
- Martin Winland (noticed for 9/18)
- Corizon Rule 30(b)(6) deposition on medical topics, which will be provided to you later today (propose 9/20)
- Corizon Rule 30(b)(6) deposition on mental health topics, which will be provided to you later today

Further, in light of the Court's order that each Rule 30(b)(6) notice counts as one deposition, and the Court's earlier instruction to the parties to defer Rule 30(b)(6) depositions until the end of discovery, Plaintiffs intend to continue the Rule 30(b)(6) depositions of ADC on topics for which Defendants failed to provide a witness. Those topics include at least the following:

- Doc. 78 notice, Topics 3, 4, 11, 14, 16, and 18.  ADC had designated Dennis Kendall for those topics, but then refused to produce him before the deposition.
- Doc. 80 notice, Topic 2.  Jacob Gable was to be the ADC designee, but he failed to attend the deposition.

- Doc. 81 notice, Topics 1-9, 11, 13, 14, and 16.  ADC never provided a witness for these topics, but instead provided Dr. Shaw only for topics 10, 12, and 15 of this notice.

Please note that the fact that further testimony is needed to complete these prior Rule 30(b)(6) depositions does not push Plaintiffs over their 25-deposition limit. Rather, ADC already has an obligation to produce witnesses for these existing notices. **Please provide a list of designees and proposed dates to complete these existing Rule 30(b)(6) depositions.**

Finally, as we previously informed you, Plaintiffs will continue the Rule 30(b)(6) deposition of Wexford. Wexford has designated Dr. Neil Fisher, who is available on September 26. Plaintiffs also plan to continue the deposition of Smallwood Prison Dental Services because the corporate designee, Dr. Smallwood, was unprepared on numerous topics. We will keep you updated on the schedule. As with the ADC Rule 30(b)(6) depositions, the need to continue the depositions of Wexford and Smallwood Prison Dental Services does not affect the count of 25 depositions.

**Other than the depositions mentioned in this email, please consider all other noticed depositions currently off the calendar, without prejudice to Plaintiffs' ability to change their list of deponents as discovery progresses**. For all parties' convenience, we are happy to hold all depositions in Phoenix.

Very truly yours,

John

**John Gray** | **Perkins Coie** LLP
2901 North Central Avenue
Suite 2000
Phoenix, AZ  85012-2788
PHONE:  602.351.8092
FAX:  602.648.7054
E-MAIL:  JHGray@perkinscoie.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.
This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.


Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT

# 3

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org
         kflood@acluaz.org
         jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
Sarah Kader (Bar No. 027147)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: jalewelt@azdisabilitylaw.org
         avarma@azdisabilitylaw.org
         skader@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
| Plaintiffs, | **DECLARATION OF ALISON HARDY** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

I, Alison Hardy, declare:

1.      I am an attorney licensed to practice before the courts of the State of California, and admitted to this Court *pro hac vice*.  I am a Staff Attorney at the Prison Law Office, and an attorney of record to the plaintiff class in this litigation.  If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.      On September 11, 2013, I deposed Kathleen Campbell, Program Evaluation Manager for Contract Compliance in ADC's Health Services Contract Monitoring Bureau.  *See* Doc. 618-1 at 6.  Defendants had identified Ms. Campbell as the supervisor of all facility monitors, and the Court has stated that her deposition would count as one of the 11 facility monitors.  Doc. 623 at 1 ("The Court's authorization for Plaintiffs to depose the 11 contract monitors related to each facility's monitor and the supervisor…").

3.      At the deposition, Courtney Cloman, Counsel for Defendants, repeatedly objected to questions I asked Ms. Campbell on the grounds that they were "outside the scope" of the deposition.  Ms. Cloman objected on "scope" grounds to any questions that did not concern the period during which Ms. Campbell was in her current position as Program Evaluation Administrator.  Ms. Campbell testified that she was moved into the position at the beginning of May, 2013.  Prior to her promotion, she was a quality monitor reviewing Corizon and Wexford's delivery of health care services, specifically nursing care.  Ms. Cloman maintained that all of Ms. Campbell's work before May 2013, including her work as a quality monitor, was beyond the scope of the deposition, and Counsel for Defendants considered Ms. Campbell's deposition as one of the 25 permitted by the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed the 13th of September, 2013, in Berkeley, California.

                                    _s/ Alison Hardy_____
                                    Alison Hardy

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
          agerlicher@perkinscoie.com
          keidenbach@perkinscoie.com
          jhgray@perkinscoie.com
          mdumee@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
          kflood@acluaz.org
          jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com
          wgeorge@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@npp-aclu.org
           afettig@npp-aclu.org
           aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
  in DC; practice limited to federal
  courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com
           dkiernan@jonesday.com
           scalderon@jonesday.com
           srauh@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com
           tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:    kmamedova@jonesday.com
           jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone:  (949) 851-3939
Email:    kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Dustin Brislan; Sonia
Rodriguez; Christina Verduzco; Jackie
Thomas; Jeremy Smith; Robert Gamez;
Maryanne Chisholm; Desiree Licci; Joseph
Hefner; Joshua Polson; and Charlotte
Wells, on behalf of themselves and all others
similarly situated*

Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
Sarah Kader (Bar No. 027147)
**ARIZONA CENTER FOR
DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email:    jalewelt@azdisabilitylaw.org
              avarma@azdisabilitylaw.org
              skader@azdisabilitylaw.org

J.J. Rico (Bar No. 021292)
Cathleen M. Dooley (Bar No. 022420)
**ARIZONA CENTER FOR
DISABILITY LAW**
100 N. Stone Avenue, Suite 305
Tucson, Arizona 85701
Telephone:  (520) 327-9547
Email:    jrico@azdisabilitylaw.org
              cdooley@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability
Law*

# EXHIBIT

# 4



**Corene Kendrick <ckendrick@prisonlaw.com>**

---

## Fw: 30(b)(6) depositions
1 message

---

**Fathi, David** <dfathi@npp-aclu.org>                                      Thu, Oct 4, 2012 at 10:14 AM
To: parsonsdiscovery@prisonlaw.com

FYI.

--------------------------------------------------------------------------------
This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply E-mail that this message has been inadvertently transmitted to you and delete this E-mail from your system.

----- Original Message -----
From: Fathi, David
To: 'DStruck@swlfirm.com' <DStruck@swlfirm.com>; 'AOrcutt@swlfirm.com' <AOrcutt@swlfirm.com>
Cc: 'KWieneke@swlfirm.com' <KWieneke@swlfirm.com>; 'RLove@swlfirm.com' <RLove@swlfirm.com>;
'TBojanowski@swlfirm.com' <TBojanowski@swlfirm.com>; 'NAcedo@swlfirm.com' <NAcedo@swlfirm.com>;
'CCloman@swlfirm.com' <CCloman@swlfirm.com>; 'AFletcher@swlfirm.com' <AFletcher@swlfirm.com>;
'Michael.Gottfried@azag.gov' <Michael.Gottfried@azag.gov>; 'DNORTHUP@azcorrections.gov'
<DNORTHUP@azcorrections.gov>
Sent: Thu Oct 04 13:13:32 2012
Subject: Re: 30(b)(6) depositions

Dan,

The 30(b)(6) deposition of Jacob Gable was scheduled for 9:00 am on Friday, October 5 by written agreement of the parties.  As we have previously pointed out, defendants have no lawful excuse for refusing to appear unless you have obtained a protective order.  We will appear tomorrow for Mr. Gable's deposition as scheduled; if defendants fail to appear, we will seek sanctions.

David C. Fathi

--------------------------------------------------------------------------------
This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply E-mail that this message has been inadvertently transmitted to you and delete this E-mail from your system.

----- Original Message -----
From: Dan Struck <DStruck@swlfirm.com>
To: Fathi, David; Anne Orcutt <AOrcutt@swlfirm.com>
Cc: Kathy Wieneke <KWieneke@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Tim Bojanowski
<TBojanowski@swlfirm.com>; Nick Acedo <NAcedo@swlfirm.com>; Courtney Cloman
<CCloman@swlfirm.com>; Ashlee Fletcher <AFletcher@swlfirm.com>; Michael.Gottfried@azag.gov
<Michael.Gottfried@azag.gov>; DNORTHUP@azcorrections.gov <DNORTHUP@azcorrections.gov>
Sent: Thu Oct 04 10:47:46 2012
Subject: RE: 30(b)(6) depositions

David,

We have met twice on the 30b6 issue, and plaintiffs have refused to address the obvious problems with these notices.   Until Judge Wake addresses this issue, we will not be producing any more 30b6 witnesses after today.    The only reason why we are allowed the 30b6 yesterday and today to go forward was due to the fact you flew from DC to take these depositions. (even though we raised this problem with plaintiffs weeks ago, and informed you in the last meet and confer on this issue that we were not going to proceed with further depositions until the issue was resolved)    Continuing to proceed with these depositions prejudices the defendants.

On another note, it is clear from the depositions that have occurred that plaintiffs are intentionally withholding documentation from defendants.   Indeed, we have received virtually no documents from you despite our requests.    This failure to respond to discovery is prejudicing defendants in that we are unable to adequately prepare these witnesses for their depositions.   We demand that you immediately supplement your discovery responses (which we have repeatedly requested) or we will be postponing all future depositions of ADC employees.  Discovery is not a one way street.

Please feel free to contact me if you have any questions.

Dan Struck



Daniel P. Struck
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com



-----Original Message-----
From: Fathi, David [mailto:dfathi@npp-aclu.org]
Sent: Thursday, October 04, 2012 6:50 AM
To: Fathi, David; Anne Orcutt
Cc: Dan Struck; Kathy Wieneke; Rachel Love; Tim Bojanowski; Nick Acedo; Courtney Cloman; Ashlee Fletcher; Michael.Gottfried@azag.gov; DNORTHUP@azcorrections.gov
Subject: RE: 30(b)(6) depositions

Dear Counsel:

As stated in my Tuesday email below, to which I have received no response, plaintiffs would like to meet and confer on this issue today or tomorrow.  Please let us know your availability.

Thanks very much.

David C. Fathi

_____

From: Fathi, David
Sent: Tue 10/2/2012 3:28 PM
To: 'aorcutt@swlfirm.com'
Cc: 'dstruck@swlfirm.com'; 'kwieneke@swlfirm.com'; 'rlove@swlfirm.com'; 'tbojanowski@swlfirm.com'; 'nacedo@swlfirm.com'; 'ccloman@swlfirm.com'; 'AFletcher@swlfirm.com'; 'Michael.Gottfried@azag.gov'; 'DNORTHUP@azcorrections.gov'
Subject: Re: 30(b)(6) depositions



Dear Ms. Orcutt:

Plaintiffs would like to meet and confer on this issue at the 30(b)(6) depositions on Thursday or Friday of this week. Please let us know your preference.

Thanks very much.

David C. Fathi

------------------------------------------------------------------------------------
This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply E-mail that this message has been inadvertently transmitted to you and delete this E-mail from your system.

_____

From: Fathi, David
To: aorcutt@swlfirm.com
Cc: dstruck@swlfirm.com ; kwieneke@swlfirm.com ; rlove@swlfirm.com ; tbojanowski@swlfirm.com ; nacedo@swlfirm.com ; ccloman@swlfirm.com ; Ashlee Fletcher (AFletcher@swlfirm.com) ; 'Gottfried, Michael' (Michael.Gottfried@azag.gov) ; 'NORTHUP, DAWN' (DNORTHUP@azcorrections.gov)
Sent: Mon Oct 01 17:25:53 2012
Subject: 30(b)(6) depositions

Dear Ms. Orcutt:

Thank you for your letter today regarding Rule 30(b)(6) depositions of the Arizona Department of Corrections. In your letter you state that Greg Fizer will testify regarding Doc. No. 81, Topics 1, 3-9, 11, 13-14, and 16, and that you "are checking on Mr. Fizer's availability on October 18."

