# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV12-0601-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Before the Court is the parties' fifth discovery dispute in less than 30 days (Doc. 639). Though restyled as motions for clarification, these motions are simply retooled versions of their burdensome and, often, unreasonable disputes over discovery. Because both sides have acted unreasonably as of late, the Court declines to impose sanctions in the context of this dispute. But as discovery draws to a close, the Court advises the parties that it will consider sanctions in the future for further unreasonable requests for discovery or unreasonable refusals to provide discovery.

**IT IS THEREFORE ORDERED:**

(1) Defendants never sought a limitation to the types of questions Plaintiffs could ask the contract monitors. The monitors may be asked any question reasonably calculated to lead to relevant, admissible evidence.

(2) Plaintiffs' 30(b)(6) depositions are not waived. If Defendants failed to provide a representative knowledgeable about a particular topic in a prior 30(b)(6)

deposition request, production of a representative now to address a particular topic does not create a new 30(b)(6) deposition.

(3) Unless extended by the Court, the depositions, including Rule 30(b)(6) depositions, are limited to one day of seven hours, regardless of how many persons are necessary.

(4)    The parties Motion for Clarification (Doc. 639) is **granted** to the extent stated herein.

Dated this 18th day of September, 2013.

_____
Neil V. Wake
United States District Judge