1
Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)

2
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**

3
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013

4
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org

5
        kflood@acluaz.org
        jlyall@acluaz.org

6
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7
*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin
Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*

8
*Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,
Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of*

9
*themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

10

11
Jennifer Alewelt (Bar No. 027366)
Asim Varma (Bar No. 027927)
Sarah Kader (Bar No. 027147)

12
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202

13
Phoenix, Arizona 85034
Telephone:  (602) 274-6287

14
Email: jalewelt@azdisabilitylaw.org
        avarma@azdisabilitylaw.org

15
        skader@azdisabilitylaw.org

16
*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

17
UNITED STATES DISTRICT COURT

18
DISTRICT OF ARIZONA

19

20
Victor Parsons; Shawn Jensen; Stephen Swartz;
Dustin Brislan; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith; Robert

21
Gamez; Maryanne Chisholm; Desiree Licci; Joseph
Hefner; Joshua Polson; and Charlotte Wells, on

22
behalf of themselves and all others similarly
situated; and Arizona Center for Disability Law,

23
                Plaintiffs,

24
        v.

25
Charles Ryan, Director, Arizona Department of
Corrections; and Richard Pratt, Interim Division

26
Director, Division of Health Services, Arizona
Department of Corrections, in their official

27
capacities,

28
                Defendants.

No. CV 12-00601-PHX-NVW
    (MEA)


**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO
DE-DESIGNATE TWO
DOCUMENTS AS
CONFIDENTIAL**

78204-0001/LEGAL27897022.1

1

**INTRODUCTION**

2      Defendants' Response to Plaintiffs' Motion to De-designate Two Documents as

3   Confidential cites no authority in support of their position, and for good reason:

4   Defendants' position is legally unsupportable.  Contrary to Defendants' belief, private

5   parties cannot contract away the public's right of access to judicial records.  Because the

6   strong presumption of public access cannot be overcome in this case, Plaintiffs' motion

7   should be granted.[1]

8

**ARGUMENT**

9      The Ninth Circuit recognizes a right of public access to judicial records and

10  documents.  *In re Midland Nat. Life Ins. Co.*, 686 F.3d 1115, 1119 (9th Cir. 2012), *citing*

11  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "In this circuit, we start with

12  a strong presumption in favor of access to court records."  *Foltz v. State Farm Mutual*

13  *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "If the documents are not among

14  those which have traditionally been kept secret for important policy reasons, then the

15  public policy reasons behind a presumption of access to judicial documents (judicial

16  accountability, education about the judicial process etc.) apply."  *Id.* at 1134 (citations,

17  internal quotation marks omitted).

18     Defendants assert that the documents in question were "never filed with the Court."

19  (Def. Br. at 5)  This is incorrect; both documents were filed in conjunction with the Eighth

20  Joint Notice of Discovery Dispute (*see* Doc. 486 at 4, ¶ 18), and again in support of

21  Plaintiffs' opposition to defendants' motion to stay.  (*See* Doc. 542 at 5-6)  Accordingly,

22

---

23        [1] Defendants incorrectly characterize the two documents at issue here.  They are
24  (1) the agenda of a November 8, 2012 meeting between Wexford, ADC officials, and the
    office of the Governor (Wexford 000001-003), and (2) a PowerPoint presentation given
    by Wexford to ADC officials, including Defendants Ryan and Pratt, on November 7, 2012
25  (Wexford 000004-131).  Defendants' unsupported assertion that only "approximately
    half" of the PowerPoint was shown to ADC officials (Def. Br. at 3 n.2) is contradicted by
26  the deposition testimony of Karen Mullenix, a Wexford official who participated in the
    presentation.  *See* Supplemental Declaration of David C. Fathi ("Supp. Fathi Decl."),
27  Ex. 1 (approximately 98 of 128 slides were shown before "Director Ryan, about three
    hours into the presentation, Director Ryan stopped us and asked that we cease at that
28  point.  He wasn't interested in seeing any more of it.").

1 the strong presumption of public access to judicial records applies with full force to these

2 documents.[2]

3      Plaintiffs do not dispute that they entered into a stipulation with Wexford, before

4 seeing these documents or knowing their content, to subject them to the Protective Order.

5 (*See* Doc. 448)[3]  Once they reviewed the documents and recognized they are not entitled

6 to be treated as confidential under either Rule 26(c) or the Protective Order, Plaintiffs

7 invoked their right under the Protective Order to challenge the confidentiality designation.

8 (*See* Doc. 140, § 20(b))  Under these circumstances, the party resisting disclosure has the

9 burden of showing good cause why the documents should remain confidential.  *In re*

10 *Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) ("If

11 a party takes steps to release documents subject to a stipulated order, the party opposing

12 disclosure has the burden of establishing that there is good cause to continue the

13 protection of the discovery material.").  It is a burden that neither defendants nor Wexford

14 can carry.

