Index of Exhibits to the Supplemental Declaration of David C. Fathi in Further Support of
Plaintiffs' Motion to De-Designate Two Documents as Confidential

Exhibit 1:     Excerpted pages from the deposition of Karen Mullenix in this case, taken May
               21, 2013

Exhibit 2:     Email from Defendants' Counsel Daniel P. Struck, dated August 23, 2013

Exhibit 3:     Email from Defendants' Counsel Daniel P. Struck, dated August 23, 2013

# EXHIBIT 1

1                KAREN D. MULLENIX

2           UNITED STATES DISTRICT COURT
              DISTRICT OF ARIZONA
3
                    - - - - -
4
   VICTOR PARSONS; SHAWN      )
5  JENSEN; STEPHEN SWARTZ;    )
   DUSTIN BRISLAN; SONIA      )
6  RODRIGUEZ; CHRISTINA       )
   VERDUZCO; JACKIE THOMAS;   )
7  JEREMY SMITH; ROBERT       )
   GAMEZ; MARYANNE CHISHOLM;  )
8  DESIREE LICCI; JOSEPH      )
   HEFNER; JOSHUA POLSON;     )
9  and CHARLOTTE WELLS, on    )
   behalf of themselves and   )
10 all others similarly       )
   situated; and ARIZONA      )
11 CENTER FOR DISABILITY      )
   LAW,                       )
12                            )
            Plaintiffs,       )
13                            )
            vs.               ) No. CV 12-00601-PHX-NVW
14                            ) (MEA)
   CHARLES RYAN, DIRECTOR,    )
15 ARIZONA DEPARTMENT OF      )
   CORRECTIONS; and RICHARD   )
16 PRATT, INTERIM DIVISION    )
   DIRECTOR, DIVISION OF      )
17 HEALTH SERVICES, ARIZONA   )
   DEPARTMENT OF              )
18 CORRECTIONS, in their      )
   official capacities,       )
19                            )
            Defendants.       )
20
                    - - - - -
21
          DEPOSITION OF KAREN D. MULLENIX
22               May 21, 2013
               Pittsburgh, PA
23

24 Reported By: Michelle Hall

25 Job No: 61602

1              KAREN D. MULLENIX

2      A.    Miss Pekich works in our business

3  development and marketing department.

4      Q.    And what is her title?

5      A.    I believe she's the director of

6  marketing.  I'm not positive about that.  I

7  know her title has been on some of the

8  documents we've already dealt with today.

9      Q.    Okay.  If you believe she's director

10  of marketing, that's good enough.

11      A.    Okay.

12      Q.    So, just to recap, you were not at

13  the meeting at the Arizona Governor's Office on

14  November 8?

15      A.    No, sir.

16      Q.    And to your knowledge, this document

17  at Pages 1 through 3 was not given to ADC;

18  correct?

19      A.    Not to my knowledge.

20      Q.    Okay.  Would you now look at the

21  rest of this big document, Pages Wexford 4

22  through 131.  Have you seen this document

23  before?

24      A.    Yes.

25      Q.    And what is it?

1               KAREN D. MULLENIX

2        A.    It is a PowerPoint presentation that

3    we presented to the Department of Corrections

4    on November 7.

5        Q.    And were you present at that

6    meeting?

7        A.    Yes.

8        Q.    Did you present at that meeting?

9        A.    I did.

10        Q.    There's quite a number of slides

11    here going all the way through Page Wexford

12    131.  Were all of these slides shown at the

13    meeting?

14        A.    No, they were not.  Director Ryan,

15    about three hours into the presentation,

16    Director Ryan stopped us and asked that we

17    cease at that point.  He wasn't interested in

18    seeing any more of it.  I don't know -- I'm

19    paraphrasing.  He was not -- he didn't feel

20    that it would be prudent to continue.  He felt

21    that we should pick the significant areas that

22    were important to point out and only point out

23    those areas.

24        Q.    So which of these slides did not get

25    shown?

1          KAREN D. MULLENIX

2     A.    I do not believe the human resource

3  issue section was completed.

4     Q.    Can you give me page numbers?

5     A.    Oh, sure.  Wexford 100 through 116.

6     Q.    Any other slides that were not

7  shown?

8     A.    Yeah.  Give me just a moment to flip

9  through here, and I'll see if I can identify

10 those for you.  Wexford 76 through 80.

