IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV12-00601-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion to De-Designate (Docs. 590, sealed at 593). The Court will grant the motion.

**I.  Background**

Plaintiffs seek to de-designate two documents obtained from Wexford pursuant to a subpoena that are currently designated as confidential. These materials include an agenda and a Power Point presentation generated for a November 8, 2012 presentation that Wexford gave to ADC to highlight Wexford's opinions regarding the state of the prison's health care system when Wexford took over.

Prior to the disclosure of any materials, Wexford demanded that Plaintiffs agree to keep the disclosed documents confidential; Plaintiffs agreed. After reviewing the documents, Plaintiffs believed that these two particular documents do not qualify for

protection under the parties' Protective Order and, further, that the public interest in access to these documents outweighs Defendants' or Wexford's private interest in confidentiality. Defendants, and Wexford by joinder, oppose de-designation, arguing that the parties' agreement to keep the documents confidential trumps any analysis under the Protective Order or traditional case law regarding the sealing of materials.

## II.   Governing Standard

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (footnote omitted). This right extends to pretrial documents filed in civil cases. *San Jose Mercury News, Inc. v. U.S. Dist. Court,* 187 F.3d 1096, 1102 (9th Cir. 1999). This public's right of access is not absolute, but the analysis begins "with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2006). To overcome this presumption, a party must provide "sufficiently compelling reasons" that override the public policies favoring disclosure. *Id.* Thus, in its analysis, the Court must balance the competing interests of the public and the party seeking to seal judicial record. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A decision to seal the documents must be supported by a factual basis for each compelling reason to seal. *Id.*

## III.   Analysis

It is not unusual for parties in litigation to agree to keep material obtained through discovery confidential. But the Ninth Circuit has explained "materials that are sealed

during discovery presumptively may not remain sealed once they are filed with the court for public policy reasons *unless* the materials in questions are of a type that 'have traditionally been kept secret for important policy reasons.'" *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012) (citing *Foltz*, 331 F.3d at 1134).

Defendants do not dispute that the language of the parties' Protective Order does not apply to these documents. Rather, Defendants' opposition to de-designation rests primarily on the parties' agreement to keep the documents confidential, which, as articulated, does not govern when the documents at issue are filed with the Court. And here, contrary to Defendants' statement, the documents have not remained mere products of discovery, they have already been filed twice in connection with these proceedings: in connection with the parties' eighth discovery dispute (Doc. 483) and in opposition to Defendants' motion to stay proceedings (Doc. 548-1, Exs. 2-3). In this context, the Court must not keep these documents sealed solely on the basis of the parties' agreement to keep discovery confidential. Instead, the Court must find specific and important policy reasons that justify restricting the public's access to this material. The Court finds that no justification exists to keep these documents sealed. The documents plainly do not include personal information or any other information that would traditionally be sealed. Nor does the fact that the documents could "encourage litigation" against both ADC and Wexford suffice to restrict the public's access to them. *Kamakana*, 447 F.3d at 1179. There is simply no justification to overcome the strong presumption in favor of public disclosure of these documents. Plaintiffs' motion will be granted.

**IT IS THEREFORE ORDERED:**

(1)   Plaintiffs' Motion to De-Designate (Doc 590, sealed at Doc. 593) is **granted**.   The Clerk shall unseal the Exhibits attached to Doc. 593.

Dated this 24th day of September, 2013.

_____
Neil V. Wake
United States District Judge