# EXHIBIT A

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone:  (602) 650-1854
    Email: dpochoda@acluaz.org
5           kflood@acluaz.org
            jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
    *Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie*
8   *Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
    *Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte*
9   *Wells, on behalf of themselves and all others similarly*
    *situated*
10
    **[ADDITIONAL COUNSEL LISTED ON**
11  **SIGNATURE PAGE]**

12                  UNITED STATES DISTRICT COURT

13                      DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina        (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on    **PLAINTIFF SONIA**
    behalf of themselves and all others similarly     **RODRIGUEZ'S FIRST SET**
17  situated; and Arizona Center for Disability Law,  **OF INTERROGATORIES TO**
                                                       **DEFENDANTS**
                        Plaintiffs,
18
                v.
19
    Charles Ryan, Director, Arizona Department of
20  Corrections; and Richard Pratt, Interim Division
    Director, Division of Health Services, Arizona
21  Department of Corrections, in their official
    capacities,
22                      Defendants.

23

24

25

26

27

28

78204-0001/LEGAL27228926.1

| | |
|---|---|
| 1 | PROPOUNDING PARTY: |
| 2 | RESPONDING PARTY: |
| 3 | SET NO: |
| 4 | INTERROGATORY NOS.: |

1  PROPOUNDING PARTY:        Sonia Rodriguez

2  RESPONDING PARTY:         Defendants

3  SET NO:                   One

4  INTERROGATORY NOS.:       1-5

5    Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Sonia Rodriguez, by and

6  through undersigned counsel, hereby requests that Defendants respond, under oath, to the

7  following interrogatories within thirty (30) days.

8  ## DEFINITIONS

9    "ADC" means the Arizona Department of Corrections, including all its

10  subdivisions, agents, employees, contractors, and attorneys.

11    "DESCRIBE" and "DESCRIPTION" means to provide all available

12  INFORMATION.

13    "DISCLOSURE STATEMENT" means YOUR initial Rule 26(a)(1) disclosure

14  statement and any supplements thereto.

15    "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1)

16  of the Federal Rules of Civil Procedure and shall encompass every writing or record of

17  every type and DESCRIPTION and every tangible thing that is or has been in the

18  possession, custody, or control of DEFENDANTS and the ADC, to which they have

19  access, or of which they have knowledge, including, but not limited to, newspaper articles,

20  magazine articles, news articles, correspondence, letters, contracts, files, electronic mail,

21  memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books,

22  pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations,

23  point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices,

24  pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings,

25  maps, reports, surveys, MINUTES, data compilations, and statistical compilations,

26  regardless of whether a particular DOCUMENT is privileged or confidential, and

27  regardless of the form of storage (including, but not limited to, paper, microfiche,

28  magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or

1  electronic storage device). "DOCUMENT" and "DOCUMENTS" includes, but is not
2  limited to, all DOCUMENTS generated by or maintained in the Director's Project
3  Tracking System, official ADC papers, and the ADC's intranet.

4      "IDENTIFY" and "IDENTIFICATION" with respect to (a) a person means to state
5  the person's full name and specify whether or not the person is or has been an ADC
6  STAFF member, and if so, to state the staff member's position title, facility location, work
7  schedule, responsibilities, date ADC employment began, date ADC employment
8  terminated, dates of any changes in position titles or responsibilities, DESCRIPTIONS of
9  any changes in position titles or responsibilities and, if the person is not currently
10  employed by ADC, the person's last known address and telephone number; and
11  (b) IDENTIFY in any other context means to provide as much INFORMATION
12  REGARDING the thing to be identified as is in the possession of DEFENDANTS or the
13  ADC.

14      "INFORMATION" means any knowledge YOU have, any evidence of any type,
15  any facts of which YOU are aware and any inferences or speculation of which YOU are
16  aware, all regardless of source. When INFORMATION YOU provide is based solely on
17  inference or speculation, specifically so state in YOUR response.  When providing
18  INFORMATION, provide the names of involved individuals, actions relevant to the
19  requested INFORMATION, dates and times when known, locations, and any other
20  knowledge YOU have about the subject of the discovery request. When asked to provide
21  INFORMATION about one or more individuals, IDENTIFY the individual or individuals
22  any provide any other INFORMATION YOU have about such person or persons.

23      "MINUTES" means notes or any other recording reflecting the content of a
24  meeting, whether written contemporaneously with or subsequent to the meeting.

