Index for Exhibits to Declaration of David Fathi Regarding Ninth Joint Discovery Dispute

Exhibit 1:      Defendants' Responses to Plaintiff Sonia Rodriguez's First Set of Interrogatories.

Exhibit 2:      September 9, 2013 letter from Plaintiffs' Counsel to Defendants' counsel.

Exhibit 3:      September 11, 2013 email from Defendants' counsel Nick Acedo.

Exhibit 4       Excerpted pages from the August 9, 2013 deposition of Plaintiff Dustin Brislan in this case.

Exhibit 5:      Excerpted pages from the August 30, 2013 deposition of Plaintiff Maryanne Chisholm in this case.

Exhibit 6:      A July 3, 2013 email from Defendants' counsel Ashlee Fletcher.

Exhibit 7:      Excerpted pages from the October 3, 2012 deposition of ADC Mental Health Services Monitor Ben Shaw in this case..

Exhibit 8:      Excerpted pages from Defendant Charles Ryan's First Supplemental Answers to Plaintiff Dustin Brislan's First Set of Requests   for Admissions

Exhibit 9:      Excerpted pages from the October 3, 2012 deposition of ADC Mental Health Services Monitor Ben Shaw in this case.

Exhibit 10:     Excerpted pages from Defendant Charles Ryan's First Supplemental Answers to Plaintiff Dustin Brislan's First Set of Requests   for Admissions.

# EXHIBIT 1

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Katherine E. Watanabe, Bar No. 027458
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                                        Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                                        Defendants. | NO. 2:12-cv-00601-NVW<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF SONIA RODRIGUEZ'S FIRST SET OF INTERROGATORIES** |

1    Defendants, pursuant to FED. R. CIV. P. 33 and through counsel, hereby submit

2    their responses to Plaintiff Sonia Rodriguez's First Set of Interrogatories as follows.

3    <center>**INTERROGATORIES**</center>

4    **INTERROGATORY NO. 1:**

5    IDENTIFY each witness identified in YOUR DISCLOSURE STATEMENT that

6    YOU may present at trial.

7    **RESPONSE TO INTERROGATORY NO. 1:**

8    **Defendants object that this request is overbroad and unduly burdensome.**

9    **Without waiving these objections, *see* Defendants' Ninth Supplemental Disclosure**

10   **Statement, which delineates the witnesses Defendants will call and may call at trial.**

11   **Defendants will supplement if additional witnesses are identified.**

12   **INTERROGATORY NO. 2:**

13   For each witness identified in YOUR response to Interrogatory No. 1, DESCRIBE

14   in as much detail as known to the witness all facts and INFORMATION pertaining to this

15   litigation that the witness could testify to at trial.   If YOU did not IDENTIFY any

16   witnesses in response to Interrogatory No. 1, for each witness identified in YOUR

17   DISCLOSURE STATEMENT, DESCRIBE in as much detail as known to the witness all

18   facts and INFORMATION pertaining to this litigation that the witness could testify to at

19   trial.

20   **RESPONSE TO INTERROGATORY NO. 2:**

21   **Defendants object that this request is overbroad and unduly burdensome.**

22   **Without waiving these objections, *see* Defendants' Ninth Supplemental Disclosure**

23   **Statement.**

24   **INTERROGATORY NO. 3:**

25   For each witness identified in YOUR response to Interrogatory No. 1, IDENTIFY

26   all DOCUMENTS that support the witness's testimony at trial.   If YOU did not

27   IDENTIFY any witnesses in response to Interrogatory No. 1, for each witness identified

28   in YOUR DISCLOSURE STATEMENT, IDENTIFY all DOCUMENTS that support the

<center>2</center>

1  witness's testimony at trial.

2  **RESPONSE TO INTERROGATORY NO. 3:**

3        **Defendants object that this request is overly broad and unduly burdensome.**

4  **Without waiving these objections,** *see* **Defendants' Ninth Supplemental Disclosure**

5  **Statement.**

6  **INTERROGATORY NO. 4:**

7        For each witness identified in YOUR response to Interrogatory No. 1, or if you did

8  not IDENTIFY any witnesses in response to Interrogatory No. 1, for each witness

9  identified in YOUR DISCLOSURE STATEMENT, IDENTIFY each and every court

10  action of which they have been a party or a witness, including all criminal, civil matters or

11  administrative matters.  For each matter identified include the name of the witness to

12  whom it pertains, the jurisdiction, the date filed or served, case number, parties, and the

13  result of each action.

14  **RESPONSE TO INTERROGATORY NO. 4:**

15        **Defendants object that this request is compound, overly broad, unduly**

16  **burdensome, and not likely to lead to the discovery of admissible evidence.**

17  **INTERROGATORY NO. 5:**

18        For all ADC prison complex buildings in which PRISONERS are permitted,

19  including without limitation all housing, isolation, and medical unit buildings, IDENTIFY

20  the following:

21        (a)    The maximum indoor temperature for each day from June 1, 2012 through

22  August 31, 2012, and from June 1, 2013 through the date of your response, including July

23  2013;

24        (b)    The relative humidity for each day from June 1, 2012 through August 31,

25  2012, and from June 1, 2013 through the date of your response, including July 2013;

26        (c)    All DOCUMENTS relating to, supporting or reflecting the data that was the

27  basis of your responses to (a)-(b);

28        (d)    All POLICIES AND PROCEDURES REGARDING the collection of the

3

1  INFORMATION requested in (a)-(b);

2       (e)     All methods used by ADC, whether formal or informal, to measure the

3  indoor temperatures.

