Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
    kflood@acluaz.org
    jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br>**TENTH JOINT NOTICE OF DISCOVERY DISPUTE** <br><br>**(EXPEDITED CONSIDERATION REQUESTED)** |

**PLAINTIFFS' POSITION**

May defendants refuse to supplement their responses to discovery requests propounded in the name of plaintiff Victor Parsons?

Defendants have an ongoing duty to supplement their discovery responses. Fed. R.Civ.P. 26(e). That duty attaches once there has been an initial response to discovery, and nothing in the rule suggests it is excused if the propounding party settles or is dismissed from the lawsuit. Nor would this make sense because it would unnecessarily multiply the amount of discovery in proceedings, with each of multiple parties having to propound the same discovery to hedge against the possibility that another party might settle or dismiss sometime after the cut-off for discovery.

Plaintiff Victor Parsons propounded two sets of requests for document production (on 6/15/12 and 10/12/12) and one set of interrogatories (on 6/15/12). See Exh. 1,2, and 3. His discovery requests seek critical materials regarding the central issues in this action, including:

- reviews of deaths and hospitalizations;
- policies and procedures regarding health care delivery, quality assurance and dental care;
- staffing materials, including schedules, minimum qualifications and training, and vacancy data;
- health care budgets and cost analyses;
- investigations into conditions of confinement in isolation.

After propounding his discovery, Parsons was released from prison on November 26, 2012. In its order certifying the plaintiff class, this Court dismissed Parsons from the case, finding that his release undermined his adequacy as a class representative. Order, 3/6/13, Dkt. No. 372.

Since Parsons' release, Defendants have supplemented their responses to his discovery requests at least 13 times, including at least seven times after this Court

1  dismissed him from the case. (See Notices of Discovery Responses, Docket Nos. 295 (12/11/13), 309 (12/21/13), 318 (1/4/13), 342 (1/25/13), 353 (2/19/13), 359 (2/22/13), 384 (3/8/13), 387 (3/13/13), 404 (4/8/13), 447 (5/7/13), 453 (5/17/13), 553 (7/25/13), and 569 (8/11/13).) Defendants have objected to Plaintiffs' discovery requests on multiple occasions, including in each of those supplemental responses, but have never submitted written objections to Parsons' discovery requests based on his release from prison. Nonetheless, Defendants now take the position that they are no longer required to supplement their responses to Parsons' discovery, not because there are not additional responsive materials, but because he has been dismissed.

Defendants' position, which they only asserted for the first time in an email on September 12, after the last date for propounding discovery, is unreasonable. See Exh. 4 (September 12, 2013 email from defendants' counsel Lucy Rand); Doc. 389, at 2 (setting deadline for completion of fact discovery as September 27, 2013); Doc. 52, at 2 ("All interrogatories, requests for production of documents, and requests for admissions shall be served at least 45 days before the discovery deadline"). As noted above, the materials Parsons has requested go to the core of plaintiffs' claims regarding unconstitutional health care and conditions of confinement, and defendants' refusal to provide documents reflecting developments in these areas between now and the time of trial in October 2014 will greatly prejudice plaintiffs' ability to present their case. Had Defendants timely raised their objection when Parsons was released 10 months ago, or even when he was dismissed from the case more than six months ago, Plaintiffs would have had the opportunity to re-propound the discovery in the name of one of the other 13 class representatives. Defendants should not be allowed to impair Plaintiffs' right to discovery by raising this objection at the eleventh hour.[1]

---

[1] Defendants' position is particularly groundless in light of the fact that this is a class action. Once the Court certified the plaintiff class on March 6, 2013, discovery was conducted on behalf of the class, whose right to discovery is not affected by the dismissal of an individual plaintiff. *See Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1530 (2013) ("when a district court certifies a class, "the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by

1   "A district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Campbell v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980).  Under this broad discretion, Plaintiffs seek this Court's order requiring defendants to continue to supplement their responses to Parsons' discovery requests.  Alternatively, Plaintiffs seek an order that Defendants shall, nunc pro tunc, treat Parsons' discovery requests as though they were propounded by Plaintiff Hefner, or that Plaintiffs may re-propound Parsons' discovery requests for purposes of requiring continued supplementation of that discovery between now and trial.

**Defendants' Position**

This dispute is not just about updating discovery responses.  Instead, this dispute is about Plaintiffs' onslaught of last-minute "clarifications" and "narrowing" of long-disputed overly broad discovery requests, including discovery unrelated to the claims of this lawsuit,[2] that Plaintiffs now insist must be produced within weeks.  (Exh. A, Fettig Letter 9/5/2013; Exh. B, Fathi Letter 9/25/2013.)  In addition, Plaintiffs served another overly broad and unduly burdensome discovery request on the very last day for serving discovery requests.[3]  (Exh. C, Licci 1st Request for Production.)  This caused Defendants to assess their ability to respond in the limited time available, and during this assessment, Defendants realized they had mistakenly supplemented responses to discovery propounded by a dismissed Plaintiff.[4]  It is unduly burdensome to respond to Plaintiffs' avalanche of requests at the end of discovery.

