# Exhibit 1

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

### VIA EMAIL ONLY

September 5, 2013

Lucy M. Rand, AAG
Office of the Arizona Attorney General
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926

### *Re: Parsons v. Ryan Supplemental Discovery Production*

Dear Ms. Rand:

I am writing regarding Plaintiffs' discovery requests and the need for both responses and supplementation of the same. Plaintiffs have reviewed Defendants' discovery responses to the various pending requests in this matter and have identified a narrowed list of requests that require response and supplementation. Each request is identified and set forth below. Where possible we have also narrowed the scope of these requests or specifically waived further supplementation.

### PLAINTIFF JOSHUA POLSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

All DOCUMENTS regarding CONDITIONS OF CONFINEMENT for prisoners on SUICIDE WATCH.

- In response to this request, Defendants have produced Departmental Orders, the Mental Health Technical Manual, forms, a training document and POs from some units. However, POs from units, such as Eyman, Florence, and Perryville, have not been produced. Plaintiffs request supplementation of this RFP or Defendants' confirmation that no further responsive documents exist.

### REQUEST FOR PRODUCTION NO. 2

All POLICIES AND PROCEDURES regarding MANAGEMENT OR TREATMENT of prisoners on SUICIDE WATCH, including but not limited to required frequency of contact with psychiatrists and other HEALTH CARE STAFF and CORRECTIONAL STAFF.

- In response to this request Defendants have produced Departmental Orders, forms and POs for all prison complexes except for Perryville.

1

Plaintiffs request supplementation of this RFP to include the PO from Perryville and any other responsive documents or confirmation that no further responsive documents exist.

**REQUEST FOR PRODUCTION NO. 3**
All DOCUMENTS, including but not limited to POLICIES AND PROCEDURES, regarding USE OF FORCE or RESTRAINT by ADC staff on PRISONERS on SUICIDE WATCH and prisoners who are CLASSIFIED as "SERIOUSLY MENTALLY ILL," "SEVERELY MENTALLY ILL," MH-1 THROUGH MH-5, or any OTHER MENTAL HEALTH CLASSIFICATION employed by the ADC.

- Defendants have produced no documents in response to this request but have indicated that they "are still attempting to locate additional responsive documents and will supplement this response as they are located." Plaintiffs request documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 10**
All POLICIES AND PROCEDURES regarding the PROVISION of HEALTH CARE to prisoners classified as "SERIOUSLY MENTALLY ILL," "SEVERELY MENTALLY ILL," MH-1 THROUGH MH-5, or any OTHER MENTAL HEALTH CLASSIFICATION employed by the ADC while housed in ISOLATION, including but not limited to required FREQUENCY OF CONTACT with PSYCHIATRISTS or other health care staff; MONITORING of prisoners for ADVERSE MENTAL HEALTH EFFECTS of ISOLATION; and the REMOVAL of prisoners SUFFERING ADVERSE HEALTH EFFECTS of ISOLATION.

- Defendants have failed to produce any policies or procedures in response to this request regarding specific mental health programs provided to prisoners at SMU I, Browning, Florence Central, Florence Kasson, or Perryville – Lumley SMA. Plaintiffs request supplementation. Plaintiffs note that some policy documents were produced by Unit staff during Plaintiffs' expert tours but have not yet been produced through discovery.
- Plaintiffs also note that a PO from Tucson is listed as responsive to this request but POs from units, such as Eyman, Florence, and Perryville, have not been produced. Plaintiffs request supplementation of this RFP or Defendants' confirmation that no further responsive documents exist.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

**REQUEST FOR PRODUCTION NO. 15**

All "703 INSPECTION REPORTS" or other monthly reports generated pursuant to ADC Department Orders at the ISOLATION units since January 1, 2011.

- Defendants have only produced reports for Eyman, Lewis and Florence for April 2011 and Eyman and Florence for January of 2012. Plaintiffs request supplementation of this request to include reports from January 1, 2013 to August 2013, or affirmation that no further responsive documentation exists.

**REQUEST FOR PRODUCTION NOs. 16 & 17**

All MEETING MINUTES produced for periodic STAFF MEETINGS and/or UNIT MANAGEMENT MEETINGS at ISOLATION units since January 1, 2011.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

All MEETING MINUTES produced for periodic meetings between WARDENS at ISOLATION units and their EXECUTIVE STAFF since January 1, 2011.

- Defendants produced some documents responsive to these requests and indicated that they are still attempting to locate additional responsive documents. Plaintiffs request supplementation for ASPC - Florence after February 2013; ASPC- Perryville after March 22, 2013; ASPC-Eyman, Browning Unit after December 28, 2012; and ASPC-Eyman, SMU I unit after January 27, 2012.

**REQUEST FOR PRODUCTION NO. 18**

Copies of CORRECTIONAL JOURNALS maintained by each ISOLATION Unit for the last year.

- Plaintiffs agreed to limit this request to specific dates due to the volume of a full year of Correctional Journals. We request a single week of said journals from June 6-16, 2013 for Florence Central Unit; Perryville-Lumley SMA; Eyman Browning Unit; and Eyman SMU I.

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS DESCRIBING or DEPICTING the CELL SIZE, PLAN, FURNITURE, FIXTURES, DOORS, and WINDOWS in the ISOLATION units, including the variations, if any, in the cells in the particular ISOLATION units.

- In response to this request Defendants have produced diagrams of Eyman SMU I, Eyman Browning, and Rynning. Defendants have also

referred to Interrogatory response No. 10 to Plaintiff Wells' First Set of Interrogatories. Plaintiffs request supplementation of this RFP to include diagrams of Florence Central Unit and Perryville-Lumley SMA or confirmation that no further responsive documents exist.

**REQUEST FOR PROCUTION NO. 21:** All DOCUMENTS, POLICIES & PROCEDURES regarding the OPERATION OF, CONDITIONS of CONFINEMENT in, and MENTAL HEALTH CARE PROGRAMS at, all of the units described in the memorandum to Charles Ryan from Robert Patton and Richard Pratt dated April 30, 2012, entitled "Increase of Mental Health for Max Custody"

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

- Defendants produced general Departmental Orders and the Mental Health Technical Manual in response to this request but have failed to produce any policies or procedures regarding the specific mental health programs set forth in in the 4/30/12 Ryan memo, including SMU I, Browning, Florence Central, Florence Kasson, or Perryville – Lumley SMA . Plaintiffs request supplementation of this RFP or Defendants' confirmation that no further responsive documents exist.

**REQUEST FOR PRODUCTION NO. 22**
All documents regarding the USE OF FORCE or RESTRAINTS in the ISOLATION units for the last two years.

- Plaintiffs have narrowed this request. Using the Morning Reports produced by Defendants in response to this request and Swartz RFP No. 9, Plaintiffs have been able to narrow our request for Use of Force/Incident Management Reports (Form 804-2) and all underlying documents regarding use of force and restraints to particular use of force incidents at the Florence Central Unit, Lumley, Eyman Browning & SMU I units identified in the morning reports. **Please see _Appendix A_** to this letter which includes tables for each unit that set forth the name and number of the prisoner involved in the use of force/restraint incident, the corresponding SIR report #, and the date of the incident/SIR report.

**REQUEST FOR PRODUCTION NO. 24**
All INSTITUTION ORDERS regarding FOOD SERVICE MAINTAINED or DEVELOPED by WARDENS or OTHER ADMINISTRATIVE STAFF at the ISOLATION units as referenced in Departmental Order 912, Food Service (effective date January 28, 2009) at p. 4 (ADC013141).

- Defendants have produced no documents in response to this request but have indicated that they "are still attempting to locate additional

4

responsive documents and will supplement this response as they are located." Plaintiffs request documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 26**
All INFORMATION REPORTS or OTHER DOCUMENTS generated since January 1, 2011 that document MISSED MEALS on the ISOLATION units.

- Defendants have produced some Information Reports responsive to this request. Plaintiffs request supplementation of this RFP or Defendants' confirmation that no further responsive documents exist.

**REQUEST FOR PRODUCTION NO. 27**
All documents regarding any NUTRITIONAL ANALYSIS of the DIET served to prisoners in ISOLATION units.

- Defendants have produced some documents responsive to this request including policies, requests for proposals, and contracts with food vendors but no documents specific to the ISOLATION UNITS. Plaintiffs request documents responsive to this RFP or Defendants' confirmation that no further responsive documents exist.

**REQUEST FOR PRODUCTION NO. 28**
All INFORMATION REPORTS and OTHER DOCUMENTS generated at ISOLATION units in the last two years regarding the CANCELLATION or TRUNCATION of OUTDOOR EXERCISE.

- Defendants have produced some reports in response to this request but have indicated that they "are still attempting to locate additional responsive documents and will supplement this response as necessary." Plaintiffs request documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 30**
All ADC POST ORDERS, including general Post Orders that apply across ADC and facility-specific Post Orders, related to the provision of OUTDOOR EXERCISE to prisoners in ISOLATION.

