# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV12-0601-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Before the Court are the parties' tenth discovery dispute (Doc. 673) and stipulated motion to extend the discovery deadline to present certain disputes to the Court (Doc. 674). For the following reasons, the tenth discovery dispute will be denied as to both parties as untimely, and the parties' stipulation for extension of discovery will be denied.

Fact discovery is complete, having closed on September 27, 2013. The deadline for discovery is the deadline for completion of discovery, not a deadline for presenting disputes. Disputes must be resolved promptly or presented to the Court promptly and in time to be ruled and complied with, all within the discovery deadline. The parties' failure to exercise diligence in bringing disputes to the Court's attention for resolution prior to the deadline extinguishes any outstanding disputes. These instant disputes were filed on the last day of discovery at 6:55 p.m. and 7:16 p.m., respectively, precluding the Court

from reviewing or resolving them prior to the deadline. *See Everson v. Everson*, 2011 WL 166704, at *1 (D. Ariz. Jan. 19, 2011). Further, the Court explicitly warned the parties in the original Scheduling Order, "Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines." (Doc. 52 at 3 ¶ 6(c)). Compounding the delay, the parties seek until November 8, 2013 to present further, enumerated disputes to the Court. Incorporating time for production in connection with any future dispute would push out the discovery deadline for two or three additional months.

Discovery in this case has been unreasonably contentious on both sides. Much of it has been excessive. The discovery deadline at least incentivizes putting important things first. That incentive is defeated if delay and extensions are granted on matters that could have been addressed in a timely fashion.

The parties had ample opportunity to present these issues to the Court prior to the expiration of the discovery deadline. It is apparent that both sides were aware of the issues presented long before September 27, 2013 and failed to act with reasonable diligence to bring their disputes to the Court. Consequently, the language in the Scheduling Order controls this situation and the Court will not extend any discovery deadlines to entertain belated discovery disputes.

**IT IS THEREFORE ORDERED that:**

1. The parties' tenth notice of discovery dispute (Doc. 673) is **denied** as to both parties as untimely. The parties' stipulation to extend certain discovery deadlines (Doc. 674) is **denied**.

2. This Order does not apply to the Court's recent directive regarding the temperature evidence Defendants must produce. That evidence must be produced no later than October 11, 2013.

Dated this 1st day of October, 2013.

_____
Neil V. Wake
United States District Judge