# EXHIBIT 1

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Middle District of Tennessee

| | | |
|---|---|---|
| Victor Parsons, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV 12-00601-PHX-NVW (MEA) |
| Charles Ryan and Richard Pratt | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Arizona              ) |

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Joe Pastor, Rule 30(b)(6) Designee of Corizon, Inc., c/o Russ Morgan of Bradley Arant Boult Cummings, LLP,
1600 Division Street, Suite 700, Nashville, Tennessee 37203

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A for deposition topics.

| Place:  Bradley Arant Boult Cummings, LLP<br>1600 Division Street, Suite 700<br>Nashville, Tennessee 37203 | Date and Time:<br><br>10/04/2013 10:30 am |
|---|---|

The deposition will be recorded by this method:   _stenographic_

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   _10/02/2013_

*CLERK OF COURT*

OR

| | |
|---|---|
| _____ | s/ John H. Gray |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Prisoner Plaintiffs and the
Arizona Center for Disability Law _____ , who issues or requests this subpoena, are:
John H. Gray, Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoneix, Arizona 85012,
jhgray@perkinscoie.com, 602-351-8209; Jennifer Alewelt, ACDL, 5025 East Washington St., Suite 202, Phoenix,
Arizona 85034, jalewelt@azdisabilitylaw.org, 602-274-6287

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   CV 12-00601-PHX-NVW (MEA)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEPOSITION TOPICS

**TO: Joe Pastor, 30(b)(6) Designee, Corizon, Inc., c/o Russ Morgan of Bradley Arant Boult Cummings, LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37230**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs command the 30(b)(6) Designee of Corizon, Inc. to appear and testify at deposition in this civil action at 10:30 a.m. on October 4, 2013 at the law offices of Bradley Arant Boult Cummings, LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37230. Plaintiffs intend to record the testimony stenographically using instantaneous (or "real time") transcription, which provides visual display of the testimony.

## DEFINITIONS

For the purposes of this deposition notice the following definitions shall apply.

1.     "ADC" means the Arizona Department of Corrections, including all its subdivisions, agents, employees, contractors, and attorneys.

2.     "ASPC-FLORENCE" means the Arizona State Prison Complex-Florence.

3.     "CHRONIC CARE" means the provision of care to treat and manage chronic conditions or diseases that require regular monitoring and treatment, including but not limited to the chronic conditions set forth in ADC's Health Services Technical Manual, Chapter 5, Section 5.5.1.

4.     "COMMUNICATIONS" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including a Blackberry or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay

chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Web-X and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voice mail messages.

5.     "CORIZON" means Corizon, Inc., including all of its subdivisions, agents, employees, contractors, and attorneys.

6.     "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and DESCRIPTION and every tangible thing that is or has been in the possession, custody, or control of CORIZON, to which they have access, or of which they have knowledge, including, but not limited to, COMMUNICATIONS, correspondence, letters, contracts, files, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage.

7.     "EMERGENCY HEALTH CARE SERVICES" means treatment or care to address a mental health, medical, or dental injury or illness that is acute, causes substantial pain, and/or and poses a substantial and immediate risk to the life or long term health of a person.

8.     "ENTRY-LEVEL PRACTITIONERS" means persons who provide HEALTH CARE to PRISONERS at the ADC subordinate to MID-LEVEL PRACTITIONERS or HEALTH CARE CLINICIANS.

9.     "HEALTH CARE" means the provision of care, including adequate diet, to address the mental health, MEDICAL CARE, or dental needs of a PRISONER, whether those needs arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic or preventive purposes.

10.    "HEALTH CARE CLINICIANS" means persons independently licensed to provide HEALTH CARE to PRISONERS at the ADC facilities, including but not limited to M.D., D.O., D.D.S., and Ph.D. credentialed staff.

11.    "HEALTH CARE PRIVATIZATION CONTRACT" means the contract executed on January 30, 2013, between ADC and Corizon, Inc., pursuant to State of Arizona Request for Proposal Number ADOC12-00001105, for the privatization of all correctional health services.

12.    "HEALTH CARE RECORDS" means any and all documents maintained and recorded, whether in electronic or paper format, for individual PRISONERS regarding the HEALTH CARE they are receiving or requesting.

