1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone: (602) 650-1854
   Email: dpochoda@acluaz.org
5         kflood@acluaz.org
          jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8  *Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree*
9  *Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all*
10 *others similarly situated*

11 **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **MOTION FOR RECONSIDERATION** <br><br> **[REDACTED]** |

SFI-840388v1

**TABLE OF CONTENTS**

**Page**

ARGUMENT .................................................................................................................. 6
THE COURT'S DECISION TO DENY AS UNTIMELY THE PARTIES' TENTH DISCOVERY DISPUTE AND THE STIPULATION TO EXTEND DISCOVERY IS ERRONEOUS ........................................................................ 6
I. The Dispute Regarding the Supplementation of the Parsons Discovery Was Timely Raised ........................................................................................... 6
II. By Denying the Joint Motion, the Court is Endorsing Defendants' Failure to Complete Discovery and Significantly Prejudicing Plaintiffs ................. 9
CONCLUSION ............................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Episcopo v. Gen. Motors Corp.*,
  No. 02 C 8675, 2004 WL 628243 (N.D. Ill. Mar. 29, 2004) .................................... 7

*Everson v. Everson*,
  No. CV-08-1980-PHX-GMS, 2011 WL 166704 (D. Ariz. Jan. 19, 2011) ................ 7, 8

*Gorzynski v. Jet Blue Airlines Corp.*,
  No. 3CV774A, 2012 WL 712067 (W.D.N.Y. Mar. 5, 2012) ........................................... 6

*Hunyh v. J.P. Morgan Chase & Co.*,
  No. CIV 06–0001–PHX–RCB, 2008 WL 2789532 (D. Ariz. Jul. 17, 2008) ........................... 7

*In re BankAtlantic BanCorp, Inc.*,
  No. 07–61542–CIV, 2010 WL 3294342 (S.D. Fla., Aug. 20, 2010) ........................................ 7

*Lurie v. Mid-Atlantic Permanente Med. Group,*
  262 F.R.D. 29 (D.D.C. 2009) ....................................................................... 10

*Robbins v. Camden City Bd. of Educ.*,
  105 F.R.D. 49 (D.N.J. 1985) ........................................................................... 3

*U.S. EEOC v. Bill Heard Chevrolet Corp.*,
  No. 2:07-cv-01195-RLH-PAL, 2009 WL 2489282 (D. Nev. Aug. 12, 2009) ................ 6

**OTHER AUTHORITIES**

Local Civil Rule 7.2(g) ...................................................................................... 1

Fed. R. Civ. P. 26 .............................................................................................. 7

Fed. R. Civ. P. 26(b)(2)(C)(iii) ......................................................................... 1

Fed. R. Civ. P. 26(e) ................................................................................. 6, 7, 8

Fed. R. Civ. P. 30 .............................................................................................. 1

-ii-

SFI-840388v1

Pursuant to Local Civil Rule 7.2(g), Plaintiffs hereby request reconsideration of this Court's order, filed October 1, 2013 (Dkt. 679), denying consideration of the parties' Tenth Discovery Dispute (Dkt. 673) and rejecting the parties' Stipulation that the discovery deadline be extended in part, so that the parties could continue to meet and confer about certain enumerated discovery disputes that had yet to be resolved (Dkt. 674). Plaintiffs seek reconsideration to inform the Court of facts not previously presented because the content of the joint motion was agreed upon by the parties and to set forth arguments demonstrating that the Tenth Discovery Dispute and the Stipulations were timely filed. In addition, the discovery sought therein is critical to an accurate resolution of the issues in this case and there is no undue prejudice to the Court or the parties since the trial will not begin for more than a year.

The Plaintiff class has raised the most serious claims that a case can raise: class members are dying, suffering, and at serious risk of future harm because Defendants' provision of health care and conditions of confinement in isolation are so grossly inadequate as to amount to cruel and unusual punishment in violation of the Constitution. That is the backdrop against which discovery has proceeded. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii), 30 (requiring court to factor in the importance of the issues at stake and the importance of the discovery in resolving the issues when assessing burden or a request for additional discovery).

