Exhibit 1



| Tom Horne<br>Attorney General | Office of the Attorney General<br>State of Arizona<br>LIABILITY MANAGEMENT SECTION | Katherine E. Watanabe<br>Assistant Attorney General<br>(602) 542-7695<br>Katherine.Watanabe@azag.gov |

October 31, 2012

<u>Via electronic mail only</u>

Jennifer A. Alewelt
Arizona Center for Disability Law
6025 E. Washington Street, Suite 202
Phoenix, AZ 86034
jaleweldt@azdisabiliylaw.org

Donald Specter
Prison Law Office
1917 5th Street
Berkeley, CA 94710
dspecter@prisonlaw.com

John H. Gray
Perkins Coie, LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
jgray@perkinscoie.com

David C. Fathi
ACLU – Washington, D.C.
915 15th Street NW, 7th Floor
Washington, D.C. 20005
dfathi@npp-aclu.org

Caroline N. Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
cnmitchell@jonesday.com

     Re:   *Parsons, et al. v. Ryan, et al.*
           USDC CV 12-00601-PHX-NVW (MEA)

Counsel:

     This letter is to advise you that the production of documents in this case is now being coordinated by the Attorney General's Office. We are therefore requesting that you please direct any further requests for production or requests regarding the status of production to myself and Michael Gottfried; however, please continue to copy Struck, Wieneke, & Love on all correspondence.

     With regard to any documents that you produce, we are requesting that you please begin copying myself and Michael Gottfried with that production.

*Parsons, et al. v. Ryan, et al.*
October 31, 2012
Page 2 of 2

      If you have any questions regarding this arrangement, please do not hesitate to contact me.

                    Sincerely,

                    Katherine E. Watanabe
                    Assistant Attorney General

CC:    Tim Bojanowski
       Dan Struck
       Kathy Wieneke
       Dawn Northup

#2920803

Exhibit 2



**Subject:**
RE: Parsons v. Ryan -- Correspondence
**From:**
Watanabe, Katherine
11/02/2012 01:20 PM
**To:**
'R. Scott Medsker', Sherri Wolford, AFletcher@swlfirm.com, dstruck@
**Cc:**
Caroline N Mitchell, "Gottfried, Michael"
Hide Details
From: "Watanabe, Katherine" <Katherine.Watanabe@azag.gov>
To: "'R. Scott Medsker'" <rsmedsker@JonesDay.com>, Sherri Wolford
<SWolford@swlfirm.com>, "AFletcher@swlfirm.com" <AFletcher@swlfirm.com>,
"dstruck@" <swlfirm.com dstruck@swlfirm.com>,
Cc: Caroline N Mitchell <cnmitchell@JonesDay.com>, "Gottfried, Michael"
<Michael.Gottfried@azag.gov>

Mr. Medsker,

I apologize, it appears I should have been a little more detailed in my letter regarding the production of discovery documents.  My office will be handling the processing and actual production of documents, any issues regarding discovery objections and scope should still be directed to Struck, Wieneke, & Love.  I will request that they address the concerns in your letter.  What I can tell you is that it is my understanding that a search of Director Ryan's e-mails using the list of search terms, without exclusionary terms, has returned approximately 40,000 emails.  We are aware of our obligation to provide a privilege log and will be reviewing any emails we claim as privileged to ensure they in fact privileged and will provide appropriate documentation.

Sincerely,

Katherine Watanabe
Assistant Attorney General
Office of the Attorney General
Liability Management Section
1275 W. Washington
Phoenix, Arizona 85007
Direct: (602) 542-7695
Fax: (602) 542-7670
Katherine.Watanabe@azag.gov

The information contained in this e-mail is privileged and confidential, intended only for the use of specific individuals and/or entities to which it is addressed. If you are not one of the intended recipients, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, please immediately notify the sender by return e-mail. Thank you.

**From:** R. Scott Medsker [mailto:rsmedsker@JonesDay.com]
**Sent:** Friday, November 02, 2012 1:03 PM
**To:** Sherri Wolford; AFletcher@swlfirm.com; Watanabe, Katherine; dstruck@
**Cc:** Caroline N Mitchell
**Subject:** Parsons v. Ryan -- Correspondence

Counsel --

Please see the attached correspondence.


*************************

R. Scott Medsker
Jones Day
51 Louisiana Ave, N.W.
Washington, D.C. 20001
Direct Line: (202) 879-3837

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by
attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

Exhibit 3



| Tom Horne<br>Attorney General | Office of the Attorney General<br>State of Arizona<br>LIABILITY MANAGEMENT SECTION | Katherine E. Watanabe<br>Assistant Attorney General<br>(602) 542-7695<br>Katherine.Watanabe@azag.gov |
|---|---|---|

January 18, 2013

<u>Via electronic mail only</u>

Caroline N. Mitchell
Jones Day
cnmitchell@jonesday.com

Corene Kendrick
Prison Law Office
ckendrick@prisonlaw.com

David C. Fathi
ACLU – Washington, D.C.
dfathi@npp-aclu.org

   Re: *Parsons, et al. v. Ryan, et al.*
     USDC CV 12-00601-PHX-NVW (MEA)

Dear Counsel:

  This letter is to follow-up on your December 21, 2012 letter regarding the narrowing of production. In it, I plan to update you on some of the issues we discussed and what I was able to find out.

