**Exhibits to the Supplemental Declaration of Caroline Mitchell
in Support of Plaintiffs' Motion for Reconsideration**

Exhibit 16    Copies of excerpts of the depositions of (1) Kathleen Campbell, RN taken on September 11, 2013; (2)  Carson Anton McWilliams, taken September 27, 2013; (3) Sonia Rodriguez, taken on August 13, 2013; and (4) Dr. Nicole Taylor, taken September 5, 2013

Exhibit 17:    Copy of an excerpt of Defendants' Seventeenth Supplemental Response to Plaintiff Victor Parsons' First Set of Requests for Production of Documents to Defendants, No. 53

Exhibit 18:    Email produced by Defendants on October 25, 2013 (Filed Under Seal)

Exhibit 19:    Email produced by Defendants on October 25, 2013 (Filed Under Seal)

# EXHIBIT 16

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Victor Parsons; Shawn Jensen;        )    No. CV12-00601-
Stephen Swartz; Dustin Brislan;      )    PHX-NVW (MEA)
Sonia Rodriguez; Christina Verduzco; )
Jackie Thomas; Jeremy Smith; Robert  )
Gamez; Maryanne Chisholm; Desiree    )
Licci; Joseph Hefner; Joshua Polson; )
and Charlotte Wells, on behalf of    )
themselves and all others similarly  )
situated; and Arizona Center for     )
Disability Law,                      )
                                     )
          Plaintiffs,                )
      vs.                            )
                                     )
Charles Ryan, Director, Arizona      )
Department of Corrections; and       )
Richard Pratt, Interim Division      )
Director, Division of Health         )
Services, Arizona Department of      )
Corrections, in their official       )
capacities,                          )
                                     )
          Defendants.                )
                                     )


DEPOSITION OF KATHLEEN CAMPBELL, RN
September 11, 2013
9:05 a.m.
Phoenix, Arizona


Prepared by:
Carolyn T. Sullivan, RPR
Arizona Certified
Reporter No. 50528

Parsons vs Ryan
Deposition of Kathleen Campbell, RN - 9/11/2013

Page 85

1     A.     It would have triggered for a CAP to be done,

2   yes.

3     Q.     So each time you made an amber finding, the

4   expectation was that Wexford would prepare a CAP for that

5   finding; is that correct?

6                 MS. CLOMAN:  Form.

7                 THE WITNESS:  Yes.

8     Q.     BY MS. HARDY:  And that was true for both amber

9   and red findings; is that right?

10    A.     Correct.

11    Q.     And do you know how many CAPs Wexford

12   developed?

13    A.     I do not.

14    Q.     Did you receive the CAPs that Wexford

15   developed?

16    A.     They were automated into the system.  If I did

17   the audit, I would have been responsible for answering

18   the CAP or responding to the CAP to approve or reject it.

19    Q.     When you say the CAPs were automated into the

20   system, can you explain how you got the CAPs.

21    A.     We would get an email, and we would have to go

22   back into the system to check under Corrective Action

23   Plans.  I believe we received an email.  I'm sorry.  I

24   know for sure we had to go back into the system to see.

25    Q.     So how would you know that you had to go into

Parsons vs Ryan
Deposition of Kathleen Campbell, RN - 9/11/2013

Page 86

1    the system if you didn't get an email?

2         A.    We would automatically go back into the system

3    to look for them, anticipating that they would be there.

4         Q.    So when you say into the system, is there like

5    a shared drive for the MGARs?

6                   MS. CLOMAN:  Foundation, form.

7                   THE WITNESS:  There's no shared drive, no.

8    You'd go back into the MGAR itself.

9         Q.    BY MS. HARDY:  So the MGAR reports are online,

10   and you can input into them, correct?

11        A.    Correct.

12        Q.    And then when you do that, what happens to the

13   MGAR?  You put in all your information, and then is it

14   sent to the facility or does the facility have to log on

15   to see the MGAR?  Do you know how that works?

