**Exhibits to the Supplemental Declaration of Sophia Calderón
in Support of Plaintiffs' Motion for Reconsideration**

Exhibit 1:     Defendant Charles Ryan's Responses to Plaintiff Robert Gamez' First Set of
               Requests for Admissions.

Exhibit 2:     Defendant Charles Ryan's Responses to Plaintiff Robert Gamez' First Set of
               Interrogatories.

Exhibit 3:     Defendant Charles Ryan's Responses to Plaintiff Desiree Licci's First Set of
               Requests for Admission.

Exhibit 4:     Defendant Charles Ryan's Responses to Plaintiff Desiree Licci's First Set of
               Interrogatories.

# EXHIBIT 1

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-NVW |
| Plaintiffs, | **DEFENDANT CHARLES RYAN'S RESPONSES TO PLAINTIFF ROBERT GAMEZ' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-75)** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

Defendant Charles Ryan, pursuant to FED. R. CIV. P. 33 and 36 and through

counsel, answers Plaintiff Robert Gamez' First Set of Requests for Admission as follows.

## GENERAL OBJECTIONS

The following general objections are continuing in nature and are intended to apply to each discovery request where applicable.

1.      Defendant objects to Plaintiff's Requests for Admission to the extent they seek information beyond that which is permitted under the Federal Rules of Civil Procedure, the local rules, Orders of Court, or any other applicable rules or orders. Defendant will respond to Plaintiff's Requests for Admission in accordance with the provisions of the Federal Rules of Civil Procedure and the case law interpreting the rules of discovery.

2.      Defendant objects to Plaintiff's discovery requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Defendant's responses to these discovery requests do not waive the attorney-client privilege or the work product privilege or any other privileged communication or documents on any subject matter.

3.      Defendant objects to Plaintiff's discovery requests to the extent they are silent or ambiguous with respect to time as such or they are overbroad and seek irrelevant information and are, thus, oppressive and unduly burdensome.

4.      Defendant objects to Plaintiff's discovery requests to the extent they seek legal conclusions and/or matters that are beyond the scope of Defendant and/or seek information that is not yet available to Defendant.

5.      In addition to the general objections set forth above, Defendant will also state other specific objections to Requests for Admissions where appropriate, including objections that are not generally applicable to all the Requests for Admissions. By setting forth such specific objections, Defendant does not intend to limit the general objections set forth above.   To the extent that Defendant responds to Requests for Admission to which it objects, such objections are not waived by providing information.

6.      Further, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

1

## REQUESTS FOR ADMISSION

2 **REQUEST FOR ADMISSION NO. 1:**

3        Admit that ADC POLICY does not limit the amount of time a PRISONER

4 may be housed in ISOLATION.

5 _____ **Admit**        _____ **Deny**

6        **Defendant objects that this Request is overbroad, vague, and**

7 **ambiguous.  Defendant further objects to Plaintiff's definition and use of the term**

8 **"ISOLATION."  Plaintiffs' definition of "ISOLATION" includes several different**

9 **types of housing assignments, each with its own criteria for assignment.  Inmates**

10 **may be housed in a detention unit in disciplinary segregation, investigative detention,**

11 **mental health observation, or pending placement into a maximum security unit.**

12 **Moreover, the term "ISOLATION" implies solitary confinement; however, inmates**

13 **housed in the housing units listed in Plaintiffs' definition of "ISOLATION" may or**

14 **may not have cellmates, and all have interaction with other inmates and staff**

15 **throughout the day.  Defendant further objects that this Request is an incomplete**

16 **and one-sided statement of the circumstances and is, therefore, vague, ambiguous,**

17 **and misleading.  Defendant objects because this request does not identity the "ADC**

18 **POLICY" referred to in this request.**

19        **Without waiving these objections, Defendant denies this Request, as**

20 **policy does provide for limits regarding placement in maximum custody and**

21 **detention.  ADC policy additionally includes limits on placement on watch status.**

22 **REQUEST FOR ADMISSION NO. 2:**

23        Admit that ADC POLICY does not require CORRECTIONAL STAFF to

24 review the length of time a PRISONER has been housed in ISOLATION.

25 _____ **Admit**        _____ **Deny**

26        **Defendant objects that this Request is overbroad, vague, and**

27 **ambiguous.  Defendant further objects to Plaintiff's definition and use of the term**

28 **"ISOLATION."  Plaintiffs' definition of "ISOLATION" includes several different**

3

1   types of housing assignments, each with its own criteria for assignment. Inmates
2   may be housed in a detention unit in disciplinary segregation, investigative detention,
3   mental health observation, or pending placement into a maximum security unit.
4   Moreover, the term "ISOLATION" implies solitary confinement; however, inmates
5   housed in the housing units listed in Plaintiffs' definition of "ISOLATION" may or
6   may not have cellmates, and all have interaction with other inmates and staff
7   throughout the day. Defendant objects because this request does not identity the
8   "ADC POLICY" referred to in this request.

9         Without waiving these objections, Defendant denies this Request.
10  **REQUEST FOR ADMISSION NO. 3:**

11        Admit that ADC POLICY does not require HEALTH CARE STAFF to
12  review the length of time a PRISONER has been housed in ISOLATION.

13  _____ **Admit**        _____ **Deny**

14        **Defendant objects that this Request is overbroad, vague, and**
15  **ambiguous. Defendant further objects to Plaintiff's definition and use of the term**
16  **"ISOLATION." Plaintiffs' definition of "ISOLATION" includes several different**
17  **types of housing assignments, each with its own criteria for assignment. Inmates**
18  **may be housed in a detention unit in disciplinary segregation, investigative detention,**
19  **mental health observation, or pending placement into a maximum security unit.**
20  **Moreover, the term "ISOLATION" implies solitary confinement; however, inmates**
21  **housed in the housing units listed in Plaintiffs' definition of "ISOLATION" may or**
22  **may not have cellmates, and all have interaction with other inmates and staff**
23  **throughout the day. Defendant objects because this request does not identity the**
24  **"ADC POLICY" referred to in this request.**

25        **Without waiving these objections, Defendant denies this Request.**
26  **REQUEST FOR ADMISSION NO. 4:**

27        Admit that ADC POLICY does not require staff to monitor the length of
28  time PRISONERS are housed in ISOLATION.

4

_____   **Admit**          _____   **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects to Plaintiff's definition and use of the term "ISOLATION." Plaintiffs' definition of "ISOLATION" includes several different types of housing assignments, each with its own criteria for assignment. Inmates may be housed in a detention unit in disciplinary segregation, investigative detention, mental health observation, or pending placement into a maximum security unit. Moreover, the term "ISOLATION" implies solitary confinement; however, inmates housed in the housing units listed in Plaintiffs' definition of "ISOLATION" may or may not have cellmates, and all have interaction with other inmates and staff throughout the day. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request.**

**Without waiving these objections, Defendant denies this Request.**

**REQUEST FOR ADMISSION NO. 5:**

Admit that ADC does not monitor the mean length of stay for PRISONERS housed in ISOLATION.

_____   **Admit**          _____   **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects to Plaintiff's definition and use of the term "ISOLATION." Plaintiffs' definition of "ISOLATION" includes several different types of housing assignments, each with its own criteria for assignment. Inmates may be housed in a detention unit in disciplinary segregation, investigative detention, mental health observation, or pending placement into a maximum security unit. Moreover, the term "ISOLATION" implies solitary confinement; however, inmates housed in the housing units listed in Plaintiffs' definition of "ISOLATION" may or may not have cellmates, and all have interaction with other inmates and staff**

5

throughout the day. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request.

Without waiving these objections, Defendant admits that ADC does not monitor the mean length of time an inmate is housed in a housing location meeting Plaintiffs' definition of "ISOLATION."   Defendant affirmatively states that calculating a mean length of stay would be meaningless, as the length of time an inmate is housed in a location meeting Plaintiffs' definition of "ISOLATION" varies drastically depending on the reason for the housing placement.  Inmates serving death or life sentences could be housed in a location meeting Plaintiffs' definition of "ISOLATION" for upwards of 20 years, while inmates on mental health or suicide watch could be housed in a location meeting Plaintiffs' definition of "ISOLATION" for a single day.  Inmates in disciplinary segregation may be placed in a housing location meeting Plaintiffs' definition of "ISOLATION" for a period of 30 or 45 days.

**REQUEST FOR ADMISSION NO. 6:**

Admit that ADC does not monitor the median length of stay for PRISONERS housed in ISOLATION.

_____ **Admit**        _____ **Deny**

Defendant objects that this Request is overbroad, vague, and ambiguous.  Defendant further objects to Plaintiff's definition and use of the term "ISOLATION."  Plaintiffs' definition of "ISOLATION" includes several different types of housing assignments, each with its own criteria for assignment.  Inmates may be housed in a detention unit in disciplinary segregation, investigative detention, mental health observation, or pending placement into a maximum security unit. Moreover, the term "ISOLATION" implies solitary confinement; however, inmates housed in the housing units listed in Plaintiffs' definition of "ISOLATION" may or may not have cellmates,  and all have interaction with other inmates and staff throughout the day.

