IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV 12-00601-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

The Court has reviewed and considered Plaintiffs' Motion for Reconsideration (Doc. 687) of the Court's October 1, 2013 Order denying the parties' stipulation to extend certain discovery deadlines and tenth notice of discovery dispute (Doc. 679) as well as the response and the reply. The Court heard oral argument on the motion on November 1, 2013 at 3:00 p.m. The motion will be granted in part.

The Court has previously stated its views about discovery in this case. It is impossible for a trial judge to calibrate excessive discovery, or excessive resistance to discovery, precisely. Adhering to a time limit, set with ample advance warning, provides some limit on abusive discovery practices.

Plaintiffs have sought pervasive and unfocused discovery. Sometimes they failed to bring substantial objections to timely decision, letting them rest and then reviving them at the eve of close of discovery, which generated further disputes that could not be concluded without extending the discovery deadline.  For the most part such demands are forfeited by failure to timely present them.  Last minute demands for extensive discovery that has previously been sought, resisted, and left dormant violates the discovery deadline when the dispute and the production, if ordered, cannot be concluded within the discovery limit.  The discovery deadline is deadline for concluding discovery, not for demanding it.  Defendants also have acted unreasonably in some respects, and the Court declines to reward such conduct.

Giving Plaintiffs the benefit of any doubt—and sometimes forgiveness even in the absence of doubt—some limited relief will be ordered on their Motion for Reconsideration as follows:

1. Defendants' objection to supplementation of discovery sought in the name of Plaintiff Parson is overruled, and Defendants must supplement their responses to Parsons' discovery requests to the extent they would have to in the absence of that objection.

2. Plaintiffs will be permitted to inspect the 19 boxes of documents held at the Arizona Attorney General's Office for which previous arrangements had been made for inspection but which Defendants refused at the last minute.

3. Defendants must produce Psychological Autopsies from 2011-2013. While Parsons' Request for Production #40 is so general that it literally called for everything relating to suicides. The production may have been appropriate in light of the overbreadth. However, the burden of finding the Psychological Autopsies is not great and the probative value may be substantial. They were prepared in the normal course of business and would not contain counsel's conclusions or mental impressions, as they were not prepared by counsel. If they are work product, they still would be discoverable under Rule 26(b)(3)(A)(ii).

4. Defendants must produce Corrective Action Plans (CAP) from 2012-2013. ADC Program Evaluation Administrator Kathleen Campbell declared that ADC IT personnel are preparing a report to organize this data and, "We expect that this report will be completed in the next few weeks, if not sooner" (Doc. 707-1 at 92, Campbell Decl. ¶ 13).

5. No further production of statistical data regarding suicide rates will be required. General data have already been produced. The production of the psychological autopsies is likely to yield information that can enable Plaintiffs to generate their own data. No further production will be required regarding the length of stay for inmates in isolation because that data are not a producible format.

**IT IS THEREFORE ORDERED:**

A. Plaintiff's Motion for Reconsideration (Doc. 687) is granted in part as follows:

1. Defendants' objection to supplementation of discovery sought in the name of Plaintiff Parson is overruled, and Defendants must supplement their responses to Parsons' discovery requests to the extent they would have to in the absence of that objection.

2. Defendants must allow inspection of the 19 boxes of documents held at the Arizona Attorney General's Office.

3. Defendants must produce Psychological Autopsies from 2011-2013.

4. Defendants must produce Corrective Action Plans (CAP) from 2012-2013.

5. This additional discovery must be completed by Monday, November 25, 2013.

B. Plaintiff's Motion for Reconsideration (Doc. 687) is otherwise denied.

C. Plaintiffs' Motions to Seal (Docs. 692, 712) are denied.  The Clerk shall file as unsealed the Exhibits attached to Docs. 698, 699, 713, and 714.

Dated this 4th day of November, 2013.

_____
Neil V. Wake
United States District Judge