Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
        kflood@acluaz.org
        jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br>**DECLARATION OF CORENE KENDRICK IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDERS OF OCTOBER 16, 2012 AND NOVEMBER 4, 2013** |

I, Corene Kendrick, declare:

1. I am an attorney licensed to practice before the courts of the State of California, and admitted to this Court *pro hac vice*. I am a Staff Attorney at the Prison Law Office, and an attorney of record to the plaintiff class in this litigation. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2. On June 15, 2012, Defendants were served with Plaintiff Victor Parsons' First Set of Requests for Production of Documents (hereinafter "Parsons' 1st RFPD"). Relevant to this motion, Request No. 40 sought "All DOCUMENTS REGARDING DEATH RECORDS." The capitalized words were defined at the beginning of the Requests. The relevant time period was from January 1, 2011 to the present. True and correct copies of the relevant pages from the discovery request are attached as Exhibit 1.

3. On July 23, 2012, Defendants provided their response to Parsons' 1st RFPD. No documents were produced in response to Request No. 40, only two paragraphs of boilerplate objections. True and correct copies of the relevant pages from the discovery response are attached as Exhibit 2.

4. On August 9, 2012, I participated in a meet and confer regarding multiple disputed issues, including the production of deceased prisoners' medical files in response to Request No. 40. Defendants refused to produce deceased prisoners' medical files unless Plaintiffs' counsel got written consent of each decedent's next of kin.

5. On August 30, 2012, I participated in a meet and confer regarding various disputed issues, including whether Plaintiffs' counsel needed written consent of each decedent's next of kin before receiving the medical files. At the time, the parties were working on a proposed protective order, and we told opposing counsel that we thought the protective order would eliminate any basis for Defendants' objections. In light of that, defense counsel asked us to create a list of the medical files we wanted prioritized for production, given the number of prisoners who had died since January 1, 2011.

6. The next day, August 31, 2012, Plaintiffs' counsel Caroline Mitchell sent Defendants a letter listing "the deceased inmates whose files we request you produce as a first wave of death records." There are 37 deceased prisoners listed, with their ADC numbers. A true and correct copy of Ms. Mitchell's letter is attached as Exhibit 3.

7. On September 27, 2012, the parties submitted their First Joint Notice of Discovery Dispute (Doc. 149), regarding the issue of whether Plaintiffs have to obtain written authorization from each deceased prisoner's next of kin.

8. On October 12, 2012, Defendants filed a Notice Regarding First Joint Notice of Discovery Dispute (Doc. 179), in which they informed the Court that after analyzing the recently-issued protective order (Doc. 140), "Defendants will disclose medical records of deceased inmates to Plaintiffs within thirty days." Defendants state their position that the discovery dispute is therefore moot. [Doc. 179 at 2]

9. On October 15, 2012, Plaintiffs filed a Motion to Compel Production of Death Records (Doc. 183), stating that the dispute was not moot, because while Defendants agreed to produce the deceased prisoners' medical records, there were other documents responsive to Request No. 40 that still needed to be produced. [Doc. 183 at 2]

10. On October 16, 2012, this Court issued an Order (Doc. 186) granting Plaintiffs' Motion to Compel Production of Death Records and ruling in favor of Plaintiffs on the First Joint Notice of Discovery Dispute. Later the same day, I wrote Defendants correcting the ADC numbers for two prisoners in Ms. Mitchell's August 30, 2012 letter, and listed additional deceased prisoners' medical files to prioritize for production. A true and correct copy of my October 16, 2012 letter is attached as Exhibit 4.

11. On October 22, 2012, defense attorney Ashlee Fletcher responded to my letter. She stated "We have provided ADC with the names of the inmates you requested. The records are currently being obtained and will be produced as soon as possible." A true and correct copy of Ms. Fletcher's October 22, 2012 letter is attached as Exhibit 5.

12. On November 6, 2012, I participated in a meet-and-confer with Defendants regarding various discovery issues. A certified court reporter was present and transcribed

the meeting. At the meeting, Katherine Watanabe from the Arizona Attorney General's Office stated she was processing CDs of death records that day, that they included internal affairs death investigations and mortality reports, "and I have medical records for deceased inmates as well. It's not all of them, but it's everything we've got processed up to this point. And as for medical records, I just got a new batch yesterday that we still have to scan in. But everything that we've got scanned in, you're going to get, as far as medical records go." [28:20-22; 29:10-18] True and correct copies of the relevant pages from the transcript are attached as Exhibit 6.

13. That same day, Ms. Watanabe provided Defendants' 5th Supplemental Response to Parsons' 1st RFPD. Defendants produced death investigations, mortality reviews, and deceased prisoners' medical records in response to Request No. 40. They provided the medical files for 8 deceased prisoners. True and correct copies of the relevant pages from the November 6, 2012 discovery response are attached as Exhibit 7.

