Index of Exhibits to Declaration of Corene Kendrick

Exhibit 1       Relevant pages of Plaintiff Victor Parsons' First Set of Requests for Production of Documents

Exhibit 2       relevant pages of Defendants' responses to Plaintiff Victor Parsons' First Set of Requests for Production of Documents

Exhibit 3       August 31, 2012 letter from Caroline Mitchell to Struck Wieneke Love

Exhibit 4       October 16, 2012 letter from Corene Kendrick to Kathleen Wieneke

Exhibit 5       October 22, 2012 letter from Ashlee Fletcher to Corene Kendrick

Exhibit 6       Relevant pages of November 6, 2012 Meet and Confer Proceedings

Exhibit 7       Relevant pages of Defendants' 5th Supplemental Response to Parsons' 1st RFPD

Exhibit 8       Relevant pages of Defendants' 6th Supplemental Response to Parsons' 1st RFPD

Exhibit 9       Relevant pages of Defendants' 7th Supplemental Response to Parsons' 1st RFPD

Exhibit 10      Relevant pages of Defendants' 8th Supplemental Response to Parsons' 1st RFPD

Exhibit 11      February 7, 2013 letter from Corene Kendrick to Ashley Zuerlein

Exhibit 12      February 11, 2013 letter from Ashley Zuerlein to Corene Kendrick

Exhibit 13      Relevant pages of Defendants' 15th Supplemental Response to Parsons' 1st RFPD

Exhibit 14      Various letters to defense counsel regarding Dr. Robert Cohen and Dr. Todd Wilcox tours

Exhibit 15      August 13, 2013 letter from Sophia Calderon to Ashlee Fletcher

Exhibit 16      September 12, 2013 email from Lucy Rand to Amy Fettig

Exhibit 17      November 20, 2013 email from Caroline Mitchell to Lucy Rand

Exhibit 18    December 3, 2013 email from Corene Kendrick to Lucy Rand

Exhibit 19    December 5, 2013 letter from Lucy Randy to Corene Kendrick

Exhibit 20    December 9, 2013 email from Corene Kendrick to Lucy Rand

Exhibit 21    December 12, 2013 email exchange between Corene Kendrick and Lucy Rand

# EXHIBIT 1

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone: (602) 650-1854
    Email: dpochoda@acluaaz.org;
5          kflood@acluaz.org
           jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
    *Stephen Swartz, Dustin Brislan, Sonia Rodriquez,*
8   *Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert*
    *Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner,*
9   *Joshua Polson, and Charlotte Wells, on behalf of*
    *themselves and all others similarly situated*

10  **[ADDITIONAL COUNSEL LISTED ON**
    **SIGNATURE PAGE]**

11

12  Jennifer Alewelt (Bar No. 027366)
    Ruth Szanto (Bar No. 029073)
    Asim Varma (Bar No. 027927)
13  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
14  Phoenix, Arizona 85034
    Telephone: (602) 274-6287
15  Email: jalewelt@azdisabilitylaw.org
           rszanto@azdisabilitylaw.org
16         avarma@azdisabilitylaw.org

17  *Attorneys for Plaintiff Arizona Center of Disability Law*

18                UNITED STATES DISTRICT COURT

19                     DISTRICT OF ARIZONA

20  | Victor Parsons; Shawn Jensen; Stephen Swartz; | No. CV 12-00601-PHX-NVW |
    Dustin Brislan; Sonia Rodriguez; Christina       (MEA)
21  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
22  Hefner; Joshua Polson; and Charlotte Wells, on     **PLAINTIFF VICTOR**
    behalf of themselves and all others similarly      **ANTONIO PARSONS' FIRST**
23  situated; and Arizona Center for Disability Law,   **SET OF REQUESTS FOR**
                                                       **PRODUCTION OF**
                     Plaintiffs,                       **DOCUMENTS TO**
24                                                     **DEFENDANTS**
          v.
25
    Charles Ryan, Director, Arizona Department of
26  Corrections; and Richard Pratt, Interim Division
    Director, Division of Health Services, Arizona
27  Department of Corrections, in their official
    capacities,
28
                     Defendants.

1

2      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff <u>Victor</u>

3  <u>Antonio Parsons</u>, by and through undersigned counsel, requests that defendants respond,

4  within 30 days and produce the following documents for inspection and copying at ACLU

5  Foundation of Arizona, 3707 N. 7th Street, Suite 235, Phoenix, AZ 85013.

6                              **DEFINITIONS**

7      For purposes of these requests, the following definitions shall apply:

8      1.   "ADC" means the Arizona Department of Corrections, including all its

9  subdivisions, agents, employees, contractors, and attorneys.

10     2.   "ADC STAFF" means all persons employed by ADC, including

11  "CORRECTIONAL STAFF" and "HEALTH CARE STAFF."

12     3.   "COMMUNICATIONS" means any transmittal of information from one

13  person or entity to another by any means, including letters, correspondence, notes,

14  memoranda, records,  reports, papers, facsimiles, electronic mail (whether to, from, copied

15  or blind copied), electronic mail generated from a hand held personal device including a

16  Blackberry or iPhone, instant messaging, electronic mail generated from business or

17  personal email accounts, internet relay chat, news group, group or collaboration servers,

18  electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings,

19  audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes,

20  teleconference, collaboration servers (including share point servers), web-based or

21  software virtual meetings including Web-X and any other meeting software and share

22  point servers, and oral contact such as face-to-face discussions or meetings, telephone

23  conversations, and voice mail messages.

24     4.   "COMPLAINTS" means any DOCUMENTS, formal or informal,

25  REGARDING specific or general problems, issues, deficiencies, unanswered questions,

26  challenges, shortcomings, disagreements, or requests brought to the attention of the ADC

27  or any ADC STAFF.

28     5.   "CONDITIONS OF CONFINEMENT" means all circumstances
REGARDING the state of being imprisoned.

6.     "CONTRACTOR" means "LOCUM TENENS CONTRACTOR" and "SPECIALTY CONTRACTOR."

7.     "CORRECTIONAL STAFF" means custody staff employed or paid by the ADC to serve in a security or operational capacity.

8.     "COST CONTAINMENT" means contemplated, discussed, or actual actions to restrict, reduce, contain, or limit costs or expenses by DEFENDANTS, the ADC or any personnel working in any capacity for the ADC or the Arizona State Government, including any agents of the foregoing.

9.     "DEATH RECORDS" means any DOCUMENT REGARDING the death of a PRISONER, including audits, REVIEWS, studies, interview notes, videos, audio-recordings, EXTERNAL INVESTIGATIONS or INTERNAL INVESTIGATIONS.

10.    "DESCRIBE" and "DESCRIPTION" means to provide all available INFORMATION.

11.    "DISCIPLINE" means any formal or informal discipline, punishment, reprimand, warning, or comment given to any person as a result of substandard or unacceptable conduct.

12.    "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and DESCRIPTION and every tangible thing that is or has been in the possession, custody, or control of DEFENDANTS and the ADC, to which they have access, or of which they have knowledge, including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, files, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, MINUTES, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and

regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device). "DOCUMENT" and "DOCUMENTS" includes, but is not limited to, all DOCUMENTS generated by or maintained in the Director's Project Tracking System, official ADC papers, and the ADC's intranet.

13. "EMERGENCY HEALTH CARE SERVICES" means treatment or care to address a mental health, medical, or dental injury or illness that is acute, causes substantial pain, and/or and poses a substantial and immediate risk to the life or long term health of a person.

14. "ENTRY-LEVEL PRACTITIONERS" means unlicensed persons who provide HEALTH CARE to PRISONERS at the ADC subordinate to MID-LEVEL PRACTITIONERS or HEALTH CARE CLINICIANS.

15. "EXTERNAL INVESTIGATIONS" means investigations, REVIEWS, audits, or studies, whether formal or informal, conducted by a person who is not employed by the ADC or an entity that is not the ADC. It is immaterial to the definition whether the EXTERNAL INVESTIGATION was conducted at the ADC's behest or direction.

16. "GRIEVANCES" means COMPLAINTS or requests made by PRISONERS to the ADC, and the exhaustion of claims raised or stated therein.

17. "HEALTH CARE" means the provision of care, including adequate diet, to address the mental health, medical, or dental needs of a PRISONER, whether those needs arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic or preventive purposes.

18. "HEALTH CARE CLINICIANS" means persons independently licensed to provide HEALTH CARE to PRISONERS at the ADC facilities, including but not limited to M.D., D.O., D.D.S., and Ph.D. credentialed staff.

19. "HEALTH CARE DIRECTIVES" means DOCUMENTS REGARDING advance medical care directives, living wills, personal directives, advance directives, or instructions of any kind in which individuals specify what actions should or should not be

taken for their HEALTH CARE in the event they are no longer able to make decisions due to illness, injury, or incapacity

20.    "HEALTH CARE SHORTAGES" means any deficiencies involving HEALTH CARE, including but not limited to a lack of or insufficient number of medicines, drugs, medical supplies, medical equipment, transportation, or HEALTH CARE STAFFING.

21.    "HEALTH CARE STAFF" means all staff employed or paid by the ADC, LOCUM TENENS CONTRACTORS, or SPECIALTY CONTRACTORS (other than CORRECTIONAL STAFF) who are responsible for providing HEALTH CARE to ADC PRISONERS, including but not limited to HEALTH CARE CLINICIANS, MID-LEVEL PRACTITIONERS, ENTRY-LEVEL PRACTITIONERS, PHARMACISTS, and administrative and support staff.

22.    "HEALTH CARE STAFFING" means the provision of HEALTH CARE STAFF to provide HEALTH CARE.

23.    "HEALTH GRIEVANCES" means requests for HEALTH CARE or COMPLAINTS REGARDING the need for, adequacy of, quality of, or timing of HEALTH CARE made by PRISONERS to the ADC, including but not limited to the submission of Health Needs Request ("HNR") forms and the exhaustion of claims stated therein.

24.    "HNR POLICIES AND PROCEDURES" means policies, procedures, or practices, whether written or established through custom or use, REGARDING HNR submissions by PRISONERS, including but not limited to the distribution, disposal, processing, rejection of, responses to, provision of HEALTH CARE pursuant to, and exhaustion of claims raised by such submissions.  This includes policies, procedures, or practices that are in draft form and have not been approved and/or implemented.

25.    "HOSPITALIZED PRISONER" means any PRISONER who is sent to a hospital or other off-site medical or mental health facility, or who is admitted to an on-site hospital, while in the custody of the ADC.

VICTOR ANTONIO PARSONS' FIRST SET
OF REQUESTS FOR PRODUCTION
2:12-CV-00601-NVW--MEA

26.   "HOURS OF OPERATION" means the time periods during which a facility, unit, or other ADC facility housing PRISONERS is able to provide HEALTH CARE to PRISONERS by on-site HEALTH CARE STAFF.

27.   "IDENTIFY" and "IDENTIFICATION" with respect to (a) a PRISONER or former PRISONER, means to state the PRISONER'S full name, ADC number, date of birth, current or most recent mental health score (MH-1 through MH-5), medical score (M-1 through M-5), public risk score, institutional risk score, and current housing location (if still in ADC custody) or last known address and telephone number (if no longer in ADC custody); (b) a person other than a PRISONER or former PRISONER, means to state the person's full name and specify whether or not the person is or has been an ADC STAFF member, and if so, to state the staff member's position title, facility location, work schedule, responsibilities, date ADC employment began, date ADC employment terminated, dates of any changes in position titles or responsibilities, DESCRIPTIONS of any changes in position titles or responsibilities and, if the person is not currently employed by ADC, the person's last known address and telephone number; and (c) a third-party contractor or entity means to state the name of the contractor or entity, the type of entity (*e.g.*, corporation, partnership, etc.); its address and telephone number; and any persons YOU are aware of who acted on behalf of that contractor or entity with respect to the events at issue in the discovery request; (d) IDENTIFY in any other context means to provide as much INFORMATION REGARDING the thing to be identified as is in the possession of DEFENDANTS or the ADC.

28.   "INFORMATION" means any knowledge YOU have, any evidence of any type, any facts of which YOU are aware and any inferences or speculation of which YOU are aware, all regardless of the source.  When INFORMATION YOU provide is based solely on inference or speculation, specifically so state in YOUR response.  When providing INFORMATION, provide the names of involved individuals, actions relevant to the requested INFORMATION, dates and times when known, locations, and any other knowledge YOU have about the subject of the discovery request.  When asked to provide

-5-

INFORMATION about one or more individuals, IDENTIFY the individual or individuals and provide any other INFORMATION YOU have about such person or persons.

29.    "INTERNAL INVESTIGATION" means an investigation, REVIEW, audit, study, interview notes, videos, or audio recordings, whether formal or informal, conducted by the ADC.

30.    "ISOLATION" means confinement in a cell for 22 hours or more each day; confinement in Eyman-Special Management Unit ("SMU") 1, Eyman-Browning Unit, Florence-Central Unit, Florence-Kasson Unit, or Perryville-Lumley Special Management Area ("SMA"); or confinement in a Complex Detention Unit ("CDU").

31.    "JOB PERFORMANCE EVALUATION" means any evaluation, whether formal or informal, of the work of an ADC STAFF member or contractor performing services for the ADC.

32.    "LOCUM TENENS CONTRACTOR" means any person or entity contracting with ADC to provide HEALTH CARE to ADC PRISONERS.

33.    "MID-LEVEL PRACTITIONERS" means licensed professionals who provide HEALTH CARE to PRISONERS at the ADC under supervision by HEALTH CARE CLINICIANS.

34.    "MINUTES" means notes or any other recording reflecting the content of a meeting, whether written contemporaneously with or subsequent to the meeting.

35.    "ORGANIZATIONAL STRUCTURE" means the structure of who reports to whom within the ADC up to and including defendant Charles Ryan, including specifically all HEALTH CARE STAFF and each individual's job title and DESCRIPTION of duties.

36.    "OUTDOOR EXERCISE" means periods during which PRISONERS are permitted to exercise in the outdoors.

37.    "PHARMACIST" means a professional who practices pharmacy.

38.    "POLICIES AND PROCEDURES" means policies, procedures, criteria, or practices, whether written or established through custom or use, including but not limited

to policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders, and any other DOCUMENTS designed to direct the actions of ADC personnel, ADC contractors, and/or PRISONERS.

39. "PRISONER" means a person incarcerated by the ADC.

40. "QUALITY ASSURANCE" means any activities implemented for the purpose of examining, assessing, evaluating, investigating, analyzing, or identifying the quality of a product or service.

41. "REFERRAL" means a recommendation that a PRISONER obtain HEALTH CARE from HEALTH CARE STAFF at ADC or non ADC facilities, whether or not such HEALTH CARE is in fact ever provided.

42. "REFERRED CARE" means HEALTH CARE pursuant to a REFERRAL.

43. "REFERRED PRISONER" means a PRISONER who received a REFERRAL while in the legal custody of the ADC.

44. "REGARDING" or "REGARDED" to any given subject matter means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

45. "RESPONSE DATE" means date upon which YOU respond to these discovery requests, or, if YOU amend or supplement YOUR response, the date of YOUR amendment or supplement.

46. "REVIEWS" means examinations, assessments, evaluations, or investigations performed by or at the direction of ADC STAFF or officials.

47. "SPECIALTY CONTRACTOR" means any person or entity contracting with the ADC to provide HEALTH CARE to PRISONERS who is not a LOCUM TENENS CONTRACTOR.

1

2       48.    "STAFFING SCHEDULE" means the days, hours, and/or shifts for which

3 each member of the HEALTH CARE STAFF was scheduled to work, including overtime,

4 on call and call-in coverage.

5       49.    "SUFFICIENT TO SHOW" means demonstrating or evidencing complete

6 INFORMATION on the requested topic, without the need to produce every DOCUMENT

7 REGARDING the topic.

8       50.    "YOU," "YOUR," "YOURSELF," and "DEFENDANTS" means

9 defendants Charles Ryan and Richard Pratt, and their predecessors, successors,

10 employees, subordinates, contractors, agents, and attorneys.

11 **INSTRUCTIONS**

12       1.    YOU are required to furnish all DOCUMENTS in YOUR possession,

13 custody, or control, including those DOCUMENTS that are in YOUR possession,

14 custody, or control in the normal course of YOUR employment obligations, and those in

15 the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys;

16 (4) representatives; (5) agents; or (6) any other person acting or purporting to act on

17 YOUR behalf or at YOUR direction, whether doing so directly or at the direction of

18 YOUR subordinates.  Possession, custody, or control includes DOCUMENTS stored in

19 electronic form by third party service providers but accessible to the Defendant, including

20 but not limited to email accounts, FTP servers, portable storage media such as USB

21 drives, cloud storage services such as Dropbox or SharePoint , and online workspaces

22 such as WebEx.

23       2.    All non-identical copies of every DOCUMENT whose production is sought

24 shall be separately produced.

25       3.    Each request herein constitutes a request for DOCUMENTS in their

26 entirety, with all enclosures and attachments, and without abbreviation, redaction, or

27 expurgation.  DOCUMENTS attached to each other, including but not limited to, by

28 staple, clip, tape, email attachment, or "Post-It" note, should not be separated, although

any page on which a Post-It note covers or obscures text on the DOCUMENT should be

produced both with and without the Post-It note.  The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the DOCUMENTS.

4.     DEFENDANTS shall produce any and all drafts and copies of each DOCUMENT that are responsive to any request, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations.  The author(s) of all hand-written notes should be identified.

5.     YOU shall produce all responsive DOCUMENTS as they have been kept in the ordinary course of business.

6.     Responsive DOCUMENTS that exist only in paper form shall be organized as they have been kept in the ordinary course of business and shall be produced according to the following protocol:

        a.     Paper DOCUMENTS shall be scanned and produced in TIFF image form at a resolution sufficient to enable the generation of searchable text using Optical Character Recognition ("OCR").

7.     Responsive DOCUMENTS that exist in electronic form, even if such DOCUMENTS also exist in paper form, shall be produced in electronic form according to the following protocol:

        a.     Electronic DOCUMENTS shall be produced electronically as single page, uniquely and sequentially numbered Group IV TIFF image files of not less than 300 dots per inch resolution, together with DOCUMENT level load files wherein the full text was extracted directly from the native file where possible.

        b.     For files produced in TIFF image form, each page of a produced DOCUMENT shall have a legible, unique production number electronically "burned" onto the TIFF image in such a manner that information from the source DOCUMENT is not obliterated, concealed, or interfered with, preferably in the lower right corner of the DOCUMENT.  The production

number shall contain at least six digits.  There shall be no other legend or stamp placed on the DOCUMENT image, unless a DOCUMENT qualifies for confidential treatment pursuant to the terms of any protective order in this matter, or if the DOCUMENT requires redaction.  In the case of confidential materials as defined by any protective order in this matter, any applicable designation may be "burned" onto the DOCUMENT's image at a location that does not obliterate or obscure any information from the source DOCUMENT, preferably in the lower left corner.

c.      Each DOCUMENT image file shall be named with the unique production number of the page of the DOCUMENT in question, followed by the extension ".tif".  File names should not be more than 20 characters long or contain spaces.

d.      For files produced in TIFF image format, each page of a DOCUMENT shall be electronically saved as an image file.  If a DOCUMENT is more than one page, the unitization of the DOCUMENT and any attachments and/or affixed notes shall be maintained as they existed in the original DOCUMENT.

e.      TIFF images shall be accompanied by a standard load file containing the metadata and other fields identified in Paragraph 7(j) of these Instructions, below.  The load file shall be produced in one of the following industry-standard formats:  (1) Concordance delimited file (".dat"); (2) comma-separated value file (".csv"); or (3) TAB delimited file.  TIFF images shall also be accompanied by either an Opticon delimited cross-reference file (".opt") or IPRO View LFP comma-delimited file showing DOCUMENT breaks and appropriate DOCUMENT unitization.

f.      In addition to TIFF images, each production of electronic DOCUMENTS shall include searchable text files corresponding to the TIFF images for each DOCUMENT.  The full text of each native electronic

-10-

1

2      DOCUMENT, excluding redacted DOCUMENTS, shall be extracted

3      directly from the native file and produced in a DOCUMENT-level related

4      text file (the "Extracted Text"). The Extracted Text shall be provided in

5      searchable ASCII text format (or Unicode text format if the text is in a

6      foreign language) and shall be named with the unique production number of

7      the first page of the corresponding TIFF DOCUMENT followed by the

8      extension ".txt".  YOU shall also perform OCR on certain types of non-text

9      based static image ESI, such as native PDF image files, and produce the

10     corresponding DOCUMENT-level related text files.  Searchable text files

11     shall be generated from Extracted Text where available.

12     g.      DOCUMENTS shall be produced on optical media (CD or DVD) or

13     external hard drives or similar, readily accessible electronic media (the

14     "Production Media").  Each piece of Production Media shall IDENTIFY a

15     production number corresponding to the party and production with which

16     the DOCUMENTS on the Production Media are associated (e.g., "RYAN

17     001"), as well as the volume of the material in that production (e.g., "- 001",

18     "-002").  For example, if the first production wave by YOU comprises

19     DOCUMENT images on three hard drives, YOU shall label each hard drive

20     in the following manner: "RYAN 001-001", "RYAN 001-002", and

21     "RYAN 001-003."  The face of each piece of Production Media shall also

22     IDENTIFY:  (1) the production date; and (2) the production number range

23     of the materials contained on the Production Media.

