Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
       kflood@acluaz.org
       jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **DECLARATION OF CORENE KENDRICK** |

I, Corene Kendrick, declare:

1. I am an attorney licensed to practice before the courts of the State of California, and admitted to this Court *pro hac vice*. I am a Staff Attorney at the Prison Law Office, and an attorney of record to the plaintiff class in this litigation. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2. Attached herein as Exhibit 1 is a true and correct copy of Arizona Department of Corrections ("ADC") Department Order 902, "Inmate Legal Access to the Courts," effective July 6, 2013, and downloaded from ADC's website at http://www.azcorrections.gov/Policies/900/0902.pdf on December 2, 2013.

3. Attached herein as Exhibit 2 is a true and correct copy of a statewide memorandum dated September 17, 2013, signed by Julia Erwin, ADC Legal Access Monitor, and Dawn Northup, ADC General Counsel, addressed to Robert Patton, Division Director for ADC's Offender Operation Division. The memo lists five legal offices whose legal mail should not be processed as such unless an attorney's name is listed on the return address. The five organizations are: NAACP, Justice Project, ACLU, Arizona Center for Disability Law, and Prison Law Office.

4. Attached herein as Exhibit 3 is a true and correct copy of a demand letter dated September 9, 2013, sent by Dianne Post, Attorney, Maricopa County Branch of the National Association for the Advancement of Colored People, and addressed to Defendant Ryan. The letter details the allegedly unconstitutional treatment of and policies by ADC towards gay, lesbian, bisexual, and transgender prisoners, as well as possible racial discrimination against certain prisoners.

5. Attached herein as Exhibit 4 is a true and correct copy of a letter that I sent on September 25, 2013, to Daniel Struck, Defendants' counsel, enclosing a September 12, 2013 memo sent to all prisoners at ASPC-Eyman informing them that legal mail from five legal organizations will not be processed as legal mail if there is not an attorney's name listed on the return address. It lists the same five organizations as Exhibit 2. In the letter,

1  I ask Mr. Struck that the Eyman memo, and any other similar memos, be rescinded
2  because the directive is inconsistent with ADC's written mail policies.

3        6.      On October 7, 2013, Defendants' counsel emailed a letter in response to my
4  September 25 letter. Attached herein as Exhibit 5 is a true and correct copy of the email
5  and letter written by Ashlee Fletcher, defense attorney. Ms. Fletcher states that our
6  offices have "to include a specific attorney's name on the return address of any mail
7  directed to your clients." She did not address our assertion that the directive violated
8  ADC written policy, nor did she agree to rescind the memos.

9        7.      That same day, I wrote Ms. Fletcher back and explained that the envelopes
10 used by the Prison Law Office and the ACLU had the names of specific attorneys – Don
11 Specter and David Fathi, respectively – printed on them, and the envelopes also had
12 "Legal Mail" printed on them. I enclosed scanned copies of both organizations'
13 envelopes. Attached herein as Exhibit 6 is a true and correct copy of my October 7, 2013
14 letter to Ms. Fletcher. I have never received a response to this letter.

15       8.      As a result of these policies, and incidents detailed below, I and the other
16 attorneys working on this case must assume that our correspondence will be read by ADC
17 staff. We are circumspect with respect to communications with clients, out of concern
18 that our privileged communications will be read by ADC. This has a chilling effect on
19 our communications with the class this Court appointed us to represent.

20       9.      On October 14, 2013, I sent a second letter to Ms. Fletcher regarding a
21 prisoner who did not have his outgoing mail treated as legal mail. Our office had been
22 contacted by Seymour Abdullah, # 40697, a prisoner housed at ASPC-Eyman, Meadows
23 Unit. At the time I sent the letter, I did not use Mr. Abdullah's name, because I wanted to
24 obtain explicit permission from him before doing so. Attached herein as Exhibit 7 is a
25 true and correct copy of my October 14, 2013 letter to Ms. Fletcher. I have never received
26 a response to this letter.

