# EXHIBIT 20
# (REDACTED)

# DECLARATION OF BARRY NORTHCROSS PATTERSON

STATE OF ARIZONA        )
                        )  SS
COUNTY OF PINAL         )

      I, Barry Northcross Patterson, hereby state under penalty of perjury that the following information is true to the best of my knowledge and belief and based on my personal knowledge:

    1.    I am and have been an inmate subject to the control of the Arizona Department of Corrections in Florence, Arizona.

    2.    I was the plaintiff-appellant in the case of Patterson v. Schriro, in the United States Court of Appeals for the Ninth Circuit as No. 10-17175. On July 20, 2012, the Court entered an order appointing Professors Gregory C. Sisk of the University of St. Thomas School of Law (Minnesota) and Dustin Buehler of the University of Arkansas School of Law as pro bono counsel to represent me on this appeal. The case involved civil rights claims by me against several prison officials and corrections officers for religious discrimination and oppression and deliberate indifference to my health and medical condition.

    3.    Between that date and June, 2013, I regularly corresponded with Professors Sisk and Buehler about the legal issues in my appeal, about the facts, and about the strategies for presenting those issues to the court. I regularly sent letters to my counsel as "legal mail," and they regularly sent letters to me, which were always marked as attorney-client privileged materials.

    4.    On or about March 13, 2013, I prepared a handwritten letter addressed to Professor Sisk about my claim of deliberate medical indifference ███████████████

███████████████████████████████████████

1

██████████████████████████████████████████ Along with my cover letter, I included a packet of materials about the ongoing class action by inmates against the Department of Corrections for a pattern of deliberate indifference to the medical care of inmates. (Based on the information that I provided, my counsel prepared a supplemental authority letter to the Ninth Circuit and later highlighted that class action case in a rehearing petition.)

5.  When I presented the letter and materials to the property/mail clerk to be sent to Professor Sisk as legal mail, the clerk looked through it "supposedly under the right to look for 'contraband.'" Having read through the materials, the clerk then decided that the newspaper articles I had enclosed about health care in the Arizona prisons was not "legal material." He then read through letters from the Arizona Civil Liberties Union explaining the class action and decided these were, in his words, "absolutely illegal."

6.  Based on his reading of my letter and materials and decision as to whether they were "legal materials" in his opinion, the prison clerk "impounded" my package to have the legal "monitor" or someone else read through it and decide whether it was legal materials that I was allowed to send to my lawyer. The package thus was taken, still open, for the contents to be reviewed by another prison official outside of my presence, even though prison officials of course were the defendants in my case.

7.  Although the package was never returned to me and was not sealed in my presence, I learned from Professor Sisk that the package eventually was sent to and received by him.

8.  Previously, when I first began corresponding with Professor Sisk after his appointment as my counsel in the Summer of 2012, my initial letter to him at the University of St. Thomas was delivered to the mail clerk at the prison, who then checked with the librarian,

2

who told him not to accept it as legal mail because the letter was addressed to a school. I had to show her the appointment order from the United States Court of Appeals for the Ninth Circuit with my letter to Professor Sisk to have the letter mailed as legal mail. The librarian is not authorized to read my legal mail or make decisions about legal mail.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my current knowledge, information, and belief.

_____          _7/29/13_____
Barry Northcross Patterson                                (Date)