Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>                                     Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>                                     Defendants. | NO. 2:12-cv-00601-NVW <br><br> **DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EXPERTS AND EXPERT REPORTS** <br><br> **AND** <br><br> **MOTION TO STAY DEFENDANTS' RESPONSE** <br><br> (Expedited Ruling Requested) |

Defendants Charles Ryan and Richard Pratt, through counsel, move this Court to strike Plaintiffs' Motion to Strike Defendants' Experts and Expert Reports for violation of the Court's Scheduling Order ("Motion to Strike"). (Doc. 753). In addition, Defendants move the Court to stay Defendants' Response to Plaintiffs' Motion to Strike pending the Court's ruling on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PLAINTIFFS' MOTION VIOLATES THE COURT'S SCHEDULING ORDER AND SHOULD BE STRICKEN.**

Plaintiffs have once again violated this Court's Scheduling Order which requires the parties to raise discovery disputes by filing a joint one-page submission to the Court. (Doc. 52.) While Plaintiffs couch their Motion to Strike as a challenge to the testimony of Defendants' experts, in reality it raises four distinct issues, three of which are separate discovery disputes:[1]

1. Are Defendants' Rule 26(a)(2)(C) experts required to provide expert reports?

2. Are Plaintiffs entitled to depose or re-depose those witnesses that Defendants have designated as Rule 26(a)(2)(C) experts?

3. Can Defendants' experts rely on evidence (and can Defendants present evidence at trial) of current conditions in ADC prisons if the evidence was not available, and thus not produced or disclosed, prior to the 9/27/13 discovery cut-off (but was or will be produced or disclosed after becoming available to Defendants)?[2]

---

[1] Plaintiffs' Motion to Strike also raises a fourth issue: whether Defendants' non-retained experts are cumulative and duplicative. This issue is not yet ripe and would be more appropriately addressed through a motion *in limine*. Defendants request that the Court order Plaintiffs to refile this issue as a separate, stand-alone motion *in limine*.

[2] Plaintiffs' requested relief in conjunction with this issue – that Defendants either cannot use any evidence dating after 9/27/13 *or* the Court must reopen fact discovery – makes this issue a discovery dispute that, in accordance with the Scheduling Order, must be raised in a joint, one-page submission.

2

Each of these issues is unquestionably a discovery dispute as contemplated by the Court's Scheduling Order. The Court's Scheduling Order very clearly outlines the procedure for raising discovery disputes: the parties must meet and confer and then jointly submit a one-page report to the Court. Indeed, Plaintiffs have utilized this process nearly a dozen times. Unfortunately, this is the second time within the past six weeks that Plaintiffs have unilaterally submitted a discovery dispute to the Court in contravention of the Scheduling Order. (See Doc. 727.) Plaintiffs should not be allowed to wilfully violate the Court's Scheduling Order whenever they please. The Court should not condone Plaintiffs' flagrant failure to follow the Court's Scheduling Order by considering Plaintiffs' Motion to Strike on the merits.

## II. **PLAINTIFFS' PRACTICE OF RAISING DISCOVERY DISPUTES THROUGH UNILATERAL MOTIONS IS IMPROPER AND PREJUDICIAL.**

The procedure for bringing discovery issues to the Court requires consultation and the distillation of concrete issues for quick and efficient resolution. If Plaintiffs had complied with the Court's one-page requirement, the parties would have conferred, and then exchanged positions and legal authority and simultaneously submitted concise statements to the Court for resolution. Instead, Plaintiffs have filed a unilateral, 17-page motion, with approximately 600 pages of exhibits. And by filing a unilateral motion, instead of a joint submission as required, Plaintiffs have granted themselves a reply, and the last word. Their Motion to Strike, like the last unilateral motion they filed, is light on the law, setting Defendants up for a blind-sided wave of case law in their reply, and effectively depriving Defendants the opportunity to consider and address those arguments and authorities. That is precisely what they did the last time. (Doc. 727, 733.) This defeats the whole purpose in requiring a simultaneous, joint submission: so that the parties can consider the arguments and authorities before solidifying a position and presenting the issue to the Court. Plaintiffs would rather sandbag Defendants and take it directly to the Court. This is a waste of the Court's time and resources. Plaintiffs' Motion to Strike is

1  unauthorized and unfair to Defendants and the Court, and Defendants are prejudiced by
2  Plaintiffs' conduct.

3  **III.  PLAINTIFFS' CONDUCT IS SANCTIONABLE**

4  This is not the first time Plaintiffs have failed to follow the Scheduling Order.
5  (Doc. 156, 485, 727.) They are well aware of the requirements of bringing discovery
6  disputes to the Court, not only having utilized it several times, but having been recently
7  reminded of the process. On January 13, 2014, the parties met and conferred on the issues
8  raised in Plaintiffs' Motion. In the meeting, Defendants reminded Plaintiffs that the
9  appropriate procedure for bringing this dispute to the Court for resolution was through a
10 joint, one-page submission as required by the Scheduling Order. Defendants reiterated
11 this point in writing several times after the meeting. (Ex. 1, January 15, 2014 email from
12 Dan Struck to David Fathi; January 17, 2014 email from Courtney Cloman to Plaintiffs'
13 counsel; January 23, 2014 email from Courtney Cloman to David Fathi; January 23, 2014
14 letter from Courtney Cloman to Plaintiffs' counsel.) Nevertheless, Plaintiffs disregarded
15 the Court's Order and proceeded with their Motion, depriving Defendants the opportunity
16 to participate in the motion.

17 This Court is authorized to issue sanctions against any party or their counsel who
18 unreasonably and vexatiously multiplies the proceedings, or though the court's inherent
19 power. *See* 28 U.S.C. § 1927; *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2000). This
20 Court has repeatedly warned the parties that it will issue sanctions if motions are brought
21 without substantial justification. Plaintiffs' counsel should be sanctioned for needlessly
22 multiplying the proceedings before this Court by wilfully violating the Court's Scheduling
23 Order.

24 **IV.  CONCLUSION**

25 For the foregoing reasons, Defendants request that the Court strike Plaintiffs'
26 Motion to Strike for violating the Scheduling Order and award Defendants their
27 reasonable costs and attorneys' fees for having to file this Motion. In the alternative,
28 Defendants request that the Court rescind its one-pager requirement for all future

4

discovery disputes so that the parties are on a level playing field. Defendants should not be punished for complying.

Defendants further request that the deadline to file a response to Plaintiffs' Motion to Strike is stayed until this Motion is resolved. In the event this Motion is denied, Defendants request 14 days from the date of the order to file a response.

DATED this 29th day of January 2014.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Anne M. Orcutt
   Daniel P. Struck
   Kathleen L. Wieneke
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Courtney R. Cloman
   Ashlee B. Fletcher
   Anne M. Orcutt
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

   Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

5

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Cathleen M. Dooley: | cdooley@azdisabilitylaw.org |
| J.J. Rico: | jrico@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Sophia Calderon: | scalderon@jonesday.com; lwong@jonesday.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Kamilla Mamedova: | kmamedova@jonesday.com |

| | |
|---|---|
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Taylor Freeman: | tfreeman@jonesday.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| Katherine E. Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com |
| Lucy Marie Rand: | Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| Ajmel Quereshi: | aquereshi@npp-aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ *Anne M. Orcutt*