**EXHIBIT 1**

**EXHIBIT 1**

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, November 17, 2011 1:59 PM
**To:** KLAUSNER, KARYN
**Subject:** RE: Tolling Agreement and other matters

Karyn,

Thanks for sending the tolling agreement. I'm glad that we were able to resolve that issue.

You previously mentioned that you would get back to me about the copying costs once the tolling agreement was done, so could you please let me know today or tomorrow whether your Department is willing to reduce the price per page or to let us bring in a copy service.

Also, we have received some responses to our letters asking whether prisoners in need of health care want us to disclose their names to you. I attach the names of those prisoners and a very short description of at least one of the health care problems of each prisoner. This description is not intended to be all inclusive of the health care needs of these prisoners.

In addition, I am attaching a document signed by numerous prisoners requesting that we inform you that they have serious health care needs that are not being addressed. We haven't interviewed or received information from most, if not all, of this last group.

We expect to continue to receive more responses permitting disclosure. Would you like us to forward those names to you as we receive them or on more regular basis such as once a week?

Thanks

Don

**From:** KLAUSNER, KARYN [mailto:KKLAUSNER@azcorrections.gov]
**Sent:** Wednesday, November 16, 2011 12:51 PM
**To:** 'Don Specter'
**Subject:** RE: Tolling Agreement and other matters

Mr. Specter:

Tolling agreement attached.

Regards,
Karyn Klausner

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Wednesday, November 16, 2011 11:01 AM
**To:** KLAUSNER, KARYN
**Subject:** FW: Tolling Agreement and other matters

Karyn,

Please send the signed tolling agreement to me today.

Thanks

Don

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Monday, November 14, 2011 5:47 PM
**To:** arizona@prisonlaw.com
**Subject:** FW: Tolling Agreement and other matters


**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Monday, November 14, 2011 3:28 PM
**To:** 'KLAUSNER, KARYN'
**Subject:** RE: Tolling Agreement and other matters

Karen,

Attached is the list. I look forward to receiving the signed agreement.

Thanks

Don

**From:** KLAUSNER, KARYN [mailto:KKLAUSNER@azcorrections.gov]
**Sent:** Monday, November 14, 2011 7:09 AM
**To:** 'Don Specter'
**Subject:** RE: Tolling Agreement and other matters

When I receive your list, you will receive the tolling agreement.

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Sunday, November 13, 2011 12:56 PM
**To:** KLAUSNER, KARYN
**Subject:** Re: Tolling Agreement and other matters

Dear Karyn,

2

It is true that your assessment of our intentions in incorrect. The reason we are undertaking this project is to ensure that these and all other prisoners who need it receive appropriate health care and live under conditions consistent with the Constitution.

We remain willing to provide you a list of names of prisoners that will be covered by the agreement. I will be ready to send that list to you tomorrow. Just so that we are perfectly clear, please confirm at your earliest convenience tomorrow that upon receipt of that list your client will immediately sign and return the tolling agreement that I have already signed and sent you.

Thank you.

Don

On Thu, Nov 10, 2011 at 3:41 PM, KLAUSNER, KARYN <KKLAUSNER@azcorrections.gov> wrote:

Mr. Specter:

As you will see from below, (though I suspect you are already aware), Mr. Pochoda inadvertently cc'd me on his comments to you regarding the discussion you and I had about the tolling agreement and providing a list of inmates to us. I was not aware that Mr. Pochoda did not intend his email to be sent my way until I read it; it became patently clear to me that while I operate to work with you in good faith, you have an additional agenda in process. I am well aware that Mr. Pochoda and you are in a collaborative relationship, but it is hard not to feel that whatever list you do provide is simply to placate me.

Having said that, we are still willing to sign the tolling agreement upon receipt of the list of inmates it is intended to cover. Mr. Pochoda's "outside" involvement, notwithstanding, I am awaiting your information. Mr. Pochoda has requested numerous inmate visits for several attorneys for the Eyman complex on November 22. We will set those up once I have received the tolling agreement and list from you.

I am deeply concerned that in our conversation you expressed a fear that if you provided names to me it might mean ADC would address these medical issues with individual inmates, which you believe might interfere with your ability to certify a class of inmates. As I stated, there is no question that we will address any and all individual problems brought to our attention. ADC has a responsibility to provide constitutionally appropriate care. I am perplexed that you might know of an inmate who you believe is suffering and hesitate to identify him for us because you have concerns about structuring future potential litigation; however, I will continue to proceed as I have in our discussions, and remain hopeful that my assessment proves incorrect.

