**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Order Prohibiting Defendants from Interfering with Legal Mail Between Class Counsel and Class Members (Doc. 736). The motion will be denied.

Plaintiffs challenge ADC's September 17, 2013 Statewide Memo, which applies to five civil rights organizations,[1] and requires a specific attorney's name to appear in the return address for the piece of mail to be processed as legal mail. Plaintiffs maintain that the Statewide Memo targets class counsel, is inconsistent with existing ADC policy regarding legal mail, and unreasonably interferes with class counsel's ability to communicate with class members. Plaintiffs identify alleged instances where prison staff

---

[1] The memo applies to the American Civil Liberties Union, Prison Law Office, Arizona Center for Disability Law, the National Association for the Advancement of Colored People, and the Arizona Justice Project.

are opening and reading legal mail, removing documents from correspondence, and improperly classifying legal mail as non-legal.

This motion must be denied for several reasons. First, even though the Court has the authority to intervene to ensure confidential and effective communication between class counsel and class members, there is no basis—legally or factually—for the Court to invalidate the Statewide Memo in the context of this case. To support the issuance of such a widespread injunction, a Complaint and fully-litigated proceedings are necessary to assess the merits of Plaintiffs' mail claim. *Kaimowitz v. Orlando, Fl.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). Plaintiffs' reliance on Rule 23(g)(1)(E) provides no support for the breathtaking relief requested here.

There are also additional reasons to support denying Plaintiffs' motion. First, the argument that the Statewide Memo is unlawful on its face due to its inconsistency with existing ADC policies is baseless because under existing ADC policy for mail to be classified as legal it must come from or be directed to an attorney. By extension, there is nothing unreasonable in requiring the specific name of the attorney to appear in the return address.

Further, the anecdotal evidence presented in the motion and reply does not support Plaintiffs' argument that the enforcement of the Statewide Memo rises to a systemic

problem.² While Plaintiffs' evidence establishes that errors have occurred and will likely continue to occur in a prison facility with over 30,000 inmates,³ the evidence does not establish that these errors are intentional or stem from an improper motive, which is precisely the evidence necessary to warrant relief. *See Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990) (explaining that isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation). There is no basis to determine that class members' right to counsel has been unconstitutionally abridged. Nor will the Court infer a nefarious motive from the adoption of the memo when the evidence supports Defendants' assertion that the intent of the memo is to streamline mail processing for tens of thousands of inmates.

In short, not only is the Court unable to provide the requested relief, it is also an exaggerated request in light of the evidence presented. Forcing Defendants to incur substantial fees in responding to the motion is inappropriate and the Court finds that they are entitled to reimbursement of their fees. But because the status of the Plaintiffs make the prospect of immediate payment miniscule, the Court will defer assessing fees as to this motion until the conclusion of this action.

---

² Plaintiffs also retracted one allegation concerning inmate Abdullah.

³ The evidence showing that mail from out-of-state attorneys is being classified as non-legal because the attorneys are not members of the State Bar of Arizona reflects a need for increased training but does not rise to the level of a systemic problem and does not support rescission of the memo because such errors are in contravention of ADC's legal mail policy that classifies mail from any attorney as legal mail.

**IT IS THEREFORE ORDERED:**

(1) Plaintiffs' Motion for Order Prohibiting Defendants from Interfering with Legal Mail Between Class Counsel and Class Members (Doc. 736) is **denied**.

(2) The Court will defer consideration on the appropriate assessment of fees against Plaintiffs until the conclusion of this case.

(3) Plaintiffs' Motion to Seal (Doc. 785) is **granted**. The Clerk shall file the lodged document.

Dated this 13th day of February, 2014.

_____
Neil V. Wake
United States District Judge