Barry Northcross Patterson, 117045
ASPC-Eyman Rynning 4D125
Florence, AZ 85132-3100

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE: 5.4 (Rule Number/Section)

FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 2 4 2014
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

In The United States District Court
For The District of Arizona

Victor Antonio Parsons,
  et al.,
    Plaintiffs,

vs.

Charles L. Ryan, et al.,
    Defendants.

No. CV-12-00601-PHX-NVW

Motion to Sitting Superior Judge for the US District Court to Remove Judge NV Wake from This Case

Plaintiff Patterson has just received an Order from USDC Judge Neil V. Wake that among other falsehoods states: "First, the argument that the Statewide Memo is unlawful on its face due to its inconsistency with existing ADC policies is baseless because under existing DOC policy for mail to be classified as legal it must come from or be directed to an attorney." Is Judge N.W. Wake an attorney? Am I?

To blatantly misquote or deliberately falsify the 'easy to read' ADC policy is tantamount to prejudicial bias by the Judge.

But he continues in his biased response-denial and shows he is unfairly prejudiced against the Plaintiffs in this action.

He says: "By extension, there is nothing <u>unreasonable</u> in requiring the specific name of <u>the</u> attorney to appear in the <u>return address</u>." Is this changing his previous statement about "from or to". And is it not unreasonable to force me or any other inmate to "know" the name of a "specific" attorney for a Nationally recognized <u>LEGAL</u> Association before I can send them "<u>confidential</u>" <u>legal</u> mail! Of course it is <u>Unreasonable</u>.

He says: "Further, the <u>anecdotal evidence...</u>" stating that the plaintiffs' evidence in this case is " based on reports of an unscientific nature"- The Merriam-Webster Dictionary 2004 edition — is again blatantly prejudicial against the plaintiffs.

He says: "... that the enforcement of the <u>Statewide</u> Memo "<u>doesn't</u>" rise to a <u>systemic problem</u>." When the Director issues a <u>Statewide Memo</u> it is by definition "Systemic" - again to quote M-Webster "of, relating to, or affecting the <u>whole</u> body." Obviously <u>Systemic</u>! This is not one lowly CO's "errors"!

Who does he suggest needs "increased training" - the Director?

And he finishes with a financial <u>Threat</u> against Plaintiffs & their "Miniscule" ability to pay his accessed prejudicial fees! Sad judging.

—D—