IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-12-00601-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion to Strike Defendants' Experts and Expert Reports (Doc. 753). Plaintiffs first seek to prevent Defendants' experts from relying on evidence that post-dates the close of discovery. They also move the Court to strike 14 of Defendants' proposed Rule 26(a)(2)(C) expert witnesses. The Court heard oral argument on the motion on Monday February 24, 2014, and will grant the motion in part and deny it in part.

The cornerstone of this litigation has been the framework under which the parties would conduct discovery and gather the evidence upon which the Court would decide this case. The centerpiece of that framework was the close of discovery on September 27, 2013. That deadline was oft-repeated and enforced by the Court.

*Reliance on Evidence that Post-Dates Discovery*

Defendants readily acknowledge their reliance on new evidence and anticipate that they will rely on further developments up to the time of trial (Doc. 794 at 4-9). They quote language from 18 U.S.C. § 3626(b)(3) and argue that such reliance is required to evaluate "current conditions" to support a claim for injunctive relief. The cited statute, however, addresses a motion to terminate an existing grant of injunctive relief. In contrast, § 3626(a)(1)(A) governs the initial grant of injunctive relief and makes no mention of "current conditions." This is intuitive: a trial challenging ongoing prison conditions seeking an injunction will necessarily have a backward look. This is also not unusual; Plaintiffs cite several cases where trials evaluating various prison conditions look to evidence that is months old.  Nor do Defendants cite any authority for the proposition that "current conditions"—even assuming you could graft that requirement into § 3626(a)(1)(A)—means up to the last day of trial.  Such a rule would either deprive Plaintiffs of a meaningful opportunity to probe and challenge the newly created evidence or force an unending cycle of discovery. Neither scenario is acceptable and, in addition to the linguistic difference between the subsections of § 3626, these serious practical considerations support selecting a date certain upon which the prison's conditions will be judged.

Defendants' changes at the prison since the filing of this lawsuit also do not preclude an injunction. A "defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of*

*Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289 (1982).  Therefore, the September 27, 2013 deadline and will be enforced and evidence until that date will be considered for purposes of determining whether constitutional violations exist in the provision of health care and in the conditions of confinement in isolation units.  Evidence of developments that post-date discovery may be considered for the purpose of crafting remedies, if appropriate.

*Fourteen Proposed Rule 26(a)(2)(C) Experts*

Plaintiffs also seek to preclude testimony from Defendants' fourteen Rule 26(a)(2)(C) experts. After reviewing Defendants' December 18, 2013 Supplemental Disclosure Statement, it is clear that much of Defendants' disclosure is noncompliant with the unambiguous rule that the disclosures state the *facts and opinions* to which the proposed experts will testify. The proposed testimony is rife with discussion of unspecified future events and generalities devoid of specific facts (Doc. 794 at 13). There are also additional deficiencies.  Several of ADC's proposed experts' opinions are offered to rebut Plaintiffs' experts opinions, which is the type of testimony that should be supported by a report.  Several physicians plan to offer opinions regarding the treatment provided to the named Plaintiffs when their review of the inmates' files was obviously for this litigation.  Evidence as to the proposed fourteen Rule 26(a)(2)(C) disclosures will be allowed or not as follows.

- o No witness may offer expert testimony regarding future, unspecified events.

- o Ryan, McWilliams, Rowe, Robertson, Taylor, and Williams may testify consistent with their deposition testimony and may offer opinions explored therein. Any expert opinions offered in excess of their deposition testimony is excluded as insufficiently disclosed under Rule 26(a)(2)(C).

- o Robertson and Hanstead may not testify regarding their own treatment to the named Plaintiffs—or other inmates—because their disclosures do not provide any facts regarding that treatment as required by Rule 26(a)(2)(C).

- o Rowe, Robertson, Taylor, Buenker, Hanstad, and Williams may not testify as to their review of the named Plaintiffs medical records because their disclosures are devoid of specific facts and opinions and therefore do not comply with Rule 26(a)(2)(C). In any event, it is clear that these physicians reviewed these files in connection with this litigation and not during the course of their regular duties, which would render them Rule 26(a)(2)(B) witnesses.

- o Proposed expert testimony from Daniels, Fleming, Buenker, Donnelly, and Trujillo is excluded for failure to provide a sufficient Rule 26(a)(2)(C) disclosure.

- o Dolny's proposed testimony is precisely the type necessary to require a Rule 26(a)(2)(B) report and his testimony is excluded. Dolny's proposed testimony is also subject to exclusion even if properly offered under Rule 26(a)(2)(C) for failure to provide a sufficient disclosure.

- o Rowe, Robertson, Taylor, McWilliams, Smallwood, and Williams may not offer rebuttal expert testimony as Rule 26(a)(2)(C) witnesses; such testimony should have been presented under Rule 26(a)(2)(B).

- o Except as excluded above, Smallwood and Hanstead may testify consistent with their Rule 26(a)(2)(C) disclosures as to the facts and opinions presented therein. Smallwood may also testify consistent with his deposition testimony.

Defendants' late and inadequate disclosures cannot be cured by reopening discovery. To do so would extend the excessive discovery burden and prevent fair dispositive motion practice. It would reward disregard of rules and schedules by imposing great additional burden on the opposing parties.

Finally, as discussed at the February 24, 2014 hearing, the Court finds that accelerating the trial date to June would be unfair due to the reliance by Defendants on the original date. The Court's Scheduling Order therefore stands.

**IT IS THEREFORE ORDERED:**

(1) Plaintiffs' Motion to Strike Defendants' Experts and Expert Reports (Doc. 753) is **granted in part and denied in part** as discussed herein.

(2) Defendants' Motion to File a Sur-Reply (Doc. 804) is **granted**. The Clerk shall file the lodged document.

Dated this 26th day of February, 2014.

_____
Neil V. Wake
United States District Judge