Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                                    Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                                    Defendants. | NO. 2:12-cv-00601-NVW<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION AND MOTIONS CHALLENGING EXPERT OPINION TESTIMONY**<br><br>**[Expedited Ruling Requested]** |

Defendants Charles Ryan and Richard Pratt ("Defendants") respectfully request this Court for an extension of time, until May 19, 2014, to file their motion for summary judgment and motions challenging Plaintiffs' experts' opinion testimony. The

1  deadline to file these motions is currently April 18, 2014. (Doc. 389.) Defendants request
2  a 30-day extension for the following reasons.

3  The motion for summary judgment is not your typical dispositive motion. The Court has certified 20 alleged practices challenging systemwide deficiencies in the Arizona Department of Corrections' ("ADC") provision of healthcare and conditions of confinement. Defendants will be moving for summary judgment on nearly all (if not all) of them. As Defendants have the burden of proof at this stage, their motion and statement of facts need to be over-inclusive, as they do not know what evidence Plaintiffs will rely on to establish systemwide deficiencies and there are literally hundreds of thousands of pages of documents/transcripts in play. Plaintiffs have also disclosed seven expert witnesses. After reviewing their expert reports and deposing four of them thus far, Defendants will be moving to strike nearly all (if not all) of their expert testimony on various grounds. Thus, Defendants will be filing several complex motions that could potentially narrow the scope of the trial (if not eliminate it entirely). Additional time is requested so that these motions adequately and thoroughly set forth the relevant facts and law in a well-organized way that will make resolution efficient and easy for the Court.

17  Progress on these motions has been disrupted over the past several weeks because of at least two things. First, Defendants were required to deal with Plaintiffs' motion regarding legal-mail access, which they filed on January 7, 2014. (Doc. 736.) Defendants were forced to file a 25-page response (with five declarations from ADC staff members) on January 27, 2014, to debunk the many baseless assertions and attacks on ADC's legal mail policies and practices, which have nothing to do with this case. (Doc. 760, 765.) In denying the motion, the court recognized that the arguments were "baseless" and that it was "inappropriate" for Plaintiffs to force Defendants to incur substantial fees in responding to the motion. (Doc. 796.)

26  Progress on the dispositive motions has also been hampered by the still pending dispute regarding the discovery cut-off deadline. Plaintiffs moved to strike Defendants' experts on the same day Defendants filed their response to the motion

2

regarding legal-mail access – on January 27, 2014. (Doc. 753.) That triggered a flood of litigation that, as Defendants have pointed out, has drastically altered the course of this litigation. (Doc. 767, 773, 794, 795, 804, 805.) The Court scheduled a hearing on that motion on February 24, 2014, and ordered the parties to be prepared to discuss moving the trial date up to June 3, 2014, which would have foreclosed Defendants from even filing a dispositive motion. (Doc. 808, 812.) On February 26, 2014, following a hearing, the Court granted significant portions of Plaintiffs' motion to strike, but confirmed the October 2014 trial date. (Doc. 815.) The extremely prejudicial impact of that ruling forced Defendants to file a motion for reconsideration (on March 12, 2014), and the Court ordered both a response (Doc. 827) and a reply (Doc. 837). Defendants filed their reply on March 28, 2014. (Doc. 839.)

Suffice to say, litigating the discovery cut-off and expert opinion issues has consumed the better portion of the last two months. The outcome of that litigation will shape the scope of Defendants' motion for summary judgment – as it will dictate what evidence can and cannot be used to support it – and possibly whether or the extent that they can even file a motion for summary judgment – depending if the Court grants Plaintiffs' renewed request to move the trial date up to June 2014. (Doc. 827.) The pendency of that outstanding issue not only diverted Defendants attention away from their dispositive and expert opinion motions, but it put their work on them in a holding pattern.[1]

There is also still a lot left to do between now and the current dispositive motion deadline. Expert discovery is still in high gear, and does not close until April 11, 2014, just a week before the current deadline. (Doc. 780.) There are nine expert depositions scheduled in the next nine business days, six of which are next week (including two on April 10 and one on April 11).[2] Four expert depositions have been taken thus far, and Defendants have requested the expedited return of those transcripts.

