1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Victor Antonio Parsons, et al.,            No. CV-12-00601-PHX-NVW

10                    Plaintiffs,
                                               **ORDER**
11  vs.

12  Charles L. Ryan, et al.,

13                    Defendants.

14

15         The Court has reviewed Defendants' Motion for Reconsideration (Doc. 826) of the

16  Court's February 26, 2014 Order (Doc. 815).  Defendants seek a July 1, 2014 evidence

17  cut-off date and leave to supplement three Rule 26(a)(2)(C) disclosures.

18  **Reliance on Evidence that Post-Dates Discovery**

19         Defendants cite numerous cases where the Court relied on evidence and

20  developments that post-date the pleadings and pretrial motions to support their argument

21  that the Court should consider evidence that post-dates discovery for purposes of liability.

22  But these cases do not support the conclusion that the Court *must* consider an evolving

23  record up to and through trial.   This is particularly true when considering the broad

24  questions presented in this action and the amount of evidence necessary to evaluate them.

25  In this way, this case is nothing like *Farmer v. Brennan*, 511 U.S. 825 (1994), where the

26  question was whether or not the inmate was housed in a facility that posed a substantial

27  risk of serious harm.

28

These cases only confirm that the Court has broad discretion in determining what evidence will be considered, and that discretion is guided by principles of case management geared toward fairness to both sides.  And while the Court's September 27, 2013 discovery deadline was real and known to both sides, the Court recognizes the potential for unfairness in not allowing Defendants' experts to use any evidence or data that post-dates the discovery deadline.  The Court will therefore consider allowing an extension of that cut-off up to April 1, 2014.  The Court will permit Defendants to file a supplemental brief with the Court articulating with specificity the facts or developments that post-date discovery that are of high-probative value and will be relied upon to establish the absence of liability.  Plaintiffs may respond to this filing detailing the targeted and focused discovery that is necessary to probe that new evidence.  After reviewing these filings, the Court will render a decision about whether or not to allow reliance on evidence that post-dates discovery and, if so, what limited discovery will be allowed to probe that evidence.

**Proposed Rule 26(a)(2)(C) Experts**

Defendants also seek reconsideration of the Court's decision to exclude proposed testimony of their Rule 26(a)(2)(C) experts when their disclosures were noncompliant. But Defendants do not argue that the Court's decision that the disclosures were noncompliant was erroneous.  Rather, they argue that they should be given leave to amend their disclosures, which will result in no harm to Plaintiffs.  In so arguing, they misconstrue the harmless error escape hatch in Rule 37.  The noncompliant disclosure was not harmless to Plaintiffs; therefore, the proposed testimony was excluded. Defendants are not entitled to a second attempt at disclosure to cure the deficiencies in their first, and this aspect of their motion for reconsideration will be denied.

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED:**

(1)    Defendants may file a supplemental brief no later than Monday, April 14, 2014, articulating with specificity the facts or developments that post-date discovery that are of high-probative value and will be relied upon to establish the absence of liability.

(2)    Plaintiffs may respond to this filing no later than Wednesday, April 16, 2014, detailing the targeted and focused discovery that is necessary to probe the proposed new evidence.

(3)    Defendants may reply to Plaintiffs' response no later than Friday, April 18, 2014.

(4)    After reviewing these filings, the Court will render a decision about whether or not to allow reliance on evidence that post-dates discovery and, if so, what limited discovery will be allowed to probe that evidence.

(5)    Defendants' Motion for Reconsideration (Doc. 826) of the Court's decision to exclude the proposed testimony of its Rule 26(a)(2)(C) witnesses is **denied**.   The remainder of the Motion for Reconsideration (Doc. 826) must **remain pending**.

Dated this 8th day of April, 2014.

Neil V. Wake
United States District Judge