Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>                                          Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>                                          Defendants. | NO. 2:12-cv-00601-NVW <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR EXTENSION** |

Defendants oppose Plaintiffs' 5-day extension-of-time request to file their Response to Defendants' Supplemental Brief. Counsel cannot think of a time when they have previously opposed an extension request by Plaintiffs, but this instance is the rare exception. Defendants' motion for summary judgment is due on May 2, 2014. (Doc. 849.) The evidence and arguments supporting that motion will be dictated by the court's final ruling on whether to extend the liability evidence cut-off date. As ordered by the Court, Defendants timely filed their Supplemental Brief on April 14, 2014. (Doc. 851.) The Court ordered Plaintiffs to file a Response "no later than Wednesday, April 16, 2014," and ordered Defendants to file a Reply "no later than Friday, April 18, 2014." (Doc. 848.) Plaintiffs' extension request will push back resolution of the cut-off-date issue — and therefore completion of Defendants' motion for summary judgment — at least a week, leaving just days before their motion for summary judgment is due to significantly modify it to comply with the Court's ruling.[1] The ruling may require substantial revisions to the motion, statement of facts, and supporting exhibits. Plaintiffs' extension request will make it nearly impossible to meet the May 2 deadline.[2]

Defendants also fail to see why Plaintiffs need such a long extension. The Court's supplemental briefing order was very specific: Defendants were required to detail the evidence they sought to admit to defeat liability, and Plaintiffs' response was limited

---

[1] Assuming an extension is granted until April 21, Defendants Reply would presumably be due on April 23, but to be consistent with the Court's current briefing schedule and fair to both parties, Defendants should be afforded the same amount of extended time to file their Reply, i.e., until April 26. That would result in a ruling the same week that the motion for summary judgment is due (April 28-May 2).

[2] Plaintiffs' contention that "Defendants have controlled the timing of the Court's consideration of these discovery issues" because they knew since February 6, 2014 that the expert deposition deadline was one week before the April 18 *former* dispositive motion deadline is puzzling, and seems to be a belated objection to Defendants' request to extend that deadline (despite failing to file a response), which the Court *granted last week*. The expert deposition deadline also passed last week, and its timing has no bearing on either Plaintiffs' current request for an extension or the prejudice that such an extension will pose Defendants if it is granted. Nonetheless, the basis for Defendants' motion to extend the former dispositive motion deadline, a motion opposed by Plaintiffs, was thoroughly articulated in that motion, and based largely on the still unresolved cut-off date dispute. (Doc. 843.)

to "detailing the targeted and focused discovery that is necessary to probe the proposed new evidence." (Doc. 848.) The new evidence proposed by Defendants is no surprise to Plaintiffs; Defendants detailed nearly all of it in their Motion for Reconsideration.[3] (Doc. 826.) And most of it — Corizon monthly and quarterly reports, MGARs, and Plaintiffs' Institutional Files — is evidence that Plaintiffs are already familiar with, as they have received this evidence for the months preceding September 2013 (and for most, up through January 2014). Plaintiffs also addressed some of the other proffered evidence during their depositions of ADC employees and Defendants' experts. Providing a list of discovery they need to conduct to test this new evidence, which they already did to some extent in their Response to the Motion for Reconsideration (Doc. 832, 833, 834, 835, 836), should be a simple task. Defendants suspect, however, that Plaintiffs are intending to go beyond the Court's supplemental briefing order, urge reconsideration of the Court's reconsidering of the cut-off date, attack the relevance of the new evidence proffered by Defendants, and file a voluminous pleading complete with declarations from their experts and lawyers and dozens of exhibits. Defendants do not believe that is what the Court contemplated in the ordering a Response.

For these reasons, Defendants respectfully oppose Plaintiffs' requested extension. If the Court is inclined to grant Plaintiffs additional time to file their Response, Defendants request a corresponding extension of time to file their Reply, and ask the Court to reconsider extending the deadline to file dispositive motions and motions challenging expert testimony so that Defendants are not prejudiced by Plaintiffs' request.

///

///

---

[3] Defendants' Supplemental Brief listed 14 categories of new evidence. One of those categories (Corizon monthly reports) includes 18 separate reports. (Doc. 851.)

3

DATED this 15th day of April 2014.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Nicholas D. Acedo
Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried
Lucy M. Rand
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

2891736.1

4

# CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| J.J. Rico: | jrico@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Jerica L. Peters: | jpeters@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Michael Evan Gottfried: | Michael.gottfried@azag.gov; colleen.jordan@azag.gov; lucy.rand@azag.gov |
| Sara Norman: | snorman@prisonlaw.com |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| David C. Kiernan: | dkiernan@jonesday.com; lwong@jonesday.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Kamilla Mamedova: | kmamedova@jonesday.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |

| | |
|---|---|
| Taylor Freeman: | tfreeman@jonesday.com |
| Amir Q Amiri: | aamiri@jonesday.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org |
| Katherine E. Watanabe: | Katherine.Watanabe@azag.gov, susan.oquinn@azag.gov |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, pdrew@perkinscoie.com |
| Lucy Marie Rand: | Lucy.Rand@azag.gov, Geneva.Johnson-Joksch@azag.gov |
| Ajmel Quereshi: | aquereshi@npp-aclu.org |
| Jessica Jansepar Ross | jross@azdisabilitylaw.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Nicholas D. Acedo