**Appendix B:  Plaintiffs' Request for Necessary Discovery if All of Defendants' Evidence is Allowed**

Defendants currently seek a wide-ranging expansion of evidence to encompass six additional months not contemplated by the prior, court-ordered schedule, without identifying the specific facts or evidence they intend to offer.  If the Court endorses this approach, avoiding prejudice to Plaintiffs requires a "re-do" of essentially all of the previous discovery for the additional time period, including, in addition to the discovery identified in Appendix A:

- Depositions:  The Court should require Defendants to identify all witnesses who will testify to post-September 27, 2013 evidence (including sponsoring post-September 27 documents) and require those witnesses to sit for deposition.[1]

- Documents:   Plaintiffs request the updating through April 1, 2014 of the documents they previously obtained and relied on in their expert reports, including the following:  death records, as previously defined to include medical records, mortality reviews, psychological autopsies, and internal investigations [to respond to Defendants' proposed categories of 1.a, f, g, h, k, m, q; 7-8; 11; 14; 15]; email for Ryan, Gross and Pratt, subject to negotiated search terms [1.a-p; 3-13; 15-16]; disciplinary reports and internal investigations of health care staff [1.a, f, g, h, k, m,

---

[1] The Court previously recommended that Plaintiffs elicit some of the facts to which Defendants' witnesses would testify by interrogatory.  Respectfully, that proved an unsuccessful strategy.  Defendants refused to respond, other than to cross-reference their disclosure statement, which largely identifies topics, not facts.  Further, witnesses who were deposed seemed to have little knowledge of the content of the disclosure statement and the testimony ascribed to them.  [*See, e.g.,* Deposition of Kathleen Campbell, Sept. 11, 2013 (42:12-48:4), attached as Exhibit 13 to the Declaration of Amy Fettig]

SFI-859137v1

q; 7-8; 11; 14; 15]; Significant Incident Reports on use of force in isolation units (including video and use of force reports) [7; 9; 11-16]; isolation unit group programming schedules, rosters, programming descriptions and curricula, and records demonstrating when programming was actually held and the actual attendance [7; 9; 11-16]; and individual detention records and other documentation demonstrating one-on-one counseling, recreation, and other out-of-cell time for prisoners in isolation units [7; 9; 11-16]. Additionally, Plaintiffs request that either Defendants or Corizon produce meeting agendas, minutes, or summary documents of any type relating to meetings or calls held between them relating to the 31 topics of new evidence; new policy or program documents relating to isolation or mental health [1, 7-9; 11-16]; documents sufficient to show the number of prisoners in isolation units with jobs and work schedules and attendance [7; 9; 11-16]; documents demonstrating physical plant changes to isolation units [7; 9; 11-16]; and Unit Logs/Correctional Service Logs for the following weeks: Oct. 7-10, Nov. 4-11, Dec. 2-8, 2013 and Jan. 6-12, Feb. 3-9 and Mar. 10-16, 2014 [7; 9; 11-16].

- Tours: Tours by Plaintiffs' experts that include seeing the identified facilities (including random physical inspection of treatment and housing units), confidential interviews with prisoners, chart review (50 per tour), and access to staff consistent with the access granted to Defendants' experts. In particular: medical tours of the six largest facilities by Plaintiffs' medical experts (one expert per tour); mental health tours by Dr. Pablo Stewart of the seven facilities housing

prisoners with mental health scores of MH-3 or higher; isolation tours by Dr. Craig Haney and Eldon Vail of Perryville (SMA), Florence (Central and Kasson), and Eyman (SMU I and Browning) and a tour by Dr. Brie Williams of any isolation units where Defendants allege there was a change in physical plant since her last tour.  Also, review by dental expert Jay Shulman of 50 prisoners' dental records of prisoners treated since Sept. 27, for each of the six largest prisons.

- Requests For Admission:  Plaintiffs should be entitled to propound 35 RFAs.
- Interrogatories:  Defendants should have to supplement interrogatory responses impacted by the new evidence.