IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br>　　　　Plaintiffs,<br>vs.<br>Charles L. Ryan, et al.,<br>　　　　Defendants. | No. CV-12-0601-PHX-NVW<br>**ORDER** |

The Court has reviewed the parties' supplemental briefing regarding Defendants' Motion for Reconsideration (Docs. 826, 851, 857, 858, 862). The remaining issue is whether the Court will allow the parties to rely on facts and evidence that post-date September 27, 2013. The Court endeavors to allow the maximum amount of evidence while allowing the parties sufficient opportunity to probe and test that evidence to achieve a just and efficient resolution to this action. The Court finds that Defendants' proposed facts and evidence are sufficiently specific and, as explained in its April 8, 2014 Order, the Court agrees that an extension of the deadline upon which the parties may rely on facts and evidence will allow the Court to reach a fully-informed decision in this case while simultaneously advancing the parallel objective of efficiently managing this case.

In their supplemental filings, Defendants identify sixteen categories of information (some with subparts) that post-date September 28, 2013, and upon which they will rely to establish the constitutionality of the provision of health care and the conditions of

confinement in the prison's isolation units (Docs. 851, 857). The Court will allow Defendants to rely on most of the cited facts or evidence. Indeed, the proposed evidence is largely documentary and is merely supplementary to facts and data already disclosed. As the Court indicated previously, however, Defendants may not rely on future events or events that are "in process of being implemented." As a result, the Court will not permit reliance on the forthcoming changes to the Mental Health Services Technical Manual (Doc. 851 § 7 at 12:15-24), implementation of Electronic Health Records (*id.* § 10 at 14:5-13), and implementation of capital improvements to maximum custody recreation enclosures and cells and group programming enclosures (*id.* § 12-13 at 14:22-15:10).

Correspondingly, Plaintiffs are entitled to discovery to probe the recent evidence but some of Plaintiffs' response does not sufficiently detail the discovery they wish to conduct. In the interest of fairness to both sides, the Court will preliminarily order the following discovery:

- 4-hour (each) Rule 45 depositions concerning (1) Corizon monthly reports and (2) Corizon quarterly reports;

- 4-hour (each) Rule 30(b)(6) depositions regarding (1) MGAR reports; (2) Corizon contract amendments; (3) January 2014 changes to the mental health services technical manual; (4) modifications to the procedure for the administration of medications; (5) DI 326 and the suicide prevention and "rover" position; (6) inmate assault, self-harm, and mortality data reports; and (7) prison capabilities for medical, mental health, and dental treatment services report;

- 4-hour (each) depositions of Corizon's nursing director and pharmacy monitor;

- 4-hour supplemental depositions of Defendants' experts who supplement their reports limited to their supplemental opinions; and

- 20 Requests for Admissions.

The Court cannot, at this juncture, authorize a blanket request for production of documents. The Court contemplates that many of the documents articulated in Appendix A of Doc. 858 will be appropriate for disclosure, including post-September 27, 2013 (1) documents supporting the computation and definition of wait times or statistics; (2) CAPs; (3) random samples of medical files; (4) grievances from February 2014;

1 (5) routine care lists; and (6) medical/dental appointment lists.  But Plaintiffs also request documents "relating to" or "discussing" those items, which is impermissibly broad.  As a result, the parties must meet and confer to identify the relevant documents necessary for disclosure.  The parties may, as a last resort, present the Court with a specific dispute about specific, identifiable documents.  Any such dispute must be presented by May 14, 2014.  The Court also declines to authorize any further prison tours because, as indicated above, Plaintiffs may request a random sampling of inmate files for review.

Finally, Defendants have also requested two different extensions of the deadline to file dispositive motions and challenges to expert testimony.  In their supplemental reply brief, they seek a June 15 or July 1, 2014 deadline (Doc. 862 at 11-12).  Defendants also filed an Emergency Motion for Extension of Time to May 12, 2014 (Doc. 870).  The Court cannot accommodate a six- or eight-week extension of the deadline but will grant Defendants' emergency motion, provide a two-week extension of the deadline, and will adjust the motion, response, and reply deadlines accordingly.  The Court does not otherwise anticipate that this production or discovery should further alter this schedule because of the largely documentary nature of the evidence and its supplementary character.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Doc. 826) of the Court's decision regarding reliance on facts and evidence after September 27, 2013 is **granted** as discussed herein.  The motion is otherwise **denied** as discussed in the Court's April 8, 2014 Order.

**IT IS FURTHER ORDERED** that the parties must meet and confer to identify the relevant documents necessary for disclosure.  The parties may, as a last resort, present the Court with a specific dispute about specific, identifiable documents.  Any such dispute must be presented by **May 14, 2014**.

**IT IS FURTHER ORDERED** that Defendants' Emergency Motion for Extension of Time to file dispositive motions and motions challenging expert opinions (Doc. 870) is

**granted as modified**.  The deadline is extended to May 14, 2014.  Responses may be filed by June 18, 2014.  Replies may be filed by July 11, 2014.

Dated this 30th day of April, 2014.

_____
Neil V. Wake
United States District Judge

- 4 -