UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-NVW<br><br>**[PROPOSED]<br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY IN LIGHT OF THE COURT'S ORDER (DOC. 871) REOPENING DISCOVERY THROUGH APRIL 1, 2014** |

The Court having reviewed Plaintiffs' Motion to Compel Discovery in Light of the Court's Order [Doc. 871] Reopening Discovery Through April 1, 2014 (Doc. ___) and the evidence submitted in support of the briefing, and good cause appearing,

IT IS ORDERED that Plaintiffs' Motion is GRANTED, and it is further ORDERED as follows.

**Document Production**

1. Except as otherwise described, for all documents from health care files and institutional files that Defendants are ordered to produce, they must provide the documents in the files from April 1, 2013 to April 1, 2014.

2. Defendants must produce all new documents in the healthcare and institutional files previously relied upon by Plaintiffs' experts, from the date of prior

production or review through April 1, for the prisoners listed in the Declaration of David Fathi ("Fathi Decl.") (Doc. ___) at Exhibit 5, Attachment A.

3. Defendants must produce all documents in the healthcare files of the 19 prisoners whose medical needs were specifically brought to Defendants' attention by Plaintiffs' counsel, as listed in Fathi Decl., (Doc. ___) at Exhibit 5, Attachment B.:

4. Defendants must produce an additional sample of health care files for prisoners who were dropped from the heart disease, diabetes, AIDS, serious mental illness, and MRSA conditions lists, using the parties' agreed-upon methodology for selecting random samples of files.

5. Defendants must produce all documents in the healthcare files for 10 randomly selected seriously mentally ill (SMI) prisoners per institution for the Phoenix, Perryville, Lewis, Yuma, Eyman, Florence, and Tucson prisons.

6. Defendants must produce all documents in the health care and institutional files for 20 randomly selected prisoners per isolation unit (Eyman-Browning, Eyman-SMU I, Florence-Central (including Kasson), Perryville-Lumley SMA).

7. Defendants must produce all health care records for the year prior to release for the three prisoners granted "imminent danger" release between September 27 and April 1, listed in Fathi Decl., (Doc. ___) at Exhibit 6, p. 2.

8. Defendants must produce any drafts of changes to the medication administration policies, and documents sufficient to show health care and custody staff have been trained on the new medication policies.

9. Defendants must produce for the period of September 27, 2013 to April 1, 2014 all Serious Incident Reports (SIRs) and supporting documentation and videos showing the use of force on prisoners on psychotropic medication.

10. Defendants must produce copies of correspondence, memos, or investigations into the September 2013 exposure of Hepatitis C at Lewis prison, and any outbreaks of infectious diseases at the infirmaries at Perryville, Tucson, and Florence prisons, using the limits proposed by Plaintiffs. To the extent any document is withheld

on the basis of privilege, Defendants must produce a detailed privilege log.

11. Defendants must produce any correspondence, memos, or email regarding the quality, sufficiency, or limitations of the data gathered by Corizon and/or ADC for their reports, using the limits proposed by Plaintiffs. To the extent any document is withheld on the basis of privilege, Defendants must produce a detailed privilege log.

12. Defendants must produce any written instructions provided to staff who gather, compile, report, or enter data that is used in the Corizon and/or ADC reports.

The documents listed above as numbers 2 through 10 must be produced to Plaintiffs no later than May 30, 2014. The documents listed above as numbers 11 through 12 must be produced no later than July 18, 2014.

ADDITIONALLY, the parties have agreed to the production of the following documents, and their production is SO ORDERED by the COURT.

1. Defendants will produce all death records (health care files, psych autopsies, mortality reviews, internal investigations) for all prisoners who died between September 27, 2013 and April 1, 2014. Such production will begin immediately, continue on a rolling basis as the death records are available, and will be completed no later than July 18, 2014.

2. No later than May 30, 2014, Defendants will produce a routine dental care list for each facility on the day the March 2014 wait time report was run, showing date of request and type of treatment requested; and dental appointment list from December 1, 2013 to March 31, 2014 for Perryville, Lewis, Eyman, Yuma, and Safford, including date seen, date of HNR, and type of appointment or reason seen. Defendants will produce dental records for 80 prisoners from the appointment list, based on mutually agreed methodology, no later than July 18, 2014.

3. No later than May 30, 2014, using the methodology proposed by Plaintiffs, Defendants will produce a sample of documents dated April 1, 2013 to April 1, 2014 from the health care files of prisoners who appear on the agreed-upon new reports and lists.

4. No later than May 30, 2014, Defendants will produce documents sufficient

to show whether programmatic changes in isolation units have been implemented, pursuant to Director's Instruction 326, including any logs or any institution-specific instructions, post orders, etc. that were generated before April 1, 2014.

5.   No later than May 30, 2014, Defendants will produce serious incident reports (SIRs) and supporting documentation and videos for any incidents of self-harm and attempted suicide; and Plaintiffs may choose two days from each month from October 2013 through March 2014, and Defendants will produce records from those days showing the hours actually worked by security rovers, and in what units.

6.   No later than May 30, 2014, Defendants will produce documents sufficient to show whether the 17 policy revisions to the Mental Health Services Technical Manual have been implemented.

**Depositions**

Plaintiffs may take a seven-hour deposition of any of Defendants' experts who supplements his report, to allow for questioning on both supplemental opinions and the expert's reliance on post-September 27 information.  If an expert does not supplement his report, Plaintiffs may conduct a four-hour deposition to explore the expert's reliance on post-September 27 developments.