**Index of Exhibits to Declaration of David Fathi in Support Of Plaintiffs' Motion to Compel Discovery In Light of the Court's Order Reopening Discovery Through April 1, 2014**

Exhibit 1:    Email dated May 2, 2014 from Caroline Mitchell to Dan Struck et al.

Exhibit 2:    Letter dated May 6, 2014 from David Fathi to Dan Struck.

Exhibit 3:    Letter dated May 7, 2014 from David Fathi to Dan Struck

Exhibit 4:    Letter dated May 9, 2014 from David Fathi to Dan Struck

Exhibit 5:    Letter dated May 12, 2014 from Corene Kendrick to Dan Struck

Exhibit 6:    Email dated May 13, 2014 from Dan Struck to Plaintiffs' Counsel

Exhibit 7:    Letter dated May 13, 2014 from Kathy Weineke to Plaintiffs' Counsel

Exhibit 8:    Email dated May 14, 2014 from David Fathi to Defendants' Counsel

Exhibit 9:    Email exchange dated May 14, 2014 between David Fathi and Kathy Weineke

Exhibit 10:   Letter dated May 14, 2014 from David Fathi to Kathy Weineke

Exhibit 11:   Letter dated May 15, 2014 from Tim Bojanowski to David Fathi

Exhibit 12:   Email dated May 16, 2014 from David Fathi to Defendants' Counsel

Exhibit 13:   Email dated May 16, 2014 from David Fathi to Defendants' Counsel

Exhibit 14:   **[FILED UNDER SEAL]** Two reports produced by Defendants, entitled "Corizon Monitored Conditions" and bearing Bates Nos. ADC 230239-230243 and ADC 265963-265968

Exhibit 15:   **[FILED UNDER SEAL]** Reports produced by Defendants, entitled "Corizon Infectious Disease" and bearing Bates No. ADC 230613-230642 and ADC 267133-267142

Exhibit 16:   **[FILED UNDER SEAL]** Advocacy letters sent by Plaintiffs counsel to Defendants' counsel

Exhibit 17;   **[FILED UNDER SEAL]** Excerpt of the deposition of Richard Seiter, Ph.D., taken April 10, 2014

Exhibit 18:   **[FILED UNDER SEAL]** Excerpt of the deposition of Joseph Penn, M.D., taken April 11, 2014

Exhibit 19:     **[FILED UNDER SEAL]** Supplemental report of John Dovgan, D.D.S., dated March 26, 2014

Exhibit 20:     **[FILED UNDER SEAL]** Second supplemental report of Lawrence Mendel, D.O., dated March 26, 2014

Exhibit 21:     **[FILED UNDER SEAL]** Supplemental report of Joseph Penn, M.D., dated March 26, 2014

Exhibit 22:     **[FILED UNDER SEAL]** Supplemental report of Richard Seiter, Ph.D., dated March 26, 2014.

Exhibit 1

**Subject:** **Meet-and-Confer**

| From: | Caroline N Mitchell | 05/02/2014 10:31 AM |
| | Extension: 415-875-5712 | |
| To: | Dan Struck, Tim Bojanowski, Kathy Wieneke | |
| Cc: | Don, "Fathi, David" | |
| Bcc: | parsonsdiscovery | |

Dan, Tim and Kathy,

Pursuant to the Court's order, we request a meet-and-confer on Wednesday, May 7, 2014, to discuss discovery.  Please let us know if you are available at 10 a.m. or propose an alternate time.

Thank you,

Caroline

Caroline Mitchell "(bio)"
JONES DAY® - One Firm Worldwide℠
555 California Street, 26th Floor
San Francisco, CA  94104-1500
+1.415.875.5712
+1.415.875.5700
e-mail: cnmitchell@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

Exhibit 2



LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT

## BY ELECTRONIC MAIL ONLY

May 6, 2014

Dan Struck
Struck Wieneke & Love
3100 West Ray Road
Chandler, AZ 85226

RE:    **Parsons v. Ryan**

Dear Dan:

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
*DIRECTOR*
*ATTORNEY AT LAW\**

*\*NOT ADMITTED IN DC;*
*PRACTICE LIMITED TO*
*FEDERAL COURTS*

        I write regarding the meet and confer on Thursday, May 8, in light of the Court's recent order extending the evidence cut-off date to April 1, 2014.

**A.     Proposed Schedule for Discovery and Depositions**
        Plaintiffs propose the following schedule for document production and depositions:

**May 12, 2014** – Defendants provide all documents needed for summary judgment briefing (except health care and institutional files)
**May 19, 2014** – Defendants provide all requested health care and institutional files starting immediately and on a rolling basis, with production completed by May 19, 2014
**May 26-June 6, 2014** – All depositions ordered by the court
**July 18, 2014-** Defendants provide all other requested documents for trial

        We understand that this is a very tight timeline, but see no other option given the summary judgment briefing schedule.  Plaintiffs' proposed schedule would give us just one week between your production of documents and the depositions of your employees and experts that concern those documents.  It would give us two weeks to complete the11 specific depositions authorized by the Court, as well as deposing your four experts about their reliance on developments between September 27, 2013 and April 1, 2014, whether or not they supplement their reports or offer "supplemental opinions."

        Following the completion of depositions, our experts will need a minimum of two weeks to analyze the new documents and deposition testimony and to update their statements as appropriate, following which we will need a week to complete our opposition papers.

**B.     Expert inspections for isolation claim**
        Unlike health care, which is to some extent reflected in the MGAR reports and other Corizon and ADC documents and in prisoners' health records, conditions of confinement in the isolation units can be ascertained only by on-

1

site inspection.  Defendants claim sweeping changes in the operation and even in the physical configuration of the isolation units (Eyman-SMU, Eyman-Browning, Florence-Central, Florence-Kasson, and Perryville-Lumley SMA), and Defendants' experts rely heavily on these post-9/27/13 changes in forming their opinions.  Accordingly, Plaintiffs' experts Haney and Vail must be permitted to inspect the isolation units as they currently exist.  We would like to discuss this during the meet and confer for possible resolution.

**C.     Class Members' Health Care Files**

Plaintiffs request that no later than May 19, Defendants supplement their past production of health care and institutional files reviewed by Plaintiffs' experts to include all documents dating from the last production through April 1, 2014.  We will provide you a list of all of those names tomorrow. Additionally, Plaintiffs request samples of medical files of prisoners who are listed in some of the October 2013 to April 2014 reports described in Category 1 of your supplemental brief, as selected by Plaintiffs.  See pages 3-9 below. We will provide you a list of those names tomorrow as well.

Plaintiffs also request documents from the health care records of prisoners who were granted medical parole or clemency between September 27, 2013 and April 1, 2014.  Specifically, we request all documents in the file for the year preceding the person's release, for the following individuals.
- Dean Vocke, ADC 211077, paroled 10/31/13
- Glen Huggins, ADC 85040, paroled 12/11/13
- Nishma Kanabar, ADC 279557, paroled 2/28/14

Plaintiffs request the death records (health care file, psych autopsy, mortality review, and internal investigations) for all prisoners who died between September 27, 2013 and April 1, 2014.  See Appendix A for a list of the prisoners whose deaths were publicly announced by ADC; however, we additionally request the records for any prisoners whose deaths were not announced.

**D.     Discovery to Respond to Defendants' New Evidence**

Below, we list the categories of documents dated through April 1, 2014 that Defendants represented to the Court that they plan to introduce in their summary judgment motion or at trial, and the documents needed by Plaintiffs to test this evidence.

We have divided our request into two parts.  First, we list the documents that we will need by May 12, 2014 (or, in the case of health records and institutional files, May 19, 2014), for the opposition to Defendants' summary judgment motion.  Second, we list the documents that we will need by July 18, 2014 for trial.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

2

We have made every attempt to identify the documents Defendants have produced in the past that fall under the categories of new evidence. However, in some cases, the name of the report used in your supplemental briefing does not match the name of reports in past productions, and we request that you please provide us with the Bates ranges for the following categories, or confirm that we correctly identified the documents you were referring to in your supplemental briefing.

### 1.      *Documents to Provide Immediately*

#### 1.a.      Monthly Staffing Reports
Plaintiffs request the following discovery by May 12, 2014:
- ADC202956-ADC202996; ADC202998-ADC202999, documents that Defendants identified in their supplemental disclosure statement as monthly staffing reports, but which Plaintiffs have no record of receiving.

#### 1.c.      Monthly Dental Wait Times Report
Plaintiffs request the following discovery by May 12, 2014:
- Routine care list for each facility on the date the March 2014 report was run, showing date of request and type of treatment requested.
- Appointment list from December 1, 2013 to March 31, 2014 for Perryville, Lewis, Eyman, Yuma, and Safford, including date seen, date of HNR, and type of appointment or reason seen.

Plaintiffs request the following discovery by May 19, 2014:
- Sample of 40 dental files per facility of prisoners on the above lists, selected by Plaintiffs.

#### 1.e.      Monthly Inmate Intake Report
Plaintiffs request the following discovery by May 19, 2014:
- Sample of health care files of prisoners who entered ADC custody or were transferred between institutions between Sept. 27, 2013 and April 1, 2014, selected by Plaintiffs.

#### 1.f.      Monthly Infectious Disease/Clinical Report
**We have not been provided documents that match the description of Monthly Infectious Disease Reports that was in Defendants' supplemental brief.** We have only been provided the following documents through March 2014; please confirm whether these documents were what your brief referred to:
- Monthly Clinical Data Reports (AGA_Review_00011818.xls; AGA_Review_00011818-ADC_Review_00011831; ADC153749-ADC153776; ADC153894; ADC203028; ADC230950-ADC231218; ADC261604-ADC261653; ADC263243-ADC263287; ADC267201-ADC267273)

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

- Monthly Hepatitis C Reports, (ADC 231265-ADC 231279; ADC 261699-261701; ADC263296-263298; ADC 267285-267288.
- Quarterly Infectious Disease Reports (ADC230592-ADC230642 [April-June 2013, July-Sept. 2013; Oct.-Dec. 2013]; ADC267133-ADC267143 [Jan.-March 2014])

Plaintiffs request the following discovery by May 12, 2014:
- Monthly Infectious Disease Reports (if they exist, other than the quarterly reports) through March 2014.
- Any correspondence, memos, or investigations into the September 2013 exposure of diabetic prisoners at ASPC-Lewis to Hepatitis C (and possibly other infectious diseases) due to a nurse's re-use of a syringe or vial.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

- Any correspondence, memos, or investigations into the outbreak of infectious diseases at the infirmaries at ASPC-Florence, ASPC-Perryville, or ASPC-Tucson between Sept. 27, 2013 and April 1, 2014.

Plaintiffs request the following discovery by May 19, 2014:
- Sample of health care files of prisoners treated for the infectious diseases listed in the October 2013-March 2014 reports, selected by Plaintiffs.

### 1.g.    Monthly Monitored Conditions Report
**We have not been provided documents that match the description of Monthly Monitored Conditions Reports that is in Defendants' Supplemental brief.**  We have only been provided the following documents; please confirm whether these documents were what your brief referred to:
- Monitored Conditions Report, dated March 12, 2013 (ADC 94833-95216)
- DM Program Report, April-December 2013 (ADC 230239-230243)
- Quarterly Monitored Conditions Report, April-June 2013 (ADC 229846-230238); July-September 2013 (ADC 230244-230591); January-March 2014 (ADC 265963-267132)

Plaintiffs request the following discovery by May 12, 2014:
- Monthly Monitored Conditions Reports through March 2014, if they exist.

Plaintiffs request the following discovery by May 19, 2014:
- Sample of health care files of prisoners treated for the chronic conditions listed in the October 2013-March 2014 quarterly (or monthly) reports, selected by Plaintiffs.

### 1.h.    Monthly Inmate Suicide Rate Report
**We have not been provided documents that match the description of Monthly Inmate Suicide Rate Reports that is in Defendants' Supplemental**

4

**brief**. We have only been provided the following documents; please confirm whether these documents were what your brief referred to:

- ADC reports of Inmate Assault, Self-Harm, & Mortality Data up to 3/31/14 (ADC_S000001-ADC_S000025; ADC229831-ADC229838, ADC261323-ADC261330; ADC265912-ADC265915).

Plaintiffs request the following discovery by May 19, 2014:

- All death records of prisoners who died from Sept. 27, 2013-April 1, 2014, regardless of the reported cause of death. As defined, this includes the health care file, psych autopsy, mortality review, and internal investigations.
- Documents sufficient to show which complex/unit the prisoner was housed in at the time of death.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

### 1.i.   Monthly Outside Consult Report
**We have not been provided documents that match the description in Defendants' Supplemental brief of Monthly Outside Consult Reports**. We have only been provided the following documents; please confirm whether these documents were what your brief referred to:

- Quarterly Network Providers Directory Reports through Q1 2014 (ADC153885-ADC153891; ADC153905; ADC230643-ADC230655; and, ADC267144-ADC267148).
- Quarterly Hospitalization Statistics through March 2014 (ADC230656-ADC203747; and ADC267150-ADC267167).

Plaintiffs request the following discovery by May 12, 2014:

- The Monthly Outside Consult Reports through March 2014, if these reports exist.

Plaintiffs request the following discovery by May 19, 2014:

- Sample of health care files of prisoners listed in the October 2013 to March 2014 (monthly or quarterly) reports, selected by Plaintiffs.

### 1.j.   Monthly HNR/Appointments Report
Defendants' 19th Supplemental Disclosure at ¶ 271 states that this report has been combined with the Inmate Wait Times Reports (which were Part 1.b of your supplemental brief). If Defendants will stipulate to that representation, we do not have any requests.

### 1.k.   Monthly Medical Transports Complex Report (Emergency Transport)
Plaintiffs request the following discovery by May 12, 2014:

- Sample of investigative or incident reports in connection with the emergencies from October 2013 to March 2014, selected by Plaintiffs.

Plaintiffs request the following discovery by May 19, 2014:
- Sample of health care files for prisoners listed from October 2013 to March 2014, selected by Plaintiffs.

### 1.l.    Monthly Medical Transports Statewide Report (Outpatient Transport)

Plaintiffs request the following discovery by May 19, 2014:
- Sample of health care files for prisoners listed from October 2013 to March 2014, selected by Plaintiffs.

### 1.m.    Monthly Hospital Admissions Report

Plaintiffs request the following discovery by May 12, 2014:
- Plaintiffs have no record of receiving the following documents listed in Defendants' supplemental disclosure:  ADC155074-ADC155076; ADC155094; ADC202927-ADC202929; ADC231280-ADC231309, ADC261702-ADC261707; ADC263299-ADC263305;

Plaintiffs request the following discovery by May 19, 2014:
- Sample of health care files for prisoners listed in October 2013 to March 2014 reports, selected by Plaintiffs.

### 1.n.    Monthly Special Accommodations Reports
**We have not been provided any documents that match the description of Special Accommodations Reports in Defendants' Supplemental brief.**

Plaintiffs request the following discovery by May 12, 2014:
- All Special Accommodations Reports (if they exist) through April 1, 2014.

Plaintiffs request the following discovery by May 19, 2014:
- Sample of health care files of prisoners listed in October 2013 to March 2014 reports, selected by Plaintiffs.

### 1.o.    Monthly Medication Report
Plaintiffs request the following discovery by May 19, 2014:
- Sample of health care files of prisoners listed in October 2013 to March 2014 reports, selected by Plaintiffs.

### 1.p.    Monthly Grievance Reports
Plaintiffs request the following discovery by May 12, 2014:
- Informal grievance data from December 2013.
- All formal and informal grievances filed in February 2014.

