# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Charles L. Ryan, et al., <br><br> Defendants. | No. CV-12-00601-PHX-NVW <br><br> **ORDER** |

The Court has reviewed Plaintiff's Motion for Reconsideration (Doc. 876) and Motion to Compel (Doc. 906).

## I. Motion for Reconsideration

In the Court's April 30, 2014 Order, the Court declined to authorize additional prison tours because Defendants' post-September 27, 2013 evidence was largely documentary. Plaintiffs seek reconsideration of that decision with respect to tours of ADC's isolation units, arguing that the only meaningful way to assess whether the prison's policies are what they purport to be is to evaluate the isolation units in person.

The Court recognizes the unique procedural posture of Plaintiff's request in that the Court's decision not to authorize additional prison tours arose during consideration of Defendants' Motion for Reconsideration on a different topic. The Court will consider

Plaintiffs' motion for reconsideration and it will be granted to the extent that they will be permitted to probe Defendants' policies to determine whether the policies are followed as written. The Court will permit supplemental tours of the isolation units as follows.

- Dr. Haney may tour (1) Florence-Central Unit/Kasson Unit; (2) Eyman-Browning Unit; (3) Eyman-SMU I Unit; and (4) Perryville-Lumley, Special Management Area (SMA). Each of these tours is limited to 8 hours.
- Mr. Vail may tour (1) Florence-Central Unit/Kasson Unit and (2) Perryville-Lumley SMA. Each of these tours is limited to 8 hours. Mr. Vail may also tour (3) Eyman-Browning Unit and (4) Eyman-SMU I Unit. Each of these tours is limited to 4 hours.
- The parties and experts must make every effort to schedule both experts' tours on the same dates.
- The parties agree that the experts are not permitted to speak with ADC or Corizon staff except for those staff designated by Defendants.
- The parties agree to limit the number of confidential interviews to five prisoners for each expert at each unit. The experts must conduct such interviews in accordance with the security rules followed during the prior tours.
- Cell-front interviews will be permitted as conditions permit.
- The experts will limit their inspections to the evidence introduced between September 27, 2013 and April 1, 2014.

- The experts and counsel will not review records during the inspections.

## II. Plaintiffs' Motion to Compel

The Court has reviewed the parties' briefing and has considered the requests for documents and additional depositions of Defendants' experts. The Court notes that it did not artificially restrict the documents Plaintiffs could request but pointed out that many of the documents listed in Appendix A of Document 858 appeared to be appropriate for production. Nor did the Court indicate a bright-line rule that any document to be produced must have been generated after September 27, 2013. Rather, documents are appropriate for disclosure if they bear on Defendants' supplemental evidence. The Court will, therefore, order Defendants to produce the following discovery.

### A. Documentary Evidence

- All new documents in the healthcare and institutional files previously relied upon by Plaintiffs' experts, from the date of prior production or review through April 1, 2014 for the prisoners listed in Doc. 907, Exhibit 5, Attachment A;

- All documents dated April 1, 2013 to April 1, 2014 in the healthcare files of prisoners listed in Doc. 907, Exhibit 5, Attachment B whose medical needs were specifically brought to Defendants' attention by Plaintiffs' counsel;

- Using the parties' agreed-upon methodology,[1] a sample of health care files from the prisoners who were dropped from the heart disease, diabetes, AIDS, serious mental illness, and MRSA conditions lists[2];

---

[1] The record reflects that the parties did agree on the number of files to be

- Ten health care files for SMI prisoners at the Phoenix, Perryville, Lewis, Yuma, Eyman, Florence, and Tucson complexes;
- Twenty health care and institutional files for prisoners at each of the isolation units: Eyman-Browning, Eyman-SMU I, Florence-Central (including Kasson), and Perryville-Lumley SMA;
- Complete health care records for all prisoners who received "Imminent Danger" Release between September 27, 2013 and April 1, 2014;
- Drafts of the changes in medication administration policy, if any[3];
- Documents sufficient to show training of health care and custody staff on the new medication policies;
- Serious Incident Reports (SIRs) and supporting documentation for any use of force on prisoners on psychotropic medication[4];
- Copies of correspondence, memos, or investigations into the September 2013 exposure of Hepatitis C at Lewis prison, and any outbreaks of infectious

---

produced (Doc. 919 at 3 n.3, ref. Doc. 907, Ex. 5 at 2).

[2] For all health care and institutional files produced, Defendants must provide all documents dated between April 1, 2013 and April 1, 2014.

[3] The Court rejects Defendants' argument that any drafts of the medication administration policy are protected by the deliberative privilege process.

[4] The record reflects that this is a narrowed and more focused request than previously made by Plaintiffs.

- 4 -

>   diseases at the infirmaries at Perryville, Tucson, and Florence prisons, using the limits proposed by Plaintiffs at Document 919 p. 6 (Top Row of Table)[5];
>
> - Any correspondence, memos, or email regarding the quality, sufficiency, or limitations of the data gathered by Corizon and/or ADC for the reports, using the limits proposed by Plaintiffs at Document 919 p. 6 (Bottom Row of Table); and
>
> - Any written instructions provided to staff who gather, compile, report, or enter data that is used in the reports.

### B. Additional Depositions of Defendants' Experts

Plaintiffs' depositions of Defendants' experts relied on the prior September 27, 2013 evidence deadline. In the Court's April 30, 2014 Order, the Court granted Plaintiffs "4-hour supplemental depositions of Defendants' experts who supplement their reports limited to their supplemental opinions." Plaintiffs seek additional deposition time not only to probe the experts' supplemental opinions but their opinions that rely on facts and developments between September 27, 2013 and April 1, 2014. The Court will allow Plaintiffs to take 4-hour supplemental depositions of each of Defendants' experts that either (1) provide supplemental opinions or (2) relied on facts and developments between September 27, 2013 and April 1, 2014 in their original reports.[6]

---

[5] To the extent any document is withheld on the basis of privilege, Defendants must produce a privilege log.

[6] The Court declines to authorize 7 hour depositions for experts that do both.

- 5 -

**IT IS THEREFORE ORDERED:**

(1) Plaintiffs' Motion for Reconsideration (Doc. 876, sealed at Doc. 898) is **granted** to the extent provided herein.

(2) Plaintiffs' Motion to Compel (Doc. 906) is **granted** to the extent provided herein.

(3) Defendants must produce the ordered discovery no later than June 13, 2014.

(4) Plaintiffs' summary judgment response deadline is extended to July 2, 2014. Defendants' reply deadline is extended to July 25, 2014.

(5) Defendants must complete production of death records by July 18, 2014.

(6) The parties' Motions to Seal (Docs. 908, 914, 917, 921) are **granted**. The Clerk shall file the corresponding lodged documents.

Dated this 23rd day of May, 2014.

_____
Neil V. Wake
United States District Judge