Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org
         jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: skader@azdisabilitylaw.org
         avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, Plaintiffs, v. Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, Defendants. | No. CV 12-00601-PHX-NVW (MEA) **MOTION FOR LEAVE TO TAKE THE PRESERVATION DEPOSITION OF A TERMINALLY ILL PERSON** **EXPEDITED CONSIDERATION REQUESTED** **[REDACTED]** |

78204-0001/LEGAL122472254.2

1   Plaintiffs move this Court for an Order granting Plaintiffs leave to take the
2   videotaped preservation deposition of ███████, a former ADC prisoner who is
3   terminally ill.  Plaintiffs have recently learned that his death is imminent and unless his
4   deposition is taken in the near future, his testimony will not be available for trial.
5   Plaintiffs have conferred with Defendants, who indicated they oppose the motion.

## BACKGROUND

[Lines 7–28 redacted]

78204-0001/LEGAL122472254.2

[lines 1–11 redacted]

## **ARGUMENT**

The Federal Rules of Civil Procedure permit a party to introduce at trial the deposition of a witness if the witness has died or cannot testify because of illness. Fed. R. Civ. P. 32(a)(4)(A) & (C). To preserve the witness' testimony for trial, the Court may authorize his deposition. *See AG Equip. Co. v. AIG Life Ins. Co., Inc.*, No. 07–CV–0556–CVE–PJC, 2009 WL 414046, at *3 (N.D. Okla. Feb. 18, 2009) ("When a witness is suffering from poor health and will likely be unavailable for trial, it is common for parties to take a 'preservation deposition' to memorialize the witness' trial testimony"); *see also Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) (authorizing the deposition of a witness who would have been unavailable to testify at trial as a result of being imprisoned in another state); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001) (authorizing the deposition of a witness that resided in Europe and could not be compelled to attend by subpoena).

The Court may do so, regardless of whether the deadline for discovery has passed. As several courts have held, there is a difference between depositions taken for the purpose of discovery and depositions taken to preserve testimony for trial. *Charles*, 665 F.2d at 664 (holding that the district court clearly erred in denying appellant's

1  preservation deposition motion on the ground that the deadline for discovery had passed:
2  "A party to a lawsuit obviously is entitled to present his witnesses. The fact that the
3  discovery period had closed had no bearing on appellant's need, or his right, to have the
4  jury hear Nixon's testimony."); *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 124
5  (S.D. Ind. 1991) (holding that even after the close of discovery "a party may still prepare
6  for trial by taking the depositions of witnesses whose unavailability for trial is
7  anticipated"); *Hanson v. U.S. Airports Air Cargo, LLC*, No. 3:07CV353 (JCH), 2008 WL
8  4426909, at *2 (D. Conn. Sep. 26, 2008) ("While there is no specific provision in the
9  Federal Rules of Civil Procedure for a trial deposition, the Federal Court system does
10 recognize a distinction and need for trial depositions subsequent to a discovery
11 deposition."); *RLS Assocs., LLC v. United Bank of Kuwait PLC,* No. 01 Civ. 1290(CSH),
12 2005 WL 578917, at *6 (S.D.N.Y. Mar. 11, 2005) ("[T]he majority of courts considering
13 this issue have made what can only be described as a federal common law distinction
14 between 'discovery depositions' and 'trial depositions' (or alternatively, 'preservation
15 depositions')."). As one court has explained, ignoring the distinction can have dire
16 consequences:

> I question the need . . . to ignore the very real and practical differences which exist, in fact, between depositions which parties need to take for purposes of discovery, and depositions which parties need to take for purposes of presenting the testimony at trial. Any effort to eliminate or ignore these practical differences will likely lead to the exclusion from trial of testimony and evidence which, under the rules, a party is entitled to preserve and present. The result is a trial which is incomplete and unfair.

*Estenfelder*, 199 F.R.D. at 355.

