Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
        jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
        avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>                Plaintiffs, <br><br>        v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>                Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br><br> **PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING *EX PARTE* COMMUNICATIONS WITH FORMER EMPLOYEES OF DEFENDANTS AND THEIR AGENTS** |

**INTRODUCTION**

In recent months, this case has attracted significant media attention.  As a result, former employees of the Arizona Department of Corrections ("ADC") and its health care providers, Wexford Health Sources, Inc. ("Wexford) and Corizon Health, Inc. ("Corizon"), have contacted Plaintiffs and their counsel seeking to provide information relevant to this case.  The Rules of Professional Conduct permit Plaintiffs' counsel to communicate with these individuals *ex parte*.  To avoid any potential claim of improper conduct or the appearance of impropriety, however, Plaintiffs seek an order from this Court authorizing Plaintiffs' counsel to communicate with these individuals *ex parte*.

As discussed below, Plaintiffs believe that none of the whistleblowers occupied a high ranking position at ADC, Wexford, or Corizon and that they likely have not been exposed to privileged information or information confidential to the defense in this litigation.  In the interest of protecting such information, however, Plaintiffs' attorneys, upon receiving this Court's authorization, propose to advise all interviewees of the following:

> (1)     counsel's representative capacity;
>
> (2)     counsel's reasons for seeking the interview;
>
> (3)     the interviewee's right to refuse to be interviewed;
>
> (4)     the interviewee's right to have his or her own counsel present;
>
> (5)     the interviewee's obligation not to disclose and counsel's obligation not to seek the disclosure of privileged information or information confidential to the defense.[1]

Plaintiffs' attorneys also represent that, if at any time an interviewee begins to reveal information that Plaintiffs' attorneys believe to be privileged or confidential to the defense of the litigation, Plaintiffs' attorneys will immediately stop that line of questioning,

---

[1] *See Carter-Herman v. City of Philadelphia*, 897 F. Supp. 899, 904 (E.D. Pa. 1995) (approving *ex parte* communications with non-managerial current employees and imposing similar conditions).

78204-0001/LEGAL122539270.1

1    admonish the interviewee of her obligation not to disclose such information, and inform

2    Defendants' counsel.

3         Without an order permitting Plaintiffs' counsel to speak with these individuals *ex*

4    *parte*, Plaintiffs will be unable to obtain highly probative evidence.[2]  An order permitting

5    *ex parte* contact would also increase the efficiency of discovery.  That is why routine,

6    informal interviews of witnesses are a "staple of good, ethical trial preparation." *Curley v.*

7    *Cumberland Farms*, 134 F.R.D. 77, 90 (D.N.J. 1990).  These interviews are particularly

8    important in this case because the potential witnesses are former public employees

9    seeking to blow the whistle on potential life-threatening governmental abuses.  As the

10   Supreme Court observed just this month:

11              [t]here is considerable value . . . in encouraging, rather than
                inhibiting, speech by public employees.   For government
12              employees are often in the best position to know what ails the
                agencies for which they work.  The interest at stake is as much
13              the public's interest in receiving informed opinion as it is the
                employee's own right to disseminate it.
14

15   *Lane v. Franks*, No. 13-483, slip op. at 6 (June 19, 2014) (internal citations omitted)

16   (holding that a public employee's sworn testimony outside the scope of his ordinary job

17   duties is entitled to First Amendment protection).  Plaintiffs and the public have a right to

18   hear from these whistleblowers, and this Court should allow Plaintiffs' attorneys to speak

19   with them.

20                                **FACTUAL BACKGROUND**

21        On March 22, 2012, Plaintiffs filed this lawsuit, claiming Defendants' policies and

22   practices governing medical care, dental care, and mental health care expose all inmates in

23   ADC's facilities to a substantial risk of serious harm and that conditions in ADC's

24   isolation units constitute cruel and unusual punishment.  That complaint, along with the

25   Ninth Circuit's recent opinion affirming certification of a class of inmates in Arizona's

26

27        [2] As general discovery has closed and the Court has permitted only limited
     depositions about the period between September 28, 2013 and April 1, 2014, Plaintiffs are
28   not authorized to take any additional depositions.

