UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br> Plaintiffs, <br> v. <br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING *EX PARTE* COMMUNICATIONS WITH FORMER EMPLOYEES OF DEFENDANTS AND THEIR AGENTS** |

The Court, having reviewed Plaintiffs' Motion for an Order Authorizing *Ex Parte* Communications with Former Employees of Defendants and Their Agents, and good cause appearing,

IT IS SO ORDERED that Plaintiffs' Motion for an Order Authorizing *Ex Parte* Communications with Former Employees of Defendants and Their Agents is GRANTED insofar as the Court finds that Plaintiffs' attorneys will not violate LRCiv 83.2(e) by interviewing former employees of Defendants and their agents *ex parte*.

IT IS FURTHER ORDERED that, when interviewing former employees of the Arizona Department of Corrections, Wexford Health Sources, Inc., or Corizon Health, Inc., Plaintiffs' attorneys will advise all interviewees of the following:

1  (1) counsel's representative capacity;
2  (2) counsel's reasons for seeking the interview;
3  (3) the interviewee's right to refuse to be interviewed;
4  (4) the interviewee's right to have his or her own counsel present;
5  (5) the interviewee's obligation not to disclose and counsel's obligation not to
6      seek the disclosure of privileged information or information confidential to
7      the defense.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28