Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                                         Plaintiffs,<br><br>           v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                                         Defendants. | NO. 2:12-cv-00601-NVW<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE THE PRESERVATION DEPOSITION OF A TERMINALLY ILL PERSON** |

1    Throughout discovery, Plaintiffs have unfairly accused Defendants of
2    disregarding the Rules of Civil Procedure, untimely disclosing witnesses and witness
3    testimony, and sandbagging their case.  (Dkt. 753 at 3, 8; Dkt. 797 at 2).  Most recently,
4    Plaintiffs moved to strike Defendants' proposed Rule 26(a)(2) expert testimony for
5    untimely disclosure.  (Dkt. 753.)  Although Defendants corrected the alleged deficiencies
6    and remedied any prejudice to Plaintiffs (Dkt. 826, 826–1 at 51–76), the Court held
7    Defendants to a stringent, no-tolerance standard, and struck the expert witnesses, finding
8    that to allow Defendants to supplement their expert witness testimony after the disclosure
9    deadline would "reward disregard of rules and schedules."  (Dkt. 815; Dkt. 848.)

10   Plaintiffs now ask the Court to excuse *them* for *their* failure to timely
11   disclose a trial witness.  They provide no justification for this untimely disclosure, more
12   than nine months after the deadline to do so. The disclosure will also prejudice
13   Defendants.  Their request should be denied.

14   **I.    BACKGROUND**

15   Plaintiffs request to take the preservation deposition of a former ADC
16   inmate.  The former inmate was released on parole on November 5, 2013, pursuant to
17   A.R.S. § 31–403, after it was determined that he was suffering from a medical condition
18   that would result in his death within six months. According to Plaintiffs, Corizon
19   submitted an application for his parole on September 30, 2013.  On November 8, 2013,
20   Plaintiffs' retained medical expert, Dr. Robert Cohen, submitted his report.  In it, he
21   detailed the care allegedly provided to the former inmate and noted his pending parole
22   application.  Plaintiffs then produced the former inmate's medical records to Defendants
23   on November 27, 2013.

24   Despite knowing of the former inmate's circumstances as early as
25   November 2013, and obviously having his medical records before the September 27, 2013
26   discovery cut-off, Plaintiffs did not supplement their disclosure statement to include him
27   as a trial witness, nor did they notice his deposition (either as a discovery deposition or a
28   preservation deposition). They also did not include his medical records to the list of

2

documents they would use at trial.  Plaintiffs thus gave no indication to Defendants that they would be calling the former inmate as a trial witness, as required under the Rules of Civil Procedure, removing any need for Defendants to take his deposition themselves. Plaintiffs supplemented their disclosure statement in March 2014, and still did not include the former inmate as a trial witness.

## II.  PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THEY FAILED TO TIMELY DISCLOSE THE FORMER INMATE AS A TRIAL WITNESS

Plaintiffs contend that they are entitled to a preservation deposition because the former inmate is terminally ill and may not be alive to testify at trial.[1]  Defendants do not dispute that he is ill, but the details of the former inmate's circumstances — and the transparent plug of a recent media story — are just intended to distract the Court from the real issue:  Plaintiffs' failure to ever disclose the former inmate as a trial witness.[2]

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses."  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless."  Fed. R.

---

[1] Plaintiffs recite allegations pertaining to the former inmate's current health and past treatment, and further allege that his condition is the result of Defendants' "neglect" and "systemic deficiencies in ADC's medical care system." Defendants do not disagree that the former inmate was released on parole because a determination was made that he satisfied the requirements of A.R.S. § 31–403. But they do dispute Plaintiffs' factual allegations and legal conclusion.  Defendants note that Plaintiffs made a similar plea of imminent death in support of their prior request to take the preservation deposition of another inmate, which was granted. (Dkt. 326.) During that inmate's 7 hour "preservation" deposition, he boasted about his exercise regimen, testifying that instead of weights, "I like to use people. I will have people stand on my back while I do push-ups and sit on my shoulders when I do squats." (Ex. 1 at 199 – 202.)  His testimony also revealed that *every day* since 2006 he had performed the following in his cell: "pull-ups", "cross fit", "lots of running", and "weight routines for every muscle, everybody muscle." (Id.)

[2] Plaintiffs' discussion about the distinction between discovery depositions and preservation depositions is also irrelevant. Defendants agree that Plaintiffs are seeking the latter. But the issue is that Plaintiffs failed to *disclose* the former inmate and thus he is not an available trial witness.

1   Civ. P. 37(c)(1).  This is a "self-executing" and "automatic" sanction.  *Yeti by Molly, Ltd.*

2   *v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

3          At no time prior to Plaintiffs' request to take the former inmate's deposition

4   did they supplement their disclosure statement to inform Defendants that they would be

5   calling him (or potentially calling him) as a trial witness.  Thus, they failed to comply with

6   Rule 26(a)(1)(A)(i).[3] And because the former inmate was never a trial witness, Fed. R.

7   Civ. App. 32(a)(4)(A) & (C), and the corresponding cited cases, do not apply.

8          Plaintiffs contend that Defendants should have known that they "may elicit

9   trial testimony" from the former inmate because he was mentioned in Dr. Cohen's

10   November 5, 2013 report.  (Dkt. 972 at 5.)  But nothing in the report states that Plaintiffs

11   would or may call the former inmate as a trial witness.  His records were simply relied

12   upon by Dr. Cohen to form his opinion.  The fact that he was mentioned by Dr. Cohen is

13   not enough to satisfy Rule 26(a)(1)(A)(i).  If this were true, then Plaintiffs apparently

14   believe that they may call at trial the hundreds of inmates referenced in their seven expert

15   reports, despite not being included in their disclosure statement. That cannot be true.

