Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
    jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,
Dustin Brislan, Sonia Rodriguez, Christina Verduzco,
Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne
Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,
and Charlotte Wells, on behalf of themselves and all others
similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
    avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
| Plaintiffs, | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE THE PRESERVATION DEPOSITION OF A TERMINALLY ILL PERSON** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | **[REDACTED]** |
| Defendants. | |

1    Defendants doggedly rely on a single argument:  Plaintiffs' failure to disclose

2    as a trial witness in their disclosure statement before the close of discovery bars

3    them from presenting his deposition testimony at trial.  Defendants' argument overlooks

4    the purpose of a disclosure statement:  to provide the opposing party sufficient notice to

5    gather and present evidence in opposition to the proposed testimony.  *See Brandon v. Vill.*

6    *of Maywood*, 179 F. Supp. 2d 847, 860 (N.D. Ill. 2001) ("The purpose of Rule 26(a)(2)(A)

7    disclosures is [to] afford opposing parties 'a reasonable opportunity to prepare for

8    effective cross examination and . . . arrange for expert testimony'"); *Henson v. Baker Sch.*

9    *Dist. No. 12 Bd. of Trustees*, No. CV 12-11-BLG-CSO, 2013 WL 5786592, at *2 (D.

10   Mont. Oct. 28, 2013) ("Disclosures are meant to allow the opposing party a reasonable

11   opportunity to prepare for effective cross examination of the witness and to arrange for

12   expert testimony from other witnesses").  Given that Defendants possess

13   medical record and have access to the medical staff who treated him, and almost four

14   months remain before trial commences, Defendants have all the necessary materials, as

15   well as more than enough time, to gather and prepare any necessary evidence to rebut

16   deposition testimony at trial.

## I.    DEFENDANTS WILL NOT BE PREJUDICED BY PRESERVATION DEPOSITION

19   As Defendants concede [Defs.' Br. at 3], the failure to disclose a witness does not

20   preclude the witness from testifying at trial as long as the failure is justified or harmless.

21   Fed R. Civ. P. 37(c)(1).  Plaintiffs may "demonstrate harmlessness by showing that

22   Defendants had a reasonable opportunity to prepare for cross-examination and to arrange

23   for expert testimony from other witnesses on that issue." *Mansoor v. M/V ZAANDAM*,

24   No. C05-1027 P, 2006 WL 2222332, at *3 (W.D. Wash. Aug. 2, 2006).

25   This requirement is easily satisfied in this case.  Defendants are in possession of

26   medical record, and have ready access to the persons who treated

27

28

1  so as to elicit any information regarding the care            received while in ADC

2  custody.[1]

3       As trial is set to commence almost four months from now, Defendants have ample

4  opportunity to consult with their experts regarding            medical condition, as well

5  as the quality of the care he received.  The parties have already agreed that Defendants, as

6  well as Plaintiffs, may supplement their expert reports on or before August 29, 2014.  [*See*

7  Ex. 1, Email from Caroline Mitchell to Dan Struck, June 4, 2014 (proposing dates for the

8  disclosure of supplemental expert reports); Ex. 2, Email from Ashlee Fletcher to Caroline

9  Mitchell, June 11, 2014 (agreeing to Plaintiffs' proposed expert disclosure schedule)]

10  Defendants' medical expert could easily review            records and include his

11  assessment in his supplemental report.[2]

12       Defendants' other claims of prejudice are equally groundless.  Though Defendants

13  complain that they have not had the opportunity to depose            , that is precisely the

14  opportunity they will be afforded if the Court grants Plaintiffs' motion.  Defendants'

15  complaints that they will be prejudiced as a result of not being able to add

16  treating physicians as trial witnesses are exaggerated.[3]  In each of their disclosure

17  statements, Defendants have reserved the right to add "unlisted individuals who may have

18  relevant information [who] will be identified as discovery progresses."  [*See* Ex. 3,

19  Defendants' 19th Supplemental Disclosure Statement at 108]  As stated in Plaintiffs'

20  opening brief, Defendants have continued to add such individuals even after the close of

21  

22       [1]  It is thus unclear what Defendants mean when they say they would not have the

23  opportunity to request and review his medical record were Plaintiffs' motion granted.
   [Defs.' Br. at 5]

24       [2]  In any event, Defendants have been on notice that            care would be an

25  issue in this case at least since Plaintiffs' medical expert, Dr. Cohen, characterized that
   care as "terrifying" in his November 8, 2013 report.  [*See* Doc. 980 at 1-2]

26       [3]  Defendants carefully refrain from stating that            treating physicians

27  are not already listed in their disclosure statement.  In any event, if the Court grants this
   motion, Plaintiffs will not object to Defendants adding            treating physicians to

28  their disclosure statement.

1  discovery.  [*See* Doc. 980 at 4 n.1 (noting that Defendants added additional witnesses in

2  both their 11th and 13th supplemental disclosure statements)][4]

3      Finally, Defendants' reliance on this Court's exclusion of their proposed experts

4  misreads the Court's previous order.   Contrary to Defendants' characterization,

5  Defendants' proposed experts were excluded not simply because Defendants failed to

6  disclose them in a timely manner, but because Defendants, while identifying them as

7  experts, failed to "state the *facts and opinions* to which the proposed experts will testify,"

8  thereby providing Plaintiffs insufficient notice regarding their proposed testimony.

