Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
      jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
      avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-NVW (MEA)<br><br>**ELEVENTH JOINT NOTICE OF DISCOVERY DISPUTE** |

The parties have met and conferred and certify that they have reached an impasse in their interpretations of one section of the Court's May 23, 2014 order (Doc. 923).

**DISPUTED ISSUE**

**Plaintiffs' Stated Issue:** Does the Court's order that Defendants produce by June 13, 2014, "[a]ll documents in the healthcare and institutional files previously relied upon by Plaintiffs' experts, from the date of prior production or review through April 1, 2014 for the prisoners listed in Doc. 907, Exhibit 5, Attachment A" [Doc. 923 at 3] refer to prisoners listed in Doc. 907, Exhibit 5, Attachment A?

**Defendants' Stated Issue:** Does the Court's Order compelling production of updated "documents in the health care and institutional files previously relied upon by Plaintiffs' experts . . . for the prisoners listed in Doc. 907, Exhibit 5, Attachment A" (Doc. 923) require Defendants to produce updated files where there is no indicia that Plaintiffs' experts considered or relied upon those files in forming their expert opinions?

**PLAINTIFFS' POSITION**

The Court ordered Defendants to produce no later than June 13 all supplemental documents from the health care and institutional files previously relied upon by Plaintiffs' experts. On June 13, Defendants produced only some of the records, and Plaintiffs' counsel notified Defendants of all prisoners for whom their files were not produced. [*See* Ex. 1, 6/20/14 Letter from C. Kendrick to D. Struck, at 3 and Attachment 2] Defendants' counsel took the position that the Court's order—despite explicitly referring to the list of names—did not include the records listed at Doc. 907, Exhibit 5, Attachment A, but rather only a smaller subset of files that Defendants believed that the experts "relied upon" in their reports. [*See* Ex. 2, 6/23/14 Letter from T. Bojanowski to C. Kendrick, at 4] The parties met and conferred on June 24, 2014, and Defendants' counsel stated that they would only produce files for prisoners if the expert stated in the report that he or she "relied upon" the information contained in the individual's file. [*See* Ex. 3, 6/25/14 Letter from C. Kendrick to T. Bojanowski, at 1] The parties exchanged further correspondence about the dispute on June 25 and June 26. [*See* Ex. 4, 6/25/14 Letter from T. Bojanowski

to C. Kendrick; Ex. 5, 6/26/14 Letter from C. Kendrick to T. Bojanowski; and Ex. 6, 6/30/14 Letter from T. Bojanowski to C. Kendrick]

The Court's order is crystal clear. The Court explicitly ordered Defendants to provide all health care and institutional files, as listed in Doc. 907, Ex. 5 at Appendix A, and Defendants willfully defied the Court's Order to do so by June 13, 2014. Given Defendants' unreasonable position, the delays that have occurred as a result of that position, and the adverse impact it has on Plaintiffs' ability to prepare for the upcoming trial, Plaintiffs respectfully request that the Court (1) find that for each prisoner listed in Attachment 2 to Ms. Kendrick's June 20, 2014 letter, the individual's health care has not improved since the time the file was originally reviewed by the expert; (2) find that for the prisoners listed in Attachment 2 to Ms. Kendrick's June 20, 2014 letter whose health care and/or institutional files were not produced for review by Mr. Vail, Dr. Williams, or Dr. Haney, the conditions and programming in the isolation units, as described by Plaintiffs' experts, are unchanged; and (3) prohibit Defendants from introducing evidence or arguing that the care or conditions for the prisoners on the list has improved since the last production of their records. Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii); *Fouchia v. Carlota Copper Co.*, No. CV-11-00374-PHX-NVW, 2012 WL 2072673, at *3 (D. Ariz. June 8, 2012) ("Among the actions authorized by Rule 37[ ] is prohibiting the disobedient party ... from introducing designated matters in evidence.") (internal quotation marks and citations omitted); *U. S. v. ACB Sales & Serv., Inc.,* 95 F.R.D. 316, 317-18 (D. Ariz. 1982) (facts set forth in 145 consumer complaints would be deemed established as a sanction for defendants' failure to produce their files relating to such complaints, in view of the fact that a business generating millions of files could not be permitted to frustrate discovery by creating inadequate filing system).

