Parsons v. Ryan
12-601

**Index of Exhibits to Eleventh Joint Discovery Dispute**


Exhibit 1 - 6/20/14 Letter from C. Kendrick to D. Struck

Exhibit 2 - 6/23/14 Letter from T. Bojanowski to C. Kendrick

Exhibit 3 - 6/25/14 Letter from C. Kendrick to T. Bojanowski

Exhibit 4 - 6/25/14 Letter from T. Bojanowski to C. Kendrick

Exhibit 5 - 6/26/14 Letter from C. Kendrick to T. Bojanowski

Exhibit 6 - 6/30/14 Letter from T. Bojanowski to C. Kendrick

# Exhibit 1



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

VIA EMAIL ONLY

June 20, 2014

Mr. Daniel Struck
Struck Wieneke & Love
3100 W. Ray Rd.
Chandler, AZ 85226

        RE:    *Parsons v. Ryan*
               Defendants' June 13 Production Pursuant to Agreement and Court Order

Dear Dan,

        I write to request a meet and confer on Tuesday to discuss Defendant's incomplete production of documents as ordered by Judge Wake and agreed to by the parties.  Please let me know what time on Tuesday, June 24 you are available to discuss these matters.  Because of the short time period, we insist that the meet and confer take place within 48 hours as required by the court order.

        While we are still reviewing the documents produced, and reserve the right to bring future deficiencies to your attention, we have already identified the following problems that will adversely affect our ability to respond to your summary judgment motion and prepare for trial, and our experts' ability to prepare timely supplemental reports regarding the post-September 27, 2013 information.  Because of the short deadline, we request you and your colleagues be able to discuss the following deficiencies fully, and have already consulted with your client regarding the deficiencies, so that you can inform us when the missing documents will be produced.

**_Samples of Files Underlying Defendants' Data Reports_**
        You agreed to produce a sample of files of prisoners who are reflected in 8 different monthly reports, using our proposed methodology.  *See attached* May 12, 2014 Letter from Corene Kendrick to Daniel Struck, at 2 and Appx. C (filed with the Court as Doc. 907, Ex. 5).  Judge Wake noted this agreement in his Order.  *See* Doc. 923 at n. 1: "The record reflects that the parties did agree on the number of files to be produced." (Doc. 919 at 3 n.3, ref. Doc. 907, Ex. 5 at 2).

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Appendix C to the May 12 letter broke down by type of Corizon data report the diseases or number of files, which totalled 231.  *See* Doc. 907, Ex. 5 at Appendix C. Additionally, Judge Wake ordered Defendants to use this same methodology to produce a sample of the prisoners who were dropped off of the chronic care reports between October 2013 and March 2014.  *See* Doc. 923 at 3: "sample of health care files from the prisoners who were dropped from the heart disease, diabetes, AIDS, serious mental illness, and MRSA conditions lists."

Your production included a folder named "Random Sample" and it contained the medical records of only ten prisoners.  These ten are the files of some of the 13 prisoners who we were able to identify by name in footnotes 1-4 of Appendix C, from the previously produced emergency transports and outside hospitalization reports.[1]

Your production also included a folder named "Conditions List" and it contained lists of names of prisoners at a handful of prisons with insulin-dependent diabetes and MRSA, emails giving the number of cardiac and hypertensive prisoners at Tucson as of January [ADC320590-91], an email regarding the number of HIV positive prisoners with the names omitted at Perryville as of December 2013 [ADC320964-65], and statewide lists of prisoners who are diabetic or were treated for MRSA.

Given Defendants' failure to produce the sample of records, we reviewed the diabetes and MRSA lists that we received for March 2014 [ADC320592-815 and ADC320921-22] and used the methodology previously agreed upon, to create a list of names of prisoners whose files we request you produce immediately.  *See* Attachment 1.

However, we cannot create a list of names for any of the other agreed-upon reports and conditions that were detailed at Appendix C of the May 21 letter.  Specifically, we have no lists of names (or, obviously, files) for prisoners who were counted in the following reports:
    Inmate Intake Report
    Infectious Disease Report – HIV
    Infectious Disease Report – AIDS
    Infectious Disease Report – Hepatitis C
    Monitored Conditions Report – Diabetes (February 2014)
    Monitored Conditions Report – Cancer
    Monitored Conditions Report – Hypertension
    Monitored Conditions Report – Seizure Disorder
    Monitored Conditions Report – Heart Disease

---

[1] Of the three whose files were not in the "Random Sample" folder, we found one prisoner's complete file elsewhere in the production (Shawn Lynch #206125), and documents dated Aug. 19, 2013 through April 1, 2014 for another prisoner (Jesse Wozniak # 129673).

   Monitored Conditions Report – Respiratory Disorder
   Monitored Conditions Report – Pregnancy
   Monitored Conditions Report – Dialysis
   Outside Consult Report
   Medical Transports (Outpatient)
   Special Accommodations Report – Blind
   Special Accommodations Report – Deaf
   Special Accommodations Report – Wheelchairs
   Special Accommodations Report – Canes/Walkers

### *Supplemental Production of Files Reviewed by Experts*

   The Court ordered Defendants to produce "[a]ll new documents in the healthcare and institutional files previously relied upon by Plaintiffs' experts, from the date of prior production or review through April 1, 2014 for the prisoners listed in Doc. 907, Exhibit 5, Attachment A."  Doc. 923 at 3.

   Defendants' supplemental production was woefully incomplete.  We reviewed your production against the list of names in Attachment A to the May 12 letter, and found that Defendants did not produce a significant number of files.  See Attachment 2 for a list summarizing which prisoners' files remain to be produced.  The breakdown by expert, excluding named plaintiffs from the count, is:

   Cohen – 18 health care files provided out of 38 requested
   Haney – 47 institutional or health care files provided out of 55 requested
   Stewart – 54 health care files provided out of 64 requested
   Vail – 34 institutional or health care files provided out of 116 requested
   Wilcox – 63 health care files provided out of 74 requested
   Williams – 9 health care files provided out of 13 requested

   With many of the supplemental files produced to us, Defendants failed to include the affidavits from the Custodian of Records swearing that the file included all documents through April 1, 2014.  We also request the Custodian of Records affidavits.

### *Death Records of Prisoners Who Died Sept. 27, 2013 to April 1, 2014*

   You also agreed to begin the process of producing death records (as previously defined) for the 22 prisoners for whom investigations were complete, and to produce death records for all prisoners who died on *a rolling basis* as the investigations are completed, and to complete the production of all death records no later than July 18.  *See* May 9, 2014 letter from David Fathi to Daniel Struck at 3, filed with the Court as Doc. 907, Ex. 4.

To date, we have not received the death records for any prisoners. Several of the prisoners whose files were reviewed by our experts subsequently died, and Defendants provided the medical file for two of them (Trisky, 165447; Cosen, 280937), but no mortality review or internal investigation report.

### Health Care and Institutional Files for Seriously Mentally Ill Prisoners and Prisoners Housed in Isolation Units

Judge Wake ordered Defendants to produce "[t]en health care files for SMI prisoners at the Phoenix, Perryville, Lewis, Yuma, Eyman, Florence, and Tucson complexes" and to produce 20 "health care and institutional files for prisoners at each of the isolation units: Eyman-Browning, Eyman-SMU I, Florence-Central (including Kasson), and Perryville-Lumley SMA." Doc. 923 at 4. This means a total of 70 health care files of SMI prisoners, and 80 health care and 80 institutional files of prisoners housed in isolation.

With regard to the 70 health care files of seriously mentally ill prisoners, Defendants produced a folder ("SMI") that contained 67 health care files. With regard to the 80 health care and institutional files of prisoners housed in isolation units, Defendants produced a folder ("Max Custody") that contained 79 medical records and 70 institutional records.

### Dental Lists and Records

You agreed to produce routine care and appointment lists as requested by plaintiffs, and that you would subsequently produce 80 dental records that Dr. Shulman chose from those lists. The dental routine care and appointment lists produced are the same files emailed to counsel on June 3. We responded at that time that the lists lacked the requested fields, and accordingly could not be used by Dr. Shulman to choose dental files to review. As explained in both our original correspondence detailing the requests and our response on June 3, the lists must include the date of request, date seen (if applicable), and type of treatment requested. To reduce the burden on both sides, the lists should be produced as Excel files

### Documents Regarding Outbreaks of Infectious Diseases at the Three Infirmaries

Judge Wake ordered Defendants to produce "[c]opies of correspondence, memos, or investigations into . . . any outbreaks of infectious diseases at the infirmaries at Perryville, Tucson, and Florence prisons, using the limits proposed by Plaintiffs at Document 919 p. 6 (Top Row of Table)." Doc. 923 at 4-5. We have not yet reviewed all of the emails produced by Defendants, because they were produced as TIF files instead of PDFs, but the Court's order includes more than email.

Defendants produced a folder titled "ID Investigations" that contained formal correspondence, corrective action plans, etc. for the January 2014 Lewis insulin contamination incident. However, there are no documents, memos, copies of investigations, etc. regarding the outbreak of infectious diseases at the three infirmaries. We ask that you either confirm that

Mr. Daniel Struck
*Parsons v. Ryan*
June 20, 2014
Page 5

there are no such documents, memos, reports, letters, etc., or produce the responsive documents.

### Corizon Offsets

In a June 11, 2014 email, you stated that "[w]e agree that you are entitled to the pre April 1 letters regarding contract deficiencies" in response to an email dated June 6 that I sent you stating that we had recently learned that ADC had imposed off-sets and fines against Corizon for failing to comply with the terms of the contract. While Defendants produced documents regarding the off-sets for deficiencies in the MGAR reports for the last quarter of 2013 and first quarter of 2014, Defendants did not produce any documents regarding the off-sets and penalties ADC imposed for the last quarter of 2013 and first quarter of 2014 for Corizon's failure to fully staff key medical positions.

### Defendants' Privilege Log

We have reviewed your privilege log and for almost all of the withheld documents, Defendants claim attorney-client privilege or work product privilege when there is no indication that an attorney sent or received the email or was copied on the email. Even if an attorney was copied that would not be dispositive.

We hope that the parties can have a productive meet and confer on Tuesday.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick

cc:     Counsel of Record

Attachment 1:  Requested Files from Statewide MRSA and Diabetes Lists Using Parties'
Agreed-Upon Methodology [Doc. 907, Ex. 5 at 2]

| Report | Number of Prisoners in Report | Sample Size | Interval of Name to Be Selected | Prisoners' Names |
|---|---|---|---|---|
| March 2014 MRSA Report [ADC 320921-320922] | 12 male<br><br><br><br>2 female[1] | 2 male<br><br><br><br>1 female | Every 5th male<br><br><br><br>The 2nd female | Males:<br>Sabo, Michael #28903<br>Shadd, Steven #66598<br><br>Females<br>Spruiell, Karleen # 233752 |
| March 5, 2014 Chronic Care Clinic Report – Diabetic Clinic [ADC320592-320815] | 1,278 male<br>  Ey:  341<br>  Tuc: 306<br>  Flo: 192<br>  Lewis: 174<br>  Yuma: 154<br>  Phx: 42<br>  Doug: 26<br>  Saff: 22<br>  Win: 21<br><br>158 female[2] | 7 male<br><br><br><br><br><br><br><br><br><br>4 female | Every 182nd male<br><br><br><br><br><br><br><br><br><br>Every 38th female | Males:<br>May, Theodore # 228791<br>Ramsower, Adam # 262634<br>Gonzalez, Clarence # 257183<br>DeLaTorre, Genaro # 167656<br>Batts, Elmer # 63418<br>Charron, Dennis # 51994<br>Franklin, Cleophus # 59804<br><br>Females:<br>Champlin, Dottie # 250280<br>Hallaway, Martha # 148865<br>Thompson, Carol # 214637<br>Troy, Delma # 226501 |

Prisoners Identified in Doc. 907 Ex. 5 at Appx. C whose files were not produced:
- Joseph Downey # 98715
- Jesse Wozniak #129673 (need documents dated April 1, 2013 to Aug. 19, 2013)

---

[1]  The March 2014 Monthly Infectious Disease Report [ADC 267201-30] previously produced listed 4 males and 2 females with MRSA.  [See Doc. 907 Ex. 5 at Appx. C] These higher numbers are from the document that listed them by name.

[2]  The March 2014 Monthly Monitored Conditions Report [ADC 267201-267271] previously produced listed 458 males and 44 females who had diabetes.  These higher numbers are from the document that lists them by name.

Attachment 2:  Prisoners Identified by Name in Plaintiffs' Experts Reports or Notes
Whose Files Have Not Been Produced

**Dr. Cohen (Health Files)**
1.     Ammirato, W., 094836
2.     Balderas, M., 229508
3.     Bertanelli, J., 047835
4.     Billings, H., 218617
5.     Clark, R., 059997
6.     Curry, T., 040574
7.     Davis, C., 157225
8.     Duarte, R., 047604
9.     Ferrero, P. 252112
10.    Fowles, K., 166074
11.    Guy, J., 201358
12.    Hunt, J., 135376
13.    Lago, C., 043498
14.    Lopez, G., 079354
15.    McGill, R., 052841
16.    Neenan, T., 173951
17.    Ortega, G., 125033
18.    Pamias, E., 171277
19.    Roseland, B., 124449
20.    Windom, A., 126561
21.    Woofter, J., 067676
22.    Worley, G., 257008

**Dr. Wilcox (Health Files)**
1.     Davison, 081813
2.     Feraci, 283825
3.     Guillan, 076248
4.     Hernandez, 238928
5.     Jacobs, 093371
6.     Jones, 060669
7.     Kootswatea, 150745
8.     Lopez, 265299
9.     Salas, 138050

**Dr. Williams (Health Files)**
1.     Avanzi, 104515
2.     Eddy, 53476
3.     Chavez-Espinoza, 42966
4.     Leyba-Hill, 120631

**Dr. Stewart (Health Files)**
1.      Andrade, 195824
2.      Avery, 269351
3.      Ben, 186585
4.      Caneloz, 228215
5.      Elizalde-Cota, 280890
6.      Hall, 163821
7.      Kimmerling, 154443
8.      Lamas, 218510
9.      McKay, 198724
10.     Taulbee, 273151

**Dr. Haney (MRFs and Health Files)**
1.      Aloia, 070529 (need MRF only)
2.      Alvardo, 050444 (need MRF only)
3.      Antonides, 153201 (need MRF only)
4.      Arce, 151480 (need MRF only, also on Mr. Vail's list)
5.      Baker, 187801
6.      Bean, 159352
7.      Blackshear, 208994
8.      Cain, 172377 (need MRF only)
9.      Casas, 156294 (need MRF only)
10.     Chavez, 228178 (need MRF only)
11.     Collins, 040513
12.     Dahling, 237851
13.     Dumond, 180847 (need MRF only)
14.     Ehmke, 132189 (need MRF only)
15.     Galo, 150621 (need MRF only)
16.     Garibo, 218563
17.     Garza, 248056
18.     Hand, 266711
19.     Harmon, 251293 (need MRF only)
20.     Harris, 198341 (need MRF only)
21.     Hernandez, 211872 (need MRF only)
22.     Holbrook, 259300
23.     Jaramillo, 039278 (need MRF only)
24.     Jimenez, 239038 (need MRF only)
25.     Johnson, 099855 (need MRF only)
26.     Johnson, 220930 (need MRF only)
27.     Johnson, 225801 (need MRF only)
28.     Jones, 242070 (need MRF only)
29.     Kane, 060051 (need MRF only)

2

30.   MacIsaac, 252577 (need MRF only)
31.   Manygoats, 193693
32.   Martinez, 121022 (need MRF only)
33.   Martinez, 200893 (need MRF only)
34.   Matinez, 076688
35.   Mauricio, 128194 (need MRF only)
36.   Nelson, 157808 (need MRF only)
37.   Ochoa, 257721 (need MRF only)
38.   Papanek, 180906 (need MRF only)
39.   Pavloff, 264480 (need MRF only)
40.   Perez, 194526 (need MRF only)
41.   Pruitt, 175985 (need MRF only)
42.   Ramirez, 264284
43.   Rivera,  239996  (need MRF only)
44.   Rodriguez, 140309 (need MRF only)
45.   Rossum, 121496 (need MRF only)
46.   Ruiz, 213456 (need MRF only)
47.   Sanchez, 129230 (need MRF only)
48.   Sepulveda, 222800 (need MRF only)
49.   Solorzano, 281250 (need MRF only)
50.   Sullivan, 182295 (need MRF only)
51.   Tenny, 263981 (need MRF only)
52.   Ternoir, 212090
53.   Valle, 126113 (need MRF only)
54.   Varela, 274845
55.   Vargas, 138514 (need MRF only)
56.   Wheeler, 228570 (need MRF only)
57.   Williams, 190756 (need MRF only)
58.   Wozniak, 129673 (need MRF only)
59.   Wright, 207261 (need MRF only)

