# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,   ) | No. CV-12-00601-PHX-NVW |
| Plaintiffs,   ) | |
| v.   ) | **ORDER** |
| Charles L. Ryan, et al.,   ) | |
| Defendants.   ) | |

Pursuant to Rule 16(d) of the Federal Rules of Civil Procedure and in preparation for the Final Pretrial Conference previously set for **October 6, 2014, at 1:30 p.m.**, and the trial previously set for **October 20, 2014, at 8:45 a.m.**:

**IT IS HEREBY ORDERED:**

1. The attorneys who will be responsible for the trial of the case shall attend the Final Pretrial Conference.

2. The parties jointly shall prepare a Proposed Final Pretrial Order and shall lodge it with the Court no later than **September 19, 2014**.[1]

3. Preparation and lodging of the Proposed Final Pretrial Order in accordance with the requirements of this Order shall be deemed to satisfy the disclosure requirements

---

[1] Preparation of the Proposed Final Pretrial Order may have to begin before the Court rules on the pending motion for summary judgment, which is expected within two weeks of completion of briefing. Further, any part of the case that is excluded on summary judgment can be removed from the draft Proposed Final Pretrial Order.

of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties shall submit a copy of the Proposed Final Pretrial Order to the Court in Microsoft Word 2010 (.doc) format (or higher) by email to Wake_Chambers@azd.uscourts.gov.

4. The Proposed Final Pretrial Order shall include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov under Judges & Courtrooms/Orders, Forms and Procedures/Judge Wake. Information shall not be set forth in the form of a question, but shall be presented in concise narrative statements.

5. The Proposed Final Pretrial Order shall also provide the following information.

- A chart showing, as to each listed witness, (a) a summary statement of the testimony; (b) an estimate of directed examination time; (c) an estimate of cross-examination time, and (d) the identity of any other witness offered by the same party who will testify to the same content and a brief explanation of why one or the other witness should not be excluded as duplicative.
- Witnesses and exhibits shall be listed in groups according to subjects of proof, not randomly or chronologically (though exhibits may be listed chronologically within a subject group).
- Estimates of total trial time for each side. The court will set time limits for each side.

6. Voluminous documents must be made available to opposing parties, Rule 1006, Federal Rule of Evidence 1006, but they may not be listed or offered as exhibits unless counsel in good faith believes they will be offered in evidence or a witness examined about them. Such documents shall be identified ahead of time for both sides to prepare. Documents exchanged but not listed as exhibits may be used at trial if the opposing party makes substantive reference to them.

7. Pursuant to Federal Rule of Civil Procedure 37(c) and except is provided in paragraph 6 above, no party may offer any exhibit, witness, or other evidence that was not

disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure and listed in the Proposed Final Pretrial Order, except to prevent manifest injustice. Duplicative witnesses will be excluded.

8. Stipulation to authentication of documents in the Joint Proposed Final Pretrial Order is encouraged. Objections to authentication must be listed with specific deficiency, not just general lack of authentication, or the objection is waived. For any objection to authentication, if the offering party must use trial time to prove authentication and the document is authenticated, the trial time taken to prove authentication shall be charged against the opposing party's trial time, not the party who offered the document.

9. The parties shall exchange drafts of the Proposed Final Pretrial Order no later than **September 8, 2014**. The Plaintiff shall have the burden of initiating communications concerning the Proposed Final Pretrial Order. The parties shall then respond to each side's contribution prior to submission of the proposed FPTO.

10. The parties shall (a) meet in person and exchange copies of all exhibits to be used at trial no later than **September 5, 2014** (any exhibit not exchanged at this meeting shall be precluded at trial); and (b) eliminate any duplicate exhibits while meeting to exchange exhibits.

11. The parties shall file and serve all motions in limine no later than **September 5, 2014**. Each party shall file all of its motions in limine in a single document, with subheadings distinguishing one motion from another by number (*e.g.*, "Motion in Limine No. 1: [*insert brief description of motion*]," "Motion in Limine No. 2: [*insert brief description of motion*]," etc.). Each motion shall include proposed language for the order in limine being sought from the Court, and the proposed language shall state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence. Responses to motions in limine shall be filed on or before **September 17, 2014**. No replies will be permitted. Matters that are not proper motions in limine, such as disguised late motions for partial summary judgment and challenges to foundation of expert testimony, may

be summarily denied.  Counsel shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

12. Each party shall lodge by **September 19, 2014,** proposed findings of fact and conclusions of law with the Proposed Final Pretrial Order.  The proposed findings of fact and conclusions of law shall also be submitted in Microsoft Word 2010 (.doc) format (or higher) by email to Wake_Chambers@azd.uscourts.gov.

13. The parties shall be prepared to advise the Court at the Final Pretrial Conference of the status of settlement discussions.  Should settlement or partial settlement be reached at any time, the parties promptly shall file a Notice of Settlement stating the extent of the settlement.

14. Counsel shall review Judge Wake's statement of Trial Conduct and Decorum before the Final Pretrial Conference.  A copy can be found on the Court's website at www.azd.uscourts.gov under Judges & Courtrooms/Orders, Forms and Procedures/Judge Wake.

DATED this 3rd day of July, 2014.

_____
Neil V. Wake
United States District Judge

- 4 -