| | |
|---|---|
| 1 | Christy W. Hancock (Ariz. Bar No. 027744) |
| | BRADLEY ARANT BOULT CUMMINGS LLP |
| 2 | Bank of America Corporate Center |
| | 100 N. Tryon Street |
| 3 | Ste. 2690 |
| | Charlotte, NC 28202 |
| 4 | (704) 338-6005 |
| | chancock@babc.com |
| 5 | |
| 6 | *ATTORNEY FOR CORIZON HEALTH, INC.* |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| 9 | Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
| | Plaintiffs, | **CORIZON HEALTH, INC.'S MOTION TO INTERVENE AS DEFENDANT AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | v. | |
| | Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| | Defendants. | |

Pursuant to Fed. R. Civ. P. 24, Corizon Health, Inc. respectfully submits this Motion to Intervene as a Defendant and Memorandum of Points and Authorities for the purpose of opposing Plaintiffs' Motion for An Order Authorizing *Ex Parte* Communications with Former Employees of Defendants and Their Agents. Intervention is appropriate under Fed. R. Civ. P. 24(a) or 24(b). Corizon's response is attached.

In support of this Motion, Corizon states as follows:

1. On June 27, 2014, Plaintiffs filed their Motion for an Order Authorizing *Ex Parte* Communications with Former Employees of Defendants and Their Agents (Doc. 981).

2. Plaintiffs served the motion on Corizon and on Tennessee counsel.

3. In the motion, Plaintiffs seek Court approval to communicate *ex parte* with former employees of Corizon, among others, regarding matters Plaintiffs claim are relevant to the case. Specifically, Plaintiffs intend to communicate with former employees about treatment of prisoners at Arizona Department of Correction facilities, which would necessarily involve the disclosure of confidential patient information and possibly confidential information on Corizon's business practices.

4. Corizon's Motion should be granted as of right under Fed. R. Civ. P. 24(a).

5. Pursuant to Rule 24(a)(2), a party is entitled to intervene where "(1) the intervention is timely; (2) the applicant has a 'significant protectable interest relating to the property or transaction that is the subject of the action'; (3) 'the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest'; and (4) 'the existing parties may not adequately represent the applicant's interest.'" Gonzalez v. Arizona, 485 F.3d 1041, 1051 (9th Cir. 2007) (quoting Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006)).

6. Corizon's motion is timely, as it is being submitted prior to the deadline set by the Court for responding to the request for *ex parte* communications—July 9, 2014 (Doc. 992).

7. Corizon has a significant protectable interest with regard to its confidential information. Plaintiffs seek to interview former employees who are under a confidentiality

- 2 -

7/3443419.1

agreement with Corizon, have confidential patient information, and may have confidential business information. Intervention is also necessary so that Corizon can prevent the disclosure of patient information in violation of HIPAA privacy laws.

8. Corizon's interest will be significantly impaired if it is not allowed to intervene. Granting of Plaintiffs' motion will result in the disclosure of confidential patient information and possibly confidential information on Corizon's business practices.

9. The other party defendant to this action does not adequately represent Corizon's interests. The ADC does not have the same interest in safeguarding Corizon's confidential information or in preventing the disclosure of patient information, which Corizon is obligated to protect.

10. As an alternative, Corizon's motion should be granted under Rule 24(b).

11. As stated in the response brief, Corizon seeks to oppose Plaintiffs' motion because *ex parte* contacts would lead to the disclosure of patient information in violation of HIPAA privacy laws and confidentiality agreements, because Plaintiffs do not identify the former employees they intend to contact, and because *ex parte* contacts would violate Arizona Rule 4.2. The response is attached.

## CONCLUSION

For all of the foregoing reasons, Corizon requests that its Motion to Intervene as Defendant be granted, that it be permitted to intervene for the purpose of opposing Plaintiffs' Motion for An Order Authorizing *Ex Parte* Communications with Former Employees of Defendants and Their Agents, and for such other and further relief to which Corizon may be entitled. A proposed order is attached.

DATED this 9th day of July 2014.

- 3 -

7/3443419.1

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By:  *s/ Christy W. Hancock*
       Christy W. Hancock (Ariz. Bar No. 027744)
Bank of America Corporate Center
100 N. Tryon Street, Ste. 2690
Charlotte, NC 28202
(704) 338-6005
chancock@babc.com

*Attorney for Corizon Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2014, I electronically transmitted the above document to the Clerk's Officer using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov
Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK, WIENEKE,& LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com

- 4 -

jlee@swlfirm.com

*Attorneys for Defendants*

Caroline Mitchell
Amir Q. Amiri
John Laurens Wilkes
Taylor Freeman
Kamilla Mamedova
Jennifer K. Messina
Kevin Brantley
JONES DAY
cnmitchell@jonesday.com
aamiri@jonesday.com
jlwilkes@jonesday.com
tfreeman@jonesday.com
kmamedova@jonesday.com
jkmessina@jonesday.com
kcbrantley@jonesday.com

Daniel C. Barr
Amelia M. Gerlicher
Kirstin T. Eidenbach
John H. Gray
Matthew B. du Mée
Jerica L. Peters
PERKINS COIE LLP
dbarr@perkinscoie.com
agerlicher@perkinscoie.com
keidenbach@perkinscoie.com
jhgray@perkinscoie.com
mdumee@perkinscoie.com
jpeters@perkinscoie.com

Daniel Pochoda
James Duff Lyall
ACLU FOUNDATION OF ARIZONA
jpochoda@acluaz.org
jlyall@acluaz.org

Dinald Specter
Alison Hardy
Sara Norman
Corene Kendrick

- 5 -

Warren E. George
PRISON LAW OFFICE
dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com
wgeorge@prisonlaw.com

David C. Fathi
Amy Fettig
Ajmel Quereshi
ACLU NATIONAL PRISON PROJECT
dfathi@npp-aclu.org
afettig@npp-aclu.org
aquereshi@npp-aclu.org

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Dustin Brislan; Sonia Rodriguez;
Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez;
Maryanne Chisholm; Desiree Licci; Joseph Hefner;
Joshua Polson; and Charlotte Wells,
on behalf of themselves and all others similarly situated*

I hereby certify that on July 9, 2014, I served the attached document by U.S. Mail on the following who NOT are participants of the CM/ECF system:

Wexford:
Wexford Health Sources, Inc.
Greentree Commons
381 Mansfield Ave., Suite 205
Pittsburgh, Pennsylvania 15220

James M. Jellison
3103 N. Central Ave. Suite 1090
Phoenix, Arizona 85012


                    *s/ Christy W. Hancock*