# EXHIBIT 1

# EXHIBIT 1

1  Daniel Pochoda (Bar No. 021979)
   James Duff Lyall (Bar No. 330045)*
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: dpochoda@acluaz.org
          jlyall@acluaz.org
5  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

6  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
   *Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
7  *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne*
   *Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
8  *and Charlotte Wells, on behalf of themselves and all*
   *others similarly situated*

9  **[ADDITIONAL COUNSEL LISTED ON**
   **SIGNATURE PAGE]**
10

11              UNITED STATES DISTRICT COURT

12                 DISTRICT OF ARIZONA

13  Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina           (MEA)
14  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
15  Hefner; Joshua Polson; and Charlotte Wells, on     **INDIVIDUAL NAMED**
    behalf of themselves and all others similarly      **PLAINTIFFS' FOURTH**
16  situated; and Arizona Center for Disability Law,   **SUPPLEMENTAL**
                                                       **DISCLOSURE STATEMENT**
17                   Plaintiffs,

18         v.

19  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
20  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
21  capacities,

22                   Defendants.

23

24         Pursuant to Fed. R. Civ. P. 26(a)(1), named plaintiffs Victor Parsons; Shawn

25  Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie

26  Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph

27  Hefner; Joshua Polson; Charlotte Wells (collectively, "Prison Plaintiffs"), submit their

28  Fourth Supplemental Disclosure Statement. Plaintiffs reserve the right to continue to

health care to ADC prisoners.  Mr. Taylor will testify with regard to any other topic for which Defendants have identified him as having knowledge.

### B.   INDIVIDUALS WHO MAY BE CALLED TO TESTIFY

Deposed Persons

28.   Michael Adu-Tutu, M.D.
c/o Struck Wieneke & Love, P.L.C.

Dr. Adu-Tutu was previously the Health Services Director and Dental Program Manager for ADC. Dr. Adu-Tutu was previously deposed, and plaintiffs may rely on his testimony with respect the provision of dental care at ADC before his departure from ADC, including the dental policies and procedures.  Plaintiffs may also call him to testify at trial regarding ADC's  provision of health care to prisoners in ADC facilities prior to his departure from ADC.

29.   *Terry Allred, ADC Health Services Contract Monitor, ASPC Lewis*
*c/o Struck Wieneke & Love, P.L.C.*

*Mr. Allred was previously deposed, and Plaintiffs may rely on his testimony with regard to ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Lewis, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic on which he was deposed or for which Defendants have designated him as having knowledge. Plaintiffs may also call him to testify at trial regarding the provision of health care to ADC prisoners.*

30.   Marlena Bedoya, ADC Health Services Contract Monitor
c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Ms. Bedoya on September 18, 2013 regarding her current position monitoring Corizon's provision of health care, and may  rely on her deposition testimony.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified her as having knowledge.

31.   Kathy Campbell, ADC Statewide Nursing Monitor
c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Ms. Campbell on September 11, 2013 and September 23, 2013 in the capacity of her current position monitoring Corizon's provision of health care, and may rely on her deposition testimony.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified her as having knowledge.

32.   Karen Chu, ADC Dental Program Monitor
c/o Struck Wieneke & Love, P.L.C.

Dr. Chu was previously deposed, and plaintiffs may rely on her deposition testimony with regard to ADC's monitoring, supervision, and oversight of dental care provided by Corizon and SPDS.  Plaintiffs may call her to testify at trial regarding the provision of dental care to ADC prisoners, and any other topic for which Defendants have identified her as having knowledge.

33.   Daniel Conn, Wexford Executive Vice President & Chief Operating Officer
c/o Wexford Health, Inc.

Plaintiffs deposed Mr. Conn on May 20, 2013 pursuant to the 30(b)(6) deposition subpoena issued to Wexford Health, Inc., regarding the provision of health care to ADC prisoners by Wexford; the termination of the agreement between Wexford and the ADC to provide health care for prisoners; and the cost of complying with the contract between Wexford and the ADC; any Confidentiality agreements, actual or contemplated, between Wexford and the ADC.  Plaintiffs may rely upon his deposition testimony, and may call him to testify at trial.

34.   Dr. Tracy L. Crews, M.D., Former Psychiatrist at ASPC-Perryville
████████████████████████

Dr. Crews was previously deposed, and plaintiffs may rely on her deposition testimony with regard to ADC's provision of mental health care to prisoners at ASPC-

1   Perryville and other prisons.

2      35.    Carmello Echeveirra, M.D., Wexford Medical Director at ASPC-Lewis
3             c/o Wexford Health, Inc.

4         Dr. Echeverria was previously deposed, and plaintiffs may rely on his deposition

5   testimony with regard to ADC's provision of medical care to prisoners at ASPC-Lewis.

