Christy W. Hancock (Ariz. Bar No. 27744)
BRADLEY ARANT BOULT CUMMINGS LLP
Bank of America Corporate Center
100 N. Tryon Street
Ste. 2690
Charlotte, NC 28202
(704) 338-6005
chancock@babc.com

*ATTORNEY FOR CORIZON HEALTH, INC.*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br>**CORIZON HEALTH, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING *EX PARTE* COMMUNICATIONS WITH FORMER EMPLOYEES OF DEFENDANTS AND THEIR AGENTS** |

Corizon Health, Inc. submits this Response In Opposition to Plaintiffs' Motion for An Order Authorizing *Ex Parte* Communications with Former Employees of Defendants and Their Agents.

## INTRODUCTION

Plaintiffs' motion should be denied for three reasons.  First, proposed *ex parte* contacts with former employees concerning patient treatment would necessarily involve the disclosure of patient information in violation of HIPAA privacy laws and confidentiality agreements. Plaintiffs do not address how they can get around HIPAA restrictions.  Second, although requesting *ex parte* communications with former employees, Plaintiffs do not identify the individuals they intend to contact.  As a result, it is impossible for the parties or the Court to determine whether *ex parte* communications may be appropriate.  Plaintiffs' representations that they do not intend to contact former employees responsible for creating policy or individuals who occupied a position giving rise to the claims are insufficient.  Third, it appears that Plaintiffs ***do*** intend to contact persons who occupy a position giving rise to the claims and who have confidential information.  Arizona Rule 4.2 prohibits *ex parte* communications in those circumstances.  For those reasons, Plaintiff's motion should be denied.

## ARGUMENT

**A.   *EX PARTE* CONTACTS WOULD LEAD TO DISCLOSURE OF PATIENT INFORMATION IN VIOLATION OF HIPAA PRIVACY LAWS AND CONFIDENTIALITY AGREEMENTS.**

Even if Plaintiffs could satisfy the requirements under Arizona Rule 4.2, Plaintiffs' motion should be denied because *ex parte* contacts with former employees would necessarily involve the disclosure of patient information in violation of HIPAA privacy laws and confidentiality agreements.  HIPAA prohibits the disclosure of protected health information by limiting its disclosure.  See 45 C.F.R. Part 160 et seq.  HIPAA provides for civil and criminal penalties for violations of its requirements.  42 U.S.C. §§ 1320d-5, d-6.  Plaintiffs propose contacting former employees who treated prisoners at ADC facilities and obtaining

information regarding treatment. Accordingly, Plaintiffs' communications will involve the disclosure of and wrongful use of protected health information in violation of the privacy laws under HIPAA. Plaintiffs do not address how they intend to get around the HIPAA restrictions. Because of the legitimate privacy interests of prisoners as to their protected health information and Corizon's obligation to prevent disclosure of that information, Plaintiffs' motion should be denied.

In addition, Corizon employees agree to keep information on a patient's care and business information confidential. Corizon employees agree that patient information may only be used or disclosed in accordance with Corizon's HIPAA policies and procedures. A true and correct copy of the confidentiality provision in Corizon's employee handbook is attached as **Exhibit A**. *Ex parte* contacts with former employees would violate that confidentiality provision. Corizon should be allowed to protect its legitimate business interest in safeguarding confidential information, including confidential patient information.

**B. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE PROPOSED *EX PARTE* COMMUNICATIONS DO NOT COMPLY WITH ARIZONA RULE 4.2.**

Plaintiffs request for *ex parte* communications should be denied because Plaintiffs do not identify the former employees they intend to contact and because the former employees they are likely to contact have confidential patient information and occupy positions giving rise to the claims. Accordingly, Plaintiffs' proposed *ex parte* contacts do not comply with Arizona Rule 4.2.

