1  Daniel Pochoda (Bar No. 021979)
   James Duff Lyall (Bar No. 330045)*
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: dpochoda@acluaz.org
          jlyall@acluaz.org
5  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

6  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin
   Brislan, Sonia Rodriguez, Christina Verduzco, Jackie*
7  *Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm,
   Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte*
8  *Wells, on behalf of themselves and all others similarly
   situated*

9  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

10

11  Sarah Kader (Bar No. 027147)
    Asim Varma (Bar No. 027927)
12  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
13  Telephone: (602) 274-6287
    Email: skader@azdisabilitylaw.org
14         avarma@azdisabilitylaw.org

15  *Attorneys for Plaintiff Arizona Center for Disability Law*

16  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

17                    UNITED STATES DISTRICT COURT

18                          DISTRICT OF ARIZONA

19  Victor Parsons; Shawn Jensen; Stephen Swartz;           No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina              (MEA)
20  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
21  Hefner; Joshua Polson; and Charlotte Wells, on          **PLAINTIFFS' REPLY IN**
    behalf of themselves and all others similarly           **SUPPORT OF MOTION FOR**
22  situated; and Arizona Center for Disability Law,        **AN ORDER AUTHORIZING**
                                                            ***EX PARTE***
23              Plaintiffs,                                 **COMMUNICATIONS WITH**
         v.                                                 **FORMER EMPLOYEES OF**
24                                                          **DEFENDANTS AND THEIR**
    Charles Ryan, Director, Arizona Department of           **AGENTS**
25  Corrections; and Richard Pratt, Interim Division
    Director, Division of Health Services, Arizona          **[REDACTED]**
26  Department of Corrections, in their official
    capacities,
27
                Defendants.
28

78204-0001/LEGAL122714719.1

## INTRODUCTION

Defendants and Intervenor Corizon Health, Inc. ("Corizon") oppose Plaintiffs' Motion on two grounds, neither of which has merit.[1]

First, Defendants maintain that, by seeking permission for *ex parte* interviews, Plaintiffs are circumventing this Court's discovery schedule. That argument mischaracterizes Plaintiffs' Motion. Plaintiffs do not seek additional discovery. Instead, as others have done in similar circumstances, Plaintiffs seek clarification of the ethical rules to avoid conduct that this Court would deem improper. *See United States v. Grace*, 401 F. Supp. 2d 1065 (D. Mont. 2005) (granting the government's motion for an order authorizing ex parte contact with defendant's former employees).[2]

Even if the Court construes the Motion as a request for discovery, however, the request is substantially justified. Plaintiffs were not aware of certain individuals, such as Ms. Teresa Short, during the discovery process. Moreover, the information that the former employees may provide potentially rises to the level of constitutional significance. Plaintiffs allege grave, dire, and unconstitutional conditions that are irrevocably injuring and even killing members of the Plaintiff class. The Court should not preclude Plaintiffs from accessing information that could point to wrongdoing that is endangering the Plaintiff class.

Second, Defendants and Corizon have argued that Rule 4.2 does not permit *ex parte* interviews of former low-level employees of ADC or its agents. Defendants and Corizon, however, have failed to carry their burden of showing that the attorney-client relationship extends to individuals who are no longer employed by ADC or its agents, never occupied managerial positions, and never took part in the decisions that gave rise to this lawsuit. Accordingly, the Court should grant Plaintiffs' Motion.

---

[1] Wexford was served with Plaintiffs' Motion but did not file a response.
[2] Introducing the information that Plaintiffs learn at trial would require Plaintiffs to make a good cause showing, on which the Court could rule at a later date (if ever). For example, if Plaintiffs were to discover that Defendants concealed documents during the discovery process, Plaintiffs could make a good cause showing that the whistleblowers be allowed to testify at trial.

**DISCUSSION**

**I.     PLAINTIFFS HAVE NOT REQUESTED ADDITIONAL DISCOVERY.**

Defendants devote much of their Response to complaining of the "extreme[] prejudice[]" that would result if Plaintiffs are permitted to call the former, non-managerial employees of ADC, Wexford, and Corizon as trial witnesses. In particular, Defendants argue that Plaintiffs should have disclosed these former employees as potential trial witnesses before September 27, 2013.[3] This is a straw man, designed to distract the Court from Plaintiffs' real request. Plaintiffs have not requested any additional discovery. Plaintiffs' Motion does not seek to depose the whistleblowers, to call them as witnesses at trial, or to obtain leave to admit materials received from the whistleblowers as trial evidence. At this point, Plaintiffs do not even know what the whistleblowers have to report.

