# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for an Order Authorizing Ex Parte Communications with Former Employees of Defendants and their Agents (Doc. 981), the Response, and the Reply. Plaintiffs seek a broad authorization for their counsel to communicate with former employees of the medical vendors for the Arizona Department of Corrections without counsel for the employer or the Department present. Plaintiffs' motion only describes one former employee, who does not appear to have performed a managerial or policymaking role, but the remainder of the motion speculates regarding other persons and their roles. The Motion is not clear whether they seek authorization only to respond to contacts previously initiated by the employees or also to initiate contact with other employees. Defendants and the current vendor, Corizon, Inc., object.

The time for disclosure of witnesses and for close of discovery has passed. A firm trial date of October 20, 2014, was set 19 months in advance on March 13, 2013, so the witnesses, the parties, counsel, and the Court could rely on it.

The Court declines to give the abstract and generic authorization the Plaintiffs request. Plaintiffs' counsel are aware of the ethical rules governing contact with these persons and must abide by those rules. The Court cannot bless or condemn, in advance, conduct that will depend on unknown specifics for its propriety. The request that the Court do so is misplaced. The Court will give no advance authorization or prohibition, just as the Court generally does not tell lawyers in advance how to practice law.

If a concrete dispute arises, it will be on a future motion to allow new witnesses not previously disclosed and after the close of discovery. But then, there may be no such motion. Plaintiffs say they are confident the ethical restraints do not prevent their intended interviews. But after considering the ethical restraints, Plaintiffs may elect not to interview those persons. Counsel may interview them and find their testimony not worth the motion. If they file such a motion, they must address, not just the ethical propriety of their actual conduct, but the need for the evidence in light of other evidence, the prevention of unfair prejudice to the Defendants, and the preservation of the October 20, 2014 trial date, which will not be delayed.

The same analysis applies to Corizon's objection that confidential HIPPA information will certainly be disclosed if Plaintiffs' counsel speak with former employees. It may seem improbable that a law to protect patients' privacy prohibits

third-party witnesses from volunteering evidence to the patient's counsel in furtherance of the patient's constitutional rights. But the Court does not prejudge that question either, not in the abstract and not without actual facts. Plaintiffs must determine what course of action is proper and be prepared to defend their action if they seek to offer late disclosed evidence.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for an Order Authorizing Ex Parte Communications with Former Employees of Defendants (Doc. 981) is **denied without prejudice to either party's substantive contentions**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal Reply and Exhibit 1 (Doc. 1006) is **granted**. The Clerk's Office shall file the reply lodged at Doc. 1007 and Exhibit 1 lodged at Doc. 1008 under seal.

Dated this 14th day of July, 2014.

_____
Neil V. Wake
United States District Judge