Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
　　　jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
　　　avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **PLAINTIFFS' MOTION TO DE-DESIGNATE DOCUMENTS AS CONFIDENTIAL** <br><br> **[REDACTED PUBLIC VERSION]** |

78204-0001/LEGAL122874953.1

Pursuant to section 20(b) of the Amended Protective Order (the "Protective Order") [Doc. 454], Plaintiffs respectfully request the Court for an order removing confidentiality designations from all documents attached to or referenced in Defendants' Motion for Summary Judgment (the "Motion") [Doc. 902] and all related and responsive documents and exhibits, including Defendants' Corrected Statement of Facts [Doc. 937], Plaintiffs' Response to Defendants' Motion for Summary Judgment [Doc. 1018], and Plaintiffs' Response to Defendants' Separate Statement of Facts [Doc. 1020], as well as any documents Defendants may subsequently file in connection with the Motion (collectively the "Subject Documents"). The Subject Documents do not qualify for confidential treatment under the terms of the Protective Order, and no compelling reasons exist to continue their confidential designation given the strong presumption favoring public access.[1]

## I. INTRODUCTION.

Defendants have liberally designated documents "Confidential" in the course of this litigation. Most of the documents never qualified for confidential treatment in the first place. Nonetheless, Defendants have reflexively designated almost every document they have produced as confidential. Now, as the case enters a dispositive phase, these documents should no longer be designated confidential, especially in light of their importance in this public interest lawsuit and the presumption favoring public access.

Plaintiffs repeatedly tried to obtain Defendants' agreement on the de-designation, but Defendants will only agree to begin tackling the de-designation of the summary judgment materials by September 22 and to complete their redactions three to four weeks later—which will be near the eve of the trial.[2] Defendants claim they are too busy to do it

---

[1] The Amended Protective Order contemplates that a party can move the Court for an order "removing the confidential information designation from any document." [Doc. 454, ¶ 20]  This Court has previously granted, over Defendants' objection, Plaintiffs' motion to de-designate other documents as confidential. [Doc. 590]

[2] The parties both believe that this motion is not governed by the Court's 48-hour rule regarding meet and confer obligations. As a courtesy, however, Plaintiffs' attorneys have repeatedly tried to reach agreement with Defendants' attorneys, who have

1  sooner and it would be "frivolous" for Plaintiffs to file this motion.  But what is frivolous
2  is Defendants' effort to designate every single page they produce and every moment of
3  deposition testimony "confidential," when most of it does not qualify under the Protective
4  Order.  There is great interest in this case and the evidence, particularly from summary
5  judgment briefing, should no longer be concealed by bogus confidentiality designations.

6  Accordingly, Plaintiffs request de-designation of the Subject Documents, all of
7  which relate to Defendants' Motion for Summary Judgment.  These include expert
8  reports, supporting evidence and deposition testimony, as well as documents produced in
9  the course of discovery and deposition testimony by percipient witnesses and 30(b)(6)
10 designees.  These documents include information of great public interest.  ███████
11 ████████████████████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████████████████
13 ████████████████████████████████████████

14 These documents should be de-designated so that the parties may use them
15 publicly, provided that any party using them redacts (1) any personal telephone numbers
16 or home addresses of non-prisoners and (2) the names and ADC numbers of prisoners
17 whose health information is in the documents, other than the named plaintiffs or prisoners
18 who have given specific permission to use their names publicly.

19
**II.  THE DOCUMENTS ARE NOT CONFIDENTIAL UNDER THE
20     PROTECTIVE ORDER.**

21 On May 20, 2013, the Court entered the Protective Order, to which the parties had
22 stipulated.  [Doc. 454] Under the Protective Order, any party or third party can designate
23 information as "confidential," severely restricting the dissemination of the information
24

---

25 continually tried to defer the issue, including in the most recent exchange, in which they
   refused to agree to any de-designation prior to September 22, 2014.  [*See* Exhibit 1 to the
26 Declaration of Ajmel Quereshi in Support of Plaintiffs' Motion to De-Designate
   Documents as Confidential filed concurrently herewith]  Initially, Plaintiffs sought first to
27 de-designate certain expert materials and then documents filed in certain motions.  Since
   most, if not all, of those materials are referenced in the summary judgment briefing, this
28 motion now focuses on the Subject Documents.

and requiring that it be filed under seal. [Doc. 454 ¶¶ 3, 4-7] The Protective Order, however, allows for limited designation of only two types of information: "protected health information" and "security information." [*Id.* ¶ 1] The documents that Plaintiffs seek to de-designate fall under neither category.

