Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
        jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
        avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **MOTION TO ENFORCE THE COURT'S PREVIOUS ORDER (DOC. 923) REGARDING PRODUCTION OF DEATH RECORDS** |

78204-0001/LEGAL122931521.1

## INTRODUCTION

On May 23, 2014, this Court ordered Defendants to "complete production of death records by July 18, 2014" for all prisoners who died between September 27, 2013 and April 1, 2014. [Doc. 923 at 6]  Defendants have not complied, so Plaintiffs seek a further order compelling Defendants to complete the Court-ordered production of death records for all deaths during that period.

The Court previously included internal investigative reports or reviews into prisoners' deaths as part of Plaintiffs' request for "death records." [Docs. 186, 923] Defendants now refuse to produce the internal investigative reports or reviews, even though they produced such reports in the past and have known for two months that these reports were part of the request for "death records." The parties have met and conferred regarding the production of these internal investigation reports, and have reached an impasse. [Declaration of Corene Kendrick, filed herewith, ¶¶ 2, 8]

These internal investigations into the circumstances of prisoners' deaths are extremely probative and relevant to show that Defendants' deficiencies in staffing and delivery of health care directly resulted in prisoners' preventable deaths. For example, medical expert Dr. Robert Cohen pointed to the internal investigation of a prisoner who died after a nurse refused to respond to his unit when he was experiencing a medical emergency because she "did not want to burn her own gas" as an example of the lack of an adequate emergency response system. [Doc. 292-2, Ex. C at ¶ 29] Psychiatric expert Dr. Pablo Stewart noted that an investigation of a prisoner suicide by hanging revealed that (1) staff were unable to open the cell door, resulting in a fifteen-minute delay in removing the ligature from the prisoner's neck; (2) nurses had disregarded "watch-swallow" orders for the prisoner's medication, and falsified his medication records, and (3) the prisoner's medical record had been altered after his death. [Doc. 947, Ex. 2 at 7-8] These internal investigation reports are comprehensive, and provide an unvarnished assessment of systemic breakdowns by ADC custody and Corizon medical staff that contributed to prisoners' deaths.

**BACKGROUND**

Since June 15, 2012, Plaintiffs have requested "death records" regarding prisoners' deaths, and the operative definition of "death records" has been "any DOCUMENT REGARDING the death of a PRISONER, including audits, REVIEWS, studies, interview notes, videos, audio-recordings, EXTERNAL INVESTIGATIONS or INTERNAL INVESTIGATIONS." [*See* Doc. 184 (filed Oct. 15, 2012), Declaration of Alison Hardy, Ex. 1 at 2 (Plaintiffs' First Set of Request for Production, served June 15, 2012)]

On September 27, 2012, the parties filed the First Joint Notice of Discovery Dispute [Doc. 149] because Defendants refused to provide Plaintiffs with any records regarding prisoner deaths. Two weeks later, Defendants agreed to provide Plaintiffs with medical records for prisoners who died, and claimed this agreement mooted the discovery dispute. [Doc. 179] However, as Plaintiffs' definition of "death records" is considerably broader, Plaintiffs moved to compel production of *all* death records. [Doc. 183] The Court granted Plaintiffs' motion in full [Doc. 186], and in response, as part of the production of death records, Defendants produced internal investigations into the deaths of prisoners during the relevant discovery timeframe. *E.g.*, ADC024171-033638; ADC038752-040549; ADC061103-67220.

After the Court reopened discovery through April 1, 2014, Plaintiffs requested death records for patients who died between September 27, 2013 and April 1, 2014. [*See* Doc. 907 (filed May 16, 2014), Fathi Declaration, Ex. 2 at 2] Plaintiffs' request listed "internal investigations" as falling under the definition of "death records." [*Id.*] After a meet and confer on May 8, 2014, Defendants agreed to start to produce death records on a rolling basis, to be completed no later than July 18, 2014. [*Id.*, Ex. 4 at 3]

Plaintiffs filed a Motion to Compel regarding other discovery on May 16, 2014, and in the filing informed the Court that Defendants had agreed to produce all death records on a rolling basis by July 18, 2014, and asked the Court to order Defendants to abide by this agreement. [Doc. 906 at 16] Again, "internal investigations" was listed as part of "death records." [*Id.*] While Defendants opposed Plaintiffs' Motion, they did *not*

oppose the request that they be ordered to complete the production of all death records by July 18, 2014, nor did they contest the definition of "death records." [Doc. 916] The Court ordered Defendants to "complete production of death records by July 18, 2014" for all prisoners who died between September 27, 2013 and April 1, 2014. [Doc. 923 at 6]

