**Index to Exhibits to the Declaration of Corene Kendrick In Support of Plaintiffs'
Motion to Enforce the Court's Previous Order (Doc. 923) Regarding
Production of Death Records**

Exhibit 1:    Letter dated July 18, 2014, from Tim Bojanowski to Plaintiffs' Counsel stamped
              received on July 23, 2014.

Exhibit 2:    Letter sent via email on July 24, 2014 from David Fathi to Tim Bojanowski

Exhibit 3:    Letter sent via email on July 25, 2014 from Tim Bojanowski to David Fathi

Exhibit 4:    Emails dated July 29 and July 31, 2014 from Corene Kendrick to Tim Bojanowski

Exhibit 5:    Email dated August 1, 2014 from Corene Kendrick to Tim Bojanowski

# Exhibit 1



STRUCK WIENEKE & LOVE     [ 3100 West Ray Road, Suite 300, Chandler, Arizona 85226  **480.420.1600**  swlfirm.com ]

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

Jacob B. Lee
ASSOCIATE

Mark A. Bracken
ASSOCIATE

David C. Lewis
OF COUNSEL

July 18, 2014

**_VIA U.S. MAIL/EMAIL_**

Sarah Kader:  skader@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org
Amelia Gerlicher:  agerlicher@perkinscoie.com

     **Re:**    **Parsons, et al. v. Ryan and Pratt**
            **U.S. District Court of Arizona; 2:12-cv-00601**

Dear Counsel:

     Enclosed is a disc containing Defendants' supplemental production.

     Regards,

Timothy J. Bojanowski
For the Firm

TJB/ab
2927214.1

cc:   Michael E. Gottfried
       Lucy Rand

# Exhibit 2

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH  FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

**BY EMAIL ONLY**

July 24, 2014

Tim Bojanowski
Struck Wieneke & Love
3100 West Ray Road
Chandler, AZ  85226

RE:   **Parsons v. Ryan**

Dear Counsel:

We have reviewed defendants' document production and write to bring to your attention a number of missing documents.  The categories discussed below are particularly urgent, but do not represent an exhaustive list of all missing documents.

Documents regarding amendments to the Mental Health Services Technical Manual

In my May 6, 2014 letter, I requested "Documents sufficient to show that the 17 allegedly new requirements in the January 1, 2014 Mental Health Services Technical Manual are being complied with."   5/6/14 letter from Fathi to Struck, at 11-12.  During our May 8 meet and confer, defendants agreed to "see what types of documents are sufficient to show the policy changes have occurred." 5/9/14 letter from Fathi to Struck, at 7.

Defendants have not produced any documents showing that the changes to the MHSTM are being implemented.  In light of the fact that the court-ordered deposition on the changes to the MHSTM is currently scheduled for August 1, please produce these documents by **5:00 p.m. MST on July 25,** or confirm that no such documents exist.

Death records

Defendants once again attempt to assert that they are not required to and did not agree to produce to plaintiffs the records of investigations into patient deaths.  June 23, 2014 Letter from Bojanowski to Kendrick. The Court has already decided that plaintiffs are entitled to production of investigative reports regarding prisoner deaths, so this position is untenable.

On September 27, 2012, the parties filed the first Joint Notice of Discovery Dispute (Dkt. 149) because defendants refused to provide plaintiffs with any

1

records regarding prisoner deaths. Two weeks later, defendants agreed to provide plaintiffs with the medical records for patients who died, and claimed that this mooted the discovery dispute. Dkt. 179. However, as plaintiffs' request was considerably broader (seeking "all documents regarding death records" including studies and internal and external investigations), plaintiffs moved to compel production of all of the death records, including the investigative reports. Dkt. 183. The Court granted our motion in full. Dkt. 186. In response, defendants produced  thousands of pages of death investigations in late 2012 and early 2013. (See ADC024171-ADC33638; ADC038752-ADC040549; and ADC061103-ADC067220.)

