Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-NVW<br><br><br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

During oral argument on Defendants' Motion for Summary Judgment, the Court inquired as to the effect a summary judgment ruling against the named Plaintiffs would have on the claims of the class and subclass:

> And I am worried, I'm thinking, trying to think through, where do we end up if we have no plaintiffs but we have experts saying this system is bad and everybody, all 33,000 prisoners, are at risk. I am not seeing this in the cases. Maybe there are cases that deal with this.
>
> \* \* \*
>
> [S]hould the Court then say, well, the plaintiffs have lost the case. Judgment will be entered against the plaintiff class. All 33,000 prisoners will be bound by res judicata, and no further claim can be brought that are identical to this, or, should I conclude that the elimination of actual proven injury to any of [the named Plaintiffs] . . . lead[s] to decertification saying, hey, you know, this is not adequate representation to have a bunch of people, all of whom said things that proved to be either not true or some of them outright, perhaps, perhaps outright fraudulent. But they are not adequate representatives, so we decertify the class. Of course, that deprives you of the res judicata that you want . . . .

(R.T. 7/30/14 at 16–18.) Defendants provide the Court with the following legal authority that answers this inquire through various propositions. It is based purely on the *assumption* that the named Plaintiffs failed to establish that they have standing to proceed either as a plaintiff or as a class representative.[1]

1. **"[A] plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent."** *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1288 (11th Cir. 2001); *see also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting *O'Shea v. Littleton,* 414 U.S. 488, 494 (1974)) ("'[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf

---

[1] Defendants maintain that their Motion for Summary Judgment, Reply, and Statement of Facts (almost entirely undisputed) establish that the named Plaintiffs' specific, personal allegations are false and that Plaintiffs failed to establish that they are each currently exposed to a concrete and imminent substantial risk of serious harm as a result of all seventeen certified practices.

1

of himself or any other member of the class.'")

2. **"The standing requirement is a function not only of Article III, but also the requirement in the class action rule—Fed. R. Civ. P. 23—that the representative's individual claim be typical of those belonging to the class members he seeks to represent."** *Wooden*, 247 F.3d at 1287; *see also Rector v. City & Cnty. of Denver*, 348 F.3d 935, 950 (10th Cir. 2003) ("By definition, class representatives who do not have Article III standing to pursue the class claims fail to meet the typicality requirements of Rule 23.").

3. **If the Court determines that the named Plaintiffs have not established, with evidence, that they currently have standing to proceed on the certified claims,[2] then the Court must decertify the class, the subclass, and/or the corresponding certified claims, and dismiss the case.** *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (vacating district court's certification of class when named plaintiff did not have standing to proceed on class claim); *Rector*, 348 F.3d at 950 (remanding to district court for decertification after finding that named plaintiffs did not have standing); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1268 (11th Cir. 2001) ("For the reasons discussed above, none of the named Plaintiffs has standing to seek prospective injunctive relief. Accordingly, these Plaintiffs could not serve as representatives for a class seeking that relief, and the district court did not abuse its discretion by decertifying the class."); *Neal v. NaturalCare, Inc.*, EDCV 12-0531-DOC OPX, 2014 WL 346639, at **5-6 (C.D. Cal. Jan. 30, 2014) (decertifying class and dismissing complaint where it relied on plaintiff's "false assertion of standing to certify the class"); *Ortega-Melendres v. Arpaio*, 836 F. Supp. 2d 959, 989 (D. Ariz. 2011) *aff'd sub nom.*, 695 F.3d 990 (9th Cir. 2012) (noting that "the class may then be decertified or partially de-certified" if it is later determined that named plaintiffs lack standing).

---

[2] *See Lewis v. Casey*, 518 U.S. 343, 357–58 (1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

2

4. **Where, as here, the named Plaintiffs never had standing to begin with, class-representative substitution is not appropriate**. *Lierboe*, 350 F.3d at 1023; *Williams*, 2005 WL 2921960, at *9.

