Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-NVW <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE** |

Plaintiffs incorrectly characterize this dispute as a motion to enforce a previous Court order. The Court has never ordered Defendants to produce internal investigation reports involving inmates who died after September 27, 2013. Nor has the Court ever resolved whether internal investigation reports should be produced in conjunction with death records. This is a new discovery dispute, and one in which Plaintiffs' counsel conveyed would be brought jointly to the Court after exchanging legal authority and arguments during the August 1, 2014 meet-and-confer. Instead, without warning or notice, Plaintiffs unilaterally filed a motion accusing Defendants of violating a court order to produce these reports, not coincidentally during the Court's consideration of Defendants' Motion for Summary Judgment. Their Motion should be denied.

## I.   PLAINTIFFS' FACTUAL TIMELINE IS WRONG

The Court did not "previously include[] internal investigative reports or reviews into prisoners' deaths as part of Plaintiffs' request for 'death records.'" (Doc. 1056 at 2:7-8.) Plaintiffs cite two orders to support this assertion, neither of which do. Document 186 is the Court's October 16, 2012 order granting Plaintiffs' Motion to Compel Production of Death Records. The crux of that dispute, however, was (1) whether Plaintiffs needed to secure consent of the decedents' next of kin before production of death records (Doc. 149), and (2) whether Plaintiffs were entitled to mortality reviews (Doc. 183). Moreover, that dispute involved the production of death records involving deaths prior to the original discovery cut-off (September 27, 2013). It did not order death records between September 27, 2013 and April 1, 2014.

Plaintiffs also cite to Document 923. That is the Court's order granting, in part, Plaintiffs' request for certain documents after the September 2013 cut-off. (Doc. 923.) That order simply stated: "Defendants must complete production of death records by July 18, 2014." (Id. at 23.) Nothing in that order defined the scope of the death records or otherwise ordered Defendants to produce the internal investigation reports. That is because Plaintiffs' underlying Motion did not request them. (Doc. 906.) Indeed, the production of death records was not part of that dispute. To the contrary, as Plaintiffs'

1

stated in that Motion, the parties had "reached agreement" on the production of death records. (Id. at 17.) Plaintiffs simply asked the Court to impose a deadline (of July 18, 2014) for Defendants to comply with what the parties had agreed upon. (Id.) The Court's order is just that. (Doc. 923 at 23.)

The question, then, is: what did the parties agree to with respect to post-September 2013 death records? Plaintiffs originally proposed that Defendants produce "the death records (health care file, psych autopsy, mortality review, <u>and internal investigations</u>) for all prisoners who died between September 27, 2013 and April 1, 2014." (Doc. 907–1 at 7, 38, emphasis added.) Defendants, however, did *not* agree to that definition. Defendants agreed to produce only "death records, previously defined as one-year of medical records prior to death, mortality reviews and any psychological autopsies." (Doc. 907-1 at 65.) They did *not* agree to produce "internal investigation" reports. (Id.) There was no subsequent agreement to expand the definition of "death records" to include these documents. (Doc. 907-1 at 88.) Defendants produced these death records by the court-ordered July 18, 2014 deadline.[1]

## II. **PRODUCTION OF INTERNAL INVESTIGATION REPORTS IS UNDULY BURDENSOME AND NOT RELEVANT.**

There are two units of the Office of the Inspector General which may investigate a death in custody. The Criminal Investigations Unit ("CIU") prepares a report, similar to a police report for all deaths, noting importantly the manner of death and chain of custody. In the event of an inmate homicide, the CIU also conducts a more comprehensive investigation which is referred to the County Attorney for possible prosecution. The Administrative Investigations Unit ("AIU") conducts an investigation

---

[1] Although in their Motion to Compel Plaintiffs included their expanded definition of "death records" to include "internal investigations," the scope of that production had already been agreed upon by the parties (as noted by Plaintiffs in the Motion) and it was not an issue in the Motion. There was no reason to clarify it. Simply because Plaintiffs tried to unilaterally expand the definition in their Motion (as is evident from their current Motion to Enforce: "Again, 'internal investigations' was listed as part of 'death records.'" (Doc. 1056 at 3), does not mean that Defendants agreed to it. And the Court's order setting a deadline for production did not adopt Plaintiffs' expanded definition or otherwise endorse it.

only in cases of inmate suicides, unattended deaths, and where staff misconduct may be believed to be a potentially contributing cause. CIU reports range in length from 10-1000 pages, and AIU reports range in length from 50 pages to over 400.

