1  Daniel Pochoda (Bar No. 021979)
   James Duff Lyall (Bar No. 330045)*
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: dpochoda@acluaz.org
           jlyall@acluaz.org
5  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

6  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
7  *Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of*
8  *themselves and all others similarly situated*

   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
9
   Sarah Kader (Bar No. 027147)
10 Asim Varma (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
11 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
12 Telephone: (602) 274-6287
   Email: skader@azdisabilitylaw.org
13         avarma@azdisabilitylaw.org

14 *Attorneys for Plaintiff Arizona Center for Disability Law*

   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
15

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S PREVIOUS ORDER (DOC. 923) REGARDING PRODUCTION OF DEATH RECORDS** |

78204-0001/LEGAL122979469.1

1   Plaintiffs' Motion to Enforce the Court's Previous Order (Doc. 923) Regarding the
2   Production of Death Records [Doc. 1056] should be granted in full.

3   Defendants have been on notice that Plaintiffs' request for the "death records" of
4   prisoners who died from September 27, 2013 to April 1, 2014 encompassed all
5   investigative reports or reviews into prisoners' deaths.  They concede that in the past, they
6   produced these reports, [Doc. 1064 at 3 n.2], but now argue that they cannot produce these
7   reports, because they would have to review 10,975 pages of documents and redact them.[1]
8   [Doc. 1064-1 ¶¶ 5-6]  Defendants' willful delay in complying with the Court's order is not
9   an excuse for not completing production of relevant documents.  In any event, after
10  arguing burden, Defendants then go on to state that they are capable of "immediately"
11  producing 16 reports, or 2,275 pages of these documents, which would indicate they have
12  already been reviewed and redacted.  [Doc. 1064 at 4]

13  However, Defendants' late offer to produce only reports for 16 out of the 66 deaths
14  during the September 27, 2013 to April 1, 2014 time period is inadequate.  Plaintiffs'
15  medical and mental health experts need to review reports for *all* deaths, because they
16  often include information that is not recorded in a medical file.  For example, a review of
17  medical files would not necessarily reveal that it took more than 12 hours for ADC

---

[1] Defendants also argue that "[t]his is a new discovery dispute, and one in which [sic] Plaintiffs' counsel conveyed would be brought jointly to the Court after exchanging legal authority and arguments during the August 1, 2014 meet and confer." [Doc. 1064 at 1]  This is completely false.

At no time during the August 1, 2014 meet and confer did Counsel for Plaintiffs *ever* state that they were going to send Defendants a joint discovery dispute statement, because at no time did Plaintiffs intend to file a "one pager" joint statement, as this is not a run-of-the-mill discovery dispute, but rather implicates Defendants' willful defiance of a prior Court order.  Counsel for Defendants were advised to not make such a misrepresentation to the Court, after they threatened to do so.  [*See* Declaration of Corene Kendrick, filed herewith, Ex. 1 (8/6/14 letter from C. Kendrick to A. Fletcher)]

Defendants' insinuation that this filing "not coincidentally" occurred during the pendency of a decision on summary judgment is baffling; there is no reason why all motion practice must or should cease while the Court is rendering a decision on a dispositive motion. [Doc. 1064 at 1]  Defendants previously argued Plaintiffs had waited too long to bring this matter to the Court's attention, [Doc. 1057, Ex. 3 at 2], and it is specious for them now to argue Plaintiffs must wait until after the Court issues its ruling on summary judgment.

