IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Defendants. | No. CV-12-0601-PHX-NVW<br><br>**ORDER** |

The Court has carefully considered Plaintiff's Motion to Enforce (Doc. 1056).[1] If this dispute were to be decided in the abstract, the fact that Defendants previously disclosed investigative reports pursuant to Plaintiffs' definition of "death records" supports Plaintiffs' request. Further, Defendants should have communicated their decision not to produce these reports a few weeks earlier. But the Court considers this dispute in the context of the volume of evidence previously produced and the utility these documents provide in that context. The production of records concerning deaths in the prisons is not to try cases about each death. The probative value is not in any one or few incidents but in broader patterns that might support or refute claims of system-wide constitutional deficiencies affecting deaths. Plaintiffs already have extensive reports of

---

[1] Plaintiffs did not present this discovery dispute in the manner the scheduling order requires, a short joint statement of the dispute with the positions of each side and a certification of conferral of counsel and an impasse. In its discretion, the Court elected to proceed with the motion anyway because of the imminence of trial preparation and the need for quick resolution of the dispute.

- 2 -

deaths in the prisons, and the additional probative value of the more recent reports is unlikely to tip the proof for Plaintiffs if it otherwise falls short.  This is all the more true in light of Defendants' assertions that circumstances have changed for the better, not the worse.

The burden of additional document review for production would be great. Weighing the diminishing probative value of the documents against the burden of production at the time the parties are preparing for trial counsels against directing complete production.  In their response, Defendants indicate that they have already begun disclosing the Administrative Investigations Unit reports and autopsy reports extracted from the Criminal Investigation Unit investigations from the relevant time frame.  In its discretion, the Court finds that production to be sufficient at this juncture.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Enforce (Doc. 1056) is **denied**.  Defendants must produce the items articulated in their response no later than August 15, 2014.   No motions for reconsideration of this Order will be entertained.

Dated this 8th day of August, 2014.

_____
Neil V. Wake
United States District Judge