Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
         jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
         avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-DJH <br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DE-DESIGNATE DOCUMENTS AS CONFIDENTIAL** |

78204-0001/LEGAL123266134.1

> To ensure that ours is indeed a government of the people, by the people, and for the people, it is essential that the people themselves have the ability to learn of, monitor, and respond to the actions of their representatives and their representative institutions. This principle, as it applies to courts, has a long history. Indeed, the common law right of public access to judicial documents is said to predate even the Constitution itself.[1]

Defendants' response treats the request to unseal the summary judgment record as an annoyance and urges that Defendants should not be bothered with determining which documents actually warrant confidentiality or with making the showing required by Ninth Circuit precedent. Instead, Defendants invite the Court to shift the burden to Plaintiffs to specifically identify documents to be unsealed. But the public right to monitor its government institutions, including the Arizona Department of Corrections ("ADC"), is not a "non-issue" that must fall in line behind tasks that Defendants view as more pressing. It is a core mandate of the First Amendment, and once a case proceeds to a dispositive phase, such as summary judgment, a party seeking to maintain documents under seal "must 'articulate[] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosures." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citation & quotation omitted). Defendants' brief defaults on this showing.[2]

As Judge Wake recognized at the summary judgment hearing, "there is great public interest in this case." [Transcript of July 30, 2014 Hearing ("Tr.") at 5:9-10] What Defendants now admit doing —"automatically" marking documents confidential without regard to whether they meet the protective order's confidentiality criteria—was never contemplated or allowed by the Court: "I didn't give anybody a license beyond anything specifically justified to seal filings with the Court." [Tr. at 5:10-11]

---

[1] *United States v. Erie Cnty., N.Y.*, 2014 WL 4056326, at *3 (2d Cir. Aug. 18, 2014) (holding that the district court's decision to seal prison conditions compliance reports was an abuse of discretion).

[2] Remarkably, Defendants make no attempt to distinguish, and do not even cite, *Kamakana* and the other controlling Ninth Circuit cases cited in Plaintiffs' Motion.

1   Judge Wake suggested the appropriate remedy for Defendants' conduct would be
2   to unseal the entire record immediately.[3]   Whether the Court adopts Judge Wake's
3   contemplated remedy, or de-designates only the summary judgment records as Plaintiffs'
4   motion proposed, it should hold Defendants to the *Kamakana* standard and decline their
5   invitation to ignore controlling precedent.

6   The Court should also reject Defendants' proposal that the Court grant them two
7   and a half months to re-review documents for confidentiality.  As Plaintiffs explain below,
8   Defendants' proposal is a poor attempt to panic a Court that is just becoming acquainted
9   with this case.  In reality, Defendants have *already* redacted the documents containing
10  security information, and they provide unrealistic estimates of the time it would take to
11  correct any mistakes in their previous review, especially since whole categories of
12  documents obviously contain no security information—e.g., Plaintiffs' expert reports and
13  depositions.  Accordingly, Plaintiffs urge the Court to order the immediate unsealing of
14  the record, subject to the safeguards articulated in Plaintiffs' motion.

**I.   BLANKET CONFIDENTIALITY DESIGNATIONS VIOLATE THIS COURT'S PROTECTIVE ORDER AND NINTH CIRCUIT PRECEDENT.**

17  The Amended Protective Order ("Protective Order") prohibits the unauthorized
18  dissemination of two types of information: "protected health information" and "security
19  information."  Under the Protective Order, the parties were required to self-regulate in the
20  first instance: each party would make its own judgments regarding the confidentiality of
21  the documents that it produces, subject to the other party's objections.  [Doc. 454 ¶¶ 3, 13]
22  The Protective Order, however, did not permit the parties to make blanket
23  confidentiality designations.  Nor did this Court authorize blanket designations.  [*See* Tr.

---

[3] "And if I conclude when this is briefed that this was just used as blanket designations to defer until later, I may just unseal everything, and whenever anybody feels like doing the work to make a motion with a specific demonstration that a specific document should be kept from the public, I will consider it."  [Tr. at 4:25-5:5]

78204-0001/LEGAL123266134.1         -2-

at 4:20-5:5][4]  And for good reason: even in the early stages of a case, the Ninth Circuit requires parties that oppose disclosure of discovery material to meet the "burden of establishing that there is good cause to continue the protection of . . . discovery material". *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).[5]

