# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to De-Designate (Docs. 1041, sealed at 1072). The Court will grant the motion as explained herein.

## I.  Background

Plaintiffs seek to de-designate Defendants' summary judgment motion and all documents attached to or referenced therein, including Defendants' Corrected Statement of Facts and Plaintiffs' Response memorandum and supporting exhibits. Plaintiffs contend that Defendants automatically designated every produced document as confidential, which does not survive scrutiny under controlling standards governing sealing of court records. Defendants acknowledge that documents not containing confidential information were designated as such because other confidential documents were disclosed at the same time. They also allege that the obligation to review the confidentiality designation for all of the summary judgment documents while preparing for trial is overly burdensome.

## II.  Governing Standard

The public has a "general right to inspect and copy public records and documents,

including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (footnote omitted).  This right extends to pretrial documents filed in civil cases. *San Jose Mercury News, Inc. v. U.S. Dist. Court,* 187 F.3d 1096, 1102 (9th Cir. 1999).  The public's right of access is not absolute, but the analysis begins "with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2006).  To overcome this presumption, a party must provide "sufficiently compelling reasons" that override the public policies favoring disclosure.  *Id.*  Thus, in its analysis, the Court must balance the competing interests of the public and the party seeking to seal a judicial record. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  A decision to seal the documents must be supported by a factual basis for each compelling reason to seal.  *Id.*

A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Moreover, the policy of promoting access to public documents dictates that only that information which there is good cause or a compelling reason to seal should actually be sealed.  Accordingly, to the extent that a party wishes to seal an entire document, rather than redacting certain secret information from that document, the party must provide either good cause or compelling reasons to seal all of the information in that document. *See id.* at 1183.  Otherwise, the party must only seek to redact that information that there is good cause or compelling reasons to seal.

**III.    Analysis**

As the Court indicated in its September 24, 2013 Order (Doc. 657 at 3), "materials that are sealed during discovery presumptively may not remain sealed once they are filed with the court for public policy reasons *unless* the materials in questions are of a type that 'have traditionally been kept secret for important policy reasons.'"  *Lambright v. Ryan*,

1 698 F.3d 808, 820 (9th Cir. 2012) (citing *Foltz*, 331 F.3d at 1134).   There is simply no
2 basis to deviate from the Court's prior consideration of this issue or to conclude that the
3 entire summary judgment record must remain under seal.  This conclusion is bolstered by
4 Defendants' concessions that not all sealed documents contain confidential private
5 information and that they may have disclosed some of them pursuant to public records
6 requests, as well as Defendants' complete failure to establish that compelling reasons
7 support the sealing of any of the documents.

8 But the Court will not page through each document to determine whether it should
9 remain confidential or have limited confidential information redacted.  The burden for
10 this should fall squarely on the parties.  To that end, the Court will unseal Defendants'
11 Motion for Summary Judgment and Plaintiffs' experts' reports.  Plaintiffs must refile
12 their expert reports with any personal or security information redacted within 10 days of
13 this Order.  This is consistent with the practice under Local Rule of Civil Procedure
14 5.6(e), which requires refiling of a document if a motion to seal is denied.  For the
15 remainder of the summary judgment documents, the Court will not unseal the remainder
16 of the record or require the parties to refile all of the subject documents.  Instead, the
17 Court contemplates removing the confidential designation from all of them and will allow
18 the documents to be publicly filed at trial with any redactions for personal information or
19 prison security concerns.  Consistent with the directives in the Court's July 3, 2014
20 Order, the parties must lodge any objections to publicly filing the remaining summary
21 judgment documents in the same manner as they would to the authenticity of documents
22 (Doc. 995 at 3 ¶ 8).  Any failure to object to publicly filing a document at trial will
23 constitute waiver of the objection.  The Court will address any objections at the Final
24 Pretrial Conference.

25 **IT IS THEREFORE ORDERED:**

26 (1) Plaintiffs' Motion to De-Designate (Doc 1041, sealed at Doc. 1072) is
27 **granted** as explained herein.

28 (2) The Sealed Motion for Summary Judgment at Doc. 902 must be unsealed.

1  (3) Plaintiffs must refile their expert reports with any personal or security information redacted within 10 days of this order.

2  (4) The parties must follow the procedure outlined in the Court's July 3, 2014 Order to lodge any objections to filing the remaining summary judgment documents publicly at trial (Doc. 995 at 3 ¶ 8).

Dated this 29th day of August, 2014.

_____
Diane J. Humetewa
United States District Judge