# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

THE DISTRICT OF ARIZONA

VICTOR PARSONS, ET AL.,

        PLAINTIFFS,

  VS.

CHARLES RYAN; RICHARD PRATT,

        DEFENDANTS.

Case No. 2:12-CV-00601 PHX-NVW

    The deposition of PABLO STEWART, M.D., was held on Friday, March 28, 2014, commencing at 8:57 a.m., at 71 Stevenson Street, Suite 400, San Francisco, California, before Rhiannon Smith, Certified Shorthand Reporter, No. 13265, in and for the State of California.

REPORTED BY:  Rhiannon Smith, CSR#13265
JOB NO.: 203485

```
 1    APPEARANCES:
 2
          ON BEHALF OF THE PLAINTIFFS:
 3
      DAVID C. FATHI
 4
          American Civil Liberties Union Foundation
 5
          915 15th Street, NW, 7th Floor
 6
          Washington, DC 20005
 7
          Telephone:  202-548-6603
 8
 9    MEREDITH GALLEN
10        Prison Law Office
11        1917 5TH Street
12        Berkley, CA 94710
13        Telephone:  510-280-2621
14
      SARAH E. KADER
15
          Arizona Center for Disability Law
16
          5025 East Washington Street, Suite 202
17
          Phoenix, AZ 85034
18
          Telephone:  602-274-6287
19
20
          ON BEHALF OF THE DEFENDANTS:
21
      KATHLEEN L. WIENEKE
22
          Struck Wieneke & Love
23
          3100 West Ray Road, Suite 300
24
          Chandler, AZ 85226
25
```

```
 1   close to what you said, 5.7.
 2   BY MS. WIENEKE:
 3       Q.  So 5.75 hours is the time you spent in reviewing
 4   records and the preparation of your declaration
 5   submitted to the court on November 6, 2012?
 6       A.  That's the amount of time I billed for, yes.
 7       Q.  And you previously told me that the amount of
 8   time you bill for that -- strike that.
 9           You previously told me that you kept track of the
10   time you spent working on this case so you could bill
11   for your time, correct?
12       A.  Yes.
13       Q.  You agree with me, sir, that in 5.75 hours there
14   is no way you could review all of the 13 named
15   plaintiffs' medical charts, correct?
16       A.  No, I don't agree with that.
17       Q.  So in 5.75 hours you reviewed all of the named
18   plaintiffs' complete medical charts, that's your
19   testimony?
20              MR. FATHI:  Objection.  Misstates his
21   testimony.
22              THE WITNESS:  Your question was -- what was
23   your question again?
24   BY MS. WIENEKE:
25       Q.  Let me ask it again different.  Did you review,
```

```
 1    in 5.75 hours, all of the named -- 13 named plaintiffs'
 2    medical charts, the complete medical charts?
 3        A.   I don't list the medical records of the named
 4    plaintiffs.
 5        Q.   So you did not review the medical records of the
 6    named plaintiffs in preparation for your declaration,
 7    correct?
 8        A.   The materials I reviewed are listed on page 1 and
 9    2.
10        Q.   So the materials that are listed on page 1 of 2
11    of your declaration are the materials that you reviewed
12    in 5.75 hours, correct?
13        A.   Yes.
14        Q.   And did you review each and every one of those
15    items cover to cover?
16        A.   I certainly -- yes, I did.
17        Q.   Okay.  Were you the one, sir, that in preparing
18    the declarations found the citations to the depositions?
19    So, for example, on the declaration at page 13, line 14,
20    were you the one who inserted the citations to the
21    record for Dr. Crews' deposition?
22        A.   No.
23        Q.   That was done by someone else?
24        A.   That was done by counsel, yes.
25        Q.   Okay.  Taking a look at Exhibit Number 1, page 2,
```

```
 1              DEPOSITION OFFICER'S TRANSCRIPT
 2
 3   STATE OF CALIFORNIA    )
                            ) SS.
 4   COUNTY OF SAN FRANCISCO)
 5
 6        I, Rhiannon Smith, hereby certify:
 7        I am a duly qualified Certified Shorthand
 8   Reporter, in the State of California, holder of
 9   Certificate Number CSR 13265 issued by the Court
10   Reporter's Board of California and which is in full
11   force and effect.  (Bus. & Prof. SS 8016)
12        I am not financially interested in the action and
13   am not a relative or employee of any attorney of the
14   parties, or of any of the parties.  (Civ. Proc SS
15   2025.320(a))
16        I am authorized to administer oaths or
17   affirmations pursuant to California Code of Civil
18   Procedure, Section 2093(b), and prior to being examined,
19   the deponent was first placed under oath or affirmation
20   by me. (Civ. Proc. SS. 2025.320, 2025.540(a))
21        I am the deposition officer that stenographically
22   recorded the testimony in the foregoing deposition and
23   the foregoing transcript is a true record of the
24   testimony given. (Civ. Proc. SS. 2025.540(a))
25        I have not, and shall not, offer or provide any
```

```
 1   services or products to any party's attorney or third
 2   party who is financing all or part of the action without
 3   first offering same to all parties or their attorneys
 4   attending the deposition and making same available at
 5   the same time to all parties or their attorneys. (Civ.
 6   Proc. SS. 2025.320(b))
 7          I shall not provide any service or product
 8   consisting of the deposition officer's notations or
 9   comments regarding the demeanor or any witnesses,
10   attorney, or party present at the deposition to any
11   party or any party's attorney or third party who is
12   financing all or part of the action, nor shall I collect
13   any personal identifying information about the witness
14   as a service or product to be provided to any party or
15   third party who financing all or part of the action.
16   (Civ. Proc. SS. 2025.320(c))
17
18   Dated: 4/1/2014
19
20                              _____
21                              Rhiannon Smith, CSR 13265
22
23
24
25
```