1  Daniel Pochoda (Bar No. 021979)
   James Duff Lyall (Bar No. 330045)*
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: dpochoda@acluaz.org
          jlyall@acluaz.org
5  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

6  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
7  *Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of*
8  *themselves and all others similarly situated*

   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
9
   Sarah Kader (Bar No. 027147)
10 Asim Varma (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
11 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
12 Telephone: (602) 274-6287
   Email: skader@azdisabilitylaw.org
13        avarma@azdisabilitylaw.org

14 *Attorneys for Plaintiff Arizona Center for Disability Law*

   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

15
UNITED STATES DISTRICT COURT

16
DISTRICT OF ARIZONA

17

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DJH <br><br> **PLAINTIFFS' [EXPEDITED] MOTION FOR EXTENSION OF TIME TO FILE PROPOSED STATEMENTS OF FACTS AND CONCLUSIONS OF LAW UNTIL AFTER THE CLOSE OF EVIDENCE (First Request)** <br><br> **[Expedited Consideration and Oral Argument Requested]** |

## INTRODUCTION

Plaintiffs move for an order to allow both parties to file proposed findings of fact and conclusions of law after trial, rather than on September 19 as under the current schedule. On July 3, 2014, Judge Wake entered an order requiring each party to lodge proposed findings of fact and conclusions of law concurrently with the Proposed Final Pretrial Order. [Doc. 995] Yet because the parties cannot know ahead of time how the trial will progress in this large class action covering multiple types of Eighth Amendment violations, the parties will inevitably have to amend their proposed findings and conclusions to account for the evidence actually presented at trial. And depending on the level of detail the Court expects, preparing findings and conclusions now would force the parties and the Court to expend significant resources only to repeat the task after the trial. Instead, plaintiffs believe that a trial brief of no more than 30 pages would be of far more assistance to the Court before trial begins. Delaying the proposed findings and conclusions until after trial, on the other hand, would avoid any waste of resources. Alternatively, if the Court is inclined to review pretrial findings and conclusions, Plaintiffs request that the Court limit these pretrial filings to no more than 10 pages to ensure that they focus only on the key legal and factual issues for trial and do not become a recitation of the entire multi-week trial.

Given the impending deadline and the tremendous amount of work associated with preliminary proposed findings of fact and conclusions of law, Plaintiffs' further ask for expedited consideration of this motion.

## ARGUMENT

While proposed findings and conclusions are useful tools following a bench trial, they have far less utility before the Court has heard any evidence. This is because trials are fluid, and no amount of planning allows a party to perfectly predict what evidence will ultimately be presented during trial. *Cf. Wheat v. United States*, 486 U.S. 153, 162 (1988) (describing a district court's consideration of what might occur at trial in "the murkier pre-trial context" as "see[ing] through a glass, darkly"); *Air Italy S.p.A. v. Aviation*

*Technologies, Inc.*, 10-CV-20 JG JMA, 2011 WL 96682 (E.D.N.Y. Jan. 11, 2011) (noting that "[i]t is always difficult to predict what will happen in a future trial").[1]

Indeed, the parties must not only navigate innumerable evidentiary rulings, but also make split-second tactical presentation decisions during trial. The limited usefulness of submitting proposed findings of facts and conclusions of law in advance of trial, therefore, are not outweighed by the substantial burden on the parties to prepare them. Defendants at one point concurred, preliminarily agreeing that pretrial findings and conclusions were unnecessary. [Ex. 1 (D. Struck email to D. Specter, 8/7/14) at 2, ¶ 2 (Defendants initially agreed to file a stipulation to delay filing proposed findings and conclusions, but then changed their position after this case was transferred from Judge Wake)]

Plaintiffs' efforts to prepare detailed findings of fact in this case have taken and will continue to take a massive amount of time and effort to complete by the September 19 deadline. And even more resources would have to be expended if the Court expects the parties to follow the model of minutiae Defendants used in their separate statement of facts in support of their summary judgment motion—which was a 486-page document covering 4,327 facts and 40,000 pages of exhibits that identified every possible fact Defendants thought relevant to any of Plaintiffs' claims [Docs. 873 & 937].[2] Given the sheer scope of discovery in this case and what is necessary to prove at trial, proposed

---

[1] The Ninth Circuit in this case further noted that the remedy will depend heavily on the ultimate proof at trial. *See Parsons v. Ryan*, 754 F.3d 657, 689 (9th Cir. 2014) (noting that an injunction in a class-action prison case "must closely track the violations established by the evidence at trial" because, among other reasons, "the proof of some violations but not others might easily change the structure of a remedial plan").

