# EXHIBIT 1

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, August 07, 2014 2:16 PM
**To:** 'Don Specter'; Michael E. Gottfried
**Cc:** Parsons Team; Lucy Rand
**Subject:** RE: Pre-trial Issues

Don,

Defendants' responses to your questions are below.  Please contact me if you have any questions.

Dan



**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Wednesday, August 06, 2014 12:05 PM
**To:** Dan Struck; Michael E. Gottfried
**Cc:** Parsons Discovery Comittee
**Subject:** Pre-trial Issues

Dan,

Unfortunately, we did not have a chance to discuss these issues yesterday.  Could you please respond to each or call me to discuss at your earliest convenience.

In addition to the issues listed below, we should also discuss a format for deposition designations.

Don

1

**From:** parsonsdiscovery@prisonlaw.com <parsonsdiscovery@prisonlaw.com> on behalf of Don Specter <dspecter@prisonlaw.com>
**Sent:** Friday, August 01, 2014 6:15 PM
**To:** dstruck@swlfirm.com; michael.gottfried@azag.gov
**Cc:** Parsons Discovery Comittee
**Subject:** Pretrial Stipulations

Dan,

I write regarding some additional issues that we need to resolve prior to trial.

1. We previously agreed to provide 48 hours' notice of trial witnesses.
Agreed

2. We agreed that submitting proposed findings and conclusions prior to trial was not necessary. I was going to bring this up at the MSJ hearing, but there was no opportunity to do so. We should provide the court with a stipulation to that effect.
Agreed

3. Will Defendants stipulate that all documents, including medical records, produced by ADC during discovery are authentic. If not, we will have to issue a trial subpoena for all of these exhibits.
This will probably not be a problem, but we will need to review them to be certain. Unless there is a concern about a specific document, which probably won't occur, we will not require you to call a custodian. This issue is complicated, though, by plaintiffs failure to comply with the disclosure requirement.

3. Will Defendants stipulate that exhibits can be filed in digital form except for those used with a witness or that the Court would like in paper.
This makes sense, but there might be other reasons to submit a paper document.

4. Will Defendants stipulate to the admissibility of records from outside providers that were produced pursuant to a subpoena.
We won't stipulate to the admissibility, but we will not require you to call a custodian and will likely stipulate to the foundation under FRE 803(4)and(6).

6. Will Defendants stipulate that the copy of a deposition can be used at trial in lieu of the original.
We agree that copies can be used in lieu of an original in conjunction with Rule 32.

7. Will Defendants stipulate that they will not seek to present evidence of the facts that underlie the convictions of the prisoner witnesses. If so, Plaintiffs will stipulate to the prior convictions admissible under Rule 609 of the Federal Rules of Evidence.
We will not stipulate, as there may be instances where the facts underlying the convictions may be relevant, particularly to the plaintiffs' "isolation" claim.

8. Will Defendants stipulate that each witnesses needs to be called only once, so that each party is entitled, if they so desire, to conduct direct examination.
We agree that witnesses should only be called once if possible for efficiency of trial, but there may be instances where we have to re-call a witness in our case in chief dependent upon how your evidence comes in.

9. Will Defendants stipulate that all prisoner witnesses who are on medications receive those medications as prescribed prior to their testimony, even if they are transferred to a different facility (including the county jail) before they testify.
   We don't understand what you are asking here. We expect that they will receive their medications as prescribed and don't believe a stipulation is necessary.

10. Are Defendants' willing to split the cost of rough daily real time transcripts?
    We don't think that getting a daily real time transcript is necessary.

11. Is it possible to have prisoners testify via videoconferencing, if the Court is willing.
    We are certainly willing to agree to this on a case by case basis.

12. We discussed limiting motions in limine in view of the fact that it's a bench trial. We should discuss whether any are necessary.
    We don't contemplate filing a many motions in limine. We may file a couple, such as an MIL regarding newspaper articles or the Wexford PowerPoint, if plaintiffs intend to try and get them into evidence. We don't know what your exhibits are so it is difficult to state.

I am hoping that if I don't hear from you beforehand, you will be prepared to discuss these issues on Tuesday at the Settlement Conference. Thanks.

Don

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com