Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DJH<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE PROPOSED STATEMENTS OF FACTS AND CONCLUSIONS OF LAW UNTIL AFTER THE CLOSE OF EVIDENCE** |

# I.   PLAINTIFFS' REQUEST IS UNTIMELY AND IMPROPER.

Though characterized as a motion to extend the time to file proposed Findings of Facts and Conclusions of Law ("FFCL") until after trial, Plaintiffs' Motion is really a request for this Court to reconsider Judge Wake's July 3, 2014 Order requiring the FFCL to be filed before trial.  (Doc. 995 at 4, ¶ 12.)  Any such request, however, was required to be filed within 14 days of that Order.  *See* LRCiv. 7.2(g)(2).  That time has long passed, and there is no good reason for Plaintiffs' 1 ½-month delay.  In fact, Plaintiffs' counsel knew as early as July 30, 2014, that they wanted to file a motion to reconsider the July 3 Order.  (Doc. 1092–1 at 3.)  And although Defendants initially agreed that filing the FFCL after trial had some merit (given Judge Wake's extensive familiarity with this case), they quickly informed Plaintiffs on August 19, 2014, after the case was reassigned to this Court on August 11, 2014 (Doc. 1074), that the new judge would benefit from reviewing the FFCL prior to trial.  (Ex. 1.)

Still Plaintiffs did nothing for more than two weeks.  Their request comes two months after the July 3 Order.  Meanwhile, Defendants have been diligently preparing their FFCL, and devoting substantial time and resources to completing it by the current deadline. Thus, not only is Plaintiffs' request for reconsideration untimely, but it will result in wasted resources for Defendants if granted, resources that could have been devoted to other tasks including trial preparation.[1]  There is no reason Plaintiffs could not have filed their request much sooner than they did, and their delay has served only to give them a tactical advantage in preparation of trial.  Finally, Plaintiffs' purported justification for their request—to give them more time to prepare for trial—is not a basis for reconsideration of Judge Wake's ruling.[2]  *See* LRCiv. 7.2(g)(2).

---

[1] Defendants are in the midst of preparing trial exhibits, which must be exchanged on September 5, 2014, preparing their Motion in Limine, which is due on September 5, 2014, preparing their draft Joint Proposed Final Pretrial Order, which is due on September 8, 2014, and reviewing and redacting Plaintiffs' expert reports, which is due on September 8, 2014. (Doc. 995, 1087.)

[2] Plaintiffs also chided Defendants for raising trial preparation as a justification for reserving redactions of documents until after trial, arguing that the public's right to access of discovery documents outweighed the need for trial preparation. (Doc. 1041.)

## II.   SUBMITTING THE FFCL BEFORE TRIAL IS APPROPRIATE IN THIS CASE.

Plaintiffs criticize the utility in filing FFCL prior to trial, but the Court obviously believed it would be helpful when it ordered they be filed a month before trial, in advance of, and in preparation for, trial.  (Doc. 995 at 4, ¶ 12.)  Indeed, this is a standard ruling in civil bench trials like this one.  (See http://www.azd.uscourts.gov/sites/default/files/judge-orders/NVW%20Proposed%20Final%20PTO%20for%20Bench%20Trial--Form.pdf.)

And for this Court, who is relatively new to the case, Defendants believe that submitting FFCL prior to trial would quickly get the Court up to speed on what has been a complex and extraordinary case.  Simply submitting trial briefs with cherry-picked information and overly broad conclusions will not be informative or useful.  That is the purpose of opening statement.  The Court must be on notice of the precise claims and allegations in this case.  And there are quite a few, with now 13 Plaintiffs, a class and subclass, and 17 certified practices covering medical, dental, and mental health care, and a garden-variety of conditions of confinement claims.   Plaintiffs' claims have been a moving target throughout this litigation.  Their allegations have morphed, modified, and/or expanded from their 74-page, 151-paragraph complaint, to the named Plaintiffs and expert declarations in support of class certification, and to their expert reports and deposition testimony.  A pretrial FFCL will require Plaintiffs to state with clarity their precise claims and the evidence they are relying on, it will fairly put Defendants on notice of what they intend to prove at trial, and it will inform the Court as to the scope of the case.  This will ultimately lead to a more efficient and shorter trial.   A post-trial FFCL will allow Plaintiffs to pivot away from failed claims and inject new evidence and allegations into the mix.  In other words, it will give them the opportunity to try a case that is different from their original Complaint, and keep Defendants and the Court in the dark until trial has begun.

