**EXHIBIT 1**

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Dan Struck |
| **Sent:** | Tuesday, August 19, 2014 4:24 PM |
| **To:** | 'Don Specter' |
| **Cc:** | Parsons Team; Michael E. Gottfried; Lucy Rand |
| **Subject:** | RE: Deposition Designations |

Don,

This looks like it will work.

In light of Judge Humetewa taking over the case, though, we are re-thinking our position on Findings of Fact and Conclusions of Law. As she is new to this case, she might benefit from receiving FFCL from the parties. Let us know what you think.

Dan



STRUCK WIENEKI & LOVE

**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

**EXHIBIT 2**

**EXHIBIT 2**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>          Plaintiffs,<br>vs.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>          Defendants. | No.  **CV 12-00601-PHX-NVW**<br><br>Phoenix, Arizona<br>July 30, 2014<br>3:34 p.m. |

BEFORE:   **THE HONORABLE NEIL V. WAKE, JUDGE**

(*Motion Hearing*)

Official Court Reporter:
Laurie A. Adams, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 43
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

| | | |
|---|---|---|
| 1 | we'll probably call a handful of other witnesses, plus cross of | |
| 2 | their witnesses.  So it's not going to be a six-month trial. | |
| 3 | THE COURT:  That's not too bad.  I don't know who | |
| 4 | wants to answer that question on the other side.  This is just | |
| 5 | a ballpark estimate.  How much trial time do you think you are | 14:39:35 |
| 6 | going to want?  This is sort of, well, your case and your | |
| 7 | cross-examination. | |
| 8 | MR. STRUCK:  Right, Your Honor.  And it's difficult | |
| 9 | and this is an unusual case.  Generally when I'm a defendant I | |
| 10 | spend a lot less time than the plaintiffs do.  Unfortunately | 14:39:53 |
| 11 | they are trying to use their experts as a funnel for all of the | |
| 12 | mud that they can come up with that we have to then counter. | |
| 13 | So I anticipate it will take us at least three times the amount | |
| 14 | of time the plaintiffs have to put on our case. | |
| 15 | THE COURT:  All right.  Anything else you want to say? | 14:40:32 |
| 16 | MS. GERLICHER:  I just wanted to close by -- given | |
| 17 | your concern about the named plaintiffs, Your Honor, I wanted | |
| 18 | to make it very clear that we did limit our disputes on the | |
| 19 | plaintiffs based on your order. | |
| 20 | THE COURT:  Let me ask you, if you feel misled by the | 14:40:43 |
| 21 | order I entered you need to tell me, because I thought I was | |
| 22 | restating what is always the case and that I didn't think I was | |
| 23 | making any specific application here that it's in the nature of | |
| 24 | the claims that you need to show a disputed question of fact. | |
| 25 | So, for example, in a prisoner healthcare case, there can be | 14:41:05 |

```
 1   disputes about collateral things, not collateral but did you
 2   see this person here, did that -- but if the broad flow of it
 3   establishes a constitutionally adequate care it's not material
 4   that you may dispute some details.  So I mean, that's just
 5   routine in these prisoner cases.                                    14:41:25
 6           MS. GERLICHER:  Understood, Your Honor.  And what we
 7   did was we took the claim to be the claim for substantial risk
 8   of serious harm.  So that was the guiding principle but we also
 9   did specifically dispute their general facts about the named
10   plaintiffs.  So they would say things like care was timely         14:41:41
11   appropriate and we would present --
12           THE COURT:  What they said was they got this care,
13   this care, that doc on this day.  Those things you did not
14   dispute.
15           MS. GERLICHER:  They also had specific individual          14:41:53
16   facts that said things like Wells' dental care was appropriate,
17   and we laid out there our reasons why we dispute that.
18           THE COURT:  Frankly, I -- what I took from the briefs
19   was, I have said it before here, I took you to be relying on
20   your claim of systemwide deficiencies on various scores.  And I    14:42:11
21   didn't really think that you were disputing the details.  You
22   weren't relying on the details of your named plaintiffs any
23   more than anybody else among the 33,000 prisoners.
24           MS. GERLICHER:  They are evidence, Your Honor.  If you
25   think differently, I just wanted to clarify.                       14:42:32
```

```
 1   somewhat broader that you can give account to that in deciding
 2   well, we're not going to grant summary judgment.
 3           Actually, there's another dimension of that the
 4   practicality is often when you are actually hearing the
 5   evidence, it gives a better insight to other evidence and that
 6   -- you know, I have had cases, I tried cases that when I tried
 7   them, I understood it differently from what I thought reading
 8   the briefs on summary judgment, including a few that I wished I
 9   had granted summary judgment, but because I didn't grasp the
10   real dimension of it on the briefing but at trial I did.
11           So anyway, these comments don't really call for
12   response unless you would like to.
13           MR. ACEDO:  I'd like to.
14           THE COURT:  You may.
15           MR. ACEDO:  Defendants would vehemently object to
16   denying our Motion for Summary Judgment on the prospect of
17   possibly reducing costs down the road.  If you deny or if you
18   grant any portion of our Motion for Summary Judgment that will
19   reduce the time at trial.  That could help facilitate
20   settlement negotiations.  That would take away plaintiffs'
21   attorney's fees on those claims.  That will require plaintiffs
22   to pursue that denial on appeal.  And maybe it's not worth it
23   depending on what happens at trial on the other claims.  So we
24   think that you should, again, look back to what their burden
25   was, how difficult did they make your job to try to rule in
```

