# <u>Exhibit A</u>

1   Daniel Pochoda (Bar No. 021979)
    James Duff Lyall (Bar No. 330045)*
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone: (602) 650-1854
4   Email: dpochoda@acluaz.org
            jlyall@acluaz.org
5   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

6   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
    *Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
7   *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne*
    *Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
8   *and Charlotte Wells, on behalf of themselves and all*
    *others similarly situated*

9   **[ADDITIONAL COUNSEL LISTED ON**
    **SIGNATURE PAGE]**
10

11              UNITED STATES DISTRICT COURT

12                 DISTRICT OF ARIZONA

13  Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina              (MEA)
14  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
15  Hefner; Joshua Polson; and Charlotte Wells, on       **INDIVIDUAL NAMED**
    behalf of themselves and all others similarly        **PLAINTIFFS' FOURTH**
16  situated; and Arizona Center for Disability Law,     **SUPPLEMENTAL**
                                                         **DISCLOSURE STATEMENT**
17                    Plaintiffs,

18          v.

19  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
20  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
21  capacities,

22                    Defendants.

23

24          Pursuant to Fed. R. Civ. P. 26(a)(1), named plaintiffs Victor Parsons; Shawn

25  Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie

26  Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph

27  Hefner; Joshua Polson; Charlotte Wells (collectively, "Prison Plaintiffs"), submit their

28  Fourth Supplemental Disclosure Statement. Plaintiffs reserve the right to continue to

supplement or amend its disclosures in accordance with Rule 26 or court order.

Supplemental text is shown in bolded and italicized font.

I.   **NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

   A.   **INDIVIDUALS WHO WILL BE CALLED TO TESTIFY**

**Named Plaintiffs**

   1.   Victor Parsons, Arizona Department of Corrections
        ("ADC") Inmate #123589
        c/o Caroline Mitchell
        Jones Day
        555 California St., 26th Floor
        San Francisco, CA 94104
        (415) 875-5712.

   Mr. Parsons is an ADC inmate and named plaintiff.  Mr. Parsons is expected to testify with regard to the factual allegations in the Complaint and the provision of medical, mental health and dental care at ADC.

   2.   Shawn Jensen, ADC #032465
        c/o Jones Day

   Mr. Jensen is an ADC inmate and named plaintiff.  Mr. Jensen is expected to testify with regard to the factual allegations in the Complaint and the provision of medical, mental health and dental care at ADC.

   3.   Stephen Swartz, ADC #102486
        c/o Jones Day

   Mr. Swartz is an ADC inmate and named plaintiff.  Mr. Swartz is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units, and the provision of medical, mental health and dental care at ADC.

   4.   Dustin Brislan, former ADC #164993
        c/o Jones Day

   Mr. Brislan is a former ADC inmate and named plaintiff.  Mr. Brislan is expected

to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units, and the provision of medical, mental health and dental care at ADC.

5.   Sonia Rodriguez, ADC #103830
c/o Jones Day

Ms. Rodriguez is an ADC inmate and named plaintiff.  Ms. Rodriguez is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units, and the provision of medical, mental health and dental care at ADC.

6.   Christina Verduzco, ADC #205576
c/o Jones Day

Ms. Verduzco is an ADC inmate and named plaintiff.  Ms. Verduzco is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units, and the provision of medical, mental health and dental care at ADC.

7.   Jackie Thomas, ADC #211267
c/o Jones Day

Mr. Thomas is an ADC inmate and named plaintiff.  Mr. Thomas is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units, and the provision of medical, mental health and dental care at ADC.

8.   Jeremy Smith, ADC #129438
c/o Jones Day

Mr. Smith is an ADC inmate and named plaintiff.  Mr. Smith is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units and the provision of medical, mental health and dental care at ADC.

9.   Robert Gamez, ADC #131401
c/o Jones Day

Mr. Gamez is an ADC inmate and named plaintiff.  Mr. Gamez is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units, and the provision of medical, mental health and dental care at ADC.

> 10.    Maryanne Chisholm, ADC #200825
>        c/o Jones Day

Ms. Chisholm is an ADC inmate and named plaintiff.  Ms. Chisholm is expected to testify with regard to the factual allegations in the Complaint and the provision of medical, mental health and dental care at ADC.

> 11.    Desiree Licci, ADC #150051
>        c/o Jones Day

Ms. Licci is an ADC inmate and named plaintiff.  Ms. Licci is expected to testify with regard to the factual allegations in the Complaint and the provision of medical, mental health and dental care at ADC.

> 12.    Joseph Hefner, ADC #203653
>        c/o Jones Day

Mr. Hefner is an ADC inmate and named plaintiff.  Mr. Hefner is expected to testify with regard to the factual allegations in the Complaint and the provision of medical, mental health and dental care at ADC.

> 13.    Joshua Polson, ADC #187716
>        c/o Jones Day

Mr. Polson is an ADC inmate and named plaintiff.  Mr. Polson is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units, and the provision of medical, mental health and dental care at ADC.

> 14.    Charlotte Wells, ADC #247188
>        c/o Jones Day

1     Ms. Wells is an ADC inmate and named plaintiff.  Ms. Wells is expected to testify

2   with regard to the factual allegations in the Complaint and the provision of medical,

3   mental health and dental care at ADC.

4   **Defendants**

5       15.   Charles Ryan, ADC Director, Defendant
              c/o Struck Wieneke & Love, P.L.C.
6             3100 West Ray Road, Suite 300
              Chandler, AZ 85226
7             (480) 420-1600

8             Office of the Attorney General, State of Arizona
              1275 West Washington Street
9             Phoenix, AZ 85007-2926
              (602) 542-1610
10

11      Mr. Ryan is ADC Director and defendant in this action.  Mr. Ryan is expected to

12   testify regarding his knowledge and experience as relevant to any of the claims raised by

13   Plaintiffs in the complaint, the provision of health care to ADC prisoners and any other

14   topic for which Defendants have identified him as having knowledge.

15      16.   Richard Pratt, ADC Quality/Clinical Program Evaluation Administrator and
              former Interim Director, Health Services ("HS") Division, Defendant
16            c/o Struck Wieneke & Love, P.L.C.
              3100 West Ray Road, Suite 300
17            Chandler, AZ 85226
              (480) 420-1600
18
              Office of the Attorney General, State of Arizona
19            1275 West Washington Street
              Phoenix, AZ 85007-2926
20            (602) 542-1610

21

22      Mr. Pratt is the current Quality/Clinical Program Evaluation Administrator and

23   former Interim Division Director of Health Services at ADC and a defendant in this

24   action.  Mr. Pratt is expected to testify regarding his knowledge and experience as relevant

25   to any of the claims raised by Plaintiffs in the complaint, the provision of health care to

26   ADC prisoners and any other topic for which Defendants have identified him as having

27   knowledge.

28   Individual Plaintiffs' Expert Witnesses

-5-

The following expert witnesses will testify consistent with the information and opinions set forth in their respective Rule 26 disclosures (including any and all supplemental and rebuttal reports and documents relied on therein):

17.   Dr. Robert L. Cohen
      c/o Jones Day

18.   Dr. Craig Haney
      c/o Jones Day

19.   Dr. Jay D. Shulman
      c/o Jones Day

20.   Dr. Pablo Stewart
      c/o Jones Day

21.   Eldon Vail
      c/o Jones Day

22.   Dr. Todd Randall Wilcox
      c/o Jones Day

23.   Dr. Brie Williams
      c/o Jones Day

Deposed Witnesses

24.   David Robertson, D.O., ADC Medical Program Administrator
      c/o Struck Wieneke & Love, P.L.C.

Dr. Robertson was previously deposed, and plaintiffs may rely on his deposition testimony.  Dr. Robertson is expected to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Wexford Health and Corizon; the provision of medical care at multiple prisons since his time of employment with ADC; the privatization of health care services, quality assurance and review of health care; Corizon's development of an electronic health records system; and all other topics to which he testified in his deposition. Dr. Robertson is also expected to testify with regard to any other topic for which Defendants have identified him as having knowledge.

25.   William Smallwood, D.D.S.
      c/o Smallwood Prison Dental Services ("SPDS")

Dr. Smallwood was previously deposed, and plaintiffs may  rely on his deposition

testimony with regard to written and unwritten dental policies and procedures; tracking and scheduling of dental appointments at ADC facilities; the capabilities and limitations of SPDS' Correctional Dental Software; quality assurance at ADC facilities, including the methods, personnel, policies, and procedures used to ensure that all dental staff provide timely and effective dental care to inmates; the hiring and credentialing of employees who provide dental care at ADC facilities; reports, evaluations, and statistical data regarding the provision of and need for dental care for inmates; changes to the provision of dental care, whether formal or informal, after March 4, 2013; SPDS' relationship with Corizon and ADC, including SPDS' bid for the dental contract and the degree to which ADC or Corizon is involved with SPDS' activities; and the monitoring and oversight by Corizon or ADC over SPDS' provision of dental care at ADC facilities.

26.   Nicole Taylor, Ph.D.  ADC Mental Health Monitor
      c/o Struck Wieneke & Love, P.L.C.

Dr. Taylor was previously deposed, and plaintiffs may rely on her deposition testimony with regard to ADC's monitoring, supervision, and oversight of mental health care provided by Corizon, as well as the provision of mental health care at multiple prisons since her time of employment with ADC, and all other topics to which she testified in her deposition. Dr. Taylor is also expected to testify with regard to any other topic for which Defendants have identified her as having knowledge.

Others Not Deposed

27.   James Taylor, former ADC Contract Compliance Program Evaluation
      Administrator, Regional Vice President for Corizon
      c/o Corizon Inc.

Mr. Taylor was previously the Contract Compliance Program Evaluation Administrator for ADC and currently is Regional Vice President for Corizon, Inc. Plaintiffs will call him to testify regarding ADC's privatization of health care services, and the compliance of Wexford Health and Corizon Inc. to the terms of the contract.  Mr. Taylor is also expected to testify with regard to his current position and the provision of

-7-

health care to ADC prisoners.  Mr. Taylor will testify with regard to any other topic for which Defendants have identified him as having knowledge.

### B.    INDIVIDUALS WHO MAY BE CALLED TO TESTIFY

Deposed Persons

28.    Michael Adu-Tutu, M.D.
c/o Struck Wieneke & Love, P.L.C.

Dr. Adu-Tutu was previously the Health Services Director and Dental Program Manager for ADC. Dr. Adu-Tutu was previously deposed, and plaintiffs may rely on his testimony with respect the provision of dental care at ADC before his departure from ADC, including the dental policies and procedures.  Plaintiffs may also call him to testify at trial regarding ADC's  provision of health care to prisoners in ADC facilities prior to his departure from ADC.

29.    *Terry Allred, ADC Health Services Contract Monitor, ASPC Lewis*
*c/o Struck Wieneke & Love, P.L.C.*

*Mr. Allred was previously deposed, and Plaintiffs may rely on his testimony with regard to ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Lewis, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic on which he was deposed or for which Defendants have designated him as having knowledge. Plaintiffs may also call him to testify at trial regarding the provision of health care to ADC prisoners.*

30.    Marlena Bedoya, ADC Health Services Contract Monitor
c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Ms. Bedoya on September 18, 2013 regarding her current position monitoring Corizon's provision of health care, and may  rely on her deposition testimony.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified her as having knowledge.

-8-

31.  Kathy Campbell, ADC Statewide Nursing Monitor
c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Ms. Campbell on September 11, 2013 and September 23, 2013 in the capacity of her current position monitoring Corizon's provision of health care, and may rely on her deposition testimony.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified her as having knowledge.

32.  Karen Chu, ADC Dental Program Monitor
c/o Struck Wieneke & Love, P.L.C.

Dr. Chu was previously deposed, and plaintiffs may rely on her deposition testimony with regard to ADC's monitoring, supervision, and oversight of dental care provided by Corizon and SPDS.  Plaintiffs may call her to testify at trial regarding the provision of dental care to ADC prisoners, and any other topic for which Defendants have identified her as having knowledge.

33.  Daniel Conn, Wexford Executive Vice President & Chief Operating Officer
c/o Wexford Health, Inc.

Plaintiffs deposed Mr. Conn on May 20, 2013 pursuant to the 30(b)(6) deposition subpoena issued to Wexford Health, Inc., regarding the provision of health care to ADC prisoners by Wexford; the termination of the agreement between Wexford and the ADC to provide health care for prisoners; and the cost of complying with the contract between Wexford and the ADC; any Confidentiality agreements, actual or contemplated, between Wexford and the ADC.  Plaintiffs may rely upon his deposition testimony, and may call him to testify at trial.

34.  Dr. Tracy L. Crews, M.D., Former Psychiatrist at ASPC-Perryville
444 N. 44th Street, Suite 400
Phoenix, AX 85008

Dr. Crews was previously deposed, and plaintiffs may rely on her deposition testimony with regard to ADC's provision of mental health care to prisoners at ASPC-

1   Perryville and other prisons.

2       35.    Carmello Echeveirra, M.D., Wexford Medical Director at ASPC-Lewis
3                   c/o Wexford Health, Inc.

4         Dr. Echeverria was previously deposed, and plaintiffs may rely on his deposition

5   testimony with regard to ADC's provision of medical care to prisoners at ASPC-Lewis.

6   Based upon Plaintiffs' understanding, Dr. Echeverria is no longer employed at ASPC-

7   Lewis, but he has not updated his contact information with the Arizona Medical Board.

8   Plaintiffs anticipate that Wexford, Health, Inc. would be able to assist in locating him.

9       36.    Neil Fisher, M.D. former Wexford Clinical Medical Director
10                  c/o Wexford Health, Inc.

11      Plaintiffs deposed Dr. Fisher on October 8, 2013 pursuant to the 30(b)(6) deposition

12  subpoena issued to Wexford Health, Inc., regarding the provision of health care to ADC

13  prisoners by Wexford, and any other topic for which Wexford has designated him the

14  person at Wexford most knowledgeable on the topics.  Plaintiffs may rely upon his

15  deposition testimony, and may call him to testify at trial regarding the provision of health

16  care to ADC prisoners.

17      37.    ***Troy Evans, ADC Health Services Contract Monitor, ASPC-Safford***
18                  ***c/o Struck Wieneke & Love, P.L.C.***

19      ***Mr. Evans was previously deposed, and Plaintiffs may rely on his testimony with***

20  ***regard to ADC's monitoring, supervision, and oversight of medical care provided by***

21  ***Corizon at ASPC-Safford, the provision of medical care at multiple prisons since his***

22  ***time of employment with ADC, and any other topic on which he was deposed or for***

23  ***which Defendants have designated him as having knowledge. Plaintiffs may also call***

24  ***him to testify at trial regarding the provision of health care to ADC prisoners.***

25      38.    Greg Fizer, ADC Deputy Warden of Central Unit
26                  c/o Struck Wieneke & Love, P.L.C.

27        Mr. Fizer was deposed, and Plaintiffs may rely on his deposition testimony

28

regarding policies and procedures and implementation of said policies and procedures for: placement in, retention in, and release from isolation units: out-of-cell time in the isolation units, including but not limited to outdoor exercise; increases and decreases in prisoner privileges while housed in isolation; the provision of food to prisoners in isolation units, monitoring the effects of conditions of confinement in isolation units on prisoners' mental and physical health; the placement of prisoners  classified as "seriously mentally ill," "severely mentally ill," MH-3 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units; suicide watch procedures in the isolation units.  Mr. Fizer's testimony  may also include conditions of confinement in the isolation units, including programming available in the units such as mental health, counseling, employment, education, drug treatment, and rehabilitative services; training provided to correctional staff working in isolation units; required correctional staff levels for isolation units, including staffing schedules, posts and job duties.  Plaintiffs may call Mr. Fizer to testify at trial regarding the isolation units, and any other topic for which Defendants have identified him as having knowledge.

39.    Arthur Gross, ADC Assistant Director of Monitoring Bureau
          c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Mr. Gross on September 9, 2013 regarding his current position with ADC monitoring Corizon's compliance with the contract to provide all health care, and may rely on his deposition testimony.  Plaintiffs may call him to testify at trial regarding Corizon's provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

40.    ***Mark Haldane, ADC Health Services Contract Monitor, ASPC-Perryville***
          ***c/o Struck Wieneke & Love, P.L.C.***

***Mr. Haldane was previously deposed, and Plaintiffs may rely on his testimony with regard to ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Perryville, the provision of medical care at multiple prisons since***

1  *his time of employment with ADC, and any other topic on which he was deposed or for*

2  *which Defendants have identified him as having knowledge.  Plaintiffs may also call*

3  *him to testify at trial regarding the provision of health care to ADC prisoners.*

4      41.    Brian Hanstad, Dental Program Manager
                    c/o Corizon Health

5

6      Dr. Hanstad is one of the Dental Program Managers for the State of Arizona.  Dr.

7  Hanstad is expected to testify about the provision of dental care at ADC facilities; written

8  and unwritten dental policies and procedures, including the dental triaging of inmates for

9  emergent, urgent, or routine dental care, processing of HNRs, scheduling of appointments,

10  intake, staffing, and use of outside dental providers; tracking and scheduling of dental

11  appointments at ADC facilities; the capabilities and limitations of SPDS' Correctional

12  Dental Software; quality assurance at ADC facilities, including the methods, personnel,

13  policies, and procedures used to ensure that all dental staff provide timely and effective

14  dental care to inmates; the hiring and credentialing of employees who provide dental care

15  at ADC facilities; reports, evaluations, and statistical data regarding the provision of and

16  need for dental care for inmates; and changes to the provision of dental care, whether

17  formal or informal, after March 4, 2013.

18      42.    Vanessa Headstream, ADC Health Services Contract Monitor, Nursing Monitor
                    c/o Struck Wieneke & Love, P.L.C.

19

20      Ms. Headstream was previously deposed, and plaintiffs may rely on her deposition

21  testimony with regard to her monitoring, supervision, and oversight of nursing care at

22  ASPC-Perryville and ASPC-Lewis, as well as the provision of medical care at multiple

23  prisons since her time of employment with ADC, and all other topics to which she

24  testified in her deposition.  Plaintiffs may call her to testify at trial regarding the provision

25  of health care to ADC prisoners, and any other topic for which Defendants have identified

26  her as having knowledge.

27      43.    Karen Ingram, ADC Senior Procurement Specialist
                    c/o Struck Wieneke & Love, P.L.C.

28

1         Ms. Ingram was previously deposed, and plaintiffs may rely on her deposition

2    testimony with regard to the evaluation of each proposal submitted to ADC in response to

3    Solicitation No. ADOC12-00001105, privatization for all correctional healthcare.

4        44.    **Anthony Medel, ADC Health Services Contract Monitor, ASPC Yuma**

5                      **c/o Struck Wieneke & Love P.L.C.**

6        *Mr. Medel was previously deposed, and Plaintiffs may rely on his testimony with*

7    *regard to ADC's monitoring, supervision, and oversight of medical care provided by*

8    *Corizon at ASPC-Yuma, the provision of medical care at multiple prisons since his time*

9    *of employment with ADC, and any other topic on which he was deposed or for which*

10   *Defendants have identified him as having knowledge.  Plaintiffs may also call him to*

11   *testify at trial regarding the provision of health care to ADC prisoners.*

12       45.    **Jen Mielke-Fontaine, ADC Health Services Contract Monitor, ASPC-**

13                     **Florence; previously Audit Nurse Contract Monitor, ASPC Eyman and Florence**

14                     **c/o Struck Wieneke & Love, P.L.C.**

15       *Ms. Mielke-Fontaine was previously deposed, and Plaintiffs may rely on her*

16   *testimony with regard to ADC's monitoring, supervision, and oversight of medical care*

17   *provided by Corizon at ASPC-Eyman and Florence, the provision of medical care at*

18   *multiple prisons since her time of employment with ADC, and any other topic on which*

19   *she was deposed or for which Defendants have identified her as having knowledge.*

20   *Plaintiffs may also call her to testify at trial regarding the provision of health care to*

21   *ADC prisoners.*

22       46.    **John Mitchell, ADC Health Services Contract Monitor, ASPC-Winslow**

23                     **c/o Struck Wieneke & Love, P.L.C.**

24       *Mr. Mitchell was previously deposed, and Plaintiffs may rely on his testimony*

25   *with regard to ADC's monitoring, supervision, and oversight of medical care provided*

26   *by Corizon at ASPC-Winslow, the provision of medical care at multiple prisons since*

27   *his time of employment with ADC, and any other topic on which he was deposed or for*

28

*which Defendants have identified him as having knowledge.  Plaintiffs may also call*

*him to testify at trial regarding the provision of health care to ADC prisoners.*

47.   Karen Mullenix Wexford Project Operations Director and former Director of
Operations in Arizona
c/o Wexford Health, Inc.

Plaintiffs deposed Ms. Mullenix on May 21, 2013 pursuant to the 30(b)(6)

deposition subpoena issued to Wexford Health, Inc., regarding the provision of health care

to ADC prisoners by Wexford; concerns Wexford had about performance of the contract

with ADC to provide health care for prisoners; barriers, obstacles, or difficulties

encountered by Wexford in providing healthcare for ADC prisoners and any other topic

for which Wexford has designated her the person at Wexford most knowledgeable on the

topics.  Plaintiffs may rely upon her deposition testimony, and may call her to testify at

trial.

48.   ***Juliet Respicio-Moriarty, ADC Inmate Grievance Appeals Investigator***
***c/o Struck Wieneke & Love, P.L.C.***

***Ms. Respicio-Moriarty was previously deposed, and plaintiffs may rely on her***

***testimony with regard to ADC's monitoring, supervision, and oversight of Corizon's***

***processing of inmate grievances and appeals regarding health care, ADC's role in***

***investigating the allegations of inadequate health care made in appeals and grievances,***

***and any other topic on which she was deposed or for which Defendants have identified***

***her as having knowledge. Plaintiffs may also call her to testify at trial.***

49.   Richard Rowe, M.D., ADC Medical Program Manager
c/o Struck Wieneke & Love, P.L.C.

Dr. Rowe was previously deposed, and plaintiffs may rely on his deposition

testimony with regard to ADC's provision of medical care statewide at the prisons, and all

other topics to which he was designated by Defendants as responsive to the 30(b)(6)

request and to which he testified in his deposition. Plaintiffs may call him to testify at trial

regarding the provision of health care to ADC prisoners.

-14-

50.   Jeffrey Sharp, M.D., ASPC-Perryville
      c/o Corizon Health

Dr. Sharp was previously deposed, and plaintiffs may rely on his deposition testimony with regard to ADC's provision of medical care at multiple prisons across the state, and all other topics to which he testified in his deposition.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.

51.   Ben Shaw, Corizon Mental Health Statewide Director
      c/o Corizon Health

Dr. Shaw was previously deposed, and plaintiffs may rely on his deposition testimony with regard to ADC's provision of mental health care statewide at the prisons, his relevant knowledge and experiences as they relate to Plaintiffs' claims and all other topics to which he was designated by Defendants as responsive to the 30(b)(6) request and to which he testified in his deposition.

52.   Sam Tardibuono, ADC Douglas Monitor
      c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Mr. Tardibuono on September 19, 2013 in the capacity of his current position monitoring Corizon's provision of health care, and may rely on his deposition testimony.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

53.   *Jonathon Trethewey, ADC #137818*
      *c/o Jones Day*

*Mr. Trethewey is an ADC inmate and class member.  He was deposed on April 4, 2013 to preserve his testimony for trial.  Mr. Trethewey's deposition testimony may be used with regard to the provision of health care provided to him while in the custody of ADC and/or the use of isolation and the conditions of confinement while in isolation.  Mr. Trethewey may also be called to testify at trial regarding the topics on which he was deposed.*

54.   Helena Valenzuela, ADC Health Services Contract Monitor ASPC Phoenix
      c/o Struck Wieneke & Love, P.L.C.

Ms. Valenzuela was previously deposed, and plaintiffs may rely on her deposition testimony with regard to her monitoring, supervision, and oversight of nursing care at ASPC-Phoenix, as well as the provision of medical care at multiple prisons since her time of employment with ADC, and all other topics to which she testified in her deposition. Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

55.   Carlos Weekly, Dental Director ASPC-Florence
      C/o Corizon Health

Dr. Weekly is one of the Dental Program Managers for the State of Arizona. Dr. Weekly was previously deposed, and plaintiffs may rely on his deposition testimony. In addition to his deposition testimony, Dr. Weekly is expected to testify about the provision of dental care at ADC facilities; written and unwritten dental policies and procedures, including the dental triaging of inmates for emergent, urgent, or routine dental care, processing of HNRs, scheduling of appointments, intake, staffing, and use of outside dental providers; tracking and scheduling of dental appointments at ADC facilities; the capabilities and limitations of SPDS' Correctional Dental Software; quality assurance at ADC facilities, including the methods, personnel, policies, and procedures used to ensure that all dental staff provide timely and effective dental care to inmates; the hiring and credentialing of employees who provide dental care at ADC facilities; reports, evaluations, and statistical data regarding the provision of and need for dental care for inmates; and changes to the provision of dental care, whether formal or informal, after March 4, 2013.

56.   Winfred Williams, Arizona Chief Medical Officer
      c/o Corizon, Inc.

Plaintiffs deposed Mr. Williams on October 10, 2013 regarding his current position

-16-

as Corizon's Chief Medical Officer for the State of Arizona, and may rely on his deposition testimony. Plaintiffs may call him to testify at trial regarding Corizon's provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

57.   Martin Winland, ADC Pharmacy Monitor
      c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Mr. Winland on September 18, 2013 in the capacity of his current position monitoring Corizon's provision of pharmacy services, and may rely on his deposition testimony. Plaintiffs may call him to testify at trial regarding the provision of pharmacy services to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

Others Not Deposed

~~Terry Allred, ADC Health Services Contract Monitor, ASPC Lewis~~
~~c/o Struck Wieneke & Love, P.L.C.~~

~~Mr. Allred is currently ADC's monitor for ASPC-Lewis, and Plaintiffs may call him to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Lewis, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic for which Defendants have identified him as having knowledge. Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.~~

58.   Patricia Arroyo, ADC Audit Nurse
      c/o Struck Wieneke & Love, P.L.C.

Plaintiffs may call Ms. Arroyo to testify regarding ADC's monitoring, supervision, and oversight of nursing care provided by Corizon, the provision of nursing care at multiple prisons since her time of employment with ADC, and any other topic for which Defendants have identified her as having knowledge. Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners.

59. Stephen Bender, ADC Private Prisons Contract Monitor
c/o Struck Wieneke & Love, P.L.C.

Plaintiffs may call Mr. Bender to testify regarding ADC's monitoring, oversight, and supervision of Corizon's provision of mental health care at ADC prisons, Corizon's compliance with the privatization contract, and any other topics, the provision of health care to ADC prisoners and any other topic for which Defendants have identified him as having knowledge.

60. Karyn Christie, Safford/Ft. Grant Monitor
c/o Struck Wieneke & Love, P.L.C.

Plaintiffs may call Ms. Christie regarding her recent employment with ADC monitoring Corizon's provision of health care and the provision of health care to ADC prisoners.

61. Trudy Dumkrieger, ADC Audit Nurse, Tucson
c/o Struck Wieneke & Love, P.L.C.

Plaintiffs may call Ms. Dumkrieger to testify regarding ADC's monitoring, supervision, and oversight of nursing care provided by Corizon at ASPC-Tucson and the provision of nursing care at multiple prisons since her time of employment with ADC, and any other topic for which Defendants have identified her as having knowledge.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners.

~~Troy Evans, ADC Health Services Contract Monitor, ASPC-Safford~~
~~c/o Struck Wieneke & Love, P.L.C.~~

~~Mr. Evans is currently ADC's monitor for ASPC-Safford, and Plaintiffs may call him to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Safford, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic for which Defendants have identified him as having knowledge.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.~~

~~Mark Haldane, ADC Health Services Contract Monitor, ASPC-Perryville~~

-18-

1 ~~c/o Struck Wieneke & Love, P.L.C.~~

2 ~~Mr. Haldane is currently ADC's monitor for ASPC-Perryville, and Plaintiffs may~~

3 ~~call him to testify regarding ADC's monitoring, supervision, and oversight of medical~~

4 ~~care provided by Corizon at ASPC-Perryville, the provision of medical care at multiple~~

5 ~~prisons since his time of employment with ADC, and any other topic for which~~

6 ~~Defendants have identified him as having knowledge.  Plaintiffs may call him to testify at~~

7 ~~trial regarding the provision of health care to ADC prisoners.~~

8     62.   Kevin Lewis, Medical Director at ASPC-Tucson
9            c/o Corizon Health

10      Plaintiffs may call Mr. Lewis to testify regarding his current position as Corizon's

11 Medical Director for ASPC-Tucson and Corizon's provision of health care to ADC

12 prisoners, and any other topic for which Defendants have identified him as having

13 knowledge.

14 ~~Anthony Medel, ADC Health Services Contract Monitor, ASPC Yuma~~
15 ~~c/o Struck Wieneke & Love P.L.C.~~

16 ~~Mr. Medel is currently ADC's monitor for ASPC-Yuma, and Plaintiffs may call~~

17 ~~him to testify regarding ADC's monitoring, supervision, and oversight of medical care~~

18 ~~provided by Corizon at ASPC-Yuma, the provision of medical care at multiple prisons~~

19 ~~since his time of employment with ADC, and any other topic for which Defendants have~~

20 ~~identified him as having knowledge.  Plaintiffs may call him to testify at trial regarding~~

21 ~~the provision of health care to ADC prisoners.~~

22     63.   Donna Mendoza, ADC Audit Nurse, Lewis and Perryville
23            c/o Struck Wieneke & Love, P.L.C.

24      Ms. Mendoza is currently ADC's audit nurse for ASPC-Lewis and Perryville, and

25 Plaintiffs may call her to testify regarding ADC's monitoring, supervision, and oversight

26 of medical and nursing care provided by Corizon at ASPC-Lewis and Perryville, the

27 provision of nursing care at multiple prisons since her time of employment with ADC, and

28

any other topic for which Defendants have identified her as having knowledge.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners.

~~Jen Mielke-Fontaine, ADC Health Services Contract Monitor, ASPC-Florence; previously Audit Nurse Contract Monitor, ASPC Eyman and Florence c/o Struck Wieneke & Love, P.L.C.~~

~~Ms. Mielke-Fontaine is currently ADC's monitor for ASPC-Florence, and previously was an audit nurse for ASPC-Eyman and Florence. Plaintiffs may call her to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Eyman and Florence, the provision of medical care at multiple prisons since her time of employment with ADC, and any other topic for which Defendants have identified her as having knowledge.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners.~~

~~John Mitchell, ADC Health Services Contract Monitor, ASPC-Winslow c/o Struck Wieneke & Love, P.L.C.~~

~~Mr. Mitchell is currently ADC's monitor for ASPC-Winslow, and Plaintiffs may call him to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Winslow, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic for which Defendants have identified him as having knowledge.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.~~

64.   Matthew Musson, ADC Health Services Contract Monitor, ASPC-Eyman c/o Struck Wieneke & Love, P.L.C.

Mr. Musson is currently ADC's monitor for ASPC-Eyman, and Plaintiffs may call him to testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Eyman, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic for which Defendants have identified him as having knowledge.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.

