1  Daniel Pochoda (Bar No. 021979)
   James Duff Lyall (Bar No. 330045)*
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: dpochoda@acluaz.org
           jlyall@acluaz.org
5  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

6  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith,*
7  *Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all*
8  *others similarly situated*

9  [ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

10 Sarah Kader (Bar No. 027147)
   Asim Varma (Bar No. 027927)
11 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
12 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
13 Email: skader@azdisabilitylaw.org
           avarma@azdisabilitylaw.org

14 *Attorneys for Plaintiff Arizona Center for Disability Law*

15 [ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DJH <br><br> **PLAINTIFFS' MOTIONS IN LIMINE NO. 1: USE OF FACTS UNDERLYING WITNESS'S CONVICTIONS** |

Plaintiffs move for an order limiting Defendants' use of the criminal records of named plaintiffs and plaintiff class members called as witnesses in this case ("Plaintiffs' Witnesses").  Unless this motion is granted, Plaintiffs will suffer substantial prejudice in their ability to present direct testimony on the issues in this case.  Such a ruling will protect Plaintiffs' Witnesses from being badgered and harassed about details of their past offenses, prevent the disruption of their ability to testify, and expedite the trial by not wasting precious time questioning them about facts irrelevant to Plaintiffs' claims.  Fed. R. Evid. 611(a).

Plaintiffs will stipulate to the crimes for which Plaintiffs' Witnesses were convicted as well as the dates of those convictions, pursuant to the time limitations set forth in Rule 609(b) of the Federal Rules of Evidence.  Underlying details of the crimes are not relevant to credibility in the present case, and have no relevance to Plaintiffs' claims.  Defendants should thus be barred from asking any questions related to the details of witnesses' criminal convictions on cross-examination.  Plaintiffs therefore request the Court to limit evidence regarding the convictions of Plaintiffs' Witnesses to the stipulated fact that they have been convicted of certain crimes, and the dates of those convictions.

## ARGUMENT

**I.  The Federal Rules of Evidence and The Ninth Circuit Limit Evidence of Past Crimes to the Fact of the Conviction, and Only for Impeachment Purposes.**

The Federal Rules of Evidence limit the use of criminal convictions for impeachment purposes to "evidence of a criminal conviction." Fed. R. Evid. 609(a). The Rule by its plain language allows only the fact of a conviction to be used and does not authorize use of any details or collateral matters underlying the conviction. *Id*. Moreover, the only permissible use of the conviction is to attack the witness's credibility, not to prove or disprove any other fact relevant to the case in which he or she is testifying. *Id*.

The Ninth Circuit law on this issue is clear: "[a]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v.*

*Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (citation omitted); *see also United States v. Sine*, 493 F.3d 1021, 1036 n.14 (9th Cir. 2007) (same); *Ellsworth v. Prison Health Servs.*, Inc., No. CIV 11-8070 PCT RCB(MEA), 2013 WL 6587876, at *5 (D. Ariz. Dec. 12, 2013) (same); *United States v. Lane*, No. CR-12-01419-PHX-DGC, 2013 WL 3759903, at *2 (D. Ariz. July 16, 2013) (relying on *Osazuwa* and limiting the government's cross-examination to "establishing the fact and date of the prior conviction"). Other circuits have similarly limited the Rule 609(a)(1) inquiry to the fact of the conviction. *See e.g., United States v. Pandozzi*, 878 F.2d 1526, 1533-34 (1st Cir. 1989) ("We see nothing in Rule 609(a)(1) that requires a court, having admitted the prior conviction, to permit exploration of its factual details even if such details are irrelevant to the witness's credibility and would simply waste time and confuse the jury."); *United States v. Tumblin*, 551 F.2d 1001 (5th Cir. 1977) (reversible error to allow cross-examination on more than the fact and date of a felony conviction). Generally, "only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the [witness's] credibility." *Osazuwa*, 564 F.3d at 1175 (citation omitted).

Courts exclude such collateral underlying details of criminal offenses "to avoid the confusion resulting from the trial of collateral issues, and also to avoid unfairness to the witness." *United States v. Street*, 548 F.3d 618, 627 (8th Cir. 2008) (*quoting United States v. Roenigk*, 810 F.2d 809, 814 (8th Cir. 1987)); *see also United States v. Harding*, 525 F.2d 84, 88-89 (7th Cir. 1975) ("The rule that it is error to inquire about the details of prior criminal conduct is so well established that such error is cognizable despite the absence of any objection by defense counsel") (citations omitted). Courts recognize that "[t]o inquire further and to contest the truthfulness of [the witness's] individual past statements would be to relitigate his prior conviction." *Street*, 548 F.3d at 627.

