Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
avarma@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,

Plaintiffs,

v.

Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,

Defendants.

No. CV 12-00601-PHX-DJH

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO PRESENT DIRECT EXPERT TESTIMONY BY DECLARATION**

As Judge Wake recognized, "It's much easier for me to focus on the [expert] report and [] understand it and then deal with the cross[,] than to sit and listen to half a day of somebody telling me stuff I can read in the report and understand better." [Doc. 822 at 39:19-23] That is why he invited the parties to submit the experts' direct testimony in writing and use trial time for cross-examination. [*Id.* at 39:1-4] His only question was whether he could order such a procedure, absent stipulation of the parties. [*Id.* at 40:14-16; *see also* Doc. 1058 at 42:7-9] The case law unambiguously answers that question, "yes." *See Lee-Benner v. Gergely* (*In re Gergely*), 110 F.3d 1448, 1452 (9th Cir. 1997) (approving of district court's pretrial order requiring written declarations in lieu of live testimony and permitting oral cross-examination); *Adair v. Sunwest* Bank (*In re Adair*), 965 F.2d 777, 779 (9th Cir. 1992) (rejecting challenge to requirement that direct testimony be presented by written declaration, with witness testifying live on cross-examination and redirect); *see also Chevron Corp. v. Donziger*, Case No. 11-cv-0691, 2013 U.S. Dist. LEXIS 146238, at *3-7 (S.D.N.Y Oct. 7, 2013) (adopting procedure over objection of defendant).

In contrast, Defendants cite no Ninth Circuit decision that adopts their counter-intuitive arguments that the use of written direct testimony would prolong the trial, impair the Court's ability to judge the experts' credibility, or inject inadmissible evidence into the trial. Because none of these arguments has merit and because requiring the parties to introduce the entirety of their expert witness testimony orally will unnecessarily prolong the trial, the Court should grant Plaintiffs' motion and order that all expert testimony be submitted in writing seven court days in advance, with up to 90 minutes of live direct examination and live cross-examination and re-direct (if needed).

## I. WRITTEN DECLARATIONS WILL MAKE THE PRESENTATION OF EVIDENCE MORE EFFICIENT, ACCURATE, AND COMPLETE

The parties' experts have digested an enormous body of evidence in this case. For example, Plaintiffs' experts have toured Defendants' facilities, talked with hundreds of prisoners, and carefully reviewed thousands of prisoner files, scores of Defendants'

monitoring reports and policies, and countless other documents. Due to the nature of the case and the size of the class, their testimony will necessarily be detailed and highly technical. For example, Plaintiffs' medical expert reports will synthesize the diagnoses, chronologies, and courses of treatment for hundreds of cases to provide the Court with a clear picture of the state of medical care across Arizona's prison system. If only taken orally, Plaintiffs' direct examination of their experts will need to consume substantial time laying out all the records and information the experts relied on, the material they asked for but were denied by Defendants, and the reasons why this information is sufficient to form the bases of their opinions.[1] All of this can be done completely and efficiently in writing, while still affording ample opportunity for Defendants' cross-examination.

Accordingly, Plaintiffs urge the Court to exercise its discretion under Federal Rule of Evidence 611(a) to "control . . . the mode . . . of examining witnesses and presenting evidence" by ordering the parties to submit direct expert testimony via written declaration.[2] Doing so will serve the goals of Rule 611 because such a procedure is "effective for determining the truth" and will "avoid wasting time."[3] Fed. R. Evid. 611(a).

---

[1] This is particularly true because Defendants continue to press the argument, which they lost in their *Daubert* motion, *see* July 28, 2014 Order [Doc. 1040], that Plaintiffs' experts did not review enough documents to form opinions with an acceptable degree of statistical significance.

[2] Plaintiffs' Motion did not assert that Ninth Circuit precedent *requires* direct testimony to be presented via declaration. As Defendants needlessly point out, it is black letter law that this issue falls within the Court's discretion. *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004) ("We review issues relating to the district court's management of trial for abuse of discretion.") (citation omitted).

[3] Defendants cite two 30-year-old, out-of-circuit cases to argue that "written declarations in lieu of live examination can be error." [Doc. 1089 at 2 (citing *United States v. Am. Tel. & Tel. Co.*, 83 F.R.D. 323, 339 (D.D.C. 1979); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 313 (7th Cir. 1986)] These citations, however, are misleading.

