# EXHIBIT A

**Corene Kendrick**
___

| | |
|---|---|
| **From:** | Sharla Manley |
| **Sent:** | Tuesday, August 26, 2014 3:08 PM |
| **To:** | ckendrick@prisonlaw.com |
| **Subject:** | FW: Davis v. Sakai: Proposed New Trial Date |

Fyi.

**From:** Rachel Love [mailto:RLove@swlfirm.com]
**Sent:** Tuesday, August 26, 2014 11:30 AM
**To:** Sharla Manley
**Cc:** Jamie Guzman; Dave Lewis; Allen Rowley; Sherri Wolford; aluria@rlhlaw.com; shull@rlhlaw.com; Dan Struck; David Kopper; Sherri Wolford; Rachel Love
**Subject:** RE: Davis v. Sakai: Proposed New Trial Date

Sharla,

The *Parsons* case is a certified class action lawsuit alleging the unconstitutionality of medical care, mental health care, dental care and conditions of confinement (max custody inmates only for conditions) in the entire ADOC system (34,000+ inmates). I am lead trial counsel for the max custody conditions of confinement claims - claims which pertain to conditions of confinement for more than 3,100 max custody inmates, encompassing three prison complexes and four separate facilities. My availability throughout the entirety of trial is required. This is especially so where witnesses and experts related to the mental health care and conditions of confinement claims of the case overlap and therefore, I will be required to be in court for both of these phases of trial. Defense counsel cannot dictate how Plaintiffs put on their case or witness/claims order and as such, I must be available to put on the conditions of confinement portions of the case on any day throughout trial.

Dan Struck is overall lead counsel in the *Parsons* case and will be at trial every single day of the three to four month trial. He is therefore has the same *Parsons* trial conflict as I do. Dave Lewis is an attorney in our appellate group who for this case writes and argues dispositive motions and took two depositions. He has not been involved in the day to day handling of this case or preparation of trial evidence. He will not be trying the case. Additionally, our clients have the right and authority to dictate who lead trial counsel is in their cases. This is and has always been me. Therefore, no one can substitute in for me as lead trial counsel in this case.

Finally, we are not saying that you suffer from an inability to focus on more than one case at a time. Rather, we take issue with your suggesting that our pre-existing trial conflicts are "not acceptable" to you. We cannot rearrange firm trial dates that already exist as set by other federal and state judges in other cases. We cannot go back to federal and state court judges who have already set firm trial dates in their cases and tell them their trial dates are unacceptable because the trial date in this case was vacated, and now needs to be rescheduled. The Court vacating the September 30th trial date in this case was none of Defendants doing and therefore we are not intentionally delaying trial as you insinuate. Rather, we were bumped because criminal cases take precedence over civil.

Rachel



STRUCK WIENEKE & LOVE
3100 West Ray Road, Suite 300  Chandler, Arizona 85226

**Rachel Love**

1

**Attorney**
Direct: (480) 420-1603
rlove@swlfirm.com
www.swlfirm.com

---

**From:** Sharla Manley [mailto:sharla.manley@nhlchi.org]
**Sent:** Tuesday, August 26, 2014 2:04 PM
**To:** Rachel Love
**Cc:** Jamie Guzman; Dave Lewis; Allen Rowley; Sherri Wolford; aluria@rlhlaw.com; shull@rlhlaw.com; Dan Struck; David Kopper; Sherri Wolford
**Subject:** RE: Davis v. Sakai: Proposed New Trial Date

Rachel:

What is your role going to be as lead trial counsel for the max custody conditions of confinement claims?

It looks like April and Jamie are available in November for trial, based on this schedule. I plan to raise with the Court the fact that defense counsel has not addressed the availability of Mr. Struck or Mr. Lewis, who has briefed all of the dispositive motions in this case and also deposed two of the Plaintiffs.

Furthermore, I take issue with your suggestion that Plaintiffs' counsel is suffering from a failure to appreciate how challenging it must be to focus on more than one case at a time. This case has been pending since February 2011, and it should be resolved as soon as the Court's calendar allows.

