# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion to present direct expert testimony by declaration (Doc. 1068), Defendants' response (Doc. 1089), and Plaintiffs' reply (Doc. 1102). After carefully considering the parties' respective positions, and taking into account the prior history of this issue, the Court, in the exercise of its discretion, and for the reasons set forth herein, denies Plaintiffs' motion.

**I.  Background**

Seeking to "streamline the trial[,]" and to "ensure that testimony is presented in a measured and complete manner," Plaintiffs are requesting that, at trial, the Court receive expert direct testimony by way of written declaration. Mot. (Doc. 1068) at 2:2-3. As part of this process, Plaintiffs are also requesting that the parties then be allowed "an additional 90 minutes of live direct testimony for each witness, as well as cross-examination and redirect." *Id*. at 4:18-20. Plaintiffs maintain that proceeding in this way is the best use of judicial and other resources, given the anticipated "complex and varied nature of the testimony[,]" coupled with the possibility of more than a dozen expert

witnesses. *Id.* at 2:17.

Characterizing Plaintiffs' motion as an "eleventh-hour request to change the mode of trial[,]" Defendants oppose this motion. Resp. (Doc. 1089) at 2:12-13 (emphasis omitted). Timing aside, Defendants respond that the "complexity of the issues" actually weighs against, not in favor of, presenting expert testimony via declaration. *Id.* at 2:2. Defendants also point to the scope of this class action, which seeks to resolve "complex constitutional issues . . . against an entire state-wide prison system[,]" as further justification for  not allowing Plaintiffs' experts to present direct testimony by declaration. *Id.* at 3:20-22. Further, because from Defendants' perspective, Plaintiffs' "entire care rests upon" expert opinion, this, too, is a reason for denying Plaintiffs' motion. That is because expert testimony presented by declaration would, Defendants contend, deprive this Court, serving as the trier of fact, "the opportunity to fully and fairly access witness credibility." *Id.* at 7:17 (emphasis omitted). Not only that, according to Defendants, Plaintiffs' proposed procedure will  not save trial time and it will prejudice them. Thus, because allowing expert testimony by declaration is discretionary, Defendants strenuously argue for live direct examination.

In their reply, Plaintiffs adhere to their view that "written declarations will make the presentation of evidence more efficient, accurate, and complete[.]" Reply (Doc. 1102) at 2:24-25 (emphasis omitted). This is especially so given the purportedly highly complex and technical nature of the experts' anticipated testimony. Thus, Plaintiffs contend that in the exercise of its discretion the Court should allow expert testimony to be presented in the requested manner.

**II.  Legal Standards**

Federal Rule of Evidence 611 Rule 611 permits the court, among other things, to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining the truth; [and] avoid wasting time[.]" Fed.R.Evid. 611(a)(1)-(2). And, as Plaintiffs are quick to point out, the Ninth Circuit has recognized on more than one occasion that "[t]he

1   use of written testimony 'is an accepted and encouraged technique for shortening bench
2   trials.'"  *In re Adair*, 965 F.2d 777, 789 (9th Cir. 1992) (quoting *Phonetele, Inc. v.*
3   *American Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989) (citing *Malone v. United*
4   *States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987)), *cert. denied*, 488 U.S. 819, 109
5   (1992)); *see also Lee-Benner v. Gergely (In re Gergely)*, 110 F.3d 1448, 1452 (9th Cir.
6   1997) ("pretrial order requir[ing] written declarations in lieu of direct evidence . . . was a
7   valid order[]").

8   By the same token, however, Federal Rule of Civil Procedure 43(a) evinces a
9   policy favoring oral testimony in open court.  More specifically, that Rule provides in
10  relevant part:

> At trial, the witnesses' testimony *must* be taken in *open court* unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.

14  Fed.R.Civ.P. 43(a) (emphasis added).  Indeed, the advisory committee notes state that
15  "[t]he importance of presenting live testimony in court cannot be forgotten."
16  Fed.R.Civ.P. 43(a) advisory committee's note (1996 amendment).  Thus, while there are
17  exceptions to the live testimony requirement, "alternative modes must be used with
18  care[,]" as prominent legal commentators have observed.  *See* 9A Charles Alan Wright,
19  Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2414 (3d ed.)

