1  Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
2  Michael E. Gottfried, Bar No. 010623
   Lucy M. Rand, Bar No. 026919
3  Assistant Attorneys General
   1275 W. Washington Street
4  Phoenix, Arizona 85007-2926
   Telephone: (602) 542-4951
5  Fax: (602) 542-7670
   Michael.Gottfried@azag.gov
6  Lucy.Rand@azag.gov

7  Daniel P. Struck, Bar No. 012377
   Kathleen L. Wieneke, Bar No. 011139
8  Rachel Love, Bar No. 019881
   Timothy J. Bojanowski, Bar No. 022126
9  Nicholas D. Acedo, Bar No. 021644
   Ashlee B. Fletcher, Bar No. 028874
10 Anne M. Orcutt, Bar No. 029387
   Jacob B. Lee, Bar No. 030371
11 STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
12 Chandler, Arizona  85226
   Telephone:  (480) 420-1600
13 Fax:  (480) 420-1696
   dstruck@swlfirm.com
14 kwieneke@swlfirm.com
   rlove@swlfirm.com
15 tbojanowski@swlfirm.com
   nacedo@swlfirm.com
16 afletcher@swlfirm.com
   aorcutt@swlfirm.com
17 jlee@swlfirm.com

18 *Attorneys for Defendants*

19                **UNITED STATES DISTRICT COURT**
20                   **DISTRICT OF ARIZONA**

21 Victor Parsons, *et al.*, on behalf of themselves       NO. 2:12-cv-00601-DJH
   and all others similarly situated; and Arizona
22 Center for Disability Law,
                                    Plaintiffs,
23          v.                                              **DEFENDANTS' [*EXPEDITED*]
                                                            MOTION TO PRECLUDE
24 Charles Ryan, Director, Arizona Department              PLAINTIFFS' TRIAL EXHIBITS**
   of Corrections; and Richard Pratt, Interim
25 Division Director, Division of Health Services,         [Expedited Consideration and Oral
   Arizona Department of Corrections, in their            Argument Requested]
26 official capacities,
                                    Defendants.
27

28

Pursuant to the Court's July 3, 2014 Pretrial Order, Defendants move the Court to preclude Plaintiffs from introducing any exhibits at trial because they have failed to comply with a critical provision in that Order—providing Defendants copies of their trial exhibits by September 5, 2014.  Defendants request that the Court consider this Motion on an expedited basis because of impending deadlines (on September 19, 2014) and because the October 21, 2014 trial is fast approaching.  Each day is critical for Defendants to comply with these deadlines and prepare for trial, and as each day passes without Plaintiffs' trial exhibits Defendants are significantly prejudiced.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    The Court's Pretrial Order

On July 3, 2014, the Court issued the following pretrial order, pursuant to Fed.R.Civ.P. 16(d):

> The parties shall (a) meet in person and exchange copies of all exhibits to be used at trial no later than **September 5, 2014** (any exhibit not exchanged at this meeting shall be precluded at trial) . . .

(Doc. 995, ¶ 10, emphasis in original.)  This Court "AFFIRMED" this deadline upon reassignment of the case.  (Doc. 1074.)

### B.    Plaintiffs Did Not Comply With the Court's Pretrial Order.

Counsel for the parties arranged an in-person meeting at Plaintiffs' counsel's office to exchange trial exhibits on Friday, September 5, 2014, at 9:00 a.m.  Defendants' counsel showed up to the meeting with an external hard drive, containing their exhibit list and copies of their approximately 4,819 trial exhibits.[1]  Defendants' counsel expended a tremendous amount of resources to prepare the copies of their trial exhibits and to have copies ready for the September 5 exchange.  Upon arriving, Plaintiffs' counsel informed Defendants' counsel that they did not have copies of their own exhibits to provide, and instead had only an exhibit table.  Plaintiffs' counsel assured Defendants' counsel that they would provide them copies of their trial exhibits that evening via a secure file

---

[1] Undersigned counsel attended this meeting.

1   transfer so that Defendants could begin reviewing them and preparing their stipulations

2   and objections, which are due on September 19, 2014.  For the remainder of the meeting,

3   the parties discussed how best to organize and de-duplicate the parties' trial exhibits.  The

4   agreed-upon method was contingent on Plaintiffs actually providing Defendants copies of

5   their trial exhibits later that day.

