Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DJH<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL FACTS IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS (*EXPEDITED*) MOTION TO PRECLUDE PLAINTIFFS' TRIAL EXHIBITS** |

Plaintiffs still do not get it. They did not provide Defendants "copies" of their trial exhibits by September 5, 2014, and they have still not provided Defendants copies of their trial exhibits in an organized and coherent format. Without copies of Plaintiffs' trial exhibits, Defendants cannot review them to lodge objections in the Proposed Final Pretrial Order,[1] identify any potential stipulations (that will bind Defendants), or make security-sensitive redactions (that may result in harm to individuals). They cannot review them to determine whether Plaintiffs' proposed exhibits have been altered or modified from their originally disclosed form (e.g., adding or deleting discrete information), whether they are complete copies of documents, and whether they were timely and properly disclosed. That is the prejudice Defendants have incurred, and continue to incur as each day passes. It is now 10 days after the Court's stated deadline, and Defendants still cannot begin this critical process—the failure of which will result in waived objections—without copies of Plaintiffs' trial exhibits.

Plaintiffs' fixation on a final master exhibit list completely misses the point, and is really just an attempt to mislead the Court into thinking progress is being made. While Plaintiffs are able to move forward with *their* objections to Defendants' trial exhibits and create what *they* believe is a partially de-duplicated master exhibit list, they have closed Defendants out of the process by refusing to provide them a set of exhibits they can work with.[2] Plaintiffs' counsel praise themselves for undertaking the task of de-duplication based on the exhibit lists alone, but they are only able to do that because Defendants gave

---

[1] For example, there are documents described on Plaintiffs' exhibit list that were not timely or properly disclosed, and which are not listed in Plaintiffs' disclosure statements, even before they withdrew all of their trial exhibits. (Doc. 1100, MIL No. 1.)

[2] Plaintiffs have only pointed out "apparent duplicates," "likely duplicates," and "partial duplicates" based on the descriptions in the two exhibit lists (Doc. 1121). Thus, they have not gone through each of Defendants' trial exhibits and ensured that their exhibits are in fact exact duplicates of Defendants' exhibits, and instead have once again shifted the burden to Defendants to actually compare the exhibits side-by-side (Doc. 1121-1 at 2), something Defendants' counsel cannot do without copies of Plaintiffs' trial exhibits. Moreover, simply highlighting apparent duplicates on Defendants' exhibit list still does not inform Defendants which exhibits are duplicates (and not duplicates) on *Plaintiffs'* exhibit list. Defendants' trial exhibit list is not the complete universe of exhibits.

1  Plaintiffs copies of their trial exhibits. Defendants cannot begin de-duplicating exhibits
2  based on Plaintiffs' shoddy exhibit list without their trial exhibits,[3] and they cannot simply
3  "trust" that Plaintiffs have properly and adequately de-duplicated the exhibits.
4  Defendants' counsel even made another plea for a coherent set of Plaintiffs' trial exhibits
5  on Friday, September 12, 2014 (Ex. 1), and Plaintiffs have continued to ignore that plea,
6  in continuing violation of the Court's July 3, 2014 Pretrial Order.

7  If Plaintiffs were sincere and truly cooperative, they would have provided
8  Defendants a complete, organized, and coherent set of their trial exhibits sometime in the
9  last 10 days. Instead, they have spent their time quibbling with Defendants and the
10 Court's Order (including promising to provide copies and then reneging on that promise),
11 and making half-hearted attempts to show progress through a master exhibit list.
12 Meanwhile, Defendants have lost, and continue to lose, valuable time to prepare their
13 defense. Anything short of precluding Plaintiffs' trial exhibits will be encouraging
14 disobedience of the Court's Order in this and future cases before the Court.

17 / / /

20 / / /

23 / / /

---

[3] As Plaintiffs have submitted a copy of Defendants' trial exhibit list (Doc. 1123), which they provided Plaintiffs on September 5, 2014, the Court can see just how deficient Plaintiffs' exhibit list is (Doc. 1109-1 at 15-24). In comparison, each of Defendants' trial exhibits has a corresponding reference number and specific description. More importantly, the copies of the trial exhibits Defendants' provided Plaintiffs, on the same hard drive as their exhibit list, are identified by the same reference numbers and are in the same order, allowing Plaintiffs to go through the exhibits and review for objections.

DATED this 15th day of September 2014.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Daniel P. Struck
   Daniel P. Struck
   Kathleen L. Wieneke
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Fletcher
   Anne M. Orcutt
   Jacob B. Lee
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

   Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

   *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Ajmel Quereshi: | aquereshi@npp-aclu.org |
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| Dara Levinson: | daralevinson@jonesday.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| James M. Jellison: | jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jerica Lynn Peters: | jpeters@perkinscoie.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kamilla Mamedova: | kmamedova@jonesday.com |

| | | |
|---|---|---|
| 1 | Kevin C. Brantley: | kbrantley@jonesday.com |
| 2 | Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| 3 | | |
| 4 | Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| 5 | Sara Norman: | snorman@prisonlaw.com |
| 6 | Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| 7 | Taylor Freeman: | tfreeman@jonesday.com |
| 8 | Warren E. George, Jr.: | wgeorge@prisonlaw.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck