1    Arizona Attorney General Thomas C. Horne
     Office of the Attorney General
2    Michael E. Gottfried, Bar No. 010623
     Lucy M. Rand, Bar No. 026919
3    Assistant Attorneys General
     1275 W. Washington Street
4    Phoenix, Arizona 85007-2926
     Telephone: (602) 542-4951
5    Fax: (602) 542-7670
     Michael.Gottfried@azag.gov
6    Lucy.Rand@azag.gov

7    Daniel P. Struck, Bar No. 012377
     Kathleen L. Wieneke, Bar No. 011139
8    Rachel Love, Bar No. 019881
     Timothy J. Bojanowski, Bar No. 22126
9    Nicholas D. Acedo, Bar No. 021644
     Ashlee B. Fletcher, Bar No. 028874
10   Anne M. Orcutt, Bar No. 029387
     Jacob B. Lee, Bar No. 030371
11   STRUCK WIENEKE & LOVE, P.L.C.
     3100 West Ray Road, Suite 300
12   Chandler, Arizona 85226
     Telephone: (480) 420-1600
13   Fax: (480) 420-1696
     dstruck@swlfirm.com
14   kwieneke@swlfirm.com
     rlove@swlfirm.com
15   tbojanowski@swlfirm.com
     nacedo@swlfirm.com
16   afletcher@swlfirm.com
     aorcutt@swlfirm.com
17   jlee@swlfirm.com

18   *Attorneys for Defendants*

19

20              **UNITED STATES DISTRICT COURT**
                 **DISTRICT OF ARIZONA**

21   Victor Parsons, *et al.*, on behalf of themselves    NO. 2:12-cv-00601-DJH
     and all others similarly situated; and Arizona
22   Center for Disability Law,

                     Plaintiffs,
23           v.                   **DEFENDANTS' (*EXPEDITED*)**
                                   **MOTION TO STRIKE**
24   Charles Ryan, Director, Arizona Department    **PLAINTIFFS' DEPOSITION**
     of Corrections; and Richard Pratt, Interim       **DESIGNATIONS**
25   Division Director, Division of Health Services,
     Arizona Department of Corrections, in their    [Expedited Consideration Requested]
26   official capacities,

                     Defendants.
27

28

Plaintiffs have designated the deposition testimony of 49 trial witnesses, 21 of which are available non-party witnesses.  Not only is this yet another example of Plaintiffs' continued efforts to present a trial by paper based upon incomplete and selective facts and to prevent the Court from hearing live testimony (Doc. 1089), but it violates Fed.R.Civ.P. 32.  Plaintiffs' excessive deposition designations place an undue burden upon Defendants who must review all 49 depositions and thousands of pages of deposition testimony to identify counter-designations and assert objections within a very limited time period.  It is unreasonable to expect Defendants to complete this monumental task in a week.  In addition, Plaintiffs' designations place an undue burden upon this Court to review all of the designations, counter-designations and objections prior to reading the transcripts into the record.  This burden is exacerbated by Plaintiffs improper designations of 21 depositions that fall outside the scope of Rule 32.

Therefore, Defendants respectfully request that the Court strike the deposition designations for those 21 available non-party witnesses.  *See* LRCiv 7.2(m) and Fed.R.Civ.P. 32.  Defendants further request an expedited ruling because the parties' deadline to submit objections to deposition designations is September 19, 2014.[1] (Doc. 995.)

# I.    BACKGROUND

Defendants received Plaintiffs' proposed deposition designations on Tuesday, September 9, 2014.[2]  Plaintiffs designated the deposition transcripts of 49 witnesses that they intend to use at trial.  These designations were included on a 406 page table, which identified thousands of pages of proposed deposition testimony.  (*See, e.g.,* Exh. B – Excerpts of Plaintiffs' Designations.)  Twenty-one (21) of the designated witnesses are

---

[1] Plaintiffs originally requested objections and counter-designations by Tuesday, September 16.  Plaintiffs have agreed to extend the deadline to submit objections to their deposition designations pending resolution of this Motion to allow Defendants enough time to lodge objections after a ruling if they are required.

[2] Plaintiffs' counsel emailed their deposition designations to Defendants' counsel on Monday, September 8, 2014, at 11:56 p.m.  (*See* Exh. A.)

not named parties or a party's officer, director, managing agent or Rule 30(b)(6) designee.[3]   Some of the witnesses are not even Arizona Department of Correction ("ADC") employees.   In addition, all of these 21 witnesses, except one (Defendants' expert witness), reside in Arizona and are available to testify at trial, under Fed.R.Civ.P. 32(a)(4).   Defendants asked Plaintiffs to withdraw their designations for these 21 witnesses because they are improper designations under Rule 32, but Plaintiffs refused.

