1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Victor Antonio Parsons, et al.,                No. CV-12-00601-PHX-DJH

10                     Plaintiffs,                  **ORDER**

11   v.

12   Charles L. Ryan, et al.,

13                     Defendants.

14          The Court has reviewed Defendants' expedited motion to preclude Plaintiffs' trial

15   exhibits (Doc. 1109).  The Court directed expedited briefing on the motion, which it has

16   considered.  For the reasons that follow, the Court will deny the motion but will extend

17   the time for Defendants to lodge objections to Plaintiffs' exhibits as explained herein.

18          Prior to reassignment of this case to this Court, Judge Wake issued an Order on

19   July 3, 2014, setting final pretrial deadlines.  This Court affirmed those deadlines.  In

20   Paragraph 10 of the July 3 Order, the parties were directed to "(a) meet in person and

21   exchange copies of all exhibits to be used at trial no later than September 5, 2014 (any

22   exhibit not exchanged at this meeting shall be precluded at trial); and (b) eliminate any

23   duplicate exhibits while meeting to exchange exhibits" (Doc. 995).   There is no

24   ambiguity in this language despite Plaintiffs' attempt to inject it.  But on September 5,

25   when the parties met in person, only Defendants produced copies of their exhibits and

26   Plaintiffs merely produced an exhibit list.

27          There is no doubt that this violated the July 3, 2014.  The only remaining question

28   is the appropriate remedy.  Defendants contend that exclusion of the exhibits is automatic

and self-executing.  Plaintiffs counter that complete exclusion of their exhibits would be a "crippling sanction."  There is no question, though, that Defendants have been prejudiced by this inordinate delay, such prejudice being compounded by Plaintiffs' failure to produce the exhibits in an organized format.[1]

Nevertheless, the Court declines to exclude Plaintiffs' exhibits in their entirety because the prejudice to Defendants can be quelled by a less drastic sanction.  To that end, Plaintiffs must produce to Defendants a complete Exhibit List, organized by exhibit number, which corresponds to a complete portfolio of exhibits no later than 5:00 p.m. on Friday, September 19, 2014.  Defendants' deadline to object to any of Plaintiffs' exhibits will be extended to Monday, September 29.  No modification of these deadlines will be entertained.

This Order serves as a warning to both parties.  Any further failure to comply with any remaining deadline will result in automatic sanctions and exclusion of evidence.

**IT IS THEREFORE ORDERED:**

(1) Defendants' Motion to Preclude Plaintiffs' Trial Exhibits (Doc. 1109) is **DENIED.**

(2)  Defendants' Motion for Leave to File Exhibit in Non-Electronic Format (Doc. 1118) is **DENIED**.

(3)  The Parties' Motions to Seal (Docs. 1119, 1122) are **DENIED AS MOOT** because review of the subject exhibits are not necessary for resolution of this motion.

(4)  Plaintiffs must produce to Defendants a complete Exhibit List, organized by exhibit number, which corresponds to a complete portfolio of exhibits no later than 5:00 p.m. on Friday, September 19, 2014.

(5)  Defendants' deadline to object to any of Plaintiffs' exhibits will be extended to Monday, September 29.   No other deadline is affected by this Order and no

---

[1] Defendants' request to submit the external hard drive for the Court's in camera review, along with the attendant motion to seal, will be denied because it is unnecessary to resolve the motion to exclude.  The Court also finds it unnecessary to review the proposed sealed exhibit in support of Plaintiffs' notice of supplemental facts (Doc. 1122).

modification of any further deadline will be entertained.

(6)   Any further failure to comply with any remaining deadline will result in automatic sanctions and exclusion of evidence.

**Dated** this 16th day of September, 2014.

Diane J. Humetewa
United States District Judge