Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DJH<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1** |

The Court should reject Plaintiffs' blanket request to exclude the facts underlying the criminal convictions of any and all inmates whom they call as trial witnesses. The facts underlying certain inmates' criminal convictions—including the convictions of several named Plaintiffs—are directly relevant and necessary to defend against Plaintiffs' conditions-of-confinement claims: to support the penological justifications behind ADC's policies. The evidence is also admissible under Fed.R.Evid. 609 for impeachment purposes. Therefore, Plaintiffs' Motion in Limine No. 1 (Doc. 1101) should be denied.[1]

### A. The Evidence is Admissible and Highly Relevant to Defend Against Plaintiffs' Claims.

There are 17 certified practices in this lawsuit, challenging ADC's provision of medical care, dental care, mental health care, and the conditions of confinement for maximum custody inmates. The class and subclass are current and future ADC inmates. The twelve remaining Named Plaintiffs are current ADC inmates, and seven of them are representatives of the conditions-of-confinement subclass. All of them, and additional class/subclass members (inmates) will or may testify at trial in support of Plaintiffs' allegations. Although Plaintiffs presume that Defendants intend to use the facts underlying their criminal convictions only to impeach them, that is not the case. The evidence is highly relevant for non-impeachment purposes, and therefore its admissibility is not governed by Rule 609. *See* Fed.R.Evid. 609(a) (rule applies only "to attacking a witness's character for truthfulness").[2]

Seven of the certified practices challenge the conditions of confinement for maximum custody inmates. Plaintiffs' primary challenge is an allegation of "extreme isolation," referring to the number of hours that maximum-custody inmates must remain

---

[1] It is important to note that Plaintiffs' Motion in Limine pertains only to criminal convictions. They do not move to exclude a witness's prior conduct, that may satisfy the elements of a crime but which they have not been convicted, e.g., an inmate's disciplinary history while in prison. That evidence is also relevant and necessary to defend against Plaintiffs' claims for all of the same reasons stated in this Response.

[2] For this reason, the arguments and authorities in Section I of their Motion are inapposite.

1

in their cell in a day. They also challenge the use of 24-hour illumination in certain maximum custody cells, the number of hours, frequency, and conditions of recreation, and the use of chemical agents on inmates who are taking psychotropic medications.

To prove an Eighth Amendment violation, Plaintiffs must show that these policies pose a substantial risk of serious harm and that Defendants are deliberately indifferent to that risk. *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). A policy does not violate the Eighth Amendment, however, if it is reasonably related to a legitimate penological justification. *Turner v. Safley*, 482 U.S. 78, 79 (1987); *see also Washington v. Harper*, 494 U.S. 210, 224 (1990) ("We made quite clear that the standard of review we adopted in *Turner* applies to all circumstances in which the needs of prison administration implicate constitutional rights."); *Norwood v. Vance*, 591 F.3d 1062, 1067 (9th Cir. 2010) ("Prison officials are entitled to deference whether a prisoner challenges excessive force or conditions of confinement.").

Thus, one of Defendants' primary defenses against these conditions claims is that there are legitimate penological justifications for each maximum custody policy. (Doc. 937, ¶¶ 629, 1260, 1573, 1585-1588, 1591, 1593, 1597-1599, 1702-1709.) Simply put, these policies are in place because inmates in maximum custody are dangerous individuals who pose a risk to the safety of other inmates, staff, and the institutions. They represent the highest risk to the public and staff and require frequent monitoring, and include inmates convicted of murder, who have committed violent acts or have attempted to escape, and members of security threat groups. (Doc. 937, ¶¶ 1262, 1264.) Five of the seven subclass representatives were convicted of murder, aggravated assault, and/or escape. (Doc. 937, ¶¶ 2740, 2814, 2892, 3017, 3166, 3759, 3761.) As just one example, Plaintiff Gamez stabbed and took an officer hostage in the Pima County Jail. (Doc. 937, ¶ 1907.) Four of the subclass representatives have all been disciplined while in prison for assaulting staff and/or other inmates. (Doc. 937, ¶¶ 1908-1910, 2744-2750, 2897-2913, 3021-3031, 3168-3174, 3763-3774.) These same subclass representatives have alleged injury resulting from ADC's maximum custody policies (in-cell time, recreation, 24-hour

1 lighting, and chemical agents). (Doc. 1, ¶¶ 86, 90, 92, 96; Doc. 372 at 17-18.) And
2 Plaintiffs' experts are expected to testify to additional alleged injuries suffered by non-
3 Named Plaintiffs. Evidence regarding these inmates' past conduct, including the conduct
4 underlying their criminal convictions, is critical to show why ADC's maximum custody
5 policies are necessary and why they are subjected to them.[3] These facts show the
6 incredible security risks that ADC staff face every day and must consider in formulating
7 and applying policies.

