# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the

District of Arizona

| | |
|---|---|
| Victor Parsons, et al., ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. CV 12-00601-PHX-DJH |
| Charles Ryan, et al., ) | |
|  ) | (If the action is pending in another district, state where: |
| *Defendant* ) | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Lawrence Harold Mendel, DO, FSCP, CCHP, c/o STRUCK WIENEKE & LOVE, 3100 W. Ray Road, Suite 300, Chandler, Arizona 85226

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Perkins Coie LLP<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012 | Date and Time:<br>10/14/2014 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Described in Attachment A on or before October 7, 2014, c/o Kirstin T. Eidenbach, Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoenix, Arizona 85012, (602) 351-8034

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/18/2014

*CLERK OF COURT*

OR

s/ Kirstin T. Eidenbach

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Prisoner Plaintiffs
, who issues or requests this subpoena, are:
Kirstin T. Eidenbach, Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoenix, Arizona 85012, keidenbach@perkinscoie.com, 602-351-8034

Civil Action No. CV 12-00601-PHX-DJH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**I.    INSTRUCTIONS:**

1. YOU are required to furnish all DOCUMENTS in YOUR possession, custody, or control, including DOCUMENTS in the custody or control of YOUR (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) AGENTS; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction in connection with THIS LITIGATION, whether doing so directly or at the direction of YOUR subordinates.  Possession, custody, or control includes DOCUMENTS stored in electronic form by third party service providers but accessible to YOU, including but not limited to email accounts, FTP servers, portable storage media such as USB drives, cloud storage services such as Dropbox or SharePoint, and online workspaces such as WebEx.

2. All non-identical copies of every DOCUMENT whose production is sought shall be separately produced.

3. Each request herein constitutes a request for DOCUMENTS in their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation.  DOCUMENTS attached to each other, including but not limited to, by staple, clip, tape, email attachment, or "Post-It" note, should not be separated, although any page on which a Post-It note covers or obscures text on the DOCUMENT should be produced both with and without the Post-It note.  The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar INFORMATION as to the source and/or location of the DOCUMENTS.

4. YOU shall produce any and all drafts and copies of each DOCUMENT that are responsive to any request, other than drafts of YOUR REPORT, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations.  The author(s) of all hand-written notes should be identified.

5. YOU shall produce all responsive DOCUMENTS as they have been kept in the ordinary course of business.

1       6.    Responsive DOCUMENTS that exist in electronic form, even if such
2 DOCUMENTS also exist in paper form, shall be produced in electronic form according to
3 the following protocol:
4       7.

      a.    Electronic DOCUMENTS shall be produced electronically as single page, uniquely and sequentially numbered Group IV TIFF image files of not less than 300 dots per inch resolution, together with DOCUMENT level load files wherein the full text was extracted directly from the native file where possible.

      b.    For files produced in TIFF image form, each page of a produced DOCUMENT shall have a legible, unique production number electronically "burned" onto the TIFF image in such a manner that INFORMATION from the source DOCUMENT is not obliterated, concealed, or interfered with, preferably in the lower right corner of the DOCUMENT. The production number shall contain at least six digits. There shall be no other legend or stamp placed on the DOCUMENT image, unless a DOCUMENT qualifies for confidential treatment pursuant to the terms of any protective order in this matter, or if the DOCUMENT requires redaction. In the case of confidential materials as defined by any protective order in this matter, any applicable designation may be "burned" onto the DOCUMENT's image at a location that does not obliterate or obscure any INFORMATION from the source DOCUMENT, preferably in the lower left corner.

      c.    Each DOCUMENT image file shall be named with the unique production number of the page of the DOCUMENT in question, followed by the extension ".tif". File names should not be more than 20 characters long or contain spaces.

      d.    For files produced in TIFF image format, each page of a DOCUMENT shall be electronically saved as an image file. If a

DOCUMENT is more than one page, the unitization of the DOCUMENT and any attachments and/or affixed notes shall be maintained as they existed in the original DOCUMENT.

e.   TIFF images shall be accompanied by a standard load file containing the metadata and other fields identified in Paragraph 7(j) of these Instructions, below.  The load file shall be produced in one of the following industry-standard formats:   (1) Concordance delimited file (".dat"); (2) comma-separated value file (".csv"); or (3) TAB delimited file.  TIFF images shall also be accompanied by either an Opticon delimited cross-reference file (".opt") or IPRO View LFP comma-delimited file showing DOCUMENT breaks and appropriate DOCUMENT unitization.

