1  Daniel Pochoda (Bar No. 021979)
   James Duff Lyall (Bar No. 330045)*
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone:  (602) 650-1854
4  Email: dpochoda@acluaz.org
          jlyall@acluaz.org
5  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

6  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia
   Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith,
7  Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner,
   Joshua Polson, and Charlotte Wells, on behalf of themselves and all
8  others similarly situated*

   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
9
   Sarah Kader (Bar No. 027147)
10 Asim Varma (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
11 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
12 Telephone:  (602) 274-6287
   Email: skader@azdisabilitylaw.org
13        avarma@azdisabilitylaw.org

14 *Attorneys for Plaintiff Arizona Center for Disability Law*

   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
15
                    UNITED STATES DISTRICT COURT
16
                        DISTRICT OF ARIZONA
17
   Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-DJH
18 Dustin Brislan; Sonia Rodriguez; Christina
   Verduzco; Jackie Thomas; Jeremy Smith; Robert
19 Gamez; Maryanne Chisholm; Desiree Licci; Joseph    **OPPOSITION TO**
   Hefner; Joshua Polson; and Charlotte Wells, on      **DEFENDANTS' MOTION TO**
20 behalf of themselves and all others similarly       **STRIKE PLAINTIFFS'**
   situated; and Arizona Center for Disability Law,    **DEPOSITION**
21                                                      **DESIGNATIONS**
                     Plaintiffs,
22
          v.
23 Charles Ryan, Director, Arizona Department of
   Corrections; and Richard Pratt, Interim Division
24 Director, Division of Health Services, Arizona
   Department of Corrections, in their official
25 capacities,

                     Defendants.
26

27

28

78204-0001/LEGAL123530877.1

1    Instead of following the procedure required by the Court's Pre-Trial Order and

2    counter-designating Plaintiffs' deposition designations, Defendants filed a premature

3    Expedited Motion to Strike.  At the outset, despite their rhetoric, Defendants notably do

4    not ask the Court to strike or challenge the admissibility of deposition testimony from

5    named defendants or 30(b)(6) witnesses, which is explicitly made admissible for "any

6    purpose" under Federal Rule of Civil Procedure 32(a)(3).  Nor do they challenge the

7    admissibility of ADC employees' deposition testimony regarding matters in the scope of

8    their employment as party admissions under Rule 801 of the Federal Rules of Evidence.

9    Instead, they misapply the Federal Rules of Civil Procedure to suggest that the designated

10   testimony is inadmissible because the deponents live in Arizona and accuse Plaintiffs of

11   following the wrong procedure by failing to inoculate their deposition designations

12   against all possible evidentiary objections Defendants might raise despite the fact that the

13   Court's Pre-Trial Order provides that Plaintiffs are to demonstrate admissibility *after*

14   Defendants raise objections.

15   Neither of these arguments is convincing.  Plaintiffs do not seek to submit entire

16   deposition transcripts as exhibits.  They have only designated specific statements that they

17   may present at trial to lay the foundation for expert testimony or as party admissions.  It

18   would be premature to exclude these designations at this stage.  Accordingly, the Court

19   should deny Defendants' Expedited Motion to Strike.[1]

20
21   **I.    DEFENDANTS' CLAIM THAT DEPOSITION TESTIMONY IS ONLY ADMISSIBLE IF IT SATISFIES RULE 32 IS INCORRECT**

22   Ignoring the Federal Rules of Evidence, Defendants suggest that Rule 32 of the

23   Federal Rules of Civil Procedure is a gateway through which all deposition testimony

24   must pass, and that because the Defendants have represented that the deponents are all

25   "available" for trial under Rule 32(a)(4), their deposition testimony is inadmissible.  This

26   is simply incorrect.

27   _____

28   [1] Plaintiffs agree to withdraw the Mendel deposition designations; Defendants' motion is therefore moot as to those designations.

