Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DJH<br><br><br><br>**DEFENDANTS' REPLY IN SUPPORT OF (*EXPEDITED*) MOTION TO STRIKE PLAINTIFFS' DEPOSITION DESIGNATIONS** |

Defendants' Motion is not a "Motion to Exclude," challenging the admissibility of the statements in Plaintiffs' 49 deposition designations. Defendants' Motion is challenging the procedure in which Plaintiffs are attempting to use 20 depositions at trial in lieu of live testimony.[1] Defendants' Motion asks this Court to strike Plaintiffs' deposition designations for 20 available non-party witnesses, pursuant to LRCiv 7.2(m) and Fed.R.Civ.P. 32.

Plaintiffs must meet the requirements of Rule 32(a) in order to use depositions in lieu of live testimony. *See Allgeier v. United States,* 909 F.2d 869, 876 (6th Cir. 1990). As explained in Federal Practice and Procedure, which Plaintiffs also rely upon:[2]

> The principles of the discovery procedure, as already pointed out, are designed to permit great freedom in the taking of depositions. The use of depositions as evidence at trial is another matter. At the discovery stage, the scope of relevance is very broad. **The same scope that is permitted in the taking of testimony by deposition might be prejudicial if allowed at the trial.** <u>Although the usual rules of evidence apply in large measure to a deposition, Rule 32 defines some circumstances in which a deposition is admissible, leaving most issues of admissibility to the Federal Rules of Evidence</u>.
>
> **The restrictions imposed by Rule 32 make it clear that the federal rules have not changed the long–established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person.** The court may be presented with disputes, for example, on whether the witness is more than 100 miles from the place of trial. **Indeed, Rule 32(a)(4)(E) refers directly to "the importance of live testimony in open court."** Although the increasing availability and fidelity of videotaped depositions has provided a better alternative than reading a written transcription, the preference for live testimony is still endorsed by the federal courts.
>
> **In considering the use of depositions at a trial or hearing, it is helpful to remember that the problem has two aspects.** *First***, the conditions set forth in Rule 32(a) must be satisfied before the deposition can be used at all.** *Second***, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence.** Under some circumstances state law may be determinative of the second point. But state law has no bearing on the first, which is controlled solely by Rule 32(a) itself.

---

[1] Plaintiffs withdrew their designation for Defendants' expert witness, Dr. Lawrence Mendel, because his deposition designations are inconsistent with the arguments they now assert in their Response.

[2] The portions Defendants rely upon are in **bold**, and the portion Plaintiffs rely upon is <u>underlined</u>.

1

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 8A Fed. Prac. & Proc. Civ. § 2142 (3d ed.) (emphasis added, footnotes excluded).

Plaintiffs have not shown that any of the 20 identified witnesses' depositions satisfy the requirements of Rule 32. They do not dispute that the 20 identified witnesses are not named Defendants or Defendants' officers, directors, managing agents or Rule 30(b)(6) designees, *see* Fed.R.Civ.P. 32(a)(3); they do not contend that the depositions are being used for impeachment purposes, *see* Fed.R.Civ.P. 32(a)(2); and they do not challenge the availability of these witnesses, *see* Fed.R.Civ.P. 32(a)(4).

Plaintiffs also do not dispute that federal rules and courts have a "long–established principle" favoring live witness testimony over deposition transcripts. *See* 8A Fed. Prac. & Proc. Civ. § 2142 (3d ed.). Defendants are simply asking the Court to adhere to the same rationale it followed in denying Plaintiffs' Motion to Present Direct Expert Testimony by Declaration (Doc. 1107) and preclude Plaintiffs from presenting a "trial by deposition." *Kolb v. Suffolk County*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). Therefore, the Court should strike the deposition designations for all the witnesses identified in Defendants' Motion.

