# EXHIBIT A

| Contested Issues of Law Specifically Addressed in Plaintiffs' Trial Brief | | |
|---|---|---|
| **Number** | **Text** | **Where Specifically Addressed in Plaintiffs' Trial Brief** |
| Defendants' Contested Issue of Law ("DCIL") 1 | Whether, at the time they filed their Complaint, each of the Named Plaintiffs had standing under Article III to raise each of the five claims raised in the Complaint. | **P. 3 n. 2, and accompanying text.** **P. 8 n. 13, and accompanying text.** |
| DCIL 2 | Whether, at the time of trial, each of the Named Plaintiffs have suffered actual injury and have standing under Article III to raise each of the certified practices and the claims in their Complaint? | **P. 8 n. 13, and accompanying text.** **P. 28 n. 48, and accompanying text.** |
| DCIL 3 | Whether each of the Named Plaintiffs received constitutionally adequate healthcare (medical care, dental care, and/or mental health care) prior to the filing of the Complaint. | **P. 9 n. 14, and accompanying text.** |
| DCIL 4 | Whether each of the Named Plaintiffs received constitutionally adequate healthcare (medical care, dental care, and/or mental health care) between the time they filed their Complaint and the time of trial. | **P. 9 n. 14, and accompanying text.** **P. 28 n. 49, and accompanying text.** |
| DCIL 5 | Whether each of the Named Plaintiffs were exposed to constitutionally acceptable conditions of confinement prior to the filing of the Complaint. | **P. 9 n. 14, and accompanying text.** |

| Contested Issues of Law Specifically Addressed in Plaintiffs' Trial Brief | | |
|---|---|---|
| **Number** | **Text** | **Where Specifically Addressed in Plaintiffs' Trial Brief** |
| DCIL 6 | Whether each of the Named Plaintiffs were exposed to constitutionally acceptable conditions of confinement between the time they filed the Complaint and the time of trial. | **P. 9 n. 14, and accompanying text.** |
| DCIL 7 | Whether each of the certified healthcare practices actually exist and reflect ADC policy or custom at all 10 ADC facilities. | **P. 9 n. 17, and accompanying text.**<br>**P. 10 n. 22, and accompanying text.** |
| DCIL 8 | Whether each of the certified conditions practices actually exist and reflect ADC policy or custom at all 10 ADC facilities. | **P. 9 n. 17, and accompanying text.**<br>**P. 10 n. 22, and accompanying text.** |
| DCIL 9 | Whether any of the Named Plaintiffs' prior injuries or present/future risks were or are the result of a systemwide deficiency in ADC healthcare or conditions of confinement. | **P. 10 n. 22, and accompanying text.**<br>**P. 27 n. 44, and accompanying text.** |
| DCIL 10 | Whether any of the certified practices exposed or expose each of the Named Plaintiffs to a substantial risk of serious harm, under the objective and subjective components of *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). | **P. 27 n. 47, and accompanying text.**<br>**P. 28 n. 51, and accompanying text.** |

| Contested Issues of Law Specifically Addressed in Plaintiffs' Trial Brief | | |
|---|---|---|
| **Number** | **Text** | **Where Specifically Addressed in Plaintiffs' Trial Brief** |
| DCIL 11 | Whether ADC was or is deliberately indifferent to each of the Named Plaintiffs in their healthcare treatment or conditions of confinement, under the objective and subjective components of *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). | **P. 9 n. 16, and accompanying text.** <br><br> **P. 27 n. 43, and accompanying text.** <br><br> **P. 28 n. 50, and accompanying text.** |
| DCIL 12 | Whether statistically significant evidence or gross statistical disparities, rather than anecdotal evidence, is required to prove systemic deficiencies on behalf of a class under the Eighth Amendment, particularly in light of the Rules Enabling Act, 8 U.S.C. § 2072(b). | **P. 7 n. 11-12, and accompanying text.** |
| DCIL 13 | Whether ADC's provision of medical care, as narrowed by the allegations in the Complaint and the Court's class certification order, exposes every class member to a substantial risk of serious harm, under the objective and subjective components of *Farmer v. Brennan*, 511 U.S. 825, 838 (1994), in violation of the Eighth Amendment. | **P. 6 n. 8, and accompanying text.** <br><br> **P. 16 n. 28, and accompanying text.** |

LEGAL123539943.1

| Contested Issues of Law Specifically Addressed in Plaintiffs' Trial Brief | | |
|---|---|---|
| **Number** | **Text** | **Where Specifically Addressed in Plaintiffs' Trial Brief** |
| DCIL 14 | Whether ADC's provision of dental care, as narrowed by the allegations in the Complaint and the Court's class certification order, exposes every class member to a substantial risk of serious harm, under the objective and subjective components of *Farmer v. Brennan*, 511 U.S. 825, 838 (1994), in violation of the Eighth Amendment. | **P. 6 n. 8, and accompanying text.** **P. 19 n. 29, and accompanying text.** |
| DCIL 15 | Whether ADC's provision of mental health care, as narrowed by the allegations in the Complaint and the Court's class certification order, exposes every class member to a substantial risk of serious harm, under the objective and subjective components of *Farmer v. Brennan*, 511 U.S. 825, 838 (1994), in violation of the Eighth Amendment. | **P. 6 n. 8, and accompanying text.** **P. 22 n. 31, and accompanying text.** |
| DCIL 16 | Whether ADC's provision of mental health care, as narrowed by the allegations in the Complaint, exposes every inmate with a serious mental illness, to a substantial risk of serious harm, under the objective and subjective components of *Farmer v. Brennan*, 511 U.S. 825, 838 (1994), in violation of the Eighth Amendment. | **P. 6 n. 8, and accompanying text.** **P. 22 n. 31, and accompanying text.** |

LEGAL123539943.1

| Contested Issues of Law Specifically Addressed in Plaintiffs' Trial Brief | | |
|---|---|---|
| **Number** | **Text** | **Where Specifically Addressed in Plaintiffs' Trial Brief** |
| DCIL 17 | Whether ADC healthcare staffing levels must be shown to have caused constitutionally deficient wait times and/or constitutionally inadequate care to the class. | **P. 14 n. 26, and accompanying text.** |
| DCIL 18 | Whether any of ADC's actual conditions practices, as narrowed by the allegations in the Complaint and the Court's class certification order, considered individually, expose every subclass member to a substantial risk of serious harm in violation of the Eighth Amendment. | **P. 9 n. 18, and accompanying text.** **P. 24 n. 34, and accompanying text.** |
| DCIL 19 | Whether *Wilson v. Seiter*, 501 U.S. 294 (1991), permits consideration of ADC's conditions practices "in combination" in determining whether there was an Eighth Amendment violation. | **P. 9 n. 18, and accompanying text.** **P. 24 n. 35, and accompanying text.** |
| DCIL 20 | If so, whether any of ADC's conditions practices, as narrowed by the allegations in the Complaint and the Court's class certification order, considered collectively, expose every subclass member to a substantial risk of serious harm in violation of the Eighth Amendment. | **P. 24 n. 34, and accompanying text.** |

- 5 -

| Contested Issues of Law Specifically Addressed in Plaintiffs' Trial Brief | | |
|---|---|---|
| **Number** | **Text** | **Where Specifically Addressed in Plaintiffs' Trial Brief** |
| DCIL 21 | Whether any of ADC's conditions practices, as narrowed by the allegations in the Complaint, either individually or collectively, expose every inmate with a serious mental illness to a substantial risk of serious harm in violation of the Eighth Amendment. | **P. 24 n. 34, and accompanying text.** |
| DCIL 22 | Whether ADC, as a matter of State of Arizona policy or custom, is deliberately indifferent to the health and safety of the class and subclass in violation of the Eighth Amendment. | **P. 9 n. 17, and accompanying text.** **P. 12 n. 24, and accompanying text.** |
| DCIL 23 | Whether any of the certified practices are the moving force, as set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), behind any alleged constitutional violation. | **P. 9 n. 19, and accompanying text.** |
| DCIL 24 | Whether the "reasonable relationship" standard of *Turner v. Safley*, 482 U.S. 78, 89 (1987), as clarified in *Norwood v. Vance*, 591 F.3d 1062 (9th Cir. 2009), applies to Eighth Amendment claims. | **P. 9 n. 20, and accompanying text.** |
| DCIL 25 | If so, whether there is a reasonable relationship between ADC's actual policies or practices and those legitimate penological justifications cited to advance such policies or practices. | **P. 9 n. 20, and accompanying text.** |

LEGAL123539943.1

| Contested Issues of Law Specifically Addressed in Plaintiffs' Trial Brief | | |
|---|---|---|
| **Number** | **Text** | **Where Specifically Addressed in Plaintiffs' Trial Brief** |
| DCIL 26 | Whether the separation of powers doctrine, independent of *Turner* balancing, warrants judicial deference to executive branch functions and the daily operations of prisons. | **P. 9 n. 20, and accompanying text.** |
| DCIL 27 | Whether the class and/or subclass should be decertified because the Named Plaintiffs lack standing. | **P. 6 n. 8, and accompanying text.**<br>**P. 8 n. 13, and accompanying text.**<br>**P. 28 n. 48, and accompanying text.** |
| DCIL 28 | Whether the class and/or subclass should be decertified because they lack commonality and/or typicality under Rule 23(a)(2) and 23(a)(3). | **P. 4 n. 4, and accompanying text.** |
| DCIL 29 | Whether the class and/or subclass should be decertified because there is not significant proof that the certified practices are systemwide. | **P. 6 n. 9, and accompanying text.**<br>**P. 10 n. 22, and accompanying text.** |
| DCIL 30 | Whether Plaintiffs' proposed declaratory and injunctive relief complies with Rule 23(b)(2). | **P. 4 n. 5, and accompanying text.**<br>**P. 29 n. 52, and accompanying text.** |
| DCIL 31 | Whether Plaintiffs' proposed injunctive relief complies with 18 U.S.C. § 3626(a)(1)(A). | **P. 6 n. 10, and accompanying text.**<br>**P. 29 n. 53, and accompanying text.** |
| DCIL 32 | Whether Named Plaintiffs Verduzco, Gamez, Thomas, Wells are adequate class and/or subclass representatives under Fed.R.Civ.P. 23(a)(4). | **P. 9 n. 15, and accompanying text.** |

- 7 -

| Contested Issues of Law Specifically Addressed in Plaintiffs' Trial Brief | | |
|---|---|---|
| **Number** | **Text** | **Where Specifically Addressed in Plaintiffs' Trial Brief** |
| DCIL 33 | Whether any claims arising prior to March 22, 2010 are untimely under A.R.S. 12-542, 42 U.S.C. 1988, and *Wilson v. Garcia*, 471 U.S. 261 (1985). | **P. 10 n. 21, and accompanying text.** |
| DCIL 34 | Whether Plaintiffs abandoned any claims for lack of prosecution. | **P. 6 n. 10, and accompanying text.**<br><br>**P. 10 n. 23, and accompanying text.** |
| Plaintiffs' Contested Issue of Law ("PCIL") 1 | Whether Defendants are aware of, and are acting with deliberate indifference to, the substantial risk of serious harm and injury faced by the named plaintiffs and the plaintiff class because of the deficiencies in and attendant risks from health care provided by Defendants? | **P. 12 n. 24, and accompanying text.** |
| PCIL 2 | Whether Defendants are aware of, and are acting with deliberate indifference to, the substantial risk of serious harm faced by named plaintiffs and plaintiff class members who are or may be submitted to custody in isolation because of the conditions imposed upon prisoners in isolation in the Arizona Department of Corrections? | **P. 24 n. 34, and accompanying text.** |

- 8 -