# EXHIBIT B

**Other Critical Rulings**

During the years that this case has been pending, Judge Wake has made several important rulings in this case, including, among others:

- Declining Plaintiffs' request that the Court order Defendants to produce witnesses in response to many of Plaintiffs' notices of Rule 30(b)(6) depositions.  [Docs. 171]

- Granting Plaintiffs' motion to compel Defendants to produce death records. [Doc. 186]

- Granting Plaintiffs' motion to compel discovery of mortality reviews.  [Doc. 228]

- Denying without prejudice Plaintiffs' request for production of emails, with direction to counsel and parties to explore limited email discovery. [Hearing Tr. dated 33:3-14, 39:25-40:9]

- Denying Plaintiffs' request to have their counsel accompany Defendants' experts on their own inspections, even though Defendants' counsel was permitted to accompany Plaintiffs' experts on their tours.  [Doc. 495]

- Denying Defendants' motion for a stay pending appeal of the class certification order. [Doc. 567]

  o Plaintiffs' remaining expert tours were also restricted to Dr. Williams' three one-day tours.  [*Id.*]

- Limiting both sides to only 25 depositions (not counting the contract monitors), despite Plaintiffs' request for more depositions.  [Doc. 611]

- Permitting Plaintiffs' medical experts to tour two prisons.  [*See*, *e.g.*, Doc. 611 (one expert tour each of Tucson and Florence); Doc. 623 (tours limited to 1.5 days)]

- De-designating as confidential the Wexford presentation, which is currently the subject of Defendants' third motion in limine. [Doc. 657]

- Denying a discovery dispute as untimely because fact discovery closed on September 27, 2013.  [Doc. 679]

- Reiterating that discovery closed on September 27, 2013, and precluding testimony from Defendants' fourteen Rule 26(a)(2)(C) experts.  [Doc. 815]

- Permitting Defendants to file a supplemental brief on evidence postdating the discovery deadline, but declining to reconsider the exclusion of Defendants' fourteen Rule 26(a)(2)(C) experts.  [Doc. 848]

- Partially extending discovery deadline to April 1, 2014 [Doc. 871; *see* Doc. 848] to allow Defendants to rely on the following evidence that post-dates September 27, 2013:

- o Corizon monthly reports, consisting of staffing report; inmate wait times report; dental wait times report; dental utilization report; inmate intake report; infectious disease/monthly clinical report; monitored conditions report; inmate suicide report; outside consult report; HNR/appointments report; medical transports complex report (emergency transports); medical transports statewide report (outpatient transports); hospital admission report; special accommodations report; medication report; grievance report; CAG, FAQ, PBMS report; and medical malpractice and certification/licensing reports.  [Doc. 851 at 2-8]

- o Corizon quarterly reports.  [*Id.* at 8-9]

- o ADC monthly MGAR reports.  [*Id.* at 9]

- o Named Plaintiffs' healthcare and institutional records.  [*Id.* at 10]

- o NCCHC accreditation reports.  [*Id.* at 11]

- o Corizon contract amendments.  [*Id.*]

- o Mental health services technical manual (**no forthcoming changes**).  [*Id.* at 11-12]

- o Medication administration modifications.  [*Id.* at 13]

- o Director's Instruction 326.  [*Id.* at 13-14]

- o Crisis intervention/suicide prevention.  [*Id.* at 14]

- o Defendants' expert reports.  [*Id.* at 15-16]

- o Inmate Assault, Self-Harm, & Mortality Data Report.  [Doc. 857 at 2]

- o State Prison Capabilities for Medical, Mental Health and Dental Treatment Services Report.  [*Id.* at 3]

Defendants were not permitted to rely on forthcoming changes to the Mental Health Services Technical Manual, implementation of Electronic Health Records, and implementation of capital improvements to maximum custody recreation enclosures and cells and group programming enclosures.  [Doc. 871 at 2]

Plaintiffs were allowed to obtain limited written discovery and conduct specified depositions, but were not authorized to conduct any further prison tours.  [*Id.*at 2-3]

- Reconsidering and permitting Plaintiffs' experts to tour certain isolation units to assess Defendants' claims of changed conditions.  [Doc. 923]

  - o Plaintiffs' experts were not permitted to review any records or speak to any ADC staff other than those designated by Defendants and had to limit their inspections to evidence introduced between September 27, 2013 and April 1, 2014.  [*Id.*]

- 2 -