1
2
3
4
5
6              UNITED STATES DISTRICT COURT

7                  DISTRICT OF ARIZONA

8
| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-DJH |
| Plaintiffs, | **PROPOSED FINAL PRETRIAL ORDER FOR BENCH TRIAL** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

The following is the joint Proposed Final Pretrial Order[1] to be considered at the

Final Pretrial Conference set for **October 6, 2014 at 1:30 p.m.**

---

[1] Although the parties have worked together diligently to finalize the Pre-Trial Order, including Defendants' Contested and Uncontested Facts and related exhibits, neither party has had an opportunity to perform a careful final review to ensure they accurately reflect its positions on these matters.  There are also corrections to the documents that parties have requested that have not yet been made.  To cooperate in resolving these issues, the parties have agreed to work together to make the changes either side has already requested or requires after careful review and to do so by Thursday, September 25.

1

**A.    TRIAL COUNSEL FOR THE PARTIES**

2

Prisoner Plaintiffs' Class Counsel:

3

Lead Counsel for Prisoner Plaintiffs:

4

- David C. Fathi
  ACLU NATIONAL PRISON PROJECT
  915 15th St. N.W., 7th Floor
  Washington, DC  20005
  Telephone: (202) 548-6603
  Fax: (202) 393-4931
  Email: dfathi@aclu.org

8

- Donald Specter
  PRISON LAW OFFICE
  1917 Fifth Street
  Berkeley, California 94710
  Telephone:  (510) 280-2621
  Fax:  (510) 280-2704
  Email:  dspecter@prisonlaw.com

12

Additional Counsel for Prisoner Plaintiffs:

13

- Daniel C. Barr
  Amelia M. Gerlicher
  Kirstin T. Eidenbach
  John H. Gray
  Matthew B. du Mée
  Jerica L. Peters
  PERKINS COIE LLP
  2901 N. Central Avenue, Suite 2000
  Phoenix, Arizona 85012
  Telephone:  (602) 351-8000
  Fax:  (602) 648-7000
  Email: dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         keidenbach@perkinscoie.com
         jhgray@perkinscoie.com
         mdumee@perkinscoie.com
         jpeters@perkinscoie.com

22

- Daniel Pochoda
  ACLU FOUNDATION OF ARIZONA
  3707 North 7th Street, Suite 235
  Phoenix, Arizona 85013
  Telephone:  (602) 650-1854
  Fax: (602) 650-1376
  Email: dpochoda@acluaz.org

26

27

28

- Alison Hardy
  Sara Norman
  Corene Kendrick
  PRISON LAW OFFICE
  1917 Fifth Street
  Berkeley, California 94710
  Telephone: (510) 280-2621
  Fax: (510) 280-2704
  Email: dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com

- Amy Fettig
  Ajmel Quereshi
  ACLU NATIONAL PRISON PROJECT
  915 15th Street N.W., 7th Floor
  Washington, D.C. 20005
  Telephone: (202) 548-6603
  Fax: (202) 393-4931
  Email: afettig@npp-aclu.org
          aquereshi@npp-aclu.org

- Caroline Mitchell
  Amir Q. Amiri
  JONES DAY
  555 California Street, 26th Floor
  San Francisco, California 94104
  Telephone: (415) 875-5712
  Fax: (415) 875-5700
  Email: cnmitchell@jonesday.com
          aamiri@jonesday.com

- John Laurens Wilkes
  Taylor Freeman
  JONES DAY
  717 Texas Street
  Houston, Texas 77002
  Telephone: (832) 239-3939
  Fax: (832) 239-3600
  Email: jlwilkes@jonesday.com
          tfreeman@jonesday.com

Counsel for Arizona Center for Disability Law:

- Sarah E. Kader
  Asim Varma
  ARIZONA CENTER FOR DISABILITY LAW
  5025 East Washington Street, Suite 202
  Phoenix, Arizona 85034
  Telephone: (602) 274-6287
  Fax: (602) 274-6779
  Email: skader@azdisabilitylaw.org
          avarma@azdisabilitylaw.org

1    • J.J. Rico
       Jessica Jansepar Ross
2      ARIZONA CENTER FOR DISABILITY LAW
       100 North Stone Avenue, Suite 305
3      Tucson, Arizona  85701
       Telephone:  (520) 327-9547
4      Fax:  (520) 884-0992
       Email: jrico@azdisabilitylaw.org
5              jross@azdisabilitylaw.org

6    Additional attorneys from the above-listed organizations may participate in the trial on
     Plaintiffs' behalf.
7
          Counsel for Defendants:
8
          Michael Gottfried
9         Lucy Rand
          Arizona Attorney General Thomas C. Horne
10        Office of the Attorney General /Assistant Attorneys General
          1275 W. Washington Street
11        Phoenix, Arizona 85007-2926
          Telephone: (602) 542-4951
12        Fax: (602) 542-7670
          Email: Michael.Gottfried@azag.gov
13               Lucy.Rand@azag.gov

14        Daniel P. Struck
          Kathleen L. Wieneke
15        Rachel Love
          Timothy J. Bojanowski
16        Nicholas D. Acedo
          Ashlee B. Fletcher
17        Anne M. Orcutt
          Jacob B. Lee
18        Mark Bracken
          Kevin Nguyen
19        STRUCK WIENEKE & LOVE, P.L.C.
          3100 West Ray Road, Suite 300
20        Chandler, Arizona  85226
          Telephone:  (480) 420-1600
21        Fax:  (480) 420-1696
          Email: dstruck@swlfirm.com
22               kwieneke@swlfirm.com
                 rlove@swlfirm.com
23               tbojanowski@swlfirm.com
                 nacedo@swlfirm.com
24               afletcher@swlfirm.com
                 aorcutt@swlfirm.com
25               jlee@swlfirm.com
                 mbracken@swlfirm.com
26               knguyen@swlfirm.com

27

28

78204-0001/LEGAL123169411.3                    -4-

**B.      STATEMENT OF JURISDICTION**

**PLAINTIFFS' STATEMENT**

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Jurisdiction is not disputed.

**DEFENDANTS' STATEMENT**

1.      The Court has federal question jurisdiction over Plaintiffs' claims, raised under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343.

**C.      STIPULATIONS AND UNCONTESTED FACTS AND LAW**

Plaintiffs' uncontested facts and law are provided in **Appendix 1**.

Defendants' uncontested facts and law are provided in **Appendix 3**.

**PLAINTIFFS' STATEMENT**

Plaintiffs object to the sheer volume of Defendants' alleged uncontested facts, the majority of which are immaterial and unsupported. When Defendants filed thousands of facts in support of their summary judgment motion, many of which were unsupported and immaterial, the Court issued an order stating that the facts so greatly exceeded what was allowed by the rule that it considered striking the facts in their entirety, and stated that Plaintiffs did not even have to read all of Defendants' facts.  But instead of refining the statements of fact used in support of their motion for summary judgment, Defendants have simply cut and pasted the vast majority of these facts into their uncontested fact section of the joint pretrial statement.

The same problems that plagued Defendants' Separate Statement of Facts reappear here.  Defendants continue to focus on the named plaintiffs, despite Judge Wake's warning in the motion for summary judgment that proving or disproving individual past instances of deliberate indifference will not win or lose the case.  And Defendants insist on including facts - like criminal histories, disciplinary records, and numbers of undefined "encounters" with medical personnel—that have no bearing on the ultimate issues in this case.  In addition, Defendants entirely disregard the court's instruction to set forth issues to be presented at trial.  Instead, Defendants have again listed thousands of individual,

highly specific "facts," forcing Plaintiffs to engage in the tedious and time-consuming process of responding to each one of these facts, most of which are immaterial to the case, and nearly none of which rise to the level of an issue within the case.  To the contrary, Defendants' facts recount minutiae that encourage the parties and the Court to get lost in the weeds.

Defendants' insistence on an excessive list of facts—even after previously being reprimanded by the Court for doing so—has repeatedly increased litigation costs and wasted both the parties' and the Court's time.  Plaintiffs object to Defendants' willful perversion of the purpose of a joint pretrial statement, which is to provide a useful roadmap of narrowed and concise factual and legal issues supported by a culled and curated body of exhibits.  Defendants' facts do just the opposite:  they distract from the true issues in the case and hide the material facts in a morass of irrelevance."

**D.    CONTESTED ISSUES OF FACTS AND LAW**

Plaintiffs' contested issues of facts and law are provided in **Appendix 2**.

Defendants' Issues of Material Fact are outlined in **Appendix 3**.[2]

---

[2] Defendants' Statement of Facts in Support of their Motion for Summary Judgment included 4,327 paragraphs.  Defendants included that many paragraphs because of the magnitude of this case; there were thirteen named Plaintiffs, who make dozens of allegations, and seventeen certified practices challenging nearly every condition of confinement and aspect of ADC's healthcare.  Of the 4,327 paragraphs, Plaintiffs disputed only 125 paragraphs; they took the position that the remaining facts were not material.  The Court did not take kindly to Plaintiffs' position and ordered the following:  "If subsidiary factual contentions are not controverted with actual evidence at trial, the parties are expected to stipulate in the final pre-trial statement that those facts are unopposed, reserving for later the significance to be given to them." (Doc. 1065 at 12.) The Court further concluded: "If the Court concludes, even in the course of trial, that either side is putting the other side to proof of substantial matters that are not controverted at trial, the Court may impose appropriate consequences for the waste of the Court's time and of the other party's resources. That may include shortening the trial time previously allotted to the offending party." (Id.)

Because of this admonition, and because Defendants maintain that their statements of fact are material to the issues in this case, Defendants have included all of them in their uncontested facts/contested issues of fact so that Plaintiffs must comply with the Court's order: either stipulate to their admissibility or controvert with actual evidence. Although Plaintiffs have stipulated to some facts, they contest hundreds of facts with hollow objections, i.e., they object not because it is not true but for some other reason. This does not comply with the Court's Order, and these facts should be deemed admitted. Alternatively, if Defendants are required to prove these clearly indisputable facts, the Court should impose additional sanctions, including reducing Plaintiffs' trial time.

**E.   LIST OF WITNESSES**

Plaintiffs' witness list is included as **Appendix 4** to this statement.  Defendants' witness list is included as **Appendix 5** to this statement.

**PLAINTIFFS' STATEMENT**

Defendants have listed approximately 300 witnesses on their list, many of which Plaintiffs were unable to depose during discovery because Defendants vigorously opposed expanding deposition discovery.  Plaintiffs object to the sheer number of witnesses and to the ability of Defendants to call witnesses whom Plaintiffs did not depose.

Plaintiffs' witness list also does not include witnesses necessary to lay foundation for authenticity or admissibility of documents, in part because the parties are still negotiating stipulations for exhibits.  Plaintiffs reserve the right to call witnesses to lay foundation, whose only testimony would be to lay foundation for exhibits. Finally, Plaintiffs reserve the right to call any witness who prepared or will present Rule 1006 exhibits for Defendants and may ask for leave to depose those witnesses if an agreement cannot be reached with Defendants.

**DEFENDANTS' STATEMENT**

The vast majority of Defendants' witnesses are in the unlikely to call section, necessitated by Plaintiffs' refusal to adhere to the Court's Order regarding stipulating to facts contained in Plaintiffs' medical records.  Plaintiffs took over sixty (60) depositions, far more than the presumptive limit.   Moreover, unlike Plaintiffs scant disclosure, Defendants' Disclosure Statement contained detailed descriptions of their proposed testimony.

Defendants also reserve the right to object to and counter designate any further or modified deposition designation proposed or offered by Plaintiffs.

Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed.  Each party further understands that any witness a

party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party.

**F.     LIST OF EXHIBITS**

1.     The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

a.     Plaintiffs' Exhibits:

Plaintiffs' list of admissible exhibits are pending Defendants' objections, which are due September 29, 2014.  [See Doc. 1126]  This appendix will be supplemented promptly with Plaintiffs' exhibits for which Defendants have no objection following the Court's September 29, 2014 deadline.   In the interim, a complete list of Plaintiffs' proposed exhibits is provided for the Court's convenience in **Appendix 6-A**.

b.     Defendants' Exhibits:

The parties have identified duplicate exhibits, and Plaintiffs' have indicated to Defendants that they are willing to stipulate to the admissibility of these exhibits. Defendants have not agreed.  Defendants have agreed to work with the Plaintiffs between now and trial to identify admissible exhibits.  Plaintiffs reserve the right to rely on and introduce any of Defendants' Exhibits.  In the interim, a complete list of Defendants' proposed exhibits is provided for the Court's convenience in **Appendix 6-F**.

2.     The parties have reached the following stipulations regarding exhibits:

a.     Medical records or institutional files produced by Defendants during discovery that were in Defendants' possession, satisfy Federal Rules of Evidence 803(4), 803(6), and/or 803(8), and authentic for the purposes of trial.

b.     Records produced by Defendants during discovery that were obtained from outside health care providers, pursuant to a subpoena, satisfy Federal Rules of Evidence 803(4) and 803(6), and are authentic for the purposes of trial.

c.   The parties stipulate that the health care charts and master file records that were inspected, but not copied, by the parties' experts during their tours, do not have to be introduced into evidence in order for the expert to opine upon what he or she observed or noted while inspecting the records and that no party will challenge the admissibility on the basis it that it relies on these records and they are not in the record.  (FRE 703, 705).

3.   As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

a.   <u>Plaintiffs' Exhibits:</u>

*Note*:   Defendants' objections to Plaintiffs' proposed exhibits are due September 29, 2014.  [*See* Doc. 1126]  This portion of the parties' joint Proposed Final Pretrial Order will be supplemented promptly following Defendants' objections.  In the interim, a complete list of Plaintiffs' proposed exhibits is provided for the Court's convenience in **Appendix 6-A**.

**PLAINTIFFS' STATEMENT**

Plaintiffs provided to Defendants, per the Court's order "a complete Exhibit List, organized by exhibit number, which corresponds to a complete portfolio of exhibits," on Tuesday morning, September 16, 2014.  On Friday, September 19, 2014, Plaintiffs provided defendants with an additional copy of their exhibits, further de-duplicated, combined per the parties' agreements, and renumbered in the Court's exhibit numbering format. One drive was delivered before 5 pm.  A second drive, containing a full copy of one category of exhibits that, as a result of technical difficulties, did not fully copy onto the drive originally, was delivered shortly after 7pm.

**DEFENDANTS' STATEMENT**

The Court extended the time for Defendants to object to Plaintiffs' Exhibits until September 29, 2014, because Plaintiffs failed to comply with the Court's July 3, 2014 Pretrial Order and timely provide Defendants copies of their trial exhibits.  (Doc. 1126 at

2-3.) The Court granted Plaintiffs until "no later than 5:00 p.m. on Friday, September 19, 2014" to provide Defendants "a complete Exhibit List, organized by exhibit number, which corresponds to a complete portfolio of exhibits." (Id.) It further stated that "[a]ny further failure to comply with any remaining deadline will result in automatic sanctions and exclusion of evidence."  (Id.)  Plaintiffs did not provide Defendants a complete set of trial exhibits by that deadline.

               b.     Defendants' Exhibits:

Plaintiffs' objections to Defendants' exhibits and Defendants' response thereto are attached as **Appendix 6-B**.

**DEFENDANTS' STATEMENT**

Pursuant to the Court's August 29, 2014 Order (Doc. 1087 at 3-4), Defendants have attached as **Appendix 6-E**, a list of their trial exhibits with corresponding objections to the public filing of unredacted versions of those trial exhibits. Defendants have noted those trial exhibits that contain healthcare information, personal information, and/or security information.

Where noted, the exhibits contain protected health information that cannot be released to the public without the inmate's consent or a court order, under the Health Insurance Portability and Accountability Act, and Arizona state statute.  See 42 U.S.C. § 1320d et seq.; 45 C.F.R. §§ 160.103, 164.520, 164.512; A.R.S. §§ 12–2292, 2294. Some trial exhibits also contain personal information, such as social security numbers, employee identification numbers, personal address or phone numbers, and dates of birth. Such information is proper for redaction.  See Ariz. Dist. Ct. General Order 04–26; Taylor v. AutoZone Inc., CV 10-08125-PCT-FJM, 2012 WL 2357379, at *3 (D. Ariz. June 20, 2012); B2B CFO Partners, LLC v. Kaufman, CV 09-2158-PHX-JAT, 2011 WL 6297930, at *3 (D. Ariz. Dec. 16, 2011); Wallace v. Bashas' Inc. Grp. Disability Plan, CV07-2559-PHX-JAT, 2009 WL 1080192, at *2 (D. Ariz. Apr. 21, 2009).

Finally, many of Defendants' exhibits include security information, including: Security Threat Group (STG) information; protective custody status (PC), confidential

1  informant status (CI), Next-of-Kin information (NOK), staff addresses (ADD), staffing
2  patterns for security officers (Staff); criminal convictions for sex crimes or child abuse
3  (CC), keep away or do-not-cell information (KA or DNHW), inmate names mentioned in
4  incident or disciplinary reports (Inmate name), and medical transports (MT).  The Arizona
5  Legislature and courts in this district recognize that importance of redacting information
6  that threatens the safety and security of a prison, its staff, or its inmates.  See Mitchell v.
7  Cate, 2014 WL 1671589, at *3 (E.D. Cal. 2014); Fosselman v. Evans, 2011 WL 939616,
8  at *2 (N.D. Cal. 2011); Guillen v. Owens, 2011 WL 5882554, at *4 (D. Ariz. 2011);
9  Salerno v. Munoz, 2011 WL 2600519, at *2 (D. Ariz. 2011); Arteaga v. Alameida, 2007
10  WL 3105419, at *1 (E.D. Cal. 2007); A.R.S. § 31–221(C) (ADC prohibited from
11  disclosing records "[r]evealing the identity of a confidential informant," "[e]ndangering
12  the life or physical safety of a person," or "[j]eopardizing an ongoing criminal
13  investigation"); A.R.S. § 31–221(E)–(F) (inmates are also prohibited from viewing other
14  inmates' records, and an inmate is only permitted to view their own automated summary
15  record file one time per year).

16      Information that reveals an inmate's STG, informant, protective custody, housing,
17  or criminal conviction status directly places that inmate's safety in jeopardy. Inmates who
18  are revealed in investigatory reports could face retaliation by other inmates. Knowledge of
19  staffing patterns or medical transport locations could assist inmates in planning an assault
20  or escape.  And the disclosure of next-of-kin or staff personal information could
21  jeopardize their safety if discovered by inmates.  This information must be redacted from
22  Defendants' trial exhibits to maintain the safety and order of ADC's facilities.

23      4.    Each party hereby acknowledges by signing this joint Proposed Final
24  Pretrial Order that any objections not specifically raised herein are waived.

25
26
27
28

1    **G.     DEPOSITIONS TO BE OFFERED**

2            **PLAINTIFFS' STATEMENT**

3            Plaintiffs' deposition designations are listed in **Appendix 7**.  In addition to those

4    designations, the parties reserve the right to use depositions for impeachment purposes at

5    trial for any witness who is called live.

6            There is currently a motion pending challenging some of Plaintiffs' depositions

7    designations.  Depending on the outcome of this motion, Plaintiffs' designations may be

8    subject to change.

9            **DEFENDANTS' STATEMENT**

10           Defendants also reserve the right to object to and counter designate any further or

11   modified deposition designation proposed or offered by Plaintiffs.

12           1.      Deposition of William Smallwood – April 7, 2014 (**Appendix 7**)

13           2.      Deposition of William Smallwood – August 20, 2013 (**Appendix 7**)

14           3.      Deposition of Michael Adu-Tutu – October 1, 2012 (**Appendix 7**)

15           4.      Defendants objections and counter designations to the twenty-one (21)

16                   depositions subject to Defendants' pending Motion to Strike will be

17                   supplemented if necessitated by the Court's ruling on this motion.

18   **H.     LIST OF PENDING MOTIONS**

19           **PLAINTIFFS' STATEMENT**

20           The following motions are pending:

21   • Plaintiffs' Motions in Limine No. 1:   Use of Facts Underlying Witness's

22     Convictions [Doc. 1101]

23   • Defendants' Motions in Limine [Doc. 1100]

24   • Defendants' (Expedited) Motion to Strike Plaintiffs' Deposition Designations

25     [Doc. 1125]

26   • Plaintiffs' Expedited Motion to Correct the Record of Plaintiffs' Notice of

27     Filing Redacted Expert Reports Pursuant to Court Order (Doc. 1087)

28     [Doc. 1128]

- Motion to Seal Exhibits 1, 2, 3, 4, 5 and 12 to the Declaration of Caroline N. Mitchell in Support of Plaintiffs' Opposition to Defendants' Motions in Limine [Doc. 1131]

**DEFENDANTS' STATEMENT**

1.    Defendants' Motions in Limine (Doc. 1100).

2.    Plaintiffs' Motion in Limine (Doc. 1101).

3.    Defendants' Motion to Strike Plaintiffs' Deposition Designations (Doc. 1125).

**I.    PROCEDURES FOR EXPEDITING TRIAL**

**PLAINTIFFS' STATEMENT**

1.    Each side will provide notice of its trial witnesses at least two (2) business days before their proffer.  Additionally, if Defendants plan to call any prisoner in their custody as a witness, they will ensure that they provide Plaintiffs' counsel with enough notice so that Plaintiffs' counsel can have an in-person attorney-client meeting with the prisoner no later than one (1) business day prior to the date of proffer.  Defendants will work cooperatively with Plaintiffs' counsel to ensure that Plaintiffs' counsel is able to enter Defendants' prisons no later than one business day prior to the date of proffer, so that Plaintiffs' counsel shall have a confidential in-person attorney-client meeting with the prisoner.

2.    A copy of a deposition may be used in lieu of the original.

Evidentiary stipulations are listed above in Section F.2.

**DEFENDANTS' STATEMENT**

**1.    Parties' Stipulations.**

The Parties stipulate that during trial, Plaintiffs shall identify and provide advance 48-hour (2 business days) notice of Plaintiffs' intent to call Defendants, ADC witnesses and Corizon witnesses in their case in chief so that Defendants can arrange for appearance (and where necessary, travel) of the witnesses.  Further, Plaintiffs' and Defendants' counsel shall each provide the opposing party with 48-hour notice (2 business days) of

1   intent to call any witnesses listed in the Joint Pretrial Order, save for impeachment

2   witnesses for which the parties are not obligated to provide advance notice.  The Parties

3   appreciate that 48-hour notice may not be sufficient to procure attendance of ADC and/or

4   Corizon witnesses due to location, duties and schedules and therefore will work together

5   to the extent possible, on mutual trial scheduling.

6          **2.      Defendants' Additional Proposals.**

7          **Bifurcation of Claims**.  Pursuant to Fed.R.Evid. 611(a)&(b), Defendants request

8   this Court order that for Defendants' witnesses called by Plaintiffs' in Plaintiffs' case in

9   chief, Defendants' cross examination of their own witnesses shall not be limited in scope

10  to subject matter testified to on direct examination as offered by Plaintiffs.

11  Fed.R.Evid. 611(b).  This method will greatly streamline trial as Defendants intend to

12  present to the extent possible, the bulk of their witnesses' intended testimony during

13  Plaintiffs' case in chief.  Fed.R.Evid. 611(a).  For most witnesses, this will eliminate

14  Defendants' need to recall their own witnesses a second time during Defendants' case.

15  By seeking such an Order, Defendants do not waive the right to re-call any defense

16  witness initially called by Plaintiffs' in their case in chief and also examined by

17  Defendants, during Defendants' case where necessary.  Defendants also do not waive the

18  right to re-call of witnesses to present impeachment testimony.

19         Pursuant to Fed.R.Evid. 611(a) and Fed.R.Civ.P. 42(b) and due to the breadth of

20  this class-action lawsuit consisting of ten (10) certified alleged health care practice claims

21  encompassing mental health care, medical care and dental care and seven (7) alleged

22  conditions of confinement claims for maximum custody inmates, Defendants request this

23  Court order that the presentation of witnesses and evidence proceed in the following order

24  consistent with Plaintiffs' four general Complaint claims: (1) conditions of confinement

25  for maximum custody inmates; (2) mental health care; (3) medical care; and (4) dental

26  care.

27         In accordance with Fed.R.Evid. 611(a), this order of presentation of evidence will

28  prove efficient and effective for determining the truth, avoid waste of time, and negate

1    confusion of the issues where evidence pertaining to each distinct certified claim will be

2    presented all at once, cohesively and before moving on to the next claim.  Proceeding

3    claim by claim will eliminate the need for the Court to remember many weeks (or months)

4    later, what Plaintiffs' version of the evidence was on every class and subclass claim,

5    compared to Defendants' evidence on each claim.

6            Fed.R.Civ.P. 42(b) also permits the Court to order separate trials of one or more

7    separate issues or claims in order to "promote convenience, to avoid prejudice, or to

8    expedite and economize . . ."  Here, because the trier of fact is the Court, traditional

9    bifurcation is not necessary but Rule 42(b) permits the Court to order a trial proceed

10   logically, with separate claims and issues parsed out from each other.  Where the evidence

11   relates to an entire corrections system, proceeding with witness and evidence presentation

12   on a claim by claim basis makes sense for the Court and the Parties.

13

14          **Multiple Party Representatives**.   Pursuant to Fed.R.Evid. 615, Defendants

15   request this Court Order that Defendants shall be permitted to designate multiple party

16   representatives for Defendants where duty, scheduling obligations and subject matter

17   expertise related to the ten (10) certified medical claims and seven (7) certified subclass

18   claims does not permit single representatives to sit for the entirety of the lengthy trial nor

19   provide Defendants' counsel with essential client assistance regarding the numerous

20   distinct subject at issue in the certified claims.

21          Fed.R.Evid. 615 provides that "[a]t the request of a party, the court shall order

22   witnesses excluded so that they cannot hear the testimony of other witnesses[.]"

23   However, Rule 615 "does not authorize exclusion of (1) a party who is a natural person, or

24   (2) an officer or employee of a party which is not a natural person designated as its

25   representative by its attorney, or (3) a person whose presence is shown by a party to be

26   essential to the presentation of the party's cause."   A witness is essential to the

27   presentation of the party's cause under Rule 615(3) when "the witness has such

28   specialized expertise or intimate knowledge of the facts of the case that a party's counsel

could not effectively function without the presence and aid of that witness." *United States v. Klaphake*, 64 F.3d 435, 437 (8th Cir. 1995); *Oliver B. Cannon & Son v. Fidelity & Cas. Co.*, 519 F. Supp. 668, 678 (D. Del. 1981).  The "essential" witness exemption set out in Rule 615(3) "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation."  Fed. R. Evid. 615, Advisory Committee Notes.

Permitting Defendants to exempt two party representative for each of the four general subject matter claims (max custody conditions of confinement, mental health care, medical care, dental care) under Rule 615, is consistent with the purposes for which Rule 615 was created.

**K.     ESTIMATED LENGTH OF TRIAL**

12 hours for opening statements and closing arguments (6 hours per party).

Up to 500 hours for Plaintiff(s) case, including cross-examination of other parties' witnesses, but Plaintiffs propose a much shorter time for both parties' cases.

350 hours for Defendant(s) case, including cross-examination of other parties' witnesses.

15 hours for Plaintiff(s) rebuttal.

877 TOTAL ESTIMATED TIME.

**PLAINTIFFS' STATEMENT**

The times Plaintiffs have listed do not include time that would need to be spent authenticating or laying foundation for exhibits.  Nor does it include time for examining the person(s) who prepared or may offer Defendants' Rule 1006 exhibits into evidence. Finally, Defendants have moved to strike many of Plaintiffs' deposition designations.  The estimates do not include the 1-3 hours per witness it would take to call the witnesses live rather than submitting portions of their depositions instead.  The time for trial could thus be even longer.

That said, Plaintiffs are interested in substantially cutting down the number of hours for trial and believe a trial could be conducted in a fraction of the time.  For

1  example, if most of the witnesses on the "unlikely to call" list do not testify and at least

2  some of the witnesses on the "may call" list do not testify, Plaintiffs could present their

3  case in around 200 hours including direct and cross.  Plaintiffs also propose further ways

4  to limit each party's trial time even below 200 hours.  One major way to do this is by

5  substantially cutting down Defendants' witness list, which includes nearly 300 witnesses,

6  whose cross-examination time has to be accounted for in Plaintiffs' trial time estimates.

7  Other ways to streamline and shorten the trial may include allowing experts to submit

8  their expert reports into evidence, stipulating that certain documents experts reviewed can

9  be submitted into evidence, establishing stipulations for admissibility of documents, and

10  allowing deposition designations to be submitted into the record for the Court's review

11  rather than read into the record live, and other stipulations and limitations that could be

12  discussed at the final pretrial conference.

13       Plaintiffs object to any allocation of trial time that is not the same for both parties.

14  Defendants plan to put on many more witnesses than Plaintiffs, although Plaintiffs have

15  the burden of proof, and both parties should be allocated the same amount of time.

16  **DEFENDANTS' STATEMENT**

17       Defendants recognize that the Court has indicated that it does not desire to spend 3

18  months or more in the trial of this case.  Unfortunately, due to the scope of the issues

19  certified, the magnitude of the issues involved and potential effect on the State of Arizona

20  and its taxpayers and the manner upon which plaintiffs intend to introduce virtually their

21  entire case through expert testimony, Defendants anticipate that it will take three times the

22  amount of trial time that plaintiffs spend putting on their case in chief in order to

23  adequately present its case.  As a result, Defendants estimate that this trial could extend

24  into January, 2015.  (Defendants believe Plaintiffs estimate of 500 hours is exaggerated)

25  Defendants anticipate that they will need at least 350 hours of trial time to put on their

26  case, although this number could be drastically reduced dependent on the Court's rulings

27  on Motions made pursuant to FRCP 50(a).  Although defendants have listed a large

28  number of witnesses, the vast majority of them will likely not be called to trial,

1  particularly if plaintiffs stipulate to facts with respect to the treatment of the named
2  plaintiffs.  Specifically, plaintiffs have objected to nearly all of Defendants' facts, despite
3  the fact that they waived any objection by failing to oppose the facts at summary
4  judgment, and that the majority of these facts come straight from the named plaintiffs
5  medical records.

6  **L.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR**
7  **BENCH TRIALS**
8  **PLAINTIFFS' STATEMENT**

9      Pursuant to the Court's Order (Doc. 1108) proposed Findings of Facts and
10  Conclusions of Law are now due October 3, 2014 at 5:00 p.m.  When Plaintiffs file their
11  Proposed Findings of Fact and Conclusions of Law in accordance with the Court's
12  schedule, Plaintiffs then can certify that those Proposed Findings of Fact and Conclusions
13  of Law are incorporated by reference into this joint Proposed Final Pretrial Order

14      **DEFENDANTS' STATEMENT**

15      Defendants' separately filed Proposed Findings of Fact and Conclusions of Law,
16  due on October 3, 2014, are incorporated by reference into this joint Proposed Final
17  Pretrial Order.

18  **M.  CERTIFICATIONS**

19      The undersigned counsel for each of the parties in this action do hereby certify and
20  acknowledge the following:

21      1.    All discovery has been completed, with the exception of production of the
22  expert reports, associated documents, and depositions of experts.

23      2.    The identity of each witness has been disclosed to opposing counsel.

24      3.    Each exhibit listed herein: (1) is in existence; and (2) has been disclosed and
25  shown to opposing counsel.  Defendants are unable to certify to this until they have a
26  chance to review the hard drive delivered to Defendants' counsel's office after 7:00 p.m.
27  on September 19, 2014.

28

1      4.      The parties have complied in all respects with the mandates of the Court's

2  Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

3      5.      The parties have made all of the disclosures required by the Federal Rules of

4  Civil Procedure (unless otherwise previously ordered to the contrary).

5      6.      The parties acknowledge that once this Proposed Final Pretrial Order has

6  been signed and lodged by the parties, no amendments to this Order can be made without

7  leave of Court.

8

9

10

11   /s/ Daniel C. Barr                                   /s/ Daniel P. Struck (w/ permission)
    Attorney for Plaintiff(s)                             Attorney for Defendant(s)
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Based on the foregoing,

2    **IT IS ORDERED** that this Proposed Final Pretrial Order jointly submitted by the

3    parties is hereby **APPROVED** and **ADOPTED** as the official Pretrial Order of this Court.

4    DATED this ___ day of _____, 2014.

5

6                                                    _____

7                                                    Diane J. Humetewa
                                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28