# APPENDIX 4

CAUSE NO.  2:12-CV-00601-DJH

| | | |
|---|---|---|
| Victor Antonio Parsons, et al, | § | IN THE UNITED STATES |
| | § | DISTRICT COURT, DISTRICT |
| Plaintiffs, | § | OF ARIZONA |
| | § | |
| v. | § | Judge Code DJH |
| | § | |
| Charles Ryan, et al., | § | |
| | § | |
| Defendants. | § | Non-Jury Trial |

# PLAINTIFFS' TRIAL WITNESS LIST

At the Court's direction, Plaintiffs have listed witnesses based on the claims in the case:  overarching systemic problems in health care, medical care, mental health care, dental care, and conditions of confinement in isolation units.  Plaintiffs have listed each witness only once, although witnesses may be called to offer testimony relevant to multiple parts of the case.

# I.   WILL CALL

## A.   Medical

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **Wilcox, Todd c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Expert. Anticipated Testimony:  Dr. Wilcox will testify consistent with his reports, and will opine that ADC medical care policies and practices expose prisoners to a substantial risk of serious harm in numerous ways. These inadequate and unconstitutional policies and practices include insufficient numbers of adequately qualified health care staff; a failure to provide timely access to routine, emergency, and specialty care; a failure to inadequately manage the health care of prisoners with chronic medical diseases; a failure to have adequate clinical or infirmary space to provide medical care in a hygienic and confidential manner; a failure to maintain accurate and complete records in prisoners' health care charts; a failure to provide all necessary medication or medical | 16 hours | 16 hours | Dr. Robert Cohen.  The witnesses' testimony is not duplicative and should be admitted because their opinions focus on different issues and are based on different evidence.  Dr. Cohen toured two large prisons, Lewis and Eyman, and reviewed monitoring data and reports through September 2013 for those two prisons and three smaller prisons [Safford, Douglas, Winslow] for which the Court had ordered the tours not occur, and he expressed his opinions about care in those five facilities and the system generally.  Dr. Wilcox toured five different | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | devices to prisoners; a policy and practice of relying upon lower level health care staff perform tasks outside their scope of practice; and a failure to have a meaningful quality assurance or grievance process in place.<br><br>Dr. Wilcox will also rebut the conclusions offered by Defendants' medical expert Dr. Mendel regarding the ADC's mortality rates and delivery of care to prisoners with diabetes.  Dr. Wilcox will also rebut the conclusion offered by Dr. Mendel that certain individual prisoners whose files Dr. Mendel and Dr. Wilcox reviewed received adequate medical care. | | | prisons than Dr. Cohen [Florence, Perryville, Phoenix, Tucson, Yuma] and expressed his opinions about inadequate care at those facilities.  Dr. Cohen reviewed the health care charts and provided opinions about the inadequate care received by prisoners who died while in ADC custody through April 1, 2014, but Dr. Wilcox did not.  Dr. Wilcox reviewed monitoring reports and data for all 10 ADC prisons for the period of October 2013 through March 2014.  Dr. Wilcox also reviewed the health care charts of a random sample (selected by Defendants) of prisoners with chronic health care conditions.  Dr. Wilcox is the only expert who will testify about the limited value of accreditation by the National Commission on Correctional Health Care.  He is also the only | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | | | | expert who will rebut the conclusions of Defendants' medical expert's opinion that certain data about mortality rates and the care received by diabetics demonstrate that Defendants are providing adequate care.  Dr. Wilcox is the only expert who reviewed the health care charts that were reviewed by Defendants' medical expert. | | |
| **Cohen, Robert c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Expert. Dr. Cohen will testify consistent with his reports, and will opine that ADC medical care policies and practices expose prisoners to a substantial risk of serious harm in numerous ways.  These inadequate and unconstitutional policies and practices include insufficient numbers of adequately qualified health care staff; a failure to provide timely access to routine, emergency, and specialty care; a failure to inadequately manage the health care of prisoners with chronic medical diseases; a failure to have adequate | 16 hours | 20 hours | Todd Wilcox; justification for multiple medical experts described above. | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | clinical or infirmary space to provide medical care in a hygienic and confidential manner; a failure to maintain accurate and complete records in prisoners' health care charts; a failure to provide all necessary medication or medical devices to prisoners; a policy and practice of relying upon lower level health care staff perform tasks outside their scope of practice; and a failure to have a meaningful quality assurance or grievance process in place. Dr. Cohen will also offer his opinion regarding the adequacy of medical care provided to prisoners who died while in ADC custody between January 1, 2012 and April 1, 2014. Dr. Cohen will also rebut the conclusion offered by Dr. Mendel that certain individual prisoners whose files Dr. Cohen reviewed received adequate medical care. | | | | | |
| **Licci, Desiree c/o Caroline Mitchell, Esq. Jones Day 555 California St.,** | Fact. Ms. Licci will testify regarding the medical care she received while in ADC custody and how she was placed in substantial risk of significant harm.  For example, she | 1-2 hours | 4 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **26th Floor San Francisco, CA 94104-1500** | may testify that despite having multiple masses identified on her reproductive organs, she waited two years to see an oncologist.  During this period, she suffered months of pain because one of the masses obstructed her bowels.  While Ms. Licci's masses ultimately were found to not be cancerous, she suffered a great deal of physical and psychological harm pending the removal of the masses. | | | | | |
| **Trethewey, Jonathan [ADC #137818] c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Fact. Mr. Trethewey will testify regarding the medical care he has received while in ADC custody and how he was placed in substantial risk of significant harm.  Specifically, he will testify regarding the delays and lack of treatment for colon cancer.  He will testify that his cancer was left untreated for so long that he suffered a bowel obstruction.  He will testify regarding his ongoing medical conditions that remain untreated, including a pleural effusion, the cause of which has not been determined.  ADC has failed to provide Mr. Trethewey with the follow-up care recommended by oncologists. | 1-2 hours | 2 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **Jensen, Rhonda c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Fact. Ms. Jensen will testify regarding the delays in deficiencies in medical care provided to her husband, plaintiff Shawn Jensen from 2009 through April 1, 2014, placing him at substantial risk of serious harm. Specifically, Ms. Jensen will testify regarding her efforts and interactions with ADC staff to have him provided care, and her efforts to ensure that he had an adequate supply of catheters. | 1-2 hours | 2 hours | | | |

## B.    Mental Health

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **Stewart, Pablo c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Expert. Pablo Stewart, M.D. will testify consistent with his reports, and will opine that ADC mental health care policies and practices expose prisoners to a substantial risk of serious harm in numerous ways. These inadequate and | 16 hours | 20 hours | Witnesses Testifying to Similar Content/Explanation:  Dr. Craig Haney will also testify to the harmful effects of isolated confinement on the mentally ill.  The witnesses' testimony is not | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| | unconstitutional policies and practices include inadequate numbers of adequately qualified mental health care staff; inadequate follow-up and infrequent contact with qualified mental health staff; inadequate history-taking, exploration of symptoms, mental status exams, and risk assessments; poor documentation and inadequate and incomplete medical records; dangerous prescribing practices and inadequate medication systems; the failure to adequately monitor prisoners who are taking psychotropic medications; inadequate monitoring and management of medication therapeutic levels and side effects; inadequate access to care; the failure to provide adequate mental health programming; the failure to provide access to inpatient mental health treatment for those who need it; the failure to create, maintain, and update adequate mental health treatment plans; the failure to take adequate steps to prevent heat injury or death for mentally ill prisoners; the failure to provide language | | | duplicative and should be admitted.  Dr. Stewart is plaintiffs' only psychiatric expert witness and will testify about systemwide deficiencies in ADC mental health care.  Dr. Haney is a psychologist and will testify only about conditions in ADC's isolation units (ASPC-Florence, Central and Kasson Units; ASPC-Eyman, SMU 1 and Browning Unit; and ASPC-Perryville, Lumley Special Management Area) as they affect all prisoners, including but not limited to those with mental illness. | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
|  | interpretation for mental health treatment; the failure to protect prisoners against self-harm and suicide; perfunctory and inadequate mortality reviews and psychological autopsies; the inappropriate use of psychiatry via videolink; the inappropriate use of isolated confinement on the mentally ill; the inappropriate use of chemical agents on the mentally ill; the failure to provide adequate mental health care to patients who are seriously ill and highly symptomatic; the inadequate mental health care of the named plaintiffs; and inadequate monitoring and oversight of the provision of mental health care in ADC.  Dr. Stewart will further testify that the mental health care currently provided in the ADC does not meet minimum standards of care.<br><br>Dr. Stewart will rebut the conclusions offered by Defendants' mental health expert, Dr. Penn, that ADC provides adequate mental health care, suicide prevention, mental health programming, and medication systems.  Dr. Stewart will further rebut Dr. Penn's |  |  |  |  |  |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| | conclusions about ADC's failure to exclude mentally ill persons from the isolation units; its inappropriate use of chemical agents on the mentally ill; and the risk of heat injury and death created by ADC's inadequate policies and practices.  Dr. Stewart will also rebut the conclusions of Defendants' witnesses that certain individual prisoners whose files Dr. Stewart reviewed received adequate mental health care. | | | | | |

### C.    Dental

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| **Shulman, Jay c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Expert. Dr. Shulman will testify consistent with his reports in this matter, including opining that ADC exposes inmates to a substantial risk of serious dental harm.  These inadequate procedures include, for example, an inadequate number of qualified dental staff, inadequate | 16 hours | 16 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| | HNR triage process, improper use of dental assistants, delays in providing routine care, removal of prisoners from the routine care list, extractions of teeth that could have been restored had better care been provided, inadequate treatment of chewing difficulty, and inadequate monitoring and supervision of dental care.  Dr. Shulman also will rebut Defendants' dental experts' opinions, consistent his reports in this matter.  For example, Dr. Shulman will explain that Dr. Dovgan's methodology is insufficient, that NCCHC accreditation does not necessarily entail constitutional dental care, that meth mouth and OSHA issues are immaterial, and that Dr. Dovgan's other opinions supposedly rebutting Dr. Shulman's opinions are flawed. | | | | | |
| **Polson, Joshua c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Fact. Mr. Polson will testify regarding the dental care he received while in ADC custody and how he was placed in substantial risk of serious harm.  This includes, for example, testimony that Mr. Polson requested dentures in order to chew | 1-2 hours | 2 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| | food but was forced to wait almost a year before being seen.  In addition, ADC repeatedly failed to provide Mr. Polson with his prescribed soft diet, despite repeated complaints, forcing him to often go hungry, lose weight, and skip medication doses that had to be taken with food.  ADC also failed to provide timely responses to his complaints of pain—on one occasion, his pain complaint was not even answered for 12 days, at which point he was told to "be patient," and was not seen until three weeks after his initial complaint.<br><br>Mr. Polson may also testify regarding the medical care he received while in ADC custody and how he was placed in substantial risk of serious harm.  This includes, for example, testimony that despite repeated complaints of ear aches and hearing loss, he was forced to wait almost a year before seeing a physician, at which point his ear had become a "dead ear" and was pronounced non-restorable.  ADC has also failed to consistently provide medications, including those | | | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
|  | needed to reduce the risk of future ear infections.  Mr. Polson may testify regarding the mental health care he received while in ADC custody and how he was placed in substantial risk of serious harm. Despite a history of suicide attempts and a variety of mental illnesses, including mood swings, hallucinations, paranoia, and depression, Mr. Polson experienced repeated interruptions in the delivery of his mental health medications, and was placed in isolation, where he has minimal human contact and is rarely permitted to leave his cell. The placement of Mr. Polson in isolation placed him in substantial risk of serious harm, and caused his mental illness to worsen substantially, but Mr. Polson does not receive adequate therapy or mental health care. |  |  |  |  |  |

## D.    Isolation

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **Williams, Brie c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Expert. Brie Williams, M.D., M.S. will testify consistent with her reports, and will opine that that isolated confinement as practiced in ADC poses a substantial risk of serious harm, including increased morbidity and mortality, to prisoners of older age, with chronic medical conditions, and/or with physical disabilities.  Dr. Williams will testify regarding the medical literature and her findings related to conditions of confinement in ADC's isolation units on the following topics:  importance of deconditioning and functional impairment in older age; the medical effects of loneliness and social isolation; memory impairment; osteoarthritis; hypertension; hearing impairment; insomnia and poor quality sleep; and Type 2 Diabetes Mellitus.  Dr. Williams will also testify to her findings related to the size and configuration of cells and exercise enclosures in the isolation units and the fact that they pose a substantial risk of serious harm because they do not permit | 8 hours | 8 hours | None.  Dr. Williams is a physician board certified in internal medicine and is the only expert who will testify regarding the negative physical health effects of conditions in ADC's isolation units. | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|-----------------------------------------------------|-------|----------|
| | adequate exercise to preserve health; the inadequacy of the amount of exercise time offered to prisoners in the isolation units; the constraints on access to exercise, such as the requirement to be strip searched, the lack of water, extreme heat, and the lack of places to sit to accommodate older prisoners or those with mobility impairments; and the harmful effects of 24-hour illumination in the cells in the isolation units, which creates risks of sleep deprivation and resulting negative health consequences.  Dr. Williams will rebut the conclusions offered by Defendants' expert, Dr. Mendel, related to the policies and practices of ADC in the isolation units that place prisoners at substantial risk of serious harm. | | | | | |
| **Haney, Craig c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Expert. Craig Haney, Ph.D., J.D., will testify consistent with his reports, and will opine that the conditions of confinement in ADC's isolation units expose prisoners, especially but not only seriously mentally ill prisoners, to | 16 hours | 20 hours | Dr. Pablo Stewart will also testify to the negative effects of isolated confinement on the mentally ill.  The witnesses' testimony is not duplicative and should be admitted.  Dr. | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | a substantial risk of serious harm in numerous ways. These inadequate and unconstitutional policies and practices include: the failure to exclude seriously mentally ill prisoners from conditions of confinement in the isolation units which are known to be harmful to them; and policies and practices which subject all prisoners to harm, including the failure to provide adequate psychiatric monitoring because of chronic understaffing, inappropriate use of chemical agents against prisoners on psychotropic medications, the failure to provide adequate exercise and sufficient nutrition, and inappropriately subjecting prisoners to extreme social isolation, constant cell illumination, limited property, and excessive heat. Dr. Haney will testify to the conditions of extreme social isolation in ADC's isolation units, as well as the lack of programming and out-of-cell time for prisoners. He will also opine on the inadequacy of ADC's current programs in the isolation | | | Stewart is plaintiffs' only psychiatric witness and will testify about systemwide deficiencies in ADC mental health care. Dr. Haney is a psychologist and will testify only about conditions in ADC's isolation units (ASPC-Florence, Central and Kasson Units; ASPC-Eyman, SMU 1 and Browning Unit; and ASPC-Perryville, Lumley Special Management Area) as they affect all prisoners, including but not limited to those with mental illness.<br><br>Eldon Vail will also testify regarding conditions of confinement in ADC's isolation units. The witnesses' testimony is not duplicative and should be admitted. Dr. Haney is a psychologist and will testify regarding the mental health effects of conditions in the isolation units. Mr. Vail is the only corrections expert testifying on behalf of | | |

| | | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| Name | Anticipated Testimony | | | | | |
| | units, including its step programs, as well as the risks created by the conditions in ADC's watch cells, and the problems of self-harm and suicide in ADC's isolation units. He will further testify that the harmful psychological effects of isolated confinement and the serious risk of significant psychological harm that it poses for prisoners has been well documented in the scientific literature and firsthand accounts and that it is widely acknowledged by numerous professional organizations and judicial rulings over the last half century.  He will also testify that mentally ill prisoners are especially vulnerable to the painful and damaging stressors of isolated confinement and the risk that they will incur further psychological damage from placement in such units is especially high.  Dr. Haney will further testify to efforts to drastically limit the use of isolated confinement nationwide and to improve overall conditions of confinement, affording prisoners | | | plaintiffs.  He has over thirty years of direct experience managing correctional facilities and will testify regarding conditions in the isolation units from a corrections management perspective. He is the only expert who will rebut Defendants' experts and other witnesses regarding ADC's inappropriate use of force policies and practices from a corrections perspective, as well as the over-classification of prisoners to ADC's isolation units. | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| | enhanced programming and treatment.<br><br>Dr. Haney will rebut the conclusions offered by Defendants' corrections expert, Dr. Seiter, mental health expert, Dr. Penn, and other witnesses regarding the substantial risk of serious harm posed by the conditions of confinement in ADC's isolation units to the prisoners incarcerated there, especially the mentally ill, as well as evidence regarding the harms caused by isolated confinement and steps necessary to ameliorate those harms.  Dr. Haney will further rebut the conclusions of these witnesses that ADC provides adequate programming, including for the mentally ill, in its isolation units. | | | | | |
| **Vail, Eldon c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco,** | Expert. Mr. Vail will testify consistent with his reports, and will opine that the conditions of confinement in ADC's isolation units expose prisoners, especially seriously mentally ill prisoners, to a substantial risk of serious harm in | 16 hours | 16 hours | Dr. Craig Haney will also testify regarding conditions of confinement in ADC's isolation units.  The witnesses' testimony is not duplicative and should be admitted.  Dr. Haney is a | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **CA 94104-1500 San Francisco, CA 94104-1500** | numerous ways.  These inadequate and unconstitutional policies and practices include: the failure to exclude seriously mentally ill prisoners from conditions of confinement in the isolation units which are known to be damaging to them; and policies and practices which subject all prisoners to harm, including the failure to provide adequate psychiatric monitoring because of chronic understaffing, inappropriate use of chemical agents against prisoners on psychotropic medications, the failure to provide adequate exercise and sufficient nutrition, and inappropriately subjecting prisoners to extreme social isolation, constant cell illumination, excessive heat, limited property, and inadequate physical plant.  Mr. Vail will testify to the lack of programming in the isolation units and the lack of a coherent program, especially for the mentally ill.  He will further testify that ADC policy for isolating prisoners is over-broad and fails to systematically take into | | | psychologist and will testify regarding the mental health effects of conditions in the isolation units.  Mr. Vail is the only corrections expert testifying on behalf of plaintiffs.  He has over thirty years of direct experience managing correctional facilities and will testify regarding conditions in the isolation units from a corrections management perspective. He is the only expert who will rebut Defendants' experts and other witnesses regarding ADC's inappropriate use of force policies and practices from a corrections perspective, as well as the over-classification of prisoners to ADC's isolation units. | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|-----------------------------------------------------|-------|----------|
|  | account the needs of mentally ill prisoners; that the conditions of confinement for prisoners in isolation in ADC facilities result in extreme social isolation and other hardships that are both unnecessary and counter-productive to prison security, as well as harmful for all prisoners, but especially for the mentally ill; that ADC routinely and inappropriately uses chemical agents, such as Oleoresin Capsicum (OC) products (pepper spray), against mentally ill prisoners without considering the impact on the prisoner and the effective management of the prisoner population; and that ADC inappropriately uses mental health watch.  Mr. Vail will testify to the lack of adequate training and administrative oversight for correctional staff.  He will further testify about the reforms necessary in ADC's isolation units to reduce the substantial risk of serious harm they currently create for prisoners, and how other jurisdictions have safely and effectively managed to transform their isolation practices. |  |  |  |  |  |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | Mr. Vail will rebut the conclusions offered by Defendants' corrections expert, Dr. Seiter, mental health expert, Dr. Penn, and other witnesses regarding the substantial risk of serious harm posed by the conditions of confinement in ADC's isolation units to the prisoners incarcerated there, especially the mentally ill, as well as classification issues and policies in ADC's isolation units, staff training, and ADC's inappropriate policy and practice for use of chemical agents.  Mr. Vail will further rebut the conclusions of these witnesses that ADC provides adequate programming and program structure, including for the mentally ill, in its isolation units from a corrections perspective.  Mr. Vail will further rebut Defendants' witnesses' testimony related to isolation practices in corrections nationwide. | | | | | |

## II.   MAY CALL

### A.   Health Care

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **Ryan, Charles, ADC Director** | Fact. Mr. Ryan is ADC Director and defendant in this action.  Mr. Ryan is expected to testify regarding his knowledge and experience as relevant to any of the claims raised by Plaintiffs in the complaint, the provision of health care to ADC prisoners and any other topic for which Defendants have identified him as having knowledge. | 1-2 hours | 6 hours | | | |
| **Pratt, Richard, Interim Director, ADC Health Care Services Monitoring Bureau** | Fact. Mr. Pratt is expected to testify regarding his knowledge and experience as relevant to any of the claims raised by Plaintiffs in the complaint, the provision of health care to ADC prisoners and any other topic for which Defendants have identified him as having knowledge. Mr. Pratt also has been deposed multiple times in this matter and may be called to testify on issues related to the topics addressed in his depositions. | 1-2 hours | 8 hours | | | |
| **Robertson,** | Fact. Dr. Robertson is expected to | 1-2 hours | 6 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **David, D.O., ADC Medical Program Administrator** | testify regarding ADC's monitoring, supervision, and oversight of medical care provided by Wexford Health and Corizon; the provision of medical care at multiple prisons since his time of employment with ADC; the privatization of health care services, quality assurance and review of health care; Corizon's development of an electronic health records system; and all other topics to which he testified in his deposition.  Dr. Robertson is also expected to testify with regard to any other topic for which Defendants have identified him as having knowledge. | | (total time) | | | |
| **Taylor, Nicole, Ph.D., J.D., ADC Mental Health Program Administrator** | Fact. Dr. Taylor may be called with regard to ADC's monitoring, supervision, and oversight of mental health care provided by Corizon, as well as the provision of mental health care at multiple prisons since her time of employment with ADC, and all other topics to which she testified in her deposition.  Dr. Taylor is also expected to testify with regard to any other topic for which Defendants have identified | 1-2 hours | 10 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | her as having knowledge. | | | | | |
| **Gross, Arthur, Former Director, ADC Health Care Services Monitoring Bureau** | Fact. Mr. Gross may be called with regard to ADC's monitoring, supervision, and oversight of health care provided by Corizon, and all other topics to which he testified in his deposition.  Mr. Gross is also expected to testify with regard to any other topic for which Defendants have identified him as having knowledge. | 1-2 hours | 1 hour (total time) | | | |

## B.  Medical

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **Ammirato, Wayne [ADC #94836] c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA** | Fact. Mr. Ammirato may be called to testify regarding the medical care he has received while in ADC custody and how he has been placed at substantial risk of serious harm. Specifically, Mr. Ammirato may testify regarding the inadequate treatment and management of his seizure disorder, resulting in him | 1-2 hours | 2 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **94104-1500** | suffering multiple seizures, causing injuries.  Mr. Ammirato may testify regarding the delays in treatment of his kidney disease.  He may testify regarding his knowledge of the hygiene and conditions of clinical medical spaces at Lewis and Eyman prisons. | | | | | |
| **Armenta, Timothy [ADC #199348] c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Fact. Mr. Armenta may be called to testify regarding the medical care he has received while in ADC custody and how he has been placed at substantial risk of serious harm. Specifically, Mr. Armenta will testify regarding the inadequate treatment and management of his seizure disorder, including being taken off of medication that managed his seizures but are not on Corizon's formulary.  Mr. Armenta will testify regarding the inadequate emergency response by custody and health care staff to his seizures, and the lack of health care treatment received after suffering seizures. | 1-2 hours | 2 hours | | | |
| **Chisholm, Maryanne [ADC #200825]** | Fact. Ms. Chisholm may testify regarding the medical, dental, and mental health care she has received while in ADC custody and how she | 1-2 hours | 4 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | was placed in substantial risk of significant harm.  This includes, for example, testimony regarding the unreasonable nine month delay between reporting multiple heart-related symptoms and finally seeing a cardiologist, defendants' failure to refer her for the specialist's recommended tests of her lung and heart function, the delays in receiving inhalers prescribed by a specialist, and the delays and erratic provision of her thyroid medication.  Ms. Chisholm may also testify regarding the delays she experienced in dental care, the improper triaging of her dental needs, and being forced into the "prisoner's dilemma" in treatment of severe dental pain of having to choose between either having the tooth pulled, or waiting for months for a filing.  Ms. Chisholm may also testify regarding mental health treatment for her bipolar disorder, obsessive compulsive disorder, and social anxiety, including the inadequate monitoring of her psychotropic medications, including for the side effects she has suffered from the | | | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | medications. | | | | | |
| **Hefner, Joseph [#203653] c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Fact. Mr. Hefner may testify regarding the medical care he has received while in ADDC custody and how he was placed in substantial risk of significant harm.  This includes, for example, the significant delays in receiving care in connection with multiple eye surgeries, including the failure to provide him with special eye drops prescribed by the specialists, and delays in responding to reports of post-surgery complications.  Mr. Hefner may also testify regarding ADC's failure to provide him with a medically-indicated diet to accommodate his diagnosis of gastro esophageal reflux disease (GERD). | 1-2 hours | 4 hours | | | |
| **Huggins, Cody c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA** | Fact. Mr. Huggins may be called to testify regarding his knowledge of the provision of health care to his father, Glen Huggins, #085040, his efforts to have his father provided care, and his father's condition and ultimate death shortly after an imminent danger (medical parole) release from ADC custody. | 1-2 hours | 1 hour | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **94104-1500** | | | | | | |
| **Jensen, Shawn [#032465] c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Fact. Mr. Jensen may testify regarding the medical care he has received while in ADC custody and how he was placed in substantial risk of significant harm.  This includes, for example, the significant delay in receiving treatment for his prostate cancer; numerous post-surgery complications (include six subsequent repair surgeries) caused by an unqualified nursing assistant improperly manipulating a Foley catheter which had been inserted by a surgeon as a surgical drain, ongoing problems in receiving a timely and adequate supply of catheters, delays in receiving antibiotics to treat infections, and a delay of more than a year after the recurrence of prostate cancer for him to be seen by appropriate specialists to undergo needed tests and to have a reasonable treatment plan developed and managed by a specialist.  More specifically, Jensen may testify concerning an incident in August 2010, following prostate surgery performed by a non-ADC | 1-2 hours | 4 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | provider, when Jensen was seen by an ADC nursing assistant, who tore his surgical site by inappropriately manipulating his Foley catheter—an incident that required numerous subsequent corrective surgical procedures.  Furthermore, Jensen may testify to ongoing problems in receiving adequate medical care at ADC, including lack of response to HNRs, difficulty scheduling appointments, difficulty obtaining medical supplies, inadequate post-surgical care, and lack of communication between ADC and external healthcare providers. | | | | | |
| **Leslie, Douglas [#251101] c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Fact. Mr. Leslie may be called to testify regarding the medical care he has received while in ADC custody and how he has been placed at substantial risk of serious harm.  Specifically, he will testify regarding the inadequate and delayed care he has received for his end-stage liver disease. | 1-2 hours | 2 hours | | | |
| **Swartz, Stephen [#102486]** | Fact. Mr. Swartz may testify about the inadequate medical, mental | 1-2 hours | 6 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | health, and dental care he has received while in ADC custody, as well as the conditions of confinement in isolation, and how he has been placed at a substantial risk of serious harm.  For example, Mr. Swartz may testify about inadequate care following a facial injury in 2010.  He suffered repeated delays in medication following reconstructive surgery on his face, and at one point his medication was even discontinued, which resulted in severe pain.  Mr. Swartz also suffered delays in seeing a doctor for pain. Mr. Swartz also may testify that he submitted HNRs due to dental pain and suffered delays in receiving dental treatment.  Mr. Swartz also may testify that he was given access to dangerous objects while on suicide watch and then, after swallowing those dangerous objects, suffered delays in receiving treatment.  Mr. Swartz also repeatedly suffered delays in receiving mental health medication. Finally, Mr. Swartz may testify about the severe conditions in isolation units, including how the | | | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | isolation units do not adequately protect against self-harm and worsen his mental illness. | | | | | |
| **Velasquez, Michael [#173685] c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Fact. Mr. Velasquez may testify regarding the medical care he has received while in ADC custody and how he has been placed in substantial risk of significant harm. Specifically, Mr. Velasquez will testify regarding the delayed and inadequate care he has received for his HIV infection.  He will testify regarding receiving improper medical treatment by licensed practical nurses (LPNs), not receiving all of his medication needed to manage his HIV infection and other symptoms of AIDS including but not limited to skin rashes. | 1-2 hours | 4 hours | | | |
| **Wells, Charlotte[#25 1101] c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San** | Fact. Ms. Wells may testify regarding the medical and dental care that she received while in ADC custody and how she was placed in substantial risk of significant harm. This includes, for example, testimony that despite complaining of chest pain and having a history of hypertension, she was not referred to | 1-2 hours | 4 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|-----------------------------------------------------|-------|----------|
| **Francisco, CA 94104-1500** | a cardiologist until she suffered a cardiac event.  She may also testify that, after having a stent implanted due to an occluded artery, she waited almost five months to be seen by an outside cardiologist even though she repeatedly complained of chest pain and numbness.  Ms. Wells may also testify that she waited an unreasonably long time for dental care and refused offers to extract teeth that were later filled. | | | | | |

## C.   Mental Health

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|-----------------------------------------------------|-------|----------|
| **Brislan, Dustin** | Fact. Mr. Brislan may testify about the substantial risk of serious harm he faced as a person with serious mental illness confined in the isolation units in ADC.  This includes the fact that he did not receive adequate mental health treatment while housed in isolation | 1-2 hours | 6 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | and the fact that his conditions of confinement aggravated his mental illness and increased his suffering, resulting in multiple suicide attempts while housed in isolation. Mr. Brislan may testify that, despite his serious mental illness, he often experienced delays, disruptions, and abrupt changes to his psychotropic medications.  Mr. Brislan may also testify that mental health staff failed to provide him the therapeutic treatment he needed (and frequently requested).  Mr. Brislan will also testify to the conditions in the suicide watch cells, as well as the conditions he experienced in ADC's isolation units and the difficulties he experienced after being directly released from those isolation units to the community.  Finally, Mr. Brislan may explain that he often was given access to sharp objects that he could use to cut himself while on suicide watch. | | | | | |
| **Verduzco, Christina** | Fact. Ms. Verduzco may testify regarding the inadequate mental health care she has received while | 1-2 hours | 2 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | in ADC custody and how she was placed in substantial risk of significant harm.  This includes, for example, testimony that, despite being diagnosed with a serious mental illness, she has not been given a level of mental health programming that is appropriate for her condition.  In addition, she has been placed in "mental health" isolation on numerous occasions.  Ms. Verduzco also may testify about conditions of confinement at ADC.  For example, she may describe the conditions of confinement in isolation units, explain that she was sprayed with chemical agents multiple times when she was not a danger to others, and may testify that isolation units are not equipped to handle prisoners like Ms. Verduzco who have serious mental illnesses. | | | | | |
| **Rodriguez, Sonia** | Fact. Ms. Rodriguez may testify regarding the inadequate mental health care she received in ADC custody, as well as the conditions of confinement in isolation, and how she was exposed to a | 1-2 hours | 3 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | substantial risk of serious harm. For example, Ms. Rodriguez may testify that she has experienced multiple delays in receiving an inhaler.  Ms. Rodriguez may also testify regarding inadequate mental health care, including delays in receiving medications, lack of medications sufficient to resolve her mental health symptoms, changes of her medications resulting in severe and untreated side effects, and inadequate psychological treatment.  Ms. Rodriguez also may describe the conditions of confinement in isolation units, including the filthy conditions; the lack of social contact, supplies, and exercise; the constant illumination; the inadequate access to mental health staff ; and how those conditions combine to worsen her mental illness. | | | | | |
| **Smith, Jeremy** | Fact. Mr. Smith may testify regarding the inadequate mental health care he has received, as well as his conditions of confinement in isolation, and how that lack of | 1-2 hours | 3 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|--------------------------------------------------|-------|----------|
| | mental health care and inadequate conditions of confinement have exposed him to a substantial risk of serious harm.  This includes, for example, inadequate treatment of Mr. Smith's bipolar disorder.  ADC has failed to provide Mr. Smith with mental health medications, and at other times has stopped or delayed medication without proper evaluation by a psychiatrist and without proper documentation or informed consent.  Mr. Smith also has received medications that have resulted in severe side effects and has received inadequate monitoring regarding his medication and mental health needs.  Mr. Smith also may testify about the conditions of confinement in isolation, in particular extreme isolation and anxiety he experienced and the denial of exercise.  Mr. Smith also may explain that there is a general lack of quality and effective programming and mental health care available at ADC. | | | | | |
| **Gamez,** | Fact. Mr. Gamez may testify | 1-2 hours | 6 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| **Robert** | regarding the medical and mental health care he received while in ADC custody, and the conditions of confinement he experienced in the isolation units, resulting in a substantial risk of serious harm. These conditions include extreme isolation with minimal human contact and extremely limited out-of-cell time or programming; exercise that is regularly cancelled and not rescheduled and exercise areas that are too small to permit adequate exercise; and inadequate nutrition.  Mr. Gamez may also testify that he does not receive adequate mental health treatment while housed in isolation and that his conditions of confinement aggravate his mental illness and increase his suffering, resulting in sleeplessness, paranoia, and suicidal thoughts, among other symptoms.  He may also testify regarding ADC's failure to provide necessary medication and medical devices, and systemic problems in prescribing and providing psychotropic medications to mentally ill prisoners, including the | | | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| | inadequate and delayed monitoring of prisoners prescribed psychotropic medications and the risk of heat injury.  Mr. Gamez may also testify about the infrequency and inadequacy of mental health treatment and visits with mental health professionals. | | | | | |
| **Parsons, Victor** | Fact. Victor Parsons may be called to testify about how he has been placed at a substantial risk of serious harm.  This includes, for example, explaining that he has received inadequate mental health care for his ADHD and bipolar disorder, such as abrupt stopping and starting of medication and delays in appointments.  He also may testify that he is at a substantial risk of serious dental injury, as evidenced by four HNRs he filed in 2009 complaining that a temporary filling had fallen out and repeated failures to correct the problem.  Mr. Parsons also was incorrectly told that he would need to have a tooth pulled, but he refused and later received a filling. | 1-2 hours | 6 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **Wakeman, Melissa [ADC #271682]** | Fact. Ms. Wakeman may testify about the substantial risk of serious harm she faces as a person with serious mental illness confined in isolation at ASPC-Perryville, Lumley Special Management Area. This includes the fact that she is not receiving adequate mental health treatment while housed in isolation and the fact that her conditions of confinement aggravate her mental illness and increase her suffering, resulting in multiple self-harm attempts while housed in isolation.  She will also testify to the current conditions in the isolation units. | 1-2 hours | 2 hours | | | |
| **Chavez, Patricia [ADC #228178]** | Fact. Ms. Chavez may testify about the substantial risk of serious harm she faces as a person with serious mental illness confined in isolation at ASPC-Perrville, Lumley Special Management Area.  This includes the fact that she is not receiving adequate mental health treatment while housed in isolation and the fact that her conditions of confinement aggravate her mental illness and increase her suffering. | 1-2 hours | 2 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| | She will also testify to the current conditions in the isolation units, especially for women in protective segregation. | | | | | |
| **Velarde, Daniel [ADC #161285]** | Fact. Mr. Velarde may testify about the substantial risk of serious harm he faces in the isolation units in ADC.  This includes the fact that his mental health has deteriorated while he is housed in isolation even though he does not have a significant prior history of mental illness.  Mr. Velarde may testify about the conditions of confinement he currently experiences in ADC's isolation units. | 1-2 hours | 2 hours | | | |
| **Cain, Latonya [ADC #172377]** | Fact. Ms. Cain may testify about the substantial risk of serious harm she faces as a person with serious mental illness confined in isolation at ASPC-Perryville Lumley Special Management Area.  This includes the fact that she is not receiving adequate mental health treatment while housed in isolation and the fact that her conditions of confinement aggravate her mental | 1-2 hours | 2 hours | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
|  | illness and increase her suffering. She will also testify to current conditions in the isolation units. |  |  |  |  |  |

## D.    Isolation

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **Thomas, Jackie [#211267] c/o Caroline Mitchell, Esq. Jones Day 555 California St., 26th Floor San Francisco, CA 94104-1500** | Fact. Mr. Thomas may testify about the substantial risk of serious harm he faced as a person with serious mental illness confined in the isolation units in ADC as a prisoner classified as protective segregation.  This includes the fact that he did not receive adequate mental health treatment while housed in isolation and the fact that his conditions of confinement aggravated his mental illness and resulted in self-harm on multiple occasions while he was housed in isolation.  Mr. Thomas will also testify to the conditions in the suicide watch cells, as well | 1-2 hours | 4 hours |  |  |  |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|--------------------------------------------------|-------|----------|
| | as the conditions he experienced in ADC's isolation units. | | | | | |
| **McWilliams, Carson** | Fact. Plaintiffs deposed Carson McWilliams on September 27, 2013 and on July 1, 2014 regarding conditions of confinement at ADC, including DI 326.  Mr. McWilliams may be called to testify on issues related to the topics addressed in his deposition. | 1-2 hours | 16 (total time) | | | |

**E.**   **Dental**

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|--------------------------------------------------|-------|----------|
| **Hanstad, Brian (DDS)** | Fact. Dr. Hanstad may testify regarding the dental policies and practices in place at ADC facilities, including those related to HNRs, triage, dental assistants, and medical records.  Dr. Hanstad also may testify regarding routine and urgent wait times.  Finally, Dr. Hanstad may describe the level of dental care that | 1-2 hours | 6 hours (total time) | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| | s been provided at ADC facilities ring his tenure at ADC. | | | | | |

**F.**   **General**

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
| **Witnesses necessary to authenticate or to lay foundation for admissibility of documents (current or former witnesses of ADC, Corizon, or Wexford)** | Fact. Witnesses will testify that documents are authentic and/or provide foundation to admit certain documents, such as foundation showing that certain documents are admissions or fall within recognized exceptions to the hearsay rule.. <br><br> These witnesses are not yet named because the need for these witnesses will depend largely on stipulations to the authenticity and admissibility of certain documents. | | | | | |
| **Witnesses for whom Plaintiffs** | Fact. Defendants have objected to the admission of certain deposition designations, in whole or in part, | | | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|---|---|---|---|---|---|---|
| **have prepared deposition designations, which are included in the proposed pretrial order at Appendix 6.** | including filing a motion to strike 21 designations. Plaintiffs contend that Defendants' objections lack merit and thus generally did not list witnesses for whom Plaintiffs prepared deposition designations. In the event the Court excludes any deposition designations, Plaintiffs may call the same witnesses to testify on issues that were addressed in those witnesses' depositions. | | | | | |
| **Witnesses appearing on Defendants' witness list.** | Fact. | | | | | |
| **Any person who participated in creating and any person presenting at trial a Rule 1006 exhibit for Defendants.** | Fact. Defendants have not disclosed the person(s) who created Defendants' proposed Rule 1006 exhibits or the person(s) who will present those exhibits at trial. Plaintiffs reserve the right to examine any such person(s) and may seek leave of court to depose those persons or to take other related discovery before trial if a stipulation with Defendants cannot | | | | | |

| Name | Anticipated Testimony | Direct Exam Time | CX Exam Time | Witnesses Testifying to Same Content / Explanation | Sworn | Appeared |
|------|----------------------|------------------|--------------|---------------------------------------------------|-------|----------|
|      | be reached.          |                  |              |                                                   |       |          |