# APPENDIX

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0001 | | | | | | |
| 1-0002 | | X | | | | Relevance as to date of chart (Outdated) (FRE 402) |
| 1-0003 | | | | | ADC261342: NOK; ADC261343: NOK; ADC261348: Inmate name; ADC261349: Inmate name; ADC261351: Inmate name; ADC261353: PC; passim. | Incomplete (FRE 106)(this is only a portion of the institutional file);Relevance (FRE 402) the documents do not include the changes relating to DI 326. Further, Brislan has been dismissed as a named Plaintiff. |
| 1-0004 | | | | | ADC262297: STG; ADC262298: Inmate name; | Incomplete (FRE 106)(this is only a portion of the institutional file);Relevance (FRE 402) the documents do not include the changes relating to DI 326 |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC262299: ADD; ADC262306: Inmate name; HOU; passim. | |
| 1-0005 | | | | | ADC262372: STG; Inmate name; ADC262376: STG; Inmate name; HOU; ADC262381: PC; ADC262382: PC; passim. | Incomplete (FRE 106) (this is only a portion of the institutional file); Relevance (FRE 402) the documents do not include the changes relating to DI 326 |
| 1-0006 | | | | | ADC262391: CC; ADC262394: Inmate name; HOU; passim. | Incomplete (FRE 106)(this is only a portion of the institutional file);Relevance (FRE 402) the documents do not include the changes relating to DI 326 |
| 1-0007 | | | | | ADC262427: Inmate name; STG; ADC262428: STG; | Incomplete (FRE 106)(this is only a portion of the institutional file);Relevance (FRE 402) the documents do not include the changes relating to DI 326 |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC262429: PC; ADC262435: Inmate name; ADC262435: NOK; passim. | |
| 1-0008 | | | | SSN | ADC262454: PC; ADC262455: PC; ADC262456: CC; ADC262458: PC; ADC262459: PC; passim. | Incomplete (FRE 106)(this is only a portion of the institutional file);Relevance (FRE 402) the documents do not include the changes relating to DI 326 |
| 1-0009 | | | | | ADC262471: PC; ADC262475: CC; ADC262476: PC; passim. | Incomplete (FRE 106)(this is only a portion of the institutional file);Relevance (FRE 402) the documents do not include the changes relating to DI 326 |
| 1-0010 | | | | | ADC262520: Inmate name; ADC262521: | incomplete (FRE 106)(this is only a portion of the institutional file);Relevance (FRE 402) the documents do not include the changes relating to DI |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | Inmate name. | 326 |
| 1-0011 | | | | SSN | ADC363896: STG; ADC363896: KA; ADC363897: STG; ADC363898: KA; ADC363901: STG; passim. | |
| 1-0012 | | | | | ADC363973: STG; PC; ADC363977: STG; KA; ADC363980: HOU; CC; passim. | |
| 1-0013 | | | | SSN | ADC363992: CC; KA; HOU; ADC363993: PC; ADC363996: KA; | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC363997: Inmate name; ADC363997: KA; passim. | |
| 1-0014 | | | | | ADC364027: KA; HOU; Inmate name; ADC364028: KA; STG; ADC364029: STG; ADC364030: STG; ADC364030: STG; PC; ADC364036: NOK; passim. | |
| 1-0015 | | | | SSN | ADC364051: KA; PC; Inmate name; ADC364052: ADD; ADC364056: KA; | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC364058: CC; ADC364060: PS; passim. | |
| 1-0016 | | | | | ADC364072: CC; ADC364072: PC; ADC364073: CC; ADC364076: CC; ADC364077: PC; passim. | |
| 1-0017 | | | | | ADC364096: HOU. | |
| 1-0018 | | X | | | | Relevance as this a DRAFT report and old data (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0019 | | X | | | | Relevance as to old data (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0020 | | X | | | | Relevance as to old data (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0021 | | X | | | | MIL 4; Relevance as to old Manual (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0022 | | X | | | | MIL 4; Relevance as to old  Manual (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0023 | | | | | | MIL 4; Relevance as to old Manual  (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0024 | | | | | | MIL 4; Relevance as to old Manual (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0025 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0026 | | | | | | |
| 1-0027 | | | | | | Relevance as to old Manual (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0028 | | | | | | MIL 4; Relevance as to old Manual (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0029 | | | | | | MIL 4; Relevance as to old data (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0030 | | | | | | Relevance as to old Manual (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0031 | | | | | | |
| 1-0032 | | | | | | |
| 1-0033 | | | | | | |
| 1-0034 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0035 | | | | | | Relevance (FRE 402). The relevance of ADC's mail policies is limited to their availability to maximum custody inmates to interact with other individuals. |
| 1-0036 | | | | | | |
| 1-0037 | | | | | | |
| 1-0038 | | X | | | | |
| 1-0039 | | | | | | Relevance as this is a DRAFT document  and is not in effect  (FRE 402) ; prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0040 | | | | | | Relevance as to old Manual  (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0041 | | | | | | |
| 1-0042 | | | | | | Relevance and Incomplete because "restricted" sections are missing (FRE 106, 402 ); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0043 | | | | | | |
| 1-0044 | | | | | | Relevance as this is an old Order (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0045 | | | | | | Relevance as this is an old Order (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0046 | | | | | | Relevance as this is an old Order (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0047 | | | | | | |
| 1-0048 | | | | | | Incomplete as only portions of the Manual are included and not the updated version (FRE 106); Relevance as this is an old version of the Mental Health Technical Manual (FRE 402); prejudice (the document has been altered with underlines and other marks (FRE 403) (misleading, confusion of issues, waste of time); Hearsay (FRE 802) the exhibit contains the notes and email of Plaintiffs' expert Dr. Haney |
| 1-0049 | | | | | | |
| 1-0050 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0051 | | | | | | Relevance as this is an old Order (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0052 | | | | | | |
| 1-0053 | | | | | | |
| 1-0054 | | | | | | Relevance as to old data prior to privatization (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0055 | | | | | | Relevance as to dates of inspection of Eyman by Warden and inspection report concerns matters not at issue (April 2011 prior to privatization) (FRE 402) ; prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0056 | | | | | | |
| 1-0057 | | X | | | | |
| 1-0058 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0059 | | | | | | Relevance as to marriage policy (FRE 402) |
| 1-0060 | | | | | | This is a DUPLICATE of Plaintiffs" EX 1-0043. See objections asserted to Plaintiffs' EX 1-0043 |
| 1-0061 | | X | | | | Relevance (FRE 402)IT policies are not an issue in this lawsuit; ( FRE 403)(misleading, confusion of issues, waste of time) |
| 1-0062 | | X | | | | Relevance (FRE 402) legal mail and mail policies are not at issue in this lawsuit; ( FRE 403)(misleading, confusion of issues, waste of time) |
| 1-0063 | | | | | | |
| 1-0064 | | | | | | Relevance (FRE 402)strip search policy is not an issue in this lawsuit; ( FRE 403)(misleading, confusion of issues, waste of time) |
| 1-0065 | | X | | | | Relevance as to outdated Orders (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); |
| 1-0066 | | X | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0067 | | X | | | | Defendants object to each of Plaintiffs' Requests for Admissions and incorporate all objections stated therein. Further, Defendants object to Plaintiffs' definition of "isolation," which includes several different housing assignments, each with its own criteria for assignment, and inquires of Wexford practices which are irrelevant (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time);the answers we gave at the time were relevant only to that snapshot. Things have changed subsequently. There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994) |
| 1-0068 | | X | | | | Defendants object to each of Plaintiffs' Requests for Admissions and incorporate all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0069 | | X | X | | | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0070 | | X | | | | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0071 | | X | X | | | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402) .There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0072 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402).There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions."  Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0073 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections  stated therein; Relevance (402) . There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions."  Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0074 | | X | | | | Defendants object to each of Plaintiffs' RFP  and incorporates all objections  stated therein; Relevance (402) . There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions."  Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0075 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) .There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0076 | | X | X | | Pages 4-8: MT; HOU; pps. 9-15: HOU. | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402) . There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0077 | | X | | | | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402) . There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0078 | | X | X | | Pages 9-13: MT; HOU. | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0079 | | X | X | | Pages 3-9: MT; HOU. | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402) |
| 1-0080 | | X | X | | Pages 9-13: MT; HOU. | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402) |
| 1-0081 | | X | | | | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0082 | | X | X | | Pages 4-8: MT; HOU; pps. 9-15: HOU. | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0083 | | X | | | | Defendants object to each of Plaintiffs' Requests for Admissions and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0084 | | X | | | | Defendants object to each of Plaintiffs' Requests for Admissions and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0085 | | X | X | | Pages 3-11: MT; HOU. | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0086 | | X | | | | Defendants' disclosure statements are not relevant or admissible as substantive evidence (FRE 402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0087 | | X | | | | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402) . There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0088 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0089 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0090 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0091 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0092 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0093 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0094 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0095 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402).   There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions."  Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0096 | | X | | | | This exhibit is MISSING.  NO Document was provided. |
| 1-0097 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0098 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0099 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0100 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0101 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0102 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0103 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0104 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0105 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0106 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0107 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0108 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0109 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0110 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0111 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0112 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0113 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0114 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) |
| 1-0115 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) |
| 1-0116 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) |
| 1-0117 | | X | X | | Pages 8-16: HOU; Pages 20-23: HOU; Pages 25-32: HOU. | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0118 | | X | | | | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402) |
| 1-0119 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) |
| 1-0120 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0121 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0122 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) |
| 1-0123 | | X | | | | Defendants' disclosure statement is not relevant (FRE 402); improper designation of attachments (paper copy of a cd) ; prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0124 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0125 | | X | | | | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0126 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402). There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0127 | | X | | | | Defendants object to each of Plaintiffs' RFP and incorporates all objections stated therein; Relevance (402) |
| 1-0128 | | X | | | | Defendants' disclosure statement is not relevant (FRE 402); prejudice and cumulative (FRE 403) (misleading, confusion of issues, waste of time); prejudice and cumulative (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0129 | | X | | | | Defendants object to each of Plaintiffs' Requests for Admissions and incorporates all objections stated therein. Further, Defendants object to Plaintiffs' definition of "isolation," which includes several different housing assignments, each with its own criteria for assignment, and inquires of Wexford practices which are irrelevant (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of time);   There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions."  Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0130 | | X | | | | Defendants object to each of Plaintiffs' RFP  and incorporates all objections  stated therein; Relevance (402).  There is more current evidence and, in Eighth Amendment claims seeking future injunctive relief, the court must look to evidence of "current conditions."  Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) |
| 1-0131 | | X | | | | Defendants object to each of Plaintiffs' RFP  and incorporates all objections  stated therein; Relevance as there are no answers and this is duplicative of other Plaintiffs" exhibits (402);  prejudice and cumulative (FRE 403) (misleading, confusion of issues, waste of time) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0132 | | X | | | | defendants object to each of Plaintiffs' RFA and incorporates all objections stated therein; Relevance as this is duplicative of other Plaintiffs'' exhibits (402); prejudice and cumulative (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0133 | | X | | | | Hearsay (letter from Plaintiffs' counsel) (FRE 802); Relevance (402) plaintiffs' counsels' allegations are not relevant facts |
| 1-0134 | | | | | | Defendants' disclosure statement is not relevant (FRE 402); prejudice and cumulative (FRE 403) (misleading, confusion of issues, waste of time); |
| 1-0135 | | X | | | | Defendants object to each of Plaintiffs' Requests for Admissions and incorporates all objections stated therein. Further, Defendants object to Plaintiffs' definition of "isolation," which includes several different housing assignments, each with its own criteria for assignment, and inquires of Wexford practices which are irrelevant (FRE 402); This is duplicative of other Plaintiffs' Exhibits; prejudice (FRE 403) (misleading, confusion of issues, waste of time); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0136 | | X | | | Page 4-5: HOU | Defendants object to each of Plaintiffs' NUI and incorporates all objections stated therein; Relevance as this is duplicative of other Plaintiffs" exhibits (402); prejudice and cumulative (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0137 | | X | | | | Relevance as to date (FRE 402); Hearsay (FRE 802); Foundation as to authors (see deposition of Respicio p. 22-23<br>21 Q. BY MS. KENDRICK: Exhibit 412 is an email that<br>22 was produced to us with Bates number ADC116252 to 253.<br>23 Do you recognize the names Eric Hall or Julie Kellison?<br>24 A. I see a lot of grievances every day. Which<br>25 names?<br>        23<br>1 MR. STRUCK: Up at the top.<br>2 Q. BY MS. KENDRICK: The "to" and "from" list.<br>3 A. No.<br>(Respicio-Moriarty, Juliet, 22:21-23:3, Sept. 23, 2013) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0138 | | X | | | | Relevance as to private prison beds and other non lawsuit related budget issues (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); |
| 1-0139 | | X | | | | Hearsay (email from Vickie Bybee, Corizon (FRE 802); Relevance (FRE 402)( internal Corizon emails are not binding on ADC); prejudice (FRE 403) (misleading, confusion of issues, waste of time); |
| 1-0140 | | X | X | | | Hearsay (FRE 802); Relevance as to date as this email (March 5, 2013) as it concerns a snapshot of information from right at the time that Corizon was taking over the Contract Relevance (FRE 402) |
| 1-0141 | | X | | | | Relevance as to date as this report concerns a snapshot of information from over a year and a half ago and right at the time that Corizon was taking over the Contract (FRE 402) |
| 1-0142 | | X | | | | Hearsay and Relevance (FRE 402, 802 )( the email quotes from an unknown source making it impossible to verify; improper opinion 702 |
| 1-0143 | | X | | | | Relevance and Incomplete as no attachments to the email are included (FRE 106); Relevance as to date (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0144 | | X | | | | Relevance and Incomplete as no attachments to the email are included (FRE 106); Relevance as to date and as to topics not involved in the lawsuit (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); Hearsay as to emails by Wexford personnel (FRE 802) |
| 1-0145 | | X | | | | Incomplete as no attachments to the email are included (FRE 106); Relevance as to date (August 2012) (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0146 | | X | | | | Hearsay within hearsay (FRE 801,802,805); lack of personal knowledge (FRE 602); Relevance (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0147 | | X | | | | Prejudicial (highlighting of document)(FRE 403); Relevance as to date (July 2012) (FRE 402): Hearsay (FRE 802, 805) |
| 1-0148 | | X | | | | Relevance and Incomplete as no attachments to the email are included and makes the email difficult to understand and out of context (FRE 106); (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0149 | | X | | | | Relevance and Incomplete as no attachments to the email are included (FRE 106, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | time); Hearsay as to Corizon emails(FRE 802, 805) |
| 1-0150 | | X | | | | Relevance and Incomplete as no attachments to the email are included (FRE 106, 402); Hearsay within hearsay (FRE 801,802,805); lack of personal knowledge (FRE 602); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0151 | | X | | | | Relevance and Incomplete as no attachments to the email are included (FRE 106, 402 ); Hearsay within hearsay (FRE 801,802,805); lack of personal knowledge (FRE 602); prejudice and cumulative of Ex 1-150 (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0152 | | X | | | | Relevance (FRE 402) food service by Trinity contractor is not at issue in this lawsuit. Moreover, a one-time incident involving portion sizes does not make it more probable than not that Defendants are deliberately indifferent. |
| 1-0153 | | X | | | | Relevance (FRE 402)( information about when Corizon personnel are in the office is not relevant and occasional difficulty obtaining information for MGAR reports does not make it more probable than not that Defendants are deliberately indifferent ). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0154 | | X | | | | Hearsay by Corizon employee (FRE 802); Relevance as to Corizon employee's statements about access to data (FRE 402) ; lack of personal knowledge (FRE 602) |
| 1-0155 | | X | | | | Relevance and Incomplete as no attachments to the email are included so no way to understand email without the email attachment (FRE 106, 402); prejudicial (FRE 403) |
| 1-0156 | | X | | | | Hearsay as to emails by Corizon personnel (FRE 802); relevance (FRE 402)(internal Corizon emails are not binding on ADC) ; lack of personal knowledge (FRE 602) |
| 1-0157 | | X | | | | Hearsay as to emails from an out of state unknown person (Angela Wolf, Governmental Affairs Consultant from a "253" area code )(FRE 801,802, 805): lack of personal knowledge and foundation (602); Relevance (FRE 402); prejudice (FRE 403) |
| 1-0158 | | X | | | | Relevance and Incomplete as no attachments to the email are included (FRE 106, 402 ); lack of personal knowledge and foundation (602); prejudice (FRE 403) |
| 1-0159 | | X | | | | Author unknown hearsay (FRE 802); Relevance (FRE 402) unknown author's summary of data is incapable of verifying; prejudice (FRE 403); improper opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0160 | | X | | | | Hearsay on hearsay, newspaper article, email from Pima County Economic Development and Tourism Coordinator, (FRE 801,802, 805); |
| 1-0161 | | X | | | | Hearsay (FRE 802); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402) |
| 1-0162 | | X | | | | Hearsay (Email and documents from outside vendor) (FRE 802); Relevance (vendor seeking help with payment from Corizon is irrelevant and does not make it more probable than not that Defendants were deliberately indifferent) (FRE 402) |
| 1-0163 | | X | | | | Hearsay (FRE 802)(reports submitted by Corizon employee) |
| 1-0164 | | X | | | | Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This email contains hearsay and/or hearsay within hearsay. It is also an incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 1-0165 | | X | | | | Hearsay (FRE 802); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402) |
| 1-0166 | | X | | | | Relevance as to the revisions as they do not say how the numbers were revised (up or down) and lack context (FRE 402) |
| 1-0167 | | X | | | | Relevance and Incomplete as to spreadsheets referred to in emails are not attached for context (FRE 402 ,106) |
| 1-0168 | | X | | | | Hearsay (FRE 802); Relevance as to the date (12/30/20098) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant , opinion regarding federal law requirements without foundation or knowledge (Wexford's internal email do not make it more probable than not that Defendants were deliberately |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0169 | | X | | | | Hearsay (FRE 802); Relevance as to the date (19/9/2009) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0170 | | X | | | | Hearsay (FRE 802); Relevance as to the date (6/23/2009) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0171 | | X | | | | Hearsay (FRE 802); Relevance as to the date (6/22/2009) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant (Wexford's internal email do not make it more probable than not that Defendants were |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0172 | | X | | | | Hearsay (FRE 802); Relevance as to the date (5/14/2009) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0173 | | X | | | | Hearsay (FRE 802); Relevance as to the date (12/24/2008) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0174 | | | | | | Hearsay (FRE 802); Relevance as to the date (5/13/2009) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 403); improper opinion (FRE 702) |
| 1-0175 | | X | | | | Hearsay (FRE 802); Relevance as to the date (4/8/2009) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0176 | | X | | | | Hearsay (FRE 802); Relevance as to the date (2/5/2009) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0177 | | X | | | | Hearsay (FRE 802); Relevance as to the date (12/24/2008) as it prior to privatization and beyond the statute of limitations and so long ago to be irrelevant (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 403); improper opinion (FRE 702) |
| 1-0178 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0179 | | | X | | | Hearsay (FRE 802); Lack of foundation, no personal knowledge (FRE 602); Relevance . This is an email from defense counsel to Plaintiffs' counsel regarding the medical treatment of some of the named Plaintiffs, including dismissed Plaintiff Brisling. The contents are irrelevant and created for litigation (FRE 402); prejudice (FRE 403); (FRE 408), statements made by counsel during discussion of a claim are not admissible. |
| 1-0180 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0181 | | X | | | | Hearsay (FRE 802); Relevance ( Wexford's employee's internal email are not binding on ADC and do not make it more probable than not that Defendants were deliberately indifferent (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0182 | | X | | | WEXFORD00 0140: Staff; | Hearsay (FRE 802); lack of foundation, no personal knowledge (FRE 602); Relevance (Wexford's internal email are not binding on ADC and do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403) ; improper opinion (FRE 702) |
| 1-0183 | | X | | | | Hearsay (FRE 802); Relevance (Wexford's internal email are not binding on ADC and do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403) |
| 1-0184 | | X | | | | Hearsay (FRE 802); Relevance (Wexford's internal email are not binding on ADC and do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403) |
| 1-0185 | | X | | | | Hearsay (FRE 802)Relevance (Wexford's internal email are not binding on ADC and do not make it more probable than not that Defendants were |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | deliberately indifferent) (FRE 402); prejudice (FRE 403) |
| 1-0186 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0187 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0188 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |
| 1-0189 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403); improper opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0190 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email are not binding on ADC and do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403) |
| 1-0191 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403) |
| 1-0192 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403) |
| 1-0193 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403) improper opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0194 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403) ; improper opinion (FRE 702) |
| 1-0195 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email are not binding on ADC and do not make it more  probable than not that Defendants were deliberately indifferent) (FRE 402); prejudice (FRE 403) ; improper opinion (FRE 702) |
| 1-0196 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email are not binding on ADC and do not make it more  probable than not that Defendants were deliberately indifferent) (FRE 402); improper opinion (FRE 702) |
| 1-0197 | | X | | | | Incomplete (attachments referenced in email are not included (FRE 106); Hearsay (FRE 802): Relevance (Wexford's internal email do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402);  improper opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0198 | | X | | | | Hearsay within hearsay (FRE 802, 805); Relevance (Wexford's internal email are not binding on ADC and do not make it more probable than not that Defendants were deliberately indifferent) (FRE 402); improper opinion (FRE 702) |
| 1-0199 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0200 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | form whether it is the most recent form or during what time period it was used. |
| 1-0201 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0202 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0203 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0204 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0205 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0206 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0207 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0208 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0209 | | X | | | | Relevance (FRE 402) (This is not the current form) |
| 1-0210 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0211 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0212 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0213 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0214 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0215 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0216 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0217 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0218 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0219 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0220 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0221 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0222 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0223 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0224 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0225 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0226 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0227 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0228 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0229 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0230 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0231 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0232 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0233 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0234 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0235 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0236 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0237 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0238 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0239 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0240 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0241 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0242 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0243 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0244 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0245 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0246 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0247 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0248 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0249 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0250 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0251 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0252 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0253 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0254 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0255 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0256 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0257 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0258 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0259 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0260 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0261 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent.  Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0262 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation.  Defendants objection on the grounds of relevance because the blank form fails to make it more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants also object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 1-0263 | | | | | ADC021248: HOU; | Hearsay (FRE 802); relevance as to date of grievance (2010) and subject of grievance does not pertain to lawsuit(FRE 402) Incomplete  and no |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | response is provided (FRE 106); improper opinion (FRE 702) |
| 1-0264 | | X | X | | | Confusing (FRE 403) |
| 1-0265 | | X | X | | | Relevance as to dates of grievances from Jan 2011 (FRE 402): prejudice (FRE 403) |
| 1-0266 | | X | X | | | Relevance as to dates of grievances from Jan 2011 (FRE 402): prejudice (FRE 403) |
| 1-0267 | | | | | | Relevance as to dates of grievance appeals from Jan 2011 (FRE 402): prejudice (FRE 403) |
| 1-0268 | | X | | | | Relevance as to dates of grievance appeals from Jan 2011  (FRE 402): prejudice  (FRE 403) |
| 1-0269 | | | X | | | Hearsay   (FRE 802); Relevance (FRE 402)(incomplete data re grievances as it is only for July  and the information does not make it more probable than not that Defendants were deliberately indifferent); FRE 403 |
| 1-0270 | | | | | | Hearsay   (FRE 802); Relevance (FRE 402) (the spreadsheet does not make it more probable than not that Defendants were deliberately indifferent). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0271 | | | X | | | Hearsay (FRE 802); Relevance (FRE 402)(the spreadsheet does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0272 | | | | | | Hearsay (FRE 802); Relevance (FRE 402)(the spreadsheet does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0273 | | | X | | | Hearsay (FRE 802); Relevance (FRE 402)(the spreadsheet does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0274 | | | | | | Hearsay (FRE 802); Relevance (FRE 402)(the spreadsheet does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0275 | | | X | | | Hearsay (FRE 802); Relevance (FRE 402)(the spreadsheet does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0276 | | | X | | | Hearsay (FRE 802); Relevance (FRE 402)(the spreadsheet does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0277 | | | X | | | Hearsay (FRE 802); Relevance (FRE 402)(the spreadsheet does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0278 | | | | | | Hearsay (FRE 802); Relevance (FRE 402)(the spreadsheet does not make it more probable than not that Defendants were deliberately indifferent ). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0279 | | | | | | Hearsay (FRE 802); Relevance (FRE 402)(incomplete data re grievances as it is only through May 2013 and information does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0280 | | | X | | | Hearsay (FRE 802); Relevance (FRE 402)(incomplete data re grievances as it is only through June 2013 and information does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0281 | | | X | | | Hearsay (FRE 802); Relevance (FRE 402)(incomplete data re grievances as it is only for September 2013 and information does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0282 | | | | | | Hearsay (FRE 802); Relevance (FRE 402)(incomplete data re grievances as it is only through September 2013 and information does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0283 | | | X | | | Hearsay (FRE 802); Relevance (FRE 402)(cumulative of Ex 1-0282, incomplete data re grievances as it is only for September 2013 and information does not make it more probable than not that Defendants were deliberately indifferent); FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 403 |
| 1-0284 | | | | | | Hearsay (FRE 802); Relevance (FRE 402)(incomplete data re grievances as it is only through October 2013 and information does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0285 | | | | | | Hearsay (FRE 802); Relevance (FRE 402)(incomplete data re grievances as it is only through October 2013 and information does not make it more probable than not that Defendants were deliberately indifferent). |
| 1-0286 | | | X | | | Hearsay (Corizon document) (FRE 802); Relevance incomplete data and information does not make it more probable than not that Defendants were deliberately indifferent).(FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0287 | | | X | | | Hearsay (Corizon document) (FRE 802); Relevance incomplete data and information does not make it more probable than not that Defendants were deliberately indifferent).(FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0288 | | | X | | | hearsay (Corizon document) (FRE 802); Relevance incomplete data and information does not make it more probable than not that Defendants were deliberately indifferent).(FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0289 | | | | | ADC263629: HOU; | Incomplete (does not include the full grievance) (FRE 106);relevance (because inmate grievance not included the response is entirely out of context, grievance pertains to matters prior to the date of the Complaint (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0290 | | | X | | ADC263645: HOU; ADC263646: HOU; | Hearsay (FRE 801,802); lack of foundation as to inmate's allegations of being denied proper nourishment (FRE 602); relevance as to inmates' claims being without medical basis (FRE 402); improper opinion (FRE 702) |
| 1-0291 | | | X | | ADC263673: HOU; | Incomplete (does not include the full grievance) (FRE 106);relevance because out of context with grievance (FRE 402); prejudice (FRE 403) |
| 1-0292 | | X | | | | Hearsay (FRE 802); Relevance (FRE 402)(incomplete data re grievances as it is only through October 2013 and information does not make it more probable than not that Defendants were deliberately indifferent). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0293 | | | X | | PLTF-PARSONS-030745: HOU; PLTF-PARSONS-030746: HOU; PLTF-PARSONS-030751: HOU; PLTF-PARSONS-030752: HOU; PLTF-PARSONS-030753: HOU; passim. | Portions of this document are illegible (objections reserved); hearsay (FRE 802);  relevance as to medical record attached  (FRE 402) |
| 1-0294 | | | | | PLTF-PARSONS-030781: HOU; PLTF-PARSONS-030782: HOU; PLTF-PARSONS-030783: HOU; PLTF- | Hearsay (FRE 801,802); relevance and lack of foundation as to inmate's allegations  of constitutional violations and systemic deficiencies (FRE 402 and 602); improper opinion (FRE 702 |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | PARSONS-030784: HOU; | |
| 1-0295 | | | | | ADC023562: HOU; ADC023564: HOU; ADC023565: HOU; ADC023566: HOU; ADC023567: HOU; passim. | Hearsay (FRE 801,802); Incomplete (FRE 106);relevance (refers to grievances regarding matters not at issue in the lawsuit and predating the statute of limitations (FRE 402) |
| 1-0296 | | | | | ADC0199147: HOU; ADC199149: HOU; ADC199150: HOU; ADC199151: HOU; ADC199152: HOU; passim. | Hearsay (FRE 801,802); relevance as to content and dates including documents for times which predate privatization , the Statute of limitations and the filing of the Complaint,  Further, Brisling  is no longer a Plaintiff and his claims are irrelevant) (FRE 402) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0297 | | | | | ADC199391: HOU; ADC199392: HOU; ADC199393: HOU; ADC199397: HOU; ADC199402: HOU; passim. | Hearsay (FRE 801,802); relevance (FRE 402)relevance (refers to grievances regarding matters not at issue in the lawsuit and predating the statute of limitations ) |
| 1-0298 | | | | | ADC200032: HOU; ADC200033: HOU; ADC200034: HOU; ADC200035: HOU; ADC200036: HOU; passim. | Hearsay (FRE 801,802); relevance (FRE 402)(Inmate's grievances refer to matters not at issue in the lawsuit) Improper opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0299 | | X | | | ADC091830: Inmate Name; ADC091831: Inmate Name; ADC091832: Inmate Name; ADC091833: Inmate Name; ADC091834: Inmate Name; passim. | Relevance (FRE 402)(disciplinary action file for Browning unit from Feb to May 2013 doesn't not make it more probable that Defendants were deliberately indifferent). |
| 1-0300 | | X | | | ADC091878: Inmate Name; ADC091879: Inmate Name; ADC091880: Inmate Name; ADC091881: Inmate Name; ADC091882: Inmate Name; passim | Relevance (FRE 402)(disciplinary action file for Kasson unit from Feb to May 2013 does not make it more probable that Defendants were deliberately indifferent). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0301 | | X | | | ADC091904: Inmate Name; ADC091905: Inmate Name; ADC091906: Inmate Name; ADC091907: Inmate Name; ADC091908: Inmate Name; passim. | Relevance (FRE 402)(disciplinary action file for Lumley unit from Feb to May 2013 does not make it more probable that Defendants were deliberately indifferent). |
| 1-0302 | | X | | | ADC115975: HOU; | Prejudice (FRE 403) (misleading, confusion of issues, waste of time); Relevance and Incomplete ( inmate letter not included) (FRE 106); Relevance (FRE 402) (there is no context for the response) |
| 1-0303 | | X | | | ADC116132: HOU; | Prejudice (FRE 403) (misleading, confusion of issues, waste of time); Relevance and Incomplete ( inmate letter not included) (FRE 106); Relevance (FRE 402) |
| 1-0304 | | | X | | ADC263642: HOU; | Prejudice (FRE 403) (misleading, confusion of issues, waste of time); Relevance and Incomplete ( inmate letter not included) (FRE 106); Relevance (FRE 402) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0305 | | X | | | Page 1:HOU; | Prejudice (FRE 403) (misleading, confusion of issues, waste of time); Relevance and Incomplete ( inmate letter not included) (FRE 106); Relevance (FRE 402) |
| 1-0306 | | X | | | Page 1:HOU; | Prejudice (FRE 403) (misleading, confusion of issues, waste of time); Relevance and Incomplete ( inmate letter not included) (FRE 106); Relevance (FRE 402) |
| 1-0307 | | X | | | PLTF-PARSONS-014014: HOU; | Prejudice (FRE 403) (misleading, confusion of issues, waste of time); Incomplete ( inmate letter not included) (FRE 106); Relevance (FRE 402) |
| 1-0308 | | X | X | | ADC122595: HOU; | Prejudice (highlighting) (FRE 403) (misleading, confusion of issues, waste of time); Relevance and Incomplete ( inmate letter not included) (FRE 106); Relevance (FRE 402) |
| 1-0309 | | X | | | | Relevance as to old budget data (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0310 | | X | | | | Relevance as to old budget data (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0311 | | X | | | | Relevance as to date and this organizational chart is dated 6/12 and is no longer up to date (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0312 | | | | | | Relevance as these minutes are from October 23, 2012 and pertain to Wexford's time (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0313 | | | | | | Relevance as these minutes pertain to 2012 during Wexford's time(FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0314 | | | | | | Relevance as to date as these minutes pertain to Wexford's time (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0315 | | | | | | Relevance as to date as these minutes pertain to Wexford's time (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0316 | | | | | | Relevance as to date as these minutes pertain to Wexford's time (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0317 | | | | | | Relevance as to date as these minutes pertain to Wexford's time (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0318 | | | | | | Relevance as to date as these minutes pertain to Wexford's time (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0319 | | | | | | Relevance as to date as these minutes pertain to Wexford's time (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0320 | | | | | | Relevance as to date as these minutes pertain to Wexford's time (FRE 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time) |
| 1-0321 | | X | | | | Objection: Incomplete (FRE 106); The proposed exhibit contains redactions that may or may not be relevant to the exhibit. |
| 1-0322 | | X | | | | Objection: Incomplete (FRE 106); The proposed exhibit contains redactions that may or may not be relevant to the exhibit. |
| 1-0323 | | X | | | | Objection: Incomplete (FRE 106); summary to prove content (FRE 1006); foundation; prejudice/misleading (FRE 403). This exhibit does not indicate when the named inmates were actually seen. The summary portion also lacks reference to underlying data making verification impossible. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0324 | | X | | | | |
| 1-0325 | | X | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); foundation; authenticity (FRE 901). This is an outdated organizational chart and does not reflect the Bureau's organization throughout the entire relevant time period or the most current organization structure. It also does not include a bates number indicating that it was exchanged during discovery. There is also a handwritten notation made on the chart (Marlena Bedoya) and it appears that a name was penciled in (Terry Dinardo). |
| 1-0326 | | | | | ADC127424: (Inmate) | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record file is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0327 | | | | | ADC127436 and ADC127437: Inmate | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire |

1-95

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevant file. |
| 1-0328 | | | X | SSN | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0329 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0330 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. Brislan's records are no longer relevant because he has been dismissed as a named Plaintiff. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0331 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0332 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0333 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | within hearsay, and relies on information provided by individuals who are not listed as trial witnesses. |
| 1-0334 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. It also includes allegations about staff misconduct with an inmate that is not only irrelevant to this lawsuit but is also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unduly prejudicial. This master record file is also incomplete, as it does not reflect the inmates' entire master record file, and some pages are illegible. The information contained therein also includes hearsay within hearsay, improper expert testimony, and relies on information provided by and concerning individuals who are not listed as trial witnesses |
| 1-0335 | | | | | ADC018908: Inmate | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0336 | | | | EIN | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevant file. |
| 1-0337 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0338 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0339 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0340 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0341 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |
| 1-0342 | | | | EIN | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. Brislan's records are no longer relevant because he has been dismissed as a named Plaintiff. |
| 1-0343 | | X | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); incomplete (FRE 106). This master record fil is incomplete and is therefore misleading and prejudicial. Defendants have listed the entire relevant file. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0344 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0345 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0346 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0347 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0348 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0349 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0350 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0351 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0352 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning  individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0353 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0354 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0355 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0356 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0357 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0358 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0359 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0360 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0361 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0362 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. This exhibit is also 178 pages and should be broken up. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0363 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0364 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0365 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0366 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0367 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0368 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0369 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0370 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0371 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0372 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0373 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0374 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0375 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0376 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0377 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file, and it includes heavy redactions. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0378 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0379 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0380 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0381 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation. It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |
| 1-0382 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0383 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0384 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the statute of limitation (April 1, 2014). It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0385 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0386 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0387 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0388 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0389 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0390 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0391 | | | | EIN | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0392 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0393 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0394 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0395 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0396 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0397 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0398 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file, and nearly every page is blank. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0399 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |
| 1-0400 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record is entirely irrelevant to any of Plaintiffs' claims. It also contains hearsay, and relies on information provided by and concerning individuals who are not listed as |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | trial witnesses. |
| 1-0401 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0402 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0403 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0404 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0405 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0406 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the court-ordered time period (April 1, 2014). It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0407 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0408 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0409 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the court-ordered cut-off period (April 1, 2014). It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0410 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0411 | | | | EIN | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0412 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the court-ordered cut-off date (April 1, 2014). It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0413 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0414 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0415 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0416 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0417 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0418 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0419 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0420 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0421 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0422 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file and it is illegible. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. This exhibit is also 206 pages and should be broken up. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0423 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0424 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0425 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0426 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses.. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0427 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0428 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0429 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0430 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0431 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0432 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0433 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0434 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0435 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0436 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0437 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0438 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0439 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0440 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0441 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0442 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0443 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0444 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0445 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0446 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0447 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |
| 1-0448 | | | | | | Objection: Exhibit not provided. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0449 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0450 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0451 | | | | | Inmate name | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0452 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0453 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0454 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0455 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0456 | | | X | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, improper expert testimony, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0457 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, improper expert testimony, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0458 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that falls outside the court-ordered cut-off date (April 1, 2014). It also includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0459 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file, and one page is illegible. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0460 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0461 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0462 | | | X | SSN | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, improper expert testimony, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0463 | | | X | | | Objection: Relevance (FRE 401, 402); prejudice/misleading/confuse the issues (Rule 403); hearsay without an exception (FRE 801, 802, 805); incomplete (FRE 106); improper lay testimony (FRE 701); personal knowledge (FRE 602); foundation; MIL No. 2. This master record file includes information that fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint, as it addresses items not alleged or certified by the Court. This master record file is also incomplete, as it does not reflect the inmates' entire master record file. The information contained therein also includes hearsay within hearsay, and relies on information provided by and concerning individuals who are not listed as trial witnesses. |
| 1-0464 | | | | | | |
| 1-0465 | | X | X | | | Objection: Relevance (401, 402). This exhibit fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0466 | | X | X | | | Objection: Relevance (401, 402). This exhibit fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint. |
| 1-0467 | | X | X | | | Objection: Relevance (401, 402). This exhibit fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint. |
| 1-0468 | | X | X | | | Objection: Relevance (401, 402). This exhibit fails to make it more probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or conditions of confinement, as alleged in Plaintiffs' complaint. |
| 1-0469 | | | | | | |
| 1-0470 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0471 | | X | | | | Objection: Relevance (FRE 401, 402). Individual monthly wait time reports only provide a snapshot for that time period and are not reflective of trends or the provision of healthcare as a whole. These reports are also outdated and occurred during Wexford first few months of operation. Defendants have provided a summary of more current wait time reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0472 | | X | | | 1-221 | Objection: Incomplete (FRE 106); prejudice/misleading (FRE 403).  Plaintiffs provide reports for only certain months. Defendants have provided a summary of more complete reports in a Rule 1006 Summary exhibit. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0473 | | X | | | | |
| 1-0474 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading (FRE 403) |
| 1-0475 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading (FRE 403) |
| 1-0476 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading (FRE 403) |
| 1-0477 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading (FRE 403) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0478 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading (FRE 403) |
| 1-0479 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading (FRE 403) |
| 1-0480 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading (FRE 403) |
| 1-0481 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0482 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of unknown locations without context. They are also duplicate photographs of other trial exhibits. |
| 1-0483 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of unknown locations without context. They are also duplicate photographs of other trial exhibits. |
| 1-0484 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | enclosures, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. |
| 1-0485 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. |
| 1-0486 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. They are also duplicate photographs of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | other trial exhibits. |
| 1-0487 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. |
| 1-0488 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0489 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, recreation yards, and other unknown locations without context. |
| 1-0490 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. And some photographs are of such poor quality that you cannot ascertain what it is supposed to be. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0491 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, recreation yards, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. And some photographs are of such poor quality that you cannot ascertain what it is supposed to be. |
| 1-0492 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. And some photographs are of such poor quality that you cannot ascertain what it is supposed to be. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0493 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. And some photographs are of such poor quality that you cannot ascertain what it is supposed to be. |
| 1-0494 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of recreation enclosures and other unknown locations without context. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0495 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, and other unknown locations without context. Some photographs are also irrelevant to Plaintiffs' claims because they depict spaces that have nothing to do with Plaintiffs' conditions of confinement or the provision of healthcare. |
| 1-0496 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. And some photographs are of such poor quality that you cannot ascertain what it is supposed to be. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0497 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. |
| 1-0498 | | | | | | Objection: Incomplete (FRE 106); Relevance (FRE 401, 402); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. They are also duplicate photographs of other trial exhibits. Some photographs are also irrelevant to Plaintiffs' claims because they depict spaces that have nothing to do with Plaintiffs' conditions of confinement or the provision of healthcare. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0499 | | | | | | Objection: Incomplete (FRE 106); Relevance (FRE 401, 402); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, recreation yards, and other unknown locations without context. Some photographs are also irrelevant to Plaintiffs' claims because they depict spaces that have nothing to do with Plaintiffs' conditions of confinement or the provision of healthcare. |
| 1-0500 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, and other unknown locations without context. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0501 | | | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, recreation yards, and other unknown locations without context. |
| 1-0502 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice/misleading/confusion of issues/cumulative (FRE 403). These photographs are not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities, and instead show only portions and certain angles of cells, housing units, recreation enclosures, recreation yards, and other items and unknown locations without context. Some photographs are also irrelevant to Plaintiffs' claims because they depict spaces that have nothing to do with Plaintiffs' conditions of confinement or the provision of healthcare. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0503 | | X | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403); foundation; authenticity (FRE 901). This photograph is not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities. The photograph is also difficult to read. More importantly, the source of the photograph is uncertain and cannot be established or verified, and/or generated by a person not disclosed as a witness in this case. |
| 1-0504 | | X | | | | Objection: Incomplete (FRE 106); prejudice/misleading/confusion of issues/cumulative (FRE 403); foundation; authenticity (FRE 901). This photograph is not fully representative of, and/or do not accurately depict, the ADC facility it purports to represent, or all ADC facilities. The photograph is also difficult to read. More importantly, the source of the photograph is uncertain and cannot be established or verified, and/or generated by a person not disclosed as a witness in this case. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0505 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 402); misleading/confusion of issues/prejudice (FRE 403). Defendants object on grounds of relevance because a food services policy does not make it more or less probably that care provided to inmates was deliberately indifferent. Defendants note that this document does not include every material provision relating to ADC's food services, as there are additional and more current menus and provisions available. |
| 1-0506 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to inmate health services for special needs inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0507 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to inmate health services for returning inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0508 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to inmate health services for transferring inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0509 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities for psychology associates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0510 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). This is not the complete post order it purports to be, and there are many additional requirements that may pertain to suicidal and mental health watch. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0511 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to suicide watch cells. The effective date of this document is also prior to the applicable statute of limitations and there may be more current |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | requirements. |
| 1-0512 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that pertain to health and welfare visits of SMI/suicide watch inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0513 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional documents that pertain to continuity of care for inmates placed in mental health observation. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0514 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health procedures. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0515 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to intake procedures for male inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0516 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that pertain to transfer of medical orders between health facilities. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0517 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403). There are many additional requirements that may pertain to continuity of care for transferring inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Florence, not ASPC-Perryville. And the first page is illegible. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0518 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to use of restraint devices for medical purposes. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0519 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to discharge/transfer of inmate medical records. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0520 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to the arrival/admission process for Alhambra behavioral health treatment facility. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0521 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to health services for departing Alhambra inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0522 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to admission and maintenance of medical records. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0523 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to medical record availability for mental health staff. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0524 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to medical record protocols for inmate movement. There may also be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0525 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to court ordered treatment and evaluation process. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0526 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to medical records charting. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0527 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to intake processing of new admissions. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0528 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to use of health needs request forms. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0529 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to 14-day mental health assessment. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0530 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to clinical supervision of behavioral health technicians and behavioral health paraprofessionals. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0531 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to assessment and treatment planning at Alhambra. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0532 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health teleconferences. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0533 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to Clozapine therapy. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0534 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to Lamictal medication protocol. There may also be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0535 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to principles and procedures for restraints. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0536 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to psychiatric nursing protocols. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0537 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to psychiatric nurse medical record charting. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |
| 1-0538 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to psychiatric and medical nurse medical record charting for segregated inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. This is also a post order for ASPC-Phoenix, not ASPC-Perryville. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0539 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to health care personnel staffing requirements. There may also be more current requirements in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0540 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); authenticity (FRE 901). There are many additional requirements that may pertain to dental assistant triage procedures. There may also be more current requirements. The document has also been altered, as it has a deposition exhibit stamp on it. |
| 1-0541 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to transfer of medical information at time of transfer. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0542 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to suicide and mental health watch orders. There may also be more current requirements, particularly in light of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0543 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities and duties of psychologist associates. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0544 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities and duties of psychologist II. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0545 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to evaluation and care of mentally disoreed inmates. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | after the effective date of this post order. |
| 1-0546 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to health and welfare visits of SMI/suicide watch inmates. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0547 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to health and welfare visits of precautionary watch or mental health inmates. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0548 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to coordination of movement of mental health inmates. There may also be more current requirements, particularly in light of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0549 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities and duties of Rincon housing unit 9 psychologist II. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0550 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities and duties of Tucson psychiatric registered nurse II. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0551 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health watch double-bunking. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | after the effective date of this post order. |
| 1-0552 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to access to health care by inmates while on lock down status. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0553 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to continuity of care for transferred inmates. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0554 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to intake procedures for male inmates. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | after the effective date of this post order. |
| 1-0555 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to reception procedures for young adults. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0556 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to unit/shift responsibilities in sheltered housing units. There may also be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0557 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to documentation of healthcare encounters. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0558 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to transfer of medical information during inmate transfers. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0559 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to healthcare personnel requirements. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements, particularly in light of the privatization of ADC healthcare, which occurred after the effective date of this post order. |
| 1-0560 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to refusal to accept treatment. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0561 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to inmate health assessments. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0562 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to continuity of care/medication continuation. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0563 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health emergencies. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0564 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health SMI designation. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0565 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to nursing assessment for history & physicals. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0566 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to watch swallow for psychiatric medication. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0567 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to panic value lab reports. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0568 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to health needs request. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0569 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to medical treatment refusals. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0570 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to protective segregation administrative detention. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0571 | | | | | | Objection: there is no corresponding exhibit and therefore it was not timely provided. |
| 1-0572 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to procedures for inmates received from A.R.T.C. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0573 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to detention status. The effective date of this document is also prior to the applicable |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | statute of limitations and there may be more current requirements. |
| 1-0574 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to health assessments. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0575 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health emergencies. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0576 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to release planning for inmates with mental health scores of 3 or above. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0577 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to discharge medication. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0578 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to healthcare liaisons. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0579 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). This document does not comprise the entire post order, and there are many additional requirements that may pertain to transfer of medical orders between health facilities. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0580 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to documentation of healthcare encounters. The effective date of this document is also prior to the applicable statute of limitations and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | there may be more current requirements. |
| 1-0581 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402) prejudice (403). The first page of this document is illegible. Assuming it is Post Order-07-125, there are many additional requirements that may pertain to detention checks. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0582 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to IPC admissions. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0583 | | | | | | Objection: there is no corresponding exhibit and therefore it was not timely provided. Incomplete (FRE 106), relevance (FRE 401, 402). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0584 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to intake nurse procedures. There may also be more current requirements, particularly in light of the privatization of healthcare at ADC after the effective date of this post order. |
| 1-0585 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to inmate access to health care. There may also be more current requirements, particularly in light of the privatization of healthcare at ADC after the effective date of this post order. |
| 1-0586 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to health services reports. There may also be more current requirements, particularly in light of the privatization of healthcare at ADC after the effective date of this post order. |
| 1-0587 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to continuity of care. There may also be more current requirements, particularly in light of the privatization of healthcare at ADC after the effective date of this post order. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0588 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to medical providers appointment line. There may also be more current requirements, particularly in light of the privatization of healthcare at ADC after the effective date of this post order. |
| 1-0589 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to refusal of treatment. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0590 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to nursing assessments. There may also be more current requirements, particularly in light of the privatization of healthcare at ADC after the effective date of this post order. |
| 1-0591 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to inmate health assessments. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0592 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to health services for segregated inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0593 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to suicide prevention. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0594 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to psychology associate II/mental health psychotherapist procedures. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0595 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to transfer of medical orders. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0596 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to Director's Instruction 256. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0597 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to emergency hospitalization procedures. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0598 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to access to healthcare. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0599 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to healthcare personnel staffing requirements. There may also be more current requirements, particularly in light of the fact that the privatization of ADC healthcare occurred after the effective date of this post order. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0600 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to narcotic counts. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0601 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to detentions checks. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0602 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to continuity of care for transferred inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0603 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). This exhibit is not the complete post order, and there are many additional requirements that may pertain to medication management system. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0604 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities and duties of psychology associate II. There may also be more current requirements, particularly in light of the privatization of healthcare after the effective date of this post order. |
| 1-0605 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to psychiatric registered nurse II responsibilities. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0606 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of psychology associate II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0607 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of psychology associate II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0608 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of psychology associate II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0609 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of mental health therapist II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0610 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of mental health therapist II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0611 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of mental health therapist II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0612 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of psychologist II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0613 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of psychologist II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0614 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of psychologist II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0615 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities of psychologist II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0616 | | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to health and welfare visits of suicide watch inmates. There may also be more current requirements, particularly in light of the privatization of healthcare after the effective date of this post order. |
| 1-0617 | | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to inmate access to healthcare. There may also be more current requirements, particularly in light of the privatization of healthcare after the effective date of this facility order. |
| 1-0618 | | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health checks. There may also be more current requirements, particularly in light of the privatization of healthcare after the effective date of this facility order. |
| 1-0619 | | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to inmate access to healthcare. There may also be more current requirements, particularly in light of the privatization of healthcare after the effective date of this facility order. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0620 | | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health care, treatment, and programs. There may also be more current requirements, particularly in light of the privatization of healthcare after the effective date of this facility order. |
| 1-0621 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to welfare visits of SMI/suicide/watch inmates. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0622 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to suicide and mental health watch orders. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0623 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities and duties of psychologist III. The effective date of this document is also prior to the applicable statute of limitations |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and there may be more current requirements. |
| 1-0624 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities and duties of psychiatric registered nurse II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0625 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to responsibilities and duties of psychology associate II. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0626 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health emergencies. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0627 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to mental health SMI designation. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0628 | | | | | Security protocols and operational procedures. | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to emergency response plan. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0629 | | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to watch swallow for psychiatric medication. The effective date of this document is also prior to the applicable statute of limitations and there may be more current requirements. |
| 1-0630 | | | | | Security protocols and operational procedures. | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to detention unit security officers, and the majority of this document is redacted. There may also be more current requirements. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0631 | | | | | Security protocols and operational procedures. | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to housing unit security officers, and the majority of this document is redacted. There may also be more current requirements. This post order may also not be relevant to Plaintiffs' claims. |
| 1-0632 | | | | | Security protocols and operational procedures. | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to yard security officers, and the majority of this document is redacted. There may also be more current requirements. This post order may also not be relevant to Plaintiffs' claims. |
| 1-0633 | | | | | Security protocols and operational procedures. | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to detention unit security officers, and the majority of this document is redacted. There may also be more current requirements. |
| 1-0634 | | | | | Security protocols and operational procedures. | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to yard security officers, and the majority of this document is redacted. There may also be more current requirements. This post order may also not be relevant to Plaintiffs' claims. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0635 | | | | | Security protocols and operational procedures. | Objection: Incomplete (FRE 106); relevance (FRE 401, 402). There are many additional requirements that may pertain to housing unit security officers, and the majority of this document is redacted. There may also be more current requirements. This post order may also not be relevant to Plaintiffs' claims. |
| 1-0636 | | | | | | Objection: there is no corresponding exhibit and therefore it was not timely provided. Relevance (FRE 401, 402), prejudicial, confuses issues (FRE 403); hearsay (FRE 801, 802). |
| 1-0637 | | X | | | | Objection: Relevance (FRE 401, 402); prejudice/confuse the issues/misleading (FRE 403); incomplete (FRE 106); subsequent remedial measure (FRE 407); Offer to compromise (FRE 408). The proposed stipulation to an injunction in another case, more than 20 years ago, is not relevant to this lawsuit. Defendants in this lawsuit are not bound by that proposed stipulation, nor does it set forth the requisite level of care. The stipulation also does not tell the whole story, nor does it reflect subsequent developments in that lawsuit or whether the stipulation was in fact accepted. It is also a subsequent remedial measure and offer to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | compromise. |
| 1-0638 | | X | | | Security protocols and operational procedures. | Objection: Relevance (FRE 401, 402); prejudice/confuse the issues/misleading (FRE 403); incomplete (FRE 106); foundation. This Department Order is out of date and appears to be a draft version. It is also not relevant to the extent Plaintiffs intend to use it to establish conditions for non-maximum custody inmates. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0639 | | X | | | | Objection: Hearsay for which there is no exception and hearsay within hearsay (FRE 801, 802, 805); relevance (FRE 401, 402); prejudice/misleading/confuse the issues (FRE 403); MIL No. 2; foundation; authenticity (FRE 901). This article is not relevant to Plaintiffs' claims because it allegedly involves an isolated incident from several years ago. It contains multiple layers of hearsay (no exception applies), and lacks foundation for admissibility. Attached to the article is an email; the sender and recipients' names are redacted, and it contains hearsay. There are no witnesses disclosed that can testify to these documents (MIL No. 2). The author of the article lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). Moreover, the allegations contain legal conclusions regarding liability. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0640 | | X | | | | Objection: Hearsay for which there is no exception and hearsay within hearsay (FRE 801, 802, 805); relevance (FRE 401, 402); prejudice/misleading/confuse the issues (FRE 403); MIL No. 2; foundation; authenticity (FRE 901). This article is not relevant to Plaintiffs' claims because it allegedly involves an isolated incident from several years ago. It contains multiple layers of hearsay (no exception applies), and lacks foundation for admissibility. There are no witnesses disclosed that can testify to this article (MIL No. 2). The author of the article lacks personal knowledge of the events (FRE 602) and  is unqualified to offer opinion on the adequacy of care alleged (FRE 701). Moreover, the allegations contain legal conclusions regarding liability. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0641 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/confuse the issues/misleading (FRE 403); foundation; authenticity (FRE 901). This exhibit is not relevant to Plaintiffs' healthcare or conditions claims, and injecting it into this trial will confuse the issues and mislead the court. The records retention schedule fails to make it more or less probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or to any of the conditions of confinement that have been certified. It also appears to apply to a date outside the relevant time period. The document also appears to have been disclosed in another case and used in conjunction with a deposition in another case. Its foundation and authentication are questionable. |
| 1-0642 | | | | | | Objection: Relevance (FRE 401, 402); prejudice/confuse the issues/misleading (FRE 403); foundation; authenticity (FRE 901). This exhibit is not relevant to Plaintiffs' healthcare or conditions claims, and injecting it into this trial will confuse the issues and mislead the court. The records retention schedule fails to make it more or less probable that Defendants are deliberately indifferent to Plaintiffs' serious medical needs or to any of the conditions of confinement that have been certified. It also appears to apply to a date outside the relevant time period. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 1-0643 | | X | X | | | Objection: Incomplete (FRE 106); foundation; prejudice/misleading/confusion of issues (FRE 403); hearsay and hearsay within hearsay (FRE 801, 802, 805); summary to prove content (FRE 1006). This summary of inmate letters contains hearsay not covered by any exception. It also does not provide the outcome of the letter inquiry and leaves the false impression that nothing was done. Plaintiffs have also not disclosed the inmates, or ADC staff responsible for entering the information, as witnesses to verify the allegations and entries (MIL No. 2). And to the extent that Plaintiffs attempt to use the allegations therein as conclusory opinions, it is inadmissible under FRE 602 and FRE 701. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0001 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues); MIL No. 4.  These classifications are obsolete as they predate privatization. ADC no longer employs healthcare personnel except in the monitoring Bureau. |
| 2-0002 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos.  3 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent.  Further, the Cure Letter is inadmissible under FRE 407. |
| 2-0003 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos.  3 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent.  Further, the Cure Letter is inadmissible under FRE 407. This is also duplicative of Exhibit 2-0002. |
| 2-0004 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); MIL Nos.  3 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. Further, ADC's actions towards Wexford are inadmissible under FRE 407. |
| 2-0005 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos.  3 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. Further, Wexford's statements made during the "cure" process are biased and prejudicial. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0006 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 3 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. The information is remote and not reflective of current conditions. |
| 2-0007 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 3 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. The information is remote and not reflective of current conditions. |
| 2-0008 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 3 and 4. Defendants object on grounds of relevance because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. The information is remote and not reflective of current conditions. |
| 2-0009 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 3 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. The information is remote and not reflective of current conditions. |
| 2-0010 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 3 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. The information is remote and not reflective of current conditions. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0011 | X | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (waste of time, confusion of issues, misleading, incomplete document). These measures have been amended so that this document is misleading and outdated. |
| 2-0012 | X | | | | | Incomplete (FRE 106); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay within hearsay (FRE 805). Defendants preserve all noted objections depending on the purpose for which the document is offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the care of inmates. Sanctions under the contract are inadmissible to prove liability (FRE 407). |
| 2-0013 | X | | | | | Incomplete (FRE 106); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay within hearsay (FRE 805). Defendants preserve all noted objections depending on the purpose for which the document is offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the care of inmates. Sanctions under the contract are inadmissible to prove liability (FRE 407). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0014 | X | | | | | Incomplete (FRE 106); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay within hearsay (FRE 805). Defendants preserve all noted objections depending on the purpose for which the document is offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the care of inmates. Sanctions under the contract are inadmissible to prove liability (FRE 407). |
| 2-0015 | X | | | | | Plaintiffs did not produce an exhibit identified as No. 2-0015. All objections preserved once exhibit is provided. |
| 2-0016 | X | | | | | Incomplete (FRE 106); hearsay (FRE 801, 802); prejudice (FRE 403) (waste of time, confusion of issues, misleading, incomplete document). Defendants preserve all noted objections depending on the purpose for which the document is offered as the document is incomplete and included within Defendants' Exhibit No. 2-1646. |
| 2-0017 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 3 and 4. Defendants object on grounds of relevance because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. Further, the document is outdated as to year and contains remote information not reflective of current conditions. |
| 2-0018 | X | X | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Defendants further object on grounds of relevance because a letter from Plaintiffs' counsel prior to July 1, 2012 when Wexford began its contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. See MIL No. 4. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges deficiencies in inmate health services, merely repeating allegations of the complaint; yet, it is being offered to prove the truth |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL No. 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. Statements by Plaintiffs' counsel are not relevant and are biased. |
| 2-0019 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL No. 4. Defendants object on grounds of relevance because an anonymous letter from November 2009 before Wexford began its contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. Improper opinion (FRE 702). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0020 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 1 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. Further, the date of the memo actually predates Wexford's contract, which makes the document lack credibility and reliability; lack of foundation. |
| 2-0021 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation; MIL Nos. 1 and 4. Defendants object on grounds of relevance because evidence mental health scores in 2011 fails to make it more or less probable that current care provided to inmates is deliberately indifferent. Exhibit lacks foundation where it lacks sufficient support from a witness and was not adequately disclosed by Plaintiffs. The information is too remote. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0022 | X | X | | | | Voluminous exhibit containing multiple separate press releases and emails that should stand alone as separate exhibits, making specific objections to content unworkable. Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object on grounds of relevance because an email from an inmate advocacy organization fails to make it more or less probable that current care provided to inmates is deliberately indifferent. See MIL No. 4. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. No hearsay exception applies. The email from Middle Ground with David Fathi's email header are not relevant; lack foundation; lack of disclosure of opinion; improper opinion (FRE 702).Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Donna Hamm has not been identified as a witness in this case, see also MIL No. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 2. |
| 2-0023 | X | X | | | | Voluminous exhibit containing multiple separate press releases and emails that should stand alone as separate exhibits, making specific objections to content unworkable. Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The voluminous record is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Defendants further object on grounds of relevance because multiple Inmate Death Notifications do not make it more or less probable that current care provided to inmates is deliberately indifferent. See MIL No. 4. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. No hearsay exception applies. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0024 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues); foundation; MIL Nos. 1 and 4. Defendants object on grounds of relevance because this 2007 document is not from ADC but from some unknown entity. It contains inappropriate highlighting |
| 2-0025 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 1 and 4. Defendants object on grounds of relevance because evidence of the delivery of care during Wexford contract with ADC fails to make it more or less probable that current care provided to inmates is deliberately indifferent. Further, the date of the memo actually predates Wexford's contract, which makes the document lack credibility and reliability; lack of foundation. This is duplicative of Exhibit 2-0020. |
| 2-0026 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 1 and 4. Defendants object on grounds of relevance because evidence of the contract with Wexford fails to make |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | it more or less probable that current care provided to inmates under Corizon is deliberately indifferent. The relevant and applicable contract is the Corizon contract and all amendments. |
| 2-0027 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL Nos. 1 and 4. Defendants object on grounds of relevance because evidence of the December 2011 Notice of Request for Proposal fails to make it more or less probable that current care provided to inmates under Corizon is deliberately indifferent. |
| 2-0028 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805). Defendants object on grounds of relevance because an incomplete memorandum referring to a Nursing Audit Report from August 2012 that is not included in the exhibit fails to make it more or less probable that current care provided to inmates under Corizon is deliberately indifferent. The information is too remote. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0029 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805). Defendants object on grounds of relevance because incomplete portions of the Corizon contract fails to make it more or less probable that current care provided to inmates under Corizon is deliberately indifferent. In addition, it is unfairly prejudicial, misleading and confuses the issues.  Defendants' Exhibit No. 2-1646 includes the contract with all documents included by reference. |
| 2-0030 | X | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues, misleading); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL No. 1. Defendants object on grounds of relevance because an April 19, 2012 letter from an attorney representing Corizon to the Arizona Procurement Officers about the initial bidding process fails to make it more or less probable that current care provided to inmates under Corizon is deliberately indifferent. In addition, it is unfairly prejudicial, misleading and confuses the issues. This is purely a collateral issue and unrelated to the delivery of care. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0031 | X | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues); MIL No. 4. Defendants object on grounds of relevance because an incomplete portion of the Canteen Food Service Contract, prior to the privatization of health services on July 1, 2012, fails to make it more or less probable that current care provided to inmates is deliberately indifferent. Defendants' Exhibit 1-0811 complete Canteen Food Service Contract. |
| 2-0032 | X | | | | | |
| 2-0033 | X | | | | | |
| 2-0034 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because the disciplinary letters were sent to ADC healthcare employees prior to privatization and are therefore remote in time to the allegations in the complaint. Further, the disciplinary letters charging individual employees of inappropriate employee behavior in violation of the employee code of conduct or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | department rules--such as not performing assigned work duties or tasks, inappropriate treatment of other employees of inmates, using profanity, sleeping at work, drug abuse, unexcused absences, etc.---address issues that may be beyond the time and scope of the certified claims in this case. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference.  Because the letter contains information of alleged prior bad acts by an individual employee, the information is confusing, misleading, and highly prejudicial as offered in claims against ADC.  Defendants also object that the letters contain improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407).  Defendants further object because the letters contain multiple layers of hearsay of statements regarding policy violations that are offered to prove Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies.  Defendants also object that this is a voluminous exhibit containing multiple, separate letters to dozens of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | different individuals addressing a wide variety of events, most of which are wholly unrelated to the provision of healthcare, and as such, make it unworkable to state more specific objections. To the extent to the letters contain healthcare related information, they are incomplete records of such (FRE 106). Defendants also object to the extent the letters contain expert opinions that were not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0035 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice); MIL No. 4. Defendants object because a disciplinary letter charging an individual employee for inappropriate behavior in violation of the employee code of conduct and/or department rules (impairment at work by prescription medication) addresses issues beyond the scope of certified claims in this case. Moreover, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference.  Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial.  Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies.  Defendants also object to the extent the letter contains  expert  opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0036 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice); MIL No. 4. Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (alleged retaliatory acts against an inmate that assaulted staff) addresses issues beyond the scope of certified claims in this case. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial as offered in claims against ADC. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0037 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice); MIL No. 4. Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (sleeping on the job) addresses issues beyond the scope of certified claims in this case. Moreover, the events raised in the letter are unsanctioned conduct that does not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts of individual employees, the information is confusing, misleading, and highly prejudicial as offered in claims against ADC. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | substantially outweighed by its prejudicial effect. |
| 2-0038 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice);   Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (inappropriate logging of security checks) addresses issues beyond the scope of certified claims in this case.  Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference.  Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407).  Defendants further object because the letters |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies.  Defendants also object to the extent the letter contains  expert  opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0039 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules  (failure to monitor inmate's hands during watch, resulting in inmate committing self-harm) addresses issues beyond the scope of certified claims in this case.  Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0040 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules  (momentarily leaving post vacant, resulting in inmate committing self-harm during watch) addresses issues beyond the scope of certified claims in this case.  Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference.  Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407).  Defendants further object because the letters contain multiple layers of hearsay of statements regarding policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding alleged ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0041 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate behavior in violation of the employee code of conduct and/or department rules (allowing an inmate to possess an unauthorized property and clothing during watch) addresses issues beyond the scope of certified claims in this case. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0042 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (sleeping at work) addresses issues beyond the scope of certified claims in this case. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0043 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (receiving oral sex while in the parking lot from someone he met on the internet, lying about sick absences, etc.) addresses issues beyond the scope of certified claims in this case. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0044 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | for inappropriate employee behavior in violation of the employee code of conduct and/or department rules  (failure to report an inmate's statement of self-harm, and noting past disciplinary violations) addresses issues beyond the time and scope of certified claims in this case, see also MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference.  Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial.  Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies.  Defendants also object to the extent the letter contains  expert  opinion that was not properly disclosed under Rule 26 (no expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0045 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules  (making inconsistent statements during administrative investigation of inmate death) addresses issues in 2010, beyond the  time and scope of certified claims in this case, see MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference.  Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial.  Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0046 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | rules (failing to properly supervise inmates and employees in aiding an inmate who was found unresponsive) addresses issues dating back to 2009, beyond the time and scope of certified claims in this case, see also MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 702) regarding ADC policy or standards and adequacy of care provided.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0047 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules  (for numerous charges) addresses issues dating back to 2009, beyond the time and scope of certified claims in this case, see also MIL # 4.  Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference.  Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial.  Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0048 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (failing to initiate the Incident Command System before using force) addresses issues dating |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | back to 2001, well beyond the time and scope of certified claims in this case, see also MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference.  Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial.  Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies.  Defendants also object to the extent the letter contains  expert  opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided.  And to the extent an expert relied on |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0049 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (sleeping during graveyard shift at hospital ICU) addresses issues dating back to 1995, well beyond the time and scope of certified claims in this case, see also MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0050 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (sleeping during graveyard shift at hospital ICU) addresses issues beyond the scope of certified claims in this case. Moreover, the events raised in the letter are unsanctioned conduct that does not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference.  Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407).  Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies.  Defendants also object to the extent the letter contains  expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial effect. |
| 2-0051 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (reading a magazine during inmate watch shift) addresses issues dating back to 1999 beyond the time and scope of certified claims in this case, see also MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0052 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (failing to perform security check of bathroom where inmate was found unresponsive) addresses issues beyond the scope of certified claims in this case. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0053 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (using profanity against other staff) addresses issues dating back to 2009, beyond the time and scope of certified claims in this case, see also MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0054 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (asking an inmate receiving medical treatment for self-harm off camera if she was happy with what she has done) addresses issues dating back to 1197 well beyond the time and scope of certified claims in this case, see also MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0055 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (cumulative; waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (failing to assign replacement for officer who escorted an inmate to medical, leaving post open during which time an inmate hung himself) addresses issues dating back to 1998, well beyond the time and scope of certified claims in this case, see also MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0056 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (failure to discover an inmate who had died during the shift) addresses issues dating back to 2010, beyond the time and scope of certified claims in this case, see also MIL # 4. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0057 | X | X | | | ADC049474: ADD | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules  (failing to discover inmate who had died during the shift) addresses issues beyond the scope of certified claims in this case.  Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial.  Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407).  Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0058 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because a disciplinary letter charging an individual employee for inappropriate employee behavior in violation of the employee code of conduct and/or department rules (modifying a MAR to correct neglect in notating that inmate who had committed suicide refused medication in the days before his suicide) addresses issues beyond the scope of certified claims in this case. Moreover, the events raised in the letter are unsanctioned conduct that does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. Because the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | letter contains information of alleged prior bad acts by individual employees, the information is confusing, misleading, and highly prejudicial. Defendants also object that the letter contains improper character evidence (FRE 404). Moreover, the letters are inadmissible evidence of subsequent remedial measures taken by ADC in response to reported improper behavior of its employees. (FRE 407). Defendants further object because the letters contain multiple layers of hearsay of statements regarding alleged policy violations that are offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies. Defendants also object to the extent the letter contains expert opinion that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding ADC policy or standards and adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0059 | X | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues; unfair prejudice). Defendants object because the memorandum about a few inmates' medication delays and treatment, without detail or proper context, does not make it more or less probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The memorandum is also an incomplete record of the inmate's medical/mental health treatment and other issues raised therein. Defendants further object because the document itself is hearsay, but also contains multiple layers of hearsay,  regarding delays in medication delivery for certain inmates, which are being offered to prove the truth Plaintiffs' claims (FRE 801, 802), and no hearsay exception applies.  Defendants also object to the extent the memorandum contains  expert  opinion regarding the inmate's care that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702) regarding the adequacy of care provided.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | substantially outweighed by its prejudicial effect. Defendants also object that the memorandum contains subsequent remedial measures, including corrective action in response to perceived issues. Defendants object that the information involves Wexford-related issues discussed in MIL # 3. |
| 2-0060 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). Defendants object because the e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the inmate's medical/mental health treatment and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal  knowledge of the events (FRE 602). Defendants also object to the extent the e-mail |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | contains expert opinion regarding the inmate's care, ADC policy, and/or its obligations that was not properly disclosed under Rule 26 (no expert disclosure for "opinions" in the records), and improper lay/expert opinion (FRE 701, 702), regarding the adequacy of care provided. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also object that the e-mail contains subsequent remedial measures. |
| 2-0061 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail about an inmate's medications, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the inmate's medical/mental health treatment and other issues raised therein. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0062 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the inmate's medical/mental health treatment and other issues raised therein. The information is cumulative of PLFS exhibit 2-0062, but also confusing and prejudicial in that it discusses on administrator's vague concerns about a specific nurse. And actions taken in response are inadmissible subsequent remedial measures (FRE 407). Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subsequent remedial measure. |
| 2-0063 | X | | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the inmate's medical/mental health treatment and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Because it involves actions taken in response to a concern about a nurse that presented difficulties, the email is inadmissible evidence of subsequent remedial measures (FRE 407). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0064 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail about FY 2011 expenses and proposed legislation, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay about ADC's healthcare |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | expenditures offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants object that this pertains to pre-privatization issues, MIL # 4, as well as irrelevant and prejudicial events surrounding the termination of the Wexford contract, MIL # 3. |
| 2-0065 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail about ADC's meeting with Wexford |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the Cure Notification is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object that this pertains to irrelevant events related to the outdated Wexford contract, MIL # 3. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0066 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail about the ADC's meeting with Wexford regarding the Cure Notification is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object that this pertains to irrelevant events related to the outdated Wexford contract, MIL # 3. |
| 2-0067 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail requesting a copy of Wexford's letter to the Arizona Republic is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object that this pertains to irrelevant events related to the outdated Wexford contract, MIL # 3. |
| 2-0068 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail about bid amounts and figures relating to Wexford's successful bid in 2011 to provide healthcare services is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | layers of hearsay about ADC's healthcare expenditures offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object that this pertains to irrelevant events related to the outdated Wexford contract, MIL # 3, as well as pre-privatization events unrelated to the certified claims in this case, MIL # 4. |
| 2-0069 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | e-mail regarding a monitor's concern that one inmate at one facility has hepatitis B is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay about ADC's healthcare expenditures offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0070 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail responding to an inquiry regarding a pharmacist's concern that pharmacy position might be cut, without any detail or context, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0071 | X | X | | | | See objections to Exhibit 2-0073. This exhibit was not provided. |
| 2-0072 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail in response to rumors about Corizon's staffing changes, without detail or proper context, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the staffing-related issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0073 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail regarding estimated rates of locum providers to alleviate an apparent backlog, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Attached to the end of the string is an incomplete |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | chart that lacks foundation, as the author and source of the data is not identified. This exhibit is a partial and cumulative record of the next one, PLFS ex. 2-0074. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0074 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | e-mail regarding estimated rates of locum providers to alleviate an apparent backlog, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Attached to the end of the string is a chart that lacks foundation, as the author and source of the data is not identified. This exhibit is cumulative of PLFS ex. 2-0073.  Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal  knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0075 | X | X | | | | This Exhibit was not provided. |
| 2-0076 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail containing an attached chart comparing Wexford and Corizon staffing, without detail, date or proper context, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. The chart that lacks foundation, as the author, date, and source of the data is not identified. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. To the extent it pertains to the outdated Wexford contract, and pre-privatization issues, the information is irrelevant and inadmissible, see MIL ## 3 and 4. |
| 2-0077 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail forwarding material stating Corizon's goals when it began the health services contract, without detail and proper context, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0078 | X | X | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail asking about the location of a medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | transport van, which was in use by pharmacy unavailable at the time it was requested for an emergency, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0079 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail of a monitor's thoughts on ways to improve monitoring of grievance appeals, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0080 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail and chart regarding Corizon's projected deliverable time frames during the transition, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0081 | X | | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail from one monitor at one facility's requesting a change of procedure to allow immediate delivery of release medications for one inmate, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | personal  knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0082 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  The e-mail of one monitor's suggestion regarding the delivery of medications, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0083 | X | X | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). A memorandum summarizing various medical charts and monitor findings at one housing unit in March 2013, without detail or context, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifference. The memorandum is also an incomplete record of the communication, as well as an incomplete record of the healthcare and other issues raised therein. Defendants further object because the exhibit itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0084 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | e-mail summarizing discussions at meetings, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0085 | X | X | | | | |
| 2-0086 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail from one monitor requesting clarification of a perceived issue, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. The attached photographs lack foundation (FRE 602). |
| 2-0087 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. The referenced "attachment" is not attached. |
| 2-0088 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0089 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0090 | X | X | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail forwarding an attached criminal investigation report, is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. As to the attached criminal investigation report, defendants object because this is an incomplete record as it pertains to the inmate's medical care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials, addressing numerous issues outside the time and scope of the claims certified in this case.  Such evidence is not only irrelevant but may be inflammatory, confusing, waste of time, and cumulative. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0091 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0092 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure |
| 2-0093 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0094 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal  knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0095 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0096 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object on grounds of relevance because care provided prior to and during the Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent. See MIL Nos. 3 and 4. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0097 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | based on a subsequent remedial measure. |
| 2-0098 | X | X | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0099 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object on grounds of relevance because care provided prior to and during the Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent.   See MIL Nos. 3 and 4.Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0100 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0101 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0102 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0103 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object on grounds of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevance because care provided prior to and during the Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent.   See MIL Nos. 3 and 4.  Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0104 | X | | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object on grounds of relevance because care provided prior to and during the Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent.  See MIL Nos. 3 and 4.  Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the "anonymous person" lacks personal knowledge of the events and the identity and source of information is unknown (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0105 | X | | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object on grounds of relevance because care provided prior to and during the Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent.   See MIL Nos. 3 and 4. |
| 2-0106 | X | X | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object on grounds of relevance because care provided prior to and during the Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent. See MIL Nos. 3 and 4. |
| 2-0107 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object on grounds of relevance because care provided prior to and during the Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent. See MIL Nos. 3 and 4. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0108 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0109 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object on grounds of relevance because care provided prior to and during the Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent.   See MIL Nos. 3 and 4. |
| 2-0110 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object on grounds of relevance because care provided prior to and during the Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent. See MIL Nos. 3 and 4. Defendants further object that the statements and opinions expressed in the employee's email were made within the course and scope of his employment and are the opinions or statements of Defendants. |
| 2-0111 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Defendants further object on grounds of relevance because care provided prior to and during the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Wexford contract fails to make it more probable that care provided to inmates was deliberately indifferent.   See MIL Nos. 3 and 4. Defendants further object that any statements from a Wexford representative were made for or on behalf of ADC. |
| 2-0112 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal  knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0113 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0114 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407).  The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal  knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0115 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0116 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407).  The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal  knowledge of the events |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0117 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0118 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exception applies.  Defendants object that the authors may lack personal  knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0119 | X | X | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0120 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0121 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0122 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0123 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal  knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0124 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407).  The e-mail, without |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0125 | X | X | | | | Objection: This email also includes multiple unrelated email communications within the same exhibit, making specific objections to the content of each email unworkable. Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0126 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal  knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0127 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0128 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0129 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0130 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0131 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0132 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0133 | X | X | | | | Objection: This email is also included within Plaintiffs' Exhibit No. 134 and is a duplicate and unnecessarily cumulative. Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0134 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail is not more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | also an incomplete record of the communication, as well as an incomplete record of the issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0135 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); subsequent remedial measure (FRE 407). The e-mail, without detail or proper context, does not make it more probative of whether constitutionally adequate care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies.  Defendants object that the authors may lack personal  knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0136 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | email contains hearsay and/or hearsay within hearsay. It is also an incomplete record of the response to the issue and/or the care provided to the inmate. One or more author also does not have personal knowledge of the contents of the email. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0137 | X | | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This email contains hearsay and/or hearsay within hearsay. It is also an incomplete record of the response to the issue and/or the care provided to the inmate. One or more author also does not have personal knowledge of the contents of the email. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0138 | X | X | | | | Objection: there is no corresponding exhibit; undisclosed. |
| 2-0139 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602). This email contains hearsay and/or hearsay within hearsay. It is also an incomplete record of the response to the issue. |
| 2-0140 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602). This email contains hearsay and/or hearsay within hearsay. It is also an incomplete record of the response to the issue. |
| 2-0141 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This email contains hearsay and/or hearsay within hearsay. It is also an incomplete record of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0142 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This email contains hearsay and hearsay within hearsay. It is also an incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0143 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26); subsequent remedial measure (FRE 407).  This email contains hearsay and hearsay within hearsay. It is also an incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. The author of the email has also not been disclosed as a trial witness. |
| 2-0144 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); relevance (FRE 701, 702); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This email contains hearsay and/or hearsay within hearsay, and information that fails to make it more likely that Defendants are deliberately indifferent to Plaintiffs' serious medical needs and conditions of confinement, as alleged in the Complaint and certified by the Court. It is also an incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Moreover, Plaintiffs have not disclosed either Yvonne Maese or Linda Penrod as trial witnesses. There is no foundation to admit this email into evidence. The email by the Corizon employee submitting her termination is made by a disgruntled non-ADC employee. She also reports other hearsay statements (hearsay within hearsay). |
| 2-0145 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This email contains hearsay and/or hearsay within hearsay. It is also an incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0146 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This email contains hearsay and/or hearsay within hearsay. It is also an incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0147 | X | | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This email contains hearsay and hearsay within hearsay. It is also an incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | establish an admission of liability based on a subsequent remedial measure. |
| 2-0148 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This email contains hearsay and/or hearsay within hearsay. It is also an incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. One or more individuals also do not have personal knowledge of the contents in the email. |
| 2-0149 | X | | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); relevance (FRE 401, 402); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | email refers to alleged events in August 2012, which are outdated. There is more current information available and which are more relevant to this lawsuit. This email contains hearsay and hearsay within hearsay. It is also an incomplete record of the response to the issue. The referenced attachment is not attached. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And they object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0150 | X | | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This memorandum refers to alleged events in July and August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. This memorandum contains hearsay and hearsay within hearsay, and was prepared by a person without personal knowledge of the events described. It is also an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the memorandum as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0151 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This memorandum refers to alleged events in July and August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. This memorandum contains hearsay and hearsay within hearsay, and was prepared by a person without personal knowledge of the events described. It is also an incomplete record of the response to the issue, and does not include all of the referenced attachments/exhibits. Defendants also object to the extent Plaintiffs are attempting to use the content of the memorandum as an expert or lay opinion as to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0152 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); evidence of settlement negotiations (FRE 408). This letter is an incomplete record of medical and other issues raised therein. It is irrelevant and unduly prejudicial because it merely parrots the allegations of Plaintiffs' Complaint, yet is being offered to prove the truth of those claims. The letter is replete with hearsay and hearsay within hearsay. The authors of the letter lack personal knowledge of the referenced events, and are unqualified to offer opinions as to the adequacy of care provided by ADC. The exhibit further lacks foundation because Plaintiffs' counsel cannot testify, and have not been identified as witnesses in this case (MIL No. 2). Moreover, the letter contains legal conclusions regarding liability. Defendants further object that the letter consists of statements made during negotiation/settlement of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' claims. As a matter of common sense, it is also inappropriate for Plaintiffs' counsel to create their own evidence and present it as a trial exhibit to prove Plaintiffs' claims. |
| 2-0153 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading). This inventory refers to the status of one health services room in one facility, and is outdated. There is more current information available that is more relevant to this lawsuit. This inventory contains hearsay. |
| 2-0154 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This document does not identify the time frame or facilities to which it applies. There is likely more current information available that is more relevant to this lawsuit. This memorandum contains hearsay and hearsay within hearsay, and does not identify the person who prepared it, or whether that person has personal knowledge of the events described. It is also an incomplete record of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the document as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0155 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading). These documents are not an August 25, 2012 Summary Action Plan, but are incomplete inmate medical records that do not identify the complete care rendered to the inmate. As such, they do not make it more or less probable that healthcare provided to inmates by ADC constitutes deliberate indifference. |
| 2-0156 | X | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). These organizational charts are outdated, and more current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared them, or whether such person(s) has/have personal |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | knowledge of the organizations described. It is also an incomplete record of the response to any staffing issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the document as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0157 | X | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading); foundation. This exhibit is an excerpt from the contract between ADC and Corizon, but does not contain the entire contract, and does not identify a witness who can provide foundation for the exhibit, as the signature pages are not included. |
| 2-0158 | X | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading); foundation. This exhibit is an excerpt from the contract between ADC and Corizon, but does not contain the entire contract, and does not identify a witness who can provide foundation for the exhibit, as the signature pages are not included. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0159 | X | X | | | | Objection: Incomplete (FRE 106); foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); MIL No. 1. This exhibit purports to define certain terms and abbreviations, but does not state where or for what purpose the terms and abbreviations are to be used. It similarly does not identify the source of the information or the person who prepared the document. There is no way to tell whether the information remains current or is outdated, and it does not appear that the document was disclosed by either party, as there is no Bates Number. |
| 2-0160 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measures (FRE 407). This letter is an incomplete record of medical and other issues raised therein, and is an incomplete record of the response to any issues suggested therein. It is irrelevant and unduly prejudicial because it concerns a single incident at a single facility that occurred over three years ago. The letter is replete with hearsay and hearsay within hearsay. The authors of the letter lack personal |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | knowledge of the referenced events, and are unqualified to offer opinions as to the adequacy of care provided by ADC. Moreover, the letter contains legal conclusions regarding liability. Defendants further object to the extent Plaintiffs are attempting to use the content of the document as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0161 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measures (FRE 407). This letter is an incomplete record of medical and other issues raised therein, and is an incomplete record of the response to any  issues suggested therein . It is irrelevant and unduly prejudicial because it concerns a single incident at a single facility that occurred over three years ago. The letter is replete with hearsay and hearsay within hearsay. The authors of the letter lack personal knowledge of the referenced events, and are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unqualified to offer opinions as to the adequacy of care provided by ADC. Moreover, the letter contains legal conclusions regarding liability. Defendants further object to the extent Plaintiffs are attempting to use the content of the document as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0162 | X | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). These infection disease charts are outdated, and more current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the charts. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0163 | X | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). This investigation report is irrelevant because it concerns one event at one facility that occurred nearly a year ago. It is replete with hearsay and hearsay within hearsay. It does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the incident described. It also does not identify the sources of the information underlying the report. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subsequent remedial measure. |
| 2-0164 | X | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). This letter is irrelevant because it concerns one event at one facility that occurred nearly a year ago. It is replete with hearsay and hearsay within hearsay. The person who prepared the letter does not have personal knowledge of the incident described. The letter does not include the report referenced therein, and is an incomplete record of the response to any treatment issues suggested. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0165 | X | X | | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). These emails contain hearsay and hearsay within hearsay. They are also an incomplete record of the response to the issue. Defendants also object to the extent Plaintiffs are attempting to use the content of the emails as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. One or more of the authors of the emails has also not been disclosed as a trial witness, and do not have personal knowledge of the issues described. |
| 2-0166 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative). This blank Health Needs Request form is incomplete and unnecessary, as numerous completed forms with information regarding inmate health care have been disclosed by both sides. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0167 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). These HNR summary charts are outdated, and contain information beyond the statute of limitations. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the charts. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0168 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This exhibit contains two unrelated memoranda that refer to alleged events in August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit.  These memoranda contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the memoranda as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0169 | X | | | | | Objection: Voluminous exhibit containing multiple separate memoranda, emails, and other documents that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains several unrelated memoranda and emails that refer to alleged events at ADC's Lewis facility in August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described and/or who have not been disclosed as witnesses in this matter. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0170 | X | | | | | Objection: Voluminous exhibit containing multiple separate memoranda and charts that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This exhibit contains several unrelated memoranda and charts that refer to alleged events at ADC's Perryville facility in August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit.  These documents contain hearsay and hearsay within hearsay, and were prepared by persons who have not been identified and/or without personal knowledge of the events described and/or who have not been disclosed as witnesses in this matter. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0171 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This memorandum refers to alleged events at ADC's Douglas facility in August 2012, and is outdated. There is more current information available that is more relevant to this lawsuit. This memorandum contains hearsay and hearsay within hearsay, and was prepared by a person without personal knowledge of the events described therein. It is also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the memorandum as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0172 | X | X | | | | Objection: Voluminous exhibit containing multiple separate memoranda, medical records, use of force reports, and charts that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This exhibit contains several unrelated documents that refer to alleged events at ADC's Eyman facility in August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons who have not been identified and/or without personal knowledge of the events described and/or who have not been disclosed as witnesses in this matter. They do not identify the source of the information contained in the chart. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0173 | X | X | | | | Objection: Voluminous exhibit containing multiple separate memoranda and corrective action plans that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains several unrelated documents that refer to alleged events at ADC's Florence facility in August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described and/or who have not been disclosed as witnesses in this matter. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subsequent remedial measure. |
| 2-0174 | X | X | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This exhibit contains two copies of a memorandum that refers to alleged events at ADC's Yuma, Phoenix, and Perryville facilities in August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They do not identify the source of the information summarized. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0175 | X | X | | | | Objection: Voluminous exhibit containing multiple separate memoranda that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains several unrelated documents that refer to alleged events at ADC's Phoenix, Yuma, and Perryville facilities in August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0176 | X | X | | | | Objection: Voluminous exhibit containing multiple separate memoranda that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains several unrelated documents that refer to alleged events at ADC's Safford facility in August and September 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0177 | X | X | | | | Objection: Voluminous exhibit containing multiple separate memoranda that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains several unrelated documents that refer to alleged events at ADC's Tucson facility in August and September 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0178 | X | X | | | | Objection: Voluminous exhibit containing multiple separate memoranda that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains several unrelated documents that refer to alleged events at ADC's Winslow facility in August 2012, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the response to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0179 | X | X | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans, memoranda, emails, photographs, meeting minutes, MGAR reports, and other documents that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Florence facility between September 2012 and March 2013, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by unidentified persons and/or persons who have not been disclosed as witnesses in this matter and/or persons without personal knowledge of the events described therein. They are also an incomplete |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0180 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Florence facility between April 2013 and March 2014, some of which is outdated. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0181 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Florence facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statement for that reason. These documents contain hearsay and hearsay within hearsay, and were prepared by persons |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0182 | X | | | | | Objection: Voluminous exhibit containing multiple separate memoranda, corrective action plans, MGAR reports, information reports, appointment lists, inmate letters, and other documents that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Lewis facility between September 2012 and March 2013, which are outdated. There is more current information |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0183 | X | | X | | ADC208362: Inmate Name; ADC208695: Inmate Name; ADC208708: Inmate Name; ADC209011: Inmate Name; ADC209303: Inmate Name; passim. | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Lewis facility between April 2013 and March 2014, some of which is outdated. These documents contain hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0184 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Lewis facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statement for that reason. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0185 | X | | | | | Objection: Voluminous exhibit containing multiple separate memoranda, corrective action plans, MGAR reports, medication administration records, medical records, health needs request forms, and other documents that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Phoenix facility between September 2012 and March 2013, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0186 | X | | X | | ADC208428: Inmate Name; ADC208429: Inmate Name; ADC208446: Inmate Name; ADC208447: Inmate Name; ADC208448: | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | Inmate Name; passim. | 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Phoenix facility between April 2013 and March 2014, some of which is outdated. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0187 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit contains multiple unrelated documents that refer to alleged events at ADC's Phoenix facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statements for that reason. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0188 | X | | | | | Objection: Voluminous exhibit containing multiple separate emails, corrective action plans, MGAR reports, medical records, memoranda, and other documents that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Tucson facility between September 2012 and March 2013, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0189 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Tucson facility between September 2013 and March 2014, some of which is outdated. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0190 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Tucson facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statements for that reason. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0191 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans, MGAR reports, memoranda, emails, and other documents that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Winslow facility between September 2012 and March 2013, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | liability based on a subsequent remedial measure. |
| 2-0192 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Winslow facility between April 2013 and March 2014, some of which is outdated. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0193 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Winslow facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statements for that reason. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0194 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans, MGAR reports, and memoranda that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Yuma facility between September 2012 and March 2013, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0195 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Yuma facility between April 2013 and March 2014, some of which is outdated. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0196 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Yuma facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statements for that reason. These documents contain hearsay and hearsay within hearsay, and were prepared by persons |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0197 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans, MGAR reports, emails, and memoranda that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Safford facility between September 2012 and March 2013, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0198 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Safford facility between April 2013 and March 2014, some of which is outdated. These documents contain hearsay and hearsay within hearsay, and were prepared by |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0199 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Safford facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically withdrawn by Defendants in their 19th and 20th |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Supplemental Disclosure Statements for that reason. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0200 | X | | | | | Objection: Incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This MGAR report refers to alleged events at ADC's Eyman facility between April and June 2013, which is outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0201 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative). This blank MGAR form is incomplete and unnecessary, as numerous completed forms with information regarding inmate health care have been disclosed by both sides. |
| 2-0202 | X | X | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative); foundation. This MGAR user guide is unnecessary, as information regarding the use of the MGAR forms can be more easily obtained through witness testimony. Moreover, there is no way to tell from the document itself whether it remains current and in force, and no witness has been identified to provide foundation for it. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0203 | X | | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative); foundation. This MGAR user guide is not current, but has been superseded by another version. Moreover, no witness has been identified to provide foundation for it. |
| 2-0204 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Eyman facility between October 2012 and March 2013, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0205 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Eyman facility between April 2013 and March 2014, some of which is outdated. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0206 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Eyman facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statements for that reason. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0207 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans, MGAR reports, and other non-compliance reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Perryville facility between September 2012 and March 2013, which are outdated. There is more current information available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0208 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Perryville facility between April 2013 and March 2014, some of which is outdated. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0209 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Perryville facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statements for that reason. These documents contain hearsay and hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0210 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans, MGAR reports, and other compliance reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Douglas facility between September 2012 and March 2013, which are outdated. There is more current information available that is more relevant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to this lawsuit. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0211 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407).  This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Douglas facility between April 2013 and March 2014, some of which is outdated. These documents contain hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0212 | X | | | | | Objection: Voluminous exhibit containing multiple separate corrective action plans and MGAR reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's Douglas facility in November and December 2013 and March 2014. These documents contain information that is outdated and incorrect, and were specifically |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statements for that reason. These documents contain hearsay and hearsay within hearsay, and were prepared by persons without personal knowledge of the events described therein. They are also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0213 | X | | | | | Objection: Relevance (FRE 401, 402). This exhibit is a placeholder for an Excel spreadsheet that, according to the exhibit, was produced natively. It contains no information relevant to this lawsuit. |
| 2-0214 | X | X | | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants object to foundation (FRE 602), as the document was prepared by a person without personal knowledge of the incidents described in the report and/or who was not disclosed as a witness in this matter. Defendants object that the report is an improper summary (FRE 1006). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0215 | X | | | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0216 | X | | | | | Objection: Foundation; relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); improper lay/expert opinion (FRE 701, 702); subsequent remedial measure (FRE 407); MIL No. 3. This exhibit is objectionable for all of the reasons stated in Defendants' Motion in Limine No. 3. It does not identify the person who prepared it, and Plaintiffs have not disclosed a witness who can lay foundation for it. The exhibit does not make it more or less probable that the healthcare provided by ADC is constitutionally inadequate, or that ADC is deliberately indifferent, but merely parrots the allegations in Plaintiffs' Complaint. It is also full of legal conclusions regarding liability. Moreover, the information in the exhibit is outdated, and there is more current information available that is more |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevant to the lawsuit. The exhibit is replete with hearsay and hearsay within hearsay. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0217 | X | | | | | Objection: exhibit not provided/untimely disclosed. Relevance (FRE 401, 402); prejudice/confusion of issues (FRE 403) to portions of the exhibit as not reflecting information from a relevant time period (FY 2007-2011) |
| 2-0218 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-0219 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-0220 | X | | | | | Objection: exhibit not provided/untimely disclosed. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0221 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This drug utilization report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0222 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper summary (FRE 1006).  This monitored conditions report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0223 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006).  This monitored conditions report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0224 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This monitored conditions report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0225 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This monitored conditions report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subsequent remedial measure. |
| 2-0226 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This monitored conditions report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0227 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006).  This monitored conditions report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0228 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); |

2-217

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper summary (FRE 1006). This monitored conditions report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0229 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein. Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0230 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein. Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0231 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein. Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0232 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein. Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0233 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein. Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0234 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein.  Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0235 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The ORC approvals are outdated, and out of context of the entire medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | files for the inmates listed therein. Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0236 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein. Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0237 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein. Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0238 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006).  This excerpt from a monthly staffing report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the staffing levels described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any staffing issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0239 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper summary (FRE 1006). This monthly staffing report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the staffing levels described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any staffing issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0240 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This new hires report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | knowledge of the staffing levels described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any staffing issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0241 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein. Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The chart is an improper summary (FRE 1006) for which there is no foundation, as the chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the approvals identified therein, and does not identify the source of the information. |
| 2-0242 | X | X | | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The ORC approvals are outdated, and out of context of the entire medical files for the inmates listed therein.  Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | outweighed by its prejudicial effect. The chart is an improper summary (FRE 1006) for which there is no foundation, as the chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the approvals identified therein, and does not identify the source of the information. This exhibit is also cumulative and duplicative of Plaintiffs' Ex. No. 2-0241 (FRE 403). |
| 2-0243 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006).  This medication summary report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0244 | X |  |  |  |  | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). These drug utilization reports are outdated. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the charts. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0245 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). These drug utilization reports are outdated. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the charts. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0246 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper summary (FRE 1006). These drug utilization reports are outdated. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the charts. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0247 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). These drug utilization reports are outdated. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared them, or whether such person(s) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the charts. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0248 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). These drug utilization reports are outdated. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the charts. They are an incomplete record of the response to any treatment issues suggested therein. Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0249 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). These drug utilization reports are outdated. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the charts. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | liability based on a subsequent remedial measure. |
| 2-0250 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-0251 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-0252 | X | | | | | Objection: Voluminous exhibit containing multiple separate intake reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated documents that refer to alleged events at ADC's facilities between May 2013 and March 2014, some of which is outdated. These documents contain hearsay, and do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the events described therein. They are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | also an incomplete record of the responses to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0253 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This drug utilization report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0254 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006).  This drug utilization report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0255 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This drug utilization report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0256 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper summary (FRE 1006). This drug utilization report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0257 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This drug utilization report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0258 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006).  This drug utilization report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0259 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This drug utilization report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subsequent remedial measure. |
| 2-0260 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This drug utilization report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0261 | X | | | | | Objection: Voluminous exhibit containing multiple separate reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated reports that refer to care provided by Corizon at ADC's facilities between April 2013 and March 2014. The exhibit includes reports dated January 2014 and February 2014 that contain information that is outdated and incorrect, and were specifically withdrawn by Defendants in their 19th and 20th Supplemental Disclosure Statements for that reason. Other reports, although not withdrawn by Defendants, are nevertheless outdated. More current information is available that is more relevant to this lawsuit. These documents contain hearsay, and do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the events described therein. The documents do not identify the source of the information they contain. They are also an incomplete record of the responses to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0262 | X | | X | | ADC231316: Inmate Name; ADC231317: Inmate Name; ADC231318: Inmate Name; ADC231319: Inmate Name; ADC231325: Inmate Name; passim. | Objection: Voluminous exhibit containing multiple separate grievance reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). This exhibit contains multiple unrelated grievance reports regarding ADC's facilities between March 2013 and March 2014. Many of the reports are outdated. More current information is available that is more relevant to this lawsuit. These documents contain hearsay and hearsay within hearsay, and do not identify the person(s) who prepared them, or whether such person(s) has/have personal knowledge of the events described therein. They are also an incomplete record of the responses |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to the issues described therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the documents as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0263 | X | X | | | | Objection: Voluminous exhibit containing multiple separate inmate population and capacity reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); improper summary (FRE 1006). These inmate population and capacity reports are outdated. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the chart. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. |
| 2-0264 | X | X | | | | Objection: Voluminous exhibit containing multiple separate inmate population and capacity reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); improper summary (FRE 1006). These inmate population and capacity reports are outdated. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the chart. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0265 | X | X | | | | Objection: foundation; exhibit not provided/untimely disclosed. The documents provided by Plaintiffs constitute excerpted inmate medical records, and not an "ADC Executive Report." The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-0266 | X | | | | | Objection: Voluminous exhibit containing multiple separate dental wait time reports that should stand alone as separate exhibits, making objections to specific content unworkable; incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). These dental wait time reports are outdated. More current information is available that is more relevant to this lawsuit. The charts do not identify the person(s) who prepared it, or whether such person(s) has/have |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | personal knowledge of the diseases and treatment described. They also do not identify the source of the information underlying the chart. They are an incomplete record of the response to any treatment issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the charts as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0267 | X | | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006). This staffing report is outdated. More current information is available that is more relevant to this lawsuit. The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the staffing levels described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any staffing issues suggested therein. Defendants also object to the extent Plaintiffs are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0268 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006).  This staffing report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the staffing levels described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any staffing issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent |

2-249

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | remedial measure. |
| 2-0269 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006).  This staffing report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the staffing levels described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any staffing issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0270 | X | X | | | | Objection: Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407); improper summary (FRE 1006).  This staffing report is outdated. More current information is available that is more relevant to this lawsuit.  The chart does not identify the person(s) who prepared it, or whether such person(s) has/have personal knowledge of the staffing levels described. It also does not identify the source of the information underlying the chart. It is an incomplete record of the response to any staffing issues suggested therein. Defendants also object to the extent Plaintiffs are attempting to use the content of the chart as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed, and to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-0271 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0272 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0273 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0274 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0275 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0276 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0277 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0278 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0279 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0280 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0281 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0282 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |
| 2-0283 | X | | | | | Relevance (FRE 402) Individual monthly staffing reports only provide a snapshot for that time period and are not reflective of the total staffing at the present , nor do they provide an adequate picture of staffing trends over time.  Further, staffing alone is not indicative of the delivery of care. Defendants have provided a summary of all staffing reports in a Rule 1006 Summary exhibit; Prejudice (FRE 403)(confusing, misleading, waste of time); hearsay (FRE 802) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0284 | X | | | | | Hearsay (FRE 802); Relevance (FRE 402) and prejudice (FRE 402). These Wexford reports cover JUL/AUG 2012 at the start of privatization. The reports were historically inaccurate and unreliable. The prejudice is therefore outweighed by the marginal probative value. |
| 2-0285 | X | X | X | | | Hearsay (FRE 802); Relevance (FRE 402) and prejudice (FRE 402). These Wexford reports cover JUL 2012 at the start of privatization. The reports were historically inaccurate and unreliable. The prejudice is therefore outweighed by the marginal probative value. |
| 2-0286 | X | X | X | | | Hearsay (FRE 802); Relevance (FRE 402) and prejudice (FRE 402). These Wexford reports cover AUG 2012 at the start of privatization. The reports were historically inaccurate and unreliable. The prejudice is therefore outweighed by the marginal probative value. |
| 2-0287 | X | X | X | | | Hearsay (FRE 802); Relevance (FRE 402) and prejudice (FRE 402). These Wexford reports cover SEPT 2012 at the start of privatization. The reports were historically inaccurate and unreliable. The prejudice is therefore outweighed by the marginal probative value. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0288 | X | X | X | | | Hearsay (FRE 802); Relevance (FRE 402) and prejudice (FRE 402). These Wexford reports cover OCT 2012 at the start of privatization. The reports were historically inaccurate and unreliable. The prejudice is therefore outweighed by the marginal probative value. |
| 2-0289 | X | X | X | | | Hearsay (FRE 802); Relevance (FRE 402) and prejudice (FRE 402). These Wexford reports cover NOV 2012 at the start of privatization. The reports were historically inaccurate and unreliable. The prejudice is therefore outweighed by the marginal probative value. |
| 2-0290 | | | X | | | Defendants object because this is an incomplete record (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The record of one inmate's death from cancer is not more or less probative of the issue whether constitutionally adequate care was provided or deliberate indifference. Further, defendants object that the document contains hearsay (FRE 801, 802), and/or hearsay within hearsay, regarding treatment and cause of the inmate's death. No hearsay exception applies. Defendants further object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records); improper expert opinion (FRE 702) regarding the cause of death. |
| 2-0291 | | X | | | | Defendants object because this is an incomplete record of the inmate's death (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). A news release of an inmate's death is not more or less probative of the issue whether constitutionally adequate care was provided or deliberate indifference. Further, the notice is hearsay (FRE 801, 802). No hearsay exception applies. Defendants also object to foundation because the author of the new release and source of the data are not identified, see also MIL # 2. |
| 2-0292 | | X | X | | | Defendants object because this is an incomplete record of the inmate's medical grievance history. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Without detail or context, a single grievance response is not more or less probative of the issue whether constitutionally adequate care was provided or deliberate indifference. Further, the document is hearsay (FRE 801, 802, 805) and contains hearsay within hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of the inmate's account of his health condition and the medical treatment history. No hearsay exception applies. |
| 2-0293 | | | X | | | Defendants object because this is a voluminous compilation that includes a variety of different documents that address a wide-variety of issues, including correspondences between counsel to the parties regarding various named Plaintiffs (Brislan, Verduzco, Parsons, Chisholm, Polson, Smith, Swartz), an email, and an informal resolution response. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The exhibit begins with a political advocacy group's correspondence to defense counsel regarding Brislan, who has been dismissed from this case. Brislan's claims are not relevant. At the end of the document is a response to an informal letter by Brislan regarding legal mail and legal calls. These correspondences are not more or less probative of whether constitutionally adequate care was provided, or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | for those reasons, but also because it includes allegations regarding the remaining named plaintiffs.  Further, defendants object that the entire exhibit is replete with  hearsay (FRE 801, 802, 805) and hearsay within hearsay.  The letters from Plaintiffs' counsel merely parrot the allegations of the complaint; yet, are being offered to prove the truth of those claims. The statements in the email and response to the inmate letter also contain hearsay. No hearsay exception applies. Moreover, the authors of the letters lack personal knowledge of the events (FRE 602) and  are unqualified to offer opinion on the adequacy of care alleged (FRE 701). Moreover, the allegations contain legal conclusions regarding liability. And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondences pertain to statements made during negotiation/settlement of the claims (FRE 408).  As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create their own evidence and present them as trial exhibits to prove plaintiffs' claims.  Defendants also object that the inmate response was never disclosed, MIL # 1. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0294 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802, 805) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate now needs urgent care because of delayed treatment, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0295 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802, 805) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate needs urgent care for an infectious disease because of delayed treatment, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0296 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802, 805) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate now needs urgent care because of delayed treatment, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408).  As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0297 | | | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802, 805) and hearsay within hearsay.  The letter from Plaintiffs' counsel alleges that Plaintiff Wells has been denied adequate care/medication, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0298 | | | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802, 805) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that Plaintiff Polson has been denied or delayed dental and mental health care, as well as a special diet; yet, it is being offered to prove the truth of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0299 | | X | X | | PLTF-PARSONS-031312: MT; PLTF-PARSONS-031316: MT; PLTF-PARSONS-031317: MT; PLTF-PARSONS-031318: MT; PLTF- | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The exhibit begins with a letter to an unknown recipient, presumably the clemency board, advocating for release of an inmate with cervical cancer. Attached to it are documents that include a medical evaluation from the clemency board, a consult letter that has been altered with handwritten notes and marks in the margins, and several pages of from the inmate's medical chart. These documents are not more or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | PARSONS-031319: MT; passim. | less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial, given the nature of the illness and the altered documents.  Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay, including statements in the advocacy letter alleging inadequate care; yet, is being offered to prove the truth of that claim. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and not  competent to offer opinion on the adequacy of care alleged (FRE 701).  And the exhibit lacks foundation because the  witness has not been identified, see also MIL # 2. |
| 2-0300 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | The letter from Plaintiffs' counsel alleges that an inmate has been denied adequate care despite submitting multiple HNRs, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0301 | | | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence and attached HNRs are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit is also confusing, misleading, and unfairly prejudicial, particularly where the last document has been altered in handwriting. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that Plaintiff Jensen has been denied adequate care/medication and monitoring despite submitting multiple HNRs, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. The HNRs likewise contain hearsay of these allegations. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0302 | | | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that Plaintiffs' counsel's demand letter raised issues from their complaint;  yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701).  And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |
| 2-0303 | | | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence and attached HNRs are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial, particularly where the last document has been altered in handwriting. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that Plaintiff Jensen has been denied adequate care/medication regarding catheters, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. It also contains hearsay of Jensen's wife and nurse's statements regarding the issue. No |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0304 | | | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that Plaintiffs' counsel's demand letter raised issues from their complaint; yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |
| 2-0305 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has not received responses to HNRs requesting specialty care that was recommended to him, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0306 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has not received care that a specialist recommended, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0307 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has been denied adequate care and not received medication and medical devices, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701).  And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0308 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has not received care that a specialist recommended, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0309 | | X | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that Plaintiffs' counsel's demand letter raised issues from |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | their complaint; yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |
| 2-0310 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has not seen a specialist despite repeated requests, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0311 | | X | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that Plaintiffs' counsel's demand letter raised issues from their complaint;  yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701).  And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408).  As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0312 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has been denied specialty care that providers ordered, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0313 | | X | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that Plaintiffs' counsel's demand letter raised issues from their complaint; yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | alleged (FRE 701). And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |
| 2-0314 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has been denied adequate care, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701).  And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408).  As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0315 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has not received adequate care despite |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | submitting multiple HNRs, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701).  And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408).  As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0316 | | X | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is not more or less probative of whether constitutionally adequate care was provided or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that Plaintiffs' counsel's demand letter raised issues from their complaint; yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0317 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has received no responses to multiple HNRs requesting specialty care and has been denied adequate treatment, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0318 | | X | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that an inmate has been denied specialty care that a provider recommended, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. The hearsay also includes statements of what the provider supposedly said. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408).  As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0319 | | | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is also confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. The letter from Plaintiffs' counsel alleges that Plaintiff Wells has been denied adequate care/medication, merely repeating allegations of the complaint; yet, it is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence and present it as trial exhibits to prove plaintiffs' claims. |
| 2-0320 | | X | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' counsel's demand letter raised issues from their complaint; yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |
| 2-0321 | | X | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is not more or less probative of whether |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | constitutionally adequate care was provided or deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that Plaintiffs' counsel's demand letter raised issues from their complaint;  yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701).  And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408).  As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0322 | | | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that Plaintiffs' counsel's demand letter raised issues from their complaint; yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701). And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408).  As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |
| 2-0323 | | | X | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence appears to be a response from defense counsel in response to Plaintiff's counsel's demand letter and is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is misleading, and unfairly prejudicial.  Further, defendants object that the exhibit contains hearsay (FRE 801, 802) and hearsay within hearsay regarding Jensen's treatment and what providers recommended. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701).  And the exhibit lacks foundation because defense counsel cannot testify, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims in this case (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |
| 2-0324 | X | X | | | | MISSING |
| 2-0325 | | X | | | | Defendants object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The correspondence--a response from Corizon's counsel to Plaintiff's counsel's demand letter, stating that it will be forwarded to defense counsel for review--is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The exhibit is vague and confusing, misleading, and unfairly prejudicial. Further, defendants object that the exhibit contains |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay (FRE 801, 802) and hearsay within hearsay. Corizon's counsel's response refers to legal obligations to deliver healthcare, suggesting that Plaintiffs' counsel's demand letter raised issues from their complaint;  yet the letter is being offered to prove the truth of those claims. No hearsay exception applies. Moreover, the author lacks personal knowledge of the events (FRE 602) and is unqualified to offer opinion on the adequacy of care alleged (FRE 701).  And the exhibit lacks foundation because Corizon's counsel not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondence pertains to statements made during negotiation/settlement of the claims in this litigation, and cites to it (FRE 408).  As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create evidence by issuing a letter to illicit a response, then present the response as a trial exhibit to prove plaintiffs' claims. |
| 2-0326 | | X | X | | | Defendants object because this is a voluminous compilation that includes a variety of different documents that address several issues, including correspondences between counsel and/or parties regarding inmate Nordstrom.  Defendants also object because the exhibit is an incomplete record of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The exhibit begins with a letter from plaintiffs' counsel , 18 pages of illegible HNRs and responses that have been altered with handwritten remarks, between which is a letter from a party responding to an attorney of an advocacy group (also altered with markings at the top and bottom of the page)- that not only makes it prejudicial but also difficult to object to.  Further, defendants object that the entire exhibit is replete with hearsay (FRE 801, 802) and hearsay within hearsay.  The letter from Plaintiffs' counsel merely repeat the allegations in the complaint that the inmate has been denied repeated requests to see an offsite specialist that a provider recommended; yet, are being offered to prove the truth of those claims. The statements in Ryan's letter responding to the attorney of the advocacy group, and in the HNRs and altered responses also contain  hearsay. No hearsay exception applies. Moreover, the authors of the letters lack personal knowledge of the events (FRE 602) and the attorneys is unqualified to offer opinion on the adequacy of care alleged (FRE 701). Moreover, the allegations contain legal conclusions |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding liability. And the exhibit lacks foundation because Plaintiffs' counsel cannot testify and, in any event, has not been identified as a witness in this case, see also MIL # 2. Defendants further object that the correspondences pertain to statements made during negotiation/settlement of the claims (FRE 408). As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create their own evidence and present them as trial exhibits to prove plaintiffs' claims. |
| 2-0327 | | | X | | ADC423761: Staff; ADC423762: Staff; ADC423763: Staff; ADC423764: Staff; ADC423765: Staff; passim. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials, addressing numerous issues outside the time and scope of the claims certified in this case. Such evidence is not only irrelevant but may be inflammatory, confusing, waste of time, and cumulative. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | process"). |
| 2-0328 | | | X | | ADC423995: Staff | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials, addressing numerous issues outside the time and scope of the claims certified in this case. Such evidence is not only irrelevant but may be inflammatory, confusing, waste of time, and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | cumulative. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0329 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). The investigation report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials, addressing numerous issues outside the time and scope of the claims certified in this case. Such evidence is not only irrelevant but may be inflammatory, confusing, waste of time, and cumulative. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0330 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigation report of an inmate's natural death is not more  or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials, addressing numerous issues outside the time and scope of the claims certified in this case. Such evidence is not only irrelevant but may be inflammatory, confusing, waste of time, and cumulative. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0331 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's death from suicide is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0332 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0333 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's death from spinal stenosis is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0334 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | autopsy report, death certificate and various other investigative materials, addressing numerous issues outside the time and scope of the claims certified in this case. Such evidence is not only irrelevant but may be inflammatory, confusing, waste of time, and cumulative. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0335 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigation report of an inmate's natural death is not more  or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0336 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death from cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0337 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from lung cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0338 | | | X | SSN ADC422691: NOK | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). A death certificate and forensic drug test results of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0339 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). The report of a 77-year-old inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0340 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death from liver disease is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0341 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0342 | | | X | X | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death from cirrhosis of the liver due to chronic alcohol abuse is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0343 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of a 75-year-old inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0344 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0345 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's death from suicide is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0346 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0347 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from heart disease is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0348 | | | X | X | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's death from AIDS is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0349 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's death from cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0350 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's death from endocarditis and intravenous drug abuse is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0351 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's death from heart disease is not more or less |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0352 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's death from cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0353 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0354 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's sudden death from heart attack and forensic test results from the autopsy are not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0355 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0356 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report and forensic labs of an inmate's death from a homicide, without |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | circumstances of death, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0357 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0358 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The criminal investigation report of an inmate's sudden death from heart disease is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0359 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0360 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0361 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an 80-year-old inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0362 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0363 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from a stroke, leukemia, liver cirrhosis, and heart disease is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0364 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from heart disease and cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0365 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0366 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's death from AIDS is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0367 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0368 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0369 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0370 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death from leukemia is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0371 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death from lung cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0372 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death from heart disease is not more or less probative of Plaintiffs' claims that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0373 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0374 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0375 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from heart disease is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0376 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0377 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from cancer is not more or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0378 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from lung cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0379 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death from cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0380 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0381 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from cancer and heart disease is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0382 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an inmate's natural death from heart disease is not more |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0383 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of a 75-year-old inmate's natural death from heart disease is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0384 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0385 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0386 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0387 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigative report of an inmate's natural death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0388 |  | X | X |  |  | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). The investigative report of an inmate's natural death from heart disease is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0389 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigatory report of a staff member's response after finding an inmate unresponsive in is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also contains a death certificate, several photographs of the corpse showing rigor mortis, incomplete excerpts of post orders and a director order, a portion of an AIMS report of the inmate's disciplinary violations, portions of a CPR training guide, and a letter dismissing the staff member--thus addressing numerous issues that do not show deliberate indifference and are outside the scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incident.  No hearsay exception applies. The fact that the staff member was dismissed for not following rules and making inconsistent statements during the investigation is also being offered as improper character evidence against defendants (FRE 404).  Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0390 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigatory report of a staff member's response after finding an inmate unresponsive is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also contains a death certificate, incomplete excerpts of post orders, portions of an AIMS report, portions of the inmate's medical record, portions of training materials and log, etc.--thus, addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0391 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The administrative investigatory report of a staff member's response after finding an inmate unresponsive is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also contains a information/incident reports, a death certificate, incomplete excerpts of post orders and a director order, portions of an AIMS report, portions of the inmate's medical record, portions of training materials and log, and an autopsy report showing natural death from heart disease--thus, addressing |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0392 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care cause of death (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The administrative investigatory report |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of a staff member's response after finding a 77-year-old inmate unresponsive is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may also contain incomplete portions of post/director orders, information/incident reports, portions of an AIMS report, portions of the inmate's medical record, portions of training materials and log, and a mortality review showing natural death from heart disease--thus, addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0393 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and of numerous other issues. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The mandatory administrative investigatory report of a staff member's response after finding an inmate unresponsive is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may also contain incomplete portions post/director orders, information/incident reports, portions of an AIMS report, and other documents--thus, addressing numerous issues outside the time and scope of the claims certified in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-0394 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigatory report of a staff member's response after finding an inmate unresponsive is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may also contain incomplete portions of post/director orders, information/incident reports, portions of an AIMS report, and other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0395 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The administrative investigatory report of a staff member's response after finding an inmate unresponsive is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may also contain incomplete portions of post/director orders, information/incident reports, portions of an AIMS report, and various other documents addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0396 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigatory report of a staff member's response after finding an inmate unresponsive is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may also contain incomplete excerpts of post/director orders, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | information/incident reports, portions of an AIMS report, an autopsy report showing a natural death from heart disease, and other documents addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0397 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigatory report of a staff member's response to an inmate who suddenly died and fell out of a wheelchair, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may also contain incomplete excerpts of post/director orders, information/incident reports, portions of medical records, and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0398 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigatory report of a staff member's response to an inmate who suddenly collapsed to the floor, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may also contain incomplete |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | portions of post/director orders, information/incident reports, portions of medical records, staff training records, the inmate's property inventory list, and various other investigative materials addressing numerous issues outside the scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0399 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). A criminal investigation report of an inmate's death, which concluded that death was natural, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit contains an incomplete record of incident reports, portions of the inmate's medical records, and various other documents addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses interviewed during the investigation. No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also object to the extent the exhibit is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0400 | | X | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The color autopsy photos are not more or less probative of any issue in this case and is highly inflammatory. To the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703). Defendants further object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). |
| 2-0401 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigatory report of a staff member's response to an inmate who died after having difficulty breathing and pain in his side, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also contains incomplete records, including information/incident reports, portions of medical records, and various other investigative materials addressing numerous issues outside the scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0402 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigatory report of an isolated incident where, an inmate committed suicide when a lieutenant failed to post another officer on the floor while the assigned officer was escorting another inmate to the health unit, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also contains a letter and response regarding the staff disciplinary charges, thus addressing numerous issues outside the scope of the claims certified in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.  Defendants object that the exhibit is improper character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0403 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). The administrative investigatory report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of medical records, AIMS reports, post/director orders, staff training materials and schedules, and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0404 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigatory report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of medical records, AIMS reports, post/director orders, staff training materials and schedules, and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0405 | | | X | | ADC024376: STG; ADC024378: STG; ADC024429: | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | STG; ADC024430: STG; ADC024431: STG; passim. | unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials, addressing numerous issues outside the time and scope of the claims certified in this case. Such evidence is not only irrelevant but may be inflammatory, confusing, waste of time, and cumulative. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0406 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The administrative investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) as well as voluminous health records that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0407 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").   Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) as well as voluminous health records |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0408 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) as well as numerous health records that should stand alone as separate exhibits and that make more specific objections unworkable. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0409 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The administrative investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative investigations and hundreds of pages from the inmate's medial record) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0410 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). The administrative investigatory report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0411 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigatory report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | orders, staff training materials and schedules, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0412 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) as well as health records that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0413 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial).  The administrative investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) as well as numerous health records that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0414 | | X | X | | ADC025314: Inmate name | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence (FRE 404). Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0415 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The administrative investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0416 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").  Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0417 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). The administrative investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0418 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0419 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | process"). |
| 2-0420 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0421 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) and health records, that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0422 | | X | X | | ADC026710: STG | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0423 | | | X | | ADC026770: CC; ADC026791: Staff; ADC026792: Staff; ADC026793: Staff. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate reports (administrative investigation and medical examiner report) that should stand alone as separate exhibits and that make more specific objections unworkable. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0424 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0425 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative investigation and mortality review) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0426 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The criminal investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0427 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").  Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigations) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0428 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigation report of an inmate's death is not more  or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials, addressing numerous issues outside the time and scope of the claims certified in this case.  Such evidence is not only irrelevant but may be inflammatory, confusing, waste of time, and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | cumulative. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0429 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").  Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0430 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The  investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0431 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0432 | | | X | | ADC037798: MT; ADC037799: MT; ADC037800: MT; ADC037801: MT; ADC37802: MT; passim. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (mortality review, criminal investigation, and medical examination), as well as hundreds of pages of health records, that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0433 | | | X | | ADC044850: NOK. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). The mortality review report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").  Defendants further object that this is a voluminous exhibit that contains multiple, separate records (Mortality review report and numerous health records) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0434 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The  investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate records (incomplete health records and medical examination report) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0435 | | | X | | ADC065694: Staff; ADC065695: Staff; ADC0655696: Staff; ADC065697: Staff; ADC065698: Staff; passim. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The criminal investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0436 | | | X | | ADC038909: CC; ADC039025: CC; ADC039026: CC; ADC039029: PC; passim. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The criminal investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative and criminal investigations) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0437 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). The criminal investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0438 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The  investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0439 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").  Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0440 | | | X | | ADC042090: MT; ADC042091: MT; ADC042092: MT; ADC042093: MT; ADC042093: MT; passim. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").   Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0441 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The  investigation report of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0442 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0443 | | | X | | ADC044188: MT; ADC044190: MT; ADC044191: MT; ADC044192: MT; ADC044193: MT; passim. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").  Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | separate exhibits and that make more specific objections unworkable. |
| 2-0444 | | | X | | ADC044504: MT; ADC044505: MT; ADC044506: MT; ADC044507: MT; ADC044508: MT; passim. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0445 | | | X | | ADC045086: MT; ADC045087: MT; ADC045088: MT; ADC045089: MT; ADc045090: MT; passim. | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The  investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0446 | | | X | | ADC046420: MT; ADc046421: MT; ADC046424: MT; | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigative report of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC046427: MT; ADC046429: MT; passim. | inmate's natural death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also contains numerous medical records that are also incomplete and may predate privatization of healthcare and do not include the entirety of treatment post privatization. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0447 | | | X | | ADC047450: Staff; ADC047451: Staff | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and autopsy) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0448 | | | X | SSN | ADC047838: Staff; PLTF-PARSONS-002116: NOK | Defendants object because this is a voluminous exhibit multiple separate reports and other records that should stand alone as separate exhibits and makes objections unworkable. Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). A criminal investigation report of an inmate's death, which concluded that death was natural, is not more or less probative of plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may also contain incomplete records, including information/incident reports, portions of the inmate's medical records, photographs of the autopsy, death certificate and/or autopsy report, and various other documents addressing numerous issues outside the time and scope of the claims certified in this case. Moreover, pages 239 to 1042 are not the report or investigatory materials, but documents that plaintiffs have added to the end of the report. These documents include: a Rule 11 mental examination in a prior criminal case and competency finding, hundreds of pages of healthcare records from other sources, a letters from the inmate's attorney to various non-parties and/or the response--all which predate predate ADC custody and therefore unrelated to the claims in this case. Regarding these records that were added, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs lack foundation.  Defendants  object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses interviewed during the investigation and in the voluminous records that plaintiffs added. No hearsay exception applies. Defendants further object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0449 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and autopsy) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0450 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and color photos from autopsy by medical examiner) that should stand alone as separate exhibits and that make more specific objections unworkable. The 36 autopsy color photos are not only irrelevant, but gruesome and inflammatory. |
| 2-0451 | | | X | | ADC062002: CC | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and autopsy) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0452 | | | X | | ADC062328: Staff; ADC062329: Staff; ADC062330: Staff: ADC062331: Staff | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0453 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and autopsy) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0454 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The criminal investigation report of an inmate's death is not more or less |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0455 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The  investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0456 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0457 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0458 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0459 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0460 |  |  | X |  |  | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The  investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0461 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0462 | | | X | | ADC066305: CC | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. The last 31 pages are photographs of the deceased.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0463 | | | X | | ADC066495: CC | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0464 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and autopsy) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0465 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0466 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The mortality review of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0467 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more probative of Plaintiffs' |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (mortality review and criminal investigation, psychological autopsy) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0468 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The mortality review report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0469 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The mortality review report of an inmate's death is not more or less probative of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0470 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The mortality review report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify  regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0471 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (mortality review and administrative investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0472 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (mortality review and incomplete portion of a criminal investigation report) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0473 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The administrative |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0474 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The supplemental criminal investigation report of an inmate's accidental death from drug overdose is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the dangers of confusing the issues, and is misleading and unfairly prejudicial. The criminal investigation report is not provided, but 49 of the 61 pages of the supplement are color photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (criminal investigation and medical examination) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0475 | | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The psychological autopsy report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The report addresses issues outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0476 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health records. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference. Without context, the exhibit is confusing, misleading, a waste of time and unfairly prejudicial, as it addresses outside the time |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0477 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial).  The  investigation report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials addressing numerous issues outside the time and scope of the claims certified in this case.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.  Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that contains multiple, separate investigation reports (administrative investigation and psychological autopsy) that should stand alone as separate exhibits and that make more specific objections unworkable. |
| 2-0478 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The psychological autopsy report is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and unfairly prejudicial. The exhibit contains information addressing issues that predate privatization of care and are outside the time and scope of the claims certified in this case. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0479 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical/mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The  mortality review of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | based solely on activities relating to the quality assurance process"). |
| 2-0480 | | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical, mental health care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The mortality review report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0481 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.  Improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of dental  treatment. Incomplete record as it pertains to the inmate's dental  care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's dental  care. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0482 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.  Improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of dental  treatment. Incomplete record as it pertains to the inmate's dental  care. (FRE 106).  Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's dental  care. |
| 2-0483 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.  Improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  an incomplete record as it pertains to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0484 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.  Improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or  the cause of death. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0485 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0486 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | death. an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0487 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0488 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.  Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of dental treatment. Incomplete record as it pertains to the inmate's dental care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's dental care |
| 2-0489 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.  Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  an incomplete record as it pertains to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0490 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of dental treatment. Incomplete record as it pertains to the inmate's dental care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's dental care. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0491 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0492 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | death. Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0493 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0494 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0495 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | death. Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0496 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0497 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0498 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of dental treatment. Incomplete record as |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | it pertains to the inmate's dental care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's dental care. |
| 2-0499 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of dental treatment. Incomplete record as it pertains to the inmate's dental care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's dental care. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0500 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of dental treatment. Incomplete record as it pertains to the inmate's dental care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's dental care. |
| 2-0501 | X | X | | | | (FRE 703) to the extent an expert relied on this information, the exhibit may not be received into evidence, nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. Incomplete record as it pertains to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and/or the cause of death. |
| 2-0502 | | | X | SSN | ADC_D000067 : HOU; ADC_D000068 : HOU; ADC_D000069 : HOU; ADC_D000070 : HOU; ADC_D000075 : HOU; passim. | Voluminous exhibit containing all dental records copied for Defendants' dental expert, Dr. Dovgan, to review for his original expert report. This exhibit includes records for nearly 200 inmates, which should stand alone as separate exhibits, making specific objections to the content unworkable; prejudice (FRE 403) (misleading, confusion of issues, waste of time, cumulative); duplicative of Defendants' Ex. 2-1887; 2-1936; 2-2255; 2-2287; 2-2781; 2-2021; 2-2042; 2-2196, 2-2457; 2-2379; 2-2471; 2-2632; 2-2863; 2-2873; 2-2500; 2-2038; 2-2478; 2-2501; 2-2618; 2-2881; and 2-2336. Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0503 | | | X | | ADC041340: MT; ADC041341: MT; ADC041342: MT; ADC041355: MT. | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0504 | | X | X | | ADC041604: HOU; ADC041605: HOU; ADC041606: HOU; ADC041607: HOU; | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0505 | | | X | | ADC042665: MT; ADC042666: MT; ADC042667: MT; ADC042668: MT; ADC042669: MT; passim. | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0506 | | X | X | | ADC042741: HOU; ADC042743: HOU; ADC042744: HOU; | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  MIL #4; relevance |

2-689

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC042745: HOU; ADC042746: HOU; passim. | (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0507 | | | X | | ADC042836: MT; ADC042837: MT; ADC042838: MT; ADC042839: MT; ADC042840: MT; passim. | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0508 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0509 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0510 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0511 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object to the characterization of these records as death records, as they appear to contain only medical records, not mortality reviews or death investigations. |
| 2-0512 | | X | X | | ADC046444: HOU; ADC046445: HOU; ADC046447: HOU; | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC046448: HOU; ADC046449: HOU; passim. | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object to the characterization of these records as death records, as they appear to contain only medical records, not mortality reviews or death investigations. |
| 2-0513 | | X | X | | ADC046780: HOU; ADC046781: HOU; ADC046782: HOU; ADC046783: | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | HOU; ADC046784: HOU; passim. | misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0514 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0515 | | X | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). Defendants further object that the consultant's portion of the report is blank. |
| 2-0516 | | X | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0517 | | | X | | ADC107999: HOU; ADC108000: HOU; ADC108004: HOU; ADC108005: HOU; ADC108006: HOU; passim. | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Plaintiffs' exhibit contains only an excerpt of the inmate's medical records produced by Defendants and omits ADC089611-ADC091463. Defendants' Ex. 2-2772 contains the entirety of the inmate's medical records produced by Defendants.MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0518 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0519 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0520 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | treatment post-privatization.  MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0521 | | X | X | | ADC133194: HOU; ADC133199: HOU; ADC133208: HOU; ADC133209: HOU; ADC133210: HOU; passim. | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0522 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0523 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0524 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0525 | | | X | | ADC135571: HOU; ADC135575: HOU; ADC135576: HOU; ADC135580: HOU; ADC135581: HOU; passim. | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). This exhibit omits updated records for this inmate (ADC308618-674), which are separately contained in Plaintiffs' exhibit 2-0961. Defendants' Ex. 2-2937 contains the entirety of the medical records produced by Defendants for this inmate. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical files not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 805). |
| 2-0526 | | | X | | ADC135733: HOU; ADC135734: HOU; ADC135743: HOU; ADC135744: HOU; ADC135745: HOU; passim. | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative) this exhibit omits updates to this inmate's medical records (ADC367717-ADC368156 and ADC370188-ADC370194). Defendants' Ex. 2-1829 contains the complete records produced by Defendants for this inmate. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0527 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2000. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0528 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0529 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). FRE 403 (cumulative) Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | for this inmate is contained in Plaintiffs' exhibit 2-2650. Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0530 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1807. Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence.  Defendants object that statements in the inmate's records not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0531 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence.  Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0532 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1880. Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0533 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (cumulative).Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1882. Defendants object that the records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0534 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1897. Defendants object that the records contain opinions which were not  properly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0535 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1969. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0536 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1972. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0537 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2036. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0538 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2023. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0539 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2045. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0540 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0541 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0542 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  FRE 403 (cumulative). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2068. Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0543 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative).Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2092. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0544 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (cumulative).Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2155. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0545 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2162. Defendants object that the records contain opinions which were not properly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0546 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative).Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2216. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0547 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative).Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2238. Defendants object that the records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0548 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0549 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2328. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0550 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative).Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2394. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0551 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative).Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2439. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0552 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2442. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0553 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2444. Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0554 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2555. Defendants object that the records contain opinions which were not  properly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0555 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2579. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0556 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2581. Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0557 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2620. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0558 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2642. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0559 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2660. Defendants object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0560 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2668. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0561 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2678. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0562 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2702. Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0563 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2587. Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0564 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2743. Defendants object that the records contain opinions which were not  properly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0565 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2747. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0566 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2809. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0567 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2832. Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0568 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization.  FRE 403 (cumulative). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2850. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0569 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2867. Defendants object that the records contain opinions which were not properly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0570 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2937. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0571 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records from an expert tour (ADC136716-ADC136722) with a portion of the inmate's complete medical records (ADC152371-ADC153326), but omit an update to the inmate's medical records (ADC308675-ADC309119). Defendants' Ex. 2-2940 is comprehensive. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0572 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1884. Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0573 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0574 | | | X | | ADC146078: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | from an expert tour (ADC136726-ADC136735) with a portion of the inmate's complete medical records (ADC146070-ADC146393), but omit an update to the inmate's medical records (ADC344837-344873). Defendants' Ex. 2-2193 is comprehensive. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0575 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0576 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2421. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0577 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records from an expert tour (ADC136741-ADC136745) with a portion of the inmate's complete medical records (ADC149080-ADC149766), but omit an update to the inmate's medical records (ADC314571-ADC314727), which is contained at Plaintiffs' exhibit 2-0979.  Defendants' Ex. 2-2462 is comprehensive. Defendants object that the records contain opinions which were not  properly disclosed by Plaintiffs  pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0578 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records from an expert tour (ADC136746-ADC136752) with a portion of the inmate's complete medical records (ADC146816-146887), but omit an update to the inmate's medical records (ADC314728-314769). Defendants' Ex. 2-2504 is comprehensive. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 805). |
| 2-0579 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2525. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0580 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The subsequent records for this inmate are contained in Plaintiffs' exhibit 2-2657. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0581 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. FRE 403 (cumulative). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2888. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0582 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2945. |
| 2-0583 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1866. |
| 2-0584 | | | X | SSN | ADC156500: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records from an expert tour (ADC136770-ADC136780) with a portion of the inmate's complete medical records (ADC156490-ADC156722), but omit an update to the inmate's medical records (ADC286667-ADC286711), which |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | is contained at Plaintiffs' exhibit 2-0856. Defendants' Ex. 2-2054 is comprehensive. |
| 2-0585 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not  properly  disclosed by Plaintiffs pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence.  Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0586 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2090. |
| 2-0587 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2158. |
| 2-0588 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2183. |
| 2-0589 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not  properly  disclosed by Plaintiffs pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence.  Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0590 | | | X | X | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0591 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records from an expert tour (ADC136802-ADC136805) with a portion of the inmate's complete medical records (ADC157011-ADC157846), but omit an update to the inmate's medical records (ADC288914-ADC289044), which is contained at Plaintiffs' exhibit 2-0868. Defendants' Ex. 2-2340 is comprehensive. |
| 2-0592 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records from an expert tour (ADC136806-ADC136815) with a portion of the inmate's complete medical records (ADC159757-ADC160075), but omit an update to the inmate's medical records (ADC289738-ADC289738), which is contained at Plaintiffs' exhibit 2-00875. |
| 2-0593 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2760. |
| 2-0594 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2829. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0595 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2835. |
| 2-0596 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2858. |
| 2-0597 | | | X | | ADC161477: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records from an expert tour (ADC136902-ADC136905) with a portion of the inmate's complete medical records (ADC161467-ADC161902), but omit an update to the inmate's medical records (ADC292630-ADC292678), which is contained at Plaintiffs' exhibit 2-0888. |
| 2-0598 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0599 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0600 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1851. |
| 2-0601 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-1922. |
| 2-0602 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0603 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0604 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2129. |
| 2-0605 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2141. |
| 2-0606 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2172. |
| 2-0607 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2225. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0608 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2240. |
| 2-0609 | | | X | SSN | ADC146418: NOK; ADC146423: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit combines an excerpt of the inmate's medical records from one of Plaintiffs' expert tours with subsequent medical records of the inmate, which are duplicative of Plaintiffs' exhibit 2-0663. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0610 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The subsequent records for this inmate are contained in Plaintiffs' Ex. 2-2425. |
| 2-0611 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' Ex. 2-2509. |
| 2-0612 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0613 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2568. |
| 2-0614 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2820. |
| 2-0615 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2934. |
| 2-0616 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0617 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file. The complete file is contained in Plaintiffs' exhibit 2-1889. |
| 2-0618 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1895. |
| 2-0619 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0620 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1910. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0621 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1953. |
| 2-0622 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1983. |
| 2-0623 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2074. |
| 2-0624 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2082. |
| 2-0625 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-206. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0626 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0627 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0628 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0629 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0630 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records from an expert tour (ADC137149-ADC137163) with a portion of the inmate's complete medical records (ADC159526-ADC159756), but omit an update to the inmate's medical records (ADC289656-ADC289737), which is contained at Plaintiffs' exhibit 2-0875, at omit an additional update to the inmate's medical records (ADC328895-ADC329011) entirely. |
| 2-0631 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0632 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0633 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0634 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0635 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2900. |
| 2-0636 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1878. |
| 2-0637 | | | X | | ADC143579: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1893. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0638 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1916. |
| 2-0639 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0640 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0641 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1995. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0642 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2047. |
| 2-0643 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-2126. |
| 2-0644 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0645 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2160. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0646 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0647 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2272. |
| 2-0648 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0649 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2309. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0650 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2314. |
| 2-0651 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0652 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2391. |
| 2-0653 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0654 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0655 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2647. |
| 2-0656 | | | X | | ADC151268: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that Plaintiffs improperly combine an excerpt of this inmate's medical records from an expert tour (ADC143753-ADC143772) with a portion of the inmate's complete medical records (ADC151261-ADC152602), but omit an update to the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical records (ADC302957-ADC302023), which is contained at Plaintiffs' exhibit 2-0938. Defendants' Ex. 2-2655 is comprehensive. |
| 2-0657 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2868. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0658 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0659 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2919. |
| 2-0660 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of dental and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0661 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0662 | | | X | | ADC146078: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants additionally object that this exhibit fails to include updates to this inmate's medical records produced by Defendants (ADC344837-344873). Defendants' Ex. 2-2193 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0663 | | | X | SSN | ADC146423: NOK; ADC146710: MT; ADC146711: MT; ADC146712: MT; ADC146713: MT; passim. | FRE 403 (cumulative). Defendants object that this exhibit is duplicative of Plaintiffs' exhibit 2-0609. Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | time period in this lawsuit was deliberately indifferent. |
| 2-0664 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants additionally object that this exhibit fails to include updates to this inmate's medical records produced by Defendants (ADC326512-326609). Defendants' Ex. 2-2278 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0665 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants additionally object that this exhibit fails to include updates to this inmate's medical records (ADC326512-326609), which are contained in Plaintiffs' exhibit 2-0866. Defendants' Ex. 2-2309 is comprehensive. |
| | | | | | ADC147144: NOK | MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0666 | | | X | SSN | ADC147561: MT; ADC147562: MT; ADC147563: MT; ADC147564: MT; ADC147565: MT; passim. | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). Defendants additionally object to the introduction of a large number of inmate letters and HNRs in this inmate's file regarding non-medical issues as containing hearsay for which there is no exception. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0667 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifferent. |
| 2-0668 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit improperly combines an excerpt of the inmate's records from one of Plaintiffs' expert tours with the inmate's complete medical records produced by Defendants. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that |
| | | | | | ADC148484: NOK | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0669 | | | X | | ADC148639: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). The exhibit omits the inmate's updated medical records (ADC284544-ADC284704), which are in Plaintiffs' exhibit 2-0845. Defendants' Ex. 2-2425 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0670 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). The exhibit omits the inmate's updated medical records (ADC314571-ADC314727), which are in Plaintiffs' exhibit 2-0979. Defendants' Ex. 2-2462 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0671 | | | X | | ADC149773: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). The exhibit omits the inmate's updated medical records (ADC290035-ADC290076), which are in Plaintiffs' exhibit 2-0876. Defendants' Ex. 2-2476 is comprehensive.MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0672 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). The exhibit omits the inmate's updated medical records (ADC314728-ADC314769). Defendants' Ex. 2-2504 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0673 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0674 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). This exhibit omits updated medical records for this inmate (ADC315768-ADC316012). Defendants' Ex. 2-2650 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0675 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). This exhibit omits additional dental records for this inmate (ADC145852-ADC145864). Defendants' Ex. 2-1942 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0676 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). MIL 4 |
| 2-0677 | | | X | | ADC151268: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  This exhibit omits updated records for this inmate (ADC302957 - ADC303023), which are contained in PLFS Ex. 2-0938. Defendants' Ex. 2-2655 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0678 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). This exhibit omits updated records for this inmate (ADC290774-ADC290902), which are contained in PLFS Ex. 2-0881. Defendants' Ex. 2-2680 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0679 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0680 | | | X | | ADC152086: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | FRE 403 (cumulative).  MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0681 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  Defendants object that this exhibit is partially duplicative of Plaintiffs' exhibit 2-0571.  However, both exhibits omit updated medical records for this inmate (ADC308675 - |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | ADC309119). Defendants' Ex. 2-2940 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0682 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). Defendants object that this exhibit omits updated dental records for this inmate (ADC170070 - ADC170079). Defendants' Ex. 2-2065 is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0683 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of dental and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0684 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0685 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0686 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0687 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). This exhibit omits additional dental records for this inmate (ADC145965 - ADC145971). Defendants' Ex. 2-2938 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0688 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-1823. |
| 2-0689 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0690 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0691 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0692 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0693 | | X | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is a one-page excerpt of this inmate's medical file from July 31, 2013. |
| 2-0694 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0695 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0696 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0697 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0698 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0699 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0700 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. |
| 2-0701 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0702 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. MIL |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0703 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file since 4/1/13 is contained in Plaintiffs' exhibit 2-1901. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0704 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-1951. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifferent. |
| 2-0705 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent medical records are contained in Plaintiffs' exhibit 2-1991. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0706 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0707 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2421. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0708 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent records are contained in Plaintiffs' exhibit 2-2455. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0709 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours.  The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2525. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifferent. |
| 2-0710 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent records are contained in Plaintiffs' exhibit 2-2595. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0711 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2607. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0712 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The complete file produced by Defendants for this inmate is contained in Plaintiffs' exhibit 2-2807. MIL #4; relevance (FRE 401, 402); prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0713 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file selected during one of Plaintiffs' expert tours. The inmate's subsequent records are contained in Plaintiffs' exhibit 2-2843. MIL #4; relevance (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0714 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file and omits two volumes of updated records (ADC234116 - ADC234127 and ADC322433 - ADC322512). Defendants' Ex. 2-1929 is comprehensive. MIL #4; |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0715 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits updated records (ADC286127 - ADC286219) which are separately contained in Plaintiffs' Ex. 2-0854. Defendants' Ex. 2-1989 is comprehensive. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0716 | | | X | | ADC156093: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0717 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0718 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits two volumes of updated records (ADC235533 - ADC235567 and ADC323921 - ADC324031). Defendants' Ex. 2-2075 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0719 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0720 | | | X | | ADC158331: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time).  Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0721 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits two volumes of updated records (ADC240312 - ADC240367, which is completely omitted from Plaintiffs' exhibits, and ADC297555 - ADC297755, which is contained in Plaintiffs' Ex. 2-0920). Defendants' Ex. 2-2409 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0722 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0723 | | | X | | ADC160775: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0724 | | | X | | ADC160819: NOK | Defendants object that this exhibit is an excerpt of this inmate's medical file and omits two volumes of updated records (ADC245878 - ADC245902, which is completely omitted from Plaintiffs' exhibits, and ADC307432 - ADC307520, which is contained in Plaintiffs' Ex. 2-0955). Defendants' Ex. 2-2883 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0725 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). There are no medical records from Michael Walliser in this exhibit as stated in the exhibit's description. Defendants' Ex. 2-2897 contains Michael Walliser's medical files. Instead, this exhibit is a voluminous exhibit containing multiple separate unrelated documents, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | including an excerpt from February 27, 2009 NCCHC audit report of ASPC-Winslow, correspondence relating to that audit, monthly statistical reports for ASPC-Winslow for FY 2009, peer review forms from 2008, a portion of the NCCHC update report for ASPC-Winslow from June 26, 2009, the November 12, 2010 NCCHC report for ASPC-Yuma, portions of the grievance file of Plaintiff Dustin Brislan dating back to 2004, portions of Plaintiff Brislan's medical records, statements from Plaintiff Brislan's inmate bank account, inmate letters from Plaintiff Brislan, and a portion of the grievance file of Plaintiff Jeremy Smith. Defendants object that these records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0726 | | | X | | ADC161477: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits updated records (ADC262630 - ADC262678), which are separately contained in Plaintiffs' Ex. 2-0888. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0727 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits updated records (ADC309231 - ADC309283), which are separately consolidated to make a complete set of records in both Plaintiffs' Ex. 2-0728 and Defendants' Ex. 2-2954. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in this lawsuit was deliberately indifferent. |
| 2-0728 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0729 | | | X | | ADC163999: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0730 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0731 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0732 | | | X | | ADC164388: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0733 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0734 | | | X | | ADC164551: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0735 |  |  | X |  |  | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0736 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0737 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0738 | | | X | | ADC165446: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0739 | | | X | SSN | ADC167541: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0740 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues. Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0741 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0742 | | | X | | ADC171309: NOK | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). |
| 2-0743 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits updated records (ADC285859 - ADC285900), which are separately contained in Plaintiffs' Ex. 2-0851. Defendants' Ex. 2-1813 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0744 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0745 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits updated records (ADC294623 - ADC294738), which are separately contained in Plaintiffs' Ex. 2-0898. Defendants' Ex. 2-1834 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0746 | | | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits two volumes of updated records (ADC295258 - ADC295288, which are separately contained in Plaintiffs' Ex. 2-0902, and ADC370219 - ADC370241, which are completely omitted from Plaintiffs' exhibits). Defendants' Ex. 2-1949 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0747 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits updated records (ADC311359 - ADC311388), which are separately contained in Plaintiffs' Ex. 2-0972. Defendants' Ex. 2-1966 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0748 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues).  Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26.  Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative).  Defendants object that this exhibit is an excerpt of this inmate's medical file and omits updated records (ADC295622 - ADC295928), which are separately contained in Plaintiffs' Ex. 2-2113. Defendants' Ex. 2-2113 is comprehensive. MIL #4; relevance (FRE 401, 402); prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (confusion of issues, misleading, waste of time). Defendants object that medical records that predate privatization fail to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 2-0749 | | | X | SSN | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues). Defendants object that the exhibit is an incomplete record of medical and other issues raised therein and does not include the entirety of treatment post-privatization. Defendants object that the records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants further object that pursuant to FRE 703, documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants object that statements in the inmate's medical file not made for the purpose of medical diagnosis or treatment may contain hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805). FRE 403 (cumulative). Defendants object that this exhibit is an excerpt of this inmate's medical file and omits updated records (ADC324732 - ADC3248781). Defendants' Ex. 2-2124 is comprehensive. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0750 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-8/19/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0751 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-8/19/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0752 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-10/11//13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0753 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-10/7/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0754 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-10/11/13. Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0755 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization  1/1/11-10/11/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0756 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-10/9/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0757 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-10/9/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0758 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0759 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0760 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-10/8/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0761 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0762 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0763 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0764 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/7/13. Defendants also object because the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0765 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/9/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0766 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/11/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0767 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0768 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/16/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0769 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0770 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0771 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0772 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/3/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0773 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0774 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/11/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0775 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/9/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0776 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0777 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/11/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0778 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/7/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0779 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0780 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0781 | | | X | | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/10/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0782 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization 1/1/11-10/11/13. Defendants also object because the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0783 | | | X | SSN | | Healthcare and do not include the entirety of treatment post privatization  1/1/11-10/7/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |
| 2-0784 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization 1/1/11-11/25/13. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants further object that the documents contain multiple layers of hearsay (FRE 801, 802, 805), including statements regarding inmate medical care. Defendants also object to improper disclosure of expert opinion under Rule 26(no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0785 | | | X | | | Relevance and Incomplete (FRE 106, 402). Defendants object because the exhibit is an incomplete record of the dental chart and treatment . (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0786 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0787 | | | X | SSN | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0788 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate privatization. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0789 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate privatization and statute of limitations. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0790 | | | X | SSN | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0791 | | | X | SSN | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0792 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate privatization. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0793 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate privatization. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0794 | | | X | SSN | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate privatization and statute of limitations. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0795 | | | X | SSN | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0796 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate privatization and statute |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of limitations. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0797 | | | X | | | Incomplete and relevance (FRE 106, 402).  This is only a partial record of the medical and other treatment.  Records predate privatization and statute of limitations. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0798 | | | X | | | Incomplete and relevance (FRE 106, 402).  This is only a partial record of the medical and other treatment.  Records predate privatization. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper expert opinion (FRE 702) |
| 2-0799 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate privatization. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0800 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate privatization. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0801 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate Statute of limitations and privatization. Nondisclosure under Rule 26; |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0802 | | | X | | | Incomplete and relevance (FRE 106, 402).  This is only a partial record of the medical and other treatment.  Records predate privatization and statute of limitations. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0803 | | | X | | | Defendants  object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-0804 | | | X | SSN | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0805 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0806 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Records predate Statute of limitations and privatization. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0807 | | | X | SSN | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0808 | | | X | | | Incomplete and relevance (FRE 106, 402). This is only a partial record of the medical and other treatment. Nondisclosure under Rule 26; prejudice (FRE 403) (confusing, misleading, unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial). (FRE 703)documents relied upon by experts may be read to trier of fact but not received in evidence. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); multiple layers of hearsay (FRE 801, 802, 805); improper expert opinion (FRE 702) |
| 2-0809 | | | X | SSN | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-0810 | | | X | SSN | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from (enter cause of death, e.g., suicide, cancer) is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | received in evidence) |
| 2-0811 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0812 | | | X | SSN | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0813 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0814 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0815 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer) is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0816 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0817 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0818 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0819 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The report of an inmate's death from  for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0820 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | report of an inmate's death from for , e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0821 | | | X | SSN | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0822 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0823 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0824 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0825 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0826 | | | X | | | Incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from for e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0827 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0828 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0829 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0830 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0831 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0832 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0833 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0834 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0835 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0836 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0837 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0838 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0839 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0840 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0841 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0842 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0843 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0844 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0845 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0846 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0847 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0848 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0849 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0850 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0851 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0852 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0853 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0854 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0855 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0856 | | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0857 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); ; hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0858 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0859 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0860 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0861 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0862 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0863 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0864 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0865 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0866 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0867 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0868 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0869 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0870 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0871 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0872 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0873 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0874 | | | X | | ADC289698: NOK; ADC290699: NOK; and ADC289700: NOK. | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0875 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0876 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) ; hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0877 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0878 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0879 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0880 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0881 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0882 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0883 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0884 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0885 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0886 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0887 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0888 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0889 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0890 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0891 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0892 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0893 | | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0894 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0895 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0896 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0897 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0898 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0899 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0900 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0901 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0902 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0903 | | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0904 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0905 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0906 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0907 | | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0908 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0909 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0910 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0911 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0912 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0913 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0914 | | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0915 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0916 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0917 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0918 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0919 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0920 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0921 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0922 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0923 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0924 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0925 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0926 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0927 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0928 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0929 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0930 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0931 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0932 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0933 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0934 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0935 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0936 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0937 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0938 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0939 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0940 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0941 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0942 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0943 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0944 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0945 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0946 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0947 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0948 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0949 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0950 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0951 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0952 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0953 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0954 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0955 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0956 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0957 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0958 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0959 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0960 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0961 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0962 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0963 | | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0964 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0965 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0966 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0967 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0968 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0969 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0970 | | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0971 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0972 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0973 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0974 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0975 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0976 | | | N/A | | This exhibit is damaged and cannot be opened, and therefore a | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | redactions review could not be made. | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0977 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0978 | | | X | | ADC182689: NOK | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0979 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0980 | | | X | SSN | ADC314811: LKA | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0981 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0982 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0983 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0984 | | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0985 | | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0986 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence) |
| 2-0987 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence) |
| 2-0988 | | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence); hearsay (FRE 801, 802); improper expert opinion (FRE 702) |
| 2-0989 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-0990 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-0991 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-0992 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-0993 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-0994 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-0995 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-0996 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-0997 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-0998 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-0999 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1000 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1001 | X | | | X | SSN | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1002 | X | | | X | SSN | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1003 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1004 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1005 | X | | X | SSN | ADC319656: NOK; ADC319706: PC; ADC319713; PC | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1006 | X | | X | SSN | ADC319776: NOK; ADC319777: NOK | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1007 | X | | X | | ADC321883: NOK | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1008 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1009 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1010 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1011 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1012 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1013 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1014 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1015 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1016 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1017 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1018 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1019 | X | | X | SSN | ADC323118: NOK | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1020 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1021 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1022 | X | | X | SSN | ADC323597: NOK | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1023 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1024 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1025 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1026 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1027 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1028 | X | | X | SSN | ADC324331: PC; ADC324332: PC; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1029 | X | | X | | ADC324335: CC; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1030 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1031 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1032 | X | | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26). The exhibit, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The exhibit is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | an incomplete record of the inmate's medical/mental health treatment and other issues raised therein. Defendants further object that the records may contain multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1033 | X | | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26). The exhibit, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The exhibit is an incomplete record of the inmate's medical/mental health treatment and other issues raised therein. Defendants further object that the records may contain multiple layers of hearsay offered to prove |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object that the exhibit includes information pertaining to pre-privatization of healthcare, MIL # 4 . |
| 2-1034 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 801, 802, 805). |
| 2-1035 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1036 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1037 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1038 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1039 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1040 | X | | X | | ADC325420: PC; ADC324425: PC; ADC325426: PC; ADC325427: PC; ADC325429: PC | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1041 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1042 | X | | X | | ADC325627: PC | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1043 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1044 | X | | X | SSN | ADC326027: NOK; ADC326032: JV; ADC326037: JV; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1045 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1046 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1047 | X | | X | SSN | ADC326460: NOK; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1048 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1049 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1050 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1051 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1052 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1053 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1054 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1055 | X | | X | | ADC327412: NOK | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1056 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1057 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1058 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1059 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1060 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1061 | X | | X | SSN | ADC328241: PC; ADC328242: PC; ADC328253: NOK | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1062 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1063 | X | | X | SSN | ADC328544: CI | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1064 | X | | X | | ADC328729-30: PC; ADC328733: JV; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1065 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1066 | X | | X | | ADC328975: NOK; ADC382978: NOK; ADC328979: | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | JV; | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1067 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1068 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1069 | X | | X | | ADC329370: PC; ADC329371: PC | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1070 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1071 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1072 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1073 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1074 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1075 | X | | X | SSN | ADC329963: NOK; ADC329970; NOK; ADC329976; NOK; ADC330255; NOK | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1076 | X | X | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1077 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1078 | X | | X | | ADC330500: KA | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1079 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1080 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1081 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1082 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1083 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1084 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1085 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1086 | X | | X | | ADC331592: NOK; ADC331640: NOK | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1087 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1088 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1089 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1090 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1091 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1092 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1093 | X | X | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1094 | X | | X | SSN | | Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1095 | X | | X | | | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1096 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1097 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1098 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1099 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1100 | X | X | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1101 | X | X | X | | ADC337524: NOK | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1102 | X | X | X | | | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1103 | X | | X | SSN | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1104 | X | | X | | | The report of an inmate's death e.g., suicide, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1105 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1106 | X | X | X | | ADC338608-338612: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1107 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence |
| 2-1108 | X | | X | SSN | ADC338866-338870: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1109 | X | | X | | ADC339004-339008: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1110 | X | | X | | ADC339196-339201: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1111 | X | | X | SSN | ADC339427-339433: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1112 | X | | X | | ADC339588-339593: MT | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | is substantially outweighed by its prejudicial effect. |
| 2-1113 | X | | X | | ADC339718-339722: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1114 | X | | X | | ADC339940-339944: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1115 | X | | X | | ADC340129-340133: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence |
| 2-1116 | X | X | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1117 | X | | X | SSN | ADC340667-340671: MT; passim | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1118 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1119 | X | | X | | ADC341943-341947: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1120 | X | | X | | | |
| 2-1121 | X | | X | | ADC343834-343838; MT; passim | |
| 2-1122 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1123 | X | | X | | ADC344125-344128: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1124 | X | | X | | | relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 801, 802, 805). |
| 2-1125 | X | | X | | ADC344461-344465: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1126 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1127 | X | | X | | | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1128 | X | | X | | ADC344987: NOK; ADC344876-344880: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1129 | X | | X | SSN | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1130 | X | | X | | ADC345237: NOK | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1131 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1132 | X | | X | | ADC345384-345388: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1133 | X | | X | | ADC345611-345613: MT; ADC345615-345616: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1134 | X | | X | | ADC345837-345841: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1135 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1136 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1137 | X | | X | | ADC346394-346399: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1138 | X | | X | | ADC346576-346580: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1139 | X | | | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1140 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1141 | X | | X | | | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1142 | X | | X | | ADC347205-347209: MT | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1143 | X | X | X | | ADC347282-347286: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1144 | X | X | X | | ADC347710-347714: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1145 | X | | X | | ADC348458-348462: MT; passim | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26). The exhibit, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The exhibit is an incomplete record of the inmate's medical/mental health treatment and other issues raised therein. Defendants further object that the records may contain multiple layers of hearsay offered to prove |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1146 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1147 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence). Hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 2-1148 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1149 | X | | X | SSN | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1150 | X | | X | | ADC349037-349041: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | is substantially outweighed by its prejudicial effect. |
| 2-1151 | X | | X | | ADC350472: NOK; ADC350489-350493: MT; passim | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1152 | X | X | X | | ADC350565-350570: MT; passim | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1153 | X | | X | | ADC351122-351126: MT; passim | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1154 | X | | X | | ADC351434-351436: MT | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1155 | X | X | X | | ADC351598-351602: MT; passim | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1156 | X | X | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1157 | X | X | X | | ADC352011-352015: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1158 | X | X | X | | ADC352531-352535: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1159 | X | X | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1160 | X | | X | | ADC353620-353624: MT; passim | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1161 | X | X | X |  |  | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1162 | X | | X | | ADC353793-353796: MT; ADC353804-353805: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1163 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1164 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1165 | X | | X | | ADC355162: MT; ADC355163: MT; ADC355174-355176: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1166 | X | | X | | ADC355382-355386: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1167 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1168 | X | | X | | ADC356000-356007: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1169 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1170 | X | | X | | ADC356538-356541: MT; ADC356557-356558:MT; passim | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1171 | X | | X | SSN | ADC356688-356692: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1172 | X | X | X | | | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1173 | X | X | X | | ADC356927: NOK | The report of an inmate's death  e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1174 | X | | X | SSN | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1175 | X | | X | | ADC357386-357387: MT; ADC357399-357401: MT; passim | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1176 | X | | X | | ADC357904-357908: MT; passim | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1177 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1178 | X | | X | | | The report of an inmate's death  e.g., suicide, cancer  is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1179 | X | | X | | ADC358436-358440: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1180 | X | | X | | ADC358874-358878: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1181 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1182 | X | | X | | ADC359645-359649: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1183 | X | X | X | | ADC359938-359942: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1184 | X | | X | | ADC360341-360345: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1185 | X | X | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1186 | X | X | X | | ADC360764-360768: MT; passim | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1187 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1188 | X | | X | | | The report of an inmate's death e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1189 | X | | X | | ADC361661-361665: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1190 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1191 | X | X | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1192 | X | | X | | ADC362118-362122: MT; passim | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1193 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1194 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1195 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1196 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1197 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1198 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1199 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1200 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1201 | X | | X | | ADC363277-363281: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1202 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1203 | X | | X | | ADC363437: MT; ADC363439: MT; ADC363440: MT; ADC363447: MT; ADC363448: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1204 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1205 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1206 | X | | X | | ADC363668-363669: MT; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1207 | X | X | X | | ADC364653-364657: MT; passim | Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. Defendants reassert the privileges of A.R.S.36-441-445. |
| 2-1208 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1209 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1210 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1211 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1212 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1213 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1214 | X | | X | | ADC365185-365187: MT; ADC365192; MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1215 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1216 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1217 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1218 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1219 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1220 | X | | X | | ADC371777: MT; ADC371778: MT; ADC371779: MT; ADC371780: MT; ADC371781: MT; passim. | Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The report of an inmate's death from (enter cause of death, e.g., suicide, cancer) is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1221 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| | | | | | ADC378568: MT | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1222 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1223 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1224 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1225 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1226 | X | | X | | ADC379469-379471: MT | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence |
| 2-1227 | X | | X | | ADC379518-ADC379523: MT; passim. | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1228 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1229 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies.  Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1230 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies.  Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1231 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies.  Defendants also object to improper disclosure  of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1232 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The single ORC report is out of context of the entire medical file. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1233 | X | | X | | ADC379721: MT; ADC379726: MT; ADC379727: MT; ADC379728: MT; ADC379730: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1234 | X | | X | | ADC379826:MT; ADC379827: MT; ADC379830: MT; ADC379831: MT; ADC379832: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1235 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The single ORC report is out of context of the entire medical file. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1236 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The single ORC report is out of context of the entire medical file. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1237 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The single ORC report is out of context of the entire medical file. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1238 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies.  Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1239 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies.  Defendants also object to improper disclosure  of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1240 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1241 | X | | X | | ADC379968: MT | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1242 | X | | X | | ADC380083-380087: MT; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1243 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in evidence |
| 2-1244 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1245 | X | | X | | ADC380617: MT | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1246 | X | | X | | ADC380688-380692: MT; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1247 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1248 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1249 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1250 | X | | X | | ADC381110-381115: MT | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1251 | X | | X | | ADC381300: MT; ADC381302: MT; ADC381303: MT; ADC381304: MT; ADC381305: MT; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1252 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1253 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1254 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1255 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The single ORC report is out of context of the entire medical file. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1256 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The single ORC report is out of context of the entire medical file. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1257 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1258 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1259 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1260 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1261 | X | | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1262 | X | | X | | ADC382156: MT; ADC382163-382167: MT; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1263 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1264 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1265 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1266 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1267 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1268 | X | | X | | ADC406629: MT; ADC406630: MT; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1269 | X | | X | | ADC407023-407027: MT; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1270 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1271 | X | | X | | ADC407267: MT; ADC407268: MT; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1272 | X | | X | | ADC407415: MT; ADC407416: MT; ADC407417: MT; ADC407418: MT; ADC407419: MT; passim | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1273 | X | | X | | ADC407669: MT; ADC407670: MT; | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC407671: MT; ADC407685: MT; ADC407686: MT; passim | were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1274 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1275 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1276 | X | | X | | ADC408188: MT; ADC408189: MT; ADC408190: MT; ADC408191: MT; ADC408192: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1277 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1278 | X | | X | | ADC408554-408558: MT; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1279 | X | | X | | ADC410012-410016: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1280 | X | | X | | ADC411147-411151: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1281 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1282 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1283 | X | | X | | ADC412951; MT; ADC412952: MT; ADC412960-412962: MT; passim | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1284 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1285 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1286 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1287 | X | | X | | ADC413461-413465: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1288 | X | | X | | ADC413545-413549: MT | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

2-1222

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1289 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1290 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1291 | X | | X | | ADC413882-413886: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1292 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1293 | X | | X | | ADC415306-415310: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1294 | X | | X | SSN | ADC415948: MT; ADC415949: MT; ADC415950: MT; ADC415951: MT; ADC415952: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1295 | X | | X | SSN | see above | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1296 | X | | X | | ADC416268: MT; ADC416269: MT; ADC416270: MT; ADC416271: MT; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1297 | X | | X | | ADC416490-416491: MT; ADC416532-416534: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1298 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1299 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1300 | X | | X | | ADC417338-417342: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1301 | X | | X | | ADC417501-417505: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1302 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1303 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1304 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1305 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1306 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1307 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1308 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1309 | X | | X | | ADC418489: MT; ADC418511: MT; ADC418512: MT; ADC418513: MT; ADC418518: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1310 | X | | X | | ADC418700: MT; ADC418701: MT; ADC418702: MT; ADC418703: MT; ADC418704: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1311 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1312 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1313 | X | | X | | ADC419584-419588: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1314 | X | | X | SSN | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1315 | X | | X | SSN | ADC419822: MT; ADC419823: MT; ADC419824: MT; ADC419826: MT; ADC419827: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1316 | X | | X | | ADC420012-420016: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1317 | X | | X | | ADC420148-420152: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1318 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1319 | X | | X | SSN | ADC420257: MT; ADC420258: MT; ADC420259: MT; ADC420260: MT; ADC420261: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1320 | X | | X | | ADC420370: MT; ADC420371: MT; ADC420372: MT; ADC420373: MT; ADC420374: MT; passim | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |

2-1238

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1321 | X | | X | | | Objection: Incomplete (FRE 106); Hearsay (FRE 801, 802); prejudice/misleading/ confusion of issues (FRE 403); foundation (FRE 602); improper lay/expert testimony (FRE 701, 702, Fed.R.Civ.P. 26); subsequent remedial measure (FRE 407). The e-mail about an inmate's medications, without detail or proper context, does not make it more probative of whether constitutionally adequate care was provided or more probative of deliberate indifference. The e-mail is also an incomplete record of the communication, as well as an incomplete record of the inmate's medical/mental health treatment and other issues raised therein. Defendants further object because the e-mail itself is hearsay, but also contains multiple layers of hearsay offered to prove the truth of Plaintiffs' claims (FRE 801, 802). No hearsay exception applies. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 2-1322 | X | | X | SSN | ADC420727: MT; ADC420728: MT; ADC420729: MT; ADC420732: MT; ADC420733: MT;  passim | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1323 | X | | X | | | Relevance and Incomplete (FRE 106, 402).  Dates of treatment predate privatization of healthcare and do not include the entirety  of treatment post privatization . The records contain opinions which were not  properly  disclosed by Plaintiffs  pursuant to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1324 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1325 | X | | X | SSN | ADC420959: MT; ADC420960: MT; ADC420961: MT; | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC420962: MT; ADC420963: MT; | exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1326 | X | | | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1327 | X | | X | | | Relevance and Incomplete (FRE 106, 402). Dates of treatment predate privatization of healthcare and do not include the entirety of treatment post privatization . The records contain opinions which were not properly disclosed by Plaintiffs pursuant |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to Rule 26.  Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703)(documents relied upon by experts may be read to trier of fact but not received in evidence |
| 2-1328 | X | X | X | | PLTF-PARSONS-030631: MT; PLTF-PARSONS-030632: MT; PLTF-PARSONS-030633: MT; PLTF-PARSONS-030634: MT; PLTF-PARSONS-030635: MT; passim | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1329 | X | X | X | | | Relevance and Incomplete (FRE 106, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The single ORC report is out of context of the entire medical file.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment.   And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 2-1330 | X | X | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical care and cause of death. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The investigation report of an inmate's death is not more probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit may contain other irrelevant and incomplete records, including information/incident reports, portions of the inmate's medical records, HNRs, AIMS reports, post/director orders, staff training materials and schedules, photographs of the corpse, portions of an autopsy report, death certificate and various other investigative materials, addressing numerous issues outside the time and scope of the claims certified in this case. Such evidence is not only irrelevant but may be inflammatory, confusing, waste of time, and cumulative. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements by other staff/witnesses who were interviewed about the incident. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as character evidence (FRE 404). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). Defendants further object that this is a voluminous exhibit that combines multiple, separate reports (death investigation and criminal investigation) that should stand alone as separate exhibits, and that make specific objections unworkable. |
| 2-1331 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1332 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of witnesses and statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").   (FRE 407) Subsequent remedial measure. |
| 2-1333 | X | | X | | | Defendants  object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").   (FRE 407) Subsequent |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | remedial measure. |
| 2-1334 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1335 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1336 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1337 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1338 | X | X | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1339 | X | X | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1340 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").  (FRE 407) Subsequent remedial measure. |
| 2-1341 | X | X | X | | | Defendants  object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from  e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process").  (FRE 407) Subsequent remedial measure. |
| 2-1342 | X | | X | | | Defendants  object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1343 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1344 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Death Investigation of an inmate's death is confidential under Arizona law |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements of witnesses and statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1345 | X | | X | | ADC065694-065698: Staff | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1346 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1347 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1348 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1349 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1350 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). (FRE 407) Subsequent remedial measure. |
| 2-1351 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1352 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1353 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1354 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1355 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1356 | X | | | | | Defendants object to prejudice (FRE 403) (cumulative), as this exhibit appears to be identical to Plaintiffs' Exhibit No. 2-1355, although this exhibit was not provided/untimely disclosed. Defendants further object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1357 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1358 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1359 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1360 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1361 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1362 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1363 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1364 | X | | X | | ADC211674: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1365 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1366 | X |  | X |  |  | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1367 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1368 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1369 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1370 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1371 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1372 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1373 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1374 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1375 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1376 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1377 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1378 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1379 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1380 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1381 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1382 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1383 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1384 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1385 | X | X | X | | ADC359575: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1386 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1387 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1388 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1389 | X |  | X |  |  | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1390 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1391 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1392 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1393 | X | X | X | | ADC364133: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1394 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1395 | X | X | X | | ADC364141: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1396 | X | X | X | | ADC364149: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1397 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1398 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1399 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1400 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1401 | X | X | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may |
| | | | | | ADC364173: Inmate Name; | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1402 | X | X | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1403 | X | X | X | | ADC364181: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1404 | X | X | X | | ADC364185: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403(“A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1405 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1406 | X | X | X | | ADC364193: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1407 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1408 | X | | X | | ADC364201: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1409 | X | X | X | | ADC364205: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1410 | X | X | X | | ADC364209: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1411 | X | X | X | | ADC364213: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1412 | X | X | X | | ADC364217: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1413 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1414 | X | X | X | | ADC364225: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1415 | X | X | X | | ADC364229: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1416 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1417 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1418 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1419 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1420 | X | X | X | | ADC364249: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1421 | X | X | X | | ADC364253: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1422 | X | X | X | | ADC362457: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1423 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1424 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1425 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1426 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1427 | X | X | X | | ADC364792: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1428 | X | X | X | | ADC364796: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1429 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1430 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1431 | X | X | X | | ADC364808: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1432 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1433 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1434 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1435 | X | X | X | | ADC364824: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1436 | X | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1437 | X | X | X | | ADC364832: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial).  The Mortality Review  of an inmate's death  from  e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect.   Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1438 | X | X | X | | ADC364836: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1439 | X | X | X | | ADC364840: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on activities relating to the quality assurance process"). |
| 2-1440 | X | X | X | | ADC364844: Inmate Name; | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The Mortality Review of an inmate's death from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent this is offered as evidence of subsequent remedial measures (FRE 407). Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1441 | X | | | | | Objection: exhibit damaged and cannot be opened |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1442 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1443 | X | | X | | ADC123369: HOU; ADC123370: HOU; ADC123371: HOU; ADC123372: HOU; ADC123373: HOU; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-1444 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1445 | X | | X | | ADC000296: HOU; ADC000297: HOU; ADC000299: HOU; | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC000302: HOU; ADC000303: HOU; passim. | Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-1446 | X | X | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1447 | X | | X | | ADC005122: HOU; ADC005123: HOU; ADC005124: HOU; ADC005125: HOU; ADC005126: HOU; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1448 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1449 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1450 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1451 | X | X | X | | ADC004570: HOU; ADC004571: HOU; ADC004572: HOU; ADC004573: HOU; ADC004574: HOU; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1452 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1453 | X | X | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1454 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1455 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1456 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1457 | X | | X | | ADC005629: HOU; ADC005861: HOU; ADC005862: HOU; ADC005863: HOU; ADC005864: | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | HOU; | relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-1458 | X | | X | | ADC197459: HOU; ADC197460: HOU; ADC197461: HOU; ADC197462: HOU; ADC197459: HOU (Bates number appears twice); passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-1459 | X | | X | | ADC006044: HOU; ADC006045: HOU; ADC006046: HOU; ADC006047: HOU; | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC006048: HOU; passim. | therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-1460 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1461 | X | | X | | ADC010343: HOU; ADC010345: HOU; ADC016676: HOU; ADC016677: HOU; ADC16680: HOU; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). Defendants also object that this is a voluminous exhibit that renders objections to specific content unworkable, and contains medical records relating to Victor Parsons as well as Sonia Rodriguez. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1462 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1463 | X | X | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1464 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1465 | X | X | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1466 | X | | X | | ADC007177: HOU; ADC007178: HOU; ADC007179: HOU; ADC007308: HOU; ADC007309: HOU; | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to trier of fact but not received in evidence). |
| 2-1467 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1468 | X | | X | | ADC001907: HOU; ADC001908: HOU; ADC001909: HOU; ADC001910: HOU; ADC001911: HOU; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-1469 | X | X | | | | Objection: exhibit not provided/untimely disclosed. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 2-1470 | X | X | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1471 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1472 | X | | X | | ADC007558: HOU; ADC007559: HOU; ADC007560: HOU; ADC007561: HOU; ADC007562: HOU; passim. | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-1473 | X | | X | | ADC135242: HOU; ADC135243: HOU; ADC135244: HOU; | Relevance and Incomplete (FRE 106, 402). Dates of treatment may predate privatization of healthcare and the statute of limitations, and do not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | ADC135245: HOU; | Defendants also object because the exhibit is an incomplete record of medical and other issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |
| 2-1474 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1475 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1476 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1477 | X | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The psychological autopsy report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit constitutes an improper summary of the decedent's medical care (FRE 1006), and also contains references to numerous medical records that are also incomplete and may predate privatization of healthcare and do not include the entirety of treatment post privatization.  Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death.  No hearsay exception applies. Defendants also object to improper disclosure  of expert  opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death.  And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent the exhibit is offered as evidence of subsequent remedial measures (FRE 407). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1478 | X | | X | | | Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). The psychological autopsy report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit constitutes an improper summary of the decedent's medical care (FRE 1006), and also contains references to numerous medical records that are also incomplete and may predate privatization of healthcare and do not include the entirety of treatment post privatization. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802, 805), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent the exhibit is offered as evidence of subsequent remedial measures (FRE 407). The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403 ) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, etc. is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or constituted deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants also reassert the privileges under A.R.S. §36-2403("A. The information considered by any entity or organization |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | acting pursuant to section 36-2402, subsection C in the course of a quality assurance process and the records of its actions and proceedings shall be confidential and are not subject to subpoena or order to produce except as provided in subsection B of this section and in proceedings before the appropriate state licensing or certifying agency, or in actions by an aggrieved licensed health care provider against a health care entity. No member of a health care entity, its staff or any person assisting or furnishing information to it or participating in the course of the quality assurance process may be subpoenaed to testify in any judicial or quasi-judicial proceeding if such subpoena is based solely on activities relating to the quality assurance process"). |
| 2-1479 | X | | | | | Objection: exhibit not provided/untimely disclosed. |
| 2-1480 | X | | X | | | Incomplete (FRE 106, 402). Dates of treatment may not include the entirety of treatment post privatization. The records contain opinions which were not properly disclosed by Plaintiffs pursuant to Rule 26. Defendants also object because the exhibit is an incomplete record of medical and other |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | issues raised therein. (FRE 106). Defendants also object to relevance (FRE 401, 402); and prejudice (FRE 403) (confusing, misleading, unfairly prejudicial). (FRE 703) (documents relied upon by experts may be read to trier of fact but not received in evidence). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0001 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice). Wexford's plans on how to use the Lewis IPC area and change its name are not more or less probative of the fact of whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay (FRE 801, 802).  The email itself is hearsay but also contains hearsay within hearsay, including statements of a third-party to the e-mail about statements attributable to Wexford at a meeting.  No hearsay exception applies. Object because the document contains statements of an undisclosed witness (Patton), see MIL #2. Object that exhibit is incomplete (FRE 106). |
| 3-0002 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice). Evidence of whether DON at Perryville decides to accept an employment offer is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference.  Information about who the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | HSA wishes to promote is not relevant of whether that person was promoted, but is highly prejudicial because of information related to DUI charges, ankle bracelet, etc.  Object that such unrelated DUI information is also improper character evidence (FRE 404).  Object to hearsay (FRE 801, 802).  The email itself is hearsay but it also contains hearsay within hearsay, including statements that a FHA wanted to promote a nurse facing DUI charges, and is being offered to prove Plaintiffs' claims of inadequate staffing and/or healthcare.  No hearsay exception applies. Object that Penning is an unidentified witness, see MIL #2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | based on a subsequent remedial measure. |
| 3-0003 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice). Evidence of projected costs/wage rates of locum providers and administrators, onsite/offsite costs and other financial figures are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference.  Object to hearsay (FRE 801, 802).  The email itself is hearsay but it also contains hearsay, including statements of undisclosed witnesses/unidentified witnesses (Bybee) in the email string, See MIL #2.  No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Lacks  foundation as to data (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0004 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice). What Pratt believes "offsite backup" means is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference and information about offsite visits is vague. Object to hearsay (FRE 801, 802). The email itself is hearsay but it also contains hearsay within hearsay, including statements regarding number of offsite consults not done (Williams). No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0005 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice). Information about the availability of gas cards and petty cash on hand at the facility is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay (FRE 801, 802). The email itself is hearsay, but it contains multiple layers of hearsay, including statements (Davis, Sanders, Schnefke) regarding a check, and two administrators' "concern" over the amount of petty cash permitted, and is being offered to prove Plaintiffs' claims. Object that Davis, Sanders and Schnefke are unidentified witnesses, see MIL #2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0006 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice). General information about planning goals is not more or less probative of whether constitutionally adequate care was actually provided.  Object that the information contains subsequent remedial measures (FRE 407) designed to address a perceived or potential issue regarding provision of healthcare.  Object to hearsay (FRE 801, 802). The email itself is hearsay, but it also contains hearsay about planning difficulties of predicting medical needs (Stravia). No hearsay exception applies.  Object that Stravia is an unidentified witness, see MIL # 2. Object that record is incomplete (FRE 106).Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0007 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice).  An IT issue regarding AIMS download is not more or less probative of whether constitutionally adequate care was provided in providing medication.  The content is confusing and misleading, as the statement about "not receiving an AIMS downloads since the start of the contract" is actually only a period of about 8 business days. Object to hearsay (FRE 801, 802). The email itself is hearsay but also contains multiple levels of hearsay about IT issues and AIMs downloads (Boothby, Nicoletti, Bauer, Miles). Boothby's statements about a critical issue are also an improper lay opinion (FRE 701). Object to statements of unidentified witnesses (Boothby, Nicoletti, Bauer, Miles), see MIL #2,  Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0008 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time, unfair prejudice). Evidence that 3 nurses resigned and another provider's statement about resigning is not more or less probative of whether constitutionally adequate care was provided. Object to hearsay (FRE 801, 802). The email itself is hearsay but also contains hearsay within hearsay: Schroeder's statement that Dr. Brown's stated intent to resign. No hearsay exception applies.  Object that Dr. Brown is unidentified witness, see MIL #2. Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0009 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time, unfair prejudice). Evidence that employees resigned is not relevant to whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay (FRE 801, 802). The email contains hearsay within hearsay, including statements about intent to resign unidentified witnesses (Holder, Brown). No hearsay exception applies. Object that Holder and Brown are unidentified witnesses, see MIL # 2. Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0010 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time, unfair prejudice). Information about the number of hospital admissions in March 2013 is not relevant to whether the cause of those admissions was due to constitutionally inadequate care or deliberate indifference. Object to hearsay (FRE 801, 802). The email itself is hearsay but contains hearsay statements of data reports offered to prove the truth of Plaintiffs' claims, including statements about Corizon and Wexford having "same" problems.  No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events and the chart lacks foundation (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. Object that this email pertains to issues relating to the outdated Wexford contract, MIL # 3. |
| 3-0011 | | X | | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time, unfair prejudice). Emails about Bedoya's violating security policy and HIPPA by taking photos is not more of less probative of whether constitutionally adequate care was provided. Object to hearsay (FRE 801, 802). The email itself is hearsay but it also contains hearsay within hearsay about Bedoya's statements regarding HNR responses and what Officer Zomora told her, and she lacks foundation about what needs to be done.  No hearsay exception applies. Object that witnesses in email lack foundation regarding Bedoya's photos of HNRs and stacks of records. Object that document contains statements of unidentified witnesses (Harvey, Dallas), see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0012 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time, unfair prejudice). The fact that one inmate was possibly exposed to HIV when an HIV-positive inmate accidentally cut his hand is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference.  Object to hearsay (FRE 801, 802). The email itself is hearsay, but it also contains hearsay within hearsay (manager's implied statement about medication delay and what someone told Hetmer about treatment). No hearsay exception applies. Object that Hetmer is an unidentified witness, see MIL # 2. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0013 | | X | X | | AGA_Review_ 00014576: NOK | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice). Bedoya's statements about the staffing Roster at Tucson is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. She lacks foundation as her statements are based on an unidentified conversation she had with "Matt" sometime "earlier." Object to hearsay within hearsay (FRE 801, 802), as the email contains Bedoya's assertions about staffing irregularities |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | based on a conversation with an unidentified witness ("Matt") from an unidentified time ("earlier"). No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0014 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice). Vague and conclusory statements and questions about staffing numbers are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay (FRE 801, 802) because the email itself is hearsay but the string also contains hearsay within hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (Malcom, inmate wife Rochelle) regarding what they told each other about an inmate not receiving his medications. No hearsay exception applies. Object that the string contains email from an unidentified witness (Malcolm), see MIL # 2). Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0015 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, cumulative, waste of time, unfair prejudice). Information that the hired medical director changed his mind about employment for personal reasons is not more or less probative of constitutionally adequate care or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | deliberate indifference. Object to hearsay (FRE 801, 802) because the email string contains hearsay within hearsay, including Gross' statements about statements he heard about grievances rising, and Haldan's statements about what certain inmates stated in their HNRs. No hearsay exception applies. Object that the string contains statements from an unidentified witness (Maldane), see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0016 | | X | X | | | Object to foundation and prejudice (FRE 403) (cumulative, waste of time, unfair prejudice). The email contains a chart of outside consultations dated 5/10/13, but does not identify who generated the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | chart or source of the data. The email even states that Campbell is not sure where the numbers come from. Object to hearsay (FRE 801, 802) because the email itself is hearsay. No hearsay exception applies. Object that the information comes from an unidentified witness (Bybee); see MIL # 2). Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0017 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (unfair prejudice). Vague and conclusory information that an unidentified quantity of expired medication and adulterated medication cards or why they were discarded, are not more or less probative of whether constitutionally adequate care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | was provided or deliberate indifference. Object to hearsay (FRE 801, 802), because the email itself is hearsay but also contains hearsay about the expired medication, medication cards, and corrective action plans (Boothby). No hearsay objection applies. Object that Boothby is an unidentified witness, see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0018 | X | X | | | | No exhibit provided. Defendants reserve the right to assert all objections. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0019 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, waste of time, unfair prejudice). Vague and conclusory information of date of treatment or illness are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Email sender and recipient lack personal knowledge (FRE 602) about actual care referenced. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay regarding medical treatment of inmates listed (Dumkrieger, Bedoya). No hearsay exception applies. Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0020 | | | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, unfair prejudice). Vague and conclusory statements about one instance of delay in responding to inmate HNR, without detail or context, are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Robertson read the report attached to the email forwarded to him, but lacks personal knowledge (FRE 602) about actual care provided to that inmate. Object to hearsay (FRE 801, 802) because the email itself is hearsay but also contains hearsay regarding treatment and statements about issues raised by Alhambra monitors regarding how nurses "feel" about lab tests for anemia. No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0021 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) confusing, misleading, unfair prejudice). Mendoza's vague and exaggerated statement that "things are falling apart" because one nurse failed to obtain security clearance is not more or less probative of whether constitutional care was provided or deliberate indifference. Object that Mendoza is an unidentified witness, see MIL #2. Object to hearsay (FRE 801, 802) because the email itself is hearsay but also contains hearsay within hearsay statements of what unidentified persons told others during the incident ("sgt," nurse, complex manager). No hearsay exception applies. Object that record is incomplete (FRE 106). |
| 3-0022 | | X | X | | | Object to prejudice (FRE 403) (confusing, misleading, unfair prejudice). Object because witness lacks personal knowledge (FRE 602) about the inmate's medical record/medication administration. Object to hearsay because the email itself is hearsay but contains hearsay about what was said to providers about the inmate's medication, etc. (Mielke-Fontaine) (FRE 801, 802). No hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exception applies. Object that exhibit is incomplete (FRE 106). |
| 3-0023 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Vague and conclusory statements about an unidentified inmate's care, without providing detail or context, are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Witness lacks personal knowledge (FRE 602) about care provided to that inmate. Object to hearsay (FRE 801, 802). The email itself is hearsay but contains multiple layers of hearsay, including discussion of the inmate and treatment, what the witness believed providers said, thought, or told to others (Campbell, Pratt, Mendoza). No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0024 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, unfair prejudice). Angry rant by corrections officer about one provider canceling his schedule for New Year's Eve is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference but highly prejudicial. Object that witness lacks personal knowledge about healthcare provided to inmates (FRE 602). Object that corrections officer's statements about healthcare is improper lay opinion (FRE 701). Object to hearsay (FRE 801, 802). The email itself is hearsay but contains multiple layers of hearsay, including Heavrin's angry rant. No hearsay exception applies. Object to statements of unidentified witness (Heavrin), see MIL #2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0025 | | | X | X | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, unfair prejudice). Information about one confirmed case of shingles at one facility and 2 cases of scabies at another is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. (FRE 602). Object to hearsay (FRE 801, 802). The email is hearsay but also contains hearsay regarding the shingles and scabies. No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0026 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, unfair prejudice). Information about a possible case of meningitis (undiagnosed) is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. (FRE 602). Object to hearsay (FRE 801, 802). The email itself is hearsay but also contains hearsay about the incident and response (Fay). No hearsay exception applies. Object to unidentified witness (Fay), see MIL # 2. Object because information regarding what should happen in response to potential meningitis case is subsequent remedial measure (FRE 407). Object that record is incomplete (FRE 106). |
| 3-0027 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, confusing, unfair prejudice). Conclusory opinions, without detail or context, regarding timeframes and specialty consultations are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not more or less probative of whether constitutionally adequate care was provided or deliberate indifference, but is highly prejudicial. Object to lack of foundation and improper lay opinion. (FRE 602). Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay within hearsay from an unidentified monitor regarding sufficiency of specialty consults and timeframes. No hearsay exception applies. Object to statements of undisclosed/unidentified witness (monitor, etc.), see MIL # 2. Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0028 | | | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, unfair prejudice). Statements listing and asking for additional information about an inmate's medical treatment, without detail or context is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of personal knowledge (FRE 602) and improper lay opinion (FRE 702) regarding medical records of inmates. Object to hearsay (FRE 801, 802). The email itself is hearsay, but contains hearsay within hearsay about the listed inmates' medical treatment (Robertson, Dumkrieger). No hearsay exception applies. Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | establish an admission of liability based on a subsequent remedial measure. |
| 3-0029 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Forwarded emails from a second-hand source regarding an unidentified Tramadol incident and investigation are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of personal knowledge (FRE 602) about the tramadol incident referred to in the email that was merely forwarded to other recipients. Object to hearsay (FRE 801, 802). The email itself is hearsay, but contains multiple layers of hearsay about the Tramadol incident, including what Musson and Freehand told Marschik. No hearsay exception applies. Object to statements of unidentified witness (Marschik, Freehand), see MIL # 2.  Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0030 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative of inmates' medical record, unfair prejudice). Statements listing and asking for additional information about certain inmate's medical treatment, without detail or context, are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation and improper lay opinion regarding medical records of inmates. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay about the listed inmates' medical record. No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0031 | | | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, waste of time, unfair prejudice). Statements that an inmate's grievance should be immediately addressed, without detail or context, are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602). Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay about the content of the grievance and length of delay of pending consults. No hearsay exception applies. Object to statements of unidentified witness (Hesseman, Arnold) see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0032 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Statements of the editor of a prisoner-advocacy newspaper challenging disciplinary classification of Inmate Ford and protesting her diabetes care based solely on hearsay of Ford's husband are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) about adequacy of care (Plews concedes "I am no doctor" gives her opinion that care did not seem proper. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay within hearsay, including statement from Ford's husband Martin.  No hearsay exception applies. Object that exhibit is incomplete (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0033 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, unfair prejudice). Information that nurses desire to take Christmas eve off, or cannot deliver insulin shots at approximately the same time on Sunday nights, are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay within hearsay about the pending/received mortality reports (Taylor, Jansen, and Pearson). No hearsay exception applies. Object to statements of unidentified witnesses (Pearson), |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | MIL # 2. Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0034 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, unfair prejudice). Information regarding the staffing and insulin-shots schedule. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay within hearsay about staffing and delays in insulin (Barlund, Cresap, Johnson, statements "in several IRs"). No hearsay exception applies. Object to lack of personal knowledge (FRE 602) and improper lay opinion (FRE 701) regarding Allred's opinion regarding management of nursing staff. Object to statements |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of unidentified witnesses (Cresap, Barlund, Johnson), see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0035 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative of Plaintiffs' exhibit 3-0051, waste of time unfair prejudice). See also objections to Plaintiffs' exhibit 3-0051. |
| 3-0036 | | X | X | | | One instance of a delay in scheduling consult does not prove a systemwide defect and any probative value is substantially outweighed by cumulative evidence from MGAR report and unfair prejudice. (FRE 401, 402, 403). Object to hearsay (FRE 801, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 802). The email itself is hearsay, but also contains hearsay within hearsay about the delay from statements by (Bedoya, Williams, Dixon). No hearsay exception applies. Bedoya's statement about contract terms lacks personal knowledge (FRE 602) and is an improper lay opinion (FRE 701). Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0037 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative of inmate's medical record, confusing, misleading, unfair prejudice). Statements regarding one inmate's cervical cancer are not more or less probative of whether constitutionally adequate care was provided or deliberate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifference. Object to hearsay (FRE 801, 802). The email itself is hearsay, but contains multiple layers of hearsay, including statement of Gunn, and inmate Kanabar's mother, Mansell. No hearsay exception applies. Object that these witnesses are unidentified/undisclosed, see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0038 | | | X | | AGA_Review_ 000106955: NOK | Defendants object that one instance of a delay in cancer treatment is not more probative of Plaintiffs' claims and is substantially outweighed by cumulative evidence of the inmate's medical record, confusion of issues, and unfair prejudice. (FRE 401, 402, 403). Object to hearsay (FRE 801, 802). The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | email itself is hearsay, but also contains hearsay within hearsay from Barraza about the delays in treatment of the inmate. No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0039 | | | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative of inmate's medical record, confusing, undue delay, unfair prejudice). Statements listing dates and vague facts contained in an inmate's medical record, without detail or context, are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of personal |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | knowledge (FRE 602) and improper lay opinion (FRE 701) regarding medical records of inmates. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay about the listed inmates' medical record/treatment (DumKrieger). No hearsay exception applies. Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0040 | | X | X | | | Object to completeness (FRE 106). Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, undue delay, unfair prejudice) Information regarding delay caused by provider that ended his contract with Corizon and due to inmate transfer, is not more or less probative of whether |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | constitutionally adequate care was provided or deliberate indifference. Object to lack of personal knowledge (FRE 602) and improper lay opinion (FRE 701) regarding medical treatment and grievance. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay within hearsay of Malcolm, Banti, Banti's nurse, and Clinical Coordinator.  No hearsay exception applies. The exhibit also contains hearsay as it pertains to the inmate's healthcare and the issues raised therein. Object to statements of unidentified/undisclosed witnesses (Banti, nurse, clinical coordinator), see MIL # 2.  Defendants object that the authors may lack personal knowledge of the events stated in the grievance (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0041 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Statements inquiring about telemedicine and telepsyche services through University of Arizona is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay about inquiries regarding current contracts Corizon/ADC have with U of A (Webster). No hearsay exception applies. Object that Webster is an undisclosed witness, See MIL # 2. Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0042 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, unfair prejudice). Statements by Gross--regarding what Landry and Gluntz need to discuss regarding offsets and a vacancy of the medical director position at Eyman--are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding calculations by Gross, who admits he is not familiar with accounting terms. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay about from Gluntz and what Gross stated to Bybee about an August test month. No hearsay exception applies. Object to statements of unidentified witness (Gluntz), see MIL # 2.  Object that record is incomplete (FRE 106). |
| 3-0043 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, unfair prejudice). Statements referring to a "blitz" to address unidentified concerns and issues at the facility, without description, detail or context, are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of personal knowledge (FRE 602) and improper lay opinion (FRE 701) regarding the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | medication issues referred to in MGAR. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay about the monitor's statements in the attached MGAR. No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0044 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, undue delay, unfair prejudice). Statements relating to private prisons and an inmate at a private prison are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay (FRE 801, 802). The email itself is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | hearsay, but also contains hearsay about how Campbell "feel[s]" about the inmate's care level. No hearsay exception applies. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0045 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative, confusing, undue delay, unfair prejudice). Statements about what should be done to meet goals of timely delivery of care, without detail or context, are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding ADC policy. Object |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | because it contains subsequent remedial measures regarding improving delivery of care (FRE 407). Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains multiple levels of hearsay, including: statements that information from the hospital was discussed and issues concerning clinical processes and ADC policy; and statements in apparent copies of medical documents that have not been admitted or authenticated. No hearsay exception applies. Object to authenticity and lack of foundation for the medical records, which were scanned and sent by an unidentified person. Object to statements of unidentified witnesses (Smith, Jones) see MIL # 2. Object that exhibit is incomplete (FRE 106). |
| 3-0046 | | X | X | CP# | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, misleading, undue delay, unfair prejudice). One monitor's conclusory and personal opinion that Corizon has a "problem" with outside consults/procedures, without detail or context, is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding "issue" with Corizon's outside consult/procedures and medical reasons for |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | alternative treatment plans. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains multiple levels of hearsay, including: statements in a copy of a handwritten note that does not identify who created the note or the source of the information. No hearsay exception applies. Object to authenticity and lack of foundation for the note. Object to statements of unidentified witness (author of the note), see MIL # 2. Object that record is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0047 | | X | X | CP# | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, undue delay, unfair prejudice). Incomplete discussion of staffing plan, without detail or context, is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of personal knowledge (FRE 602) and improper lay opinion (FRE 701) regarding Bedoya' implied opinion that staffing plan was inadequate. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay within hearsay, including Harvey's statements and statements that appear to be from a corrective action plan. No hearsay exception applies. Object to statements of unidentified witness (Harvey), see MIL # 2. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subsequent remedial measure. |
| 3-0048 | | X | X | CP# | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative, confusing, undue delay, unfair prejudice). Statements relating to an unconfirmed report of scabies from an anonymous caller who refused to identify himself are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) about the reported incident and investigation of scabies. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains multiple levels of hearsay, including: statements from several employees in the string asking for updates on the scabies investigation (Hassan, Respicio-Moriarty, Bronston).  No hearsay exception applies.  Object to unidentified witnesses (Hassan, Bronston), see MIL # 2. Object that exhibit is incomplete (FRE 106). |
| 3-0049 | | X | X | CP# | | Objection to waste of time and cumulative of exhibit 3-0034 (FRE 403). Exhibit is partially identical to Exhibit 3-0034.  See objections to 3-0034. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0050 | | X | X | CP# | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative, confusing, undue delay, unfair prejudice). Information of a possible delay in diagnosing cancer might be evidence of malpractice, but is not more or less probative of constitutionally inadequate care or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding any statements about a delay in detecting cancer. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains multiple levels of hearsay, including: statements in the string regarding the inmate's medical record and condition and delay in diagnosis of cancer (Cambpell, Dumkrieger, Hesemann). No hearsay exception applies. Object to statements of unidentified witnesses (Hesemann), see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0051 | | X | X | | | Object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative of Plaintiffs' exhibit 3-0051, waste of time unfair prejudice). Vague and conclusory statement that a certain inmate who has refused dialysis treatment and has a catheter infection is at risk, are not more or less probative of the issue whether it was caused by constitutionally inadequate provision of care or deliberate indifference, but is highly prejudicial. Object to lack of personal knowledge (FRE 602) and improper lay opinion (FRE 701) regarding Dr. Robertson's suspicion that number of catheter infections might be high for the population. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay within hearsay statements about the inmate's medical treatment needs and history (Campbell, Ogas, Procela, Miller, Massood, and Scappatura). No hearsay exception applies. Object to statements of unidentified witnesses (Ogas, Procela, Massood, Miller, Scappatura), see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants object |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0052 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, undue delay, unfair prejudice). Information of a delayed diagnosis of cancer is not more or less probative of constitutionally inadequate care or deliberate indifference.  Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding any statements about a delay in detecting cancer. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains multiple levels of hearsay, including: statements regarding the inmate's medical record and condition and delay in diagnosis of cancer (Campbell, Dumkrieger, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | Hesemann). No hearsay exception applies. Object to statements of unidentified witnesses (Hesemann), see MIL # 2. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0053 |  | X | X |  |  | Object to lack of knowledge (FRE 602) and improper lay opinion (FRE 701) regarding any statements about HNRs that appear to not have been addressed. Munson was asking for clarification. Original email in string shows that Musson was inquiring about the status of the HNRs, not asserting that they were not responded to. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains multiple levels of hearsay in the string regarding Musson's assertions about HNRs that appear not to have received a response. Object that use of the email will cause confusion, is misleading |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and unfairly prejudicial (FRE 401, 402, 403). Object that Munson is an unidentified witness, see MIL # 2. Object to subsequent remedial measure (FRE 407), as email was suggesting and requesting corrective action to address a possible concern about HNR response times. Object that exhibit is an incomplete record (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0054 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, undue delay, unfair prejudice). Statements taken out of context based on a "quick review' of an unidentified document concerning expiring medications is not more or less probative of constitutionally inadequate care or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding expiring medications or medications that "may have been" discontinued or never faxed to Pharmacorr. Object to hearsay (FRE 801, 802). The email itself is hearsay regarding the expired medications and what was said in response to a report (Winland). No hearsay exception applies. Object to subsequent remedial measure (FRE 407), as the email contains suggestions on how to improve medication delivery. Object that exhibit is incomplete record. (FRE 106). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0055 | | X | X | CP# | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, undue delay, unfair prejudice). Information about an unconfirmed case where an inmate might have had whooping cough is not more or less probative of constitutionally inadequate care or deliberate indifference.  Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding conditions or issues of whooping cough at the facilities.  Object to hearsay (FRE 801, 802). The email itself is hearsay but contains hearsay within hearsay of Dr. Bell's statements to other providers regarding the incident and the inmate's medical treatment history. No hearsay exception applies. Object that exhibit is incomplete (FRE 106).  Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0056 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative of Jensen's medical records, confusing, undue delay, unfair prejudice). Jensen's biased second-hand account of her husband's medical treatment is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding Jensen's account of the treatment her husband received or the inadequacy of it.  Object to hearsay (FRE 801, 802). The email itself is hearsay of what medical treatment her husband said he received or did not receive, but it also contains hearsay statements of what her husband told her, what the medical assistant did, what the provider said about being upset and what he told her husband. No hearsay exception applies. Object that Rhonda Jensen is an untimely disclosed witness, see MIL # 2. Object that exhibit is incomplete (FRE 106).  Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0057 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative of Jensen's medical records, confusing, undue delay, unfair prejudice). Jensen's personal remarks thanking Clenny for delivering catheters to her husband, his need for prophylactics are not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding Jensen's account of needing certain medical supplies or medication.  Object to hearsay (FRE 801, 802). The email itself is hearsay but also contains hearsay what her husband told her about medical his medical treatment and needs.  No hearsay exception applies. Object that record is incomplete (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0058 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative of Jensen's medical records, confusing, undue delay, unfair prejudice). Jensen's biased second-hand account of her husband's medical treatment is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding Jensen's account of the treatment her husband received and its adequacy. Object to hearsay (FRE 801, 802). The email itself is hearsay of what her husband told her about medical treatment he received or did not receive, her conversation with Clenny and what he told her he needs.  No hearsay exception applies.  Object that exhibit is incomplete (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0059 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative of Jensen's medical records, confusing, undue delay, unfair prejudice). Jensen's biased second-hand account of her husband's medical treatment is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding Jensen's account of the treatment her husband received and its adequacy, whether he is in pain, what he needs and what medication he needs (Ciprol).  Object to hearsay (FRE 801, 802). The email itself is hearsay, but contains hearsay within hearsay of what her husband told her about the medical treatment he received or did not receive, his agony, how nurse "freaked," and what he told her he needs. Object that this is an improper summary of Jensen's medical treatment (FRE 1006). Object that Rhonda Jensen is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | an untimely disclosed witness, see MIL # 2. Object that that exhibit is incomplete (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0060 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative of Jenson's medical records, confusing, undue delay, unfair prejudice). Jensen's biased second-hand account of her husband's medical treatment is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding Jensen's account of the treatment her husband received and its adequacy, whether he is in pain, causes of his rash, efficacy and symptoms of medication that he needs, etc. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Object to hearsay (FRE 801, 802). The email itself is hearsay, but contains multiple levels of hearsay, including statements regarding what her husband told her about the medical treatment he received or did not receive, what a corrections officer Ham heard and said, what nurses said, what doctors at the hospital told him, what Dr. Valenzula told him, what Nurse Green allegedly told him about his grievances and medical condition, what Jensen wrote in her journal, and what her husband said he needs about treatment. No hearsay exception applies. Object that Rhonda Jensen is an untimely disclosed witness, see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0061 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative of Jenson's medical records, confusing, undue delay, unfair prejudice). Jensen's biased second-hand account of her husband's medical treatment is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding Jensen's account of the treatment her husband received and its adequacy, including supply of catheters and urgency. Object to hearsay (FRE 801, 802). The email itself is hearsay, but contains hearsay of what her husband told her about his medical needs. No hearsay exception applies. Object to completeness (FRE 106) as it does not include the response. Object that Rhonda Jensen is an untimely disclosed witness, see MIL # 2. Object that exhibit is incomplete. (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0062 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative of Jenson's medical records, confusing, undue delay, unfair prejudice). Jensen's biased second-hand account of her husband's medical treatment is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding Jensen's account of the treatment her husband received and its adequacy, including appropriateness of catheter size and quantity. Object to hearsay (FRE 801, 802). The email itself is hearsay, but contains hearsay within hearsay of what her husband told her about his medical needs and treatment. Object that Rhonda Jensen is an untimely disclosed witness, see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0063 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative of Jenson's medical records, confusing, undue delay, unfair prejudice). Valenzuela's update in response to Jensen's biased second-hand account of her husband's medical treatment is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. The email has also been altered by a handwritten remark that "very soon was 3 weeks." Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding Jensen's account of the treatment her husband needs and adequacy of treatment received surgery. The email contains a handwritten remark by an unidentified author. Also, Jensen is not medically trained and her opinions on his symptoms, needs, and condition are speculative. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay of what her husband told her about |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | his medical needs. No hearsay exception applies. Object that Rhonda Jensen is an untimely disclosed witness, see MIL # 2. Object that exhibit is incomplete (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0064 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (cumulative of Jenson's medical records, confusing, undue delay, unfair prejudice). Valenzuela's update in response to Rhonda Jensen's inquiry about her husband's medical treatment is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to lack of foundation (FRE 602) and improper lay opinion (FRE 701) regarding Jensen's medical condition, treatment, and needs. The email contains a handwritten remark by an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unidentified author. Object to hearsay (FRE 801, 802). The email itself is hearsay, but also contains hearsay within hearsay including numerous statements attributable to providers (Dr. Rowe, Dr. Robertson, etc.) No hearsay exception applies. Object to completeness (FRE 106). Object that Rhonda Jensen is an untimely disclosed witness, see MIL # 2. Object that the exhibit is an incomplete record (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0065 | | X | X | | | Object that this is an incomplete record (FRE 106). Object to relevance (FRE 401, 402); prejudicial (cumulative of DEFS 2-2665, waste of time, unfairly prejudicial). Medical notes from a portion of the inmate's medical chart, without context, is not more or less probative of whether constitutionally |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | adequate care was provided or deliberate indifference. Defendants object that the exhibit lacks foundation. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0066 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, misleading, unfair prejudice). A CDCR report on age-adjusted death rates is not more or less probative of whether constitutionally inadequate care was provided or deliberate indifference. Object to foundation because the report is not generated by ADC, and the authors necessary to lay foundation for the article are undisclosed, see also MIL # 2. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0067 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, misleading, unfair prejudice). Information from a report from a medical journal regarding intensive insulin treatment for diabetes is not more or less probative of whether constitutionally inadequate care was provided or deliberate indifference. Object to foundation because the document is not generated by ADC and the article and authors necessary to lay foundation for the article are undisclosed, see MIL # 2. |
| 3-0068 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, misleading, unfair prejudice). Information from a report from a medical journal regarding achievement of goals in diabetes care form 1999-2000 is not more or less probative of whether constitutionally inadequate care was provided or deliberate indifference. Object to foundation because the document is not generated by ADC and authors necessary to lay foundation for the article are undisclosed, see MIL # 2. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0069 | | X | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, misleading, unfair prejudice). Information from a medical journal report regarding an alternative healthcare system's experience with a new approach to treating diabetes is not more or less probative of whether constitutionally inadequate care was provided or deliberate indifference. Object to foundation because the document is not generated by ADC and the authors necessary to lay foundation for the article are undisclosed, see MIL # 2. |
| 3-0070 | | X | X | | | Hearsay (FRE 801, 802). Defendants object because Cohen's reports contain hearsay, and multiple layers of hearsay to which no exception applies. Object that exhibit is cumulative of expert's testimony and unfairly prejudicial (FRE 402, 403). Object to foundation. The report contains improper expert opinions (FRE 702) because it is based on insufficient facts or data and the product of unreliable principles and methods. The report was also prepared for this litigation and not based on facts or data upon which experts in the field would rely (FRE 703), see also Doc. 905. Object that the exhibit includes several expert reports and is or contains an improper summary of the expert's opinions (FRE 1006). This court has |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | held that such expert reports are inadmissible. See Ariz. Dep't of Law, Civil Rights Div. v. ASARCO, L.L.C., 844 F. Supp. 2d 957, 965 (D. Ariz. 2011), aff'd sub nom. Arizona v. Asarco LLC, 543 F. App'x 702 (9th Cir. 2013) (holding expert's report is "'classic' hearsay" and "falls within no hearsay exception for report or records because it was plainly prepared in anticipation of litigation by a non-treating mental health expert," and "not an admissible summary of his opinion" under FRE 1006). This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 3-0071 | | X | X | | | Hearsay (FRE 801, 802). Defendants object because Wilcox's reports contain hearsay, and multiple layers of hearsay to which no exception applies. Object that exhibit is cumulative of expert's testimony and unfairly prejudicial (FRE 402, 403). Object to foundation. The report contains improper expert opinions (FRE 702) because it is based on insufficient facts or data and the product of unreliable principles and methods. The report was also prepared for this litigation and not based on facts or data upon which experts in the field would rely (FRE 703), see also Doc. 905. Object that the exhibit includes several expert |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | reports and is or contains an improper summary of the expert's opinions (FRE 1006). This court has held that such expert reports are inadmissible. See Ariz. Dep't of Law, Civil Rights Div. v. ASARCO, L.L.C., 844 F. Supp. 2d 957, 965 (D. Ariz. 2011), aff'd sub nom. Arizona v. Asarco LLC, 543 F. App'x 702 (9th Cir. 2013) (holding expert's report is "'classic' hearsay" and "falls within no hearsay exception for report or records because it was plainly prepared in anticipation of litigation by a non-treating mental health expert," and "not an admissible summary of his opinion" under FRE 1006). This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 3-0072 | | X | X | | | Relevance (FRE 401, 402); prejudicial (FRE 403) (confusing, misleading, waste of time, unfair prejudice). Defendants object because Mendel's prior deposition testimony in an unrelated case, taken in February 2012, is not more or less probative of any issue in this case, including whether the care provided was constitutionally adequate or deliberate indifference. Defendants also object because such statements are hearsay as it pertains to this case (FRE 801, 802) and no exception applies. Object that the exhibit is an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incomplete record (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. |
| 3-0073 | | X | X | | | Relevance (FRE 401, 402); prejudicial (FRE 403) (confusing, misleading, waste of time, unfair prejudice). Defendants object because Mendel's prior deposition testimony in an unrelated matter regarding unrelated events between 1999 and 2009, is not more or less probative of any issue in this case, including whether the care provided was constitutionally adequate or deliberate indifference. Defendants also object because such statements are hearsay as it pertains to this case (FRE 801, 802) and no exception applies. Object that the exhibit is an incomplete record (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. |
| 3-0074 | | X | X | | | Relevance (FRE 401, 402); prejudicial (FRE 403) (confusing, misleading, waste of time, unfair prejudice). Defendants object because Mendel's hand written notes is not more or less probative of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | whether the care provided was constitutionally adequate or deliberate indifference. Defendants also object because such statements are hearsay as it pertains to his opinions (FRE 801, 802) and no exception applies. Object that the chart lacks foundation and is an incomplete record. (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0075 | | X | X | | | Relevance (FRE 401, 402); prejudicial (FRE 403) (confusing, misleading, waste of time, unfair prejudice). Defendants object because Mendel's hand written notes is not more or less probative of whether the care provided was constitutionally adequate or deliberate indifference. Defendants also object because such statements are hearsay as it pertains to his opinions (FRE 801, 802) and no exception applies. Object that the HIV charts are also hearsay, and improper summaries to prove content of inmate medical records (FRE 1006) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | because it does not reveal the source of the chart or underlying data. Object because the exhibit is incomplete (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0076 | | X | X | | | Defendants object that this is a voluminous exhibit containing inmate letters, grievances, HNR, and other records of multiple inmates: Vasquez, Hernandez, Allen, Hamby, Hamer, Seim, Sanders, Millay, Mudron. Because these should stand alone as separate exhibits, specific objections to them are unworkable. Defendants thus object to prejudice (FRE 403) (confusing, misleading, waste of time, cumulative). Defendants further object because the inmates' subjective beliefs about medical necessity is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to improper lay opinion (FRE 701). The inmates are not medically trained and not competent to opine on their medical |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | illness and necessary treatment. Defendants also object that the records contain multiple levels of hearsay (FRE 801, 802), and improper legal conclusions about deliberate indifference and unconstitutional care. Object to completeness of record (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0077 | | X | X | | | Defendants object because the inmate's grievances contain hearsay statements from the inmate about his medical history and treatment/delays, as well as hearsay statements from staff. (FRE 801, 802) and no exception applies. Defendants also object to relevance (FRE 401, 402); prejudicial (FRE 403) (confusing, misleading, waste of time, unfair prejudice). Defendants object because the inmate's subjective belief about the treatment he should receive is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to improper lay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinion (FRE 701). Inmate is not medically trained and not competent to opine on his medical condition, necessary medication, devices or treatment. Object that the exhibit is an incomplete record. (FRE 106). Object that Devine has not been disclosed as a witness, MIL # 2. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0078 | | | X | | | Relevance (FRE 401, 402); prejudicial (FRE 403) (confusing, misleading, waste of time, unfair prejudice). Defendants object to relevance because Brislan has been dismissed as a Plaintiff, so evidence of his grievances, HNRS, and medical records is confusing, a waste of time and unfairly prejudicial. Defendants further object because some of the records are outside the scope of the issues and relevant time period in this case, dating as far back as 2005, see MIL # 4. Defendants also object because the Brislan's grievances and HNRs contain hearsay statements about his medical condition and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | treatment, including and what he was allegedly told by unnamed providers. (FRE 801, 802) and no exception applies. Defendants object because Brislan's subjective beliefs about the treatment he should receive is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to improper lay opinion (FRE 701). Inmate is not medically trained and not competent to opine on his medical condition or necessity of care. Object to completeness of record (FRE 106). Defendants further object that this is an voluminous exhibit containing records belonging to another inmate, Jeremy Smith (the last 50 pages of the exhibit), making specific objections unworkable; and the exhibit is prejudicial (FRE 402, 403) (cumulative, misleading, confusing, waste of time). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0079 | | | X | | | Defendants object because this is a voluminous exhibit containing a compilation of grievances, medical records, HNRs, handwritten notes, and staff emails, across a wide time-frame, that should stand alone as separate exhibits.  Object to relevance (FRE 401, 402); prejudice (403) (cumulative, confusing, waste of time, misleading, unfair prejudice). Some records pertain to events that are beyond the scope and relevant time period of the allegations/issues in this case,  see also MIL # 4.  Polson's subjective belief about the treatment he should receive  is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference.  Object to improper lay opinion (FRE 701).  The inmate is not medically trained and not competent to opine on his medical condition and the necessity of medical treatment or medication. Defendants object that Polson's grievances and HNRs contain multiple layers of hearsay about his medical history and treatment/delays, as well as hearsay statements from staff, (FRE 801, 802), and no exception applies. Object to that the exhibit is an incomplete record (FRE 106), as Plaintiffs have omitted grievances from DEFS exhibit 2-1790, at ADC263702-ADC263711.  It also contains duplicates of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | records within, compare ADC017287-90 with ADC017348-51. |
| 3-0080 | | | X | | | Defendants object because this is a voluminous exhibit containing a compilation of grievances, medical records, HNRs, and staff emails, across a wide time-frame, that should stand alone as separate exhibits.  Object to relevance (FRE 401, 402); prejudice (403) (cumulative, confusing, waste of time, misleading, unfair prejudice). Some records pertain to events that are beyond the scope and relevant time period of the allegations/issues in this case,  see also MIL # 4.  Gamez's subjective belief about the treatment he should receive  is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference.  Object to improper lay opinion (FRE 701).  The inmate is not medically trained and not competent to opine on his medical condition and the necessity of medical treatment or medication. Defendants object that his grievances and HNRs contain multiple layers of hearsay about his medical history and treatment/delays, as well as hearsay statements of staff.  (FRE 801, 802) and no exception applies. Object to that the exhibit is an incomplete record |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 106), as Plaintiffs have omitted grievances from DEFS exhibit 2-1786 at ADC263451-ADC263623. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0081 | | | X | CP# | | Defendants object that this is an incomplete record (FRE 106). Object to relevance (FRE 401, 402); prejudicial (cumulative of DEFS 2-1791, waste of time, unfairly prejudicial). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0082 | | | X | | | Defendants object that this exhibit is an incomplete record (FRE 106), as it omits documents in DEFS 2-1790 at ADC263702-11. Object to relevance (FRE 401, 402); prejudice (cumulative of DEFS 2-1790, waste of time, unfairly prejudicial). Some of the informal letters, grievances, and medical charts concern matters that are beyond the scope of the allegations/issues and relevant time period in this case, see also MIL # 4.The  Object to hearsay (FRE 801, 802).  The email itself is hearsay, but also contains hearsay within hearsay (Pinson, Tenrreiro, Van Winkle), including their statements about what the inmate said. No hearsay exception applies. Object that Pinson, Tenrriero and VanWinkle are unidentified witnesses, MIL # 2. Defendants further object that statements by Tenrreiro, Pinson and VanWinkle are improper lay opinion  (FRE 701). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0083 | | | X | | | Object to that the exhibit is an incomplete record (FRE 106), as Plaintiffs have omitted grievances from DEFS exhibit 2-1786 at ADC263451-ADC263623.  Object to relevance (FRE 401, 402); prejudice (403) (cumulative, confusing, waste of time, misleading, unfair prejudice). Some records may pertain to events that are beyond the scope and relevant time period of the allegations/issues in this case,  see also MIL # 4.  For instance, Smith complains about First Amendment rights at ADC017990.  The inmate's subjective belief about the treatment he should receive is not more or less probative of whether constitutionally adequate care was actually provided or deliberate indifference.  Object to improper lay opinion (FRE 701).  The inmate is not medically trained and not competent to opine on his medical condition and the necessity of medical treatment and/or medication. Defendants object that his grievances and/or HNRs contain multiple layers of hearsay about his medical history and treatment/delays, as well as hearsay statements of staff (FRE 801, 802), and no hearsay exception applies.  Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0084 | | | X | | | Defendants object because this is a voluminous exhibit containing a compilation of grievances, medical records, HNRs, and staff emails, that should stand alone as separate exhibits. Object to relevance (FRE 401, 402); prejudice (403) (cumulative, confusing, waste of time, misleading, unfair prejudice). Some records may pertain to events that are beyond the scope and relevant time period of the allegations/issues in this case, see also MIL # 4. The inmate's subjective belief about the treatment he should receive is not more or less probative of whether constitutionally adequate care was actually provided or deliberate indifference. Object to improper lay opinion (FRE 701). The inmate is not medically trained and not competent to opine on his medical condition and the necessity of medical treatment or medication. Defendants object that his grievances and HNRs contain multiple layers of hearsay about his medical history and treatment/delays, as well as hearsay statements of staff. (FRE 801, 802) and no exception applies. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Object to that the exhibit is an incomplete record (FRE 106), as Plaintiffs have omitted grievances from DEFS exhibit 2-1786 at ADC263451-ADC263623. Defendants also object to the extent Plaintiffs are attempting to use the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0085 | | | X | | | Defendants object because this is a voluminous exhibit containing a compilation of grievances, medical records, HNRs, and staff emails, across a wide time-frame, that should stand alone as separate exhibits.  Object to relevance (FRE 401, 402); prejudice (403) (cumulative, confusing, waste of time, misleading, unfair prejudice). Some records may pertain to events that are beyond the scope and relevant time period of the allegations/issues in this case,  see also MIL # 4.  The inmate's subjective belief about the treatment he should receive  is not more or less probative of whether constitutionally adequate care was actually provided or deliberate indifference.  Object to improper lay opinion (FRE |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 701). The inmate is not medically trained and not competent to opine on his medical condition and the necessity of medical treatment or medication. Defendants object that his grievances and/or HNRs contain multiple layers of hearsay about his medical history and treatment/delays, as well as hearsay statements of staff. (FRE 801, 802) and no exception applies. Object to that the exhibit is an incomplete record (FRE 106), as Plaintiffs have omitted grievances from DEFS exhibit 2-1793 at ADC016500-674, ADC74289-95, and ADC 263712-39. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0086 | | | X | | | Defendants object because Brislan has been dismissed and his records are not relevant (FRE 401, 402); and admission of the evidence is prejudicial (FRE 403) (confusing, misleading, undue delay, unfair prejudice). Defendants also object because this is a voluminous exhibit |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | containing a compilation of grievances, medical records, HNRs, and staff emails, across a wide time-frame, that should stand alone as separate exhibits. Object to relevance (FRE 401, 402); prejudice (403) (cumulative, confusing, waste of time, misleading, unfair prejudice). Some records may pertain to events that are beyond the scope and relevant time period of the allegations/issues in this case, see also MIL # 4. The exhibit contains confusing and misleading duplicates. For instance, compare ADC018072-84, with ADC017086-98; and triplicats: ADC018075; -85 and -89The inmate's subjective belief about the treatment he should receive is not more or less probative of whether constitutionally adequate care was actually provided or deliberate indifference. Object to improper lay opinion (FRE 701). The inmate is not medically trained and not competent to opine on his medical condition and the necessity of medical treatment or medication. Defendants object that his grievances and HNRs contain multiple layers of hearsay about his medical history and treatment/delays, as well as hearsay statements of staff. (FRE 801, 802) and no exception applies. Object to that the exhibit is an incomplete record (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0087 | | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (403) (cumulative, confusing, waste of time, misleading, unfair prejudice). The grievance complains about being required to take medication, and his opinion about what medication he should not take is not more or less probative of the issue whether constitutionally adequate care was provided based on inadequate medication or delay; nor is it probative of deliberate indifference. Object to improper lay opinion (FRE 701). The inmate is not medically trained and not competent to opine on his medical condition and medical appropriateness of certain medication. Defendants object that his grievance contains multiple layers of hearsay about his medical history and treatment/delays, as well as hearsay statements of staff. (FRE 801, 802) and no exception applies. Object to that the exhibit is an incomplete record (FRE 106). Defendants also object to the extent Plaintiffs are attempting to use |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the content of the email as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0088 | | | X | | | Defendants object to relevance (FRE 401, 402); prejudice (403) (cumulative, confusing, waste of time, misleading, unfair prejudice). Brislan has been dismissed and his grievances and inmate letters are not relevant.  In any event, a refund for an inadvertent medical appointment charge, without context, is not more or less probative of the issue whether constitutionally adequate care was provided or deliberate indifference.   Defendants object that his grievance contains multiple layers of hearsay about submitting multiple HNRs and what he was told by staff.  (FRE 801, 802) and no hearsay exception applies.  Object to that the exhibit is an incomplete record (FRE 106). Object that the author lacks personal knowledge (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0089 | | X | X | | | Defendants object that inmate's grievances contain hearsay statements about his medical history and treatment, as well as hearsay statements about what unnamed doctors have told him about his hernia condition and need for surgery. (FRE 801, 802) and no exception applies. Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Defendants object because the inmate's subjective beliefs about his need for surgery is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to improper lay opinion (FRE 701). The inmate is not medically trained and not competent to opine on his medical condition or need for surgery. In addition to hearsay, he also states improper legal conclusions about deliberate indifference and unconstitutional care. Object to completeness of record (FRE 106). Object that Stangle has not been disclosed as a witness, see MIL # 2. Defendants also object to the extent Plaintiffs are attempting to use the content of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0090 | | X | X | | | Defendants object that this is a voluminous exhibit containing grievances, HNR, and/or medical chart records for multiple inmates: Munoz, Perryman, Davis, Miller,  Harran, Mondragon, Wenzel, Arrieta, as well as a chart of additional inmate grievances, emails between unidentified staff witnesses, and inmate bank account records. Because these should stand alone as separate exhibits, specific objections to them are unworkable; prejudice (FRE 403) (confusing, misleading, waste of time, cumulative). Defendants object because the exhibit contains multiple layers of hearsay statements  (FRE 801, 802) and no exception applies. The chart at ADC116957 contains a summary without identifying the author or source of the data (FRE 1006); some exhibits appear altered, ADC117037, ADC116950. Defendants thus object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudice). Object to improper lay opinion (FRE 701). The inmates are not medically trained and not competent to opine on medical condition or nessity or draw legal conclusions about malpractice and constitutionality of care. Object to completeness of record (FRE 106). Object that these inmates and the individuals in the emails have not been disclosed as a witness, see MIL # 2. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0091 | | X | X | | | Defendants object that this is a voluminous exhibit containing grievances and HNR records for multiple inmates: Garfia and Byrd, and should stand alone as separate exhibits, making specific objections to them unworkable; prejudice (FRE 403) (confusing, misleading, waste of time, cumulative). Defendants also object that the exhibit contains hearsay statements contained in the grievances and HNRs (FRE 801, 802) and no exception applies. Defendants also object to relevance (FRE 401, 402); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prejudice (FRE 403) (confusing, misleading, unfair prejudice). These inmates' subjective beliefs about their need for treatment is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to improper lay opinion (FRE 701). The inmates are not medically trained and not competent to opine on medical condition or medical necessity for certain treatment/procedures. Object to completeness of record (FRE 106). Object that Garfia and Byrd have not been disclosed as a witness, see MIL # 2. |
| 3-0092 | | | X | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Defendants object because suspending a corrections officer without pay for violating policy on multiple occasion, almost all of which were unrelated to the provision of care, is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay and hearsay within hearsay (FRE 801, 802) regarding the conduct of that officer to which no exception applies. Object to completeness of record (FRE 106). Object that Alcarez has not been disclosed as a witness, see MIL # 2. Object that the evidence is improper character evidence (FRE 404) designed to prejudice ADC based on the unsanctioned conduct |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of a rogue employee. Object that the exhibit contains multiple documents, including a Post order that contains hearsay and appears to be altered. (FRE 403, misleading and prejudicial). Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0093 | | X | X | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Defendants object because the information about one isolated incident at the Lewis facility in which a nurse accidentally and in violation of common practice, custom and policy, contaminated an insulin bottle, possibly exposing other inmates to Hepatitis C, is not more or less probative of constitutionally inadequate care or deliberate indifference. The |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit also is hearsay (FRE 801, 802) of the events and contains hearsay within hearsay of what was done and said. No hearsay exception applies. Object that exhibit contains subsequent remedial measures in response to the accident (FRE 407). Object that the evidence contains improper character evidence (FRE 404) designed to prejudice ADC based on the unsanctioned conduct of a rogue employee. The exhibit also is a summary (timeline) to prove content (FRE 1006), but it lacks foundation for admissibility because it does not identify the author or source of the underlying data. Defendants object to the extent Plaintiffs are attempting to establish an admission of liability based on a subsequent remedial measure. |
| 3-0094 | | X | X | CP# | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Defendants object because the information about one isolated incident in which a nurse accidentally and in violation of common practice, custom and policy, contaminated an insulin bottle, possibly exposing other inmates to Hepatitis C, is not more or less probative of constitutionally inadequate care or deliberate indifference. The exhibit is hearsay (FRE 801, 802) of the events and contains hearsay within hearsay of what was done and said and by |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | whom, including statements in emails from and/or attributable to Anderson, Bell, Galvan, Erno, Mullenix, Dr. Lehman, Maschner, Reinhart, etc. No hearsay exception applies. Object that these witnesses are unidentified, see MIL #2. Object that exhibit contains subsequent remedial measures in response to the accident (FRE 407). Object that the evidence contains improper character evidence (FRE 404) designed to prejudice ADC based on the unsanctioned conduct of a rogue employee. The exhibit also is a compilation of emails, charts, documents, etc. to prove content (FRE 1006), but it lacks foundation for admissibility because it does not identify the author or source of the underlying data. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0095 | | X | X | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Defendants object because the information about one isolated incident in which a nurse accidentally and in violation of common practice, custom and policy, contaminated an insulin bottle, possibly exposing other inmates to Hepatitis C, is not more or less probative of constitutionally inadequate care or deliberate indifference. The exhibit is hearsay (FRE 801, 802) of the events and contains hearsay within hearsay of what was done and said and by whom. Hearsay statements include statements attributable to Dr. Palmer, Dr. Bell, Cherry. No hearsay exception applies. Object to the extent these are unidentified witnesses, MIL # 2. Object that exhibit contains subsequent remedial measures in response to the accident (FRE 407). Object also that the report lacks personal knowledge (FRE 602) of the events mentioned in the hearsay statements, and draws improper lay opinions as to the cause of the events regarding communication with Wexford. (FRE 701). Object that the evidence contains improper character evidence (FRE 404) designed to prejudice ADC based on the unsanctioned conduct of a rogue employee. Defendants also object to the extent Plaintiffs are attempting to use the content of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0096 | | | X | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, unfair prejudice). Defendants object because the charts contain information about inmates with hepatitis C and wait times, and standing alone, is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference.  It is also cumulative of defendant's exhibits at DEFS 2-1672. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0097 | | | X | | | Object to relevance (FRE 401, 402) and prejudice (FRE 403) (confusing, misleading, unfair prejudice). Defendants object that an online news article regarding an isolated incident where a nurse may have contaminated an insulin bottle and exposed 103 inmates to Hepatitis C is not more or less probative of whether constitutionally inadequate care was provided or deliberate indifference. Object to contents of article as hearsay (FRE 801, 802), including hearsay within hearsay of statements were attributed to ADC and Wexford employees (Ryan, Pike) and non-parties from other organization (Anderson, Fowler, Kopczynski). No hearsay exception applies. Object to lack of personal knowledge (FRE 602) and improper lay opinion (FRE 702) of Anderson, Fowler, Kopcynski, and Don Specter. Object to foundation because the article was not generated by ADC and the author necessary to lay foundation for the article is undisclosed, see MIL # 2. Object that the evidence contains improper character evidence (FRE 404) designed to prejudice ADC based on the unsanctioned conduct of a rogue employee. Object to statements of unidentified witnesses (Pike, Nwaohia) and Don Specter, see MIL # 2. Defendants object that the authors may lack |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | personal knowledge of the events (FRE 602). Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0098 | | X | X | | | Defendants object to relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, confusing, misleading, undue delay, unfair prejudice). The manual does not establish the standard of care and is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Portions of the manual may be beyond the scope of the time or events at issue in this case, see also MIL # 4. Defendants object to hearsay (FRE 801, 802). The manual contains hearsay to the extent it is being offered to establish or prove the applicable standard of care. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0099 | | | X | | | Relevance (FRE 401, 402); prejudicial (confusing, misleading, undue delay, unfairly prejudicial). Defendants object because information about CDCR's agreement to change its policy pursuant to a court order in an unrelated matter is not more or less probative of whether constitutionally adequate care was provided in this case or deliberate indifference. Object to hearsay to the extent it is offered to prove truth of matters asserted in this case (FRE 801, 802). No hearsay exception applies. Defendants also object to the extent Plaintiffs are attempting to use the content of the exhibit as an expert or lay opinion as to the adequacy of care, which was not properly or timely disclosed. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 3-0100 | | X | X | | | Relevance (FRE 401, 402); prejudicial (confusing, misleading, undue delay, unfairly prejudicial). Defendants object to information in the chart about diabetic statistics, because it is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay to the extent it is offered to prove inadequate treatment of chronic conditions. (FRE 801, 802). No hearsay exception applies. Object that the chart is an improper summary to prove content (FRE 1006), where no foundation is established because the author and source of the data are not identified. Defendants object that the authors may lack personal knowledge of the events (FRE 602). Defendants also object to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 3-0101 | | X | X | | | Relevance (FRE 401, 402); prejudicial (confusing, misleading, undue delay, unfairly prejudicial). Defendants object to information in the chart about hospital admissions numbers because it is not more or less probative of whether constitutionally adequate care was provided or deliberate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifference. Object to hearsay to the extent it is offered to prove inadequacy of treatment, transport, outside consults. (FRE 801, 802).  No hearsay exception applies.   Object that the chart is an improper summary to prove content (FRE 1006), where no foundation is established because the author and source of the data are not identified. Object to the extent the data pertains to events before privatization of healthcare, see MIL # 4. |
| 3-0102 | | X | X | | | Relevance (FRE 401, 402); prejudicial (confusing, misleading, undue delay, unfairly prejudicial). Defendants object to information in the chart about specialty consult numbers because it is not more or less probative of whether constitutionally adequate care was provided or deliberate indifference. Object to hearsay to the extent it is offered to prove inadequacy of treatment or delay. (FRE 801, 802). No hearsay exception applies.   Object that the chart is an improper summary to prove content (FRE 1006), where no foundation is established because the author, time, and source of the data are not identified.  Object to the extent the data pertains to events before privatization of healthcare, see MIL # 4. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0001 | | | | | | |
| 4-0002 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document).  Defendants' Exhibit 4-0231 is a complete copy of document. |
| 4-0003 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues); MIL No. 4. Defendants object on grounds of relevance because evidence of the delivery of mental health care prior to July 1, 2012 when Wexford began its contract with ADC fails to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 4-0004 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document); Relevance (FRE 402).  The data is merely a snapshot of the mental health inmates as of July 23, 2013 and is therefore out of context and outdated (FRE 703); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | lack of personal knowledge (FRE 602); improper opinion (FRE 702); non-disclosure of expert opinion. |
| 4-0005 | | X | X | | | Voluminous exhibit containing multiple separate memoranda and email communications. Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, cumulative, waste of time). Defendants object on grounds of relevance because care provided to inmates pursuant to the Wexford contract fails to make it more or less probable that care provided to inmates during the relevant time period was deliberately indifferent. The exhibit also contains duplicates of the same document. Hearsay and hearsay within hearsay for which there is no exception. (FRE 801, 802, 805) |
| 4-0006 | | X | | | | Foundation (FRE 602). Defendants object for lack of foundation as to date of Power Point training; Relevance and prejudice (FRE 402, 403). The training is not the most current. |
| 4-0007 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Relevance (FRE 402). This document is undated. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0008 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, incomplete document).  Defendants object on grounds of relevance because the one page document does not contain any substantive information. |
| 4-0009 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document).  Relevance (FRE 402).  This document is undated. |
| 4-0010 | | | | | | |
| 4-0011 | | | | | | |
| 4-0012 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation; MIL No. 1.  Defendants object on grounds of relevance because a Memorandum regarding "Mental Health Qualifiers" in Colorado has no relevance to the provision of mental health care in Arizona.  Foundation Hearsay (FRE 801, 802) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0013 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); authenticity (FRE 901); Hearsay (FRE 801, 802) foundation; MIL No. 1. The document lacks sufficient support by a witness that it is a current and complete copy of Dr. Taylor's profile because she testified that she does not "get on there much" maybe "once every two years." Defendants object on grounds of relevance because Dr. Taylor's outdated online profile is not relevant to the provision of mental health care. |
| 4-0014 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Relevance (FRE 402).  This document is undated. |
| 4-0015 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document); Relevance (FRE402). The document is undated.  Foundation, hearsay (FRE 801, 802). |
| 4-0016 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time). These Corizon emails are not binding on ADC and there is no way for Defendants to verify the data therein. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0017 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document) (FRE 402) Relevance. The document is undated. |
| 4-0018 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); improper lay opinion (FRE 701); hearsay (FRE 801, 802); foundation. Defendants object on grounds of relevance because the staffing at Winslow in September 2012 has changed and the provision of care under Wexford is not relevant to current provision of care. Defendants further objects that the opinions expressed lack foundation and do not provide basis for conclusions and evidence relied upon. Non-disclosure of opinion testimony under Rule 26; non-disclosure of this witness. |
| 4-0019 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). Improper opinion testimony (FRE 702); non-disclosure of opinions under Rule 26; Relevance (FRE 402). Dr. Taylor, at this time a Wexford employee, was providing her opinions which require expert disclosure. The date of the event, September 2012, is under Wexford's tenure and is not relevant. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0020 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); Relevance (FRE 401). These comments are out of context to the staffing decisions being made at the time. |
| 4-0021 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); improper lay opinion (FRE 701); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Improper opinion testimony (FRE 702); non-disclosure of opinions under Rule 26; Relevance (FRE 402). Defendants object that the opinions expressed lack foundation and do not provide basis for conclusions and evidence relied upon. |
| 4-0022 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object on grounds of relevance because a Wexford employee's speculation and questions regarding the status of his employment, upon learning of his termination, is irrelevant to the provision of mental health care. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0023 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object on grounds of relevance because a Wexford employee's speculation and questions regarding cell phones and email accounts is irrelevant to the provision of mental health care. Defendants further object that the email communications lack foundation where the authors do not have personal knowledge of alleged facts reported. |
| 4-0024 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object on grounds of relevance because a staff member's speculation regarding cell phones is irrelevant to the provision of mental health care. |
| 4-0025 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. These emails are from a terminated Wexford employee. Defendants object on grounds of relevance because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | an inquiry regarding their employment status is not relevant to the provision of mental health care. |
| 4-0026 | | X | X | | AGA_Review_ 00007168: Inmate Name; AGA_Review_ 00007169: Inmate Name;AGA_R eview_000071 72: Inmate Name; AGA_Review_ 00007173: Inmate Name; | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); improper lay opinion (FRE 701); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation; lack of personal information (FRE 602). Defendants object that the opinions expressed lack foundation and do not provide basis for conclusions and evidence relied upon. Defendants further object that the email communications lack foundation where the authors do not have personal knowledge of alleged facts reported. |
| 4-0027 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); relevance (FRE 402). This email concerns staffing information at one facility as of April 2013, right when Corizon was transitioning into Wexford's contract. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0028 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); lack of personal knowledge (FRE 602); relevance (FRE 402). This email string contains second hand accounts of events involving an un-named inmate. The Corizon emails are hearsay and statements therein are not binding on ADC. |
| 4-0029 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object that the email communications lack foundation where the authors do not have personal knowledge of alleged facts reported. |
| 4-0030 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object that the email communications lack foundation where the authors do not have personal knowledge of alleged facts reported. Relevance (FRE 402). This email pertains to security operations, not the delivery of care. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0031 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); improper lay opinion (FRE 701); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object that the opinions expressed lack foundation and do not provide basis for conclusions and evidence relied upon. Defendants further object that the email communications lack foundation where the authors do not have personal knowledge of alleged facts reported. |
| 4-0032 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); improper lay opinion (FRE 701); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object that the opinions expressed lack foundation and do not provide basis for conclusions and evidence relied upon. |
| 4-0033 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); improper lay opinion (FRE 701); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object that the opinions expressed lack foundation and do not provide basis for conclusions and evidence relied upon. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0034 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. |
| 4-0035 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object that the email communications lack foundation where the authors do not have personal knowledge of alleged facts reported. |
| 4-0036 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation. Defendants object that the email communications lack foundation where the authors do not have personal knowledge of alleged facts reported. |
| 4-0037 | | X | | | | 4-0037 (PDF): Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); MIL No. 4. Defendants object on grounds of relevance because a public records request regarding pregnant inmates and information that predates privatization is not relevant to mental health care or current conditions. 4-0037 (Excel): |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time). Defendants object on grounds of relevance because information regarding the number of females giving birth in prison is not an issue in this lawsuit. Pregnancy is not a certified class or subclass. |
| 4-0038 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); relevance (FRE402). A Corizon email regarding staffing is hearsay and not binding on ADC. |
| 4-0039 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 4-0040 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). This email chain contains emails from non-ADC employees (hearsay) as well as comments by Defendants regarding this litigation which are irrelevant. Defendants object Defendants object on grounds of relevance because communication regarding an applicant for a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | psychiatrist position is not more probative of Defendants' provision of care. |
| 4-0041 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). Corizon's email comments are not binding on ADC. |
| 4-0042 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 4-0043 | | X | X | | AGA_Review_ 00106274: Inmate Name; AGA_Review_ 00106273: Inmate Name | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); privileged communication (FRE 501, 502) (work product); hearsay and hearsay within hearsay (FRE 801, 802, 805). This document was erroneously produced and should be immediately withdrawn. |
| 4-0044 | | X | | | | |
| 4-0045 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). Relevance (FRE 402). This is draft language |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | in preparation for a meeting. |
| 4-0046 | | X | | | AGA_Review_ 0017392: PC; | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 4-0047 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). Apparent duplicate of Plaintiffs' exhibit No. 4-0045. Relevance (FRE 402). Email contains "guesses" and is therefore speculative. Further, projections regarding number of inmates needing mental health services for funding purposes are not relevant for determining deliberate indifference. |
| 4-0048 | | X | | | AGA_Review_ 00108573: Inmate Name; AGA_Review_ 00108574: Inmate Name; AGA_Review_ 00108575: Inmate Name | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). Relevance (FRE 402). "Pending" is not defined and is therefore misleading. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0049 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). Defendants object on grounds of relevance because the email does not include any substantive content and direct recipient to look at an attachment that is not included with this exhibit. Further, the title given to the Exhibit is not consistent with the document provided. |
| 4-0050 | | X | X | | ; | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 4-0051 | | | X | | | |
| 4-0052 | | X | X | | | |
| 4-0053 | | X | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); improper summary (FRE 1006) (underlying data unavailable and/or not identified by Plaintiffs). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0054 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). Defendants object on grounds of relevance because administrative correspondence regarding autopsy report does not relate to provision of mental health care. |
| 4-0055 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time, cumulative); improper lay opinion (FRE 701); hearsay and hearsay within hearsay (FRE 801, 802, 805), foundation; MIL No. 4. Defendants object on grounds of relevance because the date of this email, February 3, 2011, predates privatization and evidence of the delivery of mental health care prior to July 1, 2012 prior to when Wexford began its contract with ADC fails to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Exhibit lacks foundation where medical evidence relates to provision of care by ADC employees versus private providers and provision of care under terms of Wexford's system for delivery of care versus prior ADC delivery of care. Defendants further objects that the opinions expressed lack foundation and do |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | not provide basis for conclusions and evidence relied upon. Improper expert opinion (FRE 702); non-disclosure of expert opinion in violation of Rule 26. |
| 4-0056 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time, cumulative); improper lay opinion (FRE 701); hearsay and hearsay within hearsay (FRE 801, 802, 805), foundation; MIL No. 4. Defendants object on grounds of relevance because the email is dated 2008 and pertains to alleged conditions too remote in time and prior to privatization and the statute of limitations. Further, evidence of the delivery of mental health care prior to July 1, 2012 when Wexford began its contract with ADC fails to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Exhibit lacks foundation where medical evidence relates to provision of care by ADC employees versus private providers and provision of care under terms of Wexford's system for delivery of care versus prior ADC delivery of care. Defendants further objects that the opinions expressed lack foundation and do not provide basis for conclusions and evidence relied upon. Improper expert opinions |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 702); improper disclosure of expert opinions in violation of Rule 26. |
| 4-0057 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time, cumulative); improper lay opinion (FRE 701); hearsay and hearsay within hearsay (FRE 801, 802, 805), foundation; MIL Nos. 1 and 4. Defendants object on grounds of relevance because evidence of the delivery of mental health care prior to July 1, 2012 when Wexford began its contract with ADC fails to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. Improper opinion (FRE 702); improper disclosure of opinion in violation of Rule 26; the "opinions" are hearsay, lack foundation and are not binding on ADC. Further, the time period in question, June 2011, is irrelevant. Defendants further objects that the opinions expressed lack foundation and do not provide basis for conclusions and evidence relied upon. |
| 4-0058 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (misleading, incomplete, confusion of issues, waste of time); improper lay opinion (FRE 701) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | foundation. Defendants object on the grounds of relevance because the documents are watermarked "DRAFT". Further, the authors are unidentified. The information is outdated (August 2012) and the provision of care under the prior provider, Wexford, fails to make it more or less probable that current care provided to inmates is deliberately indifferent. Defendants further object that this lay opinion lacks foundation because it does not provide basis for conclusions and evidence relied upon. |
| 4-0059 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403); MIL Nos. 1 and 4. Defendants object on grounds of relevance because evidence of the delivery of mental health care prior to July 1, 2012 when Wexford began its contract with ADC fails to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. This is duplicative of Plaintiffs' Exhibit 4-0003. |
| 4-0060 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, cumulative, confusion of issues); reliance (FRE 402); foundation. Defendants object because page five of this exhibit includes an August 15, 2012 Memorandum that is unrelated to the policy in the first four pages of the exhibit. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants further object as to foundation for the date of the policy and authenticity because it lacks sufficient support from a witness that it is what it says it is. |
| 4-0061 | | | | | | |
| 4-0062 | | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, cumulative, confusion of issues, incomplete document). Defendants object on the grounds of relevance because the document is merely a cover sheet identifying a file and the actual document is not attached. |
| 4-0063 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Defendants' Exhibit 4-0235 is a complete copy of the document and includes an electronic copy of the training document with associated pictures and videos and interactive features. |
| 4-0064 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Defendants' Exhibit 4-0233 is a complete copy of the training materials. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0065 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document).   Relevance (FRE 402).  Defendants' Exhibit 4-0233 is a complete copy of the training materials. |
| 4-0066 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document).   Defendants' Exhibit 4-0233 is a complete copy of the training materials. |
| 4-0067 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document).  Relevance (FRE 402).  This is not what it purports to be.  It is a cover sheet only.  Defendants' Exhibit 4-0236 is a complete copy of the purported suicide prevention training which is NOT contained in Plaintiffs' Exhibit 67. |
| 4-0068 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document).  Relevance (FRE 402).  Defendants' Exhibit 4-0236 is a complete copy of the document and includes an electronic copy of the training document with associated pictures and videos and interactive features. |
| 4-0069 | | X | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0070 | | X | | | | |
| 4-0071 | | X | | | | |
| 4-0072 | | X | | | | Prejudice (FRE 403) (misleading, incomplete document). Apparent duplicate of Plaintiffs' Exhibit 4-0069. |
| 4-0073 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document); Relevance (FRE 402). This document only reflects inmates' mental health scores as of December 2013 so it presents only a snapshot of that date. |
| 4-0074 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document); hearsay (FRE 801, 802) |
| 4-0075 | | X | | | | Hearsay (FRE 801, 802). |
| 4-0076 | | X | | | | Hearsay (FRE 801, 802). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0077 | | X | X | | | Hearsay (FRE 801, 802). Defendants object because Stewart's reports contain hearsay, and multiple layers of hearsay to which no hearsay exception applies. Object that exhibit is cumulative of expert's testimony and unfairly prejudicial (FRE 402, 403). Object to foundation. The report is an improper expert opinion (FRE 702) because it is based on insufficient facts or data and the product of unreliable principles and methods. The report was also prepared for this litigation and not based on facts or data, upon which experts in the field would rely (FRE 703), see also Doc. 905. Object that the report is or contains an improper summary of expert's opinions (FRE 1006). This court has held that such expert reports are inadmissible. See Ariz. Dep't of Law, Civil Rights Div. v. ASARCO, L.L.C., 844 F. Supp. 2d 957, 965 (D. Ariz. 2011) aff'd sub nom. Arizona v. Asarco LLC, 543 F. App'x 702 (9th Cir. 2013) (holding expert's report is "'classic' hearsay" and "falls within no hearsay exception for report or records because it was plainly prepared in anticipation of litigation by a non-treating mental health expert," and "not an admissible summary of his opinion" under FRE 1006). This exhibit also violates the Court's Order requiring the parties to present expert testimony |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | orally in open court (Doc. 1107). |
| 4-0078 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues). Defendants' objection is on the grounds of relevance because the blank form fails to make is more or less probable that mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 4-0079 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403, FRE 106) (incomplete, waste of time, confusion of issues); foundation; Hearsay (FRE 801, 802). These invoices of Plaintiffs' paid experts are incomplete, contain hearsay and cannot be used for substantive purposes. Defendants may use for impeachment. |
| 4-0080 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form was created in 1997, before privatization. Defendants object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0081 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form was created in 2008, before privatization. Defendants object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 4-0082 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form was created in 2002 before privatization. Defendants object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 4-0083 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form was created in 2007 before privatization. Defendants object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0084 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form was created in 2002 before privatization. Defendants object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 4-0085 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form was created in 2007 before privatization. Defendants object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 4-0086 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form was created in 2001 before privatization. Defendants object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0087 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form was created in 2009 before privatization. Defendants object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 4-0088 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (incomplete, waste of time, confusion of issues); foundation. Defendants objection on the grounds of relevance because the blank form was created in 2005 before privatization. Defendants object on the basis of foundation as it is not apparent from the face of the form whether it is the most recent form or during what time period it was used. |
| 4-0089 | | X | | | | Voluminous exhibit containing multiple separate memoranda, reports and email communications. Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, confusion of issues, incomplete); hearsay and hearsay within hearsay (FRE 401, 402, 405); foundation. Defendants object on the grounds of relevance because various recorded temperatures do not make is more or less probable that the mental health care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 4-0090 | | X | | | | Voluminous exhibit (2300 plus pages) containing multiple separate memoranda and reports. Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, confusion of issues, incomplete); hearsay and hearsay within hearsay (FRE 401, 402, 405); foundation. Defendants object on the grounds of relevance because various recorded temperatures do not make is more or less probable that the mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 4-0091 | | X | | | | Voluminous exhibit containing multiple separate memoranda and reports. Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (cumulative, confusion of issues, incomplete); hearsay and hearsay within hearsay (FRE 401, 402, 405); foundation. Defendants object on the grounds of relevance because various recorded temperatures do not make is more or less probable that the mental health care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0092 | | X | X | | | Voluminous exhibit containing multiple varying/unrelated email communications from Texas. Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time, incomplete); hearsay and hearsay within hearsay (FRE 401, 402, 405); authenticity (FRE 901); foundation; MIL No. 1. Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. Defendants objection on the grounds of relevance because these email communications do not relate to the provision of mental health care in Arizona; they are emails from Texas. They are hearsay from persons not identified in this litigation as witnesses; contain non-disclosed "expert" opinions in violation of Rule 26. Improper opinions (FRE 702). The exhibit also includes highlights and modifications from an unidentified source and lacks sufficient authentication from a witness regarding its source, accuracy and completeness. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0093 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time, incomplete, cumulative); hearsay and hearsay within hearsay (FRE 401, 402, 405); authenticity (FRE 901); foundation; MIL No. 1.  Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which the document is offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates.  Defendants objection on the grounds of relevance because this document does not relate to the provision of mental health care in Arizona; it is an August 2013 document from The University of Texas Medical Branch.  The exhibit also lacks sufficient authentication from a witness regarding its source, accuracy and completeness.  This document is also included with Plaintiffs' Exhibit No. 4-0092. |
| 4-0094 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues); MIL No. 4.  This is an outdated Manual.  Defendants object on grounds of relevance because evidence of the delivery of mental health care prior to July 1, 2012 when Wexford began its contract with ADC fails to make it more or less probable that care provided to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmates during the relevant time period in this lawsuit was deliberately indifferent. The Manual was revised in January and April 2014. |
| 4-0095 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues); MIL No. 4. The Manual is an outdated Manual. Defendants object on grounds of relevance because evidence of the delivery of mental health care prior to July 1, 2012 when Wexford began its contract with ADC fails to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. The Manual was revised in January and April 2014. |
| 4-0096 | | | | | | Prejudice (FRE 403) (cumulative, waste of time). Similar to Defendants' Exhibit No. 1-0787, except that Defendants' copy is in color and easier to see and read. Further, this Manual was updated on April 13, 2014. The practices were in place prior to April 1, 2014, the close of discovery; thus, the Manual is relevant. |
| 4-0097 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0098 | | | | | | |
| 4-0099 | | | | | | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0100 | | | | | | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation is part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 4-0101 | | | X | | | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. The Death Investigation of an inmate's death is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 4-0102 | | | | | | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 4-0103 | | | | | | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates.  The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same.   Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer,   is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0104 | | | | | | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 4-0105 | | | | | | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. The Death Investigation of an inmate's death is |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 4-0106 |  |  |  |  |  | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 4-0107 | | X | X | | | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0108 | | | X | | | Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. The Death Investigation of an inmate's death is confidential under Arizona law (See ARS 36-2403) and witness may not be compelled by subpoena or otherwise to testify regarding same. Further, the results of a death investigation are part of an overall quality assurance program but the cause of death, from e.g., suicide, cancer, is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. Defendants object because this is an incomplete record as it pertains to the inmate's medical care. (FRE 106). Defendants also object to relevance (FRE 401, 402); prejudice (FRE 403) (confusing, misleading, and unfairly prejudicial). The report of an inmate's death is not more or less probative of Plaintiffs' claims that constitutionally inadequate care was provided or deliberate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifference, and any probative value is substantially outweighed by the dangers of confusing the issues, and is misleading and unfairly prejudicial. The exhibit also does not include the entirety of the inmate's treatment. Defendants further object that the document contains multiple layers of hearsay (FRE 801, 802), including statements regarding the inmate's medical care and the cause of death. No hearsay exception applies. Defendants also object to improper disclosure of expert opinion under Rule 26 (no expert disclosure for "opinions" in the records), and improper expert opinion (FRE 702) regarding the adequacy of medical treatment and/or the cause of death. And to the extent an expert relied on this information, the exhibit may not be received into evidence (FRE 703); nor can it be read to the trier-of-fact because any value of the evidence is substantially outweighed by its prejudicial effect. |
| 4-0109 | | | | | | Prejudice (FRE 403) (cumulative, waste of time, confusion of issues); hearsay within hearsay (FRE 805). Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | deliberately indifferent to the mental health care of inmates. |
| 4-0110 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time, incomplete, cumulative); hearsay and hearsay within hearsay (FRE 801, 802, 805, 401, 402, 405); authenticity (FRE 901); foundation; MIL No. 1. Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which the document is offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. Defendants objection on the grounds of relevance because this document does not relate to the provision of mental health care in Arizona; it purports to be a Program Statement from the Federal Bureau of Prisons. The exhibit also lacks sufficient authentication from a witness regarding its source, accuracy and completeness; (FRE 703) documents relied upon by experts not to be received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0111 | | X | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time, incomplete, cumulative); hearsay and hearsay within hearsay (FRE 801, 802, 805); improper lay opinion (FRE 701); authenticity (FRE 901); foundation; MIL No. 1. Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which the document is offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. Defendants objection on the grounds of relevance because this document does not relate to the provision of mental health care in Arizona; it purports to be a report from the Human Rights Clinic at the University of Texas School of Law. Defendants further object that this lay opinion lacks foundation regarding the opinions rendered and a basis for the conclusions and evidence relied upon. The exhibit also lacks sufficient authentication from a witness regarding its source, accuracy and completeness; (FRE 703) documents relied upon by experts not to be received in evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0112 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, confusion of issues); MIL No. 4. Defendants object on grounds of relevance because evidence of the delivery of mental health care prior to July 1, 2012 when Wexford began its contract with ADC fails to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 4-0113 | | | | | | Incomplete (FRE 106); relevance (FRE 401, 402) prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); MIL No. 4. Defendants object on grounds of relevance because evidence of the delivery of mental health care prior to July 1, 2012 when Wexford began its contract with ADC fails to make it more or less probable that care provided to inmates during the relevant time period in this lawsuit was deliberately indifferent. |
| 4-0114 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); Relevance (FRE 402) this report only presents data as a snapshot of time (4113) and does not make it more probable than not that Defendants were deliberately indifferent |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0115 | | | X | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation. Defendants object for lack of foundation as to date as the list is undated. The Exhibit also appears to be modified, including exhibit cover sheets within the document. |
| 4-0116 | | | | | | Plaintiffs did not produce a copy of this Exhibit. Defendants are unable to review or assert any objections. See Doc. 1126. |
| 4-0117 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation. (FRE 602); Improper opinion testimony (FRE 702); improper disclosure of exert opinion; (FRE 703) documents relied upon by experts not received in evidence. The exhibit appears to be a composite of multiple reports and lacks sufficient support by a witness regarding its source and completeness. |
| 4-0118 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation. Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | deliberately indifferent to the mental health care of inmates (FRE 602); Improper opinion testimony (FRE 702); improper disclosure of expert opinions (FRE 703); document relied upon by experts not received in evidence. The exhibit lacks sufficient support by a witness regarding its source and completeness. |
| 4-0119 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation (FRE 602); Improper opinion testimony (FRE 702); improper disclosure of expert opinions (FRE 703); document relied upon by experts not received in evidence. The exhibit lacks sufficient support by a witness regarding its source and completeness. The exhibit appears to be a composite of multiple reports and lacks sufficient support by a witness regarding its source and completeness. |
| 4-0120 | | | | | | Plaintiffs did not produce a copy of this Exhibit. Defendants are unable to review or assert any objections. See Doc. 1126. |
| 4-0121 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Defendants' Exhibit 4-0205 is a color copy of the same document and is more legible. It is also identical to Plaintiffs' Exhibit 4-0097. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0122 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation. Defendants object for lack of foundation as to date. Defendants preserve all noted objections depending on the purpose for which varying unrelated documents are offered as the purpose for which selected records are offered may not make it more or less probable whether Defendants are deliberately indifferent to the mental health care of inmates. |
| 4-0123 | | | | | | |
| 4-0124 | | X | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation. Defendants object on the basis of relevance because the list of inmates does not make it more or less probably whether Defendants are deliberately indifferent to the mental health care of inmates. The roster is undated. Defendants further object for lack of foundation as to date and source of handwritten notes. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0125 | | X | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation. Defendants object on the basis of relevance because the list of inmates does not make it more or less probably whether Defendants are deliberately indifferent to the mental health care of inmates. The roster is undated. Defendants further object for lack of foundation as to date and source of handwritten notes. |
| 4-0126 | | X | X | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation. Defendants object on the basis of relevance because the list of inmates does not make it more or less probably whether Defendants are deliberately indifferent to the mental health care of inmates. The roster is undated. Defendants further object for lack of foundation as to date and source of handwritten notes. |
| 4-0127 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Defendants' Exhibit 4-0237 contains all of the suicide prevention training material. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0128 | | | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Defendants' Exhibit 4-0237 contains all of the suicide prevention training material. |
| 4-0129 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Defendants' Exhibit 4-0237 contains all of the suicide prevention training material. |
| 4-0130 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Defendants' Exhibit 4-0237 contains all of the suicide prevention training material. |
| 4-0131 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Defendants' Exhibit 4-0237 contains all of the suicide prevention training material. |
| 4-0132 | | X | | | | Incomplete (FRE 106); prejudice (FRE 403) (misleading, incomplete document). Defendants' Exhibit 4-0237 contains all of the suicide prevention training material. |
| 4-0133 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0134 | | | | | | |
| 4-0135 | | | | | ADC292913: Staff; ADC292914: Staff; ADC292915: Staff; ADC292916: Staff; ADC292917: Staff; passim. | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, incomplete document).  Defendants object on the grounds that the March 29, 2014 Use of Force/Incident Command Report Continuation Sheet (ADC292993) is unrelated to the Daily Post Sheets and Plaintiffs' mental health claims. |
| 4-0136 | | | | | ADC320114: Staff; ADC320115: Staff; ADC320116: Staff; ADC320117: Staff; ADC320118: Staff; passim | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, incomplete report, waste of time).  Defendants object on the grounds that the daily shift schedules for corrections officers are not relevant to Plaintiffs' mental health claims. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 4-0137 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 5-0001 | | | | | | Authenticity (FRE 901) - Defendants assert that this document is an incorrect copy that contains handwritten markings at ADC010583 that are not in the original. Foundation - Defendants object that this exhibit contains "after the fact" alterations by unknown persons. Prejudice (FRE 403) (misleading, confusion of issues) - Defendants object that the alterations emphasize portions of the record, which is unduly prejudicial, misleading, and confusing. |
| 5-0002 | | X | | | | Improper opinion testimony (FRE 702, 703); prejudice (FRE 403) (misleading, confusion of issues); foundation. Defendants object that this opinion lacks foundation where the email opines that dental x-rays taken are inadequate without specifying the basis for that conclusion and evidence relied upon and therefore lacks scientific basis. Defendants further object that this document lacks foundation because it states that additional documents referenced in the email were not personally reviewed by the author. Defendants further object that the document contains hearsay |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 801, 802) for which there is no exception and hearsay within hearsay (FRE 805) for which there is no exception. Defendants further object on the grounds of relevance (FRE 401, 402) and prejudice (FRE 403) (confusion of issues, misleading, waste of time) because dental care provided to inmates pursuant to the Wexford contract fails to make it more or less probable that dental care provided to inmates during the relevant time period was deliberately indifferent. Defendants further object on the grounds of authenticity (FRE 901), relevance (FRE 401, 402), prejudice (FRE 403) (confusion of issues, waste of time), and foundation because the second page of this exhibit (ADC034755) is not an email as claimed by Plaintiffs. Defendants further object to non disclosure pursuant to 26(a)(2)(c). |
| 5-0003 | | | | | | Improper opinion testimony (FRE 702 703); prejudice (FRE 403) (misleading, confusion of issues); foundation. Defendants object that this opinion lacks foundation where the email opines that dental care, policies, and records are inadequate or pose liability issues, without specifying the basis for conclusion and evidence relied upon and therefore lacks scientific basis. Defendants further object that the document contains hearsay (FRE 801, 802) for which there is no exception. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants further object on the grounds of relevance (FRE 401, 402) and prejudice (FRE 403) (confusing the issues, misleading, waste of time) because dental care provided to inmates pursuant to the Wexford contract fails to make it more or less probable that dental care provided to inmates during the relevant time period was deliberately indifferent. Defendants further object to non disclosure pursuant to 26(a)(2)(c). |
| 5-0004 | | X | | | | Improper opinion (FRE 702, 703); prejudice (FRE 403) (misleading, confusion of issues); foundation. Defendants object that this opinion lacks foundation where the emails opine that (1) dental care, policies, and records are inadequate, (2) wait times are long, (3) periodontal disease is not typically treated, and (4) dental assistants are not qualified to triage, without specifying the evidence relied upon and basis for the conclusion and therefore lack scientific basis. Defendants further object that the document contains hearsay (FRE 801, 802) for which there is no exception. Defendants further object on the grounds of relevance (FRE 401, 402) and prejudice (FRE 403) (confusing the issues, misleading, waste of time) because dental care provided to inmates pursuant to the Wexford contract fails to make it more or less probable that dental care provided to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmates during the relevant time period was deliberately indifferent. Defendants further object to non disclosure pursuant to 26(a)(2)(c). |
| 5-0005 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading) - Defendants object that these emails reflect an erroneous understanding of what constitutes a dental emergency versus urgent care and misstate ADC policy regarding the timeframe in which an urgent HNR must be seen by dental staff. Defendants further object on the grounds of improper opinion testimony (FRE 702, 703); prejudice (FRE 403) (confusion of issues, misleading); and foundation where the emails opine that staffing is insufficient without specifying the basis for the conclusion and opine that urgent care should be seen with 24 hours when the opinion was not rendered by a dentist and therefore lacks scientific basis. Defendants further object that the document contains hearsay (FRE 801, 802) for which there is no exception. Defendants further object to non disclosure pursuant to 26(a)(2)(c). |
| 5-0006 | | X | | | | Improper opinion testimony (FRE 702, 703); prejudice (FRE 403) (misleading, confusion of issues); foundation. Defendants object that the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | opinions in this document lack foundation where the email and attachment opine that dental x-rays and examinations are inadequate and that a cleaning should be provided prior to restorative treatment without specifying the evidence relied upon and basis for the conclusion and therefore lack scientific basis. Defendants further object that the document contains hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805) for which there is no exception. Defendants further object on the grounds of relevance (FRE 401, 402) prejudice (FRE 403) (confusion of issues, misleading, waste of time), and MIL #4 because the document includes dental care provided to inmates in 2010 and 2012, which fails to make it more or less probable that dental care provided to inmates during the relevant time period was deliberately indifferent. Defendants further object to non disclosure pursuant to 26(a)(2)(c). |
| 5-0007 | | X | | | | Hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805) for which there is no exception. Improper opinion testimony (FRE 702, 703); foundation; incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues) - Defendants object that email regarding discrepancies between reports lacks specific evidentiary basis for conclusion that discrepancies exist where reports |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | referred to are not attached to email and author of email lacks personal knowledge of method of calculating or reporting wait times. Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); MIL #4 - Defendants object that old method of calculating and reporting wait times does not make it more or less probable that dental care provided to inmates during the relevant time period was deliberately indifferent. |
| 5-0008 | | X | | | | Hearsay (FRE 801, 802) for which there is no exception. Improper opinion testimony (FRE 702). Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading) - Defendants object that evidence regarding a recommendation to prioritize urgent care over routine care until a backlog of appointments at Yuma was cleared is not relevant to the current provision of dental care to ADC inmates. |
| 5-0009 | | X | | | | Defendants object that Plaintiffs failed to timely disclose this exhibit in violation of the Court's Order requiring Plaintiffs to provide all trial exhibits to Defendants by September 19, 2014. |
| 5-0010 | | X | | | | Hearsay (FRE 801, 802) for which there is no exception. Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time) - |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object that the information contained in this document fails to make it more or less probable that the dental care provided to ADC inmates during the relevant time period was deliberately indifferent. Defendants object on the basis of MIL #4 to the extent that this document relies on data or information that predates privatization. Improper expert opinion testimony (FRE 702); foundation; prejudice (FRE 403) (misleading, confusion of issues) - Defendants object that this document is not helpful to understand the evidence or determine a fact at issue in the case. |
| 5-0011 | | X | | | | Hearsay (FRE 801, 802) for which there is no exception. Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time) - Defendants object that the information contained in this document fails to make it more or less probable that the dental care provided to ADC inmates during the relevant time period was deliberately indifferent. Defendants object on the basis of MIL #4 to the extent that this document relies on data or information that predates privatization. Improper expert opinion testimony (FRE 702); foundation; prejudice (FRE 403) (misleading, confusion of issues) - Defendants object that this document is not helpful to understand the evidence or determine a |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | fact at issue in the case. |
| 5-0012 | | X | | | | Hearsay (FRE 801, 802) for which there is no exception. Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time) - Defendants object that the information contained in this document regarding dental staffing ratios and dental treatment fails to make it more or less probable that the dental care provided to ADC inmates during the relevant time period was deliberately indifferent. Defendants object on the basis of MIL #4 to the extent that this document relies on data or information that predates privatization. Improper expert opinion testimony (FRE 702); foundation; prejudice (FRE 403) (misleading, confusion of issues) - Defendants object that this document is not helpful to understand the evidence or determine a fact at issue in the case. |
| 5-0013 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time); incomplete (FRE 106) - Defendants object to the introduction of this exhibit, which consists of 12 blank pages. To the extent that this document was not blank and instead contained the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | information that would be expected given its title, Defendants additionally object on the basis of relevance (FRE 401, 402), prejudice (FRE 403) (confusing the issues, waste of time), and MIL #4 because survey results from 2006 are not likely to make any fact of consequence in this case more or less probable. Defendants additionally object that it is likely that this document contains hearsay (FRE 801, 802) and possibly hearsay within hearsay (FRE 805) for which there is no exception. |
| 5-0014 | | X | | | | Hearsay (FRE 801, 802) for which there is no exception. Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time) - Defendants object that the information contained in this document fails to make it more or less probable that the dental care provided to ADC inmates during the relevant time period was deliberately indifferent. Defendants object on the basis of MIL #4 to the extent that this document relies on data or information that predates privatization. Improper expert opinion testimony (FRE 702); foundation; prejudice (FRE 403) (misleading, confusion of issues) - Defendants object that this document is not helpful to understand the evidence or determine a fact at issue in the case. FRE 403 (misleading, confusion of issues) - Defendants object that this |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | exhibit contains highlighting not on the original. |
| 5-0015 | | X | X | | | Incomplete/incorrect summary (FRE 1006); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation - Defendants object that these charts lack reference to the underlying data, making verification of summary impossible.  Hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805) for which there is no exception.  Defendants object on the basis of MIL #4, relevance (FRE 401, 402), and prejudice (confusion of issues, waste of time) to the extent that these charts contain evidence that predates privatization. |
| 5-0016 | | X | | | | MIL #4; relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); foundation; hearsay and hearsay within hearsay (FRE 801, 802, 805) for which there is no exception.  Defendants object that this article, which is based on surveys administered in 1996 throughout the U.S. regarding dental staffing ratios and dental policies, fails to make it more or less probable that the dental care provided to ADC inmates within the relevant timeframe was deliberately indifferent. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 5-0017 | | X | | | | Hearsay (FRE 801, 802) for which there is no exception. Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time) - Defendants object that the information contained in this document fails to make it more or less probable that the dental care provided to ADC inmates during the relevant time period was deliberately indifferent. Defendants object on the basis of MIL #4 to the extent that this document relies on data or information that predates privatization. |
| 5-0018 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time) - Defendants object that this memorandum dated February 25, 2010 regarding treatment timelines in the California Department of Corrections and Rehabilitation pursuant to a stipulated injunction fails to make it more or less probable that dental care provided to ADC inmates during the relevant timeframe was deliberately indifferent. Improper opinion testimony (FRE 702); prejudice (FRE 403); foundation - Defendants object that this lay opinion lacks foundation where the memorandum opines that certain dental conditions need to be treated within 60 or 120 days but does not provide the basis for the conclusion or the evidence relied upon and therefore lacks scientific basis. Defendants object |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on the basis of MIL #4 because this memorandum predates privatization. Hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805) for which there is no exception. |
| 5-0019 | | X | X | | | Hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805) for which there is no exception. Defendants object on the basis of MIL #4, relevance (FRE 401, 402), and prejudice (confusion of issues, waste of time) to the extent that these reports contain dental treatment and HNRs that predate privatization. Defendants object to the charts and discussion contained in these reports as an incomplete/incorrect summary (FRE 1006) of dental care provided to ADC inmates. |
| 5-0020 | | X | X | | | Hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805) for which there is no exception. Defendants object on the basis of MIL #4, relevance (FRE 401, 402), and prejudice (confusion of issues, waste of time) to the extent that these reports contain dental treatment and HNRs that predate privatization. Defendants object to the charts and discussion contained in these reports as an incomplete/incorrect summary (FRE 1006) of dental care provided to ADC inmates. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 5-0021 | | | X | | | Hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805) for which there is no exception. Voluminous exhibit containing four separate expert reports, that if admitted, should stand alone as separate exhibits, making specific objections to content unworkable. Improper opinion (FRE 702, 703); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues); foundation - Defendants object that the opinions contained in these documents lack scientific basis for the reasons stated in Defendants' Motion to Exclude Experts, including because they are based upon a non-random sample of inmate dental files and fail to provide the basis and evidence relied upon in concluding that ADC policies and practices are below the standard of care. The reports were also prepared for this litigation and not based on facts or data upon which experts in the field would rely (FRE 703), see also Doc. 905. This court has held that such expert reports are inadmissible. See Ariz. Dep't of Law, Civil Rights Div. v. ASARCO, L.L.C., 844 F. Supp. 2d 957, 965 (D. Ariz. 2011) aff'd sub nom. Arizona v. Asarco LLC, 543 F. App'x 702 (9th Cir. 2013) (holding expert's report is "'classic' hearsay" and "falls within no hearsay exception for report or records because it was |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | plainly prepared in anticipation of litigation by a non-treating mental health expert," and "not an admissible summary of his opinion" under FRE 1006. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court. (Doc. 1107). Defendants object on the basis of MIL #4, relevance (FRE 402), and prejudice (confusion of issues, waste of time) to the extent that these reports contain evidence regarding dental care, staffing, wait times, and policies and practices that predate privatization. Defendants object to the charts and discussion contained in these reports as an incomplete/incorrect summary (FRE 1006) of dental care provided to ADC inmates. Defendants further object that these reports are cumulative of Dr. Shulman's testimony (FRE 403). |
| 5-0022 | | X | X | | | Incomplete/incorrect summary (FRE 1006); prejudice (FRE 403) (misleading, confusion of issues, waste of time); foundation - Defendants object that these charts lack reference to the underlying data, making verification of summary impossible. Hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805) for which there is no exception. Defendants object on the basis of MIL #4, relevance (FRE 401, 402), and prejudice |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (confusion of issues, waste of time) to the extent that these charts contain evidence that predates privatization. |
| 5-0023 | | X | X | | | Voluminous exhibit containing multiple separate patient reports for 22 inmates that should stand alone as separate exhibits; prejudice (FRE 403) (waste of time, cumulative); duplicative of Defendants' Exh. 2-2909; 2-2337; 2-2388; 2-2071; 2-2928; 2-2198; 2-2472; 2-2406; 2-2534; 2-1847; 2-2609; 2-2479; 2-2769; 2-2582; 2-2256; 2-1870; 2-2450; 2-2266; and 2-2399. |
| 5-0024 | | X | | | | Relevance (FRE 401, 402); prejudice (confusion of issues, waste of time) - Defendants object that a print-out from a web page regarding Defendants' dental expert fails to make any fact of consequence in this case more or less probable. Hearsay (FRE 801, 802). |
| 5-0025 | | X | | | | Character evidence (FRE 404) - Defendants object to the extent that this exhibit is offered to attack the character of a SPDS employee.  Relevance (FRE 401, 402); prejudice (confusion of issues, misleading, waste of time); foundation - Defendants object that printouts from a SPDS employee's personal Facebook page fail to make it more or less probable that care provided to ADC inmates during |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | the relevant time period was deliberately indifferent. Hearsay (FRE 801, 802) and hearsay within hearsay (FRE 805) for which there is no exception. |
| 5-0026 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); foundation - Defendants object that a Corizon corporate policy regarding dental care fails to make it more or less probable that care provided to ADC inmates during the relevant time period was deliberately indifferent when dental care is provided by Smallwood Prison Dental Services (SPDS), and SPDS follows the ADC Dental Services Technical Manual. |
| 5-0027 | | X | | | | Relevance (FRE 401, 402); prejudice (confusion of issues, waste of time) - Defendants object that a print-out from a web page regarding Defendants' dental expert fails to make any fact of consequence in this case more or less probable. Hearsay (FRE 801, 802). |
| 5-0028 | | X | X | | | Relevance (FRE 401, 402); prejudice (waste of time) - Defendants object that a report of dental appointments from January 1, 2012 through June 2013 fails to make any fact of consequence in this case more or less probable. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 5-0029 | | | | | | Incomplete (FRE 106); relevance (FRE 401, 402); prejudice (FRE 403) (misleading, confusion of issues) - Defendants object that introducing evidence of dental utilization statistics only through December 2013 fails to accurately reflect the dental care provided to ADC inmates during the relevant time period. |
| 5-0030 | | X | | EIN | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time) - Defendants object that an ancillary services agreement between Corizon and SPDS does not make any fact of consequence in this case more or less probable. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0001 | | | | | | |
| 6-0002 | | | | | | |
| 6-0003 | | X | | | | Objection: Relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); MIL No. 4. Defendants object on grounds of relevance because the document, dated September 2, 2008, pre-dates both the two-year statute of limitations period and the January 1, 2011 date to which the parties agreed to limit their discovery responses, and is too remote in time to make it more or less probable that the conditions of confinement for maximum custody inmates constitute cruel and unusual punishment. Also not relevant as Parsons has been dismissed as a named Plaintiff. |
| 6-0004 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0005 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of foundation because the Correctional Services Logs were prepared by persons not disclosed as witnesses in this matter. Defendants object on grounds of relevance because the Correctional Services Logs pertain to only one unit of one facility for a period of two days, and therefore fail to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. |
| 6-0006 | | X | | | | Objection: Foundation; hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); voluminous exhibit containing records of unrelated Information Reports, Use of Force/Incident Management Reports, emails, and Significant Incident Reports that should be separate exhibits, making specific objections to content unworkable. Defendants object on grounds of foundation because the Information Reports, Use of Force/Incident Management Reports, and emails contained in this exhibit were prepared by persons not disclosed as witnesses in this matter, and many contain alterations in the form of underlining and circling by unidentified persons, and relate to incidents such as hunger strikes or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | refusals to accept food which are not relevant to this case. |
| 6-0007 | | | | | | |
| 6-0008 | | X | | | | |
| 6-0009 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information, as the documents comprising this exhibit were prepared by persons who have not been disclosed as witnesses in this matter. Defendants object on grounds of relevance because the records pertain to only one inmate at one facility on six days in 2011, and therefore fail to make it more or less probable that the conditions of confinement for inmates on suicide watch at ADC facilities system-wide constitute cruel and unusual punishment for the time period relevant to this case. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0010 | | X | | | | |
| 6-0011 | | | | | | |
| 6-0012 | | | | | | |
| 6-0013 | | | | | | |
| 6-0014 | | | | | | |
| 6-0015 | | X | | | | |
| 6-0016 | | X | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0017 | | | | | | Objection: Prejudice (FRE 403) (cumulative). This exhibit is identical to Plaintiffs' Exhibit 6-0001. |
| 6-0018 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805). Defendants object on grounds of foundation as to the source of the information, as the person who purportedly prepared the document has not been disclosed as a witness in this matter. Defendants object on grounds of relevance because the document fails to address conditions of confinement at ADC facilities, and therefore fails to make it more or less probable that such conditions constitute cruel and unusual punishment. |
| 6-0019 | | X | | | | |
| 6-0020 | | | | | | Objection: Relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, cumulative); hearsay (FRE 801, 802). Defendants object on grounds of relevance because this document is a draft that may not be reflective of the finished document, and is duplicative of Plaintiffs' Ex. 6- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 0001. |
| 6-0021 | | X | | | ADC320965: HOU; ADC320966: HOU; ADC320967: HOU; ADC320968: HOU; ADC320969: HOU. | |
| 6-0022 | | | | | | Objection: hearsay (FRE 801, 802); prejudice (waste of time, cumulative). Defendants object to hearsay and prejudice (waste of time, cumulative) where Carson McWilliams is not an individually named defendant in this case and will testify life at trial (both parties list Mr. McWilliams as a "will call" witness. Live testimony regarding the very issues set forth in his declaration negates admissibility of his hearsay declaration and constitutes a waste of time and cumulative evidence. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0023 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of relevance and foundation where blank form, dated effective in 2010, with no information entered as to medical care provided to mental health inmates fails to make it more or less probable that conditions of confinement and medical care provided to segregation inmates constitutes deliberate indifference. Document standing alone also fails to establish necessary foundation in that it was used during the time period relevant to this case. Document standing alone further lacks required relevance and foundation where it pertains to a "Phase Program" no longer in use in the ADC system. |
| 6-0024 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); hearsay (FRE 801, 802); MIL No. 4. Defendants object on grounds of foundation because the document contains alterations in the form of hand-written notes by an unidentified person. Defendants object on grounds of relevance because the document pre-dates the January 1, 2011 date to which the parties |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | agreed to limit their discovery responses, and is too remote in time to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. |
| 6-0025 | | | | | HOU | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information and because the document contains alterations in the form of hand-written notes by an unidentified person. Defendants object on grounds of relevance because the document pertains to inmates participating in one program in one unit of one facility, and because it pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery responses, and is too remote in time to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. |
| 6-0026 | | | | | HOU | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information and because the document contains alterations in the form of hand- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | written notes by an unidentified person. Defendants object on grounds of relevance because the document pertains to inmates participating in one program in one unit of one facility, and because it pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery responses, and is too remote in time to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. |
| 6-0027 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading; waste of time); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information and because the document contains alterations in the form of hand-written notes by an unidentified person. Defendants object on grounds of relevance because the document pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery responses, and is too remote in time to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0028 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation because the document contains alterations in the form of hand-written notes by an unidentified person. Defendants object on grounds of relevance because the document pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery responses, and is too remote in time to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. Defendants object to relevance, foundation and prejudice where Phase program at issue is outdated and has been replaced by DI 326. |
| 6-0029 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); MIL No. 4. Defendants object on grounds of foundation because the document contains alterations in the form of hand-written notes by an unidentified person. Defendants object on grounds of relevance because the document pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery responses, and is too remote in time to make it more |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. Defendants object to relevance, foundation and prejudice where Phase program at issue is outdated and has been replaced by DI 326. |
| 6-0030 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); MIL No. 4. Defendants object on grounds of foundation because the document contains alterations in the form of hand-written notes by an unidentified person. Defendants object on grounds of relevance because the document pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery responses, and is too remote in time to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment.  Defendants object to relevance, foundation and prejudice where Phase program at issue is outdated and has been replaced by DI 326. |
| 6-0031 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading; waste of time); MIL No. 4. Defendants object on grounds of foundation because the document contains alterations in the form of hand- |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | written notes by an unidentified person. Defendants object on grounds of relevance because the document pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery responses, and is too remote in time to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. Defendants object to relevance, foundation and prejudice where Phase program at issue is outdated and has been replaced by DI 326. Defendants object to relevance, foundation and prejudice where Phase program at issue is outdated and has been replaced by DI 326. |
| 6-0032 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading; waste of time); MIL No. 4. Defendants object on grounds of foundation because the document does not identify the author or the source of the author's information, and because the document contains alterations in the form of hand-written notes by an unidentified person. Defendants object on grounds of relevance because the document pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery responses, and is too remote in time to make it more or less probable that conditions of confinement in |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | ADC's facilities constitute cruel and unusual punishment. Defendants object to relevance, foundation and prejudice where Phase program at issue is outdated and has been replaced by DI 326. |
| 6-0033 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading; waste of time); MIL No. 4. Defendants object on grounds of foundation because the document does not identify the author or the source of the author's information, and because the document contains alterations in the form of hand-written notes by an unidentified person. Defendants object on grounds of relevance because the document lists a small group of "inmate workers" at an unspecified facility and pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery responses, and therefore fails to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. |
| 6-0034 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0035 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |
| 6-0036 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |
| 6-0037 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information, as neither the source of the information nor the person who prepared the document is identified. Defendants object on grounds of relevance because the document pertains to performance evaluations of inmates on work detail, which is not at issue in this lawsuit, because the document is outside the relevant time frame, and because it pertain to inmates at only one unit in one facility for a narrow time frame, and therefore fails to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. |
| 6-0038 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time, cumulative); incomplete |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information, as neither the source of the information nor the person who prepared the document is identified. Defendants object on grounds of relevance because the document pertains to performance evaluations of inmates on work detail, which is not at issue in this lawsuit, because the document is outside the relevant time frame, and because it pertain to inmates at only one unit in one facility for a narrow time frame, and therefore fails to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. This exhibit is cumulative of Defendants' Exhibit No. 6-0532. |
| 6-0039 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, cumulative, waste of time); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information, as neither the source of the information nor the person who prepared the document is identified. Defendants object on grounds of relevance because the document pertains to performance evaluations of inmates on work detail, which is not at issue in this lawsuit, because the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | document is outside the relevant time frame, and because it pertain to inmates at only one unit in one facility for a narrow time frame, and therefore fails to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. This exhibit is cumulative of Defendants' Exhibit No. 6-0532. |
| 6-0040 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, cumulative; waste of time); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information, as neither the source of the information nor the person who prepared the document is identified. Defendants object on grounds of relevance because the document pertains to performance evaluations of inmates on work detail, which is not at issue in this lawsuit, because the document is outside the relevant time frame, and because it pertain to inmates at only one unit in one facility for a narrow time frame, and therefore fails to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. This exhibit is cumulative of Defendants' Exhibit No. 6-0532. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0041 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, cumulative; waste of time); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information, as neither the source of the information nor the person who prepared the document is identified. Defendants object on grounds of relevance because the document pertains to performance evaluations of inmates on work detail, which is not at issue in this lawsuit, because the document is outside the relevant time frame, and because it pertain to inmates at only one unit in one facility for a narrow time frame, and therefore fails to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. This exhibit is cumulative of Defendants' Exhibit No. 6-0532. |
| 6-0042 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, cumulative; waste of time); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information, as neither the source of the information nor the person who prepared the document is identified. Defendants object on grounds of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevance because the document pertains to performance evaluations of inmates on work detail, which is not at issue in this lawsuit, because the document is outside the relevant time frame, and because it pertain to inmates at only one unit in one facility for a narrow time frame, and therefore fails to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. This exhibit is cumulative of Defendants' Exhibit No. 6-0532. |
| 6-0043 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, cumulative; waste of time); incomplete (FRE 106); MIL No. 4. Defendants object on grounds of foundation as to the source of the information, as neither the source of the information nor the person who prepared the document is identified, and as to hand-written alterations consisting of highlights by an unidentified person. Defendants object on grounds of relevance because the document pertains to performance evaluations of inmates on work detail, which is not at issue in this lawsuit, because the document is outside the relevant time frame, and because it pertain to inmates at only one unit in one facility for a narrow time frame, and therefore fails to make it more or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. This exhibit is cumulative of Defendants' Exhibit No. 6-0532. |
| 6-0044 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |
| 6-0045 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |
| 6-0046 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |
| 6-0047 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |
| 6-0048 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |
| 6-0049 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0050 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |
| 6-0051 | | | | | | Objection: Incomplete (FRE 106); cumulative excerpts contained in Defendants' Exh. 06-0533. |
| 6-0052 | | | | | | |
| 6-0053 | | | | | | Objection: Prejudice (FRE 403) (confusing issues regarding highlighting on re-entry programs only). |
| 6-0054 | | | | | | |
| 6-0055 | | | | | | |
| 6-0056 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0057 | | | | | | |
| 6-0058 | | | | | | |
| 6-0059 | | | | | | Objection: Incomplete (FRE 106); excerpts cumulative and contained in Defendants' Exh. 06-0528 |
| 6-0060 | | | | | ADC280144: HOU (passim). | Objection: Incomplete (FRE 106); excerpts cumulative and contained in Defendants' Exh. 06-0529 |
| 6-0061 | | | | | ADC280144: HOU (passim). | Objection: Incomplete (FRE 106); excerpts cumulative and contained in Defendants' Exh. 06-0529 |
| 6-0062 | | | X | | | Objection: Incomplete (FRE 106); excerpts cumulative and contained in Defendants' Exh. No. 4-0223 |
| 6-0063 | | | X | | | Objection: Incomplete (FRE 106); excerpts cumulative and contained in Defendants' Exh. No. 4-0223 |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0064 | | | X | | | Objection: Incomplete (FRE 106); excerpts cumulative and contained in Defendants' Exh. No. 4-0223 |
| 6-0065 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); hearsay (FRE 801, 802). Defendants object to foundation and relevance because the document does not identify the inmate to whom it pertains, or the date on which it was prepared. Defendants object to relevance because the incomplete response to an inmate letter that is not attached fails to make it more or less probable that conditions of confinement at ADC's facilities constitute cruel and unusual punishment. |
| 6-0066 | | | | | | |
| 6-0067 | | | | | | |
| 6-0068 | | | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time). Defendants object on grounds of relevance where content of 2013 inmate orientation packet for Eyman - SMUI contains multiple categories of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | subject matter pertaining to issues not certified as claims in this case including but not limited to inmate accounts, barber services, inmate addresses, PREA and therefore fail to make it more or less probable that conditions of confinement for max custody inmates constitutes cruel and unusual punishment. |
| 6-0069 | | | | | | |
| 6-0070 | | | | | | |
| 6-0071 | | | | | | |
| 6-0072 | | | | | | |
| 6-0073 | | | | | ADC280444: HOU (passim). | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0074 | | | | | | |
| 6-0075 | | | | | HOU | |
| 6-0076 | | | | | | |
| 6-0077 | | | | | | |
| 6-0078 | | | | | | |
| 6-0079 | | | | | | |
| 6-0080 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0081 | | | | | STAFF | |
| 6-0082 | | | | | | |
| 6-0083 | | | | | HOU (passim). | Objection: Incomplete (FRE 106); excerpt is cumulative and contained in Defendants' Exh. No. 6-0560. |
| 6-0084 | | | | | HOU (passim). | Objection: Incomplete (FRE 106); excerpt is cumulative and contained in Defendants' Exh. No. 6-0560. |
| 6-0085 | | | | | HOU (passim). | Objection: Incomplete (FRE 106); excerpt is cumulative and contained in Defendants' Exh. No. 6-0560. |
| 6-0086 | | | | | HOU (passim). | Objection: Incomplete (FRE 106); excerpt is cumulative and contained in Defendants' Exh. No. 6-0560. |
| 6-0087 | | | | | HOU (passim). | Objection: Incomplete (FRE 106); excerpt is cumulative and contained in Defendants' Exh. No. 6-0560. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0088 | | | | | HOU (passim). | Objection: Incomplete (FRE 106); excerpt is cumulative and contained in Defendants' Exh. No. 6-0560. |
| 6-0089 | | | | | Staff | |
| 6-0090 | | | | | HOU (passim). | |
| 6-0091 | | | | | HOU (passim). | |
| 6-0092 | | | | | | |
| 6-0093 | | | | | | |
| 6-0094 | | | | | ADC280786: Staff. | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); MIL No. 4. Defendants object on grounds of relevance and foundation as to content that pre-dates the January 1, 2011 date to which the parties agreed to limit their discovery |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | responses, and is too remote in time to make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment. Defendants object to relevance, foundation and prejudice where 2009 Phase program discussed at issue is outdated and has been replaced by DI 326. |
| 6-0095 | | | | | ADC280799: Inmate Name; ADC280800: Inmate Name; ADC280801: Inmate Name; ADC280803: Inmate Name; ADC280805: Inmate Name; passim. | |
| 6-0096 | | | | | | Objection: Relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, cumulative); hearsay (FRE 801, 802). Defendants object on grounds of relevance because this document is a draft that may not be reflective of the finished document, and is duplicative of Plaintiffs' Ex. 6-0001. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0097 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0098 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0099 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0098. |
| 6-0100 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0101 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0100; excerpt cumulative and contained in Defendants' Exh. 6-0577 |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0102 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0103 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0102; cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0104 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0105 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0104; cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0106 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0107 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0106; cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0108 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0109 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0108; cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0110 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0111 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0110; cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0112 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0113 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0112; cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0114 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0115 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0114; |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0116 | | | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0117 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (confusion of issues, misleading, cumulative). Defendants object on the basis of prejudice because this exhibit is misleading as to the full extent of the training, as it does not contain the presenter's notes, and is cumulative of Plaintiffs' Exhibit No. 6-0116; cumulative and contained in Defendants' Exh. 6-0577. |
| 6-0118 | | | | | | |
| 6-0119 | | | | | | |
| 6-0120 | | | | | | Objection: Prejudice (FRE 403) (misleading as incomplete); incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0629; hearsay and hearsay within hearsay (FRE 801, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 802, 805) |
| 6-0121 | | | | | ADC265526: Inmate Name; ADC265527: Inmate Name; ADC265528: Inmate Name. | Objection: Prejudice (FRE 103) (misleading as incomplete); excerpt cumulative as contained in Defendants' Exh. 6-0631; hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 6-0122 | | | | | ADC265538: Inmate Name. | Objection: Prejudice (FRE 103) (misleading as incomplete); excerpt cumulative as contained in Defendants' Exh. 6-0632; hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 6-0123 | | | | | | Objection: Prejudice (FRE 103) (misleading as incomplete); excerpt cumulative as contained in Defendants' Exh. 6-0633; hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 6-0124 | | | | | | Objection: Prejudice (FRE 103) (misleading as incomplete); excerpt cumulative as contained in Defendants' Exh. 6-0630; hearsay and hearsay within hearsay (FRE 801, 802, 805). |
| 6-0125 | | | | | | Objection: Prejudice (FRE 103) (misleading as incomplete); excerpt cumulative as contained in Defendants' Exh. 6-0632; hearsay and hearsay within hearsay (FRE 801, 802, 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0126 | | X | | | | |
| 6-0127 | | X | | | | Objection: Incomplete (FRE 106); prejudice (FRE 403) (misleading, confusion of issues, waste of time); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); foundation; relevance (FRE 401, 402). Defendants object based on relevance foundation where hearsay correspondence relates to proposals, not final, and asks questions related to procedure but hearsay correspondence does not provide response or conclusions regarding same and does not identify by inmate or specifying the underlying events that are the subject of the correspondence. Correspondence therefore fails to make it more or less probable that Max Custody conditions of confinement constitute deliberate indifference. Defendants object to foundation relevance where communication speaks to WaDOC procedures that do not make it more or less probable that ADC's Max Custody conditions of confinement constitutes deliberate indifference. |
| 6-0128 | | X | X | | SEITER00006 6: STG. | Objection: Hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); inadmissible basis of expert opinion (FRE 703). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0129 | | X | | | | Objection: Relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). Defendants object on grounds of relevance where content exceeds compensation information and relates to ADC bill processing procedures. |
| 6-0130 | | | X | | | Objection: Voluminous exhibit containing multiple expert reports from Eldon Vail and attachments/exhibits to those reports that make objections to specific content unworkable. Object to hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). Defendants object because Vail's reports contain hearsay, and multiple layers of hearsay to which no hearsay exception applies. Object that exhibit is cumulative of expert's testimony and unfairly prejudicial (FRE 402, 403). Object to foundation. The report is an improper expert opinion (FRE 702) because it is based on insufficient facts or data and the product of unreliable principles and methods. The report was also prepared for this litigation and not based on facts or data upon which experts in the field would rely (FRE 703; Doc. 905). Objection that the reports are or contain an improper summary of the expert's opinions and/or records reviewed by the expert (FRE 1006). This court has held that such |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | expert reports are inadmissible. See Ariz. Dep't of Law, Civil Rights Div. v. ASARCO, L.L.C., 844 F. Supp. 2d 957, 965 (D. Ariz. 2011) aff'd sub nom. Arizona v. Asarco LLC, 543 F. App'x 702 (9th Cir. 2013) (holding expert's report is "'classic' hearsay" and "falls within no hearsay exception for report or records because it was plainly prepared in anticipation of litigation by a non-treating mental health expert," and "not an admissible summary of his opinion" under FRE 1006). This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0131 | | | X | | | Objection: Voluminous exhibit containing multiple expert reports from Brie Williams and attachments/exhibits to those reports that make objections to specific content unworkable. Object to hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). Defendants object because Williams's reports contain hearsay, and multiple layers of hearsay to which no hearsay exception applies. Object that exhibit is cumulative of expert's testimony and unfairly prejudicial (FRE 402, 403). Object to foundation. The report is an improper expert opinion (FRE 702) because it is based on insufficient facts or data and the product of |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unreliable principles and methods. The report was also prepared for this litigation and not based on facts or data upon which experts in the field would rely (FRE 703; Doc. 905). Objection that the reports are or contain an improper summary of the expert's opinions and/or records reviewed by the expert (FRE 1006). This court has held that such expert reports are inadmissible. See Ariz. Dep't of Law, Civil Rights Div. v. ASARCO, L.L.C., 844 F. Supp. 2d 957, 965 (D. Ariz. 2011) aff'd sub nom. Arizona v. Asarco LLC, 543 F. App'x 702 (9th Cir. 2013) (holding expert's report is "'classic' hearsay" and "falls within no hearsay exception for report or records because it was plainly prepared in anticipation of litigation by a non-treating mental health expert," and "not an admissible summary of his opinion" under FRE 1006). This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0132 | | | X | | | Objection: Voluminous exhibit containing multiple expert reports from Craig Haney and attachments/exhibits to those reports that make objections to specific content unworkable. Object to hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). Defendants object because Haney's |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | reports contain hearsay, and multiple layers of hearsay to which no hearsay exception applies.  Object that exhibit is cumulative of expert's testimony and unfairly prejudicial (FRE 402, 403).  Object to foundation.  The report is an improper expert opinion (FRE 702) because it is based on insufficient facts or data and the product of unreliable principles and methods.  The report was also prepared for this litigation and not based on facts or data upon which experts in the field would rely (FRE 703; Doc. 905).  Objection that the reports are or contain an improper summary of the expert's opinions and/or records reviewed by the expert (FRE 1006).  This court has held that such expert reports are inadmissible. See Ariz. Dep't of Law, Civil Rights Div. v. ASARCO, L.L.C., 844 F. Supp. 2d 957, 965 (D. Ariz. 2011) aff'd sub nom. Arizona v. Asarco LLC, 543 F. App'x 702 (9th Cir. 2013) (holding expert's report is "'classic' hearsay" and "falls within no hearsay exception for report or records because it was plainly prepared in anticipation of litigation by a non-treating mental health expert," and "not an admissible summary of his opinion" under FRE 1006). This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 1107). |
| 6-0133 | X | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); improper expert opinion (FRE 702); incomplete (FRE 106); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). Defendants object on grounds of foundation because the document was prepared by persons who have not been named as witnesses in this matter, and for whom no showing of personal knowledge has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. |
| 6-0134 | | | X | | HANEY000423: HOU; HANEY000424: HOU; HANEY000425: HOU; HANEY000042 | Objection: Voluminous exhibit containing multiple transmittal letters/emails from Plaintiffs' counsel to Craig Haney, summaries of information prepared by unknown persons, hearsay declarations, an unrelated article written by Haney, and Haney's expert notes that make objections to specific content unworkable; prejudice (FRE 403) (confusion of issues, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | 6: HOU; HANEY000427: HOU; passim. | misleading); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); inadmissible basis of expert opinion (FRE 703); relevance (FRE 402). This exhibit also violates the Court's Order requesting the parties to present expert testimony and basis thereof by oral testimony in open court (Doc. 1107). |
| 6-0135 | | X | | | HOU | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); MIL No. 1. Defendants object on grounds of foundation because Plaintiffs' counsel cannot testify and, in any event, have not been identified as witnesses in this case. As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create their own evidence and present them as trial exhibits to prove plaintiffs' claims. Defendants object on grounds of relevance because the letter does not make the existence of a fact in issue more or less probable where the correspondence outlines parameters of facility tours and contains no facts that make it more or less probable that ADC was deliberately indifferent to Max Custody conditions of confinement, medical care, mental health care or dental care. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0136 | | X | | | HOU | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); MIL No. 1. Defendants object on grounds of foundation because Plaintiffs' counsel cannot testify and, in any event, have not been identified as witnesses in this case. As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create their own evidence and present them as trial exhibits to prove plaintiffs' claims. Defendants object on grounds of relevance because the letter does not make the existence of a fact in issue more or less probable where the correspondence outlines parameters of facility tours and contains no facts that make it more or less probable that ADC was deliberately indifferent to Max Custody conditions of confinement, medical care, mental health care or dental care. |
| 6-0137 | | X | | | HOU | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); MIL No. 1. Defendants object on grounds of foundation because Plaintiffs' counsel cannot testify and, in any event, have not been identified as witnesses in this case. As a matter of common sense, it is also inappropriate for |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | plaintiffs' counsel to create their own evidence and present them as trial exhibits to prove plaintiffs' claims. Defendants object on grounds of relevance because the letter does not make the existence of a fact in issue more or less probable where the correspondence outlines parameters of facility tours and contains no facts that make it more or less probable that ADC was deliberately indifferent to Max Custody conditions of confinement, medical care, mental health care or dental care. |
| 6-0138 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading; waste of time); improper expert opinion (FRE 702); inadmissible basis of expert opinion (FRE 703); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). Defendants object on grounds of foundation because the document was prepared by persons who have not been named as witnesses in this matter, and for whom no showing of personal knowledge has been made. Defendants object on grounds of relevance because the report in the exhibit does not address conditions of confinement in ADC's facilities, and in any event was prepared prior to the January 1, 2011 deadline to which the parties agreed to limit their discovery responses, and therefore does not make it more or less probable that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | such conditions constitute deliberate indifference. |
| 6-0139 | | X | | | HOU | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805); MIL No. 1. Defendants object on grounds of foundation because Plaintiffs' counsel cannot testify and, in any event, have not been identified as witnesses in this case. As a matter of common sense, it is also inappropriate for plaintiffs' counsel to create their own evidence and present them as trial exhibits to prove plaintiffs' claims. Defendants object on grounds of relevance because the letter does not make the existence of a fact in issue more or less probable where the correspondence outlines parameters of facility tours and contains no facts that make it more or less probable that ADC was deliberately indifferent to Max Custody conditions of confinement, medical care, mental health care or dental care. |
| 6-0140 | | X | X | | HOU | Objection: Prejudice (FRE 403) (confusion of issues, misleading); hearsay (FRE 801, 802); foundation; hearsay within hearsay (FRE 805); inadmissible basis of expert opinion (FRE 703); |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | relevance (FRE 402). Hearsay notes lack foundation to verification of inmate reports. This exhibit violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0141 | | | | | | Objection: Hearsay (FRE 801, 802). |
| 6-0142 | | | | | | Objection: Incomplete (FRE 106); cumulative and contained in Defendants' Exh. 6-0634. |
| 6-0143 | | | | | | Objection: Incomplete (FRE 106); cumulative and contained in Defendants' Exh. 6-0634. |
| 6-0144 | | | | | | Objection: Incomplete (FRE 106); cumulative and contained in Defendants' Exh. 6-0634. |
| 6-0145 | | X | | | | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0633. |
| 6-0146 | | | | | HOU | Objection: Incomplete (FRE 106); excerpt cumulative and contained in Defendants' Exh. 6-0635. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0147 | | | X | | ADC002345:MT; ADC002346: MT; ADC002347: MT; ADC002348: MT; ADC002349: MT; passim. | Objection: Relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; MIL No. 4; voluminous exhibit containing medical records that make objections to specific content unworkable. Defendants object on grounds of relevance because many of the records contained in this exhibit pre-date the January 1, 2011 date to which the parties agreed to limit their discovery responses and predates the July 7, 2012 start of the Corizon contract and therefore fails to make it more or less probable that medical care, mental health care or conditions of confinement during the relevant time period were deliberately indifferent. Defendants object on grounds of foundation because the records were prepared by persons who have not been identified as witnesses in this matter, and because many of the records contain handwritten alterations by unidentified persons. Excerpts cumulative and contained in Defendants' Exh. 2-1775. |
| 6-0148 | | | | | | Objection: Relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; MIL No. 4; voluminous exhibit containing medical records that make objections to specific content unworkable. Defendants object on grounds of relevance because |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | many of the records contained in this exhibit pre-date the January 1, 2011 date to which the parties agreed to limit their discovery responses and predates the July 7, 2012 start of the Corizon contract and therefore fails to make it more or less probable that medical care, mental health care or conditions of confinement during the relevant time period were deliberately indifferent. Defendants object on grounds of foundation because the records were prepared by persons who have not been identified as witnesses in this matter, and because many of the records contain handwritten alterations by unidentified persons. Excerpts cumulative and contained in Defendants' Exh. 6-0643. |
| 6-0149 | | | | | | |
| 6-0150 | | | | | | |
| 6-0151 | | | | | | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0152 | | | | | | |
| 6-0153 | | | | | | |
| 6-0154 | | | | | | |
| 6-0155 | | | | | | |
| 6-0156 | | | | | | Objection: Incomplete (FRE 106); cumulative and excerpts contained in Defendants' Exh. 6-0637. |
| 6-0157 | | | | | | Objection: Incomplete (FRE 106); cumulative and excerpts contained in Defendants' Exh. 6-0637. |
| 6-0158 | | | | | | Objection: Incomplete (FRE 106); cumulative and excerpts contained in Defendants' Exh. 6-0637. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0159 | | | | | | |
| 6-0160 | | | | | | Objection: Incomplete (FRE 106); cumulative and excerpts contained in Defendants' Exh. 6-0643. |
| 6-0161 | | | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time); foundation, hearsay (FRE 801, 802). Defendants object to relevance and foundation as to portions of the document related to training content for ADC positions not at issue in this lawsuit such as non-uniformed staff/supervisors, community corrections, investigations, physical plant/warehouse/fleet, ACI, ACI-IPS, volunteers where training provided to these categories of employees does not relate to the certified claims in this case and therefore fails to make it more or less probable that conditions of confinement, medical care, dental care and mental health care are deliberately indifferent. Defendants object on the same basis as to categories and subject matter training for correctional personnel that are unrelated to the certified claims in this case and therefore fail to make it more or less probable that conditions of confinement, medical care, dental care |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and mental health care constitute deliberate indifference (i.e., including but not limited to Basic Grammar, Inventory Loss Prevention, Key Control, Driver Training, etc.) |
| 6-0162 | | | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time); foundation, hearsay (FRE 801, 802). Defendants object to relevance and foundation as to portions of the document related to training content for ADC positions not at issue in this lawsuit such as non-uniformed staff/supervisors, community corrections, investigations, physical plant/warehouse/fleet, ACI, ACI-IPS, volunteers where training provided to these categories of employees does not relate to the certified claims in this case and therefore fails to make it more or less probable that conditions of confinement, medical care, dental care and mental health care are deliberately indifferent. Defendants object on the same basis as to categories and subject matter training for correctional personnel that are unrelated to the certified claims in this case and therefore fail to make it more or less probable that conditions of confinement, medical care, dental care and mental health care constitute deliberate indifference (i.e., including but not limited to Basic Grammar, Inventory Loss Prevention, Key Control, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Driver Training, etc.) |
| 6-0163 | | | | | | Objection: Incomplete (FRE 106); excerpts cumulative and contained in Defendants' Exh. 1-0797. |
| 6-0164 | | | | | | Objection: Incomplete (FRE 106); prejudice (FRE 40) (misleading for excerpt to stand-alone); excerpt cumulative and contained in Defendants' Exh. 1-0797. |
| 6-0165 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named Plaintiff. |
| 6-0166 | | X | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiff. |
| 6-0167 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named Plaintiff. |
| 6-0168 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named Plaintiff. |
| 6-0169 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unusual punishment and inmate is not a named Plaintiff. |
| 6-0170 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named Plaintiff. |
| 6-0171 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named Plaintiff. |
| 6-0172 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unusual punishment and inmate is not a named Plaintiff. |
| 6-0173 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named Plaintiff. |
| 6-0174 | | X | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named Plaintiff. |
| 6-0175 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unusual punishment and inmate is not a named Plaintiff. |
| 6-0176 | | X | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named Plaintiff. |
| 6-0177 | | | | | | Objection: Relevance (FRE 402); foundation; prejudice (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document does not make it more or less probable that conditions of confinement in ADC's facilities constitute cruel and unusual punishment and inmate is not a named Plaintiff. |
| 6-0178 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0179 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0180 |  | X |  |  |  | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0181 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). Defendants object on grounds of relevance where certified claims do not apply to juvenile offenders and therefore subject matter does not make it more or less probable that Max Custody conditions of confinement constitute deliberate indifference. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0182 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0183 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0184 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). Defendants object on grounds of relevance where certified claims do not apply to restraints and therefore subject matter does not make it more or less probable that Max Custody conditions of confinement constitute deliberate indifference. |
| 6-0185 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | present expert testimony orally in open court (Doc. 1107). |
| 6-0186 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0187 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0188 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0189 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | present expert testimony orally in open court (Doc. 1107). |
| 6-0190 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0191 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); improper expert opinion |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | and inadmissible basis for opinion (FRE 702, 705); hearsay (FRE 801, 802); hearsay within hearsay (FRE 805). MIL Nos. 1 and 2. Defendants object on grounds of foundation because the document was prepared by persons who have not been disclosed or named as witnesses in this matter, and for whom no showing of personal knowledge to facts related to this case has been made. Defendants object on grounds of relevance because the article in the exhibit does not address conditions of confinement in ADC's facilities, and therefore does not make it more or less probable that such conditions constitute cruel and unusual punishment. This exhibit also violates the Court's Order requiring the parties to present expert testimony orally in open court (Doc. 1107). |
| 6-0192 | | X | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading). Defendants object as to foundation and relevance because Plaintiffs did not produce this document in exhibits provided, preventing Defendants from making specific evidentiary objections as to the content. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0193 | | X | | | | Objection: Relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time). Defendants object on grounds of relevance where number of inmates who have been in ADC custody at least five years as of February 28, 2013 fails to make it more or less probable that Max Custody conditions of confinement, medical care, mental health care or dental care constitutes deliberate indifference. |
| 6-0194 | | | X | | | Objection: Foundation; prejudice (FRE 403) (confusion of issues, misleading). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm or other non-compliant conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force or placement or watch. Defendants object to foundation and relevance where specifics of incidents leading to watch status as not included. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0195 | | | | | HOU | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106). Defendants object on grounds of relevance because the document, which lists names of inmates aged 50 years or older who are in segregation as of July 31, 2013, does not make it more or less probable that conditions of confinement in ADC's facilities constitutes deliberate indifference and does not reflect current statistics or statistics as of April 2014 or after implementation of DI326. |
| 6-0196 | | | | | | Objection: Foundation; relevance (FRE 402); prejudice (FRE 403) (confusion of issues, misleading). Defendants object as to foundation and relevance because Plaintiffs did not produce this document in exhibits provided, preventing Defendants from making specific evidentiary objections as to the content. |
| 6-0197 | | | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, altered at page 10, 26, 30); foundation; hearsay and hearsay within hearsay (FRE 801, 802, 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Defendants object to relevance where inmate is not a named Plaintiff and not designated SMI. |
| 6-0198 | | | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); Hearsay within hearsay (FRE 805) foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0199 | | X | | | | |
| 6-0200 | | X | | | | |
| 6-0201 | | X | | | | Objection: Cumulative of Ex. 6-0200. |
| 6-0202 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0203 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0204 | | X | | | | |
| 6-0205 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0206 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0207 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0208 | | | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0209 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0210 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0211 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0212 | | | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0213 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0214 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0215 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0216 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0217 | | X | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0218 | | | | | | Objection: Excerpt cumulative of Defs. Ex. 6-0634. |
| 6-0219 | | X | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); excerpt cumulative of Defs. Ex. 6-0633. Defendants object on grounds of relevance where whether IM made report of sexual assault fails to |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates where inmate upon inmate sexual assault is not a claim certified in this case. |
| 6-0220 | | X | | | ADC197406: HOU; ADC197408: HOU. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); excerpt cumulative of Defs. Ex. 6-0633. Defendants object on grounds of relevance where whether IM made report of sexual assault fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates where inmate upon inmate sexual assault is not a claim certified in this case. |
| 6-0221 | | | | | ADC265671: HOU; passim. | Objection: Voluminous exhibit containing varying/unrelated IM records (SIRs, disciplinary, living will); relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); hearsay and hearsay within hearsay (FRE 801, 802, 805); foundation; incomplete (FRE 106); excerpt cumulative of Defs. Ex. 6-0630. Defendants preserve all noted objections depending on the purpose for which varying unrelated records are |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | offered as the purpose for which selected records are offered may not make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates. |
| 6-0222 | | | | | ADC265744: HOU; ADC265746: HOU. | |
| 6-0223 | | | | | ADC265750: HOU; passim. | Objection: Voluminous exhibit containing varying/unrelated IM records (SIRs); incomplete (FRE 106); excerpt cumulative of Defs. Ex. 6-0630. Defendants preserve all noted objections depending on the purpose for which varying unrelated records are offered as the purpose for which selected records are offered may not make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates. Defendants object on grounds of relevance where inmate letters related to refusing lunch or climbing on bed, or disciplinary postponement memos, fail to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates. Defendants object on |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | grounds of relevance and foundation as to whether SMI status caused behavior necessitating use of force and whether conditions of confinement caused the IM to engage in self harm or disciplinary violations. |
| 6-0224 | | | | | ADC280930: HOU; ADC280930: STG. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0225 | | X | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0226 | | X | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0227 | | | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0228 | | | | | HOU; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0229 | | | | | HOU; STG. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such maximum custody assignment caused a leg infection. |
| 6-0230 | | X | | | HOU; STG. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | use of force. |
| 6-0231 | | | | | HOU; STG. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0232 | | X | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | necessitating use of force. |
| 6-0233 | | X | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0234 | | X | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0235 | | X | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| | | | | | HOU | |
| 6-0236 | | | | | ADC281100: HOU; ADC281100: STG; ADC281102: | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | HOU; ADC281102: STG; ADC281104: HOU; ADC281104: STG. | more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0237 | | X | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0238 | | X | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0239 | | | | | ADC281114: HOU, STG; ADC281116: HOU, STG. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0240 | | X | | | HOU; STG. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0241 | | | | | ADC281120: HOU; ADC281120: STG; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0242 | | X | | | HOU; STG. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0243 | | X | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the |

6-83

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incident, whether SMI status caused behavior necessitating use of force. |
| 6-0244 | | X | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0245 | | | | | ADC281144: HOU; ADC281146 (MT). | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | such conditions caused the IM to engage in self harm. |
| 6-0246 | | X | X | | ADC281176: HOU; ADC281180: MT | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0247 | | X | X | | ADC281202: HOU (passim). | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0248 | | X | X | | ADC281232: HOU; ADC281257: MT (passim) | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0249 | | X | X | | ADC281264: HOU (passim); ADC281265: MT (passim). | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0250 | | X | X | SSN | ADC281302: HOU (passim). | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0251 | | X | X | SSN | ADC281328: HOU (passim); ADC281341: MT (passim). | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0252 | | | X | | ADC281432: HOU (passim); ADC281433: MT (passim). | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0253 | | | X | | ADC281476: HOU (passim); ADC281531: MT (passim). | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0254 | | | X | | ADC281610: HOU, STG; ADC281611: MT; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0255 | | | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time); foundation; incomplete (FRE 106); hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force. Defendants object on grounds of relevance where ADC response to inmate self-harm event fails to make it more or less probable that conditions of confinement caused Plaintiff to engage in self harm and ADC medical response to instances of self-harm is not a certified claim in this case. |
| 6-0256 | | | | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, waste of time); foundation; incomplete (FRE 106); hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force. Defendants object on grounds of relevance where ADC response to inmate self-harm event fails to make it more or less probable that conditions of confinement caused Plaintiff to engage in self harm and ADC medical response to instances of self-harm is not a certified claim in this case |
| 6-0257 | | X | X | | ADC292894-292895: HOU; MT. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0258 | | X | X | | ADC292896: HOU, STG; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |
| 6-0259 | | | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0260 | | X | | | HOU (passim). ADC293080: STG. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0261 | | | | | STG; HOU. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0262 | | X | | | ADC293148: HOU; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0263 | | X | X | | ADC293178: HOU; MT; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0264 | | X | | | ADC293226: HOU. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0265 | | | X | | ADC293304: HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0266 | | X | X | | ADC293326: HOU; MT; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0267 | | X | | | ADC293381: HOU; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incident, whether SMI status caused behavior necessitating use of force. |
| 6-0268 | | X | | | ADC293392: HOU; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0269 | | X | | | ADC293405: HOU; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0270 | | X | X | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| | | | | | HOU | |
| 6-0271 | | X | | | ADC293683: HOU; passim. | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0272 | | X | X | | | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where document content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| | | | | | HOU; MT | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0273 | | | | | HOU | Objection: Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0274 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | whether SMI status caused behavior necessitating use of force. |
| 6-0275 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, misleading); incomplete (FRE 106); hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and prejudice where video does not depict any event, only announcing officer names. |
| 6-0276 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0277 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0278 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, misleading); incomplete (FRE 106); hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and prejudice where video does not depict any event, only announcing officer names. |
| 6-0279 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0280 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (waste of time, misleading); incomplete (FRE 106); hearsay with hearsay (FRE 805).  Defendants object on grounds of relevance and prejudice where video does not depict any event, only announcing officer names. |
| 6-0281 | | | | | ADC320161: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805).  Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0282 | | | | | ADC320178: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0283 | | X | | | ADC321327: HOU; MT; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm; whether inmate at issue was |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0284 | | X | X | | ADC321390: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0285 | | | X | | ADC321416: HOU; passim. | Prejudice (FRE 403) (cumulative); hearsay with hearsay (FRE 805). This exhibit is identical to Plfs 6-0281, but with different Bates Numbers. |
| 6-0286 | | X | | | ADC321435: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm/noncompliant conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0287 | | X | | | ADC321459: Inmate Name; STG; HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduce; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0288 | | X | X | SSN; EIN | ADC321469: HOU; ADC321479: | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | STG; passim; ADC321483: ADD; STAFF. | on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0289 | | X | | | ADC321489: HOU; STG; passim. ADC321510: Inmate Name. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in weapons and assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0290 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, altered with highlighter); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0291 | | X | X | | ADC321514: HOU; passim. ADC321523; STG. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | status caused behavior necessitating use of force. |
| 6-0292 | | X | X | | ADC321527: HOU; ADC321527: Inmate Name; ADC321536: STG; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0293 | | X | X | | ADC321542: HOU; ADC321547: STG; ADC321548: MT; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, altered document with underline added (p. 29, 33)); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to engage in self harm conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0294 | | X | | | ADC321581: HOU; STG. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, altered document with underline at p. 9)); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0295 | | X | | | ADC321592: HOU; ADC321598: MT; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0296 | | X | | | ADC321606: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0297 | | X | X | | ADC321612: HOU; STG; Inmate Name; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0298 | | X | | | ADC321627: HOU | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, altered document with circling of text added); foundation.  Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0299 | | X | | | ADC321642: HOU; passim; ADC321653: Inmate Name | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805).  Defendants object on grounds of relevance and foundation where |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive and self-harm conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0300 | | | | | ADC321658: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0301 | | X | | | ADC321667: HOU; STG; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805).  Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0302 | | | | | ADC321679; HOU; ADC321688: STG; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805).  Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0303 | | X | | | ADC321720: HOU; Inmate name; ADC3217278: STG; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0304 | | X | | | ADC321735: HOU | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0305 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, altered document with highlight added); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0306 | | X | | | ADC321740: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | status caused behavior necessitating use of force. |
| 6-0307 | | X | | | ADC321751: HOU; Inmate Name; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0308 | | X | | | ADC321786: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; whether inmate |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0309 | | X | | | ADC321800: HOU; Staff. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0310 | | X | | | ADC363790: HOU; STG; Inmate name; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0311 | | X | | | ADC363792: HOU; ADC363793: MT. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0312 | | X | | | | Privileged communication (FRE 501, 502) (attorney client privilege/work product protected) where memo memorializes legal request; relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation; hearsay with hearsay (FRE 805). Defendants object on grounds of relevance and foundation where content fails to make it more |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct at issue; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0313 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0314 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation.  Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0315 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals.  Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0316 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0317 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0318 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | necessitating use of force. |
| 6-0319 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0320 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0321 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0322 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not document a use of force. |
| 6-0323 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not document a use of force. |
| 6-0324 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0325 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0326 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0327 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0328 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0329 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0330 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0331 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0332 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incident, whether SMI status caused behavior necessitating use of force. |
| 6-0333 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0334 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0335 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | incident, whether SMI status caused behavior necessitating use of force. |
| 6-0336 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals.  Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0337 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals.  Defendants object on grounds of relevance and foundation where video |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0338 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | necessitating use of force. |
| 6-0339 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0340 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0341 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | necessitating use of force. |
| 6-0342 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0343 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0344 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0345 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0346 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0347 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0348 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0349 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force.  Video does not depict a use of force. |
| 6-0350 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals.  Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force.  Video does not depict a use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0351 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0352 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force.  Video does not depict a use of force. |
| 6-0353 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals.  Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force.  Video does not depict a use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0354 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0355 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0356 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals.  Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0357 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0358 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0359 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0360 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0361 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0362 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0363 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | unidentified individuals.  Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force.  Video does not depict a use of force. |
| 6-0364 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals.  Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Video does not depict a use of force. |
| 6-0365 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0366 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation; hearsay with hearsay (FRE 801, 802) where exhibit contains audio of numerous unidentified individuals. Defendants object on |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0367 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); incomplete (FRE 106); foundation.  Defendants object on grounds of relevance and foundation where video content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0368 | | | | | ADC048381: HOU; ADC048383: MT | |
| 6-0369 | | X | | | ADC293205: HOU; passim. ADC293212: MT | |
| 6-0370 | | X | | | ADC321367: HOU; passim. ADC321373: STG; passim; ADC321381: Inmate Name; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; inmate at issue was not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0371 | | | | | ADC334684: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0372 | | X | | | ADC334697: HOU; passim. | |
| 6-0373 | | X | | | ADC363794: HOU; ADC363800: STG. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in self harm conduct; inmate at issue was not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0374 | | X | | | ADC363807: HOU; passim. ADC363814: STG. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; inmates at issue were not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0375 | | X | | | ADC363827: STG | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; inmates at issue were not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0376 | | X | | | ADC363836: HOU | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | caused the IM to engage in assaultive conduct; inmates at issue were not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0377 | | X | | | ADC363847: HOU; STG | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct, whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0378 | | | | | ADC382674: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct, |

6-158

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate at issue was not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0379 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct, inmate at issue was not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0380 | | X | | | ADC382704: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force, whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | of the incident, whether SMI status caused behavior necessitating use of force. Defendant also objects on grounds of relevance and foundation where nature, extent and circumstance of force utilized is not explained in the document, which appears to be one page of a use of force report. |
| 6-0381 | | X | | | ADC382737: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; inmate at issue was not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0382 | | X | | | ADC382754: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | inmate at issue was not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0383 | | X | | | ADC382779: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; inmate at issue was not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0384 | | X | | | ADC382792: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; inmate at issue was not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0385 | | X | | | ADC382871: HOU; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; inmate at issue was not designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident. |
| 6-0386 | | | | | ADC089125: Inmate name; passim. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); incomplete (FRE 106); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force, whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Defendants object on grounds of relevance, foundation, prejudice where |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | 145 page summary of use of force incidents includes numerous types of use of force (hands on, etc.) exceeding use of chemical munitions. Where use of chemical munitions on inmates on psychotropic medications is the only certified use of force claim in this case, all other manners of use of force summarized in the exhibit are irrelevant, without necessary foundation and prejudicial. Uses of force that are not uses of chemical munitions on inmates on psychotropic medications does not make it more or less probable that use of chemical munitions on inmates on psychotropic medications constitutes deliberate indifference. |
| 6-0387 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); incomplete (FRE 106); foundation.  Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force, whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | necessitating use of force. Defendants object on grounds of relevance, foundation, prejudice where 145 page summary of use of force incidents includes numerous types of use of force (hands on, etc.) exceeding use of chemical munitions. Where use of chemical munitions on inmates on psychotropic medications is the only certified use of force claim in this case, all other manners of use of force summarized in the exhibit are irrelevant, without necessary foundation and prejudicial. Uses of force that are not uses of chemical munitions on inmates on psychotropic medications does not make it more or less probable that use of chemical munitions on inmates on psychotropic medications constitutes deliberate indifference. |
| 6-0388 | | | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading, waste of time); incomplete (FRE 106); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in conduct necessitating use of force, whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. Defendants object on grounds of relevance, foundation, prejudice where 145 page summary of use of force incidents includes numerous types of use of force (hands on, etc.) exceeding use of chemical munitions. Where use of chemical munitions on inmates on psychotropic medications is the only certified use of force claim in this case, all other manners of use of force summarized in the exhibit are irrelevant, without necessary foundation and prejudicial. Uses of force that are not uses of chemical munitions on inmates on psychotropic medications does not make it more or less probable that use of chemical munitions on inmates on psychotropic medications constitutes deliberate indifference. |
| 6-0389 | | X | | | | |
| 6-0390 | | X | | | ADC197374: HOU | |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| 6-0391 | | X | | | | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in assaultive conduct; whether inmate at issue was designated SMI by ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |
| 6-0392 | | X | | | ADC293293: HOU; passim. | Prejudice (FRE 403) (cumulative, misleading). This exhibit combines portions of Plfs 6-0290 and 6-0291, but with different Bates Numbers. |
| 6-0393 | | X | | | ADC293421: HOU; ADC293428: STG. | Relevance (FRE 401, 402); prejudice (FRE 403) (confusion of issues, misleading); foundation. Defendants object on grounds of relevance and foundation where content fails to make it more or less probable that maximum custody conditions of confinement constitute deliberate indifference to the health and safety of inmates and such conditions caused the IM to engage in noncompliant conduct; whether inmate at issue was designated SMI by |

| Exhibit No. | Untimely Served (after 5:00 PM 9/19) | Never Disclosed | PHI | Pers. Data | Security Sensitive | Evidentiary Objections |
|---|---|---|---|---|---|---|
| | | | | | | ADC at the time of the incident, whether inmate was on psychotropic medications at the time of the incident, whether SMI status caused behavior necessitating use of force. |