Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DJH<br><br>**DEFENDANTS' MOTION TO ENFORCE COURT ORDER RE: PLAINTIFFS' TRIAL EXHIBITS**<br><br>[Expedited Consideration Requested] |

Defendants move the Court to enforce its September 16, 2014 Order and exclude Plaintiffs' trial exhibits for their failure to timely provide copies to Defendants. (Doc. 1126.) Defendants further request that the Court consider this Motion on an expedited basis because the Pretrial Conference is scheduled for October 6, 2014, and trial is set to begin in three weeks.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court concluded that Plaintiffs "no doubt" violated the Pretrial Order by failing to provide Defendants copies of their trial exhibits by September 5, 2014. (Doc. 1126 at 1:27.) But it gave Plaintiffs one last chance:

> [P]roduce to Defendants a complete Exhibit List, organized by exhibit number, which corresponds to a complete portfolio of exhibits no later than 5:00 pm on Friday, September 19, 2014.

(Id. at 2:21-23.) This was not a difficult task. But they waited, and waited, and waited—three days—until the last possible moment to provide their copies, and maximize the prejudice to Defendants. The hard drive and Exhibit List they provided Defendants at 4:55 p.m. on September 19, however, did not include all of their trial exhibits. Once again blaming "technical difficulties," approximately 805 of the trial exhibits listed on their Exhibit List—which they emailed Defendants' counsel at 4:52 p.m. on September 19—were not on that hard drive. Plaintiffs sent Defendants' counsel a second hard drive with these untimely exhibits at 7:07 p.m. on September 19, long after the Court's 5:00 p.m. deadline.[1] (Ex. 1.) These 805 exhibits were not neatly placed in an identifiable folder but were mixed with exhibits that were timely disclosed.

Plaintiffs' two-hour untimeliness is not insignificant. They violated *three* separate orders and ignored the consequence of automatic exclusion each time. The July 3, 2014 Order required a copy exchange "no later than September 5, 2014" and admonished that "any exhibit not exchanged at this meeting shall be precluded." (Doc. 995, ¶ 10.) This Court "AFFIRMED" that deadline and sanction upon reassignment of the case. (Doc.

---

[1] Undersigned counsel received both hard drives and noted the time of receipt.

1

1074.) Defendants fully complied, but Plaintiffs did not. And then, the Court ordered Plaintiffs to provide a "complete portfolio of exhibits no later than 5:00 pm" on September 19. (Doc. 1126 at 2.) This last order was very clear: Plaintiffs' failure to comply with that deadline "will result in automatic sanctions and exclusion of evidence." (Id. at 2:12-13.) They were late once again.

Plaintiffs' counsel can only blame themselves. They could have delivered a complete set of exhibits on September 16, the day the Court issued this final order, or the next day. They could have delivered a complete set on September 18, or even the morning of September 19. Any one of these deliveries would have given them enough time to correct for "technical difficulties." But they waited until the last possible moment, creating the situation they are in now. No excuse or showing of harmlessness can save them, nor should it. The Court's September 16 Order again imposed a self-executing and automatic sanction of exclusion. Blaming technical difficulties—aside from being incredulous—is not an option.

Nevertheless, the untimeliness is not harmless and very much prejudicial to Defendants. Defendants provided Plaintiffs copies of their trial exhibits on September 5. Plaintiffs did not provide Defendants copies of their trial exhibits until the evening of September 19. Thus, Plaintiffs had Defendants' trial exhibits 14 more days than Defendants had Plaintiffs' trial exhibits, and Defendants had Plaintiffs' trial exhibits 14 less days than Plaintiffs had Defendants' trial exhibits. This <u>two additional weeks</u> has given Plaintiffs an unfair advantage for trial preparation. That is two weeks that cannot be given back to Defendants. Each of those days without their exhibits was extremely important particularly since Plaintiffs have listed 2,785 trial exhibits. The prejudice is irreparable. Plaintiffs should not be rewarded for testing the Court's metal.

## CONCLUSION

For these reasons, the Court should do what it said it would do: "This Order serves as a warning to both parties. Any further failure to comply with any remaining deadline will result in automatic sanctions and exclusion of evidence." (Doc. 1126 at 2.) Plaintiffs

1  should be precluded from introducing their untimely exhibits at trial. In addition,
2  Defendants request the Court to order Plaintiffs' counsel to pay the attorneys' fees and
3  costs in having to lodge objections to these untimely exhibits.

4        DATED this 30th day of September 2014.

5                                STRUCK WIENEKE & LOVE, P.L.C.

7                      By /s/ Daniel P. Struck
                        Daniel P. Struck
8                          Kathleen L. Wieneke
                        Rachel Love
9                          Timothy J. Bojanowski
                        Nicholas D. Acedo
10                         Ashlee B. Fletcher
                        Anne M. Orcutt
11                         Jacob B. Lee
                        STRUCK WIENEKE & LOVE, P.L.C.
12                         3100 West Ray Road, Suite 300
                        Chandler, Arizona 85226
13

14                         Arizona Attorney General Thomas C. Horne
                        Office of the Attorney General
15                         Michael E. Gottfried
                        Lucy M. Rand
16                         Assistant Attorneys General
                        1275 W. Washington Street
17                         Phoenix, Arizona 85007-2926

18                         *Attorneys for Defendants*

2960141.1

3

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ajmel Quereshi: aquereshi@npp-aclu.org

Alison Hardy: ahardy@prisonlaw.com

Amelia M. Gerlicher: agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amir Q. Amiri: aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy Fettig: afettig@npp-aclu.org

Asim Varma: avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Brenna Durkin: bdurkin@azdisabilitylaw.org

Caroline N. Mitchell: cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick: ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr: DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda: dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

Dara Levinson: daralevinson@jonesday.com

David Cyrus Fathi: dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter: dspecter@prisonlaw.com

James Duff Lyall: jlyall@acluaz.org; gtorres@acluaz.org

James M. Jellison: jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com

Jennifer K. Messina: jkmessina@jonesday.com

Jerica Lynn Peters: jpeters@perkinscoie.com

Jessica Pari Jansepar Ross: jross@azdisabilitylaw.org

John Howard Gray: jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes: jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico: jrico@azdisabilitylaw.org

4

| | | |
|---|---|---|
| 1 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 2 | Kevin C. Brantley: | kbrantley@jonesday.com |
| 3 | Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| 4 | Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| 5 | Sara Norman: | snorman@prisonlaw.com |
| 6-7 | Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| 8 | Taylor Freeman: | tfreeman@jonesday.com |
| 9 | Warren E. George, Jr.: | wgeorge@prisonlaw.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck

5