1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                              DISTRICT OF ARIZONA

8
   Victor Parsons; Shawn Jensen; Stephen          No. CV 12-00601-PHX-DJH
9  Swartz; Dustin Brislan; Sonia Rodriguez;
   Christina Verduzco; Jackie Thomas; Jeremy
10 Smith; Robert Gamez; Maryanne Chisholm;         **PROPOSED FINAL PRETRIAL**
   Desiree Licci; Joseph Hefner; Joshua Polson;    **ORDER FOR BENCH TRIAL**
11 and Charlotte Wells, on behalf of themselves
   and all others similarly situated; and Arizona
12 Center for Disability Law,

13                Plaintiffs,

          v.
14
   Charles Ryan, Director, Arizona Department
15 of Corrections; and Richard Pratt, Interim
   Division Director, Division of Health Services,
16 Arizona Department of Corrections, in their
   official capacities,
17
                  Defendants.

18

19

20         The following is the joint Proposed Final Pretrial Order[1] to be considered at the

21 Final Pretrial Conference set for **October 6, 2014 at 1:30 p.m.**

22

23 ─────────────────────

24        [1] This Corrected Proposed Final Pretrial Order supersedes the prior Proposed Final
   Pretrial Order (ECF No. 1143) filed by the parties on September 19, 2014.  Plaintiffs
25 disclaim the contentions set forth in the previous filing and no statements contained
   therein should be deemed an admission by either party in this, or any other, proceeding.
26 Plaintiffs assert that Defendants did not accurately represent in  Appendix 3 to the JPTO
   filed on September 19, 2014, which facts Plaintiffs did and did not contest, despite clear
   instructions from Plaintiffs as to their contentions.  Accordingly, the facts set forth in that
27 document as uncontested may or may not have been contested by Plaintiffs and should not
   be construed as an admission by Plaintiffs.  Plaintiffs' agreement to the filing of that
28 document was predicated on Defendants agreement to the filing of an errata to correct all

**A.     TRIAL COUNSEL FOR THE PARTIES**

Prisoner Plaintiffs' Class Counsel:

Lead Counsel for Prisoner Plaintiffs:

- David C. Fathi
  ACLU NATIONAL PRISON PROJECT
  915 15th St. N.W., 7th Floor
  Washington, DC  20005
  Telephone: (202) 548-6603
  Fax: (202) 393-4931
  Email: dfathi@aclu.org

- Donald Specter
  PRISON LAW OFFICE
  1917 Fifth Street
  Berkeley, California 94710
  Telephone:  (510) 280-2621
  Fax:  (510) 280-2704
  Email:  dspecter@prisonlaw.com

Additional Counsel for Prisoner Plaintiffs:

- Daniel C. Barr
  Amelia M. Gerlicher
  Kirstin T. Eidenbach
  John H. Gray
  Matthew B. du Mée
  Jerica L. Peters
  PERKINS COIE LLP
  2901 N. Central Avenue, Suite 2000
  Phoenix, Arizona 85012
  Telephone:  (602) 351-8000
  Fax:  (602) 648-7000
  Email: dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         keidenbach@perkinscoie.com
         jhgray@perkinscoie.com
         mdumee@perkinscoie.com
         jpeters@perkinscoie.com

- Daniel Pochoda
  ACLU FOUNDATION OF ARIZONA
  3707 North 7th Street, Suite 235
  Phoenix, Arizona 85013
  Telephone:  (602) 650-1854
  Fax: (602) 650-1376
  Email: dpochoda@acluaz.org

---

such errors.  Plaintiffs submitted this addition to Defendants at 11:40 p.m. on the day it
was due. Therefore, Defendants had no time to review and respond to these allegations.

- Alison Hardy
  Sara Norman
  Corene Kendrick
  PRISON LAW OFFICE
  1917 Fifth Street
  Berkeley, California 94710
  Telephone: (510) 280-2621
  Fax: (510) 280-2704
  Email: dspecter@prisonlaw.com
  ahardy@prisonlaw.com
  snorman@prisonlaw.com
  ckendrick@prisonlaw.com

- Amy Fettig
  Ajmel Quereshi
  ACLU NATIONAL PRISON PROJECT
  915 15th Street N.W., 7th Floor
  Washington, D.C. 20005
  Telephone: (202) 548-6603
  Fax: (202) 393-4931
  Email: afettig@npp-aclu.org
  aquereshi@npp-aclu.org

- Caroline Mitchell
  Amir Q. Amiri
  JONES DAY
  555 California Street, 26th Floor
  San Francisco, California 94104
  Telephone: (415) 875-5712
  Fax: (415) 875-5700
  Email: cnmitchell@jonesday.com
  aamiri@jonesday.com

- John Laurens Wilkes
  Taylor Freeman
  JONES DAY
  717 Texas Street
  Houston, Texas 77002
  Telephone: (832) 239-3939
  Fax: (832) 239-3600
  Email: jlwilkes@jonesday.com
  tfreeman@jonesday.com

Counsel for Arizona Center for Disability Law:

- Sarah E. Kader
  Asim Varma
  ARIZONA CENTER FOR DISABILITY LAW
  5025 East Washington Street, Suite 202
  Phoenix, Arizona 85034
  Telephone: (602) 274-6287
  Fax: (602) 274-6779
  Email: skader@azdisabilitylaw.org
  avarma@azdisabilitylaw.org

1   • J.J. Rico
    Jessica Jansepar Ross
2   ARIZONA CENTER FOR DISABILITY LAW
    100 North Stone Avenue, Suite 305
3   Tucson, Arizona  85701
    Telephone:  (520) 327-9547
4   Fax:  (520) 884-0992
    Email: jrico@azdisabilitylaw.org
5         jross@azdisabilitylaw.org

6   Additional attorneys from the above-listed organizations may participate in the trial on Plaintiffs' behalf.

7

    Counsel for Defendants:
8
    Michael Gottfried
9   Lucy Rand
    Arizona Attorney General Thomas C. Horne
10  Office of the Attorney General /Assistant Attorneys General
    1275 W. Washington Street
11  Phoenix, Arizona 85007-2926
    Telephone: (602) 542-4951
12  Fax: (602) 542-7670
    Email: Michael.Gottfried@azag.gov
13        Lucy.Rand@azag.gov

14  Daniel P. Struck
    Kathleen L. Wieneke
15  Rachel Love
    Timothy J. Bojanowski
16  Nicholas D. Acedo
    Ashlee B. Fletcher
17  Anne M. Orcutt
    Jacob B. Lee
18  Mark Bracken
    Kevin Nguyen
19  STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
20  Chandler, Arizona  85226
    Telephone:  (480) 420-1600
21  Fax:  (480) 420-1696
    Email: dstruck@swlfirm.com
22        kwieneke@swlfirm.com
          rlove@swlfirm.com
23        tbojanowski@swlfirm.com
          nacedo@swlfirm.com
24        afletcher@swlfirm.com
          aorcutt@swlfirm.com
25        jlee@swlfirm.com
          mbracken@swlfirm.com
26        knguyen@swlfirm.com

27

28

**B.    STATEMENT OF JURISDICTION**

<u>**PLAINTIFFS' STATEMENT**</u>

1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    Jurisdiction is not disputed.

<u>**DEFENDANTS' STATEMENT**</u>

1.    The Court has federal question jurisdiction over Plaintiffs' claims, raised under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343.

**C.    STIPULATIONS AND UNCONTESTED FACTS AND LAW**

Plaintiffs' uncontested facts and law are provided in **Appendix 1**.

Defendants' uncontested facts and law are provided in **Appendix 3**.

<u>**PLAINTIFFS' STATEMENT**</u>

Plaintiffs object to the sheer volume of Defendants' alleged uncontested facts, the majority of which are immaterial and unsupported. When Defendants filed thousands of facts in support of their summary judgment motion, many of which were unsupported and immaterial, the Court issued an order stating that the facts so greatly exceeded what was allowed by the rule that it considered striking the facts in their entirety, and stated that Plaintiffs did not even have to read all of Defendants' facts.  But instead of refining the statements of fact used in support of their motion for summary judgment, Defendants have simply cut and pasted the vast majority of these facts into their uncontested fact section of the joint pretrial statement.

The same problems that plagued Defendants' Separate Statement of Facts reappear here.  Defendants continue to focus on the named plaintiffs, despite Judge Wake's warning in the motion for summary judgment that proving or disproving individual past instances of deliberate indifference will not win or lose the case.  And Defendants insist on including facts - like criminal histories, disciplinary records, and numbers of undefined "encounters" with medical personnel—that have no bearing on the ultimate issues in this case.  In addition, Defendants entirely disregard the court's instruction to set forth issues to be presented at trial.  Instead, Defendants have again listed thousands of individual,

highly specific "facts," forcing Plaintiffs to engage in the tedious and time-consuming process of responding to each one of these facts, most of which are immaterial to the case, and nearly none of which rise to the level of an issue within the case.  To the contrary, Defendants' facts recount minutiae that encourage the parties and the Court to get lost in the weeds.

Defendants' insistence on an excessive list of facts—even after previously being reprimanded by the Court for doing so—has repeatedly increased litigation costs and wasted both the parties' and the Court's time.  Plaintiffs object to Defendants' willful perversion of the purpose of a joint pretrial statement, which is to provide a useful roadmap of narrowed and concise factual and legal issues supported by a culled and curated body of exhibits.  Defendants' facts do just the opposite:  they distract from the true issues in the case and hide the material facts in a morass of irrelevance.

**DEFENDANTS' STATEMENT**

Defendants' Statement of Facts in Support of their Motion for Summary Judgment included 4,327 paragraphs.  Defendants included that many paragraphs because of the magnitude of this case; there were thirteen named Plaintiffs, who make dozens of allegations, and seventeen certified practices challenging nearly every condition of confinement and aspect of ADC's healthcare.  Of the 4,327 paragraphs, Plaintiffs disputed only 125 paragraphs; they took the position that the remaining facts were not material. The Court did not take kindly to Plaintiffs' position and ordered the following:  "If subsidiary factual contentions are not controverted with actual evidence at trial, the parties are expected to stipulate in the final pre-trial statement that those facts are unopposed, reserving for later the significance to be given to them." (Doc. 1065 at 12.) The Court further concluded: "If the Court concludes, even in the course of trial, that either side is putting the other side to proof of substantial matters that are not controverted at trial, the Court may impose appropriate consequences for the waste of the Court's time and of the other party's resources. That may include shortening the trial time previously allotted to the offending party."  (Id.)

Because of this admonition, and because Defendants maintain that their statements of fact are material to the issues in this case, Defendants have included all of them in their uncontested facts/contested issues of fact so that Plaintiffs must comply with the Court's order: either stipulate to their admissibility or controvert with actual evidence. Although Plaintiffs have stipulated to some facts, they contest hundreds of facts with hollow objections, i.e., they object not because it is not true but for some other reason. This does not comply with the Court's Order, and these facts should be deemed admitted. Alternatively, if Defendants are required to prove these clearly indisputable facts, the Court should impose additional sanctions, including reducing Plaintiffs' trial time.

**D.    CONTESTED ISSUES OF FACTS AND LAW**

Plaintiffs' contested issues of facts and law are provided in **Appendix 2**.

Defendants' Issues of Material Fact and Law are outlined in **Appendix 3**.

**E.    LIST OF WITNESSES**

Plaintiffs' witness list is included as **Appendix 4** to this statement.

Defendants' witness list is included as **Appendix 5** to this statement.

**PLAINTIFFS' STATEMENT**

Defendants have listed approximately 300 witnesses on their list, many of which Plaintiffs were unable to depose during discovery because Defendants vigorously opposed expanding deposition discovery.[2] Plaintiffs object to the sheer number of witnesses and to the ability of Defendants to call witnesses whom Plaintiffs did not depose.

Plaintiffs' witness list also does not include witnesses necessary to lay foundation for authenticity or admissibility of documents, in part because the parties are still negotiating stipulations for exhibits.  Plaintiffs reserve the right to call witnesses to lay foundation, whose only testimony would be to lay foundation for exhibits. Finally, Plaintiffs reserve the right to call any witness who prepared or will present Rule 1006

---

[2] Plaintiffs object to all of Defendants' witnesses who are precluded by any order of this Court.  *See, e.g.,* Docs. 815, 848.

1  exhibits for Defendants and may ask for leave to depose those witnesses if an agreement

2  cannot be reached with Defendants.

3      Plaintiffs object to the inclusion of the category of foundational witnesses in

4  Appendix 5. Defendants have failed to identify these witnesses individually, despite

5  knowing the identities of the individuals that prepared the Federal Rule of Evidence 1006

6  summaries who will testify as to the foundation of those documents. Defendants failure to

7  identify those individuals now should bar their testimony. Further, Defendants included

8  this category of witnesses at 4:44pm on September 30, 2014, the day the filing of the

9  errata was due. These witnesses were not disclosed when the parties exchanged draft

10  pretrial orders or when the original final pretrial order was filed on September 19, 2014.

11   When defendants added this category of witnesses, they failed to indicate the change in

12  redline. Opposing counsel represented at 7:40pm that all changes in the 4:44pm version

13  that was circulated were in redline. It was not until Plaintiffs created their own redline at

14  approximately 8:30pm that Plaintiffs learned Defendants had added this category of

15  witnesses. Plaintiffs submitted this addition to Defendants at 11:40 p.m. on the day it was

16  due. Therefore, Defendants had no time to review and respond to these allegations.

17      **DEFENDANTS' STATEMENT**

18      The vast majority of Defendants' witnesses are in the unlikely to call section,

19  necessitated by Plaintiffs' refusal to adhere to the Court's Order regarding stipulating to

20  facts contained in Plaintiffs' medical records. Plaintiffs took over sixty (60) depositions,

21  far more than the presumptive limit. Moreover, unlike Plaintiffs' scant disclosure,

22  Defendants' Disclosure Statement contained detailed descriptions of their proposed

23  testimony.

24      Defendants also reserve the right to object to and counter designate any further or

25  modified deposition designations proposed or offered by Plaintiffs.

26

27      Each party understands that it is responsible for ensuring that the witnesses it

28  wishes to call to testify are subpoenaed. Each party further understands that any witness a

party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party.

**F.      LIST OF EXHIBITS**

1.      The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

a.      Plaintiffs' Exhibits:

The parties stipulate that the Exhibits listed in **Appendix 6-A** are admissible in evidence and may be marked in evidence by the clerk.

The parties stipulate that the Exhibits listed in **Appendix 6-B** may be admitted in evidence subject to Defendants' redaction objections.

b.      Defendants' Exhibits:

**PLAINTIFFS' STATEMENT**

Plaintiffs stipulate to the admissibility of Defendants' exhibits not otherwise objected to.  Defendants have not agreed, as described below.  Throughout this process, Plaintiffs reserved the right to rely on and introduce any of Defendants' Exhibits, and have worked with Defendants to make many of the exhibits on both lists consistent.  By not stating objections to Exhibits that appear on Defendants' Exhibit list, Defendants have waived all such objections.  Defendants' position, which is, in essence, that they do not have to take a position on the admissibility of their own exhibits until their case-in-chief, is unsupported in this Court's governing rules and orders and should be rejected.

**DEFENDANTS' STATEMENT**

Plaintiffs have not provided Defendants a complete list of those Defendants' proposed trial exhibits that they do not object to.   Nonetheless, Defendants cannot stipulate that any exhibits are admissible in evidence. The exhibits on Defendants' Trial Exhibit List are Defendants' exhibits, not Plaintiffs' exhibits, and include not only exhibits that Defendants will introduce at trial but exhibits they may introduce at trial depending on the evidence Plaintiffs present.   Many exhibits are listed out of an abundance of caution because Defendants do not know what exhibits Plaintiffs will

1    introduce at trial, what witnesses they will call at trial, and what questions they will ask

2    those witnesses.  Plaintiffs have the burden of proof, and Defendants will respond

3    accordingly to the proof they present.

4          In addition to perhaps not moving to admit these exhibits at trial, Defendants

5    cannot stipulate to any exhibits at this time because many are listed on Plaintiffs' Trial

6    Exhibit List (duplicates).  Defendants have objected to many of those exhibits (as exhibits

7    intended to be introduced by Plaintiffs) either because Plaintiffs did not timely disclose

8    them, they did not timely provide Defendants a copy, there are redaction objections, or,

9    depending on how Plaintiffs intend to use the exhibit at trial, there are evidentiary

10   objections.  With pending motions to exclude many of these exhibits, Defendants do not

11   know which of Plaintiffs' exhibits will be available for them to introduce at trial, and

12   therefore have not made the decision as to whether they (Defendants) will offer the same

13   exhibit or withdraw it from their Trial Exhibit List.  Stipulating to the admission of

14   exhibits on Defendants' Trial Exhibit List now would unfairly allow Plaintiffs to

15   circumvent any ruling excluding their trial exhibits simply because they are on

16   Defendants' tentative Trial Exhibit List.

17         2.      As to the following exhibits, the parties have reached the following

18   stipulations:

19                 a.      Medical records or institutional files produced by Defendants during

20                         discovery that were in Defendants' possession, are business records

21                         kept in the ordinary course of business and satisfy Federal Rules of

22                         Evidence 803(6), and the parties stipulate to their authenticity.

23                         Defendants reserve the right to raise all other objections. .

24                 b.      Records produced by Defendants during discovery that were obtained

25                         from outside health care providers, pursuant to a subpoena, satisfy

26                         Federal Rules of Evidence 803(6), and the parties stipulate to their

27                         authenticity. Defendants reserve the right to raise all other objections.

28

c.      The health care charts and master file records that were inspected, but not copied, by the parties' experts during their tours, do not have to be introduced into evidence in order for the expert to opine upon what he or she observed or noted with inspecting the records, and that no party will challenge the admissibility of his or her opinions on the basis that it relies on these records so long as they were properly identified by the expert.  [FRE 703, 705]

3.      As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

a.      Plaintiffs' Exhibits:

**PLAINTIFFS' STATEMENT**

Defendants' objections to Plaintiffs' Exhibits were provided to Plaintiffs yesterday. Defendants' objections are largely unfounded and misleading and for that reason, Plaintiffs' request an opportunity to be heard before any exhibit is excluded on the basis of such objections. To give the Court a sense of the problems with these objections, Plaintiffs make the following general factual points related to common categories of objections in Defendants' filing.  Plaintiffs reserve the right to make more specific responses as exhibits are proposed for admission.

Because Defendants' objections do not include descriptions for Plaintiffs' exhibits, a complete list of Plaintiffs' exhibits is provided for the Court's convenience in **Appendix 6-C**.

Timeliness: Plaintiffs provided to Defendants, per the Court's order "a complete Exhibit List, organized by exhibit number, which corresponds to a complete portfolio of exhibits," on Tuesday morning, September 16, 2014.  On Friday, September 19, 2014, Plaintiffs provided defendants with an additional copy of their exhibits, further de-duplicated, combined per the parties' agreements, and renumbered in the Court's exhibit numbering format. One drive was delivered before 5 pm.  A second drive, containing a full copy of one category of exhibits that, as a result of technical difficulties, did not fully

1   copy onto the drive originally, was delivered shortly after 7pm. As indicated by

2   Defendants' detailed objections, defendants have not been prejudiced by any delay in

3   providing exhibits.

4        In addition, Plaintiffs' note that some of the exhibits that Defendants list as "not

5   provided" were combined as described below.

6        <u>Failure to Disclose</u>: The documents that Defendants' claim Plaintiffs failed to

7   disclose are largely documents produced by Defendants, written discovery from this

8   litigation, and other documents produced with Bates Nos. in the course of this litigation.

9   The parties' positions on whether any additional supplemental disclosure is required by

10   Federal Rule of Civil Procedure 26(e) when materials have already been produced in the

11   course of the litigation are set out in MIL #1.  In brief, Plaintiffs' position is that Rule

12   26(e) is crystal clear that no further production is required and Defendants' attempt to

13   impose such a requirement is frivolous.

14        <u>Redactions of Personal Information</u>: Plaintiffs are redacting social security

15   numbers where found in the exhibits.  Plaintiffs also propose that all non-named plaintiff

16   medical records, mortality reviews, and death investigations (Plaintiffs' Exhibits 2-0291-

17   2-1440 and 2-1477-1480, except for 2-0293 and 2-0297-98) be filed under seal.  These

18   records consist of many thousands of pages of medical records, each page of which

19   contains personal health information, and thus redaction is impractical.  The Named

20   Plaintiffs have consented to the release of their health information.

21        <u>Information before privatization (July 2012)</u>: The parties' positions regarding

22   whether Defendants can strike from the trial record all evidence generated before July

23   2012 are set forth in MIL # 4.  In brief, Plaintiffs' position is that pre-privatization

24   evidence is directly relevant to both the substantial risk and deliberate indifference

25   elements of Plaintiffs' claims, and Defendants' argument to the contrary is premised on

26   the theory that ADC's responsibility for healthcare fundamentally changed at

27   privatization, an argument expressly rejected by this Court in the past. [Doc. 175]

28

"Incomplete;" Handwritten notations:  Defendants' raise numerous objections that exhibits are "incomplete" or that they contain unidentified handwritten notations. Plaintiffs' exhibits are listed and were provided in the form in which they were produced by Defendants, and Defendants should be estopped from claiming that their failure to produce complete or clean copies renders the exhibits inadmissible.

Withdrawn Exhibits:

The following exhibits have been removed from Plaintiffs' exhibit list since the list was last provided to Defendants and the Court: 4-0016, 4-0043, 6-0192, 6-0196.

In addition, Exhibits 2-0481 to 2-0501 (records reviewed on site by experts) can be removed upon the Court issuing an order that incorporates the stipulation at F.2.c above (regarding medical records underlying expert reports).

Combined exhibits:

The following exhibits have been removed from Plaintiffs' list and/or were not provided to Defendants because they are duplicates or were combined with other medical records of the same person: Exhibits 1-0060, 2-0071, 2-0133, 2-0234, 2-0727, 2-1098, 2-1100, 2-1108, 2-1115, 2-1136, 2-1139, 2-1156, 2-1295, 2-1296, 2-1356, outside medical records in 2-1442 to 1476, and 3-0018.

**DEFENDANTS' STATEMENT**

The Court extended the time for Defendants to object to Plaintiffs' Exhibits until September 29, 2014, because Plaintiffs failed to comply with the Court's July 3, 2014 Pretrial Order and timely provide Defendants copies of their trial exhibits.  (Doc. 1126 at 2-3.) The Court granted Plaintiffs until "no later than 5:00 p.m. on Friday, September 19, 2014" to provide Defendants "a complete Exhibit List, organized by exhibit number, which corresponds to a complete portfolio of exhibits." (Id.) It further stated that "[a]ny further failure to comply with any remaining deadline will result in automatic sanctions and exclusion of evidence."  (Id.)  Plaintiffs did not provide Defendants a complete set of trial exhibits by that deadline.

1    On September 29, 2014, Defendants timely filed their objections to Plaintiffs'

2    Exhibits.  (Doc. 1153.)  Defendants have attached those objections as **Appendix 6-I.** The

3    Court's Proposed Final Pretrial Order form does not allow either party to respond to

4    objections to trial exhibits or deposition designations, but Plaintiffs have done just that,

5    wasting the Court's time since many of these issues were already briefed in conjunction

6    with the parties' Motions in Limine. Their responses should be stricken. The prejudice

7    that Plaintiffs' untimely exchange of trial exhibits has caused Defendants is evinced by

8    the fact that Plaintiffs only had an opportunity to respond to Defendants' objections

9    because they violated the Court's order, which resulted in a separate filing date for

10   Defendants' objections (September 29, 2014), a day before this document was due.

11          b.      Defendants' Exhibits:

12   Defendants' full proposed exhibit list is attached at **Appendix 6-D.**

13   Plaintiffs' objections to Defendants' exhibits and Defendants' response thereto are

14   attached as **Appendix 6-E**.

15

16                        **DEFENDANTS' STATEMENT**

17   Pursuant to the Court's August 29, 2014 Order (Doc. 1087 at 3-4), Defendants

18   have attached as **Appendix 6-H**, a list of their trial exhibits with corresponding objections

19   to the public filing of unredacted versions of those trial exhibits. Defendants have noted

20   those trial exhibits that contain healthcare information, personal information, and/or

21   security information.

22   Where noted, the exhibits contain protected health information that cannot be

23   released to the public without the inmate's consent or a court order, under the Health

24   Insurance Portability and Accountability Act, and Arizona state statute.  *See* 42 U.S.C.

25   § 1320d et seq.; 45 C.F.R. §§ 160.103, 164.520, 164.512; A.R.S. §§ 12–2292, 2294.

26   Some trial exhibits also contain personal information, such as social security numbers,

27   employee identification numbers, personal address or phone numbers, and dates of birth.

28   Such information is proper for redaction.  *See* Ariz. Dist. Ct. General Order 04–26; *Taylor*

1   *v. AutoZone Inc.*, CV 10-08125-PCT-FJM, 2012 WL 2357379, at *3 (D. Ariz. June 20,

2   2012); *B2B CFO Partners, LLC v. Kaufman*, CV 09-2158-PHX-JAT, 2011 WL 6297930,

3   at *3 (D. Ariz. Dec. 16, 2011); *Wallace v. Bashas' Inc. Grp. Disability Plan*, CV07-2559-

4   PHX-JAT, 2009 WL 1080192, at *2 (D. Ariz. Apr. 21, 2009).

5   　　　　Finally, many of Defendants' exhibits include security information, including:

6   Security Threat Group (STG) information; protective custody status (PC), confidential

7   informant status (CI), Next-of-Kin information (NOK), staff addresses (ADD), staffing

8   patterns for security officers (Staff); criminal convictions for sex crimes or child abuse

9   (CC), keep away or do-not-cell information (KA or DNHW), inmate names mentioned in

10  incident or disciplinary reports (Inmate name), housing information (HOU), and medical

11  transports (MT).   The Arizona Legislature and courts in this district recognize that

12  importance of redacting information that threatens the safety and security of a prison, its

13  staff, or its inmates.  *See Mitchell v. Cate*, 2014 WL 1671589, at *3 (E.D. Cal. 2014);

14  *Fosselman v. Evans*, 2011 WL 939616, at *2 (N.D. Cal. 2011); *Guillen v. Owens*, 2011

15  WL 5882554, at *4 (D. Ariz. 2011); *Salerno v. Munoz*, 2011 WL 2600519, at *2 (D. Ariz.

16  2011); *Arteaga v. Alameida*, 2007 WL 3105419, at *1 (E.D. Cal. 2007); A.R.S. § 31–

17  221(C) (ADC prohibited from disclosing records "[r]evealing the identity of a confidential

18  informant," "[e]ndangering the life or physical safety of a person," or "[j]eopardizing an

19  ongoing criminal investigation"); A.R.S. § 31–221(E)–(F) (inmates are also prohibited

20  from viewing other inmates' records, and an inmate is only permitted to view their own

21  automated summary record file one time per year).

22  　　　　Information that reveals an inmate's STG, informant, protective custody, housing,

23  or criminal conviction status directly places that inmate's safety in jeopardy. Inmates who

24  are revealed in investigatory reports could face retaliation by other inmates. Knowledge of

25  staffing patterns or medical transport locations could assist inmates in planning an assault

26  or escape.   And the disclosure of next-of-kin or staff personal information could

27  jeopardize their safety if discovered by inmates.  This information must be redacted from

28  Defendants' trial exhibits to maintain the safety and order of ADC's facilities.

4.     Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived.

**G.     DEPOSITIONS TO BE OFFERED**

**PLAINTIFFS' STATEMENT**

Plaintiffs' deposition designations are listed in **Appendix 7**.  In addition to those designations, the parties reserve the right to use depositions for impeachment purposes at trial for any witness who is called live.

There is currently a motion pending challenging some of Plaintiffs' depositions designations.  Depending on the outcome of this motion, Plaintiffs' designations may be subject to change.

**DEFENDANTS' STATEMENT**

Defendants' deposition designations and counter-designations are included in Appendix 7.

Defendants also reserve the right to object to and counter designate any further or modified deposition designation proposed or offered by Plaintiffs.  Defendants object to the use of any depositions "for impeachment" based on Plaintiffs' failure to include depositions in response to Defendants' discovery requests regarding impeachment and exhibits.

1.     Defendants objections and counter designations to the twenty-one (21) depositions subject to Defendants' pending Motion to Strike will be supplemented if necessitated by the Court's ruling on this motion.

**H.     LIST OF PENDING MOTIONS**

The following motions are pending:

- Plaintiffs' Motions in Limine No. 1:   Use of Facts Underlying Witness's Convictions [Doc. 1101]
- Defendants' Motions in Limine [Doc. 1100]
- Defendants' (Expedited) Motion to Strike Plaintiffs' Deposition Designations [Doc. 1125]

**I.      PROCEDURES FOR EXPEDITING TRIAL**

**PLAINTIFFS' STATEMENT**

1.      Each side will provide notice of its trial witnesses at least two (2) business days before their proffer.  Additionally, if Defendants plan to call any prisoner in their custody as a witness, they will ensure that they provide Plaintiffs' counsel with enough notice so that Plaintiffs' counsel can have an in-person attorney-client meeting with the prisoner no later than one (1) business day prior to the date of proffer.  Defendants will work cooperatively with Plaintiffs' counsel to ensure that Plaintiffs' counsel is able to enter Defendants' prisons no later than one business day prior to the date of proffer, so that Plaintiffs' counsel shall have a confidential in-person attorney-client meeting with the prisoner.

2.      A copy of a deposition may be used in lieu of the original.

Evidentiary stipulations are listed above in Section F.2.

**DEFENDANTS' STATEMENT**

**1.      Parties' Stipulations.**

The Parties stipulate that during trial, Plaintiffs shall identify and provide advance 48-hour (2 business days) notice of Plaintiffs' intent to call Defendants, ADC witnesses and Corizon witnesses in their case in chief so that Defendants can arrange for appearance (and where necessary, travel) of the witnesses.  Further, Plaintiffs' and Defendants' counsel shall each provide the opposing party with 48-hour notice (2 business days) of intent to call any witnesses listed in the Joint Pretrial Order, save for impeachment witnesses for which the parties are not obligated to provide advance notice.  The Parties appreciate that 48-hour notice may not be sufficient to procure attendance of ADC and/or Corizon witnesses due to location, duties and schedules and therefore will work together to the extent possible, on mutual trial scheduling.

**2.      Defendants' Additional Proposals.**

**Bifurcation of Claims**.  Pursuant to Fed.R.Evid. 611(a)&(b), Defendants request this Court order that for Defendants' witnesses called by Plaintiffs' in Plaintiffs' case in

chief, Defendants' cross examination of their own witnesses shall not be limited in scope to subject matter testified to on direct examination as offered by Plaintiffs. Fed.R.Evid. 611(b). This method will greatly streamline trial as Defendants intend to present to the extent possible, the bulk of their witnesses' intended testimony during Plaintiffs' case in chief. Fed.R.Evid. 611(a). For most witnesses, this will eliminate Defendants' need to recall their own witnesses a second time during Defendants' case. By seeking such an Order, Defendants do not waive the right to re-call any defense witness initially called by Plaintiffs' in their case in chief and also examined by Defendants, during Defendants' case where necessary. Defendants also do not waive the right to re-call of witnesses to present impeachment testimony.

Pursuant to Fed.R.Evid. 611(a) and Fed.R.Civ.P. 42(b) and due to the breadth of this class-action lawsuit consisting of ten (10) certified alleged health care practice claims encompassing mental health care, medical care and dental care and seven (7) alleged conditions of confinement claims for maximum custody inmates, Defendants request this Court order that the presentation of witnesses and evidence proceed in the following order consistent with Plaintiffs' four general Complaint claims: (1) conditions of confinement for maximum custody inmates; (2) mental health care; (3) medical care; and (4) dental care.

In accordance with Fed.R.Evid. 611(a), this order of presentation of evidence will prove efficient and effective for determining the truth, avoid waste of time, and negate confusion of the issues where evidence pertaining to each distinct certified claim will be presented all at once, cohesively and before moving on to the next claim. Proceeding claim by claim will eliminate the need for the Court to remember many weeks (or months) later, what Plaintiffs' version of the evidence was on every class and subclass claim, compared to Defendants' evidence on each claim.

Fed.R.Civ.P. 42(b) also permits the Court to order separate trials of one or more separate issues or claims in order to "promote convenience, to avoid prejudice, or to expedite and economize . . ." Here, because the trier of fact is the Court, traditional

bifurcation is not necessary but Rule 42(b) permits the Court to order a trial proceed logically, with separate claims and issues parsed out from each other.  Where the evidence relates to an entire corrections system, proceeding with witness and evidence presentation on a claim by claim basis makes sense for the Court and the Parties.

**Plaintiffs' Statement:**     Plaintiffs oppose Defendants' proposal to artificially subdivide the presentation of Plaintiffs' case into medical care, mental health care, dental care, and isolation.[3]   Given the substantial overlap between these areas of the case, Defendants' proposal would result in needless repetition of evidence and would impede, rather than enhance, the Court's understanding of the evidence.

For example much of the evidence at trial will relate to whether defendants have adequate health care staffing – an issue that cuts across all portions of the case.  *See* Doc. 372 at 16 (finding commonality as to class claim of "[i]nsufficient health care staffing (i.e. physicians, psychiatrists, dentists, physicians' assistants, registered nurses, and other qualified clinicians)"); *id.* at 18 (finding commonality as to isolation subclass claim of "inadequate psychiatric monitoring because of chronic understaffing").  Defendants' proposal would result in this evidence being presented four times rather than once.  Similarly, the issues of "[f]ailure to provide timely access to health care" and "[f]ailure to provide necessary medication" (*id.* at 16) apply to medical, mental health, and dental care.  And the issue of suicide (*id.* at 17) and conditions of confinement cuts across both mental health and isolation, as defendants' policy and practice of housing prisoners with serious mental illness in the isolation units predictably results in their deterioration, self-harm, and suicide. Here again, defendants' proposal would require repetitive presentation of the same evidence.

What is more, many witnesses are relevant to multiple parts of the case. Defendants Pratt and Ryan, for example, as well as many other ADC and Corizon

---

[3] Defendants use the term "maximum custody" rather than isolation.  The Court has adopted the latter term without implying any view on the merits of this claim.  Doc. 372 at 2 n. 2.

1    witnesses, have testimony relevant to the entire system. And various prisoners may serve
2    as examples of ADC's inadequate policies in numerous areas. Certain exhibits,
3    meanwhile, such as monthly reports, written policies, and emails, are relevant to multiple
4    parts of the case. This evidence should not be artificially bifurcated.

5         Even were the Court to subdivide the presentation of Plaintiffs' case – which it
6    should not do, for the reasons set forth above – there is no reason to allow Defendants to
7    determine the order of that presentation.   Plaintiffs should be permitted to control the
8    presentation of their case, subject to the ongoing oversight of the Court.

9         **Multiple Party Representatives**. Pursuant to Fed.R.Evid. 615, Defendants request
10   this Court Order that Defendants shall be permitted to designate multiple party
11   representatives for Defendants where duty, scheduling obligations and subject matter
12   expertise related to the ten (10) certified medical claims and seven (7) certified subclass
13   claims does not permit single representatives to sit for the entirety of the lengthy trial nor
14   provide Defendants' counsel with essential client assistance regarding the numerous
15   distinct subject at issue in the certified claims.

16        Fed.R.Evid. 615 provides that "[a]t the request of a party, the court shall order
17   witnesses excluded so that they cannot hear the testimony of other witnesses[.]"
18   However, Rule 615 "does not authorize exclusion of (1) a party who is a natural person, or
19   (2) an officer or employee of a party which is not a natural person designated as its
20   representative by its attorney, or (3) a person whose presence is shown by a party to be
21   essential to the presentation of the party's cause."   A witness is essential to the
22   presentation of the party's cause under Rule 615(3) when "the witness has such
23   specialized expertise or intimate knowledge of the facts of the case that a party's counsel
24   could not effectively function without the presence and aid of that witness." *United States*
25   *v. Klaphake*, 64 F.3d 435, 437 (8th Cir. 1995); *Oliver B. Cannon & Son v. Fidelity & Cas.*
26   *Co.*, 519 F. Supp. 668, 678 (D. Del. 1981).   The "essential" witness exemption set out in
27   Rule 615(3) "contemplates such persons as an agent who handled the transaction being

28

1    litigated or an expert needed to advise counsel in the management of the litigation." Fed.

2    R. Evid. 615, Advisory Committee Notes.

3        Permitting Defendants to exempt two party representative for each of the four

4    general subject matter claims (max custody conditions of confinement, mental health care,

5    medical care, dental care) under Rule 615, is consistent with the purposes for which

6    Rule 615 was created.

7        **Plaintiffs' Position:**  Defendants should be limited to two party representatives

8    present in the courtroom on any given day. Defendants should not be able to designate

9    numerous representatives in an effort to have numerous key witnesses listen to all other

10   witnesses' testimony. Two representatives at any one time protects Defendants' interests.

11   **K.    ESTIMATED LENGTH OF TRIAL**

12       **Opening and Closing:** 3 hours for opening statements (1.5 hours per party).

13   Plaintiffs propose that, instead of closing arguments, the parties prepare revised findings

14   of fact and conclusions of law and associated briefing to take into account the evidence

15   presented at trial. If the Court desires to hear closing arguments, Plaintiffs request that

16   each side get 3 hours.

17       Defendants response:  Defendants object to waiving closing arguments as they

18   believe the arguments will be essential in summarizing the case for the court.  Defendants

19   suggest three hours per side for closing arguments.

20       **Plaintiffs' estimated time:** 76 hours for Plaintiffs' case-in-chief, not counting time

21   needed to call witnesses for authentication or to lay foundation for the admissibility of

22   exhibits, to question witnesses who prepared Rule 1006 exhibits, or to read deposition

23   excerpts into evidence. On September 30 at 5:52 p.m., Defendants withdrew certain

24   stipulations related to the admissibility and foundation for exhibits, which may require

25   Plaintiffs to call an unknown number of other witnesses to lay foundation for numerous

26   exhibits.

27       For cross-examination, Plaintiffs propose 12 hours total for Defendants' four

28   independent experts, plus an average of one hour for each of Defendants' other witnesses

(times per witness may vary). Because Defendants have listed more than 300 potential witnesses and the parties have not yet reached stipulations on the admissibility of exhibits, Plaintiffs cannot make an accurate assessment of the total trial time needed, but anticipate at least 100 total hours (not counting closing argument or cross-examination of most of Defendants' 300+ witnesses).

In any event, Plaintiffs object to any allocation of trial time that is not the same for both parties.  Defendants plan to put on many more witnesses than Plaintiffs, although Plaintiffs have the burden of proof, and both parties should be allocated the same amount of time.

**Defendants' estimated time:** 350 hours for Defendant(s) case, including cross-examination of other parties' witnesses.

Defendants recognize that the Court has indicated that it does not desire to spend 3 months or more in the trial of this case.  Unfortunately, due to the scope of the issues certified, the magnitude of the issues involved and potential effect on the State of Arizona and its taxpayers and the manner upon which plaintiffs intend to introduce virtually their entire case through expert testimony, Defendants anticipate that it will take three times the amount of trial time that plaintiffs spend putting on their case in chief in order to adequately present its case.  As a result, Defendants estimate that this trial could extend into January, 2015.  Defendants anticipate that they will need at least 300 hours of trial time to put on their case, although this number could be drastically reduced dependent on the Court's rulings on Motions made pursuant to FRCP 50(a).  Although defendants have listed a large number of witnesses, the vast majority of them will likely not be called to trial, particularly if plaintiffs stipulate to facts with respect to the treatment of the named plaintiffs.  Specifically, plaintiffs have objected to nearly all of Defendants' facts, despite the fact that they waived any objection by failing to oppose the facts at summary judgment, and that the majority of these facts come straight from the named plaintiffs medical records.

1      Defendants disagree that each side should be allotted "equal time" to present their
2    case.  The parties have a fundamental difference of opinion as to the requirements of the
3    law.  Defendants contend that each of the named Plaintiffs must prove their claims
4    asserted in the complaint, and only then can the class claims proceed.  Defendants may
5    put on evidence of the lack of deliberate indifference as to each of the named Plaintiffs,
6    which Plaintiffs have said is unnecessary and irrelevant.  Plaintiffs do not even intend to
7    call as witnesses most of the named Plaintiffs, forcing Defendants to call them at trial.

8      Moreover, Plaintiffs refusal to stipulate to the facts as directed by Judge Wake in
9    Doc. 1065 (despite their waiver by not opposing the facts at the summary judgment stage),
10    forces Defendants to spend unnecessary trial time proving these facts.  Finally, Plaintiffs
11    are attempting to prove their case virtually entirely through their experts.  As Defendants
12    contend that the individual examples of medical, mental health and dental Plaintiffs'
13    experts used in attempting to support their broad conclusions are not examples of
14    inadequate health care, and certainly not constitutionally deficient health care, Defendants
15    will be required to rebut each of the examples at trial in order to show that the Plaintiffs
16    have failed in their burden of proving that Defendants were or are currently deliberately
17    indifferent in providing health care to the class.   This will likely take much longer to
18    accomplish, as was discussed with the court at the July 30, 2014 summary judgment
19    hearing.

20      Plaintiffs' contention that Defendants withdrew certain stipulations is not accurate.
21    The aforementioned stipulations are the only stipulations that counsel agreed to.

22      Therefore, an "equal" allocation of time ignores the realities of the proof
23    anticipated by each side.

24      **Rebuttal:** 12 hours for Plaintiff(s) rebuttal.

**L.   PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR BENCH TRIALS**

**PLAINTIFFS' STATEMENT**

Pursuant to the Court's Order (Doc. 1108) proposed Findings of Facts and Conclusions of Law are now due October 3, 2014 at 5:00 p.m.  When Plaintiffs file their Proposed Findings of Fact and Conclusions of Law in accordance with the Court's schedule, Plaintiffs then can certify that those Proposed Findings of Fact and Conclusions of Law are incorporated by reference into this joint Proposed Final Pretrial Order

**DEFENDANTS' STATEMENT**

Defendants' separately filed Proposed Findings of Fact and Conclusions of Law, due on October 17, 2014, are incorporated by reference into this joint Proposed Final Pretrial Order.

**M.   CERTIFICATIONS**

Plaintiffs Certifications:

Undersigned plaintiffs' counsel does hereby certify and acknowledge the following:

1.   All discovery has been completed, with the exception of production of the expert reports, associated documents, and depositions of experts.

2.   The identity of each witness has been disclosed to opposing counsel.

3.   Each of Plaintiffs' exhibits listed herein: (1) is in existence; and (2) has been disclosed and shown to opposing counsel.

4.   Plaintiffs have complied in all respects with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

5.   Plaintiffs have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously ordered to the contrary).

6.   The parties acknowledge that once this Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

As to Defendants' caveats below, Plaintiffs state that all exhibits were provided to Defendants on Tuesday, September 16, followed by an additional copy for Defendants' convenience on Friday, September 19 with ample time for Defendants to review. Plaintiffs further refer the Court to Plaintiffs' MIL responses relating to disclosure obligations. Certain items on Plaintiffs' witness list refer to large categories of witnesses whom are either well-known to Defendants (e.g. the witnesses for whom deposition designations were prepared) or will prove necessary only in the unlikely event that Defendants refuse to stipulate to the authenticity and admissibility of their own documents.

<u>Defendants' Certifications</u>

Although the Court's order requires the following certifications, Defendants cannot certify to several for the reasons set forth below.

The undersigned counsel for Defendants in this action does hereby certify and acknowledge the following:

1.    All discovery has been completed.

[Defendants cannot certify that discovery is completed as expert depositions are still ongoing.]

2.    The identity of each witness has been disclosed to opposing counsel.

[Defendants cannot certify to this as Plaintiffs' broad, generic lists of categories of witnesses does not satisfy the disclosure requirements of Rule 26. *See* Defendants' MIL #2 [Dkt. 1100 at 4].]

3.    Each exhibit listed herein: (1) is in existence; and (2) has been disclosed and shown to opposing counsel.

[Defendants are unable to certify to this statement.  Plaintiffs did not provide Defendants approximately 805 trial exhibits, as required by the Court, until after 7:00 p.m. on September 19, 2014, in contravention of the Court's Order.  [Dkt. 1126].  And some exhibits listed on Plaintiffs' Exhibit List

were not included on the hard drive.  Moreover, the majority of Plaintiffs'
exhibits were never disclosed in violation of Rule 26.]

4.     The parties have complied in all respects with the mandates of the Court's
Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

[Defendants cannot certify that Plaintiffs have fully complied with the
Court's Rule 16 Scheduling Order, Order Setting Final Pretrial Conference, and related
orders.]

5.     The parties have made all of the disclosures required by the Federal Rules of
Civil Procedure (unless otherwise previously ordered to the contrary).

- Defendants cannot certify that Plaintiffs have complied with Rule 26.  *See*
  Defendants MIL #1 and 2 [Dkt. 1100 at 1 – 7].

6.     The parties acknowledge that once this Proposed Final Pretrial Order has
been signed and lodged by the parties, no amendments to this Order can be made without
leave of Court.


 /s/ John H. Gray                                      /s/ Daniel P. Struck (w/ permission)
Attorney for Plaintiff(s)                        Attorney for Defendant(s)

1    Based on the foregoing,

2    **IT IS ORDERED** that this Proposed Final Pretrial Order jointly submitted by the

3    parties is hereby **APPROVED** and **ADOPTED** as the official Pretrial Order of this Court.

4    DATED this ___ day of _____, 2014.

5

6    _____
     Diane J. Humetewa
7    United States District Judge

8
     78204-0001/LEGAL123647316.1
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28