**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

The Court has reviewed Defendants' expedited motion to exclude Plaintiffs deposition designations (Doc. 1125).

Plaintiffs have indicated that they intend to introduce deposition testimony of 49 trial witnesses. Defendants contend that 21 of these witnesses are available to testify within the meaning of Rule 32(a)(4) of the Federal Rules of Civil Procedure, and therefore, their testimony must be introduced live at trial.[1]

Rule 32 articulates certain circumstances in which depositions may be offered in lieu of live testimony. "The circumstances permitting the use of depositions include (1) impeachment of a witness; (2) the deposition testimony of an officer, director, managing agent, or person designated to testify on behalf of an institutional party; (3) the deposition testimony of an unavailable witness; and, finally, (4) when such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard

---

[1] Plaintiffs withdrew their intention to rely on the deposition testimony of Defendants' expert Mendel (Doc. 1135 at 2). Consequently, only 20 deposition designations are at issue.

to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." *Kolb v. Suffolk County*, 109 F.R.D. 125, 126 (E.D.N.Y. 1985) (citing Fed. R. Civ. P. 32(a)(2)–(4))). Plaintiffs counter that Federal Rule of Evidence 801(d)(2)(D) provides an alternative, independent, and sufficient basis to admit the deposition testimony and, therefore, that reliance on these depositions for available witnesses is proper.

All of Plaintiffs' arguments center on whether the deposition testimony is *admissible*. But the threshold question is not admissibility; it is whether it is procedurally appropriate to use the deposition testimony instead of live testimony. 8 Wright & Miller, Fed. Practice and Proc. Civil § 2142 at 449 (3d ed.) ("First, the conditions set forth in Rule 32(a) must exist before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence."). Indeed, a contrary conclusion would render Rule 32(a) superfluous. The Court finds no basis to depart from this reasoning. Consequently, Defendants' motion must be granted.

Nevertheless, although Defendants suggest that this result is consistent with the Court's ruling on Plaintiffs' motion to introduce expert witness trial testimony by declaration, that is not the case. The deposition testimony proffered by Plaintiffs is not of the same character as the expert witnesses' testimony and, as a result, the rationale underlying the need for live testimony of these witnesses—assessment of credibility—is not present to the same degree. Consequently, to promote judicial economy, and to the extent possible, the Court encourages the parties to stipulate to the introduction of deposition testimony of any of the subject twenty witnesses.

///
///
///
///
///

1    **IT IS THEREFORE ORDERED that** Defendants' Motion to Strike Plaintiffs'
2 Deposition Designations (Doc. 1125) is **GRANTED.**  The twenty subject witnesses must
3 present live testimony unless the parties can stipulate otherwise.
4    Dated this 2nd day of October, 2014.

_____
Diane J. Humetewa
United States District Judge