Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
          jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
Brenna Durkin (Bar No. 027973)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
          avarma@azdisabilitylaw.org
          bdurkin@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DJH <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO ENFORCE COURT'S ORDER RE: PLAINTIFFS' TRIAL EXHIBITS** |

1    Defendants' Motion to Enforce this Court's Order re Trial Exhibits misleads the

2    Court by arguing that Plaintiffs failed to provide a copy of their trial exhibits as ordered

3    when Plaintiffs already had substantially complied with the order three days ahead of the

4    deadline. On Tuesday, September 16, Plaintiffs delivered two drives to Defendants.[1] The

5    two drives together substantially complied with the Court's order to serve trial exhibits,

6    numbered with reference numbers and ordered on the hard drives.

7    Plaintiffs then voluntarily spent the next three days making the exhibit list and

8    production better and more user-friendly by eliminating additional duplicates Plaintiffs

9    identified, conforming the list to stipulations the parties could reach on exhibits, and

10   providing exhibit numbers in the format that would be used at trial (*e.g.* 1-0001, 1-0002)

11   rather than by control number as both Plaintiffs and Defendants had previously done.

12   On Friday, September 19, Plaintiffs provided Defendants with an improved set of

13   exhibits, along an exhibit list showing reference numbers so that Defendants could build

14   off any work they may have done already.  Plaintiffs served the vast majority of these

15   exhibits before 5:00 p.m. on September 19.  The only reason some of the exhibits arrived

16   two hours later was because the process of saving the exhibits to a new hard-drive took

17   longer than Plaintiffs' counsel had anticipated.

18   Defendants now seek sanctions and exclusion of over 800 exhibits even though

19   Defendants had the vast majority of those exhibits on Tuesday, September 16.  Indeed,

20   Defendants' Motion does not even identify the 800 exhibits that were supposedly missing,

21   nor do they offer any factual support for their assertions, and any attempt to do so in

22   Reply should be rejected. To the extent a handful of exhibits inadvertently were not

23   produced either on Tuesday, September 16 or by 5:00 p.m. on Friday, September 19,

24   Defendants fail to show *any* prejudice for having to wait until 7:00 p.m. on Friday,

25   September 19 for those few documents. Defendants were able to submit timely objections

26   _____

27   [1] One was hand delivered by one of local Plaintiffs' counsel's paralegals shortly
     before 8:30 a.m.  The other, containing videos that were only produced to the National
     Prison Project offices in Washington D.C., was delivered via Fedex shortly after 9 a.m.

28   the same day.

to the exhibits they received within the Court's extended deadline.   Accordingly, the whole premise of Defendants' motion—that they were prejudiced by supposedly not receiving exhibits by 5:00 p.m. on Friday, September 19—is misleading and irrelevant.

## I.   PLAINTIFFS TIMELY DELIVERED THEIR TRIAL EXHIBITS TO DEFENDANTS

Plaintiffs' counsel emailed to Defendants' a full numbered exhibit list on Monday afternoon, September 15, offering to deliver corresponding numbered copies of the exhibits that evening. [Declaration of Amelia Gerlicher ("Gerlicher Decl.") ¶¶ 2-3 & Ex. 1].   Defendants did not request delivery on Monday, so, on the morning of September 16, Plaintiffs' counsel had delivered to Defense counsel a hard drive with containing the Plaintiffs' exhibits, except for certain video files.   [Declaration of Eric Sisson, ¶ 2-3]. Later that morning, Plaintiffs' counsel emailed Defense counsel to confirm delivery. [Gerlicher Decl. ¶ 4 & Ex. 2] Plaintiffs sent the video files via FedEx from Washington D.C. on Monday, which also arrived at Defense counsel's office on Tuesday morning. [Declaration of Makeba Rutahindurwa, ¶¶ 4-5 & Ex. A].   At no time have Defendants claimed that the September 16  production was in any way defective or incomplete.

Nonetheless, after the exhibits were delivered on September 16, Plaintiffs produced a second set of exhibits on September 19.  The exhibits produced on September 19 are not new exhibits—they are the September 16 exhibits, slightly rearranged (to remove unneeded items and combine like exhibits) and renumbered according to the Court's numbering format.  In addition, like Defendants, Plaintiffs continued to check their list for errors, and, in addition to assorted typos and errors in documents produced by Defendants, Plaintiffs found some files that had not been produced on Tuesday.  Approximately 14 of these files—less than one half of one percent of the total production—are among those that Defendants claim they did not receive by 5 p.m. on Friday, and all but 6 of them were produced at some point on September 19.[2]   To illustrate this for the Court, Plaintiffs

---

[2] Six of these exhibits were on Defendants' exhibit list, and another was on their list in part.  [Declaration of Phyllis Miller, ¶ 5 & Ex. A]  Defendants object that exhibits referencing documents that experts reviewed on site were not produced.  However,

1    submit a chart demonstrating that nearly all of the exhibits Defendants object to as having

2    been produced after 5:00 p.m. on September 19, were in fact produced on September 16,

3    2014. The chart contains all exhibits that Defendants claimed were "untimely served" in

4    their objections filed on September 29 [Doc. 1153], and indicates, based on Plaintiffs'

5    backup files, which files were produced on September 16 and which were produced on

6    September 19. [Declaration of Phyllis Miller, ¶ 2 & Ex. A] With the exception of a small

7    handful of isolated oversights, Plaintiffs provided all exhibits twice.

8        Defendants fault Plaintiffs for waiting until Friday to send over exhibits, but

9    Plaintiffs delayed renumbering until the Joint Pretrial Statement was due in the hope that

10   discussions with Defendants would permit reduction and combination of some of the

11   exhibits through stipulation. When it was clear that such a stipulation was not likely to

12   occur, Plaintiffs renumbered the 2800+ files and began copying them for delivery to

13   Defendants.[3] [Gerlicher Decl. ¶ 6] Unfortunately, while plaintiffs were preparing the

14   electronic copy of exhibits on September 19, certain exhibits in Category 2 (medical care),

15   were not completely correctly copied to the hard drive. At 4 p.m. on September 19,

16   Plaintiffs' counsel sent Defense counsel a drive containing the renumbered exhibits, with

17   the exception that only some of the Category 2 exhibits were included.[4] Then, plaintiffs

18   re-copied all of the 1600 Category 2 exhibits onto another drive, which was delivered to,

19   and accepted by, Defense counsel after 7 p.m. on September 19. [Gerlicher Decl. ¶ 7 &

20   Doc. 1161-1]

21       Defendants' attempt to take advantage of this last delivery, undertaken for their

22   _____

23   Defendants never produced these documents, and the parties agreed to a stipulation, reflected in the Joint Proposed Pretrial Order (Doc. 1162), that prevents Plaintiffs from needing to issue a trial subpoena for these documents.

     [3] As reflected in the September 19 pretrial filing, Defendants' deferred discussions

24   of exhibit duplicates and admissibility until close to their September 29 deadline for

25   providing objections.

     [4] Defendants did not provide any support in their motion for which exhibits should

26   be excluded, and Plaintiffs do not have a record of which exhibits copied correctly and

27   which did not, as creating that record would have further delayed delivery of the drive. If the Court is inclined to rely only on productions on September 19, Plaintiffs request that Defendants submit the original drive delivered before 5 p.m. to the Court to determine

28   which exhibits were not provided.

benefit to provide the cleanest possible copy of the exhibits, should be rejected. Plaintiffs complied with the Court's order, and there is no basis for excluding any of the exhibits. The Court ordered production by September 19. Plaintiffs delivered the exhibits on September 16 and again on September 19, after which Defendants had two additional weeks to prepare detailed objections, totaling over 2000 pages, based on the contents of all of the exhibits.

## II. DEFENDANTS REQUEST FOR SANCTIONS ARE NOT REASONABLE GIVEN THE CIRCUMSTANCES

Even if it were true that Defendants received some of the exhibits only two hours after the Court's deadline, **which it is not**, they have not met the heavy burden imposed by the Ninth Circuit for the sanctions they seek. Defendants would have the Court automatically exclude the unspecified late-produced exhibits. In order to do this, the Court is required to consider "whether a sanction is proper under a five-factor test analyzing: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)*; see also Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5-6 (1st Cir. 2006) (reversing the trial court's imposition of sanctions because the trial court did not consider all the factors and noting that even discovery delays of four to seven months are insufficient to justify dismissal with prejudice). None of these factors favor sanctions here.

**First**, the merits of this case involve profound violations of prisoners' constitutional rights, putting a vulnerable population at substantial risk of serious harm should the violations go unaddressed. The public interest in averting constitutional violations and preventing needless suffering and deaths is, without question, a matter of grave public concern.

**Second**, the delay Defendants complain of has not negatively impacted this Court's management of its docket.

**Third**, as Plaintiffs set forth above, they delivered a full set of their exhibits organized by reference number, an organization mirroring that used by Defendants, on Tuesday morning, prior even to this Court's order.  At the time this Court issued its order (Doc. 1126) on the evening of September 16, 2014, it determined that any prejudice to Defendants by providing exhibits on September 19 would be cured by providing the Defendants with 10 additional days in which to review Plaintiffs' exhibits and provide objections thereto.  Defendants' prejudice was significantly lessened by the delivery of Plaintiffs' exhibits three days in advance of this Court's deadline.

Given this, the only delay for which Defendants can now seek additional relief is the two-hour delay on Friday September 19 for the delivery of a portion of the exhibits, nearly all of which they had had in their possession since Tuesday.  Defendants do not even try to argue that they were prejudiced by this delay.[5]  Any possible prejudice relating to the original delay has already been addressed.  To the contrary, exclusion of the allegedly untimely exhibits would deprive Plaintiffs' of the ability to fully present their case.  The allegedly untimely exhibits are from the category that includes all the exhibits generally relevant to healthcare provided at ADC, and thus their exclusion could greatly interfere with the ability of the Court to resolve this matter of public importance on its merits.

**Fourth**, as suggested by the fourth factor in the Ninth Circuit's test, the public has an interest in resolution of cases on their merits, particularly in cases like this of public importance, and this interest outweighs even intentional and harmful violations of court orders.  *Grays Harbor Adventist Christian Church v. Carrier Corp.*, C05-5437 RBL, 2007

---

[5] Defendants suggest, ***citing no evidence or specifics whatsoever***, that this was somehow a willful violation of the Court's order that deserves to be punished. Without a ***showing*** "of improper motive, it is rare to sanction a party in a method as draconian as suppressing evidence." *United States v. Ortiz*, 213 F. App'x 312, 314 (5th Cir. 2007) (finding that suppression of evidence disclosed the day before trial was not proper absent a showing of improper motive and actual prejudice resulting from the delay).  In addition to failing to make a showing of bad faith or improper motive, Defendants similarly fail to explain the prejudice they suffered as a result of the two hour delay on September 19, 2014.

WL 1725562, at *1-2 (W.D. Wash. June 11, 2007) (rejecting exclusion of expert testimony as an unnecessarily "drastic remedy" for untimely disclosure in light of the "public policy favoring disposition of cases on their merits" and instead allowed the adverse party to supplement its expert disclosures); *AZ Holding, L.L.C. v. Frederick*, CV-08-0276-PHX-LOA, 2009 WL 2432745, at *4 (D. Ariz. Aug. 10, 2009) (concluding that "sanctions other than preclusion are available and would be more just," even where untimely expert disclosure had "no substantial justification" and "certainly was not harmless to Plaintiff"); *Evans v. Hous. Auth. of City of Benicia*, CIV S-07-391 JAM EFB, 2008 WL 4196876 (E.D. Cal. Sept. 10, 2008) (concluding that excluding expert would be "unnecessarily draconian" as violation did not "impact the timely resolution of this or the court's need to manage its docket, and that the public policy favoring disposition of cases on their merits and availability of less drastic sanctions outweigh the prejudice to defendant"); *Tuna Processors, Inc. v. Haw. Int'l Seafood, Inc.*, CIV. 05-00517 BMK, 2007 WL 433547, at *4 (D. Haw. Feb. 5, 2007) (finding that striking Exhibit would impose "an overly harsh sanction" on party, since evidence therein is crucial to party's defense of the infringement action, and rejecting exclusion of evidence in light of "the Ninth Circuit's longstanding policy encouraging courts to decide cases on the merits whenever possible"); *see Pena v. Seguros La Comercial, S.A*., 770 F.2d 811, 814 (9th Cir.1985) (stating that "[w]henever it is reasonably possible, cases should be decided on merits"). *Cf. In re Phenylpropanolamine (PPA) Products Liab. Litig*., 460 F.3d 1217, 1250 (9th Cir. 2006) (warning that "fundamental fairness may not be sacrificed to provide assembly-line justice").

**Fifth**, there are many less drastic sanctions available to this Court, should the Court decide to overlook Plaintiffs' Tuesday delivery, and impose sanctions for the two hour delay on Friday evening. Even if Defendants' assertions about Plaintiffs' motives were true, which they most assuredly are not, penalizing the plaintiff prisoner class and the public interest as sanctions for counsel's conduct in discovery is extreme and unjustified. *CCR/AG Showcase Phase I Owner, L.L.C. v. United Artists Theatre Circuit, Inc.*, 208-

1    CV-00984-RCJ-GWF, 2010 WL 1947016 (D. Nev. May 13, 2010) (imposing monetary

2    sanction instead of excluding evidence because of, among other things, "the public policy

3    favoring disposition of cases on their merits").

4        Here, the exhibits missing from the first delivery on September 19, which

5    Defendants urge this Court to exclude, include records relating to how healthcare is

6    provided at ADC, which is the crux of Plaintiffs' case against ADC.  To exclude such a

7    substantial number of exhibits, particularly given that these exhibits were already

8    provided to Defendants on Tuesday, could easily amount to a dispositive sanction,

9    depriving Plaintiffs of the evidence necessary to prove their case.  As the Ninth Circuit

10   explained, "[w]hat is most critical for case-dispositive sanctions, regarding risk of

11   prejudice and of less drastic sanctions, is whether the discovery violations threaten to

12   interfere with the rightful decision of the case.  While contumaciousness toward the court

13   needs a remedy, something other than case-dispositive sanctions will often suffice."

14   *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citation and

15   internal quotation marks omitted); *see also, Raygoza v. City of Fresno*, 297 F.R.D. 603,

16   607 (E.D. Cal. 2014) (while "troublesome and needlessly work-producing[,]" a delay

17   must be "significant" enough to "frustrate the public's interest in expeditious resolution of

18   cases or the Court's management of its docket" to justify exclusion sanctions).

19       Defendants suggest that sanctions should also include their time spent responding

20   to the untimely disclosed exhibits.  Leaving aside how that could be determined with

21   precision, this suggestion emphasizes the lack of prejudice actually suffered by

22   Defendants.  Defendants filed over 2000 pages of detailed objections to Plaintiffs'

23   exhibits, many of which include objections to internal duplicates or missing pages,

24   indicating Defendants undertook a page by page review.  Not only were Defendants not

25   prejudiced by the delay, but sanctions in the form of their fees would reward the

26   excessiveness of their objections, many of which are asserted against documents that

27   Defendants themselves produced and plan to use as evidence, or are otherwise baseless or

28   nonsensical.

1

### III.   CONCLUSION

2       Defendants were not prejudiced, no bad faith was involved, and trial would be

3   substantially disrupted, if not entirely thwarted, by Defendants' proposed sanctions.  The

4   exclusion of Plaintiffs' exhibits is not appropriate an appropriate sanction.   If any

5   exclusion sanction were appropriate, it should be limited to those 14 exhibits that

6   Defendants did not receive on Tuesday, September 16.  Even assuming for the sake of

7   argument that all of those 14 exhibits did not make it onto the Friday, September 19 at

8   5:00 p.m. hard drive and instead were served by 7:00 p.m., they comprise the universe of

9   documents for which any request for exclusion could be made.  The remaining exhibits

10  Defendants seek to exclude were produced long before the Court's deadline, on Tuesday,

11  September 16.  Defendants' motion should be denied.

12  Dated:  October 3, 2014                    **PERKINS COIE LLP**

13

14                                             By:   *s/ Amelia Gerlicher*
                                               Daniel C. Barr (Bar No. 010149)
15                                             Amelia M. Gerlicher (Bar No. 023966)
                                               Kirstin T. Eidenbach (Bar No. 027341)
                                               John H. Gray (Bar No. 028107)
16                                             Matthew B. du Mée (Bar No. 028468)
                                               Jerica L. Peters (Bar No. 027356)
17                                             **PERKINS COIE LLP**
                                               2901 N. Central Avenue, Suite 2000
18                                             Phoenix, Arizona 85012
                                               Telephone:  (602) 351-8000
19                                             Email:    dbarr@perkinscoie.com
                                                         agerlicher@perkinscoie.com
20                                                       keidenbach@perkinscoie.com
                                                         jhgray@perkinscoie.com
21                                                       mdumee@perkinscoie.com
                                                         jpeters@perkinscoie.com
22

23

24

25

26

27

28

LEGAL123649059.4

1      Daniel Pochoda (Bar No. 021979)
        James Duff Lyall (Bar No. 330045)*
2      **ACLU FOUNDATION OF**
        **ARIZONA**
3      3707 North 7th Street, Suite 235
        Phoenix, Arizona 85013
4      Telephone:  (602) 650-1854
        Email:    dpochoda@acluaz.org
5                      jlyall@acluaz.org

6      *Admitted pursuant to Ariz. Sup. Ct.
        R. 38(f)
7

8      Donald Specter (Cal. 83925)*
        Alison Hardy (Cal. 135966)*
        Sara Norman (Cal. 189536)*
9      Corene Kendrick (Cal. 226642)*
        Warren E. George (Cal. 53588)*
10     **PRISON LAW OFFICE**
        1917 Fifth Street
11     Berkeley, California 94710
        Telephone:  (510) 280-2621
12     Email:    dspecter@prisonlaw.com
                  ahardy@prisonlaw.com
13                    snorman@prisonlaw.com
                  ckendrick@prisonlaw.com
14                    wgeorge@prisonlaw.com

15     *Admitted *pro hac vice*

16     David C. Fathi (Wash. 24893)*
        Amy Fettig (D.C. 484883)**
17     Ajmel Quereshi (Md. 28882)**
        **ACLU NATIONAL PRISON**
18     **PROJECT**
        915 15th Street N.W., 7th Floor
19     Washington, D.C. 20005
        Telephone:  (202) 548-6603
20     Email:    dfathi@npp-aclu.org
                  afettig@npp-aclu.org
21                    aquereshi@npp-aclu.org

22     *Admitted *pro hac vice*.  Not admitted
        in DC; practice limited to federal
23     courts.
        **Admitted *pro hac vice*

24

25

26

27

28

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
Dara Levinson (Cal. 274923)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:     cnmitchell@jonesday.com
           aamiri@jonesday.com
           daralevinson@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:     jlwilkes@jonesday.com
           tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:     kmamedova@jonesday.com
           jkmessina@jonesday.com

*Admitted *pro hac vice*

Kevin Brantley (Cal. 251886)*
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: (949) 851-3939
Email:     kcbrantley@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

LEGAL123649059.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIZONA CENTER FOR DISABILITY LAW**

By:  s/ Asim Varma
     Sarah Kader (Bar No. 027147)
     Asim Varma (Bar No. 027927)
     Brenna Durkin (Bar No. 027973)
     5025 East Washington Street, Suite 202
     Phoenix, Arizona 85034
     Telephone:  (602) 274-6287
     Email:     skader@azdisabilitylaw.org
                avarma@azdisabilitylaw.org

     J.J. Rico (Bar No. 021292)
     Jessica Jansepar Ross (Bar No. 030553)
     **ARIZONA CENTER FOR DISABILITY LAW**
     100 N. Stone Avenue, Suite 305
     Tucson, Arizona 85701
     Telephone:  (520) 327-9547
     Email:     jrico@azdisabilitylaw.org
                jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

LEGAL123649059.4

1    **CERTIFICATE OF SERVICE**

2        I hereby certify that on October 3, 2014, I electronically transmitted the above

3    document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4    Notice of Electronic Filing to the following CM/ECF registrants:

5
                            Michael E. Gottfried
6                           Katherine E. Watanabe
                            Lucy M. Rand
7                       Assistant Arizona Attorneys General
                        Michael.Gottfried@azag.gov
8                       Katherine.Watanabe@azag.gov
                            Lucy.Rand@azag.gov
9
                            Daniel P. Struck
10                          Kathleen L. Wieneke
                            Rachel Love
11                          Timothy J. Bojanowski
                            Nicholas D. Acedo
12                          Ashlee B. Fletcher
                            Anne M. Orcutt
13                          Jacob B. Lee
                        STRUCK WIENEKE, & LOVE, P.L.C.
14                          dstruck@swlfirm.com
                            kwieneke@swlfirm.com
15                          rlove@swlfirm.com
                            tbojanowski@swlfirm.com
16                          nacedo@swlfirm.com
                            afletcher@swlfirm.com
17                          aorcutt@swlfirm.com
                            jlee@swlfirm.com
18
                        *Attorneys for Defendants*
19

20                              s/ S. Neilson

21

22

23

24

25

26

27

28

LEGAL123649059.4