**EXHIBIT 1**

**EXHIBIT 1**

Arizona Attorney General Thomas C. Horne
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DJH<br><br><br>**DECLARATION OF MICHAEL GIARDINA, ACP** |

I, **MICHAEL GIARDINA, ACP** make the following Declaration:

1. I am over the age of 18 years and am competent to testify to, and have personal knowledge of, the matters set forth in this Declaration.

2. I received my B.A. in Economics in 1994. Starting in 1995, I began my career as a paralegal in Washington, D.C. I successfully passed the Certified Legal Assistant Examination offered by the National Association of Legal Assistants in January 2006, at which point I earned my Certified Paralegal (CP) designation. In January 2011, I successfully completed the requirement of the National Association of Legal Assistants and earned the designation of Advanced Certified Paralegal (APC) in Discovery. The National Association of Legal Assistants requires that an individual seeking to maintain a designation as a Certified or Advanced Certified Paralegal must complete 50 hours of continuing legal education, at least five of which must be in ethics, every five years.

3. I am an active member in the Maricopa County Association of Paralegals, the Arizona Paralegal Association, the National Association of Legal Assistants, and the International Legal Technology Association.

4. During my career, I have worked in litigation firms with nationwide practices located in Washington, D.C., Baltimore, Maryland, and Phoenix, Arizona. I have sixteen years of experience as a litigation paralegal supporting attorneys with cases proceeding to trial in both state and federal courts and administrative proceedings in Alaska, Arizona, California, Delaware, the District of Columbia, Kentucky, Hawaii, Illinois, Indiana, Maryland, New Mexico, North Carolina, Ohio, and, Virginia.

5. I would estimate conservatively that I have actively assisted in preparing more than 40 civil cases for trial or a formal evidentiary hearing during my professional career, and in all of those cases I was responsible for preparing and exchanging the parties' trial exhibits, to prevent the entry of duplicate exhibits into the records of those proceedings. About 20% of those cases have been large complex proceedings involving tens of thousands of non-duplicate trial exhibits being marked by

the parties, with thousands ultimately admitted into evidence during the course of the trial or administrative proceeding.

6. I am currently employed by Struck Wieneke & Love, P.L.C., and have been assigned to work on this matter since August 2013 as the lead paralegal for the Defendants, under the supervision of the attorneys listed on the caption. I am familiar with the history of the documents produced in this matter by both sides, as well as several third parties, the volume of discovery conducted, and the general issues in this case.

7. Plaintiffs' September 15, 2014, 4:14 p.m. exhibit list listed 2,844 exhibits, identified only by reference numbers.

8. I have analyzed the hard drive and flash-key received by Plaintiffs' counsel on September 16, 2014. The hard drive contained 2,794 files, which were identified only by Plaintiffs' reference numbers, not exhibit numbers. The flash-key contained 57 video files. Several exhibits had multiple files associated with them. Of the 2,844 exhibits, Plaintiffs only provided files for 2,766 of their listed exhibits. There were 78 exhibits listed on the September 15 exhibit list that were neither on the hard drive nor the flash-key.

9. Plaintiffs' September 19, 2014, 4:52 p.m. exhibit list listed 2,785 exhibits, separated into six groups, and each exhibit was given an exhibit number.

10. I have analyzed the September 19, 2014, 4:55 p.m. hard drives. The first drive had folders for exhibits in Groups 1 and 3, which were identified by exhibit number, and a third folder labeled "2.1_ Healthcare_Indiv," which included exhibits identified only by reference number. The second drive had folders for exhibits in Groups 4, 5, and 6, all of which were identified by exhibit number. There were 14 exhibits listed within the ranges used on Plaintiffs' exhibit list provided at 4:52 p.m. as being in Groups 1, 3, 4, 5, and 6 which were not included on either of the two hard drives delivered at 4:55 p.m. on September 19, 2014.

11. I have analyzed the September 19, 2014, 7:07 p.m. hard drive. The exhibits in the folders for Groups 1, 3, 4, 5, and 6 were the same as the exhibits in the

corresponding folder groups on the 4:55 p.m. hard drive. The exhibits in the folder for Group 2.1, however had 464 more exhibits than the corresponding folder group on the 4:55 p.m. hard drive. And there was a new folder, labeled "2_Healthcare" that had 286 exhibits. These 750 new exhibits, still left a deficit of 55 exhibits in Group 2 (including Group 2.1) which were not provided, along with 14 other exhibits in Groups 1, 3, 4, 5, and 6 for a total of 69 exhibits listed by Plaintiffs which they failed to ever provide copies to Defense counsel.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on October 6, 2014.

/s/ Michael Giardina
Michael Giardina, ACP
Advanced Certified Paralegal

2962087.1