☒ FILED   ☐ LODGED

# Oct 29 2014

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

MR Roberto Carrasco Gamez # 131401
ASPC-EYMAN-SMU I
P.O. Box 4000· Florence, AZ 85132

UNITED STATE DISTRICT COURT
DISTRICT OF ARIZONA

Victor Parsons et al,
          Plaintiff(s)

V

Charles L. Ryan et al,
          Defendants(s)

Case No. 12-cv-0601-PHX-DJH

Plaintiff Gamez's Motion for Court-
Ordered Accommodations providing
Class Members Reasonable Notice
of Proposed Settlement pursuant to
Fed. R. Civ. P 23 (e)

COMES NOW, NAMED Plaintiff Gamez, in propria persona,
hereby respectfully request that this Honorable Court grant his
Motion for Court-Ordered Accommodations providing Arizona's
Supermaximum custody prisoners "Reasonable Notice" to proposed
settlement pursuant to Fed. R. Civ. P 23 (e), compatible with their
disabilities as class Members, for the reasons set forth in the
Memorandum of Points And Authorities Attached

Respectfully Submitted this 29th day of Oct 2014

MR Roberto Carrasco Gamez # 131401
ASPC-EYMAN- SMU-I
P.O. Box 4000· Florence AZ 85132

page 1

2

# Memorandum of Points and Authority

Fed. R. Civ. P. 23(e) makes district court fiduciary and guardian of rights of passive members of class including but not limited to prisoners with serious Mental illness ("SMI"), intellectual disabilities ("I.D") and Americans with Disability Act ("ADA"), to ensure the proposed settlement is fair, reasonable, and adequate to all members concerns, assumed with a duty to act in Good Faith, with care, candor and loyalty in fulfiling its obligation as fiduciary

Class members should be provided reasonable notice phrased in ordinary, understandable Language compatible with their disabilities and that alerts class members of their need to voice their opinions to class counsel and file objections with the district court if they disagree with the proposed settlement, including failure to file timely objections will result in forfeiture of Appellate Review on the issue(s) they disagree with.

The Rules require that the court direct notice in a reasonable manner to all class members who would be bound by the proposed settlement. Fed. R. Civ. P. 23(e), duty to monitor fairness of settlement is particularly acute in Rule 23(b)(2) class actions because members of those classes cannot opt-out of the class Litigation.

Fed. R. Civ P. 23(e), provides a court substantial authority to approve or disapprove settlement in class action. As a practical matter, class members must be provided reasonable notice to express their views. Furthermore, Fed. R. Civ. 23(e)(1)   page 2

Affords standing to Any class member of a class who want to object to A proposed settlement.

The Majority of prisoners housed under Arizona's debilitating supermaximum facilities are in Florence, Arizona, locked away in deplorable conditions far worse than regular isolation. The only time a prisoner is let outside their cell is basically to And from recreation/showers (when security Allows). Inmates are prohibited from stopping while being escorted by staff, such conduct could result in a disciplinary infraction for hindering staff thereby reducing step level pursuant to ("D.I 326"), Any written notice posted in "common AREAS" like outside a shower door, would defy Reasonable notice because inmates would not be Able to read it walking to and from showers. Some prisoners including myself do not have the priviledge of purchasing televisions, therefore written notice posted solely on ADC's T.V. station would not "fairly Apprise" A substantial number of class members of notice.

Plaintiff Gamez has devised A list of options that can assist this court in determining Reasonable Notice consistant with the severe disadvantages prisoners in extreme isolation Are faced with.

Plaintiff Gamez's Recommendations

1. Notice should fairly Apprise prisoners About nature of settlement, it's advantages and disadvantages, And/or;

2. Read to serious Mental ill ('SMI") And                    page 3



Intellectual disAbilities ("ID") prisoners And/or;

3. Mailed to All prisoners housed in isolation where "Common Areas" Aren't so common. And/or;

4. Provide sufficient number of copies of Actual settlement in prison's Library to Avoid being placed on a wait List while time for filing "objections" expires And/or;

5. Copies of A court-Approved comment or objection form with instructions on how to submit their forms to the District court for consideration And/or;(See: PlAintiff's Exhibit A  OBJECTION FORM)

6. Interpreted to NON-English speaking inmates And/or;

7. Americans with disabilities ("ADA") compatible And/or;

8. Placed on ADC's TV Station And/or read in its entirety until time for filing objections expires (Large Print) And/or;

9. Judge meet with prisoners to discuss class settlement.

    Prisoners Are hindered by Additional barriers due to the Lack of "Common Areas" where notices can be posted. Without Court-Ordered Accommodations class members risk waiving their opportunity to voice their opinion. For the foregoing reasons MR. Gamez's Motion should be granted

page 4

5

Respectfully Submitted this 29th day of Oct 2014

UNDER PENALTY OF PERJURY

MR Rodolfo Carrasco Gomez # 131401
ASPC/MAN·SMU-I
P.O Box 4000 · Florence, AZ 85132

Certification of Service

Copies of the foregoing were E-Filed
This ___ day of Oct 2014 TO:

("the parties")

page 5

# EXHIBIT A

# EXAMPLE OBJECTION FORM

Name Number
ASPC Complex. Unit
P.O.Box   City, State, zip

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Victor Parsons et al,
       Plaintiff(s)      CASE NO. 12-cv-0601-PHX-DJH

V.

                 OBJECTIONS TO PROPOSED
Charles L. Ryan et al,    SETTLEMENT PURSUANT TO
      Defendant(s)    FED. R. CIV. P 23(e)

COMES NOW, PLAINTIFF

before this court is Objecting to Defendant Ryan's proposed
settlement "Stipulation", As stated and explained in the
following Memorandum of Material facts and points of
Authorities Attached

Respectfully Submitted this _____ day of _____ 2014

sign X _____
      Print NAME _____ , in pro se

page 1

8

# MEMORANDUM OF POINTS AND AUTHORITY

## FACTS:

Defendant Ryan offers fraudulent cover-up of its dereliction of its public trusted duties i.e. stipulation without Accepting its Liabilities of Job description, Arizona Tax payers pay Defendant Ryan state budget MONIES to perform. This said "stipulation", amounts to budget request of Arizona legislation. The 400 million plus, two contractual services schemes by state have facilitated present and will facilitate future litigations of issues. Defendant Ryan Request funds yearly from the Arizona Legislation budgeting committee, yet this deceptive practice increases budgetary needs to the detriment of public and incarcerated concerns of safety, Medical and Mental health problems created and released on public. This cover-up of Ryan's derelictions of its publicly financed trust and duties layed out in this so called "stipulation proposal", is the basis of this class action. The misuse of 900 Million contractual dollars given to address growing claims similar to Parsons v. Ryan et al, are not solved, resolved or addressed. Plaintiff objects to Defendant Ryan's stipulated 2014-15 budget increase request, thereby, attempting to misuse this judicial process to influence Arizona Legislature.

Respectfully Submitted this          day of          2014

SIGNATURE X _____

Certificate of Service.
Copies of the foregoing were e-filed
This    day of    2014   TO:
HONORABLE DIANE J. HUMETEWA
("THE PARTIES")

NAME   Number
ASPC-Complex      Unit
P.O. Box          City, State   Zip

page 2