UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-DKD<br><br>**DEFENDANTS' [PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION FOR COURT APPROVAL OF NOTICE TO PLAINTIFF CLASS AND FOR FAIRNESS HEARING ON PROPOSED SETTLEMENT** |

Having received and considered the parties' Joint Motion for Court Approval of Notice to Plaintiff Class and for Fairness Hearing on Proposed Settlement, and good cause appearing,

**IT IS HEREBY ORDERED** that Exhibit A attached hereto is approved and shall be distributed by Defendants as follows:

1.   Defendants shall within 14 days post a copy of the notice in English and Spanish in all general population housing units and shall ensure that the Notice remains posted during the comment period.  A copy of the Stipulation, including all exhibits, shall be available for review by general population prisoners in the prison libraries.

2.   Defendants shall within 14 days serve each individual prisoner housed in a maximum custody unit or in segregation with the Notice in the appropriate language.  A

1  copy of the Stipulation, including all exhibits, shall be available for review in the prison
2  libraries. Maximum security prisoners who are not permitted physical access to the
3  library shall be allowed to check out a copy of the Stipulation, including all exhibits, upon
4  request from the library, or alternatively, view the Stipulation and exhibits on CCTV
5  during the pendency of the comment period.

6      3.      Defendants shall file and serve on Plaintiffs' counsel a declaration affirming
7  that the notice was published as required by the Court's order.

8      4.      Any member of the class may enter an appearance on his or her own behalf
9  in this action through that class member's own attorney (at their own expense), but need
10 not do so. Class members who do not enter an appearance through their own attorneys
11 will be represented by class counsel. Alternatively, any member of the class may write to
12 the Court about his or her opinions on the fairness of the proposed settlement. The Court
13 will consider the written communications of the class members when deciding whether to
14 approve the settlement. Comments regarding the fairness of the settlement must include
15 the case name, *Parsons v. Ryan*, CV 12-00601-PHX- DKD, at the top of the first page. A
16 written comment must contain the author's full name and include all objections and the
17 reasons for them, must include any and all supporting papers (including, without
18 limitation, all briefs, written evidence, and declarations), and must be signed by the class
19 member. A class member who desires to comment but fails to comply with the above
20 objection procedure and timeline shall be deemed not to have objected, and that class
21 member's objection shall not be heard or considered at the hearing. Comments must be
22 postmarked by _____ and must be sent to the following address:

> Clerk of the Court
> United States District Court
> 401 W. Washington St., Suite 130, SPC 1
> Phoenix, Arizona 85003-2118

26 **IT IS FURTHER ORDERED** that a Fairness Hearing shall take place at ____
27 a.m. on _____, 2015, at the United States District Court, 401 W. Washington St.,
28 Suite 130, SPC 1, Phoenix, Arizona 85003-2118 to determine whether the proposed

-2-

1  settlement of this action on the terms and conditions provided for in the Stipulation
2  [Doc. 1185] is fair, reasonable, and adequate and should be finally approved by the Court,
3  and whether this action should be dismissed under the settlement. The hearing may be
4  continued from time to time without further notice.

5        **IT IS FURTHER ORDERED** that any further briefing from the parties in
6  advance of the hearing shall be filed no later than _____, 2014.

# EXHIBIT A

# NOTICE TO ALL ADC PRISONERS
# ABOUT SETTLEMENT IN *PARSONS v. RYAN*:

*Parsons v. Ryan* is a class action lawsuit that was filed in federal court in 2012 claiming that the medical, mental health and dental care in ADC's state-run prisons and the conditions in the maximum security units are unconstitutional.

ADC and the lawyers for the prisoner class have reached a settlement that they believe is fair to both sides. If you are a prisoner in one of the ten ADC prisons (Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, or Yuma), then you are a member of the class. This notice explains the proposed settlement, how you can read it, and how you can tell the Court whether you think the proposed settlement is fair.

The first part of the settlement says that ADC will monitor the health care to see if it meets more than 100 different measures. The lawyers for the prisoners will be able to review these monitoring reports. If Corizon does not provide health care according to these guidelines, the Court can order ADC to take more actions to improve the level of care.

The second part of the settlement says that ADC will improve the conditions in the maximum security units. The major changes will be more out-of-cell time and mental health treatment, meals with the same calories and nutritional value as those in general population, and limiting the use of pepper spray on prisoners with serious mental illness.

The third part of the settlement says the lawyers for the prisoners will monitor ADC's compliance with the agreement by touring the prisons, talking to prisoners and staff, and reviewing documents, including prisoner health care records.

This case did not seek money damages for any prisoner and none will be awarded. This settlement does not address the cases of any specific individuals, and attorneys for the class offer no opinion about any prisoner's ability to pursue a claim against ADC. The lawyers representing the prisoners have spent approximately $1 million in expenses and witness fees. They also have spent thousands of hours working on the case. The settlement provides that ADC will pay the lawyers for the prisoner class $4.9 million for work they have done until now. They will also be paid up to $250,000 per year in the future to monitor ADC's compliance with the settlement.

The full version of the settlement is available in the library. Maximum security prisoners who cannot go to the library can check out a copy from the law library or view the Stipulation and exhibits on CCTV.

The court will hold a hearing on the fairness of the settlement on _____, 2015 at _____ a.m./p.m., at the United States Courthouse in Phoenix, Courtroom ___.

Prisoners can write to the Court about their opinions on the fairness of the proposed settlement and/or the lawyers' request for payment. Comments MUST include the case name, *Parsons v. Ryan,* CV 12-00601-PHX-DKD, at the top of the first page. Comments must be postmarked no later than _____, 2014, and sent to the following address:

> Clerk of the Court
> United States District Court, District of Arizona
> 401 W. Washington St., Suite 130, SPC 1
> Phoenix, AZ  85003-2118

If you have questions or want additional information about the case, or want to share your experience regarding the issues addressed in the case, please write the lawyers for the prisoner class at either of the following addresses:

| | |
|---|---|
| Prison Law Office | ACLU National Prison Project |
| General Delivery | 915 15th St., N.W., 7th Floor |
| San Quentin, CA 94964 | Washington, D.C. 20005 |