Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
       jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
Brenna Durkin (Bar No. 027973)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       avarma@azdisabilitylaw.org
       bdurkin@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE EXPENSES** |

78204-0001/LEGAL124439946.2

Plaintiffs, by and through their undersigned counsel, hereby move this Court pursuant to Federal Rule of Civil Procedure 23(h) for an order awarding Plaintiffs' counsel attorneys' fees and non-taxable costs. This motion is supported by the record before the Court and by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs respectfully request an award of attorneys' fees and related non-taxable expenses in the amount of $4.9 million. In the stipulation of settlement (Doc. 1185, hereafter, "Settlement Agreement") currently pending before the Court, Defendants agreed to pay this sum in attorneys' fees and expenses upon approval by the Court.

### II.   STATEMENT OF THE CASE

In this civil rights action, Plaintiffs sought declaratory and injunctive relief on behalf of all prisoners in the custody of the Arizona Department of Corrections ("ADC") to remedy class-wide constitutional violations, pursuant to 42 U.S.C. § 1983. Plaintiffs alleged that Defendants were deliberately indifferent to the substantial risk of serious harm caused by the ADC's systemic failure to provide basic medical, mental health, and dental care in violation of the Eighth Amendment. Plaintiffs further alleged that Defendants exposed prisoners to a substantial risk of serious harm by housing them in isolation for 22 or more hours per day.

To prove their claims, Plaintiffs spent approximately two years conducting complex discovery, including the production and review of hundreds of thousands of pages of documents and expert reports and taking or defending 87 expert and lay depositions across the country.[1] Defendants vigorously contested the claims, causing Plaintiffs to have to oppose Defendants' motion to dismiss, motion for summary

---

[1] One of these depositions was a non-appearance. Plaintiffs noticed ADC for a 30(b)(6) deposition for October 5, 2012, but Defendants did not produce their designated witness, Jacob Gable, and Defendants' counsel failed to notify Plaintiffs' counsel that they were refusing to attend the deposition.

78204-0001/LEGAL124439946.2

1  judgment, and *Daubert* motion, to litigate class certification, and to oppose Defendants'
2  interlocutory appeal to the Ninth Circuit seeking to overturn class certification. Plaintiffs
3  often had to follow the Court's protocol to resolve discovery disputes not raised in motion
4  form. Plaintiffs also moved successfully to strike many of Defendants' expert witnesses.

5  Following the defeat of Defendants' summary judgment motion, the parties
6  engaged in extensive trial preparation, including designating thousands of trial exhibits
7  and lodging evidentiary objections to the other party's designations. The parties also
8  negotiated an over 4,000 page joint pre-trial order—which called upon Plaintiffs to
9  respond to thousands of allegedly uncontested facts—and filed trial briefs with the Court.
10 Shortly before trial, and after especially difficult and time-consuming negotiations, the
11 parties reached a favorable settlement that will result in substantial relief to the Plaintiff
12 class.

### III. THE PARTIES HAVE AGREED TO AN AWARD OF ATTORNEYS' FEES AND COSTS

15 Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action,
16 the court may award reasonable attorney's fees and nontaxable costs that are authorized
17 by law or by the parties' agreement." The parties have agreed to an award of fees in this
18 case.

19 The Settlement Agreement states that "Defendants agree to pay attorneys' fees and
20 costs incurred in the underlying litigation of the subject lawsuit in the total amount of $4.9
21 million," plus up to $250,000 per year for monitoring activities. [Settlement Agreement,
22 ¶¶ 42, 44] Because the attorney fee agreement does not reduce any recovery by the Class
23 and because there is no evidence of collusion between Plaintiffs' counsel and Defendants,
24 the parties' agreement as to attorneys' fees "is accorded great weight." *Cox v. Clarus*
25 *Mktg. Grp., LLC*, 291 F.R.D. 473, 482 (S.D. Cal. 2013). The Court's task in such a
26 situation is "simply to determine whether the negotiated fee is facially fair and
27 reasonable." *Hernandez v. Kovacevich "5" Farms*, No. 1:04-cv-5515, 2005 U.S. Dist.
28 LEXIS 48605, at *23 (E.D. Cal. Sept. 30, 2005). Because the agreed upon fee is fair and

1  reasonable, pursuant to Rule 23(h), the Court should enforce the terms of the agreement
2  and award Plaintiffs the agreed-upon sum.

3  As explained more fully below (*see infra* § IV.C), the fee agreement also is
4  reasonable in light of the factors courts regularly consult to determine fee awards.  For
5  example, a fee and cost award of $4.9 million represents compensation at the statutorily
6  defined PLRA rate of $213/hr for 20,814 hours of time and labor.  Plaintiffs' legal team
7  expended significantly more time prosecuting this case and representing 33,000 prisoners
8  across the state.  Discovery was extensive, the questions of fact and law were difficult, a
9  significant level of legal skill was necessary to litigate the case properly and Plaintiffs
10 received a very favorable outcome.  Moreover, counsel was precluded from accepting
11 other engagements given the time and resources invested in prosecuting the instant case
12 and are not receiving compensation from Plaintiffs.

13 **IV.    PLAINTIFFS' REQUESTED AWARD IS FAIR AND REASONABLE**

14 Plaintiffs have calculated their fee request according to the lodestar method, *i.e.,* by
15 multiplying the number of hours reasonably expended by a reasonable hourly rate.  *See,*
16 *e.g.*, *McGrath v. Cnty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995).  This method of
17 calculating fees is strongly presumed to be reasonable.  *Oviatt v. Pearce*, 954 F.2d 1470,
18 1482 (9th Cir. 1992) ("There is a strong presumption that the lodestar figure is reasonable,
19 and adjustments are to be adopted only in exceptional cases."); *Morales v. City of San*
20 *Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).  Pursuant to this presumptively valid
21 approach, Plaintiffs' fees exceed the $4.9 million figure requested in the instant motion.
22 [*See* Declaration of Donald Specter ("Specter Decl.") ¶¶ 18-19]

23        **A.    The Hours Expended by Plaintiffs' Counsel Are Reasonable.**

24 Plaintiffs' requested hours reasonably reflect the time necessary to manage and
25 litigate a complex civil rights class action on behalf of more than 33,000 state prisoners.
26 Each member of the litigation team maintained contemporaneous records showing the
27 time worked on the case and provided a detailed description of the work.  [*Id.* ¶ 18]
28

1  Though counsel has represented Plaintiffs without charge, counsel has exercised
2  the same billing judgment and discretion accorded to private clients. *Gonzalez v. City of*
3  *Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a 'reasonable' number of
4  hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a
5  private client.'") (citations omitted, alterations in original).  As such, Plaintiffs have
6  reviewed the billing records and excluded hours that were redundant, excessive, or
7  otherwise unnecessary.  [Specter Decl. ¶ 18]  For example, hours have been written off
8  where multiple attorneys attended an event but did not have a speaking role or other
9  substantive participation in the event.

10  The total number of hours for which Plaintiffs seek compensation is 20,814.  [*Id.*
11  ¶ 19]  Even after the application of billing judgment, the number of hours actually billed
12  far exceeds this amount.  [*Id.* ¶¶ 18-19]  As discussed more fully below, in light of the
13  complexity of this case, this number of hours is reasonable.

14  **B.     The Hourly Rate is Established by Statute.**

15  The PLRA limits the hourly rate for attorneys' fees to 150 percent of the hourly
16  rate established for payment of court-appointed counsel.  42 U.S.C. § 1997e(d)(1).  The
17  Ninth Circuit has stated the baseline PLRA hourly rate is "the amount authorized by the
18  Judicial Conference."  *Webb v. Ada Cnty.*, 285 F.3d 829, 839 (9th Cir. 2002).  The
19  statutorily authorized rate for non-capital court-appointed counsel is $142; multiplying
20  this figure by the statutorily authorized 150% multiplier results in an hourly rate of $213.
21  *See Perez v. Cate,* 632 F.3d 553, 558 (9th Cir. 2011); *Kelly v. Wengler,* 7 F. Supp. 3d
22  1069, 1075 (D. Idaho 2014); *Balla v. Idaho State Bd. of Corr.*, No. CV81-1165-S-BLW,
23  2013 WL 501646, at *2 (D. Idaho Feb. 8, 2013); *Lira v. Cate*, No. C 00-0905, 2010 WL
24  727979, at *4 (N.D. Cal. Feb. 26, 2010).

25
     **C.     The Factors Bearing on Reasonableness Support a Full Recovery of
26            Plaintiffs' Fee Request.**

27  In light of the complexity, constitutional importance, and significant effort
28  expended in this case, an award of the agreed-upon attorneys' fees and costs is justified.

78204-0001/LEGAL124439946.2           -4-

1    First, the parties have agreed to this sum.  Second, the sum represents a significant
2    discount from the total fees incurred in maintaining this litigation.  Finally, the factors
3    bearing on reasonableness fully support the award.

4    To determine the reasonableness of an attorneys' fee award, the Court considers
5    the following factors:  (1) the time and labor required; (2) the novelty and difficulty of the
6    questions; (3) the requisite skill to perform the legal service properly; (4) the preclusion of
7    other employment by the attorney due to acceptance of the case; and (5) whether the fee is
8    fixed or contingent.  *Graves v. Arpaio*, 633 F. Supp. 2d 834, 846 (D. Ariz. 2009) (citing
9    *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) and *Hensley*, 461 U.S.
10   at 430 n.3); *see also* LRCiv. 54.2(c)(3) (listing illustrative factors the Court may consider
11   in determining the reasonableness of an attorneys' fee award).  Each factor supports
12   Plaintiffs' request.

13   <u>Time and Labor</u>:  As explained above, after exercising billing judgment and in light
14   of the parties' settlement negotiations, Plaintiffs request compensation for 20,814 hours of
15   time and labor.  Plaintiffs expended significantly more time than this in prosecuting this
16   case.  [Specter Decl. ¶ 18]  This case concerned the constitutional rights of 33,000
17   prisoners, included over 400,000 pages of documents, required 87 depositions across
18   several states, and involved extensive and hard-fought motion practice.  [*See id.* ¶¶ 9-10]
19   Accordingly, Plaintiffs' request is reasonable.

20   <u>Novelty and Difficulty of the Questions</u>:  Though not all of the legal principles of
21   constitutional law that decided this case were novel, applying them to a class consisting of
22   33,000 inmates proved especially complex.  To discharge their burden of proof, Plaintiffs
23   had the task of demonstrating ADC's deliberate indifference to serious medical, dental,
24   and mental health needs and to conditions of confinement that created a substantial risk of
25   serious harm.  Judge Wake recognized the difficulty of this task in a similar context:
26   "Determining the constitutionality of [prison] conditions requires weighing risk to a
27   [prisoner's] health and safety against the need for restrictions to protect the security of all
28   [prisoners], detention officers, and the community." *Graves*, 633 F. Supp. 2d at 846.

1    <u>Skill Requisite to Perform the Legal Service Properly</u>:  Conducting discovery, marshaling evidence on a wide range of complex issues, and engaging Defendants in motion practice in a case of substantial magnitude, while managing the needs of named and unnamed class members with respect to their requests for medical, mental health, and dental treatment required considerable skill.  Plaintiffs' counsel are highly experienced in trial practice and both civil rights and general litigation.  Counsel from the Prison Law Office and ACLU-NPP specialize in the specific area of prisoners' rights.  [Specter Decl. ¶ 3]  Counsel from the national law firms of Jones Day and Perkins Coie specialize in complex litigation and trial practice.  [*Id.*]  Counsel from the Arizona Center for Disability Law and ACLU-AZ specialize in civil rights litigation.  [*Id.*]  The attorneys from each of these organizations devoted their considerable skill to helping Plaintiffs achieve a satisfactory resolution to this litigation.  [*Id.*]

The skill of Plaintiffs' counsel is readily apparent in the results they obtained. Plaintiffs have prevailed on all critical motions and appeals in this case.  The Court denied Defendants' Motion to Dismiss on October 10, 2012, rejecting Defendants' arguments on standing, exhaustion of administrative remedies, and failure to state a claim.  [Doc. 175] On March 6, 2013, the Court granted Plaintiffs' Motion for Class Certification. [Doc. 372]   When Defendants sought interlocutory review of the Court's class certification order, a Ninth Circuit panel unanimously affirmed the district court's order on June 5, 2014.  *Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014).[2]  The Court denied Defendants' *Daubert* motion to exclude the opinions of all of Plaintiffs' experts on July 28, 2014 and denied Defendants' motion for summary judgment on August 7, 2014. [Docs. 1040, 1065]

<u>Exclusion of Other Employment</u>:  As indicated by the number of hours Plaintiffs' counsel expended in prosecuting this case, representing the class required a significant investment of time.  As a result, the attorneys' ability to take on other cases was

---

[2] Defendants' Petition for Rehearing En Banc is currently pending.

1 negatively affected. In addition to the commitment of these attorneys' time, the advancement of costs to prosecute this case limited the ability of the law firms and legal organizations to take on other representation. [Specter Decl. ¶ 18]

Contingency or Fixed Fee: Plaintiffs' counsel is not charging class members a fee for their services. Counsel's fee is based purely on the Settlement Agreement. [*Id.* ¶ 18; *see also* Settlement Agreement ¶ 42]

## V. THE PARTIES HAVE ALSO AGREED TO AN AWARD OF PLAINTIFFS' NON-TAXABLE COSTS.

Plaintiffs may recover non-taxable costs because such expenses are part of the "reasonable attorney's fee" awarded in Section 1988 litigation. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). Such costs include Plaintiffs' out-of-pocket expenses which "would normally be charged to a fee paying client." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). The sum agreed to by the parties includes reimbursement of Plaintiffs' out-of-pocket expenses, exclusive of payments to expert witnesses and consultants.[3] [*See* Specter Decl. ¶ 18]

Respectfully submitted this 16th day of December, 2014.

**PRISON LAW OFFICE**

By: s/ Donald Specter
Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com
         wgeorge@prisonlaw.com

*Admitted *pro hac vice*

---

[3] Plaintiffs seek an award of $466,709 in costs, exclusive of expert fees. Again, this figure is included in the total $4.9 million award provided in the Settlement Agreement.

```
 1    Daniel C. Barr (Bar No. 010149)
      Amelia M. Gerlicher (Bar No. 023966)
 2    Kirstin T. Eidenbach (Bar No. 027341)
      John H. Gray (Bar No. 028107)
 3    Matthew B. du Mée (Bar No. 028468)
      Jerica L. Peters (Bar No. 027356)
 4    PERKINS COIE LLP
      2901 N. Central Avenue, Suite 2000
 5    Phoenix, Arizona 85012
      Telephone: (602) 351-8000
 6    Email:    dbarr@perkinscoie.com
                agerlicher@perkinscoie.com
 7                keidenbach@perkinscoie.com
                jhgray@perkinscoie.com
 8                mdumee@perkinscoie.com
                jpeters@perkinscoie.com
 9
      Daniel Pochoda (Bar No. 021979)
10    James Duff Lyall (Bar No. 330045)*
      ACLU FOUNDATION OF
11    ARIZONA
      3707 North 7th Street, Suite 235
12    Phoenix, Arizona 85013
      Telephone: (602) 650-1854
13    Email:    dpochoda@acluaz.org
                jlyall@acluaz.org
14
      *Admitted pursuant to Ariz. Sup. Ct.
15    R. 38(f)

16    David C. Fathi (Wash. 24893)*
      Amy Fettig (D.C. 484883)**
17    Ajmel Quereshi (Md. 28882)**
      ACLU NATIONAL PRISON
18    PROJECT
      915 15th Street N.W., 7th Floor
19    Washington, D.C. 20005
      Telephone: (202) 548-6603
20    Email:    dfathi@npp-aclu.org
                afettig@npp-aclu.org
21                aquereshi@npp-aclu.org

22    *Admitted pro hac vice. Not admitted
       in DC; practice limited to federal
23     courts.
      **Admitted pro hac vice
24
25
26
27
28
```

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
Dara Levinson (Cal. 274923)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
           aamiri@jonesday.com
           daralevinson@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com
           tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:     kmamedova@jonesday.com
           jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By: <u>  s/ Sarah Kader                     </u>
    Sarah Kader (Bar No. 027147)
    Asim Varma (Bar No. 027927)
    Brenna Durkin (Bar No. 027973)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email: skader@azdisabilitylaw.org
            avarma@azdisabilitylaw.org

    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    **ARIZONA CENTER FOR DISABILITY LAW**
    100 N. Stone Avenue, Suite 305
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email: jrico@azdisabilitylaw.org
            jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2014, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

                                      s/ S. Neilson