FILED LODGED
RECEIVED COPY

DEC 19 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

I recieved the MEMO on 12/17/14 at 7:36P

COVER             CV-12-601-PHX-DKD

- For better understanding of my comments and concerns refer to Prisoner Rights Standards on Treatment of prisoners

- My Health Care concerns have been neglected. I reported sexually abuse by an officer on Kaibab (Winslow) requested psyche help and was prescribed meds for people who hear voices and are dilusional or have illusions.

- I'm denied access to PREA. A prompt for PREA is on the phone but no number given. I get (one) free 15 SECOND phone call per month: "Hi, how are you? Fine and you?. Click.

  See attached list of Standards for Prisoner Rights.

- There's plenty more comments and concerns and suggestions to be made, but, I'll do my best to be succinct.

NOTE:
Please let me know when the court recieved my letter; to track interference.

4 pgs.            Thank You. GOD BLESS!

12/17/14          Parsons v. Ryan, CV-12-00601-PHX-DKD

## Comments and Suggestions

Comments

- The settlement is partial for the following reasons:

1) This settlement is a way to disguise the true intentions of (Ryan) who will inevitably return to his old harsh ways of running the prison(s).

2) The first and second part of the settlement are not as stated "major changes", but, "Prisoner Rights" that are being denied routinely and or systematically.

3) How is it that lawyers want (us) inmates to settle for a mere "promise" or "injunction" that matters will get better, while lawyers be rewarded money for (us) being denied "Prisoner Rights"?

4) In Aug-Sept. 2014 ACLU was not allowed in SMU-1 4D Pod to air issues. So all this talk about walk throughs and monitoring is futile, and is a fascade, for lawyer to collect and extra 3.9 million + 250,000 on (us) inmates plights.

5) More of out-of-cell time, Nutrion as (GP) inmates inmates mental health treatment is not a privilege, but, mandatory! That is, an equal rights' issue or problem. Why should lawyers get rewarded money because (us) inmates (mental health etc.) are being discriminated against? We are, not them (lawyers)

6) I owe for indigent legal and medical and other matter. I summoned a friend to put funds on another inmates books to order me a T.V. to help myself psychologically and mentally and not depend on ADC to provide a loaner T.V. When I was transferred to SMU-1-4C10 my T.V. was

not inventoried, but, "CONTRABANDED". Shortly, thereafter I was given a ticket for "harassment of a female officer". Had I had my T.V. I could have harassed all the women I wanted on T.V. 30 dys in SMU is unconstitutional.

7) Now, I have NO T.V. I'm offered no way to program; everywhere I go I'm handcuffed; outside rec once-a-month; Psyche class once-a-month; Shower every other day.

8) Showers is counted as out of cell time. Literally, you are left in the shower for 30 mins to 1hr. 15 mins. No exaggeration, at least in this pod 4D. Therefore, I refuse shower and birdbath. Showers is a basic necessity.

9) Rec is in a Ten by Ten cell outside. No gain. Whatever you can do in your cell can be done in the 10x10.

10) ONLY, Child molesters and PC prisoners are given privileged jobs: Kitchen, building Porter, maintenance, barber from other UNITS. All the above listed are basic necessities. Agree?

## SUGGESTIONS

- The prisoners should not be rewarded or settle for something that's, technically, by Prisoner Right Bureau and Standards, due to them. I'm Mental Health who've experienced mistreatment
- Therefore, the settlement is to be amended: Punitive damages awarded to prisoners in the 10 prisons of $1.7 million to prevent future violations and to ensure that conditions remained in compliance with the settlement. Lesson learned.
- The prisoner(s) initiated the lawsuit on behalf of (us) inmates not the lawyer(s). Yes, the lawyers did diligent work and shall be rewarded accordingly. $1 million spent, $1.2 million rewarded. That's $1.2 + 250,000 every year for monitoring. That's fair.
- Depending on what month lawyers actually started in 2012 - 2 years roughly, it's feasable.

(OVER)

Submitted this 17th day of December, 2014.

*[signature]*

*[signature]*
Hanson E.C. Fields, Sr. MD257135#

Standards on Treatment of Prisoners (Table of Contents)

Table of Contents

Standard 23-1.0 Definitions

Part I: General Principles

Standard 23-1.1 General principles governing imprisonment ✗

Standard 23-1.2 Treatment of prisoners

Part II: Intake and Classification ✗

Standard 23-2.1 Intake screening ✗

Standard 23-2.2 Classification system ✗

Standard 23-2.3 Classification procedures ✗

Standard 23-2.4 Special classification issues

Standard 23-2.5 Health care assessment ✗

Standard 23-2.6 Rationales for segregated housing ✗

Standard 23-2.7 Rationales for long-term segregated housing ✗

Standard 23-2.8 Segregated housing and mental health ✗

Standard 23-2.9 Procedures for placement and retention in long-term segregated housing

Part III: Conditions of Confinement

Standard 23-3.1 Physical plant and environmental conditions ✗

Standard 23-3.2 Conditions for special types of prisoners ✗

Standard 23-3.3 Housing areas 

Standard 23-3.4 Healthful food ✗

Standard 23-3.5 Provision of necessities ✗

Standard 23-3.6 Recreation and out-of-cell time ✗

Standard 23-3.7 Restrictions relating to programming and privileges ✗

Standard 23-3.8 Segregated housing ✗

Standard 23-3.9 Conditions during lockdown ✗

Part IV: Rules of Conduct and Discipline

Standard 23-4.1 Rules of conduct and informational handbook

Standard 23-4.2 Disciplinary hearing procedures

Standard 23-4.3 Disciplinary sanctions

Part V: Personal Security

Standard 23-5.1 Personal security and protection from harm

Standard 23-5.2 Prevention and investigation of violence

Standard 23-5.3 Sexual abuse

Standard 23-5.4 Self-harm and suicide prevention

Standard 23-5.5 Protection of vulnerable prisoners

Standard 23-5.6 Use of force

Standard 23-5.7 Use of deadly force

Standard 23-5.8 Use of chemical agents, electronic weaponry, and canines

Standard 23-5.9 Use of restraint mechanisms and techniques

Part VI: Health Care

Standard 23-6.1 General principles governing health care

Standard 23-6.2 Response to prisoner health care needs

Standard 23-6.3 Control and distribution of prescription drugs

Standard 23-6.4 Qualified health care staff ✗

Standard 23-6.5 Continuity of care ✗

Standard 23-6.6 Adequate facilities, equipment, and resources ✗

Standard 23-6.7 Quality improvement ✗

Standard 23-6.8 Health care records and confidentiality ✗

Standard 23-6.9 Pregnant prisoners and new mothers

Standard 23-6.10 Impairment-related aids

Standard 23-6.11 Services for prisoners with mental disabilities

Standard 23-6.12 Prisoners with chronic or communicable diseases

Standard 23-6.13 Prisoners with gender identity disorder

Standard 23-6.14 Voluntary and informed consent to treatment

Standard 23-6.15 Involuntary mental health treatment and transfer ✗

Part VII: Personal Dignity

Standard 23-7.1 Respect for prisoners ✗

Standard 23-7.2 Prisoners with disabilities and other special needs

Standard 23-7.3 Religious freedom

Standard 23-7.4 Prisoner organizations

Standard 23-7.5 Communication and expression

✗ Standard 23-7.6 Personal appearance

✗ Standard 23-7.7 Records and confidentiality

Standard 23-7.8 Searches of facilities

Standard 23-7.9 Searches of prisoners' bodies

Standard 23-7.10 Cross-gender supervision

Standard 23-7.11 Prisoners as subjects of behavioral or biomedical research

Part VIII: Rehabilitation and Reintegration

Standard 23-8.1 Location of facilities

Standard 23-8.2 Rehabilitative programs

Standard 23-8.3 Restorative justice

Standard 23-8.4 Work programs

Standard 23-8.5 Visiting

Standard 23-8.6 Written communications

Standard 23-8.7 Access to telephones

Standard 23-8.8 Fees and financial obligations

Standard 23-8.9 Transition to the community

Part IX: Grievances and Access to Courts

Standard 23-9.1 Grievance procedures

Standard 23-9.2 Access to the judicial process

INMATE MAIL: ARIZONA DEPARTMENT OF CORRECTIONS
Inmate _Hanson E.C. Fields, Jr._
ADC # _257135_
Arizona State Prison Complex _Eyman_
Unit _SMU-1-4D-32L_
_P.O. Box 4000_
City _Florence_ AZ _85132_
(For International Use Only)

RECEIVED
DEC 19 2014
LEGAL
CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

PHOENIX AZ 85
12 DEC 2014 PM 11 L

ARIZONA DEPARTMENT OF CORRECTIONS
LEGAL MAIL

Clerk of the Court
United States District Court, Dist. of Arizona
401 W. Washington St., Ste. 130, SPC-1
Phoenix, AZ 85003-2118

LEGAL

85003213099