THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE: CVLR 5.4, 7.1 (a)(2),(3)
(Rule Number/Section)

Glenn Greer #158258                                  12/21/14
ASP. SMU-2 (Browning)
P.O. box 3400
Florence, AZ. 85132

FILED ___ LODGED
___ RECEIVED ___ COPY
DEC 24 2014
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ P DEPUTY

Parsons
v.                    CV 12-00601-phx-DKD
Ryan

    I am writing in regards to the settlement agreement hearing scheduled Feb. 13, 2015 at 1:30 pm in the above case, and would like to express several errors and inconsistencies in the proposed directors instruction 326 (D-I 326).

    I've been incarcerated in the Arizona department of Corrections (Adoc) for 12+ yrs. and for the last 10+ yrs. housed in solitary confinement. Regardless of the fact that I have not had an disciplinary infraction in over 4 yrs., and participated in numerous programs, Administration continues to house me in solitary confinement. And, will continue to do so indefinitely and w/o cause.

    There are numerous treatments of unconstitutional and inhumane procedure and policy that are not addressed in the proposed settlement agreement.

    Foremost is the classification policies, in which Administration is able to "override" an inmates reclass to indefinitely remand him/her in solitary confinement! Causing us

1 of 3

less restrictive conditions while housed in solitary confinement is a good thing, but what of those whom are forced to live in these conditions indefinitely w/o and until they die or get released (And, if they ever return to prison face these same conditions of isolation and torture)?! Regardless of sentence it amounts to a death sentence of torture, this is the result of a deliberately flawed classification system!

Who's to say what a "healthy" term of isolation is, both physically and psychologically? Psychologist say even a short term of isolation (solitary confinement) can be detrimental, yet Adoc director Charles Ryan and the administration are systematically responsible for inmates, myself included, being housed in solitary confinement for years upon years and in alot of cases decades, w/o cause or disciplinary support!

Thereby defining what it means to be deliberately indifferent!

Adoc director Ryan issued d.i 326 notification in feb. 2014, ordering Adoc to impliment and incorporate d.i 326 to policy immediately as of march 27, 2014. Yet, to this date dec. 21, 2014 it has not been implimented at smu-2 (Browning unit). But, all other max custody solitary confinement units (central, Kasson and smu-1) have fully implimented d.i 326 in procedure and policy...

Per Lt. Reyna and Lt. Carlson d.i 326 will not now or ever be fully implimented here at smu-2 (Browning unit)

There are numerous blatant errors in d.i 326, the fact that the sections regarding smu-1 and smu-2 (Browning) differ in procedure and practice are most notable. The spirit of d.i 326 is to have all max custody isolation units immulate one another in fact

and function to the nearest degree. Therefore before a settlement is agreed to, Adoc must re-write as policy d.i. 326 so that smu-1 and smu-2 (Browning) parallel each other in both procedure and practice.

They need to reflect one another in all areas, specific but not limited to; recreation enclosures (10x10, 20x40,), Group recreation (more than one (1) person, just as smu-1 is permitted), recreation access, in-pod recreation w/ other inmates, job availability, group programs.

Adoc can not exclude an entire population - smu-2 (Browning) based on any singular incident of individual inmates actions/behaviors, because to do so is a violation of the spirit and intention of d.i. 326. There is a specific disciplinary system and behavioral grade for those whom choose to not abide by rules/regulations, for Adoc to punish the population violates due process rights as well. If I behave, I should be treated accordingly and never be penalized for another's action or disruption, that is the design of the disciplinary process/policy.

As administration has indefinitely classified me to solitary confinement they must thereby allow/provide me w/ the benefit of the least restrictive conditions in accordance w/ my current behavior and step/phase level, E-G fully implement d.i. 326 in parallel accordance w/ smu-1.

I thank the court for taking the time to acknowledge my concerns and make the appropriate adjustments to d.i. 326 -

Sincerely