A. Sheppard
#147672
ASPC Tucson
PO Box 24403
Tucson Az 85734
(Rincon Health
Unit)

FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 29 2014

12-21-14

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

To the Clerk!

I'm writing Regarding a notification that each of us received Concerning the outcome of Parsons Vs. Ryan (cv12-00601-PHX-DKD) that states that we can write this Court with out thoughts about the fairness of this Settlement.

I am a Subclass member of the Above named Suit. my circumstances were used as one of the cases to Bolster the claims made by the named plantiffs against D.O.C.

I contracted cancer in my mouth (Jaw) while in custody of the Dept. of Corrections. Because of the cancer I had to have my lower mandible removed. After the Removal and Severe disfigurement caused by the Surgery, I was Supposed to have my Jaw Reconstructed. I was sent to A Doc medical facility to await Reconstructive Surgeries... and Contracted (MRSA) due to the Abysmal Conditions at the facility I was housed in.

D.O.C. gave up trying to fix that problem and left me Severely disfigured.

About 3½ yrs. ago I contracted more cancer in the Site where the First cancer began. (a different type) And for those 40 months I've steadily gotten the Run-around by Doc And Corizon on treatment. I still have not gotten treatment.

When I was approached by the Attorneys for the named plantiffs on Parsons Vs. Ryan. I was assured that by allowing them to pursue my issues, Id not only get the treatment I needed, but I could also expect that I could push to force Doc to Reconstruct my Jaw.

(next page)

Pg 1 of 2)

Based on the stipulation agreement that we received from the attorneys, All that is being stipulated, is that corizon follow policies that were already in place, each of these "changes" arent really changing anything (except the changes made to Maximum Security units.)

Even these "new" stipulated policies are not being followed by Corizon. I live on a medical Run at Rincon's medical facility and each of the 15 inmates in this unit can tell you that these policies arent followed here.

It also appears that these Lawyers are splitting A 6 million dollar purse for a fight between themselves and Az Dept of Corrections, yet those of us that they used to fight for them get absolutely nothing.

I allowed the time frames to Run out that I had to file my own case against DOC, because of the assurances made to me by those attorneys, and now I get nothing.

I'm hoping that this Court will grant me leave to Sever myself from this lawsuit and file a seperate claim. as I am fully unsatisfied with the outcome of this case.

Thank you very much for your time.

Alfred Sheppard. #147672
ASPC Tucson (Health unit) B-A-4
PO Box 24403
Tucson Az 85734

# NOTICE TO ALL ADC PRISONERS
## ABOUT SETTLEMENT IN *PARSONS v. RYAN*:

*Parsons v. Ryan* is a class action lawsuit that was filed in federal court in 2012 claiming that the medical, mental health and dental care in ADC's state-run prisons and the conditions in the maximum security units are unconstitutional.

ADC and the lawyers for the prisoner class have reached a settlement that they believe is fair to both sides. If you are a prisoner in one of the ten ADC prisons (Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, or Yuma), then you are a member of the class. This notice explains the proposed settlement, how you can read it, and how you can tell the Court whether you think the proposed settlement is fair.

The first part of the settlement says that ADC will monitor the health care to see if it meets more than 100 different measures. The lawyers for the prisoners will be able to review these monitoring reports. If Corizon does not provide health care according to these guidelines, the Court can order ADC to take more actions to improve the level of care.

The second part of the settlement says that ADC will improve the conditions in the maximum security units. The major changes will be more out-of-cell time and mental health treatment, meals with the same calories and nutritional value as those in general population, and limiting the use of pepper spray on prisoners with serious mental illness.

The third part of the settlement says the lawyers for the prisoners will monitor ADC's compliance with the agreement by touring the prisons, talking to prisoners and staff, and reviewing documents, including prisoner health care records.

This case did not seek money damages for any prisoner and none will be awarded. This settlement does not address the cases of any specific individuals, and attorneys for the class offer no opinion about any prisoner's ability to pursue a claim against ADC. The lawyers representing the prisoners have spent approximately $1 million in expenses and witness fees. They also have spent thousands of hours working on the case. The settlement provides that ADC will pay the lawyers for the prisoner class $4.9 million for work they have done until now. They will also be paid up to $250,000 per year in the future to monitor ADC's compliance with the settlement.

The full version of the settlement, and the motion for attorneys' fees, is available in the library. Maximum security prisoners who cannot go to the library can check out a copy from the law library or view the Stipulation and exhibits on CCTV.

The court will hold a hearing on the fairness of the settlement on February 18, 2015 at 1:30 p.m. in the Special Proceedings Courtroom at the United States Courthouse in Phoenix.

Prisoners can write to the Court about their opinions on the fairness of the proposed settlement and/or the lawyers' request for payment. Comments MUST include the case name, *Parsons v. Ryan*, CV 12-00601-PHX-DKD, at the top of the first page. Comments must be postmarked no later than January 26, 2015, and sent to the following address:

> Clerk of the Court
> United States District Court, District of Arizona
> 401 W. Washington St., Suite 130, SPC 1
> Phoenix, AZ 85003-2118

If you have questions or want additional information about the case, or want to share your experience regarding the issues addressed in the case, please write the lawyers for the prisoner class at either of the following addresses:

> Prison Law Office                     ACLU National Prison Project
> General Delivery                      915 15th St., N.W., 7th Floor
> San Quentin, CA 94964                 Washington, D.C. 20005