Galen Lloyd Houser, ADC# 212341
ASPC: Eyman Complex-Cook Unit 5B29
P.O. Box 3200
Florence Az. 85132

FILED ___ LODGED
RECEIVED ___ COPY

DEC 29 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parson, et al., Plaintiffs, vs. Charles L. Ryan, et al., Defendants. | Case No.: CV-12-00601-PHX-NVW-DKD<br><br>RESPONSE TO THE COURT BY A MEMBER OF THE CLASS AT EYMAN COMPLEX COOK UNIT |

COMES NOW, Galen Lloyd Houser, prisoner of Arizona respectfully before this HONORABLE Court to bring his Response to the Court by A Member of the Class at Eyman Complex Cook Unit.

Pursuant to the Courts instruction and required posting by the Arizona Department of Corrections (ADE or ADOC) I, Galen Lloyd Houser, respectfully responds to the Court and to all parties hereto.

### I  STATEMENT OF FACT:

Parson V. Ryan is a Class action Complaint with thirteen Plaintiffs, all prisoners of Arizona, housed at various Arizona

1.

Department of Corrections Complexes, within the state of Arizona.

ADC Director Charles L. Ryan and ADC Division of Health Services Interim Director Richard Pratt, the Defendants, which are alledged within five claims for relief, to have been deliberately indifferant in the overall provision of health, medical, dental, and mental health care and to unconstitutional conditions of confinement.

Plaintiff's did seek declaratory and injuctive relief, to include an order of the Court compeling Defendants to develope a plan to provide all ADC prisoner's constitutionally adequate health care and protection against unconstitutional conditions of confinement.

The Plaintiff's and Defendant's are seeking a proposed settlement that ADC will monitor the health care to make sure it meets more than 100 standards and argeed upon measures.

Corizon Health, Inc., the ADC contracted health care providered would be subject to these terms of agreed upon settlement by these parties and the Court can order ADC to take more specific actions to improve the overall health care to inmates should the Court find it necessary.

ADC is required to improve conditions in maximum Security units to include more time-out-of-cell, mental health treatment, more nutritional meals "as those in general population" and limiting the use of pepper spray against the mentally ill.

The Plaintiff's attorney's will monitor ADC and require compliance with the settlement agreement and seek the instruction of

2.

the court regarding issues of non-compliance should it be required.

The Court has scheduled a hearing on February 18th, 2015, and has asked prisoners to respond for this purpose.

## II. OPINION:

1. The single largest issue that remains an inescapable barrier to this proposed settlement, which incorporates ten ADC prison complexes, is funding the cost of this argeement. In the past there has been great difficulty with the establishment of essential funding by the Arizona Legisiature and therefore we cannot with any certitute give assurance that these state law makers will provide the necessary fidelity to such a agreement, to finance these measures, by instituting a law that requires the settlement terms be paid for.

Thus, this settlement is approached with an element of skepticism, as the past being our only means to measure the capacity for a successful outcome, as human rights have been disposable when faced with the cost of paying for them within the Arizona Department of Corrections. We must therefore, humbly ask this HONORABLE Court that there some means to bond these terms of proformance to overcome this trepidation.

2. Direct Address of Medical Issues:
Should it please the Court, there should be some direct and automatic means by which the failure to provide

3.

constitutionally adequate Medical Care is reported as a stipulation to this agreement.

If the grievance procedures, as in the past, has produced only a means to prolong suffering. Therefore, should there not be some means to evaluate the Inmate Grievance Procedures and bring transparentcy to this process, so that we not languish in Medical need in the process. There should be outside oversight of these procedures to maintain and guarantee its integrity as a vehicle and device for remedy and not just a road to exhaust before litigation.

This Inmate Grievance Procedure must produce a concrete and undisolvable solution as a remedy that all parties must abide by. This will deminish litigation and reduce our suffering. It should be stipulated too.

3. <u>Medical Issues:</u>

A substantive program and proper medical facilities that address the real medical needs of the diversity of it prisoner population and special needs groups.

a.) There are no true "<u>assisted living facilities</u>." Often prisoners assist other prisoners who are elderly, infirmed and mentally ill. The populations are all mixed together in one big stress diathisis model. These groups which specifically require assisted care, not just the elderly, infirmed and mentally ill, but also prisoners with disabilities. This concern should be addressed and stipulated, if the settlement is to move forward.

4.

b.) <u>Delivery of Medications</u>: should be done on all three shifts. At this time Medications are dispensed to prisoners at 8:00-8:30 AM, 12:00-12:30 PM, and 2:30-3:00 PM, or less then (7) seven Hours between the first and last scheduled time for prisoners to receive their days Medications and leaving (15) hours on average between the "Night or Evening Meds" and "Morning Meds". Most Medications taken by prisoners have a 8 hour half life. This custom has the effect of over Medicating during the day and under Medicating at night. It is a Money saving device due to lack of Corizon Medical Staff. This custom needs to stop.

c.) Likewise, <u>the customs of not providing K.O.P. Medications because of daily Corizon Medical staff shortages Must also stop. Inmate K.O.P. Medications Must be given as prescribed by doctor and not as a Matter of convenience or a cost savings device.</u>

d.) <u>ADA accommodation</u> should be for prisoners with disabilities and not stacked with bunk-beds and crowded beyond design capacity.

    1.) <u>Bathrooms, toilets, showers and sinks</u> should be in commpliance with population size and ADA standards.

    2.) <u>Medical and Dental</u> should be ADA equipped to provide to required care for these special needs.

5.

4. If for budgetary reasons it is necessary for prisoners to take care of elderly, infirmed, mentally ill, and disabled, they should be properly trained and paid a reasonable fee for doing so.

The prisoners that are currently working as ADA aides and wheel-chair pusher have no formal or even informal training to do this work and the majority of prisoners that require assistance are cared for by their cell mates and dorm population.

If because of lack of funding the proper medical professionals, CNA's and the like, cannot be hired prisoners, ADC officers and staff should be properly trained and paid to do these necessary humanitarian functions.

At issue are prisoners that truely should not be in prison without these services and it should therefore be stipulated to prior to moving forward with this settlement. If Arizona cannot take care of these special needs groups. Let them go.

## III  Conclusion.

While settlement agreement may save the people of the Great State of Arizona some money in the short term, this member of this class does not believe given the history of funding state budgets that the Arizona Legislature is likely to appropriate the necessary funding to aviod a trial on these issue or to prevent Constitutional violations in the future without stipulations and some-kind of proformance bond which the Court can use, should ADC failure to provide constitutionally adequate

Medical care and confinement.

In conclusion and for the foregoing reasons without these stipulations and futher proformance bond, this request to settle should be <u>DENIED</u> and this class member would move this HONORABLE Court for trial without such a agreement. As it would be deeply regrettable to come so far only to have to do it all over again.

Respectfully submitted to this HONORABLE Court this 22 day of December, 2014.

*Galen Lloyd Houser*
Galen Lloyd Houser, ADC#212341
ASPC: EYMAN COMPLEX - COOK UNIT 5B29
P.O. Box 3200
Florence AZ 85132

<u>Certificate Of Service</u>

I, Galen Lloyd Houser, did efile this response to the Court and all Connected Members, and parties at the same time.

Date: 12/22/14      *Galen Lloyd Houser*
                    MEMBER OF CLASS

7.