1 | Arizona Attorney General Thomas C. Horne
Office of the Attorney General
2 | Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
3 | Assistant Attorneys General
1275 W. Washington Street
4 | Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
5 | Fax: (602) 542-7670
Michael.Gottfried@azag.gov
6 | Lucy.Rand@azag.gov

7 | Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
8 | Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
9 | Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
10 | Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
11 | STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
12 | Chandler, Arizona  85226
Telephone:  (480) 420-1600
13 | Fax:  (480) 420-1696
dstruck@swlfirm.com
14 | kwieneke@swlfirm.com
rlove@swlfirm.com
15 | tbojanowski@swlfirm.com
nacedo@swlfirm.com
16 | afletcher@swlfirm.com
aorcutt@swlfirm.com
17 | jlee@swlfirm.com

18 | *Attorneys for Defendants*

19 | **UNITED STATES DISTRICT COURT**
20 | **DISTRICT OF ARIZONA**

| | |
|---|---|
| 21   Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>22<br>                                     Plaintiffs,<br>23             v.<br>24   Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br>26<br>                                     Defendants. | NO. 2:12-cv-00601-DKD<br><br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE EXPENSES** |

## I. COUNSEL'S REQUEST FOR A FEE AWARD SHOULD BE DENIED.

Plaintiffs' request for the Court to issue them an award for attorneys' fees and expenses should be denied. Defendants have already agreed to pay Plaintiffs' counsel $4.9 million for their fees and costs as part of the Settlement Agreement. Their Motion, pursuant to Fed.R.Civ.P. 23(h), is not only unnecessary, but improper and unauthorized. Since the payment of fees—and a sum certain—is included in the Settlement Agreement, the Court need only determine that the fees provision, like all of the provisions, is fair, reasonable, and adequate, as required under Fed.R.Civ.P. 23(e). But the appropriate time to decide that issue is after the notice period has expired and the fairness hearing has concluded (not now), and the appropriate procedural vehicle is a motion for final approval of the Settlement Agreement (not a motion for attorneys' fees). (Doc. 1205.)

### A. Attorneys' Fees, and the Amount, Have Already Been Agreed Upon.

Paragraph 42 in the Settlement Agreement states:

> Defendants agree to pay attorneys' fees and costs incurred in the underlying litigation of the subject lawsuit in the total amount of $4.9 million. Defendants agree to deliver payment of $1 million within 14 days of the effective date of the Stipulation, and $3.9 million by July 15, 2015. The parties agree that payment of these fees and costs represents full satisfaction of all claims for fees and costs incurred through the effective date of the Stipulation.

(Doc. 1185 at 15-16, ¶ 42.) The Settlement Agreement also sets compensation for fees during the monitoring period. (Id., ¶ 44.) If the Settlement Agreement is approved after the notice period and fairness hearing, Defendants will comply with this provision and pay Plaintiffs' counsel $1 million within 14 days of the Settlement Agreement's effective date and $3.9 million by July 15, 2015. This provision is binding on Defendants upon approval of the Settlement Agreement. No additional ruling, order, or award is necessary.

### B. Rule 23(h) Does Not Require This Motion or Authorize an Award.

Plaintiffs' counsel make this Motion pursuant to Rule 23(h), which provides: "In a certified class action, the court may *award* reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." (Emphasis added). But as just

1

discussed, the Court need not award Plaintiffs' counsel their fees because Defendants have already agreed to pay them a sum certain. These agreed-upon fees are not "authorized by law." They are authorized by the Settlement Agreement. Rule 23(h) "does not undertake to create new grounds for an award of attorney fees or nontaxable costs." Fed.R.Civ.P. 23, Advisory Committee Note, 2003 Amendment. Moreover, the parties did not agree to allow the Court to award (or set the amount of) fees. They agreed to the amount themselves. It is nonsensical to require a party to make "a claim for an award" "by motion under Rule 54(d)(2)" under these circumstances. Rules 23(h) and 54(d)(2) contemplate a situation in which the court must *authorize* and *set* the amount of an award. *See* Fed.R.Civ.P. 23(h)(4) ("court may refer issues related to the amount of the award to a special master or a magistrate judge"); LRCiv 54.2(a) ("If a final judgment … does not determine the propriety and the amount of attorneys' fees authorized by statute or by contract … the procedures set forth in this Local Rule apply."). The Court does not need to do that here; the amount is set and the parties agreed to it.[1]

Plaintiffs' counsel also contend that an award is necessary to "enforce the terms of the agreement." No it's not. The fees provision is self-executing upon approval of the Settlement Agreement. Moreover, the Settlement Agreement is not even enforceable yet; it has not been approved.

Finally, prior to filing this Motion, Plaintiffs' counsel insisted that this Motion was also authorized by *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 990 (9th Cir. 2010). (Ex. 1.) *Mercury Interactive* was a "common fund class action", i.e., class counsel

---

[1] Plaintiffs' counsel's lodestar analysis shows how silly this exercise is. They contend that they "have calculated their fee request according to the lodestar method," i.e., the number of hours reasonably expended by a reasonably hourly rate. (Doc. 1206 at 4:14.) No they didn't. They started with the amount Defendants have agreed to pay and divided it by the PLRA hourly rate (after granting themselves the 150% multiplier) to come up with a "number of hours expended." And then they say that number of hours is reasonable because it is less than what they actually expended. This isn't the lodestar calculation; it's arithmetic. And it doesn't establish reasonableness or justification for the award. Furthermore, a true *motion* for fees should comply with all of the provisions of LRCiv 54.2, which Plaintiffs' counsels' Motion admittedly does not. For example, they never disclose how many hours they actually expended. A court cannot *award* fees without this information.

2

was to be paid their fees out of the monetary settlement owed to the class. *Id*. at 990. For that reason, counsel's interest in getting paid conflicted with their obligation (and the class's interest) in securing the largest possible settlement. *Id*. at 994–95. In that instance, the district court must step in and act as a fiduciary for the class, hear any class member objections to the requested fee amount, and decide whether it is fair. *Id*. The issue in *Mercury Interactive* was whether the class had an adequate opportunity to lodge objections to the fee request; the court held that it did not because the time to object was set before class counsel submitted their fee application. *Id*. at 993–95.

Nothing in that case—or any of the cases they cite—requires that a motion for fees be filed in this one. And it actually demonstrates why a motion is not necessary. The class and subclass are not getting any money; more importantly, class counsel is not getting paid out of any settlement. They are getting paid directly by the State. Thus, there is no conflict of interest and no need for the Court to set the amount of fees. *See In re Lifelock, Inc. Mktg. & Sales Practices Litig.*, No. MDL 08-1977-MHM, 2010 WL 3715138, at *9 (D. Ariz. Aug. 31, 2010) (holding that *Mercury Interactive* did not apply because settlement did not involve a common fund and the fee award had no effect on the injunctive relief afforded to the class).

**C.     The Time to Approve the Fees Provision is After the Fairness Hearing.**

Under Rule 23(e), the class members must be given notice of the Settlement Agreement, they must be given an opportunity to object to its terms, and the Court must hold a hearing and find that it is fair, reasonable, and adequate. The class and subclass were given notice of the Settlement Agreement, including the fee provision, on December 30, 2014, in the manner prescribed by the Court.[2] (Doc. 1239; Doc. 1205.) If they feel it is unfair or unreasonable, they have until January 26, 2015, to submit written objections.[3]

---

[2] The class and subclass were also given notice of this Motion and supporting Declaration. (Doc. 1239.)

[3] Many inmates have already filed objections, including objections to the fact that their attorneys are getting paid millions of dollars. (See, e.g., Doc. 1225, 1233.)

3

(Doc. 1205.) A fairness hearing is scheduled for February 18, 2015, and any briefing from the parties in advance of the hearing must be filed by February 11, 2015. (Id.) *That is Plaintiffs' counsel's opportunity to argue that the fees provision is fair and should be approved.* In deciding whether to approve the Settlement Agreement, the court must determine that the fees provision is also fair, reasonable, and adequate. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) ("[C]ourts have an independent obligation to ensure that the [fee] award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount."). Filing a separate motion and granting an award is unnecessary and unauthorized, and denies the class and subclass due process.

### D. The Motion Paints a Very One-Sided Picture of This Litigation.

Counsel's Motion is larded with many self-serving and gratuitous pats on the back, touting success that led to "substantial relief." The Court—who was not the judge prior to the parties' Settlement Agreement—should know both sides of the story so that it is not pre-disposed one way or the other prior to the fairness hearing. The class and subclass should also know the state of the litigation up until trial so that they are fully informed in deciding whether to object to the Settlement Agreement. The picture counsel paints could leave one wondering why Plaintiffs' counsel settled the case.[4]

First, despite having three times as many lawyers as Defendants, Plaintiffs *never* established that ADC violated their constitutional rights, pertaining to either healthcare or conditions of confinement. There has been no finding of liability, and the Settlement Agreement expressly states that Defendants "deny all the allegations in the Complaint" and any "wrongdoing." On the other hand, Defendants successfully dismissed two named Plaintiffs. (Doc. 372, 1065.)

Second, Plaintiffs' allegations were based on their own declarations and the declarations of their paid experts. After discovery had concluded and the evidence

---

[4] In Defendants' estimation, with a few exceptions, ADC has essentially agreed to continue performing as they have been—which they maintain meets or exceeds constitutional standards—and to implement measures that they had already planned to implement notwithstanding this litigation.

revealed, both were undermined. Of the 4,327 statements of fact supporting Defendants' Motion for Summary Judgment (to establish that ADC healthcare and conditions *are* constitutional), Plaintiffs disputed only 125 facts. Five named Plaintiffs did not dispute any issues of fact specifically refuting their medical allegations, and the other named Plaintiffs collectively disputed only a handful of statements of fact. This led Judge Wake to express skepticism about Plaintiffs' claims (Doc. 1058 at 6-8, 17-21, 26-28, 31-34, 40-41, 61-62, 64-67), and he even noted the possibility that Plaintiffs' personal allegations were not truthful. (See Doc. 1065 at 6: "The foregoing should not be misconstrued to mean that the Court is unconcerned with the possibility that the Named Plaintiff's declarations in support of class certification did not, in fact, accurately describe the medical care they received".) He was less restrained in highlighting the gap between Plaintiffs' sworn declarations and their actual medical records, suggesting that their declarations may have been based on "delusion or fraud." (Doc. 1058 at 60-61; id. at 18: "this is not adequate representation to have a bunch of people, all of whom said things that proved to be either not true or some of them outright, perhaps, perhaps outright fraudulent."). Judge Wake also expressed skepticism about the opinions of Plaintiffs' paid experts. (Doc. 1040 at 4-5: noting that Defendants' argument that their opinions were unreliable and based on non-random, cherry-picked anecdotal evidence "may have merit that would exclude or limit some of the specific opinions"). But he deferred ruling on Defendants' contention that Plaintiffs' experts submitted sham declarations, preferring instead to hear the testimony at trial. (Doc. 1011 at 2-4; Doc. 1040 at 5.)

Third, Plaintiffs' counsel point to success on four motions, but do not tell the whole story. True, the Court denied Defendants' Motion to Dismiss and Motion for Summary Judgment, but as counsel know, success on these dispositive motions is relatively difficult because the burden on the moving party is very high.[5] *See Rogers v. Wesco Properties,*

---

[5] And as counsel also know, the Court reviewed Defendants' Motion to Dismiss under an even more difficult standard for motions for reconsideration because it had previously screened the complaint. (Doc. 175: "As an initial matter, the Court notes that it has already screened the Complaint pursuant to 28 U.S.C. § 1915A(b) and determined that

*LLC*, No. CV09-08149-PCT-MHM, 2010 WL 3081352, at *3 (D. Ariz. Aug. 4, 2010) (in ruling on motion to dismiss, a plaintiff need "only allege facts to raise her right to relief above a speculative level"); *Crawford v. Am. Inst. of Prof'l Careers, Inc.*, 934 F. Supp. 335, 338 (D. Ariz. 1996) (in ruling on motion to dismiss, "[t]he complaint is construed in the light most favorable to plaintiff, all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party."); *see also E.E.O.C. v. Sw. Furniture of Wisconsin, LLC*, 703 F.Supp.2d 971, 973 (D. Ariz. 2010) ("in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party"); *id*. at 975 (noting that there is a "low burden of proof at the summary judgment stage"). Moreover, in denying the Motion for Summary Judgment, Judge Wake expressed a desire to simply defer resolution of all claims until trial—instead of disposing of them pretrial—suggesting that his ruling had more to do with practicality than crediting any of Plaintiffs' evidence. (Doc. 1058 at 54: "However I rule on this, there's going to be a trial…to the extent we could bring things to a trial…[w]e could get much more stable resolution, much more reliable resolution, with Findings of Fact after trial than taking a risk with summary judgment."; id. at 55-56: "rather than digging through every possible inference or conclusion and deciding what it might mean. It's actually a lot easier thing to look at fact finding as to what's persuasive. And it is, as I said, it's much, much more stable on review."; id. at 56: "But what I am thinking out loud with you all is the additional cost to everyone may not be worth the significantly increased risk of having to do this over again in two years, especially since we're going to have a trial here anyway…".).

Similarly, as discussed above, Judge Wake seemingly agreed with the arguments in Defendants' *Daubert* Motion, but denied the motion because he wanted to hear the

---

it stated a claim. Under these circumstances, a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response".); *see also Defenders of Wildlife v. Browner*, 909 F.Supp.1342, 1351 (D. Ariz. 1995) (motions for reconsideration should be granted "only in rare circumstances").

1  testimony for himself, rather than read the attached reports.[6] (Doc. 1040 at 4-5.) Counsel is correct that the Court granted their Motion for Class Certification. But as they also know, that ruling is still pending on appeal.[7] And Judge Wake subsequently indicated that the evidence supporting that ruling—Plaintiffs' declarations and the declarations of their experts—may be questionable.

Thus, Plaintiffs still had a tall order to fill to prevail at trial on any of their claims. Compounding these obstacles were two critical motions still pending at the time the parties entered into the Settlement Agreement that were potentially crippling to Plaintiffs' case at trial. The Court was considering whether to exclude hundreds of Plaintiffs' trial exhibits, and at least 20 trial witnesses, because they did not timely disclose them in their disclosure statements prior to trial (and intentionally deleted all trial exhibits, leaving Defendants to guess which exhibits they were going to rely on at trial). (Doc. 1100.) The Court was also considering whether to exclude 805 of Plaintiffs' trial exhibits because they did not timely provide copies to defense counsel, despite several explicit orders to do so. (Doc. 1126; Doc. 1161.) These motions were deemed moot once the parties settled the case a week before trial. (Doc. 1191.) Plaintiffs' counsel presumably made a calculated and reasoned decision in agreeing to do that, and the class will have their opportunity to endorse or object to that decision in light of the posture of the case.

## CONCLUSION

For these reasons, Plaintiffs' counsel's request for an award of attorneys' fees and expenses should be denied.[8]

---

[6] Plaintiffs did not challenge Defendants' retained experts' opinions, which all concluded that the care and conditions of confinement at ADC are constitutional. (See, e.g., Doc. 1065-1066, Ex. 122, 123, 189.) Plaintiffs' counsel are misleading in asserting that they "moved successfully to strike many of Defendants' expert witnesses." (Doc. 1206 at 3.) The Court only precluded certain fact witnesses (ADC/Corizon employees) from providing expert opinions. (Doc. 815.) These opinions, however, were merely duplicative of some of the opinions of Defendants' retained experts.

[7] A Ninth Circuit panel affirmed the class certification ruling in a 63-page opinion, but Defendants' petition for rehearing en banc is still pending. The panel ordered Plaintiffs to file a response to that petition, and it has been fully briefed for 5 months.

[8] For some inexplicable reason, Plaintiffs' counsel include the assertion in their

7

DATED this 2nd day of January 2015.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Daniel P. Struck
　　Daniel P. Struck
　　Kathleen L. Wieneke
　　Rachel Love
　　Timothy J. Bojanowski
　　Nicholas D. Acedo
　　Ashlee B. Fletcher
　　Anne M. Orcutt
　　Jacob B. Lee
　　STRUCK WIENEKE & LOVE, P.L.C.
　　3100 West Ray Road, Suite 300
　　Chandler, Arizona  85226

　　Arizona Attorney General Thomas C. Horne
　　Office of the Attorney General
　　Michael E. Gottfried
　　Lucy M. Rand
　　Assistant Attorneys General
　　1275 W. Washington Street
　　Phoenix, Arizona 85007-2926

　　*Attorneys for Defendants*

2995090.1

---

Motion that Defendants did not produce a 30(b)(6) designee on October 5, 2012 and "failed to notify Plaintiffs' counsel that they were refusing to attend the deposition." (Doc. 1206, fn. 1.) This has absolutely no relevance to the issue raised, but Defendants cannot let this false assertion go unanswered. Defendants told Plaintiffs' counsel on September 27, 2012 and October 2, 2012, that all 30(b)(6) depositions were to be continued, and they told Plaintiffs' counsel on October 2, October 3, *and* October 4, 2012, that a designee would not be present for the October 5, 2012 deposition. (Ex. 2.)

8

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Ajmel Quereshi: | aquereshi@npp-aclu.org |
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Brenna Durkin: | bdurkin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| Dara Levinson: | daralevinson@jonesday.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| James M. Jellison: | jim@jellisonlaw.com; cindy@schleierlaw.com; kasey@jellisonlaw.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jerica Lynn Peters: | jpeters@perkinscoie.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |

| | | |
|---|---|---|
| 1 | Kamilla Mamedova: | kmamedova@jonesday.com |
| 2 | Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; docketphx@perkinscoie.com |
| 3 | | |
| 4 | Matthew Benjamin de Mee: | mdumee@perkinscoie.com; cwendt@perkinscoie.com |
| 5 | Sara Norman: | snorman@prisonlaw.com |
| 6 | Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| 7 | Taylor Freeman: | tfreeman@jonesday.com |
| 8 | Warren E. George, Jr.: | wgeorge@prisonlaw.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck