**EXHIBIT 1**

**EXHIBIT 1**

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, October 23, 2014 10:18 AM
**To:** 'Dan Struck'; 'Dawn Northup'; 'Michael E. Gottfried'
**Cc:** 'Parsons Team'; Parsons Discovery Comittee
**Subject:** RE: Joint Motion for Fairness Hearing and Notice to Class

Dan,

Yes, there's a reason. See Rule 23(h) and In re MERCURY INTERACTIVE CORP. SECURITIES LITIGATION, 618 F.3d 988 (9th Cir. 2010).

We hope, however, to obtain your agreement and the Court's permission to do this in a more summary fashion than the local rule requires. See LRCiv. 54.2. LR 54.2(a) permits the court to establish "other procedures" for determining fees.

When can we expect to receive your comments?

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, October 23, 2014 10:05 AM
**To:** 'Don Specter'; Dawn Northup; Michael E. Gottfried
**Cc:** Parsons Team
**Subject:** RE: Joint Motion for Fairness Hearing and Notice to Class

Don,

We are still looking at some aspects of this, but one thing that jumps out is paragraph 6 regarding filing a motion for attorney fees and costs. The parties have already agreed on fees and costs, so it doesn't make sense to file a separate motion on this. Is there a reason that you folks are approaching the fees issue in this matter?

Dan



STRUCK WIENEKE & LOVE

**Daniel P. Struck**
Direct: (480) 420-1620
dstruck@swlfirm.com

3

**EXHIBIT 2**

**EXHIBIT 2**



STRUCK WIENEKE & LOVE  [ 3100 West Ray Road, Suite 300, Chandler, Arizona 85226  480.420.1600  swlfirm.com ]

September 27, 2012

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
SENIOR ASSOCIATE

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Lisa B. Zivkov
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Courtney R. Cloman
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Jennifer Alewelt Tidwell
OF COUNSEL

David C. Lewis
OF COUNSEL

**VIA EMAIL ONLY**

To: All Counsel of Record

      Re:   Parsons, et al. v. Ryan and Pratt
             U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

      This letter is in response to Corene Kendrick's September 27, 2012 letter regarding the remaining 30(b)(6) depositions.

      At the outset, it is worth noting that Plaintiffs did not consult with Defendants' counsel in selecting these dates.

**Scheduled Deposition of Ben Shaw**

      You are correct that Ben Shaw is the person ADC will be designating in response to multiple topics in Doc. 81 and 82. It is ADC's position, however, that you will have one opportunity to depose Dr. Shaw. At this time, you will have the opportunity to question him regarding the topics we previously designated from the Topics in Doc. 81 and 82. We have informed you of our position that each designee in response to all 30(b)(6) Notices will only be produced one time. In addition to informing you of this at multiple meet-and-confers (September 10, 2012 and September 25, 2012), this issue is highlighted in several of the one-pagers to be submitted to the Court.

**Designee for Doc. No. 81**

      ADC will be producing a witness responsive to Doc. No 81 Topics 1-9, 11, 13-14, and 16. The first available date on this individual's calendar is October 18, 2012. Please let us know if that works for Plaintiffs' counsel. Despite your request that we provide names for every 30(b)(6) designee, we are unaware of any authority which required us to disclose the name of the designee prior to the deposition. If you have that authority, we would be happy to consider it.

**Designee for Doc. No. 80**

      As we informed you in yesterday's letter, Defendants will be producing Jake Gabel in partial response to Topic 2. Because Topic Number 2 is hugely overbroad and covers not only overall budgets, but budgets for every separate facility, ADC is forced to produce another witness who is responsive to portions

[ Ashlee B. Fletcher | afletcher@swlfirm.com | Direct: 480.420.1631 | swlfirm.com ]

All Counsel of Record
September 27, 2012
Page 2

of Topic 2. This witness will be made available for deposition on October 17 or 18. Please let us know which date works for Plaintiffs' counsel.

Additionally, in your letter you inform us that if we do not produce the second individual who is responsive to Topic 2 on October 4 or 5, "we will have out-of-state counsel flying back to Phoenix to complete the deposition, increasing costs and expenses." You have over 10 lawyers who are here locally. Your decision to fly in counsel from out of state to take depositions in Arizona is your own conscious choice.

Further, and as we have informed you on numerous occasions, your topics are overly broad and unduly burdensome. As a result, Defendants incur consistent barriers in designating an individual who is responsive to each topic. Unfortunately, Defendants have to conduct interviews of multiple individuals and this often leads Defendants down paths which produce unresponsive persons. Once Defendants determine the most appropriate individual, Defendants then have to work with that individual's schedule. Defendants are making every effort to provide you designees in a timely fashion and will continue to do so.

Defendants are still in the process of locating an individual responsive to topic No. 1 of Doc. 80. We will inform you of this individual's schedule as soon as possible.

### Designee for Doc. 76

As we have previously informed you, Jen Mielke-Fontaine is available to be deposed on Doc. No. 76 topic 1 on October 10, 2012. We are confused by your assertion that you will have to "have out-of-state counsel flying back to Phoenix to complete the deposition." There is no deposition "to complete." There will be one deposition for Jen Mielke-Fontaine, and she is available on October 10, 2012. If that date does not work for you, please let us know. Again, your desire to fly counsel in from out-of-state is your decision and is unnecessary given that you have numerous lawyers here locally.

### Scope of Dr. Adu-TuTu and Dr. Shaw's depositions

We understand, and are aware, that you do not agree with our position that ADC designees produced in response to Plaintiffs' 30(b)(6) Notices will only testify regarding the policies and practices of ADC and thus will not be responsive to topics after July 1, 2012. This subject has been a consistent issue at the last two meet-and-confers. That is why this issue has been included in a one-pager to the Court. Again, and as we expressly proposed to you at Tuesday's meet-and-confer, Defendants are willing to place all remaining 30(b)(6) depositions on hold until the Court decides this issue. If, however, you insist the depositions proceed; we will stand by our position that ADC designees will be responsive to topics on behalf of ADC up to July 1, 2012. Dr. Adu Tutu will only be responsive to testimony up until February 2012, because he was only

All Counsel of Record
September 27, 2012
Page 3

employed up until that time. Additionally, he will not be available after next week as he is leaving the country. Further, you failed to provide dates in your topics and failed to confirm with us what date range you meant prior to the scheduling of this deposition. Dr. Adu Tutu's replacement, Dr. weekly, was employed by ADC and is now employed by Wexford. You are free to schedule Dr. Weekly for deposition buy issuing a subpoena and a Notice.

Defendants remain confused regarding your position on this issue. You have informed us of contrary stances. At some points, it has been your position that if ADC does not have an individual to testify regarding a Topic, to "just say so." Again and again we have done just that, to later receive your objection thereto. At other points, it has been your position that ADC needs to produce designees who can testify regarding the policies and practices of Wexford. Regardless, this is an issue where there is strong disagreement and the most productive and efficient avenue is to postpone the 30(b)(6) depositions until this issue can be decided by the Court. Again, if Plaintiffs object to postponing the depositions, ADC will only produce designees to testify regarding topics up to July 1, 2012.

We are likely to the point where no further depositions can proceed until the Court has resolved our issues. We note you have begun to file the one-page dispute statements with the Court this afternoon. We will await the Court's ruling.

Thank you for your cooperation.

Sincerely,

*Ashlee B. Fletcher*

Ashlee B. Fletcher
For the Firm

ABF/slw
2692841.1

cc:   Dawn Northup, Esq.
      Kelly Dudley



**STRUCK WIENEKE & LOVE**

October 2, 2012

**VIA EMAIL ONLY**

To: All Counsel of Record

Re: Parsons, et al. v. Ryan and Pratt
U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

On September 27, 2012, we sent you a letter reemphasizing our position that all 30(b)(6) depositions be continued until the Court has ruled on our one-page discovery dispute regarding this issue. You failed to respond to that letter. The 30(b)(6) Notices discovery dispute is currently before the Court. In that dispute statement, Defendants requested a protective order and for the Court to stay all 30(b)(6) depositions until the Court has issued a ruling. As such, we will not be producing any other deponent for any 30(b)(6) deposition until the Court has ruled.

Sincerely,

*Ashlee B. Fletcher*

Ashlee B. Fletcher
For the Firm

ABF/slw
2694582.1
cc: Dawn Northup, Esq.
    Kelly Dudley



**STRUCK WIENEKE & LOVE**

October 3, 2012

**VIA EMAIL ONLY**

Jennifer Alewelt: jalewelt@azdisabilitylaw.org
Caroline N. Mitchell: cnmitchell@jonesday.com
Donald Specter: dspecter@prisonlaw.com
David C. Fathi: dfathi@npp-aclu.org

    Re: Parsons, et al. v. Ryan and Pratt
       U.S. District Court of Arizona; 2:12-cv-00601

Dear Counsel:

  Defense counsel will appear for the October 3 and October 4 30(b)(6) depositions due to Plaintiffs' counsel traveling out of state to attend. We must postpone, however, all remaining 30(b)(6) depositions until the Court has ruled on the issue. At the previous two meet-and-confers, you refused to re-write the 30(b)(6) notices after numerous requests from Defendants to do so. Additionally, you have repeatedly informed Defendants that if we do not have a person responsive to a Topic, to "just say so." When we do that, you accuse us of not adequately preparing our witnesses. As set forth in our one-pager to the Court, the 30(b)(6) depositions cannot proceed without a Court Order establishing a reasonable limit and appropriate scope to the 30(b)(6) depositions in this matter.

              Sincerely,

              Ashlee B. Fletcher

              Ashlee B. Fletcher
              For the Firm

ABF/slw
2694986.1
cc: Michael E. Gottfried
   Dawn Northup
   Kelly Dudley

Ashlee B. Fletcher | afletcher@swlfirm.com | Direct: 480.420.1631 | swlfirm.com

**From:** Dan Struck <DStruck@swlfirm.com>
**Date:** October 4, 2012, 10:23:23 AM MST
**To:** "Fathi, David" <dfathi@npp-aclu.org>
**Cc:** Anne Orcutt <AOrcutt@swlfirm.com>, Kathy Wieneke <KWieneke@swlfirm.com>, Rachel Love <RLove@swlfirm.com>, Tim Bojanowski <TBojanowski@swlfirm.com>, Nick Acedo <NAcedo@swlfirm.com>, Courtney Cloman <CCloman@swlfirm.com>, Ashlee Fletcher <AFletcher@swlfirm.com>, "Michael.Gottfried@azag.gov" <Michael.Gottfried@azag.gov>, "DNORTHUP@azcorrections.gov" <DNORTHUP@azcorrections.gov>
**Subject: Re: 30(b)(6) depositions**

David, we will not be producing him, particularly as you have shown no prejudice and we previously advised that we will not produce further 30b6 witnesses until the court rules on the issue. Moreover. Plaintiffs continue to sandbag defendants with exhibits and information that should have been produced and disclosed. We will not subject our clients to continued prejudice by steaming forward with these depositions. We have been more than reasonable in producing the two 30b6 deponents this week due to your travel schedule.

Sent from my iPhone

On Oct 4, 2012, at 10:13 AM, "Fathi, David" <dfathi@npp-aclu.org> wrote:

Dan,

> The 30(b)(6) deposition of Jacob Gable was scheduled for 9:00 am on Friday, October 5 by written agreement of the parties. As we have previously pointed out, defendants have no lawful excuse for refusing to appear unless you have obtained a protective order. We will appear tomorrow for Mr. Gable's deposition as scheduled; if defendants fail to appear, we will seek sanctions.
>
> David C. Fathi

1

---

This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply E-mail that this message has been inadvertently transmitted to you and delete this E-mail from your system.

----- Original Message -----

From: Dan Struck <DStruck@swlfirm.com>

To: Fathi, David; Anne Orcutt <AOrcutt@swlfirm.com>

Cc: Kathy Wieneke <KWieneke@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Tim Bojanowski <TBojanowski@swlfirm.com>; Nick Acedo <NAcedo@swlfirm.com>; Courtney Cloman <CCloman@swlfirm.com>; Ashlee Fletcher <AFletcher@swlfirm.com>; Michael.Gottfried@azag.gov <Michael.Gottfried@azag.gov>; DNORTHUP@azcorrections.gov <DNORTHUP@azcorrections.gov>

Sent: Thu Oct 04 10:47:46 2012

Subject: RE: 30(b)(6) depositions

David,

We have met twice on the 30b6 issue, and plaintiffs have refused to address the obvious problems with these notices. Until Judge Wake addresses this issue, we will not be producing any more 30b6 witnesses after today. The only reason why we are allowed the 30b6 yesterday and today to go forward was due to the fact you flew from DC to take these depositions. (even though we raised this problem with plaintiffs weeks ago, and informed you in the last meet and confer on this issue that we were not going to proceed with further depositions until the issue was resolved)   Continuing to proceed with these depositions prejudices the defendants.

On another note, it is clear from the depositions that have occurred that plaintiffs are intentionally withholding documentation from defendants. Indeed, we have received virtually no documents from you despite our requests. This failure to respond to discovery is prejudicing defendants in that we are unable to adequately prepare these witnesses for their depositions. We demand that you immediately supplement your discovery responses (which we have repeatedly requested) or we will be postponing all future depositions of ADC employees. Discovery is not a one way street.

Please feel free to contact me if you have any questions.

Dan Struck

2

Daniel P. Struck
Direct: (480) 420-1620
dstruck@swlfirm.com
www.swlfirm.com


-----Original Message-----
From: Fathi, David [mailto:dfathi@npp-aclu.org]
Sent: Thursday, October 04, 2012 6:50 AM
To: Fathi, David; Anne Orcutt
Cc: Dan Struck; Kathy Wieneke; Rachel Love; Tim Bojanowski; Nick Acedo; Courtney Cloman; Ashlee Fletcher; Michael.Gottfried@azag.gov; DNORTHUP@azcorrections.gov
Subject: RE: 30(b)(6) depositions


Dear Counsel:

As stated in my Tuesday email below, to which I have received no response, plaintiffs would like to meet and confer on this issue today or tomorrow. Please let us know your availability.

Thanks very much.

David C. Fathi

---

From: Fathi, David
Sent: Tue 10/2/2012 3:28 PM
To: 'aorcutt@swlfirm.com'
Cc: 'dstruck@swlfirm.com'; 'kwieneke@swlfirm.com'; 'rlove@swlfirm.com'; 'tbojanowski@swlfirm.com'; 'nacedo@swlfirm.com'; 'ccloman@swlfirm.com'; 'AFletcher@swlfirm.com'; 'Michael.Gottfried@azag.gov'; 'DNORTHUP@azcorrections.gov'
Subject: Re: 30(b)(6) depositions

3

Dear Ms. Orcutt:

Plaintiffs would like to meet and confer on this issue at the 30(b)(6) depositions on Thursday or Friday of this week. Please let us know your preference.

Thanks very much.

David C. Fathi

---

This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply E-mail that this message has been inadvertently transmitted to you and delete this E-mail from your system.

---

From: Fathi, David

To: aorcutt@swlfirm.com

Cc: dstruck@swlfirm.com ; kwieneke@swlfirm.com ; rlove@swlfirm.com ; tbojanowski@swlfirm.com ; nacedo@swlfirm.com ; ccloman@swlfirm.com ; Ashlee Fletcher (AFletcher@swlfirm.com) ; 'Gottfried, Michael' (Michael.Gottfried@azag.gov) ; 'NORTHUP, DAWN' (DNORTHUP@azcorrections.gov)

Sent: Mon Oct 01 17:25:53 2012

Subject: 30(b)(6) depositions

Dear Ms. Orcutt:

Thank you for your letter today regarding Rule 30(b)(6) depositions of the Arizona Department of Corrections. In your letter you state that Greg Fizer will testify regarding Doc. No. 81, Topics 1, 3-9, 11, 13-14, and 16, and that you "are checking on Mr. Fizer's availability on October 18."

4

In her letter of September 27, Ashlee Fletcher wrote that "ADC will be producing a witness responsive to Doc. No. 81 Topics 1-9, 11, 13-14, and 16. The first available date on this individual's calendar is October 18, 2012. Please let us know if that works for Plaintiffs' counsel." In reliance upon this offer of a date certain, plaintiffs elected not to go forward with this deposition on October 3, the date for which it had been duly noticed six weeks previously, and in my letter to Ms. Fletcher earlier today, I confirmed the October 18 date for these topics. We are therefore baffled by your statement that you "are checking on Mr. Fizer's availability on October 18," as well as your failure to designate a witness on topic 2 of Doc. No. 81.

Please promptly confirm that the Rule 30(b)(6) deposition of the Arizona Department of Corrections on Doc. No. 81, Topics 1-9, 11, 13-14, and 16 will go forward on October 18 as stated in Ms. Fletcher's September 27 letter.

Thank you very much.

David C. Fathi*

Director, ACLU National Prison Project

915 15th St. N.W., 7th Floor

Washington, DC  20005
(202) 548-6603

dfathi@npp-aclu.org <mailto:dfathi@npp-aclu.org>

*Not admitted in DC; practice limited to federal courts