PARSONS v. RYAN

CV12-00601-PHX-DKD

From: LARRY C. SNOW #193090

ASPC Eyman - Rynning

P.O. Box 3100

Florence, AZ. 85132

FILED ___ RECEIVED ___
DEC 31 2014
CLERK U S DISTRICT C...
BY

Clerk of the Court

U.S. District Court, District of Arizona

12/30/14

As a member of the Inmate Settlement Class, I wish to register the following objections, comments, and questions regarding the proposed medical care settlement in PARSONS v. RYAN, CV12-00601-PHX-DKD.

1. OBJECTIONS:

   A. Under the proposed settlement ADOC must only meet 85% of the performance standards after three years to be considered in compliance. I consider the 85% figure to be UNACCEPTABLE. 85% is too low as it could allow 15% of inmates seeking medical care to fail to have their needs met and to receive care that doesn't meet the performance standards in the settlement. Of the estimated 30,000 inmates in ADOC run prisons, 15% would be 4500 inmates. Even if only 5,000 inmates sought serious medical care in the next three years, 15% would be 750 inmates. Even 750 inmates should be considered by the court to be too large a group to receive substandard medical care while allowing ADOC to be judged "in compliance".

   B. The proposed settlement requires the plaintiff's lawyers to provide two weeks notice prior to an inspection of ADOC facilities or records. I consider this requirement to be UNACCEPTABLE. I ask the court to specify that two inspections per year may be conducted by the plaintiff's lawyers with NO NOTICE GIVEN. The need of the settlement class for transparency and an accurate and true assessment of ADOC's compliance with the performance standards should outweigh ADOC's desire for notice.

PARSONS V. RYAN

CV12-00601-PHX-DKD

From: LARRY C. SNOW #193090

ASPC EYMAN-RYNNING

P.O. BOX 3100

FLORENCE, AZ. 85132

OBJECTIONS: (CONTINUED)

C. ADOC HAS A CONTRACT FOR 500 BEDS AT THE PRIVATELY RUN RED ROCK PRISON FACILITY IN ELOY, ARIZONA WHICH BECAME AVAILABLE FOR OCCUPANCY ON JANUARY 1, 2015. INMATE MOVES FROM ADOC RUN PRISON COMPLEXES TO THE RED ROCK PRIVATE PRISON ARE CONSIDERED IMMINENT, AND 150 OR MORE OF THOSE MOVES WILL LIKELY COME FROM ASPC EYMAN-RYNNING WHERE I AM HOUSED. INMATES MOVED TO THE PRIVATE PRISON WILL LOSE THEIR PART AND PLACE IN THE SETTLEMENT CLASS, AND WILL HAVE TO START ALL OVER WITH THE PRIVATE PRISON HEALTH CARE SYSTEM WHICH IS NOT COVERED UNDER THE LAWSUIT AND WHO IS NOT REQUIRED TO UPHOLD THE STANDARDS AND MEASURES, OR OFFER THE PROTECTIONS OUTLINED IN THE MEDICAL SETTLEMENT. I CONSIDER THIS TO BE UNACCEPTABLE. MOVES TO FACILITIES THAT TAKE AN INMATE OUT OF THE SETTLEMENT CLASS SHOULD BE STRICTLY VOLUNTARY, AND THE INMATE INFORMED THAT BY ACCEPTING THE MOVE THEY LEAVE THE MEDICAL SETTLEMENT CLASS.

I HAVE A DOCUMENTED SERIES OF HEALTH ISSUES, AND THE ORDERING OF MEDICAL SUPPLIES AT ADOC FOR CONDITIONS THAT CURRENTLY INCLUDE SLEEP APNEA WHICH IS BEING TREATED THROUGH A C-PAP MACHINE, CHRONIC CARE FOR HYPERTENSION, AND MEDICATION FOR ACID REFLUX WHICH MAY HAVE RESULTED IN SOME ESOPHAGEAL SCARRING. MY CONDITIONS HAVE BEEN TREATED, SUPPLIES ORDERED, AND IN MOST CASES DIAGNOSED BY ADOC OVER THE TERM OF MY INCARCERATION, THE ENTIRETY OF WHICH SO FAR HAS BEEN SERVED IN ADOC RUN PRISON UNITS UNDER THE INADEQUATE HEALTH CARE SYSTEM CHALLENGED IN PARSONS V. RYAN. AS AN INMATE AT AN ADOC RUN PRISON UNIT, I AM PART OF THE SETTLEMENT CLASS AND I WANT TO STAY THAT WAY. I DO NOT WANT TO BE MOVED TO A PRIVATE PRISON. I HAVE HAD TO BATTLE THE HEALTH UNIT FOR NEARLY TEN YEARS TO GET TIMELY ORDERING AND DELIVERY OF MEDICAL SUPPLIES (WHICH HAVE TAKEN AS MANY AS TEN MONTHS TO RECEIVE); TO GET DENTAL VISITS, EYE EXAMS, AND GLASSES (WHICH AT TIMES HAVE TAKEN MONTHS); TO GET

Parsons v. Ryan  
CV12-00601-PHX-DKD

From: Larry C. Snow #193090  
ASPC Eyman-Rynning  
P.O. Box 3100  
Florence, AZ. 85132

OBJECTIONS: (Continued)

Special Needs Orders (S.N.O.'s) renewed each year before they expire (even putting in a renewal request 60-90 days early hasn't usually worked due to staff shortages); and to simply get an answer to Health Needs Request (H.N.R.) forms I've submitted. Too often they are ignored. The latest example is that I submitted an HNR to medical on 11/20/14 to order medical supplies, and as of 12/29/14 I still haven't gotten a written response on that HNR. I have been directly impacted by the inadequate medical care challenged in Parsons v. Ryan, so I ask and desire that my health care continue to be provided at an ADOC run prison unit going forward under the performance standards, measures, and protections contained in the medical settlement. I don't want ADOC to move me to a private prison and remove me from the settlement class.

The settlement as currently written may inadvertently create a loophole that gives ADOC an incentive to move inmates to private prison facilities as a way of shrinking the settlement class the lawsuit applies to. I don't know yet as of this writing if I am one of the inmates that ADOC is shortly planning on moving to the private prison or not, but now that I have submitted objections and comments not in ADOC's favor regarding the proposed settlement to the court, and brought the issue of private prison moves to the court's attention, I will consider any attempt by ADOC to move me to any private prison facility to be retaliation.

2. COMMENTS AND QUESTIONS:

A. Measure #36 under the category "Access to Care" requires that HNRs be screened within 24 hours. What about including language that requires all HNR's to be acknowledged and/or answered within a certain time frame? Many HNR's with

PARSONS v. RYAN

CV12-00601-PHX-DKD

From: LARRY C. SNOW #193090

ASPC EYMAN-RYNNING

P.O. BOX 3100

FLORENCE, AZ. 85132

OBJECTIONS AND COMMENTS: (CONTINUED)

VARIOUS REQUESTS GO UNANSWERED OR ARE "CLAIMED" TO BE LOST OR NEVER RECEIVED.

B. MEASURES 100-103 UNDER THE CATEGORY DENTAL: Will PERMITTED DENTAL CARE INVOLVE MORE THAN ONLY CLEANINGS, DENTURES, OR EXTRACTIONS? CAN WE GET FILLINGS, ROOT CANALS, CROWNS, BRIDGES, ETC?

C. SHOULD THERE BE SOMETHING IN THE SETTLEMENT ASSURING INMATES easier ACCESS TO DIFFICULT TO GET APPROVED PROCEDURES LIKE SURGERIES FOR HERNIAS, CATARACTS, TORN LIGAMENTS, AND TORN CARTILEGE IN KNEES, ELBOWS, SHOULDERS, ETC?

D. SHOULD THERE BE SOMETHING GUARANTEEING SPEEDIER ACCESS TO ORDERED MEDICAL SUPPLIES? IT HAS TAKEN AS LONG AS 10 MONTHS FROM THE TIME I'VE PLACED AN ORDER TO RECEIVE C-PAP MACHINE SUPPLIES LIKE HOSES, MASKS, HUMIDIFIER CHAMBERS, ETC.

E. SLEEP APNEA CAN INCLUDE SERIOUS AND EVEN FATAL HEALTH PROBLEMS IF A C-PAP MACHINE ISN'T BEING USED BY THE PATIENT. SHOULD THERE BE SOMETHING IN THE SETTLEMENT GUARANTEEING A SPEEDY REPAIR OR REPLACEMENT OF A BROKEN C-PAP MACHINE?

F. SHOULD THERE BE SOMETHING IN THE SETTLEMENT REQUIRING THAT SPECIAL NEEDS ORDERS (S.N.O.'s) BE CONSISTENTLY RENEWED BEFORE THE EXPIRATION DATE, AND THAT RENEWAL REQUESTS BE ACCEPTED UP TO AT LEAST 60 CALENDAR DAYS PRIOR TO EXPIRATION?

G. SHOULD THERE BE SOMETHING IN THE SETTLEMENT THAT PREVENTS ADOC STAFF FROM RETALIATING FOR, OR OVERRIDING A VALID S.N.O. ISSUED BY MEDICAL? THIS HAS HAPPENED TO INMATES WITH LOWER BUNK STATUS, RED PLATED POWER OUTLETS TO KEEP MEDICAL EQUIPMENT LIKE C-PAP MACHINES AND OTHERS RUNNING IN THE EVENT OF A POWER FAILURE, ETC.

CC: PRISON LAW OFFICE

SAN QUENTIN, CA. 94964

RESPECTFULLY SUBMITTED BY:

Larry C. Snow

12/30/14

PG 4 of 4

INMATE MAIL: ARIZONA DEPARTMENT OF CORRECTIONS
Inmate LARRY SNOW
ADC# 193090
Arizona State Prison Complex EYMAN
Unit Brown BYNNING 7-B-221
P.O. BOX 3100
City FLORENCE AZ 85132

PARSONS v. RYAN
CV12-00601-PHX-DKD

CLERK of THE COURT
U.S. DISTRICT COURT, DIST. of ARIZONA
401 W. WASHINGTON, STE. 130, SPC 1
PHOENIX, AZ. 85003-2118

RECEIVED
DEC 31 2014
UNITED [STATES DISTRICT COURT]
FOR [...]

PHOENIX AZ 852
30 DEC 2014 PM 3 L