FILED ___ LODGED
___ RECEIVED ___ COPY
DEC 31 2014
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1. Michael J. Cohn #288721
2. ASPC Lewis, Stiner 5A12L
3. P.O. Box 3100
4. Buckeye, AZ 85326
5.    Re: Parsons V. Ryan  CV12-00601-Phx-DKD
6.
7. 12/29/14
8.
9. Clerk of the U.S. District Ct., Arizona District
10. 401 W. Washington St., Ste. 130 SPC1
11. Phoenix, AZ 85003-2118
12. ATTN: The Honorable Judge Assigned to this Case
13.    Re: Comments re: Settlement
14. Dear Judge:
15.    Pursuant to Parsons V. Ryan I have the
16. following informed comments as a former healthcare
17. administrator/provider:
18.            What Currently Exists
19. - A medically hostile/dangerous, counterproductive
20.   and inadequate healthcare delivery system.
21. - Negligence of "serious medical conditions" is
22.   rampant.
23. - Preventative care is spotty at best (I've been
24.   requesting a flu shot via HNR for 2 months and
25.   have not received it).
26. - ADC policies are frequently adverse to inmate
27.   well being (De facto extraction policy of otherwise healthy
28.   teeth being one example).
29. - The grievance system/policy is futile.

2)

Parsons v. Ryan
- Inmates are disfavored as an issue of the ADC (Arizona Dept. of Corrections) culture.
- Inmates are disempowered by the futility of self-assertion.
- Barriers to obtaining relief, such as unlawful restriction of access to legal resources, are present.
- The newly elected Governor is unlikely to change the status quo.

## What the Settlement Achieves
- I have reviewed the settlement in its entirety.
- The settlement attempts to move ADC/Corizon to compliance with usual and customary standards of practice equivalent with the community standards.

## What the Settlement Lacks
- A meaningful cultural shift from hostility/indifference to concern for inmate well being.
- Meaningful policy change from adverse to supportive of inmate well being.
- An inmate advisory committee to empower inmates to be engaged in enhancing medical services.
- A mechanism for auditing bad faith, biased or prejudicial medical record keeping.
- A mechanism for incenting and recruiting qualified staff.
- A meaningful grievance procedure in good faith.

## What is Needed

- Reengineering of the management and delivery of medical services. Policies should be updated.
- A leadership vision of excellence in medical care delivery.
- Refusing to use cost as an excuse to not provide proper medical care.

## Lawyer Fees

- I have no objection to the fees described.
- I believe what has been achieved is incremental, but necessary.
- I do not believe the monitoring system described is adequate. More inmate input should be solicited. The court should oversee this.
- Patient satisfaction questionnaires should be a part of monitoring.
- Family member input should be included.
- Other, not yet stated.

## Conclusion

Although incremental, the settlement attempts to move ADC/Corizon in a direction of compliance with community standards of medical care etc. This inmate's view is that there is no reason that ADC/Corizon will act in good faith. Corizon is incented via the profit motive to deprive inmates of needed care ADC is incented to deprive inmates of proper care in order to maintain Corizon as a provider. The conflict

4/

of interest is apparent. From the inmate point of view, the settlement is inadequate. The status quo or worse will likely be maintained.

What the court could do
- Waive the requirement of exhausting administrative remedies prior to inmates filing suit (McCarthy v. Madigan, 503 US 140, 117 L Ed 2d 291, 112 S Ct 1081 (1992)). (Jones v. Bock, 549 US 199, 166 L Ed 2nd 798 S Ct. 910, 2007).
- Order that the deficiencies in the settlement described above be addressed by the parties.

Yours, in the current standards of Human Decency,

Michael J. Cohn, Ed.D.
Michael J. Cohn, Ed.D.

P.S. Please contact me if I can be of further assistance.