12/28/2014

From: Daniel Rogowski, ADC#108202
Arizona State Prison, Eyman Cook, 2C25,
PO Box 3200,
Florence, AZ 85132

TO: Clerk of the Court
US District Court of Arizona
401 W. Washington St, Suite 130, SPC1
Phx., AZ 85003-2118

RE: Parsons vs. Ryan
CV12-00601-PHX-DKD
COMMENTS AND OBJECTIONS
TO STIPULATION AGREEMENT

I. I am currently incarcerated in the ADC and therefore a member of the class, and the Subclass.

II. I hereby make the following Comments and/or Objections to the Stipulation Agreement as they appear in the Stipulation, and not in order of importance or seriousness.

(1) The Stipulation only covers ten ADC Complexes and not all facilities that

PAGE 1 of 10

ROGOWSKI - COMMENTS AND OBJECTIONS

a person may be confined & sentenced to the ADC such as the numerous Private Prisons. The Director is still responsible for health care of all inmates there. In fact the Stipulation specifically excludes these facilities. (Stipulation Pg. 1, I. 4)

(2) The Compliance of any or all the Stipulation is based on whether the Arizona Legislature will approve a budget increase request by defendants enabling and allowing the ADC and its contracted health service vendor to modify the health services contract to increase staffing of medical and mental health positions.

All defendants are required to do is request the increase funding from the AZ. Legislature in order to fulfill the Stipulation in full, since if the AZ. Legislature does not approve the budget increase, the defendants are completely off the hook for every single Stipulation agreed to. It is unlikely the AZ Legislature will give the ADC a dime more for anything, especially Health Care of inmates. There is no provision

ROGOWSKI - COMMENT - OBJECTIONS

in the Stipulation regarding what action will be taken if this likely event occurs. (Stipulation Pg. 2, II, A, 7.)

(3) Even if the AZ Legislature provides the increased budget to allow the ADC and its contracted health service vendor to modify the health services contract to comply with the Stipulation, the Stipulation states this provision shall not be construed as an agreement by Plaintiffs that this budgetary request is sufficient to comply with the terms of this Stipulation. So why not make a provision of exact dollar amount that would be construed as an agreement by Plaintiffs that this budgetary request is sufficient to comply with the terms of this Stipulation? (Stipulation Pg. 2, II, A, 7)

(4) The protocol to be used for each performance measure is not, and should be clearly defined in the Stipulation. (Pg. 2, II, A, 9, b.)

(5) The Stipulation only requires the defendants to be in 75% compliance for the first 12 months and 80%

PAGE 3 of 10

ROSOWSKI - COMMENTS - OBJECTIONS

compliance for the second 12-months and 85% compliance after the first 24-months. This is not only unacceptable but absurd. We are not talking about some manufacturer of comodity, we are talking about human life and health care to sustain it. So, 75% Compliance could mean life saving measures, and that if not followed it is acceptable for one out of four to die. Eventually, only 15 out of a hundred. I realize some standards need to be set, and that not all provisions will affect life or death. Even so, they may. Would you accept a hospital about to admit you for surgery to only be 85% in compliance with State Medical regulations and ethics? When dealing with human beings, and human life, and health care, the goal and only acceptable standard is 100% Compliance. (Stipulation pg. 3, II, A, 10)

(6) For the same points and reasons that I object to #5 above, I also object to the Termination of the duty to measure and report on all performance measures.

ROGOWSKI - COMMENTS - OBJECTIONS

The ADC has a responsibility in the health care of all inmates to measure and report not only the Compliance of performance measures of this Stipulation, but Health Care in general of the inmate population. (Stipulation pg. 2-3, II, 9-10)

(7) (Stipulation # 27, on pgs. 9-10)
Should apply to "all" inmates not just to "SMI" inmates as stated. Why would it be ok to use "chemical agents" on me without an imminent threat? (Just because I am not SMI.)

(8) All "Tours" by Plaintiff's Counsel and their experts should be unannounced without prior notice. Common sense will tell you and I can testify to the fact that any pre announced preplanned tours, with prior notice in advance, result in the ADC and its Contractor to set up and prepare an operation and appearance that is Not the ordinary usual operation of the institution.

(9) The Class would like a legal explanation as to why the parties agree that this "Stipulation" shall not be construed as a "Consent decree", and the legal implications

PAGE 5 of 10

- ROSOWSKI - COMMENTS - OBJECTIONS

of both, particularly for plaintiffs.

(10) This Stipulation does NOT constitute the entire agreement among the parties as to "all" claims raised by Plaintiffs in this action. (See the following Comments and Objections in this letter by a Class Member) and I object to it in that it is defective and would leave plaintiff class members like myself unprotected and unaffected in specific areas of my health care as indicated, including most of my medications and treatment plan, since my medical conditions and medical therapy treatment of medications are not covered and included in this Stipulation. (Stipulation pg. 14, ¶ 39) See the following:

II. "Terms" and "Definitions" used for the purposes of the performance measures. "EXHIBIT - A":

* (11) The list of "Chronic Diseases" does not include numerous "Chronic Diseases" that I and other inmates have.
* This is my greatest objection!

PAGE 6 of 10

## ROBOWSKI - COMMENTS & OBJECTIONS

For instance I have diagnosed "Chronic" Degenerative Spinal Disease. There is no cure and it only gets more severe and degenerative. I have been on two pain medications for years. Without these pain meds I can not function.

\* Since this disease is not listed in the "Term" and "Definition" of Exhibit-A, the "Health Care Outcome Measures" of Exhibit-B, which dictate:

"Pharmacy (Category) 1-3 (Measure) Chronic Care ... medications renewals will be completed in a manner such that there is no interruption or lapse in medication." This is my greatest problem with health care. Interruptions in my Chronic Care Pain Medications. Not only will this "Stipulation" not benefit me in any way, but it will be detrimental to my receiving my Watch Swallow Pain Meds, since they will claim these meds are **not** "Chronic medications" per the "Term" and "Definition" of Exhibit-A.

Likewise with my other

PAGE 7 of 10

ROGOWSKI - COMMENTS - OBJECTIONS

"Chronic diseases like "Diverticulosis."

If you read "EXHIBIT-B, Health Care Outcome Measures",
Pharmacy 13
Pharmacy 14
Chronic Care 53
Chronic Care 54
Chronic Care 55
Chronic Care 56
"EXHIBIT-C" "Category, Measure #, Final Measure, Protocol, Source of Records Review"
Pharmacy 13
Pharmacy 14
Chronic Care 53
Chronic Care 54
Chronic Care 55
Chronic Care 56

None of the above measures would apply to my "Chronic" Diseases of "Severe degenerative Spinal disease" and "Diverticulosis", both "Chronic" diseases, without a cure, that only get worse over time, and which "medications" are essential and the only treatment available to treat the symptoms.

Not only would none of the above measures apply to the medications

Page 8 of 10

ROSOWSKI - COMMENTS - OBJECTIONS

I currently receive for both of these chronic diseases, but the ADC and Corizon would use this "Stipulation" to deny and interrupt my medications. Obviously the defendants' attorneys wrote this portion of the Stipulation.

If nothing else I beg this Court not to accept this Stipulation for this reason alone, unless it is amended to ensure all "Chronic" care diseases are included, (not just a specific short list) and the medications to treat them.

III. Nothing in the Stipulation controls Dental in regards to routine dental care such as fillings and cleanings.
(a) Dental does not do fillings. Since Corizon took over I have had 3 teeth extracted, not a single filling. Prior to this, for twenty years, I did not have a single tooth extracted. Since Corizon took over I have had three teeth extractions that could have been saved by other reconstructive treatment(s).
(b) Cleanings are only allowed once a year. We must wait the entire year to request a cleaning. Then there is a six-month wait to actually get one. Making the

PAGE 9 of 10

ROGOWSKI - COMMENTS - OBJECTIONS

unit for a cleaning after a year and a half. Something needs to be added to the Stipulation in regards to these two points of dental care.

**IV**

Nothing in the 103 point Stipulation states inmate patients must be, or will be, provided with valid prescriptions of watch swallow medications at the doses and times prescribed. This is a constant problem with health care and needs to be monitored and controlled.

**V.** Nothing in the Stipulation protects inmates from "Retaliation" and "further medical neglect and abuse" for filing complaints against health services. This is a serious systemic issue that is not currently effectively addressed and protected by ADC policy alone. The inmate grievance system is ineffective.

**CONCLUSION**

Wherefore I respectfully object to the Stipulation agreement as it is. I request this Court appoint independent Counsel to protect the interests and rights of inmates like myself who will be negatively affected and harmed by this "Stipulation". Sincerely,

Daniel Rogowski



INMATE MAIL: ARIZONA DEPARTMENT OF CORRECTIONS
INMATE Danie Rogowski
ADC# 70820Z
ARIZONA STATE PRISON COMPLEX Eyman
UNIT Cook
PO Box 3200
CITY Florence AZ 85732

LEGAL MAIL

Clerk of the Court
US District Court of AZ
401 W. Washington St.,
Suite 130, SPC 1,
Phoenix, AZ, 85003-2118