PARSONS vs RYAN; CV 12-00601-PHX-DKD
OBJECTIONS TO SETTLEMENT AGREEMENT PROPOSED

Page 1

GREG STANHOPE #46210
DECEMBER 31, 2014
ARIZONA STATE PRISON
P.O. BOX #3400 - BROWNING
FLORENCE, ARIZONA 85132

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
401 WEST WASHINGTON,
SUITE 130, SPC 1
PHOENIX, ARIZONA 85003-2118

FILED ___ LODGED
RECEIVED ___ COPY

JAN 05 2015

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

RE: PARSONS vs RYAN, CV 12-00601-PHX-DKD

DEAR SIRS:

I WISH TO OBJECT TO PAGE 9, PARA. 26, PAGE LINES 11 TO 16, OF THE PROPOSED SETTLEMENT AGREEMENT (SA).

QUICK BACKGROUND. I AM GREG STANHOPE, ADC PRISON NO. 46210, AND THE ARIZONA DEPARTMENT OF CORRECTIONS (ADC) VALIDATED ME AS A MEMBER OF THE SECURITY THREAT GROUP (STG) ARYAN BROTHERHOOD IN MAY/2004.

THE "LIST" PROPOSED IN PARA. 26 OF THE SA ALREADY EXISTS AND THE ADC AT BROWNING UNIT HAVE ALREADY BEEN USING THE LIST* TO DENY INMATES ACCESS TO OUTSIDE RECREATION/GROUP, WHICH IS IN ESSENCE DENYING SOME INMATES EQUAL ACCESS TO THOSE RECREATIONAL PROGRAMS.

EVEN GREATER THAN THAT, THE ADC IS ALSO USING THE RM LIST TO DENY INMATES ACCESS TO THE "STEPDOWN PROGRAM", WHICH IS THE ONLY MEANS AVAILABLE FOR STG INMATES TO NOT SPEND THE REST OF THEIR LIVES/SENTENCE ON MAXIMUM CUSTODY SOLITARY CONFINEMENT STATUS.

* KNOWN AS THE RESTRICTED MOVEMENT LIST

The courts have determined that inmates have a liberty interest in not being indefinitely kept on solitary confinement/lockdown status. The prisons must give all such situated inmates some means to be returned to the general population. The use of the Restricted Movement list by the ADC gives them a means to circumvent that finding, and keep any particular inmate on lockdown status indefinitely.

Placement on the RM list is under the sole discretion of the ADC, and any inmate placed on the list has no means to comment on the information/reasoning used by the ADC, no means to get off the list, no hearing — nothing. The decision is made, and the inmate is not even formally notified he has been placed on the RM list, his rights are just curtailed at the sole discretion of the ADC, with not even a avenue to appeal.

I found out through a fluke accident that I was on the RM list, even tho I was given notice that I am eligible for the ADC stepdown program. Being on the RM list - I will never be placed in the stepdown program, and will have to serve out the rest of my sentence** at the Browning unit, on solitary confinement lockdown, where my outside recreation and group interactions will also be restricted.

I object to the settlement agreement, page 9, para. 26, lines 11 thru 16, as being to vague, overbroad, and ambiguous, as that part can be used to violate and restrict a inmates activities where he has a constitutionally protected right/liberty interest, without the means to contest the action, provide their point of view to the deciding authority or the means to appeal any such adverse findings. Especially, where such placement violates a inmates constitutionally protected right to equal access to recreation/programs, as other similarly situated

** Approximately 7 years

INMATES.

I REQUEST THE COURT TO MODIFY THE SETTLEMENT AGREEMENT TO SPECIFICALLY EXCLUDE PLACEMENT IN THE ADC'S STEPDOWN PROGRAM BEING EFFECTED BY PLACEMENT ON THE RESTRICTED MOVEMENT LIST, AND EQUAL ACCESS BE PROVIDED TO ALL STG CLASSIFIED INMATES CONCERNING OUTSIDE RECREATION AND GROUP PROGRAMS.

Sincerely,

Greg Stanhope

GREG STANHOPE

CC: File
Amy Fettic - ACLU

4K25

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name (Last, First M.I) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Stanhope, Greg | 046210 | ASPC-E Browning | A21-324-014 |

I am in receipt of your inmate grievance, case number A21-324-014 regarding your claim that you are having your rights violated because you were not allowed to be sent out to the recreation pen with another level 3 inmate. You assert that this list that advises staff to keep you from going to outside recreation with other inmates, is violating the agreement made from the Parsons vs. Ryan lawsuit that affords certain priveleges.

Your proposed resolution is to receive the same priveleges as anyone else. You do not wish to be excluded from any other program/recreation/socialization activity.

I have investigated your claim which included a review of all of the paperwork you submitted and a review of DI 326 and the Parsons vs. Ryan decision.

According to the decision made in the lawsuit, there is a specified amount of hours you will be afforded "out-of-cell." The decision rendered states that a step 3 inmate be afforded at least 9.5 hours of "out-of-cell" time per week.

The 9.5 hours stated in line 17-18 on page 8 of the stipulation may come in any form to include programming, recreation, visitation, or any other form of qualified "out-of-cell" time as listed in DI326.

Be advised that in addition to the above information, page 9 lines 11-14 of the stipulation explains that "The out-of-cell time provided... may be limited or cancelled for an individual prisoner if the Warden, or his/her designee, if the Warden is not available, certifies in writing that allowing that prisoner such out-of-cell time would pose a significant security risk."

Per the stipulation, it is allowed to provide a list of inmates to staff who have specific security concerns that staff need to be aware of during mass movement. In your case, you were allowed to go to recreation, just not allowed to go with other inmates as your safety is a concern.

You will not be excluded or denied access to any program/recreation/socialization activities as a step 3 inmate, as long as no security risks are present.

Your proposed resolution is upheld. Be advised that per the stipulation, certain restrictions can and will be upheld in the name of public, institutional, staff, and inmate safety.

Your grievance is resolved. If you are unhappy with this response, you may appeal the decision to the warden within five (5) business days of receipt of this letter.

| Signature | Date |
|---|---|
| | 12-1-14 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3P, within 10 calendar days of receipt of this notice.

| | |
|---|---|
| Received By | Hauser |
| Title | CO II |
| Badge Number | 2914 |
| Date | 10/28/14 |

**Inmate Name (Last, First, M.I.):** STANHOPE, GREG, A.
**ADC Number:** 146210
**Date:** 10-28-2014
**Institution/Facility:** ASPC-EYMAN-BROWNING
**Wing:** 4K25
**Case Number:** A24-324-014

**TO:** Grievance Coordinator

**Description of Grievance** (To be completed by the inmate): ON TUESDAY, 10-7-2014, AS A LEVEL 3 INMATE, I WAS DUE TO GO TO OUTSIDE REC CAGES REC. AND SGT. SMITH OF SWING SHIFT TOLD ME THAT I COULD NOT GO TO OUTSIDE REC, THAT PER SSU SGT. CHAVEZ, BY E-MAIL DATED 9-28-2014, THAT I WAS ON A "LIST" OF INMATES WHO COULD NOT GO TO OUTSIDE REC. I COULD ONLY REC IN THE POD REC PEN. I WAS NOT GIVEN ANY REC OR SHOWER THAT DAY. WHEN I ASKED SGT. SMITH TO GO TO THE POD REC PEN, HE SAID IT WAS TO LATE. MY MAIN ISSUE IS WHEN HE BROUGHT THE OTHER LEVEL 3 INMATES FROM THE REC CAGES-HE STATED HE'D RAN INTO THE BROWNING ADW AND HE TOLD SGT-SMITH HE HAD READ THE E-MAIL WRONG. THE E-MAIL LIST IS MEANT TO KEEP THOSE INMATES ON IT SEPARATE FROM THE REST OF THE LEVEL 3, SAME POD INMATES. WHEN THEY START UP LETTING 2 INMATES GO TO THE BASKETBALL COURTS TOGETHER AND FOR IN POD REC 2 AT A TIME.

THAT IS THE PROBLEM. IT IS A VIOLATION OF MY 14th AMEND. DUE PROCESS RIGHTS, AND MY RIGHT TO EQUAL ACCESS TO OPPORTUNITIES, AND IS PART OF THE "PARSONS VS RYAN" LAWSUIT THE ADC JUST AGREED TO SETTLE OUT OF COURT. THE ADC VIOLATES MY RIGHTS BY DENYING ME THE SAME ACCESS TO PROGRAMS AND SOCIALIZING OPPORTUNITIES AS SIMILARLY SITUATED/SAME CUSTODY LEVEL INMATES. THEY ALREADY HAVE A "LIST" IN PLACE TO EFFECT THIS CIVIL RIGHTS VIOLATION.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?): I SPOKE TO SGT. SMITH SWINGSHIFT STAFF. I SPOKE TO SSU OFFICERS STEBER & MUNOZ TO GET THIS ISSUE RESOLVED. I SUBMITTED A INFORMAL GRIEVANCE RESOLUTION ATTEMPT TO CO III 09(AZERDA ON 10-7-2014 (21 DAYS AGO). I HAVE RECEIVED NO RESPONSE AND HAVE ELECTED TO EXERCISE MY RIGHTS PER D.O. #802 "INMATE GRIEVANCE SYSTEM" TO APPEAL/PROCEED TO THE NEXT LEVEL AND FILED THIS FORMAL GRIEVANCE.

WHAT WOULD RESOLVE THIS ISSUE IS TO GIVE ME SOMETHING IN WRITING CLEARLY STATING THAT I SHALL NOT BE EXCLUDED FROM, DENIED ACCESS TOO ANY PROGRAM/RECREATION/SOCIALIZATION OPPORTUNITY THAT OTHER LEVEL 3 INMATES RECEIVE IN BROWNING UNIT.

**Inmate's Signature:** Greg Stanhope #46210
**Date:** 10-28-2014
**Grievance Coordinator's Signature:** Bendel for CO III Radford
**Date:** 10-29-14

**Action taken by** _____ **Documentation of Resolution or Attempts at Resolution.**

**Staff Member's Signature:** 
**Badge Number:** 
**Date:** 

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

802-1P
2/14/00