United States District Court
c/o Court Clerk
401 W. Washington St., Suite 130 SPC 1
Phoenix, Arizona 85003-2118

Jan. 5th, 2015

RE: PARSONS v. RYAN. CV 12-601-PHX-DKD
Comment to Proposed Stipulation

To whom it may concern:

I would like to thank the court for considering my comment on this proposed stipulation.

I am against the proposed stipulation. Only needing to reach an 85% maximum compliance rate will permit the defendants to selectively ignore 15% of the most expensive medical cases, yet be found "compliant." No individual needing medical care would enter a hospital knowing there is a 15% chance of being ignored, yet that is what is permissible under this agreement. A needy patient outside of prison has the ability to pursue another treatment facility. Inmates do not.

With medical care being managed by a for profit corporation, this court can easily grasp the concept of

deliberately ignoring 15% of the inmates with the most cost prohibitive medical needs. My medical situation is a perfect example. I have Hepatitis C. There are new medications which will cure my disease (Sofosbuvir and Simeprevir). These medications are administered by oral pills for about a twelve week cycle. The problem for acquiring the treatment is that it would cost the defendants about $80,000.00. I have requested to be provided these medications and grieved their denial. Why would these defendants spend $80,000.00 for my sole treatment when they can readily deny my medication to provide treatment to numerous other inmates to strive for the 85% compliance goal? The 85% compliance rate permits an incentive to deny me treatment so they can treat a greater volume of the population to pursue the 85% compliance expectation. To reduce financial to medical need balance, I request this court expand the 85% compliance value to 95% compliance.

Thank you for considering my voice

*Allen Woodyard*

Allen Woodyard #93138
A.S.P.C. Eyman/Cook Unit
P.O. Box 3200
Florence, Az 85132

- 2 -