Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
        jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Varma (Bar No. 027927)
Brenna Durkin (Bar No. 027973)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
        avarma@azdisabilitylaw.org
        bdurkin@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, Plaintiffs, v. Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, Defendants. | No. CV 12-00601-PHX-DKD **PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE EXPENSES** |

78204-0001/LEGAL124735281.1

1   Defendants do not oppose the fee amount, nor claim that it is unfair or

2   unreasonable or inadequately supported.  To the contrary, Defendants' opposition makes

3   clear that they have agreed to pay Plaintiffs $4.9 million in attorneys' fees and up to

4   $250,000 per year for monitoring activities in accordance with the terms of the Settlement

5   Agreement.  [*See* Doc. 1185 ¶¶ 42, 44]

6   Defendants only take issue with the procedure by which Plaintiffs have sought to

7   collect those fees.  Defendants' primary contention is that Rule 23(h) does not permit the

8   Court to award the attorneys' fees set forth in the Settlement Agreement.[1]  This contention

9   has no merit because Rule 23(h) explicitly permits such an award.  However, Plaintiffs

10  agree that the Court should not award the fees until after the Court considers the

11  comments of the class members and hears the arguments of counsel at the fairness

12  hearing.

13  **I.      DEFENDANTS CITE NO AUTHORITY FOR THE PROPOSITION THAT
14          RULE 23(H) FORBIDS THE COURT FROM ORDERING A SUM
            CERTAIN IN ATTORNEYS' FEES.**

15  Defendants argue that because the parties have agreed to a sum certain regarding

16  Plaintiffs' attorneys' fees (*see* Doc. 1185 ¶ 42), the Court has no authority to authorize the

17  fee award.   But Rule 23(h) specifically authorizes the Court to "award reasonable

18  attorney's fees and nontaxable costs that are authorized by law ***or by the parties'***

19  ***agreement***."  FED. R. CIV. P. 23(h) (emphasis added).  Indeed, the Court has a duty to

20  ensure that the amount and mode of payment of attorneys' fees are fair.  FED. R. CIV.

21  P. 23(h), 2003 Advisory Committee Notes, ¶ 57 ("In a class action, the district court must

22  ensure that the amount and mode of payment of attorney fees are fair and proper whether

23

24  _____

        [1]  Plaintiffs provided Defendants with a draft of their fee motion in advance, and
25  made numerous changes to the motion at Defendants' request.  During the December 11,
    2014 telephonic hearing, Defendants represented to the Court that they would similarly
26  provide Plaintiffs with an advance draft of their response to the motion.  They failed to do
    so.

1  the fees come from a common fund or are otherwise paid.  Even in the absence of

2  objections, the court bears this responsibility.").  Plaintiffs moved the Court to award fees

3  pursuant to the parties' agreement, and Rule 23(h) plainly authorizes the Court to make

4  such an award.

5
6  ## II.    RULE 23(H) REQUIRES THAT PLAINTIFFS FILE THEIR REQUEST FOR ATTORNEYS' FEES PRIOR TO THE OBJECTION DEADLINE.

7        The Court required Plaintiffs to file their motion for attorneys' fees before the

8  objection period and ordered that the motion and supporting declaration be made available

9  for review by the class.  [Doc. 1205 ¶ 3]  This ruling is fully consistent with Ninth Circuit

10  authority interpreting Rule 23(h).

11        In *In re Mercury Interactive Corp. Securities Litigation*, the Ninth Circuit

12  unambiguously held that "the plain text of [Rule 23(h)] requires a district court to set the

13  deadline for objections to counsel's fee request on a date ***after*** the motion and documents

14  supporting it have been filed."  618 F.3d 988, 993 (9th Cir. 2010) (emphasis in original).[2]

15  The Ninth Circuit did not condition its interpretation of Rule 23(h) on what type of class

16  action had been certified, whether there was a common fund from which attorneys' fees

17  would be paid, or whether the class was to receive monetary compensation.  *See id.*  In

18  dicta—after announcing its holding—the Ninth Circuit explained certain conflicts of

19  interest that exist between class counsel and the class during the fee-setting stage of class

20  action litigation and expounded on the role of judges in that context.  *Id.* at 994-95.  The

21
22

23        [2]  The Advisory Committee Notes to the 2003 amendments to Rule 23(h) envision
24  the same process:  "[i]n setting the date objections are due, the court should provide
   sufficient time after the full fee motion is on file to enable potential objectors to examine
   the motion."  FED. R. CIV. P. 23(h), 2003 Advisory Committee Notes, ¶ 68.  *Accord In re*
25  *Mercury*, 618 F.3d at 993-94 ("The plain text of the rule requires that any class member
   be allowed an opportunity to object to the fee 'motion' itself, not merely to the
26  preliminary notice that such a motion will be filed.").

1  existence or non-existence of such a conflict, however, does not disturb the Ninth

2  Circuit's interpretation of Rule 23(h) and the notice requirement of motions for fees.

3      Defendants' opposition asks the Court to reverse its previous ruling and disregard

4  binding precedent.  Defendants' request should be denied.  Defendants only mustered a

5  single, unreported order, issued less than two weeks after *In re Mercury* was published, as

6  grounds for ignoring the requirements of *In re Mercury* and reconsidering this Court's

7  previous order.  That case, *In re Lifelock, Inc. Marketing and Sales Practices Litigation*,

8  No. 08-MDL-1977-MHM, 2010 WL 3715138 (D. Ariz. Aug. 31, 2010), distinguished the

9  Ninth Circuit's reasoning because that court had previously ruled that no class notice of

10  either the settlement terms or the fees provision was necessary.  *See id.* at *9.  Here, the

11  Court has already required notice to the class.  [Doc. 1205 ¶¶ 3-4]  Moreover, the Ninth

12  Circuit has recently reaffirmed the holding of *In re Mercury*.  *See In re Ferrero Litigation*,

13  583 Fed. App'x 665, 667 (9th Cir. 2014) ("Federal Rule of Civil Procedure 23(h) requires

14  that class members have an opportunity thoroughly to examine counsel's fee motion")

15  (internal quotation marks omitted) (citing *In re Mercury*, 618 F.3d at 994).

16
17  ### III.  PLAINTIFFS AGREE THAT THE COURT SHOULD NOT AWARD FEES UNTIL AFTER THE FAIRNESS HEARING.

18      Defendants argue that the Court should not approve the Settlement Agreement and

19  award fees until after the fairness hearing, currently scheduled for February 18, 2015.

20  [Doc. 1242 at 4:1-4]  Plaintiffs agree.  As discussed more fully above, Plaintiffs did not

21  intend the filing of the motion for fees to lead to a premature order authorizing the

22  distribution of the fee amount.  Rather, Plaintiffs filed the motion in advance of the

23  comment period, so that the class was provided an opportunity to review and comment on

24  the reasonableness of the fees.[3]

25  _____

26     [3] As of close of business on the last Court date prior to the filing of this brief, 85 class members had filed a comment to the Settlement Agreement. [Docs. 1208-1241 and

1    The disagreement between the parties concerns whether the class should have

2 access to Plaintiffs' counsels' briefing in support of the fee amount and whether the class

3 should have an opportunity to comment on the fee amount.  Defendants contend that

4 Plaintiffs' counsel is barred from addressing the fee provision of the Settlement

5 Agreement until February 11, 2015—a full 16 days *after* the January 26 deadline for class

6 objections.  [Doc. 1242 at 4:2-4]  In contrast, Plaintiffs—consistent with *In re Mercury*

7 and this Court's order—contend that the proper course is to file the motion for attorneys'

8 fees prior to the objection period so that the class members can review the motion and

9 submit comments.   Indeed, as explained above, the Court *already* issued an order

10 requiring that Plaintiffs' motion for fees be filed prior to the objection period and that the

11 class be given an opportunity to review and comment on the motion for fees.  [*See*

12 Doc. 1205 ¶ 3]  Plaintiffs simply complied with that ruling.

13
## IV.   DEFENDANTS' SKEWED PORTRAIT OF THE HISTORY OF THIS LITIGATION IS IRRELEVANT.
14

15    Under the guise of giving the Court "both sides of the story so that it is not pre-

16 disposed one way or the other prior to the fairness hearing" (Doc. 1242 at 4:13-14),

17 Defendants spend the vast majority of their opposition brief attempting to illustrate the

18 weaknesses of Plaintiffs' case while minimizing Plaintiffs' successes.  Plaintiffs will not

19 add to the noise created by Defendants' fanciful revisionist history.  Instead, Plaintiffs

20 simply note that if Defendants' argument demonstrates anything, it demonstrates the

21 parties' strongly divergent views regarding the merits of both parties' claims and defenses

22

23 1243-1294]  The majority of the comments are silent as to the attorneys' fees provision.
Ten class members write to voice their opinions that the fees provision is reasonable or to
inform the Court that they do not object to the fees.  [*See* Docs. 1214, 1228, 1237, 1241,
24 1247, 1255, 1264, 1269, 1288, and 1291]  One class member neither supports nor objects
to the fees, but states that the Court should only award fees after ordering that the ADC
25 provide the class member with a hernia surgery.  [Doc. 1211]  Four of the comments
question the amount of fees (half of these on the grounds that the class is only receiving
26 injunctive, as opposed to monetary relief).  [*See* Docs. 1208, 1225, 1233, and 1283]

and illustrates exactly why a settlement is an optimal resolution to this hard-fought litigation.

## CONCLUSION

Plaintiffs respectfully request that the Court enter an order finding that the payment of $ 4.9 million in attorneys' fees and up to $250,000 per year in monitoring activities is reasonable, and directing Defendants to pay those amounts.

Respectfully submitted this 12th day of January, 2015.

**PRISON LAW OFFICE**

By:    s/ Donald Specter
Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Warren E. George (Cal. 53588)*
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
             ahardy@prisonlaw.com
             snorman@prisonlaw.com
             ckendrick@prisonlaw.com
             wgeorge@prisonlaw.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
Kirstin T. Eidenbach (Bar No. 027341)
John H. Gray (Bar No. 028107)
Matthew B. du Mée (Bar No. 028468)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           keidenbach@perkinscoie.com
           jhgray@perkinscoie.com
           mdumee@perkinscoie.com
           jpeters@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF
ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     dpochoda@acluaz.org
           jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct.
R. 38(f)

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ajmel Quereshi (Md. 28882)**
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@npp-aclu.org
           afettig@npp-aclu.org
           aquereshi@npp-aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
Dara Levinson (Cal. 274923)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com
          aamiri@jonesday.com
          daralevinson@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com
          tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:    kmamedova@jonesday.com
          jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1

**ARIZONA CENTER FOR DISABILITY LAW**

2

3

By:   s/ Sarah Kader
       Sarah Kader (Bar No. 027147)

4
       Asim Varma (Bar No. 027927)
       Brenna Durkin (Bar No. 027973)

5
       5025 East Washington Street, Suite 202
       Phoenix, Arizona 85034

6
       Telephone:  (602) 274-6287
       Email:    skader@azdisabilitylaw.org

7
               avarma@azdisabilitylaw.org

8
       J.J. Rico (Bar No. 021292)
       Jessica Jansepar Ross (Bar No. 030553)

9
       **ARIZONA CENTER FOR DISABILITY LAW**

10
       100 N. Stone Avenue, Suite 305
       Tucson, Arizona 85701

11
       Telephone:  (520) 327-9547
       Email:    jrico@azdisabilitylaw.org

12
               jross@azdisabilitylaw.org

13

*Attorneys for Arizona Center for Disability Law*

14

15

16

17

18

19

20

21

22

23

24

25

26

-8-

1

## <u>CERTIFICATE OF SERVICE</u>

2
       I hereby certify that on January 12, 2015, I electronically transmitted the above

3
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4
Notice of Electronic Filing to the following CM/ECF registrants:

5

6
Michael E. Gottfried
Katherine E. Watanabe

7
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov

8
Katherine.Watanabe@azag.gov
Lucy.Rand@azag.gov

9

10
Daniel P. Struck
Kathleen L. Wieneke
Rachel Love

11
Timothy J. Bojanowski
Nicholas D. Acedo

12
Ashlee B. Fletcher
Anne M. Orcutt

13
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.

14
dstruck@swlfirm.com
kwieneke@swlfirm.com

15
rlove@swlfirm.com
tbojanowski@swlfirm.com

16
nacedo@swlfirm.com
afletcher@swlfirm.com

17
aorcutt@swlfirm.com
jlee@swlfirm.com

18

19
*Attorneys for Defendants*

20
                         s/ D. Freouf

21

22

23

24

25

26