4 pages

Settlement Parsons v Ryan;
CV12-00601 ~~AHR-DXD~~ LODGED
Jan 8, 2015

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT
REFERENCE: _____
(Rule Number/Section)

Rules 7, 11(a)(1), (3)

RECEIVED ___ COPY
JAN 12 2015
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

Clerk of Court

Clerk.

First off - I can't get DOC to comply with my constitutional rights or religious rights. I had to file suit #400. To try to make them comply. I put up with retalitory events from paralegal & librarian. What makes them so goody goody. I can prove policy changes by librarian in order to pease DOC.

My suit # CV-14-01664-PHX-JJT (FSN)

Hospital & Medical told chaplains I had to have another diet. Chaplains denied because they are the gods at DOC 1 year and 3 months so far I've tried for Kosher diet as my religion and health require along with the Parson & Ryan settlement.

★ They are in violation of their own settlement.

The food at Eyman Browning is a sack lunch which no one else in the state has as a breakfast and lunch.

DOC plays with words to convince the courts that they are doing all they can when they do nothing.

For last 2 weeks we have cold showers, lights go off about 10:30 p.m. Then at 4:30 nurse comes to pods then at 5:00 a.m. guards hand out the sack lunch.

The sack lunch has 6 bread 1-2 slices of nasty shaved meat, about 2oz p-nut butter very little jelly.

Nothing is as you all said it would be. Inmates are afraid of retaliation. We send legal mail only to have it censored. After the Nordstrom lawsuit. They said they would not censor but they do. They remove what they don't want out.

Judge,
This is one of the leaders in developing the American Trend. This is 95% corruption. This has to stop before the American people make it stop.

No DOC employee has supervision. They can make up rules as they see fit.

I'm 70, Angeoplasty, Prostate Cancer, Had Stroke. + Tempe St. Lukes told DOC I had to have better diet. ignored.
Diabetes has almost blinded me. No one cares.

Please Help
                                    Thanks
                            Homer Roseberry
                            178096      3-6-35
                            Eyman Browning
                            PO 3400
                            Florence, AZ 85132

If lot does not get done because these guards are afraid they will do more than others.

- ✓ Shower water cold most times.
- ✓ Wake everyone up 3:30-4:30 Nurse.
- ✓ 5:00 feed sack lunch. — — —
- ✓ Then go back to bed

Federal or State authorities need to purge this place of corrupt people. It's going to happen.
- ✓ The world is tired of human rights violations.

Ryan will dare any judge to tell him what to do.

✱ This death row has to be most passive in the country.
  DOC tries to collect more money by making us seem bad. worse than usual.

✱ My dad and brother died from wars.

✱ No Diabetic Diet = Violation Nat. Dia. Assoc.

# AVISO A TODOS LOS PRESOS DE ADC
# SOBRE EL ACUERDO *PARSONS v. RYAN*

*Parsons v. Ryan* es una demanda colectiva que fue presentada en la corte federal en el 2012 alegando que el cuidado médico y la salud mental y dental en las prisiones estatales de ADC y las condiciones en las unidades de máxima seguridad son inconstitucionales.

ADC y los abogados de la clase de presos han llegado a un acuerdo que ellos creen es justo para ambos partidos. Si usted es un preso en una de las diez cárceles ADC (Douglas, Eyman, Florencia, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, o Yuma), entonces usted es un miembro de la clase. Este aviso explica el acuerdo propuesto, cómo se puede leer, y cómo usted puede decirle a la Corte de Justicia si usted piensa que el acuerdo propuesto es justo.

La primera parte del acuerdo dice que ADC supervisará el cuidado médico para ver si cumple con más de 80 diferentes medidas. Los abogados de los presos podrán revisar estos reportes de monitoreo. Si Corizon no proporciona cuidado de salud de acuerdo con estas direcciones, la Corte puede ordenar ADC que tome más acciones para mejorar el nivel de salud.

La segunda parte del acuerdo dice que ADC va a mejorar las condiciones en las unidades de máxima seguridad. Los principales cambios serán más tiempo fuera de la celda y el tratamiento de salud mental, comidas con las mismas calorías y valor nutricional como las de en la población general, y la limitación del uso de gas pimienta contra los presos con enfermedades mentales graves.

La tercera parte del acuerdo dice que los abogados de los presos vigilarán el cumplimiento de ADC con el acuerdo por medio de visitas a las prisiones, hablando con los presos y trabajadores de la prisión, y revisando documentos, incluyendo los registros de salud de los presos.

Este caso no buscó daños monetarios para cualquier preso y ninguno será conferido. Este acuerdo no se refirió a los casos de presos individuales, y los abogados de la clase no ofrecen ninguna opinión sobre la habilidad de cualquier preso a presentar una demanda contra el ADC. Los abogados que representan a los presos han gastado aproximadamente $1 millón en gastos y honorarios de testigos. También han gastado miles de horas de trabajo en el caso. El acuerdo establece que ADC les pagará a los abogados de la clase de presos $4.9 millones por el trabajo que han hecho hasta ahora, que es menos de la mitad de la cantidad que podrían haber reclamado. También le pagarán hasta $250,000 por año en el futuro para supervisar el cumplimiento de ADC con el acuerdo.

La versión completa del acuerdo, y la moción por los honorarios del abogado están disponibles en la biblioteca. Presos de máxima seguridad que no pueden ir a la biblioteca pueden sacar una copia de la biblioteca de la ley o ver la Estipulación y exhibiciones en CCTV.

El tribunal celebrará una audiencia sobre la imparcialidad del acuerdo en el 18 de febrero, 2015 a 1:30 pm, en el Palacio de Justicia de Estados Unidos en Phoenix, Sala de justicia "Special Proceedings Courtroom".

Los presos pueden escribir a la Corte acerca de sus opiniones sobre la imparcialidad del acuerdo propuesto y / o la solicitud de el pago de los abogados. Los comentarios deben incluir el nombre del caso, *Parsons v. Ryan*, CV 12-00601-PHX-DKD, en la parte superior de la primera página. Los comentarios deben tener el sello postal no más tardar del 26 de enero, 2015, y enviados a la siguiente dirección:

> Clerk of the Court
> United States District Court, District of Arizona
> 401 W. Washington St., Suite 130, SPC 1
> Phoenix, AZ 85003-2118

Si usted tiene preguntas o desea información adicional sobre el caso, o desea compartir su experiencia sobre los temas reportados en el caso, por favor escriba los abogados de la clase de presos en cualquiera de las siguientes direcciones:

> Prison Law Office
> General Delivery
> San Quentin, CA 94964

> ACLU National Prison Project
> 915 15th St., N.W., 7th Floor
> Washington, D.C. 20005

NO = Diabetic Diet
NO = Kosher Diet

# NOTICE TO ALL ADC PRISONERS
## ABOUT SETTLEMENT IN *PARSONS v. RYAN*:

*Parsons v. Ryan* is a class action lawsuit that was filed in federal court in 2012 claiming that the medical, mental health and dental care in ADC's state-run prisons and the conditions in the maximum security units are unconstitutional.

ADC and the lawyers for the prisoner class have reached a settlement that they believe is fair to both sides. If you are a prisoner in one of the ten ADC prisons (Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, or Yuma), then you are a member of the class. This notice explains the proposed settlement, how you can read it, and how you can tell the Court whether you think the proposed settlement is fair. *ADC will not comply, Retaliate*

The first part of the settlement says that ADC will monitor the health care to see if it meets more than 100 different measures. The lawyers for the prisoners will be able to review these monitoring reports. If Corizon does not provide health care according to these guidelines, the Court can order ADC to take more actions to improve the level of care. *Jan 7 no compliance*

The second part of the settlement says that ADC will improve the conditions in the maximum security units. The major changes will be more out-of-cell time and mental health treatment, meals with the same calories and nutritional value as those in general population, and limiting the use of pepper spray on prisoners with serious mental illness. *Joke, why can't we get similar meals, sack lunch not similar*

The third part of the settlement says the lawyers for the prisoners will monitor ADC's compliance with the agreement by touring the prisons, talking to prisoners and staff, and reviewing documents, including prisoner health care records. *not being done*

This case did not seek money damages for any prisoner and none will be awarded. This settlement does not address the cases of any specific individuals, and attorneys for the class offer no opinion about any prisoner's ability to pursue a claim against ADC. The lawyers representing the prisoners have spent approximately $1 million in expenses and witness fees. They also have spent thousands of hours working on the case. The settlement provides that ADC will pay the lawyers for the prisoner class $4.9 million for work they have done until now. They will also be paid up to $250,000 per year in the future to monitor ADC's compliance with the settlement.

The full version of the settlement, and the motion for attorneys' fees, is available in the library. Maximum security prisoners who cannot go to the library can check out a copy from the law library or view the Stipulation and exhibits on CCTV. *DOC will not comply.*

The court will hold a hearing on the fairness of the settlement on February 18, 2015 at _1:30_ p.m., at the United States Courthouse in Phoenix, Courtroom ___.

Prisoners can write to the Court about their opinions on the fairness of the proposed settlement and/or the lawyers' request for payment. Comments MUST include the case name, *Parsons v. Ryan*, CV 12-00601-PHX-DKD, at the top of the first page. Comments must be postmarked no later than January 26, 2015, and sent to the following address:

> Clerk of the Court
> United States District Court, District of Arizona
> 401 W. Washington St., Suite 130, SPC 1
> Phoenix, AZ 85003-2118

If you have questions or want additional information about the case, or want to share your experience regarding the issues addressed in the case, please write the lawyers for the prisoner class at either of the following addresses:

Prison Law Office
General Delivery
San Quentin, CA 94964

ACLU National Prison Project
915 15th St., N.W., 7th Floor
Washington, D.C. 20005

*Wrote Judge 12-22-14*

78204-0001/LEGAL124482684.1

*Legal Letters do not get out of prison.
No one will tell Ryan or DOC what to do.*