Andre Dennison # 143931
ASPC Eyman-Rynning
PO Box 3100
Florence, Az 85132



☒ FILED  ☐ LODGED

**Jan 13 2015**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Victor Parsons, ET. Al.,

        Plaintiffs,

v.

Charles Ryan, ET. Al,

        Defendants.

No. CV 12-00601-PHX-DJH

**OPPOSITION TO PROPOSED SETTLEMENT/STIPULATION (DKT 1185)**

    Andre Dennison, a prisoner housed in ADC at ASPC Eyman, a member of the class in the above action, hereby opposes the proposed settlement/stipulation (DKT 1185) currently before this Court for the following reasons:

1. The settlement should cover all ADC complexes and private prisons where ADC prisoners are housed. ADC has already begun to move prisoners in the member class subject to the current proposed settlement, such as Dennison, who are housed in ASPC Eyman with Chronic Diseases outside of the jurisdiction of the settlement to the private prison Red Rock (Corrections Corp. of America) in Eloy, Az before the implementation of the settlement.
2. The proposed settlement only requires 85% compliance with its procedures. Government provided health care is required to have a higher compliance rate regarding its citizens, such as the Veteran's Administration. A minimum of 95% compliance rate should be required.
3. 14-day prior notification of inspection by the monitors defeats the purpose of catching non-compliance during the normal course of business. 4-6 random inspections per year should be allowed without notification, or at the most notification 24 hours prior.
4. The ADC Health Services Technical Manual already requires a Chronic Disease treatment appointment every 90 days. The current proposal doubles this timeframe to 180, or longer if authorized by a Health Care Provider ("HCP"). (DKT 1185-1 Ex. B #54). This is counter-intuitive and would cause longer delays than already occurring. The 90 day timeframe should remain intact.

5. The settlement proposal lacks provisions to empower the HCPs with the authority to order any specialized medical diet for an inmate, based on their decision of medical need for medical treatment, which are outside of ADC's specific approved diets ADC pigeon-holes all inmates into.
6. Currently Corizon, the current ADC contract medical provider, is refusing to permit prisoners review to their electronically stored medical records, in violation of H.I.P.P.A. and ARS 12-2293. The settlement should include a provision and procedure for inmates to review their hard copy and electronic medical records.
7. The proposal lacks a provision requiring ADC to follow the medical treatment ordered for inmates by outside medical specialists when sent.
8. A specific timeframe is not specified for follow-up sick call appointments. (See DKT 1185 Ex. B at #42).

Dennison requests the Court to deny the settlement proposal, or modify it with the above.

RESPECTFULLY submitted this 13th day of January 2015.

_____
Andre Dennison
Plaintiff/Class Member

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 13, 2015, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing to:

Michael.Gottfried@azag.gov
dstruck@swlfirm.com
dpochoda@aclu.org
skader@azdisabilitylaw.org
