Parsons v Ryan. CV 12-00601-PHX-DKD

Clerk of the Court
United States District Court, District of Arizona
401 Washington St, Suite 130, SPC 2
Phoenix, Arizona 85003-2118

FILED _____ LODGED
_____ RECEIVED _____ COPY

JAN 1 5 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

Dear Clerk of the Court:

This letter is in regards to a recent law suit filed against Arizona Department of Corrections (ADOC). Enclosed are two grievances, I had submitted against the medical department (Corizon) and ADOC. I exhausted my process through the appeal cycle, which as you can read Director Ryan agreed with Corizon statement which were not true. Corizon made statements that were false and misleading. Director Ryan as a representive of the State of Arizona should have seen that statements of Arizona Statues were false, but he agreed with Corizon. This is conspiracy between ADOC and Corizon to make additional monies and provide Keefe Commissory additional profits.

ADOC and Corizon are coercion the inmates to:
1) Purchase medication from keefe commissor which increases the profits of Keefe commissor and provides an additional percentage of sales to ADOC, this action could possible fall under the RICO Act. Basically forcing inmates to



purchase medications that should be provided
by Corizon and ADOC without a charge.

2) Where Corizon is making inmates pay a co-pay
for visits that fall under chronic care, Corizon
has interrupted ARS 201.01 to get additional
monies. (See Grievace plus letter to ACLU)

3) Not providing medication in a timely manner
when a inmates placed HNR's.

4) Making changes to the way medication's are
provided to the inmates, without notifying the
inmate.

I probaly could go on and on in regards to
the violations Corizon and ADOC are violating.
This also is a violation of the inmate Constitutional
Rights being violated by Corizon and ADOC.

I realize that this law suit is to establish
specific guide lines for which ADOC and Corizon
must follow to provide the inmates with proper
medical care. Problem is that Corizon and ADOC
will not follow thes guidelines, but continue to
not provide advcate medical care.

The courts need to interview the inmats and
get their perspective of the lack of proper care
being given to the inmats at the South-Unit facility.
Here there are many inmate needing medical care,
but Corizon / ADOC will make excuses as to budget

constraints, and orders from ADOC not to provide medical care. Where the doctor cannot prescribe a inmate to a outside sorce. This is a common practice. Many times the doctor has recommended that a inmate be sent to a outside clinic, but be refused by ADOC. And you call this proper medical care?

That you for your support, and I hope that you take my informatio provide seriously.

Sincerly

John Byrne   240439
South Unit - Florence
P.O. Box 8400
Florence AZ 85132

cc.   Prison law Office
      ACLU National Prison Project.

ACLU of Arizona                          Sept. 22. 14
PO. Box 17148
Phoenix, AZ 85011-0148

Attention: Mr Steve Kilor

Dear Mr. Steve Kilor:

   My name is John J. Byrne, DOC no. 240439.
I am currently incarcerated at the Arizona
Department of Corrections, South Unit Facility,
Florence, Arizona 85132.

   Enclosed are two copies of my Inmate Grievances
that have gone through the appeal process. The
main reason why I am sending you a copy is that
I feel that ADOC and Corizon medical are in violation
of Arizona Revised Statute 31-201.01 and ADOC
Department Order Policy 1101.

   As you can read through both of my grievances
and their responses, that both ADOC and Corizon
state that they have no intentions of providing
proper medical care. In my orginal Informal
Complaint I stated that since my medical condition
is chronic, and since the doctor who evaluated my
condition, prescribed medication (Ibuprofen) to
help releive my pain and suffering. Based on the

doctors evaluation there should be no argument. Corizon's argument is that regardless of what the doctor prescribes I will need to purchase this medication from Keefe Commissary Network Sales. This to me is collusion.

I indicated in my grievances that my degenerate spine condition is chronic and should be treated as such. I also indicated that under ARS-201.01 sub-section I and subsection I paragraph 12 and under ADOC policy 1101 specifically states if a inmate has a chronic condition then both ADOC and Corizon must treat and provide proper medical treatments.

I also pointed out to Director Ryan that Corizon is charging inmate for chronic care conditions. On their bullitin board they have a memo, which they go by that states

## Chronic Conditions

Defined by AZ State Law (A.R.S 31-201.01) That are exempt from the $4.00 charge are:

Asthma, HIV, Diabtes, Cancer, Seisures Hypertension, Cardic, Seriously Mentally Ill

All others conditions, even if you had them before, are going to be charge $4.00

The nurse or the provider may not exempt you from the charge.

In my grievance I indicated that this memo is false. If you review ARS 31.201.01 there is no specific mention to what condition are exemp from charges or medication. Plus there is no specific listing in ADOC Poloig 1101. DOC and Corizon failed to address these issues.

Corizon and ADOC are violating my constitutional rights to proper medical care, and need your assistance to help me in getting then.

Thank you very much, and I hope to hear from you soon.

Sincerly yours,

John J. Byrne



# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL:  TO THE DIRECTOR

—

| Inmate Name: BYRNE, JOHN | ADC No.: 240439 | Case No.: A02-064-014 |
| --- | --- | --- |
| Institution: ASPC-FLORENCE/SOUTH | | Date Received: July 8, 2014 |

I have reviewed your Grievance Appeal wherein you request a refund of $4.00 that was charged "to renew my prescription for Ibuprofen".

Your Grievance Appeal has been investigated including a review of your medical records. Based on our findings, your appeal is granted. The reasons for this decision are:

1.  Our review shows that you were charged medical fees for your medical visits on the following dates: a) 3/14/14 to cut your toe nails; b) 5/1/14 in response to your request for renewal of Ibuprofen; c) 5/8/14 in response to your request for an EKG, X-ray and laboratory tests; and d) 5/28/14 for chronic low back pain. The charges for these visits are appropriate and therefore, non-refundable. However, your Bank Account Statement also shows that you were charged twice for your 5/8/14 visit; for this reason, your appeal is granted. By copy of this letter, I am directing the Inmate Banking staff of ASPC-Florence to ensure that $4.00 is refunded expeditiously to your account.

2.  Please submit a Health Needs Request (HNR) if you have additional medical concerns or needs which you wish to discuss with a medical provider.

This response concludes the medical grievance process per Department Order 802.06 Medical Appeals to the Director.

Charles L. Ryan, Director

8/29/14
Date

cc: Facility Health Administrator, ASPC-Florence
    C.O. Inmate File

Page 1 of 1

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance Appeal

(To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received by: Gregg
Title:
Badge #: 5311
Date: 7-1-14

**PLEASE PRINT**

| Inmate's Name *(Last, First, M.I.)* | ADC No. | Date |
|---|---|---|
| Byrne John J | 240439 | June 30, 2014 |

| Institution | Case Number |
|---|---|
| ASPC - Florence/South, DRM5, D17L | A02-064-014 |

TO: Director Ryan

I am appealing the decision of **Christine Pereira, Psy.D.** for the following reasons:

Today June 26, 2014 I received her response to my June 5, 2014 Inmate Grievance (Ref. #A02-064-014) regarding the charge of four dollars to renew my prescription for Ibuprofen. This medication was prescribed by the doctor to help relieve the pain and suffering from a chronic degenerate spine. What I am taking exception to is Ms Pereira comments where she stated that the nurses line appointment was for my back pain and renewal of my pain medication. She also stated, your condition has been ongoing, it is not considered a chronic condition by AZ State Law. These statement are not correct.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| John J Byrne | June 30, 14 | | 7-1-14 |

| Response To Inmate By: | Location |
|---|---|

RECEIVED
JUL 0 1 2014
South Unit
Grievance Coordinator

RECEIVED
JUL 03 2014
HEALTH SERVICES

| Staff Signature | Date |
|---|---|

DISTRIBUTION:
INITIAL:   White & Canary - Grievance Coordinator
           Pink - Inmate
FINAL:     White - Inmate
           Canary - Grievance File

Pg 1 of 90

802-3P

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Byrne John J | 240439 | South Unit / 5D17L | A02-064-014 |

First, I submitted to NNR to medical showing them that my prescription was about to run out, and requested that they please have the doctor renew it. Very simple request. The medical staff could have read my medical file and had the doctor renew it without medical scheduling me an appointment to see a nurse, who only took my vitals. Ms Pereira stated that the purpose of this review is to determine if medical necessary health care, as determined by your health care provider. First, her comment is misleading, yes, I was seen by a nurse who only took my vitals, and there was no examination of my back. Also, I was not seen by a doctor for evaluation. What the nurse did was read my medical file and saw that the doctor did in fact prescribe me this medication. If medical would have reviewed my medical file, they would have seen that the doctor did make a determination on giving me this medication. There was no reason for medical to schedule me an appointment and charge me four dollars.

As for Ms Pereira last paragraph where she stated that my appointment was for back pain and renewal of pain medication, As while your condition has been ongoing, it is not considered a chronic condition by AZ State Law. As for AZ State Law, ARS 201.01 does not specify or list what can a chronic diseases are. In ARS 201-01 Sub-Section I

| Signature | Date |
|---|---|
| John J Byrne | June 30, 2014 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance - GF Supplement

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Byrne John J | 240439 | South Unit / 6D17C | MO2-064-014 |

Paragraph 12, it reads quote: "Inmates who are undergoing follow-up medical treatment for chronic diseases" unqote. As you can see ARS 201.01 does not specify a particular disease. Based on this Ms Pereira comments are not true. My condition is chronic, and requires follow-up treatment which falls under ARS-201.01, Sub-section I and is a non-chargeable visit. Medical is making decisions about what is chronic care and using ARS-201-01 as a out without reading it.

In order to resolve this issue, ADC / medical must refund my four dollars. Per ARS 201-01 Sub section I, paragraphs 1 & 12, medical needs to accept that the chronic back pain from a degenerate spine is valid and prescribe the medication "Ibuprofen" so as to help relieve my back pain.

Attachments: Christina Pereira response  6-19-14
            Formal Grievance  6-5-14
            Inmate Informal Complaint Resolution  5-29-14
            CO111 J Odom, Inmate Informal Complaint Response  6-2-14
            Copy of ARS 201-01

RECEIVED
JUL 03 2014
South Unit
Grievance Coordinator

| Signature | Date |
|---|---|
| John J Byrne | June 30, 2014 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance Response

| | |
|---|---|
| **Inmate Name (Last, First M.I.)**<br>Byrne, John J | **ADC #:240439**<br>**Grievance #: A02-064-014** |
| **Institution / Unit / Housing**<br>ASPC-Florence/South, DRM5, D17L | |

| | |
|---|---|
| **From:**<br>Christine Pereira, Psy.D., Associate Health Services Admin | **Location / Unit:**<br>ASPC-Florence |

This is in response to your Inmate Grievance number A02-064-014, dated, June 5, 2014 which was received in the Florence Inmate Health Services office on June 9, 2014. Your primary concern is that you would like to receive a refund for your visit for pain medication.

Investigation into your issue included a review of your medical records.

The purpose of this review is to determine if medically necessary health care, as determined by your health care providers, has been provided to you. This assessment of your medical needs may differ from your personal desires.

Subsequent to review and investigation, the results are as follows; Your appointment was for back pain and renewal of pain medication. While your condition has been ongoing, it is not considered a chronic condition by AZ State Law. Therefore it is a chargeable visit.

You are therefore not entitled to a refund.

Your grievance is Not Substantiated and Resolved.

You may appeal this decision to the DOC Director by requesting appeal form GF-2.

| **Staff Signature:** | **Date:**<br>6-19-14 |
|---|---|

Distribution:     Original – Inmate;     Copy: Institutional File,     Copy: Grievance Coordinator

*Received 6/26/2014*

*Pg 4 of 9*

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| Received By | |
|---|---|
| Title | |
| Badge Number | Date |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3P, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First, M.I.) | ADC Number | Date |
|---|---|---|
| Byrne John J | 240439 | June 23.14 |
| Institution/Facility | Case Number | |
| South Unit / 5017 C | | |

TO: Grievance Coordinator

**Description of Grievance** (To be completed by the inmate) Today June 21, 2014, I received from COII Odom a response to my June 16, 2014, Inmate Informal Complaint Resolution, regarding medical's failure to refill my prescription for "Ibuprofen". In COII Odom's response she stated quote "Per Nurse Ourtscni, Ibuprofen can be purchased in the inmate store (KOP & Commissary) and that Corizon/Pharmacorp will no longer prescribing this medication" unquote. Nurse Ourtscni and COII Odom failed to address my complaint, to whom I also stated that this medication, which was prescribed by the doctor, who works for Corizon, was to help relieve my back pain due to a degenerative spine. (Which is documented in my medical folder.)

Under ARS.201.01, ADOC and Corizon are obligated to provide me proper medical care. Under ARS-201.01 sub-section I, I am exempt from any payment for my medical/health services for prescriptions, medication. Also under ARS-201.01, sub-section I, paragraph 12, inmates who are undergoing follow-up medical

**Proposed Resolution** ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?) To resolve this issue ADOC/Medical must recognize that my condition is chronic. Also under ARS 201.01 sub-section III I, paragraph 12, this ADOC/Medical is obligated to provide me with proper medical care, which includes proper medication to help relieve my pain and suffering. It also stated that my chronic degenerative spine is exempt from any medical visit or the cost of medication. I am also requesting that ADOC/Medical refund the four-dollars I was charged on May 28.14 for a follow-up visit to medical for my chronic back pain.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| John J Byrne | June 23.14 | | |

| Action taken by | Documentation of Resolution or Attempts at Resolution. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File

Pg 5 of 90

802-1P
2/14/00

**Inmate Grievance - GF Supplement**

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Byrne John | 240439 | SY 501C | |

TREATMENT FOR CHRONIC DISEASES. PER THIS SECTION OF ARS 201.01, SUB-SECTION I PARAGRAPH 12 MY DEGENERATE SPINE QUALIFIES ME AS CHRONIC CARE. (DEFINITION OF CHRONIC CARE - IS MARKED BY LONG DURATION OR FREQUENT REOCCURRENCE) ALSO, NO WHERE IN ARS 201.01 DOES IT MAKE ANY REFERENCE TO WHAT TREATMENT OR WHAT MEDICATION SHOULD NOT BE PROVIDED TO AN INMATE WHO IS BEING TREATED FOR A CHRONIC ILLNESS.

THIS ALSO APPLIES TO A VISIT ON MAY 31, 2014, WHERE I WAS SEEN BY A NURSE TO DISCUSS THE PROBLEMS I WAS HAVING WITH MY BACK HURTING. AT THIS TIME WE DISCUSSED THAT THIS IS A FOLLOW-UP VISIT FOR MY CHRONIC DEGENERATE SPINE. AT THIS TIME THE NURSE INDICATED THAT I WOULD BE CHARGED FOR THIS VISIT BECAUSE MY CHRONIC BACK CONDITION DOES NOT QUALIFY UNDER ARS 201.01. SHE REFERENCED A MEMO POSTED ON THE BULLTIN BOARD. THIS MEMO STATED THAT UNDER ARS 201.01 THE FOLLOWING LIST OF DISEASES ARE THE ONLY DISEASES EXEMPT FROM $4.00 CHARGE. THIS MEMO IS MIS-LEADING AND NOT CORRECT. PER ARS 201.01 THERE IS NO REFERENCE TO SPECIFIC DISEASES OR CHRONIC ILLNESS. IT ONLY STATES ARS 201.01, SUBSECTION I, PARAGRAPH 12 QUOTE " INMATE WHO ARE UNDERGONE FOLLOW-UP MEDICAL TREATMENT FOR CHRONIC DISEASES " UNQUOTE. ARE EXEMPT FROM ANY CHARGES FOR MEDICAL CARE AND MEDICATIONS.

ATTACHMENTS: JUNE 18, 14 INMATE INFORMAL COMPLAINT RESOLUTION
JUNE 19, 14 INMATE INFORMAL COMPLAINT RESPONSE (COMMODORE)
COPY OF ARS 201.01

| Signature | Date |
|---|---|
| | |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

Section

ARTICLE 13.  ABSOLUTE DISCHARGE

31–351.  Repealed.

# ARTICLE 1.  OFFICERS AND EMPLOYEES

## § 31–201.  Definitions

As used in this chapter, unless the context otherwise requires:

"Department" means the state department of corrections.

"Director" means the director of the department.

Added by Laws 1987, Ch. 53, § 3.

## § 31–201.01.  Duties of the director; tort actions; medical treatment costs; state immunity; definitions

A.  The director shall hold in custody all persons sentenced to the department under the law and shall hold such persons for the term directed by the court, subject to law.

B.  In addition to the medical and health services to be provided pursuant to subsection D of this section, the director may, in cooperation with the department of health services, provide to prisoners psychiatric care and treatment pursuant to §§ 31–226 and 31–226.01.

C.  The director may institute and pursue programs which promote the rehabilitation of the prisoners in the director's charge.

D.  The director shall provide medical and health services for the prisoners. The director may contract for professional services to assist the director in carrying out this responsibility on behalf of the state, provided that all records made and retained in connection with the services provided by this subsection shall be made and retained only by duly authorized or qualified medical and professional personnel and not by any prisoner. Such records when not in use shall be retained in a safe and secure place.

E.  If a victim of a person for whom a cost of incarceration has been calculated notifies the state that full restitution has not been made by the person for whom a cost of incarceration has been calculated, the state shall interplead with the superior court the disputed amount and set off the amounts owed the state from the remaining obligation.

F.  Any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state.

G.  The director shall establish by rule reasonable medical and health service fees for the medical and health services that are provided pursuant to subsection D of this section. Except as provided in subsection I of this section, every inmate shall be charged a reasonable medical and health services fee for each medical visit an inmate makes pursuant to a health needs request form or for emergency treatment.

H.  Except as provided in subsection I of this section, the director may charge each inmate a reasonable fee for prescriptions, medication or prosthetic devices.

I.  The director shall exempt the following inmates or medical visits by inmates from payment of medical and health services fees and fees for prescriptions, medication or prosthetic devices:

1.  Medical visits initiated by the medical or mental health staff of the department.

2.  Medical visits to a physician by inmates who are referred by a physician assistant or nurse practitioner.

3.  Inmates at reception centers.

4.  Juvenile inmates.

5.  Pregnant inmates.

6.  Seriously mentally ill inmates. For the purposes of this paragraph, "seriously mentally ill inmates" means inmates who as a result of a mental disorder as defined in § 36–501 exhibit emotional or behavioral functioning which is so impaired as to interfere substantially with their capacity to remain in the general prison population without supportive treatment or services of a long-term or indefinite duration and whose mental disability is severe and persistent, resulting in a long-term limitation of their functional capacities for primary activities of daily living, including interpersonal relationships, self-care, employment and recreation.

7.  Developmentally disabled inmates who are housed in a special programs unit.

8.  Inmates who are housed in unit 8 at the Florence prison facility.

9.  Inmates who are inpatients at the Alhambra prison facility special programs psychiatric hospital.

10.  Inmates who are inpatients at the Flamenco prison facility mental health treatment unit.

Pg 9 of 10

11. Inmates who are undergoing administrative physical examinations for statewide driver status and fire fighting crews.

12. Inmates who are undergoing follow-up medical treatment for chronic diseases.

**J.** An inmate shall not be refused medical treatment for financial reasons.

**K.** All monies received by the department for medical and health service fees shall be deposited in the general fund.

**L.** A person who is convicted of a felony offense and who is incarcerated while awaiting sentence or while serving a sentence imposed by a court of law may not bring a cause of action seeking damages or equitable relief from the state or its political subdivisions, agencies, officers or employees for injuries suffered while in the custody of the state or its political subdivisions or agencies unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute.

**M.** The director shall establish criteria for reasonable deductions from monies credited to the prisoner's spendable account to repay the cost of:

1. State property that the inmate wilfully damages or destroys during the inmate's incarceration.

2. Medical treatment for injuries that the inmate inflicts on himself or others.

3. Searching for and apprehending an inmate who escapes or attempts to escape.

4. Quelling a riot or other disturbance in which the inmate is unlawfully involved.

**N.** For purposes of this section:

1. "Reasonable fee" means an amount not to exceed five dollars.

2. "Serious physical injury" means an impairment of physical condition that creates a substantial risk of death or that causes serious disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ.

Added by Laws 1968, Ch. 196, § 1, eff. March 22, 1968. Amended by Laws 1975, Ch. 111, § 1, eff. June 5, 1975; Laws 1984, Ch. 92, § 1; Laws 1987, Ch. 53, § 4; Laws 1993, Ch. 255, § 57, eff. Jan. 1, 1994; Laws 1994, Ch. 332, § 1, eff. April 26, 1994; Laws 1994, Ch. 358, § 3; Laws 1995, Ch. 129, § 1; Laws 2011, Ch. 33, § 10, eff. July 1, 2012.

**Application**

Laws 1993, Ch. 255, § 99, as amended by Laws 1994, Ch. 236, § 17, effective July 17, 1994, retroactively effective to January 1, 1994, provides:

"Sec. 99. Applicability

"The provisions of §§ 1 through 86 and §§ 89 through 95 of this act apply only to persons who commit a felony offense after the effective date of this act."

**§ 31–202. Repealed by Laws 1987, Ch. 53, § 5**

**§ 31–203. Persons disqualified as officers or employees**

No person shall be appointed to any office or be employed by the department on behalf of the state who:

1. Is a contractor for the department, except pursuant to § 31–204.

2. Is interested, directly or indirectly, in any business carried on in connection with the department, except pursuant to § 31–204.

3. Is found intoxicated while on duty. A single act of intoxication shall justify discharge or removal.

Amended by Laws 1987, Ch. 53, § 6; Laws 1988, Ch. 6, § 1; Laws 2010, Ch. 270, § 1, eff. May 7, 2010.

**§ 31–204. Interest of employee in contract; gifts to or from prisoner; penalty**

**A.** An officer or employee shall not have any monetary interest in any contract or purchase made by anyone for or on behalf of the department or receive, directly or indirectly, compensation for services unless approved by the director.

**B.** An officer or employee of the department, a contractor or an agent or employee of a contractor, without written permission of the warden, deputy warden or prison administrator, shall not make a gift or present to or receive a gift or present from a prisoner, or barter or deal with a prisoner.

**C.** This section does not prohibit an officer or employee of the department from maintaining secondary employment at:

1. Any correctional facility that is not within the person's primary employment.

2. Any institution of higher learning as an adjunct faculty member.

Pg 10 of 10



# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL:  TO THE DIRECTOR

Inmate Name: BYRNE, JOHN          ADC No.: 240439          Case No.: A02-072-014

Institution: ASPC- FLORENCE/SOUTH          Date Received: July 28, 2014

I have reviewed your Grievance Appeal wherein you state that Ibuprofen was prescribed for your chronic back pain but was discontinued.

Your Grievance Appeal has been investigated including a review of your medical and pharmacy records. Based on our findings, your appeal is denied. The reasons for this decision are:

1. Your records indicate that you have been seen by medical staff for your complaints of chronic back pain. Over time, you were prescribed appropriate medications for pain management including Motrin (Ibuprofen) and Mobic. The order for Motrin was last filled by pharmacy on 5/27/14 after which you were advised that this medication is available for purchase at the Inmate Commissary. Your pharmacy records confirm that you are continuing to receive Mobic. Based on this information, no further action is necessary regarding your appeal.

2. Please submit a Health Needs Request (HNR) if you have additional medical concerns or needs which you wish to discuss with a medical provider.

This response concludes the medical grievance process per Department Order 802.06 Medical Appeals to the Director.

Charles L. Ryan, Director          9/3/14 Date

cc:     Facility Health Administrator, ASPC-Florence
        C.O. Inmate File

*Pg 1*

Page 1 of 1

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

*(To be completed by staff member initially receiving appeal)*

| | |
|---|---|
| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | Received by: _____ <br> Title: _____ <br> Badge #: _____ <br> Date: _____ |

**PLEASE PRINT**

| Inmate's Name *(Last, First, M.I.)* | ADC No. | Date |
|---|---|---|
| Byrne John J. | 240439 | July 21, 14 |

| Institution | Case Number |
|---|---|
| ASPC-Florence / South, DRM 5, 017L | A02-072-014 |

TO: Director Ryan / Medical

I am appealing the decision of CHRISTINE PEREIRA Psy. D. Associate Health for the following reasons:

ON JUNE 18, 2014 I SUBMITTED TO MEDICAL MY INMATE INFORMAL COMPLAINT RESOLUTION (ATTACHED). REGARDING THE DISCONTINUE OF MY MEDICATION IBUPROFON WHICH WAS PRESCRIBED BY CORIZON DOCTOR, TO HELP RELIEVE THE CHRONIC BACK PAIN PAIN I HAVE FROM A DEGENERATE SPINE (THIS IS DOCUMENTED IN MY MEDICAL FILE) THIS MEDICATION WAS PRESCRIBED BY THE DOCTOR WHO FELT THAT IT WAS NECESSARY TO HELP RELIEVE MY PAIN. ON JUNE 21, 2014, I RECEIVED FROM COII ODOM A RESPONSE FROM NURSE DUETSCH, QUOTE; IBUPROFON CAN BE PURCHASED AT THE INMATE STORE. CORIZON / PHARMACORP WILL NO LONGER PRESCRIBE THIS MEDICATION " UNQUOTE. IN WHERE IN HER RESPONSE DID SHE ADDRESS THE FACT THAT

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| *[signature]* | 7/21/14 | *[signature]* | 7/28/14 |

| Response To Inmate By: | Location |
|---|---|
| | |

RECEIVED
JUL 22 2014
South Unit
Grievance Coordinator

*Received*

JUL 28 2014
Health Services

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION: <br>
INITIAL:   White & Canary - Grievance Coordinator <br>
         Pink - Inmate <br>
FINAL:   White - Inmate <br>
         Canary - Grievance File

802-3 <br>
7/13/09

Pg 2

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Byrne John J | 240439 | South Unit SU17L | N02-072-014 |

THE DOCTOR DID IN FACT PRESCRIBE THIS MEDICATION IN ORDER TO HELP RELIEVE MY PAIN AND SUFFERING. ON JUNE 23, 2014, I FILED AN INMATE GRIEVANCE, AND AGAIN EXPLAINED THAT I WAS AGAIN TAKING EXCEPTION TO HER RESPONSE. IN MY INMATE GRIEVANCE, I EXPLAINED WHY MEDICAL SHOULD PRESCRIBE ME THIS MEDICATION. I ALSO PROVIDED MEDICAL WITH A COPY OF ARS 701.01, AND UNDER SUB-SECTION I, PARAGRAPH 2, WHICH IS SPECIFICALLY STATES THAT ADOC/ CORIZON IS OBLIGATED TO PROVIDE ME WITH PROPER MEDICATION AND CARE, AND WHERE IT STATES THAT SINCE MY BACK CONDITION IS CHRONIC, PER ARS 701.01, SUB SECTION I, I AM EXEMPT FROM ANY PAYMENT FOR MY MEDICAL HEALTH SERVICES FOR PRESCRIPTIONS, MEDICATIONS. IT ALSO STATES UNDER ARS-701.01, SUB-SECTION I, PARAGRAPH 12, QUOTE: "INMATES WHO ARE UNDERGOING FOLLOW-UP MEDICAL TREATMENT FOR CHRONIC DISEASE" UNQUOTE. PER THIS STATEMENT IN THE ARS 701.01, MY DEGENERATE SPINE QUALIFIES ME AS CHRONIC CARE. (DEFINITION OF CHRONIC CARE - IS MARKED BY LONG DURATION, OR FREQUENT RECURRENCES.) I ALSO NOTED TO NURSE DURTSCHI THAT ARS 701.01 DOES NOT MAKE ANY REFERENCES TO WHAT IS A CHRONIC CONDITION, OR WHAT MEDICATION SHOULD NOT BE PROVIDED TO AN INMATE WHO IS BEING TREATED FOR CHRONIC CONDITION. ON MAY 31, 2014 I HAD NURSES LINE TO DISCUSS THE BACK PAIN I WAS HAVING. AT THIS TIME WE ALSO DISCUSSED THAT THIS WAS A FOLLOW-UP VISIT FOR MY CHRONIC BACK PAIN.

| Signature | Date |
|---|---|
| John J Byrne | July 21, 14 |

RECEIVED
JUL 2 2 2014
South Unit
Grievance Coordinator

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

*Pg 3*

**Inmate Grievance - GF Supplement**

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Byrne John J | 240439 | South Unit / 5017L | A02-072-014 |

THE NURSE THEN POINTED TO A MEMO ON THE BULLETIN BOARD, WHERE SHE
STATED THAT UNDER ARS 201.01 THOSE ARE THE ONLY CONDITIONS LISTED
ARE EXEMPT FROM PAYMENT, THUS MY CHRONIC BACK CONDITION DID NO QUALIFY.
WHEN GONE BACK AND REVIEWING ARS 201.01. I FOUND THAT THIS MEMO
GENERATED BY CORIZON/ADOC WAS INCORRECT AND MISLEADING. UNDER ARS 201.01
NO WHERE IN THIS ARS DOES IT SPECIFICALLY IDENTIFY THOSE CONDITIONS LISTED
ON THE MEMO. IN FACT ARS 201.01, SUB-SECTION I PARAGRAPH 1 & 12 ARE CLEARLY
DEFINED THAT MY CHRONIC BACK CONDITION QUALIFIED ME AS CHRONIC CARE.
ON JULY 10, 2014, I RECEIVED A RESPONSE FROM MEDICAL, A CHRISTINE
PERKINS, PSY D. ASSOCIATE HEALTH SERVICES ADMINISTRATOR. IN HER RESPONSE
TO MY INMATE GRIEVANCE (REF NO. A02-072-014) SHE DID NOT MAKE ANY
SENSE. SHE STATED THAT SHE DID DO A INVESTIGATION INTO MY CONDITION AND
WHICH INCLUDED A REVIEW OF MY MEDICAL RECORDS. THIS IS WHAT I WOULD
EXPECT HER TO DO. IN HER REVIEW SHE WOULD HAVE SEEN THAT THE X-RAYS
AND WRITE-UP SHOWED THAT I HAVE A DEGENERATE SPINE. SHE WOULD ALSO HAVE
SEEN THAT THE DOCTOR DID PRESCRIBE IBUPROFEN TO HELP RELIEVE MY
PAIN AND SUFFERING.   IN HER NEXT STATEMENT QUOTE: "THE PURPOSE OF THIS
REVIEW IS TO DETERMINE IF MEDICALLY NECESSARY HEALTH CARE, AS DETERMINED
BY YOUR HEALTH CARE PROVIDER, HAS BEEN PROVIDED TO YOU. THIS ASSESSMENT
OF YOUR MEDICAL NEEDS MAY DIFFER FROM YOUR PERSONAL DESIRES." UNQUOTE

| Signature | Date |
|---|---|
| John J Byrne | July 21, 14 |

RECEIVED
JUL 2 2 2014
South Unit
Grievance Coordinator

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

Pg 4

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Byrne John J | 290439 | South Unit / SDTC | NO2-072-014 |

IN ONIS SONIS HON STATEMENT IS TRUE. THE DOCTOR (HEALTH CARE PROVIDER) DID IN FACT EVALUATE MY CHRONIC BACK CONDITION AND DID IN FACT PRESCRIBE IBUPROFEN TO HELP RELIEVE MY PAIN AND SUFFERING. AS FOR MY PERSONAL DESIRES, I CAN ONLY DESCRIBE THE PAIN I AM HAVING AND BY THE DOCTOR READING X-RAYS TAKEN OF MY BACK, AND THE DETAIL WRIT-UP ON WHAT CONDITION WERE FOUND. MY DESIRE WAS FOR THE DOCTOR TO PRESCRIBE IBUPROFEN TO HELP HELP ME. I DID NOT MAKE THIS DECISION ON MY OWN. THE DOCTOR EVALUATE MY CONDITION AND MADE A MEDICAL DECISION THAT IBUPROFEN WOULD BE BEST FOR ME. AS FOR MS POTHERS LAST PARAGRAPH, LETS ANALYZE HER FIRST SENTENCE QUOTE: " SUBSEQUENT TO REVIEW AND INVESTIGATOR, THE RESULTS ARE AS FOLLOWS: DURING YOUR FOLLOW-UP APPOINTMENT WITH YOUR PROVIDER, YOU WERE DIAGNOSED WITH CHRONIC BACK PAIN " UNQUOTE. FIRST, SHE STATES THAT THIS WAS A FOLLOW-UP APPOINTMENT WITH A NURSE WHO TOOK MY VITALS AND FILLED OUT A PAPER, DESCRIBING WHERE MY PAIN WAS AND THE SEVERITY OF IT. HER OTHER STATEMENT SHE STATE QUOTE: " YOU WERE DIAGNOSED WITH CHRONIC BACK PAIN " UNQUOTE. THIS STATEMENT IS TRUE, AND UNDER ARS 201.01; SUB-SECTION I, PARAGRAPH 1412, MY CONDITION, OF CHRONIC BACK PAIN IS COVERED UNDER THESE TWO SECTION AND THUS I QUALIFY AS EXEMPT. HER LAST SENTENCE SHE STATED QUOTE: " PER DOC POLICY, THIS IS NOT RECOGNIZED AS A CHRONIC CONDITION. THIS IS AN ARIZONA STATUS AND CANNOT BE CHANGED AT THIS LEVEL." UNQUOTE

| Signature | Date |
|---|---|
| *[signature]* | July 21, 14 |

*[stamp:]* RECEIVED JUL 2 2 2014 South Unit Grievance Coordinator

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

Pg 5

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance - GF Supplement

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Byrne John J | 240439 | South Unit / 5D17L | NDZ.072-014 |

THIS STATEMENT MADE BY MS PEREIRA IS NOT TRUE. UNDER DOC POLICY DO1101 (8/22/97) "INMATE ACCESS TO HEALTH CARE" DOES NOT MAKE ANY REFERENCE TO WHAT CHRONIC DISEASE QUALIFY. IT DOES UNDER 1107.07 CHRONIC ILLNESS, SUB-SECTION 1.1.3 STATES: "INMATE WITH CHRONIC CONDITION(S) MUST BE ENTERED INTO THE INMATE HEALTH SYSTEM MONITORED CONDITION DATA BASE, OR SIMILAR TRACKING SYSTEM, TO ENSURE INMATE WITH CHRONIC CONDITION(S) IS SEEN ON A REGULAR SCHEDULED BASIS, AS ORDERED BY THE HEALTH CARE PROVIDER." SECTION 1.1.4 IT STATES: "RE-ORDER MEDICATION AND TREATMENS FOR INMATE WITH CHRONIC CONDITION IN A TIMELY MANNER, SO THE INMATE RECEIVES NECESSARY TREATMENT FOR THEIR CHRONIC CONDITION WITHOUT INTERRUPTION OR UNNECESSARY DELAY." MS PEREIRA IS INCORRECT IN WHICH SHE STATES FOR DOC POLICY IS NOT RECOGNIZED AS A CHRONIC CONDITION. DOC POLICY 1101.07 DOES NOT MAKE ANY REFERENCE TO WHAT CHRONIC DISEASE ARE COVERED OR NOT COVERED. IN FACT MY CONDITION IS RECOGNIZED AS CHRONIC CONDITION FOR YOUR FIRST PARAGRAPH. IN HER LAST SENTENCE QUOTE: "THIS IS AN ARIZONA STATUE AND CANNOT BE CHANGED AT THIS LEVEL." UNDER IN MY FILING OF MY INMATE GRIEVANCE, I DID NOT REQUIRE MEDICAL TO MAKE CHANGE THE ARIZONA STATUE. I GAVE HER A COPY OF ARS 701.01 SO AS SHE CAN READ THE SUB-SECTION I PARAGRAPH 1 & 12 WHICH IDENTIFIES THE EXPLANATION OF HOW I QUALIFY AS CHRONIC CARE. SHE TOTALLY MISSED THE POINT

| Signature | Date |
|---|---|
| JeRJ Byrn | July 2.. |

RECEIVED
JUL 2 2 2014
South Unit
Grievance Coordinator

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

Pg 6

Inmate Grievance - GF Supplement

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Byrne John J | 240439 | South Unit / SD17C | A02-072-014 |

ARS 201.01 IS PERFECTLY CLEAR THAT ONE IT DOES NO SPECIFIC OR IDENTIFY CHRONIC DISEASE AS MS PEREIRA STATES, OR AS THE MEMO IN MEDICAL. AS FOR MY CHRONIC BACK CONDITION, AND FOLLOW-UP VISIT, MS PEREIRA DID STATE AS TO ME HAVING CHRONIC CONDITION, AND A FOLLOW-UP VISIS, BASED ON THESE STATEMENT AND DRS 201.01 AND 00110, MY VISIT AND MEDICATION ARE NOT CHARGABLES FOR ARS 201.01 SUB-SECTION I, PARAGRAPH 1 & 12

IN ORDER TO RESOLVE THIS ISSUE MEDICAL MUST RECOGNIZE THAT MY CONDITION IS CHRONIC AND IS COVERED UNDER BOTH ARS 201.01 AND ADOC POLICY 1101. MEDICAL NEEDS TO REMOVE THE MEMO FROM THE BULLITIN BOARD WHICH INCORRECT. MEDICAL ALSO NEEDS TO PROVIDE ME MY MEDICATION IBUPROFON, WHICH WAS PRESCRIBED BY THE DOCTOR, AND IS COVERED UNDER ARS 201.01 SUB-SECTION I, PARAGRAPH 2. AND FINALLY REFUND ALL MONIES THAT HAVE BEEN CHARGED TO ME FOR FOLLOW-UP VISITS.

| Signature | Date |
|---|---|
| Jof Byn | July 2014 |

RECEIVED
JUL 2 2 2014
South Unit
Grievance Coordinator

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

Pg 7

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance Response

| Inmate Name (Last, First M.I.)<br>Byrne, John J | ADC #:240439<br>Grievance #: A02-072-014 |
|---|---|
| **Institution / Unit / Housing**<br>ASPC-Florence/ South, DRM 5, D17L | |

| From:<br>Christine Pereira, Psy.D., Associate Health Services Admin | Location / Unit:<br>ASPC-Florence |
|---|---|

This is in response to your Inmate Grievance number A02-072-014, dated, June 24, 2014 which was received in the Florence Inmate Health Services office on June 24, 2014. Your primary concern is that you would like to have your condition recognized as a chronic care condition.

Investigation into your issue included a review of your medical records.

The purpose of this review is to determine if medically necessary health care, as determined by your health care providers, has been provided to you. This assessment of your medical needs may differ from your personal desires.

Subsequent to review and investigation, the results are as follows; during your follow-up appointment with your provider, you were diagnosed with chronic back pain. Per DOC policy, this is not recognized as a chronic condition. This is an Arizona Statute and cannot be changed at this level.

Your grievance is Not Substantiated and Resolved.

You may appeal this decision to the DOC Director by requesting appeal form GF-2.

| Staff Signature: | Date:<br>7-1-14 |
|---|---|

Distribution:   Original – Inmate,   Copy: Institutional File,   Copy: Grievance Coordinator

Pg 8

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| Received By | |
|---|---|
| Title | |
| Badge Number | Date |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3P, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First, M.I.) | ADC Number | Date |
|---|---|---|
| Byrne John J | 240439 | June 23 14 |
| Institution/Facility | Case Number | |
| South Unit / 50176 | A02-072-014 | |

TO: Grievance Coordinator

**Description of Grievance** (To be completed by the inmate) Today June 21, 2014, I received from CoIII Odom a response to my June 18, 2014, inmate informal complaint resolution, regarding medical's failure to refill my prescription for "ibuprofen". In CoIII Odom's response she stated quote "per Nurse Ourtscni, ibuprofen can be purchased in this inmate store (Keefe commissary) and that Corizon / Pharmacorp will no longer prescribing this medicine" unqote. Nurse Ourtscni and CoIII Odom failed to address my complaint, to whom I also stated that this medication, which was prescribed by the doctor who works for Corizon, was to help relieve my back pain due to a degenerated spine. (which is documented in my medical folder.) Under ARS.201.01, ADOC and Chrozon are obligated to provide me proper medical care. Under ARS-201.01 sub-section I, I am exempt from any payment for my medical health services for prescriptions, medication. Also under ARS-201.01, sub-section I, paragraph 12, inmates who are undergoing follow-up medical

**Proposed Resolution** ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?) To resolve this issue ADOC/medical must recognize that my condition is chronic, and under ARS.201.01 sub-section E I, paragraph 12, this ADOC/medical is obligated to provide me with proper medical care, which includes proper medication to help relieve my pain and suffering. It also stated that my chronic degenerate spine is exempt from any medical visit or the cost of medication. I am also requesting that ADOC/medical refund the four-dollars I was charge on May 28, 14 for a follow-up visit to medical for my chronic back pain.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | June 23 14 | | 6/24/14 |

| Action taken by | Documentation of Resolution or Attempts at Resolution. |
|---|---|

RECEIVED
JUN 24 2014
South Unit
Grievance Coordinator

| Staff Member's Signature | Badge Number | Date |
|---|---|---|

Pg 9

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

802-1P
2/14/00

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance - GF Supplement

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Byrne John | 240439 | SU  5017C | A02-072-014 |

TREATMENT FOR CHRONIC DISEASES. PER THIS SECTION OF ARS 201.01. SUB-SECTION I PARAGRAPH 12 MY DEGENERATE SPINE QUALIFIES ME AS CHRONIC CARE. (DEFINITION OF CHRONIC CARE - IS MARKED BY LONG DURATION OR FREQUENT REOCCURANCE) ALSO. NO WHERE IN ARS 201.01 DOES IT MAKE ANY REFERENCE TO WHAT TREATMENT OR WHAT MEDICATION SHOULD NOT BE PROVIDED TO AN INMATE WHO IS BEING TREATED FOR A CHRONIC ILLNESS.

THIS ALSO APPLIES TO A VISIT ON MAY 31, 2014. WHERE I WAS SEEN BY A NURSE TO DISCUSS THE PROBLEMS I WAS HAVING WITH MY BACK HURTING. AT THIS TIME WE DISCUSSED THAT THIS IS A FOLLOW-UP VISIT FOR MY CHRONIC DEGENERATE SPINE. AT THIS TIME THE NURSE INDICATED THAT I WOULD BE CHARGED FOR THIS VISIT BECAUSE MY CHRONIC BACK CONDITION DOES NOT QUALIFY UNDER ARS 201.01. SHE REFERENCED A MEMO POSTED ON THE BULLITIN BOARD. THIS MEMO STATED THAT UNDER ARS 201.01 THE FOLLOWING LIST OF DISEASES ARE THE ONLY DISEASES EXEMPT FROM $4.00 CHARGES. THIS MEMO IS MIS-LEADING AND NOT CORRECT. PER ARS 201.01 THERE IS NO REFERENCE TO SPECIFIC DISEASES OR CHRONIC ILLNESS. IT ONLY STATES ARS 201.01. SUBSECTION I. PARAGRAPH 12 QUOTE " INMATE WHO ARE UNDERGONE FOLLOW-UP MEDICAL TREATMENT FOR CHRONIC DISEASES " UNQUOTE. ARE EXEMPT FROM ANY CHARGES FOR MEDICAL CARE AND MEDICATIONS.

ATTACHMENTS : JUNE 18, 14 INMATE INFORMAL COMPLAINT RESOLUTN
JUNE 19. 14 INMATE INFORMAL COMPLAINT RESPONSE (COMMODORE)
COPY OF ARS.201.01



RECEIVED
JUN 2 4 2014
South Unit
Grievance Coordinator

| Signature | Date |
|---|---|
|  |  |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White  - Inmate, Canary - Grievance File

802-7
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| BYRNE, JOHN J. | 240439 |

| Institution/Unit |
|---|
| ASPC-F/South Unit |

| From | Location |
|---|---|
| CO III J Odom | ASPC-F/South Unit Programs |

This is in response to your informal complaint dated 06/18/14 and received by this office on 06/19/14 in regards to a prescription refill for Ibuprofen.

Per Nurse Durtschi, "Ibuprofen can be purchased in the inmate store. Corizon/Pharmacorp will no longer be prescribing this medication."

END OF RESPONSE

| Staff Signature | | Date |
|---|---|---|
| | *[signature]* J Odom | 6/19/14 |

## ARIZONA DEPARTMENT OF CORRECTIONS

### Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Byrne John J | 240439 | SDITC | 6/18/14 |

TO _MEDICAL_    LOCATION _SOUTH UNIT_

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

THIS Inmate Informal Complaint Resolution is AGAINST MEDICAL FOR FAILING TO FILL MY MEDICATION. ON JUNE 14, 2014, I SUBMITTED AN HNR REQUESTING THAT MEDICAL PLEASE REFILL MY PRESCRIPTION FOR "IBUPROFEN, 600 MG" ( THIS WAS NOT DUE TO EXPIRE UNTIL JULY) THIS MEDICATION WAS PRESCRIBED BY THE DOCTOR TO HELP ME RELIEVE THE CHRONIC BACK PAIN I HAVE FROM A DEGENERATED SPINE (THIS IS A DOCUMENTED IN MY MEDICAL FILE) I HAVE BEEN TAKING THIS MEDICATION 2009. AND NOW MEDICAL AND ADOC IS REFUSING TO PROVIDE ME WITH PROPER MEDICAL CARE FOR MY CHRONIC CONDITION. ADOC AND MEDICAL ARE REQUIRED TO PROVIDE ME WITH PROPER MEDICAL CARE WHICH INCLUDES PROPER MEDICATION TO HELP ME RELIEVE MY PAIN AND SUFFERING.

IN ORDER TO RESOLVE THIS ISSUE. MEDICAL MUST PROVIDE ME WITH THE MEDICATION (IBUPROFEN) SO AS TO HELP RELIEVE MY PAIN AND SUFFERING. I AM EXPERIENCING WITH MY CHRONIC DEGENERATION BACK.

RECEIVED
JUN 19 2014
South Unit
Programs

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| John Byn | June 18, 14 |

Have you discussed this with institution staff?   ☐ Yes   ☐ No

If yes, give the staff member name:

Rcvd 6/21/14

Distribution:   Original - Inmate
Copy – Grievance Coordinator File

802-11(e)
12/12/13

Section

ARTICLE 13.   ABSOLUTE DISCHARGE

31–351.   Repealed.

## ARTICLE 1.   OFFICERS AND EMPLOYEES

## § 31–201.   Definitions

As used in this chapter, unless the context otherwise requires:

1. "Department" means the state department of corrections.

2. "Director" means the director of the department.

Added by Laws 1987, Ch. 53, § 3.

## § 31–201.01.   Duties of the director; tort actions; medical treatment costs; state immunity; definitions

A. The director shall hold in custody all persons sentenced to the department under the law and shall hold such persons for the term directed by the court, subject to law.

B. In addition to the medical and health services to be provided pursuant to subsection D of this section, the director may, in cooperation with the department of health services, provide to prisoners psychiatric care and treatment pursuant to § 31–226 and 31–226.01.

C. The director may institute and pursue programs which promote the rehabilitation of the prisoners in the director's charge.

D. The director shall provide medical and health services for the prisoners. The director may contract for professional services to assist the director in carrying out this responsibility on behalf of the state, provided that all records made and retained in connection with the services provided by this subsection shall be made and retained only by duly authorized or qualified medical and professional personnel and not by any prisoner. Such records when not in use shall be retained in a safe and secure place.

E. If a victim of a person for whom a cost of incarceration has been calculated notifies the state that full restitution has not been made by the person for whom a cost of incarceration has been calculated, the state shall interplead with the superior court the disputed amount and set off the amounts owed the state from the remaining obligation.

F. Any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state.

G. The director shall establish by rule reasonable medical and health service fees for the medical and health services that are provided pursuant to subsection D of this section. Except as provided in subsection I of this section, every inmate shall be charged a reasonable medical and health services fee for each medical visit an inmate makes pursuant to a health needs request form or for emergency treatment.

H. Except as provided in subsection I of this section, the director may charge each inmate a reasonable fee for prescriptions, medication or prosthetic devices.

I. The director shall exempt the following inmates or medical visits by inmates from payment of medical and health services fees and fees for prescriptions, medication or prosthetic devices:

1. Medical visits initiated by the medical or mental health staff of the department.

2. Medical visits to a physician by inmates who are referred by a physician assistant or nurse practitioner.

3. Inmates at reception centers.

4. Juvenile inmates.

5. Pregnant inmates.

6. Seriously mentally ill inmates. For the purposes of this paragraph, "seriously mentally ill inmates" means inmates who as a result of a mental disorder as defined in § 36–501 exhibit emotional or behavioral functioning which is so impaired as to interfere substantially with their capacity to remain in the general prison population without supportive treatment or services of a long-term or indefinite duration and whose mental disability is severe and persistent, resulting in a long-term limitation of their functional capacities for primary activities of daily living, including interpersonal relationships, self-care, employment and recreation.

7. Developmentally disabled inmates who are housed in a special programs unit.

8. Inmates who are housed in unit 8 at the Florence prison facility.

9. Inmates who are inpatients at the Alhambra prison facility special programs psychiatric hospital.

10. Inmates who are inpatients at the Flamenco prison facility mental health treatment unit.

Pg 13

11. Inmates who are undergoing administrative physical examinations for statewide driver status and fire fighting crews.

12. Inmates who are undergoing follow-up medical treatment for chronic diseases.

**J.** An inmate shall not be refused medical treatment for financial reasons.

**K.** All monies received by the department for medical and health service fees shall be deposited in the general fund.

**L.** A person who is convicted of a felony offense and who is incarcerated while awaiting sentence or while serving a sentence imposed by a court of law may not bring a cause of action seeking damages or equitable relief from the state or its political subdivisions, agencies, officers or employees for injuries suffered while in the custody of the state or its political subdivisions or agencies unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute.

**M.** The director shall establish criteria for reasonable deductions from monies credited to the prisoner's spendable account to repay the cost of:

1. State property that the inmate wilfully damages or destroys during the inmate's incarceration.

2. Medical treatment for injuries that the inmate inflicts on himself or others.

3. Searching for and apprehending an inmate who escapes or attempts to escape.

4. Quelling a riot or other disturbance in which the inmate is unlawfully involved.

**N.** For purposes of this section:

1. "Reasonable fee" means an amount not to exceed five dollars.

2. "Serious physical injury" means an impairment of physical condition that creates a substantial risk of death or that causes serious disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ.

Added by Laws 1968, Ch. 196, § 1, eff. March 22, 1968. Amended by Laws 1975, Ch. 111, § 1, eff. June 5, 1975; Laws 1984, Ch. 92, § 1; Laws 1987, Ch. 53, § 4; Laws 1993, Ch. 255, § 57, eff. Jan. 1, 1994; Laws 1994, Ch. 332, § 1, eff. April 26, 1994; Laws 1994, Ch. 358, § 3; Laws 1995, Ch. 129, § 1; Laws 2011, Ch. 33, § 10, eff. July 1, 2012.

**Application**

Laws 1993, Ch. 255, § 99, as amended by Laws 1994, Ch. 236, § 17, effective July 17, 1994, retroactively effective to January 1, 1994, provides:

"Sec. 99. **Applicability**

"The provisions of §§ 1 through 86 and §§ 89 through 95 of this act apply only to persons who commit a felony offense after the effective date of this act."

## § 31–202. Repealed by Laws 1987, Ch. 53, § 5

## § 31–203. Persons disqualified as officers or employees

No person shall be appointed to any office or be employed by the department on behalf of the state who:

1. Is a contractor for the department, except pursuant to § 31–204.

2. Is interested, directly or indirectly, in any business carried on in connection with the department, except pursuant to § 31–204.

3. Is found intoxicated while on duty. A single act of intoxication shall justify discharge or removal.

Amended by Laws 1987, Ch. 53, § 6; Laws 1988, Ch. 6?, § 1; Laws 2010, Ch. 270, § 1, eff. May 7, 2010.

## § 31–204. Interest of employee in contracts; gifts to or from prisoner; penalty

**A.** An officer or employee shall not have any monetary interest in any contract or purchase made by anyone for or on behalf of the department or receive, directly or indirectly, compensation for services unless approved by the director.

**B.** An officer or employee of the department, a contractor or an agent or employee of a contractor, without written permission of the warden, deputy warden or prison administrator, shall not make a gift or present to or receive a gift or present from a prisoner, or barter or deal with a prisoner.

**C.** This section does not prohibit an officer or employee of the department from maintaining secondary employment in:

1. Any correctional facility that is not within the person's primary employment.

2. Any institution of higher learning as an adjunct faculty member.

1.2     Wardens, Deputy Wardens and Administrators shall ensure:

    1.2.1     Security and/or transportation staff exerts every reasonable effort to transport inmates for emergency and scheduled health treatment.

    1.2.2     Appropriate security escort is provided if an inmate is in need of emergency treatment and is transported by an ambulance.

## 1101.07     CHRONIC ILLNESSES

1.1     Physicians, Physician's Assistants, Director of Nursing and nurses shall:

    1.1.1     Ensure the Chief of Security and the shift commander are given brief written instructions about the appropriate intervention for each medical emergency which may arise from a chronic condition existing in the institution.

    1.1.2     Ensure allergic substances, including medications, are recorded - in red ink - within the Medical Record file, i.e., on the problem list, medical history form, the outside front cover of the Medical Record jacket and the chronic condition card.

    1.1.3     Inmates with a chronic condition(s) must be entered into the Inmate Health System Monitored Condition Data base, or similar tracking system, to ensure inmates with a chronic condition(s) is seen on a regularly scheduled basis, as ordered by the health care provider.

    1.1.4     Re-order medications and treatments for inmates with chronic conditions in a timely manner so the inmates receive the necessary treatment for their chronic conditions without interruption or unnecessary delay.

    1.1.5     Notify the Contract Health Site Manager when a movement is required in order to provide a special assignment or special housing to accommodate an inmate's chronic condition.

1.2     The Contract Health Site Manager shall:

    1.2.1     When notified of a movement requirement:

        1.2.1.1     Arrange for an intra-facility movement, when appropriate.

        1.2.1.2     The Contract Health Site Manager shall coordinate with their chain of command and Offender Services Bureau to initiate inmate movement for medical reasons.

        1.2.1.3     Notify the Deputy Warden or Administrator.

    1.2.2     Ensure special arrangements are made for treatment or delivery of medications immediately after being notified of such a need by the supervising Physician or Director of Nursing.

    1.2.3     Chronic Condition Reporting shall be in accordance with the Contract Reporting Requirements.

Pg 15