Brian Leslie Finkel, D.O.
Inmate # 182486
ASPC Florence-South 3d15up
PO Box 8400
Florence, AZ 85132-8400
Petitioner Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Victor Antonio Parsons, et al,
   Plaintiffs,

versus

Charles L. Ryan, et al,
   Defendants

No. CV-12-0601-PHX-DKD.

REQUEST FOR PROVISIONS TO SAFEGUARD INDICATED BUT NON-URGENT NON-EMERGENT HEALTH CARE SERVICES FROM CIVILIAN CONTRACTORS.

Brian Leslie Finkel, D.O.; Petitioner Pro-Se, is a member of the above class action lawsuit. Petitioner

(1)

has reviewed the provisions of the instant case meant to protect the health care of Arizona Department of Corrections; (ADC), inmates. Petitioner respectfully advises the court that the settlement currently lacks provisions meant to safeguard the health care needs of inmates who need referral to civilian contractors for <u>indicated but not urgent or emergent specialty consultations</u>.

A great number of inmates in the A.D.C. prison population have medically indicated reasons to be referred for consultation for non-urgent non-emergent health care to civilian contract health care providers. Those reasons included, but are not limited to:
1) Hernia repairs;
2) Joint replacements;
3) Skin cancer care;
4) Neurological care;
5) Surgical treatment in multiple surgical disciplines;
6) Multiple referrals for

disabling medical conditions. At the present time, A.D.C. and the prison H.M.O., are denying and delaying referral to civilian consultants by claiming non-urgent non-emergent referrals are not indicated. Such blatant denials are simple schemes meant to minimize cash expenditures by the prison H.M.O.. Both A.D.C. and the prison H.M.O. are active participants in this scheme. Such a scheme is unconstitutional, shows a deliberate indifference to inmate health care and results in both morbidity and mortality that would not be acceptable in the civilian non-prison population.

The scheme is called the A.D.C. grievance program. Inmates who are denied indicated non-urgent non-emergent consultations to off-prison campus medical consultants are required to file a series of escalating grievances which are always

(2)

DENIED BY BOTH A.D.C./PRISON H.M.O. BUREAUCRATS. THESE GRIEVANCES ARE TITLED:

    A) INFORMAL GRIEVANCE;
    B) FORMAL GRIEVANCE;
    C) DIRECTOR'S GRIEVANCE.

THE BUREAUCRATS TAKE MANY MONTHS TO RESPOND TO INMATE HEALTH CARE GRIEVANCES. THIS LONG DELAY SHOWS A DELIBERATE INDIFFERENCE TO THE INMATES' PAIN AND SUFFERING.

THE PETITIONER DOES BELIEVE THAT THE PROPOSED SETTLEMENT LACKS ADEQUATE SAFEGUARDS TO PROTECT THE HEALTH CARE NEEDS OF INMATES WHO NEED INDICATED NON-URGENT NON-EMERGENT DIAGNOSTIC TESTING, ENDOSCOPIC PROCEDURES, MEDICAL AND SURGICAL CONSULTATIONS. THE PETITIONER RESPECTFULLY SUGGESTS TO THE COURT THAT 10 (TEN) MEDICAL GRIEVANCES FROM EACH A.D.C. PRISON YARD BE INSPECTED QUARTERLY TO SEE IF THE A.D.C./PRISON H.M.O. ARE DELIBERATELY DENYING TIMELY REFERRALS TO

civilian medical contractors. Such a quarterly review will prevent a system-wide pattern of unconstitutional denial of health services to inmates who are totally dependent on A.D.C.'s contractors for their health care needs.

Small governments with great power and little oversight become corrupt. The instant lawsuit has shown the corruption with the ADC prison HMO health care system. It is petitioner's prayer to this court that adequate quarterly supervision of the medical grievance system become part of the final settlement.

Respectfully submitted by

*Brian Leslie Finkel, D.O.*

BRIAN LESLIE FINKEL, D.O.
INMATE #182486
ASPC FLORENCE-SOUTH 3d/15up
PO BOX 8400
FLORENCE, AZ  85132-8400

(5)