Parsons V. Ryan CV-12-00601-PHX-DKD

Ricardo Ramirez
ADC# 262582
ASPC- Eyman-SmuI
P.O. Box 4000
Florence, Az. 85132

☒ FILED   ☐ LODGED

**Jan 22 2015**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

January 20th, 2015

In the United States District Court
For the District of Arizona

Parsons, etal
        Plaintiffs
    vs.
Ryan, Charles L. etal
    Defendants

Case # CV-12-00601-PHX-DJH
Re: Settlement, of Oct. 14,
2014, opinions and comments
of inmate Ramirez, a prisoner
at ADC (Arizona Department
of Corrections).

    I Ricardo Ramirez, ADC# 262582, a
prisoner at the Arizona Department of Corrections
(ADC), does hereby submit this true statement
to the U.S. District Court and request a copy be sent
to the Prison Law Office, ACLU National Prison
Project and the Defendants. This state is my
opinion and comments to the proposed settlement
in the above mentioned class action civil suit.
    History
    I have been incarcerated at SMUI since
4/29/2011. I have had a few months at Rynning

(1)

unit, Rynning COU and Meadows COU. Along with two weeks at "watch pod" browning unit. This despite my being classified as a minimal risk prisoners and low points. The only reason why I am housed at SMU I is due to my "Life" sentence. In addition this is my first and only time ever incarcerated. My age is 51. I am currently on appeal on various grounds, including actual innocence. As a result I have been at SMU I for approximately 3½ yrs and still counting. I have not assaulted staff or any other inmate. I have been a model inmate. My only set back, according to the prison administration, is I file grievances. I have been subject to retaliation as a result. For example, I was assaulted in my cell, while handcuffed, by the floor officer CO II Ramos. I reported the assault and received a false reporting ticket, which was upheld by administration. I reported being abused in the rec yard for over 3½ hrs in the summer, with no access to water or a restroom. I received a ticket again for false reporting. I reported the CO III Greene not following through on verbal and written requests. I got a direct threat by the CO III Greene and lowered in Step level as a result. I will include a more detailed report if the court would care to review the written reports and civil case filed as a result. See Exhibit 1 copy of Civil amended complaint no# 2:14-CV-00191-SPL-DKD-(ESW) and

(2)

Exhibit 2 Inmate Grievance on step level case #
A38-074-014. Note that failure of due process
was never responded to. Further DI 326 states
step change is warranted when inmate is found
guilty of a class A or Class B ticket. I repeat
this incident never occurred nor was I ever ticketed
verbally or written. Lastly I was not afforded a
chance to respond to the ticket.

    Comments and Opinions on Settlement
  I believe this settlement is not sufficient to
cure the conditions at solitary confinement units
nor able to cure the deficiencies in Mental and
physical health care, for the following reasons.
  1. Accountability
  a) The terms require prior notice before inspection.
This prior notice gives ADC time to prepare for the
inspection. When there was an inspection over the
summer ADC put up a false impression that they were
improving conditions. I know this because I was in
Baker pod 2 cell 10 at the time. ADC went to every
pod in Baker wing requesting inmates to go to outdoor
rec (Basketball court a cages). I agreed to go. This began at
about 7:30 am. After awhile we got hungry and asked
when we were going in, at about 10:30 am. That is when
we were told we were not allowed to go in until
after the inspection team arrived and left. That
wasn't until approx. 2 pm. Incidentally that was only
the third time I was allowed to go to the outside

(3)

rec in about 3 months time. Surprise inspections usually show a more true adherence to the measures agreed upon.

b) The officers are the only ones who keep track of recreation times offered and denied. This is also true of shower times. No record of when Recreation is cancelled or denied by staff. Inmates only have access to the log sheet when an inmate denies Recreation or showers. In the past 30 days I have been denied recreation 3 times. Each time I request for makeup but none is given. I have begun to deny recreation on Saturday mornings (6-6:20am) to have access to the log sheet. Before I sign under comments I am placing my own comments so I can keep a legal record of conditions.

2. Disparate treatment

a) The new menu was begun on 1/6/15. There is very little change. We still get only 1 hot meal and 1 mega sack, with what seems identical to what was given before. Non-solitary units (the yards) get two hot nutritous meals (fruits/vegetables). One sack dinner. drink packets, condiment packets and napkins at every meal.

b) Solitary (Max units) units get no winter clothes or summer clothing. Despite all units are exposed to the same living conditions. Solitary units are actually worse, as defined in Parsons v. Ryan (9th Circut hearing on class action hearing),

(4)

C) The recreation that is still in primary use are the rec pens - devoid of equipment or lights (rec begins at 6am in winter months when sunrise is at 7:30am). Parsons V. Ryan No 13-16396 (9th Cir 6/5/14)("'rec pen'- a barren, windoless concrete cell with high walls [and] no exercise equipment"). The settlement still allows these "rec pens" to be used for 6 hrs/week, which is what was originally in place.

D) The new outdoor rec yard is an enclosed ⅓ to ½ court with one basketball and Eight cages (10x10). On the 4 and 3 wings there is a larger area with room to jog and has additional exercise stations, similar to the yard rec areas. I am on the 1 and 2 wing side we do not have access to the larger area. There are no plans to expand our side to equall wings 3 and 4.

E) We only have access to the outdoor rec area for once a week. If it is denied no make-up is given same as the indoor "rec pen." Inmates are taken on a rotation basis so if it is cancelled (Rec) one must wait until the next rotation. So no set time is given for rec (outdoor). It can be Saturday morning or tues day, wednes, etc.

F) Only Four inmates (If one of the inmates is a step II) are allowed in the basketball court. The rest must be housed in the cages. So even if you want to exercise one cannot. Case in point on our last outing there were seven step I and Step II inmates. So

(5)

three had to be placed in cages. In the rotation 3 three pods are afforded outdoor rec. Making more than 4 Step I and Step II inmates highly probable.

6). Visitation is only through glass and phones, non-contact. Which is extremely noisy when three or more inmates have visits. All three visits are placed side by side exacerbating the visit. Remember not all inmates are here for disciplinary reasons or risk to facility, as myself.

3. Physical and Mental health.

a) The mental health program is by invitation only. As noted in my case (civil complaint), I have voluntarily requested assistant to stop and reverse my mental deterioration, yet I am not in the SMI program. Keep in mind all professionals who have visited me and agreed I need help I am still not in the program.

b) The settlement does not address if more than tooth removals and only cavity fills will be a part of dental needs.

c) I have yet to get a physical (I am 51) to address my mental and physical health needs. I placed a request back in Oct. of 2014. This is true of other inmates I have spoken with. On my last intake all that was done was take my temperature and blood pressure. I began to bring up my mental and physical needs and was told "I dont

(6)

do that". That I would have to put in an HNR.
Which I have to no avail.

4. DI 326 (Step program)
   a) There is no due process with the step
program. The raise and lowering of steps is
arbitrary and without oversight. (see exhibit 2)
   b) The step program allows for loavers (radio/
TV). I and every other inmate has applied but
none given.
   c) Step III allows for housing in less restrictive
pro housing. There is no room in less restrictive
housing so, Step III's stay here and in time either
warranted or not are reduced in step. As my case.
I only spent One week in Step III.
   D) Step III allows for outdoor rec. When the
outdoor rec is during the rec pen time, visits etc.
there is no make-up. As I read the settlement,
wrongly or rightly, the outdoor rec. is in addition
to the 6 hr. rec pen, time. So far it is inclusive.
   E) No set time for outdoor rec usage. It
rotates, with no plan for make ups.
   F) Outdoor rec plan is inadequate. Too
many inmates are pulled for such a small court.
Lack of exercise area and equipment, unless one
is housed in wings 3 and 4.
   6.) The step program allows for greater
property but no specifics. As I see property is
the same for all steps.

(7)

5. Conditions of Confinement

a) In Parsons V. Ryan (9th Cir hearing) all professionals indicate that the isolation and "rec pen" causes harm. Yet the rec pen is still the primary rec unit used.

b) Still no contact visits, extreme isolation kept.

c) Does not address - poor to no ventilation, as in our pod, roach infestation, deprivation of basic needs (re-winter summer clothing, clean-covered mattres, abandoned in the rec pen w/out water or bathroom access, abandoned in the show stall etc)

d) As a prime example of deprivation and deliberate indifference is an incident that occurred this week (happens every week). The officer (CO Smith) did a walk (grave yard shift). I and others tried to turn in books/legal resources. It is only done on Sunday grave yard shift. CO Smith denied the request. Stating he is the only one working this entire wing. That he (Smith) would plu the books/resources on the next walk. Inmates who take meds also let the officer know that meds have yet to be passed out (It is 10:30pm at the time and meds are normally passed around 4:30pm or so). The grave yard officer the night before refused to plu books/resources all night long. CO Smith returned at about 1:15am. The CO smith was with the nurse - those inmates who take meds cried out for their meds. As a result CO Smith became agitated stating "looks like they all refused meds". The nurse, who refused to give her name, agreed. So they

(8)

left, refusing to pass out meds and P/U books/resources. Needless to say an uproar ensued. ½ hr later CO Smith and same nurse returned but CO Smith still refused to P/U books/resources. Two inmates refused to close their trap. An ICS was issued. At about 2:00 am Sgt. Bill bait and Lt. McClure returned to find out what happened. We stated the actions/inactions that occurred. Lt. McClure came to my cell and P/U my legal resources (see exhibit 3). I had the Lt McClure sign, date and time the pickup This is not an isolated incident, which I explained to the Lt McClure. This occurs every week. Lt. McClure stated write to me or request my appearance. I stated - I have done both with no response. only relaliation.

### Conclusion

While I agree that this settlement is a great first step, it is not enough for the reason stated above. Here are my points that should be part of the settlement.

1) Create a schedule for outdoor recreation

2) Use the outdoor recreation yard as the primary yard.

3) Create an outdoor recreation yard equal to wing 3 and 4 and yards. (include TP. in restroom & uncuffed)

4) Allow all inmates to utilize the full outdoor rec. yard pursuant to their step level

5) Create an oversight to the step level, to include due process.

6) Create a contact visitation as part of the step program to decrease the isolation. Especially

(9)

for those not here for disciplinary reasons.

7) All inmates have the same opportunity for out of cell time. Including 10 hrs of unstructured time and participation in programming. It makes no sense to deprive and deteriorate inmates mental health before allowing them into the program. As I recall proactive assistance is better than reactive. All professionals agree that all inmates are at risk, so they should all be included. I am a perfect case.

8) Promote written/verbal grievance process by working with inmates to resolve issues peaceably and not, I repeat not attack inmates who try to work within the system.

9) Make unannounced visits as an addition to announced visits.

10) Make sure basic needs are met. IE clean mattresses, clothing (same as the yard to include winter and summer), repair ventilation, reduce roach infestation, 2 hot meals.

11) Have Sgt's or Lt's do walks to PLU grievances.

12) Have officers carry cameras. Similar to officers on the street. All reports indicate these cameras have reduced officer complaints and useful in courts. This will protect inmates and officers. Promotes a more civil discourse in all altercations. If you treat inmates more respectfully - inmates in turn behave better. It is axiomatic that the people who are in more need of their basic needs met are those of us incarcerated and wholly dependant upon the floor officer for

10

those needs. The court would also have a better view if recordings can be introduced in court.

'3) Have rec. times to begin at appropriate times. At this time rec begins at 6:00 am. 1½ hrs before light is available.

14) Increase staff or decrease the prison population. The most common reason given by officers as to the deprivations is — not enough staff. As in states with Arizona's similar problem. Rising prison population, longer incarceration times and decreased or stoppage in prison guard hires leads to serious deprivations and serious risk to inmate harm. As Governor Doug Ducey stated. Arizona now spends more money on prisons than education. Now there is a record deficit. Prisons will be worse in the future, despite Parsons v. Ryan unless serious changes are forced upon the states. I urge the Court to take seriously my opinion and others like mine. Who have a unique perspective — as prisoners. I thank the Court for its time and encouragement for opinions.

Respectfully, submitted this 20th day of January of 2015.

Thank you

Ricardo Ramirez                    1/20/15

(11).

Parsons V. Ryan CV-12-00601-PHX-DKD

E-filed - please submit copies to:

1) Clerk of the Court

United States District Court, District of Arizona

401 W. Washington St, Suite 130, SPC1

Phoenix, AZ 85003

Presiding Judge - The honorable Neil V. Wake

2. Prison Law Office

General Delivery

San Quentin, CA. 94964

3. ACLU National Prison Project

915 15th St. N.W., 7th Floor

Washington, D.C. 2005

4. Charles L Ryan

(Defendants)

(12)

Parsons V. Ryan   CV-12-00601- PHX-DKD

Exhibit 1

Copy of: Amended Civil Complaint
Ramirez v. Ryan
2:14-CV-00191-SPL- ESW
(18 pgs)

**TUCKER, DEAN**

| | |
|---|---|
| **From:** | azddb_responses@azd.uscourts.gov |
| **Sent:** | Monday, December 29, 2014 2:04 PM |
| **To:** | azddb_nefs@azd.uscourts.gov |
| **Subject:** | Activity in Case 2:14-cv-00191-SPL-ESW Ramirez #262582 v. Arizona Department of Corrections et al Amended Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### DISTRICT OF ARIZONA

#### Notice of Electronic Filing

The following transaction was entered on 12/29/2014 at 2:04 PM MST and filed on 12/24/2014
**Case Name:** Ramirez #262582 v. Arizona Department of Corrections et al
**Case Number:** 2:14-cv-00191-SPL-ESW
**Filer:** Ricardo Ramirez
**Document Number:** 20

**Docket Text:**
**FIRST AMENDED COMPLAINT against Unknown Bowers, Unknown Ramos, Charles L Ryan filed by Ricardo Ramirez. (17 pages)(LFIG)**

**2:14-cv-00191-SPL-ESW Notice has been electronically mailed to:**

Ricardo Ramirez      eym_smu1_sender@azcorrections.gov

**2:14-cv-00191-SPL-ESW Notice will be sent by other means to those listed below if they are affected by this filing:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=12/29/2014] [FileNumber=12970734
-0] [97c9180b1c765e17a32e1b60b862fe4729993c1dde6e4006f39e6afea59a10237
da8e98e16f40800fc4571623e4f094ad910904328aae5e60c536e9a768a01c2]]

Ricardo Ramirez, ADC#262582
ASPC-EYMAN-SMU I
P.O. Box 4000
Florence, Az. 85132

☒ FILED    ☐ LODGED

**Dec 24 2014**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

December 23rd, 2014

In The United States District Court
For the District of Arizona

Ricardo Ramirez, proper
Plaintiff

vs.

Charles L. Ryan, Director
in his official capacity

CO II Ramos

Sgt. Bowers
        Defendants

No: 2:14-CV-00191-SPL-ORD
Civil Rights Complaint
by prisoner
First Amended Complaint

A. Jurisdiction

1) This court has jurisdiction over this action pursuant to: 28 USC §1343(p); 42 USC. §1983; 42 §1997 (d).

2) Institution where violation occurred; Arizona Dept. of Corrections (ADOC)-ASPC-EYMAN-Units-SMU I, Running, Running CDU, Meadows CDU. and Suicide watch.

B. Defendants

1) Charles L Ryan, In his official capacity, Director of Operations at ADOC, Pursuant to Ariz. Revised Statutes; §31-201.01 and §41-1604.

2) CO II Ramos, corrections officer at ADOC, SMU I (Special Management Unit One)

3) Sgt. Bowers, corrections officer at ADOC SMU I.

(1)

## C. Previous Lawsuits

I, Ricardo Ramirez, pro per, have filed previous lawsuits while a prisoner:

1) First prior lawsuit; Ramirez V. Arpaio-CV-101365-PHX-RRB-DKD. Which resulted in a dismissal for failure to exhaust remedies.

2) Second Prior lawsuit; Ramirez V. Arpaio-CV-101364-Phx-SRB-DKD. Which resulted in a dismissal without prejudice for failure to exhaust remedies.

3) Third prior lawsuit; civil Action - Ramirez V. Estrada CV-2010-005090. Which was dismissed for lack of service as Defendant died during process.

## D. Cause of Action

1. 8th Amendment violation of the United States Constitution. — Count I

2. Count I issue involves; Excessive force by an officer.

3. Supporting Facts:

On 6/3/13 CO II Ramos came in to my cell, while I was handcuffed and assaulted me. Prior to the action; I was being subjected to disparate treatment and retaliation for filing grievances. Deprived of Basic needs of which CO II Ramos was a party of. I was being denied recreation and showers, weekly. So I filed a grievance of which my grievance was held that the floor officers were to offer me opportunity to Rec/shower on my appointed day and times. As a result I was left in the rec. pod in excess of 3 to 4 hrs without access to water or a restroom. Also I was

(2)

Left in the shower stall in excess of 2 hrs plus. I tried
to resolve these issues by the proper grievance process
to no avail. I began to request to speak to a Sgt, but
was denied. I finally broke when the floor officer stated
"you wanted recreation and shower so now you get it with
a 2 hour shower to match" paraphrased. As a result I
sat on my bunk, crossed legged, and handcuffed. Requesting
to speak to a Sgt. Instead, CO II Ramos went into my cell,
backhanded me in the face, then grabbed me by the back of the
neck and threw me on the floor. I landed on my shoulder and
head. CO II Ramos then placed his knee on my back and head.
Yanked, hard, on the handcuffs. Raising them and my hands
and arms. I cried out in pain and cried out for help. CO II
Ramos was attempting to forcefully remove the cuffs but
failed. After a time CO II Ramos gave up and walked out of
my cell. leaving me on the floor in pain. I possibly blacked
out. Because next I recall is CO II Ramos and Lt. Montez
yelling at me to rise. I couldn't. So both officers entered
and took me to an office outside the pod area. Where I
tried to tell Lt. Montez of the assault. Lt. Montez only
threatened me with numerous violations if I filed a report.
I also requested medical attention but was denied it by
Lt. Montez. CO II Drago (unsure of spelling) pulled me out of
a dry cell and placed me back in my cell.
    4. Injuries: Head and shoulder injured, swollen hands-one severe,
dizziness, nausea, constant and continuous frequent head aches,
and hit with a false reporting ticket and subsequent disciplinary
actions.
    5. I attempted to file administrative remedies but was

(3)

denied. I even filed an emergency grievance but was denied to appeal to highest lest. In violation of set Dept. Orders of ADOC.

## Count II

1. Violation: 1st Amendment of the U.S. Constitution.
2. Count II issue: Retaliation
3. Supporting Facts: On 4-29-11 I arrived at SMU I. I noticed numerous civil rights violations (inadequate rec, denied of Rec/showers, denial of basic needs – razors, clean mattress etc.). I began the grievance process. On 5/26/11 I was taken to speak to CO III McClellan and CO IV Pinney. CO IV Pinney stated "If I kept filing grievances I would be taken care of." I reported the incident to the highest level (Directors office). The officers denied the allegation so nothing was done. This had a chilling effect on me. But the conditions continued and got worse. I was routinely denied Rec/shower on a weekly basis. I couldn't stand it so I filed a grievance despite the threat. My Rec/shower grievance was ultimately was upheld. The officers were forced to provide my basic needs. After a few weeks the retaliation started. I was routinely left in the rec and shower for excessive times – on a weekly basis. I began another grievance. For which I was sent to Running CDU (Complex Detention Unit). After just over two months I was returned to SMU I. I was called to see CO III McClellan and CO IV Pinney again. Where CO IV Pinney stated "We can do whatever we want with you". The retaliation continued even more. I tried to speak to a Sgt. concerning my issues but was assaulted – see count I. When my classification was changed I was denied movement to a lower custody level for approx. a year. I was not moved until after I filed a civil rights complaint. I was then moved back to SMU I.

(4)

after only a week at a lower custody level (Ryan ing Unit).
Where retaliation continued. At one time Sgt Contreras became
aware of me being left in Rec/shower w excess. He (Sgt.)
came by to visit and noticed me w the shower. Note Rec/shower
began just after 2pm. It was almost 8pm when Sgt. Contreras
stopped by to inspect. Sgt. Contreras apologized and stated he would
take care of it. Which only lasted a couple of weeks. A month later
Sgt. Contreras came by to see the retaliation continued. After that
visit Sgt. Contreras never came by and the retaliation continued.
I was just recently moved to 2 Able pod. Where disruptive inmates
are held. Two additional tickets were issued recently. One for
reporting me being left in the rec room for 4 1/2 hrs w/out water
and restroom (August of 2014 - high temps) and another for
supposedly holding back a tray. A ticket of which I was never
informed of or issued. But as a result I was moved to 2A and
denied the only meaningful outdoor rec. recently installed as
a result of Parsons v. Ryan. (3 month denial). In addition
when my family called to complain of my treatment they were
told on at least two different times "to tell me to stop
filing grievances and life would be better for me here." They
are willing to testify to these calls.

   4. Injury: Suffered unwarranted disciplinary actions, assault,
placed in severely restricted environment, denied health care,
property lost / broken, physical and emotional trauma (severe).

   5. No administrative Remedies available, despite my
best efforts.

## Count III

1. Violation: 1st Amendment to the US Constitution.
2. Count III issue: State action that violates the

(5)

Sphere of the intellect and spirit.

3. Supporting facts: On 4-29-11 I was placed at SMU I without notice. When I did receive a hearing, the criteria set forth by ADOC for placement at SMU I did not match my history or actions. All subsequent hearings were perfunctory-nothing I did would allow me to be moved. I do have a life sentence but I am eligible for parole, due to this being my first conviction and exemplary history prior to these charges. There is no doubt as to the conditions being atypical and significant hardship at SMU I. As my grievances show and subsequent retaliations imposed by prison guards. Further proven in Parsons V. Ryan No. 13-16396 D.C. No. 2:12-CV-00601-NVW (9th Cir. 6/5/14). The 9th Cir. Court upheld the class action on: "Systemic 8th Amendment Violations", "governing medical care, dental care, mental health care, and conditions of confinement in isolation cells expose them to a substantial risk of serious harm to which the defendants are deliberately indifferent." Of which I was and still being subjected to. Each time I complained I was assaulted, demeaned, isolated even further, denied due process, denied basic needs, property lost/broken.... I was even sent to suicide watch, at one point, for almost two weeks. Where I was stripped searched daily, subjected to chemical spray one to two times a day, told I was at fault for not joining a prison gang, not taking in a group of inmates who had "shanks", I am still sitting at SMU I in the mental unit - yet no evaluations given despite my request for one. All done to break me - which it has on several occasions and contemplating suicide.

4. Injury: Severe depression, suicidal, physical and mental deterioration, subject to retaliation.

(6)

5. No administrative remedies available.

## Count IV

1. Violated: 8th Amendment to the U.S. Const.

2. Count IV issue: Threat to safety.

3. Supporting facts: Since my conviction I was placed at SMU I (4/29/11). SMU I is a max unit where prisoners are held in solitary confinement. Subjected to atypical and significant hardships. In addition to that I was subject to disparate treatment for filing grievances. In Parsons v. Ryan these conditions of confinement where found to be longstanding and systemic. With testimony given by inmates, ex-employees and current employees, and health and mental care professionals. While some changes are being made not all conditions are being fully addressed. I hope to address them in my civil complaint. That being said, the damage has already been done. Despite my attempts through the grievance process, so ADOC staff and director were fully aware of the damage being done. and were indifferent.

4. Injury: Severe mental deterioration, physically assaulted, continued mental deterioration, high anxiety, depression (severe), suicidal at times, undue disciplinary punishment, lost property...

5. Administrative remedies unavailable.

## Count V

1. Violated: 14th Amendment of the U.S. Const.

2. Count V issue: Disparate treatment, equal protection

3. Supporting facts: On 4-29-11 I was placed at SMU I without a hearing or fitting the criteria set forth in ADOC policy. in regards to risk of escape, history, threat to the institution, point system actually classified me as a

(7)

minimum or less risk inmate. But, told I was here due to my life sentence. disregarding their own criteria or parole eligible. Williams v. Mauternach, N.D. Iowa 2002, 192 F. Supp. 2d 980 addressed this issue. "Inmate sufficiently pleaded equal protection violation, based on his treatment as a "lifer"...) and Prieto v. Clarke, 2013 WL 6019215 (E.D. Va. 2013) "...automatic placement of death-row prisoners in solitary confinement - without any process in which the prisoner could challenge the placement, and without respect to their dangerousness, misconduct, or any other individualized reason - is a violation of due process." In addition my grievances and Parsons v. Ryan shows that SMUI is atypical and significant hardship as compared to ordinary prison life. With system deficiencies, and deliberate indifference. When I tried to improve conditions. I was subjected to weekly retaliations, assault by staff, false tickets issued, my legal mail opened and returned, then cited (see other counts). In addition, other prison units are issued warm clothing during winter months, access to library, served nutritous (2 hot) meals, available to receive jobs, direct contact visits, order (full menu) commissary, meaningful recreation, access to education (college courses) etc. As the U.S. Const. asserts all men have a right to file grievances without fear of retaliation, and access to courts (even prose inmates), due process, and the right to familial bonds, the intellect and spirit not invaded with deliberate indifference, if at all. I filed a grievance after assault by COII Ramos. A month later COII Ramos was placed back on rotation (in my pod area). CO II Ramos then began to strip search me (complete) whenever I went to

(D)

recreation, upon my return from recreation, before visits, then proceeded to tighten my cuffs each time. With a final threat to my life if I ever filed a complaint on him or any other officer. No other inmate was strip searched in the entire area as far as I could see. This was addressed specifically in 42 § 1997(d) Prohibition of retaliation. The strip searches lasted for weeks until another officer noticed the treatment. (Yes- while the majority of officers violate inmates rights some do their job).

4. Injury: loss of ERC's (Earned Release Credits), assaults, unwarranted tickets, strip searches, severe physical and mental deterioration, high anxiety, severe depression, severe negative thoughts, basic needs deprivations...

5. No administrative remedies available.

## Count VI

1. Right Violated: 1st Amendment of the U.S. Const.

2. Count V issue: Denial of Access to Courts.

3. Supporting facts: On 10/8/13 a ticket was issued by Sgt. Bowers (mail dept.) for sending Ms Cecil a legal letter. DHO Sgt. Copeland came to my cell and served me with the ticket. Explaining that Ms Cecil filed a do not contact with ADOC. I stated and showed court documents that: 1) we were both pro per litigants in a civil suit Ms Cecil filed against me 2) showed Sgt. Copeland legal letters we had already sent each other. The Sgt. Copeland dismissed the ticket and stated for me to notify the legal mail dept. of my circumstance so this wouldn't happen again. I did as requested. I received a reply from the legal mail dept. Ms Ulibarri (legal aide) that this was indeed legal mail and verified we were proper litigants and this was a valid court

(9)

order. I then resent my legal mail. A officer came to my cell checked my legal mail, when he OK'd it. I placed the legal mail in the legal envelope (clearly marked). The officer then took my mail. The next day on 10/29/13 Sgt. Bowers opened my mail and issued a new ticket (13-A08-5394). This time Sgt. Copeland had Capt. Shaw hold a hearing. I showed all documents pertaining to the legal mail, including a court order issued by Superior Court Judge Eileen Willett allowing us to communicate w regards to a QDRO issued, The Legal librarian (paralegal) Ulibarri permission to send mail, 2 other subsequent legal letters sent by Ms Cecil to me. Despite the facts I was found guilty and subjected to disciplinary action including loss of visits and ERC time. Loss the ability to appeal a ruling and had to eventually hire an outside attorney to help with the QDRO. This goes also to disparate treatment. Ms Cecil was allowed to file a court action against me but I was hindered and punished when I replied per rules of civil proceedings and right to appeal as a proper litigant.

4. Injury: loss of right to appeal. Unable to serve Ms Cecil with appeal letter, loss of monies due to unable to appeal, and loss of monies to hire an outside attorney - to a total of over $40,000⁰⁰ and counting.

5. Administrative Remedies unavailable.

## Count VII

1. Violated: 14th Amendment of the US. Const.

2. Count VII issue: Disciplinary proceedings

3. Supporting facts: On 1/2/13 I was issued my first ticket. When asked if there were witnesses I stated yes. This is on the record. The witness were my mother (70+ yrs old - clean record) and

(10).

brother (Appox 55 yrs old - also exemplary record). They posed no
hazard to person or by phone. But was denied to call witnesses.
On 6/3/13 COII Ramos issued a false reporting ticket (I reported CO#
Ramos assaulting me). I requested witnesses be interviewed and be
present (denied). The witnesses (inmates) did file a statement.
I requested camera interviews be added as well as health reports
both were denied. Despite the witnesses I was found guilty but
I received no written report or a fair hearing. Cpt. Shaw found me
me before I was able to relate the incident and disregarded all
witnesses. 10/24/13 issued a ticket (see VI-access to Courts) and
found guilty despite documented evidence. On 7/22/14 I was issued
a false reporting ticket by Sgt. Jacobs (I tried again to resolve the issue
of being left in the rec room, by the floor officers, for 4½ hrs. Sgt.
Copeland recognized me and couldn't understand why the ticket was
issued. He asked if I was still filing grievances. I said yes. In fact
the ticket had a copy of my grievance. Sgt. Copeland dismissed it.
On 9/3/14 another ticket was issued. But summarily dismissed on
9/4/14. I was not made aware of the tickets existence or issuance.
Until I was lowered in Step (New program installed as a result of
Parsons V. Ryan to help alleviate the conditions of confinement). I
didn't discover it until the COIV replied in November of 2014 response.
No hearing was held, no ticket issued yet I was disciplined. Losing
my ability to access to a new basket rec. area- the only meaningful
outdoor exercise (3 month loss). In addition to other privileges- including
being moved to a less restrictive environment. Disciplinary proceedings
including ₹ loss of ERC time (parole eligible), loss of visits, loss of
commissary, loss of access to T.V. (unplugged) or radio.... Denied
witnesses that would have exonerated me, denied crucial
evidence (taped interviews, health records) and when Sgt. Shaw

(11)

and Sgt Bowers were in charge I received an unfair trial.

    4. Injury: Suffered disciplinary sanctions, loss of liberty interest, loss of familial bonds - increased physical and mental health. Tickets used as another retaliation. Placed in more restrictive environment.

    5. No administrative remedies available.

### Count VIII

1. Violated: 8th Amendment of the U.S. Const.

2. Count VIII: Recreation

3. Supporting facts: Since my arrival on 4/24/11 I was constantly denied access to the Rec. area (10x20 solid walled concrete area, devoid of exercise equipment)(weekly). I filed a grievance to the top it wasn't until 11/14/12 that ADW Savinen ruled in my favor. What followed was worse. The floor officer clearly stated what I felt. That since I wanted a 2hr. rec I would get a 2hr. shower. Other officers left me in the Rec. for 2-4 plus hrs. Despite the ruling other officers still denied me Rec. time. stating lack of personnel to offer rec. This is still ongoing to date despite my best efforts, in filing subsequent grievances. It is worse in winter time - No winter clothing is issued and the rec room has no lights. Other units issue winter clothing and have rec time during daylight hrs. Floor can offer rec at a later time but refuse. Parsons V. Ryan highlights this problem. " denial of adequate recreation" " rec pen = a barren, windowless concrete cell with high walls [and I]no exercise equipment." As a result of Parsons a rec yard was made outdoors, but the "rec pen" is still the primary recreation used. on occasion (once a week) we are allowed to use the outdoor basketball court. Unless one is lowered in step (as I was - without due process). In addition

(12)

Parsons V. Ryan 2:12-cv-00601-DJH (stipulation 10/14/14) the defendants agreed to the following: pg 38 All max-custody prisoners .. SMU I.... in D1326 (Step program) are offered a minimum of 7.5 hrs out of cell time per week.. Step II.. 8.5 hrs.. Step III.. 9.5 hrs... 6 hrs of cell-exercise time a week.... pg 39. In addition.. all prisoners in max. custody receive: 10 hrs of unstructured out of cell time per week..." So far ADOC has not followed through on the Stipulation. I will file a notification with the court as allowed in the stipulation. Note I was a Step III but lowered to Step I without cause.

   4. Injury; denial of adequate exercise - see previous Injury's.
   5. No administrative remedies available.

Count IX

1. Violated : 8th Amendment of the US. Const.
2. Count IX issue: Basic needs
3. Supporting facts: Upon my arrival at SMU I on 4/29/11. I noticed the torn and worn mattress. I asked the officer who brought me in about the mattress. He stated for me to "Kite" the COIII McClellan for a replacement. I did. That was one of the grievances I filed when I was brought to COIII McClellan and COIV Piorey's office. Instead of helping I was threatened. (see Count II). This chilled my grievance filing. After I waited I kited properly about the mattress. COII Gonzalez response was that mattresses were not in stock. I waited a couple of months but still no mattress. I Kited the Sgt A female Sgt. did come to my cell. She noted that indeed the mattress should have been replaced. A new one and a replacement was to be brought to me. But none was. I then Kited the COIII about the issue, with great trepidation. On September 10th of 2012 a new mattress was finally brought to me. (1½ yrs later). After I suffered

(13)

two eye infections and back pain, which prompted my Kiting the COIII McClellan. I was soon moved to CDU Rywning where I encountered the same problem. COIII Doherty stated "stop Kiting" "writing dumbass Ketes" "That's why I'm here." I am currently in POD A with a torn and worn mattress. There is an obvious systematic denial of decent mattresses. Razors are also denied since my arrival and ongoing despite responses that the issue was addressed. It's been 3 weeks since I was able to shave. I developed a condition where I pulled my facial hair. Cleaning supplies have been denied since my arrival. I even spent several months with urine and fecal matter in my cell. Despite assurances that cleaning supplies would be handed out weekly. It's been several months since I have had access to cleaning supplies.

    4. Injury: Caught 2 eye infections, 2 Leg infections, back problems, physical and mental deterioration.

    5. No administrative remedies available.

Count X

1. Violated: 8th Amendment of the US Const.

2.  Count X issue: Medical care.

3.  Supporting facts:

I placed a HNR (Health Need request) due to poor mattress causing back problems. It took over six months to be seen. When I caught an eye infection my HNR's were ignored until it spread to the second eye. (6 months later). I was finally seen and issued an antibiotic. While at CDU Rywning I caught a back case of shingles and subsequent Leg infection. Despite 4 emergency HNR's it took two weeks to be seen. By this time I developed large pustules. I was unable to walk for a month. I suffered excruciating pain

(14)

for a total of two months and permanent scarring. All floor
officers and med nurses ignored my pleas. When I was assaulted
COII Ramos and Lt Montez had to lift me up and carried me
to an outer office. Despite obvious pain, suffering and
injuries I was denied medical care. Lt Montez and COII Ramos
also violated ADOC rules w regards to inmate safety and
health care needs and procedures. I was seen the next day
after I filed a grievance, an HNR (emergency) and my family
called the front office. Meds and ice packs were issued. So
medical care was required. Parsons V. Ryan was able to
show that there was systemic denial or/and delay of
health care needs pervasive throught the system." the district
court deemed this evidence to be 'significant proof that ADC
is operating under a policy of providing deficient health care'".

    4. Injury: Months of undue suffering due to delay and/or
denial of healthcare. on several occasions, suffered permanent
scarring of my leg permanent back problems. permanent head aches.

    5. No administrative remedies available.
                    Count XI
    1. Violated: 8th Amendment of the U.S. Const.

    2. Count XI issue: Mental Health Services.

    3. Supporting facts: I placed 4 seperate requests for
mental health services. Each time I was told sessions would
begin but the mental health providers never followed through.
Citing lack of personnel. On 4/25/13 I placed a request to
speak to Dr. Caruso. After a short evaluation Dr. Caruso did
agree that sessions would be appropriate and sessions would
begin w two weeks. I was never pulled. despite assurances.
Each time I was asked if I had mental health issues. I

                    (15)

stated I did but was never assisted. Despite written and verbal requests. Parsons V. Ryan also exposed a systematic failure in providing mental health care. In addition. Parsons identified deliberate indifference to inmates mental needs "...Solitary or so-called 'super max' confinement can very seriously damage the overall mental health of prisoners" "...responsibility... of monitoring prisoners who are currently housed in solitary confinement for signs of emerging mental illness..." "ADC prisoners are at risk of substantial psychological harm under ADC's current isolation policy and practice."

4. Injury: severe depression, suicidal, anti-social, anti-authority, severe negative thoughts, began condition of pulling out my facial hair, hallucinations...

5. Administrative remedies not available.

### Count XII

1. Violation: 8th Amendment

2. Count XII issue: Failure to protect

3. Supporting facts: After I reported the assault by staff (COII Ramos). ADOC staff upheld the false reporting ticket by COII Ramos and did not issue any disciplinary actions to my attacker. But, did put COII Ramos back in my POD area were he continued his assaults by 1) Denying me rec (showers 2) denied me razors. 3) Tightened the handcuffs to the point of pain at every occasion 4) Strip searched me at every movement (even within the POD). 5) made a threat to my life 6) Warned me not to ever file grievances. This continued for weeks. I shut up as a result. The conditions of confinement were allowed to deteriorate to the point

of substantial risk to inmates, myself included, as proven in
Parsons v. Ryan. In Parsons the defendants did agree to
stipulations which ADOC has yet to fulfill.

### E. REQUEST FOR RELIEF

1. Actual damages: 2.5 million ($2,500,000.00)

2. Punitive awards: 2.5 million ($2,500,000.00)

3. My tickets be dismissed or remanded for a fair hearing.

4. I be placed in a unit in accordance to my classification and
safety assured while reduced risk of harm.

5. Have all officers wear cameras. While officers are now
placing cameras on to reduce abuse in the "outside" world, Inmates
are most vulnerable and should be afforded the same protection.

6. An Attorney be appointed to assist me, as Parsons v.
Ryan shows a good attorney can provide results, my issues
are in line with most of the issues complained of in Parsons,
and my mental capacity is in serious question.

7. A mental health professional be assigned to assist,
evaluate me. One not of this prison but one from the
outside world. Whose payments be paid by ADOC. ADOC to
also provide a private area in which to have the sessions.

I, Ricardo Ramirez, proper, do hereby respectfully
submit this First amended complaint. this 23rd of
December of 2014. All statements are true to my
best abilities.

Ricardo Ramirez, proper
12/23/14

12/23/14

Parsons V. Ryan  CV-12-00601-PHX-DKD

Exhibit 2

Grievance of Step change
(Step III to Step I)
(10 pages)



# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE

AB3.04.014

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 752 | Ramirez | 262582 | 262582 | Eyman | SMU I |

In your grievance filed at SMU I, you claim staff unjustly reduced your step level from III to I. Your resolution is to know why, and to be transferred to a less restricted unit.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. Your Step Level was reduced based on a disciplinary infraction. The infraction was handled at the lowest level (Informally Resolved). This does not mean the infraction was dismissed. Staff's decision to reduce your level was appropriate due to your behavior. Your request to be transferred to a less restricted unit is denied.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

cd

**Appeals Officer**

FOR

**Charles L. Ryan, Director**

12/23/14

**Date**



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

752

(To be completed by staff member initially receiving appeal)

Received by: DRAKE
Title: C611
Badge #: 1869
Date: 12-3-14

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

7 attachments (1 supp. 6 exhibits)

PLEASE PRINT

| Inmate's Name *(Last, First, M.I.)* | ADC No. | Date |
|---|---|---|
| Ramirez, Ricardo | 262582 | 12-3-14 |

| Institution | Case Number |
|---|---|
| SMU I | A38-074-014 |

TO: Director

I am appealing the decision of __UNKNOWN - Signature unreadable ? Warden__ for the following reasons:

Re: Step level/Due process. I was reduced in Step level (Step 3 to step 1) without cause or notification. As the record shows on 9/11/14 I went from Step 2 to Step 3. Then on 9/18/14 I was reduced in Step from Step 3 to Step 1 for a minimum of 30 days. Yet it is now 12/3/14 and I am still on Step 1. (86 days now). On 9/21/14 I put in an Emergency I/L to find out why I was disciplined. 30 days later I rec'd a reply with no explanation "Your Inquiry Has been Addressed and Answered CO III Green." Yet no explanation was ever given either orally n written (see Exhibits I & II). On 10/22/14 I filed a formal Grievance - see Exhibit 3. 30 days later I rec'd a reply. See

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | | CO III J. Hernandez | 12-8-14 |

| Response To Inmate By: | Location |
|---|---|

**RECEIVED**

DEC 12 2014

ADC
CENTRAL OFFICE APPEALS

| Staff Signature | Date |
|---|---|

DISTRIBUTION:
INITIAL:   White & Canary - Grievance Coordinator
           Pink - Inmate
FINAL:     White - Inmate
           Canary - Grievance File

(2)

802-3P
2/14/00

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance - GF Suppleme...

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Ramirez Ricardo | 262582 | SMU I 2A-4 | A38 074 014 |

exhibit 4. That was the first I ever heard of a ticket ever being issued by COII Munoz, and DO informally resolving it on the next day. Of which I was never informed, cited or allowed to respond. But as the record shows the ticket was resolved by DO Disc. Sgt. informally with no disciplinary recommendation. At least I've never been aware of. again, neither orally or written. On 10/29/14 I filed an Appeal. On 12/3/14 I rec'd a reply (35 days later). See exhibit 5 & 6. All holding the findings and denying a change in step level. (86 days now - way past the 30 day min.)

I never held back tray or disrupted any officers work. Quite the opposite. I have been a model inmate. Yet subjected to extortion, assault by staff, threatened by staff and wrongfully disciplined. I do file grievances only when appropriate. In this I have been subject to retaliation by staff. Case in point prior to this ticket. Officer Jacobs (sgt) issued a ticket for filing a false grievance - I filed a grievance for being subjected to being left in the rec for over 4 hours w/out water or access to restroom. I supplied all officers involved and time/date. The disc. sgt. presented the ticket then wondered why I was issued a ticket. The disc. sgt. recognized me and stated that I should not be issued a ticket and he was to investigate why. But did state that I was probably issued a ticket for filing grievances against officers. As far as I know it was resolved ???. When my family called they were told, also, that I would be no longer harassed if I would stop filing grievances. (twice told by COII's). This false ticket by COII Munoz is another example of retaliation. I was disciplined (step change) despite not being issued a ticket and DISC. Sgt. dismissing it informally with no punishment or even speaking to me. Yet the COII and others chose to discipline me. Note One of my grievances was against COII Greene. I request an immediate step change, moved to a less restrictive environment, retaliation to cease, due process to become a part before issuing any disciplinary action.

| Signature | Date |
|---|---|
| | 12-3-14 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

*Exhib:t I*

*\*Notices of Step changes*

**Arizona State Prison Complex Eyman – SMUI
Notice of Step Change**

Inmate Name: <u>RAMIREZ,</u>   ADC: <u>262582</u>   Cell : <u>2B10</u>

This notice is to advise you that as of 9/11/14 your Step has changed from Step 2 to Step 3 and will remain a Step 3 for a minimum of 0 days per Department Order 326.

**Arizona State Prison Complex Eyman – SMUI
Notice of Step Change**

Inmate Name: <u>RAMIREZ,</u>   ADC: <u>262582</u>   Cell : <u>2B10</u>

This notice is to advise you that as of 9/18/14 your Step has changed from Step 3 to Step 1 and will remain a Step 1 for a minimum of 30 days per Department Order 326.

(4)

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

Exhibit I

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Ramirez Ricardo | 262582 | Smu I 2B-10 | 9/21/14 |

| To: | Location |
|---|---|
| Co III Green | Smu I |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Re: Step III to Step I - Emergency Grievance
   I would like to resolve this informally. On 9/11/14 I was moved from Step 2 to Step 3. Then on 9/18/14 my step was changed from Step3 to Step I. I have followed all policy requirements and have no disciplinary tickets, I shower 3x a week (min), I take Rec. whenever available, including outdoor recreation. Yet I am being punished by being moved from Step 3 to Step I. All I have done is followed all rules and have been respectful to all personnel. Furthermore, I am not here for disciplinary reasons. Only a victim of extortion.
   I would like to request what criteria I failed, what criteria caused my movement to Step I and incentives denied me.
   This is deliberate indifference and undue mental and physical harm.

   Resolution: Moved back to Step 3, moved to a unit where I can take full advantage of incentives. Explain why I was lowered in step.


   CC: ADW Van Winkle

YOUR INQUIRY HAS BEEN ADDRESSED AND ANSWERED
CO III Green

Reply
Received
10/20/14

| Inmate Signature | Date |
|---|---|

Have You Discussed This With Institution Staff?  ☐ Yes  ☐ No

If yes, give the staff member's name: _____

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

Exhibit 3

| Received By | Vandam |
|---|---|
| Title | COI |
| Badge Number 11606 | Date 10/22/14 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) Ramirez, Ricardo | ADC Number 262582 | Date 10-22-14 |
|---|---|---|
| Institution/Facility SMU I | Case Number A38.074.014 | |

To: Grievance Coordinator

**Description of Grievance** (To be completed by the inmate) Re: Step Change
On 10-20-14 I received a response to my 9/21/14 informal (see exhibit II). I was given a notice of step change, from Step III to Step I (see exhibit I). I have yet to be given a reason why only that "Your Inquiry has been addressed and answered. COII Green". The problem is no one has informed me of the answer. I have no tickets or caused any disruption. I am not here for disc. reasons (see Informal). In contrast I have been a model inmate. As a note my family was informed, by COII Doherty that I had caused problems and I knew why I was lowered in the step program. Yet they were not informed what the "problem" was. I repeat have caused no problems apart from trying to file grievances (Non-frivolous), which I was threatened not to file "over my head" and was given a ticket for filing a grievance. For reporting being abanded at Rec for 4 plus hrs and in the shower for 1½ hrs. As to the disposition of the ticket an investigation was ordered but I was not informed of that result.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)
Give me a written response - why I was changed from Step III to Step I. - Who addressed my inquiry, and what was the answer. Why it took so long to answer an emergency grievance (29 calendar days). Can I be moved to a less restrictive unit in keeping with my points and behavior. (either Rynning cou or Buckeye Rast) - I have been to Rynning cou before with no other inmate issues.

| Inmate's Signature | Date 10-22-14 | Grievance Coordinator's Signature COII G. Bernard | Date 10-24-14 |
|---|---|---|---|

| Action taken by _____ | Documentation of Resolution or Attempts at Resolution. |
|---|---|
| | |
| | |
| | |
| | |
| | |

| Staff Member's Signature | Badge Number | Date |
|---|---|---|

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File

802-1
7/13/09

(16)

ARIZONA DEPARTMENT OF CORRECTIONS                    *Exhibit 4*

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Ramirez, Ricardo | 262582 | ASPC-E/SMUI | A38-074-014 |

I am in receipt of your inmate grievance, case number #A38-074-014, in reference to reduction in step level.  It is your claim that on 9/18/2014 your step level was dropped from a Step 3 to a Step 1 and you feel that this is incorrect.

Your proposed resolution is for you to be given a written response as to why you were dropped from a Step 3 to a Step 1.  And for you to be given an explanation for why it took 29 calendar days for you to receive a response to an Emergency Grievance regarding this matter.

I have investigated your claim and find that you were moved from a Step 3 to a Step 1 due to a disciplinary infraction.  On 9/3/2014 you received a ticket for 20B Obstructing staff.  You were holding your food tray until such time as staff would plug in your appliances for you.  This ticket was written by COII Monge.  The Disciplinary Sergeant Informally resolved the ticket on 9/4/2014 and no further sanctions were given, however this resulted in the drop in step.  There was also an Information Report written regarding your behavior and this incident.  Per DI326, the infraction does not have to be disciplinary, the move can also be Information driven, such as with an Information Report.  However in this matter both are present.  You will be up for review at the 30 day mark and with continued good behavior, programming and compliance you will be eligible to progress through the steps once more.  Regarding the delay in response on an Emergency Grievance, this office has never received an Emergency Grievance from you on this matter.  This issue would not have constituted an emergency and would have been returned to you advising you of such as to constitute an emergency it must fall into the criteria as outlined in DO802.01:

1.8 Inmates are not required to use the formal Inmate Grievance Procedure to submit a verbal or written emergency complaint.

1.8.1 An emergency is a condition which, if processed through the normal grievance time frames, would subject the inmate to substantial risk of medical harm, personal injury or cause other serious and irreparable harm.

Based on this definition this matter is not of an emergent nature.  Furthermore, you have attached an Inmate Letter with the heading "Step III to Step I – Emergency Grievance", addressed to COIII Green.  This does not constitute the submission of an Emergency Grievance.  This is merely an Inmate Letter, as was handled as such by COIII Green.  Based on the aforementioned information your proposed resolution is granted as written above, no further action is required.

Your grievance is resolved.  You have five (5) working days from the receipt of this response to appeal to the Warden.

| Signature | Date |
|---|---|
| *(signature)* DW | 10/24/14 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, [    ] - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

(7)

802-7
7/13/09

Exhibit 5

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

(To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received by: CO III Ortiz
Title: CO III
Badge #:
Date: 10-29-14

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Ramirez, Ricardo | 262582 | 10-29-14 |

| Institution | Case Number |
|---|---|
| SMU I | A-38-074-014 |

TO: Director

I am appealing the decision of **Deputy Warden (Re: Step level)** for the following reasons:

I was reduced in Step in violation of DI 326 & Due process. I was never informed of a ticket, I was never issued a ticket. The DHO dismissed the Ticket w/out even speaking to me. As no ticket was issued to me & no hearing. The first I ever heard of ticket 20B was in the DW's response on 10/24/14 which I rec'd on 10/27/14. The Denying an inmate of outdoor rec; while in solitary confinemt is an emergency & deliberate indifference. CO III Green took almost a month to give a response which was only to say it was addressed (see ILC informl) & attachments. Further the false ticket was summarily dismissed on 9/9/14 & I was moved to Step III on 9/11/14. Then wrongly moved to Step I on 9/16/14 even though no ticket was issued, because the incident Never occurred. & the OHO investigated the false ticket & rightfully dismissed it. Yet on false information I was reduced in step. Const. DI.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 10-29-14 | CO IV J. DeMander | 10-30-14 |

| Response To Inmate By: | Location |
|---|---|

REC'VD

NOV 03 2014

Warden's Office ASPC - Eyman

| Staff Signature | Date |
|---|---|

DISTRIBUTION:
INITIAL:    White & Canary - Grievance Coordinator
            Pink - Inmate
FINAL:     White - Inmate
            Canary - Grievance File

(8)

**ARIZONA DEPARTMENT OF CORRECTIONS**

Please **PRINT** all information

Exhibit 6

## Decision of Appeal

Check One T :    ☐ Disciplinary Appeal    ☑ Grievance Appeal    ☐ Maximum Custody Placement Appeal

| Inmate Name *(Last, First M.I.)*<br>Ramirez, Ricardo | ADC Number<br>262582 | Institution/Unit<br>A38-SMUI | Case Number<br>A38-074-014 |
|---|---|---|---|

Your appeal in the above referenced case has been reviewed.  The decision of the Warden/Deputy Warden/Administrator/ Hearing Officer is to:

☑ Uphold the findings    ☐ Modify the penalties    ☐ Remand to the Hearing Officer for re-hearing    ☐ Dismiss

Findings and Conclusions:

I am in receipt of your inmate Grievance appeal concerning a reduction in your step level.  You claim that on 9/18/14 your step level was reduced from Step 3 to Step 1 and you feel this is inaccurate based on the results of your disciplinary.

After a review of the available information I concur with DW Van Winkles assessment.  On 9/3/14 you were issued disciplinary for Obstructing Staff due to holding your food tray until someone plugged in your appliances. On 9/4/14 the Disciplinary Coordinator reviewed your case and determined that he would process informally. Informal does not mean the disciplinary was dismissed only handled at the lowest level. A information report was generated depicting your behavior on the date of 9/3/14 which was reviewed by your Administration. Based on your behavior of manipulating staff to get your appliances plugged in, you were reduced in Step.  Positive compliance with the Step Program will result in increase of step levels.

As for your concerns of Emergency Grievances not being responded to in 24 hours, the incident in which you described does not constitute and emergency. An emergency is defined as immediate actions could result in loss of life or permanent damage to one's health.  Your television not being plugged in does not meet this requirement.

The unit level decision is upheld and your proposed resolution is denied.

This grievance is resolved. If you are not satisfied with this response you may submit an appeal to the Director within five (5) work days of the receipt.

| Warden/Deputy Warden/Administrator/Appeals Officer Signature | Date<br>11-21-19 |
|---|---|

**Inmate Received Copy of Decision of Appeal** *(Step I Only)*

| Delivering Officer's Name<br>COIII De/2806 | Delivering Officer Signature<br>COIII S. Piesper | Date<br>12/3/14 | Time |
|---|---|---|---|

Distribution: Coordinator to make two copies of form<br>Original to Master Record<br>File copy to Institutional File<br>Copy to Inmate

803-6<br>4/28/12

```
   IISB133                    DISCIPLINE VIOLATION                    PAGE 006
ADC NO: 262582       NAME: RAMIREZ, RICARDO          STATUS: ACTIVE
09/04/14             CUR.LOC.: ASPC-E SMU EAST        REL.DT: LIFE
CASE NO: 14-A08-1112     CONCURRENT  PENALTY?: _ STATE. OF VIOLATION (PF11): Y
VIOLATION DATE: 09/03/14   TIME: 18:15    LOCATION: 01 HOUSING AREA
     # INMATES INVOLVED: 01   INJURIES:STAFF: 0   INMATE: 0   VISITOR: 0
VIO. NO.: 20B OBSTRUCTING STAFF           REPORTED BY: MRXV MONGE, RAMON JR
ORIGINAL:                                 STATUS: F FINALIZED
               ********************DISPOSITION*******************
   DATE     VERDICT      01 02  03    04   05   06   07  08   09    10   11    12
SID-COORD GAE3 DHO       VR WR PRV    PC   RK  XDU   RA  RC  REST  ISO TIME  RST
COORDINATOR (CMT PF10):        DA.   DA.       HR.            $$$  /DET DA.   DA
09/04/14 I INFRML RESOLUTN 0 0  0      0    0   0                               0
COMMITTEE/DHO (CMT PF9):
                         0 0           0        0
     SUSPENSION DAYS:
                              PC RESCISSION AS OF:
                                         AS OF:
APPEAL DATE:          OUTCOME:
TIME FORFEIT APPROVED BY:       ON:
FORFEITED TIME STATUS: 1 N/A    TIME RESTORED: 0000 DAYS ON
        RECORD AUDITED ON 07/26/2011       CL3/ISOL ENTERED - 11/06/2013
   ENTER  DI46 & CASE TO VIEW F11      AND    PF5 = DC69
```

Rec'd this document
with 12/23/14
Response by Director

This is the first
and only written
report I have received.

(b)

Parsons V. Ryan CV-12-00601-PHX-DKD

Exhibit 3

SMU I resource Receipt
(1 page)

**SMU-I RESOURCE**

# STAFF SIGNS; INMATE KEEPS

# RAMIREZ                262582                2-A-04

# Legal Material Check Out Receipt for Inmate

| BK# | Title | Checked-Out 1/14/2015 | Due Date |
|---|---|---|---|
| 40268 | FED. CIV. JUDICIAL PROC. & RULES: TABLE OF CONTENTS & | | 1/19/2015 |
| 40727 | FED. CIV. JUDICIAL PROC. & RULES: RULES OF CIVIL | | 1/19/2015 |

## STAFF
## SIGNATURE : _____ BADGE #: _____ DATE : _____ 09:00

Signature is required to verify that the resource was returned to staff. INMATES: Please make sure to keep this receipt.

The attached resource material is on loan to you for a maximum of FIVE (5) days.   You do  not need to notify the library when you are finished with it. **Simply turn it in to the graveyard pod officer.**

(2:00 am)

# THE  LIBRARIAN  DOES   NOT  PICK  THIS  MATERIAL  UP  FROM  YOU  ANY  LONGER

Be sure to have the pod officer that takes the material from you,  sign your pick-up receipt verifying that you did return it.

Material not returned will be charged to your inmate account at a cost of .10 cents per printed side of each page, plus accessories (file folders. zip ties etc.). No additional resource material will be issued until all other material checked back in. You are responsible for this material. Loss, theft, or destruction will result in disciplinary action!

Be sure to remain aware of who the staff member is that you return material to, as any discrepancies will have to be resolved with that staff member. The Library will not accept the excuses that you were moved to a new cell, left the unit for medical, suicide watch, etc., material is in your property, or do not know who picked up or took the Library material from you.

**LEGAL  RESOURCE  MATERIAL**

(1)