Florence, Arizona, January 19, 2015.

Clerk of the Court
United States District Court
401 W. Washington St., Suite 130, SPC 1
Phoenix, Arizona 85003-2118

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

    JAN 22 2015

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

RE: Parsons v. Ryan, CV-12-00601-PHX-DKD

Dear Clerk of the Court:

I am attaching to the present letter my opinion on the fairness of the proposed settlement and/or Plaintiffs' motion for attorney fees.

If needed any correction please let me know as soon as possible to comply with the postmarked day January 26, 2015.

Your prompt attention and assistance to my request are greatly appreciated, thank you.

Respectfully

*Guadalupe Aranda*
Guadalupe Aranda.

Guadalupe Aranda  ADC# 113047
ASPC Florence-South Unit Dorm 1C101
P.O. Box 8400
Florence, AZ. 85132-8400

PARSONS v. RYAN, CV-12-00601-PHX-DKD

To: Honorable David Duncan
United States Magistrate Judge

As a member of the present class, respectfully I would like to give my opinion on the fairness of the proposed settlement and/or plaintiffs' motion for attorney fees.

I sustain my opinion in authorities and law commentaries in a effort to present a very serious analysis of what inmates in custody of the Arizona Department of Corrections we are suffering by the lack of external supervision because Corizon and unprofessional officers of the Arizona Department of Corrections do not care for the health and life of all of us. Corporativism is taking control of the Arizona Department of Corrections, the goal now is to squeeze the inmates in any way possible to obtain from them the most possible profit which is not the real reason by why we are here, we are under penal custody, not under slavery.

1  Be in penal custody is the restriction of the state of being free as punishment for a crim-
2  inal offense. Is well know that some constitutional and civil rights are taken away from in-
3  dividuals when are in penal custody, but others remain as the right to life[1], the right to med-
4  ical aid[2], and the right to rehabilitation programs. I am a cancer survivor and what I have been suf-
5  fering by the deliberated indifference[3] of the authorities of the ADC goes against my remain
6  constitutional rights as the right to a fair medical aid. From June 6, 2009 to March 20, 2012 I
7  was fighting for my life from a T-4 colon cancer. Through all this time I had to fight the
8  ADC in a hard manner to get my treatments, they just did not what was necessary to help me
9  until I have submitted a medical grievance. Sadly I have witnessed how many inmates in the
10 same deteriorated medical condition just give up and die by the deliberated indifference of
11 the authorities in charge of our custody. Absolutely I had just kept on fighting for my life
12 surrounded by an intolerant environment imposed by the authorities of the ADC. Unfortunate-
13 ly the medical care provider Corizon has been violating several federally protected rights of
14 inmates named by the federal courts in medical treatment cases because its main goal are the
15 profits that will collect than the health of the inmates. Right now Corizon is denying
16 me the chemical R-9 that was prescribed for life because cleans and aids in deodorizing
17 my body after I remove my human waste because they want to save money to get a better profit.
18 The doctors are prescribing cheap medications that do not have the same good effect in our
19 health by Corizon order because its main goal is profit. Corporativism is a terrible cancer
20 inside the ADC. Corizon is the best example.
21
22 I am so glad by the ruling of this Honorable Court in favor of the plaintiffs, justice
23 has been served, but we are just scratching the surface of an iceberg of bad practices inside
24 the ADC committed by all the corporations that are working for this institution.
25
26 Now I can see a light of hope to have the protection of my right to life and to my right to
27 receive a fair medical aid by the external monitoring of the plaintiffs' lawyers of the ADC's
28 compliance with the agreement by touring the prisons, talking to prisoners, and reviewing

1. DOCUMENTS, INCLUDING PRISONER HEALTH CARE RECORDS. IF I AM EXPRESSING MI OPINION TO THIS
2. HONORABLE COURT IS BECAUSE OF THE IMPORTANCE TO PROVIDE YOU WITH REAL FACTS AND ELEMENTS TO SET A
3. PRECEDENT ABOUT ALL THE WRONGDOINGS THAT CORIZON HAS BEEN COMMITTING IN A WAY THAT IF NECESSARY
4. YOU WILL ORDER THE ADC TO TAKE MORE ACTIONS TO IMPROVE THE LEVEL OF CARE FOR ALL THE PRISONERS.
5. I AM NOT LOOKING OR ASKING FOR MONEY, WHAT I AM LOOKING AND REQUESTING IS FOR THE ASSURANCE
6. THAT US, ALL THE PRISONER, WE WILL RECEIVE THE PROPER AND FAIR MEDICAL AID REQUIRED BY OUR
7. RESPECTIVE MEDICAL CHRONIC CONDITIONS ACCORD TO OUR CONSTITUTIONAL RIGHTS, NOTHING MORE.
8.
9. ABOUT THE MONEY COMPENSATION THAT THE PLAINTIFF'S LAWYERS ARE REQUIRING RESPECTFULLY
10. I THINK THAT IS NOT ENOUGH AND FAIR ACCORD TO ALL THE THINGS THAT THEY HAVE ACCOMPLISHED
11. AND DONE WITH THE PRESENT CLASS ACTION LAWSUIT, THEIR HELP HAS BEEN SO VALUABLE TO PROTECT
12. OUR CONSTITUTIONAL RIGHTS. IF THIS HONORABLE COURT GRANT THE LAWYERS REQUEST AND ORDER
13. THE IMMEDIATELY PAYMENT OF THEIR WORK AND EXPENSES, ME AND SO MANY PRISONERS, WE HAVE NOT
14. ANY OBJECTION ABOUT IT, WE SUPPORT IT.
15.
16. RESPECTFULLY SUBMITTED THIS 19 DAY OF JANUARY 2015.
17.
18.
19. *Guadalupe Aranda*
20. GUADALUPE ARANDA
21. PETITIONER PRO-SE
22.
23. GUADALUPE ARANDA ADC# 113047
24. ASPC FLORENCE SOUTH UNIT DRM. 1 C91
25. P.O. BOX 8400
26. FLORENCE, AZ. 85132-8400
27.
28.

# LAW AND AUTHORITIES

1. Right to be free from the infliction of cruel and unusual punishment as guaranteed by the Eight Amendment. Bishop v. Stoneman, 508 F. 2d 1224 (2d Cir. 1974); Russell v. Sheffer, 528 F. 2d 318 (4th Cir. 1975). See Comment, The Eight Amendment: Medical Treatment of Prisoners as Cruel and Unusual Punishment, 1 Cap. U. L. Rev. 83 (1972). Estelle v. Gamble, 429 U.S. 97 (1976); Bunks v. Teasdale, 492 F. Supp. 650 (W.D. Mo. 1980); Hampton v. Holmesburg Prison Officials, 546 F. 2d 1077 (3d Cir. 1976); Kelsey v. Ewing, 652 F. 2d (8th Cir. 1981); Inmates of Allegheny County Jail v. Pierce, 612 F. 2d 754 (3d Cir. 1979); Duncan v. Duckworth, 644 F. 2d 653 (7th Cir. 1981). Violation of Eight Amendment rights has been found when there is an intentional denial of needed medical care, or when a prison official's conduct indicates deliberated indifference to the medical needs of inmates that place them on high risk of death. Still under penal custody respect for the life of prisoners is an INALIENABLE RIGHT.

2. Right to due process of law under the Fifth and Fourteenth Amendments. The due process right has been couched in terms of the inmate's right to be free from the abuse of discretion on the part of prison administrators, Shannon v. Lester 519 F. 2d 76 (6th Cir. 1975); Derrickson v. Keve, 390 F. Supp. 905 (D. Del. 1975); Nickolson v. Choctaw County, Alabama, 498 F. Supp. 295 (S.D. Ala. 1980); Lareau v. Manson, 507 F. Supp. 1177 (D. Conn. 1980), modified in, 651 F. 2d 96 (2d Cir. 1981).

3. Farmer v. Brennan, 511 U.S. 825 (1994).