EULANDAS J. FLOWERS #125290
A.S.P.C. - Eyman/Browning Unit
P.O. BOX 3400
FLORENCE, ARIZONA 85132.

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF ARIZONA

| PARSONS | NO. CV-12-00601-PHX-DKD |
| PLAINTIFF(S) | |
| V. | OPINION ON THE FAIRNESS |
| RYAN | OF THE PROPOSED SETTLEMENT |
| DEFENDANT(S) | |
| V. | |
| EULANDAS J. FLOWERS | |
| CLASS MEMBER | |

Comes now EULANDAS J. FLOWERS #125290, A member of the above entitled class action complaint/settlement pursuant to Fed. R. Civ. P., 23(d) iii.

## STATEMENT OF FACTS

Parsons V. Ryan is a class action lawsuit that was filed in Federal District Court in 2012 claiming that the medical, mental health and dental care in ADC's state-run prisons and the conditions in Max. Custody Units are

(1)

unconstitutional.

## MONITORING AND ENFORCEMENT At Issue.

1. ¶ 33. "With the agreement of both parties plantiff's may conduct confidential interviews with prisoners, and interviews of ADC employees or employees contractors, by telephone."

## SUBSTANTIVE PROVISIONS At Issue.

1. ¶ 28. "All maximum custody prisoners shall receive meals equivalent in caloric and nutritional content to the meals received by other ADC prisoners."

2. ¶ 9. "Measurement and reporting of performance measures: Compliance with the performance measure set forth in Exhibit B shall be measured and reported monthly at each of ADC's ten (10) complexes."

3. ¶ 26. "If out of cell time offered pursuant to 24 OR 25 above is limited or cancelled for legitimate operational or safety and security reasons such as an unexpected staffing shortage, inclement weather or facility emergency lockdown, Defendants shall make every reason-

(2)

able effort to ensure the amount of cell time shall be made up for those prisoners who missed out of cell time."

## OPINION ON THE FAIRNESS

1. In regards to <u>Monitoring And Enforcement</u> ¶33. At the maximum Custody Browning Unit, The concerns and complaints that us prisoners have that pertains to this settlement there is no safegaurds in place or instruction instituted to go about expressing our concerns of the violations of this settlement. There are no set clear cut implementations at all when we are able to contact the interviewer or how to go about this process. Being that in the stipulation there are no time-frames in place for protocol for this stipulation, in order for the plantiffs to call counsel to be made aware if there are continual violations of this settlement. Theres NO safegaurds in place to prevent any retalitory acts by administration in trying to contact or by contacting said counsel. It would be very helpful and appropriate if there could be a early implementation of protocol to this stipulation with a clear-cut unhendered way to have these interviews and a set date for ADOC to

implement this process atleast within the first (6) months of this settlement.

2. In regards to Substantive Provision ¶ 28. as of January 16th, 2015 Browning Unit Maximum Custody has started implementing a new menu to be in accordance with said requirements. The understanding of the wording of the stipulation is for maximum custody food intake to be equivalent in caloric and nutritional value as other ADOC prisoners. Browning Unit has just been upping the caloric index by an heightened sugary based treats (Icing cookies/cakes) to only up the caloric index by numbers and not by portion size or adequately nutritioned food. There should be a full disclosure method set in place to be documented for what food is being served and the nutritional value of these items as well caloric numbers. (Campbell V. Cauthron, 623 F.2d 503, 508-509 (8th Cir. 1980) (diet of sweet rolls an TV dinners was nutritionally inadequate; needs of inmates who work or excercise must be considered) (Cunningham V. Jones, 567 F.2d. 653, 657-60 (6th Cir. 1977) (Prison officials must show that a restricted diet is nutritionally adequate.)

3. In regards to Substantive Provision ¶ 9. At the

Browning Unit Medical there is noone being held responsible at this unit for processing the Health Needs Request forms in an timely manor or if at all. Its a known tradition at this unit the HNR'S are not responded to, or if they are responded to its 20-42 days later. People that are having any type of medical issues are not being responded to in a timely manor, If at all. There has to be safe catch in place when the HNR is taking from the plantiffs door fronts so they don't disappear. And a proper managing system of the HNR so the plantiffs are seen and given adequate medical treatment in an timely manor. (Morales Feliciano V. Calderon Sierra, 300 F.Supp. 2d. 321, 341 (D.P.R. 2004) (Failing to provide a sick call system that ensures access to care. Violates 8th Amendment Rights).

4. In regards to <u>Substantive Provision</u> ¶ 26. At Browning Unit this provision is not being applied as when I first arrived on April 21st, 2014 they allowed on Wednesdays for the passing out of sanitation supplies (brooms, mops, toilet brushes, cleanser). make up showers and recreation were also made up on Wednesdays if they were canceled during the previous days due to security concerns etc. For the last 5 to

(5)

6 months this practice has not been followed and when asked will there be "make ups" we are told the Deputy Warden hasn't approved it. This stipulation needs to be adhered to immediately so we are allotted our 3 times a week recreation and sanitation rights to clean our cells. (Carver V. Knox County, 753 F. Supp. 1370, 1388 (E.D. Tenn. 1989) (The provision of basic cleaning supplies, such as mops, brooms, toilet brushes, cleaners are basic necessities of life.)

## CONCLUSION

Convicted prisoners do not forfeit all Constitutional protections by reason of their conviction and confinement in a prison and I pray that the plantiffs Counsel and Courts take in concern the opinions shared by all class members in this settlement.

January 25th, 2015.                         X _____
Respectfully Submitted,                         CLASS MEMBER
EulandAS J. Flowers #125290
Arizona State Prison-Eyman/Browning Unit
P.O. BOX 3400
Florence, Arizona. 85132.