```
                                    FILED        LODGED
                                    RECEIVED     COPY

                                    JAN 26 2015

                                    CLERK U S DISTRICT COURT
                                    DISTRICT OF ARIZONA
                                    BY                DEPUTY
```

1  Michael Thomas Doyle
   ADOC-Number-152709
2  ARIZONA STATE PRISON
   EYMAN COMPLEX, COOK UNIT
3  P.O. BOX - 3200
   Florence AZ 85132
4

5           UNITED STATES COURT, DISTRICT OF ARIZONA

6  PARSONS,
                              CV-12-00601-PHX-DKD
7      -VS-                   RESPONSE TO THE FAIRNESS OF THE PROPOSED
                              SETTLEMENT AND/OR THE LAWYERS REQUEST
8  RYAN.                      FOR PAYMENT

9

10      As a chronic care inmate within ADOC since 2000. I have personal

11 knowledge of the health care provided by corizon, here at Cook unit.

12 I can contest to the following facts:

13      I am requesting that this Honorable Court and Judge deny the lawyers

14 request for payment and order the lawyers and ADOC to follow through with

15 their part of the settlement which states:

16  1. That ADOC will monitor the health care to see if it meet more than 100
       different measures. The lawyers for the prisoners will be able to review
17     these monitoring reports. If corizon does not provide health care acc-
       ording to these guidelines, the court can order ADOC to take more
18     actions to improve the level of care.

19  2. The lawyers for the prisoners will monitor ADOC's compliance with the
       agreement by touring the prisons, talking to prisoners and staff,
20     and reviewing documents, including prisoners health care records.

21      None of the above is being addressed. The lawyers in the class action

22 lawsuite of Parson's V. Ryan, are claiming that they have made a $1

23 million dollar investment in expenses and witness fees. They also have

24 spent thousands of hours working on their investment. Now, the lawyers

25 natrually and rightly so, want to collect their 3.9 million profit on their

26 investment. Along with $250,000 per year bonus from their investment.

27      There is two problems with this scenario. First, the lawyers are

28 not in compliance with the agreement. Second, the lawyers in this

                                    -1-

class action lawsuit of Parsons v. Ryan, are not stockbrokers and the inmates of this action are not securities available for investment and trading.

Since the inception of Corizon and all private medical care providers for Arizona inmates, Corizon and other providers have set a precedent by removing and/or discontinuing prescription medications over the counter medications, as well as other medical supplies from indigent inmates, as well as inmates with chronic conditions and/or inmates requiring regular examinations and or treatment. These actions are being undertaken without consultation or examination of the inmate by medical staff, on chronic care inmates who have had established medical treatment plans in place by unit and or outside Doctor's who are still listed as the named doctors on our prescriptions or treatment plans.

The chronic conditions are directly related to inmates with cancer, heart disease, diabetes, hypertention, seizure disorder, respiratory disease, hepatitis C, tuberculosis, HIV/AIDS and serious mental illness. Some of the discontinued supplies are colostomy bags and deodorants, adhesive tape and bandages, etc. These forementioned supplies are not sold or issued to the indigent or other inmates in the prison canteen.

The over the counter supplies and medication items that are sold in the prison canteen, such as allergy tablets, nasal spray, aspirin, acetaminophen, ibuprofen, foot powder, eye drops, Tums, acid reducer tablets, cough and cold medicine, liquid antacid, milk of magnesia, laxatives, fiber, Beno and band-aids. These items are based on the average of convenience store prices. Both types of inmates must frequently purchase and take multiple doses of the forementioned products due to their compromised health and myriad ailments. This requires a significant financial investment which most inmates cannot afford. Currently, there are three hundred inmates who are classified as severely mentally impaired. [SMI], requiring close

1  supervision to ensure that their medications are administered and taken
2  on a regular schedule. However, if left to themselves, food, tabacco and
3  other incidentals become a priority, rather than purchasing medicine or
4  medicare products and supplies. Also, indigent inmates are held liable for
5  the costs associated with these products. ADoc may employ about (400)
6  four hundred inmates at Cook unit, the majority of inmates remain
7  unemployed [900]. The employed currently earn a subminimum wage on
8  average of 35 cents per hour and work approximately 40 to 70 hours every
9  two weeks. ADoc taxes each inmate whether employed or not, four dollars
10 for each medical visit then sends the inmate to purchase his medicine or
11 medicare products and supplies from the prison canteen. Other taxes include
12 a 100.00 dollar gate fee; a five percent drug and alcohol fee, for programs
13 that we cannot particapate in; two dollars a month for electricity; a
14 9.7 percent tax on non-perishable items; a two percent tax on perishable
15 canteen items; A one percent tax on every dollar sent into us from out-
16 side for a prison building fund that does not fund our buildings.
17     Each inmate is also responsible for purchasing belts, shower shoes,
18 sweat pants/shorts, dental supplies, writing supplies, hygiene products
19 work boots and other footwear, T-shirts, boxers and paints above purchas-
20 ing medicine and other medicare products. Some of the other deficiencies
21 that need to be addressed before the lawyers in this crass action collect
22 their 3.9 million profit along with their 250,000 per year bonus should be
23 addressed as follows:
24     Non-doctors and other corizon staff have a propensity to discontinue and
25 or change medication and or treatment without first meeting with inmates
26 or a primary care physician and discussing options. There is no review
27 of lab work or proper follow up with inmates after emergency room visits
28 before discontinuation of medication and or treatment.

-3-

1  health care staff is not re-ordering medications or treatments for inmates
2  with chronic conditions in a timely manner, so that the inmate receives
3  the necessary treatment for their chronic conditions. Health care staff
4  is not providing bottom-bunks to the elderly and some chronic care in-
5  mates. Health care staff is not ensuring that special arrangements are
6  made for treatment or delivery of medications immediately after being
7  notified of such a need by key contact physician or nursing supervis-
8  ors at the units, or from outside sources such as hospitals and clinics.
9      Corizon staff is charging a health care fee to inmates who have had
10 their Social Security or veterans benefits removed. Health care staff is
11 not making V.A. benefits information forms available through the inmate
12 health unit to all inmates who report serving in the United States Armed
13 Forces. Health unit staff is not ensuring that all medical records of in-
14 mates who have served in the armed forces have been marked with the
15 V.A. stamp on the external face of the record jacket. Health unit staff
16 are not refering V.A. inmates to the regional V.A. medical center for med-
17 ical care, which is not available within the department. Health care
18 staff are not refering medical care inmates to medicaid or AHCCCS for
19 medical care, which is not available within the department.
20     Prescriptions obtained by inmates from outside pharmacies are being
21 denied access by Corizon and is not being referred to the servicing dep-
22 artment pharmacy for re-labeling and authorization.
23     For all of the above reasons I am requesting that this Honorable Court
24 and Judge deny the lawyers request for payment and order the lawyers and
25 Adoc to follow through with their part of the settlement and monitor Adoc's
26 compliance with the agreement before payment is addressed. The first three
27 parts of the settlement have not even been entertained. There is [NO] mon-
28 itoring of the health care system by Adoc or anyone else here on

1  Cook unit, to see if it meets more than 100 different measures. Adoc has
2  not improved the conditions of its health care system as of January 20th,
3  2015. And there has been [NO] touring or talking to inmates at this
4  unit. Pursuant to title-31, article 1, officers and employees §31-201.01.
5      It is the continuing duty of the Director of A.D.O.C. Charles L. Ryan,
6  and Corizon health services to ensure that all inmates are provided access
7  to appropriate and uninterrupted health care, and are not refused health
8  care treatment due to financial reasons. When the Director establishes
9  a contract for professional services. Such as Corizon Health services to
10 assist him in carrying out his responsibility of inmate medical treatment
11 on behalf of the state, that corporation must give such inmates reason-
12 able care and attention as his known condition requires, and exercise
13 the ordinary care, skill and diligence which is customarily exercised
14 by hospitals generally in the community.
15     RESPECTFULLY SUBMITTED this __22__ day of January 2015 by the follow-
16 ing inmates:
17 Michael Thomas Doyle #152709          R.L. Schoen #242623
18 Charles Laverne Alexander II #105500  Ricky Pues 125010
19 Kenneth Curtis Gibler #295116         Gary Jwak #176188
20 M__ Anthony __ #250271                Steven Jones #183161
21 ___ #86467                            Harold Berkey 82114
22 Lacy Riddell Jr. #034671              Terry O'Shea 229042
23 ___ #163760
24 Chris Arbuckle #120230
25 Pham Khoe VAN #157534
26 Matt Abelar 267495
27 Calbert R. Chee  211095
28 Marc Fasano  271456

-5-

PARSONS -VS- RYAN, CV-12-00601-PHX-DKD

| # | Left | Right |
|---|---|---|
| 1 | James L Montgomery 108379 | GEORGE HERNANDEZ 110629 |
| 2 | Aaron Van Sant 221204 | Ignacio Rojas 205151 |
| 3 | [signature] Muniel 283462 | Anthony Kothsper 287026 |
| 4 | [signature] 195465 | DEAN COX 292827 |
| 5 | Slack, Bryan Dean 123384 | |
| 6 | MICHAEL JANWAY 239313 | Waylon arcia 049034 |
| 7 | [signature] 222123 | Miles Gibson 294375 |
| 8 | Lee Dockal 160119 | TERRY McDERMOTT 145738 |
| 9 | Kevin Barry 253146 | [signature] Ward 232386 |
| 10 | [signature] 288124 | McHood Robert 130226 |
| 11 | John C Nall 617765 | LaiDLaiDLaw Justin 227175 |
| 12 | Brenden [signature] 287928 | James E. Fox #38982 |
| 13 | Theodore L Craig 222850 | Wade Rinehouse #189219 |
| 14 | [signature] 283987 | Jasmine Brown #284346 |
| 15 | John Ferrin 087110 | Paul LeOn #202385 |
| 16 | Joshua O. Lunn 172511 | [signature] B. #061457 |
| 17 | William O. Brown 143572 | [signature] #234188 |
| 18 | Duran Vincent 241364 | William M. Nailler |
| 19 | Kevin D Allen 244981 | Jorge L Barraza #286307 |
| 20 | William E [signature] 252819 | Bar/Tasar Reynoso #230301 |
| 21 | [signature] 287295 | Apolonio Mariscal 233883 |
| 22 | Ignacio [signature] 189871 | Molina Zavala Erasmo 223168 |
| 23 | [signature] Van Ness 290781 | Thomas Wood #269495 |
| 24 | DONALD CALVERT 270487 | Albert [signature] II #296403 |
| 25 | Jeff [signature] 176869 | Anthony Ogab #124620 |
| 26 | Todd Skipperosh 169344 | Timothy J. Curry 640574 |
| 27 | David A. Carrola #200754 | Ronald L. Murray #065477 |
| 28 | [signature] 212727 | Galen Lloyd [signature] #212341 |
|  |  | Oscar McCoy Nester Jr 117565 |

-6-

PARSONS -VS- RYAN, CV-12-00601-PHX-DKD

1. Charles H. Ross 178255    Lorenzo Macias #177661
2. Lewis A. Rodriguez #039687    Clay John # 41762
3. Robert D. Dutcher #067784    Smith #165067
4. Daniel Baker #059782    Jas O'Neill #256014
5. Piero Mark Achilli #138524    James A. Bradley 093045
6. John J. McGregor #159752
7. Michael Stabo 280160
8. Daniel Gardner 258115
9. Jill Duskell 243978
10. Sandy Jacobs 286601
11. Elgin A. Morrison 124577
12. William R. Threlkeld 267236
13. Larry R. Fry 287358
14. Ricky J. Williams #041345
15. Hans C. Knops #235073
16. Marvin Lee 286826
17. Brian Caviness 29338
18. Alvin F. Zimmer #83858
19. Andrew Love #176233
20. ~~~~~~ #230360
21. ~~~~~~ #177482
22. Jeff D. Doss #262452
23. Rodney Mack Decs #258515
24. Gary Whittemy 99279
25. Wayne Stubmoc #283012
26. Heriberto F. Catarino # 290238
27. George Keller #051631
28. ~~~~~~ #181117

-7-

# NOTICE TO ALL ADC PRISONERS
# ABOUT SETTLEMENT IN *PARSONS v. RYAN*:

*Parsons v. Ryan* is a class action lawsuit that was filed in federal court in 2012 claiming that the medical, mental health and dental care in ADC's state-run prisons and the conditions in the maximum security units are unconstitutional.

ADC and the lawyers for the prisoner class have reached a settlement that they believe is fair to both sides. If you are a prisoner in one of the ten ADC prisons (Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, or Yuma), then you are a member of the class. This notice explains the proposed settlement, how you can read it, and how you can tell the Court whether you think the proposed settlement is fair.

The first part of the settlement says that ADC will monitor the health care to see if it meets more than 100 different measures. The lawyers for the prisoners will be able to review these monitoring reports. If Corizon does not provide health care according to these guidelines, the Court can order ADC to take more actions to improve the level of care.

The second part of the settlement says that ADC will improve the conditions in the maximum security units. The major changes will be more out-of-cell time and mental health treatment, meals with the same calories and nutritional value as those in general population, and limiting the use of pepper spray on prisoners with serious mental illness.

The third part of the settlement says the lawyers for the prisoners will monitor ADC's compliance with the agreement by touring the prisons, talking to prisoners and staff, and reviewing documents, including prisoner health care records.

This case did not seek money damages for any prisoner and none will be awarded. This settlement does not address the cases of any specific individuals, and attorneys for the class offer no opinion about any prisoner's ability to pursue a claim against ADC. The lawyers representing the prisoners have spent approximately $1 million in expenses and witness fees. They also have spent thousands of hours working on the case. The settlement provides that ADC will pay the lawyers for the prisoner class $4.9 million for work they have done until now. They will also be paid up to $250,000 per year in the future to monitor ADC's compliance with the settlement.

The full version of the settlement, and the motion for attorneys' fees, is available in the library. Maximum security prisoners who cannot go to the library can check out a copy from the law library or view the Stipulation and exhibits on CCTV.

The court will hold a hearing on the fairness of the settlement on February 18, 2015 at _1:30_ p.m., at the United States Courthouse in Phoenix, Courtroom ___.

Prisoners can write to the Court about their opinions on the fairness of the proposed settlement and/or the lawyers' request for payment. Comments MUST include the case name, *Parsons v. Ryan,* CV 12-00601-PHX-DKD, at the top of the first page. Comments must be postmarked no later than January 26, 2015, and sent to the following address:

> Clerk of the Court
> United States District Court, District of Arizona
> 401 W. Washington St., Suite 130, SPC 1
> Phoenix, AZ 85003-2118

If you have questions or want additional information about the case, or want to share your experience regarding the issues addressed in the case, please write the lawyers for the prisoner class at either of the following addresses:

| | |
|---|---|
| Prison Law Office | ACLU National Prison Project |
| General Delivery | 915 15th St., N.W., 7th Floor |
| San Quentin, CA 94964 | Washington, D.C. 20005 |

Judges Originals