from
Jesse AARCE "079777"
ASPC- SMU I
P.O. Box 4000
Florence Az 85132

12/18/14

___ FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 30 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Dear A.C.

I'd like to share my experience concerning Parson v. Ryan CV12-00601 phx-DKD And what I've been going threw here in D.O.C. First is that back in 19-99-2000 while I was housed at A.S.P.C Unit-East Unit I began having A close friendship w/ COII Hernandez whom was having serious conflict w/ her fellow COII Amy Owens. These correctional officers were writing each other up and fighting due to the fact they both had A boyfriend whom was A COII. COII Hernandez came up w/ A plot and asked me to help her set up COII Amy Owens by making up lies about her ect. COII Hernandez wrote A report, Special Service Unit pulled me out to invistigate me and question me. I then told S.S.U the truth of COII Hernandez plan against COII Amy Owens. I was asked if I was willing to take A lie detector test and which I said yes. About 2 months later (April-May 2000 a lie detector analyzer was there to interview me and I refused as I no longer wanted part of this invist. Next day or 2 days later I was then placed on report for hindering staff in perfm of duty for NOT taking this polygraph. I was found guilty. After this I was constantly harrased/retaliated and **2001** I was vallidated as a Security Threat group The Ghandels. I've never in my life been involved in gangs, no tattos, never assaulted no one, no staff, no dangerous crimes. Matter a fact Im gay. 19,95 I had been arrested for a felony shoplift in which I had recived A 2½ yr. sentence. I had provided criminal info. against my codefedant that lead to his arrest & conviction and recovery of stolen recovery

While I was housed AT A.S.P.C Unit Perryville Santa Cruz Unit Grandel Gang Member's obtained this police report concerning this info I had provided. I was made to leave this yard 96 By these Inmates. I informed staff, A I.R was written, I was Segregated, A Special reclass was conducted and several do not house issues were initiated.

When S.S.U/S.T.g Committie vallidated me as a Grandel Gang member 2001 one of the Vallidation points used to vallidate me is Bcause Grandel Gang member on my D.N.H.W issues from 19,96 had my name & # in his phn Book along w/ other inmates (This was used to Vallidate me). 2002 I appealed the S.T.g Committie and explained the Incedent from 96 and the reason these inmates had my Info was for A hit. 2002 The findings were upheld. 2005 I sucesfly debriefed / Renounced the S.T.g That was placed upon me. Altho I have debriefed I still can not go no lower than A Close Custody, and I am not Elligable for A T.R. Release due to this Tag. (I currently have a grievance In process due to this.

The Second serious issue I am currenty going threw is 2007 while housed at this p.s. yard Lewis I provided S.S.U W/ True Criminal Info. against CoIII Catherine Hernandez for Romantic affairs W/ several Inmates, myself included. Manipulation / destroying Inst. paper work, ordering I/m to be assaulted, I gave this Info to S.S.U, Internal affairs, Captain. I had also provided info on Inmates whom were smugling n Drugs threw Visite. A huge Invst. was conducted and CoIII Catherine Hernandez 2007 was escorted off this yard & Job Terminated. I was Segregated & released home 2007 from C-D.U. Now that I returned to prison June 13-2014 I've been housed here n Detention Supermax. June 30·2014 my Reclass →



Was conducted. I wrote down all the statements- Do not house w/ issues and what transpired in 2007 at This p/s yard. My attorney (prior) Edward J Susse also faxed-emailed COIII Durazo proof and sensitive documentation concerning Criminal Info. I provided to the government 8·7·12 and 2·28·14 on 3 seperate murders & criminal activitys.. I also provided CO3 Durazo a list of D.N.H.W issues concerning This as well. June 30· 2014 COIII recommended me for Close custody p/s yard, and Central office apprd. This, Aug. 2014. I've done all I can to keep my life from being taken and assaulted and not go to This p/s yard In Close Custody.. Apparently my response is I am pending D.N.H.W Investigation. I've been In detention 6 months now!"

Sack Lunches every morning, No lunch, small portions for dinner. 1- Library book a week. No Job or incoming funds to purchase a radio. No group Therapy, No Prgming And Medical will not treat This hepititas C I've had since 19-95.

I'd greatly appreciate ur Time n Assistance w/ responses. feel free to contact me if u have any questions

Respectfully

Jesse A Alce.

Have a great Day.

Dear Sir/Mam

I am here in Eyman SMU I. Been here 8 months now. Please be advised several inmates have a chronic liver desease called hepititas C. A blood born virus. We are not given any razor to shave. Instead staff are making us shave our face w/ beard trimmers & hair clippers and are used among hudreds of inmates whom carry this virus.

Staff do not clean these clippers w/ bleach. We are also made to share finger/toe nails amongst one another. And no bleach to disinfect.

Thank you

Respectfuly

Jesse A Arce

1-27-15

Dear Clerk of The Court.

Please view enclosed letter I sent & Mailed to ACLU National Prison Project 22 of Dec. This letter was returned too me as unable to forward.

Please forward to appropriate lawyers

Thank You,
Respectfully
Jesse Ace.

# NOTICE TO ALL ADC PRISONERS ABOUT SETTLEMENT IN *PARSONS v. RYAN*:

*Parsons v. Ryan* is a class action lawsuit that was filed in federal court in 2012 claiming that the medical, mental health and dental care in ADC's state-run prisons and the conditions in the maximum security units are unconstitutional.

ADC and the lawyers for the prisoner class have reached a settlement that they believe is fair to both sides. If you are a prisoner in one of the ten ADC prisons (Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, or Yuma), then you are a member of the class. This notice explains the proposed settlement, how you can read it, and how you can tell the Court whether you think the proposed settlement is fair.

The first part of the settlement says that ADC will monitor the health care to see if it meets more than 100 different measures. The lawyers for the prisoners will be able to review these monitoring reports. If Corizon does not provide health care according to these guidelines, the Court can order ADC to take more actions to improve the level of care.

The second part of the settlement says that ADC will improve the conditions in the maximum security units. The major changes will be more out-of-cell time and mental health treatment, meals with the same calories and nutritional value as those in general population, and limiting the use of pepper spray on prisoners with serious mental illness.

The third part of the settlement says the lawyers for the prisoners will monitor ADC's compliance with the agreement by touring the prisons, talking to prisoners and staff, and reviewing documents, including prisoner health care records.

This case did not seek money damages for any prisoner and none will be awarded. This settlement does not address the cases of any specific individuals, and attorneys for the class offer no opinion about any prisoner's ability to pursue a claim against ADC. The lawyers representing the prisoners have spent approximately $1 million in expenses and witness fees. They also have spent thousands of hours working on the case. The settlement provides that ADC will pay the lawyers for the prisoner class $4.9 million for work they have done until now. They will also be paid up to $250,000 per year in the future to monitor ADC's compliance with the settlement.

The full version of the settlement, and the motion for attorneys' fees, is available in the library. Maximum security prisoners who cannot go to the library can check out a copy from the law library or view the Stipulation and exhibits on CCTV.

The court will hold a hearing on the fairness of the settlement on February 18, 2015 at 1:30 p.m., at the United States Courthouse in Phoenix, Courtroom ___.

Prisoners can write to the Court about their opinions on the fairness of the proposed settlement and/or the lawyers' request for payment. Comments MUST include the case name, *Parsons v. Ryan*, CV 12-00601-PHX-DKD, at the top of the first page. Comments must be postmarked no later than January 26, 2015, and sent to the following address:

    Clerk of the Court
    United States District Court, District of Arizona
    401 W. Washington St., Suite 130, SPC 1
    Phoenix, AZ 85003-2118

If you have questions or want additional information about the case, or want to share your experience regarding the issues addressed in the case, please write the lawyers for the prisoner class at either of the following addresses:

Prison Law Office
General Delivery
San Quentin, CA 94964

ACLU National Prison Project
915 15th St., N.W., 7th Floor
Washington, D.C. 20005

78204-0001/LEGAL124482684.1