THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE: Rule 54, 7.1(b)(1)
(Rule Number/Section)

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

PARSONS
(Plaintiff)

vs.

RYAN
(Defendant)

CV 12-00601-PHX-DKD

AMICA BRIEF (motion)
(In consideration of settlement)

I Brian J. Wuest, acting pro se/pro per on behalf of myself in the above titled case, and referred to as a class member by being a prisoner in Eyman Complex prison facility SMU-1, (unit), hereby submits an Amica Brief to address concerns in regards to this settlement/action. Prisoners here at SMU-1 (Florence, Arizona) were presented a memo/communication (See exhibit A) stating that we (the class members) could write the Court about opinions on the "fairness" of the proposed settlement and/or the lawyers' request for payment

Page 1 of 2

(Continued from page 1)

yet my concerns lead me to be more serious, hence this brief, to possible halt a more serious problem that may occur as a result of this settlement, (or part of it). Therefore, I plead that the court accepts this brief and my declaration in support of this brief and considers a possible solution to what seems a grave error to me in this decision/settlement. Thank you for the courts' time/consideration and may God bless us all.

Signed this day,
Brian J. Waest
*[signature]*
12/29/14

Brian Waest #142345
ASPC Eyman SMU-1
POB 4000
Florence, AZ. 85132

UNITED STATES DISTRICT
DISTRICT OF ARIZONA

| | |
|---|---|
| PARSONS (Plaintiff) | CV 12-00601-PHX-DKD |
| VS. | Declaration in support of |
| RYAN (Defendant) | AMICA BRIEF (motion) |

I Brian J. Wuest, a class member in the above titled and case and acting pro se/pro per for myself (and possibly others who feel the same unknowingly) hereby declares the following under God and this Court of law, (oath):

The decision to settle this case by attorneys is stated to be "fair" (or believed) to both sides in a memo ~~stat~~ BJW sent to prisoners in December 2014 at SMU-1 unit, Eyman Complex, (Florence, AZ), (Exhibit A), (Cont. page 2)

Page 1 of 9

(Declaration cont.)

where I'm housed as a prisoner/ward of the state. However, I never was notified that such an "action" was even taking place, which personally "affected" my safety and well-being here at this facility at anytime or anywhere, in which I, (and others here), could have responded to properly, (the class). The fact that we (the class) weren't aware makes the decision "unfair", since it affects many here who weren't "privy" to Mr. Parson's agenda, (and his associates BTW), we may not have even agreed, and counter-claimed/counter-sued ourselves. Yet, I declare why I do not agree BTW with important aspects of this settlement for vital reasons. These deal with the conditions of the maximum security units directly, and the "out of cell time" specifically.

(Cont. page 3)

Page 2 of 9

(Declaration cont.)

I have been housed at SMU-1 for many years and can present substantial evidence via exhibits the devastating injuries accrued here (mental and physical) from inmates alone, (not staff), because of their "access" to me, whether on transports or escorts etc.. I even have a file with the ACLU in Arizona that support claims of bad security etc., in attempts to sue ADOC, (which I initially started/filed), but eventually dropped, BTW ~~and~~ in U.S. District Court, District of Arizona, yet I only declare my concerns. Prison is a bad place, for criminals as myself, where bad things happen, yet, it's also a place of safety in spite of this. My personal classification as a sex offender itself has presented my problems, (deadly), and challenges, and have resulted in assaults to me etc., however, without the segregation I'd more likely be dead. (Cont. page 4).

(Declaration cont.)

This is the reason there is segregation for sex offenders and general population (due to a killing) and laws enacted, and for "protective custody" etc., and please don't get me wrong, I'm for correction and programming, but inmates do <u>not</u> see things the same as staff & professionals, (hence the violence), especially in <u>Level 5 (lockdown) maximum security units</u>. After many assaults and living among men <u>here</u> I've learned to cope thru Christianity, (schooling etc), and Behavioral Health programming, to overcome some would say, yet this doesn't account for others here who <u>haven't</u> changed, or care not ~~care~~ ByW to change, Mr. Parsons perhaps, (I don't know). I've lived with some of the most ingenious, sinister, coniving, manipulative individuals in the inmate population imaginable, and have learned well, along with learning about those who <u>do</u> want to change, I've learned from the good and bad, and ugly. (Cont. Pg.5)

<u>Page 4 of 9</u>

(Declaration cont.)

This brings me to my main concern, the "more out of cell time" part of things. Right now my life is in danger because I'm housed around SMI, (Mental Health inmates), who are sex offenders as well, who are my enemies, due to classifications, they want to kill me for real, (literally), and I'm not S.M.I. (Seriously Mentally Ill). And I know many of these inmates here are "faking" mental problems, to get access to others, (due to allowances/associating), but not for true positive behavioral changing reasons, but for drugs, for other contraband, or to assault others such as me. I live with these men, I know them very well. And this declaration is not a plea for personal help or attention, no, it's for a greater good. The SMU-1 unit used to have open pods, giving access to maximum security inmates, which resulted in a murder, which "locked" things down, I believe we can learn from this history and not make the same mistake, (which is very possible), to save someone's life. (Cont. Pg 6).

(Declaration cont.)

Even now as I write this I overhear men plotting on my run (pod) the demise of others, "when these doors open", (as planned), and I personally plan to fight to the death to defend myself, (where others can't). My health is failing due to age and stress induced ailments, (heart trouble); due to this action/decision, which family, Pastors, and others are aware of, (Medical staff here too), yet, I hope the court recognizes the truths presented, (hence this declaration/motion).

If this settlement requires that mental health inmates are given "out of cell times", to co-mingle/associate, I ask that the inmates be given a choice not to do so, and be protected in spite of refusal. Plus, there needs to be some monitoring/system, (camara's/microphone's), to monitor inmates closer, to see their true intentions/motives, to qualify them for such benefits, prior to having access to others, because it's not what it seems. (cont. page 7).

(Declaration cont.)

Many inmates are upset here because they <u>cannot</u> kill, assault, extort, rob others here, due to secure measures in place, because they <u>are</u> maximum security inmates, "troublemakers from the yards." And these men (as myself) are criminals after all, <u>not</u> model citizens, and the worst of the worst, (discipline wise), in the state of Arizona, housed here! And some of these so called mental inmates, (supposedly SMI), need to be "pepper sprayed", in fact I know many who <u>love it</u>, (because they get attention, to hinder staff), which was my other concern. It just seems that this settlement seems to neglect the facts <u>not</u> presented on behalf of inmates who want to just do their time <u>without</u> others (~~Btw~~) who cause problems everywhere, and then claim mental problems to get out of consequences. SMU-1 is/was a <u>disciplinary unit</u>, which I have accepted (for my consequences/actions), yet I don't want to get killed here.
(Cont. page 8)

<u>Page 7 of 9</u>

(Declaration cont.)

And if "pepper spraying" problematic men here stops the madness (which is rampid here) so be it, it works. I've never heard any inmate complain of that in 12 years in lockdown, most deserve the action, for whatever reason, it's never been abused that I recall. The rest of the settlement is fine, (monitoring health care, nutritional values etc.), this I have no issue with. My safety (and others) is more important!

I thank the court for it's time and consideration, and now I know I've done something to try and help myself and others here, I may die due to an attack because these doors opening, or a heart attack due to stress, but I've done something in this dangerous place. I close, (Cont. Pg. 9), God bless.

Brian J. Wuest #142345                Truly and Sincerly sworn
ASPC Eyman SMU-1  2B29                Brian John Wuest
POB 4000                              *signature*
Florence Az 85132                     12/29/14

Page 8 of 9

(Declaration cont)

One last note/plea, let us learn from the problems at the Arizona State Hospital recently, where there have been an <u>overwhelming</u> number of assaults by "<u>mental</u>" inmates, (not S.M.I., <u>seriously mentally ill</u>) and not S.M.I <u>criminals</u>, who are a serious threat, to inmates and staff. Please hold up the access before someone dies or gets hurt badly (again).

I swear under purgury law the the fore-declaration is truly, so help me God.
Signed before me this day
January ____ 2015                              [signature]
                                                SIGNATURE OF Declarer
                                                January 28, 2015
                                                This day
(Notary Public)                                 (Written/drawn up 12/29/14)

<u>Note</u>: Notary service never came though requested, due to hinderance/negligence on ADOC staff. (see letter/evidence submitted to clerk with these documents verifying this truth

Page 9 of 9

(Exhibit A)

# NOTICE TO ALL ADC PRISONERS
## ABOUT SETTLEMENT IN *PARSONS v. RYAN*:

*Parsons v. Ryan* is a class action lawsuit that was filed in federal court in 2012 claiming that the medical, mental health and dental care in ADC's state-run prisons and the conditions in the maximum security units are unconstitutional.

ADC and the lawyers for the prisoner class have reached a settlement that they believe is fair to both sides. If you are a prisoner in one of the ten ADC prisons (Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, or Yuma), then you are a member of the class. This notice explains the proposed settlement, how you can read it, and how you can tell the Court whether you think the proposed settlement is fair.

The first part of the settlement says that ADC will monitor the health care to see if it meets more than 100 different measures. The lawyers for the prisoners will be able to review these monitoring reports. If Corizon does not provide health care according to these guidelines, the Court can order ADC to take more actions to improve the level of care.

The second part of the settlement says that ADC will improve the conditions in the maximum security units. The major changes will be more out-of-cell time and mental health treatment, meals with the same calories and nutritional value as those in general population, and limiting the use of pepper spray on prisoners with serious mental illness.

The third part of the settlement says the lawyers for the prisoners will monitor ADC's compliance with the agreement by touring the prisons, talking to prisoners and staff, and reviewing documents, including prisoner health care records.

This case did not seek money damages for any prisoner and none will be awarded. This settlement does not address the cases of any specific individuals, and attorneys for the class offer no opinion about any prisoner's ability to pursue a claim against ADC. The lawyers representing the prisoners have spent approximately $1 million in expenses and witness fees. They also have spent thousands of hours working on the case. The settlement provides that ADC will pay the lawyers for the prisoner class $4.9 million for work they have done until now. They will also be paid up to $250,000 per year in the future to monitor ADC's compliance with the settlement.

The full version of the settlement, and the motion for attorneys' fees, is available in the library. Maximum security prisoners who cannot go to the library can check out a copy from the law library or view the Stipulation and exhibits on CCTV.

The court will hold a hearing on the fairness of the settlement on February 18, 2015 at _1:30_ p.m., at the United States Courthouse in Phoenix, Courtroom ___.

Prisoners can write to the Court about their opinions on the fairness of the proposed settlement and/or the lawyers' request for payment. Comments MUST include the case name, *Parsons v. Ryan*, CV 12-00601-PHX-DKD, at the top of the first page. Comments must be postmarked no later than January 26, 2015, and sent to the following address:

>Clerk of the Court
>United States District Court, District of Arizona
>401 W. Washington St., Suite 130, SPC 1
>Phoenix, AZ 85003-2118

If you have questions or want additional information about the case, or want to share your experience regarding the issues addressed in the case, please write the lawyers for the prisoner class at either of the following addresses:

>Prison Law Office            ACLU National Prison Project
>General Delivery             915 15th St., N.W., 7th Floor
>San Quentin, CA 94964        Washington, D.C. 20005

78204-0001/LEGAL124482684.1