Date:

To: Clerk of the Court
United States District Court, District of Arizona
401 W. Washington St., Suite 130, SPC 1
Phoenix, AZ 85003-2118

FILED ____ LODGED
RECEIVED ____ COPY

FEB 02 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

From: James B. McCleve, ADC#177261
Arizona Department of Correction
Eyman Complex, Cook Unit
PO Box 3200
Florence, AZ 85132

CV-12-00601-PHX-DKD

Dear Clerk:

I hope the court will accept my letter, which I failed to mail on the morning of 1/26/15. I am in constant pain, and even more pain when I try to sleep on the worn out mattress that I've had for more than a year. I had slept that night in my wheelchair as best I could, and I couldn't hear without my hearing aids to wake me up that morning to send legal mail with my letter. I am sending you copies of my letter I sent in my failed attempt to recover my hearing aids that were left at Meadows unit, and a copy of my current grievance for a new mattress, to verify that I was asleep when I was called that morning for legal mail. It is vital for the court to accept your letter that didn't arrive as required. Please return those copies to me.

Thank you
Most Sincerely

James B McCleve

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

Requests are limited to <u>one page</u> and <u>one issue</u>. <u>NO ATTACHMENTS PERMITTED</u>. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| McCleve, James B | 177261 | ADA 5A 34 Cook | 11/19/13 |

To: Head Nurse

Location: Cook medical    Received 2/21/14

Copy

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Pleas assist me to return my hearing aids and have molds made of my ears and Provide me an improved Pair of hearing aids. I will exchange the first set when I receive the improved set. Please return these Papers I sending You, with Your response.
Thank You

I received this answer on 2/21/14, but without my records I sent with this letter

We are working on it since you lost them, it makes it difficult

I did not Loose Them! I gave them to the nurses at meadows, to give to Dr Rumsey, as he told me to do!

Inmate Signature: James B McCleve    Date: 11/19/13

Have You Discussed This With Institution Staff? [X] Yes  [ ] No  co TH Okafor, He told me to write
If yes, give the staff member's name: This letter to You

Distribution: Original - Master Record File
Copy - Inmate

916-1
5/14/12

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

COPY

| Received By | |
|---|---|
| Title | |
| Badge Number | Date |

**Inmate Name** (Last, First M.I.): McClure James B
**ADC Number:** 177241
**Date:** 12/27/14
**Institution/Facility:** ADA SA34 Cook
**Case Number:**
**To:** C.O. IV Sheridan

**Description of Grievance** (To be completed by the inmate):
I was assigned documented ADA Status on 7/21/03, a month after I arrived in Prison. It stated that my disabilities shall be accommodated which will be based on my health status and needs. I was issued worn mattresses each time I was transfered to a different unit and after two years my body was more painful in bed than in my wheel chair, where I slept until I was transfered to Meadows in 12-11. Dr. Wohler ordered a thick ADA mattress, which I could finally sleep in with far less pain than my wheelchair, which had created burning bed sores. When I was transfered from Meadows to Cook in 2013 I was not allowed to bring my ADA mattress with me, I've had a worn out mattress ever since. Corizone has denied me an ADA mattress, as well as other ADA accommodations, in violation of my ADA Status. On 12/2/14 I filed a Lawsuit for these violations until the Court rules, granting my Lawsuit, I must be provided a better mattress than what I have. Three days after I arrived at Cook I sent an informal complaint which was not answered.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?):
Provide me a new mattress and SNO to have the new mattress and my old mattress. I will try that combination and if not acceptable I must have two new mattress and SNO.

**Inmate's Signature:** James B McClure
**Date:** 12/27/14
**Grievance Coordinator's Signature:**
**Date:**

**Action taken by** _____ **Documentation of Resolution or Attempts at Resolution.**

**Staff Member's Signature:**
**Badge Number:**
**Date:**

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

802-1
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
|---|---|
| MCCLEVE, JAMES B. | 177261 |

**INSTITUTION/UNIT**

ASPC-E/Cook Unit

| FROM | LOCATION |
|---|---|
| C. Daniels, CO III | BLDG 5 |

In response to your Informal Complaint Resolution concerning "Medical Care". Dated 12/19/14 and received 12/19/14. Due to HIPAA laws and regulations and the Corizon Contract, we are no longer able to obtain information pertaining to your Medical treatment. As this Informal Compliant is regarding a Medical issue, I am unable to resolve your issue at my level. It is your responsibilty to attempt a resolution with Corizan Medical prior to completing an Inmate Grievance. Per DO 802 Inmate Grievance, you have 5 days from the receipt of this response to submit a formal grievance to the Unit Grievance Coordinator by using the Inmate Grievance Form 802.1. END OF RESPONSE.

**STAFF SIGNATURE**

**DATE** (mm/dd/yyyy) 12-26-14

Received 12/28/14

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-12
6/25/14



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue.

Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| McClure James B | 177261 | ADA SA 34 Cook | 12/19/14 |

| TO | LOCATION |
|---|---|
| CO III Daniels | Bldg 5 Cook |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Ever since I came to Prison in 2003 these worn out mattress have caused me permanent pain and physical damage that I had to sleep in my wheelchair, which has resulted with bed sores. When I was transfered from Winchester to Meadows Dr Wehler issued me a medical mattress and I finally slept in bed again. When I was transfered from Meadows to Cook on 9/10/13 the transport officers refused to bring my SNO medical mattress, and my HNR that I sent to Cook medical for a medical mattress was never answered. I'm in so much pain on the worn mattress I've had eversince that I've had to sleep in my wheelchair again. On 12/2/14 I filed a Lawsuit against Director Ryan, his contracted medical corporations, and Librarian Terry Hernandez. Corizon has denied medical mattresses, my Pain Rx's, and has even further limited and reduced the inadequate medical care I've had since 2003.

Since Corizon has refused to replace my medical issued medical mattress, I must have a SNO for a new prison mattress and the worn mattress I have, and be able to sleep in bed, instead of in my wheelchair which is causing burning bed sores again.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| James B McClure | 12/19/14 |

**Have you discussed this with institution staff?** ☐ Yes  ☐ No   I hope you will be able to reply to my previous informal complaints, and this one

**If yes, give the staff member name:** ASAP. These lockdowns have delayed turning them in on time

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

# NOTICE TO ALL ADC PRISONERS
# ABOUT SETTLEMENT IN *PARSONS v. RYAN*:

*Parsons v. Ryan* is a class action lawsuit that was filed in federal court in 2012 claiming that the medical, mental health and dental care in ADC's state-run prisons and the conditions in the maximum security units are unconstitutional.

ADC and the lawyers for the prisoner class have reached a settlement that they believe is fair to both sides. If you are a prisoner in one of the ten ADC prisons (Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, or Yuma), then you are a member of the class. This notice explains the proposed settlement, how you can read it, and how you can tell the Court whether you think the proposed settlement is fair.

The first part of the settlement says that ADC will monitor the health care to see if it meets more than 100 different measures. The lawyers for the prisoners will be able to review these monitoring reports. If Corizon does not provide health care according to these guidelines, the Court can order ADC to take more actions to improve the level of care.

The second part of the settlement says that ADC will improve the conditions in the maximum security units. The major changes will be more out-of-cell time and mental health treatment, meals with the same calories and nutritional value as those in general population, and limiting the use of pepper spray on prisoners with serious mental illness.

The third part of the settlement says the lawyers for the prisoners will monitor ADC's compliance with the agreement by touring the prisons, talking to prisoners and staff, and reviewing documents, including prisoner health care records.

This case did not seek money damages for any prisoner and none will be awarded. This settlement does not address the cases of any specific individuals, and attorneys for the class offer no opinion about any prisoner's ability to pursue a claim against ADC. The lawyers representing the prisoners have spent approximately $1 million in expenses and witness fees. They also have spent thousands of hours working on the case. The settlement provides that ADC will pay the lawyers for the prisoner class $4.9 million for work they have done until now. They will also be paid up to $250,000 per year in the future to monitor ADC's compliance with the settlement.

The full version of the settlement, and the motion for attorneys' fees, is available in the library. Maximum security prisoners who cannot go to the library can check out a copy from the law library or view the Stipulation and exhibits on CCTV.

The court will hold a hearing on the fairness of the settlement on February 18, 2015 at _1:30_ p.m., at the United States Courthouse in Phoenix, Courtroom ___.

Prisoners can write to the Court about their opinions on the fairness of the proposed settlement and/or the lawyers' request for payment. Comments MUST include the case name, *Parsons v. Ryan*, CV 12-00601-PHX-DKD, at the top of the first page. Comments must be postmarked no later than January 26, 2015, and sent to the following address:

> Clerk of the Court
> United States District Court, District of Arizona
> 401 W. Washington St., Suite 130, SPC 1
> Phoenix, AZ  85003-2118

If you have questions or want additional information about the case, or want to share your experience regarding the issues addressed in the case, please write the lawyers for the prisoner class at either of the following addresses:

| | |
|---|---|
| Prison Law Office | ACLU National Prison Project |
| General Delivery | 915 15th St., N.W., 7th Floor |
| San Quentin, CA 94964 | Washington, D.C. 20005 |