IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Robert Carrasco Gamez Jr.'s Motion for Transcript at Government Expense (Doc. 1467) and Movant Greg Stanhope's Motion for Reconsideration of Settlement Agreement (Doc. 1469). The Court notes that a response was not filed for either motion. There is no provision in the statute [28 U.S.C. § 1915(b)] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.[1] *Rivera v. DiSabato*, 962 F.Supp. 38 (D.N.J. 1997); s*ee also Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983); *Toliver v. Community Action Commission to Help the Economy, Inc.*, 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985) ("[t]here [is] no clear statutory authority for prepayment of discovery costs pursuant to 1915 or otherwise"). "The magistrate judge correctly ruled that 28 U.S.C. § 1915, the *in forma pauperis* statute,

---

[1] 28 U.S.C. § 1915 is the statute which governs civil actions filed by indigent prisoners.

does not waive payment of fees or expenses for witnesses." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir.1989)).  An inmate has no right to free copies of pleadings.  *See In Re Richard*, 914 F.2d 1526 (6th Cir. 1990) (*per curiam*) (28 U.S.C. § 1915 "does not give a litigant a right to have documents copied and returned to him at government expense").

Moreover, at the February 18, 2015 Fairness Hearing, the Court ordered that "a transcript of this proceeding will be prepared and made available to the Class Plaintiffs confined at the Arizona Department of Corrections at the prison libraries in the same manner the parties' settlement agreement was made available" (Doc. 1455).  Accordingly, Plaintiff Gamez's Motion for Transcript and his request for a supplemental transcript designation will be denied.

Movant is requesting that the Court reconsider its decision to approve the ADC Defendants use of the designated restricted movement list.  Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.Ariz. 1995).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through — rightly or wrongly.'" *Defenders of Wildlife*, 909 F.Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)).  Movant has not demonstrated that he is entitled to reconsideration.

**IT IS THEREFORE ORDERED** denying Plaintiff Robert Carrasco Gamez Jr.'s Motion for Transcript at Government Expense and request for a supplemental transcript designation (Doc. 1467).

. . .

. . .

**IT IS FURTHER ORDERED** denying Movant Greg Stanhope's Motion for Reconsideration of Settlement Agreement (Doc. 1469).

Dated this 8th day of May, 2015.

David K. Duncan
United States Magistrate Judge