FILED / RECEIVED — JUL 27 2015 — CLERK U S DISTRICT COURT DISTRICT OF ARIZONA — BY ____ DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT. REFERENCE Gen Order 14-17 (Rule Number/Section)

# DECLARATION

Parsons, et. al. v. Ryan
2:12-CV-00601-DJH

**Date:** 7/23/15

**To:** Assigned Judge overseeing implementation of the settlement in the above-referenced action.

**From:** Jay Bernard Gilliland (member of Plaintiff Class)
Prisoner #262361
A.S.P.C. EYMAN / SMU-1
P.O. Box 4000
Florence, AZ 85132

I am including this third Declaration to illustrate the fact that the administration here at SMU-1 is interpreting D.I-326 §1.4.4 as giving them the authority to do whatever they want regarding Step-levels without any concern for grievances. According to them, Section 1.4.4 totally prevents inmates from filing grievances on anything having to do with Step-levels.

On 7/11/15, I sent an informal complaint to C.O. III Smith asking why, after 54 days of good conduct, I had still not been returned to a Step III.

On 7/22/15, C.O. III Mosley responded to my Informal Complaint stating: "Assignments to specific housing areas within maximum custody and the step level assigned are not appealable or grievable." (See, Informal Complaint 7/11/15 and Response, 7/22/15, enclosed).

7/23 Declaration
2:12-cv-00601-DJH

As explained in my 5/31/15 Declaration, section 1.4.4 of D.I.-326 is in reference to <u>initial</u> assignment to one of several possible maximum custody housing areas. These areas each have their own Step-Matrix. During initial assignment, <u>everyone</u> is assigned a Step-Level of <u>1</u>. Section 1.4.4 states:

"Assignments to specific housing areas within maximum custody and the Step-Level <u>assigned</u> are not appealable or grievable." (emphasis added).

Nobody appeals or grieves the fact that they were assigned a Step Level of <u>1</u> when they first arrived. Such a proposition is nonsencical. It seems obvious to me that the authors of D.I.-326 meant to say "Step-Matrix", which is married to the choice of housing assignment. Regardless,.. Section 1.4.4 only prevents grievance of the initial Step-Level "assigned" upon arival. It does not prevent the grievance of a reduction in step or failure of administrative staff to abide by the terms of the appropriate Step-Matrix.

On or about 7/17/15, my Step Level was returned to a Step-III; 60 days after it was reduced to a Step-II for a 5x9" piece of paper taped to my wall. I still have not received my porter job back, despite the fact that there are supposed to be three porters

Page 2

7/23 Declaration
2:12-cv-00601-DJH

in each pod and there are currently none in mine.

   I hereby make this Declaration under 28 USC § 1746. I declare, under penalty of perjury that the foregoing is true and correct.

*Jay B. Gilliland* 7/23/15

Jay B. Gilliland - 262361

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue.

Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Gilliland, Jay B. | 262361 | EYMAN SMU-1 (1-A-40) | 7/11/15 |

| TO | LOCATION |
|---|---|
| C.O. III Smith | SMU-1 |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

On 5/12/15 Lt. Bowers put me "on Report" for having a 5x8" Food Service menu taped to my wall. On 5/18/15 my Step Level was reduced from a Step 3 to a Step 2 causing me to loose my job as pod porter. Although I have not recieved any write-ups or reprimands since and have complied with all requests, been respectfull to staff, and followed all rules,... I am still a Step Level 2. I sent an Inmate Letter to you regarding this issue on 6/23/15 and also sent one to C.O. IV Hernandez on 6/18/15. I have not recieved reply to either.

The SMU-1 Step Program Matrix provides for "Movement to Step III" when the following conditions have been met: 1) Minimum of 30 days in Step II; 2) Display Behavior that is cooperative and respectful; and 3) Be recommended by Program Team. (see DI-326, attachment I). It has now been 54 days since my Step Level was reduced to II for a petty infraction. Additionally, this is the only write-up I've received since I arrived here 14 months ago.

I would like to know, specifically, why I was not returned to a Step III after 30 days in Step II?

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Jay B. Gilliland | 7/11/15 |

Have you discussed this with institution staff?  ☑ Yes   ☐ No

If yes, give the staff member name: Lt. Bowers

Distribution:  INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| GILLILAND, J. | 262361 |

| Institution/Unit |
|---|
| ASPC-EYMAN /SMU I |

| From | Location |
|---|---|
| COIII MOSLEY | PROGRAMS 1 A |

In response to your Inmate Informal Complaint dated 07/11/15, that I received on 07/15/15; concerning your step advance. Assignments to specific housing areas within maximum custody and the step level assigned are not appealable or grievable. End of response.

Staff Signature: [signature] COIII Mosley

Date: 07/22/15

Distribution: Original - Inmate
Copy – Grievance Coordinator File

802-12(e)
12/19/12

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Disciplinary Report

Please PRINT or TYPE all information
Date example: (mm/dd/yyyy)

Case Number: 15A08 0728

*(handwritten annotation: Rec on 5/14/15  1D33)*

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT |
|---|---|---|
| Gillilland | 262361 | ASPC-Eyman/SMU |

**CHARGE: GROUP NUMBER AND TITLE**
25B - Disobey Orders, Rules, Policies

**I. Statement of Violation** (State fully the facts and circumstances of the violation including the means by which the inmate was advised of the charge(s)).

On 5/12/2015 at approximately 1100 hours, I observed Inmate Gillilland 262361 in cell 1D33 with paper hanging on the wall above the sink. I verbally placed Inmate Gillilland 262361 on report at his cell front on 5/12/2015 at approximately 1100 hours. This report completed by Lt. Bowers #1982 on 5/12/2015 at approximately 1729 hours.

| DATE/TIME OF VIOLATION | REPORTING STAFF NAME (Last, First M.I.) (Please print) | SID NUMBER |
|---|---|---|
| 5/12/15 / 1100 | Lt. J. Bowers #1982 | SJN3 |

| SIGNATURE | DATE/TIME COMPLETED |
|---|---|
| Lt J Bowers 1982 | 5/12/15 / 1729 |

| DISPOSITION | DATE/TIME REVIEWED |
|---|---|
| Formal | 5/12/15 / 1844 |

| SHIFT SUPERVISOR REVIEW BY (Last, First M.I.) (Please print) | SIGNATURE | DATE |
|---|---|---|
| Sgt. WASHBURN 9984 | Sgt. WASHBURN | 5/12/15 |

**II. Delivery of Charge:** I hereby certify that on ____ at ____ hours, I have served notice on this inmate for a hearing on the charge before the Disciplinary Hearing Officer as a Felony Violation. The inmate has received a copy of the disciplinary charge. The hearing is scheduled on or after 48 hours from delivery of charge.

INMATE WAS OFFERED STAFF ASSISTANCE AND IT WAS:
☐ Accepted   ☐ Declined

| INMATE SIGNATURE | DELIVERING OFFICER SIGNATURE |
|---|---|
| | |

**III. Report of Investigation**
FELONY VIOLATIONS ONLY -- SEE ATTACHED (Use form #803-8)

| INVESTIGATING OFFICER (Last, First M.I.) (Please print) | SIGNATURE | DATE INVESTIGATION COMPLETED |
|---|---|---|
| | | |

**IV. Disposition:** This case was handled as:   ☐ Misdemeanor Violation: Reason for finding of guilt: ____
☐ Felony Violation: Refer to Disciplinary Hearing Officer ____
☒ Informal Resolution   ☐ Dismissed/Not Guilty ____

Penalty Assessed For A Minor Violation
☐ ___ Hours Extra Duty   ☒ Reprimand   ☐ Other ____
☐ Return/Forfeit Contraband Items ____
☐ ___ Days Loss of Privilege

For Misdemeanor Violations Only: Inmate was given a copy of the results and advised that effective date, he/she has five workdays to appeal.

| INMATE SIGNATURE | DATE/TIME |
|---|---|
| | 5/21/15 / 1030 |

| COORDINATOR'S SIGNATURE | DATE/TIME |
|---|---|
| Durazo | 5/21/15 / 1030 |

DISTRIBUTION: Coordinator to make two copies of form; Original to Master Record
File Copy to Institutional File
Copy to Inmate

803-1(e)
6/7/14



**ARIZONA DEPARTMENT OF CORRECTIONS**
Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Gilliland, Jay B. | 262361 | EYMAN SMU-1 (1-B-33) | 5/21/15 |

To: C.O. III Risenbechler
Location: SMU-1

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

FACTS: On 5/12/15, Lt. Bowers put me "on Report" for having a 5"x8" Food Service menue taped to my wall. At the time, I was a Phase 3/Step 3 and was being considered for the Pod Porter job in Pod 5. By 5/18 my Step had been reduced to a 2. On 5/21 I was given a Disciplinary Report by the Disciplinary Coordinator C.O.III Durazo, who told me she was not giving me any penalty other than a "reprimand".

Complaint: D.I.-326 only authorizes a reduction from step 3 to step 2 when an inmate is "found guilty of (a) misdemeanor disciplinary violation" (see D.I. 326 Attachment I). The finding of guilt is not within the authority of the Unit Program Team. It is the Disciplinary Coordinator's job to make findings of guilt within the policy and procedure of D.O. 803. As noted above, my step level was reduced before I had even been seen by the Disciplinary Coordinator. Furthermore, the Inmate Disciplinary Report has four check boxes under Section IV "DISPOSITION". One of these is labled "Misdemeanor Violation: Reason for finding of guilt: ___". This box was not marked. Instead, the box labled "Informal Resolution" was marked. As such, it appears I was not "found guilty of a misdemeanor disciplinary violation." Whoever reduced my step, did so without a proper finding of guilt under D.O. 803 and most likely relied solely upon Lt. Bowers' allegation. This is a violation of my right to Due Process under D.O. 803.

Relief Sought: I want my step returned to a 3, and ask that the WIPP Coordinator be informed so I may be considered for employment.

Inmate Signature: Jay B. Gilliland
Date: 5/21/15

Have You Discussed This With Institution Staff? ☑ Yes ☐ No
If Yes, give the staff member Name: C.O. III Durazo

Distribution: Original – Inmate
Copy – Grievance Coordinator File

802-11
12/19/12

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Gillilland, Jay | 262361 |

| Institution/Unit | | |
|---|---|---|
| ASPC/SMUI | | 1 D 33 |

| From | Location |
|---|---|
| COIII Reisenbichler | 1 A/D |

I am in receipt of your inmate informal complaint(s) resolution dated: 5/21/15

To investigate your issue I have reviewed all of the available information.

Your complaint is regarding STEP LEVEL.

I have reviewed your issue and found that you were only lowered in step due to pending disciplinary. Now that you've been seen on your ticket and an informal resolution is the result, you will be reviewed at the next step committee review to increase your step.

This information does resolve your issues: 5/22/2015

If you feel that your issue is not resolved at my level, you have five (5) workdays from receipt of this response to submit a Formal Grievance to the unit Grievance Coordinator using the Inmate Grievance, Form 802-1 and/or the Inmate Grievance -GF Supplement, Form 802-7.

------------------------------------------------End of Response------------------------------------------------

| Staff Signature | Date |
|---|---|
| [signature] | 5/22/2015 |

Distribution: Original - Inmate
Copy - Grievance Coordinator File

802-12(e)
12/19/12

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance

*Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.*

Received By: Condrey
Title: COIII
Badge Number: 3074
Date: 5/26/15

Inmate Name (Last, First M.I.): Gilliland, Jay B.
ADC Number: 262361
Date: 5/26/15
Institution/Facility: EYMAN / SMU-1
Case Number: unprocessed

To: A.D.W. via Grievance Coordinator C.O. IV Hernandez

**Description of Grievance** (To be completed by the inmate)

The "SMU-1 Maximum Custody Step Program Matrix" only permits reduction of an inmate's step level from Step 3 to Step 2 when an inmate is "found guilty of a misdemeanor disciplinary violation" or has engaged in "a repeated demonstration of poor behavior" (See D.I. 326, Attachment I). On 5/18/15, my step was reduced from 3 to 2 based upon an alleged infraction occurring on 5/12/15. On 5/21 I was given a disciplinary report by Disciplinary Coordinator Durazo. Section IV "Disposition" is marked Informal Resolution. The check-box for a Misdemeanor Violation was left blank. It is clear from the order of events that my step level was taken without Due process under D.O. 803. Further, the finding of the Disciplinary Coordinator did not include guilt of a "misdemeanor violation". D.I. 326 does not superceed the procedures of D.O. 803-05 (1.1.2) which designates the Disciplinary Coordinator as disposer of Class C violations. Any unannounced modification of D.I. 326 is a violation of para. 22 of the settlement in Parsons V. Ryan.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

On 5/21/15, I filed an Informal Complaint with C.O. III Risenbichler. He responded, saying I was "lowered in step due to pending disciplinary." This statement confirms that I was lowered is step *prior* to any due process. It is clear that someone thinks DI-326 allows Reduction in step by someone other than the Disciplinary Coordinator before due process has occurred. I want my step returned to 3 and ask that the WIPP Coordinator be informed, as I was pending review for a job as Pod Porter.

Inmate's Signature: Jay B. Gilliland
Date: 5/26/15
Grievance Coordinator's Signature: COIV J. Hernandez
Date: 5-26-15

Action taken by: _____
Documentation of Resolution or Attempts at Resolution.

Staff Member's Signature
Badge Number
Date

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter Response**

*For distribution: Copy of corresponding Inmate Letter must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Gillilland, Jay | 262361 |

Institution/Unit
ASPC-E/SMU I

| From | Location |
|---|---|
| COIII J. Rieffer | ASPC-E/SMU I |

I am in receipt of your grievance dated 05/26/2015.

Your grievance in reference to step levels as unprocessed for the following reason(s):

Per DI326 inmates can not grieve their step level. Please see attached.

End of response.

| Staff Signature | Date |
|---|---|
| *[signature]* | 5-26-15 |

Distribution: Original - Central Office Master File
Copy - Inmate
Copy - Institutional File

916-2
5/13/10

    1.4.2.6  Protective Custody;

    1.4.2.7  Condemned Row.

  1.4.3  General population inmates at ASPC–Eyman, Browning Unit will remain in Step I but may receive additional programming (such as Anger Management, Pre-Release, Substance Abuse, etc.) until they qualify for transfer to ASPC–Eyman, SMU I.

    1.4.3.1  The step system is suspended while the inmate is on a mental health or security watch.

  1.4.4  Assignments to specific housing areas within maximum custody and the step level assigned are not appealable or grievable.

1.5  Step Levels – All maximum custody units (see Attachments F – L Program Matrixes).

  1.5.1  The step level incentives for males vary in out-of-cell activities based on the unit where the inmate is housed. ASPC–Eyman, Browning Unit has the least amount of out-of-cell activities and ASPC–Florence, Central Unit has the most.

    1.5.1.1  The progression for general population, to include general population mental health inmates, begins at ASPC–Eyman, Browning Unit and ends at ASPC–Florence, Central Unit.

    1.5.1.2  Maximum custody sex offenders begin at ASPC–Eyman, SMU I and end at ASPC–Eyman, Rynning Unit (most, if not all, maximum inmates at Rynning Unit should be Step III).

    1.5.1.3  Maximum protective custody inmates begin at ASPC–Eyman, SMU I and end at ASPC-Lewis, Rast Unit (most, if not all, maximum inmates at Rast Unit should be Step III).

    1.5.1.4  Maximum custody inmates on condemned row or validated as STG members are housed at ASPC–Eyman, Browning Unit.

  1.5.2  Female inmates classified as maximum custody shall be assigned to Yard 30 at the ASPC-Perryville, Lumley Unit.

  1.5.3  Male and female inmates who are receiving mental health treatment at ASPC–Phoenix, Alhambra Unit shall be assigned step levels.

2.0  **STEP PROGRAM – MAXIMUM CUSTODY POPULATION, EXCEPT RESTRICTIVE STATUS HOUSING PROGRAM**

  2.1  Inmates must follow all program requirements on a daily basis to qualify for advancement and incentives for a minimum of 30 consecutive days in order to be eligible for consideration to advance in steps.

  2.2  Inmates must comply with following requirements:

    2.2.1  Grooming and Hygiene, in accordance with Department Order 704, Inmate Regulations;