# DECLARATION

Parsons, et al. v. Ryan
2:12-cv-00601-DJH

Date: 6/30/15

To: Assigned Judge overseeing implementation of the settlement in the above-referenced action.

From: Jay Bernard Gillilland (member of Plaintiff Class)
Prisoner # 262361
A.S.P.C. Eyman / SMU-1
P.O. Box 4000
Florence, AZ 85132

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE: Gen Order 14-1 (Rule Number/Section)

FILED ___ LODGED
___ RECEIVED ___ COPY
JUL 27 2015
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

I am sending this second DECLARATION, in addition to my DECLARATION dated 5/31/15 to illuminate additional actions of the administration here at SMU-1 which appear to be designed to hinder implementation of the settlement in Parsons v. Ryan. The first DECLARATION was not mailed due to fear of retaliation, but subsequent events (herein related) have strengthened my resolve to bring to light the continued and increasing actions of obstruction. Thus, I have sent both this 6/30/15 DECLARATION and the 5/31/15 DECLARATION together, regarding this issue.

To further hinder the advancement in Step Level after an inmate has had his Step Level reduced through the unjust methods (described in my 5/31/15 DECLARATION) employed by administrative personell here at SMU-1, the

Page 1

6/30 Declaration
2:12-cv-00601-DJH

Administration has now interpreted D.I.-326, as <u>requiring</u> inmates to participate in recreational activities.

   As noted in my 5/31/15 DECLARATION, on 5/12/15, I was put "on report" for having a 5x9" Food Service menu taped to my wall. This was done by Lt. Bowers, despite the fact that I had never been written up for anything previously and had had such a menu taped to my wall for over a year without complaint. My Step-Level was then reduced from a Step-III to Step-II causing me to loose the pod-porter job I had just obtained. When I filed a grievance alleging a lack of due-process, my Grievance was returned "Unprocessed" with the claim that "inmates cannot grieve their step-level." This claim appears to be based upon a misprint in D.I.-326 ((at 1.4.4), see 5/31/15 DECLARATION, p.3)).

   Forty-two days have passed since my Step-Level was reduced, and I am still a Step-II. Despite the fact that the Step Program Matrix provides for advancement to Step-III after "30 days in Step-II" and that I was told by my assigned C.O. III that I would "be reviewed at the next Step Committee review" (see, Informal Complaint Response, 5/22/15 enclosed), I am still a Step-II. I spoke with Lt. Bowers this morning concerning this situation and she told me

Page 2

filed Declaration
2:12-cv-00601-DJH

that in order to be considered for advancement to Step-III, I must attend classes and participate in at least 6 hours of recreation per week. Previously, the only requirement other than the 30 day period was that you shower twice a week and receive no disciplinary action.

Though I would gladly participate in any classes offered, I have not been offered any such classes in at least two months. And, although I usually go to outdoor recreation, the recent extreem temperatures of 110-115° F. have discouraged me from such participation.

This _new_ requirement of participation in recreation in order to advance in step-level, appears designed to keep a certain segment of the sex-offender population at a low step-level. Persons convicted of child-molestation ("cho-mos") are often subject to the predations of other sex-offenders such as rapists, kidnappers, or those who were convicted of "Statutory" offenses. These persons, seeking to elevate themselves in some way, do so by stepping (literally) upon the "cho-mos".

The administration is well aware of this and is known to cell-up any cho-mo they particularly dislike with a known cho-mo basher. This has led to serious injury, or even death, in numerous incidences. To expect a child-molester to enter a group rec-cage filled with "Sharks" is

Page 3

6/30 Declaration
2:12-cv-00601-DJH

most unrealistic and, I believe, is in fact calculated to prevent an entire segment of the sex-offender population from 1) participating in rec; 2) advancing in step-level; and thus 3) obtaining employment under the dictates of the settlement.

Additionally, they have recently adopted a new policy (unwritten, I'm sure) whereby anyone turning-out for rec must go in the cage assigned to their step-level. Thus, if youre a step 3 or a step 2, you must enter a group cage where, if you're a member of the "cho-mo" class of S.O.'s, you will be subject to the higher-level predators. To some, this may seem fittingly ironic, but it is nevertheless a carefully contrived obstruction to implementation of the settlement. Not wanting to get assaulted, the aforementioned class of inmates will just not go to group rec once they achieve a level-2 or level-3 step (resulting in demotion to level-1, which means no job or class), or they will deliberately violate minor rules to prevent themselves from being placed in an awkward situation.

I hereby make this Declaration under 28 U.S.C. § 1746. I declare, under penalty of purjury that the foregoing is true and correct.

Jay J. Gillilland 6/30/15

Jay B. Gillilland - 262361

Page 4