# DECLARATION

Parsons et al. v. Ryan
2:12-cv-00601-DJH

Date: 5/31/15

To: Assigned Judge overseeing implementation of the settlement in the above-referenced action.

From: Jay Bernard Gillilland (Member of Plaintiff Class)
Prisoner #262361
A.S.P.C. EYMAN / SMU-1
P.O. Box 4000
Florence, AZ 85132

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE GEN order 14/17 (Rule Number/Section)

FILED ___ LODGED
___ RECEIVED ___ COPY
JUL 27 2015
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY___ DEPUTY

I am writing to bring to your attention the actions of administrative personell here at SMU-1 which appear to be designed to hinder implementation of the settlement in Parsons v. Ryan. I have been an inmate at SMU-1 since May of 2014, and have witnessed changes in the enforcement of D.O. 704 (Regulation concerning Grooming, Hygiene and Cell cleanlyness).

Over the past couple months, previously unenforced rules such as: having bed made by 7:00 AM, nothing taped to walls, no lamp shades, etc. have become the focus of unannounced "Compliance inspections". The appearant aim of these inspections is the reduction of Step-levels of as many inmates as possible for the slightest infraction. This is being done in an effort to reduce the number of inmates allowed out of cell time for classes or as workers. Step-level one inmates do not get group class time and only Step-level three inmates qualify for employment.

Page 1

Thus, a pod-porter who looses a step-level is no longer a burden to the control-room and floor officers who have to lock the porter down every time someone enters the pod. Nor does this person have to be paid anymore. Step-level three inmates are allowed three group rec times per month in the 20x40' "basketball court" cage and one rec time in an even larger cage on the west side of SMU-1. Reducing a Step-3 to a Step-2 means the inmate will only have one group rec time in the 20x40' cage per month and three rec times in a 10x10' cage. Level-1 inmates are only allowed in a 10x10' cage.

The reductions in Step-level have the added effect of generating more refusals of rec-time (no one wants to spend three hours in a 10x10' cage) thus lightening the work load on officers who must cuff-up and escort inmates to and from the outdoor rec-cages. At present, I only know of one Step-3 inmate in this SMI-cluster housing 48 inmates. I myself was a Step-3 until recently, when my Step-level was reduced (without any due-process) for having a 5"x9" food service menu taped above my sink. I have had such a menu taped above my sink for the past year without objection by any officer. Furthermore, I had not previously been written-up for anything. I'm a very well-behaved inmate.

The purpose of this Declaration, however, is not to complain about the rigorous enforcement of the rules, but to protest the method by which those rules are being enforced. As noted

Page 2

5/31 Declaration
2:12-cv-00601-NJH

above, my Step-level was reduced from a Step 3 to a Step 2 without any <u>due-process</u>. D.O. 803 (Inmate Disciplinary Procedure) clearly sets forth the process for dealing with alleged violations of the rules. However, the admisistration here at SMU-1 has taken the position that D.I. 326 is a law unto itself, and superceeds all requirements of D.O. 803. In addition, any complaints of the failure to follow D.O. 803 are met with the claim that "Per DI 326 inmates cannot grieve their step-level" ((see Inmate Letter Response (actually a response to my 5/26/15 grievance), enclosed)). This claim is based upon what I believe is actually a misprint in DI 326 at 1.4.4 which I will later explain.

Beginning about two months ago, these "compliance inspections" (which simply consist of an officer walking past the front of the cell and looking to see if anything is visually out of compliance with D.O. 704) were being conducted surreptitiously. Inmates were not even being told they were out of compliance or that they were being put "on report". The "Information Reports" (I.R.) generated were then used by the Unit-Team (or someone they designated) as grounds for a reduction in step-level.

This produced quite a few complaints from inmates who suddenly found their step-level had dropped when they went to Rec and were thrown in a 10x10' cage. The administration then began verbally informing inmates who were being placed "on report". But inmates were still complaining that they were being sanctioned without receiving a disciplinary hearing as required

Page 3

by D.O. 803. The administration then began conducting disciplinary hearings in an effort to give some appearance of Due Process. But, the step-levels are still being reduced <u>prior to</u> the disciplinary hearing and without regard to the findings of the disciplinary coordinator's disposition of the case (see Inmate Disciplinary Report, Part IV "DISPOSITION", Enclosed). Step-levels are being reduced simply based upon the I.R. (an allegation).

D.I. 326, Attachment I "SMU-1 Maximum Custody Step Program Matrix" gives the criteria for a reduction in Step:

<u>Reduction to Step II</u>:
- Found guilty of <u>misdemeanor disciplinary violation</u>.
- Repeated demonstration of poor behavior.
- All decisions will be made by Unit Program Team on a case by case basis.

(emphasis added).

The Administration has read this as authorizing the Unit Program Team to make findings of guilt based solely on the I.R. without regard to the Due Process afforded by D.O. 803. D.O. 803.05 (1.1.2) gives sole authority to the Disciplinary Coordinator to Dispose of misdemeanor violations (class C). The Disciplinary Report, Part IV has four check-boxes, one of which is labled "Misdemeanor Violation: Reason for finding of guilt". In my case (and likely in many others), this was not checked. Instead, due to the petty nature of the offense, "Informal Resolution" was

Page 4

5/21 Declaration
2:12-CV-00601-DJH

checked. It does not appear that the Disciplinary Coordinator found me guilty of "a misdemeanor disciplinary violation", (See Informal Complaint and Grievance, Enclosed).

My Grievance was returned "Unprocessed" with a copy of page 3 of DI 326 having Section 1.4.4 highlighted, and the afore-mentioned "Inmate Letter Response" stating: "Per DI 326 inmates cannot grieve their step-level." Section 1 of DI 326 deals with "INTAKE AND ASSESMENT". Sub-section 1.4 involves assignment to specific housing areas. Each of these housing areas has a unique Step Program Matrix assigned to it. For example, there are different Matrixes for Browning Unit, Central Unit, and SMU-1, (see, DI 326, Attachments F-I).

Sub-sub-Section 1.4.4 states:

"Assignment to specific housing areas within Maximum Custody and the Step-level assigned are not appealable or grievable." (emphasis added).

It is my belief that "Step-level" in the above sub-sub-section was supposed to be "Step Matrix". It makes no sence that anyone would even consider grieving an assigned step-level. All inmates in all locations and under all Matrixes are "assigned" to Step-level 1 upon arrival in the unit. The above was never intended to remove all decisions regarding Step-level from the Grievance process.

Page 5

Declaration
2:12-cv-00601-DJH

The Administration's interpretations of DI-326 with regard to the authority of the Unit Program Team to make findings of guilt, their disregard for due process under D.O. 803, and the claimed inapplicability of the Grievance Procedure DO.802 ammount to a change in the form of the Step-Program Matrix. Thus, the Administration is in violation of the terms of paragraph 22 of the Settlement (see, Stipulation, P. 8).

I hereby make this Declaration under 28 U.S.C. § 1746. I declare under penalty of purjury that the foregoing is true and correct.

*Jay B. Gillilland*   5/31/15

Jay B. Gillilland - 262361
A.S.P.C. EYMAN / SMU-1
P.O. Box 4000
Florence, AZ 85132

Page 6.