Index of Exhibits to the Declaration of Alison Hardy
In Support of Motion To Compel Defendants To Afford Reasonable Access To Health
and Video Records

Exhibit 1:      Donald Specter's January 19, 2016 letter to Lucy Rand requesting access
                plaintiffs' expert be provided access to the ADOC's electronic health
                record, and the January 16, 2016 email transmission to defendants
                counsel.

Exhibit 2:      January 19, 2016 email exchange between Donald Specter and Lucy
                Rand. Ms. Rand suggested that the parties consider "other options" to
                gain access to the health records. Alison Hardy was copied in these
                transmissions.

Exhibit 3:      January 21, 2016 email from Ms. Rand to Alison Hardy explaining
                Corizon staff would not be able to create a mini-database of health
                records with hyperlink and search functions.

Exhibit 4:      January 21, 2016 email from Ms. Rand to Donald Specter and Alison
                Hardy sending a 6,290 page bookmarked health record and stating
                defendants will not commit to bookmarking additional records.

Exhibit 5:      January 27, 2016 email from Alison Hardy to Ms. Rand confirming our
                January 25, 2016 phone call.

Exhibit 6:      Ms. Rand's January 28, 2016 email reply to Alison Hardy indicating that
                defendants would not provide plaintiffs or plaintiffs' experts with access
                to the online record or a mini-database.

Exhibit 7:      June 14, 2014 letter from Timothy Bojanowski to David Fathi conveying
                use of force videos to plaintiffs' counsel.

Exhibit 8:      Email exchange between the parties regarding production of the use of
                force video recordings between the dates of August 26, 2015 and
                December 1, 2015. Alison Hardy was copied in these transmissions.

Exhibit 9:      Letters between the parties regarding production of the use of force video
                recordings, dated September 18, October 23, November 11, 24 and 30,
                and December 1, 2015.

# Exhibit 1

**Alison Hardy**

| | |
|---|---|
| **From:** | Don Specter |
| **Sent:** | Tuesday, January 19, 2016 11:52 AM |
| **To:** | Rand, Lucy; Dan Struck |
| **Cc:** | David Fathi; Amy Fettig; Corene Kendrick; Alison Hardy; Kirstin Eidenbach; Timothy James Bojanowski; Gottfried, Michael; Northup, Dawn |
| **Subject:** | Records and Dates |
| **Attachments:** | 16.01.19 Ltr to L. Rand re VPN access for Dr.pdf |

Lucy and Dan,

Attached is a letter explaining that our medical expert is having great difficulty wading through the medical records as they are produced to us and requesting that he be allowed electronic remote access.  As this is negatively affecting our ability to prepare for the mediation, we would appreciate a prompt response.

Also, now that we have a date for the mediation and the mediation briefs, we should agree on dates for further discussion on the issues that we have raised.  I am available the rest of this week, 1/25-27 and 2/1-2.  My co-counsel are invited to provide their availability, as are you and your team.

Don



*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

**VIA EMAIL ONLY**

January 19, 2016

Ms. Lucy Rand, Assistant Attorney General
Office of the Arizona Attorney General
1275 West Washington Street
Phoenix, AZ 85007-2926
Lucy.Rand@azag.gov

   RE: *Parsons v. Ryan*
      Plaintiffs' Expert, Medical Records Review

Dear Ms. Rand,

  I write to request that Plaintiffs' Expert, Dr. Todd Wilcox, be provided temporary remote access to the ADOC's electronic medical record.

  Dr. Wilcox is in the process of reviewing the recent ADOC death records, as well as records produced regarding patients on whose behalf we have advocated. As you know, defendants have downloaded as PDF files and produced to plaintiffs over 100 medical records from the eOMIS system. Many of these records exceed 1000 pages, and in some cases consist of 6000 pages or more. The eOMIS records are considerably bulkier than the paper records that preceded them, containing many pages of screen shot forms that contain no information regarding the patient's individual health care. Dr. Wilcox has spent dozens of hours thus far reviewing these records. He reports that, because the printed records are not searchable for data, have no tabs separating subfolders within individual records, and must be scrolled through painstakingly, page by page, his ability to review the records with any efficiency is extremely compromised.

  While at the ASPC-Tucson site visit in December, Dr. Wilcox reviewed records on eOMIS, which has a search function and is organized by subtabs. Given the availability of that system, having Dr. Wilcox review the PDF records produced to plaintiffs is unnecessarily burdensome and timewasting. Accordingly, we ask that Dr. Wilcox be provided immediate access, via a VPN or equivalent, on a temporary basis.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Ms. Lucy Rand
RE: *Parsons v. Ryan*
Named Plaintiff Legal Mail and Calls
January 19, 2016
Page 2

Thank you for your attention to this matter.  I look forward to your prompt response.

Sincerely yours,

/s/ Donald Specter

Donald Specter

cc:   Dan Struck
Michael Gottfried and Dawn Northup, AG's Office
Plaintiffs' Counsel

# Exhibit 2

## Alison Hardy

| | |
|---|---|
| **From:** | Rand, Lucy |
| **Sent:** | Tuesday, January 19, 2016 5:08 PM |
| **To:** | 'Don Specter' |
| **Cc:** | 'David Fathi'; 'Amy Fettig'; 'Corene Kendrick'; 'Alison Hardy'; 'Kirstin Eidenbach'; 'Timothy James Bojanowski'; Gottfried, Michael; Northup, Dawn; 'Dan Struck'; Giralo, Tara; 'HOOD, JEFF' |
| **Subject:** | Access to eOMIS - PARSONS v. RYAN |
| | |
| **Importance:** | High |

Don,

I do not feel this subject is ripe for Magistrate Judge Duncan.  As you know, the medical records were provided in this format during the litigation and for the past 11 months under the Stipulation.  This is the **first time** Plaintiffs have advised Defendants that receiving medical records in this format is not working for **their expert**.  Plaintiffs have not even claimed that this method is not working for them.  Had Plaintiffs even hinted that the current system was not working during the past 11 months, the parties could have attempted to work out a solution.  Further, Plaintiffs' only suggested solution is to provide Plaintiffs' expert remote access to the ADC's inmate medical records.

If Plaintiffs' expert needs help understanding the format of the medical records produced, we have someone that can do that.   EOMIS contains healthcare and inmate incarceration information, which is confidential.  Additionally, the Stipulation only gives Plaintiffs' monthly access to 10 Class Member medical records, 5 Subclass medical records and master record files, and deceased inmate medical records.  The Stipulation does not give Plaintiffs and their experts unfettered access to every past and present ADC inmate medical record.

I believe that Judge Duncan will not be happy if Plaintiffs bring this topic to the Court based on this minimal effort to "resolve" the issue.  Please let me know if you would like to discuss some other options.

Sincerely,

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE:  This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law.  It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Tuesday, January 19, 2016 4:01 PM
**To:** Rand, Lucy
**Cc:** David Fathi; Amy Fettig; Corene Kendrick; Alison Hardy; Kirstin Eidenbach; Timothy James Bojanowski; Gottfried, Michael; Northup, Dawn; Dan Struck; Giralo, Tara
**Subject:** RE: Records and Dates

Lucy,

Thank you for your prompt response.  Paragraph 29 of the Stipulation requires that:

"Plaintiffs' counsel and their experts shall have reasonable access to the institutions, staff, contractors, prisoners and documents necessary to properly evaluate whether Defendants are complying with the performance measures and other provisions of this Stipulation. The parties shall cooperate so that plaintiffs' counsel has reasonable access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants. If the parties fail to agree, either party may submit the dispute for binding resolution by Magistrate Judge David Duncan."

The production of medical and mental health records in their present form is not reasonable.  We will proceed with this issue before Magistrate Judge Duncan.

Don

---

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Tuesday, January 19, 2016 12:17 PM
**To:** 'Don Specter'
**Cc:** 'David Fathi'; 'Amy Fettig'; 'Corene Kendrick'; 'Alison Hardy'; 'Kirstin Eidenbach'; 'Timothy James Bojanowski'; Gottfried, Michael; Northup, Dawn; 'Dan Struck'; Giralo, Tara
**Subject:** RE: Records and Dates

Don,

Plaintiffs and their experts may not have remote access to the eOMIS system.

Sincerely,

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
**(602) 542-7683 Direct**
(602) 542-7641 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

---

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Tuesday, January 19, 2016 12:52 PM
**To:** Rand, Lucy; Dan Struck
**Cc:** David Fathi; Amy Fettig; Corene Kendrick; Alison Hardy; Kirstin Eidenbach; Timothy James Bojanowski; Gottfried, Michael; Northup, Dawn
**Subject:** Records and Dates

Lucy and Dan,

Attached is a letter explaining that our medical expert is having great difficulty wading through the medical records as they are produced to us and requesting that he be allowed electronic remote access. As this is negatively affecting our ability to prepare for the mediation, we would appreciate a prompt response.

Also, now that we have a date for the mediation and the mediation briefs, we should agree on dates for further discussion on the issues that we have raised. I am available the rest of this week, 1/25-27 and 2/1-2. My co-counsel are invited to provide their availability, as are you and your team.

Don

Exhibit 3

## Alison Hardy

| | |
|---|---|
| **From:** | Rand, Lucy |
| **Sent:** | Thursday, January 21, 2016 1:29 PM |
| **To:** | 'Alison Hardy' |
| **Cc:** | Giralo, Tara; 'Don Specter' |
| **Subject:** | RE: Access to eOMIS - PARSONS v. RYAN |

Alison,

I made a request to the Corizon contact about eOMIS access.  With my knowledge of computers and databases, I asked whether there is a way to create a "mini-database" containing only the applicable inmates' medical records (no incarceration information) and provide the Plaintiffs' expert access to that.   The response was "no" because in order to obtain access to one inmate you access all inmates.

Further, the software they use, eOMIS, is proprietary software developed by Marquis.  In order to do any type of manipulation to the software, Marquis has to program it and that costs money and time.

I am trying to get ahold of a Marquis contact to speak to, but apparently they are in the middle of a "go live" with a prison and only have a skeleton staff at their office (which is not that big to begin with).

Of course, I would be happy to have a conference call with Plaintiffs as soon as today, but I wanted to obtain as much information about eOMIS so that we would not waste everyone's time.

I am available today and tomorrow for a conference call (not including eOMIS tech).

Thank you.

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE:  This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law.  It is intended only for the recipients to whom it is addressed.  If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message.  Thank you.

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Thursday, January 21, 2016 2:16 PM
**To:** Rand, Lucy
**Cc:** Giralo, Tara; Don Specter
**Subject:** RE: Access to eOMIS - PARSONS v. RYAN

Hi Lucy,
I am following up to see if you have any time to discuss this issue with your expert this afternoon or tomorrow?
Thanks,
Alison

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, January 20, 2016 11:31 AM
**To:** 'Alison Hardy'

Exhibit 4

**Alison Hardy**

| | |
|---|---|
| **From:** | Rand, Lucy |
| **Sent:** | Thursday, January 21, 2016 2:33 PM |
| **To:** | ahardy@prisonlaw.com; dspecter@prisonlaw.com; ckendrick@prisonlaw.com; kirstin@eidenbachlaw.com; dfathi@aclu.org; afettig@aclu.org; skader@azdisabilitylaw.org |
| **Cc:** | tara.giralo@azag.gov; rowens1@azcorrections.gov; tbojanowski@swlfirm.com; epercevecz@swlfirm.com |
| **Subject:** | Bookmarked Medical Records File - PARSONS v. RYAN |

Alison and Don,

Below is the link to obtain the bookmarked medical record of Douglas Raschke, ADC #111570.

The bookmarks manually created by me in the document show what can be done with Adobe Acrobat Pro (and do not represent a promise on the part of the Defendants to provide the same type of bookmarks as contained herein.) This took me about 37 minutes to perform, but the medical records are 6,290 pages long. Most medical records are not this voluminous.

After opening the document, in order to view the bookmarks, if you do not see a "Navigation Pane" on the left side of your screen, go to the top toolbar and click on "View", "Show/Hide", "Navigation Pane", "Bookmarks". When the Navigation Panel opens, you should see the bookmarks.

Initially you should see bookmarks titled "COVER 139678", "PAPER MED REC 139679-773" and "ELECTRON MED REC 139775-45967." The paper and electronic bookmarks have further directories underneath them that will appear if you click on the "+" sign. If you click on the BLUE bookmark, it will take you to that page of the medical records.

As I explained, with Adobe Acrobat Pro, you can make your own bookmarks. Also, you can position the page so that it opens to the text that you wish to see.

Please call me at (602) 542-7683 and I can explain more.

Best regards,

Thank you.
Lucy

Lucy M. Rand, Assistant Attorney General
OFFICE OF THE ARIZONA ATTORNEY GENERAL
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
(602) 542-7683 Direct
(602) 542-7641 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

# Exhibit 5

**Alison Hardy**

| | |
|---|---|
| **From:** | Alison Hardy |
| **Sent:** | Wednesday, January 27, 2016 11:20 AM |
| **To:** | 'Rand, Lucy' |
| **Cc:** | 'tara.giralo@azag.gov'; 'rowens1@azcorrections.gov'; 'tbojanowski@swlfirm.com'; 'epercevecz@swlfirm.com'; Don Specter; Corene Kendrick; 'kirstin@eidenbachlaw.com'; 'dfathi@aclu.org'; 'afettig@aclu.org'; 'skader@azdisabilitylaw.org' |
| **Subject:** | RE: Bookmarked Medical Records File - PARSONS v. RYAN |
| | |
| **Importance:** | High |

Dear Lucy,

Thank you for speaking to me on Monday about the experts' access to health records. I write to follow up on our conversation and to request an update. As you know, we are preparing for the upcoming mediation, and thus have time constraints for resolving this issue.

First, you had previously indicated that plaintiffs' experts could not have remote access to eOMIS because the records contained confidential custody information, in addition to health records. We discussed your objection and, after looking at the eOMIS records again, you acknowledged that eOMIS does not actually contain confidential custody information. You agreed that the objection was invalid.

Second, you stated that you have asked Corizon about providing remote access to plaintiffs' experts, and they have refused. You told me, "It is not up to ADOC" whether access can be provided. I believe you are mistaken, based on the ADOC's RFP and Contract Amendment re the EMR. The RFP clearly states that the medical records "are the property of the state" (ADC014196; RFP at p. 75, Sec. 2.10.25.10), and thus ADOC absolutely has the authority to designate how those records are used. Amendment No. 3 to the Contract, which provides for implementation of the electronic health record, clearly contemplates that Corizon will disclose information to third parties at ADOC's direction, and consistent with HIPAA. (ADC263219) Whether or not to provide remote access to plaintiffs' experts is clearly within the ADOC's authority.

Third, you agreed that you would try to contact the EMR vendor, Marquis, to find out whether it is possible to download select records into a "mini-library" that preserves searchability and links within the records. I would appreciate an update on those efforts as soon as possible.

As we discussed, para. 29 of the Stipulation provides: "Plaintiffs' counsel and their experts shall have **reasonable access** to the institutions, staff, contractors, prisoners and documents necessary to properly evaluate whether Defendants are complying with the performance measures and other provisions
of this Stipulation." It further provides that, once the EMR is implemented, the parties will revisit the issue of plaintiffs' access to the records. Having reviewed the EMR at ASPC-Tucson, Dr. Wilcox estimates that access to the EMR would reduce the time he requires to review medical records by at least 50%.. Requiring plaintiffs to continue to use the unsearchable and "non-linked" PDF's, some of which are 1000's of pages, does not constitute "reasonable access," given that there is now a much more efficient alternative. Indeed, it is irrational.

I ask that you advise me, by close of business tomorrow, whether the ADOC will provide remote access to the EMR for plaintiffs' experts or, alternatively, provide a "mini-library" of all medical records that plaintiffs have received from defendants since February, 2015, that preserves the search and link functions available in eOMIS. If we are not able to resolve this issue be tomorrow evening, plaintiffs intend to submit the dispute to Magistrate Judge Duncan for binding resolution.

Appreciate your prompt attention to this matter,
Alison


Alison Hardy
Staff Attorney
**Prison Law Office**
1917 Fifth Street
Berkeley, CA 94710
510.280.2638
ahardy@prisonlaw.com

---

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Friday, January 22, 2016 3:47 PM
**To:** 'Rand, Lucy'; Don Specter; Corene Kendrick; 'kirstin@eidenbachlaw.com'; 'dfathi@aclu.org'; 'afettig@aclu.org'; 'skader@azdisabilitylaw.org'
**Cc:** 'tara.giralo@azag.gov'; 'rowens1@azcorrections.gov'; 'tbojanowski@swlfirm.com'; 'epercevecz@swlfirm.com'
**Subject:** RE: Bookmarked Medical Records File - PARSONS v. RYAN

Hi Lucy,
I just spoke to one of our experts, Dr. Wilcox, about the bookmarked document.  He explained to me why the bookmarks solution is not a reasonable compromise, and will not substantially further his ability to review records efficiently.  Do you have time to call me today, or Monday morning, to discuss further?

Thanks,
Alison

Alison Hardy
Staff Attorney
**Prison Law Office**
1917 Fifth Street
Berkeley, CA 94710
510.280.2638
ahardy@prisonlaw.com

---

**From:** Rand, Lucy [mailto:lucy.rand@azag.gov]
**Sent:** Thursday, January 21, 2016 2:33 PM
**To:** ahardy@prisonlaw.com; dspecter@prisonlaw.com; ckendrick@prisonlaw.com; kirstin@eidenbachlaw.com; dfathi@aclu.org; afettig@aclu.org; skader@azdisabilitylaw.org
**Cc:** tara.giralo@azag.gov; rowens1@azcorrections.gov; tbojanowski@swlfirm.com; epercevecz@swlfirm.com
**Subject:** Bookmarked Medical Records File - PARSONS v. RYAN

Alison and Don,

Below is the link to obtain the bookmarked medical record of Douglas Raschke, ADC #111570.

The bookmarks manually created by me in the document show what can be done with Adobe Acrobat Pro (and do not represent a promise on the part of the Defendants to provide the same type of bookmarks as contained herein.) This took me about 37 minutes to perform, but the medical records are 6,290 pages long. Most medical records are not this voluminous.

After opening the document, in order to view the bookmarks, if you do not see a "Navigation Pane" on the left side of your screen, go to the top toolbar and click on "View", "Show/Hide", "Navigation Pane", "Bookmarks". When the Navigation Panel opens, you should see the bookmarks.

Initially you should see bookmarks titled "COVER 139678", "PAPER MED REC 139679-773" and "ELECTRON MED REC 139775-45967." The paper and electronic bookmarks have further directories underneath them that will appear if you click on the "+" sign. If you click on the BLUE bookmark, it will take you to that page of the medical records.

As I explained, with Adobe Acrobat Pro, you can make your own bookmarks. Also, you can position the page so that it opens to the text that you wish to see.

Please call me at (602) 542-7683 and I can explain more.

Best regards,

Thank you.
Lucy

Lucy M. Rand, Assistant Attorney General
OFFICE OF THE ARIZONA ATTORNEY GENERAL
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
(602) 542-7683 Direct
(602) 542-7641 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

---

**Files attached to this message**

| Filename | Size |
| --- | --- |
| ADCM139678-145967 - Deceased Med Recs - Raschke, Douglas - 2014-08-13 to 2015-08-13 (ORC & Rx).pdf | 283 MB |

Please click on the following link to download the attachments:
https://agfileshare.azag.gov/message/MPv5qgtNkf6Ap9Btxj7NDk

The attachments are available until: **Monday, 21 March.**

Message ID: MPv5qgt

AZ Attorney General's Office File Transfer — Secure Filetransfer Appliance: https://agfileshare.azag.gov/

# Exhibit 6

## Alison Hardy

| | |
|---|---|
| **From:** | Rand, Lucy |
| **Sent:** | Thursday, January 28, 2016 6:27 PM |
| **To:** | 'Alison Hardy' |
| **Cc:** | Giralo, Tara; 'rowens1@azcorrections.gov'; 'tbojanowski@swlfirm.com'; 'epercevecz@swlfirm.com'; 'Don Specter'; 'Corene Kendrick'; 'kirstin@eidenbachlaw.com'; 'dfathi@aclu.org'; 'afettig@aclu.org'; 'skader@azdisabilitylaw.org'; 'Brad Keogh'; 'RPratt@azcorrections.gov'; 'Struck, Dan (dstruck@swlfirm.com)'; Northup, Dawn; Gottfried, Michael; 'TAYLOR, NICOLE'; 'Cindy Black (Cindy.Black@Corizonhealth.com)'; 'Evans, Shane' |
| **Subject:** | RE: Bookmarked Medical Records File - PARSONS v. RYAN |

Dear Alison,

As to the response that a "mini-database" could not be created, I found out today that this response actually came from Marquis; therefore, this option is not feasible according to the software developer.

As to Plaintiffs' request for eOMIS access for their experts, Defendants do not believe that "reasonable access" under Paragraph 29 of the Stipulation requires the ADC to provide Plaintiffs' experts full access to eOMIS (you get one record, you get them all). Also, Plaintiffs' appear to be reaching as to the interpretation of the Stipulation, Paragraph 29, regarding the revisit of access to medical records. The provision unambiguously states that once the ADC EMR system is fully implemented, the parties will meet regarding the "limit on the [number] of medical records Plaintiffs can request". Nothing in this provision even hints that the revisit will involve the type of access Plaintiffs have to the medical records, or whether Defendants must provide Plaintiffs electronic access.

Sincerely,

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Wednesday, January 27, 2016 12:20 PM
**To:** Rand, Lucy
**Cc:** Giralo, Tara; rowens1@azcorrections.gov; tbojanowski@swlfirm.com; epercevecz@swlfirm.com; Don Specter; Corene Kendrick; kirstin@eidenbachlaw.com; dfathi@aclu.org; afettig@aclu.org; skader@azdisabilitylaw.org
**Subject:** RE: Bookmarked Medical Records File - PARSONS v. RYAN
**Importance:** High

Dear Lucy,

Thank you for speaking to me on Monday about the experts' access to health records. I write to follow up on our conversation and to request an update. As you know, we are preparing for the upcoming mediation, and thus have time constraints for resolving this issue.

First, you had previously indicated that plaintiffs' experts could not have remote access to eOMIS because the records contained confidential custody information, in addition to health records. We discussed your objection and, after looking at the eOMIS records again, you acknowledged that eOMIS does not actually contain confidential custody information. You agreed that the objection was invalid.

Second, you stated that you have asked Corizon about providing remote access to plaintiffs' experts, and they have refused. You told me, "It is not up to ADOC" whether access can be provided. I believe you are mistaken, based on the ADOC's RFP and Contract Amendment re the EMR. The RFP clearly states that the medical records "are the property of the state" (ADC014196; RFP at p. 75, Sec. 2.10.25.10), and thus ADOC absolutely has the authority to designate how those records are used. Amendment No. 3 to the Contract, which provides for implementation of the electronic health record, clearly contemplates that Corizon will disclose information to third parties at ADOC's direction, and consistent with HIPAA. (ADC263219) Whether or not to provide remote access to plaintiffs' experts is clearly within the ADOC's authority.

Third, you agreed that you would try to contact the EMR vendor, Marquis, to find out whether it is possible to download select records into a "mini-library" that preserves searchability and links within the records. I would appreciate an update on those efforts as soon as possible.

As we discussed, para. 29 of the Stipulation provides: "Plaintiffs' counsel and their experts shall have **reasonable access** to the institutions, staff, contractors, prisoners and documents necessary to properly evaluate whether Defendants are complying with the performance measures and other provisions
of this Stipulation." It further provides that, once the EMR is implemented, the parties will revisit the issue of plaintiffs' access to the records. Having reviewed the EMR at ASPC-Tucson, Dr. Wilcox estimates that access to the EMR would reduce the time he requires to review medical records by at least 50%.. Requiring plaintiffs to continue to use the unsearchable and "non-linked" PDF's, some of which are 1000's of pages, does not constitute "reasonable access," given that there is now a much more efficient alternative. Indeed, it is irrational.

I ask that you advise me, by close of business tomorrow, whether the ADOC will provide remote access to the EMR for plaintiffs' experts or, alternatively, provide a "mini-library" of all medical records that plaintiffs have received from defendants since February, 2015, that preserves the search and link functions available in eOMIS. If we are not able to resolve this issue be tomorrow evening, plaintiffs intend to submit the dispute to Magistrate Judge Duncan for binding resolution.

Appreciate your prompt attention to this matter,
Alison


Alison Hardy
Staff Attorney
**Prison Law Office**
1917 Fifth Street
Berkeley, CA 94710
510.280.2638
ahardy@prisonlaw.com

---

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Friday, January 22, 2016 3:47 PM
**To:** 'Rand, Lucy'; Don Specter; Corene Kendrick; 'kirstin@eidenbachlaw.com'; 'dfathi@aclu.org'; 'afettig@aclu.org'; 'skader@azdisabilitylaw.org'
**Cc:** 'tara.giralo@azag.gov'; 'rowens1@azcorrections.gov'; 'tbojanowski@swlfirm.com'; 'epercevecz@swlfirm.com'
**Subject:** RE: Bookmarked Medical Records File - PARSONS v. RYAN

Hi Lucy,

I just spoke to one of our experts, Dr. Wilcox, about the bookmarked document. He explained to me why the bookmarks solution is not a reasonable compromise, and will not substantially further his ability to review records efficiently. Do you have time to call me today, or Monday morning, to discuss further?

Thanks,
Alison

Alison Hardy
Staff Attorney
**Prison Law Office**
1917 Fifth Street
Berkeley, CA 94710
510.280.2638
ahardy@prisonlaw.com

---

**From:** Rand, Lucy [mailto:lucy.rand@azag.gov]
**Sent:** Thursday, January 21, 2016 2:33 PM
**To:** ahardy@prisonlaw.com; dspecter@prisonlaw.com; ckendrick@prisonlaw.com; kirstin@eidenbachlaw.com; dfathi@aclu.org; afettig@aclu.org; skader@azdisabilitylaw.org
**Cc:** tara.giralo@azag.gov; rowens1@azcorrections.gov; tbojanowski@swlfirm.com; epercevecz@swlfirm.com
**Subject:** Bookmarked Medical Records File - PARSONS v. RYAN

Alison and Don,

Below is the link to obtain the bookmarked medical record of Douglas Raschke, ADC #111570.

The bookmarks manually created by me in the document show what can be done with Adobe Acrobat Pro (and do not represent a promise on the part of the Defendants to provide the same type of bookmarks as contained herein.) This took me about 37 minutes to perform, but the medical records are 6,290 pages long. Most medical records are not this voluminous.

After opening the document, in order to view the bookmarks, if you do not see a "Navigation Pane" on the left side of your screen, go to the top toolbar and click on "View", "Show/Hide", "Navigation Pane", "Bookmarks". When the Navigation Panel opens, you should see the bookmarks.

Initially you should see bookmarks titled "COVER 139678", "PAPER MED REC 139679-773" and "ELECTRON MED REC 139775-45967." The paper and electronic bookmarks have further directories underneath them that will appear if you click on the "+" sign. If you click on the BLUE bookmark, it will take you to that page of the medical records.

As I explained, with Adobe Acrobat Pro, you can make your own bookmarks. Also, you can position the page so that it opens to the text that you wish to see.

Please call me at (602) 542-7683 and I can explain more.

Best regards,

Thank you.
Lucy

3

Lucy M. Rand, Assistant Attorney General
OFFICE OF THE ARIZONA ATTORNEY GENERAL
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
(602) 542-7683 Direct
(602) 542-7641 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

---

**Files attached to this message**

| Filename | Size |
|---|---|
| ADCM139678-145967 - Deceased Med Recs - Raschke, Douglas - 2014-08-13 to 2015-08-13 (ORC & Rx).pdf | 283 MB |

Please click on the following link to download the attachments:
https://agfileshare.azag.gov/message/MPv5qgtNkf6Ap9Btxj7NDk

The attachments are available until: **Monday, 21 March.**

Message ID: MPv5qgt

---

AZ Attorney General's Office File Transfer — Secure Filetransfer Appliance: https://agfileshare.azag.gov/

# Exhibit 7



STRUCK WIENEKE & LOVE      3100 West Ray Road, Suite 300   Chandler, Arizona 85226   480.420.1600   swlfirm.com

June 13, 2014

Daniel P. Struck
PARTNER

Kathleen L. Wieneke
PARTNER

Rachel Love
PARTNER

Timothy J. Bojanowski
PARTNER

Christina Retts
PARTNER

Jamie D. Guzman
ASSOCIATE

Nicholas D. Acedo
ASSOCIATE

Tara B. Zoellner
ASSOCIATE

Amy L. Nguyen
ASSOCIATE

Ashlee B. Fletcher
ASSOCIATE

Anne M. Orcutt
ASSOCIATE

Kevin L. Nguyen
ASSOCIATE

Jacob B. Lee
ASSOCIATE

Mark A. Bracken
ASSOCIATE

David C. Lewis
OF COUNSEL

**VIA EMAIL/U.S. MAIL**

David C. Fathi, Esq.
ACLU
National Prison Project
915 15th Street, NW
7th Floor
Washington, DC  20005-2112

Re:     Parsons, et al. v. Ryan and Pratt
        U.S. District Court of Arizona; 2:12-cv-00601

Dear David:

Enclosed is a hard drive containing the Use of Force videos being produced in response to the Court's Order (Doc. 923). Because of its size, we are only providing one copy and will leave it to you to distribute as appropriate.

Regards,

Timothy J. Bojanowski
For the Firm

/eap
Enclosure
2914234.1
cc:     *Via Email Only To:*
        Sarah Kader
        Caroline N. Mitchell
        Donald Specter
        Amelia Gerlicher
        Michael E. Gottfried
        Lucy Rand

# Exhibit 8

**Jamelia Morgan**

| | |
|---|---|
| **From:** | Kirstin Eidenbach <kirstin@eidenbachlaw.com> |
| **Sent:** | Tuesday, December 01, 2015 12:53 PM |
| **To:** | Rand, Lucy |
| **Cc:** | David Fathi; Corene Kendrick; Alison Hardy; Sarah Kader; Amy Fettig; Corrina Regnier; Megan Lynch; Laura Graham |
| **Subject:** | Parsons v. Ryan: Two Additional Outstanding Requests |

HI Lucy,

Please also note that the lists for MH #26 were not provided in the Tucson CGARs for August or September.  Plaintiffs request that this information be produced immediately so that we have time to meaningfully review it prior to the Tucson tours.  In addition, we still have not received any use of force videos, as requested by David Fathi's November 24, 2015 letter.  Please produce those videos expeditiously.  We appreciate your help and cooperation.

Best,
Kirstin

*Eidenbach Law, P.C.*
*P.O. Box 91398*
*Tucson, AZ 85752*
*(520) 477-1475*
*kirstin@eidenbachlaw.com*

1

**Jamelia Morgan**

| | |
|---|---|
| **From:** | Amy Fettig |
| **Sent:** | Wednesday, February 03, 2016 6:06 PM |
| **To:** | Jamelia Morgan; Corrina Regnier |
| **Subject:** | FW: 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN |
| **Attachments:** | 2015-10-23 FINAL - LTR - Rand to Eidenbach (re Missing Docs) annotated.pdf |

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, November 25, 2015 1:24 PM
**To:** David Fathi
**Cc:** 'kirstin@eidenbachlaw.com'; 'Don Specter'; 'Sarah Kader'; 'Alison Hardy (ahardy@prisonlaw.com)'; Amy Fettig; Northup, Dawn; Gottfried, Michael; Giralo, Tara; 'Dan Struck'; 'Tim Bojanowski'; 'Ashlee Fletcher'; 'Corene Kendrick'; 'Percevecz, Elaine (EPercevecz@swlfirm.com)'; 'TAYLOR, NICOLE'; 'PRATT, RICHARD'; 'McWilliams, Carson'; 'ROwens1@azcorrections.gov'
**Subject:** RE: 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

David,

Please see page two where Defendants state "upon request, Plaintiffs may view the videos during the tours or at other times agreed upon by counsel."

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

**From:** David Fathi [mailto:dfathi@aclu.org]
**Sent:** Wednesday, November 25, 2015 10:06 AM
**To:** Rand, Lucy
**Cc:** 'kirstin@eidenbachlaw.com'; 'Don Specter'; 'Sarah Kader'; 'Alison Hardy (ahardy@prisonlaw.com)'; Amy Fettig; Northup, Dawn; Gottfried, Michael; Giralo, Tara; 'Dan Struck'; 'Tim Bojanowski'; 'Ashlee Fletcher'; 'Corene Kendrick'; 'Percevecz, Elaine (EPercevecz@swlfirm.com)'; 'TAYLOR, NICOLE'; 'PRATT, RICHARD'; 'McWilliams, Carson'; 'ROwens1@azcorrections.gov'
**Subject:** RE: 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

Lucy,

Thank you for your prompt response.

It is not true that your October 23 letter said that "Plaintiffs may view the videos upon request." In any event, it is unreasonable to expect plaintiffs' counsel and their experts to travel to Arizona, at considerable expense, to view videos that defendants have until now produced without objection. Please let us know by November 30, 2015, if defendants will agree to produce these videos.

Thanks very much.

1

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Tuesday, November 24, 2015 6:59 PM
**To:** David Fathi
**Cc:** 'kirstin@eidenbachlaw.com'; 'Don Specter'; 'Sarah Kader'; 'Alison Hardy (ahardy@prisonlaw.com)'; Amy Fettig; Northup, Dawn; Gottfried, Michael; Giralo, Tara; 'Dan Struck'; 'Tim Bojanowski'; 'Ashlee Fletcher'; 'Corene Kendrick'; 'Percevecz, Elaine (EPercevecz@swlfirm.com)'; 'TAYLOR, NICOLE'; 'PRATT, RICHARD'; 'McWilliams, Carson'; 'ROwens1@azcorrections.gov'
**Subject:** 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

David,

I am in receipt of your letter dated November 24, 2015, regarding use of force videos.

As Defendants advised in their 10/23/2015 Letter (Rand to Eidenbach), Plaintiffs may view the videos upon request. Plaintiffs will be in town next week and the week after on prison tours at ASPC-Tucson and Eyman, and Defendants CAN make videos available for Plaintiffs to view from Eyman, Perryville, Florence, and Lewis (if any). Plaintiffs must make an affirmative request to view the videos and specify the complex(es) requested and the month(s) requested.

As to your Monday, November 30, 2015, deadline to respond to your letter, this deadline is unreasonable, especially in light of the Thanksgiving Day holiday because many people are out of the office on extended vacations, including myself. Defendants will attempt to respond by your requested due date, but will likely be unable to do so.

Sincerely,

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
**(602) 542-7683 Direct**
(602) 542-7641 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you

receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

**From:** David Fathi [mailto:dfathi@aclu.org]
**Sent:** Tuesday, November 24, 2015 12:57 PM
**To:** Rand, Lucy; Gottfried, Michael
**Cc:** kirstin@eidenbachlaw.com; 'Don Specter'; Sarah Kader; Alison Hardy (ahardy@prisonlaw.com); Amy Fettig; Northup, Dawn; Gottfried, Michael; Rand, Lucy; Giralo, Tara; Dan Struck; Tim Bojanowski; Ashlee Fletcher; Corene Kendrick; David Fathi
**Subject:** Letter re: use of force videos

Counsel:

Please see the attached letter.

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

## Jamelia Morgan

**From:** Amy Fettig
**Sent:** Wednesday, February 03, 2016 6:07 PM
**To:** Jamelia Morgan; Corrina Regnier
**Subject:** FW: 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

I believe the emails I'm forwarding were missing from your packet.

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, November 25, 2015 1:52 PM
**To:** David Fathi
**Cc:** 'kirstin@eidenbachlaw.com'; 'Don Specter'; 'Sarah Kader'; 'Alison Hardy (ahardy@prisonlaw.com)'; Amy Fettig;
Northup, Dawn; Gottfried, Michael; Giralo, Tara; 'Dan Struck'; 'Tim Bojanowski'; 'Ashlee Fletcher'; 'Corene Kendrick';
'Percevecz, Elaine (EPercevecz@swlfirm.com)'; 'TAYLOR, NICOLE'; 'PRATT, RICHARD'; 'McWilliams, Carson';
'ROwens1@azcorrections.gov'
**Subject:** RE: 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

David,

It was intended to convey an offer.

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be
PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you
receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the
original message. Thank you.

**From:** David Fathi [mailto:dfathi@aclu.org]
**Sent:** Wednesday, November 25, 2015 11:50 AM
**To:** Rand, Lucy
**Cc:** 'kirstin@eidenbachlaw.com'; 'Don Specter'; 'Sarah Kader'; 'Alison Hardy (ahardy@prisonlaw.com)'; Amy Fettig;
Northup, Dawn; Gottfried, Michael; Giralo, Tara; 'Dan Struck'; 'Tim Bojanowski'; 'Ashlee Fletcher'; 'Corene Kendrick';
'Percevecz, Elaine (EPercevecz@swlfirm.com)'; 'TAYLOR, NICOLE'; 'PRATT, RICHARD'; 'McWilliams, Carson';
'ROwens1@azcorrections.gov'
**Subject:** RE: 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

Lucy:

The full paragraph from your October 23 letter is as follows:

"As stated above, Plaintiffs are entitled to reasonable access to documents to properly
evaluate Defendants' compliance with performance measures. Access to videos is not required
under the Stipulation. Even assuming Plaintiffs may have access to videos, Defendants certainly
are not required to produce them. At the most, upon request, Plaintiffs may view the videos during
the tours or at other times agreed upon by counsel."

No reasonable reader would construe this as an invitation to view the videos.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

---

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, November 25, 2015 1:24 PM
**To:** David Fathi
**Cc:** 'kirstin@eidenbachlaw.com'; 'Don Specter'; 'Sarah Kader'; 'Alison Hardy (ahardy@prisonlaw.com)'; Amy Fettig; Northup, Dawn; Gottfried, Michael; Giralo, Tara; 'Dan Struck'; 'Tim Bojanowski'; 'Ashlee Fletcher'; 'Corene Kendrick'; 'Percevecz, Elaine (EPercevecz@swlfirm.com)'; 'TAYLOR, NICOLE'; 'PRATT, RICHARD'; 'McWilliams, Carson'; 'ROwens1@azcorrections.gov'
**Subject:** RE: 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

David,

Please see page two where Defendants state "upon request, Plaintiffs may view the videos during the tours or at other times agreed upon by counsel."

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

---

**From:** David Fathi [mailto:dfathi@aclu.org]
**Sent:** Wednesday, November 25, 2015 10:06 AM
**To:** Rand, Lucy
**Cc:** 'kirstin@eidenbachlaw.com'; 'Don Specter'; 'Sarah Kader'; 'Alison Hardy (ahardy@prisonlaw.com)'; Amy Fettig; Northup, Dawn; Gottfried, Michael; Giralo, Tara; 'Dan Struck'; 'Tim Bojanowski'; 'Ashlee Fletcher'; 'Corene Kendrick'; 'Percevecz, Elaine (EPercevecz@swlfirm.com)'; 'TAYLOR, NICOLE'; 'PRATT, RICHARD'; 'McWilliams, Carson'; 'ROwens1@azcorrections.gov'
**Subject:** RE: 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

Lucy,

Thank you for your prompt response.

It is not true that your October 23 letter said that "Plaintiffs may view the videos upon request." In any event, it is unreasonable to expect plaintiffs' counsel and their experts to travel to Arizona, at considerable expense, to view videos that defendants have until now produced without objection. Please let us know by November 30, 2015, if defendants will agree to produce these videos.

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

---

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Tuesday, November 24, 2015 6:59 PM
**To:** David Fathi
**Cc:** 'kirstin@eidenbachlaw.com'; 'Don Specter'; 'Sarah Kader'; 'Alison Hardy (ahardy@prisonlaw.com)'; Amy Fettig; Northrup, Dawn; Gottfried, Michael; Giralo, Tara; 'Dan Struck'; 'Tim Bojanowski'; 'Ashlee Fletcher'; 'Corene Kendrick'; 'Percevecz, Elaine (EPercevecz@swlfirm.com)'; 'TAYLOR, NICOLE'; 'PRATT, RICHARD'; 'McWilliams, Carson'; 'ROwens1@azcorrections.gov'
**Subject:** 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

David,

I am in receipt of your letter dated November 24, 2015, regarding use of force videos.

As Defendants advised in their 10/23/2015 Letter (Rand to Eidenbach), Plaintiffs may view the videos upon request.  Plaintiffs will be in town next week and the week after on prison tours at ASPC-Tucson and Eyman, and Defendants CAN make videos available for Plaintiffs to view from Eyman, Perryville, Florence, and Lewis (if any).  Plaintiffs must make an affirmative request to view the videos and specify the complex(es) requested and the month(s) requested.

As to your Monday, November 30, 2015, deadline to respond to your letter, this deadline is unreasonable, especially in light of the Thanksgiving Day holiday because many people are out of the office on extended vacations, including myself.  Defendants will attempt to respond by your requested due date, but will likely be unable to do so.

Sincerely,

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
**(602) 542-7683 Direct**
(602) 542-7641 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

**From:** David Fathi [mailto:dfathi@aclu.org]
**Sent:** Tuesday, November 24, 2015 12:57 PM
**To:** Rand, Lucy; Gottfried, Michael
**Cc:** kirstin@eidenbachlaw.com; 'Don Specter'; Sarah Kader; Alison Hardy (ahardy@prisonlaw.com); Amy Fettig; Northup, Dawn; Gottfried, Michael; Rand, Lucy; Giralo, Tara; Dan Struck; Tim Bojanowski; Ashlee Fletcher; Corene Kendrick; David Fathi
**Subject:** Letter re: use of force videos

Counsel:

Please see the attached letter.

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

## Jamelia Morgan

| | |
|---|---|
| **From:** | Amy Fettig |
| **Sent:** | Wednesday, February 03, 2016 6:07 PM |
| **To:** | Jamelia Morgan; Corrina Regnier |
| **Subject:** | FW: 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN |

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Tuesday, November 24, 2015 6:59 PM
**To:** David Fathi
**Cc:** 'kirstin@eidenbachlaw.com'; 'Don Specter'; 'Sarah Kader'; 'Alison Hardy (ahardy@prisonlaw.com)'; Amy Fettig; Northup, Dawn; Gottfried, Michael; Giralo, Tara; 'Dan Struck'; 'Tim Bojanowski'; 'Ashlee Fletcher'; 'Corene Kendrick'; 'Percevecz, Elaine (EPercevecz@swlfirm.com)'; 'TAYLOR, NICOLE'; 'PRATT, RICHARD'; 'McWilliams, Carson'; 'ROwens1@azcorrections.gov'
**Subject:** 11/24/15 Fathi LTR re UOF Videos - PARSONS v. RYAN

David,

I am in receipt of your letter dated November 24, 2015, regarding use of force videos.

As Defendants advised in their 10/23/2015 Letter (Rand to Eidenbach), Plaintiffs may view the videos upon request.  Plaintiffs will be in town next week and the week after on prison tours at ASPC-Tucson and Eyman, and Defendants CAN make videos available for Plaintiffs to view from Eyman, Perryville, Florence, and Lewis (if any).  Plaintiffs must make an affirmative request to view the videos and specify the complex(es) requested and the month(es) requested.

As to your Monday, November 30, 2015, deadline to respond to your letter, this deadline is unreasonable, especially in light of the Thanksgiving Day holiday because many people are out of the office on extended vacations, including myself.  Defendants will attempt to respond by your requested due date, but will likely be unable to do so.

Sincerely,

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
**(602) 542-7683 Direct**
(602) 542-7641 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

NOTICE:  This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law.  It is intended only for the recipients to whom it is addressed.  If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message.  Thank you.

**From:** David Fathi [mailto:dfathi@aclu.org]
**Sent:** Tuesday, November 24, 2015 12:57 PM
**To:** Rand, Lucy; Gottfried, Michael
**Cc:** kirstin@eidenbachlaw.com; 'Don Specter'; Sarah Kader; Allison Hardy (ahardy@prisonlaw.com); Amy Fettig; Northup, Dawn; Gottfried, Michael; Rand, Lucy; Giralo, Tara; Dan Struck; Tim Bojanowski; Ashlee Fletcher; Corene Kendrick; David Fathi
**Subject:** Letter re: use of force videos

Counsel:

Please see the attached letter.

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

2

**Jamelia Morgan**

| | |
|---|---|
| **From:** | Amy Fettig |
| **Sent:** | Wednesday, February 03, 2016 6:08 PM |
| **To:** | Jamelia Morgan; Corrina Regnier |
| **Subject:** | FW: Missing documents |

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, August 26, 2015 5:28 PM
**To:** David Fathi
**Cc:** Megan Lynch; Corene Kendrick; Kirstin Eidenbach; Amy Fettig; Corrina Regnier; Steve Fama; Gottfried, Michael; Tim Bojanowski; Elaine Percevecz; KEOGH, BRAD; PRATT, RICHARD; Rowens1@azcorrections.gov
**Subject:** RE: Missing documents

David,

We will not be providing documents pursuant to the following requests: 14, 15 (no videos), 16, 17 (for Lewis), and 21.  (See our 8/20/2015 and 8/26/2015 letters.)

We are in the process of providing the remaining documents.

Lucy M. Rand, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926

**(602) 542-7683 Direct**
(602) 542-7641 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

The information contained in this e-mail message is privileged and confidential, intended only for the use of the specific individuals and/or entities to which it is addressed.  If you are not one of the intended recipients, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you received this communication in error, please immediately notify the sender by return e-mail or call (602) 542-7683.  Thank you.

**From:** David Fathi [dfathi@aclu.org]
**Sent:** Wednesday, August 26, 2015 12:38 PM
**To:** Rand, Lucy; Gottfried, Michael
**Cc:** Megan Lynch; Corene Kendrick; Kirstin Eidenbach; Alison Hardy; Amy Fettig; Corrina Regnier; Steve Fama
**Subject:** Missing documents

Lucy,

Thank you for the documents you sent last night.  However, we still have not received any documents responsive to Requests #9-12, 14-16, 17, 19, or 21 in Kirstin's letter of August 6, 2015.  We have also received no Lewis documents responsive to Request #8.

As you know, we requested that these documents be produced no later than August 21, 2015.  The tours are now less than 2 ½ business days away; it is essential that we receive the missing documents as soon as possible.

Thank you very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
www.twitter.com/DavidCFathi

*Not admitted in DC; practice limited to federal courts

2

Exhibit 9



**OFFICE OF THE ARIZONA ATTORNEY GENERAL**

**STATE GOVERNMENT DIVISION**
**LIABILITY MANAGEMENT SECTION**

MARK BRNOVICH
ATTORNEY GENERAL

LUCY M. RAND
ASSISTANT ATTORNEY GENERAL
DIRECT LINE: (602) 542-7683
EMAIL: LUCY.RAND@AZAG.GOV

December 1, 2015

**BY ELECTRONIC MAIL ONLY**

Kirstin T. Eidenbach
EIDENBACH LAW, P.C.
P.O. Box 91398
Tucson, AZ 85752
kirstin@eidenbachlaw.com

Re:   **Plaintiffs' Correspondence Received on December 1, 2015 re: Tour Documents**
*PARSONS, et al. v. RYAN, et al., USDC CV12-00601-DKD*

Kirstin:

This letter responds to your Letter sent via email to Defendants on December 1, 2015 (dated November 30, 2015) and your email sent to Defendants on December 1, 2015. Plaintiffs request documents be produced ASAP. Defendants respond below to Plaintiffs' requests:

**Request 1: Monitor worksheets for HC PM #98 (MH #26) for Tucson CGARs for August or September 2015.**

Defendants produced these lists for August and September 2015 for ASPC-Tucson (ADCM199831-200153) and ASPC-Eyman (ADCM199777-199830), and Defendants are providing Plaintiffs with a copy on the tours.

**Request 3: List of pending specialty care appointments, with date of referral (urgent and routine) (Measures # 48-49).**

Defendants produced these lists for ASPC-Eyman (ADCM199748-199756) and ASPC-Tucson (ADCM199757-199770), and Defendants are providing Plaintiffs with a copy on the tours.

**Request 5: Medical emergency transport reports for the preceding 90 days (Measure # 25).**

Defendants produced these lists for August, September, and October 2015 for ASPC-Eyman (ADCM199771-199776) and ASPC-Tucson (ADCM199774-199776), and Defendants are providing Plaintiffs with a copy on the tours.

**Request 11: Maximum Custody Monthly Activity Schedules for Eyman-SMU, Eyman-Browning, and Tucson-Minors maximum custody units (Measures ##1, 2, 6, 8).**

Kirstin Eidenbach
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
December 1, 2015
Page 2

Defendants produced these lists for ASPC-Eyman-Browning and ASPC-Eyman-SMU for August, September, and October 2015 (ADCM199291-199317).

Defendants object to this request as it pertains to ASPC-Tucson-Minors because Defendants are not required to monitor any minor maximum custody inmates under the parties' Stipulation. (Dkt. 1185 at 6, ¶ 18, and Exhibit D.)  The maximum custody outcome measures apply to ASPC-Eyman-Browning, ASPC-Eyman-SMU, ASPC-Florence-Central, ASPC-Florence-Kasson, and ASPC-Perryville-Lumley Special Management Area (Yard 30).  (*Id.*)  Further, Plaintiffs' November 3, 2015, Notice of Substantial Noncompliance regarding Defendants' failure to monitor another maximum custody unit made no mention that Plaintiffs' position is that Defendants must also monitor ASPC-Tucson Minors Max.

**Request 12: Maximum Custody Daily Out-of-Cell Time Tracking Forms for week of November 1, 2015 for 5 randomly selected prisoners from each of Eyman-SMU, Eyman-Browning, and Tucson-Minors maximum custody units (Measures ##1, 2, 3, 5, 6, 8).**

Defendants objected to this request in their November 25, 2015, 8:41 p.m. production email. Furthermore, Defendants previously have objected to this request because the documents do not assist Plaintiffs in "properly evaluat[ing] whether Defendants are complying with the performance measures and other provisions of [the] Stipulation" because the documents are not the basis for the CGAR performance results.  (Dkt. 1185 at 12, ¶ 29.)

Defendants object to this request as it pertains to ASPC-Tucson-Minors because Defendants are not required to monitor any minor maximum custody inmates under the parties' Stipulation. (Dkt. 1185 at 6, ¶ 18, and Exhibit D.)  The maximum custody outcome measures apply to ASPC-Eyman-Browning, ASPC-Eyman-SMU, ASPC-Florence-Central, ASPC-Florence-Kasson, and ASPC-Perryville-Lumley Special Management Area (Yard 30).  (*Id.*)  Further, Plaintiffs' November 3, 2015, Notice of Substantial Noncompliance regarding Defendants' failure to monitor another maximum custody unit made no mention that Plaintiffs' position is that Defendants must also monitor ASPC-Tucson Minors Max.

**Request 13: Program attendance/sign-in sheets for week of November 1, 2015 for Eyman-SMU, Eyman-Browning, and Tucson-Minors maximum custody units, including all DI 326 programs, mental health programs, and any other programs occurring during that week in these units (Measures ##2, 6, 8).**

Defendants object to this request because the documents do not assist Plaintiffs in "properly evaluat[ing] whether Defendants are complying with the performance measures and other provisions of [the] Stipulation" because the documents are not the basis for the CGAR performance results.  (Dkt. 1185 at 12, ¶ 29.)

Defendants object to this request as it pertains to ASPC-Tucson-Minors because Defendants are not required to monitor any minor maximum custody inmates under the parties' Stipulation. (Dkt. 1185 at 6, ¶ 18, and Exhibit D.)  The maximum custody outcome measures apply to ASPC-

Kirstin Eidenbach
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
December 1, 2015
Page 3

Eyman-Browning, ASPC-Eyman-SMU, ASPC-Florence-Central, ASPC-Florence-Kasson, and ASPC-Perryville-Lumley Special Management Area (Yard 30). (*Id.*) Further, Plaintiffs' November 3, 2015, Notice of Substantial Noncompliance regarding Defendants' failure to monitor another maximum custody unit made no mention that Plaintiffs' position is that Defendants must also monitor ASPC-Tucson Minors Max.

**Request 14:** **Any documentation for a warden certification that an individual security risk necessitated limitation or cancellation of out-of-cell time from October 1–31, 2015 for Eyman-SMU, Eyman-Browning, and Tucson-Minors maximum custody units (Measure #3).**

Defendants are in the process of obtaining these documents, if any.

Defendants object to this request as it pertains to ASPC-Tucson-Minors because Defendants are not required to monitor any minor maximum custody inmates under the parties' Stipulation. (Dkt. 1185 at 6, ¶ 18, and Exhibit D.) The maximum custody outcome measures apply to ASPC-Eyman-Browning, ASPC-Eyman-SMU, ASPC-Florence-Central, ASPC-Florence-Kasson, and ASPC-Perryville-Lumley Special Management Area (Yard 30). (*Id.*) Further, Plaintiffs' November 3, 2015, Notice of Substantial Noncompliance regarding Defendants' failure to monitor another maximum custody unit made no mention that Plaintiffs' position is that Defendants must also monitor ASPC-Tucson Minors Max.

**Request 16:** **5 randomly selected prisoner property files from each of Eyman-SMU, Eyman-Browning, and Tucson-Minors maximum custody units (Measure #6).**

Defendants objected to this request in their November 25, 2015, 8:41 p.m. production email. Furthermore, Defendants previously have objected to this request because the documents do not assist Plaintiffs in "properly evaluat[ing] whether Defendants are complying with the performance measures and other provisions of [the] Stipulation" because the documents are not the basis for the CGAR performance results. (Dkt. 1185 at 12, ¶ 29.)

Defendants object to this request as it pertains to ASPC-Tucson-Minors because Defendants are not required to monitor any minor maximum custody inmates under the parties' Stipulation. (Dkt. 1185 at 6, ¶ 18, and Exhibit D.) The maximum custody outcome measures apply to ASPC-Eyman-Browning, ASPC-Eyman-SMU, ASPC-Florence-Central, ASPC-Florence-Kasson, and ASPC-Perryville-Lumley Special Management Area (Yard 30). (*Id.*) Further, Plaintiffs' November 3, 2015, Notice of Substantial Noncompliance regarding Defendants' failure to monitor another maximum custody unit made no mention that Plaintiffs' position is that Defendants must also monitor ASPC-Tucson Minors Max.

**Request 17:** **SIR packets, use of force review packets (if applicable) and incident videos (if applicable) for all use of force incidents involving maximum custody prisoners who are classified as SMI, or housed in Eyman-SMU or Browning for August–October 2015 (Measure #9). In addition, [Plaintiffs] still have not received any use of force videos, as requested by**

Kirstin Eidenbach
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
December 1, 2015
Page 4

**David Fathi's November 24, 2015 letter.  Please produce those videos expeditiously.  We appreciate your help and cooperation.**

Defendants objected to this request in their October 23, 2015 Letter and their November 24, 2015, email and advised Plaintiffs that they may view specific videos upon request.  Plaintiffs must make an affirmative request to view the videos and specify the complex(es) requested and the month(s) requested.  (11/24/15 Email from Rand to Fathi.)

**Request 18: A list of all medical records (including prisoner name and ADC number) used to assess compliance with the CGAR performance measures from August–October 2015, which identifies which records were used to assess which performance measures.**

Defendants object to this request because the October 2015 CGARs are not yet available, as they are still being tabulated.

Defendants also objected to this request in their November 25, 2015, 8:41 p.m. production email.  Defendants are not required to perform Plaintiffs' work for them and this information has already been produced to Plaintiffs in monitor worksheets, ADCM199777-200153.

**Request 19: Daily Information Reports (custody logs for prisoners moved to and from medical) for ASPC-Tucson and ASPC-Eyman for the previous 90 days.**

Defendants did not object to this request because it seemed clear based on Plaintiffs' wording of their request what documents Plaintiffs wished to obtain: custody logs showing inmates who were moved to and from medical.  After Defendants' staff had already spent the time copying the voluminous documents (Eyman: 8,524 pages; Tucson: 7,476 pages) and sending the documents by expedited shipping, Plaintiffs advised Defendants (just yesterday) that they did not intend to request these documents and did they want them.[1]  Plaintiffs attempt to place the onus on Defendants to know which documents Plaintiffs are requesting; however, this is incorrect and Plaintiffs need to inquire of Defendants whether the documents they are requesting are actually the documents Plaintiffs want.  Accordingly, if incorrect documents are obtained based on Plaintiffs' request, Plaintiffs cannot then expect that Defendants' staff will obtain new documents on the eve of the tours.  At this late juncture, it is unlikely that Defendants will produce different documents.

**Request 21: A list (including housing location) of all prisoners who are taking psychotropic medications and suffered a heat intolerance reaction within the previous 90 days (Stipulation Measure 2, Stipulation, para. 15).**

According to the criteria for heat intolerance, no inmates have suffered a heat intolerance reaction within the previous 90 days.

---

[1] This is just another example of Plaintiffs not understanding what they are requesting.

Kirstin Eidenbach
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
December 1, 2015
Page 5

**Request 22:** Any lists maintained by ADC of prisoners who are vulnerable to heat injury as a result of taking psychotropic medication (Stipulation, para. 15).

Defendants produced any logs in existence showing any inmate who may be vulnerable to heat injury, ADCM197985-197990.

**Request 23:** All documents showing (1) referral to managers, supervisors, and the CQI committee of any deficiencies identified in mortality reviews and psychological autopsies, and (2) all corrective actions taken (Stipulation Measure 3, Stipulation para. 16).

Defendants previously advised Plaintiffs that any referrals or CAPS are contained within the mortality review, the psychological autopsy, or within the CQI Meeting Minutes.

**Request 24:** Language line and language interpreter logs, along with all other documentation showing language services provided to prisoners not fluent in English for the previous 90 days (Stipulation, para. 14).

Defendants produced any logs in existence between August 2015 and October 2015 as ADCM199730-199747.

**Request 27:** A list of all prisoners housed in any "enhanced security" cells/pods or other housing areas designated for special security considerations for maximum security prisoners, including the MH score of each prisoner so housed, and whether that prisoner is classified as SMI.

Defendants already produced this information in the Housing Lists. For ASPC-Tucson, this information is located at ADCM197952 (locator code C28) and for ASPC-Eyman this information is located at ADCM197823 and ADCM197868 (locator code A51).

Defendants also object to this request as it pertains to ASPC-Tucson-Minors because Defendants are not required to monitor any minor maximum custody inmates under the parties' Stipulation. (Dkt. 1185 at 6, ¶ 18, and Exhibit D.) The maximum custody outcome measures apply to ASPC-Eyman-Browning, ASPC-Eyman-SMU, ASPC-Florence-Central, ASPC-Florence-Kasson, and ASPC-Perryville-Lumley Special Management Area (Yard 30). (*Id.*) Further, Plaintiffs' November 3, 2015, Notice of Substantial Noncompliance regarding Defendants' failure to monitor another maximum custody unit made no mention that Plaintiffs' position is that Defendants must also monitor ASPC-Tucson Minors Max.

Sincerely,

s/ Lucy M. Rand
Lucy M. Rand,
Assistant Attorney General

Kirstin Eidenbach
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
December 1, 2015
Page 6

LMR

cc:    Brad Keogh
       Dawn Northup
       Michael Gottfried
       Timothy Bojanowski

# Eidenbach Law, P.C.

Kirstin T. Eidenbach, Attorney-at-law (AZ Bar No. 027341)

P.O. Box 91398 • Tucson, AZ 85752 • Phone: 520-477-1475
E-Mail: kirstin@eidenbachlaw.com

November 30, 2015

Lucy Rand
Assistant Attorney General
Arizona Attorney General's Office
1275 West Washington
Phoenix, Arizona 85007

Dear Lucy:

Listed below are the documents we have not yet received in response to Plaintiffs' November 13, 2015 letter to you (Tour Letter). Plaintiffs request that these documents be produced immediately, given that the Tucson tours begin in less than 48 hours.

Request 3: List of pending specialty care appointments, with date of referral (urgent and routine). (Measures # 48-49).

Defendants raised no objection to this request but failed to provide any responsive documents. Plaintiffs request that all documents responsive to Request 3 be produced immediately. This list is crucial to our ability to monitor defendants' compliance.

Request 5: Medical emergency transport reports for the preceding 90 days. (Measure # 25).

Defendants raised no objection to this request but failed to provide any responsive documents. Plaintiffs request that all documents responsive to Request 5 be produced immediately. This list is crucial to our ability to monitor defendants' compliance.

Request 11: Maximum Custody Monthly Activity Schedules for Eyman - SMU-I, Eyman - Browning, and Tucson – Minors maximum custody Units (Measures ##1, 2, 6, 8).

Defendants raised no objection to this request but failed to provide any responsive documents. Plaintiffs request that all documents responsive to Request 11 be produced immediately.

Request 12: Maximum Custody Daily Out-of-Cell Time Tracking Forms for week of November 1, 2015 for 5 randomly selected prisoners from each of Eyman - SMU-I, Eyman - Browning, and Tucson – Minors maximum custody Units (Measures ##1, 2, 3, 5, 6, 8).

Defendants objected, without basis, to this request and refused to produce this entire set of documents. Plaintiffs stated which performance measures this request directly relates to in the Tour Letter. Plaintiffs request immediate production of these documents.

Request 13:  Program attendance/sign-in sheets for week of November 1, 2015 for Eyman - SMU-I, Eyman - Browning, and Tucson – Minors maximum custody Units, including all DI 326 programs, mental health programs, and any other programs occurring during that week in these units (Measures ##2, 6, 8).

Defendants raised no objection to this request but failed to provide any responsive documents. Plaintiffs request that all documents responsive to Request 13 be produced immediately.

Request 14: Any documentation for a warden certification that an individual security risk necessitated limitation or cancellation of out-of-cell time from October 1 – 31, 2015 for Eyman - SMU-I, Eyman - Browning, and/or Tucson – Minors maximum custody Units (Measure #3).

Plaintiffs understand that Defendants included these documents in the Max Custody Notebooks. However, Defendants only produced August and September for Eyman SMU.  No documents from October were included in the notebooks, and no documents for Eyman Browning or Tucson Minors unit were included for any month in the notebooks.

Request 16: 5 randomly selected prisoner property files from each of Eyman - SMU-I, Eyman - Browning, and Tucson – Minors maximum custody Units. (Measure #6).

Defendants objected, without basis, to this request and refused to produce this entire set of documents. Plaintiffs stated which performance measure this request directly relates to in the Tour Letter. Plaintiffs request immediate production of these documents.

Request 17:  SIR packets, use of force review packets (if applicable) and incident videos (if applicable) for all use of force incidents involving maximum custody prisoners who are classified as SMI, or housed in Eyman – SMU-I or Browning Units for August – October 2015. (Measure #9).

Defendants' production in response to this request is missing the SIR packets for Eyman SMU from October and August-October from Browning.

Request 18: A list of all medical records (including prisoner name and ADC number) used to assess compliance with the CGAR performance measures from August – October 2015, which identifies which records were used to assess which performance measures.

2

Defendants objected, without basis, to this request and refused to produce this entire set of documents. This request directly relates to the records used by monitors to complete the CGAR performance evaluations. Without these records, Plaintiffs cannot meaningfully audit the CGAR reports. Plaintiffs understand that eventually the CGARs will contain this information, but until that is the case uniformly, Plaintiffs will continue to request this list in advance of tours. Plaintiffs are willing to forego access to the records used in the October CGARs because we don't yet have those reports, but Plaintiffs request immediate production of the rest of these documents.

Request 19: Daily Information Reports (custody logs for prisoners moved to and from medical) for ASPC-Tucson and ASPC-Eyman for the previous 90 days.

Defendants raised no objection to this request but failed to include responsive documents. Plaintiffs request that all documents responsive to Request 19 be produced immediately. Plaintiffs do understand that Defendants interpretation of this request netted a large number of documents. We are simply requesting the same document we were provided for our tour of the Florence Complex (which was approximately 20 pages).

Request 21: A list (including housing location) of all prisoners who are taking psychotropic medications and suffered a heat intolerance reaction within the previous 90 days (Stipulation Measure 2, Stipulation, para. 15).

Defendants' production did not include any lists for Browning Unit and was missing the list for October for SMU-I.

Request 22: Any lists maintained by ADC of prisoners who are vulnerable to heat injury as a result of taking psychotropic medication (Stipulation, para. 15).

Defendants raised no objection to this request but failed to include responsive documents. Plaintiffs demand that all documents responsive to Request 22 be produced immediately. Plaintiffs understand that you believe this request was fulfilled by the production in response to Request 21. However, the documents provided only document prisoners who experienced heat intolerance, not those who are vulnerable to it. Please provide any additional documentation used by ADC to monitor prisoners who are vulnerable to heat intolerance.

Request 23: All documents showing (1) referral to managers, supervisors, and the CQI committee of any deficiencies identified in mortality reviews and psychological autopsies, and (2) all corrective actions taken (Stipulation Measure 3, Stipulation para. 16).

3

To the extent any documents exist beyond the CQI Meeting Minutes, or other documents already produced in response to Request 23, Plaintiffs request production immediately.

Request 24:  Language line and language interpreter logs, along with all other documentation showing language services provided to prisoners not fluent in English for the previous 90 days (Stipulation, para. 14).

Defendants raised no objection to this request but failed to include responsive documents.  Plaintiffs request that all documents responsive to Request 24 be produced immediately.

Request 27:  A list of all prisoners housed in any "enhanced security" cells/pods or other housing areas designated for special security considerations for maximum security prisoners, including the MH score of each prisoner so housed, and whether that prisoner is classified as SMI.

Defendants raised no objection to this request but failed to include responsive documents.  Plaintiffs request that all documents responsive to Request 27 be produced immediately.

Please feel free to contact me or Corene Kendrick if you have any questions.  We look forward to your response and to the receipt of additional documents.


Best regards,

Kirstin T. Eidenbach

4

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



November 24, 2015

**BY ELECTRONIC MAIL ONLY**

Michael Gottfried
Lucy Rand
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
1275 West Washington Street
Phoenix, AZ 85007-2926
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

Re:   *Parsons v. Ryan*

Dear Counsel:

I write regarding Defendants' refusal to produce use of force videos pertinent to Performance Measure #9 of the Maximum Security measures under the Stipulation.  That provision requires:

> All use of force incidents involving prisoners who are designated
> SMI or housed in Florence-CB-1 or CB-4; Florence-Kasson
> (Wings 1 and 2); Eyman-SMU I (BMU); Perryville-Lumley SMA;
> or Phoenix (Baker, Flamenco, or MTU), conform to the policies
> for use of force set forth in ¶ 27 (a)–(e) of the Stipulation.

Stipulation, Dkt. 1185-1 at 39, Ex. D, Measure 9.

The Stipulation sets forth detailed requirements for the use of chemical agents; actions when faced by imminent threats versus controlled use of force; de-escalation; and inclusion of mental health and other staff in incident response. *See* Stipulation ¶ 27 (a)–(e).

Plaintiffs have repeatedly asked for the videos of uses of force subject to Performance Measure #9.  *See* letter from Amy Fettig to Lucy Rand, September 18, 2015; letter from Kirstin Eidenbach to Lucy Rand, October 22, 2015.  Each use of force generates a packet of information that includes written reports and often video footage.  While the written reports may contain very little detail, the videos allow for more accurate review of the incident and the actions of staff and prisoners.

Ms. Rand's statement in her October 23, 2015 letter that "[a]ccess to videos is not required under the Stipulation" is incorrect.  The Stipulation provides as follows:

Plaintiffs' counsel and their experts shall have reasonable access to the institutions, staff, contractors, prisoners and documents necessary to properly evaluate whether Defendants are complying with the performance measures and other provisions of this Stipulation. The parties shall cooperate so that plaintiffs' counsel has reasonable access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants.

Stipulation, ¶ 29.[1]

During the course of this litigation, Defendants have produced use of force videos as part of routine discovery. The protective order that was in place at the time of that production remains in force. Stipulation, ¶ 38. There is simply no justification for Defendants' arbitrary about-face and refusal to produce these videos.

These videos are critical to our ability to assess Defendants' compliance with the Stipulation provisions governing use of force. Any review of use of force documentation without its accompanying video footage is necessarily incomplete. Defendants have access to these videos in assessing whether staff are complying with the Stipulation's requirements; Plaintiffs must have the same access.

Please let us know by **November 30, 2015** whether Defendants will produce these videos. If Defendants do not agree to do so, we will file a motion with the Court to compel their production. *See* Stipulation, ¶ 29. If you would like to discuss this matter during our November 30 call, we are of course willing to do so.

Very truly yours,

David C. Fathi

Cc:     All counsel

---

[1] Contrary to Ms. Rand's unsupported assertion, the term "documents" includes videos. *See, e.g., Holland v. King County Adult Detention,* No. C12-0791JLR, 2013 WL 3354414, at *16 (W.D. Wash. July 3, 2013) ("The court also orders State Defendants to produce all documents, including video and audio files, specifically associated with or referencing Mr. Holland's arrest and detention"); *Valenzuela v. Ismael,* No. 1 CA-CV 07-0008, 2007 WL 5463483, at *2 (Ariz. Ct. App. Oct. 30, 2007) (noting that defendant "had disclosed all relevant documents, including the jail security video").

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

# Eidenbach Law, P.C.

Kirstin T. Eidenbach, Attorney-at-law (AZ Bar No. 027341)

P.O. Box 91398 • Tucson, AZ 85752 • Phone: 520-477-1475
E-Mail: kirstin@eidenbachlaw.com

November 11, 2015

Lucy Rand
Assistant Attorney General
Arizona Attorney General's Office
1275 West Washington
Phoenix, Arizona 85007

Dear Lucy:

We are writing to schedule our next tours.  As we previously notified you by email on October 2, we plan to tour Tucson Complex on December 2, 3, and 4 and Eyman Complex on December 7 and 8.  As on the last set of tours, we will plan to begin the tours at 8:00 a.m. and end them at 4:30 p.m., with a 30-minute lunch break at 12:00 noon.

We will be bringing experts on both of the tours.  The Tucson tour group will consist of Alison Hardy and Corene Kendrick from the Prison Law Office; David Fathi from the National Prison Project; Dr. Todd Wilcox; Sarah Kader and Rose Daly-Rooney from the Arizona Center for Disability Law; and myself.  The Eyman Tour group will consist of Steve Fama and Corene Kendrick from the Prison Law Office; Amy Fettig and Jamelia Morgan from the National Prison Project; Dr. Todd Wilcox; Dr. Pablo Stewart; Sarah Kader and Rose Daly-Rooney from the Arizona Center for Disability Law; and myself. Attached you will find Exhibit A containing the information you will need to authorize each tour participant.

The tours will include the following activities, which will vary in length of time from unit to unit:

<u>Inspection of Physical Premises</u>:  We would like to conduct physical inspections of:

- each unit within the facility;

- SMI housing;

- maximum custody cells, including any "enhanced security" cells/pods or other housing areas designated for special security considerations for maximum security prisoners;



- detention cells, including those at each yard and Complex Detention and Rincon Minors Detention at ASPC-Tucson;

- medical isolation cells;

- Infirmary and medical bed units at both complexes;

- recreation areas;

- ADA housing facilities;

- DI 326 programming areas;

- all medical clinics and facilities (including mental health and dental facilities), including IPCs;

- all watch cells; and

- we would also like to observe pill call at one or more units at each facility.

<u>Staff Interviews</u>: We would like to interview:

- the FHA for each facility;

- the Director of Nursing for each facility;

- the Medical Director for each facility;

- the Mental Health director for each facility;

- the Dental director for each facility;

- contract monitors for each unit or facility;

- any providers and medical, dental or mental health staff at the facility on the tour days;

- CO IIIs and other staff responsible for conducting DI 326 programming;

- Clinical and custody staff responsible for conducting programing for prisoners with serious mental illness;

- Custody staff who currently work in the maximum custody units;

2

- the staff members charged with scheduling prisoner medical appointments, including outside specialty consultations; and

- the deputy warden or warden for each unit or facility.

Our proposed schedule is outlined below.  Please let us know if you have questions.

Prisoner Interviews:  We would like to speak to class members either at their cell front or on the yard, as we encounter them.  On some occasions, we may want to briefly speak to a class member in a confidential setting.  We will want to meet with any of the named plaintiffs in *Parsons v. Ryan* housed at either Tucson or Eyman Complex at the time of the tours.

Document Review:  We will be reviewing documents, including class member medical records, and documents used by ADC's contract monitors to conduct their CGAR reviews and performance assessments.  We ask that these materials be made accessible to us at each unit per facility.  In addition, we request that the documents listed in Exhibit B be provided to us no later than November 25, 2015.

Outline of Day Plans:

1. Wednesday, December 2, 2015: Tucson, Day One

   8:00-12 noon: We will open the tour by meeting with contract monitors and other staff not assigned to a particular unit, including mental health, medical, nursing, and dental directors and senior correctional staff.

   We will then break into teams to tour the units and speak with staff and prisoners.  Interviews of staff assigned to each unit will be conducted during these tours, and we also will speak confidentially with prisoners either by requesting to speak with specific individuals or by randomly selecting them.

   12-12:30: Lunch

   12:30-4:30: Kirstin and Corene will continue touring facilities.  David, Alison, and Dr. Wilcox will conduct document review.

2. Thursday, December 3, 2015: Tucson, Day Two

   8:00-12 noon:  Document review and facility tours will continue.

   12-12:30: Lunch

3

12:30-4:30: Document review and facility tours will continue.

3. Friday, December 4, 2015: Tucson, Day Three

8:00-12 noon: Document review and facility tours will continue.

12-12:30: Lunch

12:30-4:30: Document review and facility tours will continue.

4. Monday, December 7, 2015: Eyman, Day One

8:00-12 noon: We will open the tour by meeting with contract monitors and other staff not assigned to a particular unit, including mental health, medical, nursing, and dental directors and senior correctional staff.

We will then break into teams to tour the units and speak with staff and prisoners. Interviews of staff assigned to each unit will be conducted during these tours, and we also will speak confidentially with prisoners either by requesting to speak with specific individuals or by randomly selecting them.

12-12:30: Lunch

12:30-4:30: Document review and facility tours will continue.

5. Tuesday, December 8, 2015: Eyman, Day Two

8:00-12 noon: Document review and facility tours will continue.

12-12:30: Lunch

12:30-4:30: Document review and facility tours will continue.

Thank you for your assistance in facilitating our visit. Please do not hesitate to call me or Corene Kendrick if you have any questions or wish to discuss this further.

Sincerely,

Kirstin Eidenbach
Attorney/Director

4



## Exhibit A:  Tour Participant Authorization Information

Alison Hardy:
DOB: 3/28/61
Driver's License:  CA N80146253
Bar No.: CA 135966


Corene Kendrick:
DOB: 12/22/1972
Driver's License:  CA D2496874
Bar No.:  CA 226642


David Fathi:
DOB: 12/21/62
Driver's License:  DC 9537968
Bar No.:  WA 24893


Amy Fettig:
DOB: 1/4/71
Driver's License: DC 2018540
Bar No.:  DC 484883


Kirstin Eidenbach:
DOB: 6/20/1976
Driver's License:  AZ 02136017
Bar No.: AZ 027341


Steve Fama:
DOB: 8/19/56
Driver's License:  CA N2409209
Bar No.:  CA 99641



Jamelia Morgan:
DOB: 2/26/1985
Driver's License: CA D2732460
Bar No: NY 5351176

Sarah Kader:
DOB: 5/21/1983
Driver's License: AZ D01685730
Bar No.:027147

Rose Daly-Rooney
DOB: 8/9/58
Driver's License: AZ 03368153
Bar No.: 015690

**Exhibit B: Documents requested in advance of tour (Delivery of November 25, 2015)**

1. A list of all prisoners whose files were reviewed by the monitors for the August and September 2015 CGARs for Tucson and Eyman, and the worksheets (if any) used by the monitors.

2. Monthly staffing report and weekly staffing schedules for the two facilities for the preceding 90 days. (Measures # 1-4)

3. List of pending specialty care appointments, with date of referral (urgent and routine). (Measures # 48-49)

4. Suicide watch logs and other documents sufficient to show compliance with Measures # 94-95 for each unit for the preceding 90 days.

5. Medical emergency transport reports for the preceding 90 days. (Measure # 25)

6. List of all nonformulary medications requested during the preceding 90 days, and the utilization management response (and date of response) to the nonformulary prescription. (Measure # 11)

7. Medication expiration reports for the preceding month. (Measure # 13)

8. Medical and mental health provider peer reviews and clinical performance reviews of nursing staff. (Measures #28-29, 99)

9. Minutes from CQI meetings held in the preceding 90 days. (Measure # 27)

10. Housing assignment log for all prisoners who are designated MH-3 or higher, indicating whether each such prisoner is SMI, as of November 1, 2015 (Measure #7 and mental health measures).

11. Maximum Custody Monthly Activity Schedules for Eyman - SMU-I, Eyman - Browning, and Tucson – Minors maximum custody Units (Measures ##1, 2, 6, 8)

12. Maximum Custody Daily Out-of-Cell Time Tracking Forms for week of November 1, 2015 for 5 randomly selected prisoners from each of Eyman - SMU-I, Eyman - Browning, and Tucson – Minors maximum custody Units (Measures ##1, 2, 3, 5, 6, 8)

13. Program attendance/sign-in sheets for week of November 1, 2015 for Eyman - SMU-I, Eyman - Browning, and Tucson – Minors maximum custody Units, including all DI 326 programs, mental health programs, and any other programs occurring during that week in these units (Measures ##2, 6, 8)

7

14. Any documentation for a warden certification that an individual security risk necessitated limitation or cancellation of out-of-cell time from October 1 – 31, 2015 for Eyman - SMU-I, Eyman - Browning, and/or Tucson – Minors maximum custody Units (Measure #3).

15. Maximum custody monthly prisoner meal food services menu for August - October, 2015 at Eyman - SMU-I, Eyman - Browning, and Tucson – Minors maximum custody Units. (Measure #3).

16. 5 randomly selected prisoner property files from each of Eyman - SMU-I, Eyman - Browning, and Tucson – Minors maximum custody Units. (Measure #6).

17. SIR packets, use of force review packets (if applicable) and incident videos (if applicable) for all use of force incidents involving maximum custody prisoners who are classified as SMI, or housed in Eyman – SMU-I or Browning Units for August – October 2015. (Measure #9).

18. A list of all medical records (including prisoner name and ADC number) used to assess compliance with the CGAR performance measures from August – October 2015, which identifies which records were used to assess which performance measures.

19. Daily Information Reports (custody logs for prisoners moved to and from medical) for ASPC-Tucson and ASPC-Eyman for the previous 90 days.

20. The documentation packet put together for each facility for the monthly CGAR review of the isolation/maximum security performance measures in August – October 2015.

21. A list (including housing location) of all prisoners who are taking psychotropic medications and suffered a heat intolerance reaction within the previous 90 days (Stipulation Measure 2, Stipulation, para. 15).

22. Any lists maintained by ADC of prisoners who are vulnerable to heat injury as a result of taking psychotropic medication (Stipulation, para. 15).

23. All documents showing (1) referral to managers, supervisors, and the CQI committee of any deficiencies identified in mortality reviews and psychological autopsies, and (2) all corrective actions taken (Stipulation Measure 3, Stipulation para. 16).

24. Language line and language interpreter logs, along with all other documentation showing language services provided to prisoners not fluent in English for the previous 90 days (Stipulation, para. 14).

25. All Corrective Action Plans for the CGARs from August – October 2015 for Tucson and Eyman Complexes.

26. The current version of the ADC SMI Determination Form (Form 1103-13), reflecting the addition of "intellectual disabilities" as required by Stipulation, para. 21.

27. A list of all prisoners housed in any "enhanced security" cells/pods or other housing areas designated for special security considerations for maximum security prisoners, including the MH score of each prisoner so housed, and whether that prisoner is classified as SMI.



OFFICE OF THE ARIZONA ATTORNEY GENERAL

**MARK BRNOVICH**
ATTORNEY GENERAL

STATE GOVERNMENT DIVISION
LIABILITY MANAGEMENT SECTION

LUCY M. RAND
ASSISTANT ATTORNEY GENERAL
DIRECT LINE: (602) 542-7683
EMAIL: LUCY.RAND@AZAG.GOV

October 23, 2015

<u>**VIA E-MAIL:**</u>

Kirstin T. Eidenbach
EIDENBACH LAW, P.C.
P.O. Box 91398
Tucson, AZ 85752
Kirstin@eidenbachlaw.com

Re:   <u>**October 22, 2015 Letter re: "Missing" Documents**</u>
     *PARSONS, et al. v. RYAN, et al., USDC CV12-00601-DKD*

Dear Kirstin:

This letter responds to your letter dated October 22, 2015, letter regarding documents requested prior to your tours of Arizona State Prison Complexes (ASPC)-Florence and Lewis and monthly requests for deceased inmates' medical records and mortality reviews.

Plaintiffs demand production of documents in Exhibits 1 and 2 by the close of business on October 23, 2015, and the documents in Exhibit 3 by the close of business on October 30, 2015. Defendants remind Plaintiffs that they are permitted "reasonable access to institutions, staff, contractors, prisoners, and documents necessary to properly evaluate whether Defendants are complying with the performance measures and other provisions of this Stipulation." (Dkt. 1185 at ¶ 29.) Defendants are not required to produce any and all documentation (or other items, such as videos) requested by Plaintiffs. Defendants gave Plaintiffs reasonable access to voluminous documentation on the prison tours; however, Plaintiffs chose to spend their time doing other activities instead of reviewing documentation. Plaintiffs' decision not to review available documentation on the tours does not obligate the Defendants to produce the same documentation to Plaintiffs (before or) after the tours. Further, Defendants' production of certain documentation does not obligate Defendants to produce the same type of documentation in the future.

<u>**EXHIBIT A:**</u>

**Request #11 - Program attendance/sign-in sheets for the week of August 1, 2015 for Florence-Central and Kasson Units [MC PM ##2, 6, 8]:**

Plaintiffs already received the requested documentation. Defendants produced the documentation as follows:

Kirstin Eidenbach
Amy Fettig
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
October 23, 2015
Page 2 of 4

ADCM121351:  08/04/2015 CB5 1645-1745 Self-Control and 1415-1515 Social Values
ADCM121352:  08/03/2015 CB7 1415-1515 Peers
ADCM121353:  08/05/2015 CB7 1230-1330 Self Control
ADCM121354:  08/05/2015 CB7 1425-1508 Self Control
ADCM121355:  08/05/2015 CB5 1630-1730 Peers
ADCM121356:  08/06/2015 CB7 1400-1500 Hot Spots; CB5 1430-1530 Safety Net; CB5
1530-1630 Responsible Thinking
ADCM121357:  08/04/2015 CB7 1630-1730 Social Values
ADCM121358:  08/06/2015 CBK, Wing 1, 1430-1830 Foundations of Character, Reliability
ADCM121359:  08/03/2015 CBK, Wing 2, 1430-2000 Foundations of Character, Reliability
ADCM121360  08/02/2015 CBK, Wing 1, 1200-1300 Foundations of Character, Reliability

Although the sign-in sheets show possible classes for inmates to attend, only the classes with inmate signatures next to inmate names or numbers or housing locations are classes inmates attended.

**Request #12 – Documentation regarding limitation or cancellation of out-of-cell time from July 1-30, 2015 for Florence-Central and Kasson Units [MC PM #3]:**

Plaintiffs already received the requested documentation.  These documents were produced to Megan Lynch during the tours.

**Request #13 – Maximum custody monthly prisoner meal food services menus [MC PM #3]:**

Plaintiffs already received the requested documentation because the menus rotate on a continuous six-week cycle.

**Request #15 – SIR Packets, Use of Force Review Packets, and Incident Videos [MC PM #9]:**

As stated above, Plaintiffs are entitled to reasonable access to documents to properly evaluate Defendants' compliance with performance measures.  Access to videos is not required under the Stipulation.  Even assuming Plaintiffs may have access to videos, Defendants certainly are not required to produce them.  At the most, upon request, Plaintiffs may view the videos during the tours or at other times agreed upon by counsel.

As to your claim that there is contradictory documentation regarding video usage, a video may be recorded of the actual use of force or the events after the actual use of force and the reports and video memos distinguish between these two types of videos.  It may appear that the documentation contradicts itself when a video is created of the events after the use of force, but not of the use of force itself because the report will state that a video camera was used and the video memo will state that there is no video of the actual use of force.  Both statements are accurate because each refers to a different video.

Kirstin Eidenbach
Amy Fettig
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
October 23, 2015
Page 3 of 4

Defendants are researching your questions regarding specific SIRS and a response will be forthcoming.

**Request #16 – A list of all medical records used to assess compliance with the CGAR reports from March 2015 through July 2015:**

Defendants are working on a resolution to this issue.

**Request #17 – SIR Reports:**

The requested SIR reports (15-09410, 15-08023, and 15-06286) are attached hereto.

**Request #19 - Stip. ¶ 16 re: psychological autopsies and mortality reviews:**

Plaintiffs already received the requested documentation. Defendants have produced all available mortality reviews. Deficiencies are "identif[ied]" and "refer[red]" under the "Discussion / Recommendations" section on page 4 of each mortality review, and the "Recommendations" section of each psychological autopsy.[1] All available mortality reviews and psychological autopsies have been produced. Further, the "Results of morbidity/mortality review" section of the CQI minutes discuss the "deficiencies." All CQI minutes Plaintiffs have requested were produced. As to your request for corrective actions, under the Stipulation, there is no documentation to provide as corrective actions are only required to be taken and not required to be written. (Dkt. 1185 at ¶ 16.)

**Request #21 – Corrective Action Plans from March-July, 2015 for Florence and Lewis:**

Defendants produce a report for ASPC-Lewis of the Corrective Action Plans ("CAPS") submitted in the month of May 2015 for the performance measures under the Stipulation. This is the first month CAPS were submitted for the March 2015 CGARs.[2] These reports are generated on a two month lag from the end of the period during which monitoring is performed and, therefore, currently the reports are only available from May 2015 (for the March 2015 CGARS) through August 2015 (for the June 2015 CGARS). Further, the reports require a great deal of manual labor to properly format and each report will be forwarded when available. Plaintiffs are free to request the prioritization of specific months and complexes to receive first.

---

[1]  No psychological autopsies have been produced. Only two were required and the reports are not yet available.

[2]  Plaintiffs request CAPS for the February 2015 CGARs. Defendants are not required to provide this because the Stipulation was not yet in effect at this time.

Kirstin Eidenbach
Amy Fettig
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
October 23, 2015
Page 4 of 4

### EXHIBIT B:

**Request #17 – Maximum custody packet for Florence and Lewis for May, June, and July 2015:**

The maximum custody packets (notebooks) constitute a great deal of documentation and Defendants provided Plaintiffs reasonable access to the notebooks on the prison tours. Plaintiffs, however, opted to use their time to interview inmates, tour the facilities, and other activities. Defendants will request this documentation; however, it will not be provided by October 23rd, as Plaintiffs requested (or by October 30th, the Plaintiffs' second deadline). There is no maximum custody documentation for Lewis because under the Stipulation the Defendants are not required to monitor Lewis-Rast Unit.

### EXHIBIT C:

Defendants produce the inadvertently omitted medical records of the four deceased inmates listed in your revised chart to Exhibit C. Defendants also produce the mortality reviews of inmates Charles Davis, #157225, Jesus Castorena, #075921, and David Jones, #101896. The remainder of the mortality reports for the inmates listed in the Plaintiffs' revised chart to Exhibit C are not yet available[3] and will be produced as they become available. Consequently, this documentation will not be produced by October 30th, as Plaintiffs requested.

As always, please feel free to contact me should you have a need to do so.

Sincerely,

s/ Lucy M. Rand
Lucy M. Rand,
Assistant Attorney General

cc:   Brad Keogh
      Richard Pratt

---

[3]  Mortality reviews cannot be performed until autopsy reports are returned from the county coroner.

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



September 18, 2015

**BY EMAIL ONLY**
Lucy Rand
Assistant Attorney General
OFFICE OF THE ARIZONA ATTORNEY GENERAL
1275 West Washington Street
Phoenix, AZ 85007-2926
Lucy.Rand@azag.gov

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

*Re:*   *Parsons v. Ryan*

Dear Lucy,

I'm writing in regards to the documents produced in response to our request for documents prior to the tours of the Florence and Lewis complexes. In some instances, we have questions related to the documents produced, in others documents are missing. Below, I set forth the request from Exhibit B of Kirstin Eidenbach's August 6, 2015 letter to you regarding the Florence and Lewis tours, followed by our particular concern/question related to your response.

*Request #11 - Program attendance/sign-in sheets for week of August 1, 2015 for Florence Central and Kasson Units, including all DI 326 programs, mental health programs, and any other programs occurring during that week in these units (measures ##2, 6, 8).*

- The Kasson program attendance for week of August 1, 2015 is missing; only a count sheet on 8/6/15 was produced. Please produce the missing documentation.

*Request #12 – Any documentation for a warden certification that an individual security risk necessitated limitation or cancellation of out-of-cell time from July 1-30, 2015 for Florence Central and Kasson Units (Measure #3).*

- No documentation of cancelled out of cell time at Kasson was produced for the requested time period. Please confirm that this was an omission and produce the documentation or confirm that no such cancellations occurred at Kasson during July 1-30, 2015.

*Request #13 – Maximum custody monthly prisoner meal food services menu for March – July, 2015 at Florence Central and Kasson Units. (Measure #3).*

- Two 6-week menus dated February 24, 2015 and May 26, 2015 were produced. Based on the paperwork produced, these two menus would only presumably cover the week of Monday, March 2 to the week of Monday, April 6 in the case of the 6-week menu dated 2/24/15; and the week of Monday, June to the week of Monday July 6 in the case of the 6-week menu dated 5/26/15. Please clarify whether these menus actually cover the entire period requested (March – July, 2015) because they are simply recurring every six weeks, or whether there are missing menus. In the latter case, please produce the missing documents.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

*Request #15 – SIR packets, use of force review packets (if applicable) and incident videos (if applicable) for all use of force incidents involving maximum custody prisoners who are classified as SMI, or housed in CB-1, CB-4, or Kasson (Wings 1 and 2) for March – July 2015. (Measure #9).*

- We note that no videos were produced for any use of force incidents listed in the pertinent CGARS. We also note that the paperwork is contradictory in almost all of the use of force packets because the Use of Force Report indicates that a video camera was used while a memo indicates that no video was used. *See e.g.,* Castillo, SIR# 15-A01-1505 (ADCM121594-95); Hatter, SIR 15-03705 (ADCM121625-26); Arceneaux, SIR 15-A01-1542 (ADCM121611-12). We ask that you investigate these discrepancies and inform us of the cause. We further note that SIR 15-06296 indicates that a video camera was used and the camera was operated by officer Rasmussen and SIR 15-09332 indicates that the video camera was used and the camera was operated by CO II Shong. No contradictory memo indicates the lack of video recording for either of these incidents. (ADCM121724; ADCM121787). We ask that you inquire into where these videos are and produce them to us as requested. Another Use of Force incident in June indicates that while no video camera was used during the initial use of force, the subsequent response and actions were documented on the hand camera for SIR 15-07593 (ADCM121762). We request that this video be produced. We further request that you confirm that no other videos were taken for any of these incidents or produce the overlooked videos.

2

- The following use of force incident listed in the Florence Complex March 2015 CGAR (ADCM037040-41) is missing in the production, please produce the requested documentation:
  - <u>SIR 15-05216 Inmate Coops #170459 & Inmate Alexander #233441 on 4/18/15.</u>
- The following incidents reports from Florence Central were produced to us but were not included in the Florence CGARS.  Please explain why these incidents were not reported in the appropriate CGAR.
  - SIR 15-04300 Inmate Martin #192946 on 3/31/15 (F Central – Watch Cells)
  - SIR 15-06124 Inmates Guzman #185005, Rodriguez #220723 and Bejarano, #227502 on 5/5/15 (F Central – CB4)

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

*Requqest #16 – A list of all medical records (including prisoner name and ADC number) used to assess compliance with the CGAR performance measures from March 2015 through July 2015, which identifies which records were used to assess which performance measures.*

- We understand that Defendant's position in this matter is that this request is duplicative of information we receive in the CGARs and monitor worksheets.  However, not all monitors list all 10 records reviewed at each unit for each measure.  Similarly, we were not provided all of the monitors' worksheets during the tours.  For example, we were provided only some of Mr. Allred's worksheets, and one each of Ms. Briddle's and Mr. Winland's worksheets while at Lewis Complex; however, the Lewis CGAR measures appear to include monitoring by Mr. Allred, Ms. Briddle, Ms. Chu, Ms. Pearson, Mr. Winland, Ms. Chastain, Ms. Campbell, and Ms. Barlund.  We therefore reiterate this request.

*Request #17 – The documentation packet put together for each facility for the monthly CGAR review of the isolation/maximum security performance measures in May, June, and July 2015.*

- We understand that Defendant's position in this matter is that a number of the Maximum Custody Measures do not apply to Lewis-Rast Unit.  Plaintiffs dispute that position and will deal with that matter under separate cover.  We note, however, that the SIR packets for use of force

3

incidents reported for Lewis under Maximum Custody Measure #9 for the pertinent period of this request were not produced.  We request that these missing reports be produced:

- ○ SIR 15-09410, Inmates Jobes #217660 on 7/08/2015
- ○ SIR 15-08023, Inmates Jones #186256 and Pope #150211 6/11/2015
- ○ SIR 15-06286, Inmate Juarez #99256 on 5/12/2015

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

***Request #19 – All documents showing (1) referral to managers, supervisors, and the CQI committee of any deficiencies identified in mortality reviews and psychological autopsies, and (2) all corrective actions taken.***

- It does not appear that any documents were produced pursuant to this request.  Please confirm that this was an omission and produce the documentation or confirm that no such documentation exists.

***Request #21 – All Corrective Action Plans for the CGARs from March – July 2015 for Florence and Lewis Complexes.***

- We understand that Defendant's position in this matter is that CAPs cannot be produced to accompany the monthly CGAR production.  However, Defendants' express attempts to develop a process to produce "the CAPs separate from the CGARs" have not been successful.  (Defendants' 8/20/15 response to Plaintiffs' 7/14/15 letter regarding compliance under the Stipulation at 3).  To date, no CAPs have been produced for the April – June CGARs, and no supplemental CAPs (for those Performance Measure for which no CAP had been developed at the time) have been produced for the February – March CGARs.  We therefore reiterate this request.

Thank you for your attention to this matter.  If you have any questions on the above issues, please do not hesitate to contact me.

Sincerely,

Amy Fettig
Senior Staff Counsel

4