Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
          jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
Brenna Durkin (Bar No. 027973)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
          adietrich@azdisabilitylaw.org
          bdurkin@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **RESPONSE TO MOTION TO INTERVENE [DOCS. 1504, 1505, 1510, & 1511] AND ORDER (DOC. 1512)** |

Pursuant to the Court's Order dated February 24, 2015 (Doc. 1512), Plaintiffs respond to the "Motion to Intervene to Enforce Stipulation" filed by class member Larry Joe Prince (Docs. 1504, 1505, 1510, 1511) as follows.[1]

**The Nature of the Parsons v. Ryan Claims**

Class member Larry Joe Prince appears to seek to intervene in this action under Federal Rule of Civil Procedure 24(a)(2). Under this provision a person may intervene as of right where the person:

> Claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Here, Mr. Prince appears to seek to intervene in order to enforce procedural due process rights related to placement in maximum custody under the prisoner classification system set forth in Arizona Department of Corrections (ADC) Department Order 801. *See* Motion to Intervene to Enforce Stipulation (Doc. 1185) at 1 (Doc. 1504, 1510). In particular, Mr. Prince asks the court, "to enforce its jurisdiction and Order the parties to reach a curative solution in accordance with the due process protections in DO 801 and the spirit of the stipulation in this cause of action…" Request to Enforce Stipulation (Doc. 1185) at 3-4 (Doc. 1505, 1511). While counsel is sympathetic to Mr. Prince's concerns about the process of his placement in maximum custody, *Parsons v. Ryan* is a case about

---

[1] On February 25, 2016 Mr. Prince filed a third set of pleadings entitled Motion to Intervene to Enforce Stipulation (Doc. 1185) (Doc. 1513) and Request to Enforce Stipulation (Doc. 1185) (Doc. 1514). These pleadings are identical to the pleadings to which the response is filed (Docs. 1504, 1505, 1510 and 1511).

prison conditions only. Specifically, the case challenges conditions of confinement in ADC's isolation/maximum custody units under the Eighth Amendment. *See* Complaint ¶¶ 148-49 (Doc. 1). No claim regarding procedural due process was ever asserted as part of the *Parsons* litigation.

Similarly, the Stipulation in this matter does not contemplate enforcement of procedural due process rights; rather it sets forth performance measures for conditions of confinement in maximum custody units, such as requirements for out-of-cell exercise, food, and programming. *See* Stipulation, Exh. E (Doc 1185-1). Some of the requirements in the Stipulation are based on the maximum custody step program set forth in Director's Instruction 326, Maximum Custody Population Management (DI 326). DI 326 is specifically incorporated into the following performance measures in the Stipulation: Performance Measure 1 (hours of out-of-cell time offered to maximum custody prisoners per week); Performance Measure 2 (all maximum custody prisoners eligible for participation in DI 326 are offered at least one hour out-of-cell group programming a week at Step II and Step III); Performance Measure 6 (all maximum custody prisoners who are eligible for participation in DI 326 are offered out-of-cell time, incentives, programs and property consistent with their Step Level and housing assignment under DI 326); and Performance Measure 8 (In addition to the general privileges and incentives afforded prisoners under DI 326, seriously mentally ill prisoners are allowed specified out-of-cell and treatment time). *Id.* None of the performance measures address procedural due process issues related to placement or retention in maximum custody.

While Mr. Prince and other ADC prisoners may well have legitimate procedural

due process claims related to their placement in maximum custody, the *Parsons* litigation is not an appropriate vehicle for those claims. Mr. Prince and others may bring such claims in another action. For these reasons, intervention by Mr. Prince under Federal Rule of Civil Procedure 24(a)(2) is not appropriate here.

**Counsel's Response to Client Mail**

Counsel also wish to address Mr. Prince's statement that we failed to respond to his correspondence. The ACLU National Prison Project (NPP) has a system in place to review and respond to all mail received from *Parsons v. Ryan* class members.[2] When a letter from a *Parsons* class member is received by the NPP, a staff member reviews it and determines whether it is primarily related to medical or dental care. If this is the case, the letter is forwarded to the Prison Law Office for processing. Declaration of C. Regnier, March 1, 2016, at ¶ 3(i) ("Regnier Dec."). Letters that are primarily related to mental health or conditions in the maximum custody units are processed by NPP and entered into a database that includes the date of the letter and a summary of the issues in the letter. *Id*. at ¶ 3(ii), (v). After the letter is logged in the database, a response is formulated, reviewed, and mailed to the class member. *Id*. at ¶ 3(iii). Electronic copies of all correspondence with class members, including letters from class members and responses to them are retained. *Id*. at ¶ 3(iv).

Mr. Prince has asserted that Plaintiffs' counsel at NPP failed to respond to his correspondence dated December 10, 2015. *See* Motion to Intervene to Enforce Stipulation

---

[2] As an organizational plaintiff in this case on behalf of prisoners with serious mental illness, the Arizona Disability Law Center (ACDL) is not Plaintiff class members' counsel and consequently has a separate system for responding to prisoners and notifying them of the role and assistance the NPP and PLO provide in the *Parsons* litigation.

-4-

1  (Doc. 1185) at 2 (Doc. 1504, 1510). In response to Mr. Prince's assertion, NPP searched
2  its records for his correspondence history. Regnier Dec. ¶ 4. NPP has no record of
3  receiving a letter from Mr. Prince dated December 10, 2015. Our records do show that we
4  received a letter from Mr. Prince dated January 5, 2016 and postmarked January 6, 2016,
5  and that we responded to this letter on February 11, 2016. *Id.* A subsequent letter was
6  sent to Mr. Prince following his February 17, 2016 filing on February 19, 2016. Regnier
7  Decl. ¶5.

8  Plaintiffs' counsel takes seriously our obligation to respond to client mail. There
9  are times, however, when the concerns presented by clients are beyond the scope of the
10 *Parsons* litigation. Such is the case here.

Respectfully submitted,                **ACLU NATIONAL PRISON PROJECT**

March 1, 2016

By: *s/Amy Fettig*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Jamelia Morgan**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@aclu.org
         afettig@aclu.org
         jmorgan@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           jhgray@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     dpochoda@acluaz.org
           jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email:     kirstin@eidenbachlaw.com

| | |
|---|---|
| 1 | Caroline Mitchell (Cal. 143124)* |
|   | Amir Q. Amiri (Cal. 271224)* |
| 2 | Dara Levinson (Cal. 274923)* |
|   | **JONES DAY** |
| 3 | 555 California Street, 26th Floor |
|   | San Francisco, California 94104 |
|   | Telephone:  (415) 875-5712 |
| 4 | Email:     cnmitchell@jonesday.com |
|   |                aamiri@jonesday.com |
|   |                daralevinson@jonesday.com |

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
Taylor Freeman (Tex. 24083025)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com
                tfreeman@jonesday.com

*Admitted *pro hac vice*

Kamilla Mamedova (N.Y. 4661104)*
Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:     kmamedova@jonesday.com
                jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**
By: _s/ Sarah Kader_
    Sarah Kader (Bar No. 027147)
    Asim Dietrich (Bar No. 027927)
    Brenna Durkin (Bar No. 027973)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
      adietrich@azdisabilitylaw.org
      bdurkin@azdisabilitylaw.org

J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
**ARIZONA CENTER FOR DISABILITY LAW**
100 N. Stone Avenue, Suite 305
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email: jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2016, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

                                    s/ Amy Fettig