# EXHIBIT 1

# EXHIBIT 1

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DECLARATION OF LUCY RAND** |

I, **LUCY RAND**, make the following Declaration:

1.      I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2.      I am defense counsel in the above-referenced case.

3.      Since March 18, 2015, each month Plaintiffs have provided Defendants with a list of fifteen inmates whose health care records they would like to review.  And each month, defense counsel provides Plaintiffs' counsel with the requested records, as well as deceased inmate medical records, in PDF format after they have been printed and scanned to PDF from eOMIS.

4.      The Arizona Department of Correction's ("ADC") private health care provider, Corizon, implemented an electronic medical records system, eOMIS, at each ADC prison facility on a rolling basis, beginning in April 2014.

5.      Each facility adopted the electronic medical record at a different time.  The first facility, Perryville, went live on April 15, 2014 and the remaining facilities followed (Tucson, June 26, 2014; Florence, July 30, 2014; Lewis, October 14, 2014; Eyman, November 11, 2014; Yuma, December 9, 2014; Winslow, January 27, 2015; Douglas, February 17, 2015; Safford, March 2, 2015; Globe, April 14, 2015; Ft. Grant/Apache, April 28, 2015; Phoenix, May 12, 2015.  (June 24 Go-live dates correspondence).

6.      Defendants allow Plaintiffs unlimited to access to eOMIS during their allotted annual tours, which based on 20 tour days totals 160 hours of available access each year.  This access is heavily monitored by defense counsel.  Defense counsel and ADC personnel are present at all times to monitor each computer. All computers provided to Plaintiffs' counsel for their review are secure computers.

7.      Defendants provide Plaintiffs this access so Plaintiffs can "check" the Compliance Green Amber Red ("CGAR") reports to confirm their accuracy.   Since Defendants provided Plaintiffs with this access, and in addition to the 254 records they've received on a monthly basis pursuant to the Stipulation, Plaintiffs have viewed an additional 1,355 inmate medical records during the tours.

1

8.    Since the Stipulation was entered into, Plaintiffs have demanded and Defendants have produced over 330,000 additional documents (meeting minutes, heat logs, housing information, language logs, maximum custody documentation, etc.).

9.    During the nearly three years of litigation, Defendants produced approximately 550,000.

10.    Plaintiffs' original request was to allow temporary access to a limited set of records for one of their experts. (Dkt. 1507-1 at 3 - 5); Attachment A (January 20, 2016 Correspondence from Hardy to Rand).

11.    I made numerous good-faith efforts to reach a reasonable solution with Plaintiffs' Counsel, but it was apparent from the start that Plaintiffs' Counsel is not interested in resolving the issue and only wants unfettered eOMIS access.  On January 19, 2016, Plaintiffs asked Defendants to allow Plaintiffs' expert VPN access to eOMIS and Defendants responded in the negative.  (Dkt. 1507-1 at ¶¶8-9).  Shortly thereafter, Plaintiffs informed Defendants they were going to proceed to Magistrate Judge Duncan. *Id*. at ¶¶7-8.  Plaintiffs only contemplated alternative resolutions after Defendants reminded Plaintiffs that the issue was not ripe for the Court because no alternative resolutions had been explored.

12.    I offered to work with Plaintiffs' counsel to assist their expert in understanding the PDF files.  (Dkt. 1507-1 at 7).  Specifically, I informed Plaintiffs' counsel that ADC staff is available to assist.  *Id*.  Plaintiffs' Counsel never responded to my offer.

13.    I suggested using Adobe Acrobat Pro to create bookmarks to make navigating the records easier.  (Dkt. 1507-1 at 13).  I created a sample using the most voluminous record (6,000 pages) and used heavy and detailed bookmarking to show that even on high volume records the process took only thirty-seven minutes.  *Id*. at 16.

14.    Most inmate health care records are approximately 1,500 pages.

15.    I explained to Allison Hardy over the telephone that the bookmark sample was an example to show the extent of what can be done with bookmarks.  I requested her

2

input to advise which bookmarks Plaintiffs felt were most helpful to Plaintiffs' experts.  I told Plaintiffs' counsel many times that Defendants could and would bookmark the files on all future productions, as well as all past production, as an alternative to eOMIS access.  Specifically, I advised that Ryan Owens at ADC was available to assist with bookmarking and that we would bookmark the same bates labelled documents so as to keep things consistent.  Without sufficient explanation, Plaintiffs' counsel stated this option was not good enough citing that Plaintiffs' experts felt the bookmarks were unwieldy.  (Dkt. 1507-1 at 16).

16.    I also suggested the creation of a stand-alone "mini-database" of the requested records, although, according to the software developer, this option proved unworkable.  (Dkt. 1507-1 at 20).

17.    Contrary to Plaintiffs' claim, the PDF files are user-friendly, can be made searchable, and organized by subject, just as any paper record would be.  *See* Attachment B (Screenshots of bookmarks from 6,000 page record).

18.    During the most recent tours at the Yuma Complex in February 2016, Plaintiffs' Counsel brought seven lawyers.  Each day, some would tour the facility while others spent hours reviewing records in eOMIS.

19.    Plaintiffs have sent Defendants "individual health care needs" letters for over 201 inmates – the vast majority of which were unsubstantiated.

20.    The parties have never participated in a meet-and-confer regarding use of force videos.  Further, Plaintiffs demand use of force videos of minor inmates, who are not required to be monitored under DI 326 or the Stipulation.  Defendants offered to make requested use of force videos available on site visit tours, including videos from other complexes.  Plaintiffs rejected this offer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of March, 2016.

LUCY RAND

# ATTACHMENT A

# ATTACHMENT A

**Rand, Lucy**

| | |
|---|---|
| **From:** | Alison Hardy <ahardy@prisonlaw.com> |
| **Sent:** | Wednesday, January 20, 2016 1:11 PM |
| **To:** | Rand, Lucy |
| **Cc:** | Giralo, Tara; Don Specter |
| **Subject:** | RE: Access to eOMIS - PARSONS v. RYAN |

Yes – we would like access to the records for the patients who died, and the patients for whom we have made records requests.

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, January 20, 2016 11:31 AM
**To:** 'Alison Hardy'
**Cc:** Giralo, Tara; 'Don Specter'
**Subject:** RE: Access to eOMIS - PARSONS v. RYAN

To clarify, are you requesting access to only specific inmates' medical records?

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message. Thank you.

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Wednesday, January 20, 2016 12:32 PM
**To:** Rand, Lucy
**Cc:** Giralo, Tara: Don Specter
**Subject:** RE: Access to eOMIS - PARSONS v. RYAN

Thanks for responding so quickly.

You indicated yesterday that eOMIS contains information that is not health care-related, and is confidential. You also pointed out that the stipulation provides a universe of documents that we are able to review. I am interested in talking to the eOMIS tech person to find out whether there are ways to provide the experts with limited access to the relevant files online, so that they can navigate through the files a search capacity.

Thanks,
Alison

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, January 20, 2016 11:17 AM
**To:** 'Alison Hardy'
**Cc:** Giralo, Tara
**Subject:** RE: Access to eOMIS - PARSONS v. RYAN

Alison,

After thinking about this subject some more, I would like to know what suggestions you might have for what the eOMIS IT person could offer?

I was thinking since the expert is reviewing the deceased inmates' medical records, perhaps we could have someone bookmark the various sections of the medical records and provide to you bookmarked.

What do you think of this option?

Sincerely,

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE:  This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law.  It is intended only for the recipients to whom it is addressed.  If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message.  Thank you.

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Wednesday, January 20, 2016 12:16 PM
**To:** Rand, Lucy
**Subject:** RE: Access to eOMIS - PARSONS v. RYAN

Hi Lucy,
Hoping that we will be able to discuss this with your eOMIS person soon.  Does it look like we will be able to schedule that call today?

Thanks,
Alison

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Tuesday, January 19, 2016 5:45 PM
**To:** 'Rand, Lucy'
**Subject:** RE: Access to eOMIS - PARSONS v. RYAN

That sounds great.  Thanks, Lucy.

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Tuesday, January 19, 2016 5:25 PM
**To:** 'Alison Hardy'; 'Don Specter'
**Cc:** 'David Fathi'; 'Amy Fettig'; 'Corene Kendrick'; 'Kirstin Eidenbach'; 'Timothy James Bojanowski'; Gottfried, Michael; Northup, Dawn; 'Dan Struck'; Giralo, Tara; 'HOOD, JEFF'; 'PRATT, RICHARD'; 'TAYLOR, NICOLE'; 'Brad Keogh'
**Subject:** RE: Access to eOMIS - PARSONS v. RYAN

Alison,

I am available all week.  I will find out about the availability of the eOMIS person and let you know (which will be tomorrow, as it is after 6:00 p.m. here).

Thank you.

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE:  This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law.  It is intended only for the recipients to whom it is addressed.  If you

receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message.  Thank you.

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Tuesday, January 19, 2016 6:22 PM
**To:** Rand, Lucy; Don Specter
**Cc:** David Fathi; Amy Fettig; Corene Kendrick; Kirstin Eidenbach; Timothy James Bojanowski; Gottfried, Michael; Northup, Dawn; Dan Struck; Giralo, Tara; HOOD, JEFF
**Subject:** RE: Access to eOMIS - PARSONS v. RYAN

Hi Lucy,

Don has asked me to follow up on this issue with you.  I would like to set up a time this week to discuss with you and possibly an ADOC eOMIS tech support person what other options might be available to afford our expert reasonable access to the medical records.   My schedule for the rest of the week is flexible, except that I am not available on Thursday from 1-3 pm PST.  Could you let me know when you might be available?

I look forward to talking to you.
Thank you,
Alison

Alison Hardy
Staff Attorney
**Prison Law Office**
1917 Fifth Street
Berkeley, CA 94710
510.280.2638
ahardy@prisonlaw.com

---

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Tuesday, January 19, 2016 5:08 PM
**To:** 'Don Specter'
**Cc:** 'David Fathi'; 'Amy Fettig'; 'Corene Kendrick'; 'Alison Hardy'; 'Kirstin Eidenbach'; 'Timothy James Bojanowski'; Gottfried, Michael; Northup, Dawn; 'Dan Struck'; Giralo, Tara; 'HOOD, JEFF'
**Subject:** Access to eOMIS - PARSONS v. RYAN
**Importance:** High

Don,

I do not feel this subject is ripe for Magistrate Judge Duncan.  As you know, the medical records were provided in this format during the litigation and for the past 11 months under the Stipulation.  This is the *first time* Plaintiffs have advised Defendants that receiving medical records in this format is not working for *their expert*.  Plaintiffs have not even claimed that this method is not working for them.  Had Plaintiffs even hinted that the current system was not working during the past 11 months, the parties could have attempted to work out a solution.  Further, Plaintiffs' only suggested solution is to provide Plaintiffs' expert remote access to the ADC's inmate medical records.

If Plaintiffs' expert needs help understanding the format of the medical records produced, we have someone that can do that.   EOMIS contains healthcare and inmate incarceration information, which is confidential.  Additionally, the Stipulation only gives Plaintiffs' monthly access to 10 Class Member medical records, 5 Subclass medical records and master record files, and deceased inmate medical records.  The Stipulation does not give Plaintiffs and their experts unfettered access to every past and present ADC inmate medical record.

I believe that Judge Duncan will not be happy if Plaintiffs bring this topic to the Court based on this minimal effort to "resolve" the issue.  Please let me know if you would like to discuss some other options.

Sincerely,

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
(602) 542-7683 Direct

NOTICE:  This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law.  It is intended only for the recipients to whom it is addressed.  If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message.  Thank you.

---

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Tuesday, January 19, 2016 4:01 PM
**To:** Rand, Lucy
**Cc:** David Fathi; Amy Fettig; Corene Kendrick; Alison Hardy; Kirstin Eidenbach; Timothy James Bojanowski; Gottfried, Michael; Northup, Dawn; Dan Struck; Giralo, Tara
**Subject:** RE: Records and Dates

Lucy,

Thank you for your prompt response.  Paragraph 29 of the Stipulation requires that:

"Plaintiffs' counsel and their experts shall have reasonable access to the institutions, staff, contractors, prisoners and documents necessary to properly evaluate whether Defendants are complying with the performance measures and other provisions of this Stipulation. The parties shall cooperate so that plaintiffs' counsel has reasonable access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants. If the parties fail to agree, either party may submit the dispute for binding resolution by Magistrate Judge David Duncan."

The production of medical and mental health records in their present form is not reasonable.  We will proceed with this issue before Magistrate Judge Duncan.

Don

---

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Tuesday, January 19, 2016 12:17 PM
**To:** 'Don Specter'
**Cc:** 'David Fathi'; 'Amy Fettig'; 'Corene Kendrick'; 'Alison Hardy'; 'Kirstin Eidenbach'; 'Timothy James Bojanowski'; Gottfried, Michael; Northup, Dawn; 'Dan Struck'; Giralo, Tara
**Subject:** RE: Records and Dates

Don,

Plaintiffs and their experts may not have remote access to the eOMIS system.

Sincerely,

Lucy M. Rand, Assistant Attorney General
**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
Department of Corrections Unit
Liability Management Section
1275 West Washington Street
Phoenix, AZ 85007-2926
**(602) 542-7683 Direct**

(602) 542-7641 Secretary
(602) 542-7670 FAX
Lucy.Rand@azag.gov

NOTICE:  This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law.  It is intended only for the recipients to whom it is addressed.  If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message.  Thank you.

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Tuesday, January 19, 2016 12:52 PM
**To:** Rand, Lucy; Dan Struck
**Cc:** David Fathi; Amy Fettig; Corene Kendrick; Alison Hardy; Kirstin Eidenbach; Timothy James Bojanowski; Gottfried, Michael; Northup, Dawn
**Subject:** Records and Dates

Lucy and Dan,

Attached is a letter explaining that our medical expert is having great difficulty wading through the medical records as they are produced to us and requesting that he be allowed electronic remote access.  As this is negatively affecting our ability to prepare for the mediation, we would appreciate a prompt response.

Also, now that we have a date for the mediation and the mediation briefs, we should agree on dates for further discussion on the issues that we have raised.  I am available the rest of this week, 1/25-27 and 2/1-2.  My co-counsel are invited to provide their availability, as are you and your team.

Don

# ATTACHMENT B

# ATTACHMENT B

ADC: 111570                    Patient: RASCHKE, DOUGLAS W.                    1 of 27

CHSS027A

# Health Services
# Encounters

Wednesday September 02, 2015 10:34:48 AM

Show Incidental Encounters: ☑          Encounter Type: ▼

## Health Services Encounters (1 - 703 of 703)

| Date | Time | Category | Type | Staff | Location |
|------|------|----------|------|-------|----------|
| 08/09/2015 | 05:04 AM | Nursing | Nurse - Sick Call – Unscheduled | Oplinger, Stephanie | ASPC-F CENTRAL/U MED |
| 08/08/2015 | 09:25 PM | Nursing | Nurse - Segregation Visit | Bainbridge, Julie | ASPC-F CENTRAL/U MED |
| 08/08/2015 | 6:30 PM | Nursing | Nurse - Infirmary Admission | Oplinger, Stephanie | ASPC-F CENTRAL/U MED |
| 08/06/2015 | 01:47 AM | Nursing | Nurse - Segregation Visit | Oplinger, Stephanie | ASPC-F CENTRAL/U MED |
| 08/04/2015 | 09:57 AM | Nursing | Nurse - Infirmary Notes | Olszewski, Eva | ASPC-F CENTRAL/U MED |
| 08/04/2015 | 09:46 AM | Nursing | Nurse - Sick Call – Unscheduled | Olszewski, Eva | ASPC-F CENTRAL/U MED |
| 08/04/2015 | 12:50 AM | Nursing | Nurse - Segregation Visit | Fenwick, Stacey L | ASPC-F CENTRAL/U MED |
| 08/03/2015 | 12:33 AM | Nursing | Nurse - Segregation Visit | Bainbridge, Julie | ASPC-F CENTRAL/U MED |
| 08/02/2015 | 09:59 AM | Nursing | Nurse - Infirmary Rounds | Smith, Tabetha | ASPC-F CENTRAL/U MED |
| 08/01/2015 | 08:50 AM | Nursing | Nurse - Infirmary Rounds | Vineyard, Stacy | ASPC-F CENTRAL/U MED |
| 08/01/2015 | 02:43 AM | Nursing | Nurse - Segregation Visit | DeCasper, Sheryl | ASPC-F CENTRAL/U MED |
| 07/31/2015 | 08:50 AM | Nursing | Nurse - Infirmary Rounds | Vineyard, Stacy | ASPC-F CENTRAL/U MED |
| 07/31/2015 | 03:12 AM | Nursing | Nurse - Segregation Visit | DeCasper, Sheryl | ASPC-F CENTRAL/U MED |
| 07/30/2015 | 09:26 AM | Nursing | Nurse - Infirmary Rounds | Smith, Tabetha | ASPC-F CENTRAL/U MED |
| 07/30/2015 | 04:42 AM | Nursing | Nurse - Segregation Visit | Oplinger, Stephanie | ASPC-F CENTRAL/U MED |
| 07/29/2015 | 09:13 AM | Nursing | Nurse - Infirmary Rounds | Smith, Tabetha | ASPC-F CENTRAL/U MED |
| 07/29/2015 | 03:02 AM | Nursing | Nurse - Segregation Visit | Zaremba, Alicia | ASPC-F CENTRAL/U MED |
| 07/28/2015 | 09:09 AM | Nursing | Nurse - Infirmary Rounds | Smith, Tabetha | ASPC-F CENTRAL/U MED |
| 07/27/2015 | 09:27 PM | Nursing | Nurse - Segregation Visit | Flores, Monica A | ASPC-F CENTRAL/U MED |
| 07/27/2015 | 04:44 AM | Nursing | Nurse - Segregation Visit | Bainbridge, Julie | ASPC-F CENTRAL/U MED |
| 07/26/2015 | 08:31 AM | Nursing | Nurse - Infirmary Rounds | Smith, Tabetha | ASPC-F CENTRAL/U MED |
| 07/26/2015 | 04:43 AM | Nursing | Nurse - Segregation Visit | Oplinger, Stephanie | ASPC-F CENTRAL/U MED |

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER          PARSONS, ADCM141607



**CORIZON**
human · a science of caring

## Morse Scale to Identify Fall Risk Factors

Facility Name: Florence Central   Admitting Diagnosis: COPD

Patient's Name: Last: Raschke   First: Douglas   MI: W   ID Number: 111570   Birth date: 8/17/46

Allergies: O N (X) Y: List: BACTRIM

| Item | | Risk Factor | Patient Score |
|---|---|---|---|
| 1 | History of falling (Immediate or previous) | No = 0 / Yes = 25 | 25 |
| 2 | Secondary diagnosis (> 2 medical diagnoses in chart) | No = 0 / Yes = 15 | 15 |
| 3 | Ambulatory aid | Score as: | ◯ |
| | None / bed rest / nurse assist | 0 | |
| | Crutches / cane / walker | 15 | ⊘ |
| | Furniture | 30 | |
| 4 | Intravenous therapy / heparin lock | No = 0 / Yes = 20 | 0 |
| 5 | Gait | Score as: | |
| | Normal / bed rest / wheelchair | 0 | |
| | Weak | | |
| | Short steps (may shuffle), stooped but able to lift head while walking, may seek support from furniture while walking, but with light touch (for reassurance). | 10 | 10 |
| | Impaired | | |
| | Short steps with shuffle; may have difficulty arising from chair; head down; significantly impaired balance, requiring furniture, support person, or walking aid to walk. | 20 | |
| 6 | Mental Status | Score as: | ◯ |
| | Oriented to own ability | 0 | |
| | Overestimates / forgets limitations | 15 | |
| | | Total Score: | 50 |

|  |  |
|---|---|
| <25: | Low Risk |
| 25-45: | Moderate Risk |
| >45: | High Risk |

### Consider Other Risk Factors

| Type of Medication | Comments | Score as: | Patient Score |
|---|---|---|---|
| Analgesics, antipsychotics, anticonvulsants, benzodiazepines | Sedation, dizziness, postural disturbances, altered gait and balance, impaired cognition | 3 (High) | |
| Antihypertensives, cardiac drugs, antiarrhythmics, antidepressants | Induced orthostasis, impaired cerebral perfusion, poor health status | 2 (Medium) | |
| Diuretics | Increased ambulation, induced orthostasis | 1 (Low) | |
| | | Total Score: | |

Higher risk for fall; evaluate patient if score is ≥ 6

| Nurse's Signature | Print/Stamp Name | Title |
|---|---|---|
| *[signature]* | S Oplinger RN | RN |

NA7546
Issued 11/01/2013

SCANNED
AUG 1 0 2015

© 2013 Corizon Health, Inc

# EXHIBIT 2

# EXHIBIT 2

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DECLARATION OF JACOB ARTHUR** |

1   I, **JACOB ARTHUR**, make the following Declaration:

2   1. I am over the age of 18 years and have personal knowledge of and am

3 competent to testify to the matters set forth in this Declaration.

4   2. I am the Chief Information Security Officer for Corizon Health.

5   3. I understand Plaintiffs' Counsel in the above reference case has requested

6 remote access to the eOMIS system.

7   4. For the reasons that follow, I believe providing such access poses great

8 security risks.

9   5. We enforce specific security requirements on all machines used to access

10 eOMIS which includes industry-standard antimalware, application control technologies,

11 web connection security, enforced system encryption, and firewalls on network

12 connectivity.  In addition, connectivity to eOMIS and the application presentation method

13 have been designed with the assumption of certain client-side security controls which

14 cannot be enforced on non-Corizon machines.  Allowing access from machines that do not

15 meet these criteria presents both security and availability threats to the eOMIS application

16 and the patient data within as there is an inability to ensure security of the machine being

17 used for to access the data.

18   6. There is also an inability to limit the user capabilities for those viewing

19 records on non-Corizon machines.  From our controlled environment, we limit and

20 monitor our users' ability to copy data to external devices, monitor attempts to print

21 sensitive data, and maintain controls related to the machines the records are being viewed

22 from such as enforced lockout.  Additionally, limiting access from only our environment

23 reduces the likelihood that unauthorized individuals will be exposed to the data via

24 "shoulder surfing" and other soft risks.

25   7. Further, there is an inability to prevent data edits or settings changes that

26 could impact patient care, whether intentional or inadvertent.  Because of the way eOMIS

27 is designed, allowing a user access creates the possibility that the user could accidentally

28 or intentionally change data within the system that could impact patient care.

8.    Finally, Corizon's licensing agreement does not allow us to give access to a third party.   Corizon licenses eOMIS specifically for its employees' and clients' usage from Corizon systems, and any usage by a third party could result in issues related to licensing up to and including a violation of the current licensing agreement.   The agreement further provides that Corizon must "provide a secure network for their servers if such servers are used over the internet or an internal network."   Corizon cannot guarantee compliance with the agreement if access is granted as Plaintiffs request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  day of March, 2016.

JACOB ARTHUR

2

# EXHIBIT 3

# EXHIBIT 3

## Amy Bender

| | |
|---|---|
| **From:** | Ashlee Fletcher |
| **Sent:** | Thursday, March 10, 2016 4:40 PM |
| **To:** | Amy Bender |
| **Subject:** | FW: Monitoring Fees |
| **Attachments:** | 15.12.22 COVER.pdf; 15.12.22 National Prison Project-ACLU.pdf; 15.12.22 PLO Expenses 2015.pdf; 15.12.22 PLO Time Q3 2015.pdf |

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Wednesday, December 23, 2015 11:57 AM
**To:** Lucy Rand <Lucy.Rand@azag.gov>
**Cc:** David Fathi <dfathi@aclu.org>
**Subject:** Monitoring Fees

Lucy,

Attached is our bill for monitoring in the third quarter for a total of $160,196.76.  Since the Stipulation limits our yearly monitoring fees to $250,000, we expect to receive $90,218.33.

The $250,000 cap on monitoring has turned out to be completely inadequate due to the widespread failure of ADC to monitor the compliance measures accurately, substantive non-compliance with the performance measures and the resulting harm that the class is suffering on a daily basis.  We are only going to be receiving 56% of the fees we expended in the third quarter and under the cap will not be compensated at all for the fourth quarter or the time from January 1 to February 15.  Therefore, we would like to meet and confer with you about a more realistic cap for monitoring compliance.  Please let us know when you are available to have that discussion.

Don

# EXHIBIT 4

# EXHIBIT 4

**Amy Bender**

| | |
|---|---|
| **From:** | Amy Bender |
| **Sent:** | Thursday, March 10, 2016 10:15 AM |
| **To:** | Amy Bender |
| **Subject:** | FW: Binding Resolution - PARSONS v. RYAN, USDC CV12-00601 - LMS12-0152 |

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Wednesday, February 24, 2016 10:00 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** Ashlee Fletcher <AFletcher@swlfirm.com>; RPratt@azcorrections.gov; kirstin@eidenbachlaw.com; Megan Lynch <megan@prisonlaw.com>; Lucy Rand <Lucy.Rand@azag.gov>; mabela@azdisabilitylaw.org; Northup, Dawn <Dawn.Northup@azag.gov>; Elaine Percevecz <EPercevecz@swlfirm.com>; dfathi@aclu.org; Corene Kendrick <ckendrick@prisonlaw.com>; dpochoda@acluaz.org; jross@azdisabilitylaw.org; skader@azdisabilitylaw.org; CRegnier@aclu.org; Michael E. Gottfried <Michael.Gottfried@azag.gov>; Laura Graham <laura@prisonlaw.com>; Brad Keogh <bkeogh@azcorrections.gov>; Tim Bojanowski <TBojanowski@swlfirm.com>; Alison Hardy <ahardy@prisonlaw.com>; afettig@aclu.org
**Subject:** Re: Binding Resolution - PARSONS v. RYAN, USDC CV12-00601 - LMS12-0152

No, we spoke to his clerk.

On Feb 24, 2016 8:49 PM, "Dan Struck" <DStruck@swlfirm.com> wrote:

> So you contacted him ex parte?
>
> Sent from my iPhone
>
> On Feb 24, 2016, at 9:20 PM, Don Specter <dspecter@prisonlaw.com> wrote:
>
>> We already did that and he advised us to file a motion.
>>
>> On Feb 24, 2016 6:29 PM, "Dan Struck" <DStruck@swlfirm.com> wrote:
>>
>>> Don, I suggest that we contact Judge Duncan's chambers and find out how he wants to deal with this issue. My guess is that judge would rather proceed in this fashion rather than a formal motion to compel.
>>>
>>> Dan
>>>
>>> Sent from my iPhone
>>>
>>> On Feb 24, 2016, at 6:48 PM, Don Specter <dspecter@prisonlaw.com> wrote:
>>>
>>>> Lucy,
>>>>
>>>>
>>>> We are not going to withdraw our motion to compel.

1

Don

---

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, February 24, 2016 5:47 PM
**To:** 'dfathi@aclu.org'; 'ckendrick@prisonlaw.com'; 'kirstin@eidenbachlaw.com';
'afettig@aclu.org'; 'ahardy@prisonlaw.com'; 'dspecter@prisonlaw.com';
'dpochoda@acluaz.org'; 'skader@azdisabilitylaw.org'; 'mabela@azdisabilitylaw.org';
'jross@azdisabilitylaw.org'
**Cc:** 'EPercevecz@swlfirm.com'; 'megan@prisonlaw.com'; 'CRegnier@aclu.org';
'laura@prisonlaw.com'; 'BKeogh@azcorrections.gov'; 'tbojanowski@swlfirm.com';
'dstruck@swlfirm.com'; 'afletcher@swlfirm.com'; Northup, Dawn; Gottfried, Michael;
'RPratt@azcorrections.gov'
**Subject:** Binding Resolution - PARSONS v. RYAN, USDC CV12-00601 - LMS12-0152
**Importance:** High

Counsel,

Pursuant to Paragraph 29 of the Stipulation (Dkt. 1185), upon a disagreement of
the parties regarding discovery, either party may submit the dispute for binding
resolution by Magistrate Judge David Duncan.  Binding resolution does not
include a motion to compel.

Accordingly, Defendants request that Plaintiffs withdraw their motion to
compel (Dkt. 1506) and accompanying declarations (Dkts. 1507-1509) and
submit the case for binding resolution.

Please advise Defendants whether you will withdraw your motion to compel
and declarations by the close of business on **Friday, February 26, 2016**.

Thank you.

Lucy M. Rand, Assistant Attorney General

**OFFICE OF THE ARIZONA ATTORNEY GENERAL**

Department of Corrections Unit

Liability Management Section

1275 West Washington Street

Phoenix, AZ 85007-2926

**(602) 542-7683 Direct**

(602) 542-7641 Secretary

(602) 542-7670 FAX

Lucy.Rand@azag.gov

NOTICE:  This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law.  It is intended only for the recipients to whom it is addressed.  If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-7683, and delete the original message.  Thank you.

---

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---