# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DKD |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Larry Joe Prince, a member of the Plaintiff class, moved to intervene in this matter. (Docs. 1504, 1510, 1513)  In response to the Court's order, Plaintiffs opposed his motion. (Docs. 1515, 1516)  Prince requested leave to file a reply. (Doc. 1519)  The Court will grant his request and accept his reply.  Having reviewed the matter, the Court will deny Prince's motion to intervene.

Under Federal Rule of Civil Procedure 24(a), the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Under Rule 24(b)(1), the Court may permit intervention by anyone who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

It is clear that no statute gives Prince a right, conditional or otherwise, to intervene. Thus, Prince's ability to intervene depends on the relationship between his claims and the claims raised by Class counsel in this case.

Prince moved to intervene in order to challenge the "specific due process violations within the DO 801 process" used to determine which inmates are classified for maximum custody. (Doc. 1504, 1510, 1513) The complaint is this case did not challenge the procedures for classifying prisoners into maximum custody. (Doc. 1) Although the stipulation in this case addresses conditions for maximum custody prisoners, it did not address the procedures for classifying prisoners for maximum custody. (Doc. 1185) Although this case and Prince's claims are both about maximum custody, the difference between the procedures for classification into maximum custody and the conditions while in maximum custody are too great for the Court to find that Prince must or may intervene.

In his reply, Prince appears to acknowledge that this case does not cover his claims but thinks it would be efficient to add his claim to this case. (Doc. 1519 at 3-4) The Court appreciates the attempt at efficiency but agrees with Plaintiffs that this case is not the appropriate lawsuit for addressing Prince's concerns about classification of prisoners into maximum custody.

**IT IS THEREFORE ORDERED** granting Larry Joe Prince's request to file a reply (Doc. 1519) and denying his motion to intervene. (Docs. 1504, 1510, 1513)

Dated this 17th day of March, 2016.

_____
David K. Duncan
United States Magistrate Judge