Index of Exhibits to the Declaration of Alison Hardy
In Support of Plaintiffs' Reply

Exhibit 1:  ADC Solicitation Number Excerpt

Exhibit 2:  Business Associate Contract

# EXHIBIT 1



# STATE OF ARIZONA

# NOTICE OF REQUEST FOR PROPOSAL

REQUEST FOR PROPOSAL NUMBER ___ADOC12-00001105___

PROPOSAL DUE DATE ___December 21, 2011___ AT 3:00 P.M. M.S.T.

A Pre-Proposal Conference has been scheduled. For details please see page 2, Special Terms and Conditions, Paragraph 1.3.

In accordance with A.R.S. §41-2534, competitive sealed proposals for the materials or services specified will be received by the Department of Corrections, through the electronic procurement system ProcureAZ at https://procure.az.gov/bso/. Proposals received by the correct time and date will be opened on-line.

Late proposals will not be considered.

All proposals must be completed in ink or typewritten. Additional instructions for preparing a proposal are included in this Solicitation.

OFFERORS ARE STRONGLY ENCOURAGED TO CAREFULLY READ THE ENTIRE REQUEST FOR PROPOSAL.

| | |
|---|---|
| REQUESTING AGENCY: | Arizona Department of Corrections |
| SERVICE: | Privatization for All Correctional Health Services |
| LOCATION: | All Institutions |
| CONTRACT TYPE: | Fixed Price |
| CONTRACT TERM: | 3 Years with option to renew |

*An Equal Employment Opportunity Agency*

_Karen D. Ingram_
CONTRACTS MANAGER

(602) 542-1172
PHONE

October 21, 2011
DATE

_Denel Pickering_
DENEL PICKERING     CHIEF PROCUREMENT OFFICER

ADC014103

| SOLICITATION NO. ADOC12-00001105 | ARIZONA DEPARTMENT OF CORRECTIONS |
|---|---|

## Arizona Department of Corrections

## Request for Proposal ADOC12-00001105 – Privatization for All Correctional Health Services

## Table of Contents

| | |
|---|---|
| Offer and Acceptance | 1 page |
| Uniform Instructions to Offerors | 6 pages |
| Uniform Terms and Conditions | 9 pages |
| Special Terms and Conditions | Pages 1-18 |
| Scope of Work | Pages 19-125 |
| 2.1: Introduction | 19 |
| 2.2: Definition of Terms | 23 |
| 2.3: Contractor/Subcontractor Qualifications | 30 |
| 2.4: Financial Responsibility | 38 |
| 2.5: General Provisions | 42 |
| 2.6: Requirements | 44 |
| 2.7: Access to Healthcare Services Delivery System | 51 |
| 2.8: Responsibility for and Coordination of Care | 53 |
| 2.9: Health Assessments/Intake Process | 61 |
| 2.10: Medical Services | 63 |
| 2.11: Dental Services | 78 |
| 2.12: Pharmacy Services | 80 |
| 2.13: Mental Health Services | 87 |

ADC014104

| SOLICITATION NO. ADOC12-00001105 | ARIZONA DEPARTMENT OF CORRECTIONS |
|---|---|

      2.10.24.1.15   Prison Rape Elimination Act of 2003 (PREA)
      2.10.24.1.16   Health Fairs
      2.10.24.1.17   Oral Hygiene
      2.10.24.1.18   Hepatitis

2.10.24.2 The Contractor shall provide a communicable disease education program for inmates consistent with, the Department's existing health education program for HIV and Serial Hepatitis.

2.10.24.3 The Offeror shall describe their plan and capabilities to meet the requirements in this Subsection.

2.10.25 Health care records:

    2.10.25.1 The Department currently uses a paper system for documenting and filing inmate medical records. The Contractor is responsible for the implementation of a clinically comprehensive and interoperable Electronic Health Records (EHR) system through which the Contractor shall create and maintain a Health Insurance Portability and Accountability Act-compliant, confidential, secure medical record for each inmate.

    2.10.25.2 The Offeror shall develop and submit a high-level EHR implementation plan, as part of this proposal, outlining key milestones and deliverables.

        2.10.25.2.1 A final detailed EHR implementation plan shall be submitted to the Department within thirty (30) calendar days of the Contract award date for Department review and approval.

    2.10.25.3 The Contractor shall be responsible for all costs of implementation, including hardware, software, peripherals and network connectivity. The Department shall become sole owner of all data contained within the EHR in the event the Contract is terminated.

    2.10.25.4 The Contractor shall ensure that all Health Services Unit staff document each health care encounter in the appropriate section of the EHR. This is applicable to all mental health, dental, nursing, pharmacy and medical staff, including any subcontractors as appropriate.

    2.10.25.5 The Contractor shall use an approved Department form (see ACI Forms Pricing List), for all departmental business. Where appropriate, utilize an Automatic Form Input System to automate form utilization within the EHR system, thereby decreasing the need for paper-based forms and processes. Should the Contractor require a form that does not currently exist for a particular purpose, the Contractor shall work with the Department Contract Manager to develop a State-approved form for that purpose. New forms may not be used until they have been submitted to and approved by the Department Contract Manager. The ACI Forms and Pricing List can be found on the Department's website at http://www.azcorrections.gov/healthservicesrfp.html.

74

ADC014195

| SOLICITATION NO. ADOC12-00001105 | ARIZONA DEPARTMENT OF CORRECTIONS |
|---|---|

2.10.25.6 The Contractor shall ensure specific compliance regarding confidentiality and medical-legal access/disclosure of personal health information and shall be responsible for developing and implementing an ongoing compliance program to ensure all health services staff, physicians and subcontractors comply with these requirements.

2.10.25.7 ~~The Contractor shall ensure that each medical record meets the requirements~~ of Arizona Revised Statutes, Title 12, Chapter 13, Article 7.1; Arizona Revised Statute Section 36-3702; Department Order 1104 Inmate Health Records; HSTM Chapter 1, Section 1.7.0; HSTM Chapter 5, Sections 5.1.2.2, 5.5.2, and 5.5.3; HSTM Chapter 7, Section 7.8.0; HSTM Chapter 8, Sections 8.2.1, 8.2.2, 8.2.3, 8.4.0, and 8.4.1; and NCCHC Standards P-D-03 Clinic Space, Equipment, and Supplies and Section H-Health Records.

2.10.25.8 The Contractor shall ensure that all logs required in medical areas are maintained in a complete, current and accurate condition. Whenever possible, logs should be maintained within the EHR or through another electronic means such as Microsoft Excel or through scanning to a PDF or other similar format for electronic storage.

2.10.25.9 The Contractor shall be responsible for all costs related to storage of medical records, including those currently residing in a hard-copy format and those that shall eventually reside in the EHR. The Contractor shall work with the Department Contract Monitor in establishing procedures to ensure that the Department can retrieve and store medical records in compliance with existing Arizona State Public Records laws and rules. As part of the response to this Request for Proposal, the Contractor shall submit a written plan for medical record conversion from the current hard-copy format into the Contractor's EHR solution. At a minimum this plan should contain the timeframes, milestones and staffing necessary to complete the medical record conversion process.

2.10.25.10 The Contractor shall not affix the name of the Contractor to any aspects of the inmate medical record since these records are the property of the State.

2.10.25.11 The Contractor shall submit to the Department, within thirty (30) calendar days of the Contract award date, a medical management reporting package template for review and approval. The contents of the reporting package shall include, at a minimum, basic reports to meet National Commission on Correctional Health Care requirements as well as general operational reporting statistics such as:
    2.10.25.11.1 The number of inmates receiving health services by category or care.
    2.10.25.11.2 Referrals to specialists.
    2.10.25.11.3 Deaths.

ADC014196

# EXHIBIT 2

## BUSINESS ASSOCIATE CONTRACT

**THIS BUSINESS ASSOCIATE CONTRACT** (hereinafter the "Agreement") is entered by and between **Corizon Health, Inc.**, a corporate entity and its affiliated covered entities, including but not limited to Corizon, Inc. and Corizon Health of New Jersey, LLC (as defined and permitted pursuant to 45 C.F.R. § 164.504) with its principal place of business located at 105 Westpark Drive, Suite 200, Brentwood, TN 37027 (hereinafter the "Business Associate"); and **Arizona Department of Corrections, 1601 W. Jefferson Street, Phoenix, AZ 85007** (hereinafter "Covered Entity").

1. **Background and Purpose.** Business Associate provides services (hereinafter the "Services") to Covered Entity. The provision of these Services may require Business Associate to be provided with, have access to, and/or create Protected Health Information ("PHI") that is subject to federal privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") and codified at 45 C.F.R. Parts 160 through 164 (the "HIPAA Regulations"). This Agreement shall address Business Associate's receipt, use, and creation of PHI during the provision of the Services to allow the Covered Entity to comply with HIPAA.

2. **Definitions.** Unless otherwise defined in this Agreement, all capitalized terms used in this Agreement shall have the meanings ascribed in the HIPAA Regulations; provided, however, that "PHI" shall mean Protected Health Information, as defined in 45 C.F.R. § 160.103, limited to the Protected Health Information Business Associate received from, created, or received on behalf of Covered Entity as its Business Associate.

3. **Obligations and Activities of Business Associate.** Business Associate agrees to:

    a. Not use or disclose PHI other than as permitted or required by the Agreement or as required by law;

    b. Use appropriate safeguards, and comply with Subpart C of 45 CFR Part 164 with respect to Electronic Protected Health Information, to prevent use or disclosure of PHI other than as provided for by the Agreement;

    c. Report to Covered Entity any use or disclosure of PHI not provided for by the Agreement of which it becomes aware, including breaches of unsecured PHI as required at 45 CFR 164.410, and any security incident of which it becomes aware. Business Associate agrees to provide such notification to Covered Entity within five (5) business days of Business Associate's discovery of the breach;

    d. Enter into a written agreement with any agent or subcontractor that will have access to PHI that is created, received, maintained, or transmitted by Business Associate on behalf of Covered Entity, pursuant to which such agent or subcontractor agrees to be bound by the same restrictions, conditions, and requirements that apply to the Business Associate with respect to such PHI;

    e. Within fifteen (15) days of receiving a written request from Covered Entity for access to PHI about an individual contained in a Designated Record Set, make such PHI

1

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER        ADC263219

available to Covered Entity as necessary to satisfy Covered Entity's obligations under 45 CFR 164.524. in the event that any individual requests access to PHI directly from Business Associate, Business Associate shall, within ten (10) days forward such request to Covered Entity;

f. Within fifteen (15) days of receiving a written request from Covered Entity for amendment of an individual's PHI contained in a Designated Record Set, make such PHI available to Covered Entity for such amendment and incorporate any amendments to the PHI in accordance with the HIPAA Regulations;

g. Within twenty (20) days of receiving a written request from Covered Entity, make available to Covered Entity the information required for Covered Entity to provide an accounting of disclosures of PHI as necessary to satisfy Covered Entity's obligations under 45 CFR 164.528. in the event a request for an accounting is delivered directly to Business Associate, Business Associate shall, within ten (10) days, forward such request to Covered Entity;

h. To the extent the Business Associate is to carry out one (1) or more of Covered Entity's obligation(s) under Subpart E of 45 CFR Part 164, comply with the requirements of Subpart E that apply to the Covered Entity in the performance of such obligation(s); and

i. Make its internal practices, books, and records available to the Secretary for purposes of determining compliance with the HIPAA Regulations.

4. **Permitted Uses and Disclosures by Business Associate.**

   a. Unless otherwise limited herein, Business Associate may:

      i. Use the PHI in its possession for its proper management and administration and to fulfill any legal responsibilities of Business Associate;

      ii. Disclose the PHI in its possession to a third party for the purpose of Business Associate's proper management and administration or to carry out the legal responsibilities of Business Associate, if:

         a) the disclosures are required by law; or

         b) Business Associate obtains reasonable assurances in writing from the third party that the PHI will be held confidentially and used or further disclosed only as required by law or for the purpose for which it was disclosed to the third party <u>and</u> the third party notifies the Business Associate of any instances of which it becomes aware in which the confidentiality of the information has been breached;

      iii. Provide Data Aggregation services related to the health care operations of the Covered Entity;

2

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER                    ADC263220

      iv. De-identify PHI obtained by Business Associate under the Underlying Agreement(s) or this Agreement and use such de-identified data in accordance with the de-identification requirements of the HIPAA Regulations; and

      v. Make uses, disclosures and requests for PHI consistent with Covered Entity's minimum necessary policies and procedures.

  b. Business associate may not use or disclose PHI in a manner that would violate Subpart E of 45 CFR Part 164 if done by Covered Entity, to the extent Business Associate is to carry out the obligations of a Covered Entity.

  c. Business associate may provide data aggregation services relating to the health care operations of the Covered Entity.

5. **Provisions for Covered Entity to Inform Business Associate of Privacy Practices and Restrictions.** Covered entity shall notify Business Associate of:

  a. Any limitation(s) in the notice of privacy practices of Covered Entity under 45 CFR 164.520, to the extent that such limitation may affect Business Associate's use or disclosure of PHI;

  b. Any changes in, or revocation of, the permission by an individual to use or disclose his or her PHI, to the extent that such changes may affect Business Associate's use or disclosure of PHI; and

  c. Any restriction on the use or disclosure of PHI that Covered Entity has agreed to or is required to abide by under 45 CFR 164.522, to the extent that such restriction may affect Business Associate's use or disclosure of PHI.

6. **Permissible Requests by Covered Entity.** Covered entity shall not request Business Associate to use or disclose PHI in any manner that would not be permissible under Subpart E of 45 CFR Part 164 if done by Covered Entity.

7. **Term and Termination**

  a. **Term.** This Agreement shall be effective as of the final signature on the last page of this Agreement.

  b. **Termination by Covered Entity.** Compliance with the terms of this Agreement is a material term of any arrangement for providing the Services, pursuant to which Covered Entity is making PHI available to Business Associate. Should Covered Entity become aware of a breach or violation of Business Associate's obligations under this Agreement, Covered Entity shall provide Business Associate with written notice of such breach or violation. Upon receipt of such notice, Business Associate shall act diligently to remedy any such breach or violation. Covered Entity shall be entitled to terminate the Services if Business Associate fails to cure the breach or violation within a reasonable time or if Business Associate has breached or violated its obligations under this Agreement on more than one (1) occasion. If termination of the

3

Services is not feasible, Covered Entity shall report the breach or violation to the Secretary of Health and Human Services.

c. **Obligations of Business Associate upon Termination.** Upon the completion or earlier termination of the Services, Business Associate shall return to Covered Entity or destroy all PHI, including such information in possession of Business Associate's subcontractors, as a result of the provision of the Services and retain no copies, if it is feasible to do so. If return or destruction is infeasible, Business Associate agrees to notify Covered Entity of this infeasibility and the reason(s) therefore and agrees to extend all protections, limitations and restrictions contained in this Agreement to Business Associate's use and/or disclosure of any retained PHI, and to limit further uses and/or disclosures to the purposes that make the return or destruction of the PHI infeasible. This provision shall survive the termination or expiration of this Agreement and the completion or earlier termination of the Services.

8. **Regulatory References.** A reference in this Agreement to a section in the HIPAA Regulations means the section as in effect or as amended.

9. **Amendment.** The parties acknowledge that federal and state laws relating to the privacy and security of patient information are evolving rapidly and that changes to this Agreement may be necessary to ensure compliance with such developments. The parties hereby agree to take such actions and to execute any and all amendments to this Agreement as may be necessary to implement the standards and requirements of HIPAA, the HIPAA Regulations and other federal and state laws and regulations relating to the privacy and security of patient information.

10. **No Third Party Beneficiaries.** Nothing express or implied in this Agreement shall confer upon any person, other than the Parties hereto and their respective successors or assigns, any rights, remedies, obligations or liabilities whatsoever.

11. **Interpretation.** Any ambiguity in this Agreement shall be interpreted to permit compliance with the HIPAA Regulations.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement:

ARIZONA DEPARTMENT OF CORRECTIONS

By: _____
Title: CHIEF PROCUREMENT OFFICER
Date: 1/10/2014

CORIZON HEALTH, INC.

By: _____
Title: VP, Provider Operations
Date: 1/7/14

4

CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER        ADC263222