LARRY JOE PRINCE
ADOC #058251
ASPC Eyman Browning
P.O. Box 3400
Florence, Arizona 85132

In Propria Persona



☒ FILED  ☐ LODGED

**Mar 22 2016**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DKD |
| Plaintiffs, | |
| vs. | **MOTION FOR RECONSIDERATION OF COURTS ORDER (DOC.1522) DENYING MOTION TO INTERVENE TO ENFORCE STIPULATION (DOC.1513)** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Larry Joe Prince, a member of the Plaintiff class, moves this Honorable Court to reconsider its Order filed 3.17.2016 (Doc. 1522), denying his motion to intervene to enforce stipulation (Doc. 1513)(for some reason multiple documents of the same pleadings were e-filed, but for the sake of simplicity Prince refers to Doc. 1513 here and, if necessary, Doc. 1514 on the Lodged Request to Enforce Stipulation), based on the following correct citing of the factual record.

**First,** Prince's ability to intervene depended on the relationship between his claims and the approved **stipulation** in this case (Doc. 1185), <u>not</u> the claims raised by Class counsel in this case. This issue is crucial here. Prince never argued any issues of the original claims in this case. The **stipulation** in this case is the issue at hand. It's not uncommon for parties to raise issues in original claims and then settle said claims

through written curative measures (the exact case here). Prince urges the Court to understand this matter before it, because Prince argues exactly within the written **stipulation** as approved in the record. The curative DI 326 Step Program is crucial here.

**Second,** Prince did <u>not</u> move to intervene in order to challenge the "specific due process violations within the DO 801 process" used to determine which inmates are classified for maximum custody.(Order at p.2). Prince moved to intervene in order to challenge the violations of the **stipulation** because the Defendant's are violating the manner in which assignment to **DI 326 maximum custody step program** is occurring (which included DO 801). Class counsel apparently does not understand the DI 326 Step Program that it admits is part of the stipulation. The facts contradicted Class Counsel's conclusions and the Court's conclusions. Prince showed the Court the attachments to DI 326 (which includes the very first to the end tenets to DI 326 Step Program as being first approved for max custody per DO 801).

The Court has overlooked that fact. Class Counsel spun this entire argument from what was initially raised in its claims (which may have or have not been the case as the Court cites to no document that supports any such conclusion).

Nonetheless, as Prince stated above, the record (as a whole) supports Prince's claim here that the Court approved stipulation is being violated. DI 326 is being violated. DI 326 was implemented by the stipulation and since the approval of the **stipulation** all parties have been staring at DI 326 and not adhering to the tenets within. It works as a whole, not in part.

2

It defies all logic and legal principles that DI 326 and DO 801 is not part of the stipulation in this case. If DI 326 Step Program is to be complied with (as admitted by Class Counsel), the proper max custody assignment must be first made, then the Step Program ensues (which then includes reviews every 180 days). Thus, the Court approved **stipulation** and DI 326 Flowchart must be adhered to for Step Program to work (which includes assignment by conditions of confinement). Reply pp.3-4, Ex.5-8 .

**Third,** the Court's findings that "the stipulation...did not address the procedures for classifying prisoners for maximum custody," at p.2, is erroneous and clearly contrary to the Court approved stipulated enforcement of DI 326. Lines 6 to 10 are erroneous, based on the offerings by Class Counsel's pleadings. What was raised in the initial complaint and that stipulated to for curative resolve is, in black and white, per se, as Prince offers it to the Court and <u>not</u> that argued by Class Counsel. The max assignment is first condition to Step Program confinement.

**Fourth,** Prince has litigated for many years while imprisoned. Won some and lost some. He can be told to not go away mad but just go away when he's argued a lost cause. But when Prince allows some of the most uneducated prisoners to read the pleadings (with exhibits as listed), and they see it plain as day and urge Prince to argue on their behalf then Prince must urge this Honorable Court to reconsider the factual record and understand that it's mixing apples and oranges. Prince <u>never</u> "...appeared to acknowledge that this case does not cover his claims..."(Order at p.2). Prince **never** stated any such fact. That was Class Counsel's convoluted argument.

3

A complaint was filed. Prince is unclear on the original claims. Class Counsel reached a **stipulation** that included DI 326 (which Class Counsel does not refute). DI 326 was specifically implemented by the Defendant's to resolve this case (it states specifically this fact in the stipulation). Prince, and those similarly situated, argue the Court should put the facts to Class Counsel (ask Class Counsel how the conditions of confinement in the Step Program are satisfied in DI 326 without first "being approved by DO 801" as set forth in Ex's 5 through 8 of the Reply?). Without this case stipulation there is no Step Program tenets of DI 326. There is a beginning and end review.

In **Conclusion**, Prince argues he's met his burden of proving the relationship between the Plaintiff class claim here and the **stipulation** (Doc.1185)(to include the agreed to DI 326). Prince respectfully asks this Honorable Court to reconsider its Order denying his motion to intervene to enforce stipulation, file the request to enforce stipulation (Doc.1514)(incorporating Ex's in his Reply), and Order parties to reach a curative solution in this case (which is already written but not yet enforced by DI 326).

Respectfully submitted this 21st day of March, 2016.

Larry Joe Prince
In Propria Persona

This document has been e-filed with the Clerk of the Court and electronically mailed to all parties to this action, pursuant to updated E-Filing instructions by District Court on 9.17.2015.

Larry Joe Prince
In Propria Persona

4