1  Daniel Pochoda (Bar No. 021979)
   James Duff Lyall (Bar No. 330045)*
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: dpochoda@acluaz.org
          jlyall@acluaz.org
5  *Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

6  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith,*
7  *Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all*
8  *others similarly situated*

   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
9
   Sarah Kader (Bar No. 027147)
10 Asim Dietrich (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
11 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
12 Telephone: (602) 274-6287
   Email: skader@azdisabilitylaw.org
13        adietrich@azdisabilitylaw.org

14 *Attorneys for Plaintiff Arizona Center for Disability Law*
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
15

16                    UNITED STATES DISTRICT COURT

17                         DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DJH <br><br> **MOTION TO SEAL DOCUMENTS ASSOCIATED WITH PLAINTIFFS' MOTION TO ENFORCE STIPULATION** |

**Motion and Memorandum**

Pursuant to LRCiv 5.6, Plaintiffs move for an order directing the Clerk to file under seal the documents outlined below. Because the material in this case often involves confidential and sensitive health care information as well as Defendants' security information, Plaintiffs and Defendants (the "Parties") agreed to a protective order, an amended version of which remains in place (the Amended Protective Order, Doc. 454). The Amended Protective Order allows for only two types of information to be designated as confidential: "protected health information" and "security information." [Doc. 454 at ¶ 1]

During the course of the litigation, Defendants attempted to use the Amended Protective Order to broadly designate as confidential nearly every document they produced. Plaintiffs successfully moved to de-designate many of these documents near the end of the litigation.[1] [Order Granting Motion to De-Designate, Doc. 1087] It appears Defendants are attempting to do the same thing again.

In addition to the health care records and death reports that Plaintiffs affirmatively offered to have sealed, Defendants now want two additional documents sealed, which Plaintiffs oppose. The first, Exhibit 2 to the Declaration of Corene Kendrick in Support of Plaintiffs Motion To Enforce the Stipulation ("Exhibit 2"), is a memorandum from Corizon to ADC, which was created pursuant to Plaintiffs' request, regarding Corizon's deficient health care staffing levels. [PLTF-PARSONS-036229-36243] The second document is Exhibit 3 to the Kendrick Declaration ("Exhibit 3"), and it is Defendants' monitoring methodology handbook as of December 2015. [PLTF-PARSONS-036244-36247] Neither of these exhibits falls within the scope of the Amended Protective Order, and Defendants can neither present good cause sufficient to justify sealing nor rebut the public's presumptive interest in having access to them.

---

[1] Plaintiffs provided an extensive discussion of the limited scope of the Amended Protective Order and the presumption in favor of public access, which is incorporated by reference herein, and for the sake of brevity, is not fully repeated here.

Thus, while Plaintiffs have filed these documents under seal pursuant to Defendants' request and pending the Court's ruling, they oppose Exhibits 2 and 3 being sealed and ask that these exhibits instead be filed on the public docket.

## I. EXHIBITS 2 AND 3 TO THE KENDRICK DECLARATION ARE NOT CONFIDENTIAL UNDER THE PROTECTIVE ORDER.

Exhibits 2 and 3 contain neither protected health information nor security information. As such, they are ineligible to be designated confidential under the Amended Protective Order.

Exhibit 2 is an internal staffing memorandum written by Corizon. This document does not contain any health information, let alone protected health information; nor does it contain security information, as defined by the Amended Protective Order. To the extent this document does contain any security information, which Plaintiffs contend it does not, that information can simply be redacted in lieu of sealing the entire document. Defendants offered no explanation as to how this document falls within the scope of the Amended Protective Order. [Declaration of Kirstin T. Eidenbach in Support of Motion to Seal ("Eidenbach Decl."), Exhibit 1] And quite simply it does not.

Exhibit 3 is the spreadsheet Defendants provided in December 2015 explaining the methodology used by ADC's monitors to measure Corizon's compliance with the performance measures in the Stipulation.[2] This document sets forth monitoring methodologies in relation to particular performance measures. It contains no protected health information or security information. Again, Defendants make no attempt when demanding this document be sealed to explain how it falls under the protection of the Amended Protective Order. [Eidenbach Decl., Exhibit 1]

---

[2] While this document has been the subject of revisions and negotiations over the past month, Exhibit 3 reflects the state of Defendants' monitoring efforts 10 months after the Stipulation took effect, which helps to demonstrate for the Court how lackluster Defendants' attempts to comply with the terms of the Stipulation have been.

## II.   DEFENDANTS CANNOT PROVIDE A COMPELLING REASON WHY EXHIBITS 2 AND 3 SHOULD BE SEALED.

"[T]he party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material," *Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002), and "the burden of proving good cause, which requires a showing that specific prejudice or harm will result," *id*. at 424 (internal citation omitted).

Defendants have failed to articulate any specific harm that will result from the disclosure of Exhibits 2 and 3. These documents do not contain trade secrets, confidential research or developments, nor do they contain proprietary information and would not cause Defendants harm other than being unfavorable to their position in this case. Rather, Defendants again reflexively overreach and attempt to seal all documents associated with this case. In their email to Plaintiffs "requiring" that this document be sealed, Defendants offer no explanation as to the grounds upon which they made that requirement other than to say they "had not intended it to be made public." [Eidenbach Decl., Exhibit 1]

Moreover, the public has a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). This is even more true when the documents relate to "allegations of official misconduct" or "uncovering civil rights violations." *Welsh v. City & Cnty. of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995) (internal citation omitted); and *Soto v. City of Concord*,162 F.R.D. 603, 621 (N.D. Cal. 1995), respectively.

Both circumstances are present here. Plaintiffs are preparing to present the Court with evidence that ADC officials have failed to take the necessary steps to comply with the Stipulation, and instead have left a profoundly broken health care system largely untouched over the past year. Defendants' failure to comply with the Stipulation's requirements to improve the delivery of health care to class members places every

prisoner in their custody at substantial risk of serious harm. There is no good reason to keep information relating to these failures out of the public record.

Ultimately, Corizon works for the Arizona State government, and just as Wexford discovered when their presentation to Defendants about the shockingly dismal state of ADC's health care system was de-designated as confidential, Corizon's non-confidential, non-proprietary work product, as it relates to their contract with Defendants, is subject to public scrutiny. [Docs. 589, 590, 592] Asking that this entire document be sealed is a thinly veiled attempt to hide from the public how flawed and understaffed Defendants' health care system is.

## III. RELIEF REQUESTED.

Plaintiffs request that the following documents be sealed because they contain protected health information, information that would make protected health information identifiable to a single individual, or security information. To ensure the public has access to as much information as possible, Plaintiffs have carefully redacted or sealed only those portions of the filing referring to information protected by the Amended Protective Order.

1. Plaintiffs' Motion to Enforce the Stipulation, a redacted version of which will be filed publicly;
2. Exhibits 9-83 attached to the Declaration of Corene Kendrick in Support of Plaintiffs' Motion to Enforce the Stipulation. Each of these exhibits contains highly sensitive medical and mental health information. As such Plaintiffs request these documents be filed entirely under seal;
3. Declaration of Todd Wilcox, M.D. and Appendix C thereto , a redacted version of which will be filed publicly;
4. Exhibit A to the Declaration of Pablo Stewart, M.D., a redacted version of which will be filed publicly; and
5. Exhibits 1-6 attached to the Declaration of Kirstin Eidenbach, redacted versions of which will be filed publicly.

1    Defendants are requiring Plaintiffs to file the following two documents under seal:

2    1. Exhibit 2 to the Kendrick Declaration: Corizon's Staffing Memorandum to
3       Defendants, PLTF-PARSONS-036229-36243; and

4    2. Exhibit 3 to the Kendrick Declaration: Health Services Contract Monitoring
5       Bureau (HSCMB) monitoring spreadsheet, PLTF-PARSONS-036244-36247.

6    As such, Plaintiffs' move this Court to direct the clerk to file these two documents
7    under seal as well, pending Defendants submitting briefing pursuant to LRCiv 5.6(d)
8    articulating good cause as to why these documents should in fact be sealed despite the
9    public's presumptive interest in having access to them. Plaintiffs' oppose the sealing of
10   the two documents.

11   Complete copies of all documents Plaintiffs propose to seal have been lodged
12   herewith.

13   Plaintiffs certify that they consulted with Defendants regarding this Motion, hoping
14   to file it as an unopposed motion. [Eidenbach Decl., Exhibit 1]  After reviewing
15   Plaintiffs' Motion to Seal, and having advance access to Plaintiffs' exhibit list, Defendants
16   declined to agree to the motion. [Eidenbach Decl., Exhibit 1; *see also* Eidenbach Decl.
17   ¶ 3]

Date:  April 11, 2016                      **PRISON LAW OFFICE**

By: *s/ Donald Specter*
    Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
    Sara Norman (Cal. 189536)*
    Corene Kendrick (Cal. 226642)*
    1917 Fifth Street
    Berkeley, California 94710
    Telephone:  (510) 280-2621
    Email:    dspecter@prisonlaw.com
              ahardy@prisonlaw.com
              snorman@prisonlaw.com
              ckendrick@prisonlaw.com

    *Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Jamelia Natasha Morgan (N.Y. 5351176)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@npp-aclu.org
          afettig@npp-aclu.org
          jmorgan@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
          agerlicher@perkinscoie.com
          jhgray@perkinscoie.com

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
          jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:    kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)\*
Amir Q. Amiri (Cal. 271224)\*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com
aamiri@jonesday.com

\*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)\*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email: jlwilkes@jonesday.com

\*Admitted *pro hac vice*

Jennifer K. Messina (N.Y. 4912440)\*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email: jkmessina@jonesday.com

\*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

| | |
|---|---|
| 1 | |
| 2 | **ARIZONA CENTER FOR DISABILITY LAW** |
| 3 | |
| 4 | By: *s/ Sarah Kader* |
| | Sarah Kader (Bar No. 027147) |
| 5 | Asim Dietrich (Bar No. 027927) |
| | 5025 East Washington Street, Suite 202 |
| 6 | Phoenix, Arizona 85034 |
| | Telephone: (602) 274-6287 |
| 7 | Email: skader@azdisabilitylaw.org |
| | adietrich@azdisabilitylaw.org |

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
**ARIZONA CENTER FOR DISABILITY LAW**
100 N. Stone Avenue, Suite 305
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
 rdalyrooney@azdisabilitylaw.org
 jrico@azdisabilitylaw.org
 jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2016, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

s/ D. Freouf