Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFFS' MOTION TO ENFORCE AND REQUEST FOR STATUS CONFERENCE** |

Plaintiffs are dissatisfied with what they agreed to in the Stipulation and want to re-litigate *Parsons v. Ryan*. So, under the guise that Defendants are "substantially non-compliant" with the Stipulation, Plaintiffs filed a Motion to Enforce ("Motion"). Plaintiffs' Motion is improper, premature, and runs afoul of the agreements reached by the parties and sanctioned by the Court. More importantly, the remedy demanded by Plaintiffs (order Defendants to hire more staff) is expressly prohibited by the plain language of the Stipulation. (Dkt. 1185 at ¶36). In an effort to conserve judicial economy and attorney resources and time, Defendants briefly outline why the Motion is improper below (without responding to the merits), request the Court stay briefing on Plaintiffs' Motion, and set a status conference to determine whether Plaintiffs' Motion is proper – or can be heard at all.

In their Motion, Plaintiffs again claim ADC's healthcare system is "broken." (Dkt. 1535 at 9, 21, 26). Plaintiffs list 11 health care practices they allege are unconstitutional, which are allegedly "supported" with lengthy expert declarations, totaling over 200 pages. And Plaintiffs employ a familiar, misguided tactic – referencing anecdotal instances of individual health care treatment.[1] Plaintiffs also cite to twenty performance measures. Their argument is this: Because 20 of 112 measures, at some point, fell below 75% compliance, it is the result of under-staffing, and therefore Defendants are *substantially* non-compliant in a *significant* respect with the Stipulation.[2] Plaintiffs' Motion is a regurgitation of Plaintiffs' Motion for Class Certification filed to resurrect litigation. And the Court should not allow it to proceed.

---

[1] Significantly, to date, Defendants have produced over 425,100 documents to Plaintiffs and allowed them to review an additional 1202 inmate records just during the tours of facilities from August 31, 2015 – February 5, 2016.

[2] Plaintiffs' Motion fails to cite to any maximum custody or dental performance measure and fails to include statistics for the Douglas, Winslow, Safford, or Phoenix facilities.

1

## I. PLAINTIFFS' MOTION IS IMPROPERLY BEFORE THE COURT

### A. Plaintiffs Failed to Follow The Dispute Procedures Outlined in the Stipulation

The Stipulation outlines steps that must be taken prior to filing a motion to enforce with this Court.

> **Step One: Notice of Substantial Non-Compliance & Meet-and-Confer:** In the event that counsel for Plaintiffs alleges that Defendants have failed to substantially comply in some significant respect with this Stipulation, Plaintiffs' counsel shall provide Defendants with a written statement describing the alleged non-compliance ("Notice of Substantial Non-Compliance"). Defendants shall provide a written statement responding to the Notice of Substantial Non-Compliance within thirty (30) calendar days from receipt of the Notice of Substantial Non-Compliance and, within thirty (30) calendar days of receipt of Defendants' written response, counsel for the parties shall meet and confer in a good faith effort to resolve their dispute informally. (Dkt. 1185 at ¶30).
>
> **Step Two: Mediation:** In the event that a Notice of Substantial Non-Compliance pursuant to ¶ 30 of this Stipulation cannot be resolved informally, counsel for the parties shall request that Magistrate Judge John Buttrick mediate the dispute. (Dkt. 1185 at ¶31).
>
> **Step Three: Motion to Enforce**: If the dispute has not been resolved through mediation in conformity with this Stipulation within sixty (60) calendar days, either party may file a motion to enforce the Stipulation in the District Court. (Id.).
>
> **Step Four: Defendants Develop Plan to Remedy**: In the event the Court finds that Defendants have not complied with the Stipulation, it shall in the first instance require Defendants to submit a plan approved by the Court to remedy the deficiencies identified by the Court. In the event the Court subsequently determines that the Defendants' plan did not remedy the deficiencies, the Court shall retain the power to enforce this Stipulation through all remedies provided by law, except that **the Court shall not have the authority to order Defendants to construct a new prison or to hire a specific number or type of staff** unless Defendants propose to do so as part of a plan to remedy a failure to comply with any provision of this Stipulation. In determining the subsequent remedies the Court shall consider whether to require Defendants to submit a revised plan. (Dkt. 1185 at ¶36).

Nowhere in any of Plaintiffs' Notices of Non-Compliance, nor in their Mediation Memorandum ("Memorandum") did Plaintiffs advise Defendants of performance measures they believed were non-compliant because of staffing levels. While Plaintiffs

did cite to 3 of the 20 performance measures in their Memorandum, the measures were mentioned only briefly, with no analysis or identifying description of what performance measure they were referring to, and Plaintiffs did not allege the measures were non-compliant as the result of staffing levels, as they do now.  Until the filing of their Motion, Plaintiffs never informed Defendants of a connection between any non-compliant measure and staffing levels.[3]  And, significantly, Plaintiffs do not and have never alleged that the four performance measures which are dedicated to staffing levels were non-compliant.[4]  To hear Plaintiffs' allegations for the first time in a motion to enforce undermines the Stipulation's intent to foster transparency by requiring Plaintiff to provide Defendants with notice of the issue, engage in meaningful meet-and-confers, and to only bring issues to the Court after the parties have discussed it at length, mediated it, and still disagree.  Plaintiffs' failure to follow these agreed upon steps precludes Plaintiffs' Motion from being heard.

**B.** **Plaintiffs' Motion is Improper Because It Is Not Based On Substantial Non-Compliance in A Significant Way**

The Stipulation requires an allegation of substantial noncompliance in a significant respect in order for Plaintiffs to bring this issue before the Court.  They have not done this.  Plaintiffs' reason for claiming substantial non-compliance is based on a fundamental misunderstanding of – or disregard for – the Stipulation.  The Motion and supporting expert declarations are comprised of cherry-picked, anecdotal complaints by inmates.  As was Plaintiffs' habit during litigation, they turn a blind eye to the bigger, relevant picture – the state of systemic health care at ADC – and instead remain in the weeds, digging for anecdotal nuggets in an improper attempt to overcome the fact Defendants are

---

[3] While Plaintiffs make a vague reference to staffing being connected to non-compliance with performance measure #92 in their October 15, 2015 "notice of non-compliance", this can hardly suffice as putting Defendants on notice that staffing is the root of all problems, as Plaintiffs now claim.  Moreover, because Plaintiffs failed to include this in the Memorandum before Judge Buttrick, it cannot be the subject of a motion to enforce.

[4] Performance Measures 1 – 4.

3

substantially complying with the agreed upon performance measures. In fact, as of February 2016, the average compliance for the 112 performance measures was 81%. Because Plaintiffs focus only on 20 of the 112 measures (approximately 17% of the total) this important fact is lost in Plaintiffs' briefing. Because Plaintiffs brought a lawsuit alleging systemic, not individual, deficiencies, the parties agreed that compliance with the Stipulation is not determined through a review of individual inmate complaints, but rather through compliance with performance measures which measure system-wide compliance.

Moreover, as the parties agreed, some non-compliance is not *substantial* non-compliance in a *significant* way. As stated by this Court, "the stipulation allows for graduated benchmarks that contemplate some margin of noncompliance." (Dkt. 1458 at 2). It is therefore deceiving for Plaintiffs to claim Defendants are substantially non-compliant simply because there are some margins of non-compliance for 20 of the 112 measures. Surely this is not *substantial* non-compliance in a *significant* respect – the finding required by the Stipulation. (Dkt. 1185 at ¶30). Furthermore, the Stipulation self-regulates Defendants' compliance by allowing measures to drop off after a certain period of compliance, and by requiring that measures continue to be monitored if non-compliant for an extensive period of time. (Dkt. 1185 at ¶10). Because the monitoring period (24 months) has not yet expired, Plaintiffs' Motion is premature.

### C. The Remedy Sought By Plaintiffs Is Expressly Prohibited By The Plain Language of the Stipulation

Finally, while they claim, "the Stipulation contains nothing prohibiting the Court from ordering the Defendants to develop a plan to increase staffing" – Plaintiffs are wrong. (Dkt. 1535 at 34). Instead, the Stipulation reads:

> ". . . **the Court shall not have the authority** to order Defendants to construct a new prison **or to hire a specific number or type of staff unless Defendants propose to do so** as part of a plan to remedy a failure to comply with any provision of this Stipulation." (Dkt. 1185 at ¶36).

Under the Stipulation, Defendants control the remedy. Nowhere in the Stipulation does it allow Plaintiffs to dictate the remedy Defendants should employ, and it expressly

4

rejects the idea that the Court can *ever* order Defendants to hire more staff, even after rejection of Defendants' proposed plan. It follows that the Stipulation also does not permit a third party expert to render opinions on staffing, as Plaintiffs request. Finally, as this Court advised in approving the Stipulation:

> No settlement is perfect. A compromise of hotly contested issues will leave each side wanting, receiving something less than their highest and best expectations . . .Both parties came to this understandable conclusion and reached a settlement that the Court can say, beyond any reasonable doubt, is fair, reasonable and adequate in light of the circumstances.

(Dkt. 1458 at 2 – 3.)

Conducting a "do-over" of the Stipulation defeats the purpose of the Stipulation (to settle the case) and creates a slippery slope for both parties to modify the agreement whenever it did not meet their expectations or proved more favorable for the other party. Plaintiffs' buyers' remorse is no reason to undo the agreement reached by the parties and approved by the Court. Plaintiffs' Motion demonstrates a complete disregard for the time and effort employed by the parties and this court in reaching the terms of the Stipulation.

## II.   CONCLUSION

For the foregoing reasons, Defendants request the Court stay briefing on Plaintiffs' Motion and conduct a status conference to determine whether the Motion is proper or can be heard at all.

5

DATED this 15th day of April 2016.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Daniel P. Struck
Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried
Lucy M. Rand
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Ajmel A. Quereshi: | aquereshi@npp-aclu.org |
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Brenna Lynne Durkin: | bdurkin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| Dara Levinson: | daralevinson@jonesday.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jerica Lyn Peters: | jpeters@perkinscoie.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kamilla Mamedova: | kmamedova@jonesday.com |
| Kirstin T. Eidenbach: | keidenbach@perkinscoie.com; dfreouf@perkinscoie.com; |

docketphx@perkinscoie.com

Sara Norman: snorman@prisonlaw.com

Sarah Eve Kader: skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Taylor Lee Freeman: tfreeman@jonesday.com

    I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

    N/A

                      /s/ Daniel P. Struck