Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' CITATION SUMMARY OF NOTICE OF SUBSTANTIAL NON-COMPLIANCE** |

Defendants respond to Plaintiffs' Citation Summary of Notice of Substantial Noncompliance Provided to Defendants (Dkt. 1562), pursuant to this Court's April 26, 2016 Minute Entry (Dkt. 1554).

## I. PLAINTIFFS FAILED TO FOLLOW THE DISPUTE RESOLUTION PROCEDURES ESTABLISHED IN THE STIPULATION.

The Stipulation establishes a four-step dispute resolution procedure for addressing issues of alleged substantial non-compliance with the Stipulation. (Dkt. 1185 at ¶¶30-36.) **First**, Plaintiffs' counsel must provide Defendants with a written statement describing the alleged non-compliance ("Notice of Substantial Non-Compliance"), Defendants must provide a written response, and then the parties must meet in good faith to resolve the dispute informally. (Dkt. 1185 at ¶30.) **Second**, the parties must mediate any dispute that could not be resolved informally. (Dkt. 1185 at ¶31.) **Third**, the parties may file a motion to enforce the Stipulation with the District Court. (*Id.*) **Fourth**, the Court may order Defendants to submit a plan to remedy any deficiencies identified by the Court and, if the plan does not remedy the deficiency, order another remedy provided by law, except order Defendants to construct a new prison or hire a specific number or type of staff. (Dkt. 1185 at ¶36.)

## II. PLAINTIFFS' MOTION TO ENFORCE

Plaintiffs contend that their Motion to Enforce the Stipulation raised Defendants' alleged noncompliance with the following Performance Measures ("PM"): 11, 13, 14, 27, 29, 37, 39, 46, 47, 50, 51, 54, 66, 77, 80, 81, 85, 87, 88, 92, 93, 94, and 98. (Dkt. 1562 at 2.) Plaintiffs concede they failed to provide Defendants with prior notice of alleged non-compliance with PM 27 and 29. (*Id.*) Plaintiffs contend, however, they provided Defendants with notice of the other twenty-one PMs. Plaintiffs are mistaken. As set forth below, **Plaintiffs failed to adhere to the four-step process detailed above for all performance measures cited in their Motion to Enforce**, by either failing to provide Defendants with notice through a notice of substantial non-compliance or by failing to

1

mediate the issue before Judge Buttrick.[1]

A.  **Performance Measures 11, 13, 14, 37, 39, 46, 54, 66, 85, 92, 93, 98**

Plaintiffs claim they provided Defendants with notice that these measures were allegedly substantially non-compliant through a notice of substantial non-compliance. Defendants agree. But this is only one step in the four step process outlined above. These measures were not included in Plaintiffs' Mediation Memorandum and were not mediated before Judge Buttrick. Because Plaintiffs failed to follow the first two steps with respect to these measures, they are not ripe to be heard by the Court.

B.  **Performance Measure 47**

Plaintiffs allege they provided Defendants with notice that this measure was allegedly substantially non-compliant in their October 15, 2015 correspondence at pages 69 – 70, and 74. This is incorrect. None of Plaintiffs' page citations allege that Defendants were in substantial non-compliance with this measure. Instead, these pages allege that certain inmates' health care records, at one particular time, did not meet the requirements of PM 47.

Compliance with the Stipulation is not determined through a review of individual inmate care. Instead, it is determined by compliance with a performance measure based on a random review of inmate records. (Dkt. 1185 at ¶ 9). Indeed, the Stipulation contemplates some level of non-compliance and does not require Defendants to comply 100% with every measure for each of the approximate 35,000 inmates at ADC facilities. (Dkt. 1185 at ¶ 10). That one inmate's record outside the random review was non-compliant, at some time, is irrelevant, and does not mean Defendants are in substantial non-compliance with this measure.

---

[1] Plaintiffs' own descriptions of the alleged notice concede that Plaintiffs did not provide notice of substantial non-compliance for many of the performance measures. For example, Plaintiffs admit that for performance measures 47, 50, 51, 77, 80, 81, 97, and 94, they only provided Defendants with notice that they disagreed with how the measure was monitored or that an individual inmate's treatment did not meet the requirements of the measure. (Dkt. 1562-1 at 2 -3).

### C.    **Performance Measure 50**

Plaintiffs' Motion to Enforce does not allege substantial non-compliance with PM 50 – only that particular inmates' records did not meet the requirements of the measure during a certain time. As discussed above, alleged isolated incidents of noncompliance are not evidence of substantial non-compliance as contemplated by the Stipulation. Because Plaintiffs failed to allege substantial non-compliance with this measure in their Motion to Enforce, this performance measure is not properly before the Court. And even if it was, Plaintiffs failed to provide Defendants with notice that it is allegedly substantially non-compliant.

Plaintiffs claim they provided Defendants with notice in their October 15, 2015 correspondence. (Dkt. 1561-2 at 58, 67-69, 71, 73, 95). But none of the pages cited by Plaintiffs allege substantial non-compliance with the Stipulation. Instead, they allege that certain inmates' health care records, during an isolated time, did not meet the requirements of PM 50. As discussed above, this is not notice that PM 50 is allegedly in substantial non-compliance with the Stipulation.

They also claim notice was provided in their September 17, 2015 (Dkt. 1561-2 at 107), September 18, 2015 (Dkt. 1561-2 at 110), September 23, 2015 (Dkt. 1561-2 at 123), October 12, 2015 (Dkt. 1561-2 at 129), and February 8, 2016 (Dkt. 1561-2 at 170) correspondence.[2] Importantly, none of these letters were notices of substantial non-compliance as required by the Stipulation[3] and none resulted in a meet-and-confer as

---

[2] In their Motion to Enforce, Plaintiffs contend that Exhibits 1 through 6 to the Declaration of Kirstin Eidenbach constitute the notices of non-compliance sent to Defendants. Defendants disagree with Plaintiffs' characterization as many of these letters are regarding individual inmate care and are not notices of substantial non-compliance with the Stipulation. (Dkt. 1185 at ¶ 30). And in their Citation Summary of Notice of Substantial Noncompliance (Dkt. 1562), they expand their list to include additional individual inmate letters. As discussed throughout this response, none are notices of substantial non-compliance.

[3] Paragraph 30 of the Stipulation states: "In the event that counsel for Plaintiffs alleges that Defendants have failed to substantially comply in some significant respect with this Stipulation, Plaintiffs' counsel shall provide Defendants with a written statement describing the alleged non-compliance ("Notice of Substantial Non-Compliance"). Defendants shall provide a written statement responding to the Notice of Substantial Non-Compliance within thirty (30) calendar days from receipt of the Notice of Substantial

1   required by the Stipulation. (Dkt. 1185 at ¶ 30). Instead, these letters are some of the
2   myriad of letters Plaintiffs have sent Defendants regarding individual instances of health
3   care treatment.[4] Even if these letters were notices of non-compliance (they are not), none
4   allege Defendants are substantially non-compliant with PM 50, and instead allege only
5   that particular inmates' records, at some point, did not meet the measure's requirements.
6   This is not notice of substantial non-compliance.

### D.  Performance Measure 51

As with PM 50, Plaintiffs' Motion to Enforce does not allege substantial non-compliance with this measure, only that particular inmates' records did not conform with the requirements of the measure during a certain time. This measure is not properly before the Court. Even if this measure was included in Plaintiffs' Motion to Enforce, Plaintiffs failed to provide Defendants with notice that it is in substantial non-compliance.

Plaintiffs claim they provided Defendants with notice in their October 15, 2015 correspondence. (Dkt. 1561-2 at 58-59, 67-68, 70, 72-73. 95).[5] None of these citations allege substantial non-compliance with the Stipulation. Instead, as with PM 47 and 50, they contain allegations that individual inmate records do not comply with the requirements of PM 51.

They also claim notice was provided in their September 21, 2015 (Dkt. 1561-2 at 114) and February 8, 2016 correspondence (Dkt. 1561-2 at 170-71). But these letters are

---

Non-Compliance and, within thirty (30) calendar days of receipt of Defendants' written response, counsel for the parties shall meet and confer in a good faith effort to resolve their dispute informally." (Dkt. 1185 at 13).

[4] As detailed in Defendants' Motion to Stay and Request for a Status Conference, and acknowledged by the Court during the April 26, 2016 hearing, anecdotal instances of individual inmate care is irrelevant to whether Defendants are complying with the Stipulation. (Dkt. 1549). Moreover, since the Stipulation was signed, Plaintiffs have sent Defendants over 135 letters regarding individual inmate care. Certainly, each of these are not notices of substantial non-compliance, none resulted in a meet-and-confer, and none were mediated before Judge Buttrick. (Dkt. 1185 at ¶¶ 30-31).

[5] Page 95 is a citation to an individual inmate care letter, not a notice of substantial non-compliance. As discussed in Footnote 1, this does not constitute a notice of substantial non-compliance and there was no meet-and-confer as a result. Regardless, page 95 does not allege Defendants are substantially non-compliant with PM 51, and instead only references it in relation to a specific inmate's care. (Dkt. 1561-1 at 95).

4

more of the myriad of letters Plaintiffs have sent Defendants regarding individual instances of health care treatment. Even if these letters were notices of non-compliance (they are not), none allege Defendants are substantially non-compliant with PM 51, and instead allege only that particular inmates' records, at some point, did not conform to the measure's requirements. This is not notice of substantial non-compliance.

### E. Performance Measure 77

As with PM 50 and 51, Plaintiffs' Motion to Enforce does not allege substantial non-compliance with this measure, only that particular inmates' records did not meet the requirements of the measure during a certain time. This measure is not properly before the Court. Even if this measure was included in Plaintiffs' Motion to Enforce, Plaintiffs failed to provide Defendants with notice that it is in substantial non-compliance.

Plaintiffs claim notice was provided in their October 15, 2015 correspondence. (Dkt. 1561-2 at 40-56). But none of these pages allege Defendants are substantially non-compliant with PM 77. They allege only that particular inmates' records, during an isolated period, reveal they did not receive what the measure requires. For the reasons discussed above, this did not provide Defendants with notice that Plaintiffs believed PM 77 was in substantial non-compliance.

### F. Performance Measure 80

Plaintiffs claim notice was provided in their August 28, 2015 (Dkt. 1561-1 at 58) and October 15, 2015 correspondence. (Dkt. 1561-2 at 4, 47-51, 53-56). But Plaintiffs' August 28, 2015 does not allege that PM 80 is in substantial non-compliance. Instead, it complains about the way in which Defendants monitor PM 80. As Defendants explained to the Court during the April 26, 2016 hearing, this is not notice that the measure is substantially non-compliant.[6] Similarly, Plaintiffs' October 15, 2015 letter does not provide Defendants with notice that PM 80 is substantially non-compliant. Instead, it complains about the way in which this measure is monitored and that individual inmates'

---

[6] Additionally, as the parties have advised the Court, they have been working together to create a monitoring manual.

5

1  records, at one point, did not comply with this measure's requirements. This is not notice
2  that this measure is substantially non-compliant with the Stipulation.

### G. Performance Measure 81

Plaintiffs allege notice was provided in their August 28, 2015 (Dkt. 1561-1 at 58) and October 15, 2015 (Dkt. 1561-2 at 4, 48 – 49, 51-56) correspondence. Plaintiffs' August 28, 2015 letter does not provide Defendants with notice that PM 81 is in substantial non-compliance. Instead, as with PM 80, it complains about the way in which Defendants monitor PM 81. Similarly, Plaintiffs' October 15, 2015 correspondence did not provide Defendants with notice that PM 81 is allegedly substantially non-compliant. Instead, it complains that individual inmates' records did not comply with PM 81. This is not notice that this measure is allegedly substantially non-compliant with the Stipulation.

### H. Performance Measure 87

As with PM 50, 51, and 77, Plaintiffs' Motion to Enforce does not allege substantial non-compliance with this measure, only that particular inmates' records did not comply with the requirements of the measure during a certain time. This measure is not properly before the Court. Even if this measure was included in Plaintiffs' Motion to Enforce, Plaintiffs failed to provide Defendants with notice that it is in substantial non-compliance.

Plaintiffs allege notice was provided in their October 15, 2015 correspondence. (Dkt. 1561-2 at 4, 50). But neither of these pages allege Defendants are in substantial non-compliance with PM 87. Instead, they complain of the way in which Defendants monitor all mental health measures (not even PM 87 specifically), and that one inmate's health care record, at one time, did not comport with the requirements of PM 87. This is not notice that this measure is allegedly substantially non-compliant with the Stipulation.

### I. Performance Measure 88

As with PM 50, 51, 77, and 87, Plaintiffs' Motion to Enforce does not allege substantial non-compliance with this measure, only that particular inmates' records did not conform with the requirements of the measure during a certain time. This measure is

6

1  not properly before the Court. Even if this measure was included in Plaintiffs' Motion to
2  Enforce, Plaintiffs failed to provide Defendants with notice that it is in substantial non-
3  compliance.

4  Plaintiffs allege notice was provided in Plaintiffs' October 15, 2015
5  correspondence. (Dkt. 1561-2 at 4). But Page 4 complains of the way in which
6  Defendants monitor all mental health measures (not even PM 88 specifically) and does
7  not allege it is in substantial noncompliance. This is not notice that this measure is
8  allegedly substantially non-compliant with the Stipulation.

9  **J.   Performance Measure 94**

10  Plaintiffs claim they provided Defendants with notice in their September 21, 2015
11  (Dkt. 1561-2 at 116) October 15, 2015 (Dkt. 1561-2 at 4, 49), and February 16, 2016
12  correspondence (Dkt. 1561-2 at 171). The citations to Plaintiffs' October 15, 2015
13  correspondence complain only of the way in which Defendants monitor PM 94 and that
14  one inmate's health care record did not comply with PM 94 during an isolated period.
15  Plaintiffs' September and February correspondence are not notices of non-compliance, for
16  the reasons discussed in Footnote 1, and instead are more of the myriad of letters Plaintiffs
17  have sent Defendants regarding individual instances of health care treatment. Even if
18  these letters were notices of non-compliance (they are not), none allege Defendants are
19  substantially non-compliant with PM 94, and instead allege only that particular inmates'
20  records, at some point, did not conform to the measure's requirements.

21  **III.   CONCLUSION**

22  Plaintiffs failed to abide by the steps outlined in the Stipulation for any of the
23  twenty-three measures cited in their Motion to Enforce. As such, these measures are
24  prematurely before the Court.

25  / / /
26  / / /
27  / / /
28  / / /

DATED this 10th day of May 2016.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Daniel P. Struck
　　Daniel P. Struck
　　Kathleen L. Wieneke
　　Rachel Love
　　Timothy J. Bojanowski
　　Nicholas D. Acedo
　　Ashlee B. Fletcher
　　Anne M. Orcutt
　　Jacob B. Lee
　　STRUCK WIENEKE & LOVE, P.L.C.
　　3100 West Ray Road, Suite 300
　　Chandler, Arizona  85226

　　Arizona Attorney General Mark Brnovich
　　Office of the Attorney General
　　Michael E. Gottfried
　　Lucy M. Rand
　　Assistant Attorneys General
　　1275 W. Washington Street
　　Phoenix, Arizona 85007-2926

　　*Attorneys for Defendants*

8

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| James Duff Lyall: | jlyall@acluaz.org; gtorres@acluaz.org |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck