UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-NVW <br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION** |

After considering the arguments of counsel, the evidence submitted, and the record in this case and good cause appearing, the Court hereby grants Plaintiffs' Motion to Enforce the Stipulation. Pursuant to the parties' Stipulation [Doc. 1185 at 36], the Court issues the following relief:

1.  Defendants shall within forty-five (45) days of this Order file a plan to increase medical and mental health staff within ADC to levels reasonably designed to achieve 80% compliance in 2016 and 85% compliance in subsequent years with

Performance Measures 11, 13, 14, 27, 29, 37, 39, 46, 47, 54, 66, 77, 80, 81, 85, 87, 88, 92, 93, 94, and 98.

2. Defendants' plan shall include the following items:

a. A description of the steps Defendants will take to reduce the vacancy rate to no more than 10% for physicians, nurse practitioners, physician's assistants, registered nurses, licensed practical nurses, psychiatrists, mental health nurse practitioners, psychologists, mental health nurses and psychological associates. These steps must be in addition to those currently being employed by ADC and Corizon. Defendants must consider increasing the compensation for these health care workers and submit evidence sufficient to demonstrate that the proposed compensation is adequate in the relevant geographic regions to attract adequate numbers of health care staff.

b. A description of the steps Defendants will take to contract with medical specialists so that prisoners approved for specialty appointments are seen by the specialist within time frames set forth in Performance Measure Nos. 50 and 51.

c. The name and qualifications of an independent consultant, approved by both parties, with appropriate expertise to make recommendations for staffing levels necessary to meet the performance measures set forth in paragraph 1, above. The consultant shall provide a report to all parties within 120 days from the approval by the Court of Defendants' plan.

d. Defendants shall implement the consultants' staffing recommendations unless the Court approves another equally effective remedy.

e. The resulting staffing levels shall be subject to periodic adjustments through well-defined outcome studies with pre-set targets.

3. Plaintiffs shall file objections, if any, to Defendants' plan within 30 days of filing with the Court.

1  4. Upon receipt of Defendants' plan and any objections, the Court shall
2  determine whether to approve the plan in full or with any necessary modifications.
3  The Court finds that the relief ordered herein is narrowly drawn, extends no further
4  than necessary to correct the violation of federal rights, and is the least intrusive means
5  necessary to correct the violation of the federal rights.
6  IT IS SO ORDERED.