Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: dpochoda@acluaz.org
          jlyall@acluaz.org
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia
Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith,
Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner,
Joshua Polson, and Charlotte Wells, on behalf of themselves and all
others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
          adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' REPLY RE: PLAINTIFFS' CITATION SUMMARY OF NOTICE OF SUBSTANTIAL NONCOMPLIANCE (DOC. 1562)** |

LEGAL131052407.1

Plaintiffs have provided the notice required by the Stipulation with respect to all of the areas of non-compliance and all of the Performance Measures discussed in Plaintiffs' Motion to Enforce the Stipulation (Doc. 1576).[1]  Accordingly, the Court should decide that Motion on the merits.

The Stipulation's notice requirement provides, in its entirety:

> In the event that counsel for Plaintiffs alleges that Defendants have failed to substantially comply in some significant respect with this Stipulation, Plaintiffs' counsel shall provide Defendants with a written statement describing the alleged non-compliance ("Notice of Substantial Non-Compliance").

[Doc. 1185, ¶ 30]  Plaintiffs' 86-page October 15, 2015 letter to Defendants was titled "Notice of Substantial Non-Compliance."  The header "Notice of Substantial Non-Compliance" appeared on every page, and the letter's first sentence read "Pursuant to Paragraph 30 of the parties' Stipulation, we write to notify you of Defendants' substantial non-compliance with the terms of the Stipulation."  The Notice contained the following passage:

> In the following pages, we identify the most critical elements to have a functional correctional health care delivery system. These include: timely access to competent health care services ("health care" = medical [including infirmary care], dental, and mental health care); a functional pharmacy and medication administration system; timely and competent management of chronic disease patients; and the use of specialty care, which includes incorporating the specialist's recommendations into the ongoing treatment plan.  For the measures relevant to these essential elements of a functional health care system, there is substantial noncompliance, with no identifiable trend towards improvement.

[Doc. 1561-2 at 21]  This notice by itself is adequate, as there is no requirement in the Stipulation that each and every Performance Measure must be specifically identified.

Nevertheless, in the October 15, 2015 Notice of Substantial Non-Compliance, Plaintiffs alleged Defendants' noncompliance with *each and every one* of the Performance Measures discussed in Plaintiffs' Motion to Enforce the Stipulation.  [*See* Doc. 1562-1;

---

[1]  With the exception of Performance Measures 27 and 29.  [*See* Doc. 1562 at 2]

Doc. 1561-2 at 49-56 (alleging noncompliance with Performance Measure 77 (referred to in the Notice of Substantial Non-Compliance as MH Measure 5) twenty-one times; with Performance Measure 80 (MH Measure 8) twenty-one times; and with Performance Measure 81 (MH Measure 9) twenty-one times)]  In a 144-page letter dated November 24, 2015, Defendants responded comprehensively to the allegations in Plaintiffs' Notice of October 15.[2]  Plaintiffs' October 15 Notice was attached as Exhibit 7 to Plaintiffs' Mediation Memorandum, which was served on Defendants and provided to Magistrate Judge Buttrick in advance of the March 1, 2016 mediation.  Accordingly, Plaintiffs have satisfied all of the prerequisites to filing the enforcement motion that is now before the Court.  [*See* Doc. 1185, ¶¶ 30-31]

Defendants' contention to the contrary is based on "requirements" of Defendants' own invention that simply do not appear in the Stipulation.  For example, Defendants complain that Plaintiffs' Notice of Substantial Non-Compliance fails to repeat the allegation of substantial non-compliance separately for each Performance Measure.  [*See, e.g.,* Doc. 1575 at 6 ("none of these pages allege Defendants are substantially noncompliant with PM 77")]  But such rote repetition is not required by the Stipulation, which requires only that Plaintiffs "provide Defendants with a written statement describing the alleged non-compliance."  Plaintiffs have done so with regard to all the areas of non-compliance and all Performance Measures discussed in Plaintiffs' Motion to Enforce the Stipulation.

Even if Plaintiffs had failed in some technical way to comply with the Stipulation's notice requirement—and they have not—it would not bar the Court's consideration of Plaintiffs' enforcement motion on the merits.  It is settled law that technical noncompliance with a contractual notice requirement is excused when the opposing party has received actual notice.  *See, e.g., New Pueblo Constructors, Inc. v. State*, 696 P.2d 185, 191 (Ariz. 1985) (noncompliance with contractual notice requirement excused where

---

[2] Defendants' November 24 letter has not been filed with the Court, but Plaintiffs will do so upon request.

1    opposing party had actual notice and "no prejudice is shown by the lack of formal
2    notice"); *Chaney Bldg. Co. v. Sunnyside Sch. Dist. No. 12*, 709 P.2d 904, 907 (Ariz. Ct.
3    App. 1985) (compliance with a seven-day notice requirement in a construction contract
4    was "duplicitous [sic] and unnecessary" where opposing party had actual notice of the
5    construction delays); *Ariz. Title Ins. & Trust Co. v. Pace*, 445 P.2d 471, 473 (Ariz. Ct.
6    App. 1968) (plaintiff's claim not barred by failure to comply with a notice provision in
7    insurance contract, where defendant had actual notice of the loss).   Given the frequency
8    and detail with which Plaintiffs have repeatedly informed Defendants of their
9    noncompliance (*see* Doc. 1562-1), Defendants cannot plausibly claim that they lack actual
10   notice that Plaintiffs allege them to be substantially noncompliant with the Performance
11   Measures discussed in Plaintiffs' enforcement motion.   Nor can they establish prejudice
12   from any alleged defect in the notice provided.

13   Dated:  May 17, 2016                          **ACLU NATIONAL PRISON PROJECT**

14

15                                                By:   s/ David C. Fathi
                                                      David C. Fathi (Wash. 24893)*
16                                                    Amy Fettig (D.C. 484883)**
                                                      Jamelia Natasha Morgan (N.Y.
17                                                    5351176)**
                                                      915 15th Street N.W., 7th Floor
18                                                    Washington, D.C. 20005
                                                      Telephone:  (202) 548-6603
19                                                    Email:    dfathi@npp-aclu.org
                                                                afettig@npp-aclu.org
20                                                              jmorgan@aclu.org

21                                                   *Admitted *pro hac vice*.  Not admitted
                                                      in DC; practice limited to federal
22                                                    courts.
                                                     **Admitted *pro hac vice*

23                                                   Daniel C. Barr (Bar No. 010149)
                                                     Amelia M. Gerlicher (Bar No. 023966)
24                                                   John H. Gray (Bar No. 028107)
                                                     **PERKINS COIE LLP**
25                                                   2901 N. Central Avenue, Suite 2000
                                                     Phoenix, Arizona 85012
26                                                   Telephone:  (602) 351-8000
                                                     Email:    dbarr@perkinscoie.com
27                                                              agerlicher@perkinscoie.com
                                                              jhgray@perkinscoie.com
28

Daniel Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)*
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    dpochoda@acluaz.org
          jlyall@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com

*Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com
          aamiri@jonesday.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:    kirstin@eidenbachlaw.com

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:    jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;*
*Stephen Swartz; Sonia Rodriguez; Christina*
*Verduzco; Jackie Thomas; Jeremy Smith;*
*Robert Gamez; Maryanne Chisholm;*
*Desiree Licci; Joseph Hefner; Joshua*
*Polson; and Charlotte Wells, on behalf of*
*themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY**
**LAW**


By:   s/ Sarah Kader
        Sarah Kader (Bar No. 027147)
        Asim Dietrich (Bar No. 027927)
        5025 East Washington Street, Suite 202
        Phoenix, Arizona 85034
        Telephone:  (602) 274-6287
        Email:    skader@azdisabilitylaw.org
                     adietrich@azdisabilitylaw.org

        Rose A. Daly-Rooney (Bar No. 015690)
        J.J. Rico (Bar No. 021292)
        Jessica Jansepar Ross (Bar No. 030553)
        **ARIZONA CENTER FOR**
        **DISABILITY LAW**
        177 North Church Avenue, Suite 800
        Tucson, Arizona 85701
        Telephone:  (520) 327-9547
        Email:
          rdalyrooney@azdisabilitylaw.org
               jrico@azdisabilitylaw.org
               jross@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability*
*Law*

1

**CERTIFICATE OF SERVICE**

2   I hereby certify that on May 17, 2016, I electronically transmitted the above

3   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4   Notice of Electronic Filing to the following CM/ECF registrants:

5

6   Michael E. Gottfried
    Lucy M. Rand
7   Assistant Arizona Attorneys General
    Michael.Gottfried@azag.gov
8   Lucy.Rand@azag.gov

9   Daniel P. Struck
    Kathleen L. Wieneke
10  Rachel Love
    Timothy J. Bojanowski
11  Nicholas D. Acedo
    Ashlee B. Fletcher
12  Anne M. Orcutt
    Jacob B. Lee
13  STRUCK WIENEKE, & LOVE, P.L.C.
    dstruck@swlfirm.com
14  kwieneke@swlfirm.com
    rlove@swlfirm.com
15  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
16  afletcher@swlfirm.com
    aorcutt@swlfirm.com
17  jlee@swlfirm.com

18  *Attorneys for Defendants*

19

                                      s/ D. Freouf
20

21

22

23

24

25

26

27

28

LEGAL131052407.1                    -6-