# EXHIBIT 3



**OFFICE OF THE ARIZONA ATTORNEY GENERAL**

MARK BRNOVICH
ATTORNEY GENERAL

STATE GOVERNMENT DIVISION
LIABILITY MANAGEMENT SECTION

LUCY M. RAND
ASSISTANT ATTORNEY GENERAL
DIRECT LINE: (602) 542-7683
EMAIL: Lucy.Rand@azag.gov

March 22, 2016

**VIA E-MAIL ONLY:**

David C. Fathi
ACLU National Prison Project
915 15th Street, NW, 7th Floor
Washington, DC 20005-2112
DFathi@aclu.org

Re:   **Plaintiffs' March 14, 2016, Letter Regarding Production Documents**
      *PARSONS, et al. v. RYAN, et al., USDC CV12-00601-DKD*

Dear David:

This letter responds to Plaintiffs' March 14, 2016 letter and Appendix A in which Plaintiffs request a "date certain" for production of documents.

    **A.**    **Medical Records for Class Members**

These documents already have been produced. As you know, Plaintiffs' January and February requests for medical records incorrectly categorized and exceeded the number of medical records Plaintiffs are permitted to request pursuant to the Stipulation. On January 19, 2016, Defendants notified Plaintiffs of this error and asked Plaintiffs' to correct this. Plaintiffs did not respond. On February 1, 2016, Defendants again notified Plaintiffs of this error and advised that Defendants would be unable to timely produce medical records due to Plaintiffs' delayed response. Again, Plaintiffs did not respond. When the Plaintiffs were on the Yuma site visits, Defendants asked Plaintiffs a third time to correct their requests and Plaintiffs finally responded. Accordingly, the medical records requested on January 15, 2016 were produced as soon as practicable, on March 15, 2016, after receiving Plaintiffs' response.



#4969408

David Fathi
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
March 22, 2016
Page 2

B. **Deceased Inmate Medical Records:**

Mortality reviews are dependent upon receipt of county medical examiners' reports, as Plaintiffs well know. Consequently, Defendants cannot provide a date certain for production of the mortality reviews and will produce the documents as they become available.

Defendants have already produced the following inmate mortality reviews:



, ADC #       , produced on 01/08/16
, ADC #       , produced on 02/16/16
, ADC #       , produced on 02/16/16
, ADC #       , produced on 02/16/16
, ADC #       , produced on 03/15/16
, ADC #       , produced on 03/15/16
, ADC #       , produced on 03/15/16
, ADC #       , produced on 03/15/16

C. **Mental Health Statistics** - The number of ADC Prisoners (excluding those at private prisons) in each of the following mental health categories and, within each category, the number prescribed psychotropic medications: MH-1, MH-2, MH-3A, MH-3B, MH-3C, MH-3D, MH-4, MH-5, SMI:

Defendants previously objected to this request on the basis that no single report can provide this information and Defendants are not required to create documentation. Defendants also object to the term "psychotropic medications" because it is ambiguous. Psychiatric medications can be used for various medical and mental health purposes, e.g., Neurontin is used to treat seizures, diabetic neuropathy, and as a mood stabilizer. Determining the uses for each medication prescribed to each inmate would be unduly burdensome and would require a review of every inmate's medical record. Additionally, inmates prescribed more than one psychiatric medication would need to be "de-duped". Plaintiffs also have not identified the performance measure that requires these numbers.

Nevertheless, Defendants provide the following figures as of 2/29/16:

| Mental Health Category / Subcode | Number of Inmates |
|---|---|
| MH-1 | 15,157 |
| MH-2 | 9,702 |
| MH-3 | 1 |
| MH-3A | 1,662 |
| MH-3B | 4,579 |
| MH-3C | 963 |

David Fathi
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
March 22, 2016
Page 3

| Mental Health Category / Subcode | Number of Inmates |
|---|---|
| MH-3D | 2,457 |
| MH-4 | 409 |
| MH-5 | 67 |
| **Total Inmates:** | **34,997** |
| Inmates not yet assigned a mental health category | 16 |
| Number of SMI Inmates | 1,781 |

    D.    **Weekly Staffing Schedules**:

Plaintiffs believe the weekly staffing schedule for November 2015 for Tucson remain outstanding. Defendants produced these documents as ADCM387285-387314.

Plaintiffs believe the weekly staffing schedules for December 2015 for all complexes except Yuma remain outstanding. Defendants produced weekly staffing schedules for Florence, Douglas, and Eyman as ADCM387337-387349, and Lewis, Perryville, Phoenix, Safford, Tucson, and Winslow as ADCM387350-387434.

    E.    **Max Custody Documents**:

Plaintiffs believe the following maximum custody documents remain outstanding:

        Tucson – All notebooks
        Phoenix – All notebooks
        Lewis – All notebooks
        Perryville-SMA April, May, June, 2015
        Eyman-SMU November 2015
        Florence-Central & Kasson – March, April, August-December 2015

Defendants reiterate their position that Tucson Minors will not be monitored because DI 326 does not cover Tucson Minors, and these inmates require more time out of cell than the other max custody inmates.

Defendants did not agree to monitor all maximum custody performance measures at Phoenix, therefore, no "notebooks" exist. Defendants agreed to monitor MC PM #9 beginning in August 2015, and Defendants produced August 2015 as ADCM387435-

David Fathi
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
March 22, 2016
Page 4

387436; and September 2015 as ADCM387545-387594.  Defendants should be able to produce the remainder

    Prior to November 2015, Lewis only monitored for SMI use of force.  Defendants produced April 2015 as ADCM173560-173571 (■); May 2015 as ADCM173572-173580 (■); June 2015 as ADCM173581-173590 (■); July 2015 as ADCM387471; August 2015 as ADCM387472-387544; October 2015 as ADCM3874737-387470.  Beginning November 2015, Defendants agreed to begin monitoring Lewis for all max custody performance measures, therefore, prior to that time, no "notebooks" exist.

    Perryville SMA was partially produced for May 2015 as ADCM037590-037593 (Activity Schedules), ADCM037896-037939 (Overview and Tracking Sheets), ADCM037994-038023 (Attendance and Sign-in Sheets).  I received digital files containing Perryville's max custody documents; however, they are corrupt and must be provided again.  It is uncertain when Defendants will be able to produce these documents.

    The remaining documents Defendants must redact.  Defendants will produce the documents on a rolling basis, and hopes to provide the documents by April 13, 2016.

    **F.**    **CGAR and CAPs:**

    Plaintiffs believe the following CGARs and CAPs remain outstanding:

> September-December 2015, January 2015 [sic] CAPs
> January 2015 [sic] CGARs

    Defendants produced January 2016 CGARs as ADCM386901-387284.

    Defendants hope to provide CAPs by April 18, 2016.  It appears that some of the CAPs have not changed since they were initially produced.  Due to the amount of formatting required to produce viewable reports, Defendants will only produce CAPs that have changed since their initial production in the CGARs.

David Fathi
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
March 22, 2016
Page 5

    In closing, Defendants hope to provide all documentation to which Plaintiffs are entitled to receive by April 18, 2016. This "date certain" assumes that Plaintiffs do not request other documentation to be prioritized over the production of these documents.

                                    Sincerely,

                                    Lucy M. Rand,
                                    Assistant Attorney General

LMR/hs

cc:    Brad Keogh
        Dawn Northup
        Michael Gottfried
        Timothy Bojanowski