# Index of Exhibits to Declaration
## of David C. Fathi

**Exhibit 1**   Excerpts from the Arizona Department of Corrections Mental Health Technical Manual dated April 18, 2014

**Exhibit 2**   Excerpts from the Arizona Department of Corrections Mental Health Technical Manual dated June 18, 2015

**Exhibit 3**   Letter dated March 22, 2016 from Defendants' counsel Lucy Rand to David Fathi

# EXHIBIT 1

ADC Mental Health Technical Manual - Revised 4/18/14                                1
Appendix G of the Health Service Technical Manual



# Arizona Department of Corrections

# Appendix G of the Health Services Technical Manual

# Revised April 18, 2014

ADC Mental Health Technical Manual - Revised 4/18/14 25
Appendix G of the Health Service Technical Manual

- 1.3.2.3 **Category C:** Inmates who need infrequent intervention and have adequate coping skills to manage their mental illness effectively and independently. (Example: An inmate with a general mood or anxiety disorder who has learned to manage their symptoms effectively through the use of medication and infrequent contact with mental health staff.) Category C Inmates shall be seen at a minimum every one hundred and eighty (180) days by P/PNP. Category C Inmates shall by seen by a mental health clinician by HNR or upon referral. If an inmate is determined to be in this category, the mental health clinician must include a detailed note indicating the justification for the C Category. No inmate currently placed in detention or Maximum Custody shall be classified as 3C.

- 1.3.2.4 **Category D:** Inmates who have been recently taken off of psychotropic medications require follow up to ensure stability over time. Inmates shall be seen at a minimum every ninety (90) days by a mental health clinician (or every thirty (30) days if in detention or Maximum Custody), for at least a six (6) month period. At which time, if the inmate demonstrates sufficient stability, the MH score may be changed to an MH-2.

1.3.3 Individual sessions by mental health clinicians will not be conducted at the inmate's cell front, and will be conducted in a private, confidential setting.

1.3.4 A new treatment plan is developed for all categories upon their arrival at their receiving facility. If a treatment plan already exists, then it will be updated upon their arrival.

- 1.3.4.1 This treatment plan will be updated at a minimum of every twelve (12) months, or as the inmate's condition warrants. Refer to 1.6 of this section regarding treatment plan updates for SMI inmates.

1.3.5 A Mental Health Treatment Staffing will occur as clinically indicated, and will be documented on a staffing note (Form #1103-69).

1.3.6 Any inmate who engages in self-harm gestures/attempts will be made a MH-3 until stability is demonstrated to be reduced to a MH-2.

- 1.3.6.1 If an inmate requires being placed on watch, but there was no actual self-harm event, then the clinician shall write a detailed note indicating the reasons the MH score was not increased to MH-3.

1.3.7 If housed in segregated housing, all mental health inmates will receive mental health contacts a minimum of once every thirty (30) days, or more

# EXHIBIT 2



Arizona Department of Corrections

Appendix G of the Health Services
Technical Manual

Revised June 18, 2015

ADC Mental Health Technical Manual - Revised 6/18/15           24
Appendix G of the Health Service Technical Manual

    1.3.2.2.1  If the inmate is diagnosed with a psychotic disorder, Bipolar Disorder, or Major Depressive Disorder, then he or she shall be seen every ninety (90) days by a P/PNP.

    1.3.2.2.2  If an inmate is newly placed on medications, then the P/PNP shall ensure that the MH score is an MH-3B or 3A (or MH-4 or MH-5 if appropriate).

1.3.2.3 **Category C:** Inmates who need infrequent intervention and have adequate coping skills to manage their mental illness effectively and independently through the use of psychotropic medications only. (Example: An inmate with a general mood or anxiety disorder who has learned to manage their symptoms effectively through the use of medication and infrequent contact with mental health clinicians.) Category C Inmates shall be seen at a minimum every one hundred and eighty (180) days by P/PNP.  Category C Inmates shall by seen by a mental health clinician by HNR or upon referral.  If an inmate is requesting to be in this category, the mental health clinician shall see the inmate in a face-to-face session, document in a SOAPE note and include a detailed justification for the C Category.  No inmate currently placed in detention or Maximum Custody shall be classified as 3C.

    1.3.2.3.1  The P/PNP who discontinues all of the inmate's medications shall change the mental health score immediately to MH-3D and communicate this change to the mental health clinician assigned to the unit.

1.3.2.4 **Category D:**  Inmates who have been recently taken off of psychotropic medications require follow up to ensure stability over time.  Inmates shall be seen at a minimum every ninety (90) days by a mental health clinician (or every thirty (30) days if in detention or Maximum Custody), for at least a six (6) month period.  At which time, if the inmate demonstrates sufficient stability, the MH score may be changed to an MH-2.

    1.3.2.4.1  Inmates who have been discontinued from all of their medications shall be seen by a P/PNP within thirty (30) days.

    1.3.2.4.2  If the inmate was an MH-3C prior to all of the medications being discontinued, then the mental health clinician has ninety (90) days after the discontinuation for the first required follow-up.

# EXHIBIT 3



**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
**STATE GOVERNMENT DIVISION**
**LIABILITY MANAGEMENT SECTION**

MARK BRNOVICH
ATTORNEY GENERAL

LUCY M. RAND
ASSISTANT ATTORNEY GENERAL
DIRECT LINE: (602) 542-7683
EMAIL: Lucy.Rand@azag.gov

March 22, 2016

**VIA E-MAIL ONLY:**

David C. Fathi
ACLU National Prison Project
915 15th Street, NW, 7th Floor
Washington, DC 20005-2112
DFathi@aclu.org

Re:   **Plaintiffs' March 14, 2016, Letter Regarding Production Documents**
       *PARSONS, et al. v. RYAN, et al., USDC CV12-00601-DKD*

Dear David:

This letter responds to Plaintiffs' March 14, 2016 letter and Appendix A in which Plaintiffs request a "date certain" for production of documents.

A.   **Medical Records for Class Members**

These documents already have been produced. As you know, Plaintiffs' January and February requests for medical records incorrectly categorized and exceeded the number of medical records Plaintiffs are permitted to request pursuant to the Stipulation. On January 19, 2016, Defendants notified Plaintiffs of this error and asked Plaintiffs' to correct this. Plaintiffs did not respond. On February 1, 2016, Defendants again notified Plaintiffs of this error and advised that Defendants would be unable to timely produce medical records due to Plaintiffs' delayed response. Again, Plaintiffs did not respond. When the Plaintiffs were on the Yuma site visits, Defendants asked Plaintiffs a third time to correct their requests and Plaintiffs finally responded. Accordingly, the medical records requested on January 15, 2016 were produced as soon as practicable, on March 15, 2016, after receiving Plaintiffs' response.



#4969408

1275 W. WASHINGTON, PHOENIX, ARIZONA 85007-2926 ● PHONE: 602-542-1610 ● FAX: 602-542-7670

David Fathi
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
March 22, 2016
Page 2

B.  **Deceased Inmate Medical Records:**

Mortality reviews are dependent upon receipt of county medical examiners' reports, as Plaintiffs well know. Consequently, Defendants cannot provide a date certain for production of the mortality reviews and will produce the documents as they become available.

Defendants have already produced the following inmate mortality reviews:



, ADC #      , produced on 01/08/16
, ADC #      , produced on 02/16/16
, ADC #      , produced on 02/16/16
, ADC #      , produced on 02/16/16
, ADC #      , produced on 03/15/16
, ADC #      , produced on 03/15/16
, ADC #      , produced on 03/15/16
, ADC #      , produced on 03/15/16

C.  **Mental Health Statistics** - The number of ADC Prisoners (excluding those at private prisons) in each of the following mental health categories and, within each category, the number prescribed psychotropic medications: MH-1, MH-2, MH-3A, MH-3B, MH-3C, MH-3D, MH-4, MH-5, SMI:

Defendants previously objected to this request on the basis that no single report can provide this information and Defendants are not required to create documentation. Defendants also object to the term "psychotropic medications" because it is ambiguous. Psychiatric medications can be used for various medical and mental health purposes, e.g., Neurontin is used to treat seizures, diabetic neuropathy, and as a mood stabilizer. Determining the uses for each medication prescribed to each inmate would be unduly burdensome and would require a review of every inmate's medical record. Additionally, inmates prescribed more than one psychiatric medication would need to be "de-duped". Plaintiffs also have not identified the performance measure that requires these numbers.

Nevertheless, Defendants provide the following figures as of 2/29/16:

| Mental Health Category / Subcode | Number of Inmates |
|---|---|
| MH-1 | 15,157 |
| MH-2 | 9,702 |
| MH-3 | 1 |
| MH-3A | 1,662 |
| MH-3B | 4,579 |
| MH-3C | 963 |

David Fathi
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
March 22, 2016
Page 3

| Mental Health Category / Subcode | Number of Inmates |
|---|---|
| MH-3D | 2,457 |
| MH-4 | 409 |
| MH-5 | 67 |
| **Total Inmates:** | **34,997** |
| Inmates not yet assigned a mental health category | 16 |
| Number of SMI Inmates | 1,781 |

D.   **Weekly Staffing Schedules:**

Plaintiffs believe the weekly staffing schedule for November 2015 for Tucson remain outstanding. Defendants produced these documents as ADCM387285-387314.

Plaintiffs believe the weekly staffing schedules for December 2015 for all complexes except Yuma remain outstanding. Defendants produced weekly staffing schedules for Florence, Douglas, and Eyman as ADCM387337-387349, and Lewis, Perryville, Phoenix, Safford, Tucson, and Winslow as ADCM387350-387434.

E.   **Max Custody Documents:**

Plaintiffs believe the following maximum custody documents remain outstanding:

> Tucson – All notebooks
> Phoenix – All notebooks
> Lewis – All notebooks
> Perryville-SMA April, May, June, 2015
> Eyman-SMU November 2015
> Florence-Central & Kasson – March, April, August-December 2015

Defendants reiterate their position that Tucson Minors will not be monitored because DI 326 does not cover Tucson Minors, and these inmates require more time out of cell than the other max custody inmates.

Defendants did not agree to monitor all maximum custody performance measures at Phoenix, therefore, no "notebooks" exist. Defendants agreed to monitor MC PM #9 beginning in August 2015, and Defendants produced August 2015 as ADCM387435-

David Fathi
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
March 22, 2016
Page 4

387436; and September 2015 as ADCM387545-387594.  Defendants should be able to produce the remainder

Prior to November 2015, Lewis only monitored for SMI use of force.  Defendants produced April 2015 as ADCM173560-173571 (    ); May 2015 as ADCM173572-173580 (    ); June 2015 as ADCM173581-173590 (    ); July 2015 as ADCM387471; August 2015 as ADCM387472-387544; October 2015 as ADCM3874737-387470.  Beginning November 2015, Defendants agreed to begin monitoring Lewis for all max custody performance measures, therefore, prior to that time, no "notebooks" exist.

Perryville SMA was partially produced for May 2015 as ADCM037590-037593 (Activity Schedules), ADCM037896-037939 (Overview and Tracking Sheets), ADCM037994-038023 (Attendance and Sign-in Sheets).  I received digital files containing Perryville's max custody documents; however, they are corrupt and must be provided again.  It is uncertain when Defendants will be able to produce these documents.

The remaining documents Defendants must redact.  Defendants will produce the documents on a rolling basis, and hopes to provide the documents by April 13, 2016.

**F.      CGAR and CAPs:**

Plaintiffs believe the following CGARs and CAPs remain outstanding:

> September-December 2015, January 2015 [sic] CAPs
> January 2015 [sic] CGARs

Defendants produced January 2016 CGARs as ADCM386901-387284.

Defendants hope to provide CAPs by April 18, 2016.  It appears that some of the CAPs have not changed since they were initially produced.  Due to the amount of formatting required to produce viewable reports, Defendants will only produce CAPs that have changed since their initial production in the CGARs.

David Fathi
***PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD**
March 22, 2016
Page 5

In closing, Defendants hope to provide all documentation to which Plaintiffs are entitled to receive by April 18, 2016. This "date certain" assumes that Plaintiffs do not request other documentation to be prioritized over the production of these documents.

Sincerely,

*Lucy M. Rand*

Lucy M. Rand,
Assistant Attorney General

LMR/hs

cc: Brad Keogh
Dawn Northup
Michael Gottfried
Timothy Bojanowski