FILED LODGED
Jul 18 2016
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRIC[T COURT]
DISTRICT OF ARIZON[A]

Victor Parsons, et al.,
Plaintiffs

v.

Charles L. Ryan, et al.,
Defendants

No: CV-12-00601-PHX-DJH

NOTICE TO THE COURT AS A MATTER OF RECORD

COMES NOW the Declarant, DOUGLAS D. YOKOIS, being a prisoner in the Special Management Unit I (SMU I) in the control and custody of the Arizona Department of Corrections (ADC) and therefore an unnamed party of the Plaintiff's class in the aforementioned captioned matter, and pursuant to 28 U.S.C. 1746, declares under penalty of perjury that the the following is true and correct.

Introduction. Your Declarant alleges that ever since the parties' Stipulation was signed, the Defendants have not made a good faith effort to comply with it. Your Declarant submits the following examples for the Court's review and consideration.

////

1. Your Declarant wishes to notify this Court that the Defendants have always been in substantial non-compliance with Measure #6 of Exhibit D, Maximum Custody Outcome Measures and have not taken any action to correct this problem.

2. On 02-17-14, your Declarant received notice from Defendant Ryan that his administrative remedy for non-medical inmate grievance case A38-096-014 was exhausted. This document is attached as Exhibit 1. In the Defendant's Appeal response, he claimed that "[t]he Administration at Central Office is aware of the problem and is working to correct it." As of the date of this notice, your Declarant is still unable to receive his step level's incentives vis-a-vis increased purchase limits through the Inmate Store.

3. Your Declarant wishes to notify this Court that the Defendants refuse to issue or allow the purchase and possession of weather-appropriate clothing such as jackets, knit caps, thermal underwear, and sunglasses in winter and ball caps/sunhats, and sunglasses in summer. This is despite being regularly subjected to up to 3 continuous hours of exposure to winter temperatures below 50° Fahrenheit and summer

temperatures above 90° Fahrenheit without adequate shelter.

4. On 04-20-16 your Declarant received his notice from Defendant Ryan that administrative remedy for non-medical inmate grievance case A38-030-016 was exhausted. This document is attached as Exhibit 2. In the Defendant's Appeal response he wrote: "Pursuant to Department Order 909, Attachment A, inmates housed in maximum security units are not permitted to possess state issue jackets. You do have the option to purchase a sweatshirt or long-sleeved T-shirt from the Inmate Store." The Defendant ignored your Declarant's statement in his First Level grievance appeal: "Policy has been restructured with the promuligation of D.I. 326 and the acceptance of the settlement agreement of Parsons v. Ryan. Not only this, but it has been long-established law that repeated and especially prolonged exposure to temperatures below 50°F or above 90°F is a violation of the U.S. Constitution's 8th Amendment prohibition against cruel and unusual punishment." See Gates v. Cook, 376 F.3d 323, 339-40 (5th Cir. 2004) (affirming finding of unconstitutional heat, requiring the provision of fans, ice water, and daily showers

when heat index is 90°F or higher); Dixon v. Godinez, 114 F.3d 640, 642-45 (7th Cir. 1997) ("...[P]risoners have a right to protection from extreme cold"; cold alone may violate the 8th Amendment; "severe discomfort" can be unconstitutional without imminently threatening health); Henderson v. DeRobertis, 940 F.2d 1055, 1059 (7th Cir. 1991) ("constitutional rights don't come and go with the weather"); Johnson v. Lewis, 217 F.3d 726, 734-35 (9th Cir. 2000); Palmer v. Johnson, 193 F.3d 346, 352-54 (5th Cir. 1999); Gordon v. Faber, 973 F.2d 686, 687-88 (8th Cir. 1992). Prisoners should be entitled to clothing that is "at least minimally adequate for the conditions under which they are confined." Benjamin v. Frasier, 161 F.Supp.2d 151, 178 (S.D.N.Y. 2001) affirmed in part, vacated and remanded in part on other grounds, 343 F.3d 35, 52 (2d Cir. 2003).

5. Your Declarant wishes to notify this Court that he has, from 12-07-15 until the filing date of this notice, filed 17 medical Inmate Grievance Procedure cases against the SMU I's contract medical provider and 2 different nurses for violating the community standard of health care as reprisals against him. Of those 17, 1 was a written emergency

grievance. The rest were routine. Not even one of these grievances were answered in a timely manner, in compliance with Health Care Outcome Measure #26. And further, in violation of the Stipulation's paragraph II.A.8., no clinician has ever been held accountable for these repeated violations of the community standard of health care here at the SMU-I.

6. To further underscore your Declarant's allegations against the Defendants, your Declarant submits Exhibits 3 and 4. These exhibits clearly show that the Defendants have done absolutely nothing to resolve the problem that your Declarant submitted a non-medical Inmate Grievance on, on 12-17-14, as case A38-096-014. This deliberate refusal to implement a cornerstone of the Settlement should be evidence enough of the Defendant's utter contempt for the rule of law in general and the authority of this honorable Court specifically.

SUMMARY

In this honorable Court's Order of 05-19-16, it is written that: "Plaintiffs have alleged that certain facilities were in substantial non-compliance with the parties' Stipulation ...."

Your Declarant hereby further alleges, per the documentary exhibits 1 through 4, inclusive, that it is the entire ADC, along with the Defendants, that are deliberately refusing to abide by the terms of the Stipulation in its entirety, based upon your Declarant's daily witness of events here at the SMU I by the Defendants. Further, your Declarant also alleges that the Defendants are deliberately acting in bad faith, complying with closely monitored measures while neglecting others. It appears to your Declarant that the Defendants are simply awaiting the end of the monitoring period so that they can resume business as usual: their corporate culture of callous disregard and deliberate indifference to inmates' serious medical needs and civil rights. This behavior is evidenced by "'repeated examples of negligent acts which disclose a pattern of conduct,...' or by showing 'systematic or gross deficiencies in staffing, facilities, equipment or procedures.'" French v. Owens, 77 F.2d 1250, 1254 (7th Cir. 1985) (medical care) (quoting Ramos v. Lamm, 639, F.2d 559, 575 (10th Cir. 1980)). French v. Owens was cited with apparent approval in Wilson v. Seiter, 501 U.S. 294, 310 n. 1, 111 S.Ct. 2321 (1991).

Your honor, your Declarant believes that the

only measures to ensure that the Defendants will comply with the Stipulation and the Court's Orders are that the Court find the Defendants in contempt of Court and impose meaningful sanctions against the Defendants, and to order that federal monitors be assigned to all ADC governed facilities with an open-ended monitoring period to correct the Defendant's refusals to obey the rule of Law and this honorable Court.

[signature] / 07-06-16

Douglas D. Yokois, Pro Se / Date signed

Declarant
ADC#240176
ASPC-EYMAN | SMU I | 1A37
P.O. Box 4000
Florence, AZ 85132

////

////

////

////

////

////

////

////

////

////

# CERTIFICATE OF SERVICE

Dear Clerk of the U.S. District Court, District of Arizona:

This Filer is an unamed Plaintiff in Parsons v. Ryan. Please copy forward this filing to all parties involved on my behalf.

Thank you,

[signature]

Douglas D. Yokois, Pro Se Plaintiff

U.S. District Court, District of Arizona — E-File original.

Plaintiffs/Counsel — E-File 1 copy.

Defendants/Counsel — E-File 1 copy.

////

////

////

////

////

////

////

# Exhibit 1




# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|---|---|---|---|---|---|
| 37 | Yokois | 240176 | A38096014 | Eyman | SMU I |

In your grievance filed at SMU I, you claim DI #326 Step Program permits you to purchase $100.00 at the Inmate Store. However, the Keefe computer system does not recognize the Step Program for maximum custody inmates and limits you to a $60.00 spending limit. Your resolution is to correct the problem.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. The Administration at Central Office is aware of the problem and is working to correct it. You are encouraged to be patient.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

Appeals Officer

FOR
Charles L. Ryan, Director

2/12/15
Date



"ØIncents"



WITNESSED BY Supporting Documentation

08:25 AM KEEFE COMMISSARY NETWORK SALES PAGE: 1 OF 1
01/23/2015 P. O BOX 17490, St Louis, MO 63178-7490 SHIP FROM: 325

NAME: YOKOIS, DOUGLAS D.
NUMBER: 240176
FACILITY NUMBER: 16406(28702P-001)
BLOCK: SMU E TIER: W01C CELL: 3178
FACILITY NAME: A S P EYMAN FLORENCE

CPR : 101610823
BEG FUND BAL: 2,671.74
ORDER DATE: 01/23/2015
ORDER: 4004617

13; c0; x4004617101610823; ; H04; D
13; c0; x133218; x; H04; D

2X

1 pen

| BAY | SEG | *ALIAS | QTY | UOM | DESCRIPTION | ITEM# | T | PRICE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| KA2 | | | | | | | | | |
| | | 0448 | 1 | EA | 25/CT PLAQUE REMOVER | 21036 | | 0.36 | 0.36 |
| | | 0473 | 1 | EA | ALEVE 24/CT | 22370 | | 4.79 | 4.79 |
| | | 0542 | 1 | PK | DENTAL FLOSSER/GUM STIM | 20538 | | 0.59 | 0.59 |
| | | 0845 | 3 | EA | FILE FOLDER | 2430 | | 0.05 | 0.15 |
| | | 2358 | 6 | EA | DIET ROOTBEER SODA | 10323 | | 1.19 | 7.14 |
| | | 2737 | 8 | EA | CHILI CHEESE FRITOS 2OZ | 10446 | | 0.69 | 5.52 |
| | | 3146 | 4 | EA | CHEESE CRACKERS | 718 | | 1.11 | 4.44 |
| | | 3585 | 3 | EA | JL REG SUMMER SAUSAGE | 9576 | | 2.28 | 6.84 |
| | | 4370 | 5 | EA | SMOKED ALMONDS | 6332 | | 1.05 | 5.25 |
| | | 4371 | 1 | EA | PISTACHIO KERNELS | 9489 | | 5.00 | 5.00 |
| | | 4687 | 1 | EA | POCKET FOLDER | 22671 | | 0.25 | 0.25 |
| | | ~~6173~~ | ~~3~~ | ~~EA~~ | ~~BC CHILI W/ BEANS~~ | ~~1711~~ | | ~~1.68~~ | ~~5.04~~ |
| | | 6427 | 6 | EA | CA JALAP CHEESE SQUEEZE | 2585 | | 0.30 | 1.80 |
| | | 6512 | 2 | EA | 6 OZ LA HOT SAUCE | 90 | | 0.75 | 1.50 |
| | | 6600 | 4 | EA | FLOUR TORTILLAS | 5070 | | 0.78 | 3.12 |
| | | 6628 | 1 | EA | C/A SLICED JALAPENO 12OZ | 355 | | 1.45 | 1.45 |
| | | 6700 | 2 | EA | SV REFRIED BEANS | 9783 | | 1.40 | 2.80 |
| | | ~~0847~~ | ~~V~~ | ~~EA~~ | ~~SECRTY PEN BLK INK REFI~~ | ~~824732~~ | | ~~0.03~~ | ~~0.03~~ |

REJECTED ITEMS

| ALIAS | QTY | DESCRIPTION | REASON |
|---|---|---|---|
| 0847 | 3 | SECRTY-PEN BLK INK REFIL | Exceeded Quantity |
| 4371 | 1 | PISTACHIO KERNELS | Exceeded Spending Group Li |
| 4976 | 1 | SKETCH PAD | Unauthorized Item |

!I=Invalid(NotOnMenu) B=Backordered C=Cancelled !
!N=NotAvailable/Sub S=Substituted V=NonInventory !

SUBTOTAL 56.07
SALES TAX 1.54
ORDER TOTAL 57.61

END FUND BAL 2,614.13

LIST ITEM# OF SHORTAGES AND/OR DAMAGES QTY CATEGORY/DESCRIPTION

SIGNED DATE 1/28 "Ø Incents"



~~Page 2 of 27~~

Supporting Documentation



# ARIZONA DEPARTMENT OF CORRECTIONS

## In-House Hobbycraft Application

| Inmate Name (Last, First M.I.) | | ADC Number |
|---|---|---|
| Yokois, Douglas D. | | 240176 |
| Facility/Unit | Room Number | Date |
| Eyman / SMU-1 | 2A17 | 01-07-15 |

**Hobbycraft Requested**

All hobbycraft that I am authorized to participate in at my current step level, step 3 incentives; As of now, Pencil Drawing and Origami. Thank you!

I agree to abide by all established procedures while in the Hobby Shop Program

Inmate Signature [signature] ADC Number 240176 Date 01-07-15

Step 3 phase ? *** FOR CO III/RECREATION STAFF ***

Inmate's Current Phase Level 1

| | |
|---|---|
| Any ending Disciplinary Violation(s) | ☐ Yes ☒ No |
| Any Major Disciplinary Violation(s) 6 Months Prior to Application | ☐ Yes ☒ No |
| Any Minor Disciplinary Violation(s) 6 Months Prior to Application | ☐ Yes ☒ No |
| Refused or Removed from a Program | ☐ Yes ☒ No |

☒ Approved ☐ Denied

**Comments**

Oragami + Pencl drawing

CO III/Recreation Staff Signature [signature] Date 1-9-15

Distribution:
Original - CO III/Recreation Staff File
Copy - Inmate
Copy - Inmate Property File

90.
4/7/11

ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Grievance Appeal**

*The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.*

*(To be completed by staff member initially receiving appeal)*

Received by: [signature]
Title: COII
Badge #: 17347
Date: 1-21-15

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Yokois, Douglas D. | 240176 | 01-21-15 |

| Institution | Case Number |
|---|---|
| Eyman/SMU-1 | A38-096-014 |

TO: Director Charles L. Ryan
1601 West Jefferson, Phoenix, Arizona, 85007

I am appealing the decision of Warden O'Neil, Eyman Complex, for the following reasons:

I very respectfully thank the Warden for his timely response to my first level appeal. However, he didn't solve my problem that I'm unable to enjoy the incentives of my current step level, step three (III), due to the undisputed fact that the SMU-1, the Eyman Complex, and the Department's Director having all failed to implement Director's Instruction 326 – Maximum Custody Population Management (D.I. 326), attachments on incentives, "F" through "L". The D.I. 326 took effect immediately upon its promulgation on 03-27-14, nearly ten (10) months, or 298 days ago. This is more than an adequate amount of —— (continued next page)

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| [signature] | 01-13-2015 | COIV J. Hernandez | 1-23-15 |

| Response To Inmate By: | Location |
|---|---|
| | |

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL: White & Canary - Grievance Coordinator
Pink - Inmate
FINAL: White - Inmate
Canary - Grievance File

802-3
7/13/09





"Excerpts"

**ARIZONA DEPARTMENT OF CORRECTIONS**

ADC

**Inmate Grievance - GF Supplement**

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Yokois, Douglas D. | 240176 | Eyman/SMU-1 | A38-096-014 |

(Continued from page 1) time to fully implement any changes needed to computer information systems and business processes necessary to allow me to be able to full enjoy and take advantage of the incentives I've earned at my current step level. The changes needed can be made at zero cost to the Department. Allow me to explicate what I mean: The incentives listed for a step III inmate in attachment "I" of D.I. 326 are all at zero cost to the SMU-1 with the exception of outdoor recreational activities. The facilities required for recreational activities have either already been built or are nearing completion here. This leaves the following zero or nearly zero cost incentives, which can be accomplished by the following solution, which though maybe not permanent, will be successful until permanent changes to computer information systems can be completed.

1. In order to allow purchase level increase at the inmate store, specifically, weekly and Christmas spending limit increases, and Securepak frequency limit increases, all that needs to be done is to use the existing Department Order 809 - Earned Incentive Program (D.O. 809 or E.I.P.) fields.

2. Phone, visitation blocks, library services, T.V. and Personal Property per Department Order 909 - Inmate Property, fundraisers, hobby craft, unrestrained escorts, and WIPP positions can all be accomodated at zero cost in this same way. Some of these are already being done despite the Warden's nebulous statement that there are "hurdles the department [sic] is working on." I'm sure that the Department faces "hurdles" every day in accomplishing its mission, and yet it and its employees seem to manage just fine, most of the time, that is. Rather it is more likely that the lack of results in these areas have more to do with a lack of motivation to enthusiastically embrace fully the changes mandated in D.I. 326.

3. I want my store limits immediately increased to step III levels, and to be able to receive a Securepak bi-monthly. I also want to immediately be given a full four (4) consecutive weeks of my step III Christmas spending limit of $160.00 per week as detailed in D.I. 326 attachment "I".

4. I am not attaching my original responses from (continued on next page)

| Signature | Date |
|---|---|
| [signature] | 01-12-2015 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File



INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Yokois, Douglas D. | 240176 | Eyman/SMU-I | A38-096-014 |

(Continued from page 2) A.D.W. Robinson or Warden O'Neil, as I can't obtain copies before the filing deadline for this appeal of five (5) workdays, on 01-19-15. I need to retain them for legal reasons. My CO III, CO III Francisco, has informed me in a written statement that there is nothing in policy that states that I need copies. Therefore, please direct all of your requests for copies of responses to the positions who are responsible for providing them under policy.

| Signature | Date |
|---|---|
| [signature] | 01-12-2015 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File



INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File



802-7
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter Response**

***For distribution: Copy of corresponding Inmate Letter must be attached to this response.***

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Yokois, Douglas | 240176 |

Institution/Unit
ASPC-E/SMU I

| From | Location |
|---|---|
| COIII J. Rieffer | ASPC-E/SMU I |

I am in receipt of your grievance appeal dated 1/12/2015.

Your grievance appeal in reference to A38-096-014 is returned as unprocessed for the following reason(s):

You failed to include the original grievance packet in its entirety. You neglected to include the decisions of the Deputy Warden and Warden. A Grievance Appeal cannot be properly processed and researched without all supporting and concluding documentation.

802.02 INFORMAL COMPLAINT RESOLUTION

1.1 Inmates shall attempt to resolve their complaints through informal means including, but not limited to, discussion with staff in the area most responsible for the complaint or through the submission of an Inmate Informal Complaint Resolution, Form 802-11.

1.2 In the event that an inmate is unable to resolve their complaint through informal means, he/she may submit an Informal Complaint on an Inmate Informal Complaint Resolution form, Form 802-11, to the Correctional Officer (CO) III in their respective unit. The Informal Complaint must be submitted within 10 workdays from the date of the action that caused the complaint. The inmate shall attach copies of all documentation to support his/her complaint.

802.03 FORMAL GRIEVANCE PROCESS

1.1 An inmate may file a Formal Grievance should he/she be unable to resolve their complaint informally. The inmate has five workdays from receipt of the response from the CO III to submit a Formal Grievance to the Grievance Coordinator using the Inmate Grievance, Form 802-1.

If you would like to review the policy (DO802) in its entirety, you may do so by requesting it through the Resource Library. Your new grievance can be processed when you have complied with Department Order 802.

End of response.

| Staff Signature | Date |
|---|---|
| [signature] | 01/12/2015 |

Distribution: Original - Central Office Master File
Copy - Inmate
Copy - Institutional File





916-2
5/13/10

"ØIncents"

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

*The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.*

*(To be completed by staff member initially receiving appeal)*

Received by: CHAMBERS
Title: CO II
Badge #: 11210
Date: 15 JAN 15

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| Yokois, Douglas D. | 246176 | 01-12-2015 |

| Institution | Case Number |
|---|---|
| Eyman / SMU-1 | UNPROCESSED ~~A32-016-014~~ |

TO: Director
1601 West Jefferson, Phoenix, Arizona 85007

I am appealing the decision of Warden O'Neil, Eyman Complex, for the following reasons:
I very respectfully thank the warden for his timely response to my first level appeal, However, He didn't solve my problem; that I'm unable to enjoy the incentives at my current step level, step three (III), due to the undisputed fact that the SMU-1, the Eyman Complex, and the Department's Director have all failed to implement Director's Instruction 326 - Maximum Custody Population Management (D.I. 326), Attachments on incentives, "F" through "L". The D.I. 326 was effective immediately upon its promulgation on 03-27-14, nearly ten (10) months ago or 288 days ago. This is more than an adequate amount of (continued next page)

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| [signature] | 01-12-2015 | [signature] | 1/13/15 |

| Response To Inmate By: | Location |
|---|---|
| | |

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL: White & Canary - Grievance Coordinator
Pink - Inmate
FINAL: White - Inmate
Canary - Grievance File

802-3
7/13/09





**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Yokois, Douglas D. | 240176 | Eyman/SMU-1 | A38-076-014 |

(Continued from page 1) time to fully implement any changes needed to computer information systems and business processes necessary to allow me to be able to fully enjoy and take advantage of the incentives I've earned at my current step level. The changes needed can be made at zero cost to the Department. Allow me to explain what I mean: The incentives listed for a step III inmate in attachment "I" of D.I. 326 are all at zero cost to the SMU-1 with the exception of outdoor recreational activities. The facilities required for recreational activities have either already been built or are nearing completion here. This leaves the following zero or nearly zero cost incentives, which can be accomplished by the following solution, which though maybe not permanent, will be successful until permanent changes to computer information systems can be completed.

1. In order to allow purchase level increase at the inmate store, specifically, weekly and Christmas spending limit increases, and Securepak frequency limit increases, all that needs to be done is to use the existing Department Order [illegible] Earned Incentive Program (D.O. 802 or EIP) fields.

2. Phone, visitation blocks, library services, TV, and Personal Property per Department Order 909 - Inmate Property, Fundraisers, hobby craft, unrestrained escorts, and WIPP positions can all be accommodated at zero cost in this same way. Some of these are already being done despite the Warden's nebulous statement that there are "hurdles the department [sic] is working on." I'm sure that the Department faces "hurdles" every day in accomplishing its mission, and yet it and its employees seem to manage just fine (most of the time, that is). Rather it is more likely that the lack of results in these areas have more to do with a lack of motivation to enthusiastically embrace fully the changes mandated in D.I. 326.

3. I want my store limits immediately increased to step III levels, and to be able to receive a Securepak bimonthly. I also want to immediately be given a full four (4) consecutive weeks of my step III Christmas spending limit of $160.00 per week as detailed in D.I. 326 attachment "I".

4. I am not attaching my original [illegible] form (continued next page)

| Signature | Date |
|---|---|
| [signature] | 01-12-2015 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File



INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
| --- | --- | --- | --- |
| Yokois, Douglas D. | 240176 | Eyman/SMU-1 | A38-016-014 |

(Continued from page 2) A.D.W. Robinson or Warden O'Neil, as I can't obtain copies before the filing deadline (for this appeal of five (5) workdays) on 01-15-15. I need to retain them for legal reasons. My COIII, CO III Francisco, has informed me in a written statement that there is nothing in policy that states that I need copies. Therefore, please direct all of your requests for copies of responses to the parties who are responsible for providing them under policy, whoever that might be.

Nothing further this page - [signature]

Signature [signature] | Date 01-12-2015

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File



INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

C-A-17

**ARIZONA DEPARTMENT OF CORRECTIONS**

***Please PRINT all information***

**Decision of Appeal**

Check One T: ☐ Disciplinary Appeal ☑ Grievance Appeal ☐ Maximum Custody Placement Appeal

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit | Case Number |
|---|---|---|---|
| Yokis | 240176 | A38 SMUI | A38-096-014 |

Your appeal in the above referenced case has been reviewed. The decision of the Warden/Deputy Warden/Administrator/ Hearing Officer is to:

☑ Uphold the findings ☐ Modify the penalties ☐ Remand to the Hearing Officer for re-hearing ☐ Dismiss

Findings and Conclusions:

I am in receipt of your inmate Grievance Appeal concerning DI326 Maximum Custody Management not being fully implemented. In your appeal you state that there is still a conflict between EIP and DI326 which causes you not receive the appropriate incentives.

You are asking that Keefe Store comply with DI326 steps and allow you to purchase the store.

After a review of the available information I concur with the ADW Robinsons response. At this time DI326 is in its early stages and there are some hurdles the department is working on. Currently they are researching the conflict between EIP phase levels and DI326 step levels. Keefe and Central Office are currently researching what program changes need to be completed. Your complaint has been forwarded to Central Office.

The unit level decision is upheld and your proposed resolution is denied.

This grievance is resolved. If you are not satisfied with this response you may submit an appeal to the Director within five (5) work days of the receipt.

| Warden/Deputy Warden/Administrator/Appeals Officer Signature | Date |
|---|---|
| [signature] | 1-5-15 |

**Inmate Received Copy of Decision of Appeal** *(Step I Only)*

| Delivering Officer's Name | Delivering Officer Signature | Date | Time |
|---|---|---|---|
| [handwritten name] | [signature] | 1-9-15 | |

Distribution: Coordinator to make two copies of form
Original to Master Record
File copy to Institutional File
Copy to Inmate

803-6
4/28/12

**ARIZONA DEPARTMENT OF CORRECTIO**

**Inmate Letter Response**

*For distribution: Copy of corresponding Inmate Letter must be attached to this response.*

| Inmate Name (Last, First M.I.) | ADC Number |
| --- | --- |
| Yokois` | 240176 |

Institution/Unit
ASPC Eyman - SMUI

| From | Location |
| --- | --- |
| COIII Francisco | 2A/D |

This is in response to your inmate letter dated 1 1-14 written to the ADW about the step program. DW Van Winkle has asked me to respond to your complaint on h ehalf. A copy will be forwarded to him.

You are complaining that the step program is no lowing you to order from Keefe based on your step, but rather on your phase. You are also complaining that you r not able to make phone calls in accordance with your step level. At this time the computer system has not been r ogrammed to acknowledge the step level for these automated services. You have already elevated this compl through the grievance process. Continue this issue through that process.

End of Response

Staff Signature

Date 1-2-15

Distribution: Original - Master Record File
Copy - Inmate

-21-

916-2
5/14/12

~~Page 12 of 27~~

"Ø Incents"

From The Desk Of:
J. Van Winkle, Deputy Warden

Date: Due:

☐ Warden ☐ Operations
☐ ADW ☐ Day Shift
☐ Captain ☐ Swing Shift
☐ CO IV ☐ Graveyard
☒ CO III Francisco ☐ Other

◊ See Me ◊ For Information Only
◊ Action Needed ◊ Copy & Distribute
◊ Prepare For My Signature ◊ OTHER:
◊ Respond Directly/cc: DW
◊ Delegate as Necessary

COMMENTS:
Response or complete response to inmate

*All router slips are tracked by AA II R. Cordova; therefore when a task is completed ensure the router slip is returned with the document.

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

*The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.*

*(To be completed by staff member initially receiving appeal)*

Received by: K. IRWIN
Title: C.O. II
Badge #: 1908
Date: 12-21-14

***PLEASE PRINT***

| Inmate's Name *(Last, First, M.I.)* | ADC No. | Date |
|---|---|---|
| Yokois, Douglas D. | 240176 | 12-20-14 |

| Institution | Case Number |
|---|---|
| Eyman / SMU-1 | A38-076-014 |

TO:
Warden O'Neil, Eyman Complex

I am appealing the decision of ADW Robinson, SMU-1, for the following reasons:

I very respectfully thank the ADW for his timely response to my grievance. However, he was unable to solve my problem: That the ADC, my complex, and my unit have all failed to make the necessary changes to their business processes and regulations in order to allow me to fully enjoy the incentives I've earned as a "step three" inmate under Director's Instruction 326 - Maximum Custody Population Management of 03-27-14 (D.I. 326). D.I. 326 has not been implemented at my unit, my institution, or ADC-wide, despite their having nine months in which to do so! Proposed Resolution: I have sent inmate letters (continued next page)

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| [signature] | 12-20-14 | [signature] | 12/22/14 |

| Response To Inmate By: | Location |
|---|---|
| | |

RECEIVED

DEC 22 2014

Warden's Office, ASPC - Eyman

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL: White & Canary - Grievance Coordinator
Pink - Inmate
FINAL: White - Inmate
Canary - Grievance File

802-3
7/13/09

~~Page 8 14 of 27~~





ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance - GF Supplement

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Yokois, Douglas D. | 240176 | Eyman/SMU-1 | A38-096-014 |

(Continued from page 1) to the Keefe contract employee at my unit's inmate store, my CO III, and my ADW for help; All were ignored. I've attempted to resolve my complaint informally without satisfactory results (see attached copies). My ADW was unable to resolve my formal grievance. Warden O'Neil, I'm hoping that you can. That my unit has not made the easiest and simplest changes, or nothing such as allowing me, a "step three" inmate, to be escorted unrestrained, even though I am in a wheelchair is emblematic of the maximal retributivist culture of SMU-1. As of the date of this appeal, I have been unable to avail myself of the full four week holiday spending limit increase that I should be allowed as incentive at my step level, not to mention that I have been held to the "step one", or minimum spending limit of $60.00 per week since my being elevated to "step two" in May of 2014.

Immediately and without further delays, the ADC, the Eyman complex, and the SMU-1 must fully comply with D.I. 326, allowing me to fully realize all of the incentives I've earned at my step level. Secondly, after you've managed to make the reconfigurations necessary to database, I want to be given my four consecutive weeks of my $160.00 "step three" inmate holiday spending limit. I also reserve my right to any and all damages that I may be entitled to due to the ADC's, the Eyman complex, and the SMU-1's cultural resistance to fully comply with D.I. 326.

| Signature | Date |
|---|---|
| [signature] | 12-20-14 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File



INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File



110 Tweets

802-7
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Yokois, Douglas | 240176 | ASPC-E/SMUI | A38-096-014 |

I am in receipt of your inmate grievance, case number #A38-096-014, in reference to DI326 as it relates to allowable store spending. It is your claim that you are unable to order the amount of store allowable per DI326 as the store ordering is still based solely on phase level, not steps.

Your proposed resolution is for DOC to comply with DI326 and ensure the ability for store ordering limits to be based on Step level for the Max Custody units.

I have investigated your claim and find that you are correct. The Keefe system has not yet been updated to allow for store ordering limits to be reflective of Step levels for the inmates in Max Custody. I have spoken to the Keefe store manager for Eyman Complex and she has advised that while the Step program is implemented statewide, the Keefe computer system does not yet register the difference between an Inmate's Phase v. Step level. This is an issue that cannot be handled at the Complex level and will require the upper management from Keefe to reconfigure the database from which the information is acquired. Based on the aforementioned information your proposed resolution is not able to be granted at this time.

Your grievance is not resolved. You have five (5) working days from the receipt of this response to appeal to the Warden.

| Signature | Date |
|---|---|
| [signature] | 12/18/14 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File



INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

*Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.*

| Received By P. Armendariz | |
|---|---|
| Title CO II | |
| Badge Number 4528 | Date 12-17-14 |

| Inmate Name (Last, First M.I.) | ADC Number | Date |
|---|---|---|
| Yokois, Douglas D. | 240176 | 12-17-14 |
| **Institution/Facility** | **Case Number** | |
| Eyman/SMU-I/2A17 | A38-096-014 | |

To: CO III Risso, SMU-I Grievance Coordinator

**Description of Grievance** *(To be completed by the inmate)*

The response by CO III Francisco to my informal complaint is unsatisfactory to me. Allow me to explicate: The CO III's suggestion in her answer to my informal complaint that I wait an additional month, when the ADC has failed to implement Director's Instruction 326 – Maximum Custody Population Management (D.I. 326) for over 8.5 months or 261 days after being promulgated on 03-27-14, and to lose my incentive as a step III of being allowed to spend $160.00 per week for 4 weeks during the Christmas holiday spending limit increase instead of $80.00 is unsatisfactory in the least. In addition, the CO III did not express the slightest interest or willingness to attempt to resolve why I have not been allowed to enjoy the other incentives at my step level. I believe that the ADC, Eyman Complex and SMU-I have displayed a wholesale contempt for the rule of law by not implementing this D.I. 326 as mandated by court order almost 4 months ago.

**Proposed Resolution** *(What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)*

I have sent inmate letters to the Keefe contract representative at the SMU-I inmate store, my CO III, and the ADW of SMU-I; All of which were ignored. Immediately and without further delays, the ADC must comply fully with all provisions of D.I. 326, and allow me to fully enjoy all of the incentives that I am eligible for under this important and necessary policy. You have had more than ample time to change your business processes and regulatory procedures to comply with D.I. 326.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| [signature] | 12-17-14 | CO IV G. Hernandez | 12-18-14 |

Action taken by ______________________ Documentation of Resolution or Attempts at Resolution.

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |



Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

~~Page 17 of 27~~

"ØInmate" 802-1 7/13/09

# KEEFE COMMISSARY NETWORK

ERROR IN SPENDING LIMITS for 12-5-14 Scan

***NORMAL STORE LIMITS***
Phase 1= $60
Phase 2= $80
Phase 3= $100
***SCAN DATE 12-5-14***
All Phases were left as above limits.

KEEFE BULLETIN

## *SCAN DATE 12-19-14 "ONLY"*

We raised limit by $20 per D.O.C for scan date 12-19-14
(Due to this was the amount you were shorted on 12-5-14)

**Phase 1= $60** should have been **$80** shorted **$20**
(Limit set for store date 12-19-14 $100)

**Phase 2= $80** should have been **$120** shorted **$40**
(Limit set for store date 12-19-14 $160)

**Phase 3= $100** should have been **$160** shorted **$60**
(Limit set for store date 12-19-14 $220)

 "ØIncents"





**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

*For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.*

2RN

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Yokis, Douglas | 240176 |

| Institution/Unit |
|---|
| SMUI |

| From | Location |
|---|---|
| COIII Francisco | Programs |

This is in response to you inmate informal complaint resolution dated 12/02/14 about your spending limit for Keefe orders. At this time the computer system is unable to allow a different amount of order based on step, it is still reading from the phase. I have spoken to the the DW, who has brought this to the attention of the Warden. I have also spoken to the Keefe store manager who has advised their IT departement as well. This needs to be corrected to be in accordance with DI326. Please resubmit your informal to me if you are still unable to make purchases with in your spending limits in 1 month. Keep this response as well as the documents your have submitted with it as evidence that you will still be within time frames of addressing this issue for grievance purposes.

| Staff Signature | Date |
|---|---|
| [signature] | 12-5-14 |

Distribution: Original - Inmate
Copy – Grievance Coordinator File

802-12(e)
12/12/13







**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

*Complaints are limited to one page and one issue. Please print all information.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Yokois, Douglas D. | 240176 | Eyman/SMU-I/2A17 | 12-02-2014 |

| TO | LOCATION |
|---|---|
| CO III Francisco ~~G~~ | Wing 2 Counselor's Office |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

As of 11-14-14, I have been unsuccessful in gaining the cooperation of the Keefe Kitchen's Contract Employee or the Wing two (2) Counselor in obtaining satisfactory compliance with Director's Instruction 326, Maximum Custody Population Management (D.I. 326), as specifically relates to the incentives that I am allowed at my step level, "step 3." Although I have attempted to resolve my complaint by writing inmate letters to both of the above named parties, I have not received any answer from them.

Proposed Resolution:

Immediately and without further delays, implement fully this important and necessary program in its entirety, especially the incentives, which are specifically listed for the 3 step levels for SMU-I in attachment I of D.I. 326, allowing me to utilize fully these incentives at my current step level, which in my case is currently "step 3."

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| [signature] | 12-02-2014 |

Have you discussed this with institution staff? ☒ Yes ☐ No

If yes, give the staff member name: Please see attached copies

Distribution: Original - Inmate
Copy – Grievance Coordinator File

802-11(e)
12/12/13



"(3) Incents"



ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Yokois, Douglas D. | 240176 | Eyman/SMU-I/2H17 | 11-14-14 |

| To: | Location |
|---|---|
| ADW J. McAdorey | SMU-I Administration |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Dear Sir,

I am writing to you in the sincere hope that you can straighten out a problem I am having. I have been unable to avail myself of the incentives that are listed in Attachment I of Director's Instruction 326, Maximum Custody Population Management (D.I. 326). This is despite my being a "step 3" since 10-10-14. While I realize that this court-ordered change represents several logistical challenges to the ADC in general and the SMU-I in particular, this order took immediate effect on 03-27-14, nearly eight (8) months ago, and my primary requests that my store limits, number of visit blocks, phone calls, securepak orders, unrestrained escorts, etc. be granted is not of additional cost to the ADC or to SMU-I.

I have written inmate letters to both COIII Green and the inmate store representative in an effort to resolve this issue. You are my last hope to get this problem resolved before I must file an informal complaint.

Please resolve this matter in a timely manner, as the Keefe holiday spending limits are set to begin in a couple of weeks, and I would like to be able to purchase a few extra holiday items.

I thank you in advance for your help, ADW McAdorey.

Very Respectfully,

Inmate Signature [signature]

Date 11-14-14

Have You Discussed This With Institution Staff? [X] Yes [ ] No **-30-**

If yes, give the staff member's name: See Attached Copies

Distribution: Original - Master Record File
Copy - Inmate

~~Page 21 of 27~~ "Ø Excepts" 916-1 5/14/12