Mr Roberto Carrasco Gamez # 131401
ASPC Lewis-Rast Mat
P.O. Box 3400 · Buckeye, Ariz. 85326

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Victor Parsons
        Plaintiff(s)

v.

Charles L. Ryan et al.,
        Defendant(s)

CASE NO. CV-12-00601

Notice of Service of Document(s)

Plaintiff Gamez, hereby, gives notice that on 1 Aug 16, he served upon Defendant Ryan, by first class mail, the following document(s):

- Notice Requirement Letter, pursuant to Fed. R. Civ. P. 65(A) ("Attached")

Respectfully submitted this 1st day of Aug 2016

Under Penalty of Perjury,

Mr Roberto Carrasco Gamez # 131401
ASPC-Lewis Rast May
P.O. Box 3400 · Buckeye, AZ 85326

Certificate of Service
Copies of the foregoing were E-filed this ___ day of ___ 2016

Defendant Ryan et al.,

page 1

# EXHIBIT A

Kelly Dudley
1601 W. Jefferson
PHX, AZ 85007
ATN: Charles L. Ryan et al.,

31 July 16

[RE: Parsons v. Ryan et al, 12-cv-0601-NVW Fed.R.Civ.P 65(a) Notice Requirement]

Greetings!

Despite court orders, policies and procedures aimed at regulating the use of force ("D.O. 804") ("ADC") supervisory officials continue to show a deliberate indifference to my personal health and safety, serious medical and mental health needs for failing to supervise, hire, train, act and implement a practice that minimizes the use of force. Such lack of administrative oversight has lead to a pattern of Eighth Amendment violations and is the moving force behind the failure to protect its prisoners from exposure to unsanitary and unsafe environmental conditions.

On 20 July 16, "Gamez" was a victim of excessive force, therefore, he is requesting an independent investigation into staff misconduct. On the saidmentioned date, "Gamez" made several request through the on-duty line officer requesting to speak to a supervisor regarding mail and property personnel's unwillingness to provide "Gamez" timely access to his crime scene photos and legal case file(s), so therefore, he could represent himself effectively in pending court proceedings. L.T. Horn subsequently responded with a hand-held video camera and opened "Gamez's" food trap. "Gamez" was secured in his cell within visual of staff and was not posing a threat to himself or staff. "Gamez" demanded that ("ADC") perform their delegated responsibility outlined in "ADC's" ("D.O. 902.10 (1.4)"). Immediately, thereafter ("Horn") directed his subordinate to administer a (4) second burst of pepper spray from a MK-9 fogger, while simultaneously administering another (4) second burst from a hand held canister.

page 1

("Gamez") was immediately engulfed with a liquid substance that had the effect of burning through his clothes causing an instant burning sensation through-out his entire body, severe tightness in chest, wheezing, shortness of breath, throwing up an abnormally thick sticky mucus substance that clogs his air passages and extensive pain to his retina. The multiple rounds of pepper-spray within a short period of time were exacerbated due to the fact that ("Gamez") is a long-time sufferer of a chronic upper respiratory illness i.e. Asthma. In addition ("Gamez") is currently taking a psychotropical medication for compound diagnosis of mental illness. The Eighth Amendment prohibits the use of chemical agents on prisoners taking psychotropics because it effects the bodies ability to regulate heat and greatly increases the risk of heat related illnesses.

It is undisputed that exposure to irritants such as those that exist in the MK-9 fogger from people with Asthma are more sensitive to pepper-spray than other people with normal respiratory function and have a long-term adverse health effect.

Although a hand held video camera was required to be present while ("Gamez") was treated by medical personnel, ("Horn") instructed his subordinate to turn it off as they gathered outside baker cluster and began laughing and mimicing ("Gamez") while he was inflamed in pepper-spray and in desperate need of medical care. These events are not merely self-reported but could be substantiated through stationary cameras.

("Gamez's") cell was not decontaminated, he was subsequently placed back inside the same cell minutes later without his personal property, medical device(s), medication, including no matter of bedding the entire night, he was forced to sleep on a concrete slab. The fumes and vapors from the O.C. spray had an unbearable effect on ("Gamez's") entire respiration system causing extreme psychological torture.

Therefore, ("Gamez") request that the stipulations in Parsons v. Ryan be enforced, Corizon issue a doctors order that prohibits ("ADC") security from exposing him to irritants from those that exist in the MK-9 fogger, preserve all hand held and stationary video recordings related to the incident described above between 20 July 16 - 23 July 16. Lastly, ("Gamez") request that all staff involved in this perverse assault be disciplined.

page 2

Respectfully Submitted this 31 day of July 2016

Under Penalty of Perjury

Mr. Roberto Carrasco Gomez # 131401
ASPC-Lewis Rast Unit
P.O. Box 3600, Buckeye, AZ 85326

Certification of Service
Copies of the foregoing were Mailed
This 31 day of July 2016

Arizona Attorney General's Office
Corizon
Kirstin Kidenbach
Charles L. Ryan

page 3