## Index of Exhibits

**Exhibit A**   Order from *Carty v. Dejongh* case

**Exhibit B**   Order from *Carruthers v. Lamberti* case

**Exhibit C**   Order from *Armstrong v. Schwarzenegger* case

# EXHIBIT A

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAWRENCE CARTY, et al., | : |
| | : Civil No. 94-78 |
| Plaintiffs, | : |
| v. | : |
| | : |
| JOHN DEJONGH, et al., | : |
| | : |
| Defendants. | : |

**ORDER**

This Court, having reviewed Plaintiffs' Motion for the Appointment of James Austin as the Court's Population Management and Classification Expert, and for good cause shown, hereby **ORDERS** that Plaintiffs' Motion is **GRANTED**.

This Court **FURTHER ORDERS** that James Austin, Ph.D., is hereby appointed the Court's population management and classification expert pursuant to Fed. R. Evid. 706 and the Court's inherent powers. Within 180 days of the date of this Order, Dr. Austin shall file a report with the parties and this Court that

(1) analyzes the Territory's criminal justice processes and policies that affect the population level at the Criminal Justice Complex (CJC) and CJC Annex [collectively, "the Jail"],

(2) includes strategies and remedies to address those processes and policies so that the population level at the Jail can be reduced without significantly affecting public safety,

(3) includes a baseline population forecast that would advise the territory on the impact of current criminal justice trends,

(4) identifies realistic options that have been successfully implemented in other jurisdictions

1

that will reduce the need for future beds, and

(5) assesses the existing classification and disciplinary systems at the Jail and provides technical assistance to Defendants so they can make the best use of existing bed space to safely and appropriately house the prisoner population.

This Court **FURTHER ORDERS** that Dr. Austin shall complete this work according to the schedule he has proposed in the Declaration of James Austin, Ph.D., dated March 4, 2011, which is incorporated by reference herein.

This Court **FURTHER ORDERS** that Defendants shall provide Dr. Austin with access to any records and personnel with their control that he deems necessary to complete his work, and that they and this Court shall use their best efforts to ensure that Dr. Austin has access to any other documents or personnel that are not within Defendants' control that he deems necessary to complete his work. Dr. Austin shall be compensated by Plaintiffs, who shall have the right to be reimbursed for these costs by Defendants.

**SO ORDERED** this 21st day of June, 2011.

_____
Hon. STANLEY S. BROTMAN
**UNITED STATES DISTRICT JUDGE**
**(Sitting by Designation)**

ATTEST:
WILFREDO MORALES
Clerk of the Court

By: _____
Benjamin Currence
Norre Gade
2nd Floor #12
P.O. Box 6143

2

St. Thomas, U.S.V.I. 00804-6143
340/775-3434
340/774-1001 (fax)

Eric Balaban
ACLU National Prison Project
915 15th St., N.W.
Seventh Floor
Washington D.C. 20005
202/393-4930
202/393-4931 (fax)

Richard Schrader
Assistant Attorney General
V.I. Department of Corrections
6040 Castle Coakley
Christiansted, St. Croix, USVI 00820
340/773-0295
340/773/3236 (fax)

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 76-6086-CIV-HOEVELER

OLLIE CARRUTHERS, et al.,

      Plaintiffs,

v.

AL LAMBERTI, et al.,

      Defendants.
_____/

## ORDER

This Court, having reviewed Plaintiffs' Motion for the Appointment of a Population Management Expert, and for good cause shown, hereby **ORDERS** that Plaintiffs' Motion is **GRANTED**.

This Court **FURTHER ORDERS** that James Austin, Ph.D., is hereby appointed the Court's population management expert pursuant to Fed. R. Evid. 706. Within 180 days of the date of this Order, Dr. Austin shall file a report with the parties and this Court that

(1) identifies and analyzes the County's criminal justice processes and policies that affect the population level at the Broward County Jail (BCJ),

(2) develops strategies and remedies to address those processes and policies so that the population level at BCJ can be reduced without significantly affecting public safety,

(3) includes a baseline ten-year jail population forecast that would advise the County on the impact of current criminal justice trends, and

(4) identifies realistic options that have been successfully implemented in other jurisdictions

**EXHIBIT A**

that will reduce the need for current and future beds –especially for the pretrial felon population.

This Court **FURTHER ORDERS** that Dr. Austin shall complete this work according to the schedule he has proposed in the Declaration of James Austin, Ph.D., dated August 17, 2010, ¶¶23-30, which is incorporated by reference herein

This Court **FURTHER ORDERS** that Defendants shall provide Dr. Austin with access to any records and personnel with their control that he deems necessary to complete his work, and that they and Special Master Howard Messing shall use their best efforts to ensure that Dr. Austin has access to any other documents or personnel that are not within Defendants' control.

To the extent that any remaining fine monies levied and collected in this action are still available in the Court Registry, Dr. Austin shall be compensated from this fund upon proper motion from either party. The remainder of Dr. Austin's compensation and expenses shall be borne by the Defendants, except they shall not use funds that otherwise have been committed to operations at the Broward County Jail. Dr. Austin's compensation shall be capped at $40,000.00. However, should Dr. Austin determine that he will exceed the cap during his appointment, then he shall notify the parties. Absent their agreement to provide him with additional funds, Dr. Austin shall have the right to petition the Court for additional funds.

**DONE AND ORDERED** in chambers at Miami, Florida, this 30th day of September, 2010.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT C

| | | |
|---|---|---|
| 1 | PRISON LAW OFFICE<br>DONALD SPECTER – 83925 | BINGHAM McCUTCHEN, LLP<br>WARREN E. GEORGE – 53588 |
| 2 | SARA NORMAN – 189536<br>General Delivery | Three Embarcadero Center<br>San Francisco, California 94111-4066 |
| 3 | San Quentin, California 94964<br>Telephone: (415) 457-9144 | Telephone: (415) 393-2000 |
| 4 | | |
| 5 | DISABILITY RIGHTS EDUCATION &<br>DEFENSE FUND, INC. | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN – 096891 |
| 6 | LINDA KILB -- 136101<br>2212 6th Street | GAY C. GRUNFELD – 121944<br>315 Montgomery Street, 10th Floor |
| 7 | Berkeley, California 94710<br>Telephone: (510) 644-2555 | San Francisco, California 94104<br>Telephone (415) 433-6830 |
| 8 | JONES DAY | |
| 9 | CAROLINE N. MITCHELL - 143124<br>555 California Street, 25th Floor | |
| 10 | San Francisco, CA 94104<br>Telephone: (415) 875-5712 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br>    Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants. | Case No. C 94-2307 CW<br>**ORDER APPOINTING COURT EXPERT PURSUANT TO FEDERAL RULE OF EVIDENCE 706** |

On April 20, 2007, this Court issued an Order to Show Cause regarding appointment of a Court Expert to facilitate coordination of the remedial processes in this case with three other prison class actions: *Coleman v. Schwarzenegger*, 90-0520 (E.D. Cal.), *Plata v. Schwarzenegger*, 01-1351 (N.D. Cal.), and *Perez v. Tilton*, 05-5241 (N.D. Cal.) ("the other class actions"). Pursuant to that Order, plaintiffs and defendants filed statements of position. On April 30, 2007, after reviewing the statement of the parties, this Court issued an Order re Appointment of Court Expert ("April 30 Order").

The April 30 Order denied defendants' request to appoint a Special Master. The April 30 Order requires the parties to meet and confer regarding candidates for Court-appointed Expert, to make a proposal for briefing the Court Expert on the case, and to file a joint statement outlining the Court Expert's duties. The parties met and conferred, and were unable to agree on a candidate for Expert. The parties filed a Joint Statement including proposed candidates and a Proposed Order on May 30, 2007.

The Court, having reviewed the Joint Statement, and having considered the entire record in this case and good cause appearing, pursuant to Federal Rule of Evidence 706, hereby issues the following Order:

### Appointment

1. <u>Edward Swanson</u> is hereby appointed as this Court's Rule 706 Expert, with the limited powers and duties described herein.

### Expert's Duties

2. The Expert's duties shall be limited to assisting the Court and parties in facilitating coordination of enforcement of the May 30, 2006 and January 18, 2007 Injunctions with the remedial processes in the other class actions, particularly with regard to four areas of coordination:

   a. **Tracking.** The Expert will coordinate with the parties and other class actions to implement the Injunction's required state-wide, computerized, networked real-time tracking system to track prisoners with disabilities as described in the Injunction;

   b. **Accountability.** The Expert will coordinate with the parties and other class actions to implement the Injunction's required accountability system as applied to prison medical administrators;

    c. **Training.** The Expert will coordinate with the parties and other class actions to implement the Injunction's required training of health care staff on effective communication issues; and

    d. **Grievances.** The Expert will coordinate with the parties and other class actions to implement the Injunction's requirement that the Medical Appeals analyst position be filled at each institution and that additional staff time be provided to process grievances whenever a prison's disability grievance responses are more than 30% late.

3. To effectuate these goals, commencing June 20, 2007, the Expert shall attend the monthly coordination meetings being held in the *Plata*, *Coleman* and *Perez* cases. The Expert shall consult with the parties prior to each meeting and submit agenda items that are designed to advance implementation of the four areas of coordination listed in section 2 above. The Expert shall also communicate regularly with counsel for the parties and the Court concerning issues discussed at the coordination meeting and concerning other communications with the *Plata* Receiver and his staff, the *Coleman* Special Master and his staff, and the *Perez* court experts.

4. The Expert is authorized to retain reasonable staff assistance necessary to effectuate the duties described herein.

5. The Expert shall inform the parties in writing at least 14 days before he or she petitions the Court to employ such persons. The requirements of Rule 706 of the Federal Rules of Evidence shall apply if the Expert retains persons who are to provide substantive or expert assistance, consultation, investigation, reporting or testimony. The parties shall submit their opposition, if any, to the Court no later than 14 days after receiving the Expert's notice that he or she intends to retain such persons. All such persons, as well as the nature of their compensation, shall be approved by the Court in advance of their retention or employment.

### Compensation of the Expert

6. The Expert shall receive reasonable compensation at a rate to be set by the Court. All reasonable expenses incurred by the Expert in performing his or her duties shall be reimbursed. The Expert's fees and expenses shall be borne by the Defendants as part of

1 | the costs of this action.

2 |     7. The Expert periodically, and in no event less frequently than once every three
3 | months, shall submit to the Court and serve on the designated representatives of defendants
4 | and plaintiffs, an itemized statement of the Expert's fees and expenses, which shall be
5 | payable upon receipt.

6 |     8. Defendants are hereby ordered to deposit, within 30 days of the date of this
7 | Order, the sum of $100,000 with the Clerk of this Court as an interim payment of costs,
8 | which shall be invested in an interest-bearing account. All interest earned in the account
9 | shall accrue to the benefit of defendants. When the above sum is substantially drawn down
10 | by payments to the Expert, the Court may order defendants to deposit additional sums with
11 | the Clerk of the Court.

**Miscellaneous Provisions**

13 |     9. At the request of the Court, the Expert shall attend any negotiations, mediation
14 | sessions, or court hearings.

15 |     10. The Expert shall be available to meet with the parties jointly, in person, or by
16 | telephone in a manner that is reasonable and convenient.

17 |     11. Either party may move the Court to modify this order or to terminate the
18 | Expert's coordination duties by filing a motion and supporting documents showing that
19 | defendants are in compliance with the four coordination areas required by the January 18th
20 | Injunction and that such coordination is no longer necessary.

21 | **IT IS SO ORDERED.**

Dated: June 11, 2007        By: _____
                                         THE HONORABLE CLAUDIA WILKEN
                                         UNITED STATES DISTRICT JUDGE