UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-DKD<br><br>**ORDER APPOINTING COURT EXPERT PURSUANT TO FEDERAL RULE OF EVIDENCE 706** |

This Court, having reviewed Defendants' Status Report (Doc. 1665) regarding progress on the Remedial Plan they submitted on June 15, 2016 (Doc. 1609-1), hereby **FINDS** that Defendants' progress fails to meet the threshold necessary to achieve compliance. Defendants have failed to heed the Court's warning at the June 24, 2016 hearing that it expected significantly more detail in the Status Report than Defendants had included in the Remedial Plan, and again have filed a document lacking in specificity, focus, and persuasiveness. The Court, having reviewed Defendants' Status Report and Plaintiffs' Response (Doc. \_\_\_), and having considered the entire record in this case and good cause appearing, pursuant to Federal Rule of Evidence 706 hereby issues the following order:

132600440.1

**Appointment**

1. _____ is hereby appointed as this Court's Rule 706 Expert, with the limited powers and duties described herein, to serve as an independent evaluator of Defendants' health care delivery system within the Arizona state prison complexes that are the subject of this case, including the provision of medical and mental health care.

**Duties and Compensation**

2. The Expert will evaluate the delivery of medical and mental health care at all of the Arizona state prison complexes, identify deficiencies, and assist Defendants in creating a plan to remedy those deficiencies and bring their system into compliance with the Stipulation (Doc. 1185 and 1185-1). Specifically the Expert will evaluate:

　　a. The use and structure of eOMIS or any other electronic health record system used by Defendants or their contractors;

　　b. Written protocols, policies, and procedures governing pharmacy, health care staff and providers, and the provision of health care;

　　c. Staffing levels for medical and mental health, including clinical as well as administrative tasks, and specifically evaluating the following variables:

　　　　i. Prison security levels;
　　　　ii. Geographic location and proximity to specialists;
　　　　iii. Physical layout and clinical space;
　　　　iv. Custody staffing levels;
　　　　v. Average daily population and state licensing requirements at infirmaries, inpatient mental health units, hospice units, urgent/emergent care facilities, and/or intermediate-level outpatient housing units;
　　　　vi. Policy requirements for frequency of various aspects of care;
　　　　vii. Patient acuity levels, including population with chronic diseases and serious mental illness;
　　　　viii. Salary analyses (for recruitment and retention of qualified staff); and
　　　　ix. Number of subcontracted specialists (to ensure availability of needed specialty care).

3. Defendants will provide the Expert with clerical and administrative support as the Expert may reasonably need, with all the costs to be borne by the Defendants.

1  After on-site evaluation, the Expert will notify the Court of the need, if any, to retain
2  additional professional support.

3        4.      The Expert will have access to Defendants' staff, facilities, and documents,
4  including health records, for purposes of evaluating compliance, and may interview
5  prisoner class members and staff in a confidential setting.  The expert will have similar
6  access to all staff and records of Defendants' health care contractor, currently Corizon,
7  and any subsequent health care contractor, as well as the staff and records of its pharmacy
8  contractor, currently PharmaCorr.  Upon reasonable request, Defendants will provide
9  copies of documents to the Expert for off-site review.

10       5.      All parties are free to communicate with the Expert *ex parte* or otherwise.

11       6.      Defendants will compensate the Expert at an hourly rate of $_____.  The
12 Expert will submit invoices for his/her fees and costs to Defendants on a monthly basis.
13 The invoices will show the number of hours worked and the services performed by date.
14 Costs will be substantiated by customary itemization.  The Expert's services will be
15 limited to such as are reasonably necessary to evaluate and assess Defendants' health care
16 delivery system and develop a plan to facilitate compliance with the Stipulation.
17 Defendants will reimburse the Expert for all fees and costs within 60 calendar days of
18 receipt of the invoice.  If Defendants contest any portion of the Expert's costs or fees,
19 such dispute must be brought before the Court within 15 calendar days of receipt of the
20 invoice.