Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                              Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                              Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF EXPLAINING "HARD LOCKDOWN" AND "CELL FRONT/SEGREGATION VISITS" PURSUANT TO COURT ORDER [DKT. 1673]** |

1  The purpose of this Supplemental Report is to explain what "hard lockdown" means, the frequency with which a hard lockdown occurs, and what a "cell front/segregation visit" entails, pursuant to the Court's September 6, 2016 Order (Dkt. 1673).

## I. HARD LOCKDOWNS

A "lockdown" is when inmate movement is restricted and inmates are confined to their cells or dormitories. (Declaration of Carson McWilliams, attached as Exhibit A, ¶¶ 3-9.) Lockdowns are used to ensure the safe, secure, and orderly operation of the prison complex, to ensure the health and safety of inmates, staff, visitors, and the public, and to ensure the integrity and pending completion of an investigation. (*Id.* at ¶ 4.) A lockdown may be ordered when there is a medical emergency, an inmate or staff assault, a major disturbance or riot, or inclement weather. (*Id.* at 6.) Lockdowns vary in scope and duration, depending on the severity of the incident, the number of inmates involved, and the staff resources available to bring the incident under control. (*Id.* at ¶¶ 8-9.) A "hard lockdown" is when an entire complex is put on lockdown for an extended period of time and requires all inmates to return to their cells or bunks in a dormitory. (*Id.* at ¶ 10.) As a result, inmates cannot leave their cells or dormitory during a lockdown and cannot be transported for a mental health care visit. (*Id.* at ¶¶ 3-10.)

## II. FREQUENCY OF HARD LOCKDOWNS

Although lockdowns occur regularly, a hard lockdown that affects an entire complex for an extended period of time is rare. (*Id.* at ¶ 11.) Between July 1, 2015 and June 30, 2016 there were only eight hard lockdowns at all ten Arizona State Prison Complexes. (*Id.* at ¶ 12.)

The Mental Health Director for the Arizona Department of Corrections explained in her July 29, 2016 Declaration that it is "extremely rare" that a file would be marked as compliant with being "seen" in a cell front/segregation visit during a hard lockdown. (Dkt. 1644-1 at ¶ 12; *see also* Declaration of Dr. Nicole Taylor, attached as Exhibit B, ¶¶ 12-17.) In order for a cell front visit to be marked compliant during a lockdown, all of the

following actions must occur: (1) there is a hard lockdown that prevents the inmate from being transported for a mental health encounter, (2) the lockdown is documented in the inmate's records, (3) the monitor is able to confirm with the Warden that a lockdown occurred on that day which prevented the inmate from being moved from his/her cell, and (4) the mental health encounter occurs at the inmate's cell front and is documented in the inmate's records. (Taylor Decl. at ¶ 14.) If all of these steps are verified, then, and only then, is the inmate counted as being "seen" and the contact is marked compliant. (*Id.*) The times in which all of these steps occur are extremely rare. (*Id.* at ¶¶ 14-17.) The mental health monitors on average review around 250 charts per complex each month at the seven corridor facilities (Eyman, Florence, Lewis, Perryville, Phoenix, Tucson, and Yuma) that house inmates who are MH-3 or above. (*Id.* at ¶ 15.) On average, the monitors review a total of 1,750 charts each month. (*Id.*) Over the last 17 months of monitoring (March 2015 – July 2016), the mental health monitors have audited approximately 30,000 charts. (*Id.*) The mental health monitors could only recall between six and eight instances in which all four steps above occurred and a contact was marked compliant during a lockdown. (*Id.* at ¶ 16.) Therefore, the instances when a cell front visit is counted as being "seen" during a lockdown is less than 0.026% (8/30,000) of all mental health contacts reviewed. (*Id.*)

### III.  CELL FRONT/SEGREGATION VISIT

A cell front or segregation visit (hereinafter "cell front visit") occurs only when necessary to ensure the health and safety of the inmate and/or staff. (Taylor Decl. at ¶ 5.) A cell front visit does not count as being "seen" for a mental health encounter unless (1) the inmate refuses to exit his or her cell for the encounter, (2) the inmate is on suicide or mental health watch, or (3) the inmate is unable to exit his or her cell during a rare hard lockdown that prevents inmate movement for an extended period of time. (*Id.* at ¶ 5.)

///
///
///

2

1       The first exception is consistent with the Stipulation, which states that "[w]ith respect to mental health staff, means an encounter that takes place in a confidential setting outside the prisoner's cell, unless the prisoner refuses to exit his or her cell for the encounter." (Dkt. 1185-1 at 5.) The second exception is also consistent with the Stipulation, which requires "[a]ll prisoners on suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse." (Dkt. 1185-1 at 34, Performance Measure No. 94; *see also* Taylor Decl. at ¶¶ 7-11.)

      The third exception, as explained above, only occurs in the rare circumstances that (1) there is a lockdown that prevents the inmate from being transported for a scheduled encounter, (2) the lockdown is documented in the inmate's contact, (3) the monitor is able to confirm the lockdown occurred, and (4) the mental health encounter occurs at the inmate's cell front and is documented in the inmate's records. (*Id.* at ¶¶ 12-14.) If all of these steps are verified, then, and only then, is the inmate counted as being "seen" and the contact is marked compliant. (*Id.* at ¶ 14.) These circumstances are extremely rare, unforeseen, and occur in less than 0.026% of mental health contacts reviewed. (*Id.* at ¶¶ 16-17.) Defendants count these contacts as compliant in order to encourage mental health staff to contact inmates during rare lockdowns and ensure inmates are contacted even during a lockdown. (*Id.* at ¶ 17.)

      During a cell front visit, mental health staff are able to communicate with inmates through the cell doors or through tray slots that are used to pass food trays or other approved items. (*Id.* at ¶ 4.) Watch cells also contain large clear windows so the inmate is fully visible to correctional, medical, and mental health staff. (Taylor Decl. at ¶ 4; McWilliams Decl. at ¶¶ 16-19 & Exh. A-1.) As a result, mental health staff are able, if necessary, to complete a full mental health evaluation during cell front visits because they are able to see and speak with the inmate. (Taylor Decl. at ¶ 4.)

/ / /

/ / /

### IV. CONCLUSION

As explained above and in the attached Declarations, cell front visits occur in three very limited circumstances in order to ensure the safe, secure, and orderly operation of the prison complex and to ensure the health and safety of inmates and staff. In addition, these cell front visits occur so infrequently during lockdowns that they cannot be construed as substantial non-compliance with the Stipulation.

DATED this 20th day of September 2016.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/Daniel P. Struck
   Daniel P. Struck
   Kathleen L. Wieneke
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Fletcher
   Anne M. Orcutt
   Jacob B. Lee
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Mark Brnovich
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

   *Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck