1 | Kathleen E. Brody (Bar No. 026331)
Daniel Pochoda (Bar No. 021979)
2 | **ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
3 | Phoenix, Arizona 85013
Telephone: (602) 650-1854
4 | Email: kbrody@acluaz.org
          dpochoda@acluaz.org
5
*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
          adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' BRIEF REGARDING CELLFRONT MENTAL HEALTH ENCOUNTERS** |

LEGAL132895498.2

Defendants' motion makes the following allegation:

> Plaintiffs' supplemental brief addressed a new issue never before raised with Defendants or the Court – the manner in which inmates on suicide watch are seen by mental health staff pursuant to Performance Measure 94. (Dkt. 1685 at 2-3.) Specifically, Plaintiffs question, for the first time, "whether a cellfront [sic] encounter, in which the patient is locked in a cell with the clinician standing outside, is an 'encounter that takes place in a confidential setting outside the prisoner's cell.'" (*Id.* at 2.)

[Doc. 1688 at 2 (footnote omitted)]  This allegation is false.  Plaintiffs' Motion to Enforce the Stipulation (Doc. 1625) contained the following section:

> **C. The Stipulation Defines "Seen" With Regard to Health Care Encounters, and Non-Confidential Encounters Do Not Meet the Stipulation's Definition**
>
> The Stipulation defines "seen" or "seen by" as follows:
>
>> Interaction between a patient and a Medical Provider, Mental Health Provider or Mental Health Clinician that involves a treatment and/or exchange of information in a confidential setting.  With respect to Mental Health staff, means an encounter that takes place *in a confidential setting outside the prisoner's cell, unless the prisoner refuses to exit his or her cell for the encounter*.
>
> [Doc. 1185-1 at 5 (emphasis added)]
>
> Despite this plain language, Defendants' proposed Monitoring Guide considers a prisoner as having been "seen" if the encounter takes place in a non-confidential setting such as group counseling, and/or the prisoner is not given the opportunity to exit his or her cell—**for example, a cell-side segregation visit**. [Kendrick Decl. Ex. 12 at 3-4; *id.* Ex. 17 at 105-107, 109-111, 115-125 (instructing monitor to count **"segregation visit,"** "group counseling," or **"suicide watch"** as compliant with requirement that patient be "seen" by mental health clinician)]  Such an interpretation of "seen" implicates mental health Performance Measures 73, 74, 76, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, **94**, and 95.  Plaintiffs notified Defendants that counting these types of encounters as compliant was inconsistent with the plain language of the definition of "seen" [Kendrick Decl. Ex. 11 at 5], but after meeting and conferring regarding the issue, Defendants stated that these types of encounters were counted

as compliant in past monitoring reports, and Defendants would continue to consider them compliant. [*Id.* Ex. 12 at 3-4]

[Doc. 1625 at 14-15 (italicized emphasis in Doc. 1625; bolded emphasis added; footnote omitted)][1]

In their response to Plaintiffs' enforcement motion, Defendants did not assert that Plaintiffs had failed to follow the required dispute resolution procedure, and indeed, any such assertion would have been untrue. Rather, they responded on the merits, defending the propriety of cellfront encounters for prisoners on suicide watch, and speculating that various health, safety, and security problems would ensue if patients on suicide watch were seen in a confidential setting as required by the Stipulation. [Doc. 1644 at 7-8; Doc. 1644-1, ¶¶ 14-16] Plaintiffs responded to these allegations in their reply brief, supported by a declaration from their psychiatric expert, Pablo Stewart, M.D. [Doc. 1654 at 4-5; Doc. 1657] In their supplemental brief, Defendants repeated—often verbatim—the alleged health, safety, and security concerns they had asserted in their response brief. [Doc. 1687 at 3-4; *compare* Doc. 1644-1, ¶¶ 14-16 *with* Doc. 1687-2, ¶¶ 9-11][2]

In short, Defendants have received clear notice of Plaintiffs' claim that cellside encounters do not satisfy the Stipulation's definition of "seen," and they have had not one but two opportunities to respond. They should not be granted a third. Defendants' motion should be denied.

---

[1] Page numbers are those assigned by the ECF system.
[2] As Plaintiffs have already demonstrated (Doc. 1654 at 5 n.7), Defendants' persistent claim that Plaintiffs have agreed that cellfront encounters satisfy the Stipulation's requirement that patients on suicide watch be "seen" is false.

| | |
|---|---|
| Dated:  September 22, 2016 | **ACLU NATIONAL PRISON PROJECT**<br><br>By:  s/ David C. Fathi<br>David C. Fathi (Wash. 24893)*<br>Amy Fettig (D.C. 484883)**<br>Jamelia Natasha Morgan (N.Y. 5351176)**<br>915 15th Street N.W., 7th Floor<br>Washington, D.C. 20005<br>Telephone:  (202) 548-6603<br>Email:    dfathi@aclu.org<br>            afettig@aclu.org<br>            jmorgan@aclu.org<br><br>*Admitted pro hac vice.  Not admitted in DC; practice limited to federal courts.<br>**Admitted pro hac vice<br><br>Daniel C. Barr (Bar No. 010149)<br>Amelia M. Gerlicher (Bar No. 023966)<br>John H. Gray (Bar No. 028107)<br>**PERKINS COIE LLP**<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012<br>Telephone:  (602) 351-8000<br>Email:    dbarr@perkinscoie.com<br>            agerlicher@perkinscoie.com<br>            jhgray@perkinscoie.com<br><br>Kathleen E. Brody (Bar No. 026331)<br>Daniel Pochoda (Bar No. 021979)<br>**ACLU FOUNDATION OF ARIZONA**<br>3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85013<br>Telephone:  (602) 650-1854<br>Email:    kbrody@acluaz.org<br>            dpochoda@acluaz.org |

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email: kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com
aamiri@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email: jlwilkes@jonesday.com

*Admitted *pro hac vice*

LEGAL132895498.2 -4-

Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:   jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Maya Abela
       Sarah Kader (Bar No. 027147)
       Asim Dietrich (Bar No. 027927)
       5025 East Washington Street, Suite 202
       Phoenix, Arizona 85034
       Telephone: (602) 274-6287
       Email:   skader@azdisabilitylaw.org
                adietrich@azdisabilitylaw.org

       Rose A. Daly-Rooney (Bar No. 015690)
       J.J. Rico (Bar No. 021292)
       Jessica Jansepar Ross (Bar No. 030553)
       Maya Abela (Bar No. 027232)
       **ARIZONA CENTER FOR DISABILITY LAW**
       177 North Church Avenue, Suite 800
       Tucson, Arizona 85701
       Telephone: (520) 327-9547
       Email:
          rdalyrooney@azdisabilitylaw.org
              jrico@azdisabilitylaw.org
              jross@azdisabilitylaw.org
              mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2016, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

s/ D. Freouf