1   Arizona Attorney General Mark Brnovich
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Lucy M. Rand, Bar No. 026919
3   Assistant Attorneys General
    1275 W. Washington Street
4   Phoenix, Arizona 85007-2926
    Telephone: (602) 542-4951
5   Fax: (602) 542-7670
    Michael.Gottfried@azag.gov
6   Lucy.Rand@azag.gov

7   Daniel P. Struck, Bar No. 012377
    Kathleen L. Wieneke, Bar No. 011139
8   Rachel Love, Bar No. 019881
    Timothy J. Bojanowski, Bar No. 022126
9   Nicholas D. Acedo, Bar No. 021644
    Ashlee B. Fletcher, Bar No. 028874
10  Anne M. Orcutt, Bar No. 029387
    Jacob B. Lee, Bar No. 030371
11  STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
12  Chandler, Arizona  85226
    Telephone:  (480) 420-1600
13  Fax:  (480) 420-1696
    dstruck@swlfirm.com
14  kwieneke@swlfirm.com
    rlove@swlfirm.com
15  tbojanowski@swlfirm.com
    nacedo@swlfirm.com
16  afletcher@swlfirm.com
    aorcutt@swlfirm.com
17  jlee@swlfirm.com

18  *Attorneys for Defendants*

19                  **UNITED STATES DISTRICT COURT**
20                    **DISTRICT OF ARIZONA**

| | |
|---|---|
| 21  Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona 22  Center for Disability Law, | NO. 2:12-cv-00601-DKD |
| Plaintiffs, | |
| 23         v. | **DEEFNDANTS' REPLY TO PLAINTIFFS' RESPONSE TO** |
| 24  Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim | **DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO** |
| 25  Division Director, Division of Health Services, Arizona Department of Corrections, in their | **PLAINTIFFS' BRIEF REGARDING CELLFRONT** |
| 26  official capacities, | **MENTAL HEALTH** |
| Defendants. | **ENCOUNTERS [DKT. 1689]** |

27

28

1    Plaintiffs' Brief Regarding Cellfront Mental Health Encounters (Dkt. 1685)

2    ("Supplemental Brief") exceeded the scope of the Court's September 6, 2016 Order and

3    raised an issue that had not been previously raised or addressed through the dispute

4    resolution process required by the Stipulation.   Plaintiffs do not dispute that their

5    Supplemental Brief addressed issues outside those ordered by the Court, but contend

6    Defendants' Motion should be denied because Plaintiffs' Motion to Enforce raised the

7    issue of whether a cell front visit satisfied the Stipulation's definition of "seen." (*See* Dkt.

8    1689 at 2-3.).   Plaintiffs ignore the gravamen of Defendants' Motion – Plaintiffs never

9    brought the specific issue of what constitutes "seen" for inmates on suicide watch to

10   Defendants' or the Court's attention through the required steps under the Stipulation.

11   Plaintiffs' Motion to Enforce focused on group counseling and segregation visits

12   and whether those encounters constituted "seen" under the Stipulation. (Dkt. 1625 at 15.)

13   Nowhere in Plaintiffs' Motion to Enforce or any other correspondence to Defendants, or

14   document filed with the Court, have Plaintiffs challenged or objected to the manner in

15   which inmates on suicide watch are seen by mental health staff.   (*See* Dkt. 1644 at 8.)   In

16   an attempt to show the Court that this issue was previously raised, Plaintiffs' Response

17   block quotes a portion of their Motion to Enforce and emphasizes two discrete statements

18   where "suicide watch" is quoted in a parenthetical reference to a declaration and HCPM

19   No. 94 is included in a list with eighteen other Performance Measures in a separate

20   sentence.   (Dkt. 1689 at 2.)   There was no way Defendants could have known that

21   Plaintiffs were challenging the manner in which mental health clinicians or registered

22   nurses visit inmates on suicide watch from these vague and unrelated references.   In

23   addition, Plaintiffs' Notices of Noncompliance did not challenge the manner in which

24   mental health staff visited inmates on suicide watch. (*See* Dkt. 1626-1 at 59-60, 66.)

25   Indeed, it was Defendants' understanding that Plaintiffs *agreed* inmates on suicide

26   watch may be seen cell front.   But Plaintiffs now shift their position and *disagree* that

27   inmates on suicide watch may be visited at their cell front.   This is a significant change in

28   position that may have dire consequences if the parties are not able to meet and confer

1

1    regarding the dangers of pulling suicidal inmates out of watch cells and Defendants are

2    not able to fully respond to Plaintiff's new position.  Defendants expressly stated in their

3    Response to the Plaintiffs' Motion to Enforce that:

4
> … Plaintiffs also ***agreed*** that for HC PM #94, which requires "[a]ll prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse," that encounters that occur at the cell front for inmates on suicide watch are compliant. [Exhibit 1, Dkt. 1644-1] at ¶ 16. Because ***Plaintiffs do not object to this methodology*** for another performance measure that utilizes the definition of seen, they cannot take issue with it here.

5

6

7

8    (Dkt. 1644 at 8 (emphasis added); *see also* Dkt. 1644-1 at ¶¶ 14-16.)  Although Plaintiffs

9    disagreed with these statements in a footnote in their Reply in Support of their Motion to

10   Enforce, Defendants similarly were not afforded an opportunity to file a sur-reply.  (*See*

11   Dkt. 1654 at 5, fn. 7.)  Prior to reviewing Plaintiffs' Reply, and because Plaintiffs never

12   broached the issue of "seen" with respect to inmates on suicide watch, Defendants

13   reasonably concluded they took no issue with the manner in which inmates were visited

14   on suicide watch.  (*See* Dkt. 1644-1 at ¶¶ 14-16.)

15         Plaintiffs' attempt to circumvent the Stipulation's dispute process and raise this

16   issue in a supplemental brief is improper. This issue must be addressed through the

17   required dispute resolution process. Defendants therefore request the Court order

18   Plaintiffs to raise this issue through a Notice of Non-Compliance, as required under the

19   Stipulation, and procced through the necessary steps before raising it with the Court

20   through a Motion to Enforce.   Alternatively, Defendants request the Court allow

21   Defendants to brief this narrow issue on the merits.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    RESPECTFULLY SUBMITTED this 26th day of September, 2016.

2                                             STRUCK WIENEKE & LOVE, P.L.C.

3

4                                             By /s/Daniel P. Struck
                                                   Daniel P. Struck
5                                                  Kathleen L. Wieneke
                                                   Rachel Love
6                                                  Timothy J. Bojanowski
                                                   Nicholas D. Acedo
7                                                  Ashlee B. Fletcher
                                                   Anne M. Orcutt
8                                                  Jacob B. Lee
                                                   STRUCK WIENEKE & LOVE, P.L.C.
9                                                  3100 West Ray Road, Suite 300
                                                   Chandler, Arizona  85226
10
                                                   Arizona Attorney General Mark Brnovich
11                                                 Office of the Attorney General
                                                   Michael E. Gottfried
12                                                 Lucy M. Rand
                                                   Assistant Attorneys General
13                                                 1275 W. Washington Street
                                                   Phoenix, Arizona 85007-2926
14
                                                   *Attorneys for Defendants*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:            ahardy@prisonlaw.com

Amelia M. Gerlicher:     agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amir Q. Amiri:           aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy B. Fettig:           afettig@npp-aclu.org

Asim Varma:              avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:    cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:      ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:     DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda:dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi:       dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:          dspecter@prisonlaw.com

Jennifer K. Messina:     jkmessina@jonesday.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:        jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:     jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:      jrico@azdisabilitylaw.org

Kathleen E. Brody        kbrody@acluaz.org

Kirstin T. Eidenbach:    kirstin@eidenbachlaw.com

Maya Abela               mabela@azdisabilitylaw.org

Rose Daly-Rooney:        rdalyrooney@azdisabilitylaw.org

Sara Norman:             snorman@prisonlaw.com

Sarah Eve Kader:         skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

4

1

2         I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

3

4        N/A

5                       /s/Daniel P. Struck

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5