Michael J. Cohn #288721
ASPC Lewis/Stiner 5A20
P.O. Box 3100
Buckeye, AZ 85326

UNITED STATES DISTRICT COURT, ARIZONA

Michael J. Cohn
Petitioner, Pro Se
v.
Charles L. Ryan, et al.
Mark Brnovich
Defendants

2:12 CV-601-DKD

Declaration in support of TRO and Preliminary Injunction by Plaintiff

(Hon. David Duncan)

Michael J. Cohn states:

1. I am the plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and preliminary injunction, to ensure that I and others similarly situated receive adequate medical care.

2. As set forth in Parsons v. Ryan, et al., I and others similarly situated as a class are exposed to risk of harm due to inadequate medical care.

3. I have a sacral destructive lesion/abscess that was present at the time of my incarceration, 2/25/14. My efforts to obtain scans for monitoring this lesion and its complications (stenosis, scar tissue, etc.) have been routinely obstructed, as I view it.

4. Only by vigorous self-advocacy and diligence including multiple grievances to the Director have I been able to obtain a scan and biopsy of the lesion, both below community standards, ~~etc.~~ I have yet to see a specialist for follow-up care and treatment plan post-biopsy of 5/24/16

1 of 4

5. As set forth in plaintiff's "motion to enforce stipulation," the State of Arizona resists compliance with agreed upon performance measures (4/11/16).

6. The State of Arizona, AZ Dept. of Corrections, Corizon Health violated performance measures 46, 47, 52 & 53 at least in my case.

7. Upon review of notice 16-16, revisions to Department Order 802, Inmate Grievance Procedure, yesterday, 9/23/16, I noted that the Director is delegating final review of grievances to the Facility Health Administrators (p.2, bullet 4).

8. For some 2 decades per the Prison Litigation Reform Act of 1996, the "Director's Response" has been required to document exhaustion of administrative remedies, 42 USC §1997 et seq, e (a).

9a) It is unclear if the facility health administrator will sign her name or for the Director.

10. It is unclear, unlikely the court will accept anything other than a Director's response as evidence of exhaustion of administrative remedies.

11. This policy revision obstructs, intends to obstruct, class member's access to remedies from the court, inferring the State's intent to neglect inmate medical care.

12. This matter is pertinent to Parsons v. Ryan as the heart of the case is medical neglect, deliberate indifference. This policy exceeds the deliberate indifference standard and goes to "intent to neglect," implicating "criminal enterprise," ARS §13-305 & 306.

13. Notice 16-16 includes language referring to "Vexatious Grievants", a discriminatory title, marginalizing individuals whose grievances implicitly lack credibility. Every grievance should be reviewed on its own merits. This obstruction of free speech should be stricken from policies. P. 2. Bullet points 8 & 11.

14. References to clarifying policy in 16-16 are patently unclear, especially without access to up to date policy for class members. Petitioner is educated at the doctoral level and found the notice vague in some instances. P. 2. Bullet points 2 & 6 & 12.

15. Together, Director of the Arizona Dept. of Corrections, Charles Ryan and Attorney General Mark Brnovich have the responsibility for providing adequate medical care to the class and protecting class members from abuse, neglect or exploitation. Obstructing access to court remedies, violating free speech, etc, harms class members by deprivation of constitutional rights.

16. For the reasons set forth in the memorandum of law filed with this motion, the plaintiff is entitled to a temporary restraining order requiring the defendant to revoke the contents of notice 16-16 until the constitutional questions herein are resolved, and to a temporary injunction requiring defendants to petition the court for clarification of the constitutional issues.

17. Petitioner submits this motion as it is unlikely counsel for plaintiffs would have time to receive and review these documents prior to the enactment of policy changes, Oct. 16, 2016.

18. For the foregoing reasons, the court should grant the plaintiff's motion in all respects.

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding as a pro se litigant entitled to liberal interpretation of his pleadings.

9/24/16

*Michael J. Cohn*
Michael J. Cohn
ASPC Lewis / STINER
P.O. Box 3100
Buckeye, AZ 85326.

Original eFiled to:   on: 9/29/16
Clerk of the U.S. Dist. Ct.
    Forwarded by eFile to:   on: 9/29/16
    Mark Brnovich, A.G.
    per General Order 14-17

    Copy to:   on: 9/29/16
    Prison Law Office
    General Delivery
    San Quentin, CA 94964