Michael J. Cohn #288721
ASPC Lewis/Stiner 5A20
P.O. Box 3100
Buckeye, AZ 85326

☒ FILED   ☐ LODGED

**Sep 29 2016**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT, ARIZONA

Michael J. Cohn
Plaintiff, Pro Se
v.
Charles L. Ryan, et al.
Mark Brnovich
Defendants

2:12-CV-601-DKD

Memorandum of law in support of Plaintiff motion for a temporary restraining order and Preliminary Injunction
(Hon. David Duncan)

### Statement of the Case

This is an action brought under the umbrella of the Parsons v. Ryan, 2012 medical care class action case. The Plaintiff seeks a Temporary Restraining order and a preliminary injunction to ensure he and others similarly situated receive adequate medical care.

### Statement of Facts

As stated in the declaration submitted with this motion, the plaintiff has a serious medical condition and awaits post-biopsy attention from a specialist. Plaintiff noticed policy changes posted in notice 16-16 that will likely interfere with court access/remedies due to medical neglect/deliberate indifference, etc, as found by the 9th Circuit court of appeals. (289 F.R.D. 513 (D.Ariz. 2013); aff'd 754 F.3d 657 (9th Cir. 2014). AZ. Dept. of Corrections policies are implicated in the Parsons v. Ryan matter, id.

### Argument

#### Point 1

The Plaintiff is entitled to a Temporary Restraining

1 of 5

Order and a Preliminary Injunction

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

A. The Plaintiff is threatened with irreparable harm.

The Plaintiff alleges that he has been follow-up care for a serious medical need contrary to a physician's instruction. Such conduct by prison officials is a clear violation of the Eighth Amendment, Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976) (noting that "intentionally interfering with the treatment once prescribed" is a form of unlawful deliberate indifference); Plaintiff alleges that the policy changes in notice 16-16 implicitly implicate "intent to neglect" on the part of the State by interfering/obstructing court access/remedies for adequate medical care, as stated in the declaration. (5th, 6th & 14th amendments; court access, due process)

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976); American Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009). This principle has been applied to prison litigation generally, see Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996) and specifically in medical care cases. Phillips v. Michigan Dept. of Corrections, 731 F.Supp. 792, 801

(W.D. Mich. 1990), aff'd, 932 F.3d 969 (6th Cir. 1991). In addition, plaintiff is implicated/threatened with irreparable harm because of the nature of his condition, a mass of the sacrum, compressing nerves, scar tissue, rare cells suggesting the presence of an infection and stenosis of L4-L5. If he does not receive proper treatment his condition may progress causing loss of mobility, worsening pain or complications of infection.

The class of Plaintiff's in Parsons v. Ryan includes all current and future inmates who due to Az. Dept. of Corrections policies are vulnerable to risk of serious future harm (Parsons v. Ryan, ibid), Helling v. McKinney 509 at 33, 1993.

B. The Balance of Hardships Favors the Plaintiff

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See e.g. Mitchell v. Cuomo, 784 F.2d 804, 808 (2d Cir. 1984); Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986) (holding that prisoner's interest in safety and medical care outweighed State's interest in saving money by cutting staff).

In this case, if the court grants the order will only require the defendants to no more than business as usual, enacting current policy and taking the plaintiff to the doctor. The plaintiff is already harmed by ongoing violation of his constitutional rights... continued policy implemented obstructions and interference with his medical care aggravate already existing harm-

3 of 5

C. The Plaintiff is likely to succeed on the merits

The plaintiff is very likely to succeed on the merits. What defendants have done — "intentionally interfering with medical treatment once prescribed," was specifically singled out by the Supreme Court as an example of unconstitutional "deliberate indifference," to prisoners medical needs. Estelle v. Gamble, ibid. By adding/revising a policy threatening plaintiff's, et al. recourse, exceed the "deliberate indifference" standard leading to "criminal enterprise," breach of duty to provide adequate medical care and reckless tolerance of that breach. ARS§13-305+306. By assigning Director's response responsibility to a privatized, medical care entity, (Corizon Health) implicated in suspicious deaths of inmates (Az. Republic, 9/11/14, E.J. Montini), Prison Legal News, 3/2014; 7+10, 2015), Charles L. Ryan, et al. implicate themselves as accessories to "criminal enterprise," even more than it already appears. By marginalizing "vexacious grievants," the State dehumanizes an already dehumanized/incapacitated by incarceration. Such discriminatory actions further inhibit/obstruct inmate recourse, for non-medical purposes. Once stigmatized, such inmates are unlikely to receive adequate recourse for medical grievances

D. The relief sought will serve the Public Interest

In this case, the grant of relief will serve the public interest because it always is in the public interest for prison officials to obey the law, especially the Constitution. Phelps v. Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008); Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986); Llewely v. Oakland Co.

Prosecutor's Office, 402 F.Supp. 1379, 2393 (E.D. Mich. 1975) (stating "the Constitution is the ultimate expression of the Public Interest").

It is in the Public Interest for prison officials to obey the Prison Litigation Reform Act. As stated in the Declaration, the PLRA for decades has established that a Director's response documents exhaustion of internal remedies. The state has no authority as I understand it to delegate this responsibility to a contracted vendor.

POINT II

The Plaintiff Should Not Be Required to Post Security

Plaintiff is a member of the Class of Plaintiffs in Parsons v. Ryan. In view of the serious medical danger confronting the plaintiff(s), the court should grant the relief requested without the posting of security, Elliott v. Kiesewetter 98 F.3d 47, 60 (3d Cir. 1996) stating that district courts have discretion to waive the bond requirement contained in Rule 65(c) of the F.R.Civ.P. if "the balance of the [] equities weighs overwhelmingly in favor of the party seeking the injunction.") Molten Co. v. Eagle-Picher Industries, Inc., 55 F.3d 1171, 1176 (6th Cir. 1995).

Conclusion

For the foregoing reasons, the court should grant the motion in its entirety.

9/24/16

*Michael J. Cox*

Michael J. Cox, Pro Se #288721, ASPC Lewis/Stiner, P.O. Box 3100, Buckeye, AZ 85326

5 of 5