UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

FILED ____ LODGED
____ RECEIVED ____ COPY

SEP 2 9 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

DANIEL ALEXANDER RODRIGUEZ,
ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED,
                    PLAINTIFFS

V.

CHARLES RYAN, DIRECTOR, ARIZONA
DEPARTMENT OF CORRECTIONS; AND
RICHARD PRATT, INTERIM DIVISION
DIRECTOR OF HEALTH SERVICES, ARIZONA
DEPARTMENT OF CORRECTIONS, IN THEIR
OFFICIAL CAPACITIES, DEFENDANTS
(ORAL ARGUEMENT REQUESTED)

No. CV 12-00601-PHX-DJH

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE  LRCIV P 5.1
                    (Rule Number/Section)

NOTICE OF SUBSTANTIAL
NON-COMPLIANCE

HON. JOHN BUTTRICK OR ANY JUDGE
AVAILABLE TO HEAR THIS MATTER.

THE PLAINTIFF DANIEL ALEXANDER RODRIGUEZ; ARIZONA DEPARTMENT OF CORRECTIONS I.D. NUMBER 242516, AS A MEMBER OF ABOVE CLASS ACTION SUIT HEREBY INFORMS DEFENDANTS OF SUBSTANTIAL NON-COMPLIANCE AND HUMBLY REQUESTS THROUGH THE FOLLOWING MEMORANDUM OF POINTS AND AUTHORITIES, THAT THIS COURT ORDER DEFENDANTS TO FILE AN ANSWER DUE TO DISREGARD OF NUMEROUS INFORMAL ATTEMPTS AT RESOLUTION.

MEMORANDUM OF POINTS AND AUTHORITIES

I. FACTUAL BACKROUND

1

1   On June 5, 2015, plaintiff was classified as a
2   maximum custody prisoner and placed in Arizona State
3   prison complex - Eyman, Browning Unit. From
4   afore said date forward, defendants have been out
5   of compliance with Parsons v. Ryan stipulation set
6   forth by the District Court and agreed upon by both
7   parties in aforementioned case number.

8

9   Plaintiff has sought relief through counsel
10  Daniel Pachoda, Arizona Bar No. 021979, on October
11  27, 2015. (see Exhibit D) Plaintiff has also sought relief
12  through counsel David Fathi, Washington Bar No. 24893
13  and Amy Fettig, D.C. Bar No. 484883 on April 24, 2016.
14  (see Exhibit E) Lastly the plaintiff has exhausted all
15  administrative remedies, of the Arizona Department of
16  Corrections. (see Exhibit F)

17

18  All relief sought was to no avail, whereby the
19  origin of this notice derives.

20

21

22  II.  Law And Argument

23

24

25  A. Requirements Of Stipulation And Non-Compliance
26      There of.

27

28

2

1  In Parsons V. Ryan Stipulation Page 8, Paragraph
2  22 states " ADC Maximum Custody Prisoners Housed At
3  Eyman-Browning Unit shall be offered out-of-cell time,
4  Incentives, Programs and Property consistent with D.I.326
5  and the Step-Program Matrix." It also states " Defendants
6  shall implement D.I.326 For all ELIGIBLE prisoners and
7  shall maintain them in their current Form For the Duration of
8  this Stipulation."
9
10  Eligibility of a maximum security prisoner is
11  Ascertained by D.I.326, Section 2.0. The only inmates
12  Not Eligible For the Step-Program Matrix are those
13  placed in a Restrictive Status Housing Program as
14  Outlined in Section 5.0 of D.I.326. The plaintiff is eligible.
15
16  Page 8, paragraph 24 states " All prisoners Eligible
17  For participation in D.I.326 shall be offered at least
18  7.5 hours out-of-cell time per week", at a progressive
19  rate From Step I to 8.5 hours at Step II and 9.5
20  hours at Step III.
21
22  The plaintiff's claim of Non-Compliance Rests on
23  the averment that Departmental policy D.O. 801
24  Classification Directly Defeats the purpose and mission
25  of DI.326, progressive out-of-cell time of the step
26  program and Parsons V. Ryan stipulation; whereby Rendering
27  Defendant's Compliance Non-Existant as the plaintiff
28  shall Further Illuminate.

1    D.I. 326, PAGE NUMBER 9; GUIDING PRINCIPLES,
2    NUMBER 5 STATES, DEFENDANT'S SHALL "DETERMINE AN
3    INMATES LENGTH OF STAY IN MAXIMUM CUSTODY ON THE
4    RECOMMENDATION OF THE PERSONS ASSIGNED TO CONDUCT
5    THE CLASSIFICATION REVIEW AS OPPOSED TO STRICLY
6    HELD TIME PERIODS."

7

8    IN ORDER FOR DEFENDANT'S TO BE IN COMPLIANCE WITH
9    STIPULATION AND PURPOSE THEREOF; ANY STRICLY HELD
10   TIME PERIOD AS AFORESAID, THAT OPPOSES THE MISSION
11   OF STEP-PROGRAM MATRIX (I.E. PROGRESSIVE OUT OF-CELL
12   TIME) SHALL BE EXTERMINED OR AMENDED AS SHOULD
13   BE THE CASE HERE TO ENSURE COMPLIANCE OF STIPULATION.

14

15   ARIZONA DEPARTMENT OF CORRECTIONS POLICY; D.O.801,
16   INMATE CLASSIFICATION DIRECTLY DEFEATS THE PURPOSE OF
17   D.I. 326; STEP-PROGRAM MATRIX AND STIPULATION BY
18   CREATING AND MAINTAINING "A STRICLY HELD TIME
19   PERIOD." IRONICALLY AFOREMENTIONED POLICY SITS AT
20   THE FOREFRONT OF D.I. 326, SECTION 1.0, SUBSECTION
21   1.1: "INMATES SHALL BE ASSIGNED TO MAXIMUM CUSTODY
22   PURSUANT TO DEPARTMENT ORDER 801, INMATE CLASSIFICATION"
23   THIS CANNOT BE IF THE MISSION AND PURPOSE OF
24   STEP-PROGRAM IS TO BE ENSURED.

25

26   DEPARTMENT ORDER 801; TECHNICAL MANUAL,
27   SUBSECTION, TM 801.05; CUSTODY RECLASSIFICATION
28   SCORING CRITERIA NUMBER 4 (DISCIPLINE VIOLENCE HISTORY)

1. ESTABLISHES AFORESAID "STRICLY HELD TIME PERIOD".

2.

3. THE ABOVE POLICY DOES SO, BY OUTLINING A STRICT
4. PROCEDURE RENDERING ONLY ACTIONS WHICH MAKE INMATES
5. ELIGIBLE FOR ~~MAXIMUM CUSTODY~~ (I.E- STAFF ASSAULT, 2 ON 1 INMATE
6. ON INMATE ASSAULT AND 2 ON 1 STAFF ASSAULT) PROHIBITED FOR
7. "TWO YEARS" BEFORE GRANTING THE NECESSARY REQUISITES
8. (I.E- POINT REDUCTION) TO MOVE TO A LOWER CUSTODY UNIT,
9. AS IN THE INSTANT CASE S.M.U-1 WHERE STEP II IS
10. COMMENCED.

11.

12. THE ABOVE PROCEDURE OUTLINED ABOVE RENDERS THE MISSION
13. AND PURPOSE OF STEP-PROGRAM MATRIX AND D.I. 326
14. NON-EXISTANT. FURTHERMORE THIS ESSENTIALLY CAN
15. BE INTERPRETED WITH REASONABLE CERTAINTY THAT,
16. THE PARSONS V. RYAN STIPULATION IF CONTINUED
17. AS EXPLAINED ABOVE WAS NOT A CORRECTIVE ACTION
18. BUT A MERE SLAP ON MR. RYAN'S WRIST SO TO SPEAK
19. OF ATTORNEY FEES AND FEES ASSOCIATED WITH STATE
20. EMPLOYMENT; FOR VIOLATIONS OF CONSTITUTIONAL
21. MAGNITUDE.

22.

23.

24. **B. INVALIDATION OF TERMINATION DEFENSE**

25.

26. PLAINTIFF HAS ~~NOTED~~ AND ~~FILED~~ PLEADING OF NON-
27. COMPLIANCE WITH DANIEL PACHODA, OF THE A.C.L.U
28. FOUNDATION OF ARIZONA ON 10/29/2015. PLANTIEF

1   CONDUCTED A FURTHER SEARCH FOR RELIEF BY DAVID
2   FATHI AND AMY FETTIG OF THE A.C.L.U NATIONAL
3   PRISON PROJECT ON 04/24/2016, WHILE SIMULTANEOUSLY
4   RAISING CLAIM THROUGH ALL ADMINISTRATIVE REMEDIES
5   AT THE DEPARTMENT OF CORRECTIONS. ALL INFORMAL
6   REQUESTS MET WITH A DENIAL FOR RELIEF.
7
8   ANY DEFENSE BROUGHT BY DEFENDANTS PERTAINING
9   TO THE TERMINATION OF SPECIFIC PERFORMANCE MENTIONED
10  HEREIN, HAS BEEN RENDERED TERMINATED IN ACCORDANCE
11  WITH PARAGRAPH 19 AND 20 OF PAGES 5, 6 AND 7 OF
12  STIPULATION SHOULD BE CONSIDERED INVALID; ON THE
13  GROUNDS THAT, THIS CLAIM HAS BEEN RAISED DURING
14  TIME FRAME IN WHICH DEFENDANTS SHOULD HAVE BEEN
15  IN COMPLIANCE OF AFORESAID SPECIFIC PERFORMANCE.
16
17

18  ## C. CONCLUSION

19
20  THE PLAINTIFF HEARBY SERVES THIS NOTICE OF
21  SUBSTANTIAL NON-COMPLIANCE ON THE DEFENDANT, DUE
22  TO THE FAILURE OF PLAINTIFF'S COUNSEL NOT
23  RENDERING PROFESSIONALLY COMPETENT LEGAL
24  ASSISTANCE.
25
26  THE PLAINTIFF ALSO HUMBLY REQUESTS THIS
27  COURT TO ORDER DEFENDANTS TO FILE AN ANSWER TO
28  THIS NOTICE, AS IT HAS JURISDICTION PURSUANT

1  To PARAGRAPH 31, PAGE 12 OF PARSONS V. RYAN STIPULATION
2  AND DUE TO THE AVERMENT THAT NUMEROUS ATTEMPTS
3  HAVE BEEN MADE BY PLAINTIFF TO RESOLVE THIS MATTER
4  SINCE OCTOBER 24, 2015.

5
6  FURTHERMORE THIS NOTICE OF SUBSTANTIAL NON-
7  COMPLIANCE IS WRITTEN IN FORMAL FORM, DUE TO FEAR
8  OF BEING DISREGARDED AS HAS BEEN THE CASE AS
9  WITNESSED IN ATTACHED EXHIBITS BY PLAINTIFF'S
10 COUNSEL, DEFENDANTS OFFICIALLY AND THEIR COUNSEL.

11

12

13 I DANIEL ALEXANDER RODRIGUEZ AS AN UNREPRESENTED
14 PARTY, CERTIFY THAT THIS MOTION UNDER PENALTY
15 OF PERJURY IS TRUE TO THE BEST OF MY KNOWLEDGE.
16 ALSO, I DO HEARBY CERTIFY THAT THE FORM AND
17 PROCEDURE OF THIS PLEADING IS IN ACCORDANCE WITH
18 LOCAL RULES OF THE DISTRICT COURT AND THE FEDERAL
19 RULES OF CIVIL PROCEDURE.

20

21                                                    25th
22 RESPECTFULLY MAILED ON THIS ███ DAY OF
23 SEPTEMBER         IN THE YEAR 2016, TO ALL PARTIES
24 INTERESTED AND THE CLERK OF THE COURT.

25

26                              By: DANIEL A. RODRIGUEZ

27

28

7

# EXHIBIT

# LETTER

# D

• CORRESPONDENCE OF PLEADING TO DANIEL PACHODA.

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Request for Withdrawal**

3902 FMX

Use BLACK INK only

| ADC Number | Location | Date | Total Amount |
|---|---|---|---|
| 2 4 2 5 1 6 | | 1 0 / 2 7 / 1 5 | 6 |

| Store | Stamps | Photo | Other |
|---|---|---|---|

| Last Name | First Name | MI |
|---|---|---|
| R O D R I G U E Z | D A N I E L | A |

Pay to: *(Company or name of payee)*          Account Number

Street Address 3707 NORTH 7th St., Suite 235     City P H O E N I X   State A Z   Zip Code 8 5 0 1 3

Reason: SENDING LEGAL MAIL: ONE MANILLA ENVELOPE LARGE; TWENTY-THREE PAGES ENCLOSED. THANK YOU!

**ATTEST** *(Authorizing Staff Signature)*          INMATE SIGNATURE   D.O.A.R.

Distribution :  White - Inmate Banking
        Canary - Store/Intelligence
        Pink - Inmate

905-1
3/3/11

SENT TO DANIEL PACHODA AND HE NEVER RESPONDED. D.O.A.R.

9

# EXHIBIT

# LETTER

# E

- CORRESPONDENCE OF PLEADING TO AMY FETTIG AND DAVID FATHI

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT

**ACLU**

AMERICAN CIVIL LIBERTIES UNION

FOUNDATION

### CONFIDENTIAL ATTORNEY-CLIENT CORRESPONDENCE

June 24, 2016

Daniel Rodriguez, ADC #242516
ASPC Eyman, Browning
P.O. Box 3400
Florence, AZ 85132

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

Re:     **Parsons v. Ryan**

Dear Mr. Rodriguez:

    We received your pleading dated April 24, 2016. We were experiencing staffing transition issues around the time we received your correspondence, which delayed our response. We apologize for that delay.

    Thank you for contacting our office. We first want to commend you on the quality of your correspondence. It was well researched, thought out and written. We are concerned to hear about the conditions you are experiencing in maximum custody. This letter is to update you on the status of *Parsons v. Ryan*, the federal lawsuit regarding problems with the Arizona Department of Corrections' (ADC) medical, mental health, and dental care. The suit also challenges inhumane conditions in the isolation units. This case is a "class action" which means it covers all prisoners in the ten ADC prisons. The case was filed in March 2012 by the ACLU, the Prison Law Office, the Arizona Center for Disability Law, and two law firms, Perkins Coie and Jones Day.

    On October 14, 2014, the parties told the court that they had reached a settlement of the case. The judge approved the settlement during a February 18, 2015 Fairness Hearing and issued a written order confirming his decision on February 25, 2015. Under the settlement, ADC must fix its health care system and meet more than 100 performance

measures, including health care for prisoners with chronic medical conditions; specialty care; care for mentally ill prisoners; and dental care. The settlement also requires ADC to overhaul the rules for prisoners with serious mental illnesses in isolation.  Instead of spending all but six hours a week in their cells, such prisoners will now have a minimum of 19 hours a week outside the cell, and this time must include mental health treatment and other programming.  ADC must also restrict guards' use of pepper spray on these prisoners, using it only as a last resort when necessary to prevent serious injury or escape.  If family or friends with internet access would like to access the settlement agreement, they can find it at http://prisonlaw.com/wp-content/uploads/2015/12/14.10.14-Doc-1185-Stipulation-Settlement-Agreement-and-Exhibits.pdf.

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Class action status means these changes will apply to all prisoners in ADC custody.  If you are a prisoner in ADC custody, you do not have to do anything else to be part of the class.  **We did not seek money damages, and prisoners will not receive any money as a result of the settlement.**  The lawsuit sought only injunctive relief, which means changes to the policies and practices of ADC.  When the judge certified the case as a class action, he appointed us to represent all prisoners only with regard to the case.  We may be able to notify ADC's attorneys if we learn of prisoners with proof of serious and urgent untreated health care needs that could lead to death or permanent injury.  If you have an urgent health care need, send us copies (not originals) of any HNRs, grievances, or other documents that you think would be of use to us.  We will review and return the documents.  Other than notifying ADC, we cannot assist with your individual health care concern.

While we are monitoring the ADC to ensure that they are offering the appropriate amount of out-of-cell time in accordance with DI 326, how inmates are classified under DI 326 and under DO 801 is beyond the scope of *Parsons.*

We urge you to continue to turn in grievances to try to fix any problems you are having.  To be able to file a lawsuit in court in the future, you must start by turning in a grievance.  When you get a response to your grievance, you must appeal through all available levels.  Be sure to

[Handwritten margin note:] Ms. Fetteg wholly and erroneously misinterpretes the scope of Parsons. How inmates are classified under D.I. 326 and D.O. 801 directly opposes the progressive out-of-cell time of step-program under Parsons, which renders Defendants out of compliance until D.O. 801 is amended to abide by Parsons and D.I. 326.

2

[Handwritten:] 12

keep copies of your grievances and appeals and any responses.  I have enclosed paperwork on the grievance process to help with you with your filing.

The settlement calls for ongoing monitoring by the prisoners' lawyers to make sure the state complies with its terms.  We want to ensure you that monitoring is still ongoing and ADC's obligations under the settlement agreement have not been terminated.  We will tour institutions, review documents including prisoners' health care files, and interview prisoners.  We will use information we get from letters like yours to help us focus on system-wide or prison-wide problems. We will also use information from surveys, such as the one enclosed here.  It would help us greatly if you would fill out this survey and send it back to us in the enclosed self-addressed stamped envelope.  Thank you in advance for your time.

The information you provide helps us learn what is happening in ADC's prisons so that we can hold ADC accountable and ensure that the terms of the settlement agreement are met.   We are returning your original paperwork to you.  We have retained a copy for our files.

Thank you for your interest in the case, and we wish you the best.

Sincerely,

Amy Fettig
Associate Director

Encl.

**AMERICAN CIVIL
LIBERTIES
UNION FOUNDATION**

3

# EXHIBIT

# LETTER

# F

- EXHAUSTION OF ALL ADMINISTRATIVE REMEDIES

14

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

*Complaints are limited to one page and one issue.*

*Please print all information.*

| INMATE NAME *(Last, First M.I.)* (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| RODRIGUEZ, DANIEL A. | 242516 | A.S.P.C - EYMAN / BROWNING | 04/25/2016 |

| TO | LOCATION |
|---|---|
| C.O. III ANDERSON | WING 1 BAKER CLUSTER POD-1 / CELL #2 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible. THE FOLLOWING COMPLAINT IS AGAINST THE DEPARTMENT OF CORRECTIONS AND EMPLOYEES WORKING IN THEIR OFFICIAL CAPACITY. THIS COMPLAINT PERTAINS DIRECTLY TO CLASSIFICATION (PROCEDURE) NOT CLASSIFICATION (ACTION), AS OUTLINED IN THE GRIEVANCE PROCEDURE DEPARTMENT ORDER 802. IT SPECIFICALLY STATES " THE INMATE GRIEVANCE PROCEDURE DOES NOT SERVE AS A DUPLICATE APPEAL PROCESSES: 1.3.5 - CLASSIFICATION ACTION OUTLINED IN DEPARTMENT ORDER 801 INMATE CLASSIFICATION. THIS COMPLAINT WHEN MENTIONED HEREIN ABOUT CLASSIFICATION IT IS TO BE KNOWN THAT IT DIRECTLY PERTAINS TO THE (PROCEDURE) AND NOT ANY CLASSIFICATION (ACTION) WITH THAT KNOWN THIS COMPLAINT IS IN ACCORDANCE WITH D.O. 802 AND SHOULD BE PROCESSED ACCORDINGLY. THE ARIZONA DEPARTMENT OF CORRECTIONS AND CHARLES RYAN IN THEIR OFFICIAL CAPACITIES ARE IN VIOLATION OF PARSONS V. RYAN STIPULATION No. CV 12 - 00601- PHX- DJH TO WHICH I AM A PLAINTIFF, THE DEPARTMENT, RYAN ACTIONS ARE MALICIOUSLY NEGLIGENT AND WILL BE DESCRIBED HEREIN. IN PARSONS V. RYAN STIPULATION SECTION II. (SUBSTANTIVE PROVISIONS) SUBSECTION B. PARAGRAPH "32 IT STATES" DEFENDANTS SHALL IMPLEMENT D.I. 326 AND THE STEP-PROGRAM MATRIX FOR ALL ELIGIBLE PRISONERS AND SHALL MAINTAIN THEM IN THEIR CURRENT FORM FOR THE DURATION OF THIS STIPULATION." (NOTE- STIPULATION IS STILL IN FULL FORCE AND EFFECT) AS IN THE INSTANT CASE THE D.I. 326 POLICY SECTION (2.0) SUBSECTION (2.1) IT STATES " INMATES MUST FOLLOW ALL PROGRAM REQUIREMENTS ON A DAILY BASIS TO QUALIFY FOR ADVANCEMENT AND INCENTIVES FOR A MINIMUM OF 80 CONSECUTIVE DAYS IN ORDER TO BE ELIGIBLE FOR CONSIDERATION TO ADVANCE IN STEPS." I HAVE COMPLIED WITH ALL PROGRAM REQUIREMENTS FOR THE PAST 230 DAYS AND HAVE STILL NOT BEEN ALLOWED TO ADVANCE IN STEP. THE D.I. 326 POLICY ALSO STATES UNDER THE GUIDING PRINCIPLES NUMBER FIVE THAT A.D.O.C IS TO " DETERMINE AN INMATES LENGTH OF STAY IN MAXIMUM CUSTODY ON THE RECOMMENDATION OF THE PERSONS ASSIGNED TO CONDUCT THE CLASSIFICATION REVIEW AS (OPPOSED TO STRICTLY HELD TIME LIMITS)" AS IN THE INSTANT CASE THE ARIZONA DEPARTMENT OF CORRECTIONS DEPARTMENT ORDER 801- TECHNICAL MANUAL SUBSECTION TM 801.05 CUSTODY RECLASSIFICATION SCORING CRITERIA NUMBER 4. (DISCIPLINE VIOLENCE HISTORY) DIRECTLY COMBATS D.I. 326 BY KEEPING AN INDIVIDUAL IN MAXIMUM CUSTODY FOR A SET CERTAIN PERIOD OF TIME IN DIRECT VIOLATION OF D.I. 326, PARSONS V. RYAN STIPULATION AND THE STEP-PROGRAM MATRIX BY THE MALICIOUS NEGLIGENCE OF CHARLES RYAN IN HIS FAILURE TO REVISE THE CLASSIFICATION PROCEDURE TO ABIDE BY PARSONS V. RYAN STIPULATION OTHER OFFICIALS M. ANDERSON, REYES AND TAYLOR ALL C.O. III'S IN CONTROL OF RECOMMENDATION TO COMMITTEE FOR ADVANCEMENT IN STEP ARE HELD LIABLE AS WELL FOR THEIR NEGLIGENCE IN ABSENCE OF RECOMMENDATION TO ADVANCE IN STEP.

RESOLUTION: TO BE IMMEDIATELY RECOMMENDED AND OR ADVANCED IN STEP AND BE PLACED IN HOUSING THAT'S LESS RESTRICTIVE IN ACCORDANCE WITH D.I. 326. THE CLASSIFICATION PROCEDURE NEEDS TO BE REVISED SPECIFICALLY PORTION MENTIONED ABOVE, SO THAT CHARLES RYAN AND A.D.O.C CAN BE IN FULL COMPLIANCE WITH PARSONS V. RYAN STIPULATION, D.I. 326 AND STEP-PROGRAM MATRIX.

THANK YOU & GOD BLESS!

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| | 04/25/2016 |

Have you discussed this with institution staff?  ☑ Yes  ☐ No

If yes, give the staff member name: C.O. III's BENDEL, ANDERSON, REYES AND TAYLOR.

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

15

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

*For Distribution:  Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Rodriguez | 242516 |

| Institution/Unit |
|---|
| ASPC-Eyman Browning |

| From | Location |
|---|---|
| COIII Anderson | 1-B-2 |

I have received your informal complaint resolution dated  4/20/16 concerning the policy of classifaation. Prodeedure and or the action. I can not help you at this level

*(handwritten)* ✳ RECEIVED RESPONSE ON 05/06/2016 THROUGH INSTITUTIONAL MAEL BY C.O. II MARTINEZ ✳ #242516.

| Staff Signature | Date |
|---|---|
| *Anderson* | 5/2/16 |

Distribution:   Original - Inmate
                Copy – Grievance Coordinator File

802-12(e)
12/12/13

16

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

Received By: Form # 2609
TITLE: CO II
BADGE NUMBER: # 2601   DATE: 5-10-16

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| RODRIGUEZ, DANIEL A. | 242516 | A.S.P.C - Eyman BROWNING UNIT - 1-B-CELL #2 | |

TO: C.O. IV McCLELLAN OR DESIGNEE.

DESCRIPTION OF GRIEVANCE: ON 05/06/2016 I RECEIVED RESPONSE TO INFORMAL COMPLAINT BY C.O. III M. ANDERSON. (SEE ATTACHED); THE ENTIRE COMPLAINT THAT I HAVE IS EXPLAINED AND SET FORTH IN FULL IN ATTACHED INFORMAL COMPLAINT RESOLUTION FILED ON 04/25/2016.

PROPOSED RESOLUTION: MY RESOLUTION IS EXPLAINED IN FULL ON ATTACHED INFORMAL COMPLAINT RESOLUTION AND SHALL BE THE SAME FOR THIS GRIEVANCE, AS IS ABOVE DESCRIPTION.

| GRIEVANCE COORDINATOR'S SIGNATURE: | DATE: |
|---|---|

ACTION TAKEN BY _____ DOCUMENTATION OF RESOLUTION OR
ATTEMPTS AT RESOLUTION.

Unprocessed
wrong form    correct form
attached

Plus per Central Office you must write out
complaints and resolutions

★ NOTE- FORM OF ABOVE GRIEVANCE IS COPIED DIRECTLY FROM A.D.O.C FORM NUMBER 802-1. ★
simply stating they are
same as informal is
not sufficient.

√THANKS!

| Signature | Date |
|---|---|
| | 05/10/2016 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance

| | |
|---|---|
| Received By | Beauregard |
| Title | CO II |
| Badge Number | 4026 |
| Date | 5/31/16 |

*Note:* You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) | ADC Number | Date |
|---|---|---|
| RODRIGUEZ, DANIEL A. | 242516 | 05/31/2016 |

| Institution/Facility | Case Number |
|---|---|
| A.S.P.C-EYMAN/BROWNING UNIT/1-B-2 | A21-155-016 |

To: C.O. IV McCLELLAN OR DESIGNEE

**Description of Grievance** *(To be completed by the inmate)* * THE TIMELINESS OF THIS GRIEVANCE IS DUE DIRECTLY TO THE MALICIOUSLY IGNORANT ACTIONS OF C.O. III BENDEL BADGE# 2491. SEE ATTACHED, GRIEVANCE AND RESPONSE; WHICH BENDEL'S RESPONSE IS PITIFUL AND UNFORTUNATE, THAT A C.O. III OF THE DEPARTMENT ESPECIALLY THE GRIEVANCE COORDINATOR DOES NOT KNOW AND IS IGNORANT OF THE GRIEVANCE PROCEDURE D.O. 802. AT ANY RATE I WILL PLAY THIS MANS IMMATURE GAMES DUE TO THE FACT THAT MY GRIEVANCE AS EVIDENCED WILL NOT GET PROCESSED IF THE "ALMIGHTY" BENDEL DOESN'T LIKE IT. MY COMPLAINT AS NOTED IN ATTACHED INFORMAL IS AS FOLLOWS; THE COMPLAINT DIRECTLY ADDRESSES DISCREPANCIES OF CLASSIFICATION "PROCEDURE" NOT "ACTION" WHICH IS BARRED TO BE CHALLENGED BY D.O. 802. THESE DISCREPANCIES OF D.O. 801 DIRECTLY VIOLATE D.I. 326, STEP-PROGRAM MATRIX AND PARSONS V. RYAN STIPULATION. IN REFERENCE TO SPECIFICALLY HELD TIME LIMITS OF PERSONS CLASSIFIED TO MAXIMUM CUSTODY STATUS. THE MALICIOUS NEGLIGENCE OF CHARLES RYAN IN HIS FAILURE TO REVISE THE CLASSIFICATION PROCEDURE TO ABIDE BY PARSONS V. RYAN STIPULATION. M. ANDERSON, REYES AND TAYLOR ALL C.O. III'S IN CONTROL OF RECOMMENDATION TO COMMITTEE FOR ADVANCEMENT IN STEP ARE HELD LIABLE AS WELL FOR ABSENCE OF RECOMMENDATION TO ADVANCE.

**Proposed Resolution** *( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)* TO BE IMMEDIATELY RECOMMENDED AND/OR ADVANCED IN STEP AND BE PLACED IN HOUSING THAT'S LESS RESTRICTIVE IN ACCORDANCE WITH D.I. 326. THE CLASSIFICATION PROCEDURE NEEDS TO BE REVISED SPECIFICALLY PORTION MENTIONED ON INFORMAL COMPLAINT AND ABOVE, SO THAT CHARLES RYAN AND AD.O.C CAN BE IN FULL COMPLIANCE WITH PARSONS V. RYAN STIPULATION, DI. 326 AND STEP-PROGRAM MATRIX. *NOTE - ATTACHED TO THIS FORM IS THREE) 3 FORMS; INFORMAL COMPLAINT AND RESPONSE AND ORIGINAL GRIEVANCE DATED 5/10/2016.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| D. A. R | 05/31/2016 | Bendel for CO II McClellan | 6-1-16 |

| Action taken by | Documentation of Resolution or Attempts at Resolution. |
|---|---|
| | |

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | 4026 | 5/31/16 |

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

802-1
7/13/09

18

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)*<br>Rodriguez, Daniel | ADC Number<br>242516 | Institution/Facility<br>ASPC-E Browning | Case Number<br>A21-155-016 |
|---|---|---|---|

I am in receipt of your inmate grievance, case number A21-155-016 regarding your claim that Classification policy needs to be revised in order to comply with the Parsons V. Ryan lawsuit stipulations and also so that the time frames of remaining in Max custody are consistent with time frames laid out for step level increases.

Your proposed resolution is to be moved to step level 2 immediately, to be housed in a less restrictive custody level and to revise classification policy.

I have investigated your claim which included a review of all of the paperwork you submitted.

Per DI 326, 1.0 1.4.4 your assignments to specific housing areas and step levels are not grievable.

To address your concern regarding revision of classification policy, I see no need to change DO 801 at this time.

Classification actions are completely seperate from DI326. Movement among step levels and movement to less restrictive custody levels are strictly behavior based and at the discretion of the step level committee within each respective Max Custody unit. Max Custody classification is not considered as a reason to deny an inmate movement among Max Units or step levels.

All movement within step levels and less restrictive environments are still all considered to be Max Custody. However, inmates housed at Central Unit (Max Custody) who succesfully program are elligible for a gradual move back into Close Custody. This is regardless if an inmate is still scoring Max Custody or not.

Your claims of Classification policy being out of compliance with The stipulations of Parsons V Ryan are unsubstantiated.

Your proposed resolution to have the classification policy revised to be in compliance with Parson V Ryan is denied.

Your grievance is resolved. If you are unhappy with this response, you may appeal the decision to the warden within five (5) business days of receipt of this letter.

*RECEIVED THROUGH INSTITUTIONAL MAIL ON 06/01/2016 @ 7:06 P.M. BY C.O. II HERRERA BADGE # 12161 DR.#242516*

| Signature<br>ADW B. Gregory | Date<br>6·1·16 |
|---|---|

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

19

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance Appeal

*(To be completed by staff member initially receiving appeal)*

| | |
|---|---|
| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | Received by: W N / 7209/0846 |
| | Title: CO II |
| | Badge #: 10846 |
| | Date: 6-8-16 |

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| RODRIGUEZ, DANIEL A. | 242516 | 06/08/2016 |

| Institution A.S.P.C.-EYMAN / BROWNING UNIT / WING 1 | Case Number |
|---|---|
| BAKER CLUSTER / POD-1 / CELL #2 | A21-155-016 |

TO: DEPUTY WARDEN: IBARRA

I am appealing the decision of A.D.W-B. JOSEFITWITZ for the following reasons: Ms. JOSEFITWITZ STATES "CLASSIFICATION ACTIONS ARE COMPLETELY SEPERATE FROM D.I. 326." MY CLAIM RESTS ON THE FACT THAT IN ORDER TO ABIDE BY PARSONS V. RYAN AND D.I. 326 A.D.O.C MUST CHANGE D.O. 801. D.I. 326 ENSURES THAT A PERSONS LENGTH OF STAY IN MAXIMUM CUSTODY RESTS ON THE RECOMMENDATION OF STEP COMMITTEE AS OPPOSED TO STRICTLY HELD TIME LIMITS. D.O. 801 ENSURES A PERSONS STAY IN MAX CUSTODY TO A STRICTLY HELD TIME PERIOD, DIRECTLY IN VIOLATION OF D.I. 326, PARSONS V. RYAN AND STEP-PROGRAM. AS IN MY CASE C.O-II TAYLOR, REYES AND M. ANDERSON HAVE TOLD ME THAT I AM DISQUALIFIED FROM THE STEP-PROGRAM UNTIL THE MIDDLE OF THE YEAR 2017. THESE C.O. II'S ARE REFERENCING THE POLICY OF D.O. 801 TIME LIMITS. PURSUANT TO D.I. 326 I HAVE BEEN QUALIFIED FOR THE STEP-PROGRAM SINCE 06/06/2015, MY INITIAL PLACEMENT IN MAX CUSTODY. BY D.O. 801-TECHNICAL MANUAL SUBSECTION TM 801.05-CRITERIA NUMBER 4 SUBJECTING ME TO DISQUALIFICATION AND A STRICTLY HELD TIME PERIOD IN MAXIMUM CUSTODY THERE BY VIOLATING D.I. 326 PARSONS V. RYAN AND STEP-PROGRAM MATRIX. ANY REASONABLY CAREFUL AND PRUDENT PERSON CAN COME TO THE DETERMINATION THAT SPECIFIC PORTIONS OF D.O. 801 DIRECTLY COMBATS THE MISSION OF D.I. 326 AND THE PARSONS V. RYAN STIPULATION. THEREFORE A.D.W. B. JOSEFITWITZ DID NOT MEET MY RESOLUTION. MY RESOLUTION STANDS AS IT IS NOT CHARLIE RYAN AND OFFICIALS UNDER HIS DIRECTION STILL BE HELD IN NON-COMPLIANCE OF PARSONS V. RYAN STIPULATION UNTIL D.O. 801 IS BROUGHT INTO ACCORDANCE OF STIPULATION. ★NOTE-(5) PAGES ATTACHED. INFORMAL, RESPONSE, GRIEVANCE, RESPONSE AND GRIEVANCE EVIDENCE.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| D.C.L.R | 06/08/2016 | Bench for cert McClellan | 6-13-16 |

| Response To Inmate By: | Location |
|---|---|
| | |

JUN 14 2016

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL:  White & Canary - Grievance Coordinator
                Pink - Inmate
FINAL:    White - Inmate
                Canary - Grievance File

802-3
7/13/09



# ARIZONA DEPARTMENT OF CORRECTIONS

## Decision of Appeal

*Please PRINT all information*

Check One ✓   ☐ Disciplinary Appeal   ☒ Grievance Appeal   ☐ Maximum Custody Placement

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | CASE NUMBER |
|---|---|---|---|
| Rodriguez, D. | 242516 | ASPC- Eyman-Browning | A21-155-016 |

Your appeal in the above referenced case has been reviewed.  The decision of the Warden/Deputy Warden/Administrator/Hearing Officer is to:

☒ Uphold the finding   ☐ Modify the penalties   ☐ Remand to the Hearing Officer for re-hearing   ☐ Dismiss

Findings and Conclusions:

I am in receipt of your Grievance Appeal dated June 7, 2016  which was received in my office on June 14, 2016 regarding your request to modify Department Order 801 be revised to mirror Directors Instruction 326 which you believe would allow for less restrictive housing area.

I have researched the issues that are noted in your grievance appeal and reviewed all supporting documentation that is available. I agree with Associate Deputy Warden Josefowicz and her response to you. Furthermore, your violent assaults against staff is a clear indicator that you pose a risk to staff and inmates alike. Your proposed resolution of being moved to a less restrictive housing area is denied at this time.

If you are not satisfied with this response, you may submit your final appeal to the Director within five (5) work days of receipt.

| WARDEN/DEPUTY WARDEN/ADMINISTRATOR/APPEALS OFFICER NAME *(Last, First M.I.) (Please print)* | |
|---|---|
| S. Morris DWOP | |
| SIGNATURE | DATE *(mm/dd/yyyy)* |
| S. Morris DWOP | 07/29/2016 |

**Inmate Received a copy of Decision of Appeal** *(Step I Only)*

| DELIVERY OFFICER NAME *(Last, First M.I.) (Please print)* | |
|---|---|
| | |
| SIGNATURE | DATE *(mm/dd/yyyy)* |
| Anderson | 8/1/16 |

Distribution:   Coordinator to make two copies of form:
              Original – Master Record File
              Copy - Institutional File
              Copy - Inmate

803-6(e)
6/7/14



ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter Response

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Rodriguez | 242516 |

| Institution/ Unit |
|---|
| ASPC-Eyman / Browning Unit |

| From | Location |
|---|---|
| J. Garrison, CO IV Complex Grievance Appeal Coordinator | Eyman Complex Administration |

This is a notification of time frames extension regarding your grievance appeal number ( A21-155-016 ). Your grievance was received on ( 06/14/16 ) and requires a response within 20 working days ( 07/11/16 ). However, investigation into your grievance issue has not been completed. As outline in Department Order 802, Inmate Grievance Procedure, an extension of 15 working days is authorized to provide the additional time required to process your grievance. A response to this grievance appeal will be completed prior to the deadline of this ( 08/01/16).

| Staff Signature | Date |
|---|---|
| | 7/7/16 |

Distribution:   Original -  Master File
                Copy – Inmate

916-2
4/15/04

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | *(To be completed by staff member initially receiving appeal)* |
|---|---|
| | Received by: A 13 AM |
| | Title: Sgt |
| | Badge #: 10069 |
| | Date: 8-3-16 |

***PLEASE PRINT***

| Inmate's Name *(Last, First, M.I.)* | ADC No. | Date |
|---|---|---|
| RODRIGUEZ, DANIEL A. | 242516 | 08/03/2016 |

| Institution A.S.P.C.-EYMAN / BROWNING-UNIT    WING | Case Number |
|---|---|
| 1-DB CLUSTER POD-5   CELL # 43 | A21-155-016 |

TO: GRIEVANCE COORDINATOR TO LOG, PROCESS AND FORWARD TO CENTRAL OFFICE APPEALS OFFICER, IN ACCORDANCE WITH D.O.802.05

I am appealing the decision of DWOP S. MORRIS _____ for the following reasons: MR. MORRIS DID NOT FULLY UNDERSTAND MY COMPLAINT. AS STATED THROUGHOUT, IN ORDER TO ABIDE BY PARSONS V. RYAN AND D.I.326 A.D.C.✗ MUST CHANGE D.O.801. D.I 326 AND PARSONS ENSURE THAT A PERSON'S LENGTH OF STAY IN MAXIMUM CUSTODY RESTS ON THE RECOMMENDATION OF STEP COMMITTEE AS OPPOSED TO STRICTLY HELD TIME LIMITS. D.O.801 ENSURES A PERSONS STAY IN MAX CUSTODY TO A STRICTLY HELD TIME PERIOD (PER IM 801.05 - CRITERIA NUMBER 4). MY RESOLUTION WAS NOT MET. CHARLES RYAN AND OFFICIALS UNDER HIS DIRECTION WILL BE OUT-OF COMPLIANCE OF PARSONS V. RYAN UNTIL D.O. 801 IS CHANGED.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| [signature] | 08/03/2016 | Bindel for CO III McClellan | 8.4.16 |

| Response To Inmate By: | Location |
|---|---|
| | |

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL:  White & Canary - Grievance Coordinator
          Pink - Inmate
FINAL:    White - Inmate
          Canary - Grievance File

802-3
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



ARIZONA DEPARTMENT

OF CORRECTIONS

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 544 | Rodriguez | 242516 | A21155016 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim Department Order 801 should to be amended to comply with Director Instruction 326. Your resolution is to amend policy and be moved to a less restrictive housing assignment.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. Pursuant to Director's Instruction # 326, Maximum Custody Population Management
1.4.4 Assignments to specific housing areas within maximum custody and the step level assigned are not appealable or grievable.

Based upon your current conviction you have been housed appropriately. Therefore, your request to have the policy modified is denied.

No further action is warranted in this matter.

CC: Warden, Eyman Complex

H.R.

_____
**Appeals Officer**

_____
**Charles L. Ryan, Director**

08/18/2016
**Date**