**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
CIVIL MINUTES - GENERAL**

Phoenix Division

**CV-12-0601-PHX-DKD**           DATE: October 5, 2016

Title: Parsons et al vs. Ryan et al
      Plaintiffs          Defendants
=======================================================================

HON:   David K. Duncan            Judge # 70BL/DKD

    Caryn Smith              CourtSmart
    Deputy Clerk             Recorded

**APPEARANCES:**
Kirstin Eidenbach and Kathleen Brody; with David Fathi, Amy Fettig, Donald Specter, Corene Kendrick and Maya Abela appearing telephonically, for Plaintiffs

Daniel Struck, Ashlee Fletcher and Lucy Rand for Defendants

=======================================================================
**PROCEEDINGS:**      **X   Open Court**      _____Chambers      _____ Other

This is the time set for Status Hearing. Discussion is held regarding the July 2016 compliance rates reported in Defendants' Monthly Status Report Regarding Current Percentage Compliance Rates Pursuant to Court Order (Doc. 1700). The document demonstrates continued serious and abject failures in compliance and does not indicate that Defendants have implemented a successful remediation plan. The Court has great concern that the plan put in place is not aggressive enough to obtain compliance with the stipulation. Defendants argue that additional time is necessary to see the results of their remediation plan given that training continued into July. August compliance data will be available before the next scheduled hearing on November 9, 2016. Absent a striking turn around it will be necessary for the Court to implement aggressive compliance measures.

The Court will issue a written order setting a timetable for compliance for the three additional performance measures, numbers 47, 80 and 94.

Discussion is held regarding the parties' efforts to draft a performance measure monitoring manual. Defendants advise that an old version of the manual had been provided in error and an updated version was provided this date. Further discussion is held. IT IS ORDERED the parties shall meet and confer as to the remaining updates required in the manual. By November 4, 2016 each side shall file with the Court the remaining issues that they believe need to be addressed in the performance manual. Responsive pleadings will be due within 14 days upon which time the Court will set a hearing on the matter.

Further discussion is held regarding the method of calculating the number of days pursuant to the Stipulation as addressed in the Court's previous Order (Doc. 1673). Mr. Fathi indicates that he believes the parties may be able to resolve this issue. If the parties cannot resolve this issue, IT IS ORDERED that each party within 14 days from today shall so inform the Court and also provide examples of how their calculation method complies with the Court's examples set forth in Doc 1673 at pp. 3-4 and how the opposing party's method does not. The Court will then resolve the dispute.

Argument is heard as to performance measures 87 and 89 that being "seen in a confidential setting" includes group encounters. IT IS ORDERED taking the matter under advisement as a motion for reconsideration.

Discussion is held regarding prospective versus retrospective application of the Court's rulings applying the terms of the Stipulation. The issue is not yet fully ripe for consideration.

Discussion is held as to discovery dispute presented in Plaintiffs' report, Paragraph II.A, Max Custody Notebooks. IT IS ORDERED (Amending the Court's direction from the bench) that following the Defendants' October 14, 2016 supplemental disclosure, the parties shall meet and confer to resolve as many disputes pertaining to this issue as possible. If issues remain, Plaintiffs shall identify those remaining issues in an email to counsel and the Court. Defendants shall have four days to respond and Plaintiffs two days to reply.

Discussion is held regarding Paragraph II (b), Documentation Regarding Falsification of Records. IT IS ORDERED Ms. Rand shall produce with 14 days all information on the officers involved in reporting logs who were reprimanded for dereliction of duty or for falsification of documents. If issues remain, following the required meet and confer, Plaintiffs shall notify the Court and the parties shall follow the email briefing procedure described in the preceding paragraph.

Discussion is held regarding Plaintiffs' agenda item III, Defendants Refusal to Produce Documents Regarding Maximum Security Sub-class Members. Argument is heard. IT IS ORDERED taking the matter under advisement.

Argument is heard regarding Plaintiffs' agenda item IV, Production of Documents Regarding Errors of Inaccuracies in Compliance Monitoring. IT IS ORDERED the parties shall continue to work on this item with the three available contacts, Richard Pratt, the procurement officer and Dr. Nicole Taylor.

Discussion is held regarding the medical record issue which the parties have agreed to resolve through a meet and confer.

Further discussion is held regarding cell-front encounters regarding inmates on suicide watch. The Court will issue a separate written order.

The Court reminds the parties about the importance of open communication to avoid unnecessary disputes such as occurred with the inadvertent production of a previous version of the draft monitoring manual. The Court also reminds the parties that it is available to assist in any way.

Time in court: 1hr 47 min (9:04 AM – 10:51 AM)