UNITED STATES DISTRICT
DISTRICT OF ARIZONA

Daniel Alexander Rodriguez,

On Behalf of Himself And All

Others Similarly Situated,
PLAINTIFFS

V.

Charles Ryan, Director, Arizona

Department of Corrections; and

Richard Pratt, Interim Division

Director of Health Services, Arizona

Department of Corrections, In Their

Official Capacities, DEFENDANTS

No. CV 12-00601-PHX-DJH

Notice Of Substantial
Non-Compliance

The plaintiff Daniel Alexander Rodriguez; Arizona
Department of Corrections I.D. Number 242516, As A Member
of Above Class Action Suit Hereby Informs Defendants
of Substantial Non-Compliance And Humbly Requests Through
The Following Memorandum of Points And Authorities, That
This Court Order Defendants To File An Answer Due To
Disregard Of Numerous Internal Attempts At Resolution.

Memorandum Of Points And Authorities

I. Factual Background

1   On June 5, 2015, Plaintiff was classified as a
2   Maximum Custody Prisoner and placed in Arizona State
3   Prison Complex - Eyman, Browning Unit. From
4   Afore said Date Forward, Defendants have been out
5   of Compliance with Parsons v. Ryan Stipulation set
6   Forth By the District Court and agreed upon By Both
7   Parties in Aforementioned Case Number.

8
9   Plaintiff has sought Relief Through Counsel
10  Daniel Pacheda, Arizona Bar No. 021979, on October
11  27, 2015. (see Exhibit D) Plaintiff has also sought Relief
12  Through Counsel David Fathi, Washington Bar No. 24893
13  and Amy Fettig, D.C. Bar No. 484883 on April 24, 2016.
14  (see Exhibit E) Lastly the Plaintiff has exhausted all
15  Administrative Remedies, of the Arizona Department of
16  Corrections. (see Exhibit F)

17
18  All Relief Sought was to No Avail, whereby the
19  Origin of this Notice Derives.

20
21
22  __II. Law And Arguement__

23
24
25  A. Requirements Of Stipulation And Non-Compliance
26      There of.

27
28

2 OF 24

1. In Parsons V. Ryan Stipulation Page 8, Paragraph
2. 22 States " ADC Maximum Custody Prisoners Housed at
3. Eyman - Browning Unit Shall be Offered Out - of - Cell Time,
4. Incentives, Programs and Property Consistent with D.I.326
5. and the Step - Program Matrix." It also States " Defendants
6. Shall Implement D.I.326 For all ELIGIBLE Prisoners and
7. Shall Maintain Them in Their Current Form For the Duration of
8. This Stipulation."
9.
10. Eligibility of a Maximum Security Prisoner is
11. Ascertained By D.I.326, Section 2.0. The only Inmates
12. Not Eligible For the Step - Program Matrix Are Those
13. Placed In a Restrictive Status Housing Program As
14. Outlined In Section 5.0 of D.I.326. The Plaintiffs Ineligible
15.
16. Page 8, Paragraph 24 States " All Prisoners Eligible
17. For Participation In D.I 326 Shall be Offered at Least
18. 7.5 Hours Out - of - Cell Time per week", at a Progressive
19. Rate From Step 1 To 8.5 Hours at Step II and 9.5
20. Hours at Step III.
21.
22. The Plaintiff's Claim of Non - Compliance Rests On
23. The Averment That Departmental Policy D.O.801
24. Classification Directly Defeats the Purpose and Mission
25. Of DI.326, Progressive Out - of - Cell Time of the Step -
26. Program and Parsons V. Ryan Stipulation; Whereby Rendering
27. Defendant's Compliance Non - Existant As the Plaintiff
28. Shall Further Illuminate.

1  D.I. 326, PAGE NUMBER 9; GUIDING PRINCIPLES,
2  NUMBER 5 STATES, DEFENDANT'S SHALL "DETERMINE AN
3  INMATES LENGTH OF STAY IN MAXIMUM CUSTODY ON THE
4  RECOMMENDATION OF THE PERSONS ASSIGNED TO CONDUCT
5  THE CLASSIFICATION REVIEW AS OPPOSED TO STRICTLY
6  HELD TIME PERIODS."

7

8  IN ORDER FOR DEFENDANT'S TO BE IN COMPLIANCE WITH
9  STIPULATION AND PURPOSE THEREOF; ANY STRICTLY HELD
10 TIME PERIOD AS AFORESAID, THAT OPPOSES THE MISSION
11 OF STEP-PROGRAM MATRIX (I.E. PROGRESSIVE OUT OF-CELL
12 TIME) SHALL BE EXTERMINED OR AMENDED AS SHOULD
13 BE THE CASE HERE TO ENSURE COMPLIANCE OF STIPULATION.

14

15 ARIZONA DEPARTMENT OF CORRECTIONS POLICY; D.O. 801,
16 INMATE CLASSIFICATION DIRECTLY DEFEATS THE PURPOSE OF
17 D.I. 326, STEP-PROGRAM MATRIX AND STIPULATION BY
18 CREATING AND MAINTAINING "A STRICTLY HELD TIME
19 PERIOD." IRONICALLY AFOREMENTIONED POLICY SITS AT
20 THE FOREFRONT OF D.I. 326, SECTION 1.0, SUBSECTION
21 1.1: "INMATES SHALL BE ASSIGNED TO MAXIMUM CUSTODY
22 PURSUANT TO DEPARTMENT ORDER 801, INMATE CLASSIFICATION"
23 THIS CANNOT BE IF THE MISSION AND PURPOSE OF
24 STEP-PROGRAM IS TO BE ENSURED.

25

26 DEPARTMENT ORDER 801; TECHNICAL MANUAL,
27 SUBSECTION, TM 801.05; CUSTODY RECLASSIFICATION
28 SCORING CRITERIA NUMBER 4 (DISCIPLINE VIOLENCE HISTORY)

1   ESTABLISHES AFORESAID "STRICLY HELD TIME PERIOD".

2

3   THE ABOVE POLICY DOES SO, BY OUTLINING A STRICT

4   PROCEDURE RENDERING ONLY ACTIONS WHICH MAKE INMATE

5   ELIGIBLE FOR MAXIMUM (I.E- STAFF ASSAULT, 2 ON 1 INMATE

6   ON INMATE ASSAULT AND 2 ON 1 STAFF ASSAULT) PROHIBITED FOR

7   "TWO YEARS" BEFORE GRANTING THE NECESSARY REQUISITES

8   (I.E- POINT REDUCTION) TO MOVE TO A LOWER CUSTODY UNIT,

9   AS IN THE INSTANT CASE S.M.U-1 WHERE STEP II IS

10   COMMENCED.

11

12   THE ABOVE PROCEDURE OUTLINED ABOVE RENDERS THE MESSEN

13   AND PURPOSE OF STEP-PROGRAM MATRIX AND D.I. 326

14   NON-EXISTANT. FURTHER MORE THIS ESSENTIALLY CAN

15   BE INTERPRETED WITH REASONABLE CERTAINTY THAT,

16   THE PARSONS V. RYAN STIPULATION IF CONTINUED

17   AS EXPLAINED ABOVE WAS NOT A CORRECTIVE ACTION

18   BUT A MERE SLAP ON MR. RYAN'S WRIST SO TO SPEAK

19   OF ATTORNEY FEES AND FEES ASSOCIATED WITH STATE

20   EMPLOYMENT; FOR VIOLATIONS OF CONSTITUTIONAL

21   MAGNITUDE.

22

23

24   B. INVALIDATION OF TERMINATION DEFENSE

25

26   PLAINTIFF HAS ~~NOTIFIED~~ AND ~~FILED~~ PLEADING OF NON-

27   COMPLIANCE WITH DANIEL PACHODA, OF THE A.C.L.U

28   FOUNDATION OF ARIZONA ON 10/29/2015. PLAINTIFF

5 OF 24

1  CONDUCTED A FURTHER SEARCH FOR RELIEF BY DAVID
2  FATTI AND AMY FETTIG OF THE A.C.L.U NATIONAL
3  PRISON PROJECT ON 04/24/2016, WHILE SIMULTANEOUSLY
4  RAISING CLAIM THROUGH ALL ADMINISTRATIVE REMEDIES
5  AT THE DEPARTMENT OF CORRECTIONS ALL INFORMAL
6  REQUESTS MET WITH A DENIAL FOR RELIEF.

7

8  ANY DEFENSE BROUGHT BY DEFENDANTS PERTAINING
9  TO THE TERMINATION OF SPECIFIC PERFORMANCE MENTIONED
10 HEREIN, HAS BEEN RENDERED TERMINATED IN ACCORDANCE
11 WITH PARAGRAPH 19 AND 20 OF PAGES 5, 6 AND 7 OF
12 STIPULATION SHOULD BE CONSIDERED INVALID; ON THE
13 GROUNDS THAT, THIS CLAIM HAS BEEN RAISED DURING
14 TIME FRAME IN WHICH DEFENDANTS SHOULD HAVE BEEN
15 IN COMPLIANCE OF AFORESAID SPECIFIC PERFORMANCE

16

17

18 C. CONCLUSION

19

20 THE PLAINTIFF HEREBY SERVES THIS NOTICE OF
21 SUBSTANTIAL NON-COMPLIANCE ON THE DEFENDANT, DUE
22 TO THE FAILURE OF PLAINTIFF'S COUNSEL NOT
23 RENDERING PROFESSIONALLY COMPETENT LEGAL
24 ASSISTANCE.

25

26 THE PLAINTIFF ALSO HUMBLY REQUESTS THIS
27 COURT TO ORDER DEFENDANTS TO FILE AN ANSWER TO
28 THIS NOTICE, AS IT HAS JURISDICTION PURSUANT

1  To PARAGRAPH 31, PAGE 12 OF PARSONS V. RYAN STIPULATION

2  AND DUE TO THE AVERMENT THAT NUMEROUS ATTEMPTS

3  HAVE BEEN MADE BY PLAINTIFF TO RESOLVE THIS MATTER

4  SINCE OCTOBER 24, 2015.

5

6  FURTHERMORE THIS NOTICE OF SUBSTANTIAL NON-

7  COMPLIANCE IS WRITTEN IN FORMAL FORM, DUE TO FEAR

8  OF BEING DISREGARDED AS HAS BEEN THE CASE AS

9  WITNESSED IN ATTACHED EXHIBITS BY PLAINTIFF'S

10  COUNSEL, DEFENDANTS OFFICIALLY AND THEIR COUNSEL.

11

12

13  I DANIEL ALEXANDER RODRIGUEZ AS AN UNREPRESENTED

14  PARTY, CERTIFY THAT THIS MOTION UNDER PENALTY

15  OF PERJURY IS TRUE TO THE BEST OF MY KNOWLEDGE

16  ALSO, I DO HEARBY CERTIFY THAT THE FORM AND

17  PROCEDURE OF THIS PLEADING IS IN ACCORDANCE WITH

18  LOCAL RULES OF THE DISTRICT COURT AND THE FEDERAL

19  RULES OF CIVIL PROCEDURE.

20

21

22  RESPECTFULLY MAILED ON THIS 13th DAY OF

23  OCTOBER IN THE YEAR 2016, TO ALL PARTIES

24  INTERESTED AND THE CLERK OF THE COURT.

25

26  By: DANIEL A. RODRIGUE

27

28

# EXHIBIT

# LETTER D

- CORRESPONDENCE OF PLEADING TO DANIEL PACHODA.



ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Request for Withdrawal

Use BLACK INK only

ADC Number: 249516

Store

Location

Stamps

Total Amount: 1.04

Date: 10/27/15

Photo

Last Name: RODRIGUEZ

First Name: DANIEL

MI: A

Other

Pay To: (Company or name of payee)

Account Number

PHOENIX        AZ        85013
                       State      Zip Code

Street Address: 3707 North 7th St., Suite 235

Reason: SENDING LEGAL MAIL: ONE MANILLA ENVELOPE LARGE. TWENTY-THREE PAGES ENCLOSED. Thank you!

ATTEST (Authorizing Staff Signature)

INMATE SIGNATURE

★ ★ SENT TO DANIEL PACHOLA AND HE NEVER RESPOND ED. D.A.R.R
9 OF 22

Distribution :   White - Inmate Banking
                 Canary - Store/Intelligence
                 Pink - Inmate

905-1
3/8/11



EXHIBIT

LETTER

E

- Correspondence of Pleading to Amy Fettig and David Fathi

L DEPARTMENT
JNAL PRISON
ROJECT

**ACLU**
**AMERICAN CIVIL LIBERTIES UNION**
FOUNDATION

## CONFIDENTIAL ATTORNEY-CLIENT CORRESPONDENCE

June 24, 2016

Daniel Rodriguez, ADC #242516
ASPC Eyman, Browning
P.O. Box 3400
Florence, AZ 85132

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

**Re:    Parsons v. Ryan**

Dear Mr. Rodriguez:

We received your pleading dated April 24, 2016. We were experiencing staffing transition issues around the time we received your correspondence, which delayed our response.  We apologize for that delay.

Thank you for contacting our office.  We first want to commend you on the quality of your correspondence.  It was well researched, thought out and written.  We are concerned to hear about the conditions you are experiencing in maximum custody.  This letter is to update you on the status of *Parsons v. Ryan*, the federal lawsuit regarding problems with the Arizona Department of Corrections' (ADC) medical, mental health, and dental care.  The suit also challenges inhumane conditions in the isolation units.  This case is a "class action" which means it covers all prisoners in the ten ADC prisons.  The case was filed in March 2012 by the ACLU, the Prison Law Office, the Arizona Center for Disability Law, and two law firms, Perkins Coie and Jones Day.

On October 14, 2014, the parties told the court that they had reached a settlement of the case. The judge approved the settlement during a February 18, 2015 Fairness Hearing and issued a written order confirming his decision on February 25, 2015. Under the settlement, ADC must fix its health care system and meet more than 100 performance

measures, including health care for prisoners with chronic medical conditions; specialty care; care for mentally ill prisoners; and dental care. The settlement also requires ADC to overhaul the rules for prisoners with serious mental illnesses in isolation. Instead of spending all but six hours a week in their cells, such prisoners will now have a minimum of 19 hours a week outside the cell, and this time must include mental health treatment and other programming. ADC must also restrict guards' use of pepper spray on these prisoners, using it only as a last resort when necessary to prevent serious injury or escape. If family or friends with internet access would like to access the settlement agreement, they can find it at http://prisonlaw.com/wp-content/uploads/2015/12/14.10.14-Doc-1185-Stipulation-Settlement-Agreement-and-Exhibits.pdf.

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Class action status means these changes will apply to all prisoners in ADC custody. If you are a prisoner in ADC custody, you do not have to do anything else to be part of the class. **We did not seek money damages, and prisoners will not receive any money as a result of the settlement.** The lawsuit sought only injunctive relief, which means changes to the policies and practices of ADC. When the judge certified the case as a class action, he appointed us to represent all prisoners <u>only</u> with regard to the case. We may be able to notify ADC's attorneys if we learn of prisoners with proof of serious and urgent untreated health care needs that could lead to death or permanent injury. If you have an urgent health care need, send us copies (not originals) of any HNRs, grievances, or other documents that you think would be of use to us. We will review and return the documents. Other than notifying ADC, <u>we cannot assist with your individual health care concern.</u>

*[handwritten note in left margin:]* Ms. Fetig wholly and erroneously misinterpreted the scope of Parsons. How inmates are classified under D.I. 326 and D.O.801 directly opposes the progressive cut-of-cell-time of step-program under parsons, which renders defendants out of compliance until D.O. 801 is amended to abide by parsons and D.I 326.

|While we are monitoring the ADC to ensure that they are offering the appropriate amount of out-of-cell time in accordance with DI 326, how inmates are classified under DI 326 and under DO 801 is beyond the scope of *Parsons*.

We urge you to continue to turn in grievances to try to fix any problems you are having. To be able to file a lawsuit in court in the future, you must start by turning in a grievance. When you get a response to your grievance, you must appeal through all available levels. Be sure to

2

*[handwritten:]* 12 of 21

keep copies of your grievances and appeals and any responses.  I have enclosed paperwork on the grievance process to help with you with your filing.

The settlement calls for ongoing monitoring by the prisoners' lawyers to make sure the state complies with its terms.  We want to ensure you that monitoring is still ongoing and ADC's obligations under the settlement agreement have not been terminated.  We will tour institutions, review documents including prisoners' health care files, and interview prisoners.  We will use information we get from letters like yours to help us focus on system-wide or prison-wide problems. We will also use information from surveys, such as the one enclosed here.  It would help us greatly if you would fill out this survey and send it back to us in the enclosed self-addressed stamped envelope.  Thank you in advance for your time.

The information you provide helps us learn what is happening in ADC's prisons so that we can hold ADC accountable and ensure that the terms of the settlement agreement are met.  We are returning your original paperwork to you.  We have retained a copy for our files.

Thank you for your interest in the case, and we wish you the best.

Sincerely,

Amy Fettig
Associate Director

Encl.

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

3



# EXHIBIT

## LETTER

## F

**• EXHAUSTION OF ALL ADMINISTRATIVE REMEDIES**

ARIZONA DEPARTMENT OF CORRECTIONS
Case 2:12-cv-00601-ROS   Document 1712   Filed 10/13/16   Page 15 of 22
**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one
issue.
*Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Rodriguez, Daniel A. | 242516 | A.S.P.C-Eyman / Browning | 04/25/2016 |

**TO** C.O. III ANDERSON   **LOCATION** Wing 1 Baker Cluster Pod 1 Cell #2

State briefly but completely the problem on which you desire assistance. Provide as many details as possible. THE FOLLOWING COMPLAINT IS AGAINST THE DEPARTMENT OF CORRECTIONS AND EMPLOYEES WORKING IN THEIR OFFICIAL CAPACITY. THIS COMPLAINT PERTAINS DIRECTLY TO CLASSIFICATION (PROCEDURE) NOT CLASSIFICATION "(ACTION)" AS OUTLINED IN THE GRIEVANCE PROCEDURE DEPARTMENT ORDER 802 IT SPECIFICALLY STATES "THE INMATE GRIEVANCE PROCEDURE DOES NOT SERVE AS A DUPLICATE APPEAL PROCESSES : 1.3.5 - CLASSIFICATION ACTION OUTLINED IN DEPARTMENT ORDER 801 INMATE CLASSIFICATION THIS COMPLAINT WHEN MENTIONED HEREIN ABOUT CLASSIFICATION IT IS TO BE KNOWN THAT IT DIRECTLY PERTAINS TO THE (PROCEDURE) AND NOT ANY CLASSIFICATION (ACTION) WITH THAT KNOWN THIS COMPLAINT IS IN ACCORDANCE WITH D.O. 802 AND SHOULD BE PROCESSED ACCORDINGLY. THE ARIZONA DEPARTMENT OF CORRECTIONS AND CHARLES RYAN IN THEIR OFFICIAL CAPACITIES ARE IN VIOLATION OF PARSONS V. RYAN STIPULATION No. CV-12-00601-PHX-DJH TO WHICH I AM A PLAINTIFF, THE DEPARTMENT, RYAN AND OFFICIALS ACTIONS ARE MALICIOUSLY NEGLIGENT AND WILL BE DESCRIBED HEREIN. IN PARSONS V. RYAN STIPULATION SECTION II. (SUBSTANTIVE PROVISIONS) SUBSECTION B. PARAGRAPH 32 IT STATES "DEFENDANT SHALL IMPLEMENT D.I. 326 AND THE STEP-PROGRAM MATRIX FOR ALL ELIGIBLE PRISONERS AND SHALL MAINTAIN THEM IN THEIR CURRENT FORM FOR THE DURATION OF THIS STIPULATION. (NOTE- STIPULATION IS STILL IN FULL FORCE AND EFFECT) AS IN THE INSTANT CASE THE D.I. 326 POLICY SECTION (2.0) SUBSECTION (2.1) IT STATES "INMATES MUST FOLLOW ALL PROGRAM REQUIREMENTS ON A DAILY BASES TO QUALIFY FOR ADVANCEMENT AND INCENTIVES FOR A MENIMUM OF 30 CONSECUTIVE DAYS IN ORDER TO BE ELIGIBLE FOR CONSIDERATION TO ADVANCE IN STEPS. I HAVE COMPLIED WITH ALL PROGRAM REQUIREMENTS FOR THE PAST 230 DAYS AND HAVE STILL NOT BEEN ALLOWED TO ADVANCE IN STEP. THE D.I. 326 POLICY ALSO STATES UNDER THE GUIDING PRINCIPLES NUMBER FIVE THAT A.D.O.C IS TO "DETERMINE AN INMATES LENGTH OF STAY IN MAXIMUM CUSTODY ON THE RECOMMENDATION OF THE PERSONS ASSIGNED TO CONDUCT THE CLASSIFICATION REVIEW AS (OPPOSED TO STRICTLY HELD TIME LIMITS)." AS IN THE INSTANT CASE THE ARIZONA DEPARTMENT OF CORRECTIONS DEPARTMENT ORDER 801 - TECHNICAL MANUAL SUBSECTION TM 801.08 CUSTODY RECLASSIFICATION SCORING CRITERIA NUMBER 4. (DISCIPLINE VIOLENCE HISTORY) DIRECTLY COMBATS D.I. 326 BY KEEPING AN INDIVIDUAL IN MAXIMUM CUSTODY FOR A SET CERTAIN PERIODS OF TIME IN DIRECT VIOLATION OF D.I. 326. PARSONS V. RYAN STIPULATION AND THE STEP-PROGRAM MATRIX. BY THE MALICIOUS NEGLIGENCE OF CHARLES RYAN IN HIS FAILURE TO REVISE THE CLASSIFICATION PROCEDURE TO ABIDE BY PARSONS V. RYAN STIPULATION OTHER OFFICIALS M. ANDERSON, REYES AND TAYLOR ALL CO.III'S IN CONTROL OF RECOMMENDATION TO COMMITTEE FOR ADVANCEMENT IN STEP ARE HELD LIABLE AS WELL FOR THEIR NEGLIGENCE IN ABSENCE OF RECOMMENDATION TO ADVANCE IN STEP.

RESOLUTION: TO BE IMMEDIATELY RECOMMENDED AND /OR ADVANCED IN STEP AND BE PLACED IN HOUSING THAT'S LESS RESTRICTIVE IN ACCORDANCE WITH D.I. 326. THE CLASSIFICATION PROCEDURE NEEDS TO BE REVISED SPECIFICALLY PORTION MENTIONED ABOVE, SO THAT CHARLES RYAN AND A.D.O.C CAN BE IN FULL COMPLIANCE WITH PARSONS V. RYAN STIPULATION, D.I. 326 AND STEP-PROGRAM MATRIX.

THANK YOU & GOD BLESS!

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *[signature]* | 04/25/2016 |

Have you discussed this with institution staff?   ☑ Yes   ☐ No

If yes, give the staff member name: C.O. III's BENDEL, ANDERSON, REYES AND TAYLOR.

Distribution:   INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

15 OF 21

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

For Distribution Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Rodriguez | 242516 |

| Institution/Unit |
|---|
| ASPC-Eyman Browning |

| From | Location |
|---|---|
| COIII Anderson | 1-B-2 |

I have received your informal complaint resolution dated 4/20/16 concerning the policy of classifaation. Prodeedure and or the action. I can not help you at this level

✳ RECEIVED RESPONSE ON
05/06/2016 THROUGH INSTIENTIONAL
MAIL BY C.O. II MARTINEZ ✳
#242516.

| Staff Signature | Date |
|---|---|
| Anderson | 3/2/16 |

Distribution: Original - Inmate
Copy – Grievance Coordinator File

802-12(e)
12/12/13

16 OF 21

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

RECEIVED BY: *Kozil* #2609
TITLE: CO II
BADGE NUMBER: #5601   DATE: 5-10-16

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility A.S.P.C.-Eyman Case Number |
|---|---|---|
| RODRIGUEZ, DANIEL A. | 242576 | BROWNING UNIT - 1-B-CELL #2 |

To: C.O. IV McCLELLAN OR DESIGNEE.

DESCRIPTION OF GRIEVANCE: ON 05/06/2016 I RECEIVED RESPONSE TO INFORMAL COMPLAINT BY C.O. II M. ANDERSON. (SEE ATTACHED); THE ENTIRE COMPLAINT THAT I HAVE IS EXPLAINED AND SET FORTH IN FULL IN ATTACHED INFORMAL COMPLAINT RESOLUTION FILED ON 04/25/2016.

PROPOSED RESOLUTION: MY RESOLUTION IS EXPLAINED IN FULL ON ATTACHED INFORMAL COMPLAINT RESOLUTION AND SHALL BE THE SAME FOR THIS GRIEVANCE, AS IS ABOVE DESCRIPTION.

GRIEVANCE COORDINATOR'S SIGNATURE:                    DATE:

ACTION TAKEN BY _____   DOCUMENTATION OF RESOLUTION OR
ATTEMPTS AT RESOLUTION.

Unprocessed
wrong form    correct form
attached

Plus per Control Office you must write out
complaint and resolution

✱ NOTE - FORM OF ABOVE GRIEVANCE IS COPIED DIRECTLY FROM
A.D.O.C FORM NUMBER 802-1. ✱

Simply stating they are
same as informal is
not sufficient.

THANKS!

| Signature | Date |
|---|---|
| D.A.R. | 05/10/2016 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09



ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance

*Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.*

| | |
|---|---|
| Received By | Beauregard |
| Title | CO II |
| Badge Number: 4026 | Date: 5/31/16 |

| | | |
|---|---|---|
| Inmate Name (Last, First M.I.): RODRIGUEZ, DANIEL A. | ADC Number: 242516 | Date: 05/31/2016 |
| Institution/Facility: A.S.P.C-EYMAN/BROWNING UNIT/1-B-2 | Case Number: A21-155-016 | |
| To: C.O. IV McCLELLAN OR DESIGNEE | | |

Description of Grievance (To be completed by the inmate) *: THE TIMELINESS OF THIS GRIEVANCE IS DUE DIRECTLY TO THE MALICIOUSLY IGNORANT ACTIONS OF C.O. III BENDEL BADGE# 2491. SEE ATTACHED, GRIEV AND RESPONSE, WHICH BENDEL'S RESPONSE IS PITIFUL AND UNFORTUNATE, THAT A C.O. III OF THE DEPARTMENT ESPECIALLY THE GRIEVANCE COORDINATOR DOES NOT KNOW AND IS IGNORANT OF THE GRIEVANCE PROCEDURE D.O. 802. AT ANY RATE, I WILL PLAY THIS MANS IMMATURE GAMES DUE TO THE FACT THAT MY GRIEVANCE AS EVIDENCED WILL NOT GET PROCESSED IF THE "ALMIGHTY" BENDEL DOESN'T LIKE IT. MY COMPLAINT AS NOTED IN ATTACHED INFORMAL IS AS FOLLOWS: THE COMPLAINT DIRECTLY ADDRESSES DISCREPANCIES OF CLASSIFICATION "PROCEDURE" NOT ACTION" WHICH IS BARRED TO BE CHALLENGED BY D.O. 802. THESE DISCREPANCIES OF D.O. 801 DIRECTLY VIOLATE D.I. 326, STEP-PROGRAM MATRIX AND PARSONS V. RYAN STIPULATION. IN REFERENCE TO SPECIFICALLY HELD TIME LIMITS OF PERSONS CLASSIFIED TO MAXIMUM CUSTODY STATUS. THE MALICIOUS NEGLIGENCE OF CHARLES RYAN IN HIS FAILURE TO REVISE THE CLASSIFICATION PROCEDURE TO ABIDE BY PARSONS V. RYAN STIPULATION. M. ANDERSON, REYES AND TAYLOR ALL C.O. III'S IN CONTROL OF RECOMMENDATION TO COMMITTEE FOR ADVANCEMENT IN STEP ARE HELD LIABLE AS WELL FOR ABSENCE OF RECOMMENDATION TO ADVANCE.

Proposed Resolution (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?) TO BE IMMEDIATELY RECOMMENDED AND/OR ADVANCED IN STEP AND BE PLACED IN HOUSING THAT'S LESS RESTRICTIVE IN ACCORDANCE WITH D.I. 326. THE CLASSIFICATION PROCEDURE NEEDS TO BE REVISED SPECIFICALLY PORTION MENTIONED ON INFORMAL COMPLAINT AND ABOVE, SO THAT CHARLES RYAN AND AD.O.C CAN BE IN FULL COMPLIANCE WITH PARSONS V. RYAN STIPULATION, DI. 326 AND STEP-PROGRAM MATRIX. *NOTE - ATTACHED TO THIS FORM IS (THREE) 3 FORMS; INFORMAL COMPLAINT AND RESPONSE AND ORIGINAL GRIEVANCE DATED 5/10/2016.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| D. A. R. [signature] | 05/31/2016 | Bendel for COIV McClellan | 6-1-16 |

Action taken by ______________________ Documentation of Resolution or Attempts at Resolution.

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| [signature] | 4026 | 5/31/16 |

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

802-1
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

*(To be completed by staff member initially receiving appeal)*

Received by: W HITE 10846
Title: CO II
Badge #: 10846
Date: 6-8-16

*The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.*

***PLEASE PRINT***

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| RODRIGUEZ, DANIEL A. | 242516 | 06/08/2016 |

| Institution | Case Number |
|---|---|
| A.S.P.C-EYMAN / BROWNING UNIT / WING 1 BAKER CLUSTER / POD-1 / CELL #2 | A21-155-016 |

TO: DEPUTY WARDEN: IBARRA

I am appealing the decision of A.D.W - B. JOSEFITWITZ for the following reasons: MS. JOSEFITWITZ STATES "CLASSIFICATION ACTIONS ARE COMPLETELY SEPERATE FROM D.I. 326." MY CLAIM RESTS ON THE FACT THAT IN ORDER TO ABIDE BY PARSONS V. RYAN AND D.I. 326 A.D.O.C MUST CHANGE D.O 801. D.I. 326 ENSURES THAT A PERSON'S LENGTH OF STAY IN MAXIMUM CUSTODY RESTS ON THE RECOMMENDATION OF STEP COMMITTEE AS OPPOSED TO STRICTLY HELD TIME LIMITS. D.O. 801 ENSURES A PERSONS STAY IN MAX CUSTODY TO A STRICTLY HELD TIME PERIOD, DIRECTLY IN VIOLATION OF D.I 326, PARSONS V. RYAN AND STEP-PROGRAM. AS IN MY CASE C.O. III TAYLOR, REYES AND M. ANDERSON HAVE TOLD ME THAT I AM DISQUALIFIED FROM THE STEP-PROGRAM UNTIL THE MIDDLE OF THE YEAR 2017. THESE C.O. III'S ARE REFERENCING THE POLICY OF D.O. 801 TIME LIMITS; PURSUANT TO D.I. 326 I HAVE BEEN QUALIFIED FOR THE STEP-PROGRAM SINCE 06/06/2015. MY INITIAL PLACEMENT IN MAX CUSTODY. BY D.O. 801 - TECHNICAL MANUAL SUBSECTION TM 801.05 - CRITERIA NUMBER 4 SUBSECTION-ME TO DISQUALIFICATION AND A STRICTLY HELD TIME PERIOD IN MAXIMUM CUSTODY THERE BY VIOLATING D.I. 326 PARSONS V. RYAN AND STEP-PROGRAM MATRIX, ANY REASONABLY CAREFUL AND PRUDENT PERSON CAN COME TO THE DETERMINATION THAT SPECIFIC PORTION OF D.O 801 DIRECTLY COMBATS THE MISSION OF D.I. 326 AND THE PARSONS V. RYAN STIPULATION. THEREFORE A.D.W. B. JOSEFITWITZ DID NOT MEET MY RESOLUTION. MY RESOLUTION STANDS AND UNTIL IT IS MET CHARLES RYAN AND OFFICIALS UNDER HIS DIRECTION SHALL BE HELD IN NON-COMPLIANCE OF PARSONS V. RYAN STIPULATION UNTIL D.O. 801 IS BROUGHT INTO ACCORDANCE OF STIPULATION. ✱ NOTE (5) PAGES ATTACHED - INFORMAL, RESPONSE, GRIEVANCE, RESPONSE AND GRIEVANCE EVIDENCE.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| D. A. Rodriguez | 06/08/2016 | Bender for CO III McClellan | 6-13-16 |

| Response To Inmate By: | Location |
|---|---|
| | |

JUN 14 2016

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL: White & Canary - Grievance Coordinator
~~Pink - Inmate~~
FINAL: White - Inmate
Canary - Grievance File

802-3
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS

*Please PRINT all information*

## Decision of Appeal

Check One ✓ ☐ Disciplinary Appeal ☒ Grievance Appeal ☐ Maximum Custody Placement

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | CASE NUMBER |
|---|---|---|---|
| Rodriguez, D. | 242516 | ASPC- Eyman-Browning | A21-155-016 |

Your appeal in the above referenced case has been reviewed. The decision of the Warden/Deputy Warden/Administrator/Hearing Officer is to:

☒ Uphold the finding ☐ Modify the penalties ☐ Remand to the Hearing Officer for re-hearing ☐ Dismiss

Findings and Conclusions:

I am in receipt of your Grievance Appeal dated June 7, 2016 which was received in my office on June 14, 2016 regarding your request to modify Department Order 801 be revised to mirror Directors Instruction 326 which you believe would allow for less restrictive housing area.

I have researched the issues that are noted in your grievance appeal and reviewed all supporting documentation that is available. I agree with Associate Deputy Warden Josefowicz and her response to you. Furthermore, your violent assaults against staff is a clear indicator that you pose a risk to staff and inmates alike. Your proposed resolution of being moved to a less restrictive housing area is denied at this time.

If you are not satisfied with this response, you may submit your final appeal to the Director within five (5) work days of receipt.

WARDEN/DEPUTY WARDEN/ADMINISTRATOR/APPEALS OFFICER NAME (Last, First M.I.) (Please print)

S. Morris DWOP

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| S. Morris DWOP | 07/29/2016 |

**Inmate Received a copy of Decision of Appeal** *(Step I Only)*

DELIVERY OFFICER NAME (Last, First M.I.) (Please print)

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Anderson | 8/1/16 |

Distribution: Coordinator to make two copies of form:
Original – Master Record File
Copy - Institutional File
Copy - Inmate

803-6(e)
6/7/14

20 OF 24

**Inmate Grievance Appeal**

*(To be completed by staff member initially receiving appeal)*

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received by: _A._____
Title: _Cott_____
Badge #: _louby_____
Date: _8-3-16_____

**PLEASE PRINT**

| Inmate's Name *(Last, First, M.I.)* | ADC No. | Date |
|---|---|---|
| RODRIGUEZ, DANIEL A. | 242516 | 08 / 03 / 2016 |

Institution A.S.P.C. – EYMAN / BROWNING-UNIT / WING
1-DOG-CLUSTER / POD-5   CELL # 43

Case Number A21-155-016

TO: GRIEVANCE COORDINATOR TO LOG, PROCESS AND FORWARD TO CENTRAL OFFICE APPEALS OFFICER; IN ACCORDANCE WITH D.O.802.05

I am appealing the decision of **DWOP S. MORRIS** for the following reasons: MR. MORRIS DID NOT FULLY UNDERSTAND MY COMPLAINT. AS STATED THROUGHOUT IN ORDER TO ABIDE BY PARSONS V. RYAN AND D.I. 326 A.D.OC MUST CHANGE D.O. 801. D.I 326 AND PARSONS ENSURE THAT A PERSON'S LENGTH OF STAY IN MAXEMUM CUSTODY RESTS ON THE RECOMMENDATION OF STEP COMMITTIEE AS OPPOSED TO STRICLY HEAD TIME LIMITS. D.O. 801 ENSURES A PERSONS STAY IN MAX CUSTODY TO A STRICLY HEAD TIME PERIOD ( OR TM 801.05 – CRITERIA NUMBER 4). MY RESOLUTION WAS NOT MET. CHARLES RYAN AND OFFICIALS UNDER HIS DIRECTION WILL BE OUT OF COMPLIANCE OF PARSONS V. RYAN UNTIL D.O. 801 IS CHANGED.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| D.A. R.C | 08 / 03 / 2016 | Bundel for COIII McClellan | 8-4-16 |

Response To Inmate By: _____   Location: _____

| Staff Signature | Date |
|---|---|
| | |

DISTRIBUTION:
INITIAL:   White & Canary – Grievance Coordinator
            Pink – Inmate
FINAL:    White – Inmate
            Canary – Grievance File

802-3
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 544 | Rodriguez | 242516 | A21155016 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim Department Order 801 should to be amended to comply with Director Instruction 326. Your resolution is to amend policy and be moved to a less restrictive housing assignment.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. Pursuant to Director's Instruction # 326, Maximum Custody Population Management
1.4.4 Assignments to specific housing areas within maximum custody and the step level assigned are not appealable or grievable.

Based upon your current conviction you have been housed appropriately. Therefore, your request to have the policy modified is denied.

No further action is warranted in this matter.

CC: Warden, Eyman Complex

H.R.

_____
**Appeals Officer**

_____
**Charles L. Ryan, Director**

08/18/2016
**Date**

Page 1 of 1

2 OF 2