Kathleen E. Brody (Bar No. 026331)
Daniel Pochoda (Bar No. 021979)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org
      dpochoda@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
      adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' BRIEF REGARDING DEFENDANTS' NONCOMPLIANCE WITH THE COURT'S ORDER (DOC. 1673)** |

LEGAL133307908.1

**INTRODUCTION**

On September 6, 2016, the Court issued an order on Plaintiffs' Motion to Enforce the Stipulation (Doc. 1625). In that order, the Court granted Plaintiffs' motion in part, ruling *inter alia* that Defendants' monitoring methodology was invalid with regard to Performance Measure (PM) 86, as well as with regard to performance measures requiring that an act be performed "every X days." [Doc. 1673 at 4, 6][1]

In Defendants' "Proposed Agenda Items" for the October 5 status conference, Defendants claimed to be in compliance with the Court's order with respect to these Performance Measures. They repeated this claim orally during the status conference; Plaintiffs disagreed, but expressed willingness to discuss the issue with Defendants to ensure that the parties had a common understanding of Defendants' monitoring methodology. [*See* Transcript of October 5, 2016 status conference at 23-26] The Court directed the parties to do so. [*See id.*]

Consistent with the Court's direction, Plaintiffs wrote to Defendants on October 6 seeking confirmation that the monitoring methodology set forth in Defendants' October 5, 2016 Monitor Guide is in fact the methodology currently in use. [*See* Declaration of David C. Fathi ("Fathi Decl."), Ex. 1] Unfortunately Defendants have not responded to this inquiry; accordingly, Plaintiffs assume that the October 5 Monitor Guide accurately describes Defendants' monitoring methodology.

**Performance Measures requiring an act to occur "every X days"**

Performance Measures 73, 77, 80, 81, 82, 83, 84, 86, 87, 88, 90, and 92, all of which relate to mental health care, each require that a specified clinical event or encounter occur a minimum of "every 30 days," "every 60 days," "every 90 days," or "every 180 days." As Plaintiffs explained in their enforcement motion, case law, dictionary definitions, and common sense are unanimous that this language requires that the act be performed *repeatedly* at the specified interval. A requirement that something be done

---

[1] Page citations of filed documents refer to the page numbers assigned by the ECF system.

LEGAL133307908.1

"every 90 days" requires measuring the time elapsed between two or more occurrences of the act; it cannot be satisfied by showing that the act has been performed one single time. [*See* Doc. 1625 at 13-14; Doc. 1654 at 4]

The Court agreed:

> In keeping with the plain language of the Stipulation, the Court concludes that an action that must occur every X days means that, in essence, a clock starts on the day an action occurs and that clock runs for X days. Before the end of that clock X days later, ***the action must occur again.***

[Doc. 1673 at 4 (emphasis added)]

Despite the plain language of the Court's order, Defendants continue to count some patients as having been seen "every 90 days" even if they have been seen only a single time. [*See* Fathi Decl., Ex. 2 at 102 (for PM 81, which requires that the patient "shall be seen a minimum of every 90 days," Defendants' Monitor Guide instructs the monitor to "check if the inmate was seen ninety (90) ninety [sic] days or less before the last day of the audit month")][2]

Defendants' methodology is not only in violation of the Court's order; it is also internally inconsistent, assessing compliance differently for identically-situated patients:

> Imagine that the May monitoring sample of medical records for PM 82 ("MH-3B prisoners shall be seen a minimum of every 90 days by a mental health clinician") includes two prisoners, one of whom was last seen on May 1, the other on April 30. For the prisoner seen on May 1, Defendants will verify that the prisoner was seen on another occasion no more than 90 days previously—that is, was seen "every 90 days." For the prisoner last seen on April 30, however, Defendants count the record as compliant as long as the April 30 date is no more than 90 days from the date of the monitor's review. ***In other words, the first patient must be seen twice for the record to be compliant; the second patient will be deemed to have been seen "every 90 days" even if he was seen only once.***

[Doc. 1654 at 4 (emphasis added)]

---

[2] The Monitor Guide provides substantially identical instructions for PM 77, 82, 83, 84, 86, and 88. [*See id.* at 98, 103-106, 109, 111]

In summary: to comply with the Stipulation and the Court's order, Defendants must measure the interval between two or more occurrences of the required act. As their October 5 Monitor Guide makes clear, they do not currently do so in all cases.

**Performance Measure 86**

This Performance Measure requires that "MH-3D prisoners shall be seen a minimum of every 90 days by a mental health clinician for a minimum of six months after discontinuing medication." As the Court recognized, monitoring of this Performance Measure requires ascertaining the date the patient was taken off medication, and then calculating whether she was seen after that date at intervals not exceeding 90 days. [Doc. 1673 at 6]

Defendants' methodology is not compliant with the Court's order. First, the monitor is instructed to "determine when the inmate was designated MH-3D" (Fathi Decl. Ex. 2 at 109), but as Defendants themselves have informed the Court, this is not a reliable proxy for the date the patient discontinued medications. [*See* Doc. 1609-1 at 15 ("When medications have been added or removed, the psychiatric providers were not changing the score accordingly") (discussing errors in classifying patients as MH-3D)]

Second, Defendants fail to measure the interval between the date the patient discontinued medications and his or her first contact with a clinician. The monitor is instructed to locate "the most recent contact by a clinician." [Fathi Decl., Ex. 2 at 109] If that contact occurred in the audit month, the monitor must "look to see if the preceding contact occurred ninety (90) days or less [sic]." [*Id.*] The date the patient discontinued medication is simply not taken into account. This is not consistent with the Court's order, which correctly recognized that this Performance Measure requires that the patient be seen within 90 days of discontinuing medication. [Doc. 1673 at 6]

**CONCLUSION**

Defendants' monitoring methodology remains out of compliance with the Stipulation and with the plain language of the Court's order. Defendants should be ordered to comply without further delay.

| | | |
|---|---|---|
| 1 | Dated: October 19, 2016 | **ACLU NATIONAL PRISON PROJECT** |
| 2 | | |
| 3 | | By: _s/ David C. Fathi_<br>David C. Fathi (Wash. 24893)* |
| 4 | | Amy Fettig (D.C. 484883)**<br>Jamelia Natasha Morgan (N.Y. 5351176)** |
| 5 | | 915 15th Street N.W., 7th Floor<br>Washington, D.C. 20005 |
| 6 | | Telephone: (202) 548-6603<br>Email:   dfathi@aclu.org |
| 7 | | afettig@aclu.org<br>jmorgan@aclu.org |
| 8 | | |
| 9 | | *Admitted pro hac vice.  Not admitted in DC; practice limited to federal courts. |
| 10 | | **Admitted pro hac vice |
| 11 | | Daniel C. Barr (Bar No. 010149)<br>Amelia M. Gerlicher (Bar No. 023966) |
| 12 | | John H. Gray (Bar No. 028107)<br>**PERKINS COIE LLP** |
| 13 | | 2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012 |
| 14 | | Telephone: (602) 351-8000<br>Email:   dbarr@perkinscoie.com |
| 15 | | agerlicher@perkinscoie.com<br>jhgray@perkinscoie.com |
| 16 | | |
| 17 | | Kathleen E. Brody (Bar No. 026331)<br>Daniel Pochoda (Bar No. 021979) |
| 18 | | **ACLU FOUNDATION OF ARIZONA** |
| 19 | | 3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85013 |
| 20 | | Telephone: (602) 650-1854<br>Email:   kbrody@acluaz.org |
| 21 | | dpochoda@acluaz.org |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:     kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com
           aamiri@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com

*Admitted *pro hac vice*

Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:     jkmessina@jonesday.com

*Admitted *pro hac vice*

| | |
|---|---|
| 1 | *Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated* |

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
    Sarah Kader (Bar No. 027147)
    Asim Dietrich (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email:   skader@azdisabilitylaw.org
         adietrich@azdisabilitylaw.org

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:
       rdalyrooney@azdisabilitylaw.org
       jrico@azdisabilitylaw.org
       jross@azdisabilitylaw.org
       mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2016, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

　　　　　　　　　　　　　s/ D. Freouf

LEGAL133307908.1                    -7-