Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>　　　　　　　　　　　　　　Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DEFENDANTS' SUPPLEMENTAL REPORT REGARDING "X DAY" CALCULATION AND PERFORMANCE MEASURE 86** |

At the October 5, 2016 Status Conference, the Court directed the parties to further meet and confer regarding their understanding of Defendants' monitoring of Performance Measures that require an act to occur "every X days." (Doc. 1708 at 2.) Plaintiffs' counsel recommended that the parties "attempt to work it out and then if that is not successful" the parties would provide the Court with supplemental briefs. The Court ordered that if the parties cannot resolve this issue, they should provide "examples of how their calculation method complies with the Court's examples set forth in Doc. 1673 at pp. 3-4 and how the opposing party's method does not." (10/05/16 Transcript, pp. 24-25; Doc. 1708 at 2.) Plaintiffs' counsel, however, never contacted Defendants' counsel to set up a meet and confer regarding this issue. Although the parties have met and conferred regarding various other issues on October 7, 14, and 17, this issue has not been discussed. Plaintiffs' counsels' actions are another example of their feigned cooperation and refusal to pick up the phone and call counsel to discuss an issue that may have been resolved through more open communication. Therefore, this issue is not ripe for decision because Plaintiffs have not met and conferred on the issue, and the parties may be able to reach an agreement or narrow the issues that are genuinely in dispute.

**September 9, 2016 Order Regarding Actions Occurring Every X Days**

For actions occurring every X days, the Court ordered:

> In keeping with the plain language of the Stipulation, the Court concludes that an action that must occur every X days means that, in essence, a clock starts on the day an action occurs and that clock runs for X days. Before the end of that clock X days later, the action must occur again. To illustrate: Performance Measure 80 requires that a MH-3A prisoner "shall be seen a minimum of every 30 days by a mental health clinician." If a MH-3A prisoner is seen by a mental health clinician on March 15, then this prisoner's next visit with a mental health clinician must occur by April 15. A visit that

1

1    occurs later in April would be considered non-compliant.

2    (Doc. 1673 at 4.)

3    **Actions Occurring Every X Days**

4        Defendants audit **<u>exactly</u>** as the Court described in its September 6, 2016 Order

5    (Doc. 1673).  There are two general scenarios in which Defendants will audit actions that

6    must occur every X days:  (1) contacts that occur within the auditing month, and (2)

7    contacts that occur prior to the auditing month.  For example, in the first scenario, if the

8    most recent contact occurred in the audit month and the inmate must be seen every 30

9    days, the monitors will audit as follows:  For Performance Measure 80, if a MH-3A

10   inmate was seen on March 15, then she must be seen again by April 15 to be in

11   compliance for the April audit.  If the visit occurs after April 15, then the record would be

12   marked noncompliant for the April audit. This example is identical to the Court's

13   example.  (Doc. 1673 at 4.)  Therefore, the monitor looks back at the prior contact (X #1)

14   to ensure that it was completed within 30 days (or any other timeframe required by the

15   measure) of the contact in the auditing month (X #2).

16       As an example, for the second scenario:  If the most recent contact occurred in a

17   prior month and the inmate needs to be seen every 90 days and was last seen on August

18   15, then he/she must have another contact on or before November 15.  If the monitor is

19   auditing the month of October, this record is compliant, as the inmate would still have at

20   least 15 more days before the next contact is due.  In other words, if the clock has not yet

21   run (i.e. there is still time on the clock), then the record is compliant.  If the clock has run

22   out (i.e. exceeded X days), then the record is non-compliant.  For example, if an inmate

23   was last seen July 15, then the inmate would not be compliant if the next contact did not

24   occur by October 15.  Therefore, if the most recent contact occurred in a month prior to

25   the audit month, then the monitors ensure that this contact (X #1) was completed within

26   90 days (or any other timeframe required by the measure) of the last day of the audit

27   month (X #2).

28   / / /

2

The above example is consistent with the Court's example for Performance Measure 86.  (Doc. 1673 at 6.)   In the Court's example, the record was found noncompliant in May, but compliant in June.  (Doc. 1673 at 6.) Consistent with current monitoring practices, if this same inmate is pulled in June or July, this record is found in compliance even without any additional contact because the 90 day clock has not yet expired.

If Defendants were to follow Plaintiffs' rationale, it would result in unreasonable and unnecessary review of multiple contacts, rather than reviewing the last contact to determine compliance.  For example, Performance Measure 77 requires mental health treatment plans to be updated a minimum of every 12 months for some MH-3 inmates. According to Plaintiffs, if Defendants are auditing for September 2016, and the last treatment plan was completed October 2015, the Plaintiffs would have monitors go back to the prior treatment plan completed October 2014 to ensure that the October 2015 treatment plan was in compliance for inmates being reviewed in September 2016.  According to Plaintiffs, if the October 2015 treatment plan is noncompliant, the record is non-compliant for the next eleven months.

**Performance Measure 86**

For Performance Measure 86, Defendants audit the exact same way as the Court described.  (Doc. 1673 at 6.)  For example, a MH-3D inmate whose medications are discontinued on January 10 must be seen by April 10 and again by July 10.  If the inmate is then seen on March 15 and June 15, his record would be considered compliant every month that he was randomly selected.  If on the other hand, he was seen February 10 and then on May 25, his record would be compliant in March, April and June.  The record would be non-compliant in May.  Under this same scenario, Plaintiffs contend the inmate's record is non-compliant for June, July, August, September, and October because the May contact was late.  In other words, according to Plaintiffs, if a record is non-compliant for one month it must be non-compliant for the next five months.  This interpretation is unreasonable and inconsistent with the Court's example, which found the

3

1   record in compliance again in June.  (Doc. 1673 at 6.)

2          Pursuant to the Minutes of Proceedings (Doc. 1708) ordering that the parties

3   provide examples of how their "X day" calculation method complies with the Court's

4   examples set forth in Doc. 1673, Defendants submit to the Court that they monitor

5   consistent with the Court's examples, as set forth above.    Defendants agree with the

6   Court's examples of how to monitor events that must occur "every X days" in its

7   September 9, 2016 Order and do not believe it needs to be revised.

8          DATED this 19th day of October 2016.

9                                      STRUCK WIENEKE & LOVE, P.L.C.

10

11                                      By /s/Timothy J. Bojanowski
12                                         Daniel P. Struck
                                           Kathleen L. Wieneke
13                                         Rachel Love
                                           Timothy J. Bojanowski
14                                         Nicholas D. Acedo
                                           Ashlee B. Fletcher
15                                         Anne M. Orcutt
                                           Jacob B. Lee
16                                         STRUCK WIENEKE & LOVE, P.L.C.
                                           3100 West Ray Road, Suite 300
17                                         Chandler, Arizona  85226

18                                         Arizona Attorney General Mark Brnovich
                                           Office of the Attorney General
19                                         Michael E. Gottfried
                                           Lucy M. Rand
20                                         Assistant Attorneys General
                                           1275 W. Washington Street
21                                         Phoenix, Arizona 85007-2926

22                                         *Attorneys for Defendants*

23

24

25

26

27

28

4

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 19, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:              ahardy@prisonlaw.com

Amelia M. Gerlicher:    agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amir Q. Amiri:         aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy B. Fettig:          afettig@npp-aclu.org

Asim Varma:             avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:    cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:    ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:    DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda: dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:       dspecter@prisonlaw.com

Jennifer K. Messina:    jkmessina@jonesday.com

Jessica Pari Jansepar Ross:  jross@azdisabilitylaw.org

John Howard Gray:     jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:    jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:     jrico@azdisabilitylaw.org

Kathleen E. Brody      kbrody@acluaz.org

Kirstin T. Eidenbach:    kirstin@eidenbachlaw.com

Maya Abela             mabela@azdisabilitylaw.org

Rose Daly-Rooney:     rdalyrooney@azdisabilitylaw.org

Sara Norman:          snorman@prisonlaw.com

Sarah Eve Kader:      skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

1    Rita K. Lomio:          rlomio@prisonlaw.com

2

3          I hereby certify that on this same date, I served the attached document by U.S.
     Mail, postage prepaid, on the following, who is not a registered participant of the
     CM/ECF System:

4

5          N/A

6                                           /s/Timothy J. Bojanowski

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28