Case 2:12-cv-00601-ROS   Document 1726   Filed 10/26/16   Page 1 of 6

1 of 6

☒ FILED  ☐ LODGED

**Oct 26 2016**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

MR Roberto Carrasco Gamez # 131401
ASPC-Lewis - Rast Max
P.O. Box 3600 · Buckeye, AZ 85326

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Victor Parsons
    Plaintiff(s)

V.

Charles L. Ryan et al.,
    Defendant(s)

CASE NO. 12-CV-0601 PHX-DKD

Notice of Service of Document(s)

Plaintiff Gamez, hereby, gives notice that on 27 Oct 16 he served upon Defendant Ryan et al., by first class mail the following document(s):

• Demand Letter (SEE: Gamez's Exhibit A Demand Letter).

Respectfully Submitted this 26 day of Oct 2016
Under Penalty of Perjury

Certificate of Service
Copies of the foregoing were E-filed
and Mailed
This 27 day of Oct 2016

MR Roberto Carrasco Gamez II 131401
ASPC-Lewis-Rast Max
P.O. Box 3600 · Buckeye, Ariz. 85326

("the Parties")

page 1

# EXHIBIT A

# DEMAND LETTER

MR. Charles L. Ryan et al.,
1601 W. Jefferson
PHX, AZ 85007

26 Oct 16

RE: PARSONS V. RYAN et al., 12-cv-0601 PHX-RCD - Demand Letter

THE Arizona Department of Corrections ("ADC") makes no provision to exclude the mentally ill from long-term isolation. Nor do they provide a coherent way out of isolation. There is a broad consensus in the corrections and mental health community that the placement of mentally ill prisoners in isolation creates a significant risk of physical and psychological harm. ("ADC's") classification policy does not place caps on the length of time prisoners are required to spend in solitary confinement, thereby resulting in prolonged isolation.

Instead, Director's Instruction ("D.I. 326") facially establishes a step program for maximum custody prisoners that allows them to transition from controlled based housing to open privilege based housing. The publication of ("D.I. 326") and the Matrix program signed by Director Ryan is suppose to apply to all prisoners held in isolation based on their step level. The infrastructure at ASPC Lewis-Rast MAX prevents the workability in providing meaningful interaction, appropriate out of cell activity, educational, rehabilitative, vocational and therapeutic programming, causing a worsening of symptoms, illnesses and devastating effects associated with long-term solitary confinement and are strikingly toxic to mental functioning, producing a stuporous condition.

page 1

In the Parsons v. Ryan settlement, the parties incorporate implementations of ("D.I. 326") in their stipulation:

"Defendants shall request that the Arizona legislature approve a budget to allow ("ADC") to implement ("D.I. 326") for all eligible prisoners."

It is well-documented in my mental health file that I have been diagnosed as having frontal lobe dysfunction or traumatic brain injury; impaired social learning, emotional lability, aggression and difficulty with self-reflection and empathy. This impairment has led to severe depression, panic and generalized anxiety, including possible PTSD from childhood trauma and irritability, paranoia, problems concentrating in conjunction with cognitive dysfunction and poor impulse control caused by frontal lobe brain injury.

("ADC") and ("Corizon") personnel have failed to carefully monitor and evaluate my compound diagnosis and learning disability. Instead, they've knowingly implemented a practice of narrowing the definition of Seriously Mentally ill ("SMI") in violation with the Americans with Disabilities Act 42 U.S.C § 12132 and the Rehabilitation Act 29 USC § 794. As a result, I have been placed in lock-down for a prolonged period of time as an alternative to providing adequate mental health treatment and I continue to experience exacerbated psychological torture due to extreme social isolation, idleness and reduced environmental stimulation without the minimal mental health services as required by community standard of care.

("D.I. 326") is designed to benefit a small handful of prisoners housed at East Max. ("ADC") administrators and ("Corizon")

page 2

personnel have failed to commit significantly increased resources, facilities, and essential trained staff to fulfill their obligation in ("D.I. 326"). For Instance, Mental health personnel have ZERO authority to consider "Less-Controlled housing" for those who have shown physical and psychological deterioration. In addition, prisoners are never provided "Procedural Due Process" under the Fourteenth Amend. U.S. Const. when reduced to the lowest possible level, especially when one insignificant violation can send the prisoner(s) back to the beginning to start all over again, resulting in continuous placement in extreme isolation. ("ADC") staff have broad discretion on whose name gets submitted to the ("D.I. 326") committee. ("ADC") Administrators have not created a Rule which prohibits individual officers from improperly asserting influence upon a prisoners advancement in step levels, something as simple as a Incident Report ("I.R.") could prevent a prisoner from obtaining incentives. This is one example why ("D.I. 326") is wholly inadequate for the Mentally ill. If ("D.I. 326") continues to operate in this fashion, it would lose it's credibility and any efficacy it might have and has certainly trapped prisoners in a spiral of behavioral dysfunction amplified by behaviors Mentally ill prisoners can't control. So that they're being severely punished due to their disease and the aggravating effects of extreme social isolation. It has become very challenging to transfer out of isolation. The Mental health program that I've attended once a week in the last two months is problematic because ("MH") groups have been canceled and not Rescheduled, groups are Regularly and Routinely delayed due to insufficient ("ADC") staffing levels to escort prisoners to class on time. This practice equals more social isolation and is not enough to Ameliorate the damaging effects of social isolation.

    Director Ryan has a continuing duty to ensure that those to whom he delegate functions or duties perform those duties appropriately yet ("Corizon") has diverge from those responsibilities by failing

page 3

to employ qualified Mental health professionals to properly treat and diagnose prisoners) with Serious Mental illness ("SMI"). The Parsons settlement is intended to alleviate the shark isolative conditions, provide subclass members appropriate diagnosis, evaluation services, least restrictive environmental measures and individualized treatment plan. (ADC") has grossly failed to comply with their end of the deal pursuant to the Parsons settlement.

To avoid additional litigation I'm requesting ("ADC") create a classification policy and practice to abolish long-term isolation due to the adverse health effect it has had on my Individual physical and psychological condition. Furthermore, I'm requesting an immediate and thorough investigation at ASPC-Lewis-Rost Max and it's compliance with ("DI £ 326") and hold Defendant Ryan et al., responsible for abandoning his agreement under the Parsons case.

I appreciate your assistance.

Certification of Service
Copies of the foregoing were
mailed
This ____ day of ____ 2016

Arizona Attorney Generals Office
Corizon
Amy Fettig
Charles L. Ryan et al.,
Complex Warden - Chris Moody
Deputy Warden - Wayne Mooney

Sincerely

MR Roberto Carrasco Gomez # 131401
ASPC-Lewis-Rost Max
P.O. Box 3400 Buckey Ariz.
85326

page 4