**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

It has come to the Court's attention that the following Order was not filed on the date it was prepared. The following issues were raised by the parties at the October 5, 2016 status conference.

<u>Cell-front visits.</u> Pursuant to the Court's Order, the parties provided the Court with additional information about cell-front visits. (Docs. 1673, 1685, 1687) As explained to the parties at the October 5, 2016 status conference, a cell-front visit is compliant with the Stipulation if an inmate refuses to leave the cell or if the prison is on lockdown. However, a cell-front visit is not compliant with the Stipulation if an inmate is on suicide watch.

<u>Max-custody subclass.</u> The parties raised a dispute regarding Paragraph 3 of the Stipulation and the definition of the subclass ("Subclass Definition") which states, in full:

> All prisoners who are now, or will in the future be, subjected by the ADC to isolation, defined as confinement in a cell for 22 hours or more each day or confinement in the following housing units: Eyman–SMU 1; Eyman–Browning Unit; Florence–Central Unit; Florence–Kasson Unit; or Perryville–Lumley Special Management Area.

First, Plaintiffs argued that the Subclass Definition was negotiated by both parties. It was not. The Subclass Definition was crafted by the Court in its March 6, 2013 Class Certification Order. (Doc. 372 at 22) At that time, the prison units listed in the Subclass Definition comprised all of the maximum custody facilities in Arizona. *See also* Maximum Custody Outcome Measures (covering "[a]ll maximum custody prisoners at Eyman-Browning, Eyman-SMU I, Florence Central, Florence-Kasson, and Perryville-Lumley Special Management Area.") (Doc. 1185-1 at 38-45)

Next, Plaintiffs argue that the Subclass Definition encompasses two groups: inmates in the enumerated prison units and inmates subjected to isolation. However, it is clear from the history and plain language of the Subclass Definition and the Maximum Custody Outcome Measures and the related protocols that the subclass certification focused on isolation and maximum custody not housing in enumerated units.

Counsel for Defendants averred during the status conference that inmates at the facilities listed in the Subclass Definition now include close custody inmates who are not subjected to the conditions giving rise to a requirement for maximum custody protection. It may well be that those facilities no longer house maximum custody inmates but counsel may not testify on his clients' behalf. Defendants must therefore present to the Court competent, admissible evidence demonstrating that (1) the enumerated facilities no longer house maximum custody inmates and (2) the conditions of close custody are substantially different from maximum custody such that close custody inmates would not otherwise qualify for protection under DI-326.

Group Counseling. Previously, the Court ordered that, under the terms of the Stipulation, group counseling sessions do not meet the definition of "seen." (Doc. 1673) During the October 5, 2016 status conference, the Court accepted Defendants' request for reconsideration on this matter. The Court notes that Defendants are raising new arguments which could have been raised earlier and doing so more than 14 days after the Court's Order. Both are impermissible under the stringent standard for reconsideration. LRCiv. 7.2(g). However, because of the long-term and wide-ranging impact of these

rulings, the Court concludes that it is prudent to accept briefing on this matter before issuing a decision.

**IT IS ORDERED** that a cell-front visit is compliant with the Stipulation if an inmate refuses to leave the cell or if the prison is on lockdown.  However, a cell-front visit is not compliant with the Stipulation if an inmate is on suicide watch.

**IT IS ORDERED** that within 14 days of the date of this Order, Defendants must present to the Court competent, admissible evidence demonstrating, at a minimum, that (1) the enumerated facilities no longer house maximum custody inmates and (2) the conditions of close custody are substantially different from maximum custody so that close custody inmates would not otherwise qualify for protection under DI-326.

**IT IS ORDERED** that within 14 days of the date of this Order, Plaintiffs may respond to Defendants' motion for reconsideration on the Stipulation's definition of "seen."  Defendants may file a reply within 7 days after Plaintiffs' response.

**IT IS ORDERED** denying as moot Defendants' Motion for Leave to File Reply (Doc. 1688) and Defendants' Motion to Stay Briefing (Doc. 1549).

Dated this 8th day of November, 2016.

_____
David K. Duncan
United States Magistrate Judge