IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DKD |
| Plaintiffs, | |
| v. | **MEDIATION ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Pursuant to the parties' Stipulation (Doc. 1185), entered October 14, 2014, this case has been referred to United States Magistrate Judge Bridget S. Bade for mediation. (Doc. 1666.)   The parties have contacted the assigned magistrate judge's chambers and requested mediation of a compliance dispute regarding several health care performance measures (Performance Measures 31, 35, 39, 40, 44, 50, 51, 52, 55, 73, 74, 76, 80, 86, 87, 88, 94, 95, 96, 97, 98, and 99).  The parties represent that they have complied with the requirements of the Stipulation at paragraphs 30 and 31, including the requirement to "meet and confer in a good faith effort to resolve their dispute informally." (Doc. 1185 at ¶ 30.)

Accordingly,

**IT IS ORDERED** that the parties, or party representatives, and their counsel, shall physically appear before United States Magistrate Judge Bridget S. Bade, Courtroom 304, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona, on **December 19, 2016** at **9:30 am**.  The Court has allocated a

minimum of two hours for the mediation; however, if meaningful progress is being made the mediation will continue until either the compliance issues are resolved, or meaningful progress is no longer being made.

Each party must provide the Court with a Mediation Memorandum **at least seven days before the Mediation**.  The parties may deliver their memoranda directly to chambers (Suite 324 at the Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona; *not* to the Clerk's office or customer service window), or submit them by facsimile (602-322-7689), or by electronic mail (bade_chambers@azd.uscourts.gov).  If a party's memorandum and any exhibits exceed twenty-five pages, a hard copy must be delivered to chambers.  **The Mediation Memoranda must NOT be filed with the Clerk of Court**.

Absent a showing of good cause, and prior express permission from the Court to submit their memoranda as confidential, the parties must exchange their memoranda on the day they are submitted to the Court.  The memoranda shall include the following information:

(1)   A brief statement of the facts and issues upon which the parties agree;

(2)   A discussion of the each parties' position on the compliance issues in dispute, including an explanation of the relevant performance measures (the parties may attach as exhibits copies of Plaintiffs' Notice of Non-Compliance and Defendants' Response);

(3)   A brief explanation of the parties' efforts to resolve the dispute, including any demands, offers, or proposals to resolve the pending issues;

(4)   A statement of any issues, which if resolved, would aid in the resolution of the pending dispute; and

(5)   The relief or resolution sought.

Each party's Mediation Memorandum must not exceed seventeen pages exclusive of attachments and must otherwise comply with the Rules of Practice for the District Court.  *See* LRCiv 7.1 and 7.2.  No responsive memoranda shall be permitted.

All matters communicated expressly in confidence to the mediator will be kept confidential and will not be disclosed to any other party. At the conclusion of the mediation, all documents submitted by the parties will be returned, destroyed, or otherwise disposed of in the manner directed by the mediator.

Dated this 9th day of November, 2016.

_____
Bridget S. Bade
United States Magistrate Judge