Michael J. Cohn #288721
ASPC Lewis / STINER 5A20
P.O. Box 3100
Buckeye, AZ 85326

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. Plaintiffs, M. Cohn v. Petitioner Pro Se Ryan, et al. Defendants | 2:12 CV 601-DKD MOTION FOR Declaratory Judgment / Novel Issue of Constitutional Law / Conditions of Confinement. (Hon. John Buttrick / David Duncan) |
|---|---|

Per USC §2403, the 1st, 5th, 6th, 8th & 14th amdts. of the U.S. Constitution, petitioner requests a declaratory judgment as follows: (M50, ARS+ §42, ER 3.8, Responsibility of the Prosecutor and ARS 13-702.35, consideration must be given to factors that render a sentence to be cruel and unusual punishment):

1) Declaration requiring the Prosecutor to bring conditions of confinement that expose a defendant to "risk of serious future harm" to the tribunal prior to sentencing. (Preamble, U.S. Const. Right to life, liberty, property, happiness, 5th, 6th, 8th & 14th amdts, US Const., ER 3.8 Model Code of Professional Conduct (Prosecutor must bring any/all mitigating evidence to the tribunal prior to sentencing that may result in a downward amount of time in the sentence, E.R. 3.4, Fairness to opposing party and counsel (see E.R. 3.8 above). (See enclosed Exhibit 1 & Motion for Sanctions, not yet filed).

and/or 2) Declaration that the court consider that condition of confinement posing "risk of future harm" (serious) to the defendant constitutes a sentencing enhancement not admitted by the defendant or found by a jury. (Apprendi v. New Jersey 530 US 466, 147 LEd.2d 435, 120 SCt. 2348 (2000); Jones v. U.S. 526 US 227, 143 LEd 2d 311, 119

1 of 3

SCt. 2428 (2002); U.S. v. Booker 125 SCT. 738, 160 LEd2d; 621 (2005). Hellins v. McKinney, 509 US 25, 33 (1993).

and/or 3) Declaration requiring that the court consider conditions of confinement that expose defendant to "risk of serious harm" constitute "Double jeopardy" (multiple punishments for the same offense constitute double jeopardy) U.S. v. Kelsor, 665 F3d 684 (6th Cir. 2011).

and/or 4) Declaration that a preponderance of suits and/or class actions against a Department of Corrections for constitutional violations constitutes "risk of serious harm". Hellins, id.

and/or 5) Declaration that "risk of serious future harm" is a violation of the 8th Amndt. Protection of freedom from cruel and unusual punishment. Hellins v. McKinney, id.

and/or 6) Declaration that ongoing violations of constitutional rights constitute "irreparable harm." Elrod v. Burns, 427 US 347, 373, 9th Cir. 2673 (1976).

and/or 7) Declaration that the prosecutor's failure to bring conditions of confinement to the tribunal, prior to sentencing violates due process as this amounts to "sentencing manipulation." U.S. v. Torres, 963 F3d 731 (8th Cir. 2009).

and/or 8) Declaration that the "Rule of Lenity" requires the lesser of two penalties and that the "Rule of Lenity" applies to sentencing guidelines as well as to criminal/penal statutes [including conditions of confinement as a downward factor in sentencing] my phrase. Huddleston v. U.S., 415 US 831, 39 LEd2d 782, 94 SCT. 1262 (1974).

This matter is being brought to this court as judges are already assigned. USC § 2403.

Petitioner sets forth in the accompanying motion for sanctions, declaration in support of motion for sanctions and memorandum of points and authorities in support of motion for sanctions his rationale and legal theory for his personal case and for those similarly situated. All current and future inmates are plaintiffs in the Parsons v. Ryan class action, 2:12 CV 601 DKD class action aff'd, 2014.

For the reasons stated herein and in the accompanying documents, the court should grant petitioner's motion in all its respects or as otherwise determined by the court.

Respectfully submitted,                    Date: 10/27/16
Melvin J. Lee, Pro Se

Original efiled to: on: 11/10/16
Clerk of the U.S. Dist. Ct.
and forwarded to the A.G.
per General Order 14-17

I certify that the contents herein are true and correct to the best of my knowledge and understanding as a pro se litigant entitled to liberal interpretation of his pleadings.
                    M. J. Lee    Date: 10/27/16