# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-DKD<br><br>**[PROPOSED] ORDER** |

The Court, having reviewed Plaintiffs' Statement Regarding Unresolved Issues Related to Defendants' Proposed Monitoring Guide and Methodology to Measure Compliance with the Stipulation, and finding good cause, hereby **GRANTS** the following relief:

1. Defendants may not make changes to their methodology for monitoring compliance with the Stipulation, its performance measures, or any Court orders, without first providing written notice of the proposed changes to the Court and Plaintiffs. Such notice must clearly show which language in the methodology is to be changed, added, or deleted, and for each change sought, Defendants must provide an explanation of the reason for the change.

133596330.1

2. Such written notice must be provided to the Court and Plaintiffs at least 60 days prior to first day of the month for which Defendants propose the change would take effect.

3. Plaintiffs will provide Defendants and the Court with their written comments and responses to Defendants' proposed changes within 14 days of receipt of Defendants' notification.

4. If the parties have any disagreements regarding the proposed changes, they must engage in good-faith negotiations to occur between 15 and 30 days after Defendants' written notice. Such negotiations may occur sooner, if Plaintiffs provide a written response sooner.

5. If, after good-faith negotiations, there are still matters in dispute, the parties shall present the dispute to the Court for resolution at the next scheduled monthly status conference.

6. Defendants will not make any methodology changes that are disputed by Plaintiffs unless and until the Court issues an order resolving the dispute(s).

To illustrate this order, if Defendants were to seek a change in methodology that they want to be effective in May, they would provide written notice to the Court and Plaintiffs no later than March 1. Plaintiffs would respond by March 15, and if there were any areas of dispute or disagreement, the parties would meet and confer between March 16 and 31. (If Plaintiffs provided their response earlier, such negotiations could begin the next day after Plaintiffs' response). After negotiating, the parties would submit the areas of impasse to the Court in writing at least two court days prior to the April status conference. At or after the status conference, the Court would issue an order resolving any disputes. If the Court were to issue its order prior to May 1, then Defendants could implement the mutually agreed-upon *and* Court-approved changes on May 1. If the Court were to issue its order after May 1 (or if there was not a status conference held in April), then Defendants could *only* implement the mutually agreed-upon changes on May 1, and

1  not make any other changes to methodology that are in dispute and pending final Court
2  resolution.
3       IT IS SO ORDERED.