United States District
District of Arizona

Daniel Alexander Rodriguez,
on behalf of himself and all
others similarly situated,
Plaintiffs

v.

Charles Ryan, Director, Arizona
Department of Corrections; and
Richard Pratt, Interim Division
Director of Health Services, Arizona
Department of Corrections, in their
official capacities, Defendants.

No. CV-12-00601-PHX-DKD

Motion to Mediate Dispute of Substantial Non-Compliance; Document Number 1712 of Aforesaid Case Number.

(Hon. David K. Duncan)

The Plaintiff Daniel Alexander Rodriguez; Arizona Department of Corrections I.D. Number 242516, as a member of above class action suit, hearby humbly requests this court through the following memorandum of points and authorities to mediate dispute set forth in document number 1712 of above case.

## Memorandum Of Points And Authorities

1 - 8

## I. Questions Presented

1.) Do Defendants not responding to Notice of Substantial Non-Compliance warrant mediation of dispute illuminated upon in Document 1712?

2.) Are there certain procedures of D.I. 326, D.O. 801 and Step-Program Matrix that prevent the cure of federally guaranteed rights as set forth in Parsons stipulation?

## II. Facts

On October 13, 2016 Plaintiff filed a Notice of Substantial Non-Compliance with the Court, whereupon E-Filing system served Attorneys for Defendants in this case. It is now November 15, 2016 and Plaintiff has been met with no response to Notice of Substantial Non-Compliance.

## III. Law and Arguement

Paragraph 31 of Parsons v. Ryan Stipulation states in "

the event that a notice of substantial non-compliance pursuant to ¶30 of this stipulation cannot be resolved informally, counsel for the parties shall request that Magistrate Judge John Buttrick mediate the dispute. In the event that Magistrate Judge Buttrick is no longer available to mediate disputes in this case, the parties shall jointly request the assignment of another Magistrate Judge, or if the parties are unable to agree the District Judge shall appoint a Magistrate Judge."

As in the instant case no attempt has been made by Defendant's to resolve dispute brought forth in Notice of Substantial Non-Compliance filed on October 13, 2016, whereby mediation is warranted in this matter.

What has been failed to be taken into consideration is an issue of foundational magnitude.

The purpose of D.I. 326 is to "modify the concept of programming maximum custody inmates involved in the commission of one of the forbidden three acts and the guiding principles developed by the Association of State Correctional Administrators." (Quoting, D.I. 326; page 1)

3 of 8

1  THE MODIFICATION OF AFORESAID PROGRAMMING HAS RESULTED
2  IN THE STEP-PROGRAM MATRIX, (SEE PAGE 3, SECTION 2.0 OF
3  D.I. 326) AND THE GUIDING PRINCIPLES, (SEE PAGE 9,
4  NUMBERS 1-13 OF D.I. 326). THESE TWO CRITICAL COMPONENTS
5  IN CURING VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS
6  AS SET FORTH IN PARSONS ARE A BRILLIANT AND EFFECTIVE
7  WAY TO ENSURE THOSE RIGHTS; HOWEVER THERE ARE PROCEDURES
8  OF THESE TWO COMPONENTS THAT DRAMATICALLY ELIMINATE THE
9  EFFECTIVE NATURE OF THEM.
10
11 PER NUMBER 5 OF GUIDING PRINCIPLES ON PAGE 9 OF D.I.
12 326, IT LAYS THE FOUNDATION OF STEP-PROGRAM MATRIX
13 "DETERMINE AN INMATES LENGTH OF STAY IN MAXIMUM CUSTODY
14 ON THE NATURE AND LEVEL OF THREAT TO THE SAFE AND ORDERLY
15 OPERATION OF GENERAL POPULATION AS WELL AS PROGRAM
16 PARTICIPATION, RULE COMPLIANCE AND THE RECOMMENDATION
17 OF THE PERSONS ASSIGNED TO CONDUCT THE CLASSIFICATION
18 REVIEW, <u>AS OPPOSED TO STRICTLY HELD TIME</u>
19 <u>PERIODS</u>."
20
21 THE TRANSPARENT INEQUITIES WOVEN INTO D.I. 326,
22 D.O. 801 AND THE STEP-PROGRAM MATRIX RENDER THE
23 AFORESAID CURE NOT ABLE TO COMBAT THE DISEASE OF
24 THE ONGOING VIOLATION OF FEDERALLY GURANTEED
25 RIGHTS.
26
27
28

4 AIQ

1. WE MUST OBSERVE THE BEGINNING, D.I. 326; SECTION
2. 1.1; PAGE 1 STATES "INMATES SHALL BE ASSIGNED TO MAXIMUM
3. CUSTODY PURSUANT TO DEPARTMENT ORDER 801, INMATE
4. CLASSIFICATION; THIS DEPARTMENT ORDER SPECIFICALLY,
5. TECHNICAL MANUAL; SUBSECTION TM801.05; CUSTODY
6. RECLASSIFICATION SCORING CRITERIA NUMBER 4, (
7. DISCIPLINE VIOLENCE HISTORY) UPHOLDS A "STRICLY HELD
8. TIME PERIOD."
9.
10. THE ABOVE POLICY DOES SO, BY OUTLINING A STRICT
11. PROCEDURE RENDERING ONLY ACTIONS WHICH MAKE INMATES
12. ELIGIBLE FOR MAXIMUM CUSTODY "THE THREE FORBIDDEN
13. ACTS" (I.E. - STAFF ASSAULT, 2 ON 1 INMATE ON INMATE ASSAULT AND
14. 2 ON 1 STAFF ASSAULT.) WHICH IRONICALLY STANDS AS THE
15. PURPOSE OF D.I. 326 TO CHANGE; PROHIBITED FOR "TWO
16. YEARS" BEFORE GRANTING THE NECESSARY REQUISITES (
17. I.E. POINT REDUCTION) TO MOVE TO A LOWER CUSTODY UNIT
18. AS IN THE INSTANT CASE S.M.U-1 WHERE STEP II
19. IS COMMENCED.
20.
21. BY D.I. 326 ENSURING THAT INMATES ARE ASSIGNED
22. TO MAXIMUM CUSTODY IN ACCORDANCE WITH CURRENT
23. D.O. 801, CLASSIFICATIONS "STRICLY HELD TIME
24. PERIODS" IT DEFEATS ITSELF BEFORE IT CAN EXERCISE
25. IT'S PURPOSE, WHEREBY D.O. 801's "STRICLY HELD TIME
26. PERIODS" NEED TO BE REVISED SO DEFENDANTS CAN BE
27.
28.

IN COMPLIANCE WITH PARSONS V. RYAN STIPULATION OF PROGRESSIVE OUT-OF-CELL TIME MEASURES.

THE OTHER BARRIER THAT HAS HALTED THE COMPLIANCE OF NOT HOLDING INMATES IN MAXIMUM CUSTODY IN ACCORDANCE WITH A STRICTLY HELD TIME PERIOD IS THE STEP-PROGRAM MATRIX ITSELF. SECTION 2.1, PAGE 3 OF DI 326 STATES "INMATES MUST FOLLOW ALL PROGRAM REQUIREMENTS ON A DAILY BASIS TO QUALIFY FOR ADVANCEMENT AND INCENTIVES FOR A MINIMUM OF "THIRTY" CONSECUTIVE DAYS IN ORDER TO BE ELIGIBLE FOR CONSIDERATION TO ADVANCE IN STEPS."

THIRTY CONSECUTIVE DAYS IS THE "MINIMUM" NUMBER OF DAYS TO BE IN COMPLIANCE FOR ELIGIBILITY TO ADVANCE IN STEP AT EACH STEP, I, II AND III, HOWEVER BY NOT SETTING A REASONABLE DAY CERTAIN FOR ADVANCEMENT ONLY LEAVES THE OPTION OF THE "TWO YEAR" STRICTLY HELD TIME PERIOD OF D.O. 801.

## IV. CONCLUSION

AS SHOWN AFFIRMATIVELY HEREIN, THE PURPOSE OF D.I. 326, STEP-PROGRAM MATRIX AND PARSONS STIPULATION

1. ARE BEING HINDERED BY THEMSELVES, HOWEVER MORE
2. IMPORTANTLY THE STRICTLY HELD TIME PERIOD OF D.O.
3. 801 PLAYS THE CENTRAL ROLE OF THE ABATEMENT OF ALL
4. THREE.
5.
6. THE ONLY QUESTION THAT BEGS AN ANSWER HERE IS:
7.
8. CAN THE DEFECTS OF D.I. 326, STEP-PROGRAM AND D.O.
9. 801 BE AMENDED TO ALLOW DEFENDANTS TO BE IN COMPLIANCE
10. OF PARSONS V. RYAN STIPULATION?
11.
12. THE RELATIVE NATURE OF FIXING AFORESAID DEFECTS WILL
13. NOT BE EASY, HOWEVER IT CAN BE DONE EFFECTIVELY AND
14. COST-EFFECTIENTLY WITHIN THE BEST INTERESTS OF BOTH
15. PARTIES. WHEREBY PLAINTIFF PRAYS THIS COURT FIND THE
16. SAME BY GRANTING RELIEF OF MEDIATING DISPUTE
17. ELUCIDATED UPON HEREIN AND IN NOTICE OF SUBSTANTIAL
18. NON COMPLIANCE, FILED ON OCTOBER 13, 2016.
19.
20. I, DANIEL ALEXANDER RODRIGUEZ AS AN UNREPRESENTED
21. PARTY, CERTIFY THAT THIS MOTION UNDER PENALTY OF PERJURY
22. IS TRUE TO THE BEST OF MY KNOWLEDGE. FURTHERMORE
23. I DO HEREBY CERTIFY THAT THE FORM AND PROCEDURE
24. OF THIS PLEADING ARE IN ACCORDANCE WITH THE LOCAL
25. RULES OF THE DISTRICT COURT AND THE FEDERAL RULES OF CIVIL
26. PROCEDURE.
27.
28.

1 | RESPECTFULLY E-FILED ON THIS 15TH DAY OF
2 | NOVEMBER IN THE YEAR 2016, TO ALL PARTIES
3 | INTERESTED AND THE CLERK OF THE COURT.

By: DANIEL A. RODRIGUEZ

*[signature]*, PLAINTIFF.

RTFR