IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

On November 10, 2016, the Court issued its Order requiring the use of additional remedial measures to accomplish the requirements Defendants agreed to more than two years ago in October 2014. The Order noted that in those two years, Defendants have had ample opportunity to present, apply, and retool their own remedial plans. Where those plans failed, the Court, as authorized by the Parties' Stipulation, issued its November 10, 2016 Order and imposed its own plan to assure provision of the health care services required by the Stipulation.

Also on November 10, 2016, Defendants filed (before the Court's Order was docketed and available) their Motion for Briefing Regarding the Court's Proposed Order in which they ask for the opportunity to present briefing regarding the "availability, feasibility, and ramifications this proposal would have on ADC operations." (Doc. 1752) Defendants also state that "[t]he precise parameters of the Court's proposal are unclear." The latter issue is addressed by the issuance of the November 10, 2016 Order which defines those parameters and thus the Defendants' Motion has been mooted by the same-

day turn of events.  With respect to the "availability, feasibility, and ramifications" of the Court's remedial orders, the Court addressed those issues at the November 9, 2016 hearing when it stated that it appreciated that its measurers would be burdensome to effect, but that they surely were not impossible.  In previous hearings (most recently the September 8, 2016 Status Conference at Doc. 1191, pp. 8-10) the Court previewed its alternative remedial measure and acknowledged the potential cost and security implications.  As the Court and Defendants have been aware of this potentiality for some time, it is not necessary to squander more time with unnecessary briefing.

Simply stated: the Stipulation required that defined performance measures be met. Where the measures were not met to a degree that did not meet the graduated benchmarks, the Stipulation required the parties to pursue mediation and then, failing that, the Court must allow Defendants to implement their own remedial actions.  Failing that, the Court must, pursuant to the Stipulation, impose its own remediation plan to assure that the Class Plaintiffs receive the Stipulation's promised care.  This the Court has done, with ample and sufficient warning to Defendants that by depriving the Court of the most feasible and perhaps safest tool – increased health care and DOC staffing – the Court would employ methods that were not ideal but would accomplish the <u>required</u> tasks.  But the Court must reiterate, Defendants retain the power to employ the most efficacious and safest tool of increased staffing.

Accordingly, IT IS ORDERED DENYING Defendants' Motion for Briefing Regarding the Court's Proposed Order (Doc. 1752).

Dated this 16th day of November, 2016.

_____
David K. Duncan
United States Magistrate Judge