Kathleen E. Brody (Bar No. 026331)
Daniel Pochoda (Bar No. 021979)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org
       dpochoda@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION** |

LEGAL23774493.1

## INTRODUCTION

Before the Court is Defendants' motion to reconsider the Court's ruling that group contacts do not satisfy the Stipulation's requirement that a patient be "seen." For the reasons set forth below, Defendants' motion should be denied.

## PROCEDURAL HISTORY

The Stipulation provides the following definition of the term "seen:"

> Interaction between a patient and a Medical Provider, Mental Health Provider or Mental Health Clinician that involves a treatment and/or exchange of information in a confidential setting. *With respect to Mental Health staff, means an encounter that takes place in a confidential setting outside the prisoner's cell, unless the prisoner refuses to exit his or her cell for the encounter.*

Doc. 1185-1 at 5 (emphasis added).[1]

On July 12, 2016, Plaintiffs filed a Motion to Enforce the Stipulation, arguing, *inter alia*, that a group mental health encounter does not satisfy the requirement set forth in various Performance Measures (PM) that a patient be "seen" by mental health staff. Doc. 1625 at 14-15. On September 6, 2016, the Court granted the motion in part, ruling that, with the exception of PM 92, a group encounter does not satisfy this requirement. Doc. 1673 at 4-5. Defendants did not file a motion for reconsideration within 14 days, as required by LRCiv 7.2(g)(2).

However, on October 3, 2016, Defendants purported to seek reconsideration of the Court's order in a single paragraph in a document titled "DEFENDANTS' PROPOSED AGENDA ITEMS, October 5, 2016 Conference" (hereinafter "Defendants' Proposed Agenda Items").[2] At the October 5 status conference, the Court indicated that it would construe this paragraph as a motion for reconsideration. October 5, 2016 transcript at 28.[3]

---

[1] All citations to the Electronic Case Files are to the page numbers assigned by the ECF filing system, and not the page numbers of the various documents contained therein.
[2] This document was not filed with the clerk, but was emailed to chambers.
[3] Although Defendants never filed a motion for reconsideration that complied with LRCiv 7.2(g), Plaintiffs use the term "Defendants' motion" to refer to Defendants' request for reconsideration.

LEGAL23774493.1

**ARGUMENT**

**I. Motions for reconsideration are disfavored and should be granted only in extraordinary circumstances.**

Local Rule of Civil Procedure 7.2(g)(1) provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

"Motions for reconsideration are disfavored and should be granted only in rare circumstances." *United States v. Vistoso Partners*, No. CV10–0444 PHX DGC, 2011 WL 2550387, at *1 (D. Ariz. 2011).  *Accord Estrada v. Bashas' Inc.*, No. CV–02–00591–PHX–RCB, 2014 WL 1319189, at *2 (D. Ariz. Apr. 1, 2014) ("The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly") (internal quotation marks omitted); *Ross v. Arpaio*, No. CV 05–4177–PHX–MHM (ECV), 2008 WL 1776502, at *1 (D. Ariz. Apr. 15, 2008) ("Motions for reconsideration should be granted only in rare circumstances").

**II. Defendants' arguments have already been considered and rejected by the Court.**

A motion for reconsideration is not a proper vehicle to recycle arguments that have already been considered and rejected by the Court. *See* LRCiv 7.2(g)(1) ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (motion for reconsideration was properly denied "because, as [the District Court] noted, it presented no arguments that had not

1 already been raised"); *Garcia v. Glendale Police Dep't,* No. CV 11–02260–PHX–JAT,
2 2014 WL 2197027, at *2 (D. Ariz. May 27, 2014), *aff'd sub nom. Garcia v. Solomon*, 623
3 F. App'x 486 (9th Cir. 2015) (motions for reconsideration denied when "[t]he arguments
4 in Plaintiff's Motions are nothing more than re-arguments of the facts previously
5 presented to the Court"); *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Ariz.
6 2003) (motion for reconsideration is not "the time to ask the Court to rethink what it has
7 already thought"); *Yount v. Salazar*, 933 F. Supp. 2d 1215, 1236 (D. Ariz. 2013) ("Mere
8 disagreement with an order is an insufficient basis for reconsideration").

9 In violation of LRCiv 7.2(g)(1), Defendants' "motion" consists entirely of
10 arguments that were previously asserted in their Response to Plaintiffs' Motion to
11 Enforce. *Compare* Defendants' Proposed Agenda Items *with* Doc. 1644 at 6-8; Doc.
12 1644-1 at 3-5. For example, Defendants now argue as follows:

> For example the language of PMs 87 and 89 specifically requires an individual or 1:1 encounter. (*See* Dkt. 1185-1 at 14.) Using the Court's reasoning, because PM 87 and 89 require "a 1:1 session," other performance measures that do not include this language should not require individual contacts. … Indeed, Plaintiffs specifically bargained for individual encounters for PMs 87 and 89, yet did not do so for the other measures that require inmates to be "seen."

18 Defendants' Proposed Agenda Items. Defendants made an identical argument in their
19 Response. *See* Doc. 1644 at 8 ("And in other performance measures, the parties
20 specifically indicated that an inmate be seen one-on-one. ... If Plaintiffs wanted "seen" to
21 always mean one on one, they could have specified this for all measures"); Doc. 1644-1 at
22 3-4 ("Importantly, for certain performance measures, the parties specified the inmate must
23 be seen one on one. For example, Performance Measure 87, states inmates must be seen
24 one on one[.]").

25 Defendants' arguments have already been considered, and rejected, by the Court.
26 Defendants do not even allege, let alone show, manifest error in the Court's ruling.
27 Defendants' motion should be denied.

28

### III. To the extent that Defendants raise new arguments, there is no excuse for their failure to assert them in a timely fashion.

A motion for reconsideration may not be based upon arguments that the moving party could, with reasonable diligence, have presented earlier. LRCiv 7.2(g)(1) provides: "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority *that could not have been brought to its attention earlier with reasonable diligence*" (emphasis added). Numerous decisions of this Court amplify this requirement. *See, e.g., Yount*, 933 F.Supp.2d at 1236 (motions for reconsideration "are disfavored and will be granted only upon a showing of manifest error or new facts or legal authority that could not have been raised earlier with reasonable diligence") (internal quotation marks omitted); *Garcia v. Regis Corp.*, No. CV09–1282–PHX–DGC, 2011 WL 2357761, at *1 (D. Ariz. June 15, 2011) (same); *Schackart v. Ryan*, No. CV 03–287–TUC–DCB, 2009 WL 1257144, at *2 (D. Ariz. May 5, 2009) ("A motion to reconsider 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation'") (*quoting Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

In setting a briefing schedule on Defendants' "motion," the Court stated, "[t]he Court notes that Defendants are raising new arguments which could have been raised earlier and doing so more than 14 days after the Court's Order. Both are impermissible under the stringent standard for reconsideration." Doc. 1745 at 2. As stated above, Plaintiffs contend that Defendants' "motion" consists entirely of arguments that have already been considered and rejected by the Court, and should be denied on that basis. However, to the extent that the Court concludes that Defendants are raising new arguments, the Court is correct that those arguments could have been raised earlier, and Defendants' motion should be denied on that basis.

As Defendants concede, their motion for reconsideration is based upon the text of the Stipulation. *See* Defendants' Proposed Agenda Items ("Defendants request

LEGAL23774493.1                                    -4-

clarification or reconsideration regarding this ruling *based on the language of other performance measures*") (emphasis added). The language of the Stipulation and the Performance Measures has remained unchanged since October 14, 2014. *See* Doc. 1185, 1185-1. Because there is no reason Defendants could not have timely raised their arguments in response to Plaintiffs' Motion to Enforce the Stipulation, their motion should be denied.

**IV. The Court should adhere to its ruling on the ground that group encounters are not "confidential," as required by the Stipulation.**

Just as an appellate court "can affirm on any ground supported by the record," *Campbell v. Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842 n.4 (9th Cir. 2011), this Court can adhere to its ruling on any such ground. The Court should adhere to its ruling on the ground that group encounters are not "confidential," as required by the Stipulation's definition of "seen."

When it ruled on Plaintiffs' Motion to Enforce, the Court had before it uncontradicted expert testimony that group encounters in a prison setting are not confidential. Dr. Pablo Stewart, a board-certified psychiatrist, stated in his declaration:

> Confidentiality is the foundation upon which an effective mental health treatment system is based. In the community, groups can provide a modicum of confidentiality if all members fully acquiesce in, and scrupulously comply with, the rules concerning privacy. The treatment milieu is completely different in a correctional setting. Information regarding mental health symptoms and treatment becomes a powerful weapon in the power struggles and conflicts commonly found in an inmate population. Mentally ill prisoners may become the targets of assault or other forms of victimization. *Therefore, mental health groups cannot be considered a confidential setting in a prison or jail.*

Doc. 1657 at 2 (emphasis added). *See also* Doc. 1627 at 5 ("Mental health treatment groups are a valuable component of a mental health treatment program. They are not, however, a substitute for confidential encounters with mental health staff. A group

1 meeting is obviously not a confidential setting").[4]

2 The Court was entitled to credit this uncontradicted expert testimony. *See Sec.-First Nat. Bank of Los Angeles v. Lutz*, 322 F.2d 348, 355 (9th Cir. 1963) ("the trier may not act arbitrarily in disregarding uncontradicted and entirely probable testimony of [expert] witnesses whose qualifications and judgment have not been discredited"). Even if Defendants' textual arguments had merit (and they do not – *see* § V, *infra*), the Court should adhere to its original ruling on this ground.

## V. Defendants' arguments are without merit.

Defendants argue that because PM 87 and 89 require that patients be "seen … for a 1:1 session," "other performance measures that do not include this language should not require individual contacts." As noted above, this argument has already been urged by Defendants and rejected by the Court. More fundamentally, Defendants don't believe their own argument: there are multiple PMs requiring that a patient be "seen" (without specifying "for a 1:1 session") for which Defendants' own Monitor Guide requires an individual contact. *Compare* Doc. 1760-1 at 113 (monitoring instructions for PM 80, listing "group contact" as permissible) *with id.* at 104, 105, 128, 134 (monitoring instructions for PM 73, 74, 91, and 95, not listing "group contact" as permissible).

PM 87 and 89 apply to prisoners classified as MH-4 and MH-5, respectively. The language "for a 1:1 session," which comes from Defendants' Mental Health Technical Manual (MHTM), was included in these PMs at the request of Defendants, who wanted the language of the Stipulation to parallel that of the MHTM when possible to make the Stipulation more readily comprehensible to mental health staff. *See* declaration of David

---

[4] Defendants submitted a declaration from Dr. Nicole Taylor (Doc. 1644-1), but that declaration set forth no expert qualifications; accordingly, her purported expert opinions must be disregarded. *See McNally v. Univ. of Hawaii*, 780 F. Supp. 2d 1037, 1050 (D. Haw. 2011) (striking expert's declaration when "no information has been provided to the court about her qualifications"). Moreover, Dr. Taylor is an employee of Defendants, a status that "may bear heavily on witness credibility, bias, and the weight of the evidence." *Den Norske Bank AS v. First Nat'l Bank of Boston*, 75 F.3d 49, 58 (1st Cir. 1996).

1 C. Fathi, filed herewith.  Plaintiffs' accession to this request plainly has no effect on the Stipulation's definition of "seen," which requires in all cases "an encounter that takes place in a confidential setting."  Doc. 1185-1 at 5.  Moreover, because the "for a 1:1 session" language was drafted by Defendants, any ambiguity in its meaning is construed against them.  *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995) (recognizing "the common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it").[5]

## CONCLUSION

For all of these reasons, Defendants' motion should be denied.

---

[5] Plaintiffs responded comprehensively to Defendants' arguments in their briefing on the Motion to Enforce, and incorporate that briefing, and the supporting evidentiary material, by reference here.  *See* Doc. 1625 at 14-15; Doc. 1654 at 4-5.

LEGAL23774493.1                                    -7-

Dated: November 22, 2016

By: */s David C. Fathi*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Jamelia Natasha Morgan (N.Y. 5351176)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@aclu.org
afettig@aclu.org
jmorgan@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kathleen E. Brody (Bar No. 026331)
Daniel Pochoda (Bar No. 021979)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org
dpochoda@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com
rlomio@prisonlaw.com

*Admitted *pro hac vice*

| | |
|---|---|
| 1 | Daniel C. Barr (Bar No. 010149) |
| 2 | Amelia M. Gerlicher (Bar No. 023966)<br>John H. Gray (Bar No. 028107) |
| 3 | **PERKINS COIE LLP**<br>2901 N. Central Avenue, Suite 2000 |
| 4 | Phoenix, Arizona 85012<br>Telephone: (602) 351-8000 |
| 5 | Email:    dbarr@perkinscoie.com<br>           agerlicher@perkinscoie.com |
| 6 |            jhgray@perkinscoie.com |
| 7 | Kirstin T. Eidenbach (Bar No. 027341)<br>**EIDENBACH LAW, PLLC** |
| 8 | P. O. Box 91398<br>Tucson, Arizona 85752 |
| 9 | Telephone: (520) 477-1475<br>Email:    kirstin@eidenbachlaw.com |
| 10 | Caroline Mitchell (Cal. 143124)* |
| 11 | Amir Q. Amiri (Cal. 271224)*<br>**JONES DAY** |
| 12 | 555 California Street, 26th Floor<br>San Francisco, California 94104 |
| 13 | Telephone: (415) 875-5712<br>Email:    cnmitchell@jonesday.com |
| 14 |            aamiri@jonesday.com |
| 15 | *Admitted *pro hac vice* |
| 16 | John Laurens Wilkes (Tex. 24053548)*<br>**JONES DAY** |
| 17 | 717 Texas Street<br>Houston, Texas 77002 |
| 18 | Telephone: (832) 239-3939<br>Email:    jlwilkes@jonesday.com |
| 19 | *Admitted *pro hac vice* |
| 20 | Jennifer K. Messina (N.Y. 4912440)* |
| 21 | **JONES DAY**<br>222 East 41 Street |
| 22 | New York, New York 10017<br>Telephone: (212) 326-3498 |
| 23 | Email:    jkmessina@jonesday.com |
| 24 | *Admitted *pro hac vice* |
| 25 | *Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina* |
| 26 | *Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm;* |
| 27 | *Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of* |
| 28 | *themselves and all others similarly situated* |

LEGAL23774493.1  -9-

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Maya Abela
    Sarah Kader (Bar No. 027147)
    Asim Dietrich (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email: skader@azdisabilitylaw.org
           adietrich@azdisabilitylaw.org

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:
      rdalyrooney@azdisabilitylaw.org
      jrico@azdisabilitylaw.org
      jross@azdisabilitylaw.org
      mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2016, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Mark A. Bracken
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
mbracken@swlfirm.com

*Attorneys for Defendants*

Sarah Kader
Asim Dietrich
Rose A. Daly-Rooney
J.J. Rico
Jessica Jansepar Ross
Maya Abela
ARIZONA CENTER FOR DISABILITY LAW
skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

          s/ Jennifer Onka

LEGAL23774493.1                    -11-