WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DKD |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Defendants originally asked the Court to redact references to line ADOC employees who were subject to discipline or possibly subject to discipline for supervision issues in association with the death of inmates.  This request was subsequently enlarged to include references to a named Defendant and a physician who is an ADOC supervisor.  The Court asked Defendants to identify, in an email to the Court, copied to Plaintiffs' Class Counsel, the specific pages and lines for the references for which Defendants sought redaction.  This the Defendants did on November 9, 2016.  Plaintiffs do not formally object to the redactions but question whether there is appropriate justification for the redactions other than those for the line ADOC employees.  The Court has now had an opportunity to review the particular redaction requests.

As a prefatory note, the Court observes what appears to be an absence of the kind of careful attention the Court would expect from a submission to the Court.  The Defendants' email submission includes a .pdf document entitled "DEFENDANTS'

1  REDACTION CITATIONS FOR THE OCTOBER 5, 2016, STATUS-HEARING

2  TRANSCRIPT" which includes 21 specific redaction requests.  What is troubling is that

3  the list of redactions goes beyond the ADOC employees and includes the names of

4  suicide victims as well as the names of two class members.  These names or these

5  categories of names were never advanced by counsel as candidates for redaction.  Thus it

6  appears that Defendants have produced a list of redactions based upon where proper

7  names were found in the transcript rather than names that correspond to the Defendants'

8  request.  The Court takes the time to note this because defense counsel's lack of care

9  required the Court to expand unnecessary time to review and to try and understand

10  Defendants' puzzling list of suggested redactions.  People are not perfect and mistakes

11  are made, but in light of counsel's previous error with respect to furnishing the wrong

12  version of a draft document to Plaintiffs' counsel and the unnecessary waste of time that

13  episode engendered, the Court believes it would be constructive to cite this additional

14  lapse in the hope that additional care would be taken in the future.

15      Turning now to the particular redaction requests,

16      IT IS ORDERED APPROVING the unopposed redactions for the proper names

17  set forth at the following page and line numbers of the October 5, 2016 Status Hearing

18  transcript: page 40, lines 1, 2, 5 and 9; page 42, lines 18 and 22.

19      IT IS ORDERED DENYING the other requested redactions.  The Court declines

20  to approve the other redactions for the other ADOC employees for two reasons.  First, the

21  courts of the United States and matters occurring therein are presumptively public and

22  courts should be sensitive to this interest and the public confidence that flows from this

23  openness.  Second, with respect to the disciplined employee for which redaction will not

24  be allowed, the name of this assistant warden and the discipline imposed were widely

25  /////

26  /////

27  /////

28  /////

- 2 -

1  reported in the public media and thus the Court cannot perceive of any harm that    would

2  flow from a failure to redact these references in the transcript.

3

4          Dated this 23rd day of November, 2016.

5

6

7  _____

8  David K. Duncan
   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -