Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Mark A. Bracken, Bar No. 026532
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
mbracken@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-DKD <br><br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION** |

The Court ordered on September 6, 2016 that, "under the terms of the Stipulation, group counseling sessions do not meet the definition of 'seen.' (Doc. 1673)" (Doc. 1745 at 2.) At the September 8, 2016 Status Conference, Defendants' counsel notified the Court that there were several issues with the Court's order that may need clarification or reconsideration. (9/8/16 Status Conference Tr., p. 22:4-25.) The Court directed the parties to attempt to meet and confer and then, prior to the next status conference, to provide a notice regarding any unresolved issues. (*Id*.) The Court further explained that it would then attempt to address these issues at the next status conference. (*Id.* at p. 22:6-7, 18-24.)

Based on the Court's instructions, on October 3, 2016, Defendants submitted a list of unresolved issues in its Proposed Agenda Items. (Defendants' Proposed Agenda Items, attached as Exhibit A.) Defendants requested clarification or reconsideration regarding the portion of the Court's September 6, 2016 Order finding:

> The Stipulation's Protocols specifically permit group counseling to count toward compliance for Performance Measure 92. (Doc. 1185-1 at 33) By extension, then, group counseling does not count toward compliance in any of the other Performance Measures.

(Doc. 1673 at 5.) As set forth in the Proposed Agenda Items, Defendants requested reconsideration regarding this ruling based on the plain language of the Stipulation and the parties' understanding during negotiations. (Defendants' Proposed Agenda Items, attached as Exhibit A.) Defendants explained that, based on the Court's rationale, because Performance Measures 87 and 89 require "a 1:1 session," other performance measures that do not include this language should not require individual contacts. (*Id.*) At the October 5, 2016 status conference, Defendants made an oral motion for reconsideration regarding the Court's September 6, 2016 order regarding group contacts. (10/5/16 Status Conference Tr., pp. 26:13-28:10.) The Court took the motion under advisement and later requested further briefing. (*See* Doc. 1745 at 2-3.) The Court accepted Defendants' request for reconsideration regarding this issue "because of the long-term and wide-ranging impact of these rulings" and provided Plaintiffs an opportunity to respond to

1

Defendants' request.  (Doc. 1745 at 2-3.)  Plaintiffs filed a Response on November 22, 2016.  (Doc. 1772.)

## I. Defendants' Motion for Reconsideration is Proper.[1]

Plaintiffs argue that Defendants' arguments have already been considered and rejected by the Court.  (*See* Doc. 1772 at 3-4.)  Contrary to Plaintiffs' claim, Defendants were never given an opportunity to respond to Plaintiffs' argument that the Court followed in its September 6, 2016 Order.  Plaintiffs' July 12, 2016 Motion to Enforce Stipulation merely argued that "[d]espite this plain language [of the Stipulation's definition of 'seen'] Defendants' proposed Monitoring Guide considers a prisoner as having been 'seen' if the encounter takes place in a non-confidential setting such as group counseling…."  (Doc. 1625 at 15.)  Plaintiffs did not argue that group counseling should not count as being "seen" because Performance Measure 92 allows group counseling to count toward compliance.  (*See id.*)  Plaintiffs made this argument *for the first time* in a footnote in their Reply in Support of Motion to Enforce the Stipulation.  (Doc. 1654 at 5, fn. 5.)

"It is well established that issues cannot be raised for the first time in a reply brief." *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937, fn. 2 (9th Cir. 2007).  The reason courts generally decline to consider these belated arguments is because the other party is prejudiced as they are not given an opportunity to respond. *Talbot v. Reliance Standard Life Ins. Co.*, CV-14-00231-PHX-DJH, 2015 WL 4134548, at *12, fn. 9 (D. Ariz. June 18, 2015).  Here, Plaintiffs' argument, which was ultimately accepted by the Court, was raised for the first time in a footnote in their Reply brief.  (Doc. 1654 at 5, fn. 5.)  As a result, Defendants did not have an opportunity to respond until after the Court issued its

---

[1] Defendants' oral motion for reconsideration should be construed as a Rule 60(b) motion for relief from a final order. *See Juanes v. Lyzwinski*, 8:10-CV-459 ATB, 2013 WL 3713419, at *3 (N.D. N.Y. July 12, 2013) (acknowledging that Rule 60(b) is appropriate motion to challenge order enforcing settlement agreement); *see also Gastile v. Virga*, 15-16294, 2016 WL 6520090, at *1 (9th Cir. Nov. 3, 2016) (order granting motion to enforce settlement agreement is a "final decision" for purposes of jurisdiction under 28 U.S.C. § 1291).

2

September 6, 2016 Order.   The only issue raised in Plaintiffs' Motion regarding group counseling was whether group sessions are confidential. (Doc. 1625 at 15.)  Defendants responded to this issue in their Response brief. (*See* Doc. 1644 at 6-7.)  Plaintiffs' Reply brief raised the issue of whether performance measure 92 requires the Court to interpret "seen" to exclude group counseling sessions.  (Doc. 1654 at 5, fn. 5.)   As a result, Defendants were not aware that this was an issue that needed to be addressed until after the Court issued its Order. (*See* Doc. 1673 at 5.)

## II. Confidential Group Counseling is Compliant with the Plain Language of the Stipulation.

Plaintiffs now argue that Defendants "don't believe their own argument" because the Monitor Guide requires individual contacts, and the language of the Stipulation is ambiguous, so the Court should construe the Stipulation in Plaintiffs' favor. (Doc. 1772 at 7-8.)  First, Defendants' Monitor Guide was drafted consistent with the terms of the Stipulation and Defendants' Mental Health Technical Manual (MHTM).  As Plaintiffs are aware, the Monitor Guide is still in draft and will need to be revised based on the Court's Order on this issue.  Therefore, the fact that Performance Measures 73, 74, 91, and 95 do not list "group contact" does not defeat Defendants' argument.  Defendants will revise the methodology for all Performance Measures where an inmate must be "seen" to ensure it is consistent with the Court's Order regarding this issue.

Second, the language of the Stipulation is plain and unambiguous.  The Stipulation defines "seen" as follows:

> Interaction between a patient and a Medical Provider, Mental Health Provider or Mental Health Clinician that involves a treatment and/or exchange of information ***in a confidential setting***. With respect to Mental Health staff, means an encounter that takes place ***in a confidential setting*** outside the prisoner's cell, unless the prisoner refuses to exit his or her cell for the encounter.

(Doc. 1185-1 at 5 (emphasis added).)  Nowhere in this definition does it require a "one-on-one" or "1:1" counseling session.   The definition of "seen" simply requires that the interaction be "in a confidential setting." (*See id.*)  Although there are performance measures that require a "1:1 or group session" (Doc. 1185-1 at 33), the plain language of

3

1    the Stipulation only requires that the counseling session occur "in a confidential setting."
2    (*See* Doc. 1185 at 5.)  As Dr. Taylor explained in her July 29, 2016 Declaration, group
3    programming at ADC meets the definition of "seen" because it is confidential.  (Doc.
4    1644-1 at ¶¶ 4-9.)  Plaintiffs failed to produce any evidence showing ADC group
5    programming is not confidential and thus noncompliant with the definition of "seen" in
6    the Stipulation.  (*See* Doc. 1644 at 7 and Doc. 1644-1 at ¶¶ 4-7.)

7         Nevertheless, Plaintiffs argued in a footnote in their Reply that "[t]he fact that
8    Performance Measure 92 explicitly provides that prisoners may be seen in a group session
9    means that for other Performance Measures that do not include that explicit language,
10   groups do not qualify" (Doc. 1654 at 5 (citations omitted).)  Plaintiffs' argument misled
11   the Court.  The Court followed Plaintiffs' rationale in holding the "Stipulation's Protocols
12   specifically permit group counseling to count toward compliance for Performance
13   Measure 92. … By extension, then, group counseling does not count toward compliance
14   in any of the other Performance Measures."  (*See* Doc. 1673 at 5.)

15        This rationale is inconsistent with the plain language of the Stipulation and general
16   rules of contract interpretation.  As previously explained, under Plaintiffs' and the Court's
17   same reasoning, because Performance Measures 87 and 89 require a "1:1 session," all
18   other performance measures that do not include this language should not require
19   individual or one-on-one contacts.  (*See* Exhibit A.)  The Court's September 6, 2016
20   Order now requires a one-on-one or individual contact for performance measures that do
21   not expressly require it.  This holding is inconsistent with the plain language of the
22   Stipulation. The Stipulation requires a "confidential" contact, not an individual or one-on-
23   one contact. (Doc. 1185-1 at 5.)

24        Finally, to the extent the Court finds the plain language of the Stipulation is
25   ambiguous, Defendants' MHTM supports the conclusion that the parties understood that
26   inmates would be seen "in a group or individual session." (Declaration of Dr. Nicole
27   Taylor, Exhibit B-2, Excerpts of MHTM, Revised 4/18/14.)  The same MHTM that
28   Plaintiffs rely on to show group counseling is not permitted under the terms of the

4

Stipulation, actually supports the opposite conclusion. The MHTM states that "Category A Inmates shall be seen at a minimum of every thirty (30) days *in either a clinical group or individual session*." (*Id.* at ADC267401 (emphasis added).) It similarly states "Category B Inmates shall be seen at a minimum every one hundred and eighty (180) days by a P/PNP and also every ninety (90) days by a mental health clinician *in a group or individual session*." (*Id.* (emphasis added).) Therefore, Plaintiffs' counsel knew or should have known that inmates were being seen in either group or individual counseling sessions. (*See* Declaration of Dr. Nicole Taylor, Exh. B, at ¶¶ 6-7.) It would be unfair now to not only revise the terms of the Stipulation to require individual or 1:1 sessions, but to also revise the MHTM that was being followed long before the Stipulation was executed.

Plaintiffs reliance on *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995) is misplaced. The Stipulation here is not a "standard-form agreement" like the agreement in *Mastrobuono*. *See id.* at 62. The Supreme Court in *Mastrobuono* referenced a rule of contract interpretation in which "a court should construe ambiguous language against the interest of the party that drafted it." *Id.* The Court explained that the purpose of this rule is to "protect the party who did not choose the language from an unintended or unfair result." *Id.* The Stipulation was not a contract of adhesion. As the Court is aware, both parties were represented by counsel who actively participated in the negotiation and drafting of the Stipulation. Both parties agreed on the definition of "seen," which does not require a one-on-one or individual contact. To hold otherwise, would unfairly change the terms of the Stipulation, after the fact. The parties agreed that any counseling may be group or individual sessions, as long as the sessions are "in a confidential setting." (*See* Doc. 1185-1 at 5.)

**III.    The Group Counseling is Confidential.**

Plaintiffs' Response abandons the argument asserted in the footnote of their Reply and instead argues that the Court should adhere to its ruling on the ground that group counseling is not "confidential." (*See* Doc. 1772 at 5.) Plaintiffs improperly rely upon an

5

August 5, 2016 Declaration from Dr. Pablo Stewart to support their arguments. Plaintiffs contend that Dr. Stewart's Declaration is "uncontradicted expert testimony that group encounters in a prison setting are not confidential." (Doc. 1772 at 6.) Plaintiffs, however, ignore that Dr. Stewart's Declaration is a response to (i.e. it contradicts) the July 29, 2016 Declaration of Dr. Nicole Taylor. (*See* Doc. 1657 at 2 ("I have reviewed the Declaration of Nicole Taylor (Doc. 1644-1).").) Thus, Dr. Taylor's Declaration clearly disputes Dr. Stewart's opinions.[2] (*See* Doc. 1644-1 at ¶¶ 4-9.)

Moreover, Defendants were never given an opportunity to specifically respond to Dr. Stewart's Declaration. This new Declaration was attached to Plaintiffs' Reply in Support of their Motion to Enforce to dispute the Declaration of Dr. Nicole Taylor. (*See* Doc. 1654 & Doc. 1657.) The Ninth Circuit has held that where new evidence is presented in a reply, the court should not consider the new evidence without giving the non-movant an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (internal quotation omitted). Defendants did not have an opportunity to respond to Dr. Stewart's Declaration.

Dr. Stewart's vague and conclusory opinions are not supported by any specific evidence showing that group counseling at ADC is not confidential. There is nothing in his Declaration from which the Court or the parties may ascertain the basis for his opinions. Dr. Stewart's opinions are based on a "prison setting" in general and not upon the group counseling actually being provided at ADC. His opinions are also inconsistent with the Stipulation and Plaintiffs' position throughout this litigation. Plaintiffs specifically negotiated group programming for several mentally ill (SMI) inmates in Maximum Custody Performance Measure (MCPM) No. 8, which requires one hour of out-of-cell mental health programming per week and one hour of additional psycho-educational programming per week. (Doc. 1185-1 at 44.) Although Plaintiffs negotiated

---

[2] Plaintiffs surprisingly challenge Dr. Taylor's qualifications as an expert. To the extent there is any question regarding Dr. Taylor's expertise and qualifications, a copy of her curriculum vitae is attached. (*See* Declaration of Dr. Nicole Taylor, Exhibit B-1.)

and obtained a performance measure requiring group programming for SMI maximum custody inmates, Plaintiffs now argue this same group programming will cause mentally ill inmates to become "targets of assault or other forms of victimization." (*See* Doc. 1772 at 6.)  Plaintiffs' arguments are inherently contradictory and inconsistent with the plain language of MCPM 8.

**IV.  Conclusion.**

Defendants respectfully request that the Court reconsider its prior order regarding group counseling (Doc. 1673 at 4-5) and find that group counseling may meet the definition of being "seen" under the Stipulation in so far as the group counseling is in a confidential setting.

DATED this 29th day of November 2016.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/Daniel P. Struck
Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Mark A. Bracken
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried
Lucy M. Rand
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

7

# CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |

1  Rita K. Lomio:        rlomio@prisonlaw.com

3      I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

   N/A

                                    /s/Daniel P. Struck