**EXHIBIT A**

**EXHIBIT A**

## DEFENDANTS' PROPOSED AGENDA ITEMS
### October 5, 2016 Conference
*Parsons, et al., v. Ryan, et al.*, No. CV-12-0601-PHX-DKD

**I.    Clarification Regarding Court's September 6, 2016 Order (Dkt. 1673)**

   **a. Actions Occurring Every X Days**

   The parties disagree as to how the Court ordered Defendants to monitor performance measures that require an event to occur "every X days." Plaintiffs contend the Court agreed with their interpretation. In its Order, however, the Court provided examples showing how these measures are to be monitored. (*See* Dkt. 1673 at 4 & 6.) Because the Court's examples are consistent with the way Defendants' monitor these measures, it is Defendants' position they are correctly monitoring compliance with the measures that require an event to occur "every X days."

   **b. Performance Measure 86**

   The parties continue to disagree regarding the Court's Order for this measure. Plaintiffs contend the Court agreed with their proposal of how this measure should be monitored. Although the Court's Order states that it "disagrees" with Defendants, the Court's Order provides two examples that are consistent with how Defendants have interpreted and monitored PM 86. (*See* Dkt. 1673 at 6.) Because the examples in the Court's Order track how Defendants monitor this measure, it is Defendants' position that the Court actually agreed with Defendants' monitoring method.

   **c. Individual and Group Counseling**

   The Court's September 6, 2016 Order held that because PM 92 specifically permits group counseling to count toward compliance "[by] extension, then group counseling does not count toward compliance in any of the other Performance Measures." (Dkt. 1673 at 4-5.) Defendants request clarification or reconsideration regarding this ruling based on the language of other performance measures. For example the language of PMs 87 and 89 specifically requires an individual or 1:1 encounter. (*See* Dkt. 1185-1 at 14.) Using the Court's reasoning, because PM 87 and 89 require "a 1:1 session," other performance measures that do not include this language should not require individual contacts. But, under the Court's Order, Defendants must ensure there is a 1:1 or individual contact for measures where the plain language does not require it. This interpretation is overly broad and inconsistent with the plain language of the Stipulation and the parties' understanding during negotiations. Indeed, Plaintiffs specifically bargained for individual encounters for PMs 87 and 89, yet did <u>not</u> do so for the other measures that require inmates to be "seen." The parties understood "seen" in

a confidential setting to include group counseling as this is consistent with industry practice and Defendants' Mental Health Technical Manual, which permits confidential group or individual counseling.  Moreover, PM 92 is different from the other mental health measures because it specifically relates to "maximum custody" inmates and specifically allows "a 1:1 or group session." (*See id.*)  Plaintiffs did not express during negotiations that it would be problematic for inmates to be "seen" in groups.  In fact, Plaintiffs specifically bargained for all SMIs in maximum custody to receive a multitude of group contacts. (*See* Dkt. 1185-1 at 14, PM 92; and Dkt. 1185-1 at 38-39, MCPM 2, 6, 8.)

## II. Effect of Court's September 6, 2016 Order (Dkt. 1673)

The parties dispute whether the Court's September 6, 2016 Order, which interprets certain terms of the Stipulation, applies prospectively or retroactively.  Defendants contend that the Court's September 6, 2016 Order applies prospectively to monitoring that occurs after the Court's Order because Defendants did not have the benefit of the Court's interpretation of the Stipulation for prior audits.  Plaintiffs contend that the Court's Order applies retroactively to all prior audits so that the CGAR findings for March 2015 through August 2016 are "meaningless" and must be found non-compliant.

## III. Defendants' Motion for Leave to File Reply to Plaintiffs' Brief Regarding Cell-front Mental Health Encounters (Dkt. 1688)

On September 20, 2016, the parties filed Supplemental Briefs, pursuant to the Court's September 6, 2016 Order. (Dkts. 1685 & 1687.)  On September 21, 2016, Defendants filed a motion requesting leave to file a reply to Plaintiffs' supplemental brief because Plaintiffs' supplemental brief exceeded the scope of the Court's Order and raised an issue that had not been previously addressed through the required dispute resolution process under the Stipulation and was never briefed by the parties.  (Dkt. 1644.)  Plaintiffs filed an opposition, contending they raised the issue in their Motion to Enforce the Stipulation. (Dkt. 1689.)  Defendants filed a reply further explaining that it was their understanding that Plaintiffs previously agreed that inmates on suicide watch may be seen cell front and that Plaintiffs have shifted their position and now disagree.  This motion is fully briefed.