UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-DKD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO MODIFY STIPULATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(5) AND FOR FURTHER RELIEF** |

Upon further consideration the Court holds that the plain language of the Stipulation contemplates that the Court retains the authority to order Defendants to hire additional staff to provide the services necessary to comply with the enumerated Performance Measures.

In order to resolve any question about the interpretation of the Stipulation, the Court also holds that it has the authority to modify the Stipulation under its inherent powers and under Federal Rule of Civil Procedure 60(b)(5) and also has the obligation to modify injunctive relief so that "the rights and interests of the parties are given all due and necessary protection." *Brown v. Plata*, 563 U.S. 493, 543 (2011). The evidence in the record conclusively demonstrates that modification is necessary because of a change in the factual circumstances—the patent and widespread failure of Defendants over a two-year period to comply with Performance Measures

133713819.1

1 that are critical to the health and well-being of the Plaintiff Class and their failure on multiple
2 occasions to develop an adequate remedy that will timely resolve the identified deficiencies.

Accordingly, and good cause appearing therefor, IT IS HEREBY ORDERED that:

1. Paragraph 36 is modified, in part, as follows:

> "In the event the Court subsequently determines that the Defendants' plan did not remedy the deficiencies, the Court shall retain the power to enforce this Stipulation through all remedies provided by law, except that the Court shall not have the authority to order Defendants to construct a new prison. ~~or to hire a specific number or type of staff unless Defendants propose to do so as part of a plan to remedy a failure to comply with any provision of this Stipulation.~~  In determining the subsequent remedies the Court shall consider whether to require Defendants to submit a revised plan."

2. Defendants shall develop a staffing plan that is capable of providing the services needed to comply with the Performance Measures set forth in the Stipulation within 60 days of this Order.  The plan shall be served on counsel and submitted to the Court for approval.  A hearing on the adequacy of Defendants' staffing plan shall be held on _____, 201___ at _____ a.m./p.m.

3. Pursuant to Fed. R. Evid. 706, the Court will appoint an expert to evaluate the adequacy of Defendants' staffing plan.  The parties shall meet and confer to determine whether they can agree on such an expert.  If within 21 days of this Order the parties cannot agree on an expert, each side shall submit the names and qualifications of no more than two individuals to the Court for consideration.

The Court finds that the relief set forth herein is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.