Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Mark A. Bracken, Bar No. 026532
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
mbracken@swlfirm.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' NOTICE REGARDING MAXIMUM CUSTODY SUBCLASS DEFINITION AND INAPPLICABILITY TO CLOSE CUSTODY CLASSIFICATION**<br>**[Doc. 1775]** |

Defendants, through counsel, submit their Reply in Support of Defendants' Notice Regarding Maximum Custody Subclass Definition and Inapplicability to Close Custody Classification.  Neither the Subclass Definition, the Stipulation, nor the agreed-upon Maximum Custody Outcome Measure Protocols governing the Stipulation apply to Close Custody inmates. Therefore, Defendants are under no obligation to produce institutional records for close custody classified inmates as related to monitoring of the maximum custody provisions of the Stipulation. This Reply is supported by the following argument and the Court's entire record herein.

## I.      THE MAXIMUM CUSTODY SUBCLASS DOES NOT INCLUDE CLOSE CUSTODY INMATES

No matter the facility location, neither the Subclass Definition, the Stipulation, nor the agreed-upon Maximum Custody Outcome Measure Protocols governing the Stipulation apply to close custody inmates.  Almost two years into the monitoring of the Stipulation, Plaintiffs seek to tear apart and rewrite the Stipulation to cover a classification of inmates never contemplated by the Subclass Definition, the Stipulation, or the Stipulation's Maximum Custody Outcome Measure Protocol. Plaintiffs cannot place their full stock on a word or a comma placement in the Subclass Definition and ignore the Stipulation language and the Stipulation Maximum Custody Outcome Measures.  Indeed, the Stipulation Outcome Measure Protocol is titled "**Maximum Custody** Outcome Measure Protocol."  (Doc. 1185-1 at 41, emphasis added.)  And, the Court has already found that "the subclass certification focused on isolation and maximum custody <u>not</u> <u>housing in enumerated units</u>." (Doc. 1745 at 2, emphasis added.)

As previously argued, the Subclass is clearly defined as "[a]ll prisoners who are now, or will in the future be, subjected by the ADC to isolation, defined as confinement in a cell for 22 hours or more each day of confinement in the following housing units: Eyman-SMU I; Eyman-Browning Unit; Florence-Central Unit; Florence-Kasson Unit; or

1

Perryville-Lumley Special Management Area."[1]  (Doc. 372 at 22).  No one disputes the words used.  The facilities enumerated housed maximum custody inmates at the time the parties wrote the Stipulation. The Stipulation was never intended to cover close custody inmates.  (Doc. 372 at 22; Doc. 1745 at 2).  Nor was there any agreement that ADC could never house a different custody of inmates in the facilities that at the time the Stipulation was negotiated and written housed maximum custody inmates.  To find otherwise makes no sense.

Next, the plain terms of the Stipulation require application of DI 326 to the Subclass.  DI 326 specifically applies to "ADC maximum custody prisoners housed at Eyman-Browning, Eyman-SMU I, Florence Central, Florence-Kasson, and Perryville-Lumley Special Management Area (Yard 30).  (Doc. 1185 at ¶¶ 22, 24).  DI 326 does not apply to close custody inmates or any other classification of inmates.  Plaintiffs cannot dispute this.  Simply put, the Subclass Definition read in conjunction with the Stipulation makes it clear – only maximum custody is at issue.[2]

Finally, the Maximum Custody Outcome Measure Protocol attached at Exhibit 5 to the Stipulation makes it unequivocal that what is monitored under the Stipulation is maximum custody and only maximum custody.  (Doc. 1185-1 at 40-47). No one can dispute that Outcome Measures 1, 2, 5, and 6 all start with these words:

> **"All maximum custody prisoners at Eyman-Browning, Eyman-SMU I, Florence Central, Florence-Kasson, and Perryville-Lumley Special Management Area (Yard 30) . . ."**

(Id., emphasis added).  Outcome Measures 3, 4, 8, and 9 either refer to Measures 1 or 2 or

---

[1] Plaintiffs allege that Defendants tried to alter the Subclass definition by substituting the word "of" for the word "or".  Clearly, this was a typographical error and was not an attempt to write different words into the definition.  (Doc. 1792 at 2).

[2] Indeed, Plaintiffs' counsel are experienced prisoners' rights litigators.  They are well aware of the custody designations commonly used by prisons and jails, and were surely familiar with what maximum custody means in the ADC system when they negotiated and entered into the Stipulation.  As the Court may recall, the only discussion during the Stipulation negotiations as to the Subclass was with respect to maximum custody inmates.

likewise contain the words "maximum custody" in the language.  In addition to the plain language of the Outcome Measures, the Protocols and Source Records governing the Measures speak specifically to maximum custody documents, including, but not limited to:  Max Custody Monthly Activity Schedule Calendars, Max Custody Daily Out of Cell Time Tracking Forms, DI 326 Programming Attendance/Sign In Sheets, Max Custody Monthly Prisoner Meal Food Services Menu, Housing Assignment Log for maximum custody prisoners with mental health classification of MH 3 or higher."  (Doc. 1185-1 at 40-47).  No records for any other classification of inmates other than maximum custody are reviewed to determine compliance.

In sum, Plaintiffs' attempt to isolate and dissect words and punctuation relying only upon the Subclass Definition, without reading together the plain terms of the Stipulation and the plain words of the Stipulation Maximum Custody Outcome Measure Protocol. The Stipulation does not cover close custody inmates.

## II.     PLAINTIFFS ARE NOT ENTITLED TO PRODUCTION OF INSTITUTIONAL FILES FOR CLOSE CUSTODY INMATES

Where an inmate is not classified as Maximum Custody, he or she is not part of the Subclass, and Plaintiffs are not entitled under the Stipulation to production of the inmate's institutional records.  To find otherwise allows Plaintiffs discovery regarding claims not at issue in the lawsuit, custody levels not at issue, and conditions of confinement never at issue in the case nor governed by the Stipulation.  Defendants provided the Court and Plaintiffs with evidence regarding the conditions of confinement for close custody inmates that are housed at Florence Central CB 1, 3, and 4.  These are units that, at the time of the Stipulation, housed maximum custody inmates.  These locations no longer house maximum custody inmates and thus the inmates living in these units are not governed by the maximum custody terms of the Stipulation. Populations change, physical plant space needs change, and classifications change.  But the coverage of the Stipulation, as to classification level, does not.

Here, Defendants sufficiently established in their Notice that close custody inmates receive out-of-cell time in excess of the Subclass Definition. Close custody inmates are not subject to monitoring under the Stipulation, and their institutional records are therefore not subject to production.  That Defendants did not set forth statistics on how many close custody inmates in Florence Central CB 1, 3, and 4 actually participate in education, library, horticulture class, or other programming does not change the result that the Stipulation applies only to maximum custody inmates.  Even if an inmate refuses education, library, horticulture class, or other programming, the close custody inmates are still out of cell for recreation, dinner in the chow hall, and showers for 12.5 hours a week. This baseline 12.5 hours of out-of-cell time for a non-participatory close custody inmate exceeds the 9.5 hours of out-of-cell time required for maximum custody DI 326 Step III inmates.   (Doc. 1775 at 5-9).  That some close custody inmates may have no visitors, do not attend religious services, or do not go to the store for commissary, is not something that Defendants can control.  And, an inmate's choice not to participate in programs, education, or work opportunities does not change the fact that close custody inmates are not confined to a cell for 22 hours or more a day, are not part of the Subclass Definition, are not covered by the Stipulation, and are not subject to monitoring or document production under the Maximum Custody provisions of the Stipulation.

## III.   ADC'S MAXIMUM CUSTODY REDUCTION PLAN IS A PLAN THAT DOES NOT CHANGE THE SUBCLASS DEFINITION OR THE MAXIMUM CUSTODY PROVISIONS OF THE STIPULATION

Defendants have advised the Court and Plaintiffs of its maximum custody reduction plan.  It is a plan, and it is in the works.  If an inmate who once was maximum custody is reclassified to close custody, the inmate is no longer part of the Subclass and is no longer covered by the Maximum Custody provisions of the Stipulation.[3]

---

[3] Since the inception of this lawsuit, Plaintiffs have asserted that ADC houses too many inmates in maximum custody. Their taking issue with plans to reduce the maximum custody population is nonsensical.

1   The Stipulation does not apply in perpetuity to an inmate as the inmate improves
2   his/her custody level and classifies downward.   The Stipulation does not apply to a
3   building.   The Subclass definition and Stipulation apply to maximum custody inmates.
4   What Plaintiffs want is perpetual, unrestrained discovery and ongoing litigation.   They are
5   not entitled to it. The Subclass Definition and accompanying Stipulation provisions start
6   and stop with maximum custody.

## IV.   CONCLUSION

8   Based upon the foregoing, Defendants respectfully request this Court find that
9   neither the definition of the Subclass nor the Stipulation apply to close custody inmates
10   housed at Florence Central CB 1, 3, and 4, or any maximum custody facility where the
11   time out-of-cell for close custody inmates cannot be defined as "isolation" or confinement
12   to a cell for 22 or more hours a day.   Close custody inmates incarcerated at maximum
13   custody facilities enjoy substantially more advantageous opportunities for time out-of-cell,
14   programming and education, group worship, meal opportunities, work opportunities, and
15   generalized increased pro-socialization.   The Stipulation does not apply to a building.   It
16   applies to maximum custody inmates.

17   / / /
18   / / /
19   / / /
20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

5

DATED this 8th day of December 2016.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/Daniel P. Struck
     Daniel P. Struck
     Kathleen L. Wieneke
     Rachel Love
     Timothy J. Bojanowski
     Nicholas D. Acedo
     Ashlee B. Fletcher
     Anne M. Orcutt
     Jacob B. Lee
     Mark A. Bracken
     STRUCK WIENEKE & LOVE, P.L.C.
     3100 West Ray Road, Suite 300
     Chandler, Arizona  85226

     Arizona Attorney General Mark Brnovich
     Office of the Attorney General
     Michael E. Gottfried
     Lucy M. Rand
     Assistant Attorneys General
     1275 W. Washington Street
     Phoenix, Arizona 85007-2926

     *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:                   ahardy@prisonlaw.com

Amelia M. Gerlicher:            agerlicher@perkinscoie.com;docketPHX@perkinscoie.com,
                                kleach@perkinscoie.com

Amir Q. Amiri:                  aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy B. Fettig:                  afettig@npp-aclu.org

Asim Varma:                     avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org;
                                phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:           cnmitchell@jonesday.com; mlandsborough@jonesday.com;
                                nbreen@jonesday.com

Corene T. Kendrick:             ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:            DBarr@perkinscoie.com; docketphx@perkinscoie.com;
                                sneilson@perkinscoie.com

Daniel Joseph Pochoda:dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi:              dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:                 dspecter@prisonlaw.com

Jennifer K. Messina:            jkmessina@jonesday.com

Jessica Pari Jansepar Ross:     jross@azdisabilitylaw.org

John Howard Gray:               jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:            jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:             jrico@azdisabilitylaw.org

Kathleen E. Brody               kbrody@acluaz.org

Kirstin T. Eidenbach:           kirstin@eidenbachlaw.com

Maya Abela                      mabela@azdisabilitylaw.org

Rose Daly-Rooney:               rdalyrooney@azdisabilitylaw.org

Sara Norman:                    snorman@prisonlaw.com

Sarah Eve Kader:                skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org;
                                rstarling@azdisabilitylaw.org

7

1    Rita K. Lomio:          rlomio@prisonlaw.com

2

3            I hereby certify that on this same date, I served the attached document by U.S.
     Mail, postage prepaid, on the following, who is not a registered participant of the
4    CM/ECF System:

5            N/A

6                                              /s/Daniel P. Struck

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8