Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Mark A. Bracken, Bar No. 026532
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
mbracken@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR CLARIFICATION (DOC. 1774)** |

Plaintiffs continue to misunderstand Defendants' position regarding monitoring conduct that must occur every 90 days, 180 days, or year.  Defendants' monitoring methodology is not complex.  Defendants' monitors look at the **current month** and determine whether the required action or contact occurred before the clock ran X days (i.e. 90 days, 180 days, or year).  It is that simple.  Monitors are looking at whether the record they are reviewing is compliant with the performance measure for the month in which they are monitoring.  Thus, they look back to the last action and determine whether the clock has run during the audit month.  If the clock has not yet run for X days (i.e. 90 days, 180 days, or a year), then the record is marked compliant.[1]

The parties do not dispute the monitoring methodology when the required action or contact must occur every 30 days or less or if the required action occurred within the audit month.  An issue arises only when the last action occurred in a prior month.  The foundational issue under these circumstances is whether the start date for calculating compliance is the last action or the second-to-last action.  Plaintiffs argue that if the action occurred in a prior month then the monitors must look at the date of the last action and then go back to the action that occurred prior to that action (i.e. the second-to-last action) to evaluate compliance.  As a result, for performance measures that must occur every year, monitors would have to look at conduct that occurred in December 2014 to evaluate and report compliance for November 2016.  Defendants contend, however, that the monitors only need to go back to the last action and determine whether the clock has run out (i.e. 90 days, 180 days, or a year) during the audit month.  As a result, under Defendants' methodology the monitors do not need to look back more than 90 days, 180 days, or a year from the current month to evaluate compliance.

The problem with Plaintiffs' new proposed methodology is that it does not report current compliance.  Instead, it reports whether there was compliance in prior months.[2]  If

---

[1] Defendants have been monitoring this way throughout the Stipulation and prior to the Stipulation and have not made any unilateral changes to their methodology or the Stipulation.

[2] If Defendants follow Plaintiffs' proposed methodology, then Defendants would

1

the Stipulation required Defendants to perform a single report or annual report, then the monitors would need to look back at prior actions, as Plaintiffs demand, to determine whether those actions were occurring every 90 days, 180 days, or year.  Because "the plain language of the Stipulation requires monthly reporting" and the monthly CGAR reports capture recurring actions, Defendants do not go back more than 90 days, 180 days, or a year to determine whether prior months were in compliance.  (*See* Doc. 1673 at 7; *see also* Doc. 1185 at ¶ 9.)  Defendants simply look at whether the record is compliant with the performance measure in the current month because prior months would be captured in prior reports.  Contrary to Plaintiffs' claims, Defendants have <u>never</u> argued "that 'every 90 days' really means 'once'" and have <u>not</u> "unilaterally change[d] the Stipulation's requirement that a patient be seen 'every 90 days' to a requirement that she be seen 'once within the last 90 days.'"  (Doc. 1809 at 4 & 5.)  Defendants are monitoring and reporting compliance <u>every month</u>, as required in the Stipulation.  (*See* Doc. 1185 at ¶ 9 (compliance "shall be measured and reported monthly").  In Plaintiffs' hypothetical example of an inmate who was not seen for 20 months, the record for this inmate would have been found non-compliant in each of the prior 20 months and would be captured in prior CGAR reports.  (*See* Doc. 1809 at 3-4.)

Rather than address the issues raised in Defendants' Motion for Clarification, Plaintiffs' Response primarily addresses the importance of monitoring to ensure the required action is occurring repeatedly and periodically.  As explained above, this issue is not in dispute because Defendants perform monthly audits and reports, which show whether the conduct is occurring repeatedly or periodically as required in the Stipulation.  The issue that remains unresolved and that Plaintiffs fail to address is whether the start date for calculating compliance of actions that occur outside the audit month should be the last action or the second-to-last action.

---

likely also need to modify the source documents to more accurately reflect compliance with the current month.

The challenge with Plaintiffs' proposed methodology is highlighted when it is applied to performance measures that must occur every year, like Health Care Performance Measure (HCPM) 77.[3] If Defendants were required to follow Plaintiffs' proposed methodology, monitors would be auditing actions that occurred up to eleven months ago and report that prior action as the current compliance.[4] Plaintiffs notably do not provide any examples in their Response regarding how their methodology would apply to performance measures that must occur every year. Instead, they continue to provide examples of performance measures that must occur in time periods less than 30 days, although the methodology for these measures is not in dispute. Plaintiffs' reference to HCPM 66 is not helpful because it requires conduct to occur within 72 hours, which can be measured and reported within the audited month. (*See* Doc. 1809 at 5 (using HCPM 66 as an example).)

Accordingly, Defendants request a Court Order clarifying that the start date for measuring compliance with performance measures that must occur every 90 days, 180 days, or year is the date of the last action or contact. As noted in Defendants' Motion, Defendants also request that the Court provide an example showing how the Court believes HCPM 77 should be audited. Defendants request that the Court explain how Defendants should monitor HCPM 77 for November 2016, when the last treatment plan was updated in December 2015. Should Defendants look back to December 2014 or to December 2015 to determine current compliance with HCPM 77 in November 2016? Defendants do not believe that it makes any sense to follow Plaintiffs' suggested methodology for performance measures that must occur every year. This methodology would result in Defendants needing to look at records that preexisted the effective date of the Stipulation (from December 2014).

---

[3] HCPM 77 requires mental health treatment plans for MH-3B-D prisoners to be updated "a minimum of every 12 months." (Doc. 1185-1 at 31.)

[4] Monitors would be required to go through old archived paper documents to look for documentation of actions that occurred several months ago and even before the Stipulation was in effect.

DATED this 16th day of December 2016.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/Daniel P. Struck
  Daniel P. Struck
  Kathleen L. Wieneke
  Rachel Love
  Timothy J. Bojanowski
  Nicholas D. Acedo
  Ashlee B. Fletcher
  Anne M. Orcutt
  Jacob B. Lee
  Mark A. Bracken
  STRUCK WIENEKE & LOVE, P.L.C.
  3100 West Ray Road, Suite 300
  Chandler, Arizona  85226

  Arizona Attorney General Mark Brnovich
  Office of the Attorney General
  Michael E. Gottfried
  Lucy M. Rand
  Assistant Attorneys General
  1275 W. Washington Street
  Phoenix, Arizona 85007-2926

  *Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:                    ahardy@prisonlaw.com

Amelia M. Gerlicher:             agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amir Q. Amiri:                   aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy B. Fettig:                   afettig@npp-aclu.org

Asim Varma:                      avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:            cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:              ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:             DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda:dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi:               dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:                  dspecter@prisonlaw.com

Jennifer K. Messina:             jkmessina@jonesday.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:                jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:             jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:              jrico@azdisabilitylaw.org

Kathleen E. Brody                kbrody@acluaz.org

Kirstin T. Eidenbach:            kirstin@eidenbachlaw.com

Maya Abela                       mabela@azdisabilitylaw.org

Rose Daly-Rooney:                rdalyrooney@azdisabilitylaw.org

Sara Norman:                     snorman@prisonlaw.com

Sarah Eve Kader:                 skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

1    Rita K. Lomio:          rlomio@prisonlaw.com

2

3        I hereby certify that on this same date, I served the attached document by U.S.
     Mail, postage prepaid, on the following, who is not a registered participant of the
4    CM/ECF System:

5        N/A

6                                        /s/Daniel P. Struck

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28