☒ FILED  ☐ LODGED

**Dec 22 2016**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Michael J. Cohn II 288721
ASPC Lewis / Stiner 5P20
P.O. Box 3100
Buckeye, AZ 85326

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.  | 2:12 CV 601 DKD
v.               | OBJECTION TO APPEAL
Ryan, et al.     | (Hon. David Duncan, John Buttrick)

Michael J. Cohn, member of the class of plaintiffs, acting pro se, respectfully objects to the appeal of the "Motion to enforce Stipulation" for the following reasons:

1) Petitioner has reviewed Departmental policy 1100, Inmate Access to Healthcare, dated October 22, 2016. Petitioner notes that the stipulation for this instant case has not been incorporated into policy for the most part.

2) The appeal of the "motion to Enforce Stipulation" and inadequate policy support the allegation that Ryan, et al. "intend to neglect" inmates in terms of providing adequate medical care. Such resistance implicates the Civil Rights of Institutionalized Persons Act, the Americans with Disabilities Act (Title II) and Section 504 of the Rehabilitation Act.

3) Precious tax resources (Inmates pay sales tax on commissary purchases) are exploited by a specious legal action. Such resources should be used to provide adequate medical care.

4) The intent noted above implicates a criminal act (voluntary manslaughter) as inmates may die / have died reportedly from medical neglect. Such ongoing intent to neglect/murder inmates by reckless disregard for their rights allegedly implicates defendants as accessories/principals.

5) I allege that Pratt, et al, managerial agents who review patient care for the Healthcare Monitoring Bureau, practice medicine without a license, unless they are licensed medical

1

providers. By reviewing cases and advising/prescribing that inmates receive adequate medical care or not, such managerial agents practice medicine according to the definition as provided by ADC. ADC knows the definition of medical practice, but recklessly disregards the requirements for so doing (Inmate letter IL-16-0310 from Vanessa Headstream, Administrator, Program Evaluation, Health Care Services Monitoring Bureau.

6) The cumulative effects of this "organizational dysfunction" create a culture that is medically hostile to inmates and has been dysfunctional for years (Charles Ryan letter to medical staff, 2009).

Conclusion.

For the reasons stated above, the court should add the U.S. Dept. of Justice, Pro Hac Vice or appoint a federal receiver in this matter as in Plata v. Schwarzenegger.

Respectfully submitted,

Michael J. Cohn

Michael J. Cohn, Pro Se


Original efiled to: on: 12/22/16
Clerk of the U.S. Dist. Ct.
Forwarded to the Attorney General
per General Order 14-17


Copy to:   on: 12/23/16
Prison Law Office
General Delivery
San Quentin, CA 94964
ATTN: L. Graham, Asst. to Corene Kendrick