## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## CIVIL MINUTES - GENERAL

Phoenix Division

**CV-12-0601-PHX-DKD**                              DATE: December 14, 2016

Title: Parsons et al vs. Ryan et al
      Plaintiffs     Defendants
================================================================

HON:   David K. Duncan            Judge # 70BL/DKD

    Caryn Smith                       Charlotte Powers
    Deputy Clerk                      Court Reporter

**APPEARANCES:**

Kirstin Eidenbach and Kathleen Brody, with Corene Kendrick, David Fathi, Amy Fettig, Maya Abela and Jennifer Finger appearing telephonically, for Plaintiffs

Daniel Struck, Rachel Love, Anne Orcutt, Ashlee Fletcher, Timothy Bojanowski and Michael Gottfried for Defendants
================================================================
**PROCEEDINGS:**      X   Open Court        _____ Chambers        _____ Other

This is the time set for Status Hearing. Court and counsel discuss matters.

Court addresses the parties' differing interpretations of psychotic and actively psychotic and of suicidal and actively suicidal. The parties may submit declarations by competent experts to provide appropriate context.

Court addresses inaccuracies in data collection and reporting. Both Plaintiffs' and Defendants' recent filings include errors, as the Court specified on the record.

As to the monitoring guide issues, THE COURT FINDS the language regarding cell-front visits as proposed by Defendants is acceptable but it must be applied to all applicable Performance Measures.

Argument is heard regarding Performance Measures 16, 66, 67, 69, 89, 91, 93, 94 and 95. Defendants believe the revisions to the Monitoring Guide are appropriate because partial compliance credit is more accurate. THE COURT FINDS that Stipulation does not allow for partial credit. Defendants must continue to assess compliance by reviewing each individual's patient file for full compliance with a Performance Measure. Upon request of Defendants, Dr.

Nicole Taylor is sworn and examined. The Court stands by its ruling that the binary method will be employed and no partial credit will be permitted in the Monitoring Guide. If a Performance Measure, fairly read, requires the assessment of an individual's file, then that file must be individually assessed instead of aggregating compliance.

The Court hears argument on Performance Measure 27. IT IS ORDERED taking the matter under advisement.

The Court hears argument on Performance Measure 35 regarding continuation of medications at transfer. IT IS ORDERED that the Monitoring Guide shall only permit a finding of compliance after a review of whether the first required dose of medication was distributed at the inmates' new location.

The Court hears argument on Performance Measure 44. IT IS ORDERED that the Monitoring Guide shall only permit compliance if the inmate received the prescribed treatment, or if there is a documented reason explaining why the prescribed treatment was rejected.

The Court hears argument on Performance Measures 60 and 61. IT IS ORDERED that the Monitoring Guide shall only permit compliance if female inmates are offered a Pap smear during intake. Further, their charts must show that they were offered a Pap smear on an individualized basis no less than 36 months after initial intake unless more frequent screening is indicated.

The Court hears argument on Performance Measure 78, which includes discussion of Performance Measure 77. IT IS ORDERED taking the matter under advisement.

The Court hears argument on Performance Measure 85. IT IS ORDERED the Monitoring Guide will not include the recently added "or completed" language.

The Court hears argument on Performance Measure 86. IT IS ORDERED the measure must be compliant with the Court's November 10, 2016 Order.

The Court hears additional argument on Performance Measure 91. The parties may submit an affidavit or expert testimony as to the definition of actively psychotic or actively suicidal for continuous watch and the difference in terms and risk to the purposes of the overall Stipulation. Additional argument is heard. IT IS ORDERED Defendants shall review all inmates who are on continuous watch.

The Court hears argument on Performance Measure 98. IT IS ORDERED that, because the Stipulation requires that Defendants respond to mental health needs according to the enumerated timeframes, the Monitoring Guide must require that a compliant record has documented start and end times.

The Court hears argument on Performance Measure 100 and 101. Plaintiffs inform the Court that the Defendants revisions are sufficient.

The Court hears argument on Paragraph 12.  THE COURT FINDS that the Defendants are in compliance by posting flyers notifying inmates that influenza vaccines are available.  Further argument is heard regarding subsections b, c and d of Paragraph 12.  IT IS ORDERED that, at their next prison visit, Plaintiffs shall review the flyers that Defendants have posted for compliance with Paragraphs 12(b), (c), and (d) and may thereafter raise this matter with the Court, if appropriate.

As to Paragraph 14, IT IS ORDERED that Defendants shall report to the Court by no later than December 28, 2016, as to whether or not the 30 days to make the changes is sufficient.

Argument is heard regarding Paragraph 15.  IT IS ORDERED that inmates do not need to use any specific language to invoke the protections of Paragraph 15.  Instead, any inmate who takes psychotropic medication and who presents to medical staff with symptoms that are consistent with a heat intolerance reaction has invoked the protections of Paragraph 15.

Argument is heard regarding the isolation performance measures.  IT IS ORDERED that, consistent with the Court's previous orders, the Monitoring Guide shall be revised so that a record is not compliant if an inmate's record is only partially compliant.

Discussion is held regarding the eligibility of the last seven days of the month for compliance sampling if it is not a complete week.  IT IS ORDERED the last seven days remain eligible for compliance sampling and the parties have stipulated to the same.

Argument is heard regarding documentation of refusals for out-of-cell time for maximum custody inmates.  IT IS ORDERED a contemporaneous signature is required.  A second contemporaneous signature will not be required. Defendants inform the Court that a supervisor will document a conversation with an inmate if changed behavior is noted.  Further argument is heard.  IT IS ORDERED Plaintiffs shall notify the Court if, based on their conversations with their clients, this method of documenting refusals for out-of-cell time is misrepresenting or not capturing the class members' intentions.

Discussion is held regarding documenting end times when an inmate has refused programming.  The parties appear to agree.  IT IS ORDERED that, for isolation performance measures that includes a timeframe, the Monitoring Guide shall be revised so that an inmate's record is only compliant when start and end times are documented.

Argument is heard regarding Isolation Performance Measure 9 with respect to source documents and what the monitor should review.  IT IS ORDERED that the monitor shall have the discretion to look at medical records should something in the incident report suggest that this review is necessary.

Argument is heard regarding the definition of who is covered under the use of force provisions.  IT IS ORDERED that the plain language of the Stipulation covers SMI inmates and those who

live in the enumerated areas.  IT IS FURTHER ORDERED that Plaintiffs shall schedule a meeting with Carson McWilliams to discuss whether some of those enumerated areas have been subject to substantially changed circumstances such that this Performance Measure should no longer apply to those areas.

The Court hears Plaintiffs' oral motion for additional access to electronic medical records.  Argument is heard.  IT IS ORDERED Defendants shall provide the necessary logins for Plaintiffs' experts.  IT IS FURTHER ORDERED additional logins shall be provided for counsel of record at ACDL and for paralegals at the Prison Law Office.

The Court hears Defendants' motion to grant the previously filed stipulation.  IT IS ORDERED granting Defendants until January 4, 2017, to respond to all issues raised in Plaintiffs' Motion to Modify Stipulation.  (Doc. 1818)

The Court hears Defendants' oral motion for a Stay of the Court's order to which Defendants filed a Notice of Appeal.  IT IS ORDERED denying the motion for general stay because Defendants have not made a strong showing that they are likely to succeed on the merits (the appealed Order is only triggered when Defendants fail to provide sufficient care to Class Members); Defendants will not be irreparably injured absent a stay (the appealed Order would only impose financial and logistical burdens); a stay would substantially injure Class Members (who will not receive the requisite health care); and the public interest lies in denying the stay (so that Class Members will have the requisite health care).

Further discussion is held.  IT IS ORDERED that, by December 28, 2016, the parties shall provide separate notices to the Court addressing how the inaccurate reporting detailed at the outset of this status conference occurred and what steps have been taken to assure that such errors will not reoccur.

IT IS ORDERED setting next Status Hearing for January 11, 2017 at 10:00 AM before this Court.


Time in court: 3 hr 13 min (9:06 AM – 12:19 PM)