Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                     Plaintiffs,<br><br>      v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                     Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO MODIFY ORDER (DKT. 1806)** |

Plaintiffs ask the Court, pursuant to Fed.R.Civ.P. 60(a), to amend its November 10, 2016 "outside transport" Order to "note" that it complies with 18 U.S.C. § 3626(a)(1)(A). (Dkt. 1806 at 18:23-24, 20:9-1, 20:19-21.)  Specifically, they ask the Court to add, purportedly out of an abundance of caution, that its Order "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id*.  The Court cannot do this for at least two reasons.

First, Rule 60(a) is limited "to correcting errors 'arising from omission' and may not be used to correct more substantial errors, such as errors of law." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (quoting *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 644 (9th Cir. 1984)).  Errors arising from omission or oversight are "blunders in execution." *McCarty v. Astrue*, 505 F. Supp. 2d 624, 627-28 (N.D. Cal. 2007) (quoting *Blanton v. Anzalone,* 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).  Plaintiffs are not asking the court to "correct a clerical mistake or a mistake arising from oversight or omission," Fed.R.Civ.P. 60(a); they are asking the Court to make a legal conclusion based on factual findings.  *See* 18 U.S.C. § 3626(a)(1)(A) ("The court shall not grant or approve any prospective relief unless the court *finds* that such relief is …") (Emphasis added).  That is an impermissible substantive addition.  Rule 60(a) is not the proper vehicle.

Second, regardless of whether a court must include the requisite PLRA certification in an order enforcing a settlement agreement, it can only do so if the court finds there is a constitutional violation:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary *to correct the violation of the Federal right*, and is the least intrusive means necessary *to correct the violation of the Federal right*.

18 U.S.C.A. § 3626(a)(1)(A) (emphasis added). The Court has never found a constitutional violation in this case, and Defendants reject any suggestion that Plaintiffs' constitutional rights are being violated.  A court must also first conclude that the relief is

1

1    "narrowly drawn," "extends no further," and is "the least intrusive means," while giving

2    "substantial weight to any adverse impact on public safety or the operation of a criminal

3    justice system caused by the relief." *Id.* As discussed in Defendants' Rule 60 Motion for

4    Relief, the Court's outside-transport Order does not meet any of these evidentiary

5    thresholds. (Dkt. 1779 at 9:11-22.) The Court cannot just stamp the Order, as Plaintiffs'

6    request, without first resolving those arguments against Defendants.

7        For these reasons, the Court should deny Plaintiffs' Rule 60(a) Motion to Modify

8    Order.

9        DATED this 4th day of January 2017.

10                         STRUCK WIENEKE & LOVE, P.L.C.

11

12                     By /s/Nicholas D. Acedo

                             Daniel P. Struck

13                         Kathleen L. Wieneke

                        Rachel Love

14                         Timothy J. Bojanowski

                        Nicholas D. Acedo

15                         Ashlee B. Fletcher

                        Anne M. Orcutt

16                         Jacob B. Lee

                        STRUCK WIENEKE & LOVE, P.L.C.

17                         3100 West Ray Road, Suite 300

                        Chandler, Arizona  85226

18

19                         Arizona Attorney General Mark Brnovich

                        Office of the Attorney General

20                         Michael E. Gottfried

                        Lucy M. Rand

21                         Assistant Attorneys General

                        1275 W. Washington Street

22                         Phoenix, Arizona 85007-2926

23                         *Attorneys for Defendants*

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:             ahardy@prisonlaw.com

Amelia M. Gerlicher:      agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amir Q. Amiri:            aamiri@jonesday.com; ttualaulelei@jonesday.com

Amy B. Fettig:            afettig@npp-aclu.org

Asim Varma:               avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:     cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:       ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:      DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda: dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi:        dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:           dspecter@prisonlaw.com

Jennifer K. Messina:      jkmessina@jonesday.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:         jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:      jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:       jrico@azdisabilitylaw.org

Kathleen E. Brody         kbrody@acluaz.org

Kirstin T. Eidenbach:     kirstin@eidenbachlaw.com

Maya Abela                mabela@azdisabilitylaw.org

Rose Daly-Rooney:         rdalyrooney@azdisabilitylaw.org

Sara Norman:              snorman@prisonlaw.com

Sarah Eve Kader:          skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

3

1    Rita K. Lomio:          rlomio@prisonlaw.com

2

3           I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

4

5           N/A

6                                         /s/Nicholas D. Acedo

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4