Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Mark A. Bracken, Bar No. 026532
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                                         Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br>                                         Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM ORDER RE: CLOSE CUSTODY (DKT. 1833)**<br><br>**[Oral Argument Requested]** |

In finding that all but 278 close custody inmates at Florence-Central are members of the Subclass, the Court misinterpreted the plain language of the Stipulation and failed to appreciate the litigation history leading up to the Stipulation and the past two years of monitoring pursuant to that Stipulation. The Court should vacate the December 23, 2016 Order (Doc. 1833) because it overlooked evidence and applied the wrong standards. *See* Fed.R.Civ.P. 60(b)(6) (court may relieve a party from a final order for any reason "that justifies relief"); *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (reconsidering motion under Rule 60(b) based on overlooked facts and law that, if considered, might have altered outcome of the case).

**I.    The Plain Language of the Subclass Definition and the Litigation History Shows that the Subclass Includes Only Maximum Custody Inmates.**

The Court correctly found that "it is clear from the history and plain language of the Subclass Definition and the Maximum Custody Outcome Measures and the related protocols that the subclass definition focused on **isolation and maximum custody** not housing in enumerated units." (Doc. 1745 at 2, emphasis added.) The Subclass is defined as follows:

> All prisoners who are now, or will in the future be, subjected by the ADC to isolation, defined as confinement in a cell for 22 hours or more each day or confinement in the following housing units: Eyman—SMU 1; Eyman-Browning Unit; Florence-Central Unit; Florence—Kasson Unit; or Perryville—Lumley Special Management Area.

(Doc. 372 at 22.)

Thus, the plain language of the Subclass definition includes all inmates who are confined in their cell for "22 hours or more each day." (*Id*.) The litigation history confirms that the Subclass includes *only maximum* custody inmates confined in their cell for that duration of time. In moving for certification of the Subclass claim, Plaintiffs specifically requested to draw the line at "22 hours or more each day," arguing that "[u]nder ADC policy, prisoners in isolation are generally confined to their cells for all but three two-hour periods per week." (Doc. 294 at 6 & 12.) Additionally, the Stipulation requires application of DI 326, which applies only to "ADC maximum custody prisoners

1

housed at Eyman-Browning, Eyman-SMU I, Florence Central, Florence-Kasson, and Perryville-Lumley Special Management Area." (Doc. 1185 at ¶¶ 22 & 24). And the Maximum Custody Outcome Measure Protocol, also required under the Stipulation, pertains only to maximum custody inmates. (Doc. 1185-1 at 40-47.)

Instead of applying the straightforward "confinement of 22-hours or more" standard, the Court required Defendants to provide statistics to prove that close custody inmates did not actually experience "substantially similar" conditions as maximum custody inmates, and arbitrarily redrew the temporal threshold. This ruling was wrong for the following four reasons.

    **A.**    **Evidence of the Practices Applicable to Close Custody Inmates at Florence-Central Was Sufficient Based on Plaintiffs' Theory of Liability.**

First, the Court should not have required Defendants to provide statistics of the close custody inmate's actual out-of-cell time. The Stipulation requires that specified out-of-cell time and programming be *offered* to maximum custody inmates housed at the enumerated facilities. (Doc. 1186, ¶ 22.) ADC cannot require an inmate to participate in offered time out-of-cell or programs. Moreover, Defendants do not have available statistics documenting the amount of time that close custody inmates actually spend out of their cells because, as the litigation history unequivocally shows, close custody classified inmates were never covered by the Stipulation and therefore Defendants were under no obligation to monitor close custody inmates in the first place. Thus, Defendants provided the Court with the information they had regarding out-of-cell time and programming offered to close custody classified inmates at Florence-Central. The Court erred in overlooking this evidence and distinction, given that the Subclass claim was based on ADC's maximum custody policy of in-cell confinement that Plaintiffs alleged applied system-wide to all members of the Subclass. More important, the information provided in the close custody activity schedule showed that close custody inmates were not members of the Subclass because they were not subjected to confinement for 22 or more hours each

2

day. (Doc. 1775-1, ¶¶ 38-41.)

### B. The Court Overlooked Undisputed Evidence that Close Custody Inmates Are Out-Of-Cell At Least 15.5 Hours Per Week and Thus Fall Outside the Subclass Definition.

Second, the Court overlooked the *undisputed* fact that "those in close custody are guaranteed . . . 15.5 hours of out-of-cell [time] per week." Doc 1792 at 3:15-16. *See Mikol*, 554 F. Supp. 2d at 500. Because 15.5 hours of out-of-cell time each week means that close custody inmates are guaranteed more than two hours of out-of-cell time each day, all close custody inmates are "subjected by the ADC" to confinement in their cell for *less than* 22 hours each day. This undisputed fact alone places all close custody inmates outside the definition of the Subclass regardless of their facility location.

### C. The Court Applied the Wrong Standard and Redefined the Subclass by Drawing a Line at 20-Plus Hours Per Week of Work Programming.

Third, instead of relying on the Subclass definition, the Court erred by applying a standard that focused on whether close custody inmates' confinement conditions were "substantially similar" to maximum custody inmates. It then redefined the Subclass by excluding only close custody inmates who actually participate in 20-plus hours of work each week. Because a 20-plus hour work week is approximately three hours or more per day—the Court's ruling means that *only* those inmates who are confined in their cells for less than 21 hours each day are excluded from the Subclass, even though inmates who work more than 15 hours per week, but less than the 20-hours-per-week threshold, are also "subjected by ADC" to confinement for less than 22 hours each day. Not only does the Court's ruling violate the plain language of the Subclass definition (confinement for "22 hours or more each day"), it fails to explain why, for instance, an inmate who works 19.5 hours per week (and is thus out of their cell for more than 2 hours each day) stands in a different position and should not be excluded from the Subclass as well.

In effect, the Court redefined the Subclass by lowering the number of hours of in-cell confinement imposed by ADC, thus bringing into the Subclass hundreds of inmates that the parties never intended to include, and whom Defendants were under no obligation

3

to monitor for the past two years. The Court does not have the authority to either redefine the Subclass or modify the Stipulation. (*See* Doc. 1842 at 7-10, Section II.A.)

### D. Typicality and Adequacy Would Be Lacking If Close Custody Inmates Were Included in the Subclass.

Fourth, the Court's ruling is erroneous because typicality and adequacy would be lacking under Rule 23(a)(3) and (4) were the Court to bring into the Subclass hundreds of close custody inmates because *none* of the Subclass Representatives had that status. As their declarations in support of class certification show, the seven named Subclass Representatives were maximum custody inmates allegedly confined for 22 or more hours a day and/or on 24-hour suicide watch for their own safety and security. (Doc. 240-1, Brislan Decl., ¶¶ 11; Rodriguez Decl., ¶ 13; Smith Decl., ¶¶ 15-16; Gamez Decl., ¶ 24; and Doc. 240-2, Verduzco Decl., ¶¶ 10-11; Thomas Decl., ¶ 7; Polson Decl., ¶ 18.)

## II. Conclusion

For the reasons stated above, the Court's ruling was unreasonable and erroneous. Defendants respectfully request that it vacate its Order and find that all close custody inmates are excluded from the Subclass.

RESPECTFULLY SUBMITTED this 6th day of January, 2017.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/Daniel P. Struck
    Daniel P. Struck
    Kathleen L. Wieneke
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Ashlee B. Fletcher
    Anne M. Orcutt
    Jacob B. Lee
    STRUCK WIENEKE & LOVE, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

1  
2  
3  
4  

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried
Lucy M. Rand
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

5  *Attorneys for Defendants*

6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amir Q. Amiri: | aamiri@jonesday.com; ttualaulelei@jonesday.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| Daniel Joseph Pochoda: | dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jennifer K. Messina: | jkmessina@jonesday.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |

1  Rita K. Lomio: rlomio@prisonlaw.com

    I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

    N/A

                               /s/Daniel P. Struck