Kathleen E. Brody (Bar No. 026331)
Daniel Pochoda (Bar No. 021979)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org
       dpochoda@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **DECLARATION OF DAVID C. FATHI** |

LEGAL134090680.1

I, DAVID C. FATHI, DECLARE:

1. I am the Director of the ACLU National Prison Project, and am an attorney admitted *pro hac vice* in this matter, and co-lead counsel for the plaintiff class. I have personal knowledge of the matters set forth herein and could testify competently thereto.

**Performance Measures 80 and 94**

2. On October 7, 2016, this Court ordered Defendants to submit a plan to remedy their substantial noncompliance with Performance Measures 80 (Lewis and Tucson) and 94 (Eyman, Florence, and Tucson). [Doc. 1709 at 1-2][1] Defendants did so on October 27 (Doc. 1729), and Plaintiffs responded on November 7, pointing out deficiencies in Defendants' plan. [Doc. 1739 at 2-4, 14-17][2]

3. Plaintiffs also pointed out that Defendants' August 2016 CGAR for PM 80 (Lewis) impermissibly counted cellfront contacts and group contacts as satisfying the requirement that the patient be "seen," in violation of the Court's orders, and that after correcting these errors, Defendants' actual compliance score was a failing **73.33%**. [Doc. 1739 at 15-16]

4. Plaintiffs further pointed out that Defendants' August 2016 CGAR for PM 94 (Florence and Tucson) impermissibly counted cellfront contacts as satisfying the requirement that the patient be "seen," and that after correcting these errors, Defendants' actual compliance scores were a failing **60%** at Florence and **30%** at Tucson. [Doc. 1739 at 16-17]

---

[1] The Court also found Defendants in substantial noncompliance with Performance Measure 47 at all ten Arizona State Prison Complexes. [Doc. 1709 at 1] PM 47 states: "A Medical Provider will communicate the results of the diagnostic study to the inmate upon request and within seven calendar days of the request." [Doc. 1185-1 at 11]
All citations to the Court's docket are to the page numbers assigned by the ECF system.
[2] Performance Measure 80 provides: "MH-3A prisoners shall be seen a minimum of every 30 days by a mental health clinician." [Doc. 1185-1 at 13] Performance Measure 94 provides: "All prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse." [*Id.* at 14]

5. At the November 9, 2016 status hearing, Plaintiffs' counsel pointed out these errors, and the Court gave Defendants 60 days to "to exclude the previously identified method -- or previously method -- counted method of the cell-front -- cell-front visits." [11/9/16 Tr. at 24:20-25:4]  Despite the Court's direction, Defendants have never acknowledged or corrected the errors pointed out in Paragraphs 3 and 4 above.  Indeed, Defendants repeated these false compliance figures in a filing on January 9, 2017. [*See* Doc. 1849 at 3-4]

6. Defendants' October 2016 CGARs for PM 94 (and several other Performance Measures) were prepared using Defendants' newly-invented "partial compliance" methodology, under which Defendants no longer determined whether each individual patient file was compliant or noncompliant with the Performance Measure. [*See* Doc. 1760-1 at 132 (Defendants' November 14, 2016 Monitor Guide for PM 94)] On December 14, 2016, the Court invalidated this methodology, ordering Defendants to return to the binary methodology that had been previously employed throughout the life of the Stipulation.  [Doc. 1831 at 1-2]

7. On December 29, 2016—two weeks after the Court's order—Defendants filed a status report that included October 2016 compliance rates for PM 94 that had been calculated using the method previously invalidated by the Court.  [Doc. 1839 at 7]

8. Attached hereto under seal as **Exhibit 1** is the October 2016 CGAR report for PM 94 at Eyman, Bates-stamped ADCM750385.  This and the other CGAR documents cited in this declaration have been produced to Plaintiffs by Defendants. Using the "partial credit" method previously invalidated by the Court, Defendants have given themselves a compliance score of 87.03%.  Using the binary method ordered by the Court yields a failing compliance score of **55%**.

9. Attached hereto under seal as **Exhibit 2** is the October 2016 CGAR report for PM 94 at Florence, Bates-stamped ADCM750433.  Using the "partial credit" method previously invalidated by the Court, Defendants have given themselves a compliance

1 score of 91.25%. Using the binary method ordered by the Court yields a failing
2 compliance score of **70%**.

3       10. Attached hereto under seal as **Exhibit 3** is the October 2016 CGAR report
4 for PM 94 at Tucson, Bates-stamped ADCM750647. Using the "partial credit" method
5 previously invalidated by the Court, Defendants have given themselves a compliance
6 score of 86.24%. Using the binary method ordered by the Court yields a failing
7 compliance score of **40%**. Defendants repeated these false compliance figures for PM 94
8 at Eyman, Florence, and Tucson in their January 9 filing. [*See* Doc. 1849 at 3-4]

**Defendants' compliance/noncompliance with the Court's November 10, 2016 order (Doc. 1754)**

11       11. On December 28, 2016, Plaintiffs' counsel (including myself) and
12 Defendants' counsel held a telephone conference to allow Defendants to explain the steps
13 they were taking to comply with the Court's November 10, 2016 order (Doc. 1754).
14 Although Defendants provided some information about Performance Measures 37, 85,
15 and 92, they said they were unable to provide any information about the steps they were
16 taking to comply with regard to the other six Performance Measures set forth in the
17 Court's order. Attached hereto as **Exhibit 4** is a December 28, 2016 letter from Plaintiffs'
18 counsel to Defendants' counsel, asking that Defendants provide additional information
19 and documentation regarding their efforts to comply with the Court's order. Plaintiffs'
20 counsel have received no response to this letter.

**Defendants' unilateral changes to monitoring methodology and use of invalid monitoring methodology**

23       12. At the December 14, 2016 status hearing, the Court said the following about
24 Defendants' monitoring methodology: "my view is that you don't get to make a unilateral
25 change without having it presented to the Court and having me have the chance to do what
26 paragraph 9B provides for me to do, and that is to determine what protocol should be
27 employed." [12/14/16 Tr. at 15:20-23] Consistent with the Court's remarks, Plaintiffs'
28 counsel wrote to Defendants' counsel on December 30, 2016, requesting, *inter alia*, that

1  Defendants produce an updated Monitor Guide that reflects the Court's orders and
2  agreements between the parties; collaborate with Plaintiffs' counsel to develop a process
3  for communicating proposed changes in monitoring methodology to Plaintiffs and the
4  Court; and ensure that a complete record is kept of records reviewed by the monitors, so
5  that there is an audit trail to confirm the accuracy of the CGAR reports.  A copy of this
6  letter is attached hereto as **Exhibit 5**.  Plaintiffs' counsel have received no response to this
7  letter.

**Defendants' refusal to produce the written instructions provided to monitors regarding the definition of "seen."**

10     13.    The definition of "seen" as used in the Performance Measures in this case
11  has been the subject of multiple orders by the Court.  [*See* Doc. 1673 at 4-5; Doc. 1745
12  at 1]  In an interview with Plaintiffs' counsel at ASPC-Tucson on November 2, 2016,
13  Dr. Lynn Calcote, Corizon Regional Mental Health Director, informed Plaintiffs' counsel
14  that he had created a memorandum for ADC monitors regarding the meaning of "seen."
15  Plaintiffs requested that Defendants produce that memorandum, as well as "[a]ll written
16  direction or instructions provided to ADC or Corizon staff regarding the meaning of the
17  term "seen" in Performance Measures 73-99."  Defendants refused to produce any
18  documents in response to that request.  A copy of Plaintiffs' request and Defendants'
19  response is attached hereto as **Exhibit 6**.  On December 23, 2016, Plaintiffs' counsel
20  wrote to Defendants' counsel, asking that they reconsider their blanket refusal to produce
21  these documents; a copy of that letter is attached hereto as **Exhibit 7**.  Plaintiffs' counsel
22  have received no response to this letter.

23     I declare under penalty of perjury that the foregoing is true and correct.
24     Executed this 10th day of January, 2017.

                          s/ David C. Fathi
                          David C. Fathi

| | | |
|---|---|---|
| 1 | **ADDITIONAL COUNSEL:** | David C. Fathi (Wash. 24893)* |
| 2 | | Amy Fettig (D.C. 484883)** |
| | | Jamelia Natasha Morgan (N.Y. 5351176)** |
| 3 | | **ACLU NATIONAL PRISON PROJECT** |
| 4 | | 915 15th Street N.W., 7th Floor |
| | | Washington, D.C. 20005 |
| 5 | | Telephone: (202) 548-6603 |
| | | Email: dfathi@aclu.org |
| 6 | | afettig@aclu.org |
| | | jmorgan@aclu.org |
| 7 | | |
| 8 | | *Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts. |
| 9 | | **Admitted *pro hac vice* |
| 10 | | Daniel C. Barr (Bar No. 010149) |
| | | Amelia M. Gerlicher (Bar No. 023966) |
| 11 | | John H. Gray (Bar No. 028107) |
| | | **PERKINS COIE LLP** |
| 12 | | 2901 N. Central Avenue, Suite 2000 |
| | | Phoenix, Arizona 85012 |
| 13 | | Telephone: (602) 351-8000 |
| | | Email: dbarr@perkinscoie.com |
| 14 | | agerlicher@perkinscoie.com |
| | | jhgray@perkinscoie.com |
| 15 | | |
| 16 | | Kathleen E. Brody (Bar No. 026331) |
| | | Daniel Pochoda (Bar No. 021979) |
| 17 | | **ACLU FOUNDATION OF ARIZONA** |
| 18 | | 3707 North 7th Street, Suite 235 |
| | | Phoenix, Arizona 85013 |
| | | Telephone: (602) 650-1854 |
| 19 | | Email: kbrody@acluaz.org |
| | | dpochoda@acluaz.org |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:      dspecter@prisonlaw.com
            ahardy@prisonlaw.com
            snorman@prisonlaw.com
            ckendrick@prisonlaw.com
            rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:      kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:      cnmitchell@jonesday.com
            aamiri@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:      jlwilkes@jonesday.com

*Admitted *pro hac vice*

Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:      jkmessina@jonesday.com

*Admitted *pro hac vice*

| | |
|---|---|
| 1 | *Attorneys for Plaintiffs Shawn Jensen;* |
| 2 | *Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith;* |
| 3 | *Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua* |
| 4 | *Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated* |

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
**ARIZONA CENTER FOR**
**DISABILITY LAW**
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   skader@azdisabilitylaw.org
             adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR**
**DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
   rdalyrooney@azdisabilitylaw.org
             jrico@azdisabilitylaw.org
             jross@azdisabilitylaw.org
             mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

s/ D. Freouf

LEGAL134090680.1         -8-