FRANKIE RODRIGUEZ
140309 . EAST MAX
ASPC — LEWIS
PO BOX 3600
BUCKEYE , AZ 85326

☒ FILED    ☐ LODGED

**Jan 11 2017**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

U.S DISTRICT COURT
DISTRICT OF ARIZONA

VICTOR PARSONS , ET. AL. ,
(CLASS ACTION) ,
PLAINTIFFS ,

v.

CHARLES RYAN , ET. AL. ,
DEFENDANTS .

CASE NO. 2:12 - CV - 00601 - DKD

MOTION TO DISCONTINUE
"MONITORING DUTIES" AND
~~XXXXXXXXXXXXXX~~ APPOINT
A SPECIAL MASTER

[ORAL ARGUMENT REQUESTED]

COMES NOW CLASS MEMBER PLAINTIFF RODRIGUEZ ,
PRO SE , PURSUANT TO RULES 53 (a)(1)(B)(i) & (c) AND 60(b)(6)
OF THE FED. R. CIV. P. , REQUESTING THIS COURT RESTRICT
CLASS COUNSEL FROM PERFORMING ANY FURTHER "MONITORING
DUTIES" AND APPOINT A SPECIAL MASTER TO PERFORM
THOSE DUTIES INSTEAD AS WELL AS TO DETERMINE WHETHER
CLASS COUNSEL'S SUPPOSED MONITORING ~~XXXX~~ CONSTITUTES FRAUD
AND/OR MISREPRESENTATION. THIS MOTION IS BASED ON THE
FOLLOWING MEMORANDUM :

MEMORANDUM

## I. FACTS

CLASS COUNSEL, THE A.C.LU IN PARTICULAR, HAVE FAILED IN THEIR MONITORING DUTIES, ESPECIALLY AT RAST MAX UNIT (ASPC - LEWIS). THUS FAR NOT A SINGLE ASPECT OF THE SUPPOSED MONITORING HAS ~~XXXX~~ RESULTED IN ANY SIGNIFICANT RISE IN THE DEFENDANTS' COMPLIANCE WITH THE SETTLEMENT AGREEMENT. HERE AT RAST MAX, NOT A SINGLE TOUR BY THE ACLU HAS BROUGHT ABOUT ANY CHANGE IN THE R.M.U ADMINISTRATION'S COMPLETE DISREGARD FOR THE SETTLEMENT AGREEMENT. THE INEFFECTIVENESS OF THEIR MONITORING & TOURS CANNOT BE UNDERSTATED NOR JUST HOW MUCH OF A FARCE THEY ARE. THE A.C.LU FOREWARNS RMU ADMINISTRATION OF THEIR TOURS, ALLOWING AMPLE TIME FOR THE UNIT TO PUT ON A GREAT SHOW FOR THOSE WHO COME TO "MONITOR"/INSPECT, THEY THEN ALLOW R.M.U ADMIN TO DICTATE WHERE THEY CAN GO AND WHO THEY CAN SPEAK WITH. THE MONITORS HAVE NO AUTHORITY TO FORCE COMPLIANCE OR EVEN ORDER R.M.U ADMIN TO CEASE BLATANTLY UNCONSTITUTIONAL ACTIONS/CONDITIONS. PRIOR TO THE MONITORS ARRIVING, CO$^s$ AND SUPERVISORY STAFF ARE TASKED WITH ENSURING ALL PAPERWORK IS ALTERED & AMENDED TO LOOK LEGIT AND CLEANING SUPPLIES MIRACULOUSLY APPEAR AND INMATES ARE TOLD OF THE MANY & VARIED REPERCUSSIONS OF ACTING UP WHILE THE TOUR IS PRESENT.

I AND COUNTLESS OTHER CLASS MEMBERS, HERE AT RAST MAX, HAVE WRITTEN NUMEROUS TIMES TO CLASS COUNSEL (ACLU, PRISON PROJECT, ETC.) TELLING THE MONITORS WHAT IS TAKING PLACE AND BEGGING THEM TO COME SPEAK WITH US AND/OR DOCUMENT THIS UNIT'S DELIBERATE NON-COMPLIANCE ——— TO NO AVAIL. THE

MONITORS TOUR THIS FACILITY, AND ALL THE OTHERS, JUST TO KEEP THE MONEY COMING. ONE OF THE NAMED PLAINTIFFS IS HOUSED HERE, STRUGGLING TO RECEIVE MEDICAL CARE AND SUFFERING REPRISALS FROM STAFF, AND CLASS COUNSEL WON'T EVEN BOTHER TO ENSURE ~~XXXX~~ HIS MEDICAL NEEDS ARE SEEN TO NOR THAT HIS LEGAL WORK ISN'T BEING INTERFERED WITH.

A SPECIAL MASTER WILL HAVE THE AUTHORITY OF THE COURT AND HAVE NO FINANCIAL MOTIVE TO MONITOR INDEFINITELY. A SPECIAL MASTER'S OBSERVATIONS WILL HOLD MORE WEIGHT WITH THE COURT IN DEMANDING COMPLIANCE AND MORE LIKELY TO RESULT IN AN ORDER ENFORCING THE STIPULATION AND/OR RESULT IN THE DEFENDANTS BEING HELD IN CONTEMPT FOR NON-COMPLIANCE. A SPECIAL MASTER COULD CONDUCT UNANNOUNCED AND RANDOM INSPECTIONS / MONITORING DUTIES.

II. LAW

1) RULE 60(b)(6) ALLOWS RELIEF FROM AN ORDER OR JUDGEMENT FOR ANY REASON THAT JUSTIFIES RELIEF.

THE COURT ORDERED THE MONITORING AND THE PAYMENT FOR SAID MONITORING. ONCE A SPECIAL MASTER FINDS JUST HOW INEFFECTIVE AND FARCICAL CLASS COUNSEL'S MONITORING HAS BEEN IT CAN ~~XXX~~ DO AWAY WITH ITS PREVIOUS ORDER.

2) RULE 53(a)(1)(B)(i) & (C) ALLOW THE APPOINTMENT OF A SPECIAL MASTER FOR EXCEPTIONAL CONDITIONS AND TO ADDRESS MATTERS THAT CANNOT BE EFFECTIVELY & TIMELY ADDRESSED BY A JUDGE.

CLASS COUNSEL MANIPULATING THE COURT INTO ~~XXX~~

ORDERING THEM TO BE PAID FOR "MONITORING DUTIES" THAT RESULT IN NO BENEFIT TO ANY OF THE PLAINTIFFS SEEMS TO ME LIKE AN EXCEPTIONAL CIRCUMSTANCE. THE ISSUE OF MONITORING IS COMPLEX AND CANNOT BE EFFECTIVELY OR TIMELY ADDRESSED BY A JUDGE WITH A CASELOAD WHO IS CONFINED TO THE COURTROOM.

II. CONCLUSION

THIS COURT, IN THE BEST INTEREST OF THE CLASS, SHOULD GRANT THIS MOTION IN ITS ENTIRETY.

RESPECTFULLY SUBMITTED THIS 9TH DAY OF JANUARY, 2017.

FRANKIE RODRIGUEZ