Michael J. Cohn #288721
ASPC Lewis / Stiner 5D20
P.O. Box 3100
Buckeye, AZ 85326

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.
Michael Cohn, Pro Se
v.
Ryan, et al.

2:12cv601-DKD

Exhibit in Support of Novelty Issue of Constitutional Law
(Hon. David Duncan / John Bottvick)

Per USC §2403 petitioner respectfully submits the enclosed article in support of his motion for novelty issue of Constitutional law review. Petitioner asserts that the prosecutor must bring conditions of confinement that pose an unreasonable risk of future harm to the Tribunal as a mitigating factor prior to sentencing. Petitioner further notes the obligation of defense counsel to inform the client of such conditions as this may affect the decision to ~~effect~~ choose a plea agreement or pursue a trial.

Respectfully submitted,                    Date: 1/12/17

*Michael J. Cohn*
Michael J. Cohn, Pro Se

Original efiled to:   on: 1/13/17
Clerk of the Court
   Copies to:   on:
Attorney General (AZ.)
Via General order 14-17
- Prison Law Office mailed on: 1/14/17
General Delivery
San Quentin, CA 94964

B OKC

The Prosecutor, Defense Counsel, Sentencing, and Conditions of Confinement

A judge recently told me that the separation of powers between the judicial and executive branches of state government limits the influence a court may have on unconstitutional conditions of confinement. I dispute the judge's opinion as the pre-sentencing process may have a lot to do with conditions of confinement. Consider the Prosecutor's role under E.R. 3.8 of the Model Code of Professional Conduct. Paraphrasing, the Prosecutor must bring mitigating factors having a downward effect on the sentence to the tribunal prior to sentencing.[1] Consider also, E.R. 3.4, explicitly Fairness to opposing party and counsel. The Plaintiff is implicitly obligated to provide all pertinent evidence to the defense (paraphrasing).[2] The bridge between the executive and judicial branches has to do with the 8th amendment of the U.S. Constitution and comparable state constitutional statutes, articles/amendments. A sentence cannot be cruel and unusual.[3] The nexus of sentencing and cruel and unusual punishment links the risk of serious future harm to a defendant that should be known by the court at the time of sentencing.[4] The 8th amendment not only protects against current harm, but risk of future harm. When do conditions of confinement rise to the level requiring notice to the court? My opinion is when there is a known violation of constitutional rights that effect a class of inmates, this must be reported. When a class action is initiated against a state or federal correctional entity, this should signal the prosecution

---

[1] E.R. 3.8, Model Code of Professional Conduct. [2] E.R. 3.4 MCPC. [3] 8th Amendment, U.S. Constitution. [4] Helling v. McKinney, 509 US, 25, 31, 32,3 1993

1 of 6

that a substantial violation of constitutional rights is occurring. Ongoing violation of constitutional rights in and of itself constitutes harm.[5]

- Ongoing deprivation of adequate medical care would be an example of a condition of confinement that meets the criteria above. The "right to life" is implicated in the provision of medical care.[6] Short of a death penalty, the state does not have the right to abuse or neglect an inmate to death. However, such occurrences reportedly, allegedly occur, not infrequently.[7] As a class action on behalf of all current and future inmates was filed in 2012, once filed, the prosecutor was obligated under E.R. 3.8, to bring this to the court's attention. A "downward departure" from federal sentencing guidelines due to inadequate medical care is justified.[8] The departure from mandatory state sentencing laws is similarly justified, using Habeas Corpus or other writ as the vehicle for action.[9]

- I ask, if the prosecutor does not bring the conditions of confinement posing a risk of future harm to the tribunal, is the prosecutor implicating himself/herself in aiding/abetting the alleged criminal acts of the Dept. of Corrections? Worse, is a prosecutor an accessory to alleged criminal acts of the Dept. of Corrections in such a scenario? As reckless disregard for the unalienable rights of defendants is involved, the prosecutor should be held accountable as a matter of Public Interest.[10]

---

[5] Elrod v. Burns, 427 U.S. 327, 373, 96 S.Ct. 2673 (1976)  [6] Preamble, US Constitution  [7] Parsons v. Ryan, 289 F.R.D. 513 (D. Ariz., 2013), aff'd 754 F.3d 657 (9th Cir. 2014).  [8] US v. Derbes, 369 F.3d 579, 58(?), (1st Cir. 2004)

Public interest concerns are implicated when constitutional rights are being violated. ibid.

### Role of Defense Counsel

The defense counsel, due to customary court practices may fear bringing conditions of confinement to the court's attention for fear of prejudicing the court. Vigilanteism, infliction of an enhanced punishment beyond confinement does occur.[11] The defense counsel must be diligent.[12] The direct/indirect consequence(s) of a sentence that poses a risk of future harm to the defendant must be explained to the defendant. Such information informs the defendant as she contemplates a plea agreement. The defendant has a right to know what awaits her in a department of corrections, even if a plea agreement is viewed by defense counsel as being in the defendant's best interests. As the population ages, health problems increase including elderly in the prison population.[13] Risking a greater sentence in a trial may be a choice for defendants who fear harm as a result of inadequate prison medical care or other reasons.

### The Dept. of Corrections

The Dept. of Corrections should not resist providing for the constitutional rights of inmates. Resistance can mostly be explained by a culture that is hostile to inmates.[14]

Recognizing that managing a prison population is a difficult task, one asks why some prisons are not being sued for constitutional violations and some are?

---

[9] Az. Rules of Criminal Procedure, Rule 32, et seq.; Rule 24 - modification of Sentence.
[10] Rodriguez v. Robbins, 715 F3d 1127 (9th Civ. 2013).
[11] Apprendi v. New Jersey 530 US 466, 147 L ed 2d 435, 120 SCt 2348 (2000)

3 of 6

The answer to this question likely has to do with the State's management style and how that relates to the prison population. I have known wardens who seem sincerely interested in the welfare of the inmates. I have seen a warden who I believe was just putting in time until he retires. I have known prison medical providers who seemed sincerely concerned for the patient's well being. I have seen medical providers who I believe preferred to see inmates suffer. Inmates have little if any choice about who takes care of them. The current standards of human decency require that their unalienable rights are protected. 8th amendment, id.

### The Courts

The Court should consider the least restrictive environment necessary to meet the objectives of incapacitating, restitution, retribution and rehabilitation.[15] Conditions of confinement violating the 8th Amendment should result in an alternative to incarceration, such as house or 1/2 way house arrest. Judges should "lobby" for more flexible sentencing statutes, providing alternatives to incarceration. Courts should insist that plea agreements include habeas relief if constitutionally egregious violations occur. The goal is to have the Dept. of Corrections act in good faith so that the alternatives are NOT necessary. This is in everyone's best interest. Alternatives should be customary, not only remedies to abuse/neglect.

[12] Preamble, Model Code of Judicial Conduct. [13] At America's Expense! The Mass Incarceration of the Elderly, ACLU, 2012 [14] Parsons v. Ryan, id. [15] Branham, The Law + Policy of Sentencing + Corrections in a Nutshell, 9th ed., West

4 of 6

Submitted by,
Michael J. Cohn #258721
ASPC Lewis/Stiner
P.O. Box 3100
Buckeye, AZ 85326

Education: Doctor of Education
Legal Education: Certificates in Paralegal Studies, Criminal Law, Torts/Personal Injury, Family Law, Wills/Trusts/Estates, Civil Litigation

Note: The document herein has been submitted to the Court as an exhibit for future Post-Conviction Relief efforts and is therefore public domain.

6 of 6