☒ FILED   ☐ LODGED

**Jan 19 2017**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Michael J. Cohn # 288721
ASPC Lewis / STINER 5220
P.O. Box 3100
Buckeye, AZ 85326

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.           2:12 cv 601-DKD
   M. Cohn, Pro Se
        v,                Exhibit II in support of motion for
Ryan, et al,              Novelty issue of CONSTITUTIONAL Law. US§2403.

                          Hon, David Duncan, John Buttvick
                                    Plaintiff(s)

Member of the Class of Petitioners, Michael Cohn respectfully
provides the court the enclosed exhibit. In this article, The
Americans With Disabilities ACT/Rehabilitation ACT provide relief
for exposure to risk of future harm as part of the sentencing
process, as viewed by the author. Thus, conditions of confinement
posing unreasonable risk of future harm implicated by
the Americans with Disabilities ACT/Rehabilitation ALT supercede
State mandatory sentencing laws. Such circumstances require
alternatives to incarceration due to disparate treatment/impact
or reasonable accommodation. (14th amend. equal protection clause)

        Respectfully Submitted,            Date: 1/19/17

            Michael J. C—
        Michael J. Cohn, ProS

Original efiled to:  on: 1/19/17        Copy to: on: 1/20/17
Clerk of the US. Dist Ct.              Prison Law Ofc.
  Copies to!  on: 1/19/17              General Delivery
ATTNY. General via efile forwarded     San Quentin, CA 94964
General Order 14-17

## The Americans With Disabilities Act, Pre-Sentencing and Conditions of Confinement

Prior to my sentence and incarceration I received Social Security Disability benefits. During my settlement conference my disability status was discussed with the prosecutor and judge. The United States government established that I am disabled by providing me with such benefits. I found that prison medical care was being challenged in a class action suit a few months post incarceration.[1] I encountered resistance by providing me what I believed to be care below community standards in dental and medical care. Embarking on legal research the question about protection of defendants' constitutional and disability rights surfaced. Upon review of the Americans With Disabilities Act and the Rehabilitation Act,[2] I found they protect against...

1) Disparate treatment — Intentional discrimination

2) Disparate impact — "application of facially neutral standards that have on unlawful discriminatory effect upon a protected class."

3) Failure to make reasonable accommodations for the defendant's disabilities[3]

The ADA applies to prisoners. Treating everyone badly, such as a class of prisoners is not a defense for disability discrimination.[4,5] So, I ask myself, why did the prosecutor and the court apparently disregard the conditions of confinement as a mitigating factor as the class action suit was filed in 2012 and I was sentenced in 2014? The answer apparent to me is that usual and customary court practices

(1) Parsons v. Ryan, (D. Ariz., 2012, class action aff'd, 9th Cir. 2014)

(2) Americans with Disabilities Act (ADA) 42 USC ¶1201 et seq, (1990).

(3) Prisoners Self-Help Litigation Manual, 4th. Ed. 2010, Oceana p. 96)

routinely disregard the ADA as a sentencing issue and leave this to the Department of Corrections to address.

However, in my view, this is wrong on the law and wrong on judicial ethics and lawyer ethics. (14th Amdr. Equal Protection Clause.

Disparate impact! Let us take a case example for consideration. A clergyman reportedly is convicted of vehicular manslaughter, had fled the scene, initially denied involvement in the offense. Ultimately, he confesses to his role in supervising priests who allegedly committed sexual offenses with parishioners and as a plea bargain receives 4 years probation and community service. His impact on the community was noted. However, he is able to choose his own medical/dental/mental health care. [6]

The disparate impact is that I am sentenced to the Arizona Dept. of Corrections, am considered non-dangerous, non-repetitive, subjected to a prison documented to not be in compliance with 100 areas related to medical care with no choice of providers. [1]

Under ADA and the Rehabilitation Act, I should have the same services as those described in the case above. [7]

As I understand it, the judicial and lawyer ethics are codified in state law as Rules of the Supreme Court of Arizona, 81 and 42 respectively. Both the judge and attorneys must be diligent. In the case of the prosecutor, she must bring mitigating factors to the tribunal that may have a downward effect on the sentence prior to sentencing (E.R. 3.8). In the case of defense counsel she

[2] Rehabilitation Act 29 USC. 794 (et seq.) [4] Pennsylvania Dept. of Corrections v. Yeskey, 524 US 206 141 LEd2d 215 S, Ct. 1952 (1998) [8] Alexander v Choate, 469 U.S. 287, 301, 105 S.Ct. 712 (1985)

must be diligent (E.R. 1.3) and communicate meaningfully with the client (E.R. 1.4). Noone informed me that reportedly one inmate per week dies in this department of corrections from medical neglect[5] I was not provided information that may have affected my decision to accept or reject a plea. As I view it, my sentence was manipulated by nonfeasance of the prosecutor related to E.R. 3.8. and the court's tolerance of such nonfeasance, as well as lack of diligence by defense counsel.

There was consensus in the settlement conference that I am not dangerous to the community. So the reasonable accommodation I should have received was house arrest/ community supervision so I could obtain my own medical care. Federal law supercedes state statutes so the ADA/ Rehabilitation Act should supercede mandatory sentencing to the state dept. of corrections.[9]

Noting that the 8th amendment of the U.S. constitution prohibits cruel and unusual punishment, unreasonable risk of future harm, not just current harm is at issue.[10] A disabled person, facing sentencing in an alleged medically inadequate prison is at risk of future harm. As such, access to adequate medical care is justified via house arrest as a reasonable accommodation.

I believe all cases involving disabled citizens incarcerated in prison deprived of knowledge of conditions of confinement prior to sentencing should have mitigation hearings. They should receive house arrest/ community supervision as their location

[6] articles; http://latimes.com/2004/mar27/nation/na-bishop 27 [7] Parsons v. Ryan, id. [8] Parsons v. Ryan, id. AZ. Republic 2014, E.J. Montini 9/11/14, [9] 14th amendment equal protection of the laws, U.S. constitution

of sentence if they are non-dangerous inmates. Those who are dangerous should have independent review of their medical cases and receive expedited medical care as appropriate. The Sentencing court should monitor the remedies above and statistics should be maintained to evaluate such programs.

Sentences should not be enhanced due to adverse prison conditions.[11] There is no justification to violate the current standards of human decency. Multiple punishments for the same offense are double jeopardy.[12] I can verify that from personal experience, inadequate medical care is a punishment. The mind is tormented with worry that the State is the greatest threat to a prisoner's well being. This should not be the case in enlightened nations. We should and must do better.

Michael J. Cohn #288721
ASPC Lewis/ Stiner
P.O. Box 3100
Buckeye, AZ 85326
    Education: Doctor of Education
    Legal Education: Certificates in Paralegal Studies, Torts/Personal Injury, Civil Litigation, Family Law, Wills/Trusts/Estates, Criminal Law.

[10] Helling v. McKinney, 509 at 33, (1993) [11] Apprendi v. New Jersey (2000) and its progeny, Ring v. Arizona, et al. (2002) [12] U.S. v. Kebodeaux (2011)