Michael J. Cohn #288221
ASPC Lewis/Stiner 5A20
P.O. Box 3100
Buckeye, AZ 85326

U.S. District Court, Arizona

| Parsons, et al., Plaintiffs | 2:12 cv 601-DKD |
|---|---|
| V. | Exhibit III in support of motion for novel issue of Constitutional Law |
| Ryan, et al., Defendants | (Hon. David Duncan, John Buttvick) |

Member of the class of Plaintiffs, Michael Cohn, acting pro se, respectfully provides the court with the enclosed article regarding the "Rule of Lenity." The author points out the ambiguity between mandatory sentencing laws and cruel and unusual punishment when conditions of confinement pose an unreasonable risk of future harm. In such a scenario, the author asserts that alternatives to incarceration are required as such ambiguities should be resolved in favor of the defendant.

Petitioner herein notifies the court that his advocacy efforts are being enhanced at this time as he was notified via MRI that a malignancy of his sacrum cannot be ruled out (11/2016). Yesterday, rather than to a spine specialist he was sent to a brain surgeon. This is the second time since 8/2015 he has been sent to an improper specialist, resulting in unnecessary delays in obtaining adequate medical care. Prima facie evidence suggests "intent to neglect" petitioner by ADC and Corizon Health. Retaliation for petitioner's advocacy efforts is also alleged, adding mental torment, emotional

1 of II

distress in order to obstruct petitioner from seeking adequate medical care. Evidence of this is that his blood pressure was over 200 upon return from the specialist as measured by the ADC/Corizon nurse. Petitioner is pursuing the futile grievance process, but the available remedies including the specialist network are inadequate. Release to house arrest or similar remedy so petitioner can obtain adequate medical care is the only remedy that makes sense in this case, via habeas corpus.

Respectfully submitted,    date: 1/26/17

Michael J. Cohn
Michael J. Cohn

Original efiled to: on: 1/27/17
Clerk of the U.S. Dist. Ct.
Forwarded via e-file to
Attorney General, by General
Order 14-117

Copy to: on: 1/30/17
Prison Law Ofc.
General Delivery
San Quentin, CA 94964
Counsel for Plaintiffs
ATTN: L. Graham

Copy to: on: 1/30/17
Keith D. Mowning
Law Enforcement Liaison
with ADC
Ofc. of the Maricopa Cor. Attn.
301 W. Jefferson #800
Phoenix, AZ 85003

Note: Witnesses
Transportation Officers Hernandez + Duran

## The Role of Lenity, Sentencing and Conditions of Confinement in Prisons

The "rule of lenity" requires that ambiguities in a criminal statute relating to prohibitions and penalties be resolved in favor of the defendant when this is not contrary to legislative intent.[1] A sentence cannot be cruel and unusual per the 8th Amendment of the United States Constitution. A State may also have CONSTITUTIONAL/STATUTORY prohibitions against cruel and unusual punishment.[2]

Conditions of confinement may pose a violation of the 8th Amendment, et al. Inadequate medical care is an example of such a condition. Inmates have a right to adequate medical care that does not pose an unreasonable risk of future harm or current harm to the inmate.[3]

In the sentencing process federal sentencing guidelines are only guidelines.[4] Some states have mandatory minimum sentencing statutes requiring incarceration in a Department of corrections.[5] One may ask, "what happens when a prison violates inmate constitutional rights in regard to sentencing in that prison system?" The usual and customary practice is to correct the conditions of confinement that are causing that violation. What happens when such conditions cannot correct or when the state resists correcting them[6]?

An ambiguity exists in such a scenario as inmates are subjected to violation of constitutional rights, yet state law mandates they are sentenced to cruel and unusual punishment.

[1] Dictionary of Law, Webster, 2011 [2] Constitution of Arizona §15, ARS§13-702.35. also, §3, AZ. Const., US. Const. is supreme law of the land.
[3] ACLU Prison Litigation Citations, P. 7, undated

2 of 6

To date, remedies can be extreme including implementing a 3 Judge panel that released thousands of inmates from a state prison. Defending such a scenario may cost taxpayers millions of dollars.[6] I suggest that the "Rule of Lenity" be applied pre-sentencing when conditions of confinement affect an entire class of inmates.

When a class action against a Department of Corrections is filed this should signal the sentencing court that the "Rule of Lenity" is implicated. Via diligent research, the sentencing judge may find the conditions of confinement pose an unreasonable risk of future or current harm to the defendant.[3] While some may applaud such conditions in a sense of vigilanteism, I assert they are wrong on the law, legal ethics and the current standard of human decency.[2] The sentencing court is justified in applying the rule of lenity and departing from mandatory state sentencing laws. In such matters, alternatives to D.O.C. incarceration, such as house arrest, community supervision, should be utilized. The court may use habeas corpus or similar writs for this purpose. Habeas Corpus challenges the execution of a sentence, not just the number of years imposed.[8] Should conditions of confinement recover so as to not violate the constitutional rights of inmates as determined by the class action court, sentencing judges can/may return to the customary sentence to D.O.C. The goal is to have D.O.C. comply with constitutional rights of inmates, which is what it

[4] Gall v. U.S, 552 US 38, 169 LEd 2, 445, 128 S.Ct. 586 (2007)
[5] ARS § 13-701, 702, et. seq. [6] Parsons v. Ryan, D. AZ (2012), class action aff'd, 9th Cir. (2014). [7] Plata v. Schwarzenegger, 603 F 3d 1088 (9th Cir. 2011)

4 of 5

should have been doing to begin with. The stakes are high for the inmate as life or death may be implicated.[8] The stakes for the Judiciary are no more than business as usual. The burden falls to the Judiciary to act in accord with Canons I-III of the Model Code of Judicial Conduct... integrity, avoidance of impropriety and diligence.[9] Political risk to the Judge may be an issue as some states are draconian in their view of criminal justice. A "Profile in Courage" may be necessary to protect defendants' rights, which is in the public interest and consistent with the intent of the Founders.[10][11] Customary court practices have devolved, in my opinion, depriving inmates/defendants of the prohibition against cruel and unusual punishment. The "Rule of Lenity" applies and should be thoughtfully implemented as circumstances require.

Michael J. Cohn #288721        Date: 1/22/17
ASPC Lewis / Stiner 5B20
P.O. Box 3100
Buckeye, AZ 85326
   Education: Doctor of Education
   Legal Education: Certificates in Paralegal Studies, Criminal Law, Civil Litigation, Torts/Personal Injury, Family Law, Wills Trusts & Estates.

---

[8] Pack v. Yusuff, 218 F3d 448 (5th Cir. 2000) [9] Model Code of Judicial Conduct, ~~Arizona~~ Rules of the Supreme Court of Arizona, 81, et seq.
[10] Kennedy, John F., Profiles in Courage, Pulitzer Prize, 1957
[11] John Adams, Defended ~~for~~ British Soldiers, Boston Massacre, World Almanac, p. 577