# EXHIBIT 1

| | | |
|---|---|---|
| **CORRECTIONS** **ADC** ARIZONA DEPARTMENT OF CORRECTIONS | CHAPTER:  800 INMATE MANAGEMENT | OPR: DIR |
| **DEPARTMENT ORDER MANUAL** | DEPARTMENT ORDER:  803 **INMATE DISCIPLINARY PROCEDURE** | SUPERSEDES: DO 803 (06/07/14) |
| | | EFFECTIVE DATE: OCTOBER 16, 2016 |
| | | REPLACEMENT PAGE REVISION DATE: N/A |

# TABLE OF CONTENTS

PURPOSE

PROCEDURES     PAGE

803.01     GENERAL REQUIREMENTS............................................................................1

803.02     PRE-HEARING DETENTION.........................................................................2

803.03     FILING AND DISPOSITION OF DISCIPLINARY REPORTS....................................3

803.04     INVESTIGATIONS AND CONFIDENTIAL INFORMANTS.....................................4

803.05     CLASS A AND CLASS B VIOLATIONS............................................................7

803.06     CLASS C VIOLATIONS...............................................................................8

803.07     DISCIPLINARY HEARINGS.........................................................................9

803.08     PENALTIES FOR CLASS A AND B VIOLATIONS.............................................13

803.09     REVIEW AND APPEAL..............................................................................14

803.10     VEXATIOUS GRIEVANCES AND VEXATIOUS GRIEVANT DESIGNATION............18

803.11     RECORDS AND REPORTS.........................................................................19

    IMPLEMENTATION..................................................................................19

    DEFINITIONS.........................................................................................19

    CROSS-REFERENCE INDEX......................................................................22

    AUTHORITY..........................................................................................22

    ATTACHMENTS

# PURPOSE

The Arizona Department of Corrections (Department) maintains written rules of inmate conduct, sanctions, and procedures for violations which are communicated to all inmates and staff. These rules mirror the state's criminal code to the greatest extent possible. Disciplinary procedures are carried out promptly and with adherence to due process requirements.

# PROCEDURES

**803.01**        **GENERAL REQUIREMENTS**

1.1      The Warden at each Reception Center shall ensure information regarding the disciplinary process is included upon intake.

    1.1.1      Wardens shall ensure copies of this Department Order are available in all Inmate Resource Centers/libraries, in both English and Spanish.

1.2      Penalties imposed on inmates shall be fair, reasonable and consistent with the severity of the violation. The Department strives to operate its prisons under conditions and yielding consequences as much like the real world as possible. To this end, rule violations are aligned with the applicable criminal code so the seriousness of the violation reflects underlying community norms and values and results in comparable consequences.

1.3      Confidential information shall be restricted throughout the disciplinary process in accordance with Department Order #901, <u>Inmate Records Information and Court Action</u>.

1.4      Commission of any rule violation, which is also a violation of criminal law, may result in referral of the case to the appropriate court or law enforcement agency for consideration for prosecution of the case.

    1.4.1      Inmates are subject to all laws of the United States, the State of Arizona, county and municipality. Inmates violating any law may be charged and prosecuted for violation in the appropriate federal, state or local court.

    1.4.2      The filing of charges in a judicial court for the violation of local, state or federal laws does not prevent the administrative processing of the same act as a disciplinary matter or of the filing of a disciplinary action against the inmate.

1.5      Staff Assistants shall be assigned when a charged inmate is illiterate, does not understand English or where the complexity of the issue makes it unlikely the inmate will be able to collect and present evidence. Staff Assistants are assigned to help inmates only to understand the charges against them, the disciplinary hearing process, the process for presenting their version of the charges, and the process to appeal.

    1.5.1      Staff Assistants shall not act on behalf of, or serve as advocates for inmates. Inmates may not act as Staff Assistants.

    1.5.2      Staff Assistants shall be selected by the unit Deputy Warden, have the rank or equivalent rank of Sergeant or above, be familiar with Department policy and procedures and not hold the position of Disciplinary Coordinator or Disciplinary Hearing Officer.

1.5.3   Inmates do not have the right to legal counsel in the disciplinary hearing process.

1.5.4   The Disciplinary Coordinator and the Disciplinary Hearing Officer are responsible for the assignment of a Staff Assistant. A current list of Staff Assistants shall be maintained by the Disciplinary Hearing Officer. The list shall be readily available to the Disciplinary Coordinator and posted on the inmate bulletin board.

1.5.4.1   In cases where the inmate requires the use of a translator (either sign language or foreign language) the Staff Assistant and the interpreter shall work together to ensure the inmate understands the charge, the disciplinary process, their rights and responsibilities, as well as possible penalties.

1.5.5   If during the disciplinary process an inmate exhibits behavior that indicates the need for a mental health assessment to determine if the inmate's current mental state makes the inmate incapable of understanding the proceedings, the hearing shall be adjourned and the Disciplinary Hearing Officer shall refer the inmate to Mental Health for evaluation. Mental Health shall assign a licensed psychologist to prepare the mental health assessment.

1.5.6   If the assigned licensed psychologist determines the inmate is competent to proceed, then the hearing shall be reconvened. The Disciplinary Coordinator shall note on the Result of Disciplinary Hearing, Form 803-5, that the inmate was determined competent by the Mental Health Assessor.

1.5.7   If the assigned licensed psychologist determines the inmate is not competent to proceed, then the hearing shall be adjourned pending further evaluation.

1.5.8   Competency is a determination by the assigned licensed psychologist in which the inmate understands the nature of the proceedings, the pending charges and possible sanctions.

1.5.8.1   Mental Health shall review the inmate's status every ten calendar days and inform the Disciplinary Coordinator immediately upon determining whether the inmate is competent to proceed.

1.6   Violation of any time frame specified in this Department Order does not mandate dismissal of the case, unless due process requirements are not met. To avoid time frame violations, a case may be postponed with the approval of the unit Deputy Warden.

## 802.02   PRE-HEARING DETENTION

1.1   The unit Deputy Warden may place an inmate in pre-hearing detention at a Complex Detention Unit (CDU) when charged with Class A, B or C violations and an investigation is required using the Assignment to Investigative Detention/Form No. 2A, Form 803-7. Inmates shall receive verbal notification of the reasons for detention at the time of their initial placement immediately following the rule violation.

1.2   The unit Deputy Warden or designee shall review the inmate's pre-hearing status by the next workday after admission to the CDU. The unit Deputy Warden or designee may retain the inmate in detention or authorize release to general population.

1.3     Inmates in pre-hearing detention shall be afforded privileges as outlined in Department Order #804, Inmate Behavior Control.

1.4     Inmates held in pre-hearing detention pending an investigation for a rule violation or pending a disciplinary hearing shall have their status reviewed every 30 calendar days by the Warden or designated Deputy Warden. Extensions of pre-hearing detention shall be made in writing at the end of each 30 calendar day period and provided to the Warden and the Division Director for Offender Operations.

## 803.03      FILING AND DISPOSITION OF DISCIPLINARY REPORTS

1.1     Any Department, contract or private prison employee may file an Inmate Disciplinary Report, Form 803-1, for any conduct listed in the Rule Violations, Attachment A.

1.2     An Inmate Disciplinary Report form shall contain only one violation per incident with a full explanation of supporting facts. The violation charged shall be the one with the highest severity.

1.3     The employee initiating the Inmate Disciplinary Report form shall complete the first portion of the form within 24 hours of the determination that a violation may have occurred, or within 24 hours of an investigation being completed. The contents of the report shall include:

1.3.1     The number, class and violation as listed in Attachment A.

1.3.2     The date, time and specific location of the alleged violation.

1.3.3     A detailed description of the conduct that constitutes the violation.

1.3.3.1     If an Assault on Staff (02A, 03B or 04B), the employee shall document the name and ADC number of the charged inmate and the names and ADC numbers of any other inmates who participated in the staff assault incident.

1.3.4     The names of any staff witnesses.

1.3.5     The names and ADC numbers of any inmate witnesses where disclosure would not compromise the safety and security of the inmate.

1.3.6     The date and time the report is written.

1.3.7     The date, time, name and rank of the staff member who advised the inmate of the pending disciplinary charge.

1.3.8     The signature, rank, and staff identification number of the employee writing the report. All signatures shall be legible and include the printed last name of the employee underneath or next to the signature.

1.3.9     Any of the following that apply:

1.3.9.1     A description and location of any physical evidence.

1.3.9.2     A description of any force used by the inmate or staff.

1.3.9.3    Any immediate corrective action taken.

1.3.9.4    Any unusual inmate behavior.

1.3.9.5    Witnesses.

1.4    The employee shall complete and submit the report to the on-duty shift supervisor. The supervisor shall:

1.4.1    Review the report for content to ensure appropriateness of the charge.

1.4.2    Return the report to the employee for correction, if it is not completed properly.

1.4.3    Sign the report prior to forwarding it to the Disciplinary Coordinator.

1.5    The Disciplinary Coordinator shall:

1.5.1    Assign a case tracking number, which identifies the Inmate Disciplinary Report form throughout the process.

1.5.2    Enter tracking number and incident date into the disciplinary log.

1.6    When an inmate is hospitalized, escapes, or is otherwise outside the institution during the period between a disciplinary violation and the serving of charges, the time frames shall begin when the inmate returns to Department custody.

**803.04        INVESTIGATIONS AND CONFIDENTIAL INFORMANTS**

1.1    <u>Investigation of Charges</u> – The Disciplinary Coordinator shall gather evidence and initiate an objective investigation of the charge within 24 hours of receipt of the Inmate Disciplinary Report, which shall be completed without delay. Any delay longer than five workdays shall be explained in the appropriate section of the disciplinary packet.

1.1.1    The Disciplinary Coordinator shall:

1.1.1.1    Obtain the inmate's version of the violation using the Inmate Discipline - Investigative Report, Form 803-8, and shall contact any staff member or inmates who, in the Disciplinary Coordinator's judgment, may have information pertaining to the allegation and charge.

1.1.1.2    Omit from the report any opinions regarding the innocence or guilt of the charged inmate.

1.1.1.3    If the inmate has requested witnesses, document the inmate's request on the Inmate Discipline - Witness Request/Statement/Refusal, Form 803-3.

1.1.1.4    Obtain from the inmate a summary of expected testimony of a requested witness, as a condition of the witness being contacted. The Disciplinary Coordinator shall also obtain any relevant questions the inmate may want the witness to be asked.

1.1.1.5   Interview relevant inmate and staff witnesses, and request all witnesses to complete an Inmate Discipline - Witness Request /Statement/Refusal form. A reason shall be entered on the Inmate Discipline - Investigative Report form if witnesses are not contacted or refuse to complete a statement form. Staff witnesses requested by the inmate shall not refuse to answer relevant inmate questions or complete a statement form.

1.2   Confidential Informants and Confidential Information Reliability Assessment Questionnaires (CIRAQ), Form 801-3

1.2.1   When admitting confidential information in a disciplinary case, information provided by a confidential informant may only be considered as evidence when:

1.2.1.1   Staff reasonably concludes the information provided by the confidential informant is reliable.

1.2.1.2   The Disciplinary Hearing Officer finds the confidential informant for safety considerations prevent the disclosure of the informant's name.

1.2.2   If a discipline case is based in part or in whole on confidential information, the information shall be presented to the Disciplinary Hearing Officer in written format only on the CIRAQ. The Disciplinary Coordinator shall ensure a completed CIRAQ is included in the disciplinary packet for each confidential informant, or confidential source relied upon (i.e., tape recording and video recordings).

1.2.3   Any supporting documentation containing information of a confidential nature related to the CIRAQ(s) included in a case shall be attached and clearly stamped, "CONFIDENTIAL."

1.2.4   When CIRAQ(s) are used in a disciplinary case, the Disciplinary Coordinator shall review the Inmate Disciplinary Report form to ensure a statement notifying the inmate that confidential information will be presented to the Disciplinary Hearing Officer, shall not have access to the confidential information.

1.2.4.1   If a discipline case is based solely on confidential information, it will not be necessary to call confidential informants as witnesses.

1.2.4.2   If the discipline case is based on other testimony or evidence in addition to the confidential information then witness requests may be allowed for the information not deemed confidential in nature.

1.2.4.3   A staff member may not be a confidential source.

1.2.5   If the Disciplinary Coordinator finds notification of any of the above information would tend to identify the confidential source, the information may be omitted from the Inmate Disciplinary Report form.

1.2.5.1   When specific facts are omitted from the Inmate Disciplinary Report form, an explanation documenting the reason for the omission shall be contained in the CIRAQ.

1.2.5.2   Failure to document the basis for omitting facts shall result in the case being returned by the Disciplinary Hearing Officer to the institution for inclusion of the information or a re-hearing ordered with the inmate receiving the information in order to prepare a defense.

1.2.5.3   If a re-hearing is ordered, it shall be completed within 60 calendar days from the date it was returned to the Disciplinary Hearing Officer.

1.3   Assessing Reliability of the CIRAQ

1.3.1   The CIRAQ shall contain the following information:

1.3.1.1   The identity of the staff member conducting the investigation.

1.3.1.2   A description of the source as it relates to the Department. For example, CI #001 is an inmate assigned to the Department and Exhibit A is a transcription of a recorded telephone conversation, which occurred on (date).

1.3.1.3   The specific information each source gave in language, which is factual (quotes) rather than conclusionary.

1.3.2   The staff completing the CIRAQ shall establish reliability of the informant in the CIRAQ as follows:

1.3.2.1   The confidential informant has been proven reliable in the past. If this is the basis, the Disciplinary Hearing Officer shall be provided a synopsis outlining the past reliability and reference(s) to the other case(s) which shall be provided in the CIRAQ.

1.3.2.2   The confidential informant was an eyewitness. The report shall specifically state where the source claims to have been when he/she witnessed the incident being reported. Any corroborating evidence or information from other sources should be included to assist in establishing reliability on this basis.

1.3.2.3   The confidential informant has first-hand knowledge from the accused.

1.3.3   After the staff determines reliability of the informant, the Disciplinary Hearing Officer shall then determine the credibility of the information, by one of the following:

1.3.3.1   The information provided by the confidential informant is corroborated by statements and/or information from other confidential informants.

1.3.3.2   There is physical evidence or staff testimony which corroborates the confidential informant's information.

1.3.4   When confidential information or an informant is relied on for evidence, Disciplinary Hearing Officers shall record in the findings on the Result of Disciplinary Hearing form that they have relied on information from a confidential source and a separate CIRAQ has been completed.

1.3.5   The Disciplinary Hearing Officer's finding of guilt shall contain a statement detailing what evidence was relied upon which specifically supports the finding of guilt the confidential source(s) supplied and why the information was deemed reliable and credible.

1.3.6   All confidential information shall be stamped confidential on every page and contain the case number.

## 803.05      CLASS A AND CLASS B VIOLATIONS

1.1   All Class A violations shall be referred to the Disciplinary Hearing Officer. Class B violations, where applicable sanctions rise to the level of a major violation, shall be handled by the Disciplinary Hearing Officer.

1.2   Class B violations, where applicable sanctions do not rise to the level of a major violation, shall be handled by the Disciplinary Coordinator. Any Class B violation heard at the Disciplinary Hearing Officer level shall be handled as outlined in section 803.06 of this Department Order. However, the penalties shall not be less than those identified for Class B sanctions listed in Attachment B, except the Disciplinary Coordinator may not assess any Earned Release Credit or Parole Class III.

1.3   The Disciplinary Coordinator shall:

1.3.1   Review the Inmate Disciplinary Report form and ensure all charges have been thoroughly investigated.

1.3.2   Schedule a hearing within seven workdays of the violation filing date, except when a postponement has been obtained.

1.3.3   Consider modification of the charge consistent with all information in the Inmate Disciplinary Report form.

1.3.4   Serve the charge in writing to the inmate no later than 48 hours before the hearing. If the inmate cannot read, the Disciplinary Coordinator shall read the charge to the inmate.

1.3.5   Determine whether the inmate understands the charge, and his/her right to request a Staff Assistant.

1.3.6   Record in Section II of the Inmate Disciplinary Report form, the date, time, place and name of the person who served the written charge on the inmate.

1.3.7   Require the inmate be given at least 48 hours from the time the charge is served to prepare for the disciplinary hearing, to include the submittal of the witness statements, unless the 48 hour notice is waived in writing by the inmate.

1.3.8   Before the hearing, advise the inmate to provide a written request for the appearance of witnesses and what testimony he/she expects each witness to provide at the hearing to the Disciplinary Coordinator. The Disciplinary Coordinator shall provide questions for each witness to the Disciplinary Hearing Officer at the time of the hearing.

1.3.9   Prepare a Disciplinary File, which includes the Inmate Disciplinary Report form with all sections completed, a list of evidence, witness names, and written witness statements, and forward it to the Disciplinary Hearing Officer.

CHAPTER:  800 - INMATE MANAGEMENT
DEPARTMENT ORDER: 803 - INMATE DISCIPLINARY PROCEDURE

      1.3.9.1    If an inmate is transferred to another facility pending the hearing, the Inmate Disciplinary Report form and all supporting documentation may be forwarded to the Disciplinary Coordinator at the receiving unit for disposition.

## 803.06      CLASS C VIOLATIONS

1.1     Class C violations are Department rule violations, as listed in Attachment A.

    1.1.1     Class C violations shall be referred to the Disciplinary Coordinator and disposed of within ten workdays of the filing date of the violation.

    1.1.2     The Warden shall appoint Disciplinary Coordinators sufficient in number to manage the volume of cases of each complex. The disposition of Class C violations shall be the responsibility of the Disciplinary Coordinator. The Disciplinary Coordinator shall:

        1.1.2.1     Meet with the inmate.

        1.1.2.2     Determine whether the inmate has been properly charged or whether to amend the charge.

        1.1.2.3     Conduct an investigation, if necessary.

        1.1.2.4     Interview the inmate and obtain witness statements from other inmates or staff.

        1.1.2.5     Decide whether to resolve the violation informally or formally.

        1.1.2.6     Determine whether any penalties are appropriate.

        1.1.2.7     Advise the inmate of all disciplinary appeal rights.

        1.1.2.8     Document the resolution in Section IV of the Inmate Disciplinary Report form.

    1.1.3     <u>Penalties for Class C Violations</u> – The Disciplinary Coordinator may dismiss the charges, resolve the matter informally, or assess penalties for Class C violations as listed in Attachment B. In addition, the Disciplinary Coordinator may:

        1.1.3.1     Order the confiscation and return of property that belongs to another inmate, staff member, other person or the state that is found in an inmate's possession without proper authorization.

        1.1.3.2     Refer the inmate to their assigned Correctional Officer III for additional restrictions consistent with the inmate's phase.

        1.1.3.3     Order confiscation and forfeiture of contraband money and property, in accordance with Department Order #909, <u>Inmate Property</u>.

    1.1.4     Class C violations for which restitution is being requested shall be treated as a Class A or B violation in which the same level process should be afforded the inmate.

**803.07**      **DISCIPLINARY HEARINGS**

1.1     The Warden shall appoint a staff member to act as Disciplinary Hearing Officer for each complex. The Disciplinary Hearing Officer shall be of the rank of Captain or greater. An individual shall be excluded from sitting as a Disciplinary Hearing Officer for a specific hearing for any of the following:

    1.1.1     The staff member is the individual who wrote the Inmate Disciplinary Report, which is to be heard.

    1.1.2     The staff member was directly involved in conducting the investigation before the hearing.

    1.1.3     The staff member is unable to be fair and impartial when hearing the case.

1.2     Disciplinary hearings shall be held as often as required to ensure disciplinary violations are processed in a timely manner.

1.3     The Disciplinary Hearing Officer shall prioritize all pending Inmate Disciplinary Reports by class to ensure serious rule violations are given priority.

1.4     Disciplinary hearings shall be held no more than seven workdays after the date the violation was filed. If a hearing cannot be held within seven workdays the Disciplinary Coordinator shall supply a Postponement Memorandum explaining the reasons a continuance is needed. The Warden, Deputy Warden or designee's approval is required for all postponement requests more than seven workdays.

1.5     All re-hearings shall be held within 60 calendar days of the date the re-hearing was requested. If a hearing cannot be held within 60 calendar days, the Disciplinary Coordinator shall supply a Postponement Memorandum explaining the reasons a continuance is needed. The Warden, Deputy Warden or designee's approval is required for all postponement requests, which extend more than 60 calendar days.

1.6     The Adult Information Management System (AIMS) data regarding the inmate's disciplinary history shall be available to the Disciplinary Hearing Officer during the disciplinary hearing and may be considered in assessing any penalties.

1.7     Upon receipt of an Inmate Disciplinary Report, the Disciplinary Hearing Officer shall:

    1.7.1     Review the case for completeness, including:

        1.7.1.1     Properly written and completed reports and forms.

        1.7.1.2     Within time frames.

        1.7.1.3     Conflicts in statements between written reports resolved.

        1.7.1.4     AIMS report included.

        1.7.1.5     CIRAQ included, if applicable.

        1.7.1.6     Inmate cited for the appropriate charge for the violation.

1.7.1.7   Determine if witnesses are to be called or if written statements are sufficient.

1.7.1.8   Decide whether the charging officer shall be called.

1.7.1.9   If it is a violation for Assault on Staff (02A, 03B, or 04B) ensure all inmates who participated in the assault are listed (name and ADC number in the description).

1.7.1.10   If it is a violation for 02A, Assault on Staff that involved Serious Injury, list the staff member(s) who were seriously injured (see Definition section for definition of "Serious Injury.")

1.7.2   If not complete, refer the rule violation packet back to the Disciplinary Coordinator to make appropriate changes and/or adjustments.

1.7.3   If complete, proceed with the scheduled hearing, based on priority of the case (Class A, B, and then C). Hearings shall be held no more than seven workdays after the date the violation was filed. If a hearing cannot be held within seven workdays, the Disciplinary Coordinator shall supply a Postponement Memorandum explaining the reasons a continuance is needed.

1.8   The Disciplinary Hearing Officer shall conduct the hearing as follows:

1.8.1   Record the date and time of the hearing.

1.8.2   Verify the inmate's name and number by face to identification card comparison.

1.8.3   Read the charge and ask if the inmate understands the charge. The Disciplinary Hearing Officer may modify the charge at the hearing provided the new charge is a lesser or equivalent charge which has one or more elements of the titled charge. The modification shall be noted on the record.

1.8.4   Determine if the inmate requires a Staff Assistant at the hearing. The Disciplinary Hearing Officer may allow time for consultation between the inmate and designated Staff Assistant.

1.8.5   Explain the range of possible penalties which may be imposed in the event of a guilty finding.

1.8.6   Ask whether the inmate pleads guilty or not guilty.

1.8.6.1   If the inmate pleads guilty, no further evidence needs to be heard. The inmate may offer a statement concerning mitigating circumstances for the Disciplinary Hearing Officer to consider when determining penalties.

1.8.6.2   If the inmate refuses or fails to enter a plea, a "no plea" shall be entered and treated as not guilty.

1.8.6.3   If the inmate pleads not guilty, evidence shall be presented, including appropriate staff or inmate testimony or written statements. The inmate may make a closing statement concerning the misconduct for the Disciplinary Hearing Officer to consider.

1.9    The Disciplinary Hearing Officer shall determine whether to call staff or inmate witnesses to appear at the proceedings or whether written witness statements are adequate or necessary.

   1.9.1    The inmate shall present to the Disciplinary Coordinator, in writing, all proposed questions for each witness he/she wishes to call.

   1.9.2    Live testimony of inmate witnesses is not required. If live testimony is permitted, the Disciplinary Hearing Officer shall not permit the inmate to directly question the witness. The Disciplinary Hearing Officer shall conduct the questioning if he/she determines the questions are appropriate and relevant. The questions the inmate wishes to ask shall be submitted by the Disciplinary Coordinator in writing to the Disciplinary Hearing Officer for review.

   1.9.3    When an inmate is at another facility, a written statement may be taken. Statements taken from inmates at another facility or who are not present at the hearing shall be made known to the inmate (unless confidential as defined in section 803.04 of this Department Order), at least 48 hours prior to the hearing, so he/she may respond on the record.

   1.9.4    The Disciplinary Hearing Officer shall retain in the disciplinary packet the questions, which were determined as neither appropriate nor relevant.

   1.9.5    The Disciplinary Hearing Officer may determine not to call a witness if the witness would be subject to a risk of reprisal, undermine authority or otherwise present a threat to the security or order of the institution, or, if the Disciplinary Hearing Officer reasonably believes the witness' testimony would be irrelevant, immaterial or repetitive. The Disciplinary Hearing Officer shall document the reason for the exclusion of any witness.

   1.9.6    Although there is no maximum number of witnesses an inmate may call, the Disciplinary Hearing Officer may limit the number based on a reasonable belief the witness testimony would be repetitive testimony, irrelevant or an undue hazard to institutional safety.

   1.9.7    Character witness evidence is not relevant in a disciplinary hearing and shall not be permitted.

   1.9.8    The Disciplinary Hearing Officer may elect to call the charging officer as a witness to clarify any portions of the Inmate Disciplinary Report form.

   1.9.9    The Disciplinary Hearing Officer may remove witnesses whose conduct interferes with the hearing.

1.10   All evidence used at the hearing shall be made known to the inmate, except the Disciplinary Hearing Officer may decide to withhold from disclosure specific information if the disclosure would endanger the safety or well-being of another person. The Disciplinary Hearing Officer shall note in the decision the reasons for excluding or limiting any evidence.

1.11   Persons other than the Disciplinary Hearing Officer, inmates and staff involved in the disciplinary matter may be present in the hearing room and observe discipline hearings. Their attendance shall be approved in advance by the Warden, Deputy Warden, Bureau Administrator or Administrator, and shall be noted on the record. These persons may be excluded if they are disruptive.

1.12    During the course of the Hearing, the Disciplinary Hearing Officer may:

    1.12.1   Offer staff assistance to the inmate during the hearing and use available personnel resources, such as medical staff, or mental health staff as consultants.

    1.12.2   Postpone a hearing for good cause. The reasons for postponement shall be included in the file. The Warden, Deputy Warden, Bureau Administrator or Administrator shall determine whether or not to approve a postponement. Postponements shall not exceed 28 calendar days.

    1.12.3   Postpone the hearing and return the Disciplinary File to the Disciplinary Coordinator if the titled charge needs to be modified to a different charge with different elements than the current rule violation.

        1.12.3.1   The Disciplinary Hearing Officer may modify the charge during the hearing and change the titled charge to a greater class charge; however, the inmate shall be notified he/she may request an additional 48 hours to prepare a defense on the modified charge. The inmate may waive this requirement.

        1.12.3.2   During the course of the hearing, the Disciplinary Hearing Officer may change the titled charge to a lesser or equivalent charge without ordering a re-hearing. The lesser or equivalent charge shall have one or more of the elements of the titled charge.

    1.12.4   Postpone the hearing to request other supporting documents.

1.13    The inmate charged shall be present at the disciplinary hearing unless substantial reasons exist which require his/her exclusion from the hearing.

    1.13.1   If the inmate waives the right to be present or refuses to be present, the inmate shall sign the Inmate Discipline - Hearing Waiver, Form 803-4, and an employee shall witness the signature. If the inmate refuses or is unable to sign the waiver, the employee shall specifically note this on the form.

    1.13.2   If the inmate's conduct disrupts the hearing, the inmate shall be removed from the area or hearing room and the hearing shall be conducted without the inmate present. The reason for the inmate's absence shall be explained on the Result of Disciplinary Hearing form.

    1.13.3   The Disciplinary Hearing Officer shall ensure the inmate has the opportunity to provide a statement. The statement may be verbal, written or both.

1.14    <u>Hearing Decisions</u>

    1.14.1   The Disciplinary Hearing Officer may:

        1.14.1.1   Dismiss the charge. The reason for dismissal shall be provided on the Result of Disciplinary Hearing form.

        1.14.1.2   Find the inmate not guilty.

CHAPTER:  800 - INMATE MANAGEMENT
DEPARTMENT ORDER: 803 - INMATE DISCIPLINARY PROCEDURE

1.14.1.3   Find the inmate guilty and impose penalties as indicated in Attachment B. As the standard of proof for guilty findings, the trier of fact (Disciplinary Hearing Officer) shall be persuaded by the evidence it is more probably true than not the inmate committed the disciplinary violation.

1.14.2   Upon reaching a decision, the Disciplinary Hearing Officer shall:

1.14.2.1   Prepare a written report utilizing the Result of Disciplinary Hearing form, detailing the specific evidence relied upon to arrive at the decision and the standard of proof has been met.

1.14.2.2   Determine if restitution is owed and the amount due.

1.14.2.2.1   For restitution purposes, the inmate(s) found guilty shall be jointly and severally liable for the full amount due.

1.14.2.2.2   The Disciplinary Hearing Officer may enter a finding that restitution is owed and to whom, reserving the issue of the amount of restitution owed for a future hearing conducted in accordance with the procedures outlined for a Class C violation with the exception of the ten workday requirement for filing.

1.14.2.2.3   Restitution proceedings may commence upon receipt by the Warden of the amount of loss resulting from the inmate's violation.

1.14.2.2.4   If the amount of restitution requested is known to the Disciplinary Hearing Officer during the disciplinary hearing, the restitution should be resolved at that time.

1.14.2.3   Inform the inmate of the decision in writing, including the penalty, and verbally explain it.

1.14.2.4   Type or legibly print the name of the Disciplinary Hearing Officer on the Result of Disciplinary Hearing form and sign the report.

1.14.2.5   Inform the inmate that he/she may appeal the decision of the Disciplinary Hearing Officer in accordance with the established procedures for disciplinary violations involving restitution outlined in this Department Order.

1.14.2.6   Forward the results of the hearing to the Warden, Deputy Warden, Bureau Administrator or Administrator for review.

## 803.08          PENALTIES FOR CLASS A AND B VIOLATIONS

1.1   The penalties which shall be imposed for disciplinary violations are outlined in Attachment B. Class B rule violations not handled at the Disciplinary Coordinator level shall not be outside of the range for each class of violations.

1.2   The Disciplinary Hearing Officer may assess Earned Release Credit forfeitures beyond the five calendar days mandated by Arizona Revised Statute (A.R.S.) for "positive" urinalysis tests or refusal to submit to a urinalysis test.

1.3   An inmate found guilty of Violation 38B, 37B, 21B or other violation resulting in a positive urinalysis test shall be charged the cost of the urinalysis test and any subsequent re-test based on the number of positive results.

1.4   An inmate found guilty of any assault, sexual assault, or any violation involving physical harm or serious physical injury to a Department employee, contract or private prison employee shall be liable for any costs incurred by the employee including medical costs and cleaning/replacing uniforms.

1.5   An inmate found guilty of escape shall be assessed restitution for costs resulting from damage or destruction of state property during the course of the escape. The inmate shall also be required to pay apprehension costs in accordance with Department Order #905, Inmate Trust Account/Money System.

1.6   Suspensions of penalties may be imposed in 30 calendar day increments up to a maximum of 90 calendar days and may be granted with the condition the inmate not be found guilty of any other violations during the suspension period. The Disciplinary Coordinator shall explain the reasons for the suspension in writing.

   1.6.1   A Revocation of Suspended Sentence, Form 803-9, shall be completed by the Disciplinary Hearing Officer for previously imposed Class A and B penalty suspensions and by the Disciplinary Coordinator for previously imposed Class C penalty suspensions.

   1.6.2   A suspended penalty which is revoked shall be imposed and served consecutively to any other penalties being served.

   1.6.3   All penalties with the exception of Parole Class III may be suspended.

1.7   There shall be no stay or delay of any penalty imposed pending an appeal.

**803.09      REVIEW AND APPEAL**

1.1   Review – Following a disciplinary hearing conducted by a Disciplinary Hearing Officer, the unit Deputy Warden shall administratively review the Inmate Disciplinary Report no later than two workdays. This includes all reports where an appeal has not been filed. The Deputy Warden's review shall include, but is not limited to the following:

   1.1.1   Verification the Inmate Disciplinary Report was completed correctly and the inmate was appropriately charged. The Deputy Warden may return the case to the Disciplinary Hearing Officer for a re-hearing, if the titled charge needs to be modified to a different charge that does not contain elements of the current violation charged. The Deputy Warden may modify the titled charge to a lesser or equivalent charge without ordering a re-hearing. The lesser or equivalent charge shall have one or more of the elements of the titled charge.

   1.1.2   Examination of all documents in the record and determining the inmate received due process, the hearing was conducted appropriately and there was adequacy of proof.

   1.1.3   Make a determination that the penalties assessed are appropriate for the charge and are consistent with penalty guidelines in Attachment B. The Deputy Warden may revise the penalties downward to the lowest penalty listed for Class B violations.

1.1.4 Should the Deputy Warden return any case to the Disciplinary Hearing Officer, the reason for the return shall be provided in writing.

1.1.4.1 Dismissals by the Disciplinary Coordinator or Disciplinary Hearing Officer based on due process do not constitute not guilty findings. They are not considered dismissals on the merits of the case. The dismissal of the violation does not preclude the Deputy Warden from returning the case to the Disciplinary Hearing Officer for a re-hearing. The inmate is not precluded from raising due process concerns on appeal.

1.1.4.2 Cases dismissed by the Disciplinary Hearing Officer solely on the basis of adequacy of proof may not be returned for a re-hearing by the Deputy Warden unless new evidence is discovered. A summary of the new evidence to be considered shall be noted by the Deputy Warden on the Result of Disciplinary Hearing form or by an attached memo.

1.2 <u>Appeals</u> – Staff receiving an Appeal of Disciplinary Charge, Form 803-2, shall sign, date, note the time, and provide the receipt (pink copy) to the inmate. The form shall then be forwarded to the Disciplinary Coordinator for processing to the appropriate review authority.

1.2.1 Time frames for an appeal decision shall begin when the appellate authority or designee receives the appeal.

1.2.2 An appeal is not a re-hearing at which new evidence may be introduced. Staff conducting appeals shall only review the case record and file.

1.2.3 Appeals of Class B Violations, heard by the Disciplinary Coordinator and Class C Violations - Inmates may submit an appeal of a Class C violation within five calendar days of receiving the guilty finding by completing an Appeal of Disciplinary Charge form. The Appeal form shall be submitted to the Disciplinary Hearing Officer through the Disciplinary Coordinator.

1.2.3.1 The Disciplinary Hearing Officer shall:

1.2.3.1.1 Verify the Inmate Disciplinary Report was completed correctly and the inmate was appropriately charged. The Disciplinary Hearing Officer may return the case to the Disciplinary Coordinator to have the charge modified to the more appropriate Class C charge based on conduct contained in the Inmate Disciplinary Report.

1.2.3.1.2 Review all documents in the record and determine the inmate received due process and there was adequate proof.

1.2.3.1.3 Determine the penalties assessed are appropriate for the violation and consistent with the guidelines provided in Attachment B.

1.2.3.2 The Disciplinary Hearing Officer may not increase penalties, but may revise the penalties downward to lowest penalty listed for Class B violations.

1.2.3.3   Should the Disciplinary Hearing Officer return any case to the Disciplinary Coordinator, the Disciplinary Hearing Officer shall provide the specific reason(s) for the return.

1.2.3.4   The Disciplinary Hearing Officer shall:

1.2.3.4.1   Review the appeal and provide a written decision to the inmate within 20 calendar days, using the Decision of Appeal, Form 803-6.

1.2.3.4.2   Address all issues raised in the appeal and shall review all documents in the record. The reasons for the decision shall be specified. The decision shall be signed and dated. The decision shall be returned to the inmate through the Disciplinary Coordinator.

1.2.3.5   For Class C violations or Class B violations heard by the Disciplinary Coordinator, the Disciplinary Hearing Officer's appeal decision is final and administrative remedies shall be considered exhausted with the Disciplinary Hearing Officer's decision.

1.2.4   First Level Appeals of Class A and B Violations – Inmates may submit an appeal of a Class A and B violation within five calendar days of receiving the guilty findings using an Appeal of Disciplinary Charge form or an Appeal form designated for that purpose. The Deputy Warden shall consider whether due process was afforded the inmate, there was adequate proof, and the penalties were assessed appropriately.

1.2.4.1   The Deputy Warden may:

1.2.4.1.1   Return the case to the Disciplinary Hearing Officer for re-hearing if the original violation should be modified to a lesser or equivalent violation which does not contain elements of the original violation.

1.2.4.1.2   Modify the original violation to a lesser or equivalent violation without ordering a re-hearing, if the lesser or equivalent violation contains one or more of the elements of the original violation.

1.2.4.1.3   Approve the findings of the Disciplinary Hearing Officer.

1.2.4.1.4   Dismiss the case. The reason for the dismissal must be recorded.

1.2.4.1.5   Dismiss the case upon determining due process was not met. Dismissals based on due process violations do not constitute not guilty findings. They are not considered dismissals on the merits of the case. The dismissal of the violation does not preclude the Deputy Warden from returning the case to the Disciplinary Hearing Officer for a re-hearing.

1.2.4.2   A case dismissed on appeal at the Deputy Warden level based solely on adequacy of proof may not be returned for a re-hearing.

1.2.4.3    The Deputy Warden shall determine whether the penalties assessed are appropriate for the charge and consistent with other similar violations. The Deputy Warden may not increase penalties, but may revise the penalties downward to lowest penalty listed for Class B violations.

1.2.4.4    Should the Deputy Warden return any case to the Disciplinary Hearing Officer, the Deputy Warden shall provide the specific reason(s) for the return.

1.2.4.5    The Deputy Warden shall review the appeal and provide a written decision to the inmate within 20 calendar days, using the Decision of Appeal form. The reasons for the decision shall be specified. The decision shall be signed and dated. The decision shall be returned to the inmate through the Disciplinary Coordinator.

1.2.4.6    Cases returned for re-hearing do not require the assignment of a new Disciplinary Hearing Officer.

1.2.5    Second Level Appeals to the Director – An inmate who rejects the response may submit a second level appeal within five calendar days of receiving the Step One decision, using the Appeal of Disciplinary Charge form, through the Disciplinary Coordinator's Office, who shall forward the packet to the Legal Services Unit at Mail Code 481. A second level appeal shall not include matters not previously raised by inmate in the first level appeal.

1.2.5.1    The Director or designee shall:

1.2.5.1.1    Consider the appeal's merits based upon whether the inmate received due process, there was adequacy of proof, and the penalties assessed were appropriate.

1.2.5.1.2    Verify the Inmate Disciplinary Report was completed correctly and the inmate was appropriately charged. The Director or designee may not change the titled charge to a greater charge, but may change the charge to a lesser or equivalent charge without ordering a re-hearing. The lesser or equivalent charge must have one or more of the elements of the titled charge.

1.2.5.2    The Director or designee may:

1.2.5.2.1    Approve the findings of the unit.

1.2.5.2.2    Dismiss the case on appeal.

1.2.5.2.3    Dismiss the case upon determining the inmate did not receive adequate due process. Dismissals based on due process violations do not constitute not guilty findings. They are not considered dismissals on the merits of the case. The Director or designee may return the case to the unit for a re-hearing.

1.2.5.3    A case dismissed on appeal at the Director's level based solely on adequacy of proof is not subject to re-hearing.

1.2.5.4   The Director or designee shall:

1.2.5.4.1   Determine the penalties assessed are appropriate for the charge and consistent with other similar violations. The Director or designee may not add or increase penalties, but may revise the penalties downward to whatever extent deemed appropriate.

1.2.5.4.2   Provide a written decision to the inmate within 30 calendar days. The decision shall be signed and dated. The decision shall be returned to the inmate through the Disciplinary Coordinator.

1.2.5.5   The decision of the Director or designee is final and all administrative remedies shall be considered exhausted with the Step Two Appeal. (See Inmate Disciplinary Appeals Process, Attachment D.)

803.10   **VEXATIOUS GRIEVANCES AND VEXATIOUS GRIEVANT DESIGNATION** – An inmate found guilty of Disciplinary Violation 17A, Filing of Vexatious Grievances, specified on Attachment A shall be designated as a Vexatious Grievant in accordance with this section. The grievances of inmates after receiving the Vexatious Grievant designation shall be in accordance with Department Order #802, Inmate Grievance Procedure.

1.1   Department employees, contractors or private prison employees shall:

1.1.1   Use the Vexatious Grievant definition in the Definition section and the 17A description to determine if an inmate is filing vexatious grievances.

1.1.2   If determining the inmate has abused the Inmate Grievance process by filing vexatious grievances, initiate an Inmate Disciplinary Report, citing 17A.

1.1.2.1   The filing of even one grievance meeting the Vexatious Grievant definition may subject the inmate to disciplinary action in accordance with this Department Order.

1.2   Inmates may appeal the 17A Disciplinary Violation in accordance with the appeal process outlined in this Department Order.

1.2.1   If the inmate fails to initiate the appeal, the Disciplinary Coordinator shall note the designation on the appropriate AIMS screen and provide a copy of the Result of Disciplinary Hearing form to the CO III and the CO IV Grievance Coordinator.

1.2.1.1   The unit CO IV Grievance Coordinator shall include the form in the inmate's Grievance Record maintained in accordance with this Department Order.

1.2.2   If the 17A Disciplinary Violation finding was upheld during the appeal process and the inmate has exhausted all administrative remedies, the Disciplinary Coordinator shall note the designation on the appropriate AIMS screen and provide a copy of the Decision of Appeal form to the CO III and the CO IV Grievance Coordinator.

1.2.2.1   The unit CO IV Grievance Coordinator shall include the form in the inmate's Grievance Record maintained in accordance with this Department Order.

1.3     Inmates found guilty of 17A shall receive penalties consistent with Class A violations, as outlined in Attachment B.

**803.11      RECORDS AND REPORTS**

1.1     All reports, documents and notifications of the disciplinary process, except for informal resolutions of disciplinary matters, shall be filed as indicated on the form distribution list.

1.2     If the case is dismissed or if the inmate is found not guilty, computer records are not purged, but no reference to the charge shall be placed in the inmate's Disciplinary File.

1.3     The Disciplinary Coordinator shall maintain a monthly statistics of the dispositions of all disciplinary charges.

# IMPLEMENTATION

The Division Director for Offender Operations shall ensure an appropriate level of training is conducted for all staff involved in the Inmate Disciplinary process.

# DEFINITIONS

**ADEQUACY OF PROOF** – For the purpose of this Department Order, the adequacy or standard of proof is whether the trier of fact (Disciplinary Hearing Officer) is persuaded by the evidence that it is more probably true than not the inmate committed the disciplinary violation.

**APPEAL** – A request for a review of the proceedings by a higher authority.

**ASSAULT**

- Definition for Inmate on Staff Assaults

    - Inmate on staff assault with weapon:

        a)   Striking or attempting to strike a staff member with a weapon. Weapon includes the following:

            1.   Anything designed for lethal use, or

            2.   Anything, under the circumstances in which it is used, or attempted to be used, is readily capable of causing physical injury or death.

    - Inmate on staff assault without weapon:

        a)   Striking or attempting to strike a staff member; such as head-butting, punching, pushing, or kicking.

        b)   Throwing or projecting bodily or non-bodily fluids on or at a staff member.  Bodily fluid includes but is not limited to saliva, blood, seminal fluid, urine and/or feces.

        c)   Other offensive contact with a staff member; such as choking, grabbing, tripping, and biting.

- Definition for Inmate on Inmate Assaults

  - Inmate on inmate assault with weapon:

    a)  Striking or attempting to strike another inmate with a weapon.  Weapon includes the following:

        1.  Anything designed for lethal use, or

        2.  Anything, under the circumstances in which it is used, or attempted to be used, is readily capable of causing physical injury or death.

  - Inmate on inmate assault without weapon:

    a)  Striking or attempting to strike another inmate; or

    b)  Throwing or projecting bodily or non-bodily fluids on or at another inmate.  Bodily fluid includes but is not limited to saliva, blood, seminal fluid, urine and/or feces.

**CLASS A AND B VIOLATIONS** – A rule violation of such significance that a finding of guilt could result in penalties, which may include the loss of earned release credits, restitution, fines or placement in Class III.

**CLASS C VIOLATION** – A Department rule violation for which an informal resolution is not sufficient, but loss of earned release credits, placement in Class III or fines shall not be imposed.

**COMPETENT** – For the purpose of this Department Order, the ability to understand the disciplinary process, charges, and possible sanctions. An inmate on a medical or mental health watch does not automatically confer a status of non-competency.

**CONFIDENTIAL INFORMANT** – A person who provides confidential information which, if revealed, could jeopardize the safety of the informant or other persons.

**DISCIPLINARY COORDINATOR** – An employee, of equal rank or exceeding the level of a Sergeant, whose responsibilities include reviewing and disposing of Class B violations where applicable sanctions do no rise to the level of a major violation, Class C disciplinary violations, ensuring complete investigations of Class A and B violations are conducted.

**DISCIPLINARY HEARING OFFICER** – A Captain or equivalent designated by the Warden to conduct hearings on disciplinary actions and to serve as the Appeals Officer for Class C violations.

**DISCIPLINARY REPORT** – A formal method of charging an inmate with a violation of the Inmate Disciplinary Policy, using an Inmate Disciplinary Report form.

**DUE PROCESS** – A term of art defined by court decisions, which presently requires 48 hours advance written notice of the violation(s) before a hearing and provides the inmate an opportunity to respond. If the potential penalty involves a liberty interest, the inmate has a right to a hearing before an impartial hearing officer.

**FILING DATE** – The date the Inmate Disciplinary Report form is completed by the reporting officer.

**FIRST-HAND KNOWLEDGE** – For the purpose of this Department Order, as having been seen by staff, or overheard, or received from the accused.

**LOSS OF PRIVILEGE** – A loss of privilege may include any or all of the following: i) access to the inmate store for non-sanitary items, ii) telephone access, iii) visitation, iv) educational opportunities, v) work opportunities, and/or vi) any other loss of privilege determined appropriate by the Disciplinary Hearing Officer.

**POSSESSION** – For the purpose of this Department Order, possession is as any of the following: actual physical custody of the item(s); control of the item, and ownership of the item. Example: An item found inside a cell is deemed "in possession" of all assigned occupants of the cell.

**PRE-HEARING DETENTION** – Detention placement for any inmate pending completion of an investigation on a rule violation or pending a disciplinary hearing.

**REFUSAL** – If an inmate fails to provide a usable (i.e., correct temperature, required amount) urine specimen within the two-hour time frame, it shall be considered a refusal to test.

**RESTITUTION** – A penalty imposed on the inmate by the Disciplinary Hearing Officer upon a finding of guilt for an offense causing economic loss. If more than one inmate is found guilty of the violation, the inmates are jointly and severally liable for the total amount of restitution.

**RESTRICTION** – A penalty imposed upon a finding of guilt for a Class A, B or C violation, which restricts an inmate to the inmate's cell or sleeping area during unassigned hours. During restriction, the following activities shall be allowed as normally scheduled: meals, recreation and exercise periods, medical services, legal access, visitation, laundry, and hygiene activities.

**SERIOUS PHYSICAL INJURY** – Requires urgent and immediate medical treatment and restricts the staff's usual activity, medical treatment should be more extensive than mere first-aid, such as the application of bandages to wounds; it might include stitches setting of broken bones, treatment of concussion, loss of consciousness, etc.

**STAFF ASSISTANT** – A designated employee assigned to explain violation charges or disciplinary hearing procedures to inmates, but who does not act as an advocate for inmates.

**VEXATIOUS GRIEVANT** – An inmate who is found to have engaged in vexatious conduct in filing grievances. Vexatious conduct includes any of the following:

- The filing of two or more grievances solely or primarily for the purpose of harassment;

- The filing of two or more grievances without substantial justification, which includes groundless grievances and grievances filed not in good faith; or

- The filing of two or more grievances making unreasonable, repetitive or excessive requests for information.


{Original Signature on File}


_____

Charles L. Ryan
Director


**ATTACHMENTS**
Attachment A – Rule Violations
Attachment B – Penalties
Attachment C – Inmate Disciplinary Process Flowchart
Attachment D – Inmate Disciplinary Appeals Process Flowchart

**FORMS LIST**
803-1, Inmate Disciplinary Report
803-2, Appeal of Disciplinary Charge
803-3, Inmate Discipline - Witness Request/Statement/Refusal
803-4, Inmate Discipline - Hearing Waiver
803-5, Result of Disciplinary Hearing
803-6, Decision of Appeal
803-7, Assignment to Investigative Detention/Form No. 2A.
803-8, Inmate Discipline - Investigative Report
803-9, Revocation of Suspended Sentence

# CROSS-REFERENCE INDEX

Department Order #106, Contract Beds
Department Order #109, Smoking and Tobacco Regulations
Department Order #116, Employee Communicable Disease Exposure Control Plan
Department Order #125, Sexual Offense Reporting
Department Order #707, Inmate Escape Prevention/Response
Department Order #709, Substance Abuse, Detection and Control
Department Order #802, Inmate Grievance Procedure
Department Order #804, Inmate Behavior Control
Department Order #805, Protective Custody
Department Order #901, Inmate Records Information and Court Action
Department Order #904, Inmate Religious Activities/Marriage Requests
Department Order #905, Inmate Trust Account/Money System
Department Order #909, Inmate Property
Department Order #916, Staff – Inmate Communications
Department Order #918, Wildland Fire Crews/Disaster Aid
Department Order #1002, Inmate Release Eligibility System
Department Order #1101, Inmate Access to Health Care

# AUTHORITY

A.R.S. § 12-349, Unjustified Actions; Attorney Fees, Expenses and Double Damages; Exceptions; Definition
A.R.S. § 13-2501, Definitions
A.R.S. § 13-2505, Promoting Prison Contraband; Exceptions; X-Radiation; Classification
A.R.S. § 31-201.01, Duties of the Director; Tort Actions; Medical Treatment Costs; State Immunity; Definitions
A.R.S. § 31-342, Escape; Liability for Costs Incurred in Apprehension
A.R.S. § 41-1604, Duties and Powers of Director
A.R.S. § 41-1604.07, Earned Release Credits; Forfeiture; Restoration
A.R.S. § 41-1604.10, Earned Release Credits; Forfeiture; Restoration; Applicability

**ATTACHMENT A**
**DEPARTMENT ORDER 803**
**PAGE 1 OF 8**

## RULE VIOLATIONS

| CLASS A VIOLATIONS | |
|---|---|
| **NO.** | **Rule Violation** |
| 01A | Aggravated Assault (Inmate on Inmate) – Assault on another inmate<br><br>• Resulting in serious physical injury to another inmate, or<br>• Discharge, use of or threatening exhibition of a deadly weapon or dangerous instrument, or<br>• Resulting in temporary but substantial disfigurement, loss or impairment of any body organ or fracture of any body part.<br><br>Serious Physical Injury includes injury that creates reasonable risk of death or which causes serious and permanent disfigurement, serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb. (i.e., broken bones, knife wounds, internal injuries, eye injuries, etc.**)** |
| 02A | Assault on Staff (that involved Serious Injury) – "Serious Injury" requires urgent and immediate medical treatment and restricts the staff's usual activity, medical treatment should be more extensive than mere first-aid, such as the application of bandages to wounds; it might include stitches, setting of broken bones, treatment of concussion, loss of consciousness, etc.<br><br>Exclude assaults that throwing liquids, blood, waste, chemicals, and/or urine, unless the throwing assault resulted in serious injury. |
| 03A | Participation in a Riot – A person in the custody of the Department who is a participant in a riot. |
| 04A | Assault (Sexual) – Intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without the consent of such person. |
| 05A | Arson – Knowingly causing a fire or explosion, which results in physical damage to the prison facility. |
| 06A | Attempt to Commit a Class A Offense - Engaging in conduct with the intent to aid or commit a Class A offense under this classification. |
| 07A | Conspiracy to Commit a Class A Offense - To agree with one or more persons to engage in a Class A offense under this classification and to agree at least one of them shall engage in conduct constituting an overt act in furtherance of the offense. |
| 08A | Escape – Knowingly escaping, or attempting to escape, from the custody of an adult correctional facility including outside work crews, work camps, transport vehicles, and outside hospitals. |
| 09A | Kidnapping/Taking of a Hostage – Restraining another person with the intent to<br><br>• Hold for ransom, use as a shield, use as a hostage, or<br>• Inflict death, physical injury or a sexual offense on the victim, or,<br>• Place the victim or third person in reasonable apprehension of imminent physical injury. |

**ATTACHMENT A**
**DEPARTMENT ORDER 803**
**PAGE 2 OF 8**

| CLASS A VIOLATIONS | |
|---|---|
| **NO.** | **Rule Violation** |
| 10A | Manslaughter – Recklessly causing the death of another, or Intentionally aiding another to commit suicide. |
| 11A | Murder (1st Degree) – With pre-meditation intentionally causing the death of another. |
| 12A | Murder (2nd Degree) – Without pre-meditation intentionally causing the death of another. |
| 13A | Promoting Prison Contraband – Knowingly conveying contraband to any person confined in a correctional facility, or making, obtaining or possessing contraband while confined in a correctional facility or while being transported or moved. |
| 14A | Threatening or Intimidating (Gang Activity) – Threatening or intimidating by word or conduct, to cause physical injury to another or damage to the property of another in order to promote, further or assist in the interests of or cause, induce or solicit another person to participate in criminal gang activity, criminal syndicate or racketeering. |
| 15A | Possession of a Weapon – <br><br>• Knowingly making, obtaining or possessing a weapon while confined, transported or moved.<br>• Weapons include any device capable of physical injury; explosives. |
| 16A | Possession of Communication Device – Knowingly making, obtaining or possessing a communication device while confined, transported or moved.<br><br>Includes wireless communications devices, multimedia devices, any separate components which may aid in the use of wireless devices and/or multimedia storage devices (i.e., cell phones, charges, mobile chargers, cell phone batteries, and any other item which staff reasonable determines may aid in the use of wireless devices and/or multimedia storage devices), computers. |
| 17A | Filing of Vexatious Grievances – <br><br>• Repeated filing of grievances solely or primarily for the purpose of harassment.<br>• Grievances filed without substantial justification, defined as groundless or not made in good faith pursuant to A.R.S. § 12-349(F).<br>• A pattern of making unreasonable, repetitive and excessive requests for information. |
| CLASS B VIOLATIONS | |
| **NO.** | **Rule Violation** |
| 01B | Aggravated Refusal of an Assignment – <br><br>• Refusal of any assignment for the purpose of obstructing racial integration.<br>• Refusal of any assignment. |

| CLASS B VIOLATIONS | |
|---|---|
| **NO.** | **Rule Violation** |
| 02B | Assault on Inmate –<br><br>• Intentionally, knowingly or recklessly causing physical injury to another inmate, or<br>• Intentionally placing person in reasonable apprehension of imminent physical danger, or<br>• Knowingly touching another person with the intent to injure, insult or provoke such person. |
| 03B | Assault on Staff that Did Not Involve Serious Injury –<br><br>• To be considered a non-serious injury means the injury DID NOT require urgent and immediate medical treatment and did not restrict staff's usual activity. Medical treatment was basic first-aid, such as the application of bandages to wounds; it DID NOT include stitches, setting of broken bones, treatment of concussion, loss of consciousness, etc. (which would be considered "serious" injury).<br>• Includes knowingly touching staff with the intent to injure, insult or provoke such person, if it resulted in no injury or non-serious injury as described above. |
| 04B | Assault on Staff by Throwing Substances – Inmate throwing or spitting liquids, blood, waste, chemicals, urine, etc., which involved non-serious injury or no injury.<br><br>Note: If this violation resulted in serious injury, then the inmate should be charged with 02A, Assault on Staff that involved Serious Injury. |
| 05B | Attempt to Commit a Class B Violation – Engaging in conduct with the intent to aid or commit an offense under this classification. |
| 06B | Bribery – With corrupt intent, offers, or agrees to confer any benefit to an employee of the Department, private prisons or contractor with the intent to influence the employee's opinion, judgment or exercise of discretion in the performance of their duties. |
| 07B | Harassment - Displaying conduct directed at a specific person causing them to be seriously alarmed, annoyed or harassed. |
| 08B | Conspiracy to Commit a Class B Violation – To agree with one or more persons to engage in an offense under this classification and to agree at least one of them shall engage in conduct constituting an overt act in furtherance of that offense. |
| 09B | Criminal Damage – Destroying, damaging, defacing, tampering, or altering property of another, including but not limited to drawing or marking any building, walls, or surfaces with unauthorized messages, signs or symbols. |
| 10B | Disorderly Conduct – Engaging in violent or seriously disruptive behavior including unreasonable noise, abusive or offensive language, offensive gestures or protracted commotion that disrupts the orderly operation of the institution. |

**ATTACHMENT A**
**DEPARTMENT ORDER 803**
**PAGE 4 OF 8**

| | CLASS B VIOLATIONS |
|---|---|
| **NO.** | **Rule Violation** |
| 11B | Disrupting an Institution Count and/or Being Out of Place – Disrupting an institution count by purposely interfering with staff, or failing to be in an assigned bed or location for count; failing to be in an assigned area; being out of place in an unauthorized area. |
| 12B | Extortion – Knowingly obtaining or seeking to obtain property or services by means of a threat to do future physical injury, cause damage to property, or theft of property. |
| 13B | False Reporting – Stating a false, fraudulent or unfounded report or statement or to knowingly misrepresent a fact for the purpose of interfering with the orderly operation of the institution, which may be written or oral. |
| 14B | Forgery – Falsely making, altering, or completing any written document; possession of any false or forged document, identification material or written document. |
| 15B | Fraud – Pursuant to a scheme to defraud, knowingly obtaining any benefit by means of false or fraudulent pretenses. |
| 16B | Gambling – Possession of gambling devices, including dice, unauthorized cards, poker chips; participating as a player or organizer of any gambling activity; participating in or possession of materials related to betting and pools; benefiting from gambling activity; maintaining gambling related debts. |
| 17B | Homicide (Negligent) – Causing the death of another with criminal negligence. |
| 18B | Indecent Exposure – Intentional exposure of genitals, buttocks, pubic region or female breasts (areola or nipple); unauthorized nudity. |
| 19B | Influencing a Witness – Threaten a witness or offer, confer or agree to confer any benefit to a witness or a person believed to be a witness to influence testimony, or Knowingly induce a witness to unlawfully withhold any testimony or testify falsely. |
| 20B | Obstructing Staff – Obstructing, delaying, or otherwise preventing staff from conducting official duties; includes obstructing any investigation. |
| 21B | Possession of Drug Paraphernalia – Possession of any materials used to plant, grow, manufacture, produce, process, prepare, test, pack, conceal, inject, ingest, inhale, or otherwise introduce into the system any drugs, narcotics, stimulants and depressants, including unauthorized use of paint and/or glue. Paraphernalia includes, but is not limited to, syringes, needles, and any property altered to violate this rule. |
| 22B | Possession or Manufacture of Intoxicating Substance – Having possession or control over illegally brewed or fermented intoxicating beverages or the materials used to manufacture such substance. |

**ATTACHMENT A**
**DEPARTMENT ORDER 803**
**PAGE 5 OF 8**

| CLASS B VIOLATIONS | |
|---|---|
| **NO.** | **Rule Violation** |
| 23B | Promoting Prison Contraband – Knowingly conveying contraband to any person confined in a correctional facility.<br><br>This violation is for inmates who are not in possession of contraband, but who are found to have planned or otherwise promoted introduction of and/or conveyance of any unauthorized article. |
| 25B | Resisting or Disobeying a Verbal or Written Order – Failing to obey any verbal or written order and Department policy or directives issued by a staff member, to include the refusal of any housing assignment. |
| 26B | Rioting – Two or more persons who, acting together, recklessly use or threaten force or violence to disrupt the orderly operation of the institution. |
| 27B | Sexual Contact – Intentionally or knowingly engaging in sexual contact, which includes kissing, masturbation or any contact that can be construed as sexual in nature. |
| 28B | Stalking (Inmate to Inmate) – Intentionally or knowingly engaging in a course of conduct that would cause another to reasonably fear for their safety or death or the safety or death of an immediate family member.<br><br>Course of Conduct: Includes directing verbal, written or other threats express or implied, to a specific person on two or more occasions over a period time.<br><br>Immediate Family Member: Means a spouse, parent, child or sibling or other person regularly residing in the person's household for the past six months. |
| 29B | Stalking (Inmate to Staff) – Intentionally or knowingly engaging in a course of conduct that would cause another to reasonably fear for their safety or death or the safety or death of an immediate family member.<br><br>Course of Conduct:  Includes directing verbal, written or other threats express or implied, to a specific person on two or more occasions over a period time.<br><br>Immediate Family Member: Means a spouse, parent, child or sibling or other person regularly residing in the person's household for the past six months. |
| 30B | Tampering with a Public Record – Knowingly, with intent to defraud or deceive, make, complete, present, alter or insert a false entry on a written document which is a public record or a copy of a public record, with intent for it be taken as genuine. Record, register, file or offer for recordation, registration or filing with a government office or agency a writing which has been falsely made, altered, or contains a false entry, false statement or false information. |
| 31B | Tampering With Restraints – Removing or attempting to remove any restraint devices including handcuffs and leg irons without authorization, and/or the possession of any tool or device to alter or remove restraints, and/or compromise locking mechanisms, to include handcuff keys. |

| CLASS B VIOLATIONS | |
|---|---|
| **NO.** | **Rule Violation** |
| 32B | Tampering with Security or Safety Devices – Damaging, tampering with, manipulating, or altering any security device including but not limited to, locks, window bars, fencing, surveillance cameras, communication equipment, fire alarms, sprinklers, and fire suppression equipment. |
| 33B | Tattooing, Brands, Scarifications and Piercings – Altering one's own body or the body of another by branding, scarification, mutilation, tattoo or piercing; possession of any articles used in tattooing including unauthorized ink, tattoo guns, needles, and artwork and designs of tattoos.<br><br>Mutilate, brand, scarify or pierce means to mark the skin or other body with any mark that is placed by aid of instrument on or under the skin. |
| 34B | Theft of Property or Possession of Stolen Property – Stealing or obtaining by fraud the property of another; possession of stolen property or the property of another; controlling property with the intent to deprive the owner of the property. |
| 35B | Unlawful Assembly – Being present at an assembly of two or more persons who are engaged in, or who have the intent to, engage in riotous or unauthorized conduct. This would include engaging in or encouraging a group demonstration or work stoppage. |
| 36B | Violation of any Published Department or Institution Rule – Including Department Orders, Director's Instructions, and Institution Directives. |
| 37B | Possession of Drugs or Narcotics –<br><br>• Possession of, manufacture of, consumption of, sale of, trafficking in, any drug, narcotic, stimulant or depressant,<br>• Maintaining debts to another inmate(s) for the purchase or sale of drugs or narcotics;<br>• Possession or use of medication belonging to another.<br>• Providing another with medication. |
| 38B | Positive Test or Refusal of UA – Testing positive for, any drug, narcotic, stimulant, or depressant; refusing to submit to urinalysis testing. |
| 39B | Threatening or Intimidating – Threatening or intimidating by word or conduct to cause physical injury to another person or damage to property of another. Threats may occur by implication, word or conduct. |
| 40B | Fighting – Two or more inmates engaging in mutual combat to include fist fight, grappling, or any physical struggle. |
| CLASS C VIOLATIONS | |
| **NO.** | **Rule Violation** |
| 01C | Altering Identification – Knowingly changing physical appearance to avoid or attempt to avoid identification or conceal whereabouts. |

**ATTACHMENT A**
**DEPARTMENT ORDER 803**
**PAGE 7 OF 8**

| CLASS C VIOLATIONS | |
|---|---|
| **NO.** | **Rule Violation** |
| 02C | Bartering, Trading or Selling Goods or Services – Unauthorized exchange sale or trade of personal or state issue property items for the property or services of another. |
| 03C | Displaying Sexually Explicit Material – Display of any sexually explicit material on wall, furniture, personal or state property, where it is within plain view of staff or other inmates. |
| 04C | Disrespect to Staff – Using profanity, insulting, obscene or abusive language, in written correspondence or verbal communication to staff; addressing staff by inappropriate names or making inappropriate remarks. |
| 05C | Failure to Maintain Grooming Requirements – Violating Department grooming policy including hair regulations, bathing requirements and dress regulations. |
| 06C | Failure to Maintain Sanitation Requirements - Failing to maintain adequate housing/cell sanitation, or workplace sanitation; urinating or defecating in an unapproved area. |
| 07C | Horse Playing – Activity intended as enjoyment, recreation or amusement which may constitute as an unsafe act or threat to staff or inmate safety. |
| 08C | Littering – Leaving trash or debris on state property or disposing of trash or debris in unauthorized location or container. |
| 09C | Malingering – Feigning illness or injury to avoid work details or other institutional assignment. |
| 10C | Misuse of Mail – Violation of any published mail rule including but not limited to postage, and unauthorized correspondence. |
| 11C | Misuse of Medication – Failing to take prescribed medication; loss of medication. |
| 12C | Misuse of Telephone – Making obscene or harassing phone calls; using the telephone to operate a business; telephoning members of the general public without approval; violation of any published telephone rule. |
| 13C | Possession of Minor or Nuisance Contraband – Possession of contraband items, including but not limited to, authorized personal property in excess of authorized amounts, possession of altered clothing, possession of excess or altered linens, or any item which has been altered or for which approval has not been given. |
| 14C | Smoking or Use of Tobacco in an Unauthorized Area – Smoking or chewing tobacco inside of any state building or unauthorized area inside or outside of any correctional facility. |

**ATTACHMENT A**
**DEPARTMENT ORDER 803**
**PAGE 8 OF 8**

| CLASS C VIOLATIONS | |
|---|---|
| **NO.** | **Rule Violation** |
| 16C | Unauthorized Access to the Internet – Unauthorized access to the internet through the use of a computer, computer system, network, communication service provider or remote computing service. |
| | |
| 17C | Unsafe Use of Machinery or Equipment – Failing to follow safety procedures; use of machinery/equipment for purpose other than its intended use; loss of control of machinery/equipment or exercise of poor judgment in use of machinery or equipment. |
| | |
| 18C | Violation of Visitation Rules – Violation of any Published Visiting Rule. |
| | |
| 19C | Hand Holding – Hand holding between inmates is prohibited. |

**ATTACHMENT B**
**DEPARTMENT ORDER 803**

**PENALTIES**

| PENALTIES | CLASS A | CLASS B | CLASS C |
|---|---|---|---|
| | | | |
| TIME LOSS | 0 to All | 0-120 Calendar Days | No |
| | | | |
| PAROLE CLASS III | 90 - 180 Calendar Days | 0 - 90 Calendar Days | No |
| | | | |
| RESTITUTION | Yes | Yes | Yes |
| | | | |
| LOSS OF PRIVILEGE | 30 Calendar Days | 30 Calendar Days | 15 Calendar Days |
| | | | |
| EXTRA DUTY | 0 - 40 hours | 0 - 30 hours | 0 - 20 hours |
| | | | |
| FORFEIT CONTRABAND PROPERTY | Yes | Yes | Yes |
| | | | |

A finding of guilt for a Class A, B or C violation may result in inmate reclassification. Refer the inmate to the Classification Manual.

**ATTACHMENT C**
**DEPARTMENT ORDER #803**

# INMATE DISCIPLINARY PROCESS



OCTOBER 16, 2016

**ATTACHMENT D**
**DEPARTMENT ORDER #803**

# INMATE DISCIPLINARY APPEAL PROCESS

### I.    Appeals of Minor Violations



```
┌──────────┐     ┌──────────────┐     ┌──────────────┐     ┌──────────────┐
│  Inmate  │     │ Disciplinary │     │ Disciplinary │     │   Written    │
│  Files   │ ──▶ │ Coordinator  │ ──▶ │   Hearing    │ ──▶ │  Response to │
│  Appeal  │     │ Logs Appeal  │     │   Officer    │     │  Inmate and  │
│          │     │              │     │ Reviews and  │     │ Disciplinary │
│          │     │              │     │ Reaches      │     │ Coordinator  │
│          │     │              │     │ Decision     │     │              │
└──────────┘     └──────────────┘     └──────────────┘     └──────────────┘
```

### II.    Appeals of Major Violations

```
┌──────────┐   ┌──────────────┐   ┌──────────────┐   ┌──────────────┐        ┌──────────────┐
│  Inmate  │   │ Disciplinary │   │ Warden,      │   │   Written    │        │    Inmate    │
│  Files   │──▶│ Coordinator  │──▶│ Deputy       │──▶│  Response to │───┬───▶│   Accepts    │
│  Appeal  │   │ Logs Appeal  │   │ Warden or    │   │  Inmate and  │   │    └──────────────┘
│          │   │              │   │ Administrator│   │ Disciplinary │   │
│          │   │              │   │ Reviews and  │   │   Hearing    │   │    ┌──────────────┐   ┌──────────┐   ┌──────────────┐   ┌──────────────┐
│          │   │              │   │ Reaches      │   │   Officer    │   │    │    Inmate    │   │ Appeals  │   │ Director or  │   │   Written    │
│          │   │              │   │ Decision     │   │              │   └───▶│   Rejects    │──▶│    to    │──▶│  Designee    │──▶│  Response to │
└──────────┘   └──────────────┘   └──────────────┘   └──────────────┘        └──────────────┘   │ Director │   │ Reviews and  │   │ Inmate,      │
                                                                                                 └──────────┘   │ Reaches      │   │ Warden,      │
                                                                                                                │ Decision     │   │ Deputy Warden│
                                                                                                                └──────────────┘   │ or           │
                                                                                                                                   │ Administrator│
                                                                                                                                   └──────────────┘
```