**EXHIBIT 2**

**EXHIBIT 2**

1

CV-12-00601-PHX-DKD, October 5, 2016

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

———————————

Victor Antonio Parsons, et al.,        )
                                       )
                    Plaintiffs,        )   CV-12-00601-PHX-DKD
                                       )
          vs.                          )   Phoenix, Arizona
                                       )
                                       )   October 5, 2016
Charles L. Ryan, et al.,               )   9:04 a.m.
                                       )
                    Defendants.        )
_____)


BEFORE:   THE HONORABLE DAVID K. DUNCAN, MAGISTRATE JUDGE

TRANSCRIPT OF PROCEEDINGS

STATUS HEARING




Transcriptionist:
**Elaine Cropper**
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 35
Phoenix, Arizona  85003-2150
602.322.7245/(fax) 602.322.7253

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

United States District Court

1  other side's calculation and do it, if you could, by the end of    11:58:28
2  the week.
3              MR. FATHI:  Your Honor, if I may make an alternative
4  suggestion.  We don't agree that the defendants are monitoring
5  consistent with your order but it's possible that there is a       11:58:44
6  misunderstanding between the parties based on the Court's
7  order.  Following the last hearing, we expected the defendants
8  to be in touch about their concerns with the Court's order.
9  They were not.
10             So I would propose that we speak -- the parties try    11:59:05
11 to work it out and then if that is not successful, then we
12 could do as the Court suggests, but I would ask for a little
13 bit of extra time to try to accomplish that.
14             THE COURT:  All right.  So instead of what I
15 previously said, in 14 days, if one side still thinks this          11:59:24
16 issue of the calculation needs to be addressed, they will let
17 me know and they will let me know in a document that sets forth
18 an example of how the other side is not complying with the
19 examples that I provided.  How's that?
20             Did you understand that, enough, Mr. Fathi?  Was it    11:59:45
21 clear enough?
22             MR. FATHI:  I believe I did, Your Honor.  I'm just
23 looking at my calendar.
24             THE COURT:  Oh.  Do you need more time to do that?
25 Is that what you are saying?                                        11:59:56

United States District Court

| | | |
|---|---|---|
| 1 | MR. FATHI: That's what I'm trying to determine, Your | 11:59:57 |
| 2 | Honor. I'm going to be out of the country for a while. Two | |
| 3 | weeks from today. | |
| 4 | THE COURT: How about 21 days from today? | |
| 5 | MR. FATHI: Actually two weeks from today is fine. | 12:00:18 |
| 6 | THE COURT: All right. 14 days. | |
| 7 | MR. FATHI: And this is regarding the every X days | |
| 8 | issue and performance measure 86? | |
| 9 | THE COURT: I don't have those off the top of my | |
| 10 | head. | 12:00:42 |
| 11 | MR. STRUCK: Yes. Yes. Your Honor. | |
| 12 | THE COURT: Okay. Thank you. All right. | |
| 13 | MR. FATHI: Your Honor, while we're on the subject, | |
| 14 | should we address the issue of counting group contacts as seen | |
| 15 | or would the Court prefer to hold that or the later? | 01:04:30 |
| 16 | THE COURT: No. That's all right. We can address | |
| 17 | that now. | |
| 18 | I guess if I go to the plain language of the | |
| 19 | stipulation, where the defendants find support there -- | |
| 20 | MR. STRUCK: Well, Your Honor, specifically, | 01:04:53 |
| 21 | performance measures 87 and 89, when the stipulation was | |
| 22 | negotiated, the plaintiffs specifically negotiated one-on-ones. | |
| 23 | So if you go with the Court's analysis, you could look at 87 | |
| 24 | and 89 and determine that scene actually does mean -- | |
| 25 | confidential setting does mean group encounters. That was | 01:05:19 |

1  something that was in the mental health manual. The plaintiffs
2  had that. They knew that that was being done. They could have
3  negotiated one-on-ones for all of those performance measures
4  but they didn't. They just did for two and, in fact -- and you
5  may recall, because you were intimately involved in the
6  negotiations, there was a large concern by the plaintiffs that
7  the -- specifically, the inmates who are in max custody get to
8  have more involvement with other people. And so they actually
9  at the time wanted group encounters to occur.
10         So if you look at the way you ruled before, you can
11  make the counter argument that under 87 and 89, the plaintiffs
12  specifically asked for one-on-ones. And those were included
13  and negotiated.
14         We think that under the plain language of the
15  stipulation, that the scene does include group encounters.
16         THE COURT: Mr. Fathi?
17         MR. FATHI: Your Honor, this motion was
18  comprehensively briefed and the Court has ruled. The Court's
19  order is clear. As the defendants admit, they are just asking
20  the Court to change its ruling, and trying to do it piecemeal
21  and on the fly like this is improper. They are recycling
22  arguments that the Court has already considered and rejected
23  and they are adding a new argument that they could have made in
24  their briefing but they chose not to. They could have filed a
25  motion for reconsideration. They did not. The Court's order

1  should stand as it is.                                            01:07:06
2        THE COURT:  Well, I kind of gave the defendants the
3  opportunity to use this method for asking me to reconsider it
4  and it did originally seem to me that the inferential argument
5  is a bit of a quantum jump in this circumstance so that the      01:07:23
6  reconsideration wouldn't be warranted.  But I have to admit I
7  need to think more carefully about it.  So I'll take that -- I
8  appreciate the briefing that you have done on it and I will
9  take this issue under advisement as a motion for
10 reconsideration and get you a definitive answer on it quickly.    01:07:46
11       MR. FATHI:  Thank you, Your Honor.  We would just ask
12 that the defendants be required to meet the very stringent
13 standard for a motion --
14       THE COURT:  No.  I know what the standards are.
15       MR. FATHI:  Of course, Your Honor.                          01:08:02
16       THE COURT:  All right.  Thank you.
17       You all have produced a good amount of paper which is
18 only problematic when you're looking for the particular one
19 that is able always to hide.  Just a second.  Here it is.
20       I guess I have to say something more about the              01:08:30
21 prospective versus retrospective.  You know, I guess I think
22 that because we are in a situation where we know the past was
23 noncompliant and we're hopeful to be in a situation where we
24 are going to be in compliance getting monthly updates, why does
25 it matter so much that we focus on retrospective as long as we    01:08:55

1  are applying every interpretation that I -- decision that I
2  give you with respect to how to count things going forward, why
3  does it so much matter that we need to be even concerned about
4  the retrospective issue?  Who on the plaintiffs' side wants to
5  talk about that somewhere?
6              MR. FATHI:  Your Honor, we agreed that this question
7  is not ripe and there's no need to decide it now.  Why it does
8  matter eventually is down the road, the defendants are going to
9  claim that they have been in compliance for enough months that
10 they are now entitled to cease monitoring a given performance
11 measure at a given prison.  And at that point, it's going to
12 matter whether the defendants' compliance figures that were
13 calculated using a methodology that the Court has found to be
14 invalid are nevertheless somehow valid.  But that issue won't
15 be presented until March of next year at the very earliest, so
16 we believe the Court does not have to decide this issue now.
17 And we certainly agree that the most important thing is that
18 defendants comply with the Court's order prospectively.
19             THE COURT:  Right.  And I believe that there seems to
20 be little risk on the plaintiffs' side that my diversion of
21 attention to going forward is going to be to their prejudice
22 because we're just not seeing the buildup of client months
23 that -- would suggest a real concern that plaintiffs are
24 leaving something on the table with respect to a failure to be
25 aggressive enough about making sure that past months of