# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Victor Antonio Parsons, et al., | No.  CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

The Court has previously ruled that the Stipulation's requirement of being "seen" by a mental health professional does not include group encounters and, thus, is limited to individualized encounters.  (Docs. 1673, 1745).  In response to Defendants' untimely oral motion for reconsideration, the Court agreed to accept additional briefing on this issue because of the "long-term and wide-ranging impact of these rulings."  (Doc. 1745)  The parties disagree about what kind of motion is pending – reconsideration or Rule 60(b) – and how to interpret this defined term.  (Docs. 1772, 1781, 1791, 1794)  Both parties argue that their interpretation is supported by language in the Defendants' Mental Health Technical Manual.  (Docs. 1773-1 and 1781-2 at 3-4)  And Plaintiffs have moved to file a sur-reply to challenge some of Defendants' factual assertions.  (Docs. 1791, 1794, 1813)

Standard of Review.  The Court agreed to accept Defendants' passing request that the Court reconsider its ruling.  (Doc 1708 at 2)  The Court granted a motion for reconsideration and, thus, will evaluate this issue under that standard.  (Docs. 1707, 1781 at 3, n.1)

<u>Analysis</u>.  A comprehensive analysis of this term begins, as it must, with the plain language of the Stipulation.  "Seen," defined to require "a confidential setting," is used three different ways in the mental health performance measures ("PMs").  (Doc. 1185-1 at 5)  Mostly, "seen" is used without any modifiers as in: a prisoner shall be seen every so often by a specified type of provider.  PMs 80, 81, 82, 83, 84, 85, 86, 88, 90, 91, and 94.  However, there are three PMs which specify two different kinds of sessions.  PM 87 and 89 require that prisoners "shall be seen by a mental health clinician for a 1:1 session" whereas PM 92 requires that prisoners "shall be seen by a mental health clinician for a 1:1 or group session."  Taken together, these three different uses of "seen" obviate the obvious canons of construction: both possible definitions of "seen" are made explicit which implies that "seen" should have a third meaning.  However, the Court is not aware of a third possible meaning.

Because the plain language of the Stipulation is internally contradictory, the Court must turn to other interpretive tools.  These tools would have the Court either review the circumstances surrounding the drafting of the Stipulation or determine the parties' intent when signing the Stipulation and attempt to effectuate that intent.  *See, e.g.*, Williston on Contracts 4th, §§ 32:7, 32:9.  Under either process, the Court concludes that the parties' intent was to ensure that the Stipulation provided Class Members with sufficient and meaningful access to healthcare.  It remains undisputed that the parties considered confidentiality a crucial element of the interaction between Class Members and Medical Providers, Mental Health Providers, and Mental Health Clinicians.  Doc. 1185-1 at 5 (definition of "seen").  Thus, the question for the Court is whether group sessions provide the opportunity for sufficient and meaningful confidential conversation.

The Court has reviewed all of the available declarations submitted by both parties' experts.  Docs. 1627, 1644-1, 1657, 1781-2.  The Court understands that, in some environments, therapeutic group settings could be truly confidential.  Doc. 1644 at 7; 1657 at ¶ 3.  However, the carceral environment is unique in many ways.  One of those

- 2 -

differences is the likely inability to create a meaningful level of confidentiality in a group setting.  Doc. 1627 at ¶¶ 11, 14; 1657 at ¶ 4.

Finally, as the above analysis has demonstrated, Plaintiffs' proposed sur-reply to address underlying factual disputes between the parties would not assist the Court.

**IT IS THEREFORE ORDERED** denying Defendants Motion for Reconsideration.  (Doc. 1707)

**IT IS FURTHER ORDERED** denying Plaintiffs Motion for Leave to File a Sur-Reply.  (Doc. 1791)

Dated this 1st day of February, 2017.

_____
David K. Duncan
United States Magistrate Judge