1
2
3
4
5
6         **IN THE UNITED STATES DISTRICT COURT**
7            **FOR THE DISTRICT OF ARIZONA**
8
9    Victor Antonio Parsons, et al.,            No.  CV-12-0601-PHX-DKD
10                 Plaintiffs,
11   v.                                         **ORDER**
12   Charles L. Ryan, et al.,
13                 Defendants.
14

15
16        The Stipulation, negotiated by both parties, states that "the Court shall not have
17   the authority to order Defendants to construct a new prison or to hire a specific number or
18   type of staff . . . . "  (Doc. 1185 at 13-14)  At issue is the scope of the Court's remaining
19   authority and whether, as Plaintiffs assert, the Court can order general hiring.
20        Plaintiffs compare the broad construction ban with the specific hiring ban and
21   argue that the only way to give meaning to all of the words in that clause is to conclude
22   that the Court is prohibited from ordering any new prison construction but only certain
23   kinds of hiring.  Thus, Plaintiffs conclude that the Court has retained the authority to
24   order Defendants to implement a general staffing plan.  (Docs. 1790, 1882)
25        Defendants counter that the "specific number or type of staff" is the functional
26   equivalent of all hiring and, therefore, the correct reading of the Stipulation is that the
27   Court is prohibited from ordering them to complete any kind of hiring.  (Doc. 1842)
28

The Court concludes that Defendants have the better argument.  The only way to determine whether Defendants have hired sufficient staff to comply with a general staffing order is to determine whether a sufficient number and type of staff have been hired.  Thus, a general hiring order, even without any specificity about the number or type of staff to be hired, would, in distillation, necessarily violate the Stipulation's proscription.  Accordingly, this portion of Plaintiffs' motion will be denied.

To advance their interpretation of the Court's staffing power, Plaintiffs argue that the Court should exercise its retained equitable authority to modify the Stipulation under Rule 60(b)(5).  (Doc. 1790)  The Court declines to do so here.  The parties agreed to resolve their dispute by a settlement memorialized in the Stipulation.  It is fair and just to impose a very high burden to vary from its agreed-upon terms.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Modify Stipulation Under Federal Rule of Civil Procedure 60(b)(5) and For Further Relief is denied.  (Doc. 1790)

Dated this 3rd day of February, 2017.

_____
David K. Duncan
United States Magistrate Judge