**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
CIVIL MINUTES - GENERAL**

Phoenix Division

**CV-12-0601-PHX-DKD**          DATE: January 26, 2017

Title: Parsons et al vs. Ryan et al
         Plaintiffs        Defendants
================================================================

HON:    David K. Duncan            Judge # 70BL/DKD

        Caryn Smith                Laurie Adams
        Deputy Clerk               Court Reporter

**APPEARANCES:**
Kirstin Eidenbach, with David Fathi, Amy Fettig, Donald Specter, Corene Kendrick and Maya Abela appearing telephonically, for Plaintiffs

Timothy Bojanowski, Rachel Love, Anne Orcutt and Lucy Rand for Defendants
================================================================
**PROCEEDINGS:**       **X** Open Court      _____ Chambers      _____ Other

This is the time set for Status Hearing re: foundation for finalized monitoring log. Discussion is held. Argument is heard regarding the reporting period. IT IS ORDERED Plaintiffs' recommended approach will be applied. Discussion is held regarding the word contemporaneously. Defendants agree with contemporaneous.

Argument is heard regarding the word shall. IT IS ORDERED the manual will be updated to read as follows: In the event of an extended pattern of refusals or changed behavior; supervisory personnel shall have a discussion with an inmate regarding refused out-of-cell time and shall document the date and nature of the conversation in the comments section on the back of the out-of-cell tracking form, including, when provided, inmate comments as to refusal or refusals. IT IS FURTHER ORDERED the same modification will be made in paragraphs 2C, 5D, 6I and 8D.

Argument is heard regarding out-of-cell time language in Performance Measures 6 and 8. IT IS ORDERED taking the matter under advisement.

Argument is heard regarding the change in assignment or location of class members. IT IS ORDERED counsel shall work together to determine the best language to include in a parenthetical.

Argument is heard regarding the use of force videos and whether or not it is discretionary for the monitor.  IT IS ORDERED the Plaintiffs shall send their proposed checklist for Defendants to review.

2:42 PM – Court stands in recess.

2:51 PM – Matter is recalled.

Further argument is heard regarding the checklist.  IT IS ORDERED pages 4 and 5 are to be adopted.  IT IS FURTHER ORDERED the parties shall meet and confer regarding Plaintiffs' proposed checklist.

Argument is heard regarding the language removed by Defendants regarding the cooling off period found by the monitor.  The Defendants state that they agree to the language.

Argument is heard regarding the healthcare measures and the partial credit issue.  IT IS ORDERED the two-method approach shall be separated in the manual.

The Court is informed that the bullet point in Performance Measure 16 was deleted in error.

Argument is heard regarding Performance Measure 61.  IT IS ORDERED the manual shall be updated to include language that inmates are to be advised 90 days prior to the three-year anniversary that a pap smear is available.  IT IS FURTHER ORDERED that a NEOMIS check is done to determine whether there is documentation that the inmate was personally advised that she may have a pap smear every 36 months and that this occurred within 90 days of the 36-month anniversary.

Argument is heard as to the items on the spreadsheet regarding Performance Measures 33, 34, 75 and 76 still at issue regarding whether or not parole violators are included.  Defendants advise they have been included.

As to Performance Measure 98 specifying start and stops times do not appear in the manual.

3:44 PM – Court stands in recess.

3:51 PM – Matter is recalled.

Discussion is held.  IT IS ORDERED all items requested to be reviewed by this Court shall be organized and presented in one document.

Further discussion is held regarding the start and stop times.  Defendants will draft a suggestion of change for the Court's review.

Discussion is held regarding Performance Measure 91.  IT IS ORDERED the monitoring guide shall be modified accordingly.

Discussion is held regarding spreadsheet item 6 and dosing frequency.  IT IS ORDERED Defendants are to submit a modification for review.

Argument is heard regarding Performance Measure 42.  IT IS ORDERED a follow-up encounters log modification shall be submitted.

Argument is heard regarding Performance Measure 85.  Dr. Taylor, having previously been sworn, presents statements to the Court.  IT IS ORDERED taking the matter under advisement.

Argument is heard regarding Performance Measure 94 regarding the increased number of sample sizes.  IT IS ORDERED Defendants shall inform Plaintiffs if they make changes in samples pulled, et cetera.

IT IS ORDERED setting an Evidentiary Hearing regarding Monitoring Guide implementation issues and data collection to be heard in conjunction with a Status Hearing for March 8, 2017 at 10:00 AM before this Court.  Counsel should meet and confer regarding the identification of suitable witnesses for the anticipated topics.  The Court would appreciate the availability of witnesses competent to address the following issues:

- Records preservation: who is responsible for maintaining medical records dating back to Feb. 2015?
- How are records selected to ensure randomization? Who decides how many records to select?
- What does "n/a" mean? "0"?
- What is the audit/review process? Who has the authority to change reports? Subject to what documentation process?
- Does Corizon's contractual ability to challenge percentages impact the data presented to the Court? If so, how?
- What grounds can Corizon use to challenge data? What rationale would convince ADOC to change data? What's an example of a successful challenge?
- CGAR interpretation (perhaps employing a demonstrative exemplar which would avoid the potential disclosure of individual health care information).

Time in court: 3 hrs 3 mins (1:31 PM – 4:50 PM)