Kathleen E. Brody (Bar No. 026331)
Daniel Pochoda (Bar No. 021979)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org
 dpochoda@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
 adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' LIST OF ISSUES FOR FEBRUARY 8, 2017 STATUS HEARING** |

LEGAL134382176.1

Plaintiffs respectfully submit the following list of issues for discussion at the February 8, 2017 status hearing.

**DEFENDANTS' FAILURE TO COMPLY WITH THE COURT'S ORDERS**

**Performance Measure 78**

This Performance Measure requires that "[a]ll mental health treatment plan updates shall be done after a face-to-face clinical encounter between the prisoner and the mental health provider or mental health clinician." [Doc. 1185-1 at 13] The agreed monitoring protocol provides that "[e]ach record that is reviewed for treatment plan compliance [under PM 77] will also be reviewed for a face-to-face SOAPE note dated the same date." [*Id.* at 31]

Consistent with this plain language, the Court ordered on December 23, 2016, that "each record from PM 77 must be reviewed for compliance with PM 78." [Doc. 1833 at 3] Although the November 2016 CGARs were completed a week later, Defendants did not comply with this order. [*See* Declaration of Amy Fettig ("Fettig Decl."), Ex. 1 (ADCM771947-949) (November 2016 CGAR report for Eyman, reviewing 206 records for PM 77 and only 37 for PM 78)][1]

**Performance Measures requiring an action "every X days" (PM 73, 77, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 92)**

The Court ruled on December 23, 2016 that when a Performance Measure requires that an action be performed (for example), "every 90 days," Defendants must look at the two most recent occurrences of that action, and measure the interval between them. [Doc. 1833 at 1-2] Unfortunately, here too Defendants have not complied with the Court's order; they continue to count a record as compliant if the action has occurred one single time within the previous 90 days. [*See* Fettig Decl., Ex. 1 (ADCM771947-955) (November 2016 CGAR report for Eyman)]

---

[1] Plaintiffs use the November 2016 CGAR for Eyman as illustrative; the noncompliance with the Court's orders described in this brief has occurred at other complexes as well.

LEGAL134382176.1

**Performance Measure 98**

This Performance Measure requires that "[m]ental health HNRs shall be responded to within the timeframes set forth in the Mental Health Technical Manual (MHTM) (rev. 4/18/14), Chapter 2, Section 5.0." [Doc. 1185-1 at 15]  On December 14, 2016, the Court ordered Defendants to record the times at which HNRs were received, triaged, and responded to, so that it would be possible to determine whether HNRs were responded to "immediately" or "within 24 hours," as required by this Performance Measure. [*See* Doc. 1911 at 9-10]  Nearly two months after the Court's order, Defendants have yet to comply. [*Id.*]

At the January 26, 2017 hearing, the Court directed Defendants to propose language that will comply with the Court's order. [*See* Doc. 1915 at 2 ("Defendants will draft a suggestion of change for the Court's review")]  They have not done so.

**CHANGE IN THE SAMPLE SIZE FOR PERFORMANCE MEASURE 94**

This Performance Measure requires that "[a]ll prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse." [Doc. 1185-1 at 14]  Beginning with the November 2016 CGARs, Defendants unilaterally and significantly increased the number of records they review for this Performance Measure. [*See* Doc. 1889 at 11]  At the January 26 hearing, Defendants stated that they henceforth wish to sample one-quarter of the watch records at each institution each month.[2]

While a larger sample size is not *per se* objectionable, Plaintiffs believe that the number of charts to be randomly sampled for PM 94 must be clearly set forth in the Monitor Guide and must be consistent from month to month, rather than a fraction of the monthly total, which may fluctuate substantially.  Plaintiffs do not object to the number of charts Defendants sampled for the November 2016 CGARs (35 at Eyman, 25 at Tucson, 20 at Lewis, and 15 each at Florence, Perryville, Phoenix, and Yuma).

---

[2] Plaintiffs have ordered the transcript of this hearing but have not yet received it.

**DEFENDANTS' PERSISTENT FAILURE TO PRODUCE DOCUMENTS**

**1. Missing Compliance Documents from March 2015 through June 2016**

Defendants have failed to produce all of the compliance documents for the Maximum Custody Performance Measures (MC PM) for the period March 2015 – June 2016, despite repeated requests and an agreement to produce these documents by October 14, 2016. [*See* Doc. 1667 at 1] Plaintiffs have created a chart for each facility indicating all documents missing for each month and the performance measure that is non-compliant as a result of the missing documentation. [*See* Fettig Decl., Ex. 4 (Maximum Custody Documents for Period March 2015 – June 2016 – Documents Missing from Production as of February 3, 2017) (prisoner names have been reduced to initials to maintain confidentiality)] Defendants should be found non-compliant at the facilities in the months identified for the particular MC PM identified.[3]

**2. Missing Compliance Documents from July 2016 through Present**

Defendants have also failed to produce more recent compliance documentation for the MC PM. Exhibit 5 of the Fettig Declaration sets forth all of the missing documentation for these measures from July 2016 through November 2016 (the most recent CGAR report produced) as of February 3, 2017. To date, *none* of the pertinent facilities have produced any documentation for any of the MC PM in October and November 2016. These continued delays seriously compromise Plaintiffs' ability to analyze Defendants' compliance with the MC PM in a timely manner. Plaintiffs request that the Court order Defendants to produce the MC PM compliance documentation no more than fourteen days after the completion of each monthly CGAR report.

**3. Problems with Use of Force Video Production**

Serious problems with the production of use of force videos remain. Defendants' contradictory statements that some of the use of force videos produced were not viewed

---

[3] [*See* 1/11/17 Hr'g Tr. 14:21-15: ("[THE COURT:] … If the plaintiffs will provide for me these dates, facilities, and performance measures where they believe, as I think they have demonstrated, that there is the absence of the required information that needed to be produced, then I would deem that those would be noncompliant.")]

1  by the monitor remains unresolved. [Doc. 1795 at 5-6; Doc. 1796-1 (Ex. C & D);
2  Doc. 1803 (Ex. E under seal)] Plaintiffs' discovery that use of force videos were not
3  produced or that there is conflicting evidence as to whether or not a video was taken
4  during an incident remains unresolved. Further, Defendants have not responded to
5  Plaintiffs' request that Defendants audit the videos produced to Plaintiffs and provide a
6  declaration as to which videos were actually used to support CGAR compliance findings
7  and determine if any use of force videos were not produced to Plaintiffs that were part of
8  the compliance findings. [Doc. 1795 at 6; Doc. 1803 (sealed Ex. E)]

## MARCH 8, 2017 EVIDENTIARY HEARING

The Court has scheduled for March 8, 2017 "an Evidentiary Hearing regarding Monitoring Guide implementation issues and data collection." [Doc. 1915 at 3] While Plaintiffs welcome such a hearing, we believe that some essential preliminary steps make the March 8 date impracticable.

First, there are a number of issues regarding the Monitor Guide that remain unresolved. [*See generally* Doc. 1915] Until those issues regarding monitoring methodology are resolved and the Monitor Guide is finalized, there will be little value to an evidentiary hearing.

Second, Defendants have refused to produce a list of the records they have reviewed in calculating compliance scores. [Fettig Decl., Ex. 1 at ADCM 771955 (November 2016 CGAR for Eyman, identifying only 10 of the 50 records reviewed for PM 92); Ex. 3 at 2 ("Defendants do not agree to create a comprehensive list of all charts reviewed for the CGARs since the beginning of the Stipulation, as there is no requirement for Defendants to do so under the Stipulation")] Without these underlying data, it will be impossible for Plaintiffs to evaluate or challenge Defendants' assertions at the hearing.

Plaintiffs believe that the evidentiary hearing will be far more productive if the parties are allowed to conduct limited depositions and document discovery in advance, and accordingly ask that the Court enter a scheduling order that allows for such discovery, as well as briefing, in advance of the hearing.

Dated: February 6, 2017

**ACLU NATIONAL PRISON PROJECT**

By:   s/ David C. Fathi
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Jamelia Natasha Morgan (N.Y. 5351176)**
ACLU NATIONAL PRISON PROJECT
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:   dfathi@aclu.org
             afettig@aclu.org
             jmorgan@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:   dbarr@perkinscoie.com
             agerlicher@perkinscoie.com
             jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
Daniel Pochoda (Bar No. 021979)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:   kbrody@acluaz.org
             dpochoda@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:      dspecter@prisonlaw.com
            ahardy@prisonlaw.com
            snorman@prisonlaw.com
            ckendrick@prisonlaw.com
            rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:      kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:      cnmitchell@jonesday.com
            aamiri@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:      jlwilkes@jonesday.com

*Admitted *pro hac vice*

Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone:  (212) 326-3498
Email:      jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Rose A. Daly-Rooney
  Sarah Kader (Bar No. 027147)
  Asim Dietrich (Bar No. 027927)
  5025 East Washington Street, Suite 202
  Phoenix, Arizona 85034
  Telephone: (602) 274-6287
  Email: skader@azdisabilitylaw.org
      adietrich@azdisabilitylaw.org

  Rose A. Daly-Rooney (Bar No. 015690)
  J.J. Rico (Bar No. 021292)
  Jessica Jansepar Ross (Bar No. 030553)
  Maya Abela (Bar No. 027232)
  **ARIZONA CENTER FOR DISABILITY LAW**
  177 North Church Avenue, Suite 800
  Tucson, Arizona 85701
  Telephone: (520) 327-9547
  Email:
    rdalyrooney@azdisabilitylaw.org
    jrico@azdisabilitylaw.org
    jross@azdisabilitylaw.org
    mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

                              s/ D. Freouf