**Index of Exhibits to Declaration
of Amy Fettig**


**Exhibit 1**  Excerpt of the November 2016 CGARs for Eyman (ADCM771947-955) **(FILED UNDER SEAL)**

**Exhibit 2**  December 30, 2016 letter from David Fathi to Dan Struck

**Exhibit 3**  January 26, 2017 letter from Anne Orcutt to David Fathi

**Exhibit 4**  Chart of the missing production of Max Custody Performance Measure monitoring documents from March 2015 to June 2016

**Exhibit 5**  Chart of the missing production of Max Custody Performance Measure monitoring documents from July 2016 to present

# EXHIBIT 1

# FILED UNDER SEAL

# EXHIBIT 2

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



**BY EMAIL ONLY**

December 30, 2016

Daniel P. Struck
Struck, Wieneke & Love
3100 West Ray Road, Suite 300
Chandler, AZ  85226
dstruck@swlfirm.com

<strong>Re:   Parsons v. Ryan</strong>

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH  FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

Dear Dan:

As you are aware, the Court has on several occasions ruled that the monitoring methodology employed by Defendants for some Performance Measures is invalid and must be changed.  We write with several requests related to the Court's rulings.

First, we request that Defendants provide Plaintiffs and the Court a revised version of the Monitoring Guide that incorporates all of the past agreements between the parties, and the changes ordered by the Court. (These agreements and ordered changes are listed below).[1]  We request that we also be provided a "track changes" red-line version of the Guide, or in the alternative, a Microsoft Word version of the Guide so that we can run a comparison of the current Guide against past versions.

Second, we request that Defendants work with us and the Court to develop a system by which in the future Defendants submit proposed changes to the Monitoring Guide and protocol to the Court and to Plaintiffs.  *See* 12/14/16 Tr. at 15:20-23, 16:8-12 ("[M]y view is that you don't get to make a unilateral change without having it presented to the Court and having me have the chance to do what Paragraph 9B provides for me to do, and that is to determine what protocol should be employed. [. . .] I don't like the idea of change in the protocol . . . that is unilateral, and I don't like the change in protocol that is – in some instances a diversion or a departure from previous conduct because it interferes with my belief that I need to reduce variables.")  We proposed to the Court that it order a notification process modeled upon Arizona administrative law requirements for state agencies to notify the public of regulatory and rule changes.  *See* Doc. 1755-1. We would like to discuss our proposal prior to the next status hearing on January 11, 2017, or at the hearing itself.

---

[1] You told the Court at the Dec. 14, 2016 Status Hearing that the monitoring methodology for PM 86 had been revised and agreed to provide that revision to Plaintiffs, but to date a revised version has not been provided.  *See* 12/14/16 Tr. at 46:7-23.

Third, we request that Defendants ensure that a complete record has been kept since March 2015, and will be kept going forward, listing all individual health care records that were reviewed by the monitors in creating the CGARs, so that there is an audit trail to confirm the accuracy of the reports, and to assist in performing re-audits of past CGARs.

Finally, we request that Defendants recalculate compliance scores for all Performance Measures for which the Court has ruled that Defendants' monitoring methodology is invalid, using the methodology required by the Court. Such recalculations are necessary for all months in which Defendants used a methodology that has been invalidated by the Court. This request includes the following Performance Measures:

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Health Care Performance Measures (hereinafter "PM") 16, 27, 35, 66, 67, 69, 89, 91, 93, 94, 95; Isolation Performance Measures 6 and 8 (Doc. 1831 at 1-2) (invalidating Defendants' "partial credit" method of calculating compliance).

PM 27 (Doc. 1833 at 3).

PM 33, 34, 75, 76 (Doc. 1673 at 2-3) ("intake" PMs apply to all newly-arrived inmates, including revoked parolees).

PM 35 (Doc. 1831 at 2).

PM 44 (Doc. 1831 at 2).[2]

PM 60, 61 (Doc. 1831 at 2).

PM 73, 74, 76, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 94, 95 (Doc. 1745 at 1) (cellfront encounters do not satisfy the requirement that a patient be "seen" except in specified circumstances).

PM 73, 74, 76, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 94, 95 (Doc. 1673 at 4-5) (group contacts do not satisfy the requirement that a patient be "seen").

PM 73, 77, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 92 (Doc. 1673 at 4; Doc. 1833 at 1-2) ("every X days").

PM 78 (Doc. 1833 at 3-5).

PM 85 (Doc. 1673 at 5-6; Doc. 1831 at 2).

---

[2] PM 46 and PM 52 have two-part "review and act upon" requirements identical to that set forth in PM 44. Accordingly, the methodology for PM 46 and 52 must be modified to come into compliance with the Court's order regarding PM 44, and past compliance figures for PM 46 and 52 must be recalculated using the correct methodology.

PM 86 (Doc. 1673 at 6; Doc. 1754 at 1-2; Doc. 1831 at 2).

PM 98 (Doc. 1673 at 8; Doc. 1831 at 2).

Paragraphs 12, 14, and 15 of the Stipulation (Doc. 1673 at 1-2).

We also request that Defendants recalculate compliance scores for all Performance Measures for which the parties have negotiated a change in methodology:

PM 17:  (Doc. 1626-1 at 80; Doc. 1626-2 at 37; Doc. 1756-1 at 53)

PM 21:  (Doc. 1626-1 at 80; Doc. 1626-2 at 41; Doc. 1756-1 at 38)

PM 24: (Doc. 1626-1 at 81; Doc. 1626-2 at 44)

PM 25:  (Doc. 1626-1 at 81; Doc. 1626-2 at 45; Doc. 1756-1 at 54, 79)

PM 39:  (Doc. 1626-1 at 25-26, 31, 46; Doc. 1626-2 at 60-61)

PM 40:  (Doc. 1626-1 at 27, 32-33, 46; Doc. 1626-2 at 62)

PM 41:  (Doc. 1626-1 at 27, 32-33; Doc. 1626-2 at 63)

PM 48:  (Doc. 1626-1 at 47-48, 52; Doc. 1626-2 at 72-73)

PM 49:  (Doc. 1626-1 at 47-48, 53, 63; Doc. 1626-2 at 74-75)

PM 50:  (Doc. 1626-1 at 48-49, 63; Doc. 1626-2 at 76-77)

PM 51:  (Doc. 1626-1 at 48-49, 55-56; Doc. 1626-2 at 78-79)

PM 54:  (Doc. 1626-1 at 49-50, 56; Doc. 1626-2 at 83-84)

PM 100:  (Doc. 1626-2 at 134; Doc. 1756-1 at 57, 85; Doc. 1782 at 19-20)

PM 101:  (Doc. 1626-2 at 135; Doc. 1756-1 at 57-58, 85; Doc. 1782 at 19-20)

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

We request a response to this letter by January 9, 2017, so that we may promptly raise these issues with the Court if necessary.

Very truly yours

David C. Fathi

Cc:     All counsel

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

4

# EXHIBIT 3



**STRUCK WIENEKE & LOVE**    3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | **480.420.1600** | swlfirm.com

January 26, 2017

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Nicholas D. Acedo
Partner

Amy L. Nguyen
Partner

Tara B. Zoellner
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

*VIA EMAIL ONLY*

David C. Fathi
American Civil Liberties Union
National Prison Project
915 15th St, NW
Washington, DC  20005

> Re:   *Parsons v. Ryan*, 2:12-cv-00601-DKD
>       Correspondence regarding the Monitor Guide and re-auditing certain
>       performance measures

Dear David:

We have reviewed your letter dated December 30, 2016 regarding various monitoring issues and provide the following responses.

First, Defendants provided you with revised versions of the Monitor Guide on January 10, 2017 and January 18, 2017 that incorporate the past agreements between the parties and the changes ordered by the Court, including the changes with respect to performance measure (PM) 86. As previously agreed, Defendants provided Word versions, the changes were made in track changes, and Defendants provided a list of measures that were changed.  If you believe that there are measures which have not been changed to reflect past agreements between the parties or changes ordered by the Court, please let us know.

Second, Defendants believe that Plaintiffs' proposed methodology for handling future changes to the Monitor Guide is far too lengthy.  Defendants propose that for future changes to a PM, they will provide Plaintiffs with a revised version of the Monitor Guide with respect to that PM in track changes.  Plaintiffs will have up to seven calendar days to respond, the parties will have up to an additional seven calendar days to meet and confer, and if the parties cannot reach an agreement with respect to the change, the parties will jointly contact chambers to seek the Court's assistance in resolving the dispute.  Please let us know if you are in agreement with Defendants' proposed process.

David C. Fathi
Corene Kendrick
January 26, 2017
Page 2

Third, Defendants do not agree to create a comprehensive list of all charts reviewed for the CGARs since the beginning of the Stipulation, as there is no requirement for Defendants to do so under the Stipulation.

Finally, Defendants do not agree to Plaintiffs' demand that Defendants re-audit performance measures in which (1) the Court has invalidated the prior methodology, or (2) the parties have agreed to change the methodology. Plaintiffs could have included language in the Stipulation excluding the challenged practices or raised these issues with Court at the beginning of the Stipulation but chose instead to wait until many of the performance measures are mere months away from falling off to bring them before the Court. For example, Plaintiffs have known since the prior to the effective date of the Stipulation that Defendants were using group programming and cell front encounters while inmates are on watch status but elected not to include any language in the Stipulation defining "contacts" and waited nearly two years into the monitoring period to raise the issue with the Court. Additionally, had the mental health staff known that groups would not be counted as contacts and that inmates would be required to exit their cells for individual contacts despite being on watch status, those changes would have occurred much earlier. Moreover, the Court indicated during the October 5, 2016 status hearing that changes to the monitoring methodology will not be retroactive (*see* Transcript of 10/5/16 Status Hearing at 28:20-29:5), and Defendants are therefore not required to re-audit measures for which the methodology has changed.

We believe this addresses all the issues you raised in your letter with respect to the Monitor Guide and other monitoring issues.

Sincerely,

Anne M. Orcutt

Anne M. Orcutt

AMO/eap

cc:    Counsel of record

# EXHIBIT 4

**Maximum Custody Documents for Period March 2015 – June 2016**

**Documents Missing from Production as of February 6, 2017**

| CGAR Month | Maximum Custody Notebook Month | Missing Document(s) | Performance Measure(s) that are Non-Compliant |
|---|---|---|---|
| | | *EYMAN SMU* | |
| February 2015 | March 2015 | Program Attendance/Sign-In Sheets (non-SMI only and SMI programming) | PMs #2, #8 |
| March 2015 | April 2015 | Program Attendance/Sign-In Sheets (non-SMI only and SMI programming) | PMs #2, #8 |
| May 2015 | June 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| June 2015 | July 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| July 2015 | August 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| August 2015 | September 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| September 2015 | October 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| November 2015 | December 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| December 2015 | January 2016 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| January 2016 | February 2016 | • Program Attendance/Sign-In Sheets (SMI and non-SMI)<br>• Tracking Sheet, Phone log, Visitation Log, Property log and Banking Log for prisoner JN[1], who was monitored for PMs #1-2, #5-6, and #8. Produced records for KG instead. | PMs #1-2, #5-6 and #8 |
| March 2016 | April 2016 | Tracking sheet for prisoner JS who was monitored for PM #8. Produced tracking sheet for prisoner MP instead. | PM #8 |
| May 2016 | June 2016 | Program Attendance/Sign-In Sheets (SMI only) | PM #8 |
| | | *EYMAN BROWNING* | |
| February 2015 | March 2015 | Program Attendance/Sign-In Sheets (non-SMI only) | PM #2 |
| March 2015 | April 2015 | • Program Attendance/Sign-In Sheets (SMI and non-SMI)<br>• Tracking sheet for prisoner SM, who was monitored for PM #8. Produced tracking sheet for prisoner RR instead. | PMs #2, #8 |
| April 2015 | May 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |

[1] Plaintiffs identify all prisoners using their initials only. Plaintiffs have previously furnished Defendants with prisoners' complete names and ADC numbers in prior demands for missing documentation.

| CGAR Month | Maximum Custody Notebook Month | Missing Document(s) | Performance Measure(s) that are Non-Compliant |
|---|---|---|---|
| May 2015 | June 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| June 2015 | July 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| July 2015 | August 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| August 2015 | September 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| September 2015 | October 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| November 2015 | December 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| December 2015 | January 2016 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| January 2016 | February 2016 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| February 2016 | March 2016 | Program Attendance Sign-In Sheets (SMI only) – only produced sign-in sheets from mental health programming offered on 3/10/16; did not produce sign-in sheets from any of SMI group programming or mental health programming offered on 3/7/16. | PM #8 |
| *FLORENCE (CENTRAL & KASSON)* | | | |
| March 2015 | April 2015 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| April 2015 | May 2015 | Program Attendance/Sign-In Sheets (SMI only) | PM #8 |
| May 2015 | June 2015 | • Program Attendance/Sign-In Sheets (SMI only)<br>• Phone logs for 10 Kasson inmates<br><br>*As per Defendants' Max Custody Production Comments, dated October 14, 2016, "Defendants are unable to provide [phone logs] as [they] was not requested by Plaintiffs in June 2015. The telephone system utilized at the time (Securus) is no longer accessible. ADC is now using a different service."* | PM #8<br>PM #6 |
| June 2015 | July 2015 | Program Attendance/Sign-In Sheets (SMI only) | PM #8 |
| July 2015 | August 2015 | Program Attendance/Sign-In Sheets (SMI only) | PM #8 |
| September 2015 | October 2015 | • Phone logs for following prisoners:<br> o OT<br> o AA<br> o DH<br> o JB | PM #6 |

| CGAR Month | Maximum Custody Notebook Month | Missing Document(s) | Performance Measure(s) that are Non-Compliant |
|---|---|---|---|
| | | o   VS | |
| November 2051 | December 2015 | Program Attendance/Sign-In Sheets (SMI only) | PM #8 |
| December 2015 | January 2016 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| January 2016 | February 2016 | Program Attendance/Sign-In Sheets (SMI and non-SMI) | PMs #2, #8 |
| March 2016 | April 2016 | • Program Attendance Sheets (SMI and non-SMI for Kasson inmates)<br>• Property log for prisoner JH *(only produced list indicating his spendable balance and whether or not he has a TV)* | PM #2, #8<br>PM #6 |
| May 2016 | June 2016 | • Program Attendance/Sign-In Sheets for Kasson (non-SMI only)<br>• Property log for prisoner JH *(only produced list indicating his spendable balance and whether or not he has a TV)*<br>• UOF documentation for following incidents:<br>    o   SIR #16-07642, 5/26/16 *(pending confirmation of housing unit)*<br>    o   SIR #16-08363, 6/8/16 *(pending confirmation of housing unit)* | PM #2<br>PM #6<br><br>PM #9 |
| | | *PERRYVILLE* | |
| March 2015 | April 2015 | Property logs for following prisoners:<br>    o   SK<br>    o   JL | PM #6 |
| April 2015 | May 2015 | • Program Attendance/Sign-In Sheets (SMI and non-SMI) for monitored week (5/9/15 – 5/15/15) – *Defendants produced program attendance/sign-in sheets for 5/4/15 – 5/8/15[2]*<br>• Property logs for following prisoners:<br>    o   SK<br>    o   DS<br>    o   LM<br>*As per Defendants' Max Custody Production Comments, dated October 14, 2016, "Perryville is unable to locate property records for these inmates. SK has been released from custody; DS has been released from custody; LM is* | PMs #2, #8<br><br>PM #6 |

---

[2] This is a new request as of 12/1/16 as Plaintiffs only recently discovered this discrepancy.

| CGAR Month | Maximum Custody Notebook Month | Missing Document(s) | Performance Measure(s) that are Non-Compliant |
|---|---|---|---|
| | | *no longer at SMA/Lumley."* | |
| May 2015 | June 2015 | Property log for LB<br><br>*As per Defendants' Max Custody Production Comments, dated October 14, 2016, "Perryville is unable to locate the applicable property inventory for this inmate as she has since been released from ADC custody."* | PM #6 |
| October 2015 | November 2015[3] | UOF back up documentation for following incidents:<br>   o  SIR #15-16198, 11/17/15<br>   o  SIR #15-16402, 11/21/15<br>   o  SIR #15-16538, 11/24/15 | PM #9 |
| May 2016 | June 2016 | UOF back up documentation for SIR #16-09232, 6/24/16 | PM #9 |
| *LEWIS* | | | |
| February 2015 | March 2015 | UOF back-up documentation for incidents reflected on 02-2015 CGARs, which occurred from 2/25/15 – 3/25/15 | PM #9 |
| October 2015 | November 2015 | Activity Schedule (SMI programming only) | PM #8 |
| November 2015 | December 2015 | • Program Attendance/Sign-In Sheets (SMI only)<br>• Activity Schedule (SMI programming only) | PM #8 |
| December 2015 | January 2016 | Program Attendance/Sign-In Sheets (SMI only) | PM #8 |
| January 2016 | February 2016 | • Tracking sheets for following inmates *(produced blank tracking sheets):*[4]<br>   o  MM (monitored for PM #8)<br>   o  JC (monitored for PM #1-2, #5-6)<br>• Program Attendance/Sign-In Sheets (SMI only)<br>• Property log for prisoner JC | PM #1-2, #5-6, #8 |
| February 2016 | March 2016 | Tracking sheet for prisoner LB[5], monitored for PM #8 | PM #8 |
| March 2015 | April 2016 | Property logs for prisoner JJ | PM #6 |

---

[3] This request was inadvertently left off chart dated 10/21/16, however, was included on charts dated 11/1/16 and 12/1/16.
[4] This is a new request as of 12/1/16 as Plaintiffs only recently discovered this discrepancy.
[5] This is a new request as of 12/1/16 as Plaintiffs only recently discovered this missing documentation.

# EXHIBIT 5

**Maximum Custody Documents for Period July 2016 – Present**

**Documents Missing from Production as of February 6, 2017**

| CGAR / Maximum Custody Notebook Month | Missing Document(s) | Performance Measure(s) that are Non-Compliant |
|---|---|---|
| | *EYMAN SMU* | |
| July 2016 | Program Attendance/Sign-In Sheets (SMI only) | PM #8 |
| September 2016 | Tracking sheet for prisoner RM[1], who was monitored for PM #8.  Produced tracking sheet for prisoner RB instead | PM #8 |
| October 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| November 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| | *EYMAN BROWNING* | |
| September 2016 | • Plaintiffs require confirmation that Defendants monitored prisoner RG for PM ##1-2, 5-6; CGAR indicates they monitored prisoner KM for these performance measures <br> • Phone log for prisoner RG *(no way to tell if phone log produced is actually for this inmate)* <br> • SMI Programming Sign-in Sheets | PM #1-2, #5-6 <br><br><br> PM #8 |
| October 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| November 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| | *FLORENCE CENTRAL & KASSON* | |
| July 2016 | Program Attendance/Sign-In Sheets (SMI only) | PM #8 |
| August 2016 | • Tracking sheets *(produced tracking sheets from July 2016)* <br> • Phone, banking, visitation and phone logs *(produced logs from July 2016)* <br> • UOF documentation for following incidents: <br>    o SIR #16-11752, 8/8/16 <br>    o SIR #16-12859, 8/27/16 | PMs #1-2, #5-6, and #8 <br><br> PM #9 |

---

[1] Plaintiffs identify all prisoners using their initials only.  Plaintiffs have previously furnished Defendants with prisoners' complete names and ADC numbers in prior demands for missing documentation.

| CGAR / Maximum Custody Notebook Month | Missing Document(s) | Performance Measure(s) that are Non-Compliant |
|---|---|---|
| September 2016 | Back-up documentation for following UOF incidents:<br>    o  SIR #16-13198, 9/2/16<br>    o  SIR #16-13846, 9/14/16 | PM #9 |
| October 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| November 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| *LEWIS* | | |
| September 2016 | Phone logs for all 10 inmates monitored for PM #6 *(produced records from 10/05/2016 – 10/12/2016)* | PM #6 |
| October 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| November 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| *PERRYVILLE* | | |
| October 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| November 2016 | Missing all documentation | PMs #1-2, #5-6, #8 and #9 |
| *PHOENIX* | | |
| October 2016 | Missing all documentation for PM #9 | PM #9 |
| November 2016 | Missing all documentation for PM #9 | PM #9 |