IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
CIVIL MINUTES - GENERAL

Phoenix Division

**CV-12-0601-PHX-DKD**              DATE: February 8, 2017

Title: Parsons et al vs. Ryan et al
      Plaintiffs     Defendants
==========================================================================

HON:   David K. Duncan              Judge # 70BL/DKD

     Caryn Smith                      Laurie Adams
     Deputy Clerk                     Court Reporter

**APPEARANCES:**
Kirstin Eidenbach and Kathleen Brody, with Donald Specter, Corene Kendrick, Amy Fettig and Maya Abela appearing telephonically, for Plaintiffs
Timothy Bojanowski, Rachel Love, Anne Orcutt, Ashlee Fletcher and Lucy Rand for Defendants

==========================================================================
**PROCEEDINGS:**      X   Open Court        _____ Chambers        _____ Other

This is the time set for Status Hearing. Court addresses Performance Measure 11. In light of the positive trending, the Court will wait for an accumulation of more data before considering the imposition of additional remedial measures.

Court addresses Performance Measure 13. The Court is informed that the Walgreens resource was being used more aggressively beginning in January, 2017. The Court will allow for more data collection and look for improvement in this measure based upon the representation that its full use was only recently implemented.

The Court observes that Performance Measure 14 is okay. Discussion is held regarding the Stipulation's provisions for the removal of a performance measure from Court monitoring.

Argument is heard regarding Performance Measure 37 and the impact of the new Open Clinic Program. IT IS ORDERED Defendants will provide the requested data within one week. Plaintiffs request that all data be provided in advance of the hearings or the issue not be raised during the hearing. IT IS ORDERED denying the request for the reasons stated on the record.

Argument is heard regarding Performance Measure 39. The Court is informed that Defendants have implemented re-training to address the issue just within the last week and expect the compliance level to increase. Plaintiffs contend that it is unlikely that the described missteps by

three nurses are the cause of the noncompliance here.  The Court concurs and will take further action if this Performance Measure does not meet the benchmark in the next report.

Argument is heard regarding Performance Measures 46 and 47 regarding the workability of the mechanism of outside providers.  IT IS ORDERED Plaintiffs shall telephonically meet and confer with Corizon within 21 days regarding the development of an improved communication system.

Discussion is held regarding the parties' attempts to enforce the settlement and the importance of working together to reach that end.

Argument is heard regarding Performance Measures 54 and 66.  Court will expect to see results from Defendants' representation of an increased compliance focus in this area.

Court addresses Performance Measure 80 and hears Defendants' representation that current preliminary numbers show that all units are meeting the benchmark.  Plaintiffs will reserve any comments until the data has been analyzed.

With respect to Performance Measure 85, IT IS ORDERED adding a sentence to the performance measure that reads "if no follow-up occurred but should have, then it is coded as noncompliant".

Performance Measures 92 and 93 seem to be holding and do not require additional comment.

As to Performance Measure 94, IT IS ORDERED Defendants may sample above the minimum number of records required in the Stipulation but that the sample size should not vary from month to month and Defendants shall provide Plaintiffs with 30 days advance notice if they plan to select a number greater than the minimum.

As to Performance Measure 98, Defendants are waiting for client approval and believe they will be able to turn the proposal over to Plaintiffs by the end of the week.

Argument is heard regarding modification of the monitoring manual.  IT IS ORDERED if a party wishes to modify the monitoring manual it shall meet and confer with the other party.  If agreement is reached, the modification shall be submitted for Court approval.  If no agreement is reached then a motion is to be filed.

Additional discussion is held regarding Performance Measure 98.  Defendants agreed with Plaintiffs' identification of a typographical error located on page 2, line 27.

Court addresses Plaintiffs' motion to have the Court implement remedial measures outlined in their Motion to Enforce the Stipulation (Doc. 1863).  The Court temporarily will defer ruling on the motion until additional information is received.

With respect to the maximum custody performance measures, the Court is endorsing Plaintiffs' interpretation of six and eight as it is required by the language of the Stipulation but the Court will

not foreclose "common sense" arguments with respect to the implications and interpretation of the data.

11:32 AM – Court stands at recess.

11:43 AM – Matter is recalled.

Argument is heard regarding Plaintiffs' Motion to Enforce the Stipulation (Doc. 1863) which identifies additional performance measures.  IT IS ORDERED within one week Defendants shall file a notice with the Court informing it which performance measures they believe warrant remediation (perhaps employing any recharacterization of the data in light of the Court's interpretative rulings) and whether or not they have included their remediation proposals in their response (Doc. 1900).  For failing performance measures for which the Defendants have not already proposed remedial measures for the Court to consider, Defendants shall propose such measures.  The Court will allow time for Plaintiffs to respond.

The issue regarding maximum custody documents and videos is still not resolved.  IT IS ORDERED the documents and videos shall be provided within 14 days or the performance measure will be considered noncompliant.  Argument is heard.  IT IS ORDERED setting February 24, 2017 as the deadline to have the issue resolved.  If no resolution is reached the parties are to contact the Court to arrange for a telephonic conference to obtain a ruling that day.

With respect to the evidentiary hearing regarding issues that arose at a prison tour resulting in allegations of retaliation, the Court is envisioning a cost shift if appropriate and not the application of its contempt power.  As to the setting of the evidentiary hearing, IT IS ORDERED the parties shall meet and confer as to their schedules and then contact chambers for a hearing date.

Discussion is held regarding the pictures used to advertise the influenza vaccine.  The Court is informed the matter is closed.

Defendants request to further brief the "not applicable" designation.  Argument is heard.  IT IS ORDERED denying the request to brief; however, the Court will not oppose common sense arguments.

Time in court: 1 hr 59 min (10:01 AM – 12:11 PM)