UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION** |

This Court, having reviewed Plaintiffs' Motion to Enforce the Stipulation (Maximum Custody Performance Measures 1-3, 5-6, and 8) ("Motion to Enforce"), hereby **FINDS** that Defendants are substantially noncompliant with Maximum Custody Performance Measures ("MC PM") 1-3, 5-6, and 8 as outlined in Plaintiffs' Motion to Enforce.  The Court specifically **FINDS**:

1) Defendants non-compliant with MC PM ##1-3, 5-6, and 8 from March 2015 to September 2016 at Eyman-SMU I, Eyman-Browning, Florence Central, Florence Kasson, Perryville-Lumley, and Lewis-Rast due to the overwhelming deficiencies with those findings and the documentation that allegedly supports them;

LEGAL134536659.1

2) Defendants non-compliant with MC PM ##1-3, 5-6, and 8 from March 2015 to July 2016 at Eyman-SMU I, Eyman-Browning, Florence Central, Florence Kasson, Perryville-Lumley, and Lewis-Rast due to the failure to randomly select weeks for monitoring, as required by these Performance Measures;

3) Defendants non-compliant with MC PM ## 1-3, 5-6, and 8 for Florence-Kasson for March 2015 to August 2016 due to the failure to randomly select prisoner records for review, as required by these Performance Measures;

4) Defendants non-compliant with MC PM #6 at the following facilities in the following months: **Eyman-Browning** (from March 2015 to September 2016); **Eyman-SMU I** (August 2015); **Florence-Kasson** (October 2015; August 2016); **Florence Central** (August 2016); and **Perryville-Lumley** (September 2015 and June 2016); and

5) Defendants non-compliant with MC PM #8 for following facilities in the following months: **Perryville-Lumley** (December 2015; June 2015; May 2015; April 2015; March 2015; February 2015); **Eyman-Browning** (August 2016; July 2016; May 2016; February 2016; April 2015; February 2015); **Eyman-SMU I** (March 2016; August 2015; July 2015; June 2015; March 2015; February 2015); **Florence-Kasson** (May 2016; April 2016; March 2016; February 2016; January 2016; August 2015; June 2015; May 2015; April 2015; March 2015; February 2015); **Lewis-Rast** (July 2016; March 2016; February 2016; January 2016; December 2015; November 2015; October 2015).

The Court **ORDERS** Defendants to submit a remedial plan for Eyman-Browning; Eyman-SMU I; Perryville-Lumley; Florence-Kasson; Florence Central; and Lewis-Rast for the following matters:

1) Defendants shall submit a plan within 30 days detailing how they plan to address the findings of non-compliance detailed in paragraphs 1-5 above.

1     2)     Defendants shall submit a plan, including retaining an outside expert for technical assistance, within 30 days detailing how they plan to remedy the overwhelming pattern of refusals in programming and all other out-of-cell time for the SMI and non-SMI prisoners.

5     3)     Defendants shall submit a plan within 30 days detailing how they will ensure that the monitors use the methods and procedures necessary to accurately monitor compliance with MC PM ##1-3, 5-6, and 8 of the Stipulation.