1  Kathleen E. Brody (Bar No. 026331)
   Daniel Pochoda (Bar No. 021979)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: kbrody@acluaz.org
            dpochoda@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6  *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith,*
   *Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner,*
7  *Joshua Polson, and Charlotte Wells, on behalf of themselves and all*
   *others similarly situated*
8  **[ADDITIONAL COUNSEL LISTED BELOW]**

9  Sarah Kader (Bar No. 027147)
   Asim Dietrich (Bar No. 027927)
10 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
11 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
12 Email: skader@azdisabilitylaw.org
            adietrich@azdisabilitylaw.org
13
   *Attorneys for Plaintiff Arizona Center for Disability Law*
14 **[ADDITIONAL COUNSEL LISTED BELOW]**

15
16                    UNITED STATES DISTRICT COURT
17                         DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-DKD |
| Plaintiffs, | **DECLARATION OF AMY FETTIG** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

LEGAL134533754.1

I, AMY FETTIG, declare:

1. I am an attorney licensed to practice in the District of Columbia, and admitted to this Court *pro hac vice*. I am the Deputy Director of the ACLU National Prison Project, and an attorney of record to the plaintiff class in this litigation. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2. Following the procedures set forth in the Stipulation (Doc. 1185 ¶¶ 30-31) Plaintiffs' counsel provided a Notice of Substantial Non-Compliance to Defendants' counsel on July 7, 2016 with respect to the Maximum Custody Performance Measures ("MC PM") ##1-3, 5-8 at Perryville Lumley SMA; Eyman-Browning; Eyman-SMU I; Florence Central; Florence Kasson; and Lewis Rast Unit.

3. Defendants' responded within the timeframe set by the Stipulation and thereafter the parties conducted a meet and confer in order to try to resolve the disputes in both Notices on August 30, 2016.

4. As agreed during the mediation discussions have continued around the Monitoring Guide and some issues have been resolved but the mediation was ultimately unsuccessful in addressing core compliance issues for MC PM ##1-3, 5-8.

5. The backdrop of this process is Defendants' repeated and long-standing failure to produce the documents used to complete and support the findings for the monthly CGAR review of the isolation/maximum custody performance measures (Doc. 1185-1, Ex. E)—often referred to by Defendants as the "Max Custody Notebooks." Every month beginning in October 2015 until the present Plaintiffs have requested production of all of these underlying documents. Defendants never objected to production of these documents for Eyman-Browning; Eyman-SMU; Perryville-Lumley; Florence-Central; Florence-Kasson; Lewis-Rast; or Phoenix. They have simply failed to produce them.

6. As previously recounted to the Court, Plaintiffs spent months attempting to obtain the documents. But Defendants either failed to respond or promised to produce the

1  missing documents by a date certain that they then failed to meet. As a result of Defendants' intransigence and non-responsiveness in this matter, Plaintiffs were forced to turn to the Court for assistance.

7. At the time of these hearings, despite over ten months of requesting these documents and being told by Defendants that production was forthcoming, months and months of documents supporting Defendants' CGAR findings have never been produced. In the case of some facilities, such as Eyman-SMU and Eyman-Browning, Defendants had not produced one component of the Max Custody Notebooks for all of 2016. Even more egregiously, Defendants had produced virtually none of the requisite documentation for Florence (Central & Kasson) and Phoenix since September 2015.

8. Without these documents it was impossible for Plaintiffs to evaluate Defendants' compliance findings for the isolation performance measures.

9. In Defendants monitoring process for the Maximum Custody Performance Measures, they adopted the convention of monitoring the previous month during the first two weeks of the following month. For example, the September 2015 notebook produced with underlying documents supporting Defendants' Max Custody Performance Measure CGAR findings actually corresponds with the August 2015 CGAR report. This is because the previous month is almost always monitored in the first or second week of the next month. This process was used until the July 2016 CGAR reports. Defendants have allegedly abandoned this non-random practice as of the July 2016 CGARS and agreed to institute a random process for the selection of weeks in the Monitoring Guide.

10. The Maximum Custody Daily Out of Cell Time Tracking sheet was developed to capture most of the information required to monitor the Maximum Custody Performance Measures set forth in the Stipulation.

11. As part of the DI 326 incentive system for maximum custody prisoners, Step Level II & III prisoners at the maximum custody facilities are allowed access to larger exercise enclosures and greater socialization during exercise periods.

12. The Maximum Custody Daily Out of Cell Time Tracking sheet developed for implementation of the settlement includes a column to record the nature of the enclosure being used for each exercise period. The term "chute" is listed and this refers the concrete enclosures attached to some of the living units in maximum custody where prisoners are taken for exercise.

13. The maximum custody "par course" referred to in DI 326 refers to a very large outdoor enclosure at some of the maximum custody facilities equipped with a series of stations that have various exercise equipment.

14. I attach hereto as **Exhibit 1** a true and correct copy of the Declaration of Robert Larry Dadisman, dated February 3, 2017.

15. I attach hereto as **Exhibit 2** a true and correct copy of the Declaration of Stephen Waggoner, dated February 3, 2017.

16. I attach hereto as **Exhibit 3** a true and correct copy of the Declaration of David Orr, dated February 3, 2017.

17. I attach hereto as **Exhibit 4** a true and correct copy of the Declaration of Eugene Doerr, dated February 3, 2017.

18. I attach hereto as **Exhibit 5** a true and correct copy of the Declaration of Michael Martinez, dated February 3, 2017.

19. I attach hereto as **Exhibit 6** a true and correct copy of the Declaration of Gonzalo Prudencio, dated February 3, 2017.

20. I attach hereto as **Exhibit 7** a true and correct copy of the Declaration of Jonathan Wilson, dated February 3, 2017.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed the 22nd of February, 2017, in Washington, D.C.

s/ Amy Fettig
Amy Fettig

| | | |
|---|---|---|
| 1 | **ADDITIONAL COUNSEL:** | David C. Fathi (Wash. 24893)* |
| 2 | | Amy Fettig (D.C. 484883)** |
| | | Jamelia Natasha Morgan (N.Y. 5351176)** |
| 3 | | **ACLU NATIONAL PRISON PROJECT** |
| 4 | | 915 15th Street N.W., 7th Floor |
| | | Washington, D.C. 20005 |
| 5 | | Telephone: (202) 548-6603 |
| | | Email:  dfathi@npp-aclu.org |
| 6 | | afettig@npp-aclu.org |
| | | jmorgan@aclu.org |
| 7 | | |
| 8 | | *Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts. |
| 9 | | **Admitted *pro hac vice* |
| 10 | | Daniel C. Barr (Bar No. 010149) |
| | | Amelia M. Gerlicher (Bar No. 023966) |
| 11 | | John H. Gray (Bar No. 028107) |
| | | **PERKINS COIE LLP** |
| 12 | | 2901 N. Central Avenue, Suite 2000 |
| | | Phoenix, Arizona 85012 |
| 13 | | Telephone: (602) 351-8000 |
| | | Email:  dbarr@perkinscoie.com |
| 14 | | agerlicher@perkinscoie.com |
| | | jhgray@perkinscoie.com |
| 15 | | |
| 16 | | Kathleen E. Brody (Bar No. 026331) |
| | | Daniel Pochoda (Bar No. 021979) |
| 17 | | **ACLU FOUNDATION OF ARIZONA** |
| 18 | | 3707 North 7th Street, Suite 235 |
| | | Phoenix, Arizona 85013 |
| | | Telephone: (602) 650-1854 |
| 19 | | Email:  kbrody@acluaz.org |
| | | dpochoda@acluaz.org |
| 20 | | |
| 21 | | Kirstin T. Eidenbach (Bar No. 027341) |
| | | **EIDENBACH LAW, P.C.** |
| | | P. O. Box 91398 |
| 22 | | Tucson, Arizona 85752 |
| | | Telephone: (520) 477-1475 |
| 23 | | Email:  kirstin@eidenbachlaw.com |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | Donald Specter (Cal. 83925)* |
| | Alison Hardy (Cal. 135966)* |
| 2 | Sara Norman (Cal. 189536)* |
| | Corene Kendrick (Cal. 226642)* |
| 3 | **PRISON LAW OFFICE** |
| | 1917 Fifth Street |
| 4 | Berkeley, California 94710 |
| | Telephone:  (510) 280-2621 |
| 5 | Email:    dspecter@prisonlaw.com |
| | ahardy@prisonlaw.com |
| 6 | snorman@prisonlaw.com |
| | ckendrick@prisonlaw.com |
| 7 | |
| | *Admitted *pro hac vice* |
| 8 | |
| | Caroline Mitchell (Cal. 143124)* |
| 9 | Amir Q. Amiri (Cal. 271224)* |
| | **JONES DAY** |
| 10 | 555 California Street, 26th Floor |
| | San Francisco, California 94104 |
| 11 | Telephone:  (415) 875-5712 |
| | Email:    cnmitchell@jonesday.com |
| 12 | aamiri@jonesday.com |
| 13 | *Admitted *pro hac vice* |
| 14 | John Laurens Wilkes (Tex. 24053548)* |
| | **JONES DAY** |
| 15 | 717 Texas Street |
| | Houston, Texas 77002 |
| 16 | Telephone:  (832) 239-3939 |
| | Email:    jlwilkes@jonesday.com |
| 17 | |
| | *Admitted *pro hac vice* |
| 18 | |
| | Jennifer K. Messina (N.Y. 4912440)* |
| 19 | **JONES DAY** |
| | 222 East 41 Street |
| 20 | New York, New York 10017 |
| | Telephone:  (212) 326-3498 |
| 21 | Email:    jkmessina@jonesday.com |
| 22 | *Admitted *pro hac vice* |
| 23 | *Attorneys for Plaintiffs Shawn Jensen;* |
| | *Stephen Swartz; Sonia Rodriguez; Christina* |
| 24 | *Verduzco; Jackie Thomas; Jeremy Smith;* |
| | *Robert Gamez; Maryanne Chisholm;* |
| 25 | *Desiree Licci; Joseph Hefner; Joshua* |
| | *Polson; and Charlotte Wells, on behalf of* |
| 26 | *themselves and all others similarly situated* |
| 27 | |
| 28 | |

| | |
|---|---|
| 1 | Sarah Kader (Bar No. 027147) |
| 2 | Asim Dietrich (Bar No. 027927) |
|  | **ARIZONA CENTER FOR DISABILITY LAW** |
| 3 | 5025 East Washington Street, Suite 202 |
|  | Phoenix, Arizona 85034 |
| 4 | Telephone:  (602) 274-6287 |
|  | Email:    skader@azdisabilitylaw.org |
| 5 |             adietrich@azdisabilitylaw.org |

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone:  (520) 327-9547
Email:
  rdalyrooney@azdisabilitylaw.org
    jrico@azdisabilitylaw.org
    jross@azdisabilitylaw.org
    mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

 s/ D. Freouf