# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

    Defendants use a Monitoring Guide so their monitoring team can review Defendants' records and determine compliance with the Stipulation's Performance Measures. Following the February 8, 2017 Status Conference, there will be a final version of the Monitoring Guide that the monitors will use. For some Performance Measures, the final version of the Monitoring Guide will require monitors to start using different procedures. This leaves the question of what to do with the data generated under previous iterations of the Monitoring Guide. The Court attempted to address those questions at the Status Conference and Defendants now seek additional clarification. (Doc. 1942)

    Defendants are under no obligation to apply the Final Monitoring Guide's procedures retroactively. However, if Defendants want to persuade the Court that a given Performance Measures at a given facility is compliant with the Stipulation, then Defendants will have to show that this PM/facility was compliant under the Final

Monitoring Guide's procedures.[1]  The Court expects that this situation would arise for Defendants in at least three contexts: in response to a Motion to Enforce, when moving to terminate a finding of noncompliance under a remediation plan, and when moving to terminate the Court's oversight.  (Doc. 1185 at ¶¶ 10, 20)  If Defendants do recalculate a given Performance Measure/facility, the Court will hear any challenge brought by Plaintiffs and proceed accordingly.

To use a contemporary example of this question, Defendants responded to Plaintiffs' Motion to Enforce by challenging several of the allegations of non-compliance.  (Doc. 1900)  The Court intended to offer Defendants an opportunity to decide whether they wanted to revise their response in light of this finding about retroactivity.  In other words, did Defendants want to review whether, under the Final Monitoring Guide, these challenges remained viable.  (Doc. 1933 at 3)  Instead, Defendants responded by even further whittling down its list of non-compliant facilities without justification or explanation.  *Compare* Doc. 1900 *with* Doc. 1930.  With this additional explanation in hand, the Court will offer Defendants an opportunity to resubmit its response.

**IT IS THEREFORE ORDERED** that, within 7 days of the date of this Order, Defendants may resubmit a response to the Court's Order at Doc. 1933 at 3.

Dated this 24th day of February, 2017.

_____
David K. Duncan
United States Magistrate Judge

---

[1] Defendants argue that retroactive application encourages Plaintiffs to lie in wait. (Doc. 1942 at 5)  The Court disagrees.  Plaintiffs are under a duty to advocate for their clients and excess delay would only disadvantage their clients.  The only apparent delay had been during the Stipulation's dispute resolution process which appears to result from the problem of coordinating schedules not gamesmanship or bad faith.