Kathleen E. Brody (Bar No. 026331)
Daniel Pochoda (Bar No. 021979)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org
       dpochoda@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, Plaintiffs, v. Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, Defendants. | No. CV 12-00601-PHX-DKD **DECLARATION OF JENNIFER ONKA IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO ENFORCE THE STIPULATION [DOC. 1944]** |

I, JENNIFER ONKA, declare:

1. I am a paralegal employed by the ACLU National Prison Project. I serve as the lead paralegal in my office for the *Parsons v. Ryan* case. As part of my regular duties I track and review all compliance documents produced by Defendants in that case related to the maximum custody performance measures (MC PM) set forth in the Stipulation. (Doc. 1185, 1185-1, Ex. D, E). Together with the attorneys, legal fellows, and other paralegal working on this matter I have developed protocols and procedures for analyzing these compliance documents vis-à-vis the requirements of the Stipulation. These protocols and procedures are discussed below. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2. In my review of the monitoring documentation produced by Defendants to support the CGAR findings from February 2015 to September 2016 I found no evidence that any staff were talking to, counseling, or meeting with prisoners who exhibited a pattern of refusals of out-of-cell time in the monitoring documentation.

3. On February 23, 2017, I filed a Declaration in support of Plaintiffs' Motion to Enforce the Stipulation (Doc No. 1946) ("Onka Declaration"). Attached thereto was Exhibit 36 entitled, "FRE 1006 Summary Exhibit, 'Recreation Enclosures Noted for Refusals in Maximum Custody Documentation – March 2015 – September 2016.'"

4. In my review of the monitoring documentation used to create Exhibit 36 I found no evidence that Defendants were monitoring whether or not Step II and III prisoners were being given the appropriate access to exercise incentives under DI 326. This was most obvious in the documentation for prisoners who refused recreation where no enclosures are noted on the out-of-cell tracking form. However, even where exercise enclosures were noted on the tracking forms I found no evidence that the weekly and monthly exercise incentives for any of the prisoner records were actually being evaluated for monitoring purposes.

5. In my review of the monitoring documentation used to create Exhibit 36 I also reviewed the monthly activity schedules produced by Defendants. The schedules could not be used to ascertain the type of enclosure the audited prisoners were offered exercise in because they do not indicate the type of recreation or enclosure offered. I attach as **Exhibit 1** (ADCM037558-61) **(under seal)**, a true and accurate copy of the monthly activity schedule for Eyman-Browning for March 2015. Exhibit 1 is typical of the activity schedules produced for this facility. The schedule merely reflects "outdoor recreation," with no indication of what size enclosure outdoor recreation was held in.

6. I attach as **Exhibit 2** (ADCM605412) **(under seal)**, a true and accurate copy of the monthly activity schedule for Perryville-Lumley SMA for June 2016, which is also typical of the activity schedules produced for this facility. As indicated on Exhibit 36, I was unable to determine Defendants' compliance with MC PM #6 for Perryville-Lumley for June 2016, because of Defendants' failure to note the type of recreation enclosure when recreation time was refused. Similarly, I was unable to use the monthly activity schedule to determine compliance, as it does not indicate what type of enclosure exercise time is held in.

7. I attach as **Exhibit 3** (ADCM605780-83) **(under seal)** a true and accurate copy of the monthly activity schedule for the Florence facility for October 2015. The activity schedule is dated 10/01/2014, however, the name of the file, as produced by Defendants is, "MC MISSING-ACTIVITY SCHEDULE-2015-10-F." It was produced by Defendants on September 29, 2016 in response to Plaintiffs' demand for same. The activity schedule reflects programming offered to both prisoners housed in the Central and Kasson Units and is typical of the activity schedules produced for the Florence facility. As indicated on Exhibit 36, I was unable to determine Defendants' compliance with PM #6 for Florence-Kasson for October 2015, because of Defendants' failure to note the type of exercise enclosure when recreation time was refused. As the activity schedule merely reflects "outdoor recreation," with no indication of what size enclosure outdoor recreation was held in, I was also unable to utilize the activity schedule to determine compliance.

1        8.     Defendants' analysis of the four Step III prisoners monitored at Eyman-Browning in August 2016 fails to address Plaintiffs' assertion that Defendants do not record the recreation enclosure when prisoners refuse time. For example, as seen on ADCM198626-27, annexed to Defendants' brief at Exhibit 1, the monitored prisoner refused all four of the recreation sessions offered to him, and for all four refusals Defendants failed to note the enclosure type. Similarly, Defendants' analysis of the out-of-cell tracking sheets for Step III prisoners monitored at Eyman-SMU I in August 2015 does not speak to the fact that there is no evidence that these Step III prisoners received the recreation incentives they are entitled to under DI 326. Moreover, nothing the Defendants cite to supports that the monitor was considering the recreation incentives guaranteed to Step III prisoners by DI 326 when making his compliance findings for MC PM #6.

       9.     Finally, Defendants claim that analysis of the tracking sheets produced for Perryville-Lumley in September 2015 is conclusive proof of compliance with MC PM #6, however, they do not explain how the tracking sheets can be used as conclusive proof when they do not universally reflect the type of recreation enclosure when time is refused. For example, ADCM321327, annexed to Defendants' brief as Exhibit 3, reflects that the monitored Step III prisoner was offered six recreation periods. However, three of these sessions were refused and the recreation enclosure was not noted. Without knowing the recreation enclosure for all six sessions, the monitor could not possibly confirm whether this Step III prisoner received the requisite one hour of exercise, six days a week, in groups of 14 women, in accordance with DI 326. Additionally, ADCM321378, also included at Exhibit 3 to Defendants' brief, shows that the Step II prisoner was offered a total of six recreation sessions, with four of them offered in the "chute" enclosure. The "chute" is **not** one of the types of enclosures that can hold twelve prisoners. This is reflected in Defendants' reply brief at page 15, where it states that the only recreation areas that can be used for groups of twelve inmates are recreation areas "C," "D," or "E."

       10.     I attach as **Exhibit 4 (under seal)**, an updated version of Exhibit 39 filed

1  with my original declaration, entitled, "FRE 1006 Summary Exhibit, Max Custody
2  Performance Measure 8 Compliance Review."  This exhibit is based on the underlying
3  compliance documents produced by Defendants for each month including prisoner
4  tracking sheets and activity sign-in sheets.  It incorporates a column with "Defendants'
5  Response" from their brief to the individual non-compliance findings.  It also incorporates
6  a column for the "Plaintiffs' Reply" to Defendants' contentions in each individual case.
7  These replies are based on true and correct copies of the compliance documents produced
8  by Defendants in this matter and reflect Plaintiffs' reasonable analysis of the contents of
9  these documents.

10        11.    At 5:00 p.m. on March 23, 2017, Defendants produced a number of
11  supplemental max custody documents via e-mail.  These supplemental max custody
12  documents were never previously produced in the Max Custody Notebooks or otherwise.
13  Attached hereto as **Exhibit 5 (under seal)** is a true and accurate copy of Defendants'
14  March 23rd email.

15        12.    On March 24, 2017, at 3:38 a.m., Defendants emailed Plaintiffs' counsel a
16  copy of their unredacted response brief and Exhibits 1-48 in support thereof, which were
17  filed under seal.  A number of the newly produced supplemental maximum custody
18  documents were produced as exhibits to Defendants' response brief.  A complete list of
19  the exhibits containing this newly produced documentation is as follows:

| Exhibit No(s). | Bates No(s). |
| --- | --- |
| 4 | ADCM840042 |
| 5 | ADCM840032 |
| 7 | ADCM840046; ADCM840205-08 |
| 8 | ADCM840041 |
| 9 | ADCM840047 |
| 10 | ADCM840039 |
| 11 | ADCM840029 |
| 14-16 | ADCM840211-13 |
| 17 | ADCM840150 |
| 26 | ADCM840034 |
| 27 | ADCM840048 |

| | |
|---|---|
| 28 | ADCM840035 |
| 45-46 | ADCM840201 |
| 48 | ADCM840025-26 |

13. The documents produced within Defendants' Exhibits to the March 23, 2017 filing were also not included in any of the productions or declarations produced to Plaintiffs as a result of this Court's February 24, 2017 Order (Doc. 1979).

14. Many of these new documents produced by Defendants as Exhibits to their March 23, 2017 filing include eOmis records, AIMS or "Inmate Program Records" which have not been part of the Max Custody Notebook documentation. The "Inmate Program Records" also do not record a prisoner's specific attendance at a group program session.

15. In addition to the new documentation produced on March 23, 2017, Defendants also included as exhibits to their response brief many documents that were produced after Plaintiffs' filed their underlying motion on February 22, 2017. Below is a complete listing of the documentation produced by Defendants subsequent to Plaintiffs' filing:

| Exhibit No(s). | Bates No(s). | Production Date |
|---|---|---|
| 19 | ADCM836425 | 2/27/17 |
| 22-24 | ADCM836427 | 2/27/17 |
| 29-38 | ADCM834246 | 2/27/17 |
| 47 | ADCM839421 | 3/15/17 |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed the 6th of April, 2017, in Washington, D.C.

*Jennifer Onka*
Jennifer Onka

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Jamelia Natasha Morgan (N.Y. 5351176)**
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@npp-aclu.org
         afettig@npp-aclu.org
         jmorgan@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

**ADDITIONAL COUNSEL:**

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
Daniel Pochoda (Bar No. 021979)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   kbrody@acluaz.org
         dpochoda@acluaz.org

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email:   kirstin@eidenbachlaw.com

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com

*Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
Amir Q. Amiri (Cal. 271224)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com
         aamiri@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com

*Admitted *pro hac vice*

Jennifer K. Messina (N.Y. 4912440)*
**JONES DAY**
222 East 41 Street
New York, New York 10017
Telephone: (212) 326-3498
Email:   jkmessina@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:  skader@azdisabilitylaw.org
            adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
   rdalyrooney@azdisabilitylaw.org
   jrico@azdisabilitylaw.org
   jross@azdisabilitylaw.org
   mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

    s/ Jennifer Onka