Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-DKD <br><br><br> **DEFENDANTS' NOTICE RE: PLAINTIFFS' RESPONSE TO DEFENDANTS' AMENDED NOTICE RE: ITEMS FROM FEBRUARY 8, 2017 HEARING (DKT. 1998)** |

## I.      PROCEDURAL BACKGROUND

On February 8, 2017, the Court held its monthly status hearing.  (Dkt. 1933).  At that hearing, among other things, the Court heard argument on Plaintiffs' Motion to Enforce the Stipulation (Dkt. 1863).[1]  In the course of that discussion, the Court ordered Defendants to advise, by February 15, 2017, whether they were going to re-audit any of the Performance Measures that were subject to Plaintiffs' Motion to Enforce.  Though it was unclear at the time, counsel presumed that directive was given because of an underlying conclusion (implicit in its order) that any month prior to a ruling interpreting monitoring methodology ("interpretive ruling") could not be counted as compliant unless the Performance Measure was re-audited retroactively using the Court-ordered methodology and received a compliant score.  As Defendants endeavored to determine whether they were going to re-audit any Performance Measures, the scope of the Court's Order became less clear, as did its underlying premise.  Defendants ordered a copy of the transcript hoping it would shed some light on the issue.  (Dkt. 1928.).  As they waited for that transcript, they also waited for a minute entry setting forth what transpired at the Status Hearing and any orders they must comply with.

Unfortunately, by the February 15, 2017 deadline, Defendants had no transcript or Minute Entry to clarify the scope of the orders made by the Court during the February 8, 2017 hearing.  As such, Defendants filed a Notice identifying the performance measures and facilities Defendants reasonably believed warranted remedial plans (without the benefit of re-audited numbers).  (Dkt. 1930).  Determining whether re-audits could be completed requires a significant undertaking, let alone the time and resources required to actually complete the re-audits.  Defendants therefore requested an additional thirty days to advise the Court whether they would re-audit and how long they needed to do so.  *Id*. at 4.

---

[1] Plaintiffs' Motion to Enforce has been fully briefed and pending before the Court since February 3, 2012.  (Dkt. 1911).  The Court has not yet issued a ruling.

On February 21, 2017, the Court issued its Minute Entry regarding the February 8, 2017 hearing.  (Dkt. 1933.) The Minute Entry did not, however, clarify the scope of the Court's February 8 Order, nor did it include any definitive ruling on whether interpretive rulings were retroactive:

> Argument is heard regarding Plaintiffs' Motion to Enforce the Stipulation (Doc. 1863) which identifies additional performance measures. IT IS ORDERED within one week Defendants shall file a notice with the Court informing it which performance measures they believe warrant remediation (perhaps employing any recharacterization of the data in light of the Court's interpretive rulings) and whether or not they have included their remediation proposals in their response (Doc. 1900).  For failing performance measures for which the Defendants have not already proposed remedial measures for the Court to consider, Defendants shall propose such measures.

(Dkt. 1933 at 3.)

Counsel also received the transcript later that day and reviewed it for direction. Unfortunately, that only caused more confusion and provoked more questions for Defendants.  To ensure an accurate understanding of the Court's Order, on February 22, 2017, Defendants' filed a Motion for Clarification requesting the Court clarify statements it made at the February 8, 2017 Status Hearing regarding Defendants' duty to inform which Performance Measures, if any, they will recalculate, and issue a written order outlining the scope of that duty and any underlying rulings.  (Dkt. 1942).

On February 24, 2017, the Court ruled on Defendants' Motion for Clarification:

> Defendants are under no obligation to apply the Final Monitoring Guide's procedures retroactively. However, if Defendants want to persuade the Court that a given Performance Measures at a given facility is compliant with the Stipulation, then Defendants will have to show that this PM/facility was compliant under the Final Monitoring Guide's procedures.   The Court expects that this situation would arise for Defendants in at least three contexts: in response to a Motion to Enforce, when moving to terminate a finding of noncompliance under a remediation plan, and when moving to terminate the Court's oversight. (Doc. 1185 at ¶¶ 10, 20) If Defendants do recalculate a given Performance Measure/facility, the Court will hear any challenge brought by Plaintiffs and proceed accordingly.

(Dkt. 1951 at 1-2).

2

The Court ordered Defendants to submit an amended notice in response to the Court's Order. *Id.*    In their Amended Notice, Defendants explained to the Court the impracticability of deciding whether to re-audit because: (1) the Court ordered Defendants to re-audit based on a "Final Monitoring Guide", and the guide is not yet final, and (2) substantial non-compliance – while recognized by both sides and the Court as being an important term to explain – has not been defined and no determination has been made as to when measures enter and exit the remediation process and are ultimately removed from the purview of the Stipulation.  (Dkt. 1977 at 1 – 3).

On March 30, 2017, Plaintiffs filed a Response to Defendants' Amended Notice. (Dkt. 1998).  Plaintiffs' Response is improper and unnecessarily conflates and confuses unrelated issues.

## II.    THE CONTENTS OF PLAINTIFFS' RESPONSE ARE PREMATURE AND NOT RIPE FOR COURT REVIEW

While styled as a response, Plaintiffs' filing is actually a standalone motion containing extraneous arguments on issues unrelated to the narrow set of issues the Court requested Defendants address in their Amended Notice.

First, Plaintiffs utilize their Response to re-argue issues raised in their fully briefed Motion to Enforce.  (Dkt. 1998 at 2 – 8).  Because Plaintiffs are only entitled to a motion and a reply, and because they have already filed both, Plaintiffs additional arguments on these issues, at this juncture, are improper. *See* LRCiv. 7.2.

Second, Plaintiffs request that the Court order Defendants to provide remedial plans for all measures subject to their Motion to Enforce.  (Dkt. 1998 at 7).  But, as both parties agree, the Court has not yet ruled on Plaintiffs' Motion to Enforce and, therefore, has not found Defendants in substantial non-compliance for any of the measures identified in Plaintiffs' Motion.   Because the Stipulation first requires the Court to find that Defendants have not complied with the Stipulation before it can require Defendants to submit a remedial plan, Plaintiffs' demands are premature.  (Dkt. 1185 at ¶36).

Third, under the guise of "updating" the Court, Plaintiffs utilize their Response to demand never-before-requested relief from the Court. Specifically, Plaintiffs ask the Court to extend its November 10, 2016 Community Resources Order to PMs 47 (at Eyman, Florence, Lewis, Perryville, Phoenix, Tucson, and Yuma) and 94 (at Eyman, Florence, and Tucson). Because neither of these measures at these facilities were subject to Plaintiffs' Motion to Enforce, nor the subject of the Court's inquiries which prompted Defendants to file their Amended Notice, they are irrelevant to the instant briefing.[2]

Fourth, Plaintiffs request the Court order Defendants to provide written proof of how they are complying with the community resources order:

> Plaintiffs request that the Court order Defendants to produce documents no later than April 10, 2017 that for each noncompliant institution show (1) how many people were not seen within the time frames (or in the case of PMs 11 and 13, how many medications were not renewed or refilled, or in the case of PM 46, how many diagnostic reports were not reviewed in a timely manner), and (2) all steps Defendants took to ensure that each of those individuals were seen, or the medications were renewed/refilled, or the reports were reviewed, as required by the November 10, 2017 [sic] order.

(Dkt. 1998 at 14)

Plaintiffs make these specific requests for the first time in their Response and unreasonably demand Defendants produce documents within ten days.

---

[2] Moreover, the Court recognized at the February 8, 2017 Status Hearing that application of its community resources order is impractical for PM 47, and perhaps detrimental to Plaintiffs' care:

> And what is problematic here is that my outside provider method seems to interpose a medical provider that, perhaps, would be someone who could satisfy the requirements of 46 or 47 but would not necessarily make good medical sense because you would want to have the medical provider who is providing this review and this communication and acting upon it being the person's supervisor of care. And I guess there is the worry that the Court has that the – if the defendants turn to outside providers they could satisfy these performance measures but in a way that would not be to the betterment of the health of the plaintiffs' class.

(February 8, 2017 Transcript at 25:21 – 26:6).

1    Similarly, Plaintiffs' Response improperly raises new issues not subject to
2   Defendants' Amended Notice.  For example, Plaintiffs allege the same size drawn for PM
3   86 is defective.  (*Id*. at 8, n. 8) and that Defendants ceased monitoring PM 92 and 93 at
4   Tucson and Perryville (*Id*. at 9).  Neither of these issues were raised at the February 8,
5   2017 hearing nor in Defendants' Amended Notice.  Because the Court only permitted
6   Plaintiffs to respond to the narrow set of issues requested by the Court during the
7   February 8, 2017 hearing (Dkt. 1933 at 3), Plaintiffs' Response exceeds the scope of the
8   Court's request.

9   **III.    <u>CONCLUSION</u>**

10    Because Plaintiffs' Response is replete with extraneous issues and arguments
11   irrelevant to the issues requested by the Court at the February 8, 2017 Status Hearing, and
12   so as not to add to the procedural disarray that has already been created, Defendants will
13   not respond substantively, unless ordered by the Court to do so.  Defendants request the
14   Court require Plaintiffs to raise these issues through a separate motion.

15    DATED this 6th day of April, 2017.

16    STRUCK WIENEKE & LOVE, P.L.C.

17

18    By /s/Daniel P. Struck
19    Daniel P. Struck
       Kathleen L. Wieneke
20    Rachel Love
       Timothy J. Bojanowski
21    Nicholas D. Acedo
       Ashlee B. Fletcher
22    Anne M. Orcutt
       Jacob B. Lee
23    Kevin R. Hanger
       3100 West Ray Road, Suite 300
24    Chandler, Arizona  85226

25

26

27

28

5

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried
Lucy M. Rand
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

1

**CERTIFICATE OF SERVICE**

2

    I hereby certify that on April 6, 2017, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

3

Notice of Electronic Filing to the following CM/ECF registrants:

4

Alison Hardy:            ahardy@prisonlaw.com

5

Amelia M. Gerlicher:    agerlicher@perkinscoie.com;docketPHX@perkinscoie.com,

6

kleach@perkinscoie.com

7

Amir Q. Amiri:         aamiri@jonesday.com; ttualaulelei@jonesday.com

8

Amy B. Fettig:         afettig@npp-aclu.org

Asim Varma:           avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org;

9

phxadmin@azdisabilitylaw.org

10

Caroline N. Mitchell:    cnmitchell@jonesday.com; mlandsborough@jonesday.com;

11

nbreen@jonesday.com

12

Corene T. Kendrick:    ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:    DBarr@perkinscoie.com; docketphx@perkinscoie.com;

13

sneilson@perkinscoie.com

14

Daniel Joseph Pochoda:dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

15

David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

16

Donald Specter:        dspecter@prisonlaw.com

17

Jennifer K. Messina:    jkmessina@jonesday.com

18

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

19

John Howard Gray:     jhgray@perkinscoie.com; slawson@perkinscoie.com

20

John Laurens Wilkes:    jlwilkes@jonesday.com, dkkerr@jonesday.com

21

Jose de Jesus Rico:     jrico@azdisabilitylaw.org

22

Kathleen E. Brody:     kbrody@acluaz.org

23

Kirstin T. Eidenbach:    kirstin@eidenbachlaw.com

24

Maya Abela           mabela@azdisabilitylaw.org

25

Rose Daly-Rooney:     rdalyrooney@azdisabilitylaw.org

26

Sara Norman:         snorman@prisonlaw.com

27

Sarah Eve Kader:      skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org;

rstarling@azdisabilitylaw.org

28

1   Rita K. Lomio:          rlomio@prisonlaw.com

2

3       I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

4

5       N/A

6                                          /s/Daniel P. Struck

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28