# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DKD |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' fully briefed Motion to Enforce. (Doc. 1863, 1900, 1998) During the briefing, Plaintiffs withdrew some of their allegations of non-compliance for specific location/performance measures. (Doc. 1911 at n.1) Plaintiffs then reasserted some of these allegations. (Doc. 1998 at n.5 and p.6) Because the withdrawal and reassertion were close in time and because these location/performance measures had already been part of the Stipulation's dispute resolution process before the Plaintiffs' withdrawal, the Court concludes that Defendants will not be prejudiced by Plaintiffs' reassertion of non-compliance.

Part of the dispute between the parties is that they do not have a shared standard to determine when a location/performance measure is non-compliant. Accordingly, the Court has concluded that a location/performance is non-compliant when (1) 6 of 24 months are non-compliant; and (2) three consecutive months are non-compliant. *See* Stipulation at ¶ 21(b).

Applying this standard to the location/performance measures in the Plaintiffs' Motion to Enforce, the following are non-compliant:

>PM 35: Eyman, Florence, Lewis, Phoenix, Tucson
>
>PM 39: Yuma
>
>PM 40: Eyman, Tucson
>
>PM 44: Eyman, Florence, Lewis
>
>PM 45: Lewis, Tucson
>
>PM 50: Florence
>
>PM 51: Eyman, Florence, Tucson
>
>PM 52: Florence, Perryville, Tucson
>
>PM 94: Perryville

Defendants submitted a proposed remediation plan for certain of the above-listed location/performance measures and Plaintiffs have raised objections to the proposed plan. (Docs. 1977, 1998, 2013) The Court will wait for Defendants' reply before issuing a ruling on the remediation plan.

Finally, the Court has relied on the parties for information about location/performance measure compliance. Both parties have experienced missteps in the accurate transmittal of this data. Accordingly, the Court will require Defendants to transmit monthly reports also directly to the Court so that the Court can timely and easily review any possible future discrepancies.

**IT IS THEREFORE ORDERED** that Defendants shall reply in support of the proposed remediation plan (Doc. 1977) within 14 days from the date of this Order with a plan that covers all of the locations/performance measures identified in this Order.

**IT IS FURTHER ORDERED** that, effective immediately, Defendants shall file with the Court the monthly CGAR data at the same time that it is provided to Plaintiffs.

Dated this 24th day of April, 2017.

_____
David K. Duncan
United States Magistrate Judge