**Index of Exhibits to Defendants' Statement
Regarding Appointment of Special Master**

Exhibit A    Declaration of Charles Ryan

Exhibit B    Declaration of Richard Pratt

Exhibit C    Amended Stipulation and Order, *Carlos Perez v. James Titlon, et al.,* No. C-05-5241 JSW (N.D. Cal.)

Exhibit D    Stipulation for Injunctive Relief, *Plata v. Davis, et al.,* No. C-01-1351 TEH (N.D. Cal.)

**EXHIBIT A**

**EXHIBIT A**

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 22126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>                              Plaintiffs, <br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>                              Defendants. | NO. 2:12-cv-00601-NVW <br><br> **DECLARATION OF CHARLES RYAN** |

I, **CHARLES RYAN**, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2. I am the Director of the Arizona Department of Corrections ("ADC").

3. I was the ADC Interim Director from January 30, 2009, until February 16, 2010, when my appointment as Director was confirmed by the Senate. I was previously the Acting ADC Director from November 8, 2002 to June 30, 2003. Prior to that time, I was the Deputy Director of Prison Operations from 1996 to June 30, 2003.

4. As ADC's Director, I oversee the overall operations and policies of ADC including: maintaining and administering all ADC institutions and programs; administering community supervision services for adult inmates released from prison in accordance with the law; developing uniform statewide community field supervision services in Arizona; recommending policies and programs to the Governor and Legislature for improving correctional programs; establishing employment qualifications for Deputy Directors and other key personnel; and developing incentives for inmates to encourage good behavior and faithful performance of work.

5. I possess in-depth, hands-on institutional knowledge of the Arizona Department of Corrections and have extensive experience in the development of correctional institution policy including the formulation of the inmate classification system; staffing, operation and activities of various prison complexes; and the development of budgetary requirements.

6. I am personally aware of the history of the *Parsons et al. v. Ryan et.al.* litigation and the negotiation of the Stipulation that was ultimately signed by the parties on October 9, 2014, and filed on October 14, 2014.

7. As ADC's Director and a named Defendant in the litigation, I was intimately aware of, analyzed, and understood the intent of the terms of the negotiated Stipulation.

2

8. In agreeing to the terms of the Stipulation on behalf of ADC, I understood and appreciated the important impact each agreed-upon term of the Stipulation would have on ADC's daily operations regarding not only the delivery of health care and conditions of confinement for ADC maximum custody inmates, but also the impact on budget, staffing and overall daily operations for the ten ADC prison complexes located throughout the state.

9. In agreeing to the terms of the Stipulation on behalf of ADC, I also understood the nature and scope of the agreed upon system-wide monitoring of ADC's delivery of health care and maximum custody conditions of confinement.

10. In agreeing to the terms of the Stipulation on behalf of ADC, I understood and intended that Magistrate Judge Duncan would be specifically and solely responsible for assessing ADC's compliance with the agreed-upon healthcare and maximum custody performance measures set forth in the parties' Stipulation.

11. I also understood and intended that any disputes related to a Notice of Substantial Non-Compliance that could not be resolved by the parties would be mediated by Magistrate Judge Buttrick, or if he later became unavailable, another Magistrate Judge agreed upon by the parties or appointed by the District Judge.

12. I did not agree to, nor would I have ever agreed to, a Stipulation that provided the Court with the authority to appoint a special master or a court-appointed expert to mediate disputes over Notices of Substantial Non-Compliance, to assess compliance with the Stipulation, or to develop remedial plans.

13. Likewise, I did not agree to, nor would I have ever agreed to, a Stipulation that provided the Court with the authority to appoint a special master or a court-appointed expert to evaluate or make changes to ADC's monitoring programs for healthcare or maximum custody performance measures.

14. In addition, I did not agree to, nor would I have ever agreed to, a Stipulation that provided the Court with the authority to appoint a special master or a court-appointed

expert to evaluate or perform a market analysis regarding the salaries paid by ADC's contracted healthcare vendor to its medical providers.

15. In agreeing to settle the case on behalf of ADC, I understood and agreed to payment of up to $250,000 annually to Plaintiffs' counsel for work reasonably performed or costs incurred to monitor or enforce the relief provided in the Stipulation and further payment to Plaintiffs' counsel if they were the prevailing party on a Motion to Enforce relating to compliance with the Stipulation performance measures.

16. I did not agree to, nor would I have ever agreed to, a provision in the Stipulation providing that any additional cost relating to monitoring or enforcement of the Stipulation, including payment for a special master or court-appointed expert, would be born in whole or in part by ADC.

17. In agreeing to the terms of the Stipulation on behalf of ADC, I did not intend, expect, or agree for the Court to have the authority to unilaterally modify the Stipulation in any way for any reason. To memorialize that intent, ADC insisted on including the following provision in the Stipulation: "This is an integrated agreement and may not be altered or modified, except by a writing signed by all representatives of all parties at the time of modification."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22nd, 2017.

_____
CHARLES RYAN

4