**EXHIBIT B**

**EXHIBIT B**

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DECLARATION OF RICHARD PRATT** |

I, **RICHARD PRATT**, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2. I have been working with the Arizona Department of Corrections ("ADC") since July 2000, not including from October 2009 to July 2011, when I was employed elsewhere.

3. In February 2012, I was appointed Interim Assistant Director of ADC's Health Services Contract Monitoring Bureau ("HSCMB") following Dr. Michael Adu-Tutu's retirement. When Health Services was privatized in July 2012, my title was adjusted to be the Interim Assistant Director of ADC's HSCMB.

4. When Arthur Gross was hired to be the Assistant Director in October 2012, my position changed to Program Evaluation Administrator.

5. I was placed under a temporary special assignment as the Interim Assistant Director on March 1, 2014, when Mr. Gross retired.

6. I was named Assistant Director on August 2, 2014.

7. As Assistant Director, I am responsible for providing managerial oversight and direction to the HSCMB to monitor the contracted vendor's compliance with all aspects of the health services contract. I am also responsible for reviewing and responding to internal and external inquiries pertaining to compliance issues, contract specifications, reports, inspections, staffing levels, and legal mandates of inmate healthcare, mental health care, and dental care services.

8. I am familiar with ADC's policies and practices pertaining to healthcare, including medical care, dental care, and mental health care, the privatization of ADC healthcare, ADC's contract with Corizon, Corizon's responsibilities under that contract, and the HSCMB's monitoring of Corizon's care to ADC inmates.

9. I am personally familiar with the *Parsons* litigation, the resulting Stipulation, and the monitoring and reporting of the health care performance measures (HC PMs) in the Stipulation.

1

10. As Assistant Director of the HSCMB and a named Defendant in this case, I was closely involved in the negotiations between the parties that ultimately resulted in settlement of the lawsuit through the signing of a Stipulation.

11. In agreeing to the terms of the Stipulation on behalf of ADC, I understood and intended that Magistrate Judge Duncan would be specifically and solely responsible for assessing ADC's compliance with the agreed-upon healthcare performance measures set forth in the parties' Stipulation.

12. I also understood and intended that any disputes related to a Notice of Substantial Non-Compliance that could not be resolved by the parties would be mediated by Magistrate Judge Buttrick, or if he later became unavailable, another Magistrate Judge agreed upon by the parties or appointed by the District Judge.

13. I did not agree to, nor would I have ever agreed to, a Stipulation that provided the Court with the authority to appoint a special master or a court-appointed expert to mediate disputes over Notices of Substantial Non-Compliance, to assess compliance with the Stipulation, or to develop remedial plans.

14. Likewise, I did not agree to, nor would I have ever agreed to, a Stipulation that provided the Court with the authority to appoint a special master or a court-appointed expert to evaluate or make changes to ADC's monitoring program.

15. In addition, I did not agree to, nor would I have ever agreed to, a Stipulation that provided the Court with the authority to appoint a special master or a court-appointed expert to evaluate or perform a market analysis regarding the salaries paid by ADC's contracted healthcare vendor to its medical providers.

16. In agreeing to settle the case on behalf of ADC, I understood and agreed to payment of up to $250,000 annually to Plaintiffs' counsel for work reasonably performed or costs incurred to monitor or enforce the relief provided in the Stipulation. I did not agree to, nor would I have ever agreed to, a provision in the Stipulation providing that any additional cost for a special master or court-appointed expert would be born in whole or in part by ADC.

17. In agreeing to the terms of the Stipulation on behalf of ADC, I did not intend, expect, or agree for the Court to have the authority to unilaterally modify the Stipulation in any way for any reason. To memorialize that intent, ADC insisted on including the following provision in the Stipulation: "This is an integrated agreement and may not be altered or modified, except by a writing signed by all representatives of all parties at the time of modification."

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of May, 2017.

_____
RICHARD PRATT

3