Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE REGARDING PRINTING ELECTRONIC COMMUNIQUES FROM eOMIS (Doc. 2072) AND REQUEST FOR FURTHER RELIEF** |

Plaintiffs reiterate their past request to the Court (Doc. 1998 at 10) that it issue a further enforcement order regarding Performance Measure ("PM") 47, which requires "[a] Medical Provider will communicate the results of the diagnostic study to the inmate upon request and within seven calendar days of the date of the request," at all ten ADC prisons.[1] [Doc. 1185-1 at 11]  The Court previously found Defendants substantially noncompliant with PM 47 at all ten prisons on October 7, 2016. [Doc. 1709 at 1]  After more than seven months of Defendants promising the Court and Plaintiffs that the ongoing noncompliance would be addressed, and asking the Court repeatedly for more time to see improvement, it is time for the Court to issue an enforcement order granting further relief, given the ongoing noncompliance evident from the CGAR data.  [*See* Doc. 1998 at 10 for a summary of the multiple extensions given to Defendants to see improvement]

|  | Apr | May | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Douglas | 42 | 67 | 67 | 88 | 89 | 80 | 44 | 100 | 100 | 100 | 83 | 85 |
| Eyman | 45 | 27 | 65 | 32 | 38 | 47 | 55 | 25 | 45 | 55 | 54 | 47 |
| Florence | 33 | 38 | 53 | 31 | 49 | 68 | 64 | 41 | 63 | 59 | 23 | 40 |
| Lewis | 47 | 53 | 51 | 61 | 56 | 64 | 71 | 78 | 77 | 25 | 83 | 44 |
| Perryville | 7 | 38 | 43 | 72 | 61 | 47 | 64 | 70 | 79 | 89 | 74 | 88 |
| Phoenix | 100 | 0 | 100 | 67 | 100 | 100 | 75 | 0 | N/A | 67 | 67 | 100 |
| Safford | N/A | 100 | N/A | N/A | 100 | N/A | 100 | N/A | 100 | N/A | N/A | 50 |
| Tucson | 18 | 21 | 15 | 29 | 6 | 41 | 41 | 45 | 44 | 56 | 67 | 59 |
| Winslow | 0 | 100 | 50 | 100 | 50 | 100 | 100 | 100 | N/A | 86 | 50 | 100 |
| Yuma | 42 | 35 | 50 | 59 | 66 | 80 | 79 | 55 | 48 | 80 | 83 | 89 |

At the May 10, 2017 hearing, Defendants provided preliminary March 2017 CGAR results to the Court, which prompted the Court to describe some of the prisons as "abject failures."  [5/10/17 Tr. at 850:12]  Defendants' counsel avowed to the Court that the newest remedial plan to address substantial noncompliance with this performance

---

[1] While some prisons are at or above 85% in March, their performance in preceding months was substantially noncompliant. "A good or lucky day is not a state of compliance.  Nor is the dubious state in which a past . . . problem is not recurring at the moment but the cause of that problem has not been completely and clearly eradicated." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found.*, 484 U.S. 49, 69 (1987) (Scalia, J., concurring in part and concurring in the judgment).

1 measure, to have "an electronic version of a communique out of eOMIS and forward a
2 copy of that to the inmate communicating the diagnostic test results" would provide
3 improvements, and that this system would be "operational within the next couple of
4 weeks." [5/10/17 Tr. at 851:3-4, 16; *see also* 853:13-21 ("THE COURT: All right. Is the
5 plan that you say will be in place in two weeks going to be used at all of the facilities?
6 MR. BOJANOWSKI: Yes.  THE COURT:  So what's going to happen you say in two
7 weeks is there will be, via inmate mail, a communication of the diagnostic report to the
8 inmate who has received that within seven days of that diagnostic examination being
9 undertaken? MR. BOJANOWSKI:  Correct.")]

10 Despite Plaintiffs' counsel's objections and recitation of the many extensions of
11 time previously provided to Defendants with regard to this performance measure, (*See*
12 5/10/17 Tr. at 851:19-852:15; 853:7-11), the Court informed Defendants they had ***two***
13 ***more weeks*** to implement this plan.

> THE COURT: So 14 days from today, the defendants will file a notice with the Court informing it that it is on line with this measure designed to address the failure with respect to Performance Measure 47. If they are not on line they shall explain to the Court why they are not on line, and then before we meet again on the 14th of June, I will have an opportunity to hear from plaintiffs as to what steps I should take in lieu of relying yet again on the defendants.

18 *Id*. at 853:23-854:5.

19 Now, two weeks later, Defendants reported that "the ability to print electronic
20 communiques directly from eOMIS to advise inmates of diagnostic test results is expected
21 to go live on July 27, 2017."  [Doc. 2072 at 2]  In defiance of the Court's instructions,
22 they offer ***no*** explanation as to why the system is delayed at least ***two more months***, if not
23 longer, after Defendant Pratt and Corizon senior management advised their attorney, who
24 avowed repeatedly to the Court, that the system would be in place within two weeks.

25 Furthermore, Defendants' proposed interim solution is "providers will write out a
26 communique to the inmate, which will be delivered through the inmate mail system." *Id*.
27 This so-called interim remedial plan is no plan at all, but simply states what the providers
28 are already supposed to be doing pursuant to the Stipulation, but are failing to do.  A

promise of "we'll do what we're supposed to be doing" is inadequate.

Plaintiffs reiterate their previous observation to the Court about Defendants' remedial plans in general, and the failure of Defendants to provide any specific detail or accountability:

> [A] general objection we have is this -- these plans are very aspirational and they are often like somebody is going to start doing this and start having to report. And we think that in order for them to come into compliance they really need to break this down into the constituent parts and say, you know, here is an example of the form we are going to use. This is the day that we are going to train people to do this.
>
> And so, you know, everything is written in the subjunctive or in the future tense so it is very hard for us to comment on it because all these wonderful things may or may not happen, but we've got to wait three months [to] see what shows up in the CGARs.
>
> [. . .] [A] general comment that we would make is to the extent there's actually concrete detail with deadlines, who is accountable, what is going to be done, it would be much easier for us and our experts to evaluate these remedial plans and offer substantive comments because it's very hard to offer substantive comments on things that say, going forward, we'll have a form. What does that mean? It's hard for us to provide to you and defendants useful substantive comments when we're given . . . these vague generalities.

[5/10/17 Tr. at 824:23-825:18]

In response, the Court observed:

> And my intention is to become evermore knowledgeable and evermore engaged if necessary. I don't want to be engaged. I want to leave the prison management to the people who are in the business of managing prisons. But if that doesn't work then I will get the kind of detail. I will be involved to the extent where I have to know exactly whom was identified as the people who are going to perform that job and why is it that they didn't perform the job in the subsequent months.

[*Id*. at 826:1-9]

Given the manifest failure of Defendants' remedial plans for PM 47, and Defendants' notification that the earliest they will implement their new remedial plan for PM 47 is at least two months away, Plaintiffs request the Court issue a further enforcement order on this issue. Plaintiffs propose that the Court order Defendants and their contractor to ensure that within 7 days of its order, there is a dedicated member of the health care staff at each institution who will timely provide these communiques to

prisoners who request them.  Plaintiffs further request that the Court order Defendants to track and report to the Court and Plaintiffs on a weekly basis, for each institution, the timeliness of every single communique sent in response to prisoners' requests.  A proposed order is attached.

Respectfully submitted,

Dated: May 31, 2017                                **PRISON LAW OFFICE**

By: *s/ Corene Kendrick*
    Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
    Sara Norman (Cal. 189536)*
    Corene Kendrick (Cal. 226642)*
    Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:   dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Jamelia N. Morgan (N.Y. 5351176)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:   dfathi@aclu.org
           afettig@aclu.org
           jmorgan@aclu.org
           vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email:   kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: *s/ Maya Abela*
Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   skader@azdisabilitylaw.org
         adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
   rdalyrooney@azdisabilitylaw.org
   jrico@azdisabilitylaw.org
   jross@azdisabilitylaw.org
   mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com

*Attorneys for Defendants*

                                                D. Freouf