**EXHIBIT 2**

**EXHIBIT 2**

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DECLARATION OF RICHARD PRATT** |

I, **RICHARD PRATT**, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2. I have been working with the Arizona Department of Corrections ("ADC") since July 2000, not including from October 2009 to July 2011, when I was employed elsewhere.

3. In February 2012, I was appointed Interim Assistant Director of ADC's Health Services Contract Monitoring Bureau ("HSCMB"). When Health Services was privatized in July 2012, my title was adjusted to be the Interim Assistant Director of ADC's HSCMB.

4. I was named Assistant Director on August 2, 2014.

5. As Assistant Director, I am responsible for providing managerial oversight and direction to the HSCMB to monitor the contracted vendor's compliance with all aspects of the health services contract. I am also responsible for reviewing and responding to internal and external inquiries pertaining to compliance issues, contract specifications, reports, inspections, staffing levels, and legal mandates of inmate healthcare, mental health care, and dental care services.

6. I am familiar with ADC's policies and practices pertaining to healthcare, including medical care, dental care, and mental health care, the privatization of ADC healthcare, ADC's contract with Corizon, Corizon's responsibilities under that contract, and the HSCMB's monitoring of Corizon's care to ADC inmates.

7. I am personally familiar with the *Parsons* litigation, the resulting Stipulation, and the monitoring and reporting of the health care performance measures (HC PMs) in the Stipulation.

8. I am also familiar with ADC's Inmate Grievance Procedure, particularly as it relates to inmate grievances regarding medical care.

9. The inmate grievance process is set forth in ADC Department Order (DO) 802: Inmate Grievance Procedure. See Attachment 1.

10. First, an inmate must submit an Informal Complaint Resolution form to his Correctional Officer III (CO III) within ten workdays of the action that caused the Complaint. (Attachment 1: DO 802.02 at 1.2.)

11. For a compliant involving medical care, the CO III forwards the Informal Complaint Resolution form to the Contract Facility Director of Nursing, who must respond within 15 workdays using the Inmate Informal Complaint Resolution Form. (Attachment 1: DO 802.02 at 1.3.3, 1.3.3.1.)

12. If the inmate is dissatisfied with the Contract Facility Director of Nursing's response, or if the timeframes for the response have been exceeded, he may submit a Formal Grievance within five workdays of the response to the unit CO IV Grievance Coordinator using the Inmate Grievance form. (Attachment 1: DO 802.05 at 1.1.)

13. The CO IV Grievance Coordinator forwards the Inmate Grievance to the Contract Facility Health Administrator, who has fifteen workdays to investigate and prepare a response. (Attachment 1: DO 802.05 at 1.1, 1.1.1, 1.1.2.)

14. The Contract Facility Health Administrator maintains a copy of the Formal Grievance, returns the completed grievance in a sealed envelope to the CO IV Grievance Coordinator, and emails the Formal Grievance, response, and any supporting documentation to the Contract Compliance Monitor or designee. (Attachment 1: DO 802.05 at 1.1.3, 1.1.4.)

15. The CO IV Grievance Coordinator closes out the grievance tracking log and forwards the sealed grievance to the inmate. (Attachment 1: DO 802.05 at 1.1.3.1.)

16. The Contract Facility Health Administrator's response to the Formal Grievance is final and constitutes exhaustion of all remedies within ADC. (Attachment 1: DO 802.05 at 1.2.)

17. Inmate Jensen has not submitted any informal complaints or formal grievances utilizing the ADC Inmate Grievance Procedure in the past six months.

18. In addition, a review of the grievance database reveals that Inmate Jensen has not completed the final level of the ADC Inmate Grievance Procedure at any time.

19. Accordingly, Inmate Jensen has not exhausted the administrative remedies available to him at ADC with respect to his medical treatment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of May, 2017.

_____
RICHARD PRATT

3

**ATTACHMENT 1**

**ATTACHMENT 1**



| | ARIZONA DEPARTMENT OF CORRECTIONS | CHAPTER: 800<br><br>INMATE MANAGEMENT | OPR:<br><br>DIR<br>OPS |
|---|---|---|---|
| DEPARTMENT ORDER MANUAL | | DEPARTMENT ORDER: 802<br><br>*INMATE GRIEVANCE PROCEDURE* | SUPERSEDES:<br><br>DO 802 (12/12/13) |
| | | | EFFECTIVE DATE:<br><br>OCTOBER 16, 2016 |
| | | | REPLACEMENT PAGE REVISION DATE:<br><br>N/A |

# TABLE OF CONTENTS

**PURPOSE**

**RESPONSIBILITY**

**PROCEDURES**                                                                                          **PAGE**

**802.01**       GENERAL INFORMATION ............................................................................................1

**802.02**       INFORMAL COMPLAINT RESOLUTION ....................................................................2

**802.03**       FORMAL GRIEVANCE PROCESS (NON-MEDICAL) ...............................................3

**802.04**       APPEALS TO THE DIRECTOR (NON-MEDICAL) ....................................................4

**802.05**       FORMAL GRIEVANCE PROCESS (MEDICAL)........................................................4

**802.06**       INTERSTATE COMPACT AND PRIVATE PRISON GRIEVANCES........................5

**802.07**       VEXATIOUS GRIEVANCES (NON-MEDICAL)..........................................................6

**802.08**       SEXUAL OFFENSE GRIEVANCE..............................................................................6

**802.09**       REJECTED AND UNPROCESSED GRIEVANCE(S) ...............................................8

**802.10**       PROTECTION AGAINST REPRISAL ........................................................................8

**802.11**       ORIENTATION AND TRAINING..................................................................................9

**802.12**       REPORTING AND RECORDS REQUIREMENTS....................................................9

    **DEFINITIONS** ............................................................................................................................9

    **CROSS-REFERENCE INDEX** ..............................................................................................10

    **AUTHORITY**............................................................................................................................11

    **ATTACHMENTS**

# PURPOSE

The Department provides inmates with access to an Inmate Grievance Procedure to provide opportunity for informal resolution and a formal review of an issue impacting conditions of confinement or institutional life which personally affect the inmate grievant. This Department Order provides timely, administrative remedies to inmate complaints that might otherwise unnecessarily burden the courts.

# RESPONSIBILITY

All Department staff are responsible for promoting meaningful dialogue and timely written communication with inmates to resolve inmate complaints and disputes at the lowest possible level in the organization and at the earliest possible opportunity.

The Division Director for Offender Operations is responsible for the overall operation of the Inmate Grievance Procedure. Under the direction of the General Counsel, the Central Office Appeals Unit Administrator and Appeals Officers are responsible for monitoring the effectiveness of the procedure and ensuring all appeals are presented to the Director for review. Wardens are responsible for ensuring Department staff follow all procedures outlined in this Department Order.

# PROCEDURES

**802.01        GENERAL INFORMATION**

    1.1     The Inmate Grievance Procedure is designed to address inmate complaints related to any aspect of institutional life or condition of confinement that directly and personally affects the inmate grievant, including written instructions (i.e., Department Orders, Director's Instructions, Post Orders, and Technical Manuals), procedures, and the actions of staff.

    1.2     The following are not grievable under the Inmate Grievance Procedure:

        1.2.1    Actions of the Governor or State Legislature.

        1.2.2    Decisions of the Arizona Board of Executive Clemency.

        1.2.3    Judicial proceedings or decisions of the Courts.

    1.3     The Inmate Grievance Procedure does not serve as a duplicate appeal process or substitute appeal process for the following, which have independent appeal processes:

        1.3.1    Disciplinary Hearing Process outlined in Department Order #803, <u>Inmate Disciplinary Procedure</u>.

        1.3.2    Publication Review outlined in Department Order #914, <u>Inmate Mail</u>.

        1.3.3    Protective Custody outlined in Department Order #805, <u>Protective Custody</u>.

        1.3.4    Security Threat Group Validation outlined in Department Order #806, <u>Security Threat Groups (STGs)</u>.

        1.3.5    Classification action outlined in Department Order #801, <u>Inmate Classification</u>.

1.4 Inmates who attempt to file grievances and appeals for actions outlined in 1.3 of this section will be instructed to follow the appeal process outlined in the specific Department Order or written instruction. Appeals to the Central Office Appeals Unit on these actions may be considered only if the primary issue is outside the scope of the established appeals process.

1.5 Pursuant to the Prison Litigation Reform Act of 1996 (PLRA), inmates shall completely exhaust the Department's internal grievance and administrative processes prior to filing any complaint with any State Board or Federal Court.

1.6 Inmates may utilize the Inmate Grievance Procedure regardless of their disciplinary status, housing location or classification. Appropriate provisions shall be made to ensure inmates who are not fluent in English, persons with disabilities, inmates with low literacy levels, the elderly and the mentally ill have access to the Inmate Grievance Procedure.

1.7 Wardens shall ensure there are no barriers for inmate access to Inmate Grievance forms and inmates have the ability to file grievances and appeals in a timely and confidential manner.

1.8 Inmates are not required to use the formal Inmate Grievance Procedure to submit a verbal or written emergency complaint.

   1.8.1 An emergency is a condition which, if processed through the normal grievance time frames, would subject the inmate to substantial risk of medical harm, personal injury or cause other serious and irreparable harm.

   1.8.2 Any emergency complaint received by staff shall be immediately evaluated through the chain of command to determine whether it is an emergency as defined in 1.8.1 of this section and requires immediate response outside of the Inmate Grievance Procedure time frames.

1.9 Inmates may file grievances and appeals directly to the Warden when the content of the grievance is of a nature, which would pose a threat to the safety of the inmate, staff, or other inmates if the grievance were filed through established procedures.

1.10 Unless notified of an extension of time frames, expiration of any time limit for a response at any stage in the process shall entitle the inmate grievant to move to the next step in the process. Extensions at any step in the grievance process shall not exceed 15 workdays, with the exception of section 802.08 of this Department Order.

   1.10.1 If an inmate does not receive a response within the time period specified, his/her time to proceed to the next stage of the grievance process is the same as if he/she had received a response. The time to proceed to the next stage of the grievance process begins to run the day after a response was due back to the inmate.

1.11 The maximum length of time for completion of the grievance process is 120 calendar days from initiation of the Formal Grievance process to final disposition.

**802.02    INFORMAL COMPLAINT RESOLUTION**

1.1 Inmates shall attempt to resolve their complaints through informal means including, but not limited to, discussion with staff in the area most responsible for the complaint or through the submission of an Inmate Informal Complaint Resolution, Form 802-11.

1.2  In the event an inmate is unable to resolve their complaint through informal means, he/she may submit an Informal Complaint on an Inmate Informal Complaint Resolution form to the Correctional Officer (CO) III in their respective unit. The Informal Complaint must be submitted within ten workdays from the date of the action that caused the complaint. The inmate shall attach copies of all documentation to support his/her complaint.

1.3  The CO III shall:

   1.3.1  Investigate and attempt to resolve the complaint informally.

   1.3.2  Provide a response to the inmate within 15 workdays using the Inmate Informal Complaint Response, Form 802-12.

   1.3.3  For Medical Informal Complaint Resolutions, immediately forward the Informal Complaint to the Contract Facility Director of Nursing.

      1.3.3.1  The Contract Facility Director of Nursing shall respond to the Informal Complaint within 15 workdays using the Inmate Informal Complaint Response form.

1.4  Inmates may file a Formal Grievance if they are dissatisfied with the Inmate Informal Complaint Response or if the time frames for the response have been exceeded.

**802.03  FORMAL GRIEVANCE PROCESS (NON-MEDICAL)**

1.1  Grievances of inmates deemed a Vexatious Grievant in accordance with Department Order #803, Inmate Disciplinary Procedure, shall be filed and reviewed as outlined in section 802.07 of this Department Order.

1.2  An inmate may file a Formal Grievance should he/she be unable to resolve their complaint informally. The inmate has five workdays from receipt of the response from the CO III to submit a Formal Grievance to the unit CO IV Grievance Coordinator using the Inmate Grievance, Form 802-1, and/or the Inmate Grievance-GF Supplement, Form 802-7.

1.3  The inmate shall place a single complaint with related issues on a single Inmate Grievance form. If the inmate includes multiple unrelated issues on a single form or submits a duplicate complaint, the submission of the grievance shall be rejected and returned to the inmate as unprocessed.

1.4  The inmate shall submit the Inmate Grievance form to the unit CO IV Grievance Coordinator. The unit CO IV Grievance Coordinator shall log and assign a number to each Inmate Grievance form using the Unit Coordinator Grievance Log, Form 802-9.

1.5  The unit CO IV Grievance Coordinator may request an additional investigation be conducted and may assign any unit staff member to the investigation to aid in the resolution of the grievance. The inmate shall be notified in writing of any extensions.

1.6  Within 15 workdays following receipt of the Formal Grievance, the Deputy Warden shall issue a written response to the inmate.

   1.6.1  The written response to the inmate shall include:

      1.6.1.1  A summarization of the inmate's complaint.

    1.6.1.2 A description of what action was taken to investigate the complaint.

    1.6.1.3 A summary of the findings.

    1.6.1.4 The decision and supporting rationale in reaching the decision.

  1.6.2 The decision from the unit level shall either be "Resolved" or "Not Resolved."

  1.6.3 Should the response indicate the grievance is "Not Resolved" due to a Department written instruction, the specific Department Order, Director's Instruction, or Post Order or other written instruction or directive shall be noted in the response.

  1.6.4 The Deputy Warden shall sign the written response to the inmate. Any attachments shall remain with the original grievance form.

## 802.04 APPEALS TO THE DIRECTOR (NON-MEDICAL)

 1.1 Inmates may elect to appeal the decision of the Deputy Warden to the Director within five workdays of receipt of the Deputy Warden's decision by submitting an Inmate Grievance Appeal, Form 802-3, to the unit CO IV Grievance Coordinator. Inmates may not file an appeal to the Director until the Inmate Grievance Procedure within their assigned unit and institution has been exhausted.

 1.2 The unit CO IV Grievance Coordinator shall log, process and forward all documents to the Central Office Appeals Officer within five workdays of receiving the Inmate Grievance Appeal from the inmate.

 1.3 The Central Office Appeals Officer may return Grievance Appeals to the unit CO IV Grievance Coordinator for further investigation or when they do not meet the requirements of this Department Order.

 1.4 Within 30 calendar days of receiving the Inmate Grievance Appeal, the Central Office Appeals Officer shall prepare a response and submit it to the Director for signature.

 1.5 The Director may delegate signature authority for any and all Grievance Appeal responses.

 1.6 The decision of the Director is final and constitutes exhaustion of all remedies within the Department.

## 802.05 FORMAL GRIEVANCE PROCESS (MEDICAL)

 1.1 An inmate may file a Formal Grievance should he/she be unable to resolve their complaint informally. The inmate has five workdays from receipt of the response from the Contract Director of Nursing to submit a Formal Grievance to the unit CO IV Grievance Coordinator, using the Inmate Grievance form. Upon receipt of any Medical Grievance, the unit CO IV Grievance Coordinator shall immediately forward the Formal Grievance form to the Contract Facility Health Administrator. Within 15 workdays of receipt, the Contract Facility Health Administrator shall:

  1.1.1 Investigate the complaint.

        1.1.2    Prepare a written response to the inmate's Formal Grievance. The written response to the inmate shall include:

              1.1.2.1    A summarization of the inmate's complaint.

              1.1.2.2    A description of what action was taken to investigate the complaint to include the date and content if a personal meeting with the inmate was conducted.

              1.1.2.3    A summary of findings.

              1.1.2.4    The decision and supporting rationale in reaching the decision.

                    1.1.2.4.1    The decision from the facility level shall either be "Resolved" or "Not Resolved."

        1.1.3    Maintain a copy of the inmate's Formal Grievance and return the completed grievance in a sealed envelope to the unit CO IV Grievance Coordinator clearly marked with the inmate's name, Arizona Department of Corrections (ADC) number, housing unit location, and the Grievance number.

              1.1.3.1    The unit CO IV Grievance Coordinator shall utilize the Grievance number on the envelope to close out their tracking log and forward the completed Formal Grievance to the inmate in the sealed envelope.

        1.1.4    Email copies of the Grievance, Response, and supporting documentation to the ADC Contract Compliance Monitor or designee.

    1.2    The decision of the Contract Facility Health Administrator is final and constitutes exhaustion of all remedies within the Department.

**802.06**    **INTERSTATE COMPACT AND PRIVATE PRISON GRIEVANCES**

    1.1    Inmates housed out-of-state through Interstate Compact Agreements or assigned to a private prison facility in state or out of state shall follow all Inmate Grievance and Appeals procedures at the institution where they are housed.

    1.2    Private prison Wardens shall notify the Contract Beds Bureau Monitor of all Formal Grievances regarding issues specifically related to an action by the private prison, and how they were resolved. Documentation shall be maintained as part of the Inmate Grievance record.

    1.3    Inmates assigned to private prisons – For inmates housed in private prisons, whether in-state or out-of- state, the private prison Warden shall ensure the contracted facility has a meaningful grievance procedure that affords inmates the opportunity to resolve issues at the local level.

        1.3.1    The private prison Program Supervisor shall act in the capacity of the CO IV Grievance Coordinator as outlined in section 802.03 of this Department Order.

        1.3.2    The private prison Warden or designee shall act in the capacity of the Deputy Warden as outlined in section 802.03 of this Department Order. The private prison Warden or designee, in consultation with the Contract Beds Bureau Deputy Warden Monitor, shall provide written Formal Grievance response to the inmate.

  1.3.3 The Contract Facility Health Administrator shall be responsible for responding to inmate Medical Grievances.

**802.07** **VEXATIOUS GRIEVANCES (NON-MEDICAL)** - Grievances of inmates deemed a Vexatious Grievant in accordance with Department Order #803, Inmate Disciplinary Procedure, shall be filed and reviewed as outlined in this section. An inmate's Vexatious Grievant status shall be noted on the appropriate AIMS screen.

 1.1 The filing of even one grievance that meets any of the criteria of Vexatious Conduct, as defined in the DEFINITIONS section, may subject inmates to disciplinary action in accordance with Department Order #803, Inmate Disciplinary Procedure.

 1.2 Inmates who have been designated as a Vexatious Grievant who wish to file a Formal Grievance after following the process outlined in section 802.02 of this Department Order, shall submit a Grievance Request, Form 802-13, to the Warden. Grievance requests not submitted on the Grievance Request form shall be returned as unprocessed.

 1.3 The Warden shall review the Grievance Request form and all other documentation related to the grievance to determine whether the grievance meets the criteria of Vexatious Conduct.

  1.3.1 The Warden's decision to allow or deny the grievance shall be noted on the Grievance Request form.

   1.3.1.1 If the grievance is allowed, the decision shall be noted on the form and returned to the inmate within five calendar days. The grievance will then be accepted and processed in accordance with sections 802.03 and 802.04 of this Department Order.

   1.3.1.2 If the grievance is denied, the form shall be returned to the inmate within five calendar days with the reason for the denial noted.

 1.4 If the inmate wishes to appeal the decision of the Warden, the inmate shall submit the Grievance Appeal form and one of the copies of the Grievance Request form provided to the inmate after the Warden's review to the unit CO IV Grievance Coordinator within five calendar days of receipt.

  1.4.1 The unit CO IV Grievance Coordinator shall log, process and forward all documentation to the Central Office Appeals Officer.

 1.5 Within 15 calendar days of receipt of an inmate's Inmate Grievance Appeal, the Director or designee shall note their decision to allow or deny the appeal on the form, and return the form to the inmate.  The Director's Level decision is final and constitutes an exhaustion of available administrative remedies as it relates to Inmate Grievance Requests.

**802.08** **SEXUAL OFFENSE GRIEVANCE -** Staff receiving an Informal Complaint or Formal Grievance at any level that describes activity that may be in violation of the Prison Rape Elimination Act (PREA) 0f 2003, 24 U.S.C.A. 15601 through 15609 shall immediately initiate Department Order #125, Sexual Offense Reporting and notify the shift commander who shall notify the unit Deputy Warden or institution Warden.

 1.1 The exhaustion of administrative remedies consists of the following (an agency shall be exempt from this standard if it does not have administrative procedures to address Inmate Grievances regarding sexual abuse):

1.1.1 The Department shall not impose a time limit when an inmate may submit a grievance regarding an allegation of sexual abuse.

1.1.2 The Department may apply otherwise applicable time limits to any portion of a grievance that does not allege an incident of sexual abuse.

1.1.3 The Department shall not require an inmate to use any informal grievance process or to otherwise attempt to resolve with staff an alleged incident of sexual abuse.

1.1.4 Nothing in this section of the Department Order shall restrict the ability of the Department to defend against an inmate's lawsuit on the ground that the applicable statute of limitation has expired.

1.1.5 The Complex Grievance Coordinator shall ensure an inmate who alleges sexual abuse may submit a grievance without submitting it to a staff member who is the subject of the complaint; and such grievance is not referred to a staff member who is the subject of the complaint.

1.2 Final Decisions/Extensions

1.2.1 The Warden or designee shall issue a final decision on the merits of any portion of a grievance alleging sexual abuse within 90 workdays of the initial filing of the grievance. Computation of the 90 workday time period shall not include time consumed by inmates in preparing any administrative appeal.

1.2.2 The Complex Grievance Coordinator may claim an extension of time to respond, of up to 70 workdays, if the normal time period of 90 workdays for response is insufficient to make an appropriate decision. The Department shall notify the inmate in writing of any such extension and provide a date by which a decision will be made.

1.2.3 At any level of the administrative process, including the final level, if the inmate does not receive a response within the time allotted for reply, including any properly noticed extension, the inmate may consider the absence of a response to be a denial at that level.

1.3 Third Parties

1.3.1 Third parties, including fellow inmates, staff members, family members, attorneys, and outside advocates, shall be permitted to assist inmates in filing requests for administrative remedies relating to allegations of sexual abuse, and shall also be permitted to file such requests on behalf of inmates.

1.3.2 If a third party files such a request on behalf of an inmate, the facility may require as a condition of processing that the alleged victim agree to have the request filed on his or her behalf, and may also require the alleged victim to personally pursue any subsequent steps in the administrative remedy process.

1.3.3 If the inmate declines to have the request processed on his or her behalf, the Department shall document the inmate's decision.

1.4 Emergency Grievance(s)

1.4.1 The Grievance Coordinator or staff member receiving an emergency grievance or an Informal Complaint alleging an inmate is subject to a substantial risk of imminent sexual abuse shall immediately forward the grievance or Complaint (or any portion thereof that alleges the substantial risk of imminent sexual abuse) to a level of review at which immediate corrective action may be taken. An initial response shall be provided to the inmate within 48 hours, and the Warden or designee shall issue a final decision within five calendar days.

1.4.2 The Warden or designee shall document the initial response and final decision, the determination whether the inmate is in substantial risk of imminent sexual abuse, and the action taken in response to the emergency grievance. Copies shall be forwarded to the Legal Services Unit and the Department PREA Coordinator.

1.4.3 The Department may discipline an inmate for filing a grievance related to alleged sexual abuse only where the Department can demonstrate the inmate filed the grievance with malicious intent.

**802.09  REJECTED AND UNPROCESSED GRIEVANCE(S)**

1.1 The following Informal Complaint(s), Formal Grievance(s), or Appeal(s) shall be rejected and returned to the inmate as unprocessed:

1.1.1 Threatens serious bodily harm to staff, inmates or the general public.

1.1.2 Raises multiple unrelated issue(s) on a single form.

1.1.3 A duplicate Complaint, Grievance or Appeal.

1.1.4 Raises an issue previously addressed through the grievance process.

1.1.5 Filed past the time frame requirement unless there are extenuating circumstances (i.e., inmates not aware of property losses until after returning from court, a hospital or a Criminal Detention Unit).

1.1.6 Grievances of inmates designated as a Vexatious Grievant not completed on the Grievance Request form.

1.2 Prior to returning unprocessed Informal Complaints, Formal Grievances or Appeals, Grievance Coordinators shall annotate on the document the specific reason for the rejection.

**802.10  PROTECTION AGAINST REPRISAL**

1.1 Retaliation or the threat of retaliation for use of the Inmate Grievance Procedure is strictly prohibited. The inmate may pursue any alleged or threatened retaliation through the Inmate Grievance Procedure. Employees found to be in violation of this section shall receive disciplinary action as outlined in Department Order #601, Administrative Investigations and Employee Discipline.

1.2     Failure of an inmate to substantiate his/her grievance allegations shall not, by itself, be used as grounds to initiate disciplinary action against the inmate. If it is found the inmate has intentionally falsified information in the Informal Complaint, Formal Grievance or Appeal, the unit CO IV Grievance Coordinator may recommend disciplinary action after consultation with the Central Office Appeals Administrator.

1.3     Staff responses to inmate Informal Complaints, Formal Grievances and Appeals shall be professional and shall not include any demeaning or degrading language or inappropriate remarks.

1.4     All documents relating to the Inmate Grievance Procedure are confidential and shall not be shared with any other inmate or staff member outside of the investigative and appeal process.

**802.11      ORIENTATION AND TRAINING**

1.1     A written explanation and instructions for the use of the Inmate Grievance Procedure shall be made available to all staff. Both an oral and written explanation of the Inmate Grievance Procedure shall be made available to all new staff at Employee Orientations and shall be included in the Correctional Officer Training Academy (COTA) curriculum.

1.2     Inmates shall receive a written and oral explanation of the Inmate Grievance Procedure at Reception Centers Intake and as part of the orientation process in any subsequent facility.

**802.12      REPORTING AND RECORDS REQUIREMENTS**

1.1     The Warden shall designate staff at their institution and ensure Deputy Wardens designate a staff member at their unit to record and enter information regarding Inmate Grievances into the Monthly Statistical Report, Form 802-10.

1.2     The Central Office Appeals Administrator shall collect and review Monthly Statistical Report form data and evaluate the effectiveness of the grievance process.

1.3     The Central Office Appeals Administrator shall conduct an annual assessment of the Inmate Grievance Procedure. Comments shall be solicited from staff and inmates and summarized in the assessment report. This report shall be due on or before June 30 of each year and shall reflect information for the preceding fiscal year.

1.4     The unit CO IV Grievance Coordinator at each unit and Appeals Officer at Central Office shall maintain all Inmate Grievance records to include "unprocessed grievances" in a confidential and secure storage area. Inmate Grievances and Appeals are confidential and shall not be included in the Inmate Master File or any institutional file.

1.5     Inmate Grievance records shall be maintained for five years following the date of the last appeal response.

# DEFINITIONS

**GRIEVANCE** - A complaint filed by an inmate related to any aspect of institutional life or conditions of confinement that personally affects the inmate grievant.

**INFORMAL RESOLUTION** - Any attempt to resolve a complaint prior to attempting to resolve the issue through a formal process.

**MEDICAL GRIEVANCE** - A complaint related to medical issues, including but not limited to Medical, Dental, or Mental Health Services and related medical staff.

**UNPROCESSED** - A condition that results from the paper work addressing a particular issue being returned to an inmate without being assigned a case number or being processed in any manner.

**VEXATIOUS GRIEVANT** – An inmate who is found to have engaged in vexatious conduct in filing grievances. Vexatious Conduct includes any of the following:

- The filing of two or more grievances solely or primarily for the purpose of harassment;

- The filing of two or more grievances without substantial justification, which includes groundless grievances and grievances filed not in good faith; or

- The filing of two or more grievances making unreasonable, repetitive or excessive requests for information.

**WORKDAY** – For the purpose of this Department Order, a workday is Monday through Friday, 8:00 AM to 5:00 PM, including any time the employee is absent from work. State observed holidays are not included as workdays.

{Original Signature on File}

_____
Charles L. Ryan
Director


**ATTACHMENTS**
Attachment A - Standard Grievance Process
Attachment B - Medical Grievance Process

**FORMS LIST**
802-1, Inmate Grievance
802-3, Inmate Grievance Appeal
802-7, Inmate Grievance-GF Supplement
802-9, Unit Coordinator Grievance Log
802-10, Monthly Statistical Report
802-11, Inmate Informal Complaint Resolution
802-12, Inmate Informal Complaint Response
802-13, Grievance Request

# CROSS-REFERENCE INDEX

Department Order #106, Contract Beds
Department Order #108, Americans with Disabilities Act Compliance
Department Order #109, Smoking and Tobacco Regulations
Department Order #125, Sexual Offense Reporting
Department Order #304, Equipment and Inventory System
Department Order #601, Administrative Investigations and Employee Discipline

Case 2:12-cv-00601-ROS   Document 2079-2   Filed 05/31/17   Page 18 of 20

CHAPTER: 800 - INMATE MANAGEMENT
DEPARTMENT ORDER: 802 - INMATE GRIEVANCE PROCEDURE

Department Order #801, Inmate Classification
Department Order #803, Inmate Disciplinary Procedure
Department Order #805, Protective Custody
Department Order #806, Security Threat Groups (STGs)
Department Order #809, Earned Incentive Program
Department Order #904, Inmate Religious Activities/Marriage Requests
Department Order #909, Inmate Property
Department Order #910, Inmate Education
Department Order #914, Inmate Mail
Department Order #916, Staff - Inmate Communications

# AUTHORITY

28 CFR Part 40, Order 957-81, Standards for Inmate Grievance Procedures

ATTACHMENT A
DEPARTMENT ORDER 802

**Inmate Grievance – Standard Grievance Process**



OCTOBER 16, 2016

**ATTACHMENT B**
**DEPARTMENT ORDER 802**

## Inmate Grievance – Medical Grievance Process



OCTOBER 16, 2016