Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
         adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION (DOC. 2042)** |

LEGAL135817868.1

**INTRODUCTION**

On May 20, 2016, after briefing by the parties, the Court issued an order defining substantial compliance:

> The current issue pending before the Court is whether Defendants are in substantial compliance and, therefore, the Court will rely on the standard for substantial compliance as established by the Stipulation at ¶ 10(a)(i):
>
> For the first twelve months after the effective date of this Stipulation, meeting or exceeding a seventy-five percent (75%) threshold for the particular performance measure that applies to a specific complex.

[Doc. 1583 at 1-2] Neither party filed a motion for reconsideration, and the Court subsequently reiterated its ruling in open court. [*See* Doc. 2042 at 2-3][1]

In the year since the Court's order, all parties have relied upon the definition provided by the Court. Although they now claim that the Court's definition was unclear, Defendants seemed to have no difficulty understanding it when it was in their interest to do so; they repeatedly argued that a given Performance Measure was compliant because the most recent month's CGARs showed it to have inched above the compliance threshold set forth in ¶ 10(a)(i), notwithstanding multiple months of noncompliance in the immediate past. [*See, e.g.*, Doc. 1900 at 17 (claiming that "Defendants are in substantial compliance [on PM 45] at … Tucson" because it is "currently compliant," despite failing scores in the previous five months)]

However, on April 24, 2017, with no pertinent motion pending and without briefing from the parties, the Court reversed itself (Doc. 2030 at 1), adopting the definition it had specifically rejected in its May 20, 2016 order, without any explanation for its reversal or any citation to an intervening change of controlling authority, new and substantially different evidence, or a finding that its May 2016 ruling was clearly erroneous or resulted in manifest injustice. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *Merritt v. Mackey*, 932 F.2d 1317, 1320 & n.2 (9th Cir. 1991).

---

[1] All citations to the Court's docket are to the page numbers assigned by the Court's Electronic Case Filing system.

LEGAL135817868.1

Because the Court's reversal of its earlier order is contrary to law and irreconcilable with the language and structure of the Stipulation itself, and will gravely endanger the Plaintiff class, Plaintiffs' motion for reconsideration (Doc. 2042) should be granted.[2]

**ARGUMENT**

**I.     THE COURT'S PRIOR RULING IS THE LAW OF THE CASE**

Defendants baldly assert that "the 'law of the case' doctrine does not apply." [Doc. 2074 at 3:13]   But neither of the two cases they cite remotely supports this proposition. *See United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) (recognizing that "a court is ordinarily precluded from reexamining an issue previously decided by the same court" and "reconsideration of legal questions previously decided should be avoided") (internal quotation marks omitted); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) ("courts are generally urged to adhere to this doctrine," which is "a means of ensuring the efficient operation of court affairs" and "was designed to further the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided") (internal quotation marks omitted).[3]

Defendants' cases stand only for the uncontroversial proposition that application of the law of the case doctrine is discretionary rather than mandatory, and that it does not divest the Court of power to reconsider its prior rulings.  But Defendants identify no special circumstances militating against application of the doctrine here.  *See* Doc. 2042 at 4-5 (identifying factors that justify departing from law of the case doctrine); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1094 (9th Cir. 2005) ("Though we have limited

---

[2] Defendants cite boilerplate to the effect that motions for reconsideration are generally disfavored. [Doc. 2074 at 2-3]  But what has occurred in this case is that the Court reconsidered and reversed, *sua sponte* and without notice to the parties, its earlier ruling.  Accordingly, the considerations of finality and consistency that militate against reconsideration require that the Court adhere to its original ruling, which has guided this litigation for nearly a year.

[3] Defendants incorrectly attribute a quotation from *Smith* to *Santa Monica Baykeeper*.  [*See* Doc. 2074 at 3:17-20]

LEGAL135817868.1                                -2-

1  discretion to decline to follow the law of the case, none of the factors justifying such a
2  departure apply here").[4]

3  The Court's May 2016 order is the law of the case, and no special circumstances
4  exist to justify overturning that order. Accordingly, the Court should reaffirm it.[5]

## II. NEITHER PARTY ASKED THE COURT TO REVISIT ITS MAY 2016 ORDER

Defendants claim that "the clarified definition was requested by both parties and the Court," (Doc. 2074 at 4:12), but this is false. Defendants identify no filing in which either party requested "clarification" of the Court's May 2016 order, and Defendants notably failed to seek reconsideration of that order. Defendants then assert that "[d]uring the February 8, 2017 hearing, the Court and parties discussed the term 'substantial noncompliance,'" (*id.* at 4:13-14), but this too is false. The term "substantial noncompliance" appears only twice in the transcript of that hearing; on both occasions, it was Plaintiffs' counsel asserting that Defendants were substantially noncompliant with a Performance Measure under the definition previously provided by the Court. [2/8/17 Tr. at 5:9-12, 22:14-16] None of Defendants' out-of-context quotations from that hearing concern the definition of substantial noncompliance.

Similarly, Defendants misleadingly state that "[i]n Plaintiffs' Motion to Enforce, Plaintiffs asked the Court to define 'substantial noncompliance … by the percentage of compliance Defendants report in their monthly compliance reports, or CGARS.'

---

[4] In *Smith*, the Ninth Circuit held that the law of the case doctrine did not bar the district court from timely granting a motion for reconsideration. 389 F.3d at 947, 950. In *Santa Monica Baykeeper*, the doctrine was held not to bar the district court's prompt rescission of an order that had apparently been issued in error. 254 F.3d at 884, 889. Neither case has any application here, where the Court's original order (Doc. 1583) was issued after full briefing, there was no motion for reconsideration, and the order has been in effect for nearly a year.

[5] Defendants' claim that the law of the case doctrine does not apply to a district court's rulings is simply wrong, as demonstrated by the numerous decisions of this court that have cited the doctrine in declining to revisit its prior decisions. *See, e.g.*, *United States v. Maricopa County*, 151 F. Supp. 3d 998, 1014 (D. Ariz. 2015), *United States v. Arizona*, 119 F. Supp. 3d 955, 958 (D. Ariz. 2014); *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F. Supp. 2d 864, 870-71 (D. Ariz. 2007).

LEGAL135817868.1                    -3-

(Dkt. 1863 at 3)." [Doc. 2074 at 2:22-25]  In fact, what Plaintiffs did at the cited page of their motion was simply to cite the Court's definition of substantial compliance—the definition Defendants now seek to overturn.  Defendants are attempting to retroactively manufacture confusion about that definition that did not in fact exist.

### III.  THE COURT'S NEW DEFINITION CANNOT BE RECONCILED WITH THE LANGUAGE AND STRUCTURE OF THE STIPULATION, AND DISABLES THE COURT FROM REMEDYING EGREGIOUS AND LIFE-THREATENING NONCOMPLIANCE

Defendants simply fail to address Plaintiffs' demonstration that the Court's new definition of "substantial compliance" is irreconcilable with the plain language and the structure of the Stipulation—in particular, that the standards established by ¶¶ 10(a) and 10(b) *cannot* be the same.  [*See* Doc. 2042 at 5:17-6:11]  More significantly, they do not dispute that under that new definition, the Court would be powerless to order a remedy even if a Performance Measure scored zero in four out of the previous five months.  [*Id.* at 6:25-7:2; *see also* 5/10/17 Tr. at 689:20-690:4 (Defendant Pratt's testimony that if a measure scored *zero* in four out of five months "and there were not three in a row it would be considered compliant")][6]

Defendants object to Plaintiffs' citation of *Halderman v. Pennhurst State School and Hosp.*, 901 F.2d 311, 324 (3d Cir. 1990), in which the Third Circuit held that providing adequate services to 97% of class members did not automatically establish substantial compliance and observed that to hold otherwise would allow defendants "to treat a few … class members in any fashion they want so long as they comply with the [settlement] with regard to a substantial number of other … class members."  *Id.*  Defendants appear to argue—as they must, to defend the Court's new definition—that they are free to *entirely* disregard their obligations under a Performance Measure for four

---

[6] The Court may order Defendants to submit a remedial plan only "[i]n the event the Court finds that Defendants have not complied with the Stipulation." [Doc. 1185 ¶ 36]

1  out of five months, as long as they manage to barely clear the threshold in the middle
2  month. The Court should reject this argument.

3  The Court has repeatedly expressed concern about what it has described as
4  Defendants' "very abject failures" to meet their obligations under the Stipulation.
5  [5/10/17 Tr. at 850:12-14]  But the Court's new definition of "substantial compliance"
6  will completely disable the Court from enforcing those obligations even in the face of
7  multiple months of total failure to comply with Performance Measures that are critical to
8  the health, safety, and lives of Arizona prisoners. [*See id.* at 844:16-18 (in discussion of
9  Defendants' noncompliance with PM 94,[7] the Court observes that recent suicides
10 "highlight[] a very serious problems [sic] because it is obviously completely irrevocable
11 in terms of the Court trying to address problems"); *see also* Declaration of Pablo Stewart,
12 M.D., filed herewith, ¶ 4 (ADC experienced four prisoner suicides in a twenty-day period
13 in April and May 2017, "a sign of significant deficiencies in ADC's suicide prevention
14 and mental health care more generally")]  The Court should not tie its hands in this way.

## CONCLUSION

16  The Court got it right the first time. Its original order (Doc. 1583 at 1-2) was
17 correct and should be reaffirmed. Plaintiffs' motion should be granted.

18 . . .
19 . . .
20 . . .
21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .

---

[7] "All prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse."

| | |
|---|---|
| Dated: June 2, 2017 | **ACLU NATIONAL PRISON PROJECT** |
| | By: s/ David C. Fathi |
| | David C. Fathi (Wash. 24893)* |
| | Amy Fettig (D.C. 484883)** |
| | Jamelia Natasha Morgan (N.Y. 5351176)** |
| | Victoria Lopez (Ill. 6275388)* |
| | 915 15th Street N.W., 7th Floor |
| | Washington, D.C. 20005 |
| | Telephone: (202) 548-6603 |
| | Email: dfathi@aclu.org |
| | afettig@aclu.org |
| | jmorgan@aclu.org |
| | vlopez@aclu.org |
| | |
| | *Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts. |
| | **Admitted *pro hac vice* |
| | |
| | Daniel C. Barr (Bar No. 010149) |
| | Amelia M. Gerlicher (Bar No. 023966) |
| | John H. Gray (Bar No. 028107) |
| | **PERKINS COIE LLP** |
| | 2901 N. Central Avenue, Suite 2000 |
| | Phoenix, Arizona 85012 |
| | Telephone: (602) 351-8000 |
| | Email: dbarr@perkinscoie.com |
| | agerlicher@perkinscoie.com |
| | jhgray@perkinscoie.com |
| | |
| | Kathleen E. Brody (Bar No. 026331) |
| | **ACLU FOUNDATION OF ARIZONA** |
| | 3707 North 7th Street, Suite 235 |
| | Phoenix, Arizona 85013 |
| | Telephone: (602) 650-1854 |
| | Email: kbrody@acluaz.org |

LEGAL135817868.1 -6-

| | |
|---|---|
| 1 | Donald Specter (Cal. 83925)* |
| | Alison Hardy (Cal. 135966)* |
| 2 | Sara Norman (Cal. 189536)* |
| | Corene Kendrick (Cal. 226642)* |
| 3 | Rita K. Lomio (Cal. 254501)* |
| | **PRISON LAW OFFICE** |
| 4 | 1917 Fifth Street |
| | Berkeley, California 94710 |
| 5 | Telephone: (510) 280-2621 |
| | Email:   dspecter@prisonlaw.com |
| 6 |          ahardy@prisonlaw.com |
| | snorman@prisonlaw.com |
| 7 | ckendrick@prisonlaw.com |
| | rlomio@prisonlaw.com |
| 8 | |
| | *Admitted *pro hac vice* |
| 9 | |
| | Kirstin T. Eidenbach (Bar No. 027341) |
| 10 | **EIDENBACH LAW, PLLC** |
| | P. O. Box 91398 |
| 11 | Tucson, Arizona 85752 |
| | Telephone: (520) 477-1475 |
| 12 | Email:   kirstin@eidenbachlaw.com |
| | |
| 13 | Caroline Mitchell (Cal. 143124)* |
| | **JONES DAY** |
| 14 | 555 California Street, 26th Floor |
| | San Francisco, California 94104 |
| 15 | Telephone: (415) 875-5712 |
| | Email:   cnmitchell@jonesday.com |
| 16 | |
| | *Admitted *pro hac vice* |
| 17 | |
| | John Laurens Wilkes (Tex. 24053548)* |
| 18 | **JONES DAY** |
| | 717 Texas Street |
| 19 | Houston, Texas 77002 |
| | Telephone: (832) 239-3939 |
| 20 | Email:   jlwilkes@jonesday.com |
| | |
| 21 | *Admitted *pro hac vice* |
| | |
| 22 | *Attorneys for Plaintiffs Shawn Jensen;* |
| | *Stephen Swartz; Sonia Rodriguez; Christina* |
| 23 | *Verduzco; Jackie Thomas; Jeremy Smith;* |
| | *Robert Gamez; Maryanne Chisholm;* |
| 24 | *Desiree Licci; Joseph Hefner; Joshua* |
| | *Polson; and Charlotte Wells, on behalf of* |
| 25 | *themselves and all others similarly situated* |
| 26 | |
| 27 | |
| 28 | |

1
2
**ARIZONA CENTER FOR DISABILITY LAW**

3
By: s/ Maya Abela
4
Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
5
Phoenix, Arizona 85034
Telephone: (602) 274-6287
6
Email: skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org
7
Rose A. Daly-Rooney (Bar No. 015690)
8
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
9
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR**
10
**DISABILITY LAW**
177 North Church Avenue, Suite 800
11
Tucson, Arizona 85701
Telephone: (520) 327-9547
12
Email:
rdalyrooney@azdisabilitylaw.org
13
jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org
14
mabela@azdisabilitylaw.org

15
*Attorneys for Arizona Center for Disability Law*
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL135817868.1        -8-

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com

*Attorneys for Defendants*

                                              s/ D. Freouf