Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**JOINT STATUS REPORT TO THE COURT REGARDING CLOSE CUSTODY MONITORING PLAN** |

1    Pursuant to the Court's Order to provide a status report as to monitoring of close
2  custody inmates at ASPC-Florence/Central [Dkt. 2061], the Arizona Department of
3  Correction's (ADC) plan is described below. This plan has been discussed with Plaintiffs'
4  counsel, Amy Fettig.
5    ADC is in development of inmate movement tracking technology that utilizes
6  handheld scanners and barcodes on the reverse side of Florence/Central close custody
7  inmates' identification cards to track Florence/Central close custody inmates' movement
8  out of housing units for activities and programs to include group chow, recreation,
9  religious worship, programming, etc. A handheld scanner (similar to those used for retail
10 configured with activity code selection capability) will be used by correctional personnel
11 to "scan" the inmate into and out of an out-of-cell activity. A report can then be generated
12 that documents an individual close custody inmate's movement/participation in out-of-cell
13 activities – such report showing the date and time of participation in activities that occur
14 out of the inmate's housing unit.[1] Because close custody inmates are not under individual
15 escort/restraint when out of cell (group movement versus individual escort), the individual
16 inmate out-of-cell tracking forms used to monitor out-of-cell time for maximum custody
17 inmates pursuant to the Stipulation proves insufficient to track close custody inmates'
18 group movement and participation in out-of-cell activities.
19   Preliminary proof of concept testing for the technology is scheduled for mid to late
20 June 2017. This evaluation will identify a baseline need for technology assets and
21 determine the required hardware components that will be necessary to maintain
22 application durability in a production prison environment. The evaluation is designed to
23 determine long-term capability use only and does not entail testing at Florence/Central.
24 After preliminary baseline testing is completed, an assessment of whether programming
25 revision is required will be conducted. Once confirmation is achieved that the technology

---

[1] Study is also underway to determine the capability of generating activity reports that would list which inmates participated in a particular activity, such as recreation, for example.

works as planned, sufficient scanning equipment must be purchased and a new wireless infrastructure installed at Florence/Central.  The installation of wireless infrastructure, as well as the necessary technology equipment purchase, requires significant outlay of resources and capital such that, at present, ADC is anticipating implementation of the pilot for Florence/Central in Fall 2017.

Undersigned Defendants' counsel, Rachel Love, will regularly update Plaintiffs' counsel, Amy Fettig, as the development and proof of concept testing proceeds.

Plaintiffs believe that the new monitoring methodology proposed for Florence/Central presents an innovative approach and possibly much more effective methodology for real-time oversight of the Stipulation's maximum custody performance measures in those units.  Plaintiffs also understand that effectively implementing this new system requires testing, trial and error, and installing substantial new operational and technological infrastructure.  As a result, Plaintiffs support the graduated implementation Defendants propose.  However, with the pilot implementation of Fall 2017, Plaintiffs are concerned that the Stipulation's requirements for the maximum custody performance measures not lie fallow for such an extended period of time.  Therefore, Plaintiffs propose that Defendants produce the same compliance documentation for Florence/Central as Plaintiffs requested for Perryville/Lumley and Tucson.  This list of documents/evidence/questions is set forth in Plaintiffs' May 24, 2017 correspondence to Defendants' counsel.  We propose that such documentation be produced starting with the month of June 2017 and that compliance be measured from that month moving forward (unless Defendants wish to establish compliance in previous months that were not monitored under the CGARs for Florence CB-1, CB-3 and CB-4).  Here is the list:

1) How many close custody prisoners are at Florence/Central as of June 2017 and each month thereafter to the present?

2) How many of the prisoners in question #1 had jobs working 20 hours a week or more as of June 2017 and each month thereafter to the present for

2

Florence/Central? Please indicate what the job titles are and how many prisoners at each facility are working in those job titles.

3) Activity schedules for each of the units for each of the months Defendants claim they no longer have maximum custody prisoners.

4) A list of the weekly out-of-cell programming for close custody prisoners at each of the units with a breakdown of how many prisoners are able to participate in each activity and how long the programming lasts.

5) A list of weekly unstructured out-of-cell time for close custody prisoners at each of the facilities with a breakdown of how many prisoners are offered each activity and the length of time each activity lasts.

6) A copy of the Unit logs for each of the pertinent units at Florence/Central for one randomly selected week each month.

7) What is the minimum amount of out-of-cell time a close custody prisoner will be offered in a week (not including activities not all prisoners can participate in, like visiting, religious services, or commissary)?

8) How many prisoners were reclassified from maximum to close custody at each facility? Of those, how many are still in the same unit as they were when they were classified maximum custody?

9) For the men at Florence/Central serving the first two years of a life sentence, are they still classified as maximum custody per the classification policy? Has the policy been changed? Or were each of them subject to classification overrides to close custody? Please provide a list of men who fall into this category, including their present housing location.

Defendants object to Plaintiffs' demand for monthly production of documents for Florence/Central. The document demands do not monitor out-of-cell time for individual close custody inmates and therefore runs contrary to the Stipulation provisions (and the performance measures set forth in Exhibit E to the Stipulation) requiring monitoring of individual out-of-cell time for maximum custody inmates.

3

DATED this 9th day of June 2017.

           STRUCK WIENEKE & LOVE, P.L.C.

           By /s/Rachel Love
              Daniel P. Struck
              Kathleen L. Wieneke
              Rachel Love
              Timothy J. Bojanowski
              Nicholas D. Acedo
              Ashlee B. Fletcher
              Anne M. Orcutt
              Jacob B. Lee
              Kevin R. Hanger
              STRUCK WIENEKE & LOVE, P.L.C.
              3100 West Ray Road, Suite 300
              Chandler, Arizona  85226

              Arizona Attorney General Mark Brnovich
              Office of the Attorney General
              Michael E. Gottfried
              Lucy M. Rand
              Assistant Attorneys General
              1275 W. Washington Street
              Phoenix, Arizona 85007-2926

              *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

1  I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Rachel Love