1    Kathleen E. Brody (Bar No. 026331)
     **ACLU FOUNDATION OF ARIZONA**
2    3707 North 7th Street, Suite 235
     Phoenix, Arizona 85013
3    Telephone:  (602) 650-1854
     Email: kbrody@acluaz.org
4
     *Attorneys for Plaintiffs Shawn Jensen, Stephen*
5    *Swartz, Sonia Rodriguez, Christina Verduzco,*
     *Jackie Thomas, Jeremy Smith, Robert Gamez,*
6    *Maryanne Chisholm, Desiree Licci, Joseph*
     *Hefner, Joshua Polson, and Charlotte Wells, on*
7    *behalf of themselves and all others similarly*
     *situated*
8    **[ADDITIONAL COUNSEL LISTED ON**
     **SIGNATURE PAGE]**
9

10                  UNITED STATES DISTRICT COURT

11                       DISTRICT OF ARIZONA

12   Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-DKD
     Dustin Brislan; Sonia Rodriguez; Christina
13   Verduzco; Jackie Thomas; Jeremy Smith; Robert
     Gamez; Maryanne Chisholm; Desiree Licci; Joseph       **PLAINTIFFS' NOTICE OF**
14   Hefner; Joshua Polson; and Charlotte Wells, on        **WITHDRAWAL OF**
     behalf of themselves and all others similarly          **MOTION AND REPLY IN**
15   situated; and Arizona Center for Disability Law,      **SUPPORT OF**
                                                           **PRELIMINARY**
16                     Plaintiffs,                          **INJUNCTION (DOC. 1958)**

17          v.

18   Charles Ryan, Director, Arizona Department of
     Corrections; and Richard Pratt, Interim Division
19   Director, Division of Health Services, Arizona
     Department of Corrections, in their official
20   capacities,

21                     Defendants.

22

23          Plaintiffs hereby give notice of the withdrawal of their Motion for Preliminary

24   Injunction regarding named plaintiff Shawn Jensen's medical care (the "Motion"

25   [Doc. 1958]).  Since Defendants prematurely filed their Response to Plaintiffs' Motion

26   and Memorandum in Support of Preliminary Injunction (Doc. 2079), Mr. Jensen received

27   the PET scan requested by his outside and Corizon providers, and is now receiving

28   radiation therapy to treat the biological recurrence of his prostate cancer.  Plaintiffs'

expert Dr. Todd Wilcox has advised counsel that, despite these extensive delays in receiving adequate healthcare, it appears that Mr. Jensen is finally receiving the care he needs.  Plaintiffs' Motion sought nothing more than to ensure that Mr. Jensen received adequate and proper care for the recurrence of his prostate cancer.  Given that this care is now being provided, Plaintiffs' Motion is no longer ripe for the Court's consideration.

## I.   FACTUAL UPDATE

Mr. Jensen's treatment has been marked by extensive delays.  He has had rising PSA scores, signifying possible recurrence of prostate cancer, since at least February 2016.  [Declaration of Kirstin T. Eidenbach ("Eidenbach Decl."), Ex. 3 (2/16/17 Progress note)]   In January 2017 he saw a urologist who, based upon his rising PSA values, diagnosed him with recurrent cancer and recommended a whole body scan.  [Wilcox Report at 2-3 (Doc. 1958-1)]  In February 2017, Mr. Jensen's treating Corizon provider at the prison documented her concerns about the need for treatment and further diagnostic tests.  [Eidenbach Decl., Ex. 3 at 18-19]  On February 16, 2017, she noted that Corizon's Utilization Management ("UM") team had denied her request for a body scan, and that her order for Lupron, though approved, had never been provided, despite Mr. Jensen's rising PSA levels.  [*Id.*]  Her final entry on February 16, 2017 indicated that she had placed an "urgent consult request for a follow-up with urology given his bone scan," which was denied by Corizon UM.  [*Id.*]

Mr. Jensen did not receive his Lupron injections until April 27, 2017, almost two months after his provider requested he receive them, and only after Plaintiffs filed their Motion.  [Eidenbach Decl., Ex. 3 at 4-5, 10-11]  On April 17 and 21, 2017, Mr. Jensen finally received the full-body scans the provider requested more than two months earlier.  [*Id.*]  These scans indicated areas of possible metastasis, and Mr. Jensen's oncologist requested a PET scan on April 28, 2017.  Mr. Jensen did not receive the PET scan until June 2, 2017.  He started radiation therapy on May 31, 2017.  Plaintiffs' expert has reviewed Mr. Jensen's recent record and determined that, after months of delay, it now

appears that Mr. Jensen is finally receiving the proper treatment for a biological recurrence of his prostate cancer. Accordingly, Plaintiffs withdraw this Motion.

## II.     IT IS IMPROPER TO ASSESS FEES

Defendants have requested fees. Defendants cannot be rewarded for a continued failure to provide timely proper and medically sound treatment for Mr. Jensen's cancer.

First, Mr. Jensen's constitutional rights have been repeatedly violated and his life placed in jeopardy due to Defendants' extensive delays and deliberate indifference. [*See* Motion at 2-4]

Second, Defendants filed their response prematurely and unnecessarily. Having reviewed Mr. Jensen's medical record, Plaintiffs' counsel noted that Mr. Jensen was scheduled to have a PET scan on June 2, 2017. On May 31, 2017, Plaintiffs' counsel contacted Defendants and offered them an extension to file their response "because it appears that Mr. Jensen's necessary medical treatment has been scheduled to occur shortly. We have further advised you that we will consider withdrawing the motion if Mr. Jensen is provided the treatment as scheduled." [*See* Eidenbach Decl., Ex. 2 at 15] Given Defendants' history of extensive delays in providing critical diagnostic procedures and consultations to Mr. Jensen, Plaintiffs understandably were unwilling to withdraw their Motion until after the tests had occurred, the results were received, and Plaintiffs' expert could review them.

After being told that Plaintiffs were willing to withdraw the Motion if the ordered care was provided, and offered an extension to file their Response, Defendants nonetheless chose to file an unnecessary Response earlier. [*Id*.] Defendants' decision to file the Response before Mr. Jensen had received the necessary treatments was a matter of choice and strategy by their litigation counsel, and they have presented no evidence that they are entitled to fees for their unnecessary Response.[1]

---

[1] Defendants seek fees as a sanction under 28 U.S.C. § 1927 and pursuant to the Court's inherent power. [Doc. 2079 at 10-11] Sanctions imposed pursuant to the Court's inherent authority require "a finding of bad faith, or conduct tantamount to bad faith," while § 1927 sanctions are available "only if the attorney 'unreasonably and vexatiously'

1

## III.    CONCLUSION

2          Plaintiffs hereby withdraw the Motion and respectfully request that the Court deny

3    Defendants' request for fees.

4    Dated:  June 21, 2017                    **EIDENBACH LAW, PLLC**

5
                                              By:   s/ Kirstin T. Eidenbach
6                                                 Kirstin T. Eidenbach (Bar No. 027341)
                                                  P. O. Box 91398
7                                                 Tucson, Arizona 85752
                                                  Telephone:  (520) 477-1475
8                                                 Email:    kirstin@eidenbachlaw.com

9                                                 Daniel C. Barr (Bar No. 010149)
                                                  Amelia M. Gerlicher (Bar No. 023966)
10                                                John H. Gray (Bar No. 028107)
                                                  **PERKINS COIE LLP**
11                                                2901 N. Central Avenue, Suite 2000
                                                  Phoenix, Arizona 85012
12                                                Telephone:  (602) 351-8000
                                                  Email:    dbarr@perkinscoie.com
13                                                          agerlicher@perkinscoie.com
                                                            jhgray@perkinscoie.com
14
                                                  Kathleen E. Brody (Bar No. 026331)
15                                                **ACLU FOUNDATION OF**
                                                  **ARIZONA**
16                                                3707 North 7th Street, Suite 235
                                                  Phoenix, Arizona 85013
17                                                Telephone:  (602) 650-1854
                                                  Email:    kbrody@acluaz.org
18

19

20

21

22

23

24

25

26

27
_____
28   multiplies  proceedings."   *Gomez  v.  Vernon*,  255  F.3d  1118,  1134-35  (9th  Cir.  2001).
     Neither standard is met here.

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
             ahardy@prisonlaw.com
             snorman@prisonlaw.com
             ckendrick@prisonlaw.com
             rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Jamelia Natasha Morgan (N.Y. 5351176)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
             afettig@aclu.org
             jmorgan@aclu.org
             vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

1

**<u>CERTIFICATE OF SERVICE</u>**

2

    I hereby certify that on June 21, 2017, I electronically transmitted the above

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

Michael E. Gottfried
Lucy M. Rand

6

Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov

7

Lucy.Rand@azag.gov

8

Daniel P. Struck
Kathleen L. Wieneke

9

Rachel Love
Timothy J. Bojanowski

10

Nicholas D. Acedo
Ashlee B. Fletcher

11

Anne M. Orcutt
Jacob B. Lee

12

Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.

13

dstruck@swlfirm.com
kwieneke@swlfirm.com

14

rlove@swlfirm.com
tbojanowski@swlfirm.com

15

nacedo@swlfirm.com
afletcher@swlfirm.com

16

aorcutt@swlfirm.com
jlee@swlfirm.com

17

khanger@swlfirm.com

18

*Attorneys for Defendants*

19

Sarah Kader
Asim Dietrich

20

Rose A. Daly-Rooney
J.J. Rico

21

Jessica Jansepar Ross
Maya Abela

22

ARIZONA CENTER FOR DISABILITY LAW

23

skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org

24

rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org

25

jross@azdisabilitylaw.org
mabela@azdisabilitylaw.org

26

*Attorneys for Plaintiff Arizona Center for Disability Law*

27

s/ D. Freouf

28