1  Arizona Attorney General Mark Brnovich
   Office of the Attorney General
2  Michael E. Gottfried, Bar No. 010623
   Lucy M. Rand, Bar No. 026919
3  Assistant Attorneys General
   1275 W. Washington Street
4  Phoenix, Arizona 85007-2926
   Telephone: (602) 542-4951
5  Fax: (602) 542-7670
   Michael.Gottfried@azag.gov
6  Lucy.Rand@azag.gov

7  Daniel P. Struck, Bar No. 012377
   Kathleen L. Wieneke, Bar No. 011139
8  Rachel Love, Bar No. 019881
   Timothy J. Bojanowski, Bar No. 022126
9  Nicholas D. Acedo, Bar No. 021644
   Ashlee B. Fletcher, Bar No. 028874
10 Anne M. Orcutt, Bar No. 029387
   Jacob B. Lee, Bar No. 030371
11 Kevin R. Hanger, No. 027346
   STRUCK WIENEKE & LOVE, P.L.C.
12 3100 West Ray Road, Suite 300
   Chandler, Arizona  85226
13 Telephone:  (480) 420-1600
   Fax:  (480) 420-1696
14 dstruck@swlfirm.com
   kwieneke@swlfirm.com
15 rlove@swlfirm.com
   tbojanowski@swlfirm.com
16 nacedo@swlfirm.com
   afletcher@swlfirm.com
17 aorcutt@swlfirm.com
   jlee@swlfirm.com
18
   *Attorneys for Defendants*
19

20              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF ARIZONA**
21
   Victor Parsons, *et al.*, on behalf of themselves          NO. 2:12-cv-00601-DKD
22 and all others similarly situated; and Arizona
   Center for Disability Law,
23
                                     Plaintiffs,
24              v.                                             **DEFENDANTS' MOTION FOR**
                                                              **LEAVE TO FILE UNDER SEAL**
   Charles Ryan, Director, Arizona Department
25 of Corrections; and Richard Pratt, Interim
   Division Director, Division of Health Services,
26 Arizona Department of Corrections, in their
   official capacities,
27                                   Defendants.

28

1    Defendants Charles Ryan and Richard Pratt ("Defendants"), pursuant to LRCiv

2    5.6, move this Court for an order directing the Clerk to file under seal Defendants' Brief

3    Re: "Staffing" Expert and Exhibit 1 thereto, because the documents contain proprietary,

4    trade secret information.

5    Historically, courts have recognized a "general right to inspect and copy public

6    records and documents, including judicial records and documents."  *Nixon v. Warner*

7    *Commc'ns, Inc.,* 435 U.S. 589, 597 & n. 7 (1978).  "Nonetheless, access to judicial records

8    is not absolute."  *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir.

9    2006).  Some documents, however, are not subject to the right of public access because

10   they have "traditionally been kept secret for important policy reasons."  *Times Mirror Co.*

11   *v. United States,* 873 F.2d 1210, 1219 (9th Cir.1989).  In general, "compelling reasons"

12   sufficient to outweigh the public's interest in disclosure and justify sealing court records

13   exist when such "court files might have become a vehicle for improper purposes," such as

14   the use of records to gratify private spite, promote public scandal, circulate libelous

15   statements, or release *trade secrets.  Nixon,* 435 U.S at 98 (emphasis added); *accord*

16   *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir.

17   1986)*; Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006)

18   (trade secrets should be filed under seal).

19   The Ninth Circuit has identified a trade secret in the context of motions to seal as

20   "any formula, pattern, device or compilation of information which is used in one's

21   business, and which gives him an opportunity to obtain an advantage over competitors

22   who do not know or use it."  *In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th Cir. 2008)

23   (quotation omitted).  In that case, applying *Kamakana* and *Nixon*, the Ninth Circuit

24   reversed a district court for refusing to seal information that qualified under this standard.

25   *Id*. at 569.  Similarly, the Federal Circuit has concluded that under Ninth Circuit law,

26   detailed product-specific financial information, customer information, and internal reports

27   are sealable under the "compelling reasons" standard where that information could be

28   used to the company's competitive disadvantage. *Apple Inc. v. Samsung Elecs. Co*., 727

1

1    F.3d 1214, 1226, 1228 (Fed. Cir. 2013).   Recognizing this, courts in this circuit have

2    sealed such information.  *In re Hydroxycut Mktg. & Sales Practices Litig.*, 09MD2087

3    BTM AJB, 2011 WL 864897, at *1 (S.D. Cal. Mar. 11, 2011).

4           Here, Defendants' Brief, and Exhibit 1 thereto, contain Corizon Health, Inc.'s

5    proprietary, trade-secret, information.  Specifically, it contains details regarding Corizon's

6    physician compensation plan and specifics regarding the salaries it pays to primary care

7    physicians.  Such information, if publically disseminated, would cause competitive harm

8    to Corizon, as it would reveal Corizon's compensation model and allow competitors to bid

9    for contracts at higher rates.

10          Further, the public has less of a need for access to court records, like here, that are

11   attached only to non-dispositive motions, because those documents are often "unrelated,

12   or only tangentially related, to the underlying cause of action."  *Seattle Times Co. v.*

13   *Rhinehart,* 467 U.S. 20, 33 (1984).  And the Ninth Circuit has "carved out an exception to

14   the presumption of access" to judicial records, *Foltz,* 331 F.3d at 1135, for a "*sealed*

15   *discovery document* [attached]  to  a *non-dispositive* motion,"  such that  "the  usual

16   presumption of the public's right of access is rebutted."  *Phillips v. General Motors*

17   *Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002) (emphasis added).  Here, the public has less of

18   an interest in the inner workings of Corizon's compensation model, than it does in ADC

19   inmates receiving constitutionally adequate health care.  The records Defendants seek to

20   seal are irrelevant to the underlying issues in this case.  Thus, sealing the documents

21   significantly outweighs any benefit the public would have in reviewing them.

22          As such, Defendants request the Court seal its Brief re: "Staffing" Expert and

23   Exhibit 1 thereto, as the documents contain the type of trade secret information courts

24   protect from public disclosure.

25   / / /

26   / / /

27   / / /

28   / / /

1    DATED this 28th day of June 2017.

2                                        STRUCK WIENEKE & LOVE, P.L.C.

3

4                                        By /s/Daniel P. Struck
                                            Daniel P. Struck
5                                           Kathleen L. Wieneke
                                            Rachel Love
6                                           Timothy J. Bojanowski
                                            Nicholas D. Acedo
7                                           Ashlee B. Fletcher
                                            Anne M. Orcutt
8                                           Jacob B. Lee
                                            Kevin R. Hanger
9                                           STRUCK WIENEKE & LOVE, P.L.C.
                                            3100 West Ray Road, Suite 300
10                                          Chandler, Arizona  85226

11                                          Arizona Attorney General Mark Brnovich
                                            Office of the Attorney General
12                                          Michael E. Gottfried
                                            Lucy M. Rand
13                                          Assistant Attorneys General
                                            1275 W. Washington Street
14                                          Phoenix, Arizona 85007-2926

15                                          *Attorneys for Defendants*

16   .1

17

18

19

20

21

22

23

24

25

26

27

28

                                            3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:               ahardy@prisonlaw.com

Amelia M. Gerlicher:        agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:              afettig@npp-aclu.org

Asim Varma:                 avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:       cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:         ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:        DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

Daniel Joseph Pochoda:      dpochoda@acluaz.org; danpoc@cox.net; gtorres@acluaz.org

David Cyrus Fathi:          dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:             dspecter@prisonlaw.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:           jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:        jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:         jrico@azdisabilitylaw.org

Kathleen E. Brody           kbrody@acluaz.org

Kirstin T. Eidenbach:       kirstin@eidenbachlaw.com

Maya Abela                  mabela@azdisabilitylaw.org

Rose Daly-Rooney:           rdalyrooney@azdisabilitylaw.org

Sara Norman:                snorman@prisonlaw.com

Sarah Eve Kader:            skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio:              rlomio@prisonlaw.com

Victoria Lopez:             vlopez@aclu.org

4

1

    I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the

2

CM/ECF System:

3

    N/A

4

                                    /s/Daniel P. Struck

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5