Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DEFENDANTS' BRIEF RE: "STAFFING" EXPERT**<br><br>**(UNDER SEAL)** |

At the June 14, 2017 Status Hearing, the Court granted Defendants the opportunity to submit a brief addressing the propriety of a staffing advisor.  The Court should not appoint one for at least two reasons.  ██████████████████████████████████████████████████████████████████████████████████████████████████████████████  Second, the Court cannot act on the information even if it wanted to.  For example, if the Court determines that Corizon should increase healthcare salaries, it cannot compel Corizon—a non-party—to do so, nor can it compel ADC to amend its contract with Corizon to require increased salaries.  Finally, assuming the Court moves forward with appointing a staffing advisor, it should not require Defendants to pay for it.

## I.     FACTUAL BACKGROUND

After both parties objected to the appointment of a special master, the Court proposed an alternative:  the appointment of an "expert" who could

> inform about what it is about the market situation that would, could be addressed by an order of the Court to provide for the sufficient number of staffing people [sic] that the State's already identified are necessary and has itself sought to obtain, and … can guide the Court in crafting more precise measures that are not overly broad and are specifically tailored to try and accomplish the very goal here that the parties have agreed to.  And that is compliance with the Stipulation.

(June 14, 2017 Transcript at 100:19 101:6, 103:14 – 9).  In particular, the Court would like to better understand "the difficulties of maintaining people in the employ of a prison setting, perhaps because of the prison setting; perhaps because of compensation issues; perhaps because of the rural settings of many of our prisons." (*Id*. at 101:13 – 102:1).  It is hoping this "expert" can advise on "what it would take to get additional people to decide to stay in those positions, not leave them, to avoid the turnover, and also to get people to line up to want to take the positions." (*Id*. at 102:8 – 9). To that end it has asked the parties "to meet and confer to try to identify such an expert that the Court could retain, at the defendants' cost." (*Id*. at 103:14 – 9).  Defendants requested permission to first brief the issue, and the Court granted their request.  (*Id*. at 104:22 – 105:2).

1

## II. A STAFFING ADVISOR IS NOT NECESSARY BECAUSE THE INFORMATION IS READILY AVAILABLE.

If the Court would like to better understand and assess Corizon's recruitment efforts, compensation rates, and retention methods, it can and should get that information from Corizon directly. Corizon can provide testimony regarding its compensation, staffing, recruitment, and retention practices, and provide supporting documentation. It can also provide this information immediately, which alleviates the Court's concern regarding the timeframe required to select and retain a "staffing expert."



1. █ ██████████████
2. ████████████████████████████
3. ██████████████████████████████
4. ██████████████████████████████
5. ██████████████████████████████
6. ██████████████████████████████
7. ██████████████████████████████
8. ███████████████████████████
9. ██████████████████████████
10. ████████████████████████
11. ███████████████████████
12. █████████████████████████
13. ███████████████████████
14. █
15. ████████████████████████
16. ██████████████████████████████
17. ██████████████████████████████
18. ██████████████████████████████
19. ██████████████████████████████
20. █████████████████ ████████
21. ██████████████████████████████
22. █████████████████
23. █████████████████████████
24. ████████████████████████ ████
25. ██████████████████████████████
26. ██████████████████████████████
27. ─────────────────
    █
28. ████████████████████████████

3

1 ▮
2 ▮
3 ▮
4 ▮
5 ▮
6 ▮
7 ▮
8 ▮
9 ▮
10 ▮
11 ▮

Having now had the benefit of the above information, and having the ability to obtain additional documentation and testimony from Corizon, appointment of a staffing advisor puts the cart before the horse. If, after a review of the above and receipt of additional information from Corizon, the Court still feels it needs a "staffing" expert, it should re-visit the issue at that time. But for now, the Court should utilize ▮ ▮ ▮ ▮ the knowledge of Corizon employees.

**III.  RETENTION OF AN ADVISOR TO PROVIDE SALARY OPINIONS WILL YIELD INCONSEQUENTIAL RESULTS**

Any information obtained from a staffing advisor cannot be used to order Corizon to pay staff more money. "Court[s] cannot issue an order against non-parties." *Burgos v. Long,* 2:11-CV-01906-JAM, 2013 WL 5818093, at *11 (E.D. Cal. Oct. 29, 2013), *aff'd*, 599 F. App'x 790 (9th Cir. 2015). The Court recognized this at the June 14, 2017 Status Hearing, stating, "[Corizon is] not my issue. . . I have to look at what the problem is with the system and with the entity that I have before me, and that's the State." (*Id*. at 102:22 – 103:1).[4] As such, it is unclear how the information obtained from the technical advisor

---

[4] Indeed, pursuant to the contract between ADC and Corizon, "[Corizon] under this contract is an independent contractor. Neither party to this Contract shall be deemed to be the employee or agent of the other party to this Contract." *See* Exhibit 2 (Excerpts from

4

will be beneficial to the Court in monitoring compliance with the Stipulation. Nor can the Court amend the contract between ADC and Corizon. The law does not authorize a court to eliminate, rewrite, or add provisions to a contract entered into between parties. *See Olliver/Pilcher Ins., Inc. v. Daniels*, 715 P.2d 1218, 1221 (Ariz. 1986) ("[T]he court cannot create a new agreement for the parties to uphold the contract."); *Isaak v. Massachusetts Indem. Life Ins. Co.*, 623 P.2d 11, 14 (Ariz. 1981) ("It is not within the power of this court to revise, modify, alter, extend, or remake a contract to include terms not agreed upon by the parties.") (Internal quotation marks omitted); *Goodman v. Newzona Inv. Co.*, 421 P.2d 318, 320 (Ariz. 1966) (court's "duty is confined to the construction or interpretation of the one which the parties have made for themselves").

### IV. AT A MINIMUM, DEFENDANTS SHOULD NOT BE REQUIRED TO FUND THE RETENTION OF A STAFFING ADVISOR

The Court has moved away from both a Special Master under Rule 53 and a testifying expert under Rule 706 to a technical advisor on the narrow issue of prison staffing. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 590 (9th Cir. 2000) ("Rule 706 applies to court-appointed *expert witnesses*, but not to technical advisors. . ."). Judges may appoint technical advisors pursuant to the inherent authority of the courts. Unlike Rule 706 experts, however, "[a]dvisors of this sort are not witnesses, and may not contribute evidence." *Reilly v. United States*, 863 F.2d 149, 157 (1st Cir. 1988). In those limited cases, where the complexity of the science and technology involves something well beyond regular questions of fact and law, the district court has the inherent authority to tap the outside skill and expertise of a technical advisor. *See Federal Trade Commission v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1213 (9th Cir. 2004); *see also Reilly,* 863 F.2d at 157. The technical advisor acts as an educator, advising on terminology so that the district court can better understand complex evidence and properly discharge its role as decision maker. *See TechSearch, LLC v. Intel Corp.* 286 F.3d 1360, 3777 (Fed. Cir. 2002). The exercise of this authority should be

---

Corizon/ADC Contract).

5

used sparingly and only in highly complicated cases. *TechSearch,* 286 F.3d at 1378 (interpreting the Ninth Circuit standard for appointing technical advisors).

Because technical advisors should only be used sparingly in limited cases involving complicated issues of science and technology, as discussed above, the Court should not appoint a technical advisor here. There are no issues of science or technology, and this case is not highly complicated. While the Court has unanswered questions regarding the appropriate staffing and compensation of prison physicians, such questions can be answered through Corizon designees ███ ██████████ ███. As such, it is unnecessary to exhaust time and financial resources for something that is not needed.

Further, one of the distinctions between Rule 706 testifying experts and technical advisors is allocation of their costs. Although Rule 706 provides that, in civil cases, the costs of a court-appointed expert may be apportioned between the parties as the court directs, there is no analogous authority which authorizes courts to apportion costs of court-appointed technical advisors.[5] *See Improving Judicial Gatekeeping: Technical Advisors and Scientific Evidence*, 110 Harv. L. Rev. 941, 958 n. 70 (1997) ([J]udges are not explicitly authorized to allocate such costs between the parties). Indeed, because the advisor is serving the court, not the parties, the court should assume the costs of the advisor. *See*, *e.g.*, *Reilly v. United States*, 682 F. Supp. 150, 157 (D.R.I. 1988), *affd in part*, 863 F.2d 149 (1st Cir. 1988).

Here, it is clear the Court is appointing a technical advisor to advise it on prison staffing, not a testifying expert under Fed.R.Civ.P. 706. While such appointment is unnecessary, as discussed throughout this motion, if such appointment is made, the parties (let alone Defendants), should not be responsible for the cost. Indeed, the Court expressly noted the proposed expert would serve to "to guide the Court in crafting more precise measures to assist in compliance with the stipulation." (Dkt. 2124 at 4). If, however, the

---

[5] While judges can charge the costs of a technical advisor to the losing party under Fed.R.Civ.P. 54(d), *see Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437 (1987), there is not a "losing" party here, as the parties entered into a stipulated settlement agreement.

Court is inclined to apportion costs, it should apportion costs evenly as other Courts in this circuit have done. *See State of Washington v. Moniz*, 2:08-CV-5085-RMP, 2015 WL 7575067, at *14 (E.D. Wash. Aug. 13, 2015); *Agilent Techs. Inc. v. Affymetrix, Inc.*, 06-05958JW, 2007 WL 3231726, at *3 (N.D. Cal. Oct. 30, 2007) (same); *Regents of the Univ. of California v. Micro Therapeutics Inc.*, C 03-05669 JW, 2006 WL 1469698, at *2 (N.D. Cal. May 26, 2006) (same); *Cryptography Research, Inc. v. Visa Int'l Serv. Assoc.*, C04-04143 JW, 2007 WL 735714, at *2 (N.D. Cal. Mar. 7, 2007) (same); *Boston Sci. Corp. v. Micrus Corp.,* C 04-04072JW, 2007 WL 1518435, at *2 (N.D. Cal. May 22, 2007) (same).

## V.   CONCLUSION

For these reasons, the Court should decline to appoint a technical "staffing" advisor. At a minimum, Defendants should not bear that expense (at least not in full).

DATED this 28th day of June 2017.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/Daniel P. Struck
   Daniel P. Struck
   Kathleen L. Wieneke
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Fletcher
   Anne M. Orcutt
   Jacob B. Lee
   Kevin R. Hanger
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Mark Brnovich
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

   *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck