# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

The Court has reviewed Defendants' Motion to Vacate the Evidentiary Hearing regarding the removal of HNR collection boxes from housing units participating in the open clinic process. (Doc. 2136) The Court will deny the motion.

At a minimum, compliance with Performance Measures 36 and 37 is inextricably linked with the submission of an HNR. And as the Court currently understands the open clinic process, inmates must wait in line to see a health care provider (of some kind), *at which point* their HNR is received and processed. For open clinic facilities, therefore, this process forecloses a compliance score below 100% because all HNRs are processed when inmates submit them at the clinic. The Court independently expressed concerns about this process, which Plaintiffs echoed, namely that inmates who cannot wait in line are unable to submit an HNR, inmates who must go to work to keep their jobs are unable to submit an HNR, and there is no mechanism by which to submit an HNR in the evening or on the weekend, among others. Defendants also confirmed that there is no contemporaneous monitoring of sign-ins at the open clinic or wait times. All of this gives

rise to an inference that undue barriers have been erected that suppress the ability to request medical attention, which artificially inflate compliance with Performance Measures 36 and 37 and obfuscate the Court's ability to determine whether inmates who seek care receive timely responses.

For all these reasons, the Court will not vacate the evidentiary hearing. The Court must also address the process by which inmate witnesses will be made available to testify. The parties informed the Court that Defendants would not agree to transfer 4 or 5 inmates for purposes of providing testimony until they have been identified. Further, because of logistical issues, Plaintiffs' counsel is unable to schedule legal calls and visits with their clients to identify their proposed witnesses. The Court will therefore require the parties to identify their proposed witnesses for the evidentiary hearing regarding HNR boxes no later than July 7. Plaintiffs must also file a motion by July 7 for any necessary writs of habeas corpus ad testificandum. The Court will then promptly issue the writs to ensure those inmate witnesses' appearance. While the Court will direct the United States Mashal to serve the necessary documents, the Court anticipates the cooperation of Defendants and their counsel to facilitate these appearances and to notify the appropriate prison staff of these arrangements.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Vacate the Evidentiary Hearing (Doc. 2136) is **denied**.

**IT IS FURTHER ORDERED** that the parties must file their proposed witness lists for the evidentiary hearing no later than July 7. On that date, Plaintiffs must also file any necessary motion for writs of habeas corpus ad testificandum.

Dated this 3rd day of July, 2017.

_____
David K. Duncan
United States Magistrate Judge