1  Kathleen E. Brody (Bar No. 026331)
   **ACLU FOUNDATION OF ARIZONA**
2  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
3  Telephone: (602) 650-1854
   Email: kbrody@acluaz.org
4
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
5  *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
   *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
6  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others*
7  *similarly situated*

   **[ADDITIONAL COUNSEL LISTED ON**
8  **SIGNATURE PAGE]**

9  Sarah Kader (Bar No. 027147)
   Asim Dietrich (Bar No. 027927)
10 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
11 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
12 Email: skader@azdisabilitylaw.org
          adietrich@azdisabilitylaw.org
13
   *Attorneys for Plaintiff Arizona Center for Disability Law*
14
   **[ADDITIONAL COUNSEL LISTED ON**
   **SIGNATURE PAGE]**
15

16                        UNITED STATES DISTRICT COURT

17                              DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' PROPOSED LANGUAGE FOR HEALTH CARE PERFORMANCE MEASURE 25** |

LEGAL136119201.1

Pursuant to the Court's instruction (Doc. 2119 at 2), Plaintiffs hereby submit their proposed language for monitoring Performance Measure 25, which requires that "[a] first responder trained in Basic Life Support responds and adequately provides care within three minutes of an emergency." [Doc. 1185-1 at 9]

Plaintiffs first raised Defendants' problematic methodology for measuring compliance with this PM in their October 15, 2015 Notice of Noncompliance. [*See* Doc. 1561-2 at 12-13][1]  Plaintiffs observed that there were two problems with Defendants' monitoring:  first, in evaluating the timeliness prong of this performance measure, Defendants started counting time when the officer responded; second, Defendants were failing to monitor or evaluate the portion of the performance measure that required that an emergency responder "adequately provides care." [*Id.*]  Plaintiffs proposed that relevant terms be defined, and that a detailed methodology patterned on the one used by the California Correctional Health Care System ("CCHCS") be used to evaluate the objective and subjective prongs of this performance measure. [*Id.* at nn.18, 21]  For example, Plaintiffs proposed that "basic life support" should be differentiated from "first aid." [*Id.* at n.18]; *see infra* page 2.

Plaintiffs' position is that there must be (1) some sort of review of documentation to confirm whether and when basic life support was initiated, and (2) a clinical analysis of the adequacy of the response.  Defendants' position, as articulated in their response to the October 2015 Notice, was that "[w]hen an officer comes across a medical emergency that requires basic life support measures, the same officer will initiate an ICS over the radio and provide CPR.  Main control of the yard will notify medical and medical will respond. If security staff act according to ADC policies and their training, then they are providing adequate care." [Doc. 1626-1, Ex. 4 (filed under seal) (Rand 11/24/15 letter at 35-36)]

Plaintiffs propose that the Monitoring Guide incorporate some of the definitions that they proposed to Defendants in October 2015, due to the parties' inadvertent failure

---

[1] All citations to the docket are to the page number assigned by the Electronic Case Filing system, and not to the documents' page numbers therein.

LEGAL136119201.1

to define these terms in the Stipulation. [Doc. 1561-2 at 12 n.18] Specifically, Plaintiffs propose that the following definitions be added to the Monitoring Guide:

**Basic Life Support**: Emergency care performed to sustain life that includes CPR, automated external defibrillation, control of bleeding, treatment of shock, and stabilization of injuries and wounds.

**First Aid:** Emergency care administered to an injured or sick prisoner before Health Care Staff is available.

**First Responder**: The first staff member certified in Basic Life Support on the scene of a medical emergency.

**First Responder Response Time**: The time interval starting at the activation of an ICS and/or placement of the first call for an emergency medical response, whichever is earliest, and ending with the arrival of treating personnel trained in Basic Life Support at the scene of the incident.

**Medical Emergency**: A medical emergency as determined by medical staff includes any medical, mental health, or dental condition for which evaluation and treatment are necessary to prevent death, severe or permanent disability, or to alleviate disabling pain. A medical emergency exists when there is a sudden marked change in a patient-inmate's condition so that action is immediately necessary for the preservation of life or the prevention of serious bodily harm to the patient-inmate or others.
(Source: http://www.cphcs.ca.gov/docs/imspp/IMSPP-v04-ch04.12.1.pdf)

The relevant pages of the Monitoring Guide with these definitional changes and additions are made in track-changes mode, in Exhibit 1.

With regard to evaluating the adequacy of the response, Plaintiffs previously proposed that Defendants create written guidelines that define the roles and steps that should be taken by custody and or health care staff during an emergency, so that the actual response can be evaluated against the guideline. [Doc. 1561-2 at 13 n.21]

Plaintiffs reiterate their position. ADC's Health Services Technical Manual ("HSTM"), which contained the policies and procedures for health care staff when ADC

1  employees provided care, included at Appendix E a document entitled "Emergency
2  Response Orders" that "were developed to provide guidance in emergency life-threatening
3  situations. Using these guidelines, licensed nursing staff may initiate emergency care
4  based on nursing assessment in consultation with a medical practitioner." [*See* Ex. 2 at
5  ADC011071] These orders are protocols that provide instruction on how nursing staff
6  should respond to various common emergencies. [*Id*. at ADC011071-85] The HSTM
7  was produced by Defendants in the litigation of this case, and is dated 2010. ADC and/or
8  its contractor may have updated these Emergency Response Orders since then; Plaintiffs
9  do not know.

10  Plaintiffs propose that the methodology for PM 25 include reference to the HSTM
11 Appendix E, and that a monitor with clinical training compare the ten randomly selected
12 emergency responses per yard to the Emergency Response Orders, to see if the response
13 at issue comported with the protocols. If ADC or Corizon have more current emergency
14 response orders, Plaintiffs propose that the Court order Defendants to produce them to the
15 Court and Plaintiffs for review, and if agreed upon, that the PM 25 methodology refer to
16 these more recent orders. [*See* Ex. 1]

17     Respectfully submitted,

18 Dated: July 5, 2017                    **PRISON LAW OFFICE**

                                          By:  *s/ Corene Kendrick*
                                               Donald Specter (Cal. 83925)*
                                               Alison Hardy (Cal. 135966)*
                                               Sara Norman (Cal. 189536)*
                                               Corene Kendrick (Cal. 226642)*
                                               Rita K. Lomio (Cal. 254501)*
                                               **PRISON LAW OFFICE**
                                               1917 Fifth Street
                                               Berkeley, California 94710
                                               Telephone: (510) 280-2621
                                               Email:   dspecter@prisonlaw.com
                                                        ahardy@prisonlaw.com
                                                        snorman@prisonlaw.com
                                                        ckendrick@prisonlaw.com
                                                        rlomio@prisonlaw.com

                                               *Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@aclu.org
         afettig@aclu.org
         vlopez@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email:   kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: *s/ Maya Abela*
Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   skader@azdisabilitylaw.org
         adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
   rdalyrooney@azdisabilitylaw.org
   jrico@azdisabilitylaw.org
   jross@azdisabilitylaw.org
   mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com

*Attorneys for Defendants*

s/ D. Freouf

LEGAL136119201.1         -6-