Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' NOTICE REGARDING DEFENDANTS' MONITORING METHODOLOGY FOR PERFORMANCE MEASURE 85** |

LEGAL136159990.1

At the June 14, 2017 hearing in this matter, there arose a factual dispute whether the samples employed for the January 2017 CGAR reports for Performance Measure 85 continued to include records that could not possibly be found noncompliant because the patient had discontinued medications less than 30 days previously.[1]

Plaintiffs' counsel stated as follows:

> MR. FATHI: Your Honor, if I may, at -- in our opening brief on the methodology, Document 2046 at Page 30, we cite examples from the January 2017 CGARs where the sample for Performance Measure 85 includes patients who discontinued medications that same month in January so, therefore, less than 30 days before the sample was taken.
>
> Now, if that's changed, that's great news, but again, we would like a declaration to that effect. Because as of the January 2017 CGARs, they were still including, for Performance Measure 85, files that could not possibly be found to be non-compliant.

[6/14/17 Tr. at 62:9-19.]

By contrast, Dr. Taylor testified that, beginning with the December 2016 CGARs, no such records were included in the sample for PM 85:

> So I pulled those and starting in December, the audit looking at December, just to be clear, the audit looking at December data that was transitioned where no files were used with a – where they were taken off meds in the same month they were reviewed so they would automatically be compliant, we transitioned in November they were used; in December they were not.

[6/14/17 Tr. at 151:6-13]  The Court asked the parties to discuss this dispute and report back to the Court:

> THE COURT: She can show it to you and you say it's not true but you can figure that out. If we had time we would do it right now. But if it turns out that the issue gets resolved, great. If it turns out that there is a misrepresentation to the Court, certainly the defendants have to correct that.

[6/14/17 Tr. at 152:16-21; *see also* Doc. 2124 at 4 ("IT IS ORDERED that Performance Measure 85 shall be updated as set forth on the record")]

---

[1] Performance Measure 85 requires that "MH-3D prisoners shall be seen by a mental health provider within 30 days of discontinuing medications." [Doc. 1185-1 at 14]

LEGAL136159990.1

1    Plaintiffs' statements at the June 14 hearing were correct and Defendants' were
2  incorrect. For example, the January 2017 CGAR report for Perryville purports to show
3  that 23 out of 24 records were compliant for PM 85, for a compliance rate of 95.83%.
4  [*See* Declaration of David C. Fathi ("Fathi Decl."), ¶¶ 2-4, Ex. 1] But the sample for
5  PM 85 included seven records that could not possibly be found noncompliant because the
6  patient had discontinued medications less than 30 days previously. [*Id.*]

7    Although the Court's inquiry was limited to PM 85, Defendants' sampling
8  methodology for PM 86 suffers from the same fatal defect.[2] For example, the January
9  2017 CGAR for Perryville purports to show 50 out of 50 records compliant for PM 86, for
10 a compliance rate of 100%. [Fathi Decl., ¶¶ 5-6, Ex. 1] But the sample includes 37
11 records that could not possibly be found noncompliant because the patient discontinued
12 medications less than 90 days previously. [*Id.*]

13    This practice continues to the present day. For example, the April 2017 CGAR for
14 Tucson purports to show 53 out of 53 records compliant for PM 86, for a compliance rate
15 of 100%. But the sample includes 58 records that could not possibly be found
16 noncompliant. [Fathi Decl., ¶ 7, Ex. 2]

17    Defendants may argue that even though such records cannot possibly be found
18 noncompliant, including them in the sample is permissible as long as they are counted as
19 "not applicable" rather than "compliant." It is not. The sample drawn for each
20 Performance Measure is finite in size; for PM 85 and 86, it consists of ten records (if
21 available) per yard. [Doc. 1185-1 at 32] Every record that cannot possibly be found
22 noncompliant that is included in the sample takes the place of a record that could possibly
23 be noncompliant, and thus falsely inflates Defendants' compliance scores. [*See*
24 Declaration of Craig Haney, Ph.D., J.D., Doc. 2048, ¶ 11 ("In each of these examples, the
25 cases described must be excluded from the sample because they cannot possibly be found

26

---

27    [2] Performance Measure 86 requires that "MH-3D prisoners shall be seen a
   minimum of every 90 days by a mental health clinician for a minimum of six months after
28 discontinuing medication." [Doc. 1185-1 at 14]

1  to be noncompliant, and thus do not test the hypothesis in question—that is, compliance
2  with the relevant Performance Measure.  To include such cases in the sample would
3  misleadingly inflate the compliance figures that are calculated based on the sample")][3]

4  At the June 14 hearing, the Court ordered Defendants to adopt the following
5  methodology for PM 85 and 86:

> With respect to Performance Measures 85 and 86, there really wasn't a similar substantive objection that I could ferret out to the plaintiffs' proposed language.  And so I would adopt the plaintiffs' language.  And that is, with 85, that the monitor selects a random sample of 10 records from all MH-3D prisoners at a given unit.  If any of them discontinued medications less than 30 days previously, that record is excluded from the sample and another record is randomly drawn. See Document 2048, Paragraph 12.
>
> Once these -- once there are 10 records of MH-3D prisoners that have discontinued medications more than 30 days ago, those records are assessed to determine whether the patient was seen within 30 days of discontinuing medications.
>
> And then with respect to Performance Measure 86, the final sample of 10 records used for Performance Measure 85 is the starting point for evaluating compliance with Performance Measure 86.  If any of these prisoners discontinued medications less than 90 days previously, that record is excluded from the sample and another record is randomly drawn.  Once there are 10 records of MH-3D prisoners who have discontinued medications more than 90 days ago, those records are assessed to determine whether the patient was seen within 90 days of discontinuing medications.

19  [6/14/17 Tr. at 112:21-113:18]   Plaintiffs are confident that Defendants will promptly
20  comply with the Court's order, which will resolve this issue.

21  . . .
22  . . .
23  . . .
24  . . .
25  . . .

---

[3] In any event, Defendants do count these records as "compliant" for PM 86. [*See* Fathi Decl., Exs. 1, 2 (highlighted records containing a "y," indicating that they were counted as compliant)]

| | |
|---|---|
| Dated: July 10, 2017 | **ACLU NATIONAL PRISON PROJECT** |
| | By:   s/ David C. Fathi |
| | David C. Fathi (Wash. 24893)* |
| | Amy Fettig (D.C. 484883)** |
| | Victoria Lopez (Ill. 6275388)* |
| | 915 15th Street N.W., 7th Floor |
| | Washington, D.C. 20005 |
| | Telephone: (202) 548-6603 |
| | Email:   dfathi@aclu.org |
| |         afettig@aclu.org |
| |         vlopez@aclu.org |
| | |
| | *Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts. |
| | **Admitted *pro hac vice* |
| | |
| | Daniel C. Barr (Bar No. 010149) |
| | Amelia M. Gerlicher (Bar No. 023966) |
| | John H. Gray (Bar No. 028107) |
| | **PERKINS COIE LLP** |
| | 2901 N. Central Avenue, Suite 2000 |
| | Phoenix, Arizona 85012 |
| | Telephone: (602) 351-8000 |
| | Email:   dbarr@perkinscoie.com |
| |         agerlicher@perkinscoie.com |
| |         jhgray@perkinscoie.com |
| | |
| | Kathleen E. Brody (Bar No. 026331) |
| | **ACLU FOUNDATION OF ARIZONA** |
| | 3707 North 7th Street, Suite 235 |
| | Phoenix, Arizona 85013 |
| | Telephone: (602) 650-1854 |
| | Email:   kbrody@acluaz.org |
| | |
| | Donald Specter (Cal. 83925)* |
| | Alison Hardy (Cal. 135966)* |
| | Sara Norman (Cal. 189536)* |
| | Corene Kendrick (Cal. 226642)* |
| | Rita K. Lomio (Cal. 254501)* |
| | **PRISON LAW OFFICE** |
| | 1917 Fifth Street |
| | Berkeley, California 94710 |
| | Telephone: (510) 280-2621 |
| | Email:   dspecter@prisonlaw.com |
| |         ahardy@prisonlaw.com |
| |         snorman@prisonlaw.com |
| |         ckendrick@prisonlaw.com |
| |         rlomio@prisonlaw.com |
| | |
| | *Admitted *pro hac vice* |

| | |
|---|---|
| 1 | Kirstin T. Eidenbach (Bar No. 027341) |
| 2 | **EIDENBACH LAW, PLLC**<br>P. O. Box 91398 |
| 3 | Tucson, Arizona 85752<br>Telephone: (520) 477-1475 |
| 4 | Email:   kirstin@eidenbachlaw.com |
| 5 | Caroline Mitchell (Cal. 143124)*<br>**JONES DAY** |
| 6 | 555 California Street, 26th Floor<br>San Francisco, California 94104 |
| 7 | Telephone: (415) 875-5712<br>Email:   cnmitchell@jonesday.com |
| 8 | *Admitted *pro hac vice* |
| 9 | John Laurens Wilkes (Tex. 24053548)* |
| 10 | **JONES DAY**<br>717 Texas Street |
| 11 | Houston, Texas 77002<br>Telephone: (832) 239-3939 |
| 12 | Email:   jlwilkes@jonesday.com |
| 13 | *Admitted *pro hac vice* |
| 14 | *Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina* |
| 15 | *Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm;* |
| 16 | *Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of* |
| 17 | *themselves and all others similarly situated* |

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Maya Abela
Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   skader@azdisabilitylaw.org
             adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
   rdalyrooney@azdisabilitylaw.org
             jrico@azdisabilitylaw.org
             jross@azdisabilitylaw.org
             mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com

*Attorneys for Defendants*

                                                      s/ D. Freouf