☒ FILED  ☐ LODGED

# Jul 11 2017

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

LARRY JOE PRINCE
ADOC# 058251
ASPC Eyman Browning
P.O. Box 3400
Florence, Arizona 85132

In Propria Persona

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

VICTOR PARSONS, et al.,

    Plaintiff(s),

vs.

CHARLES L. RYAN, et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No. CV 12-00601-PHX-DJH

**MOTION TO INTERVENE TO ENFORCE STIPULATION AND REQUEST TO ENFORCE STIPULATION (DOC. 1185) (EMERGENCY EXPEDITED PROCEEDING REQUESTED TO AVOID FURTHER HARM)**

**1.** Plaintiff to the class action party, Larry Joe Prince, having unsuccessfully sought assistance by class counsel and having received reprisal by Corizon Health Care on behalf of the Director for utilizing the health care performance standards within the Parsons Stipulation (Doc.1185, ¶8), and for utilizing the prescribed grievance process with Department Order ("DO") 802, hereby respectfully asks the Court to allow him to intervene to seek enforcement of the Stipulation in this cause of action, pursuant to Rule 24 of the Federal Rules of Civil Procedure, based on following chronology of facts.

**2.** This Court has jurisdiction to exercise its inherent powers and those outlined in the Stipulation (Doc. 1185 ¶¶ 35-36) to enforce the terms of the Stipulation and order Defendants to take immediate and substantial action to remedy gross and dangerous deficiencies within their health care system that continue to prevent the provision of adequate health care and place class members at grave danger of serious harm or death.

**3.** The Stipulation requires ADC to comply with a set of 103 health care measures.(Doc.1185, ¶8). The ADC also operates under the Directors DO 1101 (Inmate Access to Health Care), requiring continuity and a community standard of care.

4.    Plaintiff here has been confined in the ADC for 31 years. He's served his sentence in ADC and New Mexico Corrections Department upon his successful litigation in Prince v. Stewart, 2:00-cv-01084-SRB. During his time in the ADC (in and out of Arizona), he has received treatment for numerous injuries sustained in prior automobile, motorcycle and sports related accidents. Over years, Plaintiff's quality of life deteriorated. He remains in Browning Unit.

5.    Plaintiff has been examined and surgically repaired by no less than 5 orthopedic specialists. Plaintiff has been examined by no less than 3 neurosurgeon specialists since 2013. Plaintiff has been treated with, but not limited to, antidepressant medication for spinal pain (which failed), medication for inflammation (which he took until his stomach bled and it failed), opiates (which he declined due to their addictive qualities), steroids (which had adverse effects and failed), and, "tenz" treatments (failed).

6.    In 2014 Plaintiff, while confined at Kaibab Unit, was taken for a MRI. MRI discovered deteriorating injury and deficiencies in Plaintiff's lumbar (L4,L5) cervical (C1-C7) spine. Plaintiff was living in excruciating pain. Plaintiff taken for physical therapy. There, orthopedic specialist and physical therapist reviewed the MRI and examined Plaintiff. The orthopedist and therapist refused treat Plaintiff, claiming "this man has damage to his spinal cord also."

7.    In June, 2015, Plaintiff was infected with staph when his left hand was cut by an ADC C.O.'s contaminated bloody hand cuff. Corizon medical staff failed to timely treat Plaintiff and he ended up in a Flagstaff hospital minutes from death or amputation of his left hand. By the grace of a higher power, Plaintiff was saved from both by a skilled surgeon. The blood on the hand cuff causes Plaintiff to be constantly tested for disease. Throughout that painful, lengthy treatment and the related stress to the permanent injury and life threatening diseases, Plaintiff suffered with no high blood pressure. Plaintiff had a high threshold of pain until his neck/back deteriorated.

2

**8.** On September 1, 2015, ADC and Corizon took Plaintiff to a pain management specialist, based on an assessment of cervical spondylosis. Plaintiff was injected in the base of his neck with 3 huge needles for a cervical medial branch block. The ADC transport officials defied the treating Doctor's orders "not to move" Plaintiff "for an hour." The procedure failed. Plaintiff's serious injuries were aggravated and worsened. Plaintiff suffered constantly.

**9.** Corizon medical providers conferred with a neurosurgeon. Plaintiff was counseled on the risks of a surgery and the alternative treatment of non-opiate medication to alleviate the suffering Plaintiff was living with on a daily basis. <u>Parsons</u> Measure #22 was followed and Plaintiff eventually had his medication adjusted with Gabapentin and Tramadol.(Ex.1). Plaintiff complied with the medication use as prescribed and dispensed to him daily by Corizon.

**10.** Plaintiff's quality of life improved. He was more mobile, able to ambulate and complete daily tasks (which includes his ability to write, see Docs.28,32; <u>Prince v. Ryan</u>, 2:08-cv-01299-SRB), not suffering with blinding pain or from side effects. Plaintiff was seen by Corizon medical staff regularly, was in better health and always had normal vitals during provider reviews.

**11.** On 4.18.2017, Plaintiff submitted his HNR for renewal of his medications to stay with a continuity of care.(Ex.2). Plaintiff's medications were continued. By 5.10.2017, Corizon provider, Gay (who had never examined Plaintiff) had stopped Plaintiff's medications abruptly. Gabapentin should never be abruptly stopped as it can cause seizures, strokes, etc. Corizon medical provider, Gay, refused to discuss with Plaintiff his medical history, claimed "we no longer have reviews for non-formulary medication," and insisted Plaintiff accept "Cymbalta" (an antidepressant drug) to replace Gabapentin and Tramadol. Plaintiff objected to forced antidepressant/antipsychotic drugs and advised Gay that such medication failed to treat his extensive injuries.

3

**12.** Cymbalta is an antidepressant medication used to treat nerve damage caused by diabetes, some other neuropathic pain and primarily lumbar pain. Plaintiff suffers primarily from cervical spine and neck compression (nerve impingement) injuries caused by high speed collisions and sports related accidents (which at one point in life left Plaintiff without the ability to walk).

**13.** Plaintiff submitted an HNR on 5.10.2017, objecting to the Cymbalta.(Ex.3). On 5.11.2017, LPN Nash forwarded the request to the AFHA.Id. An  informal complaint was filed 5.21.2017 (Ex.4) and a timely grievance on 6.1.2017.(Ex.5). The Cymbalta left Plaintiff in a state of nausea, had him vomiting, blurred his vision and left him in a constant state of suffering from severe pain. He verbally reported the side effects and pain to ever walk-through medical nurse and to the psyche tech on his weekly walk through. The Cymbalta was stopped.

**14.** From his 5.10.2017, HNR Plaintiff was advised on 6.5.2017, that he was "placed on provider line to discuss medications."(Ex.3). By 6.17.2017, still without medical attention, Plaintiff was suffering without any medication, and was in serious painful distress.(Ex.6).

**15.** On 6.18.2017, Plaintiff was visibly in distress and complaining of the pain to his upper spine and neck.  Corizon medical staff took Plaintiff's blood pressure. It  was  158/102.  Plaintiff was given blood pressure  medication, nothing to relieve the suffering from the painful permanent injury and referred back to the same provider, Gay, on 6.18.2017.(Ex.6). He continued to suffer.

**16.** On 6.29.2017, Plaintiff was again reviewed by Corizon medical provider, Gay. Gay has never physically examined Plaintiff or provided any evidence that all the prior specialists or Corizon medical providers assessed Plaintiff erroneously.  Gay erroneously tried to advise Plaintiff that Cymbalta treats his condition, that he had never been to a pain management clinic and that he was refusing alternative treatment.  Plaintiff explained his history and asked "why was working meds taken away?" She responded "Ducey Order takes your meds."

**4**

**17.** Plaintiff asked Gay to "please submit my prescriptions to the Review (Parsons Measure #22) and allow them to decide." Gay advised Plaintiff "we don't do that anymore." Plaintiff stated "Parsons stipulates otherwise."

**18.** Gay then erroneously stated "well you've never been to a pain management clinic so we'll try that and we'll just have to wait and see what the assessment is there." Plaintiff responded "I'm not refusing any treatment, I'm just telling you we've been down that road to nowhere." Plaintiff asked Gay "please help me with this situation, the pain keeps me in so much distress, I'm exhausted from suffering." His blood pressure was 148/99. He suffered more.

**19.** Corizon medical provider Gay, knowing Plaintiff suffers from his serious injuries, stated "you can file another one of your informal complaints if you don't like it," got up from her chair and advised the C.O. "we're done here, take him out." She advised Plaintiff "have a nice day."

**20.** That same day, Plaintiff was advised by Corizon nursing staff that "another provider asked Gay to prescribe you 50mg non-formulary Tramadol, 2x a.m. and 2x p.m., but Gay undermined that to only 50mg 2x daily. It went to Corizon Utilization 'Review' for approval (which Gay advised Plaintiff was no longer being used)." Plaintiff was advised he would also receive "tenz" treatment and see a pain management specialist. He did not object or refuse.

**21.** On 07.03.2017, Plaintiff was advised that Review approved the 6.29.2017 non-formulary Tramadol medication. Plaintiff still had received absolutely no assistance for the suffering he was going through. On 07.04.2017, Plaintiff submitted an HNR and inquired into his approved medication.(Ex.7).

**22.** On 07.05.2017, R. Barker, MD (who Plaintiff has never been examined, ever met or heard of), falsified a HNR "Plan of Action" stating Plaintiff "refused alternative treatment, no physical finding w/zero deficiency, medication denied," and staff sent it to Plaintiff via institutional mail.(Ex.7).

**23.** On 07.07.2017, Plaintiff was seen at nurses line for his HNR asking why Parsons, Ex.B, Measure #22, was being defied and for his continued suffering upon the cancellation of his Reviewed and Approved non-formulary medication. The nurse could not locate information justifying the cancellation. (Ex.8).

**24.** This is not an isolated incident. The current Corizon medical providers are exhibiting a pattern and practice of substantially departing from a continuity of a community standard of care by abruptly stopping prisoner(s) medication(s). Plaintiff asked for no more than the care set forth in Parsons and DO 1101 and he was retaliated upon, left to the suffering identified by a plethora of other specialists and Corizon medical providers, only in the quest of Corizon to now recover the costs lost in the litigation of Parsons without any rational justification to cause harm and suffering to Plaintiff.

**25.** Plaintiff suffers in daily identified real pain with blinding headaches, stabbing and burning sensations in his upper spine and neck. The pain burns down into Plaintiff's arms and hands and eventually causes Plaintiff to simply lay on his bunk until he can gather his energy again.

**26.** Corizon medical providers are aware of Plaintiff's well documented serious injuries, are aware of the suffering Plaintiff lives with because of the serious injuries, are aware that non-opiate medication was properly prescribed commensurate with a community of standard of care to improve Plaintiff's quality of life, identified that Plaintiff had challenged their decisions in accordance with DO 802, and deliberately ceased Plaintiff's medication (without even remotely following the health care performance measures set forth in Ex.B of Parsons), knowing his quality of life would diminish, and, that Plaintiff would suffer as a direct result of their actions.

**27.** Plaintiff has repeatedly advised Director Ryan's designee, Deputy Warden Ibarra of the Browning Unit, via DO 916 inmate letters and copies of mail to class counsel, to no avail. He receives absolutely no response.

**28.** Class counsel has been quite clear to Plaintiff and other similarly situated prisoners that they have no intention of providing individual help. (Ex.9). Class counsel issued its form letter and specifically stated they would **not** "assist if your problem is a denial of pain medication or that you were given a different medication than what you want."Id. While this is an issue of pain management medication, it's born of treatment that Plaintiff was receiving after years of tried and failed treatments that finally improved his quality of life and now results in the harm caused by the serious and constant distress of being in pain. It would be futile to beg class counsel to assist.

**29.** The ADC and Corizon are constitutionally prohibited from enforcing punishment commensurate with the unnecessary and wanton infliction of pain. Plaintiff's situation is flush with documentation that Corizon medical providers are acting with a sufficiently culpable state of mind to know that after all Plaintiff has experienced with his neck and back injuries he will continue to suffer without the previously prescribed medication. Corizon medical providers know that it is not a community standard of care to systematically abruptly stop prescribed medication that is necessary for an improved quality of life and to prevent harm caused by the serious distress.

**30.** In <u>Erickson v. Pardus</u>, 551 U.S. 89, 92-94 (2007), the Court found deliberate indifference claim stated when prison officials terminated inmate medication that caused harm or potential death. The Court liberally construes pro se complaints to state 8th Amendment deliberate indifference claims. <u>Wilhelm v. Rofman</u>, 680 F.3d 1113, 1121-22 (9th Cir. 2012). Terminating Plaintiff medication for a serious spinal injury that spikes blood pressure is deliberate indifference when other staff visually observe Plaintiff here suffering in pain. Plaintiff's quality of life is now again deteriorating and will cause additional harm.

**31.** Here, it is more likely than not because Plaintiff was/is in such pain and suffers from the denial of his rightfully prescribed medication for his well documented injuries, he then suffered autonomic dysreflexia, which caused his blood pressure to spike. This in itself proves that the pain Plaintiff suffers is not from anything other than the injuries that new Corizon medical providers abruptly decided to purposely ignore with a state of mind intended on retaliating against Plaintiff for pursuing his rightful remedies after the ADC caused him more permanent injury subsequent to the September 1, 2015, visit to the outside pain management clinic.

**32.** The ADC has no authority to allow Corizon medical providers to act outside the health care performance measures set forth in Exhibit B of the Stipulation in <u>Parsons</u>. There is no provision to prescribe medications to improve the quality of life and then abruptly stop them without examination or justification, knowing full well that Plaintiff will suffer potential harm (which is evident from the previously tried and failed treatments), from the untreated injuries and pain.

**33.** Plaintiff has no other option than to intervene here. It should not take costly separate litigation to identify and adjudicate the blatant deliberate indifference by ADC and Corizon actors. If the Court so chooses that class counsel should be given the opportunity to receive these papers and make a decision on how to proceed, pursuant to <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1166 (10th Cir.1991), then Plaintiff asks that class counsel should diligently act.

**34.** When ordering a party to develop a remedial plan to come into compliance with a settlement or past orders, "the court is entitled to some guidance...and set some deadlines for compliance." <u>Armstrong v. Davis</u>, 275 F.3d 849, 873 (9th Cir. 2001). When state officials fail to discharge their constitutional duty to provide prisoners with minimally adequate medical care, the result is "[n]eedless suffering."<u>Brown v. Plata</u>, 563 U.S. 493, 131 S.Ct. 1910 (2011). The Court retains authority to develop remedial plans to achieve compliance.Id.

35. Based on the foregoing, the totality of events herein, that it is abundantly clear that Defendants ADC and Corizon utterly refuse to keep their side of the bargain and then retaliate upon Plaintiff when he asks Corizon and the ADC to comply with Exhibit B, Plaintiff continues to suffer endlessly and harmed by the high blood pressure caused by his painful injuries.

36. Plaintiff respectfully asks the Court to allow him to intervene and that the Court should Order Defendants to develop a plan to comply with their obligations by providing a curative solution to Plaintiff's [n]eedless suffering without further delay, all of which is not beyond the health care performance measures set forth in ¶8 and Exhibit B of the Stipulation, to include the necessary "corrective action" against Corizon medical providers, Gay and Barker, for substantially departing from the standard of care required under <u>Parsons</u> and for their reprisals upon Plaintiff for seeking redress.

Respectfully submitted this 11th day of July, 2017.

_____
Larry Joe Prince
In Propria Persona

**CERTIFICATE OF FILING**

On the same date submitted above I handed over this document to the Browning Unit Resource Center Librarian for e-filing to the U.S. District Court and all related parties to this action, pursuant to the e-filing pilot program.

By: _____
Larry Joe Prince

. . .

I, Larry Joe Prince, declare under penalty of perjury that I wrote the above chronology of facts and events described therein and that every fact I wrote was by my personal knowledge and true as to how I witnessed them and believe them to be true as they were relayed to me by staff.

_____
Larry Joe Prince

. . .

9

LARRY JOE PRINCE
ADOC# 058251
ASPC Eyman Browning
P.O. Box 3400
Florence, Arizona 85132

In Propria Persona

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| VICTOR PARSONS, et al., | ) | No. CV 12-00601-PHX-DJH |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **EXHIBITS 1-9 IN SUPPORT OF** |
| vs. | ) | **MOTION TO INTERVENE TO ENFORCE** |
| | ) | **STIPULATION AND REQUEST TO** |
| CHARLES L. RYAN, et al., | ) | **ENFORCE STIPULATION (DOC. 1185)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff to the class action party, Larry Joe Prince, hereby submits his

Exhibit 1 through 9 in support of his Request to Intervene and Enforce <u>Parsons</u>.

**1A.** HNR of 9.28.2015.
**1B.** Corizon Inmate Letter Response identifying cervical spine deficiencies.
**2.** HNR of 04.18.2017.
**3.** HNR of 5.10.2017.
**4.** Inmate Informal Complaint Resolution of 05.21.2017.
**5.** Grievance of 06.01.2017.
**6.** HNR of 06.17.2017.
**7.** HNR of 07.04.2017.
**8A.** HNR of 07.07.2017.
**8B.** Inmate Informal Complaint Resolution of 07.07.2017.
**9.** Form letter by class counsel.

Respectfully submitted this /ʃ day of July, 2017.

Larry Joe Prince
In Propria Persona

E-filed with Request to Intervene and Enforce <u>Parsons</u> on same date.

By:
Larry Joe Prince

Ex.
1

Ex.
1

Ex.
1

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Health Needs Request (HNR)**

Date: _____
Time: _____
Initials: _____

| Inmate Name/Nombre (Last, First M.I.) (Apellido, Nombre, Inicial) | ADC Number/Número de ADC | Date/Fecha |
|---|---|---|
| Prince, Larry J. | 058251 | 9.28.2015 |

| Cell/Bed Number/Celda/Número de Cama | Unit/Unidad | P.O. Box/Apartado Postal | Institution/Facility/Instalación: ASPC |
|---|---|---|---|
| 1A42 | Browning | 3400 | Eyman |

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action (Use this form to describe only one problem or issue at one time).
*[Se le exige diga la verdad. La falta de cooperación y cualquier abuso del sistema del cuidado de la salud o del personal podría retrasar la asistencia de este cuidado para usted y para otros y puede dar lugar a una acción disciplinaria (Use este formulario para describir un problema a la vez)]*

**AREA OF INTEREST** (Check only one block below)/**AREA DE INTERES** (MARQUE UN ESPACIO SOLAMENTE) ☒ Medical/Médica  ☐ Dental  ☐ FHA
☐ Pharmacy/Farmacia ☐ Mental Health/Salud Mental ☐ Eyes/Ojos ☐ Other (specify)/Otros (especifique) _____
PLEASE PRINT! Describe your medical/dental treatment issue need in the space below. Be clear and specific. NO ADDED PAGES. *[¡POR FAVOR, ESCRIBA EN IMPRENTA! Describa su tratamiento o necesidad médica/dental en el espacio de abajo. Describa claramente y sea específico. ¡NO USE MAS HOJAS!]*

I am in severe pain to the point that my vision is blurring. The base of my neck and the injection points where the outside provider inserted the 3 needles/syringes into my back is causing me severe pain and distress. I was told by the outside provider that the pain from the injection sites would go lessen in about one week. It has indeed increased. I have a sensation that something is stuck there and I reach for it as though it's there because it's very painful (such as hot stabbing). Please see me soon as it's sapping all my energy and causing me to be very irritated because it hurts to exercise and it hurts to sit too long while I try to finish my legal work. Your argent assistance would be greatly appreciated. Thank you.

• • •
• • •

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee *(excluding exemptions granted by statute)* for the visit that I am herein requesting. I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment. *[Entiendo que de acuerdo con ARS 31-201.01 se me cobrará una cuota por el servicio médico de $4.00 por la cita que aquí estoy pidiendo (excluyendo las exenciones otorgadas por la ley). Además entiendo que al pagar esta cuota no tengo el derecho a imponer el tratamiento o quien lo proporcione.]*

| Inmate's Signature/Firma del prisionero | 9.28.2015 |
|---|---|

**REMOVE THE GOLDENROD COPY AND PLACE THE REMAINDER IN THE HEALTH NEEDS REQUEST DROP BOX** [SEPARE LA COPIA DE COLOR AMARILLO OBSCURO Y DEJE LAS DEMAS EN EL BUZON PETICION DE NECESIDADES MÉDICAS]

**REFERRAL BY MEDICAL STAFF/REFERENCIA MEDICA** ☒ Medical/Médica ☐ Dental ☐ Pharmacy/Farmacia ☐ FHA
☐ Mental Health/Salud Mental ☐ Eyes/Ojos ☐ Other/Otros (specify) (especifique) _____
Comments/Comentarios

*referred to nurse line*

| Staff Signature Stamp/Firma del empleado | Date/Fecha 9/29/15 | Time/Hora 0135 |
|---|---|---|

**PLAN OF ACTION/PLAN DE ACCION**     *Sent to provider See review*

Seen on Nurse line 9/29/15

| Staff Signature Stamp/Firma del empleado  RN | Date/Fecha 9/29/15 | Time/Hora 0831 |
|---|---|---|

Distribution: White/Blanca - Health Unit/Unidad de Salud, Canary, Pink & Goldenrod - Inmate/Amarillo Canario, Rosa y Amarillo Obscur - Prisonero

This document is a translation from original text written in English. This translation is unofficial and is not binding on this state or a political subdivision of this state. [Este documento es una traducción de texto original escrito en inglés. Esta traducción no es oficial y no compromete a este estado ni una subdivisión política de este estado.]

1101-10ES
10/1/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter Response**

> *For distribution: Copy of corresponding Inmate Letter must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Prince, Larry | 058251 |

| Institution/Unit |
|---|
| Eyman/Browning  1 A  42 |

| From | Location |
|---|---|
| C Hawley, AFHA | ASPC-Eyman/Inmate Health Services |

This is in response to your inmate letter dated September 1, 2015.

Your primary concern is you allege that on September 1, 2015, you were sent to an outside consult appointment without the provider explaining the clinical need for you to be seen by the specialist, there was no outside consultation appointment agreement, and you did not sign an outside consultation appointment agreement. You state that you did not refuse the medical transport or treatment for fear of being labeled "non-compliant" and that the injections received have not been beneficial for you; and that you are requesting an increase of the medication gabapentin.

An investigation into your issue included a review of your medical record. On September 1, 2015 you were evaluated by an outside specialist for your complaint of back pain. The specialist assessment and impression was that your pain was due to cervical spondylosis, and he recommended treatment of a cervical medial branch block. The procedure was explained in detail, including risks such as possibility of infection, bleeding, pneumothroax, nerve injury or spinal cord injury, allergic reaction to medication. You were asked about possible allergies to iodinated radio-contrast dye, iodinated skin preparation solution, and local anesthetic, and you reported that allergies were negative according to your history. You signed a procedure-specific consent. You were presented with the opportunity to have all questions answered both on the day of the initial consultation (may 26,2015), and again on September 1, 2015. After all listed possible side effects and potential risks, you informed the doctor that you wished to proceed with the procedure. You have been provided pain management, and you continue to be monitored for your back pain. You may always refuse outside specialist consult appointments, and will not be transferred to the pain specialist against your wishes.

Please submit an HNR should you require medical attention.

End of response.

| Staff Signature | C. Hawley, BSA Assistant FHA | Date 10/12/15 |
|---|---|---|

Distribution:  Original - Master Record File
Copy - Inmate

916-2
5/14/12

Ex.
2

Ex.
2

Ex.
2

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Health Needs Request (HNR)**

Date: _____
Time: _____
Initials: _____

| Inmate Name/Nombre *(Last, First M.I.) (Apellido, Nombre, Inicial)* | | ADC Number/Número de ADC | Date/Fecha |
|---|---|---|---|
| Prince, Larry J. | | 058251 | 04.18.2017 |

| Cell/Bed Number/Celda/Número de Cama | Unit/Unidad | P.O. Box/Apartado Postal | Institution/Facility/Instalación: ASPC |
|---|---|---|---|
| J48 | Browning | 3400 | Eyman |

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action (Use this form to describe only one problem or issue at one time). *[Se le exige diga la verdad. La falta de cooperación y cualquier abuso del sistema del cuidado de la salud o del personal podría retrasar la asistencia de este cuidado para usted y para otros y puede dar lugar a una acción disciplinaria (Use este formulario para describir un problema a la vez)]*

**AREA OF INTEREST** *(Check only one block below)***/AREA DE INTERES** *(MARQUE UN ESPACIO SOLAMENTE)* [X] Medical/Médica [ ] Dental [ ] FHA [ ] Pharmacy/Farmacia [ ] Mental Health/Salud Mental [ ] Eyes/Ojos [ ] Other *(specify)*/Otros *(especifique)* _____

PLEASE PRINT! Describe your medical/dental treatment issue need in the space below. Be clear and specific. NO ADDED PAGES. [¡POR FAVOR, ESCRIBA EN IMPRENTA! Describa su tratamiento o necesidad médica/dental en el espacio de abajo. Describa claramente y sea específico. ¡NO USE MAS HOJAS!]

To keep with a continuity of care, subsequent to the MRI's, x-rays and plethora of exams by neurosurgeons and orthopedic specialists, I'm respectfully requesting to renew my pain management and nerve impingement medication(s) so that I may continue to ambulate properly, stay healthy as possible and do my necessary work with all the unfortunate injuries I have. Thank you.

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee *(excluding exemptions granted by statute)* for the visit that I am herein requesting. I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment. [Entiendo que de acuerdo con ARS 31-201.01 se me cobrará una cuota por el servicio médico de $4.00 por la cita que aquí estoy pidiendo *(excluyendo las exenciones otorgadas por la ley)*. Además entiendo que al pagar esta cuota no tengo el derecho a imponer el tratamiento o quien lo proporcione.]

| Inmate's Signature/Firma del prisionero | 04.18.2017 |
|---|---|

**REMOVE THE GOLDENROD COPY AND PLACE THE REMAINDER IN THE HEALTH NEEDS REQUEST DROP BOX[SEPARE LA COPIA DE COLOR AMARILLO OBSCURO Y DEJE LAS DEMAS EN EL BUZON PETICION DE NECESIDADES MÉDICAS]**

**REFERRAL BY MEDICAL STAFF/REFERENCIA MEDICA** [X] Medical/Médica [ ] Dental [X] Pharmacy/Farmacia [ ] FHA [ ] Mental Health/Salud Mental [ ] Eyes/Ojos [ ] Other/Otros *(specify)* *(especifique)*

Comments/Comentarios

Forwarded to HCP for commentary/action

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| | 4/19/17 | 0135 |

**PLAN OF ACTION/PLAN DE ACCION**

Medications good until 05/17/17. You need to provider visit to discuss alternative there after for Gabapentin

M. Gay, NP

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| M. Gay NP | 04.24.17 | 1:00pm |

Distribution: White/Blanca - Health Unit/Unidad de Salud, Canary, Pink & Goldenrod - Inmate/Amarillo Canario, Rosa y Amarillo Obscur - Prisonero

This document is a translation from original text written in English. This translation is unofficial and is not binding on this state or a political subdivision of this state. [Este documento es una traducción de texto original escrito en inglés. Esta traducción no es oficial y no compromete a éste estado ni una subdivisión política de este estado.]

1101-10ES
12/19/12

Ex.
3

Ex.
3

Ex.
3

ARIZONA DEPARTMENT OF CORRECTIONS

Health Needs Request (HNR)

Date:
Time:
Initials:

| Inmate Name/Nombre (Last, First M.I.) (Apellido, Nombre, Inicial) | ADC Number/Número de ADC | Date/Fecha |
|---|---|---|
| Prince, Larry J. | 058251 | 05.10.2017 |

| Cell/Bed Number/Celda/Número de Cama | Unit/Unidad | P.O. Box/Apartado Postal | Institution/Facility/Instalación: ASPC |
|---|---|---|---|
| 4J48 | Browning | 3400 | Eyman |

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action (Use this form to describe only one problem or issue at one time). [Se le exige diga la verdad. La falta de cooperación y cualquier abuso del sistema del cuidado de la salud o del personal podría retrasar la asistencia de este cuidado para usted y para otros y puede dar lugar a una acción disciplinaria [Use este formulario para describir un problema a la vez!]

**SECCION I / SECTION I**

AREA OF INTEREST(Check only one block below)/AREA DE INTERES (MARQUE UN ESPACIO SOLAMENTE)x ¦ Medical/Médica ¦ Dental X FHA
¦ Pharmacy/Farmacia ¦ Mental Health/Salud Mental ¦ Eyes/Ojos ¦ Other (specify)/Otros (especifique) _____
PLEASE PRINT! Describe your medical/dental treatment issue need in the space below. Be clear and specific. NO ADDED PAGES. [¡POR FAVOR, ESCRIBA EN IMPRENTA! Describa su tratamiento o necesidad médica/dental en el espacio de abajo. Describa claramente y sea especifico. ¡NO USE MAS HOJAS!]

Between 2010 and 2015 I was examined by no less than 3 orthopedic specialists and 3 neurosurgeons for my serious knee, hands, lower back, upper back and neck injuries. I was also taken to a pain management specialist after I arrived at Browning Unit. There 3 huge needles were inserted into my neck to determine if a subsequent procedure to deaden the nerves in my spine would relieve my excruciating pain and allow me to ambulate properly. It did not take. Browning Unit health providers then discussed the issue(s) with the Medical Director (who also was in contact with my attorney). My history showed that I was not a drug addict or ever "pill shopped!" Indeed, I was adamant that the constant use of antiinflammatories would cause me damage. They eventually made my stomach bleed. However, in lieu of a major surgery (which the providers decided was not a fair option at this time), we agreed to pain management medication. It took many tries to get the correct prescription. I was adamant that I did not want to use opiate medication. The prescription of Gabapetten and Tramadol was working. We stayed with it. I take it as prescribed (in lieu of the surgery(s)), and I manage to ambulate and get all my legal work done (which takes many many hours of typing, sorting documents on the floor, creating documents, etc.). Now the provider takes away my Gabapetten falsely advised me it is a statewide mandate and forces antidepression medication on me without my consent. My attorney has advised me to advise the provider that this action is a deliberate indifference to my serious medical condition.

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee (excluding exemptions granted by statute) for the visit that I am herein requesting. I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment. [Entiendo que de acuerdo con ARS 31-201.01 se me cobrará una cuota por el servicio médico de $4.00 por la cita que aquí estoy pidiendo (excluyendo las exenciones otorgadas por la ley). Además entiendo que al pagar esta cuota no tengo el derecho a imponer el tratamiento o quién lo proporcione.]

Inmate's Signature/Firma del prisionero _____ Larry J. Prince 5.10.2017

REMOVE THE GOLDENROD COPY AND PLACE THE REMAINDER IN THE HEALTH NEEDS REQUEST DROP BOX[SEPARE LA COPIA DE COLOR AMARILLO OBSCURO Y DEJE LAS DEMAS EN EL BUZON PETICION DE NECESIDADES MÉDICAS]

**SECCION III / SECTION III**

REFERRAL BY MEDICAL STAFF/REFERENCIA MEDICA ¦ Medical/Médica ¦ Dental ¦ Pharmacy/Farmacia ¦ FHA
¦ Mental Health/Salud Mental ¦ Eyes/Ojos ¦ Other/Otros (specify) (especifique) _____
Comments/Comentarios

NURSE CHART REVIEW / FORWARD TO AFHA

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| C. Nash, LPN | 5/11/17 | 1902 |

**SECCION IV / SECTION IV**

PLAN OF ACTION/PLAN DE ACCION

Placed on provider line to discuss Medications.

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| Julie Bainbridge, SADON | 6/5/17 | 1611 |

Distribution: White/Blanco – Medical Record/Expediente Médico, Canary, Pink & Goldenrod – Inmate/Amarillo Canario, Rosa y Amarillo Obscur – Prisonero

This document is a translation from original text written in English. This translation is unofficial and is not binding on this state or a political subdivision of this state. [Este documento es una traducción de texto original escrito en inglés. Esta traducción no es oficial y no compromete a este estado ni una subdivision politica de este estado.]

1101-10ES
12/19/12

Ex. 4

Ex. 4

Ex. 4

# ARIZONA DEPARTMENT OF CORRECTIONS

Complaints are limited to one page and one issue.

## Inmate Informal Complaint Resolution

6.5.0

Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Prince, Larry J. | 058251 | ASPC Eyman Browning J48 | 05.21.2017 |

| TO | LOCATION |
|---|---|
| CO III (Please Forward to Browning Med/FHA) | Browning Unit |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

My medical records reflect that subsequent to multiple x-rays, MRI's, consults with orthopedic and neurosurgeon specialists, and consults at pain management clinics, in lieu of a risky and costly surgery, multiple Providers prescribed Gabapentin for my spinal injuries (to include nerve impingement), and Tramadol so that I could adequately ambulate on a daily basis. As of recently a new Provider (who had never examined me), stopped my Gabapentin abruptly (without tapering it down). I found it odd the Provider advised me it was because of "Governor Ducey's Executive Order" and a "state wide mandate" when Governor Ducey's Executive Order has nothing to do with non-opiate medication. The Provider prescribed Cymbalta (a prescription medication used to treat Major Depressive Order), against my objection. The Cymbalta made my stomach ache, blurred my vision, gave me a fast heartbeat, nauseated me where I eventually vomited, made me feel like my left ear was clogged, clouded my thinking and interfered with my ability complete my legal work because I could not recollect what I was working on. I contacted my family and asked them to research the matter for me. I object to the Provider interfering with a continuity of medical care that was working and allowing me to properly function and ambulate (when nothing previously was **ever** working to alleviate the excruciating pain in my upper spine, neck, lower back, hips and legs, as well as my hands). **First**, no one should **ever** stop using Gabapentin suddenly because it can cause seizures. **Second**, I'm entitled to a continuity of care. I'm not asking for anything other than what was properly prescribed to me previously after consults by medical doctors/surgeons. **Third**, the Provider lacks authority to force antidepression medication on me against my objections. I told her why I **cannot** use Cymbalta, she ignored my concerns and it made me sick. DO NOT send me Cymbalta **ever again**. It is illegal to force antidepression medication on me. **Fourth**, I discovered that Cymbalta and Tramadol have Major drug interactions that may result in life threatening Serotonin Syndrome (which is why I was probably vomiting, etc.). This doesn't mean retaliate on me more by stopping the use of Tramadol, it means DO NOT send me Cymbalta anymore and that these interactions should be investigated. **Lastly**, Parsons and DO 1101 guarantees me the right to a continuity of care. That care was interrupted without good cause. What others do or haven't done, etc., is of no concern to me. If I were to say "another prisoner receives a certain type of care." is not relevant to my situation and I cannot dictate that care. In the same note to take away my medical care on a false premise or the actions of others is a deliberate indifference to my serious medical needs. My neck is screaming with my pain right now as a direct result of stopping the medication prescribed by doctors and providers that examined and treated me. Please STOP sending me Cymbalta and reinstate my Gabapentin prescription or adjust my Tramadol with a slight increase to alleviate the L4, L5 disc, nerve impingement and C6, C7, C8 pain. Thank you.

(FN 1—It is noted that I specifically declined opiate medication in the past for long term treatment, which again is why my long term treatment was working with the Gabapentin and Tramadol).//

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Lay Prince | 5.21.2017 |

Have you discussed this with institution staff?  ☒ Yes  ☐ No

If yes, give the staff member name: I advised a Pysche Tech on a walk through that the Provider was forcing Cymbalta on me and it made me sick.

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

Ex. 5

Ex. 5

Ex. 5

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance

| RECEIVED BY |  |
|---|---|
| 30265 |  |
| TITLE |  |
| Call |  |
| BADGE NUMBER | DATE (mm/dd/yyyy) |
| 1880 | 5-2 2017 |

*Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Prince, Larry J. | 058251 | 05.01.2017 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| ASPC Eyman Browning SMU Unit | |

**TO: GRIEVANCE COORDINATOR**

**Description of Grievance** *(To be completed by the Inmate)*

**First,** I am in receipt of C.Rawley's Inmate Informal Complaint Response dated May 30, 2017. It is unsigned. It did did not include returning my Informal Complaint to me. DO 802 require the Response to be signed and Informal Complaint to be returned with Response. **Second,** the Response alleges I submitted no HNR after visits with the Provider on 5/3/17. Please see HNR dated 05.10.2017 received at Medical MAY 11 PM 7:02. It states "Nurse Chart Review/Forward to AFHA." There I advised that now changing my medication after it took 7 years to find the right prescription for pain management and better quality of life from my serious cervical and lumbar spine injuries is a deliberate indifference to my serious injuries. **Third,** I do not have fibromyalgia. I have serious cervical and lumbar injuries. My neck and upper back is far more painful than my lower back. That is inclusive of the nerve damage therein (See MRI/x-rays, reports, etc.). Cymbalta is prescribed for pain caused by nerve damage in adults with diabetes. I have a different type of nerve damage from high speed collisions and compression damage. Cymbalta interferes with my ability to function properly. I CANNOT use Cymbalta. I have been down the anti-depression meds. road. Where do you think I started? Every neurosurgeon Corizon took me to suggested Neurontin (Gabapentin) and Tramadol or cut my neck open. Corizon Providers suggested the former because of the potential risk(s) involved. **Fourth,** I'm reading the Governor's Executive Order 2016056 as I write this and C.Rawley misquotes that order. I do concur that such meds fall under FDA Pharmacy Regulations. However, my meds were prescribed for the exact reason the FDA approved them for. Taking away my Gabapentin and Tramadol and inserting Cymbalta (a) took away my quality of life; (b) left me in immense pain (specifically my neck and upper back); (c) made me vomit, confused me, agitated me, left my vision blurry for several days, etc. **Lastly,** I'm not a test dummy. It took years to get my life functioning again. I appreciate that. Please do not cause me any undue pain or stress. All the previous orthopedic & neurosurgeons and providers cannot be wrong. I ask for no more than a community standard of care previously prescribed.

**Proposed Resolution** *(What informal attempts have been made to resolve the problem?  What action(s) would resolve the problem?)*

As of yesterday my Gabapentin was returned to me. I do not know for how long. It is amazing how it takes the burning from my neck damage and alleviates the headaches therefrom. Please do not send me the Cymbalta. Cymbalta is not conducive to my quality of life. My life depends on my quickness of mind and ability to write. I believe my Tramadol should be returned to me as previously prescribed by all above identified specialists and Providers. They all could not be wrong. A continuity of care is all I asked for. No need to fix that which is not broken or try and reinvent the wheel on my time. Previous testing failed and it failed again. Please renew my medication. Thank you.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 05.01.2017 | | |

**Action taken by/Documentation of Resolution or Attempts at Resolution.**

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

Ex.
6

Ex.
6

Ex.
6

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Health Needs Request (HNR)**

Date: _____
Time: _____
Initials: _____

| Inmate Name/Nombre *(Last, First M.I.) (Apellido, Nombre, Inicial)* | | ADC Number/Número de ADC | Date/Fecha |
|---|---|---|---|
| Prince, Larry J. | | 058251 | 6.17.2017 |

| Cell/Bed Number/Celda/Número de Cama | Unit/Unidad | P.O. Box/Apartado Postal | Institution/Facility/Instalación: ASPC |
|---|---|---|---|
| J48 | Browning | 3400 | Eyman |

**SECTION/SECCION I**

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action (Use this form to describe only one problem or issue at one time). *[Se le exige diga la verdad. La falta de cooperación y cualquier abuso del sistema del cuidado de la salud o del personal podría retrasar la asistencia de este cuidado para usted y para otros y puede dar lugar a una acción disciplinaria [Use este formulario para describir un problema a la vez!]*

**SECTION/SECCION II**

**AREA OF INTEREST** *(Check only one block below)* **/AREA DE INTERES** *(MARQUE UN ESPACIO SOLAMENTE)* [X] Medical/Médica  [ ] Dental  [ ] FHA  [ ] Pharmacy/Farmacia  [ ] Mental Health/Salud Mental  [ ] Eyes/Ojos  [ ] Other *(specify)*/Otros *(especifique)* _____

PLEASE PRINT! Describe your medical/dental treatment issue need in the space below. Be clear and specific. NO ADDED PAGES. [¡POR FAVOR, ESCRIBA EN IMPRENTA! Describa su tratamiento o necesidad médica/dental en el espacio de abajo. Describa claramente y sea específico. ¡NO USE MAS HOJAS!]

Why was my medication abruptly stopped again? It is dangerous to abruptly stop using Gabapentin. I was not advised

that my medication was ordered stopped. I submitted a timely HNR on 5.10.2017. I was advised on 5.11.2017 that HNR

was forwarded to the APHA. I was advised on 6.5.2017 that the Provider was to discuss my needs. Never happened.

So once again while the Court of Appeals is awaiting lengthy pleadings from me, as well as the Maricopa County

Superior Court, and attorney Holly R. Gieszl, I'm in excruciating pain from my lower back to my neck and my hands

throbbing. This is not a continuity of a community standard of care. You know doing this causes me more pain,

suffering and distress because I'm permanently injured and yet my needs were deliberately stopped. Please assist me.

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee *(excluding exemptions granted by statute)* for the visit that I am herein requesting. I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment. [Entiendo que de acuerdo con ARS 31-201.01 se me cobrará una cuota por el servicio médico de $4.00 por la cita que aquí estoy pidiendo *(excluyendo las exenciones otorgadas por la ley)*. Además entiendo que al pagar esta cuota no tengo el derecho a imponer el tratamiento o quien lo proporcione.]

Inmate's Signature/Firma del prisionero

6.17.2017

**REMOVE THE GOLDENROD COPY AND PLACE THE REMAINDER IN THE HEALTH NEEDS REQUEST DROP BOX [SEPARE LA COPIA DE COLOR AMARILLO OBSCURO Y DEJE LAS DEMAS EN EL BUZON PETICION DE NECESIDADES MÉDICAS]**

**SECTION/SECCION III**

**REFERRAL BY MEDICAL STAFF/REFERENCIA MEDICA** [ ] Medical/Médica  [ ] Dental  [ ] Pharmacy/Farmacia  [ ] FHA  [ ] Mental Health/Salud Mental  [ ] Eyes/Ojos  [ ] Other/Otros *(specify) (especifique)* _____

Comments/Comentarios

N L

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| C____ LPN | 6/18/17 | 0005 |

**SECTION/SECCION IV**

**PLAN OF ACTION/PLAN DE ACCION**   Provider Referral

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| | 6/18/17 | 1725 |

Distribution: White/Blanca - Health Unit/Unidad de Salud, Canary, Pink & Goldenrod - Inmate/Amarillo Canario, Rosa y Amarillo Obscur - Prisonero

This document is a translation from original text written in English. This translation is unofficial and is not binding on this state or a political subdivision of this state. [Este documento es una traducción de texto original escrito en inglés. Esta traducción no es oficial y no compromete a éste estado ni una subdivisión política de este estado.]

1101-10ES
12/19/12

Ex.
7

Ex.
7

Ex.
7

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Health Needs Request (HNR)**

Date: _____
Time: _____
Initials: JL 4PM20-36

<table>
<tr><td colspan="3">Inmate Name/Nombre (Last, First M.I.) (Apellido, Nombre, Inicial)<br>Prince, Larry J.</td><td colspan="2">ADC Number/Número de ADC<br>058251</td><td>Date/Fecha<br>07.04.2017</td></tr>
<tr><td>Cell/Bed Number/Celda/Número de Cama<br>J48</td><td>Unit/Unidad<br>Browning</td><td>P.O. Box/Apartado Postal<br>3400</td><td colspan="3">Institution/Facility/Instalación: ASPC<br>Eyman</td></tr>
</table>

**SECTION/SECCION I**

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action (Use this form to describe only one problem or issue at one time). [Se le exige diga la verdad. La falta de cooperación y cualquier abuso del sistema del cuidado de la salud o del personal podría retrasar la asistencia de este cuidado para usted y para otros y puede dar lugar a una acción disciplinaria (Use este formulario para describir un problema a la vez]

**SECTION/SECCION II**

**AREA OF INTEREST**(Check only one block below)/**AREA DE INTERES** (MARQUE UN ESPACIO SOLAMENTE) [X] Medical/Médica ☐ Dental ☐ FHA
☐ Pharmacy/Farmacia ☐ Mental Health/Salud Mental ☐ Eyes/Ojos ☐ Other (specify)/Otros (especifique) _____
PLEASE PRINT! Describe your medical/dental treatment issue need in the space below. Be clear and specific. NO ADDED PAGES. [¡POR FAVOR, ESCRIBA EN IMPRENTA! Describa su tratamiento o necesidad médica/dental en el espacio de abajo. Describa claramente y sea específico. ¡NO USE MAS HOJAS!]

I was seen by the provider on 6.29.2017. I was advised thereafter that I had been prescribed medication to help

alleviate some of my constant suffering brought on my permanently injured neck/upper cervical spine. It has been

beyond two business days and I've yet to receive the prescribed medication or any medication help ease my suffering

until my prescribed medication can be received. Parsons requires that I receive the prescribed medication within

two business days. The continuity of the prior community standard of care I was receiving was interrupted without

good cause and now no care is received. Please take immediate corrective action as required by Parsons. Thank you.
PS: I have no idea how to remain compliant with such erratic medical treatment, where does it start and end?

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee (excluding exemptions granted by statute) for the visit that I am herein requesting. I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment. [Entiendo que de acuerdo con ARS 31-201.01 se me cobrará una cuota por el servicio médico de $4.00 por la cita que aquí estoy pidiendo (excluyendo las exenciones otorgadas por la ley). Además entiendo que al pagar esta cuota no tengo el derecho a imponer el tratamiento o quien lo proporcione.]

Inmate's Signature/Firma del prisionero _Larry J. Prince_ 07.04.2017

**REMOVE THE GOLDENROD COPY AND PLACE THE REMAINDER IN THE HEALTH NEEDS REQUEST DROP BOX[SEPARE LA COPIA DE COLOR AMARILLO OBSCURO Y DEJE LAS DEMAS EN EL BUZON PETICION DE NECESIDADES MÉDICAS]**

**SECTION/SECCION III**

REFERRAL BY MEDICAL STAFF/REFERENCIA MEDICA [X] Medical/Médica ☐ Dental ☐ Pharmacy/Farmacia ☐ FHA
☐ Mental Health/Salud Mental ☐ Eyes/Ojos ☐ Other/Otros (specify) (especifique)
Comments/Comentarios

To HCP to write prescription for local pharmacy

Staff Signature Stamp/Firma del empleado _____ Date/Fecha 7/4/17 Time/Hora 2218

**SECTION/SECCION IV**

PLAN OF ACTION/PLAN DE ACCION
P2: 5/3/17   pt. refused alt. treatment
no physical finding of nerve deficit ~ medically denied

Staff Signature Stamp/Firma del empleado   **R. Barker, MD AB6906171**   Date/Fecha 7/5/17   Time/Hora 7 Am

Distribution: White/Blanca - Health Unit/Unidad de Salud, Canary, Pink & Goldenrod - Inmate/Amarillo Canario, Rosa y Amarillo Obscur - Prisonero

This document is a translation from original text written in English. This translation is unofficial and is not binding on this state or a political subdivision of this state. [Este documento es una traducción de texto original escrito en inglés. Esta traducción no es oficial y no compromete a éste estado ni una subdivisión política de este estado.]

1101-10ES
12/19/12

Ex.
8

Ex.
8

Ex.
8

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Health Needs Request (HNR)**

Date: _____
Time: _____
Initials: _____

| Inmate Name/Nombre *(Last, First M.I.) (Apellido, Nombre, Inicial)* | ADC Number/Número de ADC | Date/Fecha |
|---|---|---|
| Prince, Larry J. | 058251 | 07.07.2017 |

| Cell/Bed Number/Celda/Número de Cama | Unit/Unidad | P.O. Box/Apartado Postal | Institution/Facility/Instalación: ASPC |
|---|---|---|---|
| J48 | Browning | 3400 | Eyman |

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action (Use this form to describe only one problem or issue at one time).
*[Se le exige diga la verdad. La falta de cooperación y cualquier abuso del sistema del cuidado de la salud o del personal podría retrasar la asistencia de este cuidado para usted y para otros y puede dar lugar a una acción disciplinaria (Use este formulario para describir un problema a la vez!)]*

**SECTION I / SECCION I**

---

**AREA OF INTEREST** *(Check only one block below)* **/AREA DE INTERES** *(MARQUE UN ESPACIO SOLAMENTE)* [X] Medical/Médica  [ ] Dental  [ ] FHA
[ ] Pharmacy/Farmacia  [ ] Mental Health/Salud Mental  [ ] Eyes/Ojos  [ ] Other *(specify)*/Otros *(especifique)* _____
PLEASE PRINT! Describe your medical/dental treatment issue need in the space below. Be clear and specific.  NO ADDED PAGES. [¡POR FAVOR, ESCRIBA EN IMPRENTA! Describa su tratamiento o necesidad médica/dental en el espacio de abajo. Describa claramente y sea específico. ¡NO USE MAS HOJAS!]

I have been advised that on June 28-29, 2017, I was approved to receive non-formulary medication by the Corizon

Utilization Review Board/Committee. My medical history supports the approval to improve my quality of life and

continuity of care. I was not examined by any provider thereafter or advised of any further information. Today, I

was advised that a different provider cancelled my medications.  Corizon is bound by the health care performance

measures set forth in Exhibit B of the 10/14/2014 filing of the Stipulation in Parsons. I was approved by Measure

22 of Parsons. The cancellation is in violation of the Ex.B health care performance measures, leaves me suffering

from my permanent injury, is in retaliation for my written complaints and is deliberately indifferent to my condition.

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee *(excluding exemptions granted by statute)* for the visit that I am herein requesting.  I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment.  [Entiendo que de acuerdo con ARS 31-201.01 se me cobrará una cuota por el servicio médico de $4.00 por la cita que aquí estoy pidiendo *(excluyendo las exenciones otorgadas por la ley)*. Además entiendo que al pagar esta cuota no tengo el derecho a imponer el tratamiento o quién lo proporcione.]

| Inmate's Signature/Firma del prisionero | | |
|---|---|---|
| *[signature]* | 07.07.2017 | |

**SECTION II / SECCION II**

---

REMOVE THE GOLDENROD COPY AND PLACE THE REMAINDER IN THE HEALTH NEEDS REQUEST DROP BOX[SEPARE LA COPIA DE COLOR AMARILLO OBSCURO Y DEJE LAS DEMAS EN EL BUZON PETICION DE NECESIDADES MÉDICAS]

**REFERRAL BY MEDICAL STAFF/REFERENCIA MEDICA**  [ ] Medical/Médica  [ ] Dental  [ ] Pharmacy/Farmacia  [ ] FHA
[ ] Mental Health/Salud Mental  [ ] Eyes/Ojos  [ ] Other/Otros *(specify)* *(especifique)* _____

Comments/Comentarios

NC

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| *[signature]* Raney R | 7-6-17 | 2350 |

**SECTION III / SECCION III**

---

**PLAN OF ACTION/PLAN DE ACCION**

F/U HNR As needed / Email - bcq

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| *[signature]* | 7/7/17 | 0200 |

**SECTION IV / SECCION IV**

---

Distribution: White/Blanca - Health Unit/Unidad de Salud, Canary, Pink & Goldenrod - Inmate/Amarillo Canario, Rosa y Amarillo Obscur  - Prisonero

This document is a translation from original text written in English. This translation is unofficial and is not binding on this state or a political subdivision of this state. [Este documento es una traducción de texto original escrito en inglés. Esta traducción no es oficial y no compromete a este estado ni una subdivisión política de este estado.]

1101-10ES
12/19/12



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue.*

*Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Prince, Larry J. | 058251 | ASPC Eyman Browning J48 | 07.07.2017 |

| TO | LOCATION |
|---|---|
| CO III Martinez | Browning J/K |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

My medical records reflect my long history of x-rays, MRI's, consults with orthopedic and neurosurgeon specialists, physical therapy, tenz treatment and, but not limited to, treatment by a cervical medial branch block to alleviate my constant suffering from pain in my back (mostly cervical) and neck that was the result of serious and violent automobile, motorcycle and sports related accidents.   When the antidepressant medication failed, the antiflamatory medication failed, the opiate medication was out of the question for me,  the physical therapy failed, and, but not limited to, the cervical medial branch block failed (which was due in part to ADC CO's transporting me immediately after the three injections when they were told not to by the attending physician at the pain management clinic), non-opiate medications were used to alleviate my pain and suffering to improve my quality of life.  That, as we all know, was Gabapentin and Tramadol.  I won't rehash all my prior arguments regarding this issue where Cymbalta (an antidepressant drug—which have been tried and failed), was arbitrarily forced upon me knowing it would fail.  On June 29, 2017, after I begged for relief, provider Gay prescribed 50mg Tramadol 2x daily and it was submitted to the Corizon Utilization Review for non-formulary approval.  It was approved by Review and Tramadol was ordered to be dispensed to me.  I was also informed I would be required to receive tenz treatment and assessment by a pain management specialist.  I NEVER refused such treatment. Indeed, I advised Ms. Gay, LPN, and nurse Jeffrey that it Ms. Gay's decision to burn funds at tried and failed treatment. I specifically stated "I comply at all times, because I won't be burned by claiming I refused to comply." Advising a medical provider of tried and failed treatment is not refusing treatment (which would have been known if said provider read my hard medical file). I waited patiently for my Tramadol.  On 07.04.2017 I advised by HR that I had not received my meds and of the Parsons two business day requirement. On 07.04.2017 a Corizon nurse wrote "To HCP to write prescription for local pharmacy" (which is required by DO 1101 when meds not available). On 07.05.2017 R. Barker, MD, falsely entered "physical finding w/Zero deficiency, pt refused alternative treatment= medication denied." Not only is this false entry a violation of my constitutional rights, it is a violation of Arizona law, it is intended to cause me to suffer because I spoke up for myself and to deprive me of patient rights afforded by DO 1101 and Parsons. I've never met Dr. Barker, neither know of him. The cumulative actions of Corizon staff continue to deny me a continuity of care, denies me a community standard of care, is clearly retaliatory, borderline criminal and intended to diminish my quality of life and cause me suffering. Corrective action is required.

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *[signature]* | 07.07.2017 |

Have you discussed this with institution staff?   ☑ Yes   ☐ No

If yes, give the staff member name:   Nurse "Matt," "Jeffrey," "LPN Gay," et al.

Distribution:   INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL:  White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

Ex. 9

Ex. 9

Ex. 9



Director:
Donald Specter

Managing Attorney:
Sara Norman

Staff Attorneys:
Rana Anabtawi
Steven Fama
Corene Kendrick
Alison Hardy
Margot Mendelson
Millard Murphy
Lynn Wu

PRISON LAW OFFICE
General Delivery, San Quentin CA. 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

# LEGAL MAIL - CONFIDENTIAL

Dear Sir or Madam:

Thank you for writing us about your experience with the health care system or conditions in Special Management Units (SMUs) in the Arizona prison system. We apologize for sending a form letter, we do not have enough staff to respond personally to each letter we receive. We carefully read every letter when it is received. We do not have the resources to accept collect calls.

Parsons v. Ryan is the class action lawsuit brought by our office, the ACLU, and other lawyers against ADC regarding the health care system and conditions in SMUs. "Class action" means it covers all prisoners in the ten ADC prisons. On October 14, 2014, the parties told the court they had settled the case. On February 18, 2015, the federal judge approved the settlement agreement after reviewing more than 300 comments from prisoners, and the settlement went into effect. Under the settlement agreement, ADC must fix its health care system and meet more than 100 health care outcome measures, covering issues such as health care for prisoners with chronic medical conditions; care for mentally ill prisoners; and dental care. ADC also must overhaul the rules for isolation units. These changes apply to *all* prisoners in ADC custody, but it does not apply to prisoners housed in the private prisons. We did not seek money damages for prisoners. The lawsuit sought only changes to the policies and practices of ADC.

The settlement calls for ongoing monitoring by our lawyers to make sure ADC complies with it. We will tour institutions, review documents including prisoners' health care files, and interview prisoners. We will use information we get from letters to help us focus on system-wide or prison-wide problems. Telling us about your experience will help us learn what is happening in ADC's prisons, and help in monitoring.

Due to our resources, at this stage in the case we have a limited ability to provide individual help to prisoners. We *may* be able to notify ADC's attorneys *only* if we learn of a prisoner who has urgent untreated health care needs that could lead to death or serious permanent injury. We cannot assist if your problem is the denial of pain medication or that you were given a different medication than what you want. After reviewing your letter, it appears your situation does not rise to an emergency level. Please understand this does not mean you do not have a real problem. It just means that we can't help everybody who writes.

If you think we misunderstood your problem, send us more detail and copies (not originals) of any HNRs, grievances, or other documents that you think show your health care needs are at a critical stage. We will review and return the documents. We are very sorry we cannot help further. We have enclosed any self-help material we think might be helpful.

You can still pursue any individual lawsuit regarding your medical care. This office cannot help you in any such case. Prisoners must exhaust administrative remedies (receive a Director's level response) before filing a case in state or federal court. If you have not exhausted a grievance, you should do so as soon as possible so your right to file a lawsuit is protected. Our office has a handout for ADC prisoners about the grievance system, if you want a free copy, please write us back and request it.

Sincerely,     Prison Law Office

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
• Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts