FENNEMORE CRAIG, P.C.
Christopher L. Callahan (No. 009635)
Todd Kartchner (No. 021857)
Phillip F. Fargotstein (No. 006679)
2394 East Camelback Road
Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: ccallahan@fclaw.com
Email: tkartchner@fclaw.com
Email: pfargots@fclaw.com

*Attorneys for Corizon Health, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>      Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br>      Defendants. | NO. 2:12-cv-00601-DKD<br><br>**MOTION FOR LEAVE FOR CORIZON HEALTH, INC. TO PARTICIPATE AS** *AMICUS CURIAE* |

Corizon Health, Inc. ("Corizon") respectfully requests the Court for permission to participate as *amicus curiae* in the proceedings relating to Arizona Department of Corrections' ("ADC") ongoing compliance with the 2014 Stipulation. As set forth below, Corizon has a specific interest in this matter, and can assist the Court by providing a unique perspective, as ADC's contracted healthcare services vendor, in connection with issues relating to ADC's compliance. Therefore, this Court should confer *amicus* status on Corizon, as set forth below.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

With over 35 years of prison healthcare experience, Corizon is a leading provider of correctional healthcare services in the United States. More specifically, Corizon

provides a multitude of healthcare-related services, including medical, dental, optometry, mental health, and pharmaceutical services for approximately 39 clients. Corizon presently serves approximately 196,775 inmates at 272 state prisons, municipal jails, and other correctional facilities in 21 states. Corizon's breadth and depth of knowledge on correctional healthcare enables it to deliver safe, effective, and efficient services using clinical best practices and evidence. Moreover, in serving a large number of inmates, the Company is uniquely qualified to offer its extensive experience and broad perspective on correctional healthcare services.

Corizon is primarily seeking to participate in this case to offer its substantial technical expertise on correctional healthcare services in relation to ADC's compliance with the mandated performance measures. Corizon should be granted leave to participate as *amicus curiae* in this proceeding for the following reasons: (1) Corizon has a strong interest in this particular case as the ADC's healthcare services contractor; and (2) Corizon can assist the Court in resolving ADC's ongoing compliance with the stipulated performance measures via its broad technical expertise on providing correctional healthcare. As such, Corizon requests permission to participate as *amicus curiae* to include: (1) submitting written briefs in support of compliance issues, (2) presenting evidence and witness testimony as appropriate; and (3) cross-examining witnesses within the purview of Corizon's technical healthcare expertise.

**II.   ARGUMENT**

**A. The Court has Authority to Allow *Amicus* Participation**

Federal district courts have broad discretionary authority to grant *amicus* status, including the extent and manner of participation. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Johnson v. Robinson*, No. 15-16398, 2017 WL 2378215 (9th Cir. June 1, 2017); *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (citing *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)); *Pennsylvania Envtl. Def. Found. v. Bellefonte Borough*, 718 F. Supp. 431, 434 (M.D. Pa. 1989). Additionally, "[d]istrict courts frequently welcome amicus participation

from non-parties" when legal issues "have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective'" that will assist the Court towards resolution of a proceeding. *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005), *disapproved in later proceedings sub nom. Guidiville Band of Pomo Indians v. NGV Gaming Ltd.*, No. C 04-3955-SC, 2005 WL 5503031 (N.D. Cal. Oct. 19, 2005), *rev'd in part*, *vacated in part*, 531 F.3d 767 (9th Cir. 2008) (citing *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003).

Moreover, "[t]here are no strict prerequisites that must be established prior to qualifying for amicus status…." *In re Roxford Foods Litig.*, 790 F. Supp. at 997 (citing *United States v. Louisiana*, 751 F. Supp. at 620). Rather, "the concept of amicus curiae is flexible and [], as long as the amicus does not intrude on the rights of the parties, it can have a range of roles: from a passive one of providing information to a more active participatory one." *Wyatt By & Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1359 (M.D. Ala. 1994). "[A]lthough amici should not assume control of the litigation, they can take an active role in some cases beyond providing information." *Id.* (citing *Hoptowit*, 682 F.2d at 1260 ("Amicus participated fully in the discovery, trial, and appeal of th[e] case.").

While courts may examine a number of factors in determining "the role of amicus" as "active or passive or … somewhere in between," the designated critical elements in a court's amicus analysis centers on whether the person or entity: (1) has "an interest" in the litigation; and (2) is "uniquely qualified" to assist the court in its resolution of the case. *Id.*; *see also NGV Gaming, Ltd.*, 355 F. Supp. 2d at 1067−68 (Court granted amicus curiae status to Tribe based on "its involvement in the events leading [up] to th[e] case and its interest[s]" in the proceeding). Although the classic role of an amicus has been to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration," the Ninth Circuit has stated that "there is no rule that amici must be totally disinterested." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982); *Jamul*

*Action Comm. v. Stevens*, No. 2:13-CV-01920-KJM, 2014 WL 3853148, at *5 (E.D. Cal. Aug. 5, 2014) (quoting *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986); *see also Hoptowit*, 682 F.2d at 1260 (upholding district court's appointment of amicus curiae, even though amicus entirely supported only one party's arguments).

Additionally, "an individual seeking to appear as amicus *must ... make a showing that his participation is useful to or otherwise desirable to the court*." *In re Roxford Foods Litig.*, 790 F. Supp. at 997 (emphasis added) (citing *United States v. Louisiana*, 751 F. Supp. at 620). Of particular consideration is whether the individual or entity has the capacity to offer information that is both *timely and useful*, thereby assisting the court's understanding of the case and the potential legal ramifications of the resolution of the case. *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). This assistance to the court may take many forms, including presenting background or factual information, offering special expertise by presenting evidence or cross-examining witnesses, briefing points not emphasized by existing parties, and explaining the potential impacts of a decision on an industry or other group. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002); *see also Benavidez v. Eu*, 34 F.3d 825, 828 (9th Cir. 1994) (allowing the filing of an amicus brief and oral argument on its contents); *United States v. State of Mich.*, 116 F.R.D. 655, 660−61 (W.D. Mich. 1987) (citing *Hoptowit*, 682 F.2d at 1260) (allowing third party to file an amicus brief, present evidence, and cross-examine witnesses).

### B. Corizon Health, Inc.'s Interests in this Proceeding

Corizon has sufficient interests in the subject matter of this case to be afforded *amicus* status. The nature of this proceeding involves an issue of general public concern in terms of ensuring compliance with correctional healthcare performance measures agreed to by ADC. As the leading healthcare contractor for the State of Arizona, compliance with state-mandated correctional healthcare requirements is of vital

importance to Corizon. Additionally, Corizon also possesses a unique and demonstrable interest in the outcome of this proceeding based on Corizon's current position as ADC's contracted vendor for healthcare services at its ten prison facilities. Given that this case concerns ADC's compliance with the performance measures set forth in the 2014 Stipulation, decisions of this Court pertaining to compliance, monitoring and enforcement will have a direct and potentially significant impact on Corizon's implementation of policies designed to ensure ADC's satisfaction of the compliance standards.

Furthermore, Corizon's prospective participation as *amicus* is particularly appropriate in this case considering Corizon is not a party to the terms and conditions of the 2014 Stipulation. Moreover, despite the fact that Corizon is currently serving as ADC's contracted healthcare services vendor, there is no guarantee that Corizon will retain this position upon pending contract renewal. Consequently, Corizon should not participate as a party to the proceeding. Rather, this Court should allow Corizon to generally participate as *amicus*, in the form of submitting written briefs, presenting evidence and witness testimony, and cross-examining witnesses on correctional healthcare compliance matters.

**C. Corizon Health, Inc. Will Assist in the Resolution of this Proceeding**

In addition to Corizon's concrete interests in this case, Corizon can also assist the Court in reaching a just and proper resolution regarding ADC's compliance with the correctional healthcare performance measures. Corizon is seeking to participate in this proceeding to provide the Court with an independent technical analysis of the mandated performance measures. In view of the Corizon's aforementioned interests in this proceeding, Corizon likely has access to a breadth of information possibly unknown to the parties concerning correctional healthcare service in relation to the stipulated performance measures. As one of the nation's most prominent correctional healthcare service providers, Corizon has extensive knowledge concerning industry compliance matters. Furthermore, in serving as ADC's contracted vendor for delivery of correctional healthcare services, Corizon can provide this Court with a unique perspective in relation

to performance measure considerations and inquiries that would otherwise be absent from this proceeding.

Moreover, upon information and belief, both counsel for the Plaintiffs and this Court have previously opined on the need to "appoint an expert or experts with oversight of medical and mental health care experience," as a means to provide this Court with "additional … learned support" on ADC's compliance with stipulated performance measures by "somebody who is particularly knowledgeable" on the subject matter. (TR of June 14, 2017 Status Hearing at 100; 106 (CV 12-00601-PHX-DKD)). Further, the Court has also recognized the benefit of having "the people from the floor, … whether they be nurses or not, … testify in court about … the reality [of what] is happening…." (*Id.* at 79). As the current contracted vendor responsible for implementing correctional healthcare service policies, Corizon is in the best position to offer its substantial technical expertise on the mandated performance measures. Based on Corizon's uniquely qualified position, this Court should afford the Company *amicus* status, including an opportunity to submit written briefs in support of compliance issues, as well as present evidence and witness testimony, and cross-examine witnesses within the purview of Corizon's correctional healthcare service expertise.

### III.   CONCLUSION

Based on the forgoing, Corizon respectfully requests that this Court grant it leave to participate as *amicus curiae* in any subsequent proceedings relating to ADC's compliance with the 2014 stipulated performance measures.

DATED this 12th day of July, 2017.

FENNEMORE CRAIG, P.C.

By /s/ *Todd Kartchner*
　　Christopher L. Callahan
　　Todd Kartchner
　　Phillip F. Fargotstein
　　Attorneys for Corizon Health, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy: ahardy@prisonlaw.com

Amelia M. Gerlicher: agerlicher@perkinscoie.com; docketPHX@perkinscoie.com; kleach@perkinscoie.com

Amy B. Fettig: afettig@npp-aclu.org

Asim Varma: avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell: cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick: ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr: DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi: dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org

Donald Specter: dspecter@prisonlaw.com

Jessica Pari Jansepar Ross: jross@azdisabilitylaw.org

John Howard Gray: jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes: jlwilkes@jonesday.com; dkkerr@jonesday.com

Jose de Jesus Rico: jrico@azdisabilitylaw.org

Kathleen E. Brody: kbrody@acluaz.org

Kristin T. Eidenback: kristin@eidenbachlaw.com

Maya Abela: mabela@azdisabilitylaw.org

Rose Daly-Rooney: rdalyrooney@azdisabilitylaw.org

Sara Norman: snorman@prisonlaw.com

Sarah Eve Kader: skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio: rlomio@prisonlaw.com

Victoria Lopez: vlopez@aclu.org

Daniel P. Struck: dstruck@swlfirm.com

1. Kathleen L. Wieneke     kwieneke@swlfirm.com
2. Rachel Love             rlove@swlfirm.com
3. Timothy Bojanowski      tbojanowski@swlfirm.com
4. Nicholas D. Acedo       nacedo@swlfirm.com
5. Ashlee B. Fletcher      afletcher@swlfirm.com
6. Anne M. Orcutt          aorcutt@swlfirm.com
7. Jacob B. Lee            jlee@swlfirm.com
8. Kevin R. Hanger         khanger@swlfirm.com
9. Michael E. Gottfried    Michael.Gottfried@azag.gov
10. Lucy M. Rand           Lucy.Rand@azag.gov

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ *Jennifer Fortner*