Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | NO. 2:12-cv-00601-DKD <br><br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED LANGUAGE FOR HEALTHCARE PERFORMANCE MEASURE 25** |

Defendants Charles Ryan and Richard Pratt provide the following response to Plaintiffs' proposed changes to the monitoring methodology for performance measure (PM) 25, which requires that "A first responder trained in Basic Life Support responds and adequately provides care within three minutes of an emergency." (Dkt. 1185-1 at 9.) Defendants object to most[1] of Plaintiffs' proposed language because (1) it is not consistent with the Stipulation, relevant national industry standards, or the realities of managing prison operations; and (2) Plaintiffs have waited until more than two years into the monitoring period to propose a complete rewrite of PM 25 despite knowing from the outset the parameters and methodology employed by Defendants for this measure.

## I. PLAINTIFFS' PROPOSED LANGUAGE IS NOT CONSISTENT WITH THE STIPULATION.

The plain language of the Stipulation for PM 25 provides that a first responder "*trained* in Basic Life Support" must respond and provide adequate care within three minutes of an emergency. The Stipulation does not require that the first responder be "*certified* in Basic Life Support." All ADC corrections officers are trained in Basic Life Support, including providing CPR and use of an AED for resuscitation. (See Exhibit 2: Declaration of Kathy Campbell at ¶ 11.)

In agreeing to the inclusion of PM 25 in the Stipulation, Defendants intended for the required action to be performed by corrections officers, who are almost always the first responders on the scene to an emergency. (Id. at ¶ 7.) Defendants did not intend for the first responders to be medical personnel, except in those rare situations in which an emergency occurs in a medical unit with medical personnel present. (Id. at ¶ 8.) Defendants did not agree to—and would not have agreed to—a performance measure in

---

[1] Defendants do not object to the first two sentences Plaintiffs added to the methodology section of the Monitor Guide for PM 25, stating "This performance measure evaluates two components of an emergency response: (1) the timeliness, and (2) the adequacy of the response. If either component is noncompliant, the record should be marked as noncompliant." Defendants do not object to the insertion of the word "random" in the first bullet point, but because there are rarely more than ten applicable events per month, the monitors generally review 100% of the events for PM 25. Defendants' version of PM 25 is attached as Exhibit 1.

which first responders are defined as or required to be medical personnel. (Id. at ¶ 9.) If the parties had intended for PM 25 to require a response from medical personnel, they would have stated so in the text of the measure.

**II.   THE CURRENT MONITOR GUIDE LANGUAGE IS CONSISTENT WITH NCCHC STANDARDS AND THE REALITY OF PRISON OPERATIONS.**

The National Commission on Correctional Health Care (NCCHC) publishes a set of standards for the provision of healthcare in prisons. (*See generally* NCCHC, Standards for Health Services in Prisons (2014)).  NCCHC Standard P-C-04 recognizes corrections officers as first responders: "Because correctional personnel are often the first to respond to problems, they must be aware of the potential for emergencies that may arise, know the proper response to life-threatening situations, and understand their part in the early detection of illness and injury." (*See* Exhibit 3.)  The intent of the standard is to "promote the training of correctional officers to recognize the need to refer an inmate to a qualified health care professional and to provide emergency care until he or she arrives." (Id.)  To this end, Standard P-C-04 provides that corrections officers who work with inmates receive training at least every two years on a number of topics, including administration of first aid and CPR, procedures with respect to infectious and communicable diseases, and recognizing the need for emergency care and intervention in life-threatening situations such as heart attacks and seizures. (Id.)

ADC corrections officers receive emergency medical training consistent with NCCHC Standard P-C-04. (Ex. 2 at ¶ 11.)  This training initially takes place at the corrections academy, and then they receive annual refresher training at ADC. (Id. at ¶ 11.)  Accordingly, ADC corrections officers are recognized as first responders.

**III.  THE 2010 VERSION OF THE ADC HEALTH SERVICES TECHNICAL MANUAL CITED BY PLAINTIFFS IS NOT APPLICABLE.**

The 2010 ADC Health Services Technical Manual (HSTM) cited by Plaintiffs contained the guidelines for ADC medical personnel to follow when healthcare was still provided by ADC. Likewise, the Emergency Response Orders in Appendix E to the 2010 ADC HSTM were targeted for licensed nursing staff to use when faced with emergencies

2

and life threatening situations affecting inmates, staff, or visitors and contained nursing protocols for use in dealing with specific emergency conditions. The 2010 HSTM and the corresponding Emergency Response Orders in Appendix E did not apply to corrections officers when responding to emergency situations involving inmates at that time. And nothing in the 2010 HSTM or Appendix E required that first responders be medical personnel.

### IV. PLAINTIFFS HAVE BEEN AWARE OF THE METHODOLOGY EMPLOYED FOR PM 25 FOR MORE THAN TWO YEARS AND TACITLY AGREED TO IT.

More than two years into monitoring under the Stipulation, Plaintiffs are now attempting a wholesale rewrite of PM 25, but they have been aware of the precise methodology employed by the ADC monitors for the entire duration of the monitoring period. Plaintiffs inquired about the monitoring methodology for PM 25 during their tours and during multiple meet and confers with Defendants in the early months of monitoring under the Stipulation. Later in the process, Plaintiffs requested, and Defendants made, changes to the Monitor Guide to define an emergency requiring basic life support as one requiring the use of an AED or performance of CPR. (See Exhibit 4: November 9, 2016 Correspondence from David Fathi to Tim Bojanowski at 2; Ex. 2 at ¶ 23.) Defendants also clarified in the monitoring methodology that a first responder could include a corrections officer or medical staff. (Ex. 2 at ¶ 23.) Plaintiffs did not object to Defendants' definitions or propose any additional definitions. (Id. at ¶ 25.) Plaintiffs should not be permitted to lie in wait and then request a complete overhaul of PM 25 through the inclusion of new definitions that go far beyond the plain language of the Stipulation.

### V. CONCLUSION

The majority of Plaintiffs' proposed language is not consistent with the Stipulation or applicable national standards. Defendants' proposed version of the Monitor Guide for PM 25, which incorporates the unobjectionable portions of Plaintiffs' proposed language in track changes, is contained in Exhibit 1.

DATED this 12th day of July 2017.

        STRUCK WIENEKE & LOVE, P.L.C.


By /s/Daniel P. Struck
   Daniel P. Struck
   Kathleen L. Wieneke
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Fletcher
   Anne M. Orcutt
   Jacob B. Lee
   Kevin R. Hanger
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Mark Brnovich
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

   *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Varma: | avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck