WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Defendants have moved for reconsideration of the Court's Order setting an order to show cause hearing where the Court will consider the imposition of a $1,000 fine for each instance of non-compliance with an enumerated list of healthcare performance measures at specified locations ("Chronically Non-Compliant Location/PMs"). (Doc. 2135) A response is not necessary. LRCiv. 7.2(g).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through — rightly or wrongly.'" *Defenders of Wildlife*, 909 F.Supp. at

1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)). Defendants are not entitled to reconsideration.

As the Court has repeatedly explained on the record, the Stipulation was not a promise to meet a sampling benchmark. It was a promise to provide the contracted service to every inmate. The Stipulation's benchmarks (now 85%) are for the purpose of determining whether a PM/Location is meeting the Stipulation's underlying requirement of care. The benchmark is the canary in the coal mine: if the benchmark is met, then the Stipulation deems the Defendants to be in compliance. If the benchmark is not met, then Defendants are not in compliance with the Stipulation and the Court's remedial power is in no way limited by the Stipulation's compliance percentage benchmark or sample size specification. Instead, the Court must take measures to ensure Defendants provide the bargained for benefit to each and every inmate.

The Court has provided Defendants over two years to try all of their proposed solutions for the Chronically Non-Compliant Location/PMs. Nothing has worked. Now, the Court must find a way to compel the necessary remedial action.

Finally, in response to Defendants' argument regarding a lack of resources to tabulate the failures to satisfy the Performance Measures, the Court notes that it is not ordering Defendants to hire anyone. How they accomplish compliance with this Court's Order is for Defendants to determine, not the Court. If Defendants determine that the only way to comply with this Order is to hire more staff, nothing in the Stipulation prevents them from doing so. (It is hard for the Court to accept this conclusion given that it appears from the Court's tour of the Lewis facility this day that there are current employees who are willing and able to work overtime but are precluded by management from doing so.)

. . .

. . .

. . .

**IT IS THEREFORE ORDERED** denying Defendants' Motion for Reconsideration of the Court's $1000 Sanction Order (Doc. 2135).

Dated this 13th day of July, 2017.

_____
David K. Duncan
United States Magistrate Judge