**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
CIVIL MINUTES - GENERAL**

Phoenix Division

**CV-12-0601-PHX-DKD**           DATE: July 13, 2017

Title: <u>Parsons et al</u> vs. <u>Ryan et al</u>
         Plaintiff         Defendants
==========================================================================

HON:   <u>David K. Duncan</u>           Judge # <u>70BL/DKD</u>

       <u>Caryn Smith</u>              Laurie Adams
        Deputy Clerk                 Court Reporter

**APPEARANCES:**
David Fathi, Corene Kendrick, Kirstin Eidenbach and Maya Abela, with Donald Specter appearing telephonically, for Plaintiffs
Timothy Bojanowski and Anne Orcutt, with Lucy Rand appearing telephonically, for Defendants

==========================================================================
**PROCEEDINGS:**      <u>  X  </u> Open Court       <u>      </u> Chambers       <u>      </u> Other

This is the time set for Evidentiary Hearing. Preliminarily, the Court presents to the parties its reaction to Defendants' Notice of Compliance with $1000 Sanction Order. IT IS ORDERED the Clerk of Court shall append a copy of this reaction to the minute entry issued from today's hearing.

Discussion is held regarding the Court's tour of the Lewis facility's open clinic concept.

Plaintiffs advise the Court that the air conditioning is not functioning at the Piestewa Unit of the Perryville facility. Argument is heard. Plaintiffs request a list of all prisoners taking psychotropic medications and the units they are assigned to. Further argument is heard. IT IS ORDERED Plaintiffs shall provide Defendants' counsel with a list of the specific psychotropic medications they are requesting by no later than August 3, 2017. IT IS FURTHER ORDERED Defendants shall then produce the requested information by no later than August 10, 2017.

The Court hears Plaintiffs' request to have Defendants present their case/witnesses first on July 14, 2017 to be followed by Plaintiffs' case. Argument is heard. IT IS ORDERED denying the request for the reasons set forth on the record.

Argument is heard regarding Performance Measure 25. IT IS ORDERED if Department of Corrections' guards have been trained as first responders they qualify under this measure.

Discussion is held as to replacing "certified" with "trained" in the Monitoring Manual. The parties will meet and confer further.

Argument is heard regarding Performance Measure 37. Based on information gathered during the Court's tour and Defendants' previous representations, the Court will revisit this matter during witness testimony.

Argument is heard regarding the backlog in Performance Measure 47. Mr. Tucker addresses the Court. IT IS ORDERED Defendants' counsel shall determine if the process of communicating results to inmates is working or not and provide notice to the Court.

Argument is heard regarding Performance Measure 61. Defendants propose language to indicate the 36 month countdown does not begin prior to the date of the Stipulation. IT IS ORDERED Defendants shall provide Plaintiffs with the document number in question so they may review and provide a response.

Argument is heard regarding Performance Measures 85 and 86. Dr. Taylor is sworn and examined. The Court will review Doc. 2161 to allow it to completely understand both sides of the situation and will issue its ruling at a later time.

2:53 PM – Court stands at recess.

3:12 PM – Court reconvenes with respective counsel present. Court Reporter, Laurie Adams, is present.

Referring back to Performance Measures 85 and 86, the Court will also consider Doc. 2160 and Doc. 2176 prior to making its ruling.

Argument is heard regarding Performance Measures 94, 95 and 97. IT IS ORDERED Defendants must draw individuals as previously ordered.

The pending Motion to Enforce Stipulation (Doc. 1625) is fully briefed and will be further discussed at the hearing set July 14, 2017.

Discussion is held regarding the response to the Court's request to agree on experts. The Court rejects Defendants' suggestion and will interview one of Plaintiffs' suggestions. Further discussion is held. Plaintiffs offer to provide additional names to the Court to which Defendants join. IT IS ORDERED the parties shall meet and confer and provide a list to the Court.

Discussion is held regarding the Ninth Circuit's view of sealed matters.

Dr. Haney's affidavit is discussed. IT IS ORDERED the parties shall meet and confer to discuss an introductory section to the Monitoring Manual including the methodology of random sampling.

Argument is heard regarding Plaintiffs' request for an update on the proposal for the Corizon contract. The Court will hold the issue of Corizon's Motion to File Amicus Curiae (Doc. 2171) until Plaintiffs have filed their Response.

Time in court: 1 hr 49 min (1:34 PM – 3:42 PM)

Court's 7-13-17 preliminary reaction to Defendants' Notice of Compliance with $1,000 Sanction Order.  Based on the numbers reported non-compliant there should be 2,123 names.  The filing lists 826 names.

PM13/Perryville  (that seems extraordinary.  Is it correct?)

PM35

1436 applicable transfers (not broken down by facility)

299 were in compliance

434 names listed BUT should have 1137 names

PM40/Eyman:  ok

PM44/Eyman: 29 of 30 compliant (again, that seems extraordinary.  Is it correct?)

BUT only 23 listed

PM45/Lewis & Tucson

1479 services ordered

1461 compliant (that seems extraordinary.  Is it correct?)

18 non-compliant but only 11 names listed

(Query: how many are still within the 14 days?)

PM46

4779 reports received

4059 in compliance

720 names should be listed BUT only 176 are listed

PM50

59 consults due

28 in compliance

31 names should be listed but only 30 are

PM52

184 consults due

45 in compliance

139 names should be listed but only 97 are listed

PM66

1114 encounters due

1038 in compliance

76 names should be listed but only 44 are