1  Kathleen E. Brody (Bar No. 026331)
   **ACLU FOUNDATION OF ARIZONA**
2  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
3  Telephone: (602) 650-1854
   Email: kbrody@acluaz.org
4
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
5  *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
   *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
6  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others*
7  *similarly situated*
   **[ADDITIONAL COUNSEL LISTED ON**
8  **SIGNATURE PAGE]**
9  Sarah Kader (Bar No. 027147)
   Asim Dietrich (Bar No. 027927)
10 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
11 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
12 Email: skader@azdisabilitylaw.org
            adietrich@azdisabilitylaw.org
13
   *Attorneys for Plaintiff Arizona Center for Disability Law*
14 **[ADDITIONAL COUNSEL LISTED ON**
   **SIGNATURE PAGE]**
15
16            UNITED STATES DISTRICT COURT
17               DISTRICT OF ARIZONA

| | |
|---|---|
| 18  Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina 19  Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph 20  Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly 21  situated; and Arizona Center for Disability Law,<br><br>22            Plaintiffs,<br><br>        v.<br>23  Charles Ryan, Director, Arizona Department of 24  Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona 25  Department of Corrections, in their official capacities,<br><br>26            Defendants. | No. CV 12-00601-PHX-DKD<br><br>**PLAINTIFFS' NOTICE TO THE COURT RE: HARASSMENT AND RETALIATION AGAINST CLASS MEMBER WITNESSES**<br><br>**EMERGENCY TELEPHONIC HEARING REQUESTED** |

27
28

LEGAL136283913.1

**INTRODUCTION**

Pursuant to the Court's instruction to Plaintiffs' counsel at the July 14, 2017 hearing that they notify the Court regarding any allegations of retaliation that are brought to counsel's attention, Plaintiffs hereby notify the Court of the following allegations of incidents of harassment and retaliation against class members who testified in Court and a class member who provided written statements to the Court.  These allegations were reported to Plaintiffs' Counsel, who then notified Counsel for Defendants to investigate.

Counsel for Defendants' response was that any incidents that may have occurred were not intended to be retaliatory, and rather were just routine actions taken by prison staff coincidentally after these witnesses provided information to the Court.  Their position is not tenable, as the Court previously observed on November 2, 2016, when prison staff at ASPC-Tucson began writing up disciplinary "tickets" for class members who Plaintiffs' Counsel were attempting to interview, and defense counsel insisted the ticket-writing was routine procedure and it was only "speculation" that it was retaliatory.  [*See* 11/2/16 Tr. at 6:23-8:9; *see also* 12:25-13:4 (THE COURT: "With respect to the ticketing, I'm concerned about that because the close proximity in time does suggest that it sounds like retaliation.  That's what we frequently see in cases, link in time with respect to actions and adverse actions that are taken.")]

While Defendants may stubbornly insist that any actions taken by their staff were routine operational matters that occurred in the hours and days after the hearing, the important fact is that multiple witnesses now feel that as a result of their participation in this case, they have been intimidated and targeted, they are concerned that additional retaliatory actions will be taken against them, and in two cases, are fearful for their physical safety.  Defendants' actions undoubtedly have a chilling effect upon the willingness and ability of class members to report to either Plaintiffs' Counsel or this Court about their experiences while in the custody of the Arizona Department of Corrections.  Defendants' employees' actions obstruct Plaintiffs' counsel's obligation to zealously advocate on class members' behalf, and interfere with the Court's ability to be

informed as to all facts relevant to its supervision of this case.  [*See, e.g.*, 11/2/16 Tr. at 13:20-14:1 (THE COURT: "[T]he close proximity in time to the interviews that plaintiffs are conducting obstructs my fact-finding mission here.  And, simply stated, another way to enforce the prison regulations has to be found that doesn't allow for this broad brush ticketing in the temporal proximity of these interviews in a way that can chill the environment. It's just too important for the Court's purposes here.")]

Therefore, Plaintiffs respectfully request that the Court issue a written order directing Defendants and Counsel for Defendants that no retaliatory actions be taken against prisoners who have provided the Court information, either via oral testimony or written statements.  Further specific individual relief is also requested, as detailed below at pages 6-7 and in the Proposed Order lodged herewith.

## SUMMARY OF WITNESS ALLEGATIONS OF RETALIATION

On July 18, 2017, the undersigned counsel of record had a confidential legal phone call with Mr. Ronald Oyenik, #150840, Florence-South Unit.  [Declaration of Corene Kendrick ("Kendrick Decl.") ¶ 2]   Mr. Oyenik reported two separate incidents that occurred since testifying on July 14, 2017 that he felt were retaliatory or targeting him, and he authorized Counsel to share these allegations.  [*Id.*]

First, Mr. Oyenik reported on Friday evening at about 6 pm, he was in his building, when South Unit Deputy Warden Matos, a lieutenant, and two sergeants approached him on his bed.  [*Id.* ¶ 3]  Mr. Oyenik reported DW Matos loudly stated, so that other prisoners could hear, "Oyenik, do you have all your property?"  Mr. Oyenik was confused why he was asked this question, as he did not have any of his personal property "rolled up" as the female witnesses had testified.  [*Id.*]  Mr. Oyenik reported that DW Matos then said, again very loudly so other persons could hear, "The judge called and said you accused me of taking all of your property."  [*Id.* ¶ 4]  Mr. Oyenik reported he told DW Matos that he never made such a statement or accusation to the Court (or to anyone).  [*Id.*]  Mr. Oyenik reported he felt rattled and targeted by this conversation with the deputy warden.  [*Id.*]

Mr. Oyenik reported to Counsel another incident that he did not witness, but that multiple other prisoners told him about.  [*Id.* ¶ 5]  Specifically, they reported that on Monday, July 17, 2017, DW Matos and an Assistant Deputy Warden went to Building 8, one of the so-called "ADA dorms" where people with mobility impairments are housed, and announced to the disabled prisoners that if they had problems getting to the new location of the clinic, then they would be moved to the buildings located closer to the new clinic.  [*Id.*]  Allegedly none or very few of the prisoners agreed to or wanted to move, because as Mr. Oyenik testified to the Court on July 14, 2017, the buildings closest to the clinic are not ADA-accessible.  [*Id.*]  DW Matos and the ADW reportedly made people with disabilities sign waiver documents saying they were fine in their current housing assignment.  [*Id.*]

Mr. Oyenik is concerned that custody staff, by engaging in forced moves of other prisoners, are attempting to provoke these prisoners to blame him, or label him as the cause of the move, and therefore target him for reprisal.  [*Id.* ¶ 6]  Mr. Oyenik also repeated the concern he articulated to the Court in his testimony that Corizon staff will retaliate against him and not renew his medication that is expiring in the coming days. [*Id.* ¶ 7]

* * * * * *

On Tuesday, July 18, 2017, the undersigned counsel had a confidential legal call with Angela Ashworth, #315041, Perryville-San Pedro, who testified before the Court. [*Id.* ¶ 8]  Counsel had subsequent legal calls with Ms. Ashworth on July 19 and 20, 2017. [*Id.* ¶¶ 10, 17]  Ms. Ashworth authorized Counsel to share the information from the legal calls. [*Id.* ¶ 8, 10, 17]

As an initial matter, Ms. Ashworth confirmed that upon her arrival back at the prison on July 14, 2017, she was given back her property that had been "rolled up."  [*Id.* ¶ 9]  She also reported that her bunkmate, Donna Scheid, #310573, who wrote a written statement admitted as evidence at the hearing (6/14/17 Hearing Exhibit 10, pages 1-2), was approached on Friday by an officer who did not call an ICS emergency for

1   Ms. Ashworth on June 5, 2017.  [*Id.*]  This officer allegedly told Ms. Scheid, "Sergeant

2   Coleman and I have discussed it and we agreed that we saw nothing wrong with

3   Ashworth."  [*Id.*]  Ms. Scheid interpreted this as a warning that officers were closing rank

4   and would deny multiple witness reports that no ICS was called for Ms. Ashworth.  [*Id.*]

5          On the afternoon of Wednesday, July 19, 2017, Ms. Ashworth contacted Counsel

6   for Plaintiffs, and reported actions taken against her and against Ms. Scheid earlier in the

7   day that they felt were retaliatory in nature.  [*Id.* ¶ 10]  Ms. Ashworth is concerned that the

8   five other women who provided written statements to the Court will be targeted and

9   intimidated.  [*Id.*; *see* 6/14/17 Hearing Exhibit 10, pages 3-7]

10          Ms. Ashworth reported that earlier in the day, Ms. Scheid, was ordered to pack up

11  and move out of their cell with no warning and no explanation as to why.  [*Id.* ¶ 11]

12  Ms. Ashworth reported that Ms. Scheid was moved into a cell with a younger prisoner

13  who has a reputation among the women as someone who is a gang member who can be

14  violent and who has disciplinary infractions.  [*Id.*]  Ms. Ashworth stated that she and

15  Ms. Scheid believed that they were separated to intimidate and frighten them, and that

16  Ms. Scheid could potentially be placed in harm's way.  [*Id.*]

17          Ms. Ashworth reported that a pregnant woman was moved into her room in

18  Ms. Scheid's place.  [*Id.* ¶ 12]  Ms. Ashworth does not have a concern about this

19  individual, but rather what it means to have a pregnant roommate.  [*Id.*]  Ms. Ashworth

20  explained that since there is no air conditioning in the housing unit, when it is hot,

21  pregnant women are taken at night to the Visitation Unit (which is air conditioned) to

22  sleep on the floor.  [*Id.*]  As a result, Ms. Ashworth would be alone in her cell at night

23  with nobody else in there with her.  [*Id.*]  She stated to Counsel on July 19, "I'm terrified

24  to be in my cell alone at night," because she is concerned that she is being set up for injury

25  by either staff or another inmate when she is alone in her cell at night, with no other

26  witness to any physical or sexual assaults made against her.  [*Id.* ¶ 13]  Ms. Ashworth also

27  stated her concern that "staff are trying to turn San Pedro yard against me" by telling other

28  prisoners that she was going to get them all in trouble.  [*Id.*]

After the second phone call with Ms. Ashworth on July 19, 2017, Plaintiffs' Counsel immediately notified Counsel for Defendants about her allegations, as well as Mr. Oyenik's, and requested that Defendants take immediate action to rectify the situation. [*Id.* ¶¶ 14, 15, Ex. 1]  Specifically, Plaintiffs' counsel requested (a) that Ms. Scheid be returned to and re-housed with Ms. Ashworth; (b) that Perryville staff be instructed that no retaliatory actions could be taken against Ms. Ashworth, Ms. Scheid, or the other individuals who provided written witness statements to the Court regarding what occurred on June 5, 2017; and (c) Perryville staff be instructed that they could not provoke other prisoners by imposing group punishment on the unit. [*Id.* ¶ 15, Ex. 1]  With regard to Mr. Oyenik's allegations, counsel requested that custody staff be instructed to not engage in behaviors such as group punishment or widespread bed moves that could potentially provoke other prisoners, and that Corizon ensure that all of his medication is renewed without interruption. [*Id.*]

Later that day, Plaintiffs' counsel was contacted by Ms. Ashworth's counselor, to schedule another legal call with her the morning of Thursday, July 20, 2017. [*Id.* ¶ 16, Ex. 1]  Plaintiffs' counsel notified counsel for Defendants of the pending call, and asked for any update on their investigation.  [*Id.*]  The morning of June 20, 2017, the undersigned counsel again spoke with Ms. Ashworth, who reported that she spent the night alone in her cell.  [*Id.* ¶¶ 17-18]  She stated that on two separate occasions in the middle of the night, custody officers unlocked and entered her room while she was sleeping, waking her up in the process.  [*Id.* ¶ 18]  Ms. Ashworth reported being "terrified" by officers entering her cell, and she told Plaintiffs' counsel that when she asked them on each occasion why they were in her cell, they told her they were there "to take the temperature." [*Id.*]  She reported that officers do not normally unlock and enter her cell in the middle of the night to take the temperature, and she viewed these acts as additional harassment designed to cause her extreme emotional distress.  [*Id.*]

Ms. Ashworth also reported that she has a job that she works from midnight to 6 am on Thursday, Friday, and Saturday nights; and she is concerned that starting this

1   evening (July 20, 2017) when she is working and her cell will be empty (if her roommate

2   is sleeping in Visitation with the pregnant women), that staff or others could unlock and

3   enter her cell to take or destroy her legal papers or personal property, or attempt to plant

4   contraband items so that she is falsely charged with a disciplinary action.  [*Id.* ¶ 19]

5                    **DEFENDANTS' RESPONSE TO THE ALLEGATIONS**

6         Counsel for Defendants provided a written response to Plaintiffs' counsel mid-day

7   on July 20, 2017 regarding the allegations.  [*Id.* ¶ 21, Ex. 2]  In their response, they

8   insisted that these multiple allegations were "without merit" or did "not make sense." [*Id.*

9   Ex. 2]  They stated that the bed move of Ms. Scheid was routine procedure, and denied it

10  was done for retaliatory purposes.  [*Id.*]  They confirmed that Ms. Ashworth would be

11  housed alone when her pregnant roommate was sleeping in the air conditioned Visitation

12  Unit, but it was mere "circumstance."  [*Id.*]  They refused to return Ms. Scheid to the cell

13  she shared with Ms. Ashworth, (*id.*), and did not indicate that any directive had been

14  issued to ADC employees to not retaliate against the other individuals who provided

15  written statements submitted to the Court.

16        Counsel for Defendants also disputed the conversation that Mr. Oyenik alleged he

17  had with the deputy warden of South Unit, and instead discussed actions taken and

18  statements made by a regional operations manager.  [*Id.*]  Counsel characterized the

19  allegations and quotes attributed to the deputy warden to "make no sense at all and are

20  without merit."  [*Id.*]  Counsel also did not contest the allegations about the statements

21  made by custody officials to people with disabilities in Building 8 on July 17, but rather

22  described the relocation of ADA prisoners as something that was long planned.

23                              **REQUEST FOR RELIEF**

24        Plaintiffs respectfully request that the Court issue a written order directing

25  Defendants and Counsel for Defendants that no actions be taken that harass, intimidate, or

26  otherwise retaliate against the witnesses who have provided the Court information, either

27  via oral testimony or written statements.  Such an order should note that this includes

28  placing people at risk of harm by utilizing group punishments, or threats to other prisoners

1    who could in turn target the witnesses.  Plaintiffs further request that the Court order

2    Counsel for Defendants to provide a written declaration (1) describing all steps they took

3    to communicate the Court's verbal orders of July 14, 2017 regarding retaliation to their

4    clients, to ensure the witnesses be protected; and (2) affirming that every individual that

5    ADC offered to move to the building closer to the new medical clinic at Florence-South

6    Unit would have also been provided, as necessary, an ADA-accessible cell with access to

7    ADA-accessible bathroom facilities, and that such moves would not have displaced other

8    prisoners requiring ADA-accessible housing.  Plaintiffs also request that the Court order

9    Defendants to confirm that physical barriers are removed, as necessary, prior to requiring

10   prisoners with disabilities at Florence-South Unit to sign statements regarding their

11   housing preferences, to ensure that people with mobility impairments can access both

12   medical care and ADA-accessible housing, and are not forced into a double bind of

13   picking one or the other.  Plaintiffs request that the Court order Perryville staff to return

14   Ms. Scheid to her previous cell, and to not enter Ms. Ashworth's cell at night when she is

15   alone or away working unless it is pursuant to a legitimate correctional objective.

16   Plaintiffs request that the Court order any and all further relief that it deems necessary and

17   reasonable to ensure that class members are not intimidated or chilled from

18   communicating with Plaintiffs' counsel directly, or indirectly to the Court.

19        Respectfully submitted,

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

1  Dated:  July 20, 2017                    **PRISON LAW OFFICE**

2

3                              By:  <u>  s/ Corene Kendrick  </u>
                                 Donald Specter (Cal. 83925)*
                                 Alison Hardy (Cal. 135966)*
4                                Sara Norman (Cal. 189536)*
                                 Corene Kendrick (Cal. 226642)*
5                                Rita K. Lomio (Cal. 254501)*
                                 1917 Fifth Street
6                                Berkeley, California 94710
                                 Telephone:  (510) 280-2621
7                                Email:    dspecter@prisonlaw.com
                                           ahardy@prisonlaw.com
8                                          snorman@prisonlaw.com
                                           ckendrick@prisonlaw.com
9                                          rlomio@prisonlaw.com

10                               *Admitted *pro hac vice*

11                               David C. Fathi (Wash. 24893)*
                                 Amy Fettig (D.C. 484883)**
12                               Victoria Lopez (Ill. 6275388)*
                                 **ACLU NATIONAL PRISON
13                               PROJECT**
                                 915 15th Street N.W., 7th Floor
14                               Washington, D.C. 20005
                                 Telephone:  (202) 548-6603
15                               Email:    dfathi@aclu.org
                                           afettig@aclu.org
16                                         vlopez@aclu.org

17                               *Admitted *pro hac vice*.  Not admitted
                                  in DC; practice limited to federal
18                                courts.
                                 **Admitted *pro hac vice*
19
                                 Kirstin T. Eidenbach (Bar No. 027341)
20                               **EIDENBACH LAW, PLLC**
                                 P. O. Box 91398
21                               Tucson, Arizona 85752
                                 Telephone:  (520) 477-1475
22                               Email:    kirstin@eidenbachlaw.com

23                               Kathleen E. Brody (Bar No. 026331)
                                 **ACLU FOUNDATION OF**
24                               **ARIZONA**
                                 3707 North 7th Street, Suite 235
25                               Phoenix, Arizona 85013
                                 Telephone:  (602) 650-1854
26                               Email:    kbrody@acluaz.org

27

28

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:    dbarr@perkinscoie.com
            agerlicher@perkinscoie.com
            jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:    cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
　　　Sarah Kader (Bar No. 027147)
　　　Asim Dietrich (Bar No. 027927)
　　　5025 East Washington Street, Suite 202
　　　Phoenix, Arizona 85034
　　　Telephone:  (602) 274-6287
　　　Email:    skader@azdisabilitylaw.org
　　　　　　　　adietrich@azdisabilitylaw.org

　　　Rose A. Daly-Rooney (Bar No. 015690)
　　　J.J. Rico (Bar No. 021292)
　　　Jessica Jansepar Ross (Bar No. 030553)
　　　Maya Abela (Bar No. 027232)
　　　**ARIZONA CENTER FOR DISABILITY LAW**
　　　177 North Church Avenue, Suite 800
　　　Tucson, Arizona 85701
　　　Telephone:  (520) 327-9547
　　　Email:
　　　　　rdalyrooney@azdisabilitylaw.org
　　　　　　　jrico@azdisabilitylaw.org
　　　　　　　jross@azdisabilitylaw.org
　　　　　　　mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com

*Attorneys for Defendants*

s/ D. Freouf