1  Kathleen E. Brody (Bar No. 026331)
   **ACLU FOUNDATION OF ARIZONA**
2  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
3  Telephone: (602) 650-1854
   Email: kbrody@acluaz.org
4
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
5  *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
   *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
6  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others*
7  *similarly situated*

   **[ADDITIONAL COUNSEL LISTED BELOW]**
8
   Sarah Kader (Bar No. 027147)
9  Asim Dietrich (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
10 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
11 Telephone: (602) 274-6287
   Email: skader@azdisabilitylaw.org
12        adietrich@azdisabilitylaw.org

13 *Attorneys for Plaintiff Arizona Center for Disability Law*

14 **[ADDITIONAL COUNSEL LISTED BELOW]**

15                    UNITED STATES DISTRICT COURT

16                          DISTRICT OF ARIZONA

17 | Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-DKD |
|---|---|
| Plaintiffs, | **DECLARATION OF CORENE KENDRICK IN SUPPORT OF PLAINTIFFS' NOTICE TO THE COURT RE: HARASSMENT AND RETALIATION AGAINST CLASS MEMBER WITNESSES** |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

LEGAL136281500.1

I, Corene Kendrick, declare:

1. I am an attorney licensed to practice before the courts of the State of California, and admitted to this Court *pro hac vice*. I am a staff attorney at the Prison Law Office, and an attorney of record to the plaintiff class in this litigation. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2. On July 18, 2017, I had a confidential legal call with Mr. Ronald Oyenik, #150480, a class member housed at Florence-South Unit. Mr. Oyenik reported two separate incidents that had occurred since he testified to the Court on the morning of July 14, 2017 that he interpreted as a threat or harassment. Mr. Oyenik has authorized me to share his reports of threats and harassment with Counsel for Defendants and the Court.

3. First, Mr. Oyenik reported that on Friday evening after testifying, he was back at his housing unit on his bed around 6 pm, when South Unit Deputy Warden Matos, a lieutenant, and two sergeants approached him. Mr. Oyenik reported that DW Matos loudly stated, such that other prisoners could hear, "Oyenik, do you have all your property?" Mr. Oyenik told me he was confused about why he was asked this question, and said, "Yes, why?" (Mr. Oyenik and Mr. Blocksom each told Counsel that they did not have their personal property "rolled up" or confiscated prior to the Friday hearing, as the two female witnesses testified had happened to them.)

4. Mr. Oyenik told me that DW Matos then said, again very loudly so other persons could hear, "The judge called and said you accused me of taking all of your property." Mr. Oyenik reported he told DW Matos that he never made such a statement or accusation to the Court (or to anyone), but that DW Matos persisted in insisting this Court had said Mr. Oyenik made such an accusation. Mr. Oyenik reports that DW Matos then left his housing unit. Mr. Oyenik said he felt rattled and targeted by this interaction.

5. Mr. Oyenik also reported to me an incident that he did not witness, but that multiple other prisoners told him about. Specifically, these prisoners reported that on Monday, July 17, 2017, DW Matos and an Assistant Deputy Warden went to Building 8,

LEGAL136281500.1

1   one of the so-called "ADA dorms" where people with mobility impairments are housed, and announced to them that if they had problems getting to the new location of the clinic, then they would be moved to the buildings that are closer to the new clinic. Allegedly none or very few of the prisoners agreed to or wanted to move, because as Mr. Oyenik testified to the Court on July 14, 2017, the buildings closest to the clinic are not ADA-accessible. DW Matos and the ADW reportedly made the people with disabilities sign waiver documents saying they were fine in their current housing assignment.

6.   Mr. Oyenik is concerned that custody staff, by threatening other prisoners with unwanted moves or by engaging in forced moves of persons with disabilities, are attempting to provoke these prisoners to blame him, or label him as the cause of their move, and therefore target him for reprisal.

7.   Mr. Oyenik also repeated the concern he articulated to the Court in his testimony that Corizon staff will retaliate against him and not renew his medication that is expiring in the coming days.

8.   On Tuesday, July 18, 2017, I had a confidential legal call with Angela Ashworth, #315041, Perryville-San Pedro. She has authorized me to share with Counsel for Defendants and the Court the information she conveyed to me.

9.   On the July 18, 2017 call, she confirmed that upon her arrival back at the prison the afternoon of July 14, 2017, she was provided her property that had been "rolled up." She also reported that her bunkmate, Donna Scheid, #310573, who wrote one of the written statements admitted as evidence at the hearing (6/14/17 Hearing, Exhibit 10, pages 1-2), wanted me to know that she had been harassed on Friday while Ms. Ashworth was gone. Ms. Scheid's report was that CO-II Western, one of the correctional officers who allegedly did not call an ICS emergency for Ms. Ashworth on June 5, 2017, approached Ms. Scheid and said, "Sergeant Coleman and I have discussed it and we agreed that we saw nothing wrong with Ashworth." Ms. Scheid interpreted this to be a warning that the custody officers were closing rank in denying the multiple witness allegations that no ICS had been called for Ms. Ashworth.

10. On the next day, the afternoon of Wednesday, July 19, 2017, Ms. Ashworth called my office, and reported several incidents of retaliation against her and Ms. Scheid earlier in the day. Ms. Ashworth reported she is concerned that custody staff will also target the five other women who provided written statements to the Court. [*See* 6/14/17 Hearing Exhibit 10, pages 3-7] Ms. Ashworth authorized me to share the content of the July 19, 2017 phone call with Counsel for Defendants and the Court.

11. Ms. Ashworth reported that earlier in the day, her bunkmate Ms. Scheid, was ordered to pack up and move out of their cell with no warning and no explanation as to why. Ms. Ashworth reported that Ms. Scheid was moved into a cell with a younger prisoner who has a reputation among the prisoners as someone who is a gang member who can be violent and who has disciplinary infractions. Ms. Ashworth stated that she and Ms. Scheid believe that this move was done to frighten and intimidate them, and to potentially place Ms. Scheid at risk of harm or injury.

12. Ms. Ashworth reported that a pregnant woman was moved into her room in Ms. Scheid's place. Ms. Ashworth did not have a concern about this person, but rather the implication of having a pregnant roommate. Ms. Ashworth explained that since there is no air conditioning in the housing unit, when it is hot, all pregnant women are taken at night to the Visitation Unit (which is air conditioned) to sleep on the floor. This meant that Ms. Ashworth would be alone in her cell at night with nobody else in there with her.

13. Ms. Ashworth told me, "I'm terrified to be in my cell alone at night," because she is concerned that she is being set up for injury by either staff or another inmate when she is alone in her cell at night, with no other witness to any physical or sexual assaults made against her. Ms. Ashworth also said she was worried that "staff are trying to turn San Pedro yard against me" by telling other prisoners that she was going to get them all in trouble.

14. After speaking with Ms. Ashworth on July 19, 2017, I immediately notified Counsel for Defendants about Ms. Ashworth's allegations, and those made the previous day by Mr. Oyenik.

15. In an email sent July 19, 2017 at 2:24 pm, I requested that they take immediate action to rectify what had occurred, and advised that Plaintiffs' Counsel would be notifying the Court of these allegations by the close of business. Specifically, I requested (a) that Ms. Scheid be returned to and re-housed with Ms. Ashworth; (b) that Perryville staff be instructed that no retaliatory actions could be taken against Ms. Ashworth, Ms. Scheid, or the other individuals who provided written witness statements to the Court regarding what occurred on June 5, 2017. I also noted that custody staff should not be provoking other prisoners by imposing group punishment on the unit. With regard to Mr. Oyenik's allegations, I requested that custody staff be instructed to not engage in behaviors such as group punishment or widespread bed moves that would provoke other prisoners, and that Corizon ensure that all of his medication is renewed without interruption. A true and correct copy of that email is attached as **Exhibit 1**.

16. Approximately ten minutes later, I received a one sentence response from Rachel Love, counsel for Defendants, telling me she would "certainly look into the allegations" but that she thought it was "unreasonable" for me to go to the Court the same day. [*See* Ex. 1] Later that day, I was contacted by Ms. Ashworth's counselor, scheduling another legal call for the morning of Thursday, July 20, 2017. I notified Ms. Love that I would wait to speak to my client again, prior to notifying the Court of the witnesses' allegations, but asked for any update on their investigation and confirmation that the woman with whom Ms. Scheid had been housed had a history of violence. [*See id*.]

17. On June 20, 2017, at approximately 8:30 am, I spoke with Ms. Ashworth via a confidential legal call. She authorized me to share the content of that call with the Court and Counsel for Defendants.

18. Ms. Ashworth reported that she spent the night alone in her cell. She stated that on two separate occasions in the middle of the night, custody officers unlocked and entered her room while she was sleeping, waking her up in the process. She reported

1 being "terrified" by them entering her cell, and she told me that when she asked them on
2 both separate occasions why they were in her cell, they told her that they were in her cell
3 "to take the temperature." She reported that officers do not normally unlock and enter
4 cells in the middle of the night to take the temperature. She told me that she viewed this
5 as additional harassment designed to cause extreme emotional distress.

6       19. Ms. Ashworth also reported that she has a job that she works from midnight
7 to 6 am on Thursday, Friday, and Saturday nights; she is concerned that when she is
8 working tonight and her cell is empty, that staff could enter her cell and take or destroy
9 her legal paperwork and property, or attempt to plant contraband items in her cell so that
10 she could be falsely charged with a disciplinary action.

11       20. After speaking with Ms. Ashworth, I again asked Counsel for Defendants
12 for an update regarding their investigation into the allegations. [*See* Ex. 1]

13       21. On July 20, 2017 at 12:13 pm, Rachel Love, Counsel for Defendants,
14 provided a written response to the witnesses' allegations. In her response she insisted that
15 any activities or actions taken related to the witnesses were not retaliatory in nature. A
16 true and correct **redacted** copy of that email is attached as **Exhibit 2**.

17 I declare under penalty of perjury that the foregoing is true and correct.
18 Executed July 20, 2017, in Berkeley, California.

19
20
       s/ Corene Kendrick
       Corene Kendrick

21
22
23
24
25
26
27
Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:  dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com
          rlomio@prisonlaw.com

28 *Admitted *pro hac vice*

| | |
|---|---|
| 1 | David C. Fathi (Wash. 24893)* |
| 2 | Amy Fettig (D.C. 484883)** |
|   | Victoria Lopez (Ill. 6275388)* |
| 3 | **ACLU NATIONAL PRISON PROJECT** |
| 4 | 915 15th Street N.W., 7th Floor |
|   | Washington, D.C. 20005 |
| 5 | Telephone: (202) 548-6603 |
|   | Email: dfathi@npp-aclu.org |
| 6 | afettig@npp-aclu.org |
|   | vlopez@aclu.org |

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email: kirstin@eidenbachlaw.com

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
       agerlicher@perkinscoie.com
       jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:    skader@azdisabilitylaw.org
          adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
    rdalyrooney@azdisabilitylaw.org
    jrico@azdisabilitylaw.org
    jross@azdisabilitylaw.org
    mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com

*Attorneys for Defendants*

                                                   s/ D. Freouf