# EXHIBIT 1

# Corene Kendrick

| | |
|---|---|
| **From:** | Corene Kendrick |
| **Sent:** | Thursday, July 20, 2017 9:48 AM |
| **To:** | 'Rachel Love'; 'Tim Bojanowski'; 'Anne Orcutt'; 'Elaine Percevecz'; 'Lucy Rand'; 'Michael E. Gottfried'; 'Ybarra, Griselda' |
| **Cc:** | 'Kirstin Eidenbach'; 'David Fathi'; 'Amy Fettig'; 'Victoria Lopez'; 'Maya Abela'; Don Specter; Alison Hardy; Rita Lomio |
| **Subject:** | RE: Post-Hearing Allegations of Retaliation and Harassment |

Rachel,

Do you have any update regarding your investigation into these allegations? Can you please provide the name and ADC number of the woman with whom Ms. Scheid has been housed so we can research her commitment offense and disciplinary record?

Thank you,

Corene

---

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Wednesday, July 19, 2017 6:11 PM
**To:** 'Rachel Love'; 'Tim Bojanowski'; 'Anne Orcutt'; 'Elaine Percevecz'; 'Lucy Rand'; 'Michael E. Gottfried'; 'Ybarra, Griselda'
**Cc:** 'Kirstin Eidenbach'; 'David Fathi'; 'Amy Fettig'; 'Victoria Lopez'; 'Maya Abela'; Don Specter; Alison Hardy; Rita Lomio
**Subject:** RE: Post-Hearing Allegations of Retaliation and Harassment

Rachel,

I have a confidential legal call scheduled with Ms. Ashworth in the morning, so we will not be filing a notice this evening, as I would like to speak to her again and receive an update from her.

If you can provide any update on these allegations or response regarding corrective actions that will be taken, we would appreciate it.  Additionally, can you confirm if the woman with whom Ms. Scheid has been housed has a history of violence and disciplinary infractions?

Thank you,

Corene

---

**From:** Rachel Love [mailto:RLove@swlfirm.com]
**Sent:** Wednesday, July 19, 2017 2:34 PM
**To:** Corene Kendrick; Tim Bojanowski; Anne Orcutt; Elaine Percevecz; Lucy Rand; Michael E. Gottfried; Ybarra, Griselda
**Cc:** Kirstin Eidenbach; David Fathi; Amy Fettig; Victoria Lopez; Maya Abela; Don Specter; Alison Hardy; Rita Lomio; Rachel Love
**Subject:** RE: Post-Hearing Allegations of Retaliation and Harassment

Corene,

We will certainly look into the allegations your clients are making but demanding a 2 hour 36 minute response time or else you will go to the court is unreasonable.

Rachel

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Wednesday, July 19, 2017 2:24 PM
**To:** Tim Bojanowski <TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Anne Orcutt <AOrcutt@swlfirm.com>; Elaine Percevecz <EPercevecz@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; Ybarra, Griselda <Griselda.Ybarra@azag.gov>
**Cc:** Kirstin Eidenbach <kirstin@eidenbachlaw.com>; David Fathi <dfathi@aclu.org>; Amy Fettig <afettig@aclu.org>; Victoria Lopez <vlopez@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Don Specter <dspecter@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Rita Lomio <rlomio@prisonlaw.com>
**Subject:** Post-Hearing Allegations of Retaliation and Harassment
**Importance:** High

Counsel,

I write to follow up on the phone calls that we had with our testifying class members.  We plan to file a Notice to the Court by 6 pm describing the following today; if you have taken any action to rectify these acts of retaliation and harassment, please let us know by 5 pm.

First, Ms. Ashworth, 315041, has notified us of retaliatory and harassing actions taken against her and her bunkmate in retaliation for her testifying and her bunkmate providing a written statement to the Court. She reports that this morning, her bunkmate Ms. Scheid, 310573, was ordered to pack up and move out of their cell with no explanation as to why. Ms. Scheid has been moved into a cell with a known gang member with multiple disciplinary infractions and a history of violence.  Ms. Ashworth and Ms. Scheid believe that this is being done to set Ms. Scheid up for possible harm or injury from the gang member, in an attempt to pressure Ms. Scheid to withdraw her written statements about what she witnessed.  (This concern is well-founded, as on Friday, while Ms. Ashworth was at the hearing, one of the officers who refused to initiate the ICS approached Ms. Scheid and told her that she (the officer) thought nothing was wrong with Ms. Ashworth on the night of June 5.)   A pregnant woman has been moved into Ms. Ashworth's room.  Because there is no air conditioning in the housing unit, all pregnant women are taken to Visitation at night to sleep on the floor, which would mean that Ms. Ashworth will be alone in her cell at night with nobody else there. Ms. Ashworth stated, "I'm terrified to be in my cell alone at night," as she is concerned that she is being set up for physical injury by either staff or another inmate when she is alone in her cell at night, as there would be no witness to any physical or sexual assaults made against her.  Ms. Ashworth reports that "staff are trying to turn San Pedro yard against me." **We request that Ms. Scheid be re-housed this afternoon in Ms. Ashworth's room, and that Perryville staff be instructed that no retaliatory actions should be taken against Ms. Ashworth, Ms. Scheid, or any of the other prisoners who provided written witness statements regarding the June 5 incidents. Furthermore, custody staff must not set Ms. Ashworth up for assault or injury by provoking other prisoners via group punishment**.


Second, Mr. Oyenik, 150480, reported that on Friday after testifying, he was back at his housing unit on his bed around 6 pm, when DW Matos, a lieutenant, and two sergeants approached him. Mr. Oyenik reports that DW Matos said, "Oyenik, do you have all your property?" Mr. Oyenik was confused about why he was being asked this (unlike the women, he and Mr. Blocksom were not rolled up before the hearing), and said, "Yes, why?"  DW Matos allegedly said, "The judge called me and he said that you accused me of taking all of your property."  Mr. Oyenik told DW Matos that he never made such a statement or accusation, but that DW Matos persisted in insisting that Judge Duncan said Mr. Oyenik had made the accusation.   On Monday, DW Matos and ADW Penny went to the ADA building (Building 8) and told everyone there that if they had problems getting to the clinic, they would be moved to the buildings that are closer.  Allegedly, none of the prisoners wanted to move, because the buildings they would be moved to are not ADA-accessible.  DW Matos and ADW Penny reportedly made the prisoners with disabilities sign documents saying that they were fine where they were housed and had no problems getting to the clinic.  Mr. Oyenik stated that he feels targeted by custody staff, and also is concerned that Corizon staff will not renew his medication that is expiring in the coming

2

days. He also stated that he believes custody staff are attempting to provoke other prisoners to turn against him via forced moves of disabled prisoners.  **We request that custody staff be instructed that they are not to engage in behaviors such as group punishment or widespread bed moves that would provoke other prisoners against him.  We request that Mr. Oyenik have all of his medication renewed without interruption**.

Thank you for your attention to these matters.

-Corene

Corene Kendrick, Staff Attorney
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
510.280.2621
ckendrick@prisonlaw.com

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT 2

# [REDACTED]

# FILED UNDER SEAL

# Corene Kendrick

| | |
|---|---|
| **From:** | Rachel Love |
| **Sent:** | Thursday, July 20, 2017 12:13 PM |
| **To:** | Corene Kendrick; Tim Bojanowski; Anne Orcutt; Elaine Percevecz; Lucy Rand; Michael E. Gottfried; Ybarra, Griselda |
| **Cc:** | Kirstin Eidenbach; David Fathi; Amy Fettig; Victoria Lopez; Maya Abela; Don Specter; Alison Hardy; Rita Lomio; Dan Struck; Rachel Love |
| **Subject:** | RE: Post-Hearing Allegations of Retaliation and Harassment |

Corene,

We looked into the retaliation allegations advanced by Ms. Ashworth (315041) and Mr. Oyenik (150480).  The allegations are without merit.

**Ashworth Allegations**
Ms. Ashworth's cellmate reassignment was made in the normal course of operations and was not based upon retaliatory motive.  Housing reassignments are common and occur frequently for a variety of reasons.  As such, inmates go through a series of cellmates during their incarceration. Here, two cell reassignments were made on the same day based upon inmate request due to notification that cell mates were not getting along.  Once of these moves was for inmate ▇▇▇▇ ▇▇▇▇▇ who was reassigned to live with Ms. Ashworth.  Because Inmate ▇▇▇▇▇ is pregnant, she required a bottom bunk.  Thus, Ms. Ashworth's cellmate, Inmate Shied (310573) (lower bunk assignment), was reassigned to live with Inmate ▇▇▇▇ ▇▇▇▇▇.

Inmate Sheid has not been celled with an inmate known to present a risk of harm to her.  Neither Inmate Sheid nor inmate ▇▇▇▇ have STG or assault histories.  Inmate ▇▇▇▇▇ because she is pregnant, may be moved to the visitation area if cell temperature reaches 86 degrees such that there can be times where Inmate ▇▇▇▇ sleeps in the visitation area.  Ms. Ashworth is not being left without a cellmate at night in order to allow anyone an opportunity to harm her – this circumstance is merely based upon Inmate ▇▇▇▇ pregnancy.  The non-retaliatory moves made in the normal course of operations will remain in place.

As to Ms. Ashworth's allegation that an unidentified officer said something to IM Scheid on Friday while Ms. Ashworth was out to Court about the ICS dispute involving Ms. Ashworth, the allegation does not make sense where Perryville officers are not advised as to what is happening at the Court hearings.

**Oyenik Allegations**
Per direction provided by Northern Region Operations Director Ernie Trujillo to the ASPC-Florence DWOP VanWinkle to have someone at East and South Units verify that the returning inmates still had all their property, Mr. Oyenik was asked to confirm that he had all of his property upon his return to his cell.  This happened for all the inmates who testified on Friday and was done merely to combat any possible forthcoming allegations of retaliatory property handling.  Mr. Trujillo provided the directive, but did not say anything about the Judge whatsoever nor did he in any way shape or form say that Mr. Oyenik had made property retaliation claims in court because indeed, that did not occur.  DW Matos made no such statements about the Judge or property retaliation allegations – he just asked Mr. Oyenik if he had all his property still after return from Court. Thus, the quotes attributed to DW Matos make no sense at all and are without merit.

Regarding the location of the medical unit at Florence-South Unit, the relocation of the medical unit on July 9th was based upon legitimate security reasons – to enhance security response time to the medical unit in case of incident/emergency.  Moreover, both the relocation of the medical unit plan and plans for relocation of ADA inmates to the housing unit close to the medical unit were decisions made well before Mr. Oyenik was identified as a witness for

1

Friday's hearing – and thus has nothing to do with Mr. Oyenik testifying at the hearing.  As you know, the concept of housing ADA inmates close to a unit's medical unit is not unique to Florence-South Unit.   Moreover, Mr. Oyenik's allegation that the building close to medical is not ADA-accessible is false.  Indeed there is an entire run in that building that is ADA accessible.  The ADA inmates housed in the buildings close to the old medical unit have been given an opportunity to move to the housing unit close to the new medical unit if they would like to do so.  So far, all but two inmates have elected to stay in their current housing locations. Because many inmates do not wish to move closer, provisions are being made for the ADA porter/aides to be more accessible to help inmates down to medical where mobility is a challenge.   Additionally, ADA inmates who do not wish to move closer to medical are going to be able to turn out for open nurses line 15 minutes earlier than non-ADA inmates so that they can have extra time to get to nurses line.  The inmates who decided they wanted to stay in their current housing locations were asked to write letters stating the same.  This was done merely to document the opportunity provided for a housing relocation, and the election not to do so – not for any other reason.

Ms. Ashworth and Mr. Oyenik are not being retaliated against or targeted.  Please give me a call if you wish to discuss these matters further.

Rachel


**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Thursday, July 20, 2017 9:48 AM
**To:** Rachel Love <RLove@swlfirm.com>; Tim Bojanowski <TBojanowski@swlfirm.com>; Anne Orcutt <AOrcutt@swlfirm.com>; Elaine Percevecz <EPercevecz@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; Ybarra, Griselda <Griselda.Ybarra@azag.gov>
**Cc:** Kirstin Eidenbach <kirstin@eidenbachlaw.com>; David Fathi <dfathi@aclu.org>; Amy Fettig <afettig@aclu.org>; Victoria Lopez <vlopez@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Don Specter <dspecter@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Rita Lomio <rlomio@prisonlaw.com>
**Subject:** RE: Post-Hearing Allegations of Retaliation and Harassment

Rachel,

Do you have any update regarding your investigation into these allegations? Can you please provide the name and ADC number of the woman with whom Ms. Scheid has been housed so we can research her commitment offense and disciplinary record?

Thank you,

Corene

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Wednesday, July 19, 2017 6:11 PM
**To:** 'Rachel Love'; 'Tim Bojanowski'; 'Anne Orcutt'; 'Elaine Percevecz'; 'Lucy Rand'; 'Michael E. Gottfried'; 'Ybarra, Griselda'
**Cc:** 'Kirstin Eidenbach'; 'David Fathi'; 'Amy Fettig'; 'Victoria Lopez'; 'Maya Abela'; Don Specter; Alison Hardy; Rita Lomio
**Subject:** RE: Post-Hearing Allegations of Retaliation and Harassment

Rachel,

I have a confidential legal call scheduled with Ms. Ashworth in the morning, so we will not be filing a notice this evening, as I would like to speak to her again and receive an update from her.

If you can provide any update on these allegations or response regarding corrective actions that will be taken, we would appreciate it.  Additionally, can you confirm if the woman with whom Ms. Scheid has been housed has a history of violence and disciplinary infractions?

Thank you,

Corene

---

**From:** Rachel Love [mailto:RLove@swlfirm.com]
**Sent:** Wednesday, July 19, 2017 2:34 PM
**To:** Corene Kendrick; Tim Bojanowski; Anne Orcutt; Elaine Percevecz; Lucy Rand; Michael E. Gottfried; Ybarra, Griselda
**Cc:** Kirstin Eidenbach; David Fathi; Amy Fettig; Victoria Lopez; Maya Abela; Don Specter; Alison Hardy; Rita Lomio; Rachel Love
**Subject:** RE: Post-Hearing Allegations of Retaliation and Harassment

Corene,

We will certainly look into the allegations your clients are making but demanding a 2 hour 36 minute response time or else you will go to the court is unreasonable.

Rachel

---

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Wednesday, July 19, 2017 2:24 PM
**To:** Tim Bojanowski <TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Anne Orcutt <AOrcutt@swlfirm.com>; Elaine Percevecz <EPercevecz@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; Ybarra, Griselda <Griselda.Ybarra@azag.gov>
**Cc:** Kirstin Eidenbach <kirstin@eidenbachlaw.com>; David Fathi <dfathi@aclu.org>; Amy Fettig <afettig@aclu.org>; Victoria Lopez <vlopez@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Don Specter <dspecter@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Rita Lomio <rlomio@prisonlaw.com>
**Subject:** Post-Hearing Allegations of Retaliation and Harassment
**Importance:** High

Counsel,

I write to follow up on the phone calls that we had with our testifying class members.  We plan to file a Notice to the Court by 6 pm describing the following today; if you have taken any action to rectify these acts of retaliation and harassment, please let us know by 5 pm.

First, Ms. Ashworth, 315041, has notified us of retaliatory and harassing actions taken against her and her bunkmate in retaliation for her testifying and her bunkmate providing a written statement to the Court. She reports that this morning, her bunkmate Ms. Scheid, 310573, was ordered to pack up and move out of their cell with no explanation as to why. Ms. Scheid has been moved into a cell with a known gang member with multiple disciplinary infractions and a history of violence.  Ms. Ashworth and Ms. Scheid believe that this is being done to set Ms. Scheid up for possible harm or injury from the gang member, in an attempt to pressure Ms. Scheid to withdraw her written statements about what she witnessed.  (This concern is well-founded, as on Friday, while Ms. Ashworth was at the hearing, one of the officers who refused to initiate the ICS approached Ms. Scheid and told her that she (the officer) thought nothing was wrong with Ms. Ashworth on the night of June 5.)   A pregnant woman has been moved into Ms. Ashworth's room.  Because there is no air conditioning in the housing unit, all pregnant women are taken to Visitation at night to sleep on the floor, which would mean that Ms. Ashworth will be alone in her cell at night with nobody else there. Ms. Ashworth stated, "I'm terrified to be in my cell alone at night," as she is concerned that she is being set up for physical injury by either

3

staff or another inmate when she is alone in her cell at night, as there would be no witness to any physical or sexual assaults made against her.  Ms. Ashworth reports that "staff are trying to turn San Pedro yard against me." **We request that Ms. Scheid be re-housed this afternoon in Ms. Ashworth's room, and that Perryville staff be instructed that no retaliatory actions should be taken against Ms. Ashworth, Ms. Scheid, or any of the other prisoners who provided written witness statements regarding the June 5 incidents. Furthermore, custody staff must not set Ms. Ashworth up for assault or injury by provoking other prisoners via group punishment**.

Second, Mr. Oyenik, 150480, reported that on Friday after testifying, he was back at his housing unit on his bed around 6 pm, when DW Matos, a lieutenant, and two sergeants approached him. Mr. Oyenik reports that DW Matos said, "Oyenik, do you have all your property?" Mr. Oyenik was confused about why he was being asked this (unlike the women, he and Mr. Blocksom were not rolled up before the hearing), and said, "Yes, why?"  DW Matos allegedly said, "The judge called me and he said that you accused me of taking all of your property."  Mr. Oyenik told DW Matos that he never made such a statement or accusation, but that DW Matos persisted in insisting that Judge Duncan said Mr. Oyenik had made the accusation.   On Monday, DW Matos and ADW Penny went to the ADA building (Building 8) and told everyone there that if they had problems getting to the clinic, they would be moved to the buildings that are closer.  Allegedly, none of the prisoners wanted to move, because the buildings they would be moved to are not ADA-accessible.  DW Matos and ADW Penny reportedly made the prisoners with disabilities sign documents saying that they were fine where they were housed and had no problems getting to the clinic.  Mr. Oyenik stated that he feels targeted by custody staff, and also is concerned that Corizon staff will not renew his medication that is expiring in the coming days.  He also stated that he believes custody staff are attempting to provoke other prisoners to turn against him via forced moves of disabled prisoners.  **We request that custody staff be instructed that they are not to engage in behaviors such as group punishment or widespread bed moves that would provoke other prisoners against him.  We request that Mr. Oyenik have all of his medication renewed without interruption**.

Thank you for your attention to these matters.

-Corene

Corene Kendrick, Staff Attorney
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
510.280.2621
[ckendrick@prisonlaw.com](ckendrick@prisonlaw.com)

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.