Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,

Plaintiffs,

v.

Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,

Defendants.

No. CV 12-00601-PHX-DKD

**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE FOR CORIZON HEALTH, INC. TO PARTICIPATE AS *AMICUS CURIAE* (DOC. 2171)**

## INTRODUCTION

Corizon Health, Inc. ("Corizon") cannot have it both ways. The company seeks all of the benefits of participating in this case, without actually being subject to the Court's authority or being bound by the Court's judgments. Such a "litigating *amicus curiae*" status is disfavored by federal courts as a "legal mutant" and an impermissible distortion of the traditional limited role of *amici*. *United States v. State of Mich.*, 940 F.2d 143, 164 (6th Cir. 1991).

Corizon does not seek amicus status solely to file a brief on a discrete legal issue. Rather, it seeks the role of a third-party legal interloper to the action, requesting permission to engage in, *inter alia*, and for an indefinite period, the following activities: "(1) submitting written briefs in support of compliance issues, (2) presenting evidence and witness testimony as appropriate; and (3) cross-examining witnesses . . ." [Doc. 2171 at 2][1] Corizon does not identify the substantive or legal issues on which it seeks to provide information to the Court. The Court cannot and should not write a blank check to the company by allowing it to become a litigating amicus.[2]

Corizon additionally argues it has knowledge and "substantial technical expertise" that could aid the Court in supervising this case, and asserts the company could serve as a source of expert information to the Court. [Doc. 2171 at 2, 6][3] To the extent the Court desires assistance and expertise, the Court should seek such help from ***neutral***, ***independent*** sources, pursuant to Rule 706 of the Federal Rules of Evidence. [*See, e.g.*,

[1] All citations to the docket refer to the page number assigned by the Court's electronic case filing system.

[2] To the extent Corizon wishes to be involved in this litigation because it believes the litigation will have a "direct and potentially significant impact" on it, (Doc. 2171 at 5), the company could have moved to intervene as a party at any time since it assumed the contract in March 2013, but never did so. *See Miller-Wohl Co. v. Comm'r of Labor & Indus., State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) ("Courts have rarely given party prerogatives to those not formal parties. A petition to intervene and its express or tacit grant are prerequisites to this treatment.").

[3] Further, the "substantial technical expertise" Corizon alleges it has is brought into question by the significant and chronic failure to meet straightforward performance measures.

Docs. 2043, 2044, 2045, 2067, 2083, 2084, 2133, 2134, 2138, 2139, 2140] It is absurd that a for-profit entity whose entire corporate existence and financial interest is premised upon maximizing its revenue stream by providing minimal levels of health care to prisoners would argue that it is capable of providing unbiased advice to the Court, when its actions and inactions put the company in direct opposition to the needs and interests of class members. [*See*, *e.g.*, 5/10/17 Tr. at 766:14-17 ("THE COURT: Is it possible that they have made the economic decision that they are better off paying the fine than filling these positions? THE WITNESS: It is."); *see also* 7/13/17 Tr. at 65:10-12 ("I have not been quiet about the sort of mixed motives that are operating here with respect to the contractor.")]

## I. The Court Should Deny Corizon's Request to Take An Ongoing Litigating Role In this Case as an Amicus Curiae

Amicus status is granted only "when the amicus has a special interest in the particular case, that interest is not represented competently or at all in the case, the proffered information is timely and useful, and the amicus is not partial to a particular outcome in the case." 3B C.J.S. Amicus Curiae § 4 (June 2017). Amicus status is limited to the role of submitting a brief or providing limited oral argument to a court on a pending, distinct legal issue, and, "[w]hether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (citations omitted). Notably, amicus status is disfavored if the parties to the proceeding object. *See* 3B C.J.S. Amicus Curiae § 4 (June 2017) (noting that a court should consider "the objections of the parties, and whether the person or organization seeking amicus status is manipulating this role as a substitute for intervention" as a party); *id.* § 5 ("the court lacking the joint consent of the parties should proceed slowly in accepting and even more slowly in inviting an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his or her having a say or unless the court feels that existing counsel may need supplementing assistance").

Corizon meets none of the requirements for traditional amicus status, and it is requesting a status that goes far beyond that of a classic amicus. Here, Corizon does not seek simply to provide a written brief or oral arguments on a distinct legal issue before the court, but rather seeks an opening to insert itself into the parties' litigation. Such a "legal mutant" status of a "litigating amicus curiae" is impermissible, and the Court should deny Corizon's request to crash the party. *Michigan*, 940 F.2d at 164.

The Sixth Circuit's *United States v. State of Michigan* case is instructive, and completely on-point to the matter at hand. The case was brought in 1984 by the United States Department of Justice against the State of Michigan pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997 *et seq.*, alleging that the conditions at multiple state prisons violated the constitutional rights of the incarcerated persons. *Id*. at 145-146. As the CRIPA case was in settlement talks, the ACLU National Prison Project and the ACLU of Michigan (collectively, "the ACLU"), who were representing prisoners in a separate Section 1983 conditions case (*Hadix v. Johnson*, Civ. No. 80-73501 (E.D. Mich.)), requested leave to intervene as an amicus with full litigating rights of a named party. *Id*. at 146. The district court denied the request, but permitted the ACLU a limited amicus status for the purposes of commenting on the proposed consent decree between the federal government and the state. *Id*. A few months later, in June 1984, the ACLU filed a new Section 1983 class action against Michigan prison officials entitled *Knop v. Johnson*, challenging similar conditions at issue in the CRIPA suit. *Id.* at 147 (citing *Knop v. Johnson*, 667 F. Supp. 467 (W.D. Mich. 1987)).

Then, in 1987, after several years of compliance monitoring in the CRIPA case, and over the objections of both the United States and Michigan, the district court conferred "litigating amicus curiae" status in the CRIPA case to the *Knop* plaintiff class (and by extension, their counsel the ACLU). *Id*. at 163; *see United States v. State of Mich*., 116 F.R.D. 655, 660-61 (W.D. Mich. 1987).[4] The Sixth Circuit vehemently

[4] Corizon cites to the Western District of Michigan's 1987 order in support of its position that it similarly be granted litigating amicus curiae status, (*see* Doc. 2171 at 4),

rejected the district court's action, noting that "[t]he creation of this legal mutant [. . .] if accorded precedential viability, will implicate and erode the future core stability of American adversary jurisprudence as we know it today." *Id*. at 164. The Sixth Circuit observed,

> The district court's order has, by extrajudicial edict, impressed upon the United States and Michigan a third-party legal interloper . . . The legal consequence of the district court's order was to achieve, by circumvention, a result that effectively and impermissibly abused all conventional laws and judicial rules of civil practice and procedure for acquiring the status and rights of a named party/real party in interest. . .
>
> [. . .]
>
> The orthodox view of amicus curiae was, and is, that of an impartial friend of the court – not an adversary party in interest in the litigation. [. . .]
>
> Amicus, however, has never been recognized, elevated to, or according the full litigating status of a named party or a real party in interest, and amicus has been consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion. [. . .] Historically, an amicus could not join issues not joined by the parties in interest, [. . .] and was not bound by the judgments in actions in which amicus was permitted to brief or argue.
>
> [. . .]
>
> To condone the fiction of "litigating amicus curiae," in reality an extrajudicial, de facto named party/real party in interest, would extend carte blanche discretion to a trial judge to convert the trial court into a free-wheeling forum of competing special interest groups capable of frustrating and undermining the ability of the named parties/real parties in interest to expeditiously resolve their own dispute and capable of complicating the court's ability to perform its judicial function.

*Id*. at 164-66 (citations omitted); *see also Muñoz v. County of Imperial*, 667 F.2d 811, 816 (9th Cir. 1982) ("the filing of an amicus brief has never been enough to bind a non-party to the result of a proceeding").

Corizon's desire to play a role in the instant case as a litigating *amicus curiae* must

---

but conspicuously fails to note that the Sixth Circuit subsequently rejected the district court's creation of such a beast.

similarly be rejected. Its incomplete list of anticipated activities are precisely those that the Sixth Circuit rejected, including (but not limited to) filing briefs, presenting evidence, and cross-examining the parties' witnesses. [*See* Doc. 2171 at 2]

In support of their proposed role, Defendants cite to *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, where a district court gave the Guidiville Band of Pomo Indians a limited amicus role in a case of one gaming company suing another, alleging tortious interference with its contract with the tribe to build a casino. 335 F. Supp. 2d 1061 (N.D. Cal. 2005). But this case also does not support Corizon's proposed expansive role. Notably, in *NGV Gaming*, the district court rejected the tribe's request that it be allowed to file pleadings, or oppose the parties' briefing. *Id*. at 1068. Upon granting the application, the district court noted that it was taking "this opportunity to remind the Tribe of the limits of amicus participation," notably, that "an amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case. . . .[I]ts participation is restricted to suggestions relative to matters apparent on the record or to matters of practice" and that the tribe would not be bound by any judgments of the district court. *Id*. (citing *Michigan*).

## II.     Corizon Does Not Meet The Test To Be A Traditional Amicus

To the extent the Court is disposed to include Corizon as an amicus, such inclusion must be strictly limited to the traditional status (*i.e.*, filing a brief or offering oral argument on a discrete legal issue) on an issue-by-issue basis. *See* 3B C.J.S. Amicus Curiae § 4, *supra*; *see also Miller-Wohl*, 694 F.2d at 204 (holding that the "classic role" of amici is limited to "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration"). But Corizon does not even meet the test for a classical or traditional amicus role here.

### A.     Corizon, as an Agent of Defendants, Does Not Have a Separate or Distinct Interest in the Case From Defendants.

Defendants are bound by the Stipulation to provide health care to Plaintiffs pursuant to its requirements and the U.S. Constitution. How Defendants choose to meet

the obligation—whether through Corizon or other agents and subcontractors—is their business. Defendants chose to fulfill the duty by hiring Corizon to provide health care to Plaintiffs. Therefore, for purposes of the Plaintiffs' and Court's interest that Defendants comply with the Stipulation, Corizon does not have an interest in this case distinct or different from Defendants. The company also cannot assert it is impartial to a particular outcome in the case, as under its contractual relationship to Defendants, the outcome Defendants seek is one and the same with Corizon's desired outcome.

Rather, Corizon simply is the vehicle by which Defendants are attempting to achieve compliance, no different than any other agent or employee of ADC. Corizon argues that its interest is based upon the fact that "decisions of this Court pertaining to compliance, monitoring and enforcement will have a direct and potentially significant impact" upon it, (Doc. 2171 at 5); yet by that logic, the Court's decisions potentially have a direct and/or significant impact upon many or all other agents, contractors, or employees of ADC, and the Court would not seriously countenance allowing every nurse, correctional officer, or private vendor to participate in the case.

Corizon further offers no evidence that its interests in the case, or its interest in the outcome, which are identical to and derive from Defendants' interests in the case, are not being represented competently or at all in the case. Having failed to make these required showings, their request for amicus status should be denied.

### B. Corizon Has Not Specified What Useful or Timely Information or Legal Argument It Would Provide to the Court

Corizon offers its sales pitch about how many prisons and jails it operates in around the country, (*see* Doc. 2171 at 1-2, 5-6), but does not specify what pending legal or factual issues that are before the Court for which it would provide information that could not be brought to the Court's attention by the parties or a neutral Court-appointed expert. Rather, Corizon seeks an open-ended appointment to "generally participate" in the proceedings, "in the form of submitting written briefs, presenting evidence and witness testimony, and cross-examining witnesses on correctional healthcare compliance matters."

[*Id*. at 5] Corizon does not explain what it considers to fall within the rubric of "correctional healthcare compliance," nor does it discuss pending matters on which it can provide assistance, other than the Court's consideration of a Rule 706 expert. [*Id*. at 6]

**CONCLUSION**

For the foregoing reasons, the Court should deny Corizon's request to participate in this case as *amicus curiae*.

Respectfully submitted,

Dated: July 26, 2017

**PRISON LAW OFFICE**

By: *s/ Corene Kendrick*

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com
rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@aclu.org
afettig@aclu.org
vlopez@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email: kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
agerlicher@perkinscoie.com
jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email: jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: *s/ Maya Abela*

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*


**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com

*Attorneys for Defendants*

s/ D. Freouf