FENNEMORE CRAIG, P.C.
Christopher L. Callahan (No. 009635)
Todd Kartchner (No. 021857)
Phillip F. Fargotstein (No. 006679)
2394 East Camelback Road
Suite 600
Phoenix, AZ  85016-3429
Telephone:  (602) 916-5000
Email:  ccallahan@fclaw.com
Email:  tkartchner@fclaw.com
Email:  pfargots@fclaw.com

Attorneys for Corizon Health, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE FOR CORIZON HEALTH, INC. TO PARTICIPATE AS** *AMICUS CURIAE* |

## INTRODUCTION

Plaintiffs' Response seeks to paint Corizon Health, Inc. ("Corizon") as a master puppeteer, seeking to control the Arizona Department of Corrections (the "ADC") through its participation as an amicus.  Their position ignores the realities of this case.

First, Plaintiffs seek to turn back the clock to a time when an amicus was nothing more than a completely disinterred party filing a "traditional" brief.  As Plaintiffs know, that limited view was rejected long ago.  Amicus can and should be used in whatever manner the Court deems appropriate to inform and educate the parties and the Court on the issues before them.

Second, Plaintiffs argue that Corizon is seeking to be appointed as a "litigating

13094424

amicus." In addition to fundamentally misunderstanding what that terms means, Plaintiffs' position overlooks the fact that Corizon cannot serve as a "litigating amicus" because there is no ongoing litigation.

In any event, Plaintiffs' claim that Corizon is attempting to insert itself into the current compliance hearings is at odds with the procedural posture of the case, as Corizon's participation was compelled long before it requested to serve as an amicus.[1] Both Plaintiffs and the ADC have also presented testimony that Corizon, and only Corizon, has portions of the requested information regarding the ability to obtain, track and sort allegedly relevant medical information, the manner in which that information is culled and, in large part, what the underlying data means from a practical sense.[2] Plaintiffs also argued to the Court at the July 13-14 hearing that they needed information on all inmates on psychotropic medication and emphasized that Corizon in California has that type of information. 7/13/17 Hearing Transcript at 16:8-20:22. Plaintiffs cannot demand information from Corizon when it serves their purpose and then protest when Corizon seeks permission to provide that information in a manner that will be meaningful to the Court's overarching purpose – ensuring that the parties' settlement is enforced.

Third, Plaintiffs argue that Corizon's request is vague and does not outline the exact issues it seeks to comment on or participate in. Plaintiffs make this argument for the sole purpose of relying on distinguishable case law barring an amicus from expanding the issues of a litigation outside those presented by the parties. Corizon does not now, nor has it ever, sought to control the scope of the Court's inquiry into the ADC's performance

---

[1] Corizon employees were questioned by the Court during the parties' June 14, 2017 hearing and were set to testify during the parties' evidentiary hearing that took place on July 13-14, 2017. They are now scheduled to appear at the continued August 8-9, 2017 hearing. Further, Plaintiffs recommended to the Court that Chris Tucker, a Corizon employee, be asked to explain an issue relating to Corizon's ability to process certain types of information. 7/13/17 Hearing Transcript at 37:4-17. The Court thereafter did so. 7/13/17 Hearing Transcript at 37:18-23.

[2] Plaintiffs' claims that Corizon cannot provide accurate information is nothing more than a veiled attempt to denounce the existence of for-profit institutions being involved in the corrections system. Plaintiffs' bias against a legally accepted way of providing services to the State prison population is not a basis to reject relevant and competent information.

1 under the settlement. It simply seeks to provide relevant information to ensure that
2 whatever the Court decides, it is able to implement and/or comply with the Court's ruling.

3 Fourth, while criticizing Corizon for trying to ensure that the Court has all the
4 information it needs to make an informed decision, Plaintiffs also complain that Corizon
5 should have moved to intervene as an interested party. As this Court, and Plaintiffs, have
6 already recognized, Corizon may not be under contract with the ADC in the coming years,
7 so its interest is limited to outlining the current realities of the State of Arizona's prison
8 health care system and the implications of any proposed changes to the way in which
9 healthcare is provided. In fact, Plaintiffs have requested that the ADC provide them with
10 information on the status of the ADC's request for proposal ("RFP") process relating to
11 third-party inmate healthcare services because they know that the issue of who will be
12 ADC's healthcare provider in the future is undecided. 7/13/17 Hearing Transcript at 69:1-
13 18.

## LEGAL ARGUMENT

There are no strict prerequisites that must be established to qualify as an amicus. 790 F. Supp. 987, 997 (E.D. Cal. 1991) (citing *United States v. Louisiana*, 751 F. Supp. at 620). Rather, the Court has broad discretionary authority to determine not only whether an amicus should be granted, but the scope of its involvement. *Id.*; *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Johnson v. Robinson*, No. 15-16398, 2017 WL 2378215 (9th Cir. June 1, 2017).

### I. Amicus Participation Is Not Limited To Filing A Brief.

Plaintiffs assert that a "traditional" amicus is limited to entirely neutral third-parties filing a brief. In purported support of that claim, Plaintiffs cite to *United States v. State of Mich.*, 940 F.2d 143, 157 (6th Cir. 1991). Therein, the Sixth Circuit criticized the expanded "litigating amicus" role the amici had been given, which included:

> [A]ll of the participating rights of a named party in interest to the instant controversy, including the right to file pleadings, to compel discovery, to initiate contempt proceedings, to formulate and join issues, to issue and enforce subpoenas, to compel attendance at compliance hearings, and to file motions to modify and amend the consent decree between the named

parties in interest.

*State of Mich.*, 940 F.2d at 147. However, the role of the amicus in that litigation took on many forms, including preceding the designation of "litigating amicus." As noted in *United States v. State of Mich.*, 116 F.R.D. 655, 659 (W.D. Mich. 1987),[3] the case cited in Corizon's response, prior to obtaining the distinction of a "litigating amicus," the *Knop* amicus had been involved as a "***traditional** amicus curiae, i.e.,* with the authority to comment on compliance issues and to offer suggestions to the Court, and with a limited authority to present evidence and to cross-examine witnesses at compliance hearings." *Id*. at 660–61 (emphasis added). In other words, although the district court subsequently expanded the amicus role to be akin to a party to the litigation, it had long before ruled that, even as a traditional amicus, the amici were permitted to do more than just file a brief. The Sixth Circuit's critique was not of this more limited level of participation, but rather that of the much more expansive "litigating amicus" status, effectively inserting the amici as a controlling party.

Plaintiffs also cite to *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061 (N.D. Cal. 2005), *disapproved in later proceedings sub nom. Guidiville Band of Pomo Indians v. NGV Gaming Ltd.*, No. C 04-3955-SC, 2005 WL 5503031 (N.D. Cal. Oct. 19, 2005), *rev'd in part*, *vacated in part*, 531 F.3d 767 (9th Cir. 2008), to assert that a court must narrowly limit an amicus role. As with *United States v. State of Mich.*, *NGV* does not support their position.

There, the Guidiville Band of Pomo Indians (the "Tribe") sought to participate as an amicus in an ongoing litigation, as well as file pleadings and motions and exercise some unspecified level of control over the litigation. *Id*. at 1068. The court noted that, although the Tribe had not been named as a party in the action, it was appropriate to consider its position and its interests in the transactions at issue. *Id*. Its participation,

---

[3] The court's decision in *United States v. State of Mich.*, 116 F.R.D. 655, 659 (W.D. Mich. 1987) was not specifically noted in *United States v. State of Mich.*, 940 F.2d 143, 157 (6th Cir. 1991). Instead, the Sixth Circuit referenced only *United States v. Michigan*, 680 F. Supp. 928 (W.D. Mich.1987), an earlier district court decision.

however, would be limited to addressing issues apparent on the record and would not include filing, for example, oppositions and replies to motions filed by and amongst the parties. *Id*.

Nothing about the court's holding in *State of Mich.* or *NGV* is at odds with Corizon's request. To the contrary, its motion is in line with those holdings, as well as those of numerous other courts allowing amici to take a more active role. In *Hoptowit*, for example, the Department of Justice and United States Attorney for the Eastern District of Washington were appointed as amicus curiae, participating "fully in the discovery, trial, and appeal of [the] case." 682 F.2d at 1260. Because there was no indication that the amicus controlled the litigation, or that the parties were mere "strawmen to confer standing so that amicus could litigate its views," their participation was entirely appropriate. *Id*.

Corizon has no desire to seek "litigating amicus" status, nor has it.[4] First, as noted above, there is no litigation to participate in – the parties are engaged in a compliance proceeding relating to a settled case. 7/13/17 Hearing Transcript at 73:13-24 ("First of all, that's not what the role of an amicus normally" … "I agree, but this is not an [sic] usual case. This is not an ongoing litigation."). Corizon is not seeking to issue discovery, file pleadings, compel witnesses or other similar activities, nor is it merely a strawman for the ADC. To the contrary, the ADC is steering the ship. Corizon seeks only to participate to the extent its experience in the field and understanding of the industry can shed light on the issues being considered by the Court (something the Court has already expressed an interest in) and can provide context for some of the issues experienced while implementing the ADC's corrective plans of action. 7/14/17 Hearing Transcript at

---

[4] Although Plaintiffs also assert that if Corizon wanted to participate in this matter, it should have sought to intervene as a party, that proposition has already been dismissed by the Court. 7/13/17 Hearing Transcript at 73:14-16 ("If Corizon wants to be part of this they should properly file a notice to intervene as a party defendant"), 74:1-6 ("This is a settled case with a stipulation of two parties where you have somebody who is not having to worry that there may be a judgment in the case that could adversely affect their interest. They are worried, perhaps, about some other issues that can arise from time to time.").

1  211:22-212:8 ("And that requires me to make some decisions that need to be well-
2  informed. And they can only be well informed if I hear from [Corizon employees], and
3  that's why we go through this process of understanding even that [sic] its an imposition on
4  your schedules and a distraction from what you are doing on the ground.").

Because courts regularly allow amicus participation beyond merely filing a brief, Corizon's request to be treated as an amicus for purposes of submitting written briefs on compliance issues, presenting evidence and witness testimony, as appropriate, and cross-examining witnesses, should be granted.

## II.    Corizon Is A Proper Amicus That Can And Will Aid The Court.

Plaintiffs seek to limit the Court's discretion, saying an amicus can only participate in a litigation if it is wholly disinterested and if the brief it intends to file is limited to "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." Response at p. 2, 5 (quoting *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

Numerous courts, including those in the Ninth Circuit, have expanded upon the role of amicus as briefly discussed in *Miller-Wohl*, holding that "[a]n amicus brief should normally be allowed" when, among other considerations, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy,* 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *Northern Sec. Co. v. United States,* 191 U.S. 555, 556 (1903)). There is also "no rule that amici must be totally disinterested." *Miller-Wohl*, 694 F.2d at 204.

Plaintiffs claim that Corizon's interests are identical to those of the ADC and that, therefore, they have nothing of value to add to the proceedings. That is not the test for determining whether an amicus is appropriate. Even if it were, the Court has already recognized that Corizon and the ADC's interests are not identical. The ADC is subject to the settlement, while Corizon is not. Corizon's primary interest is in providing

appropriate care to the prison population, regardless of the settlement terms. In some instances, that goal could be at odds with proposed measures the parties want to take to carry out the settlement, and in other instances those goals may be aligned.

The real relevant question is, does Corizon have unique information that may color the Court's decision in the pending proceeding? The answer is a resounding yes. As noted above, Corizon is the sole healthcare provider working with the prison population on a day-to-day basis. It knows some of the realities of why some facilities are having a more difficult time achieving compliance than others (i.e. resources, infrastructure, personnel changes, etc.) and what alternative measures could be put in place to achieve both Corizon's goals and the goals of the parties to the settlement. Corizon is also the primary source for testimony on the type of health information tracked and how it can be sorted, in addition to providing relevant records.

Corizon has this information not just because it is a large healthcare provider, but because it is the boots on the ground at the facilities subject to the settlement. 7/14/2017 Hearing Transcript at 74:6-13 ("And the thing that makes me think that this is something worth looking at is that it's been obvious to me, and probably to everyone else here, that Corizon is a big player here because they are providing the healthcare. And so I'm interested in efficiencies that occur when people talk with one another."). There is no one better positioned to give the Court some of the information it needs to address settlement compliance.

Because Corizon has unique firsthand information about some of the efforts to ensure compliance, issues relating thereto, and the some of the information available to track the ADC's progress, it more than satisfies the requirements necessary to be appointed an amicus.

## CONCLUSION

Based on the foregoing, and as set forth in its motion, Corizon respectfully requests that it be granted leave to participate as an amicus, including filing briefs on healthcare compliance issues, presenting evidence and cross-examining witnesses, as the Court

deems appropriate, and participating in hearings, so as to aid the Court in the ongoing compliance hearings.

DATED this 1st day of August, 2017.

FENNEMORE CRAIG, P.C.


By *s/ Todd Kartchner*
Christopher L. Callahan
Todd Kartchner
Phillip F. Fargotstein
Attorneys for Corizon Health, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2017, I electronically transmitted the attached Document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:  ahardy@prisonlaw.com

Amelia M. Gerlicher:  agerlicher@perkinscoie.com; ADCketPHX@perkinscoie.com; kleach@perkinscoie.com

Amy B. Fettig:  afettig@npp-aclu.org

Asim Varma:  avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:  cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick: ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:  DBarr@perkinscoie.com; ADCketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:  dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org

Donald Specter:  dspecter@prisonlaw.com

Jessica Pari Jansepar Ross:  jross@azdisabilitylaw.org

John Howard Gray:  jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:  jlwilkes@jonesday.com; dkkerr@jonesday.com

Jose de Jesus Rico:  jrico@azdisabilitylaw.org

Kathleen E. Brody:  kbrody@acluaz.org

Kristin T. Eidenback:  kristin@eidenbachlaw.com

Maya Abela:  mabela@azdisabilitylaw.org

Rose Daly-Rooney: rdalyrooney@azdisabilitylaw.org

Sara Norman:  snorman@prisonlaw.com

Sarah Eve Kader:  skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio:  rlomio@prisonlaw.com

Victoria Lopez:  vlopez@aclu.org

Daniel P. Struck  dstruck@swlfirm.com

1    Kathleen L. Wieneke    kwieneke@swlfirm.com

2    Rachel Love    rlove@swlfirm.com

3    Timothy Bojanowski    tbojanowski@swlfirm.com

4    Nicholas D. Acedo    nacedo@swlfirm.com

5    Ashlee B. Fletcher    afletcher@swlfirm.com

6    Anne M. Orcutt    aorcutt@swlfirm.com

7    Jacob B. Lee    jlee@swlfirm.com

8    Kevin R. Hanger    khanger@swlfirm.com

9    Michael E. Gottfried    Michael.Gottfried@azag.gov

10    Lucy M. Rand    Lucy.Rand@azag.gov

       I hereby certify that on this same date, I served the attached Document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

       N/A

                                             *s/ Jennifer Fortner*