**EXHIBIT 1**

**EXHIBIT 1**

1  Arizona Attorney General Mark Brnovich
   Office of the Attorney General
2  Michael E. Gottfried, Bar No. 010623
   Lucy M. Rand, Bar No. 026919
3  Assistant Attorneys General
   1275 W. Washington Street
4  Phoenix, Arizona 85007-2926
   Telephone: (602) 542-4951
5  Fax: (602) 542-7670
   Michael.Gottfried@azag.gov
6  Lucy.Rand@azag.gov

7  Daniel P. Struck, Bar No. 012377
   Kathleen L. Wieneke, Bar No. 011139
8  Rachel Love, Bar No. 019881
   Timothy J. Bojanowski, Bar No. 22126
9  Nicholas D. Acedo, Bar No. 021644
   Ashlee B. Fletcher, Bar No. 028874
10 Anne M. Orcutt, Bar No. 029387
   Jacob B. Lee, Bar No. 030371
11 STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
12 Chandler, Arizona 85226
   Telephone: (480) 420-1600
13 Fax: (480) 420-1696
   dstruck@swlfirm.com
14 kwieneke@swlfirm.com
   rlove@swlfirm.com
15 tbojanowski@swlfirm.com
   nacedo@swlfirm.com
16 afletcher@swlfirm.com
   aorcutt@swlfirm.com
17 jlee@swlfirm.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-NVW<br><br>**DECLARATION OF RACHEL LOVE** |

I, **RACHEL LOVE**, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2. I am an attorney admitted to practice in the United States District Court, District of Arizona. I am an attorney of record in *Parsons v. Ryan, et al*, 2:12-cv-00601-DKD, representing Defendants.

3. If called as a witness, I will testify competently to the facts stated herein, all of which are within my personal knowledge.

4. I submit this Declaration in compliance with the Court's Order dated July 25, 2017, directing Defendants' counsel to provide a written declaration "describing all steps they took to communicate the Court's verbal orders of July 14, 2017, regarding retaliation to their clients, and to ensure that witnesses' freedom to communicate with the Court is protected." (Doc. 2209 at 4).

5. In so providing this Declaration, Defendants do not waive attorney client privilege as to their past and future specific communications with Defendants' counsel regarding the subject matter referred to herein, such information provided solely to comply with the Court's Order (Doc. 2209 at 4).

6. I participated in the July 14, 2017 evidentiary hearing regarding removal of the HNR boxes, as did Defendants' counsel, Timothy Bojanowski.

7. During the hearing, four ADC inmates testified and expressed concern regarding retaliation for participating in the hearing.

8. Specifically, two inmates expressed subjective concern that their property was rolled up the evening before transport to the Court for testimony in retaliation for participation in the hearing.

9. During the hearing, via protected attorney client privileged communications, I personally communicated (both verbally and via written correspondence) with ASPC-Perryville Warden K. Currier and Deputy Warden of Operations N. Twyford regarding the property roll up allegations. During a break in witness testimony, Defendants' counsel

2

Timothy Bojanowski and I both explained to the Court the circumstance of the property roll up, the normal operations and legitimate penological reason for the same, and assured the Court that the inmates' property would be returned to the inmates without incident upon arrival back to the complex.

10. Further, on July 14, 2017, via written protected attorney client privileged correspondence, I reported the inmates' concerns/allegations of retaliation testified to during the hearing and the Court's position regarding the same to ADC key operations client representatives and ADC General Counsel, B. Keogh, Esq.

11. Moreover, on July 14, 2017, I received protected attorney client privileged correspondence from ADC key operations client representatives confirming that the subject property had been returned to the testifying inmates from ASPC-Perryville, and it had been confirmed through inquiry to the testifying inmates from ASPC-Florence that their property remained intact during their time away from the complex to testify at the hearing.

12. On July 17, 2017, via protected attorney client privileged communication, I personally verbally advised ADC Director C. Ryan (Defendant), ADC key operations client representatives, ADC General Counsel B. Keogh, Esq., and Assistant Attorney General M. Gottfried regarding the inmate testimony related to allegations of retaliation during the July 14, 2017 evidentiary hearing and the Court's position regarding the same.

13. On July 21, 2017, the Court held an emergency hearing to discuss the retaliation allegations advanced by two of the four witnesses who testified at the July 14, 2017 evidentiary hearing that were contained in Plaintiffs' Notice to the Court Re: Harassment and Retaliation Against Class Member Witnesses (Doc. 2190).

14. During the hearing, I personally announced the presence of, and readiness to telephonically testify, a litany of ADC operations witnesses to counter the baseless allegations advanced by Plaintiffs to include, from ASPC-Florence: Warden K. Curran, Deputy Warden of Operations J. Van Winkle, and Deputy Warden J. Mattos; from ASPC-Perryville: Warden K. Currier, Deputy Warden of Operations N. Twyford, and Deputy

Warden E. Oros; Northern Region Operations Director E. Trujillo; and Southern Region Operations Director J. Profiri.

15. Also in attendance for the telephonic emergency hearing were ADC Director C. Ryan (Defendant), ADC Interim Deputy Director G. Lauchner, ADC Division Director Offender Operations C. McWilliams, and ADC General Counsel B. Keogh, Esq.

16. Thus, ADC key operations personnel, as well as ADC Defendant Director C. Ryan, were personally apprised of the Court's verbal orders issued during the hearing and took action to comply with the same.

17. In compliance with the Court's verbal orders issued during the July 21, 2017 emergency hearing, as well as the subsequent written Order issued on July 25, 2017 (Doc. 2209), Defendant ADC Director C. Ryan issued the email communication submitted herewith as Attachment A to ADC staff, Wardens, Deputy Wardens, and Health Services Monitors.

18. Director Ryan's communication directed the recipients to read the attached July 25, 2017 Court Order (Doc. 2209) and directed the recipients to "ensure absolute adherence" to the Order and to "advise all staff that there will be no 'real or perceived' retaliation, intimidation or abuse of any kind toward any inmate." (Attachment A).

19. As advised in Director Ryan's communication, on August 1, 2017, a video conference meeting with ADC operations, prison complex wardens, deputy wardens, and other pertinent staff was conducted to discuss the Court's Order and to ensure compliance with the Order and communication of expectation to all ADC staff.

20. I participated in this meeting, along with Defendants' counsel, Daniel Struck and Timothy Bojanowski, and ADC General Counsel B. Keogh.

21. Lastly, in the normal course of representation, Defendants' counsel provides Defendants, ADC General Counsel B. Keogh, Esq., and ADC key operations client representatives with all Orders issued by the Court in this case, either the day the Court issues the Orders or the morning of the next business day following the issuance of the Court's Order.

4

22. Moreover, Defendant R Pratt and ADC key operations client representatives (Division Director Offender Operations C. McWilliams and Northern Region Operations Director E. Trujillo) regularly attend Court hearings and thus are apprised of the Court's verbal orders issued during the hearings and report the Court's orders back to relevant and key ADC personnel and Defendant Director C. Ryan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2017.

_____
RACHEL LOVE

# ATTACHMENT A

# ATTACHMENT A

## Elaine Percevecz

| | |
|---|---|
| **From:** | RYAN, CHARLES <CRYAN@azcorrections.gov> |
| **Sent:** | Thursday, July 27, 2017 12:16 PM |
| **To:** | Elaine Percevecz; Brad Keogh; Michael E. Gottfried; Lucy Rand; LAUCHNER, GREG; MATTOS, JOHN; MCWILLIAMS, CARSON; TRUJILLO, ERNEST; PROFIRI, JOE; DIAZ, TARA; CURRIER, KIMBERLY; CURRAN, KEVIN; OROS, ELIZABETH; TWYFORD, NORM; PRATT, RICHARD; CAMPBELL, KATHLEEN; TAYLOR, NICOLE; HEADSTREAM, VANESSA; EXEC TEAM; WARDENS |
| **Cc:** | YANEZ, LISA; BERG, LAURIE; Ybarra, Griselda (Griselda.Ybarra@azag.gov); Parsons Team |
| **Subject:** | RE: Parsons - Dkt. 2205 - Minute Entry of July 21, 2017 Emergency Telephonic Hearing re allegations of harassment and retaliation |
| **Attachments:** | 2205 - ME of Emergency Telephonic HR re allegations of harassment and re....pdf; 2209 - ORDER.PDF |

To: ADC Staff, Wardens, Deputy Wardens and Health Services Monitors:

Please read this **ORDER** from Magistrate Judge Duncan. You are to ensure absolute adherence to this **ORDER**.

Within the next few days, I will conduct a video conference meeting with all wardens/deputy wardens/other pertinent staff. This will be one of the topics of conversation. Until then, I expect **ALL** to exercise 'good judgment' and 'common sense' in dealing with the inmate population, specifically about medical, mental health, dental and maximum custody issues. You are to advise **all** staff that there will be no 'real or perceived' retaliation, intimidation or abuse of any kind toward any inmate.

Allow this e-mail message to serve as notice to all ADC employees – please assist in conveying this message.

As the Director of ADC and one of the only two named co-defendants in *Parsons v. Ryan & Pratt*, your **strict adherence** to this message must be fully complied with by **all** employees and **you**! I need your full cooperation, and that of your staff.

As you work to ensure absolute adherence to this **ORDER**, please remember that Magistrate Judge Duncan issued his **ORDER** after hearing only one side of the story, the bare allegations of two inmates. Our attorneys were not given an opportunity to present any evidence—which we have in abundance—to refute the inmates' bare allegations. So, while the **ORDER** states that we "offered no rationale" for what was a legitimate inmate management housing decision, that is because our attorneys were not allowed to offer any evidence in support of that decision. Thankfully, our attorneys ultimately were able to convince Magistrate Judge Duncan to provide us with an evidentiary hearing to present actual evidence to refute the bare allegations of these two inmates. That hearing will happen soon.

While it certainly is disappointing, and even troubling, that Magistrate Judge Duncan issued his **ORDER** before hearing any, let alone all, of the actual evidence, and that he accepted as unalterable truth the bare allegations of two inmates, please know that I and our entire legal team are working

1

closely together to convince Magistrate Judge Duncan to rescind his **ORDER** after listening to ADC's side of the story at the upcoming evidentiary hearing.

Please also know that I recognize and sincerely appreciate the honor and integrity that the thousands of you bring to your challenging jobs every day. You all deserve much better than this preconceived **ORDER** and the jaundiced media reporting of it. Thank you for your devotion and service.

I look forward to the conversation on the video conference in the next few days.

Regards,