**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Antonio Parsons, et al., | No.  CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

The Stipulation includes several performance measures that require an evaluation of whether a certain action has occurred "every X days."  What this means and how to measure it has been a point of contention for a long time.  It appears that the parties have narrowed their disputes to a few remaining issues, all of which are addressed below.

First, it appears that the parties agree that for some performance measures the records available for evaluation may happen to include records that cannot be non-compliant.  Based on the briefing and testimony, it appears that there are technical limitations that prevent the automated creation of a pool of records where there is a possibility of non-compliance.  Although a winnowing of the selection pool via algorithm seems simpler and more accurate, it appears the parties have agreed on the next best thing, namely the monitor's evaluation of records to determine if there is a possibility of non-compliance.  Either way, the Court agrees that the monitor's selection must be random and from a pool of records where there is a possibility of non-compliance.  In

other words, a monitor must evaluate a given performance measure by evaluating only from a set of randomly drawn records that excludes records which cannot be non-compliant.

Moreover, the Court agrees that the CGAR documentation must include two dates: the first date that the required action took place and the second date that the required action took place. The elapsed time between these two dates determines compliance.

It is possible that the monitor will evaluate a record where the required action is overdue but has still not taken place. The monitor must still document two dates. For example, a record shows that the action occurred on April 15, should have occurred again by May 15, but did not occur again until June 3 (or, at the time of the CGAR evaluation, has still not occurred). For the May CGAR, the monitor shall document (a) the April 15 date and (b) either the June 3 date or shall use a placeholder such as 00/00/00 or **/**/** to indicate that the second action has not occurred. In other words, there is no situation where only one date should be included in a CGAR.

The Court expects that, following the clarifications in this Order, there will be no further roadblocks to accurate, precise, and verifiable monitoring of these performance measures. Because of the time-delay in the monitoring process, the Court expects that this methodology will be adopted in full for the June 2017 CGAR results.[1]

**IT IS THEREFORE ORDERED** adopting the Monitoring Guide language proposed by Plaintiffs at Doc. 2128-1. If Plaintiffs wish to expand or modify this language in light of this Order, Plaintiffs must meet and confer with Defendants and may bring any disagreements to the Court's attention by August 8, 2017.

Dated this 4th day of August, 2017.

David K. Duncan
United States Magistrate Judge

---

[1] As stated before on the record, the Court will entertain argument from Defendants that pre-June 2017 CGAR results should be considered accurate.