WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Corizon Health, Inc., the Arizona Department of Corrections' private healthcare contractor, seeks leave to participate as *amicus curiae* in these proceedings concerning ongoing compliance with the parties' Stipulation, asserting that its specific interest and unique perspective can assist the Court (Doc. 2171). The Court denies the motion.

Corizon provides two reasons that support conferral of amicus status: (1) its strong interest in this particular case as ADC's private healthcare contractor and (2) its broad technical expertise on providing correctional healthcare. If granted amicus status, Corizon intends to (1) submit written briefs in support of compliance issues, (2) present evidence and witness testimony, and (3) cross-examine witnesses. Plaintiffs oppose the request, contending that it is not a neutral or disinterested participant and its request is not limited to the role of a traditional *amicus curiae*.

Generally, the purpose of *amicus curiae* is to "provide impartial information on matters of law about which there was doubt, especially in matters of public interest." *Miller–Wohl Co. v. Commissioner of Labor & Indus., State of Montana*, 694 F.2d 203,

1 | 204 (9th Cir.1982). The decision of whether and in what way to grant amicus status to third-parties is governed by broad judicial discretion. *In re Roxford Foods Litigation*, 790 F.Supp. 987, 997 (E.D. Cal. 1991).

Corizon maintains that its interest in *amicus curiae* participation is the general public's concern with this case and its willingness to provide "an independent technical analysis of the mandated performance measures" (Doc. 2171 at 5). But the Court cannot ignore the pervasive conflict of interest that underlies it, even though Corizon is not a named party. The unique posture of this action, and Corizon's explicit desire to present evidence and cross-examine witnesses, would render it less like a traditional *amicus curiae* and indistinguishable from the "litigating *amicus curiae*" described and rejected in *United States v. State of Michigan*, 940 F.2d 143, 164 (6th Cir. 1991).

Moreover, as the Court has remarked there are cross economic currents between ADC and Corizon that have hindered compliance with the Stipulation and which would undermine the neutrality of its participation. If the Court determines that information from Corizon would be useful in achieving compliance with the Stipulation, it will solicit such information on an as-needed basis. This method has worked well thus far in the case, multiple examples of which Corizon cites in its Reply. The Court must be focused on Defendant's failure to comply with the Stipulation. The Arizona Department of Corrections is the obligor, not Corizon. Allowing Corizon to directly address the circumstances affecting the compliance with the Stipulation on a routine basis could well dilute the appropriate focus of this inquiry, namely the ADC's obligation to meet the terms of the Stipulation. For these reasons, while amicus status *can* be conferred on individuals or entities that are not "totally disinterested" from the subject litigation, *Miller-Whol*, 694 F.2d at 204, the Court declines to do so here.

. . .

. . .

. . .

1    **IT IS THEREFORE ORDERED** that Corizon Health, Inc.'s Motion for Leave
2    to Participate as *Amicus Curiae* (Doc. 2171) is **denied**.
3    Dated this 14th day of August, 2017.

_____
David K. Duncan
United States Magistrate Judge