1   Kathleen E. Brody (Bar No. 026331)
    **ACLU FOUNDATION OF ARIZONA**
2   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
3   Telephone: (602) 650-1854
    Email: kbrody@acluaz.org
4
    *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
5   *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
    *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
6   *Desiree Licci, Joseph Hefner, Joshua Polson, and*
    *Charlotte Wells, on behalf of themselves and all others*
7   *similarly situated*
    **[ADDITIONAL COUNSEL LISTED ON**
8   **SIGNATURE PAGE]**

9   Sarah Kader (Bar No. 027147)
    Asim Dietrich (Bar No. 027927)
10  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
11  Phoenix, Arizona 85034
    Telephone: (602) 274-6287
12  Email: skader@azdisabilitylaw.org
            adietrich@azdisabilitylaw.org
13
    *Attorneys for Plaintiff Arizona Center for Disability Law*
14  **[ADDITIONAL COUNSEL LISTED ON**
    **SIGNATURE PAGE]**
15

16              UNITED STATES DISTRICT COURT

17                   DISTRICT OF ARIZONA

18  | Victor Parsons; Shawn Jensen; Stephen Swartz; | No. CV 12-00601-PHX-DKD |
    Dustin Brislan; Sonia Rodriguez; Christina
19  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph        **PLAINTIFFS' STATEMENT**
20  Hefner; Joshua Polson; and Charlotte Wells, on         **REGARDING CONTRACT**
    behalf of themselves and all others similarly           **LAW REMEDIES AND THE**
21  situated; and Arizona Center for Disability Law,        **COURT'S PROPOSED FINE**
                                                            **SCHEDULE**
22                    Plaintiffs,

23          v.

24  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim Division
25  Director, Division of Health Services, Arizona
    Department of Corrections, in their official
26  capacities,

27                    Defendants.

28

1

**INTRODUCTION**

2      The Court invited the parties to brief whether its proposed fine schedule would be

3   better established as a contract law remedy, as opposed to a civil contempt sanction.

4   [Doc. 2236; 8/9/17 Tr. at 74-78]  As explained below, remedies for breach of contract—

5   typically, compensatory damages "as a substitute for performance," *Armstrong v. Irwin*,

6   221 P. 222, 225 (Ariz. 1923)—would not serve the Court's purpose of incentivizing

7   Defendants to perform their agreed-upon obligations under the Stipulation.

8      Instead, the Court should use its civil contempt authority, which is meant to

9   "enforce compliance."  *Spallone v. United States*, 493 U.S. 265, 276 (1990) (internal

10  citation omitted); *see* Doc. 2214 at 16-19 (collecting cases).  As courts have recognized,

11  civil contempt sanctions—including fine schedules—may provide appropriate incentives

12  for institutional reform.[1]

13

**ARGUMENT**

14

**REMEDIES FOR BREACH OF CONTRACT**

15      The Arizona Supreme Court has recognized that "[u]pon the breach of a contract,

16  the party not at fault, ordinarily, has the choice of three remedies":

17

18      (1)   He may rescind, with the usual rights and duties of such
              an action.

19      (2)   He may refuse to recognize the breach and compel its
              performance.

20

21      (3)   He may treat the breach as terminating the contract and
              sue for damages.

22  *Weatherford v. Adams*, 251 P. 453, 455 (Ariz. 1926).

23      "The fundamental principle that underlies the availability of contract damages is

24  that of compensation."  24 Williston on Contracts § 64:1 (4th ed.); *see Higgins v. Guerin*,

25

26      [1] *See, e.g.*, *Kelly v. Wengler*, 822 F.3d 1085, 1093, 1097 (9th Cir. 2016) (noting
    that district court in prison conditions case found defendant in civil contempt and
27  established a fine schedule); *Morales Feliciano v. Rullan*, 378 F.3d 42, 46 (1st Cir. 2004)
    (noting that district court in prison conditions case issued "contempt citations" and
28  "imposed multimillion dollar fines for . . . failures to comply with its directives").

245 P.2d 956, 959 (Ariz. 1952) ("It is the policy of the law in civil cases to award only those damages which will fairly and adequately compensate the injured party."). Contract damages thus are meant to replace—not effectuate—performance of contract obligations. *Weatherford*, 251 P. at 455 (noting that party may "sue for damages" when contract is "terminat[ed]" by breach); *Armstrong*, 221 P. at 225 (noting that liquidated damages are "a substitute for performance").[2]

As a result, a contract damages theory cannot support establishment of the proposed fine schedule. 24 Williston on Contracts § 65:1 (4th ed.) ("a clause that either prevents breach by coercing performance, or that punishes breach after it occurs, is void as a penalty"). The proposed fine schedule is meant not to provide individual compensation for specific lapses in medical care, but instead to allow the Court to enforce the terms of the Stipulation. *See* Doc. 1185 ¶ 36; *Brown v. Plata*, 563 U.S. 493, 511 (2011) ("If government fails to [provide adequate medical care], the courts have a responsibility to remedy the resulting Eighth Amendment violation."); *Parsons v. Ryan*, 754 F.3d 657, 689 (9th Cir. 2014) (noting that this lawsuit involves "a class-wide" remedy, not "individualized" remedies for "each inmate's alleged injury").[3]

---

[2] There is no material distinction between liquidated and actual damages in this context. Both liquidated and actual damages are "compensatory, not punitive." *Dobson Bay Club II DD, LLC v. La Sonrisa de Siena, LLC*, 393 P.3d 449, 451, 452 (Ariz. 2017) (internal quotation marks and citation omitted) (holding that "a liquidated damages provision is enforceable, 'but only at an amount that is reasonable in light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss'" (quoting Restatement (Second) of Contracts § 356(1) (1981)).

A liquidated damages theory also cannot support establishment of the proposed fine schedule in this case because the Stipulation does not include a liquidated damages provision. *United Dairymen of Ariz. v. Schugg*, 128 P.3d 756, 761 (Ariz. Ct. App. 2006) ("The right to recover liquidated damages is limited by the express terms of the parties' agreement.").

[3] This class action thus does not preempt class members' ability to file individual lawsuits to recover damages and obtain other relief related to inadequate medical care. *See Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996) (damages); *Pride v. Correa*, 719 F.3d 1130, 1137-38 (9th Cir. 2013) (injunctive relief).

1    Indeed, even if this were an action for breach of contract, the proper remedy likely
2    would be specific performance.  24 Williston on Contracts § 67:1 ("Specific performance
3    of an agreement may be an appropriate remedy where enforcement of the promise is
4    necessary to avoid injustice."); *The Power P.E.O., Inc. v. Employees Ins. of Wausau*, 38
5    P.3d 1224, 1227-28 (Ariz. Ct. App. 2002) (observing that "[i]njuries remediable only by
6    multiple lawsuits often are irreparable," and that "the legal remedy of monetary damages
7    is not adequate"); 8/9/17 Tr. at 68:16-21 (court noting that determining the "appropriate
8    compensatory amount" would be "very difficult" and necessitate "proving . . . many
9    thousands of incidences and damages caused by it").

10    An order for specific performance, however, would not advance compliance efforts
11    and instead would be duplicative of the Court's past orders finding Defendants
12    substantially noncompliant with the Stipulation and ordering compliance.    [*See*
13    Docs. 1583, 1709, 1754, 2030, 2124]  At most, then, an order for specific performance
14    would be another court order upon which a finding of civil contempt could rest.  *The*
15    *Power P.E.O*, 38 P.3d at 1228 ("courts frequently characterize an injunction preventing a
16    party from breaching a contract as an order for specific performance"); *Hohm Dev. &*
17    *Mgmt., Inc. v. Super. Ct.*, 778 P.2d 1272, 1274 (Ariz. Ct. App. 1989) ("In granting
18    specific performance, the court may order a party to do or not to do something, just as it
19    does when it grants an injunction.").

20                                    **CONCLUSION**

21    Under its civil contempt authority, this Court should order the relief requested in
22    Plaintiffs' Response to June 14, 2017 Order re: Enforcement of the Stipulation's
23    Performance Measures (Doc. 2214), and adopt Plaintiffs' Proposed Findings of Fact and
24    Order (Doc. 2214-1).

25

26

27

28

1   Dated:  August 23, 2017     **PRISON LAW OFFICE**

2

3     By: _ s/ Donald Specter _
Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*

4 Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*

5 Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**

6 1917 Fifth Street
Berkeley, California 94710

7 Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com

8          ahardy@prisonlaw.com
snorman@prisonlaw.com

9          ckendrick@prisonlaw.com
rlomio@prisonlaw.com

10

11 *Admitted *pro hac vice*

12 David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**

13 Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**

14 915 15th Street N.W., 7th Floor
Washington, D.C. 20005

15 Telephone: (202) 548-6603
Email:    dfathi@aclu.org

16          afettig@aclu.org
vlopez@aclu.org

17

18 *Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.

19 **Admitted *pro hac vice*

20 Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**

21 P. O. Box 91398
Tucson, Arizona 85752

22 Telephone:  (520) 477-1475
Email:    kirstin@eidenbachlaw.com

23

24 Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**

25 3707 North 7th Street, Suite 235
Phoenix, Arizona 85013

26 Telephone:  (602) 650-1854
Email:    kbrody@acluaz.org

27

28

LEGAL136698573.1     -4-

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
              agerlicher@perkinscoie.com
              jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1

2

**ARIZONA CENTER FOR DISABILITY LAW**

3

By:   s/ Maya Abela

Sarah Kader (Bar No. 027147)

4

Asim Dietrich (Bar No. 027927)

5025 East Washington Street, Suite 202

5

Phoenix, Arizona 85034

Telephone:  (602) 274-6287

6

Email:     skader@azdisabilitylaw.org

adietrich@azdisabilitylaw.org

7

Rose A. Daly-Rooney (Bar No. 015690)

8

J.J. Rico (Bar No. 021292)

Jessica Jansepar Ross (Bar No. 030553)

9

Maya Abela (Bar No. 027232)

**ARIZONA CENTER FOR**

10

**DISABILITY LAW**

177 North Church Avenue, Suite 800

11

Tucson, Arizona 85701

Telephone:  (520) 327-9547

12

Email:

rdalyrooney@azdisabilitylaw.org

13

jrico@azdisabilitylaw.org

jross@azdisabilitylaw.org

14

mabela@azdisabilitylaw.org

15

*Attorneys for Arizona Center for Disability Law*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that on August 23, 2017, I electronically transmitted the above

3 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4 Notice of Electronic Filing to the following CM/ECF registrants:

5

6                                  Michael E. Gottfried
                                   Lucy M. Rand
7                           Assistant Arizona Attorneys General
                              Michael.Gottfried@azag.gov
8                                 Lucy.Rand@azag.gov

9                                  Daniel P. Struck
                                 Kathleen L. Wieneke
10                                   Rachel Love
                                Timothy J. Bojanowski
11                                 Nicholas D. Acedo
                                  Ashlee B. Fletcher
12                                  Anne M. Orcutt
                                    Jacob B. Lee
13                                 Kevin R. Hanger
                           STRUCK WIENEKE, & LOVE, P.L.C.
14                               dstruck@swlfirm.com
                                 kwieneke@swlfirm.com
15                                 rlove@swlfirm.com
                               tbojanowski@swlfirm.com
16                                nacedo@swlfirm.com
                                 afletcher@swlfirm.com
17                                aorcutt@swlfirm.com
                                   jlee@swlfirm.com
18                                khanger@swlfirm.com

19                              *Attorneys for Defendants*

20                                                  s/ D. Freouf

21

22

23

24

25

26

27

28