Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DEFENDANTS' STATEMENT REGARDING COURT'S CONTEMPT AUTHORITY** |

At the August 9, 2017 Status Hearing, the Court stated it had never contemplated exercising contempt authority when it suggested the $1,000 sanction for each failed performance measure.  (R.T. (amended) 8/9/2017, at 65-66.)  And after reviewing the parties' briefing on the matter, it acknowledged that the sanction would effectively be an exercise of such authority.  (Id. at 68-69.)  So it has inquired as to whether it can order the $1,000 sanction under any other theory.  (See Id. at 69 ["[I]f any party wants to brief the issue about whether there remains some legal power for me aside from contempt to use this mechanism that I previously announced, and that is the thousand dollar fine … I would consider it because it's contrary or it's perhaps news to you that I am thinking of this not within the realm of contempt authority of the Court."].)  However, the Court further indicated that, if no other viable theory exists, it will exercise contempt authority to issue the sanction:

> I'll embark immediately upon the measure that the plaintiffs recommend and that is as a stop-gap measure in case there's no briefing that can give me a comfort level that what I contemplated as permissible. I'll do what the plaintiffs suggested and that is I'll issue an order that will be an order of the Court to comply with the performance measures that I have found to have not been met and that I will warn in that order that the contempt authority of the Court will be exercised and that a penalty will be imposed until it is cured. I'll give the time that plaintiffs recommend through November 15 for the defendants to have an opportunity to cure and give them an opportunity to be heard as to why sanctions should not be imposed.

(Id. at 69-70.)  Before issuing any final order, however, the Court allowed the parties to further brief these issues.  (Id. at 73-74.)

## I.     THE COURT DOES NOT HAVE CONTEMPT AUTHORITY.

Defendants have maintained since the inception of this post-Stipulation litigation that they cannot be held in contempt for failing to comply with the Stipulation.  (See, e.g., Dkt. 1842, 1846, 2228.)  Defendants incorporate those arguments here.  To hold a party in contempt, there must be clear and convincing evidence that it "has violated a court order." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013).   The Stipulation is not a court order.   It is a negotiated

1

settlement agreement voluntarily entered into by the parties. (Dkt. 1185.) *Cf. Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378 (1992) (a consent decree "is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees").

To make clear that the parties were not entering into a judicial consent decree, they: (1) titled the agreement a "Stipulation"; (2) specifically agreed therein that the "Stipulation shall not be construed as a consent decree"; and (3) specifically agreed that the Stipulation "may not be altered or modified, except by a writing signed by all representatives of all parties at the time of modification."  (Dkt. 1185, ¶¶ 4, 35, 40.) Though the parties agreed to allow the Court to enforce the Stipulation "through all remedies provided by law" (Dkt. 1185, ¶ 36), that is all they authorized the Court to do.  It only conferred *jurisdictional* authority to oversee enforcement of the Stipulation "through all remedies *provided by law*." (Emphasis added). *See Christina A. ex. rel Jennifer A. v. Bloomberg*, 315 F.3d 990, 993 (8th Cir. 2003) (holding that the district court's "approval of the settlement agreement does not, by itself, create a consent decree" and that "the district court's enforcement jurisdiction alone is not enough to establish a judicial 'imprimatur' on the settlement contract"). The parties did not confer equitable or contempt authority. *See D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993) (holding that although "the district court retained jurisdiction to enforce the settlement agreement, that was not sufficient to transform the agreement into a court order enforceable through a contempt proceeding"); *Macias v. N.M. Dep't of Labor*, 300 F.R.D. 529, 553 (D.N.M. 2014) ("[V]iolation of a term incorporated into an order is sanctioned using federal contempt of court proceedings; violation of a settlement agreement over which the court has retained jurisdiction is subject to state contract law regarding the prima facie elements, affirmative defenses, and remedies of and for breach of contract.").

The Court also does not have the authority to modify the terms of the Stipulation to either add a $1,000 sanction provision or grant itself contempt authority. *See*

2

1    *Olliver/Pilcher Ins., Inc. v. Daniels*, 715 P.2d 1218, 1221 (Ariz. 1986) ("[T]he court

2    cannot create a new agreement for the parties to uphold the contract."); *Isaak v. Mass.*

3    *Indem. Life Ins. Co.*, 623 P.2d 11, 14 (Ariz. 1981) ("It is not within the power of this court

4    to revise, modify, alter, extend, or remake a contract to include terms not agreed upon by

5    the parties."(Internal quotation marks omitted). A court's equitable power to modify

6    extends only to modifications of consent decrees and court-ordered injunctions. *See*

7    *Horne v. Flores*, 557 U.S. 433, 441 (2009) (involving court-ordered injunction based on

8    liability finding); *Flores v. Huppenthal*, 789 F.3d 994, 998 (9th Cir. 2015) (same); *see*

9    *also Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 372 (1992) (involving consent

10   decree based on liability finding); *United States v. Asarco Inc.*, 430 F.3d 972, 979 (9th

11   Cir. 2005) (same).  It cannot modify a parties' contract; only the parties can.  (Dkt. 1185,

12   ¶ 40.)

13        Furthermore, the Court's proposed $1,000 sanction is an end-run around the

14   express prohibition set forth in the Stipulation.  The Stipulation makes clear that this

15   Court "shall not have the authority to order Defendants to construct a new prison or to hire

16   a specific number or type of staff."  (Dkt. 1185, ¶ 36.)  By imposing a $1,000 per violation

17   sanction, even Plaintiffs admit that the Court would be imposing approximately

18   $2,127,000 as a contempt sanction, and that is for just one month.  (See Doc. 2214 at 11

19   ["In total, the cumulative amount of contempt fines the Court could assess against

20   Defendants for their noncompliance from June 14, 2017 to July 11, 2017 is

21   $2,127,000."].)  That is the substantial equivalent of requiring Defendants to, at a

22   minimum, "hire a specific number or type of staff."

23        This Court has already once rejected Plaintiffs' attempt to unilaterally modify the

24   Stipulation.  (Dkt. 1910.)  The Court also rejected Plaintiffs' request to exercise its

25   "equitable authority" to modify the Stipulation.  (Id.)  That ruling is currently on appeal.

26   *See Parsons v. Ryan*, No. 17-15302 (9th Cir.).  In support of the Court's order rejecting a

27   modification, Defendants have argued that this Court does not have any equitable powers

28   in conjunction with enforcing the terms of the Stipulation.  (Ex. 1:   Excerpts of

3

Defendants' Opening Brief, Doc. 52, pgs. 25-28.) Thus, the Ninth Circuit may very well decide whether or not this Court retained any equitable authority, including contempt authority, as part of its enforcement arsenal.[1]  At a minimum, if the Court is inclined to exercise contempt/equitable authority, it should wait until the Ninth Circuit has decided the issue.

Issuing an order (now) to comply with the terms of the Stipulation—i.e., an order separate and apart from the Stipulation to serve as the basis for contempt if violated—is also something the Court cannot do.  Such an order is not an order to "enforce this Stipulation."  It is an order repeating the terms of the Stipulation.[2]  Nor is it a legal (contractual) remedy.  It also violates the parties' clear intent circumscribing the remedies available and the Court's role in enforcing the Stipulation's terms.  They did not agree to settle this matter with express limited enforcement authority only for the Court to convert that agreement into a consent decree with unlimited authority.  The Court can only order "remedies provided by law"—i.e., contractual remedies. The Court's $1,000-per-violation sanction is not such a remedy.

---

[1] Oral argument has been scheduled for October 18, 2017. (Ex. 2.)

[2] To the extent it would require 100% compliance, it would improperly re-write the terms, which only require 85% compliance. (See Dkt. 1779.)  Though the Court has previously ruled that the Stipulation does require 100% compliance, that ruling is currently being challenged on appeal.  *See Parsons v. Ryan*, No. 16-17282 (9th Cir.).  If the Court is inclined to rely on its prior interpretation of the Stipulation to support a $1,000 sanction, it should wait until the Ninth Circuit has decided the issue. Oral argument has been scheduled for October 18, 2017. (Ex. 2.)

DATED this 23rd day of August 2017.

STRUCK WIENEKE & LOVE, P.L.C.

By /s/Daniel P. Struck
Daniel P. Struck
Kathleen L. Wieneke
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Anne M. Orcutt
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried
Lucy M. Rand
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

1

**CERTIFICATE OF SERVICE**

2

  I hereby certify that on August 23, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

3

4

Alison Hardy:    ahardy@prisonlaw.com

5

Amelia M. Gerlicher:  agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

6

7

Amy B. Fettig:   afettig@npp-aclu.org

8

Asim Varma:    avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

9

Caroline N. Mitchell:  cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

10

11

Corene T. Kendrick:  ckendrick@prisonlaw.com; edegraff@prisonlaw.com

12

Daniel Clayton Barr:  DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

13

David Cyrus Fathi:  dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

14

Donald Specter:   dspecter@prisonlaw.com

15

Jessica Pari Jansepar Ross: jross@azdisabilitylaw.org

16

John Howard Gray:  jhgray@perkinscoie.com; slawson@perkinscoie.com

17

John Laurens Wilkes:  jlwilkes@jonesday.com, dkkerr@jonesday.com

18

Jose de Jesus Rico:  jrico@azdisabilitylaw.org

19

Kathleen E. Brody:  kbrody@acluaz.org

20

Kirstin T. Eidenbach:  kirstin@eidenbachlaw.com

21

Maya Abela    mabela@azdisabilitylaw.org

22

Rose Daly-Rooney:  rdalyrooney@azdisabilitylaw.org

23

Sara Norman:   snorman@prisonlaw.com

24

Sarah Eve Kader:   skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

25

Rita K. Lomio:   rlomio@prisonlaw.com

26

Victoria Lopez:   vlopez@aclu.org

27

28

1

2      I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

3

4      N/A

5                                                    /s/Daniel P. Struck

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28