**Index of Exhibits to Defendants' Statement Regarding Court's Contempt Authority**

Exhibit 1    Excerpts from Defendants-Appellees' Answering Brief (DktEntry: 52)

Exhibit 2    Ninth Circuit Court of Appeals Oral Argument Notice

**EXHIBIT 1**

**EXHIBIT 1**

Nos. 16-17282, **17-15302**, 17-15352 (Consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICTOR ANTONIO PARSONS, et al.,

*Plaintiffs-Appellants,*

v.

CHARLES L. RYAN, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Arizona,
Case No. 2:12-cv-00601-DKD

### DEFENDANTS-APPELLEES'
### ANSWERING BRIEF

| | |
|---|---|
| Mark Brnovich | Daniel P. Struck |
| ARIZONA ATTORNEY GENERAL | Nicholas D. Acedo |
| Michael E. Gottfried | STRUCK WIENEKE & LOVE, P.L.C. |
| Assistant Attorney General | 3100 West Ray Road, Suite 300 |
| 1275 W. Washington Street | Chandler, Arizona 85226 |
| Phoenix, Arizona 85007-2926 | (480) 420-1600 |
| (602) 542-4951 | dstruck@swlfirm.com |
| Michael.Gottfried@azag.gov | nacedo@swlfirm.com |

*Attorneys for Defendants-Appellees*

## II. THE DISTRICT COURT ACTED WELL WITHIN ITS DISCRETION IN REFUSING TO MODIFY THE STIPULATION.

### A. Standard of Review

This Court reviews for an abuse of discretion a district court's denial of a Rule 60(b)(5) motion. *S.E.C. v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001). Though a district court abuses its discretion if "it does not apply the correct law," this Court will "not reverse a district court's exercise of its discretion unless [it has] a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *Id*.

### B. The District Court Does Not Have the Power to Modify the Stipulation.[4]

Plaintiffs contend that Rule 60(b)(5) authorized the district court to modify the Stipulation. (OB at 42.) Rule 60(b)(5), however, "represents a codification of

---

¶ 11; ER 1302-1303, ¶ 14)—cannot be considered to support the district court's interpretation because it contradicts the plain language of the Stipulation. (OB at 36-37.) Consideration of these avowals is not necessary to affirm the district court's ruling because, as discussed above, the plain language of the no-staffing provision and the district court's recollection of the settlement negotiations wholly support that ruling. Nonetheless, this intent evidence does not contradict the plain language of the provision and may be considered. (See Footnote 2, supra.)

[4] Plaintiffs contend the district court "disregarded" this argument below. (OB at 46.) But they acknowledge the district court's order "[a]ssumes that Rule 60(b)(5) relief is not available where parties entered into a settlement agreement." (OB at 43 [citing ER 13 ("The parties agreed to resolve their dispute by a settlement memorialized in the Stipulation.")].) Nonetheless, this Court may affirm on any ground supported by the record, even if the ground is not relied on, or is even rejected by, the district court. *See Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 874 (9th Cir. 1987).

25

preexisting law, recognizing the inherent power of a court sitting in equity to modify its *decrees* prospectively to achieve equity." *S.E.C. v. Worthen*, 98 F.3d 480, 482 (9th Cir. 1996) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 911 F.2d 363, 365 (9th Cir. 1990)) (emphasis added). As Plaintiffs' own authorities confirm, a court's equitable power to modify extends only to modifications of consent decrees and court-ordered injunctions. *See Horne v. Flores*, 557 U.S. 433, 441 (2009) (involving court-ordered injunction based on liability finding); *Flores v. Huppenthal*, 789 F.3d 994, 998 (9th Cir. 2015) (same); *see also Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 372 (1992) (involving consent decree based on liability finding); *United States v. Asarco Inc.*, 430 F.3d 972, 979 (9th Cir. 2005) (same). There is no authority supporting the proposition that the power extends to voluntarily-entered settlement arguments like the Stipulation in this case.

Plaintiffs contend that the district court's equitable power extends to "stipulated injunctions." (OB at 46 [citing *Bellevue Manor Associates v. United States*, 165 F.3d 1249, 1251 (9th Cir. 1999), and *Valdivia v. Schwarzenegger*, 599 F.3d 984, 987 (9th Cir. 2010)]). But those cases involved court-ordered injunctions following findings of liability. *See Bellevue*, 165 F.3d at 1251; *Valdivia v. Brown*, CIV. S-94-671 LKK, 2012 WL 219342, at *1 (E.D. Cal.

26

Jan. 24, 2012).[5] Neither involved a voluntary settlement agreement before a determination of liability. Here, Defendants' obligations under the Stipulation did not result from any finding of wrongdoing or unlawfulness or from a court-ordered injunction. The Stipulation is a negotiated settlement agreement voluntarily entered into by the parties. Thus, the district court did not have the equitable authority to modify it.

Plaintiffs nonetheless argue that the Stipulation has features similar to a consent decree and therefore equitable authority attached. (OB at 46-47.) The record flatly contradicts that argument. A consent decree "is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo*, 502 U.S. at 378. Here, to make clear that the parties were *not* entering into a consent decree, they: (1) titled the agreement a "Stipulation"; (2) specifically agreed therein that the "Stipulation shall not be construed as a consent decree"; and (3) specifically agreed that the Stipulation "may not be altered or modified, except by a writing signed by all representatives of all parties at the time of modification." (ER 19; ER 20, ¶ 4; ER 32, ¶ 35; ER 33, ¶ 40.) These provisions were deliberately included to limit the district court's authority,

---

[5] Plaintiffs also cite *Brown v. Plata*, 563 U.S. 493 (2011), but that case did not involve a court's equitable authority under Rule 60(b)(5) to modify a stipulated injunction. And at least one of the two underlying district court cases involved a "consent decree and stipulated injunction." *Id.* at 514.

27

equitable or otherwise, to enforce and/or modify the Stipulation. (ER 1292, ¶ 8; ER 1292, ¶ 12; ER 1297, ¶ 10; ER 1298, ¶ 12; ER 1302, ¶ 13; ER 1303, ¶ 15.)

Plaintiffs last contend that the district court retained equitable authority to delete the no-staffing provision because the Stipulation "was approved by the district court after a fairness hearing, and was memorialized by the district court's signing of a joint proposed Order," which "expressly reserved jurisdiction to the district court and provided it with plenary remedial powers to enforce the Stipulation, with the exception of ordering prison construction and the staffing limitations at issue here." (OB at 46-47.) This argument is meritless. The district court approved the Stipulation not because it had ordered the parties to prepare an injunction (a precursor to a court-ordered injunction), but because this was a class action and Rule 23(e) therefore required it to. And although the Stipulation and Order Re: Settlement conferred authority on the district court to enforce the Stipulation, it was far from plenary. In fact, both expressly *limited* the district court's authority in one significant respect: "the Court shall not have the authority to order Defendants to … hire a specific number or type of staff." It would be *in*equitable and *un*just to allow the district court to invoke any general authority it might have to remove the bargained-for express limitation on that authority, particularly when the parties further agreed that the Stipulation could not be modified in any way without their approval.

28