**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
CIVIL MINUTES - GENERAL**

Phoenix Division

<u>**CV-12-0601-PHX-DKD**</u>                    DATE: August 24, 2017

Title: <u>Parsons et al</u> vs. <u>Ryan et al</u>
         Plaintiff        Defendants
================================================================

HON:   <u>David K. Duncan</u>           Judge # <u>70BL/DKD</u>

<u>      Caryn Smith           </u>      Charlotte Powers
       Deputy Clerk                   Court Reporter

**APPEARANCES:**
David Fathi, Corene Kendrick, Kirstin Eidenbach and Maya Abela for Plaintiffs
Timothy Bojanowski and Rachel Love for Defendants

================================================================
**PROCEEDINGS:**      <u>  X  </u>**Open Court**      <u>      </u>**Chambers**      <u>      </u> **Other**

This is the time set for Telephonic Status Hearing.  Plaintiffs report that Defendants have not fully responded to Plaintiffs' request for document production as set forth in the Docket at 2227-1, page 24 (requests denominated as items 1-4).  Argument is heard.  IT IS ORDERED Defendants' objections are overruled.  For the reasons set forth on the record the Court will allow every request of Plaintiffs for production and overrule Defendants' objections.  If Defendants identify any material they believe should not be disclosed because of prison security issues, such material shall be submitted to the Court for in camera review.

Further argument is heard.  The Court denies Plaintiffs' request for a declaration regarding the manner and scope of the production as the Court will continue to rely on counsels' professionalism and compliance with ethical and discovery obligations.  IT IS ORDERED Defendants shall produce all responsive items by no later than 9:00 AM on August 30, 2017, either for in camera review or to Plaintiffs.  The reasons for any responsive material not meeting this time deadline must be addressed in a notice filed by this deadline.  IT IS FURTHER ORDERED a proposed witness list for the continued evidentiary hearing set for the second week of September shall be disclosed by no later than September 5, 2017.

The Court is informed the June CGARs have not been produced.  Defendants advise they will make sure they are produced today.  Argument is heard regarding the monitoring methodology of "every X days".  The Court will not ask Defendants to go back and recalculate the June CGARs; the methodology will begin with July and onward without prejudice to Plaintiffs' opportunity to

challenge the prior, uncorrected monitoring results if these results are sought to be used for some purpose in these proceedings.

As to item 5 of Plaintiffs' agenda, Defendants advise that the language has been reworked and the revisions will be produced to Plaintiffs by no later than August 25, 2017.

The Court is informed that Plaintiffs have only received temperature logs from five of the ten facilities that should have been provided and that some of the logs received are incomplete. Discussion is held.  Since Lucy Rand is in charge of providing these logs and has not appeared at this hearing, IT IS ORDERED directing Mr. Bojanowski to communicate with her that she shall respond to Mr. Fathi's emails; further, she is to fully comply with the Court's previous order regarding the temperature logs.

Discussion is held regarding Plaintiffs' upcoming tour of the Perryville facility.  Plaintiffs report that the suicide watch logs which Plaintiffs have requested and which previously have been produced have not been produced incident to this tour.  Discussion is held and the issue is resolved.

Argument is heard regarding Defendants' objection to Plaintiffs' request to hand out business cards and envelopes to their clients during facility tours.  IT IS ORDERED granting the request. Plaintiffs shall produce for inspection at the prison facility tour the cards and envelopes they propose to distribute.  Further argument is heard regarding Defendants' desire for a limitation on the number of envelopes which may be provided to an individual class plaintiff.  IT IS ORDERED Plaintiffs may take as many envelopes as they wish to hand out.

Plaintiffs request that a camera be brought by Defendants to the prison facilities during tours to photograph circumstances requested by Plaintiffs.  Defendants have no objection to providing such.

The Court re-urges the parties to keep the lines of communication open to address issues without the need for Court intervention.

Discussion is held regarding the proposed experts.  Defendants inquire whether there will be further consideration of their proposed expert Mr. Allen.  Court explains that Mr. Millar's experience appeared to be a better fit for the Court's needs and thus it will proceed with Mr. Millar and not Mr. Allen.  Because of a Court technical difficulty the August 24, 2017 teleconference among all counsel and Mr. Millar was not on the record.  In that call the Court provided its broad outline of the scope of work to include proposing solutions to address the inability to fill the many vacant healthcare staff positions that exist notwithstanding the Defendants' decision that they should be filled.  The Court also explained that it would not corral the expert's analysis and expertise with respect to addressing other causes beyond unfilled positions that adversely affect accomplishment of the promised performance measures, but that this would not be the initial primary focus.  In order for Mr. Millar to prepare a scope of work with a proposed budget, the Plaintiffs will provide Defendants with their suggested list of source

documents (to include at least the Stipulation, the Corizon contract and amendments as well as the monthly staffing reports which identify the unfilled positions).  Defendants will then supplement these documents with any they believe are necessary and Mr. Millar will, after receiving these documents, feel free to contact counsel in a joint call with questions and may contact the Court as well if further clarification is needed.  Because time is of the essence all will perform their responsibilities accordingly.

IT IS ORDERED Plaintiffs shall file their Reply to Defendants' Statement Regarding Court's Contempt Authority (Doc. 2241) by no later than August 31, 2017 or notify the Court they are waiving their reply.


Time in court: 59 min (10:00 AM – 10:59 AM)