**Index of Exhibits to the Declaration of Corene Kendrick**

Exhibit 1      12/27/16 Plaintiffs' Notice of Substantial Noncompliance

Exhibit 2      1/31/17 Plaintiffs' Notice of Substantial Noncompliance

Exhibit 3      1/26/17 Defendants' Response to December Notice

Exhibit 4      3/2/17 Defendants' Response to January Notice

Exhibit 5      5/9/17 Letter Memorializing Agreements from May Mediation

Exhibit 6      3/27/17 Plaintiffs' Notice of Noncompliance

Exhibit 7      5/1/17 Defendants' Response to March Notice

Exhibit 8      6/6/17 Letter Memorializing Agreements from June 2, 2017 meet-and-confer

Exhibit 9      8/28/17 Plaintiffs' Notice of Substantial Noncompliance

# Exhibit 1



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Mae Ackerman-Brimberg
Rana Anabtawi
Steven Fama
Alison Hardy
Sia Henry
Corene Kendrick
Rita Lomio
Margot Mendelson
Millard Murphy
Lynn Wu

December 27, 2016

VIA EMAIL ONLY

Ms. Lucy Rand
Office of Arizona Attorney General
1275 W. Washington
Phoenix AZ 85007
Lucy.Rand@azag.gov

RE:     *Parsons v. Ryan*, Civ-12-00601-DKD
        December 2016 Notice of Noncompliance

Dear Ms. Rand,

Pursuant to Paragraph 30 of the Stipulation, we write to inform you that Defendants are in substantial noncompliance with the following 13 performance measures. The exclusion of any other performance measures or prison complexes from this letter does not waive our right to notify you of noncompliance with respect to them in the future.

**Medical Performance Measures**

**PM 35** (All inmate medications (KOP and DOT) will be transferred with and provided to the inmate or otherwise provided at the receiving prison without interruption). Defendants are substantially noncompliant at **Perryville**, as follows:

|            | July | Aug. | Sept. | Oct. |
|------------|------|------|-------|------|
| Perryville | 50   | N/A  | N/A   | 0    |

**PM 40** (Urgent provider referrals are seen by a Medical Provider within 24 hours of the referral). Defendants are substantially noncompliant at **Perryville**, as follows:

|            | July | Aug. | Sept. | Oct. |
|------------|------|------|-------|------|
| Perryville | 100  | 15   | 60    | 100  |

**PM 44** (Inmates returning from an inpatient hospital stay or ER transport with discharge recommendations from the hospital shall have the hospital's treatment recommendations reviewed and acted upon by a medical provider within 24 hours). Defendants are substantially noncompliant at **Phoenix**, as follows:

|         | July | Aug. | Sept. | Oct. |
|---------|------|------|-------|------|
| Phoenix | 50   | 50   | 100   | 75   |

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

**PM 50** (Urgent specialty consultations and urgent specialty diagnostic services will be scheduled and completed within 30 calendar days of the consultation being requested by the provider).  Defendants are substantially noncompliant for PM 50 for October 2016 at **Douglas**, with a compliance rate of 38%.

Defendants also are substantially noncompliant at **Perryville** and **Yuma**, as follows:

|            | July | Aug. | Sept. | Oct. |
|------------|------|------|-------|------|
| Perryville | 93   | 67   | 79    | 63   |
| Yuma       | 86   | 14   | 20    | 100  |

**PM 51** (Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider).  Defendants are substantially noncompliant at **Douglas**, **Perryville**, and **Yuma**, as follows:

|            | July | Aug. | Sept. | Oct. |
|------------|------|------|-------|------|
| Douglas    | 87   | 77   | 74    | 42   |
| Perryville | 72   | 76   | 78    | 66   |
| Yuma       | 89   | 67   | 74    | 66   |

**PM 52** (Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report).  Defendants are substantially noncompliant at **Eyman**, as follows:

|       | July | Aug. | Sept. | Oct. |
|-------|------|------|-------|------|
| Eyman | 76   | 69   | 64    | 58   |

## Dental Performance Measures

**PM 103** (Urgent care wait times, as determined by the contracted vendor, shall be no more than 72 hours from the date the HNR was received).  Defendants are substantially noncompliant at **Safford**, as follows:

|         | July | Aug. | Sept. | Oct. |
|---------|------|------|-------|------|
| Safford | 86   | 44   | 57    | 96   |

## Mental Health Performance Measures

**PM 79** (If a prisoner's mental health treatment plan includes psychotropic medication, the mental health provider shall indicate in each progress note that he or she has reviewed the treatment plan).  Defendants are substantially noncompliant at **Tucson**, with an October 2016 compliance rate of **76%.**

**PM 87** (MH-4 prisoners shall be seen by a mental health clinician for a 1:1 session a minimum of every 30 days).  Defendants are substantially noncompliant at **Eyman**, with a September 2016 compliance rate of **50%.**

Ms. Lucy Rand
*Parsons v. Ryan*
December 2016 Notice of
Substantial Noncompliance
Page 3

**PM 91** (MH-5 prisoners who are actively psychotic or actively suicidal shall be seen by a mental health clinician or mental health provider daily).  Defendants are substantially noncompliant at **Phoenix**, with an October 2016 compliance rate of **33%.**

**PM 94** (All prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse).  Defendants are substantially noncompliant at **Douglas**, with an October 2016 compliance rate of **75%,** and **Phoenix**, with an October 2016 compliance rate of **69%.**

**PM 97** (A mental health provider treating a prisoner via telepsychiatry shall be provided, in advance of the telepsychiatry session, the prisoner's intake assessment, most recent mental health treatment plan, laboratory reports (if applicable), physician orders, problem list, and progress notes from the prisoner's two most recent contacts with a mental health provider).  Defendants are substantially noncompliant at **Phoenix**, with an October 2016 compliance rate of **60%.**

**PM 98** (Mental health HNRs shall be responded to within the timeframes set forth in the Mental Health Technical Manual (MHTM) (rev. 4/18/14), Chapter 2, Section 5.0.).  Defendants are substantially noncompliant at **Douglas**, with an October 2016 compliance rate of **50%,** and **Safford**, with an October 2016 compliance rate of **67%.**

We request that Defendants provide a written response within 30 days of this letter, pursuant to the Stipulation's requirements.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick, Staff Attorney

cc:      Counsel of Record

Exhibit 2

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



January 31, 2017

**BY ELECTRONIC MAIL ONLY**

Lucy Rand
Office of the Arizona Attorney General
1275 West Washington Street
Phoenix, AZ 85007-2926
Lucy.Rand@azag.gov

      Re:   *Parsons v. Ryan*
             **Notice of Substantial Noncompliance**

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

Dear Ms. Rand:

Pursuant to Paragraph 30 of the Stipulation, we write to inform you that Defendants are in substantial noncompliance with the following performance measures. The exclusion of other performance measures or prison complexes from this letter does not waive our right to notify you of noncompliance with respect to them in the future.

**PM 51 - Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider.**

This measure is substantially noncompliant at Douglas, with the following compliance scores: August 77%; September 74%; October 42%; November 63%.

**PM 52 - Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report.**

This measure is substantially noncompliant at Eyman, with the following compliance scores: July 76%; August 69%; September 64%; October 58%; November 70%.

**PM 94 – All prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse.**

This measure is substantially noncompliant at Safford, with the following compliance score: November 50%.

This measure is substantially noncompliant at Yuma, with the following compliance score:  November 67%.

**PM 98 – Mental health HNRs shall be responded to within the timeframes set forth in the Mental Health Technical Manual (MHTM) (rev. 4/18/14), Chapter 2, Section 5.0.**

This measure is substantially noncompliant at Phoenix, with the following compliance score:  November 70%.

We ask that Defendants provide a written response within 30 days of the date of this letter, as required by the Stipulation.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Very truly yours,

David C. Fathi

Cc: All counsel

# Exhibit 3



## STRUCK WIENEKE & LOVE

3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | **480.420.1600** | swlfirm.com

January 26, 2017

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Nicholas D. Acedo
Partner

Amy L. Nguyen
Partner

Tara B. Zoellner
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

***VIA EMAIL ONLY***

Corene Kendrick
Prison Law Office
General Delivery
San Quentin, CA 94964

Re:   *Parsons v. Ryan*, 2:12-cv-00601-DKD
**Defendants' Response to Plaintiffs' December 2016 Notice of Noncompliance**

Dear Corene:

We have reviewed Plaintiffs' December 2016 Notice of Noncompliance alleging that Defendants are in substantial non-compliance with 13 performance measures (PMs) at certain facilities, including PMs 35 (Perryville only), 40 (Perryville only), 44 (Phoenix only), 50 (Perryville and Yuma only), 51 (Douglas, Perryville, and Yuma only), 52 (Eyman only), 103 (Safford only), 79 (Tucson only), 87 (Eyman only), 91 (Phoenix only), 94 (Douglas and Phoenix only), 97 (Phoenix only), and 98 (Douglas and Safford only). We disagree with your assertion that Defendants are in substantial non-compliance with these measures for the reasons stated below.

## Medical Performance Measures

**PM 35 (All inmate medications (KOP and DOT) will be transferred with and provided to the inmate or otherwise provided at the receiving prison without interruption).**

Although Perryville had a 0% compliance rate for this measure in October 2016, there was only one chart applicable for this measure at Perryville that month, and the inmate reviewed did not receive one medication the day she returned from Flamenco to Phoenix. The November 2016 compliance rate for this measure is 100%. In addition this measure is on track to drop off after the second year of the Stipulation. Accordingly, Defendants are not in substantial non-compliance with PM 35 at Perryville, and we ask that you withdraw your notice as to this measure.

Corene Kendrick
January 26, 2017
Page 2

**PM 40 (Urgent provider referrals are seen by a Medical Provider within 24 hours of the referral).**

Plaintiffs point to Perryville's compliance rate of 60% in September 2016 but ignore the fact that Perryville had compliance rates of 100% in both October 2016 and November 2016 for this measure. Moreover, Perryville has exceeded the compliance threshold for all but four months of the monitoring period to date, and this measure is on track to drop off after the second year of the Stipulation. Accordingly, Defendants are not in substantial non-compliance for PM 40 at Perryville, and we ask that you withdraw your notice as to this measure.

**PM 44 (Inmates returning from an inpatient hospital stay or ER transport with discharge recommendations from the hospital shall have the hospital's treatment recommendations reviewed and acted upon by a medical provider within 24 hours).**

Phoenix barely missed the compliance threshold required under the Stipulation for October 2016 with a score of 75%, but had compliance rates of 100% in September 2016 and November 2016. Phoenix has exceeded the compliance threshold for all but four months of the monitoring period to date, and this measure is on track to drop off after the second year of the Stipulation. As such, Defendants are not in substantial non-compliance for PM 44 at Phoenix, and we ask that you withdraw your notice as to this measure.

**PM 50 (Urgent specialty consultations and urgent specialty diagnostic services will be scheduled and completed within 30 calendar days of the consultation being requested by the provider).**

While Douglas had a 38% compliance rate for October 2016, its scores for September 2016 and November 2016 were 100% and 80%, respectively, for this measure. In addition, Douglas has been compliant for this measure for 18 out of 21 months under the Stipulation to date, and this measure is on track to drop off after the second year of the Stipulation. Defendants are not in substantial non-compliance for PM 50 at Douglas, and we ask that you withdraw your notice as to this measure.

While Perryville's compliance rate for October 2016 of 63% was below the threshold provided in the Stipulation, Perryville was compliant for this measure every month for the first 17 months of the Stipulation. Perryville has a new clinical coordinator who has implemented new tracking and tickler processes for outside consults, and it is anticipated that future scores for this measure will reflect compliance at Perryville.

Corene Kendrick
January 26, 2017
Page 3

Plaintiffs focus on Yuma's 20% compliance rate for September 2016, yet they ignore Yuma's 100% compliance rates for both October 2016 and November 2016 for this measure. Yuma has been compliant for this measure for 16 out of the past 21 months, and this measure is on track to drop off after the second year of the Stipulation. As a result, Defendants are not in substantial non-compliance for PM 50 at Yuma, and we ask that you withdraw your notice as to this measure.

**PM 51 (Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider).**

Douglas missed the compliance threshold in October 2016 with a score of 42%, but its November scores, while still below the threshold, increased to 63% in November 2016. Douglas has been compliant with this measure for 17 out of 21 months to date.

Perryville's compliance rate for November 2016 trended upwards, increasing to 74%. Perryville has been compliant with this measure for 16 out of 21 months to date.

While Yuma missed the compliance threshold in October 2016 with a score of 66%, Yuma exceeded the compliance threshold in November 2016 with an 82% compliance rate. Accordingly, Yuma is not in substantial non-compliance for PM 51.

**PM 52 (Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report).**

While Eyman's compliance rate for October 2016 was 58%, its compliance rate for November 2016 improved to 70% for this measure.

**<u>Dental Performance Measures</u>**

**PM 103 (Urgent care wait times, as determined by the contracted vendor, shall be no more than 72 hours from the date the HNR was received).**

Plaintiffs claim that Defendants are substantially non-compliant with this measure at Safford, even though the October 2016 CGARs showed Safford at 96% for this measure, and the November 2016 CGARs showed Safford at 94%. Moreover, this measure has been compliant at Safford for 15 out of 21 months to date and is on track to drop off after the second year of the Stipulation. Clearly, this measure is not substantially non-compliant at Safford, and we request that you withdraw your notice as to this measure.

Corene Kendrick
January 26, 2017
Page 4

**Mental Health Performance Measures**

**PM 79 (If a prisoner's mental health treatment plan includes psychotropic medication, the mental health provider shall indicate in each progress note that he or she has reviewed the treatment plan).**

Defendants barely missed the Stipulation compliance threshold of 80% for this measure at Tucson in the October 2016 CGARs, but reached 100% compliance for this measure in the November 2016 CGARs.  Moreover, this measure has been compliant at Tucson for 17 out of 21 months to date and is on track to drop off after the second year of the Stipulation.  This measure is not substantially non-compliant at Tucson, and we request that you withdraw your notice as to this measure.

**PM 87 (MH-4 prisoners shall be seen by a mental health clinician for a 1:1 session a minimum of every 30 days).**

Defendants have reached 90% compliance for this measure at Eyman in the October 2016 CGARs and 100% compliance in the November 2016 CGARs.  Moreover, this measure has shown a significant trend of improved compliance in the past year, and the 50% compliance figure Plaintiffs point to for September 2016 is clearly an anomaly.  As a result, this measure is not substantially non-compliant at Eyman, and we request that you withdraw your notice as to this measure.

**PM 91 (MH-5 prisoners who are actively psychotic or actively suicidal shall be seen by a mental health clinician or mental health provider daily).**

While Defendants' compliance rate was 33% in the October 2016 CGARs for this measure at Phoenix, this was obviously an outlier, as Defendants' compliance rate was 100% for the previous five months in a row.  Moreover, PM 91 has been compliant at Phoenix for 15 out of 21 months to date.  Defendants are not substantially non-compliant at Phoenix for PM 91, and we request that you withdraw your notice as to this measure.

**PM 94 (All prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends and holidays, by a registered nurse).**

While Douglas barely missed the compliance threshold for this measure in October 2016 with a score of 75%, Douglas has been at 100% compliance with this measure for <u>all</u> other months under the Stipulation, including in the most recent CGARs for November 2016, and this measure is on track to drop off at Douglas

Corene Kendrick
January 26, 2017
Page 5

after the second year of the Stipulation. By identifying measures such as this that have been non-compliant for only one month, Plaintiffs are doing exactly what David Fathi assured the Court during the September 8, 2016 status hearing that Plaintiffs would not do. *See* Transcript of 9/8/2016 status hearing at 31:14-19. Clearly, PM 94 is not in substantial non-compliance at Douglas, and we ask that you withdraw your notice as to this measure.

Phoenix reported 69% for this measure in October 2016, but has been in compliance with this measure for 18 out of 21 months to date, and this measure is on track to drop off at Phoenix after the second year of the Stipulation. Defendants are not in substantial non-compliance at Phoenix for PM 94, and we ask that you withdraw your notice as to this measure.

**PM 97 (A mental health provider treating a prisoner via telepsychiatry shall be provided, in advance of the telepsychiatry session, the prisoner's intake assessment, most recent mental health treatment plan, laboratory reports (if applicable), physician orders, problem list, and progress notes from the prisoner's two most recent contacts with a mental health provider).**

Phoenix just began utilizing telepsychiatry, and the Facility Health Administrator there mistakenly believed that the process was the same as for telemedicine. She has since been educated on the different requirements for telepsychiatry under the Stipulation, and it is anticipated that Phoenix will be in compliance for this measure in future CGARs.

**PM 98 (Mental health HNRs shall be responded to within the timeframes set forth in the Mental Health Technical Manual (MHTM) (rev. 4/18/14), Chapter 2, Section 5.0).**

While Douglas had a 50% compliance rate for this measure in October 2016, it had previously been compliant for this measure <u>every</u> month since the start of the Stipulation, and this measure is on track to drop off at Douglas after the second year of the Stipulation. Defendants are not in substantial non-compliance for PM 98 at Douglas, and we ask that you withdraw your notice as to this measure.

Safford has a compliance rate of 67% for this measure in October 2016, but it had a compliance rate of 100% for <u>all</u> previous months since the start of the Stipulation, and this measure is on track to drop off at Safford after the second year of the Stipulation. As a result, Defendants are not in substantial non-compliance at Safford for PM 98, and we ask that you withdraw your notice as to this measure.

Please advise as to your willingness to withdraw your notice with respect to the measures identified above.

Sincerely,

Corene Kendrick
January 26, 2017
Page 6


                                 Anne M. Orcutt

AMO/
cc:     Counsel of record

# Exhibit 4



STRUCK WIENEKE & LOVE                3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | **480.420.1600** | swlfirm.com

March 2, 2017

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Nicholas D. Acedo
Partner

Amy L. Nguyen
Partner

Tara B. Zoellner
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

**VIA EMAIL ONLY**

David C. Fathi
American Civil Liberties Union
National Prison Project
915 15th St, NW
Washington, DC  20005

   Re: *Parsons v. Ryan*, 2:12-cv-00601-DKD
     Defendants' Response to Plaintiffs' January 31, 2017 Notice of
     Noncompliance

Dear David:

   We have reviewed Plaintiffs' January 31, 2017 Notice of Noncompliance alleging that Defendants are in substantial non-compliance with four performance measures (PMs) at certain facilities, including PM 51 (Douglas only), 52 (Eyman only), 94 (Safford and Yuma only), 98 (Phoenix only).  We disagree with your assertion that Defendants are in substantial non-compliance with PM 94 at Safford and PM 98 at Phoenix as stated below.

<u>**Specialty Consultations Performance Measures**</u>

**PM 51 (Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider).**

   Douglas' score increased to 77% in the December 2016 CGARs for PM 51. The remote location of the Douglas facility presents a challenge when community-based provider consults are necessary. When a provider of choice is not available or no longer accepts incarcerated patients, the time required to locate and schedule an alternate provider can exceed the standards set forth in this measure. The Douglas facility recently had a community-based partner optometrist that temporarily left his practice due to a medical condition. This caused delays in optometry-based consults until an alternate could be identified and was the primary driving force behind the failing scores. In February 2017, the optometrist returned to full service. Corizon has also partnered with the owners of the service to provide a backup optometrist if necessary. Further, the Director of Operations for this facility is in contact with the Corizon corporate group that identifies and engages with partner providers to locate

David C. Fathi
March 2, 2017
Page 2

and contract with primary and backup specialists in multiple disciplines for the Douglas facility.

**PM 52 (Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report).**

Eyman's score increased to 72% in the December 2016 CGARs for PM 52. The providers and the providers' MA have been trained on how to run a report out of the inmate tracking system that displays "consult completed results received" information. The provider or the MA will pull this report each weekday. The provider will review the outside consult notes and then mark in the action taken section of the consult: "consult completed practitioner reviewed." The site administrator and the medical director will also a designate a person to run a weekly consult completed report as a double check system that notes are being reviewed in the seven-day time frame. The site medical director will require integration of this report review into the provider's daily routines and will retrain on the need for documentation.

## Mental Health Performance Measures

**PM 94 (All prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse).**

Safford scored 100% for this measure in the December 2016 CGARs. In addition, Safford has been noncompliant for this measure for only a single month out of the 22 months of monitoring to date under the Stipulation and is on track to drop off after the second year of the Stipulation. Accordingly, Defendants are not in substantial noncompliance with PM 94 at Safford, and we ask that you withdraw your notice as to this measure.

Yuma's compliance score increased to 70% in the December 2016 CGARs from 67% in the November 2016 CGARs. During the time that this measure fell below the compliance threshold, November and December 2016, nursing staff and mental health clinicians were not properly documenting offering the inmates the opportunity to be removed from their cells and escorted to a location with more privacy. Mental Health leadership have educated the staff on the importance of documenting the offer of a confidential setting and the inmate's response in the medical record. Preliminary audit results for January indicate a compliance rate of 87%.

David C. Fathi
March 2, 2017
Page 3

**PM 98 (Mental health HNRs shall be responded to within the timeframes set forth in the Mental Health Technical Manual (MHTM) (rev. 4/18/14), Chapter 2, Section 5.0).**

   Phoenix scored 88% for this measure in the December 2016 CGARs.   In addition, Phoenix has been noncompliant for this measure for only four months out of the 22 months of monitoring to date under the Stipulation and is on track to drop off after the second year of the Stipulation.   Accordingly, Defendants are not in substantial noncompliance with PM 98 at Phoenix, and we ask that you withdraw your notice as to this measure.

   Please advise as to your willingness to withdraw your notice with respect to the measures identified above.

                                   Sincerely,

                                   Anne M. Orcutt

AMO/eap
cc:     Counsel of record

# Exhibit 5

# Eidenbach Law, P.L.L.C.

Kirstin T. Eidenbach, Attorney-at-law (AZ Bar No. 027341)

P.O. Box 91398 • Tucson, AZ 85752 • Phone:  520-477-1475
E-Mail:  kirstin@eidenbachlaw.com

May 9, 2017

Tim Bojanowski

VIA EMAIL

Dear Tim:

This letter memorializes the agreements reached by the Plaintiffs and Defendants (collectively the "Parties") at the mediation held with Judge Bade on May 9, 2017.

## Performance Measures 50 and 51 (Florence, Eyman, and Perryville)

1. Defendants agreed to review and critically assess the utilization management (UM) process and the timeframes for the approval or denial of specialty consult requests at the enumerated facilities, including investigating in which situations verbal authorizations are permissible and are used.

2. Defendants agreed to review the contracts and sub-contracts they have in place for the most frequently used specialty services, looking in particular for multiple contracted vendors to identify where the full list of contractors can be used for overflow situations.

3. Defendants will report these findings to Plaintiffs no later than June 9, 2017.  Unless, based upon the substance and findings of these reports, the Parties disagree about next steps, Defendants will submit a remedial plan to Plaintiffs on June 23, 2017.

## Performance Measure 52 (Florence, Perryville, and Eyman)

1. Defendants agreed to report to Plaintiffs by June 9, 2017 the number of specialty consult reports reviewed by the new "PRN" medical doctors hired for that specific task.

## Performance Measures 91 and 94 (Phoenix and Yuma)

1. Defendants agreed to have Dr. Calcote personally re-train everyone doing watches in Phoenix and Yuma, including providers, regarding the proper documentation to ensure compliance with these performance measures.



2. Defendants also agreed to update Plaintiffs as they are able to fill vacant psychology positions.

<u>Performance Measure 97 (Phoenix)</u>

1. The Parties agreed to continue discussing whether there is a timeframe after which an initial intake assessment would no longer be useful.  The Parties will confer with their experts and then reconvene to negotiate a possible resolution.

Please let me know if you have any questions or changes.

Sincerely,

/Kirstin T. Eidenbach


Kirstin Eidenbach
Attorney/Director

Exhibit 6



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964

Telephone (510) 280-2621 • Fax (510) 280-2704

www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Mae Ackerman-Brimberg
Rana Anabtawi
Steven Fama
Alison Hardy
Sia Henry
Corene Kendrick
Rita Lomio
Margot Mendelson
Millard Murphy
Lynn Wu

March 27, 2017

VIA EMAIL ONLY

Ms. Lucy Rand
Office of Arizona Attorney General
1275 W. Washington
Phoenix AZ 85007
Lucy.Rand@azag.gov

      RE:   *Parsons v. Ryan*, Civ-12-00601-DKD
              March 2017 Notice of Noncompliance

Dear Ms. Rand,

      Pursuant to Paragraph 30 of the Stipulation, we write to inform you that Defendants are in substantial noncompliance with the following performance measures. The exclusion of any other measures or complexes from this letter does not waive our right to notify you of noncompliance with respect to them in the future.

      **PM 6** (*Provider orders will be noted daily with time, date, and name of person taking the orders off*). Defendants are substantially noncompliant at **Eyman**, as follows:

|       | Aug | Sept | Oct | Nov | Dec | Jan |
|-------|-----|------|-----|-----|-----|-----|
| Eyman | 64% | 95%  | 78% | 62% | 76% | 74% |

      **PM 12** (*Medical record will contain documentation of refusals or "no shows"*). Defendants are substantially noncompliant at **Eyman** and **Florence**, as follows:

|          | Aug | Sept | Oct | Nov | Dec | Jan |
|----------|-----|------|-----|-----|-----|-----|
| Eyman    | 12% | 40%  | 50% | 56% | 36% | 66% |
| Florence | 75% | 81%  | 85% | 73% | 59% | 40% |

Board of Directors

Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

Ms. Lucy Rand
*Parsons v. Ryan*
March 2017 Notice of
Substantial Noncompliance
March 29, 2017
Page 2

**PM 15** (*Inmates who refuse prescribed medication (or no show) will be counseled by a QHCP after three consecutive refusals*). Defendants are substantially noncompliant at **Tucson**, with a **December** score of **74%** and January score of **73%**.  Defendants also are substantially noncompliant at **Eyman**, **Florence**, and **Lewis**, as follows:

|          | Aug | Sept | Oct | Nov | Dec | Jan |
|----------|-----|------|-----|-----|-----|-----|
| Eyman    | 22% | 22%  | 25% | 15% | 40% | 13% |
| Florence | 67% | 62%  | 51% | 60% | 58% | 68% |
| Lewis    | 0%  | 5%   | 20% | 85% | N/A | 0%  |

**PM 20** (*Medical AIMs entries are accurately completed within 3 business days from the entry in the medical record*). Defendants are substantially noncompliant at **Eyman**, **Florence**, **Lewis**, **Perryville**, **Phoenix**, and **Tucson**, as follows:

|            | Aug | Sept | Oct | Nov | Dec | Jan |
|------------|-----|------|-----|-----|-----|-----|
| Eyman      | 72% | 80%  | 75% | 79% | 80% | 84% |
| Florence   | 62% | 73%  | 67% | 62% | 64% | 66% |
| Lewis      | 63% | 63%  | 71% | 79% | 55% | 73% |
| Perryville | 50% | 52%  | 67% | 62% | 67% | 76% |
| Phoenix    | 63% | 67%  | 75% | 94% | 77% | 75% |
| Tucson     | 63% | 71%  | 81% | 68% | 67% | 72% |

**PM 24** (*Emergency medical response bags are checked daily, inventoried monthly, and contain all required essential items*).  Defendants are substantially noncompliant at **Eyman**, **Lewis**, and **Tucson**, as follows:

|        | July | Aug | Sept* | Oct* | Nov | Dec  | Jan |
|--------|------|-----|-------|------|-----|------|-----|
| Eyman  | 0%   | 60% | 100%  | 75%  | 60% | 100% | 60% |
| Lewis  | 25%  | 0%  | 25%   | 25%  | 25% | 25%  | 13% |
| Tucson | 30%  | 40% | 50%   | 79%  | 80% | 82%  | 70% |

*These months were calculated using a "partial credit" method the Court ruled did not comply with the "binary" requirements of the Stipulation.*

Ms. Lucy Rand
*Parsons v. Ryan*
March 2017 Notice of
Substantial Noncompliance
March 29, 2017
Page 3

**PM 42** (*A follow-up sick call encounter will occur within the time frame specified by the Medical or Mental Health Provider*).  Defendants are substantially noncompliant at **Lewis**, with a **January** score of **44%**.  Defendants also are substantially noncompliant at **Eyman**, **Florence**, and **Perryville** as follows:

|  | Aug | Sept | Oct | Nov | Dec | Jan |
|---|---|---|---|---|---|---|
| Eyman | 43% | 46% | 40% | 43% | 43% | 50% |
| Florence | 33% | 44% | 60% | 43% | 60% | 31% |
| Perryville | 64% | 80% | 63% | 69% | 80% | 79% |

**PM 49** (*Patients for whom a provider's request for specialty services is denied are told of the denial by a Medical Provider at the patient's next scheduled appointment, no more than 30 days after the denial, and the Provider documents in the patient's medical record the Provider's follow-up to the denial*).  Defendants are substantially noncompliant at **Douglas, Eyman**, **Perryville**, **Phoenix**, and **Tucson** as follows:

|  | July | Aug | Sept | Oct | Nov | Dec | Jan |
|---|---|---|---|---|---|---|---|
| Douglas | 14% | 29% | 20% | 0% | 73% | 80% | 88% |
| Eyman | 30% | 43% | 47% | 50% | 70% | 79% | 56% |
| Perryville | 11% | 17% | 77% | 44% | 64% | 96% | 100% |
| Phoenix | 20% | 67% | 50% | 60% | 55% | 60% | 82% |
| Tucson | 5% | 32% | 51% | 51% | 65% | 56% | 59% |

**PM 51** (*Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider*).  Defendants are substantially noncompliant at **Tucson** with a **December** score of **59%** and **January** score of **76%**.

**PM 55** (*Disease management guidelines will be implemented for chronic diseases*).  Defendants are substantially noncompliant at **Eyman**, as follows:

|  | Nov | Dec | Jan |
|---|---|---|---|
| Eyman | 76% | 74% | 72% |

Ms. Lucy Rand
*Parsons v. Ryan*
March 2017 Notice of
Substantial Noncompliance
March 29, 2017
Page 4

**PM 59** (*Inmates will be screened for TB on an annual basis*). Defendants are substantially noncompliant at **Lewis**, as follows:

|       | Oct | Nov | Dec | Jan |
|-------|-----|-----|-----|-----|
| Lewis | 72% | 82% | 70% | 66% |

**PM 67** (*In an IPC, Registered nurses will conduct and document an assessment at least once every shift. Graveyard shift assessments can be welfare checks*). Defendants are substantially noncompliant at **Lewis** with a **December** score of **70%** and **January** score of **60%**:

**PM 69** (*In an IPC, nursing care plans will be reviewed weekly and documented with a date and signature*). Defendants are substantially noncompliant at Perryville, as follows:

|            | Sept | Oct  | Nov | Dec | Jan |
|------------|------|------|-----|-----|-----|
| Perryville | 40%  | 100% | 94% | 86% | 75% |

**PM 72** (*Inmates who refuse prescribed diets for more than 3 consecutive days will receive follow-up nutritional counseling by a QHCP*). Defendants are substantially noncompliant at **Eyman**, as follows:

|       | Aug | Sept | Oct | Nov | Dec | Jan |
|-------|-----|------|-----|-----|-----|-----|
| Eyman | 50% | 55%  | 53% | 7%  | 29% | 30% |

We request that Defendants provide a written response within 30 days of this letter and that you are available to meet and confer shortly thereafter, pursuant to the Stipulation's requirements.

Sincerely yours,

*/s/ Corene Kendrick*

Corene Kendrick, Staff Attorney

cc:     Counsel of Record

# Exhibit 7



**STRUCK WIENEKE & LOVE**

3100 West Ray Road, Suite 300, Chandler, Arizona 85226 | **480.420.1600** | swlfirm.com

May 1, 2017

Daniel P. Struck
Partner

Kathleen L. Wieneke
Partner

Rachel Love
Partner

Timothy J. Bojanowski
Partner

Christina Retts
Partner

Nicholas D. Acedo
Partner

Tara B. Zoellner
Associate

Ashlee B. Fletcher
Associate

Anne M. Orcutt
Associate

Kevin L. Nguyen
Associate

Jacob B. Lee
Associate

Kevin R. Hanger
Associate

<u>***VIA EMAIL ONLY***</u>
Corene Kendrick
Staff Attorney
PRISON LAW OFFICE
General Delivery
San Quentin, CA  94964

Re:     *Parsons v. Ryan* **– Defendants' Response to Plaintiffs'**
**March 29, 2017 Notice of Noncompliance**

Dear Corene:

We have reviewed Plaintiffs' March 29, 2017 Notice of Noncompliance alleging Defendants are in substantial non-compliance with thirteen performance measures (PMs 6, 12, 15, 20, 24, 42, 49, 51, 55, 59, 67, 69, and 72) at various facilities.  We disagree with your assertion that Defendants are in substantial non-compliance with PM 20 at Tucson and Eyman; PM 42 at Lewis; PM 49 at Douglas, Perryville, and Phoenix; and PM 69 at Perryville.

**PM 6 (*Provider orders will be noted daily with time, date, and name of person taking the orders off*)**

**Eyman:**   Defendants concede this measure is in substantial non-compliance at Eyman.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**PM 12 (*Medical record will contain documentation of refusals or "no shows"*)**

**Eyman:**  Defendants concede this measure is in substantial non-compliance at Eyman.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**Florence:**  Defendants concede this measure is in substantial non-compliance at Florence.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.   Defendants note, however, that Florence scored 83% in February 2017.

Corene Kendrick
May 1, 2017
Page 2

**PM 15:** (*Inmates who refuse prescribed medication (or no show) will be counseled by a QHCP after three consecutive refusals*)

**Eyman:**  Defendants concede this measure is in substantial non-compliance at Eyman.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**Florence:**  Defendants concede this measure is in substantial non-compliance at Florence.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**Lewis:**  Defendants concede this measure is in substantial non-compliance at Lewis.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**PM 20:** (*Medical AIMs entries are accurately completed within 3 business days from the entry in the medical record*)

**Eyman:**  Defendants are not in substantial non-compliance at Eyman as Eyman has not been non-compliant for (1) 7 of 24 months; and (2) three consecutive months are non-complaint.  (Dkt. 2030 at 1).[1]  As such, we ask that you withdraw your notice as to this measure.

**Florence**:  Defendants concede this measure is in substantial non-compliance at Florence.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**Lewis**:  Defendants concede this measure is in substantial non-compliance at Lewis.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**Perryville**:  Defendants concede this measure is in substantial non-compliance at Perryville.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.  Defendants note, however, that Perryville scored 89% in February 2017.

**Phoenix**:  Defendants concede this measure is in substantial non-compliance at Phoenix.  Defendants are working to discover the cause of the non-compliance

---

[1] While the Court's Order cites the Stipulation for the standard to determine non-compliance, it incorrectly states that noncompliance is found if (1) *6 of 24 months* and (2) three consecutive months are non-compliant.  (Dkt. 2030 at 1).  Under the Stipulation, a measure is not substantially non-compliant until it is non-compliant for (1) 7 of 24 months; and (2) three consecutive months.  (Dkt. 1185 at ¶10(b)) Defendants apply the correct standard here when determining whether the measures subject to Plaintiffs' Notice of Non-Compliance are in substantial non-compliance.

Corene Kendrick
May 1, 2017
Page 3

and will develop a remediation plan to fix the deficiencies. Defendants note, however, that Phoenix scored 82% in February 2017.

**Tucson**: Defendants are not in substantial non-compliance at Tucson as Tucson does not meet the definition of substantial non-compliance. (Dkt. 2030 at 1). As such, we ask that you withdraw your notice as to this measure at this facility.

**PM 24:** *(Emergency medical response bags are checked daily, inventoried monthly, and contain all required essential items)*

**Eyman**: Defendants concede this measure is in substantial non-compliance at Eyman. Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies. Defendants note, however, that Eyman scored 100% in February 2017.

**Lewis:** Defendants concede this measure is in substantial non-compliance at Lewis. Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**Tucson**: Defendants concede this measure is in substantial non-compliance at Tucson. Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies. Defendants note, however, that Tucson scored 83% in February 2017.

**PM 42:** *(A follow-up sick call encounter will occur within the time frame specified by the Medical or Mental Health Provider)*

**Lewis:** Defendants are not in substantial non-compliance at Lewis as Lewis does not meet the definition of substantial non-compliance. (Dkt. 2030 at 1). As such, we ask that you withdraw your notice as to this measure at this facility.

**Eyman:** Defendants concede this measure is in substantial non-compliance at Eyman. Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies. Defendants note, however, that Eyman scored 88% in February 2017.

**Florence:** Defendants concede this measure is in substantial non-compliance at Florence. Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**Perryville:** Defendants concede this measure is in substantial non-compliance at Perryville. Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

Corene Kendrick
May 1, 2017
Page 4

**PM 49:**  *(Patients for whom a provider's request for specialty services is denied are told of the denial by a Medical Provider at the patient's next scheduled appointment, no more than 30 days after the denial, and the Provider documents in the patient's medical record the Provider's follow-up to the denial)*

**Douglas:**  Defendants are not in substantial non-compliance at Douglas does not meet the definition of substantial non-compliance.  (Dkt. 2030 at 1).  As such, we ask that you withdraw your notice as to this measure at this facility.

**Eyman**:  Defendants concede this measure is in substantial non-compliance at Eyman.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**Perryville**:  Defendants are not in substantial non-compliance at Perryville as Perryville does not meet the definition of substantial non-compliance.  (Dkt. 2030 at 1).  As such, we ask that you withdraw your notice as to this measure at this facility.

**Phoenix**:  Defendants are not in substantial non-compliance at Phoenix does not meet the definition of substantial non-compliance.  (Dkt. 2030 at 1).  As such, we ask that you withdraw your notice as to this measure at this facility.

**Tucson:**  Defendants concede this measure is in substantial non-compliance at Tucson.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.   Defendants note, however, that Tucson scored 84% in February 2017.

**PM 51:**  *(Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider)*

**Tucson**:  Defendants concede this measure is in substantial non-compliance at Tucson.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.  Defendants note, however, that Tucson scored 83% in February 2017.

**PM 55:**   **(Disease management guidelines will be implemented for chronic disease)**

**Eyman:**  Defendants concede this measure is in substantial non-compliance at Eyman.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**PM 59:**  *(Inmates will be screened for TB on an annual basis)*

**Lewis:**  Defendants concede this measure is in substantial non-compliance at Lewis.   Defendants are working to discover the cause of the non-compliance and

Corene Kendrick
May 1, 2017
Page 5

will develop a remediation plan to fix the deficiencies.  Defendants note, however, that Lewis scored 93% in February 2017.

**PM 67:**  *(In an IPC, registered nurses will conduct and document an assessment at least once every shift)*

**Lewis:**  Defendants concede this measure is in substantial non-compliance at Lewis.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.

**PM 69:**  *(In an IPC, nursing care plans will be reviewed weekly and documented with a date and signature)*

**Perryville:**  While Defendants concede Perryville meets the definition of substantial non-compliance for this measure, Defendants note that Perryville was only non-compliant for three consecutive months from July – September 2015. Indeed, Perryville was only non-compliant three times since March 2016 and received 100% in February 2017.  As such, we ask that you withdraw your notice as to this measure at this facility.

**PM 72:**  *(Inmates who refuse prescribed diets for more than 3 consecutive days will receive follow-up nutritional counseling by a QHCP)*

**Eyman:**  Defendants concede this measure is in substantial non-compliance at Eyman.  Defendants are working to discover the cause of the non-compliance and will develop a remediation plan to fix the deficiencies.  Defendants note, however, that Eyman scored 80% in February 2017.

We request you withdraw your Notice of Non-Compliance with respect to PM 20 at Tucson and Eyman; PM 42 at Lewis; PM 49 at Douglas, Perryville, and Phoenix; and PM 69 at Perryville.

Please provide us with your availability to meet-and-confer on these issues.

Sincerely,

*Ashlee B. Fletcher*

Ashlee B. Fletcher

ABF/eap

cc:   Counsel of Record

# Exhibit 8



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Mae Ackerman-Brimberg
Rana Anabtawi
Steven Fama
Alison Hardy
Sia Henry
Corene Kendrick
Rita Lomio
Margot Mendelson
Millard Murphy
Lynn Wu

VIA EMAIL ONLY

June 6, 2017

Mr. Timothy Bojanowski
Struck Wieneke & Love
3100 West Ray Road, Suite 300
Chandler, AZ 85226
tbojanowski@swlfirm.com

RE:   *Parsons v. Ryan*
Parties' June 2, 2017 Call

Dear Tim,

Thank you for speaking with us on Friday, June 2. I write to memorialize the parties' discussions.  Please advise me immediately if any of this does not comport with your memory.

**Removal of HNR boxes**

We discussed Defendants' plan to remove HNR boxes on all medium and minimum security yards as of June 12, 2017.  We reiterated the concerns that were articulated in our May 17, 2017 letter showing that this will create barriers to care.  Removal of the HNR boxes and requiring prisoners to come to clinics will also eliminate a paper trail regarding medical care, especially when nurse's line is not held.  There will be no record of requests for care that were not addressed.

With regard to the concerns about prisoners who work, as indicated in Defendants' own documents, Mr. Pratt said that a separate time would be set up for those prisoners to come in before or after work, or they can forego working. However, when I asked whether there was any sort of written schedule of these clinic times for workers, he indicated that nothing is written and it is an operational/custodial decision as to when the open clinic occurs, because an officer has to be present.

This lack of specificity and documentation has heightened our concerns with Defendants removing these HNR boxes, and Plaintiffs plan to ask Judge Duncan to resolve this issue.

**Finalization of Monitoring Guide**

**PM 61**

We discussed the parties' positions on the methodology for this measure, as detailed in my May 1, 2017 letter to Anne Orcutt, and her response dated May 17, 2017.  We believe that Defendants' proposed methodology does not comport with the Court's past instructions on this PM.  We will seek the Court's assistance to resolve the issue.

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

**PMs 85, 86**

As we explained, the problem with Defendants' current methodology is that it includes many files that cannot possibly be found noncompliant.  You agreed to review the proposal in Mr. Fathi's June 2 letter, and stated that if we do not reach agreement prior to the June 14 hearing, we will present the issue to Judge Duncan for review.

**PMs 94, 95, 97**

With respect to the required sample size for PM 94, 95, and 97, you similarly agreed to review the proposal in Mr. Fathi's June 2 letter, and we agreed that we will present the issue to Judge Duncan if we do not reach agreement by June 14.

**<u>March 27, 2017 Notice of Noncompliance</u>**

Ms. Fletcher's May 1, 2017 letter conceded that many of the performance measures in our March 27, 2017 notice were substantially noncompliant.  On the call, you conceded substantial noncompliance for additional performance measures.  Kirstin Eidenbach will contact Judge Bade's chambers regarding availability for mediation.

**PM 6**
Eyman (May 1 letter)

**PM 12**
Eyman (May 1 letter)
Florence (May 1 letter)

**PM 15**
Eyman (May 1 letter)
Florence (May 1 letter)
Lewis (May 1 letter)
Tucson (June 2 call)

**PM 20**
Eyman (June 2 call)
Florence (May 1 letter)
Lewis (May 1 letter)
Perryville (May 1 letter)
Phoenix (May 1 letter)
Tucson (June 2 call)

**PM 24**
Eyman (May 1 letter)
Lewis (May 1 letter)
Tucson (May 1 letter)

**PM 42**
Eyman (May 1 letter)
Florence (May 1 letter)
Lewis (June 2 call)

**PM 49**
Douglas (June 2 call)
Eyman (May 1 letter)
Perryville (June 2 call)
Phoenix (June 2 call)
Tucson (May 1 letter)

**PM 51**
Tucson (May 1 letter)

Mr. Timothy Bojanowski
RE: June 2, 2017 Call
June 6, 2017
Page 3

**PM 55**
Eyman (May 1 letter)

**PM 69**
Perryville (June 2 call)

**PM 59**
Lewis (May 1 letter)

**PM 72**
Eyman (May 1 letter)

**PM 67**
Lewis (May 1 letter)

### May 9, 2017 Mediation

At the May 9, 2017 mediation, Defendants agreed to implement various remedial plans for substantially noncompliant performance measures, and to provide an update within 30 days to us. We look forward to receiving that update no later than Friday, June 9.

### Update Regarding Corizon Policy That Prisoners Be Seen Twice on Nurse's Line

As detailed in my May 30, 2017 letter, Defendants failed to provide the Court on May 24 with an update on the status of any possible policy requiring prisoners be seen twice on nurse's line before the patient can be referred to the provider. Ms. Orcutt insisted that since the Court did not explicitly require this information be provided on May 24, as it did with other requested updates, that you didn't have to provide the information then. In any event, you promised that a declaration would be filed with the court early this week. We informed you that we will file a notice with the Court informing it of your failure to abide by its order if the declaration is not filed by Wednesday, June 7.

Thank you for your attention to these matters.

Sincerely,

Corene Kendrick

Corene Kendrick

cc:     Counsel of Record

# Exhibit 9



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964

Telephone (510) 280-2621 • Fax (510) 280-2704

www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Mae Ackerman-Brimberg
Rana Anabtawi
Steven Fama
Alison Hardy
Sia Henry
Corene Kendrick
Rita Lomio
Margot Mendelson
Millard Murphy
Lynn Wu

VIA EMAIL ONLY

August 28, 2017

Ms. Lucy Rand
Office of the Arizona Attorney General
1275 West Washington Street
Phoenix, AZ 85007
Lucy.Rand@azag.gov

>   RE:   *Parsons v. Ryan*, Civ. 12-00601-DKD
>         August 2017 Notice of Noncompliance

Dear Ms. Rand,

   Pursuant to Paragraph 30 of the Stipulation, we write to inform you that Defendants are in substantial noncompliance with the following performance measures.  We look forward to your response within 30 days, and request that Defendants make themselves available for a meet-and-confer and mediation as soon as possible after you provide your response.

   **PM 19** (Eyman, Lewis, Perryville, Phoenix, Tucson): *Perpetual inventory medications will be signed off on the inmate's individual MAR.*

|            | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|------------|------|------|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|------|
| Eyman      | 10   | 14   | 14  | 32   | 34  | 82  | 78  | 82  | 72  | 84  | 78  | 80  | 80   |
| Lewis      | 18   | 7    | 11  | 8    | 26  | 63  | 70  | 65  | 59  | 59  | 61  | 60  | 68   |
| Perryville | 50   | 48   | 48  | 46   | 45  | 84  | 89  | 92  | 87  | 92  | 75  | 100 | 90   |
| Phoenix    | 56   | 44   | 38  | 49   | 51  | 85  | 88  | 83  | 96  | 94  | 81  | 79  | 92   |
| Tucson     | 19   | 16   | 28  | 24   | 29  | 78  | 80  | 80  | 80  | 94  | 83  | 94  | 88   |

   **PM 44** (Winslow):  *Inmates returning from an inpatient hospital stay or ER transport with discharge recommendations from the hospital shall have the hospital's treatment recommendations reviewed and acted upon by a medical provider within 24 hours.*

|         | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|---------|------|------|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|------|
| Winslow | 100  | 67   | N/A | N/A  | 100 | N/A | 71  | 0   | 40  | 100 | 100 | 50  | 75   |

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

**PM 48** (Tucson): *Documentation, including the reason(s) for the denial, of Utilization Management denials of requests for specialty services will be sent to the requesting Provider in writing within fourteen calendar days, and placed in the patient's medical record.*

|        | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|--------|------|------|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|------|
| Tucson | N/A  | 14   | 63  | 82   | 89  | 100 | 89  | 100 | 82  | 25  | 76  | 62  | 25   |

**PM 50** (Tucson): *Urgent specialty consultations and urgent specialty diagnostic services will be scheduled and completed within 30 calendar days of the consultation being requested by the provider.*

|        | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|--------|------|------|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|------|
| Tucson | 78   | 84   | 84  | 81   | 90  | 84  | 94  | 88  | 91  | 80  | 70  | 83  | 86   |

**PM 52** (Phoenix): *Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report.*

|         | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|---------|------|------|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|------|
| Phoenix | 100  | 100  | 100 | 100  | 100 | 92  | 100 | 90  | 100 | 100 | 55  | 70  | 45   |

**PM 67** (Lewis): *In an IPC, Registered nurses will conduct and document an assessment at least once every shift. Graveyard shift assessments can be welfare checks.*

|           | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|-----------|------|------|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|------|
| Florence  | 40   | 60   | 60  | 90   | 99  | 99  | 70  | 90  | 80  | 60  | 90  | 60  | 90   |
| Perryville| 70   | 30   | 63  | 80   | 100 | 100 | 57  | 100 | 100 | 100 | 71  | 100 | 60   |
| Tucson    | 50   | 60   | 70  | 90   | 100 | 99  | 80  | 80  | 20  | 20  | 40  | 0   | 0    |

**PM 73** (Tucson): *All MH-3 minor prisoners shall be seen by a licensed mental health clinician a minimum of every 30 days.*[1]

|        | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|--------|------|------|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|------|
| Tucson | 100  | 90   | 90  | 100  | 100 | 100 | 100 | 100 | 88  | 89  | 63  | 63  | 100  |

**PM 95** (Tucson): *Only licensed mental health staff may remove a prisoner from a suicide or mental health watch. Any prisoner discontinued from a suicide or mental health watch shall be*

---

[1] Defendants also were substantially noncompliant with PM 73 for the months of January-April 2016.

Ms. Lucy Rand
RE: Parsons v. Ryan
August 2017 Notice of Noncompliance
August 28, 2017
Page 3

*seen by a mental health provider, mental health clinician, or psychiatric registered nurse between 24 and 72 hours after discontinuation, between seven and ten days after discontinuation, and between 21 and 24 days after discontinuation of the watch.*

|  | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tucson | 40 | 90 | 100 | 90 | 88 | 100 | 90 | 100 | 90 | 80 | 80 | 80 | 95 |

**PM 96** (Tucson): *A reentry/discharge plan shall be established no later than 30 days prior to release from ADC for all prisoners who are MH-3 or above.*

|  | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tucson | 58 | 98 | 93 | 94 | 97 | 100 | 98 | 98 | 100 | 82 | 79 | 80 | 90 |

**PM 98** (Perryville): *Mental health HNRs shall be responded to within the timeframes set forth in the current Mental Health Technical Manual (MHTM) rev. 4/18/14, Chapter 2, Section 5.0.* [2]

|  | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | June |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Perryville | 59 | 78 | 82 | 88 | 74 | 82 | 81 | 87 | 86 | 85 | 84.85 | 85 | 84 |

Thank you for your attention to this matter.

Sincerely yours,

*Kendrick*

Corene Kendrick, Staff Attorney

cc:     Counsel of Record

---

[2] Defendants also were substantially noncompliant with PM 98 at Perryville for the months of March-May 2016.