Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-DKD <br><br> **DECLARATION OF DAVID C. FATHI** |

LEGAL136715284.1

**I, DAVID C. FATHI, DECLARE:**

1. I am an attorney and the Director of the National Prison Project of the American Civil Liberties Union Foundation ("NPP"). With Donald Specter of the Prison Law Office ("PLO"), I serve as co-lead counsel for the plaintiff class herein.

2. I have been Director of the NPP since 2010; I have also served as a staff attorney and senior staff attorney at the NPP from 1990 to 1993 and 2000 to 2007. From 2007 to 2010 I was Director of the U.S. Program at Human Rights Watch. A copy of my curriculum vitae is attached hereto as **Exhibit A**.

3. I make this Declaration of my personal knowledge and based on a review of the records maintained by my office in the ordinary course of business.

4. The NPP, founded in 1972, is located in Washington, D.C. It is the most experienced group of prisoners' rights litigators in the nation, with more than forty years of litigating prison conditions class actions such as this case.

5. The NPP is one of a handful of offices in the nation that focus on litigating prisoners' rights cases such as this action. Litigating prisoners' rights cases requires specialized knowledge and skills as well as considerable resources. As a result, NPP's assistance as co-counsel is frequently sought by other attorneys around the nation. Federal courts have long recognized the special expertise of NPP staff. *See Palmigiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir. 1983); *Palmigiano v. Garrahy*, 466 F. Supp. 732, 736 (D.R.I. 1979), *aff'd*, 616 F.2d 598 (1st Cir. 1980).

6. The NPP and PLO began investigating conditions of confinement in Arizona state prisons in approximately April of 2011. Since that time, through the filing of this case in 2012 and at every subsequent stage of the litigation, the NPP has maintained a close relationship with our clients, both named plaintiffs and unnamed class members. This relationship has included correspondence, telephone calls, and regular visits to Arizona state prisons. Maintaining this relationship with a class of approximately 34,000 prisoners requires a substantial commitment of time and resources.

LEGAL136715284.1

7. Attached hereto as **Exhibit B** is an itemized report detailing the hours expended on this case by NPP staff for which compensation is sought. This documentation indicates the identity of the biller, time spent on the activity, specific description of the activity, and hourly rate charged by the biller. I have reviewed this documentation and exercised billing judgment, resulting in a reduction of the total amount of fees sought in the instant motion.

8. Attached hereto as **Exhibit C** is an itemized report detailing the expenses incurred by NPP for which reimbursement is sought.

9. In total, NPP seeks compensation for a total of $195,252.50 in attorney fees and $33,824.18 in expenses. All of this time was reasonably and necessarily spent, and all of these expenses were reasonably and necessarily incurred, in enforcing the provisions of the Stipulation in this case.

10. NPP's policy and standard business practice with respect to recording billable time, which it has followed in this case, is for each legal staff member on a daily basis to record the time that he or she spends on a particular task, in increments of one-tenth hour. Each time-keeper enters those hours into NPP's computerized billing system. NPP uses the Timeslips program as its computerized billing system.

11. Consistent with our practice in all cases, NPP staff has made every effort to litigate this case with maximum efficiency. For example, when possible, the NPP has used paralegals to conduct document review and analysis, and law clerks to perform legal research and related tasks, rather than having those tasks performed by lawyers.

12. Below is a listing of the current market rates for all attorneys and other categories of staff who billed time in this matter. For each attorney, the year of graduation from law school is provided.

| Attorney/Staff | Year of Law School Graduation | Hourly Rate |
|---|---|---|
| David Fathi | 1988 | $540 |

| Attorney/Staff | Year of Law School Graduation | Hourly Rate |
|---|---|---|
| Amy Fettig | 2001 | $475 |
| Gabriel Eber | 2004 | $450 |
| Carl Takei | 2007 | $390 |
| Jamelia Morgan | 2013 | $330 |
| Stephanie Madison | 2014 | $320 |
| Samuel Weiss | 2014 | $320 |
| Sarah Goetz | 2015 | $290 |
| Diana Damschroder | 2015 | $290 |
| Paralegals | N/A | $160 |
| Law Clerks | N/A | $160 |

13.     I establish the current market rates for NPP attorneys and staff. To ensure that they are reasonable within the Washington, D.C. market, I refer to the rates determined to be reasonable by the Civil Division of the United States Attorney's Office for the District of Columbia, as set forth in the Laffey Matrix. I attach hereto as **Exhibit D** a copy of the 2015-17 Laffey Matrix (https://www.justice.gov/usao-dc/file/889176/download).

14.     The Laffey Matrix was created by the U.S. Attorney's Office as evidence of Washington, D.C. market rates in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees. The Matrix was originally based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds,* 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). The U.S. Attorney's Office periodically updates the Matrix. The Court of Appeals for the District of Columbia Circuit has stated that parties may rely on the updated Matrix prepared by the United

States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area, and the lower federal courts in the District of Columbia have used this updated Laffey Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See* Exhibit D at n.9.

15. The Laffey Matrix rates are considered extremely conservative by bench and bar alike in Washington, D.C. In the actual legal market in Washington, D.C., lawyers are charging and being paid at rates well above those reflected in the Laffey Matrix.

16. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d), provides for a maximum hourly billing rate for attorneys in cases brought by prisoners. This maximum hourly rate is currently $219. Because the market rates for all attorneys who have billed time on this case exceed $219 per hour, compensation is sought at a rate of $219 per hour for all attorneys. Compensation for paralegals and law clerks is sought at a rate of $160 per hour, consistent with the Laffey Matrix.

17. I personally billed the large majority of NPP's total hours on this case. I was precluded from accepting new, potentially fee-generating work while I worked on this case, and was further precluded from working on other cases in which I am counsel of record.

18. Class action cases on behalf of prisoners are generally considered undesirable even by the civil rights bar, in part because they are so time-consuming and expensive to litigate, and because of the numerous restrictions imposed by the PLRA.

19. NPP's law practice focuses on cases governed by fee-shifting statutes and, accordingly, does not charge clients a surcharge for exceptional results. Indeed, NPP does not bill clients at all.

20. It is NPP's policy and standard business practice, which it has followed in this case, to keep records for reimbursable litigation costs, namely, those that would normally be billed to a paying client, and enter those costs into its computerized billing system, Timeslips.

1  21. NPP's business policy and practice with respect to in-house photocopying, which was followed in this case, is to assign a case code as an internal client billing number in each case, and manually enter this code in the photocopier whenever copies are made for that case. NPP's photocopier requires the entry of a unique case-specific number before any documents can be copied. The copier records monthly totals by case number. The monthly totals are entered into the expense summaries for each case handled in the office. NPP assigned a case code to be used in this case only, and only for copies necessary for and related to the case.

22. NPP has billed photocopies in this case at the rate of 25 cents per copy, a well-established rate for photocopies in the Washington D.C. market, and the rate at which NPP bills photocopies in all its cases.

23. NPP policy and business practice, which was followed in this case, requires that the case code assigned to each litigation matter be used in making long distance calls in connection with this case. NPP's telephone system is programmed so that in order to make a long-distance call a code must be entered.

24. Similarly, NPP policy and business practice, which was followed in this case, requires that the assigned case code be used in all mailings associated with the case, and that those items, and only those items, be entered in the expense report each month. NPP uses an electronic postage machine, which requires unique case codes to print postage.

25. All other expenses for which reimbursement is sought are billed on an at-cost basis.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of August, 2017.

           /s David C. Fathi
           David C. Fathi

LEGAL136715284.1        -5-

| | | |
|---|---|---|
| 1 | **ADDITIONAL COUNSEL:** | David C. Fathi (Wash. 24893)* |
| 2 | | Amy Fettig (D.C. 484883)** <br> Victoria Lopez (Ill. 6275388)* |
| | | **ACLU NATIONAL PRISON** |
| 3 | | **PROJECT** <br> 915 15th Street N.W., 7th Floor |
| 4 | | Washington, D.C. 20005 <br> Telephone: (202) 548-6603 |
| 5 | | Email:    dfathi@aclu.org <br>            afettig@aclu.org |
| 6 | |             vlopez@aclu.org |
| 7 | | *Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal |
| 8 | | courts. <br> **Admitted *pro hac vice* |
| 9 | | |
| 10 | | Daniel C. Barr (Bar No. 010149) <br> Amelia M. Gerlicher (Bar No. 023966) |
| 11 | | John H. Gray (Bar No. 028107) <br> **PERKINS COIE LLP** |
| 12 | | 2901 N. Central Avenue, Suite 2000 <br> Phoenix, Arizona 85012 |
| 13 | | Telephone: (602) 351-8000 <br> Email:    dbarr@perkinscoie.com |
| 14 | |             agerlicher@perkinscoie.com <br>             jhgray@perkinscoie.com |
| 15 | | Kathleen E. Brody (Bar No. 026331) |
| 16 | | **ACLU FOUNDATION OF** <br> **ARIZONA** |
| 17 | | 3707 North 7th Street, Suite 235 <br> Phoenix, Arizona 85013 |
| 18 | | Telephone: (602) 650-1854 <br> Email:    kbrody@acluaz.org |
| 19 | | Donald Specter (Cal. 83925)* |
| 20 | | Alison Hardy (Cal. 135966)* <br> Sara Norman (Cal. 189536)* |
| 21 | | Corene Kendrick (Cal. 226642)* <br> Rita K. Lomio (Cal. 254501)* |
| 22 | | **PRISON LAW OFFICE** <br> 1917 Fifth Street |
| 23 | | Berkeley, California 94710 <br> Telephone: (510) 280-2621 |
| 24 | | Email:    dspecter@prisonlaw.com <br>             ahardy@prisonlaw.com |
| 25 | |             snorman@prisonlaw.com <br>             ckendrick@prisonlaw.com |
| 26 | |             rlomio@prisonlaw.com |
| 27 | | *Admitted *pro hac vice* |
| 28 | | |

| | |
|---|---|
| 1 | Kirstin T. Eidenbach (Bar No. 027341) |
| 2 | **EIDENBACH LAW, PLLC**<br>P. O. Box 91398 |
| 3 | Tucson, Arizona 85752<br>Telephone: (520) 477-1475 |
| 4 | Email:   kirstin@eidenbachlaw.com |
| 5 | Caroline Mitchell (Cal. 143124)*<br>**JONES DAY** |
| 6 | 555 California Street, 26th Floor<br>San Francisco, California 94104 |
| 7 | Telephone: (415) 875-5712<br>Email:   cnmitchell@jonesday.com |
| 8 | *Admitted *pro hac vice* |
| 9 | John Laurens Wilkes (Tex. 24053548)* |
| 10 | **JONES DAY**<br>717 Texas Street |
| 11 | Houston, Texas 77002<br>Telephone: (832) 239-3939 |
| 12 | Email:   jlwilkes@jonesday.com |
| 13 | *Admitted *pro hac vice* |
| 14 | *Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith;* |
| 15 | *Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua* |
| 16 | *Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated* |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com

*Attorneys for Defendants*

Sarah Kader
Asim Dietrich
Rose A. Daly-Rooney
J.J. Rico
Jessica Jansepar Ross
Maya Abela
ARIZONA CENTER FOR DISABILITY LAW
skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

s/ D. Freouf

LEGAL136715284.1                    -8-