1  Kathleen E. Brody (Bar No. 026331)
   **ACLU FOUNDATION OF ARIZONA**
2  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
3  Telephone: (602) 650-1854
   Email: kbrody@acluaz.org
4
   *Attorneys for Plaintiffs Shawn Jensen, Stephen*
5  *Swartz, Sonia Rodriguez, Christina Verduzco,*
   *Jackie Thomas, Jeremy Smith, Robert Gamez,*
6  *Maryanne Chisholm, Desiree Licci, Joseph*
   *Hefner, Joshua Polson, and Charlotte Wells, on*
7  *behalf of themselves and all others similarly*
   *situated*
8  **[ADDITIONAL COUNSEL LISTED BELOW]**
9

10                UNITED STATES DISTRICT COURT

11                    DISTRICT OF ARIZONA

12 | Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-DKD |
   |---|---|
   | Plaintiffs, | **DECLARATION OF DONALD SPECTER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND COSTS** |
   | v. | |
   | Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
   | Defendants. | |

LEGAL136733430.1

I, Donald Specter, declare:

1.  I am an attorney licensed to practice in the State of California, and admitted to this Court *pro hac vice*. I am the Executive Director of the Prison Law Office, and co-lead counsel for the Plaintiffs in this case. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge. I offer this Declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

2.  The Prison Law Office engages in class action and other impact litigation to improve the conditions of prisons and jails for adults and children, represents individual prisoners, educates the public about prison conditions, and provides technical assistance to attorneys throughout the country. I joined the Prison Law Office in 1979, and became its executive director in 1984. I have litigated numerous large-scale prisoner and parolee class actions for the last 30 years, including successfully arguing before the U.S. Supreme Court in *Brown v. Plata*, 563 U.S. 493 (2011) (holding the court mandated population limit for California prisons was necessary to remedy violations of prisoners' constitutional rights to adequate medical and mental health care), and *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998) (unanimously holding the Americans with Disabilities Act applies to state prisoners). Other class action and impact litigation cases brought by myself and the Prison Law Office involving the rights of prisoners include *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992) (action challenging conditions, psychiatric and medical care, and HIV discrimination at California Medical Facility); *Madrid v. Gomez*, 889 F. Supp. 1146 (N.D. Cal. 1995) (action challenging conditions, medical and mental health care, guard brutality, due process, personal safety, and access to law libraries at Pelican Bay State Prison); *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995) (statewide class action on the adequacy of mental health care in California prisons); *Clark v. State of California*, 123 F.3d 1267 (9th Cir. 1997) (statewide class action on behalf of developmentally disabled California prisoners under the Americans with Disabilities Act); *Armstrong v. Wilson*, 124 F.3d 1019 (9th Cir. 1997) (statewide class action on behalf of physically disabled California prisoners under the Americans

1   with Disabilities Act and the Rehabilitation Act); *Plata v. Schwarzenegger,* C-O1-1351
2   TEH (N.D. Cal. 2001) (statewide class action challenging inadequacy of California
3   prisoner health care); *Valdivia v. Davis*, 206 F. Supp. 2d 1068 (E.D. Cal. 2002) (statewide
4   class action challenging the lack of due process in California Board of Prison Terms
5   parole revocation proceedings); *Perez v. Tilton*, C-05-5241 JSW (N.D. Cal. 2006)
6   (statewide class action challenging inadequacy of California prisoner dental care); *Farrell
7   v. Tilton*, Alameda County Sup. Ct. No. 3079344 (2003) (taxpayer action to reform the
8   conditions of confinement for wards under the jurisdiction of the Division of Juvenile
9   Justice [formerly California Youth Authority]); *Hall v. County of Fresno*, No. 1:11-CV-
10  02047-LJO-BAM (E.D. Cal. 2011) (civil rights class action challenging conditions in
11  Fresno County Jails); *Gray v. County of Riverside*, CV13-0444 VAP (C.D. Cal. 2013)
12  (civil rights class action challenging health care at Riverside County jail); *Chavez v.
13  County of Santa Clara*, 15-cv-05277 NJV (N.D. Cal. 2015) (civil rights class action
14  challenging solitary confinement, health care, disability discrimination and use of force at
15  Santa Clara County jails); and *Topete v. County of San Bernardino*,
16  5:16−cv−00355−VAP−DTB (C.D. Cal. 2016) (civil rights class action challenging
17  solitary confinement, health care, disability discrimination and use of force at San
18  Bernardino County jails).

19          3.      Six years ago, the Prison Law Office started representing the class of people
20  who are incarcerated at ADC's state-run prisons.  Since that time, the office has engaged
21  in pre-trial discovery and motion practice, negotiated the Stipulation and once the
22  stipulation was approved by the Court began monitoring and enforcement activities.  We
23  have remained in constant contact with the named plaintiffs and many members of the
24  plaintiff class through individual correspondence, visits, tours and telephone calls.

25          4.      The Prison Law Office has devoted an enormous amount of time and
26  expense enforcing the Stipulation in the face of the constant obstacles erected by the
27  ADC, Corizon and Defendants' counsel.  It is not unusual for pre-judgment cases to be
28  hard fought, but in most cases once there is agreement on a remedy there is often much

1  more cooperation and much less rancor between the parties.  This case is very unusual
2  because the State and its lawyers have failed to cooperate in any meaningful way,
3  necessitating a constant stream of litigation not only to enforce the terms of the Stipulation
4  but to determine the meaning of seemingly innocuous terms.  In my decades of
5  experience, this is probably the hardest fought and most litigated post-judgment prison or
6  jail case that I have encountered.

7        5.      This is not a run-of-the mill case.  It is extremely complex civil litigation.
8  The work in prosecuting this case involves marshalling complex facts, often from dozens
9  of medical records, correspondence with people incarcerated at ADC, preparing expert
10 declarations, filing briefs on enforcement and contempt motions, filing motions to modify
11 the monitoring procedure, participating in mediations, preparing witness for direct
12 testimony, analyzing thousands of pages of documents for cross-examination and exhibits,
13 and keeping up to date on ADC's efforts to comply with 103 performance measures.

14       6.      Each employee of the Prison Law Office who worked on this case
15 maintained contemporaneous records showing the time worked on the case and provided a
16 detailed description of the work.  The office's policy and standard business practice with
17 respect to recording billable time, which it has followed in this case, is for each legal staff
18 member on a daily basis to record the time that he or she spends on a particular task, in
19 increments of one-tenth hour.  Each time-keeper enters those hours into a computerized
20 billing system.  The Prison Law Office uses the Timeslips program as its computerized
21 billing system.  Corene Kendrick at my direction has reviewed each entry and I have
22 reviewed the office's summary of attorney/paralegal time and costs.  The amount claimed
23 comes after exercising billing judgment to exclude hours that were redundant, excessive,
24 or otherwise unnecessary.  I believe that the time claimed is reasonable and fair in light of
25 the enormous obstacles present this hard-fought case and the significant amount of time
26 and resources Plaintiffs' counsel invested in this case, to the exclusion of engaging in
27 other impact litigation.  Attached hereto as **Exhibit A** is a summary of the time spent on
28 this case by each timekeeper.

7. In total, the Prison Law Office seeks compensation for a total of $397,857 in attorney fees and $127,637 in expenses. All of this time was reasonably and necessarily spent, and all of these expenses were reasonably and necessarily incurred, in enforcing the provisions of the Stipulation in this case. Attached hereto as **Exhibit B** is a detailed description of all time which this office is seeking compensation by timekeeper. The time set forth in Exhibits A and B does not include time spent on monitoring activities.

8. We have staffed this case as efficiently as possible. To that end we have contracted with Kirstin Eidenbach, who practices in Tucson, to conduct tours, visit clients, coordinate all prison site visits, and participate in mediations and hearings. Since the scope of prison visits is too much for any one person, attorneys and legal assistants from my office and the National Prison Project usually accompany Ms. Eidenbach.

9. Attached as **Exhibit C** is a detailed description of all costs incurred by the Prison Law Office in litigating post-settlement issues before this Court. This list does not include costs for monitoring activities. It does include costs such as expert fees, out-of-town travel, transcripts, and other expenses that are typically billed to clients.

10. In an attempt to settle the fees and costs sought for the time period of October 2015 through December 2016, I sent an email to Lucy Rand, counsel for defendants. In response, Ms. Rand objected to most of the time claimed by plaintiffs' counsel. Subsequently, I discussed this issue with Dan Struck and Lucy Rand by telephone and tried to come to some agreement on Defendants' objections. At that time, I also made a verbal settlement offer to Defendants. That offer was rejected and a counter-offer was never made. In light of Defendants' responses to our efforts to resolve this issue, it would be futile and time consuming to engage in further settlement discussions for the additional six months of time and costs requested by this motion.

11. The PLRA rate of $219 per hour is far below the market rate for attorneys in the San Francisco Bay Area. The rates we seek (and are paid by the California Department of Corrections and Rehabilitation) for non-PLRA activities, which do not include a surcharge for exceptional results, are as follows:

| Attorney/Staff | Hourly Rate |
|---|---|
| Donald Specter | 950.00 |
| Corene Kendrick | 675.00 |
| Alison Hardy | 780.00 |
| Sara Norman | 790.00 |
| Rita Lomio | 595.00 |
| Mae Ackerman-Brimberg | 425.00 |
| *Paralegals* | 250.00 |

I declare that this declaration was executed under penalty of perjury on August 31, 2017 at Berkeley, California.

    /s Donald Specter
Donald Specter

**ADDITIONAL COUNSEL:**

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com
         rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@aclu.org
afettig@aclu.org
vlopez@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
agerlicher@perkinscoie.com
jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email: kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com

*Admitted *pro hac vice*

| | |
|---|---|
| 1 | John Laurens Wilkes (Tex. 24053548)* |
| 2 | **JONES DAY**<br>717 Texas Street |
| 3 | Houston, Texas 77002<br>Telephone: (832) 239-3939 |
| 4 | Email: jlwilkes@jonesday.com |

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL136733430.1 -7-

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Jacob B. Lee
Kevin R. Hanger
STRUCK WIENEKE, & LOVE, P.L.C.
dstruck@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com

*Attorneys for Defendants*

Sarah Kader
Asim Dietrich
Rose A. Daly-Rooney
J.J. Rico
Jessica Jansepar Ross
Maya Abela
ARIZONA CENTER FOR DISABILITY LAW
skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

s/ D. Freouf