Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
jlee@swlfirm.com
khanger@swlfirm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT REGARDING CONTRACT LAW REMEDIES AND THE COURT'S PROPOSED FINE SCHEDULE (DOC. 2240)** |

The Court invited Plaintiffs to brief whether there was some legal theory "aside from contempt" that would support its proposed $1,000 sanction. (Dkt. 2243 at 69.) In response, Plaintiffs admit there is no other viable theory. (Dkt. 2240.) That should be the end of the matter. If the Court does not have contempt authority, the proposed sanction cannot be imposed. Plaintiffs, however, provide no argument explaining the origin of such authority. The Stipulation is not a consent decree (Dkt. 1842, 1846, 2228, 2241), and it explicitly limits the Court's enforcement authority to legal remedies. (See Dkt. 1185, ¶ 36 ["all remedies provided by law"].) Equitable remedies are not an option. Nor is contempt.

This is what the parties—and Plaintiffs—bargained for. Plaintiffs had the option to either go to trial and attempt to prove their allegations of systemwide constitutional violations *or* enter into a settlement agreement and avoid having to prove them up. Defendants refused to enter into a consent decree. *Compare* 18 U.S.C. § 3626(c)(1); *with* 18 U.S.C. § 3626(c)(2); *see also Benjamin v. Jacobsen*, 172 F.3d 144, 157 (2d Cir. 1999) (explaining how Congress sought to make the PLRA's concepts of consent decrees and private settlement agreements "mutually exclusive"). Had Plaintiffs elected to go to trial and won, the result would have been a judicial decree or court-imposed injunction. The benefit of that outcome and proving a constitutional violation (or a consent decree) is that it is enforceable through contempt. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 518 (1986); *see also Horne v. Flores*, 557 U.S. 433, 441 (2009); *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 372 (1992). But Plaintiffs elected to forego that burden (and potential relief) and instead entered into a settlement agreement, the Stipulation. The tradeoff, however, is that contempt is not an option. Only contractual remedies are available for any breach. *See Hazen ex rel. LeGear v. Reagan*, 208 F.3d 697, 699 (8th Cir. 2000) ("[P]rivate settlements [are] enforceable only through a new action for breach of contract."); *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("An agreement to settle a legal dispute is a contract and its enforceability is governed by familiar principles of contract law."); *Disability Law Ctr. v. Mass. Dep't of Correction*, 960 F.

1

Supp. 2d 271, 284 (D. Mass. 2012) ("A private settlement agreement is generally not subject to judicial enforcement except in an action for breach of contract.").

Plaintiffs cannot now—after foregoing the burden of proving their claims at trial and electing to enter into a private settlement agreement—request equitable or contempt authority, nor can the Court exercise that authority. Though this litigation involves prisoner litigation, the nature of the suit does not confer contempt authority, nor does it authorize coerced performance by any means. *Cf. Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) (prisoner litigation involving invocation of court's "ancillary jurisdiction to enforce the agreement because a breach of the incorporated agreement is a violation of the dismissal order"); *Morales Feliciano v. Rullan*, 378 F.3d 42, 58 (1st Cir. 2004) (prisoner litigation involving a "judicially enforceable consent decree"). Plaintiffs and the Court's enforcement authority are bound by the Stipulation's terms and contractual remedies.[1]

Plaintiffs admit there are only three remedies available: (1) rescission; (2) specific performance; and (3) damages. (Dkt. 2240 at 2.) Plaintiffs do not suggest rescission. *See Bazurto v. Burgess*, 666 P.2d 497, 499 (Ariz. App. 1983) ("A rescission may be effected by applying to the courts for a decree of rescission . . . ."). They do not want specific performance.[2] (See Dkt. 2240 at 4.) And they admit "a contract damages theory cannot

---

[1] As discussed previously, retaining jurisdiction to "enforce" a settlement agreement does not mean that the settlement agreement is somehow transformed into a consent decree and given the consent decree's contempt capability. (Dkt. 2241) *See Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 993 (8th Cir. 2003) (holding that "the district court's enforcement jurisdiction alone is not enough to establish a judicial 'imprimatur' on the settlement contract"); *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993) (holding that although "the district court retained jurisdiction to enforce the settlement agreement, that was not sufficient to transform the agreement into a court order enforceable through a contempt proceeding"); *Macias v. N.M. Dep't of Labor*, 300 F.R.D. 529, 553 (D.N.M. 2014) ("[V]iolation of a term incorporated into an order is sanctioned using federal contempt of court proceedings; violation of a settlement agreement over which the court has retained jurisdiction is subject to state contract law regarding the prima facie elements, affirmative defenses, and remedies of and for breach of contract.").

[2] Specific performance requires satisfying five requirements: (1) there must be a contract; (2) the terms of that contract must be certain and fair; (3) the party seeking specific performance must not have acted inequitably; (4) specific enforcement must not inflict hardship on the other party or public that outweighs the anticipated benefit to the

1 support establishment of the" Court's proposed $1,000 sanction because it is not meant
2 "to provide individual compensation for specific lapses in medical care." (Id. at 2; see
3 also id. at 2 n.2 [acknowledging that the proposed sanction also cannot be supported under
4 a liquated damages theory].) With that, the Court should withdraw its $1,000 sanction
5 proposal.

RESPECTFULLY SUBMITTED this 31st day of August 2017.

STRUCK WIENEKE & LOVE, P.L.C.

By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Fletcher
   Jacob B. Lee
   Kevin R. Hanger
   STRUCK WIENEKE & LOVE, P.L.C.
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

   Arizona Attorney General Mark Brnovich
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

*Attorneys for Defendants*

---

party seeking specific performance; and (5) there must be no adequate remedy at law." *How v. Fulkerson*, 528 P.2d 853, 855 (Ariz. App. 1975). Courts also require that the terms of the contract cannot be indefinite or uncertain. *See* Restatement (Second) of Contracts § 362 (1981) ("[S]pecific performance or an injunction will not be granted unless the terms of the contract are sufficiently certain to provide a basis for an appropriate order."). In other words, the contract must contain "unambiguous terms regarding the 'precise act' that the parties are obligated to perform." *Whitney v. G. Harvey Kennington Revocable Trust*, 62 F. App'x 794 (9th Cir. 2003). Plaintiffs make no attempt to satisfy these elements.

3

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy: ahardy@prisonlaw.com

Amelia M. Gerlicher: agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig: afettig@npp-aclu.org

Asim Varma: avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell: cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick: ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr: DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi: dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter: dspecter@prisonlaw.com

Jessica Pari Jansepar Ross: jross@azdisabilitylaw.org

John Howard Gray: jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes: jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico: jrico@azdisabilitylaw.org

Kathleen E. Brody: kbrody@acluaz.org

Kirstin T. Eidenbach: kirstin@eidenbachlaw.com

Maya Abela: mabela@azdisabilitylaw.org

Rose Daly-Rooney: rdalyrooney@azdisabilitylaw.org

Sara Norman: snorman@prisonlaw.com

Sarah Eve Kader: skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio: rlomio@prisonlaw.com

Victoria Lopez: vlopez@aclu.org

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck