1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF ARIZONA

8   Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-DKD
    Dustin Brislan; Sonia Rodriguez; Christina
9   Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph      **[PROPOSED] ORDER**
10  Hefner; Joshua Polson; and Charlotte Wells, on       **GRANTING PLAINTIFFS'**
    behalf of themselves and all others similarly        **MOTION FOR ATTORNEYS'**
11  situated; and Arizona Center for Disability Law,     **FEES & COSTS**

12                  Plaintiffs,

13         v.

14  Charles Ryan, Director, Arizona Department of
    Corrections; and Richard Pratt, Division Director,
15  Division of Health Services Monitoring Bureau,
    Arizona Department of Corrections, in their official
16  capacities,

17                  Defendants.

18

19         This Court, having reviewed Plaintiffs' Motion for Attorneys' Fees and Costs

20  incurred in enforcing the provisions of the Stipulation through June 30, 2017, hereby

21  **FINDS** that Plaintiffs are entitled to their reasonable fees and costs as prevailing parties

22  under the terms of the Stipulation.  [Doc. 1185 ¶¶ 43, 44]  Plaintiffs established prevailing

23  party status here because they repeatedly prevailed in enforcement motions; findings of

24  non-compliance made by this Court; and the relief repeatedly ordered.   [*See, e.g.*,

25  Docs. 1583, 1673, 1709, 1745, 1754, 1862, 1917, 2030, 2124]

26         The Court further **FINDS** that Plaintiffs are entitled to recover all of the attorneys'

27  fees requested because their fee request is reasonable as demonstrated by the Declarations

28  of Counsel and the billing records submitted to the Court.  [*See* Declaration of Donald

136795825.1

Specter ("Specter Decl."); Declaration of David C. Fathi ("Fathi Decl.")]  The work done here took considerable legal skill and precluded counsel from accepting other, potentially fee-generating work.  [*See* Fathi Decl. ¶ 17; Specter Decl. ¶ 6]  It required Plaintiffs' counsel to marshal and analyze complex evidence, often from thousands of pages of medical records and other documents.  Additionally, counsel worked extensively with both prisoner and expert witnesses, wrote declarations, participated in mediations, prepared, briefed and argued multiple issues, while keeping up to date on ADC's efforts to comply with 103 health care performance measures.  [Specter Decl. ¶ 5]  This complex case required highly skilled lawyers and advocates.  Plaintiffs' counsel met this challenge.

Furthermore, Plaintiffs have demonstrated that billing judgment was exercised to reduce the total number of hours for which fees were requested.  [Specter Decl. ¶ 6; Fathi Decl. ¶ 7]  Plaintiffs have also demonstrated that they engaged in cost-effective measures by having local counsel perform onsite tasks to keep travel costs low.  [Specter Decl. ¶ 8]  Additionally, lower-billing law clerks and paralegals were utilized to perform document review and analysis, legal research and related tasks.  [Fathi Decl. ¶ 11]

The hourly rate in this matter is predetermined by the Stipulation which adopts the PLRA limit on the hourly rate for attorney's fees.  [Doc. 1185 ¶ 43].  This rate is currently $219.00.  [Doc. 2044-1, Ex. 1 at 37 (United States Courts FY 2017 Congressional Budget Summary)]  Plaintiffs' counsel spent a total of 2,745.90 hours on enforcing the Stipulation.  Multiplying by the respective hourly rate of each biller yields a total lodestar of $593,109.80 in fees.

Plaintiffs have also requested a multiplier enhancement of 2.0 to attorneys' fees in this matter.  Such enhancements to the lodestar for attorneys' fees in prisoner rights cases for declaratory and injunctive relief are recognized by the Ninth Circuit.  *See Kelly v. Wengler*, 822 F.3d 1085, 1102-1106 (9th Cir. 2016) (upholding attorney's fees enhancement in prisoner rights class action where attorneys demonstrated superior performance).  Like the Plaintiffs' attorneys in *Kelly*, counsel here have demonstrated superior performance and commitment of resources in this matter.

1    Plaintiffs' counsel has worked for over two years to monitor Defendants'
2  compliance with the Stipulation.  This has not been run-of-the-mill litigation.  It has
3  required a sustained course of work and remarkable persistence.  As a result, Plaintiffs'
4  counsel has uncovered repeated violations of multiple measures across multiple facilities.
5  [*See, e.g.*, Docs. 1535, 1562, 1581, 1610, 1625, 1663, 1717, 1739, 1863, 2214]  The work
6  produced has been exceptional, in the face of remarkable intransigence by Defendants.
7  Despite this, Plaintiffs' counsel has repeatedly faced down Defendants' intransigence on
8  specific monitoring issues; repeatedly prevailed on Court orders; and repeatedly been
9  forced by Defendants' failures to return to the Court for relief.  [*See, e.g.*, Docs. 1673,
10  1717, 1831, 1833, 2046, 2087, 2128]

11    Plaintiffs' counsel has also demonstrated exceptional work despite the false
12  representations made by Defendants.  [*See, e.g.*, Tr. of July 10, 2017 Telephonic Disc.
13  Dispute at 10:23-11:20 (submission of false declaration); Tr. of July 21, 2017 Emergency
14  Telephonic Status Hrg. at 25:6-9 ("THE COURT: … I learned that when I told
15  Mr. Bojanowski, that I had learned yet another thing that was the opposite of what you
16  had told me in court when I spoke to a deputy warden"); Doc. 1682 (Defendants' "Notice
17  of Errata" admitting they had submitted false CGAR numbers)]  Moreover, the difficulties
18  Plaintiffs' counsel has faced in this litigation have been multiplied and exacerbated by
19  Defendants' acts of intimidation and retaliation against class members.  Such acts have
20  been recognized and disapproved by this Court.  [*See* Tr. of Nov. 2, 2016 Hrg. at 15:5-9]

21    Despite this difficult course of litigation, Plaintiffs' counsel has still managed to
22  produce excellent results for the Plaintiff class by vigorously enforcing the terms of the
23  Stipulation and its 103 health care performance measures.  As a result the Court has found
24  that much of the methodology Defendants have used for the past two years is faulty.  [*See,
25  e.g.*, Docs. 1673, 1745, 1831, 1833, 1907, 1915, 1918, 1933, and 1951]  Moreover, the as
26  a result of Plaintiffs' counsels' continuous and meticulous monitoring and evaluation of
27  Defendants' compliance and the Court's resulting orders, the parties are now jointly
28  developing a monitoring guide for all performance measures under the Stipulation.  [*See,*

1   *e.g.*, Docs. 1889, 1921, 1931, 1998, 2046]  This monitoring guide and its accompanying
2   methodology should help rectify many of the inconsistencies and inaccuracies Defendants
3   have continued to perpetrate in the monitoring process.

4       Due to the superior performance of Plaintiffs' counsel and the excellent results
5   achieved for the Plaintiffs, the Court **FINDS** that a 2.0 enhancement is warranted here.

6       Reasonable attorneys' fees include reimbursement of expenses and the Stipulation
7   specifically allows Plaintiffs to seek costs when they are a prevailing party.  [Doc. 1185
8   ¶ 43]  Plaintiffs' counsel have provided the Court itemized lists of expenses appended to
9   the Specter and Fathi Declarations.  [Specter Decl., Ex. C; Fathi Decl., Ex. C]   The
10  expenses reflected in Plaintiffs' counsel's records are those for which reimbursement is
11  typically billed to clients.  [*See* Specter Decl. ¶ 9; Fathi Decl. ¶ 20]  The Court **FINDS**
12  that Plaintiffs expenses in the amount of $161,461.27 are reasonable.

13      **IT IS THEREFORE ORDERED** that Defendants shall pay $593,109.80 in
14  attorneys' fees, a $593,109.80 enhancement to those fees, and $161,461.27 in expenses.
15  In total, Defendants shall pay Plaintiffs' counsel $1,347,680.87 in fees, costs, and
16  enhancements plus interest from the date of this order pursuant to 28 U.S.C. § 1961.

17
18
19
20
21
22
23
24
25
26
27
28