Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
           adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **DECLARATION OF DAVID C. FATHI** |

LEGAL136877498.1

**I, DAVID C. FATHI, DECLARE:**

1. I am an attorney admitted *pro hac vice* in this matter, and am co-lead counsel for the plaintiff class. I have personal knowledge of the matters set forth herein and could testify competently thereto.

## PERFORMANCE MEASURE 47

2. Attached hereto as **Exhibit 1** is a September 1, 2017 letter from Corene Kendrick to Tim Bojanowski regarding Performance Measure 47.

## PERFORMANCE MEASURES 85 AND 86

3. Performance Measure (PM) 85 provides that "MH-3D prisoners shall be seen by a mental health provider within 30 days of discontinuing medications." [Doc. 1185-1 at 14] PM 86 provides that "MH-3D prisoners shall be seen a minimum of every 90 days by a mental health clinician for a minimum of six months after discontinuing medication." [*Id.*] At the June 14, 2017 status hearing, the Court set forth the required monitoring methodology for PM 85 and 86:

> With respect to Performance Measures 85 and 86, there really wasn't a similar substantive objection that I could ferret out to the plaintiffs' proposed language. And so I would adopt the plaintiffs' language. And that is, with 85, that the monitor selects a random sample of 10 records from all MH-3D prisoners at a given unit. If any of them discontinued medications less than 30 days previously, that record is excluded from the sample and another record is randomly drawn. See Document 2048, Paragraph 12.
>
> Once these -- once there are 10 records of MH-3D prisoners that have discontinued medications more than 30 days ago, those records are assessed to determine whether the patient was seen within 30 days of discontinuing medications.
>
> And then with respect to Performance Measure 86, the final sample of 10 records used for Performance Measure 85 is the starting point for evaluating compliance with Performance Measure 86. If any of these prisoners discontinued medications less than 90 days previously, that record is excluded from the sample and another record is randomly drawn. Once there are 10 records of MH-3D prisoners who have discontinued medications more than 90 days ago, those records are assessed to determine whether the patient was seen within 90 days of discontinuing medications.

[6/14/17 Tr. at 112:21-113:18]

LEGAL136877498.1

1    4.   On August 25, 2017, Defendants produced a new draft of their Monitor Guide; that document is attached hereto as **Exhibit 2**. The methodology for PM 85 and 86 set forth in the 8/25/17 Monitor Guide is not consistent with the Court's order of June 14, 2017. [*See id.* at 122-25] In particular, Defendants continue to include in the sample for PM 86 records of prisoners who discontinued medications less than 90 days previously (which therefore cannot possibly be found noncompliant with PM 86), rather than excluding those records and randomly drawing additional records, as required by the Court's order. Attached hereto as **Exhibit 3** and filed under seal is the June 2017 CGAR result for PM 86 for the Yuma facility, with the records that cannot possibly be noncompliant highlighted in yellow.

5.   In Defendants' 8/25/17 Monitor Guide, which was revised in light of the Court's order of August 4, 2017 (Doc. 2225), the instructions for the following mental health Performance Measures all require that records that cannot possibly be found noncompliant be excluded from the sample, and replacement records be randomly drawn: PM 73, 77, 80, 81, 82, 83, 84, 87, 88, 89, 90, 92, and 95. [*See* Ex. 2 at 103, 108, 112, 114, 116, 118, 120, 126, 128, 130, 132, 136, 142] Defendants' principal objection to adopting this procedure for PM 86 was that additional records drawn for PM 86 would then have to be reviewed for additional Performance Measures. [*See* 7/13/17 Tr. at 50:10-12 ("because we then have to answer Performance Measure 77, 78 and 79 off of that record that's being pulled")] This is not true; under Defendants' 8/25/17 Monitor Guide, the records drawn for PM 86 are not reviewed for any other Performance Measure. [*See generally* Ex. 2]

**TEMPERATURE LOGS**

6.   Paragraph 15 of the Stipulation provides as follows:

> If a prisoner who is taking psychotropic medication suffers a heat intolerance reaction, all reasonably available steps will be taken to prevent heat injury or illness. If all other steps have failed to abate the heat intolerance reaction, the prisoner will be transferred to a housing area where the cell temperature does not exceed 85 degrees Fahrenheit.

[Doc. 1185 at 6]

Case 2:12-cv-00601-ROS   Document 2291   Filed 09/08/17   Page 4 of 10

7. The Court has ordered Defendants to produce temperature logs from all facilities from June 1, 2017 to the present. [8/9/17 Tr. at 84:21-86:2; Doc. 2236 at 2] Attached hereto as **Exhibit 4** are August 16, August 26, and August 31, 2017 emails from Lucy Rand to Plaintiffs, attaching temperature logs.

8. Upon receiving these logs, I instructed a paralegal and interns to review them under my supervision. The findings are set forth below.

**Missing temperature readings**

9. On August 18, 2017, I sent an email to Lucy Rand, inquiring about temperature data that was missing from Defendants' production. On August 31, 2017, Ms. Rand responded that "[a]ny data not provided does not exist." A copy of this email exchange is attached hereto as **Exhibit 5**. Based upon Ms. Rand's representation, it appears that Defendants did not take temperature readings for the following facilities and dates:

    Eyman-Browning: No indoor temperatures taken June 1 – July 18, 2017.

    Eyman-Rynning: No indoor temperatures taken June 1 – July 19, 2017; no outdoor temperatures taken after July 19, 2017.

    Florence-East: No temperature logs produced June 1 – July 17, 2017.

    Florence-Globe: No temperature logs produced June 1 – July 18, 2017.

    Florence-North: No temperature logs produced June 1 – July 18, 2017.

    Florence-South: No temperature logs produced June 1 – July 18, 2017.

    Lewis-Eagle Point: No temperature logs produced.

    Lewis-Sunrise: No temperature logs produced.

    Perryville-Special Management: No temperature logs produced.

    Perryville-Women's Treatment Unit: No temperature logs produced.

    ASPC-Phoenix, all units: No temperature logs produced.

    Safford-Miles: No temperature logs produced.

    Tucson-Rincon: No temperature logs produced.

    Winslow-Coronado: No temperature logs produced June 1- July 18, 2017.

1         Winslow-Kaibab:  No temperature logs produced June 1 – July 18, 2017.

2         Yuma-Cheyenne:  No temperature logs produced.

3         Yuma-Cibola:  No temperature logs produced.

4         Yuma-Dakota:  No temperature logs produced.

5         Yuma-La Paz:  No temperature logs produced.

6      10.     In addition, many of the logs Defendants did produce are partially or entirely blank.  Attached hereto as **Exhibit 6** is a sampling of such logs. [*See, e.g.,* ADCM999580 (Lewis – all entries read "no report"); ADCM999866 (Tucson – "temps. Not taken – thermometer not working"); ADCM1002265 (Perryville – all entries blank); ADCM1002350 (Perryville – all entries read "no data available"); ADCM1004081 (Eyman – all entries blank; "temperature checks at this time were not required prior to 8/01/2017"); ADCM1004146 (Florence – "no data available for this date"); ADCM1004380 (Winslow – all entries blank)]

**Obviously incorrect temperature readings**

     11.     Many of the logs Defendants produced include temperature readings that are obviously incorrect.  Attached hereto as **Exhibit 7** is a sampling of such logs. [*See, e.g.,* ADCM999508 (Douglas – recording temperature of 983 degrees); ADCM1003894 (Eyman – temperatures of 7, 8, and 9 degrees); ADCM1004161 (Florence – temperatures of 8902, 392.36, and 897.9 degrees)]

**Fabricated temperature readings**

     12.     Attached hereto as **Exhibit 8** are documents Bates stamped ADCM1003262-291.  These documents purport to be temperature readings from Perryville-Santa Maria Unit for August 26-31, 2017; they were produced by Defendants to Plaintiffs on August 25, 2017, as part of a larger set of temperature readings from that unit. [*See* Exhibit 4 (email from Lucy Rand to Plaintiffs' counsel dated August 26, 2017, 12:30 a.m. EDT (August 25, 2017, 9:30 p.m. Arizona time))]  I personally examined these documents at approximately 3:00 p.m. EDT on August 28, 2017, and verified that temperature readings had been entered for August 26-31, 2017.  Accordingly, it appears

that these temperature readings were fabricated and entered in advance of the dates to which they allegedly pertain.

**Temperature readings showing dangerous heat**

13. Notwithstanding the multiple deficiencies in Defendants' production set forth above, the temperature logs include numerous values above 100, 110, and 115 degrees Fahrenheit. Attached hereto as **Exhibit 9** is a sampling of such logs, with temperatures of 100 degrees or above highlighted in yellow. [*See, e.g.,* ADCM999495 (Douglas – readings of 113 and 115 degrees); ADCM999498 (Douglas – 113, 114, and 119 degrees); ADCM999697 (Lewis – 115.4 degrees); ADCM999788 (Safford – 109 and 110 degrees in medical holding enclosures); ADCM1000112 (Tucson – 100.5 degrees); ADCM1002074 (Perryville – 100 and 101 degrees); ADCM1004263 (Florence – 106 degrees); ADCM1004436 (Yuma – 127 and 128 degrees in holding areas)]

14. Heat index is a measure that combines temperature and humidity. The National Weather Service publishes a chart that allows one to calculate heat index based on a given temperature and relative humidity. A true and correct copy of this chart is attached hereto as **Exhibit 10**; it is also available at http://www.nws.noaa.gov/om/heat/heat_index.shtml. As this chart demonstrates, the temperatures set forth in the previous paragraph and reflected in Exhibit 9 pose a danger to health and safety even at very low levels of humidity.

**DEFENDANTS' FAILURE TO PRODUCE DECLARATIONS REGARDING SEARCHES UNDERTAKEN PURSUANT TO PLAINTIFFS' DOCUMENT REQUESTS**

15. On June 30, 2017, Defendants' counsel Lucy Rand sent an email to various ADC and Corizon staff, seeking documents responsive to Plaintiffs' document requests. [*See* Doc. 2237-1 at 7] This email attached a boilerplate declaration, and instructed recipients that "each person who conducts this search must sign and return the declaration, regardless of whether documents are found." [*Id.*]

16. At the July 10, 2017 telephonic discovery hearing, Ms. Rand made the following representations to the Court:

> MS. RAND: I only had, I believe -- well, I have one that I specifically recall, and that's when I changed and went out with the broad net and said, listen, this is what I'm requesting, and everybody has to send me back a declaration. *And so that's what I'm getting back.* And that was what was sent out Friday. *And like I said, I'm already getting the responses back from them.*

[7/10/17 Tr. at 15:24-16:5 (emphasis added)]

17. Plaintiffs have repeatedly requested that Ms. Rand produce these declarations, but she has declined. Attached hereto as **Exhibit 11** is a true and correct copy of my email exchanges with Ms. Rand on this issue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of September, 2017 at Washington, DC.

                                                  /s David C. Fathi
                                                 David C. Fathi

**ADDITIONAL COUNSEL:**

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@aclu.org
            afettig@aclu.org
            vlopez@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
       ahardy@prisonlaw.com
       snorman@prisonlaw.com
       ckendrick@prisonlaw.com
       rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email: kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   skader@azdisabilitylaw.org
         adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
  rdalyrooney@azdisabilitylaw.org
  jrico@azdisabilitylaw.org
  jross@azdisabilitylaw.org
  mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
afletcher@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf

LEGAL136877498.1         -9-