# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# CIVIL MINUTES - GENERAL

Phoenix Division

**CV-12-0601-PHX-DKD**             DATE: September 12, 2017

Title: <u>Parsons et al</u> vs. <u>Ryan et al</u>
    Plaintiffs    Defendants
================================================================

HON:   David K. Duncan             Judge # <u>70BL/DKD</u>

    <u>Caryn Smith</u>                    Laurie Adams
    Deputy Clerk                          Court Reporter

**APPEARANCES:**
David Fathi, Corene Kendrick, Kirstin Eidenbach and Maya Abela, with Amy Fettig appearing telephonically, for Plaintiffs
Timothy Bojanowski, Rachel Love, Timothy Ray and Kevin Hanger, with Lucy Rand appearing telephonically, for Defendants

================================================================
**PROCEEDINGS:**      **X**  Open Court        _____Chambers        _____ Other

This is the time set for Status Hearing regarding July, 2017 reports.  Defendants present a document exploring each Performance Measure in question with explanations for any non-compliance.  Discussion is held as to Performance Measure 11.  9:19 AM – Dan Struck now appears on behalf of Defendants.  Court addresses Defendants' counsel regarding incorrect information placed on the record as to the reporting month as well as the incorrect information contained within the document that has been provided for review.  Performance Measure 11 is further explored.  The Court discusses with the parties its intentions moving forward with the issue of sanctions.  Separate Order to issue.

Performance Measures 13, 14 and 35 are reviewed.  Discussion is held regarding nursing staffing issues.  IT IS ORDERED Plaintiffs shall draft an interrogatory for Defendants' response.  Plaintiffs request the July staffing report.  IT IS ORDERED said report shall be produced today.

Defendants inform the Court that as of November 1, 2017, the new Corizon contract will not include a cap on sanctions.  The topic will be discussed more fully at a later time in the proceedings.

10:29 AM – Court stands at recess.

10:42 AM – Court reconvenes with respective counsel present.  Court Reporter, Laurie Adams, is present.

Discussion is held regarding Defendants' new reporting method.  IT IS ORDERED directing Defendants that each update of the document shall include the comments contained in the previous report so that it is presented as a living document.

Performance Measures 37 and 39 are reviewed.  Discussion is held regarding the compliance issues with Performance Measure 39.  IT IS ORDERED Defendants shall provide a notice to the Court by October 3, 2017, that includes a copy of the information to be posted and the manner in which it is posted and communicated to the inmates and healthcare staff.

Performance Measures 40, 44, 45, 46 and 47 are reviewed.  As to Performance Measure 47, IT IS ORDERED Defendants shall review and determine what is meant by the test results and whether they include the tests that were taken and where were the values reported.

Performance Measures 50, 51 and 52 are reviewed.  Discussion is held as to the compliance issues with these Performance Measures.  Plaintiffs request a copy of the PowerPoint presentation provided as training.  SO ORDERED.

12:06 PM – Court stands at recess.

1:17 PM – Court reconvenes with respective counsel present.  Court Reporter, Laurie Adams, is present.

Argument is heard regarding the Motion to Enforce the Stipulation (Maximum Custody Performance Measures 1-3, 5-6 and 8) (Doc. 1944) and proposed order.  IT IS ORDERED Plaintiffs shall draft and file a revised proposed order for Defendants and the Court to review.  Defendants may file any objections they wish to assert.

Performance Measures 54, 66, 80, 81 and 85 are reviewed.  IT IS ORDERED Defendants' counsel shall forward the monitoring methodology guidelines for Performance Measures 85 and 86 to Plaintiffs by September 15, 2017.

Performance Measures 92, 93, 94 and 98 are reviewed.

At the request of Plaintiffs, Defendants place the results of Performance Measures 6, 12, 15, 20, 24, 42, 49, 50, 51, 55, 67, 72, 91, 94 and 97 on the record.  Discussion is held.  The Court will not interfere with the method the Plaintiffs decide to utilize to bring issues to its attention.

Argument is heard regarding Mr. Millar.  The Court will email a status letter to Mr. Millar with copies to counsel.

The temperature logs are discussed.  The Court notes the lack of internal integrity within the logs.  Argument is heard.  IT IS ORDERED Ms. Rand shall get a better handle on the data.  With respect to Ms. Rand's representation that the logs are to be prepared after a trigger of 100 degrees outside temperature is reached, the Court notes that the logs do not contain information about how this trigger is verified.  Defendants are to provide further information about the logging of the trigger and whether it is an appropriate trigger.  (In other words, does the trigger of an external temperature of 100 degrees necessarily assure that all internal temperatures which could be in violation of the Stipulation are captured?)  Further argument is heard.  Plaintiffs request a list of all patients transferred to lower-temperature locations.  Defendants state this information has already been provided.

3:01 PM – Court stands at recess.

3:15 PM – Court reconvenes with respective counsel present.  Court Reporter, Laurie Adams, is present.

Returning to the topic of heat intolerance, it is the Court's view that temperature is relevant at certain facilities.  If no one at a facility has suffered heat intolerance on psychotropic medications then the Court does not need to address the temperature issue at that facility.  However, if someone has fainted and has been rehydrated and located to a cooled medical facility, it would be possible that this was actually a heat intolerance reaction that wasn't recognized.  Therefore, IT IS ORDERED that between now and when the weather warms again, the State must be prepared to provide accurate temperature logs.  Plaintiffs' class counsel should consider how best to communicate to class members at risk for heat intolerance reactions the need to report to medical staff if they believe they are having a heat intolerance reaction.  The Court states that if there is a need to know what the temperature is at a facility, it does not matter if the facility is cooled by air conditioning or swamp coolers, the temperatures are to be taken, as air conditioning is capable of producing temperatures in violation of the Stipulation (whether by design or malfunction).  Further, Defendants are to provide accurate records that do not include incorrect or fabricated information.

Argument is heard.  Plaintiffs state that the list previously requested has not been provided and again requests a list of all inmates transferred to lower-temperature locations.  IT IS ORDERED Defendants shall produce the report as requested and provide the identities of the people who have been moved.

Plaintiffs request temperature readings through the end of September.  IT IS ORDERED Defendants are to begin taking temperatures beginning in May, unless temperatures begin to be unseasonably warm in April, then readings shall be reported beginning at that time through the end of September.  IT IS FURTHER ORDERED the parties shall meet and confer to determine if there is an issue of fabrication of the Perryville temperature logs.

Argument is heard regarding Defendants' failure to produce declarations.  IT IS ORDERED the requested documents shall be produced.

Argument is heard regarding Plaintiffs' agenda item 6.  IT IS ORDERED the parties shall meet and confer regarding the privilege log.

Argument is heard regarding item 7.  IT IS ORDERED Defendants shall provide a full update regarding the use or anticipated use of the University of Arizona's telemed program.  IT IS FURTHER ORDERED a representative from the University of Arizona shall appear and answer questions.

Defendants inform the Court that the Corizon contract amendment will remove the sanction cap beginning on November 1, 2017, and will provide incentives for being 90 percent or more compliant.

IT IS ORDERED setting an Evidentiary Hearing regarding the Tucson retaliation allegations for October 12, 2017 at 9:00 AM before this Court.

Time in court: 5 hr 38 min (9:02 AM – 4:18 PM)