UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

```
Victor Antonio Parsons, et al,)
                              )
            Plaintiffs,       )      2:12-cv-00601-DKD
                              )
      vs.                     )      Phoenix, Arizona
                              )       September 6, 2017
Charles L. Ryan, et al,       )          4:10 p.m.
                              )
            Defendants.       )
_____)
```

BEFORE: THE HONORABLE DAVID K. DUNCAN, MAGISTRATE JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

EMERGENCY TELEPHONIC STATUS HEARING

Official Court Reporter:
Charlotte A. Powers, RMR, FCRR, CRR, CSR, CMRS
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 40
Phoenix, Arizona  85003-2151
(602) 322-7250

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1                      A P P E A R A N C E S

 2

 3   For the Plaintiffs:

 4           Eidenbach Law, PLLC
             By: KIRSTIN T. EIDENBACH, ESQ. (via telephone)
 5           PO Box 91398
             Tucson, AZ  85752
 6
             Prison Law Office
 7           By: DONALD SPECTER, ESQ.  (via telephone)
             1917 5th Street
 8           Berkeley, CA 94710

 9           ACLU – Washington DC
             By: DAVID CYRUS FATHI, ESQ. (via telephone)
10           915 15th Street NW, 7th Floor
             Washington, DC  20005
11
             Arizona Center for Disability Law
12           By: MAYA ABELA, ESQ. (via telephone)
             177 N. Church Avenue, Suite 800
13           Tucson, AZ 85701

14

15   For the Defendants:

16           Struck Wieneke & Love, PLC
             By: ASHLEE B. FLETCHER, ESQ. (via telephone) and
17               DANIEL PATRICK STRUCK, ESQ. (via telephone) and
                 RACHEL LOVE, ESQ. (via telephone)
18           3100 W. Ray Road, Suite 300
             Chandler, AZ  85226
19

20

21

22

23

24

25
```

**UNITED STATES DISTRICT COURT**

```
 1                      P R O C E E D I N G S
 2                 (Proceedings resume at 4:10 p.m.)
 3            THE COURT:  Hello.  David Duncan here.  My apologies
 4   for the 10-minute delay.  The criminal calendar in Yuma ran
 5   late, and I'm sorry.
 6            MR. FATHI:  Quite all right, Your Honor.  We
 7   appreciate you making yourself available.
 8            THE COURT:  Please go ahead and call the case.
 9            COURTROOM DEPUTY:  Civil case 12-601, Parsons, et al.,
10   versus Ryan, et al., on for an emergency telephonic status
11   hearing.
12            THE COURT:  Would those on the phone please state
13   their appearances for the record.
14            MR. FATHI:  Good afternoon, Your Honor.
15            This is David Fathi of the ACLU National Prison
16   Project for the plaintiff class.
17            THE COURT:  Thank you.
18            MR. SPECTER:  This is Donald Specter from the Prison
19   Law Office for the plaintiff class.
20            THE COURT:  Thank you.
21            MS. ELDENBACH:  This is Kirstin Eidenbach for the
22   prisoner plaintiff class.
23            THE COURT:  Thank you.
24            MS. ABELA:  This is Maya Abela appearing for the
25   Arizona Center for Disability Law.
```

1      THE COURT: Thank you.
2      MR. STRUCK: Dan Struck, Rachel Love, and Ashlee
3  Fletcher for the defendants.
4      THE COURT: Okay. Is that everybody?
5      MR. STRUCK: I believe so, yes.
6      THE COURT: All right. Who wanted the call?
7      MR. FATHI: This is David Fathi.
8      Thank you again, Your Honor, for making yourself
9  available on such short notice.
10     This dispute involves the scope of the evidentiary
11 hearing that is scheduled for this coming Monday,
12 September 11th.
13     Plaintiffs have been proceeding on the understanding
14 that the Court granted the defendants' request for an
15 evidentiary hearing so that they could respond to the
16 allegations that two of the witnesses who testified before the
17 Court, Ms. Ashworth and Mr. Oyenik, suffered retaliation for
18 their testimony.
19     But last night when we received the defendants'
20 witness list, it included eight witnesses who are listed under
21 the heading ASPC Tucson, and today we've learned that the
22 defendants plan to litigate the November 2016 retaliation
23 events at the Tucson complex at this Monday's hearing.
24     And we simply can't be prepared for such a hearing on
25 three days' notice, Your Honor. We've had no time to identify

1  and prepare or even find our witnesses, some of whom have
2  probably been transferred or released in the nearly one year
3  that's passed since those events, and we've had no opportunity
4  to conduct any discovery -- document discovery, the kind that
5  we recently received, involving Ms. Ashworth and Mr. Oyenik.
6        If the defendants have finally decided at long last
7  that they do want an evidentiary hearing on the 2016 Tucson
8  events, and the Court is inclined to grant it, then we have no
9  objection.  But we do need discovery and we do need a
10 reasonable amount of time to prepare.
11       THE COURT:  All right.  Mr. Struck, are you going to
12 respond on your side?
13       MR. STRUCK:  Yes, Judge.
14       With respect to the allegations, the Tucson
15 allegations, last month when we were before you, you expressed
16 your desire to actually see live witnesses rather than simply
17 decide an issue on the pleadings.  And if you recall, this all
18 came about based upon the plaintiffs' motion that they filed
19 back in December, it was fully briefed by the end of January.
20       The only declaration that was submitted in support of
21 the actual motion was Ms. Eidenbach's declaration, and so --
22 and I don't know -- there was another -- there was one inmate's
23 declaration that was attached late in their reply.  But other
24 than that, there were no other witnesses.
25       This thing has been fully briefed.  There's no need

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | for additional discovery.  However, if the plaintiffs want to        |
| 2  | push this off to another date, we don't necessarily have an          |
| 3  | objection to that, and we'd be happy to -- to accommodate them       |
| 4  | and the Court.  But we do want to proceed based upon the             |
| 5  | Court's preference to hear live witness testimony with respect       |
| 6  | to this issue as something that obviously, you know, Your Honor      |
| 7  | takes very seriously.  And so we want to be able to provide the      |
| 8  | evidence to show you that this retaliation allegation is             |
| 9  | unfounded.                                                           |
| 10 |         With respect to the hearing on the 11th, one thing           |
| 11 | that Mr. Fathi didn't mention was that the plaintiffs submitted      |
| 12 | a list of, it looks like, 10 witnesses, based upon allegations       |
| 13 | that something was going on at the tour last week.  So               |
| 14 | unrelated to the -- Ms. Ashworth and the other inmate.               |
| 15 |         So I'm not sure if they're still planning or wanting         |
| 16 | to proceed on that allegation.  If -- if the Court is inclined       |
| 17 | and the plaintiffs want to just proceed on the -- the claims         |
| 18 | that we've already started -- already started hearing testimony      |
| 19 | with respect to, that would be Ms. Ashworth and Mr. Oyenik,          |
| 20 | then we would be happy to limit it to that.  But it seems            |
| 21 | unfair that the plaintiffs are coming in to complain about           |
| 22 | being blind-sided by an issue that's been fully briefed when         |
| 23 | they want to proceed with allegations that occurred on a tour        |
| 24 | apparently last week.                                                |
| 25 |         So, you know, I -- we said we would agree that -- to         |

Case 2:12-cv-00601-ROS   Document 2331   Filed 09/21/17   Page 7 of 10

7

 1   have this telephone call to see what the Court would -- is

 2   inclined to do.  And if you want -- you want to have these

 3   issues dealt with in a separate base, that's fine with us.

 4         THE COURT:  All right.

 5         I think what's good for the goose is good for the

 6   gander, and that means that if the defendants feel that they

 7   need time to prepare for addressing the allegations in the

 8   filing of September 5th, then I think we need to give the

 9   defendants an opportunity to do that, in light of the fact that

10   the plaintiffs have asked for time to prepare for the hearing.

11   It is, I think, both of these -- both of these issues have

12   arisen out of the blue; even though the Tucson incident was a

13   long time ago, it is out of the blue that you now want a

14   hearing.  But as I've said all along, you're entitled to have a

15   hearing.  I'll give it to you.

16         So both sides really have to make a choice here.  The

17   plaintiffs, on the one hand, can give up their objection of

18   going forward with the Tucson hearing next week, but they also

19   then have to give up their opportunity to present the

20   September 5 issues next week.  We'll set another court hearing.

21   Or everything is on the table for September 11th.

22         So Mr. Fathi, the call is yours there in the first

23   instance.

24         MR. FATHI:  That -- that is fine, Your Honor.  We

25   believe that the events of last week that were set forth in

1    Ms. Eidenbach's declaration are unfortunately part of the
2    continuing practice of retaliation and intimidation at the
3    Perryville facility, and so we thought it made sense to address
4    them in the same hearing.  But if the Court thinks that those
5    events are more appropriately dealt with in a separate hearing,
6    that's certainly fine with us, Your Honor.
7            So we would prefer that both the events of -- on last
8    week's Perryville tour and the defendants' desire to address
9    the November 2016 events, both be put off to -- to a later
10   time.  It allows us to request some discovery and, if
11   necessary, come to the Court to have that dispute -- dispute,
12   if any there is, ruled upon.
13           THE COURT:  Okay.  So what we'll do is we won't hear
14   about Tucson and we won't hear about the Eidenbach incident
15   report of this week.  But I'll ask you two to meet and
16   confer -- the two sides, I mean -- to decide when we can put it
17   before the Court, if you find that that is necessary.  Is that
18   okay?
19           MR. FATHI:  That's fine with the plaintiffs, Your
20   Honor.
21           There is one additional issue we would like to raise.
22           The defendants have listed Ms. Eidenbach, who is
23   obviously plaintiffs' counsel, as a witness for the Tucson
24   portion of the hearing.  I don't know whether they still intend
25   to call her on Monday, in light of the Court's order that we

```
 1    will not be hearing the Tucson incident next -- on Monday.
 2           THE COURT:  Mr. Struck?
 3           MR. STRUCK:  No, Your Honor.  If we're not going to be
 4    litigating or presenting testimony with respect to the Tucson
 5    incident, there's no need to call Ms. Eidenbach for that.
 6    However -- and if we're not dealing with the September 5th
 7    allegation, there's no need to call Ms. Eidenbach.
 8           But Ms. Eidenbach has now submitted another
 9    declaration in which she reportedly heard and observed
10    different things, so I don't know how we can get around not
11    being able to cross-examine at some point -- not next week, but
12    at some point about these allegations.
13           THE COURT:  Okay.  All right.  We'll take that up when
14    that issue arises.
15           Thank you all very much.  And, again, my apologies for
16    the delay.  I'm sorry.
17           MR. FATHI:  Thank you, Your Honor.
18           MR. STRUCK:  Thank you.
19           MS. ABELA:  Thank you.
20           THE COURT:  Goodbye.
21              (Proceedings in recess at 4:19 p.m.)
22
23
24
25
```

**C E R T I F I C A T E**

I, CHARLOTTE A. POWERS, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 21st day of September, 2017.

s/Charlotte A. Powers
Charlotte A. Powers, RMR, FCRR