Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
*Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
*Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
*Desiree Licci, Joseph Hefner, Joshua Polson, and*
*Charlotte Wells, on behalf of themselves and all others*
*similarly situated*

**[ADDITIONAL COUNSEL LISTED ON**
**SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
        adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON**
**SIGNATURE PAGE]**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE STIPULATION (DOC. 2253)** |

LEGAL137250630.1

1    The Court should grant Plaintiffs' Motion to Enforce the Stipulation, find

2    Defendants substantially noncompliant with the performance measures listed therein, and

3    direct Defendants to develop remedial plans to ensure compliance.  For some of the

4    measures, Defendants argue that they are not substantially noncompliant because, while

5    they concede they have been substantially noncompliant in the past, they managed to

6    heave themselves over the threshold in recent months.  For other measures, Defendants

7    coyly argue that while their performance "meets the Court's definition of substantial

8    noncompliance," (*see, e.g.*, Doc. 2355 at 2:17-18), they are not "currently" substantially

9    noncompliant.[1]  Given Defendants' history of robbing Peter to pay Paul with their piece-

10   meal remedial efforts, and resultant backsliding or erratic performance in subsequent

11   months, it is important for them to develop comprehensive and holistic remedial plans,

12   even if the most recent month's data shows compliant numbers at a particular institution

13   or measure.

14   The Court should reject Defendants' novel and unsupported interpretation of the

15   Court's definition of substantial noncompliance, and adhere to the definition previously

16   set forth.  The Court's definition of substantial noncompliance is as follows:

> Accordingly, the Court has concluded that a location/ performance is non-compliant when (1) 6 of 24 months are non-compliant; and (2) three consecutive months are non-compliant.  See Stipulation at ¶ 21(b).

---

[1]  Defendants acknowledge that, with a single exception, they have conceded that all the Performance Measures at issue in this motion are substantially noncompliant, but they now attempt to repudiate that concession.  [Doc. 2355 at 2 n.1]  (Defendants' assertion that they "have never conceded that PM 42 was in substantial noncompliance at Lewis," (*id.*), is untrue.  [Doc. 2254-1 at 36]  They ignore the concessions previously made by counsel.  [*See* Doc. 2254-1 at 29-33, 36-37])  The Court should not tolerate such game-playing; "all litigants are bound by the concessions of freely retained counsel." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (internal quotation marks, citation omitted).  In any event, all Performance Measures at issue in this motion satisfy the Court's definition of substantial noncompliance without regard to Defendants' concession.

[Doc. 2030 at 1][2]  While the Court stated these requirements in the conjunctive ("and"), it cited the termination provisions of the Stipulation, which make clear that either six months of noncompliance in a 24-month period or three consecutive months of noncompliance is sufficient to prevent termination of monitoring.  [*See* Doc. 1185 ¶ 10(b); *see also* Doc. 2074 at 6 (Defendants' statement that "the Court's utilization of the Stipulation's termination language to determine substantial non-compliance is consistent with the Stipulation")]

Any lingering doubt was dispelled by the Court's subsequent clarification:

> Plaintiffs argue that the 2017 Order [Doc. 2030] would exclude a hypothetical location/PM from a remedial plan if it had five months at zero percent compliance and then a sixth month at 86% compliance.  (Doc. 2042 at 6-7)  *This is not correct since the 2017 Order excludes any location/PM with three or more consecutive months under the compliance threshold.*

[Doc. 2118 at 3 n.2 (emphasis added)]  In short, *either* six noncompliant months out of 24 *or* three consecutive months of noncompliance is sufficient to establish substantial noncompliance and require a remedial plan.

### Specific Performance Measures

**PM 6: Provider orders will be noted daily with time, date, and name of person taking the orders off.  (Eyman)**

This measure has been substantially noncompliant 19 of the past 24 months at Eyman.   [Doc. 2251-1 at 40]   Defendants concede that they are substantially noncompliant but refuse to develop a remedial plan.  [Docs. 2355 at 3; 2254-1 at 29]  The Court should find Defendants substantially noncompliant with this measure at Eyman, and order Defendants to develop a remedial plan.

---

[2] Paragraph 21 of the Stipulation discusses prisoners with serious mental illness and has no subsection (b); the Court presumably intended to refer to ¶ 20(b), which is titled "Termination of the duty to measure and report on a particular performance measure," and applies to the maximum custody performance measures.  [*See* Doc. 1185 at 8] The identically-titled section applicable to the health care performance measures is ¶ 10(b).  [*Id*. at 4]

| | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Eyman | 78 | 62 | 76 | 74 | 42 | 68 | 94 | 98 | 92 | 92 |

**PM 12: Medical record will contain documentation of refusals or "no shows" (pharmacy).  (Eyman, Florence)**

This measure has been substantially noncompliant 21 of the past 24 months at Eyman and 10 of the past 24 months at Florence.  [Doc. 2251-1 at 41]  Defendants concede that they are substantially noncompliant but refuse to develop a remedial plan.  [Docs. 2355 at 2; 2254-1 at 29]   The Court should find Defendants substantially noncompliant with this measure at the two prisons and order Defendants to develop a remedial plan.

| | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Eyman | 50 | 56 | 36 | 66 | 49 | 58 | 74 | 86 | 90 | 91 |
| Florence | 86 | 73 | 59 | 40 | 83 | 80 | 88 | 98 | 100 | 97 |

**PM 15: Inmates who refuse prescribed medication (or no show) will be counseled by a QHCP after three consecutive refusals.  (Eyman, Florence, Lewis, Tucson)**

This measure has been substantially noncompliant 24 of the past 24 months at Eyman, 21 of the past 24 months at Florence, 23 of the past 24 months for which there is data at Lewis, and seven of the past 24 months at Tucson.  [Doc. 2251-1 at 42]  Defendants concede that they are substantially noncompliant at Eyman, Florence, and Lewis.  [Docs. 2355 at 4; 2254-1 at 30]   Defendants incorrectly argue that their performance at Tucson does not meet the Court's definition of substantial noncompliance.  [Doc. 2355 at 4]   Accordingly the Court should find Defendants substantially noncompliant with this measure at the four institutions.

| | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Eyman | 25 | 15 | 40 | 13 | 26 | 5 | 0 | 39 | 30 | 27 |
| Florence | 51 | 60 | 58 | 68 | 79 | 80 | 88 | 93 | 82 | 86 |
| Lewis | 20 | 85 | N/A | 0 | 15 | 13 | 16 | 57 | 48 | 48 |
| Tucson | 83 | 82 | 74 | 73 | 80 | 73 | 44 | 98 | 98 | 100 |

**PM 20: Medical AIMS entries are accurately completed within 3 business days from the entry in the medical record.   (Eyman, Florence, Lewis, Perryville, Phoenix, Tucson)**

This measure has been substantially noncompliant 24 of the past 24 months at Eyman, 21 of the past 24 months at Florence, 23 of the past 24 months for which there is data at Lewis, and seven of the past 24 months at Tucson.   [Doc. 2251-1 at 42] Defendants concede that they are substantially noncompliant at the six institutions. [Docs. 2355 at 4-5; 2254-1 at 30-31, 36]   The Court should find them substantially noncompliant.

|  | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Eyman | 75 | 79 | 80 | 84 | 84 | 72 | 72 | 96 | 70 | 90 |
| Florence | 67 | 62 | 64 | 66 | 57 | 60 | 67 | 71 | 71 | 93 |
| Lewis | 71 | 79 | 55 | 73 | 73 | 75 | 61 | 65 | 60 | 81 |
| Perryville | 67 | 62 | 67 | 76 | 89 | 85 | 86 | 85 | 81 | 93 |
| Phoenix | 75 | 94 | 77 | 75 | 82 | 100 | 83 | 100 | 70 | 74 |
| Tucson | 81 | 68 | 67 | 72 | 88 | 74 | 82 | 69 | 90 | 100 |

**PM 24: Emergency medical response bags are checked daily, inventoried monthly, and contain all required essential items.  (Lewis)**

This measure has been substantially noncompliant 19 of the past 24 months at Lewis.  [Doc. 2251-1 at 44]  Defendants concede that they are substantially noncompliant but refuse to develop a remedial plan.  [Docs. 2355 at 5; 2254-1 at 31]  The Court should find Defendants substantially noncompliant with this measure and order Defendants to develop a remedial plan.

|  | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Lewis | 25 | 25 | 25 | 13 | 38 | 13 | 88 | 88 | 88 | 88 |

**PM 42: A follow-up sick call encounter will occur within the time frame specified by the Medical or Mental Health Provider.  (Eyman, Florence, Lewis, Perryville)**

This measure has been substantially noncompliant 21 of the past 24 months at Eyman, 24 of the past 24 months at Florence, 9 of the past 24 months at Lewis, and 16 of the past 24 months at Perryville.  [Doc. 2251-1 at 42]  Defendants concede that they are substantially noncompliant at Eyman, Florence, and Perryville. [Docs. 2355 at 5-7; 2254-

1 at 31]  Defendants incorrectly argue that their performance at Lewis does not meet the Court's definition of substantial noncompliance.  [Doc. 2355 at 6]  Accordingly the Court should find Defendants substantially noncompliant with this measure at the four institutions.

| | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Eyman | 40 | 43 | 43 | 50 | 88 | 85 | 62 | 38 | 48 | 41 |
| Florence | 60 | 43 | 60 | 31 | 42 | 40 | 61 | 54 | 58 | 51 |
| Lewis | 89 | 96 | 100 | 44 | 65 | 88 | 88 | 89 | 80 | 85 |
| Perryville | 63 | 69 | 80 | 79 | 74 | 74 | 77 | 91 | 89 | 87 |

**PM 49: Patients for whom a provider's request for specialty services is denied are told of the denial by a Medical Provider at the patient's next scheduled appointment, no more than 30 days after the denial, and the Provider documents in the patient's medical record the Provider's follow-up to the denial.  (Douglas, Eyman, Florence, Perryville, Phoenix, Tucson)**

Defendants incorrectly assert that Douglas and Perryville do not meet the definition of substantial noncompliance and disingenuously stress their rate of five months of noncompliance during the "30 monitoring months."  [Doc. 2355 at 7, 8]  This is nothing but a weak attempt to elide the fact that they only started auditing this measure in July 2016, after stubbornly insisting for a year and a half that there were nothing for them to monitor because Corizon's Orwellian term for Utilization Management's denial of a specialty request is "alternate treatment plan."  Therefore, there are only 13 months of data to review, not 30.  [Doc. 2251-1 at 51]   This measure has been substantially noncompliant five months in a row at Douglas, 13 of 13 months at Eyman, 9 of 13 months at Florence, five months in a row at Perryville, seven of 13 months at Phoenix, and 11 of 13 months at Tucson.  [Doc. 2251-1 at 51]  Accordingly the Court should find Defendants substantially noncompliant with this measure at the six institutions.

| | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Douglas | 0 | 73 | 80 | 88 | 100 | N/A | 90 | 94 | 100 | 100 |
| Eyman | 50 | 70 | 79 | 56 | 70 | 40 | 73 | 69 | 37 | 30 |
| Florence | 40 | 64 | 82 | 100 | 75 | 50 | 50 | 97 | 74 | 80 |
| Perryville | 44 | 64 | 96 | 100 | 97 | 100 | 100 | 100 | 100 | 100 |
| Phoenix | 60 | 55 | 60 | 82 | 100 | 75 | 100 | 100 | 80 | 100 |
| Tucson | 51 | 65 | 56 | 59 | 84 | 100 | 70 | 48 | 27 | 15 |

**PM 50: Urgent specialty consultations and urgent specialty diagnostic services will be scheduled and completed within 30 calendar days of the consultation being requested by the provider. (Perryville)**

This measure has been substantially noncompliant six of the past 24 months at Perryville, including five months in a row. [Doc. 2251-1 at 51] Defendants incorrectly assert that they are not substantially noncompliant and refuse to develop a remedial plan. [Docs. 2355 at 9; 2254-1 at 31] The Court should find Defendants substantially noncompliant with this measure and order Defendants to develop a remedial plan.

| | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Perryville | 63 | 52 | 71 | 90 | 68 | 100 | 86 | 93 | 100 | 93 |

**PM 51: Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider. (Douglas, Perryville, Yuma)**

Defendants incorrectly assert that their performance at Douglas does not meet the Court's definition of substantial noncompliance. [Doc. 2355 at 9] This is false; Douglas has been noncompliant six of the past 24 months. [Doc. 2251-1 at 51] They have been substantially noncompliant 11 of the past 24 months at Perryville and 8 of the past 24 months at Yuma. [*Id.*] They concede they are substantially noncompliant with PM 51 at Perryville and Yuma, but refuse to provide a remedial plan. [Doc. 2355 at 9] Accordingly, the Court should find them substantially noncompliant with this measure at the three complexes and order Defendants to develop a remedial plan.

| | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Douglas | 42 | 63 | 77 | 68 | 83 | 100 | 92 | 96 | 97 | 93 |
| Perryville | 66 | 74 | 80 | 80 | 60 | 78 | 77 | 88 | 95 | 100 |
| Yuma | 66 | 82 | 84 | 81 | 83 | 86 | 78 | 88 | 95 | 89 |

**PM 52: Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report. (Eyman)**

Defendants concede that they are substantially noncompliant with this measure at Eyman. [Doc. 2355 at 8-9] They have been substantially noncompliant 15 of the past 24 months at Eyman. [Doc. 2251-1 at 51] The Court should find Defendants substantially noncompliant.

|         | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---------|-----|-----|-----|-----|-----|-----|-------|-----|------|------|
| Eyman   | 58  | 70  | 72  | 70  | 76  | 32  | 31    | 56  | 55   | 41   |

**PM 55: Disease management guidelines will be implemented for chronic diseases. (Eyman)**

Defendants have been substantially noncompliant with this measure at Eyman 16 of the past 24 months.  [Doc. 2251-1 at 52]  Defendants concede they are substantially noncompliant but do not offer a remedial plan.  [Doc. 2355 at 11]  The Court should find Defendants substantially noncompliant with this measure and order Defendants to develop a remedial plan.

|         | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---------|-----|-----|-----|-----|-----|-----|-------|-----|------|------|
| Eyman   | 84  | 76  | 74  | 72  | 52  | 62  | 68    | 58  | 50   | 68   |

**PM 67: In an IPC, Registered nurses will conduct and document an assessment at least once every shift.  Graveyard shift assessments can be welfare checks.  (Lewis)**

Defendants have been substantially noncompliant with this measure at Lewis for 12 of the past 24 months.  [Doc. 2251-1 at 55]  They concede they are substantially noncompliant, (Doc. 2355 at 11), and accordingly the Court should find them substantially noncompliant.

|         | Oct  | Nov  | Dec | Jan | Feb | Mar | April | May | June | July |
|---------|------|------|-----|-----|-----|-----|-------|-----|------|------|
| Lewis   | 100  | 100  | 70  | 60  | 70  | 90  | 56    | 60  | 100  | 70   |

**PM 72: Inmates who refuse prescribed diets for more than 3 consecutive days will receive follow up nutritional counseling by a QHCP.  (Eyman)**

Defendants have been substantially noncompliant with this measure at Eyman for 13 of the past 24 months for which there is data.  [Doc. 2251-1 at 56]  Defendants concede they are substantially noncompliant, (Doc. 2355 at 11-12), and accordingly the Court should find them substantially noncompliant.

|         | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---------|-----|-----|-----|-----|-----|-----|-------|-----|------|------|
| Eyman   | 53  | 7   | 29  | 30  | 80  | 92  | 33    | 75  | 96   | 100  |

**PM 91: MH-5 prisoners who are actively psychotic or actively suicidal shall be seen by a mental health clinician or mental health provider daily.  (Phoenix).**

This PM has been noncompliant for 7 out of the past 24 months (including for two of the past three months), and accordingly meets the Court's definition of substantial noncompliance.  [Doc. 2251-1 at 61]  Defendants incorrectly assert that their performance does not meet the Court's definition of substantial noncompliance and refuse to provide a remedial plan.  [Doc. 2355 at 12]  The Court should find Defendants substantially noncompliant and order Defendants to submit a remedial plan.

|  | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Phoenix | 33 | 0 | 89 | 60 | 33 | 100 | 92 | 50 | 90 | 80 |

**PM 94: All prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse. (Phoenix, Yuma)**

Defendants concede that they are substantially noncompliant on PM 94 at Phoenix, with 7 out of the past 10 months noncompliant.  [Doc. 2355 at 12-13; Doc. 2251-1 at 62] Defendants incorrectly assert that their performance at Yuma does not meet the Court's definition of substantial noncompliance and refuse to provide a remedial plan.  [Doc. 2355 at 13]  Defendants have been noncompliant at Yuma for six out of the past 24 months, including for two of the past three months (May and June 2017), and accordingly meet the definition of substantial noncompliance.  [Doc. 2251-1 at 62]  The Court should find Defendants substantially noncompliant and order Defendants to submit a remedial plan.

|  | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Phoenix | 69 | 13 | 60 | 13 | 60 | 73 | 87 | 87 | 93 | 73 |
| Yuma | 98 | 67 | 73 | 87 | 100 | 100 | 100 | 80 | 73 | 87 |

**PM 97: A mental health provider treating a prisoner via telepsychiatry shall be provided, in advance of the telepsychiatry session, the prisoner's intake assessment, most recent mental health treatment plan, laboratory reports (if applicable), physician orders, problem list, and progress notes from the prisoner's two most recent contacts with a mental health provider.  (Phoenix)**

This PM was noncompliant for three consecutive months (October, November, and December 2016), and accordingly meets the Court's definition of substantial

noncompliance.   [Doc. 2251-1 at 63][3]   Defendants incorrectly assert that their performance at Phoenix does not meet the Court's definition of substantial noncompliance and refuse to provide a remedial plan.   [Doc. 2355 at 13]   The Court should find Defendants substantially noncompliant and order Defendants to submit a remedial plan.

|  | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Phoenix | 60 | 70 | 70 | 91 | 93 | 92 | 88 | 88 | 87 | 88 |

**PM 98: Mental health HNRs shall be responded to within the timeframes set forth in the Mental Health Technical Manual (MHTM) (rev. 4/18/14), Chapter 2, Section 5.0. (Douglas)**

This PM was noncompliant for three consecutive months (October, November, and December 2016) (and was most recently noncompliant in May of 2017), and accordingly meets the Court's definition of substantial noncompliance.   [Doc. 2251-1 at 63] Defendants incorrectly assert that their performance at Douglas does not meet the Court's definition of substantial noncompliance.   [Doc. 2355 at 14]   The Court should find Defendants substantially noncompliant and order Defendants to submit a remedial plan.

|  | Oct | Nov | Dec | Jan | Feb | Mar | April | May | June | July |
|---|---|---|---|---|---|---|---|---|---|---|
| Douglas | 50 | 55 | 78 | 100 | 86 | 100 | 100 | 75 | 90 | 100 |

* * * * *

The Court should grant Plaintiffs' Motion to Enforce the Stipulation, find Defendants substantially noncompliant with the performance measures listed therein, and direct Defendants to develop remedial plans to ensure compliance.

---

[3] Defendants have collected only ten months of data for Phoenix, since October 2016.  The measure was listed as "N/A" from March 2015 through September 2016. [Doc. 2251-1 at 63]

| | |
|---|---|
| 1 | Dated:  October 10, 2017 |

**PRISON LAW OFFICE**

By:  <u>  *s/ Corene Kendrick*  </u>
     Donald Specter (Cal. 83925)*
     Alison Hardy (Cal. 135966)*
     Sara Norman (Cal. 189536)*
     Corene Kendrick (Cal. 226642)*
     Rita K. Lomio (Cal. 254501)*
     **PRISON LAW OFFICE**
     1917 Fifth Street
     Berkeley, California 94710
     Telephone:  (510) 280-2621
     Email:    dspecter@prisonlaw.com
               ahardy@prisonlaw.com
               snorman@prisonlaw.com
               ckendrick@prisonlaw.com
               rlomio@prisonlaw.com

     *Admitted pro hac vice

     David C. Fathi (Wash. 24893)*
     Amy Fettig (D.C. 484883)**
     Victoria Lopez (Ill. 6275388)*
     **ACLU NATIONAL PRISON PROJECT**
     915 15th Street N.W., 7th Floor
     Washington, D.C. 20005
     Telephone:  (202) 548-6603
     Email:    dfathi@aclu.org
               afettig@aclu.org
               vlopez@aclu.org

     *Admitted pro hac vice.  Not admitted
      in DC; practice limited to federal
      courts.
     **Admitted pro hac vice

     Kirstin T. Eidenbach (Bar No. 027341)
     **EIDENBACH LAW, PLLC**
     P. O. Box 91398
     Tucson, Arizona 85752
     Telephone:  (520) 477-1475
     Email:    kirstin@eidenbachlaw.com

     Kathleen E. Brody (Bar No. 026331)
     **ACLU FOUNDATION OF ARIZONA**
     3707 North 7th Street, Suite 235
     Phoenix, Arizona 85013
     Telephone:  (602) 650-1854
     Email:    kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIZONA CENTER FOR DISABILITY LAW**

By:  *s/ Maya Abela*
Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email:    skader@azdisabilitylaw.org
              adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone:  (520) 327-9547
Email:
    rdalyrooney@azdisabilitylaw.org
        jrico@azdisabilitylaw.org
        jross@azdisabilitylaw.org
        mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on October 10, 2017, I electronically transmitted the above

3  document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4  Notice of Electronic Filing to the following CM/ECF registrants:

5

Michael E. Gottfried
6                    Lucy M. Rand
Assistant Arizona Attorneys General
7            Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov
8

Daniel P. Struck
9                   Rachel Love
Timothy J. Bojanowski
10                 Nicholas D. Acedo
Ashlee B. Fletcher
11                   Jacob B. Lee
Kevin R. Hanger
12                   Timothy Ray
Richard Michael Valenti
13   STRUCK LOVE BOJANOWSKI & ACEDO, P.L.C.
dstruck@strucklove.com
14           rlove@strucklove.com
tbojanowski@strucklove.com
15          nacedo@strucklove.com
afletcher@strucklovem.com
16            jlee@strucklove.com
khanger@strucklove.com
17           tray@strucklove.com
rvalenti@strucklove.com
18

19              *Attorneys for Defendants*

20

21                                 s/ D. Freouf

22

23

24

25

26

27

28