WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Because of pervasive and intractable failures to comply with the Stipulation, the Court is considering the exercise of its civil contempt authority.

<u>Court's Contempt Authority</u>. The Stipulation, negotiated by the parties, defines the Court's enforcement authority as follows:

> In the event the Court subsequently determines that the Defendants' plan did not remedy the deficiencies, the Court shall retain the power to enforce this Stipulation through all remedies provided by law, except that the Court shall not have the authority to order Defendants to construct a new prison or to hire a specific number or type of staff unless Defendants propose to do so as part of a plan to remedy a failure to comply with any provision of this Stipulation. In determining the subsequent remedies the Court shall consider whether to require Defendants to submit a revised plan.

(Doc. 1185-1 at ¶ 36) Contempt is a statutory remedy afforded to federal courts under 18 U.S.C. § 401. Accordingly, contempt is one of the "remedies provided by law" to the Court under the Stipulation.

<u>Coercive, Civil Contempt</u>. Any exercise of the Court's contempt authority in this matter would be intended to spur Defendants' compliance with the performance measures

that they have contractually agreed to perform. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (describing coercive civil contempt). When Defendants provide the health care required by the Stipulation, the contempt will purge. *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 829 (1994). The power of economic carrots and sticks is clearly understood by Defendants. (Doc. 2295; Doc. 2330 at 195-197) Accordingly, the Court expects this to be an effective and short-lived tool that creates compliance with the Stipulation.

Scope of Contempt. The Stipulation established increasing benchmarks, now at 85%. These benchmarks are a triggering device to inform the parties and the Court whether remedial measures must be imposed. The Court reiterates that the Stipulation requires Defendants to provide all class members with the health care described therein. (Doc. 2179 at 2) Accordingly, any contempt sanction ultimately imposed by the Court will be for every single violation of the Stipulation, not just those below 85%.

Order of Compliance. Defendants submitted two remediation plans and the Court adopted both of them. (Docs. 1619, 2030) For a subset of performance measures, these remediation plans have failed. The Court has provided Defendants wide latitude to revise their remediation plans over the last two years. As a result, the Court has determined that requiring Defendants to submit a revised plan is not necessary. (Doc. 1185-1 at ¶ 36)

Since at least June 2017, Defendants have been on notice that the Court was considering some form of monetary sanction to achieve compliance with the Stipulation. (Docs. 2124, 2236) The Court is now putting Defendants on notice that certain performance measures/locations are subject to possible civil contempt because (1) they were subject to an existing remedial plan and either (a) have not had three or more consecutive months of compliance in the last 12 months or (b) had three consecutive months of compliance nearly one year ago and consistent non-compliance since then.[1]

---

[1] This second category applies to PM 51 at Florence and Tucson and PM 66 at Florence, Lewis, and Tucson.

**IT IS THEREFORE ORDERED** that, effective immediately, Defendants shall comply with the following performance measures at the following prisons for every class member:

- Performance Measure 11 ("Newly prescribed provider-ordered formulary medications will be provided to the inmate within 2 business days after prescribed, or on the same day, if prescribed STAT.") at Eyman and Lewis;

- Performance Measure 35 ("All inmate medications (KOP and DOT) will be transferred with and provided to the inmate or otherwise provided at the receiving prison without interruption.") at Eyman, Florence, Lewis, and Tucson;

- Performance Measure 39 ("Routine provider referrals will be addressed by a Medical Provider and referrals requiring a scheduled provider appointments will be seen within fourteen calendar days of the referral.") at Lewis;

- Performance Measure 44 ("Inmates returning from an inpatient hospital stay or ER transport with discharge recommendations from the hospital shall have the hospital's treatment recommendations reviewed and acted upon by a medical provider within 24 hours.") at Eyman;

- Performance Measure 46 ("A Medical Provider will review the diagnostic report, including pathology reports, and act upon reports with abnormal values within five calendar days of receiving the report at the prison.") at Eyman, Florence, Perryville, and Tucson;

- Performance Measure 47 ("A Medical Provider will communicate the results of the diagnostic study to the inmate upon request and within seven calendar days of the date of the request.") at Eyman, Florence, Lewis, Phoenix, Perryville, and Tucson;

- Performance Measure 50 ("Urgent specialty consultations and urgent specialty diagnostic services will be scheduled and completed within 30 calendar days of the consultation being requested by the provider.") at Florence;

- Performance Measure 51 ("Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider.") at Eyman, Florence, and Tucson;

- Performance Measure 52 ("Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report.") at Florence

- Performance Measure 54 ("Chronic disease inmates will be seen by the provider as specified in the inmate's treatment plan, no less than every 180 days unless the provider documents a reason why a longer time frame can be in place.") at Eyman; and

- Performance Measure 66 ("In an IPC, a Medical Provider encounters will occur at a minimum every 72 hours.") at Florence, Lewis, and Tucson.

**IT IS FURTHER ORDERED** that, by Friday, January 5, 2018, Defendants shall file a list of every instance of non-compliance with this Order during December 2017. Defendants shall file a redacted list on the public docket and an unredacted list under seal.

**IT IS FURTHER ORDERED** that, on Tuesday, January 9, 2018, Defendants shall show cause as to why the Court should not impose a civil contempt sanction of $1,000 per incident of non-compliance commencing the month of December 2017. If the Court finds clear and convincing evidence that Defendants have failed to take all reasonable steps to comply with this Order, the Court shall impose civil contempt sanctions on Defendants.

Dated this 10th day of October, 2017.

_____
David K. Duncan
United States Magistrate Judge