Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
afletcher@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-DKD <br><br><br> **DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT ORDER (DOC. 2373)** |

Defendants Charles Ryan and Richard Pratt respectfully move for reconsideration of the Court's October 10, 2017 Show Cause Order (DOC. 2373) establishing a potential $1,000.00 sanction for each instance of noncompliance with eleven healthcare performance measures (HCPMs) at specific complexes. (*Id.*) Specifically, Defendants request that the Court reconsider the January 5, 2018 deadline for 100% reporting of eleven HCPMs at various complexes.[1]

**I.     INTRODUCTION**

On October 10, 2017, the Court issued an Order requiring Defendants to monitor 100% of ADC inmates subject to the affected HCPMs and complexes for the period December 1, 2017 to December 31, 2017, and to file a report *five* days later, January 5, 2018, listing every instance of noncompliance. (*Id.*)  The HCPMs and complexes at issue are:

> **HCPM 11** ("Newly prescribed provider-ordered formulary medications will be provided to the inmate within 2 business days after prescribed, or on the same day, if prescribed STAT.") at **Eyman and Lewis**.
>
> **HCPM 35** ("All inmate medications (KOP and DOT) will be transferred with and provided to the inmate or otherwise provided at the receiving prison without interruption.") at **Eyman, Florence, Lewis, and Tucson.**
>
> **HCPM 39** ("Routine provider referrals will be addressed by a Medical Provider and referrals requiring a scheduled provider appointments will be seen within fourteen calendar days of the referral.") at **Lewis.**
>
> **HCPM 44** ("Inmates returning from an inpatient hospital stay or ER transport with discharge recommendations from the hospital shall have the hospital's treatment recommendations reviewed and acted upon by a medical provider within 24 hours.") at **Eyman.**
>
> **HCPM 46** ("A Medical Provider will review the diagnostic report, including pathology reports, and act upon reports with abnormal values

---

[1] Defendants maintain that the Court cannot require Defendants to perform 100% monitoring and compliance with the HCPMs when nothing in the Stipulation requires Defendants to do so. (Doc. 1185; 1779; and 1821.)

1

within five calendar days of receiving the report at the prison.") at **Eyman, Florence, Perryville, and Tucson.**

**HCPM 47** ("A Medical Provider will communicate the results of the diagnostic study to the inmate upon request and within seven calendar days of the date of the request.") at **Eyman, Florence, Lewis, Phoenix, Perryville, and Tucson**.

**HCPM 50** ("Urgent specialty consultations and urgent specialty diagnostic services will be scheduled and completed within 30 calendar days of the consultation being requested by the provider.") at **Florence**.

**HCPM 51** ("Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider.") at **Eyman, Florence, and Tucson**.

**HCPM 52** ("Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report.") at **Florence.**

**HCPM 54** ("Chronic disease inmates will be seen by the provider as specified in the inmate's treatment plan, no less than every 180 days unless the provider documents a reason why a longer time frame can be in place.") at **Eyman.**

**HCPM 66** ("In an IPC, a Medical Provider encounters will occur at a minimum every 72 hours.") at **Florence, Lewis, and Tucson**.

## II.  REPORTING 100% MONITORING WITHIN FIVE DAYS CREATES AN UNDUE BURDEN

The potential number of inmate records Defendants (ADC's Health Services Contract Monitoring Bureau) will need to review to comply with the Court's Show Cause Order for the affected HCPMs is staggering and imposes an undue burden. Below are three examples of the burden that the Order creates for ADC's Monitoring Bureau, notwithstanding the January 5, 2018 deadline.

First, HCPM 35 requires that all medications, KOP and DOT, are to be transferred with and provided to the inmate at the receiving prison without interruption. (DOC. 1185-1 at 10.) There are approximately 90,000 transfers of ADC inmates per year statewide,

1 meaning that in an average month, there will be at least 7,000-8,000 inmate transfers. 2 (Exhibit 1, Declaration of Richard Pratt at ¶ 15.)  Of these, approximately 1,000 are 3 intersystem transfers (versus intrasystem transfers where an inmate moves within a 4 complex).  (*Id*.)  The Court's Show Cause Order requires reviewing all of the inmate 5 transfers to Eyman, Florence, Lewis, and Tucson, which together comprise the vast 6 majority of all intersystem transfers at ADC and could easily exceed 700 inmate charts 7 that ADC's Monitoring Bureau must monitor and potentially report on for December 8 2017. (*Id*. at ¶¶ 16-17.)  But under the Stipulation, by contrast, Defendants are required to 9 review only ten randomly selected charts per yard for this measure. (Doc. 1185-1 at 23.) 10 Typically, it takes ADC's Monitoring Bureau about 20 hours to monitor HCPM 35 at the 11 four complexes subject to the Court's Order employing the Stipulation's methodology. 12 (Ex. 1 at ¶ 18.)  By comparison, it will take over three times that long if Defendants are 13 required to monitor 100% of applicable inmates for PM 35.  (*Id*. at ¶ 19.)

14 　　　　　Second, HCPM 46 requires that a medical provider review diagnostic reports and 15 act upon reports with abnormal values within five calendar days of receipt. (Doc. 1185-1 16 at 25.)  The Court's Order applies to Eyman, Florence, Perryville, and Tucson, which 17 receive the vast majority of the diagnostic reports statewide in any given month. (Ex. 1 at 18 ¶ 21.)  As previously reported to the Court in response to the Court's Sanctions Order 19 (Doc. 2124), in a typical month, there are approximately 300 x-rays and 5,000 labs taken 20 at the seven complexes that were subject to the previous Sanctions Order.  (*Id*. at ¶ 23.) 21 Compliance with the Court's present Show Cause Order will likewise require ADC's 22 Monitoring Bureau to review thousands of diagnostic reports received at the four 23 complexes at issue and make a clinical determination as to which of these contain 24 abnormal values and whether a provider acted upon them. (*Id*.)  By comparison, the 25 Stipulation requires review of only ten randomly selected charts per yard at these 26 complexes. (Doc. 1185-1 at 25.) Reviewing ten randomly selected charts for HCPM 46 27 currently takes the monitors about an hour per yard. (Ex. 1 at ¶ 22.)  Using this as a guide, 28 reviewing 100% of diagnostic reports could take hundreds of hours.

3

1    Third, the Court's Order regarding HCPM 66 applies to inmates in the IPCs at Florence, Lewis, and Tucson. And while the Stipulation requires monitoring of only ten randomly selected inmate charts per IPC (Doc. 1185-1 at 29), the Court's Show Cause Order requires monitoring all inmates in each of these IPCs to determine if they received a round from a medical provider at least every 72 hours. The number of inmates at each IPC may fluctuate from day to day depending on inmate needs, acuity levels, and hospital transfers, but the Florence IPC has 57 beds, Tucson has 66 beds, and Lewis has 13 beds. (Ex. 1 at ¶ 26.) The Court's Show Cause Order requires Defendants to review more than four times as many records than the Stipulation does for this measure.

As the Court is aware, it takes substantial resources and time to monitor and prepare the CGAR reports each month, typically 30-45 days from the end of the month. Forcing Defendants to engage in 100% real time monitoring with respect to the eleven HCPMs at issue and then report the numbers *five* days later would impose an undue burden on ADC's monitoring operations, would require significant alteration of monitoring resources, and would impede and delay timely completion of monitoring and reporting on the remaining 101 HCPMs required by the Stipulation to be monitored and reported monthly. In short, Defendants do not have the capability to provide real time reporting by January 5, 2018, as this Court requires. (*Id.* at ¶ 29.) Furthermore, Corizon defers to ADC's Monitoring Bureau to provide the Court with the required real time monitoring and reporting where real time reporting conducted instead by Corizon would impair Corizon's efforts to achieve compliance with the HCPMs. (Exhibit 2, Declaration of Roland Maldonado at ¶¶ 4-7.) For these reasons, and at a minimum, Defendants request until February 5, 2018 to report December 2017 data.

/ / /
/ / /
/ / /
/ / /
/ / /

4

## III. CONCLUSION

For these reasons, Defendants respectfully request the Court reconsider the January 5, 2018 deadline in its Show Cause Order and allow Defendants an additional 30 days, or until February 5, 2018, to comply with its Order.

DATED this 24th day of October 2017.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Fletcher
   Jacob B. Lee
   Kevin R. Hanger
   Timothy M. Ray
   Richard M. Valenti
   Jamie D. Guzman
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Mark Brnovich
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   1275 W. Washington Street
   Phoenix, Arizona 85007-2926

   *Attorneys for Defendants*

5

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck