Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Kathleen L. Wieneke, Bar No. 011139
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Anne M. Orcutt, Bar No. 029387
Jacob B. Lee, Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@swlfirm.com
kwieneke@swlfirm.com
rlove@swlfirm.com
tbojanowski@swlfirm.com
nacedo@swlfirm.com
afletcher@swlfirm.com
aorcutt@swlfirm.com
jlee@swlfirm.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                    Plaintiffs,<br><br>        v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                    Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DECLARATION OF DANIEL P. STRUCK** |

I, **DANIEL P. STRUCK**, make the following Declaration:

1.      I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2.      I am an attorney licensed to practice in the State of Arizona and have practiced in Arizona for 29 years.  I am a managing partner of Struck Love Bojanowski Acedo ("Struck Love") and counsel of record for Defendants in *Parsons, et al. v. Ryan, et al*.

3.      On March 9, 2017, I received an email from Don Specter requesting $458,315.96 for fees and expenses pursuant to Paragraph 43 of the Stipulation.  *See* Attachment 1 (March 9, 2017 Correspondence from Specter to Struck).

4.      On March 9, 2017, I responded to Mr. Specter's email correspondence, and advised that Defendants would like to try and resolve the fees issue without court intervention.  *See* Attachment 2 (March 9, 2017 Correspondence from Struck to Specter). I informed Mr. Specter that I would review the bills to ascertain whether the fees Plaintiffs sought were recoverable.  *Id*.  I advised Mr. Specter that ". . . the more detailed [ ] your billing descriptions are, the easier this process is going to be for plaintiffs and ADC." *Id*.

5.      Mr. Specter responded, "I think it would be good for us to understand how you would like the time to be described to avoid future issues."  *Id*.

6.      On March 20, 2017, I informed Mr. Specter of the concerns Defendants had "regarding insufficient specificity of some of the billing entries."  *See* Attachment 3 (March 20, 3017 Correspondence from Struck to Specter).  But, that I was hopeful that "it is something that you folks can clear up."  *Id*.  I told Mr. Specter that, "My plan is to provide to you a response which highlights the entries that we would request additional specificity." *Id*.

7.      On March 28, 2017, after Mr. Specter inquired into the status of the highlighted bills, I advised that going line by line was a tedious task that was more time consuming than originally thought, but that we were working to provide the highlighted

invoices to him. *See* Attachment 4 (March 28, 2017 Correspondence from Struck to Specter).

8.      On April 17, 2017, I provided Plaintiffs' counsel with a highlighted version of their 116 page invoice. *See* Attachment 5 (April 17, 2017 Correspondence from Struck to Specter). In my correspondence, I conceded that Plaintiffs are entitled to fees and costs beyond the $250,000 set forth in the Stipulation for work performed in monitoring, but advised that Plaintiffs included entries beyond what Paragraph 43 permits recovery of (site visits, drafting advocacy letters, document review, etc.). *Id*. I then explained how Defendants highlighted the bill:  blue highlights represented items in which Defendants did not believe Plaintiffs were entitled to reimbursement for under the Stipulation and yellow highlights represented items in which Defendants needed more detail to determine if Plaintiffs were entitled to reimbursement. *Id*. I also requested that block billed time be broken down into separate time entries for each task. *Id*. With respect to the expert bills, I noted that there was no detail provided, and requested Plaintiffs submit revised, detailed bills. *Id*.

9.      On April 19, 2017, Mr. Specter responded to my April 17, 2017 email correspondence, advising, "We disagree and maintain that the time records that we submitted to you contain sufficient detail to be accepted by the Court." *See* Attachment 6 (April 19, 2017 Correspondence from Specter to Struck). Mr. Specter advised, "We are not going to spend the enormous amount of time it would take to revise these records. . ." *Id*.  I responded that it was not unreasonable to request additional detail, and advised of my availability to discuss the issue further. *Id*.

10.     On April 20, 2017, Mr. Specter and I participated in a telephonic meet-and-confer regarding the fee issue. *See* Attachment 7 (April 20, 2017 Correspondence from Specter to Struck). As requested, Mr. Specter sent me the requested justification for Dr. Wilcox's fees. *Id.*  In response, I requested Dr. Wilcox and the other experts' billing records. *Id*. I again advised, "The more detail you can provide will make this easier to understand these bills and justify how they relate to enforcement. . ." *Id*.

2

11.     On April 24, 2017, Mr. Specter provided Dr. Wilcox's billing records.  *See* Attachment 8 (April 24, 2017 Correspondence from Specter to Struck).

12.     On April 25, 2017, I advised Mr. Specter that Defendants were still waiting for the billing records from other experts.   *See* Attachment 9 (April 25, 2017 Correspondence from Struck to Specter).  And again advised, ". . . if the time entry states the performance measure you folks are working on, and that plaintiffs prevailed in an enforcement action with respect to the performance measure, plaintiffs are entitled to those fees under the Stipulation."  *Id*.

13.     I sent a follow up email thereafter, clarifying that if Plaintiffs withdrew from the motion to enforce or did not prevail, that the Stipulation did not allow for Plaintiffs to be compensated for the time spent on those measures.  *Id*.

14.     On April 26, 2017, Mr. Specter responded, and inquired whether Defendants rejected Plaintiffs' settlement offer to reduce the bill by 5% if the rest of the bill was paid without question.   *See* Attachment 10 (April 26, 2017 Correspondence from Specter to Struck) I advised that Defendants had rejected this offer.  *Id*.  I also reminded Mr. Specter that Defendants still had not received billing records other than Dr. Wilcox's. *Id*.

15.     In the last discussion I had with Mr. Specter, he stated that Plaintiffs would not provide additional detail regarding their billing records and that he believed that ALL of their fees and their experts' bills were compensable because it was time spent "enforcing" the Stipulation.  He disagreed with me that the Stipulation limited the amount of fees and expenses they could request from the Court and that they could do whatever they wanted with respect to the Stipulation and it would all be compensated.

16.     There was no further discussion regarding the fees issue, and Plaintiffs filed their Motion for Attorneys' Fees on September 5, 2017.

17.     Plaintiffs' Motion sought the fees previously discussed between the parties, as well as an additional six months of time that had not previously been presented to Defendants.

3

18.    Additionally, Plaintiffs' Motion seeks an enhancement/multiplier.  This was never anticipated by the parties when drafting the Stipulation, and Mr. Specter never advised during our attempt to settle these claims that Plaintiffs would seek an enhancement/multiplier.

19.    None of Plaintiffs' time entries assist in determining whether they were the prevailing party with respect to the dispute moved on, and Plaintiffs have made no effort to revise the time entries to include this required information, despite Defendants' requests to do so.  Copies of the highlighted bills are attached as Attachment 11.  As described above, the yellow highlights represent billing entries for which more detail is needed to determine whether Plaintiffs are entitled to the fees pursuant to Paragraph 43 of the Stipulation, and the blue highlights represent billing entries that Plaintiffs are not entitled to fees for because they are clearly monitoring, clerical, or otherwise insufficient to meet the reimbursement requirements of Paragraph 43.

20.    Defense counsel at Struck Love bill the following rates in this matter:

      a.    Partner: $210

      b.    Associate: $195

      c.    Paralegal: $125

      d.    Law Clerk: $65

21.    These rates are consistent with the market rate for attorneys in the Phoenix area.

22.    Defense counsel captures their time in the fashion they requested from Plaintiffs, as they must distinguish between maximum custody and medical performance measures for billing purposes.

23.    If Struck Love submitted bills to their clients as they Plaintiffs have, their clients would refuse to pay and demand specific information as to what work was done by the attorneys.

24.    Numerous Plaintiffs' attorneys throughout the State of Arizona routinely take and prosecute inmate claims.  I know this because I defend the claims brought by

4

1    these attorneys and have done so for 29 years.   That inmate claims are subject to the

2    PLRA rate has not and does not stop attorneys from bringing claims on behalf of inmates.

3            I declare under penalty of perjury that the foregoing is true and correct.

4            Executed this 23rd day of October, 2017.

5

6            _____

7            DANIEL P. STRUCK

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**ATTACHMENT 1**

**ATTACHMENT 1**



**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, March 09, 2017 3:49 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

I think it would be good for us to understand how you would like the time to be described to avoid future issues. I'll be out of the office on Monday and Tuesday, but in the meantime please feel free to discuss this with David and Corene.

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, March 09, 2017 2:19 PM
**To:** Don Specter
**Cc:** David Fathi
**Subject:** RE: Litigation Expenses and Fees

Don,

I have been in trial for much of February, and this week, had hip surgery in LA, so I've been a bit out of the loop. I agree with you that it makes sense to first try and come to a meeting of the minds with regard to these fees, and if there can be some agreement, resolve it without having to bring it to the judge. One other issue at play is with respect to

Corizon's responsibility for some of these fees pursuant to the contract with the state.  I plan on taking a look at your fee request next week, and will address with you any questions that we may have with the particular line items, including whether we need more detail from you folks to ascertain whether this is a "Corizon" responsibility or whether it is an "ADC" responsibility.  I know that you folks just want to get paid, but the more detailed the your billing descriptions are, the easier this process is going to be for plaintiffs and ADC.  If you have any questions about what this means, let's talk on Monday if you're available.

Dan



**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, March 09, 2017 2:53 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>
**Subject:** FW: Litigation Expenses and Fees
**Importance:** High

Dan,

As you know, we've been doing a ton of work that falls outside of regular monitoring and is compensable under paragraph 43 of the Stipulation.  We submitted a bill to Lucy and got the response below.  According to Lucy's email, she denied our request for fees because she believes only the judge can determine the amount, which is to say the least, ridiculous.  Of course, we are prepared to litigate this issue, but would like to avoid the time and expense of fees litigation, especially since there are so many other motions and appeals at issue now.

Let me know if you think this is something we can work out.

Don

---

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, March 08, 2017 3:04 PM
**To:** 'Don Specter'
**Cc:** Dan Struck; Tim Bojanowski; David Fathi; Elaine Percevecz; Gottfried, Michael; Brad Keogh; PRATT, RICHARD
**Subject:** RE: Litigation Expenses and Fees
**Importance:** High

Dear Don,

Defendants have reviewed Plaintiffs' 116 pages of invoices of "Litigation Expenses and Fees" from the Prison Law Office (for the period from October 1, 2015 through December 31, 2016), the ACLU-NPP (for the period from January 6, 2016

through December 31, 2016), and Eidenbach Law (for the period from February 1, 2016 through December 31, 2016) for the total amount of $458,315.96. Defendants deny Plaintiffs' request for payment for the reasons discussed below. (Attached hereto is Plaintiffs' invoices with the pages numbered in Adobe Acrobat to match the citations listed in the discussion below and the invoices bookmarked.)

1.   **Only the Court may determine which attorneys' fees and costs for which Defendants shall reimburse Plaintiffs.** Pursuant to the Stipulation, "Defendants agree[d] that they [would] pay reasonable attorneys' fees and costs, including expert costs, *to be determined by the Court.*"). (Doc. 1185 at 16, Paragraph 43 (emphasis added).)

2.   **Only work that falls under Paragraph 43 of the Stipulation is reimbursable as a litigation fee or expense.** Paragraph 43 states as follows: "In the event that Plaintiffs move to enforce any aspect of this Stipulation and the Plaintiffs are the prevailing party with respect to the dispute, the Defendants agree that they will pay reasonable attorneys' fees and costs, including expert costs, to be determined by the Court." (*Id.*) Paragraph 44 states that Plaintiffs "shall be compensated for work performed or costs incurred to monitor or enforce the relief set forth in this Stipulation up to $250,000 per calendar year." (*Id.*)

- **Work that falls under Paragraph44** is not reimbursable as a litigation fee or expense and includes, but is not limited to, the following examples:
  - site visits, including expert attendance (PLO Fees Invoice at 2-3, 23-25, 27, 29, 30; PLO Exp. Invoice at 1; ACLU Fees Invoice at 2);
  - drafting or review of advocacy letters (PLO Fees Invoice at 2, 15, 22 );
  - selection of monthly requested documents (PLO Fees Invoice at 2);
  - review of monthly requested documents (PLO Fees Invoice at 6; ACLU Fees Invoice at 1);
  - review of monthly monitoring reports (e.g., CGAR; CAP) (PLO Fees Invoice at 3, 7, 18, 20, 26, 29-31; ACLU Fees Invoice at 5-6, 32);
  - charting of data and performance measures (PLO Fees Invoice at 2, 8, 9, 15, 18, 21, 23);
  - discovery issues and/or disputes, including eOMIS (PLO Fees Invoice at 3-6, 18-19, 21-22, 28; ACLU Fees Invoice at 3, 6, 32; Eidenbach Invoice at 2);
  - negotiations regarding the nuances of how to monitor (PLO Fees Invoice at 1-31);
  - letters/notices that allege non-compliance (and a myriad of other often unsubstantiated claims) (PLO Fees Invoice at 1).
- **Other work** that does not fall under either Paragraph 43 or 44 is not reimbursable as a litigation fee or expense and includes, but is not limited to, the following examples:
  - Relief not contemplated by the Stipulation and for which Plaintiffs did not prevail: staffing (PLO Fees Invoice at 7-9, 11-13; ACLU Fees Invoice at 1, 3, 5);
  - Pacer billing (all parties and their staff of record receive free copies of filings) (ACLU Exp. Invoice at 2-3)
  - Plaintiffs' communications with the press (PLO Fees Invoice at 6; ACLU Fees Invoice at 10).

Indeed, only work related to the litigation of the enforcement of a performance measure for which Plaintiffs prevailed is reimbursable.

3.   **Non-reimbursable entries must be broken out from potentially reimbursable entries.** Plaintiffs lump both non-reimbursable and potentially reimbursable entries into one entry and request payment for both. (*Id.* at 2 ()The Stipulation only permits reimbursement for reimbursable work as defined by Paragraph 43. (*Id.*)

4.   **Entries must clearly describe the work that was performed and the related performance measure and location so that it can be determined whether the work is reimbursable.** Many of the entries are so vague that it cannot be discerned what work was performed. Furthermore, without knowing to which performance measure and location (complex for health care performance measures and unit for maximum custody performance measures) the work relates, it cannot be discerned whether the issue was brought before the Court and whether Plaintiffs prevailed on the issue.

5.   **Only "reasonable" work is reimbursable.** Defendants have consistently objected to Plaintiffs' billing of paralegals at the same rate as attorneys and it is doubtful that the Court will agree that this practice is "reasonable". Additionally, Defendants have reimbursed Plaintiffs' for paralegal work at a lower rate than attorney work.

For the foregoing reasons, Defendants deny Plaintiffs' request for payment of "Litigation Expenses and Fees."

Sincerely,
Lucy M. Rand



**Lucy M. Rand, Assistant Attorney General**
ARIZONA ATTORNEY GENERAL'S OFFICE
Direct: 602-542-7683
Secretary: 602-542-2470 Griselda Ybarra
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-2470, and delete the original message. Thank you.

**From:** Rand, Lucy
**Sent:** Thursday, February 23, 2017 4:33 PM
**To:** 'Don Specter'
**Cc:** Dan Struck; Tim Bojanowski; David Fathi
**Subject:** RE: Litigation Expenses and Fees

Don,

I have received your expenses and will review them and respond shortly.

Thank you.



**Lucy M. Rand, Assistant Attorney General**
ARIZONA ATTORNEY GENERAL'S OFFICE
Direct: 602-542-7683
Secretary: 602-542-2470 Griselda Ybarra
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-2470, and delete the original message. Thank you.

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, February 23, 2017 3:59 PM
**To:** Rand, Lucy
**Cc:** Dan Struck; Tim Bojanowski; David Fathi
**Subject:** Litigation Expenses and Fees

Lucy,

Pursuant to paragraph 43 of the Stipulation, we request payment of $458,315.96 for fees and expenses for enforcing provisions of the stipulation from October 1, 2015 through December 31, 2016.

We look forward to your prompt response.

Don

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a

4

Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**ATTACHMENT 2**

**ATTACHMENT 2**



**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, March 09, 2017 3:49 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

I think it would be good for us to understand how you would like the time to be described to avoid future issues. I'll be out of the office on Monday and Tuesday, but in the meantime please feel free to discuss this with David and Corene.

Don

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, March 09, 2017 2:19 PM
**To:** Don Specter
**Cc:** David Fathi
**Subject:** RE: Litigation Expenses and Fees

Don,

I have been in trial for much of February, and this week, had hip surgery in LA, so I've been a bit out of the loop. I agree with you that it makes sense to first try and come to a meeting of the minds with regard to these fees, and if there can be some agreement, resolve it without having to bring it to the judge. One other issue at play is with respect to Corizon's responsibility for some of these fees pursuant to the contract with the state. I plan on taking a look at your fee request next week, and will address with you any questions that we may have with the particular line items, including whether we need more detail from you folks to ascertain whether this is a "Corizon" responsibility or whether it is an "ADC" responsibility. I know that you folks just want to get paid, but the more detailed the your billing descriptions are, the easier this process is going to be for plaintiffs and ADC. If you have any questions about what this means, let's talk on Monday if you're available.

Dan

 **Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

---

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, March 09, 2017 2:53 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>
**Subject:** FW: Litigation Expenses and Fees
**Importance:** High

Dan,

As you know, we've been doing a ton of work that falls outside of regular monitoring and is compensable under paragraph 43 of the Stipulation. We submitted a bill to Lucy and got the response below. According to Lucy's email, she denied our request for fees because she believes only the judge can determine the amount, which is to say the least, ridiculous. Of course, we are prepared to litigate this issue, but would like to avoid the time and expense of fees litigation, especially since there are so many other motions and appeals at issue now.

Let me know if you think this is something we can work out.

Don

**From:** Rand, Lucy [mailto:Lucy.Rand@azaq.gov]
**Sent:** Wednesday, March 08, 2017 3:04 PM
**To:** 'Don Specter'
**Cc:** Dan Struck; Tim Bojanowski; David Fathi; Elaine Percevecz; Gottfried, Michael; Brad Keogh; PRATT, RICHARD
**Subject:** RE: Litigation Expenses and Fees
**Importance:** High

Dear Don,

Defendants have reviewed Plaintiffs' 116 pages of invoices of "Litigation Expenses and Fees" from the Prison Law Office (for the period from October 1, 2015 through December 31, 2016), the ACLU-NPP (for the period from January 6, 2016 through December 31, 2016), and Eidenbach Law (for the period from February 1, 2016 through December 31, 2016) for the total amount of $458,315.96. Defendants deny Plaintiffs' request for payment for the reasons discussed below. (Attached hereto is Plaintiffs' invoices with the pages numbered in Adobe Acrobat to match the citations listed in the discussion below and the invoices bookmarked.)

**1.   Only the Court may determine which attorneys' fees and costs for which Defendants shall reimburse Plaintiffs.** Pursuant to the Stipulation, "Defendants agree[d] that they [would] pay reasonable attorneys' fees and costs, including expert costs, *to be determined by the Court*."). (Doc. 1185 at 16, Paragraph 43 (emphasis added).)

**2.   Only work that falls under Paragraph 43 of the Stipulation is reimbursable as a litigation fee or expense.** Paragraph 43 states as follows: "In the event that Plaintiffs move to enforce any aspect of this Stipulation and the Plaintiffs are the prevailing party with respect to the dispute, the Defendants agree that they will pay reasonable attorneys' fees and costs, including expert costs, to be determined by the Court." (*Id.*) Paragraph 44 states that Plaintiffs "shall be compensated for work performed or costs incurred to monitor or enforce the relief set forth in this Stipulation up to $250,000 per calendar year." (*Id.*)
- **Work that falls under Paragraph 44** is not reimbursable as a litigation fee or expense and includes, but is not limited to, the following examples:
  - site visits, including expert attendance (PLO Fees Invoice at 2-3, 23-25, 27, 29, 30; PLO Exp. Invoice at 1; ACLU Fees Invoice at 2);
  - drafting or review of advocacy letters (PLO Fees Invoice at 2, 15, 22 );
  - selection of monthly requested documents (PLO Fees Invoice at 2);
  - review of monthly requested documents (PLO Fees Invoice at 6; ACLU Fees Invoice at 1);
  - review of monthly monitoring reports (e.g., CGAR; CAP) (PLO Fees Invoice at 3, 7, 18, 20, 26, 29-31; ACLU Fees Invoice at 5-6, 32);
  - charting of data and performance measures (PLO Fees Invoice at 2, 8, 9, 15, 18, 21, 23);
  - discovery issues and/or disputes, including eOMIS (PLO Fees Invoice at 3-6, 18-19, 21-22, 28; ACLU Fees Invoice at 3, 6, 32; Eidenbach Invoice at 2);
  - negotiations regarding the nuances of how to monitor (PLO Fees Invoice at 1-31);
  - letters/notices that allege non-compliance (and a myriad of other often unsubstantiated claims) (PLO Fees Invoice at 1).
- **Other work** that does not fall under either Paragraph 43 or 44 is not reimbursable as a litigation fee or expense and includes, but is not limited to, the following examples:

- o  Relief not contemplated by the Stipulation and for which Plaintiffs did not prevail: staffing (PLO Fees Invoice at 7-9, 11-13; ACLU Fees Invoice at 1, 3, 5);
- o  Pacer billing (all parties and their staff of record receive free copies of filings) (ACLU Exp. Invoice at 2-3)
- o  Plaintiffs' communications with the press (PLO Fees Invoice at 6; ACLU Fees Invoice at 10).

Indeed, only work related to the litigation of the enforcement of a performance measure for which Plaintiffs prevailed is reimbursable.

**3.   Non-reimbursable entries must be broken out from potentially reimbursable entries.**  Plaintiffs lump both non-reimbursable and potentially reimbursable entries into one entry and request payment for both. (*Id.* at 2 ()The Stipulation only permits reimbursement for reimbursable work as defined by Paragraph 43. (*Id.*)

**4.   Entries must clearly describe the work that was performed and the related performance measure and location so that it can be determined whether the work is reimbursable.**  Many of the entries are so vague that it cannot be discerned what work was performed. Furthermore, without knowing to which performance measure and location (complex for health care performance measures and unit for maximum custody performance measures) the work relates, it cannot be discerned whether the issue was brought before the Court and whether Plaintiffs prevailed on the issue.

**5.   Only "reasonable" work is reimbursable.**  Defendants have consistently objected to Plaintiffs' billing of paralegals at the same rate as attorneys and it is doubtful that the Court will agree that this practice is "reasonable".  Additionally, Defendants have reimbursed Plaintiffs' for paralegal work at a lower rate than attorney work.

For the foregoing reasons, Defendants deny Plaintiffs' request for payment of "Litigation Expenses and Fees."

Sincerely,
Lucy M. Rand



**Lucy M. Rand, Assistant Attorney General**
ARIZONA ATTORNEY GENERAL'S OFFICE
**Direct: 602-542-7683**
**Secretary: 602-542-2470 Griselda Ybarra**
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-2470, and delete the original message. Thank you.

---

**From:** Rand, Lucy
**Sent:** Thursday, February 23, 2017 4:33 PM
**To:** 'Don Specter'
**Cc:** Dan Struck; Tim Bojanowski; David Fathi
**Subject:** RE: Litigation Expenses and Fees

Don,

I have received your expenses and will review them and respond shortly.

Thank you.



**Lucy M. Rand, Assistant Attorney General**
ARIZONA ATTORNEY GENERAL'S OFFICE
**Direct: 602-542-7683**
**Secretary: 602-542-2470 Griselda Ybarra**
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-2470, and delete the original message. Thank you.

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, February 23, 2017 3:59 PM
**To:** Rand, Lucy
**Cc:** Dan Struck; Tim Bojanowski; David Fathi
**Subject:** Litigation Expenses and Fees

Lucy,

Pursuant to paragraph 43 of the Stipulation, we request payment of $458,315.96 for fees and expenses for enforcing provisions of the stipulation from October 1, 2015 through December 31, 2016.

We look forward to your prompt response.

Don

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**ATTACHMENT 3**

**ATTACHMENT 3**





**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Monday, March 20, 2017 2:30 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick
**Subject:** RE: Litigation Expenses and Fees

Don,

I apologize that I haven't gotten back to you on this yet.   Being out for most of the week in the hospital, and not getting back up to speed as quickly as I would have liked has put me in catch-up mode.   I will be able to give you a definitive response by the end of the week.   At first glance, I do have some concern regarding insufficient specificity of some of the billing entries, but I'm sure it is something that you folks can clear up.   My plan is to provide to you a response which highlights the entries that we would request additional specificity.   Thanks!

Dan


**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Saturday, March 18, 2017 6:27 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

Have you reviewed the fee issue?  Could you let us know whether this can be resolved or not.  Thanks

Don

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, March 09, 2017 2:51 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick
**Subject:** RE: Litigation Expenses and Fees

Thanks Don.



**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, March 09, 2017 3:49 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

I think it would be good for us to understand how you would like the time to be described to avoid future issues.  I'll be out of the office on Monday and Tuesday, but in the meantime please feel free to discuss this with David and Corene.

Don

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, March 09, 2017 2:19 PM

**To:** Don Specter
**Cc:** David Fathi
**Subject:** RE: Litigation Expenses and Fees

Don,

I have been in trial for much of February, and this week, had hip surgery in LA, so I've been a bit out of the loop.   I agree with you that it makes sense to first try and come to a meeting of the minds with regard to these fees, and if there can be some agreement, resolve it without having to bring it to the judge.   One other issue at play is with respect to Corizon's responsibility for some of these fees pursuant to the contract with the state.   I plan on taking a look at your fee request next week, and will address with you any questions that we may have with the particular line items, including whether we need more detail from you folks to ascertain whether this is a "Corizon" responsibility or whether it is an "ADC" responsibility.   I know that you folks just want to get paid, but the more detailed the your billing descriptions are, the easier this process is going to be for plaintiffs and ADC.   If you have any questions about what this means, let's talk on Monday if you're available.

Dan



**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, March 09, 2017 2:53 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>
**Subject:** FW: Litigation Expenses and Fees
**Importance:** High

Dan,

As you know, we've been doing a ton of work that falls outside of regular monitoring and is compensable under paragraph 43 of the Stipulation.  We submitted a bill to Lucy and got the response below.  According to Lucy's email, she denied our request for fees because she believes only the judge can determine the amount, which is to say the least, ridiculous.  Of course, we are prepared to litigate this issue, but would like to avoid the time and expense of fees litigation, especially since there are so many other motions and appeals at issue now.

Let me know if you think this is something we can work out.

Don

**From:** Rand, Lucy [mailto:Lucy.Rand@azaq.gov]
**Sent:** Wednesday, March 08, 2017 3:04 PM
**To:** 'Don Specter'
**Cc:** Dan Struck; Tim Bojanowski; David Fathi; Elaine Percevecz; Gottfried, Michael; Brad Keogh; PRATT, RICHARD
**Subject:** RE: Litigation Expenses and Fees
**Importance:** High

Dear Don,

Defendants have reviewed Plaintiffs' 116 pages of invoices of "Litigation Expenses and Fees" from the Prison Law Office (for the period from October 1, 2015 through December 31, 2016), the ACLU-NPP (for the period from January 6, 2016 through December 31, 2016), and Eidenbach Law (for the period from February 1, 2016 through December 31, 2016) for the total amount of $458,315.96. Defendants deny Plaintiffs' request for payment for the reasons discussed below. (Attached hereto is Plaintiffs' invoices with the pages numbered in Adobe Acrobat to match the citations listed in the discussion below and the invoices bookmarked.)

1.    **Only the Court may determine which attorneys' fees and costs for which Defendants shall reimburse Plaintiffs.** Pursuant to the Stipulation, "Defendants agree[d] that they [would] pay reasonable attorneys' fees and costs, including expert costs, *to be determined by the Court*."). (Doc. 1185 at 16, Paragraph 43 (emphasis added).)

2.    **Only work that falls under Paragraph 43 of the Stipulation is reimbursable as a litigation fee or expense.** Paragraph 43 states as follows: "In the event that Plaintiffs move to enforce any aspect of this Stipulation and the Plaintiffs are the prevailing party with respect to the dispute, the Defendants agree that they will pay reasonable attorneys' fees and costs, including expert costs, to be determined by the Court." (*Id.*) Paragraph 44 states that Plaintiffs "shall be compensated for work performed or costs incurred to monitor or enforce the relief set forth in this Stipulation up to $250,000 per calendar year." (*Id.*)
   - **Work that falls under Paragraph44** is not reimbursable as a litigation fee or expense and includes, but is not limited to, the following examples:
        o   site visits, including expert attendance (PLO Fees Invoice at 2-3, 23-25, 27, 29, 30; PLO Exp. Invoice at 1; ACLU Fees Invoice at 2);
        o   drafting or review of advocacy letters (PLO Fees Invoice at 2, 15, 22 );
        o   selection of monthly requested documents (PLO Fees Invoice at 2);
        o   review of monthly requested documents (PLO Fees Invoice at 6; ACLU Fees Invoice at 1);
        o   review of monthly monitoring reports (e.g., CGAR; CAP) (PLO Fees Invoice at 3, 7, 18, 20, 26, 29-31; ACLU Fees Invoice at 5-6, 32);
        o   charting of data and performance measures (PLO Fees Invoice at 2, 8, 9, 15, 18, 21, 23);
        o   discovery issues and/or disputes, including eOMIS (PLO Fees Invoice at 3-6, 18-19, 21-22, 28; ACLU Fees Invoice at 3, 6, 32; Eidenbach Invoice at 2);
        o   negotiations regarding the nuances of how to monitor (PLO Fees Invoice at 1-31);
        o   letters/notices that allege non-compliance (and a myriad of other often unsubstantiated claims) (PLO Fees Invoice at 1).
   - **Other work** that does not fall under either Paragraph 43 or 44 is not reimbursable as a litigation fee or expense and includes, but is not limited to, the following examples:
        o   Relief not contemplated by the Stipulation and for which Plaintiffs did not prevail: staffing (PLO Fees Invoice at 7-9, 11-13; ACLU Fees Invoice at 1, 3, 5);
        o   Pacer billing (all parties and their staff of record receive free copies of filings) (ACLU Exp. Invoice at 2-3)
        o   Plaintiffs' communications with the press (PLO Fees Invoice at 6; ACLU Fees Invoice at 10).

   Indeed, only work related to the litigation of the enforcement of a performance measure for which Plaintiffs prevailed is reimbursable.

3.    **Non-reimbursable entries must be broken out from potentially reimbursable entries.** Plaintiffs lump both non-reimbursable and potentially reimbursable entries into one entry and request payment for both. (*Id.* at 2 ()The Stipulation only permits reimbursement for reimbursable work as defined by Paragraph 43. (*Id.*)

4.    **Entries must clearly describe the work that was performed and the related performance measure and location so that it can be determined whether the work is reimbursable.** Many of the entries are so vague that it cannot be discerned what work was performed. Furthermore, without knowing to which performance measure and location (complex for health care performance measures and unit for maximum custody performance measures) the work

relates, it cannot be discerned whether the issue was brought before the Court and whether Plaintiffs prevailed on the issue.

5.  **Only "reasonable" work is reimbursable.**  Defendants have consistently objected to Plaintiffs' billing of paralegals at the same rate as attorneys and it is doubtful that the Court will agree that this practice is "reasonable".  Additionally, Defendants have reimbursed Plaintiffs' for paralegal work at a lower rate than attorney work.

For the foregoing reasons, Defendants deny Plaintiffs' request for payment of "Litigation Expenses and Fees."

Sincerely,
Lucy M. Rand



**Lucy M. Rand, Assistant Attorney General**
ARIZONA ATTORNEY GENERAL'S OFFICE
Direct: 602-542-7683
Secretary: 602-542-2470 Griselda Ybarra
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-2470, and delete the original message. Thank you.

---

**From:** Rand, Lucy
**Sent:** Thursday, February 23, 2017 4:33 PM
**To:** 'Don Specter'
**Cc:** Dan Struck; Tim Bojanowski; David Fathi
**Subject:** RE: Litigation Expenses and Fees

Don,

I have received your expenses and will review them and respond shortly.

Thank you.



**Lucy M. Rand, Assistant Attorney General**
ARIZONA ATTORNEY GENERAL'S OFFICE
Direct: 602-542-7683
Secretary: 602-542-2470 Griselda Ybarra
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-2470, and delete the original message. Thank you.

---

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, February 23, 2017 3:59 PM
**To:** Rand, Lucy
**Cc:** Dan Struck; Tim Bojanowski; David Fathi
**Subject:** Litigation Expenses and Fees

Lucy,

Pursuant to paragraph 43 of the Stipulation, we request payment of $458,315.96 for fees and expenses for enforcing provisions of the stipulation from October 1, 2015 through December 31, 2016.

We look forward to your prompt response.

Don

---

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---

**ATTACHMENT 4**

**ATTACHMENT 4**



---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Tuesday, March 28, 2017 3:38 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick
**Subject:** RE: Litigation Expenses and Fees

Don,

I'm going through the bills.  I'm highlighting the line items in which we will need more specific information from you folks on what you were doing to determine if they are compensable, the items that we don't think are compensable under the stipulation, and the items that we do think you are entitled to reimbursement under the stipulation.  It is a bit more time consuming than I thought it would be.  Sorry for the delay.

Dan



**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Tuesday, March 28, 2017 11:28 AM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

When are you going to provide us with a response?

Don

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Monday, March 20, 2017 2:30 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick
**Subject:** RE: Litigation Expenses and Fees

Don,

I apologize that I haven't gotten back to you on this yet.   Being out for most of the week in the hospital, and not getting back up to speed as quickly as I would have liked has put me in catch-up mode.   I will be able to give you a definitive response by the end of the week.   At first glance, I do have some concern regarding insufficient specificity of some of the billing entries, but I'm sure it is something that you folks can clear up.   My plan is to provide to you a response which highlights the entries that we would request additional specificity.   Thanks!

Dan



**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Saturday, March 18, 2017 6:27 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

Have you reviewed the fee issue?  Could you let us know whether this can be resolved or not.  Thanks

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, March 09, 2017 2:51 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick
**Subject:** RE: Litigation Expenses and Fees

Thanks Don.



**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, March 09, 2017 3:49 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

I think it would be good for us to understand how you would like the time to be described to avoid future issues.  I'll be out of the office on Monday and Tuesday, but in the meantime please feel free to discuss this with David and Corene.

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, March 09, 2017 2:19 PM

**To:** Don Specter
**Cc:** David Fathi
**Subject:** RE: Litigation Expenses and Fees

Don,

I have been in trial for much of February, and this week, had hip surgery in LA, so I've been a bit out of the loop.   I agree with you that it makes sense to first try and come to a meeting of the minds with regard to these fees, and if there can be some agreement, resolve it without having to bring it to the judge.   One other issue at play is with respect to Corizon's responsibility for some of these fees pursuant to the contract with the state.   I plan on taking a look at your fee request next week, and will address with you any questions that we may have with the particular line items, including whether we need more detail from you folks to ascertain whether this is a "Corizon" responsibility or whether it is an "ADC" responsibility.   I know that you folks just want to get paid, but the more detailed the your billing descriptions are, the easier this process is going to be for plaintiffs and ADC.   If you have any questions about what this means, let's talk on Monday if you're available.

Dan



**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, March 09, 2017 2:53 PM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>
**Subject:** FW: Litigation Expenses and Fees
**Importance:** High

Dan,

As you know, we've been doing a ton of work that falls outside of regular monitoring and is compensable under paragraph 43 of the Stipulation.  We submitted a bill to Lucy and got the response below.  According to Lucy's email, she denied our request for fees because she believes only the judge can determine the amount, which is to say the least, ridiculous.  Of course, we are prepared to litigate this issue, but would like to avoid the time and expense of fees litigation, especially since there are so many other motions and appeals at issue now.

Let me know if you think this is something we can work out.

Don

**From:** Rand, Lucy [mailto:Lucy.Rand@azag.gov]
**Sent:** Wednesday, March 08, 2017 3:04 PM
**To:** 'Don Specter'
**Cc:** Dan Struck; Tim Bojanowski; David Fathi; Elaine Percevecz; Gottfried, Michael; Brad Keogh; PRATT, RICHARD
**Subject:** RE: Litigation Expenses and Fees
**Importance:** High

Dear Don,

Defendants have reviewed Plaintiffs' 116 pages of invoices of "Litigation Expenses and Fees" from the Prison Law Office (for the period from October 1, 2015 through December 31, 2016), the ACLU-NPP (for the period from January 6, 2016 through December 31, 2016), and Eidenbach Law (for the period from February 1, 2016 through December 31, 2016) for the total amount of $458,315.96. Defendants deny Plaintiffs' request for payment for the reasons discussed below. (Attached hereto is Plaintiffs' invoices with the pages numbered in Adobe Acrobat to match the citations listed in the discussion below and the invoices bookmarked.)

1. **Only the Court may determine which attorneys' fees and costs for which Defendants shall reimburse Plaintiffs.** Pursuant to the Stipulation, "Defendants agree[d] that they [would] pay reasonable attorneys' fees and costs, including expert costs, *to be determined by the Court*."). (Doc. 1185 at 16, Paragraph 43 (emphasis added).)

2. **Only work that falls under Paragraph 43 of the Stipulation is reimbursable as a litigation fee or expense.** Paragraph 43 states as follows: "In the event that Plaintiffs move to enforce any aspect of this Stipulation and the Plaintiffs are the prevailing party with respect to the dispute, the Defendants agree that they will pay reasonable attorneys' fees and costs, including expert costs, to be determined by the Court." (*Id.*) Paragraph 44 states that Plaintiffs "shall be compensated for work performed or costs incurred to monitor or enforce the relief set forth in this Stipulation up to $250,000 per calendar year." (*Id.*)
   - **Work that falls under Paragraph44** is not reimbursable as a litigation fee or expense and includes, but is not limited to, the following examples:
      - site visits, including expert attendance (PLO Fees Invoice at 2-3, 23-25, 27, 29, 30; PLO Exp. Invoice at 1; ACLU Fees Invoice at 2);
      - drafting or review of advocacy letters (PLO Fees Invoice at 2, 15, 22 );
      - selection of monthly requested documents (PLO Fees Invoice at 2);
      - review of monthly requested documents (PLO Fees Invoice at 6; ACLU Fees Invoice at 1);
      - review of monthly monitoring reports (e.g., CGAR; CAP) (PLO Fees Invoice at 3, 7, 18, 20, 26, 29-31; ACLU Fees Invoice at 5-6, 32);
      - charting of data and performance measures (PLO Fees Invoice at 2, 8, 9, 15, 18, 21, 23);
      - discovery issues and/or disputes, including eOMIS (PLO Fees Invoice at 3-6, 18-19, 21-22, 28; ACLU Fees Invoice at 3, 6, 32; Eidenbach Invoice at 2);
      - negotiations regarding the nuances of how to monitor (PLO Fees Invoice at 1-31);
      - letters/notices that allege non-compliance (and a myriad of other often unsubstantiated claims) (PLO Fees Invoice at 1).
   - **Other work** that does not fall under either Paragraph 43 or 44 is not reimbursable as a litigation fee or expense and includes, but is not limited to, the following examples:
      - Relief not contemplated by the Stipulation and for which Plaintiffs did not prevail: staffing (PLO Fees Invoice at 7-9, 11-13; ACLU Fees Invoice at 1, 3, 5);
      - Pacer billing (all parties and their staff of record receive free copies of filings) (ACLU Exp. Invoice at 2-3)
      - Plaintiffs' communications with the press (PLO Fees Invoice at 6; ACLU Fees Invoice at 10).

   Indeed, only work related to the litigation of the enforcement of a performance measure for which Plaintiffs prevailed is reimbursable.

3. **Non-reimbursable entries must be broken out from potentially reimbursable entries.** Plaintiffs lump both non-reimbursable and potentially reimbursable entries into one entry and request payment for both. (*Id.* at 2 ())The Stipulation only permits reimbursement for reimbursable work as defined by Paragraph 43. (*Id.*)

4. **Entries must clearly describe the work that was performed and the related performance measure and location so that it can be determined whether the work is reimbursable.** Many of the entries are so vague that it cannot be discerned what work was performed. Furthermore, without knowing to which performance measure and location (complex for health care performance measures and unit for maximum custody performance measures) the work

relates, it cannot be discerned whether the issue was brought before the Court and whether Plaintiffs prevailed on the issue.

5. **Only "reasonable" work is reimbursable.** Defendants have consistently objected to Plaintiffs' billing of paralegals at the same rate as attorneys and it is doubtful that the Court will agree that this practice is "reasonable". Additionally, Defendants have reimbursed Plaintiffs' for paralegal work at a lower rate than attorney work.

For the foregoing reasons, Defendants deny Plaintiffs' request for payment of "Litigation Expenses and Fees."

Sincerely,
Lucy M. Rand



**Lucy M. Rand, Assistant Attorney General**
ARIZONA ATTORNEY GENERAL'S OFFICE
Direct: 602-542-7683
Secretary: 602-542-2470 Griselda Ybarra
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-2470, and delete the original message. Thank you.

---

**From:** Rand, Lucy
**Sent:** Thursday, February 23, 2017 4:33 PM
**To:** 'Don Specter'
**Cc:** Dan Struck; Tim Bojanowski; David Fathi
**Subject:** RE: Litigation Expenses and Fees

Don,

I have received your expenses and will review them and respond shortly.

Thank you.



**Lucy M. Rand, Assistant Attorney General**
ARIZONA ATTORNEY GENERAL'S OFFICE
Direct: 602-542-7683
Secretary: 602-542-2470 Griselda Ybarra
Lucy.Rand@azag.gov

NOTICE: This e-mail, including attachment(s), is the property of the Office of the Arizona Attorney General and contains information that may be PRIVILEGED, CONFIDENTIAL, or otherwise exempt from disclosure by law. It is intended only for the recipients to whom it is addressed. If you receive this communication in error, immediately notify the sender at the e-mail address shown above or call (602) 542-2470, and delete the original message. Thank you.

---

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, February 23, 2017 3:59 PM
**To:** Rand, Lucy
**Cc:** Dan Struck; Tim Bojanowski; David Fathi
**Subject:** Litigation Expenses and Fees

Lucy,

Pursuant to paragraph 43 of the Stipulation, we request payment of $458,315.96 for fees and expenses for enforcing provisions of the stipulation from October 1, 2015 through December 31, 2016.

We look forward to your prompt response.

Don

---

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---

**ATTACHMENT 5**

**ATTACHMENT 5**

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Monday, April 17, 2017 5:13 AM
**To:** Don Specter (dspecter@prisonlaw.com)
**Cc:** David Fathi; Corene Kendrick (ckendrick@prisonlaw.com); Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried
**Subject:** Litigation Expenses and Fees

Don,

I have attached a copy of your 116 page invoice from the Prison Law Office, ACLU-NPP and Eidenbach Law, which totals $458,315.96.  Although we agree that plaintiffs are entitled to fees and costs beyond the $250,000 set forth in the stipulation for work performed in monitoring, it appears that you folks have included more than what was contemplated by Paragraph 43 of the stipulation, including asking for reimbursement for site visits; drafting of advocacy letters; selection of document requests; review of the document requests; review of CGARS; discovery issues such as eOMIS access or UOF reports;  monitoring negotiations;  allegations of noncompliance which were either withdrawn or in which you did not prevail; and communications with the press.

We have highlighted in blue the items in which we do not believe that you are entitled to reimbursement under the stipulation.  We have highlighted in yellow the items in which we need more detail in which to determine if you are entitled to reimbursement.  We need for you folks to let us know which performance measures in which you are seeking enforcement for non- compliance.  The billing records that you did provide are lacking in that important detail, and it was simply impossible for us to determine what work you were performing with respect to a specific motion to enforce, or what performance measures that you were alleging were non-compliant with respect to most of these entries.  We noted that the ACLU-NPP tended to provide more detail than the Prison Law Office or Eidenbach law office.  We also ask that in the entries that are block billed, that they be broken down into separate time entries for each task.

There was absolutely no detail provided with respect to the expert bills.  Indeed, there were experts who submitted bills whom we had no idea were even retained to do any work in this litigation until we

received this bill.  If you folks are claiming that any of these expert fees are to be reimbursed by defendants, we need to receive a detailed billing records regarding the work that they performed, the time they spent on each task, and the performance measure and specific enforcement action for which they were doing the work.

Finally, the entries that were not highlighted, we agree that you are entitled to reimbursement.   Please feel free to contact me if you have any questions.

Dan Struck

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**ATTACHMENT 6**

**ATTACHMENT 6**



On Apr 19, 2017, at 12:32 PM, Don Specter <dspecter@prisonlaw.com> wrote:

Dan,

We are very disappointed to have waited patiently for so long only to get a response that lacks any offer.  Instead you have objected to a great majority of the entries on the basis that they do not contain sufficient detail.  We disagree and maintain that the time records that we submitted to you contain sufficient detail to be accepted by the Court.   We are not going to spend the enormous amount of time it would take to revise these records, only to wait months longer in the vain hope that you might find the product of our efforts sufficient.

I approached you because I was hoping that we could avoid litigation over fees, but your response leaves us with no viable alternative but to file a motion that will include additional time for fees-on fees.  If you have a reasonable offer to make before the Court rules, we would be happy to consider it.

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Monday, April 17, 2017 5:13 AM
**To:** Don Specter (dspecter@prisonlaw.com)
**Cc:** David Fathi; Corene Kendrick (ckendrick@prisonlaw.com); Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried
**Subject:** Litigation Expenses and Fees

Don,

I have attached a copy of your 116 page invoice from the Prison Law Office, ACLU-NPP and Eidenbach Law, which totals $458,315.96. Although we agree that plaintiffs are entitled to fees and costs beyond the $250,000 set forth in the stipulation for work performed in monitoring, it appears that you folks have included more than what was contemplated by Paragraph 43 of the stipulation, including asking for reimbursement for site visits; drafting of advocacy letters; selection of document requests; review of the document requests; review of CGARS; discovery issues such as eOMIS access or UOF reports; monitoring negotiations; allegations of noncompliance which were either withdrawn or in which you did not prevail; and communications with the press.

We have highlighted in blue the items in which we do not believe that you are entitled to reimbursement under the stipulation. We have highlighted in yellow the items in which we need more detail in which to determine if you are entitled to reimbursement. We need for you folks to let us know which performance measures in which you are seeking enforcement for non- compliance. The billing records that you did provide are lacking in that important detail, and it was simply impossible for us to determine what work you were performing with respect to a specific motion to enforce, or what performance measures that you were alleging were non-compliant with respect to most of these entries. We noted that the ACLU-NPP tended to provide more detail than the Prison Law Office or Eidenbach law office. We also ask that in the entries that are block billed, that they be broken down into separate time entries for each task.

There was absolutely no detail provided with respect to the expert bills. Indeed, there were experts who submitted bills whom we had no idea were even retained to do any work in this litigation until we received this bill. If you folks are claiming that any of these expert fees are to be reimbursed by defendants, we need to receive a detailed billing records regarding the work that they performed, the time they spent on each task, and the performance measure and specific enforcement action for which they were doing the work.

Finally, the entries that were not highlighted, we agree that you are entitled to reimbursement.   Please feel free to contact me if you have any questions.

Dan Struck

---

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---

**ATTACHMENT 7**

**ATTACHMENT 7**



**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, April 20, 2017 4:37 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick; Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried; Alison Hardy
**Subject:** Re: Litigation Expenses and Fees

Thanks Don. If you would send his billing records (as well as the other experts' billing records) that would be helpful. The more detail you can provide will make this easier to understand these bills and justify how they relate to enforcement of substantial non compliance.

Sent from my iPhone

On Apr 20, 2017, at 3:40 PM, Don Specter <dspecter@prisonlaw.com> wrote:

> Dan,
>
> On the call today you asked for further justification for Dr. Wilcox's fees. Here it is:
>
> On May 20, 2016, in response to Plaintiffs April 11, 2016 Motion, Judge Duncan found that defendants were substantially noncompliant with the Stipulation and ordered defendants to develop a remedial plan. Thus, plaintiffs are the prevailing party and are entitled to reasonable fees and costs.
>
> Plaintiffs engaged Dr. Todd Wilcox to write two reports – one to support the initial motion, and another to evaluate the defendants' remedial plan. To draft his reports, Dr. Wilcox reviewed health records, CGARs, and other documents produced by defendants, and spent three days touring ASPC-Tucson. Dr. Wilcox's 58 page report framed the issues for the court, interpreted the CGAR data, and demonstrated how the failing CGAR scores translated to serious harm and risk of harm for the plaintiff class. Because he had earlier visited several prisons, Dr. Wilcox was able to draw on that experience as he reviewed health care records from all over the state, in addition to the records from his December 2015 visit to ASPC-Tucson, to testify about the ADC health care delivery system as a whole. To draft his second report, Dr. Wilcox billed under seven hours.
>
> In total, Dr. Wilcox billed for three days' site visit at CSP-Tucson, and under 300 hours for document/health record review and drafting the two reports. Given the magnitude of the task, and the necessity to review copious health records and reports from ten prisons, the amount of time Dr. Wilcox expended to draft his reports was entirely reasonable, and defendants should fully reimburse plaintiffs for this cost.
>
> Don

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Wednesday, April 19, 2017 1:09 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick; Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried
**Subject:** Re: Litigation Expenses and Fees


Don,

I'm not available to discuss this with you today, but can tomorrow. That being said, it is really not unreasonable to request additional detail from you folks. Let me know if you are available for a call tomorrow.

Dan

Sent from my iPhone

On Apr 19, 2017, at 12:32 PM, Don Specter <dspecter@prisonlaw.com> wrote:

Dan,

We are very disappointed to have waited patiently for so long only to get a response that lacks any offer. Instead you have objected to a great majority of the entries on the basis that they do not contain sufficient detail. We disagree and maintain that the time records that we submitted to you contain sufficient detail to be accepted by the Court. We are not going to spend the enormous amount of time it would take to revise these records, only to wait months longer in the vain hope that you might find the product of our efforts sufficient.

I approached you because I was hoping that we could avoid litigation over fees, but your response leaves us with no viable alternative but to file a motion that will include additional time for fees-on fees. If you have a reasonable offer to make before the Court rules, we would be happy to consider it.

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Monday, April 17, 2017 5:13 AM
**To:** Don Specter (dspecter@prisonlaw.com)
**Cc:** David Fathi; Corene Kendrick (ckendrick@prisonlaw.com); Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried
**Subject:** Litigation Expenses and Fees

Don,

I have attached a copy of your 116 page invoice from the Prison Law Office, ACLU-NPP and Eidenbach Law, which totals $458,315.96. Although we agree that plaintiffs are entitled to fees and costs beyond the $250,000 set forth in the stipulation for work performed in monitoring, it appears that you folks have included more than what was contemplated by Paragraph 43 of the stipulation, including asking for reimbursement for site visits; drafting of advocacy letters; selection of document requests; review of the document requests; review of CGARS; discovery issues such as eOMIS access or UOF reports; monitoring negotiations; allegations of noncompliance which were either withdrawn or in which you did not prevail; and communications with the press.

We have highlighted in blue the items in which we do not believe that you are entitled to reimbursement under the stipulation. We have highlighted in yellow the items in which we need more detail in which to determine if you are entitled to reimbursement. We need for you folks to let us know which performance measures in which you are seeking enforcement for non- compliance. The billing records that you did provide are lacking in that important detail, and it was simply impossible for us to determine what work you were performing with respect to a specific motion to enforce, or what performance measures that you were alleging were non-compliant with respect to most of these entries. We noted that the ACLU-NPP tended to provide more detail

than the Prison Law Office or Eidenbach law office. We also ask that in the entries that are block billed, that they be broken down into separate time entries for each task.

There was absolutely no detail provided with respect to the expert bills. Indeed, there were experts who submitted bills whom we had no idea were even retained to do any work in this litigation until we received this bill. If you folks are claiming that any of these expert fees are to be reimbursed by defendants, we need to receive a detailed billing records regarding the work that they performed, the time they spent on each task, and the performance measure and specific enforcement action for which they were doing the work.

Finally, the entries that were not highlighted, we agree that you are entitled to reimbursement. Please feel free to contact me if you have any questions.

Dan Struck

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**ATTACHMENT 8**

**ATTACHMENT 8**



**From:** Dan Struck
**Sent:** Tuesday, April 25, 2017 5:06 PM
**To:** Don Specter <dspecter@prisonlaw.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>; Tim Bojanowski
<TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E.
Gottfried <Michael.Gottfried@azag.gov>; Alison Hardy <ahardy@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Don,

Just to clarify, that would be items that you worked on AND prevailed.  If it was with respect to a performance measure
that plaintiffs either withdrew from the motion to enforce or did not prevail, then the stipulation does not allow
plaintiffs to be compensated for the time spent on these measures.

Dan



Daniel P. Struck
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

1



**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Monday, April 24, 2017 10:36 AM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>; Tim Bojanowski <TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; Alison Hardy <ahardy@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

Here are Dr. Wilcox's billing records.  Between these records and the justifications set forth below, I believe we have met the requirements for reimbursement.

David, who is out of the office, will be responding about Dr. Stewart's billing records separately.

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, April 20, 2017 4:37 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick; Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried; Alison Hardy
**Subject:** Re: Litigation Expenses and Fees

Thanks Don. If you would send his billing records (as well as the other experts' billing records)
that would be helpful. The more detail you can provide will make this easier to understand these bills and justify how
they relate to enforcement of substantial non compliance.

Sent from my iPhone

On Apr 20, 2017, at 3:40 PM, Don Specter <dspecter@prisonlaw.com> wrote:

Dan,

On the call today you asked for further justification for Dr. Wilcox's fees. Here it is:

On May 20, 2016, in response to Plaintiffs April 11, 2016 Motion, Judge Duncan found that
defendants were substantially noncompliant with the Stipulation and ordered defendants to
develop a remedial plan. Thus, plaintiffs are the prevailing party and are entitled to reasonable
fees and costs.

Plaintiffs engaged Dr. Todd Wilcox to write two reports – one to support the initial motion, and
another to evaluate the defendants' remedial plan. To draft his reports, Dr. Wilcox reviewed
health records, CGARs, and other documents produced by defendants, and spent three days
touring ASPC-Tucson. Dr. Wilcox's 58 page report framed the issues for the court, interpreted
the CGAR data, and demonstrated how the failing CGAR scores translated to serious harm and
risk of harm for the plaintiff class. Because he had earlier visited several prisons, Dr. Wilcox was
able to draw on that experience as he reviewed health care records from all over the state, in
addition to the records from his December 2015 visit to ASPC-Tucson, to testify about the ADC
health care delivery system as a whole. To draft his second report, Dr. Wilcox billed under
seven hours.

In total, Dr. Wilcox billed for three days' site visit at CSP-Tucson, and under 300 hours for
document/health record review and drafting the two reports. Given the magnitude of the task,
and the necessity to review copious health records and reports from ten prisons, the amount of
time Dr. Wilcox expended to draft his reports was entirely reasonable, and defendants should
fully reimburse plaintiffs for this cost.

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Wednesday, April 19, 2017 1:09 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick; Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried
**Subject:** Re: Litigation Expenses and Fees

Don,

I'm not available to discuss this with you today, but can tomorrow. That being said, it is really not unreasonable to request additional detail from you folks. Let me know if you are available for a call tomorrow.

Dan


Sent from my iPhone

On Apr 19, 2017, at 12:32 PM, Don Specter <dspecter@prisonlaw.com> wrote:

> Dan,
>
> We are very disappointed to have waited patiently for so long only to get a response that lacks any offer. Instead you have objected to a great majority of the entries on the basis that they do not contain sufficient detail. We disagree and maintain that the time records that we submitted to you contain sufficient detail to be accepted by the Court. We are not going to spend the enormous amount of time it would take to revise these records, only to wait months longer in the vain hope that you might find the product of our efforts sufficient.
>
> I approached you because I was hoping that we could avoid litigation over fees, but your response leaves us with no viable alternative but to file a motion that will include additional time for fees-on fees. If you have a reasonable offer to make before the Court rules, we would be happy to consider it.
>
> Don
>
> **From:** Dan Struck [mailto:DStruck@swlfirm.com]
> **Sent:** Monday, April 17, 2017 5:13 AM
> **To:** Don Specter (dspecter@prisonlaw.com)
> **Cc:** David Fathi; Corene Kendrick (ckendrick@prisonlaw.com); Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried
> **Subject:** Litigation Expenses and Fees
>
> Don,
>
> I have attached a copy of your 116 page invoice from the Prison Law Office, ACLU-NPP and Eidenbach Law, which totals $458,315.96. Although we agree that plaintiffs are entitled to fees and costs beyond the $250,000 set forth in the stipulation for work performed in monitoring, it appears that you folks have included more than what was contemplated by Paragraph 43 of the stipulation, including asking for reimbursement for site visits; drafting of advocacy letters; selection of document requests; review of the document requests; review of CGARS; discovery issues such as eOMIS access or UOF reports; monitoring negotiations; allegations of noncompliance which were either withdrawn or in which you did not prevail; and communications with the press.
>
> We have highlighted in blue the items in which we do not believe that you are entitled to reimbursement under the stipulation. We have highlighted in yellow the items in which we need more detail in which to determine if you are entitled to reimbursement. We need for you folks to let us know which performance measures in

which you are seeking enforcement for non- compliance.  The billing records that you did provide are lacking in that important detail, and it was simply impossible for us to determine what work you were performing with respect to a specific motion to enforce, or what performance measures that you were alleging were non-compliant with respect to most of these entries.  We noted that the ACLU-NPP tended to provide more detail than the Prison Law Office or Eidenbach law office.  We also ask that in the entries that are block billed, that they be broken down into separate time entries for each task.

There was absolutely no detail provided with respect to the expert bills.  Indeed, there were experts who submitted bills whom we had no idea were even retained to do any work in this litigation until we received this bill.  If you folks are claiming that any of these expert fees are to be reimbursed by defendants, we need to receive a detailed billing records regarding the work that they performed, the time they spent on each task, and the performance measure and specific enforcement action for which they were doing the work.

Finally, the entries that were not highlighted, we agree that you are entitled to reimbursement.   Please feel free to contact me if you have any questions.

Dan Struck

---

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---

**ATTACHMENT 9**

**ATTACHMENT 9**



**From:** Dan Struck
**Sent:** Tuesday, April 25, 2017 5:06 PM
**To:** Don Specter <dspecter@prisonlaw.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>; Tim Bojanowski
<TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E.
Gottfried <Michael.Gottfried@azag.gov>; Alison Hardy <ahardy@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Don,

Just to clarify, that would be items that you worked on AND prevailed.   If it was with respect to a performance measure
that plaintiffs either withdrew from the motion to enforce or did not prevail, then the stipulation does not allow
plaintiffs to be compensated for the time spent on these measures.

Dan



Daniel P. Struck
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

1

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Dan Struck
**Sent:** Tuesday, April 25, 2017 4:51 PM
**To:** Don Specter <dspecter@prisonlaw.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>; Tim Bojanowski
<TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E.
Gottfried <Michael.Gottfried@azag.gov>; Alison Hardy <ahardy@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Don,

Thank you for the billing records.   We are still awaiting billing records from the other experts.   As for our conversation
last Friday,   we agree with you that if the time entry states the performance measure that you folks are working on, and
that plaintiffs prevailed in an enforcement action with respect to the performance measure, plaintiffs are entitled to
those fees under the stipulation.   We will go through your billing entries and remove the "yellow" designation from
these entries.

Dan



**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Monday, April 24, 2017 10:36 AM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>; Tim Bojanowski
<TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E.
Gottfried <Michael.Gottfried@azag.gov>; Alison Hardy <ahardy@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

Here are Dr. Wilcox's billing records.  Between these records and the justifications set forth below, I believe
we have met the requirements for reimbursement.

David, who is out of the office, will be responding about Dr. Stewart's billing records separately.

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, April 20, 2017 4:37 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick; Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried; Alison Hardy
**Subject:** Re: Litigation Expenses and Fees

Thanks Don. If you would send his billing records  (as well as the other experts' billing records)
that would be helpful. The more detail you can provide will make this easier to understand these bills and justify how
they relate to enforcement of substantial non compliance.

Sent from my iPhone

On Apr 20, 2017, at 3:40 PM, Don Specter <dspecter@prisonlaw.com> wrote:

> Dan,
>
> On the call today you asked for further justification for Dr. Wilcox's fees.  Here it is:
>
> On May 20, 2016, in response to Plaintiffs April 11, 2016 Motion, Judge Duncan found that
> defendants were substantially noncompliant with the Stipulation and ordered defendants to
> develop a remedial plan.  Thus, plaintiffs are the prevailing party and are entitled to reasonable
> fees and costs.
>
> Plaintiffs engaged Dr. Todd Wilcox to write two reports – one to support the initial motion, and
> another to evaluate the defendants' remedial plan. To draft his reports, Dr. Wilcox reviewed
> health records, CGARs, and other documents produced by defendants,  and spent three days
> touring ASPC-Tucson.  Dr. Wilcox's 58 page report framed the issues for the court, interpreted
> the CGAR data, and demonstrated how the failing CGAR scores translated to serious harm and
> risk of harm for the plaintiff class.  Because he had earlier visited several prisons, Dr. Wilcox was
> able to draw on that experience as he reviewed health care records from all over the state, in
> addition to  the records from his December 2015 visit to ASPC-Tucson, to testify about the ADC
> health care delivery system as a whole.  To draft his second report, Dr. Wilcox billed under
> seven hours.
>
> In total, Dr. Wilcox billed for three days' site visit at CSP-Tucson, and under 300 hours for
> document/health record review and drafting the two reports.  Given the magnitude of the task,
> and the necessity to review copious health records and reports from ten prisons, the amount of
> time Dr. Wilcox expended to draft his reports was entirely reasonable, and defendants should
> fully reimburse plaintiffs for this cost.
>
> Don
>
> ---
>
> **From:** Dan Struck [mailto:DStruck@swlfirm.com]
> **Sent:** Wednesday, April 19, 2017 1:09 PM
> **To:** Don Specter
> **Cc:** David Fathi; Corene Kendrick; Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried
> **Subject:** Re: Litigation Expenses and Fees
>
>
> Don,

3

I'm not available to discuss this with you today, but can tomorrow.  That being said, it is really not
unreasonable to request additional detail from you folks.  Let me know if you are available for a call
tomorrow.

Dan


Sent from my iPhone

On Apr 19, 2017, at 12:32 PM, Don Specter <dspecter@prisonlaw.com> wrote:

> Dan,
>
> We are very disappointed to have waited patiently for so long only to get a
> response that lacks any offer.  Instead you have objected to a great majority of
> the entries on the basis that they do not contain sufficient detail.  We disagree
> and maintain that the time records that we submitted to you contain sufficient
> detail to be accepted by the Court.  We are not going to spend the enormous
> amount of time it would take to revise these records, only to wait months longer
> in the vain hope that you might find the product of our efforts sufficient.
>
> I approached you because I was hoping that we could avoid litigation over fees,
> but your response leaves us with no viable alternative but to file a motion that
> will include additional time for fees-on fees.  If you have a reasonable offer to
> make before the Court rules, we would be happy to consider it.
>
> Don
> _____
> **From:** Dan Struck [mailto:DStruck@swlfirm.com]
> **Sent:** Monday, April 17, 2017 5:13 AM
> **To:** Don Specter (dspecter@prisonlaw.com)
> **Cc:** David Fathi; Corene Kendrick (ckendrick@prisonlaw.com); Tim Bojanowski; Rachel
> Love; Lucy Rand; Michael E. Gottfried
> **Subject:** Litigation Expenses and Fees
>
> Don,
>
> I have attached a copy of your 116 page invoice from the Prison Law Office, ACLU-NPP
> and Eidenbach Law, which totals $458,315.96.  Although we agree that plaintiffs are
> entitled to fees and costs beyond the $250,000 set forth in the stipulation for work
> performed in monitoring, it appears that you folks have included more than what was
> contemplated by Paragraph 43 of the stipulation, including asking for reimbursement
> for site visits; drafting of advocacy letters; selection of document requests; review of the
> document requests; review of CGARS; discovery issues such as eOMIS access or UOF
> reports;  monitoring negotiations;  allegations of noncompliance which were either
> withdrawn or in which you did not prevail; and communications with the press.
>
> We have highlighted in blue the items in which we do not believe that you are entitled
> to reimbursement under the stipulation.  We have highlighted in yellow the items in
> which we need more detail in which to determine if you are entitled to
> reimbursement.  We need for you folks to let us know which performance measures in

which you are seeking enforcement for non-compliance. The billing records that you did provide are lacking in that important detail, and it was simply impossible for us to determine what work you were performing with respect to a specific motion to enforce, or what performance measures that you were alleging were non-compliant with respect to most of these entries. We noted that the ACLU-NPP tended to provide more detail than the Prison Law Office or Eidenbach law office. We also ask that in the entries that are block billed, that they be broken down into separate time entries for each task.

There was absolutely no detail provided with respect to the expert bills. Indeed, there were experts who submitted bills whom we had no idea were even retained to do any work in this litigation until we received this bill. If you folks are claiming that any of these expert fees are to be reimbursed by defendants, we need to receive a detailed billing records regarding the work that they performed, the time they spent on each task, and the performance measure and specific enforcement action for which they were doing the work.

Finally, the entries that were not highlighted, we agree that you are entitled to reimbursement. Please feel free to contact me if you have any questions.

Dan Struck

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**ATTACHMENT 10**

**ATTACHMENT 10**





**From:** Dan Struck
**Sent:** Thursday, April 27, 2017 2:49 PM
**To:** Don Specter <dspecter@prisonlaw.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>; Tim Bojanowski <TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; Alison Hardy <ahardy@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Don,

ADC had rejected your offer to reduce the bill by 5% if the rest of the bill is paid without question.

As for your second question, Lucy is working on this as we speak and believes that we can get you a revised highlighted bill tomorrow.

On another note, we still haven't received any billing records other than Dr. Wilcox's.   Please let us know when we might expect to receive them.

Thanks Don.

  Dan

**Daniel P. Struck**

1

## STRUCK WIENEKE & LOVE, PLC

3100 W. Ray Road | Suite 300
Chandler, AZ 85226


P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com


**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Wednesday, April 26, 2017 10:27 AM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>; Tim Bojanowski
<TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E.
Gottfried <Michael.Gottfried@azag.gov>; Alison Hardy <ahardy@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

Thanks for the clarification.  Does this mean that your clients have rejected our settlement offer?

Also, while we disagree with your position that we have to prevail on each performance measure, when do
you expect to have the revised time sheets to us?

Don

---

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Tuesday, April 25, 2017 5:06 PM
**To:** Don Specter
**Cc:** David Fathi; Corene Kendrick; Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried; Alison Hardy
**Subject:** RE: Litigation Expenses and Fees

Don,

Just to clarify, that would be items that you worked on AND prevailed.   If it was with respect to a performance measure
that plaintiffs either withdrew from the motion to enforce or did not prevail, then the stipulation does not allow
plaintiffs to be compensated for the time spent on these measures.

Dan




**Daniel P. Struck**
## STRUCK WIENEKE & LOVE, PLC
3100 W. Ray Road | Suite 300
Chandler, AZ 85226


P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Dan Struck
**Sent:** Tuesday, April 25, 2017 4:51 PM
**To:** Don Specter <dspecter@prisonlaw.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>; Tim Bojanowski
<TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E.
Gottfried <Michael.Gottfried@azag.gov>; Alison Hardy <ahardy@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Don,

Thank you for the billing records. We are still awaiting billing records from the other experts. As for our conversation
last Friday, we agree with you that if the time entry states the performance measure that you folks are working on, and
that plaintiffs prevailed in an enforcement action with respect to the performance measure, plaintiffs are entitled to
those fees under the stipulation. We will go through your billing entries and remove the "yellow" designation from
these entries.

Dan



**Daniel P. Struck**
**STRUCK WIENEKE & LOVE, PLC**
3100 W. Ray Road | Suite 300
Chandler, AZ 85226

P: (480) 420-1601 | dstruck@swlfirm.com | www.swlfirm.com

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Monday, April 24, 2017 10:36 AM
**To:** Dan Struck <DStruck@swlfirm.com>
**Cc:** David Fathi <dfathi@aclu.org>; Corene Kendrick <ckendrick@prisonlaw.com>; Tim Bojanowski
<TBojanowski@swlfirm.com>; Rachel Love <RLove@swlfirm.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E.
Gottfried <Michael.Gottfried@azag.gov>; Alison Hardy <ahardy@prisonlaw.com>
**Subject:** RE: Litigation Expenses and Fees

Dan,

Here are Dr. Wilcox's billing records. Between these records and the justifications set forth below, I believe
we have met the requirements for reimbursement.

David, who is out of the office, will be responding about Dr. Stewart's billing records separately.

Don

**From:** Dan Struck [mailto:DStruck@swlfirm.com]
**Sent:** Thursday, April 20, 2017 4:37 PM
**To:** Don Specter

**Cc:** David Fathi; Corene Kendrick; Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried; Alison Hardy
**Subject:** Re: Litigation Expenses and Fees

Thanks Don. If you would send his billing records  (as well as the other experts' billing records) that would be helpful. The more detail you can provide will make this easier to understand these bills and justify how they relate to enforcement of substantial non compliance.

Sent from my iPhone

On Apr 20, 2017, at 3:40 PM, Don Specter <dspecter@prisonlaw.com> wrote:

> Dan,
>
> On the call today you asked for further justification for Dr. Wilcox's fees.  Here it is:
>
> On May 20, 2016, in response to Plaintiffs April 11, 2016 Motion, Judge Duncan found that defendants were substantially noncompliant with the Stipulation and ordered defendants to develop a remedial plan.  Thus, plaintiffs are the prevailing party and are entitled to reasonable fees and costs.
>
> Plaintiffs engaged Dr. Todd Wilcox to write two reports – one to support the initial motion, and another to evaluate the defendants' remedial plan. To draft his reports, Dr. Wilcox reviewed health records, CGARs, and other documents produced by defendants,  and spent three days touring ASPC-Tucson.  Dr. Wilcox's 58 page report framed the issues for the court, interpreted the CGAR data, and demonstrated how the failing CGAR scores translated to serious harm and risk of harm for the plaintiff class.  Because he had earlier visited several prisons, Dr. Wilcox was able to draw on that experience as he reviewed health care records from all over the state, in addition to  the records from his December 2015 visit to ASPC-Tucson, to testify about the ADC health care delivery system as a whole.  To draft his second report, Dr. Wilcox billed under seven hours.
>
> In total, Dr. Wilcox billed for three days' site visit at CSP-Tucson, and under 300 hours for document/health record review and drafting the two reports.  Given the magnitude of the task, and the necessity to review copious health records and reports from ten prisons, the amount of time Dr. Wilcox expended to draft his reports was entirely reasonable, and defendants should fully reimburse plaintiffs for this cost.
>
> Don
>
> ------
> **From:** Dan Struck [mailto:DStruck@swlfirm.com]
> **Sent:** Wednesday, April 19, 2017 1:09 PM
> **To:** Don Specter
> **Cc:** David Fathi; Corene Kendrick; Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried
> **Subject:** Re: Litigation Expenses and Fees
>
>
> Don,

I'm not available to discuss this with you today, but can tomorrow. That being said, it is really not unreasonable to request additional detail from you folks. Let me know if you are available for a call tomorrow.

Dan


Sent from my iPhone

On Apr 19, 2017, at 12:32 PM, Don Specter <dspecter@prisonlaw.com> wrote:

> Dan,
>
> We are very disappointed to have waited patiently for so long only to get a response that lacks any offer. Instead you have objected to a great majority of the entries on the basis that they do not contain sufficient detail. We disagree and maintain that the time records that we submitted to you contain sufficient detail to be accepted by the Court. We are not going to spend the enormous amount of time it would take to revise these records, only to wait months longer in the vain hope that you might find the product of our efforts sufficient.
>
> I approached you because I was hoping that we could avoid litigation over fees, but your response leaves us with no viable alternative but to file a motion that will include additional time for fees-on fees. If you have a reasonable offer to make before the Court rules, we would be happy to consider it.
>
> Don
>
> **From:** Dan Struck [mailto:DStruck@swlfirm.com]
> **Sent:** Monday, April 17, 2017 5:13 AM
> **To:** Don Specter (dspecter@prisonlaw.com)
> **Cc:** David Fathi; Corene Kendrick (ckendrick@prisonlaw.com); Tim Bojanowski; Rachel Love; Lucy Rand; Michael E. Gottfried
> **Subject:** Litigation Expenses and Fees
>
> Don,
>
> I have attached a copy of your 116 page invoice from the Prison Law Office, ACLU-NPP and Eidenbach Law, which totals $458,315.96. Although we agree that plaintiffs are entitled to fees and costs beyond the $250,000 set forth in the stipulation for work performed in monitoring, it appears that you folks have included more than what was contemplated by Paragraph 43 of the stipulation, including asking for reimbursement for site visits; drafting of advocacy letters; selection of document requests; review of the document requests; review of CGARS; discovery issues such as eOMIS access or UOF reports; monitoring negotiations; allegations of noncompliance which were either withdrawn or in which you did not prevail; and communications with the press.
>
> We have highlighted in blue the items in which we do not believe that you are entitled to reimbursement under the stipulation. We have highlighted in yellow the items in which we need more detail in which to determine if you are entitled to reimbursement. We need for you folks to let us know which performance measures in which you are seeking enforcement for non- compliance. The billing records that you

did provide are lacking in that important detail, and it was simply impossible for us to determine what work you were performing with respect to a specific motion to enforce, or what performance measures that you were alleging were non-compliant with respect to most of these entries.  We noted that the ACLU-NPP tended to provide more detail than the Prison Law Office or Eidenbach law office.  We also ask that in the entries that are block billed, that they be broken down into separate time entries for each task.

There was absolutely no detail provided with respect to the expert bills.  Indeed, there were experts who submitted bills whom we had no idea were even retained to do any work in this litigation until we received this bill.  If you folks are claiming that any of these expert fees are to be reimbursed by defendants, we need to receive a detailed billing records regarding the work that they performed, the time they spent on each task, and the performance measure and specific enforcement action for which they were doing the work.

Finally, the entries that were not highlighted, we agree that you are entitled to reimbursement.   Please feel free to contact me if you have any questions.

Dan Struck

This electronic mail transmission contains information from the law firm Struck Wieneke & Love, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**ATTACHMENT 11**

**ATTACHMENT 11**

Prison Law Office
1917 Fifth Street
Berkeley, CA, 94710

Arizona - Litigation

Professional Services

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| | Other | | | |
| 10/2/2015 | CK | research/worked on noncompliance notice | 1.10 | |
| | ML | Meeting with CK re Notice of non-compliance | 0.10 | |
| | ML | Reviewed and analyzed data re Notice of non-compliance | 0.50 | |
| | CK | met with ML re Notice of non-compliance | 0.10 | |
| 10/5/2015 | CK | worked on notice of non-compliance | 5.80 | |
| | ML | Meeting with CK re Notice on non-compliance | 0.20 | |
| | CK | met with ML re Notice on non-compliance | 0.20 | |
| 10/6/2015 | CK | worked on notice of noncompliance | 6.80 | |

Arizona - Litigation                                                      Page      2

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 10/7/2015 | CK | worked on notice of noncompliance | 2.30 | |
| | CK | talked to SF about sections of notice of noncompliance | 0.30 | |
| 10/8/2015 | CK | work on notice of noncompliance | 8.40 | |
| 10/9/2015 | CK | worked on draft notice of noncompliance and compiled notes for appendices | 7.90 | |
| 10/10/2015 | CK | worked on notice of noncompliance | 4.10 | |
| 10/12/2015 | CK | worked on appendices to notice of noncompliance | 1.90 | |
| 10/13/2015 | CK | worked on notice of noncompliance and appendices | 3.20 | |
| 10/14/2015 | AH | reviewed reports to select i/ms for record review | 0.20 | |
| | CK | worked on notice of noncompliance | 1.30 | |
| | CK | cite-checked notice, made Alison and Steve's proposed revisions to charts and narrative | 2.40 | |
| 10/15/2015 | CK | finalized notice of noncompliance, sent to defendants | 1.00 | |
| 10/27/2015 | DS | review letter from Lucy re non-compliance notice | 0.20 | |
| 11/2/2015 | CK | reviewed AF's draft notice of noncompliance | 0.20 | |
| 11/3/2015 | CK | talked to AH re: noncompliance notice | 0.20 | |
| | AH | talked to CK re: noncompliance notice | 0.20 | |
| 11/9/2015 | CK | Phone calls w/ Kirstin re: various case status issues | 0.80 | |
| 11/10/2015 | CK | Phone call w/ Alison and Dr. Wilcox | 0.50 | |
| | AH | mtg w/ cocounsel re noncompliance notice and tours | 0.50 | |
| | AH | phone call w/ Dr. Wilcox re tour | 0.50 | |
| 11/16/2015 | CK | reviewed email from Lucy re: Notice of Noncompliance; email w/ co-counsel re: same | 0.30 | |
| 11/18/2015 | CK | compiled information re: past advocacy and medical issues for possible enforcement motion | 2.70 | |
| 11/24/2015 | DS | review lt to Lucy re videotapes | 0.20 | |
| | AH | phone call w/ Dr. Wilcox re file reviews and Tucson visit | 0.40 | |

Arizona - Litigation

Page    3

| | | Hours | Amount |
|---|---|---|---|
| 11/25/2015 AH | reviewed AZ response to notice of noncompliance | 1.40 | |
| CK | read defs' resp to plfs' notice of noncompliance | 2.10 | |
| 11/29/2015 DS | review 82 pp letter from Lucy re noncompliance | 2.00 | |
| 11/30/2015 CK | Meet and confer w/ Defendants. From PLO: DS, CK, AH | 1.20 | |
| CK | Phone call w/ David, Don, Alison re: meet and confer and next steps | 0.40 | |
| DS | cc w/ defendants re non-compliance | 1.20 | |
| DS | phone call w/ David re noncompliance issues | 0.40 | |
| AH | phone call w/ op co re notice of violations | 1.20 | |
| AH | mtg w/ DS and CK   and DF re notice of violations | 0.40 | |
| 12/10/2015 AH | researched expert report | 1.40 | |
| 12/18/2015 CK | typed up notes from interviews for tour report | 1.50 | |
| AH | worked on expert report | 2.60 | |
| 12/23/2015 AH | reviewed CGARS, worked on report | 2.10 | |
| 12/27/2015 AH | prep for Wilcox call | 0.90 | |
| AH | wilcox call | 0.40 | |
| 12/29/2015 CK | reviewed Todd's write ups re: medical records reviews | 0.90 | |
| 12/31/2015 DS | email from Lucy | 0.10 | |
| DS | email to and from David re monitoring methodology | 0.30 | |
| DS | e-mail to and from struck | 0.20 | |
| 1/4/2016 DS | email to chambers re mediation | 0.20 | |
| DS | email to Lucy re negotiations | 0.20 | |
| 1/6/2016 AH | expert report | 1.40 | |
| 1/7/2016 AH | worked on expert report | 1.90 | |

Arizona - Litigation                                          Page    4

|            |    |                                                         | Hours | Amount |
|------------|----|---------------------------------------------------------|-------|--------|
| 1/8/2016   | ML | Prepared doc production list to medical expert          | 1.10  |        |
| 1/12/2016  | CK | Phone call w/ Kirstin re: case activities               | 0.60  |        |
|            | AH | phone call w/ expert                                     | 0.40  |        |
|            | AH | worked on report                                        | 3.10  |        |
| 1/13/2016  | AH | reviewed records for expert report                      | 5.40  |        |
| 1/14/2016  | AH | reviewed records, worked on expert report               | 3.60  |        |
| 1/15/2016  | AH | phone call w/ expert re report                          | 0.60  |        |
|            | AH | worked on report                                        | 3.30  |        |
| 1/18/2016  | AH | phone call w/ court expert re report                    | 0.60  |        |
| 1/19/2016  | DS | review lt and email to Lucy re medical records          | 0.40  |        |
|            | DS | phone call David re medical records/mediation           | 0.30  |        |
|            | AH | phone call w/ court expert re report                    | 0.30  |        |
|            | AH | worked on expert report                                 | 4.50  |        |
|            | AH | drafted letter to op co re expert access to records + email | 1.00 |     |
| 1/21/2016  | AH | worked on report                                        | 2.20  |        |
|            | AH | emails w/ Lucy and reviewed new bookmarked file format  | 0.40  |        |
|            | AH | phone call w/ Lucy re med file format                   | 0.40  |        |
| 1/22/2016  | AH | expert report                                           | 3.70  |        |
| 1/25/2016  | AH | Phone call w/ op co re access to medical records        | 0.50  |        |
|            | AH | prep for phone call w op co re access to medical records | 0.30 |       |
|            | AH | worked on expert report                                 | 1.00  |        |
| 1/26/2016  | ML | Analyzed and drafted language re CGAR methodology        | 0.50  |        |
| 1/27/2016  | ML | Analyzed and drafted language re CGAR methodology        | 0.70  |        |

Arizona - Litigation                                                                        Page     5

|            |    |                                                                      | Hours | Amount |
|------------|----|----------------------------------------------------------------------|-------|--------|
| 1/27/2016  | AH | phone call w/ expert re report                                       | 0.40  |        |
|            | AH | worked on expert report                                              | 1.70  |        |
|            | AH | researched def's contracts re health records, drafted memo to op co re same | 1.60 |  |
| 1/28/2016  | LG | Reviewed and analyzed death reviews                                  | 0.70  |        |
| 1/29/2016  | AH | drafted notice of dispute re health records                          | 3.00  |        |
|            | AH | worked on expert report                                              | 1.10  |        |
| 2/1/2016   | CK | conf call w/ co-counsel re: mediation assignments. From PLO: DS, AH, CK | 0.50 |  |
|            | CK | talk w/ AH and DS re: motion on access to med records                | 0.20  |        |
|            | CK | legal research for mediation brief; drafted section of argument      | 1.10  |        |
|            | AH | phone conference w/ co counsel re mediation                          | 0.50  |        |
|            | AH | researched discovery motion practice before MJ Duncan               | 0.30  |        |
|            | DS | cc w/ co-counsel                                                     | 0.50  |        |
|            | AH | Reviewed TRW memos re deaths                                         | 0.90  |        |
|            | LG | Reviewed and analyzed death reviews                                  | 0.40  |        |
|            | DS | mtg w/ AH and CK re: motion on access to med records                | 0.20  |        |
|            | AH | meeting with DS and CK re: motion on access to med records          | 0.20  |        |
| 2/10/2016  | AH | phone call w/ court clerk re motion                                  | 0.20  |        |
|            | AH | prepared discovery motion                                            | 0.40  |        |
| 2/12/2016  | GW | Draft motion to compel remote access to medical records and use of force videos. | 3.00 |  |
| 2/15/2016  | CK | reviewed/edited/revised KE's draft of the mediation brief & circulated changes to co-counsel | 0.90 |  |
|            | AH | drafted motion to compel                                             | 4.00  |        |
|            | DS | review draft mediation brief and phone call with KE re same         | 0.60  |        |
|            | DS | email to DF re mediation brief                                       | 0.10  |        |

Arizona - Litigation                                                   Page    6

|            |    |                                                              | Hours | Amount |
|------------|----|--------------------------------------------------------------|-------|--------|
| 2/16/2016  | DS | review and revise draft of mtn for access to med records     | 0.50  |        |
|            | AH | drafted motion to compel                                     | 3.40  |        |
| 2/17/2016  | DS | phone call w/ DF re mediation brief                          | 0.20  |        |
|            | DS | review and revise draft of mediation brief                   | 1.00  |        |
|            | AH | drafted motion to compel + supporting declarations           | 4.40  |        |
| 2/18/2016  | AH | drafted dec, edited motion re medical records                | 2.60  |        |
| 2/19/2016  | GW | Review and edit motion to compel.                            | 0.70  |        |
| 2/22/2016  | DS | review and revise mediation brief                            | 0.40  |        |
|            | AH | drafted dec, edited motion                                   | 1.70  |        |
| 2/26/2016  | AH | worked on expert report                                      | 1.30  |        |
| 2/29/2016  | DS | phone calls w/ press re mediation                            | 0.40  |        |
|            | AH | worked on expert report                                      | 3.10  |        |
|            | CK | travel PLO--> OAK --> PHX --> hotel for mediation            | 5.20  |        |
|            | DS | travel to PHX for mediation                                  | 5.20  |        |
| 3/1/2016   | CK | mediation w/ Judge Buttrick                                  | 4.00  |        |
|            | CK | meet w/ DF, DS, KE after mediation                           | 1.00  |        |
|            | CK | travel PHX --> OAK --> home in SF (less time working at airport/on plane) | 3.90 |   |
|            | CK | emails w/ co-counsel re: mediation and next steps, review intake from family members of class members | 1.40 | |
|            | DS | Mediation on staffing and monitoring methodology             | 4.00  |        |
|            | DS | mtg w/ DF, KE and CK after mediation                         | 1.00  |        |
| 3/3/2016   | AH | worked on expert report                                      | 5.80  |        |
| 3/4/2016   | CK | reviewed CAPs and CGARs for memo to AH and DF                | 1.70  |        |
|            | CK | Phone call w/ Kirstin re: mediation and next steps           | 0.40  |        |

Arizona - Litigation                                           Page      7

|            |    |                                                              | Hours | Amount |
|------------|----|--------------------------------------------------------------|-------|--------|
| 3/4/2016   | AH | worked on expert report                                      | 4.50  |        |
| 3/7/2016   | CK | reviewed CGARs; memo to AH and DF re: same                   | 1.20  |        |
|            | DS | cc w/ co-counsel re enforcement motion                       | 0.60  |        |
|            | CK | conf call with co-counsel re: enforcement motion. From PLO: CK, DS, AH | 0.60 | |
|            | AH | phone call w/ cocounsel re enforcement                       | 0.60  |        |
|            | AH | drafted report                                               | 4.00  |        |
| 3/8/2016   | CK | reviewed December CGARS for AH and DF                        | 0.40  |        |
|            | AH | drafted report                                               | 3.30  |        |
| 3/9/2016   | CK | reviewed CGAR performance measures for sections of mediation brief | 2.30 | |
|            | AH | drafted report                                               | 2.20  |        |
| 3/10/2016  | CK | reviewed draft of TW expert report; made edits and comments  | 2.10  |        |
|            | AH | worked on report                                             | 2.80  |        |
|            | CK | reviewed CGAR data and created charts pre TW's instructions for report | 4.30 | |
| 3/11/2016  | LG | Citation work for expert report                              | 1.30  |        |
|            | AH | worked on expert report                                      | 3.70  |        |
|            | CK | research on other states' contracts and staffing ratios for report | 1.30 | |
| 3/12/2016  | CK | reviewed sections of expert report and made comments         | 1.20  |        |
| 3/14/2016  | CK | Phone call w/ Todd and Alison re status of report            | 0.50  |        |
|            | LG | Citation work for expert report                              | 2.10  |        |
|            | CK | worked on additional edits to revised expert report          | 2.30  |        |
|            | CK | research and data analysis on contract staffing levels in other systems | 3.20 | |
|            | AH | worked on expert report                                      | 5.50  |        |
|            | AH | pc w/ Todd and CK re status of report                        | 0.50  |        |

Arizona - Litigation

Page    8

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/15/2016 | CK | worked on charts re CGAR data per TRW instruction | 0.30 | |
| | AH | worked on expert report | 3.20 | |
| | AH | drafted reply re motion to compel access to records | 4.30 | |
| 3/16/2016 | CK | conf call with co-counsel re enforcement motion. From PLO: AH, CK, DS | 0.50 | |
| | CK | meet w/ AH and DS re next steps on preparing motion | 0.20 | |
| | CK | emails w/ co-counsel re: defendants' proposed methodology | 0.20 | |
| | AH | phone call w/ cocounsel re enforcement motion | 0.50 | |
| | AH | mtg w/ DS and CK re enforcement motion | 0.20 | |
| | AH | drafted reply ISO motion to compel, plus declaration | 3.30 | |
| | AH | worked on expert report | 3.00 | |
| | DS | review and revise Wilcox declaration | 2.50 | |
| | DS | cc w/ co-counsel re staffing motion | 0.50 | |
| | CK | reviewed defs' methodology proposal for CGARs; prioritized first round for review; drafted ltr to LR re: same | 6.70 | |
| | DS | meeting with CK and AH re enforcement motion | 0.20 | |
| 3/17/2016 | DS | review Pablo Stewart's draft declaration | 1.50 | |
| | DS | email to DF re Stewart declaration | 0.20 | |
| | DS | review revisions to Wilcox declaration | 0.20 | |
| | AH | worked on Wilcox report | 2.80 | |
| | AH | finalized reply re motion to compel, including dec | 2.30 | |
| 3/21/2016 | AH | worked on expert report | 2.10 | |
| 3/22/2016 | CK | Phone call w/ DF re: negotiations on performance measures | 0.20 | |
| | CK | prepared for negotiation/reviewed materials | 0.30 | |
| | CK | negotiation Phone call w/ defs re: revised methodology. | 1.50 | |

Arizona - Litigation                                               Page      9

|            |    |                                                                                      | Hours | Amount |
|------------|----|--------------------------------------------------------------------------------------|-------|--------|
| 3/22/2016  | CK | Worked on revising charts for expert reports at TRW's direction                      | 1.60  |        |
|            | DS | e-mail to KE re staffing brief                                                        | 0.10  |        |
|            | AH | phone call re monitoring methodology                                                 | 1.50  |        |
|            | AH | wrote up notes re meeting re methodology                                              | 0.40  |        |
|            | AH | worked on expert report                                                               | 1.80  |        |
|            | CK | drafted confirmation letter to defendants re: today's negotiation on performance measures | 0.20  |        |
| 3/23/2016  | CK | drafted confirmation letter to defendants re: today's negotiation on performance measures | 0.90  |        |
|            | CK | legal research for enforcement motion and filing requirements                        | 0.20  |        |
|            | DS | mtg w/ CK and AH re strategy for PM dispute resolution                               | 0.30  |        |
|            | CK | Reviewed proposed monitoring guide to identify possible performance measures to discuss next week | 0.30  |        |
|            | LG | Citations and appendices for expert report                                           | 6.40  |        |
|            | CK | Drafted letter to Lucy re: PMs to discuss on 3/29/16 call; reviewed PMs              | 2.30  |        |
|            | CK | met w/ AH and DS re strategy for performance measure dispute resolution              | 0.30  |        |
|            | AH | talked w/ DS and CK re strategy for PM dispute resolution                            | 0.30  |        |
| 3/24/2016  | CK | Phone call w/ co-counsel and lit support team re: filing enforcement motion          | 0.50  |        |
|            | AH | mtg re enforcement motion                                                             | 0.50  |        |
|            | AH | reviewed, edited CK letter re round 2 of methodology discussion                      | 0.30  |        |
|            | CK | drafted portions of dec and finalized FRE 1006 exhibit and compiled list of exhibits for dec | 2.50  |        |
|            | LG | Plaintiff's counsel call re upcoming filings                                          | 0.50  |        |
|            | LG | Work on expert report                                                                 | 2.60  |        |
|            | CK | Phone call w/ Megan re: her comments on the letter to Defs re 3/29 call              | 0.40  |        |
|            | CK | Finalized letter to Lucy w/ performance measures for call                            | 0.40  |        |
|            | AH | worked on report                                                                      | 1.60  |        |

Arizona - Litigation                                                    Page    10

|            |    |                                                                          | Hours | Amount |
|------------|----|--------------------------------------------------------------------------|-------|--------|
| 3/24/2016  | AH | phone call w/ expert                                                      | 0.40  |        |
|            | CK | talk to AH re: next steps in preparing exhibits and finalizing Todd's declaration | 0.40  |        |
|            | ML | Reviewed and analyzed Monitor Guide                                      | 1.80  |        |
|            | ML | Phone call with CK re Monitor Guide                                      | 0.40  |        |
|            | AH | met w/ CK re: Todd's declaration                                        | 0.40  |        |
| 3/25/2016  | CK | worked on declaration ISO enf motion, incl exhibits                     | 2.30  |        |
| 3/28/2016  | CK | made updates and changes to TRW report per his emails and edits; finalized doc for cite checking | 0.90  |        |
|            | LG | Work on exhibits to expert report                                       | 4.50  |        |
|            | CK | Reviewed defs' proposed monitoring chart for call tomorrow and set up for future calls | 1.10  |        |
|            | CK | reviewed KE's draft of enforcement motion                               | 0.40  |        |
|            | ML | Reviewed and analyzed Monitor Guide                                      | 3.40  |        |
| 3/29/2016  | LG | Work on exhibits to expert report                                       | 1.20  |        |
|            | CK | Phone call / negotiation w/ defs re: medical performance measures. From PLO: CK and ML | 1.30  |        |
|            | CK | talk to ML re: next steps on revising the monitoring guide book         | 0.30  |        |
|            | CK | debrief DS on phone call w/ defs re methodology                         | 0.10  |        |
|            | CK | Phone calls and emails with David re: expert reports and enforcement motion | 0.20  |        |
|            | CK | finalized exhibits, updated declaration                                 | 0.40  |        |
|            | DS | review draft of enforcement motion                                      | 1.00  |        |
|            | DS | phone call w/ DF re enforcement mtn                                     | 0.20  |        |
|            | ML | Call with Defs, CK, and DF re Monitor Guide                             | 1.30  |        |
|            | ML | Cite checked medical expert report                                      | 0.90  |        |
|            | ML | met with CK to discuss next steps on revising the monitoring guide book | 0.30  |        |
|            | DS | mtg w/ CK re methodology phone call with defs                           | 0.10  |        |

Arizona - Litigation

Page   11

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/30/2016 | AH | phone call w/ cocounsel re enforcement motion | 0.60 | |
| | DS | cc w/ AH, CK and KE re mtn to enforce | 0.60 | |
| | CK | reviewed DF's edits to motion | 0.20 | |
| | CK | Phone call w/ DS, AH, KE re status of brief and rewrites | 0.60 | |
| | CK | talk to Megan re: status of cite checking and revisions to report | 0.30 | |
| | ML | Cite checked medical expert report | 2.20 | |
| | AH | worked on enforcement motions | 1.30 | |
| | CK | drafted confirming ltr to LR from 3/29/16 negotiations; revised redline | 1.80 | |
| | ML | met w/ CK re: status of cite checking and revisions to report | 0.30 | |
| 3/31/2016 | CK | drafted ltr to defs re MH measures and 4/5/16 negotiations | 2.70 | |
| | CK | legal research for enforcement motion | 0.50 | |
| | AH | restructured and drafted Motion to Enforce | 6.70 | |
| | AN | Cite check AZ motion | 0.50 | |
| 4/1/2016 | CK | review draft of motion, give edits to AH | 0.40 | |
| | DS | review and revise staffing motion | 1.50 | |
| | CK | reviewed updated monitoring guide and results of calls | 0.70 | |
| | CK | finalized Wilcox report for signature; additional cite checking and file review | 3.40 | |
| | AH | drafted, edited motion to enforce | 7.50 | |
| 4/2/2016 | AH | worked on motion to enforce | 3.00 | |
| | DS | review and revise staffing mtn | 3.00 | |
| 4/4/2016 | CK | talk to DF re motion | 0.20 | |
| | CK | cite check and revise sections of motion | 6.30 | |
| 4/5/2016 | CK | reviewed revised monitoring guide in preparation for call w/ defs | 0.50 | |

Arizona - Litigation

Page    12

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 4/5/2016 | CK | call w/ defs re mental health performance measures. From PLO: CK and ML | 1.60 | |
| | CK | Phone call w/ David and Megan re: next steps in negotiations and issues to take to court | 0.20 | |
| | ML | Call re monitoring methodology | 1.60 | |
| | ML | Call with DF and CK re follow-up from monitoring methodology call | 0.20 | |
| | ML | Reviewed any typed notes from monitoring methodology call | 0.90 | |
| | CK | made Todd's final edits to report, went through to fix all typos and check formatting; redacted | 2.70 | |
| | CK | drafted one page summary of Wilcox report | 1.30 | |
| 4/6/2016 | DS | final review of staffing brief | 1.00 | |
| | CK | Compiled notes from negotiations yesterday for conforming letter to L. Rand; finalized letter | 0.40 | |
| 4/7/2016 | CK | Review revised monitors' guide and compile notes for perf measures to discuss on next call | 2.60 | |
| | DS | mtg w/ CK re performance measure negotiations | 0.30 | |
| | DS | review and revise mtn to exceed page limit | 0.20 | |
| | CK | discussed problematic performance measures w/ AH | 0.20 | |
| | CK | talk to DS re: status of negotiations on performance measures and next steps | 0.30 | |
| | CK | reviewed final drafts of motion to enforce, motion to exceed pages, etc., gave edits to Delana and Kirstin | 0.30 | |
| | AH | reviewed methodology, CK letter re meet and confer | 0.40 | |
| | ML | Redacted exhibits to CK declaration | 1.60 | |
| | AH | talked to CK re problematic performance measures | 0.20 | |
| 4/8/2016 | CK | Reviewed/made edits to motion to seal | 0.30 | |
| | CK | talk to DS re proposed order | 0.20 | |
| | DS | Draft proposed order for staffing mtn | 1.50 | |
| | DS | mtg w/ CK re proposed order | 0.20 | |
| 4/9/2016 | DS | research on PLRA and emails to and from Fathi re same | 1.50 | |

Arizona - Litigation                                                 Page   13

|            |    |                                                                                      | Hours | Amount |
|------------|----|--------------------------------------------------------------------------------------|-------|--------|
| 4/11/2016  | CK | reviewed multiple final PDFs and other docs for filing; drafted summary of the motion | 2.40  |        |
| 4/12/2016  | CK | prep for negotiation call w/ defs                                                     | 0.30  |        |
|            | CK | negotiation re performance measures and monitoring guide                             | 1.00  |        |
|            | CK | talk to DS re negotiations                                                            | 0.20  |        |
|            | CK | drafted memo to DS summarizing areas of impasse on methodology                       | 0.70  |        |
|            | CK | drafted follow up email to co-counsel re areas of impasse and additional clarification in monitoring guidebook | 0.70 |        |
|            | DS | review CK memo on methodology disputes and mtg w/ CK re same                         | 0.50  |        |
| 4/13/2016  | CK | emails w/ co-counsel re enforcement motion and negotiations on compliance measures   | 0.50  |        |
| 4/14/2016  | CK | drafted update letters to all named plaintiffs re: status of enforcement motion and next steps in litigation | 0.30 |        |
|            | CK | work on letter confirming negotiations on 4/12 and setting out concerns re: remaining performance measures | 1.80 |        |
| 4/15/2016  | CK | research for DF on MHTM requirements                                                  | 0.10  |        |
|            | CK | worked on letter to defs re monitoring guide                                          | 2.80  |        |
|            | CK | Work on letter re: performance measure negotiations                                   | 0.80  |        |
| 4/18/2016  | DS | Review opp to mtn to enforce and mtg w/ AH re same                                    | 0.30  |        |
|            | CK | Talk to reporter re: enforcement motion and expert reports                           | 0.80  |        |
|            | CK | emails w/ co-counsel re: case activity and next steps                                 | 0.40  |        |
|            | AH | talked w/ DS re opp to mtn to enforce                                                 | 0.10  |        |
| 4/19/2016  | DS | email to and from KE re timelines for opp to mtns                                     | 0.20  |        |
|            | DS | research local rules on mtn timelines                                                 | 0.20  |        |
| 4/21/2016  | DS | email to and from Fathi re mtn for stay                                               | 0.10  |        |
|            | DS | mtg w/ AH re mtn for stay                                                             | 0.20  |        |
|            | AH | met with DS re mtn for stay                                                           | 0.20  |        |
| 4/26/2016  | CK | Telephonic conference w/ Judge Duncan. From PLO: DS, AH, CK                           | 0.40  |        |

Arizona - Litigation                                                    Page    14

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 4/26/2016 | AH | phone call w/ court | 0.40 | |
| | DS | Conference call status conference re mtn to enforce | 0.40 | |
| | CK | talk w/ AH and DS re: next steps | 0.20 | |
| | AH | talk w/ CK and DS re: next steps re mtn to enforce | 0.20 | |
| | DS | talk w/ AH and CK re: next steps | 0.20 | |
| 4/29/2016 | AH | phone call w/ Kirstin re notice/ compliance motion | 0.20 | |
| | CK | Phone call w/ reporter re enforcement motion | 0.30 | |
| 5/2/2016 | DS | phone call w/ DF re mtn to enforce | 0.30 | |
| | DS | review and revise summary of citations to notice of non-compliance | 0.50 | |
| | DS | email to Delana re 5/18 hearing | 0.20 | |
| 5/11/2016 | AH | mtg re enforcement motion | 0.30 | |
| | CK | Phone call w/ co-counsel (DF, KE) re: Defs' reply. From PLO: CK, DS, AH | 0.30 | |
| | CK | worked on possible enf motion on methodology | 0.50 | |
| | DS | Review Defs. Response to summary of notice provisions, research for reply and email to co-counsel re same | 0.80 | |
| | DS | pc w/ co-counsel re: Defs' reply | 0.30 | |
| 5/12/2016 | DS | email to and from DF re reply re summary of notice. | 0.30 | |
| | DS | review draft from DF re reply re notice summary | 0.30 | |
| | CK | background research for enforcement motion | 0.70 | |
| 5/16/2016 | CK | Phone call w/ DS, DF, AF re: status conference on Wednesday | 0.20 | |
| | DS | phone call w/ DF, AF, CK re reply to response re notice of non-compliance | 0.20 | |
| | CK | worked on enforcement motion | 1.50 | |
| 5/17/2016 | DS | review and revise reply brief re notice of non-compliance | 0.20 | |
| | DS | phone call w/ DF re status conference prep | 0.50 | |

Arizona - Litigation

Page   15

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/17/2016 | DS | mtg w/ CK re status conference prep | 0.30 | |
| | CK | talked to DS re status conference prep | 0.30 | |
| 5/18/2016 | CK | telephonic conference with the judge. From PLO - DS, CK, AH | 1.20 | |
| | CK | meet w/ DS and AH to discuss next steps w/ motion to enforce | 0.30 | |
| | CK | talk to Laura re: CGAR info tracking | 0.30 | |
| | DS | status conference by telephone | 1.20 | |
| | AH | hearing re enforcement motion | 1.20 | |
| | AH | mtg w/ CK and DS re enforcement motion | 0.30 | |
| | CK | worked on enforcement motion re methodology | 1.70 | |
| | CK | reviewed LG's chart of PM scores and finalized for distribution to co-counsel | 0.40 | |
| | LG | Tracking CGAR data for compliance monitoring. | 5.20 | |
| | CK | Talk to DS re: next steps & defs' filing | 0.20 | |
| | AN | Triage and draft letters from clients re medical care | 1.00 | |
| | DS | mtg w/ CK and AH re enforcement motion | 0.30 | |
| | LG | met w/ CK to discuss CGAR info tracking | 0.30 | |
| | DS | mtg w/ CK re: next steps and defs' filing | 0.20 | |
| 5/19/2016 | DS | review draft response to defs brief and emails to and from Fathi | 0.30 | |
| | DS | Email to DF and team re additional notice of non-compliance | 0.20 | |
| | CK | research/help DF work on response to Defs' filing | 1.40 | |
| | CK | work on methodology enf motion | 4.00 | |
| | CK | emails to/from co-counsel re: next steps w/ enf motion | 0.30 | |
| 5/20/2016 | CK | Worked on Notice of Noncompliance | 1.20 | |
| | DS | review court order | 0.20 | |

Arizona - Litigation                                                    Page    16

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 5/20/2016 | DS | meet w/ CK re additional notice of non-compliance | 0.20 | |
| | CK | talk to DS re additional notice of non-compliance | 0.20 | |
| 5/22/2016 | CK | finalize notice of noncompliance | 0.30 | |
| 5/31/2016 | CK | drafted notice of noncompliance for AF review | 0.30 | |
| | DS | email with DF re 6/24 hearing | 0.20 | |
| 6/6/2016 | CK | emails to/from L. Rand re: methodology call; talk to DS re same | 0.40 | |
| | DS | mtg w/ CK re methodology call | 0.20 | |
| 6/7/2016 | CK | finalize notice of noncompliance on max custody measures | 0.80 | |
| | CK | emails to/from co-counsel re: notice | 0.20 | |
| 6/9/2016 | CK | Phone call w/ David re: notice on methodology | 0.30 | |
| 6/14/2016 | DS | review defs remedial plan | 0.50 | |
| | DS | mtg w/ Corene re remedial plan objections | 0.20 | |
| | DS | email to Wilcox re remedial plan | 0.20 | |
| | CK | reviewed defendants' plan filed w/ court (0.2); discussed same w/ DS (0.2) | 0.40 | |
| | AH | reviewed def's plan to address noncompliance | 0.70 | |
| 6/15/2016 | AH | mtg re Def's plan for compliance | 0.80 | |
| | DS | conf call with co-counsel re objections to defs plan | 0.80 | |
| | CK | Conf call w/ co-counsel re: response to defs' plan and 6/24 hg. From PLO: DS, AH, CK; also DF, KE, MA | 0.80 | |
| 6/16/2016 | CK | worked on enforcement motion on methodology | 3.80 | |
| 6/17/2016 | DS | review and revise response to remedial plan and proposed order | 0.50 | |
| | CK | worked on enforcement motion on methodology | 4.50 | |
| 6/20/2016 | DS | review and revise response to defs. plan | 0.50 | |
| 6/22/2016 | DS | review defs. status report | 0.20 | |

Arizona - Litigation

Page    17

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/22/2016 | DS | mtg w/ AH re defs status report | 0.20 | |
| | DS | review Lucy's ltr in response to notice of non-compliance | 0.30 | |
| | DS | email to and from DF re hearing on 6/24 | 0.20 | |
| | AH | meeting with DS re defs status report | 0.20 | |
| 6/24/2016 | DS | Hearing by telephone on Defendants' remedial plan | 1.20 | |
| | DS | phone call w/ DF, CK, AH re remedial plan hearing | 0.20 | |
| | CK | hearing w/ Judge Duncan on remedial plan. From PLO: DS, AH, CK | 1.20 | |
| | CK | Phone call w/ DF re: hearing. Also on call: DS, AH | 0.20 | |
| | AH | telephonic hearing re enforcement and access to records | 1.20 | |
| | AH | post hearing mtg w/ DF, CK, DS | 0.20 | |
| 6/28/2016 | DS | review and revise mtn to enforce methodology | 1.00 | |
| 7/5/2016 | CK | Phone call w/ David re: notice of noncompliance and next steps | 0.30 | |
| | CK | made additional changes to motion to enforce based on DS & DF comments; revised citations; worked on my declaration | 1.70 | |
| 7/6/2016 | CK | Worked on enf motion on methodology; compiled exhibits for declaration | 1.30 | |
| 7/7/2016 | CK | legal research for enf mot; worked on sections | 2.20 | |
| | CK | compiled exhibits to declaration ISO mtn to enforce | 1.10 | |
| 7/8/2016 | CK | finalize enforcement brief | 1.10 | |
| 7/11/2016 | CK | Phone call w/ David re: enforcement motion | 0.30 | |
| | CK | worked on enf motion brief and drafted proposed order | 1.10 | |
| | CK | reviewed DF's changes to the proposed order | 0.20 | |
| | CK | reviewed more recent CGARs for compliance issues | 0.40 | |
| | CK | cite checked brief's cites to the record; fixed brief | 1.10 | |
| 7/12/2016 | CK | conf call w/ defs re: 5/23/16 notice of noncompliance. From Plfs' side: CK, KE, DF, MA | 0.90 | |

Arizona - Litigation                                                          Page    18

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 7/12/2016 | CK | checked final version of brief | 0.20 | |
| 7/18/2016 | CK | Phone call w/ David re hearing | 0.20 | |
| | CK | emails to/from Lucy re: production of CAPs | 0.30 | |
| 7/20/2016 | DS | review mtn to enforce | 0.40 | |
| 7/22/2016 | AH | co counsel Meeting   re enforcement | 0.40 | |
| | CK | Phone call w/ co-counsel re: enforcement motions & notices of noncompliance | 0.40 | |
| | CK | reviewed law students' legal research memo on possible legal strategies for enforcement | 0.30 | |
| | DS | phone call w/ co-counsel re enforcement motions | 0.40 | |
| 7/25/2016 | CK | emails w/ DF re: notice of noncompliance | 0.20 | |
| | CK | reviewed May 2016 CGAR data and compiled list for DF re: new measures for non-compliance | 0.40 | |
| 7/26/2016 | ML | Reviewed and analyzed CGAR data from May 2016 | 3.90 | |
| 7/28/2016 | CK | Drafted   notice of noncompliance re new PMs | 2.60 | |
| 8/1/2016 | DS | status conference re access to medical records and other issues | 0.60 | |
| | DS | email to DF and KE re summary of Defs. Response to mtn to enforce and suggested action | 1.00 | |
| | DS | email to IT consultant re read only issues | 0.20 | |
| | DS | phone call w/ IT consultant re read-only issues | 0.30 | |
| 8/2/2016 | DS | emails to Lucy and David re mediation process | 0.30 | |
| | DS | e-mail to and from IT consultants re read only medical records | 0.20 | |
| 8/5/2016 | DS | reveiw and revise mediation statement | 0.50 | |
| | DS | phone call w/ David and ACLU AZ re magistrate judge for mediation | 0.30 | |
| 8/8/2016 | DS | review reply brief for enforcement motion and email correspondence from co-counsel re same | 0.50 | |
| | DS | email to DF and KE re mediation on 8/9 | 0.30 | |
| | DS | email to and from co-counsel and Lucy et al re Judge Bade as mediator | 0.30 | |

Arizona - Litigation                                                    Page    19

|            |    |                                                                                  | Hours | Amount |
|------------|----|----------------------------------------------------------------------------------|-------|--------|
| 8/9/2016   | DS | Mediation with Judge Buttrick on enforcement motion                              | 1.00  |        |
|            | DS | email to Lucy re read only issue                                                 | 0.10  |        |
|            | DS | phone calls with individuals to identify potential experts for conference with Corizon re read only access | 0.50 |        |
| 8/10/2016  | CK | drafted dec in support of reply brief                                            | 1.30  |        |
|            | DS | phone call w/ Shane Johnston re read only access issue                           | 0.30  |        |
| 8/12/2016  | CK | emails to/from co-counsel re: filing of reply                                    | 0.40  |        |
| 8/19/2016  | DS | Hearing before Duncan on discovery dispute and read only access issue            | 0.90  |        |
|            | DS | email from Struck re read only access                                            | 0.10  |        |
| 8/23/2016  | DS | review defs status report                                                        | 0.50  |        |
|            | DS | review minute orders re discovery conference                                     | 0.10  |        |
|            | CK | reviewed June CGARs for response to defs' filing; drafted portions of response   | 2.20  |        |
| 8/25/2016  | DS | cc w/ co-counsel re defendants remedial plan                                     | 0.70  |        |
|            | AH | phone call w/ DS, CK and co counsel re enforcement motion                        | 0.70  |        |
|            | AH | prep for Meeting with   w/ cocounsel                                             | 0.30  |        |
|            | CK | phone call w/ co counsel re enforcement motion                                   | 0.70  |        |
| 8/26/2016  | AH | phone call w/ expert re dec on def's remedial plan                               | 0.40  |        |
|            | AH | reviewed experts comments re remedial plan, and drafted email to co-counsel re same | 1.30 |        |
|            | ML | Reviewed and analyzed CGARs                                                      | 2.30  |        |
| 8/29/2016  | ML | Reviewed and analyzed CGARs                                                      | 0.50  |        |
|            | DS | Meeting with   w/ AH re response to defendants' submission re their plan         | 0.30  |        |
|            | AH | Meeting with   w/ DS re response to def's status report                          | 0.30  |        |
|            | AH | reviewed transcript from 6/24/16, drafted memo re response to def's status report | 0.80 |        |
| 8/30/2016  | DS | phone call w/ co-counsel re response to defendants supp plan to remedy violations | 0.40 |        |

Arizona - Litigation

Page   20

| | | | Hours | Amount |
|---|---|---|---|---|
| 8/30/2016 | AH | phone call w/ co counsel re response to def's status report | 0.40 | |
| | CK | reviewed correspondence to/from defs re: notices of noncompliance; other emails received during vacation | 0.80 | |
| | CK | Phone call w/ co-counsel re: response to defs' status report on compliance plan | 0.40 | |
| | DS | review and revise wilcox declaratrion | 0.50 | |
| | AH | dec for response to def's status report | 3.10 | |
| 8/31/2016 | DS | review and revise Pltfs response to status report | 0.50 | |
| | CK | reviewed and revised DF/KE's draft response; worked on my declaration and finalized exhibit | 3.70 | |
| | AH | edited dec for response to def's status report | 1.10 | |
| 9/1/2016 | CK | worked on declaration | 0.30 | |
| | DS | email to and from co-counsel re response to status report | 0.20 | |
| | CK | legal research re Rule 706 apptment | 0.30 | |
| | CK | Revised declaration and exhibit index in light of additional documents added to brief; finalized exhibits | 2.40 | |
| 9/2/2016 | AH | cite-checking for response to def's status report | 2.80 | |
| | DS | review response to status report | 0.50 | |
| | CK | worked on response brief, cite checked sections of brief; revised proposed order, worked on declaration | 4.20 | |
| 9/6/2016 | DS | review court order on methodolgical dispute | 0.30 | |
| 9/7/2016 | AH | prepared for hearing on status report | 2.20 | |
| 9/8/2016 | AH | prepared for hearing on status report | 0.50 | |
| | AH | Hearing re status report | 1.00 | |
| | AH | email to cocounsel re status conference | 0.20 | |
| 9/9/2016 | AH | reviewed reply re mtn to enforce 4 PMs, drafted portion, sent comments to DF, reviewed CGAR | 1.20 | |
| 9/19/2016 | DS | review defs notice of errata re mtn for noncompliance | 0.20 | |
| | DS | review and comment on pltfs supp brief on mtn to enforce | 0.30 | |

Arizona - Litigation

Page   21

| | | | Hours | Amount |
|---|---|---|---|---|
| 9/21/2016 | DS | review defs supp brief on mtn to enforce | 0.30 | |
| 9/22/2016 | DS | review defs. mtn to file supp reply | 0.30 | |
| 9/26/2016 | DS | review defendants opening brief and reply brief seeking to file supp brief re suicide issue | 0.50 | |
| | CK | compiled info re: CGAR noncompliance | 0.40 | |
| 9/27/2016 | CK | compiled PM info & reviewed for possible noncompliance notice | 0.30 | |
| 9/29/2016 | CK | meet & confer w/ defs re 7/29/16 Notice of Noncompliance. | 1.30 | |
| | CK | Phone calls w/ David F re: meet & confer and next steps | 0.30 | |
| | CK | compared new monitoring guide w/ previous version and correspondence re: agreed-upon changes to raise issue w/ court; drafted section of the dispute statement; put together summary citations to record. | 2.40 | |
| 9/30/2016 | CK | talk to DS re: issues re: defs' monitoring guide & filing to court | 0.40 | |
| | CK | Phone call w/ David, Don, and self re: issues re: defs' monitoring guide & filing to court | 0.30 | |
| | CK | reviewed past correspondence w/ defs to classify status of each PM | 0.90 | |
| | CK | talk w/ DS re: language for notice to court re: methodology guide | 0.40 | |
| | CK | incorporated DS's changes to statement for court; finalized for DF review | 0.60 | |
| | DS | revise statement for discovery dispute re monitoring guide | 2.00 | |
| | DS | phone call w/ Struck re mediation dates | 0.20 | |
| | DS | email with court and struck re mediation dates | 0.30 | |
| | DS | mtg w/ CK re defs' monitoring guide | 0.40 | |
| | DS | Phone call w/ David and CK re defs' monitoring guide & filing to court | 0.30 | |
| | DS | mtg w/ CK re: methodology guide | 0.40 | |
| 10/3/2016 | CK | revised statement to the court re: discovery disputes | 0.60 | |
| 10/4/2016 | DS | cc w/ co-counsel re discovery hearing and status conf | 0.60 | |
| | CK | Phone call w/ co-counsel re: hearing tomorrow | 0.60 | |

Arizona - Litigation

Page   22

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 10/5/2016 | CK | Phone call w/ Kirstin re status conference today | 0.20 | |
| | CK | emails w/ co-counsel re: status hearing; reviewed Defs' newly produced monitoring guide | 1.90 | |
| | DS | status conference with court | 1.90 | |
| | DS | phone call w/ DF, CK re prep for status conf | 0.20 | |
| | CK | status conference w/ court. From PLO: CK, DS, AH (part of the time) | 1.90 | |
| | AH | status conference w/ court (left early) | 1.20 | |
| 10/6/2016 | LG | Analyzed past advocacy for possible record reviews/enforcement | 1.50 | |
| 10/7/2016 | LG | Analyzed past advocacy for possible record reviews/enforcement | 6.10 | |
| 10/11/2016 | CK | Email def's counsel re: setting up conf calls/meet and confers | 0.20 | |
| 10/12/2016 | ML | Compared version of the monitor guide | 2.30 | |
| 10/13/2016 | ML | Compared version of the monitor guide | 2.10 | |
| 10/14/2016 | ML | Call with Defs re monitor guide | 0.50 | |
| | CK | conf call negotiation w/ defendants re methodology. From PLO - CK & ML | 0.50 | |
| 10/17/2016 | CK | review revised monitoring guide and draft ltr to defs re 10/19 call | 3.50 | |
| 10/18/2016 | CK | review revised monitoring guide and draft ltr to defs re 10/19 call | 2.60 | |
| 10/19/2016 | CK | Reviewed docs/prepped for call w/ Defs re methodology issues | 0.30 | |
| | CK | negotiation/meet & confer Phone call w/ defs re: medical, pharmacy, dental PMs | 1.90 | |
| | CK | drafted confirming letter from negotiation | 1.40 | |
| 10/21/2016 | CK | Phone call w/ defs re: document production (0.3); draft f/up ltr to defs re same | 0.50 | |
| | CK | Phone call w/ DF re: phone call w/ defs | 0.10 | |
| 10/24/2016 | CK | call w/ judge re tours | 0.30 | |
| 10/25/2016 | CK | worked on summary chart of noncompliant PMs | 0.90 | |
| 10/28/2016 | AH | Meeting with   DF, CK, KE, LG, RL re Aug perf measures | 0.40 | |

Arizona - Litigation

Page   23

| | | | Hours | Amount |
|---|---|---|---|---|
| 10/28/2016 | RL | Team meeting regarding August CGAR data and court order. | 0.40 | |
| | CK | Meeting with  DF, AH, KE, LG, RL re Aug Perf measures | 0.40 | |
| | LG | Team meeting regarding August CGAR data | 0.40 | |
| 10/31/2016 | CK | talk to DS re case activity | 0.20 | |
| | DS | emails from last three days re mediations, monitoring methodology | 0.50 | |
| | DS | mtg w/ CK re case activity | 0.20 | |
| 11/1/2016 | CK | emails to/from opp counsel | 0.20 | |
| | CK | worked on brief to court re: August data; compiled CQI minutes | 1.60 | |
| 11/2/2016 | CK | worked on brief; drafted declaration; compiled exhibits | 3.10 | |
| | DS | phone call with Alison re retaliation mtn | 0.30 | |
| | DS | phone call with DF re brief on performance measures | 0.30 | |
| | AH | phone call w/ DS re retaliation motion | 0.30 | |
| 11/3/2016 | DS | review and revise brief responding to defs. plans to cure CGAR failures | 1.00 | |
| | DS | review KE email on retaliation at Tuscon | 0.20 | |
| | AH | drafted report for status conference | 2.10 | |
| 11/4/2016 | DS | review and revise brief on recent CGARS and defs remedial plan | 0.50 | |
| | AH | drafted report for status conference | 5.60 | |
| | AH | Meeting with  DS and DF re status report | 0.50 | |
| | DS | Meeting re status report | 0.50 | |
| 11/7/2016 | DS | phone call w/ Kiristin re retaliation at Tucson and Eyman | 0.50 | |
| | LG | Cite checked declaration | 0.50 | |
| | DS | ltr to Struck re retaliation at Tucson & Eyman | 1.00 | |
| | LG | Cite checked declaration and brief | 0.40 | |

Arizona - Litigation

Page    24

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 11/7/2016 | LG | Compared newest version of CGAR Monitoring Guide against prior version | 2.00 | |
| | DS | revise letter to struck | 0.40 | |
| | AH | drafted dec and report re August CGARS and cite checking | 6.00 | |
| | CK | worked w/ AH, Delana, etc. to review drafts of brief & dec & mtn to seal | 1.30 | |
| 11/8/2016 | CK | Phone call w/ DF re: negotiation call w/ Defs and strategy | 0.20 | |
| | CK | conf call w/ Defs re: MH performance measures & medical performance measures | 2.00 | |
| | DS | final revisions to Struck ltr and email to Struck | 0.50 | |
| | DS | Meeting with   w/ CK re judge tours and seg issues | 0.20 | |
| | CK | typed up summary of discussion w/ defs for Fathi letter | 0.70 | |
| | CK | Meeting with   w/ DS re judge tours and seg issues | 0.20 | |
| 11/9/2016 | CK | status conference w/ Judge Duncan. From PLO: DS, CK | 1.40 | |
| | DS | Status conference with court | 1.40 | |
| | DS | email to and from DF re court order on compliance | 0.30 | |
| 11/10/2016 | CK | worked on sections of brief re methodology | 2.70 | |
| 11/13/2016 | CK | emails w/ DF re  brief on monitoring disputes | 0.30 | |
| 11/14/2016 | CK | Phone call w/ AF re sections of brief on monitoring disputes | 0.20 | |
| | CK | worked on brief on methodology | 5.50 | |
| | CK | made DF & DS revisions to statement | 0.60 | |
| | DS | review and revise brief for monitoring guide disputes | 0.60 | |
| | DS | review RT of 11/9 hearing | 0.60 | |
| | DS | phone call w/ DF re strategy for defending 11/10 order | 0.60 | |
| | DS | research for defending 11/10 order | 0.50 | |
| 11/15/2016 | CK | worked on declaration to statement & exhibits; drafted proposed order; finalized/cite checked statement | 5.30 | |

Arizona - Litigation

Page   25

| Date | | | Hours | Amount |
|------|---|---|-------|--------|
| 11/15/2016 | RL | Review case filings; research case law regarding PLRA; draft motion to modify court order | 3.50 | |
| 11/16/2016 | CK | Reviewed Rita's drafts of motion; revised, discussed same w/ her | 0.50 | |
| | RL | Research case law regarding PLRA findings and Rule 60; review case filings; draft motion to modify order | 4.00 | |
| 11/17/2016 | MAB | Draft outline motion to modify/citecheck motion to clarify | 0.70 | |
| 11/18/2016 | CK | emails to/from opp counsel & co-counsel re doc productions; hearing dates, etc. | 0.70 | |
| | CK | reviewed draft filings | 0.40 | |
| 11/21/2016 | DS | read RT of phone hearing re retaliation on Tuscon tour | 0.40 | |
| | DS | review of mtn for extension to submit status report | 0.20 | |
| | DS | review response to mtn for reconsideration | 0.30 | |
| 11/23/2016 | DS | review defs mtn for clarification of enforcement order and Notice re max custody definition | 0.50 | |
| | DS | review order re redaction of names from RT | 0.20 | |
| | DS | review notice of non-compliance at Eyman with isolation measures | 0.20 | |
| | CK | talk to DS re defs' mot to stay and response | 0.30 | |
| | DS | review defs mtn for relief from order and mtgs w/ CK and RL re same | 0.80 | |
| | RL | Review Defendants' Motion for Relief from Final Order Enforcing Stipulation and draft motion to modify the stipulation; confer with D. Specter regarding opposition brief. | 0.80 | |
| 11/28/2016 | CK | talk to DS & AH re oppo to defs' motion to stay | 0.40 | |
| | MAB | Conf. call with DS, CK, RL & co-counsel re: opp. to motion to stay | 0.70 | |
| | DS | cc w/ co-counsel re defs mtn for relief | 0.70 | |
| | CK | Phone call w/ co-counsel re opp to Defs' motion to stay. From PLO: DS, CK, RL, MAB | 0.70 | |
| | RL | Draft and research response in opposition to Defendants' Motion for Relief From Final Order Enforcing Stipulation; confer with co-counsel regarding appropriate response | 5.00 | |
| | DS | mtg w/ CK & AH re opp to defs' motion to stay | 0.40 | |
| | AH | conf. w/   DS and CK re opp to defs' motion to stay | 0.40 | |

Arizona - Litigation

Page   26

| Date | | | Hours | Amount |
|---|---|---|---|---|
| 11/28/2016 | RL | Conf. call with DS, CK, MAB & co-counsel re: opp. to motion to stay | 0.70 | |
| 11/29/2016 | DS | email from Rita re opp to mtn for relief from judgement | 0.20 | |
| | RL | Research and draft response to Defendants' Motion for Relief from Final Order Enforcing Stipulation. | 4.00 | |
| 11/30/2016 | CK | talk to DS & RL re response to Defs motion for reconsideration | 0.80 | |
| | CK | researched factual record &CQI minutes for RL to use in opp brief | 0.80 | |
| | DS | Meeting with  w/ CK, RL re opp to mtn for relief from judgment | 0.80 | |
| | RL | Research and draft response to Defendants' Motion for Relief from Final Order Enforcing Stipulation; confer with D. Specter and C. Kendrick regarding response. | 8.00 | |
| | CK | reviewed Defs' reports to court against CGARs, drafted status update | 0.70 | |
| | LG | Reviewed Defendant's status report against CGAR reports | 1.00 | |
| 12/1/2016 | CK | Phone call w/ A. Fettig re reply to Defs' response to status conference report | 0.40 | |
| | MAB | Research AZ admin procedures | 1.30 | |
| | LG | Assembled exhibits for status filing | 0.80 | |
| | CK | worked on reply to defs; declaration; reviewed correspondence | 3.60 | |
| | DS | review and revise opp to mtn for relief from judgment | 1.00 | |
| | DS | meeting with CK, RL re opp to mtn for relief from judgment | 0.80 | |
| | CK | reviewed, revised, added information to opp brief to motion to suspend court's order | 1.70 | |
| | CK | met with DS and RL to discuss draft response to Defs' motion to suspend | 0.80 | |
| | RL | Research and draft response to Defendants' Motion for Relief from Final Order Enforcing Stipulation; confer with CK and DS regarding response. | 5.00 | |
| 12/2/2016 | MAB | Review/edit draft response to Def's motion for relief from 11/10 order | 1.10 | |
| | RL | Research and draft response to Defendants' Motion for Relief from Final Order Enforcing Stipulation. | 2.50 | |
| 12/5/2016 | MAB | Research re: 60(b) motion on stay | 0.30 | |
| | DS | review response to mtn for relief | 0.50 | |
| | DS | email with co-counsel re mtn for relief | 0.30 | |

Arizona - Litigation

Page   27

| | | | Hours | Amount |
|---|---|---|---|---|
| 12/5/2016 | DS | Meeting with   w/ SN re possible contempt mtn for Tuscon tour | 0.20 | |
| | DS | Meeting with   AH re expert review of medical records | 0.40 | |
| | SN | Draft contempt motion | 1.50 | |
| | CK | emails w/ oppo counesl | 0.20 | |
| | SN | Meeting with DS re possible contempt mtn for Tuscon tour | 0.20 | |
| | AH | conf. w/ DS re expert review of medical records | 0.40 | |
| 12/6/2016 | SN | Cite check response brief | 0.60 | |
| | SN | Draft contempt motion | 3.20 | |
| | MAB | Cite check response to Def's motion for relief from 11/10 order | 2.40 | |
| | DS | email to and from DF re mtn for relief from judgment | 0.30 | |
| | DS | emails re mediation issues with defendants | 0.30 | |
| | DS | review and revise final opp to defs mtn for relief of nov 10 order | 0.50 | |
| | DS | Meeting with   SN re contempt motion | 0.20 | |
| | CK | emails w/ DF, DS | 0.30 | |
| | CK | compiled edits/cite checks for brief | 0.50 | |
| | SN | Meeting with DS re contempt motion | 0.20 | |
| 12/7/2016 | CK | Phone call w/ Defs re eOMIS and notification issues | 0.40 | |
| | DS | conference call with defendants re streamlining non-compliance letters and eOMIS | | 0.40 |
| | AH | phone call w/ defs re access to eomis | 0.40 | |
| | SN | Draft contempt motion | 4.30 | |
| 12/8/2016 | CK | talk to KE re mediation statement | 0.20 | |
| | CK | drafted sections of mediation statement; prepared charts | 2.80 | |
| | CK | Phone call w/ David F re: mediation statement and hearing on Wednesday; drafted list of issues to cover | | 0.40 |

Arizona - Litigation                                                                Page    28

|            |     |                                                                        | Hours | Amount |
|------------|-----|------------------------------------------------------------------------|-------|--------|
| 12/8/2016  | SN  | Draft contempt motion                                                  | 4.50  |        |
|            | SN  | Meeting with DS re contempt motion                                     | 0.20  |        |
|            | DS  | mtg w/ SN re contempt motion                                           | 0.20  |        |
| 12/9/2016  | CK  | edited the mediation statement                                         | 0.40  |        |
|            | SN  | Draft contempt motion; revise based on DS and CK comments              | 2.00  |        |
| 12/12/2016 | MAB | Cite check reply re: monitoring guide/methodology                      | 1.80  |        |
|            | SN  | Revise contempt brief based on co-counsel comments                     | 0.80  |        |
| 12/13/2016 | DS  | emails to and from Dan Struck re stip for eot                          | 0.40  |        |
| 12/14/2016 | CK  | status conference                                                      | 3.30  |        |
|            | CK  | phone call w/ DF re status conference                                  | 0.30  |        |
|            | MAB | Citecheck contempt motion                                              | 0.90  |        |
|            | CK  | drafted proposed order for contempt motion                             | 0.30  |        |
|            | CK  | finalized Eidenbach declaration and motion and proposed order for filing | 0.80  |        |
|            | DS  | Status conference by phone (arrived late)                              | 3.00  |        |
|            | DS  | review and revise proposed order for contempt                          | 0.50  |        |
|            | DS  | Draft email to Struck re Open Clinic Concept                           | 0.30  |        |
|            | DS  | research on 9th Cir motion for stay and email to co-counsel re same    | 0.60  |        |
|            | RL  | Cite check motion for contempt                                         | 0.40  |        |
|            | AH  | edited, cite checked motion for contempt                               | 1.80  |        |
|            | AH  | phone call w/ expert re file reviews                                   | 0.40  |        |
| 12/15/2016 | RL  | Teleconference with co-counsel regarding Defendants' notice of appeal  | 0.50  |        |
|            | DS  | cc w/ team re compliance with Nov 10 order                             | 0.50  |        |
|            | DS  | email to Struck re Nov 10 order                                        | 0.30  |        |

Arizona - Litigation                                                                  Page    29

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 12/15/2016 | CK | Phone call w/ co-counsel re: future court filings. From PLO: DS, AH, CK, RL, MAB | 0.50 | |
| | CK | talk w/ DS and AH re expert reviews | 0.30 | |
| | AH | phone call w/ co counsel re 9th cir appeal | 0.50 | |
| | AH | research expert report | 2.40 | |
| | DS | review reply to defs Rule 60 mtn | 0.30 | |
| | MAB | Phone call w/ co-counsel re: future court filings | 0.50 | |
| | DS | mtg w/ CK and AH re expert reviews | 0.30 | |
| | AH | talked to DS & CK re expert reviews | 0.30 | |
| 12/16/2016 | ML | Reviewed and analyzed September CGAR results | 2.80 | |
| 12/17/2016 | AH | reviewed med records for expert report | 4.00 | |
| 12/19/2016 | AH | worked on expert report | 3.10 | |
| | DS | ltr from Struck re contempt | 0.20 | |
| | ML | Reviewed and analyzed Sept and Oct CGAR results | 3.60 | |
| 12/21/2016 | DS | email with DF re mediation results | 0.30 | |
| | DS | review of notices to prisoners re retaliation | 0.30 | |
| | CK | emails w/ DF re next steps on court filings | 0.20 | |
| | CK | Reviewed October CGAR data for possible notice of noncomplliance | 1.10 | |
| | ML | Reviewed and analyzed October CGARs | 1.40 | |
| 12/22/2016 | CK | drafted Dec. 2016 Notice of Noncompliance; cite checked same | 1.40 | |
| | ML | Reviewed and analyzed October CGARs | 0.60 | |
| | DS | review data on CGAR non-compliance and Meeting with  w/ CK re same | 0.50 | |
| | CK | Meeting w/ DS re CGAR non-compliance | 0.20 | |
| 12/23/2016 | CK | reviewed filings to court and compared to source documents to identify inaccuracies requested by Duncan for 12/28 filing | 0.60 | |

Arizona - Litigation

Page   30

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 12/27/2016 | LG | Analyzed re-audited CGAR numbers | 0.80 | |
| | AH | reviewed med records for expert report | 1.10 | |
| 12/28/2016 | CK | Phone call w/ defendants re: compliance w/ court's order. From PLO: DS, CK, LG, RL | 0.60 | |
| | LG | Call with Defendants re open clinics and status of court order | 0.60 | |
| | LG | Call with Plaintiff's counsel to discuss call with Defendants | 0.20 | |
| | CK | phone call w/ David re: next steps after conf call w/ defendants | 0.20 | |
| | CK | review transcript from 12/14 status conf | 0.50 | |
| | CK | draft confirming letter to Defendants | 0.40 | |
| | CK | Draft notice to court re: errors in previous filing | 0.30 | |
| | DS | conference call with defendants re Open Clinic and other PMs | 0.60 | |
| | DS | emails to and from opp counsel re legal visits and declarations | 0.20 | |
| | RL | Call with Defendants re open clinics and status of court order | 0.60 | |
| 12/29/2016 | CK | revised/edited DF draft letter to defs re monitoring issues | 0.30 | |
| | CK | talk to LG re research project | 0.20 | |
| | LG | Evaluated Defendants' 12/28/16 filing | 0.70 | |
| | CK | emails w/ RL re draft reply to defs' status update | 0.30 | |
| | MAB | Meeting with ML re: CGARs reports | 0.30 | |
| | CK | reviewed past court orders and filings for RL draft response brief | 0.90 | |
| | RL | Cite check Defendants' status update. | 0.50 | |
| | RL | Drafts response to Defendants' status update. | 3.40 | |
| | ML | Reviewed and analyzed October 2016 CGARs | 2.60 | |
| | LG | met with CK re research project | 0.20 | |
| | ML | met with MAB re: CGARs reports | 0.30 | |

Arizona - Litigation                                                            Page    31

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 12/30/2016 | CK | compiled data for inclusion in DF letter to Defendants re methodology | 1.20 | |
| | MAB | Review CGARs reports | 3.30 | |
| 1/2/2017 | ML | Reviewed and analyzed October 2016 CGARs for court filing/report | 3.60 | |
| 1/3/2017 | CK | revised draft status report w/ DF's additions | 0.30 | |
| | ML | Reviewed and analyzed October CGARs for status report | 2.20 | |
| 1/4/2017 | AN | review CGARS for status report | 2.00 | |
| 1/5/2017 | MAB | Review Def's responses to motion to modify (0.8) / mtg with DS (0.4) | 1.20 | |
| | DS | review Defs response to mtn to modify | 0.50 | |
| | DS | meeting with Mae re reply to opp to mtn to modify | 0.40 | |
| | MAB | Draft reply to motion to modify | 3.20 | |
| | AN | review CGARS for status report | 2.00 | |
| 1/6/2017 | MAB | Draft reply to motion to modify | 0.60 | |
| | AH | phone call w/ co counsel re pending motions | 1.40 | |
| | AH | Meeting with CK, RL, MB re pending motions | 0.20 | |
| | CK | Phone call w co-counsel re: pending motions; upcoming hearing; other litigation issues. From PLO: CK, AH, RL, MAB, LG | 1.40 | |
| | CK | Meeting with AZ team re: next steps (CK, AH, RL, MAB) | 0.20 | |
| | RL | Review Defendants' responses to motion for modification, motion for contempt, and motion under FRCP 60(a), including cases cited in the responses. | 2.00 | |
| | MAB | call with co counsel re pending motions | 1.40 | |
| | LG | phone call with co-counsel re pending motions/upcoming hearings | 1.40 | |
| | RL | telephone call w/ co-counsel re: pending motions | 1.40 | |
| | RL | AZ team meeting re pending motions | 0.20 | |
| | MAB | Meeting with CK, AH and RL re pending motions | 0.20 | |
| 1/9/2017 | ML | Reviewed and analyzed October CGARs for status report | 0.90 | |

Arizona - Litigation                                          Page    32

|          |     |                                                                                                | Hours | Amount |
|----------|-----|------------------------------------------------------------------------------------------------|-------|--------|
| 1/9/2017 | CK  | revised David's declaration & cite-checked; drafted status report; compiled exhibits to DF dec | 1.80  |        |
|          | CK  | reviewed docs & filings to prepare for Wednesday hearing                                        | 0.40  |        |
|          | MAB | Research/draft reply to   motion to modify                                                      | 4.80  |        |
| 1/10/2017 | CK | travel PLO-OAK-PHX-hotel for hg                                                                 | 4.70  |        |
| 1/11/2017 | RL | Status conference by phone                                                                      | 1.20  |        |
|          | MAB | Draft reply to motion to modify                                                                 | 0.70  |        |
|          | DS  | status conference by phone                                                                      | 1.00  |        |
|          | MAB | Draft reply to motion to modify                                                                 | 0.80  |        |
|          | CK  | monthly status hearing                                                                          | 1.50  |        |
|          | CK  | meet w/ KE re hearing and case related issues                                                   | 1.00  |        |
|          | CK  | travel PHX-OAK-home after hearing, less time working on plane                                   | 3.00  |        |
| 1/12/2017 | CK | cite checked sections of enforcement motion                                                     | 1.60  |        |
|          | MAB | Research/draft reply to motion to modify                                                        | 10.20 |        |
|          | CK  | made additional edits/changes to enforcement motion                                            | 1.10  |        |
|          | CK  | talk to DS re Phone call w/ Struck                                                              | 0.20  |        |
|          | RL  | Proofread and cite check enforcement motion.                                                    | 0.70  |        |
|          | RL  | Research and draft reply in support of Rule 60(a) motion.                                       | 2.00  |        |
|          | RL  | Review draft motion to modify the stipulation.                                                  | 0.50  |        |
|          | DS  | met w/ CK re pc w/ Struck                                                                       | 0.20  |        |
| 1/13/2017 | MAB | Research/draft reply to motion to modify                                                       | 2.30  |        |
|          | MAB | Discuss motion to modify with DS                                                                | 0.30  |        |
|          | CK  | reviewed Mae's draft of the response on motion to modify the injunction & Rita's revised reply on motion to modify order | 1.30  |        |
|          | DS  | review and revise reply briefs on motions to modify                                            | 3.00  |        |

Arizona - Litigation                                                  Page    33

|            |     |                                                                                          | Hours | Amount |
|------------|-----|------------------------------------------------------------------------------------------|-------|--------|
| 1/13/2017  | DS  | Draft declaration in support of reply brief for mtn to modify Stip                       | 1.00  |        |
|            | DS  | Meeting with MAB re motion to modify                                                      | 0.30  |        |
| 1/16/2017  | MAB | Edit reply to motion to modify                                                           | 2.00  |        |
| 1/17/2017  | MAB | Research re: motion to modify                                                            | 1.00  |        |
|            | MAB | Cite check reply re Rule 60(a) motion                                                     | 0.70  |        |
| 1/18/2017  | RL  | Review and revise motion to modify the stipulation; cite check motion to modify the stipulation. | 3.30  |        |
|            | RL  | Draft reply in support of contempt motion; review cases cited in Defendants' response brief. | 2.30  |        |
| 1/19/2017  | MAB | Finalize reply to  motion to  modify                                                     | 3.50  |        |
|            | RL  | Research and draft contempt reply; review declarations filed by Defendants.              | 7.00  |        |
| 1/20/2017  | DS  | final review of reply to mtn to modify                                                   | 0.50  |        |
|            | RL  | Research and draft contempt reply.                                                       | 7.00  |        |
|            | RL  | Review and revise Rule 60(a) and Rule 60(b)(5) replies before filing.                    | 0.40  |        |
| 1/22/2017  | RL  | Draft contempt reply.                                                                    | 4.00  |        |
| 1/23/2017  | AH  | reviewed/edited contempt response, Meeting with   w/ DS re same                          | 0.70  |        |
|            | DS  | review reply re contempt mtn (.4); meeting w/ AH re same (.2)                            | 0.60  |        |
|            | CK  | multiple Phone calls w/ DF re filing and other case issues                              | 0.40  |        |
|            | CK  | revised/updated chart/briefing for filing on monitoring guide, reviewed monitoring guide | 4.70  |        |
|            | CK  | reviewed RL's draft contempt reply                                                       | 0.90  |        |
| 1/24/2017  | MAB | Cite check brief re: monitoring methodology                                              | 0.80  |        |
|            | ML  | Reviewed and analyzed CGARs                                                              | 2.40  |        |
|            | MAB | Review reply to contempt motion                                                          | 0.30  |        |
|            | DS  | Meeting with   w/ RL re contempt mtn                                                     | 0.20  |        |
|            | DS  | email to co-counsel re defendants offer on contempt                                     | 0.40  |        |

Arizona - Litigation                                              Page    34

|            |     |                                                                          | Hours | Amount |
|------------|-----|--------------------------------------------------------------------------|-------|--------|
| 1/24/2017  | DS  | phone call w/ Struck re contempt settlement                              | 0.20  |        |
|            | AH  | edited, cite-checked Comments re monitoring manual                       | 4.80  |        |
|            | CK  | drafted sections of brief; made revisions; and compiled exhibits for Fettig dec | 2.30 |        |
|            | RL  | Cite check Plaintiffs' Comments re: Revised Monitoring Guides and Open Clinic. | 0.50 |        |
|            | RL  | Discussed contempt motion w/ DS                                          | 0.20  |        |
| 1/25/2017  | CK  | talk to DS, AH, RL re reply on contempt                                  | 0.50  |        |
|            | AH  | Meeting with DS, CK and RL re contempt reply                            | 0.50  |        |
|            | RL  | Draft contempt reply.                                                    | 3.50  |        |
|            | DS  | review and revise contempt reply papers                                 | 4.00  |        |
|            | DS  | phone call with DF re contempt                                          | 0.20  |        |
|            | DS  | Mtg   w/   CK, AH and RL re contempt reply                              | 0.50  |        |
|            | RL  | Discussed contempt reply w/ DS, CK and AH                               | 0.50  |        |
| 1/26/2017  | DS  | review DF's changes to contempt reply brief                            | 0.30  |        |
|            | DS  | review SWL's letter to DF re changes in methodology                     | 0.20  |        |
|            | AH  | cite checked contempt reply                                             | 0.50  |        |
|            | MAB | Cite check/research contempt reply                                      | 1.90  |        |
|            | DS  | Status conference on ADC monitoring guide (by phone)                   | 2.50  |        |
|            | CK  | hearing w/ court & opp counsel re remaining disputes on monitoring guide | 3.60 |        |
|            | RL  | Revise contempt reply.                                                   | 3.50  |        |
|            | AN  | Review CGARs for CK for evid. hearing                                   | 3.00  |        |
| 1/27/2017  | RL  | Review and finalize contempt reply.                                     | 0.50  |        |
|            | AN  | Review CGARs for CK to use in hearing                                   | 2.00  |        |
| 1/30/2017  | MAB | Review CGARs reports for evid. hearing                                  | 3.10  |        |

Arizona - Litigation                                                              Page    35

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 2/1/2017 | DS | review court order on mtn for reconsideration | 0.30 | |
| 2/2/2017 | DS | conf call with co-counsel re March 8 hearing | 0.50 | |
| | AH | phone call re status conference on Monitoring Manual | 0.50 | |
| 2/3/2017 | MAB | Review court order & transcript | 0.50 | |
| | CK | reviewed DF's edits to reply brief on enforcement motion, finalized for filing; drafted declaration, motion to seal, proposed order | 1.80 | |
| | DS | review order denying mtn to modify   and email to co-counsel re same | 0.40 | |
| | ML | Reviewed and analyzed November 2016 CGAR results for evidentiary hearing | 1.90 | |
| 2/6/2017 | CK | Phone call w/ DF re statement to court; reviewed draft re: same | 0.40 | |
| 2/7/2017 | MAB | Review court orders re: compliance | 0.20 | |
| | DS | review various court orders re compliance | 0.30 | |
| 2/8/2017 | CK | prepare for hearing w/ court re various outstanding issues, enforcement motion | 0.60 | |
| | DS | Status conference by phone | 2.30 | |
| | DS | conference call with co-counsel re status conference issues and tasks | 0.70 | |
| | DS | Meeting with   CK, AH, RL re contempt mtn | 0.20 | |
| | CK | hearing - from PLO - CK & DS | 2.30 | |
| | CK | phone call w/ David, Amy, Kirstin. From PLO: DS, AH, CK, RL | 0.70 | |
| | CK | meet w/ DS, RL, AH re next steps after status conf. | 0.20 | |
| | AH | phone call re status conference with co counsel | 0.70 | |
| | AH | phone call w/ CK, DS and RL re status conference | 0.20 | |
| | RL | phone call with co-counsel re: status conference issues | 0.70 | |
| | RL | mtg w/  CK, DS and AH re contempt motion | 0.20 | |
| 2/9/2017 | DS | review and revise proposal to settle contempt | 0.20 | |
| 2/10/2017 | DS | email to team re compromise offer on contempt | 0.30 | |

Arizona - Litigation                                               Page    36

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 2/14/2017 | MAB | Review CGAR rebuttals for CK for evid. hearing | 1.50 | |
| 2/15/2017 | MAB | Review monthly staffing reports for CK for evid hearing | 0.20 | |
| | CK | Phone call w/ DF and AF re: prep for Friday letter to Defs on monitoring guide | 0.30 | |
| | CK | meet and confer w/ defs re December 2016 notice of noncompliance | 0.40 | |
| | CK | review latest version of revised monitoring guide, ML's comments/analysis, to draft section of ltr re guide methodology | 0.30 | |
| | DS | review of defs response to court order | 0.20 | |
| | LG | Reviewed CQI meeting minutes for CK to use in evid. hearing | 1.10 | |
| | CK | Reviewed monitoring guide; compiled notes for letter to defendants; reviewed CGARs and rebuttals to prep for evidentiary  hearing | 7.30 | |
| 2/16/2017 | LG | Reviewed CQI minutes for evid hearings | 1.80 | |
| | CK | final review of 2016 litigation fees to remove billing judgment items | 0.40 | |
| | CK | update and revise sections of letter to Defs, email w/ DF re same | 0.80 | |
| | CK | review docs to prepare for evidentiary hearing on 3/8 | 0.80 | |
| 2/20/2017 | CK | reviewed CGAR summary chart & cut-back to make it more useful for hearings | 0.80 | |
| 2/21/2017 | MAB | Review statewide staffing data for evid hearing | 0.40 | |
| 2/24/2017 | DS | response to court re March 8 hearing | 0.40 | |
| 2/28/2017 | DS | email from LG re Wilcox call with Corizon, per court's order | 0.20 | |
| | LG | Call with Dr. Wilcox and Defendants re possible eOMIS changes per court's order | 0.40 | |
| 3/3/2017 | DS | email re EOT for response to court order | 0.10 | |
| 3/6/2017 | CK | phone call w/ DF, AF, ML re hearing preparations | 0.40 | |
| | CK | reviewed docs to prepare for evidentiary hearing | 4.60 | |
| | CK | drafted agenda for hearing/ finalized for filing | 0.80 | |
| | MAB | Research for appeal re: motion to modify injunction | 4.90 | |
| | CK | reviewed docs/prepared for Wed hearing | 4.70 | |

Arizona - Litigation                                                                     Page    37

|            |    |                                                                                              | Hours | Amount |
|------------|----|----------------------------------------------------------------------------------------------|-------|--------|
| 3/7/2017   | CK | reviewed docs/prepared for Wed hearing                                                       | 2.30  |        |
|            | CK | travel PLO --> OAK --> PHX --> Perkins (less time working @ airport & on plane, billed separately) | 2.00  |        |
|            | CK | worked on plane /prepped for hearing                                                         | 3.00  |        |
|            | CK | prepped for hearing at Perkins (1.2), meet w/ DF & AF (0.8)                                   | 2.00  |        |
| 3/8/2017   | DS | pcs with Corene, David and Dan Barr re witness testimony at hearing                           | 0.70  |        |
|            | CK | travel hotel --> courthouse                                                                   | 0.30  |        |
|            | CK | hearing on monitoring                                                                        | 3.50  |        |
|            | CK | meet w/ co-counsel re hearing/next steps                                                     | 1.00  |        |
|            | CK | Phone call w/ DS & AH re hearing/next steps                                                  | 0.30  |        |
|            | CK | travel to PHX --> OAK --> home in SF                                                         | 4.20  |        |
| 3/16/2017  | CK | telephone hearing w/ J. Duncan re witnesses at 3/21 hearing                                   | 0.50  |        |
| 3/17/2017  | CK | reviewed docs/revised outline of questions for Haldane testimony                             | 0.80  |        |
|            | CK | reviewed docs/prepared for Haldane, Barlund, Cartwright, Evans, Fontaine, and Winland testimony | 10.80 |        |
|            | CK | reviewed transcript and Defs' filing                                                         | 1.10  |        |
| 3/18/2017  | CK | reviewed docs/prepared for Haldane, Barlund, Cartwright, Evans, Fontaine, and Winland testimony | 5.30  |        |
| 3/19/2017  | CK | reviewed docs/prepared for Haldane, Barlund, Cartwright, Evans, Fontaine, and Winland testimony | 11.80 |        |
| 3/20/2017  | CK | finalize docs / exhibits for hearing                                                         | 1.40  |        |
|            | CK | travel PLO --> OAK --> PHX --> Perkins (less time working on plane, billed separately)       | 3.40  |        |
|            | CK | working on flight to PHX                                                                     | 0.90  |        |
|            | CK | meet w/ David at Perkins, prepare for hearing tomorrow                                       | 3.00  |        |
|            | CK | meeting at ACLU of Arizona with co-counsel re hearing and appeals (CK, DF, DB, KE, KB)       | 1.50  |        |
|            | CK | travel ACLU-AZ to hotel                                                                      | 0.30  |        |
|            | CK | work at hotel for hg                                                                          | 1.00  |        |

Arizona - Litigation                                          Page    38

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/21/2017 | CK | travel hotel -- court | 0.30 | |
| | CK | hearing 8-12:15, 1:15-5:25 | 8.60 | |
| | CK | lunch Meeting with  KE, DF, MA | 0.90 | |
| | CK | post hearing debrief w/ KE, MA, DF | 0.70 | |
| | CK | travel from downtown Phoenix --> PHX --> OAK --> home in SF | 5.00 | |
| 3/23/2017 | DS | phone call with DF re hearing on monitoring issues | 0.30 | |
| | CK | talk to DS and RL re hearings and next steps | 0.30 | |
| | CK | reviewed transcripts/orders/defs' notice; drafted resp to defs notice (Dock 1977) | 0.40 | |
| 3/24/2017 | CK | drafted response to Defs' notice | 0.90 | |
| 3/27/2017 | CK | worked on response to defs' notice, brief re: enforcement motion & update to court on Jan. CGAR info | 4.60 | |
| | CK | talk to DF re: brief, pending case issues | 0.20 | |
| | CK | reviewed Jan CGARs and Dec CAPs for notice of noncompliance | 1.80 | |
| 3/28/2017 | CK | emails w DS & DF re: response to defs' notice | 0.30 | |
| | CK | worked on March notice of noncompliance | 2.90 | |
| | CK | talk to DS re: response to defs' notifications | 0.20 | |
| | CK | revise/edit response in light of DS and DF edits/comments | 0.40 | |
| | DS | mtg w/ CK re response to defs' notifications | 0.20 | |
| 3/29/2017 | CK | finalized March notice of noncompliance; sent to LR | 0.30 | |
| | CK | reviewed DF's edits to reply brief, made suggested revisions | 2.10 | |
| | DS | review and respond to draft response to defs notice to the court | 0.50 | |
| 3/30/2017 | CK | review team edits, revise draft; drafted declaration & proposed order | 1.50 | |
| | CK | Phone call w/ David & Craig Haney re: possible declaration on methodology | 0.30 | |
| | ML | Cite checked Parsons filing against CGARs | 0.70 | |

Arizona - Litigation

Page   39

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/30/2017 | AH | reviewed, edited response to def's filing  re enforcement motion | 0.60 | |
| | DS | review response to Defendants notice re monitoring retroactivity issues and remedial plans | 0.40 | |
| 4/5/2017 | CK | Phone call w/ David & Don re: 4/17 hearing & pending apps | 0.60 | |
| | DS | cc w/ CK and DF re strategy for 4/17 hearing and prep for CX | 0.60 | |
| 4/6/2017 | DS | review Pltfs reply to mtn to enforce [Doc 1944] | 0.30 | |
| | CK | reviewed max custody reply brief Doc. 2006 and assorted case filings | 0.40 | |
| | CK | reviewed docs; prepared outline for hearing on 4/17 | 3.90 | |
| | DS | review response from Defendants re our reply to motion | 0.30 | |
| 4/7/2017 | CK | reviewed docs & depo transcripts; prepared outlines for hearing on 4/17 | 5.60 | |
| 4/9/2017 | CK | reviewed docs/past depo transcripts for 4/17 hearing | 1.80 | |
| 4/10/2017 | CK | reviewed Craig Haney's draft declaration | 0.20 | |
| | ML | Reviewed and analyzed CGAR results and methodology | 0.80 | |
| | MAB | Review CGARs re monitoring methodology & admissions for CK hearing on 4/17 | 3.00 | |
| | DS | ltr from Bojanowski re document production & compliance with Nov 10 order | 0.30 | |
| | CK | reviewed documents, CGARs, depo transcripts to prep for hearing | 4.90 | |
| 4/11/2017 | CK | reviewed docs/worked on outlines for cross-examinations | 2.70 | |
| | CK | Phone call w/ David Fathi re 4/17 hearing & outstanding case management issues | 0.30 | |
| 4/12/2017 | DS | review RT of evidentiary hearing | 1.50 | |
| 4/13/2017 | CK | reviewed draft statement | 0.10 | |
| | CK | Phone call w/ KE, DF, MA, re mediation strategy & call w/ court | 0.70 | |
| | DS | review Defendants' mtn to seal and email to co-counsel re opp to same | 0.40 | |
| | CK | reviewed transcript of 3/21 hearing for use in 4/17 hearing | 2.20 | |
| | CK | call with DF re 4/17 hearing | 0.30 | |

Arizona - Litigation

Page   40

| | | | Hours | Amount |
|---|---|---|---|---|
| 4/13/2017 | CK | talk to DS re 4/17 hearing | 0.20 | |
| | CK | revised outline for Pratt testimony; reviewed docs | 1.30 | |
| | MAB | Review CGARs re monitoring methodology & admissions for CK hearing on 4/17 | 4.10 | |
| | ML | Reviewed and analyzed CGAR methodology and results | 5.70 | |
| | DS | met with CK re hearing on 4/17 | 0.20 | |
| 4/14/2017 | ML | Reviewed and analyzed CGAR methodology and results | 1.30 | |
| | CK | prepared exhibits /finalized outline for Pratt cross ex | 1.00 | |
| | CK | revised Barlund outline; finalized exhibits; emails w/ DF re same | 1.10 | |
| | CK | prepared for other portions of status hearing | 0.40 | |
| 4/16/2017 | CK | Travel home in SF--> OAK airport --> PHX --> hotel for evidentiary hg on 4/17 | 4.30 | |
| | CK | reviewed docs/prepped for evidentiary hearing tomorrow | 1.20 | |
| | CK | meet w/ DF to discuss hearing, case mgmt issues | 0.90 | |
| 4/17/2017 | DS | evidentiary hearing (by phone)   for witness re monitoring compliance | 7.50 | |
| | DS | review email and attachment from Struck re fee enforcement demand | 0.50 | |
| | DS | research on PLRA limitations on special master | 0.40 | |
| | CK | evidentiary hearing (Dye, Barlund, Pratt) - 8:00 - 5:15 | 9.30 | |
| | CK | travel courthouse --> PHX --> OAK --> home in SF after evid hg | 4.50 | |
| 4/18/2017 | AH | Meeting with co counsel re Special Master brief | 0.60 | |
| | CK | Conf call w/ co-counsel re Special Master idea and court's requested briefing. From PLO: CK, DS, AH | 0.60 | |
| | CK | talk to DS re evidentiary hearing & next steps | 0.30 | |
| | LG | Reviewed past transcripts for upcoming brief | 1.30 | |
| | SH | Reviewed court filings/transcripts re: 11/10/16 order | 1.70 | |
| | DS | cc with Amy, Maya, Kirsten, CK, AH re response to court order re special master | 0.60 | |

Arizona - Litigation

Page    41

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 4/18/2017 | DS | phone call with Dan Barr re court order re special master | 0.30 | |
| | DS | met w/ CK re evidentiary hearing | 0.30 | |
| 4/19/2017 | DS | email from Duncan's chambers re mtn to enforce | 0.10 | |
| | DS | email with Dan Barr re fee dispute | 0.20 | |
| | DS | email to Struck re fee dispute | 0.30 | |
| | CK | drafted response email to Duncan's clerk re: pending enf motion | 0.30 | |
| | LG | Reviewed past transcripts for upcoming brief | 1.60 | |
| 4/20/2017 | CK | reviewed transcript of various evid. hearings for information to use in court-ordered brief on methodology due May 1; compiled relevant quotes and sections to incorporate into brief requested by Duncan; drafted sections of the brief | 2.20 | |
| | LG | Reviewed past court transcripts for upcoming brief | 1.80 | |
| 4/21/2017 | CK | worked on sections of brief summarizing evidence from hearings; reviewed transcripts & summarized testimony for same | 2.10 | |
| | MAB | Research re: plf counsel duty to monitor for special master briefing | 0.30 | |
| 4/24/2017 | MAB | Research re: plf counsel duty to monitor/compensation for monitoring fees for briefing on appt of special master | 4.90 | |
| | CK | drafted sections of court-ordered brief on special master & evidentiary hearings; drafted AH declaration in support of same | 1.30 | |
| | DS | Draft memorandum in response to court order re appt of special master | 6.00 | |
| | DS | review court order doc 2030 | 0.20 | |
| 4/25/2017 | MAB | Research re: plf counsel duty to monitor/compensation for monitoring fees for briefing on appt of special master | 1.00 | |
| | CK | reviewed A Orcutt's 3/7/17 version of Monitoring Guide, drafted ltr to her re: same w/ objections, sent to DF for review/additions | 0.40 | |
| 4/26/2017 | CK | Phone call w/ David Fathi re: brief due on May 1, assignments | 0.70 | |
| | LG | Reviewed and checked numbers in Defendant's 4/15/17 Monthly Status Report | 0.40 | |
| | MAB | Email to DS, CK, DF re: monitoring fee research | 0.30 | |
| | DS | Draft memo in response to court order re special master | 5.30 | |
| | DS | meeting with CK re brief in response to ct order re summary of testimony at evidentiary hearing | 0.30 | |

Arizona - Litigation

Page   42

| | | | | Hours | Amount |
|---|---|---|---|---|---|
| 4/26/2017 | CK | worked on sections of the May 1 brief | | 4.10 | |
| | CK | emails w/ T. Bojanowski re: stipulated extension; drafted stip for approval by him & Maya | | 0.30 | |
| | CK | talked to DS re response to court order re summary of testimony at evidentiary hearing | | 0.30 | |
| 4/27/2017 | CK | emails w/ DF re court order Doc 2030 & next steps re noncompliance | | 0.20 | |
| | LG | Reviewed compliance on performance measures 35, 40, 44, 50, 103, 79, 94, and 98 in response to Defendant's request to withdraw claim of substantial noncompliance | | 0.50 | |
| | LG | Reviewed performance measures to assess compliance based on Court's 4/24/17 order | | 1.20 | |
| | CK | compiled witness testimony for brief; revised sections | | 3.20 | |
| 4/28/2017 | DS | revisions to draft brief on special master/court expert | | 2.50 | |
| | DS | email to co-counsel re draft brief re special master/court expert | | 0.20 | |
| | MAB | Review draft brief re: special master | | 0.30 | |
| | CK | compiled excerpts of transcript from evidentiary hearing for court-ordered briefing re same | | 4.40 | |
| | MAB | Research/memo to RL re: motion for judicial notice | | 3.00 | |
| 5/1/2017 | MAB | Review draft special master brief | | 0.30 | |
| | LG | Reviewed Defendant's CGAR chart for mediation | | 0.80 | |
| | CK | excerpt/summarize transcripts for brief | | 5.40 | |
| | DS | emails to co-counsel re Shawn Jensen motion and defs req to withdraw motion | | 0.50 | |
| | DS | email to Struck re request for extention | | 0.20 | |
| 5/2/2017 | CK | reviewed/revised/finalized joint mediation brief for 5/9/17 mediation | | 0.40 | |
| | DS | phone call with DF and AF, and RL re strategy on close custody appeal and outside provider appeal. | | 0.30 | |
| | DS | revise Special Master Brief and email to co-counsel re same | | 0.50 | |
| | CK | worked on brief on special master and hearings | | 5.20 | |
| 5/3/2017 | CK | worked on special master/monitoring brief | | 13.10 | |
| 5/4/2017 | DS | review Pratt testimony and draft questions for further cross | | 2.00 | |

Arizona - Litigation                                                                    Page   43

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 5/4/2017 | DS | conf call with DF and CK re Pratt cross | 0.80 | |
| | CK | worked on brief re hearings & SM | 8.30 | |
| | CK | Phone call with David and Don re: 5/10 hearing, Pratt testimony | 0.80 | |
| 5/5/2017 | AH | Meeting with w/ DS and CK re Receiver, monitoring | 0.30 | |
| | AH | phone call with w/ DF, DS and CK re filing on methodology | 0.40 | |
| | CK | Meeting with w/ DS and AH re: Defs' Notice of Termination & response | 0.30 | |
| | CK | Phone call w/ DF, DS, AH re: filing on monday re: methodology hearings | 0.40 | |
| | CK | Prep for cross-examination of Pratt on monitoring at 5/10 hg | 1.20 | |
| | AH | cite-checking, editing brief re Special master | 3.30 | |
| | CK | Reviewed DS's revisions/comments to brief on monitoring; incorporated and revised per his comments | 2.80 | |
| | CK | talked to AH re: special master and monitoring briefs & assignments for filing | 0.30 | |
| | DS | Review and revise brief on summary of evidence from evidentiary hearing | 3.20 | |
| | CK | research/prepped outline for continued cross of Pratt on monitoring | 0.80 | |
| | DS | mtg w/ CK and AH re Defs' Notice of Termination | 0.30 | |
| | DS | Phone call w/ DF, CK, AH re filing on methodology | 0.40 | |
| | AH | met w/ CK re special master | 0.30 | |
| 5/6/2017 | CK | revised testimony brief w/ DF's edits and suggested additions | 2.40 | |
| | CK | research for continued cross exam of Pratt | 3.20 | |
| | MAB | Cite check brief on monitoring evidentiary hearings | 3.20 | |
| 5/7/2017 | AH | cite-checked brief re monitoring testimony | 5.90 | |
| | CK | research for continued cross exam of Pratt | 5.20 | |
| | RL | Cite check Plaintiffs' Statement Regarding Evidentiary Hearings on Monitoring | 5.50 | |
| 5/8/2017 | MAB | Cite check brief on monitoring evidentiary hearings | 1.50 | |

Arizona - Litigation

Page    44

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/8/2017 | CK | compiled and reviewed cite checks and comments from reviewers for the brief, added additional sections; drafted declaration | 5.30 | |
| | AH | edited Special Master report, drafted dec | 1.40 | |
| | CK | research/worked on outline for Pratt cross-exam | 1.80 | |
| | RL | Cite check Plaintiffs' Statement Regarding Evidentiary Hearings on Monitoring. | 0.90 | |
| 5/9/2017 | CK | travel home --> SFO --> PHX --> courthouse for mediation (less time working on plane, billed separately) | 3.40 | |
| | CK | worked on plane to PHX prepping for mediation | 1.00 | |
| | CK | meet w/ KE prior to mediation | 0.50 | |
| | CK | mediation w/ Judge Bade re December and January notices of noncompliance (9:30 - 1:15) | 3.80 | |
| | CK | travel courthouse --> Perkins after mediation | 0.40 | |
| | CK | worked at Perkins preparing for 5/10 hearing & cross-examination | 4.90 | |
| | CK | multiple phone calls w/ David re: 5/10 hearing | 0.70 | |
| 5/10/2017 | MAB | Triage/draft responses to AZ mail | 2.70 | |
| | CK | meet w/ KE before hearing to review/prep for hearing and status conference | 0.90 | |
| | CK | status hearing (9 - 5:15) | 8.30 | |
| | CK | Phone call w/ DF after hearing | 0.30 | |
| | CK | Phone call w DS re hearing | 0.10 | |
| | CK | travel from Meeting in Phoenix --> PHX airport --> SFO --> home in SF | 4.80 | |
| | DS | call w/ CK re hearing | 0.10 | |
| 5/12/2017 | CK | talk to DS re 5/10 hearing, next steps | 0.80 | |
| | DS | Meeting with CK re report on 5/10 hearing | 0.80 | |
| 5/16/2017 | CK | Strategy call with co-counsel re: pending litigation; plans for June 14 status hearing and oral arguments. From PLO: DS, CK, AH, MA-B, RL | 1.00 | |
| | DS | co-counsel conf call | 1.00 | |
| | CK | email defs re M&C on March notice of noncompliance | 0.10 | |

Arizona - Litigation                                                                       Page    45

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 5/16/2017 | MAB | Team call with DS, AH, CK, ACLU (DF, AF), KE, ADCL (MA), Victoria Lopez re: monitoring, upcoming briefing/hearings | 1.00 |  |
|  | CK | Compiled notes and data on noncompliance for Dr. Wilcox review for report requested by court | 0.10 |  |
|  | AH | Meeting with w/ cocounsel re all pending litigation/ enforcement motions | 1.00 |  |
|  | RL | conference call with co-counsel | 1.00 |  |
| 5/17/2017 | CK | draft ltr to T.Bojanowski re removal of HNR boxes pursuant to remedial plan | 0.40 |  |
|  | CK | compiled notes & CGAR info for Wilcox for report to judge Duncan re: additional remedial efforts for noncompliance | 0.80 |  |
| 5/18/2017 | CK | compiled notes & CGAR info for Wilcox for report to judge Duncan re: additional remedial efforts for noncompliance | 3.20 |  |
| 5/19/2017 | CK | compiled information for Wilcox expert report | 3.50 |  |
| 5/22/2017 | CK | Phone call w/ David Fathi re: upcoming filings, hearings | 0.20 |  |
|  | CK | compiled information for Wilcox expert report | 1.10 |  |
|  | CK | email w/ T. Wilcox re: expert report | 0.20 |  |
| 5/23/2017 | CK | reviewed defs' response briefs; reviewed cases cited therein; | 1.00 |  |
|  | CK | talk to DS re: defs' response on monitoring & expert and reply to same | 0.20 |  |
|  | CK | legal research for reply briefs on expert and evidentiary hearings; drafted section | 2.60 |  |
|  | CK | phone call w/ David, Don, Rita | 0.30 |  |
|  | DS | met w/ CK to discuss defs' response on monitoring & expert and reply to same | 0.20 |  |
|  | DS | pc with co-counsel re defs' responses on evidentiary hearing, our reply | 0.30 |  |
|  | RL | telephone conference w/ co-counsel re defs' responses on evidentiary hearing, our reply | 0.30 |  |
| 5/24/2017 | DS | review RT of May 10 hearing | 2.00 |  |
|  | CK | researched & wrote reply brief on appointment of expert | 6.20 |  |
|  | CK | talk to Rita re: district court reply brief on expert | 0.40 |  |
|  | RL | met w/ CK to discuss district court reply brief on expert | 0.40 |  |
| 5/25/2017 | CK | research & draft reply on special master/expert | 3.10 |  |

Arizona - Litigation

Page    46

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/25/2017 | CK | reviewed 5/10/17 hearing transcript for use in reply briefs | 1.80 | |
| | CK | emails w/ DF re reply briefs & filing | 0.20 | |
| | CK | revised reply brief on Special Master pursuant to DS comments | 2.20 | |
| | CK | emails w David re expert reply brief | 0.20 | |
| | DS | review and revise Reply Brief re Special Master/706 expert | 1.50 | |
| | DS | phone call with DF and CK re remedies for non-compliance found by court for various performance measures | 0.30 | |
| | CK | talk to DS re reply brief on expert | 0.30 | |
| | CK | additional DS revisions to brief on expert | 0.60 | |
| | CK | research for brief on hearings | 1.30 | |
| | CK | phone call w/ DS and DF re remedies for non-compliance | 0.30 | |
| | DS | discussed reply brief on expert w/ CK | 0.30 | |
| 5/26/2017 | CK | incorporated David & Maya's final edits into brief for reply on expert | 0.90 | |
| | CK | drafted declaration for Don for reply on expert; compiled exhibits | 0.40 | |
| | BZ | Reviewed evidentiary hearings' transcripts for use in reply brief on hearings | 2.20 | |
| | CK | reviewed revised section of Haney dec, Phone call w David re same | 0.30 | |
| | CK | drafted brief re PM 47 & asking court to extend outside provider order | 1.20 | |
| | CK | talk to DF re: brief re PM 47 & asking court to extend outside provider order | 0.10 | |
| | CK | talk to DS re: brief re PM 47 & asking court to extend outside provider order | 0.20 | |
| | DS | mtg w/ CK re brief re PM 47 | 0.20 | |
| 5/28/2017 | CK | worked on reply brief re hearings | 4.20 | |
| 5/29/2017 | CK | worked on reply brief re hearings | 5.20 | |
| 5/30/2017 | BR | cite checking reply brief in support of the Court appointing an expert | 3.50 | |
| | BZ | Cite checking reply brief in support of the court appointing an expert | 1.80 | |

Arizona - Litigation                                                    Page    47

|            |    |                                                                                              | Hours | Amount |
|------------|----|----------------------------------------------------------------------------------------------|-------|--------|
| 5/30/2017  | BR | cite checking brief in support of a further enforcement order against defendants for PM 47    | 1.30  |        |
|            | CK | finalized reply brief on expert with cite checking notes                                      | 0.80  |        |
|            | CK | drafted ltr to T. Bojanowski re: failure to file response to Court instruction re: requiring patients to be seen two times on nurse's line | 0.30 | |
|            | CK | made final additions to brief re: noncompliance w/ PM 47                                      | 0.30  |        |
|            | CK | worked on reply brief re hearings                                                             | 2.70  |        |
| 5/31/2017  | CK | Finalized/filed response to Defs' notice re PM 47                                             | 0.30  |        |
|            | CK | worked on draft reply brief re: hearings                                                      | 2.90  |        |
|            | CK | revised reply brief on hearings w/ DF's edits and made additions per his suggestions          | 1.30  |        |
|            | DS | review and revise reply brief re summary of witness testimony at evidentiary hearing          | 0.70  |        |
| 6/1/2017   | CK | drafted brief re: failure to provide info on 2 nurses line visits                             | 0.80  |        |
|            | CK | reviewed Delana's final version of court filing on special master                             | 0.20  |        |
|            | CK | revised notice/drafted declaration re: PM 39                                                  | 0.90  |        |
|            | CK | revised and rewrote section of reply brief on methodology                                     | 2.30  |        |
|            | CK | compiled CGAR data for Wilcox report                                                          | 0.50  |        |
|            | CK | incorporated David and Maya's edits to reply brief on hearings                                | 0.90  |        |
|            | DS | email with DF and CK re mtns for contempt                                                     | 0.30  |        |
|            | BR | cite checking reply brief regarding appointment of special master                            | 2.70  |        |
|            | BZ | Cite checking reply brief in support of the court appointing an expert                        | 2.90  |        |
|            | CK | input all cite checks to reply brief, revised, edited sections                                | 0.80  |        |
|            | CK | emails w/ co-counsel re: conference call w/ Defs tomorrow                                      | 0.20  |        |
| 6/2/2017   | BR | cite checking Prison Litigation Reform Act for brief                                          | 0.10  |        |
|            | CK | emails w/ MA-B re sections of RJN and FER                                                     | 0.30  |        |
|            | CK | reviewed final PDF of reply on hearings; emails w/ DF re possible language changes to MH section | 0.60 | |

Arizona - Litigation

Page    48

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/2/2017 | CK | meet & confer w/ defs re: 3/27/17 notice of noncompliance | 0.40 | |
| 6/5/2017 | CK | Phone call w Dr Wilcox re declaration | 0.10 | |
| | CK | emails w/ co-counsel re: pending tasks | 0.20 | |
| | CK | draft ltr to Defs re: meet and confer | 0.10 | |
| | CK | drafted ltr to defs re: 6/2/17 meet and confer, circulated to David for any additions | 0.40 | |
| 6/6/2017 | CK | reviewed Todd's draft of declaration; added citations | 1.60 | |
| 6/7/2017 | CK | talk to DS re pending litigation motions | 0.30 | |
| | CK | research on contract | 1.30 | |
| | DS | met w/ CK re pending litigation motions | 0.30 | |
| 6/8/2017 | DS | review and revise Wilcox declaration re remedies for enforcement motion | 0.60 | |
| | DS | phone call with DF and CK re prep for status conf | 0.50 | |
| | CK | prepared exhibit to Wilcox dec; reviewed/edited dec | 0.80 | |
| | CK | talked to DS re: Wilcox dec | 0.20 | |
| | CK | Phone call w/ David and Don re: 6/14/17 hearing | 0.50 | |
| | AH | Reviewed, edited expert report re ways to improve remedial plans | 0.60 | |
| | CK | research on RFP for HC SVCS | 2.30 | |
| | CK | drafted proposed agenda for 6/14 hearing; email w/ DF re same | 0.30 | |
| | CK | met with CK to discuss Wilcox dec | 0.20 | |
| 6/9/2017 | CK | draft memo to DS & DF re: research on RFP | 1.20 | |
| | CK | revised proposed hearing agenda and declaration, compile exhibits | 0.40 | |
| 6/12/2017 | CK | Phone call with David re hearing on 6/10, supplemental agenda | 0.30 | |
| | CK | drafted supp agenda and declaration for David | 0.20 | |
| | CK | drafted outlines for arguments at hearing on pending motions | 1.30 | |

Arizona - Litigation

Page    49

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/13/2017 | CK | prepped outline for hearing | 0.30 | |
| | CK | travel PLO--> OAK --> PHX --> Perkins Coie (less time working on plane billed separately) | 4.10 | |
| | CK | prep for hearing on plane | 0.80 | |
| | CK | meet w/ AF and KE at Perkins, prep for hearing | 2.50 | |
| 6/14/2017 | CK | travel hotel --> fed ct house hearing | 0.30 | |
| | CK | status hearing | 6.30 | |
| | CK | travel courthouse --> hotel --> Perkins | 0.50 | |
| 6/15/2017 | CK | travel downtown Phoenix --> PHX --> OAK --> home (flight delayed 45 minutes, less 1 hour working on plane) | 4.30 | |
| 6/19/2017 | AH | reviewed med record, phone call w/ med expert and phone call w/ cocounsel re cancer treatment for named plaintiff | 1.10 | |
| 6/20/2017 | CK | emails with KE & DF re Jensen reply brief | 0.30 | |
| | CK | emails w/ DF re: discovery hearing | 0.20 | |
| | CK | email Tim re M&C re: expert | 0.20 | |
| 6/21/2017 | CK | reviewed/edited KE's draft reply brief on Jensen PI motion | 0.40 | |
| | AH | drafted, cite checked reply for PI motion for Jensen | 4.80 | |
| | AH | phone call w/ med expert re Jensen case, memo re same | 0.70 | |
| | CK | reviewed prisoner medical record for possible declaration re: open clinic problems; drafted declaration re: same | 1.20 | |
| | CK | talk to Rita re: outstanding case issues and task assignments | 0.30 | |
| | CK | Phone call w/ DF re: court orders and next steps | 0.30 | |
| | RL | met w/ CK to discuss outstanding case issues/task assignments | 0.30 | |
| 6/22/2017 | CK | review correspondence and medical records for possible witnesses for 7/13 hearing | 2.10 | |
| | CK | research possible expert nominees | 2.20 | |
| | CK | prepared summary of hearing and court's orders for others not at hearing | 0.80 | |
| 6/23/2017 | CK | Phone call w/ David re: July 13 evidentiary hearing | 0.30 | |

Arizona - Litigation

Page    50

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/23/2017 | CK | Phone call with potential candidate to be expert | 0.30 | |
| 6/26/2017 | CK | research re: possible experts; drafted emails/contacted candidates | 1.10 | |
| | CK | drafted joint mediation statement to circulate to co-counsel and opp counsel | 0.40 | |
| | CK | Phone call w David and Alison re experts | 0.20 | |
| | CK | Phone call w/ possible expert | 0.30 | |
| | AH | phone call w/ several correctional health/staffing experts, and memo re same | 1.40 | |
| | CK | draft ltr to T.Bojanowski re: call on experts | 0.30 | |
| | AH | phone call w/ CK and DF re experts | 0.20 | |
| 6/27/2017 | AH | phone call w/ CK and op co re proposing staffing expert to court | 0.30 | |
| | CK | talk to AH re potential experts | 0.20 | |
| | CK | Phone call w Defendants re: expert. From PLO: CK, AH | 0.30 | |
| | CK | draft statement to court re: expert issue; draft / prepare AH declaration & exhibits | 1.80 | |
| | AH | met with CK to discuss potential experts | 0.20 | |
| 6/28/2017 | DS | revise and revise 706 expert statement | 0.50 | |
| | DS | review RT of 6/14 hearing | 1.00 | |
| | CK | emails w/ co counsel re expert filings | 0.40 | |
| 6/29/2017 | CK | Reviewed defs' various motions re expert, evidentiary hearing, sanctions | 0.40 | |
| | CK | Phone call w/ co-counsel re defs' motions | 0.80 | |
| | CK | draft correspondence to Defs re: motion to vacate evid hg | 0.30 | |
| | DS | Review Defs mtn to vacate evid hearing and mtn for reconsideration of $1,000 sanction | 0.50 | |
| | DS | conf call with co-counsel re response to defs mtn for reconsideration of sanctions and mtn to vacate hearing | 0.80 | |
| | DS | review and revise proposed email to struck re evid hearing | 0.30 | |
| | DS | review and revise proposed email to Sarah Selzer re writs of h.c. ad testificandum | 0.20 | |

Arizona - Litigation                                                      Page   51

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 6/29/2017 | DS | email to Struck re evidentiary hearing | 0.40 | |
| | CK | reviewed Anne's proposed edits to joint mediation statement; email back re same | 0.10 | |
| | DS | phone call with Dan Barr re strategy for mtn for reconsideration | 0.50 | |
| | CK | research/drafted response to court order (doc 2119) re PM 25 | 1.30 | |
| 6/30/2017 | DS | review of RT from discovery hearing on 6/20 | 0.50 | |
| | CK | drafted proposed language on PM 25, researched policies on emergency response | 1.10 | |

For professional services rendered                    1479.00  $323,901.00

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Alison Hardy | 245.30 | 219.00 | $53,720.70 |
| Amber Norris | 10.50 | 219.00 | $2,299.50 |
| Bernadette Rabuy | 7.60 | 219.00 | $1,664.40 |
| Briana Zweifler | 6.90 | 219.00 | $1,511.10 |
| Corene Kendrick | 723.00 | 219.00 | $158,337.00 |
| Donald Specter | 174.80 | 219.00 | $38,281.20 |
| Gwen Wu | 3.70 | 219.00 | $810.30 |
| Laura Graham | 52.70 | 219.00 | $11,541.30 |
| Mae Ackerman-Brimberg | 85.60 | 219.00 | $18,746.40 |
| Megan Lynch | 60.40 | 219.00 | $13,227.60 |
| Rita Lomio | 89.30 | 219.00 | $19,556.70 |
| Sara Norman | 17.50 | 219.00 | $3,832.50 |
| Sarah Hopkins | 1.70 | 219.00 | $372.30 |

**ARIZONA - LITIGATION**
**TIME AND EXPENSES**
**KIRSTIN EIDENBACH**
**02/01/16 thru 06/30/17**

| Month | Day | Enforcement | Total |
|-------|-----|-------------|-------|
| February | 1 | Review research regarding settlement memorandum | 1 |
| | 2 | Review email correspondence regarding settlement memorandum | 0.2 |
| | 10 | Research and outline settlement memorandum | 5.7 |
| | 12 | Research and outline settlement memorandum; review documents re the same | 7.3 |
| | 13 | Draft settlement memorandum | 6.3 |
| | 14 | Draft settlement memorandum | 7 |
| | 15 | Review and respond to email correspondence regarding settlement memorandum | 1.3 |
| | 17 | review and revise settlement memorandum; review and respond to email correspondence re settlement memorandum | 3.9 |
| | 19 | review draft motion to compel; review and respond to email correspondence re settlement memorandum | 1.1 |
| | 23 | finalize settlement memorandum; review and respond to email correspondence re settlement memorandum | 5 |
| | 28 | review docs in advance of settlement conference; prepare for settlement conference | 4 |
| March | 1 | Prepare for and attend settlement conference | 5 |
| April | 1 | review and revise motion to enforce | 3.1 |
| | 2 | Draft, review, and revise motion to enforce and supporting documents | 6.9 |
| | 3 | Draft, review, and revise motion to enforce and supporting documents | 5.3 |
| | 4 | review and revise motion papers | 5.2 |
| | 5 | review and revise motion papers and supporting documents | 3.9 |
| | 6 | review and revise motion papers and supporting documents | 1.7 |
| | 7 | review and revise motion papers and supporting documents | 2.6 |
| | 8 | review and revise motion papers and supporting documents | 4.6 |
| | 11 | coordinate filing of motion to enforce and supporting motions | 5.8 |

**ARIZONA - LITIGATION**
**TIME AND EXPENSES**
**KIRSTIN EIDENBACH**
**02/01/16 thru 06/30/17**

|  |  |  |  |
|---|---|---|---|
|  | 18 | discuss motion to enforce timeframes with D. Freouf | 0.7 |
|  | 26 | Attend telephonic status conference | 0.9 |
|  | 27 | Review notices of substantial noncompliance | 2.5 |
|  | 28 | Review notices of substantial noncompliance | 4.3 |
|  | 29 | Review notices of substantial noncompliance | 1.9 |
|  | 30 | Draft summation of notices of substantial noncompliance | 1.9 |
| May | 1 | Review and revise notices of substantial noncompliance; draft email correspondence regarding the same | 2.3 |
|  | 2 | Review and revise summation of notices of substantial noncompliance | 1.7 |
|  | 3 | Review and revise summation of notices of substantial noncompliance | 3.1 |
|  | 9 | Review notice of filing of non-electronic exhibits | 0.4 |
|  | 16 | Review reply regarding notice of substantial noncompliance; coordinate filing of the same | 1.5 |
| June | 23 | Prepare for hearing | 1.9 |
|  | 24 | Prepare for and attend hearing regarding Motion to Enforce | 2 |
| July | 8 | Review draft enforcement motion | 1.4 |
|  | 11 | Review, revise joint motion re: time lines; review motion to enforce | 3.7 |
|  | 12 | Finalize motion to enforce and motion to seal | 4 |
|  | 28 | Review notice of noncompliance | 1.9 |
|  | 29 | Prepare for hearing on eOMIS | 1.5 |
|  | 1 | Attend hearing on eOMIS; communicate with Defendants re: upcoming mediation(s) | 1.8 |
|  | 4 | Draft extension for reply brief; email communication with Defendants' re Joint statement; review Stewart Declaration | 2.5 |
|  | 5 | Review and revise joint statement | 2.9 |
| August | 8 | Prepare for mediation | 2.8 |
|  | 9 | Prepare and attend mediation | 4.5 |
|  | 10 | Review and revise reply brief and exhibits | 2.2 |
|  | 11 | Finalize reply | 1.2 |
|  | 16 | Review and revise motion to enforce; email communication regarding the same | 3 |

**ARIZONA - LITIGATION**
**TIME AND EXPENSES**
**KIRSTIN EIDENBACH**
**02/01/16 thru 06/30/17**

|  |  |  |  |
|---|---|---|---|
|  | 17 | Draft proposed order; review and revise declaration, motion, and exhibits | 3.6 |
|  | 19 | Prepare for and attend hearing | 2.8 |
|  | 25 | Prepare for hearing | 1.9 |
|  | 26 | Prepare for and attend hearing | 2.3 |
|  | 27 | Draft response brief | 4.4 |
|  | 28 | Review and revise response brief | 2.8 |
|  | 29 | Review and revise response brief | 2.2 |
|  | 30 | Review and revise response brief | 3.1 |
|  | 31 | Review and revise response brief, declaration, and exhibits | 6.7 |
|  | 1 | Review and revise response brief | 7.1 |
|  | 2 | Review and revise response brief, declaration, motion to seal, and exhibits; facilitate filing; draft, review, and revise proposed order | 8.1 |
|  | 7 | Prepare for hearing | 2.3 |
| September | 8 | Prepare for and attend hearing | 1.3 |
|  | 12 | Review draft reply brief | 1.5 |
|  | 13 | Review draft reply brief; review email communication regarding the same | 1.6 |
|  | 20 | review final drafts of brief and supporting documents | 1.9 |
| October | 19 | review and finalize mediation statement | 2 |
|  | 24 | prepare for upcoming mediation | 2.1 |
|  | 25 | prepare for upcoming mediation | 3 |
|  | 26 | Prepare for and attend mediation with Judge Bade | 6.5 |
| December | 7 | Draft mediation statement | 4.9 |
|  | 8 | Review and revise mediation statement | 3.5 |
|  | 9 | Revise mediation statement | 2.2 |
|  | 10 | Review draft civil contempt motion | 1.1 |
|  | 12 | Finalize and distribute mediation statement 2.4; review documents relating to motion for civil contempt 1.4; | 3.8 |
|  | 15 | prepare for upcoming mediation | 1.9 |
|  | 16 | Prepare for upcoming mediation | 2.5 |
|  | 19 | Prepare for and attend mediation with Judge Bade | 5.2 |
| January | 9 | review draft motion to enforce 1.3; | 1.3 |
|  | 12 | finalize and file motion to enforce and supporting documents 1.1; | 1.1 |
|  | 18 | finalize declarations 1.8; | 1.8 |

**ARIZONA - LITIGATION**
**TIME AND EXPENSES**
**KIRSTIN EIDENBACH**
**02/01/16 thru 06/30/17**

| | | | |
|---|---|---|---|
| | 19 | review draft motions to enforce 1.3; | 1.3 |
| | 20 | coordinate filings 2.5; | 2.5 |
| | 25 | review and edit draft briefing 3.6; | 3.6 |
| February | 21 | Review and finalize maximum custody motion to enforce 1.3; prepare for and attend legal call .7; | 2 |
| | 23 | Review issues regarding upcoming mediation .3; | 0.3 |
| | 24 | Review issues regarding upcoming mediation .1; | 0.1 |
| | 28 | Review issues related to upcoming mediation .9; | 0.9 |
| March | 3 | Review issues regarding upcoming mediation .4; | 0.4 |
| | 9 | review issues related to upcoming mediation .4; | 0.4 |
| | 10 | review issues related to upcoming mediation 1.0; | 1 |
| | 14 | review issues related to upcoming mediation 1.4; email the court regarding the same .5; | 1.9 |
| April | 12 | Review notices of noncompliance and compliance data 2.0; | 2 |
| | 13 | Prepare for and attend team call 1.6; | 1.6 |
| | 25 | Review notices of noncompliance 1.1; Prepare for and attend telephonic conference with Judge Bade 1.3; | 2.4 |
| | 26 | Review draft appellate brief 2.0; prepare and draft joint mediation memo 1.8; | 3.8 |
| | 27 | Review and revise joint mediation memo 3.2; | 3.2 |
| | 28 | Review and revise joint mediation memo 3.5; | 3.5 |
| May | 1 | Review and finalize joint mediation memo 3.2; | 3.2 |
| | 8 | Review draft briefs/motions 2.8; prepare for mediation 1.9; | 4.7 |
| | 9 | Prepare for and attend mediation 4.7; | 4.7 |
| | 11 | Finalize and review notes from mediation 1.3; Draft confirming letter regarding mediation agreements 1.2; | 2.5 |
| | 16 | Review mediation notes .7; prepare for and attend conference call with Judge Bade regarding upcoming maximum custody mediation .6; | 1.3 |
| | 17 | Review medical records 2.0; draft email communications regarding the status of Jensen PI motion 1.6; | 3.6 |
| | 25 | Prepare for and attend maximum custody telephonic meet and confer 1.9; review draft brief 1.8; | 3.7 |
| | 26 | Review draft mediation statement 1.0; | 1 |

**ARIZONA - LITIGATION**
**TIME AND EXPENSES**
**KIRSTIN EIDENBACH**
**02/01/16 thru 06/30/17**

|      |    |                                                                                                                            |       |
|------|----|----------------------------------------------------------------------------------------------------------------------------|-------|
|      | 31 | Review draft brief 1.3; assist in filings .4; review email communications regarding Jensen PI motion .6; review court filings 1.9; | 4.2   |
| June | 1  | Review draft brief 1.5;                                                                                                     | 1.5   |
|      | 5  | Address issues relating to upcoming mediations and notices of noncompliance 2.4;                                            | 2.4   |
|      | 12 | Address issues relating to Jensen PI motion 2.0; prepare for mediation 2.5;                                                 | 4.5   |
|      | 13 | Prepare for and attend mediation 3.5; attend meet and confer .8; prepare for upcoming hearing 1.8;                          | 6.1   |
|      | 16 | Draft reply in support of Jensen PI (5.5);                                                                                  | 5.5   |
|      | 19 | Research, review and revise reply in support of Jensen reply (8.0)                                                          | 8     |
|      | 20 | Review and revise Jensen reply (8.0)                                                                                        | 8     |
|      |    | Total                                                                                                                       | 337.7 |

# EXHIBIT C

Prison Law Office
1917 Fifth Street
Berkeley, CA, 94710

Arizona - Litigation

Additional Charges :

|  |  |  | Amount |
|---|---|---|---|
|  | $general |  |  |
| 12/2/2015 | PLO | Riley Peterson billing for medical records review - 33.75 hours | 3,037.50 |
|  | PLO | Expert Medical Record Review - Paul Roubidoux 30 hours | 2,700.00 |
| 12/13/2015 | PLO | Todd Wilcox - invoice 1190 - File Reviews/Drafting Report/Tucson Site Visit | 20,663.63 |
| 12/31/2015 | PLO | Expert Medical Record review - Paul Roubidoux 40 hours | 3,600.00 |
| 1/21/2016 | PLO | 11 hours of case reviews - Riley Peterson | 1,026.00 |
| 2/1/2016 | PLO | Todd Wilcox invoice 1191 - 167.75 hours of record review and drafting report | 50,325.00 |
| 2/29/2016 | CK | RT airfare OAK-PHX for mediation | 162.20 |
|  | DS | cab from PHX to hotel | 25.00 |
|  | DS | Airfare to PHX for Mediation | 71.10 |

Arizona - Litigation                                                   Page    2

|  |  |  | Amount |
|---|---|---|---|
| 3/1/2016 | CK | hotel in PHX | 247.65 |
|  | CK | breakfast before mediation | 15.58 |
|  | CK | light rail fare from downtown to PHX airport | 2.00 |
|  | CK | starbucks at PHX airport | 3.53 |
|  | CK | parking at OAK airport | 26.00 |
|  | CK | mileage:   PLO in Berkeley --> OAK --> home in SF ($0.54/mile x 39 miles = $21.06) plus toll ($6) | 27.06 |
| 3/2/2016 | PLO | Hotel | 510.88 |
| 3/6/2016 | DS | mileage to and from SFO | 29.16 |
|  | DS | toll | 5.00 |
| 4/6/2016 | PLO | Todd Wilcox invoice 1204 - 68 hours of record review and drafting expert report | 20,400.00 |
| 8/31/2016 | PLO | Todd Wilcox - Invoice 1229 - 6.5 hours of review of remediation plan and declaration | 1,950.00 |
| 10/12/2016 | PLO | transcript for October 5 Status Hearing | 61.20 |
| 11/14/2016 | PLO | Transcript from November 9 Proceedings | 165.75 |
| 11/17/2016 | PLO | Transcript for 11/2 Status Conference | 89.25 |
| 12/28/2016 | PLO | Transcript of Proceedings 12/14 | 112.50 |
| 1/11/2017 | CK | breakfast in PHX before status hg | 13.01 |
|  | CK | two days' parking @ OAK for travel to PHX for status hg | 24.00 |
| 3/7/2017 | CK | RT airfare OAK-PHX for hearing on monitoring | 477.88 |
|  | CK | wifi to work on plane | 8.00 |
|  | CK | cab for CK and Amy F from PHX to Perkins Coie offices | 27.38 |
|  | CK | lunch in PHX | 10.00 |
|  | CK | hotel in PHX night before hearing | 229.46 |
| 3/8/2017 | CK | parking for KE, CK, AF, DF during hg | 16.00 |

Arizona - Litigation                                                Page   3

|  |  |  | Amount |
|---|---|---|---|
| 3/8/2017 | CK | breakfast before hearing | 6.23 |
|  | CK | coffee/snack at PHX on way home from hg | 3.86 |
|  | CK | 2 days parking at OAK airport | 28.00 |
|  | CK | mileage - PLO office --> OAK ---> home in SF   (38 miles total x 0.535/mile) | 20.33 |
| 3/16/2017 | CK | dinner working until midnight prepping for hearing | 13.66 |
| 3/20/2017 | CK | taxi PHX- Perkins | 22.49 |
|  | CK | lunch while working at PC | 10.85 |
| 3/21/2017 | CK | Dinner at PHX airport after hearing | 12.95 |
|  | CK | parking at OAK airport | 48.00 |
|  | CK | lunch during hearing | 11.78 |
|  | CK | hotel night before hearing | 272.04 |
|  | CK | parking at hearing | 16.00 |
|  | CK | RT airfare | 537.89 |
|  | PLO | Transcript of Proceedings 3/8/17 | 531.25 |
|  | CK | mileage PLO office --> OAK airport --> home in SF (38 miles total x $0.535/mile = 20.33), bridge toll $ 4 | 24.33 |
| 4/16/2017 | CK | RT airfare for evidentiary hg | 537.89 |
|  | CK | dinner w/ DF night before hg | 66.99 |
|  | CK | cab PHX --> hotel night before hg | 19.96 |
| 4/17/2017 | CK | hotel in AZ for evid hg | 151.08 |
|  | CK | coffee/breakfast before evid hg | 9.78 |
|  | CK | parking KE's car at courthouse for hg | 16.00 |
|  | CK | lunch during evid hg | 12.98 |
|  | CK | parking at OAK two days | 28.00 |

Arizona - Litigation                                              Page      4

| | | | Amount |
|---|---|---|---|
| 4/17/2017 | CK | mileage home--> OAK   (44 miles RT x 0.54/mile = 23.76) + bridge toll $4 | 27.76 |
| 4/25/2017 | PLO | 4/7/17 Transcript of Proceedings | 1,275.55 |
| 5/9/2017 | CK | RT airfare SFO-PHX for mediation & 5/10/17 evidentiary hg and status conf | 311.64 |
| | CK | 1 night hotel in PHX during mediation/hearing | 104.00 |
| | CK | breakfast/coffee at SFO before mediation in PHX | 14.15 |
| | CK | lunch during mediation | 12.54 |
| | CK | dinner in PHX | 28.24 |
| 5/10/2017 | CK | parking at SFO - mediation/hg inPHX | 50.00 |
| | CK | breakfast before hearing | 13.67 |
| | CK | lunch during hearing | 10.75 |
| | CK | dinner at PHX after hearing | 39.53 |
| | CK | parking for Kirstin during hearing | 16.00 |
| | CK | taxi from Meeting after hg to PHX airport | 42.00 |
| | CK | RT mileage between home and SFO airport (29 miles x 0.54/mile) | 15.66 |
| 5/24/2017 | PLO | Transcript of Proceedings 5/10/17 | 989.40 |
| 6/13/2017 | CK | flight OAK -- PHX for hearing | 277.96 |
| | CK | taxi PHX--Perkins Coie | 23.93 |
| | CK | lunch at OAK airport before flight to PHX | 12.25 |
| | CK | coffee/snack | 12.92 |
| | CK | dinner | 24.63 |
| 6/14/2017 | CK | breakfast before hearing | 5.96 |
| | CK | lunch for CK, DF, AF, KE, MA during hearing | 97.05 |
| | CK | taxi hotel --> Perkins | 12.40 |

Arizona - Litigation                                                          Page    5

|            |     |                                                                      | Amount |
|------------|-----|----------------------------------------------------------------------|--------|
| 6/14/2017  | CK  | subway for CK, MAB, DF, AF:   Perkins --> downtown                    | 8.00   |
| 6/15/2017  | CK  | hotel in Phoenix                                                      | 396.46 |
|            | CK  | taxi hotel ---> PHX airport                                           | 17.25  |
|            | CK  | coffee at airport                                                     | 4.01   |
|            | CK  | parking at OAK airport                                                | 42.00  |
|            | CK  | mileage PLO --> OAK (17 miles) + OAK---> home in SF (21 miles) @ $0.54/mile = 20.52 + bridge toll ($4) | 24.52  |
| 6/16/2017  | PLO | invoice - Dr. Lisa Pratt (Dec-Feb) reviewed medical records and wrote report (18.75 hours) | 4,667.00 |
| 6/20/2017  | PLO | Invoice - Dr. Wilcox (Feb-June)                                       | 10,450.00 |
| 6/22/2017  | PLO | L and D Reporting -   6/14/17 Transcript of Proceedings               | 145.80 |

Total costs                                                              $127,637.09