## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## CIVIL MINUTES - GENERAL

Phoenix Division

**CV-12-0601-PHX-DKD**           DATE: October 11, 2017

Title: <u>Parsons et al</u> vs. <u>Ryan et al</u>
     Plaintiffs     Defendants

========================================================================

HON:   David K. Duncan           Judge # <u>70BL/DKD</u>

    Kenneth Miller/Caryn Smith    Laurie Adams
       Deputy Clerk            Court Reporter

**APPEARANCES:**
Corene Kendrick, David Fathi and Maya Abela, with Amy Fettig and Kirstin Eidenbach appearing telephonically, for Plaintiffs

Daniel Struck, Timothy Bojanowski, Richard Valenti and Rachel Love, with Lucy Rand appearing telephonically, for Defendants

========================================================================
**PROCEEDINGS:**    X  Open Court      _____Chambers      _____ Other

9:04 AM – This is the time set for Status Hearing. The Court discusses with the parties how best to enforce compliance with the stipulation. Argument is heard regarding Defendants' Notice re: Lack of Jurisdiction to Rule on Plaintiffs' Motion to Vacate Court Orders (Doc. 2375). Plaintiffs request until October 13, 2017 to provide a brief. SO ORDERED.

Discussion is held regarding upcoming hearing dates. IT IS ORDERED resetting the December 13, 2017 Status Hearing to December 20, 2017 at 9:00 AM. Further discussion is held regarding hearing dates for 2018.

Discussion is held regarding the University of Arizona telemedicine program. Defendants are working on a detailed declaration for the Court which will be filed prior to the next hearing date.

Discussion is held regarding Plaintiffs' October 4, 2017 letter. IT IS ORDERED Defendants shall respond to the letter by no later than October 20, 2017 and then the parties shall meet and confer and report back to the Court by October 24, 2017. If a telephonic conference is required, the parties are to contact the Court to schedule the same.

Further discussion is held regarding the telemedicine issue. Plaintiffs request a deadline be set for production of the detailed declaration Defendants will be filing. IT IS ORDERED the declaration shall be produced by no later than October 25, 2017.

BJ Millar appears telephonically and presents his view of the requests of each party and the staffing vacancies at each of the ten facilities. His suggestion is to work on providers first and see if the nursing situation corrects itself. The Court can expect to see results in five to six months at which time a report will be submitted. Argument is heard. The Court will enter an order for Mr. Millar which addresses the staffing issues. IT IS ORDERED Mr. Millar shall submit a written scope of the work by no later than October 20, 2017.

10:12 AM – Court stands at recess.

10:26 AM – Court reconvenes with respective counsel present. Court Reporter, Laurie Adams, is present.

Performance Measure 6 at Eyman is reviewed. Upon agreement of the parties the Court finds the measure is substantially noncompliant and adopts the proposed remediation measures.

Performance Measure 12 at Eyman and Florence is reviewed. The Court finds the measure is substantially noncompliant and adopts the proposed remediation measures.

Performance Measure 15 at Eyman, Florence and Lewis is reviewed. The Court finds the measure is substantially noncompliant and adopts the proposed remediation measures. Argument is heard. The Court will issue an order regarding the Tucson facility.

Performance Measure 20 at Eyman, Florence, Lewis, Perryville, Phoenix and Tucson is reviewed. The Court finds the measure is substantially noncompliant and adopts the proposed remediation measures.

Performance Measure 24 at Lewis is reviewed. The Court finds the measure is substantially noncompliant and adopts the proposed remediation measures.

Performance Measure 42 at Eyman, Florence and Perryville is reviewed. The Court finds the measure is substantially noncompliant at Eyman and Florence and adopts the proposed remediation measures. For Perryville, the steps taken are adopted as the remediation plan. Argument is heard regarding this performance measure at Lewis. Upon agreement of the parties the Court finds the measure is substantially noncompliant at Lewis and adopts the proposed remediation measures. Further argument is heard. IT IS ORDERED Defendants shall provide the copies of the training information and the new policy to Plaintiffs by no later than November 8, 2017 and inform the Plaintiffs of the start date of implementation of the policy at all facilities.

Performance Measure 49 at Douglas, Eyman, Florence, Perryville, Phoenix and Tucson is reviewed. The Court finds the measure is substantially noncompliant at Eyman, Florence,

Phoenix and Tucson and adopts the proposed remediation measures. Argument is heard regarding Douglas and Perryville. The Court finds Douglas and Perryville in substantial noncompliance but holds the remediation plan in abeyance.

Performance Measure 50 at Perryville is reviewed. The Court finds the measure is substantially noncompliant.

Performance Measure 51 at Douglas, Perryville and Yuma is reviewed. The Court finds the measure is substantially noncompliant and requires a remediation plan for all three facilities be provided by no later than October 25, 2017.

Performance Measure 52 at Eyman is reviewed. The Court finds the measure is substantially noncompliant and adopts the proposed remediation measures. The Court is informed a supplemental plan is being implemented on November 1, 2017. As with Performance Measure 42, the training information and new policy is to be provided to Plaintiffs.

Performance Measure 55 at Eyman is reviewed. The Court finds the measure is substantially noncompliant. IT IS ORDERED Defendants shall provide a remediation plan by no later than October 25, 2017.

Performance Measure 67 at Lewis is reviewed. The Court finds the measure is substantially noncompliant and adopts the proposed remediation measures which are to begin on November 15, 2017.

Performance Measure 72 at Eyman is reviewed. The Court finds the measure is substantially noncompliant and adopts the proposed remediation measures. As with the previous performance measures the plan is to be provided to Plaintiffs by no later than November 8, 2017.

Performance Measure 91 at Phoenix is reviewed. The Court is informed the cause of noncompliance is under review and a remediation plan will be forthcoming by October 25, 2017. Defendants agree the measure is substantially noncompliant.

Performance Measure 94 at Phoenix is reviewed. The Court finds the measure is substantially noncompliant and adopts the proposed remediation measures. Argument is heard regarding the Yuma facility for this performance measure. The Court finds there is no substantial noncompliance at Yuma.

Performance Measure 97 at Phoenix is reviewed. The terms of the stipulation call for a finding of noncompliance; however, the Court will hold the remediation plan in abeyance.

Performance Measure 98 at Douglas is reviewed. The Court finds the measure is substantially noncompliant but will hold the remediation plan in abeyance.

Argument is heard regarding the Motion to Enforce the Stipulation (Maximum Custody Performance Measures 1-3, 5-6 and 8) (Doc. 1944).  IT IS ORDERED Defendants shall file their response to the proposed order to which Plaintiffs shall have an opportunity to reply.

The Court is informed the parties have agreed to modify the Stipulation related to Performance Measure 9.  IT IS ORDERED accepting the modification to the Stipulation.

Discussion is held regarding Defendants' Notice Relating to Performance Measures for October 11, 2017 Status Hearing (Doc. 2374).  Argument is heard regarding Performance Measure 11.  IT IS ORDERED at the next status hearing there be someone available to discuss what steps were taken to determine if implementation of the remediation plan was working and explain if no steps were taken.

The benchmark for Performance Measures 13 and 14 have been satisfied.

Performance Measure 15 is reviewed.

11:57 AM – Court stands in recess.

1:17 PM – Court reconvenes with respective counsel present.  Court Reporter, Laurie Adams, is present.

Performance Measures 20, 24, 27, 29, 35, 37, 39, 40, 42, 44 and 45 are reviewed.

Performance Measure 46 is reviewed.  Argument is heard.  The Court will highlight its questions as black box warnings regarding real time information gathering that has been producing continual real time failures to see what type of corrective action is taken.

Performance Measure 47 is reviewed.  Argument is heard.  In light of the number of facilities not meeting this Performance Measure, the Court inquires as to why the results are not routinely printed out and mailed to the inmates.

Performance Measure 49 is reviewed.

Performance Measures 50 and 51 are reviewed.  IT IS ORDERED someone shall be present at the next status hearing to discuss the matter of specialty providers.

Performance Measures 54, 55, 66, 67, 72, 73, 80, 86 and 92 are reviewed.

Performance Measure 93 is reviewed.  Defendants place the corrective action on the record.

Performance Measure 94 is reviewed.  Defendants will make the identified correction in the next update.

Performance Measure 98 is reviewed.  Defendants place the numbers for Yuma on the record.  Dr. Taylor addresses the Court.  IT IS ORDERED when staffing reports are received by Defendants they are to be produced to Plaintiffs.  Further discussion is held.  IT IS ORDERED by

no later than October 20, 2017 Defendants are to advise Plaintiffs where they are in the document transition.

The Court is informed that Agenda Item 10A is still in negotiation.

Discussion is held regarding Corizon items B and C.  The Court is informed the staff offsets as of August, 2017 is $3,344, 229.09.

Discussion is held regarding the dental subcontractor.  Defendants state all providers are grouped together and dentists are included in the offset.

3:00 PM – Hearing concludes.

Time in court: 4 hr 22 min (9:04 AM – 3:00 PM)