Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
afletcher@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-DKD <br><br><br> **DECLARATION OF RICHARD PRATT** |

I, **RICHARD PRATT**, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2. I have been working with the Arizona Department of Corrections ("ADC") since July 2000, not including from October 2009 to July 2011, when I was employed elsewhere.

3. In February 2012, I was appointed Interim Assistant Director of ADC's Health Services Bureau following Dr. Michael Adu-Tutu's retirement. When Health Services was privatized in July 2012, my title was adjusted to be the Interim Assistant Director of ADC's Health Services Contract Monitoring Bureau ("HSCMB").

4. When Arthur Gross was hired to be the Assistant Director in October 2012, my position changed to Program Evaluation Administrator.

5. I was placed under a temporary special assignment as the Interim Assistant Director in March, 2014, when Mr. Gross retired.

6. I was named Assistant Director in August, 2014.

7. As Assistant Director, I am responsible for providing managerial oversight and direction to the HSCMB to monitor the contracted vendor's compliance with all aspects of the health services contract. I am also responsible for reviewing and responding to internal and external inquiries pertaining to compliance issues, contract specifications, reports, inspections, staffing levels, and legal mandates of inmate healthcare, mental health care, and dental care services.

8. I am familiar with ADC's policies and practices pertaining to healthcare, including medical care, dental care, and mental health care, the privatization of ADC healthcare, ADC's contract with Corizon, Corizon's responsibilities under that contract, and the HSCMB's monitoring of Corizon's care to ADC inmates.

9. I am personally familiar with the *Parsons* litigation, the resulting Stipulation, and the monitoring and reporting of the health care performance measures (HCPMs) in the Stipulation.

10. Pursuant to Department Order ("DO") 1101, health care fees may be charged to inmates for each health care appointment and emergency treatment initiated or required by an HNR.

11. An inmate makes a health care appointment by completing an HNR and submitting it to medical.

12. Health care fees will not be charged where visits are requested by medical, dental, or mental health staff or are due to a referral to another discipline.

13. Under the old collection box system, the first visit of an inmate seeking mental health care, for example, would be with mental health, as his/her HNR would be triaged by medical, and they would be referred to mental health, sight unseen.

14. As such, they would be charged the $4 copay at the time of their mental health visit, unless they had an SMI, were a minor, or were in an infirmary.

15. Under the new open clinic system, an inmate seeking mental health care is charged $4 for the initial visit to the nursing line, as it is a health care appointment initiated by an HNR.

16. The inmate is then referred to mental health, but is not charged an additional $4, as the mental health visit is, at that point, a visit due to a referral to another provider.

17. If the inmate seeking mental health care has an SMI, is a minor, or is in an infirmary, he/she will not be charged the $4 copay at either the nursing line visit or the mental health visit.

18. Under either system, an inmate seeking mental health or dental care is only possibly subject to one $4 copay.

19. If an inmate is mistakenly charged for both the nursing line visit and the referral visit, the charges will be reviewed and refunds will be issued as necessary.

1    I declare under penalty of perjury that the foregoing is true and correct.
2    Executed this __31st__ day of October, 2017.

_____
RICHARD PRATT

3