**EXHIBIT A**

**EXHIBIT A**

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
1275 W. Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-4951
Fax: (602) 542-7670
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
afletcher@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD <br><br><br><br>**DECLARATION OF RICHARD PRATT** |

I, **RICHARD PRATT**, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2. I have been working with the Arizona Department of Corrections ("ADC") since July 2000, not including from October 2009 to July 2011, when I was employed elsewhere.

3. In February 2012, I was appointed Interim Assistant Director of ADC's Health Services Bureau following Dr. Michael Adu-Tutu's retirement. When Health Services was privatized in July 2012, my title was adjusted to be the Interim Assistant Director of ADC's Health Services Contract Monitoring Bureau ("HSCMB").

4. When Arthur Gross was hired to be the Assistant Director in October 2012, my position changed to Program Evaluation Administrator.

5. I was placed under a temporary special assignment as the Interim Assistant Director in March 2014, when Mr. Gross retired.

6. I was named Assistant Director in August 2014.

7. As Assistant Director, I am responsible for providing managerial oversight and direction to the HSCMB to monitor the contracted vendor's compliance with all aspects of the health services contract. I am also responsible for reviewing and responding to internal and external inquiries pertaining to compliance issues, contract specifications, reports, inspections, staffing levels, and legal mandates of inmate healthcare, mental health care, and dental care services.

8. I am familiar with ADC's policies and practices pertaining to healthcare, including medical care, dental care, and mental health care, the privatization of ADC healthcare, ADC's contract with Corizon, Corizon's responsibilities under that contract, and the HSCMB's monitoring of Corizon's care to ADC inmates.

9. I am personally familiar with the *Parsons* litigation, the resulting Stipulation, and the monitoring and reporting of the health care performance measures (HCPMs) in the Stipulation.

10. Since August 2016, Performance Measure ("PM") 45 at Yuma has been in compliance under the terms of the Stipulation.

11. In August 2017, however, there was a dip in performance for PM 45 at Yuma.

12. I have investigated the cause of the August 2017 dip in performance and have been able to identify the issue.

13. During the course of my investigation, I communicated with Roland Maldonado, Senior Vice President, Corizon Health, who provided to me an explanation of the issue.

14. According to Mr. Maldonado, PM 45 at Yuma fell below compliance because one of Corizon's providers ordered labs for the next Chronic Care appointment, but marked the labs as routine (to be completed within 60 days) in eOMIS, yet put in a note that they needed the labs prior to the next clinic appointment (which could be as long as six months later). As a result, the labs were not completed within the timeframes according to the orders in eOMIS.

15. Upon information and belief, Corizon instructed the lab and the Clinical Coordinator to re-enter the August 2017 orders so they are scheduled according to the next clinic date as directed by the Provider and not placed as a routine order.

16. In addition, Mr. Maldonado identified that the corrective action plan was to re-educate the provider on the proper way to enter the orders. I understand that this was verbal education.

17. The September preliminary performance results have risen once again to an acceptable level, 94%.

1 | I declare under penalty of perjury that the foregoing is true and correct.
2 | Executed this 14TH day of November, 2017.

_____
RICHARD PRATT

3