Michael J. Cohn #288721
ASPC Lewis/STINER 57A21
P.O. Box 3700
Buckeye, AZ 85326

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.
v.
Ryan, et al.

2:12 601-DKD

MASS TORT - Infliction of DISTRESS (NIED) (IIED)[1]

Hon. David K. Duncan

I, Michael J. Cohn, class plaintiff respectfully alert the court to an issue that has apparently been ignored in the above captioned case. I allege the infliction of emotional distress as a consequence of medical neglect/abuse as follows:

1) Inmates seek medical care as described in 2:12 601-DKD
2) medical care is denied, deferred, obstructed resulting in pain ie; untreated liver pain due to Hepatitis C, untreated hernias, untreated or insufficiently treated back pain (Estelle v. Gamble, 429 U.S. at 104 n.10 (Less efficacious treatments than appropriate constitute 8th amendment violations/deliberate indifference), IIED - Intent is implicated as distress is likely.[1]
3) Being left in pain or treated ineffectually/insufficiently inflicts emotional distress. This is particularly true when inmates know remedies are available in the community, but are denied them here. IIED[1]
4) Emotional distress is known to exascerbate medical conditions ie. Stress may exascerbate cardiovascular disease.

Ineffective ASSISTANCE of COUNSEL

To my knowledge, counsel has not initiated any meaningful

1 of 4

I allege,

Note: The Physical Manifestations Rule applies when physical injury worsens, action to address the emotional consequences of the abuse/ neglect explicit in 2:12CV601-DKD, et seq. I see no performance measure that addresses this issue.

Stress assessments are readily available, inexpensive to administer and can document risk of physical illness, correlating with the amount of stress in a person's prior year circumstances. Counsel has mental health experts available who can advise on this issue.

Credibility

As a former psychologist and part-time University Instructor on behavioral health matters, I have the professional background to comment on such matters. I was a Fellow/Diplomate of the American Board of Medical Psychotherapists and Psychodiagnosticians, which likely qualifies me as an expert regarding these matters.

Legal qualification: I have achieved a certificate in Torts/ Personal Injury law since my confinement. I now have some 4 years experience as a "jailhouse lawyer"/Prisoner Rights Advocate.

Remedy

1) Counsel for plaintiffs should petition the court to add measures of infliction of emotional distress in the instant case, on intake and annually.
2) Counsel should advise all class clients that they may have a colorable claim for infliction of emotional distress as individuals.

2 of 4

3) Counsel should provide all class plaintiffs with a list of mental health resources for evaluation of stress for purposes of litigation.

4) The class counsel should petition for injunctive relief ordering ADC to administer stress evaluations to every class plaintiff seeking medical care, with the results to be provided to the court and oversight by class counsel. The results should be made available individually to the inmate and to all class plaintiffs, as indicated. The results should be part of the medical record.

Credibility

I have a background and training/experience in healthcare administration. I have taught university classes in research and program evaluation. In short, I have the skill set to run a mental health treatment program.

Infliction of distress should have been considered as a performance measure from the beginning of this case in my opinion. Treatment resources for this specific issue should have been identified immediately and inmates directed to utilize them.

I want this issue on the record so inmates have recourse.

Respectfully submitted,       Date: 11/11/17

Michael J. Cohy, Ed.D.
Michael J. Cohy, Ed.D.

3 of 4

Case 2:12-cv-00601-ROS   Document 2449   Filed 11/16/17   Page 4 of 4

Certificate of Service
Per General Order 14-17
 original eFiled to: on 11/16/17
 Clerk of the U.S. Dist. Ctr.

 Copy to:   on 11/16/17
 Attorney General

(1) Note: IIED. It is highly likely that emotional distress will occur if medical care is denied/obstructed/delayed. Thus, intent is implicated. (Morissette, E.L., _Personal Injury and the Law of Torts for Paralegals_, p. 173. Wolters Kluwer, New York, 2014).

Per ADA, ARS §13-1492 (Disability), discrimination occurs if others are treated, but the disabled is/are not. (Disparate treatment).

4 of 4