Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF STATEMENT ON THE COURT'S ORDER REGARDING RETALIATION (DOC. 2209) [Doc. 2363]** |

LEGAL137678722.1

Plaintiffs' Statement sets out the unrebutted factual record that forms the basis of the Court's protective order that "direct[ed] Defendants and Counsel for Defendants that no actions be taken that harass, intimidate, or otherwise retaliate against the witnesses who have provided the Court information, either via oral testimony or written statements" (Doc. 2209 at 4), and Plaintiffs will not repeat these facts here.  [*See* Doc. 2363 at 3-13]  To the extent that there is contradictory testimony it is the sole province of the Court, as the trier of fact, to make credibility determinations and resolve the conflict.[1]

## I.   DEFENDANTS HAVE THE BURDEN OF SHOWING GOOD CAUSE WHY THE ORDER SHOULD BE VACATED.

Defendants repeatedly assert that "Plaintiffs failed to meet their burden."  [*See, e.g.*, Doc. 2423 at 2:14]  But Defendants have it backwards.  As the party seeking vacatur of an order of the Court, it is *Defendants* who bear the burden of showing good cause why the order should be vacated.  *See Denman v. City of Tracy*, No. 2:11-CV-0310-GEB-JFM, 2012 WL 5349496, at *2 (E.D. Cal. Oct. 26, 2012) ("The party seeking to vacate or modify the protective order bears the burden to demonstrate good cause"); *Tumbling v. Merced Irr. Dist.*, No. 1:08CV1801 LJO DLB, 2010 WL 1131172, at *2 (E.D. Cal. Mar. 24, 2010) (same); *cf.* D. Ariz. LRCiv 7.2(g) (a party seeking reconsideration of a court order must make "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence").  Defendants have failed to carry their burden.

---

[1] Defendants' version of the facts relies upon the testimony of Sgt. Coleman. [*See, e.g.*, Doc. 2423 at 15:10-12]  The Court did not find Sgt. Coleman to be a credible witness:

> So if you decide -- and by the way, I say that because he was incredibly incredible in the witness stand in this courtroom.  I would say he lied in front of me, and that's what I think he did.  And the idea that Sergeant Coleman would be the person who would be the turning off of this investigation based upon what he said happened, again, demonstrates that your system doesn't work.

[9/11/17 Tr. at 73:1-7]

## II. DEFENDANTS MISSTATE THE LAW REGARDING RETALIATION.

Defendants' Response repeatedly cites inapplicable case law related to the burden of proof required for a prisoner to recover money damages when alleging retaliatory actions taken by prison staff. [*See* Doc. 2423 at 3-8, 18-20] These cases, and Defendants' discussion, are completely inapposite and irrelevant to the matter at hand.

Defendants also simply misstate the law in several important respects. First, Defendants repeatedly insinuate that the conduct alleged to be retaliatory or to have a chilling effect must independently violate the Constitution. [*See, e.g.*, Doc. 2423 at 15:25-27 ("the record is indisputably devoid of any evidence that Inmate Ashworth suffered constitutional medical injury as a result"); *id*. at 11:25-12:1 (""it is not unconstitutional to require an inmate to wear a one-piece inmate uniform versus a two-piece uniform"); *see also id.* at 6:5-8, 11:1-2] But there is no such requirement: "a retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights." *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001); *see also Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) ("the injury asserted is the retaliatory accusation's chilling effect on Hines' First Amendment rights, not the additional confinement or the deprivation of the television. We hold that Hines' failure to demonstrate a more substantial injury does not nullify his retaliation claim").[2]

Second, Defendants repeatedly assert "legitimate penological interests" supporting their actions, as if the mere articulation of a possible innocent explanation forecloses a finding of retaliation. It does not. *See Bruce v. Ylst,* 351 F.3d 1283, 1289 (9th Cir. 2003) ("prison officials may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process, when there is a genuine issue of

---

[2] Defendants also claim that placement of Ms. Ashworth on the target search list cannot be retaliatory because she was never searched. [Doc. 2423 at 13:22-23] But this unsupported argument is foreclosed by Circuit precedent. *See Gomez*, 255 F.3d at 1127 (rejecting prison officials' contention that "the repeated but ultimately unsuccessful attempts to transfer inmate Jones are not retaliatory as a matter of law because the transfers never took place").

material fact as to whether the action was taken in retaliation for the exercise of a constitutional right") (citations omitted).

Finally, Defendants disregard the well-settled principle that temporal proximity between the protected activity and the adverse action can raise an inference of retaliation. *See Hines*, 108 F.3d at 268 (reasonable inference that prison guard's filing of disciplinary action was retaliatory when it occurred the same day that the prisoner told the guard he was planning file a grievance against the guard); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (holding that the timing of events can be circumstantial evidence of retaliation); *Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989) (nature and timing of adverse action can lead to inference of retaliation).  As set forth in Plaintiffs' Statement (Doc. 2363), the timing of events in this case strongly supports a finding of retaliation.

## III.     THE COURT HAD AMPLE AUTHORITY TO ISSUE ITS ORDER.

This Court has ample power under both the All Writs Act and its inherent Article III authority to enter protective orders against retaliation that threatens to frustrate the fair and orderly progression of a case before this Court, and that would in the future chill a reasonable person from exercising her constitutional rights of access to the courts and free speech.  Regardless of Defendants' claims that no retaliatory intent existed, their actions taken against testifying class members had the practical effect of intimidating those brave enough to bring relevant information to the Court's attention, and of chilling the speech of these witnesses or other class members now reluctant to provide information to Plaintiffs' counsel or the Court.

Such actions by Defendants and their employees, regardless of claims of innocent intent, (a) compromise Plaintiffs' counsel's ability to adhere to their ethical duties to zealously advocate for their clients; (b) frustrate the Court's interest in the proper administration of justice and in obtaining an unimpeded flow of information regarding compliance with the Stipulation and the provision of constitutionally adequate health care; and (c) undermine the litigation process.  Threatening a class member for speaking with class counsel, or with the Court, is a paradigmatic example of interference with the

1  administration of justice.  When prison staff take adverse actions against prisoners after
2  they file cases, testify in court, or otherwise avail themselves of the civil justice system,
3  the federal judiciary's ability to adjudicate cases and administer justice suffers.

4  Under the All Writs Act, federal courts "may issue all writs necessary or
5  appropriate in aid of their respective jurisdictions and agreeable to the usages and
6  principles of law." 28 U.S.C. § 1651.  This power is not limited to parties before the court
7  in the underlying litigation.  On the contrary, "[t]he power conferred by the [All Writs
8  Act] extends, under appropriate circumstances, to persons who, though not parties to the
9  original action . . . are in a position to frustrate the implementation of a court order or the
10 proper administration of justice . . . ." *United States v. New York Tel. Co.*, 434 U.S. 159,
11 174 (1977); *Thorogood v. Sears, Roebuck & Co.*, 678 F.3d 546, 548 (7th Cir. 2012)
12 (same).  Orders must be "directed at conduct which, left unchecked, would have had the
13 practical effect of diminishing the court's power . . . ." *Williams v. McKeithen*, 939 F.2d
14 1100, 1104-05 (5th Cir. 1991) (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351,
15 1359 (5th Cir. 1978)).

16 For example, in *Ben David v. Travisono*, incarcerated persons brought a class
17 action challenging their conditions of confinement.  495 F.2d 562, 563 (1st Cir. 1974).  At
18 the plaintiffs' request and following a hearing, the district court noted they had testified to
19 "beatings, gassing and 'strip' lockups, and that they feared further harassment and
20 beatings." *Id*.  The district court entered an order enjoining prison officials, state police,
21 and their agents from taking any retaliatory action against plaintiffs or class members and
22 from depriving them of "any and all rights and privileges on account of plaintiffs and
23 members of their class participating, assisting, or volunteering any facts or circumstances
24 in the furtherance of this lawsuit." *Id*.  The First Circuit upheld the order, noting the
25 uniqueness of the prison environment when assessing the reasonableness of plaintiffs'
26 fears of retaliation: "rumor, suspicion, and the dependency of the inmate might parlay
27 even a low objective probability of misconduct into a substantial subjective fear." *Id*. at
28 564; *see also Mendocino Envtl. Center v. Mendocino Co.*, 192 F.3d 1283, 1300 (9th Cir.

1999) (enjoining acts that "would chill or silence a person of ordinary firmness from future First Amendment activities").

If this Court were to accept the Defendants' argument that it lacks the power to issue an order designed to protect prisoner class members from retaliation or any other adverse actions, then this Court's jurisdiction and the fair administration of justice would be profoundly compromised. This Court depends upon prison officials and staff to respect its authority and comply with its orders. [8/8/17 Tr. at 5:17-25; 8:8-9:16; 9:23-10:19] Without judicial intervention in appropriate cases, prison staff will be left with every incentive to thwart litigation critical of themselves, their colleagues, and the Department of Corrections. And incarcerated people—more than any other class of litigant—are particularly vulnerable to these types of abuse because they rely on prison staff for every need: food, clothing, shelter, medical care, and even personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[H]aving stripped them of virtually every means of self-protection and foreclosed their access to outside aid," prison officials are responsible for meeting prisoners' basic human needs).

Therefore, for the reasons set forth in the Court's protective Order, Plaintiffs' Statement, and this Reply, the Court's Order should stand.

Dated: November 17, 2017

**ACLU NATIONAL PRISON PROJECT**

By:   s/ David C. Fathi
    David C. Fathi (Wash. 24893)*
    Amy Fettig (D.C. 484883)**
    Victoria Lopez (Ill. 6275388)*
    **ACLU NATIONAL PRISON PROJECT**
    915 15th Street N.W., 7th Floor
    Washington, D.C. 20005
    Telephone: (202) 548-6603
    Email:   dfathi@aclu.org
             afettig@aclu.org
             vlopez@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:     kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Maya Abela
      Sarah Kader (Bar No. 027147)
      Asim Dietrich (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone: (602) 274-6287
      Email:   skader@azdisabilitylaw.org
               adietrich@azdisabilitylaw.org

      Rose A. Daly-Rooney (Bar No. 015690)
      J.J. Rico (Bar No. 021292)
      Jessica Jansepar Ross (Bar No. 030553)
      Maya Abela (Bar No. 027232)
      **ARIZONA CENTER FOR DISABILITY LAW**
      177 North Church Avenue, Suite 800
      Tucson, Arizona 85701
      Telephone: (520) 327-9547
      Email:
        rdalyrooney@azdisabilitylaw.org
        jrico@azdisabilitylaw.org
        jross@azdisabilitylaw.org
        mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
afletcher@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

                                                                s/ D. Freouf