Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF STATEMENT ON REMOVAL OF HEALTH NEEDS REQUEST (HNR) BOXES (DOC. 2365)** |

LEGAL137683009.1

Defendants' Response (Doc. 2416) fails to acknowledge that this Court has made it abundantly clear that Defendants have the burden to show that the removal of Health Needs Request (HNR) boxes does not affect the reliability of CGAR audit report results, or affect class members' access to care. [6/14/17 Tr. at 111:15-18 ("I do think that the burden is on the defendants to show me how it is that the stipulation's enforcement is not encumbered by the removal of something that is specified in the stipulation")] Rather, they trot out their tired (and repeatedly-rejected) argument that this Court lacks any power or jurisdiction over this issue, and proffer an incoherent and illogical argument that four class member witnesses were insufficient to establish negative effects, but at the same time the parties somehow expended a "staggering" "amount of time and resources" for the hearings on the removal of the boxes (Doc. 2416 at 4). They ignore that (a) it was the Court that ordered the parties to present witnesses at hearings, so it could gather more facts about the issue; and that (b) Plaintiffs' four witnesses testified in one day, but it was Defendants who called numerous witnesses, not to speak about HNR boxes but in an unsuccessful attempt to discredit the class member witnesses. [*See* Doc. 2365 at 7] Defendants also fail to acknowledge the point raised repeatedly by Plaintiffs and Plaintiffs' expert Dr. Todd Wilcox: that by only counting and auditing HNRs that are accepted, Defendants do not capture in their CGAR reviews all of the requests for care. [Doc. 2103 ¶¶ 28-29] To the extent there remains contradictory testimony about the impact of the removal of the boxes, it is the sole province of the Court as the trier of fact to make credibility determinations and resolve the conflict.

**I.     THE COURT HAS JURISDICTION TO ADDRESS THIS ISSUE**

The Court has jurisdiction to address this issue, and to make whatever orders it sees fit to ensure that class members have full access to the medical care guaranteed by the Stipulation. *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 440 (2004) ("Federal courts are not reduced to approving consent decrees and hoping for compliance. Once entered, a consent decree may be enforced.").

LEGAL137683009.1

It is undisputed that when the parties entered into the Stipulation, patients could request care by dropping an HNR into a collection box at any time. Plaintiffs had no reason to doubt that this means of requesting health care would remain available throughout the life of the Stipulation, and agreed to the various timeframes set forth in the Performance Measures with that understanding.

Now, however, Defendants have removed the HNR boxes and established a new and far more onerous process for requesting health care. As Plaintiffs' evidence showed, without the option of using the HNR boxes to request care, patients may in some cases be unable to be seen in response to their requests for health care, resulting in the inability to access care, and delays in their receipt of needed care. Accordingly, the removal of the boxes is a material alteration in the terms of the Stipulation, and the Court has the power to order Defendants to rescind it.

Defendants offer the specious argument that Plaintiffs were required to follow the procedures outlined in the Stipulation to resolve this issue. [Doc. 2416 at 4-5][1] As a threshold matter, the Court should find that Defendants have waived this argument by failing to timely assert it. As Defendants concede, the Court scheduled an evidentiary hearing on this matter at the June 14, 2017 status hearing; that hearing then "spanned five days over a period of three months." [Doc. 2416 at 4:22-5:2] But Defendants did not raise this objection until the filing of their response on November 1, 2017, in which they now argue that the entire proceeding was void *ab initio*. The Court should not tolerate such gamesmanship.

More fundamentally, Plaintiffs ***did*** avail themselves of these procedures—starting in the Fall of 2015 and through the Spring of 2016. The removal of the HNR boxes was done as a result of the Court's finding in May 2016 that Defendants were in substantial

---

[1] Defendants' clumsy attempt to recast Plaintiffs' Statement (Doc. 2365) as a "motion" (*see* Doc. 2416 at 2 n.1) is unavailing. Plaintiffs' Statement was filed pursuant to the Court's order (Doc. 2318 at 2), which provides: "IT IS ORDERED Plaintiffs shall submit written briefs as to the issues covered in the retaliation hearing and the evidentiary hearing regarding the HNRs by no later than September 27, 2017."

1  noncompliance with Performance Measures 37 and 39 at multiple institutions. [Doc. 1583
2  at 2 (finding Defendants substantially noncompliant with PM 37 at Eyman, Florence,
3  Lewis, Tucson, Winslow, and Yuma and with PM 39 at Eyman, Florence, Lewis,
4  Perryville, and Tucson)] Defendants created the "open clinic" system in response to the
5  original May 2016 noncompliance finding, as well as the Court's November 10, 2016
6  Order that Defendants utilize all necessary outside resources to address chronic
7  noncompliance with multiple performance measures. [Doc. 2416 at 8:5-6] The
8  subsequent removal of the HNR boxes was presented to the Court as part of this ongoing
9  remedial plan of the "open clinic" to achieve compliance with PMs 37 (Doc. 1873-1 at 4;
10 8/8/17 Tr. at 49:15-18), and nothing in the Stipulation supports Defendants' argument that
11 Plaintiffs somehow needed to restart the entire onerous meet-and-confer process to
12 challenge the removal of the HNR boxes, when they were removed as part of a remedial
13 plan following a finding of substantial noncompliance.

14 **II.    DEFENDANTS HAVE FAILED TO CARRY THEIR BURDEN**

15    Defendants also argue that Plaintiffs failed to demonstrate systemic harm from the
16 removal of the boxes. [Doc. 2416 at 5-10] Again, it is not Plaintiffs who have the burden
17 of proof, but rather Defendants. [6/14/17 Tr. at 111:15-18] Defendants also claim that
18 Plaintiffs' four witnesses are legally insufficient to establish the negative effects of the
19 "open clinic" system on patient care. [Doc. 2416 at 5-6] Defendants' claim is supported
20 by no authority whatsoever, and it is groundless. *See* 7 Wigmore, Evidence § 2034
21 (Chadbourn rev. 1978) ("In general, the testimony of a single witness, no matter what the
22 issue or who the person, may legally suffice as evidence upon which the jury may found a
23 verdict."), *cited in United States v. Frampton*, 382 F.3d 213, 222 (2d Cir. 2004).[2]

24

25   [2] Defendants dwell upon the fact that one of the class members testified that all
26 things considered, he preferred the open clinic system. [Doc. 2416 at 5:25-27] But his opinion does not negate the fact that the removal of the HNR boxes adversely affects class
27 members' access to care. Furthermore, Defendants ignore that Plaintiffs are not taking the position that the open clinic system must be abandoned; rather, Plaintiffs argue that the
28 HNR boxes should be in place so that patients have multiple methods of accessing care. [Doc. 2365 at 21-22; Doc. 2365-1]

Defendants also ignore the class member testimony and numerous admissions from Corizon and ADC staff that at some prisons, there is a severely limited window of time for class members to access health care, and that people are turned away from the clinic if they arrive outside their allotted time slot. [*See* Doc. 2365 at 10-12][3]  They also ignore the class member testimony and the admissions from Corizon and ADC staff that they only track the HNRs of people who are actually seen on the nurse's line—and therefore, do not count those class members who sought care but were turned away, gave up on accessing care due to the wait time or conditions, or who were otherwise discouraged by the limits of a system that requires them to come to the clinic and wait no matter the type of request. [6/14/17 Tr. at 94:15-95:21; 9/13/17 Tr. at 143:13-25]  Defendants fail to address this major accountability problem and the still-unrebutted expert opinion of Dr. Todd Wilcox that by including in their audits only the HNRs of people who were actually seen, the rate of compliance with multiple performance measures is inflated (Doc. 2103 at ¶¶ 28-29), a concern shared by the Court. [6/14/17 Tr. at 74:5-75:2, 94:15-95:21]

In sum, Defendants have not met their burden to show that the removal of the HNR boxes did not limit the universe of HNRs now reviewed to evaluate compliance with multiple performance measures.  They also did not provide sufficient credible evidence to show that access to the health care guaranteed by the Stipulation has not been adversely affected by the removal of the boxes.  Therefore, the Court should adopt Plaintiffs' suggested relief that it order Defendants to reinstall the HNR boxes so that there is a dual-track approach for class members to access care. [*See generally* Doc. 2365-1]

/ / /

/ / /

/ / /

---

[3] Defendants boldly assert that "inmates are typically seen sooner under the new system than they were under the old system" (Doc. 2416 at 8:13-14)—but this sweeping statement is supported by no citation to testimony or any other evidence.

| | |
|---|---|
| Dated:  November 17, 2017 | **ACLU NATIONAL PRISON PROJECT** |

By:  s/ David C. Fathi
    David C. Fathi (Wash. 24893)*
    Amy Fettig (D.C. 484883)**
    Victoria Lopez (Ill. 6275388)*
    915 15th Street N.W., 7th Floor
    Washington, D.C. 20005
    Telephone:  (202) 548-6603
    Email:  dfathi@aclu.org
        afettig@aclu.org
        vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:  dspecter@prisonlaw.com
       ahardy@prisonlaw.com
       snorman@prisonlaw.com
       ckendrick@prisonlaw.com
       rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:  kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:  kbrody@acluaz.org

| | |
|---|---|
| 1 | Daniel C. Barr (Bar No. 010149) |
| 2 | Amelia M. Gerlicher (Bar No. 023966)<br>John H. Gray (Bar No. 028107) |
|   | **PERKINS COIE LLP** |
| 3 | 2901 N. Central Avenue, Suite 2000 |
|   | Phoenix, Arizona 85012 |
| 4 | Telephone: (602) 351-8000 |
|   | Email:   dbarr@perkinscoie.com |
| 5 |          agerlicher@perkinscoie.com |
|   |          jhgray@perkinscoie.com |

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Maya Abela
Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2017, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Fletcher
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
afletcher@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf