# EXHIBIT 4

# (REDACTED)



**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**

Timothy J. Bojanowski
480.420.1604
tbojanowski@strucklove.com

November 18, 2017

**<u>VIA EMAIL ONLY</u>**
David C. Fathi
American Civil Liberties Union
Legal Department
NATIONAL PRISON PROJECT
915 15th Street, NW
7th Floor
Washington, DC  20005-2112

   **Re:** *Parsons v. Ryan* -Plaintiffs' October 20, 2017 letter concerning the suicide of ▇▇▇▇▇▇▇▇▇▇ – May 4, 2017

Dear David:

  We write concerning the above-referenced letter.  Defendants addressed each allegation contained in that letter during the monthly status hearing held on November 7, 2017 before Judge Duncan. In the hearing, however, you asked Defendants to respond whether ADC investigated the credibility of the report that inmate ▇▇▇▇ had been documented alive 31 minutes prior to discovering him unresponsive in his cell.  The following is Defendants' response.

  As an initial matter, Defendants objected to the allegations made in your letter at the hearing as misstating the record of the incident and asserting erroneous and unfounded medical conclusions. Defendants also objected to your requests concerning the incident as outside the scope of the Stipulation. Under Paragraph 29, "Defendants shall provide to Plaintiffs on a monthly basis a copy of all health care records of Class Members who died during their confinement at any state operated facility . . . and all mortality reviews and psychological autopsies for such prisoners. The records provided shall include treatment for a twelve (12) month period prior to the death of the prisoner." *Dkt. 1185 at 9*.

  You were provided the records pertaining to Inmate ▇▇▇▇ death as required by the Stipulation.  Your demands concerning this incident have nothing to do with performance measures, and you are out of the bounds of the Stipulation.  Defendants objected to your demands at the hearing and object now.

David C. Fathi
November 18, 2017
Page 2

    Notwithstanding and in answer to your request, substantial investigation occurs on all in-custody inmate deaths in Arizona and such deaths are statutorily required to be investigated by the Medical Examiner. In the course of these investigations, the last time seen alive versus the time discovered in duress are always evaluated. Accordingly and more specifically here, the last time seen alive versus the time discovered in duress was evaluated during the ordinary course of the investigation into Inmate ▮▮▮▮▮ suicide.

    The foregoing, together with Defendants' responses during the November 7 status hearing, fully address the allegations contained in your October 20 letter.

                                                Sincerely,

                                                Timothy J. Bojanowski

TJB/eap

cc:      Counsel of Record