Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Fletcher, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
afletcher@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>                               Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>                               Defendants. | NO. 2:12-cv-00601-DKD <br><br><br><br> **DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT ORDER (DKT. 2474)** <br><br> **[REDACTED]** |

Defendants Charles Ryan and Richard Pratt respectfully move for reconsideration of the Court's November 21, 2017 Order (Dkt. 2474) interpreting Performance Measure 77 to require MH-3 inmates' treatment plans be updated a minimum of every 365 days. (Dkt. 2474).

## I. INTRODUCTION

PM 77 requires treatment plans for MH-3 inmates be updated "every 12 months." (Dkt. 1185-1 at 13). For over two and a half years (since March 2015), to determine compliance with PM 77, Defendants reviewed whether the MH-3 inmate's treatment plan was updated in the same month it was updated the prior year. Plaintiffs never challenged this methodology. Then, for the first time on October 4, 2017, Plaintiffs challenged Defendants' monitoring methodology for PM 77. *See* Exhibit 1 (October 4, 2017 correspondence from Fathi to Bojanowski). Specifically, Plaintiffs argued the measure required MH-3 treatment plans be updated every 365 days, not every 12 months. *Id*. at 7. The parties exchanged numerous correspondence regarding the dispute before the Court ruled on the issue at the November 21, 2017 status conference. (Dkt. 2474 at 3). At the November 21, 2017 status conference, the Court ruled that treatment plans for MH-3 inmates be updated every 365 days, stating, "If you do something on the 1st of December you have to do it by the 1st of December the next year." (November 21, 2017 Transcript at 15:24 – 16:1).

For the reasons detailed below, Defendants request the Court reconsider its November 21, 2017 Order and find that PM 77 requires MH-3 treatment plans be updated within the same month they were updated in the prior year.

## II. THE STIPULATION REQUIRES TREATMENT PLANS FOR MH-3 INMATES BE UPDATED EVERY 12 MONTHS NOT EVERY 365 DAYS.

The primary rule of contract interpretation requires an examination of the intent of the parties. *See Boudreau v. Borg-Warner Acceptance Corp*., 616 F.2d 1077, 1079 (9th Cir. 1980) (citing *Cavanagh v. Schaefer*, 112 Ariz. 600, 545 P.2d 416 (1976)). A review of the Stipulation evidences the parties' intention to specify the number of days if the

1

parties' intent was to have the action occur within a precise number of days. Indeed, PMs 39, 45, 47, 48, 49, 50, 51, 52, 53, 54, 73, 74, 76, 77, 80, 81, 82, 83, 84, 86, and 87 all specifically identify the number of days in which an action must take place. For example, 60 calendar days (PM 51), 14 calendar days (PM 45), 180 days (PM 54), and 90 days (81). To the extent the parties intended for an action to occur within a set number of days, they clearly delineated those days in the PM's language. (Dkt. 1185-1 at 8 – 15). But, when it was the parties' intent to not have an action occur within a set number of days, and rather have it occur on a monthly or annual basis, they did not include the specific number of days in the language. For example, PMs 24 and 27 require that events occur on a "monthly", as opposed to 30 day, basis. *Id*. at 9. And, PMs 28 and 59 require events occur on an annual, as opposed to 365 day, basis. *Id*. at 9, 12.

Therefore, it follows that it was *not* the parties' intent that the 12-month requirement in PM 77 mean 365 days. Based on the above, had the parties intended that, they would have specified 365 days, as they did with the other measures requiring action within a precise number of days. *See Or-Cal Inc. v. Tessenderlo Kerley Inc*., CV-14-01980-PHX-DGC, 2015 WL 751212, at *4 (D. Ariz. Feb. 23, 2015) (something that could have been included, but was not, does not represent the intent of the parties). They did not. The goal of giving effect to the parties' intent requires the 12-month requirement of PM 77 to mean within the same month the following year, and not within 365 days.

### III. UPDATING MH-3 TREATMENT PLANS WITHIN THE SAME MONTH THE PLANS WERE UPDATED THE PRIOR YEAR CONFORMS WITH THE STANDARD OF CARE

Defendants have made multiple requests to Plaintiffs to identify the harm (or risk of harm) that occurs when a treatment plan is updated in the same month it was updated the prior year. (Dkt. 2459-1 at 7; Exhibit 2 (November 29, 2017 Correspondence from Hesman to Fathi at 1). For example, Defendants inquired into the harm that occurred to inmate ▮▮▮, whose treatment plan was updated 366 days after it was updated the prior year, and inmate ▮▮▮, whose treatment plan was updated 367 days after it was updated the prior year. *See* Exhibit 2 at 1. Despite claiming these files were incorrectly counted

as compliant, Plaintiffs have failed to respond to Defendants' request for an explanation, presumably because no harm exists.

Dr. Joseph Penn, a board-certified forensic psychiatrist and board-certified general psychiatrist specializing in correctional medicine, agrees no harm exists. *See* Exhibit 3 (Declaration of J. Penn at ¶21). According to Dr. Penn, while treatment plans are an important part of an inmate's mental health care, the updating of a treatment plan is purely an administrative function, as the actual treatment is provided throughout the year. *Id*. at ¶17. Moreover, inmates whose treatment plans must be updated on an annual basis (as opposed to a monthly or semi-annual basis) are inmates who do not require as frequent mental health interactions as inmates with higher mental health designations. *Id*. at ¶18. Treatment plans for these inmates are done annually, rather than more often, simply to ensure the inmate is on the radar and that his/her needs have not changed. *Id*. Because of this purpose, Dr. Penn opines that updating a treatment plan in the same month it was updated the prior year is within the standard of care. *Id*. To illustrate, if a treatment plan was updated in December 2016, the standard of care is met if it is updated sometime in December 2017. *Id*. This is consistent with the provision and standard of care both in corrections and in the community. *Id*. at ¶19. In fact, in the community, for procedures/exams/check-ups required to be done on an annual basis, the majority of insurance carriers will not cover the service unless it is done *after* the date it was done the prior year. *Id*. at ¶20.

Add to this, the Court has previously reasoned, ". . . that the difference between 30 days and one month appears to be insignificant." (Dkt. 1673 at 3). Following this reasoning, the difference between 365 days and 12 months is insignificant, thereby belying any claim by Plaintiffs that there is a risk of harm in updating a treatment plan in the same month it was updated the prior year for MH-3 inmates. Because the plain language of the Stipulation and parties' intent requires MH-3 treatment plans be updated within the same month they were updated the prior year; because this practice conforms with the standard of care; and because the Court has previously found the difference

3

between 30 days and one month to be insignificant, the Court should reconsider its November 21, 2017 Order.

## IV. CONCLUSION

For these reasons, Defendants respectfully request the Court reconsider its Order interpreting PM 77 to require treatment plans for MH-3 inmates be updated every 365 days and order that treatment plans for MH-3 inmates be updated within 12 months – the same month they were updated the year before.

DATED this 5th day of December 2017.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Ashlee B. Fletcher
    Jacob B. Lee
    Kevin R. Hanger
    Timothy M. Ray
    Richard M. Valenti
    Jamie D. Guzman
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Mark Brnovich
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    15 South 15th Avenue
    Phoenix, Arizona 85007

*Attorneys for Defendants*

4

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck