Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE REGARDING DEFENDANTS' CONTINUING NON-COMPLIANCE WITH COURT'S ORDER OF JULY 13, 2017** |

Plaintiffs' Notice accuses Defendants of intentionally disobeying the Court's July 13, 2017 Order which directed Defendants to select files of different individuals for Performance Measures 94, 95, and 97. (Dkt. 2471 at 2). To support their accusations, Plaintiffs rely on two pages from the September CGAR results and prior correspondence containing similar accusations regarding the July and August CGARS. *Id*. at 2.

I. **BACKGROUND REGARDING PLAINTIFFS' ACCUSATIONS OF INTENTIONAL ERRORS**

As the Court is aware, beginning on October 4, 2017, the parties exchanged numerous correspondence regarding Plaintiffs' allegations of monitoring errors in the July 2017 CGARS. (Dkts. 2426-1; 2459-1). With respect to PMs 94, 95, and 97, Plaintiffs alleged **two** files were incorrectly counted twice at the Lewis facility for PMs 94 and 95. (Dkt. 2484-1 at 12 – 13). Plaintiffs' correspondence did not allege any errors were made with respect to PM 97. *Id*. Despite only alleging incidents at one facility, to ensure no additional, inadvertent human errors existed, Defendants agreed to re-audit these measures at all facilities. (Dkt. 2426-1 at 8). On November 14, 2017, Defendants advised Plaintiffs of the re-audit results. (Dkt. 2459-1 at 7 – 9). Specifically, that the re-audit revealed a mere **1.2%** error rate, and actually **increased** the compliance score for PM 95 at Perryville. *Id*. Importantly, the re-audits did not cause any measure that was compliant to become non-complaint. *Id*.

On November 13, 2017, Plaintiffs sent Defendants correspondence alleging monitoring errors in the August 2017 CGARs. *See* Exhibit 1 (November 13, 2017 correspondence from Fathi to Bojanowski). With respect to PMs 94, 95, and 97, Plaintiffs alleged files were counted twice at Florence, Yuma, Lewis, and Tucson. *Id*. at 3. On November 29, 2017, Defendants responded and advised these measures would be re-audited at all facilities. *See* Exhibit 2 (November 29, 2017 correspondence from Hesman to Fathi). A description of the re-audits is outlined below:

1

**Performance Measure 94**

A total of **140** files were used for the August audit. Of these files, **two** duplicate entries were found. Although this equates to an error rate of **1.4%**, the total compliance for the two complexes was unchanged when the files were replaced. The only facilities that contained duplicates, Florence and Yuma, both maintained a **100%** compliance rate.

**Performance Measure 95**

A total of **140** files were used for the August audit. Of these files, **four** duplicate entries were found. Although this equates to an error rate of **2.8%**, the total compliance for the complexes was unchanged when the files were replaced. Florence maintained a **90%** compliance rate and Lewis maintained a **95%** compliance rate. Phoenix and Tucson maintained a **100%** compliance rate.

**Performance Measure 97**

A total of **364** files were used for the August audit. Of these files, **four** duplicate entries were found. The duplicates were only found at the Phoenix complex. Although this equates to an error rate of **1.1%**, the compliance only changed minimally. Phoenix's score went from a **96%** to a **94%**.[1]

Clearly, as detailed above and further discussed below, Plaintiffs' claims of errors and wrongdoing is much ado about nothing.

**II. PLAINTIFFS' NOTICE FAILS TO EVIDENCE THAT ANY HUMAN ERROR RESULTED IN AN INFLATED COMPLIANCE SCORE**

On November 29, 2017, Plaintiffs filed their instant Notice, claiming Defendants continue to intentionally defy the Court's July 13, 2017 Order that files must be selected for different individuals. (Dkt. 2471). This was the first time Defendants were made aware that Plaintiffs had any issue with the September 2017 CGARs. Plaintiffs fail to specify where the error occurred and attach only two pages from the September CGARs. *Id*. The pages pertain to one measure at one facility – PM 95 at Perryville. (ADCM

---

[1] These scores will be reflected in the re-audited CGARS once they have been finalized by Defendants.

1041658-59). Specifically, that file #▇▇▇▇▇▇ was accidently counted twice. *Id*.

Plaintiffs' sweeping allegations, and attempt to cast Defendants as intentional violators of this Court's Order, are without merit. As described in detail below, the **one** mistake highlighted in Plaintiffs' Notice was caught by Defendants in early November, but due to a miscommunication, was not corrected in the final version.

On or about October 31, 2017, Dennis Dye, one of ADC's mental health monitors, uploaded his September 2017 CGAR results. *See* Exhibit 3 (Declaration of K. Campbell) at ¶7. On November 3, 2017, he realized that file #▇▇▇▇▇▇ for PM 95 at Perryville had inadvertently been counted twice. *Id*. at ¶8. That same day, he sent Kathy Campbell email correspondence advising of the error, informing her that a new file had been randomly selected to take the place of the duplicate file, and requesting the change be made to the CGAR. *Id*. During this time, Kathy Campbell, and her staff, were feverishly working to complete Plaintiffs' requested re-audits for July 2017. *Id*. at ¶9. As such, she did not see the email from Mr. Dye. *Id*. Then, on November 29, 2017, Plaintiffs filed their Notice, advising the Court of the duplicate file. *Id*. at ¶10. Assuming, it had been corrected, Mr. Dye contacted Ms. Campbell and inquired as to why the change had not been made. *Id*. at ¶11. It was at this time that Ms. Campbell discovered the email Mr. Dye sent on November 3, 2017. *Id*. The change has since been made, and the CGAR has been corrected. *Id*. at ¶12. Importantly, replacing the file with a new file did not change the score. *Id*. Perryville received a **95%** score for PM 95 in September 2017. *Id.*

While it has become Plaintiffs' habit to cry foul when *any* mistake occurs, the reality is that, despite Defendants' best efforts, human errors cannot be completely eliminated.[2] And, despite Plaintiffs' claims, the existence of an error does not equate to an intentional act by Defendants to inflate compliance scores. Indeed, as detailed above, the errors that have occurred in the monitoring process are rare. Moreover, replacement

---

[2] Undoubtedly, Plaintiffs are pointing out any error in the monitoring, no matter how minimal or whether it changes the outcome of the compliance score, in order to support their argument for a third-party monitor, something they could have bargained for, but did not; is not warranted; and will unnecessarily increase the costs of this litigation.

of the "repeat" files did not decrease scores by more than **2%** and did not change any score from complaint to non-compliant.

DATED this 13th day of December 2017.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Ashlee B. Hesman
    Jacob B. Lee
    Kevin R. Hanger
    Timothy M. Ray
    Richard M. Valenti
    Jamie D. Guzman
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Mark Brnovich
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    15 South 15th Avenue
    Phoenix, Arizona 85007

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck