Index to Defendants' Response to Plaintiffs' Notice Regarding Defendants' Continuing Noncompliance with Court's Order of July 13, 2017

Exhibit 1  REDACTED AND FILED UNDER SEAL
November 13, 2017 correspondence from David Fathi to Timothy Bojanowski regarding August 2017 CGAR reports

Exhibit 2  REDACTED AND FILED UNDER SEAL
November 29, 2017 correspondence from Ashlee Hesman to David Fathi in response to November 13, 2017 correspondence regarding August 2017 CGARs

Exhibit 3  REDACTED AND FILED UNDER SEAL
Declaration of Kathleen Campbell

# EXHIBIT 1

# (REDACTED)

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



November 13, 2017

**BY ELECTRONIC MAIL ONLY**

Timothy J. Bojanowski
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
tbojanowski@strucklove.com

Dear Counsel:

In our letter of October 4, 2017[1], we set forth numerous errors we found in a spot-check of the July 2017 CGARs.  We have now done a similar spot-check of the August 2017 CGARs and once again found numerous errors, all in Defendants' favor.  Because most of these errors are apparent on the face of the document, it appears that the CGARs are not checked before they are submitted to Plaintiffs and the Court.[2]

**PM 77**[3]

The following records were incorrectly counted as compliant when they should have been counted as noncompliant:

| ADC No. | MH Category | Date Became MH Category | Second Most Recent Treatment Plan Update | Most Recent Treatment Plan Update |
|---|---|---|---|---|
| *Eyman* | | | | |
| | 3B | 6/3/16 | 11/11/15 | 11/18/16 |
| | 3B | 2/15/15 | 10/22/15 | 10/23/16 |
| *Florence* | | | | |
| | 3B | 3/9/16 | 3/18/16 | 5/30/17 |
| *Lewis* | | | | |
| | 3B | 10/12/15 | 10/12/15 | 10/17/16 |
| | 3B | 12/21/15 | 12/21/15 | 1/2/17 |
| | 3C | 6/8/16 | 6/8/16 | 6/22/17 |
| *Tucson* | | | | |
| | 3B | 8/3/15 | 7/1/16 | 7/3/17 |

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

PLEASE RESPOND TO
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

---

[1] Filed at Doc. 2368-1, at 3-13.
[2] As with our October 4 letter, we emphasize that we have not checked all performance measures or all institutions.
[3] PM 77 requires that "[m]ental health treatment plans shall be updated a minimum of every 90 days for MH-3A, MH-4, and MH-5 prisoners, and a minimum of every 12 months for all other MH-3 prisoners."  Doc. 1185-1 at 13.

|   |   |   |   |   |
|---|---|---|---|---|
|   | 3B | 3/20/15 | 8/9/16 | 8/14/17 |
|   | \multicolumn{4}{c}{Yuma} |
|   | 3E | 7/5/16 | 8/10/16 | 8/14/17 |
|   | 3B | 6/24/14 | 9/16/15 | 9/29/16 |
|   | 3A | 2/15/17 | 3/14/17 | 6/16/17 |

*See* Exhibit A.  **Please let us know by close of business on November 20 whether you will agree to recalculate the August 2017 CGAR results for PM 77 at all institutions and correct the compliance figures accordingly.**

**PM 86[4]**

The following records were incorrectly counted as compliant when they should have been counted as noncompliant:

| ADC No. | Date Medication Discontinued | Second Most Recent Visit from MH Clinician | Most Recent Visit from MH Clinician |
|---|---|---|---|
| Florence |
|   | 3/9/17 | 5/3/17 | 8/19/17 |
|   | 3/7/17 | None Listed | 8/3/17 |
| Lewis |
|   | 4/25/17 | 5/3/17 | 8/11/17 |

*See* Exhibit B.

In addition, Patient ▮▮▮▮ (Eyman) is listed in the CGAR as having been seen by a mental health clinician on 6/21 and 5/25. *See* Exhibit B.  This is untrue; no such contacts appear in the medical record on those dates. *See* Exhibit C.

Patient ▮▮▮▮ (Yuma) is listed in the CGAR as having a contact with a mental health clinician on "58/5." *See* Exhibit D.

**Please let us know by close of business on November 20 whether you will agree to recalculate the August 2017 CGAR results for PM 86 at all institutions and correct the compliance figures accordingly.**

**PM 88[5]**

---

[4] PM 86 requires that "MH-3D prisoners shall be seen a minimum of every 90 days by a mental health clinician for a minimum of six months after discontinuing medication." Doc. 1185-1 at 14.

[5] PM 88 requires that "MH-4 prisoners who are prescribed psychotropic medications shall be seen by a mental health provider a minimum of every 90 days." Doc. 1185-1 at 14.

Patient ███ (Tucson) is listed in the CGAR as having been seen by a mental health provider on 6/13/17. *See* Exhibit E. This is untrue; the note in the medical record for that date reads "I/M not seen due to Building 7 'hard lockdown.'" *See* Exhibit F.

**Please let us know by close of business on November 20 whether you will agree to recalculate the August 2017 CGAR results for PM 88 at all institutions and correct the compliance figures accordingly.**

**PM 94, 95, and 97[6]**

As was the case with the July 2017 CGARS (*see* Doc. 2368-1 at 12-13), the monitors are continuing to include the same individual's record in a given sample for these PMs more than once. The August 2017 CGARs show that this occurred, at a minimum, at the following institutions:

PM 94: Florence, Yuma
PM 95: Lewis, Phoenix, Tucson
PM 97: Phoenix

*See* Exhibit G. And once again, the monitor counted the same patient's August 29, 2017 removal from suicide watch *twice* for PM 95. *See id.* at ADCM1037728-29.

As we have previously pointed out (*see* Doc. 2368-1 at 12-13), this is inconsistent with the Court's order of July 13, 2017. *See* Doc. 2185 at 2 ("Argument is heard regarding Performance Measures 94, 95 and 97. IT IS ORDERED Defendants must draw individuals as previously ordered"). Please explain why the August 2017 CGARs, compiled at the end of September 2017, fail to comply with an order issued in mid-July.

**Please let us know by close of business on November 20 whether you will agree to recalculate the August 2017 CGAR results for PM 94, 95, and 97 at all institutions in compliance with the Court's order, and correct the compliance figures accordingly.**

---

[6] PM 94 requires that "[a]ll prisoners on a suicide or mental health watch shall be seen daily by a licensed mental health clinician or, on weekends or holidays, by a registered nurse." PM 95 requires that "[o]nly licensed mental health staff may remove a prisoner from a suicide or mental health watch. Any prisoner discontinued from a suicide or mental health watch shall be seen by a mental health provider, mental health clinician, or psychiatric registered nurse between 24 and 72 hours after discontinuation, between seven and ten days after discontinuation, and between 21 and 24 days after discontinuation of the watch." PM 97 requires that "[a] mental health provider treating a prisoner via telepsychiatry shall be provided, in advance of the telepsychiatry session, the prisoner's intake assessment, most recent mental health treatment plan, laboratory reports (if applicable), physician orders, problem list, and progress notes from the prisoner's two most recent contacts with a mental health provider." Doc. 1185-1 at 14-15.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

We look forward to your response.

Very truly yours,

David C. Fathi

Cc:   All counsel

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

4