# EXHIBIT 2

# (REDACTED)



STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ashlee B. Hesman
480.420.1631
ahesman@strucklove.com

November 29, 2017

**VIA EMAIL ONLY**
David C. Fathi
NATIONAL PRISON PROJECT
915 15TH Street, NW - 7th Floor
Washington, DC  20005-2112

Re:   **Parsons v. Ryan**
      *Defendants' Response to Plaintiffs' 11-13-2017 correspondence regarding August 2017 CGARs and monitoring of certain performance measures*

Dear David:

We are in receipt of your November 13, 2017 correspondence regarding the August CGARS. In the future, please review the records in eOMIS prior to sending correspondence claiming certain files should have been counted as noncompliant. As discussed below, a review of eOMIS would have confirmed that the majority of these files were correctly counted as compliant. Additionally, as we have stated numerous times, human errors occur. Despite your assumptions, errors are not intentional.

**PM 77**

Despite our request that Plaintiffs identify any harm which occurs to class members whose treatment plans are updated within the same month they were updated last year, Plaintiffs fail to articulate even a hypothetical harm which would occur. For example, inmate ▆▆▆▆'s treatment plan was updated 366 days after it was updated the prior year, and inmate ▆▆▆▆'s treatment plan was updated 367 days after it was updated the prior year. Clearly, Plaintiffs are in agreement that there is no significance at all to the treatment of these inmates whose plans were updated in the same month the following year. The difference between 12 months and 365 days is so insignificant and in no way warrants a re-audit for these measures. A treatment plan updated within the same month the following year does not render the file substantially non-compliant with the Stipulation.

November 29, 2017
Page 2

### Eyman

▮ : This file is compliant as the treatment plan was updated within 12 months.

▮ : This file is compliant as the treatment plan was updated within 12 months.

### Florence

▮ : Plaintiffs are correct that this file should not have been counted as compliant. Defendants will adjust the CGAR score accordingly.

### Lewis

▮  This file is compliant as the treatment plan was updated within 12 months.

▮ : Plaintiffs are correct that this file should not have been counted as compliant. Defendants will adjust the CGAR score accordingly.

▮ : This file is compliant as the treatment plan was updated within 12 months.

### Tucson

▮ : This file is compliant as the treatment plan was updated within 12 months.

▮ : This file is compliant as the treatment plan was updated within 12 months.

### Yuma

▮ : This file is compliant as the treatment plan was updated within 12 months.

▮ : This file is compliant as the treatment plan was updated within 12 months.

▮ : The most recent treatment plan update contains a typographical error. The date should be 6/6/17. This file is compliant.

## PM 86

### Florence

▮ : This file is compliant. A review of eOMIS would have revealed that this inmate was also seen on 8/1/17. This inadvertent error has been corrected.

▮ : This file is compliant. A review of eOMIS would have revealed contacts on these additional dates 7/21/17, 7/17/17, 6/21/17, and 5/26/17.



November 29, 2017
Page 3

### Lewis

▇▇▇ : This file is compliant. A review of eOMIS would have revealed an 8/3/17 contact.

### Eyman

▇▇▇ : This file is compliant. A review of eOMIS would have revealed that a typographical error existed in the CGAR. 6/21/2017 should have been 6/19/17 and 5/25/17 should have been 5/31/2017.

### Yuma

▇▇▇ : This file is compliant. A review of eOMIS would have revealed that a typographical error existed in the CGAR. Indeed, it is rather obvious that reporting a contact on "58/5" is clearly a typographical error. Again, please review the CGAR before bringing issues that can easily be clarified by Plaintiffs' counsel to our attention. The correct date is 8/5/17.

## **PM 88**

### Tucson

▇▇▇ : A review of this file shows that there was a 4/20/17 contact. Therefore, this file was correctly counted as compliance. All other complexes have been reviewed and no other errors were identified.

## **PMs 94, 95, and 97**

With the exception of ▇▇▇, the files listed in your November 13, 2017 correspondence were incorrectly counted twice. Defendants will replace the second file and re-audit these measures. ▇▇▇ was correctly counted compliant as the inmate was housed at two different units during August 2017, and his file was randomly selected for two different units. As such, his file was not counted twice for the same unit. Despite this, Defendants will agree to replace it with another file.

Defendants will review the CGARS to confirm no additional typographical or inadvertent human errors exist.

Sincerely,

*Ashlee Hesman*

Ashlee B. Hesman

ABF/eap
cc:   Counsel of record