# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DKD |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

For over a year, the parties have disagreed about how to calculate the time limits in the Stipulation. Last year, the Court settled one such dispute by concluding that it would interpret "30 days to mean one month, 60 days to mean two months, 90 days to mean three months, and 180 days to mean six months" (Doc. 1673 at 2-3). The Court did not, at that time, explicitly state that 365 days and 12 months are equivalent. But despite the Court's prior guidance on timing issues, the parties reached an impasse in evaluating items that must be completed "every 12 months." The Court concluded that 12 months means 365 days (Doc. 2487 at 12-16).

Defendants have moved for reconsideration of that decision arguing that the Stipulation's use of the term "every 12 months" should mean that an event needs to occur in the same month of the following year (Doc. 2484). For example, if the first event occurred on March 1, 2016, Defendants argue that the Stipulation's use of "every 12 months" means that the event must occur again by March 31, 2017.

Defendants first argue that that this interpretation is required by the plain language of the Stipulation. The Court disagrees. As noted earlier, the Court has already harmonized the time frames in the Stipulation. That conclusion is the law of the case and the Court will not revisit that ruling in this context.

Defendants also argue that Plaintiffs have not, and cannot, establish harm from their interpretation of the Stipulation. Specifically, Defendants point to two inmates whose treatments plans were updated 366 days and 367 days apart (Doc. 2484 at 3-4). But Defendants' attempt to inject a harmless error analysis into each instance of noncompliance finds no support in the Stipulation's language or purpose. And the fact that a particular treatment plan, noncompliant under the Stipulation, would nevertheless meet the community standard of care is of no moment. As with any contractual agreement, the parties are free to renegotiate or modify its terms.[1]

**IT IS THEREFORE ORDERED** denying Defendants' Motion for Reconsideration (Doc. 2484).

**IT IS FURTHER ORDERED** granting Defendants' Motion to Seal (Doc. 2485).

Dated this 19th day of December, 2017.

David K. Duncan
United States Magistrate Judge

---

[1] The Court notes that the parties contracted to the Stipulation and could agree to modify the Stipulation in face of the Court's interpretation of this language. Stipulation at ¶ 40. The Court also notes that there appears to be a negligible difference between conducting an update every 366 days and conducting it every 364 days.