Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen*
*Swartz, Sonia Rodriguez, Christina Verduzco,*
*Jackie Thomas, Jeremy Smith, Robert Gamez,*
*Maryanne Chisholm, Desiree Licci, Joseph*
*Hefner, Joshua Polson, and Charlotte Wells, on*
*behalf of themselves and all others similarly*
*situated*

**[ADDITIONAL COUNSEL LISTED ON**
**SIGNATURE PAGE]**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' MOTION FOR RECONSIDERATION** |

1

**INTRODUCTION**

2      Plaintiffs move for reconsideration of the Court's order of December 19, 2017

3  (Doc. 2503), to the extent that it holds that Plaintiffs are categorically ineligible for

4  attorney fees for time expended on this case by law clerks and for reimbursement of

5  copying costs.  [*See id.* at 1:20-21]

6

**FACTUAL BACKGROUND**

7      Paragraph 43 of the Stipulation provides as follows:

8
9
10
11

> In the event that Plaintiffs move to enforce any aspect of this Stipulation and the Plaintiffs are the prevailing party with respect to the dispute, the Defendants agree that they will pay reasonable attorneys' fees and costs, including expert costs, to be determined by the Court.  The parties agree that the hourly rate of attorneys' fees is governed by 42 U.S.C. § 1997e(d).

12  [Doc. 1185 at 16]  Following an unsuccessful attempt to negotiate fees with Defendants,

13  Plaintiffs filed a motion for attorneys' fees and costs pursuant to this provision.

14  [Doc. 2276]  The motion is now fully briefed.  [Docs. 2402, 2433]

15      On December 19, 2017, the Court issued an order stating, in pertinent part, "[t]he

16  Court will not award Plaintiffs their overhead costs, specifically time billed by law clerks

17  and the costs of copies."  [Doc. 2503 at 1:20-21][1]  The Court further ordered that "within

18  30 days of the date of this Order, Plaintiffs shall submit an amended Motion for

19  Attorneys' Fees that complies with the guidance contained herein."  [*Id.* at 2:18-20][2]

20      Pursuant to LRCiv 7.2(g), Plaintiffs respectfully assert that the Court committed

21  manifest error in ruling that Plaintiffs are categorically ineligible to recover attorney fees

22
23
24
25

---

26      [1]  Plaintiffs' motion sought both compensation for time expended by law clerks and reimbursement for copying costs.  [*See* Doc. 2276 at 14, 28]  Defendants do not argue that
27  either expense is categorically non-compensable.  [*See generally* Doc. 2402]
         [2]  Plaintiffs intend to comply with this 30-day deadline, but file the instant motion
28  within the shorter deadline for motions for reconsideration.  *See* LRCiv. 7.2(g).

for time expended on this case by law clerks and reimbursement of copying costs, and ask that the Court rescind that portion of its order appearing at Doc. 2503 at 1:20-21.[3]

## ARGUMENT

### I.   TIME EXPENDED BY LAW CLERKS AND EXPENDITURES FOR PHOTOCOPIES ARE COMPENSABLE.

It has long been settled law that time reasonably spent by law clerks is compensable at market rates.  In *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989), the Supreme Court affirmed a district court order compensating plaintiffs' counsel for paralegal and law clerk time at market rates.  "If an attorney's fee awarded under § 1988 is to yield the same level of compensation that would be available from the market, the increasingly widespread custom of separately billing for the services of paralegals and law students who serve as clerks must be taken into account."  *Id*. at 286.  The Court observed:

> Where . . . the prevailing practice is to bill paralegal work at market rates, treating civil rights lawyers' fee requests in the same way is not only permitted by § 1988, but also makes economic sense.  By encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours encourages cost-effective delivery of legal services and, by reducing the spiraling cost of civil rights litigation, furthers the policies underlying civil rights statutes.

*Id*. at 288 (internal quotation marks, citations omitted).[4]   [*See* Doc. 2277 ¶¶ 11, 16 (Plaintiffs' counsel in this case used lower-billing law clerks to perform legal research and related tasks)]

The holding in *Missouri v. Jenkins* has been repeatedly reaffirmed by the Ninth Circuit.  *See, e.g.*, *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("time reasonably spent by law clerks and paralegals is compensable under section 1988"); *cf. Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland*

---

[3] Plaintiffs do not, of course, challenge the Court's authority to disallow compensation for specific hours or expenditures it finds to be unjustified or inadequately documented.

[4] The Court used the term "paralegals" to include both paralegals and law clerks. *Id*. at 284.

*Ins. Co.*, 460 F.3d 1253, 1256–57 (9th Cir. 2006) (reversing district court ruling categorically denying compensation for law clerk time under ERISA attorney fee provision, citing *Missouri v. Jenkins*).

It is equally well settled that § 1988 "allows for recovery of reasonable out-of-pocket expenses that would normally be charged to a fee paying client," including "*photocopying*, paralegal expenses, and travel and telephone costs." *Woods v. Carey*, 722 F.3d 1177, 1179 n.1 (9th Cir. 2013) (emphasis added). Plaintiffs seek reimbursement for photocopies at a rate of 25 cents per page, a rate that was held to be reasonable more than thirty years ago. *See Gorelangton v. City of Reno*, 638 F. Supp. 1426, 1434 (D. Nev. 1986) ("Twenty-five cents per photocopy is a normal charge in this area by law firms that itemize separately for photocopies when billing their fee-paying clients").

It is customary in the Arizona legal market to separately bill law clerk time and photocopying expenses to paying clients. [*See* Declaration of Larry A. Hammond, filed herewith; *see also* Doc. 2402 at 21:19-21 (Defendants' counsel in this case bills separately for law clerk time)] Accordingly, the courts of this District routinely award these amounts under 42 U.S.C. § 1988.

In *Graves v. Arpaio*, a challenge to conditions of confinement in the Maricopa County Jails, Judge Wake awarded plaintiffs' counsel (including the National Prison Project) compensation for law clerk time and reimbursement for photocopying costs. *See Graves v. Arpaio*, 633 F. Supp. 2d 834, 851-52 (D. Ariz. 2009). *See also United Food & Commercial Workers Local 99 v. Bennett*, No. CV-11-00921-PHX-GMS, 2014 WL 880402, at *3 (D. Ariz. Mar. 6, 2014) (awarding attorneys' fees, including hours billed by law clerks); *Reed v. Purcell*, No. CV 10-2324-PHX-JAT, 2011 WL 5128142, at *3-6 (D. Ariz. Oct. 31, 2011) (same); *cf. Ctr. for Biological Diversity v. Salazar*, No. CV10-2130-PHX-DGC, 2012 WL 5608094, at *4-5 (D. Ariz. Nov. 15, 2012) (same, awarding fees under Endangered Species Act).

1

**CONCLUSION**

For all of these reasons, the Court should grant reconsideration of its order of December 19, 2017, and should rescind that portion of its order appearing at Doc. 2503 at 1:20-21.

Dated:  January 2, 2018

**ACLU NATIONAL PRISON PROJECT**

By:   s/ David C. Fathi
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@aclu.org
           afettig@aclu.org
           vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF
ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     kbrody@acluaz.org

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
             ahardy@prisonlaw.com
             snorman@prisonlaw.com
             ckendrick@prisonlaw.com
             rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:    kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI &
ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

Sarah Kader
Asim Dietrich
Rose A. Daly-Rooney
J.J. Rico
Jessica Jansepar Ross
Maya Abela
ARIZONA CENTER FOR DISABILITY LAW
skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

s/ D. Freouf