Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
*Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
*Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
*Desiree Licci, Joseph Hefner, Joshua Polson, and*
*Charlotte Wells, on behalf of themselves and all others*
*similarly situated*

**[ADDITIONAL COUNSEL LISTED ON**
**SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
          adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON**
**SIGNATURE PAGE]**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>    v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-DKD<br><br>**PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION** |

LEGAL138069059.1

1   Plaintiffs hereby move this Court to exercise its inherent powers and those outlined
2   in the Stipulation (Doc. 1185 ¶¶ 35-36) to enforce the terms of the Stipulation and order
3   Defendants to take immediate and substantial action to remedy gross and dangerous
4   deficiencies within their health care system that continue to prevent the provision of
5   adequate health care and place class members in grave danger of serious harm or death.

6   **INTRODUCTION**

7   Almost three years after the Stipulation took effect, Defendants remain out of
8   compliance with its terms.  In the Stipulation's second year, Defendants are required to be
9   at least 80% compliant with all of the performance measures; in the Stipulation's third
10   year (beginning March 2017) and subsequently, Defendants must be at least 85%
11   compliant.  [*Id.* ¶ 10.a.ii.; *see also id.* ¶ 20.a.ii.]  Their own data continue to demonstrate a
12   substantial lack of compliance.

13   On August 28, 2017, Plaintiffs sent Defendants a Notice of Substantial
14   Noncompliance (the "August Notice").  The August Notice covered ten different
15   performance measures.  This Notice is attached as Exhibit 1 to the Declaration of Corene
16   Kendrick ("Kendrick Decl.").  Defendants responded to this Notice on September 28,
17   2017.  [Kendrick Decl. Ex. 2]  In their response, Defendants conceded that they were
18   substantially noncompliant for most of the measures in the Notice, but disagreed with the
19   definition of substantial noncompliance for some of them.  [*Id.*]  The parties met-and-
20   conferred, and subsequently mediated before Judge Bade on November 28, 2017.

21   Defendants conceded substantial noncompliance for all but three of the measures in
22   the Notice.[1]  The parties discussed various remedial efforts Defendants claimed would
23   address the measures where they conceded noncompliance, and Counsel for Defendants
24   asserted that updated remedial plans would be provided to Plaintiffs prior to the

---

26   [1]  The parties are at an impasse as to whether PM 52 (Phoenix), PM 73 (Tucson), and PM 96 (Tucson) meet the definition of substantial noncompliance.  At the suggestion of Magistrate Judge Bade, the parties agreed that they would file a Joint Motion for Clarification with this Court in January 2018 regarding the appropriate definition of substantial noncompliance.  [Doc. 2402-1 at 77-78]

December 20, 2017 status hearing.  [Doc. 2402-1 at 76-77]  No updated remedial plans were provided for the measures Defendants conceded were noncompliant.  [*See* 12/20/17 Tr. at 97:18-98:2; see *generally* Doc. 2510-1]

## I.   DEFENDANTS ARE SUBSTANTIALLY NON-COMPLIANT WITH NUMEROUS PERFORMANCE MEASURES AT MULTIPLE PRISONS COMPLEXES

Plaintiffs seek an Order finding Defendants substantially noncompliant with the following performance measures at the following prisons, pursuant to the definition in the Stipulation and the Court's subsequent orders.  [Doc. 2030 at 1; Doc. 2118 at 1-2, 3 n.2] For the institutions/measures for which Defendants have more current compliant scores, Plaintiffs request the Court find Defendants noncompliant but hold in abeyance any order to develop or implement a remedial plan.[2]  For the institutions/measures that show current or more recent noncompliance, Plaintiffs request that the Court also order Defendants to develop and implement a remedial plan.

The measures and prisons at issue for this enforcement motion are:

**PM 19** (Eyman, Lewis, Perryville, Phoenix, Tucson): *Perpetual inventory medications will be signed off on the inmate's individual MAR.*

Plaintiffs seek an Order finding Defendants substantially noncompliant with PM 19 at Eyman, Lewis, Perryville, Phoenix, and Tucson prisons.  Plaintiffs seek an Order directing Defendants to develop and implement a remedial plan with respect to this PM at Eyman, Lewis, and Phoenix.

|  | Nov | Dec | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Eyman | 82 | 78 | 82 | 72 | 84 | 78 | 80 | 80 | 70 | 72 | 72 | 78 |
| Lewis | 63 | 70 | 65 | 59 | 59 | 61 | 60 | 68 | 71 | 69 | 51 | 54 |
| Perryville | 84 | 89 | 92 | 87 | 92 | 75 | 100 | 90 | 91 | 87 | 89 | 95 |
| Phoenix | 85 | 88 | 83 | 96 | 94 | 81 | 79 | 92 | 84 | 85 | 90 | 74 |
| Tucson | 78 | 80 | 80 | 80 | 94 | 83 | 94 | 88 | 90 | 88 | 88 | 87 |

---

[2] [*See, e.g.*, Doc. 2403 at 3 (regarding PM 49, "The Court finds Douglas and Perryville in substantial noncompliance but holds the remediation plan in abeyance"); *see also* 10/11/17 Tr. at 55:16-20, 58:7-14]

In addition to the substantial noncompliance for the past 12 months shown above, the institutions were additionally substantially noncompliant in the preceding12 months:

ASPC Eyman:

- 2015: November (22%), December (26%)
- 2016: January (14%), February (18%), March (18%), April (10%), May (20%), June (10%), July (14%), August (14%), September (32%), October (34%)

ASPC Lewis

- 2015: November (19%), December (19%)
- 2016: January (29%), February (10%), March (20%), April (6%), May (20%), June (18%), July (7%), August (11%), September (8%), October (26%)

ASPC Perryville:

- 2015: November (56%), December (50%)
- 2016: January (53%), February (56%), March (59%), April (46%), May (50%), June (50%), July (48%), August (48%), September (46%), October (45%)

ASPC Phoenix:

- 2015: November (58%), December (35%)
- 2016: January (63%), February (47%), March (54%), April (44%), May (50%), June (56%), July (44%), August (%), September (38%), October (49%)

ASPC Tucson

- 2015: November (21%), December (23%)
- 2016: January (18%), February (33%), March (27%), April (29%), May (14%), June (19%), July (16%), August (28%), September (24%), October (29%)

[Doc. 2251-1 at 43]

**PM 44** (Winslow): *Inmates returning from an inpatient hospital stay or ER transport with discharge recommendations from the hospital shall have the hospital's treatment recommendations reviewed and acted upon by a medical provider within 24 hours*.

Plaintiffs seek an Order finding Defendants substantially noncompliant with PM 44 at Winslow, and an Order directing Defendants to develop and implement a remedial plan with respect to this PM.

| | Nov | Dec | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Winslow | N/A | 71 | 0 | 40 | 100 | 100 | 50 | 75 | 57 | 25 | 50 | 100 |

In addition to the substantial noncompliance for the past 12 months shown above, the institution was additionally substantially noncompliant in the preceding 12 months:

1   • 2016: January (50%), July (67%)

2   [Doc. 2251-1 at 49]

3

4   **PM 48** (Tucson): *Documentation, including the reason(s) for the denial, of Utilization Management denials of requests for specialty services will be sent to the requesting Provider in writing within fourteen calendar days, and placed in the patient's medical record.*

5

6   Plaintiffs seek an Order finding Defendants substantially noncompliant with PM 48

7   at Tucson.

8

| | Nov | Dec | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tucson | 100 | 89 | 100 | 82 | 25 | 76 | 62 | 25 | 18 | 83 | 93 | 97 |

10   In addition to the substantial noncompliance in the past 12 months shown in the

11   chart above, the institution was additionally substantially noncompliant in the preceding 12

12   months:

13   • 2016: July (14%), August (63%)[3]

14   [Doc. 2251-1 at 50]

15   **PM 50** (Tucson): *Urgent specialty consultations and urgent specialty diagnostic services will be scheduled and completed within 30 calendar days of the consultation being requested by the provider.*

16

17   Plaintiffs seek an Order finding Defendants substantially noncompliant with PM 50

18   at Tucson, and an Order directing Defendants to develop and implement a remedial plan

19   with respect to this PM.

20

| | Nov | Dec | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tucson | 84 | 94 | 88 | 91 | 80 | 70 | 83 | 86 | 78 | 31 | 66 | 77 |

22   In addition to the substantial noncompliance for the past 12 months shown above,

23   the institution was additionally substantially noncompliant in the preceding 12 months:

24   • 2015: December (74%)
    • 2016: February (73%), March (78%), April (72%), May (71%), June (78%)

25   [Doc. 2251-1 at 51]

26

27   [3] Defendants did not begin auditing this Performance Measure until July 2016 because they took the position that "Alternate Treatment Plans" were not denials. [*See* Docs. 1561-1 at 6; 1626-1 at 38-39]

**PM 52** (Phoenix):  *Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report.*[4]

Plaintiffs seek an Order finding Defendants substantially noncompliant with PM 52 at Phoenix, and an Order directing Defendants to develop and implement a remedial plan with respect to this PM.

|  | Nov | Dec | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Phoenix | 92 | 100 | 90 | 100 | 100 | 55 | 70 | 45 | 92 | 89 | 83 | 100 |

**PM 67** (Florence, Perryville, Tucson):  *In an IPC, Registered nurses will conduct and document an assessment at least once every shift. Graveyard shift assessments can be welfare checks.*

Plaintiffs seek an Order finding Defendants substantially noncompliant with PM 67 at Florence, Perryville, and Tucson.  Plaintiffs seek an Order directing Defendants to develop and implement a remedial plan with respect to this PM at Florence and Tucson.

|  | Nov | Dec | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Florence | 99 | 70 | 90 | 80 | 60 | 90 | 60 | 90 | 30 | 50 | 90 | 100 |
| Perryville | 100 | 57 | 100 | 100 | 100 | 71 | 100 | 60 | 100 | 100 | 100 | 86 |
| Tucson | 99 | 80 | 80 | 20 | 20 | 40 | 0 | 0 | 0 | 0 | 60 | 70 |

In addition to the substantial noncompliance for the past 12 months shown above, the institutions were additionally substantially noncompliant in the preceding12 months:

ASPC Florence
- 2015: November (20%), December (0%);
- 2016: January (10%), February (20%), March (20%), April (40%), May (10%), June (40%), July (60%), August (60%)

ASPC Perryville
- 2016: February (60%), May (70%), June (70%), July (30%), August (63%)

ASPC Tucson
- 2015: November (20%), December (0%);
- 2016: January (0%), February (0%), March (10%), April (40%), May (40%), June (50%), July (60%), August (70%)

[Doc. 2251-1 at 55]

---

[4] Defendants do not concede that they are substantially noncompliant with this PM at Phoenix because they disagree with regard to the definition of substantial noncompliance.  [Kendrick Decl. Ex. 2 at 2; Doc. 2502-1 at 76]

**PM 73** (Tucson): *All MH-3 minor prisoners shall be seen by a licensed mental health clinician a minimum of every 30 days.* [5]

Plaintiffs seek an Order finding Defendants substantially noncompliant with PM 73 at Tucson.

|        | Nov | Dec | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct |
|--------|-----|-----|-----|-----|-----|-----|-----|------|------|-----|------|-----|
| Tucson | 100 | 100 | 100 | 88  | 89  | 63  | 63  | 100  | 100  | 100 | 100  | 100 |

In addition to the substantial noncompliance for the past 12 months shown above, the institution was additionally substantially noncompliant in the preceding 12 months:

- 2016: January (70%), February (60%), March (20%), April (40%)

[Doc. 2251-1 at 57]

**PM 95** (Tucson): *Only licensed mental health staff may remove a prisoner from a suicide or mental health watch. Any prisoner discontinued from a suicide or mental health watch shall be seen by a mental health provider, mental health clinician, or psychiatric registered nurse between 24 and 72 hours after discontinuation, between seven and ten days after discontinuation, and between 21 and 24 days after discontinuation of the watch.*

Plaintiffs seek an Order finding Defendants substantially noncompliant with PM 95 at Tucson.

|        | Nov | Dec | Jan | Feb | Mar | Apr | May | June | Aug | Sept | Oct | Nov |
|--------|-----|-----|-----|-----|-----|-----|-----|------|-----|------|-----|-----|
| Tucson | 100 | 90  | 100 | 90  | 80  | 80  | 80  | 95   | 100 | 100  | 100 | 100 |

In addition to the substantial noncompliance for the past 12 months shown above, the institution was additionally substantially noncompliant in the preceding12 months:

- 2015: December (70%);
- 2016: January (70%), February (30%), March (70%), June (40%)

[Doc. 2251-1 at 62]

[5] Defendants do not concede that they are substantially noncompliant with this PM at Tucson because they disagree with regard to the definition of substantial noncompliance. [Kendrick Decl. Ex. 2 at 2; Doc. 2502-1 at 76]

**PM 96** (Tucson): *A reentry/discharge plan shall be established no later than 30 days prior to release from ADC for all prisoners who are MH-3 or above.* [6]

Plaintiffs seek an Order finding Defendants substantially noncompliant with PM 96 at Tucson.

|        | Nov | Dec | Jan | Feb | Mar | Apr | May | June | July | Aug | Sept | Oct |
|--------|-----|-----|-----|-----|-----|-----|-----|------|------|-----|------|-----|
| Tucson | 100 | 98  | 98  | 100 | 82  | 79  | 80  | 90   | 95   | 91  | 95   | 93  |

In addition to the substantial noncompliance for the past 12 months shown above, the institution was additionally substantially noncompliant in the preceding 12 months:

- 2016: June (58%)

[Doc. 2251-1 at 62]

Respectfully submitted this 4th day of January, 2018.

<div align="center">

**PRISON LAW OFFICE**

</div>

By: __s/ Corene Kendrick__
    Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
    Sara Norman (Cal. 189536)*
    Corene Kendrick (Cal. 226642)*
    Rita K. Lomio (Cal. 254501)*
    1917 Fifth Street
    Berkeley, California 94710
    Telephone:  (510) 280-2621
    Email:    dspecter@prisonlaw.com
              ahardy@prisonlaw.com
              snorman@prisonlaw.com
              ckendrick@prisonlaw.com
              rlomio@prisonlaw.com

    *Admitted *pro hac vice*

---

[6] Defendants do not concede that they are substantially noncompliant with this PM at Tucson because they disagree with regard to the definition of substantial noncompliance.  [Kendrick Decl. Ex. 2 at 2; Doc. 2502-1 at 76]

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@aclu.org
               afettig@aclu.org
               vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:     kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
               agerlicher@perkinscoie.com
               jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com

*Admitted *pro hac vice*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY
LAW**

By:   s/ Maya Abela
      Sarah Kader (Bar No. 027147)
      Asim Dietrich (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone:  (602) 274-6287
      Email:    skader@azdisabilitylaw.org
                adietrich@azdisabilitylaw.org

      Rose A. Daly-Rooney (Bar No. 015690)
      J.J. Rico (Bar No. 021292)
      Jessica Jansepar Ross (Bar No. 030553)
      Maya Abela (Bar No. 027232)
      **ARIZONA CENTER FOR
      DISABILITY LAW**
      177 North Church Avenue, Suite 800
      Tucson, Arizona 85701
      Telephone:  (520) 327-9547
      Email:
         rdalyrooney@azdisabilitylaw.org
              jrico@azdisabilitylaw.org
              jross@azdisabilitylaw.org
              mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability
Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf