FENNEMORE CRAIG, P.C.
Todd Kartchner (No. 021857)
Phillip F. Fargotstein (No. 006679)
Courtney R. Beller (No. 029412)
2394 East Camelback Road
Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: tkartchner@fclaw.com
Email: pfargots@fclaw.com
Email: cbeller@fclaw.com

*Attorneys for Corizon Health, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | Case No. 2:12-cv-00601-DKD<br><br>**RENEWED MOTION FOR LEAVE FOR CORIZON HEALTH, INC. TO PARTICIPATE AS *AMICUS CURIAE* DURING THE FEBRUARY 9, 2018 EVIDENTIARY HEARING AND REQUEST FOR EXPEDITED HEARING** |

Corizon Health, Inc. ("Corizon") respectfully requests the Court grant it permission to participate as *amicus curiae* in the evidentiary hearing scheduled February 9, 2018 (the "Hearing"). As set forth below, Corizon has a specific interest in the Hearing in that it is intended to investigate Corizon's conduct in implementing and adhering to the 2014 Stipulation. In addition, Corizon's participation in the Hearing will assist the Court in resolving the matter efficiently. Further, the Court's December 20, 2017 Minute Entry (the "Order") directs Corizon's participation in the Hearing. Therefore, this Court should confer *amicus* status on Corizon for the limited purpose of participating in the February 9, 2018 Hearing, as set forth below. In addition, Corizon requests that this Court set an

1  expedited briefing schedule and hearing on its Motion.

2  **MEMORANDUM OF POINTS AND AUTHORITIES**

3  **I.   BACKGROUND**

4          Corizon provides correctional healthcare services to the prison complexes operated

5  by the Arizona Department of Corrections, including the Eyman facility.  On December

6  20, 2017, this Court ordered the Hearing to investigate allegations made against Corizon,

7  particularly with regard to its operations at the Eyman facility.  *See* Doc. 2526, Minute

8  Entry (the "Order").  The Order specifically references Corizon and demands that Sara

9  Neese, a Corizon employee, testify at the Hearing.  *Id.*  In addition, Corizon anticipates

10 that at least some of the additional witnesses who will be called at the Hearing will also be

11 its employees.  Further, the information and documents relevant to the Court's concerns

12 are in the possession of Corizon or its employees.

13         Corizon has previously requested this Court grant it *amicus* status in this matter.

14 *See* Doc. 2171, Motion for Leave for Corizon Health, Inc. to Participate as *Amicus*

15 *Curiae*.  This Court denied that motion.  *See* Doc. 2235, Order.  This request is not a

16 duplication of the prior request.  Rather, Corizon is seeking leave to participate **only** in the

17 Hearing.[1]  Further, in its Order, this Court left open the possibility of Corizon being given

18 *amicus* status in the future, stating that where information from Corizon is useful in

19 achieving compliance with the Stipulation, it would solicit that information at that time.

20 *See* Doc. 2235.

21         This is that time.  Information in the sole possession of Corizon or its employees is

22 necessary to resolve the issues to be addressed at the Hearing, and Corizon respectfully

23 requests the opportunity to participate as *amicus curiae* in this limited scope.

24 ─────────────
[1] Plaintiffs objected to Corizon's initial request primarily on the ground that the request
25 was too broad in that it did "not seek amicus status solely . . . on a discrete legal issue."
   Doc. 2210 at 2:8, 32:13–5:16.  That is not the case here, as Corizon seeks permission to
26 participate only in the Hearing.

## II.   ARGUMENT

### A.  The Court has Authority to Allow *Amicus* Participation

Federal district courts have broad discretionary authority to grant *amicus* status, including the extent and manner of participation.  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (citing *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).   Additionally, "[d]istrict courts frequently welcome amicus participation from non-parties" when legal issues "have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective'" that will assist the Court towards resolution of a proceeding. *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005), *disapproved in later proceedings sub nom. Guidiville Band of Pomo Indians v. NGV Gaming Ltd.*, No. C 04-3955-SC, 2005 WL 5503031 (N.D. Cal. Oct. 19, 2005), *rev'd in part*, *vacated in part*, 531 F.3d 767 (9th Cir. 2008) (citing *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003).

Moreover, "[t]here are no strict prerequisites that must be established prior to qualifying for amicus status…."  *In re Roxford Foods Litig.*, 790 F. Supp. at 997 (citing *United States v. Louisiana*, 751 F. Supp. at 620.  Rather, "the concept of amicus curiae is flexible and [], as long as the amicus does not intrude on the rights of the parties, it can have a range of roles."  *Wyatt By & Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1359 (M.D. Ala. 1994).  In particular, amici can "take an active role in some cases beyond providing information."  *Id.* (citing *Hoptowit*, 682 F.2d at 1260) ("Amicus participated fully in the discovery, trial, and appeal of th[e] case.").

In determining whether to grant *amicus* status, courts consider a number of factors, including: 1) whether the party has an "interest" in the litigation; 2) whether the party is "uniquely qualified" to assist the court; and 3) "whether the court invited participation of

the amicus." *Id.*[2]  Additionally, "an individual seeking to appear as amicus must … make a showing that his participation is useful to or otherwise desirable to the court."  *In re Roxford Foods Litig.*, 790 F. Supp. at 997 (emphasis added) (citing *United States v. Louisiana*, 751 F. Supp. at 620).  Of particular consideration is whether the individual or entity has the capacity to offer information that is both timely and useful, thereby assisting the court's understanding of the case and the potential legal ramifications of the resolution of the case.  *See Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996).  This assistance to the court may take many forms, including presenting background or factual information, offering special expertise, briefing points not emphasized by existing parties, and explaining the potential impacts of a decision on an industry or other group.  *See Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002); *see also see also Benavidez v. Eu*, 34 F.3d 825, 828 (9th Cir. 1994) (allowing the filing of an amicus brief and oral argument on its contents); *United States v. State of Mich.*, 116 F.R.D. 655, 660−61 (W.D. Mich. 1987) (citing *Hoptowit*, 682 F.2d at 1260) (allowing third party to file an amicus brief, present evidence, and cross-examine witnesses).

### B.  The Order Requires Corizon's Participation in the Hearing.

The Court's Order mandates Corizon's participation in the Hearing, and Corizon was expressly named in the Order.  *See* Doc. 2526.  In addition, the Order requires that Sara Neese, a Corizon employee, testify at the hearing.  *Id.*  Corizon anticipates that at least some of the other witnesses called at the Hearing will also be its employees.  The Order not only invites Corizon's participation as *amicus* at the Hearing, but in fact,

---

[2] Other factors include: the nature of the litigation and the issues presented; the nature of the amicus; whether the parties object to the amicus; history of participation of the amicus in the litigation; and how the amicus has handled its responsibility in the past. *Wyatt*, 868 F. Supp. at 1359–60.

1    demands it.

2    **C. Corizon Has An Interest in the Hearing.**

3    As the entity under investigation at the Hearing, Corizon possesses a unique and

4    demonstrable interest in the outcome of this proceeding.  Any decision and/or order of this

5    Court resulting from the Hearing will have a direct and potentially significant impact on

6    Corizon.   As such, this Court should allow Corizon to participate in the Hearing as

7    *amicus*, in the form of presenting witness testimony and cross-examining witnesses.

8    **D. Corizon's Participation Will Assist in the Resolution of the Hearing.**

9    Corizon's participation in the Hearing will also assist the Court in reaching a just

10   and proper resolution.  Corizon is seeking to participate in the Hearing to provide the

11   Court with information and knowledge in the sole possession of Corizon and its

12   employees.  Corizon has access to information concerning its actions, statements allegedly

13   made by its employees, and its compliance with the 2014 Stipulation.  In many instances,

14   Corizon and its employees are the only source for testimony on healthcare at the Eyman

15   facility and on Corizon's actions to comply with the Stipulation.  As Corizon is the entity

16   to be investigated at the Hearing, Corizon is in the best position to offer and contest

17   evidence on the issues.  As such, the Court should afford Corizon *amicus* status.

18   **III.    REQUEST FOR AN EXPEDITED BRIEFING SCHEDULE AND HEARING**

19   Corizon requests the Court set an expedited briefing schedule and hearing as soon

20   as possible on this Motion.  The Hearing is to be held on February 9, 2018, and if the

21   standard time is allowed for any responses to this Motion, the Motion will be decided long

22   after the Hearing.

23   **IV.    CONCLUSION**

24   Based on the foregoing, Corizon respectfully requests that this Court grant it leave

25   to participate as *amicus curiae* in the February 9, 2018 evidentiary hearing and set an

26   . . .

1   expedited briefing schedule and hearing on the Motion.

2       DATED this 11th day of January, 2018.

3                                    FENNEMORE CRAIG, P.C.

4

5

6                               By:   /s/ *Todd Kartchner*
                                      Todd Kartchner (No. 021857)
7                                     Phillip F. Fargotstein (No. 006679)
                                      Courtney R. Beller (No. 029412)
8                                     2394 East Camelback Road
                                      Suite 600
9                                     Phoenix, AZ 85016-3429
10                                    *Attorneys for Corizon Health, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:                    ahardy@prisonlaw.com

Amelia M. Gerlicher:             agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:                   afettig@npp-aclu.org

Asim Varma:                      avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:            cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:              ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:             DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:               dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org

Donald Specter:                  dspecter@prisonlaw.com

Jessica Pari Jansepar Ross:  jross@azdisabilitylaw.org

John Howard Gray:                jhgray@perkinscoie.com;   slawson@perkinscoie.com

John Laurens Wilkes:             jlwilkes@jonesday.com; dkkerr@jonesday.com

Jose de Jesus Rico:              jrico@azdisabilitylaw.org

Kathleen E. Brody                kbrody@acluaz.org

Kirstin T. Eidenbach:            kirstin@eidenbachlaw.com

Maya Abela:                      mabela@azdisabilitylaw.org

Rose Daly-Rooney:                rdalyrooney@azdisabilitylaw.org

Sara Norman:                     snorman@prisonlaw.com

Sarah Eve Kader:                 skader@azdisabilitylaw.org;   mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio:                   rlomio@prisonlaw.com

| | | |
|---|---|---|
| 1 | Victoria Lopez: | vlopez@aclu.org |
| 2 | Daniel P. Struck | dstruck@strucklove.com |
| 3 | Richard M. Valenti | rvalenti@strucklove.com |
| 4 | Rachel Love | rlove@strucklove.com |
| 5 | Timothy Bojanowski | tbojanowski@strucklove.com |
| 6 | Nicholas D. Acedo | nacedo@strucklove.com |
| 7 | Ashlee B. Hesman | ahesman@strucklove.com |
| 8 | Timothy M. Ray | tray@strucklove.com |
| 9 | Jamie D. Guzman | jguzman@strucklove.com |
| 10 | Jacob B. Lee | jlee@strucklove.com |
| 11 | Kevin R. Hanger | khanger@strucklove.com |
| 12 | Michael E. Gottfried | Michael.Gottfried@azag.gov |
| 13 | Lucy M. Rand | Lucy.Rand@azag.gov |

14

15    I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

16

17        N/A

18                                    /s/*Jennifer Fortner*
                                    _____

19    13564931

20

21

22

23

24

25

26

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX