Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br>Plaintiffs,<br>v.<br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION (DKT. 2520)** |

Plaintiffs' Motion to Enforce the Stipulation regarding Performance Measures 19, 44, 48, 50, 52, 67, 73, 95, and 96 (Doc. 2520) is not ripe for at least two reasons. First, the parties are still working on these issues through the mediation process within the timeframes set forth in the Stipulation. Second, the parties have sought clarification of the definition of substantial non-compliance under the Stipulation, which could call into question whether several of the scores are in fact substantially non-complaint. The Court has not yet provided that guidance.

Accordingly, Defendants request that the Court deny Plaintiffs' Motion to Enforce as premature or, at a minimum, stay briefing until these antecedent events are completed. Should the Court be inclined to consider the Motion, Defendants request additional time to submit a substantive response.

## I. PLAINTIFFS' MOTION IS PREMATURE.

The Stipulation gives the parties 60 days to resolve any disputes through mediation. (Doc. 1185 ¶ 31.) A party cannot file a motion to enforce the Stipulation until and unless that 60 days has expired without resolution through the mediation process. (Id.)

The parties mediated the disputes underlying Plaintiffs' Motion on November 28, 2017. They agreed at that time that certain items remained to be discussed and done, and that the parties would continue to work together to resolve the purported disputes. Indeed, during the December 20, 2017 Status Hearing, Plaintiffs admitted that items remained outstanding in connection with the mediation process. (R.T. 12/20/2017 at 97:13-98:2.)[1] The Court observed that discussions of what occurred during mediation at the status hearing was not appropriate pursuant to Fed. R. Civ. P 408 and instructed the parties to further discuss the issues during the lunch break and then, if necessary, make a record

---

[1] Plaintiffs also noted that Defendants were to provide certain items on the day of the status hearing, but had not done so by the time of the hearing (Id.).

1

when the Hearing resumed. (Id. at 98:23-99:17.)[2]  Instead of making any record when the Hearing resumed, Plaintiffs filed the instant Motion.

Plaintiffs' Motion is premature because the mediation-resolution process does not end until January 28, 2018 (60 days after the November 28, 2017 Mediation). (See Doc. 1185 ¶ 31.)  Defendants are still in the process of gathering the information at the center of the dispute from Corizon.  Plaintiffs' Motion, however, has cut that process short.  The mediation process is still ongoing, and Defendants are working diligently with Corizon to satisfy production of outstanding remediation plans.  Thus, Plaintiffs' Motion should be denied.

## II. THERE IS A QUESTION AS TO WHETHER SOME OF THE MEASURES IN PLAINTIFFS' MOTION ARE PROPERLY BEFORE THIS COURT.

Defendants dispute that the scores on three of the nine performance measures challenged in Plaintiffs' Motion meet the Stipulation's definition of substantial non-compliance. Despite the Court's clear ruling on that definition (Doc. 2030 at 1), Plaintiffs' contort a footnote in an order on Plaintiffs' Motion to Reconsider (Doc. 2118 at 3 n. 2) to reach a vastly different definition.  The parties intend to jointly request clarification on this issue in the coming weeks.

Given that the Court's resolution of that threshold issue will determine whether one-third of the performance measures challenged in Plaintiffs' Motion are in fact substantially non-compliant, the Court should deny or at least stay Plaintiffs' Motion as premature until it has been resolved.

## III. CONCLUSION

For these reasons, Defendants request that Plaintiffs' Motion to Enforce be denied or at least stayed.

Defendants further request an award of their fees and costs associated with responding to this Motion.  Plaintiffs acknowledged to the Court that the parties were

---

[2] The Court further observed that if items were not provided as a matter of "an oversight or a feature of the fact that [Mr. Bojanowski is] not here" (Id. at 98:20-22), then "get it fixed" (Id. at 99:11-14).

2

working to resolve remaining items, but then unilaterally, and unbeknownst to Defendants, stopped those efforts prematurely. As such, Plaintiffs failed to fulfill their obligation to meet and confer in good faith prior to filing this Motion. Accordingly, pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, the Court should award Defendants' reasonable fees and costs in responding to Plaintiffs' unauthorized Motion. *See* 28 U.S.C. § 1927 (fees may be awarded if party "multiplies the proceedings in any case unreasonably and vexatiously"); *Roadway v. Piper*, 447 U.S. 752, 765 (1980) (federal courts have the inherent power to assess attorneys' fees in response to abusive litigation practices).

Should the Court deny this relief and allow Plaintiffs' Motion to proceed now, Defendants request 14 days from the date of the Court's order to file a substantive response.

RESPECTFULLY SUBMITTED this 18th day of January, 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By:/s/Daniel P. Struck
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Ashlee B. Hesman
    Jacob B. Lee
    Kevin R. Hanger
    Timothy M. Ray
    Richard M. Valenti
    Jamie D. Guzman
    3100 W. Ray Road, Ste. 300
    Chandler, AZ 85226

    Arizona Attorney General Mark Brnovich
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    15 South 15th Avenue
    Phoenix, AZ 85007

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

1      I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

2

3      N/A

4                                        /s/Daniel P. Struck

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28