Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' RESPONSE TO RENEWED MOTION FOR LEAVE FOR CORIZON HEALTH, INC. TO PARTICIPATE AS AMICUS CURIAE DURING THE FEBRUARY 9, 2018 EVIDENTIARY HEARING (DOC. 2529)** |

LEGAL138324833.1

This Court ruled on August 15, 2017 that Corizon Health, Inc. ("Corizon"), Defendants' private for-profit health care contractor, should not be granted leave to participate as *amicus curiae*. [Doc. 2235] Corizon now again seeks leave to participate in the upcoming evidentiary hearing previously scheduled for February 9, 2018, which has been rescheduled by the Court to February 27, 2018, in a motion largely cut and pasted from its previous unsuccessful filing. [*Compare* Doc. 2529 at 3-4, *with* Doc. 2171 at 2-4] Corizon also seeks expedited briefing on its motion, even though it filed its motion more than three weeks after the December 20, 2017 status hearing, at which it learned of the evidentiary hearing.

The Court should again deny Corizon's request, for the same reasons set forth in its previous order. As it stated, "[i]f the Court determines that information from Corizon would be useful in achieving compliance with the Stipulation, it will solicit such information on an as needed basis." [Doc. 2235 at 2]

Corizon's renewed request again does not meet the prevailing legal standard for *amicus curiae* status.[1] Crucially, the Court should deny Corizon's request because it was only **after** the Court denied Corizon's first motion to participate as *amicus* that ADC's attorneys disclosed to Plaintiffs and the Court that a joint defense agreement with Corizon actually had been in place the entire time. [*See* 9/12/17 Tr. at 185:2-10 ("MR. STRUCK: [. . .] **We've had a joint defense agreement with Corizon since Corizon contracted with ADC when Wexford left the scene**. [. . .] This case is now settled. **The joint defense agreement remains**, and it entitles defense counsel for ADC and defense counsel for Corizon, who the Court has recognized is the agent, or the plaintiffs have argued is the agent of ADC, to communicate without having the communications discovered.")

---

[1] *Amicus* status is limited to the role of submitting a brief or providing limited oral argument to a court on a pending, distinct legal issue, and "[w]hether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (citations omitted). Notably, *amicus* status is disfavored if one or more parties to the proceeding object. *See* 3B C.J.S. Amicus Curiae § 4 (Dec. 2017) (noting that a court should consider "the objections of the parties, and whether the person or organization seeking amicus status is manipulating this role as a substitute for intervention" as a party).

LEGAL138324833.1

(emphasis added); *see also* Declaration of Corene Kendrick filed herewith ("Kendrick Decl."), Ex. 1 at 5-7 (joint defense agreement countersigned May 16, 2013, May 21, 2013, May 28, 2013, and June 3, 2013 by Counsel for Defendants and the Assistant General Counsel of Corizon)]

The existence of the joint defense agreement shows that Counsel for Defendants are entirely capable of representing Corizon's interests at the hearing. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers) ("The term *amicus curiae* means friend of the court, not friend of a party"); *cf. In re Vitamin C. Antitrust Lit.*, 2011 WL 197583 at *3 n.1 (E.D.N.Y. 2011) (holding that a third party that submitted an *amicus* brief could not have its documents shielded from production under the common interest privilege). But if the Court is inclined to permit Counsel for Corizon to participate in the February 27, 2018 hearing by conducting direct and cross-examination, it should allow Defendants and Corizon together to have only a single lawyer examine each witness, to avoid "piling on," duplication of efforts, and waste of time.

**ARGUMENT**

**I.   CORIZON'S INTERESTS ARE AMPLY PROTECTED BY COUNSEL FOR DEFENDANTS**

*Amicus* status is granted only "when [1] the amicus has a special interest in the particular case, [2] that interest is not represented competently or at all in the case, [3] the proffered information is timely and useful, and [4] the amicus is not partial to a particular outcome in the case." 3B C.J.S. Amicus Curiae § 4 (Dec. 2017); *see also Miller-Wohl Co. v. Comm'r of Labor & Indus., State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (holding that the "classic role" of *amici* is limited to "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration"). Corizon fails to meet each of these requirements.

As detailed in Plaintiffs' response to Corizon's first motion, Corizon is an agent of the Defendants and does not have a separate or distinct interest in the case from

Defendants for purposes of ensuring compliance with the Stipulation. [Doc. 2210 at 6-7] Corizon asserts that it "is not a party to the terms and conditions of the 2014 Stipulation," (Doc. 2171 at 5), but this is not accurate; the terms and conditions of the Stipulation, including the 103 health care performance measures, were incorporated into the current contract between ADC and Corizon as an amendment dated May 11, 2015. [*See* Kendrick Decl., Ex. 2 at Attach. C]

With regard to the second prong of the analysis, as Plaintiffs noted in their response to the first motion, "Corizon further offers no evidence to demonstrate that its interests in the case, or its interest in the outcome, which are identical to and derive from Defendants' interests in the case, are not being represented competently or at all in the case." [Doc. 2210 at 7] Indeed, the existence of a joint defense agreement points conclusively in the other direction. Corizon and Defendants cannot have it both ways: Defendants assert that the joint defense agreement and the common interest privilege shield their communications with Corizon from production, (*see, e.g.*, Doc. 2291-1 at 301; 9/12/17 Tr. at 185:6-10), yet now Corizon seeks to become an *amicus* while ignoring that controlling case law requires it to show its interests actually diverge from Defendants.[2]

Corizon does not detail what timely and useful case law or information it will offer at the February 27 hearing, thus missing the mark with regard to the third prong of the analysis. It is already providing responsive information and reports requested through discovery prior to the hearing, pursuant to its role as a contractor and agent of Defendants. It notes that at least one Corizon employee (Sara Neese) will testify at the hearing, but again fails to explain how Counsel for Defendants—with whom Corizon has a joint defense agreement—will be incapable of conducting direct examination of her or defending her during cross examination. [Doc. 2529 at 4] As the Sixth Circuit held in the

---

[2] Corizon's current motion, like the one it filed in July 2017 (Doc. 2171), notably yet again ignores the second prong of the *amicus* analysis. Corizon's current motion also offers the identical legal argument as its first motion, including citation to *United States v. State of Mich.*, 116 F.R.D. 655 (W.D. Mich. 1987), while not acknowledging that the district court's decision was overturned by the Sixth Circuit, 940 F.2d 143 (6th Cir. 1991). [*Compare* Doc. 2171 at 4, *and* Doc. 2529 at 4]

1  leading case on this issue, a litigating role that includes examining and cross-examining
2  witnesses is not appropriate for *amicus* status. *United States v. State of Mich.*, 940 F.2d
3  143, 164-66 (6th Cir. 1991).

4　　　　Finally, with regard to the requirement that a party seeking *amicus* status be "not
5  partial to a particular outcome in the case," Corizon's desired outcome is one and same as
6  the Defendants'. Both want the Stipulation terminated at the earliest possible date. With
7  respect to the issues to be explored at the February 27 hearing, Defendants and Corizon
8  are aligned wholly in their interest that the Court conclude that monitoring process is fair,
9  accurate, and reliable, and that there are no efforts being made to "beat the monitor."

10　　　Thus, for the foregoing reasons, Corizon's motion should be denied.

11
12  **II.　IF CORIZON'S ATTORNEYS PARTICIPATE IN THE FEBRUARY 27, 2018 HEARING, THE COURT SHOULD LIMIT EXAMINATION**

13　　　If the Court is inclined to permit Counsel for Corizon to participate in the
14  February 27, 2018 hearing by examining or cross-examining witnesses, then the Court
15  should limit examination of each witness such that either Counsel for Defendants or
16  Counsel for Corizon, but not both, participate. *See All. of Auto Mfrs. v. Gwadowsky*, 297
17  F. Supp. 2d 305, 308 (D. Me. 2003) (allowing a third party ("MADA") limited role as an
18  *amicus*, but noting that the third party's role "shall be subordinate to the Attorney General
19  and subject to his discretion. If there are witnesses at trial or deposition where the
20  Attorney General's Office is willing to let MADA's lawyer conduct the examination or
21  cross-examination in place of the Assistant Attorney General, this is permitted; however,
22  both the Assistant Attorney General and MADA shall not be permitted to examine or
23  cross-examine the same witness. Similarly, MADA shall have no independent right to
24  engage in written forms of discovery.").

25　　　If the Court decides to allow Corizon's attorneys to participate in the hearing for
26  purposes of examining and cross-examining witnesses, then in the interest of judicial
27  efficiency, fundamental fairness, and to limit the piling-on and harassment of witnesses,
28

1 | Counsel for Defendants must decide for each witness whether they are willing to allow
2 | Corizon's lawyer to conduct the examination, in lieu of ADC's attorneys.

3 | Dated: January 25, 2018                    **PRISON LAW OFFICE**

By:   s/ Corene Kendrick
Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com
         rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:   dfathi@aclu.org
         afettig@aclu.org
         vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:   kirstin@eidenbachlaw.com

| | |
|---|---|
| 1 | Kathleen E. Brody (Bar No. 026331) |
| 2 | **ACLU FOUNDATION OF ARIZONA** |
| 3 | 3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85013 |
| 4 | Telephone: (602) 650-1854<br>Email:   kbrody@acluaz.org |

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

LEGAL138324833.1                                -6-

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Maya Abela
   Sarah Kader (Bar No. 027147)
   Asim Dietrich (Bar No. 027927)
   5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
   Telephone: (602) 274-6287
   Email:  skader@azdisabilitylaw.org
      adietrich@azdisabilitylaw.org

   Rose A. Daly-Rooney (Bar No. 015690)
   J.J. Rico (Bar No. 021292)
   Jessica Jansepar Ross (Bar No. 030553)
   Maya Abela (Bar No. 027232)
   **ARIZONA CENTER FOR DISABILITY LAW**
   177 North Church Avenue, Suite 800
   Tucson, Arizona 85701
   Telephone: (520) 327-9547
   Email:
      rdalyrooney@azdisabilitylaw.org
      jrico@azdisabilitylaw.org
      jross@azdisabilitylaw.org
      mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

                                                                s/ D. Freouf

LEGAL138324833.1                          -8-