**EXHIBIT A**

**EXHIBIT A**

AO 88B (Rev.12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the District of Arizona

| | |
|---|---|
| Victor Parsons, et al., <br> *Plaintiff* <br> v. <br> Arizona Department of Corrections, et al., <br> *Defendant* | Civil Action No. 2:12-cv-00601-DKD |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To:  Dr. Janice Watson

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A

| Place: Struck Love Bojanowski & Acedo, PLC <br> 3100 W. Ray Road, Ste. 300, Chandler, AZ 85226 | Date and Time: February 9, 2018 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c) relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 26, 2018

            *CLERK OF COURT*
                                                                  OR
    _____                      _____
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants** _____, who issues or requests this subpoena are: Timothy J. Bojanowski, Struck Love Bojanowski & Acedo, PLC, 100 W. Ray Road, Ste. 300, Chandler, AZ 85226 (480) 420-1600

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.2:12-cv-00601-DKD

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for (*name of individual and title, if any*) _____

on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (iii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires a disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion quash or modify the subpoena if it requires:
    (i) disclosure a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**
The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A – ITEMS TO PRODUCE

## DEFINITIONS

1. For each and every Person and Entity defined herein, the name, term, or phrase referring to each such Entity or Person includes all past, present, and future acquirers, administrators, affiliates, agents, assigns, associates, attorneys, beneficiaries, business entities, directors, employees, employers, executors, guarantors, heirs, indemnitors, independent contractors, insurers, investors, legal representatives, managers, members, officers, owners, parent corporations or companies, partners, personal representatives, predecessors, representatives, series, servants, shareholders, spouses, subsidiary corporations or companies, successors, sureties, trustees, wholly owned subsidiaries, and others acting on behalf of the Person or Entity (hereinafter, collectively, "Affiliates"). Requests calling for Documents Exchanged with an Entity or Person defined herein include, but are not limited to, all responsive Documents Exchanged with the Entity or Person's Affiliates.

2. The singular number and the masculine gender also refer to the plural, feminine, or neuter as may be appropriate.

3. "Action" or "Matter," or its plural or any synonym thereof, means the lawsuit in which this subpoena or written discovery is being served.

4. "All" means "any and all" and "Any" means "any and all."

5. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6. "Communication" is used in the broad and liberal sense and means the imparting or exchanging of information by any mode or means. It includes, but is not limited to, any and all written statements, oral statements, telephone conversations, text messages, letters, telegrams, teletypes, telecopies, facsimiles, interoffice memoranda, intraoffice memoranda, and emails (including the bodies of any emails and their subject

lines). For each request asking to Identify a Communication, an oral Communication, or a written Communication that qualifies as a "Document," each Party responding to the request should adhere to the definitions of "Identify," "Identity," and "Identification" with respect to the terms "Communication," "oral Communication," and "Document."

7. "Concerning" "Concerns" or "Concern" mean to communicate, consist of, constitute, contain, correspond to, deal with, demonstrate, Describe, discuss, document, embody, establish, evidence, have a causal connection to, Identify, make more likely than not, memorialize, pertain to, prove, refer to, Reflect, Relate to, rely on, show, state, support, touch upon, or have any logical, factual, or legal connection with the matter at issue. As defined herein, "Concern," "Reflect," and "Relate to" are synonymous and interchangeable.

8. "Corizon" means Corizon Health, Inc., including all administrators, affiliates, agents, assigns, directors, employees, independent contractors, managers, officers, parent corporations or companies, predecessors, representatives, subsidiary corporations or companies, wholly owned subsidiaries, and others acting on its behalf.

9. "Defendants" refers to the defendants named in the action titled *Victor Parsons, et al. v. Charles Ryan, et al.*, No. CV-12-00600-PHX-DKD, filed in the United States District Court for the District of Arizona.

10. "Document," "Documentation," or "Writing" is used broadly and liberally and is intended to be consistent with the term "documents" in Rule 34(a)(1)(A). It includes all recorded or written Communications, including but not limited to emails (including the bodies of any emails and their subject lines), written statements, text messages, letters, telegrams, teletypes, telecopies, facsimiles, interoffice memoranda, and intraoffice memoranda. It also includes all information, representations, or writings, including originals and duplicates, whether in draft or final form, and copies and non-identical copies. It includes, but is not limited to, any and all papers, notes, books, advertisements, letters, memoranda (including interoffice and intraoffice memoranda),

notes of conversations, contracts, agreements, drawings, telegrams, emails, facsimiles, electronic mail, tape recordings, Communications, reports, studies, working papers, corporate records, minutes of meetings, notebooks, bank deposit slips, bank checks, cancelled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations or negotiations, meetings or conferences or things similar to any of the foregoing.  It also includes any data, information or statistics contained within any data storage modules, tapes, discs, diskettes, or other memory device, or other information retrievable from any storage systems, including, but not limited to, computer-generated reports and printouts.  The word "Document" also includes data compilations from which information can be obtained and translated, if necessary, by the respondent through detection devices in a reasonably usable form.  If any Document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or unidentical copy is a separate "Document."  For each request asking to Identify a Document, each Party responding to the request should adhere to the definitions of "Identify," "Identity," and "Identification" with respect to the term "Document."

      11. "Exchanged" means to give to, make available to, provide to, receive from, send to, or share with a Person or Entity.  It includes, but is not limited to, (1) sending a Communication, (2) sending a Document, (3) receiving a Communication, (4) receiving a Document, (5) sharing a Communication, and (6) sharing a Document.

      12. "Eyman Complex" refers to the prison complex operated by the Arizona Department of Corrections and located at 4374 East Butte Avenue, Florence, AZ 85132.

      13. "Fact," or its plural or any synonym thereof, means all circumstances, events and Evidence pertaining to or touching upon the item in question.

      14. "Identify," "Identity," and "Identification," when used in reference to a Document, mean to (1) Identify the specific and precise bates number(s) for the

Document; or alternatively to (2) (a) Identify the date of the Document; (b) Identify the author(s) of the Document (see the definition of "Identify" in relation to a Person or Entity); (c) Identify the recipient(s) of the Document (see the definition of "Identify" in relation to a Person or Entity); (d) provide a general description of the title, nature, contents, and purpose of the Document; and (e) Identify the Persons and Entities who currently possess copies of the Document (see the definition of "Identify" in relation to a Person or Entity).

15. "Identify," "Identity," and "Identification," when used in reference to an oral Communication, mean to (1) Identify the date of the Communication; (2) Identify the medium through which the Communication was made (i.e., telephone, in-person, etc.); (3) Identify and provide the full mailing address for the location at which the Communication occurred; (4) Identify all Persons and Entities who participated in or were privy to the Communication (see the definition of "Identify" in relation to a Person); and (5) provide a general description of the Communication, including who said what to whom, the order in which it was said, and the decisions reached in the course of or as a result of the Communication.

16. "Identify," "Identity," and "Identification," when used in reference to a written Communication, mean to (1) Identify the specific and precise bates number(s) for the Written Communication; or alternatively to (2) (a) Identify the date of the written Communication; (b) Identity of the author(s) of the written Communication (see the definition of "Identify" with respect to a Person or Entity); (c) Identify the recipient(s) of the written Communication (see the definition of "Identify" with respect to a Person or Entity); (d) Identify how the written Communication was transmitted to the recipient(s) (i.e., email, facsimile, etc.); and (e) Identify each Person and Entity who presently possesses a copy of the written Communication (see the definition of "Identify" with respect to a Person or Entity).

17. "Identify" means to Identify and Describe.

18. "Including" or "Includes" means "including, but not limited to," and "including without limitation." This term is meant to be inclusive, not exclusive.

19. "Internal Communications" means (1) the Communications You Exchanged with one or more Persons associated or affiliated with Yourself, and (2) the Communications Exchanged between two or more Persons associated or affiliated with Yourself. It includes, but is not limited to, Your Communications with Your bosses, supervisors, partners, shareholders, associates, affiliates, successors, agents, officers, directors, members, attorneys, employees, co-employees, representatives, Persons acting together with You, and Persons associated or affiliated with the same Entity as Yourself. It also includes, but is not limited to, Communications Exchanged between Your bosses, supervisors, partners, shareholders, associates, affiliates, successors, agents, officers, directors, members, attorneys, employees, co-employees, representatives, Persons acting together with You, and Persons associated or affiliated with the same Entity as Yourself.

20. "KJZZ" means the National Public Radio member station in Phoenix, Arizona, which operates 91.5 FM and published the article "On The Inside: The Chaos of Arizona Prison Health Care" (http://kjzz.org/content/572976/inside-chaos-arizona-prison-health-care).

21. "Party" means a Person or Entity that has been named as a plaintiff, defendant, or third-party defendant in this Action.

22. "Person," or its plural or any synonym thereof, means a human being. For each request asking to Identify a "Person," each Party responding to the request should adhere to the definitions of "Identify," "Identity," and "Identification" with respect to the term "Person."

23. "Plaintiffs" refer to the plaintiffs in the action titled *Victor Parsons, et al. v. Charles Ryan, et al.*, No. CV-12-00600-PHX-DKD, filed in the United States District Court for the District of Arizona.

24. "Reflect" means to communicate, Concern, consist of, constitute, contain,

correspond to, deal with, demonstrate, Describe, discuss, document, embody, establish, evidence, have a causal connection to, Identify, make more likely than not, memorialize, pertain to, prove, refer to, Relate to, rely on, show, state, support, touch upon, or have any logical, factual, or legal connection with the matter at issue.  As defined herein, "Concern," "Reflect," and "Relate to" are synonymous and interchangeable.

25. "Related to" and "Relate to" mean to communicate, Concern, consist of, constitute, contain, correspond to, deal with, demonstrate, Describe, discuss, document, embody, establish, evidence, have a causal connection to, Identify, make more likely than not, memorialize, pertain to, prove, refer to, Reflect, rely on, show, state, support, touch upon, or have any logical, factual, or legal connection with the matter at issue.  As defined herein, "Concern," "Reflect," and "Relate to" are synonymous and interchangeable.

26. "You" or "Your," and their plural, or any synonym thereof, means the Person(s) or Entity(ies) to whom this subpoena or written discovery is addressed.  If this subpoena or written discovery is addressed to more than one Person or Entity, then it collectively refers to all such Persons and Entities, and in such event, each recipient of the subpoena or written discovery is expected to respond with all facts, knowledge, information, Documents, Communications, Evidence, and materials within its control or reasonably available to it. It also includes all Affiliates and others acting on behalf of each recipient of this subpoena or written discovery who are in possession of or who may obtain responsive information, Documents, Communications, and materials.

## DOCUMENTS TO BE PRODUCED

1. Identify and produce all Documents and Communications exchanged between You and Corizon relating to the end of your working relationship with Corizon, including, but not limited to, your written resignation from Corizon.

2. Identify and produce all Documents and Communications which You exchanged during your work at Corizon that relate to Corizon, the Eyman Complex, Defendants and/or any inmate housed at the Eyman Complex, including, but not limited

to, Documents and Communications obtained from any Corizon-affiliated email account or any other email accounts you currently or have previously utilized.

3. Identify and produce all Documents and Communications, obtained or exchanged after you ceased working at the Eyman Complex, relating to Corizon, the Eyman Complex, Defendants and/or any inmate housed at the Eyman Complex, including, but not limited to, Documents and Communications obtained from any Corizon-affiliated email account or any other email accounts you currently or have previously utilized.

4. Identify and produce all Documents and Communications between You and Jimmy Jenkins or any other Person associated with or employed by KJZZ.

5. Identify and produce all Documents and Communications between You and Plaintiffs, or anyone acting on their behalf, including Plaintiffs' counsel.

6. Identify and produce all Documents and Communications between You and any inmate housed at the Eyman Complex.

7. Identify and produce all Documents and Communications relating to any professional actions taken against You, including, but not limited to, medical board complaints, actions relating to licensure and board certifications, actions taken by any employer concerning tasks performed during Your employment, and any actions relating to any privileges granted or not granted to You by a medical facility.

8. Identify and produce all Documents and Communications relating to any claims You have raised against any employers or entities and/or individuals for which You worked as an independent contractor.

9. Identify and produce all Documents and Communications relating to any claims brought against You by any third party concerning patient care, including, but not limited to, claims for professional malpractice and/or negligence.

10. Identify and produce all Documents or electronically stored information you have created and/or stored using any third party online service provider, including,

but not limited to, Google+, MySpace, Facebook, Twitter, Flickr Social, skyword.com, Tumblr, Windows Live Spaces, MSN spaces, LinkedIn, Monster.com, CareerBuilder.com, blogs, wikis or other similar accounts from January 1, 2017 to the present.

11. Identify and produce for each social media account you have created or stored information, all account data for the period from January 1, 2017 to the present.