1   FENNEMORE CRAIG, P.C.
    Todd Kartchner (No. 021857)
2   Phillip F. Fargotstein (No. 006679)
    Courtney R. Beller (No. 029412)
3   2394 East Camelback Road
    Suite 600
4   Phoenix, AZ 85016-3429
    Telephone: (602) 916-5000
5   Email: tkartchner@fclaw.com
    Email: pfargots@fclaw.com
6   Email: cbeller@fclaw.com

7   Attorneys for Corizon Health, Inc.

8              **UNITED STATES DISTRICT COURT**

9                 **DISTRICT OF ARIZONA**

| | |
|---|---|
| 10  Victor Parsons, et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | Case No. 2:12-cv-00601-DKD |
| 11 | **REPLY IN SUPPORT OF RENEWED MOTION FOR LEAVE FOR CORIZON HEALTH, INC. TO PARTICIPATE AS *AMICUS CURIAE* DURING THE FEBRUARY 27, 2018 EVIDENTIARY HEARING** |
| 12                 Plaintiffs, | |
| 13           v. | |
| 14  Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| 15 | |
| 16 | |
| 17              Defendants. | |

18          Corizon Health, Inc. ("Corizon") hereby submits its reply in support of its request

19   to participate as *amicus curiae* in the evidentiary hearing rescheduled for February 27,

20   2018 (the "Hearing").

21          **MEMORANDUM OF POINTS AND AUTHORITIES**

22   **I.    INTRODUCTION**

23          In making its renewed motion for leave to participate as *amicus curiae*, Corizon

24   has not simply "copied and pasted" its prior motion as Plaintiffs contend.  Rather, Corizon

25   has narrowed its request to a single proceeding that is focused on Corizon and its alleged

26   conduct.  Plaintiffs seem to want it both ways – to compel Corizon to participate in the

1  ongoing proceedings before this Court but to give it no means by which to defend itself

2  against untrue and inflammatory allegations made by a former independent contractor.

3     The problems with Plaintiffs' position are further compounded by the fact their

4  Response misstates the applicable legal authority and attempts to improperly limit the

5  relevant standards, while at the same time overstating the effects of the Joint Defense

6  Agreement ("JDA") between Corizon and the Arizona Department of Corrections

7  ("ADC").  Any alignment between the parties under the JDA does not make them the

8  same for all purposes, especially where the interests of the parties are potentially

9  divergent.

10     Based on the scope of the subject matter to be addressed at the Hearing, Corizon

11  can and should be granted a limited *amicus* status to present and defend against evidence

12  concerning Corizon at the Hearing.

13  **II.    LEGAL ARGUMENT**

14  **A.    The Court Ordered Corizon's Participation in the Hearing.**

15     This Court ordered Corizon to participate in the Hearing.  *See* Doc. 2526, Minute

16  Entry (the "Order").  As Plaintiffs recognize, this Court anticipated that *amicus curiae*

17  status could be granted in the future.  *See* Doc. 2235 at 2 ("[if] the Court determines that

18  information from Corizon would be useful[,] it will solicit such information"); Response

19  1:11–13.  The time for granting *amicus* status, as Plaintiffs contemplated, is now.

20     The sole focus of the Hearing is Corizon's activities and the validity of the

21  performance numbers it reports to the Court.  Most witnesses will either be Corizon

22  employees or former employees.  Most relevant evidence to be produced and examined is

23  in Corizon's possession.   In contrast, ADC was not privy to all of Corizon's

24  communications and was not involved in the day-to-day patient care at issue.  Even were

25  ADC given months to prepare, Corizon is better positioned to address the allegations

26  before the Court and should be given the opportunity to  It is unfair to suggest that

1    Corizon cannot participate in a hearing that concerns nothing other than its actions.

2        **B.      Corizon Has Met the Legal Standards for *Amicus Curiae* Status.**

3            **i.      The Applicable Standard for Granting *Amicus Curiae* Status Is
                Broader than Plaintiffs Suggest.**

4

5        Plaintiffs misstate applicable standards and legal authority for *amicus curiae*

6    status.[1]  *Compare* Response 2:19–22 (stating that *amicus* status is granted **only** when four

7    requirements are met) *with* 3B C.J.S. Amicus Curiae § 4 ("Amicus status is **typically**

8    granted when" four factors are present) (emphasis added).   As Corizon noted in its

9    Motion, "there are no strict prerequisites that must be established prior to qualifying for

10   amicus status."  *In re Roxford Foods Litigation*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)

11   (citing *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).   Rather, the

12   decision to grant *amicus* status "rests solely within the discretion of the court."   *Id.*

13   Further, there is "no rule that amici must be totally disinterested," a holding this Court

14   already recognized.  *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694

15   F.2d 203, 204 (9th Cir. 1982); Doc. 2235 at 2:22–24; *contrast* Response 4:4–9.

16       Although unnecessary, Corizon still meets Plaintiffs' proffered criteria.[2]   Corizon

17   has a special interest in the Hearing in that its focus is on Corizon and its services.

18   Corizon is the only party with the relevant information and knowledge necessary to

19

20   [1]  Plaintiffs mistakenly claim that legal authority Corizon cites has been subsequently
     overturned.  *See* Response FN2.  The case cited in Corizon's Motion, *United States v.*
21   *State of Mich.*, 116 F.R.D. 655 (W.D. Mich. 1987), was not overturned by the Sixth
     Circuit.  The Sixth Circuit decision, 940 F.2d 143 (6th Cir. 1991), overturns an <u>April 4,</u>
22   <u>1990 order</u>, which granted the *amicus* "full litigating rights of a named party," under
     which the *amicus* had "virtually assumed effective control of the proceedings."  940 F.2d
23   at 163–64.  In contrast, the *amicus* status granted under the <u>August 28, 1987 order</u> (the
     case cited by Corizon) was much more limited and more akin to the relied sought in
24   Corizon's Motion.  *See* 116 F.R.D. at 658, 664.

25   [2]  The only exception is Plaintiffs' proposed fourth element, which the Court previously
     rejected.  *See* Doc. 2235 at 2:22–24 ("amicus status *can* be conferred on individuals or
26   entities that are not 'totally disinterested' from the subject litigation") (emphasis in
     original).

resolve the Court's concerns.  This qualifies as a special interest.  *See Waste Management of Penn., Inc. v. City of New York*, 162 F.R.D. 34, 37 (M.D. Penn. 1995) (finding a federal agency had a special interest where it had issued the administrative order at issue in the litigation); *State of New York v. General Electric Co.*, 592 F. Supp. 291, 294, FN 7 (N.D.N.Y. 1984) (the federal government had special interest where outcome of litigation affected its own actions).

In addition, Corizon is not adequately represented by ADC's counsel and is in a unique position to provide useful information to the Court.  ADC lacks the firsthand knowledge and information necessary to defend against Dr. Watson's allegations.  The claims to be resolved at the Hearing are made against Corizon, and ADC will not be presenting any of its own witnesses or evidence.  With the exception of Corizon's former employee, Dr. Watson, all witnesses come from Corizon, and any evidence is in the sole possession or control of Corizon and its employees.  For these same reasons, the information Corizon possesses will be extremely useful to the Court.  Thus, regardless of which of the remaining standards applies, Corizon has established the propriety of its requested participation in the Hearing.

### ii. The Joint Defense Agreement Does Not Preclude Corizon's Participation.

Contrary to Plaintiffs' misinterpretation, the JDA does not merge Corizon into ADC as one quasi-party.  Rather, the JDA expressly recognizes that Corizon and ADC have separate interests, despite their common goals, and further recognizes that those interests may result in situations where the parties' interests are divergent.  *See* Doc. 2563-1, Exhibits to Kendrick Decl., Exhibit 1.  Here, it is unclear what the substance of Dr. Watson's testimony will be or whether, as a result, Corizon and ADC will differ in their interests or positions.

The two cases Plaintiffs cite do not support their contentions.  Neither stands for

the proposition that the JDA renders ADC's counsel adequate to represent Corizon's interests; indeed, neither case involved a joint defense agreement. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063–64 (7th Cir. 1997); *In re Vitamin C Antitrust Litigation*, No. MD 06-1738 BMC JO, 2011 WL 197583, at *5 (E.D.N.Y. Jan. 20, 2011).  Further, the Court in *Ryan* rejected the *amicus* brief only because it offered the **exact same content** as in petitioner's brief.  *See id.* at 1064 ("The amicus brief does not tell us anything we don't know already.  It adds nothing[.]").  These cases are, therefore, inapplicable here.

Nothing about the JDA delegitimizes Corizon's interests in the upcoming Hearing or lessens the value it brings for purposes of informing the Court on pertinent issues.  Plaintiffs' argument on this point should be disregarded.

**C.    Limiting Participation in the Hearing to Either Corizon's Counsel or ADC's Counsel.**

Corizon has no objection to limiting examination and cross-examination to either Corizon's counsel or ADC's counsel.  Corizon has never requested that both parties be permitted to elicit testimony from the same witness and further agrees that limiting duplicative evidence and witness examination is in the interest of judicial economy.

**III.   CONCLUSION**

Based on the foregoing, Corizon respectfully requests that this Court grant it leave to participate as *amicus curiae* in the rescheduled February 27, 2018 evidentiary hearing.

DATED this 1st day of February, 2018.

FENNEMORE CRAIG, P.C.


By:   _s/ Todd Kartchner_
        Todd Kartchner (No. 021857)
        Phillip F. Fargotstein (No. 006679)
        Courtney R. Beller (No. 029412)

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

13615013

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

2394 East Camelback Road
Suite 600
Phoenix, AZ  85016-3429
Attorneys for Corizon Health, Inc.

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

13615013

1

## **CERTIFICATE OF SERVICE**

2
3

I hereby certify that on February 1, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4

Alison Hardy:                                      ahardy@prisonlaw.com

5

Amelia M. Gerlicher:                     agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com

6
7

Amy B. Fettig:                                   afettig@npp-aclu.org

Asim Varma:                                      avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

8
9

Caroline N. Mitchell:                    cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

10
11

Corene T. Kendrick:                     ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:                    DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

12
13

David Cyrus Fathi:                        dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org

14
15

Donald Specter:                             dspecter@prisonlaw.com

Jessica Pari Jansepar Ross:  jross@azdisabilitylaw.org

16
17

John Howard Gray:                      jhgray@perkinscoie.com;   slawson@perkinscoie.com

John Laurens Wilkes:                  jlwilkes@jonesday.com; dkkerr@jonesday.com

18
19

Jose de Jesus Rico:                       jrico@azdisabilitylaw.org

Kathleen E. Brody                        kbrody@acluaz.org

20
21

Kirstin T. Eidenbach:                   kirstin@eidenbachlaw.com

Maya Abela:                                    mabela@azdisabilitylaw.org

22
23

Rose Daly-Rooney:                      rdalyrooney@azdisabilitylaw.org

Sara Norman:                                 snorman@prisonlaw.com

24
25

Sarah Eve Kader:                          skader@azdisabilitylaw.org;   mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

26

Rita K. Lomio:                               rlomio@prisonlaw.com

13615013

| | | |
|---|---|---|
| 1 | Victoria Lopez: | vlopez@aclu.org |
| 2 | Daniel P. Struck | dstruck@strucklove.com |
| 3 | Richard M. Valenti | rvalenti@strucklove.com |
| 4 | Rachel Love | rlove@strucklove.com |
| 5 | Timothy Bojanowski | tbojanowski@strucklove.com |
| 6 | Nicholas D. Acedo | nacedo@strucklove.com |
| 7 | Ashlee B. Hesman | ahesman@strucklove.com |
| 8 | Timothy M. Ray | tray@strucklove.com |
| 9 | Jamie D. Guzman | jguzman@strucklove.com |
| 10 | Jacob B. Lee | jlee@strucklove.com |
| 11 | Kevin R. Hanger | khanger@strucklove.com |
| 12 | Michael E. Gottfried | Michael.Gottfried@azag.gov |
| 13 | Lucy M. Rand | Lucy.Rand@azag.gov |
| 14 | | |
| 15 | | *s/ Jennifer Fortner* |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

13615013