Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' PARTIAL JOINDER IN CORIZON'S REPLY IN SUPPORT OF RENEWED MOTION FOR LEAVE FOR CORIZON HEALTH, INC. TO PARTICIPATE AS *AMICUS CURIAE* DURING FEBRUARY 27, 2018 EVIDENTIARY HEARING (DOC. 2573)** |

## I. INTRODUCTION

Pursuant to Rule 12(g)(1), Fed.R.Civ.P., Defendants partially join in Corizon's Reply in support of its Motion to participate as *amicus curiae* at the February 27, 2018 evidentiary hearing (Doc. 2573) at Sections I, II.A., and II.B.ii.  Defendants, however, do not join in Section II.C because Defendants' counsel and Corizon's counsel should have the opportunity to separately question witnesses for the following reasons.

## II. LEGAL ARGUMENT

In their Response, Plaintiffs argue that if the Court allows Corizon's counsel to examine witnesses at the hearing, the Court should not allow both Defendants' counsel and Corizon's counsel to perform the examination of a witness. To support their claim, they cite to a single case; *All. Of Auto Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305 (D. Me. 2003). While the Court in *Gwadowsky* held that counsel for the State and the third party *amicus* could not both examine or cross-examine the same witness, the Court acknowledged that "[i]t remains within the discretion of the court to determine 'the fact, extent, and the manner of participation by the *amicus*.'" *All. of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 307 (D. Me. 2003) (citing *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974)); *see also*, *Russell v. Bd. of Plumbing Examiners of Cty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999), *aff'd,* 1 F. App'x 38 (2d Cir. 2001) ("The Court has the discretion to determine the extent and manner of the participation of an *amicus*.")

"[T]he concept of amicus curiae is flexible and . . . as long as the amicu*s* does not intrude on the rights of the parties, it can have a range of roles: from a passive one of providing information to a more active participatory one." *Wyatt By & Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1359 (M.D. Ala. 1994). This is why courts have allowed *amicus* to not only examine witnesses, but to call its own witnesses. *See, e.g., Wyatt By & Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1356-60 (M.D. Ala. 1994) (reinstating the federal government to its previous status in the case as a "litigating" *amicus curiae*, which included the ability to "participat[e] in evidentiary hearings, including calling witnesses and cross-examining witnesses"). Nothing prevents this Court from allowing Corizon's

counsel and Defendants' counsel the opportunity to conduct separate examinations of the same witness. *See Russell* 74 F. Supp. 2d at 350 ("A court can allow *amici* to call their own witnesses and cross examine the witnesses of other parties").

Indeed, fundamental fairness necessitates Defendants' counsel and Corizon's counsel having their own opportunity to examine a witness. Depending on what occurs at the Hearing, Defendants' interests and Corizon's interests are likely to diverge. As Corizon's Reply correctly points out, its Joint Defense Agreement expressly acknowledges the fact that Corizon and ADC have "separate interests, despite their common goals, and further recognizes that those interests may result in situations where the parties' interests are divergent." (Doc. 2573 at 4.)

Furthermore, Plaintiffs' objections to cumulative questioning of witnesses is unfounded. Defendants' counsel has no need or desire to ask any witness the same questions. Defendants request only that if Corizon's counsel examines a witness, Defendants' counsel then be allowed to question the witness on issues not addressed by Corizon's counsel, and vice versa. This limitation would properly balance Plaintiffs' alleged concerns of judicial efficiency and cumulative questioning of witnesses with Defendants' due process right to question witnesses as necessary and proper.

**III. CONCLUSION**

For the above reasons, Defendants join in part in Corizon's reply in support of its renewed motion to appear as *amicus curiae* at the February 27, 2018 evidentiary hearing and respectfully request the opportunity for Defendants' counsel to separately examine witnesses as necessary.

///
///
///
///
///
///

2

DATED this 1st day of February 2018.

        STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Hesman
   Jacob B. Lee
   Kevin R. Hanger
   Timothy M. Ray
   Richard M. Valenti
   Jamie D. Guzman
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Mark Brnovich
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   15 South 15th Avenue
   Phoenix, Arizona 85007

   *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck