Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br><br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO ORDER [DKT. 2503] REGARDING ATTORNEYS' FEES** |

## I. BACKGROUND AND INTRODUCTION

On September 5, 2017, Plaintiffs filed a Motion for Attorneys' Fees and Costs. (Dkt. 2276). In their Motion, Plaintiffs requested $593,109.80 in attorneys' fees, times a 2.0 multiplier, for a total demand of $1,186,219.60. (*Id*. at 3). Plaintiffs also sought costs in the amount of $161,461.27. Defendants opposed Plaintiffs' Motion, Plaintiffs replied, and the Motion was fully briefed on November 6, 2017. (Dkts. 2402, 2433). On December 19, 2017, the Court ordered Plaintiffs to refile "their supporting documents" to exclude the following time entries: (1) time billed by law clerks; (2) time spent talking to reporters; (3) time spent working on the withdrawn Jensen matter; and (4) and time spent on appellate matters. (Dkt. 2503 at 1). The Court also ruled it would not award costs for copies, and that it would cap certain travel costs.[1] On January 18, 2018, Plaintiffs filed revised invoices to comply with the Court's Order. (Dkt. 2543).[2] With their demand for a multiplier, Plaintiffs' revised request (fees and costs) totals $1,266,463.64. (Dkt. 2543 at 2).[3]

The Stipulation, however, only contains two avenues for Plaintiffs to seek fees. The first is contained in Paragraph 44, which caps annual fees associated with monitoring the Stipulation at $250,000.[4] (Dkt. 1185 at ¶44). The second is in Paragraph 43, which only permits Plaintiffs to seek fees in addition to the $250,000 if certain requirements are met. (Id. at ¶45). Plaintiffs' revised fee and cost request suffers from the same glaring

---

[1] This included roundtrip airfare from Oakland to Phoenix at $350.00; from Dulles to Phoenix at $550.00; and $200.00/night for hotel accommodations. (Dkt. 2503 at 2).

[2] Prior to complying with the Court's Order, Plaintiffs moved the Court to reconsider its Order with respect to: (1) time billed by law clerks; and (2) reimbursement of copying costs. (Dkt. 2518). The Court ordered Defendants to respond, and Defendants will do so by the Court's deadline. (Dkt. 2551 at 1). As such, Defendants do not discuss the issues or entries associated with time billed by law clerks or copying costs here other than to re-raise their objection to those fees and costs.

[3] If Plaintiffs' Motion for Reconsideration is granted, and Plaintiffs are awarded fees for time billed by law clerks and copying costs, Plaintiffs demand increases to $1,155,778.60 (2x $558,281.80) and $151,344.79 in costs for a total of $1,307,123.39. (Dkt. 2543 at 2 – 3).

[4] As of October 26, 2017, Defendants had paid Plaintiffs' counsel $645,617.58 for their monitoring efforts. (Dkt. 2402 n. 1).

1

deficiency as their original demand. Plaintiffs have failed to meet their burden under Paragraph 43: (1) that they *moved to enforce* an aspect of the Stipulation; and (2) they prevailed *with respect to the dispute*. (Dkt. 1185 at ¶43) (emphasis added). Because the Stipulation clearly requires satisfaction of both criteria before Plaintiffs can request fees in addition to and in excess of the $250,000 cap (which is what they attempt to do here), Plaintiffs' Request must be denied in its entirety.

## II. PLAINTIFFS ARE NOT ENTITLED TO ANY ADDITIONAL FEES AS THEY HAVE NOT ESTABLISHED THEY ARE ENTITLED TO FEES UNDER PARAGRAPH 43 OF THE STIPULATION

The Stipulation provides:

> 43. In the event that Plaintiffs move to enforce any aspect of this Stipulation and the Plaintiffs are the prevailing party with respect to the dispute, the Defendants agree that they will pay reasonable attorneys' fees and costs, including expert costs, to be determined by the Court. The parties agree that the hourly rate of attorneys' fees is governed by 42 U.S.C. § 1997e(d).

> 44. Plaintiffs' counsel shall be compensated for work reasonably performed or costs incurred to monitor or enforce the relief set forth in this Stipulation up to $250,000 per calendar year. In exchange for Plaintiffs' agreement to a cap on the amount of fees, Defendants shall not dispute the amount sought unless there is an obvious reason to believe that the work was unreasonable or the bill is incorrect. … This limitation on fees and costs shall not apply to any work performed in mediating disputes before the Magistrate pursuant to paragraphs 22, 29, and 31 above, or to any work performed before the District Court to enforce or defend this Stipulation.

Thus, to recover fees beyond Paragraph 44's annual cap, Plaintiffs must establish two things: (1) that they *moved to enforce* an aspect of the Stipulation; and (2) they prevailed *with respect to the dispute*. (Dkt. 1185 at ¶43) (emphasis added). Disregarding these specific requirements, Plaintiffs' Motion requests fees in excess of $1.2 million because, in their view, *all* time they and their experts have billed is recoverable and they have "generally prevailed" in the post-settlement phase of this litigation. For example, Plaintiffs claim they are the "prevailing party in this matter"[5], but the Stipulation requires

---

[5] *See* Dkt. 2433 at 3.

that they be the prevailing party on a precise dispute raised in a *motion to enforce*. (Dkt. 1185 at ¶43) (emphasis added). If Plaintiffs were permitted to recover all time spent on this case (as they demand), why would the parties have agreed to a $250,000 cap? Plaintiffs' argument is contrary to the plain language of the Stipulation.

Plaintiffs still refuse to provide Defendants with sufficiently detailed time entries, depriving them the opportunity to determine whether the time was spent moving to enforce the Stipulation and whether Plaintiffs prevailed.[6] Instead, Plaintiffs adopt their own standard: if we billed it, we get it. *See* Exhibit 1 (excerpts of Plaintiffs' billing entries that are vague, unclear, or clearly related to monitoring and therefore subject to the $250,000 cap).[7] The Court should reject their standard. In addition, Plaintiffs' careless billing entries make it impossible to decipher whether they are reasonable. Plaintiffs' billing entry deficiencies, and the reasons they should not be reimbursed, are further detailed in Defendants' original Response, incorporated here. (Dkt. 2402 at 8 – 10). And, despite Plaintiffs receiving a third shot at submitting compliant billing entries, they again miss the mark with their most recent submission.[8]

### III. ANY ADDITIONAL FEE AWARD TO PLAINTIFFS IS CALCULATED BY THE PLRA NOT THE LODESTAR METHOD

Even if Plaintiffs' billing entries complied with the Stipulation's requirements, and even assuming the entries were reasonable, the fee award is calculated under the PLRA, not the lodestar method. Defendants have previously briefed the issue and incorporate those arguments here. For brevity, they will not repeat them. (Dkt. 2402 at 14 – 25). Importantly, however, Plaintiffs are not entitled to an enhancement because the parties elected to define "reasonable" themselves, by not only agreeing to a cap on the rate, but to

---

[6] Defendants incorporate here the detailed briefing they previously submitted on this issue. (Dkt. 2402 at 1 – 8).

[7] This list is only illustrative, and certainly not exhaustive, as Plaintiffs' billing entries are riddled with similar (and often duplicative) deficiencies.

[8] Plaintiffs' revised billing entries are their third attempt at submitting compliant entries. (Dkt. 2402 at 2 n.2). Indeed, Defendants have advised Plaintiffs' counsel that submission of revised entries which comply with the Stipulation would have likely resulted in an agreement by the parties without Court intervention. (*Id.* at n.10).

3

a cap on fees.  (Dkt. 1185 at ¶¶43, 44).  This agreement forecloses on the necessity – or ability – to turn to the lodestar method, let alone consideration of a multiplier, which is a function of the lodestar framework.  (Id. at 16).

### A. Plaintiffs' Fees are Subject to the CJA Rates Discussed in Defendants' Response (Dkt. 2402 at 10 – 11).

Plaintiffs cite to the Judiciary FY 2017 Congressional Budget Summary to suggest that the "rate of the judicial conference is $146 an hour." (*See* Dkt. 2433 at 7 - 9; Dkt. 2044-1 at 45.)  But the Congressional Budget Summary is merely a "budget request" prepared by the Administrative Office of the U.S. Courts. (*See* Dkt. 2044-1 at 2-3.)  Plaintiffs provide no proof that this budget, or rate increase request, was actually approved by the Judicial Conference.  *See Gilman v. Brown*, CIV. S-05-830 LKK/CK, 2014 WL 3735401, at *3 (E.D. Cal. July 28, 2014) (rejecting Plaintiffs' reliance on rate requested in congressional budget because there was no evidence that it "override[s] the official, published determination of the Judicial Conference [.]").

The correct rate can be found in the Judicial Conference's Judiciary Policy § 230.16.  *See Gilman*, 2014 WL 3735401, at **6-7.  According to that Section, the Judicial Conference has approved a maximum hourly rate of $127 for services performed between 1/1/2015 through 12/31/2015, $129 for services performed between 1/1/2016 and 5/4/2017, and a maximum hourly rate of $132 for services performed from 5/5/2017 to the present.  http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230-compensation-and_expenses#a230_16 (last visited Feb. 1, 2018).  Defendants also note that the "$146 an hour" rate Plaintiffs request is the "maximum rate" the Judicial Conference can approve under 18 U.S.C. § 3006A(d)(1), not the rate requested by the Administrative Office of the U.S. Courts (much less approved by the Judicial Conference).  The Administrative Office of U.S. Courts sought only an increase of the hourly rate to $137:

> The *requested* funding supports a $6 hourly rate increase above inflation from $131 *to $137 per hour* for non-capital cases in FY 2017 (*the maximum rate authorized in statute is $146 per hour*).  The judiciary assumes that there will be a $2

4

cost-of living adjustment in FY 2017, raising the CJA base rate from $129 per hour to $131 per hour for FY 2017.

(Dkt. 2044-1 at 45, emphasis added.) *See* 18 U.S.C. § 3006A(d)(1) ("Not less than 3 years after the effective date of the Criminal Justice Act Revision of 1986, the Judicial Conference is authorized to raise the maximum hourly rates specified in this paragraph up to the aggregate of the overall average percentages of the adjustments in the rates of pay under the General Schedule made pursuant to section 5305 of title 5 on or after such effective date."). Thus, the appropriate hourly rate is $127, $129 or $132, depending on the time of services.

## IV. PLAINTIFFS' REVISED BILLS FAIL TO COMPLY WITH THE COURT'S ORDER

Despite claiming they removed the four categories the Court prohibited (the Jensen matter, appeals, speaking to the media, and time billed by law clerks), Plaintiffs' billing entries are replete with these tasks:[9]

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 02/29/16 | D. Specter | phone calls w/ press re: mediation[10] | 0.40 |
| 12/27/16 | D. Fathi | Review July, August hearing dates to ensure all transcripts have been ordered for appeal. | 0.20 |
| 12/27/16 | D. Fathi | Review 9th Cir, district court filings from 12/23; email co-counsel regarding same | 0.50 |
| 05/02/17 | D. Specter | phone call with DF and AF, and RL re strategy on close custody appeal and outside provider appeal | 0.30 |
| 05/31/17 | D. Fathi | Review draft reply brief in staffing appeal | 0.30 |
| 06/01/17 | D. Fathi | Review new draft of staffing [appeal] reply brief. | 0.30 |
| 06/01/17 | D. Fathi | Review, edit draft reply on staffing appeal; email co-counsel regarding same. | 0.90 |

---

[9] Defendants re-typed the following billing entries verbatim. Unfortunately, Plaintiffs are inconsistent in their entries and the way in which they are styled, and often refer to the same item/term/task in various different ways.

[10] Defendants are alarmed that Plaintiffs' counsel is speaking to the media regarding confidential communications at mediations. Such conversations raise serious ethical concerns, and Defendants demand Plaintiffs produce any and all documents evidencing such communications. Defendants may seek additional court intervention regarding this issue.

Plaintiffs also still seek reimbursement for time spent on maximum custody issues, despite their avowals that they removed such entries. (Dkt. 2265 at n. 1):

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 07/07/16 | D. Fathi | Review, edit notice of substantial non-compliance regarding maximum custody measures | 0.90 |
| 11/23/16 | D. Specter | review defs mtn for clarification of enforcement order and Notice re max custody definition | 0.50 |
| 02/21/17 | K. Eidenbach | Review and finalize maximum custody motion to enforce 1.3; prepare for and attend legal call .7 | 2.00 |
| 04/06/17 | C. Kendrick | reviewed max custody reply brief Doc. 2006 and assorted case filings | 0.40 |
| 05/25/17 | K. Eidenbach | Prepare for and attend maximum custody telephonic meet and confer 1.9; review draft brief 1.8 | 3.70 |
| 06/09/17 | J. Onka | Compiled notice of Non-Compliance regarding maximum custody performance measure #9 and other use-of-force documents in preparation of mediation | 0.60 |

Further, because Plaintiffs are not entitled to fees, Plaintiffs' demand for fees associated with preparing their fee motion are not recoverable. *See* Exhibit 2 (Chart of time spent preparing Plaintiffs' Fees Motion). The Stipulation does not allow for that, and preparing a fees motion cannot be characterized as moving to enforce the Stipulation. Nor can Plaintiffs recover time for administrative tasks, like the following:

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 08/11/16 | D. Fathi | Multiple emails with Delana regarding filing logistics | 0.20 |
| 08/25/16 | D. Fathi | Email to Perkins regarding paralegal assistance for response to defendants' status report | 0.10 |
| 09/19/16 | D. Fathi | Email with Perkins regarding logistics of 9/20 filing | 0.10 |
| 10/28/16 | D. Fathi | Telephone call with Brody regarding staffing case | 0.40 |
| 05/01/17 | D. Fathi | Email Delana regarding help with upcoming filings | 0.10 |

Finally, while Plaintiffs claim to have revised their expenses to comply with the Court's Order, the revised itemized reports attached to their Response still contain expenses previously prohibited by the Court.[11] *See* Exhibit 3 (Summary of Prohibited

---

[11] And, as detailed in Defendants' Response, Plaintiffs are not entitled to *any* of the experts costs they seek, because they steadfastly refuse to provide sufficient detail as to what the expert was doing, let alone provide sufficient detail to meet Paragraph 43's requirements.

6

Expense Items Claimed by Plaintiffs).

Accordingly, the Court should reduce the number of hours[12] request in Plaintiffs' Motion by:

| Press | 0.40 |
|---|---|
| Appeal | 2.50 |
| Maximum Custody | 8.10 |
| Fees App | 42.10 |
| Total | 53.10 |

## V. **CONCLUSION**

For these reasons, and those detailed in Defendants' Response to Plaintiffs' original Motion for Attorneys' Fees (Dkt. 2402), Plaintiffs' fees request should be denied in its entirety. Alternatively, the Court should only award Plaintiffs fees for billing entries that establish Plaintiffs were the prevailing parties with respect to a dispute raised in a motion to enforce.[13]

---

[12] Because the parties disagree on the hourly rate, Defendants refer to these totals in hours rather than monetary sums.

[13] The billing entries (and hundreds of other similar entries) highlighted in Exhibit 1 fall well below that standard. As such, Plaintiffs cannot recover for these entries.

7

RESPECTFULLY SUBMITTED this 1st day of February 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Hesman
   Jacob B. Lee
   Kevin R. Hanger
   Timothy M. Ray
   Richard M. Valenti
   Jamie D. Guzman
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

   Arizona Attorney General Mark Brnovich
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   15 South 15th Avenue
   Phoenix, Arizona 85007

   *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

1  I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck