Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE STIPULATION (DOC. 2520)** |

1  Defendants decline to provide a "substantive response" to Plaintiffs' Motion to Enforce the Stipulation. [Doc. 2546 at 2] Accordingly, they have waived any substantive opposition. *See Currie v. Maricopa County Cmty. College Dist.*, No. CV-07-2093, 2008 WL 2512841, at *2 n. 1 (D. Ariz. June 20, 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion[.]") (*citing* L.R. Civ. 7.2(i)); *EEOC v. Eagle Produce, L.L.C.,* No. CV-06-1921, 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008) ("Parties must come forward with their points and authorities in support of or in opposition to a motion.") (*citing* L.R. Civ. 7.2(b), (c)).  Instead, Defendants contend only that (1) Plaintiffs' motion is premature, and (2) the parties planned to (and did) jointly request clarification from the Court regarding the standard for determining when Defendants fail to substantially comply with a performance measure.  Neither argument has merit.

First, Plaintiffs' motion is not premature.  There simply is no reason why Plaintiffs must delay enforcing the Stipulation after Defendants refused to engage in good faith with the mediation process.  Plaintiffs filed the motion to enforce on January 4, 2018—fifteen days after Defendants failed to provide updated remedial plans to Plaintiffs and the Court as promised.[1] [Doc. 2520 at 2-3]  Indeed, fourteen days *after* the enforcement motion was filed, Defendants acknowledged that remedial plans still "have not yet been developed"— and added that such plans would not be developed until "the Court . . . make[s] the finding" of noncompliance. [1/18/18 Tr. at 35:14-18]

---

[1] This is consistent with prior practice in this case. [*See* Doc. 1535 (motion to enforce filed April 11, 2016, 41 days after mediation of March 1, 2016 (Doc. 1517)); Doc. 1663 at 2-3 (motion to enforce filed eight days after mediation); Doc. 1863 at 2 (motion to enforce filed 25 days after mediation); Doc. 2253 at 3 (motion to enforce filed 48 days after mediation); *see also* Doc. 1654 at 2 n.2 (Plaintiffs' reply brief noting that Defendants "broke off negotiations" and "rejected Plaintiffs' offer, shortly before filing this motion, to resume discussions in an effort to resolve the issues now before the Court")]

The 60-day time period runs from service of the Notice of Substantial Noncompliance, not the mediation. [*See* Doc. 1185, ¶¶ 30-31]  Defendants have never asserted this novel 60-day delay argument with regard to the past motions detailed above. [*See* Docs. 1549, 1676, 1900, 2355]  But the Court need not resolve this issue, as it is undisputed that more than 60 days have now elapsed since the November 28, 2017 mediation, and this Motion is accordingly ripe for decision.

1    Second, the parties, at the direction of Judge Bade, now have filed a Joint Motion
2  for Clarification regarding the standard for determining when Defendants have failed to
3  substantially comply with a performance measure. [Doc. 2561] But that is no reason to
4  further delay remedial efforts to provide bargained-for health care to class members; the
5  only question before the Court in the joint motion is whether it meant to write "or" instead
6  of "and" in its previous order. [*Id.* at 3][2]

7    Finally, Defendants reference 28 U.S.C. § 1927, claiming in passing that they
8  should be awarded fees and costs for their 2.5-page response brief (which they admitted at
9  the outset was not a substantive response). [Doc. 2546 at 4; *see also id*. at 2] But
10 "Section 1927 sanctions are not to be awarded lightly." *Gonzalez v. Fresenius Med. Care*
11 *N. Am.*, 689 F.3d 470, 479 (5th Cir. 2012). And Defendants make absolutely no attempt
12 to prove, as they must under binding precedent, that Plaintiffs' counsel "acted with
13 'subjective bad faith.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1020 (9th Cir.
14 2015) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.
15 1989)). Nor could they; Plaintiffs' counsel diligently are pursuing enforcement of the
16 Stipulation through avenues agreed to by the parties. The Court has noted its frustration
17 in the past with the inherent delays associated with the process as it currently exists. [*See,*
18 *e.g*., 1/18/18 Tr. at 148:5-7 ("I'm now talking about August in January. And so the delay
19 just becomes much worse. I don't know whether I'm focusing on the present issues.")] In
20 fact, it is Defendants themselves who unreasonably delay proceedings by refusing to
21 timely offer remedial plans or substantively respond to Plaintiffs' motion. *See also United*
22 *Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union,*
23 *AFL-CIO, CLC v. ConocoPhillips Co*., No. CV-08-2068, 2009 WL 10673929, at *3 n.2

---

[2] Defendants assert the Court's clarification of the "and"/"or" issue "will determine whether one-third of the performance measures challenged in Plaintiffs' Motion are in fact substantially non-compliant." [Doc. 2546 at 3] That is untrue. Plaintiffs' motion included fifteen performance measure/prison combinations, only ***three*** of which implicated the "and"/"or" issue. [Doc. 2520 at 3-8] Basic division shows that three is one-fifth of 15; not one-third. There simply is no reason to delay efforts to achieve compliance with twelve performance measure/prison combinations because there is an easily resolvable dispute as to the remaining three.

(C.D. Cal. Apr. 29, 2009) ("A frivolous request for sanctions is, itself, sanctionable").

## CONCLUSION

Plaintiffs respectfully request that the Court grant the Motion, find Defendants in noncompliance with the Performance Measures set forth therein, and order Defendants to provide remedial plans for the noncompliant Performance Measures by a date certain.

Respectfully submitted,

Dated:  February 8, 2018                **PRISON LAW OFFICE**

By:   s/ Corene Kendrick
    Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
    Sara Norman (Cal. 189536)*
    Corene Kendrick (Cal. 226642)*
    Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:  dspecter@prisonlaw.com
    ahardy@prisonlaw.com
    snorman@prisonlaw.com
    ckendrick@prisonlaw.com
    rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:  dfathi@aclu.org
    afettig@aclu.org
    vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:    kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:    dbarr@perkinscoie.com
          agerlicher@perkinscoie.com
          jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:    cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Maya Abela
    Sarah Kader (Bar No. 027147)
    Asim Dietrich (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email:   skader@azdisabilitylaw.org
           adietrich@azdisabilitylaw.org

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:
      rdalyrooney@azdisabilitylaw.org
      jrico@azdisabilitylaw.org
      jross@azdisabilitylaw.org
      mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy Ray
STRUCK LOVE BOJANOWSKI & ACEDO, P.L.C.
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

                              s/ Corene Kendrick