# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

In Performance Measure 54, Defendants agreed that "[c]hronic disease inmates will be seen by the provider as specified in the inmate's treatment plan, no less than every 180 days unless the provider documents a reason why a longer time frame can be in place." (Doc. 1185-1)  For at least a year, Defendants have been substantially non-compliant with PM 54 at Eyman; compliance rates range from a high of 74% in November 2016 to a low of 33% in May 2017.  (Doc. 2374-2 at 37)  The most recent compliance rates available to the Court indicate compliance rates of 58% in October 2017 and 56% in November 2017.  (Doc. 2540-1 at 142)

Nearly eight months ago, in June 2017, the Court informed the parties that it would consider including Performance Measure 54 at Eyman in an order to show cause. (Doc. 2124)  The Court's October 2017 Order ("OSC Order") did just that.  In the OSC Order, the Court required Defendants to "file a list of every instance of non-compliance with this Order during December 2017" by January 5, 2018.  (Doc. 2373)  The Court granted Defendants' request to extend this deadline by a month.  (Doc. 2456 at 1)

1    On February 5, 2018, Defendants complied with the OSC Order ("OSC Report") with the exception of PM 54 at Eyman. Instead of filing a list of names, Defendants stated "No Report Available at this time." No further explanation was provided. (Doc. 2576 at 41)

At a telephonic status conference on February 7, 2018, Defendants informed the Court that they had attempted to pull a report "this morning" but limitations with the electronic medical record system meant that compliance with the OSC Order was time consuming and cumbersome. Plaintiffs informed the Court that they receive a regular report from Defendants that provides information on the backlog for PM 54 at Eyman. Defendants could not explain why their own report could not readily provide the information needed to comply with the OSC Order. The parties agreed to meet and confer to see if this report could provide the information needed for the OSC Report.

Defendants have been on notice for nearly four months that they would have to comply with the OSC Order. They requested, and received, an extension to compile the OSC Report. Since then, Defendants have not informed the Court about any problems with compiling the OSC Report in general or the PM 54/Eyman list in particular. Defendants did not request an extension to provide the PM 54/Eyman list, they did not file the OSC Report acknowledging that it was incomplete, and they did not provide any explanation about why it was not complete. When pressed at the telephonic status conference, it appeared to the Court that Defendants had not even started to compile the PM 54/Eyman list and had no estimate about when it would be available. In other words, Defendants did not address their failure to comply until the Court sought an explanation after the deadline had passed and had no ready answer about when compliance would be achieved.

**IT IS THEREFORE ORDERED** that, by Wednesday, February 14, 2018, Defendants shall either:

- comply with the Court's October 10, 2017 Order and file a list of every instance of non-compliance for Performance Measure 54 at Eyman during December 2017; or

- file the backlog lists as disclosed to Plaintiffs for Performance Measure 54 at Eyman for every day of December 2017.

Dated this 8th day of February, 2018.

_____
David K. Duncan
United States Magistrate Judge