Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-DKD |
| Plaintiffs, | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION [DKT. 2518]** |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

1    I.      **INTRODUCTION**

2          On September 5, 2017, Plaintiffs filed a Motion for Attorneys' Fees and Costs.

3    (Dkt. 2276).   After it was fully briefed, the Court ordered Plaintiffs to re-submit their

4    "supporting documents" to exclude (among other things) time billed by law clerks and

5    copying costs.   (Dkt. 2503 at 1).   On January 2, 2018, Plaintiffs filed a Motion for

6    Reconsideration regarding these items.   (Dkt. 2518).   The Court ordered Defendants to

7    respond.  (Dkt. 2551 at 1).

8          For the reasons that follow, and those outlined in Defendants' Response to

9    Plaintiffs' Motion for Attorneys' Fees (Dkt. 2402) and Defendants' Reply to Plaintiffs'

10   Response to Court Order (Dkt. 2575), Plaintiffs are not entitled to the fees requested for

11   law clerks or their copying costs.

12   II.     **PLAINTIFFS ARE NOT ENTITLED TO ANY LAW CLERK FEES OR
             COPYING COSTS AS THEIR TIME ENTRIES DO NOT ESTABLISH
13           THEY WERE THE PREVAILING PARTY WITH RESPECT TO AN ISSUE
             RAISED IN A MOTION TO ENFORCE**

14         As detailed in Defendants' previous filings (Dkts. 2402, 2575), Plaintiffs failed to

15   provide the detail required by the Stipulation in order to recover the fees and costs they

16   seek.[1]  The same problem is present here.  Plaintiffs are not entitled to recovery of fees

17   and costs unless they establish such fees were incurred as a result of moving to enforce an

18   aspect of the Stipulation, and that they were the prevailing party with respect to the

19   dispute.  (Dkt. 1185 at ¶43).   Despite filing an amended fees request and a motion for

20   reconsideration, Plaintiffs still have not established these requisite criteria.  This failure

21   (and outright refusal) is fatal and precludes *any* recovery of fees or costs.

22         Even if Plaintiffs had met their burden to establish they were the prevailing party

23   with respect to a dispute raised in a motion to enforce (they have not), Plaintiffs' request

24   for fees incurred by law clerks and costs associated with copying still fails, as explained

25   below.

26

27   _____
           [1] Defendants incorporate the arguments outlined in their previous filings herein.
28   (Dkts. 2402, 2575).

1

**A.**   **Plaintiffs Fail to Provide Support for the Hourly Rate Claimed by Their Law Clerks**

While time reasonably spent by law clerks is compensable under Section 1988, Plaintiffs cannot recover the rates they seek because they improperly request the same rate for law clerks as they do for attorneys.  (Dkt. 2545-1 at 110).[2]  *See Barjon v. Dalton*, 132 F.3d 496, 503 (9th Cir. 1997) (presuming that an attorney reduced the value of a request for "law clerk costs" to account for clerk's lack of experience and expertise);  *Davis v. City and County of San Francisco,* 976 F.2d 1536, 1543 (9th Cir.1992) (noting as well that "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost.").

Additionally, Plaintiffs fail to provide evidence of the prevailing community rate.[3] Plaintiffs' supporting documents are silent as to whether their claimed rates are in line with those prevailing in the (Phoenix) community for similar services.   Moreover, Plaintiffs' supporting documents lack any explanation as to the complexity of the matters the law clerks worked on or each law clerk's experience level.  Plaintiffs fail to explain whether these clerks are in law school, have graduated from law school, have passed the bar, what school they attend/attended, or how long they have worked for ACLU or Prison Law Office ("PLO").  As such, Plaintiffs failed to justify the high rates they seek reimbursement for.  Indeed, the only evidence of the prevailing market hourly rate for law clerks is the rate charged by law clerks employed by Defense counsel, which is $65 an hour.  (Dkt. 2402-2).  As such, even if Plaintiffs were entitled to fees incurred by law clerks (they are not because they haven't met the Stipulation's requirements), they are only entitled to a rate of $65.

---

[2] As detailed in Defendants' Reply to Plaintiffs' Response to Court's Order, even if Plaintiffs could properly bill law clerks at the same rate of attorneys, Plaintiffs mistakenly employ a rate of $219.  (Dkt. 2575 at 5)

[3] Defendants argued this in their original Response to Plaintiffs' Motion for Attorneys' Fees, and direct the Court to the arguments contained therein. (Dkt. 2402 at 12 – 13).  Plaintiffs failed to offer any additional evidence, despite their second bite at the fees apple.

Further, Plaintiffs' demand for law clerk fees is internally inconsistent. The ACLU demands $160 per hour and the PLO demands $219 per hour. (Dkts. 2545-1 at 110; 2544-1 at 79 – 153). Inconsistencies aside, both rates are well above the prevailing market rate in Phoenix ($65) and those of other jurisdictions. *See Cruz ex rel. Cruz v. Alhambra Sch. Dist.,* 601 F. Supp. 2d 1183, 1195 (C.D. Cal. 2009) ($150 rate unreasonable); *Dossat v. Hoffman-La Roche Inc*., 09-CV-00245-KJD-PAL, 2012 WL 5287956, at *7 (D. Nev. Oct. 24, 2012), *aff'd sub nom. Dossat v. F. Hoffmann-La Roche Ltd*., 600 Fed. Appx. 513 (9th Cir. 2015) ($125 unreasonable).

Moreover, billing law clerks at the same rate attorneys are billed contradicts Plaintiffs' argument that they are entitled to be reimbursed for law clerk time because it "encourage[] the use of lower costs paralegals rather than attorneys. . ." (Dkt. 2518 at 3). Indeed, Plaintiffs go as far as to (incorrectly) advise the Court that, "Plaintiffs' counsel in this case used lower-billing law clerks to perform legal research and related tasks." (Dkt. 2518 at 3). This is simply untrue. Plaintiffs billed their law clerks at the same rates. Plaintiffs' higher rates are unreasonable and therefore not recoverable.

### B.  Plaintiffs are not Entitled to Copying Costs as They Failed to Adequately Describe the Costs

Fees *and costs* associated with monitoring the Stipulation are capped at a combined total of $250,000. (Dkt. 1185 at ¶44) (emphasis added). Because Plaintiffs failed to detail whether the copying costs they seek reimbursement for were incurred as a result of being the prevailing party on a dispute raised in a motion to enforce, they cannot seek reimbursement for them.[4] And Plaintiffs concede they are not entitled to these costs. Plaintiffs' counsel, Corene Kendrick, admits the PLO did not seek reimbursement for copying costs because they do not differentiate between copies made for litigation/enforcement purposes versus copies made for monitoring. (Dkt. 2545 at 3). Because the ACLU also fails to indicate whether Plaintiffs were the prevailing party with

---

[4] The differences between the capped monitoring fees/costs of $250,000 and the additional fee provision of Paragraph 43 are described in detail in Defendants' prior briefs. (Dkts. 2402, 2575).

3

respect to an issue raised in a motion to enforce, they too cannot recover for these costs. Again, Plaintiffs' refusal to distinguish their entries forecloses on their ability to recoup these costs.

Additionally, even if Plaintiffs adequately tracked their copying costs in accordance with the Stipulation (they have not), Plaintiffs are not entitled to reimbursement as they failed to adequately describe what the copying costs are for. Indeed, every entry Plaintiffs seek reimbursement for contains no detail other than "copying cost." (Dkt. 2544-1 at 158 – 159). The "requested expenses must be reasonable." *Agster v. Maricopa Cty.*, 486 F. Supp. 2d 1005, 1017 (D. Ariz. 2007). In other words, courts do not award photocopying costs to Plaintiffs simply because they ask for them. *See Marsh v. Digital Equip. Corp.,* 699 F. Supp. 1411, 1416–17 (D. Ariz. 1988) (holding that a Plaintiff who requested a $1,762.75 award pursuant to 42 U.S.C. § 1988 for photocopying expenses in a federal racial discrimination case was only entitled to $292.25, noting that with "two exceptions, nothing in the time records indicate[d] what other documents were photocopies and the necessity for photocopies."); *Gorelangton v. City of Reno By & Through City of Reno Council of Councilpersons*, 638 F. Supp. 1426, 1435 (D. Nev. 1986) (Reducing Plaintiff's requested photocopying costs by 50% because half of the "photocopy expenses incurred by the [Plaintiff's] attorneys were directed solely towards claims for relief in which she did not prevail."); *Aguado v. First magnus Fin. Corp.*, CV 09-1390-PHX-MHM, 2010 WL 2643555, at *3 (D. Ariz. June 30, 2010) (declining to award costs that were neither supported nor explained.). Plaintiffs' generic "copying costs" are not reasonable and therefore not recoverable.

Because it is impossible to decipher whether such costs were reasonably incurred in enforcing the Stipulation, or if they are related to enforcement at all (which is the overarching problem with both Plaintiffs' fee and costs request), Plaintiffs should not be able to recover their copying costs.[5]

---

[5] To the extent the Court is inclined to award Plaintiffs their copying costs, Defendants do not dispute that the .25 cent a page rate is reasonable.

1  **III.    CONCLUSION**

2         Plaintiffs have failed to meet the necessary burden in order to recover law clerk

3  fees or costs associated with copying.  For the reasons detailed above, and those detailed

4  in Defendants' prior briefs, Plaintiffs' Motion for Reconsideration should be denied.

5         DATED this 13th day of February 2018.

6                                        STRUCK LOVE BOJANOWSKI & ACEDO, PLC

7

8                              By /s/Daniel P. Struck
                                  Daniel P. Struck
9                                  Rachel Love
                                  Timothy J. Bojanowski
10                                 Nicholas D. Acedo
                                  Ashlee B. Hesman
11                                 Jacob B. Lee
                                  Kevin R. Hanger
12                                 Timothy M. Ray
                                  Richard M. Valenti
13                                 Jamie D. Guzman
                                  3100 West Ray Road, Suite 300
14                                 Chandler, Arizona  85226

15                                 Arizona Attorney General Mark Brnovich
                                  Office of the Attorney General
16                                 Michael E. Gottfried
                                  Lucy M. Rand
17                                 Assistant Attorneys General
                                  15 South 15th Avenue
18                                 Phoenix, Arizona 85007

19                                 *Attorneys for Defendants*

20

21

22

23

24

25

26

27

28

                                        5

1

**CERTIFICATE OF SERVICE**

2

    I hereby certify that on February 13, 2018, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

3  Notice of Electronic Filing to the following CM/ECF registrants:

4  Alison Hardy:              ahardy@prisonlaw.com

5  Amelia M. Gerlicher:       agerlicher@perkinscoie.com;docketPHX@perkinscoie.com,
                              kleach@perkinscoie.com

6

7  Amy B. Fettig:             afettig@npp-aclu.org

8  Asim Dietrich:             adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org;
                              phxadmin@azdisabilitylaw.org

9  Caroline N. Mitchell:      cnmitchell@jonesday.com; mlandsborough@jonesday.com;
                              nbreen@jonesday.com

10

11 Corene T. Kendrick:        ckendrick@prisonlaw.com; edegraff@prisonlaw.com

   Daniel Clayton Barr:       DBarr@perkinscoie.com; docketphx@perkinscoie.com;
12                            sneilson@perkinscoie.com

13 David Cyrus Fathi:         dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

14 Donald Specter:            dspecter@prisonlaw.com

15 Jessica Pari Jansepar Ross:  jross@azdisabilitylaw.org

16 John Howard Gray:          jhgray@perkinscoie.com; slawson@perkinscoie.com

17 John Laurens Wilkes:       jlwilkes@jonesday.com, dkkerr@jonesday.com

18 Jose de Jesus Rico:        jrico@azdisabilitylaw.org

19 Kathleen E. Brody:         kbrody@acluaz.org

20 Kirstin T. Eidenbach:      kirstin@eidenbachlaw.com

21 Maya Abela                 mabela@azdisabilitylaw.org

22 Rose Daly-Rooney:          rdalyrooney@azdisabilitylaw.org

23 Sara Norman:               snorman@prisonlaw.com

24 Sarah Eve Kader:           skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org;
                              rstarling@azdisabilitylaw.org

25 Rita K. Lomio:             rlomio@prisonlaw.com

26 Victoria Lopez:            vlopez@aclu.org

27

28

1

2        I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

3

4        N/A

5                                                        /s/Daniel P. Struck

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28