Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
       adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-DKD<br><br>**PLAINTIFFS' STATEMENT RE MONITORING METHODOLOGY FOR PERFORMANCE MEASURE 86** |

## INTRODUCTION

As directed by the Court during the telephonic hearing on February 7, 2018, Plaintiffs set forth the following respects in which Defendants' monitoring of compliance with Performance Measure 86 is inconsistent with the Court's orders.

Performance Measure (PM) 86 requires that "MH-3D prisoners shall be seen a minimum of every 90 days by a mental health clinician for a minimum of six months after discontinuing medication." [Doc. 1185-1 at 14]  The agreed monitoring protocol for PM 86 provides that "[t]he Records reviewed for Performance Measure #85 will also be reviewed for compliance with this performance measure." [*Id.* at 31][1]

On June 14, 2017, the Court ordered Defendants to adopt the following methodology for PM 85 and 86:

> With respect to Performance Measures 85 and 86, there really wasn't a similar substantive objection that I could ferret out to the plaintiffs' proposed language. And so I would adopt the plaintiffs' language. And that is, with 85, that the monitor selects a random sample of 10 records from all MH-3D prisoners at a given unit.  If any of them discontinued medications less than 30 days previously, that record is excluded from the sample and another record is randomly drawn. See Document 2048, Paragraph 12.
>
> Once these -- once there are 10 records of MH-3D prisoners that have discontinued medications more than 30 days ago, those records are assessed to determine whether the patient was seen within 30 days of discontinuing medications.
>
> And then with respect to Performance Measure 86, the final sample of 10 records used for Performance Measure 85 is the starting point for evaluating compliance with Performance Measure 86.  If any of these prisoners discontinued medications less than 90 days previously, that record is excluded from the sample and another record is randomly drawn. Once there are 10 records of MH-3D prisoners who have discontinued medications more than 90 days ago, those records are assessed to determine whether the patient was seen within 90 days of discontinuing medications.

---

[1] PM 85 requires that "MH-3D prisoners shall be seen by a mental health provider within 30 days of discontinuing medications." [*Id.* at 14]

[6/14/17 Tr. at 112:21-113:18; *see also* Doc. 2160 at 4] Defendants' monitoring of PM 86 is inconsistent with this order in at least two respects.[2]

## I. DEFENDANTS DO NOT ENSURE THAT THE PATIENT IS SEEN BY A MENTAL HEALTH CLINICIAN WITHIN 90 DAYS OF DISCONTINUING MEDICATIONS.

The Court's order explicitly requires Defendants to "determine whether the patient was seen within 90 days of discontinuing medications." [Doc. 2160 at 4] However, Defendants' proposed monitoring language does not require this; it requires only that:

> The last two contacts by a clinician after the medication discontinuation date will be reviewed to determine whether the contacts were no more than 90 days apart. If the contacts were 90 days or less apart, then the date of both contacts will be recorded, and it will be coded as compliant.

[Declaration of David C. Fathi ("Fathi Decl.") ¶ 2 & Ex. 1 at 3] Accordingly, a patient for whom more than 90 days had elapsed between discontinuing medications and the first clinician contact could still be counted as compliant, in violation of the Court's order and the plain language of the Stipulation.

By contrast, Plaintiffs' proposed monitoring language explicitly requires that this interval be measured:

> From the medication discontinuation date, look to see if there was a contact by a clinician within 90 days of that date. If the first contact was completed in 90 days or less from the medication discontinuation date, then it is coded as compliant.

[Doc. 2368-1 at 35][3] Accordingly, the Court should adopt Plaintiffs' proposed language.

---

[2] Defendants' deviations from the Court's orders and the language of the Stipulation are not always immediately apparent. [*See, e.g.*, Doc. 2459-1 at 6-7 (Defendants counted records in which more than one year had elapsed between contacts as compliant with requirement that contacts occur "a minimum of every 12 months"); 11/21/17 Tr. at 15:24-16:2 (the Court rejects this methodology)] Accordingly, there may be other respects in which Defendants' monitoring of PM 86 is inconsistent with the requirements of the Stipulation or the Court's orders.

[3] Plaintiffs' proposed language further provides: "If a second follow-up contact is due on or before the last day of the monitored month, then the record is also reviewed to determine if this contact was completed within 90 days or less from the first follow-up contact." [Doc. 2368-1 at 36]

## II. DEFENDANTS IMPERMISSIBLY EXCLUDE FROM THE SAMPLE FOR PM 86 FILES THAT WERE REVIEWED FOR PM 85.

Consistent with the agreed monitoring protocol for PM 86, the Court's order provides that "the final sample of 10 records used for Performance Measure 85 is the starting point for evaluating compliance with Performance Measure 86." [Doc. 2160 at 4] The order continues: "If any of these prisoners discontinued medications less than 90 days previously, that record is excluded from the sample and another record is randomly drawn." [*Id.*] The Court's order contains no other provision allowing exclusion of records that were reviewed for PM 85 from the sample for PM 86.

As discussed during the February 7, 2018 telephonic hearing, Defendants impermissibly exclude from the sample for PM 86 records that were reviewed for PM 85. Using the example of the August 2017 Perryville CGAR report (ADCM 1037780-81), the first patient reviewed for PM 85 (ADC number ending in 828) was excluded from the sample for PM 86, although she had discontinued medication more than 90 days previously. [*See* 2/7/18 Tr. at 18:10-20] A comprehensive inventory of the 56 records reviewed for PM 85 reveals that 14 were improperly excluded from the sample for PM 86, although they had discontinued medications more than 90 days previously. [*See* Fathi Decl. ¶ 3 & Ex. 2 (records highlighted in yellow)][4]

This improper exclusion of records artificially inflates Defendants' compliance score for PM 86. For example, one patient (ADC number ending in 781) was included in the sample for PM 85; she discontinued medication on 2/23/17, so her exclusion from the sample for PM 86 was improper. [*See* Fathi Decl., Ex. 2] Had this patient been included in the sample for PM 86 her record would have been found noncompliant, as she was not

---

[4] One of these records (ADC number ending in 787) was also incorrectly counted as compliant with PM 85 (discontinued medications 3/16/17; not seen by provider until 6/23/17). Twenty-one of the records reviewed for PM 85 were properly excluded from the sample for PM 86, as the patient had discontinued medications less than 90 days previously (records highlighted in green). [*Id.*]

-3-

1  seen by a clinician until 6/13/17, more than 90 days after she discontinued medication on
2  2/23/17.  [*See* Fathi Decl., Ex. 3]

3       Even Defendants' own proposed monitoring language for PM 86 provides no
4  support for this practice.  Under Defendants' language, the *only* ground for excluding
5  from the sample for PM 86 a record that was reviewed for PM 85 is if the patient "has
6  been in ADC custody, or had their medications discontinued, for less than 90 days."
7  Defendants' and Plaintiffs' proposed language is identical on this point.  [*Compare*
8  Doc. 2368-1 at 3 (Plaintiffs) with Fathi Decl., Ex. 1 at 3 (Defendants)]

9       The Court should order Defendants to cease this practice, and to include in the
10 sample for PM 86 all records that were reviewed for PM 85, except those in which the
11 patient discontinued medication less than 90 days previously.

12 Dated:  February 14, 2018      **ACLU NATIONAL PRISON PROJECT**

By:  s/ David C. Fathi
    David C. Fathi (Wash. 24893)*
    Amy Fettig (D.C. 484883)**
    Victoria Lopez (Ill. 6275388)*
    915 15th Street N.W., 7th Floor
    Washington, D.C. 20005
    Telephone:  (202) 548-6603
    Email:  dfathi@aclu.org
             afettig@aclu.org
             vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:  dbarr@perkinscoie.com
       agerlicher@perkinscoie.com
       jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
       ahardy@prisonlaw.com
       snorman@prisonlaw.com
       ckendrick@prisonlaw.com
       rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email: kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email: jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
    Sarah Kader (Bar No. 027147)
    Asim Dietrich (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email:   skader@azdisabilitylaw.org
            adietrich@azdisabilitylaw.org

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:   rdalyrooney@azdisabilitylaw.org
            jrico@azdisabilitylaw.org
            jross@azdisabilitylaw.org
            mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

1. I hereby certify that on February 14, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf