Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                                        Plaintiffs,<br><br>                    v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                                        Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT RE MONITORING METHODOLOGY FOR PERFORMANCE MEASURE 86 (Doc. 2590)** |

Defendants, through counsel, respond to Plaintiffs' Statement Regarding Monitoring Methodology for Performance Measure 86 (Doc. 2590).

Contrary to Plaintiffs' assertion, Defendants are complying with the Court's Order requiring that a patient be seen no later than every 90 days starting from the discontinuation date.  Further, Plaintiffs argue that they do not want files that were used for Performance Measure (PM) 85 excluded from PM 86 solely because there was only one contact within the 90-day timeframe from the discontinuation date.  Defendants have always agreed with this and request that this principle be applied to all performance measures with similar "every X number of days" language.

The bottom line is that it appears the parties are now aligned on the methodology for PM 86—what Plaintiffs now want the methodology to be is the methodology Defendants wanted all along.  Moreover, there is no evidence that Defendants are monitoring the measure inconsistent with the Court's current orders on the methodology.

I. **COMPLIANCE IS MEASURED FROM THE DISCONTINUATION DATE THROUGH THE MONITORED MONTH FOR A MINIMUM OF SIX MONTHS**

> **PM 86:** Are MH-3D prisoners seen a minimum of **every 90 days** by a mental health clinician for a minimum of six months after discontinuing medication?

Plaintiffs allege, without support, that Defendants are not measuring compliance with PM 86 by measuring from the discontinuation date through the end of the monitored month ensuring that contact occurred no later than every 90 days starting from the discontinuation date.  The Court ordered that the start date for calculating compliance under this PM shall be the date the medication is discontinued. [Doc. 1754 at 1-2] Defendants are, indeed, measuring this way and complying with the Order. [Exh. 1, Declaration of Nicole Taylor ¶¶ 5-6]  While Plaintiffs argue in their Statement to the contrary, they provided not one single example supporting their claim.

Additionally, Plaintiffs cite Defendants' proposed PM 86 methodology language requiring measuring only the last two contacts for compliance, but that proposal originated prior to the Court's ruling.  Despite Defendants' prior position on the operative

1

dates for measuring compliance, Defendants are complying with the Court's Order on the start date.

## II. DEFENDANTS ARE EXCLUDING FILES AS REQUIRED BY PERFORMANCE MEASURE 86 AND COURT ORDERS

Plaintiffs further allege in their Statement that 14 files were inappropriately excluded from the Perryville August 2017 audit. Plaintiffs are wrong. [*See id.* at ¶ 7]

The inmate file ending in 787 was excluded because 90 days had not yet expired since medications were discontinued. [*Id.* at ¶ 8] The CGAR report containing this record included a typo for the discontinuation date, which should have been June 9, 2017 and not March 16, 2017. [*Id.*] This correction was documented in an addendum and will be among the August CGARs soon to be reissued. [*Id.*] The file was, therefore, appropriately excluded pursuant to the Court's Order adopting Plaintiffs' proposed methodology language requiring exclusion when less than 90 days has passed since discontinuation. [Doc. 2148, 6/14/17 Status Hr. at 112:21-113:18]

The inmate file ending in 781 was excluded because the inmate was out to court/not under the supervision of the facility when a contact was due under PM 86. [*Id.* at ¶ 9] Specifically, the discontinuation date (noted by Defendants as the "start date") for the inmate file ending in 781 was February 23, 2017, making the first contact due on May 23, 2017. The inmate, however, was out to court from March 24, 2017 to June 1, 2017, and not available to be seen on or before the May 23, 2017 date. [*Id.*] The inmate's absence from the supervision of the facility created a gap in the required contacts, but the Monitor Guide provides that such a gap is not counted against the facility. [*Id.*; *see also* Doc. 1626-2 at 14, limited to Plaintiffs' proposed language for "Unavailable Inmates"] Accordingly, the file was excluded and replaced with another randomly selected file.

The methodology for PM 86 requires monitors to review the inmate's movement to see if any gaps can be explained by such movement. [*Id.*; *see also* Doc. 2368-1 at 36] This would have been obvious had Plaintiffs reviewed this file appropriately.

The remaining 12 files Plaintiffs highlighted in their Statement were excluded because Plaintiffs lobbied to this Court that one-contact, non-compliant files are to be counted against Defendants while one-contact, compliant files are excluded and replaced with another randomly drawn file. The Court adopted Plaintiffs' proposal. [*See* Doc. 2598] Defendants set forth this history in detail in their Statement to the Court filed on February 14, 2018. [*Id.*] Rather than repeat those intricacies here, Defendants refer the Court to Defendants' Statement and incorporate the same herein.

Each of the remaining 12 files had a compliant first contact, and the second contact was not yet due during the monitoring month. [Exh. 1, Declaration of Nicole Taylor ¶ 10] Accordingly, Defendants appropriately excluded those files pursuant to Plaintiffs' demands and the Court's Order. [Doc. 2598]  In doing so, Defendants artificially deflated their scores because the 12 files were compliant, but not eligible to be counted for compliance purposes.

Defendants offer the following chart for the Court's convenience, which compiles the operative dates for all of the 14 files Plaintiffs complain of.

| INMATE | DISCONTINUATION DATE | 1ST CLINICIAN CONTACT | DAYS FROM DISCONTINUATION | 2ND CONTACT DUE | COMPLIANT |
|---|---|---|---|---|---|
| 828 | 4/13/17 | 6/28/17 | 75 | NO | YES |
| 098 | 4/20/17 | 6/9/17 | 49 | NO | YES |
| 142 | 3/31/17 | 6/9/17 | 69 | NO | YES |
| 249 | 4/25/17 | 7/1/17 | 66 | NO | YES |
| 715 | 5/25/17 | 6/13/17 | 18 | NO | YES |
| 678 | 4/11/17 | 7/6/17 | 85 | NO | YES |
| 781 | 2/23/17 | NA-out to court 3/24/17-6/01/17 | NA | NA | NA |
| 075 | 5/11/17 | 7/21/17 | 70 | NO | YES |
| 860 | 5/23/17 | 6/27/17 | 34 | NO | YES |
| 114 | 5/18/17 | 8/4/17 | 76 | NO | YES |
| 364 | 5/26/17 | 6/12/17 | 16 | NO | YES |
| 787 | ~~3/16/17~~ Typo **6/9/17** | NA due to d/c date | NA | NA | NA |
| 523 | 5/12/17 | 7/16/17 | 64 | NO | YES |
| 842 | 3/29/17 | 6/22/17 | 83 | NO | YES |

3

1    [*Id.* at ¶ 11]

2    ## III.    <u>CONCLUSION</u>

3           Defendants are measuring compliance from the discontinuation date and ensuring

4    that the inmate is seen no later than every 90 days from that date.

5           Additionally, Plaintiffs now do not want files that were used for PM 85 excluded

6    from being used for PM 86 solely because they are one-contact, compliant files, i.e., two

7    contacts should not be required to measure compliance for PMs with an "every X number

8    of days" requirement.

9               The Court should order Defendants to cease this practice, and
                to include in the sample for PM 86 all records that were
10              reviewed for PM 85, except those in which the patient
                discontinued medication less than 90 days previously.
11
     [Doc. 2590 at 5, Plaintiffs' Statement Re Monitoring Methodology for Performance
12
     Measure 86]  Defendants agree, as this was Defendants' position all along—it is patently
13
     unfair to require Defendants to include non-compliant, one-contact files, but exclude
14
     compliant one-contact files. Defendants, however request that this principle be applied to
15
     all performance measures with similar "every X number of days" language.
16
            As discussed in Defendants' Statement (Doc. 2598), disparate and wavering
17
     application of the Court's Orders on methodology is counterproductive and wastes
18
     valuable, limited resources. Two contacts should not be required to measure compliance
19
     for all Performance Measures with an "every X number of days" requirement.  Rather, the
20
     only grounds for exclusion for all performance measures with "every X number of days"
21
     language should be (1) if the inmate has not been in ADC custody for the timeframe
22
     allowed for the first required event to occur or (2) the timeframe allowed for the first
23
     required event has not yet expired.
24
     / / /
25
     / / /
26
     / / /
27
     / / /
28
                                               4

1    Notwithstanding, Defendants should not be penalized for monitoring pursuant to

2    the current Court-ordered methodology and be required to re-audit.

3    DATED this 21st day of February 2018.

4                                        STRUCK LOVE BOJANOWSKI & ACEDO, PLC

5

6                                        By /s/Timothy J. Bojanowski
                                            Daniel P. Struck
7                                           Rachel Love
                                            Timothy J. Bojanowski
8                                           Nicholas D. Acedo
                                            Ashlee B. Hesman
9                                           Jacob B. Lee
                                            Kevin R. Hanger
10                                          Timothy M. Ray
                                            Richard M. Valenti
11                                          Jamie D. Guzman
                                            3100 West Ray Road, Suite 300
12                                          Chandler, Arizona  85226

13                                          Arizona Attorney General Mark Brnovich
                                            Office of the Attorney General
14                                          Michael E. Gottfried
                                            Lucy M. Rand
15                                          Assistant Attorneys General
                                            15 South 15th Avenue
16                                          Phoenix, Arizona 85007

17                                          *Attorneys for Defendants*

18

19

20

21

22

23

24

25

26

27

28

5

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:             ahardy@prisonlaw.com

Amelia M. Gerlicher:      agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:            afettig@npp-aclu.org

Asim Dietrich:            adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:     cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:       ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:      DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:        dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:           dspecter@prisonlaw.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:         jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:      jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:       jrico@azdisabilitylaw.org

Kathleen E. Brody:        kbrody@acluaz.org

Kirstin T. Eidenbach:     kirstin@eidenbachlaw.com

Maya Abela               mabela@azdisabilitylaw.org

Rose Daly-Rooney:         rdalyrooney@azdisabilitylaw.org

Sara Norman:              snorman@prisonlaw.com

Sarah Eve Kader:          skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio:            rlomio@prisonlaw.com

Victoria Lopez:           vlopez@aclu.org

6

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Timothy J. Bojanowski