**EXHIBIT 1**

**EXHIBIT 1**

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DECLARATION OF NICOLE TAYLOR, Ph.D., J.D., CCHP-MH** |

I, **NICOLE TAYLOR**, make the following Declaration:

1.      I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2.      I am currently the Mental Health Director and a Mental Health Monitor for the Arizona Department of Corrections.

3.      I am responsible for monitoring compliance with mental health performance measures in the *Parsons* Stipulation, including Health Care Performance Measure Nos. 85 and 86.

4.      I have reviewed Plaintiffs' Statement Re Monitoring Methodology for Performance Measure 86 (Doc. 2590).  I am aware of its contents and have also reviewed the 14 inmate files Plaintiffs highlight.

5.      Defendants measure compliance with Performance Measure (PM) 86 by using the same records used for PM 85 as the starting point for evaluating compliance. However, the Court has ordered two scenarios where a file that was used for PM 85 must be excluded from the sample used for PM 86 and replaced with another file randomly drawn: (1) If the inmate has been in custody and/or the medication has been discontinued for less than 90 days or (2) if there has not been two contacts by a mental health clinician between which to measure the time elapsed.  The Court ordered that under either scenario, the file cannot be non-compliant and therefore is invalid and cannot be used to measure performance under PM 86.

6.      In accordance with the Court's Orders, if a file was used for PM 85 and qualifies under the two conditions precedent for use in measuring performance under PM 86, Defendants measure the time intervals from the discontinuation date (noted by Defendants as the "start date") through the end of the monitored month ensuring that every contact occurred no more than 90 days apart beginning from the start date.

7.      The 14 files Plaintiffs allege in their Statement were inappropriately excluded from PM 86 were excluded in accordance with Court Orders.

1

8.     The inmate file ending in 787 was excluded because 90 days had not yet expired since medications were discontinued.  The CGAR report containing this record included a typo for the discontinuation date, which should have been June 9, 2017 and not March 16, 2017.  This correction was documented in an addendum and will be among the August CGARs soon to be reissued.

9.     The inmate file ending in 781 was excluded because the inmate was out to court/not under the supervision of the facility when a contact was due under PM 86. Specifically, the discontinuation date (noted by Defendants as the "start date") for the inmate file ending in 781 was February 23, 2017, making the first contact due on May 23, 2017.  The inmate, however, was out to court from March 24, 2017 to June 1, 2017, and not available to be seen on or before the May 23, 2017 date. The inmate's absence from the supervision of the facility created a gap in the required contacts, but the Monitor Guide provides that such a gap is not counted against the facility. Accordingly, the file was excluded and replaced with another randomly selected file. The methodology for PM 86 requires monitors to review the inmate's movement to see if the gap is explained by such movement.

10.     The remaining 12 files discussed in Plaintiffs' Statement were excluded from PM 86 because the first contact was compliant but the second contact was not yet due within the monitoring month.  Pursuant to Court Order, those files which were not eligible to be used for PM 86 were required to be excluded and replaced with another file randomly drawn.

11.     The following is a chart compiling true and accurate operative dates and data, which I personally obtained from each of the 14 inmate files.

| INMATE | DISCONTINUATION DATE | 1ST CLINICIAN CONTACT | DAYS FROM DISCONTINUATION | 2ND CONTACT DUE | COMPLIANT |
|--------|---------------------|----------------------|--------------------------|-----------------|-----------|
| 828 | 4/13/17 | 6/28/17 | 75 | NO | YES |
| 098 | 4/20/17 | 6/9/17 | 49 | NO | YES |
| 142 | 3/31/17 | 6/9/17 | 69 | NO | YES |
| 249 | 4/25/17 | 7/1/17 | 66 | NO | YES |
| 715 | 5/25/17 | 6/13/17 | 18 | NO | YES |

2

| 678 | 4/11/17 | 7/6/17 | 85 | NO | YES |
|------|---------|--------|-----|-----|-----|
| 781 | 2/23/17 | NA-out to court 3/24/17-6/01/17 | NA | NA | NA |
| 075 | 5/11/17 | 7/21/17 | 70 | NO | YES |
| 860 | 5/23/17 | 6/27/17 | 34 | NO | YES |
| 114 | 5/18/17 | 8/4/17 | 76 | NO | YES |
| 364 | 5/26/17 | 6/12/17 | 16 | NO | YES |
| 787 | ~~3/16/17~~ Typo **6/9/17** | NA due to d/c date | NA | NA | NA |
| 8523 | 5/12/17 | 7/16/17 | 64 | NO | YES |
| 842 | 3/29/17 | 6/22/17 | 83 | NO | YES |

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of February, 2018.

NICOLE TAYLOR, Ph.D., J.D., CCHP-MH

3