Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
         adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO PETITION FOR WRIT OF *HABEAS CORPUS AD TESTIFICANDUM* TO PRODUCE PLAINTIFF WILLIAM UPTON AT THE FEBRUARY 28, 2018 HEARING (DKT. 2612)** |

LEGAL138703888.2

I.    **MR. UPTON HAS SUFFERED GRIEVOUS HARM AS A DIRECT RESULT OF DEFENDANTS' NONCOMPLIANCE WITH THE PERFORMANCE MEASURES AT ISSUE IN THE COURT'S ORDER TO SHOW CAUSE**

William Upton (ADC No. 128149) is 75 years old.  He is a minimum custody prisoner currently housed at ASPC-Florence and has been incarcerated in the Arizona Department of Corrections (ADC) since 1997.  He suffers from progressive b cell lymphoma and myeloma, for which he was originally diagnosed in the summer of 2015, along with intermittent anemia.  Despite a diagnosis nearly three years ago, Mr. Upton has not received adequate or consistent treatment for his cancer since his original diagnosis.  Corizon's Utilization Management denied Mr. Upton the maintenance chemotherapy recommended by his oncologist.  Not receiving his chemotherapy allowed his cancer to progress to a life-threatening stage.  When Mr. Upton became ill again, Defendants scheduled him for an initial consult with a new oncologist and failed to provide her with a full record of his previous cancer treatment.  [*See* Declaration of Kirstin T. Eidenbach ("Eidenbach Decl."), Ex. 11]  Moreover, Defendants repeatedly cancelled Mr. Upton's specialty consults.  [*See* Eidenbach Decl., Ex. 12]  Ultimately, Defendants' decision to start the process over caused Mr. Upton an almost 6 month delay in care, and he just started receiving his newest chemotherapy round at the beginning of February.  [*See* Eidenbach Decl., Ex. 11]  As a result of Defendants' failure to provide adequate medical care, Mr. Upton has suffered severe harm and extreme pain and suffering.

Plaintiffs first became aware of Mr. Upton's situation in the fall of 2016 and subsequently sent **eleven** advocacy letters to counsel for the Defendants, repeatedly putting Defendants on notice of Mr. Upton's urgent medical situation and requesting immediate and appropriate care.  [*See* Eidenbach Decl., Exs. 1-11]  Each time, Plaintiffs received an identical one-paragraph boilerplate response from Defendants' counsel.  Plaintiffs' attorneys have continued to advocate for Mr. Upton to the present day, to little or no avail.  Mr. Upton continues to receive spotty and irregular treatment for his cancer.  Plaintiffs' most recent advocacy letter was sent on January 31, 2018.  [*See* Eidenbach Decl., Ex. 11]

The profound lapses in Mr. Upton's care and Defendants' longstanding and continuing failure to provide him adequate treatment directly relate to the performance measures that the Court included in its Order to Show Cause for ASPC-Florence: PMs 50 and 52 (Doc. 2373).

Performance Measure 50 requires that "Urgent specialty consultations and urgent specialty diagnostic services will be scheduled and completed within 30 calendar days of the consultation being requested by the provider." [Doc. 1185-1 at 11]  In Exhibit 4 to the Eidenbach Declaration, Plaintiffs admonished Defendants that their failure to complete an urgent oncology consultation until March 30, 2017, when it was submitted on January 30, 2017, was in violation of PM 50.  [*See also* Eidenbach Decl., Ex. 8 (11/6/17 letter noting that a provider submitted an urgent Hem/Oncology consult request on September 19, 2017.  At the time of the letter the status of the consult read "Referred to UM Team for Review."  Defendants' failure to timely schedule this urgent consult violated PM 50)]

Performance Measure 52 requires that "Specialty consultation reports will be reviewed and acted on by a Provider within seven calendar days of receiving the report." [Doc. 1185-1 at 11]  In Plaintiffs' first advocacy letter on behalf of Mr. Upton, Plaintiffs noted that Defendants' failure to submit a request to Utilization Management for weekly chemotherapy until October 17, 2016, when it was ordered on September 26, 2016, was a violation of PM 52.  [Eidenbach Decl., Ex. 1]  Similarly, in Exhibit 4, Plaintiffs admonished Defendants that their failure to timely schedule a follow-up appointment with oncology and the provider's failure to review or order Rituxan violated PM 52.  [*See also* Eidenbach Decl., Ex. 3 (1/24/17 letter noting that on December 8, 2016 Mr. Upton's oncologist issued an order that he have labs run "now and in 2 months."  As of the date of the letter, the labs had been neither ordered nor run, in violation of PM 52)]

## II.     MR. UPTON'S TESTIMONY IS SUPPORTED BY THE FACTORS PRESCRIBED BY THE NINTH CIRCUIT.

"The district court's power to issue a writ of *habeas corpus ad testificandum* to secure the testimony of a state prisoner witness is beyond dispute." *Wiggins v. Alameda Cty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

> When determining whether it should issue a writ of *habeas corpus ad testificandum* in such instances, the district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.

*Id*. (quoting *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)).  In *Wiggins*, the Ninth Circuit held that the Magistrate Judge did not abuse his discretion in issuing a writ of *habeas corpus ad testificandum* to allow a state prisoner to testify in a civil rights suit and in allocating the full costs of the transportation to the state department of corrections, although (unlike in this case) no state entity was a party to the suit.

Defendants recite these factors but entirely fail to analyze them, or offer any evidence as to how these factors support their position.  That is because these factors weigh decidedly in favor of Mr. Upton's testimony.

### A.     Mr. Upton's presence will substantially further resolution of the issues the Court is considering at the February 28, 2018 hearing.

Mr. Upton's situation is illustrative of the devastating harm caused by Defendants' ongoing substantial noncompliance.  Defendants' contumacious behavior is not merely a technical breach of the Stipulation.  It directly and severely injures many class members, and endangers the lives of all class members.  Mr. Upton's testimony will illustrate the human cost of Defendants' recalcitrance.  It is appropriate for the Court to consider Mr. Upton's testimony in determining appropriate contempt sanctions.

The Court, "in determining the amount and duration of a coercive fine, must 'consider the character and magnitude of the harm threatened by continued contumacy.'" *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992) (emphasis added) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)). Here, Defendants' contumacy is ongoing and undisputed; they still have not satisfied the performance measures to which they agreed, and which are necessary to remedy violations of class members' constitutional rights. To provide further evidence of the harm Defendants' contumacy continues to cause, Plaintiffs selected one single class member out of 34,000 to testify at the hearing. Plaintiffs' approach appropriately balances the costs, risks, and time involved. To rule that a single class member cannot testify to the harm caused by Defendants' substantial noncompliance would be to silence the Plaintiff class completely.

### B.     Mr. Upton is a minimal security risk.

Under *Wiggins*, in order to argue that testimony should be precluded because of a security risk, Defendants must make a specific argument regarding the security risk a particular prisoner presents. *See Foster v. Enenmoh*, No. 1:08-CV-01849-LJO, 2013 WL 6799177, at *2 (E.D. Cal. Dec. 20, 2013) ("Defendant has offered no evidence that these three inmates pose any particular security risk. They are serving prison sentences, but in the absence of any evidence of a heightened security risk, Defendant's argument is unavailing.").

In this case, Mr. Upton poses little or no security risk. He is a minimum custody prisoner. More to the point, he is 75 years old and has suffered the deleterious effects of untreated cancer since 2015. That is to say, he is a frail, often very sickly, elderly man.

### C.     Transportation and safekeeping costs will be minimal.

"Given the decision in *Wiggins*, Defendant's argument that the State should not bear the cost of transportation also fails. *Wiggins*, 717 F.2d at 468–69. Furthermore, the three inmates are all incarcerated at prisons close enough to the courthouse that their

1  transportation would present no exceptional issues from a cost standpoint." *Id.* at *2 (E.D.
2  Cal. Dec. 20, 2013).

3        Here, Mr. Upton is housed in ASPC-Florence, South Unit.   This unit is
4  approximately an hour to an hour and a half away from the courthouse where the hearing
5  will occur.  Mr. Upton will only require safekeeping away from his unit for one day; he
6  will not require overnight accommodations, and this will not require that his property "be
7  rolled up."  Defendants have previously transported multiple prisoners to testify in this
8  case without incident.  Defendants will incur minimal cost in producing Mr. Upton to
9  testify at the hearing on February 28, 2018.  When compared to the importance of his
10  testimony, this cost is negligible.  Thus, this factor tips strongly in favor of permitting
11  Mr. Upton's testimony.

12

13        **D.      Any delay in Mr. Upton's testimony cannot be sanctioned because he is
          extremely ill with untreated cancer.**

14        Mr. Upton suffers from progressive lymphoma that has not been treated
15  consistently since his diagnosis in 2015.  He suffers from anemia, weight loss, broken
16  bones, gastrointestinal upset, and other symptoms.  It is a distinct possibility that
17  Mr. Upton will either be too ill or will have passed away if the Court defers his testimony
18  to a later date.  This factor also favors the Court permitting Mr. Upton to testify.

19                              **CONCLUSION**

20        Accordingly, the Court should issue a writ of *habeas corpus ad testificandum*
21  ordering Mr. Upton's appearance to present testimony at the evidentiary hearing on
22  February 28, 2018.

23  Dated:  February 22, 2018              **EIDENBACH LAW, P.L.L.C.**

24

25                                By:   s/ Kirstin T. Eidenbach
                                     Kirstin T. Eidenbach (Bar No. 027341)
26                                   P. O. Box 91398
                                     Tucson, Arizona 85752
27                                   Telephone:  (520) 477-1475
                                     Email:    kirstin@eidenbachlaw.com
28

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     kbrody@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@aclu.org
           afettig@aclu.org
           vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1

2

**ARIZONA CENTER FOR DISABILITY LAW**

3

By:   s/ Asim Dietrich
Sarah Kader (Bar No. 027147)

4

Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202

5

Phoenix, Arizona 85034
Telephone:  (602) 274-6287

6

Email:    skader@azdisabilitylaw.org
            adietrich@azdisabilitylaw.org

7

8

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)

9

Jessica Jansepar Ross (Bar No. 030553)
Maya Abela (Bar No. 027232)

10

**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800

11

Tucson, Arizona 85701
Telephone:  (520) 327-9547

12

Email:
    rdalyrooney@azdisabilitylaw.org

13

        jrico@azdisabilitylaw.org
        jross@azdisabilitylaw.org

14

        mabela@azdisabilitylaw.org

15

*Attorneys for Arizona Center for Disability Law*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf