Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION [DOC. 2518]** |

LEGAL138704717.1

**INTRODUCTION**

Plaintiffs moved for attorneys' fees and costs incurred in enforcing the health care performance measures of the Stipulation through June 30, 3017. [Docs. 2276, 2433] On December 19, 2017 the Court issued a preliminary order regarding that motion (Doc. 2503), and Plaintiffs filed a motion to reconsider on the narrow issue of whether attorney fees are categorically unavailable for time expended by law clerks and for the reimbursement of copying costs. [Doc. 2518]  In response, Defendants attempt to re-litigate their claims about the appropriate hourly rate for legal services in this case and the level of detail required in billing—but none of these issues are the subject of Plaintiffs' Motion for Reconsideration.  Defendants utterly fail to challenge the well-established law that time reasonably spent by law clerks is compensable at market rates, and that out-of-pocket expenses that normally would be charged to a fee-paying client, such as photocopies, are also compensable under 42 U.S.C. § 1988.

**ARGUMENT**

**I.  PLAINTIFFS HAVE DEMONSTRATED THAT THE TIME EXPENDED BY LAW CLERKS AND EXPENDITURES FOR PHOTOCOPIES ARE COMPENSABLE.**

Defendants do not dispute that the law is well settled regarding the availability of fees for law clerks and reimbursement for photocopies.[1]  Indeed it is impossible to refute the existing Supreme Court and Ninth Circuit precedent supporting Plaintiffs' arguments.  *See, e.g.*, *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 286-89 (1989) (affirming

---

[1] Despite this acknowledgement of the applicable law and past practice for routine monitoring fees under paragraph 44 of the Stipulation, in Defendants' most recent response to Plaintiffs' Third Quarter Invoice for 2017, Defendants now claim that since the "Court ruled that Defendants are not required to pay for Plaintiffs' overhead costs" they will not reimburse time spent by law clerks, photocopying costs, telephone expenses, or mileage.  [*See* Declaration of David Fathi ¶ 3, Ex. A (Letter from L. Rand to D. Specter, January 18, 2018, at 3-4)]  Defendants are using the Court's Order to justify untenable positions entirely unsupported by the language of the actual Order.  The Court's Order said nothing about telephone costs or mileage not being compensable.  [Doc. 2503 at 1]  Moreover, the Ninth Circuit has clearly held that reimbursement for reasonable out-of-pocket expenses under 42 U.S.C. § 1988 includes travel and telephone costs.  *Woods v. Carey*, 722 F.3d 1177, 1179 n.1 (9th Cir. 2013).

LEGAL138704717.1

compensation for paralegal and law clerk time at market rates); *Woods*, 722 F.3d at 1179 n.1 (affirming that § 1988 allows reimbursement of photocopy costs).

Instead, Defendants attempt to re-litigate their arguments previously made in their response to Plaintiffs' Motion for Attorneys' Fees and Costs, but these arguments are irrelevant to the narrow issue presently before the Court. [Doc. 2518; Doc. 2503] This is an improper use of a motion to reconsider (or an opposition to a motion to reconsider), because such motions may not be used by a litigant simply to reargue any issue. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001); *see also Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (quoting *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (A motion for reconsideration is not an opportunity to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [] do not provide a basis for amending the judgment.")). Defendants' arguments are simply irrelevant to the issues before the Court on this narrow motion.[2]

### A.   Time Expended by Law Clerks is Compensable at the Requested Rate.

Defendants admit that time reasonably spent by law clerks is compensable under Section 1988. [Doc. 2589 at 3] But they attempt to re-argue the determination of the hourly rate for such billing. [*Id.* at 3-4] This issue was exhaustively briefed with supporting declarations in both Plaintiffs' Motion for Attorneys' Fees and the Reply Brief and need not be re-litigated here. [Doc. 2276 at 12-14; Docs. 2277-2280; Doc. 2433 at 7-9] Contrary to Defendants' argument that there are no economies to be achieved by using law clerks for some tasks, the ACLU National Prison Project's billing rate for law clerks is set at $160 per hour, consistent with the Laffey Matrix used in the District of Columbia. [Doc. 2277 at 4-5; Doc. 2277-5 at 12-14] This is below the rate for attorneys in this

---

[2] They are also repetitive. Defendants' brief is largely a rehash of their unauthorized "reply" to Plaintiffs' Court-ordered submission of amended time and expense records. [*Compare* Doc. 2575 *with* Doc. 2589]

1  matter, which is set by the PLRA and is currently $219 per hour.  [Doc. 2276 at 12]  As
2  Plaintiffs previously noted, reimbursing for law clerk time encourages efficient litigation
3  practices.[3]  [Doc. 2518 at 3]

### B. Expenditures for Photocopies are Compensable.

Defendants also do not dispute that copying costs are recoverable under Section 1988.  [Doc. 2589 at 4-5]  Instead, they attempt to rehash their meritless argument that every copy made must be directly tied to "prevailing party" status.  [*Id*.]  This argument is not within the scope of the present Motion for Reconsideration and Plaintiffs have already extensively responded to it in prior briefing.  [Doc. 2433 at 4-7]  Moreover, Defendants' claim that the copying fees requested are not "reasonable" because they allege that Plaintiffs do not adequately describe the nature of each copy made is unsupported by the facts or law.  [Doc. 2589 at 5]  Defendants cite *Agster v. Maricopa County*, 486 F. Supp. 2d 1005 (D. Ariz. 2007), but that case actually supports Plaintiffs' position.  In *Agster*, the court awarded the full amount of copying costs requested—$13,744.19 for outside copy costs and $41,572.15 for in-house copies—because plaintiffs had established that it was their normal business practice to require that each copy made be manually assigned a case number.  *Id*. at 1018.  In awarding costs, the court noted that it would be unduly burdensome to require users to type in a description of each copied document.  *Id*.  Here, Plaintiffs have established both that the copying costs requested were incurred in enforcing the provisions of the Stipulation and that the normal course of business requires that all copies are made by manually entering the pertinent case code for such enforcement.  [Doc. 2277 ¶¶ 9, 21]

---

[3] Plaintiffs addressed the rate for paralegals and law clerks in the San Francisco Bay area in their prior briefing.  [Doc. 2433 at 8]  The prevailing hourly rate for paralegals in that market is $250, so the Prison Law Office bills paralegals and law clerks at $219 an hour consistent with Ninth Circuit precedent.  *See Perez v. Cate*, 632 F.3d 553, 556-58 (9th Cir. 2011) (paralegal fees are subject to the same hourly cap under the PLRA as attorney fees where paralegal market rates are higher than the established PLRA rate).

# CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion for Reconsideration of its December 19, 2017 order and rescind that portion of its order appearing at Doc. 2503 at 1:20-21.

Dated: February 22, 2018                    **ACLU NATIONAL PRISON PROJECT**

By: s/ Amy Fettig
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@aclu.org
             afettig@aclu.org
             vlopez@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   kbrody@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:   dspecter@prisonlaw.com
             ahardy@prisonlaw.com
             snorman@prisonlaw.com
             ckendrick@prisonlaw.com
             rlomio@prisonlaw.com

*Admitted *pro hac vice*

| | |
|---|---|
| 1 | Daniel C. Barr (Bar No. 010149) |
| | Amelia M. Gerlicher (Bar No. 023966) |
| 2 | John H. Gray (Bar No. 028107) |
| | **PERKINS COIE LLP** |
| 3 | 2901 N. Central Avenue, Suite 2000 |
| | Phoenix, Arizona 85012 |
| 4 | Telephone: (602) 351-8000 |
| | Email:   dbarr@perkinscoie.com |
| 5 |           agerlicher@perkinscoie.com |
| |           jhgray@perkinscoie.com |
| 6 | |
| | Kirstin T. Eidenbach (Bar No. 027341) |
| 7 | **EIDENBACH LAW, P.L.L.C.** |
| | P. O. Box 91398 |
| 8 | Tucson, Arizona 85752 |
| | Telephone: (520) 477-1475 |
| 9 | Email:   kirstin@eidenbachlaw.com |
| 10 | Caroline Mitchell (Cal. 143124)* |
| | **JONES DAY** |
| 11 | 555 California Street, 26th Floor |
| | San Francisco, California 94104 |
| 12 | Telephone: (415) 875-5712 |
| | Email:   cnmitchell@jonesday.com |
| 13 | |
| | *Admitted *pro hac vice* |
| 14 | |
| | John Laurens Wilkes (Tex. 24053548)* |
| 15 | **JONES DAY** |
| | 717 Texas Street |
| 16 | Houston, Texas 77002 |
| | Telephone: (832) 239-3939 |
| 17 | Email:   jlwilkes@jonesday.com |
| 18 | *Admitted *pro hac vice* |
| 19 | *Attorneys for Plaintiffs Shawn Jensen;* |
| | *Stephen Swartz; Sonia Rodriguez; Christina* |
| 20 | *Verduzco; Jackie Thomas; Jeremy Smith;* |
| | *Robert Gamez; Maryanne Chisholm;* |
| 21 | *Desiree Licci; Joseph Hefner; Joshua* |
| | *Polson; and Charlotte Wells, on behalf of* |
| 22 | *themselves and all others similarly situated* |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

LEGAL138704717.1                                     -5-

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

<table>
<tr><td>
Michael E. Gottfried<br>
Lucy M. Rand<br>
Assistant Arizona Attorneys General<br>
Michael.Gottfried@azag.gov<br>
Lucy.Rand@azag.gov
</td><td>
Daniel P. Struck<br>
Rachel Love<br>
Timothy J. Bojanowski<br>
Nicholas D. Acedo<br>
Ashlee B. Hesman<br>
Jacob B. Lee<br>
Kevin R. Hanger<br>
Timothy M. Ray<br>
Richard M. Valenti<br>
Jamie D. Guzman<br>
STRUCK LOVE BOJANOWSKI & ACEDO, PLC<br>
dstruck@strucklove.com<br>
rlove@strucklove.com<br>
tbojanowski@strucklove.com<br>
nacedo@strucklove.com<br>
ahesman@strucklove.com<br>
jlee@strucklove.com<br>
khanger@strucklove.com<br>
tray@strucklove.com<br>
rvalenti@strucklove.com<br>
jguzman@strucklove.com
</td></tr>
</table>

*Attorneys for Defendants*

Sarah Kader
Asim Dietrich
Rose A. Daly-Rooney
J.J. Rico
Jessica Jansepar Ross
Maya Abela
ARIZONA CENTER FOR DISABILITY LAW
skader@azdisabilitylaw.org
adietrich@azdisabilitylaw.org
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

s/ D. Freouf

LEGAL138704717.1                    -6-