# EXHIBIT A



| MARK BRNOVICH<br>ATTORNEY GENERAL | OFFICE OF THE ARIZONA ATTORNEY GENERAL<br>STATE GOVERNMENT DIVISION<br>LIABILITY MANAGEMENT SECTION | LUCY M. RAND<br>ASSISTANT ATTORNEY GENERAL<br>DIRECT LINE: (602) 542-7683<br>Lucy.Rand@azag.gov |
|---|---|---|

January 18, 2018

<u>**VIA ELECTRONIC MAIL**</u>:

Donald Specter
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710-1916
dspecter@prisonlaw.com

    Re:    <u>**Plaintiffs' 2017 Third Quarter Invoice**</u>
            *PARSONS, et al. v. RYAN, et al., USDC CV12-00601-DKD*

Dear Don:

    This letter addresses Plaintiffs' invoices[1] submitted for the period from July 1 through September 30, 2017, for reimbursement of fees and costs performed in monitoring the Stipulation pursuant to Paragraph 44 of the Stipulation. (Dkt. 1185 at 15).[2]

    Defendants dispute fee and expense billing entries as explained below and request their removal from the invoice and/or supplementation as indicated:

    1.    **Paralegal Hourly Rate is Unjustifiably Inflated:** Plaintiffs continue to bill their paralegals at the same hourly rate as their attorneys[3] without justification (meritorious or otherwise). Defendants reiterate their position that these fees are excessive, contrary to the legal-industry standard and practice, and not permitted under the Stipulation or the PLRA. (05/12/16 Rand LTR to Specter; 09/29/16 Rand LTR to Specter; 11/16/16 Rand LTR to Specter; 05/19/17 Rand LTR to Specter; and August 2, 2017 Rand LTR to Specter.) It is a well-established legal-industry standard and practice to bill paralegals at an hourly rate lower than attorneys. The PLO has provided no explanation as to why their billing policy is inconsistent with

---

[1] Plaintiffs submitted the following invoices: PLO's "Professional Services" Invoice ("PLO Fees Invoice"); PLO "Additional Charges" Invoice ("PLO Expense Invoice"); ACLU-NPP Fees Invoice; ACLU-NPP Expense Invoice; and Kirstin Eidenbach's Invoice.

[2] In responding, Defendants do not waive their right to dispute any billing item not addressed herein at any time in the future.

[3] In 2015, Plaintiffs' hourly attorney rate was $213.00 per hour. In 2016, Plaintiffs raised their hourly attorney rate to $216.00 per hour. In 2017, Plaintiffs raised their hourly attorney rate to $219.00 per hour.

Donald Specter
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
January 18, 2017
Page 2 of 5

    the legal-industry standard or why their paralegals merit billing at the same rate as attorneys.  Additionally, the PLO's co-counsel, the ACLU, bills in accordance with the legal-industry standard and practice, which supports the argument that the PLO is unjustifiably inflating their paralegals hourly billing rate.

2. **Double-Billing and insufficient information (ACLU-NPP Fees Invoice at pages 7 (75955, 75958), 13 (76341, 76350)):** It appears Plaintiffs have double-billed for work.  One billing entry by DF (David Fathi) dated August 11, 2017 for 0.20 hours states "Review, respond to last night's emails" (75955) and a second billing entry by DF dated the same date for 0.30 hours states "Review Rand emails regarding document production; draft request for next monthly document production" (75958).  On another date, one billing entry by DF dated August 31, 2017 for 0.20 hours states "Review last night's emails" (76341) and a second billing entry by DF dated the same date for 0.20 hours states "Review, respond to emails regarding Perryville tour" (76350).  Additionally, as to two of the billing entries (75955 and 76341), it is unclear as to what work is being performed, whether the billing entry belongs to this case, and how the work described relates to monitoring under the Stipulation.  (Dkt. 1185 at ¶ 44.)

3. **Insufficient Information:** Plaintiffs are in the business of communicating with prisoners, lawyers, and prisons for this lawsuit, other lawsuits, and when no lawsuit has been filed.  Plaintiffs submitted entries that do not provide sufficient detail to indicate whether the work performed is related to the *Parsons* lawsuit or how the work relates to monitoring under the Stipulation.  Defendants dispute the below-listed billing entries and request their removal from the invoices, or Plaintiffs may provide supplemental information for reconsideration for reimbursement.

    3.1. **MAB Multiple Dates (PLO Fees Invoice at pages 1 (07/03/17 0.80), 2 (07/07/17 0.60), 3 (07/11/17 0.10), and 4 (07/18/17 0.20, 07/19/17 0.10)):** Throughout the *Parsons v. Ryan* litigation, the abbreviation "IR" has been defined to mean an Information Report, and Plaintiffs have not advised Defendants that this abbreviation has changed or has more than one meaning. Staff member MAB (Mae Ackerman-Brimberg) described work performed in multiple billing entries using the "IR" abbreviation.  These billing entries are unclear as to what work is being performed, whether the billing entry belongs to this case, and how the work described relates to monitoring under the Stipulation.  (Dkt. 1185 at ¶ 44.)

    3.2. **08/15/2017 CK 1.80 (PLO Invoice at 8)** - "revised/rewrote sections of legal mail handout": This billing entry does not indicate how the work described relates to monitoring under the Stipulation.  (Dkt. 1185 at ¶ 44.)

    3.3. **08/15/2017 RL 0.40 (PLO Invoice at 8)** - "Revise two advocacy letters … and *revise medical records*" (emphasis added): This billing entry appears to describe work—revising medical records—that is not performed pursuant to or related to the Stipulation.  (Dkt. 1185 at ¶ 44.)

3.4. **09/20/2017 CK 0.50 (PLO Invoice at 14)** - "Phone call with daughter of deceased class member": This billing entry does not indicate how the work described relates to monitoring under the Stipulation. Not every inmate who dies is a class or subclass member and not every conversation about a deceased inmate is performed pursuant to the Stipulation. (Dkt. 1185 at ¶ 44.)

3.5. **09/14/2017 AH 0.50 (PLO Invoice at 14)** - "reviewed health record, memo re same": This billing entry does not indicate how the work described relates to monitoring under the Stipulation. (Dkt. 1185 at ¶ 44.)

3.6. **09/29/2017 CK 0.50 (PLO Fees Invoice at 16):** Phone **"call with local atty.** Because the PLO is located in San Francisco, California, it is reasonable to believe that this billing entry was made by a California attorney and inadvertently erroneously billed to this case because the entry does not state that the attorney was representing an Arizona inmate. Additionally, the billing entry does not state how the work described relates to monitoring under the Stipulation. (Dkt. 1185 at ¶ 44.)

3.7. **Multiple Dates (PLO Fees Invoice at pages 6 (07/28/17 CK 0.80) and 7 (08/08/17 AN 0.40)** - "drafted letters to 10 prisoners" and "triage 5 letters", respectively. The billing entries do not indicate whether they belong to this case or how they relate to monitoring under the Stipulation. (Dkt. 1185 at ¶ 44.)

3.8. **Multiple Dates (ACLU-NPP Fees Invoice at pages 1 (75620), 3 (75699, 75702, 75707-08), 4 (75929), 5 (75932), 6 (76073), 8 (76086, 76036), 10 (76326), 11 (76562), 15 (76586), 16 (76590, 76593, 76595, 77002, 77001), 17 (77000, 77005, 77183, 76863), 18 (76867, 76793, 76865, 76868), 19 (76871, 77182, 77011), 20 (77014, 77013, 77018), 21 (77179)).** These billing entries do not indicate whether they belong to this case or how they relate to monitoring performed under the Stipulation. (Dkt. 1185 at ¶ 44.)

4. **Law Clerks (ACLU Fees Invoice at 2 (75557, 75590, 75559, 75593), 3 (75747), 14 (76356)):** The ACLU (DF) billed $1,729.70 ($416.00+$464.00+$320.00+$336.00 +$128.00+$65.70). The Court ruled that Defendants are not required to pay for Plaintiffs' overhead costs and specifically listed time related to law clerks. (Dkt. 2503 at 1.)

5. **Expenses:** Defendants dispute the below-listed expense entries and request their removal from the invoices, revision as specified, or Plaintiffs may provide supplemental information for reconsideration for reimbursement.

   5.1. **08/31/17 CK $80.33 (PLO Expense Invoice at page 2)** – Dinner for CK and SNH: Plaintiffs meal expense of $80.33 for two people is excessive, especially in light of Plaintiffs' claims that the $250,000 annual amount for

which Plaintiffs agreed to monitor the Stipulation is insufficient and must be raised. Defendants will reimburse Plaintiffs for $40.00, which is in line with Plaintiffs' $38.59 meal expense for two people (CK and SNH) on August 28, 2017 and Plaintiffs' $80.00 meal expense for four people (CK, SNH, KE, AF) on August 29, 2017.

5.2. **08/31/17 CK $7.28 (PLO Expense Invoice at page 2)** – Coffee for CK and SNH: Defendants object to reimbursing Plaintiffs for gourmet coffee drinks and also because the same two people billed for an $80.33 dinner at the same time. (See paragraph immediately above.)

5.3. **08/31/17 CK $20.51 (PLO Expense Invoice at page 2)** – Mileage from-to residence to airport: The Court ruled that Defendants are not required to pay for Plaintiffs' overhead costs, such as mileage for wear and tear on a personal vehicle. (Dkt. 2503 at 1.)

5.4. **09/01/17 VL $5.96 (ACLU Expense Invoice at 3)** – Starbucks: Defendants object to reimbursing Plaintiffs for gourmet coffee drinks, especially in light of Plaintiffs' claims that the $250,000 annual amount for which Plaintiffs agreed to monitor the Stipulation must be increased because it is insufficient.

5.5. **09/08/17 AF $34.66 (ACLU Expense Invoice at 4)** – Dinner for A. Fettig and V. Lopez: When Plaintiffs incurred this expense, there was no site visit occurring, as the site visits were completed on September 1, 2017.

5.6. **09/19/17 PLO $31.80 (PLO Expense Invoice at page 2)** - "Echo Translations - Letter to client translated in Spanish": This billing entry does not state whether it is related to this case and how it relates to monitoring under the Stipulation. (Dkt. 1185 at ¶ 44.)

5.7. **Photocopying (ACLU Expense Invoice at 1 (75767), 2 (76371), 3 (76990); PLO Expense Invoice at page 2):** The ACLU billed $1,838.00 ($704.50+$511.25+$622.25) and the PLO billed $1,393.00 for photocopies and provided no detail or description for the bulk charges. Additionally, the Court ruled that Defendants are not required to pay for Plaintiffs' overhead costs and specifically listed costs of copies as overhead costs. (Dkt. 2503 at 1.)

5.8. **Long-distance communication charges (ACLU Expense Invoice at 1 (76512), 2 (76518), 4 (77145)):** The ACLU billed $40.42 ($13.54+$11.86+$15.02) for long-distance calls and provided no detail or description for the charge(s). Further, the Court ruled that Defendants are not required to pay for Plaintiffs' overhead costs. (Dkt. 2503 at 1.)

5.9. **Pacer Charges (ACLU Expense Invoice at 1 (77174, 75500, 75501, 75498, 77176)):** The ACLU billed for Pacer Charges totaling $119.500

Donald Specter
*PARSONS, et al. v. RYAN, et al.*, USDC CV12-00601-DKD
January 18, 2017
Page 5 of 5

($4.60+$65.00+$14.30+$18.70+$16.90) and provide no detail or description for the bulk charges. As a party to the *Parsons* lawsuit, Plaintiffs receive free access to the lawsuit filings for up to three people for every lawyer who is listed as an attorney of record. Further, if one attorney did not download a copy of a filing, the person should ask co-counsel to email them a free copy—which is what Defendants' counsel does.

Based on the above-listed disputes, Defendants will request reimbursement for the following undisputed amount of fees and expenses:

|   | Attorney Fees | Paralegal Fees | Expenses | TOTAL |
|---|---|---|---|---|
| **ACLU** | $16,731.60 | $9,424.00 | $2,080.77 | $28,236.7 |
| **PLO** | $44,150.40 | $21,492.60 | $2,664.07 | $68,307.07 |
| **EIDENBACH** | $17,498.10 | 0.00 | 0.00 | $17,498.10 |
| **TOTAL:** | $78,380.10 | $30,916.60 | $4,744.84 | **$114,041.54** |
| **Budget Bal.:** | | | | 59,804.16 |

(See detailed chart of calculations at Attachment 1, attached herto.) Defendants are submitting authorization for payment of $59,804.16 for payment, which is the remainder of Plaintiffs' annual monitoring budget balance for 2017.

Should you have any questions, please do not hesitate to call.

Sincerely,

Lucy M. Rand,
Assistant Attorney General

Atts.

cc:   Brad Keogh
      Richard Pratt
      Michael Gottfried
      Dan Struck
      Timothy Bojanowski

#6756492
2005 N. CENTRAL AVENUE, PHOENIX, ARIZONA 85004-1592 ● PHONE: 602-542-1645 ● FAX: 602-542-7670