1
Arizona Attorney General Mark Brnovich
Office of the Attorney General
2
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
3
15 South 15th Avenue
Phoenix, Arizona 85007
4
Telephone: (602) 542-1645
Fax: (602) 542-3393
5
Michael.Gottfried@azag.gov

6
Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
7
Timothy J. Bojanowski, Bar No. 022126
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
8
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
9
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
10
dstruck@strucklove.com
rlove@strucklove.com
11
tbojanowski@strucklove.com

12
*Attorneys for Defendants*

13
## UNITED STATES DISTRICT COURT
14
## DISTRICT OF ARIZONA

15
Victor Parsons, *et al.*, on behalf of themselves
and all others similarly situated; and Arizona
16
Center for Disability Law,
                                        Plaintiffs,
17
                v.
18
Charles Ryan, Director, Arizona Department
of Corrections; and Richard Pratt, Interim
19
Division Director, Division of Health Services,
Arizona Department of Corrections, in their
20
official capacities,
                                        Defendants.

NO. 2:12-cv-00601-DKD

**DEFENDANTS' MOTION FOR MAGISTRATE JUDGE DUNCAN TO DISQUALIFY HIMSELF**

**AND**

**MOTION FOR REASSIGNEMNT OF CASE FOR EVIDENTIARY AND CONTEMPT HEARINGS, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

21

22

23

24

25

26

27

28

Defendants Charles Ryan and Richard Pratt respectfully request Magistrate Judge Duncan to disqualify himself from all further proceedings and from ruling on Defendants' contemporaneously-filed Motion to Disqualify.  They also request reassignment of this case to another judge or magistrate judge to preside over the upcoming evidentiary and contempt hearings, or, in the alternative, a stay of all proceedings until Defendants' Motion to Disqualify is finally resolved.

## Motion for Magistrate Judge Duncan to Disqualify Himself From All Further Proceedings and From Considering Motion to Disqualify

In light of the evidence and arguments presented in Defendants' Motion to Disqualify, including evidence and arguments that Magistrate Judge Duncan should be disqualified from all proceedings because of his actual and apparent bias against Defendants, Magistrate Judge Duncan should disqualify himself from all further proceedings and from ruling on that Motion.  Instead, the Motion to Disqualify should be referred for resolution to either the Chief Judge (The Honorable Raner C. Collins) or the Article III judge assigned to this case (The Honorable Diane J. Humetewa).

28 U.S.C. § 455 permits the "transfer of a recusal motion for determination by another judge" when the judge has been asked to disqualify himself for apparent or actual bias.  *See United States v. Craig*, 853 F. Supp. 1413, 1415 (S.D. Fla. 1994) (noting that a judge may "opt to refer the matter to another judge for decision"); *accord R.E. Serv. Co., Inc. v. Johnson & Johnston Assocs., Inc.*, 1995 WL 594859, at *1 (N.D. Cal. Oct. 6, 1995) (judge has the option "to refer the matter to the Court's Assignment Committee for assignment to another judge for purposes of hearing and deciding the motion") (citing *Preston v. United States*, 923 F.2d 731 (9th Cir. 1991)).  The chief judge also has the inherent discretion to determine in the first instance whether another judge should be disqualified under § 455.  *See Craig*, 853 F. Supp. at 1415 (holding chief judge "has the inherent authority to handle the disqualification motion at issue as there is no express authority to the contrary, and because it is a reasonable and practical solution to the problem") (Internal quotation marks omitted).

1

Given the allegations of apparent and actual bias raised in the Motion to Disqualify, Magistrate Judge Duncan should disqualify himself from resolving the Motion to Disqualify, and it should be referred to either Judge Collins or Judge Humetewa.  *See Bettis v. Toys R Us*, 646 F. Supp. 2d 1273, 1276 (S.D. Fla. 2009) (district court judge referring motion to disqualify to a magistrate judge to determine in the first instance); *Bronick v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 2390251, at *2 (D. Ariz. May 30, 2013) (district court judge recusing self from determining grounds for disqualification under § 455, and referring the motion to another district court judge "in an abundance of caution").

### Motion for Reassignment of Case for Upcoming Evidentiary and Contempt Hearings, or, Alternatively, to Stay the Proceedings Pending Resolution of the Motion to Disqualify

An evidentiary hearing is currently scheduled for February 27, 2018.  The basis for that hearing—the allegations in the KJZZ article regarding attempts to "beat the monitor"—is one of the grounds for Defendants' Motion to Disqualify Magistrate Judge Duncan:  he improperly conducted internet research and relied on that extra-judicial source to set an evidentiary hearing.  There is also a hearing set for February 28, 2018, regarding whether Defendants should be held in contempt for non-compliance with certain performance measures.

While Defendants are ready to move forward with both hearings, they are entitled to due process and the opportunity to be heard by an impartial judge.  Given the evidence and arguments in the Motion to Disqualify, a reasonable observer would question whether they can be afforded either or both.  Accordingly, Defendants request that this case be reassigned to a different judge or magistrate.  *See Carter v. Sea Land Services, Inc.,* 816 F.2d 1018, 1021 (5th Cir. 1987) (holding courts may consider "the possibility of bias or prejudice on the part of the magistrate" when determining whether to vacate referral for exceptional circumstances); *Miami Valley Carpenters Dist. Council Pension Fund v. Scheckelhoff*, 123 F.R.D. 263, 265 (S.D. Ohio 1988) (noting Rule 73 motion to vacate

referral for "exceptional circumstances" appropriate "where a magistrate is disqualified under 28 U.S.C. § 144 or 455"); *cf. United States v. Wells*, 879 F.3d 900, 938 (9th Cir. 2018) (granting appellant's request for reassignment of judge on remand "to preserve the appearance of justice and order" based on apparent bias of judge's comments).

Although LRCiv. 72.1(a) permits a district court judge to reassign these proceedings by "automated random selection," in the interest of judicial economy, Defendants propose reassignment of the proceedings to the Honorable Bridget S. Bade, who has presided over mediations between the parties in this matter and is therefore already familiar with the issues in this case.

Alternatively, Defendants request a stay of the proceedings until the merits of their Motion to Disqualify are resolved.  The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254-255 (1936). Again, because of Defendants' pending Motion to Disqualify, the proceedings should not move forward until that Motion is resolved to remove even the appearance of unfairness.  *See Preston*, 923 F.2d at 735-36 ("We recognize that this case has been tried once to judgment and that a retrial will involve considerable additional expense, perhaps with the same result as the first trial. This is unfortunate. It prompts us to repeat the words of the Fifth Circuit that '[t]he unfairness and expense which results from disqualification ... can be avoided in the future only if each judge fully accepts the obligation to disqualify himself in any case in which his impartiality might reasonably be questioned.'") (quoting *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1115 (5th Cir 1980)).

## CONCLUSUION

For these reasons, and those stated in Defendants' Motion to Disqualify, Defendants respectfully request that Magistrate Judge Duncan disqualify himself from all further proceedings and from determining the Motion to Disqualify. Defendants additionally request that the upcoming evidentiary hearings are reassigned to Magistrate

3

Judge Bade, or, alternatively, the proceedings are stayed until their Motion to Disqualify is finally resolved.

DATED this 23rd day of February 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Daniel P. Struck
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried
Assistant Attorneys General
15 South 15th Avenue
Phoenix, Arizona 85007

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:            ahardy@prisonlaw.com

Amelia M. Gerlicher:     agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:           afettig@npp-aclu.org

Asim Dietrich:           adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:    cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:      ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:     DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:       dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:          dspecter@prisonlaw.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:        jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:     jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:      jrico@azdisabilitylaw.org

Kathleen E. Brody:       kbrody@acluaz.org

Kirstin T. Eidenbach:    kirstin@eidenbachlaw.com

Maya Abela              mabela@azdisabilitylaw.org

Rose Daly-Rooney:        rdalyrooney@azdisabilitylaw.org

Sara Norman:             snorman@prisonlaw.com

Sarah Eve Kader:         skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio:           rlomio@prisonlaw.com

Victoria Lopez:          vlopez@aclu.org

5

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck