1    WO

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

9    Victor Antonio Parsons, et al.,          No.  CV-12-0601-PHX-DKD

10                Plaintiffs,

11   v.                                        **ORDER**

12   Charles L. Ryan, et al.,

13                Defendants.

       The plain language of the Stipulation is silent about how to determine when a specific Performance Measure at a specific prison facility is non-compliant with the Stipulation such that the Stipulation's non-compliance procedures are triggered.  (Doc. 1185-1 at ¶¶ 10, 20, 30, 31)  The Court attempted to craft a workable solution that mirrored another aspect of the Stipulation:  the termination of the obligation to continue monitoring performance measures rests upon the satisfaction of two criteria.  The Court therefore concluded that a finding of non-compliance would require a showing that a PM/location had violated both criteria.  (Docs. 2030, 2118)  Because questions remain, the parties have filed a Joint Motion for Clarification.  (Doc. 2561)

       The core question is what to do with PM/locations where the CGARs show compliance with one exit criterion but not the other.  In other words, there are PM/locations that have been in compliance for 18 out of the last 24 months but have also had three or more consecutive months without compliance in the last 18 months (or vice versa).  *Compare* Stipulation at ¶¶ 10(b)(i), 20(b)(i) *with* ¶¶ 10(b)(ii), 20(b)(ii).  Thus,

under the Court's current interpretation, a PM/location that satisfies one of the Stipulation's exit criterion and violates the other exit criterion would not be subject to a remediation plan but also would not be eligible to exit the Stipulation. This purgatory category of PM/locations, created unintentionally by the Court's orders, should not exist. It is unmoored from the plain language of the Stipulation, illogical, and does not promote the efficient administration of the Stipulation.

The Court concludes, based on further experience with reviewing Defendants' compliance with the Stiuplation, that the logical answer must be that *either* a violation of Section (b)(i) *or* a violation of Section b(ii) is necessary and sufficient to establish a finding of non-compliance. The Court understands that there will be PM/locations where the more recent history has been consistently compliant and so a finding of non-compliance may not require the immediate imposition of a remediation plan. The Court has already addressed these situations and is confident it can do so in the future.

**IT IS THEREFORE ORDERED** granting the Joint Motion for Clarification. (Doc. 2561)

Dated this 26th day of February, 2018.

_____
David K. Duncan
United States Magistrate Judge