UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | |
|---|---|
| Victor Parsons, et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>        Plaintiffs,<br><br>        vs.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their Official capacities,<br><br>        Defendants. | No. **CV 12-00601-PHX-DKD**<br><br>Phoenix, Arizona<br>February 14, 2018<br>4:31 p.m. |

**BEFORE:   THE HONORABLE DAVID K. DUNCAN, MAGISTRATE JUDGE**

<u>REPORTER'S TRANSCRIPT OF PROCEEDINGS</u>

(*Telephonic Status Hearing*)

Official Court Reporter:
Laurie A. Adams, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 43
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1                    A P P E A R A N C E S

 2   For the Plaintiffs:

 3            PRISON LAW OFFICE
              By:  Corene Kendrick, Esq.
 4            1917 5th Street
              Berkeley, CA 94710
 5
              ACLU - Washington DC
 6            By:  David C. Fathi, Esq.
              915 15th Street NW
 7            7th Floor
              Washington, DC 20005
 8
              EIDENBACH LAW PC
 9            By:  Kirstin T. Eidenbach, Esq.
              P.O. Box 91398
10            Tucson, AZ 85752

11            ARIZONA CENTER FOR DISABILITY LAW - Tucson, AZ
              By:  Maya S. Abela, Esq.
12            177 N. Church Avenue
              Suite 800
13            Tucson, AZ 85701

14   For the Defendants:

15            STRUCK LOVE BOJANOWSKI & ACEDO PLC
              By:  Rachel Love, Esq.
16            3100 W. Ray Road
              Suite 300
17            Chandler, AZ 85226

18   For Corizon:
              FENNEMORE CRAIG PC - Phoenix, AZ
19            By:  Todd S. Kartchner, Esq.
              2394 E. Camelback Road
20            Suite 600
              Phoenix, AZ 85016

21

22

23

24

25
```

```
 1                      P R O C E E D I N G S
 2            THE MAGISTRATE JUDGE CLERK:  Civil Case Number 12-601,
 3   Parsons, et al., versus Ryan, et al., on for telephonic status
 4   hearing.
 5            THE COURT:  Would those on the telephone please            04:31PM
 6   announce.
 7            MR. FATHI:  Good afternoon, Your Honor.  David Fathi
 8   of the ACLU National Prison Project for the plaintiff class.
 9            THE COURT:  Thank you.
10            MS. KENDRICK:  Corene Kendrick from the Prison Law         04:32PM
11   Office for the plaintiff class.
12            MS. EIDENBACH:  Kirsten Eidenbach for the prisoner
13   plaintiff class.
14            THE COURT:  Thank you.
15            MS. ABELA:  Maya Abela for the Arizona Center for          04:32PM
16   Disability Law.
17            THE COURT:  Thank you.
18            MS. LOVE:  Rachel Love for defendants.
19            THE COURT:  Thank you.
20            MS. LOVE:  And Todd Kartchner for Corizon is listening     04:32PM
21   in.
22            THE COURT:  Thank you.
23            Who should go first?
24            MS. KENDRICK:  Well, this is Corene Kendrick, Your
25   Honor.                                                              04:32PM
```

|   |   |   |
|---|---|---|
| 1 | After we notified the Court on Monday that we hadn't | |
| 2 | received any documents from Corizon, we did get two productions | |
| 3 | and then we got a third production yesterday.  So we're in the | |
| 4 | process of working with the law firm co-counsel to convert them | |
| 5 | to a format that the non-profits can review. | 04:32PM |
| 6 | But we just wanted to notify the Court of where we | |
| 7 | were in the status, because to date we have about 29,000 pages | |
| 8 | of documents.  And the notice that Ms. Love filed yesterday | |
| 9 | said that they anticipate Corizon will complete the production | |
| 10 | by this Friday the 16th.  However, since Monday is President's | 04:33PM |
| 11 | Day and is a holiday, we're probably not going to get the final | |
| 12 | batch converted into a format where we can even review it until | |
| 13 | Tuesday, which is one week before the hearing. | |
| 14 | And so what we wanted to inform the Court of is that | |
| 15 | we are prepared to go forward on 27th and we will start | 04:33PM |
| 16 | presenting evidence and calling witnesses, including Dr. | |
| 17 | Watson.  But we just wanted to notify the Court right now we | |
| 18 | may need to recall people and we're not going to be able to | |
| 19 | review what Corizon has produced because they just started | |
| 20 | producing on Monday. | 04:33PM |
| 21 | THE COURT:  Well, you have made your notification, and | |
| 22 | we'll see how far you get.  And if there are issues that create | |
| 23 | prejudice at the hearing, we'll address them at that time. | |
| 24 | MS. KENDRICK:  Okay. | |
| 25 | MS. LOVE:  Your Honor, this is Rachel Love. | 04:34PM |

1          On behalf of defendants, our concern with moving
2  forward on the dates now is that if plaintiffs' counsel haven't
3  been able to get through the review of those voluminous
4  documents at issue it's, in our view, doesn't make sense to
5  start a hearing if they haven't been able to review all the                04:34PM
6  evidence before we start a hearing as this is akin to starting
7  a trial in the middle of the discovery.  Witnesses may need to
8  be recalled.  There may be evidence later that we spend will
9  significant time on examining a witness, yet later once
10 additional documents are reviewed it may become a non-issue.              04:34PM
11 So that is our concern as to efficiency cost to both of the
12 parties and prejudice as to the weight of the evidence as
13 presented if the full story and the full amount of information
14 is not known before we go forward.
15         THE COURT:  Well, if this were a trial, I'd have a                04:35PM
16 known end date.  I don't have a known end date, and so I really
17 am anxious to get through as much as I can as quickly as I can
18 on this very important question.  So we'll go forward and hope
19 that everybody is able to do the best they can.  If it turns
20 out there is prejudice, we'll consider that argument at that              04:35PM
21 point and make an argument based upon what we have accomplished
22 and what we are told we have yet to do.  So we'll stick with
23 those dates.
24         Anything else?
25         MS. LOVE:  From defendants' side, the brief from                  04:35PM

| | | |
|---|---|---|
| 1 | Corizon as to their request for participation in the trial or | |
| 2 | in the hearing is also still pending.  We just wanted to bring | |
| 3 | that to light requesting that a ruling be made prior to the | |
| 4 | hearing because that will determine resources as to which | |
| 5 | attorneys, whether it's ADC or Corizon attorneys, will be | 04:35PM |
| 6 | preparing and questioning witnesses. | |
| 7 |       THE COURT:  And I anticipated that, but I am a couple | |
| 8 | of days, honestly, behind of where I wanted to be.  But I have | |
| 9 | made a ruling, and it will issue first thing in the morning. | |
| 10 |       MS. LOVE:  Thank you, Your Honor. | 04:36PM |
| 11 |       MS. KENDRICK:  Your Honor, this is Corene Kendrick. | |
| 12 | Just one other thing.  As defendants noted in their notice | |
| 13 | yesterday that was filed at Docket 2588, they withheld a | |
| 14 | universe of documents that they deemed to be, quote, personal | |
| 15 | communications which we believe should be produced because they | 04:36PM |
| 16 | were captured by the agreed-upon search terms and there's no | |
| 17 | privilege associated with them.  And so that's something we | |
| 18 | would need a ruling from you on. | |
| 19 |       THE COURT:  Have you all met and conferred on what | |
| 20 | this issue presents?  I don't know what personal -- how the | 04:36PM |
| 21 | defendants are defining personal communications. | |
| 22 |       MS. KENDRICK:  Nor do we. | |
| 23 |       MS. LOVE:  Your Honor, this is Rachel Love.  We have | |
| 24 | not met and conferred at all on this issue.  And again, as we | |
| 25 | notified the Court, we have a universe of -- as the attorneys | 04:36PM |

|   |   |   |
|---|---|---|
| 1 | have reviewed all the ADC documents and have had a universe of |   |
| 2 | a potential approximate 1,000 e-mails that we have put in the |   |
| 3 | category of personal.  We drew a sample today -- yeah, personal |   |
| 4 | private information that isn't relevant or responsive.  I can |   |
| 5 | give you some examples, and this is why we need to meet and | 04:37PM |
| 6 | confer with the plaintiffs' counsel on this.  But this is also |   |
| 7 | a product of, you know, defendants' position that the search |   |
| 8 | terms were very broad to begin with. |   |
| 9 | For instance, the personal nature of the e-mails are |   |
| 10 | the custodians, for instance, e-mailing out their own personal | 04:37PM |
| 11 | real estate contracts that in a header, an e-mail footer, has |   |
| 12 | the word noncompliance in it.  There is an example of a |   |
| 13 | custodian forwarding on protected and private information |   |
| 14 | regarding their child's school records.  There is, for |   |
| 15 | instance, someone forwarded on a real estate -- another real | 04:38PM |
| 16 | estate contract where the word "penalty" appeared in the real |   |
| 17 | estate contract that was attached to the e-mail.  There was |   |
| 18 | someone who forwarded on a homeowner's insurance policy, and in |   |
| 19 | the homeowner's insurance policy, the search term that was used |   |
| 20 | in this case of sign, or signs and penalty came up because it's | 04:38PM |
| 21 | in the coverage provisions of this person's homeowner's policy. |   |
| 22 | There's also another example of, for instance, the |   |
| 23 | word backlog.  It came up in somebody's e-mail as to logging |   |
| 24 | their exercise and fitness program where a category was |   |
| 25 | backlogged.  So that's the kind of information that we're | 04:38PM |

1    culling through.  But those were five examples of what seems to
2    be the general of what we're talking about.
3            THE COURT:  Okay.  If that's the only kind of
4    information that you are using to define personal, information
5    that somebody has put in an e-mail that is -- that captured by                04:39PM
6    the search terms that have been employed but in which the
7    e-mail is entirely free of any information related to this
8    litigation other than the fact that it was e-mail engaged in
9    with people who are either state employees or employees of,
10   say, a contractor or other people that have been -- I gather               04:39PM
11   that would cover the scope.
12           But let me be clear:  If there is mixed information,
13   if the home phone number is listed but it also is fairly
14   capturable by the search term request, then you redact that
15   personal information.  But if you have an e-mail that is solely             04:39PM
16   related to a personal matter, completely unrelated to the
17   litigation, then you do not need to produce that.
18           MS. KENDRICK:  Your Honor, may plaintiffs respond?
19           THE COURT:  Yes.
20           MS. KENDRICK:  There's no expectation of privacy in                  04:40PM
21   state e-mails.  These are state employees.
22           THE COURT:  I understand. In a perfect world people
23   wouldn't use a public agency's e-mail to engage in personal
24   matters.  But what I'm interested in is getting the e-mails
25   that are related to what people are saying about this                       04:40PM

|   |   |   |
|---|---|---|
| 1 | litigation subject to the search terms.  And if it's about |   |
| 2 | their child's soccer practice or about their mortgage debt and |   |
| 3 | not about anything related to this litigation, even though |   |
| 4 | maybe in the best world they shouldn't have done that, because |   |
| 5 | it's created more work for people when they use a public | 04:40PM |
| 6 | facility such as an e-mail program of a state agency and its |   |
| 7 | contractor.  We're not going to go down the road of requiring |   |
| 8 | the defendant to produce that information.  If there's |   |
| 9 | information in the e-mail that's related to the litigation and |   |
| 10 | the search terms captured that e-mail, then they will have to | 04:41PM |
| 11 | produce that e-mail.  But if it's solely related to the soccer |   |
| 12 | practice time or the mortgage, no. |   |
| 13 |       Anything else? |   |
| 14 |       MS. LOVE:  Not from defendants, Your Honor.  Thank |   |
| 15 | you. | 04:41PM |
| 16 |       THE COURT:  Anything from plaintiffs? |   |
| 17 |       MS. KENDRICK:  No, sir. |   |
| 18 |       THE COURT:  Thank you all very much.  Bye-bye. |   |
| 19 |       (Proceeding concluded at 4:41 p.m.) |   |

C E R T I F I C A T E

  I, LAURIE A. ADAMS, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

  I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

  DATED at Phoenix, Arizona, this 23rd day of February, 2018.


           s/Laurie A. Adams
           _____
           Laurie A. Adams, RMR, CRR

UNITED STATES DISTRICT COURT