WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

The governing Stipulation contains a dispute resolution process. Under that process, Plaintiffs provide Defendants with a "Notice of Substantial Non-Compliance" and then Defendants have 30 days to provide a written response. After receiving the written response, the parties have 30 days to meet and confer. (Doc. 1185 at ¶ 30) If the meet-and-confer process is not sufficient, the parties mediate their dispute. (Doc. 1185 at ¶ 31) "If the dispute has not been resolved through mediation in conformity with this Stipulation within sixty (60) calendar days, either party may file a motion to enforce the Stipulation in the District Court." (Doc. 1185 at ¶ 31)

The parties disagree about what this sentence means: Defendants argue that the 60 days runs from the date of the mediation and Plaintiffs argue that the clock starts with the date of the Notice of Substantial Non-Compliance. (Docs. 2546, 2580) Although this issue is now moot because more than 60 days has run from both dates, the Court concludes that it should review this question because it is capable of repetition yet evading review.

1 | The Court agrees that both parties' interpretation of the plain language is viable and notes that at least one other interpretation is possible, namely that the mediation would occur within 60 days of the meet-and-confer. A sentence subject to three interpretations is the very definition of ambiguous.

The Court concludes that overreliance on the reference to 60 days risks putting form over function. Reading the two dispute resolution paragraphs together, the Court understands that the Stipulation's process requires all questions of non-compliance to complete both the meet-and-confer process and the mediation process. Only when both have occurred is a Motion to Enforce ripe.

The Court expects that the parties have been, and will be, scheduling mediations as soon as practicable. Further, in situations where Defendants need to obtain additional information from their contractor, the Court expects that the parties can agree to a timetable for follow-up so that only live disputes are presented to the Court. (Doc. 2546 at 3:5)

**IT IS THEREFORE ORDERED** that because of the various moving parts in this case, including the Court's recent ruling on the definition of substantial noncompliance, the most prudent course is for the Court to address this topic at one of the March hearings so that the Court may hear the parties' current positions and thereupon issue its ruling.

Dated this 6th day of March, 2018.

_____
David K. Duncan
United States Magistrate Judge