Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>                                  Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                                  Defendants. | NO. 2:12-cv-00601-DKD <br><br><br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY RE: RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

In their recent Motion for Attorneys' Fees and Costs, Plaintiffs requested a "2.0 lodestar enhancement," arguing that "[s]uch enhancements to the lodestar for attorneys' fees in prisoner rights cases for declaratory and injunctive relief are recognized by the Ninth Circuit." (Dkt. 2276 at 15, citing *Kelly v. Wengler*, 822 F.3d 1085 (9th Cir. 2016); see also Dkt. 2433 at 10 ["In prisoner rights cases, both the lodestar and enhancements of the lodestar continue to be pertinent to a court's fee award."].)  In response, Defendants opposed any lodestar enhancement, arguing that Plaintiffs' fees request was governed by the Prison Litigation Reform Act ("PLRA") and specifically 42 U.S.C. § 1997e(d)(3) and its fees cap, not 42 U.S.C. § 1988 or the lodestar method, and therefore there is no discretion to apply a lodestar enhancement.  (Dkt. 2402 at 10, 14-16.)

In support of their argument, Defendants refer the Court to the Supreme Court's recent decision in *Murphy v. Smith*, No. 16-1067, 2018 WL 987346 (U.S. Feb. 21, 2018). In *Murphy*, the Supreme Court rejected the arguments that § 1988's lodestar method applies in prisoner litigation cases (it does not), or that a district court can circumvent § 1997e(d)(3)'s rate cap under the guise of a discretionary lodestar enhancement:

> For years that statute [§ 1988] governed the award of attorney's fees in a large variety of civil rights actions, including prisoner civil rights lawsuits like this one. <u>But in the Prison Litigation Reform Act of 1995, Congress reentered the field and adopted § 1997e's new and specialized fee shifting rule for prisoner civil rights suits alone</u>.
>
> [S]ection 1988(b) confers discretion on district courts in unambiguous terms: "[T]he court, in its *discretion, may* allow the prevailing party ... a *reasonable* attorney's fee as part of the costs" against the defendant. <u>Meanwhile, § 1997e(d) expressly qualifies the usual operation of § 1988(b) in prisoner cases</u>. … <u>If Congress had wished to confer the same discretion in § 1997e(d) that it conferred in § 1988(b), we very much doubt it would have bothered to write a new law; omit all the words that afforded discretion in the old law; and then replace those old discretionary words with new mandatory ones.</u>
>
> The surrounding statutory structure of § 1997e(d) reinforces this conclusion. <u>Like paragraph (2), the other provisions of § 1997e(d) *also* limit the district court's pre-existing discretion under § 1988(b). These provisions limit the fees that would otherwise be available under § 1988</u> to cover only certain kinds of lawyerly tasks, see §§ 1997e(d)(1)(A) and (B)(ii); they require proportionality between fee awards and the relief

1

> ordered, see § 1997e(d)(1)(B)(i); <u>and they restrict the hourly rate of the prisoner's lawyer, see § 1997e(d)(3). All this suggests a statute that seeks to restrain, rather than replicate, the discretion found in § 1988(b).</u>

*Id.* at \*\*4-5 (internal citations omitted, underlined emphasis added).

In light of *Murphy*, *Kelly v. Wengler* is no longer good law. *Kelly* held that a district court can use a lodestar enhancement to increase any resulting fees award, even if it results in a rate beyond the 150% PLRA cap. 822 F.3d at 1100-02. It reasoned that "the PLRA explicitly refers to § 1988 as the governing framework for determining a reasonable attorney's fees award," and therefore the lodestar method and all of its features (including a lodestar enhancement) can be used, and that § 1997e(d)(3) caps only the hourly rate; "it does not cap the total amount of attorney's fees awards." *Id.* *Murphy* rejects *Kelly*'s (and Plaintiffs') reasoning and conclusion. Plaintiffs' counsel are not entitled to a lodestar enhancement.

DATED this 8th day of March 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Nicholas D. Acedo
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    Ashlee B. Hesman
    Jacob B. Lee
    Kevin R. Hanger
    Timothy M. Ray
    Richard M. Valenti
    Jamie D. Guzman
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Arizona Attorney General Mark Brnovich
    Office of the Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    15 South 15th Avenue
    Phoenix, Arizona 85007

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

1 | I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Nicholas D. Acedo