☒ FILED  ☐ LODGED

**Mar 08 2018**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, **et al.**, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>vs.<br><br>Charles L. Ryan, Director, Arizona Department of Corrections; and, Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities.<br><br>    Defendants. | No. CV-12-00601-PHX-DKD<br><br>**NOTICE OF REVIEW OF TRANSCRIPT OF DECEMBER 20, 2017, HEARING** |

Class Plaintiff, Larry Joe Prince, in propria persona, having reviewed the entire 192 page transcript of the December 20, 2017, proceedings in this cause of action, and disgusted by the blatant perjury, misrepresentations and/or disingenuous nature of the presentation by the Defendant's, hereby offers the following Notice of facts for this Courts consideration.

Prince is confined in the Browning STG Unit. It is a super max custody facility. The history of how Prince came to be in Browning STG Unit may be read in <u>Larry Joe Prince v. Charles L. Ryan</u>, et al., CV-18-427-PHX-SRB-DKD.

**Defendant's Ryan and Pratt <u>twice</u> removed themselves from responsibility.**

Prince concurs that the ADOC has managed to once remove itself from health care responsibility by contracting out medical services. **Moreover**, Defendant's Ryan and Pratt then twice removed the ADOC by amending DO 802 (Grievances), to avoid being informed of any medical complaints submitted by prisoners. Grievances regarding medical complaints no longer reach Central Office.

It defies logical reasoning that the Courts would allow Mr. Ryan, et al., to amend the medical grievance process in the middle of all this <u>Parsons</u> litigation to take himself and Mr. Pratt out of the medical grievance process. They are the very parties legally responsible to provide a community standard of medical care to all prisoners, but amended the grievance process so as not to allow medical complaints of prisoners from reaching Central Office.

**Medical units being used by ADOC security staff to dissuade treatment.**

Prince has complained of a troubling trend in Browning Unit that prevents numerous men from seeking medical assistance for serious medical conditions, to no avail. It has become common place that the SSU and STG Unit staff uses the Browning Unit medical offices to gather information from informants. When Browning unit prisoners discovered this practice many stopped requesting medical treatment for fear they would be labeled a snitch.

Not only should an Order be put forth before the Court to prohibit this activity, but Notice to all staff and prisoners should be published and posted that ADOC medical units are not to be used by prison security staff to debrief or obtain information from prisoners.

**There clearly <u>was</u> a systematic discontinuation of Tramadol & Gabapentin.**

From late 2016 through 2017 there <u>was</u> a systematic discontinuation of prescribed Tramadol and Gabapentin. Defendant Pratt and his counsel have slipped and hit their heads by trying to come before the Court with a denial.

Prince has a serious permanent neck and back injury from high speed automobile accidents and sports related injuries. Since 2005, he has received treatment by physical therapists, neurosurgeons, orthopedic specialist, acupuncturists, chiropractors and Corizon Doctors.

From 2013 to mid 2016, Corizon (Browning Unit) Doctors (real medical Doctors) prescribed Gabapentin for Prince's nerve impingement pain in his neck and Tramadol to manage the pain of post-traumatic arthritis in his knees, back, neck and hands. Prince's quality of life improved. He ambulated much better.

In addition to the post-traumatic arthritis recognized by the Court in the Order of 05.22.2009, in <u>Larry Joe Prince v. Dora B. Schriro</u>, CV08-1299-PHX-SRB (Docs.31-32), Corizon Doctors have also issued to Prince and security staff Special Needs Orders ("SNO's) for knee braces, lower bunk only, side restraint use only and TENS unit in cell, because of these permanent injuries.

Prince agreed, in consult with Doctor Salyer, to take these medications because they are non-opioids. Contrary to Defendant Pratt's testimony, Tramadol and Gabapentin are <u>not</u> prescribed as a KOP. They are watch/swallow medication.

In late 2016 and early 2017, Dr.'s Babich and Barker, and, Nurse Practitioner Gay, went on a tirade discontinuing ("DC") Tramadol & Gabapentin use for Prince and similarly injured prisoners. Prince notified class counsel of these actions and provided exhausted administrative remedies for himself, as well as Charles Mullen, et al. Also see, <u>Diego Garcia, Jr., v. Charles L. Ryan</u>, CV-17-02933-DLR(DMF)(DC'd meds.Refused him treatment.It was painful cancer).

Only because of class counsel's inquiry, Prince was re-prescribed Tramadol at a lesser dose than he was previously prescribed. Nurse Practitioner Maureen Gay denied Prince's Gabapentin to him for the nerve impingmement injury and advised him that "Gabapentin is DC'd and absolutely no longer prescribed even if it improved your nerve impingement pain." Everyday of Prince's life is a painful experience. Every action of his life is limited to enduring pain.

When Prince submitted timely grievances addressing NP Gay's systematic discontinuation of Gabapentin, the forced anti-depression medications and the serious side effects of the forced anti-depression medication, NP Gay made false entries of non-compliance into Prince's electronic medical records.

3

NP Gay then entered that Prince not only refused treatment, but refused to sign a refusal form for medical treatment. NP Gay may have gotten away with it, until the security staff that was present stated "no such event occurred."

Prince took these issues to the FHA, to no avail. It's like talking to two walls, one of the NP and the other of the grievance resolver. The amended DO 802 prevented Prince from taking the matter to Defendant's Ryan and Pratt.

Prince advised all parties involved therewith that false entries in prison records is not only a violation of his civil rights, but a felony in the State of Arizona.

After Prince's lower dose of Tramadol was returned to him he was advised that if he continued to raise the Gabapentin issue his Tramadol would be DC'd (even though the two were first prescribed together--after years of trial and error--and found to be working).

Doctor C. Johnson has advised Prince "it's very likely, based on these injuries that were not previously treated, that you may well live in serious pain for the rest of your life." Dr. Johnson returned some Tramadol to Prince. Each time Prince is given medication the nurse ensures he swallows it. The very purpose of "watch swallow" is self explanatory.

The notion that prescribed pain management meds in prison are commensurate with the problems in society cannot be reconciled. The problem in society is that people were handed 180 to 360 doses of opiate medication at a time. It was only a matter of time before that got out of hand. Prince was taking Tramadol and Gabapentin, neither of which are opioids or dispensed in such a manner.

Defendant Pratt, when tending to run out of running room, relies on the "patient specific" answer. Indeed, being "patient specific," Prince has never been reported as "cheeking" or "hoarding" medication or being "addicted" to his medication and yet his Gabapentin & Tramadol were DC'd (without being seen by medical staff). Instead, Corizon tried to "dope" him with psyche meds.

4

After class counsel in this action investigated the matter, Prince was again prescribed Tramadol for his back and post-traumatic arthritis pain. The dose was purposely decreased and Ibuprofren (anti-inflammatory) was added with the Tramadol to reach the "same result" (according to Corizon medical staff).

Prince advised Corizon staff of the past oral Ibuprofren anti-inflammatory use that caused his stomach to bleed (which is documented in Prince v. Ryan above where Toradol injections were given in lieu of oral anti-inflammatory's to avoid stomach bleeding).

Prince was advised "take the Ibuprofren with the Tramadol or take nothing at all." Rather than recognize potential damage to his stomach, Corizon is trying to mask the potential injury with Prilosec.

Prince was denied Gabapentin (under the premise by NP Gay above), when Gabapentin and Tramadol were the only non-opioid meds found to decrease the nerve impingement pain in his neck (which remains painfully debilitating, causes loss of sleep, numbness in hands, headaches, vision problems, etc).

Prince's medical records reflect the long list of medication tested to try and find the relief to properly ambulate and/or to improve his quality of life in prison, because of the well documented injuries to his neck. The Corizon Doctor's had actually bragged in 2016 that "Prince has made much progress."

Defendant Pratt's denial that Tramadol and Gabapentin were systematically discontinued in late 2016 and throughout 2017 is false. Dr's Babich and Barker instructed all Corizon staff to take the action. Dr. Barker had a nurse (who no longer works at Browning Unit), advise him of all prisoners she was dispensing Gabapentin to and he DC'd the Gabapentin without consulting with Prince or any other similarly situated prisoners.

The AFHA admitted this fact to Prince in person. The action would have remained had class counsel left the matter as is.

This is not about prisoners attempting to dictate medical care or be pill shoppers. It's about being examined and diagnosed by a Corizon Medical Doctor, and receiving adequate medical care that improves quality of life, but yet when the Court turns its back the Defendant's take nefarious actions to recover its expenses. When Prince, or other prisoners, asked questions as to how a previous Medical Doctor's prescribed the Gabapentin and/or Tramadol and it magically was DC'd, the Provider simply has them removed from the medical unit by security.

Prince doesn't know if each and every prisoner should have been prescribed the Gabapentin, but that's not the issue here. Prince has been jabbed, stabbed, prodded, twisted and yanked on by every kind of outside consultant (including the three 8-10 inch needles inserted in his neck/back in 2015 by an outside pain management clinic), to no avail. The Gabapentin and Tramadol was providing relief then it was purposely discontinued without a legitimate cause.

That Defendant Pratt stood before this Court and swore a systematic discontinuation of Gabapentin and Tramadol did not occur is blatant perjury. If the Court cannot obtain from the Defendant's every name & number of prisoners this happened to then Prince will get it for the Court (by whatever means possible or necessary).

**The Monitoring process for this prison medical action is not realistic.**

The Defendant's have no qualms about manipulating the process to circumvent the agreements between the parties herein. Here, we specifically mean the Measures when we speak of the "agreements." Prince was chuckling to himself when he read about Corizon staff trying to beat the Monitors.

The Monitors beat themselves because they only look to the manipulated records. If the Monitor would randomly pick a record and then confer with the prisoner to see if that's exactly how the appointment was made, how the diagnosis was made and how the outcome came about then we would all know if the Measures were being followed. Other than that it's just entry manipulation.

6

This is the very reason why prisoners, such as Prince, have repeatedly requested to view their medical records and are being ignored. This is how Prince caught NP Gay falsely manipulating his electronic medical records (simply because another Corizon staff read it back to him verbatim). When Prince grieved the manipulation the FHA stated Prince "could not prove it." But Prince did prove it because he first omitted the presence of security staff that witnessed the events with NP Gay. As many in Browning state "if they'll try to do it to Prince, we know they'll do it to us." NP Gay does it to all.

With that said, Prince gives Notice to the Court that it's diligence in trying to enforce the Parsons v. Ryan agreements are much appreciated and respected. It does appear, however, that the manner in which the Monitoring is being conducted is in essence the very foundation of the problem. The Plaintiff's are trick bagging themselves. The Defendant's fear one thing only; eyes on the problem. As Ms. Kendrick said, if the Defendant's are allowed to paint and make it all pretty then pretty paint is all you'll see, per se.

Respectfully submitted this ____ day of March, 2018.

Larry Joe Prince
In Propria Persona

**CERTIFICATE OF FILING/SERVICE**

The Original of the foregoing delivered same date above to J.Mainhall of the Browning Unit Resource Center per General Order 14-17 efiling to all parties.
By:_____
Larry Joe Prince
In Propria Persona

7