Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**SUPPLEMENT TO MOTION TO DISQUALIFY MAGISTRATE JUDGE DUNCAN FROM ALL FURTHER PROCEEDINGS (DKT. 2641)** |

Defendants Charles Ryan and Richard Pratt supplement their Motion to Disqualify Magistrate Judge Duncan From All Further Proceedings (Dkt. 2641) with new revelations of bias that came to light only during recent evidentiary hearings, after Defendants filed their Motion to Disqualify. This Motion is supported by the following Memorandum and attached Exhibits, and the Motion to Disqualify (Dkt. 2641, 2641-1), which is expressly incorporated here.

**I.     ADDITIONAL EVIDENCE OF BIAS HAS COME TO LIGHT SINCE THE FILING OF THE MOTION TO DISQUALIFY.**

After Defendants filed their Motion to Disqualify, Magistrate Judge Duncan denied their request to continue or reassign two significant evidentiary hearings that were set to begin that same week. (Dkt. 2643.) Those two evidentiary hearings went forward as scheduled. The first evidentiary hearing was ordered to investigate the allegations that Magistrate Judge Duncan read about in the KJZZ article. The primary witness—Dr. Jan Watson, Corizon's third-party medical provider and the source of the allegations in the KJZZ article—testified that she initially called Magistrate Judge Duncan to disclose her allegations against Defendants and that someone in his chambers referred her to an attorney:

> Q. So the only one you reported it to was -- after you'd left the employ with Corizon, you reported it to the KJZZ reporter. That was the first person you reported it to?
>
> A. I actually tried again to contact the ACLU, and they would not return my calls. <u>I then called</u> … <u>Judge Duncan's office, and</u> <u>they</u> gave me the name of another attorney. And I called her office twice and she would not call me back. And that's when I contacted Jimmy [Jenkins] to ask him if he knew how I could get in contact with someone.

(Ex. 1, R.T. 2/27/18, at 224:10-18, emphasis added.)

This testimony compelled Magistrate Judge Duncan to voluntarily begin the next hearing day with an explanation of his chamber's protocol:

> A couple of things that I wanted to address were related to some of the testimony yesterday. …
>
> So the first issue was, you testified yesterday that you made a contact to the Court, and that you were given a lawyer's name.
>
> And I just wanted to let everyone know that we had no knowledge that <u>you</u> had contacted the Court. I checked with my staff, and so we didn't -- we receive a number of calls, voicemails and letters.
>
> …
>
> With respect to telephone calls, again, the instruction that has been followed in my chambers, my instruction, is that we tell people that we cannot talk to them except in court or through court filings.

1

> Sometimes people ask us for particular names of the lawyers. <u>If they ask for particular names of the lawyers, if they say, who are the plaintiffs' lawyers or who are the defendants' lawyers, that is not contrary to my instruction that that information may be given. It's a matter of the public docket. A public docket is not as easily accessible to everyone, notwithstanding the progress we've made with respect to having things available on the internet.</u>

(Ex. 2, R.T. 2/28/18, at 242:11-243:18, emphasis added.) Magistrate Judge Duncan added that when "family members of the plaintiff class" call his chambers, "my staff has been providing the name of Miss Eidenbach [Plaintiffs' counsel]." (Id. at 243:19-244:9.)

Dr. Watson's testimony and Magistrate Judge Duncan's explanation are additional evidence of impropriety. Magistrate Judge Duncan's chambers referred Dr. Watson to an attorney—and under his stated protocol, they referred her to *Plaintiffs'* counsel—after she called to report allegations of misconduct against Defendants. Moreover, Magistrate Judge Duncan did not tell Defendants this occurred until months after the fact—not only more than two months after he set the hearing based on Dr. Watson's allegations, but only after Dr. Watson testified in court what had occurred. Dr. Watson's testimony and Magistrate Judge Duncan's post hoc explanation is also contrary to what Magistrate Judge Duncan told Defendants at the December 20, 2017 hearing:

> [W]e receive phone calls in chambers, my staff receives phone calls in chambers from people who work for Corizon who say essentially, it is so much worse than you think. <u>And we cannot do anything other than to say, if you would like to come forward, we will have you in court any day to talk to us about that.</u> Then they ask us, can you protect us? And my staff is told to instruct them, no, we cannot protect you. I can't guarantee what can happen.
>
> And so some of those -- some of those people may have told us something that would be relevant, <u>but I really haven't acted on it because it's not testimony. It's just people calling on the telephone. I can't act upon it.</u>

(Dkt. 2641-1 at 260, emphasis added.) In other words, Magistrate Judge Duncan told Defendants in December 2017 that he does *not* act on these calls, but in February 2018 it is revealed that he does and did.[1]

---

[1] The fact that Magistrate Judge Duncan even fielded calls from potential fact

2

Any objective observer with knowledge of these facts would agree this presents at least the *appearance* of impropriety against Defendants. *See* 28 U.S.C. § 455(a) (a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned").

> [A] judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.

Code of Conduct for United States Judges ("Judicial Code of Conduct"), Canon 3A(4). That perception of partiality is bolstered by the fact that after fielding Dr. Watson's phone call and referring her to an attorney—which ultimately led to publication of the allegations in the KJZZ article—Magistrate Judge Duncan ordered Plaintiffs' counsel to substantiate the allegations at an evidentiary hearing. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995) ("We are also troubled by the judge's willingness to involve the court as a participant in ongoing litigation by directing his law clerk to file an affidavit in response to the Hathcocks' recusal motion.").

The fact that Magistrate Judge Duncan felt compelled to try and explain away Dr. Watson's testimony is even more proof that there exists (objectively) at least the appearance of impropriety. And his explanation did nothing to temper her testimony. He simply stated that his chambers did not realize it was *Dr. Watson* who called. That 20/20 hindsight is not enough to controvert her *sworn* testimony that she *did* call. Nor does Magistrate Judge Duncan's stated protocol of referring only the "family members of the plaintiff class" to Plaintiffs' counsel controvert Dr. Watson's sworn testimony that his chambers *did* refer her to an attorney.[2]

---

witnesses was news to Defendants in December 2017.

[2] Dr. Watson did not testify that she asked for the names of Plaintiffs' counsel.

3

Referring Dr. Watson—someone hoping to disclose untoward allegations against a party in a pending matter—to an attorney (and likely Plaintiffs' counsel based on Magistrate Judge Duncan's explanation) is biased against Defendants and violates the Judicial Code of Conduct and § 455(a) and (b). It also makes him a witness to the disqualification allegations and is per se grounds for disqualification. *See* 28 U.S.C. § 455(b)(1) ("[P]ersonal knowledge of disputed evidentiary facts concerning the proceeding" is grounds for disqualification).

## CONCLUSION

For these reasons, Defendants supplement their Motion to Disqualify with the recent aforementioned evidence of bias. Magistrate Judge Duncan should promptly disqualify himself from all further proceedings. *See United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) ("[I]f the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself.").

DATED this 20th day of March 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Daniel P. Struck
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

    Arizona Attorney General Mark Brnovich
    Office of the Attorney General
    Michael E. Gottfried
    Assistant Attorneys General
    15 South 15th Avenue
    Phoenix, Arizona 85007

*Attorneys for Defendants*

4

# CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck