1    Arizona Attorney General Mark Brnovich
     Office of the Attorney General
2    Michael E. Gottfried, Bar No. 010623
     Assistant Attorney General
3    15 South 15th Avenue
     Phoenix, Arizona 85007
4    Telephone: (602) 542-1645
     Fax: (602) 542-3393
5    Michael.Gottfried@azag.gov

6    Daniel P. Struck, Bar No. 012377
     Rachel Love, Bar No. 019881
7    Timothy J. Bojanowski, Bar No. 022126
     STRUCK LOVE BOJANOWSKI & ACEDO, PLC
8    3100 West Ray Road, Suite 300
     Chandler, Arizona  85226
9    Telephone:  (480) 420-1600
     Fax:  (480) 420-1696
10   dstruck@strucklove.com
     rlove@strucklove.com
11   tbojanowski@strucklove.com
     *Attorneys for Defendants*

12

13                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF ARIZONA**

14

15   Victor Parsons, *et al.*, on behalf of themselves    NO. 2:12-cv-00601-DKD
     and all others similarly situated; and Arizona
     Center for Disability Law,
16                                        Plaintiffs,      **MOTION FOR CHIEF JUDGE TO
                                                           RULE ON DEFENDANTS'**
17          v.                                             **MOTION TO DISQUALIFY
                                                           MAGISTRATE JUDGE DUNCAN**
18   Charles Ryan, Director, Arizona Department            **FROM ALL FURTHER
     of Corrections; and Richard Pratt, Interim            PROCEEDINGS (Dkt. 2641, 2692)**
19   Division Director, Division of Health Services,
     Arizona Department of Corrections, in their
     official capacities,
20                                       Defendants.

21

22          Defendants Charles Ryan and Richard Pratt respectfully request the Honorable

23   Raner C. Collins, Chief Judge of the United States District Court for the District of

24   Arizona, to intervene in this matter and rule on Defendants' pending Motion to Disqualify

25   Magistrate Judge Duncan From All Further Proceedings (Dkt. 2641).  This Motion is

26   supported by the following Memorandum and the Motion to Disqualify (Dkt. 2641), its

27   Exhibits (Dkt. 2641-1), and Supplement (Dkt. 2692, 2692-1, 2692-2), which are expressly

28   incorporated here.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  CHIEF JUDGE COLLINS SHOULD INTERVENE AND RULE ON THE MOTION TO DISQUALIFY.

In their Motion to Disqualify, Defendants plausibly alleged that Magistrate Judge Duncan engaged in conduct that amounts to violations of 28 U.S.C. § 455 and the Code of Conduct for United States Judges ("Judicial Code of Conduct"). (Dkt. 2641.) Those allegations include Magistrate Judge Duncan's on-the-record statements that:  he is no longer acting "in the typical role of the neutral judge"; the Plaintiff-class is his "client"; and Defendants and ADC employees/witnesses are "evil" and "liars." (Id. at 4-6, 10.) Magistrate Judge Duncan also disclosed that he conducted internet research about this case (the KJZZ article), fielded ex parte telephone calls from potential witnesses, allowed both his research and ex parte communications to influence his views and dictate his rulings, and ordered Plaintiffs' counsel to substantiate the claims.  (Id. at 7-10.)

Magistrate Judge Duncan's statements and conduct call into serious question his ability to be fair and impartial in this case and even rise to the level of actual bias against Defendants. *See Nicodemus v. Chrysler Corp.*, 596 F.2d 152, 155-57 (6th Cir. 1979) (disqualifying a district court judge who stated, "I don't believe anything that anybody from [the defendant-corporation] tells me"; who called the defendant's employees "a bunch of villains"; and who claimed the defendant "is deliberately and calculatedly trying to defy the Court"); *see also United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1173-74 (9th Cir. 2017) (quoting Judicial Code of Conduct, Cannon 3A(4)) (judges are prohibited from "*ex parte* communications or any 'communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers'"); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995) (disqualifying a district court judge who had ex parte contact with the plaintiffs' attorneys and asked that they prepare the factual basis for a default order); *United States v. S. Fla. Water Mgmt. Dist.*, 290 F. Supp. 2d 1356, 1358 (S.D. Fla. 2003) (disqualifying district court judge for relying on newspaper coverage as grounds for order to appoint special master); 28 U.S.C. §§ 455(b)(1) ("[A] personal bias or prejudice concerning a party" is grounds for

2

1    disqualification); 455(b)(5) ("[A]cting as a lawyer in the proceeding" is grounds for

2    disqualification); ABA Model Code of Judicial Conduct, Canon 2, Rule 2.9(C) (a judge

3    "[can]not investigate facts in a matter independently, and shall consider only the evidence

4    presented and any facts that may properly be judicially noticed").

5        "[I]f the judge sitting on a case is aware of grounds for recusal under section 455,

6    that judge has a duty to recuse himself or herself." *United States v. Sibla*, 624 F.2d 864,

7    868 (9th Cir. 1980). But, despite that duty and being on clear notice of grounds for

8    disqualification, Magistrate Judge Duncan has not immediately recused himself and

9    refused to rule on Defendants' request to refer the Motion and the allegations of apparent

10   and actual bias against him to Chief Judge Collins or The Honorable Diane J. Humetewa,

11   the Article III judge assigned to this matter, for resolution.  (Dkt. 2692-1 at 7:25-8:21.)

12   He also denied Defendants' request to continue or reassign two significant evidentiary

13   hearings to remove the unavoidable appearance of unfairness if he presided over them

14   before the allegations of bias were resolved.  (Dkt. 2642, 2643.)

15       In fact, those hearings revealed additional evidence of Magistrate Judge Duncan's

16   apparent and actual bias.  The primary witness, Dr. Jan Watson, testified that she initially

17   called Magistrate Judge Duncan's chambers to report her allegations of Defendants'

18   misconduct and that she was given the name of an attorney to contact.[1]  (Dkt. 2692 at 2.)

19   After her testimony, Magistrate Judge Duncan confirmed that his chambers will refer

20   certain people who call in about the case to Plaintiffs' counsel, but denied that his

21   chambers knew it was Dr. Watson who called.  (Id. at 2-3.)  Referring Dr. Watson—

22   someone hoping to disclose untoward allegations against a party in a pending matter—to

23   an attorney (and likely Plaintiffs' counsel) is biased against Defendants.  (Id. at 4-5.)  It

24   also makes Magistrate Judge Duncan a witness to the disqualification allegations and is

25   per se grounds for disqualification. *See* 28 U.S.C. § 455(b)(1) ("[P]ersonal knowledge of

26

27       [1] The purpose of the hearing was to investigate allegations of misconduct against
     Defendants that Magistrate Judge Duncan read in an article published by KJZZ. (Dkt.
28   2641 at 7-10.) Dr. Watson was the source of those allegations. (Id. at 16-17.)

3

1  disputed evidentiary facts concerning the proceeding" is grounds for disqualification).  At

2  a minimum, any objective observer with knowledge of these facts would agree this

3  presents at least the *appearance* of impropriety and calls into question his ability to decide

4  the Motion to Disqualify.

5          Not only did Magistrate Judge Duncan not disqualify himself after these hearings

6  but he scheduled additional hearings on the underlying issue.  A fair proceeding before

7  an impartial judge is a basic component of due process. *See Caperton v. A.T. Massey Coal*

8  *Co.*, 556 U.S. 868, 876 (2009); *In re Murchison,* 349 U.S. 133, 136, (1955); *Tumey v.*

9  *Ohio*, 273 U.S. 510, 523 (1927); *see also U. S. v. Will*, 449 U.S. 200, 217 (1980) ("The

10  declared purpose of § 455 is to guarantee litigants a fair forum in which they can pursue

11  their claims.").  Impartiality "guarantees a party that the judge who hears his case will

12  apply the law to him in the same way he applies it to any other party." *Republican Party*

13  *of Minnesota v. White*, 536 U.S. 765, 775-76 (2002).  Even the *appearance* of partiality

14  erodes public confidence in the judiciary.  *See* Judicial Code of Conduct, Canon 2A

15  commentary; *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865

16  (1988) ("The very purpose of § 455(a) is to promote confidence in the judiciary by

17  avoiding even the appearance of impropriety whenever possible.").

18          Given the irrefutable objective evidence of actual and apparent bias against

19  Defendants, Magistrate Judge Duncan's refusal to promptly refer resolution of the Motion

20  to Disqualify to another judge further erodes any confidence that he can fairly and

21  impartially rule on that Motion himself. *Cf. Nat'l Abortion Fed'n v. Ctr. for Med.*

22  *Progress*, 257 F. Supp. 3d 1084, 1088 (N.D. Cal. 2017) (district court judge "promptly

23  referred [motion to disqualify him] for random reassignment to another judge" "out of an

24  abundance of caution and to maximize the parties' and the public's confidence in the

25  judicial process").  Indeed, "there is no law which prohibits another qualified federal

26  judge from [considering a motion to disqualify] when properly requested." *U.S. v. Zagari*,

27  419 F. Supp. 494, 498 (N.D. Cal. 1976).  And the Chief Judge has the "inherent authority

28  to handle the disqualification motion." *United States v. Craig*, 853 F. Supp. 1413, 1415

1   (S.D. Fla. 1994). Accordingly, Defendants request Chief Judge Collins to intervene to

2   "preserve not only the reality but also the appearance of the proper functioning of the

3   judiciary as a neutral, impartial administrator of justice." *In re Kensington Int'l Ltd.*, 368

4   F.3d 289, 318 (3d Cir. 2004) (quoting *United States v. Torkington*, 874 F.2d 1441, 1447

5   (11th Cir. 1989)).

6                                                  **CONCLUSION**

7           For these reasons, Defendants respectfully request that Chief Judge Collins

8   exercise his inherent authority and rule on the Motion to Disqualify.  His intervention is

9   necessary to preserve the appearance of impartiality and to ensure Defendants receive due

10  process.

11          DATED this 20th day of March 2018.

12                                                             STRUCK LOVE BOJANOWSKI & ACEDO, PLC

13

14                                                             By /s/Daniel P. Struck
                                                                   Daniel P. Struck
15                                                                 Rachel Love
                                                                   Timothy J. Bojanowski
16                                                                 3100 West Ray Road, Suite 300
                                                                   Chandler, Arizona  85226
17
                                                                   Arizona Attorney General Mark Brnovich
18                                                                 Office of the Attorney General
                                                                   Michael E. Gottfried
19                                                                 Assistant Attorneys General
                                                                   15 South 15th Avenue
20                                                                 Phoenix, Arizona 85007

21                                                             *Attorneys for Defendants*

22

23

24

25

26

27

28

                                                        5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

1

2      I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

3

       N/A

4

5                                          /s/Daniel P. Struck

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28