**EXHIBIT 2**

**EXHIBIT 2**

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-DKD |
| Plaintiffs, | |
| v. | **DECLARATION OF RICHARD PRATT** |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

1       I, **RICHARD PRATT**, make the following Declaration:

2       1.      I am over the age of 18 years and have personal knowledge of and am

3   competent to testify to the matters set forth in this Declaration. I make this Declaration in

4   support of Defendants' Response to the Declaration of Corene Kendrick (Doc. 2633).

5       2.      I have been working with the Arizona Department of Corrections ("ADC")

6   since July 2000, not including from October 2009 to July 2011, when I was employed

7   elsewhere.

8       3.      In February 2012, I was appointed Interim Assistant Director of ADC's

9   Health Services Bureau following Dr. Michael Adu-Tutu's retirement. When Health

10  Services was privatized in July 2012, my title was adjusted to be the Interim Assistant

11  Director of ADC's Health Services Contract Monitoring Bureau ("HSCMB").

12      4.      When Arthur Gross was hired to be the Assistant Director in October 2012,

13  my position changed to Program Evaluation Administrator.

14      5.      I was placed under a temporary special assignment as the Interim Assistant

15  Director in March 2014, when Mr. Gross retired.

16      6.      I was named Assistant Director in August 2014.

17      7.      As Assistant Director, I am responsible for providing managerial oversight

18  and direction to the HSCMB to monitor the contracted vendor's compliance with all

19  aspects of the health services contract. I am also responsible for reviewing and responding

20  to internal and external inquiries pertaining to compliance issues, contract specifications,

21  reports, inspections, staffing levels, and legal mandates of inmate healthcare, mental

22  health care, and dental care services.

23      8.      I am familiar with ADC's policies and practices pertaining to healthcare,

24  including medical care, dental care, and mental health care, the privatization of ADC

25  healthcare, ADC's contract with Corizon, Corizon's responsibilities under that contract,

26  and the HSCMB's monitoring of Corizon's care to ADC inmates.

27

28

9.     I am personally familiar with the *Parsons* litigation, the resulting Stipulation, and the monitoring and reporting of the health care performance measures ("PMs") in the Stipulation.

10.     I am also personally familiar with the Declaration of Corene Kendrick, filed on February 23, 2018. (Doc. 2633.) I have reviewed the Declaration and the exhibits attached to it.

11.     In her Declaration, Ms. Kendrick claims that Defendants failed to list 420 instances of non-compliance with the 11 performance measures that are subject to the Court's October 10, 2017 Order to Show Cause ("OSC") (Doc. 2373) in their February 5 and February 14, 2018 filings regarding December 2017.

12.     On March 19, 2018, I was present at the telephonic status hearing at which the Court ordered Defendants to file a substantive response to Ms. Kendrick's Declaration by Friday, March 23, 2018.

13.     As stated by counsel for Defendants at the hearing, four days is not sufficient time for the HSCMB to review all 420 inmate files to determine whether they are compliant with the performance measures subject to the OSC.

14.     At a conservative estimate of 15 minutes per file, it would take a contract monitor working full time (i.e., eight hours per day, five days per week) on nothing but that review 13.125 days to review all 420 inmate files—over two and a half working weeks.

15.     This assumes, however, that the issue for which each file is being reviewed is easily identifiable, which is not the case with most of the instances listed in Ms. Kendrick's Declaration. Although Ms. Kendrick attached excerpts from inmate medical records for 50 of the allegedly undisclosed instances of non-compliance, she did not attach any medical records for the remaining 370 instances she claims were not disclosed but should have been, or otherwise identify the particular instances from those files that are alleged to be non-compliant.

2

16.     Thus, a contract monitor reviewing those 370 files would have to conduct a more extensive review of each file in order to (1) locate records that are potentially applicable to the PM and facility for which the inmate is listed in Ms. Kendrick's Declaration, and (2) determine whether the inmate/instance should have been included in Defendants' February 2018 filings as non-compliant.

17.     It is impossible to estimate how much additional time would be required for each of the 370 files, as factors such as the size of the file and the number of potentially applicable treatment instances in each file varies from inmate to inmate. It is not unreasonable to assume, however, that the total review of all 420 alleged instances of undisclosed non-compliance would take significantly longer than 13.125 days under these circumstances.

18.     It should also be noted that a compliance monitor tasked with reviewing these files would be unable to perform his or her other monitoring duties, such that HSCMB would be unable to assign more than one contract monitor to the task in order to avoid disrupting the normal functioning of the HSCMB in monitoring Corizon's compliance with all aspects of the health services contract and provision of health care to inmates.

19.     As for the various "reports," "rosters," and "logs" (collectively, "reports") attached to Ms. Kendrick's Declaration, it is my understanding, based on my discussions with ADC's Northern Region Operations Director, Ernie Trujillo, and ADC's Southern Region Operations Director, Joe Profiri, that the facility wardens have been instructed to have facility Corizon staff prepare these reports for use at the daily warden meetings, which include each facility's Facility Health Administrator. The purpose of the reports and meetings is to identify and review potential issues in the delivery of health care at each facility, and to determine whether security and operational issues may positively or negatively impact the delivery of care. They are not intended, and are not used, to monitor Corizon's compliance with either the OSC or the Stipulation.

20.    More specifically, Ms. Kendrick refers to the documents included in Exhibit 1 to her Declaration as "daily tracking reports" for ASPC-Eyman. (Doc. 2633 at ¶10.) Similar reports are found at Exhibits 27, 32, 53, and 63.

21.    These reports are not generated or used by ADC to monitor Corizon's compliance with the OSC, the Stipulation generally, or ADC's contract with Corizon.

22.    Ms. Kendrick refers to the document attached to her Declaration as Exhibit 2 as a "roster of compliance." (Id. at ¶14b.)  Similar rosters are found at Exhibits 5, 8, 9, and 13.

23.    These rosters are not generated or used by ADC to monitor Corizon's compliance with the OSC, the Stipulation generally, or ADC's contract with Corizon.

24.    Ms. Kendrick refers to the document included attached to her Declaration as Exhibit 28 to her Declaration as a "chronic care backlog roster." (Id. at ¶10.) Similar reports are found at Exhibits 29-31.

25.    These reports are not generated or used by ADC to monitor Corizon's compliance with the OSC, the Stipulation generally, or ADC's contract with Corizon.

26.    Ms. Kendrick states that the document attached to her Declaration as Exhibit 33 is a Pentaho report regarding PM 46. (Id. at ¶20a.) Similar reports are found at Exhibits 35, 54, 55, and 61.

27.    These reports are not generated or used by ADC to monitor Corizon's compliance with the OSC, the Stipulation generally, or ADC's contract with Corizon.

28.    Ms. Kendrick refers to the document attached to her Declaration as Exhibit 47 as a "performance measure log." (Id. at ¶22c.) Similar logs are found at Exhibits 48-49.

29.    These logs are not generated or used by ADC to monitor Corizon's compliance with the OSC, the Stipulation generally, or ADC's contract with Corizon.

30.    Ms. Kendrick refers to the document attached to her Declaration as Exhibit 64 as a "daily report." (Id. at ¶35a.) Similar logs are found at Exhibits 67 and 69.

31.    These reports are not generated or used by ADC to monitor Corizon's compliance with the OSC, the Stipulation generally, or ADC's contract with Corizon.

32.     Ms. Kendrick refers to the document attached to her Declaration as Exhibit 75 as a "PM 50/51/52 log." (Id. at ¶37.) A similar log is found at Exhibit 77.

33.     These logs are not generated or used by ADC to monitor Corizon's compliance with the OSC, the Stipulation generally, or ADC's contract with Corizon.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  _23ʳᵈ_  day of March, 2018.

RICHARD PRATT

5