1   Arizona Attorney General Mark Brnovich
    Office of the Attorney General
2   Michael E. Gottfried, Bar No. 010623
    Lucy M. Rand, Bar No. 026919
3   Assistant Attorneys General
    15 South 15th Avenue
4   Phoenix, Arizona 85007
    Telephone: (602) 542-1645
5   Fax: (602) 542-3393
    Michael.Gottfried@azag.gov
6   Lucy.Rand@azag.gov

7   Daniel P. Struck, Bar No. 012377
    Rachel Love, Bar No. 019881
8   Timothy J. Bojanowski, Bar No. 022126
    Nicholas D. Acedo, Bar No. 021644
9   Ashlee B. Fletcher, Bar No. 028874
    Jacob B. Lee, Bar No. 030371
10  Kevin R. Hanger, Bar No. 027346
    Timothy M. Ray, Bar No. 029191
11  Richard M. Valenti, Bar No. 031533
    Jamie D. Guzman, Bar No. 022095
12  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
    3100 West Ray Road, Suite 300
13  Chandler, Arizona  85226
    Telephone:  (480) 420-1600
14  Fax:  (480) 420-1696
    dstruck@strucklove.com
15  rlove@strucklove.com
    tbojanowski@strucklove.com
16  nacedo@strucklove.com
    afletcher@strucklove.com
17  jlee@strucklove.com
    khanger@strucklove.com
18  tray@strucklove.com
    rvalenti@strucklove.com
19  jguzman@strucklove.com
    *Attorneys for Defendants*

20

21                  **UNITED STATES DISTRICT COURT**
                       **DISTRICT OF ARIZONA**
22

| | |
|---|---|
| 23  Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-DKD |
| 24                                         Plaintiffs, | |
| 25           v. | **JOINT REPORT REGARDING PERFORMANCE MEASURE 85** |
| 26  Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, | **AND 86 PURSUANT TO COURT ORDER (DOC. 2645)** |
| 27  Arizona Department of Corrections, in their official capacities, | |
| 28                                         Defendants. | |

1    Pursuant to the Court's Order (Doc. 2645), the parties conducted a telephonic meet

2    and confer on March 20, 2018 at 10:00 a.m. to discuss the source records for Performance

3    Measures (PMs) 85 and 86 and provide the Court with the following Joint Statement.

4    **The Issue**

5    The Stipulation requires that the source documents reviewed for PM 85 also be

6    reviewed for compliance with PM 86.  The Court observed in its Order that monitoring

7    PM 86 has been in dispute for years and suggested that decoupling the source records

8    reviewed for PMs 85 and 86 might resolve the parties' issues.  The Court ordered the

9    parties to meet and confer on this issue.  The parties, however, are unable to come to an

10   agreement on the source records issue.

11   **Plaintiffs' Position**

12   On February 28, 2018, the Court ordered as follows:

13
           The Court cannot rewrite the Stipulation's protocol to
           decouple the source records from PM85 and PM86. However,
14         the parties can. The Court would like to suggest they do so.

15                                  * * *

16   **IT IS ORDERED** that the parties shall meet-and-confer to
     discuss modifying the source records for Performance
     Measures 85 and 86.  The parties shall file a joint report on
17   their discussion within 30 days from the date of this Order.

18   [Doc. 2645 at 2:1-10]

19   In compliance with this Order, the parties scheduled a telephonic meet and confer

20   for Tuesday, March 20 at 1:00 p.m. EDT.  Plaintiffs provided a written proposal to

21   Defendants in advance of the call.  *See* Ex. 1 – Plaintiffs' proposed language for PM 86.

22   Defendants provided no written proposal in advance of the call.  Declaration of David C.

23   Fathi, filed herewith, ¶ 3.

24   The call occurred on March 20 as scheduled, with Defendants represented by Jamie

25   Guzman (also participating was ADC Mental Health Director Dr. Nicole Taylor), and

26   Plaintiffs represented by Corene Kendrick and David Fathi.  During the call, Ms. Guzman

27   and Dr. Taylor repeatedly stated that Defendants are not willing to decouple the source

28   records for PM 86 from those for PM 85.  Fathi decl., ¶ 4.

1

1     As the Court is aware, over the three-year life of the Stipulation, Plaintiffs and

2 Defendants have held numerous discussions regarding the monitoring methodology for

3 PM 85 and PM 86, and have been unable to reach agreement.  The Court's suggestion to

4 modify the Stipulation to decouple the source records for the two PMs represented a

5 promising path forward.  In light of Defendants' rejection of that suggestion, Plaintiffs

6 renew their request that the Court order Defendants to comply immediately with its June

7 14, 2017 order regarding sampling methodology for PM 86 (*see* Doc. 2160 at 4), and

8 adopt Plaintiffs' proposed Monitor Guide language for PM 86 (*see* Doc. 2368-1 at 35-36).

9 *See* Doc. 2590 at 3-5, Doc. 2613 at 2-4.[1]  In addition, in light of Defendants' continuing

10 unwillingness or inability to monitor this and other Performance Measures consistently

11 with the requirements of the Stipulation, the Court should appoint an independent expert

12 pursuant to Fed. R. Evid. 706 to supervise Defendants' monitoring.  *See* Doc. 2613 at 5-6.

13     **Defendants' Position**

14     The dispute over monitoring PM 86 is the direct result of Plaintiffs' ever-changing

15 position on methodology and <u>not</u> because the Stipulation ties together the source records

16 between PMs 85 and 86.  Indeed, the reason this PM is once again before the Court is that

17 Plaintiffs lamented at the February 7, 2018 Status Hearing, the very methodology they

18 petitioned the Court for and the Court ordered be implemented over Defendants'

19 objection.  More specifically, Plaintiffs' complaint was the application of the Court's

20 "every X number of days" Order (Doc. 1673 at 4, 6) to PM 86 methodology that resulted

21 in excluding sample files under two scenarios: (1) if the inmate has been in custody and/or

22 the medication has been discontinued for less than 90 days or (2) if there has not been two

23 contacts by a mental health clinician between which to measure the time elapsed.

24 Plaintiffs ignored the Court's "every X number of days" Order and claimed that the

25 proposed language for PM 86 does not "require that anyone who does not have two

26 contacts is excluded from the sample.  It doesn't say that at all."  [02/07/2017 Hr. Tr. at

27

28     [1] The Court has already ruled on the proper monitoring methodology for PM 85.
*See* Doc. 2160 at 4; Doc. 2551 at 1-2.

2

1   11:2-3] The "every X number of days" methodology applies to PM 86 because Plaintiffs

2   repeatedly lobbied for the Court's Order to apply to PM 86, and the plain language of the

3   Order itself requires application. [*See* Docs. 2598 and 2619]

4        Defendants have been monitoring as Plaintiffs have demanded and this Court has

5   ordered.  Now, because this PM continues to remain above the compliance threshold,

6   Plaintiffs take yet another position on methodology.  Plaintiffs' recurring vacillation on

7   methodology has frustrated monitoring this PM for years.  [*See* id.]  As discussed in

8   Defendants' Statement (Doc. 2598), disparate and wavering application of the Court's

9   Orders on methodology is counterproductive and wastes valuable, limited resources.

10  Defendants submitted that two contacts should not be required to measure compliance for

11  all Performance Measures with an "every X number of days" requirement. [Docs. 2598

12  and 2619]  Rather, the only grounds for exclusion for all performance measures with

13  "every X number of days" language should be (1) if the inmate has not been in ADC

14  custody for the timeframe allowed for the first required event to occur or (2) the

15  timeframe allowed for the first required event has not yet expired.  [Id.]  Defendants also

16  should not be penalized for monitoring pursuant to the current Court-ordered

17  methodology and be required to re-audit.

18       Notwithstanding, the Stipulation does not need to be rewritten in order to

19  accomplish what the parties agree should be the source records for PM 86 − a random

20  selection of MH-3D prisoners who have been in custody <u>and</u> had their medication

21  discontinued for at least 90 days. Defendants proposed the following language, which

22  adheres to the express language of the Stipulation, but also accomplishes the random

23  selection of MH-3D files that Plaintiffs have proposed:

24
25          The records used for Performance Measure 85 are the
        starting point for evaluating compliance with Performance
        Measure 86. If the prisoner had been in ADC custody or had
26          their medications discontinued for less than 90 days, that
        record is excluded from the sample and another record is
27          randomly drawn. This process is repeated until a total of ten
        records (if available) have been drawn.
28

1    The only criteria separating Defendants' proposal and Plaintiffs' is the starting point of

2    looking at the files reviewed for PM 85 before employing a random selection process.

3         Defendants' proposed language provides for the selection of appropriate files for

4    review under PM 86 and complies with the express language of the Stipulation.  Plaintiffs

5    fail or refuse to articulate why this proposed language is not viable.  Instead, they demand

6    a rewrite of the Stipulation.  Defendants do not consent to rewriting the Stipulation when

7    doing so is unsupported and unwarranted.

8         Defendants propose for the Court's consideration, the attached language for PMs

9    85 and 86.  *See* Ex. 2 – Defendants' proposed language for PMs 85 and 86.

10        DATED this 28th day of March 2018.

11                                    STRUCK LOVE BOJANOWSKI & ACEDO, PLC

12

13                                    By /s/Timothy J. Bojanowski
                                         Daniel P. Struck
14                                       Rachel Love
                                         Timothy J. Bojanowski
15                                       Nicholas D. Acedo
                                         Ashlee B. Fletcher
16                                       Jacob B. Lee
                                         Kevin R. Hanger
17                                       Timothy M. Ray
                                         Richard M. Valenti
18                                       Jamie D. Guzman
                                         3100 West Ray Road, Suite 300
19                                       Chandler, Arizona  85226

20                                       Arizona Attorney General Mark Brnovich
                                         Office of the Attorney General
21                                       Michael E. Gottfried
                                         Lucy M. Rand
22                                       Assistant Attorneys General
                                         15 South 15th Avenue
23                                       Phoenix, Arizona 85007

24                                       *Attorneys for Defendants*

25

26

27

28

                                    4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By /s/David C. Fathi

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
**ACLU NATIONAL PRISON PROJECT**
915 15TH St., N.W., 7th Floor
Washington, D.C.  20005

*Admitted *pro hac vice.* Not admitted in DC;
practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
*Admitted *pro hac vice*

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:            ahardy@prisonlaw.com

Amelia M. Gerlicher:     agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:           afettig@npp-aclu.org

Asim Varma:              avarma@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:    cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:      ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:     DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:       dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:          dspecter@prisonlaw.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:        jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:     jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:      jrico@azdisabilitylaw.org

Kathleen E. Brody        kbrody@acluaz.org

Kirstin T. Eidenbach:    kirstin@eidenbachlaw.com

Maya Abela               mabela@azdisabilitylaw.org

Rose Daly-Rooney:        rdalyrooney@azdisabilitylaw.org

Sara Norman:             snorman@prisonlaw.com

Sarah Eve Kader:         skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio:           rlomio@prisonlaw.com

Victoria Lopez:          vlopez@aclu.org

1

2       I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

3

        N/A
4

                                        /s/Timothy J. Bojanowski
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8