Milton Wagner (Bar No. 024976)
Wagner Law LLC
340 East Palm Lane, Suite 255
Phoenix, AZ 85004
(602) 456-4166
mw@wgnrlaw.com

*Counsel of Record for Amicus Curiae
Ethics Bureau at Yale*

Lawrence J. Fox
George W. and Sadella D. Crawford
Visiting Lecturer at Yale
127 Wall Street
New Haven, CT 06511
(203) 432-9258
lawrence.fox@yale.edu

*Of Counsel*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br>Defendants. | No. 2:12-cv-00601-DKD<br><br>**MOTION FOR LEAVE FOR ETHICS BUREAU AT YALE TO FILE BRIEF OF *AMICUS CURIAE* IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY JUDGE DUNCAN FROM ALL FURTHER PROCEEDINGS (DOC. 2641)** |

Ethics Bureau at Yale ("Ethics Bureau") respectfully requests the Court's permission to file a brief of *amicus curiae* in the above-captioned case in opposition to Defendants' Motion to Disqualify Judge Duncan from All Further Proceedings. The proposed brief has been lodged herewith. Plaintiffs consented to the filing of this brief; Defendants did not.

## I.  IDENTITY AND INTEREST OF PROPOSED *AMICUS CURIAE*

*Amicus curiae* is the Ethics Bureau at Yale, a clinic composed of sixteen law students supervised by an experienced practicing lawyer and lecturer in legal ethics.[1] The Ethics Bureau has submitted *amicus* briefs in matters involving lawyer and judicial ethics to various adjudicatory bodies; has assisted defense counsel with ineffective assistance of counsel claims implicating professional responsibility; and has provided assistance, counsel, and guidance on a pro bono basis to not-for-profit legal services providers, courts, and law schools.

The clinic's supervisor Lawrence Fox is a Visiting Lecturer in Law and the George W. and Sadella D. Crawford Lecturer at Yale Law School, where he teaches legal ethics and professional responsibility. He is currently a partner at Schoeman Updike Kaufman & Gerber LLP and formerly served as the managing partner of Drinker Biddle & Reath LLP, a general practice law firm of approximately 650 lawyers with its principal office in Philadelphia. He has regularly been consulted and testified about ethics and professional responsibility of lawyers in various proceedings in both state and federal courts throughout the United States. He has authored numerous articles and books on professional responsibility, was the former Chair of the ABA Standing Committee on Ethics and Professional Responsibility, and has served as an advisor to the *Restatement (Third) of the Law Governing Lawyers*. He is a Fellow of the American College of Trial Lawyers and was the founder and a member of Ethics 2000, the ABA Commission established to rewrite the Model Rules of Professional Conduct.

The Ethics Bureau has an interest in the fair and consistent application of codes of judicial conduct and the statutes governing the behavior of judges. The Ethics Bureau's arguments in its proposed *amicus* brief would provide this Court with an additional perspective on a judge's ethical obligations. In particular, the Ethics Bureau would explain

---

[1] The preparation and publication of this document by a clinic affiliated with Yale Law School does not reflect any institutional views of Yale Law School or Yale University. No person or entity other than *amicus curiae* has made a monetary contribution to the preparation and submission of this brief.

why Magistrate Judge Duncan's behavior during this trial was appropriate and well within the standards of judicial ethics.

The Ethics Bureau has substantial experience in cases involving allegations of judicial misconduct. In the past three years, the clinic has submitted briefs in three cases on the constitutional, statutory, and ethical standards for judicial recusal. In *Williams v. Pennsylvania*, 136 S.Ct. 1899 (2016), the clinic addressed the due process and ethical problems that arise when a former prosecutor presides as a judge over a case on which he had previously worked. In *In re Khadr*, 823 F.3d 92 (D.C. Cir. 2016), the clinic discussed the federal statutes and ethics rules that prohibit a judge from privately practicing law while serving in a judicial role. Most recently, in *State v. Lacaze*, 208 So.3d 856 (La. 2016), the clinic discussed whether a judge should recuse himself if he has extrajudicial knowledge of the facts of the case.

## II. AN *AMICUS* BRIEF IS DESIRABLE AND THE MATTERS PRESENTED ARE RELEVANT TO THE DISPOSITION OF THE DEFENDANTS' MOTION

Courts have broad discretion to grant *amicus* status to third parties. *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (citing *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)). Historically, the purpose of *amicus curiae* was to "provide impartial information on matters of law about which there was doubt, especially in matters of public interest." *U.S. v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991) (citing *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (additional citations omitted)).

The Ethics Bureau's brief serves such a purpose and, as noted above, the Ethics Bureau is uniquely situated to assist the Court here in addressing questions of judicial ethics. The Ethics Bureau's brief addresses Defendants' claims that Magistrate Judge Duncan's demeanor and tone demonstrate bias and prejudice against the Defendants; that his reading of the KJZZ article and subsequent scheduling of an evidentiary hearing constitute impermissible ex parte communications; and that his chambers' provision of routine

administrative information to third parties demonstrated partiality. This brief discusses the principles of, and case law on, judicial ethics of bias and partiality; the nature and purpose of the prohibition on ex parte communications; and the exception to such prohibition for administrative contacts.

The Ethics Bureau requests the Court's permission to participate in these proceedings only for the purposes of filing a brief in opposition to the Defendants' Motion to Disqualify Magistrate Judge Duncan from All Further Proceedings. This Court denied Corizon Health, Inc.'s Motion for Leave to Participate as *Amicus Curiae* on August 15, 2017 (Document 2235). Unlike Corizon Health, Inc., however, the Ethics Bureau does not seek to participate as a litigating *amicus*. The Ethics Bureau's role would be limited to providing the Court with impartial information on judicial recusal related to Defendants' motion only.

### III. CONCLUSION

For the foregoing reasons, the Ethics Bureau respectfully requests that the Court grants its Motion for Leave to File Brief of *Amicus Curiae* in Opposition to Defendants' Motion to Disqualify Judge Duncan From All Further Proceedings.

Dated: March 30, 2018

Respectfully submitted,

/s Milton Wagner
Wagner Law LCC
Milton Wagner (Bar No. 024976)
340 East Palm Lane, Suite 255
Phoenix, AZ 85004
(602) 456-4166
mw@wgnrlaw.com

*Counsel of Record*

Lawrence J. Fox
George W. and Sadella D. Crawford
Visiting Lecturer at Yale
127 Wall Street

New Haven, CT 06511
(203) 432-9258
lawrence.fox@yale.edu

*Of Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s Milton Wagner