Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
        adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **RESPONSE TO DEFENDANTS' MOTION FOR CHIEF JUDGE TO RULE ON DEFENDANTS' MOTION TO DISQUALIFY MAGISTRATE JUDGE DUNCAN FROM ALL FURTHER PROCEEDINGS (DOC. 2693)** |

LEGAL139288882.1

Defendants contend that Chief Judge Collins should "exercise" his purported "inherent authority," "intervene" in this complex litigation, and adjudicate Defendants' pending Motion to Disqualify Magistrate Judge Duncan From All Further Proceedings (Doc. 2641) in place of Judge Duncan, who, with the consent of all parties, has been overseeing this complex litigation for over three years pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  [Doc. 2693 at 1, 5; Doc. 1194; Doc. 1186 at 1]  Although the motion was filed on Judge Duncan's docket, Defendants direct their request to the Chief Judge.[1]  The Chief Judge, however, has no authority to take the invasive action urged by Defendants.  In any event, Judge Duncan is best positioned to consider (and deny) Defendants' baseless disqualification motion.[2]

## ARGUMENT

The Ninth Circuit has expressly rejected the "argument that the Chief Judge . . . was required to rule on [a] recusal motion."  *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *see In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (Kozinski, J., denying motion to disqualify) (noting that "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned"); *see also Manion v. Am. Airlines, Inc.*, 251 F. Supp. 2d 171, 175 (D.D.C. 2003) (observing that allegations of partiality "must be made, if at all, before the judge whose impartiality is being questioned").  Indeed, absent a request from the challenged judge, a chief judge "has no authority to rule on such a motion."  *Williams v. Michigan*, No. 06-14343, 2006 WL 3313795, at *1 (E.D. Mich. Nov. 15, 2006) ("A plaintiff must submit a motion for disqualification to the district judge who is assigned to the case, not to the Chief Judge" (citing cases)).  And, as explained in Part II, below, Judge Duncan is better suited to decide the disqualification motion.

---

[1] In fact, Defendants sent a copy of their motion and the underlying disqualification motion, as well as a proposed order in Word format, to the Chief Judge's chambers.  [Doc. 2733-1 at 48]

[2] Plaintiffs use "disqualification" and "recusal" interchangeably in this response. *See* Richard E. Flamm, Judicial Disqualification § 45.3 at 1-2 (3d ed. 2017) (discussing different interpretations of the terms).

LEGAL139288882.1

I. **THE CHIEF JUDGE MAY NOT UNILATERALLY INSERT HIMSELF INTO THIS LITIGATION AND DECIDE DEFENDANTS' PENDING MOTION TO DISQUALIFY JUDGE DUNCAN.**

"No express or implied power is granted a chief judge to affect administratively, directly or indirectly, litigation assigned to and pending before another judge of the court." *In re McBryde*, 117 F.3d 208, 225 (5th Cir. 1997) (quotation marks and citations omitted), *cert. denied*, 524 U.S. 937 (1998); *see also Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."); *Abuya v. Verizon Select Servs., Inc.*, No. 08-2268, 2010 WL 3583256, at *2 n.3 (N.D. Tex. July 30, 2010) (citations omitted) ("a chief judge does not have plenary authority to rule on motions in cases assigned to other judges"), *report and recommendation adopted*, 2010 WL 3583258 (N.D. Tex. Sept. 9, 2010); *Cobble v. United States*, No. 08MC-30-R, 2009 WL 650440, at *3 n.2 (W.D. Ky. Mar. 10, 2009) (finding "no authority for the Chief Judge, whomever that may be, to intervene in an action pending before another judge"); *cf.* Fed. Judicial Ctr., Deskbook for Chief Judges of U.S. District Courts 4 § I.F.2 (4th ed. 2014) ("Statutes and national procedural rules provide the chief judge with limited authority over the court's assignment of cases and even less authority over how other judges manage their dockets.").

Indeed, Defendants' disqualification motion is little more than a grab-bag of complaints about Judge Duncan's rulings in and administration of this complex litigation over the past year and a half. [Doc. 2641; Doc. 2732 (Plaintiffs' Response)] In essence, then, Defendants are asking the Chief Judge to conduct a plenary review of how Judge Duncan has managed this post-settlement enforcement litigation. But "a chief district judge does not have the authority to disturb or alter the decisions of other district court judges." *Smith v. Stark*, 777 F. Supp. 2d 795, 800 (D. Del. 2011) (citation omitted); *see Davis v. LeBlanc*, No. 09-1450, 2011 WL 1226016, at *1 (W.D. La. Mar. 29, 2011) ("There is no authority for the Chief Judge to intervene merely because a plaintiff is

1  dissatisfied with the decisions of the assigned district and magistrate judges."); *Bacon v. Skolinik*, No. 207-00821, 2007 WL 9657646, at *1 (D. Nev. Dec. 11, 2007) ("The Chief Judge otherwise does not have appellate or supervisory authority over other federal district judges in the district, and a litigant may not obtain an order from the Chief Judge to remove a presiding district judge based upon the litigant's disagreement with the presiding judge's rulings."). Put simply, "there is no authority for the . . . [chief] judge to intervene in . . . [the] main action." *Cobble v. Bernanke*, No. MISC.A. 3:09MC-3-R, 2009 WL 1076137, at *2 (W.D. Ky. Apr. 21, 2009). If Defendants are dissatisfied with a ruling, their "remedy is to appeal." *Id.*

In support of their motion, Defendants offer only three district court cases.[3] [Doc. 2693 at 4-5] But those cases stand for the unremarkable (and undisputed) proposition that a judge who is the subject of a recusal motion may elect to refer the motion to another judge for decision. None of the cases support what Defendants demand now—namely, that the Chief Judge insert himself into the docket of another judge without invitation.

The first two cases, both from the Northern District of California, involved judges who voluntarily (and unnecessarily) chose to refer a recusal motion to another judge. *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084, 1088 (N.D. Cal. 2017) ("Judge Orrick would have been well within the law to deny the disqualification motion outright, yet he chose instead to refer the entire motion . . . to another judge to be selected at random"); *United States v. Zagari*, 419 F. Supp. 494, 499 (N.D. Cal. 1976) ("Although he did not have to do it, Judge Conti asked that an outside judge be assigned to reconsider the matter").[4] Defendants' characterization of *Zagari* as allowing a different

---

[3] Plaintiffs address only the final paragraph of Defendants' Motion for Chief Judge to Rule. [Doc. 2693 at 4-5] Plaintiffs do not address the rest of the motion, which largely repeats arguments in Defendants' Motion to Disqualify Magistrate Judge Duncan From All Further Proceedings. [*Id.* at 2-5] Those arguments are meritless for the reasons set forth in Plaintiffs' response to that motion. [Doc. 2732]

[4] Both cases involved a claim under 28 U.S.C. § 144, which was not brought by Defendants here, in addition to § 455. *Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1088; *Zagari*, 419 F. Supp. at 497. Section 144, unlike § 455, expressly requires reassignment

judge to consider a motion to disqualify "'when properly requested'" is misleading. [Doc. 2693 at 4 (quoting *Zagari*, 419 F. Supp. at 498)]  It is the *challenged judge* who may "properly request[]" reassignment, *not* a disgruntled litigant. *Zagari*, 419 F. Supp. at 498 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 582 n.13 (1996) (noting that judge "referred the question of his disqualification" to another judge)); *see id.* at 499 ("The defendant here got more, not less, than he was entitled to").  In fact, *Zagari* supports Judge Duncan ruling on the motion in the normal course.  "[O]therwise, the disqualification procedure could be used as a tool for delay and disruption of the administration of the courts, and [the] judge [being challenged] knows better than anyone else whether he could give the parties a fair and impartial trial." *Id.* at 499; *see also* Part II, below.

The third case, from the Southern District of Florida, is no different.  There, a district court referred a disqualification motion to the chief judge. *United States v. Craig*, 853 F. Supp. 1413, 1414 (S.D. Fla. 1994).  Defendants opposed the referral, contending that 28 U.S.C. § 455 "precludes transfer of the disqualification motion to another judge for resolution." *Id.* at 1414-15.  The chief judge disagreed and concluded that he had inherent authority to hear the motion "at the request of the district judge assigned to the case." *Id.* at 1415.  He noted that "courts have acknowledged that the challenged judge may either opt to refer the matter to another judge for decision or rule on it himself," and that "it has been the policy of this court for at least 20 years to refer such or similar

---

in certain circumstances. *Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1088 (noting that, by contrast, "motions under 28 U.S.C. § 455 are determined by the judge to whom the motion is directed").  The Northern District of California, unlike the District of Arizona, has commentary to a local rule that expressly allows a judge to voluntarily "refer[] matters arising under 28 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification."  N.D. Cal. Civ. R. 3-14, Commentary.  It therefore made sense to transfer both Section 144 and 455 claims together.  Otherwise, the two claims—which have "identical" substantive tests—would be decided by two different judges and could result in conflicting decisions. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

motions to the chief judge for consideration." *Id.* Defendants identify no such policy in the District of Arizona. *Craig* therefore cannot support Defendants' invasive request.[5]

In sum, Defendants provide no authority (and there is none) to support their request that Chief Judge Collins unilaterally inject himself in pending proceedings without invitation from Judge Duncan. Defendants agreed to proceed before Judge Duncan "because his constructive participation in the settlement negotiations has provided him with a unique ability to effectuate the parties' intent in any future proceedings."

---

[5] *Craig* does reference the chief judge's "inherent authority to handle the disqualification motion." 853 F. Supp. at 1415. But, as explained above, the chief judge was only reviewing his authority to handle the motion *at the request of the assigned judge*. No court appears to read *Craig* as Defendants do—to allow a chief judge to unilaterally insert herself into proceedings without invitation by the assigned judge. See **Southern District of Florida**: *United States v. S. Fla. Water Mgmt. Dist.*, 290 F. Supp. 2d 1356, 1359 n.1 (S.D. Fla. 2003) ("[I]t is permissible, as was done in the above-styled cause, to refer the matter to another judge. In the Southern District of Florida the practice is to refer such motions, if referred, to the Chief Judge." (citing *Craig*)); *Gould v. Fla. Atl. Univ. Bd. of Trustees*, No. 10-81210, 2011 WL 13227928, at *7 (S.D. Fla. Oct. 25, 2011) ("'[T]he challenged judge may either opt to refer the matter to another judge for decision or rule on the matter himself.' . . . [Here,] [i]t would be a waste of judicial resources to refer this meritless motion to Chief Judge Moreno" (quoting *Craig*, 853 F. Supp. at 1415)); *Sabatier v. Suntrust Bank*, No. 06-20418, 2009 WL 2430892, at *1 (S.D. Fla. Aug. 7, 2009) ("That is both the effect of the statute and the practice of the Judges in this District: 'In the Southern District of Florida the practice is to refer such motions, *if referred*, to the Chief Judge.'" (quoting *United States v. South Fla. Water Management Dist.*, 290 F. Supp. 2d 1356, 1359 n.1 (S.D. Fla. 2003) (emphasis in *Sabatier*)); *Paul v. D & B Tile of Hialeah, Inc.*, No. 09-60259, 2009 WL 2430901, at *1 (S.D. Fla. Aug. 7, 2009) ("Plaintiff has made much of my decision not to refer this matter to the Chief Judge of this District and let him decide whether recusal is warranted. As to this point: there is no requirement that I refer a motion to recuse to another Judge of this District."); *Gossard v. JP Morgan Chase & Co.*, No. 08-60565, 2009 WL 10668185, at *5 (S.D. Fla. Aug. 7, 2009) (same); *Bettis v. Toys "R" Us*, No. 06-20418, 2009 WL 10667744, at *3 (S.D. Fla. June 23, 2009) (same); *United States v. Paan*, 915 F. Supp. 376, 377 (S.D. Fla. 1996) ("Judge Moore has referred this motion for disposition to the Chief Judge of the Southern District of Florida. This court has authority to rule on this matter as Chief Judge of this district."). **Other Jurisdictions**: *Stone v. Bank of New York Mellon, N.A.*, No. 11-00081, 2014 WL 61480, at *5 (N.D. Ga. Jan. 8, 2014) (citing *Craig* for proposition that "a judge has discretion either to refer a matter to another judge or to rule on a motion herself"); *In re Hindu Temple & Cmty. Ctr. of Georgia, Inc.*, No. 09-82915, 2013 WL 8214672, at *1 (Bankr. N.D. Ga. Mar. 5, 2013) ("[Movant] argues in his brief supporting his motion that a motion to recuse must be referred to another judge. He is mistaken. Although it would not be error for a judge to refer a motion to recuse him or her to another judge, . . . a motion to recuse is properly decided by the judge to whom the motion is addressed." (citing, among others, *Craig*)). **Federal Practice & Procedure**: Charles Alan Wright *et al.*, 13D Fed. Prac. & Proc. Juris. § 3550 (3d ed.) ("If a motion is made under § 455, the judge may at his option transfer the matter to another judge for decision. He is not required to do so, though, and it is entirely proper for the challenged judge to pass on the matter himself." (footnotes omitted)).

1  [Doc. 1194 at 1 (order); Doc. 1186 at 1 (joint motion)]  Three and a half years later, after
2  Defendants have proven unable to comply with the Stipulation and Judge Duncan has
3  overseen complex remedial efforts, Defendants cannot change their minds and demand
4  intervention by the Chief Judge based on their self-serving, irresponsible, and baseless
5  claims of bias and partiality.  *M&I Marshall & Ilsley Bank v. McGill*, No. 10-1436, 2011
6  WL 2652569, at *2 (D. Ariz. June 30, 2011) ("Allegations of []partiality do not constitute
7  'extraordinary circumstances' to vacate referral to a magistrate judge.").

## II.   JUDGE DUNCAN IS BEST SUITED TO DECIDE THE MOTION TO DISQUALIFY.

As Plaintiffs previously explained, Judge Duncan is in the best position to decide the motion to disqualify.  [Doc. 2732 at 18-19]  The relevant legal analysis "is necessarily fact-driven and may turn on subtleties in the particular case."  *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *see also Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) ("section 455(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue" (internal quotation marks and citation omitted)).

Here, Judge Duncan has presided over this case for more than three years, after overseeing settlement of the litigation.  Defendants' motion to disqualify relies on statements made between January and December 2017, a period of time that involved over 700 filings, 27 hearing days, 3,600 pages of hearing transcripts, and 38 live witnesses. [Doc. 2732 at 18; *see Melendres v. Arpaio*, No. 07-2513, 2015 WL 13173306, at *10 (D. Ariz. July 10, 2015) (challenged judge denied recusal motion "[i]n light of" the case's "history," which included movant's "resist[ance to] the Court's directives after the Court entered its permanent injunction and throughout the compliance phase," which constituted at best a "negligent approach to the timely implementation of its orders," and at worst a "pattern of knowing defiance and subversion")]  Thus, Judge Duncan, "the judge

1  presiding over [the] case[,] is in the best position to appreciate the implications of those
2  matters alleged in a recusal motion." *United States v. Ciavarella*, 716 F.3d 705, 719 (3d
3  Cir. 2013) (internal quotation marks and citation omitted).

## CONCLUSION

The Court should deny Defendants' Motion for Chief Judge to Rule on Defendants' Motion to Disqualify Magistrate Judge Duncan From All Further Proceedings.

Dated: April 3, 2018                    **PRISON LAW OFFICE**

By:   s/ Rita K. Lomio
      Donald Specter (Cal. 83925)*
      Alison Hardy (Cal. 135966)*
      Sara Norman (Cal. 189536)*
      Corene Kendrick (Cal. 226642)*
      Rita K. Lomio (Cal. 254501)*
      **PRISON LAW OFFICE**
      1917 Fifth Street
      Berkeley, California 94710
      Telephone:  (510) 280-2621
      Email:    dspecter@prisonlaw.com
                ahardy@prisonlaw.com
                snorman@prisonlaw.com
                ckendrick@prisonlaw.com
                rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
          afettig@aclu.org
          vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

LEGAL139288882.1                    -7-

| | |
|---|---|
| 1 | Kirstin T. Eidenbach (Bar No. 027341) |
| | **EIDENBACH LAW, P.L.L.C.** |
| 2 | P. O. Box 91398 |
| | Tucson, Arizona 85752 |
| 3 | Telephone: (520) 477-1475 |
| | Email: kirstin@eidenbachlaw.com |
| 4 | |
| | Kathleen E. Brody (Bar No. 026331) |
| 5 | **ACLU FOUNDATION OF ARIZONA** |
| 6 | 3707 North 7th Street, Suite 235 |
| | Phoenix, Arizona 85013 |
| 7 | Telephone: (602) 650-1854 |
| | Email: kbrody@acluaz.org |
| 8 | |
| | Daniel C. Barr (Bar No. 010149) |
| 9 | Amelia M. Gerlicher (Bar No. 023966) |
| | John H. Gray (Bar No. 028107) |
| 10 | **PERKINS COIE LLP** |
| | 2901 N. Central Avenue, Suite 2000 |
| 11 | Phoenix, Arizona 85012 |
| | Telephone: (602) 351-8000 |
| 12 | Email: dbarr@perkinscoie.com |
| | agerlicher@perkinscoie.com |
| 13 | jhgray@perkinscoie.com |
| 14 | Caroline Mitchell (Cal. 143124)* |
| | **JONES DAY** |
| 15 | 555 California Street, 26th Floor |
| | San Francisco, California 94104 |
| 16 | Telephone: (415) 875-5712 |
| | Email: cnmitchell@jonesday.com |
| 17 | |
| | *Admitted *pro hac vice* |
| 18 | |
| | John Laurens Wilkes (Tex. 24053548)* |
| 19 | **JONES DAY** |
| | 717 Texas Street |
| 20 | Houston, Texas 77002 |
| | Telephone: (832) 239-3939 |
| 21 | Email: jlwilkes@jonesday.com |
| 22 | *Admitted *pro hac vice* |
| 23 | *Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated* |

|   |   |
|---|---|
| 1 | **ARIZONA CENTER FOR DISABILITY LAW** |
| 2 | |
| 3 | By: s/ Maya Abela |
| 4 | Sarah Kader (Bar No. 027147)<br>Asim Dietrich (Bar No. 027927) |
| 5 | 5025 East Washington Street, Suite 202<br>Phoenix, Arizona 85034 |
| 6 | Telephone: (602) 274-6287<br>Email: skader@azdisabilitylaw.org |
| 7 | adietrich@azdisabilitylaw.org |
| 8 | Rose A. Daly-Rooney (Bar No. 015690)<br>J.J. Rico (Bar No. 021292) |
| 9 | Jessica Jansepar Ross (Bar No. 030553)<br>Maya Abela (Bar No. 027232) |
| 10 | **ARIZONA CENTER FOR DISABILITY LAW** |
| 11 | 177 North Church Avenue, Suite 800<br>Tucson, Arizona 85701 |
| 12 | Telephone: (520) 327-9547<br>Email: |
| 13 | rdalyrooney@azdisabilitylaw.org<br>jrico@azdisabilitylaw.org |
| 14 | jross@azdisabilitylaw.org<br>mabela@azdisabilitylaw.org |
| 15 | *Attorneys for Arizona Center for Disability Law* |

LEGAL139288882.1                         -9-

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

                                                    s/ D. Freouf

LEGAL139288882.1                           -10-