**EXHIBIT 2**

**EXHIBIT 2**

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DECLARATION OF VANESSA HEADSTREAM** |

I, **VANESSA HEADSTREAM**, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration. I make this Declaration in support of Defendants' Supplemental Response to the Declaration of Corene Kendrick (Doc. 2633).

2. I have been employed by the Arizona Department of Corrections ("ADC") since 2007, first as a correctional nurse and then as RN supervisor at Perryville. I joined the Health Services Contract Monitoring Bureau ("HSCMB") as a compliance audit nurse in 2012 when Health Services was privatized.

3. I am currently the Program Evaluation Administrator (Contract Compliance) with the HSCMB. In my current position, I supervise eight monitors, oversee the Southern Region for the HSCMB, and monitor several health care performance measures.

4. I am familiar with the Court's October 10, 2017 Order to Show Cause ("OSC"); the requirement to provide a report of all failures for the month of December 2017 for the 11 health care performance measures ("PMs") subject to the OSC; the Court's March 19, 2018 order requiring a response to the Declaration of Corene Kendrick (Doc. 2633); and the Court's March 27, 2018 order requiring a further response addressing all 420 instances of alleged non-compliance listed in the Declaration of Corene Kendrick (Doc. 2633).

5. I am familiar with the Declaration of Corene Kendrick, filed on February 23, 2018 (Doc. 2633), and have personally reviewed the Declaration and the exhibits attached to it.

6. On Thursday, March 29, 2018, I received a spreadsheet from Richard Pratt that was prepared by Corizon and stated Corizon's initial findings from its review of the complete list of 420 instances of allegedly unreported non-compliance with the PMs subject to the OSC.

7. On Friday, March 30, 2018, I personally reviewed each instance Corizon marked as compliant, as well as a large selection of the instances Corizon marked as non-

1

compliant, by opening each inmate medical file in eOMIS and auditing the file in the same way I or any other HSCMB monitor would normally audit the file, i.e., by following the methodology outlined in the current version of the HSCMB Monitoring Guide for the applicable PM.

8. I identified numerous instances that were incorrectly marked, or that were not applicable because they would have been excluded pursuant to the monitoring methodology if the file had been pulled as part of HSCMB's random audit. I added a "comments" column to the spreadsheet in which I put notes as to why I believed each such instance should be marked differently as compliant, non-compliant, or not applicable.

9. I also identified some instances listed in the Declaration of Corene Kendrick (Doc. 2633) that were not included in the spreadsheet I received from Corizon, either because an inmate name or number had been mistyped (in either the Declaration or the spreadsheet), or because it simply had been overlooked. I highlighted these changes and additions with red bold text, performed the same audit described above as I had performed for the instances marked compliant, and put notes explaining my findings in the "comments" column.

10. I sent the spreadsheet back to Richard Pratt that same day.

11. On Monday, April 2, 2018, Richard Pratt and I participated in a conference call with JT Scalise, Lynn Cole, Jennine Gahris, and Amber Puckett from Corizon regarding the instances described above in which I disagreed with Corizon's findings or otherwise found errors. We requested that Corizon re-review those instances and send us a revised spreadsheet.

12. Corizon sent the revised spreadsheet the morning of Wednesday, April 4, 2018.

13. Later that morning, Richard Pratt and I participated in a conference call with Jennifer Finger, William Carr, Jennine Gahris, and Amber Puckett for Corizon, and Jacob Lee and Tim Bojanowski (in addition to Richard Pratt and I) for ADC regarding

1 additional revisions that needed to be made to the spreadsheet to ensure its accuracy, especially with regard to subjective elements of the various PMs. The call lasted approximately two hours.

14. Following the call, I re-audited the instances listed for PMs 11, 50, 51, 52, and 54 pursuant to the understandings reached between Corizon and ADC during the conference call.

15. I performed additional audits of various instances on the spreadsheet pursuant to requests from counsel for ADC to resolve apparent inconsistencies on Thursday, April 5, 2018 and Friday, April 6, 2018.

16. Altogether, I have spent a total of 39 hours auditing and re-auditing the 420 instances of allegedly unreported non-compliance listed in the Declaration of Corene Kendrick (Doc. 2633) to make them as accurate as possible.

17. To the best of my knowledge, based on these audits, the results stated in the spreadsheet filed concurrently with this declaration are accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  06  day of April, 2018.

_____
VANESSA HEADSTREAM

3