Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CHIEF JUDGE TO RULE ON DEFENDANTS' MOTION TO DISQUALIFY MAGISTRATE JUDGE DUNCAN FROM ALL FURTHER PROCEEDINGS (Dkt. 2693)** |

In response to Defendants' Motion to Disqualify Magistrate Judge Duncan From All Further Proceedings, Plaintiffs filed a 37-page opposition. (Dkt. 2732, 2733, 2734.) The Ethics Bureau at Yale submitted a 13-page Brief of Amicus Curiae defending Magistrate Judge Duncan's statements and conduct. (Dkt. 2730.) And even the media have come to his defense.[1] (Dkt. 2733-1 at 6.) That any of them felt compelled to rally

---

[1] On February 26, 2018, the author of the KJZZ article that provoked several of Magistrate Judge Duncan's biased statements tweeted: "I've been following this case for a year now and I can honestly say – Judge Duncan has never displayed any bias – he is incredibly fair and patient and thoughtful – the fact that the state has gone for years

their support is further evidence that Magistrate Judge Duncan's impartiality has been called into question. If the allegations of bias were "baseless," as Plaintiffs contend (Dkt. 2739 at 2:10, 7:4-5), it would be self-evident.[2] The fact that they have vouched for Magistrate Judge Duncan's conduct is even more reason for the Chief Judge to rule on the Motion to Disqualify. That objective inquiry, *see Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991), should not be clouded by those advocating that Magistrate Judge Duncan remain on the case. Nor is there anything in Plaintiffs' Response to the Motion for Chief Judge to Rule that precludes the Chief Judge from preserving the appearance of impartiality in this District and ruling on the Motion to Disqualify.

Plaintiffs first declare that "the Chief Judge may not unilaterally insert himself into this litigation and decide Defendants' pending Motion to Disqualify Judge Duncan." (Dkt. 2739 at 3:1-2.) But they cite no authority that absolutely bars the Chief Judge from ruling on that Motion in the first instance. (Id. at 3-4.) Instead, they rely largely on cases, none involving a motion to disqualify, that involved either a Chief Judge's reassignment of two cases to himself, *see In re McBryde*, 117 F.3d 208, 209 (5th Cir. 1997), or requests for the Chief Judge to *review or reconsider* another judge's ruling. *See Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("Plaintiffs ask[] this court to enjoin [remand-related] rulings Judge Stark entered in Civ. No. 10-199-LPS."); *Smith v. Stark*, 777 F. Supp. 2d 795, 799 (D. Del. 2011) ("The instant litigation, *Smith XI*, seeks review of the proceedings in *Smith VI*. More specifically, plaintiff contends that Judge Stark did not have jurisdiction to issue his orders dated December 23, 2010 and January 10, 2011 [in *Smith VI*]."); *Abuya v. Verizon Select Services, Inc.*, 3-08-CV-2268-G, 2010 WL 3583256, at **2-3 & n.3 (N.D. Tex. July 30, 2010) (noting that plaintiff's "Rule 59(e) motion for reconsideration" of order dismissing case for discovery violations was properly considered by the presiding judge, not the Chief Judge); *Cobble v. Bernanke*, MISC.A.

---

without sanction is proof of that[.]" (Dkt. 2733-1.)

[2] Defendants' Reply, due April 16, 2018, will address the substance of Plaintiffs' opposition.

2

3:09MC-3-R, 2009 WL 1076137, at *1 (W.D. Ky. Apr. 21, 2009) ("The instant action arises out of a petition Daniel Cobble filed asking the Chief Judge of the United States District Court, Western District of Kentucky, to intervene in his civil action, *Cobble v. Bernanke*, No. 3:08CV-516-CRS [and] … to: Reverse the unlawful November 24, 2008 Order by Judge Charles R. Simpson III that attempts to dismiss action 3:08CV-516-CRS which Cobble is a party."); *Cobble v. United States*, 3:08MC-30-R, 2009 WL 650440, at *1 (W.D. Ky. Mar. 10, 2009) ("The Court will now turn to Cobble's request that the Chief Judge of the Western District of Kentucky intervene in Civil Action No. 3:08CV–123–ART and disturb Judge Thapar's rulings [dismissing claim and transferring another] in that case.").

Defendants are not asking the Chief Judge to take this case over, review any of Magistrate Judge Duncan's "rulings in and administration of this complex litigation," or "to conduct a plenary review of how Judge Duncan has managed this post-settlement enforcement litigation," as Plaintiffs suggest. (Dkt. 2739 at 3:20-24.) They are asking the Chief Judge to rule on their Motion to Disqualify and determine whether Magistrate Judge Duncan's statements and conduct display the appearance of impropriety.

Two other cases cited by Plaintiffs did involve a request to the Chief Judge to disqualify the presiding judge, but neither one supports the proposition that a Chief Judge is barred in all circumstances from considering a disqualification motion brought under 28 U.S.C. 455. In *Bacon v. Skolinik*, 207CV00821KJDRJJ, 2007 WL 9657646, at *1 (D. Nev. Dec. 11, 2007), the presiding judge rejected a request to the Chief Judge to remove the presiding judge "based upon the litigant's disagreement with the presiding judge's rulings." Defendants' Motion to Disqualify Magistrate Judge Duncan is not based on any of his rulings. It is based on his statements and conduct. In *Williams v. Michigan*, CIV.A.06-CV-14343-DT, 2006 WL 3313795, at *1 (E.D. Mich. Nov. 15, 2006), the Chief Judge refused to rule on a motion to disqualify under 28 U.S. §§ 144, 455, and 2284 because the plaintiff "commit[ted] a procedural error by *submitting* a motion for disqualification to a judge who is not presiding over plaintiff's case." (Emphasis added).


1  Here, Defendants properly submitted their Motion to Disqualify to Magistrate Judge
2  Duncan and have separately asked Chief Judge Collins to intervene and rule on it.

3  Plaintiffs' citation to *Davis v. LeBlanc*, CIV. 1:09-1450, 2011 WL 1226016, at *1
4  (W.D. La. Mar. 29, 2011), actually supports the Chief Judge ruling on Defendants'
5  Motion to Disqualify.  In *Davis*, the plaintiff filed a motion for the Chief Judge to
6  intervene, alleging the magistrate judge and presiding district court judge were biased
7  against him by denying his requests for the appointment of counsel.  *Id*.  The presiding
8  judge referred the motion to the Chief Judge and the Chief Judge *ruled on* the bias
9  allegations.  *Id.*  He denied the motion because the plaintiff failed to demonstrate actual or
10 apparent bias and "[t]here is no authority for the Chief Judge to intervene merely because
11 a plaintiff is *dissatisfied with the decisions of* the assigned district and magistrate judges."
12 *Id.*, emphasis added.  Again, here, Defendants' Motion to Disqualify is not based on any
13 adverse ruling.

14 Plaintiffs next contend that the Ninth Circuit has "expressly rejected the 'argument
15 that the Chief Judge was required to rule on a recusal motion.'"  (Dkt. 2739 at 2:12-14,
16 quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986).)  But Defendants
17 have not argued that the Chief Judge is *required* to rule on their Motion to Disqualify.
18 Rather, they urge the Chief Judge to "exercise his inherent authority" and do so.  (Dkt.
19 2693 at 5:7-10.)  The authority cited in Defendants' Motion for Chief Judge to Rule
20 undisputedly supports the proposition that Magistrate Judge Duncan's consideration of the
21 Motion to Disqualify is *not mandatory* and that the Chief Judge (or another judge) *may*
22 rule on it.  In both *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084,
23 1088 (N.D. Cal. 2017), and *U. S. v. Zagari*, 419 F. Supp. 494, 497-98 (N.D. Cal. 1976),
24 motions to disqualify the presiding judges under § 455 were ruled on by another judge.
25 *See also Bronick v. State Farm Mut. Auto. Ins. Co.*, CV-11-01442-PHX-JAT, 2013 WL
26 2390251, at *2 (D. Ariz. May 30, 2013) (district court judge recused himself from
27 determining grounds for disqualification under § 455, and referred the motion to another
28

4

district court judge "in an abundance of caution"). And in *United States v. Craig*, 853 F. Supp. 1413, 1415 (S.D. Fla. 1994), the Chief Judge resolved a § 455 motion.

Plaintiffs discount these cases because in *Nat'l Abortion* and *Zagari* the reassignment occurred only after a request by the presiding judge. But neither case deems such a request a prerequisite; that just happened to have occurred. (Dkt. 2739 at 4:16-5:11.) The point of those two cases is that another judge is not absolutely barred from deciding a disqualification motion.[3] With regard to *Craig*, Plaintiffs point out that disqualification motions in the Southern District of Florida are decided by the Chief Judge as a matter of policy. (Id. at 5:12-6:28.) Policy or not, *Craig* and its progeny show that a ruling by the Chief Judge is not prohibited. And even Plaintiffs acknowledge that *Craig* recognized the Chief Judge's "inherent authority" to rule. (Id. at 6:8-9 ["*Craig* does reference the chief judge's 'inherent authority to handle the disqualification motion.'"].) The Chief Judge should exercise that authority here. This is a significant class-action lawsuit involving the provision of healthcare to approximately 34,000 ADC inmates. It is a case of significant, statewide importance and garners social and media attention on a weekly, if not daily, basis. Intervention is necessary to "preserve not only the reality but also the appearance of the proper functioning of the judiciary as a neutral, impartial administrator of justice." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 318 (3d Cir. 2004).

Plaintiffs last argue that Magistrate Judge Duncan "is in the best position to decide the motion to disqualify" because he has "presided over this case for more than three years" and the "motion to disqualify relies on statements made between January and December 2017, a period of time that involved over 700 filings, 27 hearing days, 3,600 pages of hearing transcripts, and 38 live witnesses." (Dkt. 7:10-22.) But the number of

---

[3] Plaintiffs attempt to use the statement in *Zagari* that "[s]ome of the reasons that have been given for the rule allowing the judge being questioned to pass on the legality of [a disqualification] motion are that otherwise the disqualification procedure could be used as a tool for delay and disruption of the administration of the courts." (Dkt. 2739 at 5:6-11.) But the statement following that statement—"The judiciary would be seriously crippled in the states or territories *having only one or two federal judges* if it were necessary to send to another state to get a judge to hear the motion"—demonstrates that the concern in *Zagari* is not applicable.

filings, days, witnesses, and pages of transcripts between those dates is irrelevant. What is relevant are the specific statements made by Magistrate Judge Duncan, and certain conduct. That is laid out concisely in the Motion to Disqualify, with citations to the relevant record and supporting exhibits, and Defendants' forthcoming reply; Plaintiffs' counter-arguments are included in their 37-page opposition and exhibits. Presumably, they did not leave out anything they believe is relevant. There is no need to troll through anything else. Either Magistrate Judge Duncan's statements and conduct—as reflected in the transcripts provided—amount to actual or apparent bias or they do not. The Chief Judge is more than capable to rule.

## CONCLUSION

For these reasons, and those in their Motion, Defendants respectfully request that Chief Judge Collins exercise his inherent authority and rule on the Motion to Disqualify.

DATED this 10th day of April 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Daniel P. Struck
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried
Assistant Attorneys General
15 South 15th Avenue
Phoenix, Arizona 85007

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck

8