Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>  Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>  Defendants. | NO. 2:12-cv-00601-DKD <br><br><br> **DEFENDANTS' RESPONSE TO THE DECLARATION OF AMY FETTING (DKT. 2721)** |

On September 5, 2017, Plaintiffs filed a Motion for Attorneys' Fees and Costs. (Dkt. 2276). On December 19, 2017, the Court ordered Plaintiffs to refile their billing entries to exclude several categories of time. (Dkt. 2503 at 1). Plaintiffs provided revised billing records on January 28, 2018. (Dkts. 2544-01; 2545-01).[1]

In both their original and first revised billing records, Plaintiffs applied the "current" hourly rate to all entries, including entries from 2015 and 2016. (Dkts. 2277-02 – 04, 2278, 2544-01, 2545-01). At the March 19, 2018 Status Hearing, the Court rejected Plaintiffs' argument that current rates apply to time billed in 2015 and 2016. (3/19/2018 Tr. at 5:15 – 7:1). The Court stated that Plaintiffs "need to submit fiscal year summaries and evidence supporting what hourly rate the Judicial Conference established during those physical years and I will use that rate. But I will not use the most current rate going back through that entire period." (*Id*. at 6:15 – 20). In response to the Court's directives, Plaintiffs' counsel filed a Declaration. (Dkt. 2721). Without citation to any supporting authority, or any explanation as to how they calculated the rates, that Declaration concludes that the following "historic rates" apply to Plaintiffs' billing entries: $213 (2015); $216 (2016); $219 (2017). (*Id*. at ¶3).[2] While unclear what authority Plaintiffs relied upon in arriving at these rates, Defendants assume Plaintiffs relied upon the Congressional Budget Summary, as they did with both their original and first revised billing records. Plaintiffs' proposed rates are once again incorrect. As both Defendants and the Court have now pointed out, the hourly rate is determined by the rate established by the Judicial Conference, not the Congressional Budget Summary. (3/19/2018 6:15 – 20; Dkt. 2575 at 5 – 6).

---

[1] As Defendants have detailed in the underlying briefing, Plaintiffs are not entitled to any fees as they have failed to establish that they moved to enforce any aspect of the Stipulation and that they were the prevailing party with respect to that dispute. (Dkt. 1185 at ¶43). Defendants do not waive this, or any of the other arguments made in opposition to Plaintiffs' Motion for Attorneys' Fees. (Dkts. 2403, 2575, 2676).

[2] Plaintiffs attached a spreadsheet to the Declaration detailing Plaintiffs' recalculation of fees. (Dkt. 2721-1). As with the Declaration, the spreadsheet does not contain citation to any legal authority to support Plaintiffs' revised rates. (Dkt. 2721-1).

2

## I. THE PROPER HOURLY RATE IS DETERMINED BY THE JUDICIAL CONFERENCE NOT A "BUDGET SUMMARY."

Pursuant to 42 U.S.C. § 1997e(d)(3), in cases brought by an inmate "in which attorney's fees are authorized under section 1988," "[n]o award of attorney's fees . . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under [18 U.S.C. § 3006A] for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(1)–(3). The applicable rate is found in the Judicial Conference's Judiciary Policy § 230.16. *See Gilman v. Brown*, CIV. S-05-830 LKK/CK, 2014 WL 3735401, at *6-7 (E.D. Cal. July 28, 2014). According to that Section, the Judicial Conference has approved a maximum hourly rate of $127 for services performed between 1/1/2015 through 12/31/2015, $129 for services performed between 1/1/2016 and 5/4/2017, and $132 for services performed from 5/5/2017 to the present. http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230-compensation-and-expenses (last visited April 12, 2018). Therefore the *maximum* hourly rate Plaintiffs can recover, pursuant to § 1997e(d)(3), is 150% of these hourly rates: $190.50 (2015); $193.50 (2016); $198.00 (2018).

The Congressional Budget Summary (that Plaintiffs again appear to rely upon), however, is merely a "budget request" prepared by the Administrative Office of the U.S. Courts. (*See* Dkt. 2044-1 at 2-3.). But Plaintiffs still provide no proof that this budget, or rate increase request, was actually approved by the Judicial Conference. *See Gilman,* 2014 WL 3735401, at *3. (rejecting Plaintiffs' reliance on rate requested in congressional budget because there was no evidence that it "override[s] the official, published determination of the Judicial Conference [.]").

The Court has now given Plaintiffs three chances to submit proper billing records in support of their Motion for Attorneys' Fees. In their most recent submission, Plaintiffs disregarded the Court's directive to utilize rates established by the Judicial Conference and its instruction to provide evidence of those historic rates. (3/19/2018 at 6:15 – 20).

3

1  Plaintiffs' continued refusal to utilize the appropriate authority in calculating their rates
2  should result in dismissal of their Motion.

3  **II.     CONCLUSION**

4  For these reasons, the Court should deny Plaintiffs' Motion for Attorneys' Fees.

5  DATED this 12th day of April 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   Ashlee B. Hesman
   Jacob B. Lee
   Kevin R. Hanger
   Timothy M. Ray
   Richard M. Valenti
   Jamie D. Guzman
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Mark Brnovich
   Office of the Attorney General
   Michael E. Gottfried
   Lucy M. Rand
   Assistant Attorneys General
   15 South 15th Avenue
   Phoenix, Arizona 85007

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy: ahardy@prisonlaw.com

Amelia M. Gerlicher: agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig: afettig@npp-aclu.org

Asim Dietrich: adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell: cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick: ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr: DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi: dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter: dspecter@prisonlaw.com

Jessica Pari Jansepar Ross: jross@azdisabilitylaw.org

John Howard Gray: jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes: jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico: jrico@azdisabilitylaw.org

Kathleen E. Brody  kbrody@acluaz.org

Kirstin T. Eidenbach: kirstin@eidenbachlaw.com

Maya Abela  mabela@azdisabilitylaw.org

Rose Daly-Rooney: rdalyrooney@azdisabilitylaw.org

Sara Norman: snorman@prisonlaw.com

Sarah Eve Kader: skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio: rlomio@prisonlaw.com

Victoria Lopez: vlopez@aclu.org

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck