Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Sarah Kader (Bar No. 027147)
Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: skader@azdisabilitylaw.org
        adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-DKD <br><br> **PLAINTIFFS' NOTICE REGARDING MONITORING METHODOLOGY FOR PERFORMANCE MEASURE 86** |

LEGAL139413699.2

# INTRODUCTION

At the April 11, 2018 status hearing in this case, Defendants' counsel stated that Defendants are in compliance with the Court's orders regarding monitoring of Performance Measure 86. [*See* 4/11/18 Tr. at 95:9-11] Unfortunately, this is untrue. Plaintiffs file this notice to bring to the Court's attention two recent developments pertaining to this issue.

Performance Measure 86 requires that "MH-3D prisoners shall be seen a minimum of every 90 days by a mental health clinician for a minimum of six months after discontinuing medication." [Doc. 1185-1 at 14] The Court has issued the following order regarding the sampling methodology for PM 86:

> And then with respect to Performance Measure 86, the final sample of 10 records used for Performance Measure 85 is the starting point for evaluating compliance with Performance Measure 86. *If any of these prisoners discontinued medications less than 90 days previously, that record is excluded from the sample and another record is randomly drawn.* Once there are 10 records of MH-3D prisoners who have discontinued medications more than 90 days ago, those records are assessed to determine whether the patient was seen within 90 days of discontinuing medications.

[*See* Doc. 2160 at 4 (emphasis added)] Thus, a record that is sampled for PM 85 is to be excluded from the sample for PM 86 if, and only if, the patient discontinued medication less than 90 days previously. The Court's order does not permit records drawn for PM 85 to be excluded from the sample for PM 86 for any other reason.

## I. DEFENDANTS' CURRENT MONITORING METHODOLOGY FOR PM 86 IS INCONSISTENT WITH THE COURT'S ORDER.

Defendants have admitted repeatedly that they are not complying with the Court's order. They exclude from the sample for PM 86 all files in which the patient did not actually receive two contacts with a clinician after discontinuing medication. [*See* 2/7/18 Tr. at 9:1-3 (record reviewed for PM 85 was excluded from sample for PM 86 "because there isn't two contacts after the [discontinuation] date"); *see also* Doc. 2590 at 4-5; Doc. 2613 at 2] This not only violates the Court's order; it is also, as Professor Haney

explains in his declaration, an entirely circular and invalid methodology that will inflate compliance figures, because it excludes from the sample all noncompliant cases in which the patient was seen only once or not at all. [*See* Doc. 2614, ¶¶ 5-6; *see also* Doc. 2613 at 3-4]

The most recent CGARs produced by Defendants—those for January 2018—confirm that Defendants continue to employ this invalid methodology. For example, at the Eyman complex, of the 50 records sampled for PM 85, nine were improperly excluded from the sample for PM 86, even though the patient had discontinued medications more than 90 days previously. [*See* Declaration of David C. Fathi ("Fathi Decl."), filed herewith, ¶ 2, Ex. 1]

## II. DEFENDANTS' MONITOR GUIDE LANGUAGE FOR PM 86 IS INCONSISTENT WITH THE COURT'S ORDER.

On April 10, 2018, Defendants produced to Plaintiffs their current Monitor Guide. [*See* Fathi Decl. ¶ 3, Ex. 2] The Monitor Guide language regarding PM 86 is inconsistent both with the Court's order and with Defendants' current monitoring practice. The Monitor Guide contains no provision for exclusion of files that were sampled for PM 85 from the sample for PM 86 if the patient has discontinued medications less than 90 days previously, or indeed for any other reason. [*See* Fathi Decl., Ex. 2 at 121-22] Thus, if Defendants were to monitor PM 86 according to the instructions in their current Monitor Guide, they would once again be doing what the Court has repeatedly told them they may not do: including in the sample records that cannot possibly be found noncompliant with the Performance Measure.

## CONCLUSION

The Court should order Defendants to comply immediately with the Court's order regarding monitoring methodology for PM 86. [*See* Doc. 2160 at 4] The Court should also order Defendants to adopt Plaintiffs' proposed Monitor Guide language for PM 86 (*see* Doc. 2368-1 at 35-36), which is consistent with the language of the performance measure and the Court's order.

| | | |
|---|---|---|
| 1 | Dated: April 13, 2018 | **ACLU NATIONAL PRISON PROJECT** |

By: s/ David C. Fathi
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:  dfathi@aclu.org
           afettig@aclu.org
           vlopez@aclu.org

*Admitted pro hac vice.  Not admitted in DC; practice limited to federal courts.
**Admitted pro hac vice

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:  dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:  kirstin@eidenbachlaw.com

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:  dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           jhgray@perkinscoie.com

| | |
|---|---|
| 1 | Kathleen E. Brody (Bar No. 026331) |
| 2 | **ACLU FOUNDATION OF ARIZONA** |
| 3 | 3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85013 |
| 4 | Telephone: (602) 650-1854<br>Email: kbrody@acluaz.org |
| 5 | Caroline Mitchell (Cal. 143124)* |
| 6 | **JONES DAY**<br>555 California Street, 26th Floor |
| 7 | San Francisco, California 94104<br>Telephone: (415) 875-5712 |
| 8 | Email: cnmitchell@jonesday.com |
|   | *Admitted *pro hac vice* |
| 9 | John Laurens Wilkes (Tex. 24053548)* |
| 10 | **JONES DAY**<br>717 Texas Street |
| 11 | Houston, Texas 77002<br>Telephone: (832) 239-3939 |
| 12 | Email: jlwilkes@jonesday.com |
| 13 | *Admitted *pro hac vice* |
| 14 | *Attorneys for Plaintiffs Shawn Jensen;* |
| 15 | *Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith;* |
| 16 | *Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua* |
| 17 | *Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated* |

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
    Sarah Kader (Bar No. 027147)
    Asim Dietrich (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email:   skader@azdisabilitylaw.org
           adietrich@azdisabilitylaw.org

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:
      rdalyrooney@azdisabilitylaw.org
      jrico@azdisabilitylaw.org
      jross@azdisabilitylaw.org
      mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

                                                s/ D. Freouf