Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF** |

The Ethics Bureau at Yale has requested leave to file an amicus curiae brief "in opposition to" Defendants' Motion to Disqualify Magistrate Judge Duncan From All Further Proceedings. (Dkt. 2729.) The entity is comprised of "sixteen law students supervised by an experienced practicing lawyer and lecturer in legal ethics." (Id. at 2:2-3.) It contends it has "an interest in the fair and consistent application of codes of judicial conduct and the statutes governing the behavior of judges," and notes it has submitted amicus briefs in three recent cases regarding "ethical standards for judicial recusal." (Id. at 2:22-23, 3:4-12.)

The Court should be under no illusions.  The Ethics Bureau is one of several pro-prisoner clinics at Yale Law School.[1]  That much is evident from its body of work.  For example, in each of the three cases it touts as representative of its "experience in cases involving allegations of judicial misconduct," it filed amicus curiae briefs in support of a criminal defendant's attempt to *disqualify* a judge presiding over his criminal proceedings.  *See Lacaze v. Louisiana*, No. 16-1125, 2017 WL 1373241 (U.S.) (Appellate Brief) ("Judge Marullo's conduct in this case gravely undermined the integrity of the judicial proceedings and trampled Petitioner's due process rights."); *Williams v. Pennsylvania*, No. 15-5040, 2015 WL 8300486 (U.S.) (Appellate Brief) ("Because there can be no dispute that the Code violations here are among the gravest found in the Code, Chief Justice Castille's conduct deeply undermined the integrity of the judicial proceedings and trampled any notion of Due Process for Mr. Williams."); *In re Khadr*, No. 14-1227, 2015 WL 7567687 (D.C. Cir.) (Appellate Brief) ("Amicus believes that the ethical violations in this case require that Judge Pollard be recused not only to preserve the integrity of the proceedings at issue, but also to avoid undermining public confidence in the legal system.").[2]

---

[1] These clinics include: **Advanced Sentencing Clinic** ("Students handle matters including state parole reform projects and federal supervised release revocation hearings."); **Appellate Litigation Project** ("The Project will focus on prisoners' civil rights but may also include other types of cases."); **Capital Punishment Clinic** ("Students spend two to three weeks in August at the Southern Center for Human Rights in Atlanta or the Equal Justice Initiative in Montgomery, AL, where they meet attorneys, investigators, and mitigation specialists working on capital cases and become a part of a team representing people facing the death penalty."); **Challenging Mass Incarceration Clinic** ("Students will learn advocacy strategies aimed at mitigating or ameliorating their clients' punishment, both prospectively during sentencing and retrospectively during post-conviction proceedings."). *See* https://law.yale.edu/clinics/our-clinics (last visited April 11, 2018).

[2] The Ethics Bureau has filed amicus briefs in support of disqualifying judges adverse to criminal defendants in other cases as well. *See*, *e.g.*, *In re Mohammad*, No. 17-1156, (D.C. Cir.), Doc. #1683087, filed 7/7/2017 ("Judge Silliman not only failed to meet the standards required to sit in this case as a judge, but demonstrated contempt for orderly procedure and disrespect for this Court when the judicial panel on which he sits issued an opinion before this Court had an opportunity to decide the threshold question -- whether he should be recused -- ironically proving both the impropriety, as well as the appearance of impropriety, of his refusal to recuse himself."); *Jones v. Trammell*, No. 13-6141 (10th Cir.), Doc. #01019374894, filed 1/23/2015 (requesting disqualification of entire appellate

1

Not coincidentally, the Ethics Bureau's lodged Amicus Curiae Brief in this case is inconsistent with its prior amicus curiae briefs. In past briefs, in which it urged a judge's disqualification based on apparent bias, it argued that the standard for disqualification is a low threshold. *See*, *e.g.*, Brief in *Lacaze*, 2017 WL 1373241, *11 (arguing that "maintaining the appearance of impartiality is as important as impartiality itself," that a judge's "subjective evaluation of his own impartiality should carry no weight in an objective assessment of" apparent bias," and that the judge's "failure to disclose information that was relevant to a possible recusal motion further suggest that the judge was not objectively impartial"). Here, they argue the burden is nearly insurmountable. (See Dkt. 2730 at 7:2-4 ["None of Magistrate Judge Duncan's actions should be found to meet the high bar needed to disqualify a judge for bias."]; id. at 18:16 ["Courts maintain a high standard for disqualification."].) Thus, its purported interest in the "fair and consistent application of" the ethical codes is dubious.

This is also not the first time the Ethics Bureau has filed an amicus curiae brief in support of an inmate or criminal defendant in the midst of litigation against Director Ryan. It has done so on at least *three* prior occasions. *See Nordstrom v. Ryan*, No. 12-15738 (9th Cir.) ("*Nordstrom I*"), Doc. 28-1, filed 10/31/2013 (§ 1983 challenge to ADC's legal mail policy); *Nordstrom v. Ryan*, No. 16-15277 (9th Cir.) ("*Nordstrom II*"), Doc. 20, filed 6/22/2016 (same); *Soto v. Ryan*, No. 11-17051 (9th Cir.), Doc. 20-1, filed 7/3/2012 (urging reversal of criminal defendant's conviction based on prosecutor's alleged misconduct). In fact, Plaintiffs' counsel in this case also filed an amicus brief in *Nordstrom I* on behalf of the American Civil Liberties Union, the Prison Law Office, and the Arizona Center for Disability Law. *See Nordstrom I*, No. 12-15738 (9th Cir.), Doc. 36-1, filed 11/1/2013.

Though "there is no rule that amici must be totally disinterested," *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986), partisan

---

panel because of one panel member's "strong personal views and inflammatory condemnation" of the appellant-criminal defendant "based on media coverage alone").

interests should be disclosed. Moreover, "the role of an *amicus curiae* is to provide assistance in a case of general interest, supplement the efforts of counsel in the case, and draw the court's attention to legal arguments that have escaped consideration." *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 09CV8011PCTPGR, 2010 WL 1452863, at *2 (D. Ariz. Apr. 12, 2010). Simply duplicating the arguments raised by the non-moving party is not helpful. *See Prof'l Drug Co. Inc. v. Wyeth Inc.*, CIV.A. 11-5479 JAP, 2012 WL 4794587, at *2 (D.N.J. Oct. 3, 2012) ("Doing little more than duplicating arguments raised by the parties is not the proper role of an amicus curiae."); *Rock Springs Grazing Ass'n v. Salazar*, 11-CV-263-NDF, 2011 WL 13162054, at *1 (D. Wyo. Dec. 15, 2011) (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000)) ("[T]his Court should not grant permission to file an amicus brief … "that essentially merely duplicates the brief of one of the parties."); *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 05-CV-329-GKF-SAJ, 2008 WL 1994914, at *1 (N.D. Okla. May 5, 2008) ("Amicus briefs filed by allies of litigants which duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief, are an abuse and should not be allowed."). "[A]n amicus ought to add something distinctive to the presentation of the issues, rather than serving as a mere conduit for the views of one of the parties." 16AA Charles Alan Wright et al., *Federal Practice and Procedure* § 3975 (4th ed. 2008)).

Here, the Ethics Bureau states that it can "explain why Magistrate Judge Duncan's behavior during this trial was appropriate and well within the standards of judicial ethics." (Dkt. 2729 at 2:25-3:2.) It further states that its brief "discusses the principles of, and case law on, judicial ethics of bias and partiality; the nature and purpose of the prohibition on ex parte communications; and the exception to such prohibition for administrative contacts." (Id. at 4:1-4.) But a comparison of its lodged brief with Plaintiffs' Response shows the two are nearly identical in substance.[3] (Compare Dkt. 2730; with Dkt. 2732.)

---

[3] Even phrases are nearly identical. (Compare Dkt. 2732, Plaintiffs' Response, at 12:16-18 ["Defendants' own mortality reviews document class member deaths that could

3

They make the same arguments and cite nearly all of the same legal authority. In fact, the 37-page Response is arguably more developed than the lodged Amicus Curiae Brief. The latter largely consists of sweeping conclusions with little or no support. The only thing it adds is pages.

## CONCLUSION

For these reasons, the Court should deny the Ethic's Bureau's Motion for Leave to file an amicus curiae brief. If leave is granted, Defendants request an opportunity to file a response.

DATED this 16th day of April 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Arizona Attorney General Mark Brnovich
   Office of the Attorney General
   Michael E. Gottfried

   Assistant Attorneys General
   15 South 15th Avenue
   Phoenix, Arizona 85007

   *Attorneys for Defendants*

---

have been "prevented or delayed with more timely intervention"; with Dkt. 2730, Amicus Curiae Brief, at 10:11-14 ["Every day that Defendants continue to fail to comply with the Stipulation is another day that class members, according to Defendants' own mortality reviews, experience deaths that could have been 'prevented or delayed.'"].)

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org; mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck

6