Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-DKD |
| Plaintiffs, | |
| v. | **DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT RE: DEFENDANTS' SUPPLEMENTAL RESPONSE TO THE DECLARATION OF CORENE KENDRICK (DOC. 2750)** |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

Defendants, Charles Ryan and Richard Pratt, through counsel, submit their Reply to Plaintiffs' Statement Re: Defendants' Supplemental Response to the Declaration of Corene Kendrick ("Statement") (Doc. 2750), in which Plaintiffs challenge some of the instances marked by Defendants as not applicable in Exhibit 3 to Defendants' Supplemental Response to the Declaration of Corene Kendrick ("Supplemental Response") (Doc. 2745). As set forth below, Defendants' designations of these instances as not applicable are supported by the Monitor Guide, such that Plaintiffs' challenges to the same fail.[1]

**PM 11 at Lewis**

Defendants asserted that 46 instances of allegedly unreported non-compliance were actually not applicable to a discussion of instances of non-compliance for December 2017 because the medications at issue were not subject to review during the Health Services Contract Monitoring Bureau's ("HSCMB") random audits. Plaintiffs note that Defendants took this position, but fail to request any relief or make any arguments with regard to the same. As demonstrated in the attached Declaration of Vanessa Headstream, Defendants' findings are accurate, as the Monitor Guide excludes "NFDRs [Non-Formulary Drug Requests], release medications, recognized taper medications, medications involving a surface area, eye drops, prn medications, or medications with a broad dosing interval" from HSCMB's audits. (Ex. 1 at ¶¶6-7.) Because these medications are not applicable, Defendants had no obligation to report any related instances of non-compliance with their administration to the Court.[2]

---

[1] Plaintiffs fail to acknowledge that 79 instances listed in the Declaration of Corene Kendrick (Doc. 2633) were actually compliant—i.e., that Plaintiffs incorrectly accused Defendants of failing to report those instances as non-compliant. Plaintiffs do not even mention, let alone challenge, these findings.

[2] Similarly, Defendants have not attempted to report any related instances of compliance to the Court in order to artificially inflate their compliance rates.

1

1        **PM 39 at Lewis**

2          Defendants asserted that one instance of allegedly unreported non-compliance was

3 actually not applicable to a discussion of instances of non-compliance for December 2017

4 because the referral from the nursing line did not occur in that month. Plaintiffs again note

5 that Defendants took this position, but fail to request any relief or make any arguments

6 with regard to the same. Defendants' findings are accurate, as HSCMB determines

7 compliance with PM 39 based on the date in which the referral was made, such that a

8 referral made in a month other than December 2017 would not be counted as a December

9 2017 instance of non-compliance if it had been pulled as part of HSCMB's random audit.

10 (Ex. 1 at ¶¶8-10.) Because the issue currently before the Court is compliance with the

11 PMs subject to the Order to Show Cause ("OSC") for December 2017, this instance is not

12 applicable, such that Defendants had no obligation to report it to the Court.

13        **PM 46 at Eyman, Florence, and Tucson**

14          Defendants asserted that 10 instances of allegedly unreported non-compliance were

15 actually not applicable to a discussion of instances of non-compliance for December 2017

16 because they involved tests that are excluded from HSCMB's monitoring. Plaintiffs argue

17 they should be counted as instances of non-compliance because the Monitor Guide does

18 not explicitly exclude the tests at issue. Defendants' findings are accurate because PT/INR

19 and urine dipstick tests are performed at the point of care (i.e., at the facility), usually as

20 part of a series of such tests, and are not generally reviewed immediately as each test in

21 the series occurs, and as such do not fall within the reach of PM 46. (Ex. 1 at ¶¶11-12.)

22 Because these tests are not applicable, Defendants had no obligation to report any related

23 instances of non-compliance with their administration to the Court.[3]

24          Defendants further asserted that five instances of allegedly unreported non-

25 compliance were actually not applicable to a discussion of instances of non-compliance

26

27             [3] Similarly, Defendants have not attempted to report any related instances of

28 compliance to the Court in order to artificially inflate their compliance rates.

for December 2017 because the results at issue were not received in December 2017. Plaintiffs argue they should be counted as instances of non-compliance because they were due to be reviewed in December 2017 and/or were untimely reviewed in December 2017. Neither argument finds any support in the Monitor Guide. Rather, Defendants' findings were accurate—consistent with the Monitor Guide, HSCMB begins its review with the date the report was received at the facility according to the specified source document, and then determines whether the report was timely reviewed and/or acted upon. (Ex. 1 at ¶¶13-14.) If it was not, it is counted as an instance of non-compliance in the month in which the report was received, not the month the review was due or the month in which the review actually occurred. (Id. at ¶¶14-15.) Because these reports are not applicable, Defendants had no obligation to report any related instances of non-compliance with their review to the Court.[4]

### PM 50 and 51 at Florence

Defendants asserted that 14 instances of allegedly unreported non-compliance with PM 50 and four instances of allegedly unreported non-compliance with PM 51 were actually not applicable to a discussion of instances of non-compliance for December 2017 because the specialty consults at issue were requested in months other than December 2017. Plaintiffs note that Defendants took this position, and argue that it "flies in the face of the language of the Monitoring Guide," but fail to request any relief. Plaintiffs also fail to mention the four compliant instances Defendants marked as not applicable because they occurred in months other than December 2017 or the instance Defendants marked as not applicable because the inmate was given an alternate treatment plan—i.e., instances in which Plaintiffs incorrectly accused Defendants of failing to report instances of non-compliance.

---

[4] Similarly, Defendants have not attempted to report any related instances of compliance to the Court in order to artificially inflate their compliance rates.

Defendants' findings with regard to the 18 challenged instances were accurate—consistent with the Monitor Guide, HSCMB begins its review with the date the consultation was requested by the provider according to the specified source document, and then determines whether the consultation was timely scheduled and completed. (Ex. 1 at ¶¶16-17, 19-20.) If it was not, it is counted as an instance of non-compliance in the month in which the consultation was requested, not the month the review was scheduled and/or actually occurred. (Id. at ¶¶17-18, 20-21.) Because these reports are not applicable, Defendants had no obligation to report any related instances of non-compliance with their administration to the Court.

**PM 54 at Eyman**

Defendants asserted that three instances of allegedly unreported non-compliance were actually not applicable to a discussion of instances of non-compliance for December 2017 because the inmates were removed from the chronic care list in December 2017. Plaintiffs state they disagree that these instances are not applicable, but provide no supporting argument or evidence for their disagreement, and in fact appear to contradict their stated disagreement when they agree that "people who do not have a chronic disease diagnosis . . . should not be included." Defendants' findings were accurate, as the inmates' removal from the chronic care list means the inmates do not have a chronic disease diagnosis, such that there is no provider order against which to determine whether the inmate is currently compliant. (Ex. 1 at ¶¶22-23.)

Plaintiffs argue "the inclusion of these people in source documents does call into question the accuracy of the information contained therein." The documents at issue are not source documents; they are merely documents intended to help guide conversations between the Wardens and medical staff at the various facilities. (*See* Doc. 2704-3 and 2704-4.) They have never been used to determine compliance with any of the PMs outlined in the Stipulation, including the 11 PMs subject to the OSC. (Id.) Nor have they ever been submitted to either Plaintiffs or the Court as evidence of compliance with the

1   PMs, such that the "accuracy of the information contained therein" is of no consequence

2   to any matter currently before the Court.

3        Finally, Defendants oppose Plaintiffs' tacked-on request for a Court-appointed

4   expert to "supervise Defendants' compliance monitoring and reporting." The reporting at

5   issue has nothing to do with monthly CGAR reporting or HSCMB's monthly random

6   audits; it is associated solely with the OSC and goes above and beyond the monitoring the

7   parties agreed to in the Stipulation. As such, any issues that may exist with this

8   monitoring provide no basis for the relief Plaintiffs request. Defendants oppose Plaintiffs'

9   request for an independent expert for these reasons and for the reasons stated in their

10  Statement Regarding Evidentiary Hearings on Monitoring, which are incorporated herein

11  by reference. (Doc. 2068.)

12       DATED this 16th day of April 2018.

13                                    STRUCK LOVE BOJANOWSKI & ACEDO, PLC

14

15                              By /s/Daniel P. Struck
                                   Daniel P. Struck
16                                 Rachel Love
                                   Timothy J. Bojanowski
17                                 Nicholas D. Acedo
                                   Ashlee B. Hesman
18                                 Jacob B. Lee
                                   Kevin R. Hanger
19                                 Timothy M. Ray
                                   Richard M. Valenti
20                                 Jamie D. Guzman
                                   3100 West Ray Road, Suite 300
21                                 Chandler, Arizona  85226

22                                 Arizona Attorney General Mark Brnovich
                                   Office of the Attorney General
23                                 Michael E. Gottfried
                                   Lucy M. Rand
24                                 Assistant Attorneys General
                                   15 South 15th Avenue
25                                 Phoenix, Arizona 85007

26                                 *Attorneys for Defendants*

27

28

                                         5

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 16, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:          ahardy@prisonlaw.com

Amelia M. Gerlicher:     agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:        afettig@npp-aclu.org

Asim Dietrich:        adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:     cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:     ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:     DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:      dspecter@prisonlaw.com

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

John Howard Gray:     jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:    jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:     jrico@azdisabilitylaw.org

Kathleen E. Brody:     kbrody@acluaz.org

Kirstin T. Eidenbach:    kirstin@eidenbachlaw.com

Maya Abela         mabela@azdisabilitylaw.org

Rose Daly-Rooney:     rdalyrooney@azdisabilitylaw.org

Sara Norman:       snorman@prisonlaw.com

Sarah Eve Kader:      skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

Rita K. Lomio:        rlomio@prisonlaw.com

Victoria Lopez:       vlopez@aclu.org

1

2         I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

3

4         N/A

5                                                    /s/Daniel P. Struck

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28