**EXHIBIT 2**

**EXHIBIT 2**

## Tim Bojanowski

| | |
|---|---|
| **From:** | Andrew Gaona <AGaona@cblawyers.com> |
| **Sent:** | Wednesday, February 14, 2018 3:30 PM |
| **To:** | Tim Bojanowski; Dan Struck |
| **Cc:** | Katherine DeStefano; Bryan Anderson; David Fathi; ckendrick@prisonlaw.com |
| **Subject:** | Parsons v. Ryan - Dr. Jan Watson's Response and Objections to Subpoena Duces Tecum |
| **Attachments:** | 2018-02-14 Letter to Bojanowski and Struck - Enclosing SDT docs (0034823....pdf |

Timothy & Dan:

Please see the attached letter, which constitutes Dr. Jan Watson's response and objections to the subpoena duces tecum you issued on January 26, 2018.

The responsive documents Dr. Watson provides today are being made available to you via our secure FirmShare system, to which you and your designees will have access for 48 hours.  If you haven't received it already, you should soon receive a separate email that provides instructions on how to access those documents.  Please check your "spam" folder if it doesn't arrive shortly; we understand that it often gets diverted there by some filters.

Please let us know if you cannot access the documents, or have any questions or concerns.

Regards,

**Andy Gaona**
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900*
Phoenix, AZ 85004
602.381.5486 (PH.)
602.224.6020 (FAX)
cblawyers.com

**\*PLEASE NOTE OUR NEW SUITE NUMBER\***

This message and any of the attached documents contain information from the law firm of Coppersmith Brockelman PLC and may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.


COPPERSMITH
BROCKELMAN
LAWYERS

D. Andrew Gaona
agaona@cblawyers.com

Katherine L. DeStefano
kdestefano@cblawyers.com

2800 North Central Avenue, Suite 1900
Phoenix, AZ 85004
CBLAWYERS.COM

February 14, 2018

**Via Email Only**

Timothy J. Bojanowski
Daniel Struck
Struck Love Bojanowski & Acedo PLC
TBojanowski@strucklove.com
DStruck@strucklove.com

Re: *Parsons v. Ryan, et al.*, No. 2:12-cv-00601-DKD
Response & Objections to Subpoena Duces Tecum by Dr. Jan Watson

Dear Timothy & Daniel:

As you know, we represent Dr. Jan Watson with respect to the subpoena duces tecum you issued in the above-entitled case on January 26, 2018 (the "Subpoena"). The following constitutes Dr. Watson's response and written objections to the Subpoena's broad requests pursuant to Rule 45(d)(2)(B), Fed. R. Civ. P. We note that Dr. Watson's objections are timely given Defendants' agreement on February 6, 2018 to extend the response date for the Subpoena until today.

As an initial matter, Dr. Watson objects to the Subpoena to the extent it purports to require her to "identify" documents that may (or may not) be in her possession. The Subpoena is just that; a request to a third party for documents. It is not a non-uniform interrogatory under which a party might be obligated to "identify" documents. Accordingly, Dr. Watson "identifies" responsive documents that are in her possession as noted in the responses below. With that, we turn to the Subpoena's specific requests, and respond as follows.

1. *Identify and produce all Documents and Communications exchanged between You and Corizon relating to the end of your working relationship with Corizon, including, but not limited to, your written resignation from Corizon.*

**Response:** All documents responsive to this request are also responsive to Request No. 2, and are produced in response thereto.

2. *Identify and produce all Documents and Communications which You exchanged during your work at Corizon that relate to Corizon, the Eyman Complex, Defendants and/or any inmate housed at the Eyman Complex, including, but not limited to, Documents and Communications obtained from any Corizon-affiliated email account or any other email accounts you currently or have previously utilized.*

Timothy J. Bojanowski
Daniel Struck
February 14, 2018
Page 2

**Response:**   Dr. Watson is producing documents responsive to this request, which include: (1) emails and documents related to her employment with Onyx, (2) emails from her personal email inbox that she has in her possession because Corizon did not provide her with an email account during her first month providing medical care at the Eyman Complex, and (3) screenshots of several emails from her Corizon-provided email account. [JW000001-1045]. Dr. Watson no longer has access to her Corizon-provided email account, meaning that the bulk of documents responsive to this request are no longer in her possession or control.

Dr. Watson objects to the request to the extent that it seeks investigative information she provided to the Arizona Medical Board, which was included in the complete version of the credentialing document she was required to submit to Onyx and Corizon. This information is confidential under Arizona law, and cannot be produced or used for any purpose. *See* A.R.S. § 36-445.01(A). For that reason, Dr. Watson has redacted that information [JW000857 & JW000901]. In any event, we believe this information has already been provided to Corizon, and requiring Dr. Watson to re-produce it here makes little sense.

3.      *Identify and produce all Documents and Communications, obtained or exchanged after you ceased working at the Eyman Complex, relating to Corizon, the Eyman Complex, Defendants and/or any inmate housed at the Eyman Complex, including, but not limited to, Documents and Communications obtained from any Corizon-affiliated email account or any other email accounts you currently or have previously utilized.*

**Response:**   Documents responsive to this request are also responsive to Request Nos. 4 and 5, and are produced in response thereto. In addition, Dr. Watson is producing one document responsive to this request [JW001046].

4.      *Identify and produce all Documents and Communications between You and Jimmy Jenkins or any other Person associated with or employed by KJZZ.*

**Response:**   Dr. Watson is producing documents responsive to this Request. [JW001047-1172]

5.      *Identify and produce all Documents and Communications between You and Plaintiffs, or anyone acting on their behalf, including Plaintiffs' counsel.*

**Response:**   Dr. Watson is producing documents responsive to this Request. [JW001173-1259]

6.      *Identify and produce all Documents and Communications between You and any inmate housed at the Eyman Complex.*

**Response:**   Dr. Watson has no documents responsive to this Request.

7.      *Identify and produce all Documents and Communications relating to any professional actions taken against You, including, but not limited to, medical board*

{00347876.1}

Timothy J. Bojanowski
Daniel Struck
February 14, 2018
Page 3

*complaints, actions relating to licensure and board certifications, actions taken by any employer concerning tasks performed during Your employment, and any actions relating to any privileges granted or not granted to You by a medical facility.*

**Response:**   Dr. Watson objects to this Request to the extent that it seeks information that is confidential pursuant to Arizona law, including: (1) the protection of peer review information, A.R.S. § 36-445.01, and (2) the protection of information related to investigations performed by the Arizona Medical Board, A.R.S. § 32-1451.01(C) & (E). Based on these statutory confidentiality provisions, Dr. Watson is withholding and/or redacting the following documents:

- JW000857 and JW000901 (described above in response to Request No. 2);

- JW001273-74 and JW001277 (investigative information provided by Dr. Watson to the Arizona Medical Board); and

- JW001261-64 (letters from the Arizona Medical Board to Dr. Watson, dated Sept. 7 and Oct. 22, 2012).

Dr. Watson further objects to this request to the extent that it seeks confidential information related to the National Practitioner Data Bank. *See* 45 C.F.R. § 60.20.  Certain documents provided in response to this Request are redacted so as not to permit the unauthorized access of materials that Defendants are not entitled to review under federal law [JW001265-69].

Subject to and without waiving the foregoing objections, Dr. Watson is providing documents responsive to this request.  [JW000850-1278]

8.   *Identify and produce all Documents and Communications relating to any claims You have raised against any employers or entities and/or individuals for which You worked as an independent contractor.*

**Response:**   Dr. Watson has no documents responsive to this request.

9.   *Identify and produce all Documents and Communications relating to any claims brought against You by any third party concerning patient care, including, but not limited to, claims for professional malpractice and/or negligence.*

**Response:**   Dr. Watson is producing documents responsive to this Request. [JW000905-07; JW001270-72; JW001275-76; JW001278]

10.   *Identify and produce all Documents or electronically stored information you have created and/or stored using any third party online service provider, including, but not limited to, Google+, MySpace, Facebook, Twitter, Flickr Social, skyword.com, Tumblr, Windows Live Spaces, MSN spaces, LinkedIn, Monster.com, CareerBuilder.com, blogs, wikis or other similar accounts from January 1, 2017 to the present.*

Timothy J. Bojanowski
Daniel Struck
February 14, 2018
Page 4

**Response:**   Dr. Watson objects to this request because it is overbroad and seeks irrelevant information, given that there is no limitation as to subject matter and the time period is expansive. This request is needlessly invasive and appears to be harassment. On February 27, 2018, Dr. Watson will provide testimony regarding her experiences with Corizon, but it is unduly burdensome and patently unreasonable to ask Dr. Watson to produce any and all "electronically stored information" that is unrelated to Corizon. We suspect that Judge Duncan will agree, and will not permit this unabashed attempt to pry into Dr. Watson's personal affairs that have nothing to do with this case. Subject to and without waiving these objections, Dr. Watson produces a single responsive document [JW001279], which is a Facebook post made by her sister (and in which Dr. Watson was "tagged") that references the article published by KJZZ.

11.   *Identify and produce for each social media account you have created or stored information, all account data for the period January 1, 2017 to the present.*

**Response:**   Dr. Watson objects to this request because it is overbroad and seeks irrelevant information, given that there is no limitation as to subject matter and the time period is expansive. This request is needlessly invasive and appears to be harassment. On February 27, 2018, Dr. Watson will provide testimony regarding her experiences with Corizon, but that does not mean that the Defendants are entitled to all of Dr. Watson's online "account data" that is unrelated to Corizon. The term "account data" is vague and undefined, and could extend to private and sensitive information such as online logins and passwords. Again, we object to this attempt to pry into Dr. Watson's personal affairs that have nothing to do with this case. Subject to and without waiving these objections, Dr. Watson produces a single responsive document [JW001279], which is a Facebook post made by her sister (and in which Dr. Watson was "tagged") that references the article published by KJZZ.

**Conclusion**

Dr. Watson is producing a total of 1,279 pages of documents in response to the Subpoena. Please note that many of those pages contain confidential information in the form of protected health information, and thus are stamped in accordance with the protective order entered in this case. Please contact us with any questions or concerns regarding this matter.

Sincerely,

D. Andrew Gaona
Katherine L. DeStefano

DAG/KLD:slm
cc:   Corene Kendrick (ckendrick@prisonlaw.com)
      David Fathi (dfathi@aclu.org)

{00347676.1}