Arizona Attorney General Mark Brnovich
Office of the Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
15 South 15th Avenue
Phoenix, Arizona 85007
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-DKD <br><br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE REGARDING MONITORING METHODOLOGY FOR PERFORMANCE MEASURE 86** |

Defendants respond to Plaintiffs' Notice Regarding Monitoring Methodology for Performance Measure 86 ("PM 86") (Doc. 2765-2766).  Although Plaintiffs claim that their Notice only highlights "recent developments," the sole substance of their filing offers nothing new and is a mere rehashing of identical arguments they previously made. Accordingly, the Notice is an inappropriate surreply and a transparent extra bite at campaigning for their well-entrenched position on PM 86 methodology.

**I.    DEFENDANTS      ARE      APPLYING      THE      COURTS'      ORDERED METHODOLOGY FOR MEASURING PM 86 COMPLIANCE**

Once again, Plaintiffs argue that Defendants are inappropriately excluding sample records from being used in measuring PM 86 if the inmate received only one follow up contact and not two.  They made this argument during the February 7, 2018 Status Hearing and in subsequent briefings on the issue.  [See Docs. 2590 and 2613]  Plaintiffs have provided nothing new here for the Court's consideration.  Defendants are complying with the Court's orders on monitoring methodology for this PM (Doc. 1673 at 4, 6) and stand by their developed briefing on this issue [Docs. 2598, 2619, and 2715].

More specifically, the Court has ordered that files be excluded from measuring performance under PM 86 in two scenarios: (1) if the inmate has been in custody and/or the medication has been discontinued for less than 90 days, or (2) if there has not been two contacts by a mental health clinician between which to measure the time elapsed. [Doc. 1673 at 4, 6; Exh. 1, Declaration of Nicole Taylor ¶ 6]  Defendants monitor performance **exactly** as the Court ordered in its September 6, 2016 Order (Doc. 1673) and exactly as Plaintiffs requested it be monitored. [Exh. 1, Declaration of Nicole Taylor ¶ 6] Indeed at one point, Plaintiffs' counsel, David Fathi, acknowledged that Defendants appropriately incorporated the Court's Order into the Monitor Guide. "[I]n fact, the defendants correctly incorporated the Court's Order in their monitor guide. It says you look at the last two instances and measure the interval." [Doc. 2148, 06/14/2017 Hearing Tr. 48:5-8]  Additionally, Defendants demonstrated that the record is brimming with Plaintiffs' express intent to include PM 86 in their campaign for their proposed

methodology that resulted in the Court's "every X number of days order," which requires two contacts. [See Doc. 2598]  Plaintiffs' claim now that they did not require two contacts for PM 86 is, undeniably, an about face.

Notwithstanding, Defendants must—once again—correct the record where Plaintiffs fundamentally misconstrue Defendants' application of the court-ordered methodology. Defendants are **<u>NOT</u>** excluding all files in which an inmate did not "actually receive two contacts" with a clinician after discontinuing medication as Plaintiffs allege. [Exh. 1, Declaration of Nicole Taylor ¶ 5] Defendants have maintained that under this methodology, if there was only one contact but the contact did not occur within the requisite 90 days from the discontinuation date, the record stays in and is counted as non-compliant. [Id. at ¶¶ 7-8]  <u>But</u>, if there was only one contact and that contact was compliant/occurred within the requisite 90 days from the discontinuation date and the second contact is not yet due, that file is <u>excluded and replaced</u> by random draw. [Id.]

Indeed, all nine of the examples that Plaintiffs lament in their Notice as evidence of Defendants inappropriately excluding files were removed because they were one-contact complaint files and the second contact was not yet due in the monitored month. [Id. at ¶¶ 9-18]  The following addresses each of those files, which are identified here by the last three inmate identification numbers:

- #056 was excluded from the PM 86 sample due to having only one, compliant contact.  The medication was discontinued on 10/10/17. The first contact was completed on 12/15/17, less than 90 days from the discontinuation date. The second contact was not yet due by the end of the monitored month or before 01/31/18.  Although the file was compliant, it was excluded and replaced with another file in conformity with the Court's ordered methodology.

- #507 was excluded from the PM 86 sample due to having only one, compliant contact.  The medication was discontinued on 10/26/17.  The first contact was completed on 11/20/17, less than 90 days from the discontinuation date. The

second contact was not yet due by the end of the monitored month or before 01/31/18. Although the file was compliant, it was excluded and replaced with another file in conformity with the Court's ordered methodology.

- #931 was excluded from the PM 86 sample due to having only one, compliant contact. The medication was discontinued on 09/29/17. The first contact was completed on 12/14/17, less than 90 days from the discontinuation date. The second contact was not yet due by the end of the monitored month or before 01/31/18. Although the file was compliant, it was excluded and replaced with another file in conformity with the Court's ordered methodology.

- #738 was excluded from the PM 86 sample due to having only one, compliant contact. The medication was discontinued on 10/27/17. The first contact was completed on 1/23/18, less than 90 days from the discontinuation date. The second contact was not yet due by the end of the monitored month or before 01/31/18. Although the file was compliant, it was excluded and replaced with another file in conformity with the Court's ordered methodology.

- #483 was excluded from the PM 86 sample due to having only one, compliant contact. The medication was discontinued on 10/31/17. The first contact was completed on 11/7/17, less than 90 days from the discontinuation date. The second contact was not yet due by the end of the monitored month or before 01/31/18. Although the file was compliant, it was excluded and replaced with another file in conformity with the Court's ordered methodology.

- #390 was excluded from the PM 86 sample due to having only one, compliant contact. The medication was discontinued on 09/29/17. The first contact was completed on 11/21/17, less than 90 days from the discontinuation date. The second contact was not yet due by the end of the monitored month or before 01/31/18. Although the file was compliant, it was excluded and replaced with another file in conformity with the Court's ordered methodology.

3

- #441 was excluded from the PM 86 sample due to having only one, compliant contact.  The medication was discontinued 09/13/17. The first contact was completed on 11/22/17, less than 90 days from the discontinuation date. The second contact was not yet due by the end of the monitored month or before 01/31/18.  Although the file was compliant, it was excluded and replaced with another file in conformity with the Court's ordered methodology.

- #074 was excluded from the PM 86 sample due to having only one, compliant contact. The medication was discontinued on 10/04/17. The first contact was completed on 12/12/17, less than 90 days from the discontinuation date. The second contact was not yet due by the end of the monitored month or before 01/31/18.  Although the file was compliant, it was excluded and replaced with another file in conformity with the Court's ordered methodology.

- #858 was excluded from the PM 86 sample due to having only one, compliant contact.  The medication was discontinued on 10/04/17. The first contact was completed on 12/29/17, less than 90 days from the discontinuation date.   The second contact was not yet due by the end of the monitored month or before 01/31/18.  Although the file was compliant, it was excluded and replaced with another file in conformity with the Court's ordered methodology.

[Id.]

Defendants repeatedly stated that this artificially deflates compliance scores because one-contact compliant files are excluded but one-contact non-compliant files remain and are counted against compliance.  Nonetheless, Defendants have complied with and applied the Court's orders in this regard.  Accordingly, and contrary to Plaintiffs' erroneous claims, Defendants are not excluding all files in which an inmate did not "actually receive two contacts."

4

**II.     THE PARTIES AGREE THAT TWO CONTACTS SHOULD NOT BE REQUIRED BUT CONSISTENCY AND FAIRNESS REQUIRES THAT THE COURT'S CURRENT ORDER ON METHODOLOGY BE VACATED**

Plaintiffs now do not want files that were used for PM 85 excluded from being used for PM 86 solely because they are one-contact, compliant files.

> The Court should order Defendants to cease this practice, and to include in the sample for PM 86 all records that were reviewed for PM 85, except those in which the patient discontinued medication less than 90 days previously.

[Doc. 2590 at 5, Plaintiffs' Statement Re Monitoring Methodology for Performance Measure 86]. Defendants agree as this was Defendants' position all along—it is patently unfair to require Defendants to include non-compliant, one-contact files, but exclude compliant one-contact files. Defendants, however request that this principle be applied to all performance measures with similar "every X number of days" language.

As discussed in Defendants' Statement (Doc. 2598), disparate and wavering application of the Court's Orders on methodology is counterproductive and wastes valuable, limited resources. It is demonstrated that requiring two contacts is not viable to measure compliance under PM 86 and, for consistency, two contacts should not be required for any Performance Measure with "every X number of days" language. Rather, the only grounds for exclusion for all performance measures with "every X number of days" language should be (1) if the inmate has not been in ADC custody for the timeframe allowed for the first required event to occur, or (2) the timeframe allowed for the first required event has not yet expired.

**III.    CONCLUSION**

There is no evidence that Defendants are monitoring PM 86 inconsistently with the Court's current orders on methodology. Defendants have, however, demonstrated that applying the "every X number of days" order artificially deflates Defendants' compliance scores and should be vacated. The Court should also enter an order adopting Defendants' proposed language for PMs 85 and 86. [Doc. 2715-02]

5

DATED this 27th day of April 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Timothy J. Bojanowski
　　　Daniel P. Struck
　　　Rachel Love
　　　Timothy J. Bojanowski
　　　Nicholas D. Acedo
　　　Ashlee B. Hesman
　　　Jacob B. Lee
　　　Kevin R. Hanger
　　　Timothy M. Ray
　　　Richard M. Valenti
　　　Jamie D. Guzman
　　　3100 West Ray Road, Suite 300
　　　Chandler, Arizona  85226

　　　Arizona Attorney General Mark Brnovich
　　　Office of the Attorney General
　　　Michael E. Gottfried
　　　Lucy M. Rand
　　　Assistant Attorneys General
　　　15 South 15th Avenue
　　　Phoenix, Arizona 85007

　　　*Attorneys for Defendants*

6

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on April 27, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

3

4

Alison Hardy:            ahardy@prisonlaw.com

5

Amelia M. Gerlicher:    agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

6

7

Amy B. Fettig:         afettig@npp-aclu.org

Asim Dietrich:         adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

8

9

Caroline N. Mitchell:    cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

10

Corene T. Kendrick:    ckendrick@prisonlaw.com; edegraff@prisonlaw.com

11

12

Daniel Clayton Barr:    DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

13

David Cyrus Fathi:    dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

14

Donald Specter:       dspecter@prisonlaw.com

15

Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

16

John Howard Gray:    jhgray@perkinscoie.com; slawson@perkinscoie.com

17

John Laurens Wilkes:    jlwilkes@jonesday.com, dkkerr@jonesday.com

18

Jose de Jesus Rico:    jrico@azdisabilitylaw.org

19

Kathleen E. Brody     kbrody@acluaz.org

20

Kirstin T. Eidenbach:    kirstin@eidenbachlaw.com

21

Maya Abela           mabela@azdisabilitylaw.org

22

Rose Daly-Rooney:    rdalyrooney@azdisabilitylaw.org

23

Sara Norman:         snorman@prisonlaw.com

24

Sarah Eve Kader:     skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org

25

Rita K. Lomio:         rlomio@prisonlaw.com

26

Victoria Lopez:        vlopez@aclu.org

27

28

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Timothy J. Bojanowski