Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DJD<br><br>**DEFENDANTS' MOTION FOR DISTRICT COURT JUDGE TO VACATE MAGISTRATE JUDGE REFERRAL FOR LACK OF SUBJECT MATTER JURISDICTION** |

Pursuant to 28 U.S.C. § 636(c)(4) and Fed. R. Civ. P. ("Rule") 73(b)(3), Defendants Charles Ryan and Richard Pratt (collectively "Defendants") respectfully move the Honorable Diane J. Humetewa, United States District Court Judge, to vacate the referral of this matter to Magistrate Judge David K. Duncan.[1]

---

[1] Judge Humetewa was (and is) the Article III district court judge assigned to this case before the referral to Magistrate Judge Duncan. Judge Humetewa retains "residual authority" under Rule 73(b) to vacate the reference and should rule on this Motion. *See*

Defendants further move the Court to:

1. Stay all further proceedings, including all briefing deadlines and hearings, until it has ruled on this Motion; and

2. Set a date for a conference to discuss case status and pending motions and evidentiary matters, and to consider a scheduling order.

This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

After Magistrate Judge Duncan unexpectedly announced his retirement on May 9, 2018, Defendants undertook legal research to determine the legal ramifications and necessary next steps as a result of this development. In the course of that research, counsel for Defendants discovered legal authority expressly holding that the selection of a particular magistrate judge violates 28 U.S.C. § 636(c) and does not confer subject matter jurisdiction. *See Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513 (7th Cir. 2003). For the same reasons, Magistrate Judge Duncan did not have subject matter jurisdiction to conduct any proceedings in this case. This is an unfortunate result, but "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see also Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (a federal court "has an independent obligation to address *sua sponte* whether [it has] subject matter jurisdiction" and "a continuing obligation to assess its own subject-matter jurisdiction, even if the issue is neglected by the parties"). Defendants are obligated to bring this issue to the district court's attention for resolution.

---

*Clukey v. City of Charlotte*, 3:09-CV-45-FDW, 2009 WL 799625, at *1 (W.D. N.C. Mar. 24, 2009) (quoting 12 Charles Alan Wright, Arthur Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3071.3 (West 2008)); *see also Rivera v. Rivera*, 216 F.R.D. 655, 661 (D. Kan. 2003) ("[T]he magistrate judge does not have jurisdiction to deny a motion to withdraw consent.").

2

1  Unless the district court judge concludes that, despite this legal authority, the magistrate judge had jurisdiction, Magistrate Judge Duncan should not issue any rulings or orders in this case or hold any further hearings. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court may not rule on the merits of a case without first determining that it has jurisdiction ...."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1101 (9th Cir. 2005) (a court must resolve jurisdiction before proceeding to the merits); *Orient v. Linus Pauling Inst. of Sci. & Med.*, 936 F. Supp. 704, 706 (D. Ariz. 1996) ("Federal subject matter jurisdiction is a threshold issue that goes to the power of the court to hear the case[.]"). Alternatively, and at a minimum, the district court should vacate the referral to Magistrate Judge Duncan due to his impending retirement and schedule a status conference. *See* 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b).

## I.    FACTUAL BACKGROUND

This is a class action regarding the provision of healthcare to, and the conditions of confinement for, prisoners in the custody of the Arizona Department of Corrections. (Dkt. 1.) On the eve of trial, the parties entered into a settlement agreement ("Stipulation"). (Dkt. 1185.) Contemporaneously with the Stipulation, the parties filed a Joint Motion requesting "to have Magistrate Judge David Duncan conduct all further proceedings," including disputes arising out of the Stipulation, "because his constructive participation in the settlement negotiations … provide[d] him with a unique ability to effectuate the parties' intent in any future proceedings." (Dkt. 1186.) The district court judge granted the parties' Joint Motion and "reassign[ed] this matter to Magistrate Judge Duncan for all further proceedings." (Dkt. 1194.) Magistrate Judge Duncan has since presided over the monitoring/compliance/enforcement phase of this litigation.

On May 9, 2018, Magistrate Judge Duncan informed the parties that he was retiring from the court, on or about June 22, 2018, because of a medical disability. (Ex. 1 at 5:25-6:24, 8:20-25, 11:3-4, 16:11-12.) As a result of that unexpected announcement, counsel for Defendants began researching its legal effect on the magistrate judge referral.

3

In the course of that research, counsel discovered the *Hatcher* case. Defendants promptly bring the jurisdictional issue to the district court judge's attention for resolution.

## II. THE PARTIES' SELECTION OF MAGISTRATE JUDGE DUNCAN IS INVALID.

Like this case, *Hatcher* involved a civil rights lawsuit against government officials. 323 F.3d at 514. After a trial and while the case was pending on appeal, the parties settled for a sum certain plus unspecified attorneys' fees. *Id*. The settlement agreement stated that the amount of attorneys' fees would "be referred to Magistrate V. Sue Shields for mediation and resolution." *Id*. The parties informed the district court judge of their agreement to Magistrate Shields and the district court judge endorsed that referral. *Id*. In accordance with the settlement agreement, Magistrate Shields set a briefing schedule and ordered a settlement conference. *Id*. After the parties submitted briefing, the district court judge (for unexplained reasons) ruled on the issue and awarded the plaintiff significantly less fees than requested. *Id*. The plaintiff appealed, arguing that the parties' agreement referring the matter to Magistrate Shields precluded the district court judge from ruling on the issue. *Id*. at 515. In response, the defendants argued that their agreement to Magistrate Shields was unenforceable because they never formally consented to the referral to Magistrate Shields. *Id*.

The Seventh Circuit first held that there was "nothing wrong with the procedure the parties used to indicate their consent," rejecting the defendants' formal-consent argument. *Id*. at 515-16. The parties' settlement agreement "easily serve[d] as a reference to the magistrate judge." *Id*. at 516. The court, however, concluded there was a "more serious problem with the case":

> That problem has to do with the difference between consenting to referral of a case to "a" magistrate judge, as opposed to consenting only to referral to a specific named magistrate judge whom the parties have hand-picked. The Settlement Agreement purported to choose one particular magistrate judge from among those serving in the Southern District of Indiana. As the district court docket sheet reflects, Magistrate Judge Shields was not the original magistrate judge assigned to this case through the district court's routine assignment procedures. When asked about the referral to a

4

> specific magistrate judge at oral arguments, Hatcher's lawyer freely admitted that the parties chose Magistrate Judge Shields because "both parties knew her and recognized her as to be a competent person to resolve it [the dispute] and that was the purpose behind" choosing her.

*Id.* (alternation in original). The court held that, under these circumstances—i.e., "the selection of a particular magistrate judge"—"the consent [under 28 U.S.C. § 636(c)] is ineffective" and "the reference cannot be carried out." *Id.* at 519-20.

It gave two reasons. First, "the general rule that one may not choose one's judge in federal court should not have an exception for magistrate judges." *Id.* at 519. "[N]o one would think of arguing that parties had the right to select a particular district judge" and there is "no distinction between the position of the magistrate judges for this purpose and the position of any other judicial officers exercising power in the federal courts." *Id.* at 518. The court refused to "endorse" ("we cannot endorse") a scheme that allowed the parties to "shop among a district court's magistrate judges." *Id.* Second, the plain language of § 636(c) did not "provide for the parties' choice of a specific magistrate judge," and it would be an inappropriate construction of § 636(c) "to allow parties to designate a magistrate judge independently of the district court's procedures for magistrate assignment." *Id.* "The language in the statute that indicates that the magistrate judge may exercise her power 'when specially designated to exercise such jurisdiction by the district court or courts' is inconsistent with a rule permitting the parties effectively to make that designation." *Id.* at 519 (quoting 28 U.S.C. § 636(c)(1)).[2]

The parties' selection of Magistrate Judge Duncan in this case is nearly identical to the impermissible selection of Magistrate Shields in *Hatcher*. In conjunction with their Stipulation, the parties jointly moved (and consented to) the reassignment of the case to Magistrate Judge Duncan in particular. (Dkt. 1186.) The district court judge granted that reassignment. (Dkt. 1194.) Magistrate Judge Duncan, however, was not the original

---

[2] Section 636(c)(1) provides: "Upon the consent of the parties, a full-time United States magistrate judge … may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."

5

magistrate judge randomly selected and assigned to the case; the district court assigned the case to Magistrate Judge Mark Aspey. (Dkt. 4.) Nor was Magistrate Judge Duncan selected through the court's automated random selection process and presented to the parties for their consent. *See* LRCiv 72.1(a), 73.1(d). Instead, he was "hand-picked" by the parties and endorsed by the district court judge.[3] It is evident from the Seventh Circuit's analysis that a referral to a specific magistrate judge should not have been suggested by the parties or permitted by the district court.

In addition to the nearly identical facts, *Hatcher*'s holding and its application to this case is supported by: **(1)** the Ninth Circuit's readiness to rely on and/or adopt Seventh Circuit precedent regarding § 636(c) in related contexts, *see Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) ("We agree with the Seventh Circuit's sound reasoning that this interpretation is the most consistent with the use of the term 'parties' in the Federal Rules of Civil Procedure and the other provisions in § 636."); *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 687 (9th Cir. 2016) ("We agree with the Seventh Circuit that a prospective intervenor is not a 'party' as that term is used in § 636(c)(1)."); *Wilhelm v. Rotman*, 680 F.3d 1113, 1120 (9th Cir. 2012) ("In substantially similar circumstances, the Seventh Circuit reached the same conclusion."); **(2)** the need to consistently apply § 636(c) across all jurisdictions; **(3)** the universal condemnation of even the *appearance* of judge-shopping, *see UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 261 F. Supp. 3d 1056, 1060 (N.D. Cal. 2017) (quoting *Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995)) ("Even the appearance of judge-shopping would 'doubtless disrupt the proper functioning of the judicial system,' and could 'impair public confidence in the impartiality of judges."); *Storrer v. Paul Revere Life Ins.*, C97-04014 MJJ, 2008 WL 667402, at *1 (N.D. Cal. Mar. 6, 2008)

---

[3] This is unlike the common scenario where a particular magistrate judge is randomly drawn, and then the parties, knowing in advance who the magistrate judge will be, consent to the referral. *Hatcher* does not disapprove that situation because it "reflects only the real-world fact that parties may be influenced in their decision whether or not to consent to magistrate judge jurisdiction by the knowledge of which individual will acquire responsibility for their case." 323 F.3d at 518.

("Plaintiff's request that this matter be reassigned to a particular judge, Magistrate Judge Larson, should be rejected because of the attendant risks of judge-shopping."); and **(4)** the general prohibition on parties stipulating to jurisdiction, *see California v. LaRue*, 409 U.S. 109, 112 n.3 (1972) ("[P]arties may not confer jurisdiction … by stipulation."); *Morongo Band of Mission Indians v. Calif. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("The parties have no power to confer jurisdiction on the district court by agreement or consent.").

This District's local rules further support applying *Hatcher*'s holding. District court judges are assigned to civil cases "by automated random selection and in a manner so that neither the Clerk nor any parties or their attorneys will be able to make a deliberate choice of a particular Judge." LRCiv 3.7(a)(1). Similarly, any civil case must be "referred by the Clerk of the Court to a Magistrate Judge by automated random selection" for any pretrial matter pursuant to 28 U.S.C. § 636(b)(1)." LRCiv 72.1(a). And, significantly, LRCiv 73.1(d) states:

> The parties may not consent to trial before a particular Magistrate Judge. Cases will be assigned within each division equally among the Magistrate Judges of the division by the Clerk … by automated random selection and in such a manner so that neither the Clerk nor any parties or their attorneys shall be able to make a deliberate choice for a particular case.

Whereas LRCiv 72.1 corresponds to Rule 72 and § 636(b)(1)—which do not require the parties' consent to a magistrate—LRCiv 73.1 and its Federal Rule analog, Rule 73, address magistrate referrals under § 636(c), which do require the parties' consent. And although both LRCiv 73.1 and Rule 73 refer to "trial by consent" and/or "consent to trial," Rule 73 makes clear that the rules contemplate consent to "conduct a civil action or proceeding, including a jury or nonjury trial."[4] *See* Fed. R. Civ. P. 73(a). Consistent with these rules, 28 U.S.C. § 636(c)(2)'s requirement that the court notify the parties of the

---

[4] Nevertheless, Magistrate Judge Duncan has ordered evidentiary hearings and issued findings that are the equivalent of a trial.

magistrate judge it "specially designated" under § 636(c)(1) to obtain their consent only makes sense if the parties did not designate the magistrate judge themselves.

Thus, the parties' selection of Magistrate Judge Duncan was invalid and, as a result, he did not have subject matter jurisdiction to proceed. *See Williams*, 875 F.3d at 502-05 (holding that magistrate referrals under § 636 are jurisdictional, jurisdiction does not vest in the magistrate judge unless there was valid consent, and "[b]ecause the magistrate judge lacked jurisdiction to dismiss Williams's complaint, we vacate the dismissal and remand"); *Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014) ("Consequently, the magistrate judge had no jurisdiction to enter final judgment on behalf of the district court, and any purported judgment is a nullity.") (Internal quotation marks omitted); *Kofoed v. Int'l Broth. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001) ("Where the magistrate judge has not received the full consent of the parties, he has no authority to enter judgment in the case, and any purported judgment is a nullity."); *Reynaga v. Cammisa*, 971 F.2d 414, 417 (9th Cir. 1992) ("That order was beyond the magistrate's authority: it was beyond his jurisdiction and was, in essence, a legal nullity."). Accordingly, the referral of this matter to Magistrate Judge Duncan should be vacated.

### III. ALTERNATIVELY, THE REFERRAL SHOULD BE VACATED BECAUSE OF MAGISTRATE JUDGE DUNCAN'S IMPENDING RETIREMENT.

Under Rule 73(b)(3), the district court judge may vacate a referral to a magistrate judge "[o]n its own for good cause—or when a party shows extraordinary circumstances." *See also* 28 U.S.C. § 636(c)(4). Magistrate Judge Duncan's retirement satisfies both standards. *See Paddington Partners v. Bouchard*, 950 F. Supp. 87, 90 (S.D. N.Y. 1996) (vacating referral to a specific magistrate who "retires or otherwise becomes unavailable"). The parties consented only to the referral of Magistrate Judge Duncan. (Dkt. 1186.) Because of his retirement, his continued involvement in this case is an impossibility. Thus, the purpose of the referral—and its very existence—abates.[5]

---

[5] In determining whether a referral should be vacated, courts often look to the

Furthermore, because the parties consented only to Magistrate Judge Duncan, and did not give a general consent to "any" or "a" magistrate judge, the case cannot be reassigned to another magistrate judge without the parties' express consent. *See Kalan v. City of St. Francis*, 274 F.3d 1150, 1152-53 (7th Cir. 2001) ("[A] consent that specifies a particular magistrate judge by name … [does not] constitute[] consent to a different magistrate judge."); *Mendes Junior Int'l Co. v. M/V Sokai Maru*, 978 F.2d 920, 922 (5th Cir. 1992) (consent to a specific magistrate does not constitute consent to a different magistrate judge); *Sec. & Exch. Comm'n v. Miller*, 1:04-CV-01655, 2010 WL 11508717, at *4 (N.D. Ga. Aug. 18, 2010) ("[Where a party has consented to proceeding before a specific magistrate judge, the subsequent recusal or unavailability of that magistrate judge renders void the initial consent to proceed before a magistrate judge, at least insofar as any future proceedings are concerned. Instead, the party must consent again before a second magistrate judge will be allowed to preside."). Therefore, even if the district court judge finds that the parties' selection of Magistrate Judge Duncan properly conferred jurisdiction, his impending retirement requires jurisdiction be revested to the district court judge.

## IV. REQUEST FOR STATUS CONFERENCE

Given the subject matter jurisdiction issue, Magistrate Judge Duncan's impending retirement, and the district court judge's revested jurisdiction over this case, Defendants request a conference to discuss case status, pending motions, and evidentiary matters[6] that will need to be resolved when the district court judge takes over. Furthermore, the district court judge will need to consider a Scheduling Order that will govern this case moving forward.

---

timeliness of the request, whether granting the request will unduly interfere with or delay the proceedings, and whether the party's consent was voluntary and uncoerced. *M&I Marshall & Ilsley Bank v. McGill*, 10-CV-1436-PHX-ECV, 2011 WL 2464184, at *2 (D. Ariz. June 21, 2011). This request, filed about a week after Magistrate Judge Duncan's announcement, is timely. The remaining factors are either inapplicable or unavoidable at no fault of Defendants.

[6] Unless they are vacated, there are evidentiary hearings set for May 31, June 1, June 12, and June 14.

## V. CONCLUSION

For these reasons, the district court judge should immediately vacate the magistrate referral for lack of jurisdiction. The district court "has a duty to confirm jurisdiction sua sponte." *Arizona v. Simington*, CV 13-382 TUC DCB, 2013 WL 6823278, at *2 (D. Ariz. Dec. 24, 2013) (citing *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004)). To the extent a procedural vehicle is necessary to bring this to the Court's attention and secure the relief requested, Rules 60(b)(4) and (6) are appropriate and self-explanatory. Defendants also move the district court judge to set a status conference before proceeding any further.

DATED this 18th day of May 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Nicholas D. Acedo
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Office of the Arizona Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    2005 N. Central Avenue
    Phoenix, Arizona 85004-1592

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

1
2
3
I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Nicholas D. Acedo