Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DJD<br><br>**DEFENDANTS' MOTION FOR EXPEDITED STATUS CONFERENCE AND CONSIDERATION OF THEIR MOTION FOR DISTRICT COURT JUDGE TO VACATE MAGISTRATE JUDGE REFERRAL FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Status Conference Requested] |

Defendants Charles Ryan and Richard Pratt (collectively "Defendants") respectfully move the Honorable Diane J. Humetewa, United States District Court Judge, to set a status conference—telephonic or in-person—as soon as possible to discuss the

1  procedural posture of their pending Motion for District Court Judge to Vacate Magistrate
2  Judge Referral for Lack of Subject Matter Jurisdiction. Defendants further request
3  expedited briefing and consideration of that Motion in light of Magistrate Judge Duncan's
4  impending medical retirement. These requests are supported by the following
5  Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

7  On Friday, May 18, 2018, Defendants filed their Motion for District Court Judge to
8  Vacate Magistrate Judge Referral for Lack of Subject Matter Jurisdiction ("Motion to
9  Vacate Referral"). (Dkt. 2825.) That Motion requested the district court judge to vacate
10 the referral to Magistrate Judge Duncan for two reasons: (1) the parties' initial selection
11 of Magistrate Judge Duncan was invalid and therefore he did not have subject matter
12 jurisdiction to conduct any proceedings in this case; and (2) his impending retirement
13 from the court on June 22, 2018 renders his continued participation in this case an
14 impossibility. (*Id.*) The request to vacate the magistrate judge referral was made pursuant
15 to 28 U.S.C. § 636(c)(4) and Fed. R. Civ. P. 73(b)(3). (*Id.* at 1:22-25, 10:2-3.)
16 Defendants further requested the district court judge to stay all further proceedings to
17 allow for this threshold—and ultimately dispositive—issue to be fully briefed and to set a
18 status conference. (*Id.* at 2:1-6.)

19 However, on Saturday, May 19, 2018—less than 20 hours later—Magistrate Judge
20 Duncan issued a docket text order summarily "reject[ing] Defendants [sic] jurisdictional
21 argument and affirm[ing] all rulings, briefing schedules, and pending matters set for
22 hearing until an order to the contrary issues." (Dkt. 2826, attached as Ex. 1.) The docket
23 text order states in full:

> Defendants have filed a motion seeking the return of the case to Judge Humetewa pursuant to 28 U.S.C. § 636(c)(4) based upon the extraordinary circumstances of the undersigneds [sic] disability retirement. This text only order does not address that issue which is properly before the District Judge. This Order addresses the Defendants [sic] jurisdictional argument and the request to stay matters presently before the undersigned. Hatcher v. Consolidated City of Indianapolis, 323 F.3d 513 (7th Cir. 2003), is neither controlling authority and, in any

> event, is not persuasive given that it does not address the factual scenario presented here. This action was referred to the undersigned to conduct a settlement conference (Docs. 961, 968 [sic]). After that referral, and successful negotiation of the Stipulation, the parties explicitly consented to the undersigned continuing to exercise jurisdiction over this action pursuant to 28 U.S.C. § 636(c) to promote the interests of judicial economy and efficiency (Doc. 1186). Moreover, there is no statutory or Ninth Circuit authority precluding such assignment. Accordingly, the undersigned rejects Defendants [sic] jurisdictional argument and affirms all rulings, briefing schedules, and pending matters set for hearing until an order to the contrary issues. Ordered by Magistrate Judge David K Duncan. (DKD)

(*Id.*)

Despite acknowledging that a § 636(c)(4) motion to vacate a referral is "properly before" the district court judge, Magistrate Judge Duncan nevertheless ruled on and denied the primary basis for vacating the referral—lack of subject matter jurisdiction. *See Rivera v. Rivera*, 216 F.R.D. 655, 661 (D. Kan. 2003) ("[T]he magistrate judge does not have jurisdiction to deny a motion to withdraw consent."). Given Magistrate Judge Duncan's after hours ruling, Defendants do not know if the district court judge is aware of the docket entry order, either before or after its issuance, or if the forthcoming order on the second ground for vacating the magistrate judge referral will address it. Defendants maintain that the jurisdictional issue was not one for Magistrate Judge Duncan to decide.

Magistrate Judge Duncan's docket text order puts Defendants in an untenable procedural position. If Magistrate Judge Duncan's ruling constitutes the final judicial say on subject matter jurisdiction, then Defendants' time to appeal has started running. But if Defendants file a notice of appeal, then the district court judge will be divested of jurisdiction and deprived of an opportunity to rule or comment on the docket entry order. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Defendants therefore must refrain from filing a notice of appeal to allow the district court judge that opportunity. But they also must preserve their appeal.

1    Moreover, if an appeal is taken without any ruling or comment by the district court judge,
2    the Ninth Circuit Court of Appeals could conclude that Magistrate Judge Duncan did not
3    have the authority to rule on the jurisdictional issue and remand for the district court judge
4    to decide the issue anyway.  That would result in needless delay, particularly if the district
5    court judge intends to issue an order on that issue now.

6          The Ninth Circuit Court of Appeals is also at a standstill.  Upon filing the Motion
7    to Vacate Referral, Defendants informed the Ninth Circuit that they have challenged
8    Magistrate Judge Duncan's underlying subject matter jurisdiction and further committed
9    to informing the panel once a ruling has been issued.  There are currently three appeals
10   pending in the Ninth Circuit challenging Magistrate Judge Duncan's rulings.  (Dkt. 1817,
11   1932, 1952, 1953.)  The Ninth Circuit cannot rule on the merits of those appeals until this
12   jurisdictional question is decided (and it is satisfied with the answer to that question); its
13   appellate jurisdiction turns on Magistrate Judge Duncan's subject matter jurisdiction.  *See*
14   *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 911 (9th Cir. 2003) ("[O]ur appellate
15   jurisdiction depends on the proper exercise of magistrate judge jurisdiction."); *Matheson*
16   *v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) ("We cannot
17   consider the merits of the appeal before assuring ourselves that the district court had
18   jurisdiction.").  At the moment, like Defendants, the Ninth Circuit does not know if the
19   district court judge will comment on, ratify, or vacate Magistrate Judge Duncan's docket
20   entry order.

21         Finally, Magistrate Judge Duncan's docket entry order effectively clears the way
22   for him to continue issuing orders in this case and holding evidentiary hearings.  Indeed,
23   he "affirm[ed] all rulings, briefing schedules, and pending matters set for hearing."  (Dkt.
24   2826.)  There are evidentiary hearings currently set for May 31, June 1, June 12, and June
25   14.  Thus, Magistrate Judge Duncan has signaled that he intends to exercise subject matter
26   jurisdiction before the district court judge has had an opportunity to consider the
27   jurisdictional issue, thereby forcing Defendants to submit to his jurisdiction and at least
28   four more evidentiary hearings.  (Dkt. 2826.)

For these reasons, Defendants respectfully request a status conference as soon as possible to discuss this procedural quandary, which also appears to be caused, at least in part, by Magistrate Judge Duncan's misunderstanding of how he came to be involved in this case. In his order, Magistrate Judge Duncan stated:

> This action was referred to the undersigned to conduct a settlement conference (Docs. 961, 968 [sic]). After that referral, and successful negotiation of the Stipulation, the parties explicitly consented to the undersigned continuing to exercise jurisdiction over this action pursuant to 28 U.S.C. § 636(c) to promote the interests of judicial economy and efficiency (Doc. 1186).

(Dkt. 2826.) Magistrate Judge Duncan is mistaken. The referral to him to conduct the settlement conference was *not* based on a random draw. His contrary (erroneous) belief that it was random appears to be the legal predicate for his ruling that the parties' subsequent consent did not violate 28 U.S.C. § 636(c) or amount to improper judge shopping. *See Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513, 518 (7th Cir. 2003) (distinguishing scenario where parties know in advance who the magistrate judge will be and not rejecting consent based on that advanced knowledge because the magistrate judge was initially randomly drawn and not dictated by the parties' selection).

The record confirms the following: (1) Defendants requested a settlement conference with "a Magistrate Judge," pursuant to LRCiv 83.10 (Dkt. 961); (2) at the time, Magistrate Judge Aspey had been randomly drawn to be the magistrate judge assigned to the case (Dkt. 4); (3) Plaintiffs filed a response, joining in the "request to schedule a settlement conference with a Magistrate Judge," but further "request[ed] that the Court assign Magistrate Judge Duncan as the settlement judge" (Dkt. 977); and (4) the Article III judge at the time granted the motion to schedule a settlement conference and "referred [it] to Magistrate Judge David K. Duncan for a settlement conference." (Dkt. 978.)

Thus, the initial referral to Magistrate Judge Duncan was *not* by random assignment, as required under LRCiv 72.1(a), and its validity is also in doubt. *See* 28 U.S.C. § 636(b)(1). Moreover, Plaintiffs' special request for Magistrate Judge Duncan to

5

preside over the settlement conference *confirms* that the parties' subsequent consent to allow him to "conduct all further proceedings" contravenes *Hatcher* and violated § 636(c). (Dkt. 1186.)  Consequently, Magistrate Judge Duncan's initial referral, like his second, was improper because he was "hand-picked" by Plaintiffs/the parties and not assigned pursuant to the automated random selection process as required by law.

## CONCLUSION

Defendants therefore request the district court judge to set a status conference as soon as possible so that the parties have the benefit of clear judicial direction and the Ninth Circuit can proceed accordingly.  Defendants further request expedited briefing and resolution of their Motion to Vacate because of the pending appeals and scheduled evidentiary hearings.

DATED this 21st day of May 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Nicholas D. Acedo
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Office of the Arizona Attorney General
    Michael E. Gottfried
    Lucy M. Rand
    Assistant Attorneys General
    2005 N. Central Avenue
    Phoenix, Arizona 85004-1592

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Nicholas D. Acedo