In her letter of September 27, Ashlee Fletcher wrote that "ADC will be producing a witness responsive to Doc. No. 81 Topics 1-9, 11, 13-14, and 16. The first available date on this individual's calendar is October 18, 2012. Please let us know if that works for Plaintiffs' counsel." In reliance upon this offer of a date certain, plaintiffs elected not to go forward with this deposition on October 3, the date for which it had been duly noticed six weeks previously, and in my letter to Ms. Fletcher earlier today, I confirmed the October 18 date for these topics. We are therefore baffled by your statement that you "are checking on Mr. Fizer's availability on October 18," as well as your failure to designate a witness on topic 2 of Doc. No. 81.

Please promptly confirm that the Rule 30(b)(6) deposition of the Arizona Department of Corrections on Doc. No. 81, Topics 1-9, 11, 13-14, and 16 will go forward on October 18 as stated in Ms. Fletcher's September 27 letter.

Thank you very much.

David C. Fathi*

Director, ACLU National Prison Project

915 15th St. N.W., 7th Floor

Washington, DC  20005
(202) 548-6603

dfathi@npp-aclu.org <mailto:dfathi@npp-aclu.org>


*Not admitted in DC; practice limited to federal courts


This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT 5

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Richard M. Rowe, M.D. - 9/19/2012

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,  Plaintiffs,  v. Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,  Defendants. | No.: CV12-00601-PHX-NVW (MEA) |

30(b)(6) ARIZONA DEPARTMENT OF CORRECTIONS
(RICHARD H. ROWE, M.D.)
TOPIC NOS. 1, 2, 5, 6, 7, 8, 9, 10, 12, 13, 15, 17

September 19, 2012
9:49 a.m.
Phoenix, Arizona

Prepared by:
Marcella Daughtry, RPR
Arizona Certified
Reporter No. 50623

Prepared for:

(Copy)

# EXHIBIT
# 6

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn )<br>Jensen; Stephen Swartz; )<br>Dustin Brislan; Sonia )<br>Rodriguez; Christina )<br>Verduzco; Jackie Thomas; )<br>Jeremy Smith; Robert Gamez; )<br>Maryanne Chisholm; Desiree )<br>Licci; Joseph Hefner; Joshua )<br>Polson; and Charlotte Wells, )<br>on behalf of themselves and )<br>all others similarly )<br>situated; and Arizona Center )<br>for Disability Law, )<br>            Plaintiffs, )<br>     v. )<br>Charles Ryan, Director, )<br>Arizona Department of )<br>Corrections; and Richard )<br>Pratt, Interim Division )<br>Director, Division of Health )<br>Services, Arizona Department )<br>of Corrections, in their )<br>official capacities, )<br>            Defendants. )<br>_____ ) | No.:<br>CV12-00601-PHX-NVW<br>(MEA) |

30(b)(6) ARIZONA DEPARTMENT OF CORRECTIONS
(JACOB GABLE, STATEMENT OF NON-APPEARANCE)

TOPIC NO. 2, DOCKET 80

October 5, 2012
9:00 a.m.
Phoenix, Arizona

**Prepared by:**
Marcella Daughtry, RPR
Arizona Certified
Reporter No. 50623

**Prepared for:**

(Copy)

1    APPEARANCES:

2        For all Plaintiffs except Arizona Center for
         Disability Law:
3
                      Prison Law Office
4                     MS. CORENE KENDRICK
                      1917 Fifth Street
5                     Berkeley, California 94710

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                P R O C E E D I N G S

2

3              MS. KENDRICK:  This is Corene Kendrick,

4     counsel for plaintiff prisoners in the matter of

5     Parsons v. Ryan.  I am here for the deposition of Jacob

6     Gable regarding topic 2 of docket 80.  Topic 2 reads,

7     "All aspects of ADC's budget for health care services

8     including, but not limited to, budget requests to the

9     governor and legislature and the responsibility for

10    budgeting, both system-wide and for each ADC facility."

11             This notice of deposition duces tecum

12    was filed with the court on August 14th, 2012 and

13    noticed for September 27th, 2012 with responsive

14    documents to be produced no later than 9:00 a.m. on

15    September 25th.

16             On September 20th, Therese Mayo on

17    behalf of counsel for defendants informed counsel for

18    plaintiffs that defendants would produce Mr. Jacob

19    Gable on October 5th to answer questions regarding

20    topic 2.  On September 25th, defendants produced some

21    responsive documents to this topic.

22             On October 1st, defendants again

23    produced some additional responsive documents regarding

24    the topic.  On October 2nd at 4:58 p.m., Ashlee

25    Fletcher, counsel for defendants, notified counsel for

1   plaintiffs that no designees would be produced for any

2   future 30(b)(6)s until the court issued an order on an

3   outstanding discovery dispute regarding the breadth of

4   deposition topics.

5           Counsel for plaintiffs, David Fathi,

6   responded that same day stating that under the federal

7   rules in case law, a witness must be produced unless

8   the court has issued a protective order postponing the

9   deposition.

10          Defendants then produced responsive

11  30(b) designees on October 3rd and October 4th for

12  other deposition topics.  On October 4th, Mr. Fathi

13  again e-mailed counsel for defendants requesting they

14  confirm that they would be producing Mr. Gable on

15  October 5th.

16          That same day, Anne Orcutt, counsel for

17  defendants, sent a letter to counsel for plaintiffs

18  stating that the court's order at Docket 171, quote,

19  Takes care of the issue of our warranted cancellation

20  of Rule 30(b)(6) depositions at this time, closed

21  quote.

22          However, Docket 171 issued by the court

23  does not order a stay in the 30(b)(6) depositions,

24  including the ones scheduled for today.  Defendants

25  have failed to file motions for a protective order

1    pursuant to Rule 26(c) in which they would have the

2    heavy burden of demonstrating why the depositions need

3    to be postponed.

4                    Even if defendants had filed a motion

5    for a protective order, this would not have excused

6    them from producing the witness on the notice date

7    unless a stay or order had been obtained prior to the

8    deposition.  This is pursuant to Federal Rule of Civil

9    Procedure 30(d)(2).  Docket 171 does not issue a

10   protective order excusing defendants from producing

11   Mr. Gable or any other 30(b)(6) designees.

12                    (Concluded at 9:46 a.m.)

13                         *  *  *

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5                          C E R T I F I C A T E

6

7        I HEREBY CERTIFY that the proceedings had upon the

8    foregoing statement contained in the shorthand record

9    made by me thereof, and that the foregoing 6 pages

10   constitute a full, true, and correct transcript of said

11   shorthand record; all done to the best of my skill and

12   ability.

13        DATED at Phoenix, Arizona this 5th day of October,

14   2012.

15

16

17

18

19

20

21                          _____

22                          Marcella L. Daughtry, RPR
                            Certified Reporter #50623

23

24

25

# EXHIBIT

# 7

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Victor Parsons; Shawn Jensen;      )
Stephen Swartz; Dustin Brislan;    )
Sonia Rodriguez; Christina         )
Verduzco; Jackie Thomas; Jeremy    )
Smith; Robert Gamez; Maryanne      )
Chisholm; Desiree Licci; Joseph    )
Hefner; Joshua Polson; and         )
Charlotte Wells, on behalf of      )
themselves and all others          )
similarly situated; and Arizona    )
Center for Disability Law,         )
                                   )
            Plaintiffs,            )
                                   ) NO.:
v.                                 ) CV 12-00601-PHX-NVW(MEA)
                                   )
Charles Ryan, Director, Arizona    )
Department of Corrections; and     )
Richard Pratt, Interim Division    )
Director, Division of Health       )
Services, Arizona Department of    )
Corrections, in their official     )
capacities,                        )
                                   )
            Defendants.            )
                                   )

30(b)(6) DEPOSITION OF BEN L. SHAW, Ph.D.

Phoenix, Arizona
October 3, 2012
9:08 a.m.

Prepared by:
Kate E. Roundy, RPR
Arizona Certified
Reporter Number 50582

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Ben Shaw, Ph. D. - 10/3/2012

Page 6

1                    BEN L. SHAW, Ph.D.,

2   called as a witness herein, having been first duly sworn

3   by the Certified Court Reporter to tell the whole truth

4   and nothing but the truth, was examined and testified as

5   follows:

6

7                       EXAMINATION

8   BY MR. FATHI:

9        Q.   Good morning, Dr. Shaw.

10       A.   Good morning.

11       Q.   My name is David Fathi, and I represent the

12   prisoner plaintiffs in this case.

13            Also with me is Jennifer Alewelt, who represents

14   the Arizona Center For Disability Law.

15            Would you please state your full name?

16       A.   My name is Ben L. Shaw.

17            MS. WIENEKE:  And could I just state for the

18   record that we are producing Dr. Shaw on the 30(b)(6)

19   document No. 80, topics No. 7; on document No. 81, topics

20   10, 12, 15; Document 82, topics 1, 2, 3, and 5 through 24

21   and without waiving any of the objections that we

22   previously submitted on the 30(b)(6) issues.

23            Thank you very much.

24            MR. FATHI:  Thank you, Kathy.

25            Did you say 80, No. 7 also?

# EXHIBIT

# 8

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

**BY EMAIL ONLY**

October 9, 2012

Daniel P. Struck
Kathleen L. Wieneke
Timothy Bojanowski
Struck Wieneke & Love
3100 West Ray Road
Chandler, AZ 85226

        **RE:   Parsons v. Ryan, et al.**

Dear Counsel:

In our continuing effort to resolve issues without Court intervention, plaintiffs offer the following proposal:

The 30(b)(6) deposition on Topics 1-8, 11, and 16 of Doc. No. 81 will go forward on October 18, as offered in Ms. Fletcher's letter of September 27. (In response to your request to narrow the topics for 30(b)(6) depositions, plaintiffs have deleted Topics 9, 13, and 14). Defendants will produce all documents responsive to the document requests in Doc. No. 81 by 10:00 a.m. PDT on October 17. In addition, defendants will not object to a deposition of Dr. Carlos Weekly in his individual capacity during the week of October 15 or October 22.

In return, plaintiffs will agree to take no other 30(b)(6) depositions, or other depositions of ADC or Wexford employees, after today until November 5, 2012 or later.

Please let us know as soon as possible if you accept this proposal. If you do not, please let us know when you are available on Oct. 11 or 12 to meet and confer on this issue. Obviously time is of the essence in light of the deposition of Eric Cavanaugh scheduled for October 12.

Thank you very much.

                          Very truly yours,

                          David C. Fathi

Cc:    All counsel

# EXHIBIT

# 9



STRUCK WIENEKE & LOVE   3100 West Ray Road, Suite 300  Chandler, Arizona 85226  **480.420.1600**  swlfirm.com

October 11, 2012

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Holsman Tetreault
OF COUNSEL

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

Re:     Parsons, et al. v. Ryan and Pratt
        U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

This letter responds to David Fathi's October 9, 2012 letter regarding Plaintiffs' 30(b)(6) deposition proposal.

As noted by Judge Wake in his October 4, 2012 Order, Plaintiffs' 30(b)(6) Notices are "extreme." *See* Doc. 17.  Judge Wake also advised Plaintiffs that "sweeping discovery from a large organization is usually better and far more economically obtained by written discovery, with Rule 30(b)(6) depositions to *supplement." Id.* ( emphasis added).

As the Court has acknowledged, Plaintiffs' 30(b)(6) Notices are problematic, and Defendants agree.  As such, the document requests attached to Plaintiffs' 30(b)(6) notices are also problematic because they encompass the same overbroad and vague Topics presented in the Notice itself.  Defendants therefore decline your proposal regarding the remaining 30(b)(6) notices and remain firm in their position that all 30(b)(6) depositions will be postponed until the Court issues an order regarding Defendants' one-pager on 30(b)(6) Notices. *See* Doc. 158.

My September 27, 2012 letter confirming the deposition on October 18 was sent prior to my letter which postponed all 30(b)(6) depositions.  Because the October 18 deposition is a 30(b)(6) deposition, it will not go forward.  As explicitly stated in my October 3 letter, all 30(b)(6) depositions after October 4 will be postponed pending a court Order.

Defendants, however, have no objection to proceeding with all remaining non-30(b)(6) depositions.  Therefore, the deposition of Eric Cavanaugh will go forward as scheduled.  Additionally, as Defendants have informed Plaintiffs on many occasions, the issue of whether Plaintiffs' 30(b)(6) Notices are proper is already before the Court.  Therefore, Defendants will not be participating in your proposal to submit another one-pager to the Court regarding the same issue.

Counsel of Record
October 11, 2012
Page 2

Sincerely,

Ashlee B. Fletcher
For the Firm

ABF/slw
2697177.1

cc:    Michael E. Gottfried
       Dawn Northup
       Kelly Dudley

# EXHIBIT 10

1   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
2   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
3   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
4   Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE, & LOVE, P.L.C.
5   3100 West Ray Road, Suite 300
    Chandler, Arizona 85226
6   Telephone: (480) 420-1600
    Fax: (480) 420-1696
7   dstruck@swlfirm.com
    kwieneke@swlfirm.com
8   tbojanowski@swlfirm.com
    nacedo@swlfirm.com
9   ccloman@swlfirm.com
    afletcher@swlfirm.com
10  aorcutt@swlfirm.com
    *Attorneys for Defendants*

11

12                 **UNITED STATES DISTRICT COURT**

13                      **DISTRICT OF ARIZONA**

14  Victor Parsons; Shawn Jensen; Stephen          NO. 2:12-cv-00601-NVW
    Swartz; Dustin Brislan; Sonia Rodriguez;
15  Christina Verduzco; Jackie Thomas; Jeremy      **DEFENDANTS' RESPONSE AND**
    Smith; Robert Gamez; Maryanne Chisholm;        **OBJECTIONS TO PLAINTIFFS'**
16  Desiree Licci; Joseph Hefner; Joshua Polson;   **NOTICE OF 30(b)(6) DEPOSITION**
    and Charlotte Wells, on behalf of themselves   **DUCES TECUM (DOC. # 78)**
17  and all others similarly situated; and Arizona
    Center for Disability Law,

18                                    Plaintiffs,

19              v.

20  Charles Ryan, Director, Arizona Department
    of Corrections; and Richard Pratt, Interim
21  Division Director, Division of Health
    Services, Arizona Department of
22  Corrections, in their official capacities,

23                                    Defendants.

24          Defendants Richard Pratt and Defendant Charles Ryan, pursuant to FED. R. CIV. P.

25  30(b)(2) and 34 and through counsel, jointly respond and object to Plaintiffs' Notice of

26  30(b)(6) Deposition Duces Tecum, including the Topics and Document Requests (at

27  Attachments A and B, Doc. #78-1), as follows.

28

**Topics (Attachment A, Doc. # 78-1 at pp. 8-10:**

Topic No. 1

Defendants object to the contents of Topic No.1 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.  Defendants additionally object to the contents of Topic No. 1 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No.2

Defendants object to the contents of Topic No.2 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.  Defendants additionally object to the contents of Topic No. 2 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 3

Defendants object to the contents of Topic No.3 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.  Defendants additionally object to the contents of Topic No. 3 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 4

Defendants object to the contents of Topic No.4 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.  Defendants additionally object to the contents of Topic No. 4 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 5

Defendants object to the contents of Topic No.5 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 5 as it is not designated with the required specificity of Rule 30(b)(6).

2

Topic No. 6

Defendants object to the contents of Topic No.6 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 6 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 7

Defendants object to the contents of Topic No.7 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 7 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 8

Defendants object to the contents of Topic No.8 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 8 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 9

Defendants object to the contents of Topic No.9 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 9 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 10

Defendants object to the contents of Topic No.10 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 10 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 11

Defendants object to the contents of Topic No.11 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not

ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 11 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 12

Defendants object to the contents of Topic No.12 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 12 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 13

Defendants object to the contents of Topic No.13 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 13 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 14

Defendants object to the contents of Topic No.14 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 14 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 15

Defendants object to the contents of Topic No.15 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 15 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 16

Defendants object to the contents of Topic No.16 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 16 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 17

Defendants object to the contents of Topic No.17 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 16 as it is not designated with the required specificity of Rule 30(b)(6).

Topic No. 18

Defendants object to the contents of Topic No.18 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 18 as it is not designated with the required specificity of Rule 30(b)(6).

Without waiving the above objections, an individual will be designated to address those topics which are relevant and within the permissible scope of discovery.

**Document Requests (Attachment B, Doc. # 78-1 at pp. 25-26):**

Request No. 1

Defendants object to this Document Request as overly broad, unduly burdensome, vague, and/or ambiguous in that the Document Request is written so broadly that it extends to documents not relevant to the Complaint and is susceptible to numerous meanings.  Defendants additionally object to this Document Request as burdensome and oppressive insofar as it will require extensive research, compilation, or evaluation of documents.  Defendants additionally object to this Document Request as not calculated to lead to the discovery of admissible evidence.   Without waiving these objections, Defendants will produce those relevant documents requested which are in their possession, custody or control, to the extent possible.  Without waiving these objections, policies and procedures regarding the topics contained in the Notice are publicly available for viewing and download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

Request No. 2

Defendants object to this Document Request as overly broad, unduly burdensome, vague, and/or ambiguous in that the Document Request is written so broadly that it

5

1    extends to documents not relevant to the Complaint and is susceptible to numerous

2    meanings. Defendants additionally object to this Document Request as burdensome and

3    oppressive insofar as it will require extensive research, compilation, or evaluation of

4    documents.  Defendants additionally object to this Document Request as not calculated to

5    lead to the discovery of admissible evidence.   Without waiving these objections,

6    Defendants will produce those relevant documents requested which are in their

7    possession, custody or control, to the extent possible.   Without waiving these objections,

8    policies and procedures regarding the topics contained in the Notice are publicly available

9    for viewing and download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

10   Request No. 3

11         Defendants object to this Document Request as overly broad, unduly burdensome,

12   vague, and/or ambiguous in that the Document Request is written so broadly that it

13   extends to documents not relevant to the Complaint and is susceptible to numerous

14   meanings. Defendants additionally object to this Document Request as burdensome and

15   oppressive insofar as it will require extensive research, compilation, or evaluation of

16   documents.  Defendants additionally object to this Document Request as not calculated to

17   lead to the discovery of admissible evidence.   Without waiving these objections,

18   Defendants will produce those relevant documents requested which are in their

19   possession, custody or control, to the extent possible.   Without waiving these objections,

20   policies and procedures regarding the topics contained in the Notice are publicly available

21   for viewing and download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

22

23

24

25

26

27

28

1

DATED this 6th day of September, 2012.

2

STRUCK WIENEKE, & LOVE, P.L.C.

3

4

By /s/ *Timothy J. Bojanowski*

5

Daniel P. Struck
Kathleen L. Wieneke

6

Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman

7

Ashlee B. Fletcher
Anne M. Orcutt

8

STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300

9

Chandler, Arizona  85226
*Attorneys for Defendants*

10

COPIES of the foregoing e-mailed to

11

all counsel of record per the attached list
this 6th day of September, 2012.

12

13

By:    /s/*Kimberly Shadoan*

2681575.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

| | | |
|---|---|---|
| 1 | Alison Hardy: | ahardy@prisonlaw.com |
| 2 | Amy Fettig: | afettig@npp-aclu.org |
| 3 | Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| 4 | | |
| 5 | Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| 6 | Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| 7 | Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| 8 | David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| 9 | Donald Specter: | dspecter@prisonlaw.com |
| 10 | James Anthony Ahlers: | jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |
| 11 | | |
| 12 | James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| 13 | Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| 14 | Jill Louise Ripke: | jripke@perkinscoie.com; jgable@perkinscoie.com |
| 15 | John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| 16 | Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| 17 | Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| 18 | | |
| 19 | Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| 20 | Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| 21 | Sara Norman: | snorman@prisonlaw.com |
| 22 | Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com; |
| 23 | Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| 24 | | |
| 25 | Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| 26 | Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| 27 | David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| 28 | R Scott Medsker: | rsmedsker@JonesDay.com |

8

John Laurens Wilkes:   jlwilkes@jonesday.com, dkkerr@jonesday.com

Kamilla Mamedova:   kmamedova@jonesday.com

Jennifer K Messina:   jkmessina@jonesday.com

1   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
2   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
3   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
4   Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE, & LOVE, P.L.C.
5   3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
6   Telephone:  (480) 420-1600
    Fax:  (480) 420-1696
7   dstruck@swlfirm.com
    kwieneke@swlfirm.com
8   tbojanowski@swlfirm.com
    nacedo@swlfirm.com
9   ccloman@swlfirm.com
    afletcher@swlfirm.com
10  aorcutt@swlfirm.com
    *Attorneys for Defendants*

11                    **UNITED STATES DISTRICT COURT**

12                          **DISTRICT OF ARIZONA**

13

14  Victor Parsons; Shawn Jensen; Stephen       NO. 2:12-cv-00601-NVW
    Swartz; Dustin Brislan; Sonia Rodriguez;
15  Christina Verduzco; Jackie Thomas; Jeremy   **DEFENDANTS' RESPONSE AND**
    Smith; Robert Gamez; Maryanne Chisholm;     **OBJECTIONS TO PLAINTIFFS'**
16  Desiree Licci; Joseph Hefner; Joshua Polson; **NOTICE OF 30(B)(6) DEPOSITION**
    and Charlotte Wells, on behalf of themselves **DUCES TECUM (DOC. # 80)**
17  and all others similarly situated; and Arizona
    Center for Disability Law,

18                               Plaintiffs,

19         v.

20  Charles Ryan, Director, Arizona Department
    of Corrections; and Richard Pratt, Interim
21  Division Director, Division of Health
    Services, Arizona Department of
22  Corrections, in their official capacities,

23                              Defendants.

24         Defendants Richard Pratt and Defendant Charles Ryan, pursuant to FED. R. CIV. P.

25  30(b)(2) and 34 and through counsel, jointly respond and object to Plaintiffs' Notice of

26  30(b)(6) Deposition Duces Tecum, including the Topics and Document Requests (at

27  Attachments A and B, Doc. #80-1), as follows.

28

**Topics (Attachment A, Doc. # 80-1 at pp. 9-10):**

Topic No. 1

Defendants object to the contents of Topic No. 1 as overly broad, unduly vague, and/or ambiguous in that it is written so broadly that it extends to issues and facts not relevant to the Complaint. Defendants additionally object to the contents of Topic No.1 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 1 as it is not designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or time range.

Topic No. 2

Defendants object to the contents of Topic No. 2 as overly broad, unduly vague, and/or ambiguous in that it is written so broadly that it extends to issues and facts not relevant to the Complaint. Defendants additionally object to the contents of Topic No. 2 as it is not designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or time range. Defendants additionally object to the contents of Topic No.2 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.

Topic No.3

Defendants object to the contents of Topic No.3 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 3 as overly broad, unduly vague, and/or ambiguous in that it is written so broadly that it extends to issues and facts not relevant to the Complaint.

Topic No.4

Defendants object to the contents of Topic No.4 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge. Defendants additionally object to the contents of Topic No. 4 as overly broad in that it is written so broadly that it extends to issues and

2

1   facts not relevant to the Complaint.  Defendants additionally object to the contents of

2   Topic No. 4 as it is not designated with the required specificity of Rule 30(b)(6) and it

3   fails to provide a date or time range.

4   Topic No. 5

5        Defendants object to the contents of Topic No.5 to the extent it covers resources

6   and information available only to Wexford and for which only Wexford personnel, not

7   ADC personnel, would have knowledge.  Defendants additionally object to the contents of

8   Topic No. 5 as overly broad, unduly vague, and/or ambiguous in that it is written so

9   broadly that it extends to issues and facts not relevant to the Complaint.  Defendants

10  additionally object to the contents of Topic No. 5 as it is not designated with the required

11  specificity of Rule 30(b)(6) and it fails to provide a date or time range.  Defendants

12  additionally object to the production of any information that is protected by the attorney-

13  client privilege, settlement privilege, deliberative process privilege, work product

14  doctrine, or any similarly recognized privilege.  Inadvertent production of any information

15  or documents so privileged does not constitute a waiver of such privilege or any other

16  grounds for objecting to the discovery request.

17  Topic No. 6

18       Defendants object to the term "training" as unduly vague and ambiguous.

19  Defendants object to the contents of Topic No.6 to the extent it covers resources and

20  information available only to Wexford and for which only Wexford personnel, not ADC

21  personnel, would have knowledge.  Defendants additionally object to the contents of

22  Topic No. 6 as overly broad, unduly vague, and/or ambiguous in that it is written so

23  broadly that it extends to issues and facts not relevant to the Complaint.  Defendants

24  additionally object to the contents of Topic No. 6 as it is not designated with the required

25  specificity of Rule 30(b)(6) and it fails to provide a date or time range.

26  Topic No. 7

27       Defendants object to the contents of Topic No. 7 as duplicative and repetitive of

28  Topic No. 6 above. Defendants object to the term "isolation" as no such housing exists or

1   has ever existed at ADC.  Defendants additionally object to the contents of Topic No.7 to

2   the extent it covers resources and information available only to Wexford and for which

3   only Wexford personnel, not ADC personnel, would have knowledge.   Defendants

4   additionally object to the contents of Topic No. 7 as it is not designated with the required

5   specificity of Rule 30(b)(6) and fails to state a date or time range.

6   Topic No. 8

7       Defendants object to the contents of Topic No. 8 as overly broad, unduly vague,

8   and/or ambiguous in that it is written so broadly that it extends to issues and facts not

9   relevant to the Complaint.   Defendants additionally object to the term "isolation" as no

10   such housing exists or has ever existed at ADC. Defendants additionally object to the term

11   "PRISONER" as unduly vague and ambiguous as it provides no time frame for when the

12   individual was in ADC custody and it is overly burdensome to require Defendants to

13   produce policies and procedures relevant to each prisoner housed in ADC custody from

14   the time of ADC's initial existence.   Defendants additionally object to the contents of

15   Topic No.8 to the extent it covers resources and information available only to Wexford

16   and for which only Wexford personnel, not ADC personnel, would have knowledge.

17   Defendants additionally object to the language, "including but not limited to" as

18   unreasonably overbroad pursuant to Rule 30(b)(6).  *Tri-State Hosp. Supply Corp. v. U.S.,*

19   226 F.R.D. 118,125 (D.D.C. 2005); *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.,*

20   254 F.R.D. 227, 230 (E.D. Pa. 2008).   Defendants additionally object to the contents of

21   Topic No. 8 as not reasonably calculated to lead to the discovery of admissible evidence.

22   Defendants additionally object to the contents of Topic No. 8 as it is not designated with

23   the required specificity of Rule 30(b)(6) and fails to state a date or time range.

24   Topic No. 9

25       Defendants object to the contents of Topic No. 9 as overly broad, unduly vague,

26   and/or ambiguous in that it is written so broadly that it extends to issues and facts not

27   relevant to the Complaint. Defendants additionally object to the term "isolation" as no

28   such housing exists or has ever existed at ADC.  Defendants additionally object to the

4

1  contents of Topic No. 9 as it is not designated with the required specificity of Rule
2  30(b)(6) and fails to state a date or time range.

3  Topic No. 10

4      Defendants object to the contents of Topic No. 10 as duplicative and repetitive of
5  Topics 8 and 9 above.  Defendants additionally object to the contents of Topic No. 10 as
6  not designated with the required specificity of Rule 30(b)(6) and fails to state a date or
7  time range.

8      Additionally, Defendants object to any Topic that would elicit testimony protected
9  by the deliberative process privilege.  Without waiving the above objections, an individual
10  will be designated to address those topics which are relevant and within the permissible
11  scope of discovery.

12  **Document Requests (Attachment B, Doc. # 80-1 at pp. 25-26):**

13  Request No. 1

14      Defendants additionally object to this Document Request as overly broad, unduly
15  burdensome, vague, and/or ambiguous in that the Document Request is written so broadly
16  that it extends to documents not relevant to the Complaint and is susceptible to numerous
17  meanings.  Specifically, given that many of the topics above are overly broad; requiring
18  Defendants to produce *all documents he may use* to refresh his recollection is an overly
19  broad request. Additionally, because the representative from ADC cannot foresee what
20  questions will be asked of him, it is not possible to provide Plaintiffs' counsel will all
21  documents *he may use*, prior to knowing what the questions will be.  As such, this request
22  is unduly burdensome.  For the same reasons, the request is vague as it requires the
23  production of documents the ADC representative "may" use.  Defendants additionally
24  object to this Document Request as burdensome and oppressive insofar as it will require
25  extensive research, compilation, or evaluation of documents.  Defendants additionally
26  object to this Document Request as not calculated to lead to the discovery of admissible
27  evidence.  Without waiving these objections, Defendants will produce those relevant
28  documents requested which are in their possession, custody or control, to the extent

1  possible.   Without waiving these objections, Defendants will produce those relevant

2  documents requested which are in their possession, custody or control, to the extent

3  possible.  Without waiving these objections, policies and procedures regarding the topics

4  contained in the Notice are publicly available for viewing and download at

5  http://www.azcorrections.gov/Z_dept_orders_1.aspx.

6  Request No. 2

7      Defendants additionally object to this Document Request as overly broad, unduly

8  burdensome, vague, and/or ambiguous in that the Document Request is written so broadly

9  that it extends to documents not relevant to the Complaint and is susceptible to numerous

10  meanings.   This Request is overly broad because it encompasses every document the

11  deponent consulted or relied on to learn the information he knows.   Because Plaintiffs

12  gave no time frame and because the deponent could have acquired his knowledge many

13  years ago from sources no longer available, the request is unduly burdensome.  Further,

14  for similar reasons, the request is vague as it provides no time frame for when the

15  Deponent acquire his knowledge.   Without waiving these objections, Defendants will

16  produce those relevant documents requested which are in their possession, custody or

17  control, to the extent possible.  Without waiving these objections, policies and procedures

18  regarding the topics contained in the Notice are publicly available for viewing and

19  download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

20  Request No. 3

21      Defendants additionally object to this Document Request as overly broad, unduly

22  burdensome, vague, and/or ambiguous in that the Document Request is written so broadly

23  that it extends to documents not relevant to the Complaint and is susceptible to numerous

24  meanings.   This request is overly broad because it literally covers any document that

25  refers or relates to the Topics outlined in the Notice.   As discussed above, many of the

26  topics are overly broad and thus requiring Defendants to produce every single document

27  that relates to the contents of each Topic is an overly broad request. Further, the request is

28  vague because it requires Defendants to produce any documents that "refer or relate" to

6

1   the Topics outlined in the Notice.   Without waiving these objections, Defendants will

2   produce those relevant documents requested which are in their possession, custody or

3   control, to the extent possible.  Without waiving these objections, policies and procedures

4   regarding the topics contained in the Notice are publicly available for viewing and

5   download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

6   Request No. 4

7          Defendants object to this Document Request as overly broad and unduly

8   burdensome in that the Document Request is written so broadly that it extends to

9   documents not relevant to the Complaint and is susceptible to numerous meanings.

10  Specifically, Plaintiffs definition of DOCUMENTS is overly broad and thus this request is

11  overly broad.  As a result, it is unduly burdensome to require Defendants to search for

12  every type of document described in Plaintiffs' definition of DOCUMENTS. Defendants

13  additionally object to this Document Request as burdensome and oppressive insofar as it

14  will require extensive research, compilation, or evaluation of documents.   Defendants

15  additionally object to this Document Request as not calculated to lead to the discovery of

16  admissible evidence.  Without waiving these objections, Defendants will produce those

17  relevant documents requested which are in their possession, custody or control, to the

18  extent possible.   Without waiving these objections, policies and procedures regarding the

19  topics contained in the Notice are publicly available for viewing and download at

20  http://www.azcorrections.gov/Z_dept_orders_1.aspx.

21  Request No. 5

22         Defendants object to this Document Request as overly broad, unduly burdensome,

23  vague, and/or ambiguous in that the Document Request is written so broadly that it

24  extends to documents not relevant to the Complaint and is susceptible to numerous

25  meanings. Specifically, Plaintiffs definition of DOCUMENTS is overly broad and thus

26  this request is overly broad.  As a result, it is unduly burdensome to require Defendants to

27  search for every type of document described in Plaintiffs' definition of DOCUMENTS.

28  Defendants additionally object to this Document Request as burdensome and oppressive

insofar as it will require extensive research, compilation, or evaluation of documents. Defendants additionally object to this Document Request as not calculated to lead to the discovery of admissible evidence.  Without waiving these objections, Defendants will produce those relevant documents requested which are in their possession, custody or control, to the extent possible.  Without waiving these objections, policies and procedures regarding the topics contained in the Notice are publicly available for viewing and download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

Additionally, Defendants object to any Request which encompasses information that would require Defendants to produce documents protected by the deliberative process privilege.

DATED this 20th day of September, 2012.

STRUCK WIENEKE, & LOVE, P.L.C.

By /s/ Timothy J. Bojanowski
    Daniel P. Struck
    Kathleen L. Wieneke
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    Anne M. Orcutt
    STRUCK WIENEKE, & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
    *Attorneys for Defendants*

COPIES of the foregoing e-mailed to
all counsel of record per the attached list
this 20th day of September, 2012.

By:   /s/ Sherri Wolford

2681579.1

8

| | | |
|---|---|---|
| 1 | Alison Hardy: | ahardy@prisonlaw.com |
| 2 | Amy Fettig: | afettig@npp-aclu.org |
| 3 | Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| 4 5 | Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| 6 | Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| 7 | Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net;gtorres@acluaz.org |
| 8 | David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| 9 | Donald Specter: | dspecter@prisonlaw.com |
| 10 11 | James Anthony Ahlers: | jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |
| 12 | James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| 13 | Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| 14 | Jill Louise Ripke: | jripke@perkinscoie.com; jgable@perkinscoie.com |
| 15 | John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| 16 | Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| 17 18 | Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| 19 | Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| 20 | Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| 21 | Sara Norman: | snorman@prisonlaw.com |
| 22 | Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com; |
| 23 24 | Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| 25 | Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| 26 | Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| 27 | David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| 28 | R Scott Medsker: | rsmedsker@JonesDay.com |

John Laurens Wilkes:    jlwilkes@jonesday.com, dkkerr@jonesday.com

Kamilla Mamedova:    kmamedova@jonesday.com

Jennifer K Messina:    jkmessina@jonesday.com

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-NVW<br><br>**DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION (DOC. # 81)** |
| Plaintiffs, | |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

Defendants Richard Pratt and Defendant Charles Ryan, pursuant to FED. R. CIV. P. 30(b)(2) and 34 and through counsel, jointly respond and object to Plaintiffs' Notice of 30(b)(6) Deposition Duces Tecum, including the Topics and Document Requests (at Attachments A and B, Doc. #81-1), as follows.

1    **Topics (Attachment A, Doc. # 81-1 at pp. 7-8):**

2    Topic No. 1

3        Defendants object to this topic as duplicative and repetitive of Topic No. 8 in Doc.

4    80-1.  Defendants additionally object to the term "isolation" as no such housing exists or

5    has ever existed at ADC.  Defendants additionally object to the contents of Topic No. 1 as

6    overly broad.  Defendants additionally object to the contents of Topic No.1 as it is not

7    designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or

8    time range. Defendants additionally object to the contents of Topic. No 1 to the extent it

9    requires Defendants to produce a Wexford employee or requires Defendants to produce an

10   ADC  employee  on  policies  and  procedures  of  Wexford  which  are  not  available  to

11   Defendants.

12   Topic No. 2

13       Defendants object to the contents of Topic No. 2 as overly broad, unduly vague,

14   and/or ambiguous in that it is written so broadly that it extends to issues not relevant to the

15   Complaint.  Defendants additionally object to this topic as duplicative and repetitive of

16   Topic No. 8 in Doc. 80-1. Defendants additionally object to the term "isolation" as no

17   such housing exists or has ever existed at ADC. Defendants additionally object to the

18   contents  of  Topic  No.2  as  it  is  not  designated  with  the  required  specificity  of  Rule

19   30(b)(6) and it fails to provide a date or time range. Defendants additionally object to the

20   contents of Topic. No 2 to the extent it requires Defendants to produce a Wexford

21   employee  or  requires  Defendants  to  produce  an  ADC  employee  on  policies  and

22   procedures of Wexford which are not available to Defendants.

23   Topic No. 3

24       Defendants object to the contents of Topic No. 3 as overly broad as it is written so

25   broadly that it extends to issues not relevant to the Complaint. Defendants additionally

26   object to the term "isolation" as no such housing exists or has ever existed at ADC.

27   Defendants  additionally  object  to  the  language,  "including  but  not  limited  to"  as

28   unreasonably overbroad pursuant to Rule 30(b)(6).  *Tri-State Hosp. Supply Corp. v. U.S.,*

226 F.R.D. 118,125 (D.D.C. 2005); *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.*, 254 F.R.D. 227, 230 (E.D. Pa. 2008). Defendants additionally object to the contents of Topic No.3 as it is not designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or time range. Defendants additionally object to the contents of Topic. No 3 to the extent it requires Defendants to produce a Wexford employee or requires Defendants to produce an ADC employee on policies and procedures of Wexford which are not available to Defendants.

Topic No. 4

Defendants object to the contents of Topic No. 4 as overly broad, unduly vague, unduly burdensome and/or ambiguous in that it is written so broadly that it extends to issues not relevant to the Complaint. Defendants additionally object to the term "isolation" as no such housing exists or has ever existed at ADC. Defendants additionally object to the contents of Topic No.4 as it is not designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or time range. Defendants additionally object to the contents of Topic. No 4 to the extent it requires Defendants to produce a Wexford employee or requires Defendants to produce an ADC employee on policies and procedures of Wexford which are not available to Defendants.

Topic No. 5

Defendants object to the contents of Topic No. 5 as overly broad, unduly vague, unduly burdensome and/or ambiguous in that it is written so broadly that it extends to issues not relevant to the Complaint. Defendants additionally object to the term "isolation" as no such housing exists or has ever existed at ADC. Defendants additionally object to the term "PRISONER" as unduly vague and ambiguous as it provides no time frame for when the individual was in ADC custody and it is overly burdensome to require Defendants to produce policies and procedures relevant to each prisoner housed in ADC custody from the time of ADC's initial existence.  Defendants additionally object to the contents of Topic No.5 as it is not designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or time range. Defendants additionally object to the

3

1   contents of Topic. No 5 to the extent it requires Defendants to produce a Wexford

2   employee or requires Defendants to produce an ADC employee on policies and

3   procedures of Wexford which are not available to Defendants.

4   <u>Topic No. 6</u>

5        Defendants object to the contents of Topic No. 6 as not calculated to lead to the

6   discovery of admissible evidence. Defendants additionally object to the term "isolation"

7   as no such housing exists or has ever existed at ADC Defendants additionally object to the

8   language, "including but not limited to" as unreasonably overbroad pursuant to Rule

9   30(b)(6). *Tri-State Hosp. Supply Corp. v. U.S.,* 226 F.R.D. 118,125 (D.D.C. 2005); *State*

10  *Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.,* 254 F.R.D. 227, 230 (E.D. Pa. 2008).

11  Defendants additionally object to the contents of Topic No. 6 as overly broad, unduly

12  vague, and/or ambiguous in that it is written so broadly that it extends to issues not

13  relevant to the Complaint. Defendants additionally object to the contents of Topic No.6 as

14  it is not designated with the required specificity of Rule 30(b)(6) and it fails to provide a

15  date or time range. Defendants additionally object to the contents of Topic. No 6 to the

16  extent it requires Defendants to produce a Wexford employee or requires Defendants to

17  produce an ADC employee on policies and procedures of Wexford which are not

18  available to Defendants. Defendants additionally object to the term "PRISONER" as

19  unduly vague and ambiguous as it provides no time frame for when the individual was in

20  ADC custody and it is overly burdensome to require Defendants to produce policies and

21  procedures relevant to each prisoner housed in ADC custody from the time of ADC's

22  initial existence.

23  <u>Topic No. 7</u>

24       Defendants object to the contents of Topic No. 7 as they are not calculated to lead

25  to the discovery of admissible evidence.  Defendants additionally object to the contents of

26  Topic No. 7 as unduly vague.  Defendants additionally object to the term "isolation" as no

27  such housing exists or has ever existed at ADC. Defendants additionally object to the

28  language, "including but not limited to" as unreasonably overbroad pursuant to Rule

1   30(b)(6). *Tri-State Hosp. Supply Corp. v. U.S.,* 226 F.R.D. 118,125 (D.D.C. 2005); *State*

2   *Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.,* 254 F.R.D. 227, 230 (E.D. Pa. 2008).

3   Defendants additionally object to the contents of Topic No.7 as it is not designated with

4   the required specificity of Rule 30(b)(6) and it fails to provide a date or time range.

5   Defendants additionally object to the contents of Topic. No 7 to the extent it requires

6   Defendants to produce a Wexford employee or requires Defendants to produce an ADC

7   employee on policies and procedures of Wexford which are not available to Defendants.

8   Topic No. 8

9         Defendants object to the term "PRISONER" as unduly vague and ambiguous as it

10   provides no time frame for when the individual was in ADC custody and it is overly

11   burdensome to require Defendants to produce policies and procedures relevant to each

12   prisoner housed in ADC custody from the time of ADC's initial existence.  Defendants

13   additionally object to the term "isolation" as no such housing exists or has ever existed at

14   ADC. Defendants additionally object to the language, "including but not limited to" as

15   unreasonably overbroad pursuant to Rule 30(b)(6). *Tri-State Hosp. Supply Corp. v. U.S.,*

16   226 F.R.D. 118,125 (D.D.C. 2005); *State Farm Mut. Ins. Co. v. New Horizon, Inc.*,

17   254 F.R.D. 227, 230 (E.D. Pa. 2008).  Defendants additionally object to the contents of

18   Topic No. 8 as overly broad, unduly vague, and/or ambiguous in that it is written so

19   broadly that it extends to issues not relevant to the Complaint. Defendants additionally

20   object to the contents of Topic No.8 as it is not designated with the required specificity of

21   Rule 30(b)(6) and it fails to provide a date or time range. Defendants additionally object to

22   the contents of Topic. No 8 to the extent it requires Defendants to produce a Wexford

23   employee or requires Defendants to produce an ADC employee on policies and

24   procedures of Wexford which are not available to Defendants.

25   Topic No. 9

26         Defendants object to the contents of Topic No. 9 as not reasonably calculated to

27   lead to the discovery of admissible evidence. Defendants additionally object to the

28   contents of Topic No. 9 as duplicative and repetitive of Topic No. 9, Doc. 80-1.

1   Defendants additionally object to the contents of Topic No. 9 as overly broad, unduly

2   vague, and/or ambiguous in that it is written so broadly that it extends to issues not

3   relevant to the Complaint.  Defendants additionally object to the term "isolation" as no

4   such housing exists or has ever existed at ADC. Defendants additionally object to the

5   contents of Topic No.9 as it is not designated with the required specificity of Rule

6   30(b)(6) and it fails to provide a date or time range. Defendants additionally object to the

7   contents of Topic. No 9 to the extent it requires Defendants to produce a Wexford

8   employee or requires Defendants to produce an ADC employee on policies and

9   procedures of Wexford which are not available to Defendants.

10   Topic No. 10

11         Defendants object to the contents of Topic No. 10 as duplicative and repetitive of

12   Topic No. 1 above.  Defendants additionally object to the term "PRISONER" as unduly

13   vague and ambiguous as it provides no time frame for when the individual was in ADC

14   custody and it is overly burdensome to require Defendants to produce policies and

15   procedures relevant to each prisoner housed in ADC custody from the time of ADC's

16   initial existence.   Defendants additionally object to the term "isolation" as no such

17   housing exists or has ever existed at ADC. Defendants additionally object to the contents

18   of Topic No.10 as it is not designated with the required specificity of Rule 30(b)(6) and it

19   fails to provide a date or time range. Defendants additionally object to the contents of

20   Topic. No 10 to the extent it requires Defendants to produce a Wexford employee or

21   requires Defendants to produce an ADC employee on policies and procedures of Wexford

22   which are not available to Defendants.

23   Topic No. 11

24         Defendants object to the contents of Topic No. 11 as overly broad, unduly vague,

25   and/or ambiguous in that it is written so broadly that it extends to issues not relevant to the

26   Complaint.  Defendants additionally object to the term "isolation" as no such housing

27   exists or has ever existed at ADC. Defendants additionally object to the contents of Topic

28   No.11 as it is not designated with the required specificity of Rule 30(b)(6) and it fails to

provide a date or time range. Defendants additionally object to the contents of Topic. No 11 to the extent it requires Defendants to produce a Wexford employee or requires Defendants to produce an ADC employee on policies and procedures of Wexford which are not available to Defendants.

Topic No. 12

Defendants object to Topic No. 12 as unduly vague.  Defendants additionally object to the term "inpatient mental health facilities" as vague and ambiguous. Defendants additionally object to the term "isolation" as no such housing exists or has ever existed at ADC. Defendants additionally object to the term "PRISONER" as unduly vague and ambiguous as it provides no time frame for when the individual was in ADC custody and it is overly burdensome to require Defendants to produce policies and procedures relevant to each prisoner housed in ADC custody from the time of ADC's initial existence.  Defendants object to the contents of Topic No. 12 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.  Defendants additionally object to the contents of Topic No. 12 to the extent it covers resources and information not available to ADC and available only to outside provider personnel. Defendants additionally object to the contents of Topic No.12 as it is not designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or time range.

Topic No. 13

Defendants object to the contents of Topic No. 13 as duplicative and repetitive of Topic No. 9 above and Topic No. 9; Doc. 80-1.  Defendants additionally object to the term "isolation" as no such housing exists or has ever existed at ADC. Defendants object to the contents of Topic No. 13 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.  Defendants additionally object to the contents of Topic No. 13 as not calculated to lead to the discovery of admissible evidence.  Defendants additionally object to the contents of Topic No. 13 as overly broad, unduly vague, and/or ambiguous in that it

is written so broadly that it extends to issues not relevant to the Complaint.  Defendants additionally object to the contents of Topic No.13 as it is not designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or time range.

Topic No. 14

Defendants object to the contents of Topic. No. 14 as duplicative and repetitive of Topic No. 8, Doc. 80-1. Defendants additionally object to the term "isolation" as no such housing exists or has ever existed at ADC.  Defendants additionally object to the contents of Topic No. 14 as overly broad, unduly vague, and/or ambiguous in that it is written so broadly that it extends to issues not relevant to the Complaint.  Defendants additionally object to the term "training" as vague and ambiguous.  Defendants additionally object to the contents of Topic No. 14 as not designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or time range.  Defendants additionally object to the contents of Topic No. 14 as not calculated to lead to the discovery of admissible evidence. Defendants object to the contents of Topic No. 14 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.

Topic No. 15

Defendants object to the contents of Topic No. 15 as duplicative and repetitive of Topic No. 7, Doc. 80-1. Defendants additionally object to the term "isolation" as no such housing exists or has ever existed at ADC. Defendants additionally object to the term "PRISONER" as unduly vague and ambiguous as it provides no time frame for when the individual was in ADC custody and it is overly burdensome to require Defendants to produce policies and procedures relevant to each prisoner housed in ADC custody from the time of ADC's initial existence.  Defendants object to the contents of Topic No. 15 as overly broad, unduly vague, and/or ambiguous in that it is written so broadly that it extends to issues not relevant to the Complaint.  Defendants additionally object to the term "training" as vague and ambiguous. Defendants additionally object to the contents of Topic No. 15 as not designated with the required specificity of Rule 30(b)(6) and it fails to

8

provide a date or time range.  Defendants additionally object to the contents of Topic No. 15 as not calculated to lead to the discovery of admissible evidence. Defendants object to the contents of Topic No. 15 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.

Topic No. 16

Defendants object to the contents of Topic No. 16 as overly broad, unduly vague, and/or ambiguous in that it is written so broadly that it extends to issues not relevant to the Complaint. Defendants additionally object to the term "isolation" as no such housing exists or has ever existed at ADC. Defendants additionally object to the term "PRISONER" as unduly vague and ambiguous as it provides no time frame for when the individual was in ADC custody and it is overly burdensome to require Defendants to produce policies and procedures relevant to each prisoner housed in ADC custody from the time of ADC's initial existence.  Defendants additionally object to the contents of Topic No. 16 as not designated with the required specificity of Rule 30(b)(6) and it fails to provide a date or time range.  Defendants additionally object to the contents of Topic No. 16 as not calculated to lead to the discovery of admissible evidence. Defendants object to the contents of Topic No. 16 to the extent it covers resources and information available only to Wexford and for which only Wexford personnel, not ADC personnel, would have knowledge.

Additionally, Defendants object to any Topic that would elicit testimony protected by the deliberative process privilege.  Without waiving the above objections, an individual will be designated to address those topics which are relevant and within the permissible scope of discovery.

**Document Requests (Attachment B, Doc. # 81-2 at pp. 14-15):**

Request No. 1

Defendants additionally object to this Document Request as overly broad, unduly burdensome, vague, and/or ambiguous in that the Document Request is written so broadly

9

that it extends to documents not relevant to the Complaint and is susceptible to numerous meanings.  Specifically, given that many of the topics above are overly broad; requiring Defendants to produce *all documents he may use* to refresh his recollection is an overly broad request. Additionally, because the representative from ADC cannot foresee what questions will be asked of him, it is not possible to provide Plaintiffs' counsel will all documents *he may use*, prior to knowing what the questions will be.  As such, this request is unduly burdensome.  For the same reasons, the request is vague as it requires the production of documents the ADC representative "may" use.  Defendants additionally object to this Document Request as burdensome and oppressive insofar as it will require extensive research, compilation, or evaluation of documents.  Defendants additionally object to this Document Request as not calculated to lead to the discovery of admissible evidence.  Without waiving these objections, Defendants will produce those relevant documents requested which are in their possession, custody or control, to the extent possible.  Without waiving these objections, Defendants will produce those relevant documents requested which are in their possession, custody or control, to the extent possible.  Without waiving these objections, policies and procedures regarding the topics contained in the Notice are publicly available for viewing and download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

Request No. 2

Defendants additionally object to this Document Request as overly broad, unduly burdensome, vague, and/or ambiguous in that the Document Request is written so broadly that it extends to documents not relevant to the Complaint and is susceptible to numerous meanings.  This Request is overly broad because it encompasses every document the deponent consulted or relied on to learn the information he knows.  Because Plaintiffs gave no time frame and because the deponent could have acquired his knowledge many years ago from sources no longer available, the request is unduly burdensome.  Further, for similar reasons, the request is vague as it provides no time frame for when the Deponent acquire his knowledge.  Without waiving these objections, Defendants will

10

1    produce those relevant documents requested which are in their possession, custody or

2    control, to the extent possible.  Without waiving these objections, policies and procedures

3    regarding the topics contained in the Notice are publicly available for viewing and

4    download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

5    <u>Request No. 3</u>

6         Defendants additionally object to this Document Request as overly broad, unduly

7    burdensome, vague, and/or ambiguous in that the Document Request is written so broadly

8    that it extends to documents not relevant to the Complaint and is susceptible to numerous

9    meanings.  This request is overly broad because it literally covers any document that

10    refers or relates to the Topics outlined in the Notice.  As discussed above, many of the

11    topics are overly broad and thus requiring Defendants to produce every single document

12    that relates to the contents of each Topic is an overly broad request. Further, the request is

13    vague because it requires Defendants to produce any documents that "refer or relate" to

14    the Topics outlined in the Notice.  Without waiving these objections, Defendants will

15    produce those relevant documents requested which are in their possession, custody or

16    control, to the extent possible.  Without waiving these objections, policies and procedures

17    regarding the topics contained in the Notice are publicly available for viewing and

18    download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

19    <u>Request No. 4</u>

20         Defendants object to this Document Request as overly broad and unduly

21    burdensome in that the Document Request is written so broadly that it extends to

22    documents not relevant to the Complaint.  Specifically, this document request covers

23    documents for a housing unit that does not and has not ever existed at ADC.  Defendants

24    additionally object to the term "isolation" as no such housing exists or has ever existed at

25    ADC. Defendants additionally object to this Document Request as burdensome and

26    oppressive insofar as it will require extensive research, compilation, or evaluation of

27    documents.  Defendants additionally object to this Document Request as not calculated to

28    lead to the discovery of admissible evidence.  Defendants additionally object to the

11

1    language, "including but not limited to" as unreasonably overbroad pursuant to Rule

2    30(b)(6). *Tri-State Hosp. Supply Corp. v. U.S.,* 226 F.R.D. 118,125 (D.D.C. 2005); *State*

3    *Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.,* 254 F.R.D. 227, 230 (E.D. Pa. 2008).

4    Without waiving these objections, Defendants will produce those relevant documents

5    requested which are in their possession, custody or control, to the extent possible.

6    Without waiving these objections, policies and procedures regarding the topics contained

7    in    the    Notice    are    publicly    available    for    viewing    and    download    at

8    http://www.azcorrections.gov/Z_dept_orders_1.aspx.

9    Request No. 5

10       Defendants object to this Document Request as overly broad, unduly burdensome,

11   vague, and/or ambiguous in that the Document Request is written so broadly that it

12   extends to documents not relevant to the Complaint.  Defendants additionally object to the

13   term "isolation" as no such housing exists or has ever existed at ADC.  Specifically, this

14   document request covers documents for a housing unit that does not and has not ever

15   existed at ADC.  Defendants additionally object to this Document Request as burdensome

16   and oppressive insofar as it will require extensive research, compilation, or evaluation of

17   documents.  Defendants additionally object to this Document Request as not calculated to

18   lead  to  the  discovery  of  admissible  evidence.    Without  waiving  these  objections,

19   Defendants  will  produce  those  relevant  documents  requested  which  are  in  their

20   possession, custody or control, to the extent possible.  Defendants additionally object to

21   the language, "including but not limited to" as unreasonably overbroad pursuant to Rule

22   30(b)(6). *Tri-State Hosp. Supply Corp. v. U.S.,* 226 F.R.D. 118,125 (D.D.C. 2005); *State*

23   *Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.,* 254 F.R.D. 227, 230 (E.D. Pa. 2008).

24   Without waiving these objections, policies and procedures regarding the topics contained

25   in    the    Notice    are    publicly    available    for    viewing    and    download    at

26   http://www.azcorrections.gov/Z_dept_orders_1.aspx.

27

28

1    Request No. 6

2           Defendants object to this Document Request as overly broad, unduly burdensome,

3    vague, and/or ambiguous in that the Document Request is written so broadly that it

4    extends to documents not relevant to the Complaint and is susceptible to numerous

5    meanings. Specifically, this document request covers documents for a housing unit that

6    does not and has not ever existed at ADC.  Defendants additionally object to the term

7    "isolation" as no such housing exists or has ever existed at ADC. Defendants additionally

8    object to this Document Request as burdensome and oppressive insofar as it will require

9    extensive research, compilation, or evaluation of documents.   Defendants additionally

10   object to this Document Request as not calculated to lead to the discovery of admissible

11   evidence. Defendants additionally object to the production of any information that is

12   protected by the attorney-client privilege, settlement privilege, deliberative process

13   privilege, work product doctrine, or any similarly recognized privilege.   Inadvertent

14   production of any information or documents so privileged does not constitute a waiver of

15   such privilege or any other grounds for objecting to the discovery request.   Without

16   waiving these objections, Defendants will produce those relevant documents requested

17   which are in their possession, custody or control, to the extent possible.  Without waiving

18   these objections, policies and procedures regarding the topics contained in the Notice are

19   publicly            available            for            viewing            and            download            at

20   http://www.azcorrections.gov/Z_dept_orders_1.aspx.

21   Request No. 7

22          Defendants object to this Document Request as overly broad, unduly burdensome,

23   vague, and/or ambiguous in that the Document Request is written so broadly that it

24   extends to documents not relevant to the Complaint and is susceptible to numerous

25   meanings. Specifically, this document request covers documents for a housing unit that

26   does not and has not ever existed at ADC.  Defendants additionally object to the term

27   "isolation" as no such housing exists or has ever existed at ADC.  Defendants additionally

28   object to this Document Request as burdensome and oppressive insofar as it will require

13

1   extensive research, compilation, or evaluation of documents.  Defendants additionally

2   object to this Document Request as not tailored to this responding Defendant, as it seeks

3   information and records relating to other parties and non-parties and records that may not

4   be in Defendants' possession.  Defendants additionally object to the production of any

5   information that is protected by the attorney-client privilege, settlement privilege,

6   deliberative process privilege, work product doctrine, or any similarly recognized

7   privilege.  Inadvertent production of any information or documents so privileged does not

8   constitute a waiver of such privilege or any other grounds for objecting to the discovery

9   request.  Without waiving these objections, Defendants will produce those relevant

10  documents requested which are in their possession, custody or control, to the extent

11  possible.  Without waiving these objections, policies and procedures regarding the topics

12  contained in the Notice are publicly available for viewing and download at

13  http://www.azcorrections.gov/Z_dept_orders_1.aspx.

14  Request No. 8

15      Defendants object to this Document Request as overly broad, unduly burdensome,

16  vague, and/or ambiguous in that the Document Request is written so broadly that it

17  extends to documents not relevant to the Complaint and is susceptible to numerous

18  meanings. Specifically, this document request covers documents for a housing unit that

19  does not and has not ever existed at ADC.  Defendants additionally object to the term

20  "isolation" as no such housing exists or has ever existed at ADC. Defendants additionally

21  object to this Document Request as burdensome and oppressive insofar as it will require

22  extensive research, compilation, or evaluation of documents.  Defendants additionally

23  object to this Document Request as not calculated to lead to the discovery of admissible

24  evidence.  Defendants additionally object to the language, "including but not limited to"

25  as unreasonably overbroad pursuant to Rule 30(b)(6).  *Tri-State Hosp. Supply Corp. v.*

26  *U.S.,* 226 F.R.D. 118,125 (D.D.C. 2005); *State Farm Mut. Auto. Ins. Co. v. New Horizon,*

27  *Inc.,* 254 F.R.D. 227, 230 (E.D. Pa. 2008).  Defendants additionally object to the term

28  "isolation" as this term is not used in any policy, practice, or procedure at ADC to

14

1   describe the housing of any inmate at any time. Without waiving these objections, policies

2   and procedures regarding the topics contained in the Notice are publicly available for

3   viewing and download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

4   Request No. 9

5        Defendants object to this document request as overly broad and unduly

6   burdensome. Defendants additionally object to the term "isolation" as no such housing

7   exists or has ever existed at ADC.  Specifically, this document request covers documents

8   for a housing unit that does not and has not ever existed at ADC.  Defendants additionally

9   object to the language, "including but not limited to" as unreasonably overbroad pursuant

10   to Rule 30(b)(6).  *Tri-State Hosp. Supply Corp. v. U.S.,* 226 F.R.D. 118,125 (D.D.C.

11   2005); *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.,* 254 F.R.D. 227, 230 (E.D.

12   Pa. 2008).  Defendants additionally object to the term "isolation" as this term is not used

13   in any policy, practice, or procedure at ADC to describe the housing of any inmate at any

14   time. Without waiving these objections, policies and procedures regarding the topics

15   contained in the Notice are publicly available for viewing and download at

16   http://www.azcorrections.gov/Z_dept_orders_1.aspx.

17   Request No. 10

18        Defendants object to this document request as overly broad, unduly burdensome

19   and unduly vague and ambiguous.  Specifically, this document request covers documents

20   for a housing unit that does not and has not ever existed at ADC.  Defendants additionally

21   object to the term "isolation" as no such housing exists or has ever existed at ADC.

22   Defendants additionally object to the language, "including but not limited to" as

23   unreasonably overbroad pursuant to Rule 30(b)(6).  *Tri-State Hosp. Supply Corp. v. U.S.,*

24   226 F.R.D. 118,125 (D.D.C. 2005); *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.,*

25   254 F.R.D. 227, 230 (E.D. Pa. 2008).  Defendants additionally object to the term

26   "isolation" as this term is not used in any policy, practice, or procedure at ADC to

27   describe the housing of any inmate at any time. Without waiving these objections, policies

28   and procedures regarding the topics contained in the Notice are publicly available for

1   viewing and download at http://www.azcorrections.gov/Z_dept_orders_1.aspx.

2     Additionally, Defendants object to any Request which encompasses information

3   that would require Defendants to produce documents protected by the deliberative process

4   privilege.

5      DATED this 20th day of September, 2012.

6         STRUCK WIENEKE, & LOVE, P.L.C.

7        By /s/ Timothy J. Bojanowski

8          Daniel P. Struck
       Kathleen L. Wieneke

9          Timothy J. Bojanowski
       Nicholas D. Acedo

10         Courtney R. Cloman
       Ashlee B. Fletcher

11         Anne M. Orcutt
       STRUCK WIENEKE, & LOVE, P.L.C.

12         3100 West Ray Road, Suite 300
       Chandler, Arizona  85226

13         *Attorneys for Defendants*

14  COPIES of the foregoing e-mailed to
all counsel of record per the attached list

15  this 20th day of September, 2012.

16  By:  /s/ Sherri Wolford

17  2681580.1

18

19

20

21

22

23

24

25

26

27

28

          16

| | | |
|---|---|---|
| 1 | Alison Hardy: | ahardy@prisonlaw.com |
| 2 | Amy Fettig: | afettig@npp-aclu.org |
| 3 | Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| 4 5 | Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| 6 | Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| 7 | Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| 8 | David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| 9 | Donald Specter: | dspecter@prisonlaw.com |
| 10 11 | James Anthony Ahlers: | jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |
| 12 | James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| 13 | Jennifer Ann Alewelt: | jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| 14 | Jill Louise Ripke: | jripke@perkinscoie.com; jgable@perkinscoie.com |
| 15 | John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| 16 | Kelly Joyce Flood: | kflood@acluaz.org; gtorres@acluaz.org |
| 17 18 | Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| 19 | Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| 20 | Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| 21 | Sara Norman: | snorman@prisonlaw.com |
| 22 | Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com; |
| 23 24 | Thomas Dean Ryerson: | tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| 25 | Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| 26 | Sarah Rauh: | srauh@jonesday.com; treyes@jonesday.com |
| 27 | David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| 28 | R Scott Medsker: | rsmedsker@JonesDay.com |

17

John Laurens Wilkes:   jlwilkes@jonesday.com, dkkerr@jonesday.com

Kamilla Mamedova:    kmamedova@jonesday.com

Jennifer K Messina:    jkmessina@jonesday.com

# EXHIBIT 11

## Nick Acedo

| | |
|---|---|
| **From:** | Gray, John H. (Perkins Coie) <JHGray@perkinscoie.com> |
| **Sent:** | Wednesday, September 04, 2013 5:54 PM |
| **To:** | Parsons Team |
| **Cc:** | Fathi, David; Caroline N Mitchell (cnmitchell@JonesDay.com); Don Specter (dspecter@prisonlaw.com); Gerlicher, Amelia Morrow (Perkins Coie); Kelly Flood (kflood@acluaz.org); Jennifer Alewelt (jalewelt@azdisabilitylaw.org) |
| **Subject:** | Deposition Subpoenas |
| **Attachments:** | Tardibuono.pdf; Bender.pdf; Profiri.pdf; Chrisite.pdf |

Counsel,

Please see attached copies of subpoenas to ADC employees. We assume no further action is needed for service, but please let us know if you disagree. Additionally, for your convenience, below is a list of all depositions the Plaintiffs plan to take in this matter between now and the end of discovery. Please consider any other depositions currently scheduled as withdrawn without prejudice to our ability to re-notice those depositions.

9/5 – Nicole Taylor

9/9 – Arthur Gross
9/10 – Marlena Bedoya
9/11 – Joe Profiri
9/11 – Kathy Campbell
9/12 – Steven Bender
9/12 – Winfred Williams
9/13 – Christy Somner

9/16 – Zoran Vukcevic
9/16 – Ben Shaw
9/17 – Rule 30(b)(6) of ADC on Isolation
9/18 – Rule 30(b)(6) of ADC on Isolation
9/18 – Martin Winland
9/18 – Karyn Christie
9/19 – Kevin Lewis
9/19 – Sam Tardibuono
9/20 – Brian Hanstad

9/26 – Neil Fisher (Dr. Fisher is a continuation of a prior Rule 30(b)(6) deposition to Wexford, and we have been informed that September 26 is the only date in the near future on which Dr. Fisher is available)
October – Charles Ryan (our understanding is that ADC prefers Mr. Ryan to be deposed in October)
October - Richard Pratt (our understanding is that ADC prefers Mr. Pratt to be deposed in October)

**John Gray | Perkins Coie LLP**
2901 North Central Avenue
Suite 2000
Phoenix. AZ  85012-2788
PHONE:  602.351.8092
FAX:  602.648.7054
E-MAIL:  JHGray@perkinscoie.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

# EXHIBIT 12

# Nick Acedo

| | |
|---|---|
| **From:** | Gray, John H. (Perkins Coie) <JHGray@perkinscoie.com> |
| **Sent:** | Wednesday, September 11, 2013 8:11 AM |
| **To:** | Dan Struck; Parsons Team |
| **Cc:** | Fathi, David; Fettig, Amy (afettig@npp-aclu.org); Caroline N Mitchell (cnmitchell@JonesDay.com); Don Specter (dspecter@prisonlaw.com); Corene Kendrick; Gerlicher, Amelia Morrow (Perkins Coie); Eidenbach, Kirstin (Perkins Coie); Kelly Flood (kflood@acluaz.org); Jennifer Alewelt (jalewelt@azdisabilitylaw.org); ahardy@prisonlaw.com |
| **Subject:** | RE: Parsons v. Ryan Depositions |

Dan,

I write to clarify several issues relating to depositions. First, with respect to Rule 30(b)(6) depositions, we note that your email below does not dispute that ADC failed to produce witnesses for numerous topics. As you know, an entity served with a Rule 30(b)(6) notice is required to produce knowledgeable witnesses for each topic. Defendants cannot avoid this duty simply by characterizing Plaintiffs' position as "new." Plaintiffs have always had the position that Defendants were required to produce knowledgeable witnesses, yet failed to do so on the topics listed in my first email. If you have evidence or authority to the contrary, we are happy to look at it. In any event, please get back to us regarding the Rule 30(b)(6) depositions of ADC as soon as possible.

With respect to the continuing Rule 30(b)(6) depositions of Smallwood and Wexford, that is a discussion to be had between Plaintiffs and each third party. If Wexford and Smallwood believe they have fulfilled their Rule 30(b)(6) obligations, then either may seek an appropriate court order. To keep you updated, however, Dr. Smallwood as the designee for Smallwood Prison Dental Services repeatedly was unable to answer questions and instead deferred to other employees within his organization as the most knowledgeable people on various issues. Wexford, meanwhile, voluntarily has agreed to produce Dr. Neil Fisher on September 26. We will keep you apprised of the schedule so that Defendants' counsel can choose to attend, or not attend, each deposition. Please let us know if you have further questions on this matter.

Finally, thank you for putting us on notice of Defendants' stance on the monitor depositions. We object, however, to Defendants' unilateral attempt to ignore the Court's order allowing Plaintiffs to depose the contract monitors. The Court's latest order authorizes Plaintiffs "to depose the 11 contract monitors related to each facility's monitor and the supervisor." [Doc. 623] Nowhere does the Court limit the scope of the deposition or rule that the counting of depositions is contingent on the questions asked. The depositions of the contract monitors are not Rule 30(b)(6) depositions for which an objection to the scope of the testimony might be appropriate. Rather, as with any deposition, Plaintiffs are allowed to seek discovery regarding any matter that might lead to the discovery of admissible evidence. If ADC would prefer to convert future depositions of the contract monitors to Rule 30(b)(6) depositions for which the witnesses would be obligated to meaningfully prepare and to speak on behalf of ADC, please let us know immediately so we may decide whether that is a viable option.

In the meantime, if counsel instructs monitor witnesses not to answer questions or otherwise uses impermissible "scope" objections to disrupt the depositions, we will not hesitate to seek the Court's immediate guidance. Finally, we respectfully remind you that numerous deponents have been subpoenaed to attend their depositions and thus are obligated to attend. If a witness, whether upon instruction by ADC or otherwise, fails to attend a deposition without a prior Court order quashing the subpoena, Plaintiffs reserve the right to seek any and all relief authorized under the Federal Rules of Civil Procedure.

Very truly yours,

John

# EXHIBIT 13



2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
PHONE: 602.351.8000
FAX: 602.648.7000
www.perkinscoie.com

Amelia M. Gerlicher
PHONE: (602) 351-8308
FAX:   (602) 648-7156
EMAIL: AGerlicher@perkinscoie.com

September 9, 2013

**VIA E-MAIL**

Jeffrey Mervis
The Sack Law Firm
8270 Greensboro Drive, Suite 810
McLean, Virginia 22102
jmm@sacklaw.com

      Re:    *Parsons v. Ryan*: 30(b)(6) deposition of Smallwood Prison Dental services

Dear Jeff:

I write regarding the Rule 30(b)(6) deposition taken on Tuesday, August 20 of Smallwood Prison Dental Services.  As you are no doubt aware, under Rule 30(b)(6), corporations designate an individual who "shall testify as to matters known or reasonably available to the organization." Corporations have a duty to prepare and educate the individuals offered to testify on behalf of the corporation with regard to the noticed topics.  *See, e.g.*, *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172 (D.D.C. 2003) (Rule 30(b)(6) means a corporation "is obligated to produce one or more 30(b)(6) witnesses who were thoroughly educated about the noticed deposition topics with respect to any and all facts known to [the corporation]"); *NewMarket Corp. v. Innospec Inc.*, 3:10-CV-503, 2011 WL 1306008 (E.D. Va. Apr. 1, 2011) ) (ordering party to produce a prepared witness, explaining, "[t]he corporation must make a good-faith effort to designate people with knowledge of the matter sought by the opposing party and to adequately prepare its representatives so that they may give complete, knowledgeable, and nonevasive answers in deposition").

When Dr. Smallwood testified on behalf of SPDS last month, he testified that he had neither reviewed any documents or spoken to any other Smallwood employees in preparation for the deposition.  Although he testified that he believed he knew more about the noticed deposition topics than anyone else, he repeatedly answered questions by indicating that he, personally, did not know the answer to a question, and that we would have to ask his program managers, Dr.

Jeffrey Mervis
September 9, 2013
Page 2

Weekly and Dr. Hanstad.  For example, Dr. Smallwood was unable to testify to the details of
intake procedures (*see, e.g.,* Smallwood transcript ("Tr.") at 72:20-21 ("my program managers
run that program, I know the general process but not the details"), and 73-75); HNR triage (Tr. at
98:13-99:3, 108:10-20, 167 (indicating that program managers would better know instructions to
dental assistants and the differences between routine and urgent care)); grievances (Tr. at 130:8-
9, 132:14-16 ("our manager team addresses all grievances," and he could not address grievance
subjects); and changes to the Dental Services Technical Manual suggested by treating dentists
(Tr. at 209).  Dr. Smallwood also repeatedly referred to the Dental Services Technical Manual to
answer questions not covered by its policies.

Accordingly, we ask that Smallwood designate someone else who will be prepared to speak to
the following noticed topics that were not adequately addressed by Dr. Smallwood:

- Topic 1: POLICIES AND PROCEDURES for DENTAL CARE provided to ADC
  PRISONERS at facilities where SPDS provides care.

- Topic 4: POLICIES AND PROCEDURES for QUALITY ASSURANCE and quality
  improvement of DENTAL CARE at ADC facilities.

As a reminder, "policies and procedures" means "policies, procedures, criteria, or practices,
whether written or established through custom or use, including but not limited to policy and
procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders,
and any other documents designed to direct the actions of ADC personnel, ADC contractors,
SPDS, and/or prisoners."  It therefore includes, among other things, the oral instructions given to
and procedures followed by dentists and dental assistants providing care to ADC prisoners.
Regarding your objections to these topics dated July 25, 2013, these topics are limited to dental
policies and procedures employed at ADC dental clinics by SPDS employees.

We have separately issued a subpoena to Dr. Hanstad in his personal capacity.  If Dr. Hanstad is
Smallwood's designee on the above topics, please advise, and we are willing to take one
combined individual and 30(b)(6) deposition of up to seven hours.  If Smallwood would prefer to
designate someone else on the above topics, please contact me as soon as possible to make
arrangements.  The deposition must be completed by September 27.

Jeffrey Mervis
September 9, 2013
Page 3

On a related matter, Dr. Smallwood testified that SPDS submitted a bid to Corizon in order to be
selected as its dental subcontractor.  That bid is responsive to document request number 15,
which requested all "contract bids, requests for proposal, and final contracts between SPDS and
Corizona related to the provision of DENTAL CARE at ADC facilities."  Your objections
indicate that you will produce responsive documents to the degree they are in Smallwood's
possession or control, and we request that you do so.

Sincerely,

Amelia M. Gerlicher

AMG:amg

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Arizona

| | | |
|---|---|---|
| Victor Parsons, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV 12-00601-PHX-NVW (MEA) |
| Charles Ryan and Richard Pratt | ) | |
| *Defendant* | ) | (If the action is pending in another district, state where: |
| | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Brian Hanstad, Smallwood Prison Dental Services
 c/o The Sack Law Firm, P.C., 8270 Greensboro Drive, Suite 810, McLean, Virginia  22102

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Perkins Coie LLP <br> 2901 N. Central Avenue, Ste. 2000 <br> Phoenix, AZ 85012-2788 | Date and Time: <br><br> 09/20/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/04/2013

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | s/ Amelia Gerlicher |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Prisoner Plaintiffs
_____ , who issues or requests this subpoena, are:
Amelia Gerlicher, Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoneix, Arizona 85012,
agerlicher@perkinscoie.com, 602-351-8308

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  CV 12-00601-PHX-NVW (MEA)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT 14

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Lucy M. Rand, Bar No. 026919
3   Assistant Attorneys General
    1275 W. Washington Street
4   Phoenix, Arizona 85007-2926
    Telephone: (602) 542-4951
5   Fax: (602) 542-7670
    Michael.Gottfried@azag.gov
6   Lucy.Rand@azag.gov

7   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
8   Rachel Love, Bar No. 019881
    Timothy J. Bojanowski, Bar No. 22126
9   Nicholas D. Acedo, Bar No. 021644
    Courtney R. Cloman, Bar No. 023155
10  Ashlee B. Fletcher, Bar No. 028874
    Anne M. Orcutt, Bar No. 029387
11  STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
12  Chandler, Arizona  85226
    Telephone:  (480) 420-1600
13  Fax:  (480) 420-1696
    dstruck@swlfirm.com
14  kwieneke@swlfirm.com
    rlove@swlfirm.com
15  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
16  ccloman@swlfirm.com
    afletcher@swlfirm.com
17  aorcutt@swlfirm.com
    *Attorneys for Defendants*

18                 **UNITED STATES DISTRICT COURT**

19                      **DISTRICT OF ARIZONA**

20  Victor Parsons, *et al.*, on behalf of themselves      NO. 2:12-cv-00601-NVW
    and all others similarly situated; and Arizona
21  Center for Disability Law,
                                          Plaintiffs,      **DECLARATION OF COURTNEY**
22                  v.                                     **R. CLOMAN**

23  Charles Ryan, Director, Arizona Department
    of Corrections; and Richard Pratt, Interim
24  Division Director, Division of Health Services,
    Arizona Department of Corrections, in their
25  official capacities,
                                          Defendants.
26

27          I, **COURTNEY R. CLOMAN**, make the following Declaration:

28

1.     I am over the age of 18 years and am competent to testify to, and have personal knowledge of, the matters set forth in this Declaration.

2.     I am an attorney licensed to practice in the District Court, District of Arizona. I am an attorney of record in *Parsons v. Ryan, et al*, 2:12-cv-00601-NVW. If called as a witness, I could testify competently to the facts stated herein, all of which are within my personal knowledge.

3.     On September 11, 2013, I defended the deposition of Kathleen Campbell, the Program Evaluation Administrator for the Arizona Department of Corrections ("ADC"). Ms. Campbell is the supervisor of the contract-compliance monitors assigned to each facility, and is herself one of the "11 contract monitors" specified by the Court in its September 9, 2013 Order (Doc. # 623).

4.     Prior to the start of Ms. Campbell's deposition, I informed Plaintiffs' attorneys Alison Hardy and Sara Kader that Defendants intended on objecting to any questions outside of Ms. Campbell's role as supervisor of the contract-compliance monitors, and that if Plaintiffs insisted on asking questions and requiring answers regarding topics outside of that role, Defendants would consider Ms. Campbell's deposition as counting against the Court's 25-deposition limit.

5.     Once the deposition began and after introductory questions, I reiterated Defendants' position on the record. Ms. Hardy then stated Plaintiffs' position that this deposition was to be treated like a "regular deposition" and that Plaintiffs were entitled to obtain testimony reasonably calculated to lead to the discovery of admissible evidence. These positions were reiterated after the lunch break.

6.     I then informed Ms. Hardy and Ms. Kader on the record that Defendants believed that the Court's order regarding the "11 contract monitors" implicitly placed these limitations on their depositions, and that if Plaintiffs insisted on treating the deposition as a "regular deposition," then it counted against the 25-deposition limit.

7.     Although Ms. Campbell assumed her position as Program Evaluation Administrator in May 2013, Ms. Hardy extensively questioned Ms. Campbell on training,

1   policies, procurement, and performance during Wexford's provision of healthcare to ADC
2   inmates prior to March 2013.

3        8.           Ms. Campbell was not the Program Evaluation Administrator during
4   Wexford's tenure, nor was she responsible for monitoring/supervising contract
5   compliance at all during Wexford's tenure.  She testified that she was the Health Services
6   Coordinator/Nursing Monitor ("HSC"), which is responsible for monitoring nursing
7   care/quality statewide.  That position is currently occupied by Vanessa Headstream, who
8   has already been deposed.

9        9.           When Ms. Hardy began this line of questioning, I objected to form
10  and outside the scope.  After approximately 5-10 questions, Ms. Hardy stipulated that
11  Defendants had a standing objection to these topics.  I did not articulate any further
12  objections regarding scope after that agreement. This agreement was reiterated after the
13  lunch break. At no point did I instruct Ms. Campbell not to answer questions based on the
14  objection that the questions were outside the scope of her position as Program Evaluation
15  Administrator.

16       10.         Ms. Hardy continued questioning Ms. Campbell regarding her duties
17  as HSC, including whether she ever worked in the field with Wexford, whether she
18  assisted Wexford during its transition into the healthcare system, and whether Wexford
19  ever offered Ms. Campbell a position.

20       11.         Ms. Hardy asked extensive questions regarding specific events
21  related to nursing that Ms. Campbell was involved in as HSC, dating back as far as
22  August 2012 when Wexford was providing healthcare.

23       12.         In fact, of the 26 exhibits shown to Ms. Campbell during her
24  deposition, 17 of them related to the time prior to her position as Program Evaluation
25  Monitor.

26       13.         Ms. Hardy questioned Ms. Campbell about whether she found that
27  Wexford was addressing "systemic" problems within ADC, despite the fact that Ms.

28

1  Campbell did not label any issues as systemic and did not monitor Wexford's compliance
2  with the contract.

3      14.      Ms. Hardy also asked Ms. Campbell to opine on Wexford's overall
4  performance in providing healthcare to ADC inmates.  She asked Ms. Campbell to render
5  an opinion based on Ms. Campbell's approximately 30 years of experience as a nurse as to
6  whether the performance measures and actions by Wexford were appropriate.

7      15.      Ms. Hardy also asked Ms. Campbell about the termination of
8  Wexford's contract.  Specifically she asked whether Ms. Campbell attended meetings
9  about Wexford's continued provision of healthcare.  Ms. Hardy asked Ms. Campbell if
10  she had any input about whether Wexford should continue to deliver healthcare for ADC.

11      16.      Ms. Hardy showed Ms. Campbell several documents and asked
12  questions regarding the termination of Wexford's contract.

13      17.      Ms. Hardy further asked Ms. Campbell several questions related to
14  Corizon's procurement, which also occurred prior to Ms. Campbell assuming the Program
15  Evaluation Administrator position in May 2013.

16      18.      Ms. Hardy asked Ms. Campbell several questions about the transition
17  from Wexford to Corizon for the provision of healthcare to inmates in ADC, which
18  occurred in March 2013.

19      19.      Ms. Campbell's deposition lasted approximately five and half hours,
20  exclusive of breaks.  Approximately one and a half hours of that deposition was related to
21  Ms. Campbell's role and responsibilities as Program Evaluation Administrator.

22            I declare under penalty of perjury that the foregoing is true and correct.
23            Executed on _September  13_____ , 2013.
24
25
26                              _Courtney R. Cloman_
                            Courtney R. Cloman
27
28  2808473.1