15      In determining whether a party has carried its burden of showing good cause for

16 continued secrecy, the Court

17         must determine whether particularized harm will result from
18         disclosure of information to the public.  As we have explained,
           broad allegations of harm, unsubstantiated by specific
19         examples or articulated reasoning, do not satisfy the

20

21    [2] The Ninth Circuit recognizes a public interest in discovery documents even if
   they are not filed with the Court:

22       As a general rule, the public is permitted "access to litigation documents
         and information produced during discovery."  *Phillips,* 307 F.3d at 1210;
23       *see also San Jose Mercury News, Inc. v. U.S. Dist. Court,* 187 F.3d 1096,
         1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial
24       discovery are, in the absence of a court order to the contrary,
         presumptively public.").
25

26 *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir.
   2011). [3] It is undisputed that Wexford's counsel insisted on this agreement as a
27 precondition to producing any documents.  (*See* Def. Br. at Ex. 1 (Blair Decl., ¶ 7))
   Accordingly, at the time they entered into the agreement, plaintiffs' counsel had not seen
28 any of the documents and had no knowledge of their content.  (*See* Supp. Fathi Decl., ¶ 5)

1

Rule 26(c) test.  Rather, the person seeking protection from disclosure must allege specific prejudice or harm.

2

3    *Id.* (internal quotation marks, citations, brackets omitted).  If the Court finds such

4    particularized harm, it must then "proceed to balance the public and private interests to

5    decide whether maintaining a protective order is necessary."  *Id.*  (internal quotation

6    marks, brackets omitted).

7         Defendants and Wexford entirely fail to carry their heavy burden under this

8    stringent test.  They do not dispute that this lawsuit and the issues it involves are matters

9    of substantial public interest.  (*See* Pl. Br. at 6 n.5)  Nor do they dispute that the

10   documents in question do not qualify for treatment as confidential, either under the

11   Protective Order or under Rule 26(c).  (Def. Br. at 4)  Nevertheless, they argue that the

12   documents must be concealed from the public because, they speculate, the documents

13   "could encourage litigation between ADC and Wexford, invite inmate lawsuits against

14   Wexford, and be used against Wexford in future litigation."  (Def. Br. at 3)  But the Ninth

15   Circuit has specifically rejected such consequences as sufficient to rebut the presumption

16   of public access.  "The mere fact that the production of records may lead to a litigant's

17   embarrassment, incrimination, or exposure to further litigation will not, without more,

18   compel the court to seal its records."  *Kamakana v. City & County of Honolulu*, 447 F.3d

19   1172, 1179 (9th Cir. 2006); *see also* Pl. Br. at 4-5.[4]

20        At bottom, Defendants argue that the documents must remain secret to conceal

21   evidence of constitutional violations and prevent prisoners and others from seeking a

22   remedy for those violations.  That is not the proper role of a protective order.

23

24

25

26

---

27        [4] Plaintiffs are puzzled by Defendants' unintelligible reference to a lawsuit in the Northern District of Illinois.  (Def. Br. at 5 n.3)  As examination of the docket shows, none of the Plaintiffs or their counsel have any involvement in that litigation.  [Supp.

28   Fathi Decl., ¶ 6]

**CONCLUSION**

The "strong presumption in favor of access to court records," *Foltz*, 331 F.3d at 1135, cannot be overcome in this case.  Plaintiffs' motion should be granted.[5]

Dated: September 19, 2013                **ACLU NATIONAL PRISON PROJECT**


By:   s/ David C. Fathi
        David C. Fathi (Wash. 24893)*
        Amy Fettig (D.C. 484883)**
        Ajmel Quereshi (Md. 28882)*
        915 15th Street N.W., 7th Floor
        Washington, D.C. 20005
        Telephone:  (202) 548-6603
        Email:    dfathi@npp-aclu.org
                  afettig@npp-aclu.org
                  aquereshi@npp-aclu.org

        *Admitted *pro hac vice*.  Not admitted
         in DC; practice limited to federal
         courts.
        **Admitted *pro hac vice*

        Daniel C. Barr (Bar No. 010149)
        Amelia M. Gerlicher (Bar No. 023966)
        Kirstin T. Eidenbach (Bar No. 027341)
        John H. Gray (Bar No. 028107)
        Matthew B. du Mée (Bar No. 028468)
        **PERKINS COIE LLP**
        2901 N. Central Avenue, Suite 2000
        Phoenix, Arizona 85012
        Telephone:  (602) 351-8000
        Email:    dbarr@perkinscoie.com
                  agerlicher@perkinscoie.com
                  keidenbach@perkinscoie.com
                  jhgray@perkinscoie.com
                  mdumee@perkinscoie.com

---

[5] Defendants initially stipulated to the de-designation of the two documents at issue, then abruptly withdrew that stipulation.  [*See* Supp. Fathi Decl., Exs. 2 and 3]

78204-0001/LEGAL27897022.1                -4-

1
2
3
4
5
6

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
            kflood@acluaz.org
            jlyall@acluaz.org

7

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

8
9
10
11
12
13
14
15

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
            ahardy@prisonlaw.com
            snorman@prisonlaw.com
            ckendrick@prisonlaw.com
            wgeorge@prisonlaw.com

16

*Admitted *pro hac vice*

17
18
19
20
21
22
23

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
Sarah Rauh (Cal. 283742)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com
            dkiernan@jonesday.com
            scalderon@jonesday.com
            srauh@jonesday.com

*Admitted *pro hac vice*

24
25
26
27
28

78204-0001/LEGAL27897022.1

-5-

1    John Laurens Wilkes (Tex. 24053548)*
     Taylor Freeman (Tex. 24083025)*
2    **JONES DAY**
     717 Texas Street
3    Houston, Texas 77002
     Telephone: (832) 239-3939
4    Email:    jlwilkes@jonesday.com
               tfreeman@jonesday.com
5
     *Admitted *pro hac vice*
6
     Kamilla Mamedova (N.Y. 4661104)*
7    Jennifer K. Messina (N.Y. 4912440)*
     **JONES DAY**
8    222 East 41 Street
     New York, New York 10017
9    Telephone: (212) 326-3498
     Email:    kmamedova@jonesday.com
10             jkmessina@jonesday.com

11   *Admitted *pro hac vice*

12   Kevin Brantley (Cal. 251886)*
     **JONES DAY**
13   3161 Michelson Drive, Suite 800
     Irvine, California 92612
14   Telephone: (949) 851-3939
     Email:    kcbrantley@jonesday.com
15
     *Admitted *pro hac vice*
16
     *Attorneys for Plaintiffs Shawn Jensen;*
17   *Stephen Swartz; Dustin Brislan; Sonia*
     *Rodriguez; Christina Verduzco; Jackie*
18   *Thomas; Jeremy Smith; Robert Gamez;*
     *Maryanne Chisholm; Desiree Licci; Joseph*
19   *Hefner; Joshua Polson; and Charlotte*
     *Wells, on behalf of themselves and all others*
20   *similarly situated*

21

22

23

24

25

26

27

28

78204-0001/LEGAL27897022.1                    -6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Jennifer Alewelt
        Jennifer Alewelt (Bar No. 027366)
        Asim Varma (Bar No. 027927)
        Sarah Kader (Bar No. 027147)
        5025 East Washington Street, Suite 202
        Phoenix, Arizona 85034
        Telephone: (602) 274-6287
        Email:    jalewelt@azdisabilitylaw.org
                     avarma@azdisabilitylaw.org
                     skader@azdisabilitylaw.org

        J.J. Rico (Bar No. 021292)
        Cathleen M. Dooley (Bar No. 022420)
        **ARIZONA CENTER FOR
        DISABILITY LAW**
        100 N. Stone Avenue, Suite 305
        Tucson, Arizona 85701
        Telephone: (520) 327-9547
        Email:    jrico@azdisabilitylaw.org
                     cdooley@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on September 19, 2013, I electronically transmitted the above

3   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4   Notice of Electronic Filing to the following CM/ECF registrants:

5

Michael E. Gottfried

6                            Katherine E. Watanabe
                            Lucy M. Rand

7                       Assistant Arizona Attorneys General
                        Michael.Gottfried@azag.gov

8                        Katherine.Watanabe@azag.gov
                            Lucy.Rand@azag.gov

9
                            Daniel P. Struck

10                           Kathleen L. Wieneke
                            Timothy J. Bojanowski

11                              Rachel Love
                            Nicholas D. Acedo

12                           Courtney R. Cloman
                            Ashlee B. Fletcher

13                             Anne M. Orcutt
                    STRUCK WIENEKE, & LOVE, P.L.C.

14                           dstruck@swlfirm.com
                            kwieneke@swlfirm.com

15                        tbojanowski@swlfirm.com
                            rlove@swlfirm.com

16                           nacedo@swlfirm.com
                            ccloman@swlfirm.com

17                           afletcher@swlfirm.com
                            aorcutt@swlfirm.com

18

19                      *Attorneys for Defendants*

20

21                                      s/ Delana Freouf

22

23

24

25

26

27

28