11    Q.    Those slides were not shown?

12    A.    They were not shown.

13          And I don't believe that all of the

14 slides between Wexford 81 and 97 were shown.  I

15 don't recall exactly which ones were and

16 weren't, but I don't recall that entire section

17 being presented.

18    Q.    Okay.

19    A.    And I believe that's all.

20          Wexford 121 through 128 I do not

21 believe were presented either.  And I think

22 that's it.

23    Q.    Okay.  So except for the slides

24 you've identified, these slides were presented

25 on a screen or monitor?

1                    KAREN D. MULLENIX

2       A.    Yes.

3       Q.    I believe you said Mr. Ryan was

4  present at this meeting?

5       A.    Yes.

6       Q.    Was Mr. Pratt present at the

7  meeting?

8       A.    Yes.

9       Q.    Were the slides made available to

10  the participants in any other way besides being

11  shown?  Were they given a hard copy, were they

12  given a thumb drive, anything like that?

13      A.    No.

14      Q.    Now, you spoke at this meeting you

15  said?

16      A.    Yes.

17      Q.    What was your role at the meeting?

18      A.    My role primarily was introduction

19  and to speak to the overall operations from a

20  big-picture perspective.  So I touched on many

21  of the other areas, kind of creating an

22  introduction for the other speakers as they

23  came to their section.

24            And I also asked to speak directly

25  to the ADC at this meeting because I felt that

```
 1

 2    COMMONWEALTH OF PENNSYLVANIA)
      COUNTY OF ALLEGHENY          )
 3

 4         I, Michelle L. Hall, a notary public
      in and for the Commonwealth of Pennsylvania, do
 5    hereby certify that the witness, KAREN D.
      MULLENIX, was by me first duly sworn to testify
 6    the truth, the whole truth, and nothing but the
      truth; that the foregoing deposition was taken
 7    at the time and place stated herein; and that
      the said deposition was recorded
 8    stenographically by me and then reduced to
      typewriting under my direction, and constitutes
 9    a true record of the testimony given by said
      witness, all to the best of my skill and
10    ability.

11         I further certify that the inspection,
      reading and signing of said deposition were not
12    waived by counsel for the respective parties
      and by the witness and if after 30 days the
13    transcript has not been signed by said witness
      that the witness received notification and has
14    failed to respond and the deposition may then
      be used as though signed.
15
           I further certify that I am not a
16    relative, or employee of either counsel, and
      that I am in no way interested, directly or
17    indirectly, in this action.

18         IN WITNESS WHEREOF, I have hereunto
      set my hand and affixed my seal of office this
19    3rd day of June, 2013.

20

21

22              S/Michelle L. Hall
                ---------------------------
23

24              ---------------------------

25
```

# EXHIBIT 2

**Fathi, David**

| | |
|---|---|
| **Subject:** | FW: Parsons v. Ryan |

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Friday, August 23, 2013 3:10 PM
**To:** Fathi, David; Kathy Wieneke; Tim Bojanowski; Anne Orcutt; Courtney Cloman; Ashlee Fletcher; Nick Acedo; Michael E. Gottfried; Lucy Rand
**Cc:** Parsons Team
**Subject:** RE: Parsons v. Ryan

David,

Is Wexford opposing this Motion?     We do not necessarily oppose that these documents can be un designated, but we do oppose the Motion as written.   If you simply want to stipulate to un designating these documents without the hyperbole and misrepresentations contained in this draft motion, then we would agree to that.     Please let me know if plaintiffs will be willing to do so.

Dan



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

# EXHIBIT 3

**Fathi, David**

---

| | |
|---|---|
| **From:** | Dan Struck <DStruck@swlfirm.com> |
| **Sent:** | Friday, August 23, 2013 6:38 PM |
| **To:** | Fathi, David; Caroline N Mitchell (cnmitchell@jonesday.com) |
| **Cc:** | Kathy Wieneke; Tim Bojanowski; Anne Orcutt; Courtney Cloman; Ashlee Fletcher; Nick Acedo; Michael E. Gottfried; Lucy Rand; Parsons Team |
| **Subject:** | RE: Motion to de-designate |

Caroline,

We demand that you file your motion under seal, in light of the fact that it contains information that is designated confidential.   We also withdraw our stipulation to de designate this material.

Dan Struck



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com