25      "POLICIES AND PROCEDURES" means policies, procedures, criteria, or
26  practices, whether written or established through custom or use, including, but not limited
27  to, policy and procedure manuals, directors' orders, protocols, directives, flowcharts,

28

1   institution post orders, and any other DOCUMENTS designed to direct the actions of

2   ADC personnel, ADC contractors, and/or PRISONERS.

3      "PRISONER" means a person incarcerated by the ADC.

4      "REGARDING" or "REGARDED" to any given subject matter means, without

5   limitation, anything that, in whole or in part, analyzes, comments upon, comprises,

6   concerns, constitutes, contains, describes, discusses, embodies, evidences, explains,

7   identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates

8   to, responds to, states, summarizes, or is in any way relevant to the particular subject

9   matter identified.

10     "RESPONSE DATE" means date upon which YOU respond to these discovery

11  requests, or, if YOU amend or supplement YOUR response, the date of YOUR

12  amendment or supplement.

13     "YOU" and "YOUR" refers to Defendants, the ADC and their counsel of record.

14                          **INSTRUCTIONS**

15     1.    Each interrogatory shall be answered fully in writing under oath, unless it is

16  objected to, in which event the objecting party shall state the reasons for objection

17  and shall answer to the extent the interrogatory is not objectionable.

18     2.    The answers are to be signed by the person making them, and the objections

19  signed by the attorney making them.

20     3.    If only a part of an interrogatory is objectionable, the remainder of the

21  interrogatory shall be answered.  If an objection is made to an interrogatory or to a part

22  of an interrogatory, the specific ground for the objection shall be set forth clearly in

23  the response.

24     4.    The following rules of construction shall be applied herein: (1) the words

25  "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the

26  requests inclusive rather than exclusive; (2) the singular includes the plural and vice-

27  versa; and (3) the words "any," "all," "each," and "every" all include any, all, each,

28  and every.

78204-0001/LEGAL27228926.1                    -3-

5.     Each term used in these Interrogatories that is not set forth in the "Definitions" section above has the broadest and most complete meaning permitted under the Federal Rules of Civil Procedure and the applicable case law.     If any Interrogatory contains a term (or terms) that you believe is (or are) unclear or ambiguous, you should assume a reasonable meaning for such term(s), state what that meaning is, and answer that Interrogatory on the basis of the assumed meaning.

6.     All information requested herein is to be set forth if it is in the possession, custody, or control of, or is available or accessible to you or any of your agents, consultants, counsel, investigators, representatives, or any other person or persons acting for you or on your behalf.

7.     If any information called for by an interrogatory is withheld on the basis of claim of privilege, set forth the nature of the claimed privilege and the nature of the information with respect to which it is claimed.

8.     If these requests cannot be responded to in full, Defendants shall respond to the extent possible, specify the reason for Defendants' inability to respond to the remainder, and state whatever information or knowledge Defendants have regarding the portion to which Defendants have not responded.

9.     Unless otherwise specified, the relevant time period, and the period for which Defendants are required to provide responsive DOCUMENTS, is from and including January 1, 2011, up to and including the RESPONSE DATE.

10.     These Interrogatories are submitted for the purpose of discovery and are not to be construed as waiving any objections that may be made at trial or at any hearing to the introduction of evidence on subjects covered by these Interrogatories or as an admission of the relevance or materiality at trial of any of the matters covered by these Interrogatories.

11.     These Interrogatories are continuing in nature; responses should be promptly supplemented pursuant to Federal Rule of Civil Procedure 26(e).

12.   All responses in which Defendants choose to exercise the option to produce DOCUMENTS or other writings shall require the Defendants to provide a copy of that DOCUMENT or make it available for inspection, provide a description of the location where the DOCUMENT was found, indicate to which interrogatory it is responsive, and specify the documents' BATES range.   If the DOCUMENT is made available for inspection, Defendants shall afford Plaintiffs a reasonable opportunity to examine, audit, or inspect the DOCUMENT and to make copies, compilations, abstracts, or summaries of it.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY each witness identified in YOUR DISCLOSURE STATEMENT that YOU may present at trial.

**ANSWER TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:**

For each witness identified in YOUR response to Interrogatory No. 1, DESCRIBE in as much detail as known to the witness all facts and INFORMATION pertaining to this litigation that the witness could testify to at trial.   If YOU did not IDENTIFY any witnesses in response to Interrogatory No. 1, for each witness identified in YOUR DISCLOSURE STATEMENT, DESCRIBE in as much detail as known to the witness all facts and INFORMATION pertaining to this litigation that the witness could testify to at trial.

**ANSWER TO INTERROGATORY NO. 2:**

1
2
3   **INTERROGATORY NO. 3:**
4       For each witness identified in YOUR response to Interrogatory No. 1, IDENTIFY
5   all DOCUMENTS that support the witness's testimony at trial.  If YOU did not
6   IDENTIFY any witnesses in response to Interrogatory No. 1, for each witness identified
7   in YOUR DISCLOSURE STATEMENT, IDENTIFY all DOCUMENTS that support the
8   witness's testimony at trial.
9       **ANSWER TO INTERROGATORY NO. 3:**
10
11
12
13
14   **INTERROGATORY NO. 4:**
15       For each witness identified in YOUR response to Interrogatory No. 1, or if you did
16   not IDENTIFY any witnesses in response to Interrogatory No. 1, for each witness
17   identified in YOUR DISCLOSURE STATEMENT, IDENTIFY each and every court
18   action of which they have been a party or a witness, including all criminal, civil matters or
19   administrative matters.  For each matter identified include the name of the witness to
20   whom it pertains, the jurisdiction, the date filed or served, case number, parties, and the
21   result of each action.
22       **ANSWER TO INTERROGATORY NO. 4:**
23
24
25
26
27
28

**INTERROGATORY NO. 5:**

For all ADC prison complex buildings in which PRISONERS are permitted, including without limitation all housing, isolation, and medical unit buildings, IDENTIFY the following:

(a)    The maximum indoor temperature for each day from June 1, 2012 through August 31, 2012, and from June 1, 2013 though the date of your response, including July 2013;

(b)    The relative humidity for each day from June 1, 2012 through August 31, 2012, and from June 1, 2013 though the date of your response, including July 2013;

(c)    All DOCUMENTS relating to, supporting or reflecting the data that was the basis of your responses to (a)-(b);

(d)    All POLICIES AND PROCEDURES REGARDING the collection of the INFORMATION requested in (a)-(b);

(e)    All methods used by ADC, whether formal or informal, to measure the indoor temperatures.

**ANSWER TO INTERROGATORY NO. 5:**

1  Dated:  July 9, 2013

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JONES DAY**

By:  s/ Sophia Calderón
    ─────────────────────────────
    Caroline Mitchell (Cal. 143124)*
    David C. Kiernan (Cal. 215335)*
    Sophia Calderón (Cal. 278315)*
    Sarah Rauh (Cal. 283742)*
    555 California Street, 26th Floor
    San Francisco, California 94104
    Telephone:  (415) 875-5712
    Email:    cnmitchell@jonesday.com
              dkiernan@jonesday.com
              scalderon@jonesday.com
              srauh@jonesday.com

    *Admitted *pro hac vice*

    R. Scott Medsker (D.C. 976405)*
    **JONES DAY**
    51 Louisiana Avenue, NW
    Washington, D.C. 20001-2113
    Telephone:  (202) 879-3837
    Email:    rsmedsker@jonesday.com

    *Admitted *pro hac vice*

    John Laurens Wilkes (Tex. 24053548)*
    Taylor Freeman (Tex. 24083025)*
    **JONES DAY**
    717 Texas Street
    Houston, Texas 77002
    Telephone:  (832) 239-3939
    Email:    jlwilkes@jonesday.com
              tfreeman@jonesday.com

    *Admitted *pro hac vice*

    Kamilla Mamedova (N.Y. 4661104)*
    Jennifer K. Messina (N.Y. 4912440)*
    **JONES DAY**
    222 East 41 Street
    New York, New York 10017
    Telephone:  (212) 326-3498
    Email:    kmamedova@jonesday.com
              jkmessina@jonesday.com

    *Admitted *pro hac vice*

|   |   |
|---|---|
| 1 | Daniel Pochoda (Bar No. 021979) |
| 2 | Kelly J. Flood (Bar No. 019772)<br>James Duff Lyall (Bar No. 330045)* |
| 3 | **ACLU FOUNDATION OF ARIZONA**<br>3707 North 7th Street, Suite 235 |
| 4 | Phoenix, Arizona 85013 |
| 5 | Telephone:  (602) 650-1854<br>Email:    dpochoda@acluaz.org |
| 6 |         kflood@acluaz.org<br>         jlyall@acluaz.org |
| 7 | *Admitted pursuant to Ariz. Sup. Ct. R. 38(f) |
| 8 | |
| 9 | Donald Specter (Cal. 83925)*<br>Alison Hardy (Cal. 135966)* |
| 10 | Sara Norman (Cal. 189536)*<br>Corene Kendrick (Cal. 226642)* |
| 11 | **PRISON LAW OFFICE**<br>1917 Fifth Street |
| 12 | Berkeley, California 94710<br>Telephone:  (510) 280-2621 |
| 13 | Email:    dspecter@prisonlaw.com<br>         ahardy@prisonlaw.com |
| 14 |         snorman@prisonlaw.com<br>         ckendrick@prisonlaw.com |
| 15 | *Admitted *pro hac vice* |
| 16 | David C. Fathi (Wash. 24893)*<br>Amy Fettig (D.C. 484883)** |
| 17 | Ajmel Qureshi (Md. 28882)*<br>**ACLU NATIONAL PRISON** |
| 18 | **PROJECT**<br>915 15th Street N.W., 7th Floor |
| 19 | Washington, D.C. 20005<br>Telephone:  (202) 548-6603 |
| 20 | Email:    dfathi@npp-aclu.org<br>         afettig@npp-aclu.org |
| 21 |         aqureshi@npp-aclu.org |
| 22 | *Admitted *pro hac vice*.  Not admitted |
| 23 | in DC; practice limited to federal courts.<br>**Admitted *pro hac vice* |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:    dbarr@perkinscoie.com
          agerlicher@perkinscoie.com
          keidenbach@perkinscoie.com
          jhgray@perkinscoie.com
          mdumee@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Dustin Brislan; Sonia
Rodriguez; Christina Verduzco; Jackie
Thomas; Jeremy Smith; Robert Gamez;
Maryanne Chisholm; Desiree Licci; Joseph
Hefner; Joshua Polson; and Charlotte
Wells, on behalf of themselves and all others
similarly situated*

1   **CERTIFICATE OF SERVICE**

2   I hereby certify that on July 9, 2013, I e-mailed a copy of the attached document to

3   the following parties:

4

5   Michael E. Gottfried
    Katherine E. Watanabe
    Lucy M. Rand

6   Assistant Arizona Attorneys General
    Michael.Gottfried@azag.gov

7   Katherine.Watanabe@azag.gov
    Lucy.Rand@azag.gov

8

9   Daniel P. Struck
    Kathleen L. Wieneke

10  Timothy J. Bojanowski
    Rachel Love

11  Nicholas D. Acedo
    Courtney R. Cloman

12  Ashlee B. Fletcher
    Anne M. Orcutt

13  STRUCK WIENEKE, & LOVE, P.L.C.
    dstruck@swlfirm.com

14  kwieneke@swlfirm.com
    tbojanowski@swlfirm.com

15  rlove@swlfirm.com
    nacedo@swlfirm.com

16  ccloman@swlfirm.com
    afletcher@swlfirm.com

17  aorcutt@swlfirm.com

18  *Attorneys for Defendants*

19

20  Jennifer Alewelt
    Asim Varma
    Sarah Kader

21  J.J. Rico
    Cathleen M. Dooley

22  **ARIZONA CENTER FOR DISABILITY LAW**
    jalewelt@azdisabilitylaw.org

23  avarma@azdisabilitylaw.org
    skader@azdisabilitylaw.org

24  jrico@azdisabilitylaw.org
    cdooley@azdisabilitylaw.org

25

26  *Attorneys for Plaintiff Arizona Center for Disability Law*

27  s/ Delana Freouf

28

78204-0001/LEGAL27228926.1          -11-

# EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| **Victor Parsons**, et al., on behalf of themselves and all others similarly situated; and **Arizona Center for Disability Law**, | ) ) ) ) ) ) | No.  **CV 12-00601-PHX-NVW** |
| Plaintiffs, vs. | ) ) ) | **Phoenix, Arizona** **August 7, 2013**    **10:00 a.m.** |
| **Charles Ryan**, Director, Arizona Department of Corrections; and **Richard Pratt**, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

_____

BEFORE:  **THE HONORABLE NEIL V. WAKE, JUDGE**

(*Motion Hearing*)

Official Court Reporter:
Laurie A. Adams, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 43
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

UNITED STATES DISTRICT COURT

53

——————————August 7, 2013 - Motion Hearing——————————

1    forward, they will, regardless of the Ninth Circuit's decision.

2         That's it.

3         THE COURT:  All right.  Mr. Acedo, you get the last

4    say if there's anything you want to say in response to that.

5         MR. ACEDO:  Ms. Alewelt bought up a good point about          11:15:10

6    the practicality.  Why is this -- why do they need this case

7    certified then if they can just raise it not as a class?

8    That's a very good question.  Why does it have to be certified?

9    It doesn't have to be.  But because it is certified they are

10   using that as their sword to conduct all this discovery.  It     11:15:28

11   justifies them having 44 lawyers on this case.  If this were

12   just a case with 13 inmates you have got to ask yourself would

13   they have 44 lawyers working day and night on this?  Would we

14   be getting e-mails and letters two or three times a day every

15   day?  I don't think so.                                          11:15:47

16        So from a practicality concern, something else to

17   consider, Your Honor, is the attorney's fees that are just

18   racking up on this case solely because it is a class action and

19   they are proceeding on that basis.

20        THE COURT:  That's a legitimate concern.                    11:16:01

21        It does appear to me that the plaintiffs are seeking

22   and giving discovery information that goes beyond even the

23   rather long list of classes, subclasses that I certified.  They

24   are just looking for anything they can find, some of which may

25   well be legitimate.                                              11:16:40

UNITED STATES DISTRICT COURT

54

---
August 7, 2013 - Motion Hearing
---

1    I read the stuff about overheating.  That's not in any

2  of my -- that may fall below constitutional minimums but it's

3  not what I certified.

4    MS. GERLICHER:  It goes to the conditions of

5  isolation, Your Honor.                                        11:16:57

6    THE COURT:  Well, perhaps.  Was that where -- was that

7  in some of the isolation units?

8    MS. GERLICHER:  I believe it may have been discovered

9  on Pablo Stewart's tour, which would have been a mental health

10 tour.  And I know it's an issue with mental health medications  11:17:16

11 as well.

12   THE COURT:  I didn't think that was within what we

13 certified, that is, the mental health medications may be

14 broadly viewed.

15   MS. ALEWELT:  Your Honor, it does relate to            11:17:31

16 medications because it's all protocols of appropriate

17 conditions for someone on such medications.  So it's part of

18 the scope of that.  I think it's been a warm summer as usual,

19 and the heat was overwhelming.  And that was something that

20 certainly the clinician identified as an issue as part of the  11:17:47

21 medication component is ensuring those individuals on those

22 certain medications have additional protections or information

23 about the dangers of certain heat conditions in relationship to

24 taking that medication.

25   THE COURT:  I know.  I granted relief on that basis in  11:18:05

UNITED STATES DISTRICT COURT

—————————— August 7, 2013 - Motion Hearing ——————————

1  a different case.

2        MR. ACEDO:  Your Honor, another example on these

3  tours, they have requested all the records of pregnant women.

4  None of the plaintiffs are pregnant.  There's no allegation in

5  the complaint, but they assert it's a class action and some          11:18:22

6  class members are pregnant, therefore, we want all the records

7  of any pregnant woman.  We have to go out, get those records,

8  gather them, and they sit in the room for a day and review

9  them.

10       MS. GERLICHER:  Your Honor, one of the --                       11:18:35

11       THE COURT:  I must tell you, that is not what I

12  contemplated when I certified this class.

13       MS. GERLICHER:  Your Honor, one of the plaintiffs was

14  pregnant and I believe there were allegations about her

15  pregnancy care, although if I'm wrong about that I apologize.        11:18:45

16  But again, this is about systemic issues affecting --

17       THE COURT:  You know, I had -- I went through a list

18  that was pretty generous.  But there's a list.  It isn't

19  anything you couldn't think of.

20       MS. GERLICHER:  Your Honor, they produced that to us            11:19:01

21  without objection, apparently.  At least they did produce it

22  and there isn't a discovery dispute before you about it, which

23  goes to the general issue that over time, they are -- things

24  are proceeding and they are producing documents and they

25  produced a lot in recent days.  I do give them credit for that.     11:19:18

UNITED STATES DISTRICT COURT