4  **RESPONSE TO INTERROGATORY NO. 5:**

5       **Defendants object that this request is compound, overbroad, unduly**

6  **burdensome, and not likely to lead to the discovery of admissible evidence.  It is also**

7  **beyond the scope of the class claims that have been certified by the court.**

8            DATED this  12th  day of August 2013.

9                               STRUCK WIENEKE & LOVE, P.L.C.

10

11                       By /s/ Anne M. Orcutt
12                          Daniel P. Struck
                            Kathleen L. Wieneke
13                          Rachel Love
                            Timothy J. Bojanowski
14                          Nicholas D. Acedo
                            Courtney R. Cloman
15                          Ashlee B. Fletcher
                            Anne M. Orcutt
16                          STRUCK WIENEKE & LOVE, P.L.C.
                            3100 West Ray Road, Suite 300
17                          Chandler, Arizona  85226

18                          Arizona Attorney General Thomas C. Horne
                            Office of the Attorney General
19                          Michael E. Gottfried
                            Katherine E. Watanabe
20                          Lucy M. Rand
                            Assistant Attorney General
21                          1275 W. Washington Street
                            Phoenix, Arizona 85007-2926
22
                            *Attorneys for Defendants*
23

24  COPIES of the foregoing e-mailed this
     12th  day of August, 2013 to:
25
    Caroline N. Mitchell
26  cnmitchell@jonesday.com

27  Jennifer Alewelt
    jalewelt@azdisabilitylaw.org
28

                            4

1

David Cyrus Fathi
dfathi@npp-aclu.org

2

Donald Specter
dspecter@prisonlaw.com

3

4

By:___/s/ Amy Bender_____

5

2780712.1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# EXHIBIT 2

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



**BY EMAIL TRANSMISSION ONLY**

September 9, 2013

Struck, Wieneke & Love
3100 W. Ray Rd., Suite 300
Chandler, AZ 85226

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH  FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
*DIRECTOR*
*ATTORNEY AT LAW\**

*\*NOT ADMITTED IN DC;*
*PRACTICE LIMITED TO*
*FEDERAL COURTS*

        Re:    **Parsons v. Ryan**
                **Plaintiff Sonia Rodriguez's First Set of Interrogatories**

Counsel:

As I stated during our telephonic meet and confer on August 30, 2013, plaintiffs are willing to narrow Interrogatory No. 5 of Plaintiff Rodriguez's First Set of Interrogatories so that sections (a) and (b) apply only to days on which the maximum indoor temperature was 85 degrees Fahrenheit or above. Please let me know if it remains your position that you will not answer this Interrogatory.

Thank you very much.

Very truly yours,

David C. Fathi

Cc:    All counsel of record

# EXHIBIT 3

## Fathi, David

| | |
|---|---|
| **From:** | Nick Acedo <NAcedo@swlfirm.com> |
| **Sent:** | Wednesday, September 11, 2013 6:32 PM |
| **To:** | Gray, John H. (Perkins Coie); Dan Struck; Parsons Team |
| **Cc:** | Fathi, David; Fettig, Amy; Caroline N Mitchell (cnmitchell@JonesDay.com); Don Specter (dspecter@prisonlaw.com); Corene Kendrick; Gerlicher, Amelia Morrow (Perkins Coie); Eidenbach, Kirstin (Perkins Coie); Kelly Flood (kflood@acluaz.org); Jennifer Alewelt (jalewelt@azdisabilitylaw.org); ahardy@prisonlaw.com; Freouf, Delana (Perkins Coie); Neilson, Sharon (Perkins Coie); Michael E. Gottfried; Lucy Rand |
| **Subject:** | RE: Parsons v. Ryan Depositions |

John,

We are available tomorrow between 2pm and 4pm Arizona time for a meet and confer on the continuing Rule 30(b)(6) deposition issue, as well as the contract-monitor deposition limitation issue.

As Dan informed you, we are still in the process of gathering dates for the remaining contract monitors' depositions. Yvonne Maese is currently the contract monitor for ASPC-Eyman. Also, do not assume that Troy Evans' deposition will be on the day that you noticed Karyn Christie's deposition.

Finally, in response to David Fathi's September 9, 2013 Letter regarding Interrogatory No. 5 of Plaintiff Rodriguez's First Set of Interrogatories, our position remains the same.



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300  Chandler, Arizona 85226

**Nicholas D. Acedo**
**Attorney**
Direct: (480) 420-1609
nacedo@swlfirm.com

---

**From:** Gray, John H. (Perkins Coie) [mailto:JHGray@perkinscoie.com]
**Sent:** Wednesday, September 11, 2013 11:58 AM
**To:** Dan Struck; Parsons Team
**Cc:** Fathi, David; Fettig, Amy (afettig@npp-aclu.org); Caroline N Mitchell (cnmitchell@JonesDay.com); Don Specter (dspecter@prisonlaw.com); Corene Kendrick; Gerlicher, Amelia Morrow (Perkins Coie); Eidenbach, Kirstin (Perkins Coie); Kelly Flood (kflood@acluaz.org); Jennifer Alewelt (jalewelt@azdisabilitylaw.org); ahardy@prisonlaw.com; Freouf, Delana (Perkins Coie); Neilson, Sharon (Perkins Coie)
**Subject:** RE: Parsons v. Ryan Depositions

Dan,

Again, for the reasons we have already stated, we disagree with your characterizations below. Plaintiffs will proceed to take the monitor depositions, with each deposition counting only toward the limit of 11 monitors. Please be advised that Defendants' counsel should notify Plaintiffs' counsel during the deposition if Defendants feel a particular question or line of questioning is "outside the scope" of the monitor depositions. It would be counterproductive for Defendants to wait until the deposition is over and only then assert that a particular deposition counted as two depositions, rather than one.

# EXHIBIT 4

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| VICTOR PARSONS; et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | )<br>)<br>)<br>)<br>) No. |
| Plaintiffs, | ) 2:12-cv-00601-NVW<br>) |
| vs. | )<br>) |
| CHARLES RYAN, Director, Arizona Department of Corrections; and RICHARD PRATT, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

VIDEOTAPED DEPOSITION OF DUSTIN BRISLAN

Phoenix, Arizona
August 9, 2013

Reported by:
Mark Miller, RMR
Certified Reporter
Certificate No. 50474

Prepared For:
The Court
(Original)

Dustin Brislan - 8/9/2013
PARSONS v. RYAN, 2:12-CV-00601-NVW

Page 183

1    here?

2        Q.   BY MS. CLOMAN:  Yes.  If it has a sticker, let's

3    pass it on.

4             I am going to take you to paragraph 79.  And

5    if you give me a second, I will give you the page for

6    that.

7             It is on page 46 -- it starts on 45, but

8    goes over to 46.

9             Are you there, Mr. Brislan?

10       A.   Yes.

11       Q.   I believe it is -- yes, it is in this paragraph.

12   It is on page 46, where it starts, "While housed in Eyman

13   and Lewis prisons" --

14            Do you see that sentence?  It is in the

15   middle of that paragraph at the top of the page.

16            MS. KENDRICK:  Line 3.

17            THE WITNESS:  Yes, I see it.

18       Q.   BY MS. CLOMAN:  It says, "Plaintiff Brislan

19   demonstrated ongoing self-harming behaviors and dangerous

20   side effects from multiple psychotropic medications."

21            Do you see that?

22       A.   Yes.

23       Q.   What is a "dangerous side effect"?

24            MS. KENDRICK:  Calls for expert opinion.

25            THE WITNESS:  A dangerous side effect I

Dustin Brislan - 8/9/2013
PARSONS v. RYAN, 2:12-CV-00601-NVW

Page 184

1  guess could be tightness in the chest, difficulty

2  breathing, the heat -- because they have no

3  air-conditioning in the units, they use swamp coolers, and

4  they actually have taken swamp coolers off -- there used

5  to be four on top of each cluster and now there is only

6  two.  So a lot of the rooms -- the entire pods don't even

7  get air.  You can get so hot with the medications --

8  Tegretol and Depakote is one, Lithium, where heat -- that

9  is why they tell you not to go out in the sun, because the

10  heat can cause bad side effects, it can kill a person.

11     Q.   BY MS. CLOMAN:  What units are you talking about

12  when you talk about that there are no AC units, they only

13  have swamp coolers?

14     A.   Browning unit, SMU-1 specifically, that I know.

15  All of Lewis complex, the entire complex of Lewis complex.

16     Q.   Now, do you think any of the side effects that

17  you have listed for me today are dangerous?

18     A.   Yes.  The difficulty breathing, yes, the --

19  pretty much -- some of them -- the vomiting can be

20  dangerous; you can get dehydrated from vomiting all your

21  fluids.

22          Some yes, some no.

23     Q.   The vomiting and difficulty breathing, you have

24  said those are yeses for dangerous.

25          Can you think of any others that you think

Dustin Brislan - 8/9/2013
PARSONS v. RYAN, 2:12-CV-00601-NVW

Page 185

1  are dangerous?

2          MS. KENDRICK:  Calls for expert opinion.

3          THE WITNESS:  I am trying to think of all

4  the side effects I have had.  There has been quite a few.

5          I really can't remember.

6      Q.   BY MS. CLOMAN:  Paragraph 81 is on the next page.

7  It is the very last sentence.  It lists other individuals,

8  but as it pertains to you, "Plaintiff Brislan is among

9  those who requires but has not received inpatient mental

10  health care."

11          Do you see that?

12      A.   Yes.

13      Q.   Do you agree with that?

14      A.   At the time, yes.  Well, yes, still right now.  I

15  am not receiving any care.  I am inpatient, but I am not

16  receiving any care.

17      Q.   What do you define as care that you are not

18  receiving?

19          Because you are on a medication, correct?

20      A.   Yes, I am on a medication, but I had requested --

21  begged the psychiatrist on multiple occasions of -- those

22  two psychiatric doctors to increase my medication and to

23  start me on a new mood stabilizer if he can, and he

24  refused.

25          They do not let me go to any groups -- they

Dustin Brislan - 8/9/2013
PARSONS v. RYAN, 2:12-CV-00601-NVW

Page 196

1  STATE OF ARIZONA      )

2  COUNTY OF MARICOPA     )

3           BE IT KNOWN that the foregoing deposition

4  was taken by me pursuant to stipulation of counsel; that I

5  was then and there a Certified Reporter in and for the

6  County of Maricopa, State of Arizona, and by virtue

7  thereof authorized to administer an oath; that the witness

8  before testifying was duly sworn by me to testify to the

9  whole truth; that the questions propounded by counsel and

10 the answers of the witness thereto were taken down by me

11 in shorthand and thereafter transcribed into typewriting

12 under my direction; that the foregoing pages are a full,

13 true and accurate transcript of all proceedings and

14 testimony had and adduced upon the taking of said

15 deposition, all to the best of my skill and ability.

16           A REVIEW OF the transcript was requested.

17           I FURTHER CERTIFY that I am in no way

18 related to nor employed by any parties hereto nor am I in

19 any way interested in the outcome hereof.

20           DATED at Phoenix, Arizona, this 20th day of

21 August, 2013.

22

23                        Mark Miller
                          CCR # 50474
24

25

# EXHIBIT 5

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | ) ) ) ) ) No. |
| Plaintiffs, | ) 2:12-cv-00601-NVW ) ) |
| v. | ) ) |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

VIDEOTAPED DEPOSITION OF MARYANNE CHISHOLM

Goodyear, Arizona
August 30, 2013
9:28 a.m.

REPORTED BY:
SHELLEY E.D. PEARCE, RPR
Certified Reporter
Certificate No. 50301

PREPARED FOR:
THE COURT

(Original)

(CORRECTED) Maryanne Chisholm - 8/30/2013
PARSONS v. RYAN, 2:12-cv-00601-NVW

Page 186

1    Q.   When you've been told that it was for your

2   thyroid, do you know whether your medication -- your

3   psychiatric medications were also reviewed under that lab?

4    A.   To the best of my knowledge, no, because they

5   were ordered by the medical doctor, not by the psychiatric

6   doctor.  I know of two times that they were ordered by the

7   psychiatric doctor.  It's possible there were more, and

8   they didn't tell me.  But in the times I've inquired, it's

9   more often than not been for my thyroid.

10   Q.   Have you ever seen the labs?

11   A.   No.

12   Q.   I'm going to go to paragraph 10.  It says [as

13  read]:  Housing units are not air conditioned; and in the

14  summer months, temperatures in the cells are so high that

15  I experience excessive sweating, dizziness, exhaustion

16  because my psychiatric medications make me more sensitive

17  to the heat.

18        Did I read that correctly?

19   A.   Yes.

20   Q.   First, is it true?

21   A.   It's true on Santa Cruz.

22   Q.   On Santa Cruz.  And you're at San Carlos now?

23   A.   That's correct.

24   Q.   So Santa Cruz is the one that you spent the

25  majority of your time here at Perryville in?

(CORRECTED) Maryanne Chisholm - 8/30/2013
PARSONS v. RYAN, 2:12-cv-00601-NVW

Page 187

1    A.    That's correct.  And at the time of the

2  declaration, I was living at Santa Cruz.

3    Q.    Now, you have told me that your symptoms for

4  your bipolar disorder often are sweating, dizziness,

5  exhaustion.  Some of those are with your heart issue as

6  well.  How do you attribute it to the heat if you also

7  experience those symptoms with some of your medical and

8  mental health issues?

9    A.    It's a known --

10        MR. BROOKMAN:  Object to form.

11  BY MS. CLOMAN:

12    Q.    Go ahead.

13    A.    It's a known side effect that psychotropic

14  medications make you more sensitive to heat.  That,

15  coupled with my other conditions are definitely a factor.

16  I can tell you that now that I live on San Carlos, the

17  temperature difference is monumental.

18    Q.    Which psychotropic medications make you more

19  sensitive to heat?

20    A.    It's my understanding that all psychotropic

21  medications make you more sensitive to heat.

22    Q.    States that the temperature in the cells are so

23  high that you experience the symptoms that we just read

24  off.  How high are the temperatures in the cells?  And I

25  understand that this is referring to the time that you

Page 188

1   were in Santa Cruz.

2        MR. BROOKMAN:  Object to form.

3        THE WITNESS:  Well, the temperatures can be an

4   average of 90 degrees and can get up to 105 depending on

5   how hot it is outside.  There are times that the

6   temperature is in the 70s or 80s.  It really depends on

7   what time they take their reading, where they're pointing

8   the gauge.  So if they point it at the vent, the air might

9   be blowing 79, but the room is actually closer to 90.  If

10  they point it in the general room at the hottest part of

11  the room, it may be a completely different reading, but it

12  was dramatically hotter than at San Carlos.

13  BY MS. CLOMAN:

14       Q.  And how do you know what the temperatures were?

15       A.  Sometimes I'd look at the device as they clicked

16  it; and other times, officers would be kind and tell us.

17       Q.  And sometimes they didn't tell you anything,

18  correct?

19       A.  That's correct.

20       Q.  What does the temperature have to get to in

21  order for it to create these symptoms?

22       MR. BROOKMAN:  Object to form.

23       THE WITNESS:  There are times even at San Carlos

24  that I still break out in dizziness and sweat, but as

25  opposed to Santa Cruz, it's a spell instead of a

(CORRECTED) Maryanne Chisholm - 8/30/2013
PARSONS v. RYAN, 2:12-cv-00601-NVW

Page 247

1  STATE OF ARIZONA          )
                             )     ss.
2  COUNTY OF MARICOPA        )

3

4          BE IT KNOWN that the foregoing deposition

5  was taken by me pursuant to stipulation of counsel; that

6  I, Shelley E.D. Pearce, RPR, Certified Reporter No. 50301,

7  in the State of Arizona, and by virtue thereof, am

8  authorized to administer an oath; that the witness before

9  testifying was duly sworn by me to testify to the whole

10  truth; that the questions propounded by counsel and the

11  answers of the witness thereto were taken down by me and

12  reduced to print under my direction; that the foregoing

13  246 pages are a full, true, and accurate transcript of all

14  proceedings and testimony had and adduced upon the taking

15  of said deposition, all to the best of my skill and

16  ability.

17          I FURTHER CERTIFY that I am in no way

18  related to nor employed by any of the parties hereto, nor

19  am I in any way interested in the outcome hereof.

20          DATED at Phoenix, Arizona, this 5th day of

21  September, 2013.

22

23                              _____
                                SHELLEY E.D. PEARCE, RPR
                                Arizona Certified Reporter
24                              Certificate No. 50301

25

# EXHIBIT 6

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

───────────

Victor Antonio Parsons, et al.,   )
                                  )
                                  )
                    Plaintiffs,   )
                                  )
          vs.                     )   NO. CV 12-601 PHX-NVW
                                  )
Charles L. Ryan, et al.,          )   Phoenix, Arizona
                                  )   July 20, 2012
                                  )   10:20 a.m.
                    Defendants.   )
──────────────────────────────────)


REPORTER'S TRANSCRIPT OF PROCEEDINGS

(Scheduling Conference)

BEFORE THE HONORABLE NEIL V. WAKE




Court Reporter:          Merilyn A. Sanchez, CRR
                         Sandra Day O'Connor U.S. Courthouse
                         401 W. Washington Street SPC-37
                         Phoenix, Arizona  85003-2118
                         (602) 322-7250

Proceedings taken by stenographic court reporter
Transcript prepared by computer-aided transcription

```
 1            The merits issue will be whether those patterns and
 2    practices do in fact and policies do in fact create an
 3    unreasonable risk of harm.
 4            We believe that in a system as large as Arizona's,
 5    they cannot possibly run a system without policies that are
 6    promulgated and enforced throughout and patterns and practices
 7    of behavior in the medical system which are common throughout.
 8    So that will be -- that will be the thrust of our position.
 9            THE COURT:  You don't have to say anything,
10    Ms. Wieneke.  You are free to if you wish.
11            MS. WIENEKE:  Oh, dear.  That's fraught with peril.
12            THE COURT:  That's what I tell the defendants right
13    before I sentence them.
14            MS. WIENEKE:  I'll let Mr. Gottfried take this one.
15            THE COURT:  Well, all right.  Well, as you can see, I
16    am averse to having this class certification phase swallow up
17    merits litigation.
18            Now, I'll also tell you that I don't see any problem
19    at all with having merit discovery going immediately at the
20    same time.  I mean, that's just -- there's no reason to delay
21    class merits discovery.  On a worst-case scenario for the
22    plaintiff, they are seeking injunctions for 14 plaintiffs.  On
23    best-case scenario, they are seeking for a class.  But it's
24    pretty much the same injunction.
25            So we don't need to delay the merits discovery.  And
```

```
 1                    C E R T I F I C A T E
 2
 3
 4
 5
 6            I, MERILYN A. SANCHEZ, do hereby certify that I am
 7    duly appointed and qualified to act as Official Court Reporter
 8    for the United States District Court for the District of
 9    Arizona.
10            I FURTHER CERTIFY that the foregoing pages constitute
11    a full, true, and accurate transcript of all of that portion of
12    the proceedings contained herein, had in the above-entitled
13    cause on the date specified therein, and that said transcript
14    was prepared under my direction and control.
15
16
17            DATED at Phoenix, Arizona, this 25th day of July,
18    2012.
19
20
21                      S/Merilyn A. Sanchez
22                      MERILYN A. SANCHEZ, CRR
23
24
25
```

# EXHIBIT 7

**Fathi, David**

| | |
|---|---|
| **From:** | Ashlee Fletcher <AFletcher@swlfirm.com> |
| **Sent:** | Wednesday, July 03, 2013 8:53 PM |
| **To:** | Gerlicher, Amelia Morrow (Perkins Coie) |
| **Cc:** | Parsons Team; Lucy Rand; Fathi, David |
| **Subject:** | RE: Parsons- Expert Tours |

Amelia,

No electronics whatsoever will be permitted in ADC.  Similarly, the experts will not be permitted to bring thermometers.  Hats and sunglasses are allowed.

I emailed you this morning regarding where counsel and their experts should report each day; there is no "contact person."  I understand Lucy Rand has addressed your concerns regarding document production.  Please let us know if you have any additional questions.

Thanks,

Ashlee



**STRUCK WIENEKE & LOVE**
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

**Ashlee B. Fletcher**
Attorney
Direct: (480) 420-1631
afletcher@swlfirm.com
www.swlfirm.com

---

**From:** Gerlicher, Amelia Morrow (Perkins Coie) [mailto:AGerlicher@perkinscoie.com]
**Sent:** Wednesday, July 03, 2013 1:24 PM
**To:** Ashlee Fletcher
**Cc:** Parsons Team; Lucy Rand; David Fathi
**Subject:** Re: Parsons- Expert Tours

Ashlee,

I'm happy to direct further communications to you; my apologies for any confusion, as I thought Ms. Northup was dealing with the facility-specific issues.

We are still waiting for the names of our contact persons for each facility during our time there, which Ms. Northup indicated that she would provide by yesterday.

I assume the appropriate parties are being made aware of the file and interview requests sent to Ms. Northup yesterday, but I will forward that email to you shortly as well.

Regarding your email yesterday about electronics on expert tours, we understand that the restrictions pertain to housing units and other areas where prisoners are or may be present.  Please A) confirm that electronics are permitted in the Warden's Office/Administrative Building and similar administrative areas where prisoners are not present; and b) clarify whether this prohibition applies to laptops used for note-taking in areas where prisoners are not present, such as medical record review rooms and non-contact visitation areas.

We also have one additional exception to request: some of the experts would like permission to bring a digital thermometer to measure temperatures in the housing units, health care units, and other areas where prisoners are located.

Regarding other items permitted on the tours, we have been told that you will be providing water during the tours. We appreciate that. We would also appreciate the ability to wear sunglasses and hats during portions of the tours that take place outside. Please advise if that will be an issue.

Finally, the parties agreed that ADC staff would take photographs at the direction of the experts (see David Fathi's letter of April 4, 2013, at 1). Please confirm photographers will be available for the tours starting next week.

Thank you,


Amelia

On Jul 3, 2013, at 8:46 AM, "Ashlee Fletcher" <AFletcher@swlfirm.com> wrote:

Amelia,

Please direct all further communications regarding the expert tours to our office.  To answer the concerns raised in your correspondence to Dawn Northup, all attorneys and experts should report

# EXHIBIT 8

**ASPC-Perryville**
**Weekly Executive Team Meeting**
**October 23, 2012**

**Staff Present:** Warden Judy L. Frigo, Nina Ramirez (ESA), Dee Colbert (AAIII), Allison Messerschmidt (ASIII), DW Josie James (SR), DW Cindy Neese (LAP), DW Lacy Scott (BWL), ADW Carol Ortiz (BWL), DW Betty Barnes (SP), DW Anthony Coleman (SC), DW Andrew Jackson (SA), ADW Jeffrey Hughes (SA), Dr. John St. Clair (Mental Health), Mark Haldane (Health SVC Monitor), Noreen Vanca (Wexford), Dallas Ragan (CIU), Christopher Bowden (FSL), Sandra Pavell (Records), Gonzolo Villegas (Trinity Services), Daniel Butler (Chaplain), COIV James Roan (SM), COIV Scott VanVleet (CIRT), Lisa Preston (Rio Salado), Larry Rouse (OHN), COIV Daniel Jones (LAP), Captain Elon Bailey (CX), Clayton Marlow (Education), Dan Butler (Chaplain), Daniella Ortiz (Training), ▮▮▮▮▮ (Keefe)

**Staff Absent:** DWOP James O'Neil (CX), DW Elizabeth Oros (Compliance), Major Lori Stickley, Ben Fisher (Physical Plant), Lester Johnson (IT), Eunice Bourque (Human Resources), DW William White (SM), Donna Mendoza (Audit Nurse), Maria Martin (Business Office), Jessica Espinoza (Human Resources)

| ISSUE/TOPIC: | DISCUSSION: |
|---|---|
| On Site Duty Report | The On Site Duty Report for October 20th & 21st by COIV Johnson was read and discussed. |
| Wexford | New x-ray machine ordered.<br>Please forward orders for lower bunks to Noreen. They must be renewed every 6 months. |
| Mental Health | 2 new psych doctors and nurses on-site. |
| Health Svcs Contract Monitor | Nothing to report. |
| Education | Martin Freed from Florence here to help with Librarian interviews.<br>Received authorization to hire Librarian II's as well.<br>Wednesday – Friday: Non-scheduled school closings so staff can complete all in class training. |
| Rio Salado | Nothing to report. |
| Training | Training has begun and classes are full.<br>Sexual Harassment/PREA held Mon & Tues. at 8am, Friday at 11am (after Self Defense). |
| Chaplain | Thank you for Volunteer Appreciation Night, great job by everyone.<br>Rotating Chaplains to Lewis because they are short handed. |
| Trinity Services | Rachel will be out the next 3 weeks, forward IR's to Gonzo.<br>Mr. ▮▮▮ back on site this week.<br>Postpone CHAT to next Tuesday. |
| Food Service Liaison | Mr. ▮▮▮ here last Thursday and this Monday. Inspections going well. |
| Keefe | Crest is back on the menu but not posted as product isn't in yet. New toothbrush $0.77.<br>Soy sauce back on menu.<br>Looking at more healthy alternatives and items with less sugar.<br>Black hair care product to remain on fundraisers until quality items are on the list. |
| IT | No representative present. |
| CIRT | 1 response, 1 responder for 2 hours total. |
| Maintenance | No representative present. |
| CIU | Nothing to report. |
| CIU | Nothing to report. |
| OHN-FMLA Report | 22 FMLA, 4 TWA's, 52 Intermittent FMLA<br>OHN at Lewis resigned - will be covering both institutions.<br>Flu shots today from 1300-1600hrs. |

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER

ADC083632

| Human Resources | No representative present. |
|---|---|
| Business Office | No representative present. |
| Capacity | Nothing to report. |
| Administration | • Mail & Property – Post order discussion. Check post orders at your location. Memo dated 5/26/12 is NOT to be used; 5/19/12 is the correct one to use.<br>• Weekly Inspection Report – Need to stay up on this  if you have any.  You are given a two week turn around to get in.<br>• DI 914 – Inmate Mail:  No Longer Valid – in 519.12 post order.<br>• Biohazard Waste Containers – Make sure you are using these correctly.<br>• Temperature Checks –Last day is 10/31/12 thru swing shift only.   Next summer will have a database on the ▓▓▓▓for each unit to input their numbers.<br>• Donated Annual Leave – Michael Glover<br>• Appointment of Arthur Gross – Assistant Director for Health Services<br>• Governor Brewer – Key Changes to Senior Staff.  Scott Smith – Chief of Staff.<br>• Wexford – Portable DVD player approved for Health Units Training.   Memo was sent out.<br>• Employee of the Quarter Nominations – Dee<br>• Memo from Major regarding UA's<br>• ADOA – Moratorium lifted effective 10/19/12.<br>• DO 525 – Call In Procedures: Talk to your supervisors, get sergeants to understand that you can't count absences prior to 7/1/12.  Don't use FMLA in PACE entry, must follow call-in procedure.<br>• DW Compliance – When she arrives at your unit you don't need to escort her around.  She will debrief when she is done.<br>• Property Inventory – Discussion ensued.  If it is same custody move no inventory is required.   We have some inmates that haven't had inventory done in 5 years.   Please spot check your unit when time permits, especially on your minimums.<br>• Mr. ▓▓▓▓ Please make sure your white shirt staff carry strips and thermometers.<br>• SDI's – Effective now, please have DW's bring their SDI's on the monthly 1:1 meetings with the Warden.<br>• 2013 Open Enrollment – Starting 10/22 – 11/16.  Must change dental due to plan changes. |
| Lumley | Working on Bldg. 26 refurbishing continues as well in Kitchen 25.<br>Planted trees in remembrance of Officer Cohen.<br>Question regarding Wexford and training – Yes, they complete our training. |
| Santa Cruz | All inmates in ▓▓▓▓ moved to ▓▓▓▓ Start refurbishing on ▓▓▓▓<br>Barfield is finishing up pits on 10, and then will start on 8.<br>Continue with beautification on yard, working on weeds.<br>Bldg. 20 is coming along well, waiting on shower doors.<br>Got money for powder coating for tables.<br>Maintenance and painting in Kitchen, floors completed. |
| San Pedro | All inmates moved from ▓▓▓▓ to ▓▓▓▓ Will start refurbishing in ▓▓▓▓<br>Barfield finishing pits on Bldg. 10 then Bldg. 8.<br>Cancer walk this weekend. |
| San Carlos | SECC Campaign underway, meeting this Thursday.    Please send name of coordinator from each unit. |
| Santa Rosa | DOH Inmate Crew – found using the ▓▓▓▓ Please reinforce that staff are watching. |

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER

ADC083633

| Santa Maria | Kitchen 35 cooler is leaking, maintenance on site and working on it. 3 new classes started today – Life Skills, Survivors Abuse and Computer Class. |
| Piestewa | Cancer walk was very successful, raised around $2,700. |
| Operations | For call-ins please get on shared drive for staffing list, we have a lot of new staff. |
| Compliance DW | No representative present. |
| SDI's | Please turn in at monthly Warden one on one meetings going forward. |
| AI's (Nina) | Handed out reports. |

_Frigo_
J. L. Frigo, Warden

JLF/asm

10-30-12
Date

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER

ADC083634

# EXHIBIT 9

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Ben Shaw, Ph. D. - 10/3/2012

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA


Victor Parsons; Shawn Jensen;     )
Stephen Swartz; Dustin Brislan;  )
Sonia Rodriguez; Christina        )
Verduzco; Jackie Thomas; Jeremy  )
Smith; Robert Gamez; Maryanne     )
Chisholm; Desiree Licci; Joseph  )
Hefner; Joshua Polson; and        )
Charlotte Wells, on behalf of     )
themselves and all others         )
similarly situated; and Arizona  )
Center for Disability Law,        )
                                  )
            Plaintiffs,           )
                                  )  NO.:
    v.                            )  CV 12-00601-PHX-NVW(MEA)
                                  )
Charles Ryan, Director, Arizona  )
Department of Corrections; and   )
Richard Pratt, Interim Division  )
Director, Division of Health      )
Services, Arizona Department of  )
Corrections, in their official   )
capacities,                       )
                                  )
            Defendants.           )
                                  )


        30(b)(6) DEPOSITION OF BEN L. SHAW, Ph.D.

                    Phoenix, Arizona
                    October 3, 2012
                       9:08 a.m.


                Prepared by:

                Kate E. Roundy, RPR

                Arizona Certified

                Reporter Number 50582

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Ben Shaw, Ph. D. - 10/3/2012

Page 209

1    Q.   Some psychotropic medications make the patient

2    more sensitive to heat; correct?

3    A.   That's correct.

4    Q.   And that can have, in some cases, quite serious

5    health ramifications; correct?

6    A.   It could.

7    Q.   But it appears from this policy that no

8    protective steps will be taken unless the prisoner has an

9    unequivocal diagnosis of hyperthermia or orthostatic

10   hypotension; correct?

11          MS. WIENEKE:   Form.

12          THE WITNESS:   Yes.   That's correct.

13   BY MR. FATHI:

14   Q.   Okay.  And it appears also from this policy that

15   other than discontinuing the medication, the only

16   accomodation is a duty status to minimize heat exposure;

17   correct?

18          MS. WIENEKE:   Form.

19          THE WITNESS:   Yes.

20   BY MR. FATHI:

21   Q.   So why is duty status change permissible pursuant

22   to this policy but not permissible pursuant to the

23   photosensitivity policy?

24          MS. WIENEKE:   Form.

25          THE WITNESS:   The health ramifications of this

Parsons v. Ryan
AZ Dept of Corrections 30(b)(6) - Ben Shaw, Ph. D. - 10/3/2012

Page 287

1    STATE OF ARIZONA        )
                            )   SS.
2    COUNTY OF MARICOPA      )

3

4              I, KATE E. ROUNDY, a Certified Reporter,

5    Certificate No. 50582, in the State of Arizona, do hereby

6    certify that the foregoing witness was duly sworn to tell

7    the whole truth; that the foregoing pages constitute a

8    full, true, and accurate transcript of all proceedings had

9    in the foregoing matter, all done to the best of my skill

10   and ability.  Pursuant to request, notification was

11   provided that the deposition is available for review and

12   signature.

13

14             I FURTHER CERTIFY that I am not related to

15   nor employed by any of the parties hereto, and have no

16   interest in the outcome hereof.

17

18             WITNESS my hand this 10th day of October,

19   2012.

20

21                         _____

22                         KATE E. ROUNDY, RPR
                           Arizona Certified
23                         Reporter No. 50582

24

25

# EXHIBIT 10

1    Arizona Attorney General Thomas C. Horne
     Office of the Attorney General
2    Michael E. Gottfried, Bar No. 010623
     Assistant Attorney General
3    1275 West Washington Street
     Phoenix, Arizona 85007-2926
4    Telephone: (602) 542-4951
     Fax: (602) 542-7670
5    Michael.Gottfried@azag.gov

6    Daniel P. Struck, Bar No. 012377
     Kathleen L. Wieneke, Bar No. 011139
7    Rachel Love, Bar No. 019881
     Timothy J. Bojanowski, Bar No. 22126
8    Nicholas D. Acedo, Bar No. 021644
     Courtney R. Cloman, Bar No. 023155
9    Ashlee B. Fletcher, Bar No. 028874
     Anne M. Orcutt, Bar No. 029387
10   STRUCK WIENEKE, & LOVE, P.L.C.
     3100 West Ray Road, Suite 300
11   Chandler, Arizona 85226
     Telephone:  (480) 420-1600
12   Fax:  (480) 420-1696
     dstruck@swlfirm.com
13   kwieneke@swlfirm.com
     tbojanowski@swlfirm.com
14   nacedo@swlfirm.com
     ccloman@swlfirm.com
15   afletcher@swlfirm.com
     aorcutt@swlfirm.com
16
17   *Attorneys for Defendants*

                 **UNITED STATES DISTRICT COURT**
18
                      **DISTRICT OF ARIZONA**
19
     Victor Parsons; Shawn Jensen; Stephen          NO. 2:12-cv-00601-NVW
20   Swartz; Dustin Brislan; Sonia Rodriguez;
     Christina Verduzco; Jackie Thomas; Jeremy      **PLAINTIFF DUSTIN BRISLAN'S**
21   Smith; Robert Gamez; Maryanne Chisholm;        **FIRST SET OF REQUESTS FOR**
     Desiree Licci; Joseph Hefner; Joshua Polson;   **ADMISSION (NOS. 1-78)**
22   and Charlotte Wells, on behalf of themselves   **AND FIRST SET OF**
     and all others similarly situated; and Arizona **INTERROGATORIES**
23   Center for Disability Law,                     **(NOS. 1-2) TO DEFENDANT**
                                                    **CHARLES RYAN**
24                               Plaintiffs,

25   v.                                             ***AND DEFENDANT CHARLES***
                                                    ***RYAN'S FIRST SUPPLEMENTAL***
26   Charles Ryan, Director, Arizona Department     ***ANSWERS THERETO***
     of Corrections; and Richard Pratt, Interim
27   Division Director, Division of Health Services,
     Arizona Department of Corrections, in their
28   official capacities,
                                 Defendants.

1 policy provides for a twice-a-day food delivery schedule under which inmates receive an
2 amount of food equal to three meals.

3 **REQUEST FOR ADMISSION NO. 33:**  Admit that ADC has no written POLICY
4 requiring PRISONERS who are taking psychotropic medications to be housed in areas
5 where the temperature does not exceed 85 degrees Fahrenheit.

6 *Response:*

7 Defendant objects that this Request is an incomplete and one-sided statement of the
8 circumstances and is, therefore, vague, ambiguous, and misleading.

9 Without waiving these objections, Defendant admits in part that while ADC has a
10 written policy regarding activities in direct sunlight for inmates taking psychotropic
11 medications, ADC has ~~seen~~ no **policy** ~~medical reason to~~ specify**ing** temperature limits for
12 areas housing these inmates.

13 **REQUEST FOR ADMISSION NO. 34:**  Admit that WEXFORD has no written
14 POLICY requiring PRISONERS who are taking psychotropic medications to be housed in
15 areas where the temperature does not exceed 85 degrees Fahrenheit.

16 *Response:*

17 Defendant objects that this Request seeks an admission regarding the policies of a
18 non-party to this litigation.  Defendant further objects that this Request is an incomplete
19 and one-sided statement of the circumstances and is, therefore, vague, ambiguous, and
20 misleading.

21 Without waiving these objections, Defendant **Ryan has no personal knowledge of**
22 **Wexford's internal policies, but** admits ~~in part~~ that Wexford is contractually obligated to
23 adhere to existing ADC policies and procedures**, including those outlined in**
24 **Defendant's response to #33, which answer is incorporated herein.**

25 **REQUEST FOR ADMISSION NO. 35:**  Admit that ADC written POLICY does not
26 prevent PRISONERS who are taking psychotropic medications from being housed in
27 areas where the temperature exceeds 85 degrees Fahrenheit.

28 *Response:*

1

2
**VERIFICATION**

3

4          I, CHARLES L. RYAN, hereby state upon my oath the following:

5          1.      I am a Defendant in *Parsons, et al. v. Charles L. Ryan, et al.,* U.S. District

6   Court Case No. 1:12-cv-00601-NVW.

7          2.      I have read "Plaintiff Dustin Brislan's First Set of Requests for Admission

8   and First Set of Interrogatories to Defendant Charles Ryan and Defendant Charles Ryan's

9   First Supplemental Answers Thereto" and I believe based upon information provided by

10  the Arizona Department of Corrections' staff that the content is complete and correct as of

11  this date.

12         I declare under penalty of perjury that the foregoing is true and correct to the best

13  of my knowledge, information and belief.

14                                          DATED this 17th day of October, 2012.

15

16

17                                          CHARLES L. RYAN

18

19

20

21

22

23

24

25

26

2381506.1