---

[the named plaintiff][.]").

[2] Plaintiffs request documents related to pregnant inmates, inmates on dialysis, property damage, and prison searches, though these topics are not applicable to the named Plaintiffs and the Court did not certify these specific claims.

[3] Plaintiffs requested copies of 90 master record files.  So far 66 master record files have generated 5 boxes of documents or (15,000 to 25,000 pages).  Plaintiffs also requested 31 partial medical records, 143 most recent medical record volumes, and request the inspection of 259 most recent medical record volumes.  Now, the week discovery closes, Plaintiffs want to change a part of this request from inspection to production.  It's last-minute requests like this that burden Defendants.

[4] Defendants mistakenly supplemented responses to Parsons' 1st and 2nd requests

-3-

Plaintiffs claim that Defendants are somehow obligated to continue to respond to and supplement discovery requests propounded by a dismissed party[5] (Parsons) because the discovery was propounded on behalf of the class and thus survives dismissal of the party; however, the Court did not appoint Parsons as a class representative.[6]  Further, Parsons' discovery request was moot in light of his dismissal; therefore, Defendants have no duty to respond to discovery propounded by a dismissed party. *See generally, Finley v. Skolnik*, 2013 WL 1250835, *2 (D. Nev. 2013) ("The court's finding that the complaint should be dismissed without prejudice moots the motion to stay discovery."); *Gonzalez v. Mason*, 2008 WL 2079195, *5 (N.D. Cal. 2008) ("Also, any discovery request is now moot in light of the dismissal of this action.")  Plaintiffs argue that had they known discovery was not due from a dismissed party, they would have asked for it through a different Plaintiff.[7]  It is common sense that dismissed parties are not entitled to discovery responses; Plaintiffs' misunderstanding is not a reason to continue with moot (Parsons) claims and discovery requests.  Any production by Defendants after Parsons' dismissal was a mistake due to the avalanche of discovery requests.

Defendants have been cooperating with Plaintiffs' discovery requests and diligently producing documents.  At this late juncture, Defendants should not have to provide documents in response to discovery propounded by dismissed-plaintiff Parsons.

## **CONCLUSION**

The parties certify that they have met and conferred on these issues and respectfully request expedited consideration by the Court.

---

for production.  Without more, this inadvertent supplementation did not create an obligation by Defendants to continue supplementation.

[5] Dismissed-plaintiff Parsons' 1st and 2nd requests for production.

[6] Dkt. #372 at 23.

[7] *Genesis Healthcare v. Smyczyk*, 133 S.Ct. 1523 (2013), an FSLA case, cited by Plaintiffs is inapplicable because it did not involve a class action. ([The class action cases cited] "are inapposite . . .  because Rule 23 actions are fundamentally different from collective actions under the FSLA.")  *Id.* at 1529.

1  September 27, 2013.

| | |
|---|---|
| **ACLU NATIONAL PRISON PROJECT** | **OFFICE OF THE ATTORNEY GENERAL** |
| By: *s/ David C. Fathi* <br> David C. Fathi (Wash. 24893)* <br> Amy Fettig (D.C. 484883)** <br> Ajmel Quereshi (D.C. 1012205)** <br> 915 15th Street N.W., 7th Floor <br> Washington, D.C. 20005 <br> Telephone: (202) 548-6603 <br> Email:   dfathi@npp-aclu.org <br>             afettig@npp-aclu.org <br>             aquereshi@npp-aclu.org <br><br> *Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts. <br> **Admitted *pro hac vice* | By  *s/Lucy M. Rand* (with permission) <br> Arizona Attorney General Thomas C. Horne <br> Michael E. Gottfried <br> Lucy M. Rand <br> Assistant Attorneys General <br> 1275 W. Washington Street <br> Phoenix, Arizona 85007-2926 <br><br> Daniel P. Struck <br> Kathleen L. Wieneke <br> Rachel Love <br> Timothy J. Bojanowski <br> Nicholas D. Acedo <br> Courtney R. Cloman <br> Ashlee B. Fletcher <br> Anne M. Orcutt <br> **STRUCK WIENEKE & LOVE, P.L.C** <br> 3100 West Ray Road, Suite 300 <br> Chandler, Arizona 85226 <br><br> *Attorneys for Defendants* |
| Daniel Pochoda (Bar No. 021979) <br> Kelly J. Flood (Bar No. 019772) <br> James Duff Lyall (Bar No. 330045)* <br> **ACLU FOUNDATION OF ARIZONA** <br> 3707 North 7th Street, Suite 235 <br> Phoenix, Arizona 85013 <br> Telephone: (602) 650-1854 <br> Email:   dpochoda@acluaz.org <br>             kflood@acluaz.org <br>             jlyall@acluaz.org <br><br> *Admitted pursuant to Ariz. Sup. Ct. R. 38(f) | |

| | |
|---|---|
| 1 | Donald Specter (Cal. 83925)* |
| | Alison Hardy (Cal. 135966)* |
| 2 | Sara Norman (Cal. 189536)* |
| | Corene Kendrick (Cal. 226642)* |
| 3 | Warren E. George (Cal. 53588)* |
| | **PRISON LAW OFFICE** |
| 4 | 1917 Fifth Street |
| | Berkeley, California 94710 |
| 5 | Telephone: (510) 280-2621 |
| | Email: dspecter@prisonlaw.com |
| 6 | ahardy@prisonlaw.com |
| | snorman@prisonlaw.com |
| 7 | ckendrick@prisonlaw.com |
| | wgeorge@prisonlaw.com |
| 8 | |
| | *Admitted *pro hac vice* |
| 9 | |
| | Daniel C. Barr (Bar No. 010149) |
| 10 | Amelia M. Gerlicher (Bar No. 023966) |
| | Kirstin T. Eidenbach (Bar No. 027341) |
| 11 | John H. Gray (Bar No. 028107) |
| | Matthew B. du Mée (Bar No. 028468) |
| 12 | **PERKINS COIE LLP** |
| | 2901 N. Central Avenue, Suite 2000 |
| 13 | Phoenix, Arizona 85012 |
| | Telephone: (602) 351-8000 |
| 14 | Email: dbarr@perkinscoie.com |
| | agerlicher@perkinscoie.com |
| 15 | keidenbach@perkinscoie.com |
| | jhgray@perkinscoie.com |
| 16 | mdumee@perkinscoie.com |
| 17 | Caroline Mitchell (Cal. 143124)* |
| | David C. Kiernan (Cal. 215335)* |
| 18 | Sophia Calderón (Cal. 278315)* |
| | Sarah Rauh (Cal. 283742)* |
| 19 | **JONES DAY** |
| | 555 California Street, 26th Floor |
| 20 | San Francisco, California 94104 |
| | Telephone: (415) 875-5712 |
| 21 | Email: cnmitchell@jonesday.com |
| | dkiernan@jonesday.com |
| 22 | scalderon@jonesday.com |
| | srauh@jonesday.com |
| 23 | |
| | *Admitted *pro hac vice* |

| | |
|---|---|
| 1 | John Laurens Wilkes (Tex. 24053548)* |
| | Taylor Freeman (Tex. 24083025)* |
| 2 | **JONES DAY** |
| | 717 Texas Street |
| 3 | Houston, Texas 77002 |
| | Telephone:  (832) 239-3939 |
| 4 | Email:     jlwilkes@jonesday.com |
| | tfreeman@jonesday.com |
| 5 | |
| | *Admitted *pro hac vice* |
| 6 | |
| | Kamilla Mamedova (N.Y. 4661104)* |
| 7 | Jennifer K. Messina (N.Y. 4912440)* |
| | **JONES DAY** |
| 8 | 222 East 41 Street |
| | New York, New York 10017 |
| 9 | Telephone:  (212) 326-3498 |
| | Email:     kmamedova@jonesday.com |
| 10 | jkmessina@jonesday.com |
| 11 | *Admitted *pro hac vice* |
| 12 | Kevin Brantley (Cal. 251886)* |
| | **JONES DAY** |
| 13 | 3161 Michelson Drive, Suite 800 |
| | Irvine, California 92612 |
| 14 | Telephone:  (949) 851-3939 |
| | Email:     kcbrantley@jonesday.com |
| 15 | |
| | *Admitted *pro hac vice* |
| 16 | |
| | *Attorneys for Plaintiffs Shawn Jensen;* |
| 17 | *Stephen Swartz; Dustin Brislan; Sonia* |
| | *Rodriguez; Christina Verduzco; Jackie* |
| 18 | *Thomas; Jeremy Smith; Robert Gamez;* |
| | *Maryanne Chisholm; Desiree Licci; Joseph* |
| 19 | *Hefner; Joshua Polson; and Charlotte* |
| | *Wells, on behalf of themselves and all others* |
| 20 | *similarly situated* |

**CERTIFICATION OF ATTEMPT TO RESOLVE THE DISCOVERY DISPUTE**

Plaintiffs and Defendants certify that we have made sincere efforts as required by LRCiv. 7.2(j) to personally consult and resolve the disputed matter described herein. The parties have reached an impasse.

*s/ David C. Fathi*

*s/Lucy M. Rand* (with permission)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2013, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

Jennifer Alewelt
Asim Varma
Sarah Kader
J.J. Rico
Cathleen M. Dooley
**ARIZONA CENTER FOR DISABILITY LAW**
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org
jrico@azdisabilitylaw.org
cdooley@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

s/ Sharon Neilson

78204-0001/LEGAL27979985.1