- Defendants have produced no documents in response to this request but have indicated that they "are still attempting to locate additional responsive documents and will supplement this response as they are located." Plaintiffs request documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 32**
All ADC POST ORDERS, including general Post Orders that apply across ADC and facility-specific Post Orders, regarding HEALTH AND WELFARE CHECKS and MENTAL HEALTH contacts on prisoners in ISOLATION.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

- Defendants have produced no documents in response to this request but have indicated that they "are still attempting to locate additional responsive documents, if any, and will supplement this response as they are located." Plaintiffs request documents responsive to this RFP.

## REQUEST FOR PRODUCTION NO. 33
All ADC POST ORDERS, including general Post Orders that apply across ADC and facility-specific Post Orders, for WATCH OFFICERS.

- Defendants have produced no documents in response to this request but have indicated that they "are still attempting to locate additional responsive documents, if any, and will supplement this response as they are located." Plaintiffs request documents responsive to this RFP.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

## REQUEST FOR PRODUCTION NO. 35
All ADC POST ORDERS, including general Post Orders that apply across ADC and facility-specific Post Orders, regarding STRIP SEARCHING of prisoners in ISOLATION.

- Defendants have produced one document in response to this request but have indicated that they "are still attempting to locate additional responsive documents, if any, and will supplement this response as they are located." Plaintiffs request documents responsive to this RFP.

## REQUEST FOR PRODUCTION NO. 36
All documents regarding STAFFING and STAFFING VACANCIES in ISOLATION units, including but not limited to post charts, staffing charts, prioritized posting charts, and staffing rosters in each ISOLATION unit.

- The most recent documents Defendants have produced all date from 2012. Plaintiffs request Defendants supplement this request with responsive documents for 2013.

## PRISONER PLAINTIFFS' NOTICE OF 30(B)(6) DEPOSITION DUCES TECUM (DKT. 76)

### REQUEST FOR PRODUCTION NO. 4.
All DOCUMENTS that evaluate WEXFORD's compliance and performance and whether WEXFORD is meeting specific performance measures and outcomes, as defined in Sections 2.19 and 2.20 of the HEALTH CARE PRIVATIZATION CONTRACT.

**REQUEST FOR PRODUCTION NO. 5.**

All reports created by WEXFORD for ADC as specified per the schedule identified in Exhibit 2, "Required Reporting," of the HEALTH CARE PRIVATIZATION CONTRACT.

- The parties stipulated that the word "Corizon" would replace all appearances of the word "Wexford" in discovery requests.
- Defendants have not produced any monitoring reports after the June 2013 reports. Furthermore, Defendants have not produced any Corrective Action Plans created by Corizon in response to shortcomings identified by ADC monitoring staff in their monthly reports.
- Defendants have produced a limited number of reports by Corizon, and the ones produced are from May 2013. For example, the May monitoring reports at ADC 117829-830 and 117863, refer to the Pharmacy Corrective Action Plan of May 13, 2013, and the Status Report of May 30, 2013 regarding the Corrective Action Plan. Neither of these documents – nor any other corrective action plans – have been produced by Defendants.
- Plaintiffs request that Defendants supplement this production and confirm in writing that these are all of the reports created by Corizon to comply with the requirements of the Health Care Privatization Contract.

## PLAINTIFF VICTOR PARSONS' FIRST SET OF REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 2

All ADC POLICIES AND PROCEDURES in DRAFT FORM or that have not been approved or implemented regarding HEALTH CARE from January 1, 2011 through the response date.

- Defendants have not produced anything responsive to this request after December 2012. To the extent that there are any new policies and procedures, defendants must supplement. In particular, Plaintiffs note that a draft of a new mental health care program at Perryville Lumley – SMA was shown to Plaintiffs' expert, Eldon Vail, during his tour, but this document has never been produced. Plaintiffs request that this response be supplemented accordingly.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

**REQUEST FOR PRODUCTION NO. 16**
All MINUTES from MEETINGS attended by ADC HEALTH CARE STAFF,
and any other meetings at which the HEALTH CARE of PRISONERS,
HEALTH CARE POLICIES AND PROCEDURES, HEALTH CARE
STAFFING, or ANY ISSUE related to HEALTH CARE was discussed.

- Defendants produced a number of meeting minutes in response to this
  request. However, prisoner names were redacted in the copies
  produced. For example, minutes from the meetings at ASPC Phoenix
  (ADC55223-243) have blacked out prisoner-plaintiff names. Now that
  the class is certified, all prisoner names must be unredacted in
  documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18.:**
All DOCUMENTS REGARDING HEALTH CARE statistics of any kind at
the ADC, including but not limited to DOCUMENTS that track disease or
condition prevalence, outcomes, delays in service, care provided, and costs.

- Defendants have produced dental summary reports and a dental
  utilization report for May 2013. Plaintiffs request dental utilization
  reports from January 1, 2012 to April 2013. In addition, this request
  includes reports provided by Smallwood Prison Dental Services to
  Corizon. Plaintiffs request continuing production of all wait time and
  utilization reports provided by Smallwood (directly or through
  Corizon). If ADC does not receive or maintain these reports, state so.

**REQUEST FOR PRODUCTION NO. 19**
DOCUMENTS SUFFICIENT TO SHOW the HOURS OF OPERATION,
STAFFING SCHEDULES, and HEALTH CARE STAFFING levels for each
facility operated by the ADC from January 1, 2011 through the RESPONSE
DATE.

- Defendants have produced "staffing roll-ups" from May and June 2013.
  Plaintiffs request continuing supplementation of this request. In
  addition, Plaintiffs are not clear whether the produced documents
  satisfy this request for staffing levels. Please explain the column
  headings on the staffing roll-ups (i.e, what is the difference between
  "Corizon filled FTEs" and "Corizon Employee FTEs"), or identify a
  witness who can explain the document.
- Regarding staffing schedules for dental, see Swartz RFP No. 6.

**REQUEST FOR PRODUCTION NO. 25.:**
All DOCUMENTS REGARDING formal and informal HEALTH CARE
training provided to HEALTH CARE STAFF and CORRECTIONAL STAFF,
REGARDING (a) the provision of HEALTH CARE, (b) administrative
responsibilities REGARDING the provision of HEALTH CARE, (c) the

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

processing of Health Needs Request ("HNR") forms and other PRISONER COMPLAINTS, and (d) the procedures to ensure that PRISONERS have access to HEALTH CARE.

- None of the documents provided are specific to dental clinics. Plaintiffs request supplementation of this response, or confirmation that no such responsive documents exist with respect to dental clinics.

**REQUEST FOR PRODUCTION NO. 40**
All Documents regarding DEATH RECORDS.

- No documents have been produced for anything after December 2012. Plaintiffs request supplementation of this response to the present date.
- **Plaintiffs can provide Defendants with what they believe is an up-to-date list of all prisoners who have died since January 1, 2011, and what, if any, documents have been produced to date.**

**REQUEST FOR PRODUCTION NO. 54**
All documents regarding the PROVISION of OUTDOOR EXERCISE to prisoners in ISOLATION, including but not limited to POLICIES AND PROCEDURES; SCHEDULES for the provision of outdoor exercise; documents sufficient to show WHEN and FOR HOW LONG prisoners ACTUALLY RECEIVED outdoor exercise, including any documents regarding CANCELLATION or TRUNCATION of scheduled outdoor exercise; PLANS of the AREAS in which outdoor exercise is provided; and EXERCISE EQUIPMENT in the outdoor exercise areas.

- Defendants have produced Departmental Orders and Post Orders in response to this request as well as photographs of recreation enclosures and ADC Reports regarding missed meals.
- Defendants response indicates that they "will supplement this response as necessary." Plaintiffs request supplementation or affirmation that no further responsive documentation exists.

**REQUEST FOR PRODUCTION NO. 55**
All DOCUMENTS REGARDING exhausted GRIEVANCES REGARDING HEALTH CARE or ISOLATION from January 1, 2010 through the RESPONSE DATE.

- Defendants' response refers to grievances of named plaintiffs only, but information related to all of the class members is relevant to Plaintiffs' claims. To limit this request, Plaintiffs request that Defendants

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

supplement this response by producing the dental-related grievances
listed in the document at ADC074296 - 327.

**REQUEST FOR PRODUCTION NO. 56**
All documents regarding GRIEVANCES regarding CONDITIONS of
CONFINEMENT in ISOLATION.

- Plaintiffs received the following logs for exhausted non-medical
  grievance appeals:  1) non-medical grievances (conditions of
  confinement only) from Jan. 1, 2011 to April 24, 2013 (ADC089380-
  391) and 2) non-medical grievances (all) from Jan. 1, 2011 to 12/21/12)
  (ADC089392-442).  Based on the current non-medical logs produced
  we request only the following grievances for Parsons' RFP #56 related
  to exhausted grievances for the ISOLATION units, including
  documentation of all levels of appeals:

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

For ADC089380-391, Grievance Appeals Non-Medical – Conditions (1/1/11-
4/24/13), grievances listed under the following log numbers:

- 6, 74, 75, 127, 187, 198, 199, 219, 256-264, 272, 273, 348-350, 378,
  379, 495, 509, 532, 578, 582, 606, 657, 662, 663, 731
- Starting on ADC089385 the numbering in the list of Log numbers
  starts over: 51-53, 111, 184, 215, 294, 295, 423, 440, 529, 542 and 580.

For ADC089392-442, Grievance Appeals Non-Medical (1/1/11-12/21/12),
grievances listed under the following log numbers:

- 1, 2, 10, 27, 28, 32, 36, 59, 74, 75, 87, 94-96, 101, 107, 116, 127, 129,
  131, 152-154, 157, 166, 168, 182, 198, 199, 223, 238-240, 243, 256-
  264, 271-274, 287, 288, 297-299, 312, 313, 348, 351, 397, 400, 405,
  446, 449, 462, 465, 468, 470, 508, 509, 514, 522, 532, 567, 582, 583,
  619, 657, 659, 662, 663, 666, 720, 731, 747
- Starting on ADC089420 the numbering in the list of Log numbers
  starts over: 10, 50-54, 58, 62, 65, 101, 112, 121, 143, 144, 200, 210,
  213, 215, 218, 219, 277 ,294, 295, 312, 373, 384, 412, 423, 433, 520,
  521, 525, 536 and 542.

**REQUEST FOR PRODUCTION NO. 61**
Documents sufficient to show the ORGANIZATIONAL STRUCTURE of the
ADC for the time period from January 1, 2011 through the response date.

- Defendants have produced only organizational charts from July 2012
  (prior to Corizon's provision of health services).  Plaintiffs request
  Defendants supplement this response with updated information.

## PLAINTIFF VICTOR PARSONS' SECOND SET OF REQUESTS FOR PRODUCTION

### REQUEST TO PRODUCE NO. 13

All documents, in particular but not exclusively including photographs and video recordings, REGARDING, DEPICTING, OR DOCUMENTING the PHYSICAL OR MENTAL CONDITION of Victor Parsons, Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, or Charlotte Wells after any of these persons sustained an injury.

- Defendants have produced Significant Incident Reports in response to this request and responded that they will "seasonably supplement this response as necessary."
- Plaintiffs request supplementation of this response to include recordings of any telephone calls to or from Plaintiffs regarding factual circumstances at issue in this lawsuit.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

## PLAINTIFF SWARTZ'S FIRST REQUEST FOR PRODUCTION

*Plaintiffs agree to waive further production and supplementation for **Requests 1 and 7.***

### REQUEST FOR PRODUCTION NO. 2

All GRIEVANCE DOCUMENTS for GRIEVANCES REGARDING DENTAL CARE that have not been exhausted from January 1, 2012 to the RESPONSE DATE.

- Defendants' response references grievance documents from Douglas, Perryville, Lewis, Tucson, and Yuma. Please confirm whether documents from Safford, Phoenix, Eyman, and Florence have been produced.

### REQUEST FOR PRODUCTION NO. 4

All DISCIPLINARY REPORTS for all ADC PRISONERS in ISOLATION units for incidents that occurred on or after February 1, 2013.

- Plaintiffs have narrowed this request using the discipline report log Defendants produced under Swartz RFP #14 and request only the underlying disciplinary report documentation form the following incidents (note this list tracks the data as presented in the reports: Case #; ADOC #; Name; Race; Violation; Date):

*EYMAN*

**Browning:**

13A211165 220569A FIERRO, JERONIMO MEX.AMER. 10B-DISORDERLY CONDU 02/01/13

13A211211 154458 JOSYTEWA, RICKY NA INDIAN 03B-ASSAULT ON STAFF 02/09/13

13A211222 131401 GAMEZ, ROBERT C. MEX.AMER. 13A-PROMOT PRISON CO 02/15/13

13A211275 246568 SHERROD, GARY H. BLACK 32B-TAMPERING W/SECU 04/08/13

13A211292 190485 CALVIN, STANLEY G. BLACK 03B-ASSAULT ON STAFF 04/13/13

13A211346 263981 TENNY, RYAN A. CAUC 09B-CRIMINAL DAMAGE 05/20/13

13A211262 238511A CARRILLO, JESUS MEX.AMER. 10B-DISORDERLY CONDU 03/15/13

13A211166 245044 LIZARRAGA, JUAN L. MEX.AMER. 01A-AGGRAVATED ASSAU 02/01/13

**SMU 1:**

13A080103 266463 GRANADO, DANIEL MEX.AMER. 27B-SEXUAL CONTACT 02/06/13

13A080129 260970 TROUPE, LOGAN MEX.AMER. 09B-CRIMINAL DAMAGE 02/19/13

13A080152 119843A LAUX, STEVEN M. CAUC 04B-ASSAULT ON STAFF 02/26/13

13A080175 218044V FRACCARO, JAMES A. MEX.AMER. 29B-STALKING I/M TO 03/04/13

13A080316 207674 MESSER, SCOTT S. CAUC 03B-ASSAULT ON STAFF 04/05/13

13A080320 191968 WHEELER, CEDRIC E. BLACK 39B-THREATENING OR I 04/05/13

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

13A080429 200270 MORT, PAUL D. MEX.AMER. 25B-DISOBEY VERBAL/W 04/30/13

13A080316 207674 MESSER, SCOTT S. CAUC 03B-ASSAULT ON STAFF 04/05/13

## FLORENCE

### ASPC F Central Unit

13A010076 167240A TAYLOR, AARON G. CAUC 01A-AGGRAVATED ASSAU 02/06/13

13A010081 235560 ORDUNO, JAVIER A. MEX.AMER. 13A-PROMOT PRISON CO 02/05/13

13A010314 233453A SANCHEZ, SANTIAGO MEX.AMER. 01A-AGGRAVATED ASSAU 04/18/13

13A010330 155634 SALINAS, MARTIN MEX.AMER. 13A-PROMOT PRISON CO 04/24/13

13A010331 223774 NOLINE, LUIS NA INDIAN 13A-PROMOT PRISON CO 04/25/13

13A010382 065451 MCCLEARY, COREY CAUC 02B-ASSAULT ON INMAT 05/20/13

13A010390 232725F GUTIERREZ, JAVIER F. MEX.NAT. 13A-PROMOT PRISON CO 05/23/13

## PERRYVILLE

### Lumley

13B020179 257742 FIMBRES, ELISA MEX.AMER. 09B-CRIMINAL DAMAGE 02/04/13

13B020226 237166 DELIMA, ASHLY M. CAUC 05A-ARSON 02/19/13

13B020291 257742 FIMBRES, ELISA MEX.AMER. 03B-ASSAULT ON STAFF 02/28/13

13B020310 123777 MARQUEZ, VERONICA G. MEX.AMER. 32B-TAMPERING W/SECU 03/04/13

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

13

13B020311 265961 ANDERSON, VIRGINIA M. CAUC 13B-FALSE REPORTING 03/03/13

13B020393 202190 POWELL, ALICE L. BLACK 09B-CRIMINAL DAMAGE 03/14/13

13B020613 052651 CABALLERO, ALMA NA INDIAN 39B-THREATENING OR I 04/24/13

13B020651 237652 GRAHAM, DIANNA E. BLACK 13B-FALSE REPORTING 04/25/13

**REQUEST FOR PRODUCTION NO. 6**
Documents sufficient to show ACTUAL DENTAL STAFFING for each ADC DENTAL CLINIC for January 1, 2012 to RESPONSE DATE.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

- Defendants reference their response to Parsons No. 19, a list of dental staff from May 9, and indicate that they will supplement. In the interest of focusing this request, plaintiffs request the production of the staffing schedule for each dental clinic, for the weeks of January 2, 2011, January 1, 2012, January 6, 2013, and June 2, 2013. Plaintiffs waive the rest of the this request and defendants' duty of supplementation.

**REQUEST FOR PRODUCTION NO. 8**
URGENT CARE LISTS for each ADC DENTAL CLINIC reflecting HNRs submitted since January 1, 2012.

- Defendants' response indicates that they use no form called "urgent care list" and refers to the response to request no. 8 (sic). Please confirm that dental clinics do not maintain a list of patients seen since January 1, 2012 for dental care that qualifies as "urgent" per the Dental Services Technical Manual. If such a list does exist in full or in part, please produce the list for each complex, including the date of the request to be seen and the date actually seen by dental. If such a list does not exist, please state so. Plaintiffs waive any further supplementation of this request beyond initial production.

**REQUEST FOR PRODUCTION NO. 9**
All CORRECTIONAL SERVICE LOGS (Form 105-6) and CORRECTIONAL POST JOURNALS (set forth in Departmental Order 105, Section 105.03, 1.2.3.4) and any OTHER CONTINUOUS LOGS, including any supplemental documents to such reports, for the ISOLATION UNITS for June 2012; August 2012; October 2012; December 2012; February 2013; April 2013, and every second month thereafter.

14

- Please see Polson Request for Production No. 18 above.

**REQUEST FOR PRODUCTION NOs. 12 & 17**
All SIGNIFICANT INCIDENT REPORTS (SIR) (Form 105-3) including any supplemental documents to such reports for the ISOLATION UNITS for June 2012; August 2012; October 2012; December 2012; February 2013; April 2013, and every second month thereafter.

All SIGNIFICANT INCIDENT REPORTS (SIR) (Form 105-3) including any supplemental documents to such reports for March, April, and May 2013, and every second month thereafter for each Arizona State Prison Complex.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

- In response to these requests Defendants have produced SIR reports from January 1, 2011 through February 6, 2013. Plaintiffs request that these reports be updated to at least August 31, 2013 prior to the close of discovery.
- Originally Plaintiffs requested all Significant Incident Reports (SIR) (Form 105-3) in particular enumerated months. After conversations with Ms. Rand, we understand that the SIRS are actually categorized by "nature" of the event using labels set forth in D.O. 105, Attachment B (not previously produced). We have reviewed that list and agree to limit our SIRs request to the following "nature" terms:

    - After hour transport
    - Assault on Inmate
    - Assault on Staff
    - Attempted Self Harm
    - Death
    - Disorderly Conduct
    - Disturbance
    - Drug Overdose
    - Drugs/Narcotics
    - Dry Cell Watch
    - Fight/Inmate
    - Fight/Staff
    - Homicide
    - Inmate Hunger Strike
    - Inmate Injury/Illness
    - Major Disturbance
    - Meal Refusal
    - Medical Emergency
    - Medical Transport
    - Medical Watch

15

- Mental Health Watch
- Progressive Restraints
- Property Damage
- Self-Harm
- Staff Misconduct
- Threats of Violence/Inmate
- Threats of Violence/Staff
- Use of Force

**REQUEST FOR PRODUCTION NOs. 13 & 18**

All USE OF FORCE/INCIDENT MANAGEMENT REPORTS (Form 804-2) including any supplemental documents to such reports for the ISOLATION UNITS for June 2012; August 2012; October 2012; December 2012; February 2013; April 2013, and every second month thereafter.

All USE OF FORCE/INCIDENT MANAGEMENT REPORTS (Form 804-2) including any supplemental documents to such reports for March, April, and May 2013, and every second month thereafter for each Arizona State Prison Complex.

- Please see Polson Request for Production No. 22 above related to both Swartz RFP ##13, 18.

## PLAINTIFFS' REQUEST TO ENTER DEFENDANTS' PROPERTY FOR THE PURPOSE OF EXPERT INSPECTIONS

- Plaintiffs note that this request included document requests, including photographs requested by the experts on each tour, and the documents flagged by the experts for copying during the tours by each expert, such as excerpts of medical records and the programming schedules at the isolation units. To date, these documents have not been fully produced to Plaintiffs despite multiple requests. We reiterate our request for immediate production of these documents and note that production of similar documents identified in the upcoming tours must be produced in a more expedient manner.

## PLAINTIFF CHARLOTTE WELLS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**

IDENTIFY, and state the last ADC housing unit of, all ADC PRISONERS who died in each of the following years and whose deaths were classified as suicide by ADC, a county medical examiner, or any other governmental entity: 2009, 2010, 2011, 2012, and 2013 (as of the RESPONSE DATE).

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

- Defendants responded to this interrogatory by providing a list of individuals who died in 2009, 2010, 2011, part of 2012 and part of 2013. Plaintiffs request that this interrogatory be fully updated to August 31, 2013. Plaintiffs further request that Defendants provide the information requested in this Interrogatory and update all the information provided with the housing unit location of every individual who committed suicide within the requested timeframe. Defendants' response to date has sometimes included the housing unit, but in most instances included only the name of the Prison Complex, or in a few instances, no location at all.

**INTERROGATORY NO. 11**

For each ISOLATION unit describe the indoor and outdoor recreation enclosures available to the PRISONERS housed in that unit, including the size of each enclosure; any exercise equipment available to PRISONERS in those enclosures; and the materials of which the enclosures are constructed.

- Defendants only addressed Eyman and Perryville in their response to this interrogatory. Plaintiffs request that Defendants include a response for Florence Central and Kasson units, per the definition of ISOLATION unit in this request. Plaintiffs also note that that the Eyman response appears to be only a partial response as no differentiation is made between Eyman – Browning Unit and Eyman – SMU I.

**INTERROGATORY NO. 13**

Since January 1, 2012, describe any changes to the mental health programming available to PRISONERS incarcerated in each ISOLATION unit.

- Defendants have provided a response to this request including only Florence Central and Phoenix Complex. Plaintiffs request that Defendants provide information regarding all ISOLATION units as defined by this request.

**INTERROGATORY NO. 18**

IDENTIFY the name, position, and/or title, and job description of all HEALTH CARE STAFF OR ISOLATION UNIT STAFF responsible for providing or determining the content of mental health counseling, group programming, or other type of TREATMENT.

- Defendants responded to this interrogatory with a list of names, positions and facilities. This list did not include any Psychiatric Technicians or Psychiatric Associates despite the fact that Defendants' response to Interrogatory No. 12 indicates that Psychiatric Associates and Psychiatric Technicians are responsible for providing mental health care in at least some of the ISOLATION units. Defendants also

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

provided no job description for any staff identified in response to this request. Defendants must supplement their response to this request to include all pertinent HEALTH CARE STAFF or ISOLATION UNIT STAFF, including job descriptions of the individuals identified.

*Plaintiffs waive further supplementation of **interrogatories 5 and 9**.*

## PLAINTIFF SHAWN JENSEN'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 6

DESCRIBE all DENTAL AFFLICTIONS that are REFERRED to external providers. For each condition identified, DESCRIBE whether the condition is REFERRED to an external provider and DESCRIBE the reasons why a condition is or is not REFERRED to an external provider.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

- Defendants responded that they lacked sufficient information at that time to respond to this Interrogatory and stated that they would supplement. Please supplement.

### INTERROGATORY NO. 7

IDENTIFY all HEALTH CARE STAFF, CORRECTIONAL STAFF, LOCUM TENENS CONTRACTORS, and SPECIALTY CONTRACTORS who have been investigated or subject to DISCIPLINE by ADC or by their respective state licensing board, between January 1, 2011 and the RESPONSE DATE, for any behavior REGARDING the provision, or lack thereof, of HEALTH CARE to PRISONERS or REGARDING the CONDITIONS OF CONFINEMENT of PRISONERS in ISOLATION.

- Defendants indicated that they would supplement as discovery progresses. Please supplement. Additionally, although Defendants asserted that their response was limited to the period before July 1, 2012, when Wexford took over the health care delivery system, Defendants are still in a position to answer this interrogatory to the extent Defendants employ anyone involved in the provision of health care, as well as to the extent Defendants have knowledge of the staffing provided by Wexford and/or Corizon. If Defendants lack knowledge of the staffing under Wexford and/or Corizon, please state so.

### INTERROGATORY NO. 10

DESCRIBE all formal and informal training provided to ADC STAFF that is not memorialized in written materials REGARDING (a) the provision of HEALTH CARE, (b) administrative responsibilities REGARDING the provision of HEALTH CARE, (c) the processing of Health Needs Request ("HNR") forms and other PRISONER COMPLAINTS, (d) the procedures to ensure that PRISONERS have access to HEALTH CARE, and (e) the CONDITIONS OF CONFINEMENT of PRISONERS in ISOLATION.

- Defendants responded that they lacked sufficient knowledge and information to answer this interrogatory and promised to supplement. Please supplement by explaining in detail all training provided to staff of Corizon regarding the provision of health care, administrative responsibilities regarding the provision of health care, the processing of HNRs and prison complaints, any procedures relating to access to health care, and conditions of confinement. If Defendants are unable to answer this interrogatory, please state so.

Should you have any questions, please feel free to contact me at 202-548-6608.

Sincerely,

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Amy Fettig
Senior Staff Counsel

cc:  All counsel of record

enc.

# APPENDIX A

**Lumley:**

| SIR Number | Incident Date | Location |
|------------|---------------|----------|
| 201200101 | 1/3/2012 | Lumley |
| 201200401 | 1/11/2012 | Lumley |
| 201201029 | 1/25/2012 | Lumley |
| 201201993 | 2/16/2012 | Lumley |
| 201202287 | 2/23/2012 | Lumley |
| 201202927 | 3/8/2012 | Lumley |
| 201204745 | 4/17/2012 | Lumley |
| 201211753 | 9/19/2012 | Lumley |
| 201212167 | 9/28/2012 | Lumley |
| 201214634 | 11/28/2012 | Lumley |
| 201215892 | 12/29/2012 | Lumley |
| 201300646 | 1/16/2013 | Lumley |

**Central:**

| SIR Number | Incident Date | Location |
|------------|---------------|----------|
| 201200127 | 1/4/2012 | Central |
| 201200288 | 1/8/2012 | Central |
| 201200363 | 1/10/2012 | Central |

1

| | | |
|---|---|---|
| 201200448 | 1/12/2012 | Central |
| 201200914 | 1/23/2012 | Central |
| 201200944 | 1/24/2012 | Central |
| 201200990 | 1/25/2012 | Central |
| 201201114 | 1/27/2012 | Central |
| 201201798 | 2/13/2012 | Central |
| 201202148 | 2/20/2012 | Central |
| 201202485 | 2/28/2012 | Central |
| 201202994 | 3/10/2012 | Central |
| 201203267 | 3/15/2012 | Central |
| 201203321 | 3/16/2012 | Central |
| 201203727 | 3/26/2012 | Central |
| 201204276 | 4/6/2012 | Central |
| 201204945 | 4/21/2012 | Central |
| 201204991 | 4/23/2012 | Central |
| 201205347 | 5/1/2012 | Central |
| 201205449 | 5/3/2012 | Central |
| 201205942 | 5/13/2012 | Central |
| 201206593 | 5/28/2012 | Central |
| 201207346 | 6/14/2012 | Central |
| 201207364 | 6/14/2012 | Central |
| 201208525 | 7/9/2012 | Central |

| | | |
|---|---|---|
| 201208997 | 7/19/2012 | Central |
| 201209468 | 7/30/2012 | Central |
| 201209639 | 8/2/2012 | Central |
| 201210629 | 8/23/2012 | Central |
| 201210981 | 9/1/2012 | Central |
| 201211832 | 9/20/2012 | Central |
| 201212429 | 10/4/2012 | Central |
| 201213877 | 11/8/2012 | Central |
| 201214205 | 11/17/2012 | Central |
| 201214282 | 11/19/2012 | Central |
| 201214891 | 12/4/2012 | Central |
| 201214940 | 12/6/2012 | Central |
| 201214957 | 12/6/2012 | Central |
| 201215008 | 12/7/2012 | Central |
| 201215028 | 12/7/2012 | Central |
| 201215382 | 12/16/2012 | Central |
| 201215504 | 12/18/2012 | Central |
| 201300266 | 1/8/2013 | Central |
| 201300431 | 1/11/2013 | Central |
| 201301104 | 1/26/2013 | Central |

| 201301282 | 1/31/2013 | Central |
| 201301307 | 1/31/2013 | Central |
| 201301308 | 1/31/2013 | Central |
| 201301485 | 2/5/2013 | Central |

## SMU I:

| SIR Number | Incident Date | Location |
|---|---|---|
| 201200368 | 1/10/2012 | SMU I |
| 201200620 | 1/16/2012 | SMU I |
| 201200863 | 1/22/2012 | SMU I |
| 201200925 | 1/23/2012 | SMU I |
| 201200926 | 1/23/2012 | SMU I |
| 201200932 | 1/23/2012 | SMU I |
| 201200950 | 1/24/2012 | SMU I |
| 201201052 | 1/26/2012 | SMU I |
| 201201125 | 1/28/2012 | SMU I |
| 201201258 | 1/31/2012 | SMU I |
| 201202122 | 2/19/2012 | SMU I |
| 201202213 | 2/21/2012 | SMU I |
| 201202390 | 2/25/2012 | SMU I |
| 201203435 | 3/19/2012 | SMU I |
| 201203436 | 3/19/2012 | SMU I |
| 201203922 | 3/29/2012 | SMU I |

4

| 201203964 | 3/30/2012 | SMU I |
|-----------|-----------|-------|
| 201204494 | 4/11/2012 | SMU I |
| 201204823 | 4/18/2012 | SMU I |
| 201204906 | 4/20/2012 | SMU I |
| 201204971 | 4/22/2012 | SMU I |
| 201204984 | 4/23/2012 | SMU I |
| 201205042 | 4/24/2012 | SMU I |
| 201205269 | 4/29/2012 | SMU I |
| 201205276 | 4/29/2012 | SMU I |
| 201205393 | 5/1/2012 | SMU I |
| 201205528 | 5/4/2012 | SMU I |
| 201205727 | 5/9/2012 | SMU I |
| 201205826 | 5/11/2012 | SMU I |
| 201205874 | 5/11/2012 | SMU I |
| 201205998 | 5/14/2012 | SMU I |
| 201206054 | 5/15/2012 | SMU I |
| 201206411 | 5/23/2012 | SMU I |
| 201206623 | 5/29/2012 | SMU I |
| 201206697 | 5/30/2012 | SMU I |
| 201206907 | 6/5/2012 | SMU I |
| 201206982 | 6/6/2012 | SMU I |
| 201206983 | 6/6/2012 | SMU I |
| 201207612 | 6/19/2012 | SMU I |
| 201207623 | 6/19/2012 | SMU I |

| | | |
|---|---|---|
| 201207726 | 6/22/2012 | SMU I |
| 201207876 | 6/25/2012 | SMU I |
| 201208018 | 6/28/2012 | SMU I |
| 201208790 | 7/13/2012 | SMU I |
| 201208999 | 7/19/2012 | SMU I |
| 201209241 | 7/25/2012 | SMU I |
| 201209320 | 7/27/2012 | SMU I |
| 201209414 | 7/29/2012 | SMU I |
| 201209681 | 8/3/2012 | SMU I |
| 201209728 | 8/4/2012 | SMU I |
| 201209956 | 8/9/2012 | SMU I |
| 201210282 | 8/16/2012 | SMU I |
| 201210612 | 8/23/2012 | SMU I |
| 201210708 | 8/26/2012 | SMU I |
| 201212453 | 10/4/2012 | SMU I |
| 201212886 | 10/15/2012 | SMU I |
| 201213039 | 10/18/2012 | SMU I |
| 201213450 | 10/29/2012 | SMU I |
| 201213519 | 10/30/2012 | SMU I |
| 2012213998 | 11/11/2012 | SMU I |
| 201214444 | 11/24/2012 | SMU I |
| 201214821 | 12/3/2012 | SMU I |
| 201215303 | 12/14/2012 | SMU I |
| 201215324 | 12/14/2012 | SMU I |

| | | |
|---|---|---|
| 201215451 | 12/18/2012 | SMU I |
| 201300104 | 1/3/2013 | SMU I |
| 201300680 | 1/17/2013 | SMU I |
| 201300884 | 1/22/2013 | SMU I |
| 201301158 | 1/28/2013 | SMU I |
| 201301482 | 2/5/2013 | SMU I |

**Browning:**

| SIR Number | Incident Date | Location |
|---|---|---|
| 201200452 | 1/12/2012 | Browning |
| 201200684 | 1/17/2012 | Browning |
| 201201028 | 1/25/2012 | Browning |
| 201201086 | 1/26/2012 | Browning |
| 201201673 | 2/10/2012 | Browning |
| 201202024 | 2/17/2012 | Browning |
| 201202286 | 2/23/2012 | Browning |
| 201203694 | 3/25/2012 | Browning |
| 201204087 | 4/2/2012 | Browning |
| 201204125 | 4/3/2012 | Browning |
| 201204404 | 4/10/2012 | Browning |
| 201205190 | 4/27/2012 | Browning |
| 201205235 | 4/28/2012 | Browning |
| 201205660 | 5/8/2012 | Browning |
| 201206180 | 5/18/2012 | Browning |
| 201206368 | 5/22/2012 | Browning |
| 201207847 | 6/25/2012 | Browning |
| 201208185 | 7/2/2012 | Browning |
| 201209279 | 7/26/2012 | Browning |
| 201209817 | 8/6/2012 | Browning |
| 201210385 | 8/18/2012 | Browning |

| | | |
|---|---|---|
| 201211197 | 9/6/2012 | Browning |
| 201211934 | 9/23/2012 | Browning |
| 201212036 | 9/25/2012 | Browning |
| 201212297 | 10/1/2012 | Browning |
| 201212649 | 10/9/2012 | Browning |
| 201213308 | 10/25/2012 | Browning |
| 201213702 | 11/5/2012 | Browning |
| 201214098 | 11/14/2012 | Browning |
| 201214287 | 11/19/2012 | Browning |
| 201300229 | 1/7/2013 | Browning |
| 201300585 | 1/15/2013 | Browning |
| 201301381 | 2/2/2013 | Browning |

Exhibit 2



**VIA EMAIL ONLY**

September 25, 2013

Lucy M. Rand, AAG
Office of the Attorney General
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

*Re: Parsons v. Ryan Supplemental Discovery Production*

Dear Ms. Rand:

I am writing to memorialize our September 23, 2013 meet and confer, and to
provide Defendants with the additional information requested during our
meeting.

As a threshold matter, we agreed to a stipulation asking the Court to extend the
September 27, 2013 deadline for submitting discovery disputes, to allow us
additional time to resolve these issues prior to seeking Court intervention.
Plaintiffs propose that the parties request an order that a motion seeking to
compel a response on any of the discovery issues enumerated in this letter and
any disputes arising from depositions taken this week may be filed no later
than October 25, 2013. Additionally, we request that you provide a date
certain when you will certify that your document production is complete. We
intend to ask the Court for a week after that date to review the documents and
move to compel on materials that have not been produced, unless you are
willing to stipulate to that. Of course if there are additional discovery issues
you would like to include in such an agreement, please let us know. In light of
the current September 27 deadline, please let us know your response to this
proposal tomorrow.

## PLAINTIFFS' DISCOVERY REQUESTS

### Documents identified during depositions

Plaintiffs agreed to provide Defendants a list of documents identified during
recent depositions that have not been produced. This list is attached as
Appendix A and includes reference to the specific discovery requests to which
these documents are responsive, and the deposition in which the document was

1

identified.  Plaintiffs note that additional documents were produced last night that may include some of the documents identified in Appendix A.

**Objections based on class certification**

Plaintiffs also agreed to provide a list of the discovery requests to which Defendants objected on the ground that "*the Court did not certify this claim.*" That list is attached as Appendix B.

**Documents identified during plaintiffs' expert tours**

Defendants indicated that the photographs taken for Plaintiffs' experts during their tours will likely be produced next week, and agreed to provide a firm date for that production later this week.  As for the medical records tabbed for copying during the expert tours, Defendants agreed to provide a firm production date by September 24.  We did not hear from you on September 24; we request a response as soon as possible.

**Plaintiff Licci's First Request for Production, Requests # 4-5**

These request class member medical records (#4) and institutional files (MRFs) (#5).  Defendants indicated that the MRFs will be produced by the end of next week.  The medical records are still in production, and Defendants agreed to inform us of the production date by September 24.  We did not hear from you on September 24; we request a response as soon as possible.

In terms of Plaintiffs' request for medical records in RFP #4, the Section II requests remain unchanged.  The Section I requests to inspect for Florence and Tucson also remain unchanged.  Due to the cancellation of expert tours at Winslow, Safford and Douglas, Plaintiffs request production of those records listed in Section I, rather than inspection.

**Plaintiffs Licci's Interrogatories and Requests for Admissions; Plaintiff Gamez's Requests for Admissions**

We discussed Defendants' objections to these requests on the ground that they seek an admission from a third party, and Defendants' responses referring plaintiffs to the Smallwood deposition, even when the deposition does not address the particular discovery request.  Defendants indicated that where ADC policy controls they will supplement their responses, but that in areas of dental process and practice they will not.  Defendants also indicated that they will discuss this matter with Kathy Wieneke and provide further information to Plaintiffs.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

2

**Other requests**

Defendants indicated that they will not provide supplemental responses to any discovery requests propounded by Victor Parsons. We believe you are estopped from taking this position. As late as August of this year, you were continuing to supplement the Parsons discovery. See Docket 569. To announce that you are now taking a different position, only when we cannot propound further discovery, is unreasonable and we intend to seek an order from the Court requiring you to continue this production.

Defendants have recently raised an objection to providing supplemental discovery to Deposition Duces Tecum [DKT. #76], but indicated they will confer as to the status of that objection.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Defendants indicated they will not produce the new MGAR instructions until they are finalized. We note that the final document may be among the documents produced last night.

Defendants agreed to confer among themselves regarding production of the Corrective Action Plans, and provide further information to plaintiffs.

Defendants indicated that their responses to Plaintiff Licci's First Set of Requests for Production with be supplemented in about a week.

As for plaintiffs' initial disclosures, we believe all our descriptions of proposed testimony provide the same level of detail as yours, to the extent we know what the witnesses will be able to testify to. You have not provided to us the level of detail you sought from us in the meet-and-confer. We are willing to work with you on this issue, but it needs to be a two way street. If there are specific entries that you think are not written to the same level of specificity as yours, please send us that list of names and we will review them and explain to you our view in more detail.

## ADDITIONAL DISCOVERY ISSUES

In the interest of completeness, we wish to raise additional discovery issues that were not discussed during our September 23 discussion. These issues must also be addressed in the stipulation. First, the discovery dispute regarding Plaintiffs' September 5, 2013 discovery supplementation letter remains ongoing, but Plaintiffs believe that further discussion may now be fruitful rather than seeking immediate Court intervention. In particular, the production of death records under Parsons RFP #40 needs to be addressed. Second, plaintiffs are reviewing the 30(b)(6) testimony taken to date and will provide a list by tomorrow morning of any material relating to those depositions that we intend to move to compel on. We believe some of those issues can be resolved if the parties work together, so would also be willing to

3

include those in the stipulation if you wish to do that.  Finally, Defendants have not yet produced a privilege log.  Please provide a date certain by when you will do so or agree in writing that you are withdrawing all of your privilege objections to all of Plaintiffs' document requests.  We are willing to consider extending the date for production of the log, as long as there is an extension of our time to move to compel.

We request a meet-and-confer for tomorrow afternoon to reach closure on all of these issues.  Please let me know when you are available for that.

If I have inadvertently omitted or misstated any portion of our discussion, please let me know.  We look forward to your response.

Very truly yours,

David C. Fathi

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

cc:  All counsel of record

Enc.

4

# APPENDIX A

## Unproduced Documents Identified During Recent Depositions

**The following previously unproduced documents were identified during depositions:**

- Strategic Plan Initiative draft (Taylor – new policies and procedures for max custody unit) (Parsons RFP 1 - #9)
- Mental Health Technical manual (currently being updated so we want to make sure we have drafts) (Taylor) (Parsons 1 - #1; ACDL RFP 1 - ##1-9)
- Psych autopsies completed whenever there is an inmate suicide (Taylor) (Parsons RFP 1 - #40)
- Taylor's emails to facilities with MGAR findings pasted in (Taylor) (Dkt #76 ##4, 5)
- Full list of MGAR indicators (both active and inactive) (Taylor) (Dkt #76 ##4, 5)
- Instruction materials regarding the MGAR audit tool (Campbell) (Dkt #76 ##4, 5)
- Corrective Action Plans for MGAR "amber" and "red" findings, including all the documents, drafts, worksheets, etc. generated by the monitors when preparing their MGAR reports (Taylor; Campbell; Bedoya; Robertson; Gross; Evans – note that several witnesses have testified that they use worksheets and notes as the basis for their monthly MGAR reports – Plaintiffs' definition of "document" includes drafts, notes, etc. and the request is for documents related to the monitoring of the contract)) (Dkt #76 ##4, 5)
- E-versions of the CAPs as they appear on the screen (Mr. Evans mentioned that the CAP appears on the screen differently than the way it appears when he prints it. We would like to see how the reports appear on the screen.) (Dkt #76 ##4, 5)
- Email from Greg Fizer (DW Florence Central) to Taylor re: programming doesn't have adequate resources (Aug/Sept 2013) (Taylor) (Parsons 1 - ##49,50)
- Written agendas and minutes for weekly meetings with Corizon officials and ADC Monitoring Bureau (Taylor; Campbell; Evans; Winland) (Dkt #76 ##4, 5)
- Written agendas and minutes for weekly ADC monitor meetings (Evans; Winland) (Dkt #76 ##4, 5)
- Spreadsheets attached to the memorandum of M. Bedoya to the FHA for ASPC-Tucson, dated April 5, 2013 (ADC088785) (Bedoya) (Dkt #76 ##4, 5)
- Written Job Descriptions for Arthur Gross, Assistant Director of ADC and leader of the Health Services Contract Monitoring Bureau (Gross) (Parsons RFP 1 - ##21, 61)
- Written job descriptions for the Monitor positions in the Health Services Contract Monitoring Bureau (Gross) (Parsons RFP 1 - ##21, 61)
- Peer reviews for all licensed medical staff at ASPC-Tucson and potentially other facilities (Bedoya) (Parsons RFP 1 - #6)
- Weekly staffing reports regarding Corizon's staffing levels (Bedoya) (Dkt #76 ##4, 5)
- Psych associate databases containing group program records (ex: Newman in Kasson has one) (Taylor) (Polson 1 - #21; Licci RFP 1 - #6))

- Drafts of statewide Action Plans from Corizon in Pharmacy, Mental Health, Chronic Care, Sick Call and Utilization Management, including "statement of need" and target date for addressing the need (Taylor; Gross) (Dkt #76 ##4, 5)
- "53 page boot camp manual" for ADC monitors (Evans) (Dkt #76 ##4, 5)
- Weekly reports from the Dental Coordinator (Evans)  (Dkt #76 ##4, 5)
- Monthly Inmate Grievance Appeal Report (reflects all grievance appeals; generated through the IHAS system) (Moriarty) (Parsons RFP 1 - #55)
- Documents identified at the Winland deposition that have not been produced (Dkt #76 ##4, 5)
  - From Deposition Ex. 319, the August 2013 Lewis Pharmacy Monitoring Report, the "snapshot" referred to in paragraph E, at ADC 137534;
  - From Dep. Ex. 327, the July 2013 Phoenix Pharmacy Monitoring Report, the photographs of boxes of medications referred to in paragraph 1 at ADC 137323;
  - From deposition Ex. 330, the August 2013 Yuma Pharmacy Monitoring Report, the "snapshot" referred to at ADC 137697;
  - From Dep. Ex. 323, the July 2013 Eyman Pharmacy Monitoring Report, the summary of investigation and corrective action plan submitted by Jim Taylor, Corizon referred to at ADC 137207;
  - From deposition Ex. 324, the August 2013 Eyman Pharmacy Monitoring report, the snapshot referred to in paragraph E) at ADC 137476;
  - From deposition Exhibit 325, the July 2013 Perryville Pharmacy Monitoring Report, the email or other document that is the source of the information on ADC 137293 that begins with the following language: "There are several issues of concern with this facility . . .," as well as the pictures taken to support the statement quoted;
  - From deposition Exhibit 325, the July 2013 Perryville Pharmacy Monitoring Report, the email or other document that is the source of the information that begins on ADC 137294 with the following language: "Today, Monday, July 22, 2013, I accompanied Nurse McDonald on Lumley pill call" and concludes on page ADC 137295 with the following language: "Please ensure that nurses are compliant with proper medication administration processes. nts";
  - From deposition Ex. 326, the August 2013 Perryville Pharmacy Monitoring Report, the "snapshot" referred to at ADC 137560;
  - From deposition Ex. 326, the August 2013 Perryville Pharmacy Monitoring Report, the email or other document that is the source of the information that begins on ADC 137561 with the following language "On my brief visit to Lumley I encountered the following issues (8-5)" and concludes with the language "I continue to alert the facility on chronic medications needing filled/refilled";
  - From deposition Ex. 320, the July 2013 the Florence Pharmacy Monitoring Report, the email or other document that is the source of the information that begins on ADC 137240 with the language "This location must maintain the continuity of care by renewing medications in appropriate time frame and be more keenly aware of expiring meds" and concludes on the same page with the language "This must be done to maintain the continuity of care of our population and to reduce morbidity/mortality";

- From deposition Ex. 322, the August 2013 Florence Pharmacy Monitoring Report, the "snapshot" referred to on page ADC 137506;
- From deposition Ex. 322, the August 2013 Florence Pharmacy Monitoring Report, the email or other document that is the source of the language that begins on ADC 137506 with the language "Medications need to be ordered/reordered in a timely or manner" and concludes on ADC 137507 with the language "72 prescriptions expired, 21 prescriptions discontinued, 7 renewed or therapy changed";
- From deposition Ex. 331, the July 2013 Tucson Pharmacy Monitoring Report, the email or other document that is the source of the language begins on page ADC 137373 with the words "The facility must be aware of the necessity of renewing prescriptions in a timely manner as not to negatively impact the continuity of care" and concludes on page ADC 137374 with the language "Next, I asked nursing if after (3) no shows for medications, if they are notifying the physicians and they told me that they have been instructed to NOT do this regarding MH meds because MH is so short staffed that they won't get to them anyway";
- From deposition Ex. 332, the August 2013 Tucson Pharmacy Monitoring Report, the "snapshot" referred to at ADC 137645.

**The following documents were identified during depositions as having been updated since produced to Plaintiffs:**

- Pursuant to Dkt #76 - ##4-5 updates for ALL statewide reports that Corizon is providing to ADC (wait times, referrals to outside, etc.), including but not limited to (the most recent month of production is indicated in bold):
  - ADC122017-122017 – Corizon AZ IM Wait Times Rpt – 2013-05.pdf
    Inmate Wait Times for **May** 1-31, 2013
  - ADC122042-122045 – Corizon AZ Inpatient Log – 2013-06.pdf
    Inpatient Log Documenting Hospital Admissions for **June** 2013
  - ADC122046-122048 – Corizon AZ Medical HNR Rpt – 2013-05.pdf
    Health Needs Requests Appointments Report for **May** 2013
  - ADC122049-122056 – Corizon AZ Medical Transports By Complex – 2013-05.pdf
    Medical Transports Complex Report **May** 2013
  - ADC122057-122058 – Corizon AZ MH HNR Appt Rpt – 2013-05.pdf
    Health Needs Requests Appointments Report **May** 2013 (Mental Health HNR/Appointments)
  - ADC122060-122060 – Corizon AZ Intake Rpt – 2013-05.pdf
    AZDOC Inmate Intake By Complex **May** 1-31, 2013
  - ADC121167 June 2013 staffing in native format.xlsx
    Arizona Monthly Staffing Report Florence Region (**June** 2013)

# APPENDIX B

Defendants refused to respond to the following Interrogatories and Requests for Admission on the grounds that the Interrogatory or Request concerned matters beyond those certified in the Court's March 5, 2013 Order granting Plaintiffs' Motion for Class Certification. [Doc. 372]. Beneath each request and excerpted response, Plaintiffs have included a listing of those practices, certified by the court, to which the requests are relevant.

## DEFENDANTS RESPONSES TO LICCI'S 1ST SET OF INTERROGATORIES (INTERROGATORIES NOS.: 14-20)

**INTERROGATORY NO. 14:**
Does ADC track or monitor the instances in which inmates are denied or refuse their RESTRICTED DIET, the reasons for the denials or refusals, and any action taken as a result of such denials or refusals? If so, explain how ADC tracks or monitors that INFORMATION.

**ANSWER TO INTERROGATORY NO. 14:**
Defendant objects that this Interrogatory is compound, vague, and ambiguous. Defendant objects that this Interrogatory is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to restricted diets.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care". [Doc. 372, p. 22].**


**INTERROGATORY NO. 15:**
Explain what factors determine whether an inmate receives a RESTRICTED DIET. YOUR response to this interrogatory should include, but not be limited to, an explanation of what is needed for a "provider [to] determine[] that the general population menu is inappropriate," what determines whether "a therapeutic or soft food diet [is] consistent with the therapeutic diets listed in the ADC Diet Manual," and what it means for a SOFT DIET or THERAPEUTIC DIET to be "supported in the inmate's progress notes with SOAP documentation by the prescribing practitioner." [See Ryan's Responses to Verduzco's 1st RFAs Nos. 223-24].

1

**ANSWER TO INTERROGATORY NO. 15:**
Defendant objects that this Interrogatory is overly broad, unduly burdensome, compound, vague, and ambiguous. Defendant objects that this Interrogatory is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to restricted diets.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care". [Doc. 372, p. 22].**

**INTERROGATORY NO. 16:**
Whom does ADC permit to determine whether inmates receive RESTRICTED DIET? In particular, YOUR response should include, but not be limited to, a statement of who is authorized to decide whether the "general population menu is inappropriate," whether "a therapeutic or soft food diet [is] consistent with the medical diets listed in the ADC Diet Manual," and whether a restricted diet is "supported in the inmate's progress notes with SOAP documentation by the prescribing practitioner." [See Ryan's Responses to Verduzco's 1st RFAs Nos. 223-24].

**ANSWER TO INTERROGATORY NO. 16:**
Defendant objects that this Interrogatory is overly broad, unduly burdensome, compound, vague, and ambiguous. Defendant objects that this Interrogatory is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to restricted diets.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care". [Doc. 372, p. 22].**

**INTERROGATORY NO. 17:**
Regardless of YOUR response to the previous interrogatory, which categories of personnel actually have decided, on any occasion, whether inmates may receive RESTRICTED DIETS?

**ANSWER TO INTERROGATORY NO. 17:**
Defendant objects that this Interrogatory is overly broad, unduly burdensome, vague, and ambiguous. Defendant objects that this Interrogatory is not likely to lead to the discovery

of admissible evidence, as the Court's Order certifying the class did not include claims relating to restricted diets.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care." [Doc. 372, p. 22].**

**INTERROGATORY NO. 18:**
State the number of jobs available to PRISONERS housed in each ISOLATION unit, the job title of each job, the eligibility for each job, the number of hours per week available to be worked for each job, and the names and ADC numbers of each PRISONER holding said jobs as of June 1, 2013.

**ANSWER TO INTERROGATORY NO. 18:**
Defendant objects that this Interrogatory is overly broad, unduly burdensome, compound, vague, and ambiguous. Defendant objects that this Interrogatory is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to jobs.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "iv. Extreme social isolation".  [Doc. 372, p. 23].**

**INTERROGATORY NO. 19:**
State the name, ADC number, and current housing unit of each PRISONER in ISOLATION who is eligible for a lower custody housing placement but still housed in ISOLATION as of the RESPONSE DATE.

**ANSWER TO INTERROGATORY NO. 19:**
Defendant objects that this Interrogatory is overly broad, unduly burdensome, compound, vague, and ambiguous. Defendant objects that this Interrogatory is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to classification levels.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "iv. Extreme social isolation".  [Doc. 372, p. 23].**

**INTERROGATORY NO. 20:**
What is ADC's policy on dental floss, flossers, floss loops, and other similar products intended to permit PRISONERS to clean between their teeth? If this policy varies by custody level, explain variations in your response.

**ANSWER TO INTERROGATORY NO. 20:**
Defendant objects that this Interrogatory is overly broad, compound, vague, and ambiguous. Defendant objects that this Interrogatory is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to dental floss or similar products.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "vii. Failure to provide timely access to basic dental treatment". [Doc. 372, p. 22].**


**DEFENDANTS RESPONSES TO GAMEZ'S 1ST SET OF REQUESTS FOR ADMISSION (REQUESTS FOR ADMISSION NOS.: 29-47, 49, 58-59, 64-75)**

**REQUEST FOR ADMISSION NO. 29:**
Admit that some ADC exercise enclosures have no misting system.

**RESPONSE:**  Defendant objects that this Request is overbroad, vague, and ambiguous. The request fails to identify which ADC exercise enclosures are included in the request. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to exercise enclosures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "iii. Lack of recreation". [Doc. 372, p. 23].**


**REQUEST FOR ADMISSION NO. 30:**
Admit that some ADC exercise enclosures have no source of drinking water.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. The request fails to identify which ADC exercise enclosures are included in the request. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to exercise enclosures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "iii. Lack of recreation". [Doc. 372, p. 23].**

**REQUEST FOR ADMISSION NO. 31:**
Admit that ADC infirmaries are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 32:**
Admit that housing units at ASPC-Perryville are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 33:**
Admit that housing units at ASPC-Yuma are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 34:**
Admit that housing units at ASPC-Tucson are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 35:**
Admit that housing units at ASPC-Eyman are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 36:**
Admit that housing units at ASPC-Phoenix are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 37:**
Admit that housing units at ASPC-Lewis are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 38:**
Admit that housing units at ASPC-Douglas are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 39:**
Admit that housing units at ASPC-Safford are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 40:**
Admit that housing units at ASPC-Florence are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 41:**
Admit that housing units at ASPC-Winslow are not air conditioned.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 42:**
Admit that temperatures exceeding 85 degrees Fahrenheit have been recorded in ADC housing units between June 1, 2013, and the RESPONSE DATE.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 43:**
Admit that temperatures exceeding 90 degrees Fahrenheit have been recorded in ADC housing units between June 1, 2013, and the RESPONSE DATE.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 44:**
Admit that temperatures exceeding 95 degrees Fahrenheit have been recorded in ADC housing units between June 1, 2013, and the RESPONSE DATE.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . . and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 45:**
Admit that temperatures exceeding 100 degrees Fahrenheit have been recorded in ADC housing units between June 1, 2013, and the RESPONSE DATE.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care; . . .**

and x. Failure to provide suicidal and self-harming prisoners basic mental health care." [Doc. 372, p. 22].

**REQUEST FOR ADMISSION NO. 46:**
Admit that ADC does not provide a RESTRICTED DIET specifically designed for PRISONERS with diabetes.

**RESPONSE:** Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class does not include claims relating to restricted diets.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care".** [Doc. 372, p. 22].

**REQUEST FOR ADMISSION NO. 47:**
Admit that Corizon does not provide a RESTRICTED DIET specifically designed for PRISONERS with diabetes.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class does not include claims relating to restricted diets.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care".** [Doc. 372, p. 22].

**REQUEST FOR ADMISSION NO. 49:**
Admit that Corizon does not provide methadone maintenance.

**RESPONSE:** Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the

discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to methadone maintenance.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "iii. Failure to provide necessary medication and medical devices; [and] . . . v. Failure to provide care for chronic diseases and protection from infectious disease". [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 58:**
Admit that ADC cannot produce reports showing how many PRISONERS have received the RESTRICTED DIETS described in the Diet Reference Manual (Bates Nos. 40574-40609).

**RESPONSE:** Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to restricted diets.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care". [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 59:**
Admit that ADC's contracted food service provider cannot produce reports showing how many PRISONERS have received the RESTRICTED DIETS described in the Diet Reference Manual (Bates Nos. 40574-40609).

**RESPONSE:** Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to restricted diets.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care". [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 64:**

Admit that ADC POLICY does not require that women PRISONERS be offered a PAP smear at least every three years.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to PAP smears.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care". [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 65:**

Admit that Corizon POLICY does not require that women PRISONERS be offered a PAP smear at least every three years.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to PAP smears.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care". [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 66:**

Admit that ADC POLICY does not require that women PRISONERS over 50 years old be offered a mammogram at least every two years.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to inmates over 50 years old or mammograms.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care". [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 67:**
Admit that Corizon POLICY does not require that women PRISONERS over 50 years old be offered a mammogram at least every two years.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to inmates over 50 years old or mammograms.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care". [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 68:**
Admit that as of the RESPONSE DATE, ADC does not have an electronic health records system to track whether women PRISONERS have been offered a PAP smear in the last three years.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to PAP smears.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care". [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 69:**
Admit that as of the RESPONSE DATE, Corizon does not have an electronic health records system to track whether women PRISONERS have been offered a PAP smear in the last three years.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to PAP smears.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care". [Doc. 372, p. 22].**


**REQUEST FOR ADMISSION NO. 70:**
Admit that as of the RESPONSE DATE, ADC does not have an electronic health records system to track whether women PRISONERS over 50 years old have been offered a mammogram in the last two years.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to inmates over 50 years old or mammograms.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care". [Doc. 372, p. 22].**


**REQUEST FOR ADMISSION NO. 71:**
Admit that as of the RESPONSE DATE, Corizon does not have an electronic health records system to track whether women PRISONERS over 50 years old have been offered a mammogram in the last two years.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to inmates over 50 years old or mammograms.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care". [Doc. 372, p. 22].**

**REQUEST FOR ADMISSION NO. 72:**
Admit that ADC POLICY does not require that PRISONERS who are pregnant be offered periodic pre-natal appointments with an obstetrician/gynecologist.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to pregnant inmates.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease". [Doc. 372, p. 22].**


**REQUEST FOR ADMISSION NO. 73:**
Admit that Corizon POLICY does not require that PRISONERS be offered who are pregnant be offered periodic pre-natal appointments with an obstetrician/gynecologist.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to pregnant inmates.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease". [Doc. 372, p. 22].**


**REQUEST FOR ADMISSION NO. 74:**
Admit that as of the RESPONSE DATE, ADC does not have an electronic health records system to track PRISONERS with coccidioidomycosis.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to coccidioidomycosis.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care". [Doc. 372, p. 22].**


**REQUEST FOR ADMISSION NO. 75:**
Admit that as of the RESPONSE DATE, Corizon does not have an electronic health records system to track PRISONERS with coccidioidomycosis.

**RESPONSE:** Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to coccidioidomycosis.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "v. Failure to provide care for chronic diseases and protection from infectious disease; [and] vi. Failure to provide timely access to medically necessary specialty care". [Doc. 372, p. 22].**


## DEFENDANTS' RESPONSES TO GAMEZ'S 1ST SET OF INTERROGATORIES (INTERROGATORIES NOS.: 15, 17)

**INTERROGATORY NO. 15:**
DESCRIBE the restraints worn by PRISONERS in ISOLATION units when they are outside of their cells.

**ANSWER TO INTERROGATORY NO. 15:**
Defendant objects that this Interrogatory is overbroad, vague, and ambiguous. Defendant additionally objects to Plaintiff's definition and use of the term "ISOLATION." Plaintiffs' definition of "ISOLATION" includes several different types of housing assignments, each with its own criteria for assignment. Inmates may be housed in a detention unit in disciplinary segregation, investigative detention, mental health observation, or pending placement into a maximum security unit. Moreover, the term "ISOLATION" implies solitary confinement; however, inmates housed in the housing units listed in Plaintiffs' definition of "ISOLATION" may or may not have cellmates. Defendant additionally objects that this Request is not likely to lead to the discovery of

16

admissible evidence because the Court's Order certifying the class did not include claims relating to use of restraints when inmates are out of their cells.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "iv. Extreme social isolation". [Doc. 372, p. 23].**

**INTERROGATORY NO. 17:**
State the minimum qualifications ADC requires of persons who act as interpreters for medical, mental health, or DENTAL encounters for PRISONERS who do not speak English.

**ANSWER TO INTERROGATORY NO. 17:**
Defendant objects that this Interrogatory is overbroad, vague, and ambiguous. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to interpreters.

**RELEVANT PRACTICES IDENTIFIED IN THE COURT'S ORDER GRANTING CLASS CERTIFICATION: "i. Failure to provide timely access to health care". [Doc. 372, p. 22].**

# Exhibit 3

**LEGAL DEPARTMENT**
**NATIONAL PRISON**
**PROJECT**



**AMERICAN CIVIL LIBERTIES UNION**

**AMERICAN CIVIL**
**LIBERTIES UNION FOUNDATION**

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH  FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
*DIRECTOR*
*ATTORNEY AT LAW\**

*\*NOT ADMITTED IN DC;*
*PRACTICE LIMITED TO*
*FEDERAL COURTS*

**VIA EMAIL ONLY**

September 25, 2013

Lucy M. Rand, AAG
Office of the Attorney General
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926

### *Re: Parsons v. Ryan Supplemental Discovery Production*

Dear Ms. Rand:

I am writing to correct an inadvertent omission in my letter sent earlier today.

In Appendix B to that letter, Plaintiffs set forth a list of the discovery requests to which Defendants objected on the ground that *"the Court did not certify this claim."* For each such request, Plaintiffs identified the certified claim or claims to which we believe the request is relevant.

For the following requests, Claim 9 ("Failure to provide mentally ill prisoners medically necessary mental health treatment (i.e. psychotropic medication, therapy, and inpatient treatment)") should have been identified as a claim to which the request is relevant:

Defendants' Responses to Gamez's 1st Set of Request for Admissions

Requests No. 29 – 45 (see Appendix B at 4-10).

We apologize for the omission.

Very truly yours,

David C. Fathi

Cc:    All counsel