13.    "HEALTH CARE STAFF" means all staff employed or paid by the ADC, or paid indirectly by the ADC through CORIZON who are responsible for providing HEALTH CARE to ADC PRISONERS, including but not limited to HEALTH CARE CLINICIANS, MID-LEVEL PRACTITIONERS, ENTRY-LEVEL PRACTITIONERS, and administrative and support staff.

14.    "MEDICAL CARE" means the provision of care to address the physical health needs of a PRISONER, whether those needs arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic or preventive purposes

15.    "MID-LEVEL PRACTITIONERS" means licensed professionals who provide HEALTH CARE to PRISONERS at the ADC under supervision by HEALTH CARE CLINICIANS.

- 3 -

16.     "POLICIES AND PROCEDURES" means policies, procedures, criteria, and/or practices, whether written or established through custom or use, including but not limited to policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders, and any other DOCUMENTS designed to direct the actions of ADC personnel, ADC contractors, including CORIZON, and/or PRISONERS.

17.     "PRISONER" means a person incarcerated by the ADC.

18.     "QUALITY ASSURANCE" means any activities implemented for the purpose of examining, assessing, evaluating, investigating, analyzing, or identifying the quality of a product or service.

19.     "REFERRAL" means a recommendation that a PRISONER obtain HEALTH CARE at ADC or non ADC facilities, whether or not such HEALTH CARE is in fact ever provided.

20.     "REGARDING" or "REGARDED" to any given subject matter means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

21.     "REVIEWS" means examinations, assessments, evaluations, or investigations performed by or at the direction of ADC staff or officials, or CORIZON staff or officials.

22.     "SPECIALTY CARE" means non-routine HEALTH CARE provided by HEALTH CARE CLINICIANS not employed by ADC or CORIZON, pursuant to a REFERRAL.

23.    "STAFFING SCHEDULE" means the days, hours, and/or shifts for which each member of the HEALTH CARE STAFF was scheduled to work, including overtime, on call and call-in coverage.

**TOPICS:**

1.    POLICIES AND PROCEDURES for evaluating mental health needs of PRISONERS and providing MENTAL HEALTH CARE at initial intake into ADC; during incarceration; and upon release to the community.  This topic includes POLICIES AND PROCEDURES for classifying, re-classifying or identifying PRISONERS as "seriously mentally ill," "severely mentally ill," MH-1 through MH-5, or any other mental health classification employed by the ADC or CORIZON, as well as the provision of MENTAL HEALTH CARE to PRISONERS so identified.

2.    The provision of MENTAL HEALTH CARE to PRISONERS in ISOLATION UNITS.  This topic is intended to focus on the way in which mental health care is provided to the subset of PRISONERS housed in ISOLATION UNITS in ADC facilities.  To further specify the scope of this topic, this topic is intended to focus on the following:

- the manner in which HEALTH CARE STAFF identify and treat PRISONERS in ISOLATION UNITS with mental health symptoms, such as the risk of suicide, self-harm, or other mental health NEEDS;

- the prescription of, and delivery of, psychotropic medications and psychiatric care to PRISONERS in ISOLATION UNITS, including the manner and timeliness of the delivery of such treatment;

- the availability and delivery of non-psychiatric MENTAL HEALTH CARE, such as psychological care, one-to-one counseling, group therapy,

or any other form of MENTAL HEALTH CARE, to PRISONERS in ISOLATION UNITS.

3.    MENTAL HEALTH WATCH in ADC facilities. This topic focuses on the circumstances in which PRISONERS can be placed on and removed from MENTAL HEALTH WATCH, and by which HEALTH CARE STAFF. This topic also focuses on the MENTAL HEALTH CARE provided to PRISONERS on MENTAL HEALTH WATCH.

4.    The prescription and provision of psychotropic medications. To further clarify this topic, this topic focuses on:

- the manner in which HEALTH CARE STAFF prescribe psychotropic medications;

- the timely provision of psychotropic medications to PRISONERS;

- monitoring and management of the therapeutic effects and side effects of psychotropic medications.

5.    Reports, evaluations, and statistical data regarding the provision of MENTAL HEALTH CARE that are required to be provided by Corizon to ADC.

6.    The QUALITY ASSURANCE relating to any of the above-listed topics and Corizon's implementation of any POLICIES AND PROCEDURES related to any of the above-listed topics.

78204-0001/LEGAL28001769.1

- 6 -

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Tennessee

| | | |
|---|---|---|
| Victor Parsons, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV 12-00601-PHX-NVW (MEA) |
| Charles Ryan and Richard Pratt | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Arizona                ) |

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Vicky Bybee, Rule 30(b)(6) Designee of Corizon, Inc., c/o Russ Morgan of Bradley Arant Boult Cummings, LLP,
      1600 Division Street, Suite 700, Nashville, Tennessee 37203

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
      See Attachment A for deposition topics.

| Place:  Perkins Coie LLP<br>         2901 N. Central Avenue, Suite 2000<br>         Phoenix, Arizona 85012 | Date and Time:<br>           10/10/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   _stenographic_

☐  *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _10/02/2013_

         *CLERK OF COURT*
                                              OR

_____         _____
    *Signature of Clerk or Deputy Clerk*                s/ John H. Gray
                                                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Prisoner Plaintiffs and the
Arizona Center for Disability Law _____ , who issues or requests this subpoena, are:
John H. Gray, Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoneix, Arizona 85012,
jhgray@perkinscoie.com, 602-351-8209; Jennifer Alewelt, ACDL, 5025 East Washington St., Suite 202, Phoenix,
Arizona 85034, jalewelt@azdisabilitylaw.org, 602-274-6287

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   CV 12-00601-PHX-NVW (MEA)

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                *Server's signature*

                                                    _____
                                                                *Printed name and title*

                                                    _____
                                                                *Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEPOSITION TOPICS

**TO: Vicky Bybee, 30(b)(6) Designee, Corizon, Inc. , c/o Russ Morgan of Bradley Arant Boult Cummings, LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37230**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs command the 30(b)(6) Designee of Corizon, Inc. to appear and testify at deposition in this civil action at 9:00 a.m. on October 10, 2013 at the law offices of Perkins Coie LLP, 2901 N. Central Avenue, Ste. 2000, Phoenix, AZ 85012-2788.  Plaintiffs intend to record the testimony stenographically using instantaneous (or "real time") transcription, which provides visual display of the testimony.

## DEFINITIONS

For the purposes of this deposition notice the following definitions shall apply.

1.    "ADC" means the Arizona Department of Corrections, including all its subdivisions, agents, employees, contractors, and attorneys.

2.    "ASPC-FLORENCE" means the Arizona State Prison Complex-Florence.

3.    "CHRONIC CARE" means the provision of care to treat and manage chronic conditions or diseases that require regular monitoring and treatment, including but not limited to the chronic conditions set forth in ADC's Health Services Technical Manual, Chapter 5, Section 5.5.1.

4.    "COMMUNICATIONS" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including a Blackberry or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay

chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Web-X and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voice mail messages.

5. "CORIZON" means Corizon, Inc., including all of its subdivisions, agents, employees, contractors, and attorneys.

6. "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and DESCRIPTION and every tangible thing that is or has been in the possession, custody, or control of CORIZON, to which they have access, or of which they have knowledge, including, but not limited to, COMMUNICATIONS, correspondence, letters, contracts, files, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage.

7. "EMERGENCY HEALTH CARE SERVICES" means treatment or care to address a mental health, medical, or dental injury or illness that is acute, causes substantial pain, and/or and poses a substantial and immediate risk to the life or long term health of a person.

8. "ENTRY-LEVEL PRACTITIONERS" means persons who provide HEALTH CARE to PRISONERS at the ADC subordinate to MID-LEVEL PRACTITIONERS or HEALTH CARE CLINICIANS.

- 2 -

9.     "HEALTH CARE" means the provision of care, including adequate diet, to address the mental health, MEDICAL CARE, or dental needs of a PRISONER, whether those needs arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic or preventive purposes.

10.     "HEALTH CARE CLINICIANS" means persons independently licensed to provide HEALTH CARE to PRISONERS at the ADC facilities, including but not limited to M.D., D.O., D.D.S., and Ph.D. credentialed staff.

11.     "HEALTH CARE PRIVATIZATION CONTRACT" means the contract executed on January 30, 2013, between ADC and Corizon, Inc., pursuant to State of Arizona Request for Proposal Number ADOC12-00001105, for the privatization of all correctional health services.

12.     "HEALTH CARE RECORDS" means any and all documents maintained and recorded, whether in electronic or paper format, for individual PRISONERS regarding the HEALTH CARE they are receiving or requesting.

13.     "HEALTH CARE STAFF" means all staff employed or paid by the ADC, or paid indirectly by the ADC through CORIZON who are responsible for providing HEALTH CARE to ADC PRISONERS, including but not limited to HEALTH CARE CLINICIANS, MID-LEVEL PRACTITIONERS, ENTRY-LEVEL PRACTITIONERS, and administrative and support staff.

14.     "MEDICAL CARE" means the provision of care to address the physical health needs of a PRISONER, whether those needs arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic or preventive purposes

15.     "MID-LEVEL PRACTITIONERS" means licensed professionals who provide HEALTH CARE to PRISONERS at the ADC under supervision by HEALTH CARE CLINICIANS.

16.    "POLICIES AND PROCEDURES" means policies, procedures, criteria, and/or practices, whether written or established through custom or use, including but not limited to policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders, and any other DOCUMENTS designed to direct the actions of ADC personnel, ADC contractors, including CORIZON, and/or PRISONERS.

17.    "PRISONER" means a person incarcerated by the ADC.

18.    "QUALITY ASSURANCE" means any activities implemented for the purpose of examining, assessing, evaluating, investigating, analyzing, or identifying the quality of a product or service.

19.    "REFERRAL" means a recommendation that a PRISONER obtain HEALTH CARE at ADC or non ADC facilities, whether or not such HEALTH CARE is in fact ever provided.

20.    "REGARDING" or "REGARDED" to any given subject matter means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

21.    "REVIEWS" means examinations, assessments, evaluations, or investigations performed by or at the direction of ADC staff or officials, or CORIZON staff or officials.

22.    "SPECIALTY CARE" means non-routine HEALTH CARE provided by HEALTH CARE CLINICIANS not employed by ADC or CORIZON, pursuant to a REFERRAL.

23.    "STAFFING SCHEDULE" means the days, hours, and/or shifts for which each member of the HEALTH CARE STAFF was scheduled to work, including overtime, on call and call-in coverage.

**TOPICS:**

1.    The number of HEALTH CARE staff of each job position working at ADC facilities and the number of full time equivalent (FTE) positions available to be filled. Specifically, this topic seeks testimony on the number of HEALTH CARE staff who work at ADC facilities, in comparison to the number of available FTE positions.

2.    The formal clinical training of HEALTH CARE staff, such as classes, continuing education programs, formal training sessions, and training pamphlets made available to HEALTH CARE staff. This topic is not intended to include testimony on the specific details of informal, on-the-job training that any employee would receive, except to the extent there are formal parameters or guidelines relating to the way in which such training should take place.

3.    The processing of Health Needs Request forms (HNRs) and sick call at ADC facilities, and any other ways in which PRISONERS can access HEALTH CARE at ADC facilities. This topic excludes any discussion of grievance procedures.

4.    The provision of SPECIALTY CARE, CHRONIC CARE, and EMERGENCY HEALTH CARE SERVICES to PRISONERS. This topic is limited to these three areas of care and does not include a discussion of all types of HEALTH CARE. For each type of care, this topic seeks testimony on the way in which PRISONERS can be referred or recommended to receive the type of care, either within or outside ADC facilities, and the clinical space available for the type of care. This topic also includes the scope of the care that Corizon is able to provide in the areas of SPECIALTY CARE, CHRONIC CARE, and EMERGENCY HEALTH CARE

SERVICES. This topic is not intended to seek testimony about particular PRISONERS' access to these types of care, but rather seeks Corizon's testimony on the general access to and availability of such care. This topic excludes Dental.

5.      Reports, evaluations, and statistical data regarding the provision of MENTAL HEALTH CARE that are required to be provided by Corizon to ADC.

6.      The QUALITY ASSURANCE relating to any of the above-listed topics and Corizon's implementation of any POLICIES AND PROCEDURES related to any of the above-listed topics.

78204-0001/LEGAL28001853.1

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | | |
|---|---|---|
| Victor Parsons, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV 12-00601-PHX-NVW (MEA) |
| Charles Ryan and Richard Pratt | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Arizona                    ) |

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Winfred Williams, Rule 30(b)(6) Designee of Corizon, Inc., c/o Russ Morgan of Bradley Arant Boult Cummings, LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37203

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A for deposition topics.

| Place: Perkins Coie LLP<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012 | Date and Time:<br><br>10/10/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/02/2013

CLERK OF COURT

OR

_____          s/ John H. Gray
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Prisoner Plaintiffs and the
Arizona Center for Disability Law _____ , who issues or requests this subpoena, are:
John H. Gray, Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoenix, Arizona 85012,
jhgray@perkinscoie.com, 602-351-8209; Jennifer Alewelt, ACDL, 5025 East Washington St., Suite 202, Phoenix,
Arizona 85034, jalewelt@azdisabilitylaw.org, 602-274-6287

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   CV 12-00601-PHX-NVW (MEA)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                              *Server's signature*

                                 _____
                                              *Printed name and title*

                                 _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEPOSITION TOPICS

**TO:**   **Winfred Williams, 30(b)(6) Designee, Corizon, Inc., c/o Russ Morgan of Bradley Arant Boult Cummings, LLP, 1600 Division Street, Suite 700, Nashville, Tennessee 37230**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs command the 30(b)(6) Designee of Corizon, Inc. to appear and testify at deposition in this civil action at 9:00 a.m. on October 10, 2013 at the law offices of Perkins Coie LLP, 2901 N. Central Avenue, Ste. 2000, Phoenix, AZ 85012-2788.  Plaintiffs intend to record the testimony stenographically using instantaneous (or "real time") transcription, which provides visual display of the testimony.

## DEFINITIONS

For the purposes of this deposition notice the following definitions shall apply.

1.      "ADC" means the Arizona Department of Corrections, including all its subdivisions, agents, employees, contractors, and attorneys.

2.      "ASPC-FLORENCE" means the Arizona State Prison Complex-Florence.

3.      "CHRONIC CARE" means the provision of care to treat and manage chronic conditions or diseases that require regular monitoring and treatment, including but not limited to the chronic conditions set forth in ADC's Health Services Technical Manual, Chapter 5, Section 5.5.1.

4.      "COMMUNICATIONS" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including a Blackberry or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay

chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Web-X and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voice mail messages.

5.     "CORIZON" means Corizon, Inc., including all of its subdivisions, agents, employees, contractors, and attorneys.

6.     "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and DESCRIPTION and every tangible thing that is or has been in the possession, custody, or control of CORIZON, to which they have access, or of which they have knowledge, including, but not limited to, COMMUNICATIONS, correspondence, letters, contracts, files, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage.

7.     "EMERGENCY HEALTH CARE SERVICES" means treatment or care to address a mental health, medical, or dental injury or illness that is acute, causes substantial pain, and/or and poses a substantial and immediate risk to the life or long term health of a person.

8.     "ENTRY-LEVEL PRACTITIONERS" means persons who provide HEALTH CARE to PRISONERS at the ADC subordinate to MID-LEVEL PRACTITIONERS or HEALTH CARE CLINICIANS.

9.     "HEALTH CARE" means the provision of care, including adequate diet, to address the mental health, MEDICAL CARE, or dental needs of a PRISONER, whether those needs arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic or preventive purposes.

10.     "HEALTH CARE CLINICIANS" means persons independently licensed to provide HEALTH CARE to PRISONERS at the ADC facilities, including but not limited to M.D., D.O., D.D.S., and Ph.D. credentialed staff.

11.     "HEALTH CARE PRIVATIZATION CONTRACT" means the contract executed on January 30, 2013, between ADC and Corizon, Inc., pursuant to State of Arizona Request for Proposal Number ADOC12-00001105, for the privatization of all correctional health services.

12.     "HEALTH CARE RECORDS" means any and all documents maintained and recorded, whether in electronic or paper format, for individual PRISONERS regarding the HEALTH CARE they are receiving or requesting.

13.     "HEALTH CARE STAFF" means all staff employed or paid by the ADC, or paid indirectly by the ADC through CORIZON who are responsible for providing HEALTH CARE to ADC PRISONERS, including but not limited to HEALTH CARE CLINICIANS, MID-LEVEL PRACTITIONERS, ENTRY-LEVEL PRACTITIONERS, and administrative and support staff.

14.     "MEDICAL CARE" means the provision of care to address the physical health needs of a PRISONER, whether those needs arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic or preventive purposes

15.     "MID-LEVEL PRACTITIONERS" means licensed professionals who provide HEALTH CARE to PRISONERS at the ADC under supervision by HEALTH CARE CLINICIANS.

16.    "POLICIES AND PROCEDURES" means policies, procedures, criteria, and/or practices, whether written or established through custom or use, including but not limited to policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders, and any other DOCUMENTS designed to direct the actions of ADC personnel, ADC contractors, including CORIZON, and/or PRISONERS.

17.    "PRISONER" means a person incarcerated by the ADC.

18.    "QUALITY ASSURANCE" means any activities implemented for the purpose of examining, assessing, evaluating, investigating, analyzing, or identifying the quality of a product or service.

19.    "REFERRAL" means a recommendation that a PRISONER obtain HEALTH CARE at ADC or non ADC facilities, whether or not such HEALTH CARE is in fact ever provided.

20.    "REGARDING" or "REGARDED" to any given subject matter means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

21.    "REVIEWS" means examinations, assessments, evaluations, or investigations performed by or at the direction of ADC staff or officials, or CORIZON staff or officials.

22.    "SPECIALTY CARE" means non-routine HEALTH CARE provided by HEALTH CARE CLINICIANS not employed by ADC or CORIZON, pursuant to a REFERRAL.

23.    "STAFFING SCHEDULE" means the days, hours, and/or shifts for which each member of the HEALTH CARE STAFF was scheduled to work, including overtime, on call and call-in coverage.

**TOPICS:**

1.    The number of HEALTH CARE staff of each job position working at ADC facilities and the number of full time equivalent (FTE) positions available to be filled. Specifically, this topic seeks testimony on the number of HEALTH CARE staff who work at ADC facilities, in comparison to the number of available FTE positions.

2.    The formal clinical training of HEALTH CARE staff, such as classes, continuing education programs, formal training sessions, and training pamphlets made available to HEALTH CARE staff. This topic is not intended to include testimony on the specific details of informal, on-the-job training that any employee would receive, except to the extent there are formal parameters or guidelines relating to the way in which such training should take place.

3.    The processing of Health Needs Request forms (HNRs) and sick call at ADC facilities, and any other ways in which PRISONERS can access HEALTH CARE at ADC facilities. This topic excludes any discussion of grievance procedures.

4.    The provision of SPECIALTY CARE, CHRONIC CARE, and EMERGENCY HEALTH CARE SERVICES to PRISONERS. This topic is limited to these three areas of care and does not include a discussion of all types of HEALTH CARE. For each type of care, this topic seeks testimony on the way in which PRISONERS can be referred or recommended to receive the type of care, either within or outside ADC facilities, and the clinical space available for the type of care. This topic also includes the scope of the care that Corizon is able to provide in the areas of SPECIALTY CARE, CHRONIC CARE, and EMERGENCY HEALTH CARE

SERVICES. This topic is not intended to seek testimony about particular PRISONERS' access to these types of care, but rather seeks Corizon's testimony on the general access to and availability of such care. This topic excludes Dental.

5.      Reports, evaluations, and statistical data regarding the provision of MENTAL HEALTH CARE that are required to be provided by Corizon to ADC.

6.      The QUALITY ASSURANCE relating to any of the above-listed topics and Corizon's implementation of any POLICIES AND PROCEDURES related to any of the above-listed topics.

78204-0001/LEGAL28006827.1