Defendants have elected to impede document production in this case by obstructing production and limiting their document production staffing. Despite the massive size of the case and the extensive document production required, Defendants have severely understaffed the document production, using one or two attorneys, with other responsibilities, to complete this task. Mitchell Decl. ¶ 2. Ms. Rand, now the sole attorney with document production responsibility for Defendants, recently acknowledged that she is working weekends but she still has boxes of documents in her office, which she has not had time to process and produce. Kendrick Decl. ¶ 4; Mitchell Decl. ¶ 2. As a consequence of Defendants' staffing and other choices, production has been delayed,

incomplete, and disorganized. This has already prejudiced Plaintiffs by permitting Defendants to question Named Plaintiffs in their depositions about documents Plaintiffs' counsel had not seen before. Mitchell Decl. ¶ 3. The lack of documents moreover prejudiced Plaintiffs' ability to obtain substantive testimony in depositions regarding deponents' monitoring of health care and isolation practices. For example, Dr. Nicole Taylor testified on September 5, 2013, that after prisoners commit suicide she reviews "psych autopsies" to determine if the death was preventable, yet those "autopsies" have never been produced and were not available to Plaintiffs to question Dr. Taylor. Taylor Dep. at 68:6-22, 69:4-9,[1] Quereshi Decl. ¶ 3.

In another example, ADC's Health Services Contract Compliance Monitor, testified at her September 10, 2013 depositions about a memorandum she wrote summarizing troublesome trends regarding the administration of sick calls and the management of medical records: "A spreadsheet that highlighted the areas that showed which yards and what items needed to be retrained with your staff. I—I don't—I would have thought you'd have the attachment." But the attachment was not available to Plaintiffs for the deposition. Bedoya Dep. at 145:20-147:12; Quereshi Decl. ¶ 4.

██████████████████████ McWilliams Dep., 58:22-59:13. ██████████

██████████████████████████████████████████ Quereshi Decl. ¶ 9. ██████████

██████████████████████

██████████████████████████ McWilliams Dep., 151:1-152:1; Quereshi Decl. ¶ 10.

Defendants have attempted to justify their incomplete and selective production by making a ubiquitous burden objection, and then selectively producing documents without specifying which documents that they are not producing or articulating the specific

---

[1] The deposition testimony cited in the motion is attached hereto, in alphabetical order by deponent, as Exhibit 1.

1  burdens. Mitchell Decl. ¶ 4 . But early on in the meet-and-confer process, when pressed
2  on the burden issue, Defendants said they were not relying on it and have never since
3  specified which documents they are declining to produce based on burden, as Plaintiffs
4  requested. *Id*. Courts disfavor unspecified burden objections. *See, e.g.*, *Robbins v.*
5  *Camden City Bd. of Education*, 105 F.R.D. 49, 60-61 (D.N.J. 1985) ("the court will note
6  that defendant has made no particularized objections, relying solely on its broad
7  contention of irrelevance, overbreadth and undue burden.  In the absence of
8  specific objections, defendant will be compelled to respond to . . . plaintiff's requests for
9  documents . . . ."). This practice, along with the generally disorganized nature of the
10 production itself, has delayed Plaintiffs in clearly identifying what is missing from recent
11 production and contributed to the time-consuming process of resolving open issues.
12 Mitchell Decl. ¶ 6.

13       Defendants also have apparently destroyed documents that should have been
14 subject to a litigation hold.  ADC employees testified that Corizon creates corrective
15 action plans (CAPs) in response to ADC monitors' findings that prisoners are not being
16 provided adequate care. These plans include direct evidence regarding deficiencies in the
17 provision of medical and mental health care and Defendants' failed attempts to remedy
18 them. Despite the litigation hold that is in place, ADC witnesses testified these critical
19 documents are not being preserved. ████████████
20 ████████████████████████████████████████████████
21 ████████████████████ Evans Dep. at 87:24-88:16; Quereshi Decl. ¶ 12.

22       The parties attempted to deal with Defendants' failure to complete their document
23 production in a reasonable way:  by seeking a joint extension of the discovery deadline as
24 to key categories of incomplete production to try to continue to resolve those issues
25 without burdening the Court. *See* Dkt. No. 674. Many of the issues specified in the
26 stipulation were not yet ripe for the Court's consideration because Counsel for Defendants
27 indicated they were still in the process of obtaining documents, and had therefore refused
28 to indicate whether they planned to produce the requested documents in full (and if so, by

1  when), or whether they were refusing to produce altogether.  Calderón Decl. ¶ 2.
2  Plaintiffs were attempting in good faith to give Defendants as much time to work on
3  production as possible before seeking Court intervention. The Court had extended the
4  discovery deadline for discrete issues on other occasions (*e.g.*, Dkts 624, 650), and the
5  parties had no reason to believe that the Court would not extend the deadline when the
6  parties agreed to do so in order to conduct further negotiations.  If Plaintiffs knew that the
7  Court would not extend the deadline to allow Defendants to complete the production in an
8  orderly fashion, they would have moved to compel before the deadline.

9        The Stipulation to extend the discovery deadline was necessary because critical
10 documents relevant to the operation of ADC's health care system and the conditions in
11 isolation have not been produced.  These documents include those which contain "gross
12 data" about how the system is operating, such as the wait time for processing sick call
13 slips, suicide statistics, and the frequency of mental health treatment for prisoners in
14 isolation units.  Dkt. 674 ¶¶ 5, 7.  Other documents sought were equally critical, including
15 monitoring reports and corrective action plans about important aspects of the health care
16 operations at each facility, suicide autopsies (which are supposed to be a critical review of
17 events leading up to the suicide), minutes of regular meetings between Corizon and ADC
18 about issues with the operation of the health care system, and all the medical records that
19 Plaintiffs' experts flagged during their tours of ADC facilities and need to complete their
20 expert reports.  *Id*. ¶¶ 2, 5, 7.

21       The Stipulation also was designed to give the parties time to resolve another
22 important issue—the failure of Defendants to produce a privilege log even though they
23 have withheld documents on a claim of privilege.  Id. ¶ 6.

24       The Court's decision to reject the parties' Stipulation severely prejudices Plaintiffs'
25 ability to prove their case.  As noted above, the discovery sought by Plaintiffs is not only
26 relevant, but critical to a full understanding of how the ADC operates its health care
27 facilities and the effect of the conditions in isolation on the well-being of prisoners.  The
28 Court's decision is particularly troubling since an extension of the deadline would have no

adverse impact on the Court since the trial in the case is an entire year away and Defendants cannot claim prejudice because they agreed to the extension.

The parties also acted reasonably by timely filing the Tenth Discovery Dispute only two weeks after Defendants first notified Plaintiffs' counsel that they were refusing to supplement their responses to Parsons' discovery requests, which required them to produce critical documents, including "gross data" about staffing vacancies, and the medical records of prisoners who died while in ADC custody, and that they were not going to supplement other important document requests. Mitchell Decl. ¶ 4.

The Court's decision holding the Tenth Discovery dispute untimely is fundamentally unfair and extremely prejudicial. Defendants effectively sandbagged Plaintiffs by notifying them on September 12, 2013 that they would no longer supplement the document requests from Plaintiff Parsons because he had been dismissed from the case six months ago, even though they had supplemented that discovery seven times since Parsons had been dismissed. Mitchell Decl. ¶ 4. By this time, the discovery deadline had run on propounding new document requests, pursuant to the Court's scheduling orders. Even though Defendants never completed their response to Parsons' discovery, including by producing death records that are critical to showing how the lack of adequate care affects class members, another Plaintiff could not request those documents because the deadline for propounding discovery requests was August 13, 2013. The Court's decision holding that the Tenth Dispute was untimely even though it was filed only two weeks after Defendants' September 12 notification and while discovery was still open, leaves Plaintiffs with no ability to obtain these documents. *See* Dkt. No. 389 (setting the deadline for completion of fact discovery as September 27, thereby requiring that any discovery to be served in time to be completed by the discovery deadline be served in August).

For the reasons that follow, Plaintiffs respectfully maintain that the Court erred in ruling that the Tenth Discovery Dispute and the Joint Stipulation were untimely and request that the Court approve the Stipulation and decide the discovery dispute on the

-5-
SFI-840388v1

merits.

## ARGUMENT

### THE COURT'S DECISION TO DENY AS UNTIMELY THE PARTIES' TENTH DISCOVERY DISPUTE AND THE STIPULATION TO EXTEND DISCOVERY IS ERRONEOUS

**I. The Dispute Regarding the Supplementation of the Parsons Discovery Was Timely Raised.**

This discovery dispute raised the question whether Defendants could announce on September 12, 2013, that they would no longer supplement their responses to Victor Parsons' discovery after having supplemented it throughout the entire case, including on August 11, 2013, well after Parsons was dismissed from the case. Mitchell Decl. ¶ 4. By continuing supplementation after his dismissal and not expressing their intent to change position until after the deadline for serving discovery, Defendants prejudiced Plaintiffs and now will be able to cherry-pick favorable evidence to use at trial, while concealing developments that would prove Plaintiffs' case. The Court refused to consider this dispute on the merits, although it was raised only 15 days after Plaintiffs first learned of Defendants' change of position. Dkt. 679. For the following reasons, Plaintiffs contend the dispute was timely raised and respectfully request that the Court consider the dispute on its merits.

First, a dispute relating to supplementation of discovery to occur before trial is not untimely even if brought after the close of discovery. *See U.S. EEOC v. Bill Heard Chevrolet Corp.*, No. 2:07-cv-01195-RLH-PAL, 2009 WL 2489282, at *2-3 (D. Nev. Aug. 12, 2009) (finding that a motion to compel supplemental responses filed after the discovery deadline date was not untimely because parties remain under a continuing duty to supplement prior discovery responses pursuant to Rule 26(e)); *see also Gorzynski v. Jet Blue Airlines Corp.*, No. 3CV774A, 2012 WL 712067, at *4 (W.D.N.Y. Mar. 5, 2012) (where a party fails to comply with its duty under Fed. R. Civ. P. 26(e) to supplement discovery responses that are incomplete or incorrect "in some material respect," "[t]his duty can be compelled … by a motion to compel[,] despite the fact that the discovery

1   deadline has long passed." ).[2]  A party could not enforce a duty to supplement if, as
2   happened here, the other party could announce near or after the close of discovery that it
3   did not intend to supplement and the first party were foreclosed from moving to compel.
4        Moreover, denial of the dispute is fundamentally unfair because for the reasons
5   noted above Plaintiffs will suffer extreme prejudice if this Court does not enforce the
6   Defendants' Rule 26(e) obligation to supplement Parsons' discovery and will be de facto
7   endorsing Defendants' decision to change positions after the deadline for serving
8   discovery.  The discovery Plaintiffs seek covers materials that go to the very heart of
9   Plaintiffs' case to demonstrate Eighth Amendment violations.  Mitchell Decl. ¶ 4.
10  Alternatively, there is no identifiable harm to Defendants or this Court if the Court
11  addresses the discovery dispute now that discovery has, technically, closed, as the trial in
12  this case is not scheduled to take place for a full year, and dispositive motions are not due
13  for six months.  (Dkt. No. 389.)   Resolving this discovery dispute will do nothing to
14  disrupt the remainder of the scheduling order.
15       Further, the case cited by the Court in its order, *Everson v. Everson*, No. CV-08-
16  1980-PHX-GMS, 2011 WL 166704, at *1 (D. Ariz. Jan. 19, 2011), is not analogous to the
17  circumstances here.  The *Everson* court issued a scheduling order setting forth both a
18  discovery deadline and intermediate deadlines, including a deadline date for depositions.
19  *Id*.  There, the discovery closed on December 17, 2010, and the deadline to start
20  depositions was December 10, 2010.  *Id*.  In violation of the scheduling order, the
21  defendants noticed plaintiffs' deposition for December 17, 2010, and plaintiffs failed to
22  appear.  *Id*.  Defendants called the court almost four weeks later, when plaintiffs failed to
23

---

[2] The duty to supplement is clear under the Federal Rule 26(e).  *See Hunyh v. J.P. Morgan Chase & Co.,* No. CIV 06–0001–PHX–RCB, 2008 WL 2789532, at *24–25 (D. Ariz. Jul. 17, 2008) ("Plaintiff's argument that she had no duty to supplement after the close of discovery is somewhat disingenuous"*); In re BankAtlantic BanCorp, Inc.*, No. 07–61542–CIV, 2010 WL 3294342, at *5 (S.D. Fla., Aug. 20, 2010) ("Courts have held that the duty to supplement continues after the close of discovery."); *Episcopo v. Gen. Motors Corp.*, No. 02 C 8675, 2004 WL 628243, at *7 (N.D. Ill. Mar. 29, 2004) (rejecting defendant's argument "that there is no duty under Rule 26 to supplement disclosures or discovery responses after discovery has closed").

-7-

SFI-840388v1

1  respond to phone or mail contacts, and the Court set a discovery resolution conference for
2  January 18, 2011. *Id*.  At the hearing, the Court learned that discovery had closed more
3  than a month earlier and held that under those circumstances, where defendants brought
4  an oral motion after the discovery deadline to compel a deposition that was noticed after
5  the deadline to start depositions, such a motion was untimely.

6        The instant case is plainly distinguishable.  Plaintiffs served the written discovery
7  in named plaintiff Parsons' name that is at issue at the outset of the case, many months
8  and in some requests, more than a year before the close of discovery.  *See* Dkt. Nos. 37,
9  180.  Defendants produced documents in response, and periodically supplemented their
10 productions, as required by Fed. R. Civ. P. 26(e), including 13 times after Parsons was
11 released from prison and as recently as August 11, 2013.  *See* Dkt. Nos. 295, 309, 318,
12 342, 353, 359, 384, 387, 404, 447, 453, 553, and 569.  When Defendants suddenly
13 declared, little more than two weeks before the close of discovery and a month after the
14 deadline for Plaintiffs to propound discovery requests, but a year before the scheduled
15 trial, that they would no longer continue to supplement responses to Parsons' discovery
16 requests, Plaintiffs immediately initiated the meet-and-confer process required by this
17 Court's scheduling order and attempted to narrow the issues for presentation to this Court.
18 Mitchell Decl. ¶ 4.  When the parties had narrowed the issues, they submitted their notice
19 of dispute before the discovery period expired, on September 27.

20       In short, there was no lack of diligence on Plaintiffs' part in timely raising this
21 dispute.  But the outcome of the Court's order is to reward Defendants for concealing their
22 intent not to supplement discovery requests made by Parsons, until a time when Plaintiffs
23 could no longer propound alternative discovery and therefore, to endorse a mismatched
24 presentation of evidence at trial.  Defendants will be able to use current evidence when it
25 suits them and conceal ongoing problems, and Plaintiffs' ability to obtain evidence and
26 cross-examine Defendants' witnesses will be severely curtailed.

27
28

-8-

## II. BY DENYING THE JOINT MOTION, THE COURT IS ENDORSING DEFENDANTS' FAILURE TO COMPLETE DISCOVERY AND SIGNIFICANTLY PREJUDICING PLAINTIFFS.

Throughout this litigation, Defendants have adopted a go-slow strategy on discovery that includes delays in production and significantly understaffing the side of the case responsible for the production of discovery to Plaintiffs.  Mitchell Decl. ¶ 2.  As the deadline for the close of discovery approached, it was clear to the parties that Defendants were not going to produce the relevant, responsive documents called for by Plaintiffs' discovery by that deadline.  Mitchell Decl. ¶ 7.  This included failing to produce documents identified as missing from the production in the course of Defendants' employees depositions.  *Id*.

As noted above, supra, pp. 2-3, key documents are missing from the production. *See also* Quereshi Decl. ¶¶ 5, 6, 7, 8, 11, 13, 14, 15, 16, 17 (identifying additional important types of documents that remain unproduced).   To try to resolve the completion of production, the parties were working together in good faith to facilitate production of the most important documents and to narrow existing disputes so the Court would not be burdened with issues the parties could resolve among themselves.  Mitchell Decl. ¶ 8.  This approach was adopted, in part, because of repeated admonitions by the Court about the number of discovery disputes being presented by the parties.  *Id.*  Additionally, when Plaintiffs did present a deadline-driven dispute to the Court that the parties were still trying to resolve, the Court rejected it as premature.  Mitchell Decl. ¶ 9.

When the Court denied the joint motion, many of the cooperative efforts between counsel to facilitate the orderly completion of Defendants' discovery ended.  Defendants reneged on agreements to produce and have now narrowly defined the documents they will produce going forward.  Mitchell Decl. ¶ 10.

If Defendants are allowed to use the Court's ruling as an excuse not to produce updated policies, death records, medical files requested by the experts on tours, updated staffing statistics, Corizon's corrective action plans and the like, this case will not be tried based on a fair presentation of evidence because Defendants will have free access to

-9-

SFI-840388v1

1   current evidence and Plaintiffs will not.

2   Courts do not reach such harsh results when the reason for resolution of disputes
3   post-discovery deadline is that one party has not completed its production. *See, e.g., Lurie
4   v. Mid-Atlantic Permanente Med. Group,* 262 F.R.D. 29, 31 (D.D.C. 2009) ("courts
5   routinely consider motions related to discovery, even though they are filed outside the
6   discovery period, especially where the time of filing of such a motion is attributable … to
7   the parties' attempted settlement of the discovery dispute").

## CONCLUSION

9   For the foregoing reasons, Plaintiffs respectfully request that the Court agree to
10  reconsider its refusal to consider the Parties' Tenth Discovery Dispute and their Joint
11  Motion on the merits and order Defendants to respond to this brief by a date certain.

13  Dated:  October 15, 2013                    JONES DAY

                                                By s/ Caroline N. Mitchell
                                                Caroline Mitchell (Cal. 143124)*
                                                David C. Kiernan (Cal. 215335)*
                                                Sophia Calderón (Cal. 278315)*
                                                555 California Street, 26th Floor
                                                San Francisco, California 94104
                                                Telephone:  (415) 875-5712
                                                Email:    cnmitchell@jonesday.com
                                                          dkiernan@jonesday.com
                                                          scalderon@jonesday.com

                                                *Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:  dbarr@perkinscoie.com
 agerlicher@perkinscoie.com
 keidenbach@perkinscoie.com
 jhgray@perkinscoie.com
 mdumee@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  dpochoda@acluaz.org
 kflood@acluaz.org
 jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:  dspecter@prisonlaw.com
 ahardy@prisonlaw.com
 snorman@prisonlaw.com
 ckendrick@prisonlaw.com

*Admitted *pro hac vice*

-11-

SFI-840388v1

|   |   |
|---|---|
| 1 | David C. Fathi (Wash. 24893)* |
|   | Amy Fettig (D.C. 484883)** |
| 2 | Ajmel Quereshi (Md. 28882)* |
|   | **ACLU NATIONAL PRISON** |
| 3 | **PROJECT** |
|   | 915 15th Street N.W., 7th Floor |
| 4 | Washington, D.C. 20005 |
|   | Telephone: (202) 548-6603 |
| 5 | Email: dfathi@npp-aclu.org |
|   |         afettig@npp-aclu.org |
| 6 |         aquereshi@npp-aclu.org |

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:  jlwilkes@jonesday.com
        tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:  kmamedova@jonesday.com
        jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

SFI-840388v1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2013, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

Jennifer Alewelt
Asim Varma
Sarah Kader
J.J. Rico
Cathleen M. Dooley
ARIZONA CENTER FOR DISABILITY LAW
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org
jrico@azdisabilitylaw.org
cdooley@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

                                              s/ Lillian Wong

-13-

SFI-840388v1