  As an initial matter, I would like to inform you that due to the recent increase in activity in my regular case load, as well as an anticipated increase in the number of cases I am managing, I will no longer be able to continue managing the production of documents for the named Plaintiffs in this case. Document production will still be handled by my office, but will now be managed by Ashley Zuerlein and Lucy Rand, who have both been working on the production in this case. Ashley will be the main point of contact and all correspondence should be directed to her, but please be sure that Lucy is copied. I will still be assisting with this case as my regular case load permits and, for now, will continue managing the production of documents for the ACDL. Ashley and Lucy's contact information is as follows:

*Parsons, et al. v. Ryan, et al.*
January 18, 2013
Page 2 of 6

Ashley Zuerlein: Ashley.Zuerlein@azag.gov, 602-542-7620
Lucy Rand: Lucy.Rand@azag.gov, 602-542-7683

Moving onto the RFPs. While I have managed to get answers back regarding a number of items we discussed, I am still waiting and need to follow-up on answers to others. Once I receive the answers I am still waiting for, I will pass them onto Ashley so she can update you.

I. Policy

With regard to the RFPs for policies and procedures, we have received and begun processing non-health services post orders that are responsive to your requests, so you should begin receiving them in forthcoming supplemental responses. Indices of post orders, department orders, and Director's instructions were produced with the 9th Supplemental RFP Response, except for indices for ASPC-Phoenix. I believe we have since received the indices for ASPC-Phoenix and they should be produced with the next supplemental response. As I believe I already notified you, it was confirmed for me that you are in possession of the current Mental Health Technical Manual, and it was produced at Bates numbers ADC031959-032044.

II. Non-Policy

I spoke with Brandi Blair at Jones, Skelton & Hochuli and she has advised me of Wexford's position related to documents it is not required to provide to ADC under the contract. Wexford's position is that the Plaintiffs will need to subpoena Wexford for any documents it is not contractually obligated to provide to ADC. Since I only just received this information, I have not had an opportunity to determine which requests this will impact and a longer discussion on the issue will still need to be had with Wexford to identify which documents this will apply to. I will discuss this with Ashely and Lucy and make sure they know to follow-up with you regarding which kinds of documents Wexford will not be providing to us.

RFP 15: I am still waiting for a response back on this.

RFP 16: I have been told that the meeting minutes that have been produced should also include minutes from after Wexford took over, but there has been some difficulty in locating minutes from some of the complexes due to the change-over to Wexford. We will continue supplementing production of meeting minutes.

RFP 17: I have been advised that ADC has updated some of their forms as of December, and those forms should be sent out with the next supplemental response. It appears that Wexford is using some of its own forms, and we will look into obtaining those.

*Parsons, et al. v. Ryan, et al.*
January 18, 2013
Page 3 of 6

RFP 18: I am still working to create a list, but I do believe we have produced reports for all the healthcare statistical data that was tracked by ADC, and in the 9th Supplemental RFP Response we produced the data tracked by Wexford pursuant to the contract. The only area I think there might be additional tracking information on is mental health, which we are still looking into. The Wexford tracking data will be supplemented on an ongoing basis. I had requested a cleaner copy of the document produced at ADC049041-49043. We are still trying to locate one, but no one is sure who ran the report and are having trouble finding a cleaner copy or the original. We will keep looking though. I inquired into whether anything was done with the statistics that are tracked and was told that statistics may have been discussed during meetings and calls may have been made, but other than the occasional minute entry, there is likely to be very little documentation regarding any action taken related to statistical data.

RFPs 19, 20, 62: The health units are being contacted to finds out how long it would take to obtain actual staffing schedules and hours of operation according to the representative sampling you have requested. The response will likely vary from unit to unit. As for the documents produced at ADC049078-49370, I sent an email that assigned Bates number ADC052213 to the Excel spreadsheet it was printed from. That spreadsheet was provided with the printout in the 7th Supplemental Response and located in the staffing folder. It was the only spreadsheet and was titled "Staffing information." As far as Wexford records go, this will need to be discussed with them.

RFP 21: We have received a vacancy report from Wexford from December that shows all positions by facility. It also shows how many are budgeted for and how many are actually filled. This report should be produced with the next supplemental response, and should be sufficient to show Wexford's current staffing plan.

RFPs 22-23: I believe we have received most, if not all of the disciplinary letters maintained by ADC and are working on processing them for production. Wexford is only required to report licensure board complaints and disciplinary actions to ADC, not routine employee discipline. We will have to discuss production with Wexford, but this is another area where my impression is they will require a subpoena.

RFP 24: Since an agreement has been reached regarding the scope of the emails, we have begun processing emails again. You should begin to see them appearing in supplemental responses. We have looked into obtaining the logs/records of non-email complaints and have been told they really only searchable by inmate, but we have requested a copy so that we can review them and see how extensive they are and if there is a workable way for us to produce them.

*Parsons, et al. v. Ryan, et al.*
January 18, 2013
Page 4 of 6

RFPs 25-26:  I believe we are still waiting for confirmation on the training documents.  I have confirmed that Wexford is required to utilize ADC's training materials, but that they also have their own training materials.  Again, we will have to discuss this with Wexford, but I believe this is likely an item they will require a subpoena for.

RFPs 27-31:  We are still looking into whether Wexford is bound by the same AHCCCS rates as ADC, but Wexford's outside provider network list was produced in the 9th supplemental response.

RFP 32, 55, 56:  We have determined that from January 1, 2011 to the present there were nearly 3,000 medical and nonmedical grievances appealed to the Director's level.  There were 1,346 nonmedical grievances and 1,529 medical grievances.  We have been able to obtain summary reports of the grievances and will produce them after they have been reviewed for redaction.

RFP 35:  I am still waiting for a response on this and will make sure it is followed up on.

RFPs 36, 38, 41:  I did say I would be unable to provide you with an answer without a specific request, as this is a matter I would need to discuss with my client and would not be able to agree to without seeing the actual request and setting some parameters for potential further representative sampling.  If you would like to send a suggested representative sample request, as you did with the request for actual health unit staffing information, please send it to Ashley and she will discuss the matter with our client.

RFP 39:  I am not sure if I addressed this already, but the individual overview reports may show when there is a delay or denial of transportation, but they must be run on an individual basis, there is no global tracking other than what has already been provided.  Outside of the inpatient appeals and denials report Wexford has to provide to ADC on a quarterly basis (produced at ADC055394) I do not know the extent to which Wexford tracks this information or whether they would provide it to us.

RFP 40:  We are continuing to work on processing the CIU reports for production.

RFPs 44-48:  Pursuant to the contract Wexford is required to provide some financial information to ADC.  We have yet to determine whether the financial information they are required to provide is responsive to your request.

RFPs 49-52:  We are have begun looking into obtaining the various types of complaints and criticisms listed outlined in these requests and will begin producing them as they are identified.  We have already produced the NCCHC Reports were produced with the 9th supplemental response.  Six complexes were surveyed in 2012; however, NCCHC issued

*Parsons, et al. v. Ryan, et al.*
January 18, 2013
Page 5 of 6

a letter stating that they were not going to issue reports until a follow-up visits take place sometime at least 90 days after the change in management has been completed. As a result, ADC does not currently have reports for 2012. The letter from NCCHC regarding the delayed reports will be produced with the next supplemental response.

RFP 53: We have requested to see if any partially responsive documents exist or whether such a report could be run and are still waiting to hear back.

RFP 57: We are still working on obtaining responsive post orders and menus. It appears that there are no in-depth nutritional analyses provided, but there are statements of nutritional adequacy issued. We are currently processing these documents for production.

RFP 61: We are still looking into responsive documents from Wexford and whether or not they are produced to ADC.

Other: We are still working to go over the subpoena requests, and we are still working on going through both the previously produced MGARs and those for December. They should be produced relatively soon. With regard to viewing the videos responsive to the 2nd RFP, please contact Ashley when you are ready to coordinate viewing them.

I believe that should cover just about everything we discussed. I do have to say that I was rather surprised and disappointed when I saw Polson's 1st RFP. I felt that the majority of the requests not only fall under requests you have already made in Parsons' 1st RFP, but were specifically contemplated as being produced in response to Parsons' requests during our discussion. I was also surprised to see such a broad request for correctional service logs, when I remember informing you specifically that it would be impossible for us to comply with such a broad request as a single month from a single unit alone will generally produce a over a hundred and often a couple hundred pages. In light of that very specific discussion, I have to say that I really do not understand why you would feel it necessary or appropriate to request an entire years worth of logs from multiple units. I also do not understand the need to duplicate the ACDL's requests when you receive a copy of the responses, minus the produced documents that include protected mental health information, and we have not given any indication that we intend to stop providing you with supplemental responses. I have already explained, both in an email and during our conversation, that we feel that our hands are tied when it comes to providing you with mental health information without an authorization, given the language of the protective order. If you are only looking for an official correspondence to that effect, I would have been more than happy to provide it without the necessity of a request for production. Absent some other reason, I would ask that you consider withdrawing those requests that duplicate the requests made by the ACDL.

Despite my feelings regarding Polson's 1st RFP, I did feel our conversation on December 20 was productive and we are moving along in obtaining the necessary

*Parsons, et al. v. Ryan, et al.*
January 18, 2013
Page 6 of 6

documents for production. I will still be around and assisting on the case as time permits, and will of course assist in providing answers when necessary, but, as I stated at the beginning of the letter, please send any further correspondence regarding production to Ashley Zuerlein.

Sincerely,

Katherine E. Watanabe
Assistant Attorney General

CC:    Tim Bojanowski
       Dan Struck
       Kathy Wieneke
       Dawn Northup

#3007472

Exhibit 4



<table>
<tr><td>TOM HORNE<br>ATTORNEY GENERAL</td><td>OFFICE OF THE ARIZONA ATTORNEY GENERAL<br>CIVIL DIVISION / LIABILITY MANAGEMENT SECTION</td><td>LUCY M. RAND<br>DIRECT (602) 542-7683<br>LUCY.RAND@AZAG.GOV</td></tr>
</table>

May 10, 2013

**VIA E-MAIL ONLY**

Jennifer A. Alewelt, ACDL: jalewel@azdisabilitylaw.org
David C. Fathi, ACLU: dfathi@npp-aclu.org
Caroline N. Mitchell, Jones Day: cnmitchell@jonesday.com
Donald Specter, PLO: dspecter@prisonlaw.com

Re:     E-mail Production – Plaintiff Parsons' 2nd Request for Production to Defendants
        *PARSONS, et al. v. RYAN, et al., USDC CV12-0601-PHX-NVW (MEA)*

Dear Counsel:

This letter addresses e-mail production in light of the Court's comments and ruling at the oral argument hearing on April 26, 2013, as well Plaintiffs' clarifications regarding sought after e-mails.

As you know, the Court stated that Plaintiffs' list of search terms and large number of custodian e-mail accounts were overly broad and placed an undue burden on Defendants.  Further, Plaintiffs clarified in open court that they really sought only Wexford-related e-mails connected with the dispute and termination of Wexford.  As you know, we have already produced a large number of Wexford documents related to the contract dispute,[1] including e-mails between Ryan, Pratt, and Profiri,[2] as well as the procurement file—which is nearly 11,000 pages.

At the oral argument, the parties agreed to discuss producing the e-mails of Ryan, Pratt, and Profiri from April 2, 2012 through March 3, 2013 relating to Wexford.  Consequently, on May 7, 2013, Defendants performed a focused search of the Barracuda[3] archive for all e-mails of Ryan, Pratt, and Profiri (who was assigned to review and implement the contract monitoring tool used to monitor Wexford), and limited the search period to April 1, 2012 (the day prior to the contract award date) through March 3, 2013 (the mutually-agreed termination date of Wexford's contract with the ADC).  The resultant number of e-mails was 79,851.

---

[1]  Defendants produced 1,994 pages of correspondence from the procurement file from April 1, 2012 through January 30, 2013 (bates numbers ADCPROC008939-010932), and an additional 4,095 pages of correspondence from the procurement file from September 11, 2011, through March 30, 2012 (bates numbers ADCPROC000001-003366, ADCPROC008210-008938).

[2]  Defendants provided e-mails from Ryan's and Pratt's e-mail accounts, the majority of which were dated between July of 2012 and November of 2012.  (See bates numbers ADC047959-048374).

[3]  The Barracuda archive preserves e-mails for all 48 of the custodians (except Czarsty) Plaintiffs requested Defendants to preserve.

Ms. Alewelt, Mr. Fathi, Ms. Mitchell, and Mr. Specter
Re:   *Parsons, et al. v. Ryan, et al., USDC CV12-0601-PHX-NVW (MEA)*
May 10, 2013
Page 2

       Then Defendants searched within the 79,851 e-mails for the word "Wexford."[4]   The search yielded 16,245 e-mails, of which no de-duplication or review for privilege was performed.

       Please keep in mind that the review of these e-mails will divert attorney time and resources from the production of other documents that Judge Wake indicated would be more likely to be persuasive to him, as well as from the production of documents Plaintiffs have requested in conjunction with the expert inspections.   In addition, Ashley Zuerlein has accepted a position outside of the Attorney General's Office and her last day will be Friday, May 24, 2013.  Consequently, I will be the sole attorney working on discovery production until a replacement is obtained.

       Considering Judge Wake's comments at the oral argument that he views e-mails to be of marginal relevance to this litigation, and the large volume of e-mails generated by the refined search, we believe that the burden of producing these e-mails is not at all proportionate to the likely value, if any, of this discovery.  If you have a proposal for further narrowing the search to a manageable volume of e-mails, however, we would be open to discussing it.

       We look forward to your response.

               Sincerely,

               /s/ Lucy M. Rand
               Lucy M. Rand,
               Assistant Attorney General

LMR/hs

---

[4]   The search for the word "Wexford" was conducted within the fields (to, from, cc, bcc, date, sent, time sent, date received, time received, subject, name of the attachment) and locations (body of the e-mail, body of the attachment).

Exhibit 5



Subject:
RE: Letter of 4/15/13 re: plaintiffs' expert inspections
From:
Ashlee Fletcher
05/20/2013 05:39 PM
To:
'Fathi, David'
Cc:
"dspecter@prisonlaw.com", "Michael E. Gottfried", Ashley Zuerlein, Lucy Rand, Parsons Team, "cnmitchell@jonesday.com"
Hide Details
From: Ashlee Fletcher <AFletcher@swlfirm.com> Sort List...
To: "'Fathi, David'" <dfathi@npp-aclu.org>,
Cc: "dspecter@prisonlaw.com" <dspecter@prisonlaw.com>, "Michael E. Gottfried" <Michael.Gottfried@azag.gov>, Ashley Zuerlein
<Ashley.Zuerlein@azag.gov>, Lucy Rand <Lucy.Rand@azag.gov>, Parsons Team <ParsonsTeam@swlfirm.com>, "cnmitchell@jonesday.com"
<cnmitchell@jonesday.com>

David,

As we have also informed you multiple times, you will have access to every record defense counsel has access to.  Please re-read the email below where Dan Struck expressly states, "We can guarantee that you will have every record defense counsel has prior to the deposition , so we will be on equal footing."  If both parties have access to the same records, defense counsel could not question your clients regarding events plaintiffs' counsel is unaware of.

We are confused as to why you oppose this motion when you did not oppose the original motion.  What has changed?  The motion simply asks for permission to depose your clients.  Are you objecting to that?



STRUCK WIENEKE & LOVE

**Ashlee B. Fletcher**
Attorney
Direct: (480) 420-1631
afletcher@swlfirm.com
www.swlfirm.com

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Monday, May 20, 2013 5:25 PM
**To:** Ashlee Fletcher
**Cc:** dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** RE: Letter of 4/15/13 re: plaintiffs' expert inspections

Dear Ms. Fletcher:

Please re-read my email below.  Because you may be asking our clients about events that post-date the copying of their records, we need to review their original records so that we will have access to the more recent entries in order to prepare them.  Defendants have access to up-to-date records of our clients; it is hardly unreasonable that class counsel seek equivalent access.  If you will not agree to allow us access to our clients' up-to-date records to prepare them for their depositions, you are not authorized to state that your motion is unopposed.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

**From:** Ashlee Fletcher [mailto:AFletcher@swlfirm.com]
**Sent:** Mon 5/20/2013 7:08 PM
**To:** Fathi, David
**Cc:** dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** RE: Letter of 4/15/13 re: plaintiffs' expert inspections

David,

As we have informed you on multiple occasions, we will provide you with updated records three weeks prior to each deposition.  This hardly constitutes a refusal to allow you access to your clients' files.  Defendants will file the attached motion tomorrow and indicate you have no opposition to the depositions.  Please advise as to whether your position has altered on this since the last time we filed a consent motion with respect to Plaintiffs' depositions.   As you recall, you had no objection to our initial motion regarding Plaintiffs' depositions that was filed on September 18, 2012.



STRUCK WIENEKE & LOVE

**Ashlee B. Fletcher**
Attorney
Direct: (480) 420-1631

afletcher@swlfirm.com
www.swlfirm.com

---

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Monday, May 20, 2013 2:46 PM
**To:** Ashlee Fletcher
**Cc:** dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** RE: Letter of 4/15/13 re: plaintiffs' expert inspections

Dear Ms. Fletcher:

We do not oppose defendants' request to take the depositions of the named plaintiffs. We will oppose the motion to the extent that you are refusing to allow us access to the files of our clients for the purpose of preparing them for their depositions.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

---

**From:** Ashlee Fletcher [mailto:AFletcher@swlfirm.com]
**Sent:** Mon 5/20/2013 12:48 PM
**To:** Fathi, David
**Cc:** dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** RE: Letter of 4/15/13 re: plaintiffs' expert inspections

David,

That is correct. Please let us know if Plaintiffs will oppose the motion.



STRUCK WIENEKE & LOVE

**Ashlee B. Fletcher**
Attorney
Direct: (480) 420-1631
afletcher@swlfirm.com
www.swlfirm.com

---

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Monday, April 29, 2013 11:55 AM
**To:** Ashlee Fletcher
**Cc:** dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** RE: Letter of 4/15/13 re: plaintiffs' expert inspections

I understood your commitment to be that you would provide records that are current as of the date three weeks prior to each deposition. Obviously such records cannot be provided earlier than that date.

Do I correctly understand that you will not agree to make the original record available to plaintiffs' counsel during preparation of the witness, so that counsel can review more recent entries in the record?

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

---

**From:** Ashlee Fletcher [mailto:AFletcher@swlfirm.com]
**Sent:** Monday, April 29, 2013 2:44 PM
**To:** Fathi, David
**Cc:** dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** RE: Letter of 4/15/13 re: plaintiffs' expert inspections

David,

We will provide you with up to date records 3 weeks prior to each deposition, or earlier if we (defense counsel) have them ourselves.



**Ashlee B. Fletcher**
Attorney
Direct: (480) 420-1631
afletcher@swlfirm.com
www.swlfirm.com

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Monday, April 29, 2013 11:25 AM
**To:** Ashlee Fletcher
**Cc:** dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** RE: Letter of 4/15/13 re: plaintiffs' expert inspections

If defendants will agree to produce an up-to-date copy of each deponent's health record three weeks prior to his or her deposition, and make the record available to plaintiffs' counsel during the preparation of that deponent so that more recent entries can be reviewed, plaintiffs will not oppose your motion.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

**From:** Ashlee Fletcher [mailto:AFletcher@swlfirm.com]
**Sent:** Monday, April 29, 2013 2:13 PM
**To:** Fathi, David
**Cc:** dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** RE: Letter of 4/15/13 re: plaintiffs' expert inspections

David,

It is not possible to obtain records any sooner than dated three weeks prior to each deposition.  Please let us know if Plaintiffs will oppose the motion.



**Ashlee B. Fletcher**
Attorney
Direct: (480) 420-1631
afletcher@swlfirm.com
www.swlfirm.com

**From:** Fathi, David [mailto:dfathi@npp-aclu.org]
**Sent:** Wednesday, April 24, 2013 8:31 AM
**To:** Dan Struck
**Cc:** Ashlee Fletcher; dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** RE: Letter of 4/15/13 re: plaintiffs' expert inspections

Dan,

Please re-read my message below.  We are not suggesting that the inquiry end as of the date of the medical record.  Nor are we asking for "up to the minute" records – as I clearly stated, we are requesting records that are current as of the date one week prior to each plaintiff's deposition.  We are confident that ADC and/or Corizon are capable of copying 13 medical records.  Moreover, the marginal effort of copying the entries in these records between July 15 and the date one week prior to each plaintiff's deposition will be slight indeed.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

**From:** Dan Struck [mailto:DStruck@swlfirm.com]

**Sent:** Wednesday, April 24, 2013 11:20 AM
**To:** Fathi, David
**Cc:** Ashlee Fletcher; dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** Re: Letter of 4/15/13 re: plaintiffs' expert inspections

David,

Gathering medical records is an enormous burden on staff. We simply can't guarantee that we can get up to the minute records to you prior to the depositions.  We can guarantee that you will have every record defense counsel has prior to the deposition , so we will be on equal footing. Your position that the inquiry must end as to the date of the medical record is unsupported by law and is frankly, ridiculous. We assume that your client's trial testimony will encompass events which occur beyond July 15, 2013. All we can do is promise to get to you as up to date records that defense counsel has prior to the deposition. If that isn't good enough, let us know and we will note your opposition in our motion.

Dan

Sent from my iPhone

On Apr 24, 2013, at 7:26 AM, "Fathi, David" <dfathi@npp-aclu.org> wrote:

Dear Dan and Ashlee,

We need to have our clients' current medical records available to prepare them for their depositions.  While we appreciate your proposal to provide records updated through July 15, this is not sufficient.  For example, for Ms. Licci, whose deposition is scheduled for August 30, this would result in a period of more than six weeks during which significant health events could occur, but her counsel will not have access to the records of those events.

Given that prisoners' medical records must be readily accessible, we can see no reason why defendants cannot produce records for each plaintiff that are current as of the date one week prior to that plaintiff's deposition (for example, for Ms. Licci, deposed on August 30, we would need records current through August 23).  If you will agree to provide such records, you may inform the Court that we do not oppose your motion to depose the 13 incarcerated named plaintiffs.  If you will not agree, we will inform the Court in our response to your motion that while we do not oppose the depositions, we need to have access to our clients' medical records.

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Tuesday, April 23, 2013 12:22 PM
**To:** Fathi, David
**Cc:** Ashlee Fletcher; dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team; cnmitchell@jonesday.com
**Subject:** Re: Letter of 4/15/13 re: plaintiffs' expert inspections

David,   We need to get as up to date information as we can, which is why we are waiting to depose them until the end of discovery. We will provide plaintiffs with all records that defense counsel has prior to the deposition, which should alleviate your concern, as there will be no "asymmetry" as to medical records.

Dan

Sent from my iPhone

On Apr 23, 2013, at 8:52 AM, "Fathi, David" <dfathi@npp-aclu.org> wrote:

The problem is not asking about the medical record per se, but the asymmetry of information that exists when defendants' counsel have access to the record and plaintiffs' counsel do not.  If we will only have the records through July 15, then that needs to be the cutoff for questioning.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Tuesday, April 23, 2013 11:37 AM
**To:** Fathi, David
**Cc:** dspecter@prisonlaw.com; Michael E. Gottfried; Ashley Zuerlein; Lucy Rand; Parsons Team
**Subject:** Re: Letter of 4/15/13 re: plaintiffs' expert inspections

David, we may be asking them about problems they have experienced between July 15 and their depos but we will not ask them about medical records between those dates unless of course we have disclosed them to plaintiffs.

Sent from my iPhone

On Apr 23, 2013, at 8:00 AM, "Fathi, David" <dfathi@npp-aclu.org> wrote:

Hi Dan,

Don and I are both available on the afternoon of the 29th. In light of the time difference, earlier in the afternoon Pacific time would be better for me, but I can also do later if necessary.  Please let us know what time you prefer.

Thanks very much,

David

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

---

From: Dan Struck [mailto:DStruck@swlfirm.com]
Sent: Monday, April 22, 2013 5:05 PM
To: Fathi, David
Subject: Re: Letter of 4/15/13 re: plaintiffs' expert inspections

David, I'm not available to discuss this until next week. Are you available at all on the afternoon of the 29th?

Sent from my iPhone

On Apr 22, 2013, at 1:51 PM, "Fathi, David" <dfathi@npp-aclu.org> wrote:

Counsel:

Would you kindly let us know when you are available to discuss the issues set forth in this letter?

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@npp-aclu.org

*Not admitted in DC; practice limited to federal courts

<Struck Gottfried 4-15-13.pdf>

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidenti
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. f

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or priv
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federa

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privilege
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privilege
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privilege
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privilege
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privilege
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privilege
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax

Exhibit 6

**From:** du Mee, Matthew B. (Perkins Coie)
**Sent:** Monday, August 26, 2013 3:29 PM
**To:** 'kwieneke@swlfirm.com'
**Cc:** 'parsonsteam@swlfirm.com'
**Subject:** Kathy - Non-Bates Stamped Documents Used in Depositions

Kathy,

At the deposition of Joshua Polson last Friday, you presented several documents that were labeled as Individual Inmate Detention Records.  After looking at these documents, I expressed to you my concern that I did not remember seeing those documents before.  I also noted that the documents were not Bates-numbered, which increased my concern that they had not been produced.  You assured me that the documents had been produced to us in an email from Lucy Rand, and that the Bates stamps were omitted because there had been a "power outage" that prevented you from printing out the Bates-stamped copies of the documents (but not the documents themselves).  I stated that I did not think the documents had been produced, which violated the prior agreement of the parties that defendants would not rely on any documents at depositions that had not been previously produced to us.  Unfortunately, the Polson deposition was not the first time Defendants have used non-Bates stamped documents during the depositions of the named Plaintiffs. This practice is, at best, confusing, and to the extent the documents have not been previously produced, prejudicial to Plaintiffs.

At that time, I allowed the line of questioning to move forward, based on your representations.  Since then, I have diligently searched through all emails I have received from Lucy Rand.  As far as I can tell, those documents did not appear anywhere within her emails or the attachments.

You indicated during the deposition that Bates-stamped versions of this and other exhibits would be substituted for the blank versions used on Friday. We ask that you do so as soon as possible, and that you also identify how the Individual Inmate Detention Records were produced.  If you cannot show where these documents were produced to us, I ask that you stipulate that any portion of the deposition related to these documents, and the documents themselves, will not be relied on by the Defendants. If you are unwilling to stipulate, we reserve the right to move to strike those portions of the deposition and to seek any other appropriate judicial relief.  In addition, to avoid these issues in the future, we will no longer permit any questioning of the named plaintiffs that is based on documents without Bates stamps.

~Matthew

**Matthew du Mée | Perkins Coie** LLP
2901 North Central Avenue
Suite 2000
Phoenix, AZ  85012-2788
PHONE:  602.351.8036

FAX: 602.648.7028
E-MAIL: MduMee@perkinscoie.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Exhibit 7

**From:** Kathy Wieneke [mailto:KWieneke@swlfirm.com]
**Sent:** Thursday, September 05, 2013 10:46 AM
**To:** du Mee, Matthew B. (Perkins Coie)
**Cc:** Parsons Team; Lucy Rand
**Subject:** FW: List of Corrected Bates Numbers - PARSONS v. RYAN
**Importance:** High

Mathew,
I am advised by Ms. Rand that Polson's Individual Detention Records (IDR) are being prepared for production. I had thought they were already produced at the time of Polson's deposition.
Thank you,
Kathy

**Kathleen L. Wieneke**
**Attorney**
Direct: (480) 420-1617
kwieneke@swlfirm.com
www.swlfirm.com[swlfirm.com]

**From:** Lucy Rand
**Sent:** Thursday, September 05, 2013 10:04 AM
**To:** Nick Acedo; Tim Bojanowski; Courtney Cloman; Ashlee Fletcher; Rachel Love; Anne Orcutt; Dan Struck; Kathy Wieneke; Alewelt, Jennifer (jalewelt@azdisabilitylaw.org); Dooley, Cathleen ( cdooley@azdisabilitylaw.org); Kader, Sarah (skader@azdisabilitylaw.org); Rico, JJ ( jrico@azdisabilitylaw.org); Varma, Asim (avarma@azdisabilitylaw.org); Amy Fettig (afettig@npp-aclu.org); Flood, Kelly (kflood@acluaz.org); Lyall, James (jlyall@acluaz.org); Pochoda, Daniel (danpoc@cox.net); Pochoda, Daniel (dpochoda@acluaz.org); Quereshi, Ajmel (aquereshi@npp-aclu.org); Calderon, Sophia ( scalderon@jonesday.com); Freeman, Taylor (tfreeman@jonesday.com); Kiernan, David ( dkiernan@jonesday.com); Mamedova, Kamilla (kmamedova@jonesday.com); Messina, Jennifer ( jkmessina@jonesday.com); Mitchell, Caroline (cnmitchell@jonesday.com); Rauh, Sarah ( srauh@jonesday.com); Wilkes, John (jlwilkes@jonesday.com); Barr, Daniel (dbarr@perkinscoie.com); du Mee, Matthew (mdumee@perkinscoie.com); Eidenbach, Kirstin (keidenbach@perkinscoie.com); Gerlicher, Amelia (agerlicher@perkinscoie.com); Gray, John (jhgray@perkinscoie.com); Hardy, Alison ( ahardy@prisonlaw.com); Kendrick, Corene (ckendrick@prisonlaw.com); Norman, Sara ( snorman@prisonlaw.com); Specter, Donald (dspecter@prisonlaw.com)
**Cc:** Amy Bender; Mike Giardina; Therese Mayo; Mary O'Dowd; Elaine Percevecz; Colleen Webb; Sherri Wolford; ADCL PHX Admin (phxadmin@azdisabilitylaw.org); Lauritzen, M (mlauritzen@azdisabilitylaw.org ); Myers, Edward (emyers@azdisabilitylaw.org); Krase, H (hkrase@npp-aclu.org); Stamm, A ( astamm@aclu.org); Torres, G (gtorres@acluaz.org); Breen, Nobuyo (nbreen@jonesday.com); Kerr, D ( dkkerr@jonesday.com); Landsborough, M (mlandsborough@jonesday.com); Reyes, T ( treyes@jonesday.com); Wong, Lillian (lwong@jonesday.com); Freouf, Delana (dfreouf@perkinscoie.com); Lawson, Stephanie (slawson@perkinscoie.com); Neilson, Sharon (sneilson@perkinscoie.com); Perkins Coie Docket (docketphx@perkinscoie.com); Wendt, Clair (cwendt@perkinscoie.com); Degraff, E ( edegraff@prisonlaw.com)
**Subject:** List of Corrected Bates Numbers - PARSONS v. RYAN
**Importance:** High

Counsel,

I apologize for the mixup in bates numbering, but I believe I have the numbers have now been corrected. There were some "reissued" documents with "corrected" bates numbers that I am "withdrawing" as those numbers were also incorrect. In the attached spreadsheet any documents shown with strike-through text should not be used as they are incorrectly labeled. Please also note that I am "reissuing" medical records produced by Wexford with bates numbers, which are listed on the attached spreadsheet.

Please feel free to contact me regarding questions or comments, and I truly apologize for any confusion and inconvenience this has caused.

Best regards,
Lucy

Lucy M. Rand,
Assistant Attorney General
**OFFICE OF THE ATTORNEY GENERAL**
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
**(602) 542-7683 Direct**
(602) 542-7635 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

The information contained in this e-mail message is privileged and confidential, intended only for the use of the specific individuals and/or entities to which it is addressed. If you are not one of the intended recipients, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this communication in error, please immediately notify the sender by return e-mail or call (602) 542-7683. Thank you.

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Exhibit 8

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Thursday, September 12, 2013 1:32 PM
**To:** Fettig, Amy
**Cc:** Gottfried, Michael; 'SW&L Parsons Team (ParsonsTeam@swlfirm.com)'
**Subject:** RE: Letter re: Discovery - PARSONS v. RYAN

Amy,

This e-mail is to advise you that Defendants will not be providing any supplemental discovery responses to discovery directed to Defendant Parsons because Parson was dismissed as a party from this lawsuit on March 6,

2013.

Lucy

Lucy M. Rand, AAG
Office of the Attorney General
(602) 542-7683 Direct

The information contained in this e-mail message is privileged and confidential, intended only for the use of the specific individuals and/or entities to which it is addressed. If you are not one of the intended recipients, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this communication in error, please immediately notify the sender by return e-mail or call (602) 542-7683. Thank you.

**From:** Rand, Lucy
**Sent:** Wednesday, September 11, 2013 6:04 PM
**To:** Amy Fettig (afettig@npp-aclu.org)
**Cc:** Gottfried, Michael; SW&L Parsons Team (ParsonsTeam@swlfirm.com)
**Subject:** Letter re: Discovery - PARSONS v. RYAN

Amy,

See attached letter.

Sincerely,
Lucy

Lucy M. Rand,
Assistant Attorney General
**OFFICE OF THE ATTORNEY GENERAL**
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
**(602) 542-7683 Direct**
(602) 542-7635 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

The information contained in this e-mail message is privileged and confidential, intended only for the use of the specific individuals and/or entities to which it is addressed. If you are not one of the intended recipients, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this communication in error, please immediately notify the sender by return e-mail or call (602) 542-7683. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in

error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.