16                   MS. CLOMAN:  Foundation.

17                   THE WITNESS:  It depends on at the different

18   level of how it's set up at Corizon or the different

19   prisons.  Depending on the finding, some go directly to

20   the facility health administrator, some go to the

21   regional, some go to the corporate office.

22        Q.    BY MS. HARDY:  Wow.  I need to understand this,

23   then.  So during the era of Wexford, you did your MGARs

24   each month.  And when you received the MGARs, they looked

25   like a consolidated report.  Did that report that's been

Parsons vs Ryan
Deposition of Kathleen Campbell, RN - 9/11/2013

Page 199

1    STATE OF ARIZONA    )
                         )
2    COUNTY OF MARICOPA  )

3

4              I, CAROLYN T. SULLIVAN, a Certified

5    Reporter, Certificate No. 50528, in the State of Arizona,

6    do hereby certify that the foregoing witness was duly

7    sworn to tell the whole truth; that the foregoing pages

8    constitute a full, true, and accurate transcript of all

9    proceedings had in the foregoing matter, all done to the

10   best of my skill and ability.  Pursuant to request,

11   notification was provided that the deposition is

12   available for review and signature.

13

14             I FURTHER CERTIFY that I am not related to

15   nor employed by any of the parties hereto, and have no

16   interest in the outcome.

17

18             WITNESS my hand this 24th day of September,

19   2013.

20

21

                        Carolyn T. Sullivan, RPR
22                      Arizona Certified
                        Reporter No. 50528
23

24

25

UNITED sTATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Victor Parsons; Shawn Jensen; | ) | No. CV12-00601- |
| Stephen Swartz; Dustin Brislan; | ) | PHX-NVW (MEA) |
| Sonia Rodriguez; Christina Verduzco; | ) | |
| Jackie Thomas; Jeremy Smith; Robert | ) | |
| Gamez; Maryanne Chisholm; Desiree | ) | |
| Licci; Joseph Hefner; Joshua Polson; | ) | |
| and Charlotte Wells, on behalf of | ) | |
| themselves and all others similarly | ) | |
| situated; and Arizona Center for | ) | |
| Disability Law, | ) | |
| | ) | |
| Plaintiffs, | ) | SUBJECT TO |
| vs. | ) | PROTECTIVE ORDER |
| | ) | |
| Charles Ryan, Director, Arizona | ) | |
| Department of Corrections; and | ) | |
| Richard Pratt, Interim Division | ) | 30(b)(6) DEPOSITION |
| Director, Division of Health | ) | OF |
| Services, Arizona Department of | ) | ARIZONA DEPARTMENT |
| Corrections, in their official | ) | OF CORRECTIONS |
| capacities, | ) | |
| | ) | Continuation of |
| Defendants. | ) | Docket No. 81 |
| | ) | |

CARSON ANTON MCWILLIAMS

(Topics 1-9, 11, 13, 14, 16)

September 27, 2013
9:01 a.m.
Phoenix, Arizona

Prepared by:
Carolyn T. Sullivan, RPR
Arizona Certified
Reporter No. 50528

Parsons vs Ryan
30(b)(6)  Deposition of AZ Dept of Corrections Carson Anton McWilliams - 9/27/2013

Page 150

1    Q.    Other than the programs we've just discussed,

2    are there any other programs in place at Perryville SMA

3    we haven't talked about?

4                MS. LOVE:  Form and foundation.

5                THE WITNESS:  Not to my knowledge.

6    Q.    BY MS. EIDENBACH:  We're going to go back to

7    Browning.

8                (Exhibit 422 was marked.)

9    Q.    BY MS. EIDENBACH:  While that's being marked,

10   there are any -- and my next couple questions aren't

11   going to be about that document.  Are there any reports

12   or documents generated in ADC that analyze or record the

13   length of stays for prisoners in isolation?

14               MS. LOVE:  Form and foundation.

15               THE WITNESS:  I don't know of any reports

16   that are just designed to look at length of stay.  I

17   mean, we obviously have documents that would tell you how

18   long someone's been there.  We know the duration of that

19   on the computer system.  You can tell that by looking at

20   locations and stuff.  So you could generate a report that

21   way.

22   Q.    BY MS. EIDENBACH:  Do you know if anybody does

23   generate a report?

24   A.    I don't know of a report that's generated just

25   to look at that, no.

Parsons vs Ryan
30(b)(6)  Deposition of AZ Dept of Corrections Carson Anton McWilliams - 9/27/2013

Page 197

1    STATE OF ARIZONA    )
                         )
2    COUNTY OF MARICOPA  )

3

4              I, CAROLYN T. SULLIVAN, a Certified

5    Reporter, Certificate No. 50528, in the State of Arizona,

6    do hereby certify that the foregoing witness was duly

7    sworn to tell the whole truth; that the foregoing pages

8    constitute a full, true, and accurate transcript of all

9    proceedings had in the foregoing matter, all done to the

10   best of my skill and ability.  Pursuant to request,

11   notification was provided that the deposition is

12   available for review and signature.

13

14             I FURTHER CERTIFY that I am not related to

15   nor employed by any of the parties hereto, and have no

16   interest in the outcome.

17

18             WITNESS my hand this 14th day of October,

19   2013.

20

21

22                            Carolyn T. Sullivan, RPR
                              Arizona Certified
                              Reporter No. 50528
23

24

25

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA


| | |
|---|---|
| Victor Parsons, et al., on ) | |
| behalf of themselves ) | |
| and all others similarly ) NO. 2:12-cv-00601-NVW | |
| situated; and Arizona Center ) | |
| for Disability Law, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Charles Ryan, Director, ) | |
| Arizona Department of ) | |
| Corrections; and Richard ) | |
| Pratt, Interim Division ) | |
| Director, Division of Health ) | |
| Services, Arizona Department ) | |
| of Corrections, in their ) | |
| official Capacities, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |


VIDEOTAPED DEPOSITION OF SONIA ANN RODRIGUEZ


Goodyear, Arizona
August 13, 2013
9:25 a.m.


REPORTED BY:
CHRISTINE JOHNSON, RPR, RMR
Certified No. 50383

PREPARED FOR:

Sonia Ann Rodriguez - 8/13/2013
PARSONS v. RYAN, 2:12-CV-00601-NVW

Page 143

1      Q      Okay.

2             THE WITNESS:  Can I take a break?

3             MS. RAND:  Sure.  Let's go off the record.

4             THE VIDEOGRAPHER:  This concludes tape number two.

5    We're off the record at 2:12.

6             (Whereupon, a recess was taken from 2:12 p.m. to

7    2:23 p.m.)

8             THE VIDEOGRAPHER:  This begins tape number three

9    in the deposition of Sonia Rodriguez.  We're back on the

10   record at 2:23.

11            MR. GRAY:  So looks like in the last section of

12   the questioning, Lucy, you were referring to some

13   disciplinary records from 2012 and '13 and I don't believe

14   that those documents have been produced in the case.

15            So if they -- if you're going to continue asking

16   about any of the disciplinary stuff from documents that

17   haven't been produced, we'd ask that we get a copy of right

18   now.  If you aren't going to ask any more, we just ask that

19   you produce as soon as possible after the case.

20            MS. RAND:  What it is from is from the

21   confidential AIMS report from the prison system and I will

22   produce them when I get back from the -- I'll produce them

23   after the deposition.  There is no more on there.  I just

24   happened to read -- and I believe you guys were provided the

25   master record file, which includes the AIMS.

**Sonia Ann Rodriguez - 8/13/2013**
**PARSONS v. RYAN, 2:12-CV-00601-NVW**

Page 144

1          MR. GRAY:  I mean, I can go look, but I think we

2     checked before and it looked like we only have partway

3     through 2011.

4          MS. RAND:  For the AIMS?

5          MR. GRAY:  For -- I believe so.  I mean, you know,

6     we'll check, too, but.

7          MR. SINGH:  By the way, I think you said

8     confidential.

9          MS. RAND:  No, it's not confidential.

10          MR. SINGH:  You said confidential.

11          MS. RAND:  I'm sorry, I mumbled the

12     nonconfidential part.  Yeah, it's nonconfidential, so it can

13     be produced and I'll produce it, but it should have been.

14          MR. GRAY:  We haven't seen any sort of

15     disciplinary-related records after 2011.

16          MS. RAND:  Okay.

17          MR. GRAY:  That's all.

18     BY MS. RAND:

19     Q     Sonia, I'm going to ask you just a few questions

20     about the lawsuit itself.  This is a class action lawsuit.

21     It's a little bit different than a lawsuit brought by an

22     individual person.  Have you been ever been involved in a

23     lawsuit before?

24     A     No.

25     Q     Okay.  So you've never brought a lawsuit or had

Page 205

1   STATE OF ARIZONA   )

2   COUNTY OF MARICOPA)

3           BE IT KNOWN that the foregoing videotaped

4   deposition was taken before me pursuant to stipulation of

5   counsel; that I, Christine Johnson, RPR, RMR, Certified

6   Reporter No. 50383, in the State of Arizona and by virtue

7   thereof, am authorized to administer an oath; that the

8   witness before testifying was duly sworn by me to testify to

9   the whole truth; that the questions propounded by counsel

10  and the answers of the witness thereto were taken down by me

11  and reduced to print under my direction; that deposition

12  review and signature were requested; that the foregoing 119

13  pages are a full, true and accurate transcript of all

14  proceedings and testimony had and adduced upon the taking of

15  said deposition, all to the best of my skill and ability

16           I FURTHER CERTIFY that I am in no way related

17  to any of the parties hereto nor am I in any way interested

18  in the outcome hereof.

19           DATED at Phoenix, Arizona, this _____ day

20  of _____, 2013.

21

22           _____

23           CHRISTINE JOHNSON, RPR, RMR
                  Certified Reporter
                Certificate No. 50383

24

25

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn ) | No: |
| Jensen; Stephen Swartz; ) | CV12-00601-PHX-NVW |
| Dustin Brislan; Sonia ) | (MEA) |
| Rodriguez; Christina ) | |
| Verduzco; Jackie Thomas; ) | |
| Jeremy Smith; Robert Gamez; ) | |
| Maryanne Chisholm; Desiree ) | |
| Licci; Joseph Hefner; Joshua ) | |
| Polson; and Charlotte Wells, ) | |
| on behalf of themselves and ) | |
| all others similarly ) | |
| situated; and Arizona Center ) | |
| for Disability Law, ) | |
| Plaintiffs, ) | |
| v. ) | |
| Charles Ryan, Director, ) | |
| Arizona Department of ) | |
| Corrections; and Richard ) | |
| Pratt, Interim Division ) | |
| Director, Division of Health ) | |
| Services, Arizona Department ) | |
| of Corrections, in their ) | |
| official capacities, ) | |
| Defendants. ) | |
| ) | |

DEPOSITION OF NICOLE TAYLOR, J.D., Ph.D.

September 5, 2013
9:13 a.m.
Phoenix, Arizona

Prepared by:
Marcella Daughtry, RPR
Arizona Certified
Reporter No. 50623

Prepared for:

(Copy)

Parsons v. Ryan
Deposition of Nicole Taylor, J.D., Ph.D. - 9/5/2013

Page 68

1     Q    BY MR. FATHI:  Do you monitor whether prisoner

2  suicides were preventable?

3                 MS. CLOMAN:  Form.

4                 THE WITNESS:  I receive information

5  after a suicide to review, yes.

6     Q    BY MR. FATHI:  Do you monitor whether prisoner

7  suicides were preventible?

8                 MS. CLOMAN:  Form.

9                 THE WITNESS:  Yes.

10    Q    BY MR. FATHI:  And where is that reflected in

11  the MGAR?

12    A    That is not in the MGAR.

13    Q    Where is that reflected?

14    A    That would be in psychological autopsies that

15  we receive -- that I receive.

16    Q    And this is part of your duties as mental

17  health monitor?

18    A    Correct.

19    Q    Which of your duties as reflected on your

20  resume does this fall under?

21    A    The ensuring compliance with ADC policies and

22  procedures.

23    Q    Okay.  So tell me about your role in

24  monitoring whether prisoner suicides were preventable.

25    A    I will either go down to the complex where the

Parsons v. Ryan
Deposition of Nicole Taylor, J.D., Ph.D. - 9/5/2013

Page 69

1    suicide occurred myself or I will ask an on-site

2    monitor to send me their record via electronically to

3    review if I can't get to the site.

4         Q    And how do you memorialize the findings of

5    your monitoring?

6         A    I wait for the psych autopsy to come from the

7    Corizon staff, and then I go and discuss that

8    information with Director Ryan and Deputy Director

9    Hood.

10        Q    So do you create anything in writing as a

11   result of your monitoring of prisoner suicides?

12        A    No, I do not.  I also do discuss it with

13   Dr. Shaw who is the current regional mental health

14   director of the findings.

15        Q    Okay.  So you monitor whether prisoner

16   suicides were preventible, but you don't write anything

17   down?

18        A    Correct.

19        Q    How many ADC prisoners have died by suicide so

20   far in 2013?

21                  MS. CLOMAN:  Form.

22                  THE WITNESS:  We actually -- our

23   information is prepared as fiscal year, and so fiscal

24   year 2013 was seven, which includes July 1st through

25   June 30th of 2013.

Parsons v. Ryan
Deposition of Nicole Taylor, J.D., Ph.D. - 9/5/2013

Page 285

1   STATE OF ARIZONA   )
                       )
2   COUNTY OF MARICOPA )

3

4              I, Marcella L. Daughtry, a Certified

5   Reporter, Certificate No. 50623, in the State of

6   Arizona, do hereby certify that the foregoing witness

7   was duly sworn to tell the whole truth; that the

8   foregoing pages constitute a full, true, and accurate

9   transcript of all proceedings had in the foregoing

10  matter, all done to the best of my skill and ability.

11  Pursuant to request, notification was provided that the

12  deposition is available for review and signature.

13

14             I FURTHER CERTIFY that I am not related

15  to nor employed by any of the parties hereto, and have

16  no interest in the outcome.

17

18             WITNESS my hand this 16th day of

19  September, 2013.

20

21                     _____

22                     Marcella L. Daughtry
                       Arizona Certified
                       Reporter No. 50623
23

24

25

EXHIBIT 17

1   Thomas C. Horne
    Attorney General
2
    Michael E. Gottfried, Bar No. 010623
3   Lucy M. Rand, Bar No. 026919
    Katherine E. Watanabe, Bar No. 027458
4   *Assistant Attorneys General*
    1275 W. Washington Street
5   Phoenix, Arizona 85007-2926
    Telephone: (602) 542-1610
6   Fax:        (602) 542-7670
    Michael.Gottfried@azag.gov
7   Lucy.Rand@azag.gov
    Katherine.Watanabe@azag.gov
8
    Daniel P. Struck, Bar No. 012377
9   Kathleen L. Wieneke, Bar No. 011139
    Rachel Love, Bar No. 019881
10  Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
11  Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
12  Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE & LOVE, P.L.C.
13  3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
14  Telephone:  (480) 420-1600
    Fax:  (480) 420-1696
15  dstruck@swlfirm.com
    kwieneke@swlfirm.com
16  rlove@swlfirm.com
    tbojanowski@swlfirm.com
17  nacedo@swlfirm.com
    ccloman@swlfirm.com
18  afletcher@swlfirm.com
    aorcutt@swlfirm.com
19
    *Attorneys for Defendants*
20
                    UNITED STATES DISTRICT COURT
21
                        DISTRICT OF ARIZONA
22
    Victor Parsons; *et al.*, on behalf of themselves    NO. CV12-0601-PHX-NVW (MEA)
    and all others similarly situated; and Arizona
23  Center for Disability Law,                           **DEFENDANTS' *SEVENTEENTH***
                                                         **SUPPLEMENTAL RESPONSE TO**
24                          Plaintiffs,                  **PLAINTIFF VICTOR PARSONS'**
                                                         ***FIRST* SET OF REQUESTS FOR**
25              v.                                       **PRODUCTION OF DOCUMENTS**
                                                         **TO DEFENDANTS**
26  Charles Ryan and Richard Pratt, in their
    official capacities,
27
                            Defendants.
28

    #3395884

7.     NCCHC Report for Winslow Complex 2009, attached hereto as Bates Numbers ADC055525-ADC055556.

8.     NCCHC Report for Yuma Complex 2010, attached hereto as Bates Numbers ADC055557-ADC055571.

Defendants will supplement this response as necessary.


**REQUEST FOR PRODUCTION NO. 53**

Documents sufficient to show the DURATION of CONFINEMENT in ISOLATION, including but not limited to the MEAN, MEDIAN, AND MAXIMUM LENGTH of confinement in ISOLATION for ADC prisoners.

**RESPONSE**

Objection:   Privilege; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information.  Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information.  Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation.  Defendants additionally object to the term "isolation" as defined by Plaintiffs as this term is not used in any policy, practice, or procedure at ADC to describe the housing of any inmate at any time.

1    Defendants object to the production of metadata because it is unreasonably

2  cumulative, irrelevant, duplicative, contains attorney-client privileged information,

3  security-sensitive information, proprietary information, and is not reasonably accessible

4  because of undue burden and/or cost.

5    Without waiving these objections, ADC does not track this information or have a

6  way to readily compile *it* ~~this information~~, **and are not required to create documents to**

7  **produce.**

8

9  **REQUEST FOR PRODUCTION NO. 54**

10    All documents regarding the PROVISION of OUTDOOR EXERCISE to prisoners

11  in ISOLATION, including but not limited to POLICIES AND PROCEDURES;

12  SCHEDULES for the provision of outdoor exercise; documents sufficient to show WHEN

13  and FOR HOW LONG prisoners ACTUALLY RECEIVED outdoor exercise, including

14  any documents regarding CANCELLATION or TRUNCATION of scheduled outdoor

15  exercise; PLANS of the AREAS in which outdoor exercise is provided; and EXERCISE

16  EQUIPMENT in the outdoor exercise areas.

17  **RESPONSE**

18    Objection:   Overbroad in that this request seeks information about inmates and

19  claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague

20  and ambiguous; calls for the production of security-sensitive information, the production

21  of which could jeopardize facility security; not reasonably calculated to lead to the

22  discovery of admissible evidence.

23    Defendants object to the production of any information that is protected by the

24  attorney-client privilege, settlement privilege, deliberative process privilege, work product

25  doctrine, or any similarly recognized privilege.  Inadvertent production of any information

26  or documents so privileged does not constitute a waiver of such privilege or any other

27  grounds for objecting to the discovery request.

28

# EXHIBIT 18

# FILED UNDER SEAL

# EXHIBIT 19

# FILED UNDER SEAL

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney-client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.

Without waiving these objections, the Defendants do not intend to produce any documents in response to this request ~~at this time~~, as it would involve the creation of documents. ***Further, if Plaintiffs' request refers to the production of an image of an e-mail custodian's e-mail folder,*** ~~and the Defendants feel it is excessive given that all emails collected pursuant to the Plaintiff's search terms have already been collected and are being reviewed for production.  Furthermore,~~ ***the emails contemplated*** being produced ***were*** ~~are~~ ***not*** ~~being~~ ***retrieved*** ~~from the custodians' email accounts~~ ***with this information,*** ~~but from~~ ***as they were retrieved*** from the ADC's e-mail ***archive server*** ~~retention system~~.

DATED this 25th day of July, 2013

            Thomas C. Horne
            ATTORNEY GENERAL

            *s/ Lucy M. Rand*
            Lucy M. Rand
            Michael E. Gottfried
            Katherine E. Watanabe
            *Assistant Attorneys General*

            Daniel P. Struck
            Kathleen L. Wieneke
            Rachel Love
            Timothy J. Bojanowski
            Nicholas D. Acedo
            Courtney R. Cloman
            Ashlee B. Fletcher
            Anne M. Orcutt
            STRUCK WIENEKE & LOVE, P.L.C.

            *Attorneys for Defendants*