1     **Without waiving these objections, Defendant admits that ADC does not**
2     **monitor the median length of time an inmate is housed in a location meeting**
3     **Plaintiffs' definition of "ISOLATION."    Defendant affirmatively states that**
4     **calculating a mean length of stay would be meaningless, as the length of time an**
5     **inmate is housed in a location meeting Plaintiffs' definition of "ISOLATION" varies**
6     **drastically depending on the reason for the housing placement.    Inmates serving**
7     **death or life sentences could be housed in a location meeting Plaintiffs' definition of**
8     **"ISOLATION" for upwards of 20 years, while inmates on mental health or suicide**
9     **watch could be housed in a location meeting Plaintiffs' definition of "ISOLATION"**
10    **for a single day.    Inmates in disciplinary segregation may be placed in a housing**
11    **location meeting Plaintiffs' definition of "ISOLATION" for a period of 30 or 45**
12    **days.**
13    **REQUEST FOR ADMISSION NO. 7:**
14          Admit that ADC does not produce reports indicating the length of time
15    PRISONERS are housed in ISOLATION.
16    _____ **Admit**    _____ **Deny**
17    **Defendant objects that this Request is overbroad, vague, and**
18    **ambiguous.   Without waiving these objections, Defendant denies this Request.**
19    **REQUEST FOR ADMISSION NO. 8:**
20          Admit that ADC has no written POLICY restricting the use of CHEMICAL
21    AGENTS on PRISONERS who are on MENTAL HEALTH WATCH.
22    _____ **Admit**    _____ **Deny**
23    **Defendant objects that this Request is overbroad, vague, and**
24    **ambiguous.   Without waiving these objections, Defendant denies this Request.**
25    **REQUEST FOR ADMISSION NO. 9:**
26          Admit that CHEMICAL AGENTS have been used on PRISONERS who are
27    on MENTAL HEALTH WATCH.
28    _____ **Admit**    _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous. Without waiving these objections, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 10:**

Admit that some PRISONERS in the ISOLATION units are offered no more than six hours per week of out-of-cell exercise.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects to Plaintiff's definition and use of the term "ISOLATION." Plaintiffs' definition of "ISOLATION" includes several different types of housing assignments, each with its own criteria for assignment. Inmates may be housed in a detention unit in disciplinary segregation, investigative detention, mental health observation, or pending placement into a maximum security unit. Moreover, the term "ISOLATION" implies solitary confinement; however, inmates housed in the housing units listed in Plaintiffs' definition of "ISOLATION" may or may not have cellmates, and all have interaction with other inmates and staff throughout the day.**

**Without waiving these objections, Defendant admits that inmates on mental health and suicide watch are offered less than six hours per week of out-of-cell recreation time at the clinical discretion of the mental health provider. Defendant denies that inmates in the housing units falling within Plaintiffs' definition of "ISOLATION," other than inmates on mental health or suicide watch, are offered less than six hours per week of out-of-cell recreation time.**

**REQUEST FOR ADMISSION NO. 11:**

Admit that some PRISONERS in ASPC-Florence Central CB-1 are not offered mental health group PROGRAMS every week.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. This request does not identify who the "some inmates" are in the request. Without waiving these**

1  objections, there may be individual reasons why, on occasion, an inmate does not

2  participate in group mental health programing.  For example, inmates on mental

3  health or suicide watch may not be offered mental health group programming while

4  they are on watch, but do obtain mental health care.   Further, the ability to conduct

5  group programs may be affected by security concerns. Defendant denies all other

6  allegations contained in this Request.

7  **REQUEST FOR ADMISSION NO. 12**:

8          Admit that some PRISONERS in ASPC-Florence Kasson-Wing 1 are not

9  offered mental health group PROGRAMS every week.

10          **_____ Admit          _____ Deny**

11      Defendant objects that this Request is vague and ambiguous.   This request

12  does not identify who the "some inmates" are in the request.   Without waiving these

13  objections, there may be individual reasons why, on occasion, an inmate does not

14  participate in group mental health programing.  For example, inmates on mental

15  health or suicide watch may not be offered mental health group programming while

16  they are on watch, but do obtain mental health care.   Further, the ability to conduct

17  group programs may be affected by security concerns. Defendant denies all other

18  allegations contained in this Request.

19  **REQUEST FOR ADMISSION NO. 13:**

20          Admit that some PRISONERS in ASPC-Eyman Browning-BMU are not

21  offered mental health group PROGRAMS every week.

22          **_____ Admit          _____ Deny**

23      Defendant objects that this Request is vague and ambiguous.   This request

24  does not identify who the "some inmates" are in the request.   Without waiving these

25  objections, there may be individual reasons why, on occasion, an inmate does not

26  participate in group mental health programing.  For example, inmates on mental

27  health or suicide watch may not be offered mental health group programming while

28  they are on watch, but do obtain mental health care.   Further, the ability to conduct

1  **group programs may be affected by security concerns. Defendant denies all other**

2  **allegations contained in this Request.**

3  **REQUEST FOR ADMISSION NO. 14:**

4  Admit that some PRISONERS in ASPC-Phoenix Baker Ward are not

5  offered mental health group PROGRAMS every week.

6  _____ **Admit** _____ **Deny**

7  **Defendant objects that this Request is vague and ambiguous.  This request**

8  **does not identify who the "some inmates" are in the request.  Without waiving these**

9  **objections, there may be individual reasons why, on occasion, an inmate does not**

10  **participate in group mental health programing.  For example, inmates on mental**

11  **health or suicide watch may not be offered mental health group programming while**

12  **they are on watch, but do obtain mental health care.  Further, the ability to conduct**

13  **group programs may be affected by security concerns. Defendant denies all other**

14  **allegations contained in this Request.**

15  **REQUEST FOR ADMISSION NO. 15:**

16  Admit that some PRISONERS in ASPC-Phoenix Flamenco are not offered

17  mental health group PROGRAMS every week.

18  _____ **Admit** _____ **Deny**

19  **Defendant objects that this Request is vague and ambiguous.  This request**

20  **does not identify who the "some inmates" are in the request.  Without waiving these**

21  **objections, there may be individual reasons why, on occasion, an inmate does not**

22  **participate in group mental health programing.  For example, inmates on mental**

23  **health or suicide watch may not be offered mental health group programming while**

24  **they are on watch, but do obtain mental health care.  Further, the ability to conduct**

25  **group programs may be affected by security concerns. Defendant denies all other**

26  **allegations contained in this Request.**

27  **REQUEST FOR ADMISSION NO. 16:**

28

1   Admit that some PRISONERS in ASPC-Phoenix Aspen are not offered
2   mental health group PROGRAMS every week.

3   _____ **Admit**   _____ **Deny**

4   **Defendant objects that this Request is vague and ambiguous.  This request**
5   **does not identify who the "some inmates" are in the request.  Without waiving these**
6   **objections, there may be individual reasons why, on occasion, an inmate does not**
7   **participate in group mental health programing.  For example, inmates on mental**
8   **health or suicide watch may not be offered mental health group programming while**
9   **they are on watch, but do obtain mental health care.   Further, the ability to conduct**
10  **group programs may be affected by security concerns. Defendant denies all other**
11  **allegations contained in this Request.**

12  **REQUEST FOR ADMISSION NO. 17:**

13  Admit that some PRISONERS in ASPC-Tucson BHU are not offered
14  mental health group PROGRAMS every week.

15  _____ **Admit**   _____ **Deny**

16  **Defendant objects that this Request is vague and ambiguous.  This request**
17  **does not identify who the "some inmates" are in the request.  Without waiving these**
18  **objections, there may be individual reasons why, on occasion, an inmate does not**
19  **participate in group mental health programing.  For example, inmates on mental**
20  **health or suicide watch may not be offered mental health group programming while**
21  **they are on watch, but do obtain mental health care.   Further, the ability to conduct**
22  **group programs may be affected by security concerns. Defendant denies all other**
23  **allegations contained in this Request.**

24  **REQUEST FOR ADMISSION NO. 18:**

25  Admit that some PRISONERS in ASPC-Florence Central CB-1 are not
26  offered INDIVIDUAL MENTAL HEALTH THERAPY every month.

27  _____ **Admit**   _____ **Deny**

28  **Defendant objects that this Request is vague and ambiguous.   This**

11

1    **request does not identify who the "some inmates" are in the request. Without**

2    **waiving these objections, the schedule of one-on-one therapy may be affected by**

3    **security concerns and inmate behavior. Defendant denies the allegations contained**

4    **in this Request.**

5    **REQUEST FOR ADMISSION NO. 19:**

6         Admit that some PRISONERS in ASPC-Florence Kasson-Wing 1 are not

7    offered INDIVIDUAL MENTAL HEALTH THERAPY every month.

8         _____ **Admit** _____ **Deny**

9         **Defendant objects that this Request is vague and ambiguous. This**

10    **request does not identify who the "some inmates" are in the request. Without**

11    **waiving these objections, the schedule of one-on-one therapy may be affected by**

12    **security concerns and inmate behavior. Defendant denies the allegations contained**

13    **in this Request.**

14    **REQUEST FOR ADMISSION NO. 20:**

15         Admit that some PRISONERS in ASPC-Eyman Browning-BMU are not

16    offered INDIVIDUAL MENTAL HEALTH THERAPY every month.

17         _____ **Admit** _____ **Deny**

18         **Defendant objects that this Request is vague and ambiguous. Without**

19    **waiving these objections, denies the allegations contained in this Request.**

20    **REQUEST FOR ADMISSION NO. 21:**

21         Admit that some PRISONERS in ASPC-Phoenix Baker Ward are not

22    offered INDIVIDUAL MENTAL HEALTH THERAPY every month.

23         _____ **Admit** _____ **Deny**

24         **Defendant objects that this Request is vague and ambiguous. Without**

25    **waiving these objections, Defendant denies the allegations contained in this Request.**

26    **REQUEST FOR ADMISSION NO. 22:**

27         Admit that some PRISONERS in ASPC-Phoenix Flamenco are not offered

28    INDIVIDUAL MENTAL HEALTH THERAPY every month.

_____ **Admit**        _____ **Deny**

**Defendant objects that this Request is vague and ambiguous.  Without waiving these objections, Defendant denies the allegations contained in this Request.**

**REQUEST FOR ADMISSION NO. 23:**

Admit that some PRISONERS in ASPC-Phoenix Aspen are not offered INDIVIDUAL MENTAL HEALTH THERAPY every month.

_____ **Admit**        _____ **Deny**

**Defendant objects that this Request is vague and ambiguous and assumes facts not in evidence.  Without waiving these objections, Defendant denies the allegations contained in this Request.**

**REQUEST FOR ADMISSION NO. 24:**

Admit that some PRISONERS in ASPC-Tucson BHU are not offered INDIVIDUAL MENTAL HEALTH THERAPY every month.

_____ **Admit**        _____ **Deny**

**Defendant objects that this Request is vague and ambiguous.  Without waiving these objections, Defendant denies the allegations contained in this Request.**

**REQUEST FOR ADMISSION NO. 25:**

Admit that ADC policy allows PRISONERS on psychotropic medications to be seen by a psychiatrist less frequently than every 90 days.

_____ **Admit**        _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request. Without waiving these objections, Defendant denies the allegations contained in this Request.**

**REQUEST FOR ADMISSION NO. 26:**

Admit that TELEPSYCHIATRY is provided to ADC PRISONERS by HEALTH CARE providers who are not licensed in Arizona.

_____ **Admit**       _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation and as such requests regarding mental health employment and licensure are more appropriately directed to Corizon rather than ADC. Without waiving these objections, Defendant denies the allegations contained in this Request.**

**REQUEST FOR ADMISSION NO. 27:**

Admit that during a TELEPSYCHIATRY session, the psychiatrist does not have the patient's ADC health record with him or her.

_____ **Admit**       _____ **Deny**

**Defendant objects that this Request is vague and ambiguous and overbroad.  Without waiving these objections, Defendant admits that a psychiatrist providing services via telepsychiatry do not possess the inmate's entire record; however, the records most relevant and needed by the provider are faxed to him prior to the session.  Further, a nurse or other healthcare provider is in the room at the time of the session with the inmate and with the entire chart in the event additional access is required.   Defendant denies the remaining allegations contained in this Request.**

**REQUEST FOR ADMISSION NO. 28:**

Admit that all psychiatry services at ASPC-Yuma are provided by TELEPSYCHIATRY.

_____ **Admit**       _____ **Deny**

14

**Defendant objects that this Request is vague and ambiguous and overbroad.  Without waiving these objections, Defendant denies the allegations contained in this Request.**

**REQUEST FOR ADMISSION NO. 29:**

Admit that some ADC exercise enclosures have no misting system.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous.  The request fails to identify which ADC exercise enclosures are included in the request.  Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to exercise enclosures.**

**REQUEST FOR ADMISSION NO. 30:**

Admit that some ADC exercise enclosures have no source of drinking water.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous.  The request fails to identify which ADC exercise enclosures are included in the request.  Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to exercise enclosures.**

**REQUEST FOR ADMISSION NO. 31:**

Admit that ADC infirmaries are not air conditioned.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous.  Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 32:**

Admit that housing units at ASPC-Perryville are not air conditioned.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 33:**

Admit that housing units at ASPC-Yuma are not air conditioned.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 34:**

Admit that housing units at ASPC-Tucson are not air conditioned.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 35:**

Admit that housing units at ASPC-Eyman are not air conditioned.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 36:**

Admit that housing units at ASPC-Phoenix are not air conditioned.

_____ **Admit**          _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 37:**

Admit that housing units at ASPC-Lewis are not air conditioned.

_____ **Admit**          _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 38:**

Admit that housing units at ASPC-Douglas are not air conditioned.

_____ **Admit**          _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 39:**

Admit that housing units at ASPC-Safford are not air conditioned.

_____ **Admit**          _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

17

**REQUEST FOR ADMISSION NO. 40:**

Admit that housing units at ASPC-Florence are not air conditioned.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 41:**

Admit that housing units at ASPC-Winslow are not air conditioned.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 42:**

Admit that temperatures exceeding 85 degrees Fahrenheit have been recorded in ADC housing units between June 1, 2013, and the RESPONSE DATE.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to air conditioning or temperatures.**

**REQUEST FOR ADMISSION NO. 43:**

Admit that temperatures exceeding 90 degrees Fahrenheit have been recorded in ADC housing units between June 1, 2013, and the RESPONSE DATE.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous. Defendant further objects that this Request is not likely to lead to the**

18

1   **discovery of admissible evidence because the Court's Order certifying the class did**

2   **not include claims relating to air conditioning or temperatures.**

3   **REQUEST FOR ADMISSION NO. 44:**

4       Admit that temperatures exceeding 95 degrees Fahrenheit have been

5   recorded in ADC housing units between June 1, 2013, and the RESPONSE DATE.

6       _____ **Admit**       _____ **Deny**

7       **Defendant objects that this Request is overbroad, vague and**

8   **ambiguous.  Defendant further objects that this Request is not likely to lead to the**

9   **discovery of admissible evidence because the Court's Order certifying the class did**

10  **not include claims relating to air conditioning or temperatures.**

11  **REQUEST FOR ADMISSION NO. 45:**

12      Admit that temperatures exceeding 100 degrees Fahrenheit have been

13  recorded in ADC housing units between June 1, 2013, and the RESPONSE DATE.

14      _____ **Admit**       _____ **Deny**

15      **Defendant objects that this Request is overbroad, vague and**

16  **ambiguous.  Defendant further objects that this Request is not likely to lead to the**

17  **discovery of admissible evidence because the Court's Order certifying the class did**

18  **not include claims relating to air conditioning or temperatures.**

19  **REQUEST FOR ADMISSION NO. 46:**

20      Admit that ADC does not provide a RESTRICTED DIET specifically

21  designed for PRISONERS with diabetes.

22      _____ **Admit**       _____ **Deny**

23      **Defendant objects that this Request is vague and ambiguous.**

24  **Defendant further objects that this Request is not likely to lead to the discovery of**

25  **admissible evidence, as the Court's Order certifying the class does not include claims**

26  **relating to restricted diets.**

27

28

19

**REQUEST FOR ADMISSION NO. 47:**

Admit that Corizon does not provide a RESTRICTED DIET specifically designed for PRISONERS with diabetes.

_____ **Admit**      _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous.   Defendant further objects that this Request seeks an admission regarding a non-party to this litigation.   Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class does not include claims relating to restricted diets.**

**REQUEST FOR ADMISSION NO. 48:**

Admit that ADC does not provide methadone maintenance.

_____ **Admit**      _____ **Deny**

**Defendant objects as this request is not directed to the proper entity who provides health care  to inmates and   seeks an admission regarding a non-party to this litigation.**

**REQUEST FOR ADMISSION NO. 49:**

Admit that Corizon does not provide methadone maintenance.

_____ **Admit**      _____ **Deny**

**Defendant objects that this Request is overbroad, vague and ambiguous.   Defendant further objects that this Request seeks an admission regarding a non-party to this litigation.   Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to methadone maintenance.**

**REQUEST FOR ADMISSION NO. 50:**

Admit that ADC cannot produce reports showing the timeliness of chronic care appointments.

_____ **Admit**      _____ **Deny**

1   **Defendant objects that this Request is vague and ambiguous.  Without**

2   **waiving these objections, Defendant denies this Request.**

3   **REQUEST FOR ADMISSION NO. 51:**

4   Admit that Corizon cannot produce reports showing the timeliness of

5   chronic care appointments.

6   _____ **Admit**   _____ **Deny**

7   **Defendant objects that this Request is vague and ambiguous.**

8   **Defendant further objects that this Request seeks an admission regarding a non-**

9   **party to this litigation.  Without waiving these objections, Defendant denies this**

10  **Request.**

11  **REQUEST FOR ADMISSION NO. 52:**

12  Admit that ADC cannot produce reports showing the timeliness of offsite

13  medical specialty care appointments.

14  _____ **Admit**   _____ **Deny**

15  **Defendant objects that this Request is vague and ambiguous.  Without**

16  **waiving these objections, Defendant is unable to admit or deny this request because**

17  **the terms "timeliness" and "offsite medical specialty care appointments" are vague**

18  **and ambiguous.**

19  **REQUEST FOR ADMISSION NO. 53:**

20  Admit that Corizon cannot produce reports showing the timeliness of offsite

21  medical specialty care appointments.

22  _____ **Admit**   _____ **Deny**

23  **Defendant objects that this Request is vague and ambiguous.**

24  **Defendant further objects that this Request seeks an admission regarding a non-**

25  **party to this litigation.  Without waiving these objections, Defendant is unable to**

26  **admit or deny this request because the terms "timeliness" and "offsite medical**

27  **specialty care appointments" are vague and ambiguous.**

28

21

**REQUEST FOR ADMISSION NO. 54:**

Admit that ADC cannot produce reports showing the timeliness of on-site medical specialty care appointments.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Without waiving these objections, Defendant is unable to admit or deny this request because the terms "timeliness" and "on-site medical specialty care appointments" are vague and ambiguous.**

**REQUEST FOR ADMISSION NO. 55:**

Admit that Corizon cannot produce reports showing the timeliness of on-site medical specialty care appointments.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Without waiving these objections, Defendant is unable to admit or deny this request because the terms "timeliness" and "on-site medical specialty care appointments" are vague and ambiguous.**

**REQUEST FOR ADMISSION NO. 56:**

Admit that ADC cannot produce reports showing the timeliness of telemedicine specialty care appointments.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant objects that this Request is vague and ambiguous. Without waiving these objections, Defendant is unable to admit or deny this request because the terms "timeliness" and "telemedicine specialty care appointments" are vague and ambiguous.**

**REQUEST FOR ADMISSION NO. 57:**

Admit that Corizon cannot produce reports showing the timeliness of telemedicine specialty care appointments.

_____ **Admit**     _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation.   Without waiving these objections, Defendant is unable to admit or deny this request because the terms "timeliness" and "telemedicine specialty care appointments" are vague and ambiguous.**

**REQUEST FOR ADMISSION NO. 58:**

Admit that ADC cannot produce reports showing how many PRISONERS have received the RESTRICTED DIETS described in the Diet Reference Manual (Bates Nos. 40574-40609).

_____ **Admit**     _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to restricted diets.**

**REQUEST FOR ADMISSION NO. 59:**

Admit that ADC's contracted food service provider cannot produce reports showing how many PRISONERS have received the RESTRICTED DIETS described in the Diet Reference Manual (Bates Nos. 40574-40609).

_____ **Admit**     _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation.  Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to restricted diets.**

23

**REQUEST FOR ADMISSION NO. 60:**

Admit that ADC POLICY does not require that new ADC PRISONERS have a physical exam performed by a physician, nurse practitioner or physician's assistant.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request. Without waiving these objections, Defendant responds that new ADC prisoners have a physical exam by a licensed correctional health provider, including physicians, psychologists, correctional mid-level providers (nurse practitioners or physician assistants).**

**REQUEST FOR ADMISSION NO. 61:**

Admit that Corizon POLICY does not require that new ADC PRISONERS have a physical exam performed by a physician, nurse practitioner or physician's assistant.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation.  Without waiving these objections, Defendant responds that Corizon is contractually obligated to follow all ADC policies.**

**REQUEST FOR ADMISSION NO. 62:**

Admit that ADC POLICY does not require that new ADC PRISONERS have a DENTAL exam performed by a DENTIST.

_____ **Admit** _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request. Without waiving these objections, Defendant denies this Request.**

24

**REQUEST FOR ADMISSION NO. 63:**

Admit that Corizon POLICY does not require that new ADC PRISONERS have a DENTAL exam performed by a DENTIST.

_____ **Admit**          _____ **Deny**

**Defendant objects that this Request is vague and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Without waiving these objections, Defendant responds that Corizon is contractually obligated to follow all ADC policies.**

**REQUEST FOR ADMISSION NO. 64:**

Admit that ADC POLICY does not require that women PRISONERS be offered a PAP smear at least every three years.

_____ **Admit**          _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to PAP smears.**

**REQUEST FOR ADMISSION NO. 65:**

Admit that Corizon POLICY does not require that women PRISONERS be offered a PAP smear at least every three years.

_____ **Admit**          _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to PAP smears.**

**REQUEST FOR ADMISSION NO. 66:**

Admit that ADC POLICY does not require that women PRISONERS over 50 years old be offered a mammogram at least every two years.

_____ **Admit**         _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant objects because this request does not identity the "ADC POLICY" referred to in this request. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to inmates over 50 years old or mammograms.**

**REQUEST FOR ADMISSION NO. 67:**

Admit that Corizon POLICY does not require that women PRISONERS over 50 years old be offered a mammogram at least every two years.

_____ **Admit**         _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant further objects that this Request seeks an admission regarding a non-party to this litigation. Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to inmates over 50 years old or mammograms.**

**REQUEST FOR ADMISSION NO. 68:**

Admit that as of the RESPONSE DATE, ADC does not have an electronic health records system to track whether women PRISONERS have been offered a PAP smear in the last three years.

_____ **Admit**         _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous. Defendant additionally objects that this Request is not likely to lead to**

1  the discovery of admissible evidence because the Court's Order certifying the class

2  did not include claims relating to PAP smears.

3  **REQUEST FOR ADMISSION NO. 69:**

4        Admit that as of the RESPONSE DATE, Corizon does not have an

5  electronic health records system to track whether women PRISONERS have been offered

6  a PAP smear in the last three years.

7  _____ **Admit**        _____ **Deny**

8        **Defendant objects that this Request is overbroad, vague, and**

9  **ambiguous.   Defendant further objects that this Request seeks an admission**

10 **regarding a non-party to this litigation.   Defendant additionally objects that this**

11 **Request is not likely to lead to the discovery of admissible evidence because the**

12 **Court's Order certifying the class did not include claims relating to PAP smears.**

13 **REQUEST FOR ADMISSION NO. 70:**

14       Admit that as of the RESPONSE DATE, ADC does not have an electronic

15 health records system to track whether women PRISONERS over 50 years old have been

16 offered a mammogram in the last two years.

17 _____ **Admit**        _____ **Deny**

18       **Defendant objects that this Request is overbroad, vague, and**

19 **ambiguous.  Defendant additionally objects that this Request is not likely to lead to**

20 **the discovery of admissible evidence because the Court's Order certifying the class**

21 **did not include claims relating to inmates over 50 years old or mammograms.**

22 **REQUEST FOR ADMISSION NO. 71:**

23       Admit that as of the RESPONSE DATE, Corizon does not have an

24 electronic health records system to track whether women PRISONERS over 50 years old

25 have been offered a mammogram in the last two years.

26 _____ **Admit**        _____ **Deny**

27       **Defendant objects that this Request is overbroad, vague, and**

28 **ambiguous.   Defendant further objects that this Request seeks an admission**

1   regarding a non-party to this litigation.  Defendant additionally objects that this

2   Request is not likely to lead to the discovery of admissible evidence because the

3   Court's Order certifying the class did not include claims relating to inmates over 50

4   years old or mammograms.

5   **REQUEST FOR ADMISSION NO. 72:**

6          Admit that ADC POLICY does not require that PRISONERS who are

7   pregnant be offered periodic pre-natal appointments with an obstetrician/gynecologist.

8   _____ **Admit**          _____ **Deny**

9          **Defendant objects that this Request is overbroad, vague, and**

10  **ambiguous.  Defendant objects because this request does not identity the "ADC**

11  **POLICY" referred to in this request. Defendant additionally objects that this**

12  **Request is not likely to lead to the discovery of admissible evidence because the**

13  **Court's Order certifying the class did not include claims relating to pregnant**

14  **inmates.**

15  **REQUEST FOR ADMISSION NO. 73:**

16         Admit that Corizon POLICY does not require that PRISONERS be offered

17  who   are   pregnant   be   offered   periodic   pre-natal   appointments   with   an

18  obstetrician/gynecologist.

19                 _____ **Admit**          _____ **Deny**

20         **Defendant objects that this Request is overbroad, vague, and**

21  **ambiguous.  Defendant further objects that this Request seeks an admission**

22  **regarding a non-party to this litigation.  Defendant additionally objects that this**

23  **Request is not likely to lead to the discovery of admissible evidence because the**

24  **Court's Order certifying the class did not include claims relating to pregnant**

25  **inmates.**

26

27

28

**REQUEST FOR ADMISSION NO. 74:**

Admit that as of the RESPONSE DATE, ADC does not have an electronic health records system to track PRISONERS with coccidioidomycosis.

_____ **Admit**          _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous.  Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to coccidioidomycosis.**

**REQUEST FOR ADMISSION NO. 75:**

Admit that as of the RESPONSE DATE, Corizon does not have an electronic health records system to track PRISONERS with coccidioidomycosis.

_____ **Admit**          _____ **Deny**

**Defendant objects that this Request is overbroad, vague, and ambiguous.  Defendant further objects that this Request seeks an admission regarding a non-party to this litigation.  Defendant additionally objects that this Request is not likely to lead to the discovery of admissible evidence because the Court's Order certifying the class did not include claims relating to coccidioidomycosis.**

DATED this __16th__ day of September 2013.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Courtney R. Cloman
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    Anne M. Orcutt
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

    *Attorneys for Defendants*

COPIES of the foregoing e-mailed this
 __16th__ day of September, 2013, to:

Caroline N. Mitchell
cnmitchell@jonesday.com

Jennifer Alewelt
jalewelt@azdisabilitylaw.org

David Cyrus Fathi
dfathi@npp-aclu.org

Donald Specter
dspecter@prisonlaw.com


By:___/s/ Amy Bender_____

2808935.1

30

# EXHIBIT 2

1   Arizona Attorney General Thomas C. Horne
Office of the Attorney General

2   Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919

3   Assistant Attorneys General
1275 W. Washington Street

4   Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951

5   Fax: (602) 542-7670
Michael.Gottfried@azag.gov

6   Lucy.Rand@azag.gov

7   Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139

8   Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126

9   Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155

10   Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387

11   STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300

12   Chandler, Arizona  85226
Telephone:  (480) 420-1600

13   Fax:  (480) 420-1696
dstruck@swlfirm.com

14   kwieneke@swlfirm.com
rlove@swlfirm.com

15   tbojanowski@swlfirm.com
nacedo@swlfirm.com

16   ccloman@swlfirm.com
afletcher@swlfirm.com

17   aorcutt@swlfirm.com
*Attorneys for Defendants*

18               **UNITED STATES DISTRICT COURT**

19                **DISTRICT OF ARIZONA**

20   Victor Parsons, *et al.*, on behalf of themselves   NO. 2:12-cv-00601-NVW
and all others similarly situated; and Arizona

21   Center for Disability Law,

                            Plaintiffs,   **DEFENDANT CHARLES RYAN'S**

22          v.   **RESPONSES TO PLAINTIFF**
**ROBERT GAMEZ'S FIRST SET**

23   Charles Ryan, Director, Arizona Department   **OF INTERROGATORIES (NOS. 1-**
of Corrections; and Richard Pratt, Interim   **25)**

24   Division Director, Division of Health Services,
Arizona Department of Corrections, in their

25   official capacities,

                          Defendants.

26

27          Defendant  Charles  Ryan,  pursuant  to  FED. R. CIV. P. 33  and  through

28   counsel, answers Plaintiff Robert Gamez' First Set of Interrogatories as follows.

## GENERAL OBJECTIONS

The following general objections are continuing in nature and are intended to apply to each discovery request where applicable.

1.      Defendant objects to Plaintiff's Requests for Admission to the extent they seek information beyond that which is permitted under the Federal Rules of Civil Procedure, the local rules, Orders of Court, or any other applicable rules or orders. Defendant will respond to Plaintiff's Requests for Admission in accordance with the provisions of the Federal Rules of Civil Procedure and the case law interpreting the rules of discovery.

2.      Defendant objects to Plaintiff's discovery requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Defendant's responses to these discovery requests do not waive the attorney-client privilege or the work product privilege or any other privileged communication or documents on any subject matter.

3.      Defendant objects to Plaintiff's discovery requests to the extent they are silent or ambiguous with respect to time as such or they are overbroad and seek irrelevant information and are, thus, oppressive and unduly burdensome.

4.      Defendant objects to Plaintiff's discovery requests to the extent they seek legal conclusions and/or matters that are beyond the scope of Defendant and/or seek information that is not yet available to Defendant.

5.      In addition to the general objections set forth above, Defendant will also state other specific objections to Requests for Admissions where appropriate, including objections that are not generally applicable to all the Requests for Admissions.  By setting forth such specific objections, Defendant does not intend to limit the general objections set forth above.  To the extent that Defendant responds to Requests for Admission to which it objects, such objections are not waived by providing information.

6.      Further, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

2

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all CHEMICAL AGENTS that ADC STAFF carry and/or use on PRISONERS; including, but not limited to those CHEMICAL AGENTS which ADC staff are DESCRIBED as having used in ADC's Use of Force Reports.

**ANSWER TO INTERROGATORY NO. 1:**

**Defendant objects that this Interrogatory is overbroad, vague, and ambiguous. Without waiving said objections, ADC Staff may use Oleoresin Capsicum ("OC") fogger and pepper-ball gun.**

**INTERROGATORY NO. 2:**

State the mean and median length of stay for PRISONERS housed in ISOLATION.

**ANSWER TO INTERROGATORY NO. 2:**

**Defendant objects that this Interrogatory is overbroad, vague, and ambiguous. Defendant additionally objects to Plaintiff's definition and use of the term "ISOLATION." Plaintiffs' definition of "ISOLATION" includes several different types of housing assignments, each with its own criteria for assignment. Inmates may be housed in a detention unit in disciplinary segregation, investigative detention, mental health observation, or pending placement into a maximum security unit. Moreover, the term "ISOLATION" implies solitary confinement; however, inmates housed in the housing units listed in Plaintiffs' definition of "ISOLATION" may or may not have cellmates.**

**Defendant further objects that calculating a mean or median length of stay in "ISOLATION" would be meaningless, as the length of time an inmate is housed in a location meeting Plaintiffs' definition of "ISOLATION" varies drastically depending on the reason for the housing placement. Inmates serving death or life sentences could be housed in a location meeting Plaintiffs' definition of "ISOLATION" for upwards of 20 years, while inmates on mental health or suicide**

3

watch could be housed in a location meeting Plaintiffs' definition of "ISOLATION" for a single day.   Inmates in disciplinary segregation may be placed in a housing location meeting Plaintiffs' definition of "ISOLATION" for a period of 30 or 45 days.

**INTERROGATORY NO. 3:**

State the custody level and other eligibility requirements for the Women's Treatment Unit (WTU) at ASPC-Perryville.

**ANSWER TO INTERROGATORY NO. 3:**

**Defendant objects that this Interrogatory is overbroad, vague, and ambiguous.   The guidelines for enrollment in WTU are outlined in the Arizona Department of Corrections' Mental Health Technical Manual previously produced as Bates Numbers ADC011232-ADC011332 and Mental Health Technical Manual, revised August 15, 2011 previously produced as Bates NumbersADC031959-ADC032044.**

**INTERROGATORY NO. 4:**

State the capacity of the Women's Treatment Unit (WTU) at ASPC-Perryville, the number of women currently enrolled in the WTU, the number of women currently on the waiting list for the WTU, and the mean length of time between addition to the waiting list and acceptance into the WTU.

**ANSWER TO INTERROGATORY NO. 4**

**Defendant objects that this Interrogatory is overbroad, unduly burdensome, compound, vague, and ambiguous.   Without waiving these objections, there is no waiting list for enrollment in WTU. Defendant will supplement as capacity and current enrollment.**

**INTERROGATORY NO. 5:**

State the custody level and other eligibility requirements for Baker Ward at ASPC-Phoenix.

**ANSWER TO INTERROGATORY NO. 5:**

        **Defendant objects that this Interrogatory is overbroad, compound, vague, and ambiguous.  Without waiving these objections, Baker Ward houses inmates of all custody levels.  Further, there are no eligibility requirements except that all inmates must be male.  Inmates are referred to Baker Ward by Mental Health Staff and the inmate must voluntarily agree to the program, unless ordered to be in the program pursuant to a court order.**

**INTERROGATORY NO. 6:**

        State the mean, median, and modal length of stay in Baker Ward at ASPC-Phoenix.

**ANSWER TO INTERROGATORY NO. 6:**

        **Defendant objects that this Interrogatory is overbroad, unduly burdensome, vague, and ambiguous.  Without waiving these objections, Defendant further objects that this Interrogatory is unduly burdensome, as Defendant does not maintain records on the mean, median, and modal length of stay in Baker Ward.**

**INTERROGATORY NO. 7:**

        State the custody level and other eligibility requirements for Flamenco at ASPC-Phoenix.

**ANSWER TO INTERROGATORY NO. 7:**

        **Defendant objects that this Interrogatory is overbroad, vague, and ambiguous. Without waiving these objections, Flamenco houses inmates of all custody levels and is a male only unit.  Inmates in John Ward must be in Protective Segregation.  Inmates in King Ward can be all custody levels through maximum custody.  Quiet Ward houses inmates of all custody levels.  Ida Ward is a general population unit.  George Ward is the only female unit in ASPC-Phoenix.  There are no eligibility requirements.  Inmates must be willing to sign into the program voluntarily after being referred to the program by Mental Health Staff.  Housing in these units can be affected by security concerns and inmate behavior.**

1    **INTERROGATORY NO. 8:**

2        State the custody level and other eligibility requirements for Aspen at

3    ASPC-Phoenix.

4    **ANSWER TO INTERROGATORY NO. 8:**

5        **Defendant objects that this Interrogatory is overbroad, vague, and**

6    **ambiguous.  Without waiving these objections, Defendant directs Plaintiffs to the**

7    **Arizona Department of Corrections' Mental Health Technical Manual previously**

8    **produced as Bates Numbers ADC011232-ADC011332 and Mental Health Technical**

9    **Manual, revised August 15, 2011 previously produced as Bates**

10   **NumbersADC031959-ADC032044.**

11   **INTERROGATORY NO. 9:**

12       State the custody level and other eligibility requirements for the BMU at

13   ASPC-Eyman/Browning.

14   **ANSWER TO INTERROGATORY NO. 9:**

15       **Defendant objects that this Interrogatory is overbroad, compound,**

16   **vague, and ambiguous.  Without waiving these objections, BMU is a maximum**

17   **custody unit.  Mental Health Staff recommends placement in BMU for individuals**

18   **with an Axis II diagnosis.  Placement in this unit can be affected by security concerns**

19   **or inmate behavior.**

20   **INTERROGATORY NO. 10:**

21       State the custody level and other eligibility requirements for Kasson-Wing 1

22   at ASPC-Florence.

23   **ANSWER TO INTERROGATORY NO. 10:**

24       **Defendant objects that this Interrogatory is overbroad, compound,**

25   **vague, and ambiguous.  Without waiving said objections, Kasson-Wing 1 is a**

26   **maximum custody unit.  There are no "eligibility requirements" for housing in**

27   **Kasson-Wing 1.  Kasson-Wing 1 is a voluntary program wherein an inmate is**

28   **referred to the program by mental health staff and the inmate must be motivated**

1  towards treatment.  **Placement can be affected by security concerns and inmate**

2  **behavior.**

3  **INTERROGATORY NO. 11:**

4       State the custody level and other eligibility requirements for the BHU at

5  ASPC-Tucson.

6  **ANSWER TO INTERROGATORY NO. 11:**

7       **Defendant objects that this Interrogatory is overbroad, compound,**

8  **vague, and ambiguous.  Without waiving these objections, Defendant refers to the**

9  **process for intake, admission, treatment and discharge contained in the Arizona**

10 **Department of Corrections Mental Health Technical Manual previously produced as**

11 **Bates Numbers ADC011232-ADC011332 and Mental Health Technical Manual,**

12 **revised August 15, 2011 previously produced as Bates NumbersADC031959-**

13 **ADC032044.**

14 **INTERROGATORY NO. 12:**

15      State the custody level and other eligibility requirements for CB-1 at ASPC-

16 Florence/Central.

17 **ANSWER TO INTERROGATORY NO. 12**

18      **Defendant objects that this Interrogatory is overbroad, compound,**

19 **vague, and ambiguous.   Without waiving said objections, CB-1 is a maximum**

20 **custody unit.  Defendant will supplement.**

21 **INTERROGATORY NO. 13:**

22      State the custody level and other eligibility requirements for the Enhanced

23 Mental Health Treatment DESCRIBED in DEFENDANTS' response to Plaintiff Brislan's

24 Request for Admission No. 1.

25 **ANSWER TO INTERROGATORY NO. 13:**

26      **Defendant objects that this Interrogatory is overbroad, compound,**

27 **vague, and ambiguous.  Without waiving these objections, SMU-1 and Browning are**

28 **maximum custody units.  All inmates who have a Mental Health Score of 3 in these**

1  **units are housed together within the unit in order to provide them all with enhanced**

2  **treatment.   Housing in these areas can be affected by security concerns and an**

3  **inmate's behavior.**

4  **INTERROGATORY NO. 14:**

5         DESCRIBE the process by which a PRISONER is transferred to ASPC-

6  Phoenix from another ADC facility for mental health reasons.

7  **ANSWER TO INTERROGATORY NO. 14**

8         **Defendant objects that this Interrogatory is overbroad, vague, and**

9  **ambiguous.   Without waiving these objections, Defendants refer Plaintiffs to the**

10  **Arizona Department of Corrections' Mental Health Technical Manual previously**

11  **produced as Bates Numbers ADC011232-ADC011332 and Mental Health Technical**

12  **Manual,     revised     August     15,     2011     previously     produced     as     Bates**

13  **NumbersADC031959-ADC032044.**

14  **INTERROGATORY NO. 15:**

15         DESCRIBE the restraints worn by PRISONERS in ISOLATION units when

16  they are outside of their cells.

17  **ANSWER TO INTERROGATORY NO. 15:**

18         **Defendant objects that this Interrogatory is overbroad, vague, and**

19  **ambiguous.   Defendant additionally objects to Plaintiff's definition and use of the**

20  **term "ISOLATION."    Plaintiffs' definition of "ISOLATION" includes several**

21  **different types of housing assignments, each with its own criteria for assignment.**

22  **Inmates may be housed in a detention unit in disciplinary segregation, investigative**

23  **detention, mental health observation, or pending placement into a maximum security**

24  **unit.   Moreover, the term "ISOLATION" implies solitary confinement; however,**

25  **inmates housed in the housing units listed in Plaintiffs' definition of "ISOLATION"**

26  **may or may not have cellmates.**

27

28

1          **Defendant additionally objects that this Request is not likely to lead to**

2  **the discovery of admissible evidence because the Court's Order certifying the class**

3  **did not include claims relating to use of restraints when inmates are out of their cells.**

4  **INTERROGATORY NO. 16:**

5          DESCRIBE the process for administration of psychotropic medications that

6  are ordered "PRN," and state who decides when the medication is to be administered.

7  **ANSWER TO INTERROGATORY NO. 16:**

8          **Defendant objects that this Interrogatory is overbroad, compound,**

9  **unduly burdensome, vague, and ambiguous.  Without waiving these objections,**

10  **inmates who have been prescribed psychotropic medications "PRN" may inform a**

11  **nurse that he or she is in need of the medication or the nurse may identify that the**

12  **inmate is in need of the medication.  The nurse then administers the medication as**

13  **either requested by the inmate or determined as needed by the nurse.**

14  **INTERROGATORY NO. 17**

15          State the minimum qualifications ADC requires of persons who act as

16  interpreters for medical, mental health, or DENTAL encounters for PRISONERS who do

17  not speak English.

18  **ANSWER TO INTERROGATORY NO. 17:**

19          **Defendant objects that this Interrogatory is overbroad, vague, and**

20  **ambiguous.  Defendant additionally objects that this Request is not likely to lead to**

21  **the discovery of admissible evidence because the Court's Order certifying the class**

22  **did not include claims relating to interpreters.**

23  **INTERROGATORY NO. 18:**

24          State the number of ADC PRISONERS who received INDIVIDUAL

25  MENTAL HEALTH THERAPY during the week of June 24-29, 2013.

26  **ANSWER TO INTERROGATORY NO. 18:**

27          **Defendant objects that this Interrogatory is overbroad, unduly**

28  **burdensome, vague, and ambiguous.**

**INTERROGATORY NO. 19:**

State the number of ADC PRISONERS who participated in mental health group PROGRAMS during the week of June 24-29, 2013.

**ANSWER TO INTERROGATORY NO. 19:**

**Defendant objects that this Interrogatory is overbroad, unduly burdensome, vague, and ambiguous.**

**INTERROGATORY NO. 20:**

State the number of PRISONERS prescribed injectable Haldol decanoate as of the first day of every month from January 1, 2012 to present.

**ANSWER TO INTERROGATORY NO. 20:**

**Defendant objects that this Interrogatory is overbroad, unduly burdensome, vague, and ambiguous.**

**INTERROGATORY NO. 21:**

State the number of PRISONERS prescribed one or more psychotropic medications as of the first day of every month from January 1, 2012 to present.

**ANSWER TO INTERROGATORY NO. 21:**

**Defendant objects that this Interrogatory is overbroad, unduly burdensome, vague, and ambiguous. Defendant further objects that this Interrogatory is duplicative of Plaintiff Polson's Interrogatory no. 2 and ACDL's Interrogatory no. 2. *See* Defendants' Response to Plaintiff Polson's Interrogatory no. 2 and ACDL's Interrogatory no. 2.**

**INTERROGATORY NO. 22:**

State the conditions under which scheduled OUTDOOR EXERCISE is canceled because of heat.

**ANSWER TO INTERROGATORY NO. 22:**

**Defendant objects that this Interrogatory is overbroad, vague, and ambiguous. Without waiving these objections, Defendant will supplement.**

**INTERROGATORY NO. 23:**

State the dates on which scheduled OUTDOOR EXERCISE has been canceled because of heat from June 1, 2013 to present.

**ANSWER TO INTERROGATORY NO. 23:**

**Defendant objects that this Interrogatory is overbroad, unduly burdensome, vague, and ambiguous.  Without waiving said objections, Defendant will supplement.**

**INTERROGATORY NO. 24:**

IDENTIFY each PRISONER whose prescribed medication has been interrupted due to an expiring prescription or the unavailability of the medication, from June 1, 2012 to present, and for each such PRISONER IDENTIFY the medication(s) and state the date(s) on which the PRISONER did not receive the medication(s)

**ANSWER TO INTERROGATORY NO. 24:**

**Defendant objects that this Interrogatory assumes facts and is overbroad, vague, and ambiguous.  Defendant further objects that this Interrogatory is unduly burdensome.**

**INTERROGATORY NO. 25:**

DESCRIBE the physical location of the Enhanced Mental Health Treatment areas DESCRIBED in DEFENDANTS' response to Plaintiff Brislan's Request for Admission No. 1; IDENTIFY each PRISONER housed in those areas as of the RESPONSE DATE; DESCRIBE the "individual, group, and televised treatment options" provided in those areas; and IDENTIFY each PRISONER who participated in individual or group treatment during the week of June 24-29, 2013.

**ANSWER TO INTERROGATORY NO. 25:**

**Defendant objects that this Interrogatory is overbroad, unduly burdensome, vague, and ambiguous.  Without waiving these objections, Enhanced Mental Health Treatment areas are SMU-1, Browning, Kasson-Wing 1, CB-1, BMU,**

**BHU, SMA, WTU, MTU, Baker and Flamenco Units.   Defendant will supplement where possible, subject to all objections.**

DATED this  16th  day of September 2013.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Courtney R. Cloman
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    Anne M. Orcutt
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

COPIES of the foregoing e-mailed this
 16th day of September, 2013 to:

Caroline N. Mitchell
cnmitchell@jonesday.com

Jennifer Alewelt
jalewelt@azdisabilitylaw.org

David Cyrus Fathi
dfathi@npp-aclu.org

Donald Specter
dspecter@prisonlaw.com


By:   /s/ Amy Bender

2808952.1

12

# EXHIBIT 3

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-NVW<br><br><br>**DEFENDANT CHARLES RYAN'S RESPONSES TO PLAINTIFF DESIREE LICCI'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-8)** |

Defendant Charles Ryan, pursuant to FED. R. CIV. P. 33 and 36 and through

counsel, answers Plaintiff Desiree Licci's First Set of Requests for Admission as follows.

**GENERAL OBJECTIONS**

The following general objections are continuing in nature and are intended to apply to each discovery request where applicable.

1.     Defendant objects to Plaintiff's Requests for Admission to the extent they seek information beyond that which is permitted under the Federal Rules of Civil Procedure, the local rules, Orders of Court, or any other applicable rules or orders. Defendant will respond to Plaintiff's Requests for Admission in accordance with the provisions of the Federal Rules of Civil Procedure and the case law interpreting the rules of discovery.

2.     Defendant objects to Plaintiff's discovery requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Defendant's responses to these discovery requests do not waive the attorney-client privilege or the work product privilege or any other privileged communication or documents on any subject matter.

3.     Defendant objects to Plaintiff's discovery requests to the extent they are silent or ambiguous with respect to time as such or they are overbroad and seek irrelevant information and are, thus, oppressive and unduly burdensome.

4.     Defendant objects to Plaintiff's discovery requests to the extent they seek legal conclusions and/or matters that are beyond the scope of Defendant and/or seek information that is not yet available to Defendant.

5.     In addition to the general objections set forth above, Defendant will also state other specific objections to Requests for Admissions where appropriate, including objections that are not generally applicable to all the Requests for Admissions.  By setting forth such specific objections, Defendant does not intend to limit the general objections set forth above.  To the extent that Defendant responds to Requests for Admission to which it objects, such objections are not waived by providing information.

6.     Further, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

2

**<u>REQUESTS FOR ADMISSION</u>**

**REQUEST FOR ADMISSION NO. 1:**

Admit that DENTAL ASSISTANTS review DENTAL HNRs to determine whether the PRISONER who filed the HNR is placed on the ROUTINE CARE LIST or URGENT CARE LIST.

    **_____ Admit**   **_____ Deny**

**This Request seeks an admission from a non-party to this litigation. As such, this Request is more appropriately directed to Smallwood rather than ADC. *See* William Smallwood deposition.**

**REQUEST FOR ADMISSION NO. 2:**

Admit that ADC policy permits PRISONERS who have filed HNRs listing DENTAL pain as an issue to be put on the ROUTINE CARE LIST.

    **_____ Admit**   **_____ Deny**

**This Request seeks an admission from a non-party to this litigation. As such, this Request is more appropriately directed to Smallwood rather than ADC. *See* William Smallwood deposition.**

**REQUEST FOR ADMISSION NO. 3:**

Admit that DENTAL ASSISTANTS have discretion to place PRISONERS who file DENTAL HNRs on the URGENT CARE LIST.

    **_____ Admit**   **_____ Deny**

**This Request seeks an admission from a non-party to this litigation. As such, this Request is more appropriately directed to Smallwood rather than ADC. *See* William Smallwood deposition.**

**REQUEST FOR ADMISSION NO. 4:**

Admit that PRISONERS who submit a DENTAL HNR for ROUTINE CARE are placed on the ROUTINE CARE LIST.

    **_____ Admit**   **_____ Deny**

**This Request seeks an admission from a non-party to this litigation.  As such, this Request is more appropriately directed to Smallwood rather than ADC.  *See* William Smallwood deposition.**

**REQUEST FOR ADMISSION NO. 5:**

Admit that PRISONERS on the DENTAL ROUTINE CARE LIST are seen for ROUTINE CARE in order of the date that the HNR was submitted.

_____ **Admit**          _____ **Deny**

**This Request seeks an admission from a non-party to this litigation.  As such, this Request is more appropriately directed to Smallwood rather than ADC.  *See* William Smallwood deposition.**

**REQUEST FOR ADMISSION NO. 6:**

Admit that PRISONERS on the DENTAL ROUTINE CARE LIST who receive a PAIN EVALUATION are taken off the DENTAL ROUTINE CARE LIST.

_____ **Admit**          _____ **Deny**

**This Request seeks an admission from a non-party to this litigation.  As such, this Request is more appropriately directed to Smallwood rather than ADC.  *See* William Smallwood deposition.**

**REQUEST FOR ADMISSION NO. 7:**

Admit that PRISONERS on the DENTAL ROUTINE CARE LIST who receive a PAIN EVALUATION are never taken off the DENTAL ROUTINE CARE LIST.

_____ **Admit**          _____ **Deny**

**This Request seeks an admission from a non-party to this litigation.  As such, this Request is more appropriately directed to Smallwood rather than ADC.  *See* William Smallwood deposition.**

4

**REQUEST FOR ADMISSION NO. 8:**

Admit that PRISONERS who are placed on the ROUTINE CARE LIST as the result of an initial DENTAL HNR, but who receive a PAIN EVALUATION, must submit a second DENTAL HNR to be placed back on the ROUTINE CARE LIST.

_____ **Admit**          _____ **Deny**

**This Request seeks an admission from a non-party to this litigation.  As such, this Request is more appropriately directed to Smallwood rather than ADC.  _See_ William Smallwood deposition.**

DATED this 16th day of September 2013.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Courtney R. Cloman
     Daniel P. Struck
     Kathleen L. Wieneke
     Rachel Love
     Timothy J. Bojanowski
     Nicholas D. Acedo
     Courtney R. Cloman
     Ashlee B. Fletcher
     Anne M. Orcutt
     STRUCK WIENEKE & LOVE, P.L.C.
     3100 West Ray Road, Suite 300
     Chandler, Arizona  85226

     Arizona Attorney General Thomas C. Horne
     Office of the Attorney General
     Michael E. Gottfried
     Lucy M. Rand
     Assistant Attorneys General
     1275 W. Washington Street
     Phoenix, Arizona 85007-2926

     _Attorneys for Defendants_

COPIES of the foregoing e-mailed this 16th day of September, 2013 to:

Caroline N. Mitchell
cnmitchell@jonesday.com

Jennifer Alewelt
jalewelt@azdisabilitylaw.org

David Cyrus Fathi
dfathi@npp-aclu.org

Donald Specter
dspecter@prisonlaw.com

By:___/s/ Amy Bender_____

2803193.1

6

# EXHIBIT 4

1
Arizona Attorney General Thomas C. Horne
Office of the Attorney General
2
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
3
Assistant Attorneys General
1275 W. Washington Street
4
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
5
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
6
Lucy.Rand@azag.gov

7
Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
8
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
9
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
10
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
11
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
12
Chandler, Arizona  85226
Telephone:  (480) 420-1600
13
Fax:  (480) 420-1696
dstruck@swlfirm.com
14
kwieneke@swlfirm.com
rlove@swlfirm.com
15
tbojanowski@swlfirm.com
nacedo@swlfirm.com
16
ccloman@swlfirm.com
afletcher@swlfirm.com
17
aorcutt@swlfirm.com
*Attorneys for Defendants*

18
**UNITED STATES DISTRICT COURT**
19
**DISTRICT OF ARIZONA**

20
Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,

NO. 2:12-cv-00601-NVW

21

22
Plaintiffs,

v.

**DEFENDANT CHARLES RYAN'S RESPONSES TO PLAINTIFF DESIREE LICCI'S FIRST SET OF INTERROGATORIES (NOS. 1-20)**

23
Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim
24
Division Director, Division of Health Services, Arizona Department of Corrections, in their
25
official capacities,

Defendants.

26

27
      Defendant Charles Ryan, pursuant to FED. R. CIV. P. 33 and 36 and through

28
counsel, answers Plaintiff Desiree Licci's First Set of Interrogatories as follows.

## **GENERAL OBJECTIONS**

The following general objections are continuing in nature and are intended to apply to each discovery request where applicable.

1.       Defendant objects to Plaintiff's Requests for Admission to the extent they seek information beyond that which is permitted under the Federal Rules of Civil Procedure, the local rules, Orders of Court, or any other applicable rules or orders. Defendant will respond to Plaintiff's Requests for Admission in accordance with the provisions of the Federal Rules of Civil Procedure and the case law interpreting the rules of discovery.

2.       Defendant objects to Plaintiff's discovery requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Defendant's responses to these discovery requests do not waive the attorney-client privilege or the work product privilege or any other privileged communication or documents on any subject matter.

3.       Defendant objects to Plaintiff's discovery requests to the extent they are silent or ambiguous with respect to time as such or they are overbroad and seek irrelevant information and are, thus, oppressive and unduly burdensome.

4.       Defendant objects to Plaintiff's discovery requests to the extent they seek legal conclusions and/or matters that are beyond the scope of Defendant and/or seek information that is not yet available to Defendant.

5.       In addition to the general objections set forth above, Defendant will also state other specific objections to Requests for Admissions where appropriate, including objections that are not generally applicable to all the Requests for Admissions.  By setting forth such specific objections, Defendant does not intend to limit the general objections set forth above.  To the extent that Defendant responds to Requests for Admission to which it objects, such objections are not waived by providing information.

6.       Further, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

2

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

At a PRISONER'S first DENTAL evaluation after entering ADC custody, does the HEALTH CARE provider performing the evaluation tell the PRISONER that s/he needs DENTAL CARE, including but not limited to fillings?

**ANSWER TO INTERROGATORY NO. 1:**

**Defendant objects that this Interrogatory is compound, overbroad, unduly burdensome, vague, and ambiguous.   Without waiving these objections, Defendant Ryan notes that during Plaintiff Licci's Dental Intake Examination on August 27, 2004, the provider noted a discussion with Plaintiff Licci regarding her oral status.   *See* ADC005671.   The nature and extent of the discussions are based upon individual discretion of the individual dental providers, and it is unduly burdensome to individually review each chart to confirm whether or not such communications were had, particularly as a prisoner may refuse a Preliminary Dental Screening and Examination, or if the screening and examination are not refused, the individual providers may conclude that an inmate in good oral health upon intake does not "need DENTAL CARE".   As part of the initial examination process, inmates are shown oral hygiene videos to instruct them on oral hygiene and how to request care.**

**INTERROGATORY NO. 2:**

DESCRIBE any and all training PROGRAMS DENTAL ASSISTANTS undergo to teach or train them triaging skills.

**ANSWER TO INTERROGATORY NO. 2:**

**Defendant objects that this Interrogatory is overbroad, compound, vague, and ambiguous.   Furthermore, this interrogatory is not properly directed at Defendant Ryan as ADC does not provide training to Corizon and/or Smallwood employees regarding dental issues.   Per the contract, Corizon and its contractors are required to comply with the Dental Services Technical Manual.**

3

**INTERROGATORY NO. 3:**

Are DENTAL ASSISTANTS evaluated on their TRIAGING or TRIAGING skills?  If yes, please DESCRIBE that evaluation process, including but not limited to (a) how often the evaluations are performed; (b) who performs the evaluations; and (c) the criteria and/or skills on which the DENTAL ASSISTANTS are evaluated.

**ANSWER TO INTERROGATORY NO. 3:**

**Defendant objects that this Interrogatory is compound, vague, and ambiguous.  Furthermore, this interrogatory is not properly directed at Defendant Ryan as ADC does not provide evaluation of Corizon and/or Smallwood employees regarding dental issues.  Per the contract, Corizon and its contractors are required to comply with the Dental Services Technical Manual.**

**INTERROGATORY NO. 4:**

Are DENTISTS evaluated on their TRIAGING or TRIAGING skills?  If yes, please DESCRIBE that evaluation process, including but not limited to (a) how often the evaluations are done; (b) who performs the evaluations; and (c) the criteria and/or skills on which the DENTISTS are evaluated.

**ANSWER TO INTERROGATORY NO. 4**

**Defendant objects that this Interrogatory is compound, vague, and ambiguous.  Furthermore, this interrogatory is not properly directed at Defendant Ryan as ADC does not provide evaluation of Corizon and/or Smallwood employees regarding dental issues.  Per the contract, Corizon and its contractors are required to comply with the Dental Services Technical Manual.**

**INTERROGATORY NO. 5:**

Explain the meaning of the headings for each column listed in the Arizona Monthly Staffing Report Roll-up, e.g. ADC117064-ADC121177, including but not limited to the data used to calculate each data column and the differences between the data shown in each column.

4

1   **ANSWER TO INTERROGATORY NO. 5:**

2           **Defendant objects that this Interrogatory is compound, vague, and**
3   **ambiguous.  Furthermore, Defendant objects that this interrogatory is not properly**
4   **directed at Defendant Ryan as it seeks information concerning the creation and**
5   **calculation of a data report prepared, compiled, and submitted to the Arizona**
6   **Department of Corrections by Corizon to fulfill the monthly staffing report**
7   **component contained in Exhibit 2 to Solicitation ADOC12-00001105.   Without**
8   **waiving those objections, Defendant Ryan notes that a native version of this report**
9   **for the month of June 2013 – containing the formulas used in the calculations – was**
10  **previously produced bearing file name ADC121178-121178 - AZ Monthly Staffing**
11  **Rpt - Rollup 2013-06.xls as Exhibit C to Defendants' First Supplemental Response to**
12  **Plaintiff Wells' First Set of Interrogatories dated July 18, 2013.**

13  **INTERROGATORY NO. 6:**

14          Explain how "wait time" is calculated in the Inmate Wait Times Report, e.g.
15  ADC 122017.

16  **ANSWER TO INTERROGATORY NO. 6:**

17          **Defendant objects that this Interrogatory is vague and ambiguous.**
18  **Without waiving these objections, Defendant responds that wait times are calculated**
19  **from the date of receipt of an HNR by facility staff.**

20  **INTERROGATORY NO. 7**

21          Do "wait time" calculations, such as those included in the Inmate Wait
22  Times Report (ADC 122017) include requests for URGENT CARE?

23  **ANSWER TO INTERROGATORY NO. 7:**

24          **Defendant objects that this Interrogatory is compound, vague, and**
25  **ambiguous.   Without waiving these objections, no, not in that report, although**
26  **urgent care wait times are calculated.**

27

28

**INTERROGATORY NO. 8:**

If a PRISONER who is on the ROUTINE CARE LIST for a DENTAL condition is seen on a PAIN EVALUATION but does not have the pain addressed through an extraction during the PAIN EVALUATION visit, what happens to the PRISONER'S request to be treated for ROUTINE CARE? If the response varies by facility or by the nature of either the routine or emergency request, state so and explain each variation.

**ANSWER TO INTERROGATORY NO. 8:**

**Defendant objects that this Interrogatory is overbroad, unduly burdensome, assumes facts, and is compound, vague, and ambiguous. Furthermore, this interrogatory is not properly addressed to Defendant Ryan as ADC does not direct individual treatment decisions of Corizon and/or Smallwood employees regarding dental issues. Without waiving objections, please *see* Dr. Smallwood's deposition where he addressed this issue.**

**INTERROGATORY NO. 9:**

If a PRISONER who is on the ROUTINE CARE LIST for a DENTAL condition is treated on a PAIN EVALUATION, will the patient be seen for the originally requested ROUTINE CARE (1) at the time he or she would have been seen had there been no PAIN EVALUATION; (2) at the time he or she would have been seen had he or she filed a new HNR on the date of the PAIN EVALUATION (in other words, the routine HNR is "sent to the bottom" of the ROUTINE CARE LIST without action by the PRISONER); or 3) not unless and until the PRISONER files a new ROUTINE CARE HNR and waits until his or her turn on the ROUTINE CARE LIST.

**ANSWER TO INTERROGATORY NO. 9:**

**Defendant objects that this Interrogatory is overbroad, unduly burdensome, assumes facts, and is compound, vague, and ambiguous. Furthermore, this interrogatory is not properly addressed to Defendant Ryan as ADC does not direct individual treatment decisions of Corizon and/or Smallwood employees**

1  **regarding dental issues.  Without waiving objections, please** *see* **Dr. Smallwood's**

2  **deposition where he addressed this issue.**

3  **INTERROGATORY NO. 10:**

4  If a PRISONER who is on the ROUTINE CARE LIST for a DENTAL

5  complaint on one tooth then files a second HNR for a DENTAL complaint on a different

6  tooth or teeth, explain when and for which issue(s) the PRISONER will be scheduled. If

7  the response varies by facility or by the nature of either request, state so and explain each

8  variation.

9  **ANSWER TO INTERROGATORY NO. 10:**

10  **Defendant objects that this Interrogatory is overbroad, unduly**

11  **burdensome, assumes facts, and is compound, vague, and ambiguous.  Furthermore,**

12  **this interrogatory is not properly addressed to Defendant Ryan as ADC does not**

13  **direct individual treatment decisions of Corizon and/or Smallwood employees**

14  **regarding dental issues.  Without waiving objections, please** *see* **Dr. Smallwood's**

15  **deposition where he addressed this issue.**

16  **INTERROGATORY NO. 11:**

17  Did the "Standing Medical Order: Toothache/Dental Abscess" as referenced

18  in Paragraph 3.0 of Procedure 787 in the Dental Services Technical Manual (January 1,

19  2010) change during Wexford's employment with ADC?

20  **ANSWER TO INTERROGATORY NO. 11:**

21  **Defendant objects that this Interrogatory is vague and ambiguous.**

22  **Without waiving these objections, no.**

23  **INTERROGATORY NO. 12:**

24  Has the "Standing Medical Order: Toothache/Dental Abscess" as referenced

25  in Paragraph 3.0 of Procedure 787 in the Dental Services Technical Manual (January 1,

26  2010) changed during Corizon's employment with ADC?

27

28

**ANSWER TO INTERROGATORY NO. 12**

**Defendant objects that this Interrogatory is vague and ambiguous. Without waiving these objections, to my knowledge, no changes have been made although the Arizona Department of Corrections is continually discussion potential revision to its manuals, including the Dental Services Technical Manual.**

**INTERROGATORY NO. 13:**

Paragraph 4.0 of Procedure 787 in the Dental Services Technical Manual (January 1, 2010) identifies four exclusions from Procedure 787 (Globe, SACRC, Papago, and Picacho). What Evaluation and Triage Procedure, as defined in Procedure 787, operate at the facilities identified in Paragraph 4.0?

**ANSWER TO INTERROGATORY NO. 13:**

**Defendant objects that this Interrogatory is compound, vague, and ambiguous. Furthermore, this interrogatory is not properly addressed to Defendant Ryan as ADC does not direct individual treatment decisions of Corizon and/or Smallwood employees regarding dental issues. Corizon and/or Smallwood will be able to describe the Evaluation and Triage Procedure currently in place at the ASPC-Douglas Papago Unit; ASPC-Phoenix Globe Unit; ASPC-Florence Picacho Unit; and, ASPC-Tuscon SACRC Unit.**

**INTERROGATORY NO. 14:**

Does ADC track or monitor the instances in which inmates are denied or refuse their RESTRICTED DIET, the reasons for the denials or refusals, and any action taken as a result of such denials or refusals? If so, explain how ADC tracks or monitors that INFORMATION.

**ANSWER TO INTERROGATORY NO. 14**

**Defendant objects that this Interrogatory is compound, vague, and ambiguous. Defendant objects that this Interrogatory is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to restricted diets.**

8

1    **INTERROGATORY NO. 15:**

2           Explain what factors determine whether an inmate receives a RESTRICTED

3    DIET. YOUR response to this interrogatory should include, but not be limited to, an

4    explanation of what is needed for a "provider [to] determine[] that the general population

5    menu is inappropriate," what determines whether "a therapeutic or soft food diet [is]

6    consistent with the therapeutic diets listed in the ADC Diet Manual," and what it means

7    for a SOFT DIET or THERAPEUTIC DIET to be "supported in the inmate's progress

8    notes with SOAP documentation by the prescribing practitioner." [See Ryan's Responses

9    to Verduzco's 1st RFAs Nos. 223-24].

10   **ANSWER TO INTERROGATORY NO. 15:**

11          **Defendant objects that this Interrogatory is overly broad, unduly**

12   **burdensome, compound, vague, and ambiguous.   Defendant objects that this**

13   **Interrogatory is not likely to lead to the discovery of admissible evidence, as the**

14   **Court's Order certifying the class did not include claims relating to restricted diets.**

15   **INTERROGATORY NO. 16:**

16          Whom does ADC permit to determine whether inmates receive

17   RESTRICTED DIET? In particular, YOUR response should include, but not be limited to,

18   a statement of who is authorized to decide whether the "general population menu is

19   inappropriate," whether "a therapeutic or soft food diet [is] consistent with the medical

20   diets listed in the ADC Diet Manual," and whether a restricted diet is "supported in the

21   inmate's progress notes with SOAP documentation by the prescribing practitioner." [See

22   Ryan's Responses to Verduzco's 1st RFAs Nos. 223-24].

23   **ANSWER TO INTERROGATORY NO. 16:**

24          **Defendant objects that this Interrogatory is overly broad, unduly**

25   **burdensome, compound, vague, and ambiguous.   Defendant objects that this**

26   **Interrogatory is not likely to lead to the discovery of admissible evidence, as the**

27   **Court's Order certifying the class did not include claims relating to restricted diets.**

28   **INTERROGATORY NO. 17**

1      Regardless of YOUR response to the previous interrogatory, which
2  categories of personnel actually have decided, on any occasion, whether inmates may
3  receive RESTRICTED DIETS?

4  **ANSWER TO INTERROGATORY NO. 17:**

5      **Defendant objects that this Interrogatory is overly broad, unduly**
6  **burdensome, vague, and ambiguous.  Defendant objects that this Interrogatory is not**
7  **likely to lead to the discovery of admissible evidence, as the Court's Order certifying**
8  **the class did not include claims relating to restricted diets.**

9  **INTERROGATORY NO. 18:**

10     State the number of jobs available to PRISONERS housed in each
11  ISOLATION unit, the job title of each job, the eligibility for each job, the number of
12  hours per week available to be worked for each job, and the names and ADC numbers of
13  each PRISONER holding said jobs as of June 1, 2013.

14  **ANSWER TO INTERROGATORY NO. 18:**

15     **Defendant objects that this Interrogatory is overly broad, unduly**
16  **burdensome, compound, vague, and ambiguous.  Defendant objects that this**
17  **Interrogatory is not likely to lead to the discovery of admissible evidence, as the**
18  **Court's Order certifying the class did not include claims relating to jobs.**

19  **INTERROGATORY NO. 19:**

20     State the name, ADC number, and current housing unit of each PRISONER
21  in ISOLATION who is eligible for a lower custody housing placement but still housed in
22  ISOLATION as of the RESPONSE DATE.

23  **ANSWER TO INTERROGATORY NO. 19:**

24     **Defendant objects that this Interrogatory is overly broad, unduly**
25  **burdensome, compound, vague, and ambiguous.  Defendant objects that this**
26  **Interrogatory is not likely to lead to the discovery of admissible evidence, as the**
27  **Court's Order certifying the class did not include claims relating to classification**
28  **levels.**

**INTERROGATORY NO. 20:**

What is ADC's policy on dental floss, flossers, floss loops, and other similar products intended to permit PRISONERS to clean between their teeth? If this policy varies by custody level, explain variations in your response.

**ANSWER TO INTERROGATORY NO. 20:**

**Defendant objects that this Interrogatory is overly broad, compound, vague, and ambiguous.  Defendant objects that this Interrogatory is not likely to lead to the discovery of admissible evidence, as the Court's Order certifying the class did not include claims relating to dental floss or similar products.**

DATED this __16th__ day of September 2013.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Courtney R. Cloman
　　Daniel P. Struck
　　Kathleen L. Wieneke
　　Rachel Love
　　Timothy J. Bojanowski
　　Nicholas D. Acedo
　　Courtney R. Cloman
　　Ashlee B. Fletcher
　　Anne M. Orcutt
　　STRUCK WIENEKE & LOVE, P.L.C.
　　3100 West Ray Road, Suite 300
　　Chandler, Arizona  85226

　　Arizona Attorney General Thomas C. Horne
　　Office of the Attorney General
　　Michael E. Gottfried
　　Lucy M. Rand
　　Assistant Attorneys General
　　1275 W. Washington Street
　　Phoenix, Arizona 85007-2926

　　*Attorneys for Defendants*

COPIES of the foregoing e-mailed this
 __16th__ day of September, 2013 to:

Caroline N. Mitchell
cnmitchell@jonesday.com

11

Jennifer Alewelt
jalewelt@azdisabilitylaw.org

David Cyrus Fathi
dfathi@npp-aclu.org

Donald Specter
dspecter@prisonlaw.com

By:   /s/ Amy Bender

2803193.1