14. On November 11, 2012, Defendants provided their 6th Supplemental Response to Parsons' 1st RFPD. Defendants produced death investigations, mortality reviews, and deceased prisoners' medical records in response to Request No. 40. They provided the medical files for 11 deceased prisoners. True and correct copies of the relevant pages from the November 11, 2012 discovery response are attached as Exhibit 8.

15. On December 11, 2012, Defendants provided their 7th Supplemental Response to Parsons' 1st RFPD. Defendants produced policies, forms, and deceased prisoners' medical records in response to Request No. 40. They provided the medical files for 31 deceased prisoners. True and correct copies of the relevant pages from the December 11, 2012 7th Supplemental discovery response are attached as Exhibit 9.

16. Later that same day, Defendants provided their 8th Supplemental Response to Parsons' 1st RFPD to add one additional deceased prisoner's medical records in response to Request No. 40. True and correct copies of the relevant pages from the November 11, 2012 8th Supplemental discovery response are attached as Exhibit 10.

1       17.     On February 7, 2013, I wrote Ashley Zuerlein in the Attorney General's Office about the production of the medical records in response to Request No. 40. I noted that of the 61 prisoners listed in the August 31, 2012 and October 16, 2012 letters, Defendants did not produce medical records for 34 of them. (Some of the medical records Defendants had produced were for prisoners who had died in the time frame, but were not on the priority lists that Ms. Mitchell and I had sent them.) A true and correct copy of my February 7, 2013 letter is attached as Exhibit 11. Ms. Zuerlein wrote me back on February 11, 2013 and stated that "Defendants have, however, stipulated to the production of medical records." A true and correct copy of Ms. Zuerlein's letter is attached as Exhibit 12.

       18.     On May 1, 2013, Defendants provided their 15th Supplemental Response to Parsons' 1st RFPD. Death investigations, mortality reviews, and medical files for three deceased prisoners were produced in response to Request No. 40. True and correct copies of the relevant pages from the May 1, 2013 discovery response are attached as Exhibit 13.

       19.     Throughout the summer and into the fall of 2013, Plaintiffs' experts conducted tours of Defendants' institutions. Prior to the tours by Dr. Robert Cohen and Dr. Todd Wilcox, I wrote Defendants requesting certain prisoners' medical files, including all prisoners who had died in the past year while housed at the prison. True and correct copies of three set-up letters are attached as Exhibit 14. During these tours, I and other attorneys for Plaintiffs were told by Defendants' counsel that the medical records of the deceased prisoners were not available for review, because ADC policy is to send the files to ADC headquarters after a prisoner dies.

       20.     On August 13, 2013, the last day on which the parties could propound discovery requests, Plaintiffs propounded Plaintiff Desiree Licci's First Request for Production of Documents. Among the documents requested were medical files of specific prisoners that our experts had requested for review. In the cover letter from Plaintiffs' counsel Sophie Calderon that accompanied the discovery requests, she wrote "Plaintiffs emphasize that these health care records are in addition to the "death records" that

1  Defendants have agreed to produce and supplement in response to Request No. 40 in
2  Parsons' First Set of Requests for Production of Documents." A true and correct copy of
3  Ms. Calderon's letter is attached as Exhibit 15.

4        21. On September 12, 2013, Lucy Rand from the Attorney General's Office
5  asserted for the first time Defendants' objection to supplement any responses to Parsons'
6  discovery requests, because he had been dismissed as a named plaintiff. A true and
7  correct copy of an email from Ms. Rand is attached as Exhibit 16. The parties attempted
8  to resolve the dispute over this new objection, and ultimately brought it to the Court for
9  resolution. [Docs. 673, 687]

10       22. On November 4, 2013 this Court rejected Defendants' objection that they do
11 not have to produce supplemental discovery that had been propounded by Victor Parsons,
12 and ordered that "Defendants must supplement their responses to Parsons' discovery
13 requests to the extent they would have to in the absence of that objection." [Doc. 717
14 at 2] The Court ordered all discovery be completed by November 25, 2013. [*Id*. at 4]

15       23. In response to the Court's expressed concern that Request No. 40 was
16 overbroad, Plaintiffs' counsel, Ms. Mitchell, notified Ms. Rand on November 20, 2013
17 that Plaintiffs were narrowing their request for death records, including medical files, to
18 the prisoners who had died since the day Corizon began providing services, March 4,
19 2013, to the present. Ms. Mitchell included a list of all prisoners who had died since
20 March 4, that I created based upon a review of ADC's website, which posts notifications
21 of prisoners' deaths. A true and correct copy of Ms. Mitchell's email is attached as
22 Exhibit 17.

23       24. On November 25, 2013, Defendants produced documents to Plaintiffs, but
24 there were no medical files or records included in their response to Request No. 40. They
25 produced 116 mortality reviews, and four psychological autopsies. However, these
26 reviews only contain a sentence or two about the prisoners' case. In almost every case,
27 the reviewer found no problems with the care provided to the prisoner prior to his or her
28 death. Defendants also produced medical records of prisoners listed in the August 13,

1  2013, Licci RFPD but did not produce 13 prisoners' medical files because the prisoners
2  had paroled.

3       25.    Given the Thanksgiving holiday and the fact that the defense attorney
4  coordinating the production, Lucy Rand, was out of the office the two days between the
5  November 25 production and the holiday, it was not until one week later, on December 2,
6  2013, that the parties were able to meet and confer regarding the failure of Defendants to
7  produce deceased prisoners' medical records.

8       26.    On the evening of December 2, 2013, along with Ms. Mitchell, I spoke with
9  Ms. Rand for approximately 45 minutes about the inadequate document production,
10 including Defendants' failure to provide Corrective Action Plans ("CAPs") or any
11 medical records of deceased prisoners. On the call, Ms. Rand asserted for the first time—
12 after her office had produced more than 50 deceased prisoners' medical files for more
13 than the previous year—that Defendants objected to producing deceased prisoners'
14 medical files because they are not specifically mentioned as a type of "death record" in
15 Parsons' 1st RFPD. Ms. Rand also stated that federal law prevented ADC from producing
16 the medical records of the paroled prisoners. We asked her to provide us with the legal
17 citation she was relying upon, because there was a qualified protective order in place in
18 this case.

19       27.    On December 3, 2013, I sent a confirming letter to Ms. Rand memorializing
20 the parties' positions. A true and correct copy of my letter is attached as Exhibit 18.

21       28.    On December 5, 2013, Ms. Rand responded to my letter, and stated that it
22 was Defendants' position that the released prisoners were not covered by the protective
23 order, and that Defendants would not produce their medical records unless Plaintiffs'
24 Counsel obtained releases from each individual at p. 2. She did not provide any legal
25 citation to support Defendants' position. *Id*. She also stated that the prior production of
26 deceased prisoners' medical records by the Attorney General's office was "improper" and
27 the parties never reached an agreement about the production of the medical records of
28

1  deceased prisoners at p. 3.  A true and correct copy of Ms. Rand's letter is attached as
2  Exhibit 19.

3       29.   On December 9, 2013, I met and conferred with Defendants' Counsel by
4  telephone for more than an hour.  The parties agreed we had reached an impasse on the
5  issue of the medical records of paroled prisoners.  During the call, I detailed the
6  correspondence in 2012 as well as Defendants' Counsel's representations to the Court and
7  to Plaintiffs' Counsel that deceased prisoners' medical records would be produced as
8  responsive to Request No. 40.  Counsel for Defendants asked me to send them copies of
9  the 2012 and 2013 correspondence, which I did later that same day.  A true and correct
10 copy of my email (without the attachments) is attached as Exhibit 20.

11      30.   During the meet and confer, Defendants' Counsel agreed that they would
12 provide me with a response no later than the afternoon of December 11, 2013, as to
13 whether they were reconsidering their position on producing the deceased prisoners'
14 medical records. I received no response on December 11. I called Ms. Rand at 11:30 am
15 MST on December 12 to ask if their position had changed.  She said that she needed to
16 talk to co-counsel and would get back to me.  I emailed her the afternoon of the 11th
17 requesting a response by the end of the day.  Ms. Rand wrote me back and said she was
18 preparing a response, but was out of the office and would hopefully return before the end
19 of the day. A true and correct copy of our email exchange is attached as Exhibit 21.  I did
20 not receive an additional response.

21      31.   I have reviewed the Defendants' production of deceased prisoners' medical
22 records, and the most recent death for which they provided records occurred on October 8,
23 2012.

24     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
25 is true and correct.

26     Executed the 13th of December, 2013, in Berkeley, California.

27                                                                  */s/ Corene Kendrick*
28                                                                   Corene Kendrick

| | |
|---|---|
| 1 | **ADDITIONAL COUNSEL:** |

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com
         wgeorge@prisonlaw.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         keidenbach@perkinscoie.com
         jhgray@perkinscoie.com
         mdumee@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:   dpochoda@acluaz.org
         kflood@acluaz.org
         jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:    dfathi@npp-aclu.org
          afettig@npp-aclu.org
          aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
David C. Kiernan (Cal. 215335)*
Sophia Calderón (Cal. 278315)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:    cnmitchell@jonesday.com
          dkiernan@jonesday.com
          scalderon@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:    jlwilkes@jonesday.com
          tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

1
2
3
4
5
6
7
8
9

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email:   kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2013, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
**STRUCK WIENEKE, & LOVE, P.L.C.**
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

Jennifer Alewelt
Asim Varma
Sarah Kader
J.J. Rico
Cathleen M. Dooley
**ARIZONA CENTER FOR DISABILITY LAW**
jalewelt@azdisabilitylaw.org
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org
jrico@azdisabilitylaw.org
cdooley@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

s/ Delana Freouf

78204-0001/LEGAL28711387.1                    -11-