24     h.      Presentation DOCUMENTS (such as Microsoft PowerPoint

25     DOCUMENTS) shall be produced with one slide per page together with any

26     "Speaker's Notes" or similar pages appended to, or otherwise associated

27     with, each slide. Presentation DOCUMENTS shall also be produced

28     according to all other applicable Instructions set forth in this set of requests.

i.     Unless redaction is required, spreadsheet DOCUMENTS (such as Microsoft Excel DOCUMENTS) shall be produced in native format, together with a single page TIFF placeholder bearing the legend "Native File Produced" and load files containing the agreed upon metadata, extracted text, production numbers and any applicable confidentiality labels as described above.  If redaction is required, then spreadsheets shall be produced in TIFF image format as set forth above.

j.     For all DOCUMENTS for which metadata exists, the load files described above shall be produced including the following fields:

| Fields for all DOCUMENTS | Description |
| --- | --- |
| BegProd | Beginning production number assigned to each DOCUMENT |
| EndProd | Ending production number assigned to each DOCUMENT |
| BegAttach | Beginning production number assigned to the group of DOCUMENTS to which the parent DOCUMENT and any attachment DOCUMENTS are associated |
| EndAttach | Ending production number assigned to the group of DOCUMENTS to which the parent DOCUMENT and any attachment DOCUMENTS are associated |
| Custodian | The name of the person or source from which the DOCUMENT was obtained |
| FileName | Original file name |
| FilePath | Original file path |
| DocExt | DOCUMENT type as identified by metadata associated with the native DOCUMENT indicating the extension of the application that created the native DOCUMENT (e.g., .doc, .ppt, etc.) |
| HashValue | The unique identifying value assigned to a DOCUMENT based on hash coding algorithms |
| Author | The person or source that originated the DOCUMENT |

| | |
|---|---|
| DateCreated | Date that the DOCUMENT was created (as reflected by metadata) |
| LastModifiedDate | Date that the file was last modified (as reflected by metadata) |
| FullText | The path or link to the searchable Extracted or OCR text for a DOCUMENT |
| NativeFile | The path or link to a processed and produced native file, to the extent the production contains native files |
| Confidentiality | The confidentiality designation for the DOCUMENT, as defined by any protective order in this matter |
| **Additional Fields for Email** | **Description** |
| To | All information contained in the "To" field of an email |
| From | All information contained in the "From" field of an email |
| CC | All information contained in the "CC" field of an email |
| BCC | All information contained in the "BCC" field of an email |
| DateSent | Date the email was sent, including month, day and year |
| TimeSent | Time the email was sent, including hour, minute, second and time zone. To the extent this information is already included in the DateSent field in the metadata, YOU need not parse TimeSent as a separate field. |
| DateReceived | Date the email was received, including the month, day and year |
| TimeReceived | Time the email was received, including hour, minute, second and time zone. To the extent this information is already included in the DateReceived field in the metadata, YOU need not parse TimeReceived as a separate field. |
| Subject | Subject or "Re:" line, as stated in the email |

8.     If with respect to any request there are no responsive DOCUMENTS, so state in writing.

-13-

9.     The following rules of construction shall be applied herein: (a) the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of their scope ; (b) the use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural; (c) the words "any," "all," "each" and "every" all include any, all, each, and every and shall be understood in either their most or least inclusive sense as necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of their scope; and (d) the use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of the DOCUMENT requests all responses that might otherwise be construed to be outside of their scope.

10.     If YOU object to a portion or an aspect of a request, state the grounds for your objection with specificity and respond to the remainder of the DOCUMENT request. If any DOCUMENTS, or portion thereof, are withheld because YOU claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine,  YOU are required to provide a privilege log setting forth the specific basis for the claim of privilege or protection and for each DOCUMENT provide the following:

a.     the subject matter of the DOCUMENT;

b.     the title, heading or caption of the DOCUMENT, if any;

c.     the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

d.     the type of the DOCUMENT (e.g., whether it is a letter, memorandum, MINUTES of meeting, etc.) and the number of pages of which it consists;

e.     the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

-14-

1

2          f.      the identity of each person to whom the DOCUMENT was addressed

3   and the identity of each person to whom a copy thereof was sent; and

4          g.      the identity of each person who has custody of a copy of each such

5   DOCUMENT.

6          11.     If YOU claim that a portion of a DOCUMENT is protected from disclosure

7   for any reason, produce such DOCUMENT with redaction of only the portion claimed to

8   be protected.  When such redactions for privilege or protection are made, YOU shall place

9   a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT

10  produced.  All redactions shall also be included on the privilege log described in

11  Instruction #4.

12         12.     If you object that a request is vague or ambiguous, IDENTIFY the

13  objectionable aspect of the request.

14         13.     If a request cannot be responded to in full, YOU shall respond to the extent

15  possible, specify the reason for YOUR inability to respond to the remainder, and state

16  whatever information or knowledge YOU have REGARDING the portion to which YOU

17  have not responded.

18         14.     If any DOCUMENT called for by these requests has been destroyed, lost,

19  discarded, or is otherwise no longer in your possession, custody, or control, IDENTIFY

20  such DOCUMENT as completely as possible, and specify the date of disposal of the

21  DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing

22  disposal, and the person disposing of the DOCUMENT.

23         15.     These requests are sequentially numbered and each numbered paragraph

24  constitutes a single request.  Defined terms may be capitalized for the convenience of the

25  parties; the definitions herein apply whether or not the term is capitalized.

26         16.     Except where expressly stated, these requests are not limited in any way by

27  geography.

28         17.     These requests shall be deemed continuing in nature in accordance with

Rule 26(e) of the Federal Rules of Civil Procedure.  Supplemental responses are required

to which they were referred.

## PRISONERS

**REQUEST FOR PRODUCTION NO. 40.:**

All DOCUMENTS REGARDING DEATH RECORDS.

**REQUEST FOR PRODUCTION NO. 41.:**

All DOCUMENTS REGARDING any REVIEWS done of HEALTH CARE for HOSPITALIZED PRISONERS, whether done before or after the hospitalization of any HOSPITALIZED PRISONER.

**REQUEST FOR PRODUCTION NO. 42.:**

DOCUMENTS SUFFICIENT TO SHOW the population of PRISONERS in each ADC operated facility by month for each year from 2009 through the RESPONSE DATE.

**REQUEST FOR PRODUCTION NO. 43.:**

All DOCUMENTS REGARDING the conditions in which PRISONERS are held at Tempe St. Luke's Hospital.

## COSTS AND BUDGET

**REQUEST FOR PRODUCTION NO. 44.:**

All DOCUMENTS REGARDING HEALTH CARE COST CONTAINMENT.

**REQUEST FOR PRODUCTION NO. 45.:**

All DOCUMENTS REGARDING HEALTH CARE cost analysis done by the ADC, whether over all or for particular types of care or medical procedures.

**REQUEST FOR PRODUCTION NO. 46.:**

All DOCUMENTS REGARDING the ADC's budget, including all amounts budgeted for HEALTH CARE, for each year from 2007 to the RESPONSE DATE.

**REQUEST FOR PRODUCTION NO. 47.:**

DOCUMENTS SUFFICIENT TO SHOW the actual amounts expended on HEALTH CARE for ADC PRISONERS for each year from 2007 to the RESPONSE DATE.

1

2   Dated:  June 15, 2012                    **JONES DAY**

3

4                                           By:  _Caroline Mitchell_

5                                                Caroline Mitchell (Cal. 143124)*
                                                 Ilham Hosseini (Cal. 256274)*
6                                                Sophia Calderon (Cal. 278315)*
                                                 **JONES DAY**
7                                                555 California Street, 26th Floor
                                                 San Francisco, California 94104
8                                                Telephone:  (415) 875-5712
                                                 Email:     cnmitchell@jonesday.com
9                                                           ihosseini@jonesday.com
                                                           scalderon@jonesday.com
10

11                                               *Admitted *pro hac vice*

12                                          Attorneys for Defendants

13                                               Daniel J. Pochoda (Bar No. 021979)
                                                 Kelly J. Flood (Bar No. 019772)
14                                               James Duff Lyall (Bar No. 330045)*
                                                 **ACLU FOUNDATION OF**
15                                               **ARIZONA**
                                                 3707 North 7th Street, Suite 235
16                                               Phoenix, Arizona 85013
                                                 Telephone:  (602) 650-1854
17                                               Email:     dpochoda@acluaaz.org;
                                                           kflood@acluaz.org
18                                                         jlyall@acluaz.org

19                                               *Admitted pursuant to Ariz. Sup. Ct.
                                                 R. 38(f)
20

21                                               Donald Specter (Cal. 83925)*
                                                 Alison Hardy (Cal. 135966)*
22                                               Sara Norman (Cal. 189536)*
                                                 Corene Kendrick (Cal. 226642)*
23                                               **PRISON LAW OFFICE**
                                                 1917 Fifth Street
24                                               Berkeley, California 94710
                                                 Telephone:  (510) 280-2621
25                                               Email:     dspecter@prisonlaw.com
                                                           ahardy@prisonlaw.com
26                                                         snorman@prisonlaw.com
                                                           ckendrick@prisonlaw.com
27

28                                               *Admitted *pro hac vice*

1

2
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
3
**ACLU NATIONAL PRISON
PROJECT**
4
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
5
Telephone: (202) 548-6603
Email:    dfathi@npp-aclu.org
6
          afettig@npp-aclu.org

7
*Admitted *pro hac vice*. Not admitted
in DC; practice limited to federal
8
courts.
**Admitted *pro hac vice*
9
Daniel C. Barr (Bar No. 010149)
Jill L. Ripke (Bar No. 024837)
10
James A. Ahlers (Bar No. 026660)
Kirstin T. Eidenbach (Bar No. 027341)
11
John H. Gray (Bar No. 028107)
Thomas D. Ryerson (Bar No. 028073)
12
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
13
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
14
Telephone: (602) 351-8000
Email:    dbarr@perkinscoie.com
15
          rjipke@perkinscoie.com
          jahlers@perkinscoie.com
16
          keidenbach@perkinscoie.com
          jhgray@perkinscoie.com
17
          tryerson@perkinscoie.com
          mdumee@perkinscoie.com
18
*Attorneys for Plaintiffs Victor Parsons;*
19
*Shawn Jensen; Stephen Swartz; Dustin
Brislan; Sonia Rodriquez; Christina*
20
*Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;*
21
*Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of*
22
*themselves and all others similarly situated*

23

24

25

26

27

28

1

2 **ARIZONA CENTER FOR DISABILITY
LAW**

3

4 Jennifer Alewelt
Ruth Szanto

5 Asim Varma
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034

6 Telephone:  (602) 274-6287
Email:    jalewelt@azdisabilitylaw.org

7 rszanto@azdisabilitylaw.org
avarma@azdisabilitylaw.org

8
*Attorneys for Plaintiff Arizona Center for*

9 *Disability Law*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                          **CERTIFICATE OF SERVICE**

3          I hereby certify that on June 15, 2012, I served the foregoing document by mail on

4    the following:

5

6          Arizona Attorney General Thomas C. Horne
           Office of the Attorney General
           Michael E. Gotfried

7          Assistant Attorney General
           1275 W. Washington Street

8          Phoenix, AZ  85007-2926
           Telephone: 602-542-4951

9          Facsimile: 602-542-7670

10         Daniel P. Struck
           Kathleen L. Wieneke

11         Timothy J. Bojanowski
           Nicholas D. Acedo

12         Courtney R. Cloman
           Ashlee B. Fletcher

13         Struck Wieneke & Love, PLC
           3100 West Ray Rd., Ste. 300

14         Chandler, AZ  85226
           Telephone: 480-420-1600

15         Facsimile 480-420-1696

16

17

18

19                                                      Sophia Calderón

20   SFI-735993v1

21

22

23

24

25

26

27

28

                                              -30-
                                                       VICTOR ANTONIO PARSONS' FIRST SET
                                                          OF REQUESTS FOR PRODUCTION
                                                              2:12-CV-00601-NVW--MEA

# EXHIBIT

# 2

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-NVW <br><br> **PLAINTIFF VICTOR ANTONIO PARSONS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| Plaintiffs, | ***AND DEFENDANT RICHARD PRATT'S AND DEFENDANT CHARLES RYAN'S JOINT RESPONSES THERETO*** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

Defendant Richard Pratt and Defendant Charles Ryan, pursuant to FED. R. CIV. P. 34 and through counsel, respond to Plaintiff Victor Antonio Parsons' First Set of Requests for Production of Documents as follows.

### GENERAL OBJECTIONS

1.     Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.   Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

2.     Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information.

3.     Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information.

4.     Defendants object to the extent that these requests are overbroad, unduly vague, ambiguous, burdensome, oppressive, irrelevant, not material, and seek information unrelated to claims set forth in Plaintiffs' Complaint.

5.     Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation.

6.     Defendants object to the extent that these requests for production impose any obligation to provide identical information maintained in multiple forms (i.e., in paper and electronic form). Defendants will produce documents in a "reasonable usable form."

As discovery is ongoing, Defendants reserve the right to supplement these responses as necessary.

Defendants hereby preserve any and all objections to the ultimate admissibility of the documents produced as contemplated by the Federal Rules of

1  **REQUEST FOR PRODUCTION NO. 39**

2            All DOCUMENTS REGARDING the denial or delay of transportation for

3  REFERRED PRISONERS to and from appointments with the HEALTH CARE providers

4  to which they were referred.

5  **RESPONSE**

6            **Objection: Assumes facts; overbroad in that this request seeks**

7  **information about inmates and claims that are not set forth in Plaintiffs' Complaint;**

8  **overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead**

9  **to the discovery of admissible evidence; seeks confidential medical information**

10  **regarding inmates who are not parties to this action without medical releases; calls**

11  **for the production of security-sensitive information, the disclosure of which could**

12  **jeopardize facility security.**

13            **Without waiving these objections, Defendant has insufficient knowledge**

14  **or information at this point, and will supplement his response to this Request for**

15  **Production as that information becomes available, and after the implementation of a**

16  **protective order in this action.**

17                          **PRISONERS**

18  **REQUEST FOR PRODUCTION NO. 40**

19            All DOCUMENTS REGARDING DEATH RECORDS.

20  **RESPONSE**

21            **Objection: Assumes facts; overbroad in that this request seeks**

22  **information about inmates and claims that are not set forth in Plaintiffs' Complaint;**

23  **overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead**

24  **to the discovery of admissible evidence; seeks confidential medical information**

25  **regarding inmates who are not parties to this action without medical releases; calls**

26  **for the production of security-sensitive information, the disclosure of which could**

27  **jeopardize facility security.**

28

1  **Without waiving these objections, Defendant has insufficient knowledge**
2  **or information at this point, and will supplement his response to this Request for**
3  **Production as that information becomes available, and after the implementation of a**
4  **protective order in this action.**
5  **REQUEST FOR PRODUCTION NO. 41**
6  All DOCUMENTS REGARDING any REVIEWS done of HEALTH CARE
7  for HOSPITALIZED PRISONERS, whether done before or after the hospitalization of
8  any HOSPITALIZED PRISONER.
9  **RESPONSE**
10  **Objection: Assumes facts; overbroad in that this request seeks**
11  **information about inmates and claims that are not set forth in Plaintiffs' Complaint;**
12  **overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead**
13  **to the discovery of admissible evidence.**
14  **Without waiving these objections, Defendant has insufficient knowledge**
15  **or information at this point, and will supplement his response to this Request for**
16  **Production as that information becomes available..**
17  **REQUEST FOR PRODUCTION NO. 42**
18  DOCUMENTS SUFFICIENT TO SHOW the population of PRISONERS in
19  each ADC operated facility by month for each year from 2009 through the RESPONSE
20  DATE.
21  **RESPONSE**
22  **Objection:   Vague and ambiguous; seeks information that is publicly**
23  **available to Plaintiffs.**
24  **Without waiving these objections, Defendants have insufficient**
25  **knowledge or information at this time, and will supplement their response to this**
26  **Request for Production as that information becomes available.**

20

DATED this 23rd day of July, 2012

STRUCK WIENEKE, & LOVE, P.L.C.

By /s/ *Timothy J. Bojanowski*
    Daniel P. Struck
    Kathleen L. Wieneke
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Courtney R. Cloman
    Ashlee B. Fletcher
    STRUCK WIENEKE, & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Assistant Attorney General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

    *Attorneys for Defendants*

COPIES of the foregoing e-mailed to
all counsel of record per the attached list
this 23rd day of July, 2012.

By:   /s/*Kimberly Shadoan*

2661222.1

31

| | |
|---|---|
| 1 | Alison Hardy: ahardy@prisonlaw.com |
| 2 | Amy Fettig: afettig@npp-aclu.org |
| 3 | Caroline N. Mitchell: cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| 4 | |
| 5 | Corene T. Kendrick: ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| 6 | Daniel Clayton Barr: DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| 7 | Daniel Joseph Pochoda: dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| 8 | David Cyrus Fathi: dfathi@npp-aclu.org; astamm@aclu.org; mtartaglia@npp-aclu.org |
| 9 | |
| 10 | Donald Specter: dspecter@prisonlaw.com |
| 11 | Ilham A. Hosseini: ihosseini@jonesday.com; areyes@jonesday.com |
| 12 | James Anthony Ahlers: jahlers@perkinscoie.com; docketphx@perkinscoie.com; jroe@perkinscoie.com |
| 13 | |
| 14 | James Duff Lyall: jlyall@acluaz.org; gtorres@acluaz.org |
| 15 | Jennifer Ann Alewelt: jalewelt@azdisabilitylaw.org; emyers@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org |
| 16 | Jill Louise Ripke: jripke@perkinscoie.com; jgable@perkinscoie.com |
| 17 | John Howard Gray: jhgray@perkinscoie.com; slawson@perkinscoie.com |
| 18 | Kelly Joyce Flood: kflood@acluaz.org; gtorres@acluaz.org |
| 19 | Kirstin T. Eidenbach: keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| 20 | |
| 21 | Matthew Benjamin de Mee: mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| 22 | Michael Evan Gottfried: Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| 23 | Ruth Angela Szanto: RSzanto@azdisabilitylaw.org; RuthSzanto@gmail.com |
| 24 | Sara Norman: snorman@prisonlaw.com |
| 25 | Sophia Calderon: scalderon@jonesday.com |
| 26 | Thomas Dean Ryerson: tryerson@perkinscoie.com; docketphx@perkinscoie.com; rboen@perkinscoie.com |
| 27 | |
| 28 | |

# EXHIBIT

# 3

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number:  (415) 875-5712
cnmitchell@JonesDay.com

JP005615                              August 31, 2012

<u>VIA EMAIL AND U.S. MAIL</u>

Timothy J. Bojanowski, Esq.
Courtney Cloman, Esq.
Struck Wieneke & Love
3100 W. Ray Road, Ste. 300
Chandler, AZ  85226

        Re:    *Parsons v. Ryan*

Dear Tim and Courtney:

       Pursuant to the meet-and-confer discussion yesterday on death records, here is the list of deceased inmates whose files we request you produce as a first wave production of death records:

James Adams, 131965
Louis Balon, 11078
David Bandstra, 68441
Eric Bybee, 171555
Jesse Cabonias, 231666
Lasasha Cherry, 244426
Juan Corrales-Palomares
Jesus Cota, 151319
Duron Cunningham, 245305
Forrest Day, 258301
Velma Dickson, 33766
Ferdinand Dix, 20547
Mark Edwards, 261680
Alfonso Farmer, 219587
Geshell Fernandez, 28196933
James Galloway, 233906
David Hunt, 109305
Nelson Johnson, 143345
Anthony Lester, 253529
Susan Lopez, 184221
Kenneth Lucas, 13755

SFI-743120v1

**JONES DAY**

Mr. Timothy J. Bojanowski,
Ms.Courtney Cloman
August 31, 2012
Page 2


Jerry McCoy, 108159
Robert Medina, 121433
David Moreno, 72673
Robert Mulhern, 235987
Anthony Olea, 153946
Michael Pellicier, 241648
Karot Phothong, 98842
Daniel Porter, 61424
Alvin Rhodes, 264597
Ronald Richie, 109391
Rosario Rodriguez-Bojorquez, 256497
Patrick Ross, 168595
Kenneth Soffel, 246697
Michael Tovar, 241095
T. Ray Washington, 240344
John Zimmerman, 66146


     Please let me know your availability for a meet-and-confer on this issue on September 4 or 5.


                Very truly yours,

                Caroline N. Mitchell

SFI-743120v1

# EXHIBIT 4



**PRISON LAW OFFICE**

General Delivery, San Quentin CA. 94964

Telephone (510) 280-2621 • Fax (510) 280-2704

www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Penny Godbold
Megan Hagler
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

**VIA EMAIL ONLY**

October 16, 2012

Ms. Kathy Wieneke
Struck Wieneke & Love
3100 W. Ray Rd., Ste. 300
Chandler, AZ 85226

> RE:   *Parsons v. Ryan*
>        Production of Death Reviews and Deceased Prisoners' Medical Records

Dear Ms. Wieneke,

   I write regarding the Court's order today (Dkt. 186) directing Defendants to produce all responsive death records, and Defendants' Notice on October 12, 2012 (Dkt. 179) stating that deceased prisoners' medical records would be produced within 30 days of the Notice.

   On August 31, 2012, Caroline Mitchell wrote the attached letter to Counsel for Defendants with the names of deceased prisoners for whom we requested the death records and medical files in a "first wave" of production.  Please note that in her letter, the ADC number was inadvertently left off for Juan Corrales-Palomares, it is # 258041; the ADC number for Geshell Fernandez should be # 196933.

   In addition to the 37 prisoners listed on Ms. Mitchell's letter, we request that the complete death records and medical files of the following prisoners who have died since July 1, 2012 be part of the first wave of production:

Augustine Alvarez, 85367
Dixie Arguello, 269814
Anthony Brown, 77701
Frank Brown, 149637
Sotero Delgado, 273820
Jose Garcia-Morfin, 233520
James Gordon, 140687
Rock Hannaford, 261578
Nelson Johnson, 143345
Richard Johnson, 52572

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Felecia Gaston • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Ms. Kathy Wieneke
RE: Parsons v. Ryan
October 16, 2012
Page 2

Richard Johnson, 232783
Gregg Large, 247449
James Makal, 27216
Nicholas Martinez, 171587
Robert Moss, 102474
Richard Olivas, 128627
Darrell Robertson, 258053
Daniel Salazar, 129065
Carroll Sanders, 196447
Ronald Smith, 92788
Lawrence Tashquinth, 229672
Thomas Truitt, 47727
Donald Wisto, 110526
Richard Wojcik, 232593

Thank you for your cooperation on this matter.  Please let me know if you have any questions.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick, Staff Attorney

cc:    Counsel of Record

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 875-5712
cnmitchell@JonesDay.com

JP005615                               August 31, 2012

VIA EMAIL AND U.S. MAIL

Timothy J. Bojanowski, Esq.
Courtney Cloman, Esq.
Struck Wieneke & Love
3100 W. Ray Road, Ste. 300
Chandler, AZ  85226

                  Re:    *Parsons v. Ryan*

Dear Tim and Courtney:

       Pursuant to the meet-and-confer discussion yesterday on death records, here is the list of
deceased inmates whose files we request you produce as a first wave production of death
records:

James Adams, 131965
Louis Balon, 11078
David Bandstra, 68441
Eric Bybee, 171555
Jesse Cabonias, 231666
Lasasha Cherry, 244426
Juan Corrales-Palomares
Jesus Cota, 151319
Duron Cunningham, 245305
Forrest Day, 258301
Velma Dickson, 33766
Ferdinand Dix, 20547
Mark Edwards, 261680
Alfonso Farmer, 219587
Geshell Fernandez, 28196933
James Galloway, 233906
David Hunt, 109305
Nelson Johnson, 143345
Anthony Lester, 253529
Susan Lopez, 184221
Kenneth Lucas, 13755

SFI-743120v1

JONES DAY

Mr. Timothy J. Bojanowski,
Ms.Courtney Cloman
August 31, 2012
Page 2


Jerry McCoy, 108159
Robert Medina, 121433
David Moreno, 72673
Robert Mulhern, 235987
Anthony Olea, 153946
Michael Pellicier, 241648
Karot Phothong, 98842
Daniel Porter, 61424
Alvin Rhodes, 264597
Ronald Richie, 109391
Rosario Rodriguez-Bojorquez, 256497
Patrick Ross, 168595
Kenneth Soffel, 246697
Michael Tovar, 241095
T. Ray Washington, 240344
John Zimmerman, 66146


   Please let me know your availability for a meet-and-confer on this issue on September 4 or 5.


     Very truly yours,


     Caroline N. Mitchell

# EXHIBIT 5



STRUCK WIENEKE & LOVE                    ⌐ 3100 West Ray Road, Suite 300  Chandler, Arizona 85226  **480.420.1600**  swlfirm.com ⌐

October 22, 2012

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Holsman Tetreault
OF COUNSEL

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

    Re:  Parsons, et al. v. Ryan and Pratt
       U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

  This letter responds to Corene Kendrick's October 16, 2012 letter regarding production of inmate decedents' records.

  We have provided ADC with the names of the inmates you requested. The records are currently being obtained and will be produced as soon as possible.

      Sincerely,

      Ashlee B. Fletcher
      For the Firm

ABF/slw
2699336.1

cc: Michael E. Gottfried
  Dawn Northup
  Kelly Dudley

# EXHIBIT 6

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Victor Parsons; Shawn Jensen; | ) | |
| Stephen Swartz; Dustin Brislan; | ) | |
| Sonia Rodriguez; Christina | ) | |
| Verduzco; Jackie Thomas; Jeremy | ) | |
| Smith; Robert Gamez; Maryanne | ) | |
| Chisholm; Desiree Licci; Joseph | ) | |
| Hefner; Joshua Polson; and | ) | |
| Charlotte Wells, on behalf of | ) | |
| themselves and all others | ) | |
| similarly situated; and Arizona | ) | |
| Center for Disability Law, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 2:12-cv-000601-NVW |
| | ) | |
| Charles Ryan, Director, | ) | |
| Arizona Department of | ) | |
| Corrections; and Richard Pratt, | ) | |
| Interim Division Director, | ) | |
| Division of Health Services, | ) | |
| Arizona Department of | ) | |
| Corrections, in their official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

MEET AND CONFER PROCEEDINGS

Chandler, Arizona
November 6, 2012
1:00 p.m.

REPORTED BY:
NICOLE TATLOW, RPR
Certified Reporter
Certificate No. 50671

PREPARED FOR:
THE COURT

Page 28

1  discussion on it.

2          MS. CALDERON:  I mean, that's -- I agree that

3  we're coming at this from different approaches.  So it does

4  sound like something that we're going to have to take to the

5  court.

6          MR. BOJANOWSKI:  Okay.  We can -- we can get the

7  ball rolling on that one.

8          Is there any other issues?  I don't think there

9  is.  So -- I believe that's -- I believe that's it for

10  today.

11          MS. KENDRICK:  Just real quick.  This is Corene

12  at the Prison Law Office.

13          MR. BOJANOWSKI:  Oh.  I'm sorry.

14          MS. KENDRICK:  Sorry -- I'm really sorry about

15  quality of the phone connection.

16          I just wanted to ask Ms. Watanabe, since she's

17  there, when we might be able to expect some of the death

18  records, since she had previously said that we would be

19  getting them starting on Friday or Monday.

20          MS. WATANABE:  I'm actually processing CDs for

21  counsel that's here right now.  I'm sending them out this

22  afternoon.  And I'm going to be -- I'm going to be mailing

23  out copies because they're too volum- -- it's too voluminous

24  for me to e-mail.  It's just not going to happen.  I'm going

25  to have to use two CDs, even, to put these on.  But I'm

Meet & Confer Proceedings - 11/6/2012
PARSONS v. RYAN, 2:12-CV-00601-NVW

Page 29

1    sending them out today.  In fact, they'd be out now, except

2    I'm here.

3              MS. KENDRICK:  Okay.  Thank you.

4              MR. BOJANOWSKI:  Yeah.  They'll be hand-delivered

5    at the end of this meeting.  Okay?

6              MS. KENDRICK:  Great.

7              MR. LYALL:  And is that production limited to the

8    death reports, or does it also include --

9              MS. WATANABE:  I have -- I have death -- I have

10   death investigations, I have some mortality reports.  I have

11   all the mortally reports that are finished that are in our

12   possession that are on here, and I have medical records for

13   deceased inmates as well.  It's not all of them, but it's

14   everything we've got processed up to this point.  And as for

15   medical records, I just got a new batch yesterday that we

16   still have to scan in.  But everything that we've got

17   scanned in, you're going to get, as far as medical records

18   go.  Everything we've received as far as mortality reports,

19   you're going to get today.

20             And I know there are a few -- a few of the death

21   investigations have mortality reports in them.  I think

22   they're still going to do a separate one; but some of them

23   do have the mortality report in the death investigation.

24   Just so you -- I couldn't tell you offhand which ones those

25   are.  But they will -- my understanding is we're still going

Page 30

1  to be producing those separately as well.

2          MR. LYALL:  Okay.  And in addition to those, can

3  you update us on the status of the monitoring reports?  The

4  contract compliance monitoring reports that were requested?

5          MS. WATANABE:  Yes.  We got a packet.  We have

6  everything through -- we just got October's today.  It

7  probably -- just looking at it, it's probably close to a

8  thousand pages for all the complexes.  But we have -- we got

9  September's on Monday, and then we got the last of the

10 weekly -- we got the last of the weekly compliance reports

11 last week, and I believe those are finished being processed.

12 We've started on September's, and the last -- before I left,

13 it -- it looked like they were through some of them.  I

14 don't know how -- but we're going to be working on all of

15 it, since that's our priority right now to get those

16 finished up.  So at the very least, you're going to get the

17 last of the weeklies and then, hopefully, all of September's

18 by tomorrow.

19          And then we're going to start on October's right

20 away to get those out too.  Those don't need as much

21 processing because there's not as much infor- -- there's not

22 really a lot of security information we need to go through.

23 So hopefully that process will be fairly quick, despite the

24 volume of pages.

25          MR. LYALL:  Okay.  Thank you.

Page 32

1   STATE OF ARIZONA        )
                             )      ss.
2   COUNTY OF MARICOPA       )

3

4               BE IT KNOWN that the foregoing proceedings

5   were taken before me, NICOLE TATLOW, RPR, Certified Reporter

6   No. 50671, in the State of Arizona; that the foregoing

7   proceedings were taken down by me in shorthand and

8   thereafter reduced to print under my direction; that the

9   foregoing 31 pages are a true and correct transcript of all

10  proceedings, all done to the best of my skill and ability.

11              I FURTHER CERTIFY that I am in no way related

12  to nor employed by any of the parties hereto nor am I in any

13  way interested in the outcome hereof.

14              DATED at Phoenix, Arizona, this 20th day of

15  November, 2012.

16

17                           _____

18                               NICOLE TATLOW, RPR
                                 Certified Reporter
19                               Certificate No. 50671

20

21

22

23

24

25

# EXHIBIT
# 7

1    Arizona Attorney General Thomas C. Horne
     Office of the Attorney General
2    Michael E. Gottfried, Bar No. 010623
     Assistant Attorney General
3    1275 W. Washington Street
     Phoenix, Arizona 85007-2926
4    Telephone: (602) 542-4951
     Fax: (602) 542-7670
5    Michael.Gottfried@azag.gov

6    Daniel P. Struck, Bar No. 012377
     Kathleen L. Wieneke, Bar No. 011139
7    Rachel Love, Bar No. 019881
     Timothy J. Bojanowski, Bar No. 22126
8    Nicholas D. Acedo, Bar No. 021644
     Courtney R. Cloman, Bar No. 023155
9    Ashlee B. Fletcher, Bar No. 028874
     Anne M. Orcutt, Bar No. 029387
10   STRUCK WIENEKE, & LOVE, P.L.C.
     3100 West Ray Road, Suite 300
11   Chandler, Arizona 85226
     Telephone: (480) 420-1600
12   Fax: (480) 420-1696
     dstruck@swlfirm.com
13   kwieneke@swlfirm.com
     rlove@swlfirm.com
14   tbojanowski@swlfirm.com
     nacedo@swlfirm.com
15   ccloman@swlfirm.com
     afletcher@swlfirm.com
16   aorcutt@swlfirm.com
     *Attorneys for Defendants*

17              **UNITED STATES DISTRICT COURT**

18                  **DISTRICT OF ARIZONA**

19   Victor Parsons; Shawn Jensen; Stephen          NO. 2:12-cv-00601-NVW
     Swartz; Dustin Brislan; Sonia Rodriguez;
20   Christina Verduzco; Jackie Thomas; Jeremy      **PLAINTIFF VICTOR ANTONIO**
     Smith; Robert Gamez; Maryanne Chisholm;        **PARSONS' FIRST SET OF**
21   Desiree Licci; Joseph Hefner; Joshua Polson;   **REQUESTS FOR PRODUCTION**
     and Charlotte Wells, on behalf of themselves   **OF DOCUMENTS TO**
22   and all others similarly situated; and Arizona **DEFENDANTS**
     Center for Disability Law,
23                                                  ***AND DEFENDANT RICHARD***
                                      Plaintiffs,   ***PRATT'S AND DEFENDANT***
24                                                  ***CHARLES RYAN'S FIFTH***
                                                    ***SUPPLEMENTAL JOINT***
25               v.                                 ***RESPONSES THERETO***

26   Charles Ryan, Director, Arizona Department
     of Corrections; and Richard Pratt, Interim
27   Division Director, Division of Health Services,
     Arizona Department of Corrections, in their
28   official capacities,
                                     Defendants.

1     Defendants object to the production of any information that is protected by

2 the attorney-client privilege, settlement privilege, deliberative process privilege, work

3 product doctrine, or any similarly recognized privilege.  Inadvertent production of any

4 information or documents so privileged does not constitute a waiver of such privilege or

5 any other grounds for objecting to the discovery request.

6     Defendants object to the production of any information that is irrelevant

7 and/or immaterial to the claims and issues in this action and/or information that is not

8 reasonably calculated to lead to the discovery of admissible information. Defendants

9 object to the extent that these requests for production seek, in whole or in part, the

10 disclosure of confidential, financial, trade, or proprietary information. Defendants object

11 to any request that seeks confidential or privileged information relating to non-parties to

12 this litigation.

13     Defendants object to the production of metadata because it is unreasonably

14 cumulative, irrelevant, duplicative, contains attorney/client privileged information,

15 security-sensitive information, proprietary information, and is not reasonably accessible

16 because of undue burden and/or cost.  Further, without waiving these objections,

17 Defendants cannot produce metadata without the existence of an agreed upon claw back

18 agreement to remedy inadvertent and inappropriate disclosures.

19     Without waiving these objections, Defendant has insufficient knowledge or

20 information at this point, and will supplement his response to this Request for Production

21 as that information becomes available, and after the implementation of a protective order

22 in this action.

23                              **PRISONERS**

24 **REQUEST FOR PRODUCTION NO. 40**

25     All DOCUMENTS REGARDING DEATH RECORDS.

26 **RESPONSE**

27     Objection: Assumes facts; overbroad in that this request seeks information

28 about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to

timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence; seeks confidential medical information regarding inmates who are not parties to this action without medical releases; calls for the production of security-sensitive information, the disclosure of which could jeopardize facility security.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation.

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney/client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost. Further, without waiving these objections, Defendants cannot produce metadata without the existence of an agreed upon claw back agreement to remedy inadvertent and inappropriate disclosures.

Without waiving these objections, see:

1. Death records of deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC024170-ADC027099.

   Defendants will supplement.

55

2.  **Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC032045-ADC033638.**

3.  **Mortality reviews for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033639-ADC033708.**

4.  **Medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033709-ADC034679.**

**REQUEST FOR PRODUCTION NO. 41**

All DOCUMENTS REGARDING any REVIEWS done of HEALTH CARE for HOSPITALIZED PRISONERS, whether done before or after the hospitalization of any HOSPITALIZED PRISONER.

**RESPONSE**

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object

56

1    Without waiving these objections, Defendants have insufficient knowledge

2    or information at this time, and will supplement their response to this Request for

3    Production as that information becomes available.

4    DATED this 6th day of November, 2012

5

6    Thomas C. Horne
     Attorney General

7

8    Michael E. Gottfried
     Assistant Attorney General
9    1275 W. Washington
     Phoenix, AZ 85007

10   Daniel P. Struck
     Kathleen L. Wieneke
11   Rachel Love
     Timothy J. Bojanowski
12   Nicholas D. Acedo
     Courtney R. Cloman
13   Ashlee B. Fletcher
     Anne Orcutt
14   STRUCK WIENEKE, & LOVE, P.L.C.
     3100 West Ray Road, Suite 300
15   Chandler, Arizona, 85226

16

17   COPIES of the foregoing mailed this
     6th day of November, 2012 to:
18

19   Caroline N. Mitchell
     Jones Day
     555 California Street, 26th Floor
20   San Francisco, CA 94104
     cnmitchell@jonesday.com
21

22   Jennifer Alewelt
     Arizona Center for Disability Law
     6025 E. Washington Street, Suite 202
23   Phoenix, AZ 86034
     jalewelt@azdisabilitylaw.org
24

25   Donald Specter
     Prison Law Office
     1917 5th Street
26   Berkeley, CA 94710
     dspecter@prisonlaw.com
27

28

83

1

COPIES of the foregoing hand-delivered this
6th day of November, 2012 to:

2

3

James Lyall
ACLU – Phoenix
P.O. Box 17148
Phoenix, AZ 85011
jlyall@acluaz.org

4

5

6



By:

7

2927341

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

84

# EXHIBIT

# 8

1 | Arizona Attorney General Thomas C. Horne
   | Office of the Attorney General
2 | Michael E. Gottfried, Bar No. 010623
   | Katherine E. Watanabe, Bar No. 027458
3 | Assistant Attorney General
   | 1275 W. Washington Street
4 | Phoenix, Arizona 85007-2926
   | Telephone: (602) 542-4951
5 | Fax: (602) 542-7670
   | Michael.Gottfried@azag.gov
6 | Katherine.Watanabe@azag.gov

7 | Daniel P. Struck, Bar No. 012377
   | Kathleen L. Wieneke, Bar No. 011139
8 | Rachel Love, Bar No. 019881
   | Timothy J. Bojanowski, Bar No. 22126
9 | Nicholas D. Acedo, Bar No. 021644
   | Courtney R. Cloman, Bar No. 023155
10 | Ashlee B. Fletcher, Bar No. 028874
   | Anne M. Orcutt, Bar No. 029387
11 | STRUCK WIENEKE, & LOVE, P.L.C.
   | 3100 West Ray Road, Suite 300
12 | Chandler, Arizona  85226
   | Telephone:  (480) 420-1600
13 | Fax:  (480) 420-1696
   | dstruck@swlfirm.com
14 | kwieneke@swlfirm.com
   | rlove@swlfirm.com
15 | tbojanowski@swlfirm.com
   | nacedo@swlfirm.com
16 | ccloman@swlfirm.com
   | afletcher@swlfirm.com
17 | aorcutt@swlfirm.com
   | *Attorneys for Defendants*

18 | **UNITED STATES DISTRICT COURT**

19 | **DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons; et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-NVW |
| Plaintiffs, | **PLAINTIFF VICTOR ANTONIO PARSONS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | ***AND DEFENDANT RICHARD PRATT'S AND DEFENDANT CHARLES RYAN'S SIXTH SUPPLEMENTAL JOINT RESPONSES THERETO*** |
| Defendants. | |

not parties to this action without medical releases; calls for the production of security-sensitive information, the disclosure of which could jeopardize facility security.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation.

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney/client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.  Further, without waiving these objections, Defendants cannot produce metadata without the existence of an agreed upon claw back agreement to remedy inadvertent and inappropriate disclosures.

Without waiving these objections, Defendant has insufficient knowledge or information at this point, and will supplement his response to this Request for Production as that information becomes available, and after the implementation of a protective order in this action.

## PRISONERS

**REQUEST FOR PRODUCTION NO. 40**

All DOCUMENTS REGARDING DEATH RECORDS.

**RESPONSE**

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence; seeks confidential medical information regarding inmates who are not parties to this action without medical releases; calls for the production of security-sensitive information, the disclosure of which could jeopardize facility security.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation.

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney/client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.  Further, without waiving these objections, Defendants cannot produce metadata without the existence of an agreed upon claw back agreement to remedy inadvertent and inappropriate disclosures.

Without waiving these objections, see:

1. Death records of deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC024170-ADC027099.

2.   Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC032045-ADC033638.

3.   Mortality reviews for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033639-ADC033708.

4.   Medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033709-ADC034679.

**5.   Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC037377-ADC038751.**

**6.   Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC038752-ADC040549.**

Defendants will supplement.

**REQUEST FOR PRODUCTION NO. 41**

All DOCUMENTS REGARDING any REVIEWS done of HEALTH CARE for HOSPITALIZED PRISONERS, whether done before or after the hospitalization of any HOSPITALIZED PRISONER.

**RESPONSE**

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

56

1    Without waiving these objections, Defendants have insufficient knowledge

2  or information at this time, and will supplement their response to this Request for

3  Production as that information becomes available.

4    DATED this 15th day of November, 2012

5    Thomas C. Horne
     Attorney General

6

7    s/Katherine E. Watanabe
     Katherine E. Watanabe

8    Michael E. Gottfried
     Assistant Attorney General

9    1275 W. Washington
     Phoenix, AZ 85007

10

11   Daniel P. Struck
     Kathleen L. Wieneke
     Rachel Love

12   Timothy J. Bojanowski
     Nicholas D. Acedo

13   Courtney R. Cloman
     Ashlee B. Fletcher

14   Anne Orcutt
     STRUCK WIENEKE, & LOVE, P.L.C.

15   3100 West Ray Road, Suite 300
     Chandler, Arizona, 85226

16

17

18

19

20

21

22

23

24

25

26

27

28

83

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COPIES of the foregoing mailed this
15th day of November, 2012 to:

Caroline N. Mitchell
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104

Jennifer Alewelt
Arizona Center for Disability Law
6025 E. Washington Street, Suite 202
Phoenix, AZ 86034

Donald Specter
Prison Law Office
1917 5th Street
Berkeley, CA 94710

David C. Fathi
ACLU National Prison Project
915 15th Street N.W., 7th Floor
Washington, D.C. 20005

By: s/*K. Watanabe*

84

# EXHIBIT
# 9

1    Arizona Attorney General Thomas C. Horne
     Office of the Attorney General
2    Michael E. Gottfried, Bar No. 010623
     Katherine E. Watanabe, Bar No. 027458
3    Assistant Attorney Generals
     1275 W. Washington Street
4    Phoenix, Arizona 85007-2926
     Telephone: (602) 542-4951
5    Fax:        (602) 542-7670
     Michael.Gottfried@azag.gov
6    Katherine.Watanabe@azag.gov

7    Daniel P. Struck, Bar No. 012377
     Kathleen L. Wieneke, Bar No. 011139
8    Rachel Love, Bar No. 019881
     Timothy J. Bojanowski, Bar No. 22126
9    Nicholas D. Acedo, Bar No. 021644
     Courtney R. Cloman, Bar No. 023155
10   Ashlee B. Fletcher, Bar No. 028874
     Anne M. Orcutt, Bar No. 029387
11   STRUCK WIENEKE & LOVE, P.L.C.
     3100 West Ray Road, Suite 300
12   Chandler, Arizona  85226
     Telephone:  (480) 420-1600
13   Fax:  (480) 420-1696
     dstruck@swlfirm.com
14   kwieneke@swlfirm.com
     rlove@swlfirm.com
15   tbojanowski@swlfirm.com
     nacedo@swlfirm.com
16   ccloman@swlfirm.com
     afletcher@swlfirm.com
17   aorcutt@swlfirm.com

18   *Attorneys for Defendants*

19                  **UNITED STATES DISTRICT COURT**

                          **DISTRICT OF ARIZONA**
20

21   Victor Parsons; *et al.*, on behalf of themselves    NO. CV12-00601-PHX-NVW (MEA)
     and all others similarly situated; and Arizona
22   Center for Disability Law,                            **PLAINTIFF VICTOR ANTONIO
                                                           PARSONS' FIRST SET OF
23                        Plaintiffs,                      REQUESTS FOR PRODUCTION
                                                           OF DOCUMENTS TO
24         v.                                              DEFENDANTS**

25   Charles Ryan, Director, Arizona Department           ***AND DEFENDANTS RICHARD
     of Corrections; and Richard Pratt, Interim           PRATT'S AND CHARLES RYAN'S
26   Division Director, Division of Health Services,       SEVENTH SUPPLEMENTAL
     Arizona Department of Corrections, in their           RESPONSES THERETO***
27   official capacities,

28                        Defendants.

     #2944568

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation. **Until class certification is obtained, the Defendants object to any request that seeks information relating to inmates, other than the fourteen named prisoner-plaintiffs, as overbroad and unduly burdensome. This request is also overbroad and unduly burdensome given the number of inmates in ADC custody.**

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney-client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.

Without waiving these objections, ~~Defendant has insufficient knowledge or information at this point, and will supplement his response to this Request for Production as that information becomes available, and after the implementation of a protective order in this action.~~ **See:**

> 1. **See Health Services TM, Chapter 5, Section 7.1, <u>Missed Appointments</u>.**
>
> 2. **See response to Request 36 above.**

**Defendants will supplement this response as necessary.**

## PRISONERS

**<u>REQUEST FOR PRODUCTION NO. 40</u>**

All DOCUMENTS REGARDING DEATH RECORDS.

**<u>RESPONSE</u>**

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to

timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence; seeks confidential medical information regarding inmates who are not parties to this action without medical releases; calls for the production of security-sensitive information, the disclosure of which could jeopardize facility security.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation.

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney-client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.

Without waiving these objections, see:

1.    Death records of deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC024170-ADC027099.

2.    Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC032045-ADC033638.

3.    Mortality reviews for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033639-ADC033708.

4.    Medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033709-ADC034679.

5.      Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC037377-ADC038751.

6.      Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC038752-ADC040549.

7.      **Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC040693-ADC047095.**

8.      **See previously produced Health Services TM, Chapter 7, Sections 7.2, Inmate Mortality, and 7.3, HR Transfer – Deceased.**

9.      **See forms 1105-01, 1105-03, provided in response to RFP No. 1, above.**

**Defendants will seasonably supplement this response as necessary.**

## REQUEST FOR PRODUCTION NO. 41

All DOCUMENTS REGARDING any REVIEWS done of HEALTH CARE for HOSPITALIZED PRISONERS, whether done before or after the hospitalization of any HOSPITALIZED PRISONER.

## RESPONSE

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the

DATED this 11th day of December, 2012

Thomas C. Horne
Attorney General

s/*Katherine E. Watanabe*
Katherine E. Watanabe
Michael E. Gottfried
Assistant Attorney Generals

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne Orcutt
STRUCK WIENEKE & LOVE, P.L.C.

COPIES of the foregoing mailed
this 11th day of December, 2012 to:

Laurens Wilkes
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002-2712

Jennifer Alewelt
ARIZONA CENTER FOR DISABILITY LAW
6025 E. Washington Street, Suite 202
Phoenix, AZ 85034

Kirstin Eidenbach
Perkins Coie
2901 N. Central Ave., Suite 2000
Phoenix, AZ 85012-2788

By:      /s/*Katherine Watanabe*

# EXHIBIT

# 10

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Katherine E. Watanabe, Bar No. 027458
3   Lucy M. Rand, Bar No. 026919
    Ashley B. Zuerlein, Bar No. 029541
4   Assistant Attorneys General
    1275 W. Washington Street
5   Phoenix, Arizona 85007-2926
    Telephone: (602) 542-7695
6   Fax: (602) 542-7670
    Michael.Gottfried@azag.gov
7   Katherine.Watanabe@azag.gov
    Lucy.Rand@azag.gov
8   Ashley.Zuerlein@azag.gov

9   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
10  Rachel Love, Bar No. 019881
    Timothy J. Bojanowski, Bar No. 22126
11  Nicholas D. Acedo, Bar No. 021644
    Courtney R. Cloman, Bar No. 023155
12  Ashlee B. Fletcher, Bar No. 028874
    Anne M. Orcutt, Bar No. 029387
13  STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
14  Chandler, Arizona  85226
    Telephone:  (480) 420-1600
15  Fax:  (480) 420-1696
    dstruck@swlfirm.com
16  kwieneke@swlfirm.com
    rlove@swlfirm.com
17  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
18  ccloman@swlfirm.com
    afletcher@swlfirm.com
19  aorcutt@swlfirm.com

20  *Attorneys for Defendants*

21                  **UNITED STATES DISTRICT COURT**

                        **DISTRICT OF ARIZONA**
22

23  Victor Parsons; *et al.*, on behalf of themselves    NO. CV12-00601-PHX-NVW (MEA)
    and all others similarly situated; and Arizona
24  Center for Disability Law,                           **PLAINTIFF VICTOR ANTONIO
                                                         PARSONS' FIRST SET OF
25                              Plaintiffs,              REQUESTS FOR PRODUCTION
                                                         OF DOCUMENTS TO
26                    v.                                 DEFENDANTS
                                                         AND DEFENDANTS RICHARD
27  Charles Ryan and Richard Pratt, in their             PRATT'S AND CHARLES RYAN'S
    official capacities,                                 *EIGHTH* SUPPLEMENTAL
28                                                       RESPONSES THERETO**
                               Defendants.

#2944568

or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation. Until class certification is obtained, the Defendants object to any request that seeks information relating to inmates, other than the fourteen named prisoner-plaintiffs, as overbroad and unduly burdensome. This request is also overbroad and unduly burdensome given the number of inmates in ADC custody.

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney-client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.

Without waiving these objections, ~~Defendant has insufficient knowledge or information at this point, and will supplement his response to this Request for Production as that information becomes available, and after the implementation of a protective order in this action.~~ **See:**

1.    See Health Services TM, Chapter 5, Section 7.1, <u>Missed Appointments</u>.

2.    See response to Request 36 above.

Defendants will supplement this response as necessary.

### PRISONERS

### <u>REQUEST FOR PRODUCTION NO. 40</u>

All DOCUMENTS REGARDING DEATH RECORDS.

**RESPONSE**

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence; seeks confidential medical information regarding inmates who are not parties to this action without medical releases; calls for the production of security-sensitive information, the disclosure of which could jeopardize facility security.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation.

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney-client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.

Without waiving these objections, see:

1.   Death records of deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC024170-ADC027099.

2.   Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC032045-ADC033638.

3.   Mortality reviews for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033639-ADC033708.

4.   Medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033709-ADC034679.

5.   Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC037377-ADC038751.

6.   Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC038752-ADC040549.

7.   Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC040693-ADC047095.

8.   See previously produced Health Services TM, Chapter 7, Sections 7.2, <u>Inmate Mortality</u>, and <u>7.3, HR Transfer – Deceased</u>.

9.   See forms 1105-01, 1105-03, provided in response to RFP No. 1, above.

10.   ***Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC053359-ADC053861.***

Defendants will seasonably supplement this response as necessary.

## REQUEST FOR PRODUCTION NO. 41

All DOCUMENTS REGARDING any REVIEWS done of HEALTH CARE for HOSPITALIZED PRISONERS, whether done before or after the hospitalization of any HOSPITALIZED PRISONER.

## RESPONSE

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product

1    Without waiving these objections, ~~Defendants have insufficient knowledge or~~
2    ~~information at this time, and will supplement their response to this Request for Production~~
3    ~~as that information becomes available.~~ the Defendants do not intend to produce any
4    documents in response to this request at this time, as it would involve the creation of
5    documents and the Defendants feel it is excessive given that all emails collected pursuant
6    to the Plaintiff's search terms have already been collected and are being reviewed for
7    production.   Furthermore, the emails being produced are not being retrieved from the
8    custodians' email accounts, but from ADC's email retention system.

9    DATED this 11th day of December, 2012

10                                        Thomas C. Horne
                                          Attorney General
11
                                          s/*Katherine E. Watanabe*
12                                        Katherine E. Watanabe
                                          Michael E. Gottfried
13                                        Lucy M. Rand
                                          Ashley B. Zuerlein
14                                        Assistant Attorney Generals

15                                        Daniel P. Struck
                                          Kathleen L. Wieneke
16                                        Rachel Love
                                          Timothy J. Bojanowski
17                                        Nicholas D. Acedo
                                          Courtney R. Cloman
18                                        Ashlee B. Fletcher
                                          Anne Orcutt
19                                        STRUCK WIENEKE & LOVE, P.L.C.

20

21

22

23

24

25

26

27

28

#2968981                          93

1

COPIES of the foregoing mailed
this 21st day of December, 2012 to:

2

3

Laurens Wilkes
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002-2712

4

5

Jennifer Alewelt
ARIZONA CENTER FOR DISABILITY LAW
6025 E. Washington Street, Suite 202
Phoenix, AZ 85034

6

7

Kirstin Eidenbach
Perkins Coie
2901 N. Central Ave., Suite 2000
Phoenix, AZ 85012-2788

8

9

10

By:      /s/ *Katherine Watanabe*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#2968981

94

# EXHIBIT 11



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Megan Hagler
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

**VIA EMAIL ONLY**

February 7, 2013

Ms. Ashley Zuerlein
Assistant Attorney General
Office of the Attorney General
1275 W. Washington St.
Phoenix, AZ 85007-2926
Ashley.Zuerlein@azag.gov

> RE:   *Parsons v. Ryan*, 12-00601
>         Production of Death Records

Dear Ashley,

I write regarding Defendants' incomplete production of death records, specifically medical files of deceased prisoners, responsive to Plaintiff Parsons' First Set of Requests for Production of Documents, propounded on June 15, 2012. Request No. 40 requested "all documents regarding death records." During an August 30, 2012 meet-and-confer with defense counsel, we clarified that "death records" meant health care files, internal affairs investigations, and mortality reviews by health care staff. Also pursuant to Counsel for Defendants' request, we prioritized which files we wanted produced first and provided a list of 37 specific prisoners who had died since January 1, 2011 to be the initial "first wave production" of death records. (See letter of Aug. 31, 2012, attached). Six weeks later, we sent Defendants a list of 24 names of additional prisoners who had died since July 1, 2012 that we wanted Defendants to prioritize for production as part of the first wave of production. (See letter of Oct. 16, 2012, attached).

It was clear in discussions with counsel and our correspondence that we sought the "*complete* death records and medical files." (Oct. 16, 2012 letter, emphasis added). However, Defendants have produced only the documents in prisoners' medical files that were dated after January 1, 2011, according to the sworn declarations of ADC medical records staff that accompany each produced file. In some cases, especially for the prisoners who died in 2011, Defendants produced only one or two pages of documents from their medical files. Furthermore, Defendants have failed to produce the medical files, internal affairs investigations, or mortality reviews for the prisoners we prioritized. It should be noted that prioritizing the individuals whose records we wanted produced first did not waive our request for the complete death files for all prisoners who had died since January 1, 2011.

We ask that Defendants supplement their incomplete production of medical files by providing the *complete* medical files for the prisoners we prioritized who have died since January 1, 2011. We also ask that Defendants provide us with the investigative reports and

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

mortality reviews for those individuals, as we only have received some of them (see cells marked as "Yes" in the chart below).  For your convenience, I include a chart listing the 61 specific prisoners' names, and Bates ranges for the medical files provided to date.

| Name | ADC # | Date Requested | Medical File Bates Range | Mortality Review | Death Investigation |
|---|---|---|---|---|---|
| Adams, James | 131965 | 8/31/12 | | | |
| Alvarez, Augustine | 85367 | 10/16/12 | | | |
| Arguello, Dixie | 269814 | 10/16/12 | 41302-41459 | | |
| Balon, Louis | 11078 | 8/31/12 | | | |
| Bandstra, David | 68441 | 8/31/12 | | | |
| Brown, Anthony | 77701 | 10/16/12 | 42032-42349 | | |
| Brown, Frank | 149637 | 10/16/12 | 42350-42355 | | |
| Bybee, Eric | 171555 | 8/31/12 | | | |
| Cabonias, Jesse | 231666 | 8/31/12 | 33709-33766 | | Yes |
| Cherry, Lasasha | 24426 | 8/31/12 | | | |
| Corrales-Palomares, Juan | 258041 | 8/31/12 | | | |
| Cota, Jesus | 151319 | 8/31/12 | | | |
| Cunningham, Duron | 245305 | 8/31/12 | | | |
| Day, Forrest | 258301 | 8/31/12 | 42607-42648 | Yes | Yes |
| Delgado, Sotero | 273820 | 10/16/12 | | | |
| Dickson, Velma | 33766 | 8/31/12 | | | Yes |
| Dix, Ferdinand | 20547 | 8/31/12 | | | Yes |
| Edwards, Mark | 261680 | 8/31/12 | | | |
| Farmer, Alfonso | 219587 | 8/31/12 | 37686-37994 | Yes | Yes |
| Fernandez, Geshell | 196933 | 8/31/12 | | | |
| Galloway, James | 233906 | 8/31/12 | | | |
| Garcia-Morfin, Jose | 233520 | 10/16/12 | 42823-43199 | | |
| Gordon, James | 140687 | 10/16/12 | 43269-43295 | | |
| Hannaford, Rock | 261578 | 10/16/12 | | | |
| Hunt, David | 109305 | 8/31/12 | 38218-38279 | Yes | Yes |
| Johnson, Nelson | 143345 | 10/16/12 | 43750-43881 | | |
| Johnson, Richard | 52572 | 10/16/12 | | | |
| Johnson, Richard | 232783 | 10/16/12 | | | |
| Large, Gregg | 247449 | 10/16/12 | 43972-44181 | | |
| Lester, Anthony | 253529 | 8/31/12 | | | |
| Lopez, Susan | 184221 | 8/31/12 | 43296-43308 | Yes | Yes |
| Lucas, Kenneth | 137555 | 8/31/12 | 34363-34429 | | Yes |
| Makal, James | 27216 | 10/16/12 | | | |
| Martinez, Nicholas | 171587 | 10/16/12 | 44182-44455 | | |
| McCoy, Jerry | 108159 | 8/31/12 | | | |

Ms. Ashley Zuerlein
*Parsons v. Ryan*
February 7, 2013
Page 3

| Name | ADC # | Date Requested | Medical File Bates Range | Mortality Review | Death Investigation |
|------|-------|----------------|--------------------------|------------------|---------------------|
| Medina, Robert | 121433 | 8/31/12 | | | |
| Moreno, David | 72673 | 8/31/12 | 38435-38436 | | Yes |
| Moss, Robert | 102474 | 10/16/12 | 44456-44840 | | |
| Mulhern, Robert | 235987 | 8/31/12 | | | |
| Olea, Anthony | 153946 | 8/31/12 | 44995-45043 | | Yes |
| Olivas, Richard | 128627 | 10/16/12 | 45044-45537 | | |
| Pellicier, Michael | 241648 | 8/31/12 | 34439-34461 | | |
| Phothong, Karot | 98842 | 8/31/12 | | | Yes |
| Porter, Daniel | 61424 | 8/31/12 | | | |
| Rhodes, Alvin | 264597 | 8/31/12 | 34462-34615 | | Yes |
| Richie, Ronald | 109391 | 8/31/12 | | | |
| Robertson, Darrell | 258053 | 10/16/12 | 45538-45578 | | |
| Rodriguez-Bojorquez, Rosario | 256497 | 8/31/12 | | | |
| Ross, Patrick | 168595 | 8/31/12 | | | |
| Salazar, Daniel | 129065 | 10/16/12 | 45579-46408 | | |
| Sanders, Carroll | 196447 | 10/16/12 | | | |
| Smith, Ronald | 92788 | 10/16/12 | 46443-46777 | | |
| Soffell, Kenneth | 246697 | 8/31/12 | | | |
| Tashquinth, Lawrence | 229672 | 10/16/12 | 46918-46946 | | |
| Tovar, Michael | 241095 | 8/31/12 | 38704-380706 | Yes | Yes |
| Truitt, Thomas | 47727 | 10/16/12 | | | |
| Washington, T. Ray | 240344 | 8/31/12 | | | |
| Wisto, Donald | 110526 | 10/16/12 | 46947-47095 | | |
| Wojcik, Richard | 232593 | 10/16/12 | | | |
| Zimmerman, John | 66146 | 8/31/12 | | | Yes |

Additionally, Defendants produced incomplete medical files for the following prisoners who were not prioritized.  These productions must be supplemented as well, pursuant to Defendants' obligation to timely provide us with the complete death files for all prisoners who have died since January 1, 2011.

Alvarez, Augustine
Baeza, Edward
Bochert, Byron
Bredemann, George
Charo, Robert
Collins, James
Delgado, Sotero

Ms. Ashley Zuerlein
*Parsons v. Ryan*
February 7, 2013
Page 4

Due, Walden
Garcia, Bennie
Garrett, Elbert
Ginan, Robbert
Hamlin, Phillip
Letaret, John
Muster, Otto
Saenz, Albert
Sexton, William
Spain, Terry
Todd, Brenda
Wheatley, Casey

Please let Counsel for Plaintiffs know by close of business Tuesday, February 12, 2013, how much time you estimate it will take to produce complete medical files for the prioritized prisoners, as well as the other responsive documents including but not limited to the internal investigations and mortality reviews.  Thank you for your cooperation on this matter.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick, Staff Attorney

cc:  Counsel of record

# EXHIBIT 12



To:
Cc:
Bcc:
Subject:    02.11.2013 Lt to Kendrick Re: Medical Records

**From:** Zuerlein, Ashley [mailto:Ashley.Zuerlein@azag.gov]
**Sent:** Monday, February 11, 2013 11:42 AM
**To:** 'Corene Kendrick'
**Cc:** OQuinn, Susan; Don Specter; David Fathi; Caroline Mitchell; James Lyall; Kirstin Eidenbach; Gottfried, Michael; Watanabe, Katherine; Rand, Lucy; dstruck@swlfirm.com; kwieneke@swlfirm.com; tbojanowski@swlfirm.com; rlove@swlfirm.com; nacedo@swlfirm.com; ccloman@swlfirm.com; afletcher@swlfirm.com; aorcutt@swlfirm.com; jalewelt@azdisabilitylaw.org; avarma@azdisabilitylaw.org; skader@azdisabilitylaw.org
**Subject:** 02.11.2013 Lt to Kendrick Re: Medical Records

Please see attached.

Ashley Zuerlein
Assistant Attorney General
Office of the Attorney General
Liability Management Section
1275 W. Washington
Phoenix, Arizona 85007
Direct: (602) 542-7620
Fax: (602) 542-7670
Ashley.Zuerlein@azag.gov

The information contained in this e-mail is privileged and confidential, intended only for the use of specific individuals and/or entities to which it is addressed.  If you are not one of the intended recipients, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you receive this communication in error, please immediately notify the sender by return e-mail.  Thank you.



LT to Kendrick 02112013.pdf



| Tom Horne<br>Attorney General | Office of the Attorney General<br>State of Arizona<br>LIABILITY MANAGEMENT SECTION | Ashley B. Zuerlein<br>Assistant Attorney General<br>(602) 542-7620<br>Ashley.Zuerlein@azag.gov |
|---|---|---|

February 11, 2013

Corene Kendrick
Prison Law Office
1917 Fifth Street
Berkeley, CA 94710
ckendrick@prisonlaw.com

     Re:   *Parsons, et al. v. Ryan, et al.*
              USDC CV 12-00601-PHX-NVW (MEA)

Dear Counsel:

    This letter is to follow-up on your February 7, 2013 correspondence regarding medical and "death records."

    Currently, Defendants are in the process of preparing approximately 70 additional internal investigations for production to Plaintiffs.  We anticipate producing these documents later this week.  They include investigations of the following inmates you have identified as a priority:

        Cabonias, Jesse
        Corrales-Palomares, Juan
        Day, Forest
        Edwards, Mark
        Farmer, Alfonso
        Garcia-Morfin, Jose
        Hannaford, Rock
        Hunt, David
        Large, Gregg
        Lopez, Susan
        Lucas, Kenneth
        McCoy, Jerry
        Olea, Anthony
        Pellicier, Michael
        Phothong, Karot

*Parsons, et al. v. Ryan, et al.*
February 11, 2013
Page 2 of 3

       Porter, Daniel
       Salazar, Daniel
       Tashquinth, Lawrence
       Tovar, Michael
       Truitt, Thomas
       Washington, T. Ray
       Wojcik, Richard

They also include the following inmates you have not prioritized:

       Baeza, Edward
       Bredemann, George
       Hamlin, Phillip
       Sexton, William
       Todd, Brenda
       Wheatley, Casey

Unfortunately, ADC generally maintains internal investigations in paper format. Thus, the production of these documents require that Defendants locate, scan, review and redact each individual investigation. This process can be time consuming, particularly when combined with Plaintiffs' other numerous document requests, which require review of several thousand documents. I am unable to identify exactly when any additional documents will be produced.

With regard to your request for medical records, the internal investigations generally include the medical records relevant to the inmates' death. Defendants have, however, stipulated to the production of medical records. We have been under the impression that the Plaintiffs' default timeframe of January 1, 2011, to date, was applicable. Defendants object to the production of a "complete" medical record for each of the identified inmates as it is irrelevant, over broad and unduly burdensome. Some inmates have decades of medical records that can include hundreds of pages. The request for all records is excessive and extremely costly to ADC and Wexford. To date, the copying costs of the medical records produced in response to this request alone exceed $6,000.00. In the interest of resolving this dispute, Defendants will agree to produce medical records one year prior to the date of death. Should Plaintiffs believe that additional medical records are necessary, Defendants will address the issue on a case-by-case basis.

We are doing our best to produce responsive documents as soon as possible. However, Plaintiffs' have submitted extensive and often duplicative document requests, which are clearly over broad. In doing so, both parties are dealing with an excessive amount of documentation, that is unnecessary and would be confusing to the court and any jury. We again ask that the Plaintiff's attempt to limit their requests to a random sampling as

*Parsons, et al. v. Ryan, et al.*
February 11, 2013
Page 3 of 3

necessary for their experts.  We will not be producing medical and institutional records for every ADC inmate, because it is an undue burden upon the parties and the court.

Sincerely,

Ashley B. Zuerlein
Assistant Attorney General

CC:    All Counsel of Record

#3054214

# EXHIBIT 13

Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Ashley B. Zuerlein, Bar No. 029541
Katherine E. Watanabe, Bar No. 027458
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-1610
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov
Ashley.Zuerlein@azag.gov
Katherine.Watanabe@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons; *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan and Richard Pratt, in their official capacities,<br><br>Defendants. | NO. CV12-0601-PHX-NVW (MEA)<br><br>**DEFENDANTS' *FIFTEENTH* SUPPLEMENTAL RESPONSE TO PLAINTIFF VICTOR PARSONS' *FIRST* SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

#3226386

**PRISONERS**

**REQUEST FOR PRODUCTION NO. 40**

All documents regarding DEATH RECORDS.

**RESPONSE**

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence; seeks confidential medical information regarding inmates who are not parties to this action without medical releases; calls for the production of security-sensitive information, the disclosure of which could jeopardize facility security.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information.  Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information.  Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation.

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney-client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.

Defendants object as vague and ambiguous.

Without waiving these objections, see:

1.   Death records of deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC024170-ADC027099.

2.   Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC032045-ADC033638.

3.   Mortality reviews for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033639-ADC033708.

4.   Medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033709-ADC034679.

5.   Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC037377-ADC038751.

6.   Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC038752-ADC040549**.**

7.   Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC040693-ADC047095.

8.   See previously produced Health Services TM, Chapter 7, Sections 7.2, Inmate Mortality, and 7.3, HR Transfer – Deceased.

9.   See forms 1105-01, 1105-03, produced in response to RFP No. 1, above.

10.   Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC053359-ADC053861.

11.   Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC061103-ADC067193.

12.   Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC071951-ADC073107.

13.   ***Death investigations for deceased inmate(s) from January 1, 2011 to present, attached hereto as Bates Numbers ADC0084985-086640.***

14.   ***Mortality Review for deceased inmate(s) from January 1, 2011 to present, attached hereto as Bates Numbers ADC086641-086645.***

15.    ***Medical records for deceased inmates from January 1, 2011 to present,***
***attached hereto as Bates Numbers ADC086646-088623.***

Defendants will supplement this response as necessary.

## REQUEST FOR PRODUCTION NO. 41

All documents regarding any REVIEWS done of HEALTH CARE for HOSPITALIZED PRISONERS, whether done BEFORE OR AFTER the HOSPITALIZATION of any hospitalized prisoner.

## RESPONSE

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation. Until class certification is obtained, the Defendants object to any request that seeks information relating to inmates, other than the fourteen named prisoner-plaintiffs, as overbroad and unduly burdensome. This request is also overbroad and unduly burdensome given the number of inmates in ADC custody.

DATED this 1st day of May, 2013

Thomas C. Horne
ATTORNEY GENERAL

s/Lucy M. Rand
Lucy M. Rand
Michael E. Gottfried
Ashley B. Zuerlein
Katherine E. Watanabe
*Assistant Attorneys General*

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne Orcutt
STRUCK WIENEKE & LOVE, P.L.C

*Attorneys for Defendants*

A COPY of the foregoing was
mailed with attachments this
1st day of May, 2013 to:

John Laurens Wilkes, Esq.
**JONES DAY**
717 Texas Street, Suite 3300
Houston, TX 77002
*Attorneys for Plaintiffs*

Jennifer A. Alewelt, Esq.
**ARIZONA CENTER FOR DISABILITY LAW**
5025 E. Washington Street, Suite 202
Phoenix, AZ 85034
*Attorneys for Plaintiffs*

Kirstin T. Eidenbach, Esq.
**PERKINS COIE LLP**
2901 N. Central Ave., Suite 2000
Phoenix, AZ 85012
*Attorneys for Plaintiffs*

A COPY of the foregoing was
e-mailed (without attachments)
this 1st day of May, 2013, to:

Donald Specter:                      dspecter@prisonlaw.com
Alison Hardy:                        ahardy@prisonlaw.com
Sara Norman:                         snorman@prisonlaw.com
Corene T. Kendrick:                  ckendrick@prisonlaw.com
**PRISON LAW OFFICE**
*Attorneys for Plaintiffs*

Daniel Joseph Pochoda:               dpochoda@acluaz.org
Kelly Joyce Flood:                   kflood@acluaz.org
James Duff Lyall:                    jlyall@acluaz.org
**ACLU**
*Attorneys for Plaintiffs*

David Cyrus Fathi:                   dfathi@npp-aclu.org
Amy Fettig:                          afettig@npp-aclu.org
**ACLU NATIONAL PRISON PROJECT**
*Attorneys for Plaintiffs*

Daniel Clayton Barr:                 DBarr@perkinscoie.com
Jill Louise Ripke:                   jripke@perkinscoie.com
James Anthony Ahlers:                jahlers@perkinscoie.com
Kirstin T. Eidenbach:                keidenbach@perkinscoie.com
John Howard Gray:                    jhgray@perkinscoie.com
Matthew Benjamin de Mée:             mdumee@perkinscoie.com
Amelia Morrow Gerlicher:             agerlicher@perkinscoie.com
**PERKINS COIE, LLP**
*Attorneys for Plaintiffs*

Caroline N. Mitchell:                cnmitchell@jonesday.com
David C. Kiernan:                    dkiernan@jonesday.com
Sophia Calderón:                     scalderon@jonesday.com
Sarah Rauh:                          srauh@jonesday.com
R. Scott Medsker:                    rsmedsker@jonesday.com
John Laurens Wilkes:                 jlwilkes@jonesday.com
Kamilla Mamedova:                    kmamedova@jonesday.com
Jennifer K Messina:                  jkmessina@jonesday.com
**JONES DAY**
*Attorneys for Plaintiffs*

Jennifer Ann Alewelt:                jalewelt@azdisabilitylaw.org
Asim Varma:                          avarma@azdisabilitylaw.org
Sarah Eve Kader:                     skader@azdisabilitylaw.org
**ACDL**
*Attorneys for Plaintiffs*

By: s/  Lucy M. Rand
        Lucy M. Rand

# EXHIBIT 14



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

**VIA EMAIL ONLY**

July 11, 2013

Ms. Ashlee Fletcher, Esq.
Struck, Wieneke & Love
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
afletcher@swlfirm.com

      RE:   *Parsons v. Ryan*
            Expert tours of Dr. Bobby Cohen, July 15-18, 2013
            ASPC-Lewis and ASPC-Eyman

Dear Ms. Fletcher and Counsel,

    I write regarding Dr. Cohen's expert tours next week. He and I will be touring the Lewis and Perryville prisons July 15-16 and July 17-18, respectively. Both tours will last from 8:00 am to 5 p.m. We will report to the administrative/warden's office each morning. Don Specter's June 19, 2013 letter offered an overview of what Dr. Cohen hopes to do on his tours, below more specific detail is outlined below as to how he plans to spend each day.

    On the first day at both complexes, Dr. Cohen would like to begin by speaking with the Facility Health Administrator or Medical Director to get an overview of the complex and its various clinical/medical areas. He would like to tour the medical clinic spaces on each unit, the central medical unit, and the pharmacy. He will want to speak to designated clinical staff and someone from the pharmacy. We have previously agreed that a designee from each category of health care staff be available to answer questions. *See* April 15, 2013 letter from David Fathi (setting forth categories); July 2, 2013 letter from Ashlee Fletcher ("Defendants will designate individuals pursuant to the categories provided in David Fathi's April 15, 2013 letter").

    On the first day, while touring, he also wants to have a brief confidential meeting with the named plaintiffs who are housed at the prison. It is acceptable to have these meetings in a confidential room at the plaintiffs' living units, as he wants to see each named plaintiffs' housing unit as well. These interviews with our clients will take no more than ten minutes each.

    According to our records and a review of the ADC website, there are three named plaintiffs currently housed at ASPC-Lewis, who he will want to visit and speak to on July 15:

- Joseph Hefner, #203653, Lewis-Eagle Point
- Joshua Polson # 187716, Lewis-Rast
- Stephen Swartz, #102486, Lewis-Rast

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Ms. Ashlee Fletcher
July 11, 2013
Page 2

        According to our records and a review of the ADC website, there are four named plaintiffs
currently housed at ASPC-Eyman, who he will want to visit and speak to on July 17:
- Dustin Brislan, # 164993, Eyman-SMU I
- Robert Gamez, # 131401, Eyman-Browning
- Jeremy Smith # 129438, Eyman-SMU I
- Jackie Thomas, # 211267, Eyman-SMU I

        After his walking tour on the first day at each prison, Dr. Cohen would like to review the
medical charts of the named plaintiffs, prisoners who have died in the past 12 months, and the charts
of the prisoners listed below.  He asks that all charts be available for him on the first day of the tour.
Based upon the things found in the record review, he *may* want to speak to 5 or 10 prisoners on the
second day.  He would pick those prisoners – if any – on the first day of the tour based upon initial
chart review, and give those names to staff.

        He will spend the majority of the second day of his tours reviewing files, and may have
follow up questions regarding individual cases for the medical director, nursing director, or
pharmacy director, depending upon what he finds in the prisoners' files.

Lewis Medical Charts to Review July 15-16
Named Plaintiffs
        Hefner, Joseph, #203653
        Polson, Joshua, # 187716
        Swartz, Stephen, #102486

Prisoners Who Have Died in the Past 12 Months
        Allie, John, # 42977
        Anani, Gerald, # 269346
        Atkins, Michael, # 263379
        Brown, Anthony, # 77701
        Guevara, Rafael, # 254097
        Hunt, David, # 109305
        Jones, John, # 54741
        Makal, James, # 27216
        Moulton, Shane, # 112871
        Ruelas, John, # 59693
        Sanchez, Jesus, # 92083
        Sanders, Carroll, # 196447
        Wisto, Donald, # 110526

Class Members
        Arellano, Juan, #261955
        Balderas, Martin, #229508
        Bazzle, Slayton , #262524
        Beck, Fernando , #185354

2

Ms. Ashlee Fletcher
July 11, 2013
Page 3

Brame, Kenneth, #265623
Brown, Robert, #132632
Cardenas, Rafael, #38774
Carrizoza, Nathaniel , #266511
Catha, Jason, #162468
Cazares, Juan, #278581
Chovanec, William , #112558
Clements, Rodney, #156175
Conner, Thomas, #272729
Cornejo, Frank, #210475
Diaz, Brandon, #277539
Dick, Ethan, #252650
Drew, Tommy, #48508
Duarte, Russell, #47604
Ellsworth, Christopher, #206210
Espinoza, Jorge, #271455
Fisher, James, #39189
Fox, Chris, #252596
Gainey, Richard, #130774
Giles, Stephen, #64426
Greene, Robert, #99629
Gross, Keith, #221879
Guy, James, #201358
Hendrix, Aaron, #69143
Hiles, Bart, #145202
Hunt, James, #135376
Isaacs, Mike, #149714
Kelly, John, #55623
Ketcherside, Steven , #41901
Kletschka, Garrett, #169170
Laprada, Gildardo, #76778
McGill, Robert , #52841
McLaughlin, Sean, #92767
Melton, Mehl, #39829
Miles, Lawrence, #46628
Minks, Gene, #93860
Nissely, Patrick, #277002
O'Connor, Dennis, #200033
Ortega, Greg, #125033
Pamias, Eric, #171277
Parsons, Allen, #211737
Perez, Raul, #116316
Poeppe, Kirk, #255681
Quihuis, Robert, #188693
Sampson, Erik, #166989

Silversmith, Keith , #257401
Stone, Spencer, #227146
Valencia, Raymond, #66833
Watson, Charles, #51655
Webb, Nathaniel, #269559
Windom, Anthony, #126561

Eyman Medical Charts to Review July 17-18
Named Plaintiffs
Brislan, Dustin, # 164993
Gamez, Robert, # 131401
Smith, Jeremy # 129438
Thomas, Jackie, # 211267

Prisoners Who Have Died in the Past 12 Months
Anthony, David, #184113
Ben, Timothy, #186585
Billings, Henry, #218617
Broadhead, Scott, #35145
Cornejo, Jesse, #246859
Glassel, Richard, #172967
Gordon, James, #140687
Hausner, Dale, #240702
Henderson, Paul, #247636
Johnson, Richard, #232783
Salazar, Daniel, #129065
Stanley, Milo, #64794
Tamayo, Joaquin, #106163

Class Members
Anderson, Ira, #62997
Arce, Ray, #151480
Ashby, Richard, #117661
Avalos, Martin, #113171
Becker, Harold, #82114
Bedoy, Anthony, #154032
Bryan, Gene, #84522
Celaya, Javier, #238704
Chapman, Michael, #100676
Cicci, Ted, #75006
Cipriano, David, #205397
Clark, Roger, #216517
Cooper, Martin, #40420
Cosentino, George, #167080
Cromwell, Robert, #174456

Ms. Ashlee Fletcher
July 11, 2013
Page 5

Cruz, Adrian, #251483
Curry, Timothy, #40574
Dameron, Franklin, #221801
Dawson, Lawrence, #65408
Ferrero, Patrick, #252112
Ficklin, Andrew, #257154
Fimbrez, Ronald, #64722
Gallego, Raymundo, #239067
Goodwin, Linden, #191287
Gullick, Dewey, #166858
Hackman, Daniel, #136624
Hartman, Johann, #252215
Hill, Alvin, #113172
Kelly, Richard, #54855
Lago, Charles, #43498
Lockwood, Daniel, #57874
Lopez, George, #79354
Lopez, Paul, #799774
Lopez, Rudy, #166763
Massey, Craig, #255107
May, Theodore, #228791
Mayhew, Jimmy, #179804
Morgan, Frank, #66223
Munoz, Thomas, #152911
Murdaugh, Michael, #162753
Neenan, Thomas, #173951
Phillips, Ryan, #83646
Powell, Robert, #50575
Racer, Frank, #108121
Ramirez, Angel, #147145
Ramos, Gilbert, #101435
Ramos, Juan, #87193
Rawson, Allen, #22411
Reed, Paul, #105218
Rico, Robert, #192272
Robinson, Robert, #142749
Rooks, Mark, #214472
Roop, Charles, #178255
Roseberry, Homer, #178096
Russell, Brady, #264857
Salinas, David, #78950
Sansing, John, #146991
Scanlon, John, #79984
Schultz, Kevin, #212727
Self, Seth, #205804

Ms. Ashlee Fletcher
July 11, 2013
Page 6

Stein, Harry, #246181
Tranter, Mark, #67216
Trisky, Woody, #165447
Underwood, Gary, #232920
Vickers, Kenneth, #119566
Ward, Billy Ray, #207397
Woofter, Joseph, #67676
Worley, Glenn, #257008

Please let us know immediately if you object to any aspect of the inspections outlined above.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick

cc:     Counsel of Record
        Dr. Cohen



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

VIA EMAIL ONLY

July 20, 2013

Ms. Ashlee Fletcher, Esq.
Struck, Wieneke & Love
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
afletcher@swlfirm.com

RE:     *Parsons v. Ryan*
        Expert tours of Dr. Todd Wilcox, July 29-Aug. 2, 2013
        ASPC-Phoenix, ASPC-Perryville, ASPC-Yuma

Dear Ms. Fletcher and Counsel,

I write regarding Dr. Wilcox's upcoming expert tours. He and attorney Sara Norman will be touring the Phoenix, Perryville, and Yuma prisons July 29, July 30-31, and Aug. 1-2, respectively. All tours will last from 8:00 am to 5 p.m. Ms. Norman and Dr. Wilcox will report to the administrative/ warden's office each morning. Don Specter's June 19, 2013 letter offered an overview of what the medical experts planned to do on his tours, below more specific detail is outlined below as to how he plans to spend each day. These tours will follow a similar structure as those of Dr. Cohen at Lewis and Eyman prisons last week, except at Phoenix it will be compressed into one day.

Dr. Wilcox would like to begin by speaking with the Facility Health Administrator or Medical Director to get an overview of the complex and its various clinical/medical areas. He would like to tour the medical clinic spaces on each unit, the central medical unit and infirmary, and the pharmacy. He will want to speak to designated clinical staff and someone from the pharmacy. We have previously agreed that a designee from each category of health care staff be available to answer questions. *See* April 15, 2013 letter from David Fathi (setting forth categories); July 2, 2013 letter from Ashlee Fletcher ("Defendants will designate individuals pursuant to the categories provided in David Fathi's April 15, 2013 letter").

Dr. Wilcox will also want to see housing units while touring all prison facilities, and be able to speak confidentially cell-front to random prisoners. He also wants to have a brief confidential meeting with any named plaintiffs. It is acceptable to have these meetings in a confidential room at the plaintiffs' living units, as he wants to see each named plaintiffs' housing unit as well. These interviews with our clients will take no more than ten minutes each.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Ms. Ashlee Fletcher
July 11, 2013
Page 2

There is one named plaintiff currently housed at ASPC-Phoenix, who he will want to visit and speak to on July 29:

- Dustin Brislan, # 164993, Phoenix-Flamenco

There are five named plaintiffs currently housed at ASPC-Perryville, who he will want to visit and speak to on July 30:

- Chisholm, Maryanne, #200825, Perryville-Santa Cruz
- Licci, Desiree, #150051, Perryville-Santa Cruz
- Rodriguez, Sonia, #103830, Perryville-Lumley
- Verduzco, Christina, #205776, Perryville-Lumley
- Wells, Charlotte, #247188, Perryville-Santa Pedro

After his walking tour on the first day at each prison, Dr. Wilcox would like to review the medical charts of the prisoners listed below. He asks that all charts be available for him on the first day of the tour. Similar to Dr. Cohen's tour, he may request that he be provided the charts of some of the individuals he speaks to while touring the living units in the morning.

When he is at Perryville, Dr. Wilcox would like to review the medical files of all pregnant prisoners. **However, we were unable to identify these prisoners by name because the Monitored Conditions Report dated 3/12/13 produced to Plaintiffs (ADC095053-95081) lists no pregnant prisoners. <u>We request that he be provided the names and medical files of all pregnant women.</u>**

Based upon the things found in the record review at Perryville and Yuma, he *may* want to speak to a few prisoners on the second day. He would pick those prisoners – if any – on the first day of the tour based upon initial chart review, and give those names to staff. He will spend the majority of the second day of his tours at Perryville and Yuma reviewing files and visiting any areas where he was unable to go on the first day, and may have follow up questions regarding individual cases for the medical director, nursing director, or pharmacy director, depending upon what he finds in the prisoners' files.

<u>Phoenix Medical Charts to Review July 29</u>
Named Plaintiffs
    Brislan, Dustin, # 164993

Prisoners Who Have Died in the Past 12 Months
    Dawson, Charles, 67938
    Delgado, Sotero, 273820
    Lindstrom, Galen, 75515

Class Members
    Anthony, Craig, 191987
    Begay, Servier, 244783
    Binford, Gregory, 34420
    Crowe, Joseph, 45049
    Griffin, John, 85110

Haddix, Kevin, 210393
Hall, Gary, 207113
Harwood, Nicholas, 274595
Houston, Nemehiah, 240866
Jackson, Robert , 41878
Johnson, Ernest, 253486
Ker, Aaron, 272203
Leonard, Kevin, 117564
Madrigal, Joey, 195130
McCarthy, Daniel, 117872
Peters, Dexter, 63009
Raum, Kenneth, 258163
Robinson, Ricky, 101690
Stovall, Robbie, 214857
Tacho, Mike, 034680
Urbanski, Thomas, 120003
Williams, Alfred, 147347
Zander, Theodore, 110280

Perryville Medical Charts to Review July 30-31
Named Plaintiffs
Chisholm, Maryanne, #200825
Licci, Desiree, #150051
Rodriguez, Sonia, #103830
Verduzco, Christina, #205776
Wells, Charlotte, #247188

Prisoners Who Have Died in the Past 12 Months
Arguello, Dixie, 269814
Black, Christina, 145562
Hodges, Rose, 113364

Class Members
All pregnant prisoners (see page 2) and

Abellido, Marie, 257565
Almendariz, Lisa, 83486
Beach, Denise, 281295
Boebert, Gina, 207498
Ceballos, Stephanie, 231176
Clarine, Regan, 276836
Dorsey, Jo, 151971
Felix, Keyna, 267020
Ford, Lauren, 279516
Garcia, Kristina, 280200

Garcia-Diaz, Sonia, 152023
Giliams, Shreika, 277133
Haley, Catherine, 257224
Harris, DeeDee, 279758
Heffner, Kerry, 254775
Huffman, Cathy, 261785
Hughes, Betty, 279729
Johnson, Gina, 263915
Katrini, Elizabeth, 157896
Keuper, Terry, 108144
Lewis, Stephanie, 192970
Luna, Luciana, 251575
Macias, Eva, 252347
MacLean, Desiree, 278073
Marshall, Amy , 223657
Martinez, Lorraine, 193697
Mendoza, Erin, 265205
Mendoza, Sabrina, 144986
Miller, Kathryn, 277505
Moncy, Crystal, 266183
Moore, Yanita, 182125
Moreno, Mary, 242769
Morrison, Brenda, 276003
Nareau, Tanya, 260586
Neff, Mary, 264927
Patterson, Laura, 237901
Porter, Danette, 255037
Ramirez, Rachel, 122063
Rohde, Shanna, 223109
Saari, Catherine, 194624
Sansing, Kara, 147205
Thorne, Jennifer, 164150
Trevino, Rosalva, 252096
Trotter, Rebecca, 86610
Troy, Delma, 226501
Voigt, Gail, 72598
Waskom, Nicole, 228495
Widder, Noelle, 174356

Yuma Medical Charts to Review August 1-2
Prisoners Who Have Died in the Past 12 Months
Pate, Kevin, 91377
Robertson, Darrell, 258053
Valenzuela, David, 63167
Virgil, Cipriano, 107377

Ms. Ashlee Fletcher
July 11, 2013
Page 5

Class Members

    Aguilar, Eliseo, 81409
    Allphin, Daniel, 212546
    Anderson, Brandon, 272110
    Beverett, Amos, 160103
    Brodowski, Dominic, 27566
    Brooks, Victor, 255790
    Byrd, Edward, 62652
    Cheeks, Corey, 73220
    Cochran, Matthew, 277712
    Cooley, Jeffrey, 198790
    Davison, Ronald, 81813
    Devine, Robert, 138222
    Diaz, Henry, 49236
    Dobler, Brian, 195750
    Figueroa, Jesse, 45460
    Fry, Arthur, 26604
    Griffen, Kenneth, 189368
    Haws, Allen, 198857
    Hernandez-Aguilar, Ricky, 156468
    Howard, Johnny, 74699
    Jones, Dwayne, 207062
    Juarez, Benito, 258676
    Lanza, Mark, 240868
    Leslie, Douglas, 251101
    Lugo, Marcos, 172751
    Mason, Anthony, 46632
    May, Robert, 281073
    McSpadden, Matthew, 272623
    Mided, Matt, 153128
    Moorman, Melvin, 166496
    Moritz, Donald, 236561
    Neal, Rueben, 265762
    Noriega, Gilbert, 52155
    Pereyda, Dosie, 278635
    Reed, Ahmad, 172685
    Rogers, David, 113699
    Smith, Micah, 247414
    Tibbets, David, 74387
    Velasquez, Mike, 173685
    Verduzco, Baldomero, 75446
    Williams, Jason, 239308
    Williams, Jeffrey, 268772
    Woods, Raymond, 58068

Ms. Ashlee Fletcher
July 11, 2013
Page 6

Please let Sara Norman know immediately if you object to any aspect of the inspections outlined above.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick, Staff Attorney

cc:     Counsel of Record
         Dr. Wilcox

6



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

VIA EMAIL ONLY

October 4, 2013

Ms. Ashlee Fletcher, Esq.
Struck, Wieneke & Love
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
afletcher@swlfirm.com

   RE: *Parsons v. Ryan*
      Dr. Wilcox's tours, Oct. 15-16, 2013 (Florence) and Oct. 24-25, 2013 (Tucson)

Dear Ms. Fletcher,

  I write in response to your October 3 letter regarding Dr. Wilcox's expert tours.  As the parties agreed, he will tour the first day of these tours from 9 am to 5 pm, and the second day from 9 am to 1 pm.

  He and attorney Warren George will tour Florence Oct. 15 and 16, 2013.  Mr. George and Dr. Wilcox will report to the administrative/ warden's office each morning.  We previously provided you a list of files that Dr. Wilcox wanted to review prior to the cancelled August tour of Florence.  We checked that list against the ADC Inmate Locator website, since many of the prisoners have moved, and a revised list is attached.  See Attachment A.

  With regard to the Tucson tour, Dr. Wilcox will be accompanied by attorney Don Specter.  Again, they will report to the administrative/ warden's office each morning.  The list of Tucson files requested for inspection in Plaintiff Licci's First Request for Production of Documents were the prisoners' files that he wanted to review.  We checked that list against the Inmate Locator, found that many of the prisoners had moved, and revised it.  See Attachment B.

  If you need any sort of gate clearance information for Mr. George, Mr. Specter, or Dr. Wilcox, please let me know.

  Don Specter's June 19, 2013 letter offered an overview of what the medical experts planned to do on their tours.  Dr. Wilcox would like to tour the medical clinic spaces on each unit.  He will want to speak to designated clinical staff.  We have previously agreed that a designee from each category of health care staff be available to answer questions.  *See* April 15,

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

2013 letter from David Fathi (setting forth categories); July 2, 2013 letter from Ashlee Fletcher ("Defendants will designate individuals pursuant to the categories provided in David Fathi's April 15, 2013 letter").  Dr. Wilcox will also want to see housing units while touring both prison facilities, and be able to speak confidentially to selected prisoners he may encounter, as well as the following prisoners:

<u>Prisoners to Interview at Florence (listed by housing unit, if known)</u>

     Jonathan Bertanelli, #47835, Central Unit
     George Rodriguez, #163888, Central Unit
     Benny Roseland, #124449, Central Unit
     Shawn Smith, # 259884, Central Unit
     Loren Stoeckel, #261727, Central Unit

     Paul Gargano, #243812, East Unit

     Miguel Leon, # 201494, North Unit
     Christopher Maxwell, #158486, North Unit

     Flavio Rosales, # 233810, South Unit

     Darryl Hampton, #225275, unit unknown

<u>Prisoners to Interview at Tucson (listed by housing unit, if known)</u>

     James Slovekosky, #122147, Cimarron Unit

     Jimmie Charlie, #49134, Health Unit
     Ruben Hernandez, #217451, Health Unit
     Adrian Zamora, #226075, Health Unit

     Michael Cook, # 71546, Manzanita Unit
     Shawn Jensen, # 32465, Manzanita Unit (Named Plaintiff)

     Pedro Avila, # 47094, Rincon Unit

     Ralph Hawthorne, #143402, Special Needs Unit
     Thomas Vogt, #29337, Special Needs Unit

     Shawn Hillard, #112970, unit unknown

Ms. Ashlee Fletcher
October 4, 2013
Page 3

Dr. Wilcox asks that all charts be available for him on the first day of the tour.  Similar to prior tours, he may request that he be provided the charts of some of the individuals he speaks to while touring the living units in the morning.  Dr. Wilcox would like to review the medical files of all dialysis patients housed at the prisons.  **However, we were unable to identify these prisoners by name because the Monitored Conditions Report dated 3/12/13 produced to Plaintiffs does not track prisoners on dialysis.** <u>We request that we be provided the names of all patients housed at Florence and Tucson who receive dialysis so Dr. Wilcox can select a sample of their medical files to review.</u>

Thank you for your cooperation in arranging these tours.  Please let me or Mr. George know if you have any questions.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick, Staff Attorney

cc:     Counsel of Record
        Dr. Wilcox

**Attachment A:  Florence Medical Charts to Review Oct. 15-16**

**Prisoners Who Have Died in the Past 12 Months**
Alvarez, Augustine, #85367
Branch, Van, #72628
Brown, Frank, #149637
Chavez, Marco, #187239
Church, Gary, # 39345
Cook, Alan, # 155358
Crockett, Bobby, # 133681
Davidson, Vernon, # 127734
Dixon, Gary, # 106531
Gonzalez, Javier #217498
Hanan, Monty, # 136053
Horton, William, # 62422
Jimenez, Alberto, # 138779
Lopez, Johnny, # 79275
Malone, George, # 86899
Martinez, Anthony, # 85596
Martinez, Nicholas, #171587
Mihalec, John, # 104669
Moss, Robert #102474
Ray, John, # 118850
Sanchez, Miguel, #270127
Smith, James, # 116912
Smith, Ronald, # 92788

**Class Members**
Files to be selected from requested list of prisoners receiving dialysis
Addis, Gary, #246793
Akridge, Rodney, #84478
Alvarado-Montez, George, #241621
Aranda, Guadalupe, #113047
Bertanelli, Jonathan, #47835
Betterton, Trenton, #277788
Bivens, Gary, #43630
Calhoun, Jim, #204538
Chavez, Marco, #187239
Chavez-Espinoza, Cristino, # 42966
Chumbler, Jason, #213303
Everley, Chris, #203114
Faulkner, Donald, #252682
Feltner, Richard, #91975
Gargano, Paul, #243812
Gutierrez, Manuelito, #139928
Hampton, Darryl, #225275

Harrison, Charles, #82360
Hernandez, Ricardo, #35326
Hildenbrand, Richard, #140990
Homer, Kevin, #180025
Jordan, Walter, #78789
Korte, Damon, #213356
Leon, Miguel, #201494
Lomeli, Jose, #161242
Lopez, Bruno, #31390
Lucero, Frank, # 86062
Martin, David, #217317
Maxwell, Christopher, #158586
Montoya, Joshua, #208217
Mushatt, Dythanyl, #186772
Nava, Conrad, #192735
Pemberton, Joseph, #83807
Porter, Christopher, #128972
Puckett, Ricky, #129580
Ree, John, #172999
Rinninger, Cary, #255275
Rios, Federico, #199480
Rodriguez, George, #163888
Roseland, Benny, #124449
Rosales, Flavio, # 233810
Sanchez-Perez, Jorge, #235024
Simpson, Kenya, #100476
Smith, Shawn, # 259884
Steah, Kee, #200537
Stewart, Ramon, #208756
Stoeckel, Loren, #261727
Terry, Jamie, #268085
Torriente, Reynaldo, #134060
Vidal, Fermin, # 147564

**<u>Attachment B: Tucson Medical Charts to Review Oct. 24-25</u>**

**Prisoners Who Have Died in the Past 12 Months**
Akers, Robert, # 242962
Beck, John, #104144
Chambers, Theron, #40915
Clark, Russell, #59997
Cuyler, Lawrence, #266818
Driver, William, #162813
Fierros, George, #58206
Frost, Christian, #130811
Gray, Darryl, #32890
Hannaford, Rock, #261578
Harris, Bennie # 67481
Hartman, Nathan, #156838
Hoppes, Patrick, #242119
Jeffrey, Charles, #212819
Large, Gregg, #247449
Lee, Billy, #37490
Lopez, Ernie, #133681
McCabe, Mackie, #49597
McKay, Donald, #270224
Narten, Karl, #24550
Prickett, Lonnie, #73521
Richie, Dallas, #32104
Smith, Alvis, #31588
Smith, Bobby, #65084
Southworth, Shawn #257109
Sweepe, Robert, #93822
Tolivar, Arnold, #125678
Truitt, Thomas, #47727

**Class Members**
Files to be selected from requested list of prisoners receiving dialysis
Alvarado, Jesse, #59906
Anderson, Rusty, #222342
Apolinar, George, #274761
Armbruster, Royce, #48573
Avila, Pedro, #47094
Bernal, Carlos, #258629
Burns, Jeffrey, #231300
Caballero, Alfred, #212756
Charlie, Jimmie, #49134
Cook, Michael, #71546
Corral, William, #81620
Day, Richard, #202495
Edwards, Orlando, #207300
Fierros, George , #58206

Frieses, Allen, #280257
Gossett, David, #81630
Graciano, Fernando, #255968
Hamilton, Timothy, #257423
Harris, George, # 94133
Harvey, Thomas, #227207
Hernandez, Ruben, #217451
Hillard, Shawn, #112970
Hitchcock, James #177921
Hoard, October, #82764
Howard, Jeffrey, #49806
Jackson, Roger, #90740
Jessup, Terrence, #90373
Johnson, Eric, #272454
Johnson, Steven, #235714
Judd, Thomas, #280424
Katona, Joe, #263092
Kennedy, Josef, #113924
Krick, James, #210691
Larsgard, John, #271552
Lewis, Antron, #150014
Lobo, Mark, #269511
MacCool, Finn, #71383
Machir, Daniel, #190972
Marcum, Kenneth, #266043
McCallum, Derrick, #186822
McKenzie, Andrew, #251666
Mendiola, Enoc, #253193
Morales, Christopher, #275737
Plasa, Robert, #268330
Powell, Edward, #89254
Roberts, Michael, #79600
Rodriguez, Inez, #276756
Salmon, Troy, #1874376
Sanchez, Able, #253543
Shields, Johnny, #103270
Skinner, Jasper, # 282656
Slovekosky, James, #122147
Torres, Martin, #158092
Twigg, Daniel, #143625
Ventura, Miguel, #219103
Vigil, Larry, #237346
Vogt, Thomas #29337
Walema, Louis, #273256
Zamora, Adrian, #226075

# EXHIBIT 15

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104.1500
TELEPHONE: 415.626.3939 • FACSIMILE: 415.875.5700

Direct Number:  (415) 875-5874
scalderon@jonesday.com

JP014183
306129-600001

August 13, 2013

<u>VIA EMAIL</u>

AFletcher@swlfirm.com
Ashlee B. Fletcher
Struck Wieneke & Love
3100 West Ray Road, Ste. 300
Chandler, AZ  85226

Re:   *Parsons, et al. v. Ryan and Pratt*
<u>U.S. District Court of Arizona, Case No. 2:12-cv-00601</u>

Dear Ms. Fletcher:

Enclosed please find Desiree Licci's First Set of Requests for Production of Documents, Desiree Licci's First Set of Requests for Admission and First Set of Interrogatories, and Robert Gamez's First Set of Requests for Admission and First Set of Interrogatories.

Regarding Request No. 4 in Desiree Licci's First Set of Requests for Production of Documents, Plaintiffs emphasize that these health care records are in addition to the "death records" that Defendants have agreed to produce and supplement in response to Request No. 40 in Parsons' First Set of Requests for Production of Documents.  Plaintiffs also note that for the majority of the records identified in Exhibit A, inspection of the most recent volume is sufficient. We would like to schedule a time to meet by phone to discuss the logistics of inspecting these files as soon as possible.  Please let Counsel for Plaintiffs know of your availability this week or Monday of next week.

Very truly yours,

Sophia H. Calderón

SFI-834692v1

# EXHIBIT
# 16



To:
Cc:
Bcc:
Subject:   Fw: Letter re: Discovery  - PARSONS v. RYAN

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Thursday, September 12, 2013 1:32 PM
**To:** Fettig, Amy
**Cc:** Gottfried, Michael; 'SW&L Parsons Team (ParsonsTeam@swlfirm.com)'
**Subject:** RE: Letter re: Discovery - PARSONS v. RYAN

Amy,

This e-mail is to advise you that Defendants will not be providing any supplemental discovery responses
to discovery directed to Defendant Parsons because Parson was dismissed as a party from this lawsuit
on March 6, 2013.

Lucy

Lucy M. Rand, AAG
Office of the Attorney General
(602) 542-7683 Direct

The information contained in this e-mail message is privileged and confidential, intended only for the use of the specific
individuals and/or entities to which it is addressed.  If you are not one of the intended recipients, you are hereby notified that
any dissemination, distribution, or copying of this communication is strictly prohibited.  If you received this communication in
error, please immediately notify the sender by return e-mail or call (602) 542-7683.  Thank you.

**From:** Rand, Lucy
**Sent:** Wednesday, September 11, 2013 6:04 PM
**To:** Amy Fettig (afettig@npp-aclu.org)
**Cc:** Gottfried, Michael; SW&L Parsons Team (ParsonsTeam@swlfirm.com)
**Subject:** Letter re: Discovery - PARSONS v. RYAN

Amy,

See attached letter.

Sincerely,
Lucy

Lucy M. Rand,
Assistant Attorney General
**OFFICE OF THE ATTORNEY GENERAL**
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926

**(602) 542-7683 Direct**
(602) 542-7635 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

The information contained in this e-mail message is privileged and confidential, intended only for the use of the specific individuals and/or entities to which it is addressed.  If you are not one of the intended recipients, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you received this communication in error, please immediately notify the sender by return e-mail or call (602) 542-7683.  Thank you.

# EXHIBIT 17

| Subject: | Re: Document Review - PARSONS v. RYAN 📄 | |
|---|---|---|
| From: | Caroline N Mitchell | 11/20/2013 04:03 PM |
| | Extension:  415-875-5712 | |
| To: | Rand, Lucy | |

Hi Lucy,

I called you to discuss document production.  I am attaching an updated, prioritized list of the medical files
we need.  For the deceased inmates, consistent with our discovery requests, you should produce the
DEATH RECORDS, which includes the medical files, mortality reviews and internal investigations, as well
as any other of the records in your possession meeting our definition of DEATH RECORDS.   As we
discussed previously, in addition to these documents, we do want the psych autopsies, the CAPs and the
other documents you agreed to produce.  I am available to discuss with you which of the Parsons
discovery requests should be supplemented on an ongoing basis.  Also, Plaintiffs will be supplementing
our production shortly with recently acquired materials.

Please call me if you have questions or wish to discuss further.

Thank you,

Caroline



SFI_845053_1_Priority Records.DOCX

Caroline Mitchell
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA  94104-1500
+1.415.875.5712
+1.415.875.5700
e-mail: cnmitchell@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

| Date of Death | Name of Prisoner | Age | ADC # | ADC location prior to death |
|---|---|---|---|---|
| 11/5/12 | Timothy Ben | 29 | 186585 | Florence |
| 2/2/13 | Christina Black | 52 | 145562 | Perryville |
| 3/3/2013 | Vernon Davidson | 58 | 127734 | Florence |
| 3/11/2013 | Rafael Guevara | 23 | 254097 | Lewis |
| 3/14/2013 | Kevin Pate | 54 | 91377 | Yuma |
| 3/16/2013 | Jesse Cornejo | 24 | 246859 | Eyman |
| 3/17/2013 | Johnny Lopez | 52 | 79275 | Florence |
| 3/17/2013 | Scott Broadhead | 57 | 35145 | Eyman |
| 3/27/2013 | James Smith | 51 | 116912 | Florence |
| 3/29/2013 | William Driver | 72 | 162813 | Tucson |
| 4/1/2013 | Kristian Brown | 49 | 182532 | Kingman |
| 4/1/2013 | Gary Church | 53 | 39345 | Florence |
| 4/8/2013 | Billy Lee | 54 | 37490 | Tucson |
| 4/10/2013 | Charles Jeffrey | 38 | 212819 | Tucson |
| 4/14/2013 | Alberto Jimenez | 36 | 138779 | Florence |
| 4/22/2013 | Joaquin Tamayo | 41 | 106163 | Eyman |
| 4/25/2013 | Russell Clark | 53 | 59997 | Tucson |
| 5/1/2013 | Paul Henderson | 22 | 247636 | Eyman |
| 5/6/2013 | Karl Narten | 82 | 24550 | Tucson |
| 5/10/2013 | Milo Stanley | 50 | 64794 | Eyman |
| 5/14/2013 | Anthony Martinez | 65 | 85596 | Florence |
| 5/19/2013 | Bobby Smith | 72 | 65084 | Tucson |
| 5/20/2013 | Rose Hodges | 49 | 113364 | Perryville |
| 6/2/2013 | Mackie McCabe | 57 | 49597 | Tucson |
| 6/7/2013 | John Ray | 54 | 118850 | Florence |
| 6/17/2013 | John Jones | 63 | 54741 | Lewis |
| 6/17/2013 | Fenton Skaggs | 38 | 198534 | Kingman |
| 6/19/2013 | Dale Hausner | 40 | 240702 | Eyman |
| 6/23/2013 | Henry Billings | 80 | 218617 | Eyman |
| 7/1/2013 | David Valenzuela | 56 | 63167 | Yuma |
| 7/3/2013 | Theron Chambers | 72 | 40915 | Tucson |
| 7/10/2013 | Galen Lindstrom | 62 | 75515 | Phoenix |
| 7/13/2013 | Thomas Herrera | 57 | 78507 | Douglas |
| 7/17/2013 | Patrick Hoppes | 48 | 242119 | Tucson |
| 7/26/2013 | Alvis Smith | 59 | 31588 | Tucson |
| 8/2/2013 | George Malone | 69 | 86899 | Florence |
| 8/5/2013 | Lawrence Cuyler | 75 | 266818 | Tucson |
| 8/14/2013 | Javier Gonzalez | 23 | 217498 | Florence |
| 8/14/2013 | Van Branch | 53 | 72628 | Florence |

| Date of Death | Name of Prisoner | Age | ADC # | ADC location prior to death |
|---|---|---|---|---|
| 11/5/12 | Timothy Ben | 29 | 186585 | Florence |
| 2/2/13 | Christina Black | 52 | 145562 | Perryville |
| 8/22/2013 | George Fierros | 58 | 58206 | Tucson |
| 8/27/2013 | Miguel Sanchez | 28 | 270127 | Florence |
| 8/31/2013 | Marco Chavez | 34 | 187239 | Florence |
| 9/23/2013 | Shawn Southworth | 37 | 257109 | Tucson |
| 9/25/2013 | Harold Batista | 21 | 270988 | Yuma |
| 10/1/2013 | Bennie Harris | 54 | 67481 | Tucson |
| 10/2/2013 | Richard Hildenbrand | 80 | 140990 | Florence |
| 10/3/2013 | Gregory Schlundt | 50 | 54406 | Tucson |
| 10/7/2013 | Kevin Wirts | 45 | 258690 | Tucson |
| 10/9/2013 | Rusty Anderson | 42 | 222642 | Tucson |
| 10/9/2013 | Kenneth Gifford | 48 | 128657 | Lewis |
| 10/10/2013 | Michael Melendez | 52 | 102559 | Florence |
| 10/18/2013 | Emmanuel Arline | 28 | 198483 | Eyman |
| 10/19/2013 | Steven Ensslin | 40 | 90119 | Florence |
| 10/19/2013 | Roosevelt Foster | 68 | 51942 | Kingman |
| 10/21/2013 | Todd Hoke | 22 | 253951 | Eyman |
| 10/23/2013 | Robert Maxwell | 46 | 65789 | Tucson |
| 10/24/2013 | Woody Trisky | 75 | 165447 | Tucson |
| 10/28/2013 | Avtar Sidhu | 51 | 278273 | Tucson |
| 11/1/2013 | George Rodriguez | 38 | 163888 | Florence |
| 11/3/2013 | Fred Bridges | 48 | 193106 | Tucson |
| 11/6/2013 | John Montano | 34 | 284933 | Tucson |
| 11/9/2013 | Gabrielle Flores | 23 | 279835 | Perryville |
| 11/12/2013 | Benny Roseland | 59 | 124449 | Florence |
| 11/12/13 | Eugene Chambers | 77 | 092330 | Florence |
| 11/14/2013 | Ignacio Ruelas | 46 | 234337 | Tucson |

Additional High Priority Records:

Dental records for Wells and Chisholm

Bernadette Deanna Ramirez, #264284
Sheila Manygoats #193693
Tory Lynn Williams #190756
Christina Ann Perez #194526
Latonya Cain #172377
Tristan Rossum, #121496
Ramon Martinez #076688

Leonard Bean #159352
Frank Galo #150621
Willie Johnson #220930
Christopher Pavloff #264480
Jody Sullivan #182295
Mark Martinez #200893
Frankie Rodriguez #140309
Anthony Hand #266711
Robert Dumond #180847
Jesse Mauricio #128194
Jesse Casas #156294
Tony Pruitt #175985
Jason Jones #242070
Chase Blackshear #208994
Wolfgang Ehmke #132189
Charles Johnson #099855
Eric Nelson #157808
Noe Jimenez #239038
Jesse Papanek #180906
Andrew Solorzano #281250
Samuel Wright #207261
David Ruiz #213456
Robert Harmon #251293
Brandon Antonides #153201
Robert Aloia #070520
Nathaniel Vargas #138514
Henry Ochoa #257721
Ray Arce #151480
Ryan Tenny #263981
Isaac Valle #126113
Carlos Alvardo #050444
Robert Jaramillo #039278
Michael Hernandez, #211872
Anthony Sepulveda, #222800
Billy Johnson, #225801
Dustin Varela, #274845
Thomas Kane, #060051
Leroy Montoya, #238802

# EXHIBIT

# 18



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

VIA EMAIL ONLY

December 3, 2013

Ms. Lucy Rand
Office of the Arizona Attorney General
Lucy.Rand@azag.gov

RE: *Parsons v. Ryan*, Dkt. 717 and Defendants' Production on Nov. 25, 2013

Dear Lucy,

This memorializes our meet-and-confer discussion last night. Please let me know immediately if you have a different recollection.

## I.   Corrective Action Plans

Defendants did not produce any CAPs in response to the Court's order. You said that they cannot be transmitted electronically and that efforts to print them are eliminating some of the responsive information. You admitted that you made no reference to this in your November 25 production and you said you were unable to provide an estimate of a date for their production.

## II.   Death Records and Medical Charts of Deceased Prisoners

### A.   Medical Records of Deceased Prisoners

Defendants take the position that medical charts of deceased prisoners are not death records responsive to Parsons' RFP No. 40. This contradicts the prior agreement made by your predecessor Katherine Watanabe that death records include medical files, and is inconsistent with Defendants' prior roductions.  (*See* attached Dec. 21, 2012 letter from C. Kendrick to K. Watanabe, at page 5, referring to medical files Ms. Watanabe had already produced as responsive to Request 40; *see also* July 25, 2013 Defendants' 14th Supp. Resp. to Parsons' 1st RFP, Request 40 at pp. 73-74:

> ("[…] 4. Medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033709-ADC034679[;]
> 5. Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC037377-ADC038751[; ..]

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

7. Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC040693-ADC047095[; …]

10.  Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC053359-ADC053861[; …]

15. Medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC086646-088623[;]

Defendants will supplement this response as necessary.”))

You did not disclose Defendants' new interpretation of this request until our discussion yesterday.  We will assume this continues to be your position until we hear differently from you by Thursday.

**B.      Psychological Autopsies**

The Court ordered Defendants to produce all psych autopsies from 2011 to 2013.  Only four were included in your production (Day, Hoppes, Johnson, Tovar).  You said three additional psych autopsies (Cantayo, Hedford, Ben [unsure of spellings]) were mixed in with the 100,000 pages of emails that were produced in late October. You noted that two of these three were drafts.  **Please provide the Bates ranges for those three psych autopsies.**

You said Defendants' position was that you will not otherwise produce drafts of the psych autopsies that existed at the time of the discovery cut-off because they were not final, and you would not produce any subsequently created final versions because they were finalized after the discovery cut-off.  You said you would confirm that you had produced all of the responsive psych autopsies that were finalized prior to the discovery cut-off.  We disagree with your position in light of your ongoing duty to supplement productions.

**III.    Medical Charts of Living Prisoners**

**A.      Documents Flagged by Dr. Cohen on the Lewis Tour**

Defendants have not produced the prisoners' medical file documents flagged for copying by Dr. Cohen during the Lewis tour in July.  We checked against the list of records that were produced as responsive to Licci RFP number 4, and there is no overlap.  It appears that these copies were not made at the time of the tour, despite assurances from defense counsel Ashlee Fletcher that it would be done promptly after the tour.  Given her assurances, we did not create a comprehensive list of which documents were flagged for copying, but here is our best effort to reconstruct it.  **Please let us know if flags were maintained in these files. If so, please provide all flagged documents. If no flags were maintained, you agreed to copy the whole medical record.  Unless otherwise flagged by him, Dr. Cohen only needs documents dated**

Ms. Lucy Rand
Dec. 3, 2013
RE: Parsons v. Ryan
Page 3

**after January 1, 2011 in the prisoners' medical charts.  Please provide us with an estimate of when we can receive these.**

Ammirato, Wayne, # 94836
Balderas, Martin, #229508
Bertanelli, Jonathan, #47835
Carrizoza, Nathaniel , #266511
Davis, Charles, #157225
Dick, Ethan, #252650
Duarte, Russell, #47604
Fowles, Kenneth, #166074
Gray, Jerome, #154064
Gross, Keith, #221879
Guy, James, #201358
Hunt, James, #135376
Ketcherside, Steven , #41901
Laprada, Gildardo, #76778
McGill, Robert , #52841
Miles, Lawrence, #46628
Ortega, Greg, #125033
Pamias, Eric, #171277
Parsons, Allen, #211737
Pelayo, Matthew, #242441
Poeppe, Kirk, #255681
Roseland, Benny, #124449
Watson, Charles, #51655
Webb, Nathaniel, #269559
Windom, Anthony, #126561

**B.      Documents Flagged by Dr. Wilcox at the Tucson and Florence Tours**

Defendants produced the medical records of four prisoners (three at Florence, one at Tucson), that Dr. Wilcox had requested during the October tours of Florence and Tucson. Defense counsel Tim Bojanowski had agreed to provide these files.  The prisoners whose files remain to be produced are:

Guillen, Pedro, # 76248 (Tucson)
Wolf, Brian, # 173405 (Tucson)

**C.      Licci's RFP, Request 4 (Most Recent Volume of Medical Chart)**

Defendants refused to produce the medical charts requested in Licci RFP No. 4 for any prisoner who has paroled.  You said that you are forbidden from releasing the charts under

**HIPAA.  You agreed to provide the relevant HIPAA provision this week.  You agreed to produce the medical file of Javier Gonzalez, # 217498 because he is deceased.**  By our review, the following files have not yet been produced.  Please let us know if your records indicate otherwise.  You asked us to prioritize which files we needed first.  For each facility, the names with the asterisks are to be prioritized:

**Eyman**
*Louis Avanzi, #104515
*Javier Celaya, #238704
Charles Bade #279059
Tavarus Bell, #254623
Johnny Casillas, #119986
Dustin Varela, #274845

**Florence**
*Joaquin Elizalde-Cota, #280890
Leonard Bean #159352
Chase Blackshear #208994
William Gobbett, #225268
Anthony Hand #266711
Sampson Hays, #258100

**Lewis**
*Shawn Chock, #256000
John Koch, #170635

**Perryville**
*Danette Porter, 255037
Pamela England, #142291
Sheila Manygoats #193693
Kathryn Miller, 277505

**Phoenix**
*Andrew Fancy, #262420
*Richard Green, #116948
Gary Hall, #207113
Vincent Velardez, #071329

**Yuma**
*Robert Devine, #138222
Clifford Robinson, #188961

Ms. Lucy Rand<br>
Dec. 3, 2013<br>
RE: Parsons v. Ryan<br>
Page 5

**D.    Licci's RFP, Request 5 (Master Record Files)**

Defendants are still in the process of copying and redacting the MRFs.  Given the amount of time you allege is required for the security review/redaction, please prioritize the production of the medical charts over this task.

Given Defendants' delay in producing many documents, and outright refusal to produce others, our experts will need to supplement their reports later than December 9, 2013.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick

cc:    Counsel of Record



PRISON LAW OFFICE

General Delivery, San Quentin CA. 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Penny Godbold
Megan Hagler
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

VIA EMAIL ONLY

December 21, 2012

Ms. Katherine Watanabe
Assistant Attorney General
Office of the Attorney General
1275 W. Washington
Phoenix, AZ 85007
Katherine.Watanabe@azag.gov

      RE:   *Parsons, et al. v. Ryan, et al.*

Dear Katherine,

      I write to memorialize the phone call that you had yesterday with me, David Fathi, and Caroline Mitchell regarding withdrawing or narrowing prisoner Plaintiff Victor Parsons' Requests for Production, dated June 22, 2012. We thank you for taking the time to speak with us, and we thought it was a very productive conversation. If any of the below does not comport with your notes or understanding, please let us know immediately.

I.     <u>RFPs Seeking Policies and Procedures</u>

      You indicated that you believed that as of last week's supplemental production (Seventh Supplemental Production) that Defendants had produced all policies and department orders, including all updated versions and those that were updated as of December 19. You also indicated that there are still complex-specific post orders that have not yet been produced because sections of them are being redacted for security purposes, but that the table of contents and section headings will be left visible so that we have an idea of what was redacted. You anticipate these post orders will be produced today or next week after Christmas. You also said that you will provide us with some sort of index to all institutions' post orders.

      We agreed that once the post orders are provided, Defendants will have provided responsive policies and procedures to RFP Nos. 1-14 and 30, and that they will be supplemented as needed: We also agreed that responsive emails on the topics covered in those RFPs still need to be produced.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Felecia Gaston • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Ms. Katherine Watanabe
RE: *Parsons v. Ryan*
December 21, 2012
Page 2

With regard to RFP No. 6 (Quality Assurance of Health Care), you stated that all policies and procedures have been produced, but we agreed that meeting minutes, audits, monitoring reports, etc. will continue to be produced on an ongoing basis as responsive to Plaintiffs' 30(b)(6) Deposition Duces Tecum (Docket 76), Requests 4 and 5.

We discussed that it is unclear whether Defendants have produced the most current version of the Mental Health Technical Manual, in light of the testimony of Dr. Shaw and what is on the ADC website. You said that rather than produce updated portions piecemeal, you will produce a complete set of the current version of the manual.

II.     Non-Policy and Procedure Requests

Plaintiffs reiterated that with these requests, unless otherwise indicated, the timeframe sought is from January 1, 2011 to the present. With regard to all of these requests, if there are documents or information that are no longer maintained by ADC as a result of Wexford providing health care services, you will ask if this information is available to ADC's Contract Monitoring Bureau pursuant to the terms of the ADC-Wexford contract.

RFP No. 15 (All documents regarding health care directives).
We do not expect Defendants to go into each individual prisoner's health care file to look for a health care directive. We are trying to get big picture information, for example, to learn about the process for obtaining health care directives from prisoners, what was the reasoning by ADC management for obtaining them, and any data you have on when they were collected and how many are in effect. You said that you will find out if there is any centralized tracking information such as how many directives are in effect, when they were put into effect, and if this information is broken down by prison complex or unit.

RFP No. 16 (All minutes from health care staff meetings, or meetings at which health care was discussed).
You said there is no centralized repository for these minutes, and you are in the process of obtaining them from each prison complex, and redacting the minutes you have received. This request contemplates the production of any similar documents from Wexford.

RFP No. 17 (One copy of each standardized document used by ADC regarding the provision of health care).
Defendants provided all forms used by ADC as Bates Numbers ADC048640-48842. You will find out if Wexford is using its own forms instead of ADC's.

RFP No. 18 (Health care statistics).
You stated that you believe Defendants have produced all statistics/reports and data tracked by ADC related to medical care and conditions. You will check to see if there are

any statistics or data maintained regarding mental health and dental care and conditions that need to be produced as responsive.  You also said you will compile a master list of all statistics tracked and maintained by ADC.  We noted that ADC049041-49043, which was produced last week, is not readable, and you will produce a cleaner copy of it.  This request contemplates the production of any similar documents from Wexford.

RFP Nos. 19, 20 and 62 (Health care staffing levels, schedules, hours of operation, shortages).
Defendants produced all responsive information maintained at the central office level, and the institution-specific post orders also describe the planned staffing levels.  Plaintiffs offered to narrow the request for the actual staffing schedules and hours of operation to a representative sample and you would let us know how long it would take to get that information. Plaintiffs propose narrowing that request to: the first Wednesday and the first Sunday of every month from July 1, 2011 to June 30, 2012. This request contemplates the production of any similar documents from Wexford, but you stated that the ADC Human Resources department does not have this information, and you will see if the Contract Monitoring Bureau has this information from Wexford.  We noted that ADC049078-49370 is very difficult to read, you said it is a printout of an Excel spreadsheet which was separately produced and you will get us a version of the spreadsheet that notes the Bates numbers.

RFP No. 21 (Health care staffing plans including job descriptions).
In addition to the post orders already produced by Defendants, the annual budget request includes the staffing plans.  Plaintiffs noted that Wexford had a staffing plan and job descriptions in its proposal, and you will find out whether those are the ones in effect.

RFP Nos. 22-23 (Discipline of health care and correctional staff related to health care services).
Defendants produced some disciplinary letters as Bates Nos. ADC049377-49480, and more will be produced after your office redacts personal identifying information such as home addresses and EINs.  You said the letters are the only centrally maintained documents that Defendants can produce without having to go into each employee's individual personnel files.  This request contemplates the production of any similar documents from Wexford.

RFP No. 24 (Complaints regarding health care staffing levels).
You said most of this will be in email form, and should come up when the agreement is finalized on the scope of the email searches.  Plaintiffs noted that there may be paper letters or logs of telephone calls maintained by ADC's Constituent Services/ Inmate Families and Friends Liaison.  You will check with that office to determine if they have any documents responsive to this request.  Plaintiffs also told you that according to ADC's website, any family/friends complaints about health care should now be directed to a special

number and email maintained by Wexford, and we consider any complaints directed to them to be responsive to this request.

RFP No. 25-26 (Training documents)
Ms. Mitchell's Nov. 29 letter said that these can be produced on a sufficient to show basis. You will confirm that Defendants have produced all responsive ADC documents, and communicate with Wexford regarding their training materials.

RFP No. 27-31 (Contractors, reimbursement rates)
You said that you believe Defendants have produced everything that is responsive to these requests. With regard to Request No. 29, you will investigate whether Wexford is bound by the same AHCCCS rate limits that applied to ADC. We agreed that Defendants will supplement at a reasonable interval if there is new information

RFP No. 32 (Complaints regarding health care directives)
You said any responsive documents would be in the form of emails. Plaintiffs asked about prisoner grievances at the directors' level. You agreed to ascertain approximately how many grievances are appealed to the Director's level, so that we may determine whether a search of those exhausted grievances is feasible.

RFP No. 33 (Monetary settlements to prisoners or their estates regarding health care services)
You said ADC and the Attorney General's Office do not track this, and the Arizona Department of Administration would not be able to extract this information electronically.

RFP Nos. 34 and 37 (Complaints from health care and correctional staff regarding health care)
Again, you said that any responsive documents would be in the form of emails.

RFP No. 35 (Processing and approval of requests for referrals).
Defendants produced all responsive documents in their possession. You will ask if the Contract Monitoring Bureau has responsive documents from Wexford.

RFP Nos. 36, 38 and 41 (Documents regarding referrals for treatment and reviews of referred and hospitalized prisoners)
Plaintiffs offered to limit this request to a representative sample. You indicated that Defendants will not produce documents until a class has been certified because of the burden involved. We asked whether you would continue to object based on burden if we requested such documents for 10-15 identified prisoners; you said you were unable to answer without seeing the specific request.

RFP No. 39 (Delay/denial of transportation for outside appointments).
You said that you do not think there are any reports made regarding delays or denials of transportation, and that while there is the report that indicates the wait times for specialty care and referrals, that it doesn't track the reason for the wait. You will investigate whether the Contract Monitoring Bureau has responsive documents from Wexford.

RFP No. 40 (All documents regarding death records)
You said that you think there are only one or two more medical records to produce, and that Defendants will have produced all records responsive to our prior communications listing specific prisoners' names. Plaintiffs will compare our lists of names with what has been produced and let you know if there are any outstanding requests. There are still approximately 20 more investigative reports coming in, and you will produce them as they are reviewed and redacted. Defendants will supplement as necessary.

RFP No. 42 (Documents sufficient to show population in each unit since 2009)
Defendants produced all responsive documents, and will supplement as necessary.

RFP No. 43 (Documents regarding conditions at Tempe St. Lukes)
You said the only responsive document is the post order produced last week.

RFP Nos. 44-48 (Documents regarding health care cost containment, budget, etc.)
Defendants have produced all responsive ADC budget documents, any additional documents would be in the form of emails that will be produced when an agreement is reached on the scope of the search. You will ask the Contract Monitoring Bureau about any Wexford documents beyond what was in their proposal.

RFP No. 49 (Documents regarding criticisms/critiques of conditions in isolation)
You will produce the criticisms themselves, as well as documents containing any ADC response to or comment on the criticisms.

RFP No. 50 (Complaints regarding isolation made by current or former ADC personnel)
Most of these will be found in emails, but you will produce such complaints in other forms that defendants are aware of (e.g., statements by former deputy warden Carl Toersbijns).

RFP No. 51 and 52 (Documents regarding investigations regarding conditions in isolation)
This request includes investigations by governmental bodies (e.g., Department of Corrections, Department of Health) as well as non-governmental organizations (e.g. Amnesty International, American Friends Service Committee, National Commission on

Correctional Health Care), as well as documents responding to or commenting on such investigations.

RFP No. 53 (Documents showing duration of confinement in isolation)
You believe that ADC does not track mean or median duration of confinement in isolation; you agreed to confirm this.  You also agreed to investigate whether any partially responsive documents, such as a single-day snapshot of prisoners in isolation showing the duration of their confinement in isolation, exist or could be created.

RFP No. 54 (Exercise in isolation)
You agreed to provide post orders or other documents setting forth the schedules for exercise; plans of the exercise areas; and documents showing exercise equipment provided (if any).  We will agree on a method for sampling logs or other documents showing exercise actually provided.

RFP No. 55, 56 (grievances regarding conditions in isolation)
You believe that ADC does not track grievances by subject matter; you agreed to confirm this.  You also agreed to ascertain approximately how many grievances are appealed to the Director's level, so that we may determine whether a search of those grievances is feasible.

RFP No. 57 (food in isolation)
You agreed to provide post orders or other documents setting forth the schedules on which food is delivered; menus (we will agree on a sampling method if they are numerous); and any nutritional analysis of the diet provided to prisoners in isolation.  We will agree on a sampling method for logs or other documents showing food actually provided.

RFP No. 58-60 (Documents to/from Ryan, Pratt, and Adu-Tutu)
This is part of the separate discussion regarding email searches.

RFP No. 61 (Documents sufficient to show organizational structure)
Defendants have produced all responsive ADC documents, and will supplement as necessary.  You will determine what are the responsive Wexford documents, and produce.

RFP No. 63 (Folder structure images for email).
You stated that this would be very difficult to produce and involve creating something.  Plaintiffs will take this request off the table for now.

Other Document Requests
You will get back to us regarding the subpoenas associated with the deposition duces tecum and our proposed narrowing/withdrawal of many of the requests, as detailed in Ms.

Mitchell's Nov. 29 letter.  With regard to the monitoring reports, emails, and other documents responsive to Docket 76, Requests 4 and 5, you said the November monitoring reports will be produced today in a PDF format, and unlike the October reports they will be organized by performance measure rather than grouped by findings. This production will include the "green" findings as well.  You will re-produce the October MGAR reports in this same format and organization.

With regard to prisoner Plaintiff Victor Parsons' Second Set of RFPs, you said that you have some more incident reports regarding the use of pepper spray and force on some of the named plaintiffs, and these will be provided soon.  You also indicated that Counsel for Plaintiffs should contact you to coordinate the logistics of viewing the videos that were responsive to this set of requests.

Thank you again for taking the time to talk with us about Plaintiffs' requests.  We hope you found the discussion as productive as we did. While Plaintiffs have limited the requests as detailed above, you agreed on the call that Defendants are still obligated to produce any and all documents that they intend to rely on at trial, and that Plaintiffs' agreement to limit these requests does not waive the right to receive documents that will be relied upon at trial.  If you have any questions or concerns, please let me know.  Happy holidays.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick, Staff Attorney

cc:    Counsel of Record

1    Thomas C. Horne
     Attorney General
2
     Michael E. Gottfried, Bar No. 010623
3    Lucy M. Rand, Bar No. 026919
     Katherine E. Watanabe, Bar No. 027458
4    *Assistant Attorneys General*
     1275 W. Washington Street
5    Phoenix, Arizona 85007-2926
     Telephone: (602) 542-1610
6    Fax:         (602) 542-7670
     Michael.Gottfried@azag.gov
7    Lucy.Rand@azag.gov
     Katherine.Watanabe@azag.gov
8
     Daniel P. Struck, Bar No. 012377
9    Kathleen L. Wieneke, Bar No. 011139
     Rachel Love, Bar No. 019881
10   Timothy J. Bojanowski, Bar No. 22126
     Nicholas D. Acedo, Bar No. 021644
11   Courtney R. Cloman, Bar No. 023155
     Ashlee B. Fletcher, Bar No. 028874
12   Anne M. Orcutt, Bar No. 029387
     STRUCK WIENEKE & LOVE, P.L.C.
13   3100 West Ray Road, Suite 300
     Chandler, Arizona  85226
14   Telephone:  (480) 420-1600
     Fax:  (480) 420-1696
15   dstruck@swlfirm.com
     kwieneke@swlfirm.com
16   rlove@swlfirm.com
     tbojanowski@swlfirm.com
17   nacedo@swlfirm.com
     ccloman@swlfirm.com
18   afletcher@swlfirm.com
     aorcutt@swlfirm.com
19
     *Attorneys for Defendants*
20
                    UNITED STATES DISTRICT COURT
21
                         DISTRICT OF ARIZONA
22
     Victor Parsons; *et al.*, on behalf of themselves      NO. CV12-0601-PHX-NVW (MEA)
23   and all others similarly situated; and Arizona
     Center for Disability Law,                             **DEFENDANTS' *SEVENTEENTH***
24                                                          **SUPPLEMENTAL RESPONSE TO**
                          Plaintiffs,                       **PLAINTIFF VICTOR PARSONS'**
25                                                          ***FIRST* SET OF REQUESTS FOR**
                    v.                                      **PRODUCTION OF DOCUMENTS**
26                                                          **TO DEFENDANTS**
     Charles Ryan and Richard Pratt, in their
27   official capacities,

28                        Defendants.

     #3395884

**PRISONERS**

**REQUEST FOR PRODUCTION NO. 40**

All documents regarding DEATH RECORDS.

**RESPONSE**

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence; seeks confidential medical information regarding inmates who are not parties to this action without medical releases; calls for the production of security-sensitive information, the disclosure of which could jeopardize facility security.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information. Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation.

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney-client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.

Defendants object as vague and ambiguous.

Without waiving these objections, see:

1.      Death records of deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC024170-ADC027099.

2.      Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC032045-ADC033638.

3.      Mortality reviews for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033639-ADC033708.

4.      Medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC033709-ADC034679.

5.      Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC037377-ADC038751.

6.      Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC038752-ADC040549.

7.      Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC040693-ADC047095.

8.      See previously produced Health Services TM, Chapter 7, Sections 7.2, Inmate Mortality, and 7.3, HR Transfer – Deceased.

9.      See forms 1105-01, 1105-03, produced in response to RFP No. 1, above.

10.     Additional medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC053359-ADC053861.

11.     Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC061103-ADC067193.

12.     Death investigations for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC071951-ADC073107.

13.     Death investigations for deceased inmate(s) from January 1, 2011 to present, attached hereto as Bates Numbers ADC0084985-086640.

14.     Mortality Review for deceased inmate(s) from January 1, 2011 to present, attached hereto as Bates Numbers ADC086641-086645.

15.   Medical records for deceased inmates from January 1, 2011 to present, attached hereto as Bates Numbers ADC086646-088623.

Defendants will supplement this response as necessary.

**REQUEST FOR PRODUCTION NO. 41**

All documents regarding any REVIEWS done of HEALTH CARE for HOSPITALIZED PRISONERS, whether done BEFORE OR AFTER the HOSPITALIZATION of any hospitalized prisoner.

**RESPONSE**

Objection: Assumes facts; overbroad in that this request seeks information about inmates and claims that are not set forth in Plaintiffs' Complaint; overbroad as to timeframe; vague and ambiguous; not reasonably calculated to lead to the discovery of admissible evidence.

Defendants object to the production of any information that is protected by the attorney-client privilege, settlement privilege, deliberative process privilege, work product doctrine, or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

Defendants object to the production of any information that is irrelevant and/or immaterial to the claims and issues in this action and/or information that is not reasonably calculated to lead to the discovery of admissible information.  Defendants object to the extent that these requests for production seek, in whole or in part, the disclosure of confidential, financial, trade, or proprietary information. Defendants object to any request that seeks confidential or privileged information relating to non-parties to this litigation. Until class certification is obtained, the Defendants object to any request that seeks information relating to inmates, other than the fourteen named prisoner plaintiffs, as overbroad and unduly burdensome.   This request is also overbroad and unduly burdensome given the number of inmates in ADC custody.

Defendants object to the production of metadata because it is unreasonably cumulative, irrelevant, duplicative, contains attorney-client privileged information, security-sensitive information, proprietary information, and is not reasonably accessible because of undue burden and/or cost.

Without waiving these objections, the Defendants do not intend to produce any documents in response to this request ~~at this time~~, as it would involve the creation of documents. ***Further, if Plaintiffs' request refers to the production of an image of an e-mail custodian's e-mail folder,*** ~~and the Defendants feel it is excessive given that all emails collected pursuant to the Plaintiff's search terms have already been collected and are being reviewed for production. Furthermore,~~ ***the emails contemplated*** being produced ***were*** ~~are~~ ***not*** ~~being~~ ***retrieved*** ~~from the custodians' email accounts~~ ***with this information,*** ~~but from~~ ***as they were retrieved*** from the ADC's e-mail ***archive server*** ~~retention system~~.

DATED this 25th day of July, 2013

Thomas C. Horne
ATTORNEY GENERAL


s/ *Lucy M. Rand*
Lucy M. Rand
Michael E. Gottfried
Katherine E. Watanabe
*Assistant Attorneys General*

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE & LOVE, P.L.C.

*Attorneys for Defendants*

| **Subject:** | **Re: Document Review - PARSONS v. RYAN** 📄 | |
|---|---|---|
| From: | Caroline N Mitchell | 11/20/2013 04:03 PM |
| | Extension:   415-875-5712 | |
| To: | Rand, Lucy | |

Hi Lucy,

I called you to discuss document production.  I am attaching an updated, prioritized list of the medical files we need.  For the deceased inmates, consistent with our discovery requests, you should produce the DEATH RECORDS, which includes the medical files, mortality reviews and internal investigations, as well as any other of the records in your possession meeting our definition of DEATH RECORDS.   As we discussed previously, in addition to these documents, we do want the psych autopsies, the CAPs and the other documents you agreed to produce.  I am available to discuss with you which of the Parsons discovery requests should be supplemented on an ongoing basis.  Also, Plaintiffs will be supplementing our production shortly with recently acquired materials.

Please call me if you have questions or wish to discuss further.

Thank you,

Caroline



SFI_845053_1_Priority Records.DOCX

Caroline Mitchell
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA  94104-1500
+1.415.875.5712
+1.415.875.5700
e-mail: cnmitchell@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

| Date of Death | Name of Prisoner | Age | ADC # | ADC location prior to death |
|---|---|---|---|---|
| 11/5/12 | Timothy Ben | 29 | 186585 | Florence |
| 2/2/13 | Christina Black | 52 | 145562 | Perryville |
| 3/3/2013 | Vernon Davidson | 58 | 127734 | Florence |
| 3/11/2013 | Rafael Guevara | 23 | 254097 | Lewis |
| 3/14/2013 | Kevin Pate | 54 | 91377 | Yuma |
| 3/16/2013 | Jesse Cornejo | 24 | 246859 | Eyman |
| 3/17/2013 | Johnny Lopez | 52 | 79275 | Florence |
| 3/17/2013 | Scott Broadhead | 57 | 35145 | Eyman |
| 3/27/2013 | James Smith | 51 | 116912 | Florence |
| 3/29/2013 | William Driver | 72 | 162813 | Tucson |
| 4/1/2013 | Kristian Brown | 49 | 182532 | Kingman |
| 4/1/2013 | Gary Church | 53 | 39345 | Florence |
| 4/8/2013 | Billy Lee | 54 | 37490 | Tucson |
| 4/10/2013 | Charles Jeffrey | 38 | 212819 | Tucson |
| 4/14/2013 | Alberto Jimenez | 36 | 138779 | Florence |
| 4/22/2013 | Joaquin Tamayo | 41 | 106163 | Eyman |
| 4/25/2013 | Russell Clark | 53 | 59997 | Tucson |
| 5/1/2013 | Paul Henderson | 22 | 247636 | Eyman |
| 5/6/2013 | Karl Narten | 82 | 24550 | Tucson |
| 5/10/2013 | Milo Stanley | 50 | 64794 | Eyman |
| 5/14/2013 | Anthony Martinez | 65 | 85596 | Florence |
| 5/19/2013 | Bobby Smith | 72 | 65084 | Tucson |
| 5/20/2013 | Rose Hodges | 49 | 113364 | Perryville |
| 6/2/2013 | Mackie McCabe | 57 | 49597 | Tucson |
| 6/7/2013 | John Ray | 54 | 118850 | Florence |
| 6/17/2013 | John Jones | 63 | 54741 | Lewis |
| 6/17/2013 | Fenton Skaggs | 38 | 198534 | Kingman |
| 6/19/2013 | Dale Hausner | 40 | 240702 | Eyman |
| 6/23/2013 | Henry Billings | 80 | 218617 | Eyman |
| 7/1/2013 | David Valenzuela | 56 | 63167 | Yuma |
| 7/3/2013 | Theron Chambers | 72 | 40915 | Tucson |
| 7/10/2013 | Galen Lindstrom | 62 | 75515 | Phoenix |
| 7/13/2013 | Thomas Herrera | 57 | 78507 | Douglas |
| 7/17/2013 | Patrick Hoppes | 48 | 242119 | Tucson |
| 7/26/2013 | Alvis Smith | 59 | 31588 | Tucson |
| 8/2/2013 | George Malone | 69 | 86899 | Florence |
| 8/5/2013 | Lawrence Cuyler | 75 | 266818 | Tucson |
| 8/14/2013 | Javier Gonzalez | 23 | 217498 | Florence |
| 8/14/2013 | Van Branch | 53 | 72628 | Florence |

| Date of Death | Name of Prisoner | Age | ADC # | ADC location prior to death |
|---|---|---|---|---|
| 11/5/12 | Timothy Ben | 29 | 186585 | Florence |
| 2/2/13 | Christina Black | 52 | 145562 | Perryville |
| 8/22/2013 | George Fierros | 58 | 58206 | Tucson |
| 8/27/2013 | Miguel Sanchez | 28 | 270127 | Florence |
| 8/31/2013 | Marco Chavez | 34 | 187239 | Florence |
| 9/23/2013 | Shawn Southworth | 37 | 257109 | Tucson |
| 9/25/2013 | Harold Batista | 21 | 270988 | Yuma |
| 10/1/2013 | Bennie Harris | 54 | 67481 | Tucson |
| 10/2/2013 | Richard Hildenbrand | 80 | 140990 | Florence |
| 10/3/2013 | Gregory Schlundt | 50 | 54406 | Tucson |
| 10/7/2013 | Kevin Wirts | 45 | 258690 | Tucson |
| 10/9/2013 | Rusty Anderson | 42 | 222642 | Tucson |
| 10/9/2013 | Kenneth Gifford | 48 | 128657 | Lewis |
| 10/10/2013 | Michael Melendez | 52 | 102559 | Florence |
| 10/18/2013 | Emmanuel Arline | 28 | 198483 | Eyman |
| 10/19/2013 | Steven Ensslin | 40 | 90119 | Florence |
| 10/19/2013 | Roosevelt Foster | 68 | 51942 | Kingman |
| 10/21/2013 | Todd Hoke | 22 | 253951 | Eyman |
| 10/23/2013 | Robert Maxwell | 46 | 65789 | Tucson |
| 10/24/2013 | Woody Trisky | 75 | 165447 | Tucson |
| 10/28/2013 | Avtar Sidhu | 51 | 278273 | Tucson |
| 11/1/2013 | George Rodriguez | 38 | 163888 | Florence |
| 11/3/2013 | Fred Bridges | 48 | 193106 | Tucson |
| 11/6/2013 | John Montano | 34 | 284933 | Tucson |
| 11/9/2013 | Gabrielle Flores | 23 | 279835 | Perryville |
| 11/12/2013 | Benny Roseland | 59 | 124449 | Florence |
| 11/12/13 | Eugene Chambers | 77 | 092330 | Florence |
| 11/14/2013 | Ignacio Ruelas | 46 | 234337 | Tucson |

Additional High Priority Records:

Dental records for Wells and Chisholm

Bernadette Deanna Ramirez, #264284
Sheila Manygoats #193693
Tory Lynn Williams #190756
Christina Ann Perez #194526
Latonya Cain #172377
Tristan Rossum, #121496
Ramon Martinez #076688

Leonard Bean #159352
Frank Galo #150621
Willie Johnson #220930
Christopher Pavloff #264480
Jody Sullivan #182295
Mark Martinez #200893
Frankie Rodriguez #140309
Anthony Hand #266711
Robert Dumond #180847
Jesse Mauricio #128194
Jesse Casas #156294
Tony Pruitt #175985
Jason Jones #242070
Chase Blackshear #208994
Wolfgang Ehmke #132189
Charles Johnson #099855
Eric Nelson #157808
Noe Jimenez #239038
Jesse Papanek #180906
Andrew Solorzano #281250
Samuel Wright #207261
David Ruiz #213456
Robert Harmon #251293
Brandon Antonides #153201
Robert Aloia #070520
Nathaniel Vargas #138514
Henry Ochoa #257721
Ray Arce #151480
Ryan Tenny #263981
Isaac Valle #126113
Carlos Alvardo #050444
Robert Jaramillo #039278
Michael Hernandez, #211872
Anthony Sepulveda, #222800
Billy Johnson, #225801
Dustin Varela, #274845
Thomas Kane, #060051
Leroy Montoya, #238802

# EXHIBIT

# 19



**Tom Horne**
**Attorney General**

**Office of the Arizona Attorney General**

**Civil Division / Liability Management Section**

**Lucy M. Rand**
**Direct (602) 542-7683**
Lucy.Rand@azag.gov

December 5, 2013

Via electronic mail only
ckendrick@prisonlaw.com

Corene Thaedra Kendrick, Esq.
Prison Law Office
1917 Fifth Street
Berkeley, California 94710-1916

Re:    *Parsons, et al. v. Ryan, et al.*
        USDC CV 12-00601-PHX-NVW (MEA)

Dear Corene:

This letter responds to your December 3, 2013, letter in which you attempted to memorialize an impromptu after-hours telephone call on December 2, 2013, with Caroline Mitchell, to which you joined.

To be clear, the December 2, 2013, after-6:00 p.m. impromptu telephone call was *NOT* a formal meet and confer as required by the Federal Rules of Civil Procedure 37, Local Rules of Civil Procedure 7.2, and the Court's Order (Dkt. 52, ¶ 6).  Ms. Mitchell immediately called me after receiving my response to her e-mail in which she requested to discuss Defendants' November 25, 2013, production.[1] I had advised Ms. Mitchell that I had missed her calls because I was away from the office and could talk now "quickly"—something Ms. Mitchell and I had done in the past after other productions—or set up a time to talk the next day.[2]  Ms. Mitchell asked to join you in the call.  At no time prior to the call or during the call did you or Ms. Mitchell inform me that your intent was to hold a meet and confer or of the issues to be discussed.  Plaintiffs' failure to provide Defendants notice of a meet and confer and the issues to be discussed denied Defendants the ability to confer prior to the call or to have any co-counsel on the call—even though Plaintiffs had apparently notified their co-counsel of the call and issues to be discussed.  It is unsettling that Plaintiffs mischaracterize this impromptu telephone call as a formal meet and confer and I find it extremely bold that Plaintiffs would consider defending these circumstances to the Court as the basis for a formal meet and confer.

---

[1]    Ms. Mitchell's e-mail was only sent to me and you, and not to Defendants' co-counsel.

[2]    Although Ms. Mitchell left me a voicemail on November 20, 2013, I did not return her call because she then communicated to me via e-mail and there was no longer a need to do so.

Corene Kendrick
*PARSONS v. RYAN, USDC CV12-0601-PHX-NVW*
*Re: Production*
December 5, 2013
Page 2

Below Defendants address your December 3 letter.

## I.    PSYCHOLOGICAL AUTOPSIES

Pursuant to the Court's Order (Dkt. 717), Defendants produced the psychological autopsies from 2011-2013 that were in existence at the time discovery closed, September 27, 2013. Pursuant to the Federal Rules of Civil Procedure 34, Defendants are not required to create documentation for production.  Consistent with the Court's Order and the Federal Rules of Civil Procedure 37, draft psychological autopsies in existence at the close of discovery were not produced unless otherwise ordered to do so by the Court.  Pursuant to the Court's Order (Dkt. 624), Defendants produced three draft psychological autopsies as attachments to e-mails on October 25, 2013. (AGA_Review_00014104-00014106, Joaquin Tamayo #106163; AGA_Review_00022983-00022985, Paul Henderson #247636; and AGA_Review-00102860-00102897, Timothy Ben #186585.)  Consistent with the Court's Order (Dkt. 717), Defendants did not produce any final psychological autopsies created after the close of discovery.  To date, one psychological autopsy was created after the close of discovery.

## II.    MEDICAL RECORDS:

### A.    Dr. Wilcox Tour at ASPC-Florence

Defendants produced the following medical records requested by Plaintiffs' expert, Dr. Wilcox: James Calhoun, #204538, Kyle Chavez, #262243, and Vincent Feracci, #283825.  Plaintiffs do not dispute that these were the only medical records requested.

### B.    Dr. Wilcox Tour at ASPC-Tucson

In accordance with an e-mail request from Donald Specter to Tim Bojanowski on October 24, 2013, Defendants produced the sole medical record of Miguel Ventura, #219103, from January 11, 2011 to October 28, 2013.  Plaintiffs claim for the first time in your December 3rd letter that Dr. Wilcox also requested the medical records of inmates Pedro Guillen, #076248, and Brian Wolf, #173405.  Mr. Specter only requested one medical record and Defendants produced it.

### C.    Dr. Cohen Tour at ASPC-Lewis

Defendants located the medical records tabbed by Dr. Cohen at his ASPC-Lewis tour and produced the documents on December 4, 2013, bates numbers ADC200169-200238.

### D.    Released Inmates

Defendants are prohibited from producing medical records for inmates who have been released.  These inmates are no longer members of the prisoner class and the protective order does not cover them.  If, however, Plaintiffs provide releases for released individuals, Defendants will produce their medical records.  To the extent Plaintiffs have case law holding that released inmates are still a part of the prisoner class, please provide us a copy.

Corene Kendrick
*PARSONS v. RYAN, USDC CV12-0601-PHX-NVW*
*Re: Production*
December 5, 2013
Page 3

      Additionally, Defendants are confused as to why Plaintiffs waited until now to raise this issue.  Indeed, Defendants advised Plaintiffs' counsel months ago (Jennifer Alewelt in or about September and Alison Hardy in October) that Defendants would not produce records for released inmates and Plaintiffs failed to object to this position until two days ago.

      **E.**    **Mental Health Document Review**

      Your December 3 letter erroneously states that I agreed to provide the complete medical record of Javier Gonzalez, #217498.  I only agreed to produce any page tabbed by Plaintiffs' counsel at the document review of the 19 boxes of mental health dispositions and observations.  Plaintiffs tabbed one page belonging to inmate Gonzalez, which was produced on December 4, 2013, bates number ADC200239.

      **F.**    **Deceased Inmates**

      Although it appears Katherine Watanabe produced deceased inmate medical records in response to Parsons' 1st RFP No. 40, that production was improper as RFP No. 40 does not request deceased inmate medical records.  Moreover, the parties never reached an "agreement" to produce deceased inmate medical records in response to Parsons' 1st RFP No. 40.  Plaintiffs' definition of death records does not include medical records.  As such, Defendants will not produce any medical records for deceased inmates in response to Parsons' 1st RFP No. 40.

**III.**    **CORRECTIVE ACTION PLANS**

      Defendants did not produce Corrective Action Plans because the computer-related output logistics have not yet been completed.  As I explained to you in our call, preliminary printouts were generated; however, the reports did not output properly and staff is currently undertaking steps to resolve this issue.

              Sincerely,

              s/ Lucy M. Rand
              Lucy M. Rand,
              Assistant Attorney General

LMR/hs

#3630016

**1275 W**EST **W**ASHINGTON **S**TREET, **P**HOENIX, **AZ** 85007-2926 ● (602) 542-1610 ● **F**AX (602) 542-7670 ● WWW.AZAG.GOV

# EXHIBIT

# 20

## Corene Kendrick

| | |
|---|---|
| **From:** | Corene Kendrick |
| **Sent:** | Monday, December 09, 2013 3:12 PM |
| **To:** | 'Rand, Lucy'; Don Specter |
| **Cc:** | 'Mitchell, Caroline'; 'SW&L Parsons Team'; 'Gottfried, Michael'; 'David Fathi'; 'kflood@acluaz.org'; 'AGerlicher@perkinscoie.com'; 'jalewelt@azdisabilitylaw.org'; 'Gottfried, Michael'; 'Dawn Northup' |
| **Subject:** | Correspondence re: deceased prisoners' medical records |
| **Attachments:** | 2012-08-22 Letter to Mitchell from Cloman re meet confer re Medical Records of deceased inmates.pdf; 12.08.31 Mitchell Letter to Bojanowki re meet-confer re death records.pdf; 12.10.12 Doc 179 Defs' Notice Conceding on File Access.pdf; 12.10.16 Kendrick to Wieneke re death records.pdf; 2012-10-22 Email from S. Wolford to Counsel re production of death records letter - with attachment.pdf; 2012-10-31 Email from K. Watanabe to Counsel re ltr requesting document prod.- with attachment.pdf; 13.02.11 A. Zuerlein to CK re 13.02.11 ltr with attachments.pdf; 13.02.19 A. Fletcher to J. Lyall et al re Meet and Confer.pdf |

Dear Lucy,

As we discussed on the call today, attached are the letters and court filings by Defendants in which Defendants indicate that they will produce deceased prisoners' medical records as responsive to Parsons' RFP Request No. 40.  You indicated that you would get back to me by Wednesday afternoon as to whether your position is changed in light of these documents.

You also indicated that you would provide an update by then as to whether the CAPs can be printed and produced.

With regard to whether Defendants need to produce medical records of prisoners who have left ADC custody since we requested the files in Licci RFP No. 4, we are at an impasse.

With regard to the psych autopsies, our position is that Defendants have to continue to produce them, as part of the obligation to supplement discovery responses up to trial. Defendants disagree with our interpretation of the Federal Rules.

We look forward to your response on Wednesday.

Thank you,

Corene

Corene Kendrick, Staff Attorney
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
(510) 280-2621
ckendrick@prisonlaw.com

# EXHIBIT
# 21

**Corene Kendrick**

| | |
|---|---|
| **From:** | Corene Kendrick |
| **Sent:** | Thursday, December 12, 2013 2:18 PM |
| **To:** | lucy.rand@azag.gov; michael.gottfried@azag.gov; dstruck@swlfirm.com; afletcher@swlfirm.com |
| **Cc:** | Don Specter; 'David Fathi'; Caroline Mitchell (cnmitchell@jonesday.com); AGerlicher@perkinscoie.com; kflood@acluaz.org |
| **Subject:** | Parsons v. Ryan: Defendants' response re: discovery disputes |

Lucy,

When we spoke this morning you said you would get right back to me about the deceased prisoners' medical records and whether Defendants were changing their position on the issue, in light of the past correspondence that I sent you on Monday. On the Monday meet-and-confer you all had agreed to respond by Wednesday afternoon.  Please let me know by the end of the day if Defendants' position on providing these medical records has changed. If we don't hear from you, we will interpret silence to mean that Defendants' position is unchanged.

Thank you,

Corene

Corene Kendrick, Staff Attorney
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
(510) 280-2621
ckendrick@prisonlaw.com

## Corene Kendrick

**From:** Rand, Lucy
**Sent:** Thursday, December 12, 2013 2:43 PM
**To:** 'Corene Kendrick'
**Cc:** SW&L Parsons Team (ParsonsTeam@swlfirm.com); Gottfried, Michael
**Subject:** RE: Parsons v. Ryan: Defendants' response re: discovery disputes

Corene,

I am preparing a response, but am currently out of the office and will hopefully return before the end of today.

Lucy

Lucy M. Rand, AAG
Office of the Attorney General
(602) 542-7683 Direct

The information contained in this e-mail message is privileged and confidential, intended only for the use of the specific individuals and/or entities to which it is addressed.  If you are not one of the intended recipients, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you received this communication in error, please immediately notify the sender by return e-mail or call (602) 542-7683.  Thank you.

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Thursday, December 12, 2013 3:18 PM
**To:** Rand, Lucy; Gottfried, Michael; dstruck@swlfirm.com; afletcher@swlfirm.com
**Cc:** Don Specter; David Fathi; Caroline Mitchell; AGerlicher@perkinscoie.com; kflood@acluaz.org
**Subject:** Parsons v. Ryan: Defendants' response re: discovery disputes

Lucy,

When we spoke this morning you said you would get right back to me about the deceased prisoners' medical records and whether Defendants were changing their position on the issue, in light of the past correspondence that I sent you on Monday. On the Monday meet-and-confer you all had agreed to respond by Wednesday afternoon.  Please let me know by the end of the day if Defendants' position on providing these medical records has changed. If we don't hear from you, we will interpret silence to mean that Defendants' position is unchanged.

Thank you,

Corene

Corene Kendrick, Staff Attorney
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
(510) 280-2621
ckendrick@prisonlaw.com