27       10.     Attached herein as Exhibit 8 is a true and correct copy of a declaration dated
28 November 12, 2013, signed under penalty of perjury by Mr. Abdullah. Mr. Abdullah

1  describes how on October 2, 2013, he attempted to mail a package addressed to Donald
2  Specter at the Prison Law Office. [Ex. 8 at ¶ 3] A mailroom worker told Mr. Abdullah
3  that any mail to or from the Prison Law Office is not legal mail, based upon the statewide
4  memo. [*Id*.] Mr. Abdullah explained that Mr. Specter is an attorney at law, but then the
5  Eyman law library paralegal said that since Mr. Specter is not a member of the Arizona
6  bar, the package did not have to be treated as Legal Mail. [*Id*. ¶ 4] As a result, the packet
7  of documents that Mr. Abdullah was sending to the Prison Law Office was read by prison
8  staff. [*Id*. ¶ 5]

9      11.    Mr. Abdullah mailed his November 12 declaration [Ex. 8] to the Prison Law
10 Office, on November 14, 2013, in an envelope addressed to me, with the title "Attorney at
11 Law." Attached herein as Exhibit 9 is a true and correct copy of a declaration dated
12 November 14, 2013, signed under penalty of perjury by Mr. Abdullah. On that day, Mr.
13 Abdullah also attempted to send as legal mail a letter to the ACLU of Arizona. [*Id.*] Mr.
14 Abdullah states that the same mailroom supervisor returned the envelopes to him and said
15 that neither of the people the envelopes were addressed to were Arizona lawyers, and so
16 the letters would be sent out as regular mail, not legal mail. [*Id.*] Mr. Abdullah asked the
17 officer to write that in red ink on the envelope addressed to me. [*Id.*] In his November
18 14, 2013 declaration, Mr. Abdullah reports that this has happened to him before with legal
19 mail he was sending to the ACLU, the Prison Law Office, and the NAACP. [*Id.*]
20 Attached herein as Exhibit 10 is a true and correct copy of the envelope addressed to me
21 as: "Corene Kendrick, Esq. Attorney at Law." To the right of my name, it is handwritten:
22 "Checked Not Listed in Arizona Bar."

23     12.    Attached herein as Exhibit 11 are photos that I took on December 26, 2013,
24 of an envelope sent to me by Mr. Abdullah after he had been moved to ASPC-Florence
25 South Unit. The envelope was delivered with the left edge torn open and taped, and the
26 envelope flap had been opened and taped. The envelope is one of the self-addressed
27 stamped envelopes the Prison Law Office sends prisoners to use to correspond with us.
28 The envelope has "Legal Mail" printed on it, and my administrative assistant had written

-3-

"Corene Kendrick, Esq." above the office's mailing address before sending it to Mr. Abdullah for him to use to write me back.

13. Attached herein as Exhibit 12 is a true and correct copy of an envelope that the Prison Law Office sent in November 2013 to Jose Fierro, # 44803, a prisoner housed at Florence-Central. This letter was delivered to him open, and above where "Legal Mail" was printed on the envelope, mail room staff had written "NOT per DO 902.11" and wrote "Reroute Mail" under the Legal Mail stamp.

14. Attached herein as Exhibit 13 is a true and correct copy of an envelope that the Prison Law Office received on November 18, 2013 from Mr. Fierro. He addressed the letter to me, as "Attorney at law" and wrote "legal mail" in large print on the envelope. The envelope was stamped by ADC as "LEGAL MAIL" and "INSPECTED."

15. Attached herein as Exhibit 14 are photos that I took on December 9, 2013 of an envelope sent to me by Shane Spalding, # 253284, a prisoner housed at Tucson-Whetstone. The envelope arrived to our office with the top edge roughly cut open and taped shut with scotch tape. The envelope is one of the self-addressed stamped envelopes the Prison Law Office sends prisoners to use to correspond with us. The envelope has "Legal Mail" printed on it, and my administrative assistant had written "Corene Kendrick, Esq." above the office's mailing address before sending it to Mr. Spalding. The envelope also is stamped "INSPECTED."

16. Attached herein as Exhibit 15 is a true and correct copy of an envelope that the Prison Law Office sent in December 2013 to Anthony Gosney, # 202988, a prisoner housed at Tucson-Whetstone. This letter was delivered to him open, and mail room staff had stamped it "RETURN ADDRESS NOT LEGAL PER ADC" and "PER 902.11" was handwritten under the stamp.

17. Attached herein as Exhibit 16 are true and correct copies of two envelopes sent between the Prison Law Office and John Larsgard, # 271552, a prisoner housed at Tucson-Manzanita. The first envelope was sent to Mr. Larsgard by the Prison Law Office on December 10, 2013. The envelope was stamped by ADC as "RETURN ADDRESS

-4-

NOT LEGAL PER ADC" and "INSPECTED" and was signed on December 14, 2013, by Correctional Officer ("CO")-II Smith, badge number 10960. The second envelope, sent from Mr. Larsgard to the Prison Law Office, was received in my office on December 27, 2013. The letter was sent via Certified Mail, was addressed to "Attorney Corene Kendrick" and marked as legal mail. ADC staff stamped the envelope as "INSPECTED".

18. Attached herein as Exhibit 17 are true and correct copies of two envelope sent between the Prison Law Office and Jody Sullivan, a prisoner housed at Tucson-Manzanita. The first envelope was sent to Mr. Sullivan by the Prison Law Office on December 6, 2013. The envelope was stamped by ADC as "RETURN ADDRESS NOT LEGAL PER ADC." The second envelope, a United States Postal Service Priority Mail envelope, was sent from Mr. Sullivan to the Prison Law Office and was received in my office on December 30, 2013. The envelope had been stamped in multiple locations as "LEGAL MAIL" and was addressed to Donald Specter, Attorney at Law. ADC staff stamped the Priority Mail envelope as "INSPECTED".

19. Attached herein as Exhibit 18 is a declaration dated and signed on December 17, 2013, under penalty of perjury by Brein Mandeville, # 244685, a prisoner housed at ASPC-Lewis Rast Unit. He was requesting indigent legal mail to send a letter to the Prison Law Office, addressed to Donald Specter. His request was rejected and returned to him as "Not Considered Legal." [Ex. 18 ¶ 3]

20. Attached herein as Exhibit 19 is a declaration dated and signed on November 4, 2013 under penalty of perjury by Stephen Reeves, # 263041, a prisoner housed at ASPC-Eyman Browning Unit. He states that two days after he sent a letter to me about his untreated medical conditions, the doctor came to his cell and brought him in to be treated for the medical issues described in the letter to me. [Ex. 19 ¶ 8] Mr. Reeves states that he believes his legal mail to me was read on this occasion, and has reason to believe that all legal mail sent by prisoners in 9" by 12" envelopes are automatically opened. [*Id.*] He reports that he regularly includes drawn cartoons about the court system in his legal mail to his attorney, and on one occasion the legal mail monitor said to him,

1 "Shucks, no pictures this time" [*Id*.]

2 21. Attached herein as Exhibit 20 is a sworn declaration dated and signed on
3 July 29, 2013 under penalty of perjury by Barry Patterson, # 117045, a prisoner housed at
4 ASPC-Eyman. Mr. Patterson is the plaintiff-appellant in a case in the Ninth Circuit
5 involving civil rights claims against ADC prison officials and correctional officers for
6 religious discrimination and deliberate indifference to his health and medical conditions.
7 [Ex. 20 ¶ 2] In March 2013, Mr. Patterson attempted to send a handwritten letter
8 addressed to his court-appointed attorney as Legal Mail; the letter was regarding his claim
9 of deliberate indifference to his hypothyroidism condition. [*Id*. ¶ 4] Along with the letter,
10 Mr. Patterson enclosed information about *Parsons v. Ryan* so his attorney could use that
11 information in Mr. Patterson's case. [*Id*.] Mr. Patterson also enclosed copies of letters
12 from the ACLU about *Parsons*. [*Id*. ¶ 5] When Mr. Patterson presented the package to
13 the mailroom clerk to be sent out as legal mail, the clerk read through all of the
14 documents, and stated the newspaper articles about *Parsons* were not legal material. [*Id*.]
15 The clerk also read the correspondence from the ACLU to Mr. Patterson regarding the
16 class action that Mr. Patterson was attempting to forward to his attorney, and decided that
17 these were, in the clerk's words, "absolutely illegal" and needed to be "impounded" so
18 that someone else could read the documents and decide which documents Mr. Patterson
19 could send to his attorney. [*Id*. ¶¶ 5-6]

20 22. Attached herein as Exhibit 21 is a supplemental declaration dated and
21 signed on September 17, 2013 under penalty of perjury by Barry Patterson, # 117045. He
22 describes how he attempted to send documents as legal mail to the Ninth Circuit Court of
23 Appeals, a correctional officer opened and read the documents. [Ex. 21 ¶ 1]. When Mr.
24 Patterson complained to the Eyman-Rynning mail clerk, she told him that any staff
25 member can open and "scan" legal mail page by page. [*Id*. ¶ 2].

26 23. Attached herein as Exhibit 22 is a true and correct copy of a letter sent on
27 May 25, 2012 by Prison Law Office Executive Director Donald Specter to Michael
28 Gottfried, Assistant Attorney General. Information subject to the Protective Order in this

action will be redacted and an original version of Exhibit 22 will be filed under seal. Mr. Specter's letter detailed problems named plaintiffs were having, including in sending and receiving legal mail with the Prison Law Office and co-counsel. Mr. Specter stated that "several of our clients housed at ASPC-Lewis report that they are not receiving all clearly-labeled legal mail sent by us and our co-counsel, or that our mail is sent to other prisoners and is opened before it eventually gets to them." [Ex. 22 at 2] Specifically, Mr. Specter described how named plaintiff Dustin Brislan had letters addressed as legal mail to the ACLU of Arizona returned to him as "not deliverable" and opened. [*Id.*] Mr. Specter requested that Mr. Gottfried advise his clients that legal sent to the named plaintiffs be processed in accordance with Department Order 902.11 (Legal Mail). [*Id.*] Counsel for Plaintiffs did not receive a response to this letter.

24. Attached herein as Exhibit 23 is a true and correct copy of a letter sent on August 2, 2012 by Mr. Specter to Dan Struck, Defendants' counsel. Information subject to the Protective Order in this action will be redacted and an original version of Exhibit 23 will be filed under seal. It enclosed a copy of the May 25, 2012 letter [Ex. 22] previously sent to defense attorneys, and described retaliation that the named plaintiffs were experiencing. [Ex. 23] With regard to legal communications, Mr. Specter notes that named plaintiff Maryanne Chisholm was having problems getting legal calls scheduled with the attorneys in this case, and that named plaintiff Desiree Licci's legal mail was being opened outside her presence and delayed in its delivery. [*Id.* at 2] Mr. Gottfried from the Attorney General's office responded to Plaintiffs' counsel by email on August 9, 2012, regarding the mental health care of two named plaintiffs, but did not address the allegations regarding legal mail interference.

25. Attached herein as Exhibit 24 is a true and correct copy of a letter sent on November 29, 2012 by James Duff Lyall, an attorney at the ACLU of Arizona, to Mr. Gottfried. Information subject to the Protective Order in this action will be redacted and an original version of Exhibit 24 will be filed under seal. Mr. Lyall's letter describes problems that named plaintiff Brislan was having at ASPC-Eyman with incoming legal

mail being opened outside his presence. [Ex. 24 at 2] Plaintiffs' counsel did not receive a response from Defendants' counsel regarding Mr. Lyall's letter.

26. Attached herein as Exhibit 25 is a true and correct copy of a letter sent on January 24, 2013 by Matthew du Mée, an attorney of record in this case and associate at Perkins Coie, to Mr. Gottfried. Mr. du Mée's letter describes how named plaintiff Joshua Polson's incoming legal mail is being opened outside of his presence by ASPC-Lewis staff, and that named plaintiff Jeremy Smith's legal mail file was taken from him during a transfer out of the isolation unit. [Ex. 25 at 1] Mr. du Mée details the unanswered correspondence from the previous eight months regarding legal mail interference, and requested a response by January 30, 2013, and a meet and confer on the topic. [*Id*. at 1-2]

27. Attached herein as Exhibit 26 is a true and correct copy of a letter sent on February 5, 2013 by Ashley Zuerlein, Assistant Attorney General, in response to Mr. du Mée's January 24 letter. Ms. Zuerlein states that "[i]n the incidents you have identified, it appears that the correspondence addressed to Plaintiffs was not readily identifiable to staff as legal mail." [Ex. 26 at 1] She goes on to say that "ADC inmates receive general correspondence from the ACLU, PLO, ADCL and other similar organizations that do not qualify as legal mail," that the return address alone is not enough for mailroom staff to know the letters are legal mail, and that any envelope sent to a prisoner must be clearly marked as legal mail. [*Id*.] Ms. Zuerlein also promises that "in order to increase the likelihood of identifying Plaintiffs' legal mail, ADC will also be sending a list of the attorneys and law firms representing Plaintiffs in this case to its mail processing departments." [*Id*. at 2] She asks Plaintiffs' counsel to advise if they still believed a meet-and-confer was necessary. [*Id*. at 3]

28. Mr. du Mée wrote Ms. Zuerlein back on February 8, 2013, reiterating the request for a meet and confer regarding legal mail problems, and acknowledging and thanking Ms. Zuerlein for her offer to provide the mail processing departments with a list of the attorneys and law firms representing the plaintiffs in *Parsons v. Ryan*. Attached as Exhibit 27 is a true and correct copy of Mr. du Mée's February 8 letter. Mr. du Mée

-8-

1  expressed concern that Ms. Zuerlein's February 5 letter acknowledged that legal mail to
2  the named plaintiffs was repeatedly opened outside of their presence. [Ex. 27 at 2]. Mr.
3  du Mée's letter notes that "all of the organizations involved in this case have consistently
4  used envelopes that have our return addresses and are stamped with the words 'LEGAL
5  MAIL' on the front of the envelope for legal correspondence." [*Id*.] Mr. du Mée's letter
6  also asks for clarification regarding Ms. Zuerlein's comment that Plaintiffs' counsel were
7  sending "general correspondence" that "do not qualify as legal mail" and reiterates that
8  such mail should be presumed to be legal mail. [*Id*. at 2-3]

9       29.    Ms. Zuerlein responded on February 12, 2013, stating that "a meet and
10 confer does not seem to be productive at this time" because Plaintiffs have not provided
11 enough specific detail regarding interference with legal mail. Attached as Exhibit 28 is a
12 true and correct copy of Ms. Zuerlein's February 12 letter. She goes on to state that
13 "ADC will not be amending its legal mail policy to classify outside organizations such as
14 the ACLU, PLO, or ACDL as a legal entity," [Ex. 28 at 2], as "[t]he ACLU is a very large
15 organization" and "[a]lthough correspondence from individual attorneys to an inmate
16 qualifies as legal mail, general advertising, promotional or informational mass mailing is
17 not legal mail." [*Id*.] She also alleges that several prisoners' disciplinary histories justify
18 prison staff inspecting their legal mail. [*Id*.]

19      30.    Mr. du Mée wrote Ms. Zuerlein in response on February 13, 2013, again
20 reiterating the need for the parties to meet and confer on the matter of legal mail. A true
21 and correct copy of Mr. du Mée's February 13 letter is attached herein as Exhibit 29. Mr.
22 du Mée also encloses a copy of the envelope that named plaintiff Polson received already
23 opened, and that Ms. Zuerlein had previously stated was excusable because the
24 correspondence was not readily identifiable as legal mail. [*Id*.] The envelope was clearly
25 stamped on front and back as "LEGAL MAIL." [*Id*. at 2, 6-10]

26      31.    On February 14, 2013, the parties met and conferred on a variety of topics,
27 including the interference with legal mail. Attached herein as Exhibit 30 is a true and
28 correct copy of an email chain between counsel for the parties after the meet and confer.

-9-

1  Mr. Lyall from the ACLU of Arizona sent a confirming email the same day after the
2  meeting, stating that defense counsel had taken the position during the meeting that some
3  mail such as "advertising" from the ACLU and other legal services organizations was not
4  legal mail, and that mail to non-plaintiff putative class members is not legal mail because
5  there is no attorney-client relationship, and that named plaintiffs should file grievances
6  regarding alleged retaliation for their participation in this lawsuit.  [*Id.* at 6-7]

7        32. On February 19, 2013, Ashlee Fletcher, defense counsel responded by email
8  and said that "Defendants never stated that an 'attorney-client relationship' did not exist
9  between non-plaintiff putative class members" and recommended that Plaintiffs identify
10 correspondence as from an attorney and not a director, and to "not request 'general
11 delivery' on their envelopes." [Ex. 30 at 5]  In a subsequent email dated February 25 to
12 Plaintiffs' counsel from Ashley Zuerlein at the Attorney General's Office, she advises that
13 she is "not going to engage in pity [sic] bickering" and that "[t]his case is currently limited
14 to whether or not ADC is providing constitutional medical care to the named plaintiffs.
15 This case is not the appropriate venue for your legal access claims.  Any challenge to
16 ADC's legal access policies should be brought in a separate lawsuit." [*Id*. at 3]

17       33. Ms. Fletcher's statement that Plaintiffs' counsel "not request 'general
18 delivery' on their envelopes" [Ex. 30 at 5], apparently refers to the Prison Law Office.
19 For decades, the Prison Law Office has maintained a mailing address of "General
20 Delivery, San Quentin, CA 94964."  "General Delivery" refers to the United States Postal
21 Service post office located outside the gates of the San Quentin State Prison.  The post
22 office is extremely small, and the Prison Law Office is not assigned a numbered post
23 office box.

24       34. Attached herein as Exhibit 31 is a true and correct copy of a letter sent on
25 March 7, 2013 from Matthew du Mée to Ms. Zuerlein, detailing retaliation that named
26 plaintiff Polson was experiencing.  Mr. Polson had attempted twice to send letters to Mr.
27 du Mée via the legal mail system, but neither letter arrived at Mr. du Mée's office.  [Ex.
28 31 at 2]  Mr. du Mée requested that these incidents be investigated.  [*Id*.]

1    35.    Attached herein as Exhibit 32 is a true and correct copy of an email chain between counsel for the parties regarding Mr. du Mée's March 7 letter. On March 18, 2013, Ms. Zuerlein asserted that Mr. Polson had refused at least three items of legal mail that month. [Ex. 32 at 5] Mr. du Mée responded on March 19, stating that he was able to speak to Mr. Polson, who asserted that he has not refused any legal mail. [*Id.* at 3] Ms. Zuerlein responded on March 21, attaching documents written by the correctional officers stating that Mr. Polson had refused his legal mail, but there were no documents signed by Mr. Polson. [*Id.* at 3, 2-3]

36.    Attached herein as Exhibit 33 is a true and correct copy of an inmate grievance filed on April 12, 2012 by named plaintiff Dustin Brislan while housed at ASPC-Lewis Rast Unit. He alleges that he sent out clearly labeled legal mail to the attorneys in this case, and it was returned to him opened and retaped in two places, and labeled "Return to Sender – Attempted – Not Known."

37.    Attached herein as Exhibit 34 is a true and correct copy of a declaration by Mr. Brislan, dated October 22, 2013. He describes the SMU-I unit staff's failure to abide by ADC's legal mail policies, including when officers read his outgoing legal letters, even though the policies state they should only scan the letter. [Ex. 34 at ¶ 3] He describes how his outgoing mail is taken away to be logged, rather than logged in his presence. [*Id.*] He describes multiple incidences in which his outgoing legal mail has been returned to him opened, [*Id.* at ¶ 4], and when his incoming legal mail is delivered already opened. [*Id.* at ¶ 5]

38.    Attached herein as Exhibit 35 is a true and correct copy of a grievance filed by Mr. Brislan on October 30, 2013. He states that on October 7, he had tried to send to me as Legal Mail a package with 136 pages of documents in it. [Ex. 35] Mr. Brislan reports that the envelope was returned to him opened. He states that he resent the package of documents and cover letter that same day in a new envelope, again addressed as legal mail.

39.    On October 22, 2013, the Prison Law Office received a letter from Mr.

-11-

1  Brislan that contained approximately 50 pages.  The envelope appeared to have been
2  opened and resealed.  In my experience of corresponding with Mr. Brislan, he is
3  meticulous in documenting the number of pages in a letter, and arranging them in a certain
4  order. The documents were out of order, and there were three separate documents that
5  were numbered with multiple pages missing.

6       40.    Attached herein as Exhibit 36 is a response dated October 24, 2013 to a
7  different grievance of Mr. Brislan's, alleging that self-addressed stamped envelopes I sent
8  him were confiscated.  The mailroom sergeant writes that such envelopes are
9  unauthorized and should be immediately seized by "staff members assigned to deliver
10 and/or inspect outgoing Legal Mail prior to it being sealed and logged."

11      41.    Attached herein as Exhibit 37 is a declaration dated and signed November 5,
12 2013 under penalty of perjury by named plaintiff Stephen Swartz, # 102486.  He states
13 that on October 28, 2013, ASPC-Lewis staff gave him mail sent to him from the Prison
14 Law Office, with Mr. Specter's name printed in the return address of the envelope.  The
15 envelope had been cut open, and there was a stamp on the envelope that said it was not
16 legal mail. [Ex. 37 at ¶ 4]  The letter inside had "LEGAL MAIL" printed across the top.
17 [*Id.* at ¶ 5]  This letter, along with copies of documents including medical and mental
18 health grievances that Mr. Swartz had sent to counsel to review, were out of order and the
19 papers all smelled of men's cologne.  [*Id.*]

20      42.    Mr. Swartz filed a grievance on October 30, 2013 regarding the opening of
21 his legal mail from the Prison Law Office.  The grievance response dated November 26,
22 2013 said that the incoming piece of mail lacked an attorney's name, and acknowledged
23 that staff had stamped it as not legal mail.  A true and correct copy of the grievance and
24 response are attached as Exhibit 38.  However, Exhibit 37 at 4 shows that an attorney's
25 name – Mr. Specter's – was printed on the envelope sent to Mr. Swartz.

26      43.    Attached herein as Exhibit 39 is a true and correct copy of an envelope
27 addressed to the Clerk of the U.S. District Court at the Tucson courthouse in a separate
28 individual case.  ADC staff returned the envelope to Mr. Swartz stamped as "Not

1   Considered Legal Mail."

2       44.     Attached herein as Exhibit 40 is a true and correct copy of an inmate letter
3   signed on April 2, 2013 by named plaintiff Jeremy Smith at ASPC-Lewis Buckley Unit.
4   He is asking to be able to contact with Stephen A. Brookman, an attorney at Perkins Coie,
5   to let Mr. Brookman know that he had been moved to an isolation cell.  Prison staff wrote
6   in response: "No attorney listed found under the listed name above."  It is unclear what
7   list the staff person was referring to, attached herein as Exhibit 41 is a true and correct
8   copy of a print out from the State Bar of Arizona website showing that Mr. Brookman was
9   admitted to the State Bar of Arizona on November 6, 2012.

10      45.     Attached herein as Exhibit 42 is a true and correct copy of a response to a
11  request filed by Mr. Smith asking for indigent legal mail supplies.  The response dated
12  September 6, 2013, by the SMU-I librarian stating "a review of your account reveals you
13  have no recent legal activity (i.e, legal copies, notary, postage, request for court forms,
14  etc.). Therefore, you do not qualify to receive supplies.  You may resubmit when you have
15  a current or active legal matter and insufficient funds to correspond."

16      46.     Attached herein as Exhibit 43 is a true and correct copy of a declaration
17  signed under penalty of perjury on January 7, 2014, by named plaintiff Robert Gamez, #
18  131401, who is housed at ASPC-Eyman Browning Unit.  He states that on November 26,
19  2013, he sent as Legal Mail to the Prison Law Office, 220 pages of grievances and health
20  needs requests (HNRs) he had filed in the past two months with a cover letter describing
21  and explaining the documents.  [Ex. 43 ¶¶ 5, 7]  He sent his only copies, the originals, of
22  the documents, and they included a directors' level grievance response from Defendant
23  Ryan about legal mail from the Arizona Justice Project being opened outside of his
24  presence.  [*Id.* at ¶ 5]

25      47.     On December 3, 2013, my office received a package from Mr. Gamez.
26  There were 35 pages of documents in random order, including HNRs and grievances Mr.
27  Gamez had filed.  There was no cover letter from Mr. Gamez.

28      48.     In my experience corresponding with Mr. Gamez, he is meticulous in

1  organizing his documents, and always writes a cover letter updating me on how he is
2  doing and describing his enclosures.  I immediately was concerned that his letter to me
3  was removed from the package.

4      49.    My office returned the 35 pages of documents to Mr. Gamez on December
5  5, 2013.  His declaration confirms that this was the same package that he had sent me on
6  November 26, 2013, which he gave to staff to be sent as legal mail, contained 220 pages
7  and a cover letter.  [Ex. 43 at ¶¶ 5-8]  Mr. Gamez also swears that a different letter I sent
8  him was delivered to him in late October, already opened, and the correctional officer told
9  him that it was opened because it was mixed with another letter I sent to a prisoner in
10 Browning, that also was opened.  [*Id.* ¶ 4]

11     50.    On December 9, 2013, the Prison Law Office received legal mail from
12 named plaintiff Maryanne Chisholm, # 200825, a named plaintiff housed at ASPC-
13 Perryville San Carlos Unit.  There was nothing in the envelope but a copy of a grievance.
14 In my experience corresponding with Ms. Chisholm, she normally writes me a cover letter
15 updating me on how she is doing.  I was concerned that her letter to me was removed
16 from the package.

17     51.    My usual practice is that whenever there is a major development in this
18 case, I write all of the named plaintiffs to update them on the case status.  In September
19 and October, 2013, I wrote all named plaintiffs to update them on the appeal of class
20 certification to the Ninth Circuit.

21     52.    Attached herein as Exhibit 44 is a true and correct copy of a declaration
22 signed under penalty of perjury on December 29, 2013 by Mr. Thomas.  He states he did
23 not receive the letters from me that were updates on the Ninth Circuit appeal.  [Ex. 44 ¶ 4]
24 Mr. Thomas also states that between early September and the middle of December, he
25 sent three letters as legal mail to me, but he never got a response.  [*Id*. ¶ 5]

26     53.    My office did not receive any of those three letters Mr. Thomas refers to.

27     54.    Attached herein as Exhibit 45 is a true and correct copy of an email sent by
28 Prison Law Office Executive Director Don Specter to ADC General Counsel Dawn

1  Northup on November 27, 2013.  Mr. Specter's two page email details the problems that
2  our offices have had with sending and receiving legal mail and requesting that the
3  direction and training be provided to mailroom staff so that plaintiffs' counsel can
4  communicate confidentially with class members.  Mr. Specter asks her to respond the next
5  week as to whether she would be willing to do that, and what steps she would take to
6  rectify the situation.  To date, Plaintiffs' counsel has received no response from Ms.
7  Northup nor any other attorney for Defendants.

8      55.  Attached herein as Exhibit 46 is a true and correct copy of Arizona
9  Department of Corrections ("ADC") Department Order 914, "Inmate Mail," effective
10 February 26, 2010, and downloaded from ADC's website at
11 http://www.azcorrections.gov/Policies/900/0914.pdf on December 26, 2013.

12     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
13 is true and correct.

14     Executed the 7th of January 2014, in Berkeley, California.

16     *s/ Corene Kendrick*
    Corene Kendrick

18 **ADDITIONAL COUNSEL:**

19     Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
20     Sara Norman (Cal. 189536)*
    Corene Kendrick (Cal. 226642)*
21     Warren E. George (Cal. 53588)*
    **PRISON LAW OFFICE**
22     1917 Fifth Street
    Berkeley, California 94710
23     Telephone:  (510) 280-2621
    Email:    dspecter@prisonlaw.com
24     ahardy@prisonlaw.com
    snorman@prisonlaw.com
25     ckendrick@prisonlaw.com
    wgeorge@prisonlaw.com

26     *Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
   agerlicher@perkinscoie.com
   keidenbach@perkinscoie.com
   jhgray@perkinscoie.com
   mdumee@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
   kflood@acluaz.org
   jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@npp-aclu.org
   afettig@npp-aclu.org
   aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

| | |
|---|---|
| 1 | Caroline Mitchell (Cal. 143124)* |
| | David C. Kiernan (Cal. 215335)* |
| 2 | Sophia Calderón (Cal. 278315)* |
| | **JONES DAY** |
| 3 | 555 California Street, 26th Floor |
| | San Francisco, California 94104 |
| 4 | Telephone: (415) 875-5712 |
| | Email: cnmitchell@jonesday.com |
| 5 | dkiernan@jonesday.com |
| | scalderon@jonesday.com |
| 6 | |
| | *Admitted *pro hac vice* |
| 7 | |
| | John Laurens Wilkes (Tex. 24053548)* |
| 8 | Taylor Freeman (Tex. 24083025)* |
| | **JONES DAY** |
| 9 | 717 Texas Street |
| | Houston, Texas 77002 |
| 10 | Telephone: (832) 239-3939 |
| | Email: jlwilkes@jonesday.com |
| 11 | tfreeman@jonesday.com |
| 12 | *Admitted *pro hac vice* |
| 13 | Kamilla Mamedova (N.Y. 4661104)* |
| | Jennifer K. Messina (N.Y. 4912440)* |
| 14 | **JONES DAY** |
| | 222 East 41 Street |
| 15 | New York, New York 10017 |
| | Telephone: (212) 326-3498 |
| 16 | Email: kmamedova@jonesday.com |
| | jkmessina@jonesday.com |
| 17 | |
| | *Admitted *pro hac vice* |
| 18 | |
| | Kevin Brantley (Cal. 251886)* |
| 19 | **JONES DAY** |
| | 3161 Michelson Drive, Suite 800 |
| 20 | Irvine, California 92612 |
| | Telephone: (949) 851-3939 |
| 21 | Email: kcbrantley@jonesday.com |
| 22 | *Admitted *pro hac vice* |
| 23 | *Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated* |
| 27 | |
| 28 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2013 electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Courtney R. Cloman
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

*Attorneys for Defendants*

Asim Varma
Sarah Kader
J.J. Rico
Cathleen M. Dooley
**ARIZONA CENTER FOR DISABILITY LAW**
avarma@azdisabilitylaw.org
skader@azdisabilitylaw.org
jrico@azdisabilitylaw.org
cdooley@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

                                        s/ S. Neilson

78204-0001/LEGAL28936535.1

-18-