As I stated, upon receipt of the list of inmates and the agreement along with the understanding that it is effective for 90 days from the date of signing, I will let you know if we can reduce our copying costs.

I assume I will receive the agreed upon documents from you shortly.

Regards,

Karyn Klausner

General Counsel

Arizona Department of Corrections

**From:** Daniel Pochoda [mailto:dpochoda@acluaz.org]
**Sent:** Tuesday, November 08, 2011 5:22 PM
**To:** Don Specter
**Cc:** KLAUSNER, KARYN
**Subject:** Re: Tolling Agreement and other matters

A good 'quo'... thanks. Good to get accommodation for at least records of any forwarded & avoid turning over names with ADC having direct access with us still on outside. Dan

On Nov 8, 2011, at 5:08 PM, "Don Specter" <dspecter@prisonlaw.com> wrote:

> Karen,
>
> During our telephone conversation just now we agreed that the exhaustion provision of the tolling agreement would apply to a set of prisoners that I will provide to you. I informed you that this list could include all the prisoners we have interviewed and others that we have information about, and you agreed that this would be acceptable. Once you have that list, you indicated that Mr. Ryan would sign the agreement. Please confirm that this is your understanding of our agreement, and we will provide the list to you shortly.
>
> You also agreed to discuss with Mr. Ryan a cost effective method for us to copy medical records and provide me with a response shortly.
>
> Thank you.
>
> Don

4

**From:** KLAUSNER, KARYN [mailto:KKLAUSNER@azcorrections.gov]
**Sent:** Tuesday, November 08, 2011 12:56 PM
**To:** 'Don Specter'
**Subject:** RE: Tolling Agreement and other matters

Don:

We are not intending to suspend the medical grievance process for the entire prison population. We will be agreeable to doing this for an enumerated list of inmates--it seems that you have some specific inmates in mind for this matter. Please advise.

Karyn

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Tuesday, November 08, 2011 1:33 PM
**To:** KLAUSNER, KARYN
**Subject:** RE: Tolling Agreement and other matters

Karen,

Exactly what more information do you need about the copying.

Don

**From:** KLAUSNER, KARYN [mailto:KKLAUSNER@azcorrections.gov]
**Sent:** Tuesday, November 08, 2011 12:09 PM
**To:** 'Don Specter'
**Subject:** RE: Tolling Agreement and other matters

Don:

I am acquainted with how civil litigation works. Having said that, I cannot make any offers on copying without more information. Also, we have no objection to the tolling agreement, but cannot agree to the language regarding "exhaustion of remedies" as to all ADC inmates. If we have a list of who you represent then we will attach that as an addendum to the agreement so we are all on the same page. Let me know.

5

Karyn

From: Don Specter [mailto:dspecter@prisonlaw.com]
Sent: Tuesday, November 08, 2011 1:06 PM
To: KLAUSNER, KARYN
Subject: RE: Tolling Agreement and other matters

Karyn,

Thanks. I look forward to receiving the signed tolling agreement by Thursday.

It's difficult for me to give you a precise or conclusive number of files we will need because we are not sure how you are going to respond to our substantive demands and won't know until you get back to us in three months. At this time, we would like to start with about 20-25 files. It seem like the most efficient method for your purposes would be to allow us or a copy service to scan the records, which would free your employees from that task. Also, as I'm sure you're aware, in the event that we are successful in this litigation, the State would be obligated to reimburse us for the costs so it seems in the best interests of all concerned to do this in the most economical way possible. In any event, we would like to get this process started, so please get back to me by the end of the week.

Don

From: KLAUSNER, KARYN [mailto:KKLAUSNER@azcorrections.gov]
Sent: Monday, November 07, 2011 3:21 PM
To: 'Don Specter'
Subject: RE: Tolling Agreement and other matters

Don:

Thank you for the quick response. I will convey this to the Director for his review. It would certainly help me to know the amount of documents you will be requesting. Even a list of inmates would be helpful in that regard. I need to be able to communicate what is anticipated in order to have the Director make a further commitment on any copying fees. Thank you for amending the 90 day frame of reference on the tolling agreement to the signing date. I anticipate I will have this back to you no later than Thursday.

Regards,

6

Karyn

From: Don Specter [mailto:dspecter@prisonlaw.com]
Sent: Monday, November 07, 2011 3:19 PM
To: KLAUSNER, KARYN
Subject: RE: Tolling Agreement and other matters

Dear Karyn,

I have modified the Tolling Agreement so that it is effective for 90 days from the date of signing, which I assume will occur very shortly. The only modifications to the Agreement that I made were in paragraphs 3 and 5. Please have Mr. Ryan sign the attached agreement and return it to me by email and mail.

We understand your need for more detailed information, and as I explained to you in Thursday's email we are engaged in the time consuming process of obtaining releases from the prisoners. We will be able to provide you with more information if we are able to review the records of these prisoners in a timely manner. As I explained before, the cost of reviewing these files is prohibitive. Since you seem unable to resolve the cost per page issue, we propose either that your department scan the records instead of copying them and then send us a disk, or that we be provided access to review the records and we will bring our own portable scanner to scan the records that we need.

Thank you for considering these proposals and for agreeing to the tolling agreement.

Don

From: KLAUSNER, KARYN [mailto:KKLAUSNER@azcorrections.gov]
Sent: Monday, November 07, 2011 10:39 AM
To: 'Don Specter'
Subject: RE: Tolling Agreement and other matters

Mr. Specter:

7

I have shared the agreement with Director Ryan. We are amenable to signing it if the 90 extension dates from the date of signing, and not from the original date of your letter. If that is agreeable, we will sign it and return it. Please understand that we need to have more detailed information about the allegations in your letter before we can agree to any other requests from your end. I look forward to hearing from you soon.


Regards,

Karyn Klausner


**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, November 03, 2011 1:53 PM
**To:** KLAUSNER, KARYN
**Subject:** Tolling Agreement and other matters


Dear Karyn,


Thank you for your call last week in response to our letter of October 12, 2011. During that call you stated that you needed 90 days to investigate and respond to the claims made in our letter and indicated that your clients would be willing to enter into a tolling agreement. Our proposed tolling agreement is attached for your review. We look forward to learning whether you find it acceptable.


You also requested that we disclose the names of prisoners whose cases we described in the October 12 letter so that you could ensure that they receive treatment.

I informed you that because of our clients' concern about retaliation we would have to contact them individually to determine whether they want us to disclose to you the information that they provided to us. We are in the process of doing that and will provide you with a list of names and a very brief description of the problem for each prisoners who authorizes such disclosure. That list may also include other prisoners who have serious health care problems, but whose cases we did not use in the letter.


We also discussed the issue of copying medical and other records. I requested that your department either reduce the charge per page to a reasonable amount or permit us to send in a copy service to copy the records. You stated that you would discuss that issue with your clients and get back to me. We would appreciate a prompt response as we are ready to inspect and copy records. As I mentioned, we have releases from all the prisoners whose records we would like to inspect and/or copy.

8

Thank you in advance for your response to these issues. I look forward to hearing from you.

Don

**EXHIBIT 2**

**EXHIBIT 2**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

---

| | |
|---|---|
| Victor Antonio Parsons, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | NO. CV 12-601 PHX-NVW |
| ) | |
| Charles L. Ryan, et al., ) | Phoenix, Arizona |
| ) | July 20, 2012 |
| ) | 10:20 a.m. |
| Defendants. ) | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

(Scheduling Conference)

BEFORE THE HONORABLE NEIL V. WAKE

Court Reporter:          Merilyn A. Sanchez, CRR
                         Sandra Day O'Connor U.S. Courthouse
                         401 W. Washington Street SPC-37
                         Phoenix, Arizona  85003-2118
                         (602) 322-7250

Proceedings taken by stenographic court reporter
Transcript prepared by computer-aided transcription

```
 1              So I don't really think that we can come to any
 2   effective agreement.  And more importantly, Your Honor, we've
 3   continued to gather information.  We've been visiting prisoners
 4   recently.  And our opinion is that the care is not getting
 5   better based on the limited information we've been able to
 6   gather.
 7              So we are not really inclined to stop anything at the
 8   moment.  I think if in fact there is a point where our opinion
 9   changes, we will certainly let you know.  But as of this point,
10   we are where we think we need to move forward with the trial
11   schedule that you've outlined.
12              THE COURT:  And I'll do that unless everybody agrees
13   to something else.  But my comment was more not so much a
14   matter of whether you think in the 20 days they have changed
15   things, but whether you might think it wise, simply to give
16   them a better chance to, A, do better, and, which in turn gives
17   you a better prospect when you come back in full force and have
18   the new status quo that's easier to discover.
19              So I wasn't thinking that you would just accept where
20   they are, but I was thinking you might want to give them the
21   chance to either improve things or give you a better record
22   than you can make if you would go full bore the next four to
23   six months.
24              And, you know, the reality is for a structural
25   injunction case, even though I will get this done in three
```

1                MR. SPECTER:  That's acceptable to us, Your Honor.
2                THE COURT:  I do urge you to continue a dialogue,
3     because the first question is whether the department and
4     Wexford really do think they want to change and improve things.
5     If you are content that the status quo is acceptable,
6     constitutionally and otherwise, and you want to defend it,
7     that's fine.  But that's this lawsuit.  And there will be no
8     reason to delay anything.  But if in fact you want to persuade
9     the other side that you want to use this transition in a way to
10    deal with whatever systemic issues that some of the systemic
11    issues that they have in mind, it might make sense simply to
12    defer this some number of months so that the effort they are
13    going to spend will be more productive.
14               Well, I'll leave you -- yes.
15               MS. WIENEKE:  Your Honor, if I may, and we certainly
16    have no objection to an early referral to a magistrate to
17    assist the parties in the discussion in this regard, because --
18    because of this upcoming conference, the careful review of
19    proposed stipulation was somewhat rushed.  And we are very
20    interested in pursuing and meting out the details of this and
21    we think it's in everyone's best interest to pursue such an
22    agreement.
23               THE COURT:  And, well, Mr. Specter, what about that?
24    So what she's suggesting now is an earnest early discussion
25    facilitated by a neutral --

# C E R T I F I C A T E

I, MERILYN A. SANCHEZ, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 25th day of July, 2012.

S/Merilyn A. Sanchez
MERILYN A. SANCHEZ, CRR

**EXHIBIT 3**

**EXHIBIT 3**

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

---

| | |
|---|---|
| Victor Parsons, et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> vs. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. **CV 12-00601-PHX-NVW** <br><br> **Phoenix, Arizona** <br> **November 1, 2013** <br> **3:07 p.m.** |

BEFORE: **THE HONORABLE NEIL V. WAKE**
UNITED STATES DISTRICT JUDGE

(*Motion Hearing*)

Official Court Reporter:
Laurie A. Adams, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 43
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

UNITED STATES DISTRICT COURT

November 1, 2013 - Motion Hearing

| | |
|---|---|
| 1 | THE COURT: Yes, please. |
| 2 | MR. SPECTER: It has two values. It shows whether the |
| 3 | care that -- prisoners' mental health care that prisoners who |
| 4 | committed suicide were receiving was adequate. |
| 5 | THE COURT: But how would it do that? I mean, there's |
| 6 | going to be a normal rate of suicide, as tragic as it is, in |
| 7 | any population including prisoner population. |
| 8 | MR. SPECTER: There are certain suicides you can't do |
| 9 | anything about, but there are a lot of times where the prisoner |
| 10 | has given indications where he's about to commit suicide and |
| 11 | nothing is done. |
| 12 | THE COURT: You think you might find that in these |
| 13 | reviews? |
| 14 | MR. SPECTER: Yes. Exactly, Your Honor. And if we |
| 15 | don't find that but we look at the underlying records and it |
| 16 | shows that there was inadequate care, then that's also relevant |
| 17 | to whether the system itself can identify and fix problems. |
| 18 | THE COURT: All right. |
| 19 | MR. SPECTER: The second point I'd like to make is a |
| 20 | little tangential, but you talked about it with Mr. Struck. |
| 21 | And that is the trial date. |
| 22 | THE COURT: What about it? |
| 23 | MR. SPECTER: Well, it's about a year from now, and |
| 24 | we're in an injunctive relief case, so it's not just a |
| 25 | retrospective look at what's happened. |

Timestamps: 15:52:50, 15:53:09, 15:53:19, 15:53:41, 15:54:06

# C E R T I F I C A T E

I, LAURIE A. ADAMS, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 16th day of December, 2013.

s/Laurie A. Adams
_____
Laurie A. Adams, RMR, CRR