---

[1] Defendants note that the ultimate outcome of their motion for reconsideration may alter the current dispositive motion deadline.

[2] These depositions are being taken all over the country.

But even on an expedited basis, Defendants will not receive most of these upcoming deposition transcripts until the same week of the current dispositive motion deadline. Defendants are very concerned that they will not have enough time to review, process, and incorporate critical expert evidence into their dispositive motion and motions challenging Plaintiffs' experts' opinion testimony before the current April 18 deadline. The Court has made it very clear that this case will come down to gross data and expert opinion interpreting that data. Defendants need sufficient time to gather that evidence.[3]

Plaintiffs' counsel has informed Defendants that they oppose this request (without explanation). Defendants do not see how an extension will prejudice them in any way, and in fact they offered to extend Plaintiffs' deadlines as well. Trial does not begin until October 20, 2014, seven months from now. (Doc. 389.) Under Defendants' proposed extension, the dispositive motion will be fully briefed by July 14, 2014, more than three months before trial, and still afford Plaintiffs the same amount of time they are already afforded to file their Response. (Id.) This appears to leave the Court more than enough time to rule on the motions, as it has already informed the parties that it will "move fast" in ruling on them. (Doc. 826–1 at 8.) An additional month of dead time before trial will not serve any purpose, and it instead should be used to allow Defendants additional time to file their motions, which will ultimately aid the Court in its resolution of the issues.

Defendants last note that Plaintiffs have requested and been granted, without opposition from Defendants, several significant deadline extensions, including their deadline to file their motion for class certification (Doc. 187, 190), and the fact discovery

---

[3] Defendants also note that attorney Daniel Struck begins a 5-to-10-day trial (involving a severe brain injury) on April 28, 2014, in Albuquerque, New Mexico, and attorneys Kathleen Wieneke and Ashlee Fletcher begin a 4-day trial (excessive force case) on May 6, 2014, in Phoenix, Arizona. These attorneys have begun trial preparation for those trials, which is expected to ratchet up in the next few weeks, further minimizing their assistance on the motions in this case. Attorney Struck is also required to be in Nashville, Tennessee and Seattle, Washington defending Rule 30(b)(6) depositions in another case between April 14 and April 17, 2014, and may be required to defend additional depositions in Boise, Idaho between April 8 and April 11. The district court for the District of Idaho recently granted the plaintiffs' request to extend these deposition deadlines from March 31 to April 11, but Plaintiffs are seeking to extend the deadline even further to April 18.

4

and expert disclosure deadlines (Doc. 364, 380, 389, 776, 780). Defendants seek the same professional courtesy now, but instead it appears Plaintiffs are just playing "hardball," something the Court has already admonished them from doing. There is no reason to oppose this request at this stage of the litigation.

## CONCLUSION

For these reasons, Defendants respectfully request an extension of time in which to file their dispositive motion and motions challenging Plaintiffs' expert opinion testimony as follows:

**May 19, 2014 – Motions[4]**

**June 23, 2014 – Responses**

**July 14, 2014 – Replies**

DATED this 31st day of March 2014.

          STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Nicholas D. Acedo
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Ashlee B. Fletcher
    Anne M. Orcutt
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

    *Attorneys for Defendants*

2885232.1

---

[4] This is technically a 31 day extension because the 30th day falls on a Sunday. *See* Fed.R.Civ.P. 6(a)(1)(C).

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Cathleen M. Dooley: | cdooley@azdisabilitylaw.org |
| J.J. Rico: | jrico@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Jerica L. Peters: | jpeters@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Kamilla Mamedova: | kmamedova@jonesday.com |

| | |
|---|---|
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Taylor Freeman: | tfreeman@jonesday.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| Katherine E. Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com |
| Lucy Marie Rand: | Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| Ajmel Quereshi: | aquereshi@npp-aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Nicholas D. Acedo