### 1.q.    Monthly CAG, FAQ, PMBS Reports

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Defendants' brief listed 17 different sub-topics that were measured in these reports. With regard to specific sub-topics, Plaintiffs request the following discovery by May 19, 2014:

- (5) Inmate medical deaths:  All death records of prisoners who died between Sept. 27, 2013 and April 1, 2014, which is defined to include health care file, psych autopsy, mortality review, and internal investigations.
- (15) Inmates on dialysis: Sample of the health care files of the prisoners listed in this report, selected by Plaintiffs.

### 4.      Named Plaintiffs' Healthcare and Institutional Records
Plaintiffs request the following discovery by May 19, 2014:
Health care and institutional files for plaintiffs Brislan and Parsons from 9/27/13 through April 1, 2014.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

With these exceptions, Plaintiffs have received updated health care files for all named plaintiffs and will let you know if any of them are missing documents.

### 7.      Mental Health Services Technical Manual
The Court stated that Defendants "may not rely on future events or events that are 'in process of being implemented'" and this includes the revisions in 5 substantive areas that were to occur in mid-April.  (Doc. 871 at 2). In light of the Court's order, Plaintiffs will not request discovery regarding the five substantive changes listed at lines 12:15-24 of your brief.

Plaintiffs request the following discovery by May 19, 2014:
- Sample of health records and institutional files from prisoners classified as MH3 or above and/or as Seriously Mentally Ill (SMI), selected by Plaintiffs.

### 8.      Medication Administration Modifications
**Plaintiffs cannot identify any documents that pertain to these four substantive changes to medication administration that you described in your Supplemental Brief at page 13.**

Plaintiffs request the following discovery by May 12, 2014:
- All documents regarding these four changes, including but not limited to drafts of the changes, and documents sufficient to show  training of health care and custody staff on the new policies.

### 9.      Director's Instruction 326, Effective March 27, 2014
Plaintiffs request the following discovery by May 12, 2014:

7

- Documents showing the "greater opportunities for recreation, work, in-cell property, visitation, phone calls, programming, and other out-of-cell time" actually received by prisoners pursuant to DI 326.
- Policies, post orders, and other documents implementing DI 326 at Florence, Eyman, and Perryville.

Plaintiffs request the following discovery by May 19, 2014:
- Sample of health records and institutional files from prisoners housed in the isolation units, selected by Plaintiffs.

### 10.     Electronic Health Records Evidence
The Court stated that Defendants "may not rely on future events or events that are 'in process of being implemented'" and this includes the implementation of electronic health records. (Doc. 871 at 2). In light of the Court's order, Plaintiffs will not request discovery regarding this topic.

### 11.     Crisis Intervention/Suicide Prevention
**Defendants' supplemental brief did not specify which documents they plan to introduce with regard to this category.**

Plaintiffs request the following discovery by May 12, 2014:
- Documents showing self-harm incidents and suicide attempts since the implementation of these policies.
- Schedules for "rovers" showing hours actually worked, and in what units/housing areas.

### 12.     Capital Improvements to Maximum Custody Enclosures
The Court stated that Defendants "may not rely on future events or events that are 'in process of being implemented'" and this includes the planned capital improvements. (Doc. 871 at 2). In light of the Court's order, Plaintiffs will not request discovery regarding this topic.

### 13.     Capital Improvements to Group Programming Enclosures
The Court stated that Defendants "may not rely on future events or events that are 'in process of being implemented'" and this includes the planned capital improvements. (Doc. 871 at 2). In light of the Court's order, Plaintiffs will not request discovery regarding this topic.

### 14.     Defendants' Expert Reports
Defendants' motion for reconsideration was pending at the time their experts were deposed. At the time of the depositions, the Court's prior order enforcing the September 27, 2013 cut-off was in effect and observed by Plaintiffs' counsel. As a result, Plaintiffs need to depose Defendants' experts about their reliance on post-Sept. 27 developments, whether or not they supplement their reports or offer "supplemental opinions."

8

**15.   Inmate Assault, Self-Harm, and Mortality Data**

Plaintiffs request the following discovery by May 12, 2014:

- Serious incident reports (SIRs) on use of force incidents in isolation units, including use of force reports and video for any use of force on prisoners taking psychotropic medications.
- SIRs for any incidents of self-harm or attempted suicide, with accompanying documentation including videos.

**16.   State Prison Capabilities for Medical, Mental Health, and Dental Treatment Services Report**

Defendants have produced the following documents:

- June 2012 (ADC265916);
- October 2013 (ADC265917);
- January 2014 (ADC265918-ADC265921).

Plaintiffs request the following discovery by May 12, 2014:

- Any additional reports for months up to April 1, 2014, or stipulation that the three reports listed above are the universe of these reports.

**2.   *Documents to Provide by July 18, 2014***

Plaintiffs request the following discovery for each one of the reports listed at Part 1, subparts a-c, e-i, and k-r of Defendants' supplemental brief:

- Any analysis or discussion, formal or informal, regarding the quality, sufficiency, or limitations of the data gathered by Corizon and/or ADC for the report, including but not limited to quality assurance reports, reviews or spot checks of the data, and discussions contained in emails or memos regarding the quality, sufficiency, or limitations of the data.
- All underlying data for the reports produced from October 2013 to March 2014.
- Any written instructions to staff who gather, compile, report, or enter data that is used in the reports.

In addition, Plaintiffs request the specific discovery for the following documents described by Defendants:

**1.a.   Monthly Staffing Reports**

Plaintiffs request the following discovery:

- Documents sufficient to show the duration of vacancies in provider positions (i.e. medical director, physician, nurse practitioner, physician's assistant, psychiatrist, psychiatry nurse practitioner, dentists) at each institution between September 27, 2013 and April 1, 2014.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

9

- Documents sufficient to show the number of hours and subjects of completed training by all permanent and temporary health care staff at each institution from Sept. 27, 2013 to April 1, 2014.
- Any analysis or discussion, formal or informal, including discussions contained in emails or memos, regarding the hiring and training of permanent employees between Sept. 27, 2013 and April 1, 2014.

### 1.g.    Monthly Monitored Conditions Report
Plaintiffs request the following discovery:
- Any analysis or discussion, formal or informal, including discussions contained in emails or memos, regarding chronic care between Sept. 27, 2013 and April 1, 2014.

### 1.i.    Monthly Outside Consult Report

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Plaintiffs request the following discovery:
- Any analysis or discussion, formal or informal, including discussions contained in emails or memos, regarding outside specialty care between Sept. 27, 2013 and April 1, 2014.

### 1.q.    Monthly CAG, FAQ, PMBS Reports
Defendants' brief listed 17 different sub-topics that were measured in these reports. With regard to specific sub-topics, Plaintiffs request the following discovery:
- (10) AHCCS applications completed: Copies of applications completed between Sept. 27, 2013 and April 1, 2014.
- (13) Inmates at peer education groups:  Documents sufficient to show the frequency, attendance, and substance of these groups.

### 1.r.    Monthly Medical Malpractice and Certification/Licensing Reports
Defendants have produced the following documents:
- Medical Malpractice Statistics Reports **through January 2014** (ADC203038; ADC231932-ADC231938; ADC261826-ADC261827).
- Certification/Licensing Monthly Update Reports **through December 2013** (ADC203027; and, ADC231939-ADC231945).

Plaintiffs request the following discovery:
- Medical Malpractice Statistics Reports for February and March 2014.
- Certification/Licensing Monthly Update Reports for January-March 2014.
- All internal investigations or disciplinary reports regarding health care staff between Sept. 27, 2013 and April 1, 2014, for both permanent and contract employees.

### 3.    Monthly MGAR Reports

Defendants have provided monthly monitoring reports through March 2014, and the following MGAR training materials.

- ADC 138634-138696 (January 2012)
- ADC 138697-138720 (June 2012)
- ADC 138721-138777 (undated worksheets)
- ADC 139823-139856 (Sept. 24, 2013)
- ADC 139857-139879 (Sept. 19, 2013)

Plaintiffs request the following discovery:

- Any written instructions or training materials dated between Sept. 27, 2013 and April 1, 2014 for monitors on how to conduct the MGAR reviews, including a uniform method of categorizing and measuring performance.
- Any analysis or discussion, formal or informal, regarding the quality, sufficiency, or limitations of the data gathered by ADC monitors preparing MGAR reports,  including but not limited to quality assurance reports, reviews or spot checks of the data, and discussions contained in emails or memos regarding the quality, sufficiency, or limitations of the data.

### 6.    Corizon Contract Amendments

Defendants produced the following documents:

- Executed ADC-Corizon Contract Amendment No. 3 (EHR Roll-Out) (ADC263217-ADC263222);
- Executed ADC-Corizon Contract Amendment No. 4 (Revised Performance Measures in MGARs) (ADC263381-ADC263385);
- EHR Go Live Schedule (ADC263223)

The Court stated that Defendants "may not rely on future events or events that are 'in process of being implemented'" and this includes the implementation of Electronic Health Records.  (Doc. 871 at 2).  In light of the Court's order, Plaintiffs will not request discovery regarding Amendment No. 3 or the EHR Go Live Schedule.

Plaintiffs request the following discovery with regard to Amendment No. 4:

- See # 3, Monthly MGAR Reports, above.
- All drafts of proposed changes to the MGAR performance measurements

### 7.    Mental Health Services Technical Manual

Plaintiffs request the following discovery:

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

- Documents sufficient to show that the 17 allegedly new requirements in the January 1, 2014 Mental Health Services Technical Manual are being complied with. See Doc. 851, p. 11 line 25 – p. 12 line 14.

### 8.    Medication Administration Modifications
Plaintiffs request the following discovery:
- Any analysis or discussion, formal or informal, regarding medication administration in these four areas, including but not limited to quality assurance reports, reviews or spot checks of compliance with the new policies, and discussions contained in emails or memos regarding the quality, sufficiency, or limitations of the previous and new policies.

### 9.    Director's Instruction 326, Effective March 27, 2014
Plaintiffs request the following discovery:
- Lesson plans, schedules, and attendance lists for programs described in Appendices to DI 326 and all other programs that are provided pursuant to DI 326.

### 11.    Crisis Intervention/Suicide Prevention
Plaintiffs request the following discovery:
- Lesson plans/curricula for crisis intervention/suicide prevention training, records showing that training actually occurred, duration of training, and number of staff participating from each unit/area.

We look forward to a productive and efficient meet and confer, so that any remaining disputes may be promptly presented to the Court for resolution.

Very truly yours,

David C. Fathi

Cc:    All counsel

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

12

Appendix A:  Prisoners Who Died Sept. 27, 2013-April 1, 2014

This may not be inclusive of all deaths; it lists only deaths that were publicly announced by ADC on website:

| Name | ADC # | Date of Death |
|---|---|---|
| Bennie Harris | 67481 | 10/1/2013 |
| Richard Hildenbrand | 140990 | 10/2/2013 |
| Gregory Schlundt | 54406 | 10/3/2013 |
| Kevin Wirts | 258690 | 10/7/2013 |
| Rusty Anderson | 222642 | 10/9/2013 |
| Kenneth Gifford | 128657 | 10/9/2013 |
| Michael Melendez | 102559 | 10/10/2013 |
| Emmanuel Arline | 198483 | 10/18/2013 |
| Steven Ensslin | 90119 | 10/19/2013 |
| Roosevelt Foster | 51942 | 10/19/2013 |
| Todd Hoke | 253951 | 10/21/2013 |
| Robert Maxwell | 65789 | 10/23/2013 |
| Woody Trisky | 165447 | 10/24/2013 |
| Avtar Sidhu | 278273 | 10/28/2013 |
| George Rodriguez | 163888 | 11/1/2013 |
| Fred Bridges | 193106 | 11/3/2013 |
| John Montano | 284933 | 11/6/2013 |
| Gabrielle Flores | 279835 | 11/9/2013 |
| Benny Roseland | 124449 | 11/12/2013 |
| Eugene Chambers | 92330 | 11/13/2013 |
| Ignacio Ruelas | 234337 | 11/14/2013 |
| Rudolph Eagle | 263315 | 11/27/2013 |
| Rocky Ross | 171552 | 11/27/2013 |
| Raymundo Morin | 130151 | 11/28/2013 |
| James Copeland | 204865 | 11/28/2013 |
| Allen Rawson | 222411 | 12/3/2013 |
| Lance McQueen | 275473 | 12/12/2013 |
| Willie Ross | 85516 | 12/12/2013 |
| David Estrada | 70862 | 12/14/2013 |
| Kenneth Johnson | 271083 | 12/17/2013 |
| John McLean | 282546 | 12/18/2013 |
| Jose Delgado | 93079 | 12/18/2013 |
| Alex Gutierrez | 53815 | 12/26/2013 |
| Frederick Harris | 116031 | 12/26/2013 |
| Armando Casas | 286492 | 12/27/2013 |
| Gloria Rogers | 216771 | 12/27/2013 |

| Name | ADC # | Date of Death |
|---|---|---|
| Michael Blair | 248409 | 12/30/2013 |
| Hank Colter | 43493 | 12/30/2013 |
| Robert Aceves | 147992 | 1/1/2014 |
| Tony Wonderlin | 275028 | 1/3/2014 |
| Tomas Valenzuela | 218662 | 1/4/2014 |
| Van Clark | 171695 | 1/4/2014 |
| Arthur Fry | 26604 | 1/7/2014 |
| Eremon Jones | 285912 | 1/11/2014 |
| Kenneth Rogers | 253544 | 1/21/2014 |
| Norman Frederick | 31074 | 1/21/2014 |
| Donald Garvey | 201098 | 1/21/2014 |
| Manuel Diaz | 160322 | 1/24/2014 |
| Ephriam George | 278725 | 1/25/2014 |
| David Morrison | 215006 | 1/26/2014 |
| Gregory Dickens | 102305 | 1/27/2014 |
| Daniel Gray | 32355 | 1/30/2014 |
| Frank Scott | 138940 | 1/30/2014 |
| Marcelo Gonzalez | 204980 | 2/2/2014 |
| Michael Blackwell | 60437 | 2/6/2014 |
| Ralph Hawthorne | 143402 | 2/24/2014 |
| James Estes | 269475 | 3/1/2014 |
| Henry Tomlinson | 271482 | 3/9/2014 |
| Leon Cosen | 280937 | 3/11/2014 |
| Adam Solano | 58542 | 3/16/2014 |
| Alexander Clark | 208882 | 3/18/2014 |
| Floyd Boxley | 263515 | 3/23/2014 |
| Krieck | 48687 | 3/25/2014 |
| Francis Kinder | 280307 | 3/27/2014 |
| Jacob Price | 186468 | 3/30/2014 |

Exhibit 3

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



AMERICAN CIVIL LIBERTIES UNION

**BY EMAIL ONLY**

May 7, 2014

Dan Struck
Struck Wieneke & Love
3100 West Ray Road
Chandler, AZ  85226

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH  FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

RE:    Parsons v. Ryan

Dear Dan:

As stated in my letter of May 6, 2014 (at p. 2), we request that Defendants supplement their past production of health care and institutional files reviewed by Plaintiffs' experts to include all documents dating from the last production through April 1, 2014.  The files in question are listed in Appendix A to this letter.  For the files reviewed by Dr. Haney and Mr. Vail we request supplements to both the medical and institutional files; for those reviewed by the other experts we request supplements only to the medical files.

As also stated in my May 6 letter, Plaintiffs request samples of files of prisoners who are listed in some of the October 2013 to April 2014 reports described in Category 1 of your supplemental brief, as selected by Plaintiffs.  We will provide you a list of those names as soon as possible.

We look forward to speaking with you tomorrow.

Very truly yours,

David C. Fathi

Cc:    All counsel

# APPENDIX A

**Drs. Wilcox and Cohen**

Abellido, M., 257565
Acevedo, D., 243693
Addis, G., 246793
Adrian, R., 154717
Aguilar, E., 081409
Akridge, R., 084478
Albritton, J., 239958
Allphin, D., 212546
Almanza, A., 235415
Almendariz, L., 083486
Andrews, J., 236364
Apolinar, G., 274761
Arbuckle, D., 122311
Arguello, D., 269814
Armdariz, C., 241762
Arvallo, F., 131124
Bable, M., 064965
Baca, L., 065723
Baeza, E., 43508
Balderas, M., 229508
Barron, M., 270030
Batista, H., 270988
Becker, H., 082114
Bedoy, A., 154032
Begay, S., 244783
Belmudez, J., 273955
Bertanelli, J., 047835
Bess, R., 079660
Beverett, A., 160103
Biggers, J., 195674
Billings, H., 218617
Binford, G., 034420
Bivens, G., 043630
Blockson, M., 180634
Borrero, A., 87270
Branch, V., 72628
Broadhead, S., 035145
Brodowski, D., 027566
Brooks, V., 255790
Bryan, A., 197725
Caddy, S., 56788
Castano, J., 173693

1

Calhoun, J., 204538
Campos, E., 256934
Ceballos, S., 231176
Chambers, T., 040915
Chavez, K., 262243
Chavez, M., 187239
Chavez-Espinoza, C., 042966
Chiago, M., 265915
Chisholm, M., 200825
Church, G., 039345
Cipriano, J., 189685
Clarine, R., 276836
Clark, R., 059997
Conley, J., 217749
Consentino, G., 167080
Contreras, G., 275220
Cook, M., 071546
Cordova, F., 97979
Cornejo, J., 246859
Corral, W., 081620
Cox, R., 260010
Cromwell, R., 174456
Crowe, J., 045049
Cruz, H., 125663
Cruz, R., 038907
Curtis, C., 272166
Cuyler, L., 266818
Daley, J., 194571
Darcy, M., 240030
Darr, S., 273497
Davis, A., 183961
Davis, S., 163615
Davison, R., 081813
Dawahoya, F., 108418
Day, R., 202495
Dehart, A., 282280
Delacruz, M., 277201
DeLuca, E., 153954
Devine, R., 138222
Diaz, H., 049236
Dobler, B., 195750
Doherty, M., 048975
DeLuca, E., 153954
Eaton, R., 249139
Edwards, O., 207300
Eggleston, D., 219699

Entin, R., 281884
Faulkner, D., 252682
Feltner, R., 91975
Feraci, V., 183825
Fierros, G., 058206
Figueroa, J., 045460
Fimbrez, R., 064722
Fliger, J., 239781
Flores, A., 270776
Flores, J., 279039
Franco, C., 281925
Galeazzi, S., 274645
Garcia, B., 39968
Garcia, K., 280200
Garcia-Morfin, J., 233520
Garcia-Vega, G., 275307
Gargano, P., 243812
Gelden, R., 050512
Gieck, G., 94173
Gonzalez, J., 217498
Gonzalez, R., 210343
Goodwin, L., 191287
Gordon, J., 140687
Gosney, A., 202988
Graciano, F., 255968
Gray, J., 154064
Griffin, J., 085110
Griffen, K., 189368
Guevara, R., 254097
Guillan, P., 076248
Gullick, D., 166858
Haddix, K., 210393
Hagen, B., 242768
Hall, G., 207113
Hall, R., 280750
Hampton, D., 225275
Harris, G., 094133
Harrison, C., 082360
Hausner, D., 240702
Harvey, G., 266765
Harwood, N., 274595
Haws, A., 198857
Hayes, F., 114125
Hefner, J., 203653
Hernandez, A., 080201
Hernandez, R., 217451

3

Hernandez, T., 195406
Henderson, P., 247636
Herrera, T., 078507
Hillard, S., 112970
Hodges, R., 113364
Hoppes, P., 242119
Homer, K., 180025
Horta, A., 135540
Howard, J., 074699
Howard, J., 049806
Huffman, B., 092713
Hull, H. 281701
Jackson, R., 041878
Jacobs, R., 93371
Jeffrey, C., 212819
Jensen, S., 032465
Jimenez, A., 138779
Jimenez, B., 253455
Johnson, E., 272454
Johnson, G., 263915
Johnson, M., 43908
Johnson, M., 156930
Johnson, R., 232783
Johnson, S., 235714
Jones, L., 60669
Jordan, W., 078789
Ker, A., 272203
King, N., 146527
Kletschka, G., 169170
Knap, P. 180484
Kootswatewa, T., 150745
Kwiatowski, E., 270820
Larsen, P., 261348
Larsgard, J., 271552
Lee, B., 037490
Lemire, J., 251181
Leon, M., 201494
Leonard, K., 117564
Leslie, D., 251101
Licci, D., 150051
Lindstrom, G., 075515
Livingston, G., 069597
Loeffler, C., 174736
Lomeli, J., 161242
Lopez, B., 031390

Lopez, B., 277216
Lopez, C., 210615
Lopez, G., 173947
Lopez, J., 079275
Lopez, P., 079774
Lopez, P., 265299
Lopez, R., 166763
Loveall, M., 259232
Lubo, M., 269511
Lucero, F., 86062
Lynn, C., 131399
Mace, S., 208789
Macias, E., 252347
Maciel, R., 227416
Madrigal, J., 195130
Mahle, M., 239654
Malone, G., 086899
Manley, C., 144981
Martin, D., 217317
Martinez, A., 085596
Martinez, A., 259289
Mason, A., 046632
Mauch, R., 221213
McCabe, M., 049597
McClain, L., 151835
McCool, F., 071383
McCracken, M., 204404
McNeil, P., 083492
McNeish, T., 194635
Mendoza, E., 265205
Menendez, J., 111590
Mided, M., 153128
Millay, E., 229679
Miller, K., 277505
Moler, H., 102254
Money, M., 141386
Montano, M., 147126
Moorman, M., 166496
Morales, C., 375737
Moreno, M., 242769
Morgan, F., 066223
Moritz, D., 236561
Morris, N., 232712
Murdaugh, M., 162753
Murray, R., 094261
Narten, K., 024550

Neal, R., 265762
Nissley, P. 277002
Noriega, G., 052155
Nunn, C., 237935
Nuvamsa, D., 217137
Olivas, R., 128627
Ortiz, S., 104659
Pate, K., 091377
Patterson, L., 237901
Penrod, S., 239370
Pereyda, D., 278635
Peters, D., 063009
Polson, J., 187716
Porter, D., 255037
Powell, R., 050575
Puts, C., 169496
Ramey, P., 115047
Ramirez, J., 192673
Raum, K., 258163
Rawson, A., 222411
Ray, J., 118850
Ray, J., 162942
Ree, J., 172999
Reed, A., 172685
Reed, P., 105218
Rhone, D., 245225
Rico, R., 192272
Rios, J., 058372
Rivera-Sanchez, J., 61951
Robertson, D., 258053
Robinson, R., 101690
Robles, J., 37327
Rodriguez, G., 163888
Rodriguez, S., 103830
Rohde, S., 223109
Romano, D., 080946
Rook, M., 214472
Rosales, F., 233810
Roseland, B., 124449
Salamone, A., 201292
Salas, A., 138050
Salazar, M., 231314
Sanchez, D., 191423
Sanchez, M., 107969
Sanchez, M., 270127
Sauced, M., 176678

6

Saucedo, L., 170180
Scavo, J., 231091
Simpson, K., 100476
Skinner, J., 282656
Slovekosky, J., 122147
Slyvester, C., 168857
Smith, A., 031588
Smith, B., 065084
Smith, J., 116912
Smith, J., 129438
Smith, M., 234722
Sotero, D., 273820
Southworth, S., 257109
Spain, T., 50180
Spencer, C., 082989
Spinelli, J., 158577
Stanley, M., 064794
Starr, W., 162514
Steah, K., 200537
Stein, H., 246181
Stewart, R., 208756
Stoeckel, L., 261727
Stovall, R., 214857
Sullivan, J., 182295
Swartz, S., 102486
Sweat, T., 207309
Tacho, M., 034680
Talavera, P., 146538
Tamayo, J., 106163
Tashquinth, L., 229672
Tavares, W., 280875
Terry, J., 268085
Thorne, J., 164150
Tibbets, D., 074387
Trisky, W., 165447
Troy, D., 226501
Tucker, D. 279093
Tucker, E., 157363
Tumminia, A., 222756
Turney, R., 253929
Urbanski, T., 120003
Valenzuela, D., 063167
Vaughn, H., 170234
Velasquez, M., 173685
Ventura, M., 219103
Verduzco, C., 205776

Vocke, D., 211077
Vogt, T., 029337
Walema, L., 273256
Walker, E., 278429
Wallace, K., 231478
Wallace, R., 247850
Wallace, R., 046065
Walters, M., 226771
Watkins, M., 235162
Weber, C., 105458
Wells, C., 247188
Wilkins, K., 157190
Williams, A., 147347
Williams, J., 239308
Wilson, N., 140056
Womack, N., 130359
Woods, R., 058068
Worley, G., 257008
Young, E., 269965
Zamora, A., 226075
Zander, T., 110280
Zeena, M., 169978
Zuniga, A., 274359

1. **ELDON VAIL**
   A. **Perryville**
      a. Virginia Anderson, 265961
      b. Chrystal Cunningham, 224217
      c. Chaine Masbrugch, 165945
      d. Shacoia Mitchell, 266314
      e. Yara Giselle Renteria, 236532
      f. Sonia Rodriguez, 103830
      g. Heather Self, 231185
      h. Christina Verduzco, 205576
      i. Melissa Wakeman, 271682
      j. Jennifer Wheeler, 228570
   B. **Eyman**
      a. Ray Arce 151480
      b. Toddrick Booth, 248310
      c. Eric Cameloz-Caicedo 228215
      d. Ray Carr, 120406
      e. Fernando Casales 135638
      f. Jaypal Connolly, 167895
      g. David Conro, 246918
      h. Paul Copas, 185706
      i. Andrew Cushman, 247824,
      j. Marcus Davis, 165060
      k. Joshua DeRouche, 147875
      l. Adam Duran, 209206
      m. Dennis Eddy, 053476
      n. Michael Enas 172097
      o. William Evans, 213432
      p. Robert Gamez, 131401
      q. Jason Gann, 182504
      r. Marcos Gil, 223040
      s. Augustine Gonzalez, 076949
      t. Jovon Harris, 123545
      u. Eric Haves, 162876
      v. Clayton Hill, 230403
      w. Anthony Horton, 135540
      x. Ronald Jacobs, 093371
      y. Billy Johnson, 225801
      z. Thomas Kane, 006051
      aa. William Lidy 136911
      bb. Patrick Logan, 177604,
      cc. Smitty Long, 156721
      dd. Jahmari Manual, 078985
      ee. Hector Martinez, 240034
      ff. Bennie Masters, 134860
      gg. Robin McJunkin, 109331
      hh. William Neville 061616
      ii. Adam Nicolia, 254795
      jj. Michael Ortega, 240365
      kk. Robert Osario, 108309
      ll. James Pacheco, 215017
      mm. Frank Racer, 108121
      nn. Luis Saucedo, 170180
      oo. DeShawn Scott, 146395
      pp. Jeremy Smith, 129438
      qq. Glen Stamper 174892
      rr. Victor Sweeney 257549
      ss. Jackie Thomas, 211267
      tt. Marcus Thomas, 161030
      uu. Gilberto Trevino, 233700
      vv. Dustin Varela, 274845
      ww. Billy Ward, 207397
      xx. Yak Yak, 181109
      yy. Eric Yozzic, 233209
   C. **Florence**
      a. Alvin Adamson, 190119
      b. Jacob Alila, 217766
      c. Mark Alverez, 182500
      d. Deon Anderson, 262770
      e. Michael Archique, 092371
      f. Fabrian Armenta, 201009
      g. Thaddeus Beasley, 111724
      h. Jeremy Begay, 273183
      i. Christopher Cartier, 278352
      j. Darrell Damous, 247669
      k. Eugene Diaz, 270867
      l. Cesar Fimbres 172483
      m. Ramon Garcia, 196249
      n. Jacob Glasscock, 235550

o.  Ricky Guevera, 202103
p.  Anthony Hand, 266711
q.  Chance Hart, 176018
r.  Gabriel Hayes, 174960
s.  Ruben Hernandez, 116412
t.  Alfredo Herrera, 141081
u.  Marcellus Jackson, 275352
v.  Kenneth Jordan, 233937
w.  Donald Lyons, 099265
x.  Mathew Manzanedo, 079369
y.  Mark Martinez, 200893
z.  Tyson McDaniel, 115043
aa. Jack McGee, 220171
bb. Aaron Melancon, 262571
cc. Ernesto Mendoza, 228350
dd. Angel Morales, 234567
ee. Arturo Morales, 251297
ff. Ruben Morales, 266207

gg. Warees Muzakkir, 082561
hh. Leon Nariano, 209077
ii.  Robert Olivas, 260077
jj.  Lyle Paddock, 196476
kk. Sam Pailate, 235510
ll.  Ahmed Qadir, 089104
mm.   Wilford Ratliff, 210575
nn. Andrew Robins, 248114
oo. Sergio Rubio, 213703
pp. Vincent Salazar, 211033
qq. Timothy Stephenson, 201751
rr.  Eligio Valenzuela, 230945
ss.  Nathanial Vargas, 138514
tt.  Christian Vasquez, 274006
uu. Michael Walliser, 181344
vv. Trevanne Whitewalker, 257315
ww.    Berry Williams, 267365
xx. Javier Zambrano, 226439

2.  **BRIE WILLIAMS**
   A. **Florence**
      a.  Cristino Chavez-Espinoza, 42966
      b.  Jose Lomeli, 161242
      c.  Frank Lucero, 086062
      d.  Rodolfo Mendoza, 46605
      e.  Hector Norzagaray, 119781
      f.  George Overturf, 253160
      g.  James Steele, 070021
      h.  Reynaldo Torriente, 134060
   B. **Eyman**
      a.  Ira Anderson, 62997
      b.  Louis Avanzi, 104515
      c.  Dennis Eddy, 53476
      d.  Jerry Patton, 277153
   C. **Perryville**
      a.  Michelle Leyba-Hill, 120631

3. **PABLO STEWART**
   A. **Lewis**
      a. Steven Beaver, 146308
      b. Austin Breshears, 214264
      c. Shawn Chock, 256000
      d. Chris Harris, 222231
      e. James Hill, 085078
      f. Alexander Hoffman, 273887
      g. Michael Kiel, 166428
      h. Jason Lewis, 189264
      i. Gabriel Ramirez, 173799
      j. Adrian Robles, 177363
      k. Stephen Swartz, 102486
   B. **Perryville**
      a. Sandra Banks 276868
      b. Maryanne Chisholm, 200825
      c. Chrystal Cunningham, 224317
      d. Danielle Fisher, 274353
      e. Jennifer Garcia, 179702
      f. Margaret Ihms, 233157
      g. Norma Lowe, 083360
      h. Sonia Rodriguez, 103830
      i. Heather Self, 231185
      j. Danette Taulbee, 273151
      k. Christina Verduzco, 205576
      l. Jennifer Wheeler, 228570
   C. **Yuma**
      a. David Armijo, 232734
      b. James Bennett, 237279
      c. William Bianco, 197299
      d. Victor Calzado-Gutierrez, 254887
      e. Luis Chao, 276142
      f. Daniel Deleon, 189733
      g. Jason Lewis, 189264
      h. Santino Zanghi, 229344
   D. **Eyman**
      a. Bernard Allen, 141779
      b. Jason Avery, 269351
      c. Eric Caneloz, 228215

      d. Javier Celaya, 238704
      e. Cleveland Cook, 207197
      f. Alfred Davis, 183961
      g. Robert Flemming, 90689
      h. Robert Gamez, 131401
      i. Jaime Hall, 163821
      j. Kristopher Kimmerling, 154443
      k. Kendall Pearson, 246092
      l. Joshua Polson, 187716
      m. Luis Salazar, 239752
      n. Luis Saucedo, 170180
      o. Jeremy Smith, 129438
      p. Jackie Thomas, 211267
      q. Jesse Wozniak, 129673
   E. **Phoenix**
      a. Dustin Brislan, 164993
      b. Scott Foster, 210674
      c. Richard Green, 116948
      d. Lisa Long, 264410
      e. David McKay, 198724
      f. Mike Tacho, 034680
      g. Felix Tapia-Riuz, 274905
      h. Terry Wolkow, 142707
   F. **Florence**
      a. Sergio Andrade, 195824
      b. Timothy Ben, 186585
      c. Gillermo Bustamante, 127681
      d. Brian Chavez-Cardenas, 200384
      e. Christopher Castillo, 245700
      f. Andrew Fancy, 262420
      g. George Lamas, 218510
      h. Miguel Lopez, 246307
      i. David Metcalf, 126539
      j. Jose Quintanilla, 229303
      k. Fermin Vidal, 147564
      l. Henry Youman, 224054
      m.
   G. **Tucson**
      a. Daniel Allen, 276661
      b. Jose Amaya-Ruiz, 057279
      c. Joaquine Elizalde-Cota, 280890

     d.  Erick Franco, 247770

     e.  Christian Meza, 272940

## H. DEATH RECORDS

     a.  Timothy Ben, 186585

     b.  Christina Black, 145562

     c.  Forrest Day, 258301

     d.  Javier Gonzalez, 217498

     e.  Dale Hausner, 240702

     f.  Paul Henderson, 247636

     g.  Patrick Hoppes, 242119

     h.  Nelson Johnson, 143345

     i.  Raymundo Morin, 130151

     j.  Otto Munster, 266474

     k.  Anthony Olea, 153946

     l.  Miguel Sanchez, 270127

     m.  Milo Stanley, 064794

     n.  Joaquin Tamayo, 106163

     o.  Michael Tovar, 241095

4. **CRAIG HANEY**
   A. **Perryville**
      a. Georgia Baker, 187801
      b. Latonya Cain, 172377
      c. Patricia Chavez, 228178
      d. Sheila Manygoats, 193693
      e. Christina Perez, 194526
      f. Deanna B. Ramirez, 264284
      g. Sonia Rodriguez, 103830
      h. Tameka Ternoir, 212090
      i. Christina Verduzco, 205576
      j. Jennifer Wheeler, 228570
      k. Tory L. Williams, 190756
   B. **Florence**
      a. Robert Aloia, 070529
      b. Brandon Antonides, 153201
      c. Leonard Bean, 159352
      d. Chase Blackshear, 208994
      e. Jesse Casas, 156294
      f. Nathan Dahling, 237851
      g. Robert Dumond, 180847
      h. Wolfgan Ehmke, 132189
      i. Frank Galo, 150621
      j. John Garibo, 218563
      k. Enrique Garza, 248056
      l. Anthony Hand, 266711
      m. Robert Harmon, 251293
      n. Scott Holbrook, 259300
      o. Noe Jimenez, 239038
      p. Charles Johnson, 099855
      q. Willie Johnson, 220930
      r. Jason Jones, 242070
      s. Zachary MacIsaac, 252577
      t. Mark Martinez, 200893
      u. Ramon Matinez, 076688
      v. Jesse Mauricio, 128194
      w. Eric Nelson, 157808
      x. Henry Ochoa, 257721
      y. Jesse Papanek, 180906
      z. Christopher Pavloff, 264480
      aa. Tony Pruitt, 175985
      bb. Frank Rodriguez, 140309
      cc. Tristan Rossum, 121496
      dd. David Ruiz, 213456
      ee. Andrew Solorzano, 281250
      ff. Jody Sullivan, 182295
      gg. Nathaniel Vargas, 138514
      hh. Samuel Wright, 207261
   C. **Eyman**
      a. Carlos Alvardo, 050444
      b. Ray Arce, 151480
      c. Rocky Collins, 040513 (released)
      d. Robert Gamez, 131401
      e. Shane Harris, 198341
      f. Michael Hernandez, 211872
      g. Robert Jaramillo, 039278
      h. Billy Johnson, 225801
      i. Thomas Kane, 060051
      j. Eduardo Martinez, 121022
      k. Miguel Rivera, 239996
      l. Alexander Sanchez, 129230
      m. Anthony Sepulveda, 222800
      n. Jeremy Smith, 129438
      o. Ryan Tenny, 263981
      p. Jackie Thomas, 211267
      q. Isaac Valle, 126113
      r. Dustin Varela, 274845
      s. Jesse Wozniak, 129673

Exhibit 4

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



**BY ELECTRONIC MAIL ONLY**

May 9, 2014

Dan Struck
Struck Wieneke & Love
3100 West Ray Road
Chandler, AZ 85226
Email:  dstruck@swlfirm.com

RE:    **Parsons v. Ryan**

Dear Dan:

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH  FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
*DIRECTOR
ATTORNEY AT LAW\**


*\*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS*

I write to summarize the discussion on our May 8 call, including where the parties reached agreement, declared an impasse, or stated that they need to do more research on an issue. If this does not comport with your memory, please let me know immediately.  To the extent the parties stated they would research a matter and get back to the other side, we agreed the responses will be provided on Monday, May 12.

### I.    Extension of due date for Plaintiffs' discovery motion

We pointed out that Plaintiffs' discovery motion is currently due on May 14, the same day as motions for summary judgment and motions challenging expert testimony.  We asked that you stipulate to a two-day extension for the discovery motion until May 16, to allow Plaintiffs to review your summary judgment motion and perhaps narrow our discovery requests accordingly.  You agreed to this stipulation; you did not condition your agreement upon Plaintiffs' motion taking any particular form.

Shortly after the conclusion of our call, you emailed me to say that you were withdrawing your stipulation in retaliation for my statement, in response to a question from Defendants' counsel, that Plaintiffs plan to file a motion rather than a "one-pager."  This is not the first time you have entered into a stipulation and then abruptly backed out; such tactics are not conducive to productive negotiations.  We will present our motion for an extension to the Court and indicate your opposition.

### II.    Expert Tours of Isolation Units and Programming

The parties could not agree whether Plaintiffs' isolation experts will conduct additional tours to observe the programmatic and physical plant changes that Defendants contend have occurred between September 27, 2013 and April 1, 2014.  Accordingly, Plaintiffs will bring this to the Court for resolution.

1

## III.     Depositions

We explained that at the time Defendants' experts were deposed, the Court's February 26, 2014 Order (Doc. 815), affirming the September 27, 2013 discovery cut-off date, was in effect.  Accordingly, when deposing Defendants' experts, we did not ask questions about post-September 27 information because we were relying upon the Court's order.

You agreed that if Defendants' experts issue additional reports, Plaintiffs will be entitled to four hours of deposition of each expert under the Court's order, and may ask about the experts' reliance on post-September 27 information or developments in addition to any supplemental opinions the expert might offer.  However, you did not agree to additional depositions if Defendants' experts do not issue additional reports, stating that you want to review the deposition transcripts and determine if you think questions were already asked about post-September 27 evidence.  You said you would get back to us on this topic.

The parties also discussed having one or two people on each side serve as point persons in arranging and scheduling the additional depositions authorized by the Court.  We stated that we did not know if we are going to need all of the authorized depositions at this time, and will have a better idea after reviewing Defendants' motion for summary judgment.

## IV.     Prisoner Health Care and Institutional Records

### A.     Supplementing Health Care and Institutional Files Previously Made Available for Inspection or Production

On May 7, 2014, I sent you a letter with a list of prisoners whose medical and/or institutional files were previously made available to Plaintiffs' experts for review.  We request that we be provided a supplemental production of all documents in the file that are dated after the file was produced or inspected.  We explained that this supplementation is necessary to test Defendants' contention that health care and conditions of confinement have greatly improved in the six months since the original discovery cut-off date.  Our experts previously reviewed those files and concluded that ADC's health care and isolation units have systemic problems that put prisoners at serious risk of substantial harm.  They need to review any new documents in these same prisoners' files to determine if the care or conditions have improved or not.

You stated that you have supplemented the production of documents from the named plaintiffs' medical files through April 1 (except for Victor Parsons, whose records you decline to supplement), and you will not otherwise supplement the production of health care and institutional files.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

The parties declared an impasse on the supplementation of these records.

**B.      Death Records and Files of Prisoners Granted Medical Parole ("Imminent Danger" Release)**

Plaintiffs requested that Defendants produce the "death records" (health care file, psych autopsy, mortality review, and any investigations) of all ADC prisoners who died between September 27, 2013 and April 1, 2014.  Plaintiffs identified 67 deaths announced on ADC's website during this time.

Lucy stated that Defendants can produce only the 22 records on which the investigation is complete, and will not produce records in cases where investigation is still ongoing, even though the files are in ADC's possession. She asserted that past productions of death records were done this way, although we pointed out that we had never been given this reason for not producing records before.  Lucy also stated that "many" of the prisoners who died were in the custody of the private prisons when they died, or were housed at a private prison and then only briefly transferred to Tucson before their death.  However, she confirmed that the past production of records for deaths from March 4, 2013 to September 27, 2013 was complete, and that no records had been withheld from production on the basis that investigations were not complete, or because the prisoner was transferred to Tucson shortly before dying.

After further discussion we confirmed that there is 1, perhaps 2, of the 67 prisoners who died while housed at Kingman.  Lucy said she thought the universe of prisoners transferred to Tucson shortly before their death was also 1 or 2 cases.  I explained that these latter files are nonetheless needed because we need to evaluate the care they were receiving at Tucson prior to their death, and in order to make that assessment we need to know what their medical conditions were leading up to the transfer.  We reached an impasse on the production of these prisoners' records.

You stated that putting aside these one or two cases in dispute because of the transfer from a private prison to Tucson, Defendants will agree to produce these death records on a rolling basis, beginning with the 22 for which the investigations are complete.  You stated you thought that all records could be produced by July.  Caroline requested you ask ADC how many investigations from the October-April time period will likely still be ongoing in July.  You stated that you would ask and provide us more detail on timing.

We requested the medical files for three persons who were paroled for medical reasons between September 27, 2013 and April 1, 2014.  We established that we were using the phrase "medical parole" to mean the "imminent danger"

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

3

releases granted by the Arizona clemency board.  You objected on the grounds that these files had never been requested before, to which we responded that to our knowledge, these are the first prisoners given "imminent danger" release since Corizon took over care.  This assertion is based upon a phone conversation that counsel had on Monday with staff at the clemency board who provided us with those individuals' names.  In any event, the parties agreed they are at an impasse regarding the medical records of these three individuals.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

### C.       Additional Health Care and Institutional Files

We are requesting a sample of health care and/or institutional files of the prisoners listed in your various reports, to test the accuracy of the data and representations in the reports.  We are also requesting a sample of health care and/or institutional files of prisoners classified as MH3 or above and/or as Seriously Mentally Ill (SMI), and of prisoners housed in the isolation units.  These are in addition to the files previously reviewed by our experts that we need supplemented, because they are being used for different purposes.

You stated that you would provide a random sample of all class members, not the prisoners listed in your reports.  We do not agree that such a methodology is appropriate, and stated our position that Plaintiffs' experts, not Defendants, must decide which files Plaintiffs' experts review, subject to Defendants' right to attack their methodology.  You also expressed concern that we are requesting too many records.  We pointed out that Defendants' experts have attacked Plaintiffs' experts for not reviewing *enough* records to enable them to reach valid conclusions.  We cannot be put in the position where Defendants limit our experts' access to records, and at the same time attack our experts for not reviewing enough records.  I suggested that Plaintiffs could agree to smaller sample sizes if Defendants will stipulate that those samples are large enough to enable Plaintiffs' experts to reach valid conclusions.

We said that we will review the lists/reports and get back to you with a proposal on sample size.

At the end of the call, Amelia asked about the dental routine care and appointment lists requested on page 3 of my May 6, 2014 letter.  You stated that if Dr. Smallwood can generate such a list, it will be provided.

### V.       Documents That Do Not Match the Description or Name of Those in Past Productions

Given that some of the reports described in your supplemental brief were referred to by names that we had not seen on reports previously provided, we asked you to confirm that we correctly understood what you were referring to in your brief.  To the extent your brief referred to new reports not previously

<u>produced, we request immediate production of all reports through April 1, 2014.</u>

To recap, in my May 6 letter, I identified the following discrepancies:

- **1.f. Monthly Infectious Disease/Clinical Report**:  we have previously been produced Monthly Clinical Data Reports, Monthly Hepatitis C Reports, and Quarterly Infectious Disease Reports.  We requested "Monthly Infectious Disease Reports" if they are something different and exist.
- **1.g. Monthly Monitored Conditions Report**:  we were previously given a Monitored Conditions Report, dated March 12, 2013; a DM Program Report; and Quarterly Monitored Condition Reports.  We requested "Monthly Monitored Condition Reports" if they are something different and exist.
- **1.h. Monthly Inmate Suicide Report**:  we were previously provided "Inmate Assault, Self-Harm, & Mortality Data" reports.  We requested "Monthly Inmate Suicide Reports" if they are something different and exist.
- **1.i.  Monthly Outside Consult Report**:  we were previously provided "Quarterly Network Providers Directory" and "Quarterly Hospitalization Statistics" reports.  We requested "Monthly Outside Consult Reports" if they are something different and exist.
- **1.j.  Monthly Special Accommodations Report**:  we could not identify any report from a past production that had this name, or contained information similar to your description of this report in your brief.  We requested production of all of these reports, or that you direct us to the already-produced reports to which this refers.
- **16.  State Prison Capabilities for Medical, Mental Health, and Dental Treatment Services Reports**:  we were provided reports with these names for the months of June 2012, October 2013, and January 2014.  We requested production of all other monthly reports through April 1, 2014, or confirmation that these three reports listed are all that exist.

You stated that <u>Defendants would compare my letter and listed Bates ranges to your supplemental brief and confirm if these were indeed the same reports.</u>

## VI.    Documents That Support "Evidence" Defendants Plan to Introduce

There were several categories in Defendants' supplemental brief where Defendants did not describe or name the documents that you plan to rely upon; only that Defendants planned to "introduce evidence" on a particular topic. <u>We are requesting that to the extent there are documents that you plan to</u>

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

introduce or use as the basis of arguing the existence of facts, you identify and
produce these documents.

To recap, in my May 6 letter, I identified the following areas where no
documents were described:

- **8. Medication Administration Modifications**:  We requested
  documents pertaining to the four described changes.
- **9. Director's Instruction 326**:  We requested (1) documents sufficient
  to show that the programmatic changes have been implemented; and
  (2) any institution/unit-specific post orders, documents, etc.
  implementing DI 236.  With regard to (1), you stated that you will
  check and see if there are logs or some other documents that show these
  programmatic changes are occurring; and with regard to (2), given the
  DI was issued in late March, to the extent any institution-specific post
  orders, etc. were generated before April 1, you will produce those
  documents.
- **11. Crisis Intervention/Suicide Prevention**:  We requested
  documents (1) showing self-harm incidents and suicide attempts since
  the implementation of these policies; and (2) schedules for these new
  "rovers" showing hours actually worked, and in what units and housing
  areas.  You stated that with regard to (2), you anticipate the evidence
  would be via testimony, but would check because you thought that
  Defendants already produced "rover" schedules.  Request (1) under this
  category is similar to a request made regarding your 15th category of
  documents, see the next bullet point.
- **15. Inmate Assault, Self-Harm, and Mortality Data**.  We requested
  (1) Serious incident reports (SIRs) on use of force in isolation,
  including videos and reports for any use of force on prisoners on
  psychotropic medication, and (2) SIRs and supporting documentation
  and videos for any incidents of self-harm and attempted suicides.

You stated that you would get back to us on providing the SIRs and supporting
videos/documents on incidents of self-harm or suicide, but Defendants refuse
to produce any SIRs, documents, or videos on use of force on prisoners on
psychotropic meds.  I explained that we need those to counter your claim in
your Supplement to Supplemental Brief that this evidence would be used to
show that the use of pepper spray and force on mentally ill prisoners had a
penological purpose.

We agreed we were at an impasse on SIRs for use of force on prisoners on
psych meds, and you would get back to us regarding SIRs on suicides and self-
harm.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

**VII.    Documents Requested for Production by July 18, 2014**

On page 12 of my letter on categories # 9 (DI 326) and # 11 (Suicide Prevention), we requested lesson plans, schedules, curricula, and documents sufficient to show that these programs or trainings actually occurred.  You stated that it was your understanding that the suicide prevention training has nothing new to produce, that it is the same training used for a few years and for which we already have information.  I pointed out that your supplemental brief describes the "recent implementation of crisis intervention/suicide prevention training to staff." (Doc. 841 at 14).

<u>You stated you would get back to us as to what types of documents exist that show the changes have occurred, and whether there actually is anything new for suicide prevention training that has not been produced.</u>

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Similarly, with regard to page 11 of my letter, regarding category # 7 (Changes to the Mental Health Services Technical Manual), we requested documents that show the policy changes are actually being implemented, and do not exist only on paper.  <u>You stated that you would see what types of documents are sufficient to show the policy changes have occurred.</u>

Finally, with regard to the request at page 9 of my letter for the production of documents, including emails or memos, regarding the quality, sufficiency, or limitations of the data collected by Corizon and/or ADC for the reports listed at Part 1, subparts a-c, e-i, and k-r of Defendants' supplemental brief, you stated that Defendants will not produce any email or correspondence.  <u>The parties are at an impasse.</u>

Please let me know immediately if this does not comport with your recollection or notes.  We look forward to exchanging information with you on Monday.

Very truly yours,

David C. Fathi

Cc:    All counsel

7

Exhibit 5



*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

VIA EMAIL ONLY

May 12, 2014

Mr. Daniel Struck
Struck Wieneke & Love
3100 W. Ray Rd.
Chandler, AZ 85226

RE:    Parsons v. Ryan

Dear Mr. Struck,

I write to supplement Mr. Fathi's May 9 letter summarizing our May 8 meet and confer where the parties reached an agreement, declared an impasse, or stated that they needed to do more research. During the call, we agreed to provide you with additional details regarding our requests for prisoner health care and institutional records. We would be happy to discuss any of these issues by phone on Tuesday or Wednesday morning.

**I.      Supplementing Health Care and Institutional Files**

Plaintiffs requested that Defendants supplement all of the health care and institutional files that were previously made available to our experts for review. While the parties declared an impasse on the call, as an alternative, we request Defendants (1) supplement the files of prisoners discussed by name in the experts' reports, or in the notes of isolation experts Haney and Vail (Attachment A) and (2) the most recent year of health records available (ending April 1, 2014) for any prisoners not mentioned in the expert reports whose medical needs we have specifically brought to your attention in the course of the litigation (Attachment B). This proposal will narrow the number of files by more than 200 people.

The parties declared an impasse with regard to the production of the health care files of the three prisoners granted medical parole on the grounds of "imminent danger" during the six month period, as well as the death records for prisoners who were transferred to Tucson prison from a private prison shortly before their deaths. However, if you have changed your previous position refusing to provide these files, please advise us immediately so we do not include them in our motion to the court.

**II.     Proposal on How to Obtain Samples of Health Care / Institutional Files**

Below is the proposal you requested for sampling the health care and institutional files of the prisoners who are counted in your various reports. Unless described differently for an individual report, this methodology will be applicable to all reports for which we requested underlying health care and/or institutional files.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Mr. Dan Struck
RE: *Parsons v. Ryan*
May 12, 2014
Page 2

1) Samples will be drawn from prisoners counted in the March 2014 reports, except where otherwise indicated.

2) Samples will be drawn statewide for the 9 male prisons; female (Perryville) samples will be done separately.

3) In terms of sample size, we have calculated the numbers using these percentages. When the sample number is a fraction, we round it up to the next whole number.
   a) 10 % if the total number of people on list is less than 25
   b) 5 % if total number of people on list is between 25 and 100
   c) 2 % if total number of people on list is between 100 and 250
   d) 1 % if total number of people on list is between 250 and 750
   e) 0.5 % if total number of people on list is between 750 and 1,500
   f) 0.25% if total number of people on list is between 1,500 and 3,000
   g) 0.2% if total number of people on list is between 3,000 and 5,000
   h) 0.1% if total number of people is above 5,000

4) The method for selecting the sample will be as follows. We request that for the 9 male prisons and for Perryville, we be provided lists of all prisoners who were counted for the March report. The lists will be sorted alphabetically by last name. Plaintiffs will then either (a) select every Nth prisoner, where N = (Total on list) divided by (sample size), OR (b) will number the alphabetical list and use a random number generator.

If you have any questions about this proposed methodology, we would be happy to discuss it further. We are requesting a total of 400 additional files. They break down to 100 dental files for our dental expert's review; 155 health care files for our medical experts' review; 70 health care files for our mental health expert's review, and 80 health care and institutional files for our isolation experts' review. T

The number of sample files needed to test the underlying data in your reports is set forth in Appendix C. Additional notations are included below, where additional explanation or an exception to the above methodology is required.

## 1.c, d   Dental Wait Time/Dental Utilization Reports

As described in Mr. Fathi's May 6 letter at page 3, we request the routine care list for each facility on the date the March 2014 report was run. We also request the appointment lists from December 1, 2013 to March 31, 2014 for Perryville, Lewis, Eyman, Yuma, and Safford. Once we have those lists, we will select approximately 20 dental files (dental chart, dental HNRs, and dental refusals) for review from each facility.

## 1.g     Monthly Monitored Condition Report

The March 2014 report (ADC 267248) shows a total of 502 prisoners with diabetes, whereas the February 2014 report (ADC 263273) shows a total of 827 prisoners with diabetes. Given this

Mr. Dan Struck
RE: *Parsons v. Ryan*
May 12, 2014
Page 3

unexplained and dramatic drop of more than 300 prisoners, we are requesting files from both the March and February lists for diabetes.

**1.k     Monthly Medical Transports Complex Report (Emergency)**

   This report included a spreadsheet with the names of all prisoners who were transported off-site for emergencies in March.  We split the spreadsheet to make two alphabetical lists, males and females, and using the methodology of selecting every Nth file, request the specific individuals' medical files.

**1.m     Monthly Hospital Admission Report**

   This report included a spreadsheet with the names of all prisoners who were admitted to hospitals in March.  We split the spreadsheet to make two alphabetical lists, males and females, and using the methodology of selecting every Nth file, request the specific individuals' medical files.

**7.       Mental Health Services Technical Manual Modifications**

   We request 10 health care files per institution, to be selected using a random number generator from alphabetical lists of all prisoners classified as seriously mentally ill ("SMI") Perryville, Lewis, Yuma, Tucson, Florence, Eyman, and Phoenix.

**9.       Directors' Instruction 326**

   We request the health care and institutional files, to be selected using a random number generator from alphabetical lists, from prisoners in each of the four isolation units (Eyman-SMU 1, Eyman-Browning, Florence-Central (including Kasson), and Perryville-Lumley SMA).

   Finally, there were six categories of reports listed at page 5 of our May 9 letter where we asked for the production of the reports if not previously produced.  We located all of them except for # 16, "State Prison Capabilities for Medical, Mental Health and Dental Treatment Services Report."  We have only been provided reports for June 2012, October 2013, and January 2014, and reiterate our request that we be provided these reports for all months through March 2014, or receive confirmation that the three reports are the universe of all reports.

   Thank you for your attention to this matter.  We look forward to receiving the information you promised to exchange with us today.

Sincerely yours

*/s/ Corene Kendrick*

Corene Kendrick

cc:     Counsel of Record

**Attachment A:  Prisoners Identified by Name in Plaintiffs' Experts' Reports or Notes**

**Dr. Cohen**
1. Ammirato, W., 094836
2. Balderas, M., 229508
3. Becker, H., 082114
4. Bedoy, A., 154032
5. Bertanelli, J., 047835
6. Billings, H., 218617
7. Castano, J., 173693
8. Clark, R., 059997
9. Consentino, G., 167080
10. Curry, T., 040574
11. Davis, C., 157225
12. DeLuca, E., 153954
    Duarte, R., 047604
13. Ferrero, P., 252112
14. Fimbrez, R., 064722
15. Fowles, K., 166074
16. Gray, J., 154064
17. Guy, J., 201358
18. Hefner, J., 203653
19. Hunt, J., 135376
20. Lago, C., 043498
21. Lopez, G., 079354
22. Lopez, P., 079774
23. McGill, R., 052841
24. Morgan, F., 066223
25. Murdaugh, M., 162753
26. Murray, R., 094261
27. Neenan, T., 173951
28. Ortega, G., 125033
29. Pamias, E., 171277
30. Polson, J., 187716
31. Rawson, A., 222411
32. Reed, P., 105218
33. Rooks, M., 214472
34. Roseland, B., 124449
35. Stein, H., 246181
36. Swartz, S., 102486
37. Trisky, W., 165447
38. Vocke, D., 211077
39. Windom, A., 126561
40. Woofter, J., 067676
41. Worley, G., 257008

**Dr. Wilcox**
1. Adrian, R., 154717
2. Alkhafaji, B., 278418
3. Almanza, A., 235415
4. Andrews, J. 236364
5. Armendariz, C., 241762
6. Bable, M., 064965
7. Barron, M., 270030
8. Brodowksi, D., 027566
9. Brooks, V., 255790
10. Bryant, A., 197725
11. Caddy, S., 056788
12. Campos, E., 256934
13. Chiago, M., 265915
14. Chisholm, M., 200825
15. Cipriano, 189685
16. Clarine, R., 276836
17. Conley, J., 217749
18. Cook, M., 071546
19. Cox, R., 260010
20. Curtis, C., 272166
21. Davis, S., 163615
22. Davison, R., 081813
23. Devine, R., 138222
24. Doherty, M., 048975
25. Eaton, R., 249139
26. Edwards, O., 207300
27. Feraci, V., 283825
28. Flores, J., 279039
29. Gargano, P., 243812
30. Gosney, A., 202988
31. Gray, J., 154064
32. Guillan, P., 076248
33. Hall, R., 280750
34. Harris, G., 094133
35. Harwood, N., 274595
36. Hernandez, A., 238928
37. Homer, K., 180025
38. Hull, H., 281701
39. Jiminez, B., 253455
40. Larsen, P., 261348
41. Lesley, D., 251101
42. Leslie, D., 251101
43. Licci, D., 150051
44. Lobo, M., 269511

45. Loeffler, 174736
46. Lopez, P., 265299
47. Lynn, C., 131399
48. Jacobs, R., 093371
49. Jaime, T., 268085
50. Jeffrey, ?
51. Jensen, S., 032465
52. Jones, L., 060669
53. Kootswatea, T., 150745
54. Menendez, J., 111590
55. Montano, M., 147126
56. Nissley, P., 027702
57. Penrod, S., 239370
58. Porter, D., 255037
59. Rodriguez, D., 280744
60. Rios, J., 058372
61. Rosales, F., 233810
62. Salas, A., 138050
63. Scavo, J., 231091
64. Simpson, K., 100476
65. Spencer, C., 082989
66. Starr, W., 162514
67. Stewart, R., 208756
68. Taveraz, W., 280875
69. Turney, R., 253929
70. Velasquez, M., 173685
71. Ventura, M., 219103
72. Vogt, T., 029337
73. Wallace, K., 231478
74. Walema, 273256
75. Weber, C., 105458
76. Wells, C., 247188
77. Wilkins, K., 157190
78. Zeena, M., 169978

1. **ELDON VAIL**
   A. **Perryville**
      a. Virginia Anderson, 265961
      b. Chrystal Cunningham, 224217
      c. Chaine Masbrugch, 165945
      d. Shacoia Mitchell, 266314
      e. Yara Giselle Renteria, 236532
      f. Sonia Rodriguez, 103830
      g. Heather Self, 231185
      h. Christina Verduzco, 205576
      i. Melissa Wakeman, 271682
      j. Jennifer Wheeler, 228570
   B. **Eyman**
      a. Ray Arce 151480
      b. Toddrick Booth, 248310
      c. Eric Cameloz-Caicedo 228215
      d. Ray Carr, 120406
      e. Fernando Casales 135638
      f. Jaypal Connolly, 167895
      g. David Conro, 246918
      h. Paul Copas, 185706
      i. Andrew Cushman, 247824,
      j. Marcus Davis, 165060
      k. Joshua DeRouche, 147875
      l. Adam Duran, 209206
      m. Dennis Eddy, 053476
      n. Michael Enas 172097
      o. William Evans, 213432
      p. Robert Gamez, 131401
      q. Jason Gann, 182504
      r. Marcos Gil, 223040
      s. Augustine Gonzalez, 076949
      t. Jovon Harris, 123545
      u. Eric Haves, 162876
      v. Clayton Hill, 230403
      w. Anthony Horton, 135540
      x. Ronald Jacobs, 093371
      y. Billy Johnson, 225801
      z. Thomas Kane, 006051
      aa. William Lidy 136911
      bb. Patrick Logan, 177604,
      cc. Smitty Long, 156721
      dd. Jahmari Manual, 078985
      ee. Hector Martinez, 240034
      ff. Bennie Masters, 134860
      gg. Robin McJunkin, 109331
      hh. William Neville 061616
      ii. Adam Nicolia, 254795
      jj. Michael Ortega, 240365
      kk. Robert Osario, 108309
      ll. James Pacheco, 215017
      mm. Frank Racer, 108121
      nn. Luis Saucedo, 170180
      oo. DeShawn Scott, 146395
      pp. Jeremy Smith, 129438
      qq. Glen Stamper 174892
      rr. Victor Sweeney 257549
      ss. Jackie Thomas, 211267
      tt. Marcus Thomas, 161030
      uu. Gilberto Trevino, 233700
      vv. Dustin Varela, 274845
      ww. Billy Ward, 207397
      xx. Yak Yak, 181109
      yy. Eric Yozzic, 233209
   C. **Florence**
      a. Alvin Adamson, 190119
      b. Jacob Alila, 217766
      c. Mark Alverez, 182500
      d. Deon Anderson, 262770
      e. Michael Archique, 092371
      f. Fabrian Armenta, 201009
      g. Thaddeus Beasley, 111724
      h. Jeremy Begay, 273183
      i. Christopher Cartier, 278352
      j. Darrell Damous, 247669
      k. Eugene Diaz, 270867
      l. Cesar Fimbres 172483
      m. Ramon Garcia, 196249
      n. Jacob Glasscock, 235550

o.  Ricky Guevera, 202103
p.  Anthony Hand, 266711
q.  Chance Hart, 176018
r.  Gabriel Hayes, 174960
s.  Ruben Hernandez, 116412
t.  Alfredo Herrera, 141081
u.  Marcellus Jackson, 275352
v.  Kenneth Jordan, 233937
w.  Donald Lyons, 099265
x.  Mathew Manzanedo, 079369
y.  Mark Martinez, 200893
z.  Tyson McDaniel, 115043
aa. Jack McGee, 220171
bb. Aaron Melancon, 262571
cc. Ernesto Mendoza, 228350
dd. Angel Morales, 234567
ee. Arturo Morales, 251297
ff. Ruben Morales, 266207

gg. Warees Muzakkir, 082561
hh. Leon Nariano, 209077
ii. Robert Olivas, 260077
jj. Lyle Paddock, 196476
kk. Sam Pailate, 235510
ll. Ahmed Qadir, 089104
mm.    Wilford Ratliff, 210575
nn. Andrew Robins, 248114
oo. Sergio Rubio, 213703
pp. Vincent Salazar, 211033
qq. Timothy Stephenson, 201751
rr. Eligio Valenzuela, 230945
ss. Nathanial Vargas, 138514
tt. Christian Vasquez, 274006
uu. Michael Walliser, 181344
vv. Trevanne Whitewalker, 257315
ww.    Berry Williams, 267365
xx. Javier Zambrano, 226439

2. **BRIE WILLIAMS**
   A. **Florence**
      a.  Cristino Chavez-Espinoza, 42966
      b.  Jose Lomeli, 161242
      c.  Frank Lucero, 086062
      d.  Rodolfo Mendoza, 46605
      e.  Hector Norzagaray, 119781
      f.  George Overturf, 253160
      g.  James Steele, 070021
      h.  Reynaldo Torriente, 134060
   B. **Eyman**
      a.  Ira Anderson, 62997
      b.  Louis Avanzi, 104515
      c.  Dennis Eddy, 53476
      d.  Jerry Patton, 277153
   C. **Perryville**
      a.  Michelle Leyba-Hill, 120631

3. **PABLO STEWART**
   **A. Lewis**
      a. Steven Beaver, 146308
      b. Austin Breshears, 214264
      c. Shawn Chock, 256000
      d. Chris Harris, 222231
      e. James Hill, 085078
      f. Alexander Hoffman, 273887
      g. Michael Kiel, 166428
      h. Jason Lewis, 189264
      i. Gabriel Ramirez, 173799
      j. Adrian Robles, 177363
      k. Stephen Swartz, 102486
   **B. Perryville**
      a. Sandra Banks 276868
      b. Maryanne Chisholm, 200825
      c. Chrystal Cunningham, 224317
      d. Danielle Fisher, 274353
      e. Jennifer Garcia, 179702
      f. Margaret Ihms, 233157
      g. Norma Lowe, 083360
      h. Sonia Rodriguez, 103830
      i. Heather Self, 231185
      j. Danette Taulbee, 273151
      k. Christina Verduzco, 205576
      l. Jennifer Wheeler, 228570
   **C. Yuma**
      a. David Armijo, 232734
      b. James Bennett, 237279
      c. William Bianco, 197299
      d. Victor Calzado-Gutierrez, 254887
      e. Luis Chao, 276142
      f. Daniel Deleon, 189733
      g. Jason Lewis, 189264
      h. Santino Zanghi, 229344
   **D. Eyman**
      a. Bernard Allen, 141779
      b. Jason Avery, 269351
      c. Eric Caneloz, 228215

      d. Javier Celaya, 238704
      e. Cleveland Cook, 207197
      f. Alfred Davis, 183961
      g. Robert Flemming, 90689
      h. Robert Gamez, 131401
      i. Jaime Hall, 163821
      j. Kristopher Kimmerling, 154443
      k. Kendall Pearson, 246092
      l. Joshua Polson, 187716
      m. Luis Salazar, 239752
      n. Luis Saucedo, 170180
      o. Jeremy Smith, 129438
      p. Jackie Thomas, 211267
      q. Jesse Wozniak, 129673
   **E. Phoenix**
      a. Dustin Brislan, 164993
      b. Scott Foster, 210674
      c. Richard Green, 116948
      d. Lisa Long, 264410
      e. David McKay, 198724
      f. Mike Tacho, 034680
      g. Felix Tapia-Riuz, 274905
      h. Terry Wolkow, 142707
   **F. Florence**
      a. Sergio Andrade, 195824
      b. Timothy Ben, 186585
      c. Gillermo Bustamante, 127681
      d. Brian Chavez-Cardenas, 200384
      e. Christopher Castillo, 245700
      f. Andrew Fancy, 262420
      g. George Lamas, 218510
      h. Miguel Lopez, 246307
      i. David Metcalf, 126539
      j. Jose Quintanilla, 229303
      k. Fermin Vidal, 147564
      l. Henry Youman, 224054
      m.
   **G. Tucson**
      a. Daniel Allen, 276661
      b. Jose Amaya-Ruiz, 057279
      c. Joaquine Elizalde-Cota, 280890

d.  Erick Franco, 247770
e.  Christian Meza, 272940

**H. DEATH RECORDS**

a.  Timothy Ben, 186585
b.  Christina Black, 145562
c.  Forrest Day, 258301
d.  Javier Gonzalez, 217498
e.  Dale Hausner, 240702
f.  Paul Henderson, 247636
g.  Patrick Hoppes, 242119
h.  Nelson Johnson, 143345
i.  Raymundo Morin, 130151
j.  Otto Munster, 266474
k.  Anthony Olea, 153946
l.  Miguel Sanchez, 270127
m.  Milo Stanley, 064794
n.  Joaquin Tamayo, 106163
o.  Michael Tovar, 241095

4. **CRAIG HANEY**
   A. **Perryville**
      a. Georgia Baker, 187801
      b. Latonya Cain, 172377
      c. Patricia Chavez, 228178
      d. Sheila Manygoats, 193693
      e. Christina Perez, 194526
      f. Deanna B. Ramirez, 264284
      g. Sonia Rodriguez, 103830
      h. Tameka Ternoir, 212090
      i. Christina Verduzco, 205576
      j. Jennifer Wheeler, 228570
      k. Tory L. Williams, 190756
   B. **Florence**
      a. Robert Aloia, 070529
      b. Brandon Antonides, 153201
      c. Leonard Bean, 159352
      d. Chase Blackshear, 208994
      e. Jesse Casas, 156294
      f. Nathan Dahling, 237851
      g. Robert Dumond, 180847
      h. Wolfgan Ehmke, 132189
      i. Frank Galo, 150621
      j. John Garibo, 218563
      k. Enrique Garza, 248056
      l. Anthony Hand, 266711
      m. Robert Harmon, 251293
      n. Scott Holbrook, 259300
      o. Noe Jimenez, 239038
      p. Charles Johnson, 099855
      q. Willie Johnson, 220930
      r. Jason Jones, 242070
      s. Zachary MacIsaac, 252577
      t. Mark Martinez, 200893
      u. Ramon Matinez, 076688
      v. Jesse Mauricio, 128194
      w. Eric Nelson, 157808
      x. Henry Ochoa, 257721
      y. Jesse Papanek, 180906
      z. Christopher Pavloff, 264480
      aa. Tony Pruitt, 175985
      bb. Frank Rodriguez, 140309
      cc. Tristan Rossum, 121496
      dd. David Ruiz, 213456
      ee. Andrew Solorzano, 281250
      ff. Jody Sullivan, 182295
      gg. Nathaniel Vargas, 138514
      hh. Samuel Wright, 207261
   C. **Eyman**
      a. Carlos Alvardo, 050444
      b. Ray Arce, 151480
      c. Rocky Collins, 040513 (released)
      d. Robert Gamez, 131401
      e. Shane Harris, 198341
      f. Michael Hernandez, 211872
      g. Robert Jaramillo, 039278
      h. Billy Johnson, 225801
      i. Thomas Kane, 060051
      j. Eduardo Martinez, 121022
      k. Miguel Rivera, 239996
      l. Alexander Sanchez, 129230
      m. Anthony Sepulveda, 222800
      n. Jeremy Smith, 129438
      o. Ryan Tenny, 263981
      p. Jackie Thomas, 211267
      q. Isaac Valle, 126113
      r. Dustin Varela, 274845
      s. Jesse Wozniak, 129673

**Appendix B:  Prisoners in Need of Immediate Health Care and Date of Letter to Counsel**

1.      Armendariz, Christopher, 241762, 4/2/2014

2.      Bivens, Gary, 43630, 8/21/2013

3.      Fink, Gregory, 70963, 11/1/2013

4.      Grenier, John, 169418, 11/25/2013 and 4/4/2014

5.      Guillen, Karl, 77614, 6/21/2013

6.      Gussert, Douglas, 258019, 11/15/2013

7.      Harrod, James, 136270, 12/13/2013

8.      Hawthorne, Ralph, 143402, 9/13/2013

9.      Huynh, Minh, 262141, 5/8/2014

10.     Johnston, Kenneth, 51506, 11/8/2013

11.     Kanabar, Nishma, 279557, 1/22/2014

12.     Lesley, Douglas, 251101, 4/2/2014

13.     Mandeville, Brein, 244685, 9/13/2013 and 11/8/2013

14.     Martinez, Maurice, 77359, 8/1/2013 and 12/6/2013

15.     Nordstrom, Scott, 86114, 3/21/2014

16.     Pavelin, Carole, 38599, 1/10/2014

17.     Sanders, Carla, 236236, 11/1/2013

18.     Spencer, Benjamin, 138799, 1/10/2014 and 2/20/2014

19.     Vijan, Masum, 184869, 8/16/2013

APPENDIX C

| Name of Report | Number of Prisoners in Report | Sample Size | Interval of Name to be selected | Total Number of Files |
|---|---|---|---|---|
| Monthly Inmate Intake Report (ADC 267339) | 3,883 (male) 235 (female) | 8 (male) 5 (female) | Every 485th (male) Every 47th (female) | 13 |
| Monthly Infectious Disease Report (ADC 267201-267230) | HIV 190 (male) 19 (female) | 4 (male) 2 (female) | Every 47th (male) Every 9th (female) | HIV 6 |
| | AIDS 17 (male) 1 (female) | 2 (male) 1 (female) | Every 8th (male) The one file (female) | AIDS 3 |
| | Hepatitis C 5,539 (male) 542 (female) | 6 (male) 5 (female) | Every 923rd (male) Every 108th (female) | Hepatitis C 11 |
| | MRSA 4 (male) 2 (female) | 1( male) 1 (female) | The 4th (male) The 2nd (female) | MRSA 2 |
| Monthly Monitored Conditions Report (ADC 267201-267271) | Diabetes March 14 458 (male) 44 (female) | 5 (male) 3 (female) | Every 91st (male) Every 14th (female) | Diabetes 15 |
| | February 14 764 (male) 63 (female) | 4 (male) 3 (female) | Every 191st (male) Every 21st (female) | |
| | Cancer 296 (male) 23 (female) | 3 (male) 3 (female) | Every 98th (male) Every 7th (female) | Cancer 6 |
| | Hypertension 3,963 (male) 499 (female) | 8 (male) 5 (female) | Every 495th (male) Every 99th (female) | Hypertension 13 |
| | Seizure Disorder 972 (male) 93 (female) | 5 (male) 5 (female) | Every 194th (male) Every 18th (female) | Seizure Disorder 10 |

| Name of Report | Number of Prisoners in Report | Sample Size | Interval of Name to be selected | Total Number of Files |
|---|---|---|---|---|
| | Heart Disease 864 (male) 59 (female) | 5 (male) 3 (female) | Every 172nd (male) Every 19th (female) | Heart Disease 8 |
| | Respiratory Disorder 2,930 (male) 321 (female) | 7 (male) 3 (female) | Every 418th (male) Every 107th (female) | Respiratory Disorder 10 |
| | Pregnancy 25 (female) | 3 | Every 8th | Pregnancy 3 |
| | Dialysis 28 (male) 1 (female) | 3 (male) 1 (female) | Every 9th (male) The one file (female) | Dialysis 4 |
| Monthly Outside Consult Report (ADC 267272) | 669 (male) 201(female) | 7 (male) 4 (female) | Every 95th (male) Every 50th (female) | 11 |
| Monthly Medical Transports Complex Report (Emergency) (ADC267341-267349) | 176 (male) 21 (female) | 4 (male) 3 (female) | Every 44th (male)[1] Every 7th (female)[2] | 7 |
| Monthly Medical Transports Statewide Report (Outpatient Transport) (ADC 267351-267352) | 676 (male) 151 (female) | 7 (male) 3 (female) | Every 96th (male) Every 50th (female) | 10 |

---

[1] This is Joseph Downey (98715); Shawn Lynch (206125); Simon Ruiz (262972); and Jesse Wozniak (129673).

[2] This is Amanda Goseyun (280459), Julie Pavlich (128948); and Amy Wells (284950).

| Name of Report | Number of Prisoners in Report | Sample Size | Interval of Name to be selected | Total Number of Files |
|---|---|---|---|---|
| Monthly Hospital Admission Report (ADC 267289-267295K) | 85 (male) 10 (female) | 5 (male) 1 (female) | Every 7th (male)[3] The 10th (female)[4] | 6 |
| Special Accommodation Report (ADC 267263-267265) | Blind 16 (male) 2 (female) | 2 (male) 1 (female) | Every 8th (male) 1st file (female) | Blind 3 |
|  | Deaf 18 (male) 2 (female) | 2 (male) 1 (female) | Every 9th (male) 1st file (female) | Deaf 3 |
|  | Wheelchairs 296 (male) 37 (female) | 3 (male) 2 (female) | Every 98th (male) Every 18th (female) | Wheelchairs 5 |
|  | Canes/Walkers 300 (male) 12 (female) | 3 (male) 2 (female) | Every 100th (male) Every 6th (female) | Canes/Walkers 5 |

---

[3] This is Leon Cosen (280937); Robert Hill (80327); Christopher Naber (285236); Scott Stephens (37436); and Sheldon Zah (229305).

[4] This is Margaret Van Wormer (276920).

Exhibit 6



Subject:
RE: Parsons v. Ryan - Plaintiffs' Proposal Re: Sampling Files
From:
Dan Struck
05/13/2014 08:35 AM
To:
'Corene Kendrick', Parsons Team
Cc:
Don Specter, David Fathi, Caroline Mitchell, "AGerlicher@perkinscoie.com",
"skader@azdisabilitylaw.org"
Hide Details
From: Dan Struck <DStruck@swlfirm.com> Sort List...
To: 'Corene Kendrick' <ckendrick@prisonlaw.com>, Parsons Team
<ParsonsTeam@swlfirm.com>,
Cc: Don Specter <dspecter@prisonlaw.com>, David Fathi <dfathi@aclu.org>, Caroline
Mitchell <cnmitchell@jonesday.com>, "AGerlicher@perkinscoie.com"
<AGerlicher@perkinscoie.com>, "skader@azdisabilitylaw.org"
<skader@azdisabilitylaw.org>
History: This message has been forwarded.

Corene,

We are reviewing your proposal set forth in the correspondence sent last night and should get back to you today with a response.

Dan Struck



**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

---

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Tuesday, May 13, 2014 7:13 AM
**To:** Dan Struck; Parsons Team
**Cc:** Don Specter; David Fathi; Caroline Mitchell; AGerlicher@perkinscoie.com; skader@azdisabilitylaw.org
**Subject:** RE: Parsons v. Ryan - Plaintiffs' Proposal Re: Sampling Files

Counsel,

I wanted to clarify something on my letter – at page 3, regarding DI 826, we are requesting 20 institutional and health care files per specified isolation unit. Page 2 states that we are requesting 80 files total, but we did not explicitly give the breakdown per unit.

Thank you,

Corene
_____

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Monday, May 12, 2014 8:09 PM
**To:** dstruck@swlfirm.com; 'Struck Wieneke Love'
**Cc:** Don Specter; 'David Fathi'; Caroline Mitchell (cnmitchell@jonesday.com); AGerlicher@perkinscoie.com;
skader@azdisabilitylaw.org
**Subject:** Parsons v. Ryan - Plaintiffs' Proposal Re: Sampling Files

Dear Mr. Struck and Counsel:

Please see the attached letter detailing the information exchange the parties agreed to provide to one
another today. We are available to speak by phone on Tuesday or Wednesday morning if you would
like to discuss this further.

Thank you,

Corene

Corene Kendrick, Staff Attorney
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
(510) 280-2621
ckendrick@prisonlaw.com

_____

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com
_____

Exhibit 7



**STRUCK WIENEKE & LOVE**

3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | 480.420.1600 | swlfirm.com

May 13, 2014

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Jamie D. Guzman
Associate

Nicholas D. Acedo
Associate

Tara B. Zoellner
Associate

Amy L. Nguyen
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

Mark A. Bracken
Associate

David C. Lewis
Of Counsel

***VIA EMAIL ONLY***

David Fathi, Esq.
ACLU
National Prison Project
915 15th Street, NW
7th Floor
Washington, DC  20005-2112

> **Re:** ***Parsons, et al. v. Ryan and Pratt***
> ***U.S. District Court of Arizona; 2:12-cv-00601***

Dear David:

Thank you for your letter of May 9, 2014, regarding your request for additional discovery.  As we mentioned on the phone call, your letter of May 6th detailing the additional discovery that you would like to engage in goes far beyond that what was contemplated by Judge Wake in his April 30, 2014 Order. Specifically, Judge Wake stated that "The Court cannot, at this juncture, authorize a blanket request for production of documents."   The Court specifically pointed out that the Plaintiffs' request set forth in Appendix A of Doc. 858 was "impermissibly broad."  Notwithstanding that admonition, Plaintiffs have requested documents and discovery that far exceed that which was requested in Appendix A. In any event, several of the points in your May 9 letter are inaccurate and/or need further clarification.  Defendants' concessions regarding discovery in no way constitute a waiver regarding the objections to the admissibility of evidence or that Plaintiffs' experts' methodology is reasonable or reliable.  Further, Defendants do not concede that the production of this information allows Plaintiffs and their witnesses to provide testimony and opinions on areas that they could or should have gone into previously.

## I.   EXTENSION OF DUE DATE FOR PLAINTIFFS' DISCOVERY MOTION.

We fail to understand Plaintiffs' refusal to abide by Judge Wake's directive to file a joint one-pager on any discovery disputes.   When we agreed to a two-day extension, it was only because we are preparing Motions that were due on May 14th. When you clarified that you had no intention of following the joint one-pager requirement, there appeared to be no need for an extension of this deadline.   Giving Plaintiffs an opportunity to review Defendants' summary judgment motion to determine what discovery you might want to request to defeat it provides an unfair

David Fathi, Esq.
May 13, 2014
Page 2

advantage to Plaintiffs that we believe was contemplated by the Court when setting the May 14 deadline for raising any "last resort" discovery disputes.  Your statement regarding Defendants "backing out" of extensions is not accurate. Indeed, the Defendants have only refused to stipulate to one extension, despite the fact that Plaintiffs have refused to stipulate to similar extensions at nearly every opportunity.

## II.      EXPERT TOURS OF "ISOLATION" UNITS AND PROGRAMMING

Judge Wake made it clear that additional tours will not be authorized.   In an effort to be accommodating, Defendants agreed to provide Plaintiffs with additional photographs of physical plant changes in the maximum security units, which Plaintiffs declined. We also agreed to provide Plaintiffs with other evidence of programming efforts in these units. Plaintiffs insisted that photographs and programming would not allow their experts to "talk to class members".  Surely this could be accomplished by arranging interviews with class counsel and relaying the information to the experts, if necessary.  Plaintiffs declined.

## III.     DEPOSITIONS

We can't agree to allow additional depositions with respect to information that was already contained in the reports of the Defendants' experts. We agreed to follow Judge Wake's Order with respect to up to four hours for any expert in the event that a supplemental report is prepared. In light of the fact, though, that Plaintiffs already have taken seven hours for each of these experts, we can't agree to additional time for questions related to opinions of which you were well aware prior to the deposition. Just as Plaintiffs held Defendants to seven hours and no more on Plaintiffs' expert depositions, Plaintiffs should not get the benefit of additional time to depose these experts simply because you didn't have time to ask these questions the first time.

You also told us that you have not decided whether Plaintiffs would be taking any of the additional depositions set forth by the court.  Please advise as soon as possible as to whether you plan to depose the witnesses set forth on page 2 of the April 30th Order.

## IV.     PRISONER HEALTH CARE AND INSTITUTIONAL RECORDS

Plaintiffs have requested sampling of health care and institutional files of prisoner from various reports.  Defendants have carefully considered Plaintiffs' proposal.  Defendant will agree to a random pull of medical files from all but one of the lists in Attachment C.  No files will be pulled from the Special Accommodations Report.  No Plaintiffs' expert has previously opined on any issues relating to these matters. Thus, any "supplement" on these issues would be improper. No institutional files will be produced on random sample.  The Court's Order specifically refers to a random of sample of "medical files". The files pulled will be from September 2013 to April 2014.

David Fathi, Esq.
May 13, 2014
Page 3

As for the "death records" listed in Section "H", Defendants will produce the death records, previously defined as one-year of medical records prior to death, mortality reviews and any psychology autopsies, for the persons identified in A - O, to the extent not already previously produced.

Plaintiffs are requesting both the March and February lists for diabetes generate the random sample of files to be produced. Defendants will provide one monthly report from which the random sample of files will be generated. Please select whether Plaintiffs want the February or March 2014 list to generate the random sample for production.

Plaintiffs have requested 10 health care files per institution to be selected using a random number generator from alphabetical lists of all prisoners classified as seriously mentally ill ("SMI") Perryville, Lewis, Yuma, Tucson, Florence, Eyman, and Phoenix.

We can agree to provide some files of SMI inmates to be randomly selected. The number of files is still to be determined.

Plaintiffs have requested 20 health care and institutional files from prisoners in each of the four isolation units (Eyman-SMU 1, Eyman-Browning, Florence-Central (including Kasson), and Perryville-Lumley SMA). Defendants deny this request.

As for the files listed in Attachment A, Defendants will not supplement the records reviewed by Vail and Haney on-site, as such a production is entirely too burdensome. Defendants will not produce any files from Attachment B.

As you can imagine, the time to pull and copy this many medical files is significant and creates an enormous burden on the facilities. At this time, we do not have a reasonable estimate on the time it will take to pull and copy the records requested, but it is not a matter of days, but a matter of many weeks to be sure.

Please do not hesitate to contact us if you questions.

Very truly yours,

Kathleen L. Wieneke
For the Firm

KLW:kjp
2902414

Exhibit 8



Subject:
Request for meet and confer
From:
David Fathi
05/14/2014 10:51 AM
Sent by:
parsonsdiscovery@prisonlaw.com
To:
Parsons Team, Michael E. Gottfried, Rand,Lucy
Cc:
"Parsons Discovery Committee"
Hide Details
From: "David Fathi" <dfathi@aclu.org>
To: "Parsons Team" <ParsonsTeam@swlfirm.com>, Michael E. Gottfried
<Michael.Gottfried@azag.gov>, "Rand,Lucy" <Lucy.Rand@azag.gov>,
Cc: "Parsons Discovery Committee" <parsonsdiscovery@prisonlaw.com>
Sent by: parsonsdiscovery@prisonlaw.com
History: This message has been forwarded.

Counsel:

We have received Kathy Wieneke's letter dated May 13 and sent at 6:19 p.m. PDT on that date.  Although the
letter purports to respond to mine of May 9, it fails to address many of the issues raised in that letter, and fails
to provide the information you agreed during our May 8 meet and confer to provide by Monday, May 12.
Moreover, we have as yet received no response to many of the issues raised in Corene Kendrick's letter of May
12.

Accordingly, we request a meet and confer so that we may once again try to narrow the issues before
presenting our discovery dispute to the Court on May 16.  We are available anytime Thursday, May 15 and until
10:30 a.m. PDT on Friday, May 16.

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
**Please note new email address**:  dfathi@aclu.org

*Not admitted in DC; practice limited to federal courts*

Exhibit 9



Subject:
RE: Request for meet and confer
From:
David Fathi
05/14/2014 02:09 PM
Sent by:
parsonsdiscovery@prisonlaw.com
To:
Kathy Wieneke, Parsons Team, Michael E. Gottfried, Lucy Rand
Cc:
"Parsons Discovery Committee"
Hide Details
From: "David Fathi" <dfathi@aclu.org>
To: "Kathy Wieneke" <KWieneke@swlfirm.com>, "Parsons Team"
<ParsonsTeam@swlfirm.com>, Michael E. Gottfried <Michael.Gottfried@azag.gov>,
"Lucy Rand" <Lucy.Rand@azag.gov>,
Cc: "Parsons Discovery Committee" <parsonsdiscovery@prisonlaw.com>
Sent by: parsonsdiscovery@prisonlaw.com
History: This message has been forwarded.

1 Attachment



284_Parsons_2012.11.30_Minute Entry for Discovery Management Conference.pdf

Kathy,

A comparison of my May 9 letter and Corene Kendrick's May 12 letter with yours of May 13 makes clear that
there are numerous issues raised in our letters that are simply not addressed in yours.  My May 9 letter also
enumerates several categories of information that defendants agreed to provide by May 12 but have not
provided to date.  See, e.g., May 9 letter at 7.  The outstanding issues are therefore apparent from reviewing
these letters.

The Court requires a party to meet and confer within 48 hours of a request by an opposing party.  See Doc. 284,
attached hereto.  Please let us know your availability on Thursday, May 15 or before 10:30 a.m. PDT on Friday,
May 16.

Thank you.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
**Please note new email address**:  dfathi@aclu.org

*Not admitted in DC; practice limited to federal courts*

_____

**From:** Kathy Wieneke [mailto:KWieneke@swlfirm.com]

**Sent:** Wednesday, May 14, 2014 1:57 PM
**To:** David Fathi; Parsons Team; Michael E. Gottfried; Lucy Rand
**Cc:** Parsons Discovery Committee
**Subject:** RE: Request for meet and confer

David,
Please advise what *specific issues* you believe are still outstanding. This will help us to evaluate your email request.
Thank you,
Kathy



**Kathleen L. Wieneke**
**Attorney**
Direct: (480) 420-1617
kwieneke@swlfirm.com
www.swlfirm.com

---

**From:** David Fathi [mailto:dfathi@aclu.org]
**Sent:** Wednesday, May 14, 2014 10:51 AM
**To:** Parsons Team; Michael E. Gottfried; Lucy Rand
**Cc:** Parsons Discovery Committee
**Subject:** Request for meet and confer

Counsel:

We have received Kathy Wieneke's letter dated May 13 and sent at 6:19 p.m. PDT on that date. Although the letter purports to respond to mine of May 9, it fails to address many of the issues raised in that letter, and fails to provide the information you agreed during our May 8 meet and confer to provide by Monday, May 12. Moreover, we have as yet received no response to many of the issues raised in Corene Kendrick's letter of May 12.

Accordingly, we request a meet and confer so that we may once again try to narrow the issues before presenting our discovery dispute to the Court on May 16. We are available anytime Thursday, May 15 and until 10:30 a.m. PDT on Friday, May 16.

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
**Please note new email address**: dfathi@aclu.org

*Not admitted in DC; practice limited to federal courts*

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

---

**Alex Stamm**

| | |
|---|---|
| **From:** | azddb_responses@azd.uscourts.gov |
| **Sent:** | Friday, November 30, 2012 6:21 PM |
| **To:** | azddb_nefs@azd.uscourts.gov |
| **Subject:** | Activity in Case 2:12-cv-00601-NVW Parsons et al v. Ryan et al Discovery Hearing |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**DISTRICT OF ARIZONA**

**Notice of Electronic Filing**

The following transaction was entered on 11/30/2012 at 4:20 PM MST and filed on 11/30/2012

| | |
|---|---|
| **Case Name:** | Parsons et al v. Ryan et al |
| **Case Number:** | 2:12-cv-00601-NVW |
| **Filer:** | |
| **Document Number:** | 284(No document attached) |

**Docket Text:**
**TEXT ONLY Minute Entry for proceedings held before Judge Neil V Wake: Discovery Management Conference held on 11/30/2012. Discussion is held regarding the parties' [252] Joint Notice of Discovery Dispute (Plaintiffs' Privilege Log). Treating the Notice as a motion to compel, the Court denies the Motion for the reasons stated on the record. The issue of attorneys' fees as to the Privilege Log is discussed. Plaintiffs shall communicate to the opposing side the amount of fees they are claiming by 12/06/12. If the parties are unable to agree upon the quantification of fees, then the Plaintiffs shall submit their proposed request and Defendants shall submit their proposed objection by 12/13/12. The Court denies as moot it's previous order (Doc. [268]) setting this for hearing as to whether sanctions should be assessed against Defendants pursuant to the subpoena. Discussion is held regarding how discovery should proceed in this case. The Court accepts the parties mutual agreement to schedule a meet and confer within 48 hours upon request. No order to issue at this time. The Court provides the parties with some additional direction on how to proceed in this matter. The Court sets oral argument on [245] Prisoner Plaintiffs' Motion in Support of Class Certification for 01/25/13 at 2:00 PM in Courtroom 504 before Judge Neil V. Wake.**

**APPEARANCES: David Fathi, Donald Specter and Jennifer Alewelt for Plaintiffs. Daniel Struck,**

**Michael Gottfried and Timothy Bojanowski for Defendants. (Court Reporter Laurie Adams.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (NKS)**

**2:12-cv-00601-NVW Notice has been electronically mailed to:**

Daniel Clayton Barr DBarr@perkinscoie.com, docketphx@perkinscoie.com, sneilson@perkinscoie.com

Kathleen L Wieneke kwieneke@swlfirm.com, hmcgee@swlfirm.com, kpenny@swlfirm.com, lpiasecki@swlfirm.com

Michael Evan Gottfried michael.gottfried@azag.gov, colleen.jordan@azag.gov, lucy.rand@azag.gov

Daniel Patrick Struck dstruck@swlfirm.com, cmadden@swlfirm.com, lclark@swlfirm.com, mgiardina@swlfirm.com, mrosenberg@swlfirm.com

David Cyrus Fathi dfathi@npp-aclu.org, astamm@aclu.org, hkrase@npp-aclu.org

Daniel Joseph Pochoda dpochoda@acluaz.org, danpoc@cox.net, gtorres@acluaz.org

Rachel Love rlove@swlfirm.com, arowley@swlfirm.com

Kelly Joyce Flood kflood@acluaz.org, gtorres@acluaz.org

Timothy James Bojanowski tbojanowski@swlfirm.com, kshadoan@swlfirm.com, tmayo@swlfirm.com

Courtney Rachel Cloman ccloman@swlfirm.com, eespiritu@swlfirm.com

Nicholas Daniel Acedo NAcedo@swlfirm.com, swolford@swlfirm.com

Jill Louise Ripke jripke@perkinscoie.com, jgable@perkinscoie.com

James Anthony Ahlers jahlers@perkinscoie.com, docketphx@perkinscoie.com, jroe@perkinscoie.com

Kirstin T Eidenbach keidenbach@perkinscoie.com, dfreouf@perkinscoie.com, docketphx@perkinscoie.com

Jennifer Ann Alewelt jalewelt@azdisabilitylaw.org, emyers@azdisabilitylaw.org, phxadmin@azdisabilitylaw.org

John Howard Gray jhgray@perkinscoie.com, slawson@perkinscoie.com

Sarah Eve Kader skader@azdisabilitylaw.org, mlauritzen@azdisabilitylaw.org

Asim Varma avarma@azdisabilitylaw.org, emyers@azdisabilitylaw.org, phxadmin@azdisabilitylaw.org

Katherine Emiko Watanabe Katherine.Watanabe@azag.gov, hillary.ryan@azag.gov, susan.oquinn@azag.gov

Matthew Benjamin du Mee mdumee@perkinscoie.com, cwendt@perkinscoie.com

Thomas Dean Ryerson tryerson@perkinscoie.com, docketphx@perkinscoie.com, rboen@perkinscoie.com

Ashlee B Fletcher afletcher@swlfirm.com, swolford@swlfirm.com

James Duff Lyall jlyall@acluaz.org, gtorres@acluaz.org

Donald Specter dspecter@prisonlaw.com

Sara Norman snorman@prisonlaw.com

Corene T Kendrick ckendrick@prisonlaw.com, edegraff@prisonlaw.com

Caroline N Mitchell cnmitchell@jonesday.com, mlandsborough@jonesday.com, nbreen@jonesday.com

Alison Hardy ahardy@prisonlaw.com

Amy B Fettig (Terminated) afettig@npp-aclu.org

Sophia Helena Calderon (Terminated) scalderon@jonesday.com, lwong@jonesday.com

Sarah Rauh srauh@jonesday.com, treyes@jonesday.com

Anne Marie Orcutt aorcutt@swlfirm.com, abender@swlfirm.com, cmadden@swlfirm.com

David C Kiernan (Terminated) dkiernan@jonesday.com, lwong@jonesday.com

R Scott Medsker (Terminated) rsmedsker@JonesDay.com, rsmedsker@jonesday.com

John Laurens Wilkes jlwilkes@jonesday.com, dkkerr@jonesday.com

Kamilla Mamedova (Terminated) kmamedova@jonesday.com

Jennifer K Messina (Terminated) jkmessina@jonesday.com

Eun Ae Suh ksuh@jonesday.com, jasoderberg@jonesday.com

Eddie Cano eym_smu1_sender@azcorrections.gov

**2:12-cv-00601-NVW Notice will be sent by other means to those listed below if they are affected by this filing:**

Middle Ground Prison Reform
C/O Donna Leone Hamm
139 E Encanto Dr
Tempe, AZ 85281

Donna Leone Hamm
139 E. Encanto Drive
Tempe, AZ 85281

James Gilpin(Terminated)
#56752
FLORENCE-AZ-EYMAN-ASPC-MEADOWS

MEADOWS UNIT
P.O. BOX 3300
FLORENCE, AZ 85132

Exhibit 10

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



**BY EMAIL ONLY**

May 14, 2014

Kathleen L. Wieneke
Struck Wieneke & Love
3100 West Ray Road
Chandler, AZ  85226

     **RE:    Parsons v. Ryan**

Dear Kathy,

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

I LEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH  FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
*DIRECTOR*
*ATTORNEY AT LAW\**

*\*NOT ADMITTED IN DC;*
*PRACTICE LIMITED TO*
*FEDERAL COURTS*

Thank you for your letter of May 13.  Unfortunately, your letter contains a number of statements that are not correct.

As a threshold matter, we stand by our statement that defendants have previously entered into stipulations and then repudiated them.  One example is attached.

You write that "plaintiffs declined" defendants' offer to provide photographs of physical plant changes in the isolation units (p. 2).  We did not decline that offer, but merely pointed out that photographs, while perhaps helpful, are not a substitute for an on-site inspection by plaintiffs' experts.  I note that defendants' experts did not rely on photographs, but performed on-site inspections of the isolation units.

You also write that defendants "agreed to provide Plaintiffs with other evidence of programming efforts in [the isolation] units" (p. 2).  No such offer was made during our May 8 meet and confer, but if you are now offering documents showing the actual provision of programming in the isolation units, please let us know with specificity which documents you are willing to provide.

With regard to depositions, your statement that "[p]laintiffs already have taken seven hours for each of [defendants'] experts" (p. 2) is untrue.  Dr. Dovgan's deposition began at 9:03 a.m. and concluded at 2:40 p.m.  Dr. Seiter's began at 9:28 a.m. and concluded at 4:08 p.m., with several breaks including a 41-minute lunch recess.

You allege that we told you that we "have not decided whether Plaintiffs would be taking any of the additional depositions set forth by the court" (p. 2).

1

That is inaccurate; what we said, as stated on p. 2 of my May 9 letter, is that "we [do] not know if we are going to need *all* of the authorized depositions at this time, and will have a better idea after reviewing Defendants' motion for summary judgment" (emphasis added).

You refuse to produce institutional files for any class members, claiming that "The Court's Order specifically refers to a random sample of 'medical files'" (p. 2). This is not true; the Court's order specifically states that "Plaintiffs may request a random sampling of inmate files for review." Doc. 871 at 3.  Please let us know if you are willing to reconsider your position.

You decline to produce any class member files from the Special Accommodations Report (p. 2).  In your filing with the Court, you described the relevance of this report as follows:

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

> This report lists – for each facility – the number of inmates who are legally blind, deaf, or using wheelchairs, canes, or walkers.  These reports are relevant to Plaintiffs' class claims alleging failure to provide necessary medical devices because it shows the total number of inmates who are in need of certain medical devices, as compared to the isolated allegations that Plaintiffs rely on; in other words, they will show that there is not a systemic deficiency.

Doc. 851 at 7.  It is odd to proclaim the relevance of these reports to Plaintiffs' class claims and then refuse to provide any discovery relating to them.  *See also* Doc. 372 at 16 (certifying plaintiff class with regard to "failure to provide necessary medication and medical devices").  Your statement that "[n]o Plaintiffs' expert has previously opined on any issues relating to these matters" (p. 2) is incorrect; Dr. Williams' report refers to prisoners who use or need assistive devices. *See, e.g.,* Williams report at 16-17.  Please let us know if you are willing to reconsider your position.

Finally, as stated in my email earlier today (a copy of which is attached), while your letter purports to respond to mine of May 9, it fails to address many of the issues raised in that letter, and fails to provide the information defendants agreed during our May 8 meet and confer to provide by Monday, May 12.  Moreover, we have as yet received no response to many of the issues raised in Corene Kendrick's letter of May 12.

Accordingly, we request a meet and confer so that we may once again try to narrow the issues before presenting our discovery dispute to the Court on May

16.  We are available anytime Thursday, May 15 and until 10:30 a.m. PDT on Friday, May 16.  Please let us know your availability.

Very truly yours,

David C. Fathi

Attachments

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Cc:    All counsel (w/attachments)

3

## David Fathi

| | |
|---|---|
| **From:** | Dan Struck <DStruck@swlfirm.com> |
| **Sent:** | Friday, August 23, 2013 6:38 PM |
| **To:** | Fathi, David; Caroline N Mitchell (cnmitchell@jonesday.com) |
| **Cc:** | Kathy Wieneke; Tim Bojanowski; Anne Orcutt; Courtney Cloman; Ashlee Fletcher; Nick Acedo; Michael E. Gottfried; Lucy Rand; Parsons Team |
| **Subject:** | RE: Motion to de-designate |

Caroline,

We demand that you file your motion under seal, in light of the fact that it contains information that is designated confidential.   We also withdraw our stipulation to de designate this material.

Dan Struck



## STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300   Chandler, Arizona 85226

## Daniel P. Struck
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

## David Fathi

| | |
|---|---|
| **From:** | David Fathi |
| **Sent:** | Wednesday, May 14, 2014 1:51 PM |
| **To:** | 'Parsons Team'; 'Michael E. Gottfried'; 'Rand, Lucy' |
| **Cc:** | Parsons Discovery Committee |
| **Subject:** | Request for meet and confer |

Counsel:

We have received Kathy Wieneke's letter dated May 13 and sent at 6:19 p.m. PDT on that date. Although the letter purports to respond to mine of May 9, it fails to address many of the issues raised in that letter, and fails to provide the information you agreed during our May 8 meet and confer to provide by Monday, May 12. Moreover, we have as yet received no response to many of the issues raised in Corene Kendrick's letter of May 12.

Accordingly, we request a meet and confer so that we may once again try to narrow the issues before presenting our discovery dispute to the Court on May 16. We are available anytime Thursday, May 15 and until 10:30 a.m. PDT on Friday, May 16.

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
**Please note new email address**: dfathi@aclu.org

*Not admitted in DC; practice limited to federal courts*

Exhibit 11



**STRUCK WIENEKE & LOVE**     3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | 480.420.1600 | swlfirm.com

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Jamie D. Guzman
Associate

Nicholas D. Acedo
Associate

Tara B. Zoellner
Associate

Amy L. Nguyen
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

Mark A. Bracken
Associate

David C. Lewis
Of Counsel

May 15, 2014

*VIA EMAIL ONLY*

David Fathi, Esq.
ACLU
National Prison Project
915 15th Street, NW
7th Floor
Washington, DC  20005-2112

> **Re:**   ***Parsons, et al. v. Ryan and Pratt***
> ***U.S. District Court of Arizona; 2:12-cv-00601***

Dear David:

This letter responds to yours of May 14, 2014.

We never agreed to produce documents to you by May 12, 2014.  We are reviewing the 13 categories of documents in your May 6, 2014 letter to determine whether they will be produced and the date of production.

As for expert tours, we specifically discussed during the meet and confer how Plaintiffs' experts' needs could be accommodated in two ways: (1) with photographs, which had already been produced and relied upon in Defendants' experts' reports, and (2) by pointing out evidence of programming.  In response, you asserted that these efforts would not be sufficient because your experts needed to talk to the class members to see if the programming was actually occurring.  You interrupted us during this conversation and said it was of no use discussing it further by saying, "I am not going to argue with you."

It appears we have a fundamental difference of opinion as to what the Court's Order states.  At page 2 of the Order, the Court allows for a random sample of "medical files" and again refers to the random sample of medical files at page 3, when declining the request for expert tours.  "The Court also declines to authorize any further prison tours because, *as indicated above,* Plaintiffs may request a random sampling of inmate files for review."   The "inmate files" is clearly a reference to the medical files at page 2 and cannot possibly be interpreted to mean "institutional

David Fathi, Esq.
May 15, 2014
Page 2

files," a term nowhere found in the Court's order.  Your interpretation of the Order to allow for random sampling of institutional files is unsupported.

You misinterpret the significance of the Special Accommodations Report.  To date, no Plaintiffs' expert has opined regarding any inmates from the list, even though the lists have been previously produced.  As the Court's Order granting Plaintiffs' Extension of Time to file Discovery Brief notes: "…the Court rejects Plaintiffs' assumption in their motion that further discovery will be permitted prior to summary judgment and prior to trial.  This supplemental discovery is the only discovery that will be permitted."  Plaintiffs have not been given a green light to simply reopen areas where they failed to previously explore.

As for the remaining issues, your letter is not specific as to what you believe is outstanding.  Your failure to delineate those issues deprives us with the ability to respond and to come fully prepared to address the matters at a meet and confer.  We are available on Friday, May 16, to discuss whatever discovery issues remain.

Please do not hesitate to contact us if you have any questions.

Very truly yours,

Timothy J. Bojanowski
For the Firm

TJB/eap
2903737.1

Exhibit 12

 Subject:
Meet and confer, 10:30 a.m. PDT
From:
David Fathi
05/16/2014 06:43 AM
Sent by:
parsonsdiscovery@prisonlaw.com
To:
Parsons Team, Michael E. Gottfried, Lucy Rand
Cc:
"Parsons Discovery Committee"
Hide Details
From: "David Fathi" <dfathi@aclu.org>
To: "Parsons Team" <ParsonsTeam@swlfirm.com>, Michael E. Gottfried
<Michael.Gottfried@azag.gov>, "Lucy Rand" <Lucy.Rand@azag.gov>,
Cc: "Parsons Discovery Committee" <parsonsdiscovery@prisonlaw.com>
Sent by: parsonsdiscovery@prisonlaw.com
History: This message has been forwarded.

Counsel:

The dial-in number is:

(866) 448-1308

Conference code:
57014858

In reviewing the post-September 2013 reports that Defendants intend to introduce, it has become apparent to us
that there are various categories of conditions where the reports reflect a significant drop in the number of
prisoners reported as having that condition within a year or less.  Where one of the reports Judge Wake is now
letting you introduce reflects a reduction of 20% or more in the course of a year or less, we request you agree to
produce a sample of files for individuals dropped from the report for a one year period.  We will agree to a sample
methodology similar to that identified in our prior letter, namely alphabetizing by prisoner name and selecting files
at particular intervals, such as every 10th file (the interval will depend on the number of files).  Please let us know
during the meet-and-confer if you will agree.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
**Please note new email address**:  dfathi@aclu.org

*Not admitted in DC; practice limited to federal courts*

Exhibit 13

| | |
|---|---|
| **From:** | parsonsdiscovery@prisonlaw.com on behalf of David Fathi <dfathi@aclu.org> |
| **Sent:** | Friday, May 16, 2014 2:17 PM |
| **To:** | Parsons Team; Michael E. Gottfried; Lucy Rand |
| **Cc:** | Parsons Discovery Committee |
| **Subject:** | Meet and confer |

Counsel:

I'm writing to memorialize the results of today's meet and confer.

Although we agreed that you will produce a random sample of medical files for prisoners with serious mental illness from each of seven facilities (Perryville, Lewis, Yuma, Tucson, Florence, Eyman, and Phoenix), we were unable to agree on the number of files to be produced from each facility.

You agreed to provide the number and types of medical files set forth in Appendix C to Corene Kendrick's May 12 letter, including those drawn from the Special Accommodation Reports.  You agreed to provide the portion of each file covering September 27, 2013 to April 1, 2014.  The only caveat involves your uncertainty about ADC's ability to generate lists of prisoners who went through intake on a particular day; you agreed to research this.

With regard to conditions (such as diabetes, heart disease, and SMI) where there was a decrease of 20% or more in the reported number of prisoners with the condition in a period of a year or less, we were unable to agree whether you will produce files of the prisoners who were dropped from the list of prisoners with that condition.

You agreed to produce documents sufficient to show whether the seventeen policy changes set forth in the January 1, 2014 Mental Health Technical Manual have actually been implemented.

With regard to the "rover" position, you agreed that we may choose two days from each month from October 2013 through March 2014, and you will produce records for those days showing the hours actually worked by rovers, and in what units.

You agreed to produce the death records of prisoners who were incarcerated in private prisons but were transferred to an ADC-operated prison before their deaths.

As for dental records, you agreed that you will provide lists the routine care list and appointment list as described in our previous correspondence. You also agreed to produce 20 records each from Perryville, Yuma and Safford and 10 records each from Florence and Eyman. Either plaintiffs will choose the records based on the lists provided, or the parties will cooperate to define a list to be generated from Smallwood's software and used to identify records to be produced. We agreed to discuss methodology after you had had a chance to confer with Dr. Smallwood.

If I have inadvertently omitted or misstated any part of our discussion, please advise as soon as possible.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
**Please note new email address**:  dfathi@aclu.org

*Not admitted in DC; practice limited to federal courts

# FILED UNDER SEAL

Exhibit 14

# FILED UNDER SEAL

Exhibit 15

# FILED UNDER SEAL

Exhibit 16

# FILED UNDER SEAL

Exhibit 17

# FILED UNDER SEAL

Exhibit 18

# FILED UNDER SEAL

Exhibit 19

# FILED UNDER SEAL

Exhibit 20

# FILED UNDER SEAL

Exhibit 21

# FILED UNDER SEAL

Exhibit 22