Given ▇▇▇▇ prognosis, it is likely that he will not be available to testify at trial because of death or illness. The poor care provided ▇▇▇▇ was not merely the product of individual neglect, but the result of the systemic deficiencies in ADC's medical care system Plaintiffs have identified. [*See* Doc. 1 at 23-41] As stated in Plaintiffs' complaint and discussed in the Court's decision certifying the Plaintiff Class, prisoners in the ADC system are exposed to a substantial risk of serious harm resulting from: the

3

1  failure to provide timely access to health care; the failure to provide timely emergency
2  treatment; the failure to provide necessary medication; insufficient health care staffing;
3  the failure to provide care for chronic diseases; and the failure to provide timely access to
4  medically necessary specialty care. [Doc. 372 at 16] Each of these failures manifested
5  themselves in the poor treatment ▇▇▇ received. In light of the direct relevance of
6  his experience to Plaintiffs' medical claim, an order authorizing his preservation
7  deposition is essential to Plaintiffs' case.

8      The appropriateness of such an order is further supported by the lack of any
9  resulting prejudice to Defendants. Defendants have indicated to Plaintiffs that they
10  oppose Plaintiffs' motion because ▇▇▇ was not included in Plaintiffs' disclosure
11  statement before the close of discovery. Defendants' argument is meritless. ▇▇▇
12  was featured in the expert report of Plaintiffs' medical expert, Dr. Robert Cohen, which
13  provided Defendants' sufficient and timely notice that Plaintiffs may elicit trial testimony
14  from him.[1] *Estenfelder*, 199 F.R.D. at 356 (rejecting opposing party's claim that it would
15  be prejudiced by preservation deposition where opposing party should have known that
16  the witnesses might be called to testify); *Odell v. Burlington Northern R. Co.*, 151 F.R.D.
17  661, 663 (D. Colo. 1993) (same).

18      Furthermore, if no deposition was conducted and the witness did appear for trial,
19  Defendants would find themselves "far more prejudiced in those circumstances, than if
20  the deposition[] [was] allowed to go forward." *Estenfelder*, 199 F.R.D. at 356; *see also*
21  *Burket v. Hyman Lippitt, P.C.*, Nos. 05-72110, 05-72171, 05-72221, 2008 WL 1741875,
22  at *3 (E.D. Mich. Apr. 11, 2008) (finding that Defendants' claims of prejudice were

---

[1] Defendants' argument is further undercut by the fact that Defendants have continued to add additional potential witnesses for trial after the close of discovery. [*See* Defendants' 11th Supplemental Disclosure Statement, December 18, 2013, at 33, 37, 72, 91 (listing Mark Jansen, William Smallwood, Julie Carter, Jason Reese and Michele Epstein for the first time as persons who may testify at trial), attached hereto as Exhibit A; Defendants' 13th Supplemental Disclosure Statement, January 31, 2014, at 73 (listing Glen Babich for the first time as someone who may be called to testify at trial), attached hereto as Exhibit B]

4

outweighed by the danger that Plaintiffs would be "deprived the opportunity to present the testimony of a witness . . . favorable to their claims at trial").

## CONCLUSION

For the reasons stated above, Plaintiffs request the Court enter an Order allowing ███████ videotaped deposition. Plaintiffs respectfully request that the Court rule on this matter on an expedited basis.

Dated: June 26, 2014

**ACLU NATIONAL PRISON PROJECT**

By: s/Ajmel Quereshi
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@npp-aclu.org
afettig@npp-aclu.org
aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
agerlicher@perkinscoie.com
keidenbach@perkinscoie.com
jhgray@perkinscoie.com
mdumee@perkinscoie.com
jpeters@perkinscoie.com

78204-0001/LEGAL122472254.2

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
          jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com
          wgeorge@prisonlaw.com

*Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com
          aamiri@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com
          tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:   kmamedova@jonesday.com
         jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email:   kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Sarah Kader
      Sarah Kader (Bar No. 027147)
      Asim Varma (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone: (602) 274-6287
      Email:   skader@azdisabilitylaw.org
               avarma@azdisabilitylaw.org

      J.J. Rico (Bar No. 021292)
      Jessica Jansepar Ross (Bar No. 030553)
      **ARIZONA CENTER FOR DISABILITY LAW**
      100 N. Stone Avenue, Suite 305
      Tucson, Arizona 85701
      Telephone: (520) 327-9547
      Email:   jrico@azdisabilitylaw.org
               jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

7

78204-0001/LEGAL122472254.2

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

　　　　　　　　　　　　s/ D. Freouf

78204-0001/LEGAL122472254.2