1    prison system, has drawn extensive media attention, which in turn has led former

2    employees of ADC, Wexford, and Corizon to contact Plaintiffs' attorneys and the media

3    offering to provide information material to this case.   For example, Ms. Teresa Short, a

4    former Corizon patient care technician, recently spoke to a media outlet in Arizona about

5    numerous abuses at ADC facilities.   In particular, she described one dementia patient who

6    had a vascular catheter in his chest for dialysis treatments.   According to Ms. Short,

7    although she repeatedly told senior staff that the patient needed additional supervision, he

8    was sent to his unsupervised cell for the evening, where he ripped the catheter from his

9    chest and bled to death.[3]

10   Plaintiffs believe Ms. Short, as well as other former employees of ADC, Wexford,

11   and Corizon, have information material to this case.   To avoid the appearance of

12   impropriety, however unfounded, Plaintiffs' attorneys have not spoken with the

13   whistleblowers.   Plaintiffs, however, are entitled to the information that these

14   whistleblowers can provide.   Accordingly, Plaintiffs seek an order from this Court

15   authorizing Plaintiffs' attorneys to interview these whistleblowers *ex parte*.

**DISCUSSION**

16   
17   **I.    ARIZONA RULE 4.2 PERMITS PLAINTIFFS' ATTORNEYS TO COMMUNICATE WITH FORMER EMPLOYEES OF ADC, WEXFORD, OR CORIZON *EX PARTE*.**

18   
19   Pursuant to Local Rule 83.2(e), "[t]he 'Rules of Professional Conduct,' in the

20   Rules of the Supreme Court of the State of Arizona, shall apply to attorneys admitted or

21   otherwise authorized to practice before the United States District Court for the District of

22   Arizona."   Arizona Rule 4.2 provides that, "[i]n representing a client, a lawyer shall not

23   communicate about the subject of the representation with a party the lawyer knows to be

24   represented by another lawyer in the matter, unless the lawyer has the consent of the other

25   

26   

27   _____
[3] Wendy Halloran, *Death Sentence: Prison Healthcare Costly, Ineffective*, 12 NEWS, May 22, 2014, http://www.azcentral.com/story/news/arizona/2014/05/22/12news-death-sentence-prison-healthcare-costly-ineffective/9395497.   [Declaration of Caroline N. Mitchell, dated June 27, 2014, Ex. 1]

28

1  lawyer or is authorized by law to do so."  In the case of an organization, Comment 2 to
2  Rule 4.2 explains that the rule

3  
4  
5  
6  

> prohibits communications by a lawyer for one party
> concerning the matter in representation with persons having a
> managerial responsibility on behalf of the organization, and
> with any other person whose act or omission in connection
> with that matter may be imputed to the organization for
> purposes of civil or criminal liability or whose statement may
> constitute an admission on the part of the organization.[4]

7  Following the Arizona Court of Appeals' decision in *Lang v. Superior Court*, 170
8  Ariz. 602 (App. Div. 1 1992), this Court interpreted this comment and held that Arizona
9  Rule 4.2 does *not* apply to former employees of an organization except when the former
10 employee "occupied a high ranking position such that his or her exposure to confidential
11 or privileged information may be assumed" or when the former employee "occupied a
12 position giving rise to a plaintiff's claims."  *See Kaiser v. Am. Tel. & Tel.*, No. CIV 00–
13 724–PHX JWS, 2002 WL 1362054, at *6 (D. Ariz. Apr. 05, 2002) (citation omitted).
14 Neither exception applies to the whistleblowers here.

15 *First*, Plaintiffs' attorneys do not intend to contact any high ranking officials—that
16 is, officials responsible for creating policy—currently or formerly employed by ADC,
17 Wexford, or Corizon, who would likely be exposed to privileged information or
18 information confidential to the defense of the litigation.  *See Orlowski v. Dominick's*
19 *Finer Foods, Inc.*, 937 F. Supp. 723 (N.D. Ill. 1996) (permitting plaintiff's counsel to
20 interview assistant manager, department managers, and supervisors *ex parte*); *Carter-*
21 *Herman*, 897 F. Supp. at 904 (permitting plaintiff's counsel to conduct interviews with
22 police sergeants without opposing counsel's presence because "supervision of a small
23 group of workers would not constitute a managerial position").  Instead, Plaintiffs would
24 interview personnel who did not have policy-making responsibilities and who have come
25 forward with non-privileged factual information.

26
27
28

---

[4] Although ADC, Wexford, and Corizon are not named as defendants, Plaintiffs
assume that Rule 4.2 applies to their high-ranking employees.

1    ***Second***, Plaintiffs' attorneys also do not intend to contact individuals who
2    "occupied a position giving rise to plaintiff's claims." *Kaiser*, 2002 WL 1362054, at *6.
3    Defendants may argue that Plaintiffs' attorneys are prohibited from interviewing all
4    former employees who have provided medical, dental, or mental health care at ADC's
5    facilities or had a role in isolation conditions because the sum total of the acts and
6    omissions with regard to each of these areas constitutes the subject matter of this case.
7    That argument, however, would transform Arizona Rule 4.2 from a shield into a sword:
8    from a narrow rule designed to protect the attorney-client relationship to a substantial
9    obstacle in the way of obtaining non-privileged factual information.   True, as former
10   employees who administered care at ADC's facilities, the whistleblowers likely
11   functioned as cogs in ADC's systematic deprivation of constitutionally adequate medical,
12   mental health, and dental care, but that fact should not mean that Plaintiffs' attorneys are
13   prohibited from obtaining factual information from them when they are percipient
14   witnesses to the policies and practices dictated by Defendants.

15       As interpreted by this Court, Arizona Rule 4.2 prevents opposing counsel from
16   communicating *ex parte* with a former employee whose actions are "*precisely* those
17   sought to be imputed to the corporation." *Kaiser*, 2002 WL 1362054, at *6 (emphasis
18   added) (citation omitted).   For example, in a suit against an organization involving an
19   automobile accident, opposing counsel may not communicate *ex parte* with the driver of
20   the automobile, even if the driver is no longer employed by the organization.  *See Lang*,
21   170 Ariz. at 607.  The gravamen of Plaintiffs' complaint, however, is ADC's *policy* and
22   *practice* of systematically providing inmates in Arizona's prisons with inadequate health,
23   dental, and mental health care and unconstitutional conditions of confinement in isolation.
24   The acts or omissions giving rise to this lawsuit are thus policy choices that flow from the
25   highest levels of authority.  The whistleblowers played no role in setting these policies;
26   thus, none of the whistleblowers' acts or omissions are "precisely those" giving rise to
27   Plaintiffs' claims.  Accordingly, under Arizona Rule 4.2, Plaintiffs' attorneys should be
28   permitted to communicate with the whistleblowers *ex parte*.

## II.    EVEN IF ARIZONA RULE 4.2 APPLIES TO THE WHISTLEBLOWERS, THIS COURT MAY AND SHOULD AUTHORIZE PLAINTIFFS' ATTORNEYS TO COMMUNICATE WITH THOSE INDIVIDUALS *EX PARTE*.

Plaintiffs believe that they are permitted to speak with former employees of ADC, Wexford, and Corizon who did not have responsibility for creating policy and seek a court order declaring that they are permitted to do so.  Even if Arizona Rule 4.2 applies to these former employees, however, this Court may still authorize Plaintiffs' attorneys to communicate with them *ex parte*.  *See Kaiser*, 2002 WL 1362054, at *6 ("With respect to former employees, *court authorization* or opposing counsel's consent to *ex parte* contact should be required if . . . the former employee's actions are precisely those sought to be imputed to the corporation.") (emphasis added) (citation omitted).  The Court should grant Plaintiffs' request for authorization to communicate with the whistleblowers *ex parte*.

Even if the Court finds that the language of comment 2 facially applies to this case, comment 2 was not designed to prevent parties from speaking with potential witnesses simply because their actions may have played some *de minimis* role in the conduct from which the lawsuit arose.  *Lang* makes this clear by offering the example of a *single* driver whose lone behavior behind the wheel gave rise to the lawsuit.  *See Lang*, 170 Ariz. at 607.  So does *Kaiser* where this Court commented that Rule 4.2 applies to former employees whose actions are "*precisely* those sought to be imputed to the corporation." *Kaiser*, 2002 WL 1362054, at *6 (emphasis added).  Several individuals have contacted Plaintiffs ostensibly seeking to expose what they believe to be ADC's dangerous and possibly unlawful practices.   Plaintiffs should not have to ignore these witnesses. Moreover, allowing Plaintiffs' attorneys to interview them *ex parte* best promotes the public's interest in learning the truth about ADC's practices and this Court's interest in the efficient and accurate disposition of cases on its docket.  *See Polycast Tech. Corp. v. Uniroyal, Inc.*, 129 F.R.D. 621, 628 (S.D.N.Y. 1990) ("[A]ny shift away from informal information gathering toward formal discovery increases costs and reduces judicial efficiency."); *San Diego v. Roe*, 543 U.S. 77, 82 (2004) (*per curiam*) ("[P]ublic

1   employees are often the members of the community who are likely to have informed

2   opinions as to the operations of their public employers, operations which are of substantial

3   concern to the public.   Were they not able to speak on these matters, the community

4   would be deprived of informed opinions on important public issues.").   Thus, even if

5   Rule 4.2 technically applies, this Court should nonetheless grant Plaintiffs' attorneys leave

6   to communicate with the whistleblowers *ex parte*.

7                                    **CONCLUSION**

8        For the foregoing reasons, Plaintiffs respectfully request that the Court enter an

9   order authorizing Plaintiffs to contact and interview *ex parte* former employees of ADC,

10  Wexford, and Corizon who did not have responsibility for creating policy.

11  Dated:  June 27, 2014                    **JONES DAY**

12

13                                    By:   s/ Caroline N. Mitchell
                                        Caroline Mitchell (Cal. 143124)*
                                        Amir Q. Amiri (Cal. 271224)*
14                                      555 California Street, 26th Floor
                                        San Francisco, California 94104
15                                      Telephone:  (415) 875-5712
                                        Email:    cnmitchell@jonesday.com
16                                                aamiri@jonesday.com

17                                      *Admitted *pro hac vice*

18                                      Daniel C. Barr (Bar No. 010149)
                                        Amelia M. Gerlicher (Bar No. 023966)
19                                      Kirstin T. Eidenbach (Bar No. 027341)
                                        John H. Gray (Bar No. 028107)
20                                      Matthew B. du Mée (Bar No. 028468)
                                        Jerica L. Peters (Bar No. 027356)
21                                      **PERKINS COIE LLP**
                                        2901 N. Central Avenue, Suite 2000
22                                      Phoenix, Arizona 85012
                                        Telephone:  (602) 351-8000
23                                      Email:    dbarr@perkinscoie.com
                                                agerlicher@perkinscoie.com
24                                                keidenbach@perkinscoie.com
                                                jhgray@perkinscoie.com
25                                                mdumee@perkinscoie.com
                                                jpeters@perkinscoie.com
26

27

28

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
                jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
                ahardy@prisonlaw.com
                snorman@prisonlaw.com
                ckendrick@prisonlaw.com
                wgeorge@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@npp-aclu.org
                afettig@npp-aclu.org
                aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

1                                       John Laurens Wilkes (Tex. 24053548)*

2                                       Taylor Freeman (Tex. 24083025)*
**JONES DAY**

3                                       717 Texas Street
Houston, Texas 77002

4                                       Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com

5                                                tfreeman@jonesday.com

6                                       *Admitted *pro hac vice*

7                                       Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*

8                                       **JONES DAY**
222 East 41 Street

9                                       New York, New York 10017
Telephone:  (212) 326-3498

10                                     Email:     kmamedova@jonesday.com
jkmessina@jonesday.com

11                                     *Admitted *pro hac vice*

12                                       Kevin Brantley (Cal. 251886)*
**JONES DAY**

13                                     3161 Michelson Drive, Suite 800
Irvine, California 92612

14                                       Telephone:  (949) 851-3939
Email:     kcbrantley@jonesday.com

15                                       *Admitted *pro hac vice*

16                                     *Attorneys for Plaintiffs Shawn Jensen;*

17                                     *Stephen Swartz; Dustin Brislan; Sonia*
*Rodriguez; Christina Verduzco; Jackie*

18                                     *Thomas; Jeremy Smith; Robert Gamez;*
*Maryanne Chisholm; Desiree Licci; Joseph*

19                                     *Hefner; Joshua Polson; and Charlotte*
*Wells, on behalf of themselves and all others*

20                                     *similarly situated*

21

22

23

24

25

26

27

28

1

2

**ARIZONA CENTER FOR DISABILITY LAW**

3

By:   s/ Sarah Kader

4

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)

5

5025 East Washington Street, Suite 202
Phoenix, Arizona 85034

6

Telephone:  (602) 274-6287
Email:    skader@azdisabilitylaw.org

7

avarma@azdisabilitylaw.org

8

J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
**ARIZONA CENTER FOR**

9

**DISABILITY LAW**
100 N. Stone Avenue, Suite 305

10

Tucson, Arizona 85701
Telephone:  (520) 327-9547

11

Email:    jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org

12

*Attorneys for Arizona Center for Disability*

13

*Law*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

78204-0001/LEGAL122539270.1

-10-

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 27, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

I hereby certify that on June 27, 2014, I served the attached document by Federal Express on the following who NOT are participants of the CM/ECF system:

**Corizon:**

Corizon Health, Inc.
c/o Jill Moldrem
105 Westpark Dr., Suite 200
Brentwood, Tennessee 37027-5010

Russell B. Morgan
Bradley Arant Boult Cummings LLP
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, Tennessee 37203

**Wexford:**

Wexford Health Sources, Inc.
Greentree Commons
Suite 205
381 Mansfield Ave.
Pittsburgh, Pennsylvania 15220

James M. Jellison
3103 N. Central Ave.
Suite 1090
Phoenix, Arizona 85012

s/ D. Freouf