16   Furthermore, Plaintiffs' disclosure statements affirmatively listed those witnesses that it

17   "would" and "may" call at trial.  Defendants relied on those representations in charting

18   their discovery.  In fact, they requested that Plaintiffs update their disclosure statement

19   with all witnesses they intended to call at trial.  Their hide-the-ball strategy should not be

20   rewarded.

21          Plaintiffs contend that they only "recently learned" that the former inmate's

22   death was imminent.  (Dkt. 972 at 1.) But they fail to explain how that is so.  And it is

23   facially inconsistent with the fact that their retained expert discussed the former inmate's

24   circumstances and pending parole application as early as November 2013. They certainly

25   knew then about the former inmate's condition at that time (and had his medical records

26

27          [3] Plaintiffs filed their Motion on Thursday, June 26, 2014. (Dkt. 972.) They served Defendants with a supplemental disclosure statement adding the former inmate as a

28   *possible* trial witness on the afternoon of Friday, June 27, 2014.

1    before then), yet waited seven months to seek a preservation deposition.[4]

2            Plaintiffs argue that adding the former inmate to their trial witness list now

3    will not prejudice Defendants.  But they will be prejudiced.  This is clearly a witness

4    Plaintiffs intend to use to bolster their case.  The discovery deadline is now closed, and

5    Defendants did not have an opportunity to depose the former inmate, or request, review,

6    and disclose his complete medical records.  More importantly, they did not have the

7    opportunity to add the former inmate's treating physicians to their disclosure statement,

8    and disclose testimony in accordance with Rules 26(a)(2)(B) and (a)(2)(C). Lastly,

9    Defendants' experts did not have the opportunity to review all of this evidence and

10   provide an expert opinion.   To allow the former inmate's deposition now would

11   essentially require the re-opening of discovery, something the Court has lamented before.

12   (Dkt. 815 at 4.)

13           Finally, Plaintiffs argue that Defendants have "continued to add additional

14   potential witnesses for trial after the close of discovery."  These witnesses, however, were

15   either timely disclosed, newly-hired employees, or employees who replaced previously

16   disclosed employees. Regardless, Plaintiffs have never moved to strike any of these

17   witnesses.

18   **III.   CONCLUSION**

19           For these reasons, Plaintiffs' request to take the former inmate's

20   preservation deposition should be denied.

21

22

23

24

25

26           [4] Although Plaintiffs do not argue that the former inmate's trial testimony only
     became apparent after the discovery cut-off was extended to April 1, 2014 – which
27   constitutes a waiver of this argument – even if they did, it is still no excuse. Plaintiffs
     never requested to take the former inmate's deposition in response to the Court's order to
28   outline the discovery necessary to test Defendants' post-September 2013 evidence.

1     DATED this _30th_ day of June 2014.

2                                    STRUCK WIENEKE & LOVE, P.L.C.

3

4                        By /s/ Daniel P. Struck
                            Daniel P. Struck
5                           Kathleen L. Wieneke
                            Rachel Love
6                           Timothy J. Bojanowski
                            Nicholas D. Acedo
7                           Ashlee B. Fletcher
                            Anne M. Orcutt
8                           Jacob B. Lee
                            STRUCK WIENEKE & LOVE, P.L.C.
9                           3100 West Ray Road, Suite 300
                            Chandler, Arizona  85226
10
                            Arizona Attorney General Thomas C. Horne
11                          Office of the Attorney General
                            Michael E. Gottfried
12                          Lucy M. Rand
                            Assistant Attorneys General
13                          1275 W. Washington Street
                            Phoenix, Arizona 85007-2926
14
                            *Attorneys for Defendants*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 30, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ajmel Quereshi:           aquereshi@npp-aclu.org

Alison Hardy:           ahardy@prisonlaw.com

Amelia M. Gerlicher:    agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

 Amir Q. Amiri:       aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy Fettig:           afettig@npp-aclu.org

Asim Varma:          avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:    cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:    ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:    DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda:  dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:       dspecter@prisonlaw.com

James Duff Lyall:      jlyall@acluaz.org; gtorres@acluaz.org

James M. Jellison:     jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com

Jennifer K. Messina:    jkmessina@jonesday.com

Jerica Lynn Peters:    jpeters@perkinscoie.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:     jhgray@perkinscoie.com; slawson@perkinscoie.com

 John Laurens Wilkes:   jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:     jrico@azdisabilitylaw.org

Kamilla Mamedova:    kmamedova@jonesday.com

Kevin C. Brantley:     kbrantley@jonesday.com

7

Kirstin T. Eidenbach:     keidenbach@perkinscoie.com; dfreouf@perkinscoie.com;
                          docketphx@perkinscoie.com

Matthew Benjamin de Mee: mdumee@perkinscoie.com; cwendt@perkinscoie.com

Sara Norman:              snorman@prisonlaw.com

Sarah Eve Kader:          skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org;
                          rstarling@azdisabilitylaw.org

Taylor Freeman:           tfreeman@jonesday.com

Warren E. George, Jr.:    wgeorge@prisonlaw.com


        I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

        N/A

                                        /s/  Daniel P. Struck

8