9  [Doc. 815, Order Granting and Denying in Part Plaintiffs' Motion to Strike Defendants'

10  Experts and Reports at 3 (emphasis in original)]  As the Court explained, "the proposed

11  testimony is rife with discussion of unspecified future events and generalities devoid of

12  specific facts.  There are also additional deficiencies.  Several of ADC's proposed expert

13  opinions are offered to rebut Plaintiffs' expert opinions, which is the type of testimony

14  that should be supported by a report."  [*Id.*]  The Court's reasoning is inapplicable here,

15  where          does not seek to testify as an expert, but to simply recount his personal

16  experiences while in ADC custody.

17  **II.    AS ADC AND CORIZON CONCLUDED,               IS TERMINALLY**
        **ILL**
18
19      Remarkably, Defendants insinuate that          may not actually be terminally

20  ill, or that Plaintiffs may be exaggerating the gravity of his condition.  [Defs.' Br. at 3 n.1]

21  Defendants overlook that it was ADC and Corizon—not Plaintiffs—who concluded that

22          had less than six months to live, resulting in his medical parole.  His diagnosis

23  was subsequently confirmed by Plaintiffs' medical expert, who described Defendants'

24  disregard of          medical condition, including the repeated denial of preventive

25  scans that would have potentially alerted medical staff to the tumor earlier, as "terrifying".

---

26      [4] Defendants state, without further explanation, that these witnesses "were either
27  timely disclosed, newly hired employees, or employees who replaced previously disclosed
    employees."  [Doc. 986 at 5]  Defendants provide no means to assess the veracity of this
28  statement, which is not set forth in a declaration or otherwise made under oath.

[Doc. 945, Ex. 1, Expert Report of Robert Cohen, M.D., Nov. 8, 2013, at 31]  Defendants'

innuendo reflects a callous and profound disregard for the seriousness of

condition, as well as that of other prisoners who have been diagnosed with a terminal

illness.[5]

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that their Motion for Leave

to Take the Preservation Deposition of a Terminally Ill Person be GRANTED.

Dated:  July 2, 2014                                **ACLU NATIONAL PRISON PROJECT**

By:   s/ Ajmel Quereshi
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@npp-aclu.org
              afettig@npp-aclu.org
              aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal   courts.
**Admitted *pro hac vice*

---

[5] On June 11, 2014, Defendants indicated that they would also oppose a preservation deposition of Robert Murray, ADC No. 94261, another prisoner who was terminally ill with cancer.  [Ex. 4, Email from Dan Struck to David Fathi dated June 11, 2014]    Dr. Cohen had concluded that Mr. Murray's care was "lackadaisical," "inexcusable," and "horrifying" and that, in over three decades of practice, he had "never seen such callous disregard demonstrated over and over again."  [Doc. 945, Ex. 1 at 8, 20] On June 28, 2014, Mr. Murray died as a result of his cancer.  [Ex. 5, Gary Grado, *Death Row Inmate with Untreated Cancer Dies,* ARIZ. CAP. TIMES, June 30, 2014, http://azcapitoltimes.com/news/2014/06/30/death-row-inmate-with-untreated-cancer-dies/]

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
          agerlicher@perkinscoie.com
          keidenbach@perkinscoie.com
          jhgray@perkinscoie.com
          mdumee@perkinscoie.com
          jpeters@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
          jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com
          wgeorge@prisonlaw.com

*Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com
          aamiri@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com
          tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone:  (949) 851-3939
Email:    kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Sarah Kader
      Sarah Kader (Bar No. 027147)
      Asim Varma (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone:  (602) 274-6287
      Email:    skader@azdisabilitylaw.org
                avarma@azdisabilitylaw.org

      J.J. Rico (Bar No. 021292)
      Jessica Jansepar Ross (Bar No. 030553)
      **ARIZONA CENTER FOR DISABILITY LAW**
      100 N. Stone Avenue, Suite 305
      Tucson, Arizona 85701
      Telephone:  (520) 327-9547
      Email:    jrico@azdisabilitylaw.org
                jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

1

**<u>CERTIFICATE OF SERVICE</u>**

2          I hereby certify that on July 2, 2014, I electronically transmitted the above

3    document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4    Notice of Electronic Filing to the following CM/ECF registrants:

5                            Michael E. Gottfried
                            Katherine E. Watanabe
6                            Lucy M. Rand
                       Assistant Arizona Attorneys General
7                          Michael.Gottfried@azag.gov
                          Katherine.Watanabe@azag.gov
8                            Lucy.Rand@azag.gov

9                            Daniel P. Struck
                            Kathleen L. Wieneke
10                           Rachel Love
                           Timothy J. Bojanowski
11                          Nicholas D. Acedo
                            Ashlee B. Fletcher
12                           Anne M. Orcutt
                             Jacob B. Lee
13                   STRUCK WIENEKE, & LOVE, P.L.C.
                           dstruck@swlfirm.com
14                         kwieneke@swlfirm.com
                            rlove@swlfirm.com
15                       tbojanowski@swlfirm.com
                           nacedo@swlfirm.com
16                         afletcher@swlfirm.com
                           aorcutt@swlfirm.com
17                           jlee@swlfirm.com

18                       *Attorneys for Defendants*

19

20                              s/ Delana Freouf

21

22

23

24

25

26

27

28

78204-0001/LEGAL122597709.1                      -8-