Plaintiffs also respectfully request the Court order any other relief it deems necessary, just, and appropriate pursuant to its power under Rule 37(b). *Valley Eng'r Inc. v. Electric Eng'g Co*., 158 F.3d 1051, 1056 (9th Cir. 1998) (justice is the central factor in a sanctions order under Rule 37(b)); *Baker v. Transunion L.L.C.*, CV-06-2927-PCT-

1   NVW, 2008 WL 544826, at *2 (D. Ariz. Feb. 26, 2008) *aff'd sub nom. Baker v.*
2   *Transunion LLC*, 316 F. App'x 594 (9th Cir. 2009) ("A party's willful violation of court
3   orders impairs the public interest in the expeditious and fair resolution of controversy and
4   undermines the institutional integrity of the court. The public cannot rely on the judicial
5   process and courts cannot function efficiently unless parties are bound to conform with
6   court orders.").

**Defendants' Position**

This dispute arises from the parties' differing interpretations of the Court's May 23, 2014 Order (Doc. 923), not Defendants' willful defiance of that Order as suggested by Plaintiffs. Even Plaintiffs acknowledge that the parties have "reached an impasse in their *interpretations*" of that Order. (See, *supra*, at 1:1-3, emphasis added). Plaintiffs' portrayal that Defendants have taken an "unreasonable position" that constitutes "willful defiance" of the Order is empty embellishment. Equally extreme is the sanction Plaintiffs request. They do not request production of the disputed files, but rather an adverse finding of fact and conclusion of law on the ultimate issue without (and contrary to) admissible evidence. Defendants' interpretation of the Court's Order is not only reasonable, but correct: the Court ordered only the production of inmate files that Plaintiffs' experts actually "relied upon."

The Court ordered Defendants to produce:

> All new documents in the healthcare and institutional files previously relied upon by Plaintiffs' experts, from the date of prior production or review through April 1, 2014 for the prisoners listed in Doc. 907, Exhibit 5, Attachment A.

(Doc. 923 at 3:15-18.) Thus, the production of updated healthcare and institutional files was limited in two respects. First, the universe of files was limited to those inmates "listed in Dkt. 907, Exhibit 5, Attachment A." Second, and dispositive here, that universe of files was further limited to only those "previously relied upon by Plaintiffs' experts." In other words, Defendants must only produce those inmate files "listed in Doc. 907, Exhibit 5, Attachment A" that were "previously relied upon by Plaintiffs' experts." Of

those inmate records "listed in Doc. 907, Exhibit 5, Attachment A," Defendants have produced 250 volumes of medical and institutional files (32,897 pages) that were "previously relied upon by Plaintiffs' experts," i.e., the expert actually reviewed the inmate's file and, based on that file review, included an opinion regarding that inmate's medical care in their expert report.[1]

The dispute concerns the remaining 231 files (106 healthcare files and 125 institutional files) "listed in Doc. 907, Exhibit 5, Attachment A" that were *not* relied upon by Plaintiffs' experts in forming their opinions. (*See* Ex. 6 at 4-11) Plaintiffs interpret the Court's Order as requiring the production of *all* records "listed in Doc. 907, Exhibit 5, Attachment A." But this ignores the Court's second, explicit limitation. The Court did not order the production of "all" records listed therein. Plaintiffs' interpretation would include the production of inmate files that were not reviewed by their experts in formulating their opinions, including the files of inmates who Plaintiffs' experts simply interviewed during their tours—but did not review their files—and provided an opinion based on those interviews, and files in which there is no evidence to support that they were actually reviewed by the expert. These records fall outside the narrowed set of records explicitly ordered by the Court, the purpose of which was to give Plaintiffs' experts an opportunity to supplement their prior *file*-based opinions after an updated *file* review. To the extent an opinion was based on an interview, rather than on a file review, the production of updated files for those inmates does not further this objective as the opinion was not based on facts contained in their medical file.

Even if the Court disagrees with Defendants' interpretation of the Order, Defendants' interpretation is reasonable and certainly not willful. It does not warrant the drastic remedies that Plaintiffs seek. *See Davis v. Nevarez,* 3:07-CV-00427EJLLMB,

---

[1] This includes 225 volumes of medical records and 25 volumes of master records. After the parties' meet-and-confer, Defendants agreed to produce updated medical records for an additional 31 inmates. In addition to these files, Defendants have produced another 37,405 pages of documents in response to other portions of the Court's May 23, 2014 Order, which include 252 other medical and institutional volumes of files.

1  2009 WL 1468705, at *3 (D. Idaho May 22, 2009) (defendant's failure to respond to
2  court-ordered discovery did not justify establishment-of-fact sanction because "the
3  sanction must 'fit the crime'"); *Holliday v. Extex*, 447 F.Supp.2d 1131, 1139 (D. Haw.
4  2006) (refusing to impose sanctions and finding no willful violation of a court order where
5  there was a dispute over interpretation); *cf. U. S. v. ACB Sales & Serv., Inc.*, 95 F.R.D.
6  316, 318 (D. Ariz. 1982) (court ordered facts deemed established as sanction where party
7  destroyed files in attempt to suppress evidence).  Plaintiffs' requested sanctions (deeming
8  facts established that clearly are not and precluding Defendants from introducing evidence
9  to show that they are false) are not justified. The fact that Plaintiffs do not request
10 production of these files—even as a fallback sanction—proves that they are not even
11 interested in the truth of the matter, and will be satisfied with nothing if they do not get it
12 all.[2]

13 Respectfully submitted the 3rd of July, 2014.

---

[2] Even though Plaintiffs do not request the disputed files, their contention that production of the files now will prejudice their ability to prepare for trial is simply not true. Trial is more than 3½ months away. The parties have agreed that their expert supplemental reports are not due until August 8/September 5. (Doc. 988-1 at 3.) Indeed, Plaintiffs just recently emphasized (and relied upon) the large amount of time left before trial (to show no prejudice to Defendants) in support of their request to take the preservation deposition of a former inmate. (Doc. 988 at 2-4).

78204-0001/LEGAL122615921.1                    -5-

| | | |
|---|---|---|
| 1 | **STRUCK WIENEKE & LOVE, P.L.C.** | **PRISON LAW OFFICE** |
| 2 | | |
| 3 | By: *s/ Nicholas Acedo* (with permission) | By:   *s/ Corene Kendrick* |
|   | Daniel P. Struck | Donald Specter (Cal. 83925)* |
| 4 | Kathleen L. Wieneke | Alison Hardy (Cal. 135966)* |
|   | Rachel Love | Sara Norman (Cal. 189536)* |
| 5 | Timothy J. Bojanowski | Corene Kendrick (Cal. 226642)* |
|   | Nicholas D. Acedo | Warren E. George (Cal. 53588)* |
| 6 | Ashlee B. Fletcher | 1917 Fifth Street |
|   | Anne M. Orcutt | Berkeley, California 94710 |
| 7 | Jacob B. Lee | Telephone:  (510) 280-2621 |
|   | 3100 West Ray Road, Suite 300 | Email:   dspecter@prisonlaw.com |
| 8 | Chandler, Arizona 85226 |    ahardy@prisonlaw.com |
|   | | snorman@prisonlaw.com |
| 9 | Arizona Attorney General Thomas C. Horne | ckendrick@prisonlaw.com |
|   | Office of the Attorney General | wgeorge@prisonlaw.com |
| 10 | Michael E. Gottfried | |
|   | Lucy M. Rand | *Admitted *pro hac vice* |
| 11 | Assistant Attorneys General | |
|   | 1275 W. Washington Street | |
| 12 | Phoenix, Arizona 85007-2926 | |
| 13 | *Attorneys for Defendants* | |
| 14 | **ARIZONA CENTER FOR DISABILITY LAW** | Daniel Pochoda (Bar No. 021979) |
|   | | James Duff Lyall (Bar No. 330045)* |
| 15 | | **ACLU FOUNDATION OF ARIZONA** |
| 16 | By:   *s/ Sarah Kader* (with permission) | 3707 North 7th Street, Suite 235 |
|   | Sarah Kader (Bar No. 027147) | Phoenix, Arizona 85013 |
| 17 | Asim Varma (Bar No. 027927) | Telephone:  (602) 650-1854 |
|   | 5025 East Washington Street | Email:   dpochoda@acluaz.org |
| 18 | Suite 202 |    jlyall@acluaz.org |
|   | Phoenix, Arizona 85034 | |
| 19 | Telephone:  (602) 274-6287 | *Admitted pursuant to Ariz. Sup. Ct. R. 38(f) |
|   | Email:   skader@azdisabilitylaw.org | |
| 20 |    avarma@azdisabilitylaw.org | |
| 21 | J.J. Rico (Bar No. 021292) | |
|   | Jessica Jansepar Ross | |
| 22 |   (Bar No. 030553) | |
|   | **ARIZONA CENTER FOR DISABILITY LAW** | |
| 23 | 100 N. Stone Avenue, Suite 305 | |
|   | Tucson, Arizona 85701 | |
| 24 | Telephone:  (520) 327-9547 | |
|   | Email:   jrico@azdisabilitylaw.org | |
| 25 |    jross@azdisabilitylaw.org | |
| 26 | *Attorneys for Arizona Center for Disability Law* | |
| 27 | | |
| 28 | | |

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
agerlicher@perkinscoie.com
keidenbach@perkinscoie.com
jhgray@perkinscoie.com
mdumee@perkinscoie.com
jpeters@perkinscoie.com

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@npp-aclu.org
afettig@npp-aclu.org
aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com
aamiri@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com
         tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:   kmamedova@jonesday.com
         jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email:   kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

          s/ D. Freouf