**Eldon Vail (MRFs and Health Files)**
1.   Adamson, 190119
2.   Alvarez, 182500 (need HC file only)
3.   Anderson, 262770
4.   Anderson, 265961
5.   Arce, 151480 (need MRF only)
6.   Archibeque, 92371 (need HC file only)
7.   Armenta, 201009 (need MRF only)
8.   Avila, 217766 (need HC file only)
9.   Beasley, 111724 (need HC file only)
10.   Begay, 273183 (need HC file only)
11.   Booth, 248310

12. Cameloz-Caicedo, 228215
13. Carr, 120406 (need HC file only)
14. Casales, 135638 (need HC file only)
15. Connolly, 16785
16. Conro, 246918 (need HC file only)
17. Copas, 185706
18. Cushman, 247824 (need HC file only)
19. Damous, 247669
20. Davis, 165060 (need HC file only)
21. DeRouche, 147875 (need HC file only)
22. Diaz, 270867
23. Duran, 209206
24. Eddy, 53476
25. Enas, 172097
26. Evans, 213432
27. Fimbres, 172483
28. Gann, 182504
29. Garcia, 196249
30. Gil, 223040
31. Glasscock, 235550
32. Gonzalez, 76949
33. Guevara, 202103(need HC file only)
34. Hand, 266711
35. Harris, 123545
36. Hart, 176018
37. Haves, 162876
38. Hayes, 174960
39. Hernandez, 116412
40. Herrera, 141081
41. Hill, 230403 (need HC file only)
42. Horton, 135540
43. Jackson, 275352 (need HC file only)
44. Jacobs, 93371
45. Johnson, 225801 (need MRF only)
46. Jordon, 233937 (need HC file only)
47. Kane, 60051 (need MRF only)
48. Lidy, 136911
49. Logan, 177604
50. Long, 156721
51. Lyons, 99265
52. Manual, 78985
53. Manzanedo, 79369
54. Martinez, 200893  (need MRF only)

55.   Martinez, 240034 (need HC file only)
56.   Masbrugch, 165945 (need HC file only)
57.   Masters, 134860 (need HC file only)
58.   McDaniel, 115043
59.   McGee, 220171 (need MRF only)
60.   McJunkin, 109331
61.   Melancon, 262571
62.   Mendoza, 228350
63.   Mitchell, 266314 (need HC file only)
64.   Morales, 234567 (need HC file only)
65.   Morales, 251297
66.   Muzakkir, 82561
67.   Naraino, 209077
68.   Neville, 61616
69.   Nicolia, 254795
70.   Ortega, 240365
71.   Osario, 108309
72.   Pacheco, 215017
73.   Paddock, 196476
74.   Pailate, 235510
75.   Qadir, 89104
76.   Racer, 108121 (need MRF only)
77.   Ratliff, 210575
78.   Renteria, 236532
79.   Robins, 248114
80.   Rubio, 213703
81.   Salazar, 211033
82.   Saucedo, 170180 (need MRF only)
83.   Scott, 146395 (need HC file only)
84.   Self, 231185 (need MRF only)
85.   Stamper, 174892(need HC file only)
86.   Stephenson, 201751
87.   Sweeney, 257549
88.   Thomas, 161030
89.   Trevino, 233700
90.   Valenzuela, 230945
91.   Varela, 274845
92.   Vasquez, 274006
93.   Wakeman, 271682 (need MRF only)
94.   Walliser, 181344
95.   Ward, 207397
96.   Wheeler, 228570 (need MRF only)
97.   Whitewalker, 257315

98.    Williams, 267365
99.    Yak, 181109
100.   Yozzic, 233209
101.   Zambrano, 226439

Exhibit 5



**VIA EMAIL ONLY**

PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

May 12, 2014

Mr. Daniel Struck
Struck Wieneke & Love
3100 W. Ray Rd.
Chandler, AZ 85226

      RE:    Parsons v. Ryan

Dear Mr. Struck,

      I write to supplement Mr. Fathi's May 9 letter summarizing our May 8 meet and confer where the parties reached an agreement, declared an impasse, or stated that they needed to do more research. During the call, we agreed to provide you with additional details regarding our requests for prisoner health care and institutional records. We would be happy to discuss any of these issues by phone on Tuesday or Wednesday morning.

**I.     Supplementing Health Care and Institutional Files**

      Plaintiffs requested that Defendants supplement all of the health care and institutional files that were previously made available to our experts for review. While the parties declared an impasse on the call, as an alternative, we request Defendants (1) supplement the files of prisoners discussed by name in the experts' reports, or in the notes of isolation experts Haney and Vail (Attachment A) and (2) the most recent year of health records available (ending April 1, 2014) for any prisoners not mentioned in the expert reports whose medical needs we have specifically brought to your attention in the course of the litigation (Attachment B). This proposal will narrow the number of files by more than 200 people.

      The parties declared an impasse with regard to the production of the health care files of the three prisoners granted medical parole on the grounds of "imminent danger" during the six month period, as well as the death records for prisoners who were transferred to Tucson prison from a private prison shortly before their deaths. However, if you have changed your previous position refusing to provide these files, please advise us immediately so we do not include them in our motion to the court.

**II.    Proposal on How to Obtain Samples of Health Care / Institutional Files**

      Below is the proposal you requested for sampling the health care and institutional files of the prisoners who are counted in your various reports. Unless described differently for an individual report, this methodology will be applicable to all reports for which we requested underlying health care and/or institutional files.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

1)  Samples will be drawn from prisoners counted in the March 2014 reports, except where otherwise indicated.

2)  Samples will be drawn statewide for the 9 male prisons; female (Perryville) samples will be done separately.

3)  In terms of sample size, we have calculated the numbers using these percentages.  When the sample number is a fraction, we round it up to the next whole number.
    a)  10 % if the total number of people on list is less than 25
    b)  5 % if total number of people on list is between 25 and 100
    c)  2 % if total number of people on list is between 100 and 250
    d)  1 % if total number of people on list is between 250 and 750
    e)  0.5 % if total number of people on list is between 750 and 1,500
    f)  0.25% if total number of people on list is between 1,500 and 3,000
    g)  0.2% if total number of people on list is between 3,000 and 5,000
    h)  0.1% if total number of people is above 5,000

4)  The method for selecting the sample will be as follows.  We request that for the 9 male prisons and for Perryville, we be provided lists of all prisoners who were counted for the March report. The lists will be sorted alphabetically by last name.  Plaintiffs will then either (a) select every Nth prisoner, where N = (Total on list) divided by (sample size), OR (b) will number the alphabetical list and use a random number generator.

If you have any questions about this proposed methodology, we would be happy to discuss it further.  We are requesting a total of 400 additional files.  They break down to 100 dental files for our dental expert's review; 155 health care files for our medical experts' review; 70 health care files for our mental health expert's review, and 80 health care and institutional files for our isolation experts' review. T
The number of sample files needed to test the underlying data in your reports is set forth in Appendix C.  Additional notations are included below, where additional explanation or an exception to the above methodology is required.

## 1.c, d   Dental Wait Time/Dental Utilization Reports

As described in Mr. Fathi's May 6 letter at page 3, we request the routine care list for each facility on the date the March 2014 report was run.  We also request the appointment lists from December 1, 2013 to March 31, 2014 for Perryville, Lewis, Eyman, Yuma, and Safford.  Once we have those lists, we will select approximately 20 dental files (dental chart, dental HNRs, and dental refusals) for review from each facility.

## 1.g     Monthly Monitored Condition Report

The March 2014 report (ADC 267248) shows a total of 502 prisoners with diabetes, whereas the February 2014 report (ADC 263273) shows a total of 827 prisoners with diabetes.  Given this

Mr. Dan Struck
RE: *Parsons v. Ryan*
May 12, 2014
Page 3

unexplained and dramatic drop of more than 300 prisoners, we are requesting files from both the March and February lists for diabetes.

## 1.k    Monthly Medical Transports Complex Report (Emergency)

This report included a spreadsheet with the names of all prisoners who were transported off-site for emergencies in March.  We split the spreadsheet to make two alphabetical lists, males and females, and using the methodology of selecting every Nth file, request the specific individuals' medical files.

## 1.m    Monthly Hospital Admission Report

This report included a spreadsheet with the names of all prisoners who were admitted to hospitals in March.  We split the spreadsheet to make two alphabetical lists, males and females, and using the methodology of selecting every Nth file, request the specific individuals' medical files.

## 7.    Mental Health Services Technical Manual Modifications

We request 10 health care files per institution, to be selected using a random number generator from alphabetical lists of all prisoners classified as seriously mentally ill ("SMI") Perryville, Lewis, Yuma, Tucson, Florence, Eyman, and Phoenix.

## 9.    Directors' Instruction 326

We request the health care and institutional files, to be selected using a random number generator from alphabetical lists, from prisoners in each of the four isolation units (Eyman-SMU 1, Eyman-Browning, Florence-Central (including Kasson), and Perryville-Lumley SMA).

Finally, there were six categories of reports listed at page 5 of our May 9 letter where we asked for the production of the reports if not previously produced.  We located all of them except for # 16, "State Prison Capabilities for Medical, Mental Health and Dental Treatment Services Report."  We have only been provided reports for June 2012, October 2013, and January 2014, and reiterate our request that we be provided these reports for all months through March 2014, or receive confirmation that the three reports are the universe of all reports.

Thank you for your attention to this matter.  We look forward to receiving the information you promised to exchange with us today.

Sincerely yours

*/s/ Corene Kendrick*

Corene Kendrick

cc:    Counsel of Record

**Attachment A:  Prisoners Identified by Name in Plaintiffs' Experts' Reports or Notes**

**Dr. Cohen**
1. Ammirato, W., 094836
2. Balderas, M., 229508
3. Becker, H., 082114
4. Bedoy, A., 154032
5. Bertanelli, J., 047835
6. Billings, H., 218617
7. Castano, J., 173693
8. Clark, R., 059997
9. Consentino, G., 167080
10. Curry, T., 040574
11. Davis, C., 157225
12. DeLuca, E., 153954
    Duarte, R., 047604
13. Ferrero, P., 252112
14. Fimbrez, R., 064722
15. Fowles, K., 166074
16. Gray, J., 154064
17. Guy, J., 201358
18. Hefner, J., 203653
19. Hunt, J., 135376
20. Lago, C., 043498
21. Lopez, G., 079354
22. Lopez, P., 079774
23. McGill, R., 052841
24. Morgan, F., 066223
25. Murdaugh, M., 162753
26. Murray, R., 094261
27. Neenan, T., 173951
28. Ortega, G., 125033
29. Pamias, E., 171277
30. Polson, J., 187716
31. Rawson, A., 222411
32. Reed, P., 105218
33. Rooks, M., 214472
34. Roseland, B., 124449
35. Stein, H., 246181
36. Swartz, S., 102486
37. Trisky, W., 165447
38. Vocke, D., 211077
39. Windom, A., 126561
40. Woofter, J., 067676
41. Worley, G., 257008

**Dr. Wilcox**

1. Adrian, R., 154717
2. Alkhafaji, B., 278418
3. Almanza, A., 235415
4. Andrews, J. 236364
5. Armendariz, C., 241762
6. Bable, M., 064965
7. Barron, M., 270030
8. Brodowksi, D., 027566
9. Brooks, V., 255790
10. Bryant, A., 197725
11. Caddy, S., 056788
12. Campos, E., 256934
13. Chiago, M., 265915
14. Chisholm, M., 200825
15. Cipriano, 189685
16. Clarine, R., 276836
17. Conley, J., 217749
18. Cook, M., 071546
19. Cox, R., 260010
20. Curtis, C., 272166
21. Davis, S., 163615
22. Davison, R., 081813
23. Devine, R., 138222
24. Doherty, M., 048975
25. Eaton, R., 249139
26. Edwards, O., 207300
27. Feraci, V., 283825
28. Flores, J., 279039
29. Gargano, P., 243812
30. Gosney, A., 202988
31. Gray, J., 154064
32. Guillan, P., 076248
33. Hall, R., 280750
34. Harris, G., 094133
35. Harwood, N., 274595
36. Hernandez, A., 238928
37. Homer, K., 180025
38. Hull, H., 281701
39. Jiminez, B., 253455
40. Larsen, P., 261348
41. Lesley, D., 251101
42. Leslie, D., 251101
43. Licci, D., 150051
44. Lobo, M., 269511

45. Loeffler, 174736
46. Lopez, P., 265299
47. Lynn, C., 131399
48. Jacobs, R., 093371
49. Jaime, T., 268085
50. Jeffrey, ?
51. Jensen, S., 032465
52. Jones, L., 060669
53. Kootswatea, T., 150745
54. Menendez, J., 111590
55. Montano, M., 147126
56. Nissley, P., 027702
57. Penrod, S., 239370
58. Porter, D., 255037
59. Rodriguez, D., 280744
60. Rios, J., 058372
61. Rosales, F., 233810
62. Salas, A., 138050
63. Scavo, J., 231091
64. Simpson, K., 100476
65. Spencer, C., 082989
66. Starr, W., 162514
67. Stewart, R., 208756
68. Taveraz, W., 280875
69. Turney, R., 253929
70. Velasquez, M., 173685
71. Ventura, M., 219103
72. Vogt, T., 029337
73. Wallace, K., 231478
74. Walema, 273256
75. Weber, C., 105458
76. Wells, C., 247188
77. Wilkins, K., 157190
78. Zeena, M., 169978

1. **ELDON VAIL**
   A. **Perryville**
      a. Virginia Anderson, 265961
      b. Chrystal Cunningham, 224217
      c. Chaine Masbrugch, 165945
      d. Shacoia Mitchell, 266314
      e. Yara Giselle Renteria, 236532
      f. Sonia Rodriguez, 103830
      g. Heather Self, 231185
      h. Christina Verduzco, 205576
      i. Melissa Wakeman, 271682
      j. Jennifer Wheeler, 228570
   B. **Eyman**
      a. Ray Arce 151480
      b. Toddrick Booth, 248310
      c. Eric Cameloz-Caicedo 228215
      d. Ray Carr, 120406
      e. Fernando Casales 135638
      f. Jaypal Connolly, 167895
      g. David Conro, 246918
      h. Paul Copas, 185706
      i. Andrew Cushman, 247824,
      j. Marcus Davis, 165060
      k. Joshua DeRouche, 147875
      l. Adam Duran, 209206
      m. Dennis Eddy, 053476
      n. Michael Enas 172097
      o. William Evans, 213432
      p. Robert Gamez, 131401
      q. Jason Gann, 182504
      r. Marcos Gil, 223040
      s. Augustine Gonzalez, 076949
      t. Jovon Harris, 123545
      u. Eric Haves, 162876
      v. Clayton Hill, 230403
      w. Anthony Horton, 135540
      x. Ronald Jacobs, 093371
      y. Billy Johnson, 225801
      z. Thomas Kane, 006051
      aa. William Lidy 136911
      bb. Patrick Logan, 177604,
      cc. Smitty Long, 156721
      dd. Jahmari Manual, 078985
      ee. Hector Martinez, 240034
      ff. Bennie Masters, 134860
      gg. Robin McJunkin, 109331
      hh. William Neville 061616
      ii. Adam Nicolia, 254795
      jj. Michael Ortega, 240365
      kk. Robert Osario, 108309
      ll. James Pacheco, 215017
      mm. Frank Racer, 108121
      nn. Luis Saucedo, 170180
      oo. DeShawn Scott, 146395
      pp. Jeremy Smith, 129438
      qq. Glen Stamper 174892
      rr. Victor Sweeney 257549
      ss. Jackie Thomas, 211267
      tt. Marcus Thomas, 161030
      uu. Gilberto Trevino, 233700
      vv. Dustin Varela, 274845
      ww. Billy Ward, 207397
      xx. Yak Yak, 181109
      yy. Eric Yozzic, 233209
   C. **Florence**
      a. Alvin Adamson, 190119
      b. Jacob Alila, 217766
      c. Mark Alverez, 182500
      d. Deon Anderson, 262770
      e. Michael Archique, 092371
      f. Fabrian Armenta, 201009
      g. Thaddeus Beasley, 111724
      h. Jeremy Begay, 273183
      i. Christopher Cartier, 278352
      j. Darrell Damous, 247669
      k. Eugene Diaz, 270867
      l. Cesar Fimbres 172483
      m. Ramon Garcia, 196249
      n. Jacob Glasscock, 235550

o. Ricky Guevara, 202103
p. Anthony Hand, 266711
q. Chance Hart, 176018
r. Gabriel Hayes, 174960
s. Ruben Hernandez, 116412
t. Alfredo Herrera, 141081
u. Marcellus Jackson, 275352
v. Kenneth Jordan, 233937
w. Donald Lyons, 099265
x. Mathew Manzanedo, 079369
y. Mark Martinez, 200893
z. Tyson McDaniel, 115043
aa. Jack McGee, 220171
bb. Aaron Melancon, 262571
cc. Ernesto Mendoza, 228350
dd. Angel Morales, 234567
ee. Arturo Morales, 251297
ff. Ruben Morales, 266207

gg. Warees Muzakkir, 082561
hh. Leon Nariano, 209077
ii. Robert Olivas, 260077
jj. Lyle Paddock, 196476
kk. Sam Pailate, 235510
ll. Ahmed Qadir, 089104
mm. Wilford Ratliff, 210575
nn. Andrew Robins, 248114
oo. Sergio Rubio, 213703
pp. Vincent Salazar, 211033
qq. Timothy Stephenson, 201751
rr. Eligio Valenzuela, 230945
ss. Nathanial Vargas, 138514
tt. Christian Vasquez, 274006
uu. Michael Walliser, 181344
vv. Trevanne Whitewalker, 257315
ww. Berry Williams, 267365
xx. Javier Zambrano, 226439

2. **BRIE WILLIAMS**
   A. **Florence**
      a. Cristino Chavez-Espinoza, 42966
      b. Jose Lomeli, 161242
      c. Frank Lucero, 086062
      d. Rodolfo Mendoza, 46605
      e. Hector Norzagaray, 119781
      f. George Overturf, 253160
      g. James Steele, 070021
      h. Reynaldo Torriente, 134060
   B. **Eyman**
      a. Ira Anderson, 62997
      b. Louis Avanzi, 104515
      c. Dennis Eddy, 53476
      d. Jerry Patton, 277153
   C. **Perryville**
      a. Michelle Leyba-Hill, 120631

3. **PABLO STEWART**
   **A. Lewis**
       a. Steven Beaver, 146308
       b. Austin Breshears, 214264
       c. Shawn Chock, 256000
       d. Chris Harris, 222231
       e. James Hill, 085078
       f. Alexander Hoffman, 273887
       g. Michael Kiel, 166428
       h. Jason Lewis, 189264
       i. Gabriel Ramirez, 173799
       j. Adrian Robles, 177363
       k. Stephen Swartz, 102486
   **B. Perryville**
       a. Sandra Banks 276868
       b. Maryanne Chisholm, 200825
       c. Chrystal Cunningham, 224317
       d. Danielle Fisher, 274353
       e. Jennifer Garcia, 179702
       f. Margaret Ihms, 233157
       g. Norma Lowe, 083360
       h. Sonia Rodriguez, 103830
       i. Heather Self, 231185
       j. Danette Taulbee, 273151
       k. Christina Verduzco, 205576
       l. Jennifer Wheeler, 228570
   **C. Yuma**
       a. David Armijo, 232734
       b. James Bennett, 237279
       c. William Bianco, 197299
       d. Victor Calzado-Gutierrez, 254887
       e. Luis Chao, 276142
       f. Daniel Deleon, 189733
       g. Jason Lewis, 189264
       h. Santino Zanghi, 229344
   **D. Eyman**
       a. Bernard Allen, 141779
       b. Jason Avery, 269351
       c. Eric Caneloz, 228215

       d. Javier Celaya, 238704
       e. Cleveland Cook, 207197
       f. Alfred Davis, 183961
       g. Robert Flemming, 90689
       h. Robert Gamez, 131401
       i. Jaime Hall, 163821
       j. Kristopher Kimmerling, 154443
       k. Kendall Pearson, 246092
       l. Joshua Polson, 187716
       m. Luis Salazar, 239752
       n. Luis Saucedo, 170180
       o. Jeremy Smith, 129438
       p. Jackie Thomas, 211267
       q. Jesse Wozniak, 129673
   **E. Phoenix**
       a. Dustin Brislan, 164993
       b. Scott Foster, 210674
       c. Richard Green, 116948
       d. Lisa Long, 264410
       e. David McKay, 198724
       f. Mike Tacho, 034680
       g. Felix Tapia-Riuz, 274905
       h. Terry Wolkow, 142707
   **F. Florence**
       a. Sergio Andrade, 195824
       b. Timothy Ben, 186585
       c. Gillermo Bustamante, 127681
       d. Brian Chavez-Cardenas, 200384
       e. Christopher Castillo, 245700
       f. Andrew Fancy, 262420
       g. George Lamas, 218510
       h. Miguel Lopez, 246307
       i. David Metcalf, 126539
       j. Jose Quintanilla, 229303
       k. Fermin Vidal, 147564
       l. Henry Youman, 224054
       m.
   **G. Tucson**
       a. Daniel Allen, 276661
       b. Jose Amaya-Ruiz, 057279
       c. Joaquine Elizalde-Cota, 280890

     d.  Erick Franco, 247770

     e.  Christian Meza, 272940

## H.  DEATH RECORDS

     a.  Timothy Ben, 186585

     b.  Christina Black, 145562

     c.  Forrest Day, 258301

     d.  Javier Gonzalez, 217498

     e.  Dale Hausner, 240702

     f.  Paul Henderson, 247636

     g.  Patrick Hoppes, 242119

     h.  Nelson Johnson, 143345

     i.  Raymundo Morin, 130151

     j.  Otto Munster, 266474

     k.  Anthony Olea, 153946

     l.  Miguel Sanchez, 270127

     m.  Milo Stanley, 064794

     n.  Joaquin Tamayo, 106163

     o.  Michael Tovar, 241095

**4. CRAIG HANEY**
  **A. Perryville**
  a. Georgia Baker, 187801
  b. Latonya Cain, 172377
  c. Patricia Chavez, 228178
  d. Sheila Manygoats, 193693
  e. Christina Perez, 194526
  f. Deanna B. Ramirez, 264284
  g. Sonia Rodriguez, 103830
  h. Tameka Ternoir, 212090
  i. Christina Verduzco, 205576
  j. Jennifer Wheeler, 228570
  k. Tory L. Williams, 190756
  **B. Florence**
  a. Robert Aloia, 070529
  b. Brandon Antonides, 153201
  c. Leonard Bean, 159352
  d. Chase Blackshear, 208994
  e. Jesse Casas, 156294
  f. Nathan Dahling, 237851
  g. Robert Dumond, 180847
  h. Wolfgan Ehmke, 132189
  i. Frank Galo, 150621
  j. John Garibo, 218563
  k. Enrique Garza, 248056
  l. Anthony Hand, 266711
  m. Robert Harmon, 251293
  n. Scott Holbrook, 259300
  o. Noe Jimenez, 239038
  p. Charles Johnson, 099855
  q. Willie Johnson, 220930
  r. Jason Jones, 242070
  s. Zachary MacIsaac, 252577
  t. Mark Martinez, 200893
  u. Ramon Matinez, 076688
  v. Jesse Mauricio, 128194
  w. Eric Nelson, 157808
  x. Henry Ochoa, 257721
  y. Jesse Papanek, 180906
  z. Christopher Pavloff, 264480
  aa. Tony Pruitt, 175985
  bb. Frank Rodriguez, 140309
  cc. Tristan Rossum, 121496
  dd. David Ruiz, 213456
  ee. Andrew Solorzano, 281250
  ff. Jody Sullivan, 182295
  gg. Nathaniel Vargas, 138514
  hh. Samuel Wright, 207261
  **C. Eyman**
  a. Carlos Alvardo, 050444
  b. Ray Arce, 151480
  c. Rocky Collins, 040513 (released)
  d. Robert Gamez, 131401
  e. Shane Harris, 198341
  f. Michael Hernandez, 211872
  g. Robert Jaramillo, 039278
  h. Billy Johnson, 225801
  i. Thomas Kane, 060051
  j. Eduardo Martinez, 121022
  k. Miguel Rivera, 239996
  l. Alexander Sanchez, 129230
  m. Anthony Sepulveda, 222800
  n. Jeremy Smith, 129438
  o. Ryan Tenny, 263981
  p. Jackie Thomas, 211267
  q. Isaac Valle, 126113
  r. Dustin Varela, 274845
  s. Jesse Wozniak, 129673

**Appendix B:  Prisoners in Need of Immediate Health Care and Date of Letter to Counsel**

1.      Armendariz, Christopher, 241762, 4/2/2014

2.      Bivens, Gary, 43630, 8/21/2013

3.      Fink, Gregory, 70963, 11/1/2013

4.      Grenier, John, 169418, 11/25/2013 and 4/4/2014

5.      Guillen, Karl, 77614, 6/21/2013

6.      Gussert, Douglas, 258019, 11/15/2013

7.      Harrod, James, 136270, 12/13/2013

8.      Hawthorne, Ralph, 143402, 9/13/2013

9.      Huynh, Minh, 262141, 5/8/2014

10.     Johnston, Kenneth, 51506, 11/8/2013

11.     Kanabar, Nishma, 279557, 1/22/2014

12.     Lesley, Douglas, 251101, 4/2/2014

13.     Mandeville, Brein, 244685, 9/13/2013 and 11/8/2013

14.     Martinez, Maurice, 77359, 8/1/2013 and 12/6/2013

15.     Nordstrom, Scott, 86114, 3/21/2014

16.     Pavelin, Carole, 38599, 1/10/2014

17.     Sanders, Carla, 236236, 11/1/2013

18.     Spencer, Benjamin, 138799, 1/10/2014 and 2/20/2014

19.     Vijan, Masum, 184869, 8/16/2013

APPENDIX C

| Name of Report | Number of Prisoners in Report | Sample Size | Interval of Name to be selected | Total Number of Files |
|---|---|---|---|---|
| Monthly Inmate Intake Report (ADC 267339) | 3,883 (male) 235 (female) | 8 (male) 5 (female) | Every 485th (male) Every 47th (female) | 13 |
| Monthly Infectious Disease Report (ADC 267201-267230) | HIV 190 (male) 19 (female) | 4 (male) 2 (female) | Every 47th (male) Every 9th (female) | HIV 6 |
| | AIDS 17 (male) 1 (female) | 2 (male) 1 (female) | Every 8th (male) The one file (female) | AIDS 3 |
| | Hepatitis C 5,539 (male) 542 (female) | 6 (male) 5 (female) | Every 923rd (male) Every 108th (female) | Hepatitis C 11 |
| | MRSA 4 (male) 2 (female) | 1( male) 1 (female) | The 4th (male) The 2nd (female) | MRSA 2 |
| Monthly Monitored Conditions Report (ADC 267201-267271) | Diabetes March 14 458 (male) 44 (female) | 5 (male) 3 (female) | Every 91st (male) Every 14th (female) | Diabetes 15 |
| | February 14 764 (male) 63 (female) | 4 (male) 3 (female) | Every 191st (male) Every 21st (female) | |
| | Cancer 296 (male) 23 (female) | 3 (male) 3 (female) | Every 98th (male) Every 7th (female) | Cancer 6 |
| | Hypertension 3,963 (male) 499 (female) | 8 (male) 5 (female) | Every 495th (male) Every 99th (female) | Hypertension 13 |
| | Seizure Disorder 972 (male) 93 (female) | 5 (male) 5 (female) | Every 194th (male) Every 18th (female) | Seizure Disorder 10 |

| Name of Report | Number of Prisoners in Report | Sample Size | Interval of Name to be selected | Total Number of Files |
|---|---|---|---|---|
| | Heart Disease 864 (male) 59 (female) | 5 (male) 3 (female) | Every 172nd (male) Every 19th (female) | Heart Disease 8 |
| | Respiratory Disorder 2,930 (male) 321 (female) | 7 (male) 3 (female) | Every 418th (male) Every 107th (female) | Respiratory Disorder 10 |
| | Pregnancy 25 (female) | 3 | Every 8th | Pregnancy 3 |
| | Dialysis 28 (male) 1 (female) | 3 (male) 1 (female) | Every 9th (male) The one file (female) | Dialysis 4 |
| Monthly Outside Consult Report (ADC 267272) | 669 (male) 201(female) | 7 (male) 4 (female) | Every 95th (male) Every 50th (female) | 11 |
| Monthly Medical Transports Complex Report (Emergency) (ADC267341-267349) | 176 (male) 21 (female) | 4 (male) 3 (female) | Every 44th (male)[1] Every 7th (female)[2] | 7 |
| Monthly Medical Transports Statewide Report (Outpatient Transport) (ADC 267351-267352) | 676 (male) 151 (female) | 7 (male) 3 (female) | Every 96th (male) Every 50th (female) | 10 |

[1] This is Joseph Downey (98715); Shawn Lynch (206125); Simon Ruiz (262972); and Jesse Wozniak (129673).

[2] This is Amanda Goseyun (280459), Julie Pavlich (128948); and Amy Wells (284950).

| Name of Report | Number of Prisoners in Report | Sample Size | Interval of Name to be selected | Total Number of Files |
|---|---|---|---|---|
| Monthly Hospital Admission Report (ADC 267289-267295K) | 85 (male)<br>10 (female) | 5 (male)<br>1 (female) | Every 7th (male)[3]<br>The 10th (female)[4] | 6 |
| Special Accommodation Report (ADC 267263-267265) | Blind<br>16 (male)<br>2 (female)<br><br>Deaf<br>18 (male)<br>2 (female)<br><br>Wheelchairs<br>296 (male)<br>37 (female)<br><br>Canes/Walkers<br>300 (male)<br>12 (female) | 2 (male)<br>1 (female)<br><br><br>2 (male)<br>1 (female)<br><br><br>3 (male)<br>2 (female)<br><br><br>3 (male)<br>2 (female) | Every 8th (male)<br>1st file (female)<br><br><br>Every 9th (male)<br>1st file (female)<br><br><br>Every 98th (male)<br>Every 18th (female)<br><br><br>Every 100th (male)<br>Every 6th (female) | Blind 3<br><br><br><br>Deaf 3<br><br><br><br>Wheelchairs 5<br><br><br><br>Canes/Walkers 5 |

---

[3] This is Leon Cosen (280937); Robert Hill (80327); Christopher Naber (285236); Scott Stephens (37436); and Sheldon Zah (229305).

[4] This is Margaret Van Wormer (276920).

Exhibit 4

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



**BY ELECTRONIC MAIL ONLY**

May 9, 2014

Dan Struck
Struck Wieneke & Love
3100 West Ray Road
Chandler, AZ 85226
Email: dstruck@swlfirm.com

         **RE:   Parsons v. Ryan**

Dear Dan:

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH  FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

I write to summarize the discussion on our May 8 call, including where the parties reached agreement, declared an impasse, or stated that they need to do more research on an issue. If this does not comport with your memory, please let me know immediately. To the extent the parties stated they would research a matter and get back to the other side, we agreed the responses will be provided on Monday, May 12.

## I.     Extension of due date for Plaintiffs' discovery motion

We pointed out that Plaintiffs' discovery motion is currently due on May 14, the same day as motions for summary judgment and motions challenging expert testimony. We asked that you stipulate to a two-day extension for the discovery motion until May 16, to allow Plaintiffs to review your summary judgment motion and perhaps narrow our discovery requests accordingly. You agreed to this stipulation; you did not condition your agreement upon Plaintiffs' motion taking any particular form.

Shortly after the conclusion of our call, you emailed me to say that you were withdrawing your stipulation in retaliation for my statement, in response to a question from Defendants' counsel, that Plaintiffs plan to file a motion rather than a "one-pager." This is not the first time you have entered into a stipulation and then abruptly backed out; such tactics are not conducive to productive negotiations. We will present our motion for an extension to the Court and indicate your opposition.

## II.    Expert Tours of Isolation Units and Programming

The parties could not agree whether Plaintiffs' isolation experts will conduct additional tours to observe the programmatic and physical plant changes that Defendants contend have occurred between September 27, 2013 and April 1, 2014. Accordingly, Plaintiffs will bring this to the Court for resolution.

1

## III.    Depositions

We explained that at the time Defendants' experts were deposed, the Court's February 26, 2014 Order (Doc. 815), affirming the September 27, 2013 discovery cut-off date, was in effect. Accordingly, when deposing Defendants' experts, we did not ask questions about post-September 27 information because we were relying upon the Court's order.

You agreed that if Defendants' experts issue additional reports, Plaintiffs will be entitled to four hours of deposition of each expert under the Court's order, and may ask about the experts' reliance on post-September 27 information or developments in addition to any supplemental opinions the expert might offer. However, you did not agree to additional depositions if Defendants' experts do not issue additional reports, stating that you want to review the deposition transcripts and determine if you think questions were already asked about post-September 27 evidence.  <u>You said you would get back to us on this topic.</u>

The parties also discussed having one or two people on each side serve as point persons in arranging and scheduling the additional depositions authorized by the Court. We stated that we did not know if we are going to need all of the authorized depositions at this time, and will have a better idea after reviewing Defendants' motion for summary judgment.

## IV.    Prisoner Health Care and Institutional Records

### A.    Supplementing Health Care and Institutional Files
###          Previously Made Available for Inspection or Production

On May 7, 2014, I sent you a letter with a list of prisoners whose medical and/or institutional files were previously made available to Plaintiffs' experts for review. We request that we be provided a supplemental production of all documents in the file that are dated after the file was produced or inspected. We explained that this supplementation is necessary to test Defendants' contention that health care and conditions of confinement have greatly improved in the six months since the original discovery cut-off date. Our experts previously reviewed those files and concluded that ADC's health care and isolation units have systemic problems that put prisoners at serious risk of substantial harm. They need to review any new documents in these same prisoners' files to determine if the care or conditions have improved or not.

You stated that you have supplemented the production of documents from the named plaintiffs' medical files through April 1 (except for Victor Parsons, whose records you decline to supplement), and you will not otherwise supplement the production of health care and institutional files.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

The parties declared an impasse on the supplementation of these records.

**B.     Death Records and Files of Prisoners Granted Medical Parole ("Imminent Danger" Release)**

Plaintiffs requested that Defendants produce the "death records" (health care file, psych autopsy, mortality review, and any investigations) of all ADC prisoners who died between September 27, 2013 and April 1, 2014. Plaintiffs identified 67 deaths announced on ADC's website during this time.

Lucy stated that Defendants can produce only the 22 records on which the investigation is complete, and will not produce records in cases where investigation is still ongoing, even though the files are in ADC's possession. She asserted that past productions of death records were done this way, although we pointed out that we had never been given this reason for not producing records before. Lucy also stated that "many" of the prisoners who died were in the custody of the private prisons when they died, or were housed at a private prison and then only briefly transferred to Tucson before their death. However, she confirmed that the past production of records for deaths from March 4, 2013 to September 27, 2013 was complete, and that no records had been withheld from production on the basis that investigations were not complete, or because the prisoner was transferred to Tucson shortly before dying.

After further discussion we confirmed that there is 1, perhaps 2, of the 67 prisoners who died while housed at Kingman. Lucy said she thought the universe of prisoners transferred to Tucson shortly before their death was also 1 or 2 cases. I explained that these latter files are nonetheless needed because we need to evaluate the care they were receiving at Tucson prior to their death, and in order to make that assessment we need to know what their medical conditions were leading up to the transfer. We reached an impasse on the production of these prisoners' records.

You stated that putting aside these one or two cases in dispute because of the transfer from a private prison to Tucson, Defendants will agree to produce these death records on a rolling basis, beginning with the 22 for which the investigations are complete. You stated you thought that all records could be produced by July. Caroline requested you ask ADC how many investigations from the October-April time period will likely still be ongoing in July. You stated that you would ask and provide us more detail on timing.

We requested the medical files for three persons who were paroled for medical reasons between September 27, 2013 and April 1, 2014. We established that we were using the phrase "medical parole" to mean the "imminent danger"

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

3

releases granted by the Arizona clemency board. You objected on the grounds that these files had never been requested before, to which we responded that to our knowledge, these are the first prisoners given "imminent danger" release since Corizon took over care. This assertion is based upon a phone conversation that counsel had on Monday with staff at the clemency board who provided us with those individuals' names. In any event, the parties agreed they are at an impasse regarding the medical records of these three individuals.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

### C. Additional Health Care and Institutional Files

We are requesting a sample of health care and/or institutional files of the prisoners listed in your various reports, to test the accuracy of the data and representations in the reports. We are also requesting a sample of health care and/or institutional files of prisoners classified as MH3 or above and/or as Seriously Mentally Ill (SMI), and of prisoners housed in the isolation units. These are in addition to the files previously reviewed by our experts that we need supplemented, because they are being used for different purposes.

You stated that you would provide a random sample of all class members, not the prisoners listed in your reports. We do not agree that such a methodology is appropriate, and stated our position that Plaintiffs' experts, not Defendants, must decide which files Plaintiffs' experts review, subject to Defendants' right to attack their methodology. You also expressed concern that we are requesting too many records. We pointed out that Defendants' experts have attacked Plaintiffs' experts for not reviewing *enough* records to enable them to reach valid conclusions. We cannot be put in the position where Defendants limit our experts' access to records, and at the same time attack our experts for not reviewing enough records. I suggested that Plaintiffs could agree to smaller sample sizes if Defendants will stipulate that those samples are large enough to enable Plaintiffs' experts to reach valid conclusions.

We said that we will review the lists/reports and get back to you with a proposal on sample size.

At the end of the call, Amelia asked about the dental routine care and appointment lists requested on page 3 of my May 6, 2014 letter. You stated that if Dr. Smallwood can generate such a list, it will be provided.

### V. Documents That Do Not Match the Description or Name of Those in Past Productions

Given that some of the reports described in your supplemental brief were referred to by names that we had not seen on reports previously provided, we asked you to confirm that we correctly understood what you were referring to in your brief. To the extent your brief referred to new reports not previously

produced, we request immediate production of all reports through April 1, 2014.

To recap, in my May 6 letter, I identified the following discrepancies:

- **1.f. Monthly Infectious Disease/Clinical Report**: we have previously been produced Monthly Clinical Data Reports, Monthly Hepatitis C Reports, and Quarterly Infectious Disease Reports. We requested "Monthly Infectious Disease Reports" if they are something different and exist.
- **1.g. Monthly Monitored Conditions Report**: we were previously given a Monitored Conditions Report, dated March 12, 2013; a DM Program Report; and Quarterly Monitored Condition Reports. We requested "Monthly Monitored Condition Reports" if they are something different and exist.
- **1.h. Monthly Inmate Suicide Report**: we were previously provided "Inmate Assault, Self-Harm, & Mortality Data" reports. We requested "Monthly Inmate Suicide Reports" if they are something different and exist.
- **1.i. Monthly Outside Consult Report**: we were previously provided "Quarterly Network Providers Directory" and "Quarterly Hospitalization Statistics" reports. We requested "Monthly Outside Consult Reports" if they are something different and exist.
- **1.j. Monthly Special Accommodations Report**: we could not identify any report from a past production that had this name, or contained information similar to your description of this report in your brief. We requested production of all of these reports, or that you direct us to the already-produced reports to which this refers.
- **16. State Prison Capabilities for Medical, Mental Health, and Dental Treatment Services Reports**: we were provided reports with these names for the months of June 2012, October 2013, and January 2014. We requested production of all other monthly reports through April 1, 2014, or confirmation that these three reports listed are all that exist.

You stated that <u>Defendants would compare my letter and listed Bates ranges to your supplemental brief and confirm if these were indeed the same reports.</u>

## VI.    Documents That Support "Evidence" Defendants Plan to Introduce

There were several categories in Defendants' supplemental brief where Defendants did not describe or name the documents that you plan to rely upon; only that Defendants planned to "introduce evidence" on a particular topic. <u>We are requesting that to the extent there are documents that you plan to</u>

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

introduce or use as the basis of arguing the existence of facts, you identify and produce these documents.

To recap, in my May 6 letter, I identified the following areas where no documents were described:

- **8. Medication Administration Modifications**: We requested documents pertaining to the four described changes.
- **9. Director's Instruction 326**: We requested (1) documents sufficient to show that the programmatic changes have been implemented; and (2) any institution/unit-specific post orders, documents, etc. implementing DI 236. With regard to (1), you stated that you will check and see if there are logs or some other documents that show these programmatic changes are occurring; and with regard to (2), given the DI was issued in late March, to the extent any institution-specific post orders, etc. were generated before April 1, you will produce those documents.
- **11. Crisis Intervention/Suicide Prevention**: We requested documents (1) showing self-harm incidents and suicide attempts since the implementation of these policies; and (2) schedules for these new "rovers" showing hours actually worked, and in what units and housing areas. You stated that with regard to (2), you anticipate the evidence would be via testimony, but would check because you thought that Defendants already produced "rover" schedules. Request (1) under this category is similar to a request made regarding your 15th category of documents, see the next bullet point.
- **15. Inmate Assault, Self-Harm, and Mortality Data**. We requested (1) Serious incident reports (SIRs) on use of force in isolation, including videos and reports for any use of force on prisoners on psychotropic medication, and (2) SIRs and supporting documentation and videos for any incidents of self-harm and attempted suicides.

You stated that you would get back to us on providing the SIRs and supporting videos/documents on incidents of self-harm or suicide, but Defendants refuse to produce any SIRs, documents, or videos on use of force on prisoners on psychotropic meds. I explained that we need those to counter your claim in your Supplement to Supplemental Brief that this evidence would be used to show that the use of pepper spray and force on mentally ill prisoners had a penological purpose.

We agreed we were at an impasse on SIRs for use of force on prisoners on psych meds, and you would get back to us regarding SIRs on suicides and self-harm.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

6

## VII.   Documents Requested for Production by July 18, 2014

On page 12 of my letter on categories # 9 (DI 326) and # 11 (Suicide Prevention), we requested lesson plans, schedules, curricula, and documents sufficient to show that these programs or trainings actually occurred.  You stated that it was your understanding that the suicide prevention training has nothing new to produce, that it is the same training used for a few years and for which we already have information.  I pointed out that your supplemental brief describes the "recent implementation of crisis intervention/suicide prevention training to staff."  (Doc. 841 at 14).

<u>You stated you would get back to us as to what types of documents exist that show the changes have occurred, and whether there actually is anything new for suicide prevention training that has not been produced.</u>

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Similarly, with regard to page 11 of my letter, regarding category # 7 (Changes to the Mental Health Services Technical Manual), we requested documents that show the policy changes are actually being implemented, and do not exist only on paper.  <u>You stated that you would see what types of documents are sufficient to show the policy changes have occurred.</u>

Finally, with regard to the request at page 9 of my letter for the production of documents, including emails or memos, regarding the quality, sufficiency, or limitations of the data collected by Corizon and/or ADC for the reports listed at Part 1, subparts a-c, e-i, and k-r of Defendants' supplemental brief, you stated that Defendants will not produce any email or correspondence.  <u>The parties are at an impasse.</u>

Please let me know immediately if this does not comport with your recollection or notes.  We look forward to exchanging information with you on Monday.

Very truly yours,

David C. Fathi

Cc:     All counsel

7

Exhibit 2



**STRUCK WIENEKE & LOVE**     3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | 480.420.1600 | swlfirm.com

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Jamie D. Guzman
Associate

Nicholas D. Acedo
Associate

Tara B. Zoellner
Associate

Amy L. Nguyen
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

Mark A. Bracken
Associate

David C. Lewis
Of Counsel

June 23, 2014

**VIA EMAIL ONLY**

Corene Kendrick, Esq.
Prison Law Office
General Delivery
San Quentin, CA 94964

> Re:   *Parsons, et al. v. Ryan and Pratt*
> U.S. District Court of Arizona; 2:12-cv-00601

Dear Corene:

Below is our preliminary response to the issues raised in your June 20, 2014 letter.

First and foremost, Defendants point out that our agreement regarding prior productions was based upon a reasonable amount of production within a specified time period. As Defendants' pointed out in innumerable prior meet and confers and reiterated in their Response to Plaintiffs' Motion to Compel [Dkt #916], the additional discovery Plaintiffs sought was unduly burdensome. Once the Court granted that Order, Defendants shifted all available resources to comply with the discovery specified in that Order. Defendants simply did not have time and resources to obtain and produce in a short period the number of records specified. Since producing the documents specifically delineated in the Court's May 23, 2014 Order [Doc. 923], Defendants have continued to track down the few remaining records subject to that Order (some of which were produced to you on Friday, June 20, 2013) as well as obtain the other informally agreed upon discovery for which the Court did not set a deadline for production. Likewise, the agreed to "rolling production" of death records was also deprioritized and delayed. We expect to advise you on the anticipated deadline for the completion of that production shortly.

Second, we dispute the characterization at page 2 of your letter that Appendix C to your May 12, 2014 letter specifies that 231 random files would be produced. Appendix C only specifies that there will be at least 13 randomly selected inmates who were counted among those on the Inmate Intake Report; 22 randomly selected inmates with various infectious diseases; 62 randomly selected inmates with

Corene Kendrick, Esq.
June 23, 2014
Page 2

various monitored conditions;[1] 34 randomly selected inmates relating to outside consultations, transports, and hospital admissions; and 16 randomly selected inmates receiving special accommodations.   Defendants' agreement was to generate randomly selected files for up to no more than 147 inmates.  To the extent that any inmate is randomly selected from more than one list, the number of files produced will necessarily be less, not more.  Furthermore, Defendants contend that to the extent any portion of those  randomly selected inmates' files for the period through April 1, 2014 have previously been produced, either electronically or for inspection, it is duplicative and an unnecessary for Defendants to provide a second copy of those files.  Defendants acknowledge that we have not yet obtained the complete lists of inmates from which to identify the files to be duplicated for 13 randomly selected inmates on the Inmate Intake Report; 22 randomly selected inmates on the infectious Disease reports; 62 randomly selected inmates on the Monitored Conditions reports; 11 randomly selected inmates on the Outside Consults report; 10 randomly selected inmates on the Outpatient Transports report; and 16 randomly selected inmates on the Special Accommodations Report.

Third, Defendants are puzzled by Plaintiffs' unilateral decision to rescind the parties' agreement originally proposed in your May 12, 2014 letter regarding the number of files to be produced from randomly selected inmates appearing on the March 2014 Monthly Clinical Data Report with MRSA and Diabetes.  Your May 12th proposal, to which Defendants agreed, specifies files from two inmates counted on the MRSA report and eight files from inmates counted on the Diabetes report. Defendants further do not represent, and have never represented, that documents you apparently consulted as having higher numbers of MRSA and Diabetes reports in fact reflect the total numbers reported in the March 2014 Monthly Clinical Data Report for those treated for MRSA or insulin-dependent diabetics.  To the extent Plaintiffs sought this discovery to "test" the data contained in the March 2014 Monthly Clinical Data Report, we note that it is based upon a different time period and the sample identified in Attachment 1 to your June 20, 2014 is not reasonably calculated to lead to the discovery of that information. Nevertheless, we will consult with our clients as to whether they consent to accepting Plaintiffs' proposal that Defendants now produce medical records of 14 inmates from these lists that do not form the basis of the March 2014 Monthly Clinical Data Report instead of producing the up to ten random inmates' files they previously agreed to obtain and produce who are counted among the inmates receiving MRSA treatment or insulin for diabetes in the March 2014 Monthly Clinical Data report.

---

[1] We note that Defendants' objected to producing any sample from the February 2014 diabetes list, and to the extent that issue was briefed and is subject to the Court's May 23, 2014 Order, no additional records not contemplated by that Order will be produced.

Corene Kendrick, Esq.
June 23, 2014
Page 3

Fourth, in response to Judge Wake's Order regarding the production of the "sample of prisoners who were dropped off of the chronic care reports," we recall that this issue was not raised until the morning of our final meet and confer prior to Plaintiffs' filing their motion, and that, even on that call, Plaintiffs refused to provide specific lists to be used, so that Defendants could investigate and identify whether, in fact, more than 20% of individuals were dropped off of the lists. Nevertheless, in response to Judge Wake's Order, we directed Corizon to investigate that claim and identify those inmates who had previously been reported on the AIDS and MRSA infectious disease reports or reported on the heart disease, diabetes or SMI monitored conditions reports. While obtaining that information, Corizon determined that, in fact, there was not more than 20% of inmates removed from any of those lists during the time period, rather there were certain months with data reporting errors. Corizon provided corrected reports, as well as the source documentation supporting those corrections, which we produced in the "Conditions lists" directory on June 13, 2014.[2] There simply are no records to be produced pursuant to the May 23, 2014 Order.

Fifth, with respect to the files produced in the "Random Sample" directory, you are correct in noting that Defendants did not undertake to intentionally produce duplicate copies of files which were produced either in response to a different portion of the May 23, 2014 Order or previously during discovery. Because Inmate Lynch (#206125) appeared on the random list of SMI inmates, his medical file for the period from April 1, 2013 through April 1, 2014 was produced in the "Max Custody Files" directory as ADC229618 through ADC229950. Likewise, because Inmate Wozniak's (#126973) file was specifically identified as one relied upon by both Pablo Stewart and Craig Haney, his file was produced in the "Relied Upon by Experts" directory as ADC308675 through ADC309119. Plaintiff Licci previously sought production of Inmate Wozniak's medical file in her Request for Production No. 4. On October 12, 2013, Defendants produced Inmate Wozniak's file for the period from January 1, 2011 through August 19, 2013 in response to that request, bearing production numbers ADC152371 through ADC153326). Finally, the medical file for Inmate Downey (#098715), which you assert in Attachment 1 was not produced, was produced as ADC287421 through ADC287813, but appears to have been inadvertently placed in the "Relied Upon by Experts Directory" rather than the "Random Sample" directory.

---

[2] We note that the 2014 Q1 Infectious Disease Report_Rev.06.12.14 appears to contain the error that that there were 35 inmates with AIDS at Perryville in February 2014, rather than the one inmate reported in the Monthly Clinical Data Report. We expect to produce a final corrected 2014 Q1 Infectious Disease Report once it is received from Corizon, which will eliminate that oversight.

Corene Kendrick, Esq.
June 23, 2014
Page 4

Sixth, Defendants take issue that the Court ordered that Defendants "supplement the files of prisoners discussed by name in the experts' reports or in the notes of isolation experts Haney and Vail" described in your May 12, 2014 letter and listed on Attachment A thereto.  Rather, the Court entered an order, which appears to be based upon a Proposed Order drafted by Plaintiffs' counsel Defendants must produce "[a]ll new documents in the healthcare and institutional files previously relied upon by Plaintiffs' experts from the date of prior production or review through April 1, 2014 for the prisoners listed" in your letter.  *See* May 23, 2014 Order [Doc. 923] a 1.  *Compare with* Proposed Order [Doc. 906-1] at 1-2.  The Order clearly includes the limiting phrase that the only records which require supplementation are those that Plaintiffs' experts affirmatively identified in any of their reports that they "relied upon" in forming their opinions pursuant to Fed. R. Civ. P. 26(a)(2)(ii).  As a result, we compared Attachment A to your May 12, 2014 letter to Plaintiffs' experts' reports.  Of the 396 inmates names appearing in Attachment 1 to your May 12, 2014 letter, 24 inmates' names are duplicative, as they appear under at least two of Plaintiffs' experts. (Six of those inmates' names are listed three times -- under Pablo Stewart; Craig Haney; and Eldon Vail.)  Once those duplicates are removed, there are 363 unique names contained in Attachment A to your May 12, 2014 letter.  Of those, 32 inmates listed are either deceased inmates, released inmates, or named Plaintiffs for whom Defendants have previously produced all responsive ADC medical records for the period up to April 1, 2014.  Upon review of the remaining 331 names, and comparison with the portions of all of Plaintiffs expert reports, we identified the following number of non-duplicate files that were required for production pursuant to the May 23, 2014 Order:

| Expert | # of Medical Files both identified in a report as "relied upon" and listed in Attachment 1 to May 12, 2014 Letter. | # of Master Record Files both identified in a report as "relied upon" and listed in Attachment 1 to May 12, 2014 letter. |
|---|---|---|
| Cohen | 18 | 0 |
| Wilcox | 68 (incl. 1 duplicate from Cohen) | 0 |
| Vail | 9 | 36 |
| Williams | 10 | 1 |
| Stewart | 55 (incl. 4 duplicate from Vail) | 3 (incl. 2 duplicate from Vail) |
| Haney | 47 (incl. 5 duplicate from Vail; 1 duplicate from Vail and Stewart; and 1 duplicate from Stewart). | 0 |

As a result, the portion of the Court's May 23, 2014 Order addressing updated files "relied upon" by Plaintiffs' experts only compelled production of updated records from 195 medical files and 38 Master Record Files.  Furthermore, Defendants have produced 188 of those medical files and all responsive documents from all 38 Master

Corene Kendrick, Esq.
June 23, 2014
Page 5


Record Files where documents were added after the date of prior production.[3] We will follow this with a letter addressing the specific names listed in Attachment 2 to your June 20, 2014 letter, but did not want to delay this response while awaiting completion of that letter. We will have a specific response for you by 5 PM PDT on Wednesday, June 25, 2014.

Seventh, the large volume of records duplicated and produced required a high degree of cooperation and assistance by Corizon, ADC, and outside counsel personnel, not simply the Corizon personnel who duplicate the records and authenticated them in the past. We included placeholders for those declarations and intend to obtain them and produce them once they are complete.

Eighth, you are incorrect regarding the production of death records. Of the 64 inmates who died in custody between September 28, 2013 and April 1, 2014, on June 13, 2014, Defendants produced the medical files of four of those inmates (Cosen, #280937; Hawthorne, #143402; Rawson, #222411; and, Trisky, #165447). Consistent with the Court's prior order regarding death records, Defendants agreed to produce medical files (for the one year period prior to death), mortality reviews (if completed), and psychological autopsies (if required and completed) for those 64 inmates. You are incorrect in your assertion that Defendants agreed to produce any other internal investigation reports concerning those in-custody deaths, and no such instruction was included in the Court's May 23, 2014 Order or sought in your briefing giving rise to that Order. Defendants expect to produce all remaining "death records" (limited to medical files, completed mortality reviews, and psychological autopsies) by July 18, 2014.

Ninth, while Defendants produced the output reports listing the seventy SMI inmates randomly selected pursuant to the Court's May 23, 2014 Order (see, ADC320234 through ADC320240), Plaintiffs fail to identify which of the three files they contend were not produced. Defendants acknowledge that counsel have not yet received copies of the files for inmates Robert Navarrette (#248919 – Tucson) or Charlie Sanchez (#201662 – Yuma) and continue to seek those for production.[4]

---

[3] Defendants acknowledge that Plaintiffs are entitled to production of updated medical files for the following seven inmates and time periods and regret that counsel have been unable, as of yet, to obtain copies for production: Harold Becker (#082114) for the period from 8/19/13 to 4/1/14 (Cohen); Vincent Feraci (#283825) for the period from 10/22/13 to 4/1/14 (Wilcox); Paul Lopez (#265299) for the period from 11/19/13 to 4/1/14 (Wilcox); Cristino Chavez-Espinoza (#042966) for the period from 8/14/13 to 4/1/14 (Williams); David McKay (#198724) for the period from 7/19/13 to 4/1/14 (Stewart); and, Ramon Martinez (#076688) for the period from 10/10/13 to 4/1/14 (Haney). Defendants continue to seek to obtain those records for production.

[4] To the extent the file you have not located is for Inmate Fermin Vidal (#147564 – Florence), his records were relied upon by Pablo Stewart and were included in the "Relied Upon by Experts" folder. Inmate Vidal's records prior to August 26, 2013 were previously produced in response to Plaintiff Licci's Request for Production No. 4 on November 25, 2013 bearing production numbers

Corene Kendrick, Esq.
June 23, 2014
Page 6

Tenth, Plaintiffs' likewise fail to identify the one medical record and ten Master Record Files that they contend Defendants failed to produce in response to the Order directing production of medical and Master Records files for 80 randomly selected inmates. As with the SMI inmates, Defendants produced the list of inmates who were randomly identified from the four units at issue as ADC320241 through ADC320247.[5] As the order only specified the production of records from April 1, 2013 through April 1, 2014, Defendants contend that they do not have to produce any records preceding those dates. As a result, all responsive documents from the 80 inmates' Master Records files were completed with the production of pages from the Master Records files of Inmates Orlando Begaye (#274968 – F-Central); Matthew Tomlinson (#105741 – F-Central); and, Jessica Vaughn (#262050 – PV-Lumley) on June 20, 2014 as ADC334651 through ADC334683.[6] Likewise, in terms of medical records, after producing the medical files for inmates Robert Salais (#162834 – E-Browning); Shari Tobyne (#288121 – PV-Lumley); along with additional records for Bianca Marques (#268664 – PV-Lumley) on June 20, 2014 as ADC334295 through ADC334650, Defendants contend that the only outstanding medical file is for inmate Alfred Uriarte (#098272 – F-Central). We continue to seek copies of any records in this inmate's medical file dated between April 1, 2013 and April 1, 2014 for production.

Eleventh, with respect to dental lists, on June 20, 2014, we produced the routine care list through that date containing the data fields which Dr. Smallwood confirms can be included in both PDF and Excel format, as ADC334061 through ADC334198. Dr. Smallwood states that his system is not capable of retroactively generating this list, as it may have existed in the Correctional Dental Software system on a prior date. We will advise on the appointment lists after further discussion with our clients.

Twelfth, we note initially that Plaintiffs unilaterally proposed, and the Court ordered, the production of e-mail correspondence with certain search terms that Plaintiffs' counsel solely determined to reasonably provide information pertaining to

---

ADC189435 through ADC189808. If you have not located the file for Inmate Allen Bernard (#141779 – Eyman), two files containing his records were produced in the "Relied Upon by Experts" folder, bearing production numbers ADC269440 through ADC269644 and ADC293764 through ADC293794, as he was listed as an inmate whose medical file Pablo Stewart relied upon in preparing one of his expert reports.

[5] The two redacted names are those who it was learned the day prior to production were out-of-state inmates housed in ADC facilities pursuant to agreements with other states on protective custody status and ADC was not authorized to disclose information pertaining to those inmates. Two additional inmates were randomly selected.

[6] In our more specific response that we have committed to provide by June 25, 2014, we will identify those maximum custody inmates who did not have any documentation in their Master Record Files placed between April 1, 2013 and April 1, 2014.

Corene Kendrick, Esq.
June 23, 2014
Page 7

infectious disease outbreaks.  As Plaintiffs counsel never discussed those search terms, and did not provide them to the Court until filing their reply memorandum on May 23, 2014, Defendants counsel was prevented from providing any input as to whether or not those terms would yield any responsive documents.  Nevertheless, all non-privileged e-mails returned subject to those search criteria were produced on June 13, 2014.  With respect to the alleged other "outbreaks of infectious disease at the three infirmaries," Defendants deny any such "outbreaks of infectious disease" were confirmed and therefore do not possess any other documents responsive to that request.[7]

We are continuing to examine the other issues raised in your letter.  We are available to meet and confer on those topics addressed herein by telephone tomorrow at 2:00 p.m. Arizona time. Kindly provide us with a call in number.

Very truly yours,

Timothy J. Bojanowski
For the Firm

TJB/mg
2917269.1

cc:     Amelia Gerlicher (via email)
        Sarah Kader (via email only)
        Caroline Mitchell (via email only)
        David Fathi (via email only)
        Donald Specter (via email only)
        Michael Gottfried (via email only)
        Lucy Rand (via email only)

---

[7] If you have any documentation you assert supports the converse, we invite you to identify it by production number or provide it to us, so we can confirm that all non-privileged, non-electronic documents regarding these "outbreaks" have been produced.

Exhibit 3



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

VIA EMAIL ONLY

June 25, 2014

Mr. Tim Bojanowski, Esq.
Struck Wieneke & Love
3100 West Ray Rd., Ste. 3100
Chandler, AZ 85226

      RE:   *Parsons v. Ryan*
             June 24, 2014 Meet and Confer

Dear Tim:

      Thank you for speaking with us yesterday regarding the deficiencies in Defendants' June 13 production. Below, I summarize the parties' areas of agreement and disagreement. If any of this does not comport with your notes from the call, please inform us immediately.

*Supplemental Production of Files Reviewed by Experts*
      The Court ordered that Defendants produce by June 13, 2014, "[a]ll documents in the healthcare and institutional files previously relied upon by Plaintiffs' experts, from the date of prior production or review through April 1, 2014 ***for the prisoners listed in Doc. 907, Exhibit 5, Attachment A***" [Doc. 923 at 3, emphasis added] My June 20 letter at Attachment 2, listed the names of 205 prisoners previously listed at Doc. 907, Ex. 5, Attachment A, for whom Defendants failed to produce the health care or institutional files. Although the Court's order explicitly references the list of names from the May 12 letter, you took the position that the Court did not order all of those records be produced, but only a subset for which you think that the expert stated he or she "relied upon" the files, although you could not define "relied upon." Additionally, your June 23 letter to me fails to quote this section of the the Court's order.

      The parties agreed that they had reached an impasse on this issue.

*Samples of Files Underlying Defendants' Data Reports*
      You stated that you expected to receive by the end of the day on June 24 the lists of prisoners from which to identify the files to be selected and copied. We agreed that to the extent an individual prisoner is selected from more than one list, the total number of files would be smaller, but Defendants would specify which prisoners this referred to, and what lists they were drawn from. You said that Defendants would "shoot for" producing all of these

files no later than July 18, 2014, and we explained that the timeliness of the production would impact the dates that Plaintiffs produce supplemental expert reports.

With respect to Judge Wake's Order requiring production of the "sample of prisoners who were dropped off of the chronic care reports," our correspondence and discussion reflects that you represented that Corizon, at your direction and based on the Court's order, investigated this issue and determined that the appearance of the dropped patients resulted from "data reporting errors." You represented, in your letter, that Corizon has produced source documentation illustrating these errors and showing the corrected information and that Corizon generated new reports, after the April 1, 2014 discovery cut-off, that reflect this corrected data. We are evaluating the new information you have sent and will let you know if we believe any further production is necessary to comply with the Court's order.

*Death Records*
You agreed to produce psych autopsies and mortality reviews as soon as the forms are filled out, and not wait until they receive their final signature from someone in headquarters. You disagreed that the definition of "death records" included all internal investigations into the deaths. We noted that internal investigations were included in plaintiffs' definition of "death records," as read into the record at the November 11, 2013 hearing, [See 11/11/13 Hg. Tr. at 29:20-30:3], and that Defendants have produced these investigation reports in the past. You stated that you would give us an answer by Friday, June 27 if you were going to include the investigation reports.

*Seriously Mentally Ill and Max Custody Files*
Your June 23 letter at page 5 identifies the two prisoners whose health care files have not yet been produced from the SMI lists. You agreed to provide us by Friday, June 27 with a list of the "max custody" prisoners for whom there are no documents dated April 1, 2013 to April 1, 2014 in their master record files.

*Dental Lists*
You stated that you have requested from your client the list of past appointments that plaintiffs have previously requested; that is, a list of all dental appointments conducted between December 1, 2013 and March 31, 2014 showing the patients' name and number, date of request, date seen, and reason for visit or treatment. You do not know when you will receive this list, but will provide it when you receive it. You understand that we cannot designate dental records for production until we receive this list. In order to provide time for the designation and production of dental records, we ask that the list of previous appointments be produced by June 30. In the meantime, please produce the list you described on the phone as the treatment list for March 31, 2014.

Mr. Tim Bojanowski
Re: Parsons v. Ryan
June 24, 2014
Page 3

*Outbreaks of Infectious Disease*

On the call, I provided you with some Bates numbers of documents referring to infectious disease outbreaks at Florence, Tucson, and Perryville.  [ADC268695, (Jan. 2014 Tucson monitoring report referring to recent tuberculosis and influenza "incidents" and 13 prisoners with scabies); AGA_Review_105678-79 (October 2013 email regarding possible scabies outbreak at Florence); AGA_Review_105567-68 (Dec. 15, 2013 email regarding dialysis patient with bacterial infection and meningitis, discussing the need to clean dialysis area)].  Obviously, this is not an exhaustive list of such documents referring to infectious disease outbreaks.  As I stated in my June 20, 2014 letter at pages 4-5, the Court's order was not limited to email, and we asked that you confirm that there are no investigations, memos, documents, etc. that are responsive.  You said you thought that everything that exists was produced, but would confirm that by Friday, June 27.

*Corizon Offsets*

You agreed to produce all responsive documents regarding the off-sets and penalties ADC imposed upon Corizon during the last quarter of 2013 and the first quarter of 2014.

*Defendants' Privilege Log*

You stated that you would review the privilege log and revise it accordingly.  We noted that Defendants did not include documents that were redacted on the basis of "security" and asked that they either be included in the log, or presented to the Court pursuant to the requirements of the Protective Order.  By way of illustration, we pointed to AGA_Review_105846-47 and 105853-54 as examples.  You and Lucy stated that you believed there was a list of all emails for which Defendants asserted the security restriction and would provide us with more detail.

We look forward to receiving your promised responses and updates by Friday, June 27.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick

cc:    Counsel of Record

# Exhibit 4



**STRUCK WIENEKE & LOVE**    3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | 480.420.1600 | swlfirm.com

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Jamie D. Guzman
Associate

Nicholas D. Acedo
Associate

Tara B. Zoellner
Associate

Amy L. Nguyen
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

Mark A. Bracken
Associate

David C. Lewis
Of Counsel

June 25, 2014

**VIA EMAIL ONLY**

Corene Kendrick, Esq.
Prison Law Office
General Delivery
San Quentin, CA 94964

> Re:    *Parsons, et al. v. Ryan and Pratt*
> U.S. District Court of Arizona; 2:12-cv-00601

Dear Corene:

As mentioned in our June 23, 2014 letter, and reconfirmed during our telephone conference on June 24, we are providing this correspondence to clarify and address the concerns regarding records of individual inmates raised in your June 20, 2014 letter.

## I.    MASTER RECORDS FILES WITH NO DOCUMENTS DURING THE TIME PERIOD SET FORTH IN THE MAY 23, 2014 ORDER.

As we advised on June 23, and reiterated yesterday, Defendants have produced all responsive updated Master Record File documents from the 38 Master Record Files where there is no dispute that they are subject to the Court's May 23, 2014 Order [Dkt. #923].

For the following inmates, Defendants confirm that there were no additional documents added to the inmates' Master Record Files and, therefore, no additional updated Master Record File documents to produce:[1]

| Name | ADC# | Start Date | End Date |
|------|------|------------|----------|
| Caicedo-Caneloz, Eric | 228215 | 9/12/13 | 4/1/14 |
| Connolly, Jay P. | 167895 | 9/16/13 | 4/1/14 |
| Copas, Paul | 185706 | 9/25/13 | 4/1/14 |
| Duran, Adam | 209206 | 9/11/13 | 4/1/14 |
| Fimbres, Cesar | 172483 | 9/13/13 | 4/1/14 |

[1] For these documents, the "Start Date" is the date that the prior Master Record File was duplicated for production in response to Plaintiff Licci's Request for Production No. 5.

Corene Kendrick, Esq.
June 25, 2014
Page 2

| Name | ADC# | Start Date | End Date |
|------|------|-----------|----------|
| Garcia, Ramon | 196249 | 9/17/13 | 4/1/14 |
| Herrera, Alfredo | 141081 | 9/11/13 | 4/1/14 |
| Nicolia, Adam | 254795 | 10/4/13 | 4/1/14 |
| Patton, Jerry | 277153 | 10/4/13 | 4/1/14 |
| Renteria, Yara Giselle | 236532 | 9/17/13 | 4/1/14 |
| Sweeney, Victor | 257549 | 9/17/13 | 4/1/14 |
| Vasquez, Christian | 274006 | 9/18/13 | 4/1/14 |
| Wakeman, Melissa | 271682 | 9/13/13 | 4/1/14 |

Likewise, for the random samples of 80 Maximum Custody Inmates' medical and Master Records files specified in the May 23rd Order, Defendants have produced all responsive Master Records File documents dated between April 1, 2013 and April 1, 2014 for all 80 inmates. The following seven inmates identified in the random selection, did not have any documents within their Master Records File dated between April 1, 2013 and April 1, 2014:

| Name | ADC# | Unit |
|------|------|------|
| Dellarocca, Joshua | 143368 | E-Browning |
| Fuentes, Daniel | 164254 | E-SMU |
| Garcia, Manuel | 158202 | E-Browning |
| Morales, Robert | 152818 | E-Browning |
| Velazquez, Juan | 189628 | E-Browning |
| Wauneka, Melinda | 270120 | PV-Lumley |
| Wilmore, Aaron | 268627 | F-Central |

We believe this response will complete any discussion regarding this issue, as no additional responsive materials exist.

## II.   UPDATED RECORDS OF INDIVIDUALS WHO PLAINTIFFS' EXPERTS MAY HAVE REVIEWED, BUT DID NOT RELY UPON.

We believe the parties understand each other's respective position as discussed yesterday and that the parties are unlikely to reach an agreement. Nevertheless, to minimize disagreement, we submit the following to address the individual files mentioned in Attachment 2 to your letter dated June 20, 2014.

### A. Files reviewed by Robert Cohen.

We are surprised to observe that you contend that Defendants still failed to produce updated medical records for inmates Henry Billings, #218617, and Russell Clark, #059997. Inmates Billings and Clark died on June 23, 2013 and April 25, 2013, and Defendants, pursuant to the parties' prior agreement, produced their death

Corene Kendrick, Esq.
June 25, 2014
Page 3

records for the period of one year prior to their date of death on January 22, 2014. There are no updated documents in their medical files to be produced.

Furthermore, it appears that you overlooked the fact that Defendants did, in fact, produce the updated medical files for inmate Glenn Worley, #257008, on June 13, 2014 bearing production numbers ADC308618 through ADC308674.

In his initial Report dated November 8, 2013, Robert Cohen represents that "[a] *complete* list of the documents that I reviewed for purposes of preparing this expert report is attached as Appendix B." PRSN-RLC 00004, n.3 (emphasis added). Likewise, in his Rebuttal Report, dated January 31, 2014, Robert Cohen, using nearly identical language, represents that "[a] *complete* list of the documents that I reviewed for purposes of preparing this rebuttal report is attached as Appendix A." PRSN-RLC 00134, n.1 (emphasis added). Finally, in his Supplemental Report, dated February 24, 2014, Robert Cohen once again declares that "[a]ttached as Appendix A is a list of the documents I reviewed to prepare this report." PRSN-RLC 00147, n.1.

Neither Appendix B to Robert Cohen's initial Report (PRSN-RLC 00089 through PRSN-RLC 00092), Appendix A to Robert Cohen's Rebuttal Report (PRSN-RLC 00144 through PRSN-RLC 00145) nor Appendix A to Robert Cohen's Supplemental Report (PRSN-RLC 00203 through PRSN-RLC 00205) contain any mention or citation to any medical records pertaining to the following inmates listed under the heading "Dr. Cohen" on Attachment A to your May 12, 2014 letter:

| Name | ADC# |
| --- | --- |
| Ammirato, Wayne | 094836 |
| Balderas, Martin | 229508 |
| Bertanelli, Jonathan | 047835 |
| Curry, Timothy | 040574 |
| Davis, Charles | 157225 |
| Duarte, Russell | 047604 |
| Ferrero, Patrick | 252112 |
| Fowles, Kenneth | 166074 |
| Guy, James | 201358 |
| Hunt, James | 135376 |
| Lago, Carlos | 043498 |
| Lopez, George | 079354 |
| McGill, Robert | 052841 |
| Neenan, Thomas | 173951 |
| Ortega, Greg | 125033 |
| Pamias, Eric | 171277 |
| Roseland, Benny | 124449 |
| Windom, Anthony | 126561 |

Corene Kendrick, Esq.
June 25, 2014
Page 4

| Name | ADC# |
|------|------|
| Woofter, Joseph | 067676 |

    If you contend that any of these inmates were, in fact, listed among the specified appendices to his reports that Robert Cohen represents contain the list of materials he relied upon in forming his opinions, we invite you to point out that page and inmate number.

### B. Files reviewed by Todd Wilcox.

    It appears you overlooked the fact that Defendants did, in fact, produce the updated medical files for inmate Robert Davison, #081813, on June 13, 2014 bearing production numbers ADC323921 through ADC324031. Furthermore, we observed, in comparing your list against Todd Wilcox's reports, that, while he identified inmate Arnulfo Hernandez, it appears the incorrect inmate number is listed. Inmate number 238928 is for Victor Solano, who was released from custody on July 10, 2009. Defendants did produce the updated medical records for Arnulfo Hernandez, #080201, on June 13, 2014 bearing production numbers ADC283268 through ADC383305.[2]

    In his initial Report, dated November 8, 2013, Todd Wilcox advises that, "I reviewed well over a hundred partial and full healthcare records of Arizona prisoners …. These documents are listed in Appendix C". PRSN-TRW 00004. In Appendix A to his Rebuttal Report, dated January 31, 2014, Todd Wilcox represented that "[i]n addition to the documents listed in my initial report, I reviewed the following documents for this rebuttal report." PRSN-TRW 00122.

    Neither Appendix C to Todd Wilcox's initial Report (PRSN-TRW 00097 through PRSN-TRW 00104) nor Appendix A to Todd Wilcox's Rebuttal Report (PRSN-TRW 00122 through PRSN-TRW 00123) contain any mention or citation to any medical records pertaining to the following inmates listed under the heading "Dr. Wilcox" on Attachment A to your May 12, 2014 letter:

| Name | ADC# |
|------|------|
| Jacobs, Ronald | 093371 |
| Jones, Lois | 060669 |
| Kootswatea, Theodore | 150745 |
| Salas, Antonio | 138050 |

---

[2] Further, as advised in our June 23, 2014 letter, Defendants continue to obtain and produce the updated medical files for inmates Vincent Feraci, #283825, and, Paul Lopez, #265299. Additionally, it appears we inadvertently omitted the updated file for Pedro Guillen, #076248, from our list. We will obtain and produce that as soon as possible for the period from October 15, 2013 to April 1, 2013.

Corene Kendrick, Esq.
June 25, 2014
Page 5

If you contend that any of these inmates were, in fact, listed among the specified appendices to his reports that Todd Wilcox represents contains the list of materials he reviewed for the purpose of preparing his reports, we invite you to point out that page and inmate number.

### C. Files reviewed by Brie Williams.

We do not dispute, and advised, on June 23, 2014, that the updated medical file for inmate Christino Chavez-Espinoza, #042966, is subject to the May 23, 2014 Order. We will be producing those records to you this week.

In her initial report dated November 8, 2013, Brie Williams represents that "I also reviewed medical records at each facility. These activities are reflected in the notes I took during my inspection tours, which are attached hereto as Appendix B .... In addition to the medical records identified in my notes, I have reviewed additional documents listed in Appendix C." PRSN-BW 00003. In her Supplemental Report, dated December 9, 2013, she represents that it "supplements my report based upon recently produced documents and photographs," which are listed in Appendix A. PRSN-BW 00040. In her Rebuttal Report, dated January 31, 2014, she stated that "A list of the documents that have been provided to me by Plaintiffs' counsel since my last report is attached as Exhibit B." PRSN-BW 00050. In her Second Supplemental Report, dated February 24, 2014, she only discusses named Plaintiff Stephen Swartz, #102486.

Neither Appendix C to Brie Williams' initial Report (PRSN-BW 00037 through PRSN-BW 00038)[3], Appendix A to her Supplemental Report (PRSN-BW 00045) nor Exhibit B to her Rebuttal Report (PRSN-BW 00067 through PRSN-BW 00070) contain any mention or citation to any medical records pertaining to the following inmates listed under the heading "Brie Williams" on Attachment A to your May 12, 2014 letter:

| Name | ADC# |
|------|------|
| Avanzi, Louis | 104515 |
| Eddy, Dennis | 053476 |
| Leyba-Hill, Michelle | 120631 |

If you contend that any of these inmates were, in fact, listed among the specified appendices to her reports that Brie Williams represents contains the list of materials she relied upon for the purpose of preparing her reports, we invite you to point out that page and inmate number.

---

[3] The updated version of Brie Williams' initial Report, produced on disk with bates numbers PRSN-BW 00001 through PRSN-BW 000038 on March 28, 2014 does not contain any documents or notes between the cover pages for Attachment B (PRSN-BW 000035) and Attachment C (PRSN-BW 00036).

Corene Kendrick, Esq.
June 25, 2014
Page 6

### D. Files reviewed by Pablo Stewart.

Inmate Timothy Ben, #186585, died on November 5, 2012. There are no documents in his medical file dated between April 1, 2013 and April 1, 2014 to be produced.

However, as we acknowledged on June 23, Defendants do not dispute that the updated medical files for inmates David McKay, #198724, and, Danette Taulbee, #273151, are subject to the May 23, 2014 Order, and we continue to seek to obtain copies of them for production. We further note that updated medical records for inmate Kristopher Kimmerling, #154443, were produced on June 20, 2014 bearing production numbers ADC334267 through ADC334294.

In his initial report dated November 8, 2013, Pablo Stewart represents that "this opinion is based upon the … documents I reviewed in connection with this case. The documents I reviewed are listed in Exhibit C." PRSN-PS 00010. In his Supplemental Report, dated December 9, 2013, he represents that it is "submit[ted] to address recently produced-documents" that are listed in Exhibit A. PRSN-PS 00293. Likewise, his Rebuttal Report, dated January 31, 2014, is based upon "documents provided to me by plaintiffs' counsel since my last report [which] are listed in Exhibit B." PRSN-PS 00316. Finally, in his Second Supplemental Report, dated February 24, 2014, Pablo Stewart explicitly identifies the eight inmates, whose death records he reviewed. PRSN-PS 00337.

Neither Appendix C to Pablo Stewart's Initial Report (PRSN-PS 00264 through PRSN-PS 00286), Exhibit A to his Supplemental Report (PRSN-PS 00305 to PRSN-PS 00306), Exhibit B to his Rebuttal Report (PRSN-PS 00332 through PRSN-PS 00335) nor page 1 of his Second Supplemental Report (PRSN-PS 00337) contain any mention or citation to any medical records pertaining to the following inmates listed under the heading "Pablo Stewart" in your May 12, 2014 letter:

| Name | ADC# |
| --- | --- |
| Andrade, Sergio | 195824 |
| Avery, Jason | 269351 |
| Caicedo-Caneloz, Eric | 228215 |
| Elizalde-Cota, Joaquine | 280890 |
| Hall, Jamie | 163821 |
| Lamas, George | 218510 |

If you contend that any of these inmates were, in fact, listed among the specified appendices to his reports that Pablo Stewart represents contains the list of materials he relied upon for the purpose of preparing his reports, we invite you to point out that page and inmate number.

Corene Kendrick, Esq.
June 25, 2014
Page 7

### E. Files reviewed by Craig Haney.

We do not dispute, and advised on June 23, 2014, that the updated medical file for inmate Ramon Martinez, #076688, is subject to the May 23, 2014 Order. We will be producing those records to you this week. Additionally, it appears that we inadvertently omitted the updated file for Enrique Garza, #248056, from our list. We will obtain and produce that as soon as possible for the period from August 19, 2013 to his October 25, 2013 release from custody.

In his initial report, dated November 8, 2013, Craig Haney represents that a "list of the documents I was provided by Plaintiffs' counsel and reviewed in advance of preparing this report is appended as Appendix C" PRSN-CH 00007. Likewise, in his Rebuttal Report, dated January 31, 2014, he represents that "the documents I received from Plaintiffs' counsel since I submitted my original report on November 7, 2013 is attached here as Appendix A." (PRSN-CH 00168).

Neither Appendix C to Craig Haney's initial Report (PRSN-CH 00149 through PRSN-CH 00163) nor Appendix A to his Rebuttal Report (PRSN-CH 00193 through PRSN-CH 00200) contain any mention or citation to any medical records pertaining to the following inmates listed under the heading "Craig Haney" in your May 12, 2014 letter.[4]  Specifically, Craig Haney only identifies a total of 62 "non-named plaintiffs" medical files which he reviewed in preparing his reports.  *See* PRSN-CH 00155 and PRSN-CH 00197.  Neither of those lists reference medical records for the following inmates:

| Name | ADC# |
|------|------|
| Baker, Georgia | 187801 |
| Bean, Leonard | 159352 |
| Blackshear, Chase | 208994 |
| Collins, Rocky | 040513 |
| Garibo, John | 218563 |
| Hand, Anthony | 266711 |
| Holbrook, Scott | 259300 |
| Manygoats, Shiela | 193693 |
| Ramirez, Deanna | 264284 |
| Ternoir, Tameka | 212090 |
| Varela, Dustin | 274845 |

Similarly, Craig Haney only identifies a total of 35 "non-named plaintiffs" Master Record Files which he reviewed in preparing his reports.  *See* PRSN-CH

---

[4] Furthermore, there is nothing in your May 12, 2014 letter to suggest or imply that Plaintiffs believed they were entitled to *both*  medical *and* Master Record File updates for all inmates, particularly where Craig Haney lists and categorizes them separately.

Corene Kendrick, Esq.
June 25, 2014
Page 8

00155 and PRSN-CH 00196.  Neither of those lists reference Master Records Files
for the following inmates:

| Name | ADC# |
|------|------|
| Alioa, Robert | 070520 |
| Alverdo, Carlos | 050444 |
| Antonides, Brandon | 153201 |
| Arce, Ray | 151480 |
| Baker, Georgia | 187801 |
| Bean, Leonard | 159352 |
| Blackshear, Chase | 208994 |
| Cain, Latonya | 172377 |
| Casas, Jesse | 156294 |
| Chavez, Patricia | 228178 |
| Collins, Rocky | 040513 |
| Dumond, Robert | 180847 |
| Ehmke, Wolfgang | 132189 |
| Galo, Frank | 150621 |
| Garibo, John | 218563 |
| Garza, Enrique | 248056 |
| Hand, Anthony | 266711 |
| Harmon, Robert | 251293 |
| Harris, Shaun | 198341 |
| Hernandez, Michael | 211872 |
| Holbrook, Scott | 259300 |
| Jaramillo, Robert | 039278 |
| Jimenez, Noe | 239038 |
| Johnson, Billy | 225801 |
| Johnson, Charles | 099855 |
| Johnson, Willie | 220930 |
| Jones, Jason | 242070 |
| Kane, Thomas | 060051 |
| MacIsaac, Zachary | 252577 |
| Manygoats, Shiela | 193693 |
| Martinez, Eduardo | 121022 |
| Martinez, Mark | 200893 |
| Martinez, Ramon | 076688 |
| Mauricio, Jesse | 128194 |
| Nelson, Eric | 157808 |
| Ochoa, Henry | 257721 |
| Papanek, Jesse | 180906 |
| Pavloff, Christopher | 264480 |
| Perez, Christina | 194526 |
| Pruitt, Tony | 175985 |

Corene Kendrick, Esq.
June 25, 2014
Page 9

| Name | ADC# |
|------|------|
| Ramirez, Deanna | 264284 |
| Rivera, Miguel | 239996 |
| Rodriguez, Frankie | 140309 |
| Rossum, Tristan | 121496 |
| Ruiz, David | 213456 |
| Sanchez, Alexander | 129230 |
| Sepulveda, Anthony | 222800 |
| Solorzano, Andrew | 281250 |
| Sullivan, Jody | 182295 |
| Tenny, Ryan | 263981 |
| Ternoir, Tameka | 212090 |
| Valle, Isaac | 126113 |
| Varela, Dustin | 274845 |
| Vargas, Nathanial | 138514 |
| Wheeler, Jennifer | 228570 |
| Williams, Tory | 190756 |
| Wozniak, Jesse | 129673 |
| Wright, Samuel | 207261 |

If you contend that any of these inmates were, in fact, identified on the separate lists of medical and Master Records files set forth on the specified appendices to his reports that Craig Haney represents contains the list of materials he relied upon for the purpose of preparing his reports, we invite you to point out that page and inmate number.

**F. Files reviewed by Eldon Vail.**

In his initial report dated November 8, 2013, Eldon Vail represents that a "*complete* list of the materials I reviewed in this matter is attached hereto as Exhibit 2." PRSN-EV 00006 (emphasis added). Likewise, in his Rebuttal Declaration, dated January 31, 2014, he represents that "[a]s stated in my report of November 8, 2013, I … reviewed a large volume of documents prior to writing that report. A list of those documents was attached to that report. Since writing the first report, I have reviewed … a variety of other documents. A *full list* of the additional documents I reviewed is attached hereto as Appendix A." PRSN-EV 00113 (emphasis added). In his Supplemental Report dated February 24, 2014, he addresses only the Maximum Custody Housing Unit Rover post orders and some of the use of force videos that Dr. Seiter reviewed in preparing his expert report.

Neither Exhibit 2 to Eldon Vail's initial Report (PRSN-EV 00053 through PRSN-EV 00064) nor Attachment A to his Rebuttal Declaration (PRSN-EV 00143 through PRSN-EV 00149) contain any mention or citation to any medical records

Corene Kendrick, Esq.
June 25, 2014
Page 10

pertaining to the following inmates listed under the heading "Eldon Vail" in your May 12, 2014 letter.[5]

Specifically, Eldon Vail only identifies a total of 20 "non-named plaintiffs" medical files which he reviewed in preparing his reports.  *See* PRSN-EV 00057 through PRSN-EV 00058.  Neither of those lists reference medical records for the following inmates:

| Name | ADC# |
| --- | --- |
| Adamson, Alvin | 190119 |
| Alverez, Mark | 182500 |
| Anderson, Deon | 262770 |
| Anderson, Virgina | 265961 |
| Archibeque, Michael | 092371 |
| Avila, Jacob | 217766 |
| Beasley, Thaddeus | 111724 |
| Begay, Jeremy | 273183 |
| Booth, Roddrick | 248310 |
| Caicedo-Caneloz, Eric | 228215 |
| Canales, Fernando | 135638 |
| Carr, Ray | 120406 |
| Connolly, Jay P. | 167895 |
| Conro, David | 246918 |
| Copas, Paul | 185706 |
| Cushman, Andrew | 247824 |
| Damous, Darrell | 247669 |
| Davis, Marcus | 165060 |
| DeRouche, Joshua | 147875 |
| Diaz, Eugene | 270867 |
| Duran, Adam | 209206 |
| Eddy, Dennis | 053476 |
| Enas, Michael | 172097 |
| Evans, William | 213432 |
| Fimbres, Cesar | 172483 |
| Gann, Jason | 182504 |
| Garcia, Ramon | 196249 |
| Gil, Marcos | 223040 |
| Glasscock, Jacob | 235550 |
| Gonzalez, Augustine | 076949 |
| Guevera, Ricky | 202103 |

---

[5] Furthermore, there is nothing in your May 12, 2014 letter to suggest or imply that Plaintiffs believed they were entitled to *both*  medical *and* Master Record File updates for all inmates, particularly where Craig Haney lists and categorizes them separately.

Corene Kendrick, Esq.
June 25, 2014
Page 11

| Name | ADC# |
| --- | --- |
| Hand, Anthony | 266711 |
| Harris, Javon | 123545 |
| Hart, Chance | 176018 |
| Haves, Eric | 162876 |
| Hayes, Gabriel | 174960 |
| Hernandez, Ruben | 116412 |
| Herrera, Alfredo | 141081 |
| Hill, Clayton | 230403 |
| Horta, Anthony | 135540 |
| Jackson, Marcellus | 275352 |
| Jacobs, Ronald | 093371 |
| Jordan, Kenneth | 233937 |
| Lidy, William | 136911 |
| Logan, Patrick | 177604 |
| Long, Smitty | 156721 |
| Lyons, Donald | 099265 |
| Manual, Jahmari | 078985 |
| Manzanedo, Mathew | 079369 |
| Martinez, Hector | 240034 |
| Masbrugch, Chaine | 165945 |
| Masters, Bennie | 134860 |
| McDaniel, Tyson | 115043 |
| McJunkin, Robin | 109331 |
| Melancon, Aaron | 262571 |
| Mendoza, Ernesto | 228350 |
| Mitchell, Shacoia | 266314 |
| Morales, Angel | 234567 |
| Morales, Arturo | 251297 |
| Muzakkir, Warees | 082561 |
| Leon, Mariano | 209077 |
| Neville, William | 061616 |
| Nicolia, Adam | 254795 |
| Ortega, Michael | 240365 |
| Osario, Robert | 108309 |
| Pacheco, James | 215017 |
| Paddock, Lyle | 196476 |
| Pailate, Sam | 235510 |
| Qadir, Ahmed | 089104 |
| Ratliff, Wilford | 210575 |
| Renteria, Yara Giselle | 236532 |
| Robins, Andrew | 248144 |
| Rubio, Sergio | 213703 |

Corene Kendrick, Esq.
June 25, 2014
Page 12

| Name | ADC# |
|---|---|
| Salazar, Vincent | 211033 |
| Saucedo, Luis | 170180 |
| Scott, DeShawn | 146395 |
| Self, Heather | 231185 |
| Stamper, Glen | 174892 |
| Stephenson, Timothy | 201751 |
| Sweeney, Victor | 257549 |
| Thompson, Marcus | 161030 |
| Trevino, Gilberto | 223700 |
| Valenzuela, Eligio | 230945 |
| Varela, Dustin | 274845 |
| Vasquez, Christian | 274006 |
| Wakeman, Melissa | 271682 |
| Walliser, Michael | 181344 |
| Ward, Billy Ray | 207397 |
| Wheeler, Jennifer | 228570 |
| Whitewalker, Trevanne | 257315 |
| Williams, Berry | 267365 |
| Yak, Yak | 181109 |
| Yazzie, Eric | 233209 |
| Zambrano, Javier | 226439 |

Similarly, Eldon Vail only identifies a total of 39 "non-named plaintiffs" Master Record Files which he reviewed in preparing his reports. *See* PRSN-EV 00057 and PRSN-EV 00146. Neither of those lists reference Master Records Files for the following inmates:

| Name | ADC# |
|---|---|
| Adamson, Alvin | 190119 |
| Anderson, Deon | 262770 |
| Anderson, Virgina | 265961 |
| Arce, Ray | 151480 |
| Armenta, Febian | 201009 |
| Booth, Roddrick | 248310 |
| Damous, Darrell | 247669 |
| Diaz, Eugene | 270867 |
| Eddy, Dennis | 053476 |
| Enas, Michael | 172097 |
| Evans, William | 213432 |
| Gann, Jason | 182504 |
| Gil, Marcos | 223040 |
| Glasscock, Jacob | 235550 |
| Gonzalez, Augustine | 076949 |

Corene Kendrick, Esq.
June 25, 2014
Page 13

| Name | ADC# |
| --- | --- |
| Hand, Anthony | 266711 |
| Harris, Javon | 123545 |
| Hart, Chance | 176018 |
| Haves, Eric | 162876 |
| Hayes, Gabriel | 174960 |
| Hernandez, Ruben | 116412 |
| Horta, Anthony | 135540 |
| Jacobs, Ronald | 093371 |
| Johnson, Billy | 225801 |
| Kane, Thomas | 060051 |
| Lidy, William | 136911 |
| Logan, Patrick | 177604 |
| Long, Smitty | 156721 |
| Lyons, Donald | 099265 |
| Manual, Jahmari | 078985 |
| Manzanedo, Mathew | 079369 |
| Martinez, Mark | 200893 |
| McDaniel, Tyson | 115043 |
| McGee, Jack | 220171 |
| McJunkin, Robin | 109331 |
| Melancon, Aaron | 262571 |
| Mendoza, Ernesto | 228350 |
| Morales, Arturo | 251297 |
| Muzakkir, Warees | 082561 |
| Leon, Mariano | 209077 |
| Neville, William | 061616 |
| Ortega, Michael | 240365 |
| Osario, Robert | 108309 |
| Pacheco, James | 215017 |
| Paddock, Lyle | 196476 |
| Pailate, Sam | 235510 |
| Qadir, Ahmed | 089104 |
| Racer, Frank | 108121 |
| Ratliff, Wilford | 210575 |
| Robins, Andrew | 248144 |
| Rubio, Sergio | 213703 |
| Salazar, Vincent | 211033 |
| Saucedo, Luis | 170180 |
| Self, Heather | 231185 |
| Stephenson, Timothy | 201751 |
| Thompson, Marcus | 161030 |
| Trevino, Gilberto | 223700 |

Corene Kendrick, Esq.
June 25, 2014
Page 14

| Name | ADC# |
|------|------|
| Valenzuela, Eligio | 230945 |
| Varela, Dustin | 274845 |
| Walliser, Michael | 181344 |
| Ward, Billy Ray | 207397 |
| Wheeler, Jennifer | 228570 |
| Whitewalker, Trevanne | 257315 |
| Williams, Berry | 267365 |
| Yak, Yak | 181109 |
| Yazzie, Eric | 233209 |
| Zambrano, Javier | 226439 |

If you contend that any of these inmates were, in fact, identified on the separate lists of medical and Master Records files set forth on the specified appendices to his reports that Craig Haney represents contains the list of materials he relied upon for the purpose of preparing his reports, we invite you to point out that page and inmate number.

We are continuing to evaluate the other areas we agreed to re-examine and intend to respond by this coming Friday. We are willing to reconsider producing updates to any medical files should you identify any error we may have made in determining what your experts represented they relied upon as a basis for their opinions.

Very truly yours,

Timothy J. Bojanowski
For the Firm

TJB/mg
2916617.1

cc:   Amelia Gerlicher (via email)
      Sarah Kader (via email only)
      Caroline Mitchell (via email only)
      David Fathi (via email only)
      Donald Specter (via email only)
      Michael Gottfried (via email only)
      Lucy Rand (via email only)

Exhibit 5



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964

Telephone (510) 280-2621 • Fax (510) 280-2704

www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Warren George
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

VIA EMAIL ONLY

June 26, 2014

Mr. Tim Bojanowski, Esq.
Struck Wieneke & Love
3100 West Ray Rd., Ste. 3100
Chandler, AZ 85226

     RE:   *Parsons v. Ryan*

Dear Tim,

     I write in response to your letter dated June 25, regarding the Court's order that Defendants produce supplemental documents from the files reviewed by Plaintiffs' experts, as listed at Dkt. 907, Ex. 5, Attachment A.

     As detailed in our draft one-pager, we believe that when the Court ordered Defendants to produce "[a]ll documents in the healthcare and institutional files previously relied upon by Plaintiffs' experts, from the date of prior production or review through April 1, 2014 ***for the prisoners listed in Doc. 907, Exhibit 5, Attachment A***" [Doc. 923 at 3 (emphasis added)], the Court meant for Defendants to produce documents for the prisoners listed in Doc. 907, Exhibit 5, Attachment A.  As expressed in your past correspondence and during the meet-and-confer, Defendants have taken a different view of what Judge Wake meant, and it appears that the Court will have to clarify the meaning of its order, and determine whether sanctions should be imposed for Defendants' failure to abide by his order.

     Given that production of these files would be almost two weeks beyond the Court's deadline for production even if produced today, and you have told us both in the meet-and-confer and in correspondence what a long process it is for Defendants to locate the health care files, copy them, and Bates stamp them, we believe that it is too late for Defendants to produce the health care records.

     However, we write to dispute Defendants' ongoing contention that some of the prisoners listed in Doc. 907, Exhibit 5, Attachment A were not prisoners whose files were relied upon by the experts in forming their opinions.  You ask us to point to pages where these prisoners are discussed in the experts' reports.  This is an unnecessary exercise and a waste of attorney and administrative staff time to provide pinpoint citations that your office could just

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

as easily have found.  Nonetheless, we hope this clears up your confusion.  We are not going to go through every single individual listed in your tables or report for the exact pinpoint cite, but below is a summary showing how Plaintiffs' experts relied upon these prisoners' files, that you have not produced, in forming their opinions:

- **Cohen**:  every single one of the persons listed on your chart at pages 3-4 of your letter is discussed in Dr. Cohen's report and Appendix C to to the report.  *See,* Appendix C at the following paragraphs:
    - 11-13 [Mr. Pamias is also discussed at ¶¶ 31, 76, 130 of Cohen's report];
    - 14-16 [Mr. Ortega is also discussed at ¶¶ 31, 130 of Cohen's report];
    - 17-18 [Mr. Ferrero is also discussed at ¶¶ 31, 76, and 80 of Cohen's report];
    - 19-20 [Mr. Lago is also discussed at ¶ 76 of Cohen's report];
    - 23-24 [Mr. Woofter is also discussed at ¶¶ 31, 76, and 81 of Cohen's report];
    - 29 [Mr. Lopez is also discussed at ¶ 130 of Cohen's report];
    - 38-40 [Mr. Windom is also discussed at ¶¶ 31, 77, and 80 of Cohen's report];
    - 48-49 [Mr. Guy is also discussed at ¶ 59 of Cohen's report];
    - 50-51 [Mr. Ammirato is also discussed at ¶ 77 of Cohen's report];
    - 52-53 [Mr. Neenan is also discussed at ¶ 32 of Cohen's report];
    - 62-65 [Mr. Roseland is also discussed at ¶ 83 of Cohen's report, and ¶ 12 of Cohen's Rebuttal report];[1]
    - 91 [Mr. Bertanelli is also discussed at ¶ 113 of Cohen's report];
    - 95-97 [Mr. Fowles is also discussed at ¶ 77 of Cohen's report];
    - 98-99 [Mr. McGill is also discussed at ¶ 32 of Cohen's report];
    - 100-101 [Mr. Hunt is also discussed at ¶¶ 32, 85, and 159 of Cohen's report];
    - 104-105 [Mr. Duarte is also discussed at ¶ 82 of Cohen's report];
    - 111-112 [Mr. Davis is also discussed at ¶ 114 of Cohen's report].
- **Wilcox**:  the four persons listed in the table at page 4 are discussed in Wilcox's Supplemental report at pages 6, 9, 14, and 16.
- **Williams**:  her notes,[2] which are Exhibit B to her report, include the three persons listed in the table at page 5 of your letter.  *See* Williams report, Ex. B.
- **Stewart**: his notes, which are Exhibit B to his report, include the six persons listed in the table at page 6.  *See* Stewart Report, Ex. B at PRSN-PS-37, 51, 109, 114, 131, 144.
- **Haney:** his notes, which were produced to Defendants in response to a subpoena (Haney000155-353), include the persons listed in the tables at page 7 and 8-9.

---

[1] Since Mr. Roseland died between September 27, 2013 and April 1, 2014, we anticipate his health care file will be produced with his other death records

[2] As you may recall from the experts' tours, when they were on site they did not request copies of documents from every single file reviewed, but took notes during their interviews and file reviews.  Their notes have all been produced to Defendants, as there were no Bates stamped documents to list in the appendices of their reports.

Mr. Timothy Bojanowski
RE: *Parson v. Ryan*
June 26, 2014
Page 3

- **Vail**:  his notes, which were produced to Defendants in response to a subpoena (Vail000001-68), include the persons listed in the tables at pages 10-12 and 12-14.

Finally, experts Dr. Haney and Mr. Vail needed both the MRF and medical files of the individuals they interviewed in the isolation units in order to evaluate both mental health program participation and participation in the alleged new population management programs set forth in Director's Instruction #326 (ADC261959-85).  The latter contain custody-based programs which should be reflected in the prisoner's institutional file (MRF).

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick

cc:     Counsel of Record

# Exhibit 6



STRUCK WIENEKE & LOVE   3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | 480.420.1600 | swlfirm.com

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Jamie D. Guzman
Associate

Nicholas D. Acedo
Associate

Tara B. Zoellner
Associate

Amy L. Nguyen
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

Mark A. Bracken
Associate

David C. Lewis
Of Counsel

June 30, 2014

**VIA EMAIL ONLY**

Corene Kendrick, Esq.
Prison Law Office
General Delivery
San Quentin, CA 94964

> Re:   *Parsons, et al. v. Ryan and Pratt*
> U.S. District Court of Arizona; 2:12-cv-00601

Dear Corene:

As we previously advised, we have considered your June 26, 2014 letter and provide the following response.

While we dispute that Plaintiffs' experts have properly disclosed, in accordance with FED. R. CIV. P. 26(a)(2)(B)(ii), that they considered any of the medical or Master Records Files identified in our letter of June 25, 2014, we have undertaken a more thorough review of their reports based upon information provided in your more recent correspondence. Further, your representation that "it is a waste of time" to discuss the citations is disingenuous, where you take the time to provide extensive citations for some of the reports, but neglect to discuss them other than generally where there are no such references to an inmate in an expert report.

In the interest of fairness and consistency, we have taken the time to re-review the reports and looked beyond the sections where Plaintiffs' experts properly disclosed the materials they consulted. We agree there is information contained in the other sections of the reports submitted by Robert Cohen, Todd Wilcox, and Pablo Stewart to conclude that they may have reviewed and considered the medical files of the following inmates in arriving at their opinions. As soon as they can be duplicated, we will produce updated medical files for the following inmates:

Corene Kendrick, Esq.
June 30, 2014
Page 2

### A.  Files reviewed by Robert Cohen.

| Name | ADC# |
|------|------|
| Ammirato, Wayne | 094836 |
| Balderas, Martin | 229508 |
| Bertanelli, Jonathan | 047835 |
| Curry, Timothy | 040574 |
| Davis, Charles | 157225 |
| Duarte, Russell | 047604 |
| Ferrero, Patrick | 252112 |
| Fowles, Kenneth | 166074 |
| Guy, James | 201358 |
| Hunt, James | 135376 |
| Lago, Carlos | 043498 |
| Lopez, George | 079354 |
| McGill, Robert | 052841 |
| Neenan, Thomas | 173951 |
| Ortega, Greg | 125033 |
| Pamias, Eric | 171277 |
| Windom, Anthony | 126561 |
| Woofter, Joseph | 067676 |

We observe that your June 26, 2014 letter makes no mention of the references to inmates Balderas, #229508, Curry, #040574, and Windom, #126561. If you do not wish for us to provide updated medical files for these inmates, please advise immediately so unnecessary efforts are not extended.

We further acknowledge that the medical file for deceased inmate Roseland, #124449, is already in the production process.

### B.  Files reviewed by Todd Wilcox.

| Name | ADC# |
|------|------|
| Jacobs, Ronald | 093371 |
| Jones, Lois | 060669 |
| Kootswatea, Theodore | 150745 |
| Salas, Antonio | 138050 |

The medical file for inmate Kootswatea, #150745, that was previously produced bearing production numbers ADC251453 through ADC251502 runs through the date of his release from ADC custody on December 28, 2013. Accordingly, there are no updated medical records for inmate Kootswatea.

Corene Kendrick, Esq.
June 30, 2014
Page 3

### C.  Files reviewed by Pablo Stewart.

| Name | ADC# |
|------|------|
| Andrade, Sergio | 195824 |
| Avery, Jason | 269351 |
| Caicedo-Caneloz, Eric | 228215 |
| Elizalde-Cota, Joaquine | 280890 |
| Hall, Jamie | 163821 |
| Lamas, George | 218510 |

With respect to these six medical files, they are mentioned in "his notes, which are Exhibit B to his report, and include the[se] six persons." As you should be aware, inmate Elizalde-Cota, #280890, was a minor previously incarcerated at ASPC-Tucson.  Pablo Stewart testified at his deposition that he did not personally take any notes at Tucson, but rather that he "dictated them" to David Fathi at the conclusion of the tour.  Stewart Dep. at 38-42.  No notes from Pablo Stewart's review of medical records from Tucson have been attached to his reports or produced in response to Defendants' subpoena.  Accordingly, we renew our request that those notes dictated to Mr. Fathi be produced forthwith.[1]

### D.  Files reviewed by Craig Haney.

| Name | ADC# |
|------|------|
| Baker, Georgia | 187801 |
| Collins, Rocky | 040513 |

We contend that Craig Haney failed to timely disclose either of these inmates' medical files in forming his opinions, but his notes contain mention that he reviewed their "charts," so we will produce updates to their medical records.

During the course of our review of the remaining reports, however, we could not locate any evidence to support the inference that the following files were reviewed or relied upon by the following retained experts.  Simply because an inmate who was interviewed is identified in notes which may, or may not, have been produced with an expert report, does not lead to the conclusion that the files were considered, let alone, relied upon by an expert witness.

To the extent there remains any dispute over the production of updated files, that dispute is limited to the following 106 medical files and 125 Master Record Files.

---

[1] Nevertheless, since the text of Pablo Stewart's initial report may permit the inference that inmate Elizalde-Cota's medical file was reviewed, we will provide updated records from the date of the review through the inmate's release from ADC custody on September 25, 2013.

Corene Kendrick, Esq.
June 30, 2014
Page 4

### E.   Files allegedly reviewed by Brie Williams.

Not only does Brie Williams fail to properly disclose that she reviewed the following three medical files, but a review of her report confirms that (even if she did review them) she did not rely upon them in forming her opinions.  Her reports regarding these inmates discuss only the content of her interviews with these inmates and her observation of some of the recreation areas.

| Name | ADC# |
|------|------|
| Avanzi, Louis | 104515 |
| Eddy, Dennis | 053476 |
| Leyba-Hill, Michelle | 120631 |

As they are not disclosed as having been considered in forming her opinions, and a review of her report leaves no doubt that they were not relied upon, they fall outside the scope of Court's May 23, 2014 Order.

### F.   Files allegedly reviewed by Craig Haney.

We have already produced updates to the medical files of 47 inmates where Craig Haney listed them as materials he considered in preparing his reports.  Furthermore, while you contend that the nine inmates listed below were identified in Craig Haney's notes, those notes were not incorporated with or disclosed with the substance of his opinion testimony.[2]  There was no disclosure that he considered these inmates' medical files in preparing his expert report.  He only gives limited mention regarding these inmates in his reports and each mention exclusively details his interviews with the following nine inmates.  Unlike other inmates, there is no mention of a "chart review" in his notes pertaining to these inmates.

---

[2] As indicated previously, and without admitting or agreeing that Craig Haney properly disclosed that he considered them, we will be producing updated medical files for inmates Baker, #187801, and, Collins, #040513, where his notes contain a heading for a "chart review," even through all details pertaining to these inmates in his initial report appear to rely exclusively on his interviews with them.

Corene Kendrick, Esq.
June 30, 2014
Page 5

| Name | ADC# |
|------|------|
| Bean, Leonard | 159352 |
| Blackshear, Chase | 208994 |
| Garibo, John | 218563 |
| Hand, Anthony | 266711 |
| Holbrook, Scott | 259300 |
| Manygoats, Shiela | 193693 |
| Ramirez, Deanna | 264284 |
| Ternoir, Tameka | 212090 |
| Varela, Dustin | 274845 |

Moreover, no Master Record Files were made available for inspection or review on any of the expert tours, and all such files produced were produced solely in response to Plaintiff Licci's Request for Production No. 5. Accordingly, the following 58 Master Record Files are not documents upon which Craig Haney "relied" and are not subject to the plain language of the Court's May 23, 2014 Order.

| Name | ADC# |
|------|------|
| Alioa, Robert | 070520 |
| Alverdo, Carlos | 050444 |
| Antonides, Brandon | 153201 |
| Arce, Ray | 151480 |
| Baker, Georgia | 187801 |
| Bean, Leonard | 159352 |
| Blackshear, Chase | 208994 |
| Cain, Latonya | 172377 |
| Casas, Jesse | 156294 |
| Chavez, Patricia | 228178 |
| Collins, Rocky | 040513 |
| Dumond, Robert | 180847 |
| Ehmke, Wolfgang | 132189 |
| Galo, Frank | 150621 |
| Garibo, John | 218563 |
| Garza, Enrique | 248056 |
| Hand, Anthony | 266711 |
| Harmon, Robert | 251293 |
| Harris, Shaun | 198341 |
| Hernandez, Michael | 211872 |
| Holbrook, Scott | 259300 |
| Jaramillo, Robert | 039278 |
| Jimenez, Noe | 239038 |
| Johnson, Billy | 225801 |

Corene Kendrick, Esq.
June 30, 2014
Page 6

| Name | ADC# |
|------|------|
| Johnson, Charles | 099855 |
| Johnson, Willie | 220930 |
| Jones, Jason | 242070 |
| Kane, Thomas | 060051 |
| MacIsaac, Zachary | 252577 |
| Manygoats, Shiela | 193693 |
| Martinez, Eduardo | 121022 |
| Martinez, Mark | 200893 |
| Martinez, Ramon | 076688 |
| Mauricio, Jesse | 128194 |
| Nelson, Eric | 157808 |
| Ochoa, Henry | 257721 |
| Papanek, Jesse | 180906 |
| Pavloff, Christopher | 264480 |
| Perez, Christina | 194526 |
| Pruitt, Tony | 175985 |
| Ramirez, Deanna | 264284 |
| Rivera, Miguel | 239996 |
| Rodriguez, Frankie | 140309 |
| Rossum, Tristan | 121496 |
| Ruiz, David | 213456 |
| Sanchez, Alexander | 129230 |
| Sepulveda, Anthony | 222800 |
| Solorzano, Andrew | 281250 |
| Sullivan, Jody | 182295 |
| Tenny, Ryan | 263981 |
| Ternoir, Tameka | 212090 |
| Valle, Isaac | 126113 |
| Varela, Dustin | 274845 |
| Vargas, Nathanial | 138514 |
| Wheeler, Jennifer | 228570 |
| Williams, Tory | 190756 |
| Wozniak, Jesse | 129673 |
| Wright, Samuel | 207261 |

Corene Kendrick, Esq.
June 30, 2014
Page 7

### G.  Files allegedly reviewed by Eldon Vail.

Initially, we note that we previously produced updates for 12 medical files and 36 Master Record files which Eldon Vail disclosed that he considered in preparing his reports.  A review of Ms. Fettig's August 9, 2013 letter confirms that Eldon Vail did not request that any medical files be pulled for his review during his site inspections.  Furthermore, in the text of his reports, he only identifies three inmates by name or ADC identification number.  Finally, a review of his notes (which were not incorporated with his report) does not contain any indicia that he ever reviewed any of the following 58 medical files or that he "relied upon" any of them in forming his opinions.

| Name | ADC# |
|------|------|
| Adamson, Alvin | 190119 |
| Alverez, Mark | 182500 |
| Anderson, Deon | 262770 |
| Anderson, Virgina | 265961 |
| Archibeque, Michael | 092371 |
| Avila, Jacob | 217766 |
| Beasley, Thaddeus | 111724 |
| Begay, Jeremy | 273183 |
| Booth, Roddrick | 248310 |
| Caicedo-Caneloz, Eric | 228215 |
| Canales, Fernando | 135638 |
| Carr, Ray | 120406 |
| Connolly, Jay P. | 167895 |
| Conro, David | 246918 |
| Copas, Paul | 185706 |
| Cushman, Andrew | 247824 |
| Damous, Darrell | 247669 |
| Davis, Marcus | 165060 |
| DeRouche, Joshua | 147875 |
| Diaz, Eugene | 270867 |
| Duran, Adam | 209206 |
| Eddy, Dennis | 053476 |
| Enas, Michael | 172097 |
| Evans, William | 213432 |
| Fimbres, Cesar | 172483 |
| Gann, Jason | 182504 |
| Garcia, Ramon | 196249 |
| Gil, Marcos | 223040 |
| Glasscock, Jacob | 235550 |
| Gonzalez, Augustine | 076949 |

Corene Kendrick, Esq.
June 30, 2014
Page 8

| Name | ADC# |
| --- | --- |
| Guevera, Ricky | 202103 |
| Hand, Anthony | 266711 |
| Harris, Javon | 123545 |
| Hart, Chance | 176018 |
| Haves, Eric | 162876 |
| Hayes, Gabriel | 174960 |
| Hernandez, Ruben | 116412 |
| Herrera, Alfredo | 141081 |
| Hill, Clayton | 230403 |
| Horta, Anthony | 135540 |
| Jackson, Marcellus | 275352 |
| Jacobs, Ronald | 093371 |
| Jordan, Kenneth | 233937 |
| Lidy, William | 136911 |
| Logan, Patrick | 177604 |
| Long, Smitty | 156721 |
| Lyons, Donald | 099265 |
| Manual, Jahmari | 078985 |
| Manzanedo, Mathew | 079369 |
| Martinez, Hector | 240034 |
| Masbrugch, Chaine | 165945 |
| Masters, Bennie | 134860 |
| McDaniel, Tyson | 115043 |
| McJunkin, Robin | 109331 |
| Melancon, Aaron | 262571 |
| Mendoza, Ernesto | 228350 |
| Mitchell, Shacoia | 266314 |
| Morales, Angel | 234567 |
| Morales, Arturo | 251297 |
| Muzakkir, Warees | 082561 |
| Leon, Mariano | 209077 |
| Neville, William | 061616 |
| Nicolia, Adam | 254795 |
| Ortega, Michael | 240365 |
| Osario, Robert | 108309 |
| Pacheco, James | 215017 |
| Paddock, Lyle | 196476 |
| Pailate, Sam | 235510 |
| Qadir, Ahmed | 089104 |
| Ratliff, Wilford | 210575 |
| Renteria, Yara Giselle | 236532 |

Corene Kendrick, Esq.
June 30, 2014
Page 9

| Name | ADC# |
|---|---|
| Robins, Andrew | 248144 |
| Rubio, Sergio | 213703 |
| Salazar, Vincent | 211033 |
| Saucedo, Luis | 170180 |
| Scott, DeShawn | 146395 |
| Self, Heather | 231185 |
| Stamper, Glen | 174892 |
| Stephenson, Timothy | 201751 |
| Sweeney, Victor | 257549 |
| Thompson, Marcus | 161030 |
| Trevino, Gilberto | 223700 |
| Valenzuela, Eligio | 230945 |
| Varela, Dustin | 274845 |
| Vasquez, Christian | 274006 |
| Wakeman, Melissa | 271682 |
| Walliser, Michael | 181344 |
| Ward, Billy Ray | 207397 |
| Wheeler, Jennifer | 228570 |
| Whitewalker, Trevanne | 257315 |
| Williams, Berry | 267365 |
| Yak, Yak | 181109 |
| Yazzie, Eric | 233209 |
| Zambrano, Javier | 226439 |

No Master Record Files were made available for inspection by Eldon Vail during any of his site visits. Accordingly, the following 67 Master Record Files are not documents upon which he "relied" and are not subject to the plain language of the Court's May 23, 2014 Order.

| Name | ADC# |
|---|---|
| Adamson, Alvin | 190119 |
| Anderson, Deon | 262770 |
| Anderson, Virgina | 265961 |
| Arce, Ray | 151480 |
| Armenta, Febian | 201009 |
| Booth, Roddrick | 248310 |
| Damous, Darrell | 247669 |
| Diaz, Eugene | 270867 |
| Eddy, Dennis | 053476 |
| Enas, Michael | 172097 |
| Evans, William | 213432 |
| Gann, Jason | 182504 |

Corene Kendrick, Esq.
June 30, 2014
Page 10

| Name | ADC# |
|------|------|
| Gil, Marcos | 223040 |
| Glasscock, Jacob | 235550 |
| Gonzalez, Augustine | 076949 |
| Hand, Anthony | 266711 |
| Harris, Javon | 123545 |
| Hart, Chance | 176018 |
| Haves, Eric | 162876 |
| Hayes, Gabriel | 174960 |
| Hernandez, Ruben | 116412 |
| Horta, Anthony | 135540 |
| Jacobs, Ronald | 093371 |
| Johnson, Billy | 225801 |
| Kane, Thomas | 060051 |
| Lidy, William | 136911 |
| Logan, Patrick | 177604 |
| Long, Smitty | 156721 |
| Lyons, Donald | 099265 |
| Manual, Jahmari | 078985 |
| Manzanedo, Mathew | 079369 |
| Martinez, Mark | 200893 |
| McDaniel, Tyson | 115043 |
| McGee, Jack | 220171 |
| McJunkin, Robin | 109331 |
| Melancon, Aaron | 262571 |
| Mendoza, Ernesto | 228350 |
| Morales, Arturo | 251297 |
| Muzakkir, Warees | 082561 |
| Leon, Mariano | 209077 |
| Neville, William | 061616 |
| Ortega, Michael | 240365 |
| Osario, Robert | 108309 |
| Pacheco, James | 215017 |
| Paddock, Lyle | 196476 |
| Pailate, Sam | 235510 |
| Qadir, Ahmed | 089104 |
| Racer, Frank | 108121 |
| Ratliff, Wilford | 210575 |
| Robins, Andrew | 248144 |
| Rubio, Sergio | 213703 |
| Salazar, Vincent | 211033 |
| Saucedo, Luis | 170180 |

Corene Kendrick, Esq.
June 30, 2014
Page 11

| Name | ADC# |
|------|------|
| Self, Heather | 231185 |
| Stephenson, Timothy | 201751 |
| Thompson, Marcus | 161030 |
| Trevino, Gilberto | 223700 |
| Valenzuela, Eligio | 230945 |
| Varela, Dustin | 274845 |
| Walliser, Michael | 181344 |
| Ward, Billy Ray | 207397 |
| Wheeler, Jennifer | 228570 |
| Whitewalker, Trevanne | 257315 |
| Williams, Berry | 267365 |
| Yak, Yak | 181109 |
| Yazzie, Eric | 233209 |
| Zambrano, Javier | 226439 |

To the extent our review and reconsideration necessitates any change in Plaintiffs' position regarding the scope of the Court's May 23, 2014 Order, please provide us with a revised version of the notice of dispute, so that it may focus on only those records which remain in dispute.

Very truly yours,

Timothy J. Bojanowski
For the Firm

TJB/mg
2919336.1

cc:     Amelia Gerlicher (via email)
        Sarah Kader (via email only)
        Caroline Mitchell (via email only)
        David Fathi (via email only)
        Donald Specter (via email only)
        Michael Gottfried (via email only)
        Lucy Rand (via email only)