6   Based upon Plaintiffs' understanding, Dr. Echeverria is no longer employed at ASPC-

7   Lewis, but he has not updated his contact information with the Arizona Medical Board.

8   Plaintiffs anticipate that Wexford, Health, Inc. would be able to assist in locating him.

9      36.    Neil Fisher, M.D. former Wexford Clinical Medical Director
10             c/o Wexford Health, Inc.

11         Plaintiffs deposed Dr. Fisher on October 8, 2013 pursuant to the 30(b)(6) deposition

12  subpoena issued to Wexford Health, Inc., regarding the provision of health care to ADC

13  prisoners by Wexford, and any other topic for which Wexford has designated him the

14  person at Wexford most knowledgeable on the topics.  Plaintiffs may rely upon his

15  deposition testimony, and may call him to testify at trial regarding the provision of health

16  care to ADC prisoners.

17      37.    ***Troy Evans, ADC Health Services Contract Monitor, ASPC-Safford***
18             ***c/o Struck Wieneke & Love, P.L.C.***

19         ***Mr. Evans was previously deposed, and Plaintiffs may rely on his testimony with***

20  ***regard to ADC's monitoring, supervision, and oversight of medical care provided by***

21  ***Corizon at ASPC-Safford, the provision of medical care at multiple prisons since his***

22  ***time of employment with ADC, and any other topic on which he was deposed or for***

23  ***which Defendants have designated him as having knowledge. Plaintiffs may also call***

24  ***him to testify at trial regarding the provision of health care to ADC prisoners.***

25      38.    Greg Fizer, ADC Deputy Warden of Central Unit
26             c/o Struck Wieneke & Love, P.L.C.

27         Mr. Fizer was deposed, and Plaintiffs may rely on his deposition testimony

28

regarding policies and procedures and implementation of said policies and procedures for: placement in, retention in, and release from isolation units: out-of-cell time in the isolation units, including but not limited to outdoor exercise; increases and decreases in prisoner privileges while housed in isolation; the provision of food to prisoners in isolation units, monitoring the effects of conditions of confinement in isolation units on prisoners' mental and physical health; the placement of prisoners  classified as "seriously mentally ill," "severely mentally ill," MH-3 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units; suicide watch procedures in the isolation units.  Mr. Fizer's testimony  may also include conditions of confinement in the isolation units, including programming available in the units such as mental health, counseling, employment, education, drug treatment, and rehabilitative services; training provided to correctional staff working in isolation units; required correctional staff levels for isolation units, including staffing schedules, posts and job duties.  Plaintiffs may call Mr. Fizer to testify at trial regarding the isolation units, and any other topic for which Defendants have identified him as having knowledge.

39.  Arthur Gross, ADC Assistant Director of Monitoring Bureau
     c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Mr. Gross on September 9, 2013 regarding his current position with ADC monitoring Corizon's compliance with the contract to provide all health care, and may rely on his deposition testimony.  Plaintiffs may call him to testify at trial regarding Corizon's provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

40.  *Mark Haldane, ADC Health Services Contract Monitor, ASPC-Perryville*
     *c/o Struck Wieneke & Love, P.L.C.*

*Mr. Haldane was previously deposed, and Plaintiffs may rely on his testimony with regard to ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Perryville, the provision of medical care at multiple prisons since*

1  *his time of employment with ADC, and any other topic on which he was deposed or for*

2  *which Defendants have identified him as having knowledge.  Plaintiffs may also call*

3  *him to testify at trial regarding the provision of health care to ADC prisoners.*

4     41.   Brian Hanstad, Dental Program Manager
5           c/o Corizon Health

6      Dr. Hanstad is one of the Dental Program Managers for the State of Arizona.  Dr.

7  Hanstad is expected to testify about the provision of dental care at ADC facilities; written

8  and unwritten dental policies and procedures, including the dental triaging of inmates for

9  emergent, urgent, or routine dental care, processing of HNRs, scheduling of appointments,

10  intake, staffing, and use of outside dental providers; tracking and scheduling of dental

11  appointments at ADC facilities; the capabilities and limitations of SPDS' Correctional

12  Dental Software; quality assurance at ADC facilities, including the methods, personnel,

13  policies, and procedures used to ensure that all dental staff provide timely and effective

14  dental care to inmates; the hiring and credentialing of employees who provide dental care

15  at ADC facilities; reports, evaluations, and statistical data regarding the provision of and

16  need for dental care for inmates; and changes to the provision of dental care, whether

17  formal or informal, after March 4, 2013.

18     42.   Vanessa Headstream, ADC Health Services Contract Monitor, Nursing Monitor
19           c/o Struck Wieneke & Love, P.L.C.

20      Ms. Headstream was previously deposed, and plaintiffs may rely on her deposition

21  testimony with regard to her monitoring, supervision, and oversight of nursing care at

22  ASPC-Perryville and ASPC-Lewis, as well as the provision of medical care at multiple

23  prisons since her time of employment with ADC, and all other topics to which she

24  testified in her deposition.  Plaintiffs may call her to testify at trial regarding the provision

25  of health care to ADC prisoners, and any other topic for which Defendants have identified

26  her as having knowledge.

27     43.   Karen Ingram, ADC Senior Procurement Specialist
28           c/o Struck Wieneke & Love, P.L.C.

1        Ms. Ingram was previously deposed, and plaintiffs may rely on her deposition

2   testimony with regard to the evaluation of each proposal submitted to ADC in response to

3   Solicitation No. ADOC12-00001105, privatization for all correctional healthcare.

4        44.    ***Anthony Medel, ADC Health Services Contract Monitor, ASPC Yuma***

5            ***c/o Struck Weineke & Love P.L.C.***

6        ***Mr. Medel was previously deposed, and Plaintiffs may rely on his testimony with***

7   ***regard to ADC's monitoring, supervision, and oversight of medical care provided by***

8   ***Corizon at ASPC-Yuma, the provision of medical care at multiple prisons since his time***

9   ***of employment with ADC, and any other topic on which he was deposed or for which***

10   ***Defendants have identified him as having knowledge.  Plaintiffs may also call him to***

11   ***testify at trial regarding the provision of health care to ADC prisoners.***

12        45.    ***Jen Mielke-Fontaine, ADC Health Services Contract Monitor, ASPC-***

13            ***Florence; previously Audit Nurse Contract Monitor, ASPC Eyman and***
         ***Florence***

14            ***c/o Struck Wieneke & Love, P.L.C.***

15        ***Ms. Mielke-Fontaine was previously deposed, and Plaintiffs may rely on her***

16   ***testimony with regard to ADC's monitoring, supervision, and oversight of medical care***

17   ***provided by Corizon at ASPC-Eyman and Florence, the provision of medical care at***

18   ***multiple prisons since her time of employment with ADC, and any other topic on which***

19   ***she was deposed or for which Defendants have identified her as having knowledge.***

20   ***Plaintiffs may also call her to testify at trial regarding the provision of health care to***

21   ***ADC prisoners.***

22        46.    ***John Mitchell, ADC Health Services Contract Monitor, ASPC-Winslow***

23            ***c/o Struck Wieneke & Love, P.L.C.***

24        ***Mr. Mitchell was previously deposed, and Plaintiffs may rely on his testimony***

25   ***with regard to ADC's monitoring, supervision, and oversight of medical care provided***

26   ***by Corizon at ASPC-Winslow, the provision of medical care at multiple prisons since***

27   ***his time of employment with ADC, and any other topic on which he was deposed or for***

28

*which Defendants have identified him as having knowledge.  Plaintiffs may also call*

*him to testify at trial regarding the provision of health care to ADC prisoners.*

47.   Karen Mullenix Wexford Project Operations Director and former Director of Operations in Arizona
c/o Wexford Health, Inc.

Plaintiffs deposed Ms. Mullenix on May 21, 2013 pursuant to the 30(b)(6) deposition subpoena issued to Wexford Health, Inc., regarding the provision of health care to ADC prisoners by Wexford; concerns Wexford had about performance of the contract with ADC to provide health care for prisoners; barriers, obstacles, or difficulties encountered by Wexford in providing healthcare for ADC prisoners and any other topic for which Wexford has designated her the person at Wexford most knowledgeable on the topics.  Plaintiffs may rely upon her deposition testimony, and may call her to testify at trial.

48.   ***Juliet Respicio-Moriarty, ADC Inmate Grievance Appeals Investigator
c/o Struck Wieneke & Love, P.L.C.***

***Ms. Respicio-Moriarty was previously deposed, and plaintiffs may rely on her testimony with regard to ADC's monitoring, supervision, and oversight of Corizon's processing of inmate grievances and appeals regarding health care, ADC's role in investigating the allegations of inadequate health care made in appeals and grievances, and any other topic on which she was deposed or for which Defendants have identified her as having knowledge. Plaintiffs may also call her to testify at trial.***

49.   Richard Rowe, M.D., ADC Medical Program Manager
c/o Struck Wieneke & Love, P.L.C.

Dr. Rowe was previously deposed, and plaintiffs may rely on his deposition testimony with regard to ADC's provision of medical care statewide at the prisons, and all other topics to which he was designated by Defendants as responsive to the 30(b)(6) request and to which he testified in his deposition. Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.

50.    Jeffrey Sharp, M.D., ASPC-Perryville
       c/o Corizon Health

Dr. Sharp was previously deposed, and plaintiffs may rely on his deposition testimony with regard to ADC's provision of medical care at multiple prisons across the state, and all other topics to which he testified in his deposition.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.

51.    Ben Shaw, Corizon Mental Health Statewide Director
       c/o Corizon Health

Dr. Shaw was previously deposed, and plaintiffs may rely on his deposition testimony with regard to ADC's provision of mental health care statewide at the prisons, his relevant knowledge and experiences as they relate to Plaintiffs' claims and all other topics to which he was designated by Defendants as responsive to the 30(b)(6) request and to which he testified in his deposition.

52.    Sam Tardibuono, ADC Douglas Monitor
       c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Mr. Tardibuono on September 19, 2013 in the capacity of his current position monitoring Corizon's provision of health care, and may rely on his deposition testimony.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

53.    ███████████████████████
       *c/o Jones Day*

*Mr.* ████████ *is an ADC inmate and class member.  He was deposed on April 4, 2013 to preserve his testimony for trial.  Mr.* ████████ *deposition testimony may be used with regard to the provision of health care provided to him while in the custody of ADC and/or the use of isolation and the conditions of confinement while in isolation. Mr.* ████████ *may also be called to testify at trial regarding the topics on which he was deposed.*

-15-

54.   Helena Valenzuela, ADC Health Services Contract Monitor ASPC Phoenix
      c/o Struck Wieneke & Love, P.L.C.

Ms. Valenzuela was previously deposed, and plaintiffs may rely on her deposition testimony with regard to her monitoring, supervision, and oversight of nursing care at ASPC-Phoenix, as well as the provision of medical care at multiple prisons since her time of employment with ADC, and all other topics to which she testified in her deposition. Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

55.   Carlos Weekly, Dental Director ASPC-Florence
      C/o Corizon Health

Dr. Weekly is one of the Dental Program Managers for the State of Arizona.  Dr. Weekly was previously deposed, and plaintiffs may rely on his deposition testimony. In addition to his deposition testimony, Dr. Weekly is expected to testify about the provision of dental care at ADC facilities; written and unwritten dental policies and procedures, including the dental triaging of inmates for emergent, urgent, or routine dental care, processing of HNRs, scheduling of appointments, intake, staffing, and use of outside dental providers; tracking and scheduling of dental appointments at ADC facilities; the capabilities and limitations of SPDS' Correctional Dental Software; quality assurance at ADC facilities, including the methods, personnel, policies, and procedures used to ensure that all dental staff provide timely and effective dental care to inmates; the hiring and credentialing of employees who provide dental care at ADC facilities; reports, evaluations, and statistical data regarding the provision of and need for dental care for inmates; and changes to the provision of dental care, whether formal or informal, after March 4, 2013.

56.   Winfred Williams, Arizona Chief Medical Officer
      c/o Corizon, Inc.

Plaintiffs deposed Mr. Williams on October 10, 2013 regarding his current position

-16-

1    as Corizon's Chief Medical Officer for the State of Arizona, and may rely on his

2    deposition testimony.  Plaintiffs may call him to testify at trial regarding Corizon's

3    provision of health care to ADC prisoners, and any other topic for which Defendants have

4    identified him as having knowledge.

5        57.    Martin Winland, ADC Pharmacy Monitor
                c/o Struck Wieneke & Love, P.L.C.
6

7        Plaintiffs deposed Mr. Winland on September 18, 2013 in the capacity of his

8    current position monitoring Corizon's provision of pharmacy services, and may rely on

9    his deposition testimony.  Plaintiffs may call him to testify at trial regarding the provision

10   of pharmacy services to ADC prisoners, and any other topic for which Defendants have

11   identified him as having knowledge.

12   <u>Others Not Deposed</u>

13   ~~Terry Allred, ADC Health Services Contract Monitor, ASPC Lewis~~
     ~~c/o Struck Wieneke & Love, P.L.C.~~
14

15   ~~Mr. Allred is currently ADC's monitor for ASPC Lewis, and Plaintiffs may call~~

16   ~~him to testify regarding ADC's monitoring, supervision, and oversight of medical care~~

17   ~~provided by Corizon at ASPC Lewis, the provision of medical care at multiple prisons~~

18   ~~since his time of employment with ADC, and any other topic for which Defendants have~~

19   ~~identified him as having knowledge. Plaintiffs may call him to testify at trial regarding the~~

20   ~~provision of health care to ADC prisoners.~~

21       58.    Patricia Arroyo, ADC Audit Nurse
                c/o Struck Wieneke & Love, P.L.C.
22

23       Plaintiffs may call Ms. Arroyo to testify regarding ADC's monitoring, supervision,

24   and oversight of nursing care provided by Corizon, the provision of nursing care at

25   multiple prisons since her time of employment with ADC, and any other topic for which

26   Defendants have identified her as having knowledge.  Plaintiffs may call her to testify at

27   trial regarding the provision of health care to ADC prisoners.

28

59.     Stephen Bender, ADC Private Prisons Contract Monitor
        c/o Struck Wieneke & Love, P.L.C.

Plaintiffs may call Mr. Bender to testify regarding ADC's monitoring, oversight, and supervision of Corizon's provision of mental health care at ADC prisons, Corizon's compliance with the privatization contract, and any other topics, the provision of health care to ADC prisoners and any other topic for which Defendants have identified him as having knowledge.

60.     Karyn Christie, Safford/Ft. Grant Monitor
        c/o Struck Wieneke & Love, P.L.C.

Plaintiffs may call Ms. Christie regarding her recent employment with ADC monitoring Corizon's provision of health care and the provision of health care to ADC prisoners.

61.     Trudy Dumkrieger, ADC Audit Nurse, Tucson
        c/o Struck Wieneke & Love, P.L.C.

Plaintiffs may call Ms. Dumkrieger to testify regarding ADC's monitoring, supervision, and oversight of nursing care provided by Corizon at ASPC-Tucson and the provision of nursing care at multiple prisons since her time of employment with ADC, and any other topic for which Defendants have identified her as having knowledge.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners.

~~Troy Evans, ADC Health Services Contract Monitor, ASPC-Safford~~
~~c/o Struck Wieneke & Love, P.L.C.~~

~~Mr. Evans is currently ADC's monitor for ASPC-Safford, and Plaintiffs may call him to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Safford, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic for which Defendants have identified him as having knowledge.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.~~

~~Mark Haldane, ADC Health Services Contract Monitor, ASPC-Perryville~~

-18-

1    ~~c/o Struck Wieneke & Love, P.L.C.~~

2    ~~Mr. Haldane is currently ADC's monitor for ASPC-Perryville, and Plaintiffs may~~

3    ~~call him to testify regarding ADC's monitoring, supervision, and oversight of medical~~

4    ~~care provided by Corizon at ASPC-Perryville, the provision of medical care at multiple~~

5    ~~prisons since his time of employment with ADC, and any other topic for which~~

6    ~~Defendants have identified him as having knowledge. Plaintiffs may call him to testify at~~

7    ~~trial regarding the provision of health care to ADC prisoners.~~

8        62.    Kevin Lewis, Medical Director at ASPC-Tucson
9               c/o Corizon Health

10   Plaintiffs may call Mr. Lewis to testify regarding his current position as Corizon's

11   Medical Director for ASPC-Tucson and Corizon's provision of health care to ADC

12   prisoners, and any other topic for which Defendants have identified him as having

13   knowledge.

14       ~~Anthony Medel, ADC Health Services Contract Monitor, ASPC-Yuma~~
15       ~~c/o Struck Wieneke & Love P.L.C.~~

16   ~~Mr. Medel is currently ADC's monitor for ASPC-Yuma, and Plaintiffs may call~~

17   ~~him to testify regarding ADC's monitoring, supervision, and oversight of medical care~~

18   ~~provided by Corizon at ASPC-Yuma, the provision of medical care at multiple prisons~~

19   ~~since his time of employment with ADC, and any other topic for which Defendants have~~

20   ~~identified him as having knowledge. Plaintiffs may call him to testify at trial regarding~~

21   ~~the provision of health care to ADC prisoners.~~

22       63.    Donna Mendoza, ADC Audit Nurse, Lewis and Perryville
23              c/o Struck Wieneke & Love, P.L.C.

24   Ms. Mendoza is currently ADC's audit nurse for ASPC-Lewis and Perryville, and

25   Plaintiffs may call her to testify regarding ADC's monitoring, supervision, and oversight

26   of medical and nursing care provided by Corizon at ASPC-Lewis and Perryville, the

27   provision of nursing care at multiple prisons since her time of employment with ADC, and

28

any other topic for which Defendants have identified her as having knowledge.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners.

~~Jen Mielke-Fontaine, ADC Health Services Contract Monitor, ASPC-Florence; previously Audit Nurse Contract Monitor, ASPC Eyman and Florence c/o Struck Wieneke & Love, P.L.C.~~

~~Ms. Mielke-Fontaine is currently ADC's monitor for ASPC-Florence, and previously was an audit nurse for ASPC-Eyman and Florence. Plaintiffs may call her to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Eyman and Florence, the provision of medical care at multiple prisons since her time of employment with ADC, and any other topic for which Defendants have identified her as having knowledge.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners.~~

~~John Mitchell, ADC Health Services Contract Monitor, ASPC-Winslow c/o Struck Wieneke & Love, P.L.C.~~

~~Mr. Mitchell is currently ADC's monitor for ASPC-Winslow, and Plaintiffs may call him to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Winslow, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic for which Defendants have identified him as having knowledge.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.~~

64.   Matthew Musson, ADC Health Services Contract Monitor, ASPC-Eyman c/o Struck Wieneke & Love, P.L.C.

Mr. Musson is currently ADC's monitor for ASPC-Eyman, and Plaintiffs may call him to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Eyman, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic for which Defendants have identified him as having knowledge.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.

65.    Joe Profiri, ADC Director of Contract Beds
       c/o Struck Wieneke & Love, P.L.C.

Plaintiffs may call Mr. Profiri to testify regarding his current position as the Director of all Contract Beds, including but not limited to the compliance of Wexford Health Inc. and Corizon Inc. with the terms of the contract to privatize all health care, the provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

~~Juliet Respicio-Moriarty, ADC Inmate Grievance Appeals Investigator~~
~~c/o Struck Wieneke & Love, P.L.C.~~

~~Plaintiffs may call her to testify regarding ADC's monitoring, supervision, and oversight of Corizon's processing of inmate grievances and appeals regarding health care, ADC's role in investigating the allegations of inadequate health care made in appeals and grievances, and any other topic for which Defendants have identified her as having knowledge.~~

66.    Christy Somner, Regional Director of Nursing
       c/o Corizon Health

Plaintiffs may call Ms. Somner to testify regarding her current position as Corizon's Director of Nursing for the State of Arizona and Corizon's provision of nursing care to ADC prisoners.

67.    Zoran Vukcevic, Florence Medical Director
       c/o Corizon Health

Plaintiffs may call Mr. Vukcevic to testify regarding his current position as Corizon's Medical Director for ASPC-Florence and Corizon's provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

68.    SPDS dental staff working in ADC facilities.

Such dental staff may testify about written and unwritten dental policies and

procedures, including the dental triaging of inmates for emergent, urgent, or routine dental care, processing of HNRs, scheduling of appointments, intake, staffing, and use of outside dental providers; tracking and scheduling of dental appointments at ADC facilities; the capabilities and limitations of SPDS' Correctional Dental Software; quality assurance at ADC facilities, including the methods, personnel, policies, and procedures used to ensure that all dental staff provide timely and effective dental care to inmates; and changes to the provision of dental care, whether formal or informal, after March 4, 2013.

69.   Employees of Corizon or ADC with knowledge about the provision of medical, dental or mental health care at ADC facilities.

These witnesses may be called to testify about the actual provision of health care, including any informal policies, procedures, or practices.  As Plaintiffs identify such persons, they will supplement their disclosure statements accordingly.

70.   Designated 30(b)(6) witnesses regarding conditions of confinement in the isolation units

Plaintiffs plan to depose Defendants designated 30(b)(6 witnesses regarding conditions of confinement in the isolation units on September 17 & 18, 2013 and may rely on these witness' deposition testimony. Plaintiffs may also call these witnesses to testify at trial regarding policies, procedures and practices for:  placement in, retention in, and release from isolation units: out-of-cell time in the isolation units, including but not limited to outdoor exercise; increases and decreases in prisoner privileges while housed in isolation; the provision of food to prisoners in isolation units, including but not limited to schedules for delivery of food; deviations from such schedules; menus; and nutritional analyses of menus and implementation of said policies and procedures; monitoring the effects of conditions of confinement in isolation units on prisoners' mental and physical health; the use of force or restraint by ADC staff on prisoners on suicide watch, taking psychotropic medications, or prisoners classified as "seriously mentally ill," "severely mentally ill," MH-3 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units.  The witnesses may also be asked to testify about conditions of confinement in the isolation units; including programming

available in the units, including but not limited to mental health, counseling, employment, education, drug treatment, and rehabilitative services; training provided to correctional staff working in isolation units; required correctional staff levels for isolation units, including staffing schedules, posts and job duties.  These witnesses may further be called to testify regarding policies, procedures, and practices for: health care staff monitoring the effects of conditions of confinement in isolation on prisoners' mental and physical health; suicide watch and suicide prevention in isolation units; the referral and transfer of prisoners from isolation units to inpatient mental health facilities, whether operated by the ADC or some other entity; the training provided to health care staff working with prisoners in the isolation units; the involvement of health care staff in the use of force or restraint by ADC staff on prisoner on suicide watch, taking psychotropic medications, or classified as "seriously mentally ill," "severely mentally ill," MH-3 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units; the mental health programs available to prisoners in each isolation unit, including but not limited to, group counseling, one-to-one counseling, jobs, and increased recreational and congregate activities;  the provision of health care to prisoners in isolation units;  the provision of health care to prisoners classified as "seriously mentally ill," "severely mentally ill," MH-1 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units.  Plaintiffs may also call these witnesses to testify at trial regarding any other topic for which Defendants have identified him or her as having knowledge.

71.   Current and former ADC prisoners with knowledge of the provision of health care at ADC facilities and/or conditions of confinement in the isolation units.

~~Plaintiffs will supplement  this list at a later date.~~

The following witnesses (##~~71-92~~ *72-93*) may be called to testify about their experiences regarding the actual provision of health care in ADC, ADC's use of isolation and conditions of confinement in the isolation units, specific ADC policies and procedures related to isolation units and the implementation of said policies and procedures in specific isolation units, and any other topic for which Defendants have identified him or

her as having knowledge.  As Plaintiffs identify such persons, Plaintiffs will supplement their disclosure statements accordingly.

72.  Gerald Thompson, Deputy Warden, ASPC-Eyman-SMU I
      c/o Struck Wieneke & Love, P.L.C.

73.  Lacy Scott, Deputy Warden, ASPC-Perryville-Lumley
      c/o Struck Wieneke & Love, P.L.C.

74.  Terri Savinen, Associate Deputy Warden, ASPC-Eyman-SMU I
      c/o Struck Wieneke & Love, P.L.C.

75.  Stephen Morris, Deputy Warden, ASPC-Eyman-Browning Unit
      c/o Struck Wieneke & Love, P.L.C.

76.  Antonio Barrios, Deputy Warden, ASPC-Eyman-Browning Unit
      c/o Struck Wieneke & Love, P.L.C.

77.  Jack Heet, Assoc. Deputy Warden, ASPC-Eyman-Browning Unit
      c/o Struck Wieneke & Love, P.L.C.

78.  Lance Hetmer, Warden, ASPC- Florence
      c/o Struck Wieneke & Love, P.L.C.

79.  Amy Barnes, Assoc. Deputy Warden, ASPC-Florence-Central Unit
      c/o Struck Wieneke & Love, P.L.C.

80.  Geralynn Woods, Assoc. Deputy Warden, ASPC-Florence-Central
      c/o Struck Wieneke & Love, P.L.C.

81.  Lacy Scott, Deputy Warden, ASPC-Perryville-Lumley
      c/o Struck Wieneke & Love, P.L.C.

82.  Carol Ortiz, Assoc. Deputy Warden, ASPC-Perryville-Lumly
      c/o Struck Wieneke & Love, P.L.C.

83.  Megan Muse, Deputy Warden, ASPC-Phoenix-Alhambra/Flamenco Unit
      c/o Struck Wieneke & Love, P.L.C.

84.  Travis Scott, Assoc. Deputy Warden, ASPC-Phoenix Alhambra/Flamenco Unit
      c/o Struck Wieneke & Love, P.L.C.

85.  Jeff Hood, ADC Deputy Director
       c/o Struck Wieneke & Love, P.L.C.

86.  Ernest Trujillo, ADC Southern Regions Operations Director (SROD)
      c/o Struck Wieneke & Love, P.L.C.

87.  Carson McWilliams, ADC Northern Region Operations Director (NROD)
      c/o Struck Wieneke & Love, P.L.C.

88.  Ron Credio, Warden, ASPC-Eyman
      c/o Struck Wieneke & Love, P.L.C.

89. [first name unknown] Munoz, Assistant Deputy Warden, ASPC-Eyman
c/o Struck Wieneke & Love P.L.C.

90. Judy Frigo, Warden, ASPC-Perryville
c/o Struck Wieneke & Love, P.L.C.

91. Angelo Daniels, Deputy Warden of Security Operations
c/o Struck Wieneke & Love P.L.C.

92. Julie Jackson, Deputy Warden, ASPC-Florence
c/o Struck Wieneke & Love, P.L.C.

93. James O'Neil, DWOP, ASPC-Perryville
c/o Struck Wieneke & Love, P.L.C.

94. Rhonda Jensen

Ms. Jensen may be called to testify regarding her knowledge of the provision of health care to her husband, named plaintiff Shawn Jensen, and her efforts and interactions with ADC staff to have him provided care. Ms. Jensen may also be called to testify regarding her knowledge of the provision of health care to other prisoners she knows.

95. Michelle Lependorf

Ms. Lependorf may be called to testify regarding her knowledge of the provision of health care to her brother, [REDACTED] who died while in custody of ADC.

96. Caroline Isaacs

Ms. Isaacs may be called to testify regarding her knowledge of the provision of health care at ADC facilities, ADC's use of isolation, and the conditions of confinement in isolation.

97. Lynn Nau

-25-

Ms. Nau may be called to testify regarding her knowledge of the provision of health care at ADC facilities, ADC's use of isolation, and the conditions of confinement in isolation.

98.   Margaret Plews

Ms. Plews may be called to testify regarding her knowledge of the provision of health care at ADC facilities, ADC's use of isolation, and the conditions of confinement in isolation.

99.   Doris Schartmueller

Ms. Schartmueller may be called to testify regarding her knowledge of the provision of health care to her spouse, ███████████ her efforts and interactions with ADC staff to have him provided care, and his ultimate death.  Ms. Schartmueller may also be called to testify regarding her knowledge of the provision of health care to other prisoners she knows.

100.   ████████

*ASPC Florence - Central Medical Unit*

*Mr.* ████ *is currently incarcerated at ASPC Florence.  Mr.* ████ *may be called to testify regarding the provision of health care provided to him while in the custody of ADC and/or the use of isolation and the conditions of confinement while in isolation.*

101.

-26-

1       *Mr. ███ was previously incarcerated at ASPC Winslow and was granted*

2   *clemency on October 31, 2013.  Mr. ███ may be called to testify regarding the*

3   *provision of health care provided to him while in the custody of ADC and/or the use of*

4   *isolation and the conditions of confinement while in isolation.*

5       102.   ***Laurie Vocke***

6

7

8       *Ms. Vocke may be called to testify regarding her knowledge of the provision of*

9   *health care to her spouse, ███████ and her efforts to have her spouse*

10   *provided care.*

11       103.   ***Mark Dehe***

12

13

14       *Mr. Dehe may be called to testify regarding his knowledge of the provision of*

15   *health care to his father, ███████ and his efforts to have his father*

16   *provided care.*

17       104.   ***Cassie Rogers***

18

19

20       *Ms. Rogers may be called to testify regarding her knowledge of the provision of*

21   *health care to her mother, ███████ and her efforts to have her mother*

22   *provided care, and her mother's ultimate death while in custody of ADC.*

23

24       105.   ***Cody Huggins***

25

26       *Mr. Huggins may be called to testify regarding his knowledge of the provision of*

27   *health care to his father, ███████ his efforts to have his father*

28

1   *provided care, and his father's ultimate death shortly after an imminent danger*

2   *(medical parole) release from ADC custody.*

3       106.   ***Jo Ann Lassell***

4       ███████████████████████

5

6       *Ms. Lassell may be called to testify regarding her knowledge of the provision of*

7   *health care to her brother,* ████████████████ *her efforts to have her brother*

8   *provided care and Mr.* ██████████ *ultimate death while in custody of ADC.*

9       107.   All Witnesses Identified *or Produced* by ~~Defendants~~ ***ADC or Corizon***.

10      108.   *Any additional witnesses that come to be known to Plaintiffs as a result of a
               critical health situation.  Such names shall be supplemented if, and when,
               made known to Plaintiffs pursuant to Federal Rule of Civil Procedure 26(e)
               at a later date.*

11

12

13      109.   *Any individuals that voluntarily furnish information relevant to Plaintiff's
               case, consistent with the Court's Order on Plaintiff's Pending Motion for an
               Order Authorizing Ex Parte Communications with Former Employees of
               Defendants and their Agents (ECF No. 981).  Such names shall be
               supplemented if, and when, made known to Plaintiffs pursuant to Federal
               Rule of Civil Procedure 26(e) at a later date.*

14

15

16      110.   *Any additional witnesses that come to be known to Plaintiffs as a result of the
               limited ongoing discovery. Such names shall be supplemented if, and when,
               made known to Plaintiffs pursuant to Federal Rule of Civil Procedure 26(e)
               at a later date.*

17

18

19  **II.    A COPY OF OR A DESCRIPTION BY CATEGORY AND LOCATION OF
            ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION,
            AND TANGIBLE THINGS THAT PLAINTIFFS MAY USE TO SUPPORT
            THEIR CLAIMS OR DEFENSES**

20

21      *The discovery period in this matter has largely closed and the record is nearly*

22  *complete.  Defendants have been furnished with copies and/or descriptions by category*

23  *and location of all documents, electronically stored information, and tangible things*

24  *that Plaintiffs may use to support their claims.  This includes all documents,*

25  *electronically stored information, and tangible things disclosed in Plaintiffs' previous*

26  *disclosure statements, as well as all documents, electronically stored information, and*

27  *tangible things made known to Defendants during the pendency of this litigation,*

28

-28-

1

2

3

4    Dated:  June 27, 2014                          **JONES DAY**

5                                                   By:  /s/ Caroline Mitchell
                                                        Caroline Mitchell (Cal. 143124)*
6                                                       Amir Q. Amiri (Cal. 271224)*
                                                        555 California Street, 26th Floor
7                                                       San Francisco, California 94104
                                                        Telephone:  (415) 875-5712
8                                                       Email:   cnmitchell@jonesday.com

9                                                               aamiri@jonesday.com

10                                                  *Admitted *pro hac vice*

11                                                  Daniel Pochoda (Bar No. 021979)
                                                    James Duff Lyall (Bar No. 330045)*
12                                                  **ACLU FOUNDATION OF
                                                    ARIZONA**
13                                                  3707 North 7th Street, Suite 235
                                                    Phoenix, Arizona 85013
14                                                  Telephone:  (602) 650-1854
                                                    Email:    dpochoda@acluaz.org
15                                                            jlyall@acluaz.org

16                                                  *Admitted pursuant to Ariz. Sup. Ct.
                                                    R. 38(f)
17
                                                    Donald Specter (Cal. 83925)*
18                                                  Alison Hardy (Cal. 135966)*
                                                    Sara Norman (Cal. 189536)*
19                                                  Corene Kendrick (Cal. 226642)*
                                                    Warren George (Cal. 53588)*
20                                                  **PRISON LAW OFFICE**
                                                    1917 Fifth Street
21                                                  Berkeley, California 94710
                                                    Telephone:  (510) 280-2621
22                                                  Email:    dspecter@prisonlaw.com
                                                              ahardy@prisonlaw.com
23                                                            snorman@prisonlaw.com
                                                              ckendrick@prisonlaw.com
24                                                            wgeorge@prisonlaw.com

25                                                  *Admitted *pro hac vice*

26

27

28