Arizona Rule 4.2 provides that "a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." As applied to organizations, comment 2 explains that the rule prohibits communications with three classes

of employees: (i) those with managerial responsibility; (ii) those whose acts or omissions relate to the matter in dispute; and (iii) those occupying a high ranking position:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any persons whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

With regard to former employees, counsel may **not** have *ex parte* contact with a former employee that occupied a high ranking position or occupied a position giving rise to a plaintiff's claims. See Lang v. Superior Court, 826 P.2d 1228, 1234-35 (Ariz. Ct. App. 1992). As the court in Kaiser explained:

> Given the obvious concern that confidential and privileged information should be protected, it makes no sense as a matter of law or policy to leave this important consideration under the exclusive control of a former employee (who may often be characterized as a "disgruntled" former employee) and opposing counsel. Even if opposing counsel is scrupulously careful, inadvertent lapses may occur which it would be impossible to police, and-as a practical matter-impossible for opposing counsel to ignore. Moreover, even if no confidential or privileged information is disclosed, the appearance of impropriety taints the integrity of the judicial system. Instead, the better approach is to adopt a rule which recognizes both ethical principles and human nature. If a former employee occupied a high ranking position such that his or her exposure to confidential or privileged information may be assumed, or occupied a position giving rise to a plaintiff's claims, then no *ex parte* contact should be permitted absent notice to the former employer.

Kaiser v. AT&T, 2002 WL 1362054 at *6 (D. Ariz. Apr. 5, 2002) (internal notes omitted). The interest of the corporation in protecting confidential information acquired during the course of employment remains after the employee leaves. Id.

The purpose of Rule 4.2 is (1) to prevent unscrupulous counsel from taking advantage of represented parties; (2) to protect the attorney-client relationship; and (3) to preserve the integrity of the judicial process. Kaiser, 2002 WL 1362054 at *5.

### 1. Plaintiffs' Motion Is Too Vague.

Corizon cannot adequately respond to Plaintiffs' Motion because Plaintiffs fail to identify the former employees whom they request to contact *ex parte*. Plaintiffs state they have been contacted by former employees of the Arizona Department of Corrections ("ADC"), Wexford Health Sources, Inc., and Corizon, and request Court approval to communicate with those individuals *ex parte*. See Motion at 1 (Doc. 981). According to Plaintiffs, they "believe that none of the whistleblowers occupied a high ranking position and that they likely have not been exposed to privileged information or information confidential to the defense in this litigation." Motion at 1 (Doc. 981). Without identification, neither Corizon nor the Court can verify whether that is true. Generally, all former employees involved in the treatment of prisoners at ADC facilities are likely to have confidential patient information. However, until Plaintiffs identify the specific employees that they propose to interview, Corizon cannot adequately respond to Plaintiffs' request. There is no precedent that would allow blank authority from the Court to contact former employees *ex parte*.

Plaintiffs' motion is too vague and should be denied on that basis.

### 2. Arizona Law Prohibits *Ex Parte* Contact With Former Employees Who Occupy A Position Giving Rise To The Underlying Litigation.

Counsel may ***not*** have *ex parte* contact with a former employees occupying a position giving rise to a plaintiff's claims. See Lang, 826 P.2d at 1234-35. By Plaintiffs' own admissions, the former employees have information "relevant to this case," and "[w]ithout an order permitting Plaintiffs' counsel to speak with these individuals *ex parte*, Plaintiffs will be unable to obtain highly probative evidence." Motion at 1-2 (Doc. 981). To the extent former employees have relevant and highly probative evidence, that is evidence giving rise to Plaintiffs' claims of inadequate health care, and *ex parte* contacts should are not allowed under Rule 4.2.

### C. CORPORATE COUNSEL SHOULD HAVE THE OPPORTUNITY TO BE PRESENT FOR ANY COMMUNICATIONS WITH FORMER EMPLOYEES.

An order denying Plaintiffs' request for *ex parte* communications would not prohibit communications with former employees. Instead, it would simply allow corporate counsel to be present when former employees may make statements that will vitally affect the company's legitimate interests. See Kaiser, 2002 WL 1362054 at *6. In addition to confidentiality concerns, statements by former employees could be used against Corizon in future litigation. Federal Rule of Evidence 801(d)(2)(D) permits admissions into evidence against a corporation of its employee's out-of-court statements that concern matters within the scope of the employee's employment. In fairness, corporate counsel should have the opportunity to be present during any interviews of its former employees.

### CONCLUSION

For all of the foregoing reasons, Corizon requests that Plaintiffs' Motion for An Order Authorizing *Ex Parte* Communications with Former Employees of Defendants and Their Agents be denied, and for such other and further relief to which Corizon may be entitled.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: *s/ Christy W. Hancock*
    Christy W. Hancock (Bar No.027744)
Bank of America Corporate Center
100 N. Tryon Street, Ste. 2690
Charlotte, NC 28202
(704) 338-6005
chancock@babc.com

*Attorney for Corizon Health, Inc.*

7/3443508.1

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2014, I electronically transmitted the above document to the Clerk's Officer using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov
Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK, WIENEKE,& LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*


Caroline Mitchell
Amir Q. Amiri
John Laurens Wilkes
Taylor Freeman
Kamilla Mamedova
Jennifer K. Messina
Kevin Brantley
JONES DAY
cnmitchell@jonesday.com
aamiri@jonesday.com
jlwilkes@jonesday.com
tfreeman@jonesday.com
kmamedova@jonesday.com

jkmessina@jonesday.com
kcbrantley@jonesday.com

Daniel C. Barr
Amelia M. Gerlicher
Kirstin T. Eidenbach
John H. Gray
Matthew B. du Mée
Jerica L. Peters
PERKINS COIE LLP
dbarr@perkinscoie.com
agerlicher@perkinscoie.com
keidenbach@perkinscoie.com
jhgray@perkinscoie.com
mdumee@perkinscoie.com
jpeters@perkinscoie.com

Daniel Pochoda
James Duff Lyall
ACLU FOUNDATION OF ARIZONA
jpochoda@acluaz.org
jlyall@acluaz.org

Dinald Specter
Alison Hardy
Sara Norman
Corene Kendrick
Warren E. George
PRISON LAW OFFICE
dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com
wgeorge@prisonlaw.com

David C. Fathi
Amy Fettig
Ajmel Quereshi
ACLU NATIONAL PRISON PROJECT
dfathi@npp-aclu.org
afettig@npp-aclu.org
aquereshi@npp-aclu.org

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Dustin Brislan; Sonia Rodriguez;
Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez;*

7/3443508.1

- 8 -

*Maryanne Chisholm; Desiree Licci; Joseph Hefner;
Joshua Polson; and Charlotte Wells,
on behalf of themselves and all others similarly situated*

    I hereby certify that on July 9, 2014, I served the attached document by U.S. Mail on the following who NOT are participants of the CM/ECF system:

Wexford:
Wexford Health Sources, Inc.
Greentree Commons
381 Mansfield Ave., Suite 205
Pittsburgh, Pennsylvania 15220

James M. Jellison
3103 N. Central Ave. Suite 1090
Phoenix, Arizona 85012

                                                *s/ Christy W. Hancock*

# EXHIBIT A

# CORIZON™ PEOPLE



# EMPLOYEE SUCCESS GUIDE

YOUR Guide To Success!


A Valitás Health Services, Inc. Company

105 Westpark Drive  
Suite 200  
Brentwood, Tennessee 37027

12647 Olive Boulevard  
Saint Louis, Missouri  63141

| 4.1 | **CONFIDENTIALITY** |
|---|---|

As an employee of Corizon, you are exposed to information concerning patients as well as institution and Company activities that must be held in strict confidence. Any information concerning a patient's condition, care, treatment or personal data is considered confidential and may only be used or disclosed in accordance with Corizon's HIPPA policies and procedures.

Employees also have a duty to maintain the confidentiality of business information. Any unauthorized dissemination of business information may result in corrective action up to and including termination.

A breach of confidence, in addition to being unethical, may involve you, the institution, and Corizon in legal proceedings. Violation of this policy may result in immediate corrective action, up to and including termination.