Beyond mischaracterizing the substance of Plaintiffs' Motion, Defendants have not explained what "extreme[] prejudice[]" they would suffer if Plaintiffs conduct *ex parte* interviews with former, non-managerial employees who played no role in setting the policies and practices that put Plaintiffs at risk of harm.[4] Of course, the whistleblowers

---

[3] Plaintiffs have not, as Defendants suggest, waited to spring the existence of the whistleblowers on Defendants and the Court. Most of the individuals seeking to speak with Plaintiffs' attorneys have only come forward after Ms. Teresa Short, a former Corizon patient care technician and one of the potential whistleblowers, reported her experiences at the facilities to a local media outlet, which broadcast the resulting story on May 22, 2014. [*See* Doc. 981 at 3 n.3] Disclosing the existence of the whistleblowers after the close of discovery, therefore, was "substantially justified." Fed. R. Civ. P. 26(c)(1); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)) (holding that willfulness is a factor in determining whether surpassing a discovery deadline is "substantially justified"). Both Defendants and Corizon criticize Plaintiffs for not disclosing the identities of the whistleblowers. Because the whistleblowers contacted Plaintiffs' attorneys in confidence, Plaintiffs' attorneys chose not to disclose their identities until this Court rules on the present Motion. However, Plaintiffs have supplemented their Disclosure Statement by describing the whistleblowers in general terms. [*See* Doc. 983; Ex. 1 at 28]

[4] Defendants claim that even bringing the present motion prejudices them because it has made the Court and the Settlement Judge aware of "the allegations." [Doc. 1001 at 4:23] But what "allegations"? Plaintiffs' Motion simply restated the basic gravamen of Plaintiffs' Complaint. Indeed, at this time Plaintiffs cannot make any new allegations because Plaintiffs have not had the opportunity to determine what the whistleblowers wish to report.

1  may further confirm the dangerous conditions that exist in Defendants' prisons. But the
2  fact that the whistleblowers may provide information damaging to Defendants' case does
3  not establish prejudice. *Lang v. Superior Court*, 170 Ariz. 602, 607 (App. Div. 1 1992)
4  ("[Former employees] may have information which is damaging to [Defendants], but this
5  does not justify a ban on ex parte communications.").

6  Moreover, even if the Court will not permit Plaintiffs to call the whistleblowers as
7  trial witnesses, Plaintiffs have other legitimate and weighty interests in speaking with
8  these individuals. As the Court may have ascertained from Defendants' Response, the
9  parties' dispute about the propriety of the present Motion is part of a larger dispute about
10 Defendants' failure to comply with this Court's discovery schedule. Long past the close
11 of discovery, and only because of this Court's orders, Defendants have recently begun to
12 produce documents that are clearly relevant and damaging to their case. Even the
13 documents that Plaintiffs have received, however, do not appear to tell the whole story.

14 ████████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████████

21 ████████  *See* ADC335110-11, attached as Exhibit 1 to the Declaration of Caroline N.
22 Mitchell in Support of Plaintiffs' Reply, filed herewith. Ms. Teresa Short, the patient care
23 technician who found Mr. Copeland lying in a pool of his own blood, told a very different
24 story. According to Ms. Short, although she repeatedly told senior staff that the patient
25 needed additional supervision, the patient was sent to his unsupervised cell for the
26 ─────────────

27 5 ████████████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████████████

evening, where he confusedly, but predictably, caused his own death.[6]  Ms. Short is illustrative of the individuals who have proactively contacted Plaintiffs' attorneys. Plaintiffs' attorneys should be permitted to speak with her and understand whether her percipient knowledge bears on this litigation.

## II. DEFENDANTS HAVE FAILED TO ESTABLISH THAT AN ATTORNEY-CLIENT RELATIONSHIP APPLIES

Defendants assert that "Plaintiffs have not established that their requested *ex parte* interviews of unidentified former employees comply with ER 4.2," as if Plaintiffs bear this burden. [Doc. 1001 at 5:19-20]  But the law is just the opposite.  By default, the whistleblowers may speak with whomever they like, *cf. Lane v. Franks*, No. 13-483, slip op. at 6 (U.S. Sup. Ct., June 19, 2014) (noting the First Amendment rights of public employees), and Plaintiffs' attorneys may conduct "[r]outine informal interviews of such persons who are not believed to be central to the case." *Curley v. Cumberland Farms*, 134 F.R.D. 77, 90 (D.N.J. 1991).  It is *Defendants* who bear the burden of showing that their sprawling theory of Rule 4.2 is correct—that is, that the attorney-client relationship extends to every person who has ever worked for Corizon, Wexford, ADC, or their agents, over the period covered in Plaintiffs' Complaint and the litigation. *See von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987); *United States v. Housing Auth. of Milford*, 179 F.R.D. 69, 71 (D. Conn. 1997) ("In certain circumstances, a court may extend a party's privilege to cover the party's former employees.  However, before the attorney-client privilege can be used to prevent such *ex parte* contact, the party asserting the privilege must meet its burden of establishing that the privilege exists.") (internal citations omitted); *Polycast Tech. Corp. v. Uniroyal, Inc.*, 129 F.R.D. 621, 629 (S.D.N.Y. 1990); *Curley v. Cumberland Farms, Inc.*, 134 F.R.D. 77, 82 (D.N.J. 1991) ("[T]he

---

[6] Wendy Halloran, *Death Sentence: Prison Healthcare Costly, Ineffective*, 12 NEWS, May 22, 2014, http://www.azcentral.com/story/news/arizona/2014/05/22/12news-death-sentence-prison-healthcare-costly-ineffective/9395497, attached as Exhibit 1 to Plaintiffs' Motion For an Order Authorizing *Ex Parte* Communications with Former Employees of Defendants and Their Agents.

1 corporate party seeking to establish the equivalent of party-status for its former employees
2 under RPC 4.2 must bear the burden of coming forward with a basis to include those ex-
3 employees within the parameters of RPC 4.2 based on *fact*, not hypothetical." (emphasis
4 in original)).  Defendants have failed to carry this burden.

5 Defendants' primary theory is that the former, non-managerial employees of ADC
6 and its agents "occupy positions giving rise to Plaintiffs' claims" because they were
7 "employees responsible for providing healthcare." [Doc. 1001 at 7:5-6]  But this is just
8 another instance of Defendants' obstinate disregard of this Court and the Ninth Circuit,
9 which have both ruled that this is not a case about individual instances of mistreatment.
10 The former employees whom Plaintiffs' attorneys wish to interview potentially have two
11 types of information.  On the one hand, each former employee might report anecdotes of
12 how he or she, on some occasion, failed to provide adequate medical care to a particular
13 patient.  Both the Ninth Circuit and this Court have made clear that this is not the sort of
14 evidence on which Plaintiffs' case will rise and fall.  On the other hand, each former
15 employee might report how the facilities' systemic policies and practices function (or fail)
16 on a larger scale.  As Defendants concede, *this* is exactly the sort of information about
17 which Plaintiffs' attorneys are clearly permitted to communicate *ex parte* with the
18 whistleblowers because none of these former low-level employees had responsibility for
19 setting these policies or practices.  [*See* Doc. 1001 at 7 n.6 ("[I]n *Lang . . . ex parte*
20 communication with the driver of the vehicle involved in a single vehicle accident would
21 be prohibited, but *ex parte* communication with other employees of the company who
22 were not liable for the accident would be allowed.").

23 Defendants also complain that there is no clear line between those employees who
24 create policy and those employees who do not.  Perhaps true, but there is also no clear line
25 between "managerial" and "non-managerial" employees.  *See Richards v. Holsum Bakery*,
26 No. CV 09-00418, 2009 WL 3740725, at *3 (D. Ariz. Nov. 5, 2009) ("[T]he parameters
27 of the term 'managerial responsibility' are unclear.") (internal quotation omitted).  Yet the
28 case law is perfectly clear that Plaintiffs' attorneys are entitled to communicate *ex parte*

with former non-managerial employees who agree to speak with them. Plaintiffs suggested "policy creation" as a sensible line between managerial and non-managerial employees to clarify that their attorneys will not seek to communicate with high-level officials who created the policies that have put Plaintiffs at risk of serious harm and also to clarify that Plaintiffs' attorneys are entitled to speak with individuals who were "managers" merely in the sense that they oversaw other employees. *See Orlowski v. Dominick's Finer Foods, Inc.*, 937 F. Supp. 723 (N.D. Ill. 1996); *Carter-Herman v. City of Philadelphia*, 897 F. Supp. 899, 904 (E.D. Pa. 1995). Wherever the line is drawn, however, Plaintiffs' attorneys should be allowed to speak with the particular whistleblowers in this case. The individuals who have left messages with Plaintiffs' attorneys in light of recent publicity about the case have indicated that they occupied positions as care providers, not policy makers. *See Kaiser v. Am. Tel. & Tel.*, No. CIV 00-724-PHX JWS, 2002 WL 1362054, at *6 (D. Ariz. Apr. 5, 2002) (holding that opposing counsel may not have *ex parte* contact with a former employee who occupied a "high ranking position such that his or her exposure to confidential or privileged information may be assumed").[7]

Finally, Defendants maintain that statements by the whistleblowers can be imputed to them. Plaintiffs' attorneys will represent that, before each interview, they will ask each interviewee whether the interviewee is currently employed by ADC, Corizon, or Wexford

---

[7] Corizon has moved to intervene and has argued that Plaintiffs' attorneys may not communicate *ex parte* with any of their former employees because such communications "would necessarily involve the disclosure of patient information in violation of HIPAA privacy laws and confidentiality agreements." [Doc. 1000 at 2:21-24] This argument is meritless for two reasons. First, while patient medical information is undoubtedly confidential, Rule 4.2 was designed to protect confidential information relating to the attorney-client relationship, not the doctor-patient relationship. *See Kaiser*, 2002 WL 1362054, at *5 (noting that the purpose of Rule 4.2 is inter alia to protect the attorney-client relationship). Second, sufficient safeguards exist to prevent confidential patient information from being disclosed during ex parte interviews. As Corizon notes, HIPAA and Corizon's employee handbook prohibit the disclosure of protected health information, and HIPAA provides for civil and criminal penalties for violations of its requirements. *See* 42 U.S.C. §§ 1320d-5, d-6. Moreover, Plaintiffs' attorneys will remind interviewees of their obligation not to disclose confidential information before asking them any questions.

1  and will not continue to interview anyone who answers affirmatively.  Moreover, if the
2  Court grants this Motion, Plaintiffs will agree that statements by the whistleblowers may
3  not be used as admissions of Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order authorizing Plaintiffs' attorneys to contact and interview *ex parte* former non-managerial employees of ADC, Wexford, and Corizon.

Dated: July 11, 2014              **JONES DAY**

By:   s/ Caroline N. Mitchell
    Caroline Mitchell (Cal. 143124)*
    Amir Q. Amiri (Cal. 271224)*
    555 California Street, 26th Floor
    San Francisco, California 94104
    Telephone:  (415) 875-5712
    Email:    cnmitchell@jonesday.com
           aamiri@jonesday.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
        agerlicher@perkinscoie.com
        keidenbach@perkinscoie.com
        jhgray@perkinscoie.com
        mdumee@perkinscoie.com
        jpeters@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
          jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com
          wgeorge@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@npp-aclu.org
          afettig@npp-aclu.org
          aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email: jlwilkes@jonesday.com
tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email: kmamedova@jonesday.com
jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email: kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: <u>s/ Sarah Kader</u>
    Sarah Kader (Bar No. 027147)
    Asim Varma (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email:   skader@azdisabilitylaw.org
              avarma@azdisabilitylaw.org

    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    **ARIZONA CENTER FOR DISABILITY LAW**
    100 N. Stone Avenue, Suite 305
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:   jrico@azdisabilitylaw.org
              jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

# CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
***Attorneys for Defendants***

Christy W. Hancock
BRADLEY ARANT BOULT CUMMINGS LLP
chancock@babc.com
***Attorneys for Corizon Health, Inc.***

I hereby certify that on July 11, 2014, I served the attached document by Federal Express on the following who are NOT are participants of the CM/ECF system:

Russell R. Yurk
Jones Skelton & Hochuli
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
***Attorneys for Wexford***

   s/ D. Freouf

78204-0001/LEGAL122714719.1                -11-