The Protective Order defines "protected health information" by reference to the Health Insurance Portability and Accountability Act, whose implementing regulations in turn define the term as "individually identifiable health information." 45 C.F.R. § 160.103 (2014). "Health information" is any information that "[r]elates to past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." *Id.* "Health information" must be "created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse." *Id.*

Defendants have labeled many of the documents confidential on the theory that they contain "protected health information." Most of the Subject Documents, however, do not contain information that qualifies as "protected health information." Instead, the documents contain information about ADC's compliance with publicly disseminated health care guidelines, ADC's medical record system, the provision of medications, follow-up care, and many other features of Defendants' health care system. Defendants should not be allowed to designate anything vaguely related to "health" as if it qualified as "protected health information" under the Protective Order. Moreover, the best way to address documents that contain information identifying a particular individual is to redact the person's name and other identifying information (e.g., ADC number). *See, e.g.*, *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 423 (9th Cir. 2011) ("Even when the factors . . . weigh in favor of protecting the discovery material . . . a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) ("We do not see how the presence of a small number of third-party medical and personnel

1  records that can be redacted . . . constitutes 'good cause,' let alone a compelling reason,
2  for this protective order to overcome the strong presumption in favor of public access."); 
3  *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, MDL No. 2385, 2014 WL
4  321656, at *4 (S.D. Ill. Jan. 29, 2014) (finding no grounds for a blanket confidentiality
5  designation where sensitive patient information was sufficiently redacted).

6  The Protective Order also permits designation of documents containing "security
7  information." "Security information" includes "documents that would threaten the safety
8  and security of a person or institution if disclosed without protective conditions."
9  [Doc. 454 ¶ 1]  The Subject Documents, however, contain little or no such information.
10 To the extent Defendants contend otherwise, they should be required to identify the
11 specific security information and articulate the nature of the threat posed within 5 business
12 days of this Court's ruling on this motion.  If they do so, Plaintiffs will work with them in
13 good faith to ensure that security information is redacted and will bring any residual
14 disagreements to this Court.

15 Defendants cannot have concluded in good faith that most of the Subject
16 Documents fall within the Protective Order's guidelines.  Indeed, Defendants seem to
17 have robotically applied the "Confidential Information" label to page after page of their
18 production, including, for example, amendments to ADC and Corizon's contract
19 documents that clearly contain no confidential information.  [*See* Doc. 937, Defs.'
20 Ex. 137, Attach. DD (ADC263217-22)]   Blanket "confidentiality" designations are
21 improper.  *See, e.g.*, *Koch v. Greenberg*, No. 07 Civ. 9600 BSJ DF, 2012 WL 1449186, at
22 *5 (S.D.N.Y. Apr. 13, 2012) ("[A]s a general matter, blanket confidentiality designations
23 are improper."); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc*., No. 10-CV-03428-
24 LHK, 2012 WL 70428, at *2, n.1 (N.D. Cal. Jan. 9, 2012) ("Brocade argues that the
25 transcript [of a 30(b)(6) deposition] should be filed under seal in its entirety because it has
26 been designated "Confidential" and contains confidential information including references
27 to an analysis of both Plaintiffs' and A10's source code files.  The Court disagrees, and
28 finds that it would be inappropriate to file the entire transcript under seal because much of

1  the transcript does not contain personal, confidential or trade secret information.").
2  Moreover, these blanket designations are inconsistent with the Protective Order, and this
3  Court should reject them.

### III. DEFENDANTS CANNOT PROVIDE COMPELLING REASONS THAT OVERCOME THE PRESUMPTION OF PUBLIC ACCESS TO DISPOSITIVE MOTIONS.

"[T]he party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *Roman Catholic Archbishop of Portland*, 661 F.3d at 424; *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002). Therefore, even if the documents qualified as confidential under the Protective Order, Defendants still bear the burden of showing that their confidentiality designations are warranted. Moreover, the Ninth Circuit recognizes a "strong presumption in favor of access" to judicial records. *Foltz*, 331 F.3d at 1135; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation and quotation omitted). Because all of the Subject Documents relate to a dispositive motion in this case, Defendants "must meet the 'compelling reasons' standard and not the lesser 'good cause' determination." *Kamakana*, 447 F.3d at 1177 (citing *Foltz*, 331 F.3d at 1135).

A party seeking to show that compelling reasons support secrecy must present "'articulable facts' identifying the interests *favoring* continued secrecy, *and* . . . show that these specific interests" outweigh the public interest. *Id.* at 1181 (emphases in original). Conclusory allegations of harm will not suffice; Defendants must demonstrate harm with specific examples, and the Court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Foltz*, 331 F.3d at 1135; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). In general, compelling reasons exist when the relevant judicial records "might have become a vehicle for public spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation omitted). Mere "embarrassment, incrimination, or exposure to

1 litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

No specific harm or prejudice will result from disclosure of the Subject Documents.[3] The documents do not contain trade secrets, confidential research, or developments, nor do they pose a security threat to current or past ADC employees. Indeed, the documents largely encapsulate the expert opinions that Plaintiffs and Defendants propose to advance at trial. Many of the same issues and evidence have already been discussed publicly in the Ninth Circuit's recent decision affirming class certification. *See generally Parsons v. Ryan*, No. 13-16396, 2014 WL 2523682 (9th Cir. June 5, 2014) (discussing discovery materials and expert reports submitted in support of Plaintiffs' Motion in Support of Class Certification). And to the extent that the documents contain the protected health information of third parties, Defendants can redact that information without labeling the documents confidential.[4]

Moreover, even if Defendants could show that disclosure would result in some harm or prejudice—which they cannot—that interest would not outweigh the public's interest in access to information about this case for several reasons. First, the documents relate to possible government misconduct and civil rights violations—subjects of great public interest about which the public has a "necessary right" to information.[5] *Welsh v.*

---

[3] Defendants' attorneys appear to recognize that they over-designated documents, but refuse to address the issue in the near term because it is "not a priority." *See* Exhibit 1 to the Declaration of Ajmel Quereshi in Support of Plaintiffs' Motion to De-Designate Documents as Confidential. This predicament is a creature of Defendants' own making. *Defendants* chose to disregard this Court's Protective Order when designating documents as confidential. Furthermore, it is simply implausible to think that Defendants' attorneys will be *less* busy several weeks before trial than they are now.

[4] Plaintiffs agree to redact any sensitive personal identifying information of non-named plaintiffs and witnesses.

[5] *See, e.g.*, Paige St. John, *Arizona Prison Litigation Echoes California Cases*, Los Angeles Times (June 5, 2014 1:30 PM), http://www.latimes.com/local/political/la-me-ff-california-prison-litigation-upheld-in-arizona-20140605-story.html; Bob Ortega, *Arizona Prisoners Win Class-Action Status in Health Suit*, Arizona Republic (June 5, 2014 11:28 PM MST), http://www.azcentral.com/story/news/arizona/2014/06/05/arizona-prisoners-win-class-action-status-health-suit/10020025/; *Ruling: Arizona Inmates' Lawsuit Over 'Cruel Treatment' Can Proceed*, Arizona Daily Star (June 5, 2014 10:04 AM),

*City & Cnty. of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995) (internal quotation omitted) ("The public has a strong interest in assessing the truthfulness of allegations of official misconduct . . . . Access to information concerning the conduct of the people's business is a fundamental and necessary right."); *Soto v. City of Concord*, 162 F.R.D. 603, 621 (N.D. Cal. 1995) (finding disclosure proper because of a "strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system"). Second, the documents relate to Defendants' failure to comply with industry standards and constitutional requirements, giving rise to an ongoing risk of injury and death to thousands of Arizona state prisoners.

Accordingly, the Court should order Defendants to remove the "confidential information" designation from the documents.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order removing confidentiality designations from the Subject Documents.

Dated: July 28, 2014                **JONES DAY**

By:   s/ Caroline N. Mitchell
       Caroline Mitchell (Cal. 143124)*
       Amir Q. Amiri (Cal. 271224)*
       **JONES DAY**
       555 California Street, 26th Floor
       San Francisco, California 94104
       Telephone:  (415) 875-5712
       Email:   cnmitchell@jonesday.com
                aamiri@jonesday.com

*Admitted *pro hac vice*

---

http://azstarnet.com/news/local/ruling-arizona-inmates-lawsuit-over-cruel-treatment-can-proceed/article_8b38f6ea-ecd3-11e3-932c-001a4bcf887a.html; Alex Dobuzinskis, *Suit on Behalf of Arizona Prisoners Gets Class-Action Status*, Reuters (June 5, 2014 8:05 PM EDT), http://www.reuters.com/article/2014/06/06/us-usa-prisoners-arizona-idUSKBN0EG2Q020140606.

| | |
|---|---|
| 1 | Daniel C. Barr (Bar No. 010149) |
| 2 | Amelia M. Gerlicher (Bar No. 023966) |
|   | Kirstin T. Eidenbach (Bar No. 027341) |
| 3 | John H. Gray (Bar No. 028107) |
|   | Matthew B. du Mée (Bar No. 028468) |
| 4 | Jerica L. Peters (Bar No. 027356) |

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:  dbarr@perkinscoie.com
        agerlicher@perkinscoie.com
        keidenbach@perkinscoie.com
        jhgray@perkinscoie.com
        mdumee@perkinscoie.com
        jpeters@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  dpochoda@acluaz.org
        jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:  dspecter@prisonlaw.com
        ahardy@prisonlaw.com
        snorman@prisonlaw.com
        ckendrick@prisonlaw.com
        wgeorge@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@npp-aclu.org
           afettig@npp-aclu.org
           aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com
           tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:   kmamedova@jonesday.com
           jkmessina@jonesday.com

*Admitted *pro hac vice*

|     |     |
| --- | --- |
| 1   | Kevin Brantley (Cal. 251886)* |
| 2   | **JONES DAY** |
|     | 3161 Michelson Drive, Suite 800 |
|     | Irvine, California 92612 |
| 3   | Telephone: (949) 851-3939 |
|     | Email: kcbrantley@jonesday.com |
| 4   | |
|     | *Admitted *pro hac vice* |

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By: s/ Sarah Kader
    Sarah Kader (Bar No. 027147)
    Asim Varma (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email: skader@azdisabilitylaw.org
           avarma@azdisabilitylaw.org

    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    **ARIZONA CENTER FOR DISABILITY LAW**
    100 N. Stone Avenue, Suite 305
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email: jrico@azdisabilitylaw.org
           jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Timothy J. Bojanowski
Rachel Love
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
rlove@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

 s/ D. Freouf