On June 20, 2014, Plaintiffs' counsel wrote Defendants regarding the deficiencies in the production the Court had ordered be completed by June 13, 2014, and noted that to date, no death records had been produced, despite Defendants' agreement to start the production on a rolling basis. [Doc. 994-1 (filed July 3, 2014), Exhibits to 11th Joint Notice of Discovery Dispute, Ex. 1 at 3-4] Three days later, on June 23, Counsel for Defendants responded, and for the first time asserted that they had not agreed to produce internal investigations into prisoners' deaths as part of their production of "death records." [*Id*., Ex. 2 at 5] The parties met-and-conferred the next day, on June 24, regarding Defendants' multiple deficient productions, and discussed Defendants' position on the definition of death records. [*Id*., Ex. 3 at 2] Defense counsel stated that they would reconsider their position. [*Id*.; *see also* Kendrick Decl. ¶ 2]

After that meet and confer, Defendants did not inform Plaintiffs' counsel of their final position regarding the production of death records. [Kendrick Decl. ¶ 3] On July 18, 2014, Defendants sent to Plaintiffs' counsel via U.S. Mail disks containing medical records, mortality reviews, and psychological autopsies of suicides. These disks were received in Plaintiffs' counsel's offices on July 23, 2014. [Kendrick Decl. ¶ 4, Ex. 1] The next day, Plaintiffs' counsel notified Defendants that the internal investigation reports were not included in the death records production. [*Id*. ¶ 5, Ex. 2 at 1-2]

Defendants' response stated that they were refusing to produce the internal investigation reports on the basis of Plaintiffs' delay in raising the issue, and that they found it "curious" and "improper" that Plaintiffs waited a month to raise the issue (apparently, delay in raising it to the Court) during "…Plaintiffs' prolific motion practice during that time period." [*Id*. ¶ 6, Ex. 3 at 2] Plaintiffs twice requested a meet and confer during the week of July 28, 2014 to discuss the matter [*id*. ¶ 7, Ex. 4], and the parties met

and conferred on August 1, 2014 at which time Defendants stated that they were not producing investigative reports for the reasons articulated in their July 25, 2014 letter. [*Id.* ¶ 8, Ex. 5]

Plaintiffs have not delayed in a "curious" or "improper" manner in bringing this issue to the Court's attention. Counsel for Defendants told Plaintiffs' counsel on June 24, 2014 that they would "reconsider" their refusal to include this in their production of death records, but it was not until July 23, when Plaintiffs' counsel received the Court-ordered production of death records, that it became apparent that Defendants indeed had not reconsidered their position. Plaintiffs' counsel then promptly wrote Defendants to informally resolve the deficiency, and sought to meet about the issue. This Motion was filed one business day after the parties declared an impasse on August 1, 2014, and thus is not untimely and should be considered and granted by the Court.

## CONCLUSION

Plaintiffs respectfully request that the Court issue an enforcement order, directing Defendants to comply with the Court's previous order to "complete production of death records by July 18, 2014." [Doc. 923 at 6] Plaintiffs request that the Court order Defendants to obey its past order, produce to Plaintiffs no later than August 15, 2014, all internal investigative reports into the deaths of prisoners who died between September 27, 2013 and April 1, 2014, and order any other relief it deems necessary and proper. A proposed order is attached to this Motion.

| | | |
|---|---|---|
| 1 | Dated:  August 4, 2014 | **PRISON LAW OFFICE** |
| 2 | | By:  *s/ Corene Kendrick* |
| 3 | | Donald Specter (Cal. 83925)* |
| | | Alison Hardy (Cal. 135966)* |
| 4 | | Sara Norman (Cal. 189536)* |
| | | Corene Kendrick (Cal. 226642)* |
| 5 | | Warren E. George (Cal. 53588)* |
| | | 1917 Fifth Street |
| 6 | | Berkeley, California 94710 |
| | | Telephone:  (510) 280-2621 |
| 7 | | Email:    dspecter@prisonlaw.com |
| | | ahardy@prisonlaw.com |
| 8 | | snorman@prisonlaw.com |
| | | ckendrick@prisonlaw.com |
| 9 | | wgeorge@prisonlaw.com |

*Admitted *pro hac vice*

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
          jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@npp-aclu.org
          afettig@npp-aclu.org
          aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
            agerlicher@perkinscoie.com
            keidenbach@perkinscoie.com
            jhgray@perkinscoie.com
            mdumee@perkinscoie.com
            jpeters@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com
            aamiri@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com
            tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:   kmamedova@jonesday.com
            jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email: kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   *s/ Sarah Kader*
        Sarah Kader (Bar No. 027147)
        Asim Varma (Bar No. 027927)
        5025 East Washington Street, Suite 202
        Phoenix, Arizona 85034
        Telephone: (602) 274-6287
        Email:   skader@azdisabilitylaw.org
                 avarma@azdisabilitylaw.org

        J.J. Rico (Bar No. 021292)
        Jessica Jansepar Ross (Bar No. 030553)
        **ARIZONA CENTER FOR DISABILITY LAW**
        100 N. Stone Avenue, Suite 305
        Tucson, Arizona 85701
        Telephone: (520) 327-9547
        Email:   jrico@azdisabilitylaw.org
                 jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

s/ S. Neilson