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

After the Court reopened discovery through April 1, 2014, plaintiffs requested death records for patients who died between September 27, 2013 and April 1, 2014. Following a meet and confer, defendants agreed to produce death records for patients who died during that period. See Plaintiffs' Motion to Compel Discovery in Light of Court's Order Reopening Discovery, Dkt. 906. Plaintiffs requested that the Court order defendants "to complete their production of death records no later than July 18, 2014." Defendants opposed this motion, but did not oppose the request for the death records by July 18, 2014. Dkt. 917. The Court granted plaintiffs' motion to compel and ordered defendants to produce the death records by July 18, 2014. Dkt. 923. In light of the Court's earlier ruling regarding the death records, defendants have no basis to withhold production of the investigative reports regarding patient deaths.


Dental documents

Upon review of last week's production, you appear to have produced dental appointment lists from all facilities as ADC365414 - ADC367403. These documents contain only a "date," ID, Name, ADA code, and description. It appears based on the fact that the dates range from 12/1/2013 to 4/1/2014 that the date is the date of appointment. Please confirm this is correct.

Our request was for the appointment list for 12/1/2013 to 3/31/2014, including date seen, date of HNR, and type of appointment or reason seen. All of these fields are necessary to properly assess the wait time reports, which is the purpose for which Judge Wake ordered their production. The routine care list you produced on June 19 had a field showing Date of Request (DOR), so it should be possible to include that field on this list as well. We request that you either re-produce ADC365414-367403 including the DOR field (in addition to the fields already shown) or confirm that CDS purges this information

2

following an appointment, by **July 28,** as this information is needed for supplemental expert reports.

As you did with the routine care list, please produce the reports in Excel, which reduces work on both sides.

We will provide you with a pull list for the 80 records that you agreed to produce on Friday or Monday of next week. Please confirm that you can begin production promptly on a rolling basis. Production must be complete within a week, or we may need to seek an extension of the supplemental report deadline for Dr. Shulman.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

We look forward to your response.

Very truly yours,

David C. Fathi

Cc:    All counsel

# Exhibit 3



STRUCK WIENEKE & LOVE

3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | 480.420.1600 | swlfirm.com

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Jamie D. Guzman
Associate

Nicholas D. Acedo
Associate

Tara B. Zoellner
Associate

Amy L. Nguyen
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

Mark A. Bracken
Associate

David C. Lewis
Of Counsel

July 25, 2014

**VIA ELECTRONIC AND US. MAIL**

David Fathi, Esq.
National Prison Project
915 15th Street, N.W., 7th Floor
Washington, D.C. 20005

        Re:   *Parsons, et al. v. Ryan and Pratt*
              U.S. District Court of Arizona; 2:12-cv-00601

Dear David:

    We are in receipt of your July 24, 2014 letter and will address each of your topics briefly.

    <u>Recent Amendments to the Mental Health Services Technical Manual</u>:

    First, as with all topics raised during the May 8, 2014 telephone conference, Defendants stated they believed it was unduly burdensome for Plaintiffs to seek discovery of electronic communications. While Plaintiffs moved to compel certain e-mail searches, which were granted, no such request was made for e-mail searches regarding the revisions to the MHSTM.

    Second, you incorrectly assert that Defendants have not produced any documents showing that the changes are being implemented, but you fail to identify any documents which you reviewed in arriving at that erroneous conclusion.  Your original request, which you clarified during the meet and confer, was not for all documents, but merely "documents sufficient to show….".  We do not believe there is any legal authority which requires us to identify every single document relating to implementation of those changes and certainly cannot review the more than 100,000 pages of records produced during the past several weeks within the 24 hours demanded by your letter.  As you are no doubt aware, Defendants have produced updates to 61 medical files previously reviewed by Pablo Stewart, as well as 68 additional medical files of other randomly selected SMI inmates.[1]   These 129 medical files should be sufficient to show implementation of the changes.  There is

---

[1] While the Court ordered that 70 random files be produced, two of those randomly selected names were ones duplicated among the 61 specifically requested.

David Fathi, Esq.
July 25, 2014
Page 2

likely also additional evidence contained within other documents produced by Defendants on June 13, 2013 regarding DI 326 and suicide prevention. Information is contained in MGAR reports, Corrective Action Plans, monthly Corizon and ADC Data Reports, and e-mails relating to the mental health performance measures, which were ultimately modified as part of Amendment No. 4 to the Corizon Contract. Defendants have produced enough information "sufficient to show" implementation of the changes to the MHSTM and decline at this point to seek the burden of searching for additional unspecified documents.

Death Records:

Defendants made their position regarding the production of death records clear in their June 27, 2014 letter to Don Specter of which you were provided a copy. You fail to address our comprehensive response, but rather merely repeat the points raised by Mr. Specter during the June 24, 2014 telephone conference. We do not believe any further substantive discussion is warranted.

We find it curious that Plaintiffs waited nearly a month after receiving this position before taking issue. In light of Plaintiffs' prolific motion practice during that time period, it was improper that you waited so long to raise this issue, particularly as any further discovery beyond that contemplated by the prior court orders and stipulation would delay the upcoming trial date.

ADC recently received a copy of deceased inmate George Rodriguez' outside hospital records, which did not arrive until after our production last week. They are included on the enclosed disk bearing production numbers ADC371775 through ADC378368. Defendants have fully complied with the Court's Order.

Dental Documents:

As you are aware, Rule 34 does not require the creation of documents, but merely the production of documents which a party has in its possession, control or custody. Smallwood Prison Dental Services ("SPDS") has two separate reports which can be generated from its proprietary Correctional Dental Software ("CDS") that have been referred to as "appointment reports" (listing completed appointments) and "routine care lists" (listing requests for future routine care appointments). We note that Plaintiffs had the opportunity to depose Dr. Smallwood regarding CDS' functionality. SPDS advises that it is not willing to invest a significant amount of time to reprogram CDS *gratis* to create a new report simply because Plaintiffs' counsel requested it, where such a report is not used in the normal and ordinary course of business by SPDS.

David Fathi, Esq.
July 25, 2014
Page 3

   Finally, we will begin producing the dental records requested by Dr. Shulman as soon as possible.  It will facilitate retrieval of the documents if you will provide us with an Excel List setting forth the ADC number followed by the Inmate name (in Last Name, First Name format), along with columns listing the inmate's current custody status and current or last known Complex and Unit for those 80 dental files.  Should you provide the list containing that information by the end of the day on Monday, July 28, and Defendants are unable to obtain the and produce the dental records by August 4, we would be willing to stipulate to a reasonable extension of time for Drs. Shulman and Dovgan to complete their supplemental reports.

        Very truly yours,

        Timothy J. Bojanowski
        For the Firm

TJB/mg
2929879.1

cc:  Amelia Gerlicher
   Sarah Kader
   Caroline Mitchell
   Don Specter
   Michael Gottfried (via email only)
   Lucy Rand

Exhibit 4

## Corene Kendrick

| | |
|---|---|
| **From:** | Corene Kendrick |
| **Sent:** | Thursday, July 31, 2014 11:57 AM |
| **To:** | 'Gray, John H. (Perkins Coie)'; 'TBojanowski@swlfirm.com'; 'Parsons Team' |
| **Cc:** | 'Gerlicher, Amelia Morrow (Perkins Coie)'; 'Eidenbach, Kirstin (Perkins Coie)'; Don Specter; 'David Fathi (dfathi@aclu.org)'; 'Caroline N Mitchell (cnmitchell@JonesDay.com)' |
| **Subject:** | RE: Parsons v. Ryan - request for meet and confer re: discovery production |

Tim,

We didn't receive a response from you regarding a meet-and-confer on these two outstanding discovery issues.  Please let us know what time you are available tomorrow to discuss this; if you will not meet, we will go to the Court to resolve the dispute.

Thank you,

Corene

---

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Tuesday, July 29, 2014 11:10 AM
**To:** 'Gray, John H. (Perkins Coie)'; 'TBojanowski@swlfirm.com'; 'Parsons Team'
**Cc:** 'Gerlicher, Amelia Morrow (Perkins Coie)'; 'Eidenbach, Kirstin (Perkins Coie)'; Don Specter; 'David Fathi (dfathi@aclu.org)'; 'Caroline N Mitchell (cnmitchell@JonesDay.com)'
**Subject:** Parsons v. Ryan - request for meet and confer re: discovery production

Tim,

I am responding separately regarding the outstanding issues regarding your productions of discovery.  We request a meet and confer in the next 48 hours to discuss (1) Defendants' refusal to produce all investigative reports into prisoners' deaths, pursuant to the definition of "death records" and (2) Defendants' inadequate privilege log.  Please let us know what time you are available to meet and confer.

Thank you,

Corene


Corene Kendrick, Staff Attorney
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
(510) 280-2621
ckendrick@prisonlaw.com

**From:** Gray, John H. (Perkins Coie) [mailto:JHGray@perkinscoie.com]
**Sent:** Monday, July 28, 2014 6:00 PM
**To:** TBojanowski@swlfirm.com; Parsons Team
**Cc:** Gerlicher, Amelia Morrow (Perkins Coie); Eidenbach, Kirstin (Perkins Coie); Corene Kendrick; Don Specter (dspecter@prisonlaw.com); David Fathi (dfathi@aclu.org); Caroline N Mitchell (cnmitchell@JonesDay.com)
**Subject:** Parsons v. Ryan: Dental document production

Tim,

This email responds to the dental portions your letter dated July 25, 2014 to David Fathi regarding document production.

As Defendants requested, please see the attached Excel sheet showing the list of ADC inmates whose records we are seeking. Please let us know whether you still anticipate producing the records by August 4.

Regarding reports from SPDS's CDS system, Plaintiffs' request was based on their understanding that CDS was capable of logging a wide variety of dental data and in turn producing any number of reports based on that data. As you know, Defendants produced dental appointment lists that did not show the dates the inmates requested care (i.e. the HNR date).  Please confirm that Defendants are unable to create appointment lists showing the dates care was requested. If Defendants in fact can create such lists, then we believe production of those documents is appropriate.

Another member of Plaintiffs' counsel team will respond separately to you about the remaining issues in your July 25, 2014 letter.

Regards,

John

**John Gray** | **Perkins Coie** LLP
2901 North Central Avenue
Suite 2000
Phoenix, AZ  85012-2788
PHONE:  602.351.8092
FAX:  602.648.7054
E-MAIL:  JHGray@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# Exhibit 5

## Corene Kendrick

| | |
|---|---|
| **From:** | Corene Kendrick |
| **Sent:** | Friday, August 01, 2014 10:29 AM |
| **To:** | tbojanowski@swlfirm.com; afletcher@swlfirm.com; michael.gottfried@azag.gov; lucy.rand@azag.gov; 'Parsons Team' |
| **Cc:** | Caroline Mitchell (cnmitchell@jonesday.com); Don Specter; David Fathi; skader@azdisabilitylaw.org; 'Daniel Pochoda'; Kirstin Eidenbach (KEidenbach@perkinscoie.com) |
| **Subject:** | Parsons v. Ryan Discovery Dispute |

Dear Tim,

This is to memorialize our discussion earlier today regarding the two outstanding discovery disputes.

1. Production of investigations into prisoner deaths as part of the order to produce "death records": The parties agreed that they were at an impasse on this issue, and we will bring it to the Court for resolution.

2. Defendants' privilege log:  You will go through Defendants' privilege log in order to provide the level of detail necessary such that we can assess whether the emails at issue are properly designated as privileged.  You will provide the revised log by Friday August 8, and agreed to notify Caroline if you are not going to be able to do so by that date.

Thanks,

Corene

Corene Kendrick, Staff Attorney
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
(510) 280-2621
ckendrick@prisonlaw.com