5. **Substitution or re-formulation of the class claims is not appropriate at this stage of the proceeding**.[3] *See Schilling v. TransCor Am., LLC*, No. C 08–941 SI, 2012 WL 4859020, at *2 (N.D. Cal. Oct. 11, 2012) (denying plaintiffs' request to amend the class certification order to add new class representatives and certify different subclasses after court granted summary judgment against them on original subclasses "simply because plaintiffs' strategy did not work," particularly because doing so would require re-opening fact and expert discovery and trial was just over four months away).

6. **"A district court's decision to decertify a class is subject to 'very limited review' and will be reversed only upon a 'strong showing that the district court's decision was a clear abuse of discretion.'"** *Westways World Travel, Inc. v. AMR Corp.*, 265 F. App'x 472, 475 (9th Cir. 2008) (quoting *Dukes v. Wal–Mart, Inc.*, 509 F.3d 1168, 1175 (9th Cir. 2007) (quoting *Armstrong v. Davis,* 275 F.3d 849, 867 (9th Cir. 2001))).

\* \* \*

So, for example, if the seven medical named Plaintiffs do not have standing, then the six certified claims pertaining to medical care must be decertified.[4] And if the four dental named Plaintiffs do not have standing, then the two certified claims pertaining to dental care must be decertified.[5] This analysis must be conducted for all thirteen named Plaintiffs against each of the seventeen certified claims, and if there is not a named

---

[3] Plaintiffs requested only substitution of former Plaintiff Parsons in the event that current Plaintiff Brislan is dismissed. (Response at 43-44.) They did not request class-representative substitution in the event all named Plaintiffs are dismissed for lack of standing. Thus, any argument is waived.

[4] For example, the Court relied on the allegations of named Plaintiffs Chisholm, Swartz, Licci, Jensen, Hefner, Wells, and Polson to certify the alleged practice of failing to provide timely access to health care. (Dkt. 372 at 16.)

[5] For example, the Court relied on the allegations of Chisholm, Swartz, and Wells to certify the alleged practice of extracting teeth that could be saved by less intrusive means. (Dkt. 372 at 17.)

3

Plaintiff that has established standing with respect to a specific certified claim, then the claim must be decertified.

\* \* \*

If the Court determines that at least one named Plaintiff has standing to continue as a class representative for a particular certified practice, that certified practice is still subject to summary judgment. Defendants' Motion sought summary judgment on all of Plaintiffs' medical and dental certified claims (on the systemwide component and/or refuting the underlying allegations supporting the specific certified claim), and on six of the conditions-of-confinement certified claims.

7. **If the Court grants summary judgment on any particular certified claim or a subgroup of claims (e.g., medical claims or dental claims), principles of *res judicata* bar "the class members from bringing another class action" based on the same class allegations, but class members are not precluded from bringing a subsequent individual damages suit.** *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 880 (1984); *see also Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996) (in prisoner legal-access case, "a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damages claims by class members, even if based on the same events").

DATED this 5th day of August 2014.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Nicholas D. Acedo
  Daniel P. Struck
  Kathleen L. Wieneke
  Rachel Love
  Timothy J. Bojanowski
  Nicholas D. Acedo
  Ashlee B. Fletcher
  Anne M. Orcutt
  Jacob B. Lee
  STRUCK WIENEKE & LOVE, P.L.C.
  3100 West Ray Road, Suite 300
  Chandler, Arizona 85226

  Arizona Attorney General Thomas C. Horne
  Office of the Attorney General
  Michael E. Gottfried
  Lucy M. Rand
  Assistant Attorneys General
  1275 W. Washington Street
  Phoenix, Arizona 85007-2926

  *Attorneys for Defendants*

2934452.1

5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Ajmel Quereshi: | aquereshi@npp-aclu.org |
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| James M. Jellison: | jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jerica Lynn Peters: | jpeters@perkinscoie.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kamilla Mamedova: | kmamedova@jonesday.com |
| Kevin C. Brantley: | kbrantley@jonesday.com |

| | |
|---|---|
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Taylor Freeman: | tfreeman@jonesday.com |
| Warren E. George, Jr.: | wgeorge@prisonlaw.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/  Nicholas D. Acedo

7