There were sixty-six deaths from September 27, 2013 to April 1, 2014. *See* Ex. 1 (Declaration of Lucy Rand) at ¶2. As a result, 16 AIUS and 66 CIUS were completed. *Id*. at ¶5. These investigations total over 11,000 pages of documents. *Id*. Not only are these investigations extremely voluminous, they contain security sensitive information such as confidential interviews by other inmates regarding the death or homicide, and thus require careful and lengthy redactions. *Id*. at ¶6. Defendants estimate that in order to pull, copy, redact, and produce all of these documents, it would take Defendants hundreds of hours – an undertaking that is unlikely to yield probative results as outlined below. *Id.* at ¶6.

Although Plaintiffs demand production of these reports, they fail to show the probative value or even remote relevance they have to their case. Plaintiffs' experts fail to cite to any of the CIUs produced in this case,[2] and Plaintiffs provide only *two* examples, where their experts relied on AIUs. It is difficult to understand how a CIU investigation into the criminal activity of inmates bears any relevance to a case regarding the constitutionality of the health care provided to ADC inmates. These reports have no relevance to the provision of healthcare. Defendants respectfully request that the Court deny Plaintiffs' request to order production of these documents.

### III. DEFENDANTS ARE WILLING TO PRODUCE CERTAIN REPORTS

Although there is no evidentiary value to this case in the CIU reports – which

---

[2] Defendants previously produced CIU and AIU reports for in-custody deaths occurring between January 4, 2011 and October 9, 2012, and produced those documents on September 28, 2012; November 6, 2012; November 15, 2012; February 19, 2013; February 22, 2013; May 1, 2013; and November 25, 2013, due to the significant amount of time necessary to review and redact security sensitive information from those records. At no point, did Plaintiffs' seek any production of AIU or CIU investigative reports for any subsequent deaths. However, during that time period, Defendants produced all mortality reviews pertaining to deaths in custody, and following the Court's November 4, 2013 Order [Dkt. 717] also produced all psychological autopsies for all suicides. Moreover, as of December 18, 2013, the parties agreed to limit the production of medical records of deceased inmates. *See,* Dkt 731 at 9, n.5. The Court accepted that agreement and denied Plaintiffs' Motion to Enforce on December 23, 2013 [Dkt. 734].

3


constitute the bulk of the production sought (almost 9,000 pages), Defendants are willing to extract the autopsy reports contained in the CIU investigations and produce those to Plaintiffs. Defendants also agree to produce the AIU reports for the time frame requested. The AIU reports and autopsy reports constitute a reasonable number of documents (2,275) and are arguably relevant to the provision of healthcare. Defendants will begin production of these items immediately.

**IV.   CONCLUSION**

For these reasons, Plaintiffs' Motion should be denied.

DATED this  6th  day of August 2014.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Daniel P. Struck
   Daniel P. Struck
   Kathleen L. Wieneke
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Fletcher
   Anne M. Orcutt
   Jacob B. Lee
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

   *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Ajmel Quereshi: | aquereshi@npp-aclu.org |
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| James M. Jellison: | jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jerica Lynn Peters: | jpeters@perkinscoie.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kamilla Mamedova: | kmamedova@jonesday.com |
| Kevin C. Brantley: | kbrantley@jonesday.com |

| | | |
|---|---|---|
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com | |
| Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com | |
| Sara Norman: | snorman@prisonlaw.com | |
| Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org | |
| Taylor Freeman: | tfreeman@jonesday.com | |
| Warren E. George, Jr.: | wgeorge@prisonlaw.com | |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/  Daniel P. Struck

6