78204-0001/LEGAL122979469.1

custody and health care staff to send a prisoner to an outside hospital after he was found in his cell covered in blood, as was revealed in a report produced in the past by Defendants, [*See* Kendrick Decl., Ex. 2 (investigation of death of Larry Brown, ADC032267-32275 at 32272)][2] or that custody staff were not conducting 30 minute checks of prisoners housed in the Lewis medical unit as required by ADC policy, and later altered the logs after the prisoner was found dead in his hospital room. [*Id.* Ex. 3 (investigation of death of Phillip Hamlin, ADC024775-24879 at 24784)]

Additionally, Defendants' assertion that Plaintiffs' experts have not relied upon the CIU reports is wrong. [Doc. 1064 at 3] One of these reports cited in Plaintiffs' Motion, [Doc. 1056 at 1:20-25 (citing Doc. 947, Ex. 2 at 7-8)], shows that medical staff falsified medication records and altered the prisoner's medical record, and custody staff were unable to open the cell door for 15 minutes.[3] [*See* Kendrick Decl., Ex. 4 (CIU investigation of death of Otto Munster, ADC193394-498)]

Therefore, Plaintiffs respectfully request that the Court issue an enforcement order, directing Defendants to comply with the Court's previous order to "complete production of death records by July 18, 2014." [Doc. 923 at 6] Plaintiffs request that the Court order Defendants to obey its past order and produce to Plaintiffs no later than August 15, 2014 all internal investigative reports into the deaths of prisoners who died between September 27, 2013 and April 1, 2014. The two experts reviewing prisoners' deaths, Dr. Robert Cohen (non-suicide and non-homicide deaths) and Dr. Pablo Stewart (suicides)

---

[2] Mr. Brown's Criminal Investigative Unit (CIU) report is only 9 pages long, disproving Defendants' assertion that these reports "range in length from 10-1000 pages…" [Doc. 1064 at 3] Defendants report that there are a total of 82 investigative reports at issue, with the 66 CIU reports totaling 8,700 pages (an average of 131 pages per death) and 16 Administrative Investigative Unit (AIU) reports totaling 2,275 pages (an average of 142 pages per death).

[3] Defendants fault Plaintiffs for only offering two examples of deaths where the experts relied upon internal investigation reports in their Motion, [Doc. 1064 at 2], but there are more cases discussed in Plaintiffs' experts' reports. Dr. Cohen cites to 13 different internal investigation reports in two expert reports [Doc. 292-2 Ex. C at 2; Doc. 945, Ex. 1, Appx. B at 3]; Dr. Stewart cites to 11 different internal investigation reports into suicides. [Doc. 947, Ex. 2, Ex. A at 1]

1  presently are working on supplemental expert reports that the parties stipulated would be
2  provided on August 15, 2014.  However, if the Court grants Plaintiffs' motion and orders
3  the production of the internal investigation reports, Plaintiffs respectfully request that the
4  Court extend Dr. Cohen's and Dr. Stewart's deadline to file the supplemental expert
5  reports to September 5, 2014.

Dated:  August 7, 2014

**PRISON LAW OFFICE**

By:  *s/ Corene Kendrick*
    Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
    Sara Norman (Cal. 189536)*
    Corene Kendrick (Cal. 226642)*
    Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:   dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com
          wgeorge@prisonlaw.com

*Admitted *pro hac vice*

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:   dpochoda@acluaz.org
          jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@npp-aclu.org
         afettig@npp-aclu.org
         aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         keidenbach@perkinscoie.com
         jhgray@perkinscoie.com
         mdumee@perkinscoie.com
         jpeters@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com
         aamiri@jonesday.com

*Admitted *pro hac vice*

| | |
|---|---|
| 1 | John Laurens Wilkes (Tex. 24053548)* |
| 2 | Taylor Freeman (Tex. 24083025)* |
| | **JONES DAY** |
| | 717 Texas Street |
| 3 | Houston, Texas 77002 |
| | Telephone: (832) 239-3939 |
| 4 | Email: jlwilkes@jonesday.com |
| | tfreeman@jonesday.com |

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email: kmamedova@jonesday.com
jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email: kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: *s/ Sarah Kader*
Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   skader@azdisabilitylaw.org
         avarma@azdisabilitylaw.org

J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
**ARIZONA CENTER FOR DISABILITY LAW**
100 N. Stone Avenue, Suite 305
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:   jrico@azdisabilitylaw.org
         jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

s/ S. Neilson