In their Response, Defendants now admit that they "automatically" placed confidentiality footers on *all* of their produced documents "to minimize costs" and "produce the documents on a timely basis." [Response at 3][6]  But neither of these excuses justifies their self-help remedy of abusing the Protective Order.  If Defendants believed they could not comply with the Protective Order, the appropriate course was to seek relief from the Court, not to ignore a binding Court order.  Defendants' excuses are also implausible, because blanket designations have been Defendants' approach to nearly everything in this case, not just the documents Defendants' produced.  For example, Defendants designated all of their expert and witness depositions confidential.  [*See, e.g,* Doc. 1042, Exs. 2-4]

Similarly, Defendants repeatedly lament the size of the production.  That excuse, too, provides no exemption from *Kamakana*'s requirements.[7]  Not a single case that

---

[4] This was the second time the Court cautioned Defendants about improperly designating documents as confidential.  The first was on September 24, 2013 when the Court rejected Defendants' attempt to keep documents confidential in part because their disclosure would "encourage litigation."  [*See* Order Granting Plaintiffs' Motion to De-Designate, Doc. 657, at 3]

[5] As noted in the Motion, a party that opposes the disclosure of information related to a dispositive motion must meet the heightened "compelling reasons" test. *Kamakana*, 447 F.3d at 1178.

[6] Although Defendants' Response implies that non-confidential documents were merely overlooked (Response at 3), the fact is that every single page of Defendants' production has been marked confidential, so Defendants never took the time with productions large or small to apply the Protective Order's criteria to individual documents.

[7] Defendants spend much of their response complaining about the burden of discovery on them.  Plaintiffs will not impose on the Court tit-for-tat bickering over the history of discovery in this case, but much of Defendants' burden stems from Defendants' own actions, such as moving to extend the discovery cut-off after discovery had already closed.  Moreover, "the burden of review and identification involved in this case pales by comparison to burdens deemed not undue in countless cases," especially given that this

1  Plaintiffs have found, or to which Defendants point, suggests that a large production frees
2  Defendants from the requirement that they establish "compelling reasons supported by
3  specific factual findings" to maintain documents related to a dispositive motion under
4  seal. *See Kamakana*, 447 F.3d at 1178. Accordingly, courts in this Circuit have held that
5  the parties' burden of reviewing or redacting documents does not outweigh the public's
6  right to know. *See Nash v. Life Ins. Co. of N. Am.*, 2010 WL 2044935, at *1 (S.D. Cal.
7  May 18, 2010) ("[A]ny burden to the parties does not overcome the 'strong presumption
8  in favor of access to court records.'"). Since Defendants have ignored their obligations
9  under the Protective Order, the Court should act on the presumption that favors public
10 access and unseal the record.[8]

11 **II. DEFENDANTS' RESPONSE FAILS TO ESTABLISH COMPELLING REASONS THAT OVERCOME THE PUBLIC'S RIGHT TO ACCESS THE**
12 **SUMMARY JUDGMENT RECORD.**

13 Defendants entirely default on their obligation to articulate compelling reasons,
14 supported by specific factual findings, to keep the Subject Documents sealed, let alone
15 reasons that would outweigh the public's interest in accessing the information in a case
16 such as this, which alleges a government-sponsored deprivation of constitutional rights.[9]

17

---

18 case implicates the lives and health of more than 30,000 prisoners. *Jenkins v. White Castle Mgmt. Co.*, 2014 WL 3809763 at *3 (N.D. Ill. Aug. 4, 2014) (citing cases that
19 required productions of millions of documents).

20 [8] Defendants assert that the Court may only de-designate documents associated with the summary judgment briefing because the present Motion only discussed those
21 documents. The Court, however, may issue "just orders" *sua sponte* to sanction a party for disobeying a pre-trial order. Fed. R. Civ. P. 37(b)(2)(A); *Dreith v. Nu Image, Inc.*, 648
22 F.3d 779, 787 (9th Cir. 2011). Further, Defendants were not prejudiced because the Court apprised Defendants of the possibility that it would unseal the entire record well before
23 Defendants filed their response to this motion.

24 [9] Plaintiffs defined the "Subject Documents" in their Motion. The Subject Documents include all documents attached to or referenced in Defendants' Motion for
25 Summary Judgment (the "Motion") [Doc. 902] and all related and responsive documents and exhibits, including Defendants' Corrected Statement of Facts [Doc. 937], Plaintiffs'
26 Response to Defendants' Motion for Summary Judgment [Doc. 1018], and Plaintiffs' Response to Defendants' Separate Statement of Facts [Doc. 1020], as well as any
27 documents Defendants may subsequently file in connection with the Motion. Defendants complain, p. 8-9, that the Motion incorporates documents from elsewhere in the filed
28 record, but ignore that that is what the local rules require. *See* LRCiv 7(d)(1). Plaintiffs

Indeed, Defendants' response fails to mention most of the documents referenced in the summary judgment record altogether, and offers only vague, conclusory, and unsupported allegations of confidentiality for the others.

This Court should de-designate all of the Subject Documents, as defined in Plaintiffs' motion, for which Defendants do not even attempt to make the showing required in this Circuit. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135-36 (9th Cir. 2003) (once sealed discovery documents are made part of a dispositive motion, they no longer enjoy protected status without some overriding interest dictating that they be kept under seal). If the Court were to maintain these documents under seal, its order would have to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture". *Foltz*, 331 F.3d at 1135 (citation omitted). But Defendants have offered no factual basis to support such a ruling as to the vast majority of the documents. And as to those that Defendants do discuss, they either do not warrant protection, or Plaintiffs' motion provides a mechanism for addressing them.

For example, Defendants' Response did not discuss Plaintiffs' expert reports. Among other things, these reports demonstrate systemic failures in the ADC that include inadequate health care staffing at the facilities, dangerous medication management techniques, life-threatening failures of care, and inhumane isolation conditions and procedures. [*See, e.g.*, Declaration of Robert M. Cohen, M.D., Doc. 965, Ex. 1 at 13-17 (inadequate staffing), 40-45 (dangerous medication management), 50-79 (deaths); Declaration of Craig Haney, Ph.D., J.D., Doc. 970, Ex. 1 at 25-103 (isolation)] As Defendants acknowledged in the reply briefing on summary judgment, Plaintiffs' expert reports were central to the summary judgment briefing. [Doc. 1050 at 4] Plaintiffs' expert reports preview their trial testimony, which will be given in open court. They do

---

compliance with the local rule does not put referenced documents outside the reach of *Kamakana*.

1 not contain security information or any other information that warrants their wholesale
2 sealing, and Defendants have not carried their burden to show otherwise.[10]

3 With respect to certain exhibits attached to Defendants' Separate Statement of Facts ("DSOF") (Exs. 123-136, 138-153), Defendants offer vague and unsupported references to the "safety and security of human beings." The *Kamakana* standard, however, requires more than unadorned fearmongering; Defendants must "articulate[] compelling reasons supported by *specific factual findings*." *Kamakana*, 447 F.3d at 1178 (internal citation omitted) (emphasis added). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the [compelling reasons] burden." *Id.* at 1184. Indeed, in *Mitchell*, *Fosselman*, and *Arteaga*, all cited by Defendants (at 13), the courts identified specific security concerns associated with only a few particular documents and granted sealing only as to those—in one case, finding that only specific *pages* of a document could be sealed. *See Mitchell v. Cate*, 2014 WL 1671589, at *3 (E.D. Cal. Apr. 28, 2014); *Fosselman v. Evans*, 2011 WL 939616, at *2 (N.D. Cal. Mar. 15, 2011); *Arteaga v. Alameida*, 2007 WL 3105419, at *1 (E.D. Cal. Oct. 23, 2007).[11] None of those cases endorses the wholesale sealing that Defendants advocate here.

Nor would wholesale sealing be justified. A cursory review of the Subject Documents shows that most of the pages contain no information that would "threaten the safety and security of a person or institution," as required by the Protective Order. Many of the documents, for example, contain page after page of obviously non-confidential information, such as the biography and curriculum vitae of Defendants' expert, *see* DSOF,

---

[10] Plaintiffs were required to designate their own expert reports because those reports discussed material designated—albeit improperly designated—as confidential by Defendants.

[11] Plaintiffs also note that *Guillen v. Owens*, 2011 WL 5882554, at *4 (D. Ariz. Nov. 23, 2011), and *Salerno v. Munoz*, 2011 WL 2600519, at *2 (D. Ariz. June 30, 2011), the other two cases Defendants cite, stand for the proposition that documents containing limited amounts of security information must be released after that information is redacted.

1  Ex. 123, attachment B; a list of documents that Defendants' expert reviewed, *id.*,
2  attachment A; and published academic articles, *id.*, attachments C-F.

3  Plaintiffs take the confidentiality of security information very seriously, but Defendants have not met their burden of providing specific facts demonstrating the security concerns they claim. Defendants should not be permitted to withhold the entire record from public view while they undertake a plodding, page-by-page re-review of a record that largely focuses on health care, especially since their past productions show that they have already reviewed and redacted the documents for security reasons prior to producing them. [*See, e.g.*, DSOF, Ex. 124, at ADC021889, ADC021891, ADC021901; *id.*, Ex. 126, at ADC021228; *id.*, Ex. 129, at ADC022721]

11  If the Court grants Plaintiffs' requested relief, Defendants should have five days to identify confidential security information that they failed to redact in the previous productions, and the parties can address those claims. If there are discrete categories of security-related documents for which Defendants request more time, Plaintiffs will be reasonable in responding to those requests. But Plaintiffs will not agree to, and this Court should not order, a long delay in the release of the summary judgment record *in toto* on the pretext that Defendants need weeks to re-review redactions of security information that were done during production.

19  Defendants also claim that many of the exhibits attached to their motion for summary judgment and Plaintiffs' Response to the motion for summary judgment are confidential because they contain Plaintiffs' medical information. This is a straw man. Plaintiffs' motion already addressed this issue by proposing that the Court permit public disclosure of the summary judgment record, subject to redaction of the names and prisoner identification numbers from medical records prior to their public release. [Motion at 7] This is the Ninth Circuit's preferred method of handling personal identifying information. *See Roman Catholic Archbishop*, 661 F.3d at 423; *Foltz*, 331 F.3d at 1137.

Moreover, Defendants grossly exaggerate the number of documents that will require such redactions. Many of the medical records in the summary judgment record are those of the named Plaintiffs, who have waived HIPAA and authorized the release of their health information as part of the record in this case. *See* Email from Caroline N. Mitchell, Jones Day, to Ashlee B. Fletcher, Struck Wieneke & Love (July 18, 2014), Doc. 1042, Ex. 1; *see also Carbajal v. Warner*, 2013 WL 1129429, at *5 (D. Colo. Mar. 18, 2013) ("Disclosure of a patient's medical information is permitted when it is requested by the patient."); 45 CFR § 164.512 (e)(1)(i) (disclosure can be made by Court order). Many of the other documents the parties rely on are Defendants' monthly and quarterly reports regarding various aspects of health care and other metrics data. [*See, e.g.*, DSOF, Ex. 137, attachments DDD-BBBB] These largely do not contain *protected* medical information, because they do not contain information that is "individually identifiable," and to the extent that some of the documents do, Plaintiffs have pledged to redact prisoners' names, which is what Defendants have done when they have released similar documents to the press. [*See* PRR ADC02789, available at http://archive.azcentral.com/ic/12news/watchdog/adc_reports/tucson_october2013.pdf]

Defendants also propose that this Court invent a new waiver rule, maintaining that the documents should stay sealed because Plaintiffs were required to object to the improper confidentiality designations the first time that one of the parties brought a motion to seal.[12] This is both wrong and contrary to public policy. It is wrong because the burden for sealing documents filed with dispositive motions is greater than the burden for sealing documents earlier in the case. *Foltz*, 331 F.3d at 1134. Plaintiffs filed this motion, aimed at unsealing the summary judgment record, before Defendants had even filed their summary judgment reply. [*See* Docs. 1041, 1050] So nothing about this motion is tardy. Defendants' position is contrary to public policy because it is ultimately the *public's* right to access the documents that is at stake, not Plaintiffs'. It is thus not

---

[12] In one place, Defendants say this requirement stems from LRCiv 5.6(d). In response, Plaintiffs simply note that LRCiv 5.6(d) contains no such requirement.

Plaintiffs' right to waive. *See Nash*, 2010 WL 2044935 at *1 (requiring documents in the record to be redacted and released over *both* parties' objection of burdensomeness).

### III. DEFENDANTS' TACTICS TO DELAY ACCESS TO THE INFORMATION IN THIS CASE SHOULD BE REJECTED.

Recognizing their blunder and in an attempt to cut their losses, Defendants conclude with a proposal: Plaintiffs should identify documents to be unsealed, and Defendants will redact and release those documents over the next two and a half months. This proposal is absurd. Not only does the proposal turn *Kamakana* on its head by reversing the presumption in favor of public access, but it is a thinly-veiled attempt to continue the delay tactics Defendants have employed on this issue for the last five months.

Since April, Plaintiffs have urged Defendants to de-designate their expert depositions because they were improperly designated. [Doc. 1042, Ex. 2] Defendants refused. [*Id.*, Ex. 3] And since June, Plaintiffs have attempted to work with Defendants to de-designate certain production documents. [*Id.*, Ex. 1] In particular, Plaintiffs sought de-designation of their expert reports, critical deposition testimony, and important documents, such as images of stacks of patient health needs request forms that were never addressed. But Defendants responded that, because they were busy with other tasks, de-designation was "not a priority" and that they would address this issue in August 2014. [*Id.*] Plaintiffs made another effort to meet and confer on July 18, but Defendants again responded that they were too busy, that the earliest they could begin addressing the issue would be September 22, 2014, and that the redaction process would then take an additional 3-4 weeks—or until the time of trial. [*Id.*] Now Defendants claim that it will take their attorneys *two and a half months* to review the Subject Documents because (1) only two ADC staff members can make redactions and (2) Defendants' attorneys are busy preparing for trial.

Thus, to the extent that Defendants find themselves in a jam, they have only themselves to blame for failing to mark the documents properly in the first instance and

1 for continuing to stall any progress on this issue.  Defendants should not be allowed to
2 continue these delay tactics and benefit from their abuse of this Court's Protective Order.

3       Additionally, Defendants' estimation of the time required for this project is
4 dubious.  Defendants fail to explain why *every single page* of the documents must be
5 reviewed again.  They have already reviewed and redacted these documents for security
6 concerns once and even a thorough double-check can be accomplished in a week.  In
7 short, Defendants' proposal should be rejected.

## CONCLUSION

9       For the foregoing reasons, Plaintiffs respectfully request that the Court enter an
10 order immediately de-designating the entire record, or in the alternative, immediately de-
11 designating the documents associated with the summary judgment briefing as described
12 more fully in the present Motion.

13 Dated:  August 22, 2014      **JONES DAY**

By:  s/ Caroline N. Mitchell
    Caroline Mitchell (Cal. 143124)*
    Amir Q. Amiri (Cal. 271224)*
    Dara Levinson (Cal. 274923)*
    **JONES DAY**
    555 California Street, 26th Floor
    San Francisco, California 94104
    Telephone:  (415) 875-5712
    Email:  cnmitchell@jonesday.com
             aamiri@jonesday.com
             daralevinson@jonesday.com

*Admitted *pro hac vice*

| | |
|---|---|
| 1 | Daniel C. Barr (Bar No. 010149) |
| 2 | Amelia M. Gerlicher (Bar No. 023966) |
|   | Kirstin T. Eidenbach (Bar No. 027341) |
| 3 | John H. Gray (Bar No. 028107) |
|   | Matthew B. du Mée (Bar No. 028468) |
| 4 | Jerica L. Peters (Bar No. 027356) |

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         keidenbach@perkinscoie.com
         jhgray@perkinscoie.com
         mdumee@perkinscoie.com
         jpeters@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   dpochoda@acluaz.org
         jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com
         wgeorge@prisonlaw.com

*Admitted *pro hac vice*

| | |
|---|---|
| 1 | David C. Fathi (Wash. 24893)* |
| 2 | Amy Fettig (D.C. 484883)** <br> Ajmel Quereshi (Md. 28882)** |
| 3 | **ACLU NATIONAL PRISON PROJECT** |
| 4 | 915 15th Street N.W., 7th Floor <br> Washington, D.C. 20005 |
| 5 | Telephone: (202) 548-6603 <br> Email:   dfathi@npp-aclu.org |
| 6 |          afettig@npp-aclu.org <br>          aquereshi@npp-aclu.org |
| 7 | *Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts. |
| 8 | **Admitted *pro hac vice* |
| 9 | |
| 10 | John Laurens Wilkes (Tex. 24053548)* <br> Taylor Freeman (Tex. 24083025)* |
| 11 | **JONES DAY** <br> 717 Texas Street |
| 12 | Houston, Texas 77002 <br> Telephone: (832) 239-3939 |
| 13 | Email:   jlwilkes@jonesday.com <br>          tfreeman@jonesday.com |
| 14 | *Admitted *pro hac vice* |
| 15 | Kamilla Mamedova (N.Y. 4661104)* <br> Jennifer K. Messina (N.Y. 4912440)* |
| 16 | **JONES DAY** <br> 222 East 41 Street |
| 17 | New York, New York 10017 <br> Telephone: (212) 326-3498 |
| 18 | Email:   kmamedova@jonesday.com <br>          jkmessina@jonesday.com |
| 19 | |
| 20 | *Admitted *pro hac vice* |

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email:   kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Sarah Kader
        Sarah Kader (Bar No. 027147)
        Asim Varma (Bar No. 027927)
        5025 East Washington Street, Suite 202
        Phoenix, Arizona 85034
        Telephone: (602) 274-6287
        Email:   skader@azdisabilitylaw.org
                     avarma@azdisabilitylaw.org

        J.J. Rico (Bar No. 021292)
        Jessica Jansepar Ross (Bar No. 030553)
        **ARIZONA CENTER FOR DISABILITY LAW**
        100 N. Stone Avenue, Suite 305
        Tucson, Arizona 85701
        Telephone: (520) 327-9547
        Email:   jrico@azdisabilitylaw.org
                     jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

                          s/ D. Freouf