[2] Plaintiffs dispute that Defendants' statement of facts accurately states the relevant facts. Rather, Defendants' understanding of the case often ignores key facts relevant to whether the prisoner class is placed at substantial risk of injury and focuses instead on largely immaterial facts, such as whether any particular named plaintiff received inadequate care on a specific occasion. *See Parsons v. Ryan*, 754 F.3d at 676 (describing Defendants' assertion that the plaintiffs' case is "little more than an aggregation of many claims of individual mistreatment" as a "misunderstanding" of the claims). And this Court even ruled that Defendants' statement of facts "greatly exceed[ed] Local Rule 56.1(a)," and "considered striking Defendants' statement of facts and exhibits for non-compliance with this rule," but ultimately elected to instruct Plaintiffs to not respond to, "or even read," every fact, but to instead file "a targeted and focused response." [Doc. 962] Nonetheless, even sticking to material facts, drafting proposed findings and conclusions before trial is a substantial endeavor.

pretrial findings and conclusions of that length would limit any usefulness it may have prior to the close of evidence.

To be sure, Plaintiffs welcome the opportunity to identify key legal issues, case themes, and essential evidence. But that task can be handled far more efficiently in a 30-page trial brief, rather than in detailed proposed findings and conclusions. And additional detail about exhibits and witnesses, including the basic substance of each witness's proposed testimony, will be included in the proposed final pretrial order.

In sum, the October 21, 2014 trial date is quickly approaching. Plaintiffs seek to utilize both parties' time and effort in the most efficient manner possible to prepare for an orderly trial. Plaintiffs do not wish to burden the Court with reading potentially hundreds of pages of preliminary proposed findings of fact and conclusions of law, let alone consolidating the parties' proposed findings, particularly where they will need to be supplemented after the close of evidence at trial. Allowing the parties to focus on preparing their case for trial, rather than requiring them to spend time on detailed proposed findings of fact and conclusions of law that will be of limited use before trial and that will need to be supplemented or amended after the close of evidence, paves the way for a smoother and more efficient trial.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to extend the filing deadline of proposed findings of fact and conclusions of law until after the close of evidence at trial. Alternatively, Plaintiffs respectfully request that the Court limit the parties' pretrial proposed findings and conclusions to no more than 10 pages so that those short and thematic filings simply frame the major issues for trial, with detailed proposed findings and conclusions to follow after trial.

| | | |
|---|---|---|
| 1 | Dated: September 3, 2014 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By:  s/ John H. Gray |
| | | Daniel C. Barr (Bar No. 010149) |
| | | Amelia M. Gerlicher (Bar No. 023966) |
| 4 | | Kirstin T. Eidenbach (Bar No. 027341) |
| | | John H. Gray (Bar No. 028107) |
| 5 | | Matthew B. du Mée (Bar No. 028468) |
| | | Jerica L. Peters (Bar No. 027356) |
| 6 | | **PERKINS COIE LLP** |
| | | 2901 N. Central Avenue, Suite 2000 |
| 7 | | Phoenix, Arizona 85012 |
| | | Telephone: (602) 351-8000 |
| 8 | | Email: dbarr@perkinscoie.com |
| | | agerlicher@perkinscoie.com |
| 9 | | keidenbach@perkinscoie.com |
| | | jhgray@perkinscoie.com |
| 10 | | mdumee@perkinscoie.com |
| | | jpeters@perkinscoie.com |
| 11 | | |
| 12 | | Daniel Pochoda (Bar No. 021979) |
| | | James Duff Lyall (Bar No. 330045)* |
| 13 | | **ACLU FOUNDATION OF ARIZONA** |
| | | 3707 North 7th Street, Suite 235 |
| 14 | | Phoenix, Arizona 85013 |
| | | Telephone: (602) 650-1854 |
| 15 | | Email: dpochoda@acluaz.org |
| | | jlyall@acluaz.org |
| 16 | | |
| 17 | | *Admitted pursuant to Ariz. Sup. Ct. R. 38(f) |
| 18 | | Donald Specter (Cal. 83925)* |
| | | Alison Hardy (Cal. 135966)* |
| 19 | | Sara Norman (Cal. 189536)* |
| | | Corene Kendrick (Cal. 226642)* |
| 20 | | Warren E. George (Cal. 53588)* |
| | | **PRISON LAW OFFICE** |
| 21 | | 1917 Fifth Street |
| | | Berkeley, California 94710 |
| 22 | | Telephone: (510) 280-2621 |
| | | Email: dspecter@prisonlaw.com |
| 23 | | ahardy@prisonlaw.com |
| | | snorman@prisonlaw.com |
| 24 | | ckendrick@prisonlaw.com |
| | | wgeorge@prisonlaw.com |
| 25 | | |
| 26 | | *Admitted *pro hac vice* |
| 27 | | |
| 28 | | |

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@npp-aclu.org
         afettig@npp-aclu.org
         aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
Dara Levinson (Cal. 274923)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com
         aamiri@jonesday.com
         daralevinson@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com
         tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:   kmamedova@jonesday.com
         jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email:   kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Sarah Kader
Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   skader@azdisabilitylaw.org
           avarma@azdisabilitylaw.org

J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
**ARIZONA CENTER FOR DISABILITY LAW**
100 N. Stone Avenue, Suite 305
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:   jrico@azdisabilitylaw.org
           jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

　　　　　　　　　s/ Stephanie Lawson