Defendants also believe that a post-trial FFCL may allow Plaintiffs to circumvent a critical ruling issued by Judge Wake.  Defendants' Statement of Facts in Support of their

2

Motion for Summary Judgment included 4,327 paragraphs.  2,917 paragraphs were cited in their Motion for Summary Judgment.  Plaintiffs disputed only 125 total paragraphs, and only 56 of those disputed paragraphs were cited in the Motion—1.92%.  Five named Plaintiffs did not dispute any issues of fact specifically refuting their medical allegations, and the other named Plaintiffs collectively disputed only a handful of statements of fact. Although the Court initially expressed reservation about the size (and need) for so many statements of fact (Doc. 962), that concern was not at the forefront once the Court reviewed all of the briefing; instead, the focus shifted to the number of facts that Plaintiffs did *not* dispute:

> [R]eading the briefs, I frankly don't see that you [Plaintiffs] are disputing much or – of what the defendant presents with respect to those allegations of actual past injury. I don't see you are disputing it, and so that's how I'm taking it.
>
> *        *        *
>
> What they said was they got this case, this care, that doc on this day. Those things you did not dispute. . . . And I didn't really think that you were disputing the details.

(Ex. 2 at 44:12-14, 44:20-21, 57.)  Plaintiffs attempted to blame their failure to dispute so many facts on the Court's order at Doc. 962, even going so far as stating that they were misled and requesting an opportunity to supplement their Response to the Motion for Summary Judgment.  (Id. at 59-60.)  But the Court quickly dispatched of that notion:

> I thought I was restating what is always the case and that I didn't think I was making any specific application here that it's in the nature of the claims that you need to show a disputed question of fact.

(Id. at 43, 61-63, 65-67.)  It also acknowledged that the medical records directly refuted some of the named Plaintiffs' allegations and charged them with "delusion or fraud" in making them.  (Id. at 61.)

Although the Court ultimately found issues of material fact, the summary-judgment order again recognized that Plaintiffs had failed to dispute many facts and instructed the parties on how to deal with it *before* trial:

3

> [T]hough summary judgment is denied, Defendants have presented some discrete matters about which there may be no conflicting evidence. Plaintiffs dispute the weight of those matters without disputing their truth.
>
> Defendants may prove up subsidiary facts that they think contribute to their case, and Plaintiffs may dispute the weight of such facts. If subsidiary factual contentions are not controverted with actual evidence at trial, the parties are expected to stipulate in the final pre-trial statement that those facts are unopposed, reserving for later the significance to be given to them. If the Court concludes, even in the course of trial, that either side is putting the other side to proof of substantial matters that are not controverted at trial, the Court may impose appropriate consequences for the waste of the Court's time and of the other party's resources. That may include shortening the trial time previously allotted to the offending party.

(Doc. 1065 at 12.)  Thus, Plaintiffs are required to stipulate to those facts in Defendants' Statement of Facts that are undisputed, and the parties must include those undisputed facts in the Joint Proposed Final Pretrial Order ("JPFPO"), which requires the parties to identify contested and uncontested facts.[3]

The JPFPO is due on September 19, 2014, and drafts are to be exchanged between the parties on September 8, 2014.  (Doc. 995, ¶¶ 2, 9.)  Plaintiffs' request to file the FFCL after trial is seemingly inconsistent with the Court's order, and the parties' obligation, to identify undisputed facts *before* trial.  It seems as though Plaintiffs are attempting to get out of their obligation to identify those facts that they do not dispute.  Prior to filing this Response, Defendants' counsel asked Plaintiffs' counsel if they intended to stipulate to those facts that they did not dispute in conjunction with the summary judgment briefing, and whether, in light of their position that the care provided to the named Plaintiffs was "immaterial" (Doc. 1092 at 2 n.2), they would stipulate to at least those facts.  Plaintiffs' counsel evaded the first question and did not respond to the second.  (Ex. 3.)  This lends support to the belief that Plaintiffs, through their Motion, are hoping to avoid stipulating to any undisputed facts prior to trial.  In the event the Court grants Plaintiffs' Motion,

---

[3]    See    http://www.azd.uscourts.gov/sites/default/files/judge-orders/NVW%20Proposed%20Final%20PTO%20for%20Bench%20Trial--Form.pdf.

1    Defendants request that it make clear to Plaintiffs that they must still comply with the

2    Court's summary judgment order and stipulate—in the JPFPO—to undisputed facts.

3                                    **CONCLUSION**

4         For these reasons, Plaintiffs' Motion should be denied.

5         DATED this 4th day of September 2014.

6                                         STRUCK WIENEKE & LOVE, P.L.C.

7

8                                         By /s/ Nicholas D. Acedo
                                             Daniel P. Struck
9                                            Kathleen L. Wieneke
                                             Rachel Love
10                                           Timothy J. Bojanowski
                                             Nicholas D. Acedo
11                                           Ashlee B. Fletcher
                                             Anne M. Orcutt
12                                           Jacob B. Lee
                                             STRUCK WIENEKE & LOVE, P.L.C.
13                                           3100 West Ray Road, Suite 300
                                             Chandler, Arizona  85226
14
                                             Arizona Attorney General Thomas C. Horne
15                                           Office of the Attorney General
                                             Michael E. Gottfried
16                                           Lucy M. Rand
                                             Assistant Attorneys General
17                                           1275 W. Washington Street
                                             Phoenix, Arizona 85007-2926
18
                                             *Attorneys for Defendants*
19
     2948091.1
20

21

22

23

24

25

26

27

28

                                             5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ajmel Quereshi:  aquereshi@npp-aclu.org

Alison Hardy:  ahardy@prisonlaw.com

Amelia M. Gerlicher:  agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amir Q. Amiri:  aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy Fettig:  afettig@npp-aclu.org

Asim Varma:  avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:  cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:  ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:  DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda: dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

Dara Levinson:  daralevinson@jonesday.com

David Cyrus Fathi:  dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:  dspecter@prisonlaw.com

James Duff Lyall:  jlyall@acluaz.org; gtorres@acluaz.org

James M. Jellison:  jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com

Jennifer K. Messina:  jkmessina@jonesday.com

Jerica Lynn Peters:  jpeters@perkinscoie.com

Jessica Pari Jansepar Ross:  jross@azdisabilitylaw.org

John Howard Gray:  jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:  jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:  jrico@azdisabilitylaw.org

Kamilla Mamedova:  kmamedova@jonesday.com

6

1    Kevin C. Brantley:        kbrantley@jonesday.com

2    Kirstin T. Eidenbach:     keidenbach@perkinscoie.com; dfreouf@perkinscoie.com;
                               docketphx@perkinscoie.com
3
     Matthew Benjamin de Mee: mdumee@perkinscoie.com; cwendt@perkinscoie.com
4
     Sara Norman:              snorman@prisonlaw.com
5
     Sarah Eve Kader:          skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org;
6                              rstarling@azdisabilitylaw.org

7    Taylor Freeman:           tfreeman@jonesday.com

8    Warren E. George, Jr.:    wgeorge@prisonlaw.com

9
          I hereby certify that on this same date, I served the attached document by U.S.
10   Mail, postage prepaid, on the following, who is not a registered participant of the
     CM/ECF System:
11
          N/A
12
                                                 /s/ Nicholas D. Acedo
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28