15:01:21
15:01:50
15:02:03
15:02:21
15:02:41

```
 1   further about my last comments?
 2           MS. GERLICHER:  I did, Your Honor.
 3           THE COURT:  Just come up here.
 4           MS. GERLICHER:  Your Honor, on the question of whether
 5   the cost of trial if you grant or don't grant summary judgment,                15:04:27
 6   many of these issues are overlapping.  And they work together,
 7   they interact, and so if you grant summary judgment on some of
 8   them it will deprive us of either the opportunity to show how
 9   they interact or not, in fact, shorten trial.  So it wouldn't
10   be more economical to have fewer of them.                                      15:04:47
11           There were a couple other points I wanted to make
12   about what was just said in your earlier comment.  Regarding
13   the time frame, the case we cite on Page 12 of our brief,
14   Friends of the Earth v. Laidlaw talk about how post-filing
15   changes doesn't deprive you of the opportunity to evaluate the                 15:05:03
16   constitutional conditions at the time of filing.  They go to
17   the scope of the remedy.  The -- and also, the statements
18   regarding staffing and how funding was increased, that was done
19   post April 1st.
20           Finally, regarding our experts, they -- we did not put                 15:05:21
21   in the underlying evidence because we were opposing summary
22   judgment, and much of the underlying evidence is already in.
23   But if the care provided to the named plaintiffs is going to be
24   dispositive, Your Honor, we could absolutely -- we would
25   request the opportunity to have our experts opine directly on                  15:05:38
```

|    |                                                                            |          |
|----|----------------------------------------------------------------------------|----------|
| 1  | them for you because we can and we didn't have them do that.              |          |
| 2  |         THE COURT:  Well, look, we're not going back.  This               |          |
| 3  | train doesn't have a reverse gear.  So --                                 |          |
| 4  |         MR. SPECTER:  Excuse me, Your Honor, may I just add               |          |
| 5  | something?                                                                 | 15:05:57 |
| 6  |         THE COURT:  Yes.                                                   |          |
| 7  |         MR. SPECTER:  You asked if we were misled by your                  |          |
| 8  | order.  I don't want to use -- I will only use the word misled            |          |
| 9  | because you used it first.  I don't ascribe any intent to                 |          |
| 10 | mislead, but I will describe to you the way we understood your            | 15:06:10 |
| 11 | order which was, you said, you know, they had violated the                |          |
| 12 | local rules when they submitted all those facts.  You said we             |          |
| 13 | shouldn't even read all the facts, and you said to us, you                |          |
| 14 | know, you only have to dispute one fact for each claim, and so            |          |
| 15 | we did not dispute --                                                      | 15:06:33 |
| 16 |         THE COURT:  Does this go -- the one I'm focusing on               |          |
| 17 | now --                                                                     |          |
| 18 |         MR. SPECTER:  Right.                                               |          |
| 19 |         THE COURT:  -- is the specific --                                  |          |
| 20 |         MR. SPECTER:  Right.                                               | 15:06:43 |
| 21 |         THE COURT:  -- past actual injury claim for the named             |          |
| 22 | plaintiffs.                                                                |          |
| 23 |         MR. SPECTER:  We didn't go through each of the 5,000              |          |
| 24 | facts of each of the plaintiffs because of your order.  That's            |          |
| 25 | what happened.  And that's why what we did was we took your               | 15:06:52 |

| | | |
|---|---|---|
| 1 | order and we said we'll take one of the facts or some of the | |
| 2 | facts for each of the named plaintiffs, we will dispute them, | |
| 3 | but we didn't go through all 4,000 facts. | |
| 4 | THE COURT: But you have read -- it isn't 4,000 facts | |
| 5 | on that. But again, those materials deal with documented care | 15:07:10 |
| 6 | provided that at least in some instances suggests either | |
| 7 | delusion or fraud on the part of the named plaintiffs and what | |
| 8 | they alleged. | |
| 9 | MR. SPECTER: No, there can be, for example, Your | |
| 10 | Honor, the prisoner can say, I request -- | 15:07:29 |
| 11 | THE COURT: Or incredibly bad memory. That's a third | |
| 12 | possibility. | |
| 13 | MR. SPECTER: No. I requested to see the doctor. | |
| 14 | They don't have it in their records because they didn't write | |
| 15 | it down, or I filed a grievance and they threw the grievance | 15:07:40 |
| 16 | away. There are many reasons why there may be a factual | |
| 17 | dispute. If we hadn't received your order -- | |
| 18 | THE COURT: What do you want to do about that? | |
| 19 | MR. SPECTER: Well, there are two things -- two | |
| 20 | alternatives in my view. One, you can, when you are ruling on | 15:07:56 |
| 21 | the Motion for Summary Judgment, you can take into account the | |
| 22 | way in which we disputed their facts. | |
| 23 | THE COURT: Well, actually, let me help you out. I | |
| 24 | have already said this. I see these cases all the time. Those | |
| 25 | claims look like, exactly like, the claims I grant summary | 15:08:12 |

```
 1  judgment against all the time.
 2          MR. SPECTER:  Yes, but do they all have --
 3          THE COURT:  So if you have something that's going to
 4  take me above the other 99.9 percent, you didn't give it to me.
 5  And if you want to give it to me I'm disposed to let you do         15:08:26
 6  that.
 7          MR. SPECTER:  All right.  Let us do that.
 8          THE COURT:  How about a week to controvert facts.
 9          MR. SPECTER:  There are thousands of facts and we have
10  to have expert opinions.                                            15:08:37
11          THE COURT:  No, no, no.  You don't need expert
12  opinions.  These are facts about what treatment was received,
13  what was given.  And I can -- if these are things based on what
14  look like plain, uncontrovertible, primary facts, not opinions.
15  I don't need any opinions.  And if there is something               15:08:52
16  controverted on that then I certainly don't want you to be
17  misled.  But, you know --
18          MR. SPECTER:  Certainly.
19          THE COURT:  -- this is not expert opinion stuff.  This
20  is, is there any evidence about what was said here because it      15:09:03
21  looks like what I said.
22          MR. SPECTER:  Your Honor, for example --
23          THE COURT:  Again, it doesn't -- under Ms. Gerlicher's
24  argument and your briefs, that's not your case.  You don't
25  feel --                                                            15:09:20
```

```
 1              MR. SPECTER:  Yeah.
 2              THE COURT:  -- you are grounded on you stand or fall
 3    without that.  So --
 4              MR. SPECTER:  We agree with that, Your Honor, but you
 5    seem to suggest you might be taking a different view.  And if          15:09:27
 6    you are going to take the view you articulated before, then we
 7    need an opportunity to, when Mr. Acedo is present and arguing,
 8    then we need an opportunity to dispute the facts that we didn't
 9    dispute because of your order.
10              That's all we're saying.  I don't mean to make a lot         15:09:48
11    of trouble, but I'm trying to explain to you what we did and
12    why we did it.
13              MR. ACEDO:  Your Honor, could I have the last word?
14              THE COURT:  You may.  Well, you can have the next
15    word.                                                                  15:10:05
16              MR. ACEDO:  We have about more than 30 lawyers on this
17    case.  They are proclaimed experts on this.  They have got
18    lawsuits all around the country and for them to come in now and
19    say, we didn't know what to do, give us a second chance,
20    frankly, is outrageous.                                                15:10:23
21              THE COURT:  You know, frankly, this is something I
22    feel like an expert in.  I have seen so many of these prison
23    healthcare things, I have read through so many of them and
24    virtually all of them turn out the way the other side argues,
25    that there's uncontrovertible records of what were done.  It          15:10:37
```

|   |   |   |
|---|---|---|
| 1 | violated in actual -- with resulting in injury. | |
| 2 |     Now, that doesn't -- may not be conclusive, it's not conclusive on the question of whether you can get an injunction for prevention of future injury. | |
| 5 |     MR. SPECTER:  That's right. | 15:12:13 |
| 6 |     THE COURT:  But, I -- | |
| 7 |     MR. SPECTER:  That's why they shouldn't be dismissed even if you apply an individual -- | |
| 9 |     THE COURT:  I'm not communicating very well. | |
| 10 |     MR. SPECTER:  I'm sorry. | 15:12:23 |
| 11 |     THE COURT:  Because I am talking about whether this case is narrowed for the lack of any evidence of historical injury and only going forward for summary judgment, possibly trial, on your threat of future injury that hasn't been proved to have happened yet to any plaintiff.  I understand that. | 15:12:40 |
| 16 |     MR. SPECTER:  Okay. | |
| 17 |     THE COURT:  And I thought that's what Ms. Gerlicher was saying, and I thought that's what your briefs were relying on.  But there's a whole lot there.  I could have missed something. | 15:12:52 |
| 21 |     MR. SPECTER:  Right. | |
| 22 |     THE COURT:  So if -- and well, I don't know.  If you feel misled, I'm disposed to give you a brief time.  But I don't need any expert witnesses.  I need some evidence -- | |
| 25 |     MR. SPECTER:  Okay. | 15:13:12 |

|   |   |   |
|---|---|---|
| 1 | THE COURT: -- that would suggest the bare primary | |
| 2 | facts presented here are somehow disputable.  They are not | |
| 3 | disputable in most of the cases that we see.  I mean, frankly, | |
| 4 | I don't want to put you on the spot, but it appears you have | |
| 5 | brought on these claims without getting their medical records. | 15:13:26 |
| 6 | MR. SPECTER: No, we got their medical records.  We | |
| 7 | had them reviewed by experts.  We have declarations from the | |
| 8 | prisoners which we filed in support of the Motion For Class | |
| 9 | Certification.  We had declarations from the experts in support | |
| 10 | of the Motion For Class Certification based on the review of | 15:13:41 |
| 11 | the records. | |
| 12 | THE COURT: I really don't need experts. | |
| 13 | MR. SPECTER: I understand, but I'm telling you we | |
| 14 | didn't just go pick these plaintiffs out of thin air.  And as | |
| 15 | Ms. Gerlicher said, the ones who have the most serious injury | 15:13:54 |
| 16 | which are cataloged in our expert reports are now dead. | |
| 17 | THE COURT: I'm only talking about your named -- these | |
| 18 | are the named plaintiffs, talking about what the trial would be | |
| 19 | if it goes forward. | |
| 20 | MR. SPECTER: Right.  And we -- the Ninth Circuit and | 15:14:12 |
| 21 | the Supreme Court in *Plata* both said that anybody can get sick | |
| 22 | tomorrow. | |
| 23 | THE COURT: I'm not talking about that.  How many | |
| 24 | times do I have to say it? | |
| 25 | MR. SPECTER: Okay. | 15:14:23 |

|    |    |    |
|----|----|----|
| 1  | THE COURT: I have already acknowledged that for you. | |
| 2  | MR. SPECTER: Okay. | |
| 3  | THE COURT: I'm talking about whether we have a trial | |
| 4  | about alleged actual past injuries and it doesn't appear to | |
| 5  | me -- might be some there but hardly any. | 15:14:33 |
| 6  | MR. SPECTER: We don't want to do a trial on past | |
| 7  | injuries. We want to have a trial on whether there's a current | |
| 8  | risk of harm. | |
| 9  | THE COURT: And I don't want to impinge on our trial | |
| 10 | schedule and I don't want to create unnecessary cause for | 15:14:46 |
| 11 | everyone, so I'm going to take you at that. I'm going to thank | |
| 12 | you for it, and I'm going to hold you to it and you don't need | |
| 13 | more time to respond. | |
| 14 | MR. SPECTER: Thank you, Your Honor. | |
| 15 | THE COURT: Mr. Acedo. | 15:14:59 |
| 16 | MR. ACEDO: I'm not sure if your last statement, Your | |
| 17 | Honor, just told them you weren't going to allow -- | |
| 18 | THE COURT: That's correct. That's what I said. | |
| 19 | Okay. All right. Oh, my gosh. We have gone for an | |
| 20 | hour and 45 minutes. Thank you, counsel. The matter is taken | 15:15:12 |
| 21 | under advisement and we'll be adjourned. | |
| 22 | (Proceeding concluded at 3:15 p.m.) | |
| 23 | | |
| 24 | | |
| 25 | | |

# CERTIFICATE

I, LAURIE A. ADAMS, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 4th day of August, 2014.

s/Laurie A. Adams
_____
Laurie A. Adams, RMR, CRR

**EXHIBIT 3**

**EXHIBIT 3**

| | |
|---|---|
| **From:** | Dan Struck |
| **Sent:** | Wednesday, September 03, 2014 5:39 PM |
| **To:** | Don Specter (dspecter@prisonlaw.com) |
| **Cc:** | Corene Kendrick (ckendrick@prisonlaw.com); Parsons Team; Michael E. Gottfried; Lucy Rand |
| **Subject:** | RE: Findings of Fact and Conclusions of Law   Stipulated Facts |

In addition, Don,  Plaintiffs assert that the past medical, mental health and dental treatment received by the named plaintiffs is "immaterial" to the issues at trial.  Defendants disagree.  If plaintiffs believe that the past medical treatment is immaterial and not relevant to their claims in this case, then please let us know whether plaintiffs will stipulate that the past medical, mental health and dental treatment received by the named plaintiffs was constitutionally adequate and did not constitute deliberate indifference on the part of the Defendants.  If you believe it makes no difference in this case, it should be of no consequence to plaintiffs to so admit.  It will also save the parties and the court a tremendous amount of time and effort that would otherwise be spent proving this at trial.  As this will also affect the Defendants response to your motion, please let us know by 10am tomorrow as to whether you will agree to this stipulation.

Dan



## Daniel P. Struck
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com

**From:** Dan Struck
**Sent:** Wednesday, September 03, 2014 5:09 PM
**To:** Don Specter (dspecter@prisonlaw.com)
**Cc:** Corene Kendrick (ckendrick@prisonlaw.com); Parsons Team; Michael E. Gottfried; Lucy Rand
**Subject:** Findings of Fact and Conclusions of Law Stipulated Facts

Don,

Pursuant to Judge Wake's August 7, 2014 Order, the parties are expected to stipulate to unopposed facts. (Dkt. 1065).  Because Plaintiffs failed to oppose the majority of facts contained in Defendants' Statement of Facts in support of their Motion for Summary Judgment,  pursuant Judge Wake's directive, plaintiffs must stipulate to these facts.  Doing so will shorten the trial considerably.

Today, Plaintiffs filed a Motion regarding the Findings of Fact and Conclusions of Law. (Dkt. 1092).   Defendants' response to that Motion depends heavily on whether Plaintiffs intend to stipulate to the facts they failed to oppose. The Court has ordered Defendants to respond to Plaintiff's Motion by 5:00 pm tomorrow. (Dkt. 1094). As a result, we need to know plaintiffs' position on this issue.   Please let us know by 10:00 am AZ time tomorrow whether you intend to comply with the Court's Order and stipulate to these uncontested facts.

1

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, September 04, 2014 12:58 PM
**To:** Dan Struck
**Cc:** Corene Kendrick; Parsons Team; Michael E. Gottfried; Lucy Rand; Parsons Discovery Comittee
**Subject:** RE: Findings of Fact and Conclusions of Law Stipulated Facts

Dan,

Thank you for providing us with your interpretation of Judge Wake's August 7, Order.

We are in the process of identifying facts appropriate for stipulation, which we will exchange with you according to the Court's deadlines.

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Wednesday, September 03, 2014 5:09 PM
**To:** Don Specter (dspecter@prisonlaw.com)
**Cc:** Corene Kendrick (ckendrick@prisonlaw.com); Parsons Team; Michael E. Gottfried; Lucy Rand
**Subject:** Findings of Fact and Conclusions of Law Stipulated Facts

Don,

Pursuant to Judge Wake's August 7, 2014 Order, the parties are expected to stipulate to unopposed facts. (Dkt. 1065). Because Plaintiffs failed to oppose the majority of facts contained in Defendants' Statement of Facts in support of their Motion for Summary Judgment, pursuant Judge Wake's directive, plaintiffs must stipulate to these facts. Doing so will shorten the trial considerably.

Today, Plaintiffs filed a Motion regarding the Findings of Fact and Conclusions of Law. (Dkt. 1092). Defendants' response to that Motion depends heavily on whether Plaintiffs intend to stipulate to the facts they failed to oppose. The Court has ordered Defendants to respond to Plaintiff's Motion by 5:00 pm tomorrow. (Dkt. 1094). As a result, we need to know plaintiffs' position on this issue. Please let us know by 10:00 am AZ time tomorrow whether you intend to comply with the Court's Order and stipulate to these uncontested facts.

Dan