65.   Joe Profiri, ADC Director of Contract Beds
      c/o Struck Wieneke & Love, P.L.C.

Plaintiffs may call Mr. Profiri to testify regarding his current position as the Director of all Contract Beds, including but not limited to the compliance of Wexford Health Inc. and Corizon Inc. with the terms of the contract to privatize all health care, the provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

~~Juliet Respicio-Moriarty, ADC Inmate Grievance Appeals Investigator~~
~~c/o Struck Wieneke & Love, P.L.C.~~

~~Plaintiffs may call her to testify regarding ADC's monitoring, supervision, and oversight of Corizon's processing of inmate grievances and appeals regarding health care, ADC's role in investigating the allegations of inadequate health care made in appeals and grievances, and any other topic for which Defendants have identified her as having knowledge.~~

66.   Christy Somner, Regional Director of Nursing
      c/o Corizon Health

Plaintiffs may call Ms. Somner to testify regarding her current position as Corizon's Director of Nursing for the State of Arizona and Corizon's provision of nursing care to ADC prisoners.

67.   Zoran Vukcevic, Florence Medical Director
      c/o Corizon Health

Plaintiffs may call Mr. Vukcevic to testify regarding his current position as Corizon's Medical Director for ASPC-Florence and Corizon's provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

68.   SPDS dental staff working in ADC facilities.

Such dental staff may testify about written and unwritten dental policies and

procedures, including the dental triaging of inmates for emergent, urgent, or routine dental care, processing of HNRs, scheduling of appointments, intake, staffing, and use of outside dental providers; tracking and scheduling of dental appointments at ADC facilities; the capabilities and limitations of SPDS' Correctional Dental Software; quality assurance at ADC facilities, including the methods, personnel, policies, and procedures used to ensure that all dental staff provide timely and effective dental care to inmates; and changes to the provision of dental care, whether formal or informal, after March 4, 2013.

69.     Employees of Corizon or ADC with knowledge about the provision of medical, dental or mental health care at ADC facilities.

These witnesses may be called to testify about the actual provision of health care, including any informal policies, procedures, or practices.  As Plaintiffs identify such persons, they will supplement their disclosure statements accordingly.

70.     Designated 30(b)(6) witnesses regarding conditions of confinement in the isolation units

Plaintiffs plan to depose Defendants designated 30(b)(6 witnesses regarding conditions of confinement in the isolation units on September 17 & 18, 2013 and may rely on these witness' deposition testimony. Plaintiffs may also call these witnesses to testify at trial regarding policies, procedures and practices for:  placement in, retention in, and release from isolation units: out-of-cell time in the isolation units, including but not limited to outdoor exercise; increases and decreases in prisoner privileges while housed in isolation; the provision of food to prisoners in isolation units, including but not limited to schedules for delivery of food; deviations from such schedules; menus; and nutritional analyses of menus and implementation of said policies and procedures; monitoring the effects of conditions of confinement in isolation units on prisoners' mental and physical health; the use of force or restraint by ADC staff on prisoners on suicide watch, taking psychotropic medications, or prisoners classified as "seriously mentally ill," "severely mentally ill," MH-3 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units.  The witnesses may also be asked to testify about conditions of confinement in the isolation units; including programming

available in the units, including but not limited to mental health, counseling, employment, education, drug treatment, and rehabilitative services; training provided to correctional staff working in isolation units; required correctional staff levels for isolation units, including staffing schedules, posts and job duties.  These witnesses may further be called to testify regarding policies, procedures, and practices for: health care staff monitoring the effects of conditions of confinement in isolation on prisoners' mental and physical health; suicide watch and suicide prevention in isolation units; the referral and transfer of prisoners from isolation units to inpatient mental health facilities, whether operated by the ADC or some other entity; the training provided to health care staff working with prisoners in the isolation units; the involvement of health care staff in the use of force or restraint by ADC staff on prisoner on suicide watch, taking psychotropic medications, or classified as "seriously mentally ill," "severely mentally ill," MH-3 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units; the mental health programs available to prisoners in each isolation unit, including but not limited to, group counseling, one-to-one counseling, jobs, and increased recreational and congregate activities;  the provision of health care to prisoners in isolation units;  the provision of health care to prisoners classified as "seriously mentally ill," "severely mentally ill," MH-1 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units.  Plaintiffs may also call these witnesses to testify at trial regarding any other topic for which Defendants have identified him or her as having knowledge.

71.     Current and former ADC prisoners with knowledge of the provision of health care at ADC facilities and/or conditions of confinement in the isolation units.

~~Plaintiffs will supplement  this list at a later date.~~

The following witnesses (##71-92 *72-93*) may be called to testify about their experiences regarding the actual provision of health care in ADC, ADC's use of isolation and conditions of confinement in the isolation units, specific ADC policies and procedures related to isolation units and the implementation of said policies and procedures in specific isolation units, and any other topic for which Defendants have identified him or

her as having knowledge.  As Plaintiffs identify such persons, Plaintiffs will supplement their disclosure statements accordingly.

72. Gerald Thompson, Deputy Warden, ASPC-Eyman-SMU I
c/o Struck Wieneke & Love, P.L.C.

73. Lacy Scott, Deputy Warden, ASPC-Perryville-Lumley
c/o Struck Wieneke & Love, P.L.C.

74. Terri Savinen, Associate Deputy Warden, ASPC-Eyman-SMU I
c/o Struck Wieneke & Love, P.L.C.

75. Stephen Morris, Deputy Warden, ASPC-Eyman-Browning Unit
c/o Struck Wieneke & Love, P.L.C.

76. Antonio Barrios, Deputy Warden, ASPC-Eyman-Browning Unit
c/o Struck Wieneke & Love, P.L.C.

77. Jack Heet, Assoc. Deputy Warden, ASPC-Eyman-Browning Unit
c/o Struck Wieneke & Love, P.L.C.

78. Lance Hetmer, Warden, ASPC- Florence
c/o Struck Wieneke & Love, P.L.C.

79. Amy Barnes, Assoc. Deputy Warden, ASPC-Florence-Central Unit
c/o Struck Wieneke & Love, P.L.C.

80. Geralynn Woods, Assoc. Deputy Warden, ASPC-Florence-Central
c/o Struck Wieneke & Love, P.L.C.

81. Lacy Scott, Deputy Warden, ASPC-Perryville-Lumley
c/o Struck Wieneke & Love, P.L.C.

82. Carol Ortiz, Assoc. Deputy Warden, ASPC-Perryville-Lumly
c/o Struck Wieneke & Love, P.L.C.

83. Megan Muse, Deputy Warden, ASPC-Phoenix-Alhambra/Flamenco Unit
c/o Struck Wieneke & Love, P.L.C.

84. Travis Scott, Assoc. Deputy Warden, ASPC-Phoenix Alhambra/Flamenco Unit
c/o Struck Wieneke & Love, P.L.C.

85. Jeff Hood, ADC Deputy Director
c/o Struck Wieneke & Love, P.L.C.

86. Ernest Trujillo, ADC Southern Regions Operations Director (SROD)
c/o Struck Wieneke & Love, P.L.C.

87. Carson McWilliams, ADC Northern Region Operations Director (NROD)
c/o Struck Wieneke & Love, P.L.C.

88. Ron Credio, Warden, ASPC-Eyman
c/o Struck Wieneke & Love, P.L.C.

89.  [first name unkown] Munoz, Assistant Deputy Warden, ASPC-Eyman
     c/o Struck Wieneke & Love P.L.C.

90.  Judy Frigo, Warden, ASPC-Perryville
     c/o Struck Wieneke & Love, P.L.C.

91.  Angelo Daniels, Deputy Warden of Security Operations
     c/o Struck Wieneke & Love P.L.C.

92.  Julie Jackson, Deputy Warden, ASPC-Florence
     c/o Struck Wieneke & Love, P.L.C.

93.  James O'Neil, DWOP, ASPC-Perryville
     c/o Struck Wieneke & Love, P.L.C.

94.  Rhonda Jensen
     2403 W. Rancho Dr.
     Phoenix, AZ 85015
     (520) 310-9805

Ms. Jensen may be called to testify regarding her knowledge of the provision of health care to her husband, named plaintiff Shawn Jensen, and her efforts and interactions with ADC staff to have him provided care.  Ms. Jensen may also be called to testify regarding her knowledge of the provision of health care to other prisoners she knows.

95.  Michelle Lependorf
     81 Westcott Road
     Princeton, NJ 08540
     (609) 924-4483

Ms. Lependorf may be called to testify regarding her knowledge of the provision of health care to her brother, Ferdinand Dix, who died while in custody of ADC.

96.  Caroline Isaacs
     American Friends Service Committee
     103 N. Park Ave., Ste. 111
     Tucson, AZ 85719
     (520) 623-9141

Ms. Isaacs may be called to testify regarding her knowledge of the provision of health care at ADC facilities, ADC's use of isolation, and the conditions of confinement in isolation.

97.  Lynn Nau
     c/o Faith Lutheran Church
     801 E. Camelback Rd.

-25-

Phoenix, AZ 85012, (602) 264-0015

Ms. Nau may be called to testify regarding her knowledge of the provision of health care at ADC facilities, ADC's use of isolation, and the conditions of confinement in isolation.

98.  Margaret Plews
Arizona Prison Watch
P.O. Box 20494
Phoenix, AZ 85036
(480) 580-6807

Ms. Plews may be called to testify regarding her knowledge of the provision of health care at ADC facilities, ADC's use of isolation, and the conditions of confinement in isolation.

99.  Doris Schartmueller
2213 S. Highland Mesa Rd.
Flagstaff, AZ, 86001
(520) 256-7576.

Ms. Schartmueller may be called to testify regarding her knowledge of the provision of health care to her spouse, David Wiser, #153309, her efforts and interactions with ADC staff to have him provided care, and his ultimate death.  Ms. Schartmueller may also be called to testify regarding her knowledge of the provision of health care to other prisoners she knows.

100.  **Robert Murray, ADC #94261**
**ASPC Florence - Central Medical Unit**

*Mr. Murray is currently incarcerated at ASPC Florence.  Mr. Murray may be called to testify regarding the provision of health care provided to him while in the custody of ADC and/or the use of isolation and the conditions of confinement while in isolation.*

101.  **Dean Vocke, former ADC #211077**
**345 Lakewood Drive**
**Antioch, IL, 60002**
**(520) 494-4022**

*Mr. Vocke was previously incarcerated at ASPC Winslow and was granted clemency on October 31, 2013.  Mr. Vocke may be called to testify regarding the provision of health care provided to him while in the custody of ADC and/or the use of isolation and the conditions of confinement while in isolation.*

102.   *Laurie Vocke*
*345 Lakewood Drive*
*Antioch, IL, 60002*
*(520) 494-4022*

*Ms. Vocke may be called to testify regarding her knowledge of the provision of health care to her spouse, Dean Vocke, #211077 and her efforts to have her spouse provided care.*

103.   *Mark Dehe*
*37199 Bosley Street*
*Indio, CA 92203*
*(760) 831-2931*

*Mr. Dehe may be called to testify regarding his knowledge of the provision of health care to his father, Manfred Dehe, #269783 and his efforts to have his father provided care.*

104.   *Cassie Rogers*
*5374 Golden Cascade Drive*
*Dublin, OH 43016*
*(602) 710-7991*

*Ms. Rogers may be called to testify regarding her knowledge of the provision of health care to her mother, Gloria Rogers, #085040 and her efforts to have her mother provided care, and her mother's ultimate death while in custody of ADC.*

105.   *Cody Huggins*
*1382 N. 87th Pl.*
*Scottsdale, AZ 85257*
*(480) 510-0471*

*Mr. Huggins may be called to testify regarding his knowledge of the provision of health care to his father, Glen Huggins,  #085040, his efforts to have his father*

*provided care, and his father's ultimate death shortly after an imminent danger*

*(medical parole) release from ADC custody.*

106. ***Jo Ann Lassell***
***1455 E. Jasper Dr.***
***Chandler, AZ 85225***
***(480) 272-1056***

*Ms. Lassell may be called to testify regarding her knowledge of the provision of*

*health care to her brother, Matthew Putnam, #255310, her efforts to have her brother*

*provided care and Mr. Putnam's ultimate death while in custody of ADC.*

107. All Witnesses Identified *or Produced* by ~~Defendants~~ *ADC or Corizon*.

108. *Any additional witnesses that come to be known to Plaintiffs as a result of a critical health situation. Such names shall be supplemented if, and when, made known to Plaintiffs pursuant to Federal Rule of Civil Procedure 26(e) at a later date.*

109. *Any individuals that voluntarily furnish information relevant to Plaintiff's case, consistent with the Court's Order on Plaintiff's Pending Motion for an Order Authorizing Ex Parte Communications with Former Employees of Defendants and their Agents (ECF No. 981). Such names shall be supplemented if, and when, made known to Plaintiffs pursuant to Federal Rule of Civil Procedure 26(e) at a later date.*

110. *Any additional witnesses that come to be known to Plaintiffs as a result of the limited ongoing discovery. Such names shall be supplemented if, and when, made known to Plaintiffs pursuant to Federal Rule of Civil Procedure 26(e) at a later date.*

## II. A COPY OF OR A DESCRIPTION BY CATEGORY AND LOCATION OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS OR DEFENSES

*The discovery period in this matter has largely closed and the record is nearly*

*complete. Defendants have been furnished with copies and/or descriptions by category*

*and location of all documents, electronically stored information, and tangible things*

*that Plaintiffs may use to support their claims. This includes all documents,*

*electronically stored information, and tangible things disclosed in Plaintiffs' previous*

*disclosure statements, as well as all documents, electronically stored information, and*

*tangible things made known to Defendants during the pendency of this litigation,*

*consistent with the requirements of Federal Rule of Civil Procedure 26, including all*

*information included in productions by the parties and third parties and all information*

*made known to defendants in all other writings in this proceeding.*

To the extent not already in the possession, custody, or control of Defendants, copies of all documents, electronically stored information, and tangible things that Plaintiffs may use to support their claims or defenses have been or will timely be produced in this litigation in accordance with the Protective Order and the parties' agreements. This includes, but is not limited to, all documents and reports produced by Plaintiffs, Defendants, third parties, and retained experts in this litigation.

Plaintiffs reserve the right to supplement this list. For additional context, these documents include at least*, but are not limited to,* the following categories:

A.   Communications to/from various individuals on behalf of the following Plaintiffs

1.   Shawn Jensen, see Bates Numbers PLTF-PARSONS-003551-003983;

2.   Victor Parsons, see Bates Numbers PLTF-PARSONS-013662-013663 and PLTF-PARSONS-019906-019912;

3.   Dustin Brislan, see Bates Numbers PLTF-PARSONS-013904-013909;

4.   Sonia Rodriguez, see Bates Number PLTF-PARSONS-022584;

5.   Stephen Swartz, see Bates Numbers PLTF-PARSONS-023094-023111; and

6.   Various non-Named Plaintiff inmates and former inmates, see Bates Numbers PLTF-PARSONS-000401-000402, PLTF-PARSONS-000681-000682, PLTF-PARSONS-003296-003304, PLTF-PARSONS-003443-003550, PLTF-PARSONS-004011-004299, PLTF-PARSONS-004360, PLTF-PARSONS-004486-004596, PLTF-PARSONS-004618-004623, PLTF-PARSONS-012990-013131, and PLTF-PARSONS-013301-013416.

B.   Medical records and other documents

7.   Outside medical records of Shawn Jensen, see Bates Numbers PLTF-PARSONS-000165-000385 and PLTF-PARSONS-019374-019401;

8.   Outside medical record of Dustin Brislan, see Bates Numbers PLTF-PARSONS-013910;

9.   Court orders and court documents for Robert Gamez, see Bates Numbers

1    PLTF-PARSONS-014942-016456;

2    10.   Court orders, court documents, and outside medical records of Victor Parsons,
          see Bates Numbers PLTF-PARSONS-019913-021614;

3
     11.   Outside medical records of Jeremy Smith, see Bates Numbers PLTF-
4          PARSONS-022603-022763;

5    12.   Outside medical records of Stephen Swartz, see Bates Numbers PLTF-
           PARSONS-023112-023249;

6    13.   Order in Arenberg v. Ryan, see Bates Numbers PARSONS-013133-013164;

7    14.   Outside medical records of non-Named Plaintiffs, see Bates Numbers PLTF-
           PARSONS-023666-023964; and
8
     15.   Authorizations for the release of personal health information for Charlotte
9          Wells (see Bates Numbers PLTF-PARSONS-025639-025641), Christina
           Verduzco (see Bates Numbers PLTF-PARSONS-025642-025644), Desiree
10         Licci (see Bates Numbers PLTF-PARSONS-025645-025647), Dustin Brislan
           (see Bates Numbers PLTF-PARSONS-025648-025649), Jackie Thomas (see
11         Bates Numbers PLTF-PARSONS-025650-025652), Jeremy Smith (see Bates
           Numbers PLTF-PARSONS-025653-025655), Joseph Hefner (see Bates
12         Numbers PLTF-PARSONS-025656-025658), Joshua Polson (see Bates
           Numbers PLTF-PARSONS-025659-025661), Maryanne Chisholm (see Bates
13         Numbers PLTF-PARSONS-025662-025663), Robert Gamez (see Bates
           Numbers PLTF-PARSONS-025664-025666), Shawn Jensen (see Bates
14         Numbers PLTF-PARSONS-025667-025668), Sonia Rodriguez (see Bates
           Numbers PLTF-PARSONS-025669-025670), Steven Swartz (see Bates
15         Numbers PLTF-PARSONS-025671-025673), and Victor Parsons (see Bates
           Numbers PLTF-PARSONS-025674-025678).
16
     C.    Documents supporting the facts in the Complaint
17
     Medical examiner autopsy reports, death reports, and/or health care records of the
18   following persons who died while in the custody of Defendants.

19   16.   James Adams, #131965, see PLTF-PARSONS-002003-002010;

20   17.   Robert Arthur Akers, 13-00278, see PLTF-PARSONS-025596-025600;

21   18.   Michael Algeri, #240165, see PLTF-PARSONS-012614-012618;

22   19.   Kenneth Allen, #63782, see PLTF-PARSONS-012544-012555;

23   20.   Dwight Allsup, 11-281, see PLTF-PARSONS-002206-002210;

24   21.   Hernan Rafael Cuevas Andrade, #09-05825, see PLTF-PARSONS-001675-
           001679;
25
     22.   Kurt Annenberg, #80794, see PLTF-PARSONS-002011-002020;
26
     23.   Santana Sundown Aqualais, #09-06548, see PLTF-PARSONS-001662-001668;
27
     24.   Edward M. Baeza, #43508, see PLTF-PARSONS-012919-012922;
28

25. Harlon Jim Baker, #92306, see PLTF-PARSONS-012747-012751;

26. Peter Ballinger, #245875, see PLTF-PARSONS-002021-002030;

27. Louis John Balon, 11-06593, see PLTF-PARSONS-001882-001884;

28. Davod Merle Bandstra, 11-00169, see PLTF-PARSONS-001885-001887;

29. Charles Bates, #84245, see PLTF-PARSONS-012752-012756;

30. Dennis Bayard, #245405, see PLTF-PARSONS-002031-002036;

31. Victor Benitez, #229604, see PLTF-PARSONS-012493-012502;

32. Arnold Bermea, 10-03802, see PLTF-PARSONS-001720-001722;

33. William Bowers, #109240, see PLTF-PARSONS-012619-012623;

34. Leslie Brandenburg, #88172, see PLTF-PARSONS-012624-012628;

35. Anthony Charles Braun, 11-06861, see PLTF-PARSONS-001888-001894;

36. George V. Bredemann, 12-02092, see PLTF-PARSONS-001943-001950;

37. Joseph Harold Breshears, 10-07360, see PLTF-PARSONS-001723-001727;

38. Larry Brown, #131317, see PLTF-PARSONS-012757-012761;

39. Scott Philip Bruder, #09-06205, see PLTF-PARSONS-001669-001674;

40. James Burbey, Jr., #76342, see PLTF-PARSONS-012503-012509;

41. Steven Burdick, #68232, see PLTF-PARSONS-012510-012514;

42. Eric Bybee, #171555, see PLTF-PARSONS-002037-002045;

43. Jesse Joe Cabonias, 11-04239, see PLTF-PARSONS-001895-001900;

44. Pete Calleros, #143778, see PLTF-PARSONS-012515-012529;

45. Kenneth Cannon, #43289, see PLTF-PARSONS-002046-002052;

46. Cesar Naun Carbajal, 12-01719, see PLTF-PARSONS-001951-001957;

47. Delbert Eugene Carr, #255785, see PLTF-PARSONS-012762-012765;

48. Ernest Casillas, #50066, see PLTF-PARSONS-002053-002058;

49. LaSasha Michelle Cherry, 10-05391, see PLTF-PARSONS-001728-001733;

50. Gary V. Coffman, #102399, see PLTF-PARSONS-012766-012770;

51. James E. Collins, 11-231, see PLTF-PARSONS-002211-002215;

52. Juan Manuel Corrales Palomares, #258041, see PLTF-PARSONS-012923-

012927;

53. Arthur Coronado, #99387, see PLTF-PARSONS-012629-012633;

54. Jesus Cota, #151319, see PLTF-PARSONS-004306-004317;

55. Kerry Lynn Craig, 10-02649, see PLTF-PARSONS-001734-001736;

56. Richard Albert Cramer, 12-02473, see PLTF-PARSONS-001958-001963;

57. Carl William Cresong, 10-02701, see PLTF-PARSONS-001737-001744;

58. Herman Crowder, #60747, see PLTF-PARSONS-012530-012534;

59. Duron Cunningham, #245305, see PLTF-PARSONS-002059-002066;

60. John Patrick Daly, 10-03447, see PLTF-PARSONS-001745-001753;

61. James Damn, #225040, see PLTF-PARSONS-012771-012775;

62. Dora Sue Davenport, 10-04704, see PLTF-PARSONS-001754-001756;

63. Leslie R. Davies, 12-03517, see PLTF-PARSONS-023656-023663;

64. Forrest Kelsie Day, see PLTF-PARSONS-001964-001970;

65. Velma Dickson, 12-02394, see PLTF-PARSONS-001971-001979;

66. Ferdinand Dix, #205447, see PLTF-PARSONS-000056-000164;

67. Ferdinand J. Dix, #205447, see PLTF-PARSONS-012776-012782;

68. Joe Donald, #189885, see PLTF-PARSONS-002067-002080;

69. Varney J. Doud, #85582, see PLTF-PARSONS-012634-012638;

70. William Harry Driver, 13-00843, see PLTF-PARSONS-025601-025605;

71. Max Anderson Dunlap Jr., #37842, see PLTF-PARSONS-012535-012538;

72. Mark Alan Edwards, 11-06566, see PLTF-PARSONS-001901-001904;

73. Marcelo Espino, #157247, see PLTF-PARSONS-012539-012543;

74. Alfonson Farmer, 12-032, see PLTF-PARSONS-002281-002292;

75. Geshell Fernandez, 10-04390, see PLTF-PARSONS-001757-001762;

76. Charles Clifford Finken, 10-01896, see PLTF-PARSONS-001763-001766;

77. John G. Freeman, #34693, see PLTF-PARSONS-012639-012643;

78. Clifford D. Fritz, #129311, see PLTF-PARSONS-012928-012931;

79. James Galloway, #233906, see PLTF-PARSONS-002081-002089;

80.    Benny V. Garcia, #39968, see PLTF-PARSONS-012783-012795;

81.    Harry R. Gardner, #167824, see PLTF-PARSONS-012932-012936;

82.    Dennis Ginley, #233521, see PLTF-PARSONS-012644-012648;

83.    68. Billy Gross, #106181, see PLTF-PARSONS-012649-012655;

84.    Daniel Guzman, 10-05630, see PLTF-PARSONS-001767-001771;

85.    Phillip Latton Hamlin, 11-07287, see PLTF-PARSONS-023965-023972;

86.    Dennis Haney, #87515, see PLTF-PARSONS-012937-012947;

87.    Cassandra Lorraine Hawkins, 10-00503, see PLTF-PARSONS-001772-001779;

88.    Robert Charles Heydorn, 11-200, see PLTF-PARSONS-002216-002220;

89.    Luis Moscoso Hernandez, see PLTF-PARSONS-002232-002241;

90.    Douglas Lee Horn, 11-05289, see PLTF-PARSONS-001905-001907;

91.    Jesse Michael Hosp, #203956, see PLTF-PARSONS-012656-012660;

92.    David Scott Hunt, 12-01941, see PLTF-PARSONS-001980-001986;

93.    Andre Hutchins, #80077, see PLTF-PARSONS-012796-012800;

94.    Fred Lonzo Hutts, #79957, see PLTF-PARSONS-012661-012665;

95.    Charles Truray Jeffery, 13-00961, see PLTF-PARSONS-025606-025616;

96.    James Jennings, #250295, see PLTF-PARSONS-002090-002104;

97.    Lewis Edward Jernigan, #30249, see PLTF-PARSONS-012948-012951;

98.    Antonio A. Jimenez, #69981, see PLTF-PARSONS-012801-012804;

99.    Tommy Lee Jones Jr., #200908, see PLTF-PARSONS-012821-012830;

100.   Clifton Ray Jones, 10-00151, see PLTF-PARSONS-001780-001785;

101.   Howard Jordan, 12-03234, see PLTF-PARSONS-023664-023665;

102.   James Donald Kasenow, Jr., 10-04435, see PLTF-PARSONS-001786-001790;

103.   Carlo Steven Krakoff, #253282, see PLTF-PARSONS-012805-012815;

104.   Donald Kruse, #235177, see PLTF-PARSONS-002105-002115;

105.   Matthew Tadeusz Kusmierek, #240259, see PLTF-PARSONS-012816-012820;

106.   Louis Sydney Lafer, 09-06292, see PLTF-PARSONS-001680-001687;

107.   Billy D. Lee, 13-00936, see PLTF-PARSONS-025617-025621;

108. ~~Francisco Leon Jr, #90634, see PLTF-PARSONS-012952-012956;~~

109. ~~Anthony Clayton Lester, #293529, see PLTF-PARSONS-000386-000400;~~
~~000404-000428; 000429-000680; 000683-000745; 000746-001581; and~~
~~002116-002124; and 012673-012680;~~

110. ~~John Letaret, #130283, see PLTF-PARSONS-012831-012834;~~

111. ~~Franklin Leverette, #42758, see PLTF-PARSONS-002125-2134;~~

112. ~~Timothy Lewis, #247498, see PLTF-PARSONS-012835-012838;~~

113. ~~Howard Littles, #55888, see PLTF-PARSONS-012681-012684;~~

114. ~~Ronald Leroy Long, #216351, see PLTF-PARSONS-012839-012843;~~

115. ~~Angel Lopez, 10-04755, see PLTF-PARSONS-001791-001793;~~

116. ~~Jose Lopez-Hernandez, #207330, see PLTF-PARSONS-012844-012848;~~

117. ~~Antonio Cota Lozano, III, #157978, see PLTF-PARSONS-012685-012688;~~

118. ~~Armando Rafael Lugo, 10-01821, see PLTF-PARSONS-001794-001803;~~

119. ~~Henry Anthony Malachowski, 11-02829, see PLTF-PARSONS-001908-~~
~~001913;~~

120. ~~Kenneth Edward Marks, 09-06420, see PLTF-PARSONS-001688-001691;~~

121. ~~Librado Martinez, #144953, see PLTF-PARSONS-012556-012560;~~

122. ~~Joseph Matthews, #50219, see PLTF-PARSONS-012689-012693;~~

123. ~~James Owen McCall, 10-01475, see PLTF-PARSONS-001804-001808;~~

124. ~~Arthur McCoy, #121495, see PLTF-PARSONS-012694-012699;~~

125. ~~Jerry McCoy, #108159, see PLTF-PARSONS-012957-012961;~~

126. ~~Kenneth Edward McCullochm, 11-06100, see PLTF-PARSONS-001914-~~
~~001917;~~

127. ~~Robert Medeiros, #218451, see PLTF-PARSONS-002135-002142;~~

128. ~~Robert Medina, #121433, see PLTF-PARSONS-002143-002152;~~

129. ~~David Wayne Miller, 10-03650, see PLTF-PARSONS-001809-001811;~~

130. ~~Joe R. Miniefield, #31898, see PLTF-PARSONS-012700-012704;~~

131. ~~William Hall Moffett Jr, 11-02388, see PLTF-PARSONS-002221 - 002231;~~

132. ~~Damien Christopher Moore, #214259, see PLTF-PARSONS-012561-012572;~~

133. ~~Rot Thi Mowder, 10-02803, see PLTF-PARSONS-001812-001817;~~

134. ~~David V. Moreno, 11-00283, see PLTF-PARSONS-001918-001927;~~

135. ~~Robet W. Mulhern, 11-01542, see PLTF-PARSONS-001928-001930;~~

136. ~~Freddie Bernard Myers, #34434, see PLTF-PARSONS-012849-012858;~~

137. ~~Viva Leroy Nash, #47754, see PLTF-PARSONS-002153-002164;~~

138. ~~Mercedez Valdez Navarro, 10-01214, see PLTF-PARSONS-001818-001820;~~

139. ~~William Craig Noel, #122557, see PLTF-PARSONS-012859-012869;~~

140. ~~Enrique R. Orozco, #119841, see PLTF-PARSONS-012962-012966;~~

141. ~~Jeffrey Ortiz, #58963, see PLTF-PARSONS-012870-012874;~~

142. ~~Shannon Len Palmer, 10-05461, see PLTF-PARSONS-001821-001829;~~

143. ~~Huberta Virgina Parlee, 09-05974, see PLTF-PARSONS-001692-001697;~~

144. ~~Joseph Orosco Pena, #45493, see PLTF-PARSONS-012705-012709;~~

145. ~~David Bravo Perez, #91980, see PLTF-PARSONS-012710-012721;~~

146. ~~Ronnie Pierce, 11-339, see PLTF-PARSONS-002242-002246;~~

147. ~~Sean Dexter Pierce, 09-02410, see PLTF-PARSONS-001698-001703;~~

148. ~~Karot Phothong, 12-053, see PLTF-PARSONS-002293-002303;~~

149. ~~Daniel Porter, #61424, see PLTF-PARSONS-002304-002312;~~

150. ~~Christopher Rankhorn, #163073, see PLTF-PARSONS-012875-012883;~~

151. ~~Thomas Lloyd Reed, #151114, see PLTF-PARSONS-012722-012728;~~

152. ~~Juan G. Reynoza, #230169, see PLTF-PARSONS-012729-012733;~~

153. ~~Alvin Rhodes, 12-034, see PLTF-PARSONS-002313-002318;~~

154. ~~Donald Anthony Rhodes, 10-07162, see PLTF-PARSONS-001830-001836;~~

155. ~~Ronald Lee Richie, 10-07719, see PLTF-PARSONS-001931-001940;~~

156. ~~Thule Robertsson, #108680, see PLTF-PARSONS-012884-012888;~~

157. ~~Ceddrick Lenell Robinson, 10-01773, see PLTF-PARSONS-001837-001844;~~

158. ~~Alfonso Rodriguez, #74162, see PLTF-PARSONS-012573-012576;~~

159. ~~Rosario Rodriguez-Bojorquez, #256497, see PLTF-PARSONS-002165-002172;~~

160. ~~Robert Rojas, #42237, see PLTF-PARSONS-012577-012586;~~

161.    Albert Saenz, 11-146, see PLTF-PARSONS-002247-002250;

162.    Thomas Sallee, #240497, see PLTF-PARSONS-012734-012737;

163.    Raymond Sawyer, #227858, see PLTF-PARSONS-012738-012741;

164.    Dana Haywood Seawright, 10-04024, see PLTF-PARSONS-001845-001858;

165.    William Sexton, 12-268, see PLTF-PARSONS-002319-002325;

166.    Virgil Arthur Smith, 09-05559, see PLTF-PARSONS-001704-001709;

167.    Kenneth Edward Soffel, #246697, see PLTF-PARSONS-012967-012971;

168.    Brian Stokes, #113227, see PLTF-PARSONS-012587-012591;

169.    Bruce Stokes, #113227, see PLTF-PARSONS-001990-002002;

170.    Dewey Emil Strong, #94871, see PLTF-PARSONS-012742-012746;

171.    Robert O. Sweepe III, 13-00446, see PLTF-PARSONS-025622-025638;

172.    Emmett Lee Taylor, #80901, see PLTF-PARSONS-012972-012982;

173.    James Toppin, #216346, see PLTF-PARSONS-012983-012989;

174.    Michael Tovar, 11-195, see PLTF-PARSONS-002251-002259;

175.    Albet Tsosie, 10-03574, see PLTF-PARSONS-001859-001869;

176.    John Tuxford, #190852, see PLTF-PARSONS-012889-012893;

177.    Mark S. Uhlig, #38856, see PLTF-PARSONS-012894-012898;

178.    Dung Van Ung, 09-03595, see PLTF-PARSONS-001710-001715;

179.    Alexander Usurelu, #181716, see PLTF-PARSONS-002173-002184;

180.    Michael Vahle, #192904, see PLTF-PARSONS-002185-002189;

181.    Ysidro Valdez, #116976, see PLTF-PARSONS-002190-002194;

182.    Andrus Vallow, #99075, see PLTF-PARSONS-012899-012903;

183.    Ronald Frank Vasquez, #38689, see PLTF-PARSONS-012904-012908;

184.    Edgardo Vega-Navarro, #240407, see PLTF-PARSONS-012592-012603;

185.    Patricia Isabel Velez, 10-02605, see PLTF-PARSONS-001870-001877;

186.    Richard Salazar Vidal, #115943, see PLTF-PARSONS-012909-012913;

187.    Andrew Dimitrius Villareal, 09-07194, see PLTF-PARSONS-001716-001719;

188.    T. Ray Washington, 12-03258, see PLTF-PARSONS-001987-001989;

189.   Jack Weatherington, #79351, see PLTF-PARSONS-012604-012608;

190.   Carey Daniel Wheatley, 11-00772, see PLTF-PARSONS-002260-002270;

191.   Akil Williams, #254086, see PLTF-PARSONS-002195-002205;

192.   Ov Williams, #96261, see PLTF-PARSONS-012609-012613;

193.   Robert Acquin Williams, #10-07698, see PLTF-PARSONS-001878-001881;

194.   Orion K. Wilkins, 11-02441, see PLTF-PARSONS-002271-002280;

195.   David Wiser, #153309, see PLTF-PARSONS-012914-012918; and

196.   John Patrick Zimmerman, 11-00259, see PLTF-PARSONS-001941-001942.

Other documents that support the facts in the Complaint.

197.   PLTF-PARSONS-000001-000055;

198.   PLTF-PARSONS-004300-004305;

199.   PLTF-PARSONS-004361-004485;

200.   PLTF-PARSONS-013132;

201.   PLTF-PARSONS-013165-013167;

202.   PLTF-PARSONS-013169-013300;

203.   PLTF-PARSONS-013658-013660;

204.   PLTF-PARSONS-013713-013715;

205.   PLTF-PARSONS-013911-013963;

206.   PLTF-PARSONS-016457-016460;

207.   PLTF-PARSONS-021615-021762; and

208.   PLTF-PARSONS-025436-025595.

   **D.   Oral or recorded statements by Defendant(s) or other ADC employees**

209.   Statements made by Defendant Charles Ryan and other ADC employees regarding the death of Anthony Lester, #293529, available at http://www.azcentral.com/video/1259212342001 and http://www.azcentral.com/12news/news/articles/2011/11/11/20111111arizona-prison-suicide-failure-to-aid-part-2.html;

210.   All statements issued to the public by Defendants, including those made publicly available through the ADC website, http://www.azcorrections.gov/index.aspx; and

211.   All statements or admissions filed by Defendants in this case.

-37-

E.      Other documents obtained via medical records request, Public Records Act request, Privacy Act request or Freedom of Information Act request

212.    Documents Bates stamped PLTF-PARSONS-004629-012021, which include documents obtained from ADC through the following Public Records Act requests:
December 29, 2009 request from Dan Pochoda on behalf of the ACLU of Arizona; June 22, 2010 request from Dan Pochoda on behalf of the ACLU of Arizona; March 10, 2011 request from Dan Pochoda on behalf of the ACLU of Arizona; August 23, 2011 request from Dan Pochoda on behalf of the ACLU of Arizona; and April 9, 2012 request from James Lyall on behalf of the ACLU of Arizona.

F.      Additional correspondence, notes or other documents drafted by Plaintiffs or on Plaintiffs' behalf.

213.    Email from Donald Specter to Karyn Klausner, "Additional Prisoners Seeking Health Care" Jan. 20, 2012, 10:54 am, see Bates Numbers PLTF-PARSONS-001612-1615;

214.    Email from Corene Kendrick to Karyn Klausner, "Additional Prisoners Seeking Health Care" Feb. 3, 2012, 12:57 pm, see Bates Numbers PLTF-PARSONS-001616-1618;

215.    Email from Corene Kendrick to Karyn Klausner, "RE: Additional Prisoners Seeking Health Care" Feb. 3, 2012, 3:37 pm, see Bates Numbers PLTF-PARSONS-001616-1618;

216.    Email from Donald Specter to Karyn Klausner, "Additional Prisoners Seeking Health Care" Feb. 10, 2012, 1:15 pm, see Bates Numbers PLTF-PARSONS-001619-1621;

217.    Email from Donald Specter to Karyn Klausner, "Prisoners with Unmet Health Care Needs" Feb. 17, 2012, 3:04 pm, see Bates Numbers PLTF-PARSONS-001622-1623;

218.    Letter from Charles Ryan to Donald Specter, Feb. 17, 2012;

219.    Email from Donald Specter to Karyn Klausner, "Tolling Agreement and Inmate Health Care" Feb. 24, 2012, 4:16 pm, see Bates Numbers PLTF-PARSONS-001624-1626;

220.    Letter from Donald Specter to Charles Ryan and Karyn Klausner, Feb. 24, 2012;

221.    Email from Donald Specter to Karyn Klausner, "Tolling Agreement and Inmate Health Care" Feb. 24, 2012, 4:19 pm, see Bates Numbers PLTF-PARSONS-001624-1626;

222.    Letter from Donald Specter to Karyn Klausner, "Kenneth Thompson, 138470, Eyman-Browning" Dec. 15, 2011, see Bates Numbers PLTF-PARSONS-001627;

223.    Email from Donald Specter to Michael Gottfried, "Jonathan Levi Trethewey,

-38-

#137818, Tucson-Manzanita" May 15, 2012, 9:36 am, see Bates Numbers PLTF-PARSONS-001628-1632;

224.    Email from Donald Specter to Michael Gottfried, "Health care issues of individual prisonersq [sic]" May 25, 2012, 12:02 pm, see Bates Numbers PLTF-PARSONS-001633-1637;

225.    Email from Donald Specter to Dan Struck, "Letter Regarding Named Plaintiffs" Aug. 2, 2012, 11:33 am, see Bates Numbers PLTF-PARSONS-001638-1641;

226.    Email from Michael Gottfried to Donald Specter, "Health care issue (Brislan, Verduzco, Parsons)" August 9, 2012, 9:01 am, see Bates Numbers PLTF-PARSONS-001642-1643;

227.    Handwritten Timeline from Stephen Swartz, see Bates Numbers PLTF-PARSONS-013417-013446;

228.    Letter from Michael Miller to Dr. Dora Schriro, "State v. Parsons #123589" Oct. 27, 2006, see Bates Numbers PLTF-PARSONS-013664-013665;

229.    Chronology from Victor Parsons, "Medical Log about Abdominal Pains-Stomach Issues" Jan. 7, 2010 to Oct. 29, 2012, see Bates Numbers PLTF-PARSONS-013666-013669 and PLTF-PARSONS-021769-021778;

230.    Handwritten Notes from Victor Parsons, Dec. 12, 2009 to Oct. 5, 2010, see Bates Numbers PLTF-PARSONS-013670-013676;

231.    Calendar from Desiree Licci, 2012, see Bates Numbers PLTF-PARSONS-013677-013695;

232.    Handwritten Notes and Calendars from Dustin Brislan, see Bates Numbers PLTF-PARSONS-013964-013984;

233.    Handwritten Notes and Chronology from Joseph Hefner, see Bates Numbers PLTF-PARSONS-019303-019305;

234.    Letter from Beatrice Benitez to Tara Diaz on behalf of Victor Parsons, Jan. 3, 2011, see Bates Numbers PLTF-PARSONS-021763-021765;

235.    Letter from Karyn Klausner to Dan Pochoda, "Re: Medical Services" July 1, 2010, see Bates Numbers PLTF-PARSONS-21766;

236.    Calendar from Victor Parsons, "Recreation Schedule" March & May 2012, see Bates Numbers PLTF-PARSONS-021767-021768;

237.    Chronology from Victor Parsons, Nov. 2 to Nov. 12, 2010, see Bates Numbers PLTF-PARSONS-021779-021784; and

238.    Handwritten Notes, Chronology, and Calendar from Stephen Swartz, see Bates Numbers PLTF-PARSONS-023250-023260.

    G.    Additional correspondence or documents that Plaintiffs received from ADC or Arizona State employees relating to the allegations in the Complaint

239.   Correspondence forwarded from or copied by various ADC or State of Arizona agents or counsel, see Bates Numbers PLTF-PARSONS-000403, PLTF-PARSONS-003984-004011, PLTF-PARSONS-004597-004617, PLTF-PARSONS-012091-012492, PLTF-PARSONS-013168, PLTF-PARSONS-013448-013629, PLTF-PARSONS-013661, and PLTF-PARSONS-023261.

240.   Correspondence forwarded from or copied by Claudia Baker Harran with ADC or its agents, see Bates Numbers PLTF-PARSONS-002326-003295, PLTF-PARSONS-003305-003442, PLTF-PARSONS-004318-004359, and PLTF-PARSONS-013716-013903.

241.   October 2009 letter from anonymous health care staff to Charles Ryan, as he quoted in a Nov. 6, 2009 Memo to All ADC Health Services Staff, Bates No. PLTF-PARSONS-000023-25, at 000024-25, (emphasis in original).\

242.   March 18, 2011 Letter from Ben Shaw & Charles Flanagan to SMI Commission, attaching "A Response to Recent Criticisms of Mental Health Treatment of Inmates in the Arizona Department of Corrections" ADC027717-23.

243.   Health Needs Requests, Inmate Letters, Grievances, Communiques, and other related health communications and records, including appeals and responses thereto, received from ADC or its agents for the following prisoners

(a)   Dustin Brislan, see Bates Numbers PLTF-PARSONS-013985-014885 and PLTF-PARSONS-027977-028668;

(b)   Erineo Cano, see Bates Numbers PLTF-PARSONS-013168;

(c)   Maryanne Chisholm, see Bates Numbers PLTF-PARSONS-004624-004628 and PLTF-PARSONS-014886-014941 and PLTF-PARSONS-026008-026016;

(d)   Ruben Danior, see Bates Numbers PLTF-PARSONS-013633;

(e)   Robert Gamez, see Bates Numbers PLTF-PARSONS-012022-012090 and PLTF-PARSONS-016461-019302;

(f)   Joseph Hefner, see Bates Numbers PLTF-PARSONS-019306-019373 and PLTF-PARSONS-025679-025771;

(g)   Donald Hobbs, see Bates Numbers PLTF-PARSONS-013634-013640;

(h)   Mike Isaacs, see Bates Numbers PLTF-PARSONS-013641;

(i)   Shawn Jensen, see Bates Numbers PLTF-PARSONS-019402-019905 and PLTF-PARSONS-026520-026525;

(j)   Margina Lopez, see Bates Numbers PLTF-PARSONS-013642-013647;

(k)   Alphonso Martinez, see Bates Numbers PLTF-PARSONS-013648;

(l)   Victor Parsons, see Bates Numbers PLTF-PARSONS-013630-013632 and PLTF-PARSONS-021785-022512, and PLTF-PARSONS-027963-027976;

(m)   Joshua Polson, see Bates Numbers PLTF-PARSONS-022513-022583, PLTF-PARSONS-023973-024010, PLTF-PARSONS-026526-027187, and PLTF-PARSONS-027277-027962 ;

(n)   Angel Ramirez, see Bates Numbers PLTF-PARSONS-013649;

(o)   Sonia Rodriguez, see Bates Numbers PLTF-PARSONS-013447 and PLTF-PARSONS-022585-022602;

(p)   Jeremy Smith, see Bates Numbers PLTF-PARSONS-022764-023093 and PLTF-PARSONS-027190-027191;

(q)   Stephen Swartz, see Bates Numbers PLTF-PARSONS-023262-023640, PLTF-PARSONS-024011-025082, PLTF-PARSONS-025772-026007 and PLTF-PARSONS-027269-027276;

(r)   Jackie Thomas, see Bates Numbers PLTF-PARSONS-023641-023655;

(s)   Jonathan Trethewey, see Bates Numbers PLTF-PARSONS-025430-025435;

(t)   Daniel VanDaalen, see Bates Numbers PLTF-PARSONS-013650;

(u)   Charlotte Wells, see Bates Numbers PLTF-PARSONS-013696-013712;

(v)   Allen Wheeler, see Bates Numbers PLTF-PARSONS-025083-025143;

(w)   Dennis White, see Bates Numbers PLTF-PARSONS-025144-025274;

(x)   Emery White, see Bates Numbers PLTF-PARSONS-013651-013657; and

(y)   Glenn Worley, see Bates Numbers PLTF-PARSONS-025275-025429.

   **H.   Documents relating to expert witnesses, including expert reports and documents produced by experts.**

**Transcripts of all depositions conducted in the course of this litigation, including but not limited to the following previously disclosed witnesses:**

244.   Richard Rowe, M.D.

245.   Ben Shaw, Ph.D.

246.   Tracy Crews, M.D.

247.   Richard Pratt, P.A.

248.   Carmelo Echeverria, M.D.

249.   Jeffrey Alan Sharp, M.D.

250.   Michael Adu-Tutu, M.D.

251.   Carlos Weekly, M.D.

252.   Greg Fizer

-41-

**Declarations and medical records of the following Plaintiffs:**

253. Robert Gamez

254. Victor Parsons

255. Sonia Rodriquez

256. Jeremy Smith

257. Desiree Licci

258. Jackie Thomas

259. Christina Verduzco

260. Maryanne Chisholm

261. Dustin Brislan

262. Joshua Polson

263. Joseph Hefner

264. Shawn Jensen

265. Desiree Licci

266. Stephen Swartz

267. Charlotte Wells

**The following correspondence and memoranda:**

268. Memo from Ben Shaw to Joe Profiri, August 13, 2012, ADC027770-ADC027771

269. Letter from Joe Profiri to Karen Mullenix, September 21, 2012, ADC027854-ADC027860

270. Memo from Paulette Boothby to Joe Profiri, August 17, 2012, ADC027794-ADC027804

271. Email from Tracy Crews to Ben Shaw, February 3, 2011, PLTF-PARSONS-001644-PLTF-PARSONS-001661

272. Memo from Lewis Medical/Wexford Health Services to Lewis Complex Inmates, 6/26/11 [sic], PLTF-PARSONS-013132

273. Memo from Helena Valenzuela to Joe Profiri, August 13, 2012, ADC028140-ADC028142

274. Memo from Terry L. Allred to Joe Profiri, August 13, 2012, ADC028112-ADC028114

275. Memo from O. Valencia to Warden Hetmer, March 26, 2012, ADC026930-ADC028145

276. Letter from Deputy Warden McCarville to [redacted] Alcaraz, April 27, 2011, ADC025768-ADC025770

277. Letter from Karen Mullenix to Joe Profiri, October 1, 2012, ADC027941-ADC028143

278. Memo from Jim Taylor to Joe Profiri, August 13, 2012, ADC028112-ADC028114

279. Memo from Dennis Kendall to Joe Profiri, August 13, 2012, ADC028123-ADC028126

280. Memo from Kathy Campbell to Joe Profiri, August 20, 2012, ADC028128-ADC028129

281. Memo from Kathy Campbell to Joe Profiri, August 13, 2012, ADC028143

282. Memo from Vanessa Headstream to Joe Profiri, August 17, 2012, ADC028144-ADC028146

283. Contract Monitoring Memo - Tucson Complex - Dec. 2012; written by Kathy Campbell 69683-84

284. Contract Monitoring Memo, Tucson Catalina - Dec 2012, ADC69701-02

285. Memo from Karyn Christie to Joe Profiri, August 13, 2012., ADC028148-ADC028149

286. Memo from Kathy Campbell to Joe Profiri, August 20, 2012, ADC028159-ADC028161

287. Memo from John Mitchell to Joe Profiri, August 10, 2012, ADC028163

288. Memo from John Mitchell to Joe Profiri, August 13, 2012, ADC028164-ADC028165

289. Memo from Dennis Chenail to Joe Profiri, August 13, 2012, ADC028167

290. Memo from Vanessa Headstream to Joe Profiri, August 17, 2012, ADC028168-ADC028170

291. Memo from John Mitchell to Joe Profiri, August 17, 2012, ADC028171-ADC028172

292. Memorandum from Robert Patton and Richard Pratt to Charles Ryan dated April 30, 2012, entitled "Increase of Mental Health for Max Custody" ADC050861-67

293. Memo from Eyman Administration to Inmate Population, dated 12/11/12, re: Change in Menu and Store Items - received from inmate

294. Monitoring Memo Regarding Florence and Eyman from John Mitchell to Joe

-43-

Profiri, through Jim Taylor, August 31, 2012, ADC034845-34846, at ADC034846

295. Aug. 28, 2012 ASPC-Florence Weekly Monitoring Report from Dennis Kendall to Joe Profiri, through Jim Taylor and Richard Pratt, ADC034791-34792, at 34792

296. September 2012 ASPC-Florence Monthly Non-Compliance Report, by ADC Monitors D. Kendall & J. Fontaine, ADC035210-35212

297. September 2012 ASPC-Florence Mental Health Performance Measurements, ADC035251-35252, at 35251

298. September 2012 ASPC-Florence Segregated Inmates Performance Measurements, ADC035262

299. October 2012 ASPC-Eyman Staffing  Measurements, ADC036171

300. September 2012 ASPC-Eyman Monitoring Report, Segregated Inmates Performance Measures, ADC035047  Contract Monitoring Memo,12/27/2012, ADC069913-14

301. Contract Monitoring Memo, 8/20/12, ADC028173

302. September 2012 ASPC-Perryville Santa Maria, Mental Health Performance Measures, ADC035471

303. September 2012 ASPC-Perryville Santa Maria, Mental Health Performance Measures, ADC035471

304. September 2012 ASPC-Perryville Santa Maria, Segregated Inmates Performance Measures, ADC035479

305. September 21, 2012 "Written Cure Notification   Contract No. 120075DC" from Joe Profiri, ADC Contract Beds Operation Director, to Karen Mullenix, Director, Wexford Health Services, ADC027854-27860, ADC027856

306. Letter to Joe Profiri from Karen Mullenix, October 1, 2012, ADC027942-43

307. Memo from Jeff Hood and Dan Conn to Karen Mullenix, September 17, 2012, ADC027890-ADC027911

308. Memomorandum, 8/3/12, ADC028191

**The following ADC, Corizon and/or Wexford Manuals, Department Orders, Reports, and other internal documentation:**

309. ADC Mental Health Technical Manual, Chapter 5, Section 19.0, Effective Date 8/15/11, ADC031959  ADC032044

310. ADC Classification Technical Manual revised 10/28/2010, ADC040610-692

311. Replacement Page for ADC's Classification Technical Manual, dated April 13, 2012, Bates Numbers, ADC040692

312.   Arizona Department of Corrections Diet Reference Manual - July 2, 2010 Medical Diets, ADC040577-79, 589-605

313.   ADC Food Service Technical Manual, revised July 2, 2010 Food Preparation Guidelines, ADC040550-73

314.   ADC Health Services Technical Manual, ADC010648-ADC011231

315.   ADC Notice of Request for Proposal for Privatization of Health Care and Wexford Health Inc.'s Bid, ADC014103-ADC016042

316.   Spreadsheet: Arizona Vacancies and FTE Fill Percentages, August 8, 2012, ADC028019

317.   Wexford Health Sources Inmate Wait Times, Arizona, August 1-31, 2012, ADC028020-ADC028022

318.   Weekly Non-Compliance Report, ASPC-Perryville, August 13, 2012, ADC028131-ADC028133

319.   ADC Departmental Order 711. Notification of Inmate Hospitalization or Death, ADC012781-ADC012788

320.   ADC Departmental Order 809. Earned Incentive Program, ADC013994-ADC014004

321.   ADC Departmental Order 1101. Inmate Access to Health Care, ADC011359-ADC011388

322.   ADC Departmental Order 1102. Communicable Disease and Infection Control, ADC011389-ADC011409

323.   ADC Departmental Order 1103. Technical Manual: Health Services. Supersedes: April 1, 2000; Effective Date: January 1, 2010, ADC010554-ADC010647

324.   ADC Departmental Order 1103. Technical Manual: Health Services. Supersedes: April 1, 1997; Effective Date: April 1, 2000.

325.   ADC Departmental Order 1104. Inmate Health Records, ADC013686-ADC013696

326.   ADC Departmental Order 1105. Inmate Mortality/Morbidity Review, ADC013697-ADC013702

327.   ADC Departmenal Order 809. Earned Incentive Program (effective date: 1/11/11), ADC013994-14004

328.   ADC Departmental Order 801. Inmate Classification (effective date: 2/25/10), ADC013837-59

329.   ADC Departmental Order 802. Inmate Grievance Procedure (12/19/12), ADC0048527-37

330.   ADC Departmental Order 803.  Inmate Disciplinary Procedure (4/28/12),

ADC013875-910

331. ADC Departmental Order 804. Inmate Behavior Control (effective date 6/7/12), ADC0107478; ADC048379-410

332. ADC Departmental Order 805. Protective Segregation (3/7/13), ADC082096-98

333. ADC Departmental Order 806. Security Threat Groups (STGs) (effective date 11/5/09; replacement page effective date: 5/21/12), ADC013941-66

334. ADC Departmental Order 807. Inmate Suicide Prevention, Precautionary Watches, and Maximum Behavior Control Restraints (5/21/12)

335. ADC Departmental Order 811. Individual Inmate Assessments and Reviews (4/8/13), ADC082228-36

336. ADC Departmental Order 701. Inmate Accountability (6/28/12), ADC012644-56

337. ADC Departmental Order 704. Inmate Regulations (4/15/10), ADC012680-96

338. ADC Departmental Order Searches (8/9/10), ADC012725-34

339. ADC Departmental Order Strip Searches (20/26/00), ADC082042-45

340. ADC Departmental Order 903 Inmate Work Activities (2/18/12), ADC012938-62

341. ADC Departmental Order 904 Inmate Religiuos Activites/marriage requests (1/28/13), ADC082237-53

342. ADC Departmental Order 909 Inmate Property (6/1/12), ADC13029-74

343. ADC Departmental Order 906 - Inmate Recreation/Arts & Crafts (5/28/11), ADC13018-28

344. ADC Departmental Order 910 Inmate Education &* Resource Center Services (3/14/06), ADC013075-98

345. ADC Departmental Order 911 Inmate Visitation (2/21/12), ADC013099-136

346. ADC Departmental Order 912 Food Service (1/28/09), ADC013137-41

347. ADC Departmental Order 914 Inmate mail (6/8/12), ADC013142-65

348. ADC Departmental Order 915 Inmate Phone Calls (1/21/12), ADC013166-79

349. ADC Departmental Order 916 Staff Inmate Communications (5/13/10), ADC013180-82

350. ADC Departmental Order 1101 - Inmate Access to Health Care (12/19/12), ADC048543-73

351. ADC Departmental Order 1103 Inmate Mental Health Care, Treatment and

Programs (12/12/19), ADC048598-607

352. ADC Departmental Order 509 Employee Training & Education (1/13/12), ADC012120-45

353. ADC Departmental Order 524 Employee Assignments & Staffing (3/15/12), ADC012447-68

354. ADC Departmental Order 606 Internal Inspections Program (6/11/12), ADC012628-34

355. ADC Departmental Order 703 Security/Facility Inspections (3/6/13), ADC082175-81

356. Director's Instruction 261. Intermittent Self-Catheterization and Self-Colostomy Management, PLTF-PARSONS-013713-013715

357. ADC Institutional Capacity & Committed Population, October 31, 2012, available at http://www.azcorrections.gov/adc/reports/capacity/bed_2012/bed_capacity_oct12.pdf.

358. ADC reports and correspondence, ADC028025-ADC028254

359. Health Care Organizational Charts and Vacancies, ADC014034-ADC014051

360. Arizona Vacancies and FTE Percentages—Compared to Contracted Staff Plan (External). August 8, 2011; Rev. 0, ADC016148-ADC016186

361. Death Investigations of Inmates, ADC02949-ADC024982; ADC025110-ADC025138; ADC024171-ADC024221; ADC026930-ADC026955; ADC025140-ADC025171

362. Autopsy Reports from County Medical Examiners, PLTF-PARSONS-001662-002325

363. Wexford Health. Human Resources Job Description, Dental Assistant—Arizona, available at http://jobs.wexfordhealth.com/careers/dental-jobs.

364. Wexford Health. Solicitation, ADOG12-00001105, ADC014103-ADC016042

365. MH Levels Statistical Summary, July 23, 2012, ADC027759-ADC027768

366. ADC Health Care Staffing Documents, ADC027810-ADC027872, ADC 049045-77

367. Medical and Mental Health Score Inmate Distribution by Complex for FY 2011, PLTF-PARSONS-013203-013204

368. Any Post Orders Relevant to Plaintiffs' claims to be supplemented later.

I.   Additional Documents

369. Parsons et al. v. Ryan et al., Class Action Complaint, 2:12-cv-00601-NW (MEA), Document 1, filed 03/22/12.

370. Parsons et al. v. Ryan et al., Answer, 2:12-cv-00601-NVW (MEA), document 30, filed 05/14/12.

371. Arenberg v. Ryan, Summary Judgment Order, 2:10-cv00228-JWS (D. Ariz. October 9, 2012), PLTF-PARSONS-013133-013164

372. PLTF-PARSONS-026017-026035

373. PLTF-PARSONS-026036-026519

374. PLTF-PARSONS-027188-027189

375. PLTF-PARSONS-027192-027268

376. Documents Reflecting Incidents Affecting Recreation and Meals, ADC094500-72

377. Psychotropic Drug Utilization Reports, ADC051295-2212, ADC094265-391, ADC122106-6917, ADC118407-396, ADC094579-832

378. Photographs of Recreation Enclosures for Prisoners in Mental Health Unit, ADC027750, 52, 53

379. Power Point Slide Regarding ADC Suicides, ADC049654

380. Florence Central Unit Information Reports regarding recreation cancellation, ADC084366-72

381. September 2012 ASPC-Eyman Monitoring Report, Sick Call Performance Measures, ADC034917.

382. Significant Incident Reports, ADC089116-391260, ADC048345-78, ADC048411-32

383. Eyman DO #703 Report (April 2011), ADC074367-80

384. Florence DO #703 Report (April 2011), ADC074402-09

385. Description: Food Service Management for All Institutions, ADC077283

386. Compass Food Service Proposal, ADC80806-80811

387. List of all persons currently in isolation, ADC093618-093733

388. List of all nonexhausted grievances between 2011 and 2013 regarding conditions of confinement for persons in isolation. ADC089380-089391

389. Staffing Report, June 2013, ADC055095

390. ADC Pharmacy Expense Reporting FY 12, ADC050860

391. Staffing Report, Phoenix, June 2013, ADC121173

392. Staffing Report. Tucson, June 2013, ADC-121175

-48-

393.   Mental Health Power Point, ASPC-Florence, ADC027752

394.   CU and Kasson Mental Health Programs, ADC084886-920

395.   Staffing Report, Florence, June 2013, ADC121170

396.   Contract Monitoring Memo, 8/17/12, ADC27797

397.   Inmate Suicide Prevention, ADC049646-81

398.   ASPC-Perryville Findings, October 2012, ADC036898.

399.   MH Levels Statistical Summary as of 06/30/2010, ADC050868

400.   MH Levels Statistical Summary  as of 08/09/2011, ADC050869-72

401.   MH Levels Statistical Summary as of 07/23/2012, ADC027759-68

402.   MH Levels Statistical Summary as of April 15, 2013, ADC083096-105

403.   MH Levels Statistical Summaries as of 01/03/2011, 04/04/2011,  07/04/2011, 10/03/2011, 01/02/2012, 04/02/2012, 07/02/2012, 10/01/2012, 01/07/2013, and 04/01/2013, ADC094392-499

404.   MH Levels Detail Reports as of April 26, 2013, ADC093734-958

405.   ADC Reports regarding incidents that affected meals and/or recreation and occurred in isolation units, ADC092573-645

406.   Mental Health recreation enclosures at ASPC-Eyman Browning and SMU I, ADC027750, ADC027752

407.   ASPC-Eyman-SMU I diagram as of 2012 showing location of mental health recreation enclosures, ADC027751

408.   Mental Health recreation enclosures at ASPC-Florence Kasson Unit, ADC027733

409.   Memorandum regarding Recreation Enclosures dated April 29, 2013, ADC094576-77

410.   Selected significant incident reports from the following Bates ranges produced in response to Swartz First Request for the Production of Documents, No. 17, ADC094578, ADC108139-207, ADC110442-4357

411.   Signs and Symptoms of Mental Disorders Training, ADC089469

412.   Meeting with Arizona Governors' Office, November 7, 2012, WEX001-131

413.   Staffing Report, Perryville, June 2013, ADC121172

414.   Any documents that plaintiffs' will or have produced in Plaintiffs' latest round of supplements to Plaintiffs' responses to Defendants' interrogatories.

415.   All other documents referenced in Plaintiff Maryanne Chisholm's Seventh

1    Supplemental Response to Defendant Charles Ryan's First Request for
     Production of Documents and Things.

2    416.   All executive staff and management meeting minutes relevant to Plaintiffs'
            claims to be supplemented later.

3

4    417.   Other prisoner medical records from ADC, Corizon or Wexford to be
            supplemented later.

5    418.   All prisoner grievances and grievance summaries relevant to Plaintiffs' claims
            to be supplemented later.

6

7    419.   All documents pertinent to Plaintiffs' claims in this matter that shall be
            supplemented in these disclosures forthwith.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

Dated:  June 27, 2014

**JONES DAY**

5

By:  /s/ Caroline Mitchell

Caroline Mitchell (Cal. 143124)*

6

Amir Q. Amiri (Cal. 271224)*

555 California Street, 26th Floor

7

San Francisco, California 94104

Telephone:  (415) 875-5712

8

Email:    cnmitchell@jonesday.com

9

aamiri@jonesday.com

10

*Admitted *pro hac vice*

11

Daniel Pochoda (Bar No. 021979)

James Duff Lyall (Bar No. 330045)*

12

**ACLU FOUNDATION OF ARIZONA**

13

3707 North 7th Street, Suite 235

Phoenix, Arizona 85013

14

Telephone:  (602) 650-1854

Email:    dpochoda@acluaz.org

15

jlyall@acluaz.org

16

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

17

Donald Specter (Cal. 83925)*

18

Alison Hardy (Cal. 135966)*

Sara Norman (Cal. 189536)*

19

Corene Kendrick (Cal. 226642)*

Warren George (Cal. 53588)*

20

**PRISON LAW OFFICE**

1917 Fifth Street

21

Berkeley, California 94710

Telephone:  (510) 280-2621

22

Email:    dspecter@prisonlaw.com

ahardy@prisonlaw.com

23

snorman@prisonlaw.com

ckendrick@prisonlaw.com

24

wgeorge@prisonlaw.com

25

*Admitted *pro hac vice*

26

27

28

# <u>Exhibit B</u>

1   Daniel Pochoda (Bar No. 021979)
    James Duff Lyall (Bar No. 330045)*
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone: (602) 650-1854
4   Email: dpochoda@acluaz.org
            jlyall@acluaz.org
5   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

6   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
    *Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
7   *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne*
    *Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
8   *and Charlotte Wells, on behalf of themselves and all*
    *others similarly situated*
9
    **[ADDITIONAL COUNSEL LISTED ON**
10   **SIGNATURE PAGE]**

11                  UNITED STATES DISTRICT COURT

12                       DISTRICT OF ARIZONA

13   Victor Parsons; Shawn Jensen; Stephen Swartz;          No. CV 12-00601-PHX-DJH
     Dustin Brislan; Sonia Rodriguez; Christina
14   Verduzco; Jackie Thomas; Jeremy Smith; Robert
     Gamez; Maryanne Chisholm; Desiree Licci; Joseph        **INDIVIDUAL NAMED**
15   Hefner; Joshua Polson; and Charlotte Wells, on         **PLAINTIFFS' FIFTH**
     behalf of themselves and all others similarly          **SUPPLEMENTAL**
16   situated; and Arizona Center for Disability Law,       **DISCLOSURE STATEMENT**

17                       Plaintiffs,

18        v.

19   Charles Ryan, Director, Arizona Department of
     Corrections; and Richard Pratt, Interim Division
20   Director, Division of Health Services, Arizona
     Department of Corrections, in their official
21   capacities,

22                       Defendants.

23

24        Pursuant to Fed. R. Civ. P. 26(a)(1), named plaintiffs ~~Victor Parsons~~; Shawn

25   Jensen; Stephen Swartz; ~~Dustin Brislan~~; Sonia Rodriguez; Christina Verduzco; Jackie

26   Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph

27   Hefner; Joshua Polson; Charlotte Wells (collectively, "Prison Plaintiffs"), submit their

28

Fifth Supplemental Disclosure Statement.   Plaintiffs reserve the right to continue to supplement or amend its disclosures in accordance with Rule 26 or court order.

Supplemental text is shown in bolded and italicized font.

I.      NAMES, ADDRESSE**S, AND TELEPHONE NUMBERS OF** INDIVIDUAL**S LIKELY TO HAVE DISCOVERABLE** INFORMATION

A.      INDIVIDUALS WHO WILL BE CALLED TO TESTIFY

**Named Plaintiffs and former named plaintiffs**

1.      Victor Parsons, Arizona Department of Corrections
("ADC") Inmate #123589
c/o Caroline Mitchell
Jones Day
555 California St., 26th Floor
San Francisco, CA 94104
(415) 875-5712

Mr. Parsons is an ADC inmate and named plaintiff.  Mr. Parsons is expected to testify with regard to the factual allegations in the Complaint, ***the conditions of confinement in the isolation units,*** and the provision of medical, mental health and dental care at ADC.

2.      Shawn Jensen, ADC #032465
c/o Jones Day

Mr. Jensen is an ADC inmate and named plaintiff.  Mr. Jensen is expected to testify with regard to the factual allegations in the Complaint and the provision of medical, mental health and dental care at ADC.

3.      Stephen Swartz, ADC #102486
c/o Jones Day

Mr. Swartz is an ADC inmate and named plaintiff.  Mr. Swartz is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units, and the provision of medical, mental health and dental care at ADC.

1      4.     Dustin Brislan, former ADC #164993
              c/o Jones Day
2

3      Mr. Brislan is a former ADC inmate and named plaintiff. Mr. Brislan is expected

4   to testify with regard to the factual allegations in the Complaint, the conditions of

5   confinement in the isolation units, and the provision of medical, mental health and dental

6   care at ADC.

7      5.     Sonia Rodriguez, ADC #103830
              c/o Jones Day
8

9      Ms. Rodriguez is an ADC inmate and named plaintiff. Ms. Rodriguez is expected

10  to testify with regard to the factual allegations in the Complaint, the conditions of

11  confinement in the isolation units, and the provision of medical, mental health and dental

12  care at ADC.

13     6.     Christina Verduzco, ADC #205576
              c/o Jones Day
14

15     Ms. Verduzco is an ADC inmate and named plaintiff. Ms. Verduzco is expected to

16  testify with regard to the factual allegations in the Complaint, the conditions of

17  confinement in the isolation units, and the provision of medical, mental health and dental

18  care at ADC.

19     7.     Jackie Thomas, ADC #211267
              c/o Jones Day
20

21     Mr. Thomas is an ADC inmate and named plaintiff. Mr. Thomas is expected to

22  testify with regard to the factual allegations in the Complaint, the conditions of

23  confinement in the isolation units, and the provision of medical, mental health and dental

24  care at ADC.

25

26

27

28

8.     Jeremy Smith, ADC #129438
c/o Jones Day

Mr. Smith is an ADC inmate and named plaintiff.  Mr. Smith is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units and the provision of medical, mental health and dental care at ADC.

9.     Robert Gamez, ADC #131401
c/o Jones Day

Mr. Gamez is an ADC inmate and named plaintiff.  Mr. Gamez is expected to testify with regard to the factual allegations in the Complaint, the conditions of confinement in the isolation units, and the provision of medical, mental health and dental care at ADC.

10.     Maryanne Chisholm, ADC #200825
c/o Jones Day

Ms. Chisholm is an ADC inmate and named plaintiff.  Ms. Chisholm is expected to testify with regard to the factual allegations in the Complaint and the provision of medical, mental health and dental care at ADC.

11.     Desiree Licci, ADC #150051
c/o Jones Day

Ms. Licci is an ADC inmate and named plaintiff.  Ms. Licci is expected to testify with regard to the factual allegations in the Complaint and the provision of medical, mental health and dental care at ADC.

12.     Joseph Hefner, ADC #203653
c/o Jones Day

Mr. Hefner is an ADC inmate and named plaintiff.  Mr. Hefner is expected to testify with regard to the factual allegations in the Complaint and the provision of medical, mental health and dental care at ADC.

1      13.    Joshua Polson, ADC #187716
                c/o Jones Day

2

3      Mr. Polson is an ADC inmate and named plaintiff.  Mr. Polson is expected to

4  testify with regard to the factual allegations in the Complaint, the conditions of

5  confinement in the isolation units, and the provision of medical, mental health and dental

6  care at ADC.

7      14.    Charlotte Wells, ADC #247188
                c/o Jones Day

8

9      Ms. Wells is an ADC inmate and named plaintiff.  Ms. Wells is expected to testify

10  with regard to the factual allegations in the Complaint and the provision of medical,

11  mental health and dental care at ADC.

12  **Defendants**

13      15.    Charles Ryan, ADC Director, Defendant
                c/o Struck Wieneke & Love, P.L.C.
14                3100 West Ray Road, Suite 300
                Chandler, AZ 85226
15                (480) 420-1600

16                Office of the Attorney General, State of Arizona
                1275 West Washington Street
17                Phoenix, AZ 85007-2926
                (602) 542-1610

18

19      Mr. Ryan is ADC Director and defendant in this action.  Mr. Ryan is expected to

20  testify regarding his knowledge and experience as relevant to any of the claims raised by

21  Plaintiffs in the complaint, the provision of health care to ADC prisoners and any other

22  topic for which Defendants have identified him as having knowledge.

23      16.    Richard Pratt, ADC Quality/Clinical Program Evaluation Administrator and
                former Interim Director, Health Services ("HS") Division, Defendant
24                c/o Struck Wieneke & Love, P.L.C.
                3100 West Ray Road, Suite 300
25                Chandler, AZ 85226
                (480) 420-1600
26

27                Office of the Attorney General, State of Arizona
                1275 West Washington Street
                Phoenix, AZ 85007-2926
28                (602) 542-1610

1   Mr. Pratt is the current Quality/Clinical Program Evaluation Administrator and

2   former Interim Division Director of Health Services at ADC and a defendant in this

3   action.  Mr. Pratt is expected to testify regarding his knowledge and experience as relevant

4   to any of the claims raised by Plaintiffs in the complaint, the provision of health care to

5   ADC prisoners and any other topic for which Defendants have identified him as having

6   knowledge. ***Mr. Pratt also has been deposed multiple times in this matter and may be***

7   ***called to testify on issues related to the topics addressed in his deposition.***

8   Individual Plaintiffs' Expert Witnesses

9   The following expert witnesses will testify consistent with the information and

10  opinions set forth in their respective Rule 26 disclosures (including any and all

11  supplemental and rebuttal reports and documents relied on therein):

12      17.   Dr. Robert L. Cohen
13            c/o Jones Day

14      18.   Dr. Craig Haney
              c/o Jones Day

15      19.   Dr. Jay D. Shulman
16            c/o Jones Day

17      20.   Dr. Pablo Stewart
              c/o Jones Day

18
19      21.   Eldon Vail
              c/o Jones Day

20      22.   Dr. Todd Randall Wilcox
              c/o Jones Day

21
22      23.   Dr. Brie Williams
              c/o Jones Day

23  Deposed Witnesses

24      24.   David Robertson, D.O., ADC Medical Program Administrator
              c/o Struck Wieneke & Love, P.L.C.
25

26  Dr. Robertson was previously deposed, and plaintiffs may rely on his deposition

27  testimony.  Dr. Robertson is expected to testify regarding ADC's monitoring, supervision,

28  and oversight of medical care provided by Wexford Health and Corizon; the provision of

1    medical care at multiple prisons since his time of employment with ADC; the

2    privatization of health care services, quality assurance and review of health care;

3    Corizon's development of an electronic health records system; and all other topics to

4    which he testified in his deposition. Dr. Robertson is also expected to testify with regard

5    to any other topic for which Defendants have identified him as having knowledge.

6         25.    William Smallwood, D.D.S.
                 c/o Smallwood Prison Dental Services ("SPDS")

7

8         Dr. Smallwood was previously deposed, and plaintiffs may  rely on his deposition

9    testimony with regard to written and unwritten dental policies and procedures; tracking

10    and scheduling of dental appointments at ADC facilities; the capabilities and limitations

11    of SPDS' Correctional Dental Software; quality assurance at ADC facilities, including the

12    methods, personnel, policies, and procedures used to ensure that all dental staff provide

13    timely and effective dental care to inmates; the hiring and credentialing of employees who

14    provide dental care at ADC facilities; reports, evaluations, and statistical data regarding

15    the provision of and need for dental care for inmates; changes to the provision of dental

16    care, whether formal or informal, after March 4, 2013; SPDS' relationship with Corizon

17    and ADC, including SPDS' bid for the dental contract and the degree to which ADC or

18    Corizon is involved with SPDS' activities; and the monitoring and oversight by Corizon

19    or ADC over SPDS' provision of dental care at ADC facilities.

20         26.    Nicole Taylor, Ph.D.  ADC Mental Health Monitor
                 c/o Struck Wieneke & Love, P.L.C.

21

22         Dr. Taylor was previously deposed, and plaintiffs may rely on her deposition

23    testimony with regard to ADC's monitoring, supervision, and oversight of mental health

24    care provided by Corizon, as well as the provision of mental health care at multiple

25    prisons since her time of employment with ADC, and all other topics to which she

26    testified in her deposition. Dr. Taylor is also expected to testify with regard to any other

27    topic for which Defendants have identified her as having knowledge.

28

1    27.   ***Carson McWilliams, Interim Division Director of Prison Operations***
          ***c/o Struck Wieneke & Love, P.L.C.***

2

3         ***Plaintiffs deposed Carson McWilliams on September 27, 2013 and on July 1,***

4    ***2014 regarding conditions of confinement at ADC, including DI 326.  Mr. McWilliams***

5    ***may be called to testify on issues related to the topics addressed in his deposition.***

6    Others Not Deposed

7    28.   James Taylor, former ADC Contract Compliance Program Evaluation
          Administrator, Regional Vice President for Corizon
8         c/o Corizon Inc.

9         Mr. Taylor was previously the Contract Compliance Program Evaluation

10   Administrator for ADC and currently is Regional Vice President for Corizon, Inc.

11   Plaintiffs will call him to testify regarding ADC's privatization of health care services,

12   and the compliance of Wexford Health and Corizon Inc. to the terms of the contract.  Mr.

13   Taylor is also expected to testify with regard to his current position and the provision of

14   health care to ADC prisoners.  Mr. Taylor will testify with regard to any other topic for

15   which Defendants have identified him as having knowledge.

16        **B.     INDIVIDUALS WHO MAY BE CALLED TO TESTIFY**

17   Deposed Persons

18   29.   Michael Adu-Tutu, M.D.
          c/o Struck Wieneke & Love, P.L.C.
19

20        Dr. Adu-Tutu was previously the Health Services Director and Dental Program

21   Manager for ADC. Dr. Adu-Tutu was previously deposed, and plaintiffs may rely on his

22   testimony with respect the provision of dental care at ADC before his departure from

23   ADC, including the dental policies and procedures.  Plaintiffs may also call him to testify

24   at trial regarding ADC's  provision of health care to prisoners in ADC facilities prior to

25   his departure from ADC.

26

27

28

30.     Terry Allred, ADC Health Services Contract Monitor, ASPC Lewis
        c/o Struck Wieneke & Love, P.L.C.

Mr. Allred was previously deposed, and Plaintiffs may rely on his testimony with regard to ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Lewis, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic on which he was deposed or for which Defendants have designated him as having knowledge. Plaintiffs may also call him to testify at trial regarding the provision of health care to ADC prisoners.

31.     Marlena Bedoya, ADC Health Services Contract Monitor
        c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Ms. Bedoya on September 18, 2013 regarding her current position monitoring Corizon's provision of health care, and may rely on her deposition testimony.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified her as having knowledge.

32.     Kathy Campbell, ADC Statewide Nursing Monitor
        c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Ms. Campbell on September 11, 2013, September 23, 2013, **and July 9, 2014** in the capacity of her current position monitoring Corizon's provision of health care, and may rely on her deposition testimony.  Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified her as having knowledge.

33.     Karen Chu, ADC Dental Program Monitor
        c/o Struck Wieneke & Love, P.L.C.

Dr. Chu was previously deposed, and plaintiffs may rely on her deposition testimony with regard to ADC's monitoring, supervision, and oversight of dental care provided by Corizon and SPDS.  Plaintiffs may call her to testify at trial regarding the

1   provision of dental care to ADC prisoners, and any other topic for which Defendants have

2   identified her as having knowledge.

3       34.   Daniel Conn, Wexford Executive Vice President & Chief Operating Officer
              c/o Wexford Health, Inc.
4

5   Plaintiffs deposed Mr. Conn on May 20, 2013 pursuant to the 30(b)(6) deposition

6   subpoena issued to Wexford Health, Inc., regarding the provision of health care to ADC

7   prisoners by Wexford; the termination of the agreement between Wexford and the ADC to

8   provide health care for prisoners; and the cost of complying with the contract between

9   Wexford and the ADC; any Confidentiality agreements, actual or contemplated, between

10  Wexford and the ADC.  Plaintiffs may rely upon his deposition testimony, and may call

11  him to testify at trial.

12      35.   Dr. Tracy L. Crews, M.D., Former Psychiatrist at ASPC-Perryville
              444 N. 44th Street, Suite 400
13            Phoenix, AZX 85008

14  Dr. Crews was previously deposed, and plaintiffs may rely on her deposition

15  testimony with regard to ADC's provision of mental health care to prisoners at ASPC-

16  Perryville and other prisons.

17      36.   Carmello Echeveirra, M.D., Wexford Medical Director at ASPC-Lewis
              c/o Wexford Health, Inc.
18

19  Dr. Echeverria was previously deposed, and plaintiffs may rely on his deposition

20  testimony with regard to ADC's provision of medical care to prisoners at ASPC-Lewis.

21  Based upon Plaintiffs' understanding, Dr. Echeverria is no longer employed at ASPC-

22  Lewis, but he has not updated his contact information with the Arizona Medical Board.

23  Plaintiffs anticipate that Wexford, Health, Inc. would be able to assist in locating him.

24      37.   Neil Fisher, M.D. former Wexford Clinical Medical Director
              c/o Wexford Health, Inc.
25

26  Plaintiffs deposed Dr. Fisher on October 8, 2013 pursuant to the 30(b)(6) deposition

27  subpoena issued to Wexford Health, Inc., regarding the provision of health care to ADC

28  prisoners by Wexford, and any other topic for which Wexford has designated him the

person at Wexford most knowledgeable on the topics.  Plaintiffs may rely upon his deposition testimony, and may call him to testify at trial regarding the provision of health care to ADC prisoners.

38.   Troy Evans, ADC Health Services Contract Monitor, ASPC-Safford
c/o Struck Wieneke & Love, P.L.C.

Mr. Evans was previously deposed, and Plaintiffs may rely on his testimony with regard to ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Safford, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic on which he was deposed or for which Defendants have designated him as having knowledge. Plaintiffs may also call him to testify at trial regarding the provision of health care to ADC prisoners.

39.   Greg Fizer, ADC Deputy Warden of Central Unit
c/o Struck Wieneke & Love, P.L.C.

Mr. Fizer was deposed, and Plaintiffs may rely on his deposition testimony regarding policies and procedures and implementation of said policies and procedures for: placement in, retention in, and release from isolation units: out-of-cell time in the isolation units, including but not limited to outdoor exercise; increases and decreases in prisoner privileges while housed in isolation; the provision of food to prisoners in isolation units, monitoring the effects of conditions of confinement in isolation units on prisoners' mental and physical health; the placement of prisoners  classified as "seriously mentally ill," "severely mentally ill," MH-3 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units; suicide watch procedures in the isolation units.  Mr. Fizer's testimony  may also include conditions of confinement in the isolation units, including programming available in the units such as mental health, counseling, employment, education, drug treatment, and rehabilitative services; training provided to correctional staff working in isolation units; required correctional staff levels for isolation units, including staffing schedules, posts and job

1   duties.  Plaintiffs may call Mr. Fizer to testify at trial regarding the isolation units, and any

2   other topic for which Defendants have identified him as having knowledge.

3       40.     Arthur Gross, ADC Assistant Director of Monitoring Bureau
                c/o Struck Wieneke & Love, P.L.C.
4

5       Plaintiffs deposed Mr. Gross on September 9, 2013 regarding his current position

6   with ADC monitoring Corizon's compliance with the contract to provide all health care,

7   and may rely on his deposition testimony.  Plaintiffs may call him to testify at trial

8   regarding Corizon's provision of health care to ADC prisoners, and any other topic for

9   which Defendants have identified him as having knowledge.

10      41.     Mark Haldane, ADC Health Services Contract Monitor, ASPC-Perryville
                c/o Struck Wieneke & Love, P.L.C.
11

12      Mr. Haldane was previously deposed, and Plaintiffs may rely on his testimony with

13  regard to ADC's monitoring, supervision, and oversight of medical care provided by

14  Corizon at ASPC-Perryville, the provision of medical care at multiple prisons since his

15  time of employment with ADC, and any other topic on which he was deposed or for

16  which Defendants have identified him as having knowledge.  Plaintiffs may also call him

17  to testify at trial regarding the provision of health care to ADC prisoners.

18      42.     Brian Hanstad, Dental Program Manager
                c/o Corizon Health
19

20      Dr. Hanstad is one of the Dental Program Managers for the State of Arizona.  Dr.

21  Hanstad is expected to testify about the provision of dental care at ADC facilities; written

22  and unwritten dental policies and procedures, including the dental triaging of inmates for

23  emergent, urgent, or routine dental care, processing of HNRs, scheduling of appointments,

24  intake, staffing, and use of outside dental providers; tracking and scheduling of dental

25  appointments at ADC facilities; the capabilities and limitations of SPDS' Correctional

26  Dental Software; quality assurance at ADC facilities, including the methods, personnel,

27  policies, and procedures used to ensure that all dental staff provide timely and effective

28  dental care to inmates; the hiring and credentialing of employees who provide dental care

1    at ADC facilities; reports, evaluations, and statistical data regarding the provision of and

2    need for dental care for inmates; and changes to the provision of dental care, whether

3    formal or informal, after March 4, 2013.

4        43.    Vanessa Headstream, ADC Health Services Contract Monitor, Nursing Monitor
               c/o Struck Wieneke & Love, P.L.C.
5

6        Ms. Headstream was previously deposed, and plaintiffs may rely on her deposition

7    testimony with regard to her monitoring, supervision, and oversight of nursing care at

8    ASPC-Perryville and ASPC-Lewis, as well as the provision of medical care at multiple

9    prisons since her time of employment with ADC, and all other topics to which she

10   testified in her deposition.  Plaintiffs may call her to testify at trial regarding the provision

11   of health care to ADC prisoners, and any other topic for which Defendants have identified

12   her as having knowledge.

13       44.    Karen Ingram, ADC Senior Procurement Specialist
               c/o Struck Wieneke & Love, P.L.C.
14

15       Ms. Ingram was previously deposed, and plaintiffs may rely on her deposition

16   testimony with regard to the evaluation of each proposal submitted to ADC in response to

17   Solicitation No. ADOC12-00001105, privatization for all correctional healthcare.

18       45.    Anthony Medel, ADC Health Services Contract Monitor, ASPC Yuma
               c/o Struck Wieneke & Love P.L.C.
19

20       Mr. Medel was previously deposed, and Plaintiffs may rely on his testimony with

21   regard to ADC's monitoring, supervision, and oversight of medical care provided by

22   Corizon at ASPC-Yuma, the provision of medical care at multiple prisons since his time

23   of employment with ADC, and any other topic on which he was deposed or for which

24   Defendants have identified him as having knowledge.  Plaintiffs may also call him to

25   testify at trial regarding the provision of health care to ADC prisoners.

26

27

28

46. Jen Mielke-Fontaine, ADC Health Services Contract Monitor, ASPC-Florence; previously Audit Nurse Contract Monitor, ASPC Eyman and Florence
c/o Struck Wieneke & Love, P.L.C.

Ms. Mielke-Fontaine was previously deposed, and Plaintiffs may rely on her testimony with regard to ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Eyman and Florence, the provision of medical care at multiple prisons since her time of employment with ADC, and any other topic on which she was deposed or for which Defendants have identified her as having knowledge. Plaintiffs may also call her to testify at trial regarding the provision of health care to ADC prisoners.

47. John Mitchell, ADC Health Services Contract Monitor, ASPC-Winslow
c/o Struck Wieneke & Love, P.L.C.

Mr. Mitchell was previously deposed, and Plaintiffs may rely on his testimony with regard to ADC's monitoring, supervision, and oversight of medical care provided by Corizon at ASPC-Winslow, the provision of medical care at multiple prisons since his time of employment with ADC, and any other topic on which he was deposed or for which Defendants have identified him as having knowledge.  Plaintiffs may also call him to testify at trial regarding the provision of health care to ADC prisoners.

48. Karen Mullenix Wexford Project Operations Director and former Director of Operations in Arizona
c/o Wexford Health, Inc.

Plaintiffs deposed Ms. Mullenix on May 21, 2013 pursuant to the 30(b)(6) deposition subpoena issued to Wexford Health, Inc., regarding the provision of health care to ADC prisoners by Wexford; concerns Wexford had about performance of the contract with ADC to provide health care for prisoners; barriers, obstacles, or difficulties encountered by Wexford in providing healthcare for ADC prisoners and any other topic for which Wexford has designated her the person at Wexford most knowledgeable on the topics.  Plaintiffs may rely upon her deposition testimony, and may call her to testify at trial.

49.     Juliet Respicio-Moriarty, ADC Inmate Grievance Appeals Investigator
        c/o Struck Wieneke & Love, P.L.C.

Ms. Respicio-Moriarty was previously deposed, and plaintiffs may rely on her testimony with regard to ADC's monitoring, supervision, and oversight of Corizon's processing of inmate grievances and appeals regarding health care, ADC's role in investigating the allegations of inadequate health care made in appeals and grievances, and any other topic on which she was deposed or for which Defendants have identified her as having knowledge. Plaintiffs may also call her to testify at trial.

50.     Richard Rowe, M.D., ADC Medical Program Manager
        c/o Struck Wieneke & Love, P.L.C.

Dr. Rowe was previously deposed, and plaintiffs may rely on his deposition testimony with regard to ADC's provision of medical care statewide at the prisons, and all other topics to which he was designated by Defendants as responsive to the 30(b)(6) request and to which he testified in his deposition. Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.

51.     Jeffrey Sharp, M.D., ASPC-Perryville
        c/o Corizon Health

Dr. Sharp was previously deposed, and plaintiffs may rely on his deposition testimony with regard to ADC's provision of medical care at multiple prisons across the state, and all other topics to which he testified in his deposition.  Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners.

52.     Ben Shaw, Corizon Mental Health Statewide Director
        c/o Corizon Health

Dr. Shaw was previously deposed, and plaintiffs may rely on his deposition testimony with regard to ADC's provision of mental health care statewide at the prisons, his relevant knowledge and experiences as they relate to Plaintiffs' claims and all other topics to which he was designated by Defendants as responsive to the 30(b)(6) request and to which he testified in his deposition.

53.     Sam Tardibuono, ADC Douglas Monitor
        c/o Struck Wieneke & Love, P.L.C.

Plaintiffs deposed Mr. Tardibuono on September 19, 2013 in the capacity of his current position monitoring Corizon's provision of health care, and may rely on his deposition testimony. Plaintiffs may call him to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

54.     Jonathon Trethewey, ADC #137818
        c/o Jones Day

Mr. Trethewey is an ADC inmate and class member. He was deposed on April 4, 2013 to preserve his testimony for trial. Mr. Trethewey's deposition testimony may be used with regard to the provision of health care provided to him while in the custody of ADC and/or the use of isolation and the conditions of confinement while in isolation. Mr. Trethewey may also be called to testify at trial regarding the topics on which he was deposed.

55.     Helena Valenzuela, ADC Health Services Contract Monitor ASPC Phoenix
        c/o Struck Wieneke & Love, P.L.C.

Ms. Valenzuela was previously deposed, and plaintiffs may rely on her deposition testimony with regard to her monitoring, supervision, and oversight of nursing care at ASPC-Phoenix, as well as the provision of medical care at multiple prisons since her time of employment with ADC, and all other topics to which she testified in her deposition. Plaintiffs may call her to testify at trial regarding the provision of health care to ADC prisoners, and any other topic for which Defendants have identified him as having knowledge.

56.     Carlos Weekly, Dental Director ASPC-Florence
        C/o Corizon Health

Dr. Weekly is one of the Dental Program Managers for the State of Arizona. Dr. Weekly was previously deposed, and plaintiffs may rely on his deposition testimony. In

1  addition to his deposition testimony, Dr. Weekly is expected to testify about the provision

2  of dental care at ADC facilities; written and unwritten dental policies and procedures,

3  including the dental triaging of inmates for emergent, urgent, or routine dental care,

4  processing of HNRs, scheduling of appointments, intake, staffing, and use of outside

5  dental providers; tracking and scheduling of dental appointments at ADC facilities; the

6  capabilities and limitations of SPDS' Correctional Dental Software; quality assurance at

7  ADC facilities, including the methods, personnel, policies, and procedures used to ensure

8  that all dental staff provide timely and effective dental care to inmates; the hiring and

9  credentialing of employees who provide dental care at ADC facilities; reports,

10  evaluations, and statistical data regarding the provision of and need for dental care for

11  inmates; and changes to the provision of dental care, whether formal or informal, after

12  March 4, 2013.

13       57.    Winfred Williams, Arizona Chief Medical Officer
              c/o Corizon, Inc.

14

15       Plaintiffs deposed Mr. Williams on October 10, 2013 regarding his current position

16  as Corizon's Chief Medical Officer for the State of Arizona, and may rely on his

17  deposition testimony.  Plaintiffs may call him to testify at trial regarding Corizon's

18  provision of health care to ADC prisoners, and any other topic for which Defendants have

19  identified him as having knowledge.

20       58.    Martin Winland, ADC Pharmacy Monitor
              c/o Struck Wieneke & Love, P.L.C.

21

22       Plaintiffs deposed Mr. Winland on September 18, 2013 in the capacity of his

23  current position monitoring Corizon's provision of pharmacy services, and may rely on

24  his deposition testimony.  Plaintiffs may call him to testify at trial regarding the provision

25  of pharmacy services to ADC prisoners, and any other topic for which Defendants have

26  identified him as having knowledge.

27

28

1    59.    *Julie Carter, Corizon, c/o Corizon Health*

2           *Plaintiffs deposed Ms. Carter as a Rule 30(b)(6) witness on August 12, 2014, and*

3    *Ms. Carter may testify on topics related to those addressed in her deposition.*

4    60.    *Caroline Haack, ADC, c/o Struck Sieneke & Love P.L.C.*

5           *Plaintiffs deposed Ms. Haack as a Rule 30(b)(6) witness on July 29, 2014, and*

6    *Ms. Haack may testify on topics related to those addressed in her deposition.*

7    61.    *Mark Jansen, Corizon, c/o Corizon Health*

8           *Plaintiffs deposed Mr. Jansen on August 11, 2014, and Mr. Jansen may testify*

9    *on topics related to those addressed in his depositions.*

10   Others Not Deposed

11   62.    Patricia Arroyo, ADC Audit Nurse
            c/o Struck Wieneke & Love, P.L.C.
12

13   Plaintiffs may call Ms. Arroyo to testify regarding ADC's monitoring, supervision,

14   and oversight of nursing care provided by Corizon, the provision of nursing care at

15   multiple prisons since her time of employment with ADC, and any other topic for which

16   Defendants have identified her as having knowledge.  Plaintiffs may call her to testify at

17   trial regarding the provision of health care to ADC prisoners.

18   63.    Stephen Bender, ADC Private Prisons Contract Monitor
            c/o Struck Wieneke & Love, P.L.C.
19

20   Plaintiffs may call Mr. Bender to testify regarding ADC's monitoring, oversight,

21   and supervision of Corizon's provision of mental health care at ADC prisons, Corizon's

22   compliance with the privatization contract, and any other topics, the provision of health

23   care to ADC prisoners and any other topic for which Defendants have identified him as

24   having knowledge.

25

26

27

28

1   64.   Karyn Christie, Safford/Ft. Grant Monitor
         c/o Struck Wieneke & Love, P.L.C.

2

3      Plaintiffs may call Ms. Christie regarding her recent employment with ADC

4   monitoring Corizon's provision of health care and the provision of health care to ADC

5   prisoners.

6   65.   Trudy Dumkrieger, ADC Audit Nurse, Tucson
         c/o Struck Wieneke & Love, P.L.C.

7

8      Plaintiffs may call Ms. Dumkrieger to testify regarding ADC's monitoring,

9   supervision, and oversight of nursing care provided by Corizon at ASPC-Tucson and the

10  provision of nursing care at multiple prisons since her time of employment with ADC, and

11  any other topic for which Defendants have identified her as having knowledge.  Plaintiffs

12  may call her to testify at trial regarding the provision of health care to ADC prisoners.

13  66.   Kevin Lewis, Medical Director at ASPC-Tucson
         c/o Corizon Health

14

15     Plaintiffs may call Mr. Lewis to testify regarding his current position as Corizon's

16  Medical Director for ASPC-Tucson and Corizon's provision of health care to ADC

17  prisoners, and any other topic for which Defendants have identified him as having

18  knowledge.

19  67.   Donna Mendoza, ADC Audit Nurse, Lewis and Perryville
         c/o Struck Wieneke & Love, P.L.C.

20

21     Ms. Mendoza is currently ADC's audit nurse for ASPC-Lewis and Perryville, and

22  Plaintiffs may call her to testify regarding ADC's monitoring, supervision, and oversight

23  of medical and nursing care provided by Corizon at ASPC-Lewis and Perryville, the

24  provision of nursing care at multiple prisons since her time of employment with ADC, and

25  any other topic for which Defendants have identified her as having knowledge.  Plaintiffs

26  may call her to testify at trial regarding the provision of health care to ADC prisoners.

27

28

1   68.   Matthew Musson, ADC Health Services Contract Monitor, ASPC-Eyman
2         c/o Struck Wieneke & Love, P.L.C.

3   Mr. Musson is currently ADC's monitor for ASPC-Eyman, and Plaintiffs may call

4   him to testify regarding ADC's monitoring, supervision, and oversight of medical care

5   provided by Corizon at ASPC-Eyman, the provision of medical care at multiple prisons

6   since his time of employment with ADC, and any other topic for which Defendants have

7   identified him as having knowledge.  Plaintiffs may call him to testify at trial regarding

8   the provision of health care to ADC prisoners.

9   69.   Joe Profiri, ADC Director of Contract Beds
10        c/o Struck Wieneke & Love, P.L.C.

11  Plaintiffs may call Mr. Profiri to testify regarding his current position as the

12  Director of all Contract Beds, including but not limited to the compliance of Wexford

13  Health Inc. and Corizon Inc. with the terms of the contract to privatize all health care, the

14  provision of health care to ADC prisoners, and any other topic for which Defendants have

15  identified him as having knowledge.

16  70.   Christy Somner, Regional Director of Nursing
17        c/o Corizon Health

18  Plaintiffs may call Ms. Somner to testify regarding her current position as

19  Corizon's Director of Nursing for the State of Arizona and Corizon's provision of nursing

20  care to ADC prisoners.  ***Plaintiffs also deposed Ms. Somner on August 12, 2014***.

21  71.   Zoran Vukcevic, Florence Medical Director
22        c/o Corizon Health

23  Plaintiffs may call Mr. Vukcevic to testify regarding his current position as

24  Corizon's Medical Director for ASPC-Florence and Corizon's provision of health care to

25  ADC prisoners, and any other topic for which Defendants have identified him as having

26  knowledge.

27

28

72.     SPDS dental staff working in ADC facilities.

Such dental staff may testify about written and unwritten dental policies and procedures, including the dental triaging of inmates for emergent, urgent, or routine dental care, processing of HNRs, scheduling of appointments, intake, staffing, and use of outside dental providers; tracking and scheduling of dental appointments at ADC facilities; the capabilities and limitations of SPDS' Correctional Dental Software; quality assurance at ADC facilities, including the methods, personnel, policies, and procedures used to ensure that all dental staff provide timely and effective dental care to inmates; and changes to the provision of dental care, whether formal or informal, after March 4, 2013.

73.     Employees of Corizon or ADC with knowledge about the provision of medical, dental or mental health care at ADC facilities.

These witnesses may be called to testify about the actual provision of health care, including any informal policies, procedures, or practices.  As Plaintiffs identify such persons, they will supplement their disclosure statements accordingly.

74.     Designated 30(b)(6) witnesses regarding conditions of confinement in the isolation units

Plaintiffs **have deposed** ~~plan to depose~~ Defendants designated 30(b)(6) witnesses regarding conditions of confinement in the isolation units ~~on September 17 & 18, 2013~~ and may rely on these witness' deposition testimony. Plaintiffs may also call these witnesses to testify at trial regarding policies, procedures and practices for:  placement in, retention in, and release from isolation units: out-of-cell time in the isolation units, including but not limited to outdoor exercise; increases and decreases in prisoner privileges while housed in isolation; the provision of food to prisoners in isolation units, including but not limited to schedules for delivery of food; deviations from such schedules; menus; and nutritional analyses of menus and implementation of said policies and procedures; monitoring the effects of conditions of confinement in isolation units on prisoners' mental and physical health; the use of force or restraint by ADC staff on prisoners on suicide watch, taking psychotropic medications, or prisoners classified as "seriously mentally ill," "severely mentally ill," MH-3 through MH-5, or any other mental

health classification employed by the ADC or Corizon while housed in isolation units. The witnesses may also be asked to testify about conditions of confinement in the isolation units; including programming available in the units, including but not limited to mental health, counseling, employment, education, drug treatment, and rehabilitative services; training provided to correctional staff working in isolation units; required correctional staff levels for isolation units, including staffing schedules, posts and job duties. These witnesses may further be called to testify regarding policies, procedures, and practices for: health care staff monitoring the effects of conditions of confinement in isolation on prisoners' mental and physical health; suicide watch and suicide prevention in isolation units; the referral and transfer of prisoners from isolation units to inpatient mental health facilities, whether operated by the ADC or some other entity; the training provided to health care staff working with prisoners in the isolation units; the involvement of health care staff in the use of force or restraint by ADC staff on prisoner on suicide watch, taking psychotropic medications, or classified as "seriously mentally ill," "severely mentally ill," MH-3 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units; the mental health programs available to prisoners in each isolation unit, including but not limited to, group counseling, one-to-one counseling, jobs, and increased recreational and congregate activities; the provision of health care to prisoners in isolation units; the provision of health care to prisoners classified as "seriously mentally ill," "severely mentally ill," MH-1 through MH-5, or any other mental health classification employed by the ADC or Corizon while housed in isolation units. Plaintiffs may also call these witnesses to testify at trial regarding any other topic for which Defendants have identified him or her as having knowledge.

75. Current and former ADC prisoners with knowledge of the provision of health care at ADC facilities and/or conditions of confinement in the isolation units.

The following witnesses (##*76-96*) may be called to testify about their experiences regarding the actual provision of health care in ADC, ADC's use of isolation and conditions of confinement in the isolation units, specific ADC policies and procedures related to isolation units and the implementation of said policies and procedures in

specific isolation units, and any other topic for which Defendants have identified him or her as having knowledge.  As Plaintiffs identify such persons, Plaintiffs will supplement their disclosure statements accordingly.

76. Gerald Thompson, Deputy Warden, ASPC-Eyman-SMU I
c/o Struck Wieneke & Love, P.L.C.

77. Lacy Scott, Deputy Warden, ASPC-Perryville-Lumley
c/o Struck Wieneke & Love, P.L.C.

78. Terri Savinen, Associate Deputy Warden, ASPC-Eyman-SMU I
c/o Struck Wieneke & Love, P.L.C.

79. Stephen Morris, Deputy Warden, ASPC-Eyman-Browning Unit
c/o Struck Wieneke & Love, P.L.C.

80. Antonio Barrios, Deputy Warden, ASPC-Eyman-Browning Unit
c/o Struck Wieneke & Love, P.L.C.

81. Jack Heet, Assoc. Deputy Warden, ASPC-Eyman-Browning Unit
c/o Struck Wieneke & Love, P.L.C.

82. Lance Hetmer, Warden, ASPC- Florence
c/o Struck Wieneke & Love, P.L.C.

83. Amy Barnes, Assoc. Deputy Warden, ASPC-Florence-Central Unit
c/o Struck Wieneke & Love, P.L.C.

84. Geralynn Woods, Assoc. Deputy Warden, ASPC-Florence-Central
c/o Struck Wieneke & Love, P.L.C.

~~Lacy Scott, Deputy Warden, ASPC-Perryville-Lumley~~
~~c/o Struck Wieneke & Love, P.L.C.~~

85. Carol Ortiz, Assoc. Deputy Warden, ASPC-Perryville-Lumly
c/o Struck Wieneke & Love, P.L.C.

86. Megan Muse, Deputy Warden, ASPC-Phoenix-Alhambra/Flamenco Unit
c/o Struck Wieneke & Love, P.L.C.

87. Travis Scott, Assoc. Deputy Warden, ASPC-Phoenix Alhambra/Flamenco Unit
c/o Struck Wieneke & Love, P.L.C.

88. Jeff Hood, ADC Deputy Director
c/o Struck Wieneke & Love, P.L.C.

89. Ernest Trujillo, ADC Southern Regions Operations Director (SROD)
c/o Struck Wieneke & Love, P.L.C.

~~Carson McWilliams, ADC Northern Region Operations Director (NROD)~~
~~c/o Struck Wieneke & Love, P.L.C.~~

90.   Ron Credio, Warden, ASPC-Eyman
      c/o Struck Wieneke & Love, P.L.C.

91.   [first name unkown] Munoz, Assistant Deputy Warden, ASPC-Eyman
      c/o Struck Wieneke & Love P.L.C.

92.   Judy Frigo, Warden, ASPC-Perryville
      c/o Struck Wieneke & Love, P.L.C.

93.   Angelo Daniels, Deputy Warden of Security Operations
      c/o Struck Wieneke & Love P.L.C.

94.   Julie Jackson, Deputy Warden, ASPC-Florence
      c/o Struck Wieneke & Love, P.L.C.

95.   James O'Neil, DWOP, ASPC-Perryville
      c/o Struck Wieneke & Love, P.L.C.

96.   Rhonda Jensen
      2403 W. Rancho Dr.
      Phoenix, AZ 85015
      (520) 310-9805

Ms. Jensen may be called to testify regarding her knowledge of the provision of health care to her husband, named plaintiff Shawn Jensen, and her efforts and interactions with ADC staff to have him provided care.  Ms. Jensen may also be called to testify regarding her knowledge of the provision of health care to other prisoners she knows.

97.   Michelle Lependorf
      81 Westcott Road
      Princeton, NJ 08540
      (609) 924-4483

Ms. Lependorf may be called to testify regarding her knowledge of the provision of health care to her brother, Ferdinand Dix, who died while in custody of ADC.

98.   Caroline Isaacs
      American Friends Service Committee
      103 N. Park Ave., Ste. 111
      Tucson, AZ 85719
      (520) 623-9141

Ms. Isaacs may be called to testify regarding her knowledge of the provision of health care at ADC facilities, ADC's use of isolation, and the conditions of confinement in isolation.

99.    Lynn Nau
       c/o Faith Lutheran Church
       801 E. Camelback Rd.
       Phoenix, AZ 85012, (602) 264-0015

Ms. Nau may be called to testify regarding her knowledge of the provision of health care at ADC facilities, ADC's use of isolation, and the conditions of confinement in isolation.

100.   Margaret Plews
       Arizona Prison Watch
       P.O. Box 20494
       Phoenix, AZ 85036
       (480) 580-6807

Ms. Plews may be called to testify regarding her knowledge of the provision of health care at ADC facilities, ADC's use of isolation, and the conditions of confinement in isolation.

101.   Doris Schartmueller
       2213 S. Highland Mesa Rd.
       Flagstaff, AZ, 86001
       (520) 256-7576.

Ms. Schartmueller may be called to testify regarding her knowledge of the provision of health care to her spouse, David Wiser, #153309, her efforts and interactions with ADC staff to have him provided care, and his ultimate death.  Ms. Schartmueller may also be called to testify regarding her knowledge of the provision of health care to other prisoners she knows.

~~Robert Murray, ADC #94261~~
~~ASPC Florence - Central Medical Unit~~

~~Mr. Murray is currently incarcerated at ASPC Florence.  Mr. Murray may be called to testify regarding the provision of health care provided to him while in the custody of ADC and/or the use of isolation and the conditions of confinement while in isolation.~~

102.    Dean Vocke, former ADC #211077
345 Lakewood Drive
Antioch, IL, 60002
(520) 494-4022

    Mr. Vocke was previously incarcerated at ASPC Winslow and was granted clemency on October 31, 2013.  Mr. Vocke may be called to testify regarding the provision of health care provided to him while in the custody of ADC and/or the use of isolation and the conditions of confinement while in isolation.

103.    Laurie Vocke
345 Lakewood Drive
Antioch, IL, 60002
(520) 494-4022

    Ms. Vocke may be called to testify regarding her knowledge of the provision of health care to her spouse, Dean Vocke, #211077 and her efforts to have her spouse provided care.

104.    Mark Dehe
37199 Bosley Street
Indio, CA 92203
(760) 831-2931

    Mr. Dehe may be called to testify regarding his knowledge of the provision of health care to his father, Manfred Dehe, #269783 and his efforts to have his father provided care.

105.    Cassie Rogers
5374 Golden Cascade Drive
Dublin, OH 43016
(602) 710-7991

    Ms. Rogers may be called to testify regarding her knowledge of the provision of health care to her mother, Gloria Rogers, #085040 and her efforts to have her mother provided care, and her mother's ultimate death while in custody of ADC.

106.   Cody Huggins
       1382 N. 87th Pl.
       Scottsdale, AZ 85257
       (480) 510-0471

Mr. Huggins may be called to testify regarding his knowledge of the provision of health care to his father, Glen Huggins, #085040, his efforts to have his father provided care, and his father's ultimate death shortly after an imminent danger (medical parole) release from ADC custody.

107.   Jo Ann Lassell
       1455 E. Jasper Dr.
       Chandler, AZ 85225
       (480) 272-1056

Ms. Lassell may be called to testify regarding her knowledge of the provision of health care to her brother, Matthew **Putman** ~~Putnam~~, #255310, her efforts to have her brother provided care ~~and Mr. Putnam's ultimate death~~ while in custody of ADC.

108.   *Michael Velasquez, ADC # 173685, c/o Jones Day*

*Mr. Velasquez may be called to testify regarding the medical care he has received while in ADC custody and how he has been placed in a substantial risk of serious harm. Mr. Velasquez will testify regarding the delayed and inadequate care he has received for his HIV infection.  He will testify regarding receiving improper medical treatment by licensed practical nurses (LPNs), not receiving all of his medication needed to manage his HIV infection and other symptoms of AIDS including but not limited to skin rashes.*

109.   *Wayne Ammirato, ADC # 94836, c/o Jones Day*

*Mr. Ammirato may be called to testify regarding the medical care he has received while in ADC custody and how he has been placed in a substantial risk of serious harm. Mr. Ammirato may testify regarding the inadequate treatment and management of his seizure disorder, resulting in him suffering multiple seizures, causing injuries.  Mr. Ammirato may testify regarding the delays in treatment of his kidney disease.  He may testify regarding his knowledge of the hygiene and conditions of clinical medical spaces at Lewis and Eyman prisons.*

110. *Timothy Armenta, ADC # 199348, c/o Jones Day*

*Mr. Armenta may be called to testify regarding the medical care he has received while in ADC custody and how he has been placed in a substantial risk of serious harm. Mr. Armenta will testify regarding the inadequate treatment and management of his seizure disorder, including being taken off of medication that managed his seizures but are not on Corizon's formulary.  Mr. Armenta will testify regarding the inadequate emergency response by custody and health care staff to his seizures, and the lack of health care treatment received after suffering seizures.*

111. *Douglas Leslie, ADC # 251101, c/o Jones Day*

*Mr. Leslie may be called to testify regarding the medical care he has received while in ADC custody and how he has been placed in a substantial risk of serious harm. He will testify regarding the inadequate and delayed care he has received for his end-stage liver disease.*

112. *Melissa Wakeman, ADC # 271682, c/o Jones Day*

*Ms. Wakeman may testify regarding her lack of mental health treatment while housed in isolation and how that lack of treatment and those conditions have placed her at a substantial risk of serious harm.*

113. *Patricia Chavez, ADC # 228178, c/o Jones Day*

*Ms. Chavez may testify regarding her lack of mental health treatment at ADC, including the lack of effective treatment of her paranoid schizophrenia.*

114. *Daniel Velarde, ADC # 161285, c/o Jones Day*

*Mr. Velarde may testify regarding his lack of mental health care while housed in isolation, in particular how his mental health state has deteriorated and how his family members tried but failed to get him treatment.*

115. *Latonya Cain, ADC # 172377, c/o Jones Day*

*Ms. Cain may testify about her lack of mental health care and medication to treat her paranoid schizophrenia.*

116. All Witnesses Identified or Produced by ADC or Corizon.

117. Any additional witnesses that come to be known to Plaintiffs as a result of a critical health situation.  Such names shall be supplemented if, and when, made known to Plaintiffs pursuant to Federal Rule of Civil Procedure 26(e) at a later date.

118. Any individuals that voluntarily furnish information relevant to Plaintiff's case, ~~consistent with the Court's Order on Plaintiff's Pending Motion for an Order Authorizing Ex Parte Communications with Former Employees of Defendants and their Agents (ECF No. 981)~~.  Such names shall be supplemented if, and when, made known to Plaintiffs pursuant to Federal Rule of Civil Procedure 26(e) at a later date.

119. Any additional witnesses that come to be known to Plaintiffs as a result of the limited ongoing discovery. Such names shall be supplemented if, and when, made known to Plaintiffs pursuant to Federal Rule of Civil Procedure 26(e) at a later date.

## II.  A COPY OF OR A DESCRIPTION BY CATEGORY AND LOCATION OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS OR DEFENSES

The discovery period in this matter has largely closed and the record is nearly complete.  Defendants have been *or will be* furnished with copies and/or descriptions by category and location of all documents, electronically stored information, and tangible things that Plaintiffs may use to support their claims.  This includes all documents, electronically stored information, and tangible things disclosed in Plaintiffs' previous disclosure statements, as well as all documents, electronically stored information, and tangible things made known to Defendants during the pendency of this litigation, consistent with the requirements of Federal Rule of Civil Procedure 26, including all information included in productions by the parties and third parties, *information produced with expert reports or at depositions,* and all information made known to defendants in all other writings in this proceeding.

1    Dated:  September 4, 2014          **PERKINS COIE LLP**

2

3                                    By:   s/ John H. Gray
                                       Daniel C. Barr (Bar No. 010149)

4                                        Amelia M. Gerlicher (Bar No. 023966)
                                       Kirstin T. Eidenbach (Bar No. 027341)

5                                        John H. Gray (Bar No. 028107)
                                       Matthew B. du Mée (Bar No. 028468)

6                                        Jerica L. Peters (Bar No. 027356)
                                       **PERKINS COIE LLP**

7                                        2901 N. Central Avenue, Suite 2000
                                       Phoenix, Arizona 85012

8                                        Telephone:  (602) 351-8000
                                       Email:    dbarr@perkinscoie.com

9                                             agerlicher@perkinscoie.com
                                            keidenbach@perkinscoie.com

10                                             jhgray@perkinscoie.com
                                            mdumee@perkinscoie.com

11                                             jpeters@perkinscoie.com

12                                        Daniel Pochoda (Bar No. 021979)
                                       James Duff Lyall (Bar No. 330045)*

13                                        **ACLU FOUNDATION OF
ARIZONA**

14                                        3707 North 7th Street, Suite 235
                                       Phoenix, Arizona 85013

15                                        Telephone:  (602) 650-1854
                                       Email:    dpochoda@acluaz.org

16                                             jlyall@acluaz.org

17                                        *Admitted pursuant to Ariz. Sup. Ct.
R. 38(f)

18                                        Donald Specter (Cal. 83925)*
                                       Alison Hardy (Cal. 135966)*

19                                        Sara Norman (Cal. 189536)*
                                       Corene Kendrick (Cal. 226642)*

20                                        Warren E. George (Cal. 53588)*
                                       **PRISON LAW OFFICE**

21                                        1917 Fifth Street
                                       Berkeley, California 94710

22                                        Telephone:  (510) 280-2621
                                       Email:    dspecter@prisonlaw.com

23                                             ahardy@prisonlaw.com

24                                             snorman@prisonlaw.com
                                            ckendrick@prisonlaw.com

25                                             wgeorge@prisonlaw.com

26                                        *Admitted *pro hac vice*

27

28

# **Exhibit C**

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-NVW <br><br> **DEFENDANT CHARLES RYAN'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JACKIE THOMAS** |

3.    Identify all depositions, trial testimony, statements, interviews of any person potential witness or expert you have or may use to cross examine any witness or expert witness in this case.

**ANSWER:**

4.    For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter.

**ANSWER:**

5.    Identify and set forth with specificity each and every act or omission that you contend violated the Eighth Amendment; identify the person(s) violating this Amendment; describe how such violation proximately caused or contributed to your injury and that of each witness you have disclosed or may call for trial; and state all facts upon which you rely to support this contention.

**ANSWER:**

6.    Identify any and all medical and mental health providers, including but not limited to any medical provider, hospital, physician, doctor, nurse, nurse practitioner, specialist, physician's assistant, therapist, chiropractor, physical therapist, occupational therapist, psychiatrist, psychologist, counselor, mental health care provider and/or counselor with whom you or any former or current detainee or inmate you may call at trial

11

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Assistant Attorney General
3   1275 W. Washington Street
    Phoenix, Arizona 85007-2926
4   Telephone: (602) 542-4951
    Fax: (602) 542-7670
5   Michael.Gottfried@azag.gov

6   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
7   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
8   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
9   Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE, & LOVE, P.L.C.
10  3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
11  Telephone:  (480) 420-1600
    Fax:  (480) 420-1696
12  dstruck@swlfirm.com
    kwieneke@swlfirm.com
13  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
14  ccloman@swlfirm.com
    afletcher@swlfirm.com
15  aorcutt@swlfirm.com
    *Attorneys for Defendants*

16

**UNITED STATES DISTRICT COURT**

17

**DISTRICT OF ARIZONA**

18

| | |
|---|---|
| 19   Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-NVW |
| | **DEFENDANT CHARLES RYAN'S FIRST SET OF INTERROGATORIES TO PLAINTIFF CHRISTINA VERDUZCO** |
| 23                              Plaintiffs, | |
| 24          v. | |
| 25   Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| 28                              Defendants. | |

1    3.      Identify all depositions, trial testimony, statements, interviews of any person

2    potential witness or expert you have or may use to cross examine any witness or expert

3    witness in this case.

4        **ANSWER:**

5

6

7    4.      For each witness identified in your disclosure statement, please provide the

8    substance of their anticipated testimony as if deposed or a summary of the facts they

9    possess that are relevant to this matter.

10       **ANSWER:**

11   5.      Identify and set forth with specificity each and every act or omission that

12   you contend violated the Eighth Amendment; identify the person(s) violating this

13   Amendment; describe how such violation proximately caused or contributed to your

14   injuries and that of each witness you have disclosed or may call for trial; and state all facts

15   upon which you rely to support this contention.

16       **ANSWER:**

17

18

19   6.      Identify any and all medical and mental health providers, including but not

20   limited to any medical provider, hospital, physician, doctor, nurse, nurse practitioner,

21   specialist, physician's assistant, therapist, chiropractor, physical therapist, occupational

22   therapist, psychiatrist, psychologist, counselor, mental health care provider and/or

23   counselor with whom you or any former or current detainee or inmate you may call at trial

24   who have treated, been examined, or who have had tests performed  upon them from

25   January 1, 2010 to the present.

26       **ANSWER:**

27

28

11

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Assistant Attorney General
3   1275 W. Washington Street
    Phoenix, Arizona 85007-2926
4   Telephone: (602) 542-4951
    Fax: (602) 542-7670
5   Michael.Gottfried@azag.gov

6   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
7   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
8   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
9   Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE, & LOVE, P.L.C.
10  3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
11  Telephone:  (480) 420-1600
    Fax:  (480) 420-1696
12  dstruck@swlfirm.com
    kwieneke@swlfirm.com
13  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
14  ccloman@swlfirm.com
    afletcher@swlfirm.com
15  aorcutt@swlfirm.com

16  *Attorneys for Defendants*

17              **UNITED STATES DISTRICT COURT**

18                  **DISTRICT OF ARIZONA**

19  Victor Parsons; Shawn Jensen; Stephen          NO. 2:12-cv-00601-NVW
    Swartz; Dustin Brislan; Sonia Rodriguez;
20  Christina Verduzco; Jackie Thomas; Jeremy      **DEFENDANT CHARLES RYAN'S**
    Smith; Robert Gamez; Maryanne Chisholm;        **FIRST SET OF**
21  Desiree Licci; Joseph Hefner; Joshua Polson;   **INTERROGATORIES TO**
    and Charlotte Wells, on behalf of themselves   **PLAINTIFF SONIA RODRIGUEZ**
22  and all others similarly situated; and Arizona
    Center for Disability Law,
23
                              Plaintiffs,
24
25              v.

26  Charles Ryan, Director, Arizona Department
    of Corrections; and Richard Pratt, Interim
27  Division Director, Division of Health Services,
    Arizona Department of Corrections, in their
28  official capacities,

                              Defendants.

1    3.    Identify all depositions, trial testimony, statements, interviews of any person

2    potential witness or expert you have or may use to cross examine any witness or expert

3    witness in this case.

4        **ANSWER:**

5

6

7    4.    For each witness identified in your disclosure statement, please provide the

8    substance of their anticipated testimony as if deposed or a summary of the facts they

9    possess that are relevant to this matter.

10       **ANSWER:**

11

12

13   5.    Identify and set forth with specificity each and every act or omission that

14   you contend violated the Eighth Amendment; identify the person(s) violating this

15   Amendment; describe how such violation proximately caused or contributed to your

16   injury and the injury of each witness or party you have disclosed; and state all facts upon

17   which you rely to support this contention.

18       **ANSWER:**

19

20

21   6.    Identify any and all medical and mental health providers, including but not

22   limited to any medical provider, hospital, physician, doctor, nurse, nurse practitioner,

23   specialist, physician's assistant, therapist, chiropractor, physical therapist, occupational

24   therapist, psychiatrist, psychologist, counselor, mental health care provider and/or

25   counselor with whom you or any former or current detainee or inmate you may call at trial

26   have treated, been examined, or who have had tests performed  upon them from January 1,

27   2010 to the present.

28       **ANSWER:**

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Assistant Attorney General
3   1275 W. Washington Street
    Phoenix, Arizona 85007-2926
4   Telephone: (602) 542-4951
    Fax: (602) 542-7670
5   Michael.Gottfried@azag.gov

6   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
7   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
8   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
9   Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE, & LOVE, P.L.C.
10  3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
11  Telephone:  (480) 420-1600
    Fax:  (480) 420-1696
12  dstruck@swlfirm.com
    kwieneke@swlfirm.com
13  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
14  ccloman@swlfirm.com
    afletcher@swlfirm.com
15  aorcutt@swlfirm.com

16  *Attorneys for Defendants*

17              **UNITED STATES DISTRICT COURT**

18                   **DISTRICT OF ARIZONA**

| | |
|---|---|
| 19  Victor Parsons; Shawn Jensen; Stephen | NO. 2:12-cv-00601-NVW |
| 20  Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy | **DEFENDANT CHARLES RYAN'S** |
| 21  Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; | **FIRST SET OF INTERROGATORIES TO** |
| 22  and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona | **PLAINTIFF DUSTIN BRISLAN** |
| 23  Center for Disability Law, | |
| 24                              Plaintiffs, | |
| 25        v. | |
| 26  Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim | |
| 27  Division Director, Division of Health Services, Arizona Department of Corrections, in their | |
| 28  official capacities, | |
|                              Defendants. | |

1      17.    Identify any and all medical and mental health providers, including but not

2    limited to any medical provider, hospital, physician, doctor, nurse, nurse practitioner,

3    specialist, physician's assistant, therapist, chiropractor, physical therapist, occupational

4    therapist, psychiatrist, psychologist, counselor, mental health care provider and/or

5    counselor with whom you or any former or current detainee or inmate you may call at trial

6    have been treated, examined, or performed tests upon from 2004 to the present.

7        **ANSWER:**

8

9

10    18.    Identify all depositions, trial testimony, statements, or interviews of any

11    person, potential witness, or expert you have or may use to cross examine any witness or

12    expert witness in this case.

13        **ANSWER:**

14

15

16    19.    For each witness identified in your disclosure statement, please provide the

17    substance of their anticipated testimony as if deposed or a summary of the facts they

18    possess that are relevant to this matter.

19        **ANSWER:**

20

21

22

23

24

25

26

27

28

16

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Assistant Attorney General
3   1275 W. Washington Street
    Phoenix, Arizona 85007-2926
4   Telephone: (602) 542-4951
    Fax: (602) 542-7670
5   Michael.Gottfried@azag.gov

6   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
7   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
8   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
9   Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE, & LOVE, P.L.C.
10  3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
11  Telephone:  (480) 420-1600
    Fax:  (480) 420-1696
12  dstruck@swlfirm.com
    kwieneke@swlfirm.com
13  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
14  ccloman@swlfirm.com
    afletcher@swlfirm.com
15  aorcutt@swlfirm.com

16  *Attorneys for Defendants*

17                **UNITED STATES DISTRICT COURT**

18                      **DISTRICT OF ARIZONA**

19  Victor Parsons; Shawn Jensen; Stephen          NO. 2:12-cv-00601-NVW
    Swartz; Dustin Brislan; Sonia Rodriguez;
20  Christina Verduzco; Jackie Thomas; Jeremy      **DEFENDANT CHARLES RYAN'S**
    Smith; Robert Gamez; Maryanne Chisholm;        **FIRST SET OF**
21  Desiree Licci; Joseph Hefner; Joshua Polson;   **INTERROGATORIES TO**
    and Charlotte Wells, on behalf of themselves   **PLAINTIFF SHAWN JENSEN**
22  and all others similarly situated; and Arizona
    Center for Disability Law,
23
                                    Plaintiffs,
24
25                   v.

26  Charles Ryan, Director, Arizona Department
    of Corrections; and Richard Pratt, Interim
27  Division Director, Division of Health Services,
    Arizona Department of Corrections, in their
28  official capacities,

                                    Defendants.

1        11.    For each witness identified in your disclosure statement, please provide the

2   substance of their anticipated testimony as if deposed or a summary of the facts they

3   possess that are relevant to this matter.

4        **ANSWER:**

5

6

7        DATED this 14th day of September, 2012.

8                                          STRUCK WIENEKE, & LOVE, P.L.C.

9

10                                         By /s/ *Timothy J. Bojanowski*
                                              Daniel P. Struck
11                                            Kathleen L. Wieneke
                                              Timothy J. Bojanowski
12                                            Nicholas D. Acedo
                                              Courtney R. Cloman
13                                            Ashlee B. Fletcher
                                              Anne M. Orcutt
14                                            STRUCK WIENEKE, & LOVE, P.L.C.
                                              3100 West Ray Road, Suite 300
15                                            Chandler, Arizona  85226

16                                            Arizona Attorney General Thomas C. Horne
                                              Office of the Attorney General
17                                            Michael E. Gottfried
                                              Assistant Attorney General
18                                            1275 W. Washington Street
                                              Phoenix, Arizona 85007-2926
19

20                                            *Attorneys for Defendants*

21   COPIES of the foregoing e-mailed to
     all counsel of record per the attached list
22   this 14th day of September, 2012.

23

24   By:   /s/Kimberly Shadoan

25   2685487.1

26

27

28

14

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Assistant Attorney General
3   1275 W. Washington Street
    Phoenix, Arizona 85007-2926
4   Telephone: (602) 542-4951
    Fax: (602) 542-7670
5   Michael.Gottfried@azag.gov

6   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
7   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
8   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
9   Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE, & LOVE, P.L.C.
10  3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
11  Telephone:  (480) 420-1600
    Fax:  (480) 420-1696
12  dstruck@swlfirm.com
    kwieneke@swlfirm.com
13  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
14  ccloman@swlfirm.com
    afletcher@swlfirm.com
15  aorcutt@swlfirm.com

16  *Attorneys for Defendants*

17                    **UNITED STATES DISTRICT COURT**

18                         **DISTRICT OF ARIZONA**

19  Victor Parsons; Shawn Jensen; Stephen          NO. 2:12-cv-00601-NVW
    Swartz; Dustin Brislan; Sonia Rodriguez;
20  Christina Verduzco; Jackie Thomas; Jeremy      **DEFENDANT CHARLES RYAN'S**
    Smith; Robert Gamez; Maryanne Chisholm;        **FIRST SET OF**
21  Desiree Licci; Joseph Hefner; Joshua Polson;   **INTERROGATORIES TO**
    and Charlotte Wells, on behalf of themselves   **PLAINTIFF STEPHEN SWARTZ**
22  and all others similarly situated; and Arizona
    Center for Disability Law,
23
24                                    Plaintiffs,
25             v.
26  Charles Ryan, Director, Arizona Department
    of Corrections; and Richard Pratt, Interim
27  Division Director, Division of Health Services,
    Arizona Department of Corrections, in their
28  official capacities,

                                    Defendants.

1    3.    Identify all depositions, trial testimony, statements, interviews of any person

2    potential witness or expert you have or may use to cross examine any witness or expert

3    witness in this case.

4        **ANSWER:**

5

6

7    4.    For each witness identified in your disclosure statement, please provide the

8    substance of their anticipated testimony as if deposed or a summary of the facts they

9    possess that are relevant to this matter.

10        **ANSWER:**

11

12

13    5.    Identify and set forth with specificity each and every act or omission that

14    you contend violated the Eighth Amendment; identify the person(s) violating this

15    Amendment; describe how such violation proximately caused or contributed to your

16    injury and that of each witness you have disclosed or may call for trial; and state all facts

17    upon which you rely to support this contention.

18        **ANSWER:**

19

20

21    6.    Identify any and all medical and mental health providers, including but not

22    limited to any medical provider, hospital, physician, doctor, nurse, nurse practitioner,

23    specialist, physician's assistant, therapist, chiropractor, physical therapist, occupational

24    therapist, psychiatrist, psychologist, counselor, mental health care provider and/or

25    counselor with whom you or any former or current detainee or inmate you may call at trial

26    who have been treated, examined, or who have had tests performed  upon them from

27    January 1, 2010 to the present.

28        **ANSWER:**

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Assistant Attorney General
3   1275 W. Washington Street
    Phoenix, Arizona 85007-2926
4   Telephone: (602) 542-4951
    Fax: (602) 542-7670
5   Michael.Gottfried@azag.gov

6   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
7   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
8   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
9   Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE, & LOVE, P.L.C.
10  3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
11  Telephone:  (480) 420-1600
    Fax:  (480) 420-1696
12  dstruck@swlfirm.com
    kwieneke@swlfirm.com
13  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
14  ccloman@swlfirm.com
    afletcher@swlfirm.com
15  aorcutt@swlfirm.com

16  *Attorneys for Defendants*

17                  **UNITED STATES DISTRICT COURT**

18                        **DISTRICT OF ARIZONA**

| | |
|---|---|
| 19  Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-NVW  **DEFENDANT CHARLES RYAN'S FIRST SET OF INTERROGATORIES TO PLAINTIFF CHARLOTTE WELLS** |
| Plaintiffs, | |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

3.      Identify all depositions, trial testimony, statements, interviews of any person potential witness or expert you have or may use to cross examine any witness or expert witness in this case.

**ANSWER:**

4.      For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter.

**ANSWER:**

5.      Have you or any witness you have disclosed or may call for trial, ever been the subject of any court action, including criminal and civil matters, restraining orders (whether temporary or permanent), divorce action, separation, disability action, paternity action, custody action, immigration proceeding or mental health commitment? If so, please identify each and every action, including the jurisdiction, dates, case number, parties, and results of each action.

**ANSWER:**

6.      Identify each and every specific instance where Defendant failed to provide "adequate medical care," as referenced in Plaintiffs' Complaint, as to yourself and each witness you have disclosed or may call for trial.  For each instance where Defendant failed to provide "adequate medical care," describe with specificity the medical care alleged to have been required, the medical care actually provided, and the injury sustained as a result of the Defendant's failure to provide you with "adequate medical care."

**ANSWER:**

11

1   Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Assistant Attorney General
3   1275 W. Washington Street
    Phoenix, Arizona 85007-2926
4   Telephone: (602) 542-4951
    Fax: (602) 542-7670
5   Michael.Gottfried@azag.gov

6   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
7   Timothy J. Bojanowski, Bar No. 22126
    Nicholas D. Acedo, Bar No. 021644
8   Courtney R. Cloman, Bar No. 023155
    Ashlee B. Fletcher, Bar No. 028874
9   Anne M. Orcutt, Bar No. 029387
    STRUCK WIENEKE, & LOVE, P.L.C.
10  3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
11  Telephone:  (480) 420-1600
    Fax:  (480) 420-1696
12  dstruck@swlfirm.com
    kwieneke@swlfirm.com
13  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
14  ccloman@swlfirm.com
    afletcher@swlfirm.com
15  aorcutt@swlfirm.com
    *Attorneys for Defendants*

16

## UNITED STATES DISTRICT COURT

17

## DISTRICT OF ARIZONA

18

19  Victor Parsons; Shawn Jensen; Stephen          NO. 2:12-cv-00601-NVW
    Swartz; Dustin Brislan; Sonia Rodriguez;
20  Christina Verduzco; Jackie Thomas; Jeremy      **DEFENDANT CHARLES RYAN'S**
    Smith; Robert Gamez; Maryanne Chisholm;        **SECOND SET OF**
21  Desiree Licci; Joseph Hefner; Joshua Polson;   **INTERROGATORIES TO**
    and Charlotte Wells, on behalf of themselves   **PLAINTIFF MARYANNE**
    and all others similarly situated; and Arizona **CHISHOLM**
22  Center for Disability Law,

23                                  Plaintiffs,

24          v.

25  Charles Ryan, Director, Arizona Department
    of Corrections; and Richard Pratt, Interim
26  Division Director, Division of Health Services,
    Arizona Department of Corrections, in their
27  official capacities,

28                                  Defendants.

11.    "Person" means any natural person or any business, legal or governmental entity or association, including, but not limited to: firms; partnerships; associations; corporations and divisions, departments or other units thereof; joint-ventures; syndicates; hotels or motels; institution; trust; governmental agencies, departments, boards, bureaus; or any other entity, together with any and all partners, trustees, officers, directors, employees, or agents thereto.

12.    "Relating," "relate," "concern," "concerning," "indicating," or "reflecting" means referring to, having any relationship to, pertaining to, consisting of, referring to, describing, discussing, containing, mentioning, pertaining to, citing, summarizing, analyzing, evidencing or constituting evidence of, or bearing any logical or factual connection with the matter discussed, whether in whole or in part.

13.    "You" and "your" refers to Plaintiff Maryanne Chisholm and his counsel of record.

## INTERROGATORIES

13.    Identify all depositions, trial testimony, statements, or interviews of any person potential witness or expert you have or may use to cross examine any witness or expert witness in this case.

**ANSWER:**

14.    For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter.

**ANSWER:**

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Courtney R. Cloman, Bar No. 023155
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
STRUCK WIENEKE, & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
ccloman@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-NVW <br><br> **DEFENDANT RICHARD PRATT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF MARYANNE CHISHOLM** |

11.     "Person" means any natural person or any business, legal or governmental entity or association, including, but not limited to: firms; partnerships; associations; corporations and divisions, departments or other units thereof; joint-ventures; syndicates; hotels or motels; institution; trust; governmental agencies, departments, boards, bureaus; or any other entity, together with any and all partners, trustees, officers, directors, employees, or agents thereto.

12.     "Relating," "relate," "concern," "concerning," "indicating," or "reflecting" means referring to, having any relationship to, pertaining to, consisting of, referring to, describing, discussing, containing, mentioning, pertaining to, citing, summarizing, analyzing, evidencing or constituting evidence of, or bearing any logical or factual connection with the matter discussed, whether in whole or in part.

13.     "You" and "your" refers to Plaintiff Maryanne Chisholm and his counsel of record.

## INTERROGATORIES

13.     Identify all depositions, trial testimony, statements, and interviews of any person, potential witness, or expert you may use to cross examine any witness or expert witness in this case.

**ANSWER:**

14.     For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter.

**ANSWER:**

# **<u>Exhibit D</u>**

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone:  (602) 650-1854
    Email: dpochoda@acluaz.org
5          kflood@acluaz.org
           jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,
    Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
8   *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne
    Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
9   *and Charlotte Wells, on behalf of themselves and all
    others similarly situated*

10  **[ADDITIONAL COUNSEL LISTED ON**
11   **SIGNATURE PAGE]**

12              UNITED STATES DISTRICT COURT

13                  DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina         (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on     **PLAINTIFF MARYANNE**
    behalf of themselves and all others similarly      **CHISHOLM'S FIRST**
17  situated; and Arizona Center for Disability Law,   **SUPPLEMENTAL**
                                                       **RESPONSES TO**
18              Plaintiffs,                            **DEFENDANT RICHARD**
                                                       **PRATT'S SECOND SET OF**
19          v.                                         **INTERROGATORIES**

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23              Defendants.

24

25

26

27

28

1    7.    To the extent any Request or any portion thereof is not expressly admitted, it

2    is denied.

3                              **INTERROGATORIES**

4    **INTERROGATORY NO. 13:**  Identify all depositions, trial testimony, statements, and

5    interviews of any person, potential witness, or expert you may use to cross examine any

6    witness or expert witness in this case.

7    **RESPONSE TO INTERROGATORY NO. 13:**  Chisholm objects to this interrogatory

8    as prematurely seeking information while discovery and investigation are ongoing.

9    Chisholm also asserts the Right to Supplement Objection, Expert Opinion Objection,

10   Privilege Log Objection, and Absent Class Member Objection.  Chisholm also objects to

11   this Request to the extent it requests information which is in the possession and control of

12   Defendants and more readily available to them than to Chisholm.

13        Subject to and without waiving any objection, Chisholm will disclose depositions,

14   trial testimony, statements, and interviews of any person, potential witness, or expert

15   pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

16   the disclosure of trial information.

17

18   **INTERROGATORY NO. 14:**  For each witness identified in your disclosure statement,

19   please provide the substance of their anticipated testimony as if deposed or a summary of

20   the facts they possess that are relevant to this matter.

21   **RESPONSE TO INTERROGATORY NO. 14:**  Chisholm objects to this interrogatory

22   as prematurely seeking information while discovery and investigation are ongoing.

23   Chisholm also asserts the Right to Supplement Objection, Expert Opinion Objection,

24   Privilege Log Objection, and Absent Class Member Objection.  Chisholm objects to this

25   Request as premature and overly burdensome.  Chisholm also objects to this Request to

26   the extent it requests information which is in the possession and control of Defendants and

27   more readily available to them than to Chisholm.

28

1       Subject to and without waiving any objection, Chisholm will disclose witness

2    testimony and relevant facts possessed by those witnesses pursuant to the Court's

3    scheduling orders and/or upon agreement by the parties relating to the disclosure of trial

4    information.

5

6    **INTERROGATORY NO. 15:**   In your responses to Defendant Richard Pratt's First

7    Requests for Admission nos. 5-12, you contend that "Defendants' policies and procedures

8    at all times placed all inmates, including Plaintiff Chisholm, at an unreasonable risk of

9    harm."  Please explain how.

10    **RESPONSE TO INTERROGATORY NO. 15:**   Chisholm objects to this interrogatory

11    as prematurely seeking information while discovery and investigation are ongoing.

12    Chisholm also asserts the Right to Supplement Objection, Expert Opinion Objection, and

13    Absent Class Member Objection.  Chisholm also objects to this Request to the extent it

14    requests information which is in the possession and control of Defendants and more

15    readily available to them than to Chisholm.

16    **Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, "[i]f the**

17    **answer to an interrogatory may be determined by examining, auditing, compiling,**

18    **abstracting, or summarizing a party's business records (including electronically**

19    **stored information), and if the burden of deriving or ascertaining the answer will be**

20    **substantially the same for either party, the responding party may answer by:**

21    **(1) specifying the records that must be reviewed, in sufficient detail to enable the**

22    **interrogating party to locate and identify them as readily as the responding party**

23    **could; [....]"** Subject to and without waiving any objection, Chisholm directs Defendants

24    to Plaintiffs' Complaint, to Defendants' own records, other publicly-available documents

25    disclosed and/or used in this litigation, and the documents produced by Defendants with

26    the Bates numbers ADC027769- ADC027809., **along with ADC000001-286,**

27    **ADC050723-27, ADC071361-93, ADC084454-700, ADC123341-378, ADC130364-719,**

28    **PLTF-PARSONS-004624-28,   PLTF-PARSONS-014888-941,   PLTF-PARSONS-**

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone: (602) 650-1854
    Email: dpochoda@acluaz.org
5           kflood@acluaz.org
            jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
    Stephen Swartz, Dustin Brislan, Sonia Rodriguez,*
8   *Christina Verduzco, Jackie Thomas, Jeremy Smith,
    Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on
    behalf of themselves and all others similarly situated*

10  **[ADDITIONAL COUNSEL LISTED ON**
11  **SIGNATURE PAGE]**

12              UNITED STATES DISTRICT COURT

13                  DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina           (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on       **PLAINTIFF MARYANNE**
    behalf of themselves and all others similarly        **CHISHOLM'S RESPONSES**
17  situated; and Arizona Center for Disability Law,     **TO DEFENDANT CHARLES**
                                                         **RYAN'S SECOND SET OF**
18              Plaintiffs,                              **INTERROGATORIES**

19      v.

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23              Defendants.

24

25

26

27

28

1    7.    To the extent any Request or any portion thereof is not expressly admitted, it

2  is denied.

3                          **INTERROGATORIES**

4  **INTERROGATORY NO. 13:**   Identify all depositions, trial testimony, statements, or

5  interviews of any person potential witness or expert you have or may use to cross examine

6  any witness or expert witness in this case.

7  **RESPONSE TO INTERROGATORY NO. 13:**   Chisholm objects to this interrogatory

8  as prematurely seeking information while discovery and investigation are ongoing.

9  Chisholm also asserts the Right to Supplement Objection, Expert Opinion Objection,

10  Privilege Log Objection, and Absent Class Member Objection.   Chisholm also objects to

11  this Request to the extent it requests information which is in the possession and control of

12  Defendants and more readily available to them than to Chisholm.

13      Subject to and without waiving any objection, Chisholm will disclose depositions,

14  trial testimony, statements, and interviews of any person, potential witness, or expert

15  pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

16  the disclosure of trial information.

17

18  **INTERROGATORY NO. 14:**   For each witness identified in your disclosure statement,

19  please provide the substance of their anticipated testimony as if deposed or a summary of

20  the facts they possess that are relevant to this matter.

21  **RESPONSE TO INTERROGATORY NO. 14:**   Chisholm objects to this interrogatory

22  as prematurely seeking information while discovery and investigation are ongoing.

23  Chisholm also asserts the Right to Supplement Objection, Expert Opinion Objection,

24  Privilege Log Objection, and Absent Class Member Objection.   Chisholm also objects to

25  this Request to the extent it requests information which is in the possession and control of

26  Defendants and more readily available to them than to Chisholm.

27      Subject to and without waiving any objection, Chisholm will disclose depositions,

28  trial testimony, statements, and interviews of any person, potential witness, or expert

1  pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

2  the disclosure of trial information.

3

4

5

6

7  Dated:  October 22, 2012                    **PERKINS COIE LLP**

8

9  By: _s/ John H. Gray_
       Daniel C. Barr (Bar No. 010149)
       Jill L. Ripke (Bar No. 024837)
10     James A. Ahlers (Bar No. 026660)
       Kirstin T. Eidenbach (Bar No. 027341)
11     John H. Gray (Bar No. 028107)
       Thomas D. Ryerson (Bar No. 028073)
12     Matthew B. du Mée (Bar No. 028468)
       2901 N. Central Avenue, Suite 2000
13     Phoenix, Arizona 85012
       Telephone:  (602) 351-8000
14     Email:     dbarr@perkinscoie.com
                  rjipke@perkinscoie.com
15                jahlers@perkinscoie.com
                  keidenbach@perkinscoie.com
16                jhgray@perkinscoie.com
                  tryerson@perkinscoie.com
17                mdumee@perkinscoie.com

18     Daniel Pochoda (Bar No. 021979)
       Kelly J. Flood (Bar No. 019772)
19     James Duff Lyall (Bar No. 330045)*
       **ACLU FOUNDATION OF**
20     **ARIZONA**
       3707 North 7th Street, Suite 235
21     Phoenix, Arizona 85013
       Telephone:  (602) 650-1854
22     Email:     dpochoda@acluaz.org
                  kflood@acluaz.org
23                jlyall@acluaz.org

24     *Admitted pursuant to Ariz. Sup. Ct.
       R. 38(f)
25

26

27

28

-4-

Daniel Pochoda (Bar No. 021979)
Kelly J. Flood (Bar No. 019772)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: dpochoda@acluaz.org
        kflood@acluaz.org
        jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,
Dustin Brislan, Sonia Rodriguez, Christina Verduzco,
Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne
Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,
and Charlotte Wells, on behalf of themselves and all
others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON
 SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-NVW (MEA) <br><br> **PLAINTIFF CHRISTINA VERDUZCO'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT CHARLES RYAN'S FIRST SET OF INTERROGATORIES** |

78204-0001/LEGAL27877901.1

1   investigation are ongoing.  Verduzco also asserts the Right to Supplement Objection,

2   Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection.

3          Subject to and without waiving any objection, Verduzco will disclose depositions,

4   trial testimony, statements, and interviews of any person, potential witness, or expert

5   pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

6   the disclosure of trial information.

7

8   **INTERROGATORY NO. 3:**   Identify all depositions, trial testimony, statements,

9   interviews of any person potential witness or expert you have or may use to cross examine

10  any witness or expert witness in this case.

11  **RESPONSE TO INTERROGATORY NO. 3:**  Verduzco objects to this interrogatory to

12  the extent that it seeks discovery regarding anyone other than Plaintiff Verduzco.

13  Verduzco objects to this interrogatory as overly broad and unduly burdensome.  Verduzco

14  objects to this interrogatory as prematurely seeking information while discovery and

15  investigation are ongoing.  Verduzco also asserts the Right to Supplement Objection,

16  Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection.

17         Subject to and without waiving any objection, Verduzco will disclose depositions,

18  trial testimony, statements, and interviews of any person, potential witness, or expert

19  pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

20  the disclosure of trial information.

21

22  **INTERROGATORY NO. 4:**  For each witness identified in your disclosure statement,

23  please provide the substance of their anticipated testimony as if deposed or a summary of

24  the facts they possess that are relevant to this matter.

25  **RESPONSE TO INTERROGATORY NO. 4:**  Verduzco objects to this interrogatory to

26  the extent that it seeks discovery regarding anyone other than Plaintiff Verduzco.

27  Verduzco objects to this interrogatory as overly broad and unduly burdensome.  Verduzco

28  objects to this interrogatory as prematurely seeking information while discovery and

1  investigation are ongoing.  Verduzco also asserts the Right to Supplement Objection,

2  Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection.

3      Subject to and without waiving any objection, Verduzco will disclose witness

4  testimony and relevant facts possessed by those witnesses pursuant to the Court's

5  scheduling orders and/or upon agreement by the parties relating to the disclosure of trial

6  information.

7

8  **INTERROGATORY NO. 5:**  Identify and set forth with specificity each and every act or

9  omission that you contend violated the Eighth Amendment; identify the person(s)

10  violating this Amendment; describe how such violation proximately caused or contributed

11  to your injuries and that of each witness you have disclosed or may call for trial; and state

12  all facts upon which you rely to support this contention.

13  **RESPONSE TO INTERROGATORY NO. 5:**  Verduzco objects to this interrogatory as

14  prematurely seeking information while discovery and investigation are ongoing.

15  Verduzco also asserts the Right to Supplement Objection, Expert Opinion Objection,

16  Privilege Log Objection, and Absent Class Member Objection.  Verduzco objects to this

17  interrogatory as overly broad and unduly burdensome.   Verduzco objects to this

18  interrogatory as improper and requiring a narrative answer.  Verduzco's claim does not

19  arise in isolation but is part of a broader failure by the ADC to provide adequate

20  healthcare system wide, a topic on which Plaintiffs are currently taking discovery from

21  Defendants, which at this point is incomplete.

22      **Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, "[i]f the**

23  **answer to an interrogatory may be determined by examining, auditing, compiling,**

24  **abstracting, or summarizing a party's business records (including electronically**

25  **stored information), and if the burden of deriving or ascertaining the answer will be**

26  **substantially the same for either party, the responding party may answer by:**

27  **(1) specifying the records that must be reviewed, in sufficient detail to enable the**

28  **interrogating party to locate and identify them as readily as the responding party**

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone: (602) 650-1854
   Email: dpochoda@acluaz.org
5          kflood@acluaz.org
           jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
   *Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
8  *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne*
   *Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
9  *and Charlotte Wells, on behalf of themselves and all*
   *others similarly situated*
10
   **[ADDITIONAL COUNSEL LISTED ON**
11  **SIGNATURE PAGE]**

12                  UNITED STATES DISTRICT COURT

13                       DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina           (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on       **PLAINTIFF CHARLOTTE**
    behalf of themselves and all others similarly        **WELLS' SECOND**
17  situated; and Arizona Center for Disability Law,      **SUPPLEMENTAL**
                                                         **RESPONSES TO**
18                  Plaintiffs,                          **DEFENDANT CHARLES**
                                                         **RYAN'S FIRST SET OF**
19         v.                                            **INTERROGATORIES**

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23                  Defendants.

24

25

26

27

28

   78204-0001/LEGAL27877782.1

1  ongoing.   Wells also asserts the Right to Supplement Objection, Expert Opinion
2  Objection, Privilege Log Objection, and Absent Class Member Objection.

3       Subject to and without waiving any objection, Wells will disclose depositions, trial
4  testimony, statements, and interviews of any person, potential witness, or expert pursuant
5  to the Court's scheduling orders and/or upon agreement by the parties relating to the
6  disclosure of trial information.

7

8  **INTERROGATORY NO. 3:**   Identify all depositions, trial testimony, statements,
9  interviews of any person potential witness or expert you have or may use to cross examine
10  any witness or expert witness in this case.

11  **RESPONSE TO INTERROGATORY NO. 3:**  Wells objects to this interrogatory to the
12  extent that it seeks discovery regarding anyone other than Plaintiff Wells.  Wells objects
13  to this interrogatory as overbroad and unduly burdensome.   Wells objects to this
14  interrogatory as prematurely seeking information while discovery and investigation are
15  ongoing.   Wells also asserts the Right to Supplement Objection, Expert Opinion
16  Objection, Privilege Log Objection, and Absent Class Member Objection.

17       Subject to and without waiving any objection, Wells will disclose depositions, trial
18  testimony, statements, and interviews of any person, potential witness, or expert pursuant
19  to the Court's scheduling orders and/or upon agreement by the parties relating to the
20  disclosure of trial information.

21

22  **INTERROGATORY NO. 4:**  For each witness identified in your disclosure statement,
23  please provide the substance of their anticipated testimony as if deposed or a summary of
24  the facts they possess that are relevant to this matter.

25  **RESPONSE TO INTERROGATORY NO. 4:**  Wells objects to this interrogatory to the
26  extent that it seeks discovery regarding anyone other than Plaintiff Wells.  Wells objects
27  to this interrogatory as overbroad and unduly burdensome.   Wells objects to this
28  interrogatory as prematurely seeking information while discovery and investigation are

1   ongoing.   Wells also asserts the Right to Supplement Objection, Expert Opinion

2   Objection, Privilege Log Objection, and Absent Class Member Objection.

3          Subject to and without waiving any objection, Wells will disclose witness

4   testimony and relevant facts possessed by those witnesses pursuant to the Court's

5   scheduling orders and/or upon agreement by the parties relating to the disclosure of trial

6   information.

7

8   **INTERROGATORY NO. 5:**  Have you or any witness you have disclosed or may call

9   for trial, ever been the subject of any court action, including criminal and civil matters,

10   restraining orders (whether temporary or permanent), divorce action, separation, disability

11   action, paternity action, custody action, immigration proceeding or mental health

12   commitment?  If so, please identify each and every action, including the jurisdiction,

13   dates, case number, parties, and results of each action.

14   **RESPONSE TO INTERROGATORY NO. 5:**  Wells asserts the Right to Supplement

15   Objection and Absent Class Member Objection. Wells also objects to this Request as

16   burdensome, especially to the extent it seeks information and documents available to

17   Defendants through public sources or records, including websites maintained by

18   Defendants, such as http://www.azcorrections.gov/inmate_datasearch/Index_Minh.aspx.

19   Wells also objects to this Request to the extent it requests information which is in the

20   possession and control of Defendants and more readily available to them than to Wells.

21   Wells has information in her central file and/or health care file available to her, but it

22   would be unduly wasteful to require her to request that information from Defendants or

23   otherwise to produce to Defendants information they recently produced to her. Similarly,

24   to the extent Wells could request other public information responsive to this interrogatory,

25   that information is available to Defendants from sources less burdensome to Defendants

26   than they would be to Wells.

27          Subject to and based on these objections, Wells directs Defendants to their own

28   records and to other publicly-available sources of information.

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone:  (602) 650-1854
    Email: dpochoda@acluaz.org
5           kflood@acluaz.org
            jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
    *Dustin Brislan, Sonia Rodriguez, Christina Thomas,*
8   *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne*
    *Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
9   *and Charlotte Wells, on behalf of themselves and all*
    *others similarly situated*
10
    **[ADDITIONAL COUNSEL LISTED ON**
11   **SIGNATURE PAGE]**

12                  UNITED STATES DISTRICT COURT

13                      DISTRICT OF ARIZONA

14   Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-NVW
     Dustin Brislan; Sonia Rodriguez; Christina Thomas;
15   Jackie Thomas; Jeremy Smith; Robert Gamez;
     Maryanne Chisholm; Desiree Licci; Joseph Hefner;     **PLAINTIFF STEPHEN**
16   Joshua Polson; and Charlotte Wells, on behalf of     **SWARTZ'S SECOND**
     themselves and all others similarly situated; and    **SUPPLEMENTAL**
17   Arizona Center for Disability Law,                    **RESPONSES TO**
                                                           **DEFENDANT CHARLES**
18                  Plaintiffs,                            **RYAN'S FIRST SET OF**
                                                           **INTERROGATORIES**
19          v.

20   Charles Ryan, Director, Arizona Department of
     Corrections; and Richard Pratt, Interim Division
21   Director, Division of Health Services, Arizona
     Department of Corrections, in their official
22   capacities,

23                  Defendants.

24

25

26

27

28

78204-0001/LEGAL27959478.1

1    ongoing.    Swartz also asserts the Right to Supplement Objection, Expert Opinion

2    Objection, and Absent Class Member Objection.

3         Subject to and without waiving any objection, Swartz will disclose depositions,

4    trial testimony, statements, and interviews of any person, potential witness, or expert

5    pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

6    the disclosure of trial information.

7

8    **INTERROGATORY NO. 3:**    Identify all depositions, trial testimony, statements,

9    interviews of any person potential witness or expert you have or may use to cross examine

10   any witness or expert witness in this case.

11   **RESPONSE TO INTERROGATORY NO. 3:**   Swartz objects to this interrogatory to

12   the extent that it seeks discovery regarding anyone other than Plaintiff Swartz.   Swartz

13   objects to this interrogatory as overbroad and unduly burdensome.   Swartz objects to this

14   interrogatory as prematurely seeking information while discovery and investigation are

15   ongoing.    Swartz also asserts the Right to Supplement Objection, Expert Opinion

16   Objection, and Absent Class Member Objection.

17        Subject to and without waiving any objection, Swartz will disclose depositions,

18   trial testimony, statements, and interviews of any person, potential witness, or expert

19   pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

20   the disclosure of trial information.

21

22   **INTERROGATORY NO. 4:**   For each witness identified in your disclosure statement,

23   please provide the substance of their anticipated testimony as if deposed or a summary of

24   the facts they possess that are relevant to this matter.

25   **RESPONSE TO INTERROGATORY NO. 4:**   Swartz objects to this interrogatory to

26   the extent that it seeks discovery regarding anyone other than Plaintiff Swartz.   Swartz

27   objects to this interrogatory as overbroad and unduly burdensome.   Swartz objects to this

28   interrogatory as prematurely seeking information while discovery and investigation are

1  ongoing.    Swartz also asserts the Right to Supplement Objection, Expert Opinion

2  Objection, and Absent Class Member Objection.    Swartz objects to this Request as

3  premature and overly burdensome.

4       Subject to and without waiving any objection, Swartz will disclose witness

5  testimony and relevant facts possessed by those witnesses pursuant to the Court's

6  scheduling orders and/or upon agreement by the parties relating to the disclosure of trial

7  information.

8

9  **INTERROGATORY NO. 5:**  Identify and set forth with specificity each and every act or

10  omission that you contend violated the Eighth Amendment; identify the person(s)

11  violating this Amendment; describe how such violation proximately caused or contributed

12  to your injuries and that of each witness you have disclosed or may call for trial; and state

13  all facts upon which you rely to support this contention.

14  **RESPONSE TO INTERROGATORY NO. 5:**  Swartz objects to this interrogatory as

15  improper to the extent it calls for a narrative.  Swartz objects to this interrogatory as

16  overly broad and unduly burdensome.  Swartz objects to this interrogatory to the extent it

17  seeks discovery relating to any individual other than Plaintiff Swartz.  Plaintiff Swartz's

18  claim does not arise in isolation but it part of a broader failure by the ADC to provide

19  adequate health care systemwide, a topic on which Plaintiffs are currently taking

20  discovery from Defendants, which at this point is incomplete.  Swartz objects to this

21  interrogatory as prematurely seeking information while discovery and investigation are

22  ongoing.  Swartz also asserts the Right to Supplement Objection, Expert Opinion

23  Objection, and Absent Class Member Objection.

24       **Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, "[i]f the**

25  **answer to an interrogatory may be determined by examining, auditing, compiling,**

26  **abstracting, or summarizing a party's business records (including electronically**

27  **stored information), and if the burden of deriving or ascertaining the answer will be**

28  **substantially the same for either party, the responding party may answer by:**

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone: (602) 650-1854
   Email: dpochoda@acluaz.org
5        kflood@acluaz.org
         jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
   *Dustin Brislan, Sonia Rodriguez, Christina Thomas,*
8  *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne*
   *Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
9  *and Charlotte Wells, on behalf of themselves and all*
   *others similarly situated*
10
   **[ADDITIONAL COUNSEL LISTED ON**
11  **SIGNATURE PAGE]**

12              UNITED STATES DISTRICT COURT

13                  DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina Thomas;
15  Jackie Thomas; Jeremy Smith; Robert Gamez;
    Maryanne Chisholm; Desiree Licci; Joseph Hefner;     **PLAINTIFF JACKIE**
16  Joshua Polson; and Charlotte Wells, on behalf of     **THOMAS' THIRD**
    themselves and all others similarly situated; and    **SUPPLEMENTAL**
17  Arizona Center for Disability Law,                    **RESPONSES TO**
                                                          **DEFENDANT CHARLES**
18              Plaintiffs,                               **RYAN'S FIRST SET OF**
                                                          **INTERROGATORIES**
19       v.

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23              Defendants.

24

25

26

27

28

LEGAL27972415.1

1  is in the possession and control of Defendants and more readily available to them than to

2  Thomas.

3       Subject to and without waiving any objection, Thomas will disclose depositions,

4  trial testimony, statements, and interviews of any person, potential witness, or expert

5  pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

6  the disclosure of trial information.

7

8  **INTERROGATORY NO. 4:**  For each witness identified in your disclosure statement,

9  please provide the substance of their anticipated testimony as if deposed or a summary of

10  the facts they possess that are relevant to this matter.

11  **RESPONSE TO INTERROGATORY NO. 4:**

12       Thomas objects to this interrogatory to the extent that it seeks discovery regarding

13  anyone other than Plaintiff Thomas.  Thomas objects to this interrogatory as overbroad

14  and unduly burdensome.  Thomas objects to this interrogatory as prematurely seeking

15  information while discovery and investigation are ongoing.  Thomas also asserts the Right

16  to Supplement Objection, Expert Opinion Objection, and Absent Class Member

17  Objection.  Thomas objects to this Request as premature and overly burdensome.  Thomas

18  also objects to this Request to the extent it requests information which is in the possession

19  and control of Defendants and more readily available to them than to Thomas.

20       Subject to and without waiving any objection, Thomas will disclose witness

21  testimony and relevant facts possessed by those witnesses pursuant to the Court's

22  scheduling orders and/or upon agreement by the parties relating to the disclosure of trial

23  information.

24

25  **INTERROGATORY NO. 5:**  Identify and set forth with specificity each and every act or

26  omission that you contend violated the Eighth Amendment; identify the person(s)

27  violating this Amendment; describe how such violation proximately caused or contributed

28

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone: (602) 650-1854
    Email: dpochoda@acluaz.org
5         Kflood@acluaz.org
        jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
    *Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
8   *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne*
    *Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
9   *and Charlotte Wells, on behalf of themselves and all*
    *others similarly situated*

10   **[ADDITIONAL COUNSEL LISTED ON**
11   **SIGNATURE PAGE]**

12             UNITED STATES DISTRICT COURT

13               DISTRICT OF ARIZONA

|  |  |
|---|---|
| 14   Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-NVW (MEA) |
| Plaintiffs, | **PLAINTIFF SHAWN JENSEN'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT CHARLES RYAN'S FIRST SET OF INTERROGATORIES** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

24

25

26

27

28

1    Subject to and without waiving any objection, Jensen will disclose depositions,

2  trial testimony, statements, and interviews of any person, potential witness, or expert

3  pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to

4  the disclosure of trial information.

5

6  **INTERROGATORY NO. 11:** For each witness identified in your disclosure statement,

7  please provide the substance of their anticipated testimony as if deposed or a summary of

8  the facts they possess that are relevant to this matter.

9  **RESPONSE TO INTERROGATORY NO. 11:**

10    Jensen objects to this interrogatory as improper to the extent it calls for a narrative

11  response.  Jensen objects to this interrogatory as overly broad and unduly burdensome.

12  Jensen objects to this interrogatory to the extent it seeks discovery relating to any

13  individual other than Plaintiff Jensen.  Plaintiff Jensen's claim does not arise in isolation

14  but is part of a broader failure by the ADC to provide adequate health care system-wide, a

15  topic on which Plaintiffs are currently taking discovery from Defendants, which at this

16  point is incomplete.   Jensen objects to this interrogatory as prematurely seeking

17  information while discovery and investigation are ongoing.  Jensen also asserts the Right

18  to Supplement Objection, the Privilege Log Objection, the Expert Opinion Objection, and

19  the Absent Class Member Objection.  Jensen objects to this Request as premature and

20  overly burdensome.

21    Subject to and without waiving any objection, Jensen will disclose witness

22  testimony and relevant facts possessed by those witnesses pursuant to the Court's

23  scheduling orders and/or upon agreement by the parties relating to the disclosure of trial

24  information.

25

26

27

28

1  Daniel Pochoda (Bar No. 021979)
2  Kelly J. Flood (Bar No. 019772)
   James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone: (602) 650-1854
   Email: dpochoda@acluaz.org
5         kflood@acluaz.org
          jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
   *Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
8  *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne*
   *Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
9  *and Charlotte Wells, on behalf of themselves and all*
   *others similarly situated*
10
   **[ADDITIONAL COUNSEL LISTED ON**
11 **SIGNATURE PAGE]**

12            UNITED STATES DISTRICT COURT

13               DISTRICT OF ARIZONA

14 Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-NVW
   Dustin Brislan; Sonia Rodriguez; Christina         (MEA)
15 Verduzco; Jackie Thomas; Jeremy Smith; Robert
   Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16 Hefner; Joshua Polson; and Charlotte Wells, on     **PLAINTIFF SONIA**
   behalf of themselves and all others similarly      **RODRIGUEZ'S THIRD**
17 situated; and Arizona Center for Disability Law,   **SUPPLEMENTAL**
                                                      **RESPONSES TO**
18            Plaintiffs,                             **DEFENDANT CHARLES**
                                                      **RYAN'S FIRST SET OF**
19      v.                                            **INTERROGATORIES**

20 Charles Ryan, Director, Arizona Department of
   Corrections; and Richard Pratt, Interim Division
21 Director, Division of Health Services, Arizona
   Department of Corrections, in their official
22 capacities,

23            Defendants.

24

25

26

27

28

interrogatory as prematurely seeking information while discovery and investigation are ongoing.   Rodriguez also asserts the Right to Supplement Objection, Expert Opinion Objection, Absent Class Member Objection and Privilege Log Objection.

Subject to and without waiving any objection, Rodriguez will disclose depositions, trial testimony, statements, and interviews of any person, potential witness, or expert pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to the disclosure of trial information.

**INTERROGATORY  NO.  3:**   Identify  all  depositions,  trial  testimony,  statements, interviews of any person potential witness or expert you have or may use to cross examine any witness or expert witness in this case.

**RESPONSE TO INTERROGATORY NO. 3:**

Rodriguez objects to this interrogatory to the extent that it seeks discovery regarding anyone other than Plaintiff Rodriguez.   Rodriguez also objects to this interrogatory as overly broad and unduly burdensome.   Rodriguez objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.   Rodriguez also asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection.

Subject to and without waiving any objection, Rodriguez will disclose depositions, trial testimony, statements, and interviews of any person, potential witness, or expert pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to the disclosure of trial information.

**INTERROGATORY NO. 4:**  For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter.

**RESPONSE TO INTERROGATORY NO. 4:**

Rodriguez objects to this interrogatory to the extent that it seeks discovery regarding anyone other than Plaintiff Rodriguez.   Rodriguez also objects to this interrogatory as overly broad and unduly burdensome.   Rodriguez objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.   Rodriguez also asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection.   Rodriguez objects to this Request as premature and overly burdensome.

Subject to and without waiving any objection, Rodriguez will disclose witness testimony and relevant facts possessed by those witnesses pursuant to the Court's scheduling orders and/or upon agreement by the parties relating to the disclosure of trial information.

**INTERROGATORY NO. 5:**  Identify and set forth with specificity each and every act or omission that you contend violated the Eighth Amendment; identify the person(s) violating this Amendment; describe how such violation proximately caused or contributed to your injury and the injury of each witness or party you have disclosed; and state all facts upon which you rely to support this contention.

**RESPONSE TO INTERROGATORY NO. 5:**

Rodriguez objects to this interrogatory as improper to the extent it calls for a narrative. Rodriguez objects to this interrogatory as overly broad and unduly burdensome. Rodriguez objects to this interrogatory to the extent it seeks discovery relating to any individual other than Plaintiff Rodriguez.  Plaintiff Rodriguez's claim does not arise in isolation but it part of a broader failure by the ADC to provide adequate health care systemwide, a topic on which Plaintiffs are currently taking discovery from Defendants, which at this point is incomplete.  Rodriguez objects to this interrogatory as prematurely seeking information while discovery and investigation are ongoing.  Rodriguez also asserts the Right to Supplement Objection, Expert Opinion Objection, Privilege Log

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone:  (602) 650-1854
   Email: dpochoda@acluaz.org
5         kflood@acluaz.org
          jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
   *Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
8  *Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne*
   *Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson,*
9  *and Charlotte Wells, on behalf of themselves and all*
   *others similarly situated*
10
   **[ADDITIONAL COUNSEL LISTED ON**
11  **SIGNATURE PAGE]**

12              UNITED STATES DISTRICT COURT

13                  DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriguez; Christina              (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on      **PLAINTIFF DUSTIN**
    behalf of themselves and all others similarly       **BRISLAN'S THIRD**
17  situated; and Arizona Center for Disability Law,    **SUPPLEMENTAL**
                                                        **RESPONSES TO**
18                  Plaintiffs,                          **DEFENDANT CHARLES**
                                                        **RYAN'S FIRST SET OF**
19          v.                                          **INTERROGATORIES**

20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23                  Defendants.

24

25

26

27

28

1  **RESPONSE TO INTERROGATORY NO. 18:**

2      Brislan objects to this interrogatory as overbroad and unduly burdensome.  Brislan

3  objects to this interrogatory to the extent that it seeks discovery regarding anyone other

4  than Plaintiff Brislan.  Brislan objects to this interrogatory as prematurely seeking

5  information while discovery and investigation are ongoing.  Brislan also asserts the Right

6  to Supplement Objection.  Brislan also objects to this Request to the extent it requests

7  information which is in the possession and control of Defendants and more readily

8  available to them than to Brislan.

9      Subject to and without waiving any objection, Brislan will disclose responsive

10  information pursuant to the Court's scheduling orders and/or upon agreement by the

11  parties relating to the disclosure of trial information.

12

13  **INTERROGATORY NO. 19:**  For each witness identified in your disclosure statement,

14  please provide the substance of their anticipated testimony as if deposed or a summary of

15  the facts they possess that are relevant to this matter.

16  **RESPONSE TO INTERROGATORY NO. 19:**

17      Brislan objects to this interrogatory as overbroad and unduly burdensome.  Brislan

18  objects to this interrogatory to the extent that it seeks discovery regarding anyone other

19  than Plaintiff Brislan.  Brislan objects to this interrogatory as prematurely seeking

20  information while discovery and investigation are ongoing.  Brislan also asserts the Right

21  to Supplement Objection and Privilege Log Objection.  Brislan also objects to this

22  Request to the extent it requests information which is in the possession and control of

23  Defendants and more readily available to them than to Brislan.

24      Subject to and without waiving any objection, Brislan will disclose responsive

25  information pursuant to the Court's scheduling orders and/or upon agreement by the

26  parties relating to the disclosure of trial information.

27

28

# Exhibit E



STRUCK WIENEKE & LOVE    [ 3001 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com ]

October 31, 2012

Daniel P. Struck
*PARTNER*

Kathleen L. Wieneke
*PARTNER*

Rachel Love
*PARTNER*

Timothy J. Bojanowski
*PARTNER*

Christina Retts
*OF COUNSEL*

Jacob B. Lee
*ASSOCIATE*

Nicholas D. Acedo
*ASSOCIATE*

Tara B. Zoellner
*ASSOCIATE*

Amy L. Nguyen
*ASSOCIATE*

Ashlee B. Fletcher
*ASSOCIATE*

Courtney R. Cloman
*ASSOCIATE*

Anne M. Orcutt
*ASSOCIATE*

Jennifer Healman Ehrenfeld
*OF COUNSEL*

Paul D. Lewis
*OF COUNSEL*

**VIA EMAIL ONLY**

Jennifer Alewelt: jalewelt@azdisabilitylaw.org
Caroline N. Mitchell: cnmitchell@jonesday.com
Donald Specter: dspecter@prisonlaw.com
David C. Fathi: dfathi@npp-aclu.org

Re:    Parsons, et al. v. Ryan and Pratt
       U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

We write regarding the October 18, 2012 responses of Plaintiffs Verduzco, Wells, Swartz, Thomas, Jensen, Rodriguez, and Brislan to Defendant Charles Ryan's First Interrogatories and Plaintiff Chisholm's October 22, 2012 responses to Defendant Charles Ryan's Second Interrogatories.

**Responses to contention interrogatories:**

In your October 18 responses, you again answer contention interrogatories by referring to "Plaintiffs' Complaint, Defendants' own records, and other publicly-available sources of information." For the same reasons we explained in previous correspondence and during the October 5, 2012 meet-and-confer, your responses are insufficient.

Several of your October 18 responses refer to the deposition of Dr. Tracy Crews on October 1, 2012 and to a Psychiatric/Medication Report from August 2012 regarding Wexford's psychiatric staffing levels and delivery of medications. Many of these interrogatories seek the factual basis for claims made in your Complaint, but the Crews deposition and the Wexford report both postdate the filing of your Complaint. To the extent that the Crews deposition is relevant, we ask that you identify the specific portions of the deposition which you contend support the allegations in your Complaint referenced in these interrogatories. Similarly, please identify which portions of the Wexford report you contend support the specific factual allegations in Plaintiffs' Complaint which are the subject of these interrogatories.

**Interrogatories regarding witnesses:**

Defendants propounded several interrogatories to Plaintiffs regarding impeachment evidence Plaintiffs possess, regardless of whether they intend to use it at trial; depositions, trial testimony, statements, and interviews Plaintiffs

Counsel of Record
October 31, 2012
Page 2

may use to cross-examine any witness in this case; and the factual knowledge of witnesses identified in Plaintiffs' disclosure statement.   These interrogatories include:

> *"Identify all impeachment evidence Plaintiffs and/or their attorneys possess, whether or not they intend to use it at trial, including the name, address, and a description of any and all testimony to be provided by impeachment witnesses at trial, and a list of all impeachment exhibits, including prior deposition transcripts of witnesses."*   (*See* ROG no. 2 to Plaintiff Verduzco; ROG no. 2 to Plaintiff Wells; ROG no. 2 to Plaintiff Swartz; ROG no. 2 to Plaintiff Thomas; ROG no. 2 to Plaintiff Rodriguez.)

> *"Identify all depositions, trial testimony, statements, interviews of any person potential witness or expert you have or may use to cross examine any witness or expert witness in this case."* (*See* ROG no. 3 to Plaintiff Verduzco; ROG no. 3 to Plaintiff Wells; ROG no. 3 to Plaintiff Swartz; ROG no. 3 to Plaintiff Thomas; ROG no. 10 to Plaintiff Jensen; ROG no. 3 to Plaintiff Rodriguez; ROG no. 18 to Plaintiff Brislan; ROG no. 13 to Plaintiff Chisholm.)

> *"For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter."* (*See* ROG no. 4 to Plaintiff Verduzco; ROG no. 4 to Plaintiff Wells; ROG no. 4 to Plaintiff Swartz; ROG no. 4 to Plaintiff Thomas; ROG no. 11 to Plaintiff Jensen; ROG no. 4 to Plaintiff Rodriguez; ROG no. 19 to Plaintiff Brislan; ROG no. 14 to Plaintiff Chisholm.)

Your response that discovery is ongoing and that Plaintiffs will disclose information regarding prior depositions, trial testimony, and statements of witnesses and other individuals pursuant to the Court's scheduling orders is not well taken for several reasons.  First, the Court's scheduling order (Doc. #52) addresses only the disclosure of expert witnesses, while these interrogatories also seek information regarding fact witnesses and other individuals with potentially relevant information.  In addition, during depositions in this litigation, Plaintiffs have introduced prior testimony and statements of ADC employees without first producing them to Defendants.  Moreover, we assume that you will also rely on prior testimony and statements of ADC employees, as well as affidavits from witnesses identified in Plaintiffs' disclosure statement, in Plaintiffs' motion for class certification.   Defendants are entitled to notice of such statements and information prior to inclusion in your class certification motion.  It is, therefore, not sufficient to respond that such interrogatories are premature.

Counsel of Record
October 31, 2012
Page 3


        Please provide supplemental responses addressing the above concerns
no later than November 7, 2012.  If you do not supplement your responses by
then, we would like to schedule a meet-and-confer for November 8 or 9.

                              Sincerely,

                              Anne M. Orcutt
                              For the Firm


AMO/ab
Doc. #2702539.1

cc:    Michael E. Gottfried
       Dawn Northup
       Katherine Watanabe
       Kelly Dudley

[   Anne M. Orcutt | aorcutt@swlfirm.com | Direct: 480.420.1635 | swlfirm.com   ]



**STRUCK WIENEKE & LOVE**

[ 3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com ]

July 8, 2013

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

Re:     Parsons, et al. v. Ryan and Pratt
        U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

        We write regarding your failure to provide substantive responses to Defendants' Interrogatories seeking information regarding witnesses identified in Plaintiffs' Disclosure Statement.

        Specifically, we asked, "For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter." *See* Defendants' Interrogatory no. 19 to Plaintiff Brislan; Defendants' Interrogatory no. 14 to Plaintiff Chisholm; Defendants' Interrogatory no. 11 to Plaintiff Jensen; Defendants' Interrogatory no. 4 to Plaintiff Rodriguez; Defendants' Interrogatory no. 4 to Plaintiff Swartz; Defendants' Interrogatory no. 4 to Plaintiff Thomas; Defendants' Interrogatory no. 4 to Plaintiff Verduzco; Defendants' Interrogatory no. 4 to Plaintiff Wells.

        Plaintiffs responded by asserting the "Right to Supplement Objection, Expert Opinion Objection, Privilege Log Objection, and Absent Class Member Objection." Plaintiffs also objected to this request as "premature and overly burdensome." These objections are unfounded. Plaintiffs have a duty – not just a "right" as asserted by Plaintiffs in their responses - to timely supplement their Disclosure Statement and discovery responses, but have failed to do so. The "Absent Class Member Objection" is not appropriate because Defendants seek information regarding all of Plaintiffs' witnesses, not merely absent class members. Defendants are confused as to how the "Privilege Log Objection" applies to this Interrogatory, as the substance of a witness's anticipated testimony is not privileged, nor are the facts they possess that are relevant to this matter. While Plaintiffs are not required to produce their experts' 26(a)(2)(B) reports until

Counsel of Record
July 8, 2013
Page 2

the deadline imposed by the Court's scheduling order, Defendants' interrogatories do not seek the production of expert reports. Moreover, Plaintiffs' experts represent only a small fraction of the witnesses Plaintiffs have indicated that they may call at trial. Defendants are entitled to discover the substance of the anticipated testimony of Plaintiffs' witnesses and the facts they possess that are relevant to this matter. This request is not premature, as fact discovery is nearly complete.

Please let us know by **July 12, 2013** whether you intend to provide substantive responses to the interrogatories listed above. If you do not intend to supplement with substantive responses, we request a meet-and-confer so that we may raise this issue with the Court for resolution.

Sincerely,

Anne M. Orcutt
For the Firm

AMO/ab
2775832.1

cc:    Michael E. Gottfried
       Dawn Northup
       Kelly Dudley
       Lucy Rand



**STRUCK WIENEKE & LOVE**     [ 3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com ]

August 26, 2013

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

Jennifer Alewelt:  jalewelt@azdisabilitylaw.org
Caroline N. Mitchell:  cnmitchell@jonesday.com
Donald Specter:  dspecter@prisonlaw.com
David C. Fathi:  dfathi@npp-aclu.org

Re:     Parsons, et al. v. Ryan and Pratt
         U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

        We write regarding Plaintiffs' continuous failure to provide sufficient responses to Defendants' discovery requests.  Discovery will close in just over one month on September 27, 2013.  We have requested that Plaintiffs supplement their responses to Defendants' discovery requests on numerous occasions.  In fact, we have sent at least seventeen (17) letters regarding deficient responses.  (See attached correspondence dated September 26, 2012; again on September 26, 2012; October 3, 2012; October 22, 2012; October 26, 2012; October 29, 2012; November 7, 2012; February 20, 2013; March 4, 2013; April 10, 2013; again on April 10, 2013; July 8, 2013; and August 6, 2013).  Yet, Plaintiffs' responses and supplemental responses do not cure the deficiencies.

        Plaintiffs' responses continue to contain general and boilerplate objections and references to other documents without identifying specific documents or information. In addition, Plaintiffs continue to object to requests as "premature" and refuse to provide meaningful responses to contention interrogatories. Rather, Defendants are referred to Bate Stamped documents that do not apply to the issues in the request.  Plaintiffs even refuse to provide answers to some requests. (See as an example Plaintiff Brislan's First Supplemental Response to Defendant Ryan's First Set of Request for Production No. 2, 4, 16, and 18 dated June 12, 2013).   Plaintiffs continue to refuse to provide substantive answers to Interrogatories where Defendants have asked for the anticipated testimony of Plaintiffs' witnesses despite the fact that Judge Wake has advised Defendants to send this very request and that Defendants have answered for Plaintiffs.

Counsel of Record
August 26, 2013
Page 2

In all of named Plaintiffs' First Supplemental Responses to Defendant Ryan's First Set of Requests for Production, Plaintiffs point to the responses of Maryanne Chisholm as their response. For instance, Plaintiff Charlotte Wells' First Supplemental Responses to Defendant Ryan's First Requests for Production Nos. 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14 and 15, Defendants are directed to responses to discovery requests of Plaintiff Maryanne Chisholm. This is very problematic and inappropriate. First, such reference to other responses is improper. *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2005 WL 318811 (N.D. Cal. Jan. 5, 2005). Second, the requests posed to Plaintiff Wells are specific to Plaintiff Wells. How Plaintiff Chisholm responded is neither relevant nor appropriate. This is evidenced by Interrogatory No. 6 where Plaintiff Wells was asked for her records for treatment and related documents for the last ten (10) years. Third, in at least one instance, the documents actually provided in Plaintiff Chisholm's responses to which Defendants were directed as responsive for Plaintiff Wells pertain to Plaintiffs Swartz and Jensen and list an order from another lawsuit. This is merely an example of the type of problems in all of named Plaintiffs' First Supplemental Responses to Defendant Ryan's First Set of Requests for Production, all of which were supplied on June 12, 2013. Defendants are directed in each of these responses to the responses for Plaintiff Chisholm without regard to whether the cited documents actually pertain to the Plaintiff the request is directed to. These kinds of blanket responses that clearly contain error are improper and must be rectified.

Additionally, Plaintiffs' responses are replete with references to the Complaint or documents in the possession of or produced by Defendants. This is also inappropriate. Referring Defendants to entire bodies of documents without specifying which particular documents are responsive to the requests places an onus on Defendants that is not contemplated by the Federal Rules of Civil Procedure. Plaintiffs have an obligation to fully respond to Defendants' requests, identifying what documents, or portions of documents, are responsive to the requests. Plaintiffs have failed to do this at every turn.

Plaintiffs' continued refusal to provide substantive and complete answers to contention interrogatories is also inappropriate and requires immediate supplementation. For example, Defendant Ryan's First Set of Interrogatories to Plaintiff Brislan, Interrogatory No. 4 requests that he "[i]dentify each and every specific instance where you received "improper medication," as referenced in Plaintiffs' Class Action Complaint, as to yourself and each witness you have disclosed or may call for trial. For each instance of "improper medication" describe with specificity the medication alleged to have been required, the medication actually provided and the injury sustained as a result of the "improper

Counsel of Record
August 26, 2013
Page 3

medication." Plaintiff Brislan's response and supplemental responses include objections regarding privilege logs, expert opinions and that the interrogatory prematurely seeks information. In providing what is intended to be substantive responses, Plaintiff Brislan merely points to generalized statements and other documents despite the fact that Defendant Ryan's interrogatory requested specific information regarding Plaintiff Brislan's allegations of improper medication. The information provided is not responsive to provide Defendants with each and every specific instance where Plaintiff Brislan received improper medication.

Similarly, Defendant Ryan's First Set of Interrogatories, Interrogatory No. 7 to Plaintiff Verduzco requests that she "[i]dentify each and every specific instance where Defendant failed to provide you with "adequate mental health care," as referenced in Plaintiffs' Complaint, as to yourself and each witness you have disclosed or may call for trial. For each instance where Defendant failed to provide you with "adequate mental health care," describe with specificity the mental health care alleged to have been provided, the mental health care alleged to have been required, and the injury sustained as a result of Defendant's failure to provide "adequate mental health care." Plaintiff Verduzco objected to the request as overly broad and unduly burdensome, as premature, and the same general objections contained in Plaintiff Brislan's response. What is purported to be substantive response provides references to documents, without specific citations and to one instance of being on suicide watch. Further bolstering the fact that this response is not fully responsive, Plaintiff Verduzco's response includes the statement, "ADC's treatment of Verduzco on suicide watch has worsened Verduzco's mental health and **is one example** of Defendants' systematic failure to provide adequate mental health care." Defendant Ryan's request did not ask for examples but rather for the specific instances that form the factual basis for Plaintiff Verduzco's allegations.

Also, Plaintiffs continually refuse to provide Defendants with their trial witnesses' anticipated testimony despite requests for that information. For instance, in response to Defendant Pratt's Second Set of Interrogatories to Plaintiff Chisholm, Interrogatory No. 14 requests, "For each witness identified in your disclosure statement, please provide the substance of their anticipated testimony as if deposed or a summary of the facts they possess that are relevant to this matter." Plaintiff Chisholm's response, and that of every named Plaintiff that responded to this request, was full of objections regarding prematurity, privilege logs, overly burdensome and surprisingly, that this information is in the possession and control of Defendants and is more readily available to them than to Chisholm. Plaintiff Chisholm then goes on to state that, "Chisholm will disclose witness testimony and relevant facts possessed by those witnesses pursuant to the Court's scheduling orders and/or upon agreement by the parties relating

Counsel of Record
August 26, 2013
Page 4

to the disclosure of trial information."   There is only one month until the discovery deadline.   The time for these objections has passed and it is incumbent upon Plaintiffs to provide Defendants with expected testimony.   As Judge Wake indicated during the oral argument on November 20, 2012, "The defendants are entitled to know what they are being sued for.   And they are entitled to not just the minimal pleadings but the disclosures required by Rule 26 and appropriate contention interrogatories to -- they are entitled to that.   They don't have to take depositions to find out that.   With proper requests, the plaintiffs have to tell them before they take the depositions."   Defendants' requests are proper and require immediate supplemental response to address Plaintiffs' refusals to provide this information.

Highlighting the issues Defendants continue to have with Plaintiffs' evasive and incomplete responses, during last Friday's deposition of Plaintiff Joshua Polson, Mr. Polson mentioned an inmate letter that he sent to his CO III, which contained allegations regarding his medication administration record.   He indicated that he had another CO who witnessed the event and signed the letter. Further, Mr. Polson indicated that he provided a copy of the letter to his attorneys. Yet, this letter was not produced in response to the Request for Production propounded to Plaintiff Polson.   When Ms. Wieneke asked Mr. du Mee to produce it, he repeated the objections that were contained in the responses, including that it was unduly burdensome.   Even when a named plaintiff indicates that he provided a specific document to his attorneys, Plaintiffs' counsel continues to allege it is unduly burdensome to produce a specific document that is responsive to the requests already propounded.   It is this kind of gamesmanship that is contrary to the Rules of Civil Procedure and to Judge Wake's instructions.

As you are no doubt aware, parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Stevens v. Federated Mut. Ins. Co.*, 2006 WL 2079503 (N.D.W.Va.2006) (citing Rule 33(b)(1) (a party must answer each interrogatory "fully."). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" Id. Rule 33(b)(3), Fed.R.Civ.P., also requires that a party upon whom interrogatories are served "shall serve a copy of the answers, and objections, if any, within 30 days after the service of the interrogatories." Rule 33(b)(4) specifies a sanction for failure to make objections in a timely manner: "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Rule 33(b)(5) provides that "[t]he party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer

Counsel of Record
August 26, 2013
Page 5

an interrogatory. An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Rule 37(a)(3), Fed.R.Civ.P. Objections to interrogatories must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D.Md.2005).

Further, a party responding to an interrogatory "must furnish information that is available to it and that can be given without undue labor and expense." 8B Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2174 (3d ed. 2012); id. § 2177 ("Though there are limits on the extent to which a party can be required to hunt out information in order to answer interrogatories, it will be required to provide facts available to it without undue labor and expense."). Generally, the "party objecting to discovery as vague or ambiguous has the burden of showing such vagueness or ambiguity." *Deakins v. Pack*, No. 1:10–1396, 2012 WL 242859, at *12 (S.D.W.Va. Jan. 25, 2012) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D.Kan.2000)).

We have been asking Plaintiffs to supplement their responses with appropriate answers and documents for nearly a year. As indicated above, we are nearing the end of discovery, and Plaintiffs are required to provide accurate and complete information. Please let us know when you are available for a meet and confer on these issues so that we may draft our discovery dispute should we not be able to come to a resolution. We are available on Tuesday August 27 at 3:00 p.m. Please let us know by 5:00 today whether you are available at that time. We understand that you have requested a meet-and-confer regarding Defendants' responses to Plaintiff Sonia Rodriguez's First Set of Interrogatories. We will be prepared to discuss all of these issues at the meet-and-confer.

Sincerely,

Courtney R. Cloman
For the Firm

CRC/cc
Enclosures:   As stated

cc:   Michael E. Gottfried
      Dawn Northup
      Kelly Dudley
      Lucy Rand
2797657.1

# **<u>Exhibit F</u>**

1          KAREN D. MULLENIX

2      UNITED STATES DISTRICT COURT
          DISTRICT OF ARIZONA
3
              - - - - -
4
   VICTOR PARSONS; SHAWN      )
5  JENSEN; STEPHEN SWARTZ;    )
   DUSTIN BRISLAN; SONIA      )
6  RODRIGUEZ; CHRISTINA       )
   VERDUZCO; JACKIE THOMAS;   )
7  JEREMY SMITH; ROBERT       )
   GAMEZ; MARYANNE CHISHOLM;  )
8  DESIREE LICCI; JOSEPH      )
   HEFNER; JOSHUA POLSON;     )
9  and CHARLOTTE WELLS, on    )
   behalf of themselves and   )
10 all others similarly       )
   situated; and ARIZONA      )
11 CENTER FOR DISABILITY      )
   LAW,                       )
12                            )
           Plaintiffs,        )
13                            )
           vs.                ) No. CV 12-00601-PHX-NVW
14                            ) (MEA)
   CHARLES RYAN, DIRECTOR,    )
15 ARIZONA DEPARTMENT OF      )
   CORRECTIONS; and RICHARD   )
16 PRATT, INTERIM DIVISION    )
   DIRECTOR, DIVISION OF      )
17 HEALTH SERVICES, ARIZONA   )
   DEPARTMENT OF              )
18 CORRECTIONS, in their      )
   official capacities,       )
19                            )
           Defendants.        )
20
              - - - - -
21
        DEPOSITION OF KAREN D. MULLENIX
22             May 21, 2013
            Pittsburgh, PA
23

24 Reported By: Michelle Hall

25 Job No: 61602

1                    KAREN D. MULLENIX

2    requires that we provide sick call for

3    emergencies on Saturdays and Sundays and

4    holidays, Section 2.7.2.6."  Do you see that?

5         A.    Yes.

6         Q.    Now, is this document about one of

7    the situations you just described, or is this

8    an additional situation?

9         A.    I believe this is one of the ones I

10   was describing.  I believe -- yes, as I read

11   further down the string, this appears that this

12   occurred at the Lewis facility, and that was

13   one of the two that I was referring to.

14        Q.    Okay.  So this string describes the

15   Lewis incident that you talked about earlier?

16        A.    Yes.

17        Q.    Okay.  Thank you.  I'm going to show

18   you now what we marked yesterday as Exhibit 1.

19        A.    Okay.

20        Q.    And first I want to ask you about

21   the first three pages, Wexford 1, 2, and 3.

22        A.    Okay.

23        Q.    Now, limiting ourselves just to

24   those three pages, have you seen this document

25   before?

```
 1                   KAREN D. MULLENIX

 2        A.    Yes.

 3        Q.    Who created this document?

 4        A.    It was created by a multitude, or I

 5   should say multiple, individuals.

 6        Q.    Were you involved in creating this

 7   document?

 8        A.    Yes.

 9        Q.    And, again, I'm talking just about

10   the first three pages.

11        A.    Uh-huh.

12        Q.    What was your role in creating this

13   document?

14        A.    I was involved in those discussions

15   leading up to determining the section headings

16   for this particular proposal.

17        Q.    So were there any particular

18   portions of this document you authored, or were

19   you an author of the entire thing?

20        A.    I primarily contributed to the first

21   section, the introduction, and the subsections

22   under that item.  And I also worked on

23   Section 8, the conclusion.

24        Q.    Uh-huh.

25        A.    And I had input, verbal input, into
```

1                    KAREN D. MULLENIX

2    Section 9.

3         Q.    Now, on the very first page, this

4    document refers to a meeting with the Arizona

5    Governor's Office on November 8, 2012.  Do you

6    see that?

7         A.    Yes.

8         Q.    Were you present at that meeting?

9         A.    No.

10        Q.    This document at Pages 1 through 3,

11   was this ever given to ADC?

12                    MS. BLAIR:  Form.  Foundation.

13                    MR. BOJANOWSKI:   Form.

14   Foundation.

15        A.    I do not believe that the document

16   in its entirety was given to ADC.  They viewed

17   it on the screen, but I don't believe that we

18   gave them a hard copy.

19        Q.    Again, I'm asking just about Pages 1

20   through 3.

21        A.    Okay.  I don't believe so.

22        Q.    Okay.  So, the subheadings under

23   Roman numeral 1 on the first page, little Roman

24   1 through 7, did you draft those items?

25        A.    I was a part of the drafting, yes.

1          KAREN D. MULLENIX

2   notes circulated to the group?

3       A.    No.

4       Q.    Who created these PowerPoint slides?

5       A.    It was a combination, again, of the

6   author under the section, Wendelyn Pekich, and

7   then, again, the group as a whole met and gave

8   verbal input.

9       Q.    Were you the primary author of any

10  of these individual slides?

11      A.    The one where it talks about my

12  experience and my background, my credentials.

13      Q.    So that's Wexford 6?

14      A.    Yes.  Yes.  I was the sole author of

15  that particular slide.  Everything else was,

16  again, discussed as a group.  There was input

17  as a group, and then we decided how to direct

18  the verbiage and put it on the document.

19      Q.    And were you a member of that group?

20      A.    Yes.

21      Q.    So would you say that you had input

22  into the creation of this entire PowerPoint?

23      A.    Yes.

24      Q.    And what were the sources of

25  information that went into this document?

1            KAREN D. MULLENIX

2            MS. BLAIR:  Form.  Foundation.

3       A.    There were personal experiences when

4   we talked about some of the barriers, ingress

5   and egress issues, those were personal

6   experiences that some of these staff members

7   had experienced.  From the clinician

8   standpoint, again, it was their personal

9   experiences with either the consult process or

10   dealing with members of ADC's clinical staff.

11   But primarily it was based on personal

12   observations and experiences.

13       Q.    Personal observations and

14   experiences working in ADC?

15       A.    Working with ADC, yes.

16       Q.    Okay.  Now, it's my understanding

17   that you presented the slides at Pages Wexford

18   7 through 14; is that right?

19       A.    Yes.

20       Q.    Okay.  And what I'm going to ask you

21   to do now is ask you, for each of these slides,

22   ask you, to the best of your recollection, tell

23   me what you said about that slide.  Okay?

24       A.    Okay.

25       Q.    So Wexford 8, "Commitment to partner

1                   KAREN D. MULLENIX

2    are from 0 to 5, and it indicates their acuity

3    of care level.  So an MH3 is typically a

4    patient who is on a direct observe psychotropic

5    medication.

6        Q.    Did you -- thank you.  Did you

7    discuss constitutional requirements at all?

8                   MR. BOJANOWSKI:  Form.

9    Foundation.

10                  MS. BLAIR:  Form.

11       A.    When I look at that term, that was a

12   term that we came up with as a group, and I

13   looked at it more from an industry standard

14   perspective versus from a legal constitutional

15   requirement because, obviously, I'm not a legal

16   expert, I can't give legal definition of those

17   words.  But for me, it was more from a

18   consistent with what we see across our book of

19   business, what we know to be the standards.

20       Q.    Okay.  And I'm just asking as an

21   historical matter, did you say anything about

22   constitutional requirements while this slide

23   was being shown?

24       A.    I think other than just reading the

25   words off the slide, no.

RECEIVED

JUN 1 9 2013

BCB

Page 176

1

2     COMMONWEALTH OF PENNSYLVANIA     )   E R R A T A
      COUNTY OF ALLEGHENY             )   S H E E T

3

4     VICTOR PARSONS, et al.
      vs.
5     CHARLES RYAN, DIRECTOR, ARIZONA DEPARTMENT OF
      CORRECTIONS, et al.

6

7         I, KAREN D. MULLENIX, have read the
      foregoing pages of my deposition given on
8     May 21, 2013, and wish to make the following,
      if any, amendments, additions, deletions or
9     corrections:

10    Pg. No.  Line No.      Change and reason for
      change:

11

12    __9__    __2__    Operations Project Director   (correction of title)

13    __54__   __4__    Director of Pharmacy   (correction of title)

14    __75__   __18__   Planning & Special Projects   (correction of title)

15    __132__  __8&9__  Assistant Director Health Services Contract Monitoring Bureau
                                                            (correction of title)

16    _____    _____    _____

17    _____    _____    _____

18    _____    _____    _____

19

20    In all other respects the transcript is true
      and correct.

21                          _Karen D. Mullenix_

22                          KAREN D. MULLENIX

23    Subscribed and sworn to before me this
      _14th_ day of _June_____, 2013.

24    _Marilee Graham_____
          Notary Public

25

OFFICIAL SEAL
MARILEE GRAHAM
Notary Public - State of Illinois
My Commission Expires Nov 30, 2014

# **Exhibit G**

# JONES DAY

555 CALIFORNIA STREET, 26TH FLOOR • SAN FRANCISCO, CALIFORNIA  94104

TELEPHONE: +1,415,626,3939 • FACSIMILE: +1,415,875,5700

Direct Number:  (415) 875-5712
cnmitchell@JonesDay.com

JP005615                           August 7, 2012

VIA EMAIL & U.S. MAIL

Mr. Timothy J. Bojanowski
Struck Wieneke & Love
3100 W. Ray Road, Ste. 300
Chandler, AZ 85226

          Re:    *Parsons, et al. v. Ryan, et al.*

Dear Tim:

          This letter memorializes our meet-and-confer on July 31 regarding Defendants' responses to Plaintiffs' discovery.  As we discussed, this letter also proposes a timetable for Defendants' production of documents and information responsive to the discovery, keeping in the Court's November 2, 2012 deadline for filing for class certification.  Additionally, we agreed that to the extent that you are refusing to produce any category of documents, you would write a letter so stating and identifying what requests or interrogatories are at issue.  Please send us that letter this week so we can ascertain whether there is disagreement that requires further meet-and-confer or escalation to the Court.

          **A.     July 31, 2012 Meet and Confer Regarding Discovery**

          This letter and meet-and-confer only focused upon the discovery requests of the named Prisoner Plaintiffs, and not plaintiff Arizona Center for Disability Law.

          **1.     <u>Answers to All Interrogatories</u>**

          ➢ <u>General Objections</u>:  You agreed to serve a supplemental response without general objections are to assert these objections in the specific Interrogatories to which they apply.

          ➢ <u>First General Objection</u>:  You stated that your position that some of the sub-parts in the interrogatories exceeded the 25 per party requirement.  You agreed to identify any requests you would refuse to respond to.  We expect to escalate this issue to the Court, so please do this by the end of the week, so we can move this issue forward.

SFI-740452v1

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Mr. Timothy J. Bojanowski
August 7, 2012
Page 2

> Third General Objection:  I clarified that unless other specified, the relevant period of time for which responsive information is requested in January 1, 2011 through the time of the period.  You agreed to this, and noted that to the extent some medical records go earlier than January 2011, you will still produce them in toto, which is what we are requesting.

> Fourth General Objection:  You stated that you would specify which portions of the Interrogatories you claim call for a legal conclusion, and what you mean by information that is beyond "the scope of the Defendant," and provide a definition of that scope.

> Seventh General Objection:  You clarified that you are not refusing to provide information after July 1, 2012.  Rather, you stated that you and your clients will have to work with Wexford to produce responsive information.

> Deadlines for Providing Supplemental Information:  You stated that you will provide information and documents as they are processed.  I told you that we need firmness for the dates, and supplementation cannot be open-ended in light of the Court's briefing schedule.  (See Part B below for Plaintiffs' proposed timeframe for the production of discovery).

> Additionally, we note that none of your interrogatories were verified.  Please send verification for each of your interrogatory responses by August 10.

2.    **Defendants' Responses to Swartz Interrogatories**

> No. 1: You stated that you would provide us with additional responsive information beyond D.O. 1103.  You also agreed to confirm whether there have been any changes to the l policies and procedures since Wexford took over.  I also made clear that we are interested not just in the written policies, but also the policies as practiced.

The Request For Proposal ADOC 12-1105 for the privatization of health care services states in numerous places that the contractor must abide by ADC policies and procedures, see, e.g., part 2.6.6, ("The Contractor shall provide correctional health care treatment in accordance with all federal and state laws, rules and regulations, Department Orders, instructions, procedures, and Departmental Technical Manuals applicable to the delivery of correctional health care services.… All such laws, rules and regulations, current and/or as revised, are incorporated herein by reference and made a part of this Request for Proposal and

JONES DAY

Mr. Timothy J. Bojanowski
August 7, 2012
Page 9

**Request No. 39**: All documents regarding the denial or delay of transportation for referred prisoners to and from appointments with the health care providers to which they were referred.
**Request No. 48**: All documents regarding requests for funding made by the ADC to the Governor or legislature of Arizona from Jan. 1, 2007 to the response date.

**Jensen Interrogatories:**
**No. 7**:  Identify all health care staff, correctional staff, locum tenens contractors, and specialty contractors who have been investigated or subject to discipline by ADC or by their respective state licensing board, between January 1, 2011 and the response date, for any behavior regarding the provision, or lack thereof, of health care to prisoners, or regarding the conditions of confinement of prisoners in isolation.

    Please let us know if you have any questions about our proposal.  Otherwise, we will plan to review with you later this week in the meet-and-confer.

                    Sincerely yours,

                    Caroline N. Mitchell

SFI-740452v1

RECEIVED

JUN 18 2012

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone: (602) 650-1854
    Email:dpochoda@acluaz.org;
5           kflood@acluaz.org
            jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,
    Stephen Swartz, Dustin Brislan, Sonia Rodriquez,*
8   *Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert
    Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner,*
9   *Joshua Polson, and Charlotte Wells, on behalf of
    themselves and all others similarly situated*

10  **[ADDITIONAL COUNSEL LISTED ON
    SIGNATURE PAGE]**
11
    Jennifer Alewelt (Bar No. 027366)
12  Ruth Szanto (Bar No. 029073)
    Asim Varma (Bar No. 027927)
13  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
14  Phoenix, Arizona 85034
    Telephone: (602) 274-6287
15  Email:jalewelt@azdisabilitylaw.org
            rszanto@azdisabilitylaw.org
16          avarma@azdisabilitylaw.org
17  *Attorneys for Plaintiff Arizona Center of Disability Law*

18              UNITED STATES DISTRICT COURT

19                   DISTRICT OF ARIZONA

20  Victor Parsons; Shawn Jensen; Stephen Swartz;          No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriquez; Christina             (MEA)
21  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
22  Hefner; Joshua Polson; and Charlotte Wells, on         **PLAINTIFF VICTOR**
    behalf of themselves and all others similarly          **ANTONIO PARSONS' FIRST**
23  situated; and Arizona Center for Disability Law,       **SET OF REQUESTS FOR**
                                                           **PRODUCTION OF**
                    Plaintiffs,                            **DOCUMENTS TO**
24                                                         **DEFENDANTS**
            v.
25
    Charles Ryan, Director, Arizona Department of
26  Corrections; and Richard Pratt, Interim Division
    Director, Division of Health Services, Arizona
27  Department of Corrections, in their official
    capacities,
28                  Defendants.

if additional responsive information is acquired or discovered between the time of responding to this request and the time of trial.

18.     Unless otherwise specified, the relevant time period, and the period for which YOU are required to provide responsive DOCUMENTS, is from and including January 1, 2011  up to and including the RESPONSE DATE.

**<u>DOCUMENTS REQUESTED</u>**

**POLICIES AND PROCEDURES**

**<u>REQUEST FOR PRODUCTION NO. 1.:</u>**

All ADC POLICIES AND PROCEDURES REGARDING HEALTH CARE in effect from January 1, 2011 through the RESPONSE DATE.

**<u>REQUEST FOR PRODUCTION NO. 2.:</u>**

All ADC POLICIES AND PROCEDURES in draft form or that have not been approved or implemented REGARDING HEALTH CARE from January 1, 2011 through the RESPONSE DATE.

**<u>REQUEST FOR PRODUCTION NO. 3.:</u>**

All POLICIES AND PROCEDURES REGARDING prescriptions of non-formulary medicine made by HEALTH CARE STAFF.

**<u>REQUEST FOR PRODUCTION NO. 4.:</u>**

All POLICIES AND PROCEDURES REGARDING the provision of  medications to ADC PRISONERS, including both formulary and non-formulary medications.

**<u>REQUEST FOR PRODUCTION NO. 5.:</u>**

All DOCUMENTS REGARDING POLICIES AND PROCEDURES for obtaining executed HEALTH CARE DIRECTIVES from PRISONERS.

**<u>REQUEST FOR PRODUCTION NO. 6.:</u>**

All POLICIES AND PROCEDURES REGARDING QUALITY ASSURANCE of HEALTH CARE, including but not limited to required reports, meetings, in-service trainings, audits, evaluations, or peer review systems.

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone:  (602) 650-1854
   Email:dpochoda@acluaz.org
5          kflood@acluaz.org
           jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Victor Parsons, Shawn Jensen,*
   *Stephen Swartz, Dustin Brislan, Sonia Rodriquez,*
8  *Christina Verduzco, Jackie Thomas, Jeremy Smith,*
   *Robert Gamez, Maryanne Chisholm, Desiree Licci,*
9  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*
10
   **[ADDITIONAL COUNSEL LISTED ON**
11  **SIGNATURE PAGE]**

12              UNITED STATES DISTRICT COURT

13                  DISTRICT OF ARIZONA

14  Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-NVW
    Dustin Brislan; Sonia Rodriquez; Christina            (MEA)
15  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16  Hefner; Joshua Polson; and Charlotte Wells, on        **PLAINTIFF DUSTIN**
    behalf of themselves and all others similarly         **BRISLAN'S FIRST SET OF**
17  situated; and Arizona Center for Disability Law,      **REQUESTS FOR**
                                                          **ADMISSION (NOS. 1-78)**
18              Plaintiffs,                               **AND FIRST SET OF**
                                                          **INTERROGATORIES (NOS.**
19      v.                                                **1-2) TO DEFENDANT**
                                                          **CHARLES RYAN**
20  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
21  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
22  capacities,

23              Defendants.

24

25              I.      **REQUESTS FOR ADMISSION**

26      Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Dustin

27  Brislan requests that Defendant Charles Ryan respond to the following Requests for

28

1  custody, or control of, or is available or accessible to, YOU or any of YOUR agents,

2  consultants, counsel, investigators, representatives, or any other person or persons acting

3  for YOU or on YOUR behalf.

4      7.    If any information called for by an interrogatory is withheld on the basis of

5  claim of privilege, set forth the nature of the claimed privilege and the nature of the

6  information with respect to which it is claimed.

7      8.    If these interrogatories cannot be responded to in full, YOU shall respond to

8  the extent possible, specify the reason for YOUR inability to respond to the remainder,

9  and state whatever information or knowledge YOU have regarding the portion to which

10  YOU have not responded.

11      9.    Unless otherwise specified, the relevant time period, and the period for

12  which YOU are required to provide responsive DOCUMENTS, is from and including

13  January 1, 2011, up to and including the RESPONSE DATE.

14      10.    These Interrogatories are submitted for the purpose of discovery and are not

15  to be construed as waiving any objections that may be made at trial or at any hearing to

16  the introduction of evidence on subjects covered by these Interrogatories or as an

17  admission of the relevance or materiality at trial of any of the matters covered by these

18  Interrogatories.

19      11.    These Interrogatories are continuing in nature; responses should be

20  promptly supplemented pursuant to Federal Rule of Civil Procedure 26(e).

21      12.    All responses in which the DEFENDANTS choose to exercise the option to

22  produce DOCUMENTS or other writings shall require the DEFENDANTS to provide a

23  copy of that DOCUMENT or make it available for inspection, provide a description of the

24  location where the DOCUMENT was found, indicate to which interrogatory it is

25  responsive, and specify the documents' Bates range.   If the DOCUMENT is made

26  available for inspection, DEFENDANTS shall afford the Plaintiffs a reasonable

27  opportunity to examine, audit, or inspect the DOCUMENT and to make copies,

28  compilations, abstracts, or summaries of it.

-21-

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone:  (602) 650-1854
   Email: dpochoda@acluaz.org
5         kflood@acluaz.org
          jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,
   Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
8  *Jackie Thomas, Jeremy Smith, Robert Gamez,*
   *Maryanne Chisholm, Desiree Licci, Joseph Hefner,*
9  *Joshua Polson, and Charlotte Wells, on behalf of*
   *themselves and all others similarly situated*

10 **[ADDITIONAL COUNSEL LISTED ON**
    **SIGNATURE PAGE]**

11

12

                    UNITED STATES DISTRICT COURT
13
                         DISTRICT OF ARIZONA
14

15 Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-NVW
   Dustin Brislan; Sonia Rodriguez; Christina          (MEA)
16 Verduzco; Jackie Thomas; Jeremy Smith; Robert
   Gamez; Maryanne Chisholm; Desiree Licci; Joseph     **PLAINTIFF SWARTZ'S**
17 Hefner; Joshua Polson; and Charlotte Wells, on       **FIRST SET OF REQUESTS**
   behalf of themselves and all others similarly        **FOR PRODUCTION OF**
18 situated; and Arizona Center for Disability Law,     **DOCUMENTS TO**
                                                        **DEFENDANTS**
19              Plaintiffs,

        v.
20
   Charles Ryan, Director, Arizona Department of
21 Corrections; and Richard Pratt, Interim Division
   Director, Division of Health Services, Arizona
22 Department of Corrections, in their official
   capacities,
23
                Defendants.
24

25

26

27

28

1 whatever information or knowledge YOU have REGARDING the portion to which YOU

2 have not responded.

3       14.     If any DOCUMENT called for by these requests has been destroyed, lost,

4 discarded, or is otherwise no longer in your possession, custody, or control, IDENTIFY

5 such DOCUMENT as completely as possible, and specify the date of disposal of the

6 DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing

7 disposal, and the person disposing of the DOCUMENT.

8       15.     These requests are sequentially numbered and each numbered paragraph

9 constitutes a single request.  Defined terms may be capitalized for the convenience of the

10 parties; the definitions herein apply whether or not the term is capitalized.

11       16.     Except where expressly stated, these requests are not limited in any way by

12 geography.

13       17.     These requests shall be deemed continuing in nature in accordance with

14 Rule 26(e) of the Federal Rules of Civil Procedure.  Supplemental responses are required

15 if additional responsive information is acquired or discovered between the time of

16 responding to this request and the time of trial.

17       18.     Unless otherwise specified, the relevant time period, and the period for

18 which YOU are required to provide responsive DOCUMENTS, is from and including

19 January 1, 2011 up to and including the RESPONSE DATE.

20                           **DOCUMENTS REQUESTED**

21 **REQUEST FOR PRODUCTION NO. 1 :**

22        All HNRs  REGARDING DENTAL CARE submitted by ADC prisoners from

23 January 1, 2012 to the RESPONSE DATE.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

26

27

28

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone: (602) 650-1854
   Email:dpochoda@acluaz.org
5        kflood@acluaz.org
         jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
   *Dustin Brislan, Sonia Rodriguez, Christina Verduzco,*
8  *Jackie Thomas, Jeremy Smith, Robert Gamez,*
   *Maryanne Chisholm, Desiree Licci, Joseph Hefner,*
9  *Joshua Polson, and Charlotte Wells, on behalf of*
   *themselves and all others similarly situated*
10
   **[ADDITIONAL COUNSEL LISTED ON**
11 **SIGNATURE PAGE]**

12              UNITED STATES DISTRICT COURT

13                 DISTRICT OF ARIZONA

14 Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-NVW
   Dustin Brislan; Sonia Rodriguez; Christina          (MEA)
15 Verduzco; Jackie Thomas; Jeremy Smith; Robert
   Gamez; Maryanne Chisholm; Desiree Licci; Joseph
16 Hefner; Joshua Polson; and Charlotte Wells, on      **PLAINTIFF CHARLOTTE**
   behalf of themselves and all others similarly       **WELLS' FIRST SET OF**
17 situated; and Arizona Center for Disability Law,    **INTERROGATORIES TO**
                                                       **DEFENDANTS**
18                 Plaintiffs,

19         v.

20 Charles Ryan, Director, Arizona Department of
   Corrections; and Richard Pratt, Interim Division
21 Director, Division of Health Services, Arizona
   Department of Corrections, in their official
22 capacities,

23                 Defendants.

24

25

26

27

28

9. Unless otherwise specified, the relevant time period, and the period for which Defendants are required to provide responsive DOCUMENTS, is from and including January 1, 2011, up to and including the RESPONSE DATE.

10. These Interrogatories are submitted for the purpose of discovery and are not to be construed as waiving any objections that may be made at trial or at any hearing to the introduction of evidence on subjects covered by these Interrogatories or as an admission of the relevance or materiality at trial of any of the matters covered by these Interrogatories.

11. These Interrogatories are continuing in nature; responses should be promptly supplemented pursuant to Federal Rule of Civil Procedure 26(e).

12. All responses in which the Defendants choose to exercise the option to produce DOCUMENTS or other writings shall require the Defendants to provide a copy of that DOCUMENT or make it available for inspection, provide a description of the location where the DOCUMENT was found, indicate to which interrogatory it is responsive, and specify the documents' BATES range. If the DOCUMENT is made available for inspection, Defendants shall afford the Plaintiffs a reasonable opportunity to examine, audit, or inspect the DOCUMENT and to make copies, compilations, abstracts, or summaries of it.

## INTERROGATORIES

### INTERROGATORY 1:

IDENTIFY, and state the last ADC housing unit of, all ADC PRISONERS who died in each of the following years and whose deaths were classified as suicide by ADC, a county medical examiner, or any other governmental entity: 2009, 2010, 2011, 2012, and 2013 (as of the RESPONSE DATE).

### RESPONSE TO INTERROGATORY 1:

1   Daniel Pochoda (Bar No. 021979)
    Kelly J. Flood (Bar No. 019772)
2   James Duff Lyall (Bar No. 330045)*
    **ACLU FOUNDATION OF ARIZONA**
3   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
4   Telephone: (602) 650-1854
    Email: dpochoda@acluaz.org
5         kflood@acluaz.org
        jlyall@acluaz.org
6   *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
    *Dustin Brislan, Sonia Rodriguez, Christina Verduzco, Jackie*
8   *Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
    *Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte*
9   *Wells, on behalf of themselves and all others similarly*
    *situated*

10

11   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

12           UNITED STATES DISTRICT COURT

13             DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14 Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina | No. CV 12-00601-PHX-NVW (MEA) |
| 15 Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph | |
| 16 Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly | **PLAINTIFF ROBERT GAMEZ'S FIRST SET OF** |
| 17 situated; and Arizona Center for Disability Law, | **REQUESTS FOR ADMISSION (NOS. 1-75) AND FIRST SET OF INTERROGATORIES** |
| 18 Plaintiffs, | **(NOS. 1-25) TO DEFENDANT CHARLES RYAN** |
| 19 v. | |
| 20 Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division | |
| 21 Director, Division of Health Services, Arizona Department of Corrections, in their official | |
| 22 capacities, | |
| 23 DEFENDANTS. | |

24

25

26

27

28

78204-0001/LEGAL27578573.1

the Federal Rules of Civil Procedure and the applicable case law. If any Interrogatory contains a term (or terms) that YOU believe is (or are) unclear or ambiguous, YOU should assume a reasonable meaning for such term(s), state what that meaning is, and answer that Interrogatory on the basis of the assumed meaning.

6.    All INFORMATION requested herein is to be set forth if it is in the possession, custody, or control of, or is available or accessible to, YOU or any of YOUR agents, consultants, counsel, investigators, representatives, or any other person or persons acting for YOU or on YOUR behalf.

7.    If any INFORMATION called for by an interrogatory is withheld on the basis of claim of privilege, set forth the nature of the claimed privilege and the nature of the INFORMATION with respect to which it is claimed.

8.    If these interrogatories cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, and state whatever INFORMATION or knowledge YOU have REGARDING the portion to which YOU have not responded.

9.    Unless otherwise specified, the relevant time period, and the period for which YOU are required to provide responsive DOCUMENTS, is from and including January 1, 2011, up to and including the RESPONSE DATE.

10.    These Interrogatories are submitted for the purpose of discovery and are not to be construed as waiving any objections that may be made at trial or at any hearing to the introduction of evidence on subjects covered by these Interrogatories or as an admission of the relevance or materiality at trial of any of the matters covered by these Interrogatories.

11.    These Interrogatories are continuing in nature; responses should be promptly supplemented pursuant to Federal Rule of Civil Procedure 26(e).

12.    All responses in which the DEFENDANTS choose to exercise the option to produce DOCUMENTS or other writings shall require the DEFENDANTS to provide a copy of that DOCUMENT or make it available for inspection, provide a DESCRIPTION

1  Daniel Pochoda (Bar No. 021979)
   Kelly J. Flood (Bar No. 019772)
2  James Duff Lyall (Bar No. 330045)*
   **ACLU FOUNDATION OF ARIZONA**
3  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
4  Telephone:  (602) 650-1854
   Email: dpochoda@acluaz.org
5          kflood@acluaz.org
           jlyall@acluaz.org
6  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

7  *Attorneys for Plaintiffs Shawn Jensen, Stephen*
   *Swartz, Dustin Brislan, Sonia Rodriguez,*
8  *Christina Verduzco, Jackie Thomas, Jeremy*
   *Smith, Robert Gamez, Maryanne Chisholm,*
9  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all*
10 *others similarly situated*

11 **[ADDITIONAL COUNSEL LISTED ON
   SIGNATURE PAGE]**

12                    UNITED STATES DISTRICT COURT

13                       DISTRICT OF CALIFORNIA

14

15 Victor Parsons; Shawn Jensen; Stephen Swartz;          No. CV 12-00601-PHX-NVW
   Dustin Brislan; Sonia Rodriguez; Christina               (MEA)
16 Verduzco; Jackie Thomas; Jeremy Smith; Robert
   Gamez; Maryanne Chisholm; Desiree Licci; Joseph
17 Hefner; Joshua Polson; and Charlotte Wells, on        **PLAINTIFF DESIREE LICCI'S**
   behalf of themselves and all others similarly         **FIRST SET OF REQUESTS**
18 situated; and Arizona Center for Disability Law,      **FOR PRODUCTION OF**
                                                         **DOCUMENTS TO**
19                 Plaintiffs,                            **DEFENDANTS**

20         v.

21 Charles Ryan, Director, Arizona Department of
   Corrections; and Richard Pratt, Interim Division
22 Director, Division of Health Services, Arizona
   Department of Corrections, in their official
23 capacities,

24                 Defendants.

25

26

27

28

LEGAL27578843.1

15.     These requests are sequentially numbered and each numbered paragraph constitutes a single request.  Defined terms may be capitalized for the convenience of the parties; the definitions herein apply whether or not the term is capitalized.

16.     Except where expressly stated, these requests are not limited in any way by geography.

17.     These requests shall be deemed continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.  Supplemental responses are required if additional responsive INFORMATION is acquired or discovered between the time of responding to this request and the time of trial.

18.     Unless otherwise specified, the relevant time period, and the period for which YOU are required to provide responsive DOCUMENTS, is from and including January 1, 2011  up to and including the RESPONSE DATE.

## **DOCUMENTS REQUESTED**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, other than DOCUMENTS relating or referring to individual PRISONERS, REGARDING the issuance and distribution of RESTRICTED DIETS to PRISONERS.  This request includes, but is not limited to, any formal or informal POLICIES AND PROCEDURES, any DOCUMENTS relating to any training or guidance provided to ADC, Corizon, or SPDS employees REGARDING prescribing or delivering RESTRICTED DIETS to PRISONERS, and any DOCUMENTS REGARDING the enforcement or quality control of any POLICIES AND PROCEDURES relating to RESTRICTED DIETS.

**RESPONSE TO REQUEST NO. 1:**

LEGAL27578843.1