**II.   The Underlying Details and Facts of Witnesses' Crimes Are Not Relevant to Plaintiffs' Claims at Trial.**

ADC's Department Order 801, Inmate Classification, states that certain facts underlying the prisoner's commitment offense may be considered when deciding whether

-2-

to place the prisoner in isolation units. [*See* Section 801.09, Criteria Governing Placement into Maximum Custody, ¶ 1.4.4 ("An inmate has demonstrated behavior such as but not limited to the following: The nature of the criminal offense committed prior to incarceration constitutes a current threat to the security and orderly operation of the institution and to the safety of others. For example, serious assaults against law enforcement, participation in organized criminal activity or actions indicating a serious escape risk, Murder 1st degree."), *available at* https://corrections.az.gov/sites/default/files/policies/800/0801.pdf] But facts underlying those prisoners' convictions are irrelevant to Plaintiffs' claims, because this trial involves the constitutionality of conditions in isolation units, not the reasons why any particular prisoner was placed there.[1]

**CONCLUSION**

Plaintiffs will stipulate to their witnesses' criminal convictions entered within the time limits allowed by Rule 609(b) of the Federal Rules of Evidence, and the dates of those convictions. With this information in evidence, the Court should bar Defendants from any questioning of Plaintiffs' Witnesses regarding the facts or details underlying their convictions.

For the foregoing reasons, Plaintiffs' motion should be granted.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] At a minimum, before allowing Defendants to examine a witness on the facts underlying his or her conviction, the Court should require Defendants to make a threshold showing that those collateral details were, in fact, relied upon in the decision to place the prisoner in isolation.

-3-

| | | |
|---|---|---|
| 1 | Dated: September 5, 2014 | **PRISON LAW OFFICE** |
| 2 | | |
| 3 | | By:  s/ Corene Kendrick |
| | | Donald Specter (Cal. 83925)* |
| 4 | | Alison Hardy (Cal. 135966)* |
| | | Sara Norman (Cal. 189536)* |
| 5 | | Corene Kendrick (Cal. 226642)* |
| | | Warren E. George (Cal. 53588)* |
| 6 | | 1917 Fifth Street |
| | | Berkeley, California 94710 |
| 7 | | Telephone:  (510) 280-2621 |
| | | Email:    dspecter@prisonlaw.com |
| 8 | | ahardy@prisonlaw.com |
| | | snorman@prisonlaw.com |
| 9 | | ckendrick@prisonlaw.com |
| | | wgeorge@prisonlaw.com |
| 10 | | *Admitted *pro hac vice* |
| 11 | | Daniel C. Barr (Bar No. 010149) |
| | | Amelia M. Gerlicher (Bar No. 023966) |
| 12 | | Kirstin T. Eidenbach (Bar No. 027341) |
| | | John H. Gray (Bar No. 028107) |
| 13 | | Matthew B. du Mée (Bar No. 028468) |
| | | Jerica L. Peters (Bar No. 027356) |
| 14 | | **PERKINS COIE LLP** |
| | | 2901 N. Central Avenue, Suite 2000 |
| 15 | | Phoenix, Arizona 85012 |
| | | Telephone:  (602) 351-8000 |
| 16 | | Email:    dbarr@perkinscoie.com |
| | | agerlicher@perkinscoie.com |
| 17 | | keidenbach@perkinscoie.com |
| | | jhgray@perkinscoie.com |
| 18 | | mdumee@perkinscoie.com |
| | | jpeters@perkinscoie.com |
| 19 | | |
| 20 | | Daniel Pochoda (Bar No. 021979) |
| | | James Duff Lyall (Bar No. 330045)* |
| 21 | | **ACLU FOUNDATION OF ARIZONA** |
| 22 | | 3707 North 7th Street, Suite 235 |
| | | Phoenix, Arizona 85013 |
| 23 | | Telephone:  (602) 650-1854 |
| | | Email:    dpochoda@acluaz.org |
| 24 | | jlyall@acluaz.org |
| 25 | | *Admitted pursuant to Ariz. Sup. Ct. R. 38(f) |
| 26 | | |
| 27 | | |
| 28 | | |

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:    dfathi@npp-aclu.org
          afettig@npp-aclu.org
          aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
Dara Levinson (Cal. 274923)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:    cnmitchell@jonesday.com
          aamiri@jonesday.com
          daralevinson@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:    jlwilkes@jonesday.com
          tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email: kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Sarah Kader
Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
avarma@azdisabilitylaw.org

J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
**ARIZONA CENTER FOR DISABILITY LAW**
100 N. Stone Avenue, Suite 305
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email: jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

                                                         s/ D. Freouf