First, The District Court for the District of Columbia subsequently *rejected* the argument that the procedure Plaintiffs propose violates Rule 43. *See Saverson v. Levitt*, 162 F.R.D. 407, 410 (D.D.C. 1995). Second, the Court in *Walton* was considering whether it was error to admit a party's own interrogatory responses and found it was, although harmless. 786 F.2d at 313. That has no bearing on whether to allow direct examination of experts by sworn, written declaration. Here, the written expert testimony will be admissible under Rule 702. If Defendants dispute the admissibility of the content of the testimony, they can object to it just as they would oral testimony.

Indeed, as the instant Motion explains, the Ninth Circuit has approved district courts exercising their discretion in this manner because submitting written testimony "shorten[s] bench trials," *In re Adair*, 965 F.2d at 779 (quotation marks and citation omitted), and "allows counsel to present direct testimony in a measured and complete manner." *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 666 (D. Haw. 2001). In their Opposition, Defendants resist these conclusions by attempting to draw illusory and inconsequential distinctions.

First, Defendants argue that the procedure Plaintiffs propose is inappropriate for class actions or otherwise complex cases. Defendants, however, neither explain nor cite cases that support this *ipse dixit*. This is unsurprising because pre-submitted written testimony that focuses and organizes the trial is *especially* important in a highly complex and consequential case such as this. *See* Manual for Complex Litigation § 12.51 (4th ed. 2014) (recognizing that adoption of written direct testimony is particularly worthy of consideration where the "evidence is complicated or technical" and "may be particularly appropriate for expert witnesses").

Presenting testimony via written declaration allows witnesses to present highly complex material more succinctly and accurately than live oral presentation would permit. *See Kuntz*, 199 F.R.D. at 666; Manual for Complex Litigation § 12.51 (listing as advantages of written testimony that the "proponent can ensure that it has made a clear and complete record" and that the "reduction in live testimony saves time"). Moreover, Plaintiffs' proposed procedure will allow both the Court and opposing counsel to preview (and even annotate) each expert's testimony. This means that the Court will have the opportunity to examine the often complex testimony ahead of time and to pose its own questions, if desired, during live direct to clarify remaining issues, instead of having to simultaneously understand and evaluate highly technical oral testimony with which it is not familiar. Opposing counsel will also benefit from the opportunity to read and prepare their cross examination of the experts ahead of time. Manual of Complex Litigation

§ 12.51 ("the judge and opposing counsel, having read the statement, are better able to understand and evaluate the witness's testimony").

Defendants' attempt to distract the Court from the efficiencies of written testimony only provides further evidence of why written direct testimony is superior to oral testimony in a case like this. Defendants devote significant attention to unrelated prison healthcare litigation in California,[4] and then argue that because California has incurred considerable costs in implementing constitutional reforms in its prisons, the "magnitude of this case" and the possibility that Defendants might face costs in Arizona means that "it is imperative that the Court hear the best evidence possible." [*See* Doc. 1089 at 5-6]

In making this argument, Defendants ignore the fact that written direct testimony, and particularly written direct expert testimony in a complex case, is *the best evidence possible*. *See, e.g.*, *Kuntz*, 199 F.R.D. at 666 (written direct testimony "allows counsel to present direct testimony in a measured and complete manner."); Manual for Complex Litigation § 12.51 (written direct testimony useful in cases where the "evidence is complicated or technical"). The amount of money California has expended in 15 years of litigation, or invested in new prison medical facilities, is completely immaterial and arguments about it are injected to deflect the Court's attention from the merits of this motion. But such tactics should prove unsuccessful because, as illustrated above, written direct testimony provides the Court with sufficient time to fully review, analyze, and consider the testimony without devoting precious Court time and resources to receiving hours of oral testimony.

Second, Defendants maintain that submitting direct testimony via declarations does not allow the Court to assess the credibility of witnesses. Plaintiffs' proposal, though, permits each party 90 minutes of live direct examination and full cross-examination for

---

[4] Defendants also mischaracterize the relief Plaintiffs seek, arguing that a resolution to this case would require an "overhaul" of the ADC's prison healthcare that "exceed[s] constitutional standards." [*See* Doc. 1089 at 5] Defendants are plainly trying to taint this Court's view of the case with such unfounded arguments and the Court should disregard their hyperbole, most of which has no relevance to this motion.

each witness. To the extent that the Court needs an opportunity to evaluate the expert witness' demeanor on the stand to make credibility determinations, it will have that opportunity.[5]

More fundamentally, the witnesses at issue are expert witnesses, not lay witnesses in a he-said, she-said dispute. Thus, the Court's credibility determination will likely hinge more on the experts' qualifications and the quality of their methodology and analyses than on whether they are lying or telling the truth. *See, e.g.*, *Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001) (explaining that objections to the correctness of expert evidence are questions for the jury to resolve by evaluating experts' assumptions and methods) (quotation marks and citation omitted), *see also* Doc. 1089 at 6-7 (explaining that Defendants intend to impeach the credentials and methods of Plaintiffs' experts, but not claiming they are liars).

As explained above, the advantage of written direct testimony is that access to the testimony before trial will make it easier for the Court to digest expert testimony ahead of time, identify any perceived weaknesses, and then raise any credibility questions that arise with the expert during his or her live testimony. Similarly, because opposing counsel can also review direct expert testimony ahead of time under Plaintiffs' proposal, Defendants will have a meaningful opportunity to impeach Plaintiffs' expert witnesses on any issue covered by their testimony. In short, the Court will have ample opportunity to assess each witness's credibility. *See Sanders v. Ayers*, Case No. 92-cv-05471, 2008 WL 4224554, at *2 (E.D. Cal. Sept. 12, 2008) (approving procedure similar to Plaintiffs' proposal over

---

[5] Defendants also suggest that the Court will not be able to assess the credibility of Plaintiffs' expert witnesses because those witnesses will "simply respond to questions on cross-examination by saying, 'It's in my declaration,'" leaving the Court to assess credibility solely on the declarations themselves. [Doc. 1089 at 8] This is pure fabrication, but in the unlikely event that Plaintiffs' experts do not testify honestly and completely, the Court has a ready remedy for such conduct: "[a] trial judge may strike a witness's direct testimony if he flatly refuses to answer cross-examination questions related to 'the details of his direct testimony,' thereby undermining the [opposing party's] ability 'to test the truth of his direct testimony.'" *United States v. v. Bartelho*, 129 F.3d 663, 673 (1st Cir. 1997) (quotations and citations omitted).

objections based on Rule 43's requirement that witnesses testify in open court); *Saverson*, 162 F.R.D. at 410 (same).

Third, Defendants take the position that Plaintiffs' proposal will result in a longer trial despite the fact that the Ninth Circuit has come to the opposite conclusion.[6] *See Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989) ("The use of written testimony is an accepted and encouraged technique for *shortening bench trials*.") (emphasis added) (citation omitted). Defendants argue that Plaintiffs will submit "expansive tomes . . . chronicling in excruciating detail every fact Plaintiffs can possibly identify that might paint Defendants in a bad light."[7] [Doc. 1089 at 8] This suggests that Defendants are resisting written submission of testimony in the hope they can truncate the opinions and supporting evidence that Plaintiffs can introduce if their experts are required to testify live on direct. All the while, Defendants are simultaneously arguing that Plaintiffs' experts have not done enough.

The Court should not allow this game of "Gotcha." Plaintiffs' experts should be permitted to offer their full opinions, and to identify all of the evidence that supports those opinions, whether their testimony is in writing or given orally. If that is the Court's intent, there is no reason to doubt the Ninth Circuit's common-sense conclusion that the use of written testimony saves time.[8]

---

[6] Defendants' insistence that their proposed method of presenting testimony will save time seems disingenuous in light of Defendants' counsel's recent representation in another case that they expect this trial to last *up to four months* and their request to this Court for an *unlimited* amount of time to cross-examine Plaintiffs' witnesses. [*See* Exhibit A attached to the Declaration of Corene Kendrick in support of Plaintiffs' Reply in Support of Motion to Present Direct Expert Testimony by Declaration; Doc. 1089 at 10]

[7] At summary judgment, Defendants submitted a 475-page separate statement of 4,327 facts, in gross violation of the Court's local rules on what is to be included in such statements. [*See* Doc. 962 at 1-2]

[8] Defendants criticize the instant Motion for not citing cases in which a party presented its entire case-in-chief via declaration. [Doc. 1089 at 3] Courts plainly have leeway to do so. *See, e.g.*, *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 546, 546 (S.D.N.Y. 2014) [hereinafter *Chevron Corp. II*] (explaining that "the direct testimony of most witnesses was taken in the form of written statements, the truth of which was affirmed on the stand); *Sanders*, 2008 WL 4224554 at *4-6 (ordering over defendant's

## II. PRESENTING DIRECT EXPERT TESTIMONY VIA WRITTEN DECLARATION WILL NOT PREJUDICE DEFENDANTS.

Defendants repeatedly assert that granting the instant Motion would prejudice Defendants and give Plaintiffs an "unfair tactical advantage," [Doc. 1089 at 1] without fully explaining *what* prejudice they will suffer or *how* Plaintiffs would be advantaged. In an effort to manufacture some basis to resist written direct testimony, Defendant urge that it will "fundamentally alter the way in which trial will be conducted," [*id.*], as if the Court had previously determined that direct trial testimony would be presented in the manner that Defendants prefer. But that is simply not the case.

In fact, the Court has made it clear that it views the submission of written expert testimony as an efficient and even desired procedure. Thus, at the *Daubert* motion hearing in February, Judge Wake encouraged the parties to adopt such an approach and appeared open to ordering it over Defendants' potential objection, provided the case law supported such action. [*See* Doc. 822 at 39:1-23] And, as Defendants acknowledge, Judge Wake's standing Proposed Final Pretrial Order for Bench Trial also instructs that "parties shall discuss and report on all available procedures that might be used to expedite trial, including but not limited to . . . presenting direct expert testimony through summary or written reports." [Proposed Final Pretrial Order for Bench Trial at 4][9]

Moreover, as noted in Defendants' opposition, Plaintiffs have previously expressed their desire to use written direct testimony for expert witnesses, so their request can come as no great shock to Defendants. [Doc. 1089 at 4] Nor has any deadline for bringing such a motion passed. [*See* Doc. 995 at 1 (setting September 19, 2014 as the deadline to file

---

objection that all direct testimony be presented by declarations or depositions). That, however, is beside the point here, where Plaintiffs' request focuses on experts, not lay witnesses.

Defendants also criticize the instant Motion for not citing cases from the District of Arizona. But Plaintiffs' Ninth Circuit case control, regardless of the district court of origin. Moreover, Defendants cite no Arizona district court case that rejects this approach, or any Arizona district court cases at all.

[9] *Available at* http://www.azd.uscourts.gov/sites/default/files/judge-orders/NVW%20Proposed%20Final%20PTO%20for%20Bench%20Trial--Form.pdf.

proposed pretrial statements )] Finally, any slight additional burden that preparing written testimony rather than live testimony might place on Defendants is mitigated by the fact that Plaintiffs' proposal gives Defendants until their case-in-chief begins to submit their expert declarations. *See Chevron Corp.*, 2013 U.S. Dist. LEXIS 146238, at *3-6 (court rejected defendant's claim of prejudice from an order, shortly before trial, that direct testimony of witnesses be submitted in written form, observing that the difference between "the outline that any careful lawyer would employ in the examination of a friendly witness before a jury" and the affidavit or declaration "required by this and many other judges in bench trials is more a matter of form than of substance").

Defendants also assert that submitting testimony via declaration will allow Plaintiffs to admit inadmissible or duplicative evidence. Defendants appear to assume anything submitted to the court as the expert's written direct will somehow be automatically admitted. But that is plainly false. Just as Defendants may object to testimony given in open court (even though it is *recorded* on the trial transcript), so too may Defendants object to statements written in declarations (even though they are *filed* with the Court).[10] In fact, courts that accept written direct testimony generally also implement an orderly process for receiving and ruling on objections, and Plaintiffs propose that here. *See, e.g.*, *Chevron II*, 974 F. Supp. 2d 362 at 703 (explaining that where the parties had submitted written direct testimony for most witnesses "[i]n conformity with common practice in this district in non-jury cases," the court heard and ruled on objections to each witness' statement). This could be handled, for example, by requiring exchange of written testimony seven court days in advance of the witness's appearance at trial and requiring objections to be submitted three court days in advance, so they can be resolved before the witness takes the stand.

---

[10] To the extent that Defendants suggest that Mr. Specter is urging or has previously urged otherwise, they are simply wrong.

## III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to present direct expert testimony by sworn declaration and permit the parties to provide up to 90 minutes of additional live direct testimony for each expert.

Dated: September 5, 2014

**JONES DAY**

By: s/ Caroline Mitchell
Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
Dara Levinson (Cal. 274923)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:  cnmitchell@jonesday.com
 aamiri@jonesday.com
 daralevinson@jonesday.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:  dbarr@perkinscoie.com
 agerlicher@perkinscoie.com
 keidenbach@perkinscoie.com
 jhgray@perkinscoie.com
 mdumee@perkinscoie.com
 jpeters@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  dpochoda@acluaz.org
 jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com
wgeorge@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@npp-aclu.org
afettig@npp-aclu.org
aquereshi@npp-aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email: jlwilkes@jonesday.com
tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email: kmamedova@jonesday.com
jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email: kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Sarah Kader
Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
avarma@azdisabilitylaw.org

J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
**ARIZONA CENTER FOR DISABILITY LAW**
100 N. Stone Avenue, Suite 305
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email: jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Katherine E. Watanabe
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

s/ D. Freouf