Sharla

---

**From:** Rachel Love [mailto:RLove@swlfirm.com]
**Sent:** Monday, August 25, 2014 12:24 PM
**To:** Sharla Manley
**Cc:** Jamie Guzman; Dave Lewis; Allen Rowley; Sherri Wolford; aluria@rlhlaw.com; shull@rlhlaw.com; Dan Struck; David Kopper; Sherri Wolford; Rachel Love
**Subject:** RE: Davis v. Sakai: Proposed New Trial Date

Sharla,

The abundance of trial conflicts that April, Jamie and I face for 2014 and the first half of 2015 are set forth below. As to availability for the rest of 2014, nothing has changed since Judge Kobayashi's trial setting conference that occurred on April 21, 2014 during which I specifically advised the Court that I have a trial conflict starting October 20, 2014 in Parsons v. Ryan, a certified class action lawsuit that will last at least through the end of 2014 and more probably through most if not all of January 2015. Judge Kobayashi set trial September 30th contemplating that we would finish trial in time for the Parsons trial start date. Since then, the Parsons trial date has been advanced by one day. We now start October 21st. The Parsons case is a certified class action lawsuit alleging the unconstitutionality of medical care, mental health care, dental care and conditions of confinement (max custody inmates only for conditions) in the entire ADOC system (34,000+ inmates). I am lead trial counsel for the max custody conditions of confinement claims - claims which pertain to conditions of confinement for more than 3,100 max custody inmates. My availability throughout the entirety of trial is required. This is especially so where witnesses and experts related to the mental health care and conditions of confinement claims of the case overlap and therefore, I will be required to be in court for both of these phases of trial. We cannot dictate how Plaintiffs put on their case or their witness order and as such, I must be available to put on my portions of the case on any day. Therefore, I am unavailable for trial from October 21st through likely the end of January 2015. I then start another trial on February 3rd in Arizona federal court.

While you have decided that our previously set trial conflicts are unacceptable to you, we would hope that you could appreciate that April, Jamie and I do not deal with one case at a time and therefore we have trials set on an ongoing basis, every year.  I am lead trial counsel in the Davis case, lead trial counsel for the conditions of confinement claims in the Parsons case, and I am also lead trial counsel in Adkins, Medina and Kaneaiakla.  Therefore, other attorneys cannot substitute in for me.  Moreover, because of the history and magnitude of this Davis case, trial counsel to also include April and Jamie cannot be substituted in and our clients have the right to be assured that the attorneys handling this case since February 7, 2011 are the ones that also try the case.  Accordingly, our availability is what we previously communicated to you, providing you with more specific dates as follows, which includes more availability in March 2015 than previously calculated.

The conflicts set forth below result in availability for trial from **March 16, 2015 – April 17, 2015.   We are also available all of June 2015.**

Trial conflicts for Rachel Love:

10/21/14 (through at least end of 2014 and likely running into January 2015) Victor Parsons, et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, v. Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, Civil No. CV12-006014-PHX-DJH, U.S. District Court, District of Arizona (Judge Diane J Humetewa)

2/3/15 (18 days) Branden Adkins, et al. v. CCA and State of Hawaii, et al.,, U.S. District Court, District of Arizona CV12-1615-PHX-SMM (Judge Stephen McNamee)

5/4/15 (14 days) Estate of Clifford Medina, Deceased, by and Through Beverly Lokelani Medeiros, as Administrator, et al. v.  State of Hawaii, Dept. of Public Safety, et al., CV12-00340 DKW RLP, U. S. District Court, District of Hawaii (Judge Derrick Watson)

7/13/15 (14 days) Bronson Kaneaiakala, Darren Kawaa, Benjamin Pada, Frank Pauline, Jr., Mitchell Peralto, Douglas Cordeiro and Tavita Faamasunu v. Corrections Corporation of America, et al., Civil No. 11-1-1556-07 KKS, First Circuit Court, State of Hawaii (Judge Karl Sakamoto)

Trial conflicts for April Luria:

10/14/15 (10 days) Nimpa Elizaga, Individually, and as Personal Representative of  the Estate of Fortunato J. Pascua, Deceased, et al. v. Henry Louie, M.D., et al. Civil No. 11-1-0208-01 (VLC), First Circuit Court, State of Hawaii (Judge Virginia Crandall)

3/2/15 (8-10 days) Fukumoto v. Mah, et al. Civil No. 12-1-0595-03 (ECN), First Circuit Court, State of Hawaii (Judge Edwin Nacino)

5/4/15 (14 days) Estate of Clifford Medina, Deceased, by and Through Beverly Lokelani Medeiros, as Administrator, et al. v.  State of Hawaii, Dept. of Public Safety, et al., CV12-00340 DKW RLP, U. S. District Court, District of HI (Judge Derrick Watson)

5/5/15 (10 days) Shannon L. Patrick v. Ken Maurice Lardizabal, No.CV13-00638 JMS-KSC, U.S. District Court, District of HI (Judge Michael Seabright)

7/13/15 (14 days) Bronson Kaneaiakala, Darren Kawaa, Benjamin Pada, Frank Pauline, Jr., Mitchell Peralto, Douglas Cordeiro and Tavita Faamasunu v. Corrections Corporation of America, et al., Civil No. 11-1-1556-07 KKS, First Circuit Court, State of Hawaii (Judge Karl Sakamoto)

8/10/15 (14 days) Etsuko Nakada, et al. v. Fresenius Medical Care Aloha Dialysis, et al.; Civil No. 13-1-1934-07 ECN, First Circuit Court, State of Hawaii (Judge Edwin Nacino)

Trial conflicts for Jamie Guzman:

8/4/15 (7 days) Griffon Energy Capital v. Adrienme Ash; Civil No. C20131210, Pima County Superior Court, State of Arizona (Judge Leslie Miller)

9/8/15 (5 weeks) Lauer v. Parball, et al.; Civil No. A-13-687435, Clark County District Court, State of Nevada (Judge Rob Bare)

Finally, trial conflicts for CCA's party representative who's presence at trial is required for the defense of this case is unavailable (Warden Thomas) are:

October 6-11, 1014; November 2-8, 2014; December 7-12, 2014; and December 23, 2014 to January 3, 2014.

Since it looks like we won't be able to agree to a trial date, we will provide this information to Judge Kurren in advance of the hearing unless we hear from you otherwise by tomorrow, noon time Hawaii time.

Thanks in advance.

Rachel



**Rachel Love**
**Attorney**
Direct: (480) 420-1603
rlove@swlfirm.com
www.swlfirm.com

---

**From:** Sharla Manley [mailto:sharla.manley@nhlchi.org]
**Sent:** Monday, August 25, 2014 11:38 AM
**To:** Rachel Love
**Cc:** Jamie Guzman; Dave Lewis; Allen Rowley; Sherri Wolford; aluria@rlhlaw.com; shull@rlhlaw.com; Dan Struck; David Kopper; Sherri Wolford
**Subject:** RE: Davis v. Sakai: Proposed New Trial Date

Rachel:
It is not acceptable to Plaintiffs to wait until late March or early April 2015. Is it your position that Defendants will not be able to proceed any sooner than March 2015?

Sharla

---

**From:** Rachel Love [mailto:RLove@swlfirm.com]
**Sent:** Thursday, August 21, 2014 6:06 PM
**To:** Sharla Manley
**Cc:** Jamie Guzman; Dave Lewis; Allen Rowley; Sherri Wolford; aluria@rlhlaw.com; shull@rlhlaw.com; Dan Struck; David

Kopper; Rachel Love; Sherri Wolford
**Subject:** RE: Davis v. Sakai: Proposed New Trial Date

Sharla,

As I advised at the status conference when the Court set trial for 9/30 and as I also advised the Court on Monday, I have a trial conflict starting October 21st in Parsons v. ADOC which is proceeding in AZ District Court.  This is a class action case and we anticipate it will run through the end of the year and probably into the first part of January 2015.

I start a 4 week trial in AZ District Court on February 3rd, 2015 (Adkins v. SOH/CCA).  I start a 14 day trial in Hawaii District Court on May 4th, 2015 (Medina v. SOH/CCA).  I also start a 14 day trial in Hawaii State Court on July 13, 2015 (Kaneaiakala v. CCA).

Based upon these pre-set trials, we could do this Davis trial in late March or early April, 2015.  We could also do early June, 2015.

Other than August 29th, I'm pretty clear to do a status conference whenever we can.

Rachel



**Rachel Love**
**Attorney**
Direct: (480) 420-1603
rlove@swlfirm.com
www.swlfirm.com

---

**From:** Sharla Manley [mailto:sharla.manley@nhlchi.org]
**Sent:** Thursday, August 21, 2014 7:40 PM
**To:** Rachel Love
**Cc:** Jamie Guzman; Dave Lewis; Allen Rowley; Sherri Wolford; aluria@rlhlaw.com; shull@rlhlaw.com; Dan Struck; David Kopper
**Subject:** Davis v. Sakai: Proposed New Trial Date

Counsel:
I am writing to begin the meet and confer process to arrive at a new trial date, pursuant to the Court's order of August 21, 2014 (Doc. No. 631).
Plaintiffs would like to proceed as soon as possible and would like to know your availability in November.

I am also writing to ask for a mutually-agreeable date for a trial resetting conference before the magistrate judge.

Sharla

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com