20  **III. Discussion**

21  **A. Timing**

22  Despite Defendants' contrary suggestion, this is not the first time the possibility of
23  presenting direct expert testimony by declaration has arisen in this case.  Most recently,
24  on August 5, 2014, Plaintiffs mentioned this possibility at oral argument on Defendants'
25  summary judgment motion before the Honorable Neil V. Wake, to whom this case was
26  previously assigned.  Doc. 1058 at 42:13-18.  Judge Wake was amenable to Plaintiffs'
27  suggestion, but ultimately the issue of whether to allow expert testimony by declaration
28  was left for another day.  *Id.* at 42:2-23.  In fact, as Plaintiffs correctly note, Judge

1  Wake's Pretrial Order refers the parties to his Joint Proposed Final Pretrial Order form,
2  which, in turn, seeks the parties' input on procedures for expediting trial. *See* Ord. (Doc.
3  995) at 2, ¶ 4. "[P]resenting direct expert testimony through summary or written
4  reports[]" is one of the suggested procedures. Proposed Final PreTrial Order for Bench
5  Trial (NVW) at 4:21. Thus, not only was Judge Wake aware but the parties were also
6  aware of the possibility that testimony could be presented in this fashion. Therefore,
7  Defendants' characterization of this motion as an "eleventh hour request to change the
8  mode of trial" is not persuasive.

### B. Merits

Having determined that the issue of expert direct testimony by declaration is properly before the Court, the next issue is whether that procedure is appropriate in this particular case. The Court finds that it is not.

Presentation by declaration of expert direct testimony, even partial, is ill-suited for a complex case of this magnitude. Moreover, although the parties agree on very little, if anything, they do agree that there is a strong public interest in this lawsuit, involving, as it does, the state of Arizona's prison system. This public interest factor weighs against Plaintiffs' proposed method for presenting expert direct testimony. While the experts' declarations may well be admitted into evidence, "and thus be part of the record, they are not as accessible to the public as live oral testimony." Thornburg, The Managerial Judge Goes to Trial, 44 U.Rich.L.Rev. 1261, 1292 (May 2010).

Another important consideration here is the recent reassignment of this action. During the roughly two and a half years this case was pending before Judge Wake, it was actively litigated. Through extensive motion practice, including a motion for class certification, discovery disputes and hearings on various issues, Judge Wake became intimately familiar with the issues, as well as the breadth of testimony, including expert testimony, likely to be heard at trial. Even with that knowledge and familiarity, in denying Defendants' motion to preclude Plaintiffs' experts, Judge Wake recognized that "[p]racticality and economy overwhelmingly favor hearing the opinions, their bases, the

1  cross-examination, the counter-opinions, and the evidence as a whole." Ord. (Doc. 1040)
2  at 5:6-7 (citation omitted).

3  Although Judge Wake expressed that view in the context of possible *Daubert v.
4  Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) challenges, that reasoning applies with
5  equal force here. While Plaintiffs' attempt to stream-line this trial is laudable, it is
6  important that this Court, as the trier of fact, be presented with the "evidence as a
7  whole[,]" and not simply rely upon written declarations, even in part. This is all the more
8  so given the prominent role expert testimony has in this case. Further, in this Court's
9  view, assessing credibility and resolving specific *Daubert* challenges will be hindered
10 with limited live testimony.

11 In the interest of judicial economy, though, the Court intends to strictly adhere to
12 Judge Wake's prior determinations excluding duplicative expert testimony. *See*, *e.g.*,
13 Ord. (Doc. 995) at 3:3; Ord. (Doc. 1040) at 6:5-12. Judicial economy also would be
14 served by the parties entering into stipulations with respect to each expert's backgrounds
15 or qualifications or both. Such stipulations are prudent given Judge Wake's observation
16 that "none of the experts' backgrounds or qualifications are questioned[.]" Ord. (Doc.
17 1040) at 3:23-24. Because such stipulations would conserve trial time, at the Final
18 Pretrial Conference, the parties are directed to present to the Court such stipulations to
19 each expert.

20 As another method of streamlining the expert testimony in particular, prior to the
21 Final Pretrial Conference, the parties are further directed to discuss, and then present to
22 the Court at that Conference, suggested stipulations as to foundation. For example, to
23 the extent that any expert's report is based upon the care of any given inmate, the parties
24 shall stipulate to that foundation to the extent it can be established through other
25 evidence, such as an inmate's medical records. As the Court envisions it, this is simply
26 another means to avoid prohibited duplicative testimony or evidence.

27 Finally, although evidently the Defendants anticipate a trial of three to four
28 months, Decl'n of Corene Kendrick (Doc. 1103), exh. A (Doc. 1103-1) thereto at 2, that

is not feasible, given the countless other matters before this Court, including criminal trials, which statutorily take priority. Thus, the parties are advised that as Judge Wake indicated in his July 3, 2014 Order (Doc. 995), this Court will be setting time limits for each side.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Present Direct Expert Testimony by Declaration (Doc. 1068) is **DENIED.**

Dated this 9th day of September, 2014.

Diane J. Humetewa
United States District Judge