6         Plaintiffs' counsel, however, did not electronically transfer copies of their trial

7   exhibits on September 5.  On Monday, September 8, 2014, one of Plaintiffs' attorneys,

8   who was present at the September 5 meeting, sent a letter to Defendants' counsel, stating

9   that it was simply too burdensome to provide copies: "it will take at least a week to

10  compile these documents."  (Ex. A. at 2.)  The letter stated that it was also "unnecessary

11  to go through the exercise of compiling and producing" the trial exhibits "in light of the

12  numerous other tasks the parties need to accomplish in the coming weeks" and because

13  Defendants acquired the documents at some point during discovery.  (Id.)  Defendants'

14  counsel responded by noting that Plaintiffs were in violation of the Court's July 3 Order

15  and were depriving Defendants the opportunity to adequately prepare objections by the

16  September 19 deadline.  (Ex. B.)

17        On September 9, 2014, during a previously arranged meet-and-confer to discuss

18  the parties' Proposed Final Pretrial Order drafts, Defendants' counsel again demanded the

19  immediate production of Plaintiffs' trial exhibits.  Plaintiffs' counsel stated that they did

20  not currently have copies of all their trial exhibits, but indicated that they would begin

21  providing Defendants copies once they had them.  Plaintiffs would not commit to a date as

22  to when they would be able to fully comply with the Court's July 3 Order.  On September

23  9, 2014, at approximately 6:00 p.m., Defendants' counsel received an email from

24  Plaintiffs' counsel, indicating that a "first installment" of their trial exhibits was being sent

25  through a secure file transfer download.  (Ex. C.)  Staff for Defendants' counsel waited

26  more than 2 hours (until approximately 8:00 p.m. at their office) for the download to

27  finish, but at the end of that process the files could not be accessed. (Ex. D)  Defendants'

28  staff attempted to download the documents a second time, which took another hour to

1    complete. Although that second attempt successfully downloaded the files onto

2    Defendants' counsel's server (at approximately 9:00 p.m.), the files could not be opened

3    or viewed. Staff then attempted to extract/unzip the files, a process that occurred

4    overnight.  That process failed (discovered by staff the following morning), however, and

5    as of the filing of this Motion, Defendants still do not have accessible copies of all of

6    Plaintiffs' trial exhibits. Defendants have no idea how many trial exhibits are even

7    included in this "first installment."[2]

8         The Court's July 3 Order required Plaintiffs to "exchange *copies* of *all* exhibits to

9    be used at trial" by September 5, 2014.  (Doc. 995, ¶ 10, emphasis added.)  Plaintiffs did

10   not provide Defendants copies of any trial exhibits by that date, in clear violation of the

11   Court's Order.

12        **C.     The Court Must Preclude Plaintiffs From Introducing Exhibits at Trial.**

13        Because Plaintiffs failed to comply with the Court's July 3 Order, they are

14   precluded from introducing any exhibits at trial.  This is an automatic sanction explicitly

15   imposed by the Court:  "any exhibit not exchanged at this meeting *shall* be precluded at

16   trial."  (Doc. 995, ¶ 10, emphasis added.)  The Court's Order does not allow for any

17   discretion or excuse; it is mandatory and self-executing.[3]

18        ────────────────────

19        [2] Just prior to filing this Motion, Defendants' counsel's staff was finally able to
     determine that the download includes 362 *files*, and can open and view those files.
20   Plaintiffs informed Defendants that their trial exhibits are contained in 4,000 files. (Ex.
     A.) Nonetheless, these files/documents are not accompanied by any identifier by which
21   Defendants can determine which exhibit they are on Plaintiffs' exhibit list. In fact,
     Plaintiffs' exhibit list does not contain any identifiers. (Ex. F.) Thus, Defendants have no
22   way of knowing whether each file constitutes an exhibit, whether several files comprise a
     single exhibit, or whether a file includes multiple exhibits. Therefore, Defendants have no
23   meaningful way of reviewing, redacting, and objecting to these documents. Moreover,
     they constitute less than 10% of the total files containing Plaintiffs' trial exhibits.

24        [3] Although Fed.R.Civ.P. 16(f) provides a laundry list of sanctions a district court
     may impose for the failure to "obey a scheduling or other pretrial order," including
25   prohibiting Plaintiffs "from introducing designated matters in evidence," holding
     Plaintiffs in contempt, dismissing the action, and ordering Plaintiffs and their counsel to
26   pay Defendants' attorneys' fees because of the noncompliance, *see* Fed.R.Civ.P. 16(f)(1)-
     (2), and 37(b)(2)(A)(ii)-(vii), the Court's July 3 Order and mandatory evidence-preclusion
27   sanction control. The Court may, however, invoke Rule 16(f) to impose any of these
     sanctions against Plaintiffs and their counsel *in addition to* precluding their trial exhibits.
28   *See Russell v. Mountain Park Health Ctr. Properties, LLC*, CV 07-00875-PHX-NVW,
     2012 WL 369576 (D. Ariz. Feb. 6, 2012) (quoting *Ayers v. City of Richmond,* 895 F.2d

                                            3

1    Plaintiffs' failure to provide copies of their trial exhibits by September 5, 2014, is

2    extremely prejudicial to Defendants.  The parties' Proposed Final Pretrial Order is due on

3    September 19, 2014, and that proposed order must include Defendants' objections and

4    redactions to Plaintiffs' trial exhibits.  (Doc. 995, ¶¶ 2–8; Doc. 1087 at 4.)  If Defendants

5    fail to lodge an objection to an exhibit, "the objection is waived."  (Doc. 995, ¶ 8; Doc.

6    1087 at 4.)  According to Plaintiffs' trial exhibit table, they have more than 3,500 trial

7    exhibits.  Thus, even had Plaintiffs timely complied with the Court's July 3 Order,

8    Defendants had only 14 days to review, redact, and object to them. That shortened

9    timeframe placed an extraordinary amount of stress on Defendants to comply, and if they

10   missed an objection, the objection was waived, potentially leading to the admission of

11   inadmissible evidence and/or releasing security sensitive information to the public that

12   could place the safety of ADC staff and inmates at risk.  Defendants' inability to stipulate

13   to certain exhibits prior to trial will also frustrate the Court's objective to streamline the

14   trial.  Today is September 10, 2014, and as of the filing of this Motion, Defendants still do

15   not have any meaningful way to begin this process.

16       Even assuming that Plaintiffs manage to provide some, or even all, of their trial

17   exhibits at some point today,[4] Defendants have lost 5 valuable days of their review time.

18   That is unconscionable.  Defendants simply cannot review, redact, and object to all of

19   Plaintiffs' (approximately 3,500) trial exhibits in 9 days (7 business days), resulting in

20   waived objections and significantly hampering Defendants' ability to defend this case.

21   That is precisely why the Court set the September 5 deadline and ordered preclusion of

22   trial exhibits if not complied with.  *See AZ Holding, L.L.C. v. Frederick*, CV-08-0276-

23

---

24   1267, 1269 (9th Cir. 1990)) ("An award of sanctions under Fed.R.Civ.P. 16(f) is within
     the discretion of the district court.").

25       [4] At approximately 9:00 a.m., staff for Plaintiffs' counsel informed that they will

26   "send over a hard drive with everything on it by the end of the day today." (Ex. C.) Aside
     from the fact that this should have been done on September 5, 2014, Defendants have no

27   confidence that this will be done today, nor do they know if it will include all of their trial
     exhibits. Nevertheless, even if accomplished, it still does not comply with the Court's July

28   3 Order, which required delivery 5 days ago.

1    PHX-LOA, 2009 WL 2432745, at *5 (D. Ariz. Aug. 10, 2009) ("Rule 16's deadlines are

2    firm, real and are to be taken seriously by the parties and their counsel."); *see also Wong*

3    *v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of

4    heavy caseloads, trial courts in both the federal and state systems routinely set schedules

5    and establish deadlines to foster the efficient treatment and resolution of cases.").

6            Moreover, although Plaintiffs provided Defendants an exhibit *list* on September 5,

7    that did not comply with the plain text of the Court's Order, which required Plaintiffs to

8    provide Defendants "copies" of their trial exhibits.  (Doc. 995, ¶ 10.)  An exhibit list not

9    only fails to comply with the Court Order, but it shifts an extraordinary burden onto

10   Defendants.  With merely a list, Defendants will then be forced to find the documents

11   within the approximately 650,000 pages of documents that have been produced in this

12   case and organize them, resulting in an expenditure of tremendous State resources.  These

13   are Plaintiffs' exhibits and therefore Plaintiffs' burden to bear.  Indeed, Defendants

14   compiled, organized, and provided copies of their more than 4,819 trial exhibits, and

15   timely provided them to Plaintiffs' counsel.  They should not have to do Plaintiffs' work

16   for them.

17           Even more, Plaintiffs' exhibit list is incomplete and does not even provide

18   Defendants an opportunity to locate certain exhibits.  Many exhibits are listed with a

19   description only, and do not include a corresponding bates number. (Ex. F.)  For example,

20   they merely state, "Inmate Records" or "Medical Files" for a specific inmate, with no date

21   range or limitation, or describe a document. (Id.) Some exhibits are unidentifiable, for

22   instance:  "Potential Interview List-ADC Tours."  (Id.)  And others have not even been

23   produced yet.  (Id.) Thus, locating these exhibits would be difficult, if not impossible.

24   And even if a document matching a description is located, Defendants still have no way of

25   knowing whether it is the same document that Plaintiffs intend to use at trial.  Defendants

26   cannot confirm that a document produced during discovery has not been tampered with or

27   altered without reviewing the actual document that Plaintiffs intend to use at trial.  They

28   also cannot effectively eliminate duplicate exhibits.  This cannot be done unless Plaintiffs

                                                      5

1    give Defendants copies of their intended trial exhibits. Plaintiffs may also intend to

2    introduce portions of documents, e.g. medical records, that tell only part of the story.  If

3    they do, Defendants need to object and ensure that the complete medical record is

4    introduced at trial.  Again, without reviewing a copy of the trial exhibit, Defendants

5    cannot comply with their obligations and adequately defend this case.

6                **D.      Plaintiffs' Failure to Comply is Inexcusable.**

7         Although the Court's July 3 Order is automatic and does not allow substantial

8    justification or harmlessness as an excuse, Plaintiffs have no such excuse anyway. The

9    Order is clear: it required copies to be exchanged by September 5, and any trial exhibits

10   not exchanged on that date would be precluded.  Plaintiffs' counsel have deliberately

11   chosen not to comply with that order, as evidenced not only by their failure to provide

12   copies by that date but also by their brazen assertion to Defendants that doing so was

13   "unnecessary."  (Ex. A at 2.)  They claim that they need to use their time preparing for

14   trial, but so do Defendants.  Defendants were able to comply with the Court's order, and

15   Plaintiffs' refusal to comply has prejudiced Defendants' ability to prepare for trial.

16        In reality, Plaintiffs are *not* using their time to prepare for trial.  Instead, they have

17   spent recent weeks moving to unseal their expert reports so that they can release them to

18   the media.  (Docs. 1041, 1079, 1104.)  Indeed, on September 9, 2014, the day after they

19   filed unsealed versions of their expert reports, they issued a prepared press release

20   outlining the contents of those reports.  (Ex. G.)  They have also prepared and submitted

21   statements to the media based on those reports, all in an attempt to place pressure on the

22   State and to taint the opinions of the public and the Court in advance of trial.[5]  (Ex. H.)

23

24        _____

     [5] As the Court is aware, Plaintiffs' expert reports are just one side of the story, and
25   Defendants have challenged those expert opinions and have controverting expert opinions
     that conclude, based on the same evidence, that ADC's provision of healthcare and
26   conditions of confinement meet or exceed constitutional standards. Plaintiffs' counsel's
     statements to the media are also not even accurate. For instance, Plaintiffs' counsel Dan
27   Pochoda states in one article (Channel 5 News): "I've never seen a more deficient and
     inadequate system or lack thereof." (Ex. H.) Mr. Pochoda did not attend any of the tours
28   of ADC facilities during this litigation.

                                        6

Plaintiffs' counsel have chosen to devote their time to orchestrating these endeavors instead of complying with the Court's Order.  It should not be tolerated.

## CONCLUSION

Plaintiffs' counsel believe either that they are above the Court's mandate or that this Court will not enforce its previous orders.  Neither is acceptable.  The Court should enforce its July 3 Order, preclude Plaintiffs from introducing any exhibits at trial, and issue any other sanction that it deems warranted for Plaintiffs' deliberate defiance.

DATED this 10th day of September 2014.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Daniel P. Struck
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Ashlee B. Fletcher
    Anne M. Orcutt
    Jacob B. Lee
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

    *Attorneys for Defendants*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ajmel Quereshi:        aquereshi@npp-aclu.org

Alison Hardy:          ahardy@prisonlaw.com

Amelia M. Gerlicher:   agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amir Q. Amiri:         aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy Fettig:            afettig@npp-aclu.org

Asim Varma:            avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:  cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:    ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:   DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda: dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

Dara Levinson:         daralevinson@jonesday.com

David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:        dspecter@prisonlaw.com

James Duff Lyall:      jlyall@acluaz.org; gtorres@acluaz.org

James M. Jellison:     jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com

Jennifer K. Messina:   jkmessina@jonesday.com

Jerica Lynn Peters:    jpeters@perkinscoie.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:      jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:   jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:    jrico@azdisabilitylaw.org

Kamilla Mamedova:      kmamedova@jonesday.com

8

1   Kevin C. Brantley:        kbrantley@jonesday.com

2   Kirstin T. Eidenbach:     keidenbach@perkinscoie.com; dfreouf@perkinscoie.com;
                              docketphx@perkinscoie.com
3
    Matthew Benjamin de Mee: mdumee@perkinscoie.com; cwendt@perkinscoie.com
4
5   Sara Norman:              snorman@prisonlaw.com

    Sarah Eve Kader:          skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org;
6                             rstarling@azdisabilitylaw.org

7   Taylor Freeman:           tfreeman@jonesday.com

8   Warren E. George, Jr.:    wgeorge@prisonlaw.com

9
            I hereby certify that on this same date, I served the attached document by U.S.
10  Mail, postage prepaid, on the following, who is not a registered participant of the
    CM/ECF System:
11
        N/A
12
                                              /s/ Daniel P. Struck
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28