The 21 available, non-party witnesses at issue are:

      1)     Terry Allred

      2)     Kathy Campbell

      3)     Tracy Crews

      4)     Carlos Weekly

      5)     Karen Chu

      6)     Greg Fizer

      7)     Bryan Hanstad

      8)     Vanessa Headstream

      9)     Jeffrey Sharp

      10)    Mark Haldane

      11)    Julie Carter

      12)    Juliet Respicio-Moriarty

      13)    David Robertson

      14)    Jenny Mielke-Fontaine

      15)    Helena Valenzuela

      16)    John Mitchell

      17)    Christy Somner

      18)    Mark Jansen

---

[3] Two of the witnesses, Nicole Taylor and Kathy Campbell, were deposed in both their individual capacity and representative capacity, under Rule 30(b)(6). Defendants are moving to strike the deposition designations for these witnesses in their individual capacity from September 5, 2013 and September 11, 2013, respectively.

1             19)    Marlena Bedoya

2             20)    Martin Winland

3             21)    Lawrence Mendel[4]

Except for Dr. Mendel, these witnesses are or were ADC, Wexford, Corizon, or Smallwood employees. Wexford is the former health care provider for ADC, and Corizon is the current health care provider. Smallwood is the dental care provider which contracts with Corizon.

## II.  THE COURT SHOULD STRIKE PLAINTIFFS' DEPOSITION DESIGNATIONS OF ALL AVAILABLE NON-PARTY WITNESSES.

Rule 32 "clearly favors live testimony over deposition evidence" and limits the use of depositions at trial to a few very limited situations. *See Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1118 (9th Cir. 2002). A deposition may be used at trial only if: (1) it is used for impeachment purposes or another purpose allowed by the Federal Rules of Evidence; (2) it is of an opposing party or the "party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)"; or (3) the witness is unavailable. Fed.R.Civ.P. 32(a)(2)-(4); *see also Kolb v. Suffolk County*, 109 F.R.D. 125, 126 (E.D. N.Y. 1985). A witness is unavailable if she is: (1) dead; (2) more than 100 miles from the place of the trial; (3) unable to testify because of age, illness, infirmity or imprisonment; or (4) not able to be summoned to testify by subpoena. Fed.R.Civ.P. 32(a)(4)(A)-(D). The use of deposition testimony in lieu of live testimony is within the sound discretion of the Court. *See Fed.R.Evid.* 611(A)(1)-(2); *Hub v. Sun Valley Co.,* 682 F.2d 776, 777 (9th Cir. 1982) (citing *Reeg v. Shaughnessy*, 570 F.2d 309, 317 (10th Cir. 1978)). "The party seeking to admit a deposition at trial must prove that the requirements of Rule 32(a) have been met." *Allgeier v. United States,* 909 F.2d 869, 876 (6th Cir. 1990).

As Rule 32 notes, live testimony is important to the presentation of evidence.

---

[4] Dr. Mendel is one of Defendants' expert witnesses. Although he resides outside Arizona, he will be available to testify at trial.

Fed.R.Civ.P. 32(a)(4)(E).  "The restrictions imposed by Rule 32 make it clear that the federal rules have not changed the long–established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person."  Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 8A Fed. Prac. & Proc. Civ. § 2142 (3d ed.).  In addition, as this Court has already recognized, Fed.R.Civ.P. 43(a) also "evinces a policy favoring oral testimony in open court" and the "importance of presenting live testimony in court cannot be forgotten."  (Doc. 1068 at 3 citing Fed.R.Civ.P. 43(a) and advisory committee's note (1996 amendment) and 9A Fed. Prac. & Proc. Civ. § 2414 (3d ed.).)  The testimony of the 21 available non-party witnesses should be presented through live testimony, not hundreds of pages deposition designations.

The 21 witnesses listed above are not named Defendants or Defendants' officers, directors, managing agents or Rule 30(b)(6) designees.  These 21 witnesses are also available to testify at trial.  Defendants notified Plaintiffs that each of these witnesses is available to testify at trial, but Plaintiffs refused to withdraw their designations.  Plaintiffs also have not filed a motion showing "exceptional circumstances" that would allow this Court to find the witnesses are unavailable "in the interest of justice and with due regard to the importance of live testimony in open court."  Fed.R.Civ.P. 32(a)(4)(E).  Therefore, the deposition designations for the 21 witnesses listed above should be stricken and Defendants should not have to spend the time and resources necessary to identify hundreds of counter-designations and objections to these depositions.

Not only are these designations impermissible under Rule 32, they also deprive this Court an opportunity to evaluate the witnesses' credibility and determine the weight that should be given to each witness' testimony.  *See, e.g., Planned Parenthood*, 290 F.3d at 1118; *Ashton v. Sentney*, 145 F.2d 719, 720 (9th Cir. 1944) ("The demeanor of the witnesses and their sincerity and candor is a matter for the trial tribunal."); *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010) (discussing credibility determinations).  Plaintiffs' excessive designations also deprive this Court and the parties with an

4

1    opportunity to ask follow up questions regarding facts that may not be fully covered in the

2    designated testimony.  *See Kolb*, 109 F.R.D. at 127 ("when depositions are submitted in

3    place of live testimony, the trial judge is denied the opportunity to question the witness").

4    Moreover, the depositions were taken for the purpose of discovery, not to elicit or

5    preserve trial testimony.  *See* 8A Fed. Prac. & Proc. Civ. § 2142 (3d ed.) (explaining the

6    same broad scope of relevance "that is permitted in the taking of testimony by deposition

7    might be prejudicial if allowed at the trial").

8            In refusing to withdraw these deposition designations, Plaintiffs invoked

9    Fed.R.Evid. 801(d)(2)(D), and stated that the testimony was admissible as party

10   admissions.  As an initial matter, the Court should reject this argument because Plaintiffs

11   failed to identify any of these witnesses' statements in response to Defendants'

12   Interrogatory:  to "identify any statements or admissions you intend to introduce or use at

13   trial under Federal Rule of Evidence 801(d)(2), by any ADC employee or former

14   employee… ."   (Exh. C – Excerpts of Plaintiffs' Responses to Defendants'

15   Interrogatories.)  In response, Plaintiffs did not identify any of the 21 witnesses or any

16   statements that they intend to use at trial under Rule 801(d)(2).  (Exh. C.)  Plaintiffs

17   cannot now belatedly claim that the deposition designations should be admitted under

18   Fed.R.Evid. 801(d)(2).  Therefore, Plaintiffs should be precluded from using any

19   deposition designations under Fed.R.Evid. 801(d)(2) for their failure to comply with

20   Fed.R.Civ.P. 33 and 26(e).  *See* Fed.R.Civ.P. 37(c)(1).

21           Nonetheless, Plaintiffs' argument misses the mark and fails to understand that

22   when considering the use of depositions at trial there is a two-part analysis.  "**First**, the

23   conditions set forth in ***Rule 32(a) must be satisfied before the deposition can be used at***

24   ***all***.  **Second**, when it is found that these conditions authorize the use of the deposition, it

25   must be determined whether the matters contained in it are admissible under the rules of

26   evidence."  8A Fed. Prac. & Proc. Civ. § 2142 (3d ed.) (emphasis added);  *see also Kolb*,

27   109 F.R.D. at 127.  Thus, although the Rules of Evidence govern the admissibility of trial

28   evidence, the Rules of Civil Procedure govern the procedure in which evidence may be

used at trial.  Whether or not the testimony is admissible is a separate and independent issue for the Court to address *after* resolving whether Plaintiffs have followed the proper procedure for using the depositions at trial.  *See Kolb,* 109 F.R.D. at 127-28 (noting two-part analysis and finding Rule 801(d)(2) "was not intended to permit the introduction of eight of defendant's employees' entire depositions for substantive purposes where the employees are readily available to testify at trial"); *see also In re Related Asbestos Cases*, 543 F. Supp. 1142, 1145-46 (N.D. Cal. 1982) (proposing party must meet requirements of both Fed.R.Civ.P. 32(a) and Fed.R.Evid. 804(b)(1) to introduce deposition at trial); *Molina v. Jiffy Lube Int'l, Inc.*, 07-22644-CIV, 2008 WL 4541025, at * 2 (S.D. Fla. Oct. 8, 2008), *aff'd by*, 345 F. App'x 412 (11th Cir. 2009) (even if deposition is not inadmissible hearsay under Fed.R.Evid. 801(d)(2), it does not meet requirements of Fed.R.Civ.P. 32).  Defendants are objecting to the *procedure* in which Plaintiffs are attempting to introduce this evidence, which is governed by Rule 32.  Defendants are not objecting to the admissibility of the witnesses' testimony, at this time. Those objections will be made at trial if/when they are called to testify at trial.

Even if the Court found Plaintiffs' deposition designations comply with Rule 32, they are not admissible under Fed.R.Evid. 801(d)(2).  There should be no dispute that none of the identified 21 witnesses is a party to this action or a coconspirator.  *See* Fed.R.Evid. 801(d)(2)(A)&(E).  In addition, Defendants have not expressly adopted any of their deposition testimony and did not authorize any of these witnesses to make statements on their behalf.  *See* Fed.R.Evid. 801(d)(2)(B)-(C).  These witnesses were subpoenaed for depositions in their individual capacity only.  Therefore, the deposition testimony is admissible only if it "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  *See* Fed.R.Evid. 801(d)(2)(D). Plaintiffs must show that each of the 21 witnesses was an agent of or employed by Defendants at the time of the deposition, that their statements concern a matter within the scope of their employment, that the statements concern the issues raised in this lawsuit, and that the statements are admissions of relevant facts that are connected to the case by

6

more than conjecture. *See Niver v. Travelers Indem. Co. of IL*, 430 F. Supp. 2d 852, 864 (N.D. Iowa 2006); *Oki Am., Inc. v. Microtech Int'l, Inc.*, 872 F.2d 312, 314 (9th Cir. 1989). Plaintiffs also should provide independent proof of the agency relationship and scope. *See, e.g., Shuck v. Texaco Ref. & Mktg., Inc.*, 872 P.2d 1247, 1250 (Ariz. App. 1994).

Plaintiffs have not shown that all of the 21 witnesses' statements were made by an opposing party's employee or agent, during the existence of the relationship, and concerned a matter within the scope of the relationship. *See Oki Am., Inc.*, 872 F.2d at 314. Two of the proposed witnesses, Carlos Weekly and Bryan Hanstad, are, or were, employees of Smallwood, which contracts with Corizon to provide dental services for ADC. Moreover, the following four proposed witnesses are, or were, employees of Corizon, not ADC: Jeffrey Sharp, Julie Carter, Christy Somner and Mark Jansen. Therefore, Plaintiffs cannot reasonably contend that these individuals who worked for independent contractors or subcontractors were ADC's employees or agents at the time of their depositions. *See United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010) ("Unlike employees, independent contractors are not ordinarily agents.").

In addition, Plaintiffs have not designated specific statements that may be construed as admissions of fact, regarding any of the issues that will be addressed at trial. Instead, Plaintiffs have designated large portions of the depositions in an attempt to introduce deposition transcripts in lieu of live testimony. (*See, e.g.,* Exh. B.) Therefore, in order to determine whether the statements are admissible will require the Court to review each of the designations for all 21 witnesses to evaluate whether it was made within the scope of employment with ADC and whether it is relevant to the issues at trial. *See Bonds*, 608 F.3d at 504 (court must "undertake a fact-based inquiry applying common law principles of agency" to determine admissibility under Fed.R.Evid. 801(d)(2)). This procedure will impose an onerous burden upon the Court, which is unnecessary if Plaintiffs simply call these witnesses to testify live at trial.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

Defendants request that the Court issue an order striking Plaintiffs' deposition designations for the 21 available non-party witnesses listed above.   In the alternative, Defendants request a reasonable extension of time (at least 7 days) in which to provide counter-designations and objections.

DATED this 15th day of September 2014.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Daniel P. Struck

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried
Lucy M. Rand
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ajmel Quereshi:  aquereshi@npp-aclu.org

Alison Hardy:  ahardy@prisonlaw.com

Amelia M. Gerlicher:  agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amir Q. Amiri:  aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy Fettig:  afettig@npp-aclu.org

Asim Varma:  avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:  cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:  ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:  DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda:dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

Dara Levinson:  daralevinson@jonesday.com

David Cyrus Fathi:  dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:  dspecter@prisonlaw.com

James Duff Lyall:  jlyall@acluaz.org; gtorres@acluaz.org

James M. Jellison:  jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com

Jennifer K. Messina:  jkmessina@jonesday.com

Jerica Lynn Peters:  jpeters@perkinscoie.com

Jessica Pari Jansepar Ross:  jross@azdisabilitylaw.org

John Howard Gray:  jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:  jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:  jrico@azdisabilitylaw.org

Kamilla Mamedova:  kmamedova@jonesday.com

9

| | |
|---|---|
| Kevin C. Brantley: | kbrantley@jonesday.com |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| Matthew Benjamin de Mee: mdumee@perkinscoie.com; cwendt@perkinscoie.com | |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Taylor Freeman: | tfreeman@jonesday.com |
| Warren E. George, Jr.: | wgeorge@prisonlaw.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck

10