8 Plaintiffs argue that the facts underlying the criminal convictions are irrelevant
9 because they are challenging the constitutionality of the conditions in maximum custody
10 units, "not the reasons why any particular prisoner was placed there." (Doc. 1101 at 4.)
11 But as just discussed, whether a policy is constitutional depends on whether there is a
12 legitimate penological justification supporting it. And that justification is bolstered by the
13 heinous acts committed by the individuals the policies were designed to apply to.[4]
14 Plaintiffs also contend that exploring these underlying facts will prolong the trial. Not
15 true. Plaintiffs can easily stipulate to the underlying facts. And if they refuse, the line of
16 questioning will be brief (a few questions at most). There are also only five subclass
17 representatives with relevant convictions. Plaintiffs will dictate how many other inmates
18 they call at trial.

19 **B.    The Evidence is Admissible for Impeachment Purposes.**

20 Rule 609(a) expressly permits "evidence of a criminal conviction" to impeach a
21 "witness's character for truthfulness" if the crime relates to "a dishonest act or false
22 statement" and Fed.R.Evid. 403 is satisfied. Thus, for example, Plaintiff Chisholm's
23 conviction on 58 counts relating to a fraudulent scheme to defraud investors of her

---

[3] Plaintiffs even recognize that an inmate's criminal history is relevant to their classification. (Doc. 1101 at 3-4.)

[4] Although it is not an allegation in the Complaint, one of Plaintiffs' experts (Eldon Vail) opines that ADC's classification policy unnecessarily assigns inmates to maximum custody. If he intends to provide similar testimony at trial and it is admitted over Defendants' objection, inmates' prior crimes are directly relevant to support ADC's classification policy.

3

company (Doc. 937, ¶¶ 3234-40 ), and Plaintiffs Hefner and Polson's forgery convictions (id., ¶¶ 3585, 3759), are admissible impeachment evidence if they choose to testify. Other testifying inmates may have similar convictions.[5] These same individuals have alleged that they submitted Health Needs Request forms and/or requested healthcare treatment that did not get timely answered, or that they did not get certain treatment. Defendants' Motion for Summary Judgment established that many of their allegations and/or avowals made in declarations were simply not true, and even Judge Wake noted that the medical records of some Named Plaintiffs suggest "either delusion or fraud." (Doc. 1058 at 61:5-8.) If they elect to testify at trial, their prior criminal convictions for dishonest acts are admissible to impeach them.

Plaintiffs agree that the crimes and dates of conviction may be elicited on examination (Doc. 1101 at 2:9-11), but contend that the underlying facts may not. Notably, the cases Plaintiffs cite involve evidence admitted in criminal trials before a jury, and the concern in that instance is the unfair prejudice the evidence may impose upon a criminal defendant. But this is not a criminal trial and it is not a trial by jury. Indeed, as those cases point out, there *are* circumstances, albeit exceptional ones, in which collateral details of a criminal conviction may be admitted for impeachment purposes. *See United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009). This is such a case. None of the witnesses are subject to criminal liability for their testimony, and therefore there is no prejudice. Moreover, the Court is aware of the issues; there will be no confusion. And, finally, the evidence is not only impeachment-worthy, but also relevant to Defendants' defense. In eliciting this evidence, Defendants have no intent to badger or harass a witness, as Plaintiffs contend.

## CONCLUSION

For these reasons, Plaintiffs' Motion in Limine should be denied. Their request for a blanket exclusion of evidence, no matter the circumstance, is unfounded.

---

[5] Plaintiffs' Motion fails to identify the criminal convictions they seek to exclude, which is even more reason to deny a blanket request.

DATED this 17th day of September 2014.

          STRUCK WIENEKE & LOVE, P.L.C.

By /s/ Nicholas D. Acedo
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Ashlee B. Fletcher
    Anne M. Orcutt
    Jacob B. Lee
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Thomas C. Horne
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    1275 W. Washington Street
    Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Ajmel Quereshi: | aquereshi@npp-aclu.org |
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| Dara Levinson | daralevinson@jonesday.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| James M. Jellison: | jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jerica Lynn Peters: | jpeters@perkinscoie.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kamilla Mamedova: | kmamedova@jonesday.com |

| | | |
|---|---|---|
| 1 | Kevin C. Brantley: | kbrantley@jonesday.com |
| 2 | Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| 3 | | |
| 4 | Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| 5 | Sara Norman: | snorman@prisonlaw.com |
| 6 | Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| 7 | Taylor Freeman: | tfreeman@jonesday.com |
| 8 | Warren E. George, Jr.: | wgeorge@prisonlaw.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Nicholas D. Acedo