f.   In addition to TIFF images, each production of electronic DOCUMENTS shall include searchable text files corresponding to the TIFF images for each DOCUMENT.  The full text of each native electronic DOCUMENT, excluding redacted DOCUMENTS, shall be extracted directly from the native file and produced in a DOCUMENT-level related text file (the "Extracted Text"). The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with the unique production number of the first page of the corresponding TIFF DOCUMENT followed by the extension ".txt".  YOU shall also perform OCR on certain types of non-text based static image ESI, such as native PDF image files, and produce the corresponding DOCUMENT-level related text files.  Searchable text files shall be generated from Extracted Text where available.

g.   DOCUMENTS shall be produced on optical media (CD or DVD) or external hard drives or similar, readily accessible electronic media (the "Production Media").  Each piece of Production Media shall IDENTIFY a production number corresponding to the party and production with which

1  the DOCUMENTS on the Production Media are associated (e.g.,
2  "[EXPERT NAME] 001"), as well as the volume of the material in that
3  production (e.g., "- 001", "-002"). The face of each piece of Production
4  Media shall also IDENTIFY: (1) the production date; and (2) the
5  production number range of the materials contained on the Production
6  Media.

7  h.  Presentation DOCUMENTS (such as Microsoft PowerPoint
8  DOCUMENTS) shall be produced with one slide per page together with any
9  "Speaker's Notes" or similar pages appended to, or otherwise associated
10 with, each slide. Presentation DOCUMENTS shall also be produced
11 according to all other applicable Instructions set forth in this set of requests.

12 i.  Unless redaction is required, spreadsheet DOCUMENTS (such as
13 Microsoft Excel DOCUMENTS) shall be produced in native format,
14 together with a single page TIFF placeholder bearing the legend "Native
15 File Produced" and load files containing the agreed upon metadata,
16 extracted text, production numbers and any applicable confidentiality labels
17 as described above. If redaction is required, then spreadsheets shall be
18 produced in TIFF image format as set forth above.

19 j.  For all DOCUMENTS for which metadata exists, the load files
20 described above shall be produced including the following fields:

| Fields for all DOCUMENTS | Description |
|---|---|
| BegProd | Beginning production number assigned to each DOCUMENT |
| EndProd | Ending production number assigned to each DOCUMENT |
| BegAttach | Beginning production number assigned to the group of DOCUMENTS to which |

| | | |
|---|---|---|
| | | the parent DOCUMENT and any attachment DOCUMENTS are associated |
| | EndAttach | Ending production number assigned to the group of DOCUMENTS to which the parent DOCUMENT and any attachment DOCUMENTS are associated |
| | Custodian | The name of the person or source from which the DOCUMENT was obtained |
| | FileName | Original file name |
| | FilePath | Original file path |
| | DocExt | DOCUMENT type as identified by metadata associated with the native DOCUMENT indicating the extension of the application that created the native DOCUMENT (e.g., .doc, .ppt, etc.) |
| | HashValue | The unique identifying value assigned to a DOCUMENT based on hash coding algorithms |
| | Author | The person or source that originated the DOCUMENT |
| | DateCreated | Date that the DOCUMENT was created (as reflected by metadata) |
| | LastModifiedDate | Date that the file was last modified (as reflected by metadata) |
| | FullText | The path or link to the searchable |

|  | |
|---|---|
|  | Extracted or OCR text for a DOCUMENT |
| NativeFile | The path or link to a processed and produced native file, to the extent the production contains native files |
| Confidentiality | The confidentiality designation for the DOCUMENT, as defined by any protective order in this matter |
| **Additional Fields for Email** | **Description** |
| To | All INFORMATION contained in the "To" field of an email |
| From | All INFORMATION contained in the "From" field of an email |
| CC | All INFORMATION contained in the "CC" field of an email |
| BCC | All INFORMATION contained in the "BCC" field of an email |
| DateSent | Date the email was sent, including month, day and year |
| TimeSent | Time the email was sent, including hour, minute, second and time zone. To the extent this INFORMATION is already included in the DateSent field in the metadata, YOU need not parse TimeSent as a separate field. |
| DateReceived | Date the email was received, including the month, day and year |

| TimeReceived | Time the email was received, including hour, minute, second and time zone. To the extent this INFORMATION is already included in the DateReceived field in the metadata, YOU need not parse TimeReceived as a separate field. |
|---|---|
| Subject | Subject or "Re:" line, as stated in the email |

8. If with respect to any request there are no responsive DOCUMENTS, so state in writing.

9. The following rules of construction shall be applied herein: (a) the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of their scope; (b) the use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural; (c) the words "any," "all," "each," and "every" all include any, all, each, and every and shall be understood in either their most or least inclusive sense as necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of their scope; and (d) the use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of the DOCUMENT requests all responses that might otherwise be construed to be outside of their scope.

10. If YOU object to a portion or an aspect of a request, state the grounds for YOUR objection with specificity and respond to the remainder of the DOCUMENT request. If any DOCUMENTS, or portion thereof, are withheld because YOU claim that such INFORMATION is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, YOU are required to provide a privilege log

-7-

setting forth the specific basis for the claim of privilege or protection and for each DOCUMENT provide the following:

    a.    the subject matter of the DOCUMENT;

    b.    the title, heading or caption of the DOCUMENT, if any;

    c.    the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

    d.    the type of the DOCUMENT (e.g., whether it is a letter, memorandum, minutes of meeting, etc.) and the number of pages of which it consists;

    e.    the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

    f.    the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

    g.    the identity of each person who has custody of a copy of each such DOCUMENT.

11. If YOU claim that a portion of a DOCUMENT is protected from disclosure for any reason, produce such DOCUMENT with redaction of only the portion claimed to be protected. When such redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced. All redactions shall also be included on the privilege log as described above.

12. If YOU object that a request is vague or ambiguous, identify the objectionable aspect of the request.

13. If a request cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, and state whatever INFORMATION or knowledge YOU have REGARDING the portion to which YOU have not responded.

14. If any DOCUMENT called for by these requests has been destroyed, lost, discarded, or is otherwise no longer in YOUR possession, custody, or control, identify such DOCUMENT as completely as possible, and specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the DOCUMENT.

**II.    DEFINITIONS:**

1. "ADC" means the Arizona Department of Corrections, including all its subdivisions, AGENTS, employees, CONTRACTORS, and attorneys.

2. "AFFILIATED" means connected in some way.

3. "ASSUMPTIONS" means any representation on which YOU were asked to rely without independent proof or substantiation. It includes hunches, hypotheses, information about prisons, prisoners, health care or any other matter bearing on this case, inferences, presumptions, theories, conditions, presuppositions, alleged historical matter or descriptions of events.

4. "COMMUNICATIONS" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including a Blackberry or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including WebEx and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voice mail messages.

5. "CONTRACTORS" means anyone working for an entity pursuant to agreed terms, such as by contract, rather than as an employee.

1  6. "CORIZON" means Corizon Health, Inc., and its corporate predecessors or successors, employees, subordinates, CONTRACTORS, AGENTS, attorneys, or anyone else AFFILIATED with it.

7. "DEFENDANTS or their AGENTS" means Defendants Charles Ryan and Richard Pratt, and their predecessors, successors, employees, subordinates, CONTRACTORS, AGENTS, attorneys, or any other person or entity acting in support of the defense of THIS LITIGATION or on their behalf in THIS LITIGATION.

8. "DEFENDANTS' COUNSEL" refers to any of the lawyers or other personnel at the Struck, Wieneke & Love, P.L.C. law firm, the Office of the Attorney General of Arizona, or the ADC when acting as counsel for Defendants in THIS LITIGATION.

9. "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of DEFENDANTS or their AGENTS or the ADC, to which they have access, or of which they have knowledge, including, but not limited to, COMMUNICATIONS, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, files, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, minutes, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device). "DOCUMENT" and "DOCUMENTS" includes, but is not limited to, all DOCUMENTS

generated by or maintained in the Director's Project Tracking System, official ADC papers, and the ADC's intranet.

10. "IN CONNECTION WITH YOUR REPORT" means any activity performed by YOU for DEFENDANTS or their AGENTS in connection with the preparation of any iteration of YOUR REPORT.

11. "INFORMATION" means any knowledge, evidence of any type, facts, data, intelligence, speculation or material of any kind relating to the subject matter of the request.

12. "NAMED PLAINTIFFS" means the individual plaintiffs who filed the Complaint in this matter, as set forth in the caption to this document.

13. "OTHER EXPERTS" means any expert other than YOU ALONE who has been retained by or is being paid by DEFENDANTS or their AGENTS in connection with THIS LITIGATION.

14. "PAYMENT" means compensation of any type, whether actually paid or promised. It is not limited to compensation for work forming the opinions expressed in YOUR REPORT, but extends to all compensation for YOUR work in connection with YOUR SERVICE AS AN EXPERT, including any study undertaken by YOU and compensation for YOUR testimony. This includes all COMMUNICATIONS about additional benefits to YOU, if any, even if not to be paid in this case. "PAYMENT" expressly includes compensation for work done by a person or organization associated with the expert named in this subpoena, even if not done by him.

15. "PLAINTIFFS" means the NAMED PLAINTIFFS and the Arizona Center for Disability Law.

16. "RECEIVED OR HAD ACCESS TO" means RECEIVED by YOU ALONE or by anyone acting on YOUR behalf or at YOUR direction in connection with THIS LITIGATION. This definition includes anything that YOU ALONE (or anyone acting on YOUR behalf or at YOUR direction) had the ability to review, even if only for a limited period of time.

17. "REFER" means making reference to, related to, consisting of, REFLECTING, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

18. "REFLECT" means to manifest or show, in whole or in part and includes passing references to a subject.

19. "REGARDING" means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates to, responds to, states, summarizes, or is in any way relevant to the identified subject.

20. "THIS LITIGATION" refers to the matter captioned *Parsons v. Ryan*, Docket No. 2:12-cv-00601, pending in the United States District Court for the District of Arizona, as REFLECTED in the caption set forth at the top of this pleading.

21. "WEXFORD" means Wexford Health Sources, Incorporated and its corporate predecessors or successors, employees, subordinates, CONTRACTORS, AGENTS, attorneys, or anyone else AFFILIATED with it.

22. "YOU" or "YOUR" mean the individual named in this subpoena and all persons assisting or acting at the direction of that person in connection with THIS LITIGATION.

23. "YOU ALONE" means only the individual who is named in this subpoena.

24. "YOUR REPORT" means any expert report YOU have prepared or will prepare as an expert in connection with THIS LITIGATION. It should be read to include all amendments, updates, rebuttal reports, supplemental reports, or any other report that adds to, expands upon or varies in any way the content of any report or opinion you have offered or intend to offer in THIS LITIGATION.

25. "YOUR SERVICE AS AN EXPERT" means everything done by YOU in connection with THIS LITIGATION, including everything for which YOU have or YOU intend to bill DEFENDANTS or their AGENTS.

**III.　REQUESTS FOR PRODUCTION OF DOCUMENTS:**

1. All DOCUMENTS not previously produced IN CONNECTION WITH YOUR REPORT that contain facts or data that YOU RECEIVED OR HAD ACCESS TO in connection with YOUR SERVICE AS AN EXPERT.

2. All DOCUMENTS not previously produced that relate to PAYMENT to YOU, YOUR employer or anyone else AFFILIATED with YOU by DEFENDANTS or their AGENTS, regardless of the matter for which YOU were paid.

3. All notes made by YOU in connection with YOUR SERVICE AS AN EXPERT not previously produced.

4. All DOCUMENTS that REFLECT or REFER to ASSUMPTIONS that YOU made or were asked to make in connection with YOUR SERVICE AS AN EXPERT not previously produced.

5. All COMMUNICATIONS with anyone, including any COMMUNICATIONS with any employee, agent, or attorney of ADC, CORIZON, WEXFORD, or SPDS, or with OTHER EXPERTS retained by DEFENDANTS or their AGENTS, in connection with YOUR SERVICE AS AN EXPERT. This also shall include all COMMUNICATIONS with DEFENDANTS' COUNSEL, if those COMMUNICATIONS (i) relate to compensation for YOUR study or testimony; (ii) identify facts or data that counsel provided and that YOU considered in forming the opinions in YOUR REPORT; or (iii) identify ASSUMPTIONS that counsel provided and that YOU relied on in forming the opinions in YOUR REPORT.

6. All transcripts of depositions or any other testimony that YOU have given in the last 5 years where the topic of the testimony related to YOUR professional activities or YOUR service as an expert witness or consultant in litigation.

1         7.    All reports that YOU have authored in the last 4 years as an expert witness or consultant in litigation.

2         8.    All DOCUMENTS REFERRED to or which YOU RECEIVED OR HAD ACCESS TO in preparation for YOUR REPORT which have not previously been produced to PLAINTIFFS in THIS LITIGATION.