1

2

**A.    Federal Rule of Civil Procedure 32 Does Not Restrict Testimony Otherwise Admissible Under Rule 801(d)(2)(D) of the Federal Rules of Evidence**

3    As courts within the Ninth Circuit have explained, "[T]he Federal Rules of

4    Evidence . . . provide the general rules regarding the use at trial of depositions." *Coleman*

5    *v. Wilson*, 912 F. Supp. 1282, 1295 (E.D. Cal. 1995) (quoting 8A Wright, Miller &

6    Marcus, Fed. Practice & Proc.: Civil (2d ed.) § 2142, at 158).   Federal Rule of Civil

7    Procedure 32, by contrast, "defines some circumstances in which a deposition is

8    admissible, leaving most issues of admissibility to the Federal Rules of Evidence." *Id.*

9    Thus, while Rule 32 allows for introduction of deposition testimony that would otherwise

10    be inadmissible hearsay under the Rules of Evidence, it does not operate as an additional

11    limitation on otherwise admissible evidence. *Id.* Cases holding similarly are legion. *See,*

12    *e.g., United States v. Int'l Bus. Machines Corp*., 90 F.R.D. 377, 384 (S.D.N.Y.1981) (Fed.

13    R. Civ. P. 32 and Fed. R. Evid. 804 "are independent bases for the admission of a

14    deposition"); *Carpenter v. Forest Meadows Owners Ass'n*, Case No. 1:09-cv-01918-JLT,

15    2011 U.S. Dist. LEXIS 82295, at *14 (E.D. Cal. July 26, 2011) ("The Court agrees that

16    the Federal Rules of Evidence provide an independent basis from Rule 32(a)(3) for

17    admitting deposition testimony."); *In re Hayes Lemmerz Int'l, Inc.*, 340 B.R. 461, 468-69

18    (Bankr. D. Del. 2006) ("Rule 32 is not the exclusive means by which depositions can be

19    admitted and . . . Rule 801(d)(2)(D) is an independent basis for admissibility."); *Globe*

20    *Sav. Bank FSB v. United States*, 61 Fed. Cl. 91, 95 (Fed. Cl. 2004) (same).

21    Defendants' cited authority does not hold otherwise.   Defendants rely (at 4) on a

22    section of Wright & Miller that merely covers admissibility under Rule 32, not

23    admissibility under Federal Rule of Evidence 801.   Defendants omit that the preceding

24    section explains that Rule 32 has been amended to "affirm that depositions could be used

25    at trial for any purpose permitted by the Federal Rules of Evidence." 8A Wright & Miller,

26    Fed. Practice & Proc.: Civ §§ 2141, 2142 (3d ed.).   And courts have relied on Wright &

27    Miller to hold that Rule 32 is not an additional limitation apart from Fed. R. Evid. 801.

28

1    *Coleman*, 912 F. Supp. at 1295 (citing 8A Wright, Miller & Marcus, Fed. Practice &
2    Proc.: Civil 2d § 2141, at 157, § 2142, at 158 (1994)).

3        None of Defendants' cited cases hold that deposition testimony independently
4    admissible as nonhearsay under the Federal Rules of Evidence must also satisfy Rule 32.
5    In *Kolb v. Cnty. of Suffolk*, the court declined to hold that deposition testimony must
6    satisfy both sets of rules, instead "[a]ssuming, *arguendo*, that Fed.R.Evid. 801(d)(2)(D)
7    does provide a separate basis to admit" depositions.   109 F.R.D. 125, 127 (E.D.N.Y.
8    1985).  In *In re Related Asbestos Cases*, the deponent was dead and Rule 32 was satisfied,
9    so there was no need to consider whether the testimony at issue would have been
10   independently admissible under Rule 801.  543 F. Supp. 1142, 1146 (N.D. Cal. 1982).
11   Finally, in *Molina v. Jiffy Lube Int'l, Inc.*, neither Rule 32 nor Rule 801 were satisfied, and
12   so the court similarly did not have occasion to consider whether the Federal Rules of
13   Evidence provided an independent avenue to admissibility.  Case No. 07-22644-CIV,
14   2008 U.S. Dist. LEXIS 85215, at *2-4 (S.D. Fla. Oct. 8, 2008) (concluding that criminal
15   depositions were not only inadmissible in a civil trial under Rule 32 because the opposing
16   party was not represented or present during the depositions, they were also inadmissible
17   hearsay).

18       In this case, Plaintiffs' deposition designations are independently admissible under
19   Federal Rule of Evidence 801.  Rule 801(d)(2)(D) provides that "[a] statement . . . is not
20   hearsay if . . . offered against an opposing party and . . . was made by the party's agent or
21   employee on a matter within the scope of that relationship and while it existed."  Fed. R.
22   Evid. 801(d)(2)(D).  To qualify as an admission, no specific "against interest" component
23   is required.  *See United States v. McGee*, 189 F.3d 626, 631 (7th Cir. 1999) (observing
24   that there is no "requirement that admissions by a party-opponent be inculpatory" and that
25   "the statement need only be made by the party against whom it is offered"); *Guam v.*
26   *Ojeda*, 758 F.2d 403, 408 (9th Cir. 1985) ("statements need not be incriminating to be
27   admissions").  Thus, deposition testimony by a party's employees on matters within the
28   scope    of    their    employment    are    considered    non-hearsay    statements    under

1  Rule 801(d)(2)(D).  *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061,1070-71 & n.8 (9th
2  Cir. 2004) (finding that deposition testimony by employee "fall[s] squarely outside the
3  definition of hearsay" pursuant to Rule 801(d)(2)); *Coleman*, 912 F. Supp. at 1296
4  (allowing deposition excerpts under Rule 801(d)(2)(D) because employees were still
5  employed by the party at the time of their depositions).[2]

6      Here, the "party" is the Arizona Department of Corrections ("ADC") because
7  Defendants Ryan and Pratt were sued in their official capacities for injunctive relief.
8  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("As long as the government entity
9  receives notice and an opportunity to respond, an official-capacity suit is, in all respects
10  other than name, to be treated as a suit against the entity.").  Any statements in depositions
11  by ADC employees are admissions under Rule 801 and are thus admissible.  *See Wilburn
12  v. Robinson*, 480 F.3d 1140, 1148 (D.C. Cir. 2007) (statements by a District employee
13  were admissible as party admissions where the lawsuit was filed against a District official
14  in his official capacity, making the District a party to the suit).

15      The same is true of statements by employees of ADC's contractors—Corizon,
16  Wexford, and Smallwood—because they may be treated as ADC's agents under an
17  obligation to provide specific health services for ADC facilities.  Indeed, in denying
18  Defendants' Motion to Dismiss for mootness, the Court agreed with Plaintiffs' contention
19  that the "'duty ADC owes to the prisoners in its custody is non-delegable'" and found that
20  the delegation of the provision of health care to contractors "does not absolve [Defendant]
21  Ryan of his obligation to ensure the provision of medical care is constitutionally
22  adequate."  [Doc. 175 at 9-10]

23      Courts addressing this same issue have found contractors providing health services
24  in prisons are agents for purposes of Rule 801(d)(2)(D).  *See, e.g.*, *Howard v. Abdellatif*,

25

26      [2] Defendants cite no persuasive authority for their assertion (at 7) that deposition
27  designations somehow do not qualify as admissions simply because Plaintiffs have
designated large portions of the depositions.  The depositions of Defendants' agents are,
almost by definition, a collection of admissions.  Plaintiffs complied with the Court's
28  order and designated those particular admissions from the depositions for use at trial.

1    Case No. 2:05-CV-81, 2008 WL 5411775 (W.D. Mich. Dec. 23, 2008) (doctor's

2    "employment status as an independent contractor [with CMS] d[id] not necessarily

3    preclude him from the concomitant role of agent" and Fed. R. Evid. 801(d)(2)(D) was a

4    "sound basis for admission" of the doctor's statements).[3]  Defendants merely cite cases for

5    the general proposition that independent contractors are not "ordinarily" agents, but

6    cannot refute that they can be agents in certain situations or that courts routinely find

7    prison health care contractors to be agents.  In fact, *Bonds*, the case they cite for the

8    proposition that ADC contractors' testimony is not an admissible party admission, in fact

9    suggests the opposite.  *See United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010) ("a

10   finding that a speaker is an independent contractor does not preclude a finding that the

11   speaker is also an agent for some purposes" including Rule 801).

12        All of the deponents subject to Defendants' Motion work for ADC's contractors,

13   and their statements are admissible as admissions under Rule 801.

14
         **B.**     **Rule 32 Does Not Preclude Experts' Ability to Discuss Their Use of**
15                  **Deposition Testimony to Form Their Opinions**

16        Defendants also do not address the possibility that, even if deposition testimony

17   was otherwise inadmissible, Plaintiffs could introduce it as foundation for their experts'

18   testimony.   Federal Rule of Evidence 703 explicitly permits experts to rely on

19   inadmissible evidence, and permits the expert to disclose such facts to the jury if their

20   probative value outweighs their prejudicial effect.  This includes out-of-court statements

21   by other witnesses that would otherwise be inadmissible hearsay.  *United States v. Garcia*,

22   447 F.3d 1327, 1336 (11th Cir. 2006).  In fact, in such cases it is "understandable that [a]

23   district court might [want] the jury to understand" that an expert relied on the witness'

24   out-of-court statement because "any problems with the credibility of [the witness]

25   might . . . affect[] the decision of the jury to credit or reject the [expert's] testimony." *Id.*

26   ─────────────────
         [3]   The court's finding with regard to CMS employees is especially applicable to the
27   case at hand.  Corizon Health, Inc., ADC's current contractor, was created after the
     merger of two companies:  Correctional Medical Services (CMS) and PHS Correctional
28   Healthcare. *See* http://www.corizonjobs.com/, last accessed Sept. 18, 2014.

1    Defendants have not pointed to, nor have Plaintiffs found, any cases suggesting that

2    Rule 32 should play into a court's Rule 703 analysis.

3    **II.    DEFENDANTS, NOT PLAINTIFFS, HAVE FAILED TO FOLLOW**

4    **APPROPRIATE PROCEDURES**

5            As demonstrated above, Plaintiffs' deposition designations are properly admissible

6    both as non-hearsay party admissions and as the basis for their experts' opinions.

7    Defendants do not dispute that deposition testimony of ADC employees concerning

8    matters within the scope of their employment constitutes admissible party admissions

9    under Rule 801, they just quibble with whether Plaintiffs have shown these designations

10   can qualify as admissions.  Nor do they provide any convincing argument for why the

11   designations of six ADC contractors cannot qualify as party admissions.

12           Instead, rather than establishing that Plaintiffs' designations are inadmissible,

13   Defendants simply complain that Plaintiffs have not yet shown that all of their

14   designations are statements made by an employee or agent during the existence of an

15   employment relationship and concerning a matter within the scope of their employment or

16   agency relationship.  [*See* Mot. to Strike at 7]  While it is true that Plaintiffs bear the

17   ultimate burden of demonstrating that their evidence is admissible, Defendants' complaint

18   is premature.

19           This Court, like almost all courts, asks parties to exchange designations of, and

20   objections to, deposition testimony during pre-trial procedures.  If Defendants believe that

21   designated statements are inadmissible hearsay, their response should have been to lodge

22   objections to the statements rather than to file a premature motion to preclude all

23   designations.   At that point, it would have become Plaintiffs' burden to make the

24   necessary showing to demonstrate admissibility of each challenged designation, a burden

25   Plaintiffs will meet.

26           The procedure envisioned by the Court makes sense.  If parties had to affirmatively

27   prove admissibility, a party would have to guess what objections might be lodged against

28   every designation, and then rebut each of those imagined objections.  It would be next to

1   impossible to accomplish such a task and, even if it were possible, it would result in gross

2   inefficiencies and wasted efforts.  Defendants, who have not affirmatively proven the

3   admissibility of any of their designations, should not be permitted to file a premature

4   Motion to Exclude deposition designations criticizing Plaintiffs for failing to prove

5   admissibility at a stage when admissibility was not yet at issue.[4]

6       There is another reason why the Defendants' request that the Court exclude

7   deposition designations is premature.  The Court does not yet know how much time each

8   side will be allowed to present its evidence, what witnesses each side will call, or how

9   Plaintiffs plan to use the designations.  Nor can anyone, despite Defendants' claims to the

10  contrary, know who in fact will be available to appear as a witness.  By asking the Court

11  to exercise its discretion to exclude written testimony in favor of live, Defendants are

12  asking the Court to exercise its discretion without the information it needs to do so.

13  Moreover, even if the Court were inclined to rule now, Defendants' position would result

14  in a much longer time for trial, as each witness would have to be called, sworn, and re-

15  asked the same questions they were asked in deposition, even in cases where Plaintiffs

16  seek to designate only a handful of statements made at the deposition. The Court should

17  therefore decline Defendants' invitation.

18  **III.   CONCLUSION**

19      For the reasons explained above, the Court should deny Defendants' premature

20  Motion to Exclude, and the Court order that Defendants lodge all objections and counter

21

22  _____

        [4] Defendants also suggest that Plaintiffs should be precluded from relying on
23  deposition designations as admissions because they failed to identify deposition testimony
    as statements or admissions they intended to use at trial.  [Mot. to Exclude at 5]  In fact,
24  the opposite is true.  In the very documents that Defendants cite, Plaintiffs repeatedly
    stated that they "will disclose depositions, trial testimony, statements, and interviews of
25  any person, potential witness, or expert pursuant to the Court's scheduling orders and/or
    upon agreement by the parties relating to the disclosure of trial information." [*See, e.g.*,
26  Mot. to Exclude, Ex. C at 4, 6, 8, 10, 12]  Under Defendants' theory, discovery requests
    asking a party to list every admission separately that it may use at trial would moot the
27  Court's established process for exchanging pretrial materials.  Defendants cannot ask for
    trial evidence prematurely, wait for Plaintiffs to comply with the Court's order regarding
28  identifying deposition designations, and then complain that the designations should be
    excluded.

designations to Plaintiffs' designations within 48 hours of the Court's denial, or waive such objections.

Dated: September 18, 2014

**JONES DAY**

By:   s/ Caroline N. Mitchell
Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
Dara Levinson (Cal. 274923)*
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:     cnmitchell@jonesday.com
               aamiri@jonesday.com
               daralevinson@jonesday.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:     dbarr@perkinscoie.com
               agerlicher@perkinscoie.com
               keidenbach@perkinscoie.com
               jhgray@perkinscoie.com
               mdumee@perkinscoie.com
               jpeters@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF
ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:     dpochoda@acluaz.org
               jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com
         wgeorge@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@npp-aclu.org
         afettig@npp-aclu.org
         aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com
         tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:   kmamedova@jonesday.com
         jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email:   kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY
LAW**

By:   s/ Sarah Kader
      Sarah Kader (Bar No. 027147)
      Asim Varma (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone: (602) 274-6287
      Email:   skader@azdisabilitylaw.org
               avarma@azdisabilitylaw.org

      J.J. Rico (Bar No. 021292)
      Jessica Jansepar Ross (Bar No. 030553)
      **ARIZONA CENTER FOR
      DISABILITY LAW**
      100 N. Stone Avenue, Suite 305
      Tucson, Arizona 85701
      Telephone: (520) 327-9547
      Email:   jrico@azdisabilitylaw.org
               jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability
Law*

78204-0001/LEGAL123530877.1                    -10-

1

**CERTIFICATE OF SERVICE**

2   I hereby certify that on September 18, 2014, I electronically transmitted the above

3   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4   Notice of Electronic Filing to the following CM/ECF registrants:

5

6   Michael E. Gottfried
    Katherine E. Watanabe
    Lucy M. Rand
7   Assistant Arizona Attorneys General
    Michael.Gottfried@azag.gov
8   Katherine.Watanabe@azag.gov
    Lucy.Rand@azag.gov
9

    Daniel P. Struck
10  Kathleen L. Wieneke
    Rachel Love
11  Timothy J. Bojanowski
    Nicholas D. Acedo
12  Ashlee B. Fletcher
    Anne M. Orcutt
13  Jacob B. Lee
    STRUCK WIENEKE, & LOVE, P.L.C.
14  dstruck@swlfirm.com
    kwieneke@swlfirm.com
15  rlove@swlfirm.com
    tbojanowski@swlfirm.com
16  nacedo@swlfirm.com
    afletcher@swlfirm.com
17  aorcutt@swlfirm.com
    jlee@swlfirm.com
18

19  *Attorneys for Defendants*

20                                    s/ D. Freouf

21

22

23

24

25

26

27

28