Rather than addressing the Rule 32 requirements, Plaintiffs devote their entire Response to arguing the possible admissibility of the underlying testimony. Plaintiffs' arguments are a red herring that distract from the relevant issue: whether the depositions Plaintiffs have designated to be used at trial comply with Rule 32. Whether the witnesses' statements in their depositions are non-hearsay admissions of a party opponent, under Rule 801(d)(2), which Plaintiffs have not established, is irrelevant to this issue. Similarly, whether Plaintiffs' experts may discuss the deposition testimony, under Rule 703, is irrelevant to whether Plaintiffs may use depositions instead of live testimony.[3] As

---

[3] Although Rule 703 allows experts to rely on evidence that may not otherwise be admissible, it only allows the "opinion to be admitted" and only allows disclosure of the facts or data to a *jury* if they are facts "experts in the particular field would reasonably rely on" and the probative value "substantially outweighs their prejudicial effect." Fed.R.Evid. 703. The reason "Defendants have not pointed to, nor have Plaintiffs found, any cases suggesting that Rule 32 should play into a court's Rule 703 analysis" is because

2

1  Plaintiffs concede, Defendants can and will challenge the admissibility of deposition
2  testimony in their objections and counter-designations to Plaintiffs' designations and/or
3  during the presentation of live testimony. (*See* Joint Proposed Final Pretrial Order.)

4        Plaintiffs' continued efforts to circumvent Court Rules and Orders have unfairly
5  prejudiced Defendants. (*See, e.g.,* Doc. 1126.) Contrary to Plaintiffs' representation and
6  as the Court will soon see with the filing of the Joint Proposed Final Pretrial Order,
7  Plaintiffs do not "seek to designate only a handful of statements made at the deposition."
8  (*See* Doc. 1135 at 8; *compare* Doc. 1125-2.) Defendants have already been forced to
9  devote considerable time and resources to review, object, and assert counter-designations
10 for the other 28 deposition transcripts that Plaintiffs intend to use instead of live
11 testimony. (Doc. 1126 at 2.) Moreover, the Court must now review numerous deposition
12 designations for witnesses, who may also be called to testify live.

## **CONCLUSION**

14       Plaintiffs' arguments and actions throughout this litigation evidence continued
15 attempts to circumvent the Federal Rules of Civil Procedure. (*See, e.g.,* Doc. 1100.)
16 Plaintiffs assert in a footnote that "Defendants cannot ask for trial evidence
17 prematurely…." (Doc. 1135 at 7, fn. 4.) Contrary to Plaintiffs' claim, discovery allows
18 Defendants to ask for Plaintiffs' evidence prior to trial, including any statements that
19 Plaintiffs intend to admit under Rule 801(d)(2). Plaintiffs cannot unilaterally absolve
20 themselves of their responsibility, under Rule 33 to respond to interrogatories, Rule 26(e)
21 to supplement discovery responses, or Rule 32 for using depositions in trial. The purpose
22 of the federal rules is to "take the sporting element out of litigation" and avoid "surprise"
23 and a "trial by ambush." *See Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir.
24 1961); *U.S. v. $50,800.00 in U.S. Currency*, CV-10-2004-PHX-LOA, 2011 WL 5024260
25 at * 2, fn. 3 (D. Ariz. Oct. 21, 2011) (quotation omitted).

---

there is no reason for this Court to conduct a Rule 703 analysis to determine whether Plaintiffs complied with Rule 32. (*See* Doc. 1135 at 7.)

3

Because Plaintiffs have not complied with Federal Rule of Civil Procedure 32, Defendants request that the Court issue an order striking Plaintiffs' deposition designations for the available non-party witnesses identified in their Motion.

DATED this 19th day of September 2014.

          STRUCK WIENEKE & LOVE, P.L.C.

By /s/ Daniel P. Struck
   Daniel P. Struck
   Kathleen L. Wieneke
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Fletcher
   Anne M. Orcutt
   Jacob B. Lee
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Thomas C. Horne
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Ajmel Quereshi: | aquereshi@npp-aclu.org |
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| Dara Levinson: | daralevinson@jonesday.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| James M. Jellison: | jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jerica Lynn Peters: | jpeters@perkinscoie.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kamilla Mamedova: | kmamedova@jonesday.com |

5

| | | |
|---|---|---|
| 1 | Kevin C. Brantley: | kbrantley@jonesday.com |
| 2 | Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| 3 | | |
| 4 | Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| 5 | Sara Norman: | snorman@prisonlaw.com |
| 6 | Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| 7 | Taylor Freeman: